# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-3567-LTS |
| ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, and FINANCIAL GUARANTY INSURANCE COMPANY<br><br>    Movants,<br><br>v. | Case No. 17-BK-3567-LTS<br><br>**Re: ECF Nos. 12994** |

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (*iv*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Respondent. | |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., and U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>    Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 12995** |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTEE INSURANCE COMPANY, ASSURED GUARANTY CORPORATION, ASSURED GUARANTY MUNICIPAL CORP., and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 12997** |

**OPPOSED URGENT MOTION OF THE GOVERNMENT
PARTIES FOR LEAVE TO FILE SUR-REPLIES AND TO
ADJOURN THE PRELIMINARY HEARING REGARDING THE REVENUE
<u>BOND LIFT STAY MOTIONS TO JUNE 4, 2020</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico ("Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA" and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole representative of Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," together with the Oversight Board, the "Government Parties"), respectfully submit this urgent motion (i) for leave to file sur-reply briefs in response to the voluminous reply submissions (the "Replies") in support of the CCDA Lift Stay Motion, the HTA Lift Stay Motion, and the PRIFA Lift Stay Motion[2] (collectively, the "Lift Stay Motions") filed by Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together, "Assured"), National Public Finance Guarantee Corporation ("National"), Financial Guaranty Insurance Company ("FGIC"), U.S. Bank Trust National Association, in its capacity as the successor trustee ("U.S. Bank"), and The Bank of New York Mellon, as fiscal agent and trustee (together, "Movants") [ECF Nos. 12994, 12995, 12997], and (ii) to adjourn the preliminary hearing on the Lift Stay Motions currently set for May 13, 2020 to June 4, 2020. In support of the motion, the Government Parties respectfully state:

## PRELIMINARY STATEMENT

1. The Government Parties seek leave to file sur-reply briefs of no more than 30 pages each to address the voluminous discovery materials and expert report submitted for the first time in

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2] All capitalized terms not defined herein have the same meaning as in the Court's March 10, 2020 Final Case Management Order for Revenue Bonds [ECF No. 12186].

the Replies, as well as the arguments based on and related to these new evidentiary materials. The Government Parties have not had an opportunity to address these evidentiary materials or Movants' arguments relating to them. Without such an opportunity, the Court and Movants would be confronted for the first time at the preliminary hearing with an abundance of new responses. Fairness and efficiency are best served by providing the Government Parties the opportunity to file sur-replies before the preliminary hearing. The Government Parties respectfully submit that permitting them to file written submissions in response to the sprawling Replies will streamline the argument at the preliminary hearing and thus aid the Court as well as Movants.

2. The Government Parties request that (i) the sur-replies be due May 25, 2020 and (ii) the preliminary hearing currently scheduled for May 13, 2020 be adjourned to June 4, 2020 (subject to the Court's availability) (and accordingly, the deadlines in the Court's *Order Regarding Procedures for May 13, 2020 Hearing* [ECF No. 13037] be adjusted as set forth below).

## BACKGROUND

3. On May 30, 2019, Ambac filed its *Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7176] ("Original PRIFA Lift Stay Motion"). FGIC joined the motion, as did Assured. [ECF Nos. 7546, 8024].

4. On July 24, 2019, Movants requested, and the Oversight Board consented to, the Original PRIFA Lift Stay Motion being stayed pending a period of mandatory mediation. [ECF Nos. 8244, 9016].

5. On August 23, 2019, Assured and National filed the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay* [Case No. 17-BK-3567-LTS, ECF No. 633] (the "Original HTA Lift Stay Motion").

6. The same day Assured and National filed an urgent motion seeking that the Original

2

HTA Lift Stay Motion be stayed pending a period of mandatory mediation. [Case No. 17-BK-3567-LTS, ECF No. 634]. On August 28, 2019, the Court entered an order staying the Original HTA Lift Stay Motion during the period of mandatory mediation. [Case No. 17-BK-3567-LTS, ECF No. 638].

7. On January 16, 2020, Movants filed a motion seeking leave to amend the Original PRIFA Lift Stay Motion [ECF No. 10109] (the "Motion to Amend"). On the same day, Movants filed the CCDA Lift Stay Motion [ECF No. 10104] and an amended motion to lift the stay in connection with the HTA bonds. [Case No. 17-BK-3567-LTS, ECF No. 673].

8. On January 31, 2020, the Court granted the Motion to Amend [ECF No. 10591] and entered an *Amended Interim Case Management Order for Revenue Bonds* limiting oppositions to the Lift Stay Motions, as well as the preliminary hearing on the Lift Stay Motions, to the issues of standing and secured status. [ECF No. 10595].

9. On February 3, 2020, the Debtors filed oppositions to the Lift Stay Motions. [ECF Nos. 10611, 10615, 10618]. AAFAF also filed limited joinders to the Debtors' oppositions to the Lift Stay Motions. [ECF Nos. 10639, 10640, 10641].

10. On February 14, 2020, the Court entered an order allowing for certain discovery relating to the Lift Stay Motions. [ECF No. 11057].

11. On April 8, 2020, the Court entered an order setting the preliminary hearing on the Lift Stay Motions for May 13, 2020 at 9:30 a.m. (Atlantic Standard Time). [ECF No. 12700].

12. On April 30, 2020, almost three months after Debtors filed their oppositions to the Lift-Stay Motions, Movants filed the Replies, totaling over 190 pages of briefing, and attaching dozens of exhibits and a lengthy expert report.

## ARGUMENT AND RELIEF REQUESTED

13. The Government Parties should be granted leave to file a sur-reply brief with respect to each of the Lift Stay Motions to address the new evidentiary materials, including the expert report,

3

and related arguments in Movants' Replies. Movants have raised brand new assertions and arguments about, among other things, accounting methodologies and identities of specific bank accounts and funds, and now seek to base much of their argument concerning their claimed entitlement to relief on this new material and new assertions. While the Government Parties believe Movants' new arguments about how the Government managed revenues and did its accounting neither contradict the Government Parties' arguments nor have any relevance or materiality, the Government Parties need an opportunity to show the Court why their beliefs are correct.

14. The Government Parties have not had an opportunity to address any of these things and should not be required to do so for the first time at the preliminary hearing. Thus, sur-replies are warranted. *Adams v. Applied Bus. Servs.*, 2:18CV559, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019) ("a surreply is appropriate where a party brings forth new material or deploys new arguments in a reply brief") (internal quotations omitted); *Animal Welfare Inst. v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008) ("A surreply is appropriate where a party has not had the opportunity to contest matters introduced for the first time in the opposing party's reply."). Moreover, it would likely aid the Court and Movants if the Government Parties were permitted to make their arguments in writing prior to the hearing.

15. Allowing for sur-replies of 30 pages each (less than half the length of the reply briefs and far less than that if the expert report and evidentiary submissions are taken into account), and adjourning the preliminary hearing to June 4, 2020, will help streamline and focus argument at the preliminary hearing by providing the Court and Movants with the Government Parties' responses to the new evidentiary material and related arguments raised for the first time in the Replies.

16. For these reasons, the Government Parties respectfully request the Court enter an order substantially in the form of the Proposed Order attached hereto, (i) allowing the Government Parties to file a sur-reply of no more than 30 pages each with respect to the Lift Stay Motions, due no later

4

than May 25, 2020, and (ii) adjourning the preliminary hearing on the Lift Stay Motions to June 4, 2020 (and accordingly, adjusting the deadlines in the Court's *Order Regarding Procedures for May 13, 2020 Hearing* [ECF No. 13037]).

## **CERTIFICATION**

17. The undersigned counsel certifies that they engaged in reasonable, good-faith communications with Movants' counsel regarding the relief requested herein. Movants advised that they do not consent to the relief requested herein and intend to oppose this motion through a written submission.[3] Moreover, in accordance with Local Bankruptcy Rule 9013-1(a), the undersigned counsel certifies that counsel has carefully examined the matter and concluded there is a true need for expedited consideration of the Urgent Motion, and that the Government Parties have not created the urgency through lack of due diligence on its part.

[*Remainder of page intentionally left blank.*]

---

[3] Movants have stated that the briefing schedule on the partial summary judgment motions in the revenue bond adversary cases should be adjourned until 14 days after the preliminary hearing. The Government Parties consent to this in the event the preliminary hearing is adjourned as requested herein, and the Government Parties also consent to combining the preliminary hearing with the hearing on the motions for summary judgment.

Dated: May 5, 2020
      San Juan, Puerto Rico

| | |
|---|---|
| By: */s/ Martin J. Bienenstock* <br> Martin J. Bienenstock (*pro hac vice*) <br> Paul V. Possinger (*pro hac vice*) <br> Brian S. Rosen (*pro hac vice*) <br> Ehud Barak (*pro hac vice*) <br> Michael Mervis (*pro hac vice*) <br> **PROSKAUER ROSE LLP** <br> Eleven Times Square <br> New York, NY 10036 <br> Tel: (212) 969-3000 <br> Fax: (212) 969-2900 <br> Email: mbienenstock@proskauer.com <br>       ppossinger@proskauer.com <br>       brosen@proskauer.com <br>       ebarak@proskauer.com <br>       mmervis@proskauer.com <br><br> Michael A. Firestein (*pro hac vice)* <br> Lary Alan Rappaport (*pro hac vice*) <br> **PROSKAUER ROSE LLP** <br> 2029 Century Park East <br> Suite 2400 <br> Los Angeles, CA 90067-3010 <br> Tel: (310) 557-2900 <br> Fax: (310) 557-2193 <br> Email: mfirestein@proskauer.com <br> lrappaport@proskauer.com <br><br> *Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors* | By: */s/ Hermann D. Bauer* <br> Hermann D. Bauer <br> USDC No. 215205 <br> **O'NEILL & BORGES LLC** <br> 250 Muñoz Rivera Ave., Suite 800 <br> San Juan, PR 00918-1813 <br> Tel: (787) 764-8181 <br> Fax: (787) 753-8944 <br> Email: hermann.bauer@oneillborges.com <br><br> *Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors* |

6

<div style="columns:2">

/s/ *Peter Friedman*
John J. Rapisardi
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

***Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority***

/s/ *Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

***Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority***

</div>

7

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

**Exhibit A: Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-3567-LTS |
| ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, and FINANCIAL GUARANTY INSURANCE COMPANY<br><br>    Movants,<br><br>v. | Case No. 17-BK-3567-LTS<br><br>**Re: ECF No. 12994** |

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (*iv*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Respondent. | |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., and U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>    Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 12995** |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTEE INSURANCE COMPANY, ASSURED GUARANTY CORPORATION, ASSURED GUARANTY MUNICIPAL CORP., and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 12997** |

2

# [PROPOSED] ORDER GRANTING
# OPPOSED URGENT MOTION OF THE GOVERNMENT
# PARTIES FOR LEAVE TO FILE SUR-REPLIES AND TO
# ADJOURN THE PRELIMINARY HEARING REGARDING REVENUE
# BOND LIFT STAY MOTIONS TO JUNE 4, 2020

Upon consideration of the *Opposed Urgent Motion of the Government Parties for Leave to File Sur-Replies and to Adjourn the Preliminary Hearing Regarding Revenue Bond Lift Stay Motions to June 4, 2020* (the "Urgent Motion"),[2] and it appearing that notice of the Urgent Motion was adequate and proper under the circumstances and that no further or other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Urgent Motion is **GRANTED** as set forth herein.

2. No later than May 25, 2020, the Government Parties shall file a sur-reply of up to 30 pages each to (i) the HTA Lift Stay Motion; (ii) the PRIFA Lift Stay Motion; and (iii) the CCDA Lift Stay Motion.

3. The preliminary hearing on the Lift Stay Motions is adjourned to June 4, 2020, and the deadlines in the *Order Regarding Procedures for May 13, 2020 Hearing* [ECF No. 13037] are adjusted to provide that (a) the informative motions regarding speakers shall be filed by noon (AST) on June 3, 2020, (b) the meet and confer regarding sealed data shall be held on or before May 28, 2020, and (c) all exhibits and/or demonstratives to be used at the hearing shall be filed as attachments to informative motions in searchable PDF format, labeled to correspond to the relevant motion or motions by 3:00 p.m. (AST) on June 2, 2020.

---

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Urgent Motion.

Dated: May __, 2020

SO ORDERED:

_____
Honorable Laura Taylor Swain
United States District Judge

4