UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-3567-LTS |
| ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, and FINANCIAL GUARANTY INSURANCE COMPANY<br><br>    Movants,<br><br>v. | Case No. 17-BK-3567-LTS<br><br>**Re: ECF No. 777, 788** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Respondent. | |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., and U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>    Movants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br>**Re: ECF Nos. 12995, 13041** |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTEE INSURANCE COMPANY, ASSURED GUARANTY CORPORATION, ASSURED GUARANTY MUNICIPAL CORP., and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Movants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br>**Re: ECF No. 12997, 13041** |

**OPPOSITION OF AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO THE OPPOSED URGENT MOTION OF THE GOVERNMENT PARTIES FOR LEAVE TO FILE SUR-REPLIES AND TO ADJOURN THE PRELIMINARY HEARING REGARDING THE <u>REVENUE BOND LIFT STAY MOTIONS TO JUNE 4, 2020</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

1. Ambac Assurance Corporation ("Ambac"), Financial Guaranty Insurance Company ("FGIC"), Assured Guaranty Corp. ("AGC"), Assured Guaranty Municipal Corp. (together with AGC, "Assured"), and National Public Finance Guarantee Corporation ("National") (collectively, "Movants")[2] respectfully submit this brief in opposition to the *Opposed Urgent Motion of the Government Parties for Leave to File Sur-Replies and to Adjourn the Preliminary Hearing Regarding the Revenue Bond Lift Stay Motions to June 4, 2020* (Dkt. No. 13041) (the "Motion"), which seeks an order granting the Oversight Board and AAFAF (collectively, the "Government Parties") leave to file sur-replies in response to the Replies and adjourning the preliminary hearing scheduled for May 13 to June 4, 2020.

2. The Motion should be denied for several reasons:

3. *First*, Movants have a statutory right to a prompt hearing, which they have not waived. The Revenue Bond Scheduling Order[3] stated that the Court was holding a "preliminary hearing pursuant to 11 U.S.C. § 362(e)(1)" (Revenue Bond Scheduling Order ¶ 1.d). Section 362(e)(1) requires a hearing on a lift-stay motion to be held within 30 days of the motion unless the creditor consents to a later hearing. Movants expressly consented to an extension of the automatic stay until 45 days after the preliminary hearing (Jan. 29, 2020 Hr'g Tr. at 169:14-23, 170:11-16), as later ordered by the Revenue Bond Scheduling Order (Revenue Bond Scheduling Order ¶ 1.d). Movants subsequently stipulated to two adjournments of the preliminary hearing, one for delays occasioned by COVID-19[4] and one requested by the Government Parties to allow

---

[2] Unless otherwise specified, defined terms have the same meanings given to them in the Motion.

[3] *Final Case Management Order for Revenue Bonds* (Dkt. No. 12186).

[4] *Order Approving Joint Stipulation to Modify Certain Deadlines Set Forth in Final Case Management Order for Revenue Bonds* (Dkt. No. 12540).

AAFAF to complete its document production.[5] The Court has not previously granted any adjournment of the CCDA and HTA lift stay motions over Movants' objection. Nor could it. Movants are entitled by law to a prompt hearing, in the absence of which the stay terminates automatically. *See* 11 U.S.C. § 362(e)(1). There is no legal basis for adjourning the preliminary hearing over Movants' objection. The Government Parties do not even attempt to argue that the delay is necessitated by "compelling circumstances." *Id.* And even if they had, that would merely allow an additional delay of the *final* hearing, not the preliminary hearing.

4. Tellingly, the Government Parties' Motion does not even mention the timing requirement of § 362(e)(1).[6] It is "the debtor's burden," and not the Court's, to ensure compliance with the requirements of § 362(e)(1). *In re River Hills Apartments Fund*, 813 F.2d 702, 707 (5th Cir. 1987) ("The debtor must, through aggressive litigation management, obtain a timely hearing if it wants to ensure the continued protection of the automatic stay. . . . [I]t is the debtor's burden to call the issue to the court's attention if it desires that the stay be continued.") (internal quotations omitted). Movants' statutory entitlement to a hearing is reason alone to deny the requested relief.

5. *Second*, the Government Parties do not contend that they would suffer any prejudice by moving forward with the preliminary hearing on the existing schedule—and they plainly would not. The preliminary hearing "is not a proceeding for determining the merits of the underlying substantive claims." *See Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32-33 (1st Cir. 1994).

---

[5] *Order Approving Joint Stipulation to Modify Certain Deadlines In Connection With Lift Stay and Related Motions and Revenue Bond Complaints Set Forth In the Court's March 26, 2020 Order [ECF 12540]* (Dkt. No. 12700).

[6] The Government Parties do not expressly ask the Court to further extend the automatic stay. Movants assume that this was an oversight by the Government Parties, and that they in fact expect the Court to extend the automatic stay if the hearing is adjourned. The Monolines therefore present relevant arguments addressing such an extension herein, while also noting the procedural defect in the Government Parties not formally requesting such an extension as part of the relief sought. To the extent the Government Parties are not also seeking an extension of the automatic stay to each of the HTA, CCDA and PRIFA Enforcement Actions, Movants have no objection to the Motion.

2

Rather, it calls only for a "speedy and necessarily cursory determination" of "whether the movant creditor has a colorable claim." *Id.*; *see Gracia-Gracia v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 939 F.3d 340, 352 (1st Cir. 2019). It is not credible to suggest that the Court cannot, based on almost 200 pages of briefing per credit and thousands of pages of supporting materials, make the necessary cursory determination. Indeed, as the Court has made clear, the May 13 hearing is merely "preliminary." (Revenue Bond Scheduling Order ¶ 1.d.) Because there is no expectation that the Court will issue a final ruling lifting the stay at the preliminary hearing, no party can be prejudiced by presentation of the arguments on the record as it currently stands.

6. *Third*, the Government Parties have not demonstrated that a sur-reply is warranted at all—let alone that their desire to submit a sur-reply justifies adjourning the hearing. The Government Parties' sole articulated rationale for a sur-reply is that it would streamline the preliminary hearing by allowing them to put forth in writing their new arguments responsive to the evidence submitted by Movants, rather than advance such new arguments at the hearing. (Motion ¶ 14.) This misunderstands basic civil procedure. The Government Parties are not permitted to advance new arguments, or introduce additional evidence not previously submitted, at a hearing. They were afforded a full opportunity to set forth their arguments and supporting evidence, which they did in three 60-page briefs. Nothing warrants deviating from the standard procedures. Movants' Replies introduce only evidence directly rebutting the factual assertions made in the Government Parties' briefs, based on documents and evidence that were exclusively within the Government Parties' custody, possession or control. The Government Parties made a deliberate and strategic decision to present their arguments with reference to only those facts and documents that they thought relevant, and to resist Movants' efforts to obtain discovery at earlier

3

stages in the proceedings, thereby forcing Movants to set forth the facts and supporting documents on reply.

7. A sur-reply is warranted only if "truly new" matters are introduced in a reply. *Animal Welfare Ins. v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008). Where a party introduces a matter in its opposition, "compelling [a movant] to proffer additional evidence and argument addressing the [opponent's] new claims," a sur-reply is not warranted, for the movant's "'new' arguments [are not] truly new." *Hooker v. Sirius XM Radio, Inc.*, 2013 WL 12149171 at *1 (E.D. Va. May 8, 2013) (denying leave to submit sur-reply). The evidentiary record that Movants describe in their Replies is presented entirely and only to rebut assertions made in the Government Parties' oppositions. The allegedly "new" information presented consists entirely of documents that were available to the Government Parties when they submitted their opposition briefs. Indeed, Movants were only granted discovery into the specific "factual representations" made by the Government Parties in their opposition briefs. (Dkt. No. 11057 at 2 (allowing "limited discovery related to factual representations" contained in the opposition briefs); *see also* Dkt. No. 12080 (order granting Movants' motions to compel discovery in part and denying in part).)

8. For example, the Government Parties argued in their opposition briefs that Hotel Taxes are no longer being deposited into the "Transfer Account" on which a lien in favor of CCDA's bondholders is conceded; that PRIFA only has rights to an "Infrastructure Fund" that is held *by PRIFA*; and that HTA has no interest in the Excise Taxes until the Commonwealth directs

the transfer of those funds to HTA.[7] Discovery revealed that these assertions were incorrect.[8] But the mere fact that discovery has undermined the factual representations made by the Government Parties is no reason for a sur-reply, because each of these factual issues was not only within the scope of, but affirmatively interposed by, the Government Parties' opposition briefs.

9. *Fourth*, the Government Parties' request for almost a month to respond to the facts cited in connection with the Reply briefs is entirely at odds with their longstanding assertion that all the revenue bond issues, including the Lift Stay Motions and the related Revenue Bond Adversary Proceedings, are pure questions of law that can be resolved without any evidence beyond the deal documents and statutes—a position that informed this Court's decision to allow the Government Parties to move for summary judgment in the Revenue Bond Adversary Proceedings *before* the pending motions to dismiss are resolved, *before* Defendants have answered the complaints, and *before* any discovery has been conducted in those proceedings. *See generally*

---

[7] *See Opposition of Commonwealth of Puerto Rico to Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay* (Dkt. No. 10615) ("CCDA Opp.") ¶ 40 ("[i]n late 2015 . . . the Tourism Company ceased depositing funds into the Transfer Account and instead retained those funds"); *Supplemental Opposition of Puerto Rico to Amended PRIFA Bondholder Motion to Lift Automatic Stay* (Dkt. No. 10611) ("PRIFA Opp.") Ex. A (identifying "PRIFA Infra[structure] Fund (held by PRIFA)"); *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guarantee Insurance Company for Relief From Automatic Stay or, in the Alternative, Adequate Protection [ECF No. 673]* (Dkt. No. 10613) ("HTA Opp.") ¶ 92 ("the Commonwealth collects the HTA Allocable Revenues from taxpayers (not Movants) under its taxing authority, deposits them in the TSA, and is then required by statute—subject to certain conditions—to transfer those funds to HTA").

[8] *See Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Reply in Further Support of Their Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* ("CCDA Reply") ¶¶ 2, 12-24; *Reply of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, in Support of Their Amended Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* ("PRIFA Reply") ¶¶ 5, 12-22; *Reply In Support of Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief From the Automatic Stay, or, in the Alternative, Adequate Protection* ("HTA Reply") ¶¶ 9, 19-20, 22-23, 27.

*Opposition of the of [sic] Financial Oversight and Management Board for Puerto Rico to Urgent Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guarantee Insurance Company to Adjourn Hearing on Motions for Relief from Automatic Stay and Extend Deadline for Replies in Support of Motions for Relief from Automatic Stay* (Dkt. No. 10958) (asserting that "[n]one of this requires fact discovery," because each of the lift-stay issues is "a purely legal question"). To the extent the Government Parties now recognize that simplistic legal arguments and *ipse dixit* factual assertions will not suffice, it is still important to go forward with the hearing, if for no other reason than to address the propriety of continuing with summary judgment briefing in the related Revenue Bond Adversary Proceedings in light of the obvious presence of numerous contested factual (rather than purely legal) issues. The Court sequenced the preliminary hearing on the lift stay motions first and directed the parties to meet and confer within 14 days following the Court's preliminary rulings on the lift-stay motions to determine whether and to what extent summary judgment practice remains necessary. (Revenue Bond Scheduling Order ¶ 1.d.)

10. To the extent the Court or the Government Parties now recognize that the issues presented in the summary judgment motions require consideration of the factual record, that simply confirms that the motions for summary judgment—filed in adversary proceedings in which the Movants have been afforded no discovery whatsoever, and in which the Government Parties have strongly resisted any suggestion that discovery move forward before summary judgment—are premature and a waste of party and judicial resources.[9]

---

[9] Accordingly, to the extent the Court is inclined to grant any of the Government Parties' requested relief, the summary judgment schedule must be adjusted to preserve this same sequencing, as Movants request below (*infra* ¶ 14.a) and as the Government Parties recognize as well (Motion ¶ 17 n.3).

6

11. *Fifth*, the Motion is based on a fundamental miscomprehension of the limited question the Court is being asked to resolve in connection with the lift stay motions, specifically, whether the Movants have a "colorable claim." *Gracia-Gracia*, 939 F.3d 340, 352 (1st Cir. 2019) (quoting *Grella*, 42 F.3d at 33 (1st Cir. 1994)); *see also Mission Prod. Holdings, Inc. v. Schleicher & Stebbins Hotels, L.L.C. (In re Old Cold, LLC)*, 602 B.R. 798, 825 (B.A.P. 1st Cir. 2019) ("[A] colorable claim is one that is legitimate and that may reasonably be asserted, given the facts presented and the current law."). The "colorable claim" standard is not difficult to meet. *See In re Old Cold, LLC*, 602 B.R. at 825; *see also Cortuk v. Banco Turco Romana (In re Cortuk)*, 2019 WL 2171481, at *4 (D.N.J. May 20, 2019) ("In other words, a claim need not necessarily be successful in order to be colorable."). The Court does not need another round of briefing to ascertain that the standard has been met: if Movants' claims were not even colorable, the Government Parties would not need a month and 90 pages of additional briefing to so convince the Court.

12. *Sixth*, the Government Parties' request is untimely and should not be considered at this late juncture. Movants' reply briefs were filed before noon on April 30. The Government Parties waited until the evening of May 5 to move for relief, even though they knew that Movants and the Court were preparing for a hearing on May 13. As things stand, the Court has already issued an order describing procedures for the May 13 hearing and setting numerous related deadlines (Dkt. No. 13037). Movants have dedicated substantial time and effort to preparing their argument. The Government Parties' belated request to adjourn the proceedings is unfair to both the Court and Movants.

13. *Seventh*, the Government Parties' proposed adjournment is unreasonable. The original Revenue Bond Scheduling Order permitted only two weeks for reply briefs, with

7

opposition briefs due on January 30 and reply briefs due on February 13. (*Interim Case Management Order for Revenue Bonds* (Dkt. No. 9620) at 4-5.) The Government Parties are now requesting a full ***month*** to submit sur-replies—twice the amount of time originally allotted for the reply briefs themselves. Even if the Court were to consider any adjournment, what the Government Parties have requested greatly exceeds what is necessary or appropriate.

14. If the Court is nonetheless inclined to grant the Government Parties any relief, Movants respectfully submit, ***in the alternative***, that the Government Parties' proposed order be modified as set forth below and in the alternative proposed order (the "Monoline Proposed Order") attached as Exhibit A hereto:

   a. Provide for a corresponding adjournment of the summary judgment briefing schedule in accordance with the Court's Revenue Bond Scheduling Order, such that there are 14 days between the preliminary hearing and the summary judgment opposition deadline to allow the parties to meet-and-confer regarding whether and to what extent the summary judgment practice remains necessary. (Revenue Bond Scheduling Order ¶ 1.d.) The Government Parties consent to this request. (Mot. to Adjourn ¶ 17 n.3.)

   b. In the event the Government Parties present additional factual evidence or make factual assertions in their sur-replies, provide Movants with an opportunity in the schedule to take discovery (including further questioning of the Government's representatives or any declarants) regarding any such evidence or assertions and to submit their own brief responding to the points the Government Parties raise. As noted above, discovery to date has been limited to the factual assertions made in the opposition briefs. To the extent the Government Parties wish to introduce new factual representations to replace the ones that were disproven in the prior round of discovery, Movants should be afforded an opportunity for discovery into the new factual assertions.

   c. Provide that the Government Parties submit any sur-reply briefs, which shall be no more than 15 pages each, by no later than May 14 (a full two weeks after Movants filed their reply briefs), after which Movants should have one week (until May 21) to obtain discovery. As the moving parties in the Lift Stay Motions, Movants are entitled to the last word. Movants should accordingly have until May 25 to submit any response to the Government Parties' sur-reply. The preliminary hearing should take place, at the Court's convenience, as soon as possible after June 1.

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied in its entirety. If the Court is nonetheless prepared to allow the Government Parties to submit a sur-reply, it should do so on the conditions set forth above, and enter the Monoline Proposed Order attached hereto as Exhibit A.

[*Remainder of Page Intentionally Omitted*]

Dated: May 6, 2020  
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: */s/ Roberto Cámara-Fuertes*  
    Roberto Cámara-Fuertes (USDC-PR No. 219002)  
    Sonia Colón (USDC-PR No. 213809)  
    221 Ponce de León Avenue, 5th Floor  
    San Juan, PR 00917  
    Telephone: (787) 766-7000  
    Facsimile: (787) 766-7001  
    Email: rcamara@ferraiuoli.com  
           scolon@ferraiuoli.com

**MILBANK LLP**

By: */s/ Atara Miller*  
    Dennis F. Dunne (admitted *pro hac vice*)  
    Atara Miller (admitted *pro hac vice*)  
    Grant R. Mainland (admitted *pro hac vice*)  
    John J. Hughes, III (admitted *pro hac vice*)  
    55 Hudson Yards  
    New York, NY 10001  
    Telephone: (212) 530-5000  
    Facsimile: (212) 530-5219  
    Email: ddunne@milbank.com  
           amiller@milbank.com  
           gmainland@milbank.com  
           jhughes2@milbank.com

***Attorneys for Ambac Assurance Corporation***

**REXACH & PICÓ, CSP**

By: */s/ María E. Picó*
   María E. Picó
   (USDC-PR No. 123214)
   802 Ave. Fernández Juncos
   San Juan, PR 00907-4315
   Telephone: (787) 723-8520
   Facsimile: (787) 724-7844
   Email: mpico@rexachpico.com

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: */s/ Heriberto Burgos Pérez*
   Heriberto Burgos Pérez
   (USDC-PR No. 204809)
   Ricardo F. Casellas-Sánchez
   (USDC-PR No. 203114)
   Diana Pérez-Seda
   (USDC-PR No. 232014)
   P.O. Box 364924
   San Juan, PR 00936-4924
   Telephone: (787) 756-1400
   Facsimile: (787) 756-1401
   Email: hburgos@cabprlaw.com
          rcasellas@cabprlaw.com
          dperez@cabprlaw.com

**BUTLER SNOW LLP**

By: */s/ Martin A. Sosland*
   Martin A. Sosland (admitted *pro hac vice*)
   5430 LBJ Freeway, Suite 1200
   Dallas, TX 75240
   Telephone: (469) 680-5502
   Facsimile: (469) 680-5501
   Email: martin.sosland@butlersnow.com
   Jason W. Callen (admitted *pro hac vice*)
   150 3rd Ave., S., Suite 1600
   Nashville, TN 37201
   Telephone: (615) 651-6774
   Facsimile: (615) 651-6701
   Email: jason.callen@butlersnow.com

***Attorneys for Financial Guaranty Insurance Company***

**CADWALADER, WICKERSHAM & TAFT LLP**

By: */s/ Mark C. Ellenberg*
   Howard R. Hawkins, Jr. (admitted *pro hac vice*)
   Mark C. Ellenberg (admitted *pro hac vice*)
   William J. Natbony (admitted *pro hac vice*)
   Ellen M. Halstead (admitted *pro hac vice*)
   Thomas J. Curtin (admitted *pro hac vice*)
   Casey J. Servais (admitted *pro hac vice*)
   200 Liberty Street
   New York, NY 10281
   Telephone: (212) 504-6000
   Facsimile: (212) 504-6666
   Email: howard.hawkins@cwt.com
          mark.ellenberg@cwt.com
          bill.natbony@cwt.com
          ellen.halstead@cwt.com
          thomas.curtin@cwt.com
          casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.***

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: /s/ *Eric Pérez-Ochoa*
    Eric Pérez-Ochoa
    (USDC-PR No. 206314)
    Email: epo@amgprlaw.com

By: /s/ *Luis A. Oliver-Fraticelli*
    Luis A. Oliver-Fraticelli
    (USDC-PR No. 209204)
    Email: loliver@amgprlaw.com

    208 Ponce de Leon Ave., Suite 1600
    San Juan, PR 00936
    Telephone: (787) 756-9000
    Facsimile: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Robert Berezin*
    Jonathan D. Polkes (admitted *pro hac vice*)
    Gregory Silbert (admitted *pro hac vice*)
    Robert Berezin (admitted *pro hac vice*)
    Kelly DiBlasi (admitted *pro hac vice*)
    Gabriel A. Morgan (admitted *pro hac vice*)
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Email: jonathan.polkes@weil.com
           gregory.silbert@weil.com
           robert.berezin@weil.com
           kelly.diblasi@weil.com
           gabriel.morgan@weil.com

***Attorneys for National Public Finance Guarantee Corp.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com