# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO ("ERS"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>Re: ECF No. 838 |

**AAFAF STATEMENT AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DISALLOW AND DISMISS CLAIMS ASSERTED OR FILED BY ERS BONDHOLDERS AND THE ERS FISCAL AGENT <u>PURSUANT TO BANKRUPTCY RULES 3007(B) & 7012(B)</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

## INTRODUCTION

1. AAFAF submits this Statement and Supplemental Memorandum in support of the Oversight Board's Motion to Dismiss (ECF No. 891) on an issue of great importance to Puerto Rico's elected government—PROMESA section 303's protection of the government's right to legislate for Puerto Rico's people.[1] The ERS Bondholders[2] seek to invalidate Joint Resolution 188 and Act 106-2017 (the "PayGo Legislation") as a violation of the automatic stay. *See Amended and Supplemented Adversary Complaint* (AP No. 17-219, ECF No. 39) (the "Amended Complaint") ¶¶ 109-110.[3] Through the PayGo Legislation, the Commonwealth exercised its political and governmental authority to enact necessary reforms to save Puerto Rico's failing public pension system and guarantee payments to retirees, many of whom have no other source of income. Under section 303, such conduct does not violate the automatic stay. *See In re Fin. Oversight & Mgmt. Bd. for P.R.* (Case No. 17-3283, ECF No. 3941) (D.P.R. Sept. 18, 2018) ("Order Denying Stay") (denying request for application of the automatic stay to a Puerto Rico statute, in part due to the powers reserved to the government under PROMESA section 303).

2. A contrary finding would conflict with the Court's precedent and negate the Commonwealth's "political and governmental powers" under PROMESA section 303 to "control, by legislation or otherwise, the territory or any territorial instrumentality thereof." 48 U.S.C. § 2163. Section 303's protections are subject only to the limitations in PROMESA Titles I and II and the relationship between the elected government and the Oversight Board—no provisions of Title III are exempted from its sweep. And even assuming the automatic stay applied, the PayGo

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the FOMB Motion to Dismiss
[2] All references to the claims of the ERS Bondholders include the same claims asserted by the ERS Fiscal Agent.
[3] The Amended Complaint's First Claim for Relief is incorporated by reference by the ERS Bondholders in the Administrative Expense Motions and certain Proofs of Claim. *See, e.g., ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* (Case No. 17-3566, ECF No. 707) ¶¶ 27, 35, and Proof of Claim No. 16775.

Legislation would still be a lawful exercise of the Commonwealth's regulatory and police power under Bankruptcy Code section 362(b)(4). 11 U.S.C. § 362. AAFAF respectfully requests that the Court deny the ERS Bondholders' latest challenge to the PayGo Legislation and affirm the Government's powers under section 303.

## ARGUMENT

**I. The Automatic Stay Does Not Apply to Authorized Governmental Actions Under PROMESA Section 303.**

3. The ERS Bondholders allege the PayGo Legislation violated the automatic stay because the commencement of the ERS Title III case stayed any actions by third parties—here, the Commonwealth—"to obtain possession of property of the [ERS] or of property from the [ERS] or to exercise control over property of the [ERS]." Amended Complaint ¶ 101. PROMESA section 303, however, makes the automatic stay inapplicable where, as here, the Commonwealth has exercised "by legislation or otherwise" its "political or governmental powers." *See* PROMESA § 303; 48 U.S.C. § 2163.

4. Section 303, which is modeled on Bankruptcy Code section 903, is a foundational protection of the Commonwealth's authority to exercise its political and governmental powers over its instrumentalities notwithstanding the commencement of Title III proceedings. *See, e.g.*, *In re Jefferson Cty.*, 474 B.R. 228, 276 (Bankr. N.D. Ala. 2012) (*Jefferson Cty. I*) ("What is at the heart of § 903 is state control over a municipality's 'political or governmental powers.'"); *In re New York City Off-Track Betting Corp.*, 434 B.R. 131, 144 (Bankr. S.D.N.Y. 2010) ("Section 903 of the Bankruptcy Code is the 'constitutional mooring' for municipal debt readjustment and makes clear that nothing in chapter 9 should be interpreted to limit a State's power to control its municipalities.").

2

5. Through section 303, Congress mandated that Bankruptcy Code provisions that are incorporated by reference into PROMESA Title III—including section 362's automatic stay—cannot be invoked to impair governmental powers. Section 303 expressly states that Title III "cannot limit or impair" the Commonwealth's exercise of political or governmental powers. 48 U.S.C. § 2163.

6. The PayGo Legislation represents the paradigmatic exercise of the Commonwealth's political and governmental powers—laws passed by democratically elected representatives to rescue a failing pension system and guarantee the pensions and welfare of retirees. *See, e.g.*, Joint Resolution 188, Statement of Intent at 2 (explaining the purpose of the resolution is for "safeguarding pensions for Government retirees"); Act 106-2017, Statement of Intent at 9 (law seeks to safeguard welfare of pensioners and public servants while complying with the Fiscal Plan). Both Joint Resolution 188 and Act 26-2017 state that they were approved in the exercise of the power of the State to protect the lives, health, and wellbeing of the people of Puerto Rico during a serious fiscal emergency. Joint Resolution 188 § 4; Act 106-2017 § 1.2.

7. Consistent with the Court's prior rulings, this is precisely the kind of government action that Congress intended to protect under section 303. *See* Order Denying Stay at 6 (denying request for application of the automatic stay to a Puerto Rico restructuring statute involving title III debtors and holding "[i]t is evident that Congress intended to preserve governmental debtors' ability to initiate transactions affecting their assets given, for example, the inclusion of Section 303 … and 305 of PROMESA[, which] preserve the authority of territories to exercise 'political or governmental powers' . . . and prohibit the Court from interfering with Title III debtors' property and political or governmental powers . . . [and] [t]hus, the [] argument that Section 362(a) precludes [the restructuring statute] absent relief from the automatic stay fails on its merits.")

3

8. Finally, the specific and narrow limitations in PROMESA section 303(1) through (3) do not apply here. These provisions apply only to: (1) "a territory law prescribing a method of composition of indebtedness or a moratorium law;" (2) judgments entered pursuant to unlawful moratorium laws; and (3) "unlawful executive orders that alter, amend, or modify rights of holders of any debt of the territory or territorial instrumentality, or that divert funds from one territorial instrumentality to another or to the territory." PROMESA § 303(1)–(3); 48 U.S.C. § 2163(1)–(3). The PayGo Legislation is not a moratorium law and does not prescribe a method of composition of indebtedness. Nor is the legislation a judgment entered pursuant to unlawful moratorium laws or an executive order (much less an "unlawful" one). No other exceptions exist.

## II. Even Assuming PROMESA Section 303 Did Not Apply, Bankruptcy Code Section 362(b)(4) Exempts the PayGo Legislation from the Automatic Stay.

9. Even if the automatic stay were applicable here, the PayGo Legislation would be exempt as an exercise of the Commonwealth's police and regulatory power. 11 U.S.C. § 362(b)(4); *see also In re McMullen*, 386 F. 3d 320, 325 (1st Cir. 2004) (governmental acts "designed primarily to protect the public safety and welfare" are exempt from the automatic stay). Legislative actions by a government body fall under the stay exception. *In re Lacoquille Inv. Co.*, 44 B.R. 731, 733 (Bankr. S.D. Fla. 1984) (holding enactment of a town ordinance constituted an exercise of police and regulatory power under Bankruptcy Code section 362(b)(4) and explaining the automatic stay "does not exempt a debtor from the exercise of municipal legislative authority or any other exercise of its police or regulatory power. Nor does it vest this court with the authority to supplant the municipal governing body.").

10. As discussed above, the PayGo Legislation advances the public safety and welfare by guaranteeing pensions for retirees and public servants. *See* Joint Resolution 188, Statement of Intent at 2; Act 106-2017, Statement of Intent at 9. Puerto Rico's elected representatives passed

4

the PayGo Legislation to ensure the continued viability of a pension system upon which tens of thousands of Puerto Ricans depend, thereby advancing both public safety and welfare. Thus, even if such legislation is subject to the automatic stay, it is nevertheless exempt under Bankruptcy Code section 362(b)(4).

## CONCLUSION

11. AAFAF respectfully requests that the Court deny the ERS Bondholders' latest effort to invalidate the PayGo Legislation and to supplant their interests for those of Puerto Rico's elected officials and the public they represent.

*[Remainder of page intentionally left blank.]*

| | | |
|---|---|---|
| Dated: | May 6, 2020<br>New York, NY | Respectfully submitted, |

/s/ *Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico, 00918
Tel: (787) 705-2171

/s/ *Madhu Pocha*

John J. Rapisardi
 (Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

Madhu Pocha
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
1999 Ave. of the Stars, Suite 800
Los Angeles, CA 90067
Tel: (310) 246-8588
Fax: (310) 246-6779

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*