# **Exhibit H**



Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

March 2, 2020

**Via Email**

David Fox, Esq.
Jones Day
100 High Street, 21st Floor
Boston, MA 02110
drfox@jonesday.com

William D. Dalsen
Attorney at Law
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com
www.proskauer.com

Re:   **Depositions of ERS Bondholders**

Dear David:

I write concerning the upcoming depositions of ERS Bondholders represented by Jones Day.

*First*, the Committees and Government Parties expect the remaining Bondholders' designees to provide testimony as to all noticed topics.  The Bondholders objected to Topics 13-15 evidently on relevance grounds.  But, as I discussed with Mr. Papez during a break during the deposition of Ocher Rose LLC and Elan Daniels last Friday, any notices of default concerning the ERS Bonds may concern or reflect the Bondholders' understanding of the scope of their liens.  Further, the Bondholders produced at least one "notice of default" even as the Bondholders narrowly define it in their objections (which definition we do not accept).[1]  *See* BH-ERS-JD-000001.  As such, we expect future witnesses to testify, and be prepared to testify, on Topics 13-15.[2]

*Second*, the Committees and Government Parties object to the limitation the Bondholders seek to impose on Topics 16 and 17—namely, that they will only testify as to the provisions, or absence thereof, authorizing the issuance of public debt in government and/or municipal securities other than ERS Bonds for purchases in amounts exceeding "(a) $10 million purchase price or (b) 1% of the market value of [a Bondholder's] portfolio at the time of purchase, which [a Bondholder] currently owns, if any of [a Bondholder's] holdings satisfy these parameters."  We do not understand the basis for those limitations, which appear to be either arbitrary or intended to withhold selective responsive information.  We expect the remaining Bondholder designees to be prepared to testify as to Topics 16 and 17 without those limitations.

---

[1] The Bondholders' objections to the Rule 30(b)(6) notices were served on February 25, 2020, just 3 days before the first depositions in these matters.

[2] We also note that Redwood Master Fund Ltd. is the sole Bondholder to object to Topic 12.  To the extent Redwood maintains it has any security interest arising from its ownership of ERS Bonds, it must testify as to Topic 12; if Redwood no longer assets any security interest related to the ERS Bonds, we will not seek testimony from Redwood on that Topic.

Proskauer

Mr. David Fox, Esq.
March 2, 2020
Page 2

*Third*, the Committees and Government Parties expect the Bondholders to provide testimony concerning their understanding of the ERS Enabling Act in Spanish and English. The Bondholders have adopted conflicting positions on this issue. On the one hand, they say they will construe every reference to the ERS Enabling Act "as referring to the official Spanish version of the ERS Enabling Act as it existed at the time of the issuance of the ERS Bonds." E.g., "King Street 30(b)(6) Objections.pdf" at 7, ¶ 20. On the other hand, they say they "will designate a witness to provide non-privileged testimony regarding its review, if any, of all or part of the ERS Enabling Act, in English or Spanish, as it existed at the time [the Bondholders] purchased beneficial interests in the ERS Bonds." *Id.* at 8. Those positions cannot be reconciled in timeframe or substance. The Bondholders must provide testimony concerning their understanding of the ERS Enabling Act, in English or Spanish, at any time.

*Fourth*, the Committees and Government Parties object to the attempted re-designation of witnesses moments before depositions begin, as occurred with Ocher Rose LLC. On February 12, 2020, Ocher Rose (though counsel) designated Mr. Dowd as its witness for "ultra vires topics" and did not identify who would testify as to "lien scope topics," without limitation as to what those subject-areas would include. On February 24, 2020—after Ocher Rose had still not designated a witness for "lien scope topics"—Ocher Rose (though counsel) represented that "Elan Daniels will be the designee for lien scope issues," without limitation.

It now appears those statements were inaccurate. Counsel to Ocher Rose identified Mr. Daniels to testify as to certain Topics that concern ultra-vires issues minutes before his deposition began. It is clear Ocher Rose knew of the attempted re-designation well in advance of the deposition (and in fact, well in advance of Jones Day's representations concerning the designees), as Mr. Dowd testified that the decision to designate Mr. Daniels on certain ultra-vires topics had been made "a month [or] two" before the deposition. Dowd Depo. Tr. (Rough) at 116:9-18. Further, at Mr. Daniels' deposition, counsel to Ocher Rose did not specify that Mr. Daniels was the *sole* witness who would testify as to Topics 16-19 to the exclusion of Mr. Dowd,[3] and only made that position clear during Mr. Dowd's testimony and after Mr. Daniels had departed.

As Ocher Rose had already "set out the matters on which each person designated will testify," Fed. R. Civ. P. 30(b)(6), without limitation as to specific noticed Topics, and as Mr. Daniels was not designated as the sole witness who would testify as to Topics 16-19 at any point (including on the record), the last-minute attempt to limit Mr. Dowd's testimony was improper. Further, it was incumbent on Ocher Rose—not the Committees and Government Parties—to identify specific Topics or limitations about which its designees would testify in advance of deposition.

---

[3] "Q. Your lawyers have said that you're here to discuss the Lien Scope topics. Can you or your counsel tell me what those topics are. MR. FOX: Yeah. The topics are 11 12, 16 to 19 and 21. And for 19 and 21, it's limited to the Lien Scope issues in those topics." Daniels Depo. Tr. (Rough) 29:16-22.

**Proskauer**

Mr. David Fox, Esq.
March 2, 2020
Page 3

The Committees and Government Parties reserve all rights to seek relief arising from the inaccurate representations concerning Ocher Rose's designees.

*Fifth*, the Committees and Government Parties hold open the deposition of Ocher Rose and reserve all rights to seek any appropriate relief for the reasons stated on the deposition record. Among other things, several of Ocher Rose's privilege assertions at deposition do not appear supportable. By way of example only:

- Mr. Daniels apparently believes that what he said to Evan Mossop—an employee of a third party, King Street Capital Management—during a meeting to prepare Mr. Daniels for Ocher Rose's deposition is "privileged." E.g., Daniels Depo. Tr. (Rough) 53:4-10. We do not see the basis for that assertion as described by Mr. Daniels on the record. As Ocher Rose is making this privilege assertion, please provide the basis for it.

- Mr. Dowd and Jones Day apparently believe that the identity of an investment about which Mr. Dowd sought legal advice is "privileged." E.g., Dowd Depo. Tr. (Rough) at 74:13-75:3. The subject about which Mr. Dowd sought legal advice is not privileged, even if the advice rendered is. As Ocher Rose is making this privilege assertion, please provide the basis for it and identify the investment at issue.

- Mr. Dowd was instructed not to answer (and did not answer) questions concerning whether Ocher Rose had heard any argument that the ERS Bonds were ultra vires prior to AAFAF raising that argument in briefing filed in November 2017. E.g., Dowd Depo. Tr. (Rough) 66:5-67:7. That question pertains directly to the notice arguments the Bondholders have raised under UCC § 8-202(b). Further, the Bondholders have already taken the position that when a party learned of the ultra vires argument is not privileged. E.g., Jan. 15, 2020 Hr'g Tr. at 22. As Ocher Rose is making this privilege assertion, please provide the basis for it.

Such privilege claims are not only improper, but also cast further doubt on the completeness and correctness of the 79-page privilege log Ocher Rose served on February 25, 2020. Further, unless the Bondholders are prepared to waive their arguments under UCC § 8-202(b), they cannot use privilege assertions to block discovery into whether and when they had "reason to know" the ERS Bond issuance was invalid—an issue *the Bondholders* affirmatively raised.

\*    \*    \*    \*    \*

In view of the Bondholders' improper and unsubstantiated privilege claims and the expedited schedule in this case, please supply the basis for the privilege assertions noted above no later than this coming **Thursday, March 5, 2020**. The Committees and Government Parties reserve all rights.

**Proskauer**

Mr. David Fox, Esq.
March 2, 2020
Page 4

Very truly yours,

William D. Dalsen

Copies:

Margaret A. Dale, Esq. (via email) (mdale@proskauer.com)
Jennifer Roche, Esq. (via email) (jroche@proskauer.com)
Cathy Steege, Esq. (via email) (csteege@jenner.com)
Madhu Pocha, Esq. (via email) (mpocha@omm.com)
Tristan Axelrod, Esq. (via email) (taxelrod@brownrudnick.com)
Danielle D'Aquila, Esq. (via email) (dd'aquila@brownrudnick.com)
Nicholas Bassett, Esq. (via email) (nicholasbassett@paulhastings.com)