# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re Dkt. \_\_\_\_ |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>Re Dkt: \_\_\_\_\_<br><br>Re: Adv. Pro. Nos. 1-00356, 19-00357, 19-00358, 19-039, 19-00361, 19-00366 and 19-00367 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

**[PROPOSED] ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO, THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO AS REPRESENTATIVE OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO COMPEL DEPOSITION TESTIMONY BY ERS BONDHOLDERS AND THE SUPPLEMENT OF THE <u>ERS BONDHOLDERS' PRIVILEGE LOGS</u>**

Upon consideration of the *Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, the Financial Oversight and Management Board of Puerto Rico as Representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Official Committee of Unsecured creditors, and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico to Compel Deposition Testimony by ERS Bondholders and the Supplement of the ERS Bondholders' Privilege Logs* the "**Motion**"); the Court having found and determined that (i) the Court has jurisdiction to consider the Motion and the relief requested therein; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of ERS, the Commonwealth and their creditors; (v) any objections to the relief requested in the Motion have been withdrawn or are hereby overruled; and (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1. The Motion is Granted as set forth herein.

2. Each of the Bondholders' Rule 30(b)(6) deponents who already have been deposed are ordered to reappear for a two-hour deposition. At these depositions and any other Bondholder

deponent depositions, the deponents are to answer questions about all of the facts and circumstances that each of them had reason to know of related to the *ultra vires* nature of the ERS Bonds, including any information that came from counsel, and when they knew of such facts and circumstances, even if their first knowledge of such facts or circumstances came from counsel.

3. Each Bondholder is required within seven days of the entry of this Order to either (i) supplement their privilege logs to identify all documents that reference the *ultra vires* issue or related facts and circumstances, or (ii) represent in writing that no such documents exist. To the extent Bondholders' modifications to their privilege logs reflect that documents relevant to Bondholders' notice of the *ultra vires* issue have been withheld, those documents shall be produced.

4. If any Bondholder deponent refuses to answer questions regarding the *ultra vires* issue on the basis for privilege, or if a Bondholder fails to adequately address its privilege log deficiencies, the Court, upon a motion by Movants, shall strike that Bondholder's UCC section 8-202 argument.

5. A copy of this Order shall be filed on the docket in the Commonwealth's and ERS's Title III cases.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

_____
THE HONORABLE JUDITH G. DEIN
United States Magistrate Judge