# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-3567-LTS |
| ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, and FINANCIAL GUARANTY INSURANCE COMPANY<br><br>    Movants,<br><br>v. | Case No. 17-BK-3567-LTS<br><br>**Re: ECF Nos. 12994** |

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (*iv*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (*vi*) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Respondent. | |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., and U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>    Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 12995** |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTEE INSURANCE COMPANY, ASSURED GUARANTY CORPORATION, ASSURED GUARANTY MUNICIPAL CORP., and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 12997** |

ii

**REPLY IN SUPPORT OF THE GOVERNMENT PARTIES' OPPOSED URGENT MOTION FOR LEAVE TO FILE SUR-REPLIES AND TO ADJOURN THE PRELIMINARY HEARING REGARDING THE REVENUE BOND LIFT STAY MOTIONS TO JUNE 4, 2020**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico ("Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA" and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole representative of Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," together with the Oversight Board, the "Government Parties"), respectfully submit this reply in support of the *Opposed Urgent Motion of the Government Parties for Leave to File Sur-Replies and to Adjourn the Preliminary Hearing Regarding the Revenue Bond Lift Stay Motions to June 4, 2020* [ECF No. 13041] (the "Urgent Motion."):[2]

### I. Introduction.

1. Movants' opposition ("Opp.") accuses the Government Parties of not knowing "civil procedure." Opp. [ECF No. 13052] ¶ 6. But Fed. R. Civ. P. 1 provides the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Simply put, the Government Parties have applied common sense. It is more efficient for the Court and litigants to know in advance the Government Parties' responses to hundreds of pages of Replies, an expert report, and documents, all raising new issues, than to listen to them at a time-constrained hearing. Indeed, as Movants' argued when seeking excess pages for their Replies, "[g]iven the overall importance of this proceeding, it is critical and necessary that the Court be fully briefed on all issues to be included in the Lift Stay Motion Replies." [ECF No. 12960 ¶ 25]. That is precisely what the Government Parties seek to achieve with the Urgent

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Urgent Motion.

Motion.

2. While conceding they do not expect relief from the stay at the preliminary hearing (Opp. ¶ 5), Movants argue that (i) all they did in their Replies was disprove the Governmental Parties' factual assertions, and (ii) the Government Parties cannot argue anything they did not argue previously. As explained below, Movants are wrong on both counts. First, they did not merely attempt to disprove factual assertions. Instead, they took extensive discovery and made brand new arguments based on it, including about how the Commonwealth accounted for different revenue streams (an argument that relied largely on public documents that they could have made in their moving papers). Second, the Government Parties are entitled to explain why the Movants' expert report and citations to various discovery materials – all submitted for the first time on reply – (a) prove nothing material or relevant, (b) do not stand for what Movants represent, and (c) do not alter the legal rights conveyed by the statutes, resolutions, and other documents.

II. **Movants Have Waived Any Rights Under Section 362(e) Which Does Not Apply in the First Place**

3. Movants' premier argument is the 30-day limit in Bankruptcy Code section 362(e) (incorporated to PROMESA pursuant to PROMESA § 301, "Section 362(e)"). Indeed, they criticize the Government Parties for not mentioning it, not alleging compelling circumstances, and not shouldering responsibility for a timely preliminary hearing. Opp. ¶¶ 3-5. Movants' case is based on a series of misstatements of fact and law, and omissions. First, Movants argue as if their motions only seek stay relief, when, in effect, they seek declaratory relief that the Commonwealth has no property interests in the revenue streams Movants want to seize. *See* CCDA Lift Stay Motion at 1; HTA Lift Stay Motion ¶ 119; PRIFA Lift Stay Motion ¶ 6. Only if they are denied declaratory relief, do Movants request stay relief. The Court gave them what they asked for, namely, a hearing on their threshold issues of property interests in the revenue streams. Section 362(e) does not apply to that relief. Second, Movants ignore and omit any mention of (a) the Court orders ruling they waived the

2

Section 362(e) time limit, and (b) the fact that from the outset, Movants requested a hearing after the time limit as well as a further extension to get discovery (propounded by Movants).

4. Movants filed the original PRIFA motion nearly a year ago, on May 30, 2019 [ECF No. 7176]. The Court ruled: "Movant's request for a hearing date more than thirty days after the filing of the Motion is ***deemed to be consent to an extension*** of the period referenced in 11 U.S.C. § 362(e)(1) pending the Court's determination of the Motion."[3] And on July 24, 2019, Movants requested, and the Oversight Board consented, that the Original PRIFA Lift Stay Motion be stayed pending a period of mandatory mediation. [ECF Nos. 8244, 9016]. The same occurred with the Original HTA Motion (Movants filed the lift stay motion and voluntarily subjected it to the mediation stay). [Case No. 17-BK-3567-LTS, ECF Nos. 634, 638]. Ever since, Movants have tag-teamed the HTA and CCDA motions with their PRIFA motion and never asserted they would be governed by different schedules.[4]

5. Movants do not get to waive time constraints when it serves their purposes only to turn around and insist on them to deprive the Government Parties of adequate opportunity or time to expose the flaws in Movants' new arguments. But again, section 362(e) does not apply because stay relief is not even requested unless and until the Court rules the Commonwealth has an interest in the relevant revenue streams.

6. Moreover, as the Court held in its *Final Case Management Order for Revenue Bonds*, "[u]nless the parties agree to a schedule that does not require a preliminary hearing, the lift stay

---

[3] *See Order Granting Motion for Leave to File Sur-Reply and Setting Briefing Deadlines in Connection with Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7215] (emphasis added).

[4] Over the Government Parties' opposition, Movants sought to adjourn the preliminary hearing from March 5, 2020 to April 22, 2020, expressly "consent[ing] to keeping the stay in place for 45 days following the April 22, 2020 preliminary hearing" or until June 6, 2020. [ECF No. 10841 ¶ 9]. Even if section 362(e) applied, Movants cannot now complain of an adjournment of the preliminary hearing. As Movants concede (Opp. ¶ 3), they consented to multiple subsequent adjournments in order to complete the discovery Movants' demanded.

3

movants shall be deemed to have waived the timetable set forth in Section 362(e) of the Bankruptcy Code through the forty-fifth day *after* the preliminary hearing." [ECF No. 12186 ¶ 1.d] (emphasis added). The parties have not agreed to a schedule that does not require a preliminary hearing. Further, the Court retains full discretion to set a hearing in a manner and on the timing it finds appropriate and efficient.[5]

7. Nor do Movants actually claim any prejudice would result from sur-replies and adjourning the preliminary hearing to June 4, 2020. After spending months preparing the Lift Stay Motions, amending the PRIFA and HTA motions, and then taking three months to work on their Replies, to say two weeks for sur-replies will cause prejudice is not serious. Their argument that they are prejudiced because they have already begun preparing for the preliminary hearing is a *non-sequitor*. They will lose none of that effort if the hearing is adjourned to June 4, 2020.

### III. Sur-Replies Are Warranted.

8. The need for sur-replies is the result of Movants' addition of new facts and issues in the Replies – for example, their new assertion that governmental accounting treatment can confer security interests in the absence of a security agreement and financing statements. Notably, there is no reason Movants could not have included substantial parts of the evidentiary material in their Replies (such as the expert report and snippets from publicly available financial statements) in their initial lift stay motions, thus giving the Government Parties the opportunity to respond to them.[6]

---

[5] As this Court has recognized, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 335 F. Supp. 3d 256, 262 (D.P.R. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Generally, courts have the discretionary power to stay an action in the interest of justice and efficiency." *Id.* (quoting *Total Petroleum P.R. Corp. v. T.C. Oil, Corp.*, No. 09-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010)).

[6] Movants cannot credibly argue that they did not know what arguments the Oversight Board would raise in its oppositions, as the arguments relating to standing and security interest (or lack thereof) were asserted on the record against Movants' original PRIFA lift stay motion, which was completely briefed and ready for argument before Movants asked that it be stayed (ECF Nos. 7176, 7827, 8022, 8164; *see also* ¶ 4 above). And, the HTA lien challenge was also filed (naming Movants as defendants) before statute of limitations ran. *See* Case Nos. 19-362, 19-363, 19-364, 19-365.

Movants' failure to do so should not prohibit the Government Parties from addressing these documents in sur-reply.

9. Though prejudice is not a prerequisite to allow sur-replies, the Government Parties would be prejudiced absent an opportunity to submit sur-reply briefs. The Government Parties (and the Court) are faced with voluminous Replies rife with new claims and arguments that Movants never made in their Lift Stay Motions. Movants filed an expert report for the first time. They attach cherry-picked excerpts from financial statements, bank account statements, account opening documents, board resolutions, cash flow reports, vouchers, circular letters, accounting standards, transmittal information, excel files, and a deposition transcript. *See* Declarations of John J. Hughes, William J. Natbony, and Atara Miller (listing new exhibits) [ECF Nos. 12998, 13007, 13040]. All their material is a smoke screen having no substance, but the Government Parties have to show the Court why that is the case.

10. None of this existed in the record at the time of the Lift Stay oppositions.[7] Faced with the simple reality that none of the deal documents grant Movants ownership or a security interest in the revenue streams raised, collected, and/or controlled by the Commonwealth, Movants invented a new theory – that cash management systems and accounting can substitute for grants of security interests, even when the documents provide no security interests can be granted in the revenue streams (such as in the Puerto Rico Infrastructure Fund). Yet Movants describe this indisputably new evidentiary material as "not truly new." The fact that the new material consists of discovery produced by the Government Parties does not mean it is not new for purposes of the lift stay proceedings. The argument that any piece of paper in the possession of the Commonwealth is readily available and known to the Commonwealth and its employees is absurd. None of it was cited or even mentioned

---

[7] Movants concede sur-replies are warranted if new matters are introduced in a reply. Opp. ¶ 7. That standard is satisfied.

5

in the Commonwealth's oppositions (as it was not raised in the Motion). Moreover, the expert report is certainly "new" and not something that was available to the Government Parties. If the Government Parties are not allowed sur-replies, Movants would be the only parties given the chance to address the material produced in discovery prior to the preliminary hearing.[8] That is not how the adversary system works. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 735 (D. Md. 2006) (if new arguments are considered on reply, the "opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond"). Having chosen to ground their Replies in new evidentiary materials, Movants should not be allowed to prevent the Government Parties from addressing those same materials.

11. The need for sur-replies is made all the more clear by paragraph 8 in Movants' opposition. They claim the new discovery material "has undermined" the Commonwealth's oppositions, giving three "example[s]": [i] "that Hotel Taxes are no longer being deposited into the "Transfer Account" … [ii] that PRIFA only has rights to an 'Infrastructure Fund' that is held *by PRIFA*; and [iii] that HTA has no interest in the Excise Taxes until the Commonwealth directs the transfer of those funds to HTA."

12. As to the **first**, a completely new argument (*see* CCDA Reply [ECF No. 12997] ¶¶ 11-24, 50-57), Movants are wrong because, among other reasons, they misidentify the Transfer Account by pointing to misleading evidence while omitting pertinent evidence (such as the fact that the account they identified as the Transfer Account was not even in existence when the bonds were issued). As for the **second**, another new argument, Movants misrepresent deposition testimony and misapply "course of performance" evidence to argue the Infrastructure Fund is something held by the

---

[8] Thus, Movants' argument that the Government Parties' response to their new evidence would be impermissible new argument is a tautological irrelevancy. Sur-replies are necessary precisely because Movants raised new arguments. They do not get to escape response because they are new.

Commonwealth, not PRIFA. *E.g.*, PRIFA Reply [ECF No. 12995] ¶ 31. Movants are wrong because, among other reasons, Section 401 of the Trust Agreement required PRIFA to "maintain with a Qualified Depositary the Puerto Rico Infrastructure Fund." As to the **third** example, Movants cherry-pick quotes from financial statements, accounting practices, and other discovery material to fashion new trust, ownership, and other arguments. *E.g.*, HTA Reply [Case No. 17-BK-3567-LTS, ECF No. 777] ¶¶ 11-12, 19-23; *see also* PRIFA Reply ¶ 15. These arguments are wrong because none of the new documents, accounting methods, or labeling purport to create a trust or confer ownership, nor are they the type of documents that could do so in the first place.

13. In several instances, Movants' directly misrepresent the documents they cite and make assertions inconsistent with deposition testimony. The Government Parties seek leave to file sur-reply briefs to set the record straight.[9]

### IV. Movants' Attempt to Re-Litigate the Issues to Be Decided at the Preliminary Hearing Should Be Rejected.

14. Movants had nearly three months to prepare their reply briefs totaling nearly 200 pages. In opposing a request for a modest adjournment to allow the Government Parties sufficient opportunity to address the new material and related arguments raised in the Replies, Movants ignore and attempt to override the Court's prior ruling that the hearing would be to determine property and security interests in the revenue streams at issue. The Court set the issues for determination: (1) standing and (2) secured status. [ECF No. 12186]. The Court gave Movants what they asked for,

---

[9] If the Government Parties have no opportunity to respond to the new evidence and related arguments in Movants' Replies, all references to and arguments based on the new evidence should be stricken. *Hilsinger Co. v. Kleen Concepts, LLC*, No. CV 14-14714-FDS, 2017 WL 3841468, at *7 (D. Mass. Sept. 1, 2017) (granting motion to strike new legal theories and affidavit because, "It is well-settled that it is generally inappropriate for a moving party to advance new arguments and supporting facts in a reply brief."); *see also, e.g.*, *Caraballo Seda v. Javier Rivera*, No. CV 01-1446 (GAG), 2007 WL 9760168, at *3 n.3 (D.P.R. Sept. 28, 2007) (disregarding new argument on reply for not comporting with D.P.R. Local Rule 7(c)'s requirement that replies be "strictly confined to replying to new matters raised in the objection or opposing memorandum"); *Southwire Co. v. Ramallo Bros. Printing*, 540 F. Supp. 2d 307, 312 (D.P.R. 2008) (disregarding statements addressing an issue for the first time on reply).

7

namely a hearing to determine if they are entitled to declaratory relief that the Commonwealth has no interest in the revenue streams Movants want to seize. These are threshold legal issues with yes-or-no answers. Either Movants have standing under the law or they do not. Either they have property or security interests in Commonwealth property under the relevant legal documents or they do not.

15. It has always been the Government Parties' position that discovery is unnecessary to the issues of standing and secured status because the documents are dispositive. But now that Movants realized the documents refute their case, they have taken discovery and make arguments of ownership based on accounting and cash management systems, among other things. Now that Movants have infused this into their Replies, the Government Parties are entitled to an opportunity to address it, including to demonstrate why it is neither material nor relevant.

16. In opposing the Urgent Motion, Movants also mischaracterize the standard for stay relief. Opp. ¶ 5. Their argument that they are entitled to stay relief if they prove a "colorable claim" is wrong by any yardstick. First, they cite *Gracia-Gracia*, which contemplated a summary stay hearing, not a hearing preceded by discovery and the extensive briefing that exists here. Second, Movants fail to state what *Gracia-Gracia* actually means by "colorable claim" – that Movants must show a probability of success similar to a preliminary injunction standard. The *Gracia-Gracia* court cites to *Grella*, which applied a "preliminary injunction" standard, requiring "a reasonable likelihood" of success. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994). Third, Movants ignore other directives from the First Circuit in HTA's Title III case, requiring that any determination express the "Title III court's view as to the **precise nature and extent of [bondholder] collateral**." *Peaje Invs. LLC v. Fin. Oversight & Mgmt. Bd.*, 899 F.3d 1, 13 (1st Cir. 2018) (emphasis added).

17. Fundamentally, however, Movants' argument is immaterial to whether a sur-reply is warranted. The issue is whether Movants should be permitted to make entirely new arguments for

8

the first time on reply without any written response from the Government Parties.

### V. There is No Basis to Allow Movants Still More Discovery and a Sur-Sur-Reply.

18. The sur-replies will address the new evidentiary materials and issues raised in Movants' Replies, and discuss the misrepresentations in them. Movants' request "in the alternative" for more discovery is, at best, premature, because it assumes the sur-replies will refer to documents Movants have not seen.

### VI. Conclusion.

19. For all of the foregoing reasons and those set forth in the Government Parties' moving brief, the Urgent Motion should be granted.

*[Remainder of page intentionally left blank.]*

Dated: May 7, 2020
San Juan, Puerto Rico

By: */s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Michael Mervis (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
brosen@proskauer.com
ebarak@proskauer.com
mmervis@proskauer.com

Michael A. Firestein (*pro hac vice)*
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors*

By: */s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors*

| | |
|---|---|
| /s/ *Peter Friedman* <br> John J. Rapisardi <br> (Admitted *Pro Hac Vice*) <br> **O'MELVENY & MYERS LLP** <br> 7 Times Square <br> New York, NY 10036 <br> Tel: (212) 326-2000 <br> Fax: (212) 326-2061 <br><br> Peter Friedman <br> (Admitted *Pro Hac Vice*) <br> 1625 Eye Street, NW <br> Washington, DC 20006 <br> Tel: (202) 383-5300 <br> Fax: (202) 383-5414 <br><br> Elizabeth L. McKeen <br> Ashley M. Pavel <br> (Admitted *Pro Hac Vice*) <br> 610 Newport Center Drive, 17th Floor <br> Newport Beach, California 92660 <br> Tel: (949) 823-6900 <br> Fax: (949) 823-6994 <br><br> ***Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*** | /s/ *Luis C. Marini-Biaggi* <br> Luis C. Marini-Biaggi <br> USDC No. 222301 <br> Email: lmarini@mpmlawpr.com <br> Carolina Velaz-Rivero <br> USDC No. 300913 <br> Email: cvelaz@mpmlawpr.com <br> **MARINI PIETRANTONI MUÑIZ LLC** <br> 250 Ponce de León Ave. <br> Suite 900 <br> San Juan, Puerto Rico 00918 <br> Tel: (787) 705-2171 <br> Fax: (787) 936-7494 <br><br> ***Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*** |

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

                                          */s/ Hermann D. Bauer*
                                          Hermann D. Bauer