## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>               Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>Re: Adv. Pro. Nos. 19-00356, 19-00357, 19-00358, 19-039, 19-00361, 19-00366 and 19-00367 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

**URGENT MOTION TO SET BRIEFING SCHEDULE ON THE MOTION OF THE
OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH
OF PUERTO RICO, THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO AS REPRESENTATIVE OF THE EMPLOYEES RETIREMENT
SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
AND THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO
TO COMPEL DEPOSITION TESTIMONY BY ERS BONDHOLDERS**

To The Honorable United States Magistrate Judge Judith G. Dein:

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico ("Retiree Committee"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "Board"), for itself and as sole representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Official Committee of Unsecured Creditors ("Creditors' Committee"), and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico ("SCC") (together with the Retiree Committee, the Oversight Board, and the Creditors' Committee, "Movants"), hereby submit this urgent motion (the "Urgent Motion"), requesting entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), setting a briefing schedule for the *Motion of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, the Financial Oversight and Management Board of Puerto Rico as Representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Official Committee of Unsecured creditors, and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico to Compel Deposition Testimony by ERS Bondholders and the Supplement of the ERS Bondholders' Privilege Logs* (Case No. 17-3283, ECF No. 13060; Case No. 17-3566, ECF No. 895) (the "Motion to Compel").

**Jurisdiction and Venue**

1.      The Court has subject matter jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2) because this contested matter arises under PROMESA Title III and is related to the Commonwealth's Title III case.

2.      Venue is appropriate in this District under PROMESA §§ 106(a) and 307, and 28 U.S.C. § 1391.

**Background**

3.      On April 17, 2020 the Court entered an *Order Regarding Discovery and Briefing Schedule with Respect to Certain Issues Raised in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* amending the discovery and briefing schedule in these proceedings.  Case No. 17-bk-3566, ECF No. 866; Case No. 17-03283, Dkt. 12874.  Among other things, the Court set a new deadline for fact discovery to end on June 9, 2020.  *Id.* at 7.

4.      On May 6, 2020, Movants filed the Motion to Compel.  Case No. 17-3283, ECF No. 13060; Case No. 17-3566, ECF No. 895.  As further explained in the Motion to Compel, Movants seek an order directing certain ERS Bondholders (the "ERS Bondholders") to (a) answer questions at deposition concerning when they first became on notice of defects with the issuance of ERS Bonds that Movants argue render the issuance of ERS Bonds *ultra vires* and void, and (b) supplement their privilege logs to reflect whether any of the thousands of entries on those logs concern the *ultra vires* issue.  Specifically, the ERS Bondholders contend the ERS Bonds would remain valid as to them even if the bonds were invalidly issued because, pursuant to UCC §8-202(b), they purchased the bonds without "notice" of that defect; in turn, whether the Bondholders had "notice" requires an examination of whether, "from all the facts and

3

circumstances known to [the person] at the time in question [the person] has reason to know" the ERS Bonds were invalid. 19 L.P.R.A. § 451(25).  But, the ERS Bondholders have refused to answer questions on those issues on grounds of attorney-client privilege, which Movants believe is improper.

5.      Prior to filing the Motion to Compel, Movants proposed the following briefing schedule to the ERS Bondholders (the "Proposed Briefing Schedule"):

- May 6, 2020:  Movants file the Motion to Compel

- May 13, 2020:  Bondholders' Opposition to Motion to Compel

- May 18, 2020:  Movants' Reply in Support of Motion to Compel

6.      The ERS Bondholders did not agree to the Proposed Schedule.

## Relief Requested

7.      Movants respectfully request that the Court enter the Proposed Briefing Schedule for the Motion to Compel.

8.      Good cause exists to enter the Proposed Briefing Schedule.  Movants have deposed six of the ERS Bondholders' witnesses—each of whom have refused to answer questions pertaining to their "notice" arguments under UCC § 8-202(b)—and Movants intend to depose additional ERS Bondholder witnesses in the coming weeks.  Further, the ERS Bondholders have supplied 170 pages of privilege logs that make no mention of the *ultra vires* issue.  Should the Court grant the Motion to Compel, Movants will need to re-depose certain witnesses, obtain revised and supplemented privilege logs from the ERS Bondholders, and depose the remaining ERS Bondholder witnesses prior to the fact-discovery cutoff of June 9, 2020.

9.      Based on the conference with the ERS Bondholders concerning the Proposed Briefing Schedule, Movants anticipate the ERS Bondholders will make two objections to that

schedule.  First, they will assert they need more time because Movants had several weeks to prepare a motion to compel after initial conferences concerning the Motion to Compel.  Second, they will assert there is "no rush" to brief the issues on the Motion to Compel despite the impending fact-discovery deadline on June 9, 2020.  Neither argument has merit.

10.     *First*, the ERS Bondholders have been on notice *since February 28, 2020* that Movants likely would move to compel in response to their improper assertion of attorney-client privilege at the first deposition of an ERS Bondholder witness.  Specifically, Movants held open that deposition and all subsequent depositions of ERS Bondholder witnesses, corresponded with the ERS Bondholders shortly thereafter concerning the improper use of privilege as sword and shield to block inquiry into the "notice" argument they had affirmatively injected into these proceedings and expressly put the ERS Bondholders on notice no later than March 13, 2020 that a motion to compel would be forthcoming unless these issues were resolved.  The ERS Bondholders thus have had plenty of time to consider their response to the Motion to Compel.  Indeed, it seems they have known the basis for their response to the privilege issues raised by Movants from the beginning of the discovery process given their multiple instructions not to answer at the six depositions that preceded the Motion to Compel.

11.     *Second*, the ERS Bondholders cannot ignore that we are operating under a joint litigation schedule ***they proposed***, pursuant to which fact discovery ends in just over 1 month.  The parties have multiple depositions (including third-party depositions) to complete in that time and, should the Motion to Compel be granted, six witnesses to re-depose on "notice" issues.

## Certification

12.     Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies that it engaged in reasonable, good faith communication with counsel to parties that may

object.  As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that

counsel has carefully examined the matter and concluded that there is a true need to for expedited

consideration of the Urgent Motion, and that the undersigned counsel have not created the urgency

through lack of due diligence on their part.

### No Prior Request

13.    No prior request for the relief sought in this Urgent Motion has been made to this

or any other court.

WHEREFORE the Movants respectfully requests the Court enter the Proposed Order

attached as **Exhibit A**, granting the relief requested herein and all other relief as is just and proper

Dated: May 7, 2020

Respectfully submitted,

**JENNER & BLOCK LLP**

By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

*/s/ Margaret A. Dale*

**BENNAZAR, GARCÍA & MILIÁN, C.S.P.**

By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Edificio Union Plaza
1701 Avenida Ponce de León #416
Hato Rey, San Juan, PR 00918
ajb@bennazar.org
hector.mayol@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired
Employees of Puerto Rico*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*Pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: mdale@proskauer.com


*/s/ Luis F. de Valle-Eammanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
Email: dvelawoffices@gmail.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

*/s/ Sunni P. Beville*

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Email: eweisfelner@brownrucknick.com

Sunni P. Beville, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Email: sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

*/s/ Alberto Estrella*

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
Tel: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

*/s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins (*pro hac vice*)
James R. Bliss, Esq. (*pro hac vice*)
James B. Worthington, Esq. (*pro hac vice*)
G. Alexander Bongartz (*pro hac vice*)
200 Park Aenue
New York, NY 10166
Tel: (212) 318-6000
Email: lucdespins@paulhastings.com
Email: jamesbliss@paulhastings.com
Email: jamesworthington@paulhastings.com
Email: alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*
*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC-PR 218312)
Israel Fernández Rodrigues, Esq. (USDC-PR 22504)
Juan C. Nieves González, Esq. (USDC-PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC-PR 306008)
P.O. Box 195075
San Juan, Puerto Rico 00919-5075
Tel: (797) 523-3434
Fax: (797) 523-3433
Email: jcasillas@cstlawpr.com
Email: ifernandez@cstlawpr.com
Email: jnieves@cstlawpr.com
Email: cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

*/s/ John Arrastia*

GENOVESE JOBLOVE & BATTISTA, P.A.
John Arrastia, Esq. (*pro hac vice*)
John H. Genovese, Esq. (*pro hac vice*)
Jesus M. Suarez, Esq. (*pro hac vice*)
Mariaelena Gavo-Guitian, Esq. (*pro hac vice*)
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel: (305) 349-2300
Email: jarrastia@gjb-law.com
Email: jgenovese@gjb-law.com
Email: jsuarez@gjb-law.com
Email: mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*