# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 9845, 9920, 9925, 10432, 10497, 10850, 10887, 11060, 11088, 12522, 12524**<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Movant,<br><br>V.<br><br>CONSUL-TECH CARIBE INC,<br><br>    Respondent. | |

## URGENT MOTION FOR EXTENSION OF DEADLINES

To the Honorable United States District Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Debtor"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this urgent motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines set forth in the *Order Granting Fifth Urgent Consented Motion for Extension of Deadlines* [ECF No. 12524] (the "Amended Scheduling Order").[2]

## Background

The Administrative Expense Motion

1. On January 13, 2020, Consul-Tech Caribe, Inc. ("Consul-Tech" or "Movant"), filed the *Motion for Allowance and Payment of Administrative Expense Claim* [ECF No. 9845] (the "Motion"), requesting that the Court enter an order directing the Debtor to pay the amount of $5,120,772.50. Movant submits that the amounts allegedly owed by the Debtor are for post-petition services provided by Movant and thus, Movant asserts it is entitled to administrative expense priority. See, *Motion* at p. 6.

2. Consul-Tech essentially claims that in September 2017 it entered into a contract with the Puerto Rico Emergency Management Agency ("PREMA"), an entity of the Debtor, for an initial amount of $800,000, to provide disaster relief assistance in the aftermath of Hurricanes Irma and María (the "Contract").

3. Consul-Tech further alleges that during the term of the Contract, the Government validly issued four task orders (the "Task Orders") directing Consul-Tech to provide services to

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Urgent Motion on behalf of the Debtor.

over 20 state agencies and public corporations. Consul-Tech contends these Task Orders complied with Puerto Rico law and purportedly amended and increased the amount of the original Contract to $16.4 million. *Motion* ¶ 5. Consul-Tech claims that invoices in excess of $5,120,772.50 remain unpaid. *Id.* at 7. On November 6, 2017, the Debtor notified Consul-Tech of its decision to terminate the Contract.

4. On March 25, 2020, the Court entered the Amended Scheduling Order, which provides that responses to the Motion must be filed by May 13, 2020, and Movant's reply by May 20, 2020.

The Government's Operations During the COVID-19 Pandemic

5. As detailed in the *Status Report of the Puerto Rico Fiscal Agency and Financial Advisory Authority Regarding the Government of Puerto Rico's Recent Activities in Response to the Ongoing Covid-19 Pandemic* [ECF No. 12921], and pursuant to Executive Order OE-2020-023, Executive Order OE-2020-029, Executive Order OE-2020-033 (as subsequently amended by Executive Order OE-2020-034 on April 14, 2020) and Executive Order OE-2020-038 (the "May 3 Executive Order" and jointly all, the "Executive Orders"), the Government lockdown has been further extended, with some modifications, until May 25, 2020.

6. Under the May 3 Executive Order, the Government directed the government agencies "to carry out their functions and provide any services that may be offered without compromising the health and safety of employees through telework." May 3 Executive Order § 3.

**Relief Requested**

7. While the Debtor has been working diligently to gather the necessary information on the alleged work performed and any and all documents relating to Consul-Tech's Motion, the current COVID-19 pandemic and the Government lockdown pursuant to the Executive Orders

have delayed the Debtor's ability to obtain the required information to adequately investigate Movant's claims. The Debtor is operating with very limited personnel solely on essential governmental services, with most officers working remotely pursuant to the Executive Orders.

8. Importantly, PREMA is also the entity responsible for coordinating response efforts during emergencies, and is currently assisting those in Puerto Rico impacted by COVID-19 and the earthquakes (including those that occurred as recently as May 2, 2020). Therefore, PREMA has had limited resources and its employees have been dedicated to addressing the COVID-19 crisis and the recent earthquakes in the southern part of the island. As a result, the process of gathering the necessary information from PREMA has been delayed, although PREMA continues to provide the information as diligently as possible.

9. Moreover, pursuant to the Task Orders, Consul-Tech allegedly rendered services to over 20 governmental agencies, including independent public corporations not currently under Title III of PROMESA. Therefore, the Debtor needs a considerable amount of time to finalize gathering the information from all the agencies that purportedly benefited from Consul-Tech's services, while dealing with the limitations imposed by the Executive Order. In particular, obtaining documents and information in connection with Consul-Tech's Motion would require, in some instances, physically accessing the Debtor's offices (including PREMA and all the other governmental agencies) and discussing with officers of each of the Debtor's agencies the information included in their physical files. Without the necessary information, the Debtor cannot seek to resolve the matter either consensually or properly respond to Consul-Tech's Motion.

10. Accordingly, requiring the Debtor to respond and litigate the Motion now, without the requisite information, would be very prejudicial to the Debtor, especially since the agencies implicated in the Motion, particularly PREMA, are still focused on responding to the COVID -19

crisis and the recent earthquakes in the southern part of the island. On the other hand, allowing the Debtor more time to gather the necessary information would benefit Consul-Tech and the Debtor's ability to adequately respond to the Motion or resolve the matter consensually. In an effort to address the Debtor's challenges in obtaining the necessary information to evaluate Movant's claims and initiate discussions with Movant regarding a potential resolution of the Motion, the Debtor requested that Movant provide the supporting documentation for its claim, but Movant has yet to provide the same. The Debtor reached out to Movant for their consent to extend the deadlines, but such request was also denied.

11. In light of the foregoing, the Debtor proposes the following extensions of the deadlines set forth in the Amended Scheduling Order[3]:

- The court shall extend the deadline to respond to the Motion to **July 9, 2020**.

- The court shall extend the deadline for Movant to reply to an opposition, if any, to **July 16, 2020.**

- Unless otherwise agreed by the Debtor and Movant or determined by the Court, the Motion shall be heard in the Omnibus Hearing scheduled for **July 29, 2020.**

12. This request is being made in good faith, in order to allow the Debtor to gather the necessary information to respond to the Motion and without the Debtor waiving any of its rights, defenses or legal arguments, including, but not limited to, pursuant to PROMESA section 305.[4]

13. Pursuant to Paragraph I.H of the *Eleventh Amended Notice, Case Management and Administrative Procedures* [ECF No. 11885-1] (the "Case Management Procedures"), the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need

---

[3] The parties reserve their rights to seek further extensions of the deadlines.
[4] The request made in this Urgent Motion is also being made without waiving any rights, claims, or defenses against Movant's alleged claim.

for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested herein.

### Notice

14. The Debtor has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) attorneys for the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) attorneys for the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[5] (i) all parties filing a notice of appearance in these Title III cases; and (j) Movant. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

15. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor requests the Court enter the Proposed Order and grant it such other relief as is just and proper.

[*Remainder of page intentionally left blank*]

---

[5] The "Other Interested Parties" include the following: (i) attorneys for certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) attorneys for certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

Dated: May 11, 2020
San Juan, Puerto Rico


Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

**<u>Exhibit A</u>**

**Proposed Order**