UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## OPPOSITION TO URGENT MOTION

COMES NOW Consul-Tech Caribe, Inc. ("Consul-Tech" or "Contractor"), represented by the undersigned attorneys, and very respectfully avers and prays as follows:

Consul Tech is not unsympathetic to the limitations the government describes in its sixth *Urgent Motion for Extension of Deadlines*. In fact, Consul Tech has consented to AAFAF's ***five prior urgent motions*** to extend the time for the government to respond (Dkts. 9920, 10432, 10850, 11060 and 12522). Consul Tech can consent no longer without inflicting self-harm.

Consul Tech's *Motion for Allowance and Payment of Administrative Expense* (Dkt 9845) has been pending since January 13, 2020, unanswered and unattended. At this point, therefore,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Consul Tech could not responsibly agree to postpone its right to be heard any further. Hence, when approached by counsel for the Debtor to consent to this latest *Urgent Motion*, Consl Tech *had to* decline.

Consul Tech has been deferential and sympathetic, but it cannot continue to do so at the expense of its own need for resolution of a matter must urgent to its survival. From the perspective of Consul Tech, its failure to get paid on work performed is also an emergency that demands attention. A Consul Tech subcontractor is already pressing for payment of a not insignificant portion of the amounts claimed in this process. Consul Tech has been unable to pay it because it has not, in turn, been paid by the government. Further delay exposes Consul Tech to litigation on this front.

Consul Tech is aware that the government has had to deal with the unfortunate situation of earthquakes and the COVID19 pandemic during these past few months, as have we all. Although emergencies can impact the ability of the government to handle T.III cases, the government cannot hide behind them indefinitely. A government must be able to handle one crisis without creating others. These delays affect real people and impair the ability of government contractors, their employees and subcontractors, to put bread on their tables.

In fact, this Honorable Court has expressly excluded T.III proceedings from the *District Court's Order Concerning Proceedings Before the United States District Court of Puerto Rico* and the *General Order Concerning Extension of Deadlines* (Dkt. 12420). Presumably, this decision reflects the urgency of these cases and the expectation that the government will continue to participate meaningfully.

This sixth *Urgent Motion* is also notable for what it does not say. Remarkably, for a sixth extension, the *Urgent Motion* makes no effort at justifying itself. It fails to explain, describe or specify its otherwise generic assertions that "PREMA has been delayed, although PREMA continues to provide the information as diligently as possible". *Urgent Motion at par. 8.* It also fails to describe what diligent efforts AFAAF has actually conducted to obtain any of the "necessary information" without which "the Debtor cannot seek to resolve the matter either consensually or properly respond to Consul Tech's Motion." *Dkt. 13089 at par. 9.* The generalized assertion that it is simply not possible to obtain the information, without even offering alternatives or committing to a timetable, might well have been sufficient for a first or second extension, but provide little ground on which to anchor a sixth extension.

Finally, the Urgent Motion is procedurally deficient, as it fails to "prominently disclose" that Consul Tech would object, as required by the *Tenth Case Management Order*, Part I.H. Consul Tech notified to AFAAF its objection to the sixth *Urgent Motion* via email on May 7, 2020.

For the reasons stated above, Consul Tech could not consent, and instead must protest and oppose, AFAAF's sixth *Urgent Motion*.

WHEREFORE, Consult Tech respectfully requests that the March 25, 2020 Amended Scheduling Order be maintained.

Dated: May 11, 2020

Respectfully submitted,

REICHARD & ESCALERA, LLC
255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888

| | |
|---|---|
| */s/ Rafael Escalera Rodríguez*<br>Rafael Escalera Rodríguez<br>USDC-PR No. 122609<br>escalera@reichardescalera.com | /s/Fernando Van Derdys<br>Fernando Van Derdys<br>USDC-PR 201913<br>fvander@reichardescalera.com |
| */s/Sylvia M. Arizmendi*<br>Sylvia M. Arizmendi<br>USDC-PR No. 210714<br>arizmendis@reichardescalera.com | */s/ Alana Vizcarrondo-Santana*<br>Alana Vizcarrondo-Santana<br>USDC-PR No. 301614<br>vizcarrondo@reichardescalera.com |