## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1]  | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 9845, 9920, 9925, 10432, 10497, 10850, 10887, 11060, 11088, 12522, 12524, 13089, 13090**<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Movant,<br><br>V.<br><br>CONSUL-TECH CARIBE INC,<br><br>    Respondent. | |

## REPLY IN SUPPORT OF THE COMMONWEALTH OF PUERTO RICO'S URGENT MOTION FOR EXTENSION OF DEADLINES

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Debtor"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this reply (the "Reply") in support of its *Urgent Motion for Extension of Deadlines* [ECF No. 13089], in response to Consul-Tech Caribe, Inc.'s ("Consul-Tech" or "Movant") *Opposition to Urgent Motion* (the "Opposition") [ECF No. 13090].[2]

## REPLY

1. On January 14, 2020, the Debtor filed an *Urgent Consented Motion for Extension of Deadlines* [ECF No. 9920] to respond to Movant's *Motion for Allowance and Payment of Administrative Expense Claim* (the "Motion") [ECF No. 9845] since the objection deadline included in the Motion was less than twenty-four (24) hours from the time the Motion was filed (January 13, 2020) and the Debtor needed more than one day to review and gather the necessary information to respond to the Motion.

2. On January 27, 2020, February 12, 2020 and February 17, 2020, the Debtor filed its *Second Urgent Consented Motion for Extension of Deadlines* [ECF No. 10432], *Third Urgent Consented Motion for Extension of Deadlines* [ECF No. 10850] and *Fourth Urgent Consented Motion for Extension of Deadlines* [ECF No. 11060] to respond to the Motion, as the earthquakes and tremblors that had impacted Puerto Rico at the time had delayed the Debtor's ability to obtain information to respond to the Motion.

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Reply on behalf of the Commonwealth.

3. On March 24, 2020, the Debtor filed its *Fifth Urgent Consented Motion for Extension of Deadlines* [ECF No. 12522] since the circumstances surrounding the current COVID-19 pandemic and the Government lockdown had delayed the Debtor's ability to finalize its analysis of the gathered information. The Debtor also advanced that the additional time would also allow the Debtor and Movant to engage in good faith negotiations to explore the possibility of a consensual resolution of the Motion.

4. On May 11, 2020, the Debtor filed an *Urgent Extension of Deadlines* (the "Extension Motion") [ECF No. 13089] where it described the current emergency situation and the efforts the Debtor had undertaken to gather the necessary information to properly evaluate, attempt to consensually resolve and/or otherwise respond to the Claim. On the same day, Consul-Tech filed its Opposition.

5. Since January 2020, when the Motion was filed, the Debtor has engaged in numerous efforts to obtain the necessary information to properly evaluate the Claim from PREMA, COR3 and other relevant agencies which allegedly received services from Consul-Tech. The Debtor has received and reviewed hundreds of documents ranging from invoices, certifications, task orders, among other documents, from multiple agencies. The documentation is not electronically stored or available and the Debtor has had to request physical access to all the files and documents. The process of requesting documentation and additional information has been and continues to be ongoing.

6. The process of obtaining additional documents has been delayed by the emergencies associated with COVID-19 and the eartquakes as detailed by the Debtor in its Extension Motion. The Debtor's employees – with limited exceptions – are working remotely. This limits the ability to obtain access to physical files and other information in each agency that

may be necessary to properly evaluate and respond to the Motion. What additionally complicates and delays the gathering of the relevant documents is that Consul Tech alleges it provided services to over twenty agencies (Motion at ¶ 6), which means the gathering of documents requires coordination with multiple parties.

7. Further, considering the documents that the Debtor has received and evaluated to date, the Claim asserted by Consul-Tech does not match the amounts reflected in the documents that the Debtor has been able to obtain and review.

8. As a result of the above, as early as March 20, 2020 – in an effort to evaluate a consensual resolution of the Claim and to expedite access to documents necessary to properly reconcile and evaluate the Claim during the emergency restrictions - the Debtor requested that Consul-Tech provide certain supporting documentation. The Debtor followed up on its request in April 6, 2020 and on May 7, 2020. As of today, the Debtor has not received any of the documents requested from Consul-Tech—a fact the Opposition conveniently fails to mention.

9. Moreover, Movant incorrectly asserts in its Opposition that the Urgent Motion is procedurally deficient for failing to disclose that Movant would object. Consul-Tech neglects that paragraph 10 of the Extension Motion prominently discloses that Consul-Tech had denied its consent to the Extension Motion.[3] To that extent, the Debtor clarifies that while Consul-Tech had advised that it did not consent to the Extension Motion, it had not advised that it would file the Opposition. This is why no mention of the Opposition was made in the Extension Motion.

10. The Debtor reiterates that the main purpose of the Extension Motion was to allow for the exchange and review of information and documents between the Debtor and Consul-Tech

---

[3] The inclusion in the urgent certification in paragraph 13 that "no party opposes the relief requested herein" was a typo and should have read "no party, other than Movant, opposes the relief requested herein" consistent with the disclosure made, to that effect, in paragraph 10.

4

to attempt reach a consensual resolution that could resolve the Motion and to allow additional time to access the physical files relating to the claim once the emergency order allows it. However, the Extension Motion is not a waiver of any of Debtor's rights or defenses against the Motion and any claims asserted by Consul Tech, including, but not limited to, pursuant to PROMESA section 305. If the Extension Motion is not granted, the Debtor respectfully requests an extension through at least May 20, 2020, to file its objection to the Motion.

**WHEREFORE**, for the reasons set forth above, the Debtor requests the Court to enter the Proposed Order attached to the Extension Motion [ECF No. 13089] and grant it such other relief as is just and proper.

Dated: May 12, 2020
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*