# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND PUERTO RICO ELECTRIC POWER AUTHORITY FOR RELEASE OF INSURANCE PROCEEDS FOR EARTHQUAKE LOSSES**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as PREPA's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable in this Title III case by section 301(a) of PROMESA requesting entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), providing that: (i) PREPA may accept from certain of its Insurers (the "Insurers") an immediate advance payment of $25,000,000 (the "Advance Payment") as payment of insurance proceeds under certain commercial property insurance policies issued to PREPA by the Insurers for the policy period May 31, 2019 to May 31, 2020 (the "Property Insurance") for PREPA's earthquake-related property damage losses; (ii) no third party upon whom this Motion is served (the "Service Parties") shall be permitted to interfere with the transfer of the Insurance Proceeds to PREPA; and (iii) the Insurers shall not be subject to claims of the Service Parties with respect to the Advance Payment. Additionally, the Oversight Board, on behalf of PREPA, requests the Court to approve PREPA's proposed procedures to expedite the payment of future payments to PREPA for its earthquake-related losses, which procedures are similar to the procedures that the Court approved in its December 20, 2017 Order (Doc. 514) authorizing the receipt of insurance payments for PREPA's Hurricane Maria related losses.

PREPA intends to use the Advance Payment and any future payments on account of the Property Insurance (collectively the "Insurance Proceeds") to repair, replace, or reconstruct damaged or destroyed property covered by the Property Insurance, and/or to mitigate losses incurred in connection with PREPA's earthquake-related losses. The Oversight Board believes

PREPA's creditors do not have a claim against or interest in the Insurance Proceeds and does not believe that PREPA is required to obtain the Court's approval to receive or utilize the Insurance Proceeds. Nonetheless, the Insurers have requested that PREPA obtain the Proposed Order from this Court prior to releasing any funds.

Receipt of the Insurance Proceeds is critical. Repair and restoration costs related to earthquake damage have significantly strained PREPA's already fragile financial state, and the Insurance Proceeds are needed to fund necessary repairs and mitigate losses. Further, PREPA's inability to fund certain repair and restoration projects may affect PREPA's ability to provide adequate generating capacity to fulfill any increased demand from customers during the summer months. Thus, PREPA's ability to continue its restoration and recovery efforts depends, in part, on the prompt receipt of the Insurance Proceeds.

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction and property jurisdiction over this matter pursuant to PROMESA sections 306(a) and (b).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicate for the relief sought herein is PROMESA section 315(a)(3) and Bankruptcy Code section 105(a), made applicable in this Title III case by PROMESA section 301(a).

## BACKGROUND

### I. PREPA Sustained Substantial Earthquake-Related Losses.

4. In January 2020, PREPA suffered substantial insured losses as a result of earthquake-related damages, particularly on the south side of the Island.

5. Property damage was especially significant at PREPA's Costa Sur generating plant, which supplied approximately 26% of PREPA's base load generating capacity before the January earthquakes.

6. The Costa Sur plant remains offline, resulting in a significant loss of electric generating capacity.

7. PREPA continues to work with its Insurers to adjust its earthquake-related losses and prepare repair or replacement estimates. The full extent of PREPA's losses are unknown at this time, but certain Insurers are prepared to make the Advance Payment and are considering the payment of additional Insurance Proceeds.

8. The prompt commencement of repairs and other restoration efforts is critical to PREPA's ability to ensure sufficient power to the Island of Puerto Rico. However, absent receipt of the Advance Payment, PREPA's ability to commence these projects and ensure the adequate supply of power to Puerto Rico will be materially impaired.

II. **The Insurance Proceeds Are Not Available to Pay Creditors.**

9. The Property Insurance consists of certain insurance policies and/or slips (the "Policies"). Each Insurer insured its several quota-share percentage of the risk, subject to the Policies' terms, conditions, provisions, and exclusions. The Policies were in effect during the time that PREPA suffered earthquake-related loss or damage.

10. PREPA is entitled to the full benefits of the Insurance Proceeds. No other person or entity holds any interest in the property at issue, and PREPA represents and warrants that it has not assigned the Property Insurance or its claims arising thereunder to any other person or entity. The Insurance Proceeds will be used by PREPA to fund repairs or mitigation for earthquake damage and earthquake related losses suffered by PREPA ("Earthquake Losses"), and PREPA is

4

entitled to receive and use the Insurance Proceeds free and clear of any claims of any of its creditors.

11. Further, holders of bonds issued by PREPA (the "Bonds") pursuant to that certain trust agreement, dated as of January 1, 1974 (as amended and supplemented from time to time, the "Trust Agreement"), between PREPA and U.S. Bank National Association, as successor trustee, do not have a claim against the Insurers or PREPA arising from the Insurers' payment of the Insurance Proceeds to PREPA. Section 707 of the Trust Agreement provides that insurance proceeds remitted to PREPA are to be applied to the repair, replacement or reconstruction of damaged or destroyed property, and not to payment of the Bonds. In pertinent part, Section 707 states:

> All such policies shall be for the benefit of the Authority, shall be made payable to the Authority and shall be deposited with the Treasurer, and the Treasurer shall have the sole right to receive the proceeds of such policies and to collect and receipt [sic] for claims thereunder. The proceeds of any and all such insurance shall be deposited by the Treasurer in the name of the Authority in a Depositary
> . . .
> The proceeds of all insurance policies referred to in this Section shall be available for, and shall to the extent necessary be applied to, the repair, replacement or reconstruction of the damaged or destroyed property, and shall be disbursed in the manner provided by Section 402 of this Agreement for disbursements from the Construction Fund . . . .

Trust Agreement § 707.

12. PREPA will use the Insurance Proceeds to pay for Earthquake Losses that are covered by the Property Insurance. The expenditures will be tracked, consistent with PREPA's internal policies and procedures, to ensure they are properly allocated to pay for Earthquake Losses covered by the Property Insurance. Thus, there are no creditors who may lay claim to the Insurance

Proceeds, and the Insurers should not be exposed to claims from PREPA's creditors that might result in double-payment of Insurance Proceeds.

### III. Future Payments of Insurance Proceeds

13. Although this Motion contemplates an Advance Payment of $25,000,000, PREPA's Property Insurance covers up to $525,000,000 in losses after satisfaction of a $25,000,000 deductible. In light of the massive Earthquake Losses, PREPA expects to seek and receive additional Insurance Proceeds payable under the Property Insurance in the future.

14. To expedite PREPA's receipt of such Insurance Proceeds in the future, PREPA and the Oversight Board propose the following procedures and protections with respect to additional payments to PREPA of Insurance Proceeds under the Policies, which are similar to those set forth in the December 20, 2017 Order (Doc. 514):

   a. No Service Party shall interfere with the Insurers' transfer of the Insurance Proceeds to PREPA.

   b. PREPA shall utilize and distribute the Insurance Proceeds solely to pay for Earthquake Losses in compliance with § 707 of the Trust Agreement.

   c. No Service Party shall interfere with PREPA's application or use of the Insurance Proceeds.

   d. Notwithstanding any claims that Service Parties may have against PREPA if Insurance Proceeds are not applied by PREPA in accordance with subparagraph (b), the Insurers shall not be subject to claims of the Service Parties with respect to the payment of the Insurance Proceeds to PREPA in accordance with the proposed Order, and payment of an amount of Insurance Proceeds to PREPA shall satisfy the Insurers' obligations under the applicable Property Insurance in the amount so paid.

6

No Service Party shall have any claim against the Insurers in respect of the obligation so satisfied by payment of that amount of Insurance Proceeds.

15. With respect to any future payments of Insurance Proceeds payable to PREPA on account of the Property Insurance:

   a. PREPA, after consultation with the Oversight Board, shall provide to attorneys for the Official Committee of Unsecured Creditors appointed in this case, the Oversight Board, the Trustee under the Trust Agreement, counsel to National Public Finance Guaranty Corporation ("National"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), Syncora Guaranty Inc. ("Syncora"), and the Ad Hoc Group of PREPA's bondholders (the "Ad Hoc Group," and collectively, the "Notice Parties") written notice (each, a "Supplemental Insurance Payment Notice") containing the following:

      i. The amount of Insurance Proceeds the Insurers are prepared to remit to PREPA;

      ii. The Policy pursuant to which such Insurance Proceeds would be paid;

      iii. A copy of the Policy and agreement pursuant to which such Insurance Proceeds would be paid; and

      iv. A description of PREPA's contemplated usage of such Insurance Proceeds, with sufficient detail and supporting documentation to enable the Notice Parties to confirm that PREPA's contemplated usage complies with section 14(b) above.

   b. Recipients of a Supplemental Insurance Payment Notice shall have seven (7) calendar days from the date of service of a Supplemental Insurance Payment Notice (the "Review Period") to provide attorneys for the Oversight Board and the other Notice Parties written notice of any objection to payments specified in the applicable Supplemental Insurance Payment Notice.

   c. Following the expiration of the Review Period, if no objections are received, the terms of the Proposed Order shall be deemed to apply to the additional payments under the Property Insurance specified in such Supplemental

7

    Insurance Payment Notice, and such payments shall be treated as Insurance Proceeds under the Proposed Order and shall be entitled to the terms of sections 14(a) and 14(c) of this Motion. For the avoidance of doubt, additional payments under the Property Insurance specified in a Supplemental Insurance Payment Notice, once remitted to PREPA by the Insurers, shall be subject to the terms of section 14(d) of this Motion.

  d. During the Review Period, PREPA and any objecting party shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, any objections to payments specified in the applicable Supplemental Insurance Payment Notice.

  e. To the extent a motion to challenge any payment specified in a Supplemental Insurance Payment Notice is filed with the Court, the Court shall hear argument on any such motion as soon as the Court's calendar permits.

16. Except as expressly stated herein, the Proposed Order would not limit any party's rights and, for the avoidance of doubt, would not be interpreted to prejudice the rights and interests of holders and/or insurers of PREPA's Bonds. All rights of such parties to take any actions necessary to protect their rights with respect to any action outside the scope of the Proposed Order or with respect to any agreement with creditors shall be preserved.

17. Immediately upon entry by the Court of the Proposed Order, the Oversight Board, as PREPA's representative in the Title III case, is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

## **RELIEF REQUESTED**

18. By this Motion, PREPA seeks an order confirming that, with respect to PREPA's receipt and use of the Insurance Proceeds: (i) PREPA may accept from certain of its Insurers an immediate Advance Payment of $25,000,000 as payment of Insurance Proceeds under the Policies for earthquake-related property damage losses; (ii) no Service Party shall be permitted to interfere with the transfer of the Advance Payment to PREPA or PREPA's use of the Advance Payment;

8

and (iii) the Insurers shall not be subject to claims of the Service Parties with respect to the Insurance Proceeds. Additionally, PREPA and the Oversight Board request that the Court approve PREPA's proposed procedures in connection with future payments of insurance proceeds payable under the Property Insurance.

19. To facilitate the payment of the Insurance Proceeds, PREPA seeks entry of the Proposed Order pursuant to Bankruptcy Code section 105(a). Moreover, to the extent required under PROMESA section 305, the Oversight Board has consented to the relief requested herein.

## BASIS FOR RELIEF

20. PROMESA section 315(a)(3) provides that the "[f]or the purposes of this title, the Oversight Board may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including . . . otherwise generally submitting filings in relation to the case with the court." The Motion is required to allow PREPA access to crucial funding that will allow the expedient restoration of the Costa Sur plant and other insured properties of PREPA that suffered earthquake damage, and is therefore beneficial to PREPA's operations and ultimately its restructuring efforts.

21. Section 105(a) of the Bankruptcy Code provides, in relevant part, that: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), as incorporated by reference into PROMESA pursuant to section 301(a) thereof, the Court has expansive equitable powers to fashion any order or decree that carries out PROMESA. *See, e.g.*, *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . .

9

is that equitable principles govern."); *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

22. Certain of PREPA's Insurers have indicated that given these Title III proceedings, they require assurance that the payment of the Insurance Proceeds will not be subject to creditor claims, and that creditors may not otherwise pursue claims against the Insurers on account of the payment of the Insurance Proceeds. PREPA has represented to the Insurers that required such assurances, by way of a Certification issued on April 16, 2020 by PREPA's insurance producer, EIR Broker's Corp. (the "Insurance Certification"), that there are no third parties having a direct interest in the property insured and there are no loss payees or mortgagees with an interest in the property insured. The Insurance Certification has not changed in any way as of the date of filing of this Motion and PREPA warrants that prior to the issuance of the order requested herein, it will not request from EIR Broker's Corp. or any other insurance producer the inclusion of any loss payees or mortgagees in the Policies, without one or more Insurers' written consent, which shall not be unreasonably withheld. Moreover, the relief sought herein is similar in nature to that previously approved by the Court in connection with insurance proceeds paid to PREPA following Hurricane Maria.[2]

23. No party other than PREPA may claim an interest in the Insurance Proceeds because PREPA is the named insured under the Property Insurance, PREPA is the owner of the property at issue, and PREPA has not authorized insurance payments relating to earthquake losses to be made to any other person or entity as a loss payee. Moreover, as set forth in section 707 of

---

[2] *In re Financial Oversight and Management Board for Puerto Rico as Representative of Puerto Rico Electric Power Authority*, No. 17-bk-4780, ECF No. 514, December 20, 2017.

the Trust Agreement, the Property Insurance is for the benefit of PREPA. PREPA respectfully requests the Court's assistance in entering an Order providing the Insurers with assurance that they may release the Insurance Proceeds without exposure to duplicative liability to the Service Parties.

## NOTICE

24. PREPA has provided notice of this Motion to: (i) the Office of the United States Trustee for the District of Puerto Rico; (ii) the indenture trustees and/or agents, as applicable, for PREPA's Bonds; (iii) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain the Trade Finance Facility Agreement, dated as July 20, 2012; (iv) the Ad Hoc Group; (v) National, Assured, and Syncora; (vi) the statutory unsecured claimholders' committee appointed in this Title III Case; (vii) the Office of the United States Attorney for the District of Puerto Rico; (viii) counsel to AAFAF; (ix) all parties who have appeared and requested notice in PREPA's Title III case; and (x) the Puerto Rico Department of Justice.

WHEREFORE, PREPA respectfully requests the Court (a) enter the Proposed Order granting the Motion, and (b) grant PREPA such other relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 12, 2020.
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com
Email: carla.garcia@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: sratner@proskauer.com
Email: tmungovan@proskauer.com

Marc Eric Rosenthal (*pro hac vice)*
**PROSKAUER ROSE LLP**
70 West Madison
Suite 3800
Chicago, IL 60602-4342
Tel: (312) 962-3550
Fax: (312) 962-3551
mrosenthal@proskauer.com
pposinger@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative of the Puerto Rico Electric Power Authority*

*/s/Eduardo Corretjer*
Eduardo Corretjer
USDC-PR 224113

**CORRETJER, L.L.C**
625 Ponce de León Ave.
San Juan, Puerto Rico 00917-4819
Tel: (787) 751-4618
Fax: (787) 759-6503
E-Mail: ejcr@corretjerlaw.com

Shelby S. Guilbert, Jr.
(*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
E-Mail: sguilbert@KSLAW.com

*Attorneys for the Puerto Rico Electric Power Authority*

**EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Order relates only to PREPA, and shall be filed in Case No. 17 BK 4780-LTS** |

**[PROPOSED] ORDER GRANTING MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND PUERTO RICO ELECTRIC POWER AUTHORITY FOR RELEASE OF INSURANCE PROCEEDS FOR EARTHQUAKE LOSSES**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the Motion of Financial Oversight And Management Board For Puerto Rico and Puerto Rico Electric Power Authority For Release Of Insurance Proceeds For Earthquake Losses [ECF No. ___] (the "Motion"),[1] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and Insurers having consented to the relief requested by the Motion; and the Court having found the Oversight Board and PREPA provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief as set forth herein,

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED:**

1. The Motion is GRANTED only to the extent set forth herein.

2. Insurers may pay the Advance Payment of $25,000,000 to PREPA under the Property Insurance on account of losses it incurred as a result of earthquake damage incurred during the period of the Policies ("Earthquake Losses").

3. No Service Party shall interfere with the Insurers' transfer of the Advance Payment to PREPA.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

4. PREPA shall utilize and distribute the Advance Payment solely to pay for Earthquake Losses in compliance with the Trust Agreement.

5. No Service Party shall interfere with PREPA's application or use of the Advance Payment.

6. Notwithstanding any claims that Service Parties may have against PREPA if Insurance Proceeds are not applied by PREPA in accordance with this Order, the Insurers shall not be subject to claims of the Service Parties with respect to the payment of the Advance Payment to PREPA in accordance with this Order, and payment of the Advance Payment to PREPA shall satisfy the Insurers' obligations under the applicable Property Insurance in the amount so paid. No Service Party shall have any claim against the Insurers in respect of the obligation so satisfied by payment of the Advance Payment.

7. With respect to any future payments of Insurance Proceeds payable to PREPA on account of the Property Insurance:

    a. PREPA, after consultation with the Oversight Board, shall provide to attorneys for the Official Committee of Unsecured Creditors appointed in this case, the Oversight Board, the Trustee under the Trust Agreement, counsel to National Public Finance Guaranty Corporation ("National"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), Syncora Guaranty Inc. ("Syncora"), and the Ad Hoc Group of PREPA's bondholders (the "Ad Hoc Group," and collectively, the "Notice Parties") written notice (each, a "Supplemental Insurance Payment Notice") containing the following:

        i. The amount of Insurance Proceeds the Insurers are prepared to remit to PREPA;

        ii. The Policy pursuant to which such Insurance Proceeds would be paid;

        iii. A copy of the Policy and agreement pursuant to which such Insurance Proceeds would be paid; and

3

      iv.    A description of PREPA's contemplated usage of such Insurance Proceeds, with sufficient detail and supporting documentation to enable the Notice Parties to confirm that PREPA's contemplated usage complies with section 4 above.

  a.    Recipients of a Supplemental Insurance Payment Notice shall have seven (7) calendar days from the date of service of a Supplemental Insurance Payment Notice (the "Review Period") to provide attorneys for the Oversight Board and the other Notice Parties written notice of any objection to payments specified in the applicable Supplemental Insurance Payment Notice.

  b.    Following the expiration of the Review Period, if no objections are received, the terms of this Order shall be deemed to apply to the additional payments under the Property Insurance specified in such Supplemental Insurance Payment Notice, and such payments shall be subject to the same protections as set forth in this Order for the Advance Payment under this Order and shall be entitled and subject to the terms of sections 3 and 5 of this Order. For the avoidance of doubt, additional payments under the Property Insurance specified in a Supplemental Insurance Payment Notice, once remitted to PREPA by the Insurers, shall be entitled and subject to the terms of section 6 of this Order.

  c.    During the Review Period, PREPA and any objecting party shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, any objections to payments specified in the applicable Supplemental Insurance Payment Notice.

  d.    To the extent a motion to challenge any payment specified in a Supplemental Insurance Payment Notice is filed with the Court, the Court shall hear argument on any such motion as soon as the Court's calendar permits; provided that until such time as the Court decides any such Motion, the provisions of paragraphs 3, 5, and 6 of this Order shall not apply to the challenged payment.

8.    Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights and, for the avoidance of doubt, shall not be interpreted to prejudice the rights and interests of holders and/or insurers of PREPA's power revenue bonds. All rights of such parties

4

to take any actions necessary to protect their rights with respect to any action outside the scope of this Order or with respect to any agreement with creditors shall be preserved.

9. Immediately upon entry by the Court of this Order the Oversight Board, as PREPA's representative in the Title III case, is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

10. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

SO ORDERED.

Dated:_____

_____
HON. LAURA TAYLOR SWAIN
United States District Judge