# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK- 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee<br><br>Defendants. | |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>     as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>                   Plaintiff,<br>v.<br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY and THE BANK OF NEW YORK MELLON, as Trustee<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>     as a representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>     Plaintiff,<br>v.<br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

**JOINT INFORMATIVE MOTION IN COMPLIANCE WITH ORDER GRANTING OPPOSED URGENT MOTION OF THE GOVERNMENT PARTIES FOR LEAVE TO FILE SUR-REPLIES AND TO ADJOURN THE PRELIMINARY HEARING REGARDING THE REVENUE BOND LIFT STAY MOTIONS TO JUNE 4, 2020 [ECF No. 13068]**

To the Honorable United States District Judge Laura Taylor Swain:

1.  The Commonwealth of Puerto Rico ("Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together, "Assured"), National Public Finance Guarantee Corporation ("National"), and Financial Guaranty Insurance Company ("FGIC") (and, together with Ambac, Assured, and National, the "Monolines"), The Bank of New York Mellon, as trustee and fiscal agent ("BNYM"), and U.S. Bank Trust National Association, as trustee ("U.S. Bank"), (collectively, the "Parties")[2] respectfully submit this joint informative motion (the "Informative Motion") in compliance with the *Order Granting Opposed Urgent Motion of the Government Parties for Leave to File Sur-Replies and to Adjourn the Preliminary Hearing Regarding the Revenue Bond Lift Stay Motions to June 4 2020* [ECF No. 13068] (the "Sur-reply Order"). The Sur-reply Order directed the Parties to meet and confer regarding the schedule in connection with the motions for partial summary judgment in Adversary Proceeding Nos. 20-003, 20-004, and 20-005 (the "Motions for Partial Summary Judgment") and to file, no later than 5:00 p.m. (Atlantic Standard Time) on May 13, 2020, an informative motion either proposing a consensual modified schedule or identifying any disputes regarding any requested modifications to the current schedule.

2.  For context, the Parties note that, pursuant to this Court's Order dated April 8, 2020 [ECF No. 50]: responses to the Motions for Partial Summary Judgment are currently due to be filed by May 27, 2020, at 5 p.m. (Atlantic Standard Time); replies in support of the Motions for Partial Summary Judgment are due to be filed by June 16, 2020, at 5 p.m. (Atlantic Standard Time); and, the hearing

---

[2] Counsel for the Official Committee of Unsecured Creditors (the "Committee") has indicated that the Committee takes no position regarding this informative motion.

related thereto is currently scheduled to be held on June 23, 2020, in New York, at a time (along with hearing logistics) to be determined by the Court.

3. In accordance with the Sur-reply Order, the Parties met and conferred by telephone on May 11, 2020, and thereafter exchanged several emails in an effort to arrive at an agreed schedule. While those discussions were productive and the Parties reached agreement on almost all issues, judicial intervention is necessary regarding an issue raised by the Monolines pertaining to the hearing date for approval of any future Disclosure Statement.

4. The Parties report they are in agreement with respect to the following adjustments to the existing schedule:

   a. The Parties' obligation to meet and confer regarding the impact of any rulings regarding the Lift Stay Motions[3] shall take place on or before June 25, 2020;

   b. Responses to the Motions for Partial Summary Judgment shall be filed on July 1, 2020, at or before 5:00 p.m. (Atlantic Standard Time); and

   c. Replies in support of the Motions for Partial Summary Judgment shall be filed on August 3, 2020, at or before 5 p.m. (Atlantic Standard Time).

   d. The hearing on the Motions for Partial Summary Judgment is requested to be August 13, 2020 (with the logistics and exact time of the hearing to be determined by the Court). If the Court cannot conduct the hearing on August 13, the Parties request the hearing be on August 12, 2020.[4]

5. The Parties disagree with respect to whether the hearing should be linked in some way

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Court's March 10, 2020 *Final Case Management Order for Revenue Bonds* [ECF No. 12186].

[4] Should the Court believe a proposed August 12 or 13, 2020, hearing date does not allow the Court adequate time to prepare for the hearing, the Parties propose that an equal amount of time be subtracted from the proposed response deadline for the Monolines' opposition and Commonwealth reply deadlines set forth in paragraph 4 herein.

to the timing of the Disclosure Statement hearing, and whether the Court can or should decide that issue now. Specifically, the Commonwealth submits that the scheduling of any Disclosure Statement hearing should be noticed and heard independent and irrespective of when a hearing takes place with respect to the hearing on the Motions for Partial Summary Judgment. The Monolines believe that the hearing on any Disclosure Statement be held no less than two weeks after the hearing on the Motions for Partial Summary Judgment, but also that it is premature for the Court to decide when the Disclosure Statement hearing should occur before a schedule for objections has even been proposed.

**The Commonwealth's Position**

6. The Commonwealth submits there is no reason to – as the Monolines suggest – link the timing of the hearing on the Motions for Partial Summary Judgment to any Disclosure Statement hearing. From inception, both matters have proceeded on separate and independent tracks. There is no reasoned basis to change course now. The timing of the hearing on the Disclosure Statement should be guided by the status report that is required to be filed with the Court no later than July 15, 2020. In that report, the Oversight Board will either propose a date for the hearing or suggest the filing of an additional status report at some point in the future. To date, and in various pleadings filed with the Court, the Monolines have sought to delay the Disclosure Statement timeline. While the health and economic condition of Puerto Rico will drive the timing of a Disclosure Statement and the confirmation process, the Monolines' position here is unwarranted and consistent with their prior approach. Whatever rulings the Court issues with respect to the Motions for Partial Summary Judgment may be informative and taken into account at the Disclosure Statement hearing phase, but neither one is dispositive of the other (particularly in favor of the Monolines' position),[5] and tying the timing of the two together risks delaying one or the other – or both – for no good reason. If there is a basis to bring a motion for approval of a

---

[5] A denial of the Commonwealth's Motions for Partial Summary Judgment means only that there are material issues of disputed fact that need to be resolved in a contested hearing. The Monolines chose not to file summary judgment motions of their own.

5

Disclosure Statement, the Commonwealth (or any other debtor) should be able to do so without linking it to a hearing on another motion, and any party in interest can raise whatever objections are just and proper at that time. Prejudging the calendaring of a Disclosure Statement hearing is premature and inconsistent with the terms of the meet and confer directed by the Court in the Sur-reply Order – which addressed only the Motions for Partial Summary Judgment.

7. For all these reasons, the Commonwealth respectfully requests the Court to enter an order substantially in the form attached hereto as **Exhibit A**.

**The Defendants' Position**

*8.* The Monolines believe that the hearing on the Motions for Partial Summary Judgment should occur at least two weeks before any hearing on a motion seeking approval of the Disclosure Statement. This would preserve the original staging of the revenue bond Motions for Partial Summary Judgment and motion for approval of the Disclosure Statement and ensure that the objections to and hearing on the Disclosure Statement are appropriately tailored. As the new schedule on the motion for approval of the Disclosure Statement has not even been submitted to the Court for consideration, the Oversight Board's objection to the Monolines' position on the relative timing of the hearings is premature, academic, and likely to be mooted by actual events. The Oversight Board's suggestion that the Monolines have sought to delay consideration of the Disclosure Statement for the purpose of delay is false. The Monolines have been and continue to be focused on ensuring that the cases proceed in an orderly manner and that key gating revenue bond-related issues (which the Oversight Board itself has acknowledged are gating issues) are considered and decided before the disclosure statement hearing. The Monolines reserve all rights in this regard, including to object to any proposed schedule relating to the Disclosure Statement on the basis that there is insufficient time between the hearing on the Motions for Partial Summary Judgment and the Disclosure Statement hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 13, 2020
San Juan, Puerto Rico

By: */s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Michael Mervis (*pro hac vice*)

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
brosen@proskauer.com
ebarak@proskauer.com
mmervis@proskauer.com

Michael A. Firestein (*pro hac vice)*
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors*

By: */s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors*

| | |
|---|---|
| **FERRAIUOLI LLC** | **REXACH & PICÓ, CSP** |
| By: */s/Roberto Cámara-Fuertes*<br>Roberto Cámara-Fuertes<br>(USDC-PR No. 219002)<br>Sonia Colón (USDC-PR No. 213809)<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917<br>Telephone: (787) 766-7000<br>Facsimile: (787) 766-7001<br>Email: rcamara@ferraiuoli.com<br>scolon@ferraiuoli.com | By: */s/ María E. Picó*<br>María E. Picó<br>(USDC-PR No. 123214)<br>802 Ave. Fernández Juncos<br>San Juan, PR 00907-4315<br>Telephone: (787) 723-8520<br>Facsimile: (787) 724-7844 Email:<br>mpico@rexachpico.com |
| **MILBANK LLP** | **BUTLER SNOW LLP** |
| By: */s/Dennis F. Dunne*<br>Dennis F. Dunne (admitted *pro hac vice*)<br>Atara Miller (admitted *pro hac vice*)<br>Grant R. Mainland (admitted *pro hac vice*)<br>John J. Hughes, III (admitted *pro hac vice*)<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>Email: ddunne@milbank.com<br>amiller@milbank.com<br>gmainland@milbank.com<br>jhughes2@milbank.com | By: */s/ Martin A. Sosland*<br>Martin A. Sosland (admitted *pro hac vice*) 5430 LBJ Freeway, Suite 1200<br>Dallas, TX 75240<br>Telephone: (469) 680-5502<br>Facsimile: (469) 680-5501<br>Email: martin.sosland@butlersnow.com<br>Jason W. Callen (admitted *pro hac vice*) 150 3rd Ave., S., Suite 1600<br>Nashville, TN 37201<br>Telephone: (615) 651-6774<br>Facsimile: (615) 651-6701<br>Email: jason.callen@butlersnow.com |
| *Attorneys for Ambac Assurance Corporation* | *Attorneys for Financial Guaranty Insurance Company* |

| | |
|---|---|
| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |
| By: /s/*Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> (USDC-PR No. 204809) <br> Ricardo F. Casellas-Sánchez <br> (USDC-PR No. 203114) <br> Diana Pérez-Seda <br> (USDC-PR No. 232014) <br> P.O. Box 364924 <br> San Juan, PR 00936-4924 <br> Telephone: (787) 756-1400 <br> Facsimile: (787) 756-1401 <br> Email: hburgos@cabprlaw.com <br>          rcasellas@cabprlaw.com <br>          dperez@cabprlaw.com <br><br> ***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*** | By: /s/*Howard R. Hawkins, Jr.* <br> Howard R. Hawkins, Jr. (admitted *pro hac vice*) <br> Mark C. Ellenberg (admitted *pro hac vice*) William J. Natbony (admitted *pro hac vice*) <br> Ellen M. Halstead (admitted *pro hac vice*) Thomas J. Curtin (admitted *pro hac vice*) Casey J. Servais (admitted *pro hac vice*) 200 Liberty Street <br> New York, NY 10281 <br> Telephone: (212) 504-6000 <br> Facsimile: (212) 504-6666 <br> Email: howard.hawkins@cwt.com <br>          mark.ellenberg@cwt.com <br>          bill.natbony@cwt.com <br>          ellen.halstead@cwt.com <br>          thomas.curtin@cwt.com <br>          casey.servais@cwt.com <br><br> ***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*** |
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** | **WEIL, GOTSHAL & MANGES LLP** |
| By: /s/*Eric Pérez-Ochoa* <br> Eric Pérez-Ochoa <br> USDC-PR No. 206,314 <br> Luis A. Oliver-Fraticelli <br> USDC-PR No. 209,204 <br> 208 Ponce de Leon Ave., Suite 1600 San Juan, PR 00936 <br> Telephone: (787) 756-9000 <br> Fax: (787) 756-9010 <br> Email: epo@amgprlaw.com <br>          loliver@amgprlaw.com <br><br> ***Attorneys for National Public Finance Guarantee Corp.*** | By: /s/*Jonathan Polkes* <br> Jonathan Polkes (admitted *pro hac vice*) Gregory Silbert (admitted *pro hac vice*) Robert Berezin (admitted *pro hac vice*) Kelly DiBlasi (admitted *pro hac vice*) Gabriel A. Morgan <br> 767 Fifth Avenue <br> New York, NY 10153 <br> Telephone: (212) 310-8000 <br> Fax: (212) 310-8007 <br> Email: <br>          jonathan.polkes@weil.com <br>          gregory.silbert@weil.com <br>          robert.berezin@weil.com <br>          kelly.diblasi@weil.com <br>          gabriel.morgan@weil.com |

*Attorneys for National Public Finance Guarantee Corp.*

**REED SMITH LLP**

By: */s/Eric A. Schaffer*
Eric A. Schaffer (admitted *pro hac vice*)
Luke A. Sizemore (admitted *pro hac vice*)
Jared S. Roach (admitted *pro hac vice*) 225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email:
eschaffer@reedsmith.com
lsizemore@reedsmith.com
jroach@reedsmith.com

*Attorneys for The Bank of New York Mellon*

**SEPULVADO, MALDONADO & COURET**

By: */s/Albéniz Couret Fuentes*
Albéniz Couret Fuentes (USDC-PR No. 222207)
304 Ponce de León Ave. Suite 990 San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email:
acouret@smclawpr.com

*Attorneys for The Bank of New York Mellon*

**HOGAN LOVELLS US LLP**

By: */s/ Ronald Silverman*
Ronald Silverman (*pro hac vice*)
Robin Keller (*pro hac vice*)
390 Madison Avenue
New York, New York 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: Ronald.silverman@hoganlovells.com
Robin.keller@hoganlovells.com

*Attorneys for U.S. Bank Trust National Association, as Trustee*

**RIVERA, TULLA, AND FERRER LLC**

By: */s/Eric A. tulla*
Eric A. Tulla
USDC-DPR No. 118313
Email: etulla@ riveratulla.com
Iris J. Cabrera-Gómez
USDC-DPR No. 221101
Email: icabrera@ riveratulla.com
Rivera Tulla & Ferrer Building 50 Quisqueya Street
San Juan, PR 00917-1212
Telephone: (787) 753-0438
Facsimile: (787) 767-5784

*Counsel for U.S. Bank Trust National Association, as Trustee*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

# EXHIBIT A

**Proposed Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[6] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00003-LTS |

---

[6] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK- 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee<br><br>Defendants.<br><br>In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>              Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY and THE BANK OF NEW YORK MELLON, as Trustee<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

**[PROPOSED] ORDER MODIFYING SCHEDULE REGARDING MOTIONS FOR PARTIAL**

**SUMMARY JUDGMENT**

Upon consideration of the *Joint Informative Motion in Compliance with Order Granting Opposed Urgent Motion of the Government Parties for Leave to File Sur-Replies and to Adjourn the Preliminary Hearing Regarding the Revenue Bond Lift Stay Motions to June 4, 2020 [ECF No. 13068]*, and the Court having found that it has jurisdiction over this matter pursuant to PROMESA Section 306; and it appearing that venue in this district is proper pursuant to PROMESA Section 307; and the Court taking note of the positions of the parties and having found good cause for the relief, it is hereby ORDERED that:

The limited summary judgment motions in Adversary Proceedings Nos. 20-003, 20-004, and 20-005, authorized by paragraph 2 of the Court's March 10, 2020 *Final Case Management Order for Revenue Bonds* [ECF No. 12186] (the "Revenue Bond Order"), shall proceed on the following schedule:

1. The Parties are directed to meet and confer on or before June 25, 2020 regarding the impact of any rulings regarding the Lift Stay Motions;

2. Responses to motions for partial summary judgment shall be filed on or before July 1, 2020, at 5 p.m. (Atlantic Standard Time);

3. Replies in support of motions for partial summary judgment shall be filed on or before August 3, 2020, at 5:00 p.m. (Atlantic Standard Time); and

4. A hearing on the motions for partial summary judgment will be held in New York on August ____, 2020, at a time to be determined by the Court. Appearance logistics shall be determined as soon as practicable in view of existing circumstances.

All other dates, deadlines and terms set forth in the Revenue Bond Order shall remain in effect until further order of the Court.

SO ORDERED.

Dated: May \_\_\_, 2020

                                                                                                             Honorable Laura Taylor Swain
                                                                                                             United States District Judge