# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------ X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-4780 (LTS)
:
PUERTO RICO ELECTRIC POWER AUTHORITY :
:
    Debtor. :
------------------------------------------------------------------------ X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (A) RESPONSE TO STATUS REPORT OF GOVERNMENT PARTIES REGARDING COVID-19 PANDEMIC AND PREPA 9019 RSA MOTION [DOCKET NO. 1992 IN CASE NO. 17-4780] AND (B) STATEMENT OF POSITION REGARDING STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO REGARDING COVID-19 PANDEMIC AND PROPOSED DISCLOSURE STATEMENT SCHEDULE [DOCKET NO. 13018 IN CASE NO. 17-3283]**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits (a) its response to the *Status Report of the Government Parties Regarding the COVID-19 Pandemic and the PREPA 9019 RSA Motion*, dated May 15, 2020 [Docket No. 1992 in Case No. 17-4780] (the "PREPA Status Report") and (b) its statement of position regarding the *Status Report of the Financial Oversight and Management Board for Puerto Rico Regarding the COVID-10 Pandemic and Proposed Disclosure Statement Schedule*, dated May 1, 2020 [Docket No. 13018 in Case No. 17-3283] (the "Commonwealth Status Report").[3] In support of this response, the Committee respectfully states as follows:

## RESPONSE TO PREPA STATUS REPORT

1. On January 3, 2020, the Court issued an order in the PREPA case [Docket No. 1855 in Case No. 17-4780] (the "Termination Order") terminating the Committee's objection to the PREPA bondholders' claims (the "PREPA Claim Objection"). The Court reasoned that it would first hear and rule upon the motion to approve the settlement embodied by the PREPA RSA (the "PREPA 9019 Motion"), which, in the Court's view, could moot the PREPA Claim Objection. At the time the Court issued the Termination Order, the hearing on the PREPA 9019 Motion was expected to occur by the end of March 2020.[4] The hearing has now been adjourned without date.

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the PREPA Status Report and the Commonwealth Status Report, as applicable.

[4] By order dated, December 27, 2019, the Court vacated, at the request of the Government Parties, the January 14, 2020 hearing on the PREPA 9019 motion. By order dated January 7, 2020, the Court rescheduled, at the request of the Government Parties, the hearing on the PREPA 9019 motion for March 31, 2020 and April 1, 2020.

2.      The PREPA Status Report calls into serious question the continuing effectiveness of settlement that forms the basis of proposed PREPA restructuring, as embodied in the PREPA RSA. Indeed, as the Oversight Board notes in the PREPA Status Report:

> During this unprecedented time, the Government Parties' focus remains on ensuring the health and well-being of the people of Puerto Rico, and assessing the short- and medium-term impact of the pandemic on Puerto Rico's economy. A great deal will depend on when, how, and on what schedule Puerto Rico's economy will reopen, and the complicated nature of what a post-COVID-19 Puerto Rico and world economy will look like. Indeed, the mainland United States is facing the same issues and uncertainties. **Thus, the Oversight Board still lacks sufficient visibility into PREPA's prospects to determine the feasibility of the restructuring contemplated by the RSA.**[5]

Thus, despite the great pains the Oversight Board takes to avoid stating the obvious—*i.e.*, that there is no effective PREPA RSA today—at a minimum the Oversight Board is telling the Court that it has not yet determined whether it will go forward with such settlement.

3.      In addition, PREPA officials have made public statements which confirm the RSA no longer exists in its current form. For example, PREPA Executive Director José Ortiz is reported to have stated that the COVID-19 pandemic has opened "all the doors to rethink" the PREPA RSA,[6] that the delay in the hearing on the 9019 motion is "very important" because it is "very positive to have a correct negotiation," and that "**it may be better to move [the PREPA RSA] discussion to next year, and then we'll see the real effects in the long-term Covid-19 in Puerto Rico**."[7]

---

[5]  PREPA Status Report ⁋ 7 (emphasis added).

[6]  *PREPA Requests Extension Until May 28 to Deliver Revised Draft Fiscal Plan to PROMESA Oversight Board*, Reorg Research, May 6, 2020 (a copy of which is attached hereto as <u>Exhibit A</u>).

[7]  *PREPA Chief Signals Potential Renegotiation of RSA Will Wait for Early 2021 as Fiscal Plan Amendments*, Reorg Research, April 15, 2020 (emphasis added) (a copy of which is attached hereto as <u>Exhibit B</u>).

4. The PREPA 9019 Motion has now been pending for more than a year, since May 2019. Even before the COVID-19 pandemic, the Oversight Board had repeatedly delayed the hearing on the motion due to its lack of confidence in securing legislative approvals necessary to implement the RSA on its current terms. Based on the impact of COVID-19, the PREPA Status Report, and PREPA's recent public statements, it is now clear that the PREPA RSA is no longer viable and that no hearing on the current PREPA 9019 Motion will ever take place. Thus, the fundamental premise of the Court's order terminating the Committee's PREPA Objection, namely a proposed settlement of the challenges to the PREPA bond claims, is no longer present.

5. In light of the foregoing, the Committee submits that, absent the Oversight Board confirming that it intends to move forward with the PREPA RSA in its current form, the Court should not grant any further adjournments of the hearing on the PREPA RSA Motion, and, instead, terminate that motion, without prejudice to the Oversight Board renewing such motion if and when there is an actual settlement in place.

**STATEMENT OF POSITION REGARDING COMMONWEALTH STATUS REPORT**

6. Similar to the PREPA Status Report, the Commonwealth Status Report also indicates that the Oversight Board has abandoned, for all practical purposes, the settlement with the GO bondholders as reflected in the Oversight Board's proposed plan of adjustment, dated as of February 28, 2020 [Docket No. 11946] (the "Commonwealth Plan").[8] Importantly, the Oversight Board notes that:

> Before the Debtors' plan of adjustment and disclosure statement process can move forward, the Oversight Board must assess the pandemic's impact and the extremely difficult recovery ahead for Puerto Rico. As part of that process, and as noted above, the Oversight Board anticipates completing the process of revising the

---

[8] By order dated May 15, 2020 [Docket No. 13023], and without setting an objection deadline, the Court granted the relief requested by the Oversight Board in the Commonwealth Status Report, namely the filing of an updated status report, on or before July 15, 2020, regarding the timeline of the Commonwealth Plan.

4

> Commonwealth fiscal plan by the end of May, 2020. **When that is done, discussions with creditors can be informed by the latest projections. Accordingly, the Oversight Board is unprepared at this time to propose a schedule for the Debtors' plan and disclosure statement process** . . . [9]

While the Oversight Board avoids directly addressing the issue of whether the GO Bondholder PSA is technically still in effect, it cannot be denied that, given the impact of the COVID-19 pandemic on Puerto Rico's economy, material modifications will need to be made to the Commonwealth Plan, including the treatment of claims based on bonds issued or guaranteed by the Commonwealth (the "GO Bonds"). Moreover, there is no evidence that any agreement has been reached between the holders of GO Bonds and the Oversight Board regarding a modified Commonwealth plan of adjustment.

7. As the Court will recall, by order dated March 10, 2020 [Docket No. 12189 in Case No. 17-3283] (the "Stay Order"), the Court stayed all pending objections to claims based on the GO Bonds and related adversary proceedings, including the Committee's challenges to the alleged constitutional priority of GO Bonds [Docket No. 10638 in Case No. 17-3283],[10] pending the Court's decision regarding confirmation of the Commonwealth Plan. As the Court explained at the March 3, 2020 omnibus hearing, the Court's stay of all challenges to GO Bond claims and liens is premised on the proposed settlement of these challenges through the Commonwealth Plan:

> [T]he Amended Plan of Adjustment is the means that the Oversight Board has chosen to propose to resolve the Title III cases of the Commonwealth, ERS and PBA. Whether this proposed amended plan and the settlement of GO-PBA issues that are embedded in it will pass

---

[9] Commonwealth Status Report ¶ 13 (emphasis added).

[10] The Stay Order also stayed, among other things, the Committee's challenges to (a) the validity of claims based on GO Bonds that were issued in violation of Puerto Rico's constitutional debt limit [Docket Nos. 4784, 7057, 8141, and 9735 in Case No. 17-3283] and (b) the scope of the GO Bondholders' asserted liens [Adv. Proc. Nos. 19-291, 19-292, 19-293, 19- 294, 19-295, 19-296, and 19-297].

5

scrutiny is an issue for another day.  **But it is not prudent to continue litigating GO-PBA issues that will be resolved if the Plan of adjustment is ultimately confirmed.**

The Court further finds that the hardship resulting from continuing litigation is significant.  There is only one proposal on the table that would potentially provide a means by which the Commonwealth, PBA and ERS can adjust their debts and emerge from the Title III process.  **That proposal rests on settlement of certain of the GO-PBA issues. Requiring resolution of those issues judicially would likely disrupt the deal and send parties back to the drawing board**, potentially placing the Commonwealth, PBA and ERS in a worse position than they're in.[11]

8. Because the fundamental premise of the Court's stay of all GO Bond challenges (*i.e.*, a proposed settlement of such challenges) appears to be no longer present, the Committee believes that, absent the Oversight Board confirming that it intends to move forward with the current Commonwealth Plan, the stay should be lifted to allow the Committee to move forward with its challenge to the priority of the GO Bond claims.[12]  The Committee reserves its right to formally make such a request by separate motion.

## CONCLUSION

9. Whatever the merits of staying the Committee's pending challenges to the PREPA bonds and GO Bonds pending approval of the Oversight Board's settlements with the PREPA and GO bondholders, respectively, there is no legally cognizable basis to continue to bar

---

[11] March 4, 2020 H'g Tr. at 215:22-216:14 (emphasis added).

[12] The Committee also notes that the Oversight Board has repeatedly taken the position, and continues to take the position in connection with the revenue bond litigation, that Title III of PROMESA does <u>not</u> incorporate any Commonwealth law priorities.  For further discussion in this regard, we refer to Section I.A of the *Omnibus Response of Official Committee of Unsecured Creditors to (A) Amended Report and Recommendation of Mediation Team and (B) Joint Motion for an Order (I) Scheduling a Hearing to Consider Adequacy of Information Contained in Disclosure Statement, (II) Establishing Deadline for Filing Spanish Translation of Disclosure Statement, (III) Establishing Deadline for Filing Objections to Disclosure Statement and Replies Thereto, and (IV) Granting Related Relief*, dated February 21, 2020 [Docket No. 11482].  If the Oversight Board is able to litigate this issue in the context of the revenue bond litigation, it is surely also able to do so with respect to the GO Bonds—and there is certainly no reason why the Court would not be able to resolve this purely legal issue (despite the COVID-19 pandemic).

such challenges in the hopes of the Oversight Board will, at some point in the future, reach a new settlement with the PREPA and GO bondholders—and the Oversight Board has certainly not articulated any basis for doing so.[13] To be clear, the Committee is not trying to "rush" the Oversight Board into agreeing to imprudent settlements. The Oversight Board should take the appropriate time to evaluate the potential paths forward; however, such an evaluation does not somehow keep settlements alive that are essentially dead in light of the new economic realities. This is particularly true of the PREPA RSA with respect to which the Oversight Board had announced, long before the COVID-19 pandemic, that it did not want to move forward without obtaining legislative approval. It has now been more than a year since the filing of the PREPA 9019 Motion, and such legislative approval has yet to be obtained.

[*Remainder of page intentionally left blank.*]

---

[13] For the avoidance of doubt, the Committee is <u>not</u> requesting that the Court set hearings on the approval of the PREPA RSA and confirmation of the Commonwealth Plan. Rather, the point is that the Oversight Board is using the status reports to give the appearance that these settlements are somehow still alive in order to continue to benefit from an indefinite stay that precludes the Committee from prosecuting its challenges to the PREPA bonds and the GO Bonds.

WHEREFORE, the Committee respectfully requests that (a) the Court not grant any further adjournment of the hearing on the PREPA 9019 Motion and, instead, terminate that motion without prejudice to the Oversight Board renewing such motion at a later time, and (b) take notice of the Committee's statement of position with respect to the Commonwealth Status Report.

Dated: May 18, 2020

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*