**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------- x
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
    as representative of                             : Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                              : (Jointly Administered)
                                                                       :
    Debtors.[1]                                      :
---------------------------------------------------------------------- x
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
    as representative of                             : Case No. 17-BK-3567 (LTS)
                                                                       :
THE PUERTO RICO HIGHWAYS AND                                           :
TRANSPORTATION AUTHORITY,                                              :
                                                                       :
    Debtor.                                          :
---------------------------------------------------------------------- x

**LIMITED JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF SUR-REPLY OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO IN OPPOSITION TO MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY, OR, IN THE ALTERNATIVE, ADEQUATE <u>PROTECTION</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[2] hereby files this limited joinder (the "Limited Joinder") in support of the Financial Oversight and Management Board for Puerto Rico's ("Oversight Board") *Sur-Reply of Financial Oversight and Management Board for Puerto Rico in Opposition to Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief From the Automatic Stay, or, in the Alternative, Adequate Protection* (the "Sur-Reply") [Docket. No. 807 in Case No. 17-3567], filed in response to the *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief From the Automatic Stay, or, in the Alternative, Adequate Protection* [Docket No. 673 in Case No. 17-3567] (the "Motion"). In connection with the Sur-Reply, the Committee respectfully states as follows:

1. The Committee hereby joins the Sur-Reply except for paragraphs 1-5, the last sentence of paragraph 6, the phrase "to HTA to satisfy its unsecured obligation to appropriate money" in the penultimate sentence of paragraph 7, the last two sentences of paragraph 14, the phrase "that has been preempted by PROMESA" in footnote 17, footnote 18, the phrase "satisfying its unsecured obligation," in the first sentence of paragraph 17, the phrase "and therefore includes the Commonwealth's unsecured commitment not to do so," in the second sentence of paragraph 17, the phrase "and in any event are (ii) preempted by (i) PROMESA § 202's grant to the Oversight Board of power over all Commonwealth's appropriation" in the third sentence of paragraph 17, the first two sentences of paragraph 21, the second to last

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

sentence of footnote 28, the phrase "that could give rise to an unsecured claim against the Commonwealth" in the penultimate sentence of paragraph 25, the last three sentences of footnote 41, the second sentence of paragraph 27, the last sentence of paragraph 33, and paragraph 41. For the avoidance of doubt, the Committee does not join the Oversight Board with respect to any paragraph or statement regarding (a) the propriety of the Commonwealth's retention of the HTA Allocable Revenues, (b) the pre-emptive effect of sections 201 and 202 of PROMESA, or (c) any suggestion HTA bondholders or HTA may have unsecured claims against the Commonwealth.

2.  The Committee reserves its rights to adopt any arguments that it has not expressly joined in the future in this or other proceedings, as well as to raise additional arguments beyond the issues to be addressed at the preliminary hearing on the Motion (*i.e.*, standing and secured status).

3.  In addition, the Committee wishes to make the following additional point in support of dismissal of the Motion.

4.  **Judicial estoppel does not apply to the Committee.** As noted in the Committee's initial Joinder, the Committee is not subject to any judicial estoppel that might apply to the Oversight Board, as the actions taken by the Oversight Board that could trigger such judicial estoppel occurred before the Committee existed. In response, Movants claim the Committee is judicially estopped because the Committee "owns no claims" or "lacks standing to interpose claim objections." Reply at 31 n.56. But the Committee's objection to the lift stay motion is not derivative of the rights of the debtors. Every party in interest has the right to oppose a lift stay motion, because such motion affects the debtors and all creditors generally. *In re Cheeks*, 167 B.R. 817, 819 (Bankr. D.S.C. 1994) (holding that although a debtor can enter into a prepetition agreement consenting to stay relief, such agreements are not binding on other

3

parties in interest, who have independent standing to object to motions for stay relief). In fact, even if the debtor could not oppose a lift stay motion (*e.g.*, because the debtor consented to lift the stay), notice of such motion would still need to be provided to parties in interest and a court order is required, for the obvious reason that lifting the stay affects third parties.

## CERTIFICATION

Pursuant to Section 7 of the *Amended Interim Case Management Order for Revenue Bonds* [Docket No. 678 in Case No. 17-3576], the Committee certifies that it has taken reasonable efforts by coordinating with the Oversight Board to avoid duplicative briefing or to avoid submitting a brief that is not longer than necessary.

WHEREFORE, the Committee respectfully requests that this Court deny the Motion.

Dated: May 18, 2020                By: */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)

PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*