UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### CERTIFICATE OF PUBLICATION

    I, Nora Hafez, depose and say that I am employed by Prime Clerk LLC ("**Prime Clerk**"), the solicitation, claims and noticing agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

    This Affidavit of Publication includes e-sheets verifying that the *Notice of Deadlines for Filing Proofs of Claim for Creditors of the Puerto Rico Public Buildings Authority*, as conformed for publication, was published on March 19, 2020 in the national editions of (1) *The Bond Buyer* as described in **Exhibit A**, (2) *El Diario NY* as described in **Exhibit B**, (3) *El Nuevo Herald* as described in **Exhibit C**, (4) the *Caribbean Business* as described in **Exhibit D**, and (5) *El Nuevo Dia* as described in **Exhibit E**.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Dated: May 18, 2020

                                                                */s/* Nora Hafez
                                                                Nora Hafez

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on May 18, 2020, by Nora Hafez, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: */s/ JAMES A. MAPPLETHORPE*
               Notary Public, State of New York
               No. 01MA6370846
               Qualified in New York County
               Commission Expires February 12, 2022

SRF 42181

**Exhibit A**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>Debtor.[1] | PROMESA Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br>Debtor. | PROMESA Title III<br>Case No. 19 BK 5523-LTS<br>(Jointly Administered) |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM FOR CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY**

**TO ALL CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed a voluntary petition under section 304(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] initiating a Title III case under PROMESA (a "Title III Case") for the Puerto Rico Public Buildings Authority ("PBA" or the "Debtor") on September 27, 2019. **You may be a creditor of PBA, and you may be required to file a proof of claim** ("Proof of Claim").

**OVERVIEW – KEY POINTS**

• This is a legal notice concerning PBA's Title III case. This notice is for all parties that may be owed money by PBA (known as "Creditors").

• **The Overview describes the key terms of this notice. Please read the entire notice carefully for further details.**

• In a Title III case under PROMESA, Creditors of PBA may be required to file claim forms stating the amount of money owed to them as of the day the Title III case was filed. This notice explains how to file claims.

• **Many creditors of PBA are not required to file a claim.** This notice explains who is required to file a claim and who is not required to file a claim. **Please see Section 2 of this notice for a complete list of parties not required to file a claim.**

• **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan. A plan of adjustment is a document that explains how PBA proposes to pay the amounts it owes to its creditors. This plan is available for creditors to review at https://cases.primeclerk.com/puertorico/.

• **If you are required to file a claim against PBA**, you must do so by **April 30, 2020 at 4:00 p.m., Atlantic Standard Time**.

• Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this notice.

• After reading this notice, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com. Please note that the people answering the phone number are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

**Section 1 – The Bar Dates**

On March 11, 2020, the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the Title III Case for PBA in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(a) **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on April 30, 2020**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against PBA on account of (i) claims arising, or deemed to have arisen, prior to the commencement of PBA's Title III Case on September 27, 2019, including, for the avoidance of doubt, claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **Rejection Bar Date**: Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

(c) **Bar Date if Creditor List is Amended or Supplemented**: If, after the Bar Date Notice is served, PBA (a) amends its Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, PBA shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, is any claim against PBA based upon PBA's primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim").

**Section 2 – Who Is NOT Required To File a Proof of Claim**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST PBA OR THAT PBA BELIEVES YOU HAVE A CLAIM.**

**The following persons and entities are not required to file a Proof of Claim on or before the applicable Bar Date**:

A. Allowed Claims: Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B. Paid Claims: Any person or entity whose claim was paid in full by PBA, including claims paid by PBA after the commencement date of its Title III Case;

C. Proofs of Claim Already Filed: Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in this Title III Case with the Court or PBA's claims and noticing agent;

D. Claims Properly Listed and Categorized on Creditor List: Any person or entity whose claim is listed on the Creditor List and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of PBA;

E. Pension Claims: Any retiree, active employee, and former employee and any beneficiary of the foregoing persons for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or by being a beneficiary of the PBA ("Pension Claims"); provided, however, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

F. Union or Non-Union Employee Claims: Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or workers' compensation claims ("Compensation Claims"); provided, however, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related to common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

G. Individual Union Members' Claims: Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, to the extent the relevant union files a master proof of claim on behalf of their respective constituents against PBA ("CBA Claims"); provided, however, that any such holder should assert (I) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. or (II) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of September 27, 2019 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

H. Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I. Inter-Governmental Claims: Any municipality, department, or agency of the Commonwealth asserting a claim against PBA in an amount less than $100 million. For the avoidance of doubt, any entity asserting a claim against PBA equal to or greater than $100 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

J. Administrative Expenses: Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (**other** than a claim under Bankruptcy Code section 503(b)(9));

K. Proofs of Claim with Separate Deadlines: Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

L. Professionals' Administrative Claims: Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316;

provided, however, that, should the District Court fix a date by which the Claims described in Paragraphs A. through L. above must be filed, you will be notified of such bar date at the appropriate time.

**Section 3 – Who MUST File a Proof of Claim**

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of PBA or to share in any distributions from PBA if you have a Claim that arose prior to the commencement date and it is not one of the types of Claims described in Paragraphs A. through L. in Section 2 above.

**A holder of a possible Claim against PBA should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

**Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date**

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH L. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (UNLESS OTHERWISE ORDERED BY THE COURT) FROM ASSERTING SUCH CLAIM AGAINST PBA, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THIS TITLE III CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THIS TITLE III CASE ON ACCOUNT OF SUCH CLAIM.**

**Section 5 – What to File**

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, you must attach a summary of such documentation) or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order. If you file a summary of the supporting documentation because they are voluminous, you must transmit the supporting documentation to (a) the Claims Agent and (b) PBA within ten days after the date of a written request by PBA for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2 above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(i) completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii) if delivered **by first class mail**, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708,

(iii) if **by overnight courier**, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or

(iv) if **by hand delivery**, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth<br>Accepting Proofs of Claim by Hand Delivery[3]<br>All locations are available from March 31, 2020 to April 30, 2020<br>(except weekends and Court Holidays) | |
|---|---|
| Address | Hours (AST) |
| Bianca Convention Center<br>Carr 2 KM 143, 1st Floor, Añasco, PR 00610 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Oceana HUB Center<br>2 Calle Acerina, Caguas, PR 00725 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Citi Towers<br>250 Ponce de León Ave., Suite 503,<br>Hato Rey, San Juan, PR 00918 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Piloto 151<br>151 Calle de San Francisco, 2nd Floor, San Juan, PR 00901 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Joe's Blue<br>MCS Building<br>880 Tito Castro Avenue, 1st Floor, Ponce, PR 00716-4732 | M-F<br>8:30 a. m. to 5:00 p. m. |

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Section 7 – Additional Information**

PBA's Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/. Any creditor that relies on PBA's Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated: March 12, 2020

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] PBA reserves the right to amend the locations accepting proofs of claim by hand delivery.

**<u>Exhibit B</u>**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| En la causa: | |
|---|---|
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS Deudor.[1] | PROMESA Título III Caso n.º 17 BK 3283-LTS (Administrados en forma conjunta) |
| En la causa: LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, como representante de LA AUTORIDAD DE EDIFICIOS PUBLICOS DE PUERTO RICO Deudor. | PROMESA Título III Caso n.º 17 BK 3283-LTS (Administrados en forma conjunta) |

### AVISO DE TÉRMINOS PARA LA PRESENTACIÓN DE EVIDENCIAS DE RECLAMACIONES ("PROOF OF CLAIMS")

**A TODOS LOS ACREEDORES DE LOS DEUDORES Y OTRAS PARTES INTERESADAS, TENGA A BIEN NOTIFICARSE:**

La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") presentó una petición voluntaria en virtud del artículo 304(a) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] que inicia un casos en virtud del Título III de PROMESA (un "Caso en virtud del Título III") para la Autoridad de Edificios Públicos ("PBA" o el "Deudor") el 27 de septiembre de 2019. **Usted podría ser acreedor de PBA y es posible que deba presentar una evidencia de reclamación** ("Evidencia de reclamación").

**INFORMACIÓN GENERAL: PUNTOS CLAVE**

- Este es un aviso legal con respecto al Caso en virtud del Título III de PBA. Este aviso es para todas las partes con las cuales PBA posiblemente tenga deudas monetarias (conocidas como "acreedores").
- **En la información general, se describen los términos clave del documento. Lea detenidamente todo el aviso para obtener más detalles.**
- En un procedimiento bajo el Título III conforme a la ley PROMESA, es probable que se les exija a los acreedores de PBA que presenten formularios de evidencia de reclamación que indiquen el monto adeudado hasta el día en que se presentó el caso. En este aviso se explica cómo presentar reclamaciones.
- **A muchos acreedores de PBA no se les exige presentar una reclamación.** En este aviso se explica quiénes deben presentar una reclamación y quiénes no deben presentarla. **Consulte la Sección 2 de este aviso para obtener una lista completa de las partes que no deben presentar una reclamación.**
- Si a usted no se le exige presentar una reclamación, no es necesario que complete y devuelva un formulario de evidencia de reclamación, y seguirá manteniendo sus derechos de votar con respecto a un plan de ajuste y recibir pagos en virtud del plan. Un plan de ajuste es un documento en el que se explica la manera en que PBA propone pagar los montos adeudados a sus acreedores. Este plan está disponible para que lo revisen los acreedores en https://cases.primeclerk.com/puertorico/.
- **Si debe presentar una reclamación en contra de PBA**, debe hacerlo antes del **30 de abril de 2020 a las 4:00 p. m., hora del Atlántico**.
- Las reclamaciones pueden presentarse (a) de manera electrónica, realizando la presentación en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index, o (b) por correo postal o entrega personalmente en las direcciones indicadas en la Sección 6 de este aviso.
- Si, después de leer este aviso, necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822-9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com. Tenga en cuenta que las personas que responden las llamadas no pueden brindar asesoramiento legal. Si tiene preguntas sobre sus derechos legales, entre ellos, si necesita presentar una reclamación, debe consultar con un abogado.

**Sección 1. Las Fechas límite**

El 11 de marzo de 2020, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito") emitió una resolución (la "Orden de fechas límite") para el Caso en virtud del Título III de PBA de conformidad con la Regla de Quiebra 3003(c) en la que se establecen los siguientes plazos para presentar Evidencias de reclamaciones (en conjunto, las "Fechas límite"):

(a) **Fecha límite general: 4:00 p. m. (hora estándar del Atlántico) del 30 de abril de 2020**. Este es el plazo (la "Fecha límite general") para presentar evidencias de reclamaciones (según se definen en el artículo 101(5) del Código de Quiebras), en contra de PBA por concepto de (i) reclamaciones que surgieron o se consideran que surgieron antes de la fecha de inicio del Caso de PBA el 27 de septiembre de 2019 en virtud del Título III, incluidos, a fin de disipar dudas, reclamaciones que surgieron de conformidad con el artículo 503(b)(9) del Código de Quiebras, y (ii) reclamaciones alegadas por entidades gubernamentales (según se definen en el artículo 101(27) del Código de Quiebras).

(b) **Fecha límite de rechazos**: salvo que se estipule lo contrario en alguna orden que autorice el rechazo de un contrato de ejecución pendiente o un arrendamiento vigente, las **4:00 p. m. (hora estándar del Atlántico) de la fecha que sea posterior entre (i) la Fecha límite general y (ii) el primer día hábil después de los treinta y cinco (35) días calendario posteriores a la emisión de la orden por parte del Tribunal de Distrito que autorice dicho rechazo** es el plazo para que una contraparte del contrato de ejecución pendiente o arrendamiento vigente rechazados presente evidencias de reclamaciones relacionadas con el rechazo de dicho contrato o arrendamiento (la "Fecha límite de rechazos" y, junto con la Fecha límite general, las "Fechas límite").

Según su uso en este Aviso, una "reclamación", tal y como se define en el artículo 101(5) del Código de Quiebras, siempre que surge, incluye, cualquier reclamación en contra de PBA basado en la responsabilidad primaria, secundaria, directa, indirecta, fija, garantizada, no garantizada, eventual, asegurada, impugnada, no impugnada, liquidada, no liquidada, vencida, no vencida, legal o conforme al sistema del Equity de PBA o de alguna otra manera, incluidos, a fin de disipar dudas, las reclamaciones que surjan de conformidad con el artículo 503(b)(9) del Código de Quiebras (cada uno de ellos, una "Reclamación").

**Sección 2. Quiénes NO deben presentar Evidencias de reclamaciones**

**EL HECHO DE QUE HAYA RECIBIDO ESTE AVISO NO IMPLICA QUE USTED TENGA UNA RECLAMACIÓN EN CONTRA DE PBA NI QUE PBA CONSIDERE QUE USTED TIENE UNA RECLAMACIÓN.**

A las siguientes personas y entidades no se les exige presentar una Evidencia de reclamaciones en la Fecha límite correspondiente o con anterioridad:

A. Reclamaciones permitidas: cualquier persona o entidad cuya reclamación se haya permitido anteriormente mediante una orden de este Tribunal emitida en la Fecha límite correspondiente o con anterioridad.

B. Reclamaciones pagadas: cualquier persona o entidad cuya reclamación se haya pagado totalmente por parte de un Deudor, incluidas las reclamaciones pagados por un Deudor después de la fecha de inicio de su respectivo Caso en virtud del Título III.

C. Evidencias de reclamaciones ya presentadas: cualquier persona o entidad que ya presentó correctamente una evidencia de reclamación, que respeta sustancialmente el Formulario de evidencia de reclamación, en estos Casos en virtud del Título III ante el Tribunal y el agente de reclamaciones y avisos de los Deudores.

D. Reclamaciones correctamente mencionados y categorizados en las Listas de acreedores: cualquier persona o entidad cuya reclamación figure en una de las Listas de acreedores y (i) si la reclamación no se menciona como "impugnada", "eventual" o "no liquidada", (ii) si la persona o la entidad no impugnan el monto y la naturaleza de la reclamación, tal como se establece en la Lista de acreedores correspondiente, y (iii) si la persona o la entidad no disputan la reclamación como una obligación del Deudor en cuestión.

E. Reclamaciones por pensión: Cualquier retirado, empleado activo y exempleado y cualquier beneficiario de las personas mencionadas anteriormente por pensiones acumuladas y cualquier y todo beneficio post-retiro relacionado como resultado de cada empleo de esa persona por ser un beneficiario del Deudor de Título III ("Reclamaciones de Pensión"); sin embargo, dicho titular debe alegar una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta moción, para lo cual debe presentar una evidencia de reclamaciones con respecto a esta otra reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la otra reclamación.

F. Reclamaciones de empleados unionados o no unionados: cualquier empleado, empleado con licencia o exempleado representado por una unión o los representantes de una unión para la indemnización y los beneficios de empleo, incluidos, entre otros, los sueldos, salarios, beneficios médicos para empleados, o beneficios de seguros de indemnización por accidentes laborales ("Reclamaciones de indemnización"); sin embargo, las reclamaciones de indemnización no deben incluir reclamaciones que se alegaron o se alegarán en una causa judicial o un procedimiento administrativo sobre la base de agravio o derecho consuetudinario, derecho estatutario o reglamentarios no relacionados con el empleo, incluso cuando dichas reclamaciones se alegan como daños o derecho a recibir sueldos, salarios, beneficios médicos para empleados o beneficios de seguros.

G. Reclamaciones de miembros de uniones individuales: cualquier persona o entidad titular de una reclamaciones se limita a obligaciones en virtud de sus respectivos convenios colectivos de trabajo, en la medida en que una unión relevante presente una reclamación colectiva de sus respectivos constituyentes contra el Deudor ("Reclamaciones CBA"); sin embargo, dicho titular debe alegar (i) una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L o (ii) una reclamación por una queja que se resolvió y liquidó mediante un arreglo o laudo arbitral al 27 de septiembre de 2019 (dicha reclamación, una "Queja Resuelta"), por ello, debe presentar una evidencia de reclamaciones con respecto a la reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la reclamación.

H. Reclamaciones de tenedores de bonos individuales cubiertos por evidencias de reclamaciones principales de deudas en bonos presentadas oportunamente: cualquier persona o entidad titular de una reclamación que se limita al pago de capital, intereses y otros cargos y gastos, en la medida en que el fiduciario, agente fiscal, o agente o designado similares pertinentes presenten una Evidencia de reclamaciones principal de una deuda en bonos en contra del Deudor pertinente en la Fecha límite general o con anterioridad en concepto de todos las reclamaciones en forma de bonos en contra del Deudor pertinente en virtud del respectivo acuerdo de fideicomiso o documento del bono; sin embargo, dicho titular debe alegar una reclamación que no esté exceptuado, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta sección, para lo cual debe presentar una evidencia de reclamaciones con respecto a esta otra reclamación en la Fecha límite general y con anterioridad para evitar el rechazo de la otra reclamación.

I. Reclamaciones intergubernamentales: cualquier municipio, departamento u organismo de Commonwealth que no sea un Deudor ni un "organismo territorial cubierto" (según se define en la ley PROMESA) que alegue una reclamación en contra de PBA por un monto menor que $100 millones. A fin de disipar dudas, cualquier entidad que alegue una reclamación en contra de PBA igual o superior a $100 millones debe presentar una evidencia de reclamaciones con respecto a dicha reclamación en la Fecha límite general y con anterioridad para evitar el rechazo de dicha reclamación.

J. Gastos administrativos: cualquier titular de una reclamación permisible en virtud de los artículos 503(b) y 507(a)(2) del Código de Quiebras como gasto administrativo (que no sea una reclamación en virtud del artículo 503(b)(9) del Código de Quiebras).

K. Evidencias de reclamaciones con plazos independientes: cualquier titular de una reclamación para el cual este Tribunal fije o haya fijado un plazo independiente.

L. Reclamaciones administrativas de profesionales: profesionales que alegan reclamaciones administrativas por honorarios y gastos sujetos a la aprobación del Tribunal de conformidad con el artículo 316 de la ley PROMESA.

Sin embargo, en caso de que el Tribunal de Distrito fije una fecha antes de la cual deban presentarse las reclamaciones descritas anteriormente en los párrafos A a L, usted recibirá oportunamente una notificación de dicha fecha límite.

**Sección 3. Quiénes DEBEN presentar Evidencias de reclamaciones**

Usted **DEBE** presentar una Evidencia de reclamaciones para votar en cualquier plan de ajuste presentado por la Junta de Supervisión en nombre de PBA o para participar en las distribuciones de PBA si tiene una reclamación que surgió antes de la fecha de inicio y que no corresponde a uno de los tipos de reclamaciones descritos anteriormente en los párrafos A a L de la Sección 2.

Un titular de una posible reclamación en contra de PBA debe consultar con un abogado si tiene preguntas relacionadas con este Aviso, entre ellas, si dicho titular debe presentar una Evidencia de reclamación.

**Sección 4. Consecuencias de no presentar una Evidencia de reclamaciones antes de la Fecha límite correspondiente**

A TODO TITULAR DE UNA RECLAMACIÓN QUE NO ESTÉ EXIMIDA DE LOS REQUISITOS DE LA ORDEN DE FECHAS LÍMITE, TAL COMO SE INDICÓ ANTERIORMENTE EN LOS PÁRRAFOS A-L DE LA SECCIÓN 2, Y QUE NO PRESENTE DE MANERA OPORTUNA UNA EVIDENCIA DE RECLAMACIONES EN EL FORMULARIO APROPIADO SE LE PROHIBIRÁ A PERPETUIDAD (SALVO QUE EL TRIBUNAL RESUELVA LO CONTRARIO) EFECTUAR DICHA RECLAMACIÓN EN CONTRA DE PBA, VOTAR EN CUALQUIER PLAN DE AJUSTE PRESENTADO EN ESTE CASO EN VIRTUD DEL TÍTULO III Y PARTICIPAR DE CUALQUIER DISTRIBUCIÓN EN ESTE CASO EN VIRTUD DEL TÍTULO III EN CONCEPTO DE DICHA RECLAMACIÓN.

**Sección 5. Qué se debe presentar**

Cada Evidencia de reclamación, para presentarse correctamente de conformidad con este Aviso, deberá: (i) estar escrita en inglés o en español; (ii) estar denominada en moneda de curso legal en los Estados Unidos a la fecha de inicio del Caso pertinente en virtud del Título III; (iii) establecer específicamente el fundamento legal y fáctico de la reclamación alegada; (iv) incluir copia de la documentación de respaldo o, si esta documentación es demasiado extensa, debe adjuntar un resumen de dicha documentación o una explicación de por qué la documentación no está disponible, y la documentación, el resumen o la explicación deben proporcionarse en inglés o en español; (v) incluir una firma original o electrónica del reclamante o un representante autorizado del reclamante, y (vi) respetar sustancialmente el Formulario de evidencia de reclamaciones aprobado por la Orden de fechas límite. Si presenta un resumen de la documentación de respaldo porque es muy extensa, debe enviar esta documentación al Agente de reclamaciones y (b) al Deudor en un plazo de diez días posteriores a la fecha de una solicitud escrita de dichos documentos por parte del Deudor.

El Formulario de evidencia de reclamaciones se puede obtener, así como presentar, en el sitio web que establece y mantiene el Agente de reclamaciones en https://cases.primeclerk.com/puertorico/.

**Sección 6. Dónde y cómo realizar la presentación**

Todas las Evidencias de reclamaciones, salvo que se indique lo contrario o se eximan específicamente en la sección 2 incluida anteriormente, deberán presentarse ante el Agente de reclamaciones y avisos, Prime Clerk LLC, (el "Agente de reclamaciones") de conformidad con los procedimientos descritos en el presente documento **para que se consideren efectivamente recibidos** en o antes de la Fecha límite correspondiente, según la naturaleza de la reclamación.

Las Evidencias de reclamaciones pueden presentarse a través de cualquiera de los siguientes métodos:

(i) Completar la Evidencia de reclamaciones en formato electrónico en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index.

(ii) Realizar el envío **por servicio de correo "first class"** a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708.

(iii) Enviar mediante **servicio de correo "overnight"** a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

(iv) Realizar la **entrega personalmente** en cualquiera de las siguientes ubicaciones: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, o (b) las direcciones de Commonwealth que se indican a continuación, disponibles durante las fechas y los horarios señalados.

| Ubicaciones en el Estado Libre Asociado de Puerto Rico donde se acepta la entrega personal de las Evidencias de reclamaciones[3] Todas las ubicaciones están abiertas desde el 31 de marzo de 2020 al 30 de abril de 2020 (excepto los fines de semana y los feriados judiciales) | |
|---|---|
| Dirección | Horarios (AST) |
| Bianca Convention Center, Carr 2 KM 143, 1st Floor, Añasco, PR 00610 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Oceana HUB Center 2 Calle Acerina, Caguas, PR 00725 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Citi Towers 250 Ponce de León Ave., Suite 503, Hato Rey, San Juan, PR 00918 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Piloto 151 151 Calle de San Francisco, 2nd Floor, San Juan, PR 00901 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Joe's Blue MCS Building 880 Tito Castro Avenue, 1st Floor, Ponce, PR 00716-4732 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |

**No** se aceptarán las Evidencias de reclamaciones enviadas por facsímil, telecopia o transmisión por correo electrónico; sin embargo, pueden enviarse a través del sitio web de Prime Clerk: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Sección 7. Información adicional**

Las Listas de acreedores de PBA y la Orden de fechas límite pueden descargarse y revisarse sin cargo en el sitio web del Agente de reclamaciones, https://cases.primeclerk.com/puertorico/. Todo acreedor que se base en las Listas de acreedores de PBA asume la responsabilidad de determinar que su reclamación figure correctamente en dichas listas.

Si necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822-9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com.

Fecha: 12 de marzo de 2020

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro digitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (últimos cuatro dígitos del número de identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos ("PBA") (Caso de quiebra No. 19-BK-5523-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3801) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

[2] PROMESA está codificada en el Título 48, artículos 2101-2241 del Código de los Estados Unidos (U.S.C.).

[3] PBA se reserva el derecho de enmendar las ubicaciones aceptando evidencias de reclamaciones mediante entrega en mano.



SERVICIOS LEGALES


1505 Abogados | 1505 Abogados

**ACCIDENTES DE CONSTRUCCIÓN**

Accidentes de Autos • Mala Practica Medica • Muerte por Negligencia

Llame los 7 días en Español

Abogado con muchos años de experiencia que te ayudara con humanismo y profesionalismo en tu idioma

**(646) 620-2390 • (212) 683-3800**

**William Schwitzer & Associates, PC**

820 SECOND AVE. 10TH FL., NY, NY 10017



**ACCIDENTES DE CONSTRUCCIÓN**
Más de 30 Años de Experiencia

• SU ESTADO MIGRATORIO NO IMPORTA
• Consulta Gratis • No pagas si no ganas



LOS ABOGADOS DEL PUEBLO
GORAYEB & ASSOCIATES, P.C.

JUSTICIA PARA VÍCTIMAS DE ACCIDENTES DE CONSTRUCCIÓN

**(212) 267-GANE | GORAYEB.COM**


¿DIVORCIO?
¿CORTE DE FAMILIA?


Encuentre en nuestras páginas un abogado que lo apoye

EL DIARIO


AVISOS PERSONALES


1705 Intercambios Sociales

**ASIATICAS** MUYS BONITAS, Cariñosas, *Maestras* 24/7. Jackson Hts, Queens.
**929-533-7073**

**BROOKLYN**
55 St. and 6 Ave.
Chinese, Korean, Japanese.
**646-262-8271 11-2AM**


VARIEDAD de AUTOS Y MOTOS encontrarás en las páginas de el: EL DIARIO

# **Exhibit C**

Case:17-03283-LTS   Doc#:13170   Filed:05/18/20   Entered:05/18/20 20:52:16   Desc: Main
Document      Page 8 of 12

## VIENE DE LA 3A
# IMPACTO

tados desde sus casas, haciendo sus labores regulares, la preocupación por el impacto del coronavirus en la economía agobia a todos, desde las más altas esferas de la política hasta los que se preguntan si recibirán un cheque para pagar el alquiler y los gastos mensuales.

Tres factores fundamentales influirán en la duración y la profundidad de las crisis provocada por el coronavirus: la velocidad de propagación del virus y el número de personas que afecta, el tiempo que tomará encontrar un tratamiento o una vacuna y las medidas de los gobiernos para mitigar el daño, dijo Frederick V. Perry, profesor de leyes comerciales de la Escuela de Contabilidad de la Universidad Internacional de la Florida.

Perry considera que en menos de un mes la economía de Estados Unidos entrará en recesión, dijo en entrevista con el Nuevo Herald el lunes.

Esta posibilidad la contempla también el presidente Trump, que el martes 17 de marzo dijo que el gobierno presentará un paquete de estímulo de unos $850,000 millones para frenar la caída libre de los mercados financieros.

Perry considera que mientras más medidas se tomen para asegurar el aislamiento y la cuarentena de las personas, más se evitará el efecto negativo de la pandemia a largo plazo en la economía, aunque en un principio parezca que se afecta la oferta y demanda, porque las personas dejan de consumir.

"En la medida en que se contenga el virus, la economía se recuperará más rápido", dijo Perry, señalando que es necesaria la cooperación mundial para enfrentar la expansión del virus, que llegó en medio de un panorama complejo para la economía, que presenciaba una guerra comercial entre China y Estados Unidos, la recesión en países como Argentina, y retos también en otras economías latinoamericanas que dependen de sus relaciones comerciales con China.

"El Banco Mundial ha dicho que calcula que el crecimiento mundial será de 1.5. Eso no es suficiente para alimentar a las personas porque el crecimiento de la población es mayor", apuntó Perry.

### CÓMO SE AFECTA EL TURISMO

Con recortes de vuelos y restricciones de viaje, la presente situación asesta un golpe fuerte a los países y ciudades cuya economía depende en gran medida del turismo. En Estados Unidos alrededor del 10 por ciento de los empleados laboran en el sector turístico, señaló Perry.

La ausencia del turista chino, que en el 2018 gastó



SARAH MORENO  El Nuevo Herald
JUAN CARLOS Martínez, un contratista dueño de J&I Electric Service Corp., de Hialeah, espera seguir trabajando y cumpliendo sus compromisos mientras tenga demanda.

$277,000 millones en el mundo, también se hará sentir.

En el centro de Miami, que recibe turismo europeo, de Latinoamérica y, en mayor medida del resto del país, el impacto ya se siente.

"La ocupación se va a reducir en un 50 por ciento", dijo Francisco Arocha, director ejecutivo y fundador de HES Group, refiriéndose a los hoteles que administra su compañía en Miami.

Aun así el ejecutivo tiene confianza en la recuperación del sector hotelero, que tuvo un excelente comienzo de año con el Super Bowl, y está acostumbrado a mostrar su capacidad de adaptación ante fenómenos como los huracanes.

"En Miami estamos acostumbrados a fenómenos muy imprevistos. Eso le da flexibilidad al sector de diversión y hostelería. Tenemos experiencia para ese tipo de situaciones", apuntó el ejecutivo, indicando que están tomando todas las medidas de prevención e higiene posibles.

En cuanto al personal, señaló que algunos pueden trabajar a distancia, pero otros tienen que estar en el hotel.

"Hay empleados que se sienten más seguros trabajando con guantes y mascarilla y los apoyamos", dijo, esperanzado de que el sector repunte en unos meses.

"Nuestros hoteles son de viajeros de negocios. Esperemos que se recuperen más rápido que los que están concentrados en el turismo", deseó Arocha.

*Sarah Moreno:*
*305-376-2217,*
*@SarahMorenoENH*

---

## VIENE DE LA 3A
# AFROBETA

Rhythm Foundation se encargará del aspecto técnico del espectáculo, se les quitó un gran peso de encima.

"Nunca antes habíamos hecho algo así, por eso estamos realmente entusiasmados por explorar las posibilidades del mundo interactivo", agregó.

Afrobeta se fundó en 6 2006 por Cuci Amador y Tony Laurencio, más conocido por Smurphio, dos músicos cubanoamericanos cuyo amor por las composiciones clásicas, la repostería



Cortesía
EL DÚO Afrobeta está integrado por Cuci Amador y Smurphio.

cubana y el baile los impulsaron a marcar la diferencia entre el resto de las agrupaciones miamenses.

Desde entonces son presencia obligada en los centros nocturnos y en los festivales de música electrónica, tanto dentro como fuera de Miami, donde ponen a gozar a los bailadores con sus fusiones de *pop*, salsa y *funky*.

Entre los temas que interpretarán en el concierto figuran *Chancletazo*, *La canción del mango* y *Río Miami*, una versión de la guaracha *Pinar del Río*, el éxito de Celia Cruz. "Queremos compartir nuestra música como siempre, pero como no podemos dar un concierto con público lo haremos virtualmente. Esperamos que la gente baile en la sala de tu casa", concluyó.

---

## VIENE DE LA 3A
# UNIVERSIDAD

quier prueba positiva puede causar que aumente la ansiedad de las personas del campus médico y la comunidad universitaria", declaró la administración en el mensaje.

A raíz de que el número de casos en Florida empezó a incrementar rápidamente, muchas universidades —incluyendo las 12 públicas— trasladaron todas sus clases para que fueran recibidas en línea hasta el final del semestre de primavera. La Universidad de Miami, una institución privada, también lo hizo.

UM también envió sus empleados a casa, desde donde están trabajando remotamente, y cerrará parcialmente su alojamiento a partir del 25 de marzo.

*El Nuevo Herald ha levantado su muro de pago en esta historia, para proporcionar información crítica a nuestros lectores. Para apoyar noticias esenciales como esta, considere una suscripción digital.*

*Jimena Tavel:*
*305-376-2819,*
*@taveljimena*

---

### CÓMO CONTACTARNOS

| | |
|---|---|
| Subscripciones: | 1 800 843-4372 |
| Anuncios clasificados | 1 866 860-6000 |
| Otros anuncios: | 305-376-2820 |
| Para la entrega de su periódico: | 1 800 843-4372 |

Horario de servicio son:
Lunes a viernes: 7:00 a.m. a 3:00 p.m.
Sábados: cerrado • domingos: 7:00 a.m. a 11:00 a.m.

Para servicio al suscriptor
www.elnuevoherald.com/servicio
¿No le han entregado su periódico? Si no ha recibido su diario antes de las 6 a.m. (7:30 a.m. fines de semana) en Miami-Dade o Broward, llame al 1-800-THEHERALD (1-800-843-4372) para pedir que una copia de reemplazo sea entregada al día siguiente o solicitar un crédito a su cuenta. La veracidad de la noticia es importante para nosotros. Favor de comunicarnos cualquier error, aclaración u omisión.

### DEPARTAMENTOS DE NOTICIAS:

| | |
|---|---|
| Mesa de Redacción: | 305-376-2285 |
| Galería y entretenimiento: | 305-376-2183 |
| Revista Viernes: | 305-376-2217 |
| Deportes: | 305-376-2147 |
| Fotografía: | 305-376-3582 |
| Perspectiva/Opiniones: | 305-376-2166 |
| perspectiva@elnuevoherald.com | |
| General: | 305-376-3535 |

### EJECUTIVOS DE LA REDACCIÓN

Aminda Marqués González
Presidente / Directora Ejecutiva
305-376-3429                          amarques@miamiherald.com
Nancy San Martín                            Subdirectora
305-376-4722                     nsanmartin@miamiherald.com
Maru Antuñano   Editora Jefa de Producción y Secciones Especiales
305-376-2183                    mantunano@miamiherald.com
Luisa Yanez                         Coordinadora de Opinión
305-376-4627                          lyanez@miamiherald.com
Orlando Mellado                    Jefe de Fotografía y video
305-376-3582                      omellado@miamiherald.com

### AUTORIZACIÓN PARA REIMPRIMIR:

El contenido de información que aparece en el Nuevo Herald está protegido por el Federal Copyright Act (la ley de derechos de autor). No se permiten reproducciones sin permiso por escrito. Para solicitar autorización llame a los siguientes números. Fotos y gráficas: 305-376-3582; ediciones atrasadas: 305-376-3719 o por email a: backissues@miamiherald.com.

### PRECIOS DE ENTREGA A DOMICILIO POR SEMANA
En Miami Dade y Broward:
domingo a viernes = $25/semanal; domingo $12/ semanal,
domingo = $12/semanal. No incluye impuesto.
Diario digital: $15.99 mensuales. Precio del periódico en máquinas; diario $1.50, y domingos $3.00. En estanquillos, diario $1.50 y domingos $3.00 más impuestos. Ediciones Especiales $4.99



**Epworth Village** RETIREMENT COMMUNITY

Cuidado responsable y compasivo por más de 70 años
Venga a ver nuestra Recién Remodelada instalación.
Mejoramos nuestra Comunidad para un buen estilo de vida.

*Pregunte por el mes GRATIS o 50% DTO. en Depósito de Seguridad
*Solo para nuevos clientes y hay ciertas restricciones.

**Epworth Village ofrece:**
- Personal afectuoso, amable, atento, compasivo y dedicado.
- Actividades divertidas
- Amplios apartamentos "Estilo Hogareño" de 1 y 2 dormitorios
- Instalaciones independientes y asistidas
- Centro de Rehabilitación y Enfermería con servicio las 24 hr
- Instalación privada de 10 acres con bellas áreas verdes
- Conveniente ubicación cerca de las Autopistas 826 e I-75

Para más información y precios llame al
**786.363.6948 ó 786.363.6624**
www.epworthvillagerc.com

---



**Vision 77 Optical**  @vision77optical

$150  2 Pares de espejuelos por $65
Fotocromáticos (cambian de color) Incluye montura
Servicios de Laboratorio
$40  Progresivos Incluye montura $85
Bifocales Incluye montura
Tráiganos su receta y reciba una montura GRATIS
**305-509-1885 / 954-864-5276**
10550 NW 77 CT, Suite 302 Hialeah Gardens, 33016

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

En la causa:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS
Deudor.[1]

PROMESA
Título III
Caso n.º 17 BK 3283-LTS
(Administrados en forma conjunta)

En la causa:
LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
como representante de
LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO
Deudor.

PROMESA
Título III
Caso n.º 17 BK 3283-LTS
(Administrados en forma conjunta)

**AVISO DE TÉRMINOS PARA LA PRESENTACIÓN DE EVIDENCIAS DE RECLAMACIONES ("PROOF OF CLAIMS")**

A TODOS LOS ACREEDORES DE LOS DEUDORES Y OTRAS PARTES INTERESADAS, TENGA A BIEN NOTIFICARSE:

La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") presentó una petición en virtud del artículo 304(a) de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico ("PROMESA"), que inicia un caso en virtud del Título III de PROMESA (un "Caso en virtud del Título III") para la Autoridad de Edificios Públicos ("PBA" o el "Deudor") el 27 de septiembre de 2019. Usted podría ser acreedor de PBA y es posible que deba presentar una evidencia de reclamación (la "Evidencia de reclamación").

**INFORMACIÓN GENERAL: PUNTOS CLAVE**
• Este es un aviso legal con respecto al Caso en virtud del Título III de PBA. Este aviso es para todas las partes con las cuales PBA posiblemente tenga deudas monetarias (conocidas como "acreedores").
• En la información general, se describen los términos clave del documento. Lea detenidamente todo el aviso para obtener más detalles.
• En un procedimiento bajo el Título III conforme a la Ley PROMESA, es probable que se les exija a los acreedores de PBA que presenten formularios de evidencia de reclamaciones que indiquen el monto adeudado hasta el día en que se presentó el caso. En este aviso se explica cómo presentar reclamaciones.
• A muchos acreedores de PBA no se les exige presentar una reclamación. En este aviso se explica quiénes deben presentar una reclamación y quiénes no deben presentarla. Consulte la Sección 2 de este aviso para obtener una lista completa de las partes que no deben presentar una reclamación.
• Si a usted no se le exige presentar una reclamación, no es necesario que complete y devuelva un formulario de evidencia de reclamación, y seguirá manteniendo sus derechos de votar con respecto a un plan de ajuste y recibir pagos en virtud del plan. Un plan de ajuste es un documento en el que se explica la manera en que PBA propone pagar los montos adeudados a sus acreedores. Este plan está disponible para que lo revisen los acreedores en https://cases.primeclerk.com/puertorico/.
• Si debe presentar una reclamación en contra de PBA, debe hacerlo antes del 30 de abril de 2020 a las 4:00 p. m., hora del Atlántico.
• Las reclamaciones pueden presentarse (a) de manera electrónica, realizando la presentación en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index, o (b) por correo postal o entrega personalmente en las direcciones indicadas en la Sección 6 de este aviso.
• Si, después de leer este aviso, necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822-9231 (línea gratuita para los EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales). Del 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com. Tenga en cuenta que las personas que responden las llamadas no pueden brindar asesoramiento legal. Si tiene preguntas sobre sus derechos legales, entre ellos, si necesita presentar una reclamación, debe consultar con un abogado.

**Sección 1. Las Fechas límite**
El 11 de marzo de 2020, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito") emitió una resolución (la "Orden de fechas límite") para el Caso en virtud del Título III de PBA de conformidad con la Regla de Quiebra 3003(c) en la que se establecen los siguientes plazos para presentar Evidencias de reclamaciones con respecto a PBA (las "Fechas límite"):
i. Fecha límite general: 4:00 p. m. (hora estándar del Atlántico) del 30 de abril de 2020. Este es el plazo (la "Fecha límite general") para presentar Evidencias de reclamaciones (según se definen en el artículo 101(5) del Código de Quiebras), en contra de PBA por concepto de (i) cualquier reclamación surgida en contra de PBA antes de la Fecha límite general (ii) incluidas, a fin de disipar dudas, reclamaciones que surgieron de conformidad con el artículo 503(b)(9) del Código de Quiebras, y (iii) reclamaciones alegadas por entidades gubernamentales (según se definen en el artículo 101(27) del Código de Quiebras).
ii. Fecha límite de rechazos: salvo que se indique lo contrario en alguna orden que autorice el rechazo de un contrato de ejecución pendiente o un arrendamiento vigente, las 4:00 p. m. (hora estándar del Atlántico) de la fecha que sea posterior entre (i) la Fecha límite general y (ii) el primer día hábil después de los treinta y cinco (35) días calendario posteriores a la emisión de la orden por parte del Tribunal que autorice dicho rechazo es el plazo para que una contraparte del contrato de ejecución pendiente o arrendamiento vigente rechazados presente evidencias de reclamaciones relacionadas con el rechazo de dicho contrato o arrendamiento (la "Fecha límite de rechazos"), junto con la Fecha límite general, las "Fechas límite").
Según se usa en este Aviso, una "reclamación", tal y como se define en el artículo 101(5) del Código de Quiebras, siempre que surge, incluye, cualquier reclamación en contra de PBA basado en la responsabilidad primaria, secundaria, directa o indirecta, solidaria, fija, garantizada, no garantizada, eventual, asegurada, impugnada, no impugnada, liquidada, no liquidada, vencida, no vencida, legal o conforme al sistema del Equity de PBA o de alguna otra manera, incluidos, a fin de disipar dudas, las reclamaciones que surgen de conformidad con el artículo 503(b)(9) del Código de Quiebras (cada uno de ellos, una "Reclamación").

**Sección 2. Quiénes NO deben presentar Evidencias de reclamaciones**
EL HECHO DE QUE HAYA RECIBIDO ESTE AVISO NO IMPLICA QUE USTED TENGA UNA RECLAMACIÓN EN CONTRA DE PBA O QUE PBA CONSIDERE QUE USTED TIENE UNA RECLAMACIÓN.
A las siguientes personas y entidades no se les exige presentar una Evidencia de reclamaciones en la Fecha límite correspondiente o con anterioridad:
A. Reclamaciones permitidas: cualquier persona o entidad cuya reclamación se haya permitido anteriormente mediante una orden de este Tribunal emitida en la Fecha límite correspondiente o con anterioridad.
B. Reclamaciones pagadas: cualquier persona o entidad cuya reclamación se haya pagado totalmente por parte de un Deudor, incluidas las reclamaciones pagadas por un Deudor después de la fecha de inicio de su respectivo Caso en virtud del Título III.
C. Evidencias de reclamaciones ya presentadas: cualquier persona o entidad que ya presentó correctamente una evidencia de reclamación, en contra de los Deudores en los Casos en virtud del Título III, que se establece en la Lista de acreedores correspondiente, y categorizados correctamente en el Formulario de evidencia de reclamación, en estos Casos en virtud del Título III ante el Tribunal o el agente de reclamaciones y avisos de los Deudores.
D. Reclamaciones correctamente mencionadas y categorizadas en la Lista de acreedores: cualquier persona o entidad cuya reclamación figure en una de las Listas de acreedores o la Lista de acreedores correspondiente, y (i) no se menciona como "impugnada", "eventual" o "no liquidada", (ii) si la persona o la entidad no impugnan el monto y la naturaleza de la reclamación, tal como se establece en la Lista de acreedores correspondiente, y (iii) si la persona o la entidad no dispute que la reclamación es una obligación del Deudor en cuestión.
E. Reclamaciones por pensión: Cualquier retirado, empleado activo y exempleado y cualquier beneficiario de las personas mencionadas anteriormente por pensiones acumuladas y cualquier y todo beneficio post-retiro vencido como resultado de cada empleado de esa persona por ser un beneficiario del Deudor del Título III ("Reclamaciones de Pensión"); sin embargo, dicho titular debe alegar una reclamación que no esté exceptuada, de alguna otra manera, (ii) la Fecha límite deberá alegar (i) una reclamación que no esté exceptuada, de alguna otra manera, (ii) la presentación de una evidencia de reclamaciones según los párrafos A a L o (iii) una reclamación por una queja que se resolvió y disputó mediante orden arbitral al 27 de septiembre de 2019 (dicha reclamación, una "Queja Resuelta"), y para ello, debe presentar una evidencia de reclamaciones con respecto a la reclamación en la Fecha límite general, o con anterioridad para evitar el rechazo de la reclamación.
F. Reclamaciones de empleados unionados o no unionados: cualquier empleado, empleado con licencia o exempleado representados por una unión o no representados por una unión para (i) la indemnización por los beneficios de empleo, incluidos, entre otros, los sueldos, salarios, beneficios médicos para empleados, o beneficios de seguros o reclamaciones de indemnización por accidentes laborales ("Reclamaciones de indemnización"); sin embargo, las reclamaciones de indemnización no deben alegar (i) una reclamación que surge como resultado de una causa judicial o procedimiento administrativo sobre la base de agravio o discriminación constitucional, derecho estatutario o reglamentaciones no relacionadas con el empleo, incluido cuando dichas reclamaciones se basen como daños derivados de recibir sueldos, salarios, beneficios médicos para empleados o beneficios de seguros.
G. Reclamaciones de miembros de uniones individuales: cualquier persona o entidad titular de una reclamación se limita a alegar una relevante presente una reclamación colectiva de sus respectivos constituyentes contra el Deudor ("Reclamaciones CBA"); sin embargo, dicho titular debe alegar (i) una reclamación que no esté exceptuada, de alguna otra manera, la presentación de una evidencia de reclamaciones según los párrafos A a L o (ii) una reclamación por una queja que se resolvió y disputó mediante orden arbitral al 27 de septiembre de 2019 (dicha reclamación, una "Queja Resuelta"), y para ello, debe presentar una evidencia de reclamaciones con respecto a la reclamación en la Fecha límite general, o con anterioridad para evitar el rechazo de la reclamación.
H. Reclamaciones de deudas por bonos pendientes individuales cubiertos por evidencias de reclamaciones principales de deudas en bonos presentadas oportunamente: cualquier persona o entidad titular de una reclamación que se limita al pago de capital, intereses y otros cargos y gastos, en la medida en que el fiduciario, agente

fiscal, o agente o designado similares pertinentes presenten una Evidencia de reclamaciones principal de una deuda en bonos en contra del Deudor pertinente en la Fecha límite general o con anterioridad en concepto de todos las reclamaciones en forma de bonos en contra del Deudor pertinente en virtud del respectivo acuerdo de fideicomiso o documento del bono; sin embargo, dicho titular debe alegar una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de este aviso, para lo cual debe presentar una evidencia de reclamaciones con respecto a esta otra reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la otra reclamación.
I. Reclamaciones interrgubernamentales: cualquier municipio, departamento u organismo de Commonwealth que no sea un Deudor ni un "organismo territorial cubierto" (según se define en la ley PROMESA) que alegue una reclamación en contra de PBA por un monto menor que $100 millones. A fin de disipar dudas, cualquier entidad que alegue una reclamación en contra de PBA igual o superior a $100 millones debe presentar una evidencia de reclamaciones con respecto a dicha reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de dicha reclamación.
J. Gastos administrativos: cualquier titular de una reclamación permisible en virtud de los artículos 503(b) y 507(a)(2) del Código de Quiebras como gasto administrativo (que no sea una reclamación en virtud del artículo 503(b)(9) del Código de Quiebras).
K. Evidencias de reclamaciones en plazos independientes: cualquier titular de una reclamación para el cual este Tribunal fije o haya fijado un plazo independiente.
L. Reclamaciones administrativas de profesionales: profesionales que alegan reclamaciones administrativas por honorarios y gastos sujetos a la aprobación del Tribunal de conformidad con el artículo 316 de la ley PROMESA.
Sin embargo, en caso de que el Tribunal de Distrito fije una fecha antes de la cual deban presentarse las reclamaciones descritas anteriormente en los párrafos A a L, usted recibirá oportunamente un aviso con respecto a dicha fecha límite.

**Sección 3. Quiénes DEBEN presentar Evidencias de reclamaciones**
Usted DEBE presentar una Evidencia de reclamaciones para votar en cualquier plan de ajuste presentado por la Junta de Supervisión en nombre de PBA o para participar en las distribuciones de PBA si tiene una reclamación que surgió antes de la fecha de inicio y que no corresponde a uno de los tipos de reclamaciones descritos anteriormente en los párrafos A a L de la Sección 2.
Un titular de una posible reclamación en contra de PBA debe consultar con un abogado si tiene preguntas relacionadas con este Aviso, entre ellas, si dicho titular debe presentar una reclamación.
**Sección 4. Consecuencias de no presentar una Evidencia de reclamaciones antes de la Fecha límite correspondiente**
A TODO TITULAR DE UNA RECLAMACIÓN QUE NO ESTÉ EXIMIDA DE LOS REQUISITOS DE LA ORDEN DE FECHAS LÍMITE, TAL COMO SE INDICÓ ANTERIORMENTE EN LOS PÁRRAFOS A–L DE LA SECCIÓN 2, Y QUE NO PRESENTE DE MANERA OPORTUNA UNA EVIDENCIA DE RECLAMACIONES EN EL FORMULARIO APROPIADO SE LE PROHIBIRÁ A PERPETUIDAD (SALVO QUE EL TRIBUNAL RESUELVA LO CONTRARIO) EFECTUAR DICHA RECLAMACIÓN EN CONTRA DE PBA, VOTAR EN CUALQUIER PLAN DE AJUSTE PRESENTADO EN ESTE CASO EN VIRTUD DEL TÍTULO III Y PARTICIPAR DE CUALQUIER DISTRIBUCIÓN EN ESTE CASO EN VIRTUD DEL TÍTULO III EN CONCEPTO DE DICHA RECLAMACIÓN.
**Sección 5. Qué se debe presentar**
Cada Evidencia de reclamaciones para presentarse conforme a la conformidad con este Aviso, deberá: (i) estar escrita en inglés o en español; (ii) estar denominada en moneda de curso legal de los Estados Unidos a la fecha de inicio del Caso pertinente en virtud del Título III; (iii) establecer específicamente el fundamento legal y fáctico de la reclamación alegada; (iv) incluir copia de la documentación de respaldo (o, si esta documentación es demasiado extensa, debe adjuntar un resumen de dicha información y una explicación de por qué la documentación no está disponible); (v) documentación, el resumen o la explicación deben proporcionarse en inglés o en español; (v) incluir una firma original o electrónica del declarante o un representante autorizado del reclamante, y (vi) respetar sustancialmente el Formulario de evidencia de reclamaciones aprobado por la Orden de fechas límite. Si presenta un resumen de la documentación de respaldo porque es muy extensa, debe enviar esta documentación al Agente de reclamaciones y (b) al Deudor en un plazo de diez días posteriores a la fecha de una solicitud escrita de parte del Deudor.
El Formulario de evidencia de reclamaciones se puede obtener, así como presentar, en el sitio web que establece y mantiene el Agente de reclamaciones en https://cases.primeclerk.com/puertorico/.
**Sección 6. Dónde y cómo realizar la presentación**
Todas las Evidencias de reclamaciones para presentarse conforme a este Aviso se eximen específicamente en lo indicado anteriormente, deberán presentarse ante el Agente de reclamaciones y avisos, Prime Clerk LLC, (el "Agente de reclamaciones") de conformidad con los procedimientos descritos en el presente documento para que se consideren efectivamente recibidos en esta Fecha límite correspondiente, según la naturaleza de la reclamación.
Las Evidencias de reclamaciones pueden presentarse a través de cualquiera de los siguientes métodos:
(i) Completar la Evidencia de reclamaciones en formato electrónico en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index.
(ii) Realizar el envío por servicio de correo "first class" a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708.
(iii) Enviar mediante servicio de correo "overnight" a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.
(iv) Realizar la entrega personalmente en cualquiera de las siguientes ubicaciones: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, o (b) las direcciones de Commonwealth que se indican a continuación, disponibles durante las fechas y los horarios señalados:

**Ubicaciones en el Estado Libre Asociado de Puerto Rico**
**donde se acepta la entrega personal de las Evidencias de reclamaciones**
Todas las ubicaciones están abiertas desde el 12 de marzo de 2020 al 30 de abril de 2020
(excepto los fines de semana y los feriados judiciales)

| Dirección | Horarios (AST) |
|---|---|
| Bianca Convention Center, Carr 2 KM 143, 1.er Piso, Añasco, PR 00610 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Oceana HUB Center 2 Calle Acerina, Caguas, PR 00725 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Citi Towers 250 Ponce de León Ave., Suite 503, Hato Rey, San Juan, PR 00918 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Piloto 151 151 Calle de San Francisco, 2.° Floor, San Juan, PR 00901 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |
| Joe's Blue MCS Building 880 Tito Castro Avenue, 1st Floor, Ponce, PR 00716-4732 | De lun. a vier. de 8:30 a. m. a 5:00 p. m. |

No se aceptarán las Evidencias de reclamaciones enviadas por facsímil, telecopia o transmisión por correo electrónico. Prime Clerk LLC no puede enviarse a través del sitio web de Prime Clerk: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Sección 7. Información adicional**
Las Listas de acreedores de PBA y la Orden de fechas límite pueden descargarse y revisarse sin cargo en el sitio web del Agente de reclamaciones, https://cases.primeclerk.com/puertorico/. Todo acreedor que se base en las Listas de acreedores de PBA asume la responsabilidad de determinar que su reclamación figure correctamente en dichas listas.
Si necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822-9231 (línea gratuita para los EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), del 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com.
Fecha: 12 de marzo de 2020

[1] Los Deudores en estos casos en virtud del amparo del Título III, junto con el número de identificación fiscal federal de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481), (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (últimos cuatro dígitos del número de identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos ("PBA") (Caso de quiebra No. 19-BK-5523-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3801) (los seis casos al amparo del Título III figuran como números el Caso de Quiebra abiertos a limitaciones del software).
PROMESA está codificada en el Título 48, artículos 2101–2241 del Código de los Estados Unidos (U.S.C.).
PBA se reserva el derecho de actualizar sus listas de acreedores aceptando evidencias de reclamaciones mediante entregas en mano.

**<u>Exhibit D</u>**



State Elections Commission

The former lawmaker added that he really does not support online voting but supports e-poll book voting, which basically consists of a machine at the voting center that can verify voters' information online.

"And it reduces the number of voting schools [locations] because with poll book, you have an electronic list [that] provides voters a photo, and people can vote from any center in their precinct and the ballot is there," he said.

He further noted that there are other machines that could be used to implement an electronic voting system, depending on how safe a system you want to implement.

"It depends on how far you want it to go," he assured. "If you want everyone to vote from their home, that's another system. But I imagine Puerto Rico is not ready for that."

He said the other political parties would have to agree on what system should be implemented in the 2024 elections.

"The law doesn't talk about a specific system, so they [the electoral commissioners] will need to reach an agreement and go back to the [Legislative Assembly]. It's going to depend on how the pilot program works, and if the governor signs it into law," he said.

### No guarantees of a 'fraud-free election'

Former San Juan mayor and PDP member, Héctor Luis Acevedo, meanwhile, charged that the proposed legislation would allow anyone who is traveling to be able to vote online without even needing an electoral card.

"Transitionally, and until [it is] unnecessary, the electoral identification card issued by the [State Elections Commission (CEE by its Spanish initials] will continue to be issued and recognized only for voters who do not have other valid [ID] under this law," reads a portion of Senate Bill 1314.

"Over time, the [CEE] is authorized to include other identifications whose certainty and content are acceptable."

Acevedo said the bill takes away all guarantees to have a fraud-free election.

"It would create an online voting system where there is no way to validate the vote or to be able to contest it," Acevedo said.

### An online voting system by July 'impossible'

Christopher Torres Lugo, Ph.D. candidate at University of Indiana-Bloomington, meanwhile, told Caribbean Business that one of the red flags raised was that during the public hearing process, lawmakers did not consult with experts dedicated to working on these kinds of online systems.

"They want the system to be operational by July," Torres Lugo assured. "Designing this system—[and] implementing it with all these required security measures so nobody hacks the system and manipulates the results—is impossible."

He said that in recent U.S. Democratic Party presidential primaries in Iowa, the process turned into a debacle, and the system used had been created within three months, and in "the end it didn't work."

He explained that these issues were not accounted for in the legislation. Furthermore, he said the bill does not mention creating a system based on the criteria of the National Institute of Standards & Technology, which calls for accuracy and reliable testing of the system, paper audit trails and cryptographic defenses to protect systems from malicious software, to name a few.

"You can't test the system for the first time on Election Day," he assured. "You need to verify it before. Because if it fails during the elections, what are you going to do? If the power goes out, or the internet crashes when you are casting your vote, if there is no ballot, there is no proof."

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

In re:
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE COMMONWEALTH OF PUERTO RICO, et al.,
Debtor.[1]

PROMESA Title III
No. 17 BK 3283-LTS
(Jointly Administered)

In re:
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
as representative of
THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,
Debtor.

PROMESA Title III
Case No. 19 BK 5523-LTS
(Jointly Administered)

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM FOR CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY**

TO ALL CREDITORS OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND TO OTHER PARTIES IN INTEREST, PLEASE TAKE NOTICE OF THE FOLLOWING:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") has filed a voluntary petition under section 304(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] initiating a Title III case under PROMESA (a "Title III Case") for the Puerto Rico Public Buildings Authority ("PBA" or the "Debtor") on September 27, 2019. **You may be a creditor of PBA, and you may be required to file a proof of claim** ("Proof of Claim").

**OVERVIEW – KEY POINTS**

• This is a legal notice concerning PBA's Title III case. This notice is for all parties that may be owed money by PBA (known as "Creditors").
• **The Overview describes the key terms of this notice. Please read the entire notice carefully for further details.**
• In a Title III case under PROMESA, Creditors of PBA may be required to file claim forms stating the amount of money owed to them as of the day the Title III case was filed. This notice explains how to file claims.
• **Many creditors of PBA are not required to file a claim.** This notice explains who is required to file a claim and who is not required to file a claim. **Please see Section 2 of this notice for a complete list of parties not required to file a claim.**
• **If you are not required to file a claim, you do not need to complete and return a claim form**, and you will still keep your rights to vote on a plan of adjustment and receive payments under the plan. A plan of adjustment is a document that explains how PBA proposes to pay the amounts it owes to its creditors. This plan is available for creditors to review at https://cases.primeclerk.com/puertorico/.
• **If you are required to file a claim against PBA**, you must do so by **April 30, 2020 at 4:00 p.m., Atlantic Standard Time**.
• Claims may be filed by (a) electronically filing on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index, or (b) mail or hand delivery to the addresses provided in Section 6 of this notice.
• After reading this notice, if you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com. Please note that the people answering the phone number are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to an attorney.

**Section 1 – The Bar Dates**

On March 11, 2020, the United States District Court for the District of Puerto Rico (the "District Court") entered an order (the "Bar Date Order") in the Title III Case for PBA in accordance with Bankruptcy Rule 3003(c) fixing the following deadlines to file Proofs of Claim (collectively, the "Bar Dates"):

(a) **General Bar Date**: **4:00 p.m. (Atlantic Standard Time) on April 30, 2020**, is the deadline (the "General Bar Date") for filing proofs of claim (as defined in Bankruptcy Code section 101(5)), against PBA on account of (i) claims arising, or deemed to have arisen, prior to the commencement of PBA's Title III Case on September 27, 2019, including, for the avoidance of doubt, claims arising under Bankruptcy Code section 503(b)(9), and (ii) claims asserted by governmental units (as defined in Bankruptcy Code section 101(27));

(b) **Rejection Bar Date**: Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, **4:00 p.m. (Atlantic Standard Time) on the date that is the later of (i) the General Bar Date and (ii) the first business day that is thirty-five (35) calendar days after the entry of an order by the Court authorizing such rejection** is the deadline for a party to any such rejected executory contract or unexpired lease to file proofs of claim relating to the rejection of such contract or lease (the "Rejection Bar Date," and together with the General Bar Date, the "Bar Dates"); and

(c) **Bar Date if Creditor List is Amended or Supplemented**: If, after the Bar Date Notice is served, PBA (a) amends its Creditor List to reduce a claim and/or to change the classification, nature or characterization of a claim, or (b) supplements its respective Creditor List, PBA shall give notice of any amendment or supplement to the holders of claims reduced or changed thereby, and advise such holders they shall each have until the **later of (i) the General Bar Date and (ii) thirty-five (35) days from the date of such notice** to file a proof of claim, or an amended proof of claim, if applicable, or be barred from so doing.

As used in this Notice, a "claim," as defined in section 101(5) of the Bankruptcy Code, whenever arising, is any claim against PBA based upon PBA's primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal, or equitable liability or otherwise, including, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code (each, a "Claim").

**Section 2 – Who Is NOT Required To File a Proof of Claim**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST PBA OR THAT PBA BELIEVES YOU HAVE A CLAIM.**

**The following persons and entities are not required to file a Proof of Claim on or before the applicable Bar Date**:

A. Allowed Claims: Any person or entity whose claim was previously allowed by an order of this Court entered on or before the applicable Bar Date;

B. Paid Claims: Any person or entity whose claim was paid in full by PBA, including claims paid by PBA after the commencement date of its Title III Case;

C. Proofs of Claim Already Filed: Any person or entity who already properly filed a proof of claim, which substantially conforms to the Proof of Claim Form, in this Title III Case with the Court or PBA's claims and noticing agent;

D. Claims Properly Listed and Categorized on Creditor List: Any person or entity whose claim is listed on the Creditor List and (i) the claim is not listed as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount and nature of the claim as set forth on the Creditor List, and (iii) the person or entity does not dispute that the claim is an obligation of PBA;

E. Pension Claims: Any retiree, active employee, and former employee and any beneficiary of the foregoing persons for accrued pensions and any and all other post-retirement benefits due as a result of such person's employment by or being a beneficiary of the PBA ("Pension Claims"); provided, however, that any such holder should assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Motion by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

F. Union or Non-Union Employee Claims: Any union-represented or non-union represented employee, furloughed employee, or former employee for compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance benefits, or workers' compensation claims ("Compensation Claims"); provided, however, that Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or administrative proceeding based on tort or non-employment-related to common law, statutory law, or regulation even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits;

G. Individual Union Members' Claims: Any person or entity that holds a claim limited to obligations due under their respective collective bargaining agreements, to the extent the relevant union files a master proof of claim on behalf of their respective constituents against PBA ("CBA Claims"); provided, however, that any such holder should assert (i) a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. or (ii) a claim for a grievance that has been resolved and liquidated by settlement or arbitration award as of September 27, 2019 (such claim, a "Resolved Grievance"), by filing a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

H. Individual Bondholder Claims Covered by Timely Filed Bond Master Proof of Claim: Any person or entity that holds a claim that is limited to the repayment of principal, interest and other fees and expenses, to the extent the relevant indenture trustee, fiscal agent, or similar agent or nominee files a Bond Debt Master Proof of Claim against the relevant Debtor on or before the General Bar Date on account of all bond claims against the relevant Debtor under the respective trust agreement or bond document; provided, however, that any such holder must assert a claim not otherwise excepted from filing a proof of claim by Paragraphs A. through L. of this Section by filing a proof of claim with respect to such other claim on or before the General Bar Date to avoid disallowance of such other claim;

I. Inter-Governmental Claims: Any municipality, department, or agency of the Commonwealth asserting a claim against PBA in an amount less than $100 million. For the avoidance of doubt, any entity asserting a claim against PBA equal to or greater than $100 million must file a proof of claim with respect to such claim on or before the General Bar Date to avoid disallowance of such claim;

J. Administrative Expenses: Any holder of a claim allowable under Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense (other than a claim under Bankruptcy Code section 503(b)(9));

K. Proofs of Claim with Separate Deadlines: Any holder of a claim for which a separate deadline is or has been fixed by this Court; and

L. Professionals' Administrative Claims: Professionals who assert administrative claims for fees and expenses subject to the Court's approval pursuant to PROMESA section 316;

provided, however, that, should the District Court fix a date by which the Claims described in Paragraphs A. through L. above must be filed, you will be notified of such bar date at the appropriate time.

**Section 3 – Who MUST File a Proof of Claim**

You **MUST** file a **Proof of Claim** to vote on any plan of adjustment filed by the Oversight Board on behalf of PBA or to share in any distributions from PBA if you have a Claim that arose prior to the commencement date and it is not one of the types of Claims described in Paragraphs A. through L. in Section 2 above.

A holder of a possible Claim against PBA should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.

**Section 4 – Consequences of Failure to File a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN PARAGRAPHS A. THROUGH L. IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED (**UNLESS OTHERWISE ORDERED BY THE COURT**) FROM ASSERTING SUCH CLAIM AGAINST PBA, FROM VOTING ON ANY PLAN OF ADJUSTMENT FILED IN THIS TITLE III CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THIS TITLE III CASE ON ACCOUNT OF SUCH CLAIM.

**Section 5 – What to File**

Each Proof of Claim, to be properly filed pursuant to this Notice, shall: (i) be written in English or Spanish; (ii) be denominated in lawful currency of the United States as of the Title III Case commencement date; (iii) set forth with specificity the legal and factual basis for the asserted claim; (iv) include a copy of the supporting documentation (or, if such documentation is voluminous, you must attach a summary of such documentation or an explanation as to why such documentation is not available, with such documentation, summary, or explanation being provided in English or Spanish; (v) include an original or electronic signature of the claimant or an authorized agent of the claimant; and (vi) substantially conform to the Proof of Claim Form approved by the Bar Date Order. If you file a summary of the supporting documentation because they are voluminous, you must transmit the supporting documentation to (a) the Claims Agent and (b) PBA within ten days after the date of a written request by PBA for such documents.

The Proof of Claim Form can be obtained, as well as filed, on the website established and maintained by the Claims Agent at https://cases.primeclerk.com/puertorico/.

**Section 6 – Where and How to File**

All Proofs of Claim, except as otherwise provided for or specifically excepted in Section 2 above, shall be filed with the claims and noticing agent, Prime Clerk LLC (the "Claims Agent") pursuant to the procedures provided herein **so as to actually be received** on or before the applicable Bar Date, depending upon the nature of the Claim.

Proofs of Claim may be filed through any of the following methods:

(i) completing the electronic Proof of Claim on the Claims Agent's website at https://cases.primeclerk.com/puertorico/EPOC-Index,

(ii) if delivered **by first class mail**, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708,

(iii) if **by overnight courier**, at the following address: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or

(iv) if **by hand delivery**, at any of the following locations: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (b) the following locations in the Commonwealth, available during the listed dates and times:

| Locations in the Commonwealth Accepting Proofs of Claim by Hand Delivery[3] | |
|---|---|
| All locations are available from March 31, 2020 to April 30, 2020 (except weekends and Court Holidays) | |
| **Address** | **Hours (AST)** |
| Bianca Convention Center<br>Carr 2 KM 143, 1st Floor, Añasco, PR 00610 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Oceana HUB Center<br>2 Calle Acerina, Caguas, PR 00725 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Citi Towers<br>250 Ponce de León Ave., Suite 503,<br>Hato Rey, San Juan, PR 00918 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Piloto 151<br>151 Calle de San Francisco, 2nd Floor, San Juan, PR 00901 | M-F<br>8:30 a. m. to 5:00 p. m. |
| Joe's Blue<br>MCS Building<br>880 Tito Castro Avenue, 1st Floor, Ponce, PR 00716-4732 | M-F<br>8:30 a. m. to 5:00 p. m. |

Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission will **not** be accepted; provided, however, they may be submitted through Prime Clerk's website: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Section 7 – Additional Information**

PBA's Creditor Lists and the Bar Date Order may be downloaded and examined free of charge from the Claims Agent website, https://cases.primeclerk.com/puertorico/. Any creditor that relies on PBA's Creditor Lists bears responsibility for determining that its Claim is accurately listed therein.

If you require additional information regarding this Notice, you may contact the Claims Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com.

Dated: March 12, 2020

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] PBA reserves the right to amend the locations accepting proofs of claim by hand delivery.

**Exhibit E**

EL NUEVO DÍA Jueves, 19 de marzo de 2020 24

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En la causa:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y OTROS<br>Deudor.[1] | PROMESA<br>Título III<br>Caso n.º 17 BK 3283-LTS<br>(Administrados en forma conjunta) |
| En la causa:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>LA AUTORIDAD DE EDIFICIOS PUBLICOS DE PUERTO RICO<br>Deudor. | PROMESA<br>Título III<br>Caso n.º 17 BK 3283-LTS<br>(Administrados en forma conjunta) |

**AVISO DE TÉRMINOS PARA LA PRESENTACIÓN DE EVIDENCIAS DE RECLAMACIONES ("PROOF OF CLAIMS")**

**A TODOS LOS ACREEDORES DE LOS DEUDORES Y OTRAS PARTES INTERESADAS, TENGA A BIEN NOTIFICARSE:**

La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") presentó una petición voluntaria en virtud del artículo 304(a) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] que inicia un casos en virtud del Título III de PROMESA (un "Caso en virtud del Título III") para la Autoridad de Edificios Públicos ("PBA" o el "Deudor") el 27 de septiembre de 2019. **Usted podría ser acreedor de PBA y es posible que deba presentar una evidencia de reclamación** ("Evidencia de reclamación").

**INFORMACIÓN GENERAL: PUNTOS CLAVE**

• Este es un aviso legal con respecto al Caso en virtud del Título III de PBA. Este aviso es para todas las partes con las cuales PBA posiblemente tenga deudas monetarias (conocidas como "acreedores").
• **En la información general, se describen los términos clave del documento. Lea detenidamente todo el aviso para obtener más detalles.**
• En un procedimiento bajo el Título III conforme a la ley PROMESA, es probable que se les exija a los acreedores de PBA que presenten formularios de evidencia de reclamaciones que indiquen el monto adeudado hasta el día en que se presentó el caso. En este aviso se explica cómo presentar reclamaciones.
• **A muchos acreedores de PBA no se les exige presentar una reclamación.** En este aviso se explica quiénes deben presentar una reclamación y quiénes no deben presentarla. Consulte la Sección 2 de este aviso para obtener una lista completa de las partes que no deben presentar una reclamación.
• Si a usted no se le exige presentar una reclamación, no es necesario que complete y devuelva un formulario de evidencia de reclamación, y seguirá manteniendo sus derechos de votar con respecto a un plan de ajuste y recibir pagos en virtud del plan. Un plan de ajuste es un documento en el que se explica la manera en que PBA propone pagar las deudas adeudadas a sus acreedores. Este plan está disponible para que lo revisen los acreedores en https://cases.primeclerk.com/puertorico/.
• **Si debe presentar una reclamación en contra de PBA, debe hacerlo antes del 30 de abril de 2020 a las 4:00 p. m., hora del Atlántico.**
• Las reclamaciones pueden presentarse (a) de manera electrónica, realizando la presentación en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index, o (b) por correo postal o entrega personalmente en las direcciones indicadas en la Sección 6 de este aviso.
• Si, después de leer este aviso, necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822–9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com. Tenga en cuenta que las personas que responden las llamadas no pueden brindar asesoramiento legal. Si tiene preguntas sobre sus derechos legales, entre ellos, si necesita presentar una reclamación, debe consultar con un abogado.

**Sección 1. Las Fechas límite**

El 11 de marzo de 2020, el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal de Distrito") emitió una resolución (la "Orden de fechas límite") para el Caso en virtud del Título III de PBA de conformidad con la Regla de Quiebra 3003(c) en la que se establecen los siguientes plazos para presentar Evidencias de reclamaciones (en conjunto, las "Fechas límite"):

(a) Fecha límite general: **4:00 p. m. (hora estándar del Atlántico) del 30 de abril de 2020**. Este es el plazo (la "Fecha límite general") para presentar evidencias de reclamaciones (según se definen en el artículo 101(5) del Código de Quiebras), en contra de PBA por concepto de (i) reclamaciones que surgieron o se considera que surgieron antes de la fecha de inicio del Caso de PBA el 27 de septiembre de 2019 en virtud del Título III, incluidos, a fin de disipar dudas, reclamaciones que surgieron de conformidad con el artículo 503(b)(9) del Código de Quiebras, y (ii) reclamaciones alegadas por entidades gubernamentales (según se definen en el artículo 101(27) del Código de Quiebras).

(b) Fecha límite de rechazos: salvo que se estipule lo contrario en alguna orden que autorice el rechazo de un contrato de ejecución pendiente o un arrendamiento vigente, las **4:00 p. m. (hora estándar del Atlántico) de la fecha que sea posterior entre (i) la Fecha límite general y (ii) el primer día hábil después de los treinta y cinco (35) días calendario posteriores a la emisión de la orden por parte del Tribunal que autorice dicho rechazo** es el plazo para que una contraparte del contrato de ejecución pendiente o arrendamiento vigente rechazados presente evidencias de reclamaciones relacionadas con el rechazo de dicho contrato o arrendamiento (la "Fecha límite de rechazos") y, junto con la Fecha límite general, las "Fechas límite").

Según su uso en este Aviso, una "reclamación", tal y como se define en el artículo 101(5) del Código de Quiebras, siempre que surge, incluye, cualquier reclamación en contra de PBA basado en la responsabilidad primaria, secundaria, directa, indirecta, fija, garantizada, no garantizada, eventual, asegurada, impugnada, no impugnada, liquidada, no liquidada, vencida, no vencida, legal o conforme al sistema del Equity de PBA o de alguna otra manera, incluidos, a fin de disipar dudas, las reclamaciones que surjan de conformidad con el artículo 503(b)(9) del Código de Quiebras (cada uno de ellos, una "Reclamación").

**Sección 2. Quiénes NO deben presentar Evidencias de reclamaciones**

**EL HECHO DE QUE HAYA RECIBIDO ESTE AVISO NO IMPLICA QUE USTED TENGA UNA RECLAMACIÓN EN CONTRA DE PBA NI QUE PBA CONSIDERE QUE USTED TIENE UNA RECLAMACIÓN.**

**A las siguientes personas y entidades no se les exige presentar una Evidencia de reclamaciones en la Fecha límite correspondiente o con anterioridad:**

A. Reclamaciones permitidas: cualquier persona o entidad cuya reclamación se haya permitido anteriormente mediante una orden de este Tribunal emitida en la Fecha límite correspondiente o con anterioridad.

B. Reclamaciones pagadas: cualquier persona o entidad cuya reclamación se haya pagado totalmente por parte de un Deudor, incluidas las reclamaciones pagados por un Deudor después de la fecha de inicio de su respectivo Caso en virtud del Título III.

C. Evidencias de reclamaciones ya presentadas: cualquier persona o entidad que ya presentó correctamente una evidencia de reclamación, que respeta sustancialmente el Formulario de evidencia de reclamación, en estos Casos en virtud del Título III ante el Tribunal o el agente de reclamaciones y avisos de los Deudores.

D. Reclamaciones correctamente mencionadas y categorizadas en las Listas de acreedores: cualquier persona o entidad cuya reclamación figure en una de las Listas de acreedores y (i) si la reclamación no se menciona como "impugnada", "eventual" o "no liquidada", (ii) si la persona o la entidad no impugnan el monto y la naturaleza de la reclamación, tal como se establece en la Lista de acreedores correspondiente, y (iii) si la persona o la entidad no disputan que la reclamación es una obligación del Deudor en cuestión.

E. Reclamaciones por pensión: Cualquier retirado, empleado activo y exempleado y cualquier beneficiario de las personas mencionadas anteriormente por pensiones acumuladas y cualquier y todo beneficio post-retiro vencido como resultado de cada empleo de dicha persona por ser un beneficiario del Deudor de Título III ("Reclamaciones de Pensión"); sin embargo, dicho titular debe alegar una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta moción, para lo cual debe presentar una evidencia de reclamaciones con respecto a esta otra reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la otra reclamación.

F. Reclamaciones de empleados unionados o no unionados: cualquier empleado, empleado con licencia o exempleado representados por una unión o no representados por una unión para la indemnización y los beneficios de empleo, incluidos, entre otros, los sueldos, salarios, beneficios médicos para empleados, o beneficios de seguros o reclamaciones de indemnización por accidentes laborales ("Reclamaciones de indemnización"); sin embargo, las reclamaciones de indemnización no deben incluir reclamaciones que se alegaron o se alegarán en una causa judicial o un procedimiento administrativo sobre la base de agravio o derecho consuetudinario, derecho estatutario o reglamentaciones no relacionados con el empleo, incluso cuando dichas reclamaciones se alegan como daños o derecho a recibir sueldos, salarios, beneficios médicos para empleados o beneficios de seguros.

G. Reclamaciones de miembros de uniones individuales: cualquier persona o entidad titular de una reclamaciones se limita a obligaciones en virtud de sus respectivos convenios colectivos de trabajo, en la medida en que la unión relevante presente una reclamación colectiva de sus respectivos constituyentes contra el Deudor ("Reclamaciones CBA"); sin embargo, dicho titular debe alegar (i) una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L o (ii) una reclamación por una queja que se resolvió y liquidó mediante un arreglo o laudo arbitral al 27 de septiembre de 2019 (dicha reclamación, una "Queja Resuelta"), y, para ello, debe presentar una evidencia de reclamaciones con respecto a la reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la reclamación.

H. Reclamaciones de tenedores de bonos individuales cubiertos por evidencias de reclamaciones principales de deudas en bonos presentadas oportunamente: cualquier persona o entidad titular de una reclamación que se limita al pago de capital, intereses y otros cargos y gastos, en la medida en que el fiduciario, agente fiscal, o agente o designado similares pertinentes presenten una Evidencia de reclamaciones principal de una deuda en bonos en contra del Deudor pertinente en la Fecha límite general o con anterioridad en concepto de todos las reclamaciones en forma de bonos en contra del Deudor pertinente en virtud del respectivo acuerdo de fideicomiso o documento del bono; sin embargo, dicho titular debe alegar una reclamación que no esté exceptuada, de alguna otra manera, de la presentación de una evidencia de reclamaciones según los párrafos A a L de esta sección, para lo cual debe presentar una evidencia de reclamaciones con respecto a esta otra reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de la otra reclamación.

I. Reclamaciones intergubernamentales: cualquier municipio, departamento u organismo de Commonwealth que no sea un Deudor ni un "organismo territorial cubierto" (según se define en la ley PROMESA) que alegue una reclamación en contra de PBA por un monto menor que $100 millones. A fin de disipar dudas, cualquier entidad que alegue una reclamación en contra de PBA igual o superior a $100 millones debe presentar una evidencia de reclamaciones con respecto a dicha reclamación en la Fecha límite general o con anterioridad para evitar el rechazo de dicha reclamación.

J. Gastos administrativos: cualquier titular de una reclamación permisible en virtud de los artículos 503(b) y 507(a)(2) del Código de Quiebras como gasto administrativo (que no sea una reclamación en virtud del artículo 503(b)(9) del Código de Quiebras).

K. Evidencias de reclamaciones con plazos independientes: cualquier titular de una reclamación para el cual este Tribunal fije o haya fijado un plazo independiente.

L. Reclamaciones administrativas de profesionales: profesionales que alegan reclamaciones administrativas por honorarios y gastos sujetos a la aprobación del Tribunal de conformidad con el artículo 316 de la ley PROMESA.

Sin embargo, en caso de que el Tribunal de Distrito fije una fecha antes de la cual deban presentarse las reclamaciones descritas anteriormente en los párrafos A a L, usted recibirá oportunamente una notificación de dicha fecha límite.

**Sección 3. Quiénes DEBEN presentar Evidencias de reclamaciones**

Usted **DEBE** presentar una **Evidencia de reclamaciones** para votar en cualquier plan de ajuste presentado por la Junta de Supervisión en nombre de PBA o para participar en las distribuciones de PBA si tiene una reclamación que surgió antes de la fecha de inicio y que no corresponde a uno de los tipos de reclamaciones descritos anteriormente en los párrafos A a L de la Sección 2.

**Un titular de una posible reclamación en contra de PBA debe consultar con un abogado si tiene preguntas relacionadas con este Aviso, entre ellas, si dicho titular debe presentar una Evidencia de reclamación.**

**Sección 4. Consecuencias de no presentar una Evidencia de reclamaciones antes de la Fecha límite correspondiente**

A TODO TITULAR DE UNA RECLAMACIÓN QUE NO ESTÉ EXIMIDA DE LOS REQUISITOS DE LA ORDEN DE FECHAS LÍMITE, TAL COMO SE INDICÓ ANTERIORMENTE EN LOS PÁRRAFOS A-L DE LA SECCIÓN 2, Y QUE NO PRESENTE DE MANERA OPORTUNA UNA EVIDENCIA DE RECLAMACIONES EN EL FORMULARIO APROPIADO SE LE PROHIBIRÁ A PERPETUIDAD (SALVO QUE EL TRIBUNAL RESUELVA LO CONTRARIO) EFECTUAR DICHA RECLAMACIÓN EN CONTRA DE PBA, VOTAR EN CUALQUIER PLAN DE AJUSTE PRESENTADO EN ESTE CASO EN VIRTUD DEL TÍTULO III Y PARTICIPAR DE CUALQUIER DISTRIBUCIÓN EN ESTE CASO EN VIRTUD DEL TÍTULO III EN CONCEPTO DE DICHA RECLAMACIÓN.

**Sección 5. Qué se debe presentar**

Cada Evidencia de reclamación, para presentarse correctamente de conformidad con este Aviso, deberá: (i) estar escrita en inglés o en español; (ii) estar denominada en moneda de curso legal de los Estados Unidos a la fecha de inicio del Caso pertinente en virtud del Título III; (iii) establecer específicamente el fundamento legal y fáctico de la reclamación alegada; (iv) incluir copia de la documentación de respaldo (o, si esta documentación es demasiado extensa, incluir un resumen de dicha documentación) o una explicación de por qué la documentación no está disponible, y la documentación, el resumen o la explicación deben proporcionarse en inglés o en español; (v) incluir una firma original o electrónica del reclamante o un representante autorizado del reclamante, y (vi) respetar sustancialmente el Formulario de evidencia de reclamaciones aprobado por la Orden de fechas límite. Si presenta un resumen de la documentación de respaldo porque es muy extensa, debe enviar esta documentación (a) al Agente de reclamaciones y (b) al Deudor en un plazo de diez días posteriores a la fecha de una solicitud escrita de dichos documentos por parte del Deudor.

El Formulario de evidencia de reclamaciones se puede obtener, así como presentar, en el sitio web que establece y mantiene el Agente de reclamaciones en https://cases.primeclerk.com/puertorico/.

**Sección 6. Dónde y cómo realizar la presentación**

Todas las Evidencias de reclamaciones, salvo que se indique lo contrario o se eximan específicamente en la sección 2 incluida anteriormente, deberán presentarse ante el Agente de reclamaciones y avisos, Prime Clerk LLC, (el "Agente de reclamaciones") de conformidad con los procedimientos descritos en el presente documento **para que se consideren efectivamente recibidos** en o antes de la Fecha límite correspondiente, según la naturaleza de la reclamación.

Las Evidencias de reclamaciones pueden presentarse a través de cualquiera de los siguientes métodos:
(i) Completar la Evidencia de reclamación en formato electrónico en el sitio web del Agente de reclamaciones en https://cases.primeclerk.com/puertorico/EPOC-Index.
(ii) Realizar el envío **por servicio de correo "first class"** a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station, PO Box 4708, New York, NY 10163-4708.
(iii) Enviar mediante **servicio de correo "overnight"** a la siguiente dirección: Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.
(iv) Realizar la **entrega personalmente** en cualquiera de las siguientes ubicaciones: (a) Commonwealth of Puerto Rico, Claims Processing Center, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, o (b) las direcciones de Commonwealth que se indican a continuación, disponibles durante las fechas y los horarios señalados:

| Ubicaciones en el Estado Libre Asociado de Puerto Rico<br>donde se acepta la entrega personal de las Evidencias de reclamaciones[3]<br>Todas las ubicaciones están abiertas desde el 31 de marzo de 2020 al 30 de abril de 2020<br>(excepto los fines de semana y los feriados judiciales) ||
|---|---|
| Dirección | Horarios (AST) |
| Bianca Convention Center,<br>Carr 2 KM 143, 1st Floor, Añasco, PR 00610 | De lun. a vier.<br>de 8:30 a. m. a 5:00 p. m. |
| Oceana HUB Center<br>2 Calle Acerina, Caguas, PR 00725 | De lun. a vier.<br>de 8:30 a. m. a 5:00 p. m. |
| Citi Towers<br>250 Ponce de León Ave., Suite 503, Hato Rey, San Juan, PR 00918 | De lun. a vier.<br>de 8:30 a. m. a 5:00 p. m. |
| Piloto 151<br>151 Calle de San Francisco, 2nd Floor, San Juan, PR 00901 | De lun. a vier.<br>de 8:30 a. m. a 5:00 p. m. |
| Joe's Blue<br>MCS Building<br>880 Tito Castro Avenue, 1st Floor, Ponce, PR 00716-4732 | De lun. a vier.<br>de 8:30 a. m. a 5:00 p. m. |

**No** se aceptarán las Evidencias de reclamaciones enviadas por facsímil, telecopia o transmisión por correo electrónico; sin embargo, pueden enviarse a través del sitio web de Prime Clerk: https://cases.primeclerk.com/puertorico/EPOC-Index.

**Sección 7. Información adicional**

Las Listas de acreedores de PBA y la Orden de fechas límite pueden descargarse y revisarse sin cargo en el sitio web del Agente de reclamaciones, https://cases.primeclerk.com/puertorico/. Todo acreedor que se base en las Listas de acreedores de PBA asume la responsabilidad de determinar que su reclamación figure correctamente en dichas listas.

Si necesita información adicional sobre este Aviso, puede comunicarse con el Agente de reclamaciones al (844) 822–9231 (línea gratuita para los EE. UU y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), de 10:00 a. m. a 7:00 p. m. (hora del Atlántico) (disponible en español), o por correo electrónico a la dirección puertoricoinfo@primeclerk.com.

Fecha: 12 de marzo de 2020

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado ") (Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (últimos cuatro dígitos del número de identificación tributaria federal: 3747); y (vi) Autoridad de Edificios Públicos ("PBA") (Caso de quiebra No. 19-BK-5523-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3801) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] PROMESA está codificada en el Título 48, artículos 2101–2241 del Código de los Estados Unidos (U.S.C.).

[3] PBA se reserva el derecho de enmendar las ubicaciones aceptando evidencias de reclamaciones mediante entrega en mano.





• MFC-L2750DW:
• Impresora multifunción láser monocromo WiFi con fax, 36ppm, pantalla táctil, doble cara automática en todas las funciones y ADF de 50 hojas

10 unidades disponibles
www.datasuppliesonline.com

**Oferta:**
**$239.00**

787-758-7118
Data Supplies



CARRY OUT
Hasta nuevo Aviso
Solamente Ordenes para Llevar.

Puerto PARGUERA RESTAURANTE

Especialidad en Mariscos, Pizza, Frappes, Empanadillas, Paella, Pescados Fritos, Variedad de Mofongos.

Abierto los 7 días de la semana:
787-808-1640
Horario Temporero de 11:00 AM - 8:00 PM
CALLE ANGEL LUIS LOPEZ, LA PARGUER, LAJAS, PR



Ya es hora de mirar hacia el Caño Martín Peña.

cano3punto7.org



caño 3.7
*g-8 • enlace • fideicomiso



Centros SOR ISOLINA Ferré

50 Años Creando Futuro

Ayúdanos a:
▪ Luchar contra la deserción escolar
▪ Combatir la delincuencia juvenil
▪ Prevenir el embarazo entre adolescentes
▪ Fortalecer las familias
▪ Promover la autosuficiencia económica
▪ Fomentar el desarrollo personal y comunitario



DONA A /Centros Sor Isolina Ferré ATH móvil

✉ csifpr.org/donaciones
☎ 787-842-0000 Ext. 1140
f facebook.com/centros.ferre
🐦 @Sor_Isolina

PRINTED AND DISTRIBUTED BY PRESSREADER
PressReader.com +1 604 278 4604
COPYRIGHT AND PROTECTED BY APPLICABLE LAW