# EXHIBIT AT

# (Ex. 42 to the Natbony Declaration, originally filed as ECF 13040-14 through ECF 13040-15, and ECF 790-14 through 790-15 in Case No. 17-BK-3567) - Part 1

**NATBONY REPLY DECLARATION**
**EXHIBIT 42**



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Autoridad de Carreteras y Transportación

4 de diciembre de 2014

Oriental
P. O. Box 195115
San Juan, PR 00919-5115

Estimados señores:

La Autoridad de Carreteras y Transportación (ACT) solicita que se elimine al Sr. Silvino Cepeda Ortiz de la lista de personas autorizadas a realizar cualquiera de las gestiones que se detallan a continuación, para las cuentas que se anejan:

1. Firma Autorizada
2. "Wire Transfer"
3. Acceso a Banca electrónica

Agradecemos su pronta atención a este asunto. En una carta separada le incluiremos las personas a ser autorizadas a realizar las transacciones antes descritas.

Cordialmente,

**Redacted**

Javier E. Ramos Hernández, PE
Director Ejecutivo

**Redacted**

César M. Gandiaga Texidor, CPA
Director Ejecutivo Auxiliar para
Administración y Finanzas

CMGT/amo

Centro Gubernamental Roberto Sánchez Vilella
Apartado 42007, San Juan, PR 00940-2007
Tel. (787) 721.8787
www.dtop.gov.pr

 facebook.com/dtop    @DTOP





ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Autoridad de Carreteras y Transportación

## ORIENTAL
## NUMEROS DE CUENTA

### AUTORIDAD DE CARRETERAS Y TRANSPORTACION

| NUMERO DE CUENTA NUEVO | DESCRIPCION |
|---|---|
| Redacted 9874 | Fondo de Construcción |
| Redacted 9574 | Fondo General |
| Redacted 4676 | Cuenta Quick Checks |
| Redacted 6672 | Cuenta FTA |
| Redacted 9074 | Money Market |

Centro Gubernamental Roberto Sánchez Vilella
Apartado 42007, San Juan, PR 00940-2007
Tel. (787) 721.8787
www.dtop.gov.pr

 facebook.com/dtop   @DTOP





ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Autoridad de Carreteras y Transportación

19 de diciembre de 2014

Oriental
P. O. Box 364745
San Juan, PR 00936-4745

Estimados señores:

Cumpliendo con lo solicitado, a continuación se detallan los nombres de las personas autorizadas a firmar los cheques en las diferentes cuentas bancarias que la Autoridad de Carreteras y Transportación mantiene con Oriental, así como sus puestos, según lo dispone la Resolución Núm. 2013-27, la cual enmienda la Resolución Núm. 2013-02 "A fin de disponer quiénes son los funcionarios autorizados a firmar cheques de la Corporación y se registren sus firmas":

| Javier E. Ramos Hernández | Director Ejecutivo |
| --- | --- |
| César M. Gandiaga Texidor | Director Ejecutivo Auxiliar para Administración y Finanzas |
| Enoc F. Ramos Pérez | Director del Área de Finanzas |
| Luis K. Santiago Reyes | Subtesorero |

De necesitar información adicional, puede comunicarse con la oficina al 787-721-8787, Ext. 1026.

Cordialmente,

**Redacted**

Javier E. Ramos Hernández, PE
Director Ejecutivo

CMGT/amo

Centro Gubernamental Roberto Sánchez Vilella
Apartado 42007, San Juan, PR 00940-2007
Tel. (787) 721.8787
www.dtop.gov.pr

 facebook.com/dtop  @DTOP



ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS



RESOLUCIÓN NÚM. 2014-24

PARA RATIFICAR LA DESIGNACIÓN DEL
ING. JAVIER E. RAMOS HERNÁNDEZ,
COMO DIRECTOR EJECUTIVO DE LA CORPORACIÓN

POR CUANTO: Mediante la Ley Núm. 41-2014 se creó una Junta de Directores en la Autoridad de Carreteras y Transportación (en adelante la "Autoridad") y se dispuso que los poderes y deberes de la Autoridad serán ejercidos por dicha Junta.

POR CUANTO: La Ley Núm. 41-2014, que enmienda la ley orgánica de la Autoridad, dispone que ésta tiene facultad para nombrar un Director Ejecutivo y un Secretario, ninguno de los cuales será miembro de la Junta, y pagarles por sus servicios la compensación que la Junta determine.

POR CUANTO: La ley orgánica de la Autoridad, según enmendada por la Ley Núm. 41-2014, en su nuevo Artículo 21 dispone, entre otras cosas, que a los treinta (30) días después de nombrada, la Junta de Directores se reunirá, organizará y designará un Director Ejecutivo y un Secretario y fijará sus respectivas compensaciones.

POR CUANTO: En virtud de la Resolución de la Autoridad Número 2013-005 se designó al Ing. Javier E. Ramos Hernández como Director Ejecutivo de la Autoridad.

POR CUANTO: En Reunión Ordinaria de la Junta celebrada el 7 de abril de 2014, se ratificó la designación del Ing. Javier E. Ramos Hernández como Director Ejecutivo de la Autoridad, así como se ratificó su compensación actual.

[Redacted]

POR TANTO: RESUÉLVASE POR ESTA JUNTA DE DIRECTORES:

1) Ratificar la designación del Ing. Javier E. Ramos Hernández como Director Ejecutivo de la Autoridad de Carreteras y Transportación. Asimismo se ratificó su compensación actual.

2) Esta resolución tendrá vigencia inmediata.

.../...

CONFIDENTIAL
HTA_STAY0028883

Resolución Número 2014-22
Página 2 de 2

NOSOTROS, HON. MIGUEL A. TORRES DÍAZ, Presidente de la Junta de Directores, y LCDA. YASMÍN M. SANTIAGO ZAYAS, Secretaria de la Junta de Directores de la Autoridad de Carreteras y Transportación, CERTIFICAMOS que la que antecede es una Resolución fiel y exacta aprobada por la Junta de Directores en reunión ordinaria celebrada en San Juan, Puerto Rico, a 7 de abril de 2014.

Redacted

HON. MIGUEL A. TORRES DIAZ
Presidente de la Junta
Secretario, Departamento de Transportación y Obras Públicas

Redacted

LCDA. YASMIN M. SANTIAGO ZAYAS
Secretaria de la Corporación

Redacted

CONFIDENTIAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　HTA_STAY0028884

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS



## RESOLUTION NO. 2014-17

WHEREAS, by virtue of Law Number 41-2014 a new Board of Directors was created for the Puerto Rico Highways and Transportation Authority (hereinafter, the Authority);

WHEREAS, to conduct the affairs of the Authority the Board of Directors evaluated a draft of the By-Laws of the Puerto Rico Highways and Transportation Authority, and amended the same as follows:

### BY-LAWS of the
### PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY

#### I
#### PURPOSE

The purpose of these By-Laws is to govern generally the manner in which the business of the Authority may be conducted and the way in which the powers and duties granted to and imposed upon it by law, will be exercised and performed; and to provide for the delegation by the Board of Directors of the Puerto Rico Highways and Transportation Authority (hereinafter called the Board) of the Authority's administrative powers and duties that the Board has deemed proper to delegate to the Authority's officers, agents, and employees.

#### II
#### RESIDENCE

The residence, domicile, and principal office of the Authority shall be in the city of San Juan, Puerto Rico, and its business may be conducted, and offices for that purpose may be located, both in San Juan and elsewhere.

#### III
#### CORPORATE SEAL

[Redacted]

The Corporate Seal of the Authority is in rectangular form; it has the letters "ACT" enclosed with the letter "T" extended to the right like a highway. Above said rectangle, it appears the words "ESTADO LIBRE ASOCIADO DE PUERTO RICO" and below the words "AUTORIDAD DE CARRETERAS Y TRANSPORTACION, Departamento de Transportación y Obras Públicas". The official Seal is emboss.

A copy of said seal is herein embossed.

Resolution No. 2014-17
Page 2 of 13

## IV
## BOARD OF DIRECTORS

A. The powers of the Authority shall be invested in and exercised by the Board in the manner and form described in the Authority's Organic Act, as amended. This includes, but is not limited, to appoint an Executive Director and a Secretary, none of which will be a member of the Board, and other officers, agents and employees, and confer to them those powers and duties, and pay them for their services the compensation that the Board determines.

B. The Board may delegate to the Executive Director or to any other official, agent or employee of the Authority, those powers and duties it considers just and proper. The Board will make these delegations through these By Laws, by Rules or Regulations or by Resolutions properly adopted.

C. Action taken by the Board of Directors with respect to the Authority will be evidenced by separately drafted resolutions recorded in the minutes' book of the Authority with a brief description concerning the subject matter of each such resolution and any necessary attachments or exhibits.

D. Composition.- The Board of Directors shall have seven (7) members, designated as follows:

1. One (1) citizen appointed by the Governor, with the consent of the Senate, that has to be an engineer authorized to practice its profession in Puerto Rico;

2. One (1) citizen appointed by the Governor, with the consent of the Senate, that has to be a professional with knowledge and vast experience in finance;

3. One (1) citizen selected by the Governor from a list of at least ten (10) persons submitted by the professional associations and nonprofit organizations designated by the Governor and which are important in economics and planning, public administration and economic development, or whose members are people featured in these disciplines. These entities will have thirty (30) calendar days to submit its list of candidates from the date the Governor requests it. The Governor, within its sole discretion, will evaluate the recommendation of these entities and choose a person from the list. If the Governor rejects the recommended people, the professional associations or nonprofit organizations shall submit another list within thirty (30) calendar days. If the Governor does not choose any person from this second list, he can designate another person for the position, without subjection to any additional recommendations by the professional associations or non-profit entities before mentioned.

[Redacted]

4. The other four (4) members of the Board will be members *ex officio*:

   a. The Secretary of the Department of Transportation and Public Works, which shall be the Chairman of the Board;

   b. President of the Planning Board of Puerto Rico;

   c. Secretary of the Department of the Treasury;

   d. President of the Government Development Bank of Puerto Rico;

5. The term of the three (3) members who are not members ex officio, shall be four (4) years, or until their successors take office, whichever occurs last.

6. It is strictly prohibited the payment of any compensation to the members of the Board.

Resolution No. 2014-17
Page 3 of 13

    7. Any vacancy of all three (3) members named by the Governor will be covered by appointment, in accordance with the specifications that apply to the position that has been vacant, for the unexpired term of the original appointment.

E. Who may not be member of the Board. Any person who:

    1. is an employee, retired employee or have substantial, direct or indirect economic interest in any private company with which the Authority granted contracts or make transactions of any kind;

    2. in the two (2) years prior to occupy the position, had a relationship or commercial interest in any private company with which the Authority granted contracts or make transactions of any kind;

    3. has been member of a governing body at the central level or local political party registered in the Commonwealth of Puerto Rico during the year prior to the date of designation;

    4. be employed, member, consultant, or contractor of the unions of workers of the Authority; or,

    5. there are no provided the certification of filing of tax returns for the last five (5) tax years, negative certification of debt issued by the Treasury Department, the negative debt certification with the Authority, the Certificate of Criminal Antecedents of the Police of Puerto Rico, as well as the negative certifications of debt from the Child Support Administration (ASUME) and the Center of Municipal Tax Collection (CRIM).

    6. If a Board member is a public employee, time serving at the meetings of the Board, it shall be ensured as time worked in the agency, corporation or public instrumentality which carries out its tasks.

F. [Redacted] When an Acting Secretary of Transportation and Public Works, an Acting Secretary of the Treasury Department, an Acting President of the Puerto Rico Planning Board, or an Acting President of the Puerto Rico Government Development Bank is designated according to law, including an express designation of the Board Member or its Board of Directors, the designated person will be able to attend the Board meetings representing the Board members, with the right to vote on all matters, except that no Acting Board member shall act as Chairman of the Board.

G. The Board, in addition, shall have power to approve, amend and repeal those regulations of the Authority that it deems necessary or convenient to carry out its aims, purposes and activities.

H. The Board will determine the distribution and the use of its budget for capital improvements and operations according with its plans and needs.

I. Meetings of the Board:

    1. The Board of Directors will meet every first Monday of each month at 1:30 pm. Additional meetings shall be convened by the Chairman of the Board at the request of any Board member or the Executive Director. Attendance to the meetings may be done personally or through any technological means available through which persons at the meeting and the person(s) communicating remotely may adequately hear each other.

    2. The Executive Director is authorized to attend all meetings of the Board, but

Resolution No. 2014-17
Page 4 of 13

shall not be entitled to vote.

3. Quorum – Four (4) members of the Board, or a majority of the members of the Board if there are vacancies, shall constitute a quorum to conduct business and for any other purpose. Attendance through technological means will count towards quorum, *provided however* that for Quorum to be verified at least 2 members of the Board need to be physically present at the meeting. Any agreement of the Board will be taken by not less than four (4) members.

4. Place and Notice of Meetings:

   a. The meetings of the Board shall be held at the principal office of the Authority or at such other place as the Board may agree to by majority of votes. *Provided that* whenever special circumstances require immediate action by the Board and time constrains and sense of urgency, or any other reason make it impossible or impractical for the Board to meet personally, the members of the Board may be polled by e-mail, or by written notice of the issues involved, by the Secretary or the Assistant Secretary, and prior certification of the Secretary or Assistant Secretary of the result of any such polling any action taken under such circumstance shall be legal, proper and authorized in the same manner as if the Board had convened for a meeting, subject to all of the regulations and limitations contained in these By-Laws. Such action shall be referred to as a "Resolution By Consent".

   b. The Secretary of the Board shall prepare and send notices, which will include an agenda of the issues to be discussed in the meeting and all documents pertaining to them, of all meetings to the members of the Board of Directors and to the Executive Director. Said notice shall state the time, place, and purpose of the meeting. Said notice shall be sent by personal delivery, mail, email, or fax, at least seven (7) working days before the date set for the meeting.

      i. Meetings may be held without the prior seven (7) working days notice, if the members of the Board sign a waiver of notice for such meeting, but such shorter notice will never be shorter than 48 hours prior to the meeting.

[Redacted]

5. Adjournments – Meetings of the Board may be adjourned without notice if a quorum is present; If there is no quorum, the meeting may be adjourned by the members present, or if none, by the Secretary, provided that notice of such adjournment shall be sent by the methods prescribed above to those members absent of said meeting.

6. Minutes – The minutes of each meeting shall include a record of all actions taken, but they need not to include the discussion thereon. Copies thereof shall be sent to each member at hand, by email, fax or mailed, in which case it shall be sent to them at least seven (7) working days before the following meeting. The minutes so sent shall be deemed to be approved, unless objections are raised before or during the following meeting. The Secretary will be the custodian and shall be responsible for the safekeeping of the Minutes.

7. All meetings of the Board of Directors, in which the matters of the Authority which are not expressly excluded as here described, will be broadcast over the Internet, with audio and simultaneous image to the physical meeting. It is not considered a violation of this provision if the temporary interruption of the transmissions of the meetings of the Board, up to a maximum of twenty-four (24) hours, is a real consequence of problems on the server of the Authority, force majeure or interruptions in electricity, as long as it doesn't intervene

Resolution No. 2014-17
Page 5 of 13

   violence, intimidation or fraud.

8. The Authority will create a space in its Internet home page for the webcast of the meetings of the Board of Directors. The link that is enabled for these purposes must be clearly identified on the portal of Internet of the Authority.

9. The Board will notify all its meetings to the public, through its website, at least forty-eight (48) hours in advance. When convening a meeting of the Board and the same occurs within one period of less than forty-eight (48) hours, the meeting shall be notified to the public before the same, through the home page of the Authority, as soon as possible. The meeting notice shall have, at least, the date, exact hour, place, and the Internet link to observe the meeting.

10. The webcast of the meetings of the Board of Directors shall not be required when:

    a. It is an emergency meeting. An "emergency meeting" is the meeting cited by the Board in order to handle a real or potential emergency that represents a clear and present danger to life or property.

    b. In a case of a legal action. "Legal action" is any present or proposed action subject to litigation in a Court of Justice or other administrative legal body, pending court action. It includes extrajudicial actions pending transaction. Similarly, includes the "Privilege of the Processes of Alternate Methods for the Solution of Conflicts" of the Rules of Evidence prevailing in Puerto Rico, as they amended.

    c. Will discuss matters relating to internal Human Resources procedures. This exception shall apply only when issues are discussed in particular and identifiable employees, following the ordinary procedure of sanctions, penalties and/or bonuses; and only when there is a reasonable risk of lacerate the reasonable expectation of privacy of the employee. This exception does not apply, and must be transmitted over the Internet, all deliberation on a restructuring of the Authority, layoffs or bonuses to employees in general, as well as the deliberation on productivity bonuses.

    [Redacted]

    d. They discuss matters protected by the Health Insurance Portability and Accountability Act (HIPAA), covered by the Rules of Evidence prevailing in Puerto Rico, as they are amended, on the physician-patient relationship or the relationship psychotherapist-patient.

    e. In the case of a trade secret or business of the Authority, according to the provisions of Rule 513 of the Rules of Evidence of Puerto Rico, as it is amended.

    f. The Board discusses information on internal investigations of the Authority while the investigation has not concluded. This exception will not include the discussion of the final report and findings of the research.

    g. The Board discusses information related to the strategies of the negotiation of collective agreements or employer-employee disputes.

    h. The Board discusses issues on the intellectual property of others.

    i. Be discussed issues of public safety, if these are related to threats against the authority, your assets or employees.

11. The Authority must archive recordings of their Board of Directors meetings on the main Internet page of the Authority. The archive link should be clearly

CONFIDENTIAL
HTA_STAY0028889

- identified in the page, together with a certification that the recording is a true and accurate copy of the affairs discussed at the meeting of the Board, except those expressly excluded according to paragraph ten (10) immediately above. Also, the Authority must archive a physical copy of the recording in a file. This copy will be available, within a period of thirty (30) days calendar, to the general public that requests it and the Authority will not require a payment to provide copies, beyond the cost of reproduction. The Authority must keep the physical copy of the recording for a term not less than five (5) years. The Secretary will be the custodian and shall be responsible for the safekeeping of said physical recordings.

J. The Board will have the authority to hire, through the Executive Director, those independent advisers who, from time to time, are deemed to be needed in order to perform its functions optimally under the Law.

K. The first Board of Directors arising after the adoption of the Act 41-2014, has power to constitute and act in the full exercise of its powers, with the four (4) members *ex officio*. Within thirty (30) days after the enactment of Law 41-2014, the Board of Directors shall meet, organize and appoint its President (the Secretary of the Department of Transportation and Public Works) and it's Vice-President. At the same time will designate and set the compensation of an Executive Director and shall appoint a Secretary, none of which will be member of the Board.

L. Committes – The work of the Board of Directors may be executed in one or more working committees, whose composition and functions will be delimited by the Chairman of the Board.

1. Audit Committee

The Board of Directors shall appoint an Audit Committee that shall only report to said Board of Directors. The Audit Committee shall appoint and supervise the Internal Auditor of the Authority and shall establish an internal audit program for the Authority. The Audit Committee will present to the Board of Directors periodic reports of its meetings and the businesses addressed by it. A removal or resignation of the Internal Auditor of the Authority will require the approval of the Board of Directors.

[Redacted]

The Audit Committee shall be composes of at least two members of the Board of Directors. One of these will be the member representing the public interest in the Board of Directors and any other member shall be appointed by the Board of Directors at it will. Shall the public interest member of the Board of Directors be vacant, these shall be at least two (2) members designated at any time to conduct the businesses of the Audit Committee.

The Audit Committee shall meet at least three (3) times a year and the businesses addressed in all meetings shall be recorded in a meeting minutes.

2. Executive Committee

The Board of Directors may appoint and Executive Committee to conduct businesses of said Board between its regular or special meetings. Such Executive Committee shall be composed by, at least, two (2) members of the Board of Directors.

The President, by resolution, will establish the scope of actions and any relevant guideline in delegating authority to the Executive Committee. Any action taken by this committee shall be reported to the Board of Directors in the following regular or special meeting, for it information and actions, if any are needed. The businesses addressed the Executive Committee shall be

Resolution No. 2014-17
Page 7 of 13

    recorded in a meeting minutes and submitted to the Board *en banc*.

3. Other Committees

The Board of Directors may appoint any other special or ad hoc committee of any combination of its members to address any special matter, as it may deem just and proper.

The President, by written directive, will establish the scope of action and any relevant guideline. Any action or recommendation taken or develop by those committees, shall be reported to the Board of Directors in the following regular or special meeting, for the Board of Directors actions.

## V
## ORGANIZATION

    The general organization of the Authority shall be as set forth in the organization chart attached hereto as Exhibit A of these By-Laws.

    The aforementioned chart shall be modified and kept up to date by the Executive Director, as changes and modifications are made by the Board in the organization of the Authority. The Board shall create, consolidate or eliminate functional units, as the exigencies of the Authority's may dictate; and to determine the functions of these units.

## VI
## EXECUTIVE DIRECTOR

A. The Executive Director of the Authority shall be appointed by the Board of Directors, who shall set its compensation.

B. The Executive Director is the Executive Officer of the Authority and, subject to the powers vested by Law in the Board and to such restrictions, limitations, and directions as the Board may from time to time prescribe, shall be responsible for the implementation of the Authority's public policy, and for the management, supervision, and direction of the operation of the Authority. The Executive Director will direct and supervise, and will be responsible for the work, of all divisions and offices of the Authority.

[Redacted]

C. The Executive Director will be responsible for the general supervision of the officers, employees and agents of the Authority.

D. The Executive Director has the power, authority, and responsibility:

1. To establish, re-classify, or eliminate positions, within the general classification policies and budgetary limitations approved by the Board.

2. To provide for the opening and closing of bank accounts and, in connection therewith, to designate banks both in Puerto Rico and outside of Puerto Rico to act as depositaries of funds of the Authority provided such depositaries qualify as such in accordance with prevailing law and regulations.

3. To appoint, transfer, separate, cease, remove, reinstate, reclassify, and promote the regular employees of the Authority, in accordance with the regulations approved by the Board of Directors.

4. To prescribe the duties and obligations of all the Authority's employees, except those expressly or directly prescribed or delegated by the Board.

5. To designate a Committee which will represent the Authority in the collective

CONFIDENTIAL
HTA_STAY0028891

Resolution No. 2014-17
Page 8 of 13

    bargaining negotiations and labor agreements in line with the general policies established by the Board, as necessary; and to keep the Board currently informed of such negotiations.

6. To determine the compensation that should be paid to the Authority's officers and employees on the basis of classification, salary plans, and the collective bargaining agreements negotiated with the Union, with the advice and consent of the Board.

7. To award bids and to enter into any and all kinds of construction contracts and contracts for the purchase of equipment, materials, supplies, and services, professional or others, necessary to promote and carry out the purposes of the Authority, pursuant to the Operational Budget, Capital Improvements Program or any other capital improvement budget or funds which the Authority may from time to time by assigned or selected to manage. *Provided, however,* that the Executive Director may sign all contracts above mentioned subject to the thresholds that, from time to time, the Board may designate by Resolution for the signing of all construction contracts and contracts for the purchase of equipment, materials, supplies, and services, professional or others. The signing of any contract for an amount above the thresholds shall be subject to the prior approval of the Board of Directors.

    The Operational Budget, Capital Improvements Program or any other capital improvement budget or funds which the Authority may from time to time by assigned or selected to and any revisions or amendments of them, must be approved by the Board.

    Change Orders, Extra Work Orders, or any amendment to any contract of the Authority, shall be signed by the Executive Director, or any other such officer or employee of the Authority that the Board may designate, and then, subject to the thresholds established by Resolution of the Board. In order to expedite the process of amending Construction Contracts, the Executive Director may designate a Committee which shall examine and recommend for approval and/or signing, any and all amendments (including but not limited to Extra Work Orders or Change Orders), which shall be signed subject to the thresholds established by Resolution of the Board.

[Redacted]

8. To sell, exchange, convey and/or dispose of, in any lawful manner (except by gift) any land, building, or real property belonging to the Authority, at the appraised value of the same and upon conditions of payments and any other conditions which he may deem appropriate, whenever the selling price of any such single real property shall not exceed the amount of $ [Redacted] *Provided, however,* that the sale value in each case shall not be less than the value of such property in the accounting books of the Authority, as certified by the Authority's Assistant Executive for Finance and Administration. Prior to each such sale, the Executive Director shall give consideration to the recommendations with respect to the transaction submitted to him in writing by appropriate officers of the Authority.

9. To sell and exchange, convey and/or dispose of, in any lawful manner (except by gift) any personal property belonging to the Authority at the appraised value of the same and upon the terms and conditions which he may deem appropriate, whenever the selling price of any such single transaction shall not exceed the amount of $ [Redacted] If the transaction amount is higher, the same will require prior written approval of the Board.

10. To acquire by purchase, exchange of property, or any other lawful means any land, building or real property, which he considers necessary for the Authority; provided that the amount does not exceed [Redacted] in any single or aggregated transaction. If the transaction amount is higher, the same will

Resolution No. 2014-17
Page 9 of 13

require prior written approval of the Board.

11. To lease or rent any land, building or other real property or interest thereon, machinery, equipment, materials, and supplies belonging to the Authority, for the term, price and other conditions that may be determined necessary and appropriate, whenever the aggregate rental payment to be received for the lease of any such land, building or property, shall not exceed the amount of [Redacted] per year and the term of the lease shall not exceed 6 years in any transaction of this type, provided such rental payments shall not be less than the minimum rental prescribed by policies or Regulations previously approved by the Board.

12. Any lease of land, building or other real property or interest, machinery, equipment, materials and supplies belonging to the Authority in excess of a term of six (6) years or with an aggregate rental payment over [Redacted] per year, with its terms and conditions must be previously approved by the Board.

13. To undertake surveys, studies, and/or planning activities of any nature whatsoever with respect to any existing project of the Authority or with respect to any project offered or proposed to the Authority; *provided that* the amount to be allotted or disbursed in any single survey, study and/or plan, shall not exceed [Redacted] Any such planning activities shall be coordinated and in agreement with the transportation plan adopted by the Government of the Commonwealth of Puerto Rico.

14. The Executive Director may prescribe and adopt such directives as shall be necessary and proper for the administration and the operation of the Authority, and for the exercise of the powers delegated to or vested in him by Law, by these By-Laws, or by any and all Resolutions, Regulations or other actions approved by the Board.

15. The Executive Director will prepare an itemized yearly budget of the Authority for the consideration and approval of the Board of Directors, which shall include the operations and capital improvement program. The Executive director will prepare, for the consideration of the Board, a monthly report of the progress of the Capital Improvement and Operational Budget, and will disclose and explain any changes or deviations from them.

[Redacted]

16. To sign, execute and deliver, on behalf of the Authority, public deeds, contracts, agreements, commitments, undertakings, documents or instruments of any nature that may be necessary for the discharge of his responsibilities.

17. To modify the terms, conditions or provisions of any contract, agreement, covenant or instrument of any nature whatsoever entered into by the Authority with any other party or parties whenever he deems such action necessary or convenient to assist or facilitate business operations or whenever the party or parties appearing in any such contract, agreement or instrument with the Authority shall be faced with difficulties of any nature which, in his judgment, may be likely to cause the failure of such party or parties, or the result in substantial loss to such party or parties, subject to the thresholds designated by Resolution of the Board. If the transaction amount is higher, upward or downward, of the thresholds established by Resolution of the Board, the modification will require prior written approval of the Board.

Under this paragraph, and without being solely limited thereto, the Executive Director shall have power to extend the dates of maturity or the time for the performance of any obligations stipulated in such contracts, agreements or instruments, and to waive any defaults incurred by any such contracting party, subject to what may be prescribed by Resolution of the Board, if any.

18. Any modification of the terms, conditions or provisions of any contract, agreement, covenant or instrument, monetary or not, previously approved by the Board, must be reviewed and approved by the Board.

19. All settlements negotiated by the Authority in judicial, extrajudicial or administrative proceedings in excess of [Redacted] must be approved by the Board.

20. In case of no delegation by the Board, or by reason of death, resignation, total and permanent incapacity of the Executive Director, the office of the Executive Director shall devolve upon the following executive officers, in the order of succession stated below, until the Board provides otherwise:

   a. Deputy Executive Director;
   b. Assistant Executive Director for Infrastructure;
   c. Assistant Executive Director for Finance and Administration; and
   d. Assistant Executive Director for Transit and Toll Roads.

21. [Redacted] To exercise such other powers and duties as are necessary, proper or usually pertinent to the normal operation and maintenance of the business of the Authority.

E. The Executive Director shall report to the Board of Directors the progress and condition of the operations of the Authority at least in every ordinary meeting held by the Board, including the most important transactions concluded by the Executive Director and shall render such additional reports as the Board may request to him from time to time.

F. The Executive Director shall submit to the Board of Directors, and in turn the Board shall submit to the Legislature and the Governor of the Commonwealth of Puerto Rico, within 90 days after the close of each fiscal year of the Commonwealth Government: (1) a financial statement and complete report of the business of the Authority for the preceding fiscal year; and (2) a complete report on the status and progress of all its undertaking and activities. The Executive Director shall also submit to the Legislature and to the Governor of Puerto Rico, at such other times as may be required, official reports of its business and activities under Article 14 of Act 74 of June 23, 1965, as amended.

[Redacted] [Redacted]

VII
OTHER EXECUTIVE OFFICERS

The Executive Officers of the Authority shall be the:

   a) Deputy Executive Director;
   b) Assistant Executive Director for Infrastructure;
   c) Assistant Executive Director for Finance and Administration;
   d) Assistant Executive Director for Integrated Transportation Alternative;
   e) Assistant Executive Director for Transit and Toll Roads; and
   f) Assistant Executive Director for Human Resources and Labor Relations.

These officers shall be appointed and hold office at the pleasure of the Board. The Board shall appoint and discharge all other officers or at will employees of the Authority it may deem necessary and appropriate to designate, which at will employees or officers shall serve and may be removed at the discretion of the Board.

Pending appointments, or on case of the temporary absence of any officer, or his inability to carry out the duties of his office, the powers thereof shall be exercised by such officer or employee as may be designated by the Executive Director.

The Authority will have a General Auditor, which will be employee of the Authority, but that report their findings directly to the Board of Directors with total independence of judgment.

## VIII
## SECRETARY OF THE AUTHORITY

A. The Board of Directors will elect the Secretary of the Corporation, which may not be member of the Board.

B. The responsibilities of the Secretary are:

   1. Prepare and send notices of all regular and special meetings to the Members of the Board and to the Executive Director, including all information and material necessary and relevant to conduct the meeting.

   2. Prepare and custody the corporate minutes of the Authority, including all resolutions of the Board and Orders or Circulars of the Executive Director.

   3. Have custody of the Corporate Seal, and affix it whenever necessary.

   4. Attend to the giving and serving of all notices of the Authority.

C. The Secretary may delegate his duties in an Assistant Secretary, as approved by the Board of Directors.

D. If the Secretary and the Assistant Secretary are absent due to illness, leave of absence temporary disability, travel, or any other cause, the Chairman of the Board of Directors shall designate an Alternate Secretary. Such designation shall be approved by the Board of Directors.

## IX
## INSURANCE POLICIES

Each Member of the Board and each executive officer of the Authority, including [Redacted] his family, will be indemnified or compensated for any cost or expense imposed upon him/her or reasonably incurred by him related to any claim, suit or legal proceeding hereinafter instituted, and in which he could be directly or indirectly involved, as a result of his duties as a Member of the Board or as officer of the Authority. The costs and expenses incurred in reaching reasonable economic settlements with the Authority's consent, including amounts agreed and paid after a "nolo contendere" or other similar allegations, will also be covered.

The Authority, however, will not compensate an adverse judgment in any action or judicial proceeding due to gross negligence or willful misconduct on the part of the Board member or officer in the performance of his duties. The right of indemnification or compensation of the member or officer does not exclude other rights the person shall be entitled to by reasons of law, and shall be redundant to the benefit of his heirs, executors and/or estate administrators.

The Authority shall maintain insurance policies with an insurance company authorized to do business in Puerto Rico covering the abovementioned risks to protect the Board members or officers.

## X
## BUDGETS

All operational expenditures, as well as capital investments of the Authority shall be made under two separate budgets, which must be submitted to the Board for approval, before the expiration of the previous fiscal year. During the fiscal year of such budgets, the Executive Director shall report monthly to the Board the progress of them.

## XI
## PROJECTS

All projects for enterprises, which the Authority is to operate for its own account, shall be presented in writing to the Board for approval, together with a full report justifying the need for such operation, and including the recommendations of the Executive Director.

## XII
## FINANCING OF THE AUTHORITY

Projects for financing required by the Authority shall be presented in writing, together with a full report, including the recommendations of the Executive Director, for the approval of the Board, except as the latter may otherwise provide with reference to particular types or classes of cases or circumstances or both.

## XIII
## AMENDMENTS

These By Laws may be amended by resolution duly adopted at any meeting of the Board, regular or special, provided that notice of intention to present such resolution should be given in writing at least 72 hours in advance of the meeting at which the motion to adopt such resolution is made.

[Redacted]

## XIV
## RESOLUTIONS REPEALED

Resolution Number 1 of August 1, 1979, and any other resolution having to do with the By-Laws of the Puerto Rico Highways and Transportation Authority are hereby repealed.

NOW THEREFORE, after having duly considered the draft of the By-Laws submitted for their consideration, the Board of Directors of the Puerto Rico Highways and Transportation Authority RESOLVES:

A. To approve the By-Laws as hereinbefore amended; and

B. As to the delegations to the Executive Director to sign on behalf of the Authority left blank in Article VI, section D, paragraphs 8, 9, 10, 11, 12, 13 and 19, the Board of Directors has adopted the special provision that pending a recommendation of the Executive Director as to the thresholds to be adopted, the President of the Board of Directors shall sign all documents as it was done before the enactment of Law No. 41-2014.

.../...

Resolution No. 2014-17
Page 13 of 13

    THE UNDERSIGNED, HON. MIGUEL A. TORRES DÍAZ, President of the Board of Directors and YASMÍN M. SANTIAGO ZAYAS, ESQ., Secretary of the Board of Directors of the Puerto Rico Highway and Transportation Authority, DO HEREBY CERTIFY that the foregoing is a true and correct Resolution duly adopted by the Board of Directors of the Authority, during an ordinary meeting at which quorum was present, and that said resolution is in full force and effect. In San Juan, Puerto Rico, this 7th day of April, 2014.

**Redacted**

HON. MIGUEL A. TORRES DIAZ
President of the Board of Directors
Secretary, Departament of Transportation and Public Works

**Redacted**

YASMIN M. SANTIAGO ZAYAS, ESQ.
Secretary of the Authority

**Redacted**

CONFIDENTIAL

HTA_STAY0028897