# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**MOTION OF AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE GUARANTY INSURANCE COMPANY FOR LEAVE TO FILE RESPONSES TO THE <u>GOVERNMENT PARTIES' HTA, PRIFA, AND CCDA LIFT-STAY SUR-REPLIES</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Ambac[2], FGIC, Assured, and National (collectively, "Movants") respectfully submit this motion for leave ("Motion for Leave") to respond to (i) the *Sur-Reply of the Commonwealth of Puerto Rico in Opposition to Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon Concerning Application of Automatic Stay* (ECF No. 13160, the "CCDA Sur-Reply"); (ii) the *Sur-Reply of Commonwealth of Puerto Rico in Opposition to Amended PRIFA Bondholder Motion to Lift Automatic Stay* (ECF No. 13159, the "PRIFA Sur-Reply"); and (iii) the *Sur-Reply of Financial Oversight and Management Board for Puerto Rico in Opposition to Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 13157,

---

[2] Unless otherwise indicated, defined terms have the same meanings given to them in *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and The Bank Of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds*, (ECF No. 10104) (the "CCDA Stay Motion"), *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and The Bank Of New York Mellon's Reply in Further Support of Their Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 12997) (the "CCDA Reply"), *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 10602) (the "Amended PRIFA Stay Motion"), *Reply of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, in Support of Their Amended Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 12995) (the "PRIFA Reply"), *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 10102) (the "Amended HTA Stay Motion"), and *Reply in Support of Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* (ECF No. 12994) (the "HTA Reply"). The CCDA Stay Motion, Amended PRIFA Stay Motion, and Amended HTA Motion are collectively the "Stay Motions" and the CCDA Reply, PRIFA Reply, and HTA Reply are collectively the "Replies." Unless otherwise indicated, all ECF numbers referenced in the Motion refer to the docket in Case No. 17-3283-LTS.

1

the "HTA Sur-Reply", and collectively with the CCDA Sur-Reply and the PRIFA Sur-Reply, the "Sur-Replies").

## PRELIMINARY STATEMENT

1.  Movants seek leave to file responses to the Sur-Replies of no more than 15 pages each for CCDA, PRIFA, and HTA in order to address new facts and arguments introduced by the Government Parties for the first time in their Sur-Replies. Movants will be prejudiced if they are not granted an opportunity to respond to these facts and arguments prior to the June 4, 2020 preliminary hearing. Moreover, the Court and the Government Parties will be deprived of full written briefing on the issues to be argued at the preliminary hearing. Indeed, the same reasons that the Government Parties successfully advanced in their request for leave to file the Sur-Replies apply equally here.

## BACKGROUND

2.  On January 16, 2020, Movants filed the CCDA Stay Motion (ECF No. 10104) and the Amended HTA Stay Motion (ECF No. 10102). In addition, Movants filed a motion for leave to amend their previously filed PRIFA Stay Motion. (ECF No. 10109.) Leave was granted by the Court (ECF No. 10591), and Movants filed their Amended PRIFA Stay Motion on January 31, 2020. (ECF No. 10602.)

3.  On February 3, 2020, the Oversight Board filed oppositions to the Stay Motions, (ECF Nos. 10611, 10613, 10615, 10618) (the "Oppositions," each an "Opposition"), with AAFAF and the UCC filing limited joinders to each of the Oppositions. (ECF Nos. 10639, 10640, 10641, 13168, 13169, 13171.)

4.  On February 14, 2020, the Court granted limited discovery into certain factual representations made in the Oppositions. (ECF No. 11057.)

2

5. On April 30, 2020, Movants filed the replies to the Oppositions ("Replies," each a "Reply") in further support of the CCDA Stay Motion, Amended HTA Stay Motion, and Amended PRIFA Stay Motion. As Movants demonstrated in the Replies, discovery disproved, among other things, the Government Parties' assertions that (i) the Puerto Rico Infrastructure Fund is "held by PRIFA" (PRIFA Reply ¶¶ 4-8, 11-20); (ii) Pledged Hotel Taxes are no longer being deposited into the Transfer Account (CCDA Reply ¶¶ 12-24); and (iii) the excise taxes are not being "received" by HTA. (HTA Reply ¶¶ 2, 12, 36-41.) Moreover, because the limited discovery provided Movants with significant additional factual support for their positions on the preliminary hearing issues before the Court, Movants' Replies presented the first opportunity to detail this additional factual support for the Court.

6. On May 5, 2020, the Government Parties filed the *Opposed Urgent Motion of the Government Parties for Leave to File Sur-Replies and to Adjourn the Preliminary Hearing Regarding the Revenue Bond Lift Stay Motions to June 4, 2020.* (ECF No. 13041.)

7. On May 7, 2020, the Court granted the Government Parties' request to file the Sur-Replies, and also granted Movants the opportunity to seek permission to file responses to the Sur-Replies. (ECF No. 13068.)

8. On May 18, 2020, the Oversight Board filed the Sur-Replies. (ECF Nos. 13157, 13159, 13160.)

9. The Sur-Replies total 90 pages and rely heavily on new facts and legal theories raised for the first time, at the eleventh hour, in those filings. In the case of CCDA, the Government Parties made new argument regarding which account is the Transfer Account based on purported account opening information. In the case of PRIFA, the Government Parties advanced new arguments about where the Puerto Rico Infrastructure Fund must be held. In the case of HTA, the

3

Government Parties' Sur-Reply presents significant new legal arguments and additional case law, as well as numerous and substantial mischaracterizations of the factual record, that, in fairness and the interest of justice, must be corrected prior to the preliminary hearing.

10. All of the new arguments are based on facts that were always available to the Government Parties. Instead of disclosing them to Movants when requested to do so, the Government Parties resisted discovery and failed to disclose the full extent of the relevant facts until ordered to do so by the Court. As a result, Movants' first opportunity to present the factual record to the Court was in the Reply briefs. The Sur-Replies now advance a flurry of new legal and factual arguments in response, and Movants should be afforded the right to respond to these newly crafted legal and factual arguments. Movants therefore respectfully request leave to file responses to the Sur-Replies of no more than 15 pages.

## **ARGUMENT**

11. The Government Parties' Sur-Replies have introduced, to varying degrees, new evidence, factual and legal arguments, and factual or legal mischaracterizations, which Movants require an opportunity to address through responses to the Sur-Replies. Indeed, the same reasons that the Government Parties successfully advanced in their request for leave to file the Sur-Replies apply here. The Government Parties argued successfully that parties who "have not had an opportunity to address any of these [new assertions and arguments in briefing] should not be required to do so for the first time at the preliminary hearing." (Sur-Reply Motion ¶ 14 (citing *Adams v. Applied Bus. Servs.*, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019; *Animal Welfare Inst. v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008)); *Novartis Corp. v. Webvention Holdings LLC*, 2016 WL 3162767, at *2 n.3 (D. Md. June 7, 2016) (permitting response to sur-reply under same standard as granting leave to file sur-reply).) Additionally, the Government Parties argued

successfully that allowing responsive arguments to be developed in writing prior to the preliminary hearing would likely aid both the Court and the Government Parties. *See id.*

12. The Sur-Replies introduce 15 new exhibits, cites dozens of new cases, and raise a plethora of new factual allegations and legal arguments to which Movants should be permitted to respond.

13. **In the CCDA Sur-Reply**, the Government Parties make new factual representations concerning the purported opening of the Scotiabank -5142 account and GDB -9758 account—representations that were not contained in the CCDA Opposition. (*See* CCDA Sur-Reply ¶¶ 30-1.) The Government Parties raised these issues by submitting a declaration attaching *6 exhibits* (totaling 338 pages) not previously addressed in any prior briefing. (*See Declaration of Colin R. Kass* (ECF No. 13162).) Indeed, the documents and new arguments from the Government Parties are contrary to the testimony of their Rule 30(b)(6) witness.

14. Movants had no notice of the new factual allegations the Government Parties have now belatedly advanced. Movants require an opportunity to meaningfully respond to these and any other facts and legal arguments raised for the first time in the CCDA Sur-Reply.

15. **In the PRIFA Sur-Reply**, the Government Parties submitted a declaration attaching *9 exhibits* (totaling 240 pages) not previously addressed in Movants' briefing. (*See Declaration of Michael T. Mervis* (ECF No. 13161).) This alone is grounds for Movants' response.

16. Additionally, faced with discovery that confirms the Infrastructure Fund is a special revenue fund existing on the Commonwealth's books and records, the Government Parties advance a series of new arguments necessitating a response. This new argument is based on an interpretation of language in the Trust Agreement (PRIFA Sur-Reply ¶¶ 43-4); there is no reason

5

the Government Parties could not have made it sooner. Movants should have an opportunity to show why it is unavailing.

17. The Government Parties also spend pages of the PRIFA Sur-Reply mischaracterizing existing record evidence and Mr. Ahlberg's testimony in ways that necessitate a response. (*See, e.g.*, PRIFA Sur-Reply ¶ 31 (backing away from Mr. Ahlberg's admission that the Infrastructure Fund is "the first 117 million of rum revenues in each fiscal year").)

18. Beyond exposing the myriad factual disputes undergirding the core lift-stay issues, the Government Parties' new legal theories, mischaracterization of discovery, and reinterpretation of witness testimony warrant a response to guide this Court and clarify the record before the preliminary hearing.

19. **In the HTA Sur-Reply**, the Government Parties cite approximately 20 new cases, advance new legal and factual arguments, and mischaracterize the factual record developed in discovery.[3]

20. With respect to case law, it would be inefficient for Movants to respond solely in the context of a time-constrained preliminary hearing. Movants should instead have an opportunity to address these cases in writing in advance of the hearing.

21. The Government Parties also advance new legal arguments. For example, the HTA Sur-Reply raises a number of new arguments concerning Spanish language interpretation issues, appropriations issues, and taxing issues.

---

[3] In addition, the Government Parties erroneously state in footnote 4 of the HTA Sur-Reply that "[t]his Sur-Reply does not cite to a single document not cited by Movants in the Reply." *See* HTA Sur-Reply ¶ 5 n.4. In fact, Government Parties cite to Secretary of Justice Opinion 2005-14, which was not previously cited in the HTA briefing. Because it is cited in this motion for the first time, Movants should be permitted to respond.

6

22. The Government Parties also dispute through the HTA Sur-Reply Movants' interpretations of numerous documents produced in court-ordered discovery, in many instances mischaracterizing the factual record in the process. For example, the Government Parties mischaracterize and attempt to minimize the significance of payment vouchers permitting HTA to direct the withdrawal of funds held in Fund 278. *See, e.g.*, HTA Sur-Reply ¶¶ 5, 28-29. The Government Parties also assert for the first time that a "special deposit" cannot be a "fund" such as Fund 278. *Id.* ¶ 16 n.17. The Government Parties also insist that fund designations "do not remain with or track moneys that are deposited in the TSA operational account" (*id.* ¶ 24), whereas Movants can in response show discovery elicited specifically rebutting that assertion. Likewise, the record refutes the Government Parties' new assertions that the Excise Taxes have been "commingled with other taxes" and that Fund 278 contains other revenues not assigned to HTA. *See id.* ¶¶ 13, 16 & nn. These are just a few examples of new assertions about the factual record that emerge from the Sur-Reply and to which Movants should be entitled to respond.

\* \* \*

23. Each of the Sur-Replies advances new facts and legal arguments, and mischaracterizes the record. Movants should be permitted to respond. Unlike Movants, the Government Parties always had access to these factual materials, and they could have addressed them and their new legal arguments in their Oppositions had they wanted to. In these circumstances, Movants should receive—as is customary in motion practice—the "last word" on these issues. *See, e.g.*, *Roe v. Gates*, 2009 WL 10709670, at \*2 (S.D. Ohio Aug. 31, 2009) ("Defendant has requested permission to file its Sur-Sur-Reply and because such is responsive to the arguments made by the Plaintiff in her Sur-Reply, the Court finds it appropriate to allow the

Defendant to have the 'last word' by submitting its Sur-Sur-Reply . . . ."); *see also Novartis Corp.*, 2016 WL 3162767 at *2 n.3.

## CONCLUSION

24. For the foregoing reasons, the Court should grant Movants leave to file responses to the Sur-Replies of not more than 15 pages each for CCDA, PRIFA, and HTA, in accordance with the procedures set forth in the *Order Granting Opposed Urgent Motion of the Government Parties for Leave to File Sur-Replies and to Adjourn the Preliminary Hearing Regarding the Revenue Bond Lift Stay Motions to June 4, 2020* (ECF No. 13068).

## CERTIFICATION

25. In accordance with paragraph 9 of the *Final Case Management Order for Revenue Bonds* (ECF No. 12186), Movants certify that (i) they have taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary, and (ii) they have used reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs.

[*Remainder of Page Intentionally Omitted*]

8

Dated: May 19, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: */s/ Roberto Cámara-Fuertes*
  Roberto Cámara-Fuertes (USDC-PR No. 219002)
  Sonia Colón (USDC-PR No. 213809)
  221 Ponce de León Avenue, 5th Floor
  San Juan, PR 00917
  Telephone: (787) 766-7000
  Facsimile: (787) 766-7001
  Email: rcamara@ferraiuoli.com
    scolon@ferraiuoli.com

**MILBANK LLP**

By: */s/ Atara Miller*
  Dennis F. Dunne (admitted *pro hac vice*)
  Atara Miller (admitted *pro hac vice*)
  Grant R. Mainland (admitted *pro hac vice*)
  John J. Hughes, III (admitted *pro hac vice*)
  55 Hudson Yards
  New York, NY 10001
  Telephone: (212) 530-5000
  Facsimile: (212) 530-5219
  Email: ddunne@milbank.com
    amiller@milbank.com
    gmainland@milbank.com
    jhughes2@milbank.com

**Attorneys for Ambac Assurance Corporation**

[*Remainder of Page Intentionally Omitted*]

9

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**<br><br>By: /s/ *Eric Pérez-Ochoa*<br>　Eric Pérez-Ochoa<br>　(USDC-PR No. 206314)<br>　Email: epo@amgprlaw.com<br><br>By: /s/ *Luis A. Oliver-Fraticelli*<br>　Luis A. Oliver-Fraticelli<br>　(USDC-PR No. 209204)<br>　Email: loliver@amgprlaw.com<br><br>　208 Ponce de Leon Ave., Suite 1600<br>　San Juan, PR 00936<br>　Telephone: (787) 756-9000<br>　Facsimile: (787) 756-9010<br><br>**WEIL, GOTSHAL & MANGES LLP**<br>By: /s/ *Robert S. Berezin*<br>　Jonathan D. Polkes (admitted *pro hac vice*)<br>　Gregory Silbert (admitted *pro hac vice*)<br>　Robert S. Berezin (admitted *pro hac vice*)<br>　Kelly DiBlasi (admitted *pro hac vice*)<br>　Gabriel A. Morgan (admitted *pro hac vice*)<br>　767 Fifth Avenue<br>　New York, NY 10153<br>　Telephone: (212) 310-8000<br>　Facsimile: (212) 310-8007<br>　Email: jonathan.polkes@weil.com<br>　　　　gregory.silbert@weil.com<br>　　　　robert.berezin@weil.com<br>　　　　kelly.diblasi@weil.com<br>　　　　gabriel.morgan@weil.com<br><br>***Attorneys for National Public Finance Guarantee Corp.*** | **CASELLAS ALCOVER & BURGOS P.S.C.**<br><br>By: /s/ *Heriberto Burgos Pérez*<br>　Heriberto Burgos Pérez<br>　(USDC-PR No. 204809)<br>　Ricardo F. Casellas-Sánchez<br>　(USDC-PR No. 203114)<br>　Diana Pérez-Seda<br>　(USDC-PR No. 232014)<br>　P.O. Box 364924<br>　San Juan, PR 00936-4924<br>　Telephone: (787) 756-1400<br>　Facsimile: (787) 756-1401<br>　Email: hburgos@cabprlaw.com<br>　　　　rcasellas@cabprlaw.com<br>　　　　dperez@cabprlaw.com<br><br>**CADWALADER, WICKERSHAM & TAFT LLP**<br>By: /s/ *Mark C. Ellenberg*<br>　Howard R. Hawkins, Jr. (admitted *pro hac vice*)<br>　Mark C. Ellenberg (admitted *pro hac vice*)<br>　William J. Natbony (admitted *pro hac vice*)<br>　Ellen M. Halstead (admitted *pro hac vice*)<br>　Thomas J. Curtin (admitted *pro hac vice*)<br>　Casey J. Servais (admitted *pro hac vice*)<br>　200 Liberty Street<br>　New York, NY 10281<br>　Telephone: (212) 504-6000<br>　Facsimile: (212) 504-6666<br>　Email: howard.hawkins@cwt.com<br>　　　　mark.ellenberg@cwt.com<br>　　　　bill.natbony@cwt.com<br>　　　　ellen.halstead@cwt.com<br>　　　　thomas.curtin@cwt.com<br>　　　　casey.servais@cwt.com<br><br>***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*** |

**REXACH & PICÓ, CSP**

By: */s/ María E. Picó*
    María E. Picó
    (USDC-PR No. 123214)
    802 Ave. Fernández Juncos
    San Juan, PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    Email: mpico@rexachpico.com

**BUTLER SNOW LLP**
By: */s/ Martin A. Sosland*
    Martin A. Sosland (admitted *pro hac vice*)
    5430 LBJ Freeway, Suite 1200
    Dallas, TX 75240
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    Email: martin.sosland@butlersnow.com
    Jason W. Callen (admitted *pro hac vice*)
    150 3rd Ave., S., Suite 1600
    Nashville, TN 37201
    Telephone: (615) 651-6774
    Facsimile: (615) 651-6701
    Email: jason.callen@butlersnow.com

**Attorneys for Financial Guaranty Insurance Company**

[*Remainder of Page Intentionally Omitted*]

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto C*ámara-Fuertes
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com