# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>     Debtor. | Case No. 17-BK-3567-LTS |
| ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, and FINANCIAL GUARANTY INSURANCE COMPANY<br><br>     Movants,<br><br>v. | Case No. 17-BK-3567-LTS<br><br>**Re: ECF Nos. 13178, 13179** |

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (*iv*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Respondent. | |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., and U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 13178, 13179** |
| AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTEE INSURANCE COMPANY, ASSURED GUARANTY CORPORATION, ASSURED GUARANTY MUNICIPAL CORP., and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>Movants,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | Case No. 17-BK-3283-LTS<br><br>**Re: ECF No. 13178, 13179** |

**OVERSIGHT BOARD RESPONSE TO**
**(i) MOTION OF AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY**
**INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY**
**MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE GUARANTEE CORP. AND**
**(ii) DRA PARTIES' APPLICATION TO, RESPOND TO THE HTA, PRIFA, AND CCDA**
**<u>LIFT-STAY SUR-REPLIES</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico ("Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA" and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole representative of Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submit this response to the *DRA Parties' Application to File a Response to the FOMB's Sur-Reply* [ECF No. 13178] (the "DRA Application") and the *Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guaranty Insurance Company for Leave to File Responses to the Government Parties' HTA, PRIFA, and CCDA Lift-Stay Sur-Replies* [ECF No. 13179] ("Movants' Motion"):[2]

1.       Movants' Motion shows the Government Parties were right in seeking leave to file sur-replies and, consistent with the Government Parties premise that the Court and all litigants are better off knowing each litigant's responses to key issues in advance of a time-limited oral argument, the Oversight Board consents to Movants filing sur-sur-replies. Movants' Replies assert their new theory that voluntary money-management systems and accounting systems create legal rights trumping the legal documents. This new argument has necessitated an exchange of legal theories and rebuttals about issues previously not discussed. Thus, the Oversight Board does not oppose the relief requested by the DRA Parties and Movants, but submits this response to address certain of the

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the DRA Application and Movants' Motion, as applicable.

misstatements and distortions in Movants' Motion, and to propose certain limitations.

2.       Movants decided to raise for the first time on Reply brand new theories about, for example, how accounting practices supposedly create legal rights.  In its Sur-Replies, the Oversight Board explained why those new theories are incorrect, immaterial, or irrelevant.  The Sur-Replies address Movants' new arguments and rely exclusively on produced and publicly available documents cited by and equally available to Movants.

3.       Thus, contrary to the statements in Movants' Motion, the CCDA Sur-Reply did not inject new arguments about the Transfer Account; it responded to Movants' claims about the Transfer Account made for the first time on Reply.  Likewise, the PRIFA Sur-Reply did not raise new arguments about how the Infrastructure Fund cannot be held at the TSA; it responded to Movants' assertions, made for the first time on Reply, that the Infrastructure Fund is held at the TSA.  Similarly, the HTA Sur-Reply did not make new arguments about appropriations or Spanish interpretations, it simply responded to Movants' claims regarding appropriations and interpretations made for the first time on Reply.[3]

4.       Movants also accuse the Government Parties of submitting "new evidence" and pointing to the number of exhibits attached to attorney declarations as "alone [] grounds for Movants' response." Movants' Motion ¶ 15.  *But every document cited in the Sur-Replies was produced in discovery to Movants prior to the filing of their Replies or is publicly available*.[4]  The fact that

---

[3] Contrary to the assertion in the DRA Application, the HTA Sur-Reply does not even mention or address Acts 30 or 31. While Movants note the Oversight Board attached a Secretary of Justice opinion and argue this constituted a "new" document (Movants' Motion ¶ 19 n.3), this "document" is a legal opinion that is publicly available on Westlaw (in Spanish).  The Oversight Board relied on a certified translation of it solely to respond to Movants' argument that the HTA Allocable Revenue Statutes do not appropriate money.

[4] Movants' Motion repeats their misleading claim that the Government Parties had access to the facts and withheld them. The preliminary hearing was always to be focused on the legal issues of standing and secured status.  The notion that any piece of paper in the possession of the Commonwealth is readily available and known to the Commonwealth and its employees is absurd.  None of it was cited or even mentioned in the Commonwealth's Oppositions (as none of it was raised in the Motions).

2

Movants chose not to cite to the documents they had because they undermine their new theories does not make these documents "new evidence" – it makes them evidence Movants could have, but chose not to, disclose to the Court. After Movants chose to mention some documents they received in discovery and not others that refute the inferences Movants asked the Court to draw, it is telling that Movants now claim the documents they had but did not use are "new evidence."

5.      Since Movants filed their first PRIFA lift stay motion a year ago, they have filed nearly 600 pages of briefing on their Lift Stay Motions. Thus, although the Oversight Board does not oppose Movants' Motion, they should not be permitted to submit further briefing to retread old ground or to raise issues not already raised. Accordingly, the Oversight Board respectfully submits the Court should (1) limit the scope of briefing to arguments directly responsive to issues set forth in the Oversight Board's Sur-Replies and (2) prohibit the introduction of expert theories or evidence outside those issues.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 19, 2020
San Juan, Puerto Rico

By: */s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Michael Mervis (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
       ppossinger@proskauer.com
       brosen@proskauer.com
       ebarak@proskauer.com
       mmervis@proskauer.com


Michael A. Firestein (*pro hac vice)*
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com


***Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors***

By: */s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

***Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors***

4

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF

participants in this case.


/s/ *Hermann D. Bauer*
Hermann D. Bauer