Gobierno de Puerto Rico
OFICINA DE CAPACITACIÓN Y ASESORAMIENTO EN ASUNTOS
LABORALES Y DE ADMINISTRACIÓN DE RECURSOS HUMANOS
PO Box 8476
San Juan, Puerto Rico 00910-8476

15 de diciembre de 2011

MEMORANDO ESPECIAL NÚM. 39 – 2011

Jefes de Agencias a las que les aplicó la Ley Núm. 7 de 9 de marzo de 2009 y/o la Resolución Conjunta Núm. 66 de 2 de julio de 2010

Samuel G. Dávila Cid
Director

## AUMENTO POR AÑOS DE SERVICIOS – TRIENIO

Esta comunicación tiene el propósito de orientar a las agencias con respecto al aumento por años de servicios (trienio).

La Ley Núm. 184 de 3 de agosto de 2004, según enmendada, conocida como *"Ley para la Administración de los Recursos Humanos en el Servicio Público"* (en adelante, Ley Núm. 184), en su Artículo 8, Sección 8.3 (3), dispone lo siguiente:

> *"3. Los empleados públicos no sindicados y gerenciales que hayan ocupado un puesto regular durante un periodo ininterrumpido de tres años de servicios, sin haber recibido ningún otro aumento de sueldo recibirán un aumento de hasta un cinco (5) por ciento de su sueldo o su equivalente en tipos intermedios. Para esto, el empleado debe haber provisto servicios satisfactorios durante el periodo de tres años según evidenciado en sus hojas de evaluaciones. La Autoridad Nominadora enviará una notificación escrita a todo empleado que no satisfaga esta consideración. La notificación incluirá las razones por las cuales no se le concede al empleado el referido aumento, y le advertirá de su derecho de apelar ante la Comisión Apelativa."*

Es menester destacar que del mencionado Artículo 8 surge, que cuando se realiza una acción que tiene el efecto de interrumpir el término de tres (3) años, tal circunstancia propicia el inicio de un nuevo ciclo o conteo para la posible concesión del aludido aumento por años de servicios[1].

---

[1] Para información específica y detallada sobre las acciones de recursos humanos que interrumpen dicho término, refiérase a la Carta Normativa Núm. 1-2008 de 2 de junio de 2008, sobre *"Enmiendas a las Partes IV, VI y VII de la Carta Normativa 1-2005 Emitida por la ORHELA Titulada Normas Generales sobre Retribución Conforme a la Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico, Ley Núm. 184 de 3 de agosto de 2004, Enmendada"*.

Memorando Especial Núm. 39 – 2011
15 de diciembre de 2011
Página 2

En este contexto, corresponde observar que el Artículo 38.02 (a) de la Ley Núm. 7 de 9 de marzo de 2009, según enmendada, conocida como *"Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico"* (en adelante, Ley Núm. 7), estableció la suspensión temporera de toda cláusula, precepto y/o disposición contenida en leyes, convenios colectivos, acuerdos, acuerdos suplementarios, cartas circulares y otros documentos normativos referentes a varias acciones de recursos humanos que tienen impacto presupuestario. Entre estas acciones de recursos humanos se encuentra el aumento de sueldo por años de servicios[2]. Dicha suspensión temporera tuvo una duración de dos (2) años, la cual transcurrió del **9 de marzo de 2009 al 8 de marzo de 2011**, inclusive.

Así también, es prudente hacer referencia a la interpretación de la Junta de Reestructuración y Estabilización Fiscal (JREF), organismo facultado para establecer la política pública con respecto al Capítulo III de la Ley Núm. 7[3], sobre el Artículo 38.02 (a) de dicha Ley, con relación a lo dispuesto al aumento de sueldo por años de servicios. En la misma, se indica lo siguiente:

> *"Conforme al Artículo 38.02(a)(10) y (b) de la Ley #7 se suspenden temporeramente, entre otros beneficios, los aumentos por años de servicio contenidos en leyes. El período de la Suspensión Temporera de la Fase III deja en suspenso o paraliza el período de tres (3) años del trienio que le corresponde al empleado público. El trienio que quedó paralizado o que iniciaba al 9 de marzo de 2009 (fecha de efectividad de la Ley #7) comienza a correr nuevamente al momento en que transcurran los dos (2) años de la Suspensión Temporera o a la fecha de terminación del período de suspensión que disponga el Gobernador mediante Orden Ejecutiva, siempre y cuando OGP certifique que ya no es requerido el Plan de Suspensión Temporera debido a las economías resultantes de la implantación de los mecanismos provistos por el Capítulo III de la Ley #7 son suficientes para cubrir los objetivos."*[4] (Énfasis y subrayado nuestro).

Por otro lado, la Sección 11 de la Resolución Conjunta Núm. 66 de 2 de julio de 2010, conocida como *"Resolución Conjunta del Presupuesto General del Año Fiscal 2011"* (en adelante, RC 66), dispuso entre otras cosas, que *"[l]as asignaciones presupuestarias de esta Resolución Conjunta a las agencias de la Rama Ejecutiva, incluidas en esta Resolución cuyo presupuesto se sufraga en todo o en parte con cargo al Fondo General, no se podrán desembolsar ni utilizar para aumentos salariales o de otros beneficios económicos durante el Año Fiscal 2010-2011, independientemente de la fuente legal de dichos aumentos."*

---

[2] Véase el sub-inciso (10) del Artículo 38.02 (a) de la Ley Núm. 7.
[3] Véase la Parte IX de la Sentencia del Tribunal Supremo de Puerto Rico en el caso Olga Domínguez y otros v. Gobierno del Estado Libre Asociado de Puerto Rico, 2010 TSPR 11.
[4] Documento *"Preguntas y Respuestas: Ley 7 de 9 de marzo de 2009"*, publicado por la JREF y revisado el 20 de abril de 2009.

Memorando Especial Núm. 39 – 2011
15 de diciembre de 2011
Página 3

Sin embargo, nótese que la Sección 11 de la RC 66, sólo tuvo el efecto de suspender el pago por concepto del aumento de sueldo por años de servicios, **no la acumulación del tiempo para ser elegible a dicho aumento.**

De lo antes expresado, se resume que el cómputo del término de tres (3) años para el aumento de sueldo por años de servicios se detuvo el 8 de marzo de 2009, reanudándose el cálculo a partir del 9 de marzo de 2011.

A base de las consideraciones expuestas, el procedimiento para determinar la fecha de efectividad del aumento de sueldo por años de servicios es el siguiente:

1. Computar el tiempo transcurrido en días calendario, hasta el 8 de marzo de 2009, conforme a lo dispuesto en la Carta Normativa Núm. 1-2008.

2. Reanudar el cómputo en días calendario, desde el 9 de marzo de 2011 hasta contabilizar el término de tres (3) años.

En caso de que luego de reanudarse el cómputo dispuesto en el último paso de este procedimiento, la contabilización de los tres (3) años concluye entre el 9 de marzo y el 30 de junio de 2011, el pago por concepto del aumento de sueldo por años de servicios será efectivo el 1 de julio de 2011. No obstante, un nuevo periodo de tres (3) años comenzará a discurrir el día siguiente de la fecha en que concluyó el periodo anterior de tres (3) años.

Las agencias serán responsables de determinar la elegibilidad de los empleados al aumento por años de servicios, conforme a lo dispuesto en el Artículo 8, Sección 8.3 (3) y en la Carta Normativa Núm. 1-2008 antes mencionada. Además, cada agencia deberá realizar los cómputos correctamente para determinar las fechas en que a éstos les corresponde dicho aumento. La otorgación de este aumento estará condicionada a que la agencia disponga de los recursos fiscales necesarios y <u>requerirá la aprobación previa de la Oficina de Gerencia y Presupuesto.</u>[5] (Énfasis y subrayado nuestro).

---

[5] Véase Guía Núm. 1 de la Carta Circular Núm. 93-11 de 25 de octubre de 2011, sobre *"Normas sobre la Administración Presupuestaria y Aspectos Organizacionales de las Agencias de la Rama Ejecutiva"*.

OCAP 11A
Rev. agosto 1989

| 1. SIMBOLOS DE CONTABILIDAD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Af | Fondo | Agencia | Div. | S. Div. | Asig. | Objeto | |
| 91 | 222 | 38 | 48 | 004 | 075 | 112 | |

Estado Libre Asociado de Puerto Rico
OFICINA CENTRAL DE ADMINISTRACION DE PERSONAL

NOTIFICACION DE NOMBRAMIENTO Y JURAMENTO DE EMPLEADOS TRANSITORIOS

2. FECHA AUTORIZACION O.P.G.
Desde: _____
Hasta: _____

3. **ADVERTENCIA AL EMPLEADO:**

El Nombramiento transitorio no le otorga derecho a ser nombrado en un puesto en el servicio de carrera con status probatorio o regular, a menos que cumpla con el procedimiento de reclutamiento y selección establecido en la Sección 4.3 de la Ley de Personal del Servicio Público, enmendada, para cubrir puestos en el Servicio de Carrera. El nombramiento transitorio tampoco le permite ser participante del Sistema de Retiro de los Empleados del Gobierno y la Judicatura. Este nombramiento transitorio se efectúa para atender una necesidad temporera, de emergencia, imprevista o de duración determinada y terminará cuando desaparezca la necesidad que dio origen al mismo.

#031

4. Nombre del Empleado:
_Hernández_    _Martínez_,    _Juana M._
(Apellido Paterno)   (Apellido Materno)   (Nombre)

Si se trata de una mujer casada siga este orden:
(1) Apellido paterno seguido de la preposición "DE"
(2) Apellido del esposo y (3) Nombre

5. Número de Seguro Social

6. Dirección del empleado
_Edificio 3 Apt. 81_
_Res. Villa Andalucía_
_Río Piedras, PR 00926_

7. Agencia, Negociado o División, Sección o Unidad y Pueblo  _Sistema de Información de Justicia Criminal-Propuesta Federal_

8. Título de Clasificación del Puesto Transitorio
_Operador de Entrada de Datos_

9. Número de Clase _4105_

10. Número del Puesto _90-009_

11. Clase de nombramiento:
_X_ En puesto de duración fija    ___ En puesto permanente
___ con funciones de carrera
___ con funciones de confianza

12. Sueldo mensual  $ _634.00_    Diferencial  $ _____

13. Duración del Nombramiento Transitorio
De _2-sept-92_    Hasta _30-sept-92_

14. **CERTIFICACION DEL EMPLEADO:**

Certifico que no he ocupado un puesto permanente o de duración fija con status transitorio en el Servicio Público durante el período de un (1) año anterior a la fecha de efectividad de este nombramiento. Certifico además, que estoy física y mentalmente capacitado para desempeñar las funciones del puesto en el que se me nombra; que no he sido destituido del servicio público; que no he incurrido en conducta deshonrosa; no he resultado convicto por delito grave o por cualquier delito que implique depravación moral; y que no soy adicto al uso habitual y excesivo de sustancias controladas o bebidas alcohólicas. Declaro que esta información es exacta y verídica y que tengo conocimiento que de descubrirse falsedad en la misma seré separado del puesto en el que se me nombra.

_Juana M. Hernández_
(Firma del empleado)

15. Certificación de la agencia

Certifico que el puesto número _90-009_, clasificado como _Operador de Entrada de Datos_ en el cual se nombra a _Juana M. Hernández Martínez_

_X_ atenderá funciones de naturaleza temporera, de emergencia, imprevistas o de duración determinada.
___ atenderá funciones permanentes o recurrentes mientras se crea el puesto permanente necesario.
___ responde a las circunstancias enumeradas en la Sección 4.3 Inciso 12 de la Ley Núm. 5 del 14 de octubre de 1975, enmendada.
Especifique: _____

16. _Jorge E. Pérez Díaz_
Firma de la autoridad nominadora o su representante autorizado

_Secretario_
Título

_2-septiembre-1992_
Fecha

17. **JURAMENTO DE FIDELIDAD Y DE TOMA DE POSESION DEL CARGO O EMPLEO**

Yo, _Juana M. Hernández Martínez_
(Nombre del funcionario o empleado)  Seguro Social Núm. _____  de _mayor_ (Edad) _Soltera_ (Soltero o Casado)

_Operador de Entrada de Datos_
(Nombre del Cargo o Empleo) y vecino de _Río Piedras_ (Pueblo) juro solemnemente que mantendré y defenderé la Constitución de los Estados Unidos y la Constitución y las Leyes del Estado Libre Asociado de Puerto Rico contra todo enemigo interior o exterior, que prestaré fidelidad y adhesión a las mismas; y que asumo esta obligación libremente y sin reserva mental ni propósito de evadirla y que desempeñaré bien y fielmente los deberes del cargo o empleo que estoy próximo a ejercer. Así me ayude Dios.

_2 de septiembre de 1992_
(Fecha)

_Juana M. Hernández_
(Firma del empleado o funcionario)

Declaración Jurada Número: _588_

Suscrito y Jurado ante mí por _Juana M. Hernández Martínez_, de las circunstancias antes expresadas, a quien doy fe de conocer personalmente o de haber identificado mediante: _Licencia Conducir Río número 1840257 y Seguro Social_

En _San Juan_, Puerto Rico, hoy _2_ de _septiembre_ de año _1992_

_Brunilda_ _____
Firma, Sello Dirección del Notario Público o del Funcionario Autorizado que toma el Juramento

CERTIFICO que es copia fiel del original.

Fecha: 18/10/2006
Hora: 9:05:31

Estado Libre Asociado de Puerto Rico
Sistema de Información de Justicia Criminal

Núm. de Cambio 362
Seguro Social

## INFORME DE CAMBIOS

| Cambio a Efectuarse | Antes del Cambio | Después del Cambio |
|---|---|---|
| | Puesto Núm. 0079-R | Puesto Núm. |
| Nombre del Empleado | Juana M Hernandez Martinez | |
| Oficina | Operaciones y Control | |
| División | | |
| Unidad o Sección | | |
| Ubicación Geográfica | | |
| Categoría del Puesto | De Carrera | |
| Status del Empleado | Regular | |
| Título de la Clase | Oficinista Entrada Datos | |
| Sueldo | 2,181.00 | 2,290.05 |
| Diferencial | 0.00 | |
| Descuento de Retiro | | |
| Descuento Contribuciones Ingresos | | |
| Descuento Seguro Social | | |
| Descuento Servicios Médicos | | |
| Descuento Ahorro ELA | | |
| Otros Descuentos | | |
| Otros Descuentos | | |
| Fecha de Efectividad | | 1 de julio de 2006 |
| Cifra de Cuenta | | |
| Subvención | | |
| Tipo de Cambio | 1  Aumento de Sueldo | 3 |
| | 2 | 4 |

En caso de cambio a otra agencia, Indique: Compensatorio  Días
Licencia Enfermedad  Días  Concedida  Días  Licencia Regular  Días  Concedida  Días

| Tipo de Separación | Fecha de Separación (Ultimo Día de Pago) | Licencia sin Paga | Fecha de Efectividad de la Separación |
|---|---|---|---|
| | | | |

Suspención de Empleo y Sueldo  Duración  De  A
Muerte  Fecha y Hora  Ultimo Día de Pago  Participación de Retiro
Clase de Licencia  Duración  De  A

Comentarios  "Aumento de sueldo por años de servicios equivalente en esta ocasión a un 5%, conforme a la Sección 8.3, Inciso 3 de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, y la Orden Administrativa aplicable"

Si el Cambio de Puesto es por Certificación de Elegibles Indique: Certificación de Elegible Núm.
Si el Cambio es a otro puesto Indique el Nombre del Anterior Incumbente:

Si el Cambio es a otra Agencia, el Jefe de la Agencia de donde se origina el cambio o su representante autorizado firmará aquí:

Aprobado Por
Gina R. Méndez Miró
Secr. Aux. de Recursos Humanos  Fecha

Firma del Empleado en caso de que fuere necesario
CERTIFICO que es copia fiel y exacta del original.
Fecha

Fulano de Tal
P.O. BOX 0000
Macondo, PR 0000

___ de enero de 2017

Honorable Wanda Vázquez
Secretaria
Departamento de Justicia

Honorable Secretaria Vázquez:

Mi nombre es Fulano/a de Tal. Ocupo un puesto de _____ desde hace ___ años en la región de _____. Por la presente solicito formalmente se me reconozca y se me otorgue el aumento del trienio al que tengo derecho por ley.

La Ley de Personal en el Servicio Público, Ley 184 de 3 de agosto de 2004 (en adelante "Ley 184-2004"), en su Artículo 8, Sec. 8.3(3), establece que:

> "(3) *Los empleados públicos no sindicados y gerenciales que hayan ocupado un puesto regular durante un período ininterrumpido de **tres (3) años de servicios, sin haber recibido ningún otro aumento de sueldo** recibirán un aumento de hasta un cinco (5%) por ciento de su sueldo o su equivalente en tipos intermedios. Para esto, el empleado debe haber provisto servicios satisfactorios durante el período de tres (3) años según evidenciado en sus hojas de evaluaciones. La autoridad nominadora enviará una notificación escrita a todo empleado que no satisfaga esta consideración. La notificación incluirá las razones por las cuales no se le concede al empleado el referido aumento, y le advertirá de su derecho de apelar ante la Comisión Apelativa.* **(Énfasis Nuestro)**

Es de conocimiento general que la Ley 7-2009, según enmendada, conocida como *"Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico"* entró en vigor el 8 de marzo de 2009, con el propósito de establecer un plan integrado para atender la crisis fiscal por la cual estaba atravesando el Gobierno de Puerto Rico. Dicha Ley 7-2009, entre otras cosas estableció la

1

**suspensión temporera** de toda cláusula, precepto y/o disposición contenida en leyes, convenios colectivos, acuerdos, acuerdos supletorios, cartas circulares y otros documentos normativos referentes a varias acciones de recursos humanos que tuviesen impacto presupuestario. Esta suspensión temporera tendría una duración de dos años, desde el 9 de marzo de 2009, hasta 8 de marzo de 2011.

El último aumento de sueldo recibido por el/la suscribiente fue efectivo el _____ de _____ de _____. Desde ese entonces, no he recibido ningún otro aumento de sueldo. Al día de hoy han transcurrido más de tres (3) años desde la concesión de ése último. En virtud de lo anterior, he cumplido con todos y cada uno de los requisitos para recibir un aumento trienal, sépase, 1) haber ocupado un puesto regular ininterrumpidamente por más de tres (3) años; 2) no haber recibido un aumento de sueldo por más de tres (3) años; y 3) haber brindado servicios satisfactorios durante dicho período de tres (3) años. Sin embargo, no se me ha otorgado el trienio al cual tengo derecho.

A tales efectos, de acuerdo al ordenamiento jurídico y la reglamentación vigente, a partir del _____ de _____ de 20_____, soy elegible a recibir el pago del trienio. Siendo ello así y conforme a lo antes expuesto, solicito el aumento de sueldo por concepto de años por servicio dispuesto en la Ley 184-2004, retroactivo al _____ de _____ de 20_____.

Espero prontamente poder resolver este asunto, una vez usted adjudique a favor de este/a servidor/a lo aquí presentado. En espera de su pronta respuesta, quedo.

Cordialmente,


Fulano de tal
Puesto
Área o división
Departamento de Justicia

2