# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>Movants,<br><br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*<br><br>Respondents. | **This Court Filing Relates Only to Case No. 17-BK-4780-LTS**<br><br><br><br>**Re: ECF Nos. 1954, 1992, 1996, 1998.** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**REPLY IN CONNECTION WITH**
**STATUS REPORT OF THE GOVERNMENT PARTIES**
**REGARDING THE COVID-19 PANDEMIC AND THE 9019 MOTION**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Government Parties,[2] pursuant to the Court's *Order Scheduling Briefing in Connection With the Status Report of the Government Parties Regarding the Covid-19 Pandemic and the 9019 Motion* [Case No. 17-BK-4780-LTS, ECF No. 1996] (the "Scheduling Order"), respectfully submit this reply to the response [Case No. 17-BK-4780-LTS, ECF No. 1996] (the "Response") of the Official Committee of Unsecured Creditors (the "Committee") to the *Status Report of the Government Parties Regarding the Covid-19 Pandemic and the 9019 Motion* [Case No. 17-BK-4780-LTS, ECF No. 1992] (the "Status Report"), and respectfully aver as follows:

**REPLY**

1. On March 27, 2020, the Government Parties filed their *Urgent Joint Motion Of The Government Parties To Adjourn All Deadlines Applicable To The Joint Motion Of Puerto Rico Electric Power Authority And AAFAF Pursuant To Bankruptcy Code Sections 362, 502, 922, And 928, And Bankruptcy Rules 3012(a)(1) And 9019 For Order Approving Settlements Embodied In The Restructuring Support Agreement [ECF No. 1235]* [ECF No. 1947], in which the Government Parties sought to adjourn all pending deadlines and the hearing date on the 9019 Motion because, among other things, "[t]he spread of COVID-19 and the economic effects therefrom, including from the closure of all non-essential businesses on Puerto Rico, cannot be calculated at this time . . ."

2. Very little has changed since the Government Parties requested that the Court adjourn all pending deadlines and the hearing date on the 9019 Motion. That motion was not

---

[2] Capitalized terms used but not defined herein shall have the meaning given them in the Status Report.

2

opposed, by the Committee or anyone else, and was granted on April 2, 2020 [ECF No. 1954] (the "Adjournment Order"). As the Government Parties informed the Court in the Status Report, while it is clear "[t]he COVID-19 pandemic has reshaped Puerto Rico's economic landscape," the Government Parties still require time to assess the new and changing landscape and are "working together to address the effects of the crisis, and continue monitoring the situation and its effects on PREPA and its customers." Status Report ¶ 5. The crisis still persists, in Puerto Rico and globally, and it will take time for the pandemic to abate, the dust to settle, and the Government Parties to assess the long term effects on PREPA and the island generally. This uncertainty is not unique to PREPA or even the Commonwealth. The Government Parties and their advisors are in the process of assessing and working toward certification of the revised fiscal plan, which is one of the steps they will need to take before deciding on the next steps in PREPA's Title III restructuring.

3. The Committee has admitted that "[t]he Oversight Board should take the appropriate time to evaluate the potential paths forward" (Response ¶ 9). Yet the Committee nonetheless proclaims that "the RSA no longer exists in its current form" and insists that absent the Oversight Board confirming it will proceed with the 9019 Motion in its current form, the Court should "terminate" the 9019 Motion, implicitly to permit the Committee to renew its claim objection against PREPA's bondholders. Response ¶ 5. The Committee is using its response to a status report to seek reconsideration of the Adjournment Order it did not even oppose in the first place. The Committee's procedurally and substantively improper request should not be entertained, and the Court's Adjournment Order should remain in effect, for the following reasons.

4. *First,* a decision to terminate a settlement with PREPA's largest creditor constituency that provides a material discount to over $8 billion in allegedly secured bonds should not be made without the parties being fully-informed of the alternatives and consequences. This

3

information is not yet available. As this Court has recognized, the Oversight Board must take a holistic approach to managing the Title III cases, an approach that is not merely concerned with maximizing creditor recoveries, but requires focusing on the future of Commonwealth and its instrumentalities and their ability to meet the needs of the island's residents.[3] The wisdom of this approach is especially clear in the face of the current crisis: with circumstances in flux and the future economic picture still continuing to take form, it is in the interests of PREPA and the people of Puerto Rico that the Government Parties make reasoned decisions based on information and analysis, not simply resort to litigation (over lien challenges, claim objections, and stay relief that would ensue if the RSA were terminated) in a knee-jerk reaction to uncertainty, the approach advocated by the Committee. The Committee's impatience should not override the need for prudence. The Government Parties should be afforded the opportunity to assess the situation before making a determination on when and how to proceed with the 9019 Motion, at which point in time the Committee can respond in the manner it deems best for its constituents.

5. *Second*, termination of the RSA may well result in these Title III cases reverting to extensive litigation. Even if either of the Government Parties decides to terminate (which they have not), the Government Parties would likely want to engage in discussions with parties before simply acting, to potentially avoid litigation. Moreover, a future post-termination settlement with bondholders will likely be more difficult, as many of the original parties to the RSA have sold their

---

[3] *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 2020 WL 114518, at *3 (D.P.R. Jan. 7, 2020), aff'd, 954 F.3d 1 (1st Cir. 2020) ("The Oversight Board is designated, in the first instance, as the entity that makes important strategic and tactical judgments in managing these restructuring proceedings, and it necessarily does so in a holistic manner. While pursuing returns for creditors of each debtor is an important element of those judgments, it is not the exclusive end point of the Oversight Board's task. The needs, concerns and future of a political entity that is the home of millions of American citizens, as well as the needs, concerns and rights of a broad range of parties in interest and the ability to propose confirmable plans of adjustment, are all implicated here. The Oversight Board has been given the responsibility of balancing and prioritizing the relevant issues and concerns in developing fiscal arrangements and plans of adjustment, and it is entitled to a measure of deference in carrying out this responsibility.")

bonds and the Government Parties would not be negotiating with the same group. The Committee's position is based on an all too common error in human behavior: when we don't know what to do, we do what we know how to do—in this instance, litigate. Such approach is blind to the practicalities of the situation and the damage it could cause to the Title III cases.

6. *Third*, the Committee does not identify any manner in which it is prejudiced by maintaining the status quo, as no such prejudice exists. The Committee's rights are fully preserved with respect to any objection it may wish to make to the 9019 Motion or any renewal of its claim objection in accordance with this Court's orders (subject to the Committee's pending appeal). Notably, even if the Government Parties were to terminate the RSA, it will be the Oversight Board—not the Committee—that will be prosecuting any objection to bond claims, including the action it has already commenced. *See* Case No. 19-391, ECF No. 1. The Committee is once again trying to usurp the Oversight Board's authority to prosecute this Title III case, which is improper in any event, and most certainly now when its rights are not being harmed.

7. *Fourth*, the Committee's request should be denied as an attempt to end-run the Court's order [Case No. 17-BK-4780-LTS, ECF No. 1855] (the "Termination Order") terminating the Committee's claim objection, in which the Court held the Committee could not proceed with a claim objection while the 9019 Motion remains pending. The Committee now attempts to undo the effects of the Termination Order by arguing the 9019 Motion itself should be terminated to permit the Committee to pursue its claim objection. The Committee's request should be denied. Indeed, to the extent the Committee seeks relief from the Termination Order, the Committee itself took steps to divest this Court of subject matter jurisdiction to grant relief by taking an appeal of the interlocutory Termination Order. *See* Case No. 17-BK-4780-LTS, ECF No. 1878 (notice of appeal filed by the Committee).

8. Accordingly, the Government Parties ask that the Court reject the Committee's requested relief to avoid changing the record underlying the Committee's pending appeal, and because it is procedurally improper and unwarranted. The Court should therefore keep the Adjournment Order in place, and enter an order directing the Government Parties to submit a status report to the Court on or before July 31, 2020, to apprise the Court of PREPA's financial situation at that time and proposed next steps regarding the 9019 Motion and the Adversary Proceedings.[4]

[*Remainder of Page Intentionally Left Blank*]

---

[4] The Government Parties also request that the hearing on the motions to dismiss in the two Adversary Proceedings be adjourned as requested in the Status Report.

Dated: May 21, 2020
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

**O'MELVENY & MYERS LLP**

/s/    *Elizabeth L. McKeen*

John J. Rapisardi
Nancy A. Mitchell
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
nmitchell@omm.com

-and-

Peter Friedman
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

-and-

Elizabeth L. McKeen
Ashley M. Pavel
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

| | |
|---|---|
| **MARINI PIETRANTONI MUÑIZ, LLC** | **DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.** |
| */s/ Luis C. Marini-Biaggi* | */s/ Katiuska Bolaños* |
| Luis C. Marini-Biaggi<br>USDC 222301<br>250 Ponce de León Ave., Suite 900<br>San Juan, Puerto Rico 00918<br>Tel.:(787) 705-2171<br>Email: lmarini@mpmlawpr.com | Katiuska Bolaños<br>USDC No. 231812<br>290 Jesús T. Piñero Ave.<br>Oriental Tower, Suite 1105<br>San Juan, PR 00918<br>Tel: (787) 395-7133<br>Fax: (787) 497-9664<br>Email: kbolanos@diazvaz.law |
| *Co-counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | *Counsel for Puerto Rico Electric Power Authority* |

8