UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## JOINT STATUS REPORT REGARDING DISCOVERY

**TO THE HONORABLE COURT**

**COME NOW** The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of PROMESA, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as PREPA's representative pursuant to Act 2-2017, and Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER")(collectively the "Parties"). The Parties, through their undersigned counsel, submit the following Joint Status Report as required by this Court's Order of May 18, 2020 ("May 18 Order") [Docket No. 1995]. The May 18 Order directed the parties to "meet and confer and file a status report by May 26, 2020

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

in the event that any specific categories of discovery remain in dispute." *Id.* at 14. As there are a number of discovery items that remain in dispute, the Parties respectfully submit the following *Joint Status Report.*

## PROCEDURAL BACKGROUND

1. On April 1, 2020, Oversight Board filed *PREPA's Urgent Motion For Entry Of An Order Authorizing PREPA To Assume Certain Contracts With Ecoeléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* (the "Motion to Assume"), on behalf of PREPA. [Docket No. 1951]. This motion requests the Court's authority for PREPA to assume two Amended Restated Agreements (the "ARAs") pursuant to section 365 of the Bankruptcy Code. On April 8, 2020, the Court extended the deadline for objections to April 27, 2020. [Docket No. 1960].

2. On April 13, 2020, PREPA voluntarily provided UTIER with non-confidential materials submitted to its regulator, the Puerto Rico Energy Bureau ("PREB"), during the course of the regulatory proceeding in which PREPA sought and obtained PREB's approval of the ARAs.

3. On April 14, 2020, UTIER propounded Discovery Requests upon PREPA. On April 22, 2020, PREPA sent counsel for UTIER a letter explaining that UTIER's requests were overly broad and unduly burdensome given the summary nature of assumption proceedings and advising that absent UTIER's withdrawal of these requests, PREPA would seek relief from this Court. ("April 22 Correspondence"). The Parties were not able to resolve their disputes consensually.

4. On April 27, 2020, UTIER and other parties filed a *Motion in Opposition To PREPA's Urgent Motion For Entry Of An Order Authorizing PREPA To Assume Certain Contracts*

2

*With Ecoeléctrica, L.P. And Gas Natural Aprovisionamientos SDG, S.A.* ("Objection to Motion to Assume") [Docket No. 1974].

5. On May 1, 2020, PREPA filed *PREPA's Urgent Motion For Protective Order* [Docket No. 1978] ("Motion for Protective Order").

6. On May 4, 2020, Hon. Judge Taylor Swain referred the issue of discovery to Magistrate Judge Judith Gail Dein [Docket No. 1980].

7. On May 6, 2020, UTIER filed its *Objection to PREPA's Urgent Motion For Protective Order*. [Docket No. 1982]. On May 11, 2020, PREPA filed *PREPA's Reply in Support of Urgent Motion for Protective Order* [Docket No.1986].

8. On Monday, May 18, 2020, this Court issued the *Order on Motion for Protective Order* ("May 18 Order")[Docket No. 1995]. The May 18 Order limited the scope of Discovery to three topics: (1) "Documents reflecting the procedures followed by PREPA in negotiating and deciding whether to assume the Contracts." (2) "Documents reflecting the factors considered by PREPA in deciding whether to assume the Contracts." (3) "Documents reflecting PREPA's analysis of the factors it considered in deciding whether to assume the Contracts."

9. On Tuesday, May 19, 2020, UTIER's counsel propounded Revised Discovery Requests consisting of 23 interrogatories and 16 requests for production of documents upon PREPA, pursuant to the May 18 Order.

10. On Wednesday, May 20, 2020, PREPA's counsel issued correspondence listing the documents PREPA would be producing pursuant to the May 18 Order and communicated that many of the Revised Discovery Requests were beyond the scope of discovery authorized by this Court, and that the Revised Discovery Requests were overbroad, burdensome and inconsistent with the summary nature of the proceeding insofar as each of the 16 requests for production sought

3

"all documents and communications" regarding the topic of the request. In this correspondence, PREPA agreed to complete its agreed document production by May 22, 2020 and to provide formal objections and responses to Revised Discovery Requests by May 25, 2020 and proposed to meet and confer on May 25, 2020 at 11:00 am.

11. On Friday, May 22, 2020, UTIER's counsel responded accepting the invitation to meet and confer at the scheduled time. On the same date, PREPA's counsel provided a link for PREPA's document production in connection with the Motion to Assume. The production consisted of the non-privileged documents submitted by PREPA to PREPA's Governing Board, the Oversight Board, the Puerto Rico Public-Private Partnership Authority ("P3A") and PREB. Pursuant to applicable law, these governmental entities are required to approve the relevant transactions before PREPA can proceed with contract execution.

12. On Saturday, May 23, 2020, PREPA's counsel issued its Responses to UTIER's Revised Discovery Requests, a copy of which is attached hereto as Exhibit A.

13. On Monday, May 25, 2020, UTIER's counsel sent correspondence, in anticipation of the meet and confer, raising UTIER's preliminary concerns with the produced discovery. Among them, UTIER challenged what it characterizes as the bare invocation of privilege and undue burden, as well as PREPA's proposed limits to the scope of discovery. UTIER also requested PREPA's availability for the deposition UTIER requested in its April 14, 2020 deposition notice. Also, UTIER expressly reserved the right to raise further objections after a thorough review of the provided discovery.

14. On the same date, the Parties met and conferred to discuss the UTIER's revised requests for production and interrogatories and PREPA's objections and responses. Additionally, UTIER propounded a revised notice for a Rule 30(b)(6) Deposition for June 1, 2020 at 9:00 A.M.

## MATTERS IN DISPUTE

15. The Parties have not been able to resolve their disputes regarding whether certain of UTIER's requests are beyond the scope of discovery and, conversely, if PREPA's production of documents and interrogatory responses are the only discovery UTIER is entitled to within that scope.

16. The Parties have not been able to resolve their disputes regarding the required scope of PREPA's disclosure of materials withheld on privilege grounds.

17. The Parties have not been able to resolve their disputes regarding the unduly burdensome nature of the requested discovery.

18. The Parties have not been able to resolve their disputes over the propriety of UTIER's May 25, 2020 Rule 30(b)(6) deposition subpoena.

## UTIER'S POSITION

19. Without the requested discovery, UTIER cannot properly prepare to conduct its deposition on June 1st nor to argue the Motion to Assume on the merits for the June 3rd Hearing. PREPA has not made a legitimate effort to produce the requested discovery.

   I. **PREPA is unilaterally limiting the scope of production to one narrower than the one set by the May 18 Order.**

20. While the Court has set a scope for the discovery in this contested matter, PREPA has unilaterally limited its production to the same items it was willing to produce before the May 18 Order. This course of action is improper, as the only limits to discovery are set forth in the Federal Rules of Procedure or by the Court. See Fed. R. Civ. P. 26(b)(1)("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .").

5

21. The May 18 Order established that:

   PREPA will need to establish that the procedure it followed was reasonable, identify the public policy factors it considered, and explain the reasons why it determined that "[t]he assumption by PREPA of the Contracts will benefit PREPA due to (1) the economic benefits of the Contracts to PREPA, particularly as compared to the prior terms, (see Padilla Decl. ¶¶ 11-18) and (2) the lack of reasonably available alternatives for replacement of the power and fuel provided under the Contracts (see id. ¶ 10)." (Motion to Assume ¶ 16). (See also Motion to Assume ¶¶ 22-26 (listing reasons why "PREPA's decision to assume the Contracts represents a sound exercise of its judgment and facilitates PREPA's compliance with its Fiscal Plans" as well as why "[t]he Contracts are vital to PREPA's operations and PREPA's ability to comply with the energy public policy of Puerto Rico.")). PREPA obviously realizes the need to address these topics at the hearing as they are included in its Motion to Assume. However, while the documentation that PREPA has produced to date is relevant to these topics, UTIER is entitled to a more complete production. [Docket No. 1995 at 12].

22. That said, the Court decided that:

   UTIER is entitled to the following types of documents (**and related discovery**): Documents reflecting the procedures followed by PREPA in negotiating and deciding whether to assume the Contracts. Documents reflecting the factors considered by PREPA in deciding whether to assume the Contracts. Documents reflecting PREPA's analysis of the factors it considered in deciding whether to assume the Contracts. Such documents should be sufficient to enable UTIER to challenge, if it so desires, the process PREPA elected to follow, as well as its contention that PREPA failed to consider policies it was obligated to consider and/or more favorable alternatives. [Docket No. 1995 at 13-14]. [Emphasis added]

23. Pursuant to the May 18 Order, UTIER propounded a Revised Discovery Request, limited to the three topics set forth by the Court. Yet, PREPA stuck to its previous decision to limit the production of documents and denied discovery of the requested materials.

24. Prior to the May 18 Order, PREPA announced it would make available the following list of documents:

   1) Submissions to PREB regarding:
   - Capacity Payment Liability Risk
   - Natural Gas Supply Interruption Risk
   - Fuel Price
   - Projected Savings per Year
   - Sargent & Lundy Report regarding the EcoEléctrica and Naturgy Contract Renegotiations

6

2) Draft Agreement and Restated Power Purchase and Operating Agreement between EcoEléctrica, L.P. and PREPA
3) Draft Agreement and Restated Natural Gas Sale and Purchase Agreement Between Naturgy Aprovisionamientos, S.A. and PREPA
4) EcoEléctrica, L.P. and Naturgy Proposed Contract Extension Presentation
5) PREPA Board Resolution dated October 31, 2019
6) Memo to PREPA CEO and IRP Team from Siemens PTI/AB dated October 2, 2019 [April 22 Correspondence].

25. After the May 18 Order, PREPA made available the following list of documents:

1) Unredacted copies of the materials PREPA submitted to the Puerto Rico Energy Bureau in the proceeding captioned In Re: Request for Approval of Amended and Restated Power Purchase and Operating Agreement with EcoEléctrica and Natural Gas Sale and Purchase Agreement with Naturgy; case no. NEPR-AP-2019-0001.
2) The presentation PREPA submitted to its Governing Board in advance of the October 30, 2019 Board Meeting in connection with the Governing Board's approval, as reflected in the PREPA Board Resolution dated October 31, 2019, of the Contracts.
3) The relevant materials PREPA submitted to the Puerto Rico Public-Private Partnerships Authority ("P3") in connection with P3's review and approval of the Contracts, including the term sheets and contract drafts.
4) The non-privileged materials PREPA submitted to the Financial Oversight and Management Board (the "Oversight Board") in connection with the Oversight Board's review and approval of the Contracts. [May 20 Correspondence].

26. Almost all of the documents provided after the May 18 Order overlap with those made available before the May 18 Order. Thus, PREPA has basically ignored the May 18 Order and proposed its own limits to discovery, depriving UTIER of those documents to which it is entitled.

II. **PREPA invokes privilege to omit unspecified documents from production without providing a log of those documents.**

27. Throughout its Response to UTIER's Revised Discovery Request, PREPA invokes privilege to withheld documents that have not been listed or specified.

28. It would be impossible for UTIER to argue and for the Court to rule on the existence of privilege if there is no record of which documents are omitted and for what reason.

7

**III.     PREPA contends that UTIER's propounded discovery is unduly burdensome without any specificity.**

29. Throughout its Response to UTIER's Revised Discovery Request, PREPA objects to requests for production of documents as unduly burdensome without any specificity. Yet, PREPA's own responses to the propounded interrogatories betray the availability of documentation.

30. For example, in response to Interrogatory I.A.3, PREPA made a list of the meetings that were conducted as part of the negotiation process for the ARAs. However, in response to RFD I.B.1., which requested documents and communications related to that same negotiation, PREPA did not provide any of the documents or communications related to those meetings, such as correspondence, minutes and records of the agreements reached.

31. Additionally, PREPA ascribes statements to Naturgy in its responses without providing the documents or communications that reflect those statements.

32. PREPA also responds to questions regarding the inapplicability and waiver of the competitive bidding process, which it alleges was approved by the Public-Private Partnership Administration, without providing the documentation that shows that approval nor the requests to achieve it.

## PREPA'S POSITION

33. Following the May 18, 2020 Order, PREPA has moved expeditiously to provide UTIER with additional documents and information to resolve any outstanding issues in advance of the June 3, 2020 hearing on the Motion to Assume. UTIER, however, continues to insist on a broad production of "all documents and communications" concerning over a dozen topics, without identifying why the materials PREPA has already provided are insufficient. Indeed, in the parties' most recent May 25, 2020 meet and confer, UTIER took the position

8

that PREPA's document production (summarized below) remains deficient while simultaneously admitting that it had not yet completed its review of the materials PREPA provided.

34. UTIER also renewed its request for a deposition for the first time on the morning of May 25, 2020, without having made any effort to narrow the topics in its prior notice in light of the May 18, 2020 Order. UTIER's unreasonable approach is transparently calculated to force PREPA to adjourn the June 3, 2020 hearing. But PREPA has provided documents and responses to interrogatories that show the procedures followed by PREPA, the factors it considered, and its analysis of those factors in deciding whether to assume the ARAs, so no further discovery should be needed in connection with the June 3, 2020 hearing on PREPA's Motion to Assume.

### I. PREPA'S DOCUMENT PRODUCTION AND INTERROGATORY RESPONSES SATISFY PREPA'S OBLIGATIONS UNDER THE MAY 18, 2020 ORDER.

35. On April 14, 2020, UTIER served extraordinarily broad discovery requests including requests for production seeking "all documents and communications" concerning more than three dozen topics, nearly 100 interrogatories, and 38 deposition topics (including subtopics) seeking information regarding an impossibly broad array of subject matters well beyond the scope of the Motion to Assume including, but not limited to, competitive bidding and competitor interest in the transaction, the impact of the ARAs on UTIER, and the impact of the ARAs on Puerto Rico's energy policy goals. In its May 18, 2020 Order, this Court held that "while UTIER is entitled to some discovery, it is not entitled to discovery as broad as that called for by the sweeping requests it has made to date." (May 18, 2020 Order at 11.) This Court ruled that UTIER is entitled to documents and related discovery reflecting the procedures followed by PREPA, the factors it considered and its analysis of those factors in deciding whether to assume the ARAs, and then directed the parties to meet and confer to "identify the non-

9

privileged documents, if any, that shall be produced in accordance with this Order, and related discovery." (May 18, 2020 Order at 13-14.)

36. UTIER's Revised Discovery Requests still demand an expansive production of "all" documents and communications concerning or reflecting the topic of the requests.

37. On May 22, 2020, PREPA produced documents and on May 23, 2020 provided responses to interrogatories sufficient to evidence its procedures, the factors it considered, and its analysis of those factors, as the Court directed. Specifically, PREPA produced the non-privileged documents PREPA submitted to the PREPA Governing Board, PREB, the Oversight Board, and P3A in connection with PREB's approval of the ARAs. These materials include:

- An August 7, 2019 presentation to PREPA's Governing Board providing an overview of the negotiations, key terms of the ARAs, savings projections, and examination of alternative scenarios considered.

- An October 29, 2019 memorandum from Fernando M. Padilla, Restructuring and Financial Affairs Administrator, Project Management Office to José F. Ortiz Vázquez, PREPA's Chief Executive Officer seeking approval of the ARAs (the "Justification Memo"). The Justification Memo explains in detail the bases for the Project Management Office's recommendation that the PREPA Governing Board accept the ARAs. The information provided includes the key features of the ARAs, the benefits and risks of the ARAs, and the commercial rationale for accepting the ARAs.

- An October 2, 2019 assessment of the EcoEléctrica PPOA prepared for PREPA by an outside consultant, Siemens PTI/EBA, and concluding that PREPA should accept the ARAs.

- An October 2019 report prepared for PREPA by an outside consultant, Sargent & Lundy, regarding the EcoEléctrica and Naturgy Contract Renegotiations (the "S&L Report"). The S&L Report examines the original agreements and the ARAs, presents financial modeling and cost savings calculations, and discusses alternative options to contract renewal.

- A November 1, 2019 submission from José F. Ortiz Vázquez, PREPA's Chief Executive Officer, to Jaime A. El Koury, General Counsel of the Oversight Board seeking the Oversight Board's approval for PREPA to assume the ARAs (the "FOMB Submission"). The FOMB submission includes PREPA's responses to the FOMB's contract questionnaire for each of the ARAs, the responses to which demonstrate the ARAs' compliance with the PREPA Fiscal Plan and Budget.

- A November 4, 2019 letter from José F. Ortiz Vázquez, PREPA's Chief

10

    Executive Officer to Edison Avilés-Deliz, PREB's Chairman, seeking approval of the ARAs (the "PREB Approval Request"). The PREB Approval Request sets forth in detail the factors PREPA considered in deciding to assume the ARAs, they key features of the ARAs, the benefits and risks of the ARAs PREPA considered, PREPA's compliance with applicable legal requirements in connection with the ARAs, and a reconciliation of the terms of the ECO PPOA with assumptions incorporated into PREPA's proposed Integrated Resource Plan ("IRP").

- A December 17, 2019 presentation to PREB explaining PREPA's contract negotiations strategy, comparing key elements of the ARAs against the pre-existing agreements, detailing projected savings and other benefits to PREPA under the ARAs, and examining alternative scenarios considered.

- A December 26, 2019 letter from Jaime A. El Koury, General Counsel of the Oversight Board to Astrid I. Rodríguez Cruz, General Counsel of PREPA, communicating the Oversight Board's approval of the ARAs (the "FOMB Approval"). The FOMB Approval includes an explanation of the Oversight Board's findings in support of approval, including cost savings and alignment with the PREPA Fiscal Plan and Budget.

- Term sheets, draft agreements and amendments submitted to the PREPA Governing Board, the Oversight Board, PREB, and P3A.

38. On May 23, 2020—two days ahead of schedule and only four days after receipt of UTIER's revised requests—PREPA sent formal responses to the Revised Discovery Requests. *See* Exhibit A. PREPA provided verified responses to 22 of the 23 revised interrogatories. PREPA objected to UTIER's revised document requests, each which sought production of "all documents and communications" in direct contravention of this Court's recognition that the Motion to Assume is a "summary proceeding" and acknowledgement of the "shortness of time before the June 3rd hearing." *See* May 18, 2020 Order at 5, 14. Accordingly, as described above, PREPA produced documents and responses to interrogatories sufficient to evidence the procedures it followed, the factors it considered, and its analysis of those factors in deciding whether to assume the ARAs. This production addresses 12 of UTIER's 16 revised document requests.

39. PREPA objects to the following interrogatories and document requests from the Revised Discovery Requests as beyond the scope of discovery authorized in the May 18, 2020 Order:

11

- **Interrogatory I.A.2**: Explain what internal processes PREPA usually has in place for procurements that are not subject to competitive bidding and whether they were executed for the Contracts.

- **Request for Production I.B.4.**: All documents and communications concerning a competitor's interests in replacing Naturgy as PREPA's LNG supplier.

- **Request for Production I.B.7.**: All documents and communications regarding the amount of import taxes on fuel that would be owed by EcoEléctrica, Naturgy or any party, if the LNG was imported by EcoEléctrica or Naturgy rather than structured to appear that it was being imported by PREPA.

- **Request for Production III.A.4**: All documents and communications regarding the ownership rights of the EcoEléctrica LNG Terminal.

- **Requests for Production III.A.5.**: All documents and communications concerning the impact of the decision to assume or execute the Contracts on PREPA's achievement of the goals contained in Act No. 17-2019.

40. None of these requests are directed to the procedures PREPA followed in negotiating and deciding whether to assume the agreements that are the subject of the Motion to Assume, the factors considered by PREPA in making that decision, or PREPA's analysis of those factors. (*Compare* May 18, 2020 Order at 13-14.) To the extent these requests do implicate any those issues in part, PREPA has produced sufficient documents and information in response to other requests. *See supra* ¶ 37; Ex. A, Response to Interrogatory Nos. I.A.2, I.A.3.

## II. UTIER'S DEMAND FOR PRODUCTION OF "ALL DOCUMENTS AND COMMUNICATIONS" IS UNDULY BURDENSOME, DISPROPORTIONATE TO THE NEEDS OF THE SUMMARY PROCEEDING, AND INCONSISTENT WITH THE MAY 18, 2020 ORDER.

41. While UTIER claims that PREPA has unilaterally narrowed the scope of the discovery, it is UTIER that continues to ignore the May 18, 2020 Order. This Court held that UTIER is "not entitled to discovery as broad as that called for in the sweeping requests it has made to date," but rather that it was entitled only to documents (and related discovery "reflecting" PREPA's procedures, factors considered, and analysis of those factors in determining whether to assume the ARAs. In response, UTIER issued requests for "all documents and communications" concerning 16 different topics.

12

42. UTIER's continued demand for "all documents and communications" regarding over a dozen different topics is inconsistent with the summary nature of the proceeding held on a Motion to Assume. *In re BankVest Capital Corp.*, 360 F.3d 291, 302 (1st Cir. 2004) (motion to assume or reject an executory contract is a summary proceeding and "not the time or place for prolonged discovery."); *accord In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2nd Cir. 1993). By way of comparison, in UTIER's adversary proceeding against PREPA regarding alleged impairment of its collective bargaining agreements (Case No. 17-00229), UTIER similarly propounded requests for all documents and communications regarding 16 topics. Completing the document production in response to these requests took three-and-a-half months. Here, given the breadth of UTIER's requests and the logistical difficulties PREPA faces in collecting documents in light of the COVID-19 stay-at-home orders, collecting and producing "all documents and communications" in response to the 16 topics in the Revised Discovery Requests would take at least as long, and likely longer.

43. The months' worth of discovery that UTIER continues to demand cannot be reconciled with the May 18, 2020 Order, which expressly acknowledged the "shortness of time before the June 3rd hearing," and acknowledged that PREPA may have no obligation to produce anything beyond the submission to PREB by ordering the parties to identify the "non-privileged documents *if any*" that shall be produced in response to the May 18, 2020 Order beyond what PREPA already provided. (May 18, 2020 Order at 14 (emphasis added)).

44. Moreover, UTIER has not given any reason why the documents and interrogatory responses PREPA has already provided are not sufficient—it simply continues to insist upon a broad production of "all documents and communications" while refusing to engage in meet and confer to target collection efforts to what (if anything) is needed beyond what PREPA has already provided. UTIER's intransigence should not be rewarded.

**III. PREPA HAS SATISFIED ITS OBLIGATION TO IDENTIFY DOCUMENTS WITHHELD FROM ITS PRODUCTION ON PRIVILEGE GROUNDS.**

45. UTIER's contention that PREPA has withheld documents on privilege grounds without logging them is incorrect. PREPA agreed to provide non-privileged documents it submitted to PREPA's Governing Board, PREB, the Oversight Board and P3A. In connection with that production, on May 22, 2020, PREPA provided UTIER with a document-by-document index for each submission. Those indexes clearly identify the two documents withheld on privilege grounds—two legal memoranda regarding the ARAs prepared by PREPA's outside counsel (one from Díaz & Vázquez Law Firm, P.S.C, and one from King & Spalding LLP) for Fernando Padilla of PREPA's Project Management Office. No other documents have been withheld from the materials PREPA agreed to produce.

46. As explained above, consistent with the limitations on discovery this Court set in the May 18, 2020 Order and the summary nature of the proceedings on the Motion to Assume, PREPA has not agreed to search and has not searched through or produced emails in order to respond to the Revised Discovery Requests. Accordingly, it would be unduly burdensome and disproportionate to the needs of this matter to require PREPA to collect and review emails for the sole purpose of logging privileged documents that exist apart from the submissions to the PREPA Governing Board, Oversight Board, PREB, and P3A PREPA produced.

**IV. UTIER'S REQUEST FOR A DEPOSITION SHOULD BE DENIED AS UNTIMELY.**

47. UTIER's eleventh-hour request for a deposition is untimely and should be denied. On April 14, 2020, UTIER issued a Rule 30(b)(6) subpoena on PREPA covering a wide range of topics consistent with the broad document requests and excessive interrogatories UTIER issued at that time. On May 19, 2020, UTIER sent revised discovery requests and a meet and confer letter in light of the May 18, 2020 Order. Neither made any mention of UTIER seeking deposition testimony or revising the April 14 subpoena to comply with the May 18 Order. Nor

14

did UTIER mention any request for a deposition in its May 22, 2020 meet and confer letter on outstanding discovery issues.

48. UTIER renewed its request for a deposition for the first time in a letter sent mere minutes before the parties' scheduled meet and confer on the morning of May 25, 2020, stating only that PREPA had not provided notice of availability for the deposition UTIER requested in its April 14 Requests. During the parties' telephonic conversation moments later, in response to PREPA's position that UTIER had not made any request for a deposition in its most recent discovery requests and its April 14, 2020 deposition notice had been superseded by the May 18, 2020 Order, UTIER stated it would serve a renewed deposition notice. UTIER did not provide PREPA with the new topics until 5 pm AST on Monday, May 25, 2020.

49. The topics essentially repeat the topics of discovery enumerated in the May 18, 2020 Order without any specification as to what information is sought beyond the documents and interrogatory responses already provided. UTIER's delay in serving a revised deposition notice until just nine days in advance of the hearing and less than 24 hours before the deadline to file this Status Report prejudices PREPA by depriving it of the time needed to meet and confer regarding the scope of deposition topics, including the extent to which the topics have already been addressed through the production of documents and interrogatory responses, present any issues in need of Court intervention in this Status Report, and prepare a witness and coordinate logistics for a remote deposition in advance of the hearing.

50. UTIER had every opportunity to serve a revised deposition notice along with its revised document requests and interrogatories on May 19, 2020. It chose not to do so. Accordingly, UTIER's request for a deposition should be denied.

Case:17-03283-LTS Doc#:13218 Filed:05/26/20 Entered:05/26/20 13:01:20 Desc: Main Document Page 16 of 19

16

Respectfully submitted,



472 Tito Castro Ave.
Marvesa Building, Suite 106
Ponce, Puerto Rico 00716
Tel: (787) 848-0666
Fax: (787) 841-1435
notificaciones@bufete-emmanuelli.com

*/s/Rolando Emmanuelli Jiménez*
Rolando Emmanuelli-Jiménez
1st Cir. #7707
USDC: 214105
rolando@bufete-emmanuelli.com

*/s/Jessica Méndez-Colberg*
Jessica Méndez-Colberg
1st Cir. # 1185272
USDC: 302108
jessica@bufete-emmanuelli.com

Dated: May 1, 2020
     San Juan, Puerto Rico

Respectfully submitted,

**PROSKAUER ROSE LLP**

*/s/ Paul V. Possinger*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S. Desatnik *(pro hac vice)*
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

**LUIS F. DEL VALLE-EMMANUELLI**
By: */s/ Luis F. Del Valle-Emmanuelli*
By: Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
*Co-Attorney for the Financial Oversight and Management Board as representative of the Debtor*

18

| | |
|---|---|
| **MARINI PIETRANTONI MUÑIZ LLC** | **O'MELVENY & MYERS LLP** |
| */s/ Luis Marini* | */s/ Elizabeth L. McKeen* |
| Luis C. Marini-Biaggi | |
| USDC No. 222301 | John J. Rapisardi |
| 250 Ponce de León Ave., Suite 900 | Nancy A. Mitchell |
| San Juan, Puerto Rico 00918 | 7 Times Square |
| Tel: (787) 705-2171 | New York, New York 10036 |
| Fax: (787) 936-7494 | Tel: (212) 326-2000 |
| | Fax: (212) 326-2061 |
| *Co-counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | -and- |
| | Peter Friedman |
| | 1625 Eye Street, NW |
| **DÍAZ & VÁZQUEZ LAW FIRM, P.S.C** | Washington, D.C. 20006 |
| | Tel: (202) 383-5300 |
| */s/ Katiuska Bolaños* | Fax: (202) 383-5414 |
| Katiuska Bolaños | |
| USDC No. 231812 | -and- |
| 290 Jesús T. Piñero Ave. | Elizabeth L. McKeen |
| Oriental Tower, Suite 1105 | Ashley M. Pavel |
| San Juan, PR 00918 | 610 Newport Center Drive, 17th Floor |
| Tel.: (787) 395-7133 | Newport Beach, CA 92660 |
| Fax: (787) 497-9664 | Tel: (949) 823-6900 |
| | Fax: (949) 823-6994 |
| *Counsel for Puerto Rico Electric Power Authority* | *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority* |