UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

-----------------------------------------------------------x

ORDER REGARDING PROCEDURES FOR JUNE 3-4, 2020, OMNIBUS HEARING

The Court will conduct an omnibus hearing on certain motions in the above-captioned cases and related adversary proceedings (the "Hearing") beginning at **9:30 a.m. (Atlantic Standard Time) on June 3, 2020**. The Hearing will be conducted on June 3, 2020, from 9:30 a.m. to 12:00 p.m., and will resume if necessary from 1:00 p.m. to 5:00 p.m. The Hearing will continue on June 4, 2020, beginning at 9:30 a.m. (Atlantic Standard Time) with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

preliminary hearing in connection with the PRIFA Lift Stay Motion,[2] the HTA Lift Stay Motion, and the CCDA Lift Stay Motion (collectively, the "Lift Stay Motions"). In light of the ongoing COVID-19 public health crisis, the Court will conduct the Hearing telephonically via CourtSolutions. The Hearing shall be governed by the following procedures.

**Registration for Speaking and Listen-In Lines for**
**Attorneys; Listen-In Facilities for Members of Public and Press**

1. Attorneys who have entered an appearance in the Title III proceedings may register to participate as speakers or listen-in on the proceedings by telephone. Such attorneys must register with CourtSolutions at www.court-solutions.com no later than **May 29, 2020, at 5:00 p.m. (Atlantic Standard Time)** and pay the fee established by CourtSolutions. In order to promote the efficient conduct of the proceedings, the number of speaking participation lines shall be limited. The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") shall be limited to five such speaking lines per day each, and each other party in interest shall be limited to two such speaking lines per day. There will be no limitation on the registration of listen-in lines for attorneys who have entered appearances in these proceedings.

2. In order to listen-in on the proceedings by telephone, members of the public and press should dial (888) 363-4749, and enter the access code (7214978) and security code (6420) when prompted. The access lines for press and the general public will be in listen-only mode at all times. Recording and further broadcasting of the proceedings by any means remain prohibited. Although Judicial Conference policy generally prohibits the broadcasting of

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Final Case Management Order for Revenue Bonds* (Docket Entry No. 12186 in Case No. 17-3283).

proceedings in federal trial courts, the Executive Committee of the Judicial Conference has approved a limited temporary exception to the policy to allow a judge to authorize the use of teleconference technology to provide the public and the press with audio access to court proceedings while public access to federal courthouses is restricted due to the health and safety concerns presented by the COVID-19 pandemic.

**Order and Number of Speakers; Telephone Etiquette**

      3. For each matter scheduled to be heard at the Hearing, counsel who intend to speak must jointly file an informative motion by **June 1, 2020, at 9:00 a.m. (Atlantic Standard Time)** identifying (a) the relevant motion or report, (b) the parties who intend to appear and speak in connection with the relevant motion or report, (c) the names of no more than two individuals who intend to speak on behalf of each party in connection with the relevant motion or report, (d) the order in which the parties to the relevant motion shall present argument, and (e) time allocations for each speaker.[3] The Court will make provision for additional comment by counsel for other parties in interest at the Hearing, where necessary.

      4. During the call, the individuals who are allocated speaking lines are directed to observe the following rules:

      a. Use a landline whenever possible.

      b. Use a handset rather than a speakerphone.

      c. Identify yourself if asked to do so.

      d. Identify yourself by name each time you speak.

---

[3] The Court previously allotted two hours of argument time to the Lift Stay Motions. In light of the additional arguments that have since been addressed by the parties to the Lift Stay Motions, the Court will instead allot three hours of argument time to the Lift Stay Motions.

  e. <u>Mute</u> yourself when you are not speaking to eliminate background noise.

  f. Spell proper names.

5. All persons granted remote access to the proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**<u>Pre-Hearing Filing Deadlines</u>**

6. An agenda outlining the matters to be addressed and the projected timetable will be filed by Debtors' counsel by **June 1, 2020**, in accordance with the Eleventh Amended Case Management Procedures. (<u>See</u> Docket Entry No. 11885-1, § III.M.) The agenda shall also include a compilation of the information filed pursuant to Paragraph 3, <u>supra</u>, including (a) the names of the individuals who intend to appear and speak on behalf of each relevant party in connection with each motion or report, (b) the order in which the parties to the relevant motion shall present argument, and (c) time allocations for each party. Debtors' counsel shall file a revised agenda on June 2, 2020, if circumstances have changed or if requested to do so by the Court. Debtors' counsel shall email a proposed agenda, including preliminary time allocations, to the Court by **May 29, 2020 at 12:00 p.m. (Atlantic Standard Time)**.

7. The parties to the Lift Stay Motions are directed to meet and confer regarding the materials currently under seal pursuant to the terms of the *Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* (Docket Entry No. 13029 in Case No. 17-3283), including whether those materials will be the subject of argument at the Hearing, by **May 29,**

**2020**. To the extent that counsel intend to rely on materials that are currently under seal at the Hearing, counsel shall include in the informative motions referenced in Paragraph 3, supra, a statement as to whether the parties have consented to unsealing of the materials for purposes of presentation of such materials at the Hearing and inclusion in the public record, in which case they are to be included in the PDF filed pursuant to the following paragraph. If there is no agreement to unseal the material, the informative motion filed pursuant to the following paragraph must identify the sealed materials by docket entry number and include any further information the parties wish to bring to the Court's attention regarding the handling of information that is currently under seal or references thereto in the arguments.

8. To the extent that counsel intend to rely on exhibits and/or demonstratives at the hearing, counsel shall file any such exhibits and/or demonstratives as a single attachment,[4] bookmarked to delineate each included exhibit or demonstrative, in searchable PDF format to an informative motion labeled to correspond to the relevant agenda item and/or motion or report by **3:00 p.m. (Atlantic Standard Time) on June 2, 2020**. Each party shall denominate its exhibits, if any, in a distinctive manner (e.g., "Movants' PRIFA Ex. 1" or "Opponents' PRIFA Ex. 1"), and the informative motion shall also include an exhibit list indicating whether admission of each exhibit is disputed.

9. Given the lack of physical public access to the Hearing and to further promote transparency and public access to accurate and current information, the Oversight Board and AAFAF shall file, by **5:00 p.m. (Atlantic Standard Time) on June 2, 2020**, written status

---

[4] If the combined volume of the exhibits and demonstratives for a given motion exceeds the capacity of ECF for a single attachment, the compilation should be broken up as necessary, with the informative motion indicating which exhibits or demonstratives are included in each sub-attachment.

reports. The Oversight Board's report shall address (a) the general status and activities of the Oversight Board, including measures taken in response to the COVID-19 pandemic and the status of preparation of fiscal plans, (b) the general status of relations among the Oversight Board and the Commonwealth and federal governments, and (c) the status of PRIDCO's RSA and anticipated Title VI filing. AAFAF shall provide a general status report on its status and activities, including an overview of the Commonwealth's ongoing response to the COVID-19 pandemic. At the Hearing, the Court will ask counsel to the Oversight Board and AAFAF to respond to questions and comments, if any, related to their respective status reports.

      SO ORDERED.

Dated: May 26, 2020

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge