# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | No. 17 BK 4780-LTS |

**NOTICE OF PRESENTMENT OF AMENDED PROPOSED ORDER GRANTING MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND PUERTO RICO ELECTRIC POWER AUTHORITY FOR RELEASE OF <u>INSURANCE PROCEEDS FOR EARTHQUAKE LOSSES</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE THAT**, on May 12, 2020, the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), (collectively, "Defendants"), filed *a Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Electric Power Authority for Release of Insurance Proceeds for Earthquake Losses* (ECF No. 1987) (the "Motion"), seeking an order allowing PREPA to accept from certain of its Insurers (the "Insurers") an immediate advance payment (the "Advance Payment") as payment of insurance proceeds under certain commercial property insurance policies issued to PREPA by the Insurers for the policy period May 31, 2019 to May 31, 2020, and for approval of procedures to expedite future insurance payments.

**PLEASE TAKE FURTHER NOTICE THAT**, on May 20, 2020, in accordance with the *Order Scheduling Briefing of Motion for Release of Insurance Proceeds (Docket Entry No. 13097)* (ECF No. 1988), opposition papers to the Motion were due. No objections to the Motion were filed.[2]

**PLEASE TAKE FURTHER NOTICE THAT**, PREPA is filing this Notice with minor revisions to the proposed order following comments received from certain parties to the language of the proposed order filed with the Motion relating to the procedures for future insurance payments in the event of any objection thereto.

**PLEASE TAKE FURTHER NOTICE THAT**, PREPA submits the attached revised proposed order for the Court's consideration as **Exhibit A** (the "Amended Proposed Order"). A

---

[2] U.S. Bank, N.A., as trustee for PREPA's bonds, filed its Reservation Of Rights Of PREPA Bond Trustee Regarding Motion For Release Of Insurance Proceeds For Earthquake Losses [ECF No. 1999], in which the trustee expressed disagreement with certain statements in the Motion, but otherwise confirmed it does not oppose the requested relief. ECF No. 1999 at ¶ 5.

blackline comparison showing the changes between the original proposed order attached to the Motion, as filed on May 12, 2020, and the Amended Proposed Order, is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Revised Proposed Order is filed with the Court in accordance with the *Eleventh Amended Case Management and Administrative Procedures Order* [ECF No. 11885-1] by 4:00 p.m. (AT) on June 2, 2020, no hearing will be held and the Revised Proposed Order may be approved by this Court.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

| | |
|---|---|
| Dated: May 26, 2020<br>San Juan, Puerto Rico | Respectfully submitted, |

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com
Email: carla.garcia@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

3

Email: mbienenstock@proskauer.com
Email: pposinger@proskauer.com
Email: ebarak@proskauer.com

Marc Eric Rosenthal (*pro hac vice*)
**PROSKAUER ROSE LLP**
70 West Madison
Suite 3800
Chicago, IL 60602-4342
Tel: (312) 962-3550
Fax: (312) 962-3551
Email: mrosenthal@proskauer.com
*Attorneys for the Financial Oversight and Management Board as representative of the Puerto Rico Electric Power Authority*

## Exhibit A

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Order relates only to PREPA, and shall be filed in Case No. 17 BK 4780-LTS** |

**[PROPOSED] ORDER GRANTING MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND PUERTO RICO ELECTRIC POWER AUTHORITY FOR RELEASE OF INSURANCE PROCEEDS <u>FOR EARTHQUAKE LOSSES</u>**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the Motion of Financial Oversight And Management Board For Puerto Rico and Puerto Rico Electric Power Authority For Release Of Insurance Proceeds For Earthquake Losses [ECF No. 1987] (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and Insurers having consented to the relief requested by the Motion; and the Court having found the Oversight Board and PREPA provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief as set forth herein,

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED:**

1. The Motion is GRANTED only to the extent set forth herein.

2. Insurers may pay the Advance Payment of $25,000,000 to PREPA under the Property Insurance on account of losses it incurred as a result of earthquake damage incurred during the period of the Policies ("Earthquake Losses").

3. No Service Party shall interfere with the Insurers' transfer of the Advance Payment to PREPA.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

4. PREPA shall utilize and distribute the Advance Payment solely to pay for Earthquake Losses in compliance with the Trust Agreement.

5. No Service Party shall interfere with PREPA's application or use of the Advance Payment.

6. Notwithstanding any claims that Service Parties may have against PREPA if Insurance Proceeds are not applied by PREPA in accordance with this Order, the Insurers shall not be subject to claims of the Service Parties with respect to the payment of the Advance Payment to PREPA in accordance with this Order, and payment of the Advance Payment to PREPA shall satisfy the Insurers' obligations under the applicable Property Insurance in the amount so paid. No Service Party shall have any claim against the Insurers in respect of the obligation so satisfied by payment of the Advance Payment.

7. With respect to any future payments of Insurance Proceeds payable to PREPA on account of the Property Insurance:

   a. PREPA, after consultation with the Oversight Board, shall provide to attorneys for the Official Committee of Unsecured Creditors appointed in this case, the Oversight Board, the Trustee under the Trust Agreement, counsel to National Public Finance Guaranty Corporation ("National"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), Syncora Guaranty Inc. ("Syncora"), and the Ad Hoc Group of PREPA's bondholders (the "Ad Hoc Group," and collectively, the "Notice Parties") written notice (each, a "Supplemental Insurance Payment Notice") containing the following:

      i. The amount of Insurance Proceeds the Insurers are prepared to remit to PREPA;

      ii. The Policy pursuant to which such Insurance Proceeds would be paid;

      iii. A copy of the Policy and agreement pursuant to which such Insurance Proceeds would be paid; and

3

    iv.  A description of PREPA's contemplated usage of such Insurance Proceeds, with sufficient detail and supporting documentation to enable the Notice Parties to confirm that PREPA's contemplated usage complies with section 4 above.

  b. Recipients of a Supplemental Insurance Payment Notice shall have seven (7) calendar days from the date of service of a Supplemental Insurance Payment Notice (the "<u>Review Period</u>") to provide attorneys for the Oversight Board and the other Notice Parties written notice of any objection to payments specified in the applicable Supplemental Insurance Payment Notice.

  c. Following the expiration of the Review Period, if no objections are received, the terms of this Order shall be deemed to apply to the additional payments under the Property Insurance specified in such Supplemental Insurance Payment Notice, and such payments shall be subject to the same protections as set forth in this Order for the Advance Payment under this Order and shall be entitled and subject to the terms of sections 3 and 5 of this Order. For the avoidance of doubt, additional payments under the Property Insurance specified in a Supplemental Insurance Payment Notice, once remitted to PREPA by the Insurers, shall be entitled and subject to the terms of section 6 of this Order.

  d. If objections are received during the Review Period, in the seven (7) calendar days following the expiration of the Review Period, PREPA will attempt to resolve the objections in a manner satisfactory to each of the Oversight Board, AAFAF, and each of the Notice Parties. To the extent any objections remain unresolved after such time, (i) PREPA may receive the additional payments under the Property Insurance specified in the Supplemental Insurance Payment Notice from the Insurers, and such payments shall be treated as Insurance Proceeds under this Order, used solely in accordance with section 4 of this Order, and shall be entitled to the terms of section 6 of this Order, but shall not be entitled to the terms of sections 3 or 5 of this Order; and (ii) the Oversight Board and AAFAF, on behalf of PREPA, or the relevant Notice Party with respect to any unresolved objection may file a motion, with an objection deadline of no less than seven (7) calendar days following the filing of such motion, requesting the Court resolve the outstanding objection(s).

  8. Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights and, for the avoidance of doubt, shall not be interpreted to prejudice the rights and

interests of holders and/or insurers of PREPA's power revenue bonds. All rights of such parties to take any actions necessary to protect their rights with respect to any action outside the scope of this Order or with respect to any agreement with creditors shall be preserved.

9. Immediately upon entry by the Court of this Order the Oversight Board, as PREPA's representative in the Title III case, is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

10. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

SO ORDERED.

Dated:_____

_____
HON. LAURA TAYLOR SWAIN
United States District Judge

**<u>Exhibit B</u>**

**Blackline of Amended Proposed Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Order relates only to PREPA, and shall be filed in Case No. 17 BK 4780-LTS** |

**[PROPOSED] ORDER GRANTING MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND PUERTO RICO ELECTRIC POWER AUTHORITY FOR RELEASE OF INSURANCE PROCEEDS <u>FOR EARTHQUAKE LOSSES</u>**

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the Motion of Financial Oversight And Management Board For Puerto Rico and Puerto Rico Electric Power Authority For Release Of Insurance Proceeds For Earthquake Losses [ECF No. 1987___] (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and Insurers having consented to the relief requested by the Motion; and the Court having found the Oversight Board and PREPA provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief as set forth herein,

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED:**

1. The Motion is GRANTED only to the extent set forth herein.

2. Insurers may pay the Advance Payment of $25,000,000 to PREPA under the Property Insurance on account of losses it incurred as a result of earthquake damage incurred during the period of the Policies ("Earthquake Losses").

3. No Service Party shall interfere with the Insurers' transfer of the Advance Payment to PREPA.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

4. PREPA shall utilize and distribute the Advance Payment solely to pay for Earthquake Losses in compliance with the Trust Agreement.

5. No Service Party shall interfere with PREPA's application or use of the Advance Payment.

6. Notwithstanding any claims that Service Parties may have against PREPA if Insurance Proceeds are not applied by PREPA in accordance with this Order, the Insurers shall not be subject to claims of the Service Parties with respect to the payment of the Advance Payment to PREPA in accordance with this Order, and payment of the Advance Payment to PREPA shall satisfy the Insurers' obligations under the applicable Property Insurance in the amount so paid. No Service Party shall have any claim against the Insurers in respect of the obligation so satisfied by payment of the Advance Payment.

7. With respect to any future payments of Insurance Proceeds payable to PREPA on account of the Property Insurance:

    a. PREPA, after consultation with the Oversight Board, shall provide to attorneys for the Official Committee of Unsecured Creditors appointed in this case, the Oversight Board, the Trustee under the Trust Agreement, counsel to National Public Finance Guaranty Corporation ("National"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), Syncora Guaranty Inc. ("Syncora"), and the Ad Hoc Group of PREPA's bondholders (the "Ad Hoc Group," and collectively, the "Notice Parties") written notice (each, a "Supplemental Insurance Payment Notice") containing the following:

        v. The amount of Insurance Proceeds the Insurers are prepared to remit to PREPA;

        vi. The Policy pursuant to which such Insurance Proceeds would be paid;

        vii. A copy of the Policy and agreement pursuant to which such Insurance Proceeds would be paid; and

3

    viii.  A description of PREPA's contemplated usage of such Insurance Proceeds, with sufficient detail and supporting documentation to enable the Notice Parties to confirm that PREPA's contemplated usage complies with section 4 above.

 b.  Recipients of a Supplemental Insurance Payment Notice shall have seven (7) calendar days from the date of service of a Supplemental Insurance Payment Notice (the "<u>Review Period</u>") to provide attorneys for the Oversight Board and the other Notice Parties written notice of any objection to payments specified in the applicable Supplemental Insurance Payment Notice.

 <u>c.</u>  Following the expiration of the Review Period, if no objections are received, the terms of this Order shall be deemed to apply to the additional payments under the Property Insurance specified in such Supplemental Insurance Payment Notice, and such payments shall be subject to the same protections as set forth in this Order for the Advance Payment under this Order and shall be entitled and subject to the terms of sections 3 and 5 of this Order. For the avoidance of doubt, additional payments under the Property Insurance specified in a Supplemental Insurance Payment Notice, once remitted to PREPA by the Insurers, shall be entitled and subject to the terms of section 6 of this Order.

 <s>c.</s><u>d.</u>  <u>If objections are received during the Review Period, in the seven (7) calendar days following the expiration of the Review Period, PREPA will attempt to resolve the objections in a manner satisfactory to each of the Oversight Board, AAFAF, and each of the Notice Parties. To the extent any objections remain unresolved after such time, (i) PREPA may receive the additional payments under the Property Insurance specified in the Supplemental Insurance Payment Notice from the Insurers, and such payments shall be treated as Insurance Proceeds under this Order, used solely in accordance with section 4 of this Order, and shall be entitled to the terms of section 6 of this Order, but shall not be entitled to the terms of sections 3 or 5 of this Order; and (ii) the Oversight Board and AAFAF, on behalf of PREPA, or the relevant Notice Party with respect to any unresolved objection may file a motion, with an objection deadline of no less than seven (7) calendar days following the filing of such motion, requesting the Court resolve the outstanding objection(s).</u>

4

> d. ~~During the Review Period, PREPA and any objecting party shall meet and confer (in person or telephonically) to attempt to resolve, in whole or in part, any objections to payments specified in the applicable Supplemental Insurance Payment Notice.~~
>
> ~~To the extent a motion to challenge any payment specified in a Supplemental Insurance Payment Notice is filed with the Court, the Court shall hear argument on any such motion as soon as the Court's calendar permits; provided that until such time as the Court decides any such Motion, the provisions of paragraphs 3, 5, and 6 of this Order shall not apply to the challenged payment.~~

8. Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights and, for the avoidance of doubt, shall not be interpreted to prejudice the rights and interests of holders and/or insurers of PREPA's power revenue bonds. All rights of such parties to take any actions necessary to protect their rights with respect to any action outside the scope of this Order or with respect to any agreement with creditors shall be preserved.

9. Immediately upon entry by the Court of this Order the Oversight Board, as PREPA's representative in the Title III case, is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

10. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

SO ORDERED.

Dated:_____

                                                        _____
                                                        HON. LAURA TAYLOR SWAIN
                                                       United States District Judge