# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>*et al.*<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY ("PREPA")<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Re: 17-BK-3283-LTS, ECF Nos. 8789, 8838, 8850, 8886, 10307, 10607** |

**JOINT STATUS REPORT PURSUANT TO FEBRUARY 3, 2020 ORDER
SCHEDULING FURTHER STATUS CONFERENCE IN CONNECTION WITH
COBRA ACQUISITION LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF
<u>ADMINISTRATIVE EXPENSE CLAIMS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura T. Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and together with PREPA and the Oversight Board, the "Government Parties"), and Cobra Acquisitions LLC ("Cobra") (collectively, the "parties"), respectfully submit this joint informative motion pursuant to the Court's *Order Scheduling Further Status Conference in Connection with Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims*, dated February 3, 2020 (Docket Entry No. 10607) ("Second Stay Order"), which directed the parties to file a joint status report informing the Court of any updates with respect to the topics enumerated in the Court's *Order Granting Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims*, dated October 17, 2019 (Docket Entry No. 8886) ("Initial Stay Order").

The Initial Stay Order directed the parties to:

> (i) address[] the status of the pending criminal matter; (ii) address[] the status of FEMA's review of Cobra's contracts with PREPA; (iii) provid[e] a summary of potential factual disputes that the parties anticipate will need to be tried; (iv) propos[e] a consensual pretrial schedule for discovery and briefing; and (v) notify[] the Court of any additional issues pertaining to the Administrative Expense Motion that have arisen.

Initial Stay Order at 3.

On January 22, 2020, the parties filed a *Joint Informative Motion Pursuant to Order of October 19, 2019 regarding Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims* (Docket Entry No. 10307) ("January 22, 2020 Status Report").

The parties respectfully state as follows:

I. **Status of the Pending Criminal Matter**

Trial in the matter of *United States v. Tribble*, Case No. 19-CR-541-FAB (D.P.R.) is currently scheduled to begin on January 19, 2021. A motion to transfer venue to a district outside of Puerto Rico was filed on March 17, 2020, was opposed by the government, and remains pending. The parties have been ordered to file a joint motion no later than June 15, 2020 informing the court of the status of discovery and any other matters they wish to bring to the court's attention.

On March 10, 2020, Jovanda Patterson pleaded guilty to one count of 18 U.S.C. § 208(a), acts affecting a personal financial interest, pursuant to a plea agreement in which the government agreed to recommend probation.

II. **Status of FEMA's Review of Cobra's Contracts with PREPA**

The parties are unaware of any new developments with regard to the reasonable cost analysis FEMA is conducting pursuant to the Office of the Inspector General of the Department of Homeland Security's report entitled "FEMA's Eligibility Determination of Puerto Rico Electric Power Authority's Contract with Cobra Acquisitions LLC" (OIG-19-52), dated July 3, 2019. The most recent estimated completion date of the FEMA analysis provided by FEMA is May 29, 2020.

### III. Summary of Potential Factual Disputes Anticipated for Trial

#### A. Cobra

Cobra stands by its description of the potential factual disputes anticipated for trial set forth in the January 22, 2020 Status Report. Cobra further notes that interest is accruing on the amounts Cobra is owed by PREPA at the contractually-stipulated rate of 1% per month. Thus, the interest liability being accrued by PREPA on Cobra's entire $216 million claims is approximately $2 million per month. The interest liability on the $61,668,083.34 PREPA owes Cobra for reimbursement of taxes paid to Puerto Rico is accumulating at approximately $620,000 per month. This significant interest expense, which Cobra believes has already substantially exceeded the cost PREPA would incur to litigate its dispute with Cobra, is a postpetition expense that will ultimately be borne by PREPA and its creditors and cannot be discharged in connection with this Title III case.

Similarly, Cobra believes that there is no good faith factual dispute that the services Cobra performed on behalf of PREPA were "actual [and] necessary costs and expenses of preserving" PREPA during the Title III case. Cobra provided vital and critical services in restoring PREPA's power grid, thereby enabling PREPA to provide electricity to the people of Puerto Rico and generate the revenue necessary to operate and fund this Title III case. Thus, regardless of whether there is any merit to PREPA's assertions that certain discrete amounts invoiced by Cobra are inaccurate, Cobra believes that there can be no factual dispute that Cobra's services were actual and necessary expenses. If Cobra succeeds in demonstrating that all or part of its claims are entitled to administrative expense priority in this Title III case, which Cobra believes it will, PREPA must demonstrate it can satisfy Cobra's administrative expense claims, including the accruing interest liability, in order to confirm any plan of adjustment.

Thus, in Cobra's view, the accruing costs of interest on Cobra's claims necessarily will harm PREPA's other creditors by reducing their recoveries dollar-for-dollar and, given the magnitude of the claims, create additional uncertainty for PREPA and its stakeholders so long as the status of the claims remains unresolved. As Cobra has continually maintained, it is irrelevant and speculative if FEMA ultimately reimburses PREPA for these claims, as Cobra's contracts are with PREPA, not FEMA. In short, Cobra respectfully submits that the balance of harms between averting the interest expense incurred by PREPA and the prejudice to Cobra far outweighs what ultimately may be nominal discovery and litigation costs, particularly with respect to Cobra's claims for reimbursement of taxes paid to Puerto Rico.

### B. Government Parties

PREPA stands by its description of the potential factual disputes anticipated for trial set forth in the January 22, 2020 Status Report. PREPA has disputed hundreds of Cobra invoices with an aggregate face value in excess of $200 million. *See* January 22, 2020 Status Report at 6–7. These invoice disputes include billing for inaccurate headcounts, unauthorized work, incomplete or missing verification of work performed as billed, inaccurate demobilization billing, access mapping costs, inaccurate tax gross-up amounts and the merits of earned discounts taken by PREPA for promptly paid invoices. *See id.*

Cobra's contentions regarding the effect of alleged interest expense has very little to do with the factual dispute at hand. This Court recently ruled that "Cobra has not identified any interest of PREPA that is served by undergoing the transaction costs of discovery and litigation of aspects of the dispute prior to resolution of the criminal case and the FEMA Investigation."[2] Cobra

---

[2] *Memorandum Order Denying Cobra Acquisitions LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* [Docket Entry No. 13208], at *11.

now nonetheless argues that somehow PREPA is better served by lifting the stay and spending money and valuable management time litigating Cobra's claims at this critical time when PREPA is dealing with the challenges of the pandemic and transformation, for the ostensible purpose of saving interest on a claim that may never be paid. Cobra's most recent argument as well is unfounded. The stay in place in this action, of course, is not merely for the purpose of deferring the costs of litigation. Rather, the Court has found repeatedly that principles of fairness and efficiency warrant stay of the action pending conclusion of the FEMA investigation and the criminal trial, both of which may impact the facts and issues raised by Cobra's claims. Since nothing has changed since the last status conference regarding the reasons why the Court has ordered this action stayed, it should remain in effect.

 **IV.** **Consensual Pretrial Schedule for Discovery and Briefing**

  **A. <u>Cobra's Position</u>**

Cobra maintains the position set forth in the January 22, 2020 Status Report. Cobra recognizes that the Court has denied Cobra's contention that litigation of its claims should proceed forthwith, including in its *Memorandum Order Denying Cobra Acquisitions LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* (Docket Entry No. 2004). Cobra notes that, as explained above, the interest on the amounts PREPA owes Cobra is accumulating at a rate (over $2 million per month) that far exceeds the cost of proceeding with discovery, briefing and otherwise litigating Cobra's claims. The interest on Cobra's tax gross-up claim alone (accruing at approximately $620,000 per month) is costing PREPA more than the cost of litigating that issue.

Ignoring the Court's acknowledgement that the delay to the start of the criminal trial "constitutes a significant change in circumstances since the Court entered the Stay Orders" as

6

well as the Court's recognition that "PREPA's contractual arguments may well be strained," the Government Parties rotely invoke the same strained arguments again. Cobra has refuted each of those arguments.[3] Cobra submits that the June 3, 2020 status conference should include discussion of steps that can be taken presently to make progress toward resolution of Cobra's administrative claims.

### B. Government Parties' Position

The Government Parties submit that the Court should continue the stay in this matter. The reasons for continuing the stay and denying Cobra's attempts to compel payment of its alleged administrative expense claims have been addressed at length in the Government Parties' prior pleadings.[4] In sum, both the criminal matter and the FEMA analysis of the reasonableness of the amounts charged by Cobra continue to have the potential to significantly impact the merits and outcome of Cobra's administrative expense claims motion, and the Court should have the benefit of the results of those proceedings before moving forward with Cobra's motion. If FEMA, in its revised analysis, concludes Cobra's contract rates were not reasonable and issues a revised cost analysis that is less than the amounts charged by and paid to Cobra, (i) Cobra would be compelled to return the overpayments, and separately, (ii) Cobra's applicable invoices would not meet the requirements for administrative expense claims under Bankruptcy Code section

---

[3] *See, e.g., Cobra Acquisitions LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* [Docket Entry No. 12531] at 12-17; *Cobra Acquisitions LLC's Reply in Support of its Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* [Docket Entry No. 12752] at 7-14; *Cobra Acquisitions LLC's Opposition to the Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims* [Docket Entry No. 8850] at 6-15.

[4] *See e.g.*, *Joint Informative Motion Pursuant to Order of October 17, 2019 Regarding Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* [Docket Entry No. 10307] at 9–11, 13–14; *Opposition of the Oversight Board, AAFAF, and PREPA to Cobra Acquisition LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* [Docket Entry No. 12690] (the "Stay Modification Objection").

503. *See, e.g.*, Stay Modification Obj. at ¶¶ 35, 37. Similarly, to the extent Cobra's former president took the actions discussed in the Indictment, Cobra's contracts may well be vitiated pursuant to Puerto Rico law. *See, e.g.*, *id.* at ¶¶ 51–52. Accordingly, in regard to both the liability and the administrative expense priority inquiries that must be addressed, just as the Court found in the Initial Stay Order, "[s]ignificant factual and legal questions that could bear upon the Administrative Expense Motion will likely be addressed in connection with the anticipated criminal trial of Cobra's former president and two former Federal Emergency Management Agency ("FEMA") officials" and "FEMA's ongoing analysis of Cobra's contracts with PREPA similarly weighs in favor of a stay." Initial Stay Order at 2. Both of those conclusions remain true today.

Furthermore, PREPA would need discovery from Ellison and other former or current Cobra employees, which will likely be impeded if Ellison or others invoke the Fifth Amendment due to the pending criminal case, and certainly will prove duplicative of the criminal investigation.[5] The continued stay would address these issues.

In sum, notwithstanding Cobra's selective cites to this Court's *Memorandum Order Denying Cobra Acquisitions LLC's Urgent Motion To Modify The Stay Order And Allow The Undisputed Tax Claims* [ECF No. 2004] as quoted by Cobra above, this Court nonetheless concluded just six days ago that "Cobra has not demonstrated that there has been a material change warranting modification of the stay of litigation in connection with any aspect of the

---

[5] As discussed in prior pleadings, courts in this Circuit have regularly granted protective orders barring depositions in civil proceedings where a pending criminal case will require a witness to choose between incriminating himself and asserting his Fifth Amendment right which carries with it the potential for an adverse inference. *See Reply in Support of Joint Urgent Motion of The Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* [ECF No. 8864], at ¶ 19.

Administrative Expense Motion." ECF No. 2004 at 11. Thus, as there has been no material change in in the status of the criminal case or the results of the FEMA review as of the date hereof, the Government Parties urge the stay should remain in effect.

V. **Additional Issues Pertaining to the Administrative Expense Motion that have Arisen**

    A. **Cobra's Position**

Cobra is unaware of additional developments relating to its administrative expense motion beyond those it described in its *Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* (Docket Entry No. 12531).

    B. **Government Parties' Position**

The Government Parties are unaware of additional developments relating to the administrative expense motion beyond those it described in their Stay Modification Objection.

New York, New York
May 27, 2020

Respectfully submitted,

| | |
|---|---|
| **O'NEILL & BORGES LLC** | **REICHARD & ESCALERA, LLC** |
| | /s/ Rafael Escalera Rodríguez |
| By: /s/Hermann D. Bauer | Rafael Escalera Rodríguez |
| Hermann D. Bauer | USDC-PR No. 122609 |
| USDC No. 215205 | escalera@reichardescalera.com |
| 250 Muñoz Rivera Ave., Suite 800 | |
| San Juan, PR 00918-1813 | /s/Sylvia M. Arizmendi |
| Telephone: (787) 764-8181 | Sylvia M. Arizmendi |
| Facsimile: (787) 753-8944 | USDC-PR No. 210714 |
| Email: hermann.bauer@oneillborges.com | |
| | /s/ Alana Vizcarrondo-Santana |
| | Alana Vizcarrondo-Santana |
| **PROSKAUER ROSE LLP** | USDC-PR No. 301614 |
| | vizcarrondo@reichardescalera.com |
| By: /s/Paul V. Possinger | |
| Martin J. Bienenstock* | 255 Ponce de León Avenue |
| Paul V. Possinger* | MCS Plaza, 10th Floor |
| Ehud Barak* | San Juan, PR 00917-1913 |
| Gregg M. Mashberg* | Telephone: (787) 777-8888 |
| Eleven Times Square New York, NY 10036 | |
| Telephone: (212) 969-3000 | |
| Facsimile: (212) 969-2900 | |
| Email: mbienenstock@proskauer.com | |
| ppossinger@proskauer.com | |
| ebarak@proskauer.com | |
| gmashberg@proskauer.com | |
| | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| * admitted *pro hac vice* | |
| | /s/ Abid Qureshi |
| *Attorneys for the Financial Oversight and Management Board and as representative of the Puerto Rico Electric Power Authority* | Thomas P. McLish (*pro hac vice*) |
| | tmclish@akingump.com |
| | Scott M. Heimberg (*pro hac vice*) |
| | sheimberg@akingump.com |
| **DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.** | Allison S. Thornton (*pro hac vice*) |
| | athornton@akingump.com |
| By: /s/Katiuska Bolaños | 2001 K Street, N.W. |
| Katiuska Bolaños | Washington, DC 20006 |
| kbolanos@diazvaz.com | Tel: (202) 887-4000 |
| USDC-PR 231812 | |

| | |
|---|---|
| 290 Jesús T. Piñero Ave.<br>Oriental Tower, Suite 1105<br>San Juan, PR 00918<br>Tel. (787) 395-7133<br>Fax. (787) 497-9664 | Fax: (202) 887-4288<br><br>and<br><br>Ira S. Dizengoff (*pro hac vice*)<br>Philip C. Dublin (*pro hac vice*)<br>Abid Qureshi (*pro hac vice*)<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>*Attorneys for Cobra Acquisitions LLC* |
| *Co-Attorneys for Puerto Rico Electric Power Authority* | |
| **O'MELVENY & MYERS LLP** | |
| By: /s/*Nancy A. Mitchell*<br>John J. Rapisardi*<br>Nancy A. Mitchell*<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br>Email: jrapisardi@omm.com<br>        nmitchell@omm.com | |

* admitted pro hac vice

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*

**GREENBERG TRAURIG, LLP**

By: /s/*Joseph P. Davis*
Joseph P. Davis III*
davisjo@GTLAW.com
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 279- 8403

* admitted *pro hac vice*

*Co-Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority*

11