**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>　　　　as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>　　　　　　Debtors[1]. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>　　　　as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>　　　　　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 04780-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## SUPPLEMENTAL ORDER ON DISCOVERY

### I. INTRODUCTION

The Court has received and reviewed the *Joint Status Report Regarding Discovery* (Dkt. No. 2007 in 17-BK-4780; Dkt. No. 13218 in 17-BK-3283) (the "Joint Status Report") submitted by PREPA and UTIER in accordance with this Court's *Order on Motion for Protective Order* dated May 18, 2020 (Dkt. No. 1995[2]) (the "May 18 Order"). Therein, the parties represent that they have been unable to resolve all their discovery disputes in connection with PREPA's Motion to Assume.[3] For the reasons detailed herein, the Court sustains PREPA's objections to UTIER's written discovery requests and finds that no additional discovery is warranted at this time. The Court also finds that UTIER has not shown a specific need for a deposition, and the revised deposition notice served on May 25, 2020 is quashed.

### II. SUPPLEMENTAL DISCOVERY SINCE THE MAY 18 ORDER

The relevant background to this dispute is detailed in the May 18 Order and the Court incorporates the May 18 Order in its entirety. In the May 18 Order, the Court limited discovery in connection with the Motion to Assume to three topics:

1. Documents reflecting the procedures followed by PREPA in negotiating and deciding whether to assume the Contracts.

2. Documents reflecting the factors considered by PREPA in deciding whether to assume the Contracts.

---

[2] Unless otherwise noted, all docket entry numbers will refer to Case No. 17-BK-4780.

[3] Capitalized terms not defined herein shall have the meanings given to them in the May 18 Order and the Joint Status Report.

2

    3. Documents reflecting PREPA's analysis of the factors it considered in deciding whether to assume the Contracts.

(May 18 Order at 13-14). In accordance with the May 18 Order, UTIER propounded revised discovery requests upon PREPA, including 23 interrogatories and 16 document requests. (Joint Status Report ¶ 9). On May 22, 2020, PREPA served its supplemental document production, which included "the non-privileged documents submitted by PREPA to PREPA's Governing Board, the Oversight Board, the Puerto Rico Public-Private Partnership Authority ("P3A") and PREB." (Id. ¶ 11). The parties agree that "[p]ursuant to applicable law, these governmental entities are required to approve the relevant transactions before PREPA can proceed with contract execution." (Id.). On May 23, 2020, PREPA served its Responses to UTIER's Revised Discovery Requests. (Id. ¶ 12). On May 25, 2020, UTIER served a revised notice for a Rule 30(b)(6) deposition of PREPA for June 1, 2020. (Id. ¶ 14).

### III. ANALYSIS

#### A. Written Discovery

The Court has carefully reviewed PREPA's responses to UTIER's revised document requests and interrogatories. As explained in the May 18 Order, regardless of the standard of review the District Court applies to the merits of the Motion to Assume, UTIER is not entitled to discovery outside the factors considered by the relevant regulatory agencies, namely PREPA's Governing Board, the Oversight Board, PREB, and the P3A Authority. (See May 18 Order at 13, explaining that even if the District Court applies the balancing of the equities test, "the interests considered have been defined by reference to the interests the regulatory agency is tasked with representing."). PREPA has provided to UTIER all the non-privileged information that it

3

provided to the regulatory agencies that assessed PREPA's proposal to assume the Contracts. These documents, which PREPA describes in the Joint Status Report, include a presentation to PREPA's Governing Board that provides "an overview of the negotiations, key terms of the [Contracts], savings projections, and examination of alternative scenarios considered," a "Justification Memo" that details the bases for the Project Management Office's recommendation that the PREPA Governing Board accept the Contracts, PREPA's submission to the Oversight Board that includes PREPA's responses to the Oversight Board's contract questionnaire for each of the Contracts, reports prepared by outside consultants that include financial modeling and cost savings calculations as well as alternative options to contract renewal, a presentation to PREB that explains PREPA's contract negotiations strategy and the alternative scenarios considered, and several other reports and assessments that the relevant regulatory agencies considered in reviewing the Contracts. (See id. ¶ 37). The documents and substantive interrogatory answers appear to give a full description of the procedures PREPA followed in negotiating and deciding whether to assume the Contracts, the factors PREPA considered in deciding whether to assume the Contracts, and PREPA's analysis of those factors in deciding whether to assume the Contracts.

PREPA objected to four document requests and one interrogatory as going beyond the scope of the permissible topics. (See id. ¶ 39). This Court has carefully reviewed PREPA's objections to Interrogatory I.A.2, and Document Requests I.B.4, I.B.7, III.A.4 and III.A.5. The objections are sustained. These requests are not related to any of the three permissible discovery topics. They also go well beyond what UTIER needs to support its objections to "the process PREPA elected to follow, as well as its contention that PREPA failed to consider policies

it was obligated to consider and/or more favorable alternatives." (May 18 Order 13). For example, but without limitation, Document Request III.A.4 seeks "[a]ll documents and communications regarding the ownership rights of the EcoElectrica LNG Terminal." UTIER has not linked this request to any of the permissible discovery topics, and the ownership rights of the EcoElectrica LNG Terminal are the sort of "granular discovery" that "exceeds the appropriate inquiry in connection with the Motion to Assume[.]" (Id. 12). Similarly, Document Request I.B.4 requests "all documents and communications concerning a competitor's interests in replacing Naturgy as PREPA's LNG supplier." Again, this request for documents concerning a competitor's interests is beyond the scope of permissible discovery, and the Court can discern no reason why UTIER needs this information to challenge the Motion to Assume.

PREPA argues that UTIER's request for "all documents and communications" is overbroad, and, accordingly, it "has not searched through or produced emails in order to respond to the Revised Discovery Requests." (Joint Status Report ¶¶ 33, 42-44, 46). PREPA argues that "it would be unduly burdensome and disproportionate to the needs of this matter to require PREPA to collect and review emails for the sole purpose of logging privileged documents that exist apart from the submissions to the PREPA Governing Board, Oversight Board, PREB, and P3A PREPA produced." (Id. ¶ 46). The Court agrees. The documents PREPA has produced appear to provide a comprehensive picture of the process PREPA engaged in and the factors it considered in deciding to assume the Contracts. (See id. ¶ 37). Indeed, the materials provided to UTIER are the same as those submitted to and required by the PREPA Governing Board, PREB, the Oversight Board, and P3A. (Id.). This information is sufficient for UTIER to oppose the Motion to Assume, regardless of the standard of review the District Court

5

applies. Moreover, this Court notes that PREPA has provided substantive responses to the interrogatories, addressing directly UTIER's questions about the process followed and reasons for PREPA's decisions, among other things.

UTIER, for its part, argues that PREPA's use of blanket objections to the requests as unduly burdensome and privileged is inappropriate. (Joint Status Report ¶¶ 27-29). The Court agrees that these rote objections are overused and inappropriate, and cautions PREPA that this is not a practice to be repeated in the future. PREPA has, however, provided substantive responses to the interrogatories, and has directed UTIER to the documents responsive to each document request. Accordingly, the Court finds that PREPA's rote objections, while inappropriate, do not affect the outcome of any specific discovery dispute in this matter.

Relatedly, UTIER argues that PREPA has failed to provide a privilege log with respect to the documents it has withheld on privilege grounds. (Id. ¶ 28). While its objection is understandable given PREPA's repeated objection on the grounds of privilege, PREPA has explained that it only withheld two documents on the basis of privilege. These documents were identified in an index provided to UTIER on May 22, 2020. (Id. ¶ 45). Accordingly, no further supplementation of the privilege log is needed.

UTIER also argues that PREPA's document production is deficient because it has identified meetings conducted as part of the negotiation process for the Contracts but has failed to provide documents and communications related to those meetings. (Id. ¶ 30). Similarly, UTIER argues that PREPA has withheld documents concerning statements made by Naturgy and P3A's waiver of the competitive bidding process although it referenced such statements in the answers to interrogatories. (Id. ¶¶ 31-32). UTIER has not fully developed

6

these arguments, but the Court finds that, if such documents exist, they are outside the scope of discovery needed for UTIER to challenge PREPA's decision to assume the Contracts. As explained above, the Court finds email communications disproportionate to the needs of this matter. Moreover, any documents related to the meetings identified by PREPA, or underlying the statements of Naturgy and/or P3A would be substantively duplicative of the materials PREPA already produced. Furthermore, UTIER does not need such documents to challenge the process PREPA followed or the factors is considered in reaching its decision to assume the Contracts. UTIER is not entitled to recreate all of the evidence PREPA had when it decided to assume the Contracts.

### B. Deposition

The parties also dispute whether a Rule 30(b)(6) deposition of PREPA is necessary. PREPA argues that the deposition notice is untimely since, although it was initially served on April 14, 2020, UTIER did not mention seeking deposition testimony when it served revised discovery requests on May 19th, or in two subsequent meet and confer letters. PREPA contends that the initial deposition notice was superseded by the May 18 Order and UTIER did not serve the revised deposition notice until May 25, 2020. (Id. ¶¶ 47-48). The revised deposition notice is not attached to the Joint Status Report.

It does not appear that the deposition notice is untimely, although there was apparently a miscommunication as to whether UTIER was going to pursue its initial request. Nevertheless, UTIER has not identified any specific need for deposition testimony. Given the information contained in the documents which were produced, as well as the answers to interrogatories, the Court finds that a deposition is not necessary to address the permissible discovery topics.

Therefore, this Court will exercise its discretion to quash UTIER's Rule 30(b)(6) deposition notice.

## IV. **CONCLUSION**

For the reasons detailed herein, the Court finds that no additional discovery needs to be provided in connection with the Motion to Assume. PREPA's objections to UTIER's revised interrogatories and document requests are sustained.

SO ORDERED.

Dated: May 27, 2020

/s/ Judith Gail Dein
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE