# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>**Re ECF Nos.: 12569, 12570, 12964** |
| THE COMMONWEALTH OF PUERTO RICO and PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br>    Movants,<br>    -v-<br>AMBAC ASSURANCE CORPORATION,<br>    Respondent. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

**INFORMATIVE MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD RELATING TO REPLY IN SUPPORT OF MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 362 FOR ORDER DIRECTING AMBAC TO WITHDRAW COMPLAINT**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and collectively with the Commonwealth, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] hereby submits this informative motion relating to the Oversight Board's *Reply in Support of Motion of Financial Oversight and Management Board Pursuant to Bankruptcy Code Sections 105(a) and 362 for Order Directing Ambac to Withdraw Complaint*, Case No. 17 BK 3283-LTS [ECF No. 13251] and Case No. 17-BK 3567-LTS [ECF No. 822], filed on May 27, 2020 (the "Reply"), and state as follows:

1. After filing the Reply, counsel for the Oversight Board was advised by counsel for Autopistas Metropolitanas de Puerto Rico, LLC ("Metropistas") that, without verifying any of Ambac Assurance Corporation's ("Ambac") allegations, certain allegations made by Ambac in its complaint styled *Ambac Assurance Corporation v. Autopistas Metropolitanas de Puerto Rico, LLC*, Civil No. 3:20-cv-01094, filed on February 19, 2020 with the United States District Court for the District of Puerto Rico (the "Complaint"),[3] and referenced in the Reply, were clearly

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] A true and correct copy of the Complaint is attached as Exhibit B to the *Motion of Financial Oversight and Management Board Pursuant to Bankruptcy Code Sections 105(a) and 362 for Order Directing Ambac to Withdraw Complaint*, Case No. 17-3283-LTS [ECF No. 12569] (the "Motion").

2

outdated. In the interest of completeness, and because some of those allegations were referenced in the Reply, the Oversight Board seeks to inform the Court of the updated circumstances.

2. First, counsel for Metropistas informed the Oversight Board that Metropistas already made the additional $15 million payment to HTA, as contemplated by the Concession Extension Agreement (as defined in the Motion, *see* ¶ 8). Certain portions of the Reply imply that such payment is still outstanding; however, the Oversight Board wants to inform the Court this payment has already been made. Therefore, should the Concession Extension Agreement be rescinded, Metropistas could claim a return of that money from HTA to put it back in the position it was in before the agreement was created.

3. Second, the Concession Extension Agreement contemplated that Metropistas would make investments in new tolling gantries. Although the Complaint does not allege the tolling gantries have been completed, according to counsel for Metropistas, such tolling gantries have already been built. Further, as per the terms of the Concession Extension Agreement, Metropistas now continues to maintain them. Because certain portions of the Reply reference the tolling gantries, the Oversight Board believes the Court should be apprised of this information. Should the Concession Extension Agreement be rescinded, Metropistas may have a claim for the removal of, or cease to maintain, the gantries. In addition to the foregoing, counsel for Metropistas informed the Oversight Board that Metropistas continues to be obligated to share 30% of its toll revenues associated with the new tolling gantries with HTA, as defined and provided for in the Concession Extension Agreement. As explained in the Reply (¶ 8), the rescission of the Contract Extension Agreement would require HTA to give up this source of revenues. The corrected facts change the nature of, but do not eliminate Ambac's violations of the automatic stay set forth in

Bankruptcy Code section 362 or provide Ambac with standing to assert any of the claims alleged in the Complaint (including its unjust enrichment claim).

Dated: May 29, 2020
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis F. del Valle-Emmanuelli*
USDC-PR No. 209514
P.O.Box 79897
Carolina, Puerto Rico 00984-9897
Tel: 787-64703503
Email: dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: 787-751-6764/763-0565
Fax: 787-763-8260

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Jeffrey W. Levitan
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

>*/s/ Luis F. del Valle-Emmanuelli*
>Luis F. del Valle-Emmanuelli