# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Movant,<br><br>v.<br><br>WINDMAR RENEWABLE ENERGY,<br><br>    Respondent. | **Re: ECF Nos. 1951, 2010** |

**URGENT MOTION TO STRIKE
WINDMAR'S UNAUTHORIZED SUR-REPLY
TO PREPA'S OMNIBUS REPLY TO OBJECTIONS
TO PREPA'S URGENT MOTION FOR ENTRY OF AN ORDER
AUTHORIZING PREPA TO ASSUME CERTAIN CONTRACTS WITH
<u>ECOELÉCTRICA, L.P. AND GAS NATURAL APROVISIONAMIENTOS SDG, S.A.</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as the representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") in its Title III case pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), striking *Windmar's Surreply to PREPA's Omnibus Reply to Objections to PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume Certain Contracts with EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* ("Windmar's Sur-Reply") [ECF No. 2010] to the extent it exceeds the permissible scope of this Court's *Order Regarding Sur-Replies in Connection with PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume Certain Contracts with EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* (the "Sur-Reply Order") [ECF No. 2003]. In support of this Urgent Motion, Movant respectfully states as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Puerto Rico (the "Court") has subject-matter jurisdiction over this matter pursuant to PROMESA § 306(a).

2. Venue is proper pursuant to PROMESA § 307(a).

**Background**

3. Paragraph III.L. of the *Eleventh Amended Notice, Case Management and Administrative Procedures* [ECF No. 11885-1 in Case No. 17-3283] ("Case Management

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1

Procedures") states, "[s]ur-replies shall not be permitted or considered unless authorized by the Court."

4. On April 1, 2020, PREPA filed its Motion to Assume. The Oversight Board, at the request of Unión de Trabajadores de la Industria Eléctrica y Riego Inc. ("UTIER"), agreed to a short extension of the briefing schedule on the Motion to Assume. *See* ECF No. 1958. The Court granted the extension, setting May 18, 2020 as the deadline for the Oversight Board to file a reply and setting a hearing on the motion for June 3, 2020 at 9:30 a.m. (AST) [ECF No. 1960].

5. On April 27, 2020, UTIER, together with certain environmental advocacy groups, filed an objection [ECF No. 1974] and Windmar Renewable Energy ("Windmar") filed its objection [ECF No. 1973] to the Motion to Assume.

6. On May 18, 2020, the Oversight Board filed *PREPA's Omnibus Reply to Objections to PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume Certain Contracts with EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* ("Omnibus Reply") [ECF No. 1997].

7. Windmar contends that on May 21, 2020 it joined a letter submitted by UTIER requesting to "meet and confer" on the "issue of ripeness of PREPA's motion for assumption." Windmar Sur-Reply at 4. Windmar further contends that in the same letter it gave notice of its intent to ask permission to file a sur-reply. *Id.*

8. On May 21, 2020, this Court, acting *sua sponte*, ordered Windmar and others to file a sur-reply "not exceeding six (6) pages in total, and in response to the standing arguments raised in the Reply." Sur-Reply Order at 2.

9. On May 27, 2020, Windmar submitted a single ECF filing [ECF No. 2010] containing two separate sur-replies with the same title. The first consists of nine pages on issues

2

outside the scope of the sur-reply granted by this Court (the "<u>Unauthorized Sur-Reply</u>"). The second consists of six pages and addresses primarily the issue of standing (the "<u>Standing Sur-Reply</u>").

**Relief Requested**

10. PREPA respectfully requests the Court to strike the Unauthorized Sur-Reply because (1) it is procedurally improper; (2) the issues addressed in the Unauthorized Sur-Reply are not new issues raised for the first time in PREPA's reply; and (3) PREPA, as the movant, is entitled to the last word on the Motion to Assume.

11. *First*, the Court's directives relevant to the filing of a sur-reply in these circumstances are clear: the Case Management Procedures permit sur-replies only to the extent authorized (¶ III.L.), and the Sur-Reply Order (at 2) authorized a six page sur-reply solely with respect to the issue of standing. In filing the Unauthorized Sur-Reply, Windmar elected to simply disregard these orders. At a minimum, and before unilaterally filing a sur-reply briefing whichever issues Windmar deemed appropriate, Windmar should have (1) complied with Paragraph I.H of the Case Management Procedures and requested to confer with the Oversight Board regarding a second sur-reply, and (2) sought leave of the court to submit a sur-reply beyond the scope of the Sur-Reply Order. Windmar did not do either.[2] Moreover, the Oversight Board's communications with UTIER to this effect did not involve Windmar, which perhaps explains why Windmar was

---

[2] The single sentence in the Standing Sur-Reply requesting authorization for Windmar to file a "further surreply to PREPA's reply" [ECF 2010 at 18] does not meet these procedural requirements. However, to the extent the Court chooses to credit this request as a motion for leave to file the Unauthorized Sur-Reply, the Oversight Board requests the Court treat this Urgent Motion as an opposition thereto.

3

not aware that the Oversight Board did not agree to UTIER's request to file a sur-reply. *See* ECF No. 2013 ¶ 9.

12. *Second*, Windmar has already had an opportunity, in opposition, to address the matters it again addresses in the Unauthorized Sur-Reply, including: the legal standard applicable to the motion (Section II), whether the Motion to Assume is ripe (Section III), and whether the new contracts require court approval and the wisdom of seeking approval at this juncture (Section IV). The Court identified and *sua sponte* authorized a filing on the sole legal issue that Windmar had not previously had an opportunity to address (because the Oversight Board could not possibly address in its moving papers the standing of a party that had not objected). The opportunity to present a sur-reply on other matters, for a second time, is not warranted. *DL v. D.C.*, 109 F. Supp. 3d 12, 34 (D.D.C. 2015) (sur-replies are generally only granted "when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading.") (citing *Doe v. Exxon Mobil Corp.,* 69 F.Supp.3d 75, 85 (D.D.C. Sept. 23, 2014)).

13. *Third*, Windmar's submission of the Unauthorized Sur-Reply is nothing more than a strategic effort to have the last word in this matter. However, as the movant, PREPA is entitled to the last word here. *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *2 (N.D. Tex. Nov. 6, 2015) ("Surreplies and other filings that serve the purpose or have the effect of a surreply are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter."). Sections V and VI of the Unauthorized Sur-Reply are mere commentary on PREPA's last filing in support of the Motion to Assume. But Windmar's desire

4

to respond further to PREPA's arguments in support of its motion is not a basis to permit further pleadings.

14. *Fourth*, the Unauthorized Sur-Reply is particularly inappropriate in light of its clear gamesmanship. There is no reason Windmar could not have moved for leave for a Sur-Reply ten days ago when PREPA's omnibus reply was filed. Instead, Windmar waited until the Standing Sur-Reply was due to submit a redundant sur-reply on other issues and then presented this Unauthorized Sur-Reply as a lead filing that attached the authorized Standing Sur-Reply (with its cursory request for authority to file the main brief). Even if stricken, Windmar is clearly hoping that a bell once rung cannot be unrung. Such tactics should not be rewarded.

15. In sum, the Court should not enable Windmar to set a precedent whereby a litigant can act in clear disregard of the Court's Sur-Reply Order and Case Management Procedures for the purpose of making arguments at the eleventh hour on matters they have already had the opportunity to address.

16. For the foregoing reasons, the Oversight Board respectfully requests that this Court strike the Unauthorized Sur-Reply.

17. Finally, no prior request for the relief sought in this Urgent Motion has been made to this or any other court.

**CERTIFICATION**

18. Pursuant to Section I.H. of the *Eleventh Amended Notice, Case Management and Administrative Procedures* [ECF No. 11885-1 in Case No. 17-3283], undersigned counsel certifies that it engaged in reasonable, good-faith communications with counsel to Respondents regarding the request to strike. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies that counsel has carefully examined the matter and concluded that

5

there is a true need for expedited consideration of the Urgent Motion, and that the Debtor has not created the urgency through lack of due diligence on its part.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtor respectfully requests the Court enter the Proposed Order attached as **Exhibit A**, striking the Unauthorized Sur-Reply and granting all other relief as is just and proper.

| | |
|---|---|
| Dated: May 29, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Paul V. Possinger*<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Paul V. Possinger (*pro hac vice*)<br>Ehud Barak (*pro hac vice*)<br>Daniel S. Desatnik (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>mbienenstock@proskauer.com<br>ppossinger@proskauer.com<br>ebarak@proskauer.com<br>ddesatnik@proskauer.com<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Puerto Rico Electric Power Authority*<br><br>**DEL VALLE EMMANUELLI LAW OFFICES**<br><br>Luis F. del Valle Emmanuelli<br>PO Box 79897<br>Carolina, PR 00984-9897<br>Tel: (787) 977-1932<br>Fax: (787) 722-1932<br>devlawoffices@gmail.com<br>*Co-Attorneys for the Financial Oversight and Management Board as Representative for PREPA* |

7

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli