# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>No.  17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No.  17 BK 4780-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Re: ECF No. 1951, 2013**

PUERTO RICO ELECTRIC POWER AUTHORITY,

      Movant,

v.

UNIÓN DE TRABAJADORES DE LA INDUSTRIA ELÉCTRICA Y RIEGO, INC.,

      Respondent.

**PREPA'S OPPOSITION TO UTIER'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PREPA'S OMNIBUS REPLY TO OBJECTIONS TO PREPA`S URGENT MOTION FOR ENTRY OF AN ORDER AUTHORIZING PREPA TO ASSUME CERTAIN CONTRACTS WITH ECOELÉCTRICA, L.P. AND GAS NATURAL APROVISIONAMIENTOS SDG, S.A.**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[1] respectfully submits this opposition (the "Opposition") to the *Motion for Leave to File Sur-Reply to PREPA's Omnibus Reply to Objections to PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume Certain Contracts With Ecoelectrica, L.P., and Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 2013] (the "Motion for Leave"), filed by Unión de Trabajadores de la Industria Eléctrica y Riego, Inc. ("UTIER"). In support of the Opposition, PREPA respectfully states as follows: [2]

1.     The Motion for Leave should be denied and UTIER should be directed to file an excerpt of the sur-reply attached as Exhibit A to the Motion for Leave limited to the issue of standing and not exceeding six pages.

2.     As UTIER recognizes, the circumstances in which a sur-reply may be appropriate are limited to circumstances where "a party has not had the opportunity to contest matters introduced for the first time in the opposing party's reply."  Motion for Leave ¶ 11.  This Court has already identified the sole matter that meets this criterion—whether UTIER has standing to object to the Motion to Assume—and permitted UTIER leave to file a sur-reply of no more than six pages on that issue.  [ECF No. 2003] ("Sur-Reply Order").  Contrary to UTIER's assertions, there is no other appropriate basis to authorize a sur-reply to *PREPA's Omnibus Reply to*

---

[1]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning given to them in *PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume Certain Contracts With EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG. S.A.* [ECF No. 1951] (the "Motion to Assume").

*Objections to PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume*

*Certain Contracts with EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.*

("Omnibus Reply") [ECF No. 1997].  There are no "new arguments" presented by PREPA in the

Omnibus Reply, no "new issues brought by PREPA . . . in the discovery," and no grounds to hold

the Motion to Assume in abeyance.  *Contra* Motion for Leave ¶¶ 1, 3, 9, 13.

3.     UTIER argues that it requires leave to sur-reply with respect to two jurisdictional

issues.  Motion for Leave ¶¶ 12-13.  The first, standing, UTIER already has permission to address

in a six-page sur-reply.  [ECF 2003].  The second, ripeness, UTIER already addressed at length in

its opposition to the Motion to Assume [ECF No. 1974] ("Assumption Opposition").  *See Id.* at

Section I.  There is nothing "new" about UTIER's (incorrect) argument that the Motion to Assume

is premature.  UTIER's desire to respond to PREPA's reply on this issue is nothing more than a

transparent effort to get in the last word.  But as the movant, PREPA enjoys that entitlement.  *Lynch*

*v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *2 (N.D. Tex. Nov. 6, 2015)

("Surreplies and other filings that serve the purpose or have the effect of a surreply are highly

disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a

matter.").[3]

4.     UTIER's argument that it requires leave to address new issues that only arose in

recent discovery (Motion for Leave ¶¶ 14-15) is inconsistent with the record.   UTIER's

Assumption Opposition raised at length objections relating to antitrust law and the lack of

competitive bidding.  Assumption Opposition ¶¶ 23, 31, 140-153, 163-69.  Moreover, the majority

of documents that UTIER now seeks to enter into the record through sur-reply were provided to

---

[3]     Although not raised in the Motion for Leave, UTIER's proposed sur-reply also attempts to take a second bite at the
novation apple.  Motion for Leave, Exhibit A at Section III.  Again, there is nothing "new" about this argument, which
UTIER already had the opportunity to address, and did address, in its Assumption Opposition.  *See* Assumption
Opposition, Section II.

UTIER weeks in advance of the due date for its opposition, yet it elected not to include use them to support its Assumption Opposition.[4]   A sur-reply is not the appropriate vehicle to revisit and rehash arguments that were previously made, or could have been made, in opposition.

5.      Indeed, UTIER's argument that it needs an expanded sur-reply to address new issues from the Omnibus Reply is mere pretext; UTIER's primary motivation for seeking leave is the desire to add a new argument (and again, one that they could have made in opposition) that there is a "pressing need to hold this contested matter in abeyance" pending UTIER's efforts to undo the decision of PREPA's regulator, the Puerto Rico Energy Bureau ("PREB"), to approve the contracts at issue.  *See* Motion for Leave, Exhibit A at ¶ 1.  This delay tactic must be rejected.

6.      *First*, although PREPA wishes to enjoy and to pass along to ratepayers the benefits and cost reductions that will be realized under the amended Contracts, in the interests of accommodating Movants, PREPA already agreed to adjourn the Motion to Assume from the April 22, 2020 omnibus hearing to the upcoming June 3, 2020 omnibus hearing.  In the interim, PREPA voluntarily provided UTIER with non-confidential materials concerning the approval process that proceeded before PREB, and later provided further discovery in response to written document requests and interrogatory responses related to the procedures followed by PREPA in negotiating and deciding whether to assume the ARAs, the factors considered by PREPA in deciding whether to assume the ARAs, and PREPA's analysis of the factors it considered in deciding whether to assume the ARAs.  That discovery is now complete.  [ECF No. 1995].  Any additional delay before

---

[4]   While these documents were initially produced in redacted form, the statements quoted from Exhibits B, C and E to UTIER's proposed sur-reply were available in the redacted versions produced on April 13, 2020—two weeks prior to the date UTIER's opposition was due on April 27.  Indeed, a redacted version of Exhibit B has been available on PREB's website since December 12, 2019.  https://energia.pr.gov/en/dockets/?docket=nepr-ap-2019-0001.   An unredacted version of the Sargent & Lundy report (Exhibit C), which provides a thorough explanation of the proposed transaction, has been available since January 23, 2020 on PREPA's SharePoint for the Integrated Resource Plan. UTIER had the unredacted version in its possession and relied on it in its Assumption Opposition.  *See* Assumption Opposition, Exhibit 2 at 28 *et seq.*

PREPA's Motion to Assume is heard is not warranted and would prejudice PREPA (and would delay cost reductions that will reduce ratepayer electric bills).

7.      *Second*, PREPA's Omnibus Reply was filed on May 18, 2020.  UTIER provides no explanation as to why it did not seek leave to file a sur-reply ten days ago when the reply was filed. Instead, its effort to inject additional arguments and introduce new evidence into the record at the eleventh hour—to which PREPA would be entitled to respond—is in an attempt to further prolong a hearing on the Motion to Assume in service of its newly announced goal to seek an adjournment of the hearing.

8.      *Third,* rather than first seek leave to file a sur-reply before fully briefing their additional arguments—as has been the practice in these Title III cases—UTIER disregarded the Court's Sur-Reply Order and briefed their proposed sur-reply on other issues that UTIER wished to address.  UTIER likely did so with the hope that, even if stricken, a bell once rung cannot be unrung.  UTIER's tactics should not be rewarded.

9.      In sum, the Court should not enable UTIER to set a precedent whereby a litigant can act in clear disregard of the Court's Sur-Reply Order for the purpose of making arguments at the eleventh hour on matters they have already had the opportunity to address or already addressed.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, PREPA respectfully requests the Court deny UTIER's Motion for Leave
and direct UTIER to file an excerpt of the sur-reply attached as Exhibit A thereto only to the extent
that it (1) addresses the issue of standing; and (2) is limited to six pages or less.

Dated: May 29, 2020
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Paul V. Possinger*

Martin J.  Bienenstock (*pro hac vice*)
Paul V.  Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Daniel S.  Desatnik *(pro hac vice)*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth of Puerto Rico and the Puerto
Rico Electric Power Authority*

**LUIS F. DEL VALLE-EMMANUELLI**

By: */s/  Luis F.  Del Valle-Emmanuelli*
By: Luis F.  del Valle-Emmanuelli
USDC-PR No.  209514
P.O.  Box 79897
Carolina, Puerto Rico 00984-9897

*Co-Attorney for the Financial Oversight and
Management Board as representative of the
Debtor*

5