**Exhibit B**
**Certified English Translation**

A) UNDER A SUSPENSIVE CONDITION

When the obligation has been subjected to a suspensive condition, according to Article 1,114 of the Civil Code, the acquisition of rights will depend on the event constituting the condition. The conditional creditor is the holder of an eventual right. The rendering that the obligation consists of is not enforceable, but is attributed a certain protection.

As a consequence of the above, the Code states that the payment made before the condition is met can be repeated by the debtor (Art. 1,121, p. 2). This payment will be subject to the rules for collection of improper debts, if the debtor erred regarding the existence or fulfillment of the condition (Art. 1,895).

The conditional creditor benefits from a certain legal protection. Article 1,121 states that they may "exercise the appropriate action to preserve their right prior to the fulfillment of the conditions." These protective actions for the conditional creditor, which the Code does not typify, are very broad and up to the court's discretion.

Even prior to the condition being fulfilled, the conditional debtor bears certain specific duties: to diligently preserve the things that are owed (1,122 - 2nd and 4th), and to not behave in a way that influences the fulfillment of the condition or impede it (Art. 1,119).

When the suspensive condition on which the full effect of the obligatory relationship depended is fulfilled, the obligation is purified, and all of its effects are triggered. As a general rule, it is understood that the effects determined by the fulfillment of the condition are retroactive to the moment when the obligation was created. The Code says that "the effects of a conditional obligation to give, once the condition is fulfilled, are retroactive to the day when it was constituted" (Art. 1,120). With respect to obligations to do or to not do, the Code is limited to stating that "the Courts will determine, in each case, the retroactive effect of the fulfilled condition" (Art. 1,120, *in fine*).

As to the fruits and interest, as a general rule there is no retroactivity. If the obligation is synallagmatic, the fruits and interest are deemed to compensate each other for the time in which the condition was pending. If unilateral, the debtor will make the fruits and interest earned theirs, unless by the nature and circumstances of the condition, it should be inferred that the will of the one that constituted it was different (Art. 1,120, p. 1.).

In Article 1,122, the Civil Code pays special attention to cases of obligations to *give*, while the condition depended on is pending:

1. *Deterioration of the items owed*. If they are fortuitous, the creditor will cover them. If they are the fault of the debtor, the creditor may choose between resolving the obligation or demanding its fulfillment, with the compensation of damages and losses in both cases.

2. *Improvements made to the things owed*. If the improvements are the work of nature or time, they remain in favor of the creditor. If they have been made by the debtor and at their expense, they have the same right as a usufructuary (Arts. 487-488).

3. *The supervening impossibility of performance*. If the impossibility is fortuitous or not due to either party's fault, the debtor is released, and the obligation is extinguished. If the impossibility is the fault of the debtor, the debtor is obligated to reimburse losses and damages.

The supervening impossibility that the Civil Code refers to is the loss of the thing owed, clarifying that "it is understood that the thing is lost when it perishes, is not in commerce or disappears so that its existence is ignored or cannot be recovered." There will also be a supervening impossibility when the debtor, pending the condition, disposes of the thing to a third party in good faith.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*29/MAY/2020 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



T 718.384.8040
W TargemTranslations.com
E projects@targemtranslations.com
A 185 Clymer St. Brooklyn, NY 11211

**TRANSLATOR'S CERTIFICATE OF TRANSLATION**

Translation from: Spanish (Puerto Rico) into English (US)
TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: SISTEMA DE DERECHO CIVIL - VOL. II - LUIS DIEZ PICAZO - PDF 2

Signed this 29th day of May 2020

_____
Andreea I. Boscor

American Translators Association
ata
Andreea Boscor
Spanish into English
Certification #525556
Certified Translator
Verify at www.atanet.org/verify

