UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered)<br><br>Re: ECF No. 12918 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Debtor. | PROMESA<br>Title III |

**JOINT STIPULATION AND ORDER REGARDING
ATLANTIC MEDICAL CENTER, INC., ET AL.'S MOTION
<u>FOR RELIEF FROM THE AUTOMATIC STAY (ECF NO. 12918)</u>**

The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), in its capacity as representative of the Commonwealth of Puerto Rico (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. § 2101 *et seq.* ("PROMESA"), and Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castañer, Inc. (collectively, the "Health Centers"), by and through their respective attorneys, hereby stipulate and agree as follows:

**Recitals**

A. In March 20, 2006, the Health Centers and other federally qualified health centers filed an action[2] (the "Prepetition Action") in the United States District Court for the District of Puerto Rico (the "District Court") seeking, among other things, injunctive relief requiring the Commonwealth to make supplemental wraparound payments pursuant to 42 U.S.C. § 1396a(bb). Plaintiffs in the Prepetition Action alleged that the Commonwealth failed to pay wraparound payments pursuant to the statutory formula and that it had also failed to make such payments within the period required by Medicaid (42 U.S.C. § 1396). The Prepetition Action was consolidated with three other actions filed by other federally qualified health centers.[3]

B. On November 8, 2010, the District Court in the Prepetition Action entered the *Order and Preliminary Injunction* [Case No. 06-1260-GAG, ECF No. 743], which was supplemented by the *Order*, dated June 5, 2015 [Case No. 03-1640-GAG, ECF No. 674]

---

[2] *Atlantic Medical Center, Inc., et. al. v. The Commonwealth of Puerto Rico, et. al.*, Case No. 06-1291 (March 20, 2006)

[3] *Rio Grande Community Health Center, Inc. v. Rullan*, Case No. 03-1640 (D.P.R. June 6, 2003), *Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Hon. Rosa Perez-Perdomo, Sec'y, Dep't of Health, Commonwealth of Puerto Rico*, Case No. 06-1260 (D.P.R. March 13, 2006) and *Gurabo Community Health Center, Inc., et. al. v. Hon. Rosa Perez-Perdomo, Secretary, Dep't of Health, Commonwealth of Puerto Rico*, Case No. 06-1524 (D.P.R. May 26, 2006).

2

(collectively, the "Order and Preliminary Injunction"), requiring the Commonwealth to make quarterly wraparound payments to the Health Centers pursuant to 42 U.S.C. § 1396a(bb).

C. On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the District Court pursuant to title III of PROMESA (the "Title III Case").

D. The Health Centers have filed the following proofs of claim in the Title III Case (collectively, the "Claims"), totaling approximately $172,739,182.30 in the aggregate, in connection with asserted unpaid wraparound payments pursuant to 42 U.S.C. § 1396a(bb):

  a. Atlantic Medical Center, Inc. (Claim No. 1847-1, Prime Clerk Claims Register No. 27713) – filed May 27, 2018: unsecured amount of $13,545,954,88;

  b. Camuy Health Services Inc. (Claim No. 1859-1, Prime Clerk Claims Register No. 34305) – filed May 28, 2018: unsecured amount of $31,556,036.69;

  c. Centro de Salud de Lares, Inc. (Claim No. 26928) – filed May 26, 2018: unsecured amount of $38,014,669.19;

  d. Centro de Servicios Primarios de Sauld de Patillas, Inc. (Claim No. 26207) – filed May 27, 2018: unsecured amount of $20,189,760.36;

  e. Ciales Primary Health Care Services, Inc. (Claim No. 1860-1, Prime Clerk Claims Register No. 27469) – filed May 28, 2018: unsecured amount of $7,139,396.19;

  f. Hospital General Castañer, Inc. (Claim No. 32164) – filed May 26, 2018: unsecured amount of $21,747,370.30;

  g. Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc. (Claim No. 1840-1, Prime Clerk Claims Register No. 27630) – filed May 27, 2018: in the unsecured amount of $13,227,866.88;

    h.  Corporacion de Servicios Medicos de Hatillo (Claim No. 1861-1, Prime Clerk Claims Register No. 41718) – filed May 28, 2018: unsecured amount of $13,231,531.40; and

    i.  Costa Salud Community Health Center (Claim No. 1844, Prime Clerk Claims Register No. 23834) – filed May 27, 2018: unsecured amount of $14,076,596.41.

E.    On July 12, 2019, the Commonwealth and the Health Centers entered into that certain *Stipulation Modifying the Automatic Stay Between the Commonwealth and Atlantic Medical Center Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Medicos Primarios y Prevencion de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castaner, Inc.* (the "Lift Stay Stipulation"), modifying the automatic stay solely to allow (a) appeals of related prepetition litigation in the United States Court of Appeals for the First Circuit to proceed to judgment, (b) the Commonwealth to issue prospective estimated wraparound payments, and the District Court in the Prepetition Action to continue a procedure of collecting from the Commonwealth, and distributing to the Health Centers, estimated quarterly wraparound payments.

F.    On April 21, 2020, the Health Centers filed the *Motion of Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief From The Automatic Stay* [ECF No. 12918] (the "Motion") seeking, among other things, (a) enforcement of the District Court's prior order approving the

4

Lift Stay Stipulation with respect to the Health Centers and (b) relief from the automatic stay to allow the Prepetition Action to proceed to liquidate the Health Centers' Claims. In the Motion, the Health Centers assert that the Commonwealth has failed to perform its obligations pursuant to the Lift Stay Stipulation with respect to each quarterly payment for 2019, resulting in a shortfall of $7,664,073.10 owed to the Health Centers for the 2019 estimated quarterly wraparound payments.

G. The Health Centers agreed to extend the deadline by which the Commonwealth must respond to the Motion and the relief requested therein to May 28, 2020 at 4:00 p.m. (ET), which was further extended to May 29, 2020 at 4:00 p.m. (ET), to allow the parties to seek a consensual resolution to the Motion.

H. The Oversight Board, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Health Centers have engaged in discussions to seek a consensual resolution to the Motion.

NOW, THEREFORE, the parties hereto have agreed upon the terms set forth in this Stipulation, without prejudice to any party to seek further extensions of the deadlines set forth herein.

**Agreement**

1. The hearing to consider the Motion and the relief requested therein shall be adjourned to **July 29, 2020, at 9:30 a.m. (prevailing Atlantic Time)** (the "Hearing"), subject to further adjournment pursuant to the terms and provisions of decretal paragraph 5 hereof.

2. Subject to the provisions of decretal paragraph 5 hereof, the period in which the Commonwealth must file a response to the relief requested in the Motion shall be extended up to and including **July 22, 2020 at 5:00 p.m. (prevailing Atlantic Time)**.

5

3. Subject to the provisions of decretal paragraph 5 hereof, the period in which the Health Centers must file a reply shall be extended up to and including **July 25, 2020 at 5:00 p.m. (prevailing Atlantic Time)**.

4. On or before **July 13, 2020** (the "Payment Deadline"), the Commonwealth shall pay $7,664,073.10 to the Health Centers, in full and complete satisfaction of the Shortfall (as defined in the Motion) and as further summarized in Exhibit B-6 to the Motion (the "Payment"). Such Payment shall not be deemed to be, nor construed as, (a) an admission by any party of any liability or that any claim or defense has or lacks merit; or (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim.

5. If (a) the Payment is delivered to the Health Centers on or before the Payment Deadline, (b) the estimated quarterly wraparound payment due to the Health Centers for the second quarter of 2020 in accordance with the Order and Preliminary Injunction and the Lift Stay Stipulation is deposited with the District Court in the Prepetition Action on or before July 17, 2020, and (c) the Oversight Board provides a status report pursuant to the provisions of decretal paragraph 7 hereof on or before July 15, 2020, the Hearing and the deadlines set forth in decretal paragraphs 2 and 3 hereof in connection with the Motion shall be further adjourned as follows:

   a. The Hearing shall be adjourned to **September 16, 2020, at 9:30 a.m. (prevailing Atlantic Time)**.

   b. The period in which the Commonwealth must file a response to the relief requested in the Motion shall be extended up to and including **September 2, 2020, at 5:00 p.m. (prevailing Atlantic Time)**.

6

      c.    The period in which the Health Centers must file a reply shall be extended up to and including **September 9, 2020, at 5:00 p.m. (prevailing Atlantic Time)**.

6.    The parties shall promptly notify the Court of the adjournment, if any, pursuant to decretal paragraph 5 hereof.

7.    From and after the date hereof, the Oversight Board shall use its reasonable best efforts to (a) obtain the data necessary to calculate and assess the Claims and all amounts otherwise allegedly due to the Health Centers for services rendered from the commencement of the Title III Cases (the "Title III Claims"), and (b) quantify such Claims and the Title III Claims. The Oversight Board shall provide the Health Centers a status report regarding its progress in connection with the foregoing on or before July 15, 2020.

8.    The Oversight Board and the Health Centers shall schedule a meeting for the week of August 24, 2020, which shall be attended by a representative of the Oversight Board and its professionals and which may be rescheduled with the consent of the Oversight Board and the Health Centers; provided, however, that it is expressly understood by the Health Centers that such meeting is intended solely to allow the Health Centers to provide the Oversight Board background and additional information regarding, among other things, the Prepetition Action, the Claims, and the issues raised in the Motion.

9.    The Health Centers shall be deemed to have waived their right to assert the termination of the automatic stay pursuant to section 362(e) of title 11 of the United States Code (the "Bankruptcy Code") with respect to the Motion prior to the Hearing. The automatic stay pursuant to Bankruptcy Code sections 362 and 922 shall remain in effect pending an order of the Court concerning the merits of the Motion. The Health Centers have not and are not waiving any

other rights in connection with the Motion, and the Oversight Board and AAFAF reserve all rights to respond to any claims or allegations set forth in the Motion.

10. Nothing herein shall affect the rights of any party, person, or entity to seek further adjournment of the Motion. In addition, all other rights of the parties are expressly preserved and are not impaired or otherwise prejudiced by the terms set forth in this Stipulation or the order approving this Stipulation.

11. The parties expressly reserve all rights to seek modification of, or relief from, this Stipulation and the order approving this Stipulation.

[*Remainder of Page Left Intentionally Blank*]

Dated: May 30, 2020
    San Juan, Puerto Rico

**PROSKAUER ROSE LLP**

By: */s/ Brian S. Rosen*
Martin J. Bienenstock*
Brian S. Rosen*
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: mbienenstock@proskauer.com
       brosen@proskauer.com

* admitted *pro hac vice*

**O'NEILL & BORGES LLC**

By: */s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and Management Board and as representative of the Commonwealth*

9

Dated: May 30, 2020
      San Juan, Puerto Rico

                      **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Lisa G. Beckerman*
Lisa G. Beckerman (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000

Joanna F. Newdeck (admitted *pro hac vice*)
2001 K Street N.W.
Washington, DC 20006
Telephone: (202) 887-4000

**FELDSMAN TUCKER LEIFER FIDELL**

By: */s/ Nicole M. Bacon*
Nicole M. Bacon (admitted *pro hac vice*)
James L. Feldesman (admitted *pro hac vice*)
Khatereh S. Ghiladi (admitted *pro hac vice*)
1129 20th Street, NW
Suite 400
Washington, DC 20036
Telephone: (202) 466-8960

**RODRÍGUEZ MARXUACH, PSC**

By: */s/ Miguel Rodríguez Marxuach*
Miguel Rodríguez Marxuach (USDC No. 206011)
María Celeste Colberg-Guerra (USDC No. 227314)
P.O. Box 16636
San Juan, PR 00908-6636
Tel 787-754-9898

*Attorneys for the Health Centers*

    SO ORDERED.

    Dated: June 1, 2020

                                        /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      United States District Judge