# **EXHIBIT 41**

# OFICINA DE LA DIRECTORA DE INSPECCIÓN DE NOTARÍAS
## INSTRUCCIONES GENERALES A LOS NOTARIOS

**Registro de Fideicomisos**

Conforme lo dispuesto en el Artículo 5 de la Ley 219-2012, conocida como *Ley de Fideicomisos de Puerto Rico*, la Oficina de Inspección de Notarías (O.D.I.N.) instruye a los notarios sobre el deber de notificar todo instrumento público de constitución, modificación o protocolización de fideicomisos al Registro de Fideicomisos, adscrito a la O.D.I.N.

El 31 de agosto de 2012, se aprobó la Ley 219-2012, que deroga los Artículos 834 a 874, 31 LPRA secs. 2541-2581 del Código Civil de Puerto Rico sobre fideicomisos y decreta su vigencia <u>inmediata</u>. También, ordena la creación de un Registro de Fideicomisos, adscrito a la O.D.I.N. El Artículo 5 de la referida Ley establece que **todo fideicomiso** constituido en Puerto Rico se inscribirá en dicho registro bajo pena de nulidad y detalla la información básica que se hará constar en la inscripción. Igualmente, el citado Artículo confiere a la O.D.I.N. la autoridad para disponer de la reglamentación pertinente a los requisitos y forma en que se habrá de establecer este Registro.

En cumplimiento con lo anterior, la O.D.I.N. estableció el Registro de Fideicomisos, cuya oficina principal ubica en el tercer piso del Centro Judicial de San Juan. Allí, los notarios deberán presentar el formulario de notificación de fideicomiso de aquellos instrumentos públicos autorizados en los que se constituye, modifica o protocoliza un fideicomiso.

**Inscripción en el Registro**

1. **Instrumentos a ser inscritos en el Registro**

    Al igual que el instrumento de constitución de fideicomisos, deberán presentarse para inscripción en el Registro las modificaciones, enmiendas y subsanaciones a dichos instrumentos. La vigencia del Registro es prospectiva. Sin embargo, nada impide que una parte con interés solicite la inscripción de un instrumento de fideicomiso autorizado con anterioridad a la vigencia de la Ley 219-2012.

    En el caso de instrumentos de constitución de fideicomisos autorizados con anterioridad a la Ley 219-2012, pero que se modifiquen, enmienden o subsanen con posterioridad a ésta, la misma tiene que ser notificada al Registro para su inscripción y validez. A tales fines, recomendamos la presentación del instrumento de constitución que fue modificado, enmendado o subsanado para que la información del negocio jurídico esté completa y debidamente inscrita.

1

En el caso de los fideicomisos testamentarios, el notario deberá cumplir con los requisitos de notificación establecidos en el Artículo 73 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2123, y en el Artículo 5 de la Ley 219-2012. El notario deberá presentar dos (2) notificaciones a la O.D.I.N. La primera de éstas deberá ser enviada al Registro de Testamentos, al día siguiente de la autorización del testamento, y la segunda deberá ser dirigida al Registro de Fideicomisos, dentro de los primeros diez (10) días del mes siguiente al mes en que autorizó el testamento con la disposición de fideicomiso. El instrumento público contará con dos (2) números separados de inscripción: los datos de inscripción en el Registro de Testamentos, que consisten del tomo, folio y fecha de inscripción, y los datos de inscripción en el Registro de Fideicomisos, el cual consta de la fecha de inscripción y del número del caso, según el orden de presentación.

2. **Procedimiento de inscripción**

El Artículo 5 de la Ley 219-2012 establece la obligación del notario de notificar toda escritura de fideicomiso dentro de los primeros diez (10) días del mes siguiente al mes en que se autoriza el instrumento. Dicha obligación es efectiva a partir del 1 de octubre de 2012. Sin embargo, nada impide que el notario notifique la autorización de un instrumento relacionado a un fideicomiso, antes del término provisto en el referido artículo de ley.

La inscripción se hará mediante el formulario de Notificación de Constitución de Fideicomiso, el cual está disponible en el Portal de la O.D.I.N. (http://www.ramajudicial.pr/odin) y a través de las organizaciones gremiales asociadas con el ejercicio de la notaría, como el Instituto del Notariado Puertorriqueño, adscrito al Colegio de Abogados de Puerto Rico, y la Asociación de Notarios de Puerto Rico.

En un procedimiento análogo al seguido en los Registros de Poderes y Testamentos, establecido en la Regla 60 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV R. 60, la notificación será preparada en original y copia y entregada a la O.D.I.N. por cualquiera de los medios establecidos: personalmente, por correo certificado con acuse de recibo o por correo electrónico a la dirección RegistroFideicomisos@ramajudicial.pr. Cuando la presentación sea personalmente, el notario deberá incluir una segunda copia de la notificación para que se le acuse recibo. En caso de radicarla por correo, deberá incluir un sobre pre-dirigido, con el franqueo correspondiente para acusar recibo de los datos de inscripción.

Es de suma importancia que el notario complete el formulario de notificación con los datos requeridos para su inscripción en el Registro, toda vez que la información solicitada provee uniformidad y claridad en la identificación de los diferentes instrumentos y negocios jurídicos inscritos. Si el notario omite alguna información en el formulario, ésta le será requerida y dispondrá de un

término de tres (3) días laborables a partir del requerimiento de la O.D.I.N. para presentar una notificación complementaria.

### 3. Certificación de Datos de Inscripción

El notario que interese certificación de los datos de inscripción en el Registro de Fideicomisos, podrá remitir a la O.D.I.N., copia certificada del documento autorizado, junto con el pago de los aranceles correspondientes ($3.00 S.R.I.). La copia certificada que se presente para dicho trámite deberá cumplir con los requisitos establecidos en los Artículos 39 y 42 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. secs. 2061 y 2064, y con la Regla 49 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV R. 49. La misma puede ser presentada junto al formulario de Notificación de Constitución de Fideicomiso, para lo que deberá complementar la sección del formulario provista para dicha solicitud, o podrá solicitarlo de forma separada, tal como se realiza con la certificación de inscripción de una escritura de poder o testamento.

Las instrucciones aquí dispuestas por la Directora de la O.D.I.N. no constituyen una interpretación por parte del Tribunal Supremo de Puerto Rico del contenido y alcance de las disposiciones legales enunciadas.

En San Juan, Puerto Rico, a 1de octubre de 2012.

Lcda. Lourdes I. Quintana Lloréns
Directora

CERTIFIED TRANSLATION

# OFFICE OF THE DIRECTOR OF NOTARY INSPECTIONS
# GENERAL INSTRUCTIONS FOR THE NOTARIES

**Trusts Registry**

Pursuant to what is provided in Article 5 of Act 219-2012, known as the Trust Law of Puerto Rico, the Office of the Director of Notary Inspections (O.D.I.N.) instructs the notaries of the duty to notify every public deed of constitution, modification or formalization of trusts to the Trusts Registry, assigned to the O.D.I.N.

On August 31, 2012, Act 219-2012 was approved, which repeals Articles 834 to 874, 31 LPRA secs. 2541-2581 of the Puerto Rico Civil Code regarding trusts and decrees its <u>immediate</u> effectiveness. Also, it orders the creation of a Trusts Registry, assigned to the O.D.I.N. Article 5 of the referenced law establishes that **<u>every trust</u>** constituted in Puerto Rico will be recorded in such registry under penalty of nullity and details the basic information that the recording will state. Also, the cited Article confers O.D.I.N. the authority to dispose of the regulation pertinent to the requirements and form in which this Registry will be established.

In compliance with the foregoing, O.D.I.N. established the Trusts Registry, which main office is located in the third floor of the San Juan Judicial Center. There, the notaries must file the notification of trust form of those public deeds authorized in which a trust is constituted, modified or formalized.

## Recording in the Registry

**1. Deeds to be recorded in the Registry**

Like the deed of constitution of trusts, the modifications, amendments and corrections of such deeds must be filed for recording in the Registry. The effectiveness of the Registry is prospective. However, nothing prevents a party with interest to request the recording of a deed of trust authorized prior to the effectiveness of Law 219-2012.

In case of deeds of constitution of trusts authorized prior to Law 219-2012, but that are modified, amended or corrected after it, they have to be notified to the Registry for its recording and validity. To that effect, we recommend the filing of the deed of constitution that was modified, amended or corrected so the information of the legal transaction is complete and duly recorded.

In the case of testamentary trusts, the notary must comply with the notification requirements established in Article 73 of the Notary Law of Puerto Rico, 4 L.P.R.A. sec. 2123 and in Article 5 of Act 219-2012. The notary must file two (2) notifications to O.D.I.N. The first of these must be sent to the Wills Registry, the day after the authorization of the will, and the second must be addressed to the Trusts Registry, within the first ten (10) days of the month following the month that the will was authorized with the provision of trust. The public deed will have two (2) separate recording numbers: the information of the recording in the Wills Registry, that consist of volume, page and date of recording, and the information of recording in the Trusts Registry, which has the recording date and the case number, according to the filing order.

**2. Recording Procedure**

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Article 5 of Act 219-2012 establishes the obligation of the notary to notify every deed of trust within the first ten (10) days of the month following the month in which the deed was authorized. Such obligation is effective from October 1, 2012. However, nothing prevents the notary from notifying the authorization of a deed related to a trust before the term provided in the referenced article of law.

The recording will be done through the Notification of Constitution of Trust form which is available in the O.D.I.N. website (http://www.ramajudicial.pr/odin) and through the labor organizations associated to the practice of notary law, like the Instituto del Notariado Puertorriqueño, assigned to the Colegio de Abogados de Puerto Rico, and the Asociacion de Notarios de Puerto Rico.

In a procedure that is analogous to the one followed in the Power of Attorneys and Wills Registries, established in Rule 60 of the Notary Regulation of Puerto Rico 4 L.P.R.A. Ap. XXIV R. 60, the notification will be prepared in original and copy and delivered to the O.D.I.N. through any of the means established: personally, by certified mail with return receipt or e-mail to the address RegistroFideicomisos@ramajudicial.pr. When the filing is done in person, the notary must include a second copy of the notification for return receipt. In case of filing it by mail, it must include a pre-addressed envelope, with the appropriate postage to return receipt of the recording information.

It is of utmost importance for the notary to complete the notification form with the information required for its recording in the Registry, as the information requested provided uniformity and clarity in the identification of the different instruments and legal transactions recorded. If the notary omits any information in the form, it will be required from the notary and he/she will have a term of three (3) work days from the request by O.D.I.N. to file a supplementary notification.

### 3. Certification of Recording Information

The notary that wants a certification of the recording information in the Trusts Registry, may send to the O.D.I.N. a certified copy of the document authorized, along with the payment of the corresponding fees ($3.00 I.R.S) The certified copy that is filed for that procedure must meet the requirements established in Articles 39 and 42 of the Notary Law of Puerto Rico, 4 L.P.R.A. Ap. XXIV R. 49. It may be filed with the Notification of Constitution of Trust form for which the notary must complete the section of the form provided for such request, or may request it separately, as done with the certification of recording of power of attorney deed or will.

The instructions provided therein by the Director of the O.D.I.N. do not constitute an interpretation on the part of the Puerto Rico Supreme Court of the content and scope of the legal provisions outlined.

In San Juan, Puerto Rico, on October 1, 2012.
[signed]
Lourdes I. Quintana Llorens, Esq.
Director

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.