# **EXHIBIT 44**

NEW ISSUE – BOOK-ENTRY ONLY

RATINGS
Standard & Poor's: BBB+
Moody's: Baa3

# $381,739,786.55
# Puerto Rico Public Finance Corporation
### $47,935,000 2003 Series A Bonds
### $272,560,000 2003 Series B Refunding Bonds
### $61,244,786.55 2003 Series C Refunding Bonds
### (Commonwealth Appropriation Bonds)

Puerto Rico Public Finance Corporation (the "Corporation") is issuing the 2003 Series A Bonds (the "Series A Bonds") to fund the purchase of a promissory note (the "Series 2003 A Note") issued in connection with the restructuring of certain loans made by Government Development Bank for Puerto Rico ("Government Development Bank") to Puerto Rico Land Authority, a public corporation of the Commonwealth of Puerto Rico (the "Commonwealth" or "Puerto Rico"). The Series A Bonds are limited obligations of the Corporation payable solely from payments of principal of and interest on the Series 2003 A Note and other promissory notes of certain departments, agencies, instrumentalities and public corporations of the Commonwealth previously purchased by the Corporation (collectively, the "Act 164 Notes") pursuant to Act Number 164 of the Legislature of Puerto Rico, approved December 17, 2001 ("Act 164"). The Act 164 Notes are payable solely from budgetary appropriations to be made by the Legislature of Puerto Rico pursuant to Act 164. The Legislature of Puerto Rico is not legally required to appropriate funds for such payments.

The Corporation is issuing the 2003 Series B Refunding Bonds (the "Series B Refunding Bonds") to refund certain of the Corporation's outstanding 1995 Series A Bonds, 1995 Series C Refunding Bonds and 1996 Series D Refunding Bonds. The 1995 Series A Bonds, 1995 Series C Refunding Bonds and 1996 Series D Refunding Bonds were issued to fund in part the purchase of a promissory note (the "Act 113 Note") issued by Puerto Rico Maritime Shipping Authority to Government Development Bank. The Series B Refunding Bonds are limited obligations of the Corporation payable solely from payments of principal of and interest on the Act 113 Note made pursuant to Act Number 113 of the Legislature of Puerto Rico, approved September 27, 1994 ("Act 113"). The Act 113 Note is payable solely from budgetary appropriations to be made by the Legislature of Puerto Rico pursuant to Act 113. The Legislature of Puerto Rico is not legally required to appropriate funds for such payments.

The Corporation is issuing the 2003 Series C Refunding Bonds (the "Series C Refunding Bonds," and together with the Series A Bonds and Series B Refunding Bonds, the "2003 Bonds") to refund certain of the Corporation's outstanding 1996 Series E Bonds and 1996 Series F Bonds. The 1996 Series E Bonds and 1996 Series F Bonds were issued to fund the purchase of a promissory note (the "Act 163 Note," and together with the Act 164 Notes and the Act 113 Note, the "Notes") issued in connection with the restructuring of certain loans made by Government Development Bank to the Department of Treasury of Puerto Rico. The Series C Refunding Bonds are limited obligations of the Corporation payable solely from payments of principal of and interest on the Act 163 Note made pursuant to Act Number 163 of the Legislature of Puerto Rico, approved August 11, 1995 ("Act 163"). The Act 163 Note is payable solely from budgetary appropriations to be made by the Legislature of Puerto Rico pursuant to Act 163. The Legislature of Puerto Rico is not legally required to appropriate funds for such payments.

The 2003 Bonds will have the following characteristics:
- The 2003 Bonds will be dated their date of delivery.
- The 2003 Bonds will be registered under The Depository Trust Company's book-entry only system. Purchasers of the 2003 Bonds will not receive definitive bonds.
- Interest on the 2003 Bonds will accrue from their date of issuance. Interest on the 2003 Bonds, except capital appreciation bonds, will be payable monthly on the first day of each month, commencing on August 1, 2003. Interest on the capital appreciation bonds will compound semi-annually on each August 1 and February 1, commencing on August 1, 2003, and will be payable at maturity or redemption.
- The maturity schedules, interest rates and prices or yields to maturity of the 2003 Bonds are set forth on the inside cover page of this Official Statement.
- The 2003 Bonds are subject to redemption as described in this Official Statement.
- In the opinion of Bond Counsel, interest on the 2003 Bonds will be exempt from Puerto Rico and United States taxes to residents of Puerto Rico. Interest on the 2003 Bonds is not excludable from gross income for federal income tax purposes under Section 103(a) of the United States Internal Revenue Code. See *Tax Matters* beginning on page 31 of this Official Statement.

The 2003 Bonds are expected to be delivered on or about July 10, 2003 in San Juan, Puerto Rico.

**The 2003 Bonds will not constitute an obligation of the Commonwealth or any of its political subdivisions or public instrumentalities (other than the Corporation), and neither the Commonwealth nor any of its political subdivisions or public instrumentalities (other than the Corporation) will be liable thereon. The Corporation has no taxing power.**

| | | |
|---|---|---|
| **Popular Securities** | **Oriental Financial Services** | **Santander Securities** |
| **BBVA Capital Markets** | **Citigroup** | **Doral Securities** |
| **Morgan Stanley** | **Prudential Securities Incorporated** | **R-G Investments Corporation** |

**UBS Financial Services Incorporated of Puerto Rico**

July 2, 2003

available in the Act 164 Sinking Fund for the payment of such amounts in such Bond Year; (ii) any fees, expenses or other amounts becoming due and payable in such Bond Year to the provider (a "Facility Provider"), if applicable, of a credit facility or a liquidity facility (each a "Facility") under the agreement relating to such Facility or any amounts required to reimburse a Facility Provider for payments made under any such Facility in respect of the Act 164 Bonds and not theretofore reimbursed; (iii) if applicable, all payments required to be made by the Corporation under any Swap Agreement (as defined in the Act 164 Trust Agreement) (such payments being called the "Corporation Swap Payments") expected to be due and payable for such Bond Year (to the extent not already included in the portion corresponding to interest on the Act 164 Bonds); (iv) any fees or reimbursement for expenses payable to the Act 164 Trustee under the Act 164 Trust Agreement; (v) if applicable, any amount then due by the Corporation to the Hedge Counterparty (as defined in the Act 164 Trust Agreement) for breakage cost or other termination payment under the terms of any Swap Agreement; and (vi) any other amount becoming due and payable in such Bond Year in respect of the Act 164 Bonds or becoming due and payable under the provisions of the Act 164 Trust Agreement. See *Appendix I - Summary of the Act 164 Trust Agreement*. The aggregate principal and interest installments required to be paid under the Act 164 Notes will be sufficient to cover the aggregate principal amount of and the aggregate annual amount of interest payable on the Act 164 Bonds, together with fees, expenses and other amounts payable by the Corporation or the Act 164 Trustee with respect to the Act 164 Bonds.

The Act 164 Notes are payable solely from Legislative Appropriations made pursuant to Act 164. Act 164 provides that (i) the Commonwealth shall honor, by means of budgetary appropriations, the payment of principal of and interest on the Act 164 Notes and loans, (ii) the Office of Management and Budget shall include in the operating budget of the Commonwealth submitted annually to the Legislature of Puerto Rico in each of the succeeding thirty Fiscal Years, commencing with Fiscal Year 2001-2002, the amounts necessary to pay the principal of and interest on the Act 164 Notes and loans, up to a maximum annual amount of $225 million per Fiscal Year, and (iii) the budgetary appropriations made thereunder may be used only for the payment of principal of and interest on the Act 164 Notes and loans and related costs, and are not subject to third party claims. The proposed budget for Fiscal Year 2003-2004 contains an appropriation in respect of the Act 164 Notes and loans in an amount sufficient to pay debt service thereon through and including July 1, 2004.

The funds to be provided by the Commonwealth to make the payments required under the Act 164 Notes and loans are subject to and conditioned upon the appropriation of such funds by the Legislature of Puerto Rico in the annual budget of the Commonwealth. If all required annual Legislative Appropriations are made in full and all payments of principal and interest due under the Act 164 Notes are timely paid, such payments will be sufficient to pay the principal of and interest on the Act 164 Bonds as the same become due and payable, together with all amounts payable under the Act 164 Trust Agreement. **The failure to make annual Legislative Appropriations in the amounts required would cause a shortfall in the monies available under the Act 164 Notes to pay principal and interest due on the Act 164 Bonds.**

The principal of, redemption premium, if any, and interest on the Act 164 Bonds will be payable solely from the Legislative Appropriations made pursuant to Act 164 and other sources described above. **The Legislature of Puerto Rico is not legally bound to appropriate sufficient amounts to timely pay the principal of, redemption premium, if any, and interest due on the Act 164 Bonds. There is no assurance that sufficient funds will be appropriated or otherwise made available to make such payments on the Act 164 Bonds.** For a discussion of Puerto Rico's budgetary process, see *Budgetary Process and Payment of Commonwealth Obligations* below and the Commonwealth Report, which is incorporated herein by reference.

Bondholders have no legal recourse to require the Legislature of Puerto Rico to appropriate the funds necessary to timely pay the principal of, redemption premium, if any, and interest due on the Act 164 Bonds.

Neither the Corporation nor the Commonwealth has ever defaulted on the payment of principal of or interest on any of its debt.

15