# **EXHIBIT 51**

United States Government Accountability Office

Office of the General Counsel



# PRINCIPLES OF FEDERAL APPROPRIATIONS LAW

## Chapter 2
## The Legal Framework

### Fourth Edition
### 2016 Revision

This document, in conjunction with GAO, *Principles of Federal Appropriations Law,* 4th ed., 2016 rev., ch. 1, GAO-16-463SP (Washington, D.C.: Mar. 2016), supersedes chapters 1, 2, and 3 of GAO, *Principles of Federal Appropriations Law,* 3rd ed., GAO-04-261SP (Washington, D.C.: Jan. 2004). Chapters 4 through 15 of the third edition of *Principles of Federal Appropriations Law,* in conjunction with GAO, *Principles of Federal Appropriations Law: Annual Update to the Third Edition,* GAO-15-303SP (Washington, D.C.: Mar. 2015), remain the most currently available material on the topics discussed therein. Both *Principles* and the *Annual Update to the Third Edition* are available at www.gao.gov/legal/redbook/redbook.html.

GAO-16-464SP

Congress may make an appropriation that grants authority to draw money from the Treasury but does not grant budget authority. Such an appropriation is known by a more specific term. For example, a "liquidating appropriation" provides authority to draw money from the Treasury to satisfy obligations incurred pursuant to contract authority (discussed in the next sub-section). A "deficiency appropriation" provides authority to satisfy obligations that exceeded an agency's available budget authority. The word "appropriation" appearing alone nearly always refers to a provision of law that grants both budget authority and authority to make payments from the Treasury.

Appropriations are identified on financial documents by means of "account symbols," which are assigned by the Treasury Department, based on the number and types of appropriations an agency receives and other types of funds it may control. An appropriation account symbol is a group of numbers, or a combination of numbers and letters, which identifies the agency responsible for the account, the period of availability of the appropriation, and the specific fund classification. Detailed information on reading and identifying account symbols is contained in the Treasury Financial Manual (I TFM 2-1500). Specific accounts for each agency are listed in a publication entitled Federal Account Symbols and Titles, issued quarterly as a supplement to the TFM.

### 3. Contract Authority: Obligations in Advance of Appropriations

Contract authority is a form of budget authority that permits agencies to incur obligations in advance of appropriations. *Glossary* at 22. It is to be distinguished from every government agency's inherent authority to use budget authority to enter into contracts necessary to carry out its statutory functions.

Contract authority itself is not an appropriation; it grants authority to enter into binding contracts but not the funds to make payments under them. Congress must provide funds to satisfy the contractual obligations, either by making a subsequent appropriation called a "liquidating appropriation" or by granting authority to use receipts or offsetting collections for this purpose. *See PCL Construction Service, Inc. v. United States*, 41 Fed. Cl. 242 (1998); *National Ass'n of Regional Councils v. Costle*, 564 F.2d 583, 586 (D.C. Cir. 1977); B-300167, Nov. 15, 2002; B-228732, Feb. 18, 1988. Contract authority constitutes budget authority. The subsequent liquidating appropriation does not grant authority to incur obligations and, therefore, is not budget authority. B-171630, Aug. 14, 1975.

Congress may provide contract authority in appropriation acts (for example, B-174839, Mar. 20, 1984) or, more commonly, in other types of legislation (for example, B-228732, Feb. 18, 1988). Either way, the authority must be specific. 31 U.S.C. § 1301(d).

Contract authority has a "period of availability" analogous to that for an appropriation. Unless otherwise specified, if it appears in an appropriation act in connection with a particular appropriation, its period of availability will be the same as that for the appropriation. If it appears in an appropriation act without reference to a particular appropriation, its period of availability, again unless otherwise specified, will be the fiscal year covered by the appropriation act. 32 Comp. Gen. 29, 31 (1952); B-76061, May 14, 1948. See *Cray Research, Inc. v. United States*, 44 Fed. Cl. 327, 331 n.4 (1999); *Costle*, 564 F.2d at 587–88. This period of availability refers to the time period during which the contracts must be entered into.

Since the contracts entered into pursuant to contract authority constitute obligations binding on the United States, Congress has little practical choice but to make the necessary liquidating appropriations. B-228732, Feb. 18, 1988; B-226887, Sept. 17, 1987. As the Supreme Court has put it:

> "The expectation is that appropriations will be automatically forthcoming to meet these contractual commitments. This mechanism considerably reduces whatever discretion Congress might have exercised in the course of making annual appropriations."

*Train v. City of New York*, 420 U.S. 35, 39 n.2 (1975). A failure or refusal by Congress to make the necessary appropriation would not defeat the obligation, and the party entitled to payment would most likely be able to recover in a lawsuit. *E.g.*, B-211190, Apr. 5, 1983.

### 4. Offsetting Collections: Authority to Obligate Funds Collected

The federal government receives money from numerous sources and in numerous contexts. Our interest from an appropriations law perspective is whether funds received by an agency are available for obligation without further congressional action.

For our purposes, we discuss two types of collections that may be received by the government: offsetting collections and offsetting receipts. *Offsetting collections* are collections authorized by law to be credited to appropriation or fund expenditure accounts. Generally, offsetting collections are collections resulting from business-type or market-oriented activities, such as the sale of goods or services to the public, and