UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

               Debtors.[1]

--------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E.
JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 12772)

Before the Court is the *Motion to Be Exclude from Law PROMESA* (Docket Entry

No. 12772 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"), which

the Court construes as seeking relief from the automatic stay imposed by the filing of the above-

captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the

"Appeal"), which is currently pending before the United States Court of Appeals for the First

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

Circuit, on appeal from Case No. 09-01172 (the "Habeas Corpus Action") in the United States

District Court for the District of Puerto Rico, and (ii) a case captioned Johnson v. Porrate-Doria,

Case No. 14-1841 (the "Damages Action"), which Movant filed in the District of Puerto Rico in

November 2014.

The Court has considered carefully all of the parties' submissions.[3]  For the

following reasons, the Motion is granted in part and denied in part.

BACKGROUND

*Habeas Corpus Action and Appeal*

On February 20, 2009, Movant filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 with the District of Puerto Rico, alleging that his criminal

conviction in Commonwealth court and the prison sentence that was imposed on him as a result

were unlawful.  (See *Response of the Commonwealth of Puerto Rico to Motion to Be Excluded

from Law PROMESA Filed by Obe E. Johnson* (Docket Entry No. 12968, the "Response"), ¶ 1.)

On June 24, 2009, the District Court denied Movant's petition.  (Id.)  Thereafter, the First Circuit

denied both Movant's request to file a successive petition for a writ of habeas corpus with the

District Court, and Movant's successive petition to the First Circuit seeking a writ of habeas

corpus.  (Id. ¶ 2.)  On June 3, 2019, Movant appealed the District Court's order denying his

petition for a writ of habeas corpus.  (Id. ¶ 3.)  That appeal currently remains pending before the

First Circuit.  (Id.)

---

[3]     Pursuant to the Court's *Order Scheduling Briefing of Motion Filed by Obe E. Johnson*
(Docket Entry No. 12824), Movant's reply papers were due on May 6, 2020.  No reply
papers have been filed to date.

*Damages Action*

On November 18, 2014, Movant commenced a civil action against the Commonwealth, among other defendants, seeking damages in connection with his allegedly wrongful criminal conviction in Commonwealth court.[4] (Id. ¶ 4.) On October 23, 2015, the District Court granted the Commonwealth's motion to dismiss the Damages Action for failure to state a claim, thereby dismissing all of Movant's claims, with prejudice. (Id. ¶¶ 5-6.) On January 11, 2016, the District Court denied Movant's motion seeking reconsideration of the order dismissing Movant's claims. (Id. ¶ 7.) No appeal of either decision was timely filed. (Id.)

*Lift Stay Motion*

Movant, who apparently remains incarcerated, filed the instant Motion on April 7, 2020. The Motion asserts that Movant "was illegally admitted into the Puerto Rico Correction Prison on February 19, 2005," and seems to contend that, because Movant's incarceration began before the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") was enacted, the automatic stay now in effect pursuant to PROMESA should not apply to an action seeking compensation for the time he has spent incarcerated. (Mot. at 1.) To that end, the Motion asserts that this Court should "hear this matter . . . according to the time" Movant was first incarcerated, that "PROMESA should not be referred to" Movant, and that Movant should be compensated by the Commonwealth government because he "was illegally incarcerated before . . . PROMESA come into exist[ence]." (Id. at 2.) Although the Motion does not explicitly seek stay relief with respect to any particular action, the Motion references a "case [that] is currently pending before the United States Court of Appeals for the First Circuit" arising

---

[4]  The Damages Action was originally filed in the United States District Court for the Eastern District of Pennsylvania, and was transferred to the District of Puerto Rico on November 21, 2014. (See Resp. ¶ 4 n.4.)

from "an original proceeding successive habeas corpus," and attaches as exhibits a letter from

the Clerk of Court for the First Circuit concerning Case No. 19-1534 as well as the District

Court's *Memorandum and Order* dismissing Movant's claims in the Damages Action.  (See id. at

1; Docket Entry No. 12772-1.)

> In its Response, the Commonwealth indicates that, with respect to the Appeal and

the Habeas Corpus Action, it agrees to a limited modification of the automatic stay solely to

allow the case to proceed to final judgment, and to permit the execution and enforcement of any

judgment solely with respect to Movant's request for equitable relief.  (Resp. ¶ 11.)  The

Commonwealth contends that the automatic stay should otherwise continue to apply to the

Appeal and the Habeas Corpus Action.  (Id.)  As to the Damages Action, the Commonwealth

argues that relief from the automatic stay is unwarranted because that action was dismissed years

ago and no timely appeal was filed, and because Movant has failed to demonstrate cause to lift or

modify the stay under section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 362(d).

(See Resp. ¶¶ 13-19.)

> As noted above, the Court construes the Motion as a request for relief from the

automatic stay as it applies to the Appeal, the Habeas Corpus Action, and the Damages Action.


DISCUSSION

> Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings

by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the

automatic stay "for cause."  To determine whether cause exists to lift the automatic stay, courts

in this district examine the factors first enumerated by the United States Court of Appeals for the

Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").

See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d

508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the

following factors identified in the Sonnax decision: "whether relief would result in a partial or

complete resolution of the issues," "the interests of judicial economy and the expeditious and

economical resolution of litigation," and the "impact of the stay on the parties and the balance of

harms." Sonnax, 907 F.2d at 1286.

In light of the Commonwealth's consent to a limited modification of the

automatic stay in connection with the Appeal and the Habeas Corpus Action, the Court finds

cause to modify the automatic stay solely to the extent necessary to allow (i) the Appeal and the

Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement

of any judgment solely with respect to Movant's request for equitable relief. It appears that the

interests of judicial economy and expeditious resolution of the Appeal and the Habeas Corpus

Action are best served by permitting the litigation to proceed in this fashion. Nevertheless,

Movant has identified no basis, and thus has failed to demonstrate cause, to further modify the

automatic stay as it applies to the Appeal and the Habeas Corpus Action. Therefore, the

automatic stay shall continue to apply in all other respects to the Appeal and the Habeas Corpus

Action, including to the pursuit, execution, and enforcement of any judgment for any claims for

money damages and provisional remedies against the Commonwealth or any other Title III

debtor.

Further, Movant has failed to demonstrate cause to lift or modify the automatic

stay as it applies to the Damages Action. As indicated above, the Damages Action was

dismissed, with prejudice, in 2015, and Movant failed to timely file an appeal of the District

Court's decision. Movant also failed to appeal the 2016 denial of his motion for reconsideration

of the dismissal decision. Because the dismissal of his Damages Action was final and with

prejudice, Movant could receive no benefit from an order lifting the stay of that action.

Accordingly, the hardship to the Commonwealth of devoting its legal resources to litigation

relating to the Damages Action significantly outweighs any possible burden on Movant caused

by the automatic stay, and Movant's request for an order lifting or otherwise modifying the

automatic stay with respect to the Damages Action is denied.

CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part, and

the automatic stay is modified only to the extent expressly set forth herein. This Memorandum

Order resolves Docket Entry No. 12772.

SO ORDERED.

Dated: June 2, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge