UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
: 
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
    as representative of : Case No. 17-BK-3283 (LTS)
 :
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
 :
 :
    Debtors.[1] :
------------------------------------------------------------------------ x

**INFORMATIVE MOTION REGARDING PROPOSED AMENDMENT
TO ELEVENTH AMENDED NOTICE, CASE MANAGEMENT AND
<u>ADMINISTRATIVE PROCEDURES</u>**

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors (the "<u>Committee</u>")[2] respectfully files this informative motion (the "<u>Informative Motion</u>") in response to the *Notice Regarding Proposed Amendment to the Eleventh Amended Notice, Case Management and Administrative Procedures* [Docket No. 13219] (the "<u>Notice</u>"). In support of this Informative Motion, the Committee respectfully states as follows:

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

1. The Committee is pleased that the Court has granted (and, to some extent, even expanded upon) the relief requested by the Committee in its motion requesting additional disclosures pursuant to Bankruptcy Rule 2019 [Docket No. 13217].[3] Accordingly, the Committee has no objection to the Court's proposed amendments set forth in Exhibit A to the Notice. The Committee files this Informative Motion solely to provide certain limited, technical comments with respect to the proposed new paragraph in Part IV.C, which currently reads as follows:

> All supplemental statements that were filed prior to July 3, 2020, and all that are filed after that date shall disclose material changes, and must be restated if necessary to reflect such changes, in the disclosable economic interests of group members and other facts from those disclosed in the statements filed to comply with the July 3, 2020, reporting date set forth above or the 2019(b) Group's later initial filing pursuant to Rule 2019(c) and subdivision IV.B. above.

2. The Committee believes that this paragraph should be clarified to address four technical points. First, it should be made clear that the deadline to file the restatements of prior supplemental statements is July 3, 2020 (*i.e.*, the same deadline as the one for the filing of the revised verified statements pursuant to Part IV.B). Second, it should be made clear that the supplemental statements that need to be restated are those filed after January 14, 2019.[4] Third, the Committee believes that it is not the Court's intention to require the restatement of prior supplemental statements that already comply with the Case Management Procedures (as amended). Accordingly, it should be made clear that a restatement of a prior supplemental statement should only be required if necessary to bring them into compliance with the additional disclosures required as a result of the amendments to the Case Management Procedures. Finally,

---

[3] Capitalized terms used but not defined herein have the meanings set forth in the Rule 2019 Motion.

[4] The Committee recognizes that this may already be implicit, given that the relevant point of reference for any material changes is January 14, 2019. However, in the interest of clarity, this point should be made express.

in the interest of overall clarity, the new paragraph should be separated into two sentences: one addressing the filing of supplemental statements going forward (after July 3, 2020) and one addressing the restatement of prior supplemental statements.

3. In sum, the Committee proposes that the new paragraph be revised to read as follows:

> All supplemental statements filed after July 3, 2020 shall disclose material changes in the disclosable economic interests of group members and other facts from those disclosed in the statements filed to comply with the July 3, 2020 reporting date set forth above or the Rule 2019(b) Group's later initial filing pursuant to Rule 2019(c) and subdivision IV.B. above. In addition, on or before July 3, 2020, all supplemental statements that were filed between January 14, 2019 and July 3, 2020 must be restated, if necessary to bring them into compliance with the requirements in this Part IV, to reflect any material changes in the disclosable economic interests of group members and other facts from those disclosed in the statements filed to comply with the July 3, 2020 reporting date set forth above.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court take notice of the foregoing.

Dated: June 2, 2020

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*