## **EXHIBIT A**

**Exhibit A**

IV.     **Disclosure Requirements**

A.      Every group, committee and entity described in Federal Rule of Bankruptcy
Procedure 2019(b)(1) (each, a "Rule 2019(b) Group") that, on or before August 9,
2017, has taken a position before the Court[1] must file a verified statement that
complies with the disclosure requirements enumerated by Federal Rule of Bankruptcy
Procedure 2019 by August 24, 2017 at 5:00 p.m. (Atlantic Standard Time). For the
avoidance of doubt and for the purposes of these Title III cases, compliance with
Bankruptcy Rule 2019 includes disclosure of: (i) all disclosable economic interests
with respect to each Debtor in whose Title III case the group, committee and/or entity
has taken a position,[2] including derivative interests, and (ii) the existence and amount
of any bond insurance or other credit protection, including by a monoline insurer.
The foregoing sentence summarizes certain elements of Rule 2019 but does not
purport to enumerate all of the reporting requirements thereunder, which apply in
their entirety. In particular, disclosures pursuant to Rule 2019(c) and Rule 2019(d)
must present information identifying each relevant disclosable economic interest each
Rule 2019(b) Group member holds with respect to each Title III Debtor as of the
applicable reporting date. Aggregation of holdings of securities of multiple issues,
issuers, and/or groups of holders is not compliant with the Rule. The term
"disclosable economic interest" has the meaning set forth in Federal Rule of
Bankruptcy Procedure 2019(a)(1) and includes, but is not limited to, holdings in
series of obligations having different features, maturity dates or other factors
distinguishing rights thereunder from other bonds of the same issuer; claims of rights
in revenues or other holdings of a Title III Debtor that are based on guarantees of
obligations of other instrumentalities or ~~security interest~~liens or any beneficial
ownership claimed in connection with obligations of other instrumentalities; general
unsecured claims; and any other right or derivative right purportedly granting the
holder an economic interest that is affected by the value, acquisition, or disposition of
a claim against or interest in a Title III Debtor.

---

[1]     For the avoidance of doubt, the phrase "takes a position before the Court" includes, but is
not limited to, the filing of any Pleading by or on behalf of a Rule 2019 Group in any
Title III case or related adversary proceeding, including informative motion practice
containing factual or legal representations or arguments.

[2]     For the avoidance of doubt, a Rule 2019 Group takes a position in the case of a Title III
Debtor by appearing in such Debtor's Title III case or related adversary proceeding in any
capacity, including by, among other things, filing a Pleading, filing an informative
motion, executing a court-approved stipulation, filing a proof of claim, appearing at a
hearing before the Court, or asserting any legal or factual positions that would in any way
affect the property or rights of the Title III Debtor.

B.   A Rule 2019(b) Group that first takes a position before the Court or solicits votes regarding the confirmation of a plan after August 9, 2017, with respect to any of the Title III Debtors in these jointly administered cases must file a verified statement compliant with Federal Rule of Bankruptcy Procedure 2019(c) identifying each of its members' disclosable economic interests in each of the Debtors consistent with the principles described in subdivision IV.A of these Case Management Procedures within five (5) calendar days of taking such position before the Court or soliciting such votes. Federal Rule of Bankruptcy Procedure 9011(b) applies to attorneys filing such statements.

A Rule 2019(b) Group that has previously filed a verified statement pursuant to subdivision IV.A. or IV.B. of these Case Management Procedures must file a revised verified statement compliant with Rule 2019(c) by July 3, 2020. Such verified statement must present the information required by Rule 2019(c) with respect to each of the group members' disclosable economic interests held in relation to each of the Debtors in the jointly administered Title III cases as of (i) the later of January 14, 2019, or the date of the Group's first verified statement and (ii) a date no earlier than June 24, 2020. For the avoidance of doubt, such verified statement must present the information required by Rule 2019(c) with respect to each of the group members' disclosable economic interests held in relation to PBA as of a date no earlier than June 24, 2020, and as of the date of any Rule 2019 verified statement filed after September 26, 2019. Federal Rule of Bankruptcy Procedure 9011 applies to attorneys filing the statements required by this paragraph.

C.   If any fact disclosed in the Rule 2019(b) Group's most recently filed statement (including, but not limited to, information concerning the composition of the Rule 2019(b) Group and information concerning any group member's disclosable economic interests) changes materially, the Rule 2019(b) Group must file a supplemental verified statement contemporaneously with or within 48 hours after the next instance in which the Rule 2019(b) Group takes a position before the Court or solicits votes on the confirmation of a plan with respect to any of the Title III Debtors. Federal Rule of Bankruptcy Procedure 9011 applies to attorneys filing such supplemental statements. The absence of such a supplemental statement shall be deemed a representation that no material changes have occurred.

All supplemental statements that were filed prior to July 3, 2020, and all that are filed after that date shall disclose material changes, and must be restated if necessary to reflect such changes, in the disclosable economic interests of group members and other facts from those disclosed in the statements filed to comply with the July 3, 2020, reporting date set forth above or the 2019(b) Group's later initial filing pursuant to Rule 2019(c) and subdivision IV.B. above.

D.   [*Expired provision of Fifth through Eleventh Amended Case Management Procedures deleted*.]

Document comparison by Workshare 9.5 on Tuesday, June 2, 2020 2:15:29 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://USDMS10/USActive/55040469/1 |
| Description | #55040469v1<USActive> - Ex A_  Comments to Proposed 2019 Disclosure Requirements |
| Document 2 ID | interwovenSite://USDMS10/USActive/55040469/3 |
| Description | #55040469v3<USActive> - Ex A_  Comments to Proposed 2019 Disclosure Requirements |
| Rendering set | Standard + show moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 1 |
| Deletions | 1 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 2 |