# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>　　as representative of<br><br>The Commonwealth of Puerto Rico, et al.,<br><br>　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### INFORMATIVE MOTION OF THE LAWFUL CONSTITUTIONAL DEBT COALITION REGARDING ARGUMENT IN CONNECTION WITH JUNE 4, 2020 PRELIMINARY HEARING ON REVENUE BOND LIFT STAY MOTIONS

To the Honorable United States District Court Judge Laura Taylor Swain:

　　The Lawful Constitutional Debt Coalition (the "LCDC")[2] submits this informative motion in response to the Court's *Order Regarding Argument In Connection with June 4, 2020, Preliminary Hearing On Revenue Bond Lift Stay Motions* (ECF No. 13306) (the "Order"), and respectfully states as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] *See Sixth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* (Dkt. 12482).

1.  On June 1, 2020, the LCDC filed its *Informative Motion Regarding Its Request To Be Heard At the June 3-4, 2020 Omnibus Hearing* (the "Initial Informative Motion") (ECF No. 13299). The Initial Informative Motion was filed in response to the Court's *Order Regarding Procedures for June 3-4, 2020 Omnibus Hearing* (ECF No. 13220).

2.  In the Initial Informative Motion, the LCDC stated that Susheel Kirpalani of Quinn Emanuel Urquhart & Sullivan, LLP, co-counsel for the LCDC, would "appear telephonically on behalf of the LCDC to address the Lift Stay Motions (as defined in the Order). Mr. Kirpalani respectfully requests five minutes to address the Lift Stay Motions." Initial Informative Motion at ¶ 1.

3.  The Initial Informative Motion further provided that "[t]he LCDC reserves its right to be heard on any matter presented to the Court and to respond to any statements made by any party related to the above-captioned Title III cases, or any adversary proceeding pending in the Title III cases, to the extent it impacts the rights, claims, or interests of the LCDC." *Id.* at ¶ 2.[3]

4.  After referencing the Initial Informative Motion, the Court's Order provides that "counsel for the LCDC is hereby directed to meet and confer with counsel for the Parties with respect to his request to be allocated time to participate in the Preliminary Hearing. In the event that an agreement among the Parties and the LCDC regarding this request cannot be reached, the LCDC is directed to file an additional informative motion providing a justification for the request to be heard in connection with the Lift Stay Motions." Order at 2.

---

[3] Approximately thirty (30) minutes after filing the Initial Informative Motion, the LCDC filed an amended informative motion (the "Amended Informative Motion") (ECF No. 13301). The Amended Informative Motion deleted reference to the Lift Stay Motions or any specific request to be heard on such motions. Rather, the Amended Informative Motion contained only the same reservation of rights to be heard as the Initial Informative Motion. Amended Informative Motion at ¶ 2.

5. In response to the Order, counsel for the LCDC reached out to counsel for the Oversight Board concerning one of the Oversight Board's arguments in its opposition to the Lift Stay Motions (and also in its summary judgment motions in certain related revenue bond adversary proceedings (Adv. Proc. Nos. 20-03, 20-04, and 20-05)). Namely, the Oversight Board's argument that PROMESA preempted the priority afforded bonds issued or guaranteed by the Commonwealth of Puerto Rico under the Puerto Rico Constitution (the "Constitutional Debt").

6. The Oversight Board, the LCDC and certain other Commonwealth creditors are parties to that certain plan support agreement, dated February 9, 2020 (the "PSA").[4] The PSA, which was the product of months of hard-fought negotiations, overseen by Court-appointed mediators, provided for a comprehensive settlement of all pending or prospective litigation concerning the validity, priority, and secured status of the Constitutional Debt. This settlement was incorporated into a joint Title III plan of adjustment for the Commonwealth and certain other Title III Debtors filed by the Oversight Board on February 28, 2020 (the "Plan of Adjustment") (ECF No. 11946).

7. The LCDC submits that the issue of creditor priority is beyond the limited scope permitted for the lift stay motions. *See Final Case Management Order for Revenue Bonds* dated March 10, 2020 (the "CMO") (ECF No. 40 in Adv. Proc. No. 20-05) at ¶ 1. The LCDC believes that, pursuant to the CMO, the issues to be addressed in the lift stay litigation primarily concern whether one or more of the monolines have a claim against the Commonwealth arising out of their bonds issued by certain other entities and whether they have any interest in property of the Commonwealth. The LCDC asserts that, resolving the status of creditor priorities, let alone the preemption of creditor priorities in the Title III cases, would not assist the Court in disposing of

---

[4] Collectively, the PSA Creditors (as defined in the PSA) hold approximately 60% of all outstanding Constitutional Debt.

3

the limited claims to be heard in the lift stay litigation or that have been selected for summary judgment practice in the related adversary proceedings.[5]

8. The LCDC has discussed its concerns with the Oversight Board. Following those discussions, the PSA Creditors and the Oversight Board have agreed that the PSA Creditors will not be presenting oral argument in connection with the Lift Stay Motions, and the Oversight Board will not be seeking any rulings regarding preemption of the constitutional priority for Constitutional Debt currently proposed to be compromised pursuant to the Plan of Adjustment.

9. The PSA Creditors reserve any and all rights with respect to the creditor priority issue, including the right to intervene in the revenue bond adversary proceedings, and will be prepared to address the issue of creditor priorities in the appropriate context as determined by the Court.

[Signature page follows]

---

[5] With respect to the revenue bond adversary proceedings, the CMO specifically excludes from summary judgment practice the counts of the Oversight Board's complaints challenging the priority of the adversary proceeding defendants' claims. CMO at ¶ 2.

DATED: June 2, 2020

Respectfully submitted,

| REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By : */s/ Rafael Escalera* <br> **Rafael Escalera** <br> USDC No. 122609 <br> escalera@reichardescalera.com <br><br> **Sylvia M. Arizmendi** <br> USDC-PR 210714 <br> arizmendis@reichardescalera.com <br><br> **Carlos R. Rivera-Ortiz** <br> USDC-PR 303409 <br> riverac@reichardescalera.com <br><br> 255 Ponce de León Avenue <br> MCS Plaza, 10th Floor <br> San Juan, Puerto Rico 00917-1913 | **Susheel Kirpalani** (*pro hac vice*) <br> susheelkirpalani@quinnemanuel.com <br><br> **K. John Shaffer** (*pro hac vice*) <br> johnshaffer@quinnemanuel.com <br><br> **Daniel Salinas** <br> USDC-PR 224006 <br> danielsalinas@quinnemanuel.com <br><br> **Eric Kay** (*pro hac vice*) <br> erickay@quinnemanuel.com <br><br> **Zachary Russell** (*pro hac vice*) <br> zacharyrussell@quinnemanuel.com <br><br> 51 Madison Avenue, 22nd Floor <br> New York, New York 10010-1603 |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.

*/s/Carlos R. Rivera-Ortiz*
USDC-PR 303409