UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1]  | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 12897, 12909, 13031**<br><br>(Jointly Administered) |
| LESLIE JAY BONILLA SAUDER,<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Respondent. | |

**COMMONWEALTH OF PUERTO RICO'S SECOND URGENT CONSENTED MOTION FOR EXTENSION OF DEADLINES IN CONNECTION WITH MOTION REQUESTING ALLOWANCE OF POST-PETITION TORT CLAIM AS PRIORITY CLAIM PURSUANT TO FUNDAMENTAL FAIRNESS DOCTRINE IN READING CO. V. BROWN, 391 U.S. 471 (1968)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Debtor") respectfully submits this urgent consented motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), further extending the deadlines set forth in the *Order Granting Urgent Consented Motion for Extension of Deadlines in Connection with Motion Requesting Allowance of Post-Petition Tort Claim as Priority Claim Pursuant to Fundamental Fairness Doctrine in Reading Co. v. Brown, 391 U.S. 471 (1968)* [ECF No. 13031] (the "Amended Scheduling Order").[2]

### Request for Relief

1. On April 20, 2020, Leslie Jay Bonilla Sauder (the "Movant"), filed a *Motion Requesting Allowance of Post-Petition Tort Claim as Priority Claim Pursuant to Fundamental Fairness Doctrine in Reading Co. v. Brown, 391 U.S. 471 (1968)* [ECF No. 12897] (the "Motion") requesting that the Court enter an order "allowing movant to file a proof of claim as a priority administrative claim in the minimum amount of $16,500.00 and to be treated as such consistently with the fundamental fairness doctrine as adopted by the US Supreme Court in bankruptcy matters" in connection with a lawsuit filed by Movant before the Court of First Instance of Aibonito captioned *Leslie Jay Bonilla Sauder vs. ELA*, BAC2017-0017 (the "Lawsuit"), contesting the forfeiture of Movant's vehicle. Motion ¶ 5.[3]

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Urgent Motion on behalf of the Debtor.

[3] The Lawsuit was subject to this Court's *Memorandum Order Granting in Part Motion of Leslie Jay Bonilla Sauder for Relief from Automatic Stay (Docket Entry No. 1048)* [ECF No. 1290], which modified the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), as made applicable to this case by PROMESA section 301(a) (the "Title III Stay") to allow the Lawsuit to proceed to judgment. Pursuant to this Court's order, the Title III Stay would remain in place with respect to any claims for damages, and execution and enforcement of any judgment for damages. *Id.*

2.     On May 4, 2020, this Court entered the Amended Scheduling Order, which provides that objections to the Motion must be filed by June 4, 2020, and Movant's reply papers by June 11, 2020.

3.     The Debtor is still in the process of reviewing the pertinent information regarding the Motion in order to evaluate the possibility of consensually resolving the same. Thus, the Debtor, with Movant's consent, respectfully requests the following extensions of the deadlines set forth in the Scheduling Order:

- The deadline to file objections to the Motion shall be extended to **June 18, 2020**.
- The deadline for Movant to file her reply shall be extended to **June 25, 2020**.

4.     The Debtor discussed this request with counsel for Movant, who consented to the relief requested herein.

5.     Pursuant to Paragraph 1.H of the *Eleventh Amended Notice, Case Management and Administrative Procedures* [ECF No. 11885-1] (the "Case Management Procedures"), the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested herein.

## Notice

6.     The Debtor has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against the Debtor; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of

the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[4] (i) all parties filing a notice of appearance in these Title III cases; and (j) Movant. A copy of the motion is also available on the Debtor's case website at https://cases.primeclerk.com/puertorico/.

7. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Left Intentionally Blank*]

---

[4] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtor; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtor.

**WHEREFORE**, the Debtor requests the Court enter the Proposed Order and grant such other relief as is just and proper.

Dated: June 3, 2020
San Juan, Puerto Rico

Respectfully submitted,

**DENNISE N. LONGO-QUIÑONES**
Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Deputy Secretary in Charge of Litigation

/s/ *Susana Peñagarícano-Brown*
**SUSANA PEÑAGARÍCANO-BROWN**
USDC-PR No. 219907
Director of Legal Affairs
Federal Litigation and Bankruptcy Division
Department of Justice of Puerto Rico
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Email: spenagaricano@justicia.pr.gov
Phone: Phone: (787)721-2900, ext. 1411

*Attorneys for the Commonwealth of Puerto Rico*

## Exhibit A

**Proposed Order**