**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO**



*José B. Carrión III*
Chair

Members
*Andrew G. Biggs
Carlos M. García
Arthur J. González
José R. González
Ana J. Matosantos
David A. Skeel, Jr.*

*Natalie A. Jaresko*
Executive Director

**BY ELECTRONIC MAIL**

May 29, 2020

Mr. José R. Burgos
Commissioner
Puerto Rico Emergency Management Agency

Mr. Lorenzo González
Secretary
Puerto Rico Department of Health

Ms. Iris Santos Díaz
Director
Puerto Rico Office of Management and Budget

Dear Department Heads:

The Oversight Board is deeply concerned about your failure to comply with our requests for documents and information concerning your procurement and contracting policies in connection with the COVID-19 health crisis.

The Government, in order to quickly address the need for materials, products, and services to fight the COVID-19 health crisis, requested authority to establish emergency procurement procedures to acquire the necessary items to protect the people of Puerto Rico.  The Oversight Board agreed, but required any contract executed under the newly approved Executive Order 2020-24 (the "Executive Order") be submitted to the Oversight Board on the date of execution and the Government continue to comply with the active Contract Review Policy (the "Policy").

From press reports, we soon became aware of sizable contracts with a number of companies, such as 313 LLC and Apex General Contractors, LLC, that warranted Oversight Board review.  We sent our first letter to the Governor on April 6, 2020 asking for confirmation the Government "has canceled these agreements and that the corresponding public funds have been reimbursed to the emergency fund."[1]  After confirming the largest of the reported contracts was cancelled and the deposit refunded, we requested the Government provide the purchase agreements at issue

---

[1] Apr. 6, 2020 Letter from N. Jaresko to Hon. W. Vázquez Garced at 2.

PO Box 192018 San Juan, PR 00919-2018; www.oversightboard.pr.gov; comments@promesa.gov

regardless of their active or cancelled status.[2] In response to our five requests to AAFAF, the Governor produced inadequate documentation of these contracts which also revealed the existence of other engagements that had not been revealed previously (such as with Maitland 175, Inc. and Puerto Rico Sales and Medical Services), and further raised our concerns regarding compliance with PROMESA and the Policy. As such, we extended our information requests to documents pertaining to the procurement and negotiation of these additional contracts.

As we repeatedly engaged with AAFAF for the requested information, AAFAF issued separate document requests for responsive documents on April 16 and April 29, 2020 to all government agencies. These agencies – including the Department of Health ("DOH"), the Puerto Rico Emergency Management Agency ("PREMA"), and the Office of Management and Budget ("OMB") – have had ample opportunity to compile and deliver this information to the Oversight Board via AAFAF. AAFAF remains responsible for collecting and transferring the information to the Oversight Board, but we decided to reach out to you and your agencies directly in the interest of obtaining the documents as expeditiously as possible.

On May 15, 2020, we issued you the following document requests, and requested the documents and information by May 22, 2020:

1. Copies of all materials pertaining to communications with any and all vendors during the negotiation and procurement of what eventually became the Apex Contract, 313 Purchase Orders, and Maitland Purchase Orders, including but not limited to all offers and counteroffers, all solicitations of offers, requests for proposal, all received offers, and all internal analyses used to assess and award contracts;

2. Copies of any and all written communications (paper and electronic) made prior to March 26, 2020, including but not limited to texts, emails, and letters, related to the procurement and negotiation process that led to the execution of the Apex Contract;

3. Copies of the items listed in Exhibit B (attached) of our May 15, 2020 letter comprising the missing and/or otherwise incomplete portions of emails and other written communications previously submitted regarding the Apex Contract;

4. Copies of any and all documentation and communications (paper or electronic), including but not limited to texts, emails, and letters, related to the procurement and negotiation process that led to the execution of the 313 Purchase Orders; and

5. Copies of any and all documentation and communications, (paper or electronic) including but not limited to texts, emails, and letters, related to the procurement and negotiation process that led to the execution of the Maitland Purchase Orders.

---

[2] Apr. 9, 2020 Letter from N. Jaresko to O. Marrero Díaz at 2.

May 29, 2020
Page 3 of 4

As of the date of this letter, PREMA and DOH have not responded, and OMB's response was inadequate. OMB's newly delivered documents only discuss contracts with 313 LLC (and not the other mentioned contractors), and even then the information does not match our request. OMB's offerings fail to include any communications with 313 LLC beyond a cover letter discussing payment options or any information "related to the procurement and negotiation process that led to the execution of the 313 Purchase Orders." While OMB may not possess the requested information, PREMA and DOH undoubtedly participated in negotiating and procuring these contracts and have failed to deliver any information requested by the Oversight Board in order to fulfill its Congressionally-mandated duties.

There can be no meritorious excuse for these failures to respond, as the Government and its instrumentalities are obligated to deliver this information to the Oversight Board. PROMESA Section 204(b) authorizes the Oversight Board to "establish policies to require prior Oversight Board approval of certain contracts … to ensure such proposed contracts promote market competition and are not inconsistent with the approved Fiscal Plan." The Policy, which "applies to any contract that is proposed to be entered into by the Commonwealth (which includes the Executive, Legislative and Judicial branches of government) or any covered instrumentality[,]" instructs the Oversight Board to "review contracts to determine whether they are consistent with the applicable fiscal plan." The Oversight Board "retains the authority to expand the scope of its review" and may choose contracts to review "in its sole discretion." For contracts relating to COVID-19, the Executive Order only enhances these powers of review.

Section 104(c) further mandates you provide the necessary information. The Oversight Board has the authority to "secure copies … whether written or electronic, of such records, documents, information, data, or metadata from the territorial government necessary to enable the Oversight Board to carry out its responsibilities." Allegations of fraud, waste, or abuse harm the Commonwealth's ability to participate in capital markets and continue its recovery to economic stability.

Please be advised we find the failure of DOH, PREMA, and OMB to respond adequately (or at all) to the Oversight Board's document requests a violation of PROMESA Sections 204(b) and 104(c). Significantly, section 104(c) is a statutory injunction directing you to provide the documents the Oversight Board requested ("…The head of the entity of the territorial government responsible shall provide the Oversight Board with such information and assistance (including granting the Oversight Board direct access to automated or other information systems) as the Oversight Board requires under this paragraph."). We again direct you to comply with the statutory injunction and to deliver this information to us as soon as possible and no later than June 1, 2020. We further request you deliver copies of all documentation and communications (paper or electronic), including but not limited to texts, emails, and letters, related to the procurement and negotiation process that led to the execution of agreements with Puerto Rico Sales and Medical Services. Please deliver these materials as soon as possible and no later than June 1, 2020.

Should your agency fail to comply with these directives, the Oversight Board may take such actions as it considers necessary, consistent with Sections 104(c), 104(k), and 204(b)(5) of PROMESA, including obtaining remedies for your failure to comply and for being in contempt of the injunction.

May 29, 2020
Page 4 of 4

We look forward to receiving the foregoing information no later than June 1, 2020. We look forward to working together for the benefit of the people of Puerto Rico and expect your prompt attention to this matter.

Sincerely,

Natalie A. Jaresko

CC: Hon. Wanda Vázquez Garced
 Omar J. Marrero Díaz, Esq.