UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

                    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING ELIEZER SANTANA BÁEZ'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 12516)

Before the Court is the *Motion Requesting to Unparalyze for Become in Knowledge in the File that the Commonwealth of Puerto Rico Was Not Summon in This Case* (Docket Entry No. 12516 in Case No. 17-3283,[2] the "Lift Stay Motion"), filed by Mr. Eliezer Santana Báez (the "Movant"), who seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on a case captioned Eliezer Santana Báez v. Estado Libre

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

Asociado de Puerto Rico et al., Case No. D DP2016-0591 (the "Litigation"), which is currently pending before the Puerto Rico Court of First Instance of Bayamón (the "Commonwealth Court"). For the following reasons, the Lift Stay Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

### Background

On September 16, 2016, Movant commenced the Litigation against the Commonwealth, the Puerto Rico Department of Correction and Rehabilitation, Correctional Health Services, and certain other related correctional entities seeking (i) damages stemming from alleged torts following medical treatment for an eye condition received by Movant, and (ii) compensation in the amount of $1,500,000.00. (See *Objection of the Commonwealth of Puerto Rico to Motion Requesting to Unparalyze for Become in Knowledge in the File that the Commonwealth of Puerto Rico Was Not Summon in This Case Filed by Eliezer Santana-Báez*, Docket Entry No. 13051, the "Objection," at ¶ 1.) The Commonwealth filed a special appearance in the Litigation and requested a copy of the complaint "without submitting itself to the jurisdiction of the Commonwealth Court" on February 15, 2017. (Id. ¶ 2.)

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico commenced a proceeding on behalf of the Commonwealth under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). The Commonwealth filed in the Litigation a *Notice of Automatic Stay of Proceedings Pursuant to Commencement of Case Under Title III of PROMESA* (the "Notice of Automatic Stay"), requesting that the Commonwealth Court take notice of the automatic stay applicable to the Litigation, on June 6, 2017. (Id. ¶ 4.) On July 17, 2017, the Commonwealth Court entered an order staying the

Litigation. (Id.) The Commonwealth notes that it has not yet "submitted itself to the jurisdiction of the Commonwealth Court" in connection with the Litigation. (Id.)

Movant filed the Lift Stay Motion on March 23, 2020, seeking relief from the automatic stay in order to pursue his asserted claims against the defendants to the Litigation. Movant contends that, after analyzing files relevant to the Litigation, he recently became aware that the Commonwealth was never properly summoned in the Litigation. (Mot. ¶ 2.) Although Correctional Health Services answered the complaint in the Litigation, the Commonwealth never entered an appearance or otherwise participated in the Litigation until it filed the Notice of Automatic Stay. (Id. ¶¶ 3-4.) The Commonwealth therefore is not, according to Movant, a party to the Litigation. Movant requests that the Court modify the automatic stay to allow the proceedings in the Commonwealth Court to resume. (Id. at 3.)

On April 6, 2020, the Commonwealth filed the *Urgent Motion of the Commonwealth of Puerto Rico for Order Adjourning Deadlines and Setting Preliminary Hearing in Connection with Santana-Báez Lift Stay Motion* (Docket Entry No. 12675, the "Adjournment Motion"), seeking an adjournment of the briefing schedule for the Lift Stay Motion due to the COVID-19 pandemic and the attendant difficulties in communicating with Movant and collecting information necessary to respond to the Lift Stay Motion. The Court thereafter granted the Adjournment Motion and scheduled a preliminary hearing on the Lift Stay Motion for April 22, 2020. (See Docket Entry No. 12676.) At the preliminary hearing, the Court concluded that, "because the Lift Stay Motion does not include factual proffers in support of Movant's contention that the Commonwealth was not joined or any legal argument to support relief from the automatic stay, there is a reasonable likelihood that the Commonwealth will prevail in opposing the Lift Stay Motion." (Docket Entry No. 12948 at 2.) The Court further

concluded that the ongoing emergency measures in Puerto Rico related to the COVID-19 pandemic, together with the likelihood that the Commonwealth would prevail in opposing the Lift Stay Motion, constituted "compelling circumstances" that warranted an extension of the automatic stay period referenced in section 362(e) of the Bankruptcy Code through June 10, 2020. (Id.)

In its Objection, the Commonwealth argues that the Lift Stay Motion should be denied because Movant has failed to establish that "cause" exists to lift or otherwise modify the automatic stay. (Obj. ¶ 9.) The Commonwealth characterizes Movant as a "potential prepetition, unsecured litigation claimant" and argues that Movant has failed to demonstrate the extraordinary circumstances necessary to show that his claims should be considered outside of the centralized claims resolution process that will proceed in connection with the Commonwealth's Title III case. (Id.) The Commonwealth asserts that modification of the automatic stay would require the Commonwealth to expend litigation resources in connection with the adjudication of Movant's claims, and would allow Movant to receive preferential treatment of his unsecured claims to the detriment of the Commonwealth's other prepetition, unsecured creditors. (Id.) The Commonwealth also argues that this Court previously denied a request by Movant to lift the automatic stay in connection with the Litigation, that the same reasons included in the Court's order denying Movant's prior request are present here, and that Movant has failed to show any change in circumstances that would warrant a different outcome.[3] (Id. ¶ 8.)

---

[3] The Court previously denied a lift stay motion brought by Movant in connection with the Litigation. (See Docket Entry No. 7696, *Memorandum Order Denying Eliezer Santana Báez's Motion for Relief from Automatic Stay (Docket Entry No. 7140)*.) Although the Litigation was included in Movant's prior request for stay relief, the relevant lift stay motion and subsequent order focused on a civil action captioned D DP2014-0673 rather

The Court has carefully considered all of the submissions. For the following reasons, the Lift Stay Motion is denied.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: a "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has failed to demonstrate that the Sonnax criteria weigh in his favor with respect to the continuation of the Litigation. If the Court were to modify the automatic stay, the Commonwealth would be required to devote its limited resources to defending against Movant's claims and, in the event that Movant prevailed in the Litigation, would be required to disburse funds to fulfill its obligations under any judgment. Such modification would interfere with the

---

than specific argument and circumstances related to the Litigation. For example, Movant did not argue in his prior request for stay relief that the Commonwealth was not a party to the Litigation. The Court will therefore consider the arguments raised in connection with the instant Lift Stay Motion anew.

Commonwealth's Title III case and general restructuring efforts by diverting funds away from the Commonwealth's recovery efforts to the detriment of similarly situated creditors. Indeed, the continuation of the Litigation would prejudice the interests of other creditors and would disrupt the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA by incentivizing other creditors to seek relief from the stay to obtain early, potentially disproportionate, payments. Although Movant asserts that the Commonwealth is not a party to the Litigation, the Commonwealth is plainly a named defendant, and Movant's complaint asserts allegations and claims against the Commonwealth. (See Obj. ¶ 24 n.4.) Modification of the stay would not promote judicial economy or result in the timely resolution of the issues given that the Commonwealth has yet to appear in the Litigation. Finally, Movant has failed to demonstrate that the harm he would suffer if the automatic stay remains in place would outweigh the burden that would accrue to the Commonwealth and its creditors if the Litigation were allowed to proceed at this early stage.

Accordingly, the Court concludes that Movant has failed to sustain his burden of demonstrating that cause exists for relief from the automatic stay.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

For the foregoing reasons, the Lift Stay Motion is denied. The automatic stay continues in place as against all defendants in the Litigation. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves Docket Entry No. 12516 in Case No. 17-3283.

SO ORDERED.

Dated: June 8, 2020

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge