UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

ORDER GRANTING MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO AND PUERTO RICO ELECTRIC POWER AUTHORITY FOR
<u>RELEASE OF INSURANCE PROCEEDS FOR EARTHQUAKE LOSSES (DOCKET ENTRY NO. 1987)</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Motion of Financial Oversight and Management Board For Puerto Rico and Puerto Rico Electric Power Authority For Release of Insurance Proceeds for Earthquake Losses* (Docket Entry No. 1987 in Case No. 17-4780, and Docket Entry No. 13097 in Case No. 17-3283, the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101–2241; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and Insurers having consented to the relief requested by the Motion; and the Court having found the Oversight Board and PREPA provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for granting the relief as set forth herein,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED:

1. The Motion is GRANTED only to the extent set forth herein.

2. Insurers may pay the Advance Payment of $25,000,000 to PREPA under the Property Insurance on account of losses it incurred as a result of earthquake damage incurred during the period of the Policies ("Earthquake Losses").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. No Service Party shall interfere with the Insurers' transfer of the Advance Payment to PREPA.

4. PREPA shall utilize and distribute the Advance Payment solely to pay for Earthquake Losses in compliance with the Trust Agreement.

5. No Service Party shall interfere with PREPA's application or use of the Advance Payment.

6. Notwithstanding any claims that Service Parties may have against PREPA if Insurance Proceeds are not applied by PREPA in accordance with this Order, the Insurers shall not be subject to claims of the Service Parties with respect to the payment of the Advance Payment to PREPA in accordance with this Order, and payment of the Advance Payment to PREPA shall satisfy the Insurers' obligations under the applicable Property Insurance in the amount so paid. No Service Party shall have any claim against the Insurers in respect of the obligation so satisfied by payment of the Advance Payment.

7. With respect to any future payments of Insurance Proceeds payable to PREPA on account of the Property Insurance:

   a. PREPA, after consultation with the Oversight Board, shall provide to attorneys for the Official Committee of Unsecured Creditors appointed in this case, the Oversight Board, the Trustee under the Trust Agreement, counsel to National Public Finance Guaranty Corporation ("National"), Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), Syncora Guaranty Inc. ("Syncora"), and the Ad Hoc Group of PREPA's bondholders (the "Ad Hoc Group," and collectively, the "Notice Parties") written notice (each, a "Supplemental Insurance Payment Notice") containing the following:

      i. The amount of Insurance Proceeds the Insurers are prepared to remit to PREPA;

      ii. The Policy pursuant to which such Insurance Proceeds would be paid;

      iii.      A copy of the Policy and agreement pursuant to which such Insurance Proceeds would be paid; and

      iv.      A description of PREPA's contemplated usage of such Insurance Proceeds, with sufficient detail and supporting documentation to enable the Notice Parties to confirm that PREPA's contemplated usage complies with section 4 above.

b. Recipients of a Supplemental Insurance Payment Notice shall have seven (7) calendar days from the date of service of a Supplemental Insurance Payment Notice (the "Review Period") to provide attorneys for the Oversight Board and the other Notice Parties written notice of any objection to payments specified in the applicable Supplemental Insurance Payment Notice.

c. Following the expiration of the Review Period, if no objections are received, the terms of this Order shall be deemed to apply to the additional payments under the Property Insurance specified in such Supplemental Insurance Payment Notice, and such payments shall be subject to the same protections as set forth in this Order for the Advance Payment under this Order and shall be entitled and subject to the terms of sections 3 and 5 of this Order. For the avoidance of doubt, additional payments under the Property Insurance specified in a Supplemental Insurance Payment Notice, once remitted to PREPA by the Insurers, shall be entitled and subject to the terms of section 6 of this Order.

d. If objections are received during the Review Period, in the seven (7) calendar days following the expiration of the Review Period, PREPA will attempt to resolve the objections in a manner satisfactory to each of the Oversight Board, AAFAF, and each of the Notice Parties. To the extent any objections remain unresolved after such time, (i) PREPA may receive the additional payments under the Property Insurance specified in the Supplemental Insurance Payment Notice from the Insurers, and such payments shall be treated as Insurance Proceeds under this Order, used solely in accordance with section 4 of this Order, and shall be entitled to the terms of section 6 of this Order, but shall not be entitled to the terms of sections 3 or 5 of this Order; and (ii) the Oversight Board and AAFAF, on behalf of PREPA, or the relevant Notice Party with respect to any unresolved objection may file a motion, with an objection deadline of no less than seven (7) calendar days following the filing of such motion, requesting the Court resolve the outstanding objection(s).

8. Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights and, for the avoidance of doubt, shall not be interpreted to prejudice the rights and interests of holders and/or insurers of PREPA's power revenue bonds. All rights of such parties to take any actions necessary to protect their rights with respect to any action outside the scope of this Order or with respect to any agreement with creditors shall be preserved.

9. Immediately upon entry by the Court of this Order the Oversight Board, as PREPA's representative in the Title III case, is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

10. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

11. This Order resolves Docket Entry No. 1987 and Docket Entry No. 2009 in Case No. 17-4780, and Docket Entry No. 13097 and Docket Entry No. 13236 in Case No. 17-3283.

SO ORDERED.

Dated: June 8, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge