# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) X | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) X | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS) |

**[PROPOSED] ORDER**

Upon consideration of the *Claimants' Motion for Judgment on the Pleadings Pursuant to Fed R. Civ. P. 12(c)* (Docket Entry No. [_____] in Case No. 17-3283 and Docket Entry No. [_____] in Case No. 17-3566, the "Motion")[1]; the Court having found and determined that (i) the Court has jurisdiction to consider the Motion and the relief requested therein; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motion has

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1

been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of ERS, the Commonwealth and their creditors; (v) any objections to the relief requested in the Motion have been withdrawn or are hereby overruled; and (vi) the legal and factual bases set forth in the motion establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1. Judgment is granted to Claimants on certain objections to their proofs of claim and Administrative Expense Motions, as set forth herein.

2. Pursuant to 11 U.S.C. § 1111(b)(1)(A), Claimants are entitled to assert recourse claims against ERS for unpaid principal and interest due under the ERS Bonds, notwithstanding Section 201 of the Bond Resolution.

3. Section 201 of the Bond Resolution does not limit Claimants' ability to assert recourse claims against ERS based upon breaches of the Bond Resolution that are independent of ERS's obligation to pay principal and interest under the Bonds.

4. Section 201 of the Bond Resolution does not limit Claimants' ability to assert recourse claims against ERS based upon any liability arising from violation of constitutional, legal, statutory, or equitable obligations of ERS that are independent of ERS's obligation to pay principal and interest under the Bonds.

5. Any liability of ERS or the Commonwealth to Claimants arising out of the Post-Petition Legislation, if proved, is entitled to treatment as an administrative expense claim under 11 U.S.C. § 503(b)(1)(A) and is nondischargeable by a Title III plan of adjustment.

6. A copy of this Order shall be filed on the docket in Commonwealth's and ERS's Title III cases.

7. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

_____
THE HONORABLE LAURA TAYLOR SWAIN
United States District Judge