Hearing Date:  July 29, 2020, at 9:30AM (Atlantic Standard Time)
Response Deadline:  July 14, 2020 at 4:00PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY HOLDERS OF CERTAIN PRASA SENIOR LIEN BONDS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this omnibus objection (the "One Hundred Ninety-Ninth Omnibus Objection") to claims filed by holders of certain bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA"), as set forth on **Exhibit A** hereto, and in support of the One Hundred Ninety-Ninth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.    The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.    Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.    The Bar Date Orders**

3.    On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.    On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of

the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs*

*of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at

4:00 p.m. (Atlantic Time).

### B.      Bond Debt Issued by the Puerto Rico Aqueducts and Sewers Authority

5.      PRASA was established pursuant to Act Number 40 on May 1, 1945.  PRASA is a

government-owned corporation in Puerto Rico and was created for the purpose of providing water

and sewer services on the island.  22 L.P.R.A. § 144.

6.      The PRASA Enabling Act authorizes PRASA to issue bonds.  22 L.P.R.A. § 144(g).

Pursuant thereto, the PRASA governing board has adopted resolutions authorizing PRASA to issue

bonds, including Resolution No. 1583, as amended and restated as of March 7, 2008 ("Resolution

No. 1583").  Pursuant to Resolution No. 1583, in 2008 PRASA issued $1,316,204,456 principal

amount of Series A revenue bonds (the "2008 Senior Series A Bonds") and $22,445,000 principal

amount of Series B revenue bonds (the "2008 Senior Series B Bonds").  Additionally, in 2012,

PRASA concurrently issued $1,800,450,00 principal amount of Series 2012 A revenue bonds (the

"2012 Senior Series A Bonds"), as well as $295,245,000 principal amount of Series 2012 B

revenue bonds (the "2012 Senior Series B Bonds," and together with the 2008 Senior Series A

Bonds, the 2008 Senior Series B Bonds, and the 2012 Senior Series A Bonds, the "Senior Lien

Bonds").  The Senior Lien bondholders have received and continue to receive all payments owed

to holders of the Senior Lien Bonds in full as they become due and owing.  Accordingly, EMMA

reflects that PRASA has not posted any notices of default with respect to the Senior Lien Bonds.

3

*See, e.g.*,

https://emma.msrb.org/Security/Details/A8732657A6C93CD1A69D07EC167ADD6EC.

7.      Moreover, certain bonds issued by PRASA have matured and been paid in full.  For
example, bonds issued by PRASA bearing CUSIP number 745160RV5 matured on July 1, 2018
(the "PRASA Senior Lien Matured Bonds").[3]

**C.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

8.      To date, approximately 174,000 proofs of claim have been filed against the Debtors
and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in
asserted claims against the Debtors, in addition to unliquidated amounts asserted.

9.      Of the proofs of claim filed, approximately 111,300 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar
Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw,
such as being subsequently amended, not putting forth a claim for which the Debtors are liable,
being duplicative of other proofs of claim, or failing to provide information necessary for the
Debtors to determine whether the claim is valid.

10.     In order to efficiently resolve as many of the unnecessary proofs of claim as
possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order
(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of
Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus
Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion
by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection
Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting*

---

[3] *See* https://emma.msrb.org/Security/Details/AAE7971318165D9CB0928DEA2AAEFBC91.

4

*Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,

the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with

the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions

of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

11.     In the continued interest of resolving any unnecessary proofs of claim in an efficient

manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other

things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the

number of claims that may be included on an objection, and to approve additional forms of notice.

*Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection

Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional

Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court

granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,

(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,

and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection

Procedures").

12.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus

Objection Procedures, the Court has held hearings related to one hundred fifty-seven omnibus

objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation

("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or the

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"),

as well as thirty-three individual objections.  After hearings held on January 30, 2019, March 13,

2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019,

the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Twenty non-substantive omnibus objections and two substantive omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard on December 11, 2019. Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and granted on March 4 and March 5, 2020. Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

13.     This One Hundred Ninety-Ninth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

14.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

15.     The One Hundred Ninety-Ninth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, claims that seeks recovery for amounts for which the Commonwealth is not liable because the claim (1) seeks recovery for liabilities owed by PRASA, which is not a Title III debtor, and which liabilities are not guaranteed by the Commonwealth; (2) asserts liabilities arising

from Senior Lien Bonds issued by PRASA, even though PRASA is current in its obligations to holders of Senior Lien bonds, and no amounts are due and owing; and/or (3) is based on Senior Lien Matured Bonds, which have already matured and been paid in full.

16.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1).  Each of the claims identified in **Exhibit A** hereto (collectively, the "Claims to Be Disallowed") asserts recovery for liabilities associated with bonds issued by PRASA and not guaranteed by the Commonwealth. PRASA, however, is not a Title III Debtor, and is a separate, legally distinct entity from the Commonwealth.  Each of the Claims to Be Disallowed fails to comply with the applicable rules, however, because it does not assert a basis for asserting a claim against the Commonwealth for bonds issued by PRASA that are not guaranteed by the Commonwealth.  Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed.

17.     Each of the Claims to Be Disallowed also asserts recovery for liabilities associated with Senior Lien Bonds.  As described above, however, the Senior Lien Bonds are not in default, and no principal and/or interest is currently due and owing to holders of Senior Lien Bonds.  A "claim" under the Bankruptcy Code is a "right to payment."  11 U.S.C. § 101(5)(a).  The Claims to Be Disallowed do not assert any right to payment, however, because there is no amount due and owing on the bonds, and accordingly, claimants cannot assert any rights to payment, whether against the Commonwealth, PRASA, or any other Commonwealth entity.

18.     In addition, certain of the Claims to Be Disallowed assert CUSIP numbers associated with a PRASA Senior Lien Matured Bond.  Because the PRASA Senior Lien Matured Bonds have already matured and been paid in full, the claimant's original investment in the

PRASA Senior Lien Matured Bonds has already been returned in full to the claimant.
Accordingly, holders of PRASA Senior Lien Matured Bonds no longer have a valid claim against
the Commonwealth or any other Title III debtor, and the Claims to Be Disallowed should be
disallowed.

19.     In support of the foregoing, the Commonwealth, relies on the *Declaration of Jay
Herriman in Support of the One Hundred Ninety-Ninth Omnibus Objection (Substantive) of the
Commonwealth of Puerto Rico to Claims Asserted by Holders of Certain PRASA Senior Lien
Bonds*, dated June 11, 2020, attached hereto as **Exhibit B**.

## NOTICE

20.     In accordance with the Amended Omnibus Objection Procedures and the Court's
Notice Order, the Commonwealth is providing notice of this One Hundred Ninety-Ninth Omnibus
Objection to (a) the individual creditors subject to this One Hundred Ninety-Ninth Omnibus
Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Twelfth Amended
Case Management Procedures* [ECF No. 13383-1]), which is available on the Debtors' case
website at https://cases.primeclerk.com/puertorico. The notice for this One Hundred Ninety-Ninth
Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the One Hundred
Ninety-Ninth Omnibus Objection and all of the exhibits attached hereto are being filed with this
objection and will be served on the parties. The Commonwealth submits that, in light of the nature
of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

21.     This One Hundred Ninety-Ninth Omnibus Objection is limited to the grounds
stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any
other party in interest in the Title III Cases to object to the Claims to Be Disallowed or any other
claims on any ground whatsoever. The Debtors expressly reserve all further substantive or

procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

22.     No prior request for the relief sought in this One Hundred Ninety-Ninth Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth further relief as is just.

Dated: June 11, 2020
  San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board for
Puerto Rico,
as representative for the
Commonwealth of Puerto Rico*

**Fecha de la vista: 29 de julio de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 14 de julio de 2020, a las 04:00 p.m. (AST)**

<div style="border:1px solid black">

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

</div>

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante<br><br>DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

## CENTÉSIMA NONAGÉSIMA NOVENA OBJECIÓN GLOBAL (SUBJETIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS POR LOS TENEDORES DE DETERMINADOS BONOS DE GRAVAMEN AAA PRIORITARIOS

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y

Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del

ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad*

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

*Económica de Puerto Rico* ("PROMESA"), [2] radica esta objeción global (la "Centésima
nonagésima novena objeción global") a reclamaciones radicadas por los tenedores de
determinados bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico (la
"AAA"), según se indica en el **Anexo A** del presente documento, y en apoyo de la Centésima
nonagésima novena objeción global respetuosamente manifiesta lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de
PROMESA.

## ANTECEDENTES

**A.      Órdenes de fecha límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de
reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición
voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso
de Título III en virtud de dicho cuerpo legal (el "Caso de Título III del ELA").

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije
fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y
la manera de su notificación* [ECF núm. 2255] (la "Moción de fecha límite"). Conforme a la *Orden
que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba
la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha límite"), el

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101-2241.

2

Tribunal concedió el remedio solicitado en la Moción de fecha límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden inicial de fecha límite, las "Órdenes de fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.     Deuda de los bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico**

5.     La AAA fue creada de conformidad con la Ley núm. 40 el 1 de mayo de 1945. La AAA es una corporación del Gobierno de Puerto Rico y fue creada para la prestación de los servicios de suministro de agua y alcantarillado en la isla. 22 L.P.R.A. § 144.

6.     La Ley para crear la AAA autoriza a la AAA a emitir bonos. 22 L.P.R.A. § 144(g). Conforme a dicha Ley, la junta directiva de la AAA adoptó resoluciones que autorizan a la AAA emitir bonos, lo que incluye la Resolución núm. 1583, en su versión enmendada y modificada el 7 de marzo de 2008 (la "Resolución núm. 1583"). Conforme a la Resolución núm. 1583, en 2008 la AAA emitió unos bonos de renta, Serie A, por un monto del principal de $1,316,204,456 (los "Bonos prioritarios serie A 2008") y unos bonos de renta, Serie B, por un monto del principal de $22,445,000 (los "Bonos prioritarios serie B 2008"). Además en 2012, la AAA emitió simultáneamente unos bonos de renta, Serie 2012 A, por un monto del principal de $1,800,450,00 (los "Bonos prioritarios serie A 2012") y unos bonos de renta, Serie 2012 B, por un monto del principal de $295,245,000 (los "Bonos prioritarios serie B 2012"), y junto con los Bonos prioritarios serie A 2008, los Bonos prioritarios serie B 2008 y los Bonos prioritarios serie A 2012,

los "Bonos de gravamen prioritarios"). Los tenedores de los Bonos de gravamen prioritarios han

recibido, y siguen recibiendo, la totalidad de los pagos íntegros adeudados a tales tenedores de los

Bonos de gravamen prioritarios, cuando tales bonos hayan sido pagaderos. En consecuencia, en el

EMMA se indica que la AAA no ha enviado ninguna notificación de incumplimiento en relación

con   los   Bonos   de   gravamen   prioritarios. *Véase,   por   ejemplo*,

https://emma.msrb.org/Security/Details/A8732657A6C93CD1A69D07EC167ADD6EC.

7.       Es más, determinados bonos emitidos por la AAA han vencido y han sido pagos en

su totalidad. Por ejemplo, los bonos emitidos por la AAA que llevan el número CUSIP 745160RV5

vencieron el 1 de julio de 2018 (los "Bonos AAA de gravamen prioritarios vencidos"). [3]

## C.      Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y Objeciones a reclamaciones

8.       Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de

reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas

evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas

contra los Deudores, además de los montos no liquidados reclamados.

9.       De las evidencias de reclamaciones radicadas, aproximadamente 111,300 han sido

radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad

con las condiciones de las Órdenes de fecha límite, muchas de estas reclamaciones no tenían que

haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido

enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables,

estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información

necesaria para que los Deudores determinen si la reclamación es válida.

---

[3] *Véase* https://emma.msrb.org/Security/Details/AAE7971318165D9CB0928DEA2AAEFBC91.

10.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "<u>Moción de procedimientos globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden a) que aprueba procedimientos limitados relativos a objeciones globales, b) declara la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concede el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [ECF núm. 4230-1] (conjuntamente, los "<u>Procedimientos iniciales relativos a objeciones globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos iniciales relativos a objeciones globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "<u>Orden de notificación</u>").

11.     En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos enmendados relativos a objeciones globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos enmendados relativos a objeciones globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos enmendados relativos a objeciones globales").

12.    Conforme a los Procedimientos iniciales relativos a objeciones globales y los Procedimientos enmendados relativos a objeciones globales, el Tribunal celebró vistas vinculadas con 157 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificadas como radicadas contra otros Deudores. El 11 de diciembre de 2019, se atendió a 20 objeciones globales no sustantivas y a 2 objeciones globales sustantivas a reclamaciones radicadas contra el ELA, la ACT y el SRE. Además, 27 objeciones globales a reclamaciones radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020, y 30 objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas los días 4 y 5 de marzo de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la

fecha, aproximadamente 56,000 reclamaciones que reivindicaban aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

13.     La Centésima nonagésima novena objeción global se radica de conformidad con los Procedimientos enmendados relativos a objeciones globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

14.     Los Procedimientos enmendados relativos a objeciones globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas federales del procedimiento de quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales.

15.     La Centésima nonagésima novena objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(6) de las Reglas federales del procedimiento de quiebra y los Procedimientos enmendados relativos a objeciones globales, reclamaciones en las que se pretende recuperar los montos por los que el ELA no tiene responsabilidad porque en la reclamación 1) se pretende recuperar responsabilidades adeudadas por la AAA (que no es un deudor de Título III), cuyas responsabilidades no son garantizadas por el ELA; 2) se alegan responsabilidades derivadas de los Bonos de gravamen prioritarios emitidos por la AAA, a pesar de que la AAA está al día en cuanto al cumplimiento de sus obligaciones ante los tenedores de los Bonos de gravamen prioritarios, y ninguno de los montos es pagadero; y/o 3) se basa en los Bonos de gravamen prioritarios vencidos, que ya han vencido y han sido pagos en su totalidad.

16.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., §

502(b)(1). Cada una de las reclamaciones identificadas en el **<u>Anexo A</u>** del presente (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>" pretende la recuperación por las responsabilidades vinculadas con los bonos emitidos por la AAA no garantizados por el ELA. Sin embargo, la AAA no es un Deudor de Título III y es una entidad separada y jurídicamente independiente del ELA. Sin embargo, ninguna de las Reclamaciones que han de ser rechazadas cumple con las normas aplicables, ya que no proporciona un fundamento para alegar una reclamación contra el ELA por los bonos emitidos por la AAA que no están garantizados por el ELA. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas.

17.   En cada una de las Reclamaciones que han de ser rechazadas también se alegan responsabilidades vinculadas con los Bonos de gravamen prioritarios. Sin embargo, como se explicó anteriormente, los Bonos de gravamen prioritarios no han incurrido en ningún incumplimiento y en este momento ni el principal ni los intereses son pagaderos a los tenedores de los Bonos de gravamen prioritarios. Conforme al Código de Quiebras, una "reclamación" constituye un "derecho a un pago". Título 11 U.S.C., § 101(5)(a). Sin embargo, en las Reclamaciones que han de ser rechazadas no se alega ningún derecho a un pago porque no existe ningún monto pagadero en relación con los bonos, por lo que las demandantes no pueden alegar ningún derecho a un pago, sea este contra el ELA, la AAA o cualquier otra entidad del ELA.

18.   Además, en algunas de las Reclamaciones que han de ser rechazadas se alegan números CUSIP vinculados con un Bono AAA de gravamen prioritario vencido. Puesto que los Bonos AAA de gravamen prioritarios vencidos ya han vencido y han sido pagos en su totalidad, la inversión inicial de las demandantes en los Bonos AAA de gravamen prioritarios vencidos ya ha sido devuelta en su totalidad a las demandantes. En consecuencia, los tenedores de los Bonos

AAA de gravamen prioritarios vencidos ya no tienen una reclamación válida contra el ELA o cualquier otro deudor de Título III, por lo que las Reclamaciones que han de ser rechazadas deben rechazarse.

19.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Centésima nonagésima novena objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas por los tenedores de determinados Bonos AAA de gravamen prioritarios*, de fecha 11 de junio de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

20.     De conformidad con los Procedimientos enmendados relativos a objeciones globales y la Orden de notificación del Tribunal, el ELA notifica la presente Centésima nonagésima novena objeción global a) a los acreedores individuales objeto de esta Centésima nonagésima novena objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 12* [ECF núm. 13383-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a la presente Centésima nonagésima novena objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Centésima nonagésima novena objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

21.     La presente Centésima nonagésima novena objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III,

a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas de los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas de los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

22.     No se ha radicado ninguna solicitud de remedio previa a la presente Centésima nonagésima novena objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

*[El resto de la página se deja en blanco intencionadamente]*

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha:  11 de junio de 2020
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en ingles]*
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en ingles]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la*
*Junta de Supervisión y Administración*
*Financiera para Puerto Rico,*
*como representante del*
*Estado Libre Asociado de Puerto Rico*