**Hearing Date:  July 29, 2020, at 9:30AM (Atlantic Standard Time)**
**Response Deadline:  July 14, 2020 at 4:00PM (Atlantic Standard Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

---

**TWO HUNDRED FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE
COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY COFINA
BONDHOLDERS**

---

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this omnibus objection (the "Two Hundred First Omnibus Objection") to claims asserting bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), each as listed on **Exhibit A** hereto, and in support of the Two Hundred First Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders and COFINA Claims**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.      On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases").  On June

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1, 2017, the Court entered an order granting the joint administration of the Commonwealth Title III Case and the COFINA Title III Case, for procedural purposes only.  ECF No. 242.[3]

5.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.      Operations and Bond Debt of the Commonwealth**

6.      The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952. The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

7.      The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues.  *See* P.R. Const. Art. VI, § 2.  In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth

---

[3] Unless otherwise stated, all ECF numbers refers to Case No. 17-bk-3283-LTS.

would have to pay relative to its historical revenues.  Since 1961, the Commonwealth has issued

billions of dollars of general obligation bonds purportedly backed by its full faith, credit, and taxing

power.

**C.     Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

8.      To date, approximately 174,000 proofs of claim have been filed against the Debtors

and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in

asserted claims against the Debtors, in addition to unliquidated amounts asserted.

9.      Of the proofs of claim filed, approximately 111,300 have been filed in relation to,

or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar

Date Orders, many of these claims need not have filed at all, or suffer from some other flaw,

such as being subsequently amended, not putting forth a claim for which the Debtors are liable,

being duplicative of other proofs of claim, or failing to provide information necessary for the

Debtors to determine whether the claim is valid.

10.     In order to efficiently resolve as many of the unnecessary proofs of claim as

possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order*

*(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of*

*Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus

Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion

by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection*

*Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting*

*Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,

the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with

the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

11.     In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

12.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred-fifty seven omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), as well as thirty-three individual objections.  After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be

asserted against another of the Debtors. Twenty non-substantive omnibus objections and two substantive omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard on December 11, 2019. Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and granted on March 4 and March 5, 2020. Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

13.     This Two Hundred First Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

**E.     The COFINA Title III Case and Resolution of the Commonwealth-COFINA Dispute**

14.     COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth. Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "COFINA Bonds"). Bank of New York Mellon serves as Trustee with respect to the COFINA Bonds.

15.     The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652] on January 9,

6

2019.  The Court considered confirmation of the Plan and any objections thereto at a hearing on January 16-17, 2019.

16.     On February 4, 2019, the Court confirmed the Plan, which incorporated the compromise and settlement of the dispute over whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law (the "Commonwealth-COFINA Dispute").  *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048].  On the same day, the Court approved the compromise and settlement of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 5045] (the "Settlement Order").  On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended Confirmation Order").  The Plan became effective on February 12, 2019 (the "Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17 BK 3284-LTS, ECF No. 587].

## OBJECTIONS TO PROOFS OF CLAIM

17.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures. The Two Hundred First Omnibus Objection seeks to

disallow, in whole or in part, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, each claim identified in **Exhibit A** hereto (collectively, the "COFINA Bondholder Claims"). The Two Hundred First Omnibus Objection seeks to disallow claims that seek recovery, in whole or in part, for amounts for which the Commonwealth is not liable because the claims (1) were compromised and settled pursuant to the Settlement Order, and (2) were released and discharged in accordance with the Plan and Amended Confirmation Order.

18.   Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1).  Each of the COFINA Bondholder Claims purports to assert, in whole or in part, liability based on alleged ownership of COFINA bonds.[4]  Some of the COFINA Bondholder Claims specifically cited to the Commonwealth-COFINA Dispute as the basis of the claim, while other COFINA Bondholder Claims provided no explanation for the basis of the claim beyond attaching a bond statement showing ownership of bonds issued by COFINA.  Regardless of whether the Commonwealth-COFINA Dispute was expressly referenced in the proof of claim or supporting documentation, any purported liability by the Commonwealth for bonds issued by COFINA was resolved by the resolution of the Commonwealth-COFINA Dispute.

---

[4]  To the extent any of the COFINA Bondholder Claims intended to assert a claim against COFINA in the COFINA Title III Case, any such claims against COFINA should still be disallowed and expunged because they have been discharged and released pursuant to Paragraph 29(a) of the Amended Confirmation Order and 11 U.S.C. § 944, incorporated into PROMESA by PROMESA § 301(a).  Additionally, any bondholder claims asserted against COFINA on the basis of bonds issued by COFINA should be disallowed, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, as duplicative of one or more master proofs of claim filed against COFINA by the Bank of New York Mellon, as trustee, on behalf of the holders of COFINA Bonds, which claims were logged by Prime Clerk, LLC as Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds).

19.     Additionally, pursuant to Paragraph 55 of the Settlement Order, all claims against the Commonwealth arising from or relating to the relationship of the Commonwealth and COFINA have been released. Settlement Order, ¶ 55 ("On the Effective Date, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor (as defined in the COFINA Plan), solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency thereof, the compromise and settlement of *Bank of New York Mellon v. COFINA*, Adv. Proc. No. 17-00133, and the allocation of funds in accordance with Section 2.1 of the COFINA Plan.").

20.     Furthermore, pursuant to Paragraph 3(c) of the *Settlement Agreement* [ECF No. 5045-1], dated October 19, 2018 and attached to the Settlement Order (the "Settlement Agreement"), and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute has been dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute.  Paragraph 3(c) of the Settlement Agreement provides that, "[o]n the Effective Date . . . the Adversary Proceeding shall be dismissed, with prejudice, and all other claims and causes of action asserted therein by the Commonwealth Agent, the COFINA Agent and the Permitted Interveners, as defined in the Adversary Proceeding, shall be deemed dismissed, with prejudice . . . ."  Paragraph 7 of the Amended Confirmation Order provides that, "[u]pon the dismissal, with prejudice, of the Adversary Proceeding, the Commonwealth Agent and the COFINA Agent and their respective professionals shall be deemed to have satisfied any and all of their respective obligations in connection with the Adversary Proceeding, and the

Commonwealth Agent and the COFINA Agent shall be deemed to have been released from any and all liabilities associated therewith."

21.     Moreover, pursuant to Paragraph 29(f) of the Amended Confirmation Order, "[o]n the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan."   Amended Confirmation Order, ¶ 29(f).[5]   Because the COFINA Bondholder Claims seek to hold the Commonwealth liable for bonds issued by COFINA, such claims arise from or relate to the relationship between the Commonwealth and COFINA. Accordingly, the Commonwealth has been released from all liability for the portions of the COFINA Bondholder Claims asserting interests in COFINA bonds pursuant to the Settlement Order, Amended Confirmation Order, and the Plan.

22.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Two Hundred First Omnibus Objection (Substantive) of the*

---

[5] Pursuant to the Plan, "Claim" is defined as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise."   Plan § 1.53.

*Commonwealth of Puerto Rico to Claims Asserted by COFINA Bondholders*, dated June 11, 2020, attached hereto as **Exhibit B**.

## NOTICE

23.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth is providing notice of this Two Hundred First Omnibus Objection to (a) the individual creditors subject to this Two Hundred First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Twelfth Amended Case Management Procedures* [ECF No. 13383-1), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.   The notice for this Two Hundred First Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Two Hundred First Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.   The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

24.     This Two Hundred First Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the COFINA Bondholder Claims or any other claims on any ground whatsoever.   The Debtors expressly reserve all further substantive or procedural objections.   Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

25.     No prior request for the relief sought in this Two Hundred First Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth further relief as is just.

Dated: June 11, 2020
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board for
Puerto Rico,
as representative for the
Commonwealth of Puerto Rico*

**Fecha de la vista: 29 de julio de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 14 de julio de 2020, a las 04:00 p.m. (AST)**

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

|  |  |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante<br><br>DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DUCENTÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A LAS RECLAMACIONES PRESENTADAS POR LOS BONISTAS DE COFINA**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"), [2] radicó esta objeción global (la "Ducentésima primera objeción global") a Reclamaciones a bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") que aparecen identificados en el **Anexo A** del presente documento, y en apoyo de la Ducentésima primera objeción global respetuosamente manifiesta lo siguiente:

## JURISDICCIÓN

1.       El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.       La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A.       **Órdenes de fecha límite y reclamaciones de COFINA**

3.       El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III en virtud de dicho cuerpo legal (el "Caso de Título III del ELA").

4.       El 5 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101-2241.

voluntaria de remedio para COFINA conforme a la sección 304(a) de PROMESA, iniciando un
caso de Título III de dicho cuerpo legal (el "Caso de Título III de COFINA", y junto con el Caso
de Título III del ELA, los "Casos de Título III"). El 1 de junio de 2017, el Tribunal dictó una
orden por la que concedió la administración conjunta del Caso de Título III del ELA y el Caso de
Título III de COFINA únicamente con fines procesales. ECF núm. 242.[3]

5.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A)*
*fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la*
*forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de fecha límite). Conforme
a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y*
*B) aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden inicial de fecha
límite"), el Tribunal concedió el remedio solicitado en la Moción de fecha límite y fijó fechas
límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de
Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los
Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar*
*evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm.
3160] (conjuntamente con la Orden inicial de fecha límite, las "Órdenes de fecha Límite"),
extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Operaciones y deuda relativa a bonos del ELA**

6.      La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de
Puerto Rico") entró en vigor en 1952. La Constitución de Puerto Rico creó el ELA como el
Gobierno central de Puerto Rico, de "forma republicana" y dividida en tres poderes: legislativo,
ejecutivo y judicial. *Véase* Const. de Puerto Rico, artículo I, §§ 1, 2.

---

[3] Salvo disposición en contrario contenida en el presente documento, todas las citas ECF harán
referencia al Caso núm. 17-BK-3283-LTS.

7.       La Constitución de Puerto Rico autoriza al ELA a emitir deuda, con sujeción a determinadas limitaciones, incluida la capacidad del ELA de empeñar sus rentas. *Véase* Const. de Puerto Rico. artículo VI § 2. En 1961, la sección 2 del artículo VI de la Constitución de Puerto Rico fue modificada para limitar la contracción de la deuda por parte del ELA sobre la base del monto de la deuda que el ELA tuviera que haber pagado en relación con sus rentas históricas. Desde 1961, el ELA ha emitido bonos de obligación general por miles de millones de dólares presuntamente garantizados mediante la buena fe, el crédito y el poder de imponer contribuciones.

**C.      Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y Objeciones a reclamaciones**

8.       Hasta la fecha, se han radicado aproximadamente 17,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

9.       De las evidencias de reclamaciones radicadas, aproximadamente 111,300 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de fecha límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

10.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal

su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "<u>Moción de procedimientos globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden a) que aprueba procedimientos limitados relativos a objeciones globales, b) declara la renuncia al requisito contenido en la regla 3007(e)(6) de las Reglas de quiebras, y c) concede el remedio relacionado* [núm. ECF 4230]; *Procedimientos relativos a objeciones globales* [ECF núm. 4230-1] (conjuntamente, los "<u>Procedimientos iniciales relativos a objeciones globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos iniciales relativos a objeciones globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "<u>Orden de notificación</u>").

11.     En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos enmendados relativos a objeciones globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio

de la *Orden A) que aprueba Procedimientos enmendados relativos a objeciones globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos enmendados relativos a objeciones globales").

12.     Conforme a los Procedimientos iniciales relativos a objeciones globales y los Procedimientos enmendados relativos a objeciones globales, el Tribunal celebró vistas vinculadas con 157 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificadas como radicadas contra otros Deudores. El 11 de diciembre de 2019, se atendió a 20 objeciones globales no sustantivas y a 2 objeciones globales sustantivas a reclamaciones radicadas contra el ELA, la ACT y el SRE. Además, 27 objeciones globales a reclamaciones radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020, y 30 objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas los días 4 y 5 de marzo de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE

fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

13.     La presente Ducentésima primera objeción global se radica de conformidad con los Procedimientos enmendados relativos a objeciones globales del Tribunal.

**E.     Caso de Título III de COFINA y resolución de la controversia entre el ELA y COFINA**

14.     COFINA es una corporación pública y organismo del ELA, que constituye una entidad corporativa y política independiente y separada del ELA, creada en virtud de la Ley núm. 91 de la Asamblea Legislativa del ELA. Conforme a la Resolución enmendada y modificada sobre los bonos del fondo de interés apremiante, adoptada el 13 de julio de 2007, en su versión enmendada del 19 de junio de 2009, y de conformidad con otras resoluciones complementarias, COFINA emitió una serie de bonos por un monto total de aproximadamente $17,000 millones para, entre otras cosas, sufragar determinadas obligaciones de deuda del Banco Gubernamental de Fomento para Puerto Rico y de la Corporación para el Financiamiento Público de Puerto Rico (los "Bonos COFINA"). El Bank of New York Mellon actúa como fiduciario con respecto a los Bonos COFINA.

15.     . La Junta de Supervisión radicó el *Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III* (el "Plan") [ECF núm. 4652] el 9 de enero de 2019. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista celebrada los días 16 y 17 de enero de 2019.

16.     El 4 de febrero de 2019, el Tribunal confirmó el Plan que incorporaba el pacto y la conciliación de la controversia sobre si, luego de examinar todas las contestaciones y reconvenciones sustantivas y procesales, incluidas cuestiones constitucionales, los impuestos

sobre la venta y uso supuestamente empeñados por COFINA para garantizar la deuda son propiedad del ELA o de COFINA conforme a la normativa legal aplicable (la "Controversia entre el ELA y COFINA"). *Véase la Orden y la Sentencia que confirman el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico* [ECF núm. 5048]. Ese mismo día, el Tribunal aprobó el pacto y la conciliación de la Controversia entre el ELA y COFINA conforme al *Dictamen abreviado y orden que aprueba la conciliación entre el Estado Libre Asociado de Puerto Rico y la Corporación del Fondo de Interés Apremiante de Puerto Rico* [ECF núm. 5045] (la "Orden de conciliación"). El 5 de febrero de 2019, el Tribunal dictó una *Orden y Sentencia enmendadas que confirman el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III* [ECF núm. 5055] (la "Orden de confirmación enmendada"). El Plan entró en vigor el 12 de febrero de 2019 (la "Fecha de entrada en vigor"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Tercer plan enmendado de ajuste de la Corporación del Fondo de Interés Apremiante de Puerto Rico elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [Caso núm. 17 BK 3284-LTS, ECF núm. 587].

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17. Los Procedimientos enmendados relativos a objeciones globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas federales del procedimiento de quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales. La Ducentésima primera objeción global pretende que se rechacen, en su totalidad o en parte, de conformidad con la regla

3007(d)(6) de las Reglas federales del procedimiento de quiebra y los Procedimientos enmendados relativos a objeciones globales, cada una de las reclamaciones mencionadas en el **Anexo A** del presente documento (conjuntamente, "Reclamaciones relativas a los bonistas de COFINA"). La Ducentésima primera objeción global pretende que se rechacen las reclamaciones que pretenden recuperar montos, total o parcialmente, por los que el ELA no tiene responsabilidad porque las reclamaciones fueron 1) pactadas y conciliadas conforme a la Orden de conciliación y 2) liberadas y liquidadas conforme al Plan y a la Orden de confirmación enmendada.

18.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada una de las Reclamaciones relativas a los bonistas de COFINA pretende alegar, total o parcialmente, responsabilidad sobre la base de presunta propiedad de los bonos COFINA.[4] Algunas de las Reclamaciones relativas a los bonistas de COFINA fueron citadas específicamente en la controversia entre el ELA y COFINA como la base de la reclamación, mientras que otras Reclamaciones relativas a los bonistas de COFINA no brindaron ninguna explicación relativa al fundamento de la reclamación más allá de adjuntar un extracto de bonos

---

[4]  En la medida en que las Reclamaciones relativas a los bonistas de COFINA estuvieran concebidas para presentar una reclamación contra COFINA en el marco del Caso de Título III de COFINA, tales reclamaciones contra COFINA deben ser igualmente rechazadas y eliminadas porque fueron liberadas y liquidadas conforme al párrafo 29(a) de la Orden de confirmación enmendada y el Título 11 U.S.C., § 944, incorporados en PROMESA por el § 301(a) del mismo cuerpo legal. Además, cualquier reclamación de bonistas radicada contra COFINA sobre la base de los bonos emitidos por COFINA debe ser rechazada, de conformidad con la regla 3007(d)(1) de las Reglas federales del procedimiento de quiebra y los Procedimientos enmendados relativos a objeciones globales, por estar duplicada en relación con una o varias Evidencias de reclamaciones principales radicadas contra COFINA por el Bank of New York Mellon, en su calidad de fiduciario, en nombre de los tenedores de los Bonos COFINA, reclamaciones que fueron registradas por Prime Clerk, LLC como Evidencias de reclamaciones núms. 31920 (bonos subordinados) y 33139 (bonos prioritarios).

que mostraba la propiedad de los bonos emitidos por COFINA. Independientemente de si se hizo o no una referencia expresa a la Controversia entre el ELA y COFINA en las evidencias de reclamaciones o en la documentación justificativa, cualquier presunta responsabilidad del ELA en relación con los bonos emitidos por COFINA fue resuelta por la resolución de la Controversia entre el ELA y COFINA.

19.     Además, conforme al párrafo 55 de la Orden de conciliación, la totalidad de las reclamaciones contra el ELA, surgidas o vinculadas con la relación del ELA y COFINA, han sido liberadas. Orden de conciliación, ¶ 55 ("En la Fecha de entrada en vigor y en la máxima medida permitida por la normativa legal aplicable, el ELA debe ser liberado de toda responsabilidad derivada de la totalidad de las Reclamaciones y Casos radicados que posea cualquier Acreedor (según se define en el Plan COFINA), únicamente en tal capacidad, surgidos o vinculados con la relación entre el ELA y COFINA, han sido liberados, lo que incluye, entre otras cosas, cualquier Reclamación o Caso radicado surgidos o vinculados con el inicio del Procedimiento contencioso y con el hecho de que este estuviera pendiente de resolución, el pacto y la conciliación del caso *Bank of New York Mellon c. COFINA*, Proc. Cont. Núm. 17-00133, y la asignación de los fondos de conformidad con la Sección 2.1 del Plan COFINA").

20.     Además, conforme al párrafo 3(c) del Acuerdo de conciliación [ECF núm. 5045-1], de fecha 19 de octubre de 2018, que se adjunta a la Orden de conciliación (el "Acuerdo de conciliación"), y el párrafo 7 de la Orden de confirmación enmendada, el procedimiento contencioso entre el ELA y COFINA sobre la Controversia entre el ELA y COFINA ha sido rechazado de forma definitiva luego de la aprobación del pacto y la conciliación de la Controversia entre el ELA y COFINA. El párrafo 3(c) del acuerdo de conciliación dispone que "[e]n la Fecha de entrada en vigor . . . el Procedimiento contencioso debe ser rechazado, de

10

forma definitiva, y la totalidad de las demás reclamaciones y causas radicadas, alegadas en dicho procedimiento por el Agente del ELA, el Agente de COFINA y los Inversores autorizados, según la definición recogida en el Procedimiento contencioso, se considerarán rechazadas de forma definitiva . . . ."  El párrafo 7 de la Orden de confirmación enmendada dispone lo siguiente: "[t]ras el rechazo, de forma definitiva, del Procedimiento contencioso, se considerará que el Agente del ELA y el Agente de COFINA, junto con sus respectivos profesionales, han satisfecho la totalidad de sus correspondientes obligaciones en relación con el Procedimiento contencioso, y se considerará que el Agente del ELA y el Agente de COFINA han sido liberados de toda responsabilidad vinculada con dicho procedimiento".

21.     Es más, conforme al párrafo 29(f) de la Orden de confirmación enmendada, "[e]n la Fecha de entrada en vigor, y teniendo en consideración la Conciliación de la Controversia entre el ELA y COFINAS y la resolución de la Acción de consignación, en la máxima medida permitida por la normativa legal el ELA debe ser liberado de toda responsabilidad derivada de la totalidad de las Reclamaciones y Causas radicadas de cualquier Acreedor, únicamente en tal capacidad, surgidos o vinculados con la relación entre el ELA y COFINA, lo que incluye, entre otras cosas, cualquier Reclamación o Causa radicada surgidas o vinculadas con el inicio del Procedimiento contencioso y con el hecho de que este estuviera pendiente de resolución, y con el pacto y la conciliación de la Acción de consignación, así como la asignación de los fondos de conformidad con la Sección 2.1 del Plan". Orden de confirmación enmendada, ¶ 29(f).[5]  Puesto

---

[5] Conforme al Plan, "Reclamación" se define como "[c]ualquier derecho a un pago o cumplimiento, independientemente de si tal derecho consta en una sentencia, es liquidado, no liquidado, fijo, accidental, vencido, no vencido, controvertido, no controvertido, legal, en equidad, garantizado o no garantizado, conocido o desconocido, reclamado o no reclamado; o cualquier derecho a un remedio en equidad por incumplimiento o ejecución de un cumplimiento, independientemente de si tal derecho a un remedio en equidad consta en una sentencia, es fijo, accidental, vencido, no vencido, controvertido, no controvertido, garantizado o no garantizado, y

que las Reclamaciones relativas a los bonistas de COFINA pretenden atribuirle la responsabilidad al ELA por los bonos emitidos por COFINA, dichas reclamaciones surgen o están vinculadas con la relación entre el ELA y COFINA. En consecuencia, el ELA ha sido liberado de toda responsabilidad por las partes de las Reclamaciones relativas a los bonistas de COFINA en las que se alegan intereses en COFINA de conformidad con la Orden de conciliación, la Orden de confirmación enmendada y el Plan.

22.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Ducentésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones presentadas por los Bonistas de COFINA,* de fecha 11 de junio de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

23.     De conformidad con los Procedimientos enmendados relativos a objeciones globales y la Orden de notificación del Tribunal, el ELA notifica la presente Ducentésima primera objeción global a) a los acreedores individuales objeto de esta Ducentésima primera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en la doceava orden enmendada a los *Procedimientos de administración de casos* [ECF núm. 13383-1], disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a la Ducentésima primera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima primera objeción global y de la totalidad de los anexos adjuntos al presente se están

---

la totalidad de las deudas, procesos, indemnizaciones por daños y perjuicios, derechos, remedios, pérdidas, responsabilidades, obligaciones, sentencias, acciones, causas radicadas, procedimientos o reclamaciones de cualquier tipo o naturaleza, en derecho, equidad o de cualquier otra forma". Plan § 1.53.

radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

24.     La presente Ducentésima primera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en los Casos de Título III, a objetar a las Reclamaciones relativas a los bonistas de COFINA o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas de los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas de los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

25.     No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima primera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

13

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha: 11 de junio de 2020
San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en ingles]*
Ricardo Burgos-Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos
San Juan, PR 00918
Tel.: (787) 751-6764
Fax: (787) 763-8260

*[Firma en la versión en ingles]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la*
*Junta de Supervisión y Administración*
*Financiera para Puerto Rico,*
*como representante del*
*Estado Libre Asociado de Puerto Rico*