## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br><br>THE COMMONWEALTH OF PUERTO RICO, ET<br>AL.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |

**JOINDER OF ERS BONDHOLDERS IN AMBAC ASSURANCE CORPORATION'S
MOTION FOR RULE 2004 DISCOVERY CONCERNING COMMONWEALTH ASSETS
[ECF 9022] AND COMMONWEALTH CASH RESTRICTION ANALYSIS [ECF 9023]**

To the Honorable United States Magistrate Judge Judith Gail Dein:

1.      The ERS Bondholders[2] hereby file this joinder (the "Joinder") in (i) *Ambac
Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree

*Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] and (ii) *Ambac Assurance
Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004
Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023] (together, the "Rule 2004
Motions").[3] In support of its Joinder, the ERS Bondholders respectfully state as follows:

2.      On January 23, 2020, the Court entered an order [ECF No. 10332] (the "Motion
to Strike Order") denying the *Urgent Motion of the Financial Oversight and Management Board
for Puerto Rico and the Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike
the Rule 2004 Motions* [ECF No. 9131]. In the Motion to Strike Order, the Court instructed the
parties to the Rule 2004 Motions to meet and confer "to identify parameters for disclosure that
are substantially narrower than the requests set forth in the Rule 2004 Motions and that are
designed to provide Ambac with core information sufficient to obtain a basic understanding of
major aspects of the Commonwealth's financial condition that will be relevant to a plan of
adjustment." Motion to Strike Order at 8–9. The Motion to Strike Order also provided that
"Ambac is one of many creditors entitled to basic information concerning the financial condition
of this Debtor [and thus a]ny plan for compliance should provide opportunities for [the Oversight
Board and AAFAF] to identify, organize, and disclose a core body of information in a manner
that will not be unduly expensive or disruptive of operations and that will facilitate efficient
responses to future similar requests." *Id.* at 9.

---

Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger
Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, SV Credit, L.P.

Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree
Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment
Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund
X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold
through Oaktree Opps X Holdco Ltd.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Rule 2004 Motions.

3.      As of the date of this filing, there have been four joinders filed in this matter.[4] The
Court issued an order ruling on these joinders on February 6, 2020 [ECF No. 10727] (the "Order
on Joinders"). In it, the Court kept the joinders pending as to the requests to obtain discovery
produced to Ambac and participate in depositions and denied the joinders' request to participate
in the meet and confer process ordered by the Court in its Motion to Strike Order, but noted "that
nothing in the Order precludes the Oversight Board, AAFAF, and Ambac from including these
parties from participating in devising a coordinated discovery plan and schedule." Order on
Joinders at 3. The Order on Joinders also required the parties to submit a joint status report to
respond to the joinders. *Id.*

4.      In their joint status report of February 12, 2020 [ECF No. 10875] (the "Joint
Status Report"), the Parties noted that they voluntarily allowed the joinder entities to participate
in the February 3, 2020 meet and confer. The Parties also said they "do not presently object to
the Joinder Entities' continued participation, provided it does not compromise the productivity of
the Parties' discussions." Joint Status Report at 4. The Parties agreed to provide the joinder
entities the documents the Government Parties produce in response to Ambac's Rule 2004
Requests, subject to the entry of an appropriate protective order. With respect to depositions, the
Parties did not object to the joinder entities attending or receiving transcripts of any depositions
that may take place in connection with Ambac's Rule 2004 Motions. However, the Parties
reserved their rights with respect to whether the joinder entities may ask questions at those
depositions taken in connection with the Rule 2004 Motions.

---

[4] Assured Guaranty Corp., Assured Guaranty Municipal Corp. (f/k/a Financial Security Assurance Inc.)
(together," Assured") and National Public Finance Corporation ("National ") [ECF No. 10593], the Official
Committee of Unsecured Creditors (the "UCC") [ECF No. 10425], Salud Integral en la Montana ("SIM") [ECF No.
10401] and Financial Guarantee Insurance Company ("FGIC") [ECF No. 10605].

5.      The Court adopted the Parties' proposed confidentiality agreement for the
production of documents in connection with the Rule 2004 Motions on April 21, 2020 [ECF No.
12920] (the "Confidentiality Agreement").

6.      The ERS Bondholders hereby join in the Rule 2004 Motions so that they may
obtain the same information as Ambac related to the Commonwealth's financial condition and
participate in any meet and confer process related thereto. As Ambac noted in the Rule 2004
Motions, the Commonwealth's creditors need transparency into its financial condition to fully
evaluate its proposed plan of adjustment and to understand the full range of Commonwealth
assets available to pay its creditors. *See* ECF No. 9022 at 1-2. The ERS Bondholders are entitled
to this information to the same extent as Ambac and other creditors.

7.      ERS Bondholders, therefore, respectfully request that any further order entered by
the Court with respect to the Rule 2004 Motions expressly provide that ERS Bondholders shall
receive all documents obtained by Ambac as a result of the Rule 2004 Motions, be included in
any "meet and confer" process related to the Rule 2004 Motions, and participate in any
depositions taken in connection with the Rule 2004 Motions. The ERS Bondholders further
respectfully request that they be included in the Rule 2004 discovery process currently underway
between the Parties and joinder entities and have the same status and rights as the other entities
that have previously filed joinders in connection with the Rule 2004 Motions.

8.      Counsel to the ERS Bondholders will sign the Confidentiality Agreement to gain
access to the Rule 2004 discovery process.

9.      Nothing herein shall prejudice the ERS Bondholders' rights to independently seek
Rule 2004 discovery, or other discovery, from the Oversight Board, AAFAF, the
Commonwealth, or any other entity.

4

10.     The ERS Bondholders reached out to Ambac and the Government Parties several
weeks ago informing them that the ERS Bondholders would be filing this joinder and seeking to
participate in the Rule 2004 discovery process.  Counsel to Ambac responded that they agreed
that the ERS Bondholders could participate in the meet-and-confers and receive copies of the
discovery produced, although they would take the position that any joinder motion be denied.
Counsel to the Government Parties did not respond.

11.     The ERS Bondholders intend to cooperate with Ambac and the Government
Parties in the Rule 2004 discovery process, but file this joinder to the Rule 2004 Motions in order
to preserve their rights.

*[Remainder of Page Intentionally Left Blank]*

In San Juan, Puerto Rico, today June 12, 2020.

/s/Alfredo Fernández-Martínez
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511


Sarah Podmaniczky McGonigle (*pro hac vice*)
David R. Fox (*pro hac vice*)
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Tel. (617) 449-6943
Fax: (617) 449-6999
smcgonigle@jonesday.com
drfox@jonesday.com

/s/ Geoffrey S. Stewart
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit, L.P.*