Hearing Date: **July 29, 2020, at 9:30AM (Atlantic Standard Time)**
Response Deadline: **July 14, 2020 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### TWO HUNDRED EIGHTH OMNIBUS OBJECTION
### (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO
### TO DEFICIENT CLAIMS PROVIDING NO BASIS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA"),² files this objection (the "Two Hundred Eighth Omnibus Objection") to the deficient proofs of claim listed on **Exhibit A** hereto, which failed to provide any basis for the asserted claim, and in support of the Two Hundred Eighth Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the Commonwealth Title III Case**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

---

² PROMESA is codified at 48 U.S.C. §§ 2101-2241.

³ All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

claim in the Commonwealth Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.       Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

5.       To date, approximately 174,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.       Of the proofs of claim filed, approximately 111,300 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.       In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,

3

Case:17-03283-LTS Doc#:13418 Filed:06/12/20 Entered:06/12/20 11:07:29 Desc: Main
Document Page 4 of 17

the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred fifty-seven omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), as well as thirty-three individual objections. After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections,

resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019. Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and granted on March 4 and 5, 2020. Based upon rulings and orders of the Court to date, approximately 56,000 claims asserting $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

10. This Two Hundred Eighth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11. The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

12. The Two Hundred Eighth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims"), as such proofs of claim failed to comply with the applicable rules for filing a claim and the Bar Date Orders.

13. Each of the Deficient Claims failed to comply with the applicable rules for filing a

5

claim by not providing a basis for asserting the claim against the Commonwealth. Some of the Deficient Claims state only the claimant's name and address, submitting an otherwise blank proof of claim. Other Deficient Claims state the claimant's name and address and respond to some questions on the proof of claim form, but leave the basis for the claim blank. Each of the Deficient Claims fails to provide any information identifying the source of the obligations or explaining why the Commonwealth, HTA, ERS, or any other Title III debtor are liable to the claimant. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims. Accordingly, the Deficient Claims should be disallowed in their entirety.

14. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Two Hundred Eighth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims*, dated June 12, 2020, attached hereto as **Exhibit B**.

## NOTICE

15. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth has provided notice of this Two Hundred Eighth Omnibus Objection to (a) the individual creditors subject to this Two Hundred Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Twelfth Amended Case Management Procedures* [ECF No. 13383-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Two Hundred Eighth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Two Hundred Eighth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

16. This Two Hundred Eighth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Deficient Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Two Hundred Eighth Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: June 12, 2020  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*  
Hermann D. Bauer  
USDC No. 215205  
Daniel J. Perez-Refojos  
USDC No. 303909  
Gabriel A. Miranda  
USDC No. 306704  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*

**Fecha de la vista: 29 de julio de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 14 de julio de 2020, a las 04:00 p.m. (AST)**

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante <br><br> DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

**DUCENTÉSIMA OCTAVA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DEFICIENTES QUE NO PROPORCIONAN NINGÚN FUNDAMENTO**

El Estado Libre Asociado de Puerto Rico (el "ELA"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente objeción global (la "Ducentésima octava objeción global") a las evidencias de reclamaciones deficientes que se mencionan en el **Anexo A** del presente, que no han proporcionado ningún fundamento para la reclamación radicada, y en apoyo de la Ducentésima octava objeción global manifiesta respetuosamente lo siguiente:

**JURISDICCIÓN**

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

**ANTECEDENTES**

A. **Órdenes de fecha límite en el Caso de Título III del ELA**

3. El 3 de mayo de 2017 la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA").

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

2

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][3] (la "<u>Moción de fecha límite</u>"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "<u>Orden inicial de fecha límite</u>"), el Tribunal concedió el remedio solicitado en la Moción de fecha límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III del ELA. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden inicial de fecha límite, las "<u>Órdenes de fecha límite</u>"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B. Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y Objeciones a reclamaciones**

5. Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6. De las evidencias de reclamaciones radicadas, aproximadamente 111,300 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de fecha límite, muchas de estas reclamaciones no tenían que

---

[3] Todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de procedimientos globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a objeciones globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos iniciales relativos a objeciones globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos iniciales relativos a objeciones globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de notificación").

8. En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

4

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos enmendados relativos a objeciones globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos enmendados relativos a objeciones globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos enmendados relativos a objeciones globales").

9. Conforme a los Procedimientos iniciales relativos a objeciones globales y los Procedimientos enmendados relativos a objeciones globales, el Tribunal celebró vistas vinculadas con 157 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificadas como radicadas contra otros Deudores. Veintidós objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 27

objeciones globales a reclamaciones radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020, y 30 objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas los días 4 y 5 de marzo de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

10. La presente Ducentésima octava objeción global se radica de conformidad con los Procedimientos enmendados relativos a objeciones globales del Tribunal.

## **OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

11. Los Procedimientos enmendados relativos a objeciones globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas federales del procedimiento de quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales.

12. La Ducentésima octava objeción global pretende que se rechace, de conformidad con la regla 3007(d)(6) de las Reglas federales del procedimiento de quiebra y los Procedimientos enmendados relativos a objeciones globales, cada una de las evidencias de reclamaciones que figura en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones deficientes"), puesto que dichas evidencias de reclamaciones no cumplieron con las normas aplicables a la radicación de reclamaciones y las Órdenes de fecha límite.

13. Ninguna de las Reclamaciones deficientes cumplió con las normas aplicables a la radicación de reclamaciones al no proporcionar una base para alegar la reclamación contra el ELA. En algunas de las Reclamaciones deficientes solo se indica el nombre y la dirección de la

6

demandante, y por lo demás se radica una evidencia de reclamaciones en blanco. En otras Reclamaciones deficientes se indica el nombre y la dirección de la demandante y se contesta a algunas preguntas relativas al formulario de evidencia de reclamaciones, si bien se deja en blanco el fundamento de la reclamación. Ninguna de las Reclamaciones deficientes proporciona información que identifique la fuente de las obligaciones o que explique el motivo por el que el ELA, la ACT, el SRE o cualquier otro Deudor de Título III son responsables ante la demandante. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones deficientes. Por lo tanto, las Reclamaciones deficientes deben ser rechazadas en su totalidad.

14. En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Ducentésima octava objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones deficientes*, de fecha 12 de junio de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

15. De conformidad con los Procedimientos enmendados relativos a objeciones globales y la Orden de notificación del Tribunal, el ELA ha notificado la presente Ducentésima octava objeción global a) a los acreedores individuales objeto de esta Ducentésima octava objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 12* [ECF núm. 13383-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a esta Ducentésima octava objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima octava objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se

trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

16. La presente Ducentésima octava objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones deficientes o a cualesquiera otras reclamaciones sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a oponerse a cualesquiera reclamaciones sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

17. No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima octava objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

8

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha: 12 de junio de 2020
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en ingles]*
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en ingles]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico*

9