**EXHIBIT B**
**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE TWO HUNDRED TENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico.

3. I submit this declaration in support of the *Two Hundred Tenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* (the "Two Hundred Tenth Omnibus Objection").[3] I have personally reviewed the Two Hundred Tenth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Two Hundred Tenth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Two Hundred Tenth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Two Hundred Tenth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Two Hundred Tenth Omnibus Objection (collectively, the "Claims to be Disallowed") each failed to provide a basis for asserting a claim against the Commonwealth. Each of the Claims

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Tenth Omnibus Objection.

to be disallowed purport to assert liabilities associated with the Puerto Rico Aqueduct and Sewer Authority, the Fondo Seguro del Estado, the Centro Cardiovascular de Puerto Rico, and/or the Centro de Recaudación de Ingresos Municipales, which are not one of the Title III Debtors, but fails to explain how or why those purported liabilities provided a basis for asserting a claim against the Commonwealth. Accordingly, for the foregoing reasons, the Commonwealth is unable to determine the validity of the Claims to Be Disallowed, and the Commonwealth requests that the Claims to Be Disallowed be disallowed in their entirety.

6. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Two Hundred Tenth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 12, 2020

            By: /s/ Jay Herriman
               Jay Herriman

## **ANEXO B**
**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante<br><br>DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br><br>Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA DUCENTÉSIMA DÉCIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES EN LAS QUE SE ALEGAN RESPONSABILIDADES DE LAS ENTIDADES QUE NO SON DEUDORES CONFORME AL TÍTULO III

Yo, Jay Herriman, de conformidad con el título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico.

3. Realizo esta declaración en apoyo de la *Ducentésima décima objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones en las que se alegan responsabilidades de las entidades que no son deudores conforme al Título III* (la "Ducentésima décima objeción global").[3] He revisado personalmente la Ducentésima décima objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Ducentésima décima objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Ducentésima décima objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima décima objeción global.

2

identificación de las reclamaciones que han de ser rechazadas, según se identifica en el <u>Anexo A</u> de la Ducentésima décima objeción global.

5. A mi fiel saber y entender, las reclamaciones mencionadas en el <u>Anexo A</u> de la Ducentésima décima objeción global (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") no brindaron ninguna base para alegar una reclamación contra el ELA. Cada una de las Reclamaciones que han de ser rechazadas pretende alegar responsabilidades vinculadas con la Autoridad de Acueductos y Alcantarillados de Puerto Rico, el Fondo Seguro del Estado, el Centro Cardiovascular de Puerto Rico y/o el Centro de Recaudación de Ingresos Municipales, que no son Deudores conforme al Título III, si bien no ha explicado cómo o por qué esas presuntas responsabilidades brindaban una base para alegar una reclamación contra el ELA. En consecuencia, por los motivos anteriormente expuestos, el ELA no puede determinar la validez de las Reclamaciones que han de ser rechazadas, por lo que el ELA solicita que las Reclamaciones que han de ser rechazadas sean rechazadas en su totalidad.

6. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Ducentésima décima objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 12 de junio de 2020

                                                       Por: *[Firma en la versión en ingles]*
                                                           Jay Herriman