# EXHIBIT D

## Proposed Order

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### ORDER GRANTING TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS BASED ON INVESTMENTS IN MUTUAL FUNDS

Upon the *Two Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* ("Two Hundred Sixteenth Omnibus Objection")[2] filed by the Commonwealth of Puerto Rico (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Sixteenth Omnibus Objection.

"Commonwealth"), dated July 14, 2020, for entry of an order disallowing in their entirety certain claims filed against the Commonwealth, as more fully set forth in the Two Hundred Sixteenth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Two Hundred Sixteenth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Two Hundred Sixteenth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to Two Hundred Sixteenth Omnibus Objection seek recovery of amounts for which the Commonwealth is not liable; and the Court having determined that the relief sought in the Two Hundred Sixteenth Omnibus Objection is in the best interest of the Commonwealth and its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Two Hundred Sixteenth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Two Hundred Sixteenth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the claims identified in Exhibit A to the Two Hundred Sixteenth Omnibus Objection are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk is authorized and directed to delete the claims identified in Exhibit A to the Two Hundred Sixteenth Omnibus Objection from the official claims registry in the Commonwealth Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

# **ANEXO D**

**Orden propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante <br><br> DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

**ORDEN POR LA QUE SE CONCEDE LA DUCENTÉSIMA DÉCIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES BASADAS EN LAS INVERSIONES EN FONDOS MUTUOS**

Vista la *Ducentésima décima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones basados en las inversiones en fondos mutuos*

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

("<u>Ducentésima décima sexta objeción global</u>")[2] radicada por el Estado Libre Asociado de Puerto Rico (el "<u>ELA</u>"), de fecha 14 de julio de 2020, para que se dicte una orden que rechace en su totalidad determinadas reclamaciones radicadas contra el ELA, y según se establece con más detalle en la Ducentésima décima sexta objeción global y en sus correspondientes anexos justificativos; y al tener el Tribunal jurisdicción para atender la Ducentésima décima sexta objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Ducentésima décima sexta objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiendo determinado el Tribunal que las reclamaciones mencionadas en el <u>Anexo A</u> de la Ducentésima décima sexta objeción global pretenden obtener la recuperación de montos por los que el ELA no es responsable; y habiendo determinado el Tribunal que el remedio solicitado en la Ducentésima décima sexta objeción global redunda en el mejor interés del ELA y sus acreedores, y de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Ducentésima décima sexta objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello,

SE ORDENA que SE CONCEDA la Ducentésima décima sexta objeción global, según se establece en el presente documento; además

SE ORDENA que las reclamaciones identificadas en el <u>Anexo A</u> de la Ducentésima décima sexta objeción global se rechacen en su totalidad; asimismo

---

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima Décima Sexta objeción global.

2

SE ORDENA que Prime Clerk quede autorizada, y reciba instrucciones, para eliminar las reclamaciones identificadas en el <u>Anexo A</u> de la Ducentésima décima sexta objeción global, del registro oficial de reclamaciones en el marco del Caso de Título III del ELA; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

Fecha: _____

      Su señoría, la juez Laura Taylor Swain
      Juez de Distrito de los Estados Unidos