**Hearing Date: July 29, 2020 at 9:30AM (Atlantic Standard Time)**
**Response Deadline: July 14, 2020 at 4:00PM (Atlantic Standard Time)**

<div style="border:1px solid black">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**TWO HUNDRED SEVENTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE BOND CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") and the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "<u>Debtors</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to Section 315(b)

of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this

omnibus objection (the "Two Hundred Seventeenth Omnibus Objection") to the proofs of claim

incorrectly asserted against the Commonwealth or ERS, each as listed on **Exhibit A** hereto, and in

support of the Two Hundred Seventeenth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A.      The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21,

2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections

104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section

304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the

Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the Court entered an order

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

granting the joint administration of the Title III Cases for procedural purposes only.  ECF No.
537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines
and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice
Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in
the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the
Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors,
the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and
(B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar
Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic
Time).

**B.      Bond Debt Master Claims and Operations and Bond Debt of the Commonwealth**

5.      Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any
similar agent or nominee for each respective series of bonds issued by one of the Debtors or a non-
debtor may file a master proof of claim against the applicable debtor on behalf of themselves and
all holders of bond claims for the respective series of bonds for obligations arising under the
respective trust agreements, resolutions, or similar bond documents.  Initial Bar Date Order, ¶ 5(a).

6.      The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution")
became effective in 1952.  The P.R. Constitution created the Commonwealth as the central

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No.
17 BK 3283-LTS.

government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive. *See* P.R. Const., Art. I, §§ 1, 2. The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues. *See* P.R. Const. Art. VI § 2. In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

7.     Master proofs of claim have been filed on behalf of the holders of certain bonds issued by, among others, ERS; the Puerto Rico Infrastructure Financing Authority ("PRIFA"); and the Puerto Rico Public Financing Corporation ("PRPFC").

8.     *ERS* - ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees. ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities. *See* 3 L.P.R.A § 775. Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds") in the aggregate original principal amount of approximately $2.9 billion.[4] BNYM serves as the fiscal agent with respect to the ERS Bonds. On behalf of the holders of the ERS Bonds, BNYM filed a master proof of claim in the Commonwealth Title III Case (the "ERS Master

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void. On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*. ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS Bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

Proof of Claim"), asserting claims against ERS based on, among other things, the enactment of Joint Resolution 188 and Law 106, which together created a "pay as you go" retirement system whereby pensioners are paid from the general funds of the Commonwealth, instead of Employers' Contributions, which is alleged to be collateral for the Bonds.  BNYM initially filed one proof of claim that was logged by Prime Clerk, LLC, on May 24, 2018 as Proof of Claim No. 16775, and then filed an amended claim, on May 25, 2018, that was logged by Prime Clerk, LLC, as Proof of Claim No. 32004.[5]  BNYM also filed a master proof of claim in the ERS Title III Case with respect to the ERS Bonds, asserting approximately $3.8 billion in liabilities plus unliquidated amounts, which was logged by Prime Clerk as Proof of Claim No. 16777 (together with Proof of Claim Nos. 16775 and 32004 the "ERS Master Claims").

9.     *PRIFA* - PRIFA is an affiliate of the Government Development Bank ("GDB") and is a government instrumentality of the Commonwealth. PRIFA was created in 1988 by Act 44-1988 (the "PRIFA Enabling Act").  PRIFA provides financial, administrative and other types of assistance to the Commonwealth, its public corporations and other instrumentalities responsible for developing and operating infrastructure facilities.  On behalf of the holders of various bonds and notes issued by PRIFA (collectively, the "PRIFA Bonds"), master proofs of claim were asserted against the Commonwealth (collectively, the "PRIFA Master Claims") by BNYM, US Bank, and UMB Bank, N.A.  US Bank filed a master proof of claim with respect to certain PRIFA Bonds, which was logged by Prime Clerk, LLC, as Proof of Claim No. 13386, on behalf of holders

---

[5] On May 22, 2019, the Commonwealth filed an objection to the ERS Master Proof of Claim.  See Objection of Financial Oversight and Management Board, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against the Commonwealth by the Bank of New York Mellon, As Fiscal Agent (Claim No. 16775) [ECF No. 7075].  For the avoidance of doubt, this Two Hundred Seventeenth Omnibus Objection is without prejudice to the parties' rights with respect to such objection, including any rights to intervene, which are reserved.

of PRIFA Rum Tax Bonds (Special Tax Revenue Bonds, Series 2005A, 2005B, 2005C, and Series 2006B), asserting "claims for contingent, unliquidated amounts for interest payable in the future, interest accrued and accruing in the future as to past due principal and interest, fees and costs and indemnity claims of the Trustee to be incurred in the future under the Bond Documents, and all other amounts owed on account of any and all claims the Trustee has or may have relating to the outstanding Bond obligations, amount not less than $249,099,446.17 . . . ." Rider to Proof of Claim No. 13386, ¶ 26.

10.    *PRPFC* – PFC is a subsidiary corporation of GDB created pursuant to Resolution No. 5044 of the Board of Directors of GDB, as amended ("Resolution No. 5044"), adopted pursuant to the authority granted under Act No. 17 of the Legislature of Puerto Rico, approved September 23, 1948, as amended.   It provides government agencies, instrumentalities, municipalities and other subdivisions of the Commonwealth with alternative mechanisms to meet their financing needs.   PRPFC has the capacity to borrow money and issue debt through the issuance of bonds and other obligations.  U.S. Bank Trust serves as trustee for certain Series 2012A and Series 2011A and B bonds issued by the PRPFC (the "PRPFC Bonds").   On behalf of the holders of the PRPFC Bonds, US Bank Trust filed a proof of claim against the Commonwealth, which was logged by Prime Clerk, LLC, as Proof of Claim No. 13374.

**C.    Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.    To date, approximately 174,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.   Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.    Of the proofs of claim filed, approximately 111,300 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.   Over 52,600 proofs of claim have been

filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the terms of the

Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other

flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are

liable, being duplicative of other proofs of claim, or failing to provide information necessary for

the Debtors to determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as

possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order*

*(A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of*

*Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus

Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion

by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection*

*Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting*

*Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,

the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English

and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with

the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions*

*of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claims in an

efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking,

among other things, to allow the Debtors to file omnibus objections on substantive bases, to further

expand the number of claims that may be included on an objection, and to approve additional

forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus*

*Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving*

*Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred fifty-seven omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or ERS, as well as thirty-three individual objections.  After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors.  Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019.  Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and granted on March 4 and March 5, 2020.  Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS, have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

16.    This Two Hundred Seventeenth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17.    The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.    The Two Hundred Seventeenth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, claims that are substantively duplicative of other proofs of claim filed in the Title III Cases.

19.    Each claim identified in **Exhibit A** hereto (collectively, the "Duplicate Bond Claims") purports to assert liability against the Commonwealth or ERS associated with one or more bonds that is duplicative of one or more Master Proofs of Claim, which as described above were filed in the Title III Cases.  As a result, the Duplicate Bond Claims should be disallowed in their entirety.  Any failure to disallow the Duplicate Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against the Commonwealth, HTA, or ERS, to the detriment of other stakeholders in the Title III Cases.  The holders of the Duplicate Bond Claims will not be prejudiced by the disallowance of such claims because the liabilities associated with their claims are subsumed within one or more Master Proofs of Claim.

20.    In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Two Hundred Seventeenth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the*

*Commonwealth of Puerto Rico to Duplicate Bond Claims*, dated June 12, 2020, attached hereto as **Exhibit B**.

## NOTICE

21.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Two Hundred Seventeenth Omnibus Objection to (a) the individual creditors subject to this Two Hundred Seventeenth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Twelfth Amended Case Management Procedures* [ECF No. 13383-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.   A copy of the notice for this Two Hundred Seventeenth Omnibus Objection is attached hereto as **Exhibit C**.   Spanish translations of the Two Hundred Seventeenth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

22.     No prior request for the relief sought in this Two Hundred Seventeenth Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form
of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)
granting the Debtors such other and further relief as is just.

Dated: June 12, 2020
     San Juan, Puerto Rico

                                   Respectfully submitted,

                                   /s/ *Hermann D. Bauer*
                                   Hermann D. Bauer
                                   USDC No. 215205
                                   Daniel J. Perez-Refojos
                                   USDC No. 303909
                                   Gabriel A. Miranda
                                   USDC No. 306704
                                   **O'NEILL & BORGES LLC**
                                   250 Muñoz Rivera Ave., Suite 800
                                   San Juan, PR 00918-1813
                                   Tel:  (787) 764-8181
                                   Fax:  (787) 753-8944

                                   /s/ *Martin J. Bienenstock*
                                   Martin J. Bienenstock (*pro hac vice*)
                                   Brian S. Rosen (*pro hac vice*)
                                   **PROSKAUER ROSE LLP**
                                   Eleven Times Square
                                   New York, NY 10036
                                   Tel:  (212) 969-3000
                                   Fax:  (212) 969-2900

                                   *Attorneys for the Financial Oversight and
                                   Management Board for Puerto Rico, as
                                   representative for the Commonwealth of
                                   Puerto Rico, and the Employees Retirement
                                   System for the Government of the
                                   Commonwealth of Puerto Rico*

**Fecha de la vista: 29 de julio de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 14 de julio de 2020, a las 04:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante<br><br>DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

---

**DUCENTÉSIMA DÉCIMA SÉPTIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DUPLICADAS POR BONOS**

---

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS", y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta objeción global (la "Ducentésima décima séptima objeción global") a las evidencias de reclamaciones radicadas incorrectamente contra el ELA y el SRE, según aparecen en el **Anexo A** del presente documento, y en apoyo de la Ducentésima décima séptima objeción global respetuosamente manifiestan lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A. Órdenes de fecha límite

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101-2241.

reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de fecha límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden inicial de fecha límite"), el Tribunal concedió el remedio solicitado en la Moción de fecha límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden inicial de fecha límite, las "Órdenes de fecha límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.     Reclamaciones y operaciones principales relativas a la deuda de los bonos y la deuda de los bonos del ELA**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

5.      Conforme a la Orden inicial de fecha límite, fiduciarios autorizados, agentes fiscales o cualquier otro agente o apoderado similar en relación con cada serie respectiva de bonos emitidos por uno de los Deudores o por un no deudor, podrán radicar una evidencia de reclamaciones principal contra el deudor pertinente, en su propio nombre y en el de todos los tenedores de las reclamaciones por bonos relacionadas con la respectiva serie de bonos en relación con las obligaciones surgidas de los respectivos acuerdos fiduciarios, resoluciones o documentos similares vinculados con los bonos. Orden inicial de fecha límite, ¶ 5(a).

6.      La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de Puerto Rico") entró en vigor en 1952. La Constitución de Puerto Rico creó el ELA como el Gobierno central de Puerto Rico, de "forma republicana" y dividida en tres poderes: legislativo, ejecutivo y judicial. *Véase* Const. de Puerto Rico, artículo I, §§ 1, 2. La Constitución de Puerto Rico autoriza al ELA a emitir deuda, con sujeción a determinadas limitaciones, incluida la capacidad del ELA de empeñar sus rentas. *Véase* Const. de Puerto Rico. artículo VI § 2. En 1961, la sección 2 del artículo VI de la Constitución de Puerto Rico fue modificada para limitar la contracción de la deuda por parte del ELA sobre la base del monto de la deuda que el ELA tuviera que haber pagado en relación con sus rentas históricas.

7.      Se han radicado evidencias de reclamaciones principales en nombre de los tenedores de determinados bonos emitidos por el SRE, entre otros; la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (la "AFI"); y la Corporación para el Financiamiento Público de Puerto Rico (la "CFP").

8.      *SRE:* el SRE es un trust establecido por el ELA en 1951 para fomentar el bienestar económico de los empleados públicos. El SRE es un organismo gubernamental, separado e independiente del Gobierno del ELA y de otros de sus órganos. *Véase* 3 L.P.R.A § 775.

4

Presuntamente, conforme a la *Resolución sobre bonos para el financiamiento de pensiones*, adoptada el 24 de enero de 2008, y las resoluciones complementarias, el SRE emitió unos bonos prioritarios y subordinados relativos al financiamiento de pensiones (los "Bonos del SRE"), por un monto total del principal de aproximadamente $2900 millones. [4]   BNYM actúa como agente fiscal con respecto a los Bonos del SRE. En nombre de los tenedores de los Bonos del SRE, BNYM radicó una evidencia de reclamaciones principal en el marco del Caso de Título III del ELA (la "Evidencia de reclamaciones principal SRE"), alegando reclamaciones contra el SRE entre otras cosas sobre la base de la adopción de la Resolución conjunta 188 y la Ley 106, que juntas crearon un sistema de retiro "pay as you go" en virtud del cual los pensionados reciben pagos de los fondos generales del ELA, en lugar de las Contribuciones de los empleadores, que presuntamente constituye garantía de los Bonos. BNYM radicó inicialmente una evidencia de reclamaciones que fue registrada por Prime Clerk, LLC, el 24 de mayo de 2018, como Evidencia de reclamaciones núm. 16775, y posteriormente radicó una reclamación enmendada, el 25 de mayo de 2018, que fue registrada por rime Clerk, LLC como Evidencia de reclamaciones núm. 32004. [5]   El BNYM

---

[4]  El 12 de marzo de 2019, el Comité Oficial de Acreedores no Asegurados radicó una *Objeción global a reclamaciones radicadas por los tenedores de los bonos emitidos por el SRE* [Causa núm. 17-3566, ECF núm. 381], sobre el motivo de los bonos supuso un exceso de la potestad legal del SRE, por lo que era *ultra vires*, lo cual convertía los Bonos del SRE en nulos de pleno derecho. El 23 de abril de 2019, el Comité Oficial de Retirados del Estado Libre Asociado de Puerto Rico radicó una *Objeción global del Comité Oficial de Retirados del Estado Libre Asociado de Puerto Rico, conforme al Código de quiebras, artículo 502, y la regla 3007 de las Reglas de quiebras, a reclamaciones radicadas o alegadas por los tenedores de los Bonos del SRE contra el SRE y el ELA* [ECF núm. 6482], sobre el motivo, entre otros, de que la emisión de los bonos fue *ultra vires*. El SRE se reserva los derechos a impugnar la emisión de los bonos sobre cualquier motivo, también sobre el motivo de que los bonos del SRE eran *ultra vires*, y cualquier otro motivo recogido en las objeciones precedentes.

[5]  El 22 de mayo de 2019, el ELA radicó una objeción a la Evidencia de reclamaciones principal del SRE. Véase Objeción de la Junta de Supervisión y Administración Financiera, conforme al artículo 502 del Código de quiebras y la regla 3007 de las Reglas de quiebras, a las reclamaciones radicadas o alegadas contra el ELA por el Bank of New York Mellon, como agente fiscal (Reclamación núm. 16775) [ECF núm. 7075]. En aras de la claridad, la presente Ducentésima décima séptima objeción global se radica sin perjuicio de los derechos de las partes en relación con dicha objeción, lo que incluye cualesquiera derechos a intervenir, que quedan reservados.

también presentó una evidencia de reclamaciones principal en el marco del Caso de Título III del SRE en relación con los Bonos del SRE, reclamando aproximadamente $3800 millones en concepto de responsabilidades más montos no liquidados, que fue registrada por Prime Clerk como Evidencia de reclamaciones núm. 16777 (junto con las Evidencias de reclamaciones núms. 16775 y 32004, las "Reclamaciones principales del SRE").

9.       *AFI*: la AFI es una filial del Banco Gubernamental de Fomento (el "BGF") y constituye una dependencia del Gobierno del ELA. La AFI fue creada en 1988 mediante la Ley 44-1988 (la "Ley para crear la AFI"). La AFI brinda asistencia financiera, administrativa y de otro tipo al ELA, a sus corporaciones públicas y a otras dependencias encargadas del desarrollo y del funcionamiento de las infraestructuras. En nombre de los tenedores de varios bonos y pagarés emitidos por la AFI (conjuntamente, "Bonos de la AFI"), se radicaron evidencias de reclamaciones principales contra el ELA (conjuntamente, las "Reclamaciones principales de la AFI") por parte de BNYM, US Bank y UMB Bank, N.A. US Bank radicó una evidencia de reclamaciones principal en relación con determinados Bonos de la AFI, que fue registrada por Prime Clerk, LLC, como Evidencia de reclamaciones núm. 13386, en nombre de los tenedores de los Bonos de la AFI relativos a impuestos sobre el ron (Bonos relativos a rentas de impuestos especiales, series 2005A, 2005B, 2005C y serie 2006B), alegando "reclamaciones por montos contingentes y no liquidados en relación con los intereses pagaderos a futuro, intereses acumulados y que se acumulen en el futuro en lo referente al principal adeudado en el pasado y las reclamaciones por intereses, tarifas, costos e indemnización del Fiduciario en los que se incurra en el futuro en virtud de los Documentos de bonos, así como por la totalidad de los montos adeudados en razón de todas las reclamaciones que tenga o pueda tener el Fiduciario en relación con las Obligaciones de bonos

pendientes, monto mínimo de $249,099,446.17. . . ." Cláusula de la Evidencia de reclamaciones núm. 13386, ¶ 26.

10.     *CFP*: la CFP es una corporación subsidiaria del BGF creada conforme a la Resolución núm. 5044 de la Junta Directiva del BGF, en su versión enmendada (la "Resolución núm. 5044"), adoptada de conformidad con la autoridad concedida en virtud de la Ley núm. 17 de la Asamblea Legislativa de Puerto Rico, aprobada el 23 de septiembre de 1948, en su versión enmendada. Proporciona a los organismos públicos, dependencias, municipios y a otras subdivisiones del ELA mecanismos alternativos para que puedan satisfacer sus necesidades de financiamiento. La CFP tiene la facultad de tomar en préstamo fondos y emitir deuda a través de bonos y otras obligaciones. U.S. Bank Trust actúa como fiduciario en relación con unos bonos, serie 2012A y series 2011A y B, emitidos por la CFP (los "Bonos de la CFP"). En nombre de los tenedores de los Bonos de la CFP, US Bank Trust radicó una evidencia de reclamaciones contra el ELA, que fue registrada por Prime Clerk, LLC, como Evidencia de reclamaciones núm. 13374.

C.     **Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 111,300 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 52,600 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de fecha límite,

muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro

tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por

la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de

reclamaciones o no aportar información necesaria para que los Deudores determinen si la

reclamación es válida.

13.      Para resolver eficazmente el mayor número posible de las evidencias de

reclamaciones innecesarias, el 16 de octubre de 2018, los Deudores radicaron ante este Tribunal

su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

*objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de procedimientos

globales"). El Tribunal concedió el remedio solicitado en la Moción de procedimientos globales

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba*

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.

4230]; *Procedimientos relativos a objeciones globales* [ECF núm. 4230-1] (conjuntamente, los

"Procedimientos iniciales relativos a objeciones globales"). El 29 de noviembre de 2018, el

Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos iniciales

relativos a objeciones globales. *Véase Orden por la que se aprobaron las versiones en inglés y en*

*español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la

"Orden de notificación").

14.      En aras del interés constante de resolver eficazmente cualesquiera evidencias de

reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a

procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos enmendados relativos a objeciones globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos enmendados relativos a objeciones globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos enmendados relativos a objeciones globales").

15.     Conforme a los Procedimientos iniciales relativos a objeciones globales y los Procedimientos enmendados relativos a objeciones globales, el Tribunal celebró vistas vinculadas con 157 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y/o el SRE, así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificadas como radicadas contra otros Deudores. Veintidós objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 27 objeciones

globales a reclamaciones radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020, y 30 objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas los días 4 y 5 de marzo de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

16.    La presente Ducentésima décima séptima objeción global se radica de conformidad con los Procedimientos enmendados relativos a objeciones globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.    Los Procedimientos enmendados relativos a objeciones globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas federales del procedimiento de quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos enmendados relativos a objeciones globales.

18.    La Ducentésima décima séptima objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(1) de las Reglas federales del procedimiento de quiebra y los Procedimientos enmendados relativos a objeciones globales, reclamaciones que estén sustancialmente duplicadas con respecto a otras evidencias de reclamaciones radicadas en el marco de los Casos de Título III.

19.    Cada reclamación identificada en el **Anexo A** del presente (conjuntamente, las "Reclamaciones duplicadas por bonos") alega presuntamente responsabilidad contra el ELA o el SRE vinculada con uno o más bonos duplicados en relación con una o más Evidencias de reclamaciones principales, las cuales, como se explicó anteriormente, fueron radicadas en el marco

de los Casos de Título III. En consecuencia, las Reclamaciones duplicadas por bonos deben ser rechazadas en su totalidad. Si las Reclamaciones duplicadas por bonos no son rechazadas, ello resultaría en que las correspondientes demandantes obtuvieran potencialmente una recuperación duplicada no justificada contra el ELA, la ACT o el SRE en detrimento de otras partes interesadas en los Casos de Título III. Los tenedores de las Reclamaciones duplicadas por bonos no se verán perjudicados por el hecho de que se rechacen tales reclamaciones, puesto que las responsabilidades vinculadas con sus reclamaciones figuran en una o más Evidencias de reclamaciones principales.

20.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Ducentésima décima séptima objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones duplicadas por bonos*, de fecha 12 de junio de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

21.     De conformidad con los Procedimientos enmendados relativos a objeciones globales y la Orden de notificación del Tribunal, los Deudores han notificado la presente Ducentésima décima séptima objeción global a) a los acreedores individuales objeto de esta Ducentésima décima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 12* [ECF núm. 13383-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a esta Ducentésima décima séptima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima décima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores

sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

22.      No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima décima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente.*]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha:  12 de junio de 2020
        San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en ingles]*
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en ingles]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico*