**EXHIBIT B**
**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE TWO HUNDRED EIGHTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY PRASA BONDHOLDERS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico.

3. I submit this declaration in support of the *Two Hundred Eighteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by PRASA Bondholders* (the "Two Hundred Eighteenth Omnibus Objection").[3] I have personally reviewed the Two Hundred Eighteenth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Two Hundred Eighteenth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Two Hundred Eighteenth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel at other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Two Hundred Eighteenth Omnibus Objection.

5. Proskauer identified CUSIPs associated with Senior Lien bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA") that are not in default, and/or that have

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Eighteenth Omnibus Objection.

already matured and been paid in full. To the best of my knowledge, information, and belief, the claims identified in Exhibit A to the Two Hundred Eighteenth Omnibus Objection (collectively, the "Claims to Be Disallowed") assert liabilities associated with those PRASA bonds. Additionally, to the best of my knowledge, information, and belief, portions of the Claims to Be Disallowed are duplicative of one or more Master Proofs of Claim filed in the Title III Cases by the fiscal agent or trustee for such bonds pursuant to the Bar Date Orders. Accordingly, to prevent multiple recoveries by the claimants, the Commonwealth requests that the Claims to Be Disallowed be disallowed in their entirety.

6. In addition, the claims identified in Exhibit A to the Two Hundred Eighteenth Omnibus Objection purport to assert, in part, liability against the Commonwealth associated with one or more bonds issued by PRASA that are duplicative of Proof of Claim No. 22620 (the "PRASA Master Claim") filed in the Commonwealth Title III Case by the trustee for such bonds pursuant to the Bar Date Orders. Accordingly, to prevent multiple recoveries by the claimants, the Commonwealth requests that the duplicate portions of these claims be disallowed.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Two Hundred Eighteenth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 12, 2020

                         By: /s/ Jay Herriman
                               Jay Herriman

## __ANEXO B__
**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>    como representante<br>DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br><br>                                  Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA DUCENTÉSIMA DÉCIMA OCTAVA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS POR LOS BONISTAS DE LA AAA**

Yo, Jay Herriman, de conformidad con el título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

1.   Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico.

3. Realizo esta declaración en apoyo de la *Ducentésima décima octava objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas por los bonistas de la AAA* (la "Ducentésima décima octava objeción global").[3] He revisado personalmente la Ducentésima décima octava objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Ducentésima décima octava objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Ducentésima décima octava objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101-2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima décima octava objeción global.

2

esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el Anexo A de la Ducentésima décima octava objeción global.

5. Proskauer ha identificado CUSIPs asociados con Bonos de gravamen prioritarios emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico (la "AAA") que no están y/o que han madurado. A mi fiel saber y entender, las reclamaciones identificadas en el Anexo A de la Centésima nonagésima octava objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") proporcionan responsabilidades asociadas con esos bonos de la AAA. En adición a ello, a mi fiel saber y entender, porciones de las Reclamaciones que han de ser rechazadas son duplicativas de una o mas evidencias de reclamaciones innecesarias principales radicadas en los Casos Titulo III por el agente fiscal o fiduciario autorizado para esos bonos conforme a las Órdenes de fecha límite. Así las cosas, en aras de prevenir recobros múltiples por los reclamantes, el ELA solicita que las Reclamaciones que han de ser rechazadas sean rechazadas en su totalidad.

6. Además, las reclamaciones identificadas en el Anexo A de la Ducentésima décima octava objeción global pretenden alegar, en parte, responsabilidad contra el ELA vinculada con uno o más bonos emitidos por la AAA que son duplicados de la Evidencia de reclamaciones núm. 22620 (la "Reclamación principal de la AAA") radicada en el marco del Caso de Título III del ELA por el fiduciario de dichos bonos conforme a las Órdenes de fecha límite. En consecuencia, para evitar múltiples recuperaciones por parte de las demandantes, el ELA solicita que las partes duplicadas de dichas reclamaciones sean rechazadas.

7. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Ducentésima décima octava objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

3

4

8.  Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 12 de junio de 2020

> Por: *[Firma en la versión en ingles]*
> Jay Herriman