**<u>EXHIBIT D</u>**
**Proposed Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**ORDER GRANTING TWO HUNDRED EIGHTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY PRASA BONDHOLDERS**

Upon the *Two Hundred Eighteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by PRASA Bondholders* (the "Two Hundred Eighteenth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico ("Commonwealth"), dated June 12, 2019, for entry of an order disallowing in their entirety certain claims filed against the Commonwealth, as more fully set forth in the Two Hundred Eighteenth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Eighteenth Omnibus Objection.

Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Two Hundred Eighteenth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Two Hundred Eighteenth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in Exhibit A to the Two Hundred Eighteenth Omnibus Objection (collectively, the "Claims to Be Disallowed") having been found, in part, duplicative of Proof of Claim No. 22620 (the "PRASA Master Claim"); and each of the Claims to Be Disallowed having been found, in part, to seek recovery of amounts for which the Commonwealth is not liable; and the Court having determined that the relief sought in the Two Hundred Eighteenth Omnibus Objection is in the best interests of the Commonwealth, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Two Hundred Eighteenth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Two Hundred Eighteenth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to delete the Claims to be disallowed from the official claims registry in the Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

2

Dated: _____

                                                                                                      _____
                                                                                                      Honorable Judge Laura Taylor Swain
                                                                                                      United States District Judge

**<u>ANEXO D</u>**
**Orden propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>   como representante<br>DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*,<br><br>                     Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**ORDEN POR LA QUE SE CONCEDE LA DUCENTÉSIMA DÉCIMA OCTAVA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS POR LOS BONISTAS DE LA AAA**

Vista la *Ducentésima décima octava objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas por los bonistas de la AAA* (la "Ducentésima décima octava objeción global"),[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA"), de fecha 12 de junio de 2019, para que se dicte una orden que rechace en su totalidad determinadas reclamaciones radicadas contra el ELA, y según se establece con más detalle en la Ducentésima décima octava objeción global y en sus correspondientes anexos justificativos; y al tener el Tribunal jurisdicción para atender la Ducentésima décima octava objeción global y para

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima décima octava objeción global.

conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Ducentésima décima octava objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiéndose concluido que las reclamaciones identificadas en el Anexo A de la Ducentésima décima octava objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") están, en parte, duplicadas con respecto a la Evidencia de reclamación núm. 22620 (la "Reclamación principal de la AAA"); y habiéndose concluido que cada una de las Reclamaciones que han de ser rechazadas pretende, en parte, la recuperación de montos por los que el ELA no tiene responsabilidad; y habiendo determinado el Tribunal que el remedio solicitado en la Ducentésima décima octava objeción global redunda en el mejor interés del ELA, de y sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Ducentésima décima octava objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE CONCEDA la Ducentésima décima octava objeción global, según se establece en el presente documento; además

SE ORDENA que se rechacen en su totalidad las Reclamaciones que han de ser rechazadas; asimismo

SE ORDENA que Prime Clerk, LLC quede autorizada, y reciba instrucciones, para eliminar las Reclamaciones que han de ser rechazadas del registro oficial de reclamaciones en el marco de los Casos de Título III; y por último

2

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

                                                Su señoría, la juez Laura Taylor Swain
                                                Juez de Distrito de los Estados Unidos