# EXHIBIT 8

**GOVERNMENT OF PUERTO RICO**

Puerto Rico Fiscal Agency and Financial Advisory Authority

December 27, 2019

**VIA EMAIL**

Ms. Natalie Jaresko
Executive Director
The Financial Oversight and
Management Board for Puerto Rico
P.O. Box 192018
San Juan, PR 00919-2018

*Re: Several Section 204(a) of PROMESA matters*

Dear Ms. Jaresko:

I write in relation to your letter dated December 18, 2019 regarding compliance with Section 204(a) of PROMESA and several laws and joint resolutions for which the Financial Oversight and Management Board (the "Board") requests 204(a) certifications.

As I thoroughly discussed in my November 22, 2019 and December 10, 2019 letters to you, it is emphatically the public policy of the Government to comply with Section 204(a) of PROMESA. To that end, since I have held the position of Executive Director at the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") the Government has been complying with sending to the Board the required Section 204(a) certifications for enacted laws and joint resolutions. AAFAF has also worked diligently with the Office of Management and Budget and the Puerto Rico Treasury Department to send the required certifications for any outstanding laws and joint resolutions enacted before August, 2019.

In your letter, you request Section 204(a) certifications for Joint Resolutions 50-53 of 2018 and Joint Resolutions 36 and 37 of 2019. According to our records, these are Commonwealth budget resolutions approved by the Legislative Assembly and signed by former Governor Ricardo Rosselló. However, for both fiscal years 2018-2019 and 2019-2020, the Board certified its own budgets for the Commonwealth. As such, Joint Resolutions 50-53 of 2018 and 36 and 37 of 2019 have not been implemented. Therefore, it would appear superfluous to send Section 204(a) certifications for these Joint Resolutions. However, since the Board insists on reviewing these certifications, today AAFAF has sent the certifications for this joint resolutions even though they were never implemented in light of the Board's Certified Budget for fiscal years 2019 and 2020.

Concerning Acts 82-2019, 90-2019 and 138-2019, the Oversight Board requested an explanation since it apparently understands these laws might be preempted by federal statutes. As I explained in my November 22, 2019 letter to you, we believe Section 204(a)

PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525



of PROMESA does not empower the Board to make determinations on alleged federal preemption of enacted laws. Section 204(a)(3) of PROMESA only allows the Board to send notifications to the elected government under limited circumstances, specifically, if no certifications are sent or, if the Board understands an enacted law is significantly inconsistent with the certified fiscal plan. To this date, we have not received any notification that Acts 82-2019, 90-2019 and 138-2019 are significantly inconsistent with the Fiscal Plan. In your letter you state that "if an enacted law negatively impacts the Commonwealth's budget because it conflicts with federal statutes, the law would not be consistent with the certified Fiscal Plan". This is a speculative statement. To begin with, federal preemption is an issue to be determined by the courts and specific tests have been developed by the Supreme Court of the United States to determine preemption issues. *See, Altria Group, Inc. v. Good*, 555 U.S. 70 (2008). Moreover, it is a well-known principle of law that during "pre-emption analysis, courts [...] assume that the historic police powers of the States are not superseded unless that was the clear and manifest purpose of Congress". *Arizona v. United States*, 567 U.S. 487, 400 (2012) (citations omitted). Therefore, the Government of Puerto Rico reiterates the Board has no power under Section 204(a) of PROMESA to determine whether a statute is preempted by federal law. Moreover, absent a specific judicial finding of preemption, it would be speculative to conclude a duly enacted law is inconsistent with the certified Fiscal Plan because of federal preemption.

Finally, regarding your statement that the approximate impact of Act 82-2019 provided in the 204(a) certification is "dramatically at odds" with a statement provided the Health Insurance Administration at a public hearing, I remind you that the "appropriate entities of the territorial government" in charge of issuing the certifications are AAFAF, OMB and Treasury. *See*, Executive Order 2019-57. As such, any statement by an agency during the legislative process is subordinate to the determination of the appropriate government entities.

As always, I look forward to working with the Oversight Board to further our common goals and reach consensus where possible on these important issues for Puerto Rico.

Most respectfully,

Omar J. Marrero
Executive Director

Cc: Elí Díaz-Atienza