# EXHIBIT 10

**GOVERNMENT OF PUERTO RICO**

Puerto Rico Fiscal Agency and Financial Advisory Authority

**VIA ELECTRONIC MAIL**

May 8, 2020

Ms. Natalie A. Jaresko
Executive Director
The Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

> *Re:   Response to your letter dated as of April 27, 2020 regarding Acts 82, 90, and 138 of 2019 (the "Letter");*

Dear Ms. Jaresko:

Reference is made to the Letter wherein you requested revised section 204(a) certifications for Acts 82, 90, and 138 of 2019, three recently enacted healthcare acts (the "Healthcare Acts"). In the Letter, the Board claims that new certifications are necessary for the Healthcare Acts inasmuch as that "there is possible federal preemption of the subject matter covered by Act 82-2019" and "the subject matters covered by Act 90-2019 and Act 138-2019 are preempted by the statutory provisions of Title 42 of the U.S. Code and related Code of Federal Regulations."[1] However, as hereby explained, no revised certifications are necessary, and the Board's threat to invalidate the Healthcare Acts under PROMESA section 108(a) as impairing the purposes thereof is misplaced.

Section 204(a) requires that the Government provide only a "<u>formal estimate . . . of the impact, if any, that the law will have on expenditures and revenues</u>."[2] Thus, section 204(a) does not require the Government to anticipate every possible scenario. Rather, all that is required is a "good faith" effort to determine the financial effects of a new law and the new law's consistency with the existing fiscal plan.[3]

In light of the foregoing, we are convinced that the Government's section 204(a) certifications for the Healthcare Acts easily satisfy such statutory requirement. The section

---

[1] Letter from N. Jaresko to Hon. Wanda Vázquez Garced (Nov. 15, 2019), at 1–2.

[2] 48 U.S.C. § 2144(a)(2)(A) (emphasis added).

[3] *The Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Vázquez Garced (In re The Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, Adv. Proc. No. 19-00393 (LTS), 2020 WL 1873380, at *7 (D.P.R. Apr. 15, 2020) ("Congress expected the Governor and the relevant territorial entity to comply with the statutory predicates in good faith.") (quoting *The Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Vázquez Garced (In re The Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, 403 F. Supp. 3d 1, 13 (D.P.R. 2019)).



PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525



# GOVERNMENT OF PUERTO RICO
**Puerto Rico Fiscal Agency and Financial Advisory Authority**

204(a) certifications of the Healthcare Acts were prepared by the Puerto Rico Office of Management and Budget, which is the Government agency primarily responsible for managing the Government's finances and budgetary matters.  Each of the certifications describes the estimated effect of the applicable law on the Government's expenditures and revenues. For example, the Act 82 certification states that it will have an "approximate impact of $475,131.47 in the Department of Health's budget" but will be "implemented using budgeted resources," such that a formal request for reprogramming is not required.  In addition, the Act 90 and Act 138 certifications conclude that there is "no impact on expenditures and revenues."  All of the certifications conclude that the Healthcare Acts are "not significantly inconsistent with the New Fiscal Plan for Puerto Rico."  To the extent such certifications include all of the required elements under section 204(a)(2) and were provided in good faith, the Government has fully satisfied the applicable PROMESA's requirements.

As to the Board's speculation regarding preemption by or potential conflicts with federal law, we believe there is no need for the Government to respond thereto.[4]  *First*, this is a legal—not financial or budgetary—issue that is not the proper subject of a section 204(a)(2) certification. In such regard,  nothing in PROMESA requires the Government to provide the Board with a legal opinion.  Moreover, section 204(a)(2) is focused solely on financial and budgetary concerns, requiring the certification to describe only the "impact" on "expenditures and revenues"[5]—not legal issues.  Furthermore, to evidence the Congressional intent behind section 204(a)(2) certifications, we just need to look at who is responsible to prepare the certification; a government entity "with expertise in budgets and financial management"[6].

*Second*, even if there were such an obligation, the analysis the Board requests would shed no light on whether the laws at issue are significantly inconsistent with whatever fiscal plan should be guiding Puerto Rico's spending going forward.  In its most recent status report to the Title III Court, the Board acknowledged that "the COVID-19 pandemic has reshaped the economic landscape of the world, including Puerto Rico" and "the Oversight Board must assess this new and changing landscape, beginning with the development of a revised Commonwealth fiscal plan and budget."[7]  As a result, the May 9, 2019 Fiscal Plan for the Commonwealth (the

---

[4] The Board's November 15, 2019 letter raised the issue of "possible federal preemption," and your December 18, 2019 letter acknowledges that PROMESA "restricts the Oversight Board from requesting explanations regarding whether enacted laws are preempted by federal laws." The April 27, 2020 letter's use of the word "conflicts" instead of "preemption" does not alter the fact that the Board seeks, in substance, a preemption analysis. And whether phrased as a "preemption" or "conflicts" analysis, the request remains legal in nature.

[5] 48 U.S.C. § 2144(a)(2)(A).

[6] *Id*.

[7] Status Report of the Financial Oversight and Management Board for Puerto Rico Regarding the COVID-19 Pandemic and Proposed Disclosure Statement Schedule, *In re The Fin. Oversight & Mgmt. Bd. for Puerto Rico*, Case No. 17-03283-LTS (D.P.R. May 1, 2020) [ECF No. 13018].





## GOVERNMENT OF PUERTO RICO
**Puerto Rico Fiscal Agency and Financial Advisory Authority**

most recent certified plan) will change in a matter of weeks, as the Board acknowledged, and must be revised to reflect Puerto Rico's new, post-pandemic economic reality.

Moreover, even if the Healthcare Acts' consistency with the May 2019 Fiscal Plan were still meaningful, the preemption analysis the Board has requested would still serve no meaningful purpose under PROMESA. If the Oversight Board were correct that the Healthcare Acts were preempted, those laws would be nullified and have no effect whatsoever.[8] In other words, assuming the laws were preempted, the effect on the fiscal plan—in whatever form it takes after its current revisions—would be zero. As I have explained in prior letters to you, the ultimate decision on whether a law is preempted rests with the courts, not with the Government or the Oversight Board. *See,* e.g., *Altria Group, Inc. v. Good*, 555 U.S. 70 (2008).

For similar reasons, the Healthcare Acts do not "impair or defeat the purposes of" PROMESA under section 108(a). The Oversight Board's purpose under PROMESA is "to provide a method for a covered territory to achieve *fiscal responsibility and access to the capital markets*."[9] Judge Swain found Act 29 unenforceable in large part because she determined it would "deprive[] the Commonwealth of hundreds of millions of dollars, . . . thereby diminishing market access."[10] In contrast, the Oversight Board has identified *no* fiscal effect from the three Healthcare Acts that would be inconsistent with the currently operative May 2019 Fiscal Plan.

I look forward to working with the Oversight Board to further our common goals and reach consensus during these unprecedented times as we continue battling the threat of the COVID-19 pandemic.

Very truly yours,

Omar J. Marrero Díaz
Executive Director

C. Antonio Pabón Battlle

---

[8] *See Bower v. Egyptair Airlines Co.*, 731 F.3d 85, 92 (1st Cir. 2013) (noting that where a federal law preempts state law, "the Supremacy Clause nullifies state laws that interfere with, or are contrary to, federal laws enacted by Congress") (quoting *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 210–11, 6 L.Ed. 23 (1824)) (internal quotations omitted).

[9] 48 U.S.C. § 2121(a) (emphasis added).

[10] *See The Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Vázquez Garced*, 2020 WL 1873380, at *11.

