# EXHIBIT 7

# FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
## FOR PUERTO RICO



*José B. Carrión III*
Chair

*Members*
*Andrew G. Biggs*
*Carlos M. García*
*Arthur J. González*
*José R. González*
*Ana J. Matosantos*
*David A. Skeel, Jr.*

*Natalie A. Jaresko*
Executive Director

## BY ELECTRONIC MAIL

December 18, 2019

Omar J. Marrero
Executive Director
Puerto Rico Fiscal Agency and
Financial Advisory Authority

Dear Mr. Marrero:

We acknowledge receipt of your letter dated November 22, 2019 regarding (1) compliance with Section 204(a) of PROMESA with respect to certain laws and joint resolutions enacted in 2018 and 2019 and (2) issues raised by the Oversight Board with respect to Acts 82, 90, and 138 of 2019, all in response to our letters dated November 15, 2019.

As previously stated, Section 204(a) of PROMESA requires the submission to the Oversight Board of all laws not later than 7 business days after the law is enacted, together with a formal estimate of its impact and a certification of compliance or non-compliance. As you recognize, the government did not submit the required documentation concerning the laws and joint resolutions referenced in the Oversight Board's November 15 letter until November 22, 2019, which was after the required submission period. We must insist that these requirements be fulfilled on a timely basis and just as importantly, be incorporated as part of the legislative process and not left for after enactment of legislation.

Your letter, in its Appendix A, states that Joint Resolutions 50-53 of 2018 and Joint Resolutions 36 and 37 of 2019 are Commonwealth budget resolutions and are not subject to Section 204(a) of PROMESA. These statements are contrary to PROMESA. As previously mentioned, Section 204(a) applies to "any law" duly enacted. Joint Resolutions are laws enacted by the Commonwealth and, as such, are subject to Section 204(a) requirements. Please provide immediately the required documentation for Joint Resolutions 50-53 of 2018 and Joint Resolutions 36 and 37 of 2019 and cease and desist any implementation of these Joint Resolutions until after the Board has received and reviewed the documentation required under Section 204(a)(2) and provided you its written conclusions.

Mr. Omar J. Marrero
December 18, 2019
Page 2 of 2

Regarding our request for an analysis of federal statutes for possible conflicting provisions regarding Acts 82-2019, 90-2019, and 138-2019, we understand your position is that Section 204(a) of PROMESA restricts the Oversight Board from requesting explanations regarding whether enacted laws are preempted by federal laws, specifically as requested for Acts 82-2019 and 138-2019. We point out the Government and the Oversight Board must cooperate to make sure the measures required to comply with the certified Fiscal Plan are implemented, and actions inconsistent with the Fiscal Plan are avoided. To that end, if an enacted law negatively impacts the Commonwealth's budget because of conflicts with federal statutes, the law would not be consistent with the certified Fiscal Plan. Even though a Section 204(a) certificate for Act 82-2019 was submitted, it is our understanding the estimate is not "formal" and not accurate because it provides only an "approximate impact" of the law on the Department of Health's budget. Furthermore, the $475,131.47 "approximate impact" provided in the certificate, is dramatically at odds with other authority on the subject; specifically, the Health Insurance Administration's recent testimony at the public hearing that Act 82-2019 would increase the Government's health plan budget by $27 million. As such, the Oversight Board has concerns the "approximate impact" is not accurate.

In view of the foregoing, we hereby respectfully request that a formal estimate of impact, as well as a certificate of consistency or inconsistency with the certified Fiscal Plan, be provided as required by Section 204(a) of PROMESA for Joint Resolutions 50-53 of 2018 and Joint Resolutions 36 and 37 of 2019. Further, we ask you to comply with our request for an analysis as to whether federal law conflicts with Acts 82-2019, 90-2019, and 138-2019, and whether any conflicts jeopardize the grant of federal funds.

Please submit the required information by no later than December 27, 2019.

Sincerely,

*Natalie A. Jaresko*

Natalie A. Jaresko

CC:    Mr. Elí Díaz Atienza