# EXHIBIT 9

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD**
**FOR PUERTO RICO**



*José B. Carrión III*
Chair

Members
*Andrew G. Biggs*
*Carlos M. García*
*Arthur J. González*
*José R. González*
*Ana J. Matosantos*
*David A. Skeel, Jr.*

*Natalie A. Jaresko*
Executive Director

<u>**BY ELECTRONIC MAIL**</u>

April 27, 2020

Mr. Omar J. Marrero Díaz
Executive Director
Fiscal Agency and Financial Advisory Authority
Government of Puerto Rico

Dear Mr. Marrero Díaz:

In 2019, the Commonwealth passed three laws pertaining to health care on the island: Acts 82-2019, 90-2019 and 138-2019 (the "Three Laws"). On November 15, 2019 and December 18, 2019, the Oversight Board asked AAFAF for an analysis of the Three Laws to determine whether any provisions jeopardize the grant of federal funds to the Puerto Rico Department of Health ("PRDH") (the "Requested Analysis"). Twice, AAFAF failed to provide this information, and instead claimed incorrectly the Oversight Board was requesting a federal preemption analysis of the Three Laws. In its letter dated February 18, 2020, the Oversight Board again asked AAFAF for the Requested Analysis, as the Three Laws could potentially imperil the Commonwealth's receipt of federal funds, making clear it was not asking for a preemption analysis. The Oversight Board asked for a response by February 21, 2020, but has received no response.

PROMESA Section 204(a)(2)(A) requires the Governor to submit "a formal estimate prepared by an appropriate entity of the territorial government with expertise in financial management of the impact, if any, that the law will have on expenditures and revenues." Any complete formal estimate must take into account any impact on future inflows or outflows of funds, including monies from the federal government. As Judge Swain recently ruled in the Law 29 matter, these estimates must cover the fiscal impact of these laws over the entire period covered by the 2019 Fiscal Plan. *Opinion and Order Granting in Part the Oversight Board's Motion for Summary Judgment*, *Fin. Oversight & Mgmt. Bd. for P.R. v. Vázquez Garced*, Adv. Proc. No. 19-00393 [ECF No. 107] (Apr. 15, 2019). Accordingly, we request again that the Government provide complete formal estimates for the Three Laws, pursuant to Section 204(a)(2)(A), including the Requested Analysis.

As the Government has so far failed to confirm that its analysis took into account germane factors pertaining to the Three Laws and their impact on federal funding, we have conducted our own analysis. After reviewing each act and its necessary consequences, we have the following

PO Box 192018 San Juan, PR 00919-2018; www.oversightboard.pr.gov; comments@promesa.gov

Mr. Omar J. Marrero Díaz
April 27, 2020
Page 2 of 3

questions regarding the financial assumptions on which the laws appear to be based and the implications of those assumptions and laws and we request the required formal estimates to address them:

### Act 82

- Does AAFAF expect the pharmacy reimbursement floor (i.e., the lowest Pharmacy Benefit Manager ("PBM") reimbursement sufficient to offset fully the pharmacy's acquisition cost) to have a downstream effect on PBM or Managed Care Organization ("MCO") rates on a Per Member Per Month ("PMPM") basis?

- How will the potential impact from increases in PMPM rates be mitigated to maintain compliance with the Certified Commonwealth Fiscal Plan?

### Act 90

- Does AAFAF anticipate the reimbursement floor (i.e., the level of payments by Medicare Advantage plans to providers that equal the Medicare Fee For Service rates) will increase costs of Medicare Advantage Plans for the federal government?

- Has AAFAF considered the potential for increased costs to cause higher Part B premiums in Puerto Rico?

### Act 138

- What mechanisms does AAFAF anticipate will be established to enforce this provision?  How will situations in which MCOs and providers cannot reach agreement on contract rates be mediated?

- Does AAFAF anticipate enactment of non-participating provider laws ("Non-Par") to regulate payments when MCOs and providers are unable to come to an agreement?

- Given anticipated enforcement mechanisms, does AAFAF expect this law to cause higher MCO PMPM rates?

- How will potential impact from increases in PMPM rates be mitigated to maintain compliance with the Certified Commonwealth Fiscal Plan?

Please provide the necessary formal estimates, including the information requested above, no later than May 8, 2020.  Moreover, with your May 8, 2020 response, we request that you confirm that the Three Laws have not yet been implemented and will not be implemented until this issue is resolved.

Pursuant to PROMESA section 108(a)(2), the Governor and Legislature are each enjoined from, among other things, implementing any statute or rule that impairs or defeats the purposes of

Mr. Omar J. Marrero Díaz
April 27, 2020
Page 3 of 3

PROMESA as determined by the Oversight Board. To avoid any misunderstanding, please be advised the Oversight Board has determined implementation of any of the Three Laws prior to satisfaction of the requirements of Section 204 would impair and defeat the purposes of PROMESA, such as preventing implementation of new laws prior to satisfaction of the requirements of Section 204.

Finally, in her April 15, 2020 opinion, Judge Swain affirmed Section 204(a) authorizes the Oversight Board to move for the nullification of legislation where the Commonwealth has failed to comply with PROMESA. Accordingly, the Oversight Board reserves the right to take such actions as it deems necessary, consistent with Sections 104(k), 108(a) and 204(a)(2), including seeking remedies for preventing the enforcement of the Three Laws.

As always, we look forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

*[signature]*
Natalie A. Jaresko

CC:   Mr. Antonio Pabón Batlle