# EXHIBIT 7

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO**



*José B. Carrión III*
Chair

<u>Members</u>
*Andrew G. Biggs
Carlos M. García
Arthur J. González
José R. González
Ana J. Matosantos
David A. Skeel, Jr.*

*Natalie A. Jaresko*
Executive Director

<u>**BY ELECTRONIC MAIL**</u>

June 5, 2020

Mr. Omar J. Marrero Díaz
Executive Director
Fiscal Agency and Financial Advisory Authority
Government of Puerto Rico

Dear Mr. Marrero Díaz:

We write in response to your letter, dated May 28, 2020, regarding Act 47-2020 (the "Letter"), and to reiterate the Oversight Board's conclusions on the topic in the letter we sent a week ago.

The Letter includes a number of statements with which the Oversight Board disagrees. It would not be productive at this point to respond to each and every one. Two statements from the Letter, however, warrant a response at this time: the purported definition of "significantly" and the alleged prohibition on the Oversight Board invoking "public policy" as a basis for preventing implementation of new laws.

As to the first statement, regarding the interpretation of "significantly" in Section 204(a), the Letter inappropriately minimizes the economic impact of Act 47. The Letter estimates that the annual impact on income for 2020 is approximately $40 million. Assuming the annual impact is consistent, the total reduction in income generated by Act 47 would be approximately $200 million over five years. This alone is "significantly" inconsistent with the May 2019 and May 2020 fiscal plans for the Commonwealth. Moreover, the relevant analysis of the financial costs of Act 47 is its impact on the Commonwealth's own-source revenues, in the General Fund, not on all revenues received by the Commonwealth. By comparing the estimated cost of Act 47 to all revenues received by the Commonwealth, your Letter overstates the amount of the Commonwealth's revenue and understates the relative cost of Act 47. Viewing the costs of Act 47 in their proper context, meaning relative to the Commonwealth's own-source revenues, demonstrates they are substantial and that the Oversight Board is justified in concluding the implementation of Act 47 would be "significantly" inconsistent with the May 2019 and May 2020 fiscal plans. We note the Government's conclusion that Act 47 is not significantly inconsistent with the fiscal plans – despite the negative impact of hundreds of millions of dollars in reduced revenues – is difficult to reconcile with the Government's section 204(a) certification that Act 32-2020 (related to the Bureau of the

Case:17-03283-LTS Doc#:13441-7 Filed:06/12/20 Entered:06/12/20 19:12:22 Desc: Exhibit 7 Page 3 of 3

Mr. Omar J. Marrero Díaz
June 5, 2020
Page 2 of 2

9-1-1 Emergency System) – which increases expenses of such Bureau by approximately $450,000 per year – *is* significantly inconsistent with the fiscal plans.

As for the second statement, regarding whether the Oversight Board can invoke or rely on "public policy" as a basis for preventing the implementation of new laws, the Letter does not adequately consider the language of Section 108(a)(2) expressly granting the Oversight Board the power to determine the purposes of PROMESA, the language of Section 201 expressly granting the Oversight Board the power to determine how to accomplish numerous policy goals, and numerous rulings from the District Court and First Circuit. Both courts have already concluded that the Oversight Board has the power to certify a fiscal plan that makes policy determinations and then certify a budget that is consistent with the fiscal plan. In addition, no court has decided that the Oversight Board lacks the authority under PROMESA to prevent implementation of new laws based solely on the Oversight Board's disagreement with the Government's public policy decisions. Finally, as a practical matter, the Letter's focus on "public policy" ignores Section 204(a), which empowers the Oversight Board to make a policy determination *not* to take action with respect to Act 47 if the Government "provide[s] an explanation for the inconsistency that the Oversight Board finds reasonable and appropriate." To date, the Government has not provided such an explanation for Act 47. Therefore, the Oversight Board's conclusion that Act 47 is significantly inconsistent with the fiscal plan remains in place.

Ultimately, the Oversight Board strongly desires and expects the Government to revise or forego Act 47 given this letter and our letter dated May 21, 2020. Continuing to implement Act 47 as it is written, or proceeding to go forward with similarly significantly inconsistent legislation notwithstanding objections from the Oversight Board grounded in PROMESA, will lead the Oversight Board to have no choice but to seek judicial relief. The Oversight Board does not look forward to this outcome, but we are unquestionably committed to enforcing PROMESA.

We look forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

Natalie A. Jaresko

Andrew G. Biggs
José B. Carrión III
Carlos M. García
Arthur J. González
José R. González
Ana J. Matosantos
David A. Skeel, Jr.