# EXHIBIT 6

**GOVERNMENT OF PUERTO RICO**

Puerto Rico Fiscal Agency and Financial Advisory Authority

<u>**VIA ELECTRONIC MAIL**</u>

May 28, 2020

Ms. Natalie A. Jaresko
Executive Director
The Financial Oversight and Management Board for Puerto Rico
P.O. Box 192018
San Juan, Puerto Rico 00919-2018

Re:   *Response to May 21, 2020 Letter Regarding Act 47-2020*

Dear Ms. Jaresko:

The purpose of this letter is to respond to your May 21, 2020 letter regarding Act 47-2020 (the "Letter"). As you know, Act 47-2020 introduced technical adjustments to the Puerto Rico Incentives Code to provide tax relief to health professionals, whose personal and professional sacrifices have been integral to protecting Puerto Ricans' health, safety, and welfare during the current COVID-19 pandemic. Unfortunately, the Letter appears to reject such notion and deny our healthcare professionals this well-deserved incentive at this critical time. We also continue to believe that these letters are counterproductive to our continued collaboration and undermine our joint efforts to implement meaningful fiscal and economic solutions for the people of Puerto Rico.

In the letter, it is argued that the Government's compliance certificate for Act 47-2020 is deficient because the estimate "will reduce revenue by tens of millions of dollars per year, without any corresponding cut in spending or proposal to increase revenues from other sources" and thus cannot be "anything other than significantly inconsistent with the certified Fiscal Plan." We believe such assertion is incorrect.

Firstly, it should be pointed out that PROMESA section 204(a) requires only a certification that the new law is not *significantly* inconsistent with the operative fiscal plan. Therefore, under PROMESA, new laws *may* be inconsistent with the fiscal plan, so long as they are not "significantly inconsistent." PROMESA does not define the term "significantly," but allows the Government discretion to make the "significantly

PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525



**GOVERNMENT OF PUERTO RICO**

Puerto Rico Fiscal Agency and Financial Advisory Authority

inconsistent" determination in good faith.[1] Here, the May 9, 2019 Commonwealth Fiscal Plan (the "May 2019 Fiscal Plan") provides for projected revenues in excess of $20 billion per fiscal year.[2] The original estimated annual revenue effect of Act 47-2020 was $25.7 million, representing less than 0.128% of the May 2019 Fiscal Plan's annual revenue projections. Given this limited impact on Commonwealth revenues (but substantial and meaningful benefit provided to our medical professionals), it is difficult to perceive how Act 47-2020 could be "significantly inconsistent" with the May 2019 Fiscal Plan. And even if this is disputed, the Government's determination was based on a reasonable and good-faith estimate, which is all that section 204(a) requires.

In addition, your letter argues that the Government's compliance certification does not provide a properly constructed "estimated annual impact" of Act 47-2020 because it "does not indicate how the estimate was derived" and will not likely be constant each year given the number of variables identified in the compliance certificate.[3] As we noted in our May 19 letter, an estimate is by its very nature uncertain and based on hypothetical facts. For example, medical practitioners have until June 30, 2020 to apply for the Act 47-2020 tax incentive and the Government simply does not know how many applications it will receive, how many applicants will satisfy the law's prerequisites, and the extent to which medical practitioner incomes have been affected (or will be affected) by the recent economic downturn. The Act 47-2020 compliance certification provided the Government's good-faith estimate based on then-available facts, which is all that section 204(a) requires.

Although we believe that further information in support of our Act 47-2020 compliance certification is not necessary or required under PROMESA section 204(a), the Government is willing to provide the following additional information as requested in your letter in the interest of transparency:

1. According to the records and data provided by the Treasury Department, there is an approximate universe of 9,222 doctors in Puerto Rico (using data corresponding

---

[1] See Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Vázquez Garced (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico), Adv. Proc. No. 19-00393 (LTS), 2020 WL 1873380, at *7 (D.P.R. Apr. 15, 2020) ("Congress expected the Governor and the relevant territorial entity to comply with the statutory predicates in good faith.") (quoting *Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Vázquez Garced (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, 403 F. Supp. 3d 1, 13 (D.P.R. 2019)).

[2] While the Government acknowledges that the May 2019 Fiscal Plan is currently in the process of being revised and replaced, the May 2019 Fiscal Plan was the operative fiscal plan for the Commonwealth at the time Act 47-2020 was enacted and, therefore, must be the standard for any "significantly inconsistent" determination.

[3] The Act 47-2020 compliance certificate notes that the estimated annual impact will depend on: (1) medical professional that request tax incentives; (2) medical professionals ultimately approved to receive such incentives in light of the requisites; and (3) income ultimately reported by the qualified professionals.

2



    to 2018). From this approximate universe, the Government estimates (using data corresponding to 2018) that around 5,137 medical practitioners could qualify for the tax incentives offered by a previous iteration to 47-2020 (Act 14-2017and Act 60-2019).

2. Based on these estimates, the Government projects that Act 47-2020 could have an estimated impact on income for 2020 in the range of $ 540,000.00 to $40,100,000.00, since there are 7,188 people who could qualify, but not necessarily qualify for the tax incentives.

3. The revised estimate varies from the original Section 204 certification, since the first estimate only took into account the type of physicians not qualified in the previous laws that were incorporated into Act 47-2020 to will enjoy the exemption now in under Law 14-2017 and / or Law 60-2019. This took the average of this benefits actual to estimate the effect for those new type of professionals as it is are registered in SURI with a NAICS code representing health occupations.

4. On the other hand, this last estimate provides a more precise impact since it takes into account the taxpayer of unqualified medical practitioners from the income tax base. This considers your net income subject to tax and both the classification of this as registered in the SURI Merchants Registry with a NAICS code favored in Act 47-2020 and of all NAICS related to health professionals is considered. In addition, the occupation reported in your Income Tax return is considered to the health occupations.

    The Letter further asserts that the compliance certificate is deficient because Act 47-2020's effect is "grossly overbroad" by "provid[ing] exemptions for several classes of health practitioners . . . whose services do not appear implicated by the COVID-19 pandemic . . . and does not assist the Commonwealth in addressing the pandemic." Again, this argument misapplies the statute. Under PROMESA section 204(a), the Board may challenge a compliance certification based solely on the new law's financial effect on the fiscal plan, not the public policy of the duly elected Government. While the Board and the Government can certainly discuss differences of opinion on issues of public policy, PROMESA does not grant the Board unilateral authority to prevent the implementation of new laws simply because the Board disagrees with the Government's public policy decisions. The Government's foremost responsibility is to protect the health, safety, and welfare of the people of Puerto Rico, and the Board should not act in a way that

3

**GOVERNMENT OF PUERTO RICO**

Puerto Rico Fiscal Agency and Financial Advisory Authority

could be seemed by the innocent eye as an attempt to usurp these unique political and governmental powers.[4]

Finally, the Letter also continues to reiterate the blanket incantation that "implementation of Act 47-2020, prior to satisfaction of all Section 204 requirements, would impair and defeat the purposes of PROMESA," and therefore the Government is enjoined from implementing Act 47-2020 pursuant to PROMESA section 108(a). In our May 19 letter, we explained how the Title III Court recently made clear in *Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Vázquez Garced (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, Adv. Proc. No. 19-00393 (LTS), 2020 WL 1873380 (D.P.R. Apr. 15, 2020) that the Board must demonstrate a "rational basis" in exercising its discretion under PROMESA section 108(a)(2). Hence, The Board's formulaic conclusion that Act 47-2020 impairs and defeats PROMESA's purposes—without identifying the *significantly* inconsistent fiscal effect of the Act 47-2020 on the May 2019 Fiscal Plan (as discussed above)—shows that there is no rational basis for preventing Act 47-2020's implementation.

As always, the Government looks forward to our continued collaboration with the Board to achieve the best possible outcomes for the people of Puerto Rico.

Very truly yours,

Omar J. Marrero Diaz, Esq.
Executive Director

---

[4] *See* PROMESA § 303.