IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------- x

# ORDER

Before the Court is the *Joinder of ERS Bondholders in Ambac Assurance Corporation's Motion for Rule 2004 Discovery Concerning Commonwealth Assets [ECF 9022] and Commonwealth Cash Restriction Analysis [ECF 9023]* (Dkt. No. 13414) (the "Joinder Request") and Ambac Assurance Corporation's ("Ambac") response thereto (Dkt. No. 13468) ("Ambac's Response"). These submissions relate to discovery underway in connection with Ambac's Rule 2004 Motions concerning Commonwealth Assets (Dkt. No. 9022) and Cash Restriction Analysis

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

(Dkt. No. 9023) (together, the "Rule 2004 Motions"). With respect to the Rule 2004 Motions, the Court ordered the Government Parties[2] and Ambac to meet and confer in order to narrow the Rule 2004 requests and devise a plan for discovery relating to the Commonwealth's financial condition as relevant to a plan of adjustment. (*Memorandum Order Denying Motion to Strike Certain Rule 2004 Applications* (Dkt. No. 10332) at 9-10). The Court further held that "Ambac is one of many creditors entitled to basic information concerning the financial condition of this Debtor." (Id. at 9). Thereafter, five entities (the "Joinder Entities") sought to join in the Rule 2004 discovery process. The Court ordered the Government Parties and Ambac to address the Joinder Entities' requests to obtain copies of the discovery produced by the Government Parties or to participate in any depositions Ambac takes in connection with the Rule 2004 Motions. (See Order, Dkt. No. 10727 at 3). The Court also held that while "nothing . . . precludes the Oversight Board, AAFAF, and Ambac from including these parties from participating in devising a coordinated discovery plan and schedule," the Court denied their requests to join the meet and confer process ordered by the Court. (Id. at 3). The Court has held the Joinder Entities' requests open while the parties are working together to devise a discovery plan.

In their subsequent status report, Ambac and the Government Parties represented that they would voluntarily permit the Joinder Entities to participate in all meet and confer discussions and provide them with all documents produced to Ambac. They further represented that they do not presently object to the Joinder Entities attending or receiving

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Joinder.

2

transcripts of any depositions taken in connection with the Rule 2004 Motions. (See Joint Status Report, Dkt. No. 10875 at ¶¶ 14-16).

In their instant Joinder Request, the ERS Bondholders seek to "join the Rule 2004 Motions so that they may obtain the same information as Ambac related to the Commonwealth's financial condition and participate in any meet and confer process related thereto." (Joinder ¶ 6). Specifically, the ERS Bondholders request that they receive "all documents obtained by Ambac as a result of the Rule 2004 Motions, be included in any 'meet and confer' process related to the Rule 2004 Motions, and participate in any depositions taken in connection with the Rule 2004 Motions [and] that they be included in the Rule 2004 process currently underway between the Parties and joinder entities and have the same status and right as to other entities that have previously filed joinders in connection with the Rule 2004 Motions." (Id. ¶ 7).

In its response, Ambac represents that it is "amenable to voluntarily extending the same treatment to the ERS Bondholders" as it has to the other Joinder Entities with respect to the Rule 2004 Motions. Ambac argues, however, that "the motion to join the meet-and-confer process should be denied, so as to avoid creating the misimpression that ERS Bondholders have greater or different rights in that process than the other Joinder Entities." (Ambac's Response ¶¶ 3-4). Ambac further argues that the ERS Bondholders' request to receive copies of documents and participate in depositions can be denied as unripe since the Government Parties have been voluntarily providing the Joinder Entities with copies of such documents and no depositions have been noticed. (Id. ¶ 5).

3

The Joinder Request shall be treated in identical fashion to the other requests for joinder filed by the Joinder Entities. The Joinder Request is denied to the extent it requests an order allowing the ERS Bondholders to join the meet and confer process between Ambac and the Government Parties ordered by the Court. The Joinder Request shall remain open in the event that disputes arise concerning the production of documents to the Bondholders and/or the role of the Bondholders at any deposition. The Court reiterates that nothing in this Order or any prior order precludes the Oversight Board, AAFAF, and Ambac from including the ERS Bondholders in devising a coordinated discovery plan and schedule.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

Dated: June 24, 2020