No. 15-2433

---

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

---

OBE E. JOHNSON,

Plaintiff-Appellant,

v.

LUIS I. MUÑIZ, Police #15800 CIC Robo; ESTADO LIBRE ASOCIADO DE
PUERTO RICO

Defendants-Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

## BRIEF FOR DEFENDANTS-APPELLEES

**MARGARITA L. MERCADO-ECHEGARAY**
U.S.C.A. No. 1140532
Solicitor General

**SUSANA I. PEÑAGARÍCANO-BROWN**
Assistant Solicitor General
Department of Justice
Commonwealth of Puerto Rico
P.O. Box 9020192
San Juan, P.R. 00902-0192
Phone (787) 724-2165
Facsimile (787) 724-3380
spenagaricano@justicia.pr.gov

March 14th, 2016

# TABLE OF CONTENTS

Page(s)

I.   JURISDICTIONAL STATEMENT ................................................................1

II.  COUNTERSTATEMENT OF THE ISSUES PRESENTED ........................2

    A. WHETHER APPELLANT'S CLAIMS ARE TIME-BARRED.

    B. WHETHER APPELLANT FAILED TO STATE A CLAIM UNDER 42 U.S.C § 1983.

    C. WHETHER THE ELEVENTH AMENDMENT OF THE UNITED STATES
    CONSTITUTION BARS APPELLANT'S DAMAGES CLAIM.

    D. WHETHER THE DISTRICT COURT LACKED JURISDICTION TO ENTERTAIN
    APPELLANT'S PETITION TO OVERTURN HIS CONVICTION.

III. COUNTERSTATEMENT OF THE CASE ............................................. 2-4

    A. *Nature of the Case* ....................................................................2

    B. *Course of the proceedings and the disposition below.* ................. 2-3

    C. *Counterstatement of the Facts* .................................................. 3-4

IV. STANDARD OF REVIEW ................................................................. 4-5

V.  SUMMARY OF THE ARGUMENT ........................................................5

VI. ARGUMENT .................................................................................. 6-16

    A. *Appellant's claims are time-barred.* ......................................... 6-9

    B. *The Malicious Prosecution Claim was properly dismissed* .............9

    C. *Appellant failed to state a claim under 42 U.S.C § 1983.* .......... 10-12

    D. *The Eleventh Amendment of the United States Constitution bars*
    *Appellant's damages claim.* ..................................................... 12-15

*Brief for Defendants-Appellees*
No. 15-2433

E. *The District Court lacked jurisdiction to entertain Appellant's successive petition to overturn his conviction* ................................................. 15-16

**VII. CONCLUSION** .................................................................... 16

**CERTIFICATE OF COMPLIANCE WITH RULE 32(A)** ................................. 18

**CERTIFICATE OF FILING AND SERVICE** ..................................... 19

ii

*Brief for Defendants-Appellees*
No. 15-2433

# TABLE OF AUTHORITIES

## LEGISLATION (FEDERAL)

28 U.S.C. § 1291 ................................................................................1

28 U.S.C. § 2254 ................................................................................4

42 U.S.C. § 1983 .........................................................................*passim*

## LEGISLATION (PUERTO RICO)

Civil Code of Puerto Rico
    Articles 1802 and 1803 .................................................................7
    Article 1868, 31 L.P.R.A. § 5298(2) ..............................................6

## CASES (FEDERAL)

*Álamo-Hornedo v. Puig*, 745 F.3d 578 (1st Cir. March 17, 2014) ...........................7

*Alden v. Maine*, 527 U.S. 706 (1999) ...................................................13

*Alvarado v. Donahoe*, 687 F.3d 453 (1st Cir. 2012) ................................................4

*Aulson v. Blanchard*, 83 F.3d 1 (1st Cir. 1996) ........................................................5

*Benítez- Pons v. Commonwealth of Puerto Rico*,
    136 F.3d 54 (1st Cir. 1998) ..............................................................8

*Blatchford v. Native Village of Noatak*, 501 U.S. 775 (1991) ...............................13

*Brandon v. Holt*, 469 U.S. 464 (1985)...............................................................15

*Burton v. Steward*, 549 U.S. 147 (2007).............................................................16

*Carreras-Rosa v. Alves-Cruz*, 127 F.3d 172 (1st Cir. 1997) ...................................6,8

*Centro Médico del Turabo v. Feliciano de Melecio*,
    406 F.3d 1 (1st Cir. 2005) .................................................................7

*Brief for Defendants-Appellees*
No. 15-2433

*Cepero-Rivera v. Fagundo*, 414 F.3d 124 (1st Cir. 2005)......................................10

*Clark v. Boscher*, 514 F.3d 107 (1st Cir. 2008)......................................10

*Daniels v. Williams*, 474 U.S. 327 (1986) ......................................10

*Edelman v. Jordan*, 415 U.S. 651 (1974) ...................................... 13,14

*Ex parte Young*, 209 U.S. 123 (1908)......................................14

*García v. Bristol Squibb Co.*, 535 F.3d 23 (1st Cir. 2008)......................................5

*Gómez v. Toledo*, 446 U.S. 635 (1980)......................................10

*Great Northern Life Insurance Co. v. Read*, 322 U.S. 47 (1944)......................................14

*Hans v. Louisiana*, 134 U.S. 1 (1890) ......................................13

*Heck v. Humphrey*, 512 U.S. 477 (1994)......................................8

*Hernández-Payero v. Puerto Rico*, 338 F. Supp.2d 279 (D.P.R. 2004)......................................15

*Hicks v. Johnson*, 755 F.3d 738 (1st Cir. 2014) ......................................4

*Hudson v. Palmer*, 468 U.S. 517 (1984)......................................10

*Johnson v. Univ. of Puerto Rico*, 714 F.3d 48 (1st Cir. 2013) ......................................4

*Kentucky v. Graham*, 473 U.S. 159 (1985)......................................15

*López-González v. Municipality of Comerío*, 404 F.3d 548 (1st Cir. 2005) ......................................6

*López-Rosario v. Puerto Rico Police*, 126 F.Supp.2d 167 (D.P.R. 2000)......................................15

*Matos Ortiz v. Commonwealth of Puerto Rico*,
 103 F. Supp. 2d 59 (D.P.R. 2000)......................................7

*Maysonet-Robles v. Cabrero*, 323 F.3d 43 (1st Cir. 2003)......................................13

*Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5 (1st Cir. 1990)......................................5

*Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978) ......................................11,15

iv

*Brief for Defendants-Appellees*
No. 15-2433

*Moran Vega v. Cruz Burgos*, 537 F.3d 14 (1st Cir. 2008) ........................................7

*Muñiz-Cabrero v. Ruiz*, 23 F.3d 607 (1st Cir. 1997)...............................................6

*Nieves v. McSweeney*, 241 F.3d 46 (1st Cir. 2001) .................................................6

*Nieves-Cruz v. Commonwealth of P.R.*, 425 F. Supp. 2d 188 (D.P.R. 2006)..........15

*Parratt v. Taylor*, 451 U.S. 527 (1981) ...................................................................10

*Patrana-Torres v. Corporación de Puerto Rico para la Difusión Pública*,
    460 F.3d 124 (1st Cir. 2006)................................................................................15

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984) ..............13

*Ramírez-Lluveras v. Rivera-Merced*, 759 F.3d 10 (1st Cir. 2014) ...........................4

*Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349 (1st Cir. 1992) ........................6,7

*Rizzo v. Goode*, 423 U.S. 362 (1976)......................................................................11

*Rodríguez Narvaez v. Nazario*, 895 F.2d 38 (1st Cir. 1990) ...................................7

*Romero-Barceló v. Hernández-Agosto*, 75 F.3d 23 (1st Cir.1996) ........................10

*Rosenberg v. City of Everett*, 328 F. 3d 12 (1st Cir. 2003) .......................................5

*Ruiz Sulsona v. University of Puerto Rico*, 334 F.3d 157 (1st Cir. 2003) .................7

*Street v. Vose*, 936 F.2d 38 (1st Cir. 1991)..............................................................7

*Torres-Alamo v. P.R.*, 502 F.3d 20 (1st Cir. 2007).................................................13

*Trenkler v. U.S.*, 536 F.3d 85 (1st Cir. 2008) .........................................................16

*Verizon Md. Inc v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002) .....................14

*Virginian Office for Prot. & Advocacy v. Stewart*,
    131 S. Ct. 1632 (2011) ................................................................................. 13,14

*Voutour v. Vitale*, 761 F. 2d 812 (1st Cir. 1985) ....................................................10

*Brief for Defendants-Appellees*
No. 15-2433

*Wallace v. Kato*, 549 U.S. 384 (2007) .................................................................8

*West v. Atkins*, 487 U.S. 42 (1988) ...............................................................n.10

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)......................15

*Wilson v. García*, 471 U.S. 261 (1985) ...........................................................6

## CASES (PUERTO RICO)

*Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740 (1981) ............................7

No. 15-2433

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

OBE E. JOHNSON,

Plaintiff-Appellant,

v.

LUIS I. MUÑIZ, Police #29800 CIC Robo; ESTADO LIBRE ASOCIADO DE PUERTO RICO

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

### BRIEF FOR DEFENDANTS-APPELLEES

**COME NOW** Defendants-Appellees, the Commonwealth of Puerto Rico and Luis I. Muñiz, in his official capacity, and through the undersigned counsel respectfully aver and pray:

### I.    JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction to entertain appeals from a final judgment pursuant to 28 U.S.C. § 1291, which enables courts of appeals to review "all final decisions of the district courts of the United States." *Id.*

*Brief for Defendants-Appellees*
No. 15-2433

## II. COUNTERSTATEMENT OF THE ISSUES PRESENTED

A. WHETHER APPELLANT'S CLAIMS ARE TIME-BARRED.

B. WHETHER APPELLANT FAILED TO STATE A CLAIM UNDER 42 U.S.C § 1983.

C. WHETHER THE ELEVENTH AMENDMENT OF THE UNITED STATES
CONSTITUTION BARS APPELLANT'S DAMAGES CLAIM.

D. WHETHER THE DISTRICT COURT LACKED JURISDICTION TO ENTERTAIN
APPELLANT'S PETITION TO OVERTURN HIS CONVICTION.

## III.   COUNTERSTATEMENT OF THE CASE

### A.    *Nature of the Case*

Liberally construed, the complaint claims that Appellant suffered violations
of his Fourth Amendment rights due to an alleged false arrest, false imprisonment,
and malicious prosecution. Appellant claims that Appellee Muñiz, illegally searched
his apartment and hotel room and falsely accused and arrested him, allegedly leading
to a wrongful armed-robbery conviction.

### B.    *Course of the proceedings and the disposition below.*

Obe E. Johnson ("Johnson" and/or " Appellant"), *pro se*, sued Officer Luis I.
Muñiz and the Puerto Rico Police Department ("PRDP") under 42 U.S.C. § 1983
seeking money damages and equitable relief.  Docket No. 25 ("Compl."). Appellant
also filed a motion for injunctive or declaratory relief, which Appellees opposed.
(Docket Nos. 12, 38).  Appellees moved to dismiss the complaint for lack of subject
matter jurisdiction and failure to state a claim. Docket No. 39.

2

*Brief for Defendants-Appellees*
No. 15-2433

The case was referred to United States Magistrate Judge Bruce J. McGivern for report and recommendation as to all dispositive motions, (Docket No. 9), who on August 7, 2015, recommended that Appellees' motion to dismiss be granted and that Appellant's motion for injunctive and declaratory relief be denied. (Docket No. 46). After an independent examination of the entire record, on September 25, 2015, the District Court adopted the magistrate judge's findings and recommendations, dismissing the case and denying injunctive or declaratory relief. (Docket No. 48). Judgment followed. (Docket No. 49).

### C.    *Counterstatement of the Facts*

In 2004, Johnson founded a company called Obe Professional Carpet Cleaning in Philadelphia, Pennsylvania. (Docket 25 at 2). In February 2005, Johnson was arrested in Puerto Rico for events occurring on February 5, 2005, and charged with armed robbery and violation of Puerto Rico weapons laws. (Docket No. 1-3 at 14 ¶¶ 10-11). On June 13, 2005, Johnson was found guilty in state court. (*Id.* ¶ 18-22). On September 15, 2005, Johnson was sentenced to 35-years imprisonment. (*Id.* at 15 ¶¶ 1-2). The Puerto Rico Court of Appeals affirmed Johnson's conviction and judgment on November 20, 2008. (*Id.* ¶¶ 3-4). The Supreme Court of Puerto Rico denied Johnson's petition for *certiorari* on June 1, 2009. (*Id.* ¶¶ 4-5). Johnson then filed numerous *pro se* petitions to set aside the conviction on constitutional grounds, all of which the Supreme Court of Puerto Rico denied on the merits on December 9, 2011.

3

*Brief for Defendants-Appellees*
No. 15-2433

(Id. ¶¶ 13-16). Johnson also filed similar *pro se habeas corpus* petitions in federal court under 28 U.S.C. § 2254, which were denied for lack of prosecution, failure to exhaust state remedies, and as successive petitions. (*Id.* at 15 ¶¶ 17-19); *see* Civil No. 09-1172 (CCC) (dismissing for failure to state a claim); Civil No. 09-1639 (JAF) (dismissing for lack of prosecution); Civil No. 10-1177 (JAF) (dismissing for failure to exhaust state remedies); Civil No. 12-1027 (SEC) (dismissing for lack of prosecution and unauthorized successive petition); Civil No. 13-1272 (JAF) (denying petition as time-barred). He also brought *pro se* actions under § 1983 for malicious prosecution against the state judge, Commonwealth police officer, and the United States. (Docket No. 1-3 at 15 ¶¶ 20-23); *see* Civil No. 09-1173 (JP); Civil No. 09-1638 (GAG); Civil No. 13-1271 (CCC). These petitions were denied as collateral attacks to Johnson's sentence and for failure to state a claim. (Docket No. 1-3 at 15 ¶¶ 23-24).[1]

## IV.   STANDARD OF REVIEW

Ordinarily, a district court's grant of a motion to dismiss is reviewed *de novo* by appellate courts. *Ramírez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 19 (1st Cir. 2014); *Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014) (citing *Johnson v. Univ. of Puerto Rico*, 714 F.3d 48, 52 (1st Cir. 2013)); *Alvarado v. Donahoe*, 687 F.3d

---

[1] No challenge to a condition of his confinement resulting from prison disciplinary action may be ascertained from the complaint (Docket 25), as now alleged in Appellant's Brief at 1.

453, 458 (1st Cir. 2012). In conducting a fresh glance at the record, this Court construes the well-pleaded allegations in the light most favorable to the non-movant, resolving all reasonable inferences in the party's favor. *Rosenberg v. City of Everett*, 328 F. 3d 12, 15 (1st Cir. 2003). This Court, however, will not accept unsupported, subjective or conclusory allegations, instead of documented facts. *García v. Bristol Squibb Co.*, 535 F.3d 23, 33 n.5 (1st Cir. 2008). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted); *see also Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

## V.    SUMMARY OF THE ARGUMENT

The District Court did not err when it granted Appellees' motion to dismiss and denied Appellant's motion for injunctive or declaratory judgment. Appellant's section 1983 claim is time-barred because he did not file it within the applicable one-year statute of limitations. Regardless, Appellant failed to state a cognizable claim under section 1983. Even if this were not case, this action would be precluded by the Eleventh Amendment of the United States Constitution. Finally, Appellant's request to be released from custody was properly denied as an unauthorized successive petition to overturn his conviction.

## VII. ARGUMENT

### A. *Appellant's claims are time-barred.*

Plaintiff brings a section 1983 claim for an alleged illegal search of his apartment and hotel room, illegal arrest, false accusations of a crime, and wrongful conviction and imprisonment, which, if meritorious, would be actionable under the Fourth Amendment. (Docket 25 at 3-4).

#### 1. *Limitations period*

Section 1983 of Title 42 of the United States Code does not provide a statute of limitations. Instead, the Supreme Court has held that courts must borrow the State's limitation period governing personal injury actions. *Wilson v. García,* 471 U.S. 261, 266 (1985) (finding it most unlikely that the period of limitations applicable to such claims ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect); *see also López-González v. Municipality of Comerío,* 404 F.3d 548, 551 (1st Cir. 2005) (holding that Section 1983 actions borrow the forum state's statute of limitations); *Nieves v. McSweeney,* 241 F.3d 46, 51 (1st Cir. 2001).

In Puerto Rico, the applicable limitations period for tort actions is one year under Article 1868 of the Civil Code. 31 L.P.R.A. § 5298(2); *see also Carreras-Rosa v. Alves-Cruz,* 127 F.3d 172, 174 (1st Cir. 1997); *Muñiz-Cabrero v. Ruiz,* 23 F.3d 607, 610 (1st Cir. 1997); *Rivera-Muriente v. Agosto-Alicea,* 959 F.2d 349, 352-

6

*Brief for Defendants-Appellees*
No. 15-2433

53 (1st Cir. 1992). This one-year period is applicable to actions brought pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code. *See Matos Ortiz v. Commonwealth of Puerto Rico*, 103 F. Supp. 2d 59, 63 (D.P.R. 2000) (citing *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740, 745-48 (1981)). This Honorable Court has consistently held that "[i]n Puerto Rico, the borrowed limitations period [for Section 1983 actions] is one year." *Álamo-Hornedo v. Puig*, 745 F.3d 578, 581 (1st Cir. 2014); *Moran Vega v. Cruz Burgos*, 537 F.3d 14, 20 (1st Cir. 2008); *Centro Médico del Turabo v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005).

    *2. Accrual date*

Even though federal courts borrow state's statute of limitations in Section 1983 cases, federal law determines the date of accrual. *Álamo-Hornedo*, 745 F.3d at 581; *Rivera Muriente v. Agosto Alicea*, 959 F.2d 349, 353 (1st Cir. 1992). The accrual period begins to run when the aggrieved person "knows, or has reason to know, of the injury on which the action is based." *Álamo-Hornedo*, 745 F.3d at 581(citing *Moran Vega*, 537 F.3d at 20); *Ruiz Sulsona v. University of Puerto Rico*, 334 F.3d 157, 159 (1st Cir. 2003) (the statute of limitations begins to run when the plaintiff learns of the decision to terminate his employment)); *see also Muñiz-Cabrero*, 23 F.3d at 610 (citing *Rivera-Muriente*, 959 F.2d at 353); *Street v. Vose*, 936 F.2d 38, 40 (1st Cir. 1991); *Rodríguez Narvaez v. Nazario*, 895 F.2d 38, 42 n. 5 (1st Cir. 1990).

7

*Brief for Defendants-Appellees*
No. 15-2433

Accordingly, "[t]he one year period begins to run one day after the date of accrual, which is the date Appellant knew or had reason to know of the injury." *Benítez-Pons v. Commonwealth of Puerto Rico*, 136 F.3d 54, 59 (1st Cir. 1998); *see also Carreras-Rosa*, 127 F.3d at 174. In a false arrest and false imprisonment claim, the accrual period begins to run when the plaintiff "appeared before the examining magistrate and was bound over for trial." *Wallace v. Kato*, 549 U.S. 384, 391-92 (2007). On the other hand, in a malicious prosecution claim, the one-year period does "not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

Although the complaint is silent as to when Appellant was arrested or when he appeared before a magistrate judge, the District Court correctly relied in the procedural history provided by the Opinion and Order of May 19, 2014 in Civil Case No. 13-1272 (JAF), Docket 36 at 6. Pursuant to the May 19, 2014 Opinion and Order (Docket 36 in Case No. 13-1272), Appellant was arrested in February 2005 and a trial was held on June 13, 2005. As a result, the statute of limitations for a section 1983 claim for false arrest and false imprisonment accrued at some point between February 2005 and June 12, 2005. Therefore, the last possible day for Appellant to file his complaint for false arrest and imprisonment under section 1983 was June 13, 2006. However, the complaint was filed on December 3, 2014. That is, Appellant waited over eight (8) years after the statute of limitations period

8

*Brief for Defendants-Appellees*
No. 15-2433

expired, to file his section 1983 claim. Appellant's failure to meet the statutory period for filing claims under section 1983 called for the dismissal with prejudice of these claims as to all of the Appellees.

**B.   *The Malicious Prosecution Claim was properly dismissed.***

The malicious prosecution claim is equally doomed since, as previously stated, a section 1983 action for malicious prosecution does not accrue until criminal proceedings have terminated in Plaintiff's favor. Here, criminal proceedings did not terminate in Johnson's favor. On June 13, 2005, Johnson was found guilty in state court. (Docket No. 1-3 at 14 ¶¶ 18-22). On September 15, 2005, Johnson was sentenced to 35-years imprisonment. *Id*. at 15 ¶¶ 1-2. The Puerto Rico Court of Appeals affirmed Johnson's conviction and judgment on November 20, 2008. *Id*. ¶¶ 3-4. The Supreme Court of Puerto Rico denied Johnson's petition for *certiorari* on June 1, 2009. *Id*. ¶¶ 4-5. Consequently, his malicious prosecution claim lacks merit.

*Brief for Defendants-Appellees*
No. 15-2433

## C.   Appellant failed to state a claim under 42 U.S.C § 1983.

Section 1983 does not provide "any substantive rights independent of those already granted under federal law." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008). In order to successfully state a valid claim under section 1983, three elements must be alleged and ultimately proven: (1) that the conduct complained of was committed by a person acting "under color of state law",[2] *see Gómez v. Toledo*, 446 U.S. 635, 640 (1980); (2) that this conduct "deprived plaintiff[s'] of rights, privileges or immunities secured by the Constitution or laws of the United States" *see Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds; *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986); *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005) (quoting *Romero-Barceló v. Hernández-Agosto*, 75 F.3d 23, 32 (1st Cir.1996)).; and (3) that "defendant was personally and directly involved in causing the deprivation of plaintiffs' federally protected rights." *Voutour v. Vitale*, 761 F. 2d 812, 819 (1st Cir. 1985).

This third element requires a showing of a causal connection, which may consist of direct acts by the defendant or acts performed at defendant's direction or knowledge and consent. Each defendant individually responds for his own acts and

---

[2] "[A] defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 49 (1988).

*Brief for Defendants-Appellees*
No. 15-2433

omissions in the light of his own duties. *See Rizzo v. Goode*, 423 U.S. 362, 370 (1976); *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

According to the complaint (Docket 25), Appellant founded a company in 2004, which he lost after he was convicted in state court. The remaining allegations consist of threadbare and conclusory assertions stating that Muñiz illegally searched Appellant's hotel and apartment, illegally arrested him, falsely accused him of armed robbery, and that Appellant was wrongfully convicted and imprisoned. Even adopting a liberal pleading standard afforded to *pro se* complaints, the District Court correctly concluded that the allegations in the complaint are factually insufficient to state a colorable claim under section 1983. (Docket 46 at 7; *see also* Docket 48 (adopting the magistrate judge's findings and recommendation);*report and recommendation adopted*, Civil Action No. 09-510 ML, 2011 WL 317834 (D.R.I. Jan. 28, 2011). Before this Court, Appellant fails to proffer the underlying facts that, if proven true, would support a finding of an illegal search and arrest, as well as a factually plausible illegally imprisonment and prosecution by Muñiz.

Importantly, as underscored by the Magistrate Judge, this is the fourth time that Appellant has brought a section 1983 claim against Muñiz (Docket 46 at 7):

i.   In the first action, Johnson claimed that Muñiz fabricated false charges against. The District Court dismissed the complaint with prejudice for failure to state a claim. (Civil No. 09-1173 (JP), Docket. 9);

11

*Brief for Defendants-Appellees*
No. 15-2433

    ii.    In the second action, Johnson asserted the same section 1983 claims and the court dismissed them as a collateral attack on his conviction, concurring with the opinion in Civil No. 09-1173 (JP) (Civil No. 09-1638 (GAG), Docket No. 4); and

    iii.    In the third action, Appellant asserted the same facts as in Civil No. 09-1173 (JP)-- and as those in the present case--, and sought money damages, claiming that Muñiz fabricated charges and submitted false evidence against him, claims which were dismissed with prejudice. (Civil No.13-1271 (CCC), Docket No. 8). Appellant appealed that decision, which was affirmed by this Court. *Id.* Docket No. 24.

In the instant case, Appellant for the fourth time essentially reiterates the previous claims that have already been rejected by the District Court and by this Court. In like fashion, this Court should once again reject Appellant's claims.

    **D.**    ***The Eleventh Amendment of the United States Constitution bars Appellant's damages claim.***

In the complaint (Docket 25 at 2, 5-6), Appellant seeks monetary relief in the amount of $25 million dollars for the alleged loss of his cleaning company as a result of the alleged wrongful conviction and imprisonment. Appellant requests that the Commonwealth be found liable for his damages claim.

*Brief for Defendants-Appellees*
No. 15-2433

The principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III of the Constitution. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginian Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). This Court has established that under the Eleventh Amendment, "States entered the Union with their sovereign immunity intact, unlimited by Article III's jurisdictional grant." Id (citing *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984); *Hans v. Louisiana*, 134 U.S. 1 (1890)).

Puerto Rico is a state for Eleventh Amendment purposes. *Torres-Alamo v. P.R.*, 502 F.3d 20, 24 (1st Cir. 2007). This Court has consistently recognized that "Puerto Rico enjoys the same immunity from suit that a States has under the Eleventh Amendment." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 53 (1st Cir. 2003).

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citing *Hans*, 134 U.S. 1). It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by Eleventh Amendment immunity. *Edelman*, 415 U.S. at 663.

13

*Brief for Defendants-Appellees*
No. 15-2433

In *Ex parte Young*, this Court established an important limit on the sovereign-immunity principle. 209 U.S. 123 (1908). The *Ex parte Young* rule normally lifts the jurisdictional bar in suits seeking prospective relief against state officials for violations of federal law; but claims remains barred when the action is, in essence, one for the recovery of money from the State. *Edelman*, 415 U.S. at 663. Under this rule, a party may only seek prospective injunctive or declaratory relief, but not retroactive monetary damages.

Therefore, "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman*, 415 U.S. at 663 (citing *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47 (1944)). "'[I]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Virginian Office for Prot. & Advocacy*, 131 S.Ct. at 1639 (citing *Verizon Md. Inc v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Appellant is seeking damages from Puerto Rico Police ("PRPD"), from Officer Muñiz, in his official capacity, and from the Commonwealth of Puerto Rico. However, the immunity not only applies to states, but also to "entities that are determined to be *arms of a state*," *Patrana-Torres v. Corporación de Puerto Rico*

*para la Difusión Pública*, 460 F.3d 124, 126 (1st Cir. 2006) (emphasis added), regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Indisputably, the PRPD is an arm of the Puerto Rico government. *Hernández-Payero v. Puerto Rico*, 338 F. Supp.2d 279, 282 (D.P.R. 2004). And, since "a suit against a state official in his or her **official capacity** is not a suit against the **official** but rather is a suit against the **official's** office", . . . it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)(holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983") (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky*, 473 U.S. at 165-166 (1985); *Monell*, 436 U.S. at 690).

The Commonwealth or PRPD, being an arm of the state, "cannot be sued in federal court," and is thus "immune from suits under the Eleventh Amendment." *Nieves-Cruz v. Commonwealth of P.R.*, 425 F. Supp. 2d 188, 192 (D.P.R. 2006); *López-Rosario v. Puerto Rico Police*, 126 F.Supp.2d 167, 171 (D.P.R. 2000). The same bar applies as to Muñiz, in his official capacity. Accordingly, Appellant's section 1983 damages claim against the PRDP and Muñiz is barred by the Eleventh Amendment.

### E. The District Court lacked jurisdiction to entertain Appellant's successive petition to overturn his conviction.

Finally, Appellant's request "for a fast release from illegal custody", termed as an injunctive or declaratory relief (Docket No. 12), is another unauthorized

*Brief for Defendants-Appellees*
No. 15-2433

successive habeas petition to overturn his conviction. Accordingly, it was properly denied by the District Court. *Burton v. Steward*, 549 U.S. 147, 152 (2007) (*per curium*); *see also Trenkler v. U.S.*, 536 F.3d 85 (1st Cir. 2008) (finding the petition as "an unauthorized second or successive habeas petition and foreclosed on that basis"); Civil No. 10-1177 (JAF), Docket 22 (First Circuit holding in Case No. 11-1486 that one of Johnson's previous habeas petitions constituted an unauthorized successive petition that the district court lacked jurisdiction to consider.).

**WHEREFORE,** Defendants-Appellees respectfully request that this Honorable Court affirm the Judgment entered by the District Court.

*Brief for Defendants-Appellees*
No. 15-2433

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 14th day of March, 2016.

*s/Margarita L. Marcado Echegaray*
**MARGARITA L. MERCADO-ECHEGARAY**
U.S.C.A. No. 1140532
Solicitor General
Department of Justice
Commonwealth of Puerto Rico
P.O. Box 9020192
San Juan, P.R. 00902-0192
Phone (787) 724-2165;
Fax (787) 724-3380
marmercado@justicia.pr.gov


*s/ Susana I. Peñagarícano-Brown*
**SUSANA I. PEÑAGARÍCANO-BROWN**
Assistant Solicitor General
Department of Justice
Commonwealth of Puerto Rico
P.O. Box 9020192
San Juan, P.R. 00902-0192
Phone (787) 724-2165
Facsimile (787) 724-3380
spenagaricano@justicia.pr.gov

*Brief for Defendants-Appellees*
No. 15-2433

## Certificate of Compliance with Rule 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)
(B) because:

    __X__  This brief contains 3,417 words, excluding the parts of the brief
    exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

    _____  This brief uses a monospaced typeface and contains 306 lines of text,
    excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)
    (B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    __X__  This brief has been prepared in a proportionally spaced typeface using
    Times New Roman, Size 14, or

    _____  This brief has been prepared in a monospaced typeface using [*state name
    and version of word processing program*] with [*state number of characters per
    inch and name of type style*].

s/*Susana I. Peñagarícano-Brown*
Attorney for Defendants-Appellees
Dated: 14ʰ day of March, 2016

18

*Brief for Defendants-Appellees*
No. 15-2433

## CERTIFICATE OF FILING AND SERVICE

**IT IS HEREBY CERTIFIED**: That on this date the foregoing document has been filed through the ECF system, which sends notice to all ECF filers. In addition, a paper copy of this brief will be sent to Petitioner **Obe E. Johnson,** to Institución Ponce 500, P.O. Box 9008, Ponce, P.R., 00732-9008.

In San Juan, Puerto Rico this 14th day of March, 2016.

*s/Susana I. Peñagarícano-Brown*
**SUSANA I. PEÑAGARÍCANO-BROWN**

Assistant Solicitor General
Department of Justice
Commonwealth of Puerto Rico
P.O. Box 9020192
San Juan, P.R. 00902-0192
Phone (787) 724-2165
Facsimile (787) 724-3380
spenagaricano@justicia.pr.gov