UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | Adv. Proc. No. 20-00003-LTS |
| Plaintiff, | |
| v. | |
| AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee, | |
| Defendants. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | Adv. Proc. No. 20-00004-LTS |
| Plaintiff, | |
| v. | |
| AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, | |
| Defendants. | |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>      Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>      Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS <br><br> (OTHER THAN COFINA AND PBA), <br><br>      Plaintiffs, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, <br><br>      Defendants. | PROMESA <br> Title III <br><br> Adv. Proc. No. 20-00007-LTS |

**MONOLINES' URGENT MOTION TO CLARIFY REQUIREMENTS OF
THE SEALED PROCEDURES ORDER AND THE AMENDED PROTECTIVE ORDER**

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company (collectively, the "Monolines") hereby file this urgent motion (the "Urgent Motion") requesting entry of an order (i) clarifying the requirements of the *Joint Standing Order on Sealing and Redacting* (No. 17 BK 3283-LTS, ECF No. 13396) (the "Sealed Procedures Order") pertaining to the redaction of public filings in circumstances where there will be no corresponding sealed filing, and (ii) clarifying that the *Stipulation and Amended Protective Order* (No 17 BK 3283-LTS, ECF No. 13461) (the "Amended Protective Order") does not permit confidential treatment for publicly available information and, specifically, does not permit confidential treatment for ink signatures of Commonwealth employees.[2]

## PRELIMINARY STATEMENT

1. As the Court is aware, following the limited discovery relating to the preliminary hearing issues in the revenue bond lift stay proceedings, the Monolines and other parties have filed documents containing information designated by the Government Parties[3] as confidential under the Amended Protective Order. In light of these submissions, the Court has issued orders clarifying how filing of confidential material is to be handled. *E.g.*, *Order on Motions to Seal* (No. 17 BK 3283-LTS, ECF No. 13351). This Urgent Motion seeks an order clarifying two points relating to the filing of confidential material that will reduce the burden on the parties and the Court and promote public access. This Motion is opposed only as to the second request. (*See* Cámara-

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Amended Protective Order in the above-captioned proceedings.

[3] "Government Parties" means, collectively, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").

Fuertes Decl. Ex. 1.)

2. *First*, the Monolines ask that the Court clarify that the requirement in the Sealed Procedures Order directing the parties to obtain leave of Court before filing "a document under seal or with redactions, other than permissible redactions specified in Fed. R. Bankr. P. 9037," Sealed Procedures Order ¶ A.1., does not require the parties to obtain leave of Court before filing materials with only irrelevant or immaterial portions redacted, and which the filing party does not intend to submit to the Court in unredacted form. AAFAF consents to this request.

3. *Second*, the Monolines ask that the Court clarify that information that is publicly available—including ink signatures of Commonwealth employees on publicly available documents—cannot be designated as Confidential Material under the Amended Protective Order. AAFAF maintains that all signatures of Commonwealth officials and employees must be redacted from Commonwealth documents and filed under seal. AAFAF argues that publicly filing ink signatures exposes employees to a risk of identity theft. This assertion is meritless. Government documents, including the original ink signatures, are publicly available in Puerto Rico through a public records request. AAFAF did not dispute this fact during the meet-and-confer. Moreover, many of the specific signatures AAFAF has "sealed" are readily available on the Internet—in most cases, on public websites of the Commonwealth or its instrumentalities. Accordingly, the Court should clarify that, consistent with Judge Swain's ruling in these Title III cases, publicly available material cannot be redacted or sealed, and ink signatures cannot be redacted and may be publicly filed. *See Cooperativa de Ahorro y Credito Abraham Rosa v. Public Corp. for the Supervision & Ins. of Cooperatives of P.R.* (*In re Fin. Oversight & Mgmt. Bd. for P.R.*), 406 F. Supp. 3d 180, 187 (D.P.R. 2019).

4. Even if AAFAF could demonstrate that certain signatures are not already public or

- 2 -

publicly available, AAFAF still could not carry its burden of showing that disclosure would pose an undue risk of identity theft. Lawyers, judges, parties, and witnesses frequently attach their signatures to publicly filed documents. The Commonwealth's own courts require signatures on many filings, which in practice often are made with ink signatures (including those of Commonwealth employees). (*See* Cámara-Fuertes Decl. ¶ 9.) AAFAF was unable to point to a single example where court filings resulted in identity theft.

5. The burden imposed by AAFAF's position regarding the redaction of ink signatures is material. The Monolines estimate that **750** redactions were made to accommodate AAFAF's request just in connection with the reply briefs in support of revenue bond lift stay motions. In fact, all the redactions (beyond those expressly provided for in Rule 9037) were of ink signatures. As a result, the Monolines had to file duplicate copies of thousands of pages of exhibits, across hundreds of ECF documents filed, burdening both the parties and the Court. The volume of such redactions is expected to be at least that in connection with the upcoming summary judgment filings.

6. The Monolines and AAFAF met and conferred on June 25, 2020. AAFAF consents to the first request for relief but objects to the second. The Monolines respectfully request a ruling by early next week, given their July 9 deadline to file summary judgment oppositions. Unless the relief requested herein is granted, the July 9 filings will include numerous exhibits that would need to be sealed—resulting again in unnecessary multiple filings (public and sealed) of lengthy documents with numerous exhibits.

## ARGUMENT

**I. THE COURT SHOULD CLARIFY THAT ITS SEALED PROCEDURES ORDER PERMITS REDACTIONS OF IMMATERIAL INFORMATION WITHOUT ADVANCED LEAVE FROM THE COURT.**

7. Contrary to ordinary practice, the Court's Sealed Procedures Order can be read to

require the Monolines and other parties to request leave from the Court to file "a document . . . with redactions," even if no unredacted version of the document is being submitted to the Court under seal. Sealed Procedures Order ¶ A.1. It is unclear whether a party must *always* request leave before filing a document with redactions, or whether it must do so only when sealing an unredacted copy of the document for the Court's review. The Monolines therefore respectfully ask the Court to clarify that there is no need to seek leave of Court to file a document with redactions if there will be no corresponding sealed filing. This would arise in circumstances where the redactions are immaterial to the purpose for which the document is cited, and the filer is content for the redacted version to constitute the official filing with the Court, without any need to file an unredacted version under seal.[4]

8. Requiring the Monolines to move for leave to file any document with redactions, even in circumstances where the redacted information is immaterial to the purpose for which the document is cited, would be burdensome to the Monolines. For instance, in connection with the revenue bond lift stay proceedings, the Monolines submitted 55 exhibits containing redactions, including 38 exhibits containing redactions of signatures. The Monolines anticipate that their summary judgment oppositions will be accompanied by a similar number of exhibits containing redactions. If the terms of the Sealed Procedures Order are not clarified, the Monolines would need to seek leave to redact each such document and file two versions (public and sealed) of each such exhibit, increasing the burden on the Monolines and the Court.

9. Such limited redactions without leave of Court would also be consistent with the

---

[4] For example, AAFAF has requested that it should be permitted to have non-work contact information for government officials filed under seal. The Monolines have never sought to file with the Court any exhibits that contain non-work contact information for Commonwealth officials or employees, and thus this issue is not ripe now (and may never ripen). However, this issue could be avoided entirely by allowing the parties to redact immaterial information without leave of the Court. In some (but not all) instances, ink signatures also might not be material to the purposes for which a document is cited.

- 4 -

general purpose of the rule providing public access to Court records, in that the public would have access to the same set of materials considered by the Court. *See e.g.*, *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (the purpose of the presumption of public access to judicial records is to allow for public oversight of **the Court's** functioning). As long as the public can review the exact filings that were made with the Court, the Court and the parties would be in full compliance with 11 U.S.C. § 107, which creates a right of public access only to "paper[s] *filed* in a [bankruptcy] case." *See* 11 U.S.C. § 107(a) (emphasis added).

10. AAFAF has indicated it is agreeable to this portion of the Monolines' request for clarification of the Sealed Procedures Order. (*See* Cámara-Fuertes Decl. Ex. 1.)

## II. GOVERNMENT EMPLOYEES' INK SIGNATURES ARE NOT "CONFIDENTIAL" AND SHOULD NOT BE REDACTED.

11. The Amended Protective Order provides that, in the event of a dispute, "the Party . . . asserting confidentiality shall have the burden of establishing that the information should be protected from disclosure." Amended Protective Order ¶ 17. To carry its burden, AAFAF must prove that the information qualifies as "Confidential Material" under the Amended Protective Order. The Amended Protective Order defines "Confidential Material" as:

> [A]ny [m]aterial produced by any Party or non-party (each referred to herein as a "Producing Party") that the Producing Party considers in good faith to contain . . . personal information (not to include names) of a proprietary nature *that is not known to, or has not generally been made available to, the public* or other information the disclosure of which, in the good-faith judgment of the Producing Party, *would be detrimental to the conduct of the Producing Party's business or official functions.*

Amended Protective Order ¶ 2 (emphasis added). As the Monolines have shown in the attached declaration, the signatures AAFAF wants the Monolines to redact from public filings are publicly available (including in many cases through a basic Internet search). (Cámara-Fuertes Decl. ¶¶ 7-8.) Public disclosure of signatures does not in itself create an undue risk of identity theft and is

- 5 -

not otherwise detrimental to AAFAF's official functions. Given the nature of the documents at issue in these cases, AAFAF's position regarding ink signatures requires the Monolines to apply hundreds of redactions to a large percentage of filed documents.[5]

### A. Disclosure of Government Employees' Signatures Would Not Create Undue Risk of Identity Theft.

12. In connection with a prior sealing request (No. 17 BK 3283-LTS, ECF No. 13173), AAFAF argued that public access to the signatures of Commonwealth officials and employees "could result" in identity theft. This concern is, at best, speculative. During the meet-and-confer, AAFAF was unable to cite a single example in which ink signatures on litigation documents resulted in identity theft (counsel for the Monolines similarly are aware of none, *see* Cámara-Fuertes Decl. ¶ 9). Judges, lawyers, and witnesses frequently file verified pleadings, correspondence, orders, and other papers with ink signatures. (*Id.*) Indeed, some federal courts specifically require ink signatures on ECF filings where the signature of a party or witness is required. *E.g.*, *U.S. District Court, Southern District of New York, Electronic Case Filing Rules & Instructions* (Feb. 3, 2020) § 13.15.

13. The ink signatures of Commonwealth employees are also already publicly accessible through public records requests—and many of the specific signatures that AAFAF seeks to seal are readily available online, mostly on Commonwealth websites. (Cámara-Fuertes Decl. ¶¶ 7-8; *see infra* Arg. II.B.) The fact that so many of these signatures are already publicly available

---

[5] During the meet-and-confer process, the Monolines provided AAFAF a list of specific documents that should be de-designated. AAFAF took the position, across the board, that the Monolines should redact any ink signatures in the documents and file such ink signatures under seal. (Cámara-Fuertes Decl. Ex. 1). Several illustrative examples (which were previously sealed at AAFAF's request) are identified, with ECF numbers, in Paragraph 7 of the Cámara-Fuertes Declaration. This Urgent Motion seeks a ruling on AAFAF's position that ink signatures generally must be filed under seal. To the extent that AAFAF claims that any individual document requires special treatment for some reason unique to that document, it would be AAFAF's burden to demonstrate why that document should be treated differently, Amended Protective Order ¶ 17, and AAFAF did not attempt to do this during the meet-and-confer process.

undermines AAFAF's contention that public availability of signatures would cause identity theft. If that were a legitimate concern, presumably the Commonwealth would not itself make available online unredacted versions of countless documents with ink signatures. AAFAF's blanket position that all ink signatures are confidential and must be redacted is indefensible.

14. The Court thus cannot make any finding, on the record here, that public disclosure of any and all signatures of any Government employee or officer "*would* create *undue* risk of identity theft." 11 U.S.C. § 107(c)(1) (emphasis added). Rule 9037 appropriately protects material that could cause identity theft, such as Social Security numbers and account numbers. It does not extend to ink signatures. To redact additional information beyond that provided for in Rule 9037, a party must make a more particularized showing so the Court can make findings under Section 107, without which, the material cannot be restricted as confidential. *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005) ("Section 107, which Congress enacted in 1978, establishes a broad right of public access, subject only to limited exceptions set forth in the statute, to all papers filed in a bankruptcy case."). AAFAF can make no such showing here.

**B.     Government Employees' Ink Signatures Are Known and Generally Made Available to the Public.**

15. The ink signatures of government employees are publicly available, both under Commonwealth law and as a matter of practice.

16. ***Commonwealth Law.*** Puerto Rico law makes the information and documents produced by the government presumptively public and accessible to all people. Transparency and Expedited Procedure for Access to Public Information Act, H.B. 1095, 19th Leg., 2019 Sess. (P.R.

2019) Art. 3[6] ("Act 141").[7] Under Puerto Rico law, any document originated, conserved, or received in any governmental entity is presumptively public. 3 LPRA § 1001 (*i.e.*, the "Puerto Rico Public Documents Administration Act"); *see also* Puerto Rico Open Government Data Act, S.B. 236, 19th Leg., 2019 Sess. (P.R. 2019) § 3 ("Act 122"). Puerto Rico law allows only certain enumerated exceptions to the right of public access, none of which apply to ink signatures on official documents. Act 122 § 4.

17. **Practical Implementation.** Setting aside whether signatures are public under Puerto Rico's public records law, the Commonwealth's longstanding practice has been to make documents with signatures of Commonwealth employees available through public records requests, **without redaction**, regardless of the seniority of the employee at issue. (Cámara-Fuertes Decl. ¶ 5.) "[I]t is hard to see how information could be deemed confidential if its owner shares it freely." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2363 (2019).

18. When the parties met and conferred, AAFAF did not dispute that the signatures are publicly available but contended they could attract more attention when filed in court. (Cámara-Fuertes Decl. Ex. 1.) But material produced in response to public records requests can be (and often is) posted online, and such material can receive significant scrutiny. (Cámara-Fuertes Decl. ¶ 6.) In any case, the Amended Protective Order only protects confidential material "that is not known to, or has not generally been made available to, the public," Amended Protective Order ¶

---

[6] *Dávila v. Gen. Supervisor of Elections*, 82 D.P.R. 264, 279 n.9 (P.R. 1960) ("Citizens of a self-governing society must possess the legal right to examine and investigate the conduct of its affairs, subject only to those limitations imposed by the most urgent public necessity. This right must be elevated to a position of highest sanctity if it is to constitute an effective bulwark against unresponsive leadership."); *Soto v. Munoz*, 112 D.P.R. 477, 613 (P.R. 1982) ("The Government, as keeper of the functions stemming from the sovereignty of the people, cannot whimsically and without apparent justification deny access to information gathered through its public undertakings.").

[7] A certified translation of Act 141 is attached to the Declaration of Roberto Cámara-Fuertes as Exhibit 2.

2. As this Court has previously held '[t]he Court lacks the authority to seal information derived from public documents.'" *Cooperativa de Ahorro y Credito Abraham Rosa*, 406 F. Supp. 3d at 187.[8]

19. The Monolines recognize that this Court previously entered an order that, with respect to one set of filings, allowed AAFAF to redact ink signatures as confidential. *Order on Motions to Seal* (No. 17 BK 3283-LTS, ECF No. 13351). The Monolines did not take a position on AAFAF's request at the time, because the structure of the protective order in place at the time contemplated that only the party making a confidentiality designation would be responsible for justifying sealing requests. The Court subsequently clarified, in the Sealed Procedures Order, that the burden is on the ***filing*** party to request leave to file documents under seal. Moreover, the Court's prior decision was expressly limited to the specific filing being made at that time, *see Order on Motions to Seal* (No. 17 BK 3283-LTS, ECF No. 13351), and AAFAF did not disclose to the Court (or the Monolines) that the signatures it was seeking to redact were already available

---

[8] AAFAF also argued that there is no public interest in seeing the signatures and the signatures are not relevant. The party seeking to avoid redactions does not need to show a "public interest" in the material to obtain relief; the burden is on AAFAF to prove that the information it wishes to redact qualifies as Confidential. Amended Protective Order ¶ 17. In any case, there is a public interest in the signatures. Signatures serve an important function of identifying and making politically accountable the Commonwealth officials and employees who approved transactions involving billions in dollars of Commonwealth funds. Moreover, the signatures are relevant because the parties have made legal arguments about which official signed documents approving transfers of funds; accordingly, the existence and form of the signatures are directly relevant to the public's understanding of the arguments that have been presented to the Court. *See, e.g.*, *Sur-Reply of Financial Management and Oversight Board for Puerto Rico in Opp. to Mot. of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay or, in the Alternative, Adequate Protection* (No. 17 BK 3283-LTS, ECF No. 13157) ¶¶ 5, 28 & n.46; *Resp. of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company to Sur-Reply of Financial Oversight and Management Board for Puerto Rico in Opp. to Mot. of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay or, in the Alternative, Adequate Protection* (No. 17 BK 3283-LTS, ECF No. 13223) ¶ 10.

publicly—including, in at least some cases, on Commonwealth websites. (Cámara-Fuertes Decl. ¶¶ 7-8.) Given that it has now been brought to the Court's attention that the signatures generally are not redacted from public documents, are not routinely protected by the Commonwealth, and many are already publicly available—including online— the Court should decline to allow such signatures to be filed under seal going forward. AAFAF should be directed to withdraw its blanket designation of all ink signatures as confidential.

## RELIEF REQUESTED

20. WHEREFORE, the Monolines respectfully request that this Court (i) enter the Proposed Order attached as Exhibit A granting the relief requested herein, and (ii) grant the Monolines such other relief as is just and proper.

## CERTIFICATION

21. In accordance with Section I.H. of the *Thirteenth Amended Notice, Case Management and Administrative Procedures* (Case No. 17 BK 3283-LTS, ECF No. 13512-1), the undersigned counsel certify that they have engaged in reasonable, good-faith communications with AAFAF concerning the relief sought in the Urgent Motion. AAFAF has consented to the request for relief to amend the Sealed Procedures Order to permit redactions that will not require a separate sealed filing without leave from the Court, but has not consented to the request that the Court rescind its designation of government employees' ink signatures as confidential. As required by Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certify that (i) counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and (ii) the undersigned counsel have not created the urgency through lack of due diligence on their part.

| | |
|---|---|
| Dated: June 30, 2020<br>San Juan, Puerto Rico | **FERRAIUOLI LLC**<br><br>By:  /s/ *Roberto Cámara-Fuertes*<br>Roberto Cámara-Fuertes (USDC-PR No. 219002)<br>Sonia Colón (USDC-PR No. 213809)<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917<br>Telephone: (787) 766-7000<br>Facsimile: (787) 766-7001<br>Email: rcamara@ferraiuoli.com<br>         scolon@ferraiuoli.com<br><br>**MILBANK LLP**<br><br>By:  /s/ *Atara Miller*<br>Dennis F. Dunne (admitted *pro hac vice*)<br>Atara Miller (admitted *pro hac vice*)<br>Grant R. Mainland (admitted *pro hac vice*)<br>John J. Hughes, III (admitted *pro hac vice*)<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile:  (212) 530-5219<br>Email: ddunne@milbank.com<br>         amiller@milbank.com<br>         gmainland@milbank.com<br>         jhughes2@milbank.com<br><br>***Attorneys for Ambac Assurance Corporation*** |

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** | **CASELLAS ALCOVER & BURGOS P.S.C.** |

By: /s/ *Eric Pérez-Ochoa*
    Eric Pérez-Ochoa
    (USDC-PR No. 206314)
    Email: epo@amgprlaw.com

By: /s/ *Luis A. Oliver-Fraticelli*
    Luis A. Oliver-Fraticelli
    (USDC-PR No. 209204)
    Email: loliver@amgprlaw.com

    208 Ponce de Leon Ave., Suite 1600
    San Juan, PR 00936
    Telephone: (787) 756-9000
    Facsimile: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ *Robert S. Berezin*
    Jonathan D. Polkes (admitted *pro hac vice*)
    Gregory Silbert (admitted *pro hac vice*)
    Robert S. Berezin (admitted *pro hac vice*)
    Kelly DiBlasi (admitted *pro hac vice*)
    Gabriel A. Morgan (admitted *pro hac vice*)
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Email: jonathan.polkes@weil.com
           gregory.silbert@weil.com
           robert.berezin@weil.com
           kelly.diblasi@weil.com
           gabriel.morgan@weil.com

***Attorneys for National Public Finance Guarantee Corp.***

By: /s/ *Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    (USDC-PR No. 204809)
    Ricardo F. Casellas-Sánchez
    (USDC-PR No. 203114)
    Diana Pérez-Seda
    (USDC-PR No. 232014)
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401
    Email: hburgos@cabprlaw.com
           rcasellas@cabprlaw.com
           dperez@cabprlaw.com

**CADWALADER, WICKERSHAM & TAFT LLP**

By: /s/ *Howard R. Hawkins, Jr.*
    Howard R. Hawkins, Jr. (admitted *pro hac vice*)
    Mark C. Ellenberg (admitted *pro hac vice*)
    William J. Natbony (admitted *pro hac vice*)
    Ellen M. Halstead (admitted *pro hac vice*)
    Thomas J. Curtin (admitted *pro hac vice*)
    Casey J. Servais (admitted *pro hac vice*)
    200 Liberty Street
    New York, NY 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666
    Email: howard.hawkins@cwt.com
           mark.ellenberg@cwt.com
           bill.natbony@cwt.com
           ellen.halstead@cwt.com
           thomas.curtin@cwt.com
           casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.***

**REXACH & PICÓ, CSP**

By: /s/ *María E. Picó*
    María E. Picó
    (USDC-PR No. 123214)
    802 Ave. Fernández Juncos
    San Juan, PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    Email: mpico@rexachpico.com


**BUTLER SNOW LLP**

By: /s/ *Martin A. Sosland*
    Martin A. Sosland (admitted *pro hac vice*)
    5430 LBJ Freeway, Suite 1200
    Dallas, TX 75240
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    Email: martin.sosland@butlersnow.com
    Jason W. Callen (admitted *pro hac vice*)
    150 3rd Ave., S., Suite 1600
    Nashville, TN 37201
    Telephone: (615) 651-6774
    Facsimile: (615) 651-6701
    Email: jason.callen@butlersnow.com


***Attorneys for Financial Guaranty Insurance Company***


*[Remainder of page intentionally left blank]*

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com