UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee,<br><br>    Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00004-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, <br><br> Defendants. | PROMESA <br> Title III <br><br> Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS<br><br>(OTHER THAN COFINA AND PBA),<br><br>      Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>      Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00007-LTS |

**[PROPOSED] ORDER GRANTING MONOLINES' URGENT MOTION
TO CLARIFY REQUIREMENTS OF THE SEALED PROCEDURES ORDER
AND THE AMENDED PROTECTIVE ORDER**

Upon consideration of the *Monolines' Urgent Motion to Clarify Requirements of the Sealed Procedures Order and the Amended Protective Order*, (the "Urgent Motion"), and the Court having reviewed the Urgent Motion and the relief requested; the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding and the Urgent Motion in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of this Urgent Motion being adequate and proper under the circumstances; and after due deliberation and sufficient cause appearing; therefore, it is HEREBY ORDERED THAT:

1. The Urgent Motion is GRANTED as set forth herein;

2. The *Joint Standing Order on Sealing and Redacting* (No. 17 BK 3283-LTS, ECF No. 13396) (the "Sealed Procedures Order") is hereby clarified to provide that leave from the Court is not needed to submit documents with redactions, if the parties do not seek to make a corresponding sealed filing and the redacted version will constitute the official filing with the Court. Parties must continue to seek leave of Court to make any filing under seal, as provided in the Sealed Procedures Order.

3. Ink signatures of Commonwealth employees, and information available to the public (pursuant to public records laws or otherwise), shall not be designated as "Confidential Material" under the *Stipulation and Amended Protective Order*, No. 17 BK 3283-LTS, ECF No. 13461 (the "Amended Protective Order"), and, therefore, shall not be redacted from future filings with the Court of discovery material subject to the Amended Protective Order.

4. The Monolines have agreed to comply with Federal Rule of Bankruptcy Procedure 9037 and to undertake reasonable steps to redact from public filings non-work contact information of Commonwealth employees that is not relevant to the issues before the Court. AAFAF shall identify to the Monolines any other Discovery Material that AAFAF contends are still subject to "Confidential Material" designations.

5. This terminates docket no. _____.

SO ORDERED.

Dated: _____

                                        JUDITH GAIL DEIN
                                        UNITED STATES MAGISTRATE JUDGE