# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff, | Adv. Proc. No. 20-00004-LTS |

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

v.

AMBAC ASSURANCE CORPORATION, *et al*.,

Defendants.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO,

Plaintiff,

v.

AMBAC ASSURANCE CORPORATION, *et al*.,

Defendants.

AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, and FINANCIAL GUARANTY INSURANCE COMPANY,

Movants,

v.

THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

Respondent.

Adv. Proc. No. 20-00005-LTS

**RESPONSE AND OPPOSITION OF THE COMMONWEALTH OF PUERTO RICO, BY AND THROUGH THE OVERSIGHT BOARD, TO MOVANTS' URGENT MOTION FOR LEAVE TO FILE JOINT BRIEFS OF NO MORE THAN 150 PAGES EACH IN OPPOSITION TO THE COMMONWEALTH'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT IN ADV. PROC. NOS. 20-00003-LTS, 20-00004-LTS AND 20-00005-LTS**

ii

To the Honorable United States District Judge Laura Taylor Swain:

1. Plaintiff-Respondent the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] hereby submits its response to the Urgent Motion by Defendants-Movants Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation and Financial Guaranty Insurance Company (collectively "Movants") for leave to file joint briefs of no more than 150 pages **each** in opposition to the Commonwealth's motions for partial summary judgment in Adv. Pro. Nos. 20-00003-LTS, 20-00004-LTS and 20-00005-LTS (the "Urgent Motion").[2]

2. In view of the Court's three opinions last week (the "Lift Stay Orders")[3] disposing of multiple issues concerning Movants' claims, Movants should require less than the 80 pages per brief the Court authorized, not 150 pages per brief. While Movants should require no extra time for their summary judgment opposition briefs because there are fewer issues to argue, as the Oversight Board advised Movants on Saturday July 4, 2020, it consents to Movants' requested one-week extension if the Oversight Board's reply can be due on the later of August 24, 2020 and ten days before the date

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2] The Urgent Motion was filed as ECF No. 71 in Adv. No. 20-00003-LTS, ECF No. 69 in Adv. No. 20-00004-LTS and ECF No. 84 in Adv. No. 20-00005-LTS.

[3] The Lift Stay Orders are: (i) the *Opinion and Order in Connection with Preliminary Hearing Regarding Motion Concerning Application of the Automatic Stay to the Revenues Securing The CCDA Bonds* [ECF No. 13540 in Case No. 17 BK 3283-LTS]; (ii) the *Opinion and Order in Connection with Preliminary Hearing Regarding Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from Automatic Stay, or, in the Alternative, Adequate Protection* [ECF No. 13541 in Case No. 17 BK 3283-LTS] and (iii) the *Opinion and Order in Connection with Preliminary Hearing Regarding Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 13542 in Case No. 17 BK 3283-LTS].

for oral argument. Because Movants' requested extension makes the August 13, 2020 hearing date impractical, the Oversight Board requests that the Court set argument for the earliest date in September, 2020 convenient for the Court.

3. Movants' request for 150-page briefs is manifestly unreasonable and unnecessary under any circumstance, but particularly so in light of the Lift Stay Orders.

4. The Court's findings and holdings in the Lift Stay Orders that, *inter alia*, Movants hold no property interest (through a statutory lien, security interest, ownership or otherwise) in Commonwealth assets relating to asserted indebtedness of HTA and PRIFA, and only a colorable claim to monies actually deposited in a certain Scotia Bank account concerning CCDA, are equally applicable here. At the very least, the Lift Stay Orders substantially narrow the issues to be, or that should be, briefed in connection with the pending motions for partial summary judgment. Indeed, there have already been hundreds of pages of briefs tendered by Movants in support of their effort to establish a colorable claim to a property right, and there is no reasoned basis for their seeming desire to repeat that briefing again. Movants' assertions that such volume of documents are required to make a complete record on appeal is unavailing. Movants' request for leave to file three 150-page oppositions—nearly twice the length of the Commonwealth's moving briefs—is wholly unjustified.[4]

## Factual and Procedural Background

5. The Commonwealth filed its motions for partial summary judgment in the three adversary proceedings on April 28, 2020 because Movants had contended their stay relief motions only required litigation of whether their claims were colorable, and the Commonwealth requires final rulings on Movants' proofs of claims predicated on having any type of property interest. Movants

---

[4] Although the Lift Stay Orders make even an 80-page opposition unnecessary at this point, the Commonwealth does not object to the Court granting Movants leave to file joint opposition briefs of no more than 80 pages each.

2

having established a colorable claim in only one narrow instance, has substantially narrowed the summary judgment issues the Court has not yet determined.

6. In no less than three separate scheduling orders and the Lift Stay Orders, the Court directed the parties to meet and confer regarding the impact of any lift stay rulings. *See* ECF Nos. 40 and 72 in Case No. 20-00005-LTS; ECF No. 13497 in Case No. 17-03283-LTS. In so doing, the Commonwealth believes the Court sought to create efficiencies through the meet and confer process and to streamline briefing.

7. As the Court anticipated, the Lift Stay Orders directly impact the remaining issues in the partial summary judgment motions.

## The Urgent Motion Should Be Denied

8. The Urgent Motion is squarely at odds with the Court's directive, as Movants now ask for almost double the page length of the motions for partial summary judgment and suggest they may seek from the Court the additional time they requested from the Commonwealth, and which the Commonwealth consented to the day before Movants filed their Urgent Motion.

9. Movants' arguments do not hold up. First, for appellate purposes, Movants' briefs do not require repetition given that the appellate record is comprised of the factual record. To the extent Movants desire to make new or different arguments on the overlapping issues, such arguments could be made well within the 80 pages in which the Commonwealth briefed its entire motion. The Lift Stay Orders—decided on an undisputed factual record relating to the overlapping issues—should lead to less briefing, not more.

10. Second, Movants are wrong in their suggestion that the motions for partial summary judgment raise "new" issues that require additional briefing. The Court previously advised the parties it would consider motions for partial summary judgment on only a limited set of issues. *See Case*

3

*Management Order* at 6-7. The motions for partial summary judgment seek relief on just those claims—nothing more.

11. Third, regarding Movants' suggestion that the inclusion of a statute of limitations argument somehow justifies briefs of 150 pages, the Commonwealth notes the statute of limitations argument raised in Movants' motion to dismiss amounted to 4 pages. *See* Motion to Dismiss [ECF No. 34 in Case No. 20-00005-LTS at 14-17].

12. Finally, the relief requested by Movants will prejudice the Commonwealth. There is no legitimate basis to require the Commonwealth or the Court to consume precious resources replying to 150-page briefs.

## CONCLUSION

13. For all these reasons, the Court should deny Movants' request to file briefs greater than 80 pages. In respect of Movants' recitation that they had requested a one-week extension, as the Commonwealth advised Movants, it does not object if the Court permits the Commonwealth's reply briefs to be due the later of August 24, 2020 and 10 days prior to the hearing date, and the hearing date is set for the first date convenient to the Court in September, 2020.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 6, 2020
San Juan, Puerto Rico

By: */s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Michael Mervis (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
brosen@proskauer.com
ebarak@proskauer.com
mmervis@proskauer.com

Michael A. Firestein (*pro hac vice)*
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors*

By: */s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Debtors*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer