# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>      Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00003-LTS |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>      Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY and THE BANK OF NEW YORK MELLON, as Fiscal Agent<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00004-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

**REPLY IN FURTHER SUPPORT OF URGENT MOTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO OPPOSITIONS TO MOTIONS FOR PARTIAL SUMMARY JUDGMENT DISALLOWING CLAIMS**

        Assured Guaranty Corp. ("AGC"), Assured Guaranty Municipal Corp., ("AGM", and together with AGC, "Assured"), Ambac Assurance Corporation ("Ambac"), National Public Finance Guarantee Corporation ("National"), and Financial Guaranty Insurance Company ("FGIC," and together with Assured, Ambac and National, the "Defendants") hereby file this reply (the "Reply") in further support of their motion for leave to file summary judgment oppositions in

1

excess of the applicable page limit (the "Urgent Motion")[2] and in response to the *Response and Opposition of the Commonwealth of Puerto Rico, by and through the Oversight Board, to Movants' Urgent Motion for Leave to File Joint Briefs of No More than 150 Pages Each in Opposition to the Commonwealth's Motions for Partial Summary Judgment in Adv. Proc. Nos. 20-00003-LTS, 20-00004-LTS and 20-00005-LTS* (the "Response"), and respectfully state as follows:

## REPLY

1. The basic premise of FOMB's Response is that Defendants are not entitled to fully set forth their arguments in support of their Summary Judgment Oppositions because the Court's recent Lift Stay Orders somehow have preclusive effect in the Adversary Proceedings, "disposing of multiple issues" raised in the Summary Judgment Motions. Response ¶ 2. But the First Circuit rejected this premise in Grella v. Salem Five Cent Savings Bank, 42 F.3d 26 (1st Cir. 1994), holding instead that a lift stay ruling did *not* have preclusive effect with respect to a summary judgment motion in a subsequent adversary proceeding. This was in part because "the hearing on a motion for relief from stay is meant to be a summary proceeding" and does *not* "involve a full adjudication on the merits of claims, defenses, or counterclaims." Id. at 31-32. This Court recognized the same principle in the Lift Stay Orders themselves, specifically holding that, in resolving the Lift Stay Motions, "the court does not fully and finally adjudicate the merits of the parties' underlying claims of security or beneficial interests[.]" See, e.g., EFC No. 13541 at 16. A "final judgment on the merits" is one of the "essential elements of claim preclusion," however. Grella, 42 F.3d at 30. Because the Lift Stay Orders did not give rise to such a "final judgment on

---

[2] Capitalized terms used herein shall have the same meaning as utilized in the Urgent Motion or Response, as applicable. The Urgent Motion was filed at ECF No. 71 in Adv. Proc. No. 20-00003; ECF No. 69 in Adv. Proc. No. 20-00004; and ECF No. 84 in Adv. Proc. No. 20-00005. The Response was filed at ECF No. 73 in Adv. Proc. No. 20-00003; ECF No. 71 in Adv. Proc. No. 20-00004; and ECF No. 86 in Adv. Proc. No. 20-00005. Unless otherwise indicated, ECF numbers referenced in this Reply refer to the docket in Case No. 17-3283-LTS.

2

the merits," they do not have preclusive effect with respect to the allowance or disallowance of Defendants' claims in the Adversary Proceedings. Instead, the Adversary Proceedings are procedurally distinct from the Lift Stay Motions, and Defendants must be given a full and fair opportunity to make their case in these distinct proceedings.

2. FOMB's other major argument is that Defendants will not be prejudiced if they are not permitted space to make all of their legal arguments in opposition to the Summary Judgment Motions, because "the appellate record" is comprised only "of the factual record." Reply ¶ 9. However, FOMB ignores the well-settled principle that legal arguments not raised in the lower court may be deemed waived on appeal. In re Net-Velazquez, 625 F.3d 34, 36 (1st Cir. 2010) ("Because [Appellant] neglected to squarely raise these arguments before the bankruptcy court, it has waived them[.]"); Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir. 1998) (declining to consider an argument when plaintiffs "did not assert this theory below"); Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) (stating that "[i]f any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal"). In the event Defendants need to appeal from a ruling on the Summary Judgment Motions, Defendants should not be put in a position of having waived important arguments because they were not raised within the Adversary Proceeding summary judgment briefing solely due to page limitations. Defendants' oppositions cannot be limited to contain only "new or different arguments" as the Response suggests. Response ¶ 9.[3]

---

[3] FOMB's further assertion, disputed by Defendants, that the Lift Stay Orders were "decided on an undisputed factual record relating to the overlapping issues," is also misplaced. Response ¶ 9. The Lift Stay Orders addressed numerous legal issues which must be raised in the context of this Adversary Proceeding to be preserved and not waived.

3

3. As to Defendants' specific request for 150-page opposition briefs, FOMB ignores that Defendants' briefing in connection with each of the Lift Stay Motions entailed close to 150 pages of briefing *on the Preliminary Issues alone*. The Lift Stay Oppositions will need to cover the same Preliminary Issues, *plus* issues unique to the summary judgment context (such as identifying disputed issues of material fact, and identifying issues as to which they are entitled to discovery under Rule 56(d)), *plus* the complex additional issues of Defendants' Section 407 claims (including the multiple different factual bases for such claims) and three separate Counts addressing Defendants' Contract Clause rights. Therefore, it is not unreasonable for Defendants to require approximately the same total number of pages that ultimately proved to be necessary with respect to briefing just the Lift Stay Preliminary Issues.

4. The Response also tries to make light of Defendants' need to re-incorporate arguments from their Motions to Dismiss, singling out the example of the Defendants' statute of limitations argument and noting that it previously encompassed approximately 4 pages in the Motions to Dismiss. Response ¶ 11. However, Defendants have additional arguments they need to make even on this point, including that FOMB is judicially estopped from denying the applicability of the statute of limitations because it has already sought and obtained at least two forms of judicial relief based on its representations to the Court regarding "**the expiration of statutes of limitations for Commonwealth-related causes of action on May 2, 2019.**" ECF No. 6305 ¶ 9 (emphasis added); see also ECF Nos. 6306, 6319, & 6524. In any event, FOMB's undue reliance on the pages needed to address just one additional issue is misguided, especially when the Response ignores, and therefore does not dispute, the existence of the multiple other[4]

---

[4] The Response asserts without analysis that the Summary Judgment Motions do not raise "new" issues that require additional briefing. Response ¶ 10. The Response is simply wrong. The Summary Judgment Motions speak for themselves.

4

additional issues not a part of the Lift Stay Motions but present here. Not only will Defendants need to address Section 407 and Contract Clause issues, they will need to incorporate additional arguments from their Motions to Dismiss, including responses to FOMB's argument that it can avoid liens based solely on the Uniform Commercial Code—an argument FOMB did not raise in its oppositions to the Lift Stay Motions—and "arguments that particular causes of action . . . have not been pleaded adequately." See Final Revenue Bonds Order, ECF No. 12186 ¶ 2.

5. To prevent any undue burden on the Court, Defendants already plan to include within their Summary Judgment Oppositions statements indicating which sections of the brief may have overlap with issues already addressed to some degree in the Lift Stay Orders, thereby allowing the Court to decide for itself the extent to which it wishes to re-familiarize itself with the relevant arguments.

6. Defendants also note that, if they were to file separate briefs, they would be entitled to at least 140 pages of briefing under the Case Management Procedures in any event. Defendants submit that a single consolidated brief will allow for more efficient review and consideration than if a similar amount of briefing were spread piecemeal across multiple briefs.

7. Finally, the parties are continuing discussions with FOMB concerning the scope and content of the anticipated summary judgment motion briefing. Defendants yesterday forwarded certain proposals to FOMB, and Defendants are awaiting a response from FOMB to such proposals. As of the filing of this Reply, Defendants are not in a position to report on any agreement with respect to such matter. To the extent such an agreement is reached and would result in a narrowing of the anticipated briefing volume, Defendants will so advise the Court. However, as of the filing of this Reply, Defendants are not in a position to modify their request contained in the Urgent Motion, especially given the broad nature of FOMB's summary judgment arguments and further briefing on Reply anticipated from FOMB.

8. For all of these reasons, and those previously asserted, the Urgent Motion should be granted.

### **SCHEDULING UPDATE**

9. The Court's *Order Scheduling Further Briefing of Urgent Motions for Leave to Exceed Page Limits with Respect to Responses to Motions for Partial Summary Judgment* also instructed Defendants to file "any consensual scope- and/or scheduling-related proposal in connection with" the Summary Judgment Motions contemporaneously with this Reply. ECF No. 13559. With respect to scheduling, Defendants hereby report that Defendants and FOMB have reached agreement on the following revised schedule: Defendants' Summary Judgment Oppositions will be due **July 16, 2020**; replies in further support of the Summary Judgment Motions will be due **August 31, 2020**; and the parties are available for a telephonic hearing on the Summary Judgment Motions on **September 23, 2020** (based on the Court's indication to the parties of its availability on that date).

Dated: July 7, 2020
New York, New York

| | |
|---|---|
| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |
| */s/ Heriberto Burgos Pérez* | */s/ Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr.* |
| USDC-PR No. 204,809 | Mark C. Ellenberg* |
| Ricardo F. Casellas-Sánchez | William Natbony* |
| USDC-PR No. 203,114 | Ellen M. Halstead* |
| Diana Pérez-Seda | Thomas J. Curtin* |
| USDC–PR No. 232,014 | Casey J. Servais* |
| E-mail: hburgos@cabprlaw.com | 200 Liberty Street |
| rcasellas@cabprlaw.com | New York, New York 10281 |
| dperez@cabprlaw.com | Tel.: (212) 504-6000 |
| | Fax: (212) 406-6666 |
| P.O. Box 364924 | Email: howard.hawkins@cwt.com |
| San Juan, PR 00936-4924 | mark.ellenberg@cwt.com |
| Tel.: (787) 756-1400 | bill.natbony@cwt.com |
| Fax: (787) 756-1401 | ellen.halstead@cwt.com |
| | thomas.curtin@cwt.com |
| *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | casey.servais@cwt.com |
| | * admitted pro hac vice |
| | *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** | **WEIL, GOTSHAL & MANGES LLP** |
| */s/ Eric Perez-Ochoa* | */s/ Robert Berezin* |
| Eric Pérez-Ochoa | Jonathan D. Polkes* |
| USDC-PR No. 206,314 | Gregory Silbert* |
| Email:  epo@amgprlaw.com | Robert S. Berezin* |
| | Kelly DiBlasi* |
| */s/ Luis A. Oliver Fraticelli* | Gabriel A. Morgan* |
| Luis A. Oliver-Fraticelli | 767 Fifth Avenue |
| USDC-PR No. 209,204 | New York, NY 10153 |
| Email: loliver@amgprlaw.com | Tel.:  (212) 310-8000 |
| 208 Ponce de León Ave., Suite 1600 | Fax:  (212) 310-8007 |
| San Juan, PR 00936 | Email:  jonathan.polkes@weil.com |
| Tel.:  (787) 756-9000 | gregory.silbert@weil.com |
| Fax:  (787) 756-9010 | robert.berezin@weil.com |
| | kelly.diblasi@weil.com |
| *Attorneys for National Public Finance Guarantee Corp.* | gabriel.morgan@weil.com |
| | *admitted *pro hac vice* |
| | *Attorneys for National Public Finance Guarantee Corp.* |

8

| FERRAIUOLI LLC | MILBANK LLP |
|---|---|
| By: */s/ Roberto Cámara-Fuertes* <br> ROBERTO CÁMARA-FUERTES <br> USDC-PR NO. 219,002 <br> E-mail: rcamara@ferraiuoli.com <br><br> By: */s/ Sonia Colón* <br> SONIA COLÓN <br> USDC-PR NO. 213809 <br> E-mail: scolon@ferraiuoli.com <br><br> 221 Ponce de Leon Ave., 5th Floor <br> San Juan, PR 00917 <br> Tel.: (787) 766-7000 <br> Fax: (787) 766-7001 <br><br> *Counsel for Ambac Assurance Corporation* | By: */s/ Atara Miller* <br> DENNIS F. DUNNE* <br> ATARA MILLER* <br> GRANT R. MAINLAND* <br> JOHN J. HUGHES* <br> 55 Hudson Yards <br> New York, New York 10001 <br> Tel.: (212) 530-5000 <br> Fax: (212) 530-5219 <br> Email: ddunne@milbank.com <br> amiller@milbank.com <br> gmainland@milbank.com <br> jhughes2@milbank.com <br><br> *admitted pro hac vice* <br><br> *Counsel for Ambac Assurance Corporation* |

ARENT FOX LLP


By: /s/ *David L. Dubrow*
    DAVID L. DUBROW*
    MARK A. ANGELOV*
    1301 Avenue of the Americas
    New York, New York 10019
    Tel.:    (212) 484-3900
    Fax:    (212) 484-3990
    Email:    david.dubrow@arentfox.com
                mark.angelov@arentfox.com


By: /s/ *Randall A. Brater*
    RANDALL A. BRATER*
    1717 K Street, NW
    Washington, DC 20006
    Tel.:    (202) 857-6000
    Fax:    (202) 857-6395
    Email:    randall.brater@arentfox.com

    *admitted pro hac vice

    *Counsel for Ambac Assurance Corporation*

| | |
|---|---|
| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
| By: */s/ María E. Picó* | By: */s/ Martin A. Sosland* |
| María E. Picó<br>USDC-PR 123214<br>802 Ave. Fernández Juncos<br>San Juan PR 00907-4315<br>Telephone: (787) 723-8520<br>Facsimile: (787) 724-7844<br>E-mail: mpico@rexachpico.com<br><br>*Attorney for Financial Guaranty Insurance Company* | Martin A. Sosland (*pro hac vice*)<br>5430 LBJ Freeway, Suite 1200<br>Dallas, TX 75240<br>Telephone: (469) 680-5502<br>Facsimile: (469) 680-5501<br>E-mail: martin.sosland@butlersnow.com<br><br>*\*Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS*<br><br>Jason W. Callen<br>150 3rd Ave., S., Suite 1600<br>Nashville, TN 37201<br>Telephone: 615-651-6774<br>Facsimile: 615-651-6701<br>Email: jason.callen@butlersnow.com<br><br>*\*Admitted pro hac vice in Case No. 17-BK-03283-LTS and Case No. 17-BK-03567-LTS*<br><br>*Attorneys for Financial Guaranty Insurance Company* |

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, this 7th day of July, 2020.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* admitted pro hac vice