**Hearing Date**: July 29, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: July 14, 2020 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

   Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, HTA, and ERS, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PROMESA"), is filing the annexed *Motion for Entry of an Ninth Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Under Which the Puerto Rico Public Buildings Authority is the Lessor Pursuant to Bankruptcy Code Section 365(d)(4)* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion and the relief requested therein must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the *Thirteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 13512-1] (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CDROM, in text-searchable portable document format (PDF), and served on (a) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq., Brian S. Rosen, Esq., Paul V. Possinger, Esq., and Ehud Barak, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (b) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq. and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi, Esq.); and (c) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922, so as to be received no later than **July 14, 2020 at 4:00 p.m. (Atlantic Standard Time)**.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District

Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court"), on **July 29, 2020 at 9:30 a.m. (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, to consider the relief sought by the Debtors in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion including all exhibits, and all documents filed in these title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 7, 2020
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*
Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

4

**Hearing Date**: July 29, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: July 14, 2020 at 4:00 p.m. (Atlantic Standard Time)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

**MOTION FOR ENTRY OF A NINTH
ORDER EXTENDING TIME TO ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
UNDER WHICH THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY
IS THE LESSOR PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, HTA, and ERS the "Debtors," and each

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

individually a "Debtor"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this motion (the "Motion"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting a ninth extension of the deadline for the Debtors to assume or reject any of the leases, subleases or other agreements, under which a Debtor is a lessee and the Puerto Rico Public Buildings Authority ("PBA") is the lessor, that may be considered an unexpired lease of nonresidential real property (collectively, the "PBA Leases"),[3] through and including January 29, 2021 (the "Extended 365 Deadline"), without prejudice to (x) the Debtors' right to seek further extensions as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii), (y) the right of any party in interest to object to such requested extensions, or (z) the Debtors' right to object or respond to such objections on the basis that such party lacks standing to object to such requested extensions (collectively, the "Reserved Rights"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] Whether the "PBA Leases" are "true leases" for purposes of section 365(d)(3) of the Bankruptcy Code is the subject of a dispute in the related adversary proceeding commenced by the Oversight Board [Adv. Proc. No. 18-00149] (the "Adversary Proceeding").

2

3. The statutory predicate for the relief sought herein is Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a).

## Background

4. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Commonwealth's Title III Case").

5. On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for each of ERS and HTA pursuant to PROMESA section 304(a), commencing cases under title III thereof (the "Additional Title III Cases").

6. On June 29, 2017, the Oversight Board issued a restructuring certification for PREPA pursuant to PROMESA sections 104(j) and 206 and, on July 2, 2017, filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under title III thereof ("PREPA's Title III Case" and collectively with the Commonwealth's Title III Case, COFINA's Title III Case, the Additional Title III Cases, and any subsequent case under Title III of PROMESA commenced by a covered territorial instrumentality under PROMESA, the "Title III Cases").

7. On June 29, 2017, the Court entered an order granting the joint administration of the Additional Title III Cases with the Commonwealth's Title III Case, for procedural purposes only [ECF No. 537].

8. On July 21, 2017, the Debtors filed a motion (the "365(d)(4) Motion") seeking to extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a),

3

through and including (a) November 29, 2017 for the Commonwealth, and (b) December 18, 2017 for ERS and HTA [ECF No. 705].

9. On August 8, 2017, the Court entered an order (the "365(d)(4) Order") granting the relief requested in the 365(d)(4) Motion [ECF No. 994].

10. On October 6, 2017, the Court entered an order ("PREPA's Joint Administration Order") granting the joint administration of PREPA's Title III Case with the Commonwealth's Title III Case, for procedural purposes only [ECF No. 1417]. Furthermore, in PREPA's Joint Administration Order, the Court made clear the 365(d)(4) Order applied to PREPA, and that for PREPA, the deadline to assume or reject any nonresidential real property lease was extended to January 28, 2018 [ECF No. 1417 ¶ 8].

11. On October 24, 2017, the Debtors filed a motion (the "Second 365(d)(4) Motion") seeking to consensually extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a).

12. On November 15, 2017, the Court entered an order (the "Second 365(d)(4) Order") extending, among other deadlines, the deadline for the Debtors to assume or reject any of the PBA Leases for 120 days, through and including (a) March 29, 2018 for the Commonwealth, (b) April 17, 2018 for ERS and HTA, and (c) May 28, 2018 for PREPA, without prejudice to the Reserved Rights.

13. On February 13, 2018, the Debtors filed a motion (the "Third 365(d)(4) Motion") seeking to consensually extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a).

4

14. On March 7, 2018, the Court entered an order (the "Third 365(d)(4) Order") extending the deadline for the Debtors to assume or reject any of the PBA Leases, through and including July 27, 2018, without prejudice to the Reserved Rights.

15. On July 3, 2018, the Debtors filed a motion (the "Fourth 365(d)(4) Motion") seeking to consensually extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a).

16. On July 19, 2018, the Court entered an order (the "Fourth 365(d)(4) Order") extending the deadline for the Debtors to assume or reject any of the PBA Leases, through and including November 23, 2018, without prejudice to the Reserved Rights.

17. On October 9, 2018, the Debtors filed a motion (the "Fifth 365(d)(4) Motion") seeking to consensually extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a).

18. On October 30, 2018, the Court entered an order (the "Fifth 365(d)(4) Order") extending the deadline for the Debtors to assume or reject any of the PBA Leases, through and including March 23, 2019, without prejudice to the Reserved Rights.

19. On February 19, 2019, the Debtors filed a motion (the "Sixth 365(d)(4) Motion") seeking to consensually extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a).

20. On March 3, 2019, the Court entered an order (the "Sixth 365(d)(4) Order") extending the deadline for the Debtors to assume or reject any of the PBA Leases, through and including July 24, 2019, without prejudice to the Reserved Rights.

21. On July 2, 2019, Debtors filed a motion (the "Seventh 365(d)(4) Motion") seeking to consensually extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a).

22. On July 19, 2019, the Court entered an order (the "Seventh 365(d)(4) Order") extending the deadline for the Debtors to assume or reject any of the PBA Leases, through and including January 29, 2020, without prejudice to the Reserved Rights.

23. On January 7, 2020, Debtors filed a motion (the "Eighth 365(d)(4) Motion") seeking to consensually extend the time to assume or reject unexpired leases of nonresidential real property pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a).

24. On January 22, 2020, the Court entered an order (the "Eighth 365(d)(4) Order") extending the deadline for the Debtors to assume or reject any of the PBA Leases, through and including July 29, 2020, without prejudice to the Reserved Rights.

25. On December 21, 2018, the Oversight Board and the Official Committee of Unsecured Creditors of all Debtors other than COFINA (the "Committee") filed an adversary complaint in the Adversary Proceeding [ECF No. 1, Adv. Proc. No. 18-00149].

26. On May 31, 2019, the Oversight Board reached an agreement with certain holders of general obligation bonds issued by the Commonwealth ("GO Bonds") and bonds issued by PBA (the "PBA Bonds") on a framework for a plan of adjustment to resolve approximately $35 billion

of debt and non-debt claims against the Commonwealth. That agreement is embodied in a Plan Support Agreement (the "Initial PSA"), a component of which is the compromise and settlement of the disputes in the Adversary Proceeding (the "PBA Global Settlement"). In light of, and as required by, the PBA Global Settlement, on June 27, 2019 [ECF No. 99, Adv. Proc. No. 18-00149], the Oversight Board moved to stay the Adversary Proceeding pending confirmation of a joint plan of adjustment for the Commonwealth and PBA that incorporates the restructuring framework contained in the PBA Global Settlement. On July 24, 2019, the motion was granted and the Adversary Proceeding was stayed. The PBA Global Settlement was incorporated in the Plan Support Agreement, dated February 9, 2020, (the "PSA"). The PSA was appended as an exhibit to the Amended Plan of Adjustment and Disclosure Statement, which were filed on February 28, 2020 [ECF No. 11947-2].

27. While the Oversight Board does not concede that the PBA Leases at issue in the Adversary Complaint are true leases for purposes of Bankruptcy Code section 365(d)(4), the Oversight Board nevertheless seeks another extension of the deadline for assuming or rejecting leases. The Motion is not intended to have any effect on the Adversary Complaint, and shall not be deemed an admission or waiver of the Oversight Board with respect to the Adversary Complaint.

**Relief Requested**

28. By this Motion, pursuant to Bankruptcy Code section 365(d)(4)(B)(ii), made applicable to these cases by PROMESA section 301(a), the Debtors seek entry of an ninth order extending the time within which the Debtors must assume or reject the PBA Leases to a uniform deadline for all Debtors of January 29, 2021, without prejudice to the (i) Reserved Rights, and (ii) the Court's determination of the Adversary Complaint, and any party's rights with respect to the Adversary Complaint.

7

**The PBA Leases**

29. As set forth in the Second 365(d)(4) Motion, the Debtors are parties to numerous unexpired leases of nonresidential real property, including the PBA Leases, that support their many operations. Pursuant to Bankruptcy Code section 365(d)(4), made applicable to these cases by PROMESA section 301(a), and the Eighth 365(d)(4) Order, the time within which the Debtors must assume or reject the PBA Leases is currently set to expire on July 29, 2020 for each of the Debtors.

30. To the extent the PBA Leases are determined to be true leases, as explained in prior motions requesting extensions, the Oversight Board and the Debtors require additional time to complete their analysis and determine which should be assumed, and which should be rejected.

31. PBA has consented to the requested relief.

**Basis for Relief**

32. Section 365(d)(4)(A) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee will be considered rejected if the debtor does not assume or reject the unexpired lease within 120 days after filing or before plan confirmation, whichever is earlier. A court may extend the period for 90 days on the motion of the debtor or lessor for cause—as this Court already has. 11 U.S.C. § 365(d)(4)(B)(i). A court may also grant a subsequent extension, as the Court did by entering the Second 365(d)(4) Order, Third 365(d)(4) Order, Fourth 365(d)(4) Order, Fifth 365(d)(4) Order, Sixth 365(d)(4) Order, Seventh 365(d)(4) Order, and Eighth 365(d)(4) Order but only upon written consent of the lessor in each instance. *Id.* § 365(d)(4)(B)(ii). Here, PBA has consented to an additional extension of the Debtors' deadline to assume or reject the PBA Leases through the Extended 365 Deadline.

33. This relief has been granted by this Court previously and is frequently granted by bankruptcy courts in multiple circuits. *See*, *e.g.*, *In re Mesa Air Group, Inc., et al.*, Case No. 10-

8

10018 (MG) (Bankr. S.D.N.Y. filed Aug. 3, 2010) [ECF No. 956] (order granting extension to assume or reject leases through effective date of Debtors' plan of reorganization); *In re Bulk Petroleum Corp.*, Case No. 09-21782, 2011 WL 6779467 (Bankr. E.D. Wis. filed Dec. 16, 2011) (same); *In re Walker Land & Cattle, LLC*, Case No. 13-41437, 2014 WL 2443943 (Bankr. D. Idaho filed Apr. 29, 2014) (extending deadline to assume or reject lease to date of confirmation of chapter 11 plan); *In re Buckingham Oil Interests, Inc.*, Case No. 15-13441 (JNF) (Bankr. D. Mass. filed Nov. 30, 2015) [ECF No. 402] (extending deadline to date past the effective date of debtor's plan of reorganization to assume or reject leases).

34. The Debtors' restructuring efforts would be jeopardized without the relief requested in this Motion. If the PBA Leases are determined to be true leases subject to section 365, and the Debtors are required to decide prematurely whether to assume the PBA Leases, only to find out that such leases are not necessary for their restructuring under PROMESA, the Debtors would be saddled with an administrative expense claim for all amounts due under the leases, including cure amounts for prepetition amounts that would otherwise be general unsecured rejection damage claims. *See In re Klein Sleep Prods., Inc.*, 78 F.3d 18 (2d Cir. 1996). However, if the Debtors are required to vacate buildings and offices to avoid the financial risk of prematurely assuming burdensome leases, only to find that such space is necessary for the Debtors' operations, vital services that the Debtors provide the 3.5 million residents of Puerto Rico would be further eroded. *See* PROMESA § 405(m) (Congress's findings regarding the conditions in Puerto Rico).

35. These Title III Cases are of an unprecedented size and scope, with the Commonwealth and its numerous instrumentalities owing approximately $74 billion in the aggregate. The complexities and challenges of these Title III Cases have been further exacerbated by Hurricanes Maria and Irma, the pressing liquidity issues certain of the Debtors are facing, and

9

the need to create and certify new fiscal plans for the Debtors and certain other non-debtor instrumentalities covered by PROMESA. Given these necessary tasks and challenges, the Debtors have not had sufficient time to perform the necessary economic analysis of each of the PBA Leases to determine which should be assumed and which should be rejected. Furthermore, PBA would be disadvantaged if the Debtors are compelled to reject prematurely leases that would otherwise be assumed to PBA's benefit after due analysis. Thus, the Court should grant the consensual extension with respect to the PBA Leases, through and including the Extended 365 Deadline, without prejudice to the Reserved Rights.

## Notice

36. The Debtors have provided notice of this Motion to (collectively, the "Notice Parties"): (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the statutory committees appointed in these Title III Cases; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (f) the Puerto Rico Department of Justice; (g) all parties filing a notice of appearance in these Title III Cases; and (h) PBA. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

37. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request the Court to enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting this Motion, (b) granting the extension of the time for the Debtors to assume or reject any of the PBA Leases, through and including the Extended 365 Deadline, without prejudice to the Reserved Rights, and (c) granting the Debtors such other relief as is just and proper.

Dated: July 7, 2020
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*
Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for the Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Debtors*

## **Exhibit A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors. [1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER GRANTING MOTION FOR ENTRY OF A
## NINTH ORDER EXTENDING TIME TO ASSUME OR REJECT
## UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
## UNDER WHICH THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY
## IS THE LESSOR PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)

Upon the *Motion for Entry of a Ninth Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Under Which the Puerto Rico Public Buildings Authority is the Lessor Pursuant to Bankruptcy Code Section 365(d)(4)* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The deadline for the Debtors to assume or reject any of the PBA Leases is extended through and including January 29, 2021, without prejudice to (i) (a) the Debtors' right to seek further extensions as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii), (b) the right of any party in interest to object to such requested extensions, or (c) the Debtors' right to object or respond to such objections on the basis that such party lacks standing to object to such requested extensions, or (ii) the disposition of the Adversary Proceeding.

3. Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, or (b) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of Bankruptcy Code section 365(d). The relief granted by this Order shall not affect the Debtors' rights to assume, assume and assign, or reject any PBA Leases.

4. Except as expressly stated in this Order, nothing in the Motion or this Order shall (a) impair or modify the rights and claims of PBA under or related to the PBA Leases under PROMESA or applicable law, or (b) impair or modify the rights or claims of any holders of bonds issued by PBA, either directly or as third party beneficiaries, under or related to the PBA Leases under PROMESA or applicable law.

5. Notwithstanding anything herein or in the Motion to the contrary, nothing contained in this Order shall be deemed to amend, modify, or supersede in any respect the relief granted in the Court's *Order Resolving the Motion of the PBA Funds for the Payment of Rent* [ECF

No. 2716] (the "Rent Order"), and the Rent Order shall remain in full force and effect following the entry of this Order.

6.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

7.     This Order resolves docket entry No. _____.

SO ORDERED.

Dated: _____, 2020
San Juan, Puerto Rico

_____
LAURA TAYLOR SWAIN
United States District Judge

3