**Objection Deadline**: July 14, 2020, 4:00pm AST
**Hearing Date**: July 29, 2020, 9:30am AST

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS.** |

## OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ENTRY OF AN ORDER (A) AUTHORIZING PREPA TO REJECT CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) GRANTING RELATED RELIEF

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS LISTED ON <u>EXHIBIT A</u>, ATTACHED HERETO.**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801 (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable in this case pursuant to PROMESA section 301(a), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit B**: (a) authorizing PREPA to reject the Rejected PPOAs (as defined herein) set forth on **Exhibit A** hereto, and (b) granting PREPA such other relief as is just and proper. In support of the requested relief the Oversight Board respectfully submits the *Declaration of Fernando M. Padilla in Support of Omnibus Motion of PREPA for Entry of an Order (a) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief* filed concurrently herewith (the "Padilla Declaration"), and otherwise respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, made applicable to this case by PROMESA sections 301(a) and 310, respectively.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

## BACKGROUND

4. On July 2, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for PREPA pursuant to section 304(a) of PROMESA, commencing a case under title III thereof (the "Title III Case").

5. Background information regarding PREPA and the commencement of this Title III Case is contained in the *Notice of Statement of Oversight Board Regarding PREPA's Title III Case* [ECF No. 2].

## THE REJECTED PPOAs

6. PREPA is party to approximately sixty (60) different power purchase and operating agreements, master service agreements, and other agreements for renewable energy projects, under which PREPA agreed to purchase renewable power generated by the developer-counterparties to such agreements (the "PPOAs"). Padilla Declaration ¶ 5.

7. Of the PPOAs, the twenty-seven (27) set forth on Exhibit A (the "Rejected PPOAs"), are non-operational. Although the agreements were executed between 2011 and 2013, the overwhelming majority of the projects contemplated under these agreements have not progressed to an advanced enough stage of development for building to begin in the near-term, and the few that may have commenced construction are at best in the early stages. As a result, none of the projects under the Rejected PPOAs would be ready to supply cost-effective energy to PREPA in the near-term. Padilla Declaration ¶ 6.

8. The Rejected PPOAs contrast with a group of sixteen (16) non-operational PPOAs that are closer to being operational and for which PREPA and the counterparties have engaged in negotiations over the past year to amend terms to PREPA's benefit (the "Renegotiated PPOAs").[3]

---

[3] PREPA reserves all rights with respect to the Renegotiated PPOAs, including to reclassify such PPOAs and designate them for rejection in the event that the renegotiation process is not completed in a satisfactory manner.

PREPA focused its renegotiation effort on the Renegotiated PPOAs because they fulfilled some or all of the following criteria: (i) have been identified in the past by the Puerto Rico Planning Board, the Puerto Rico Management Permits Office (OGPe), and/or PREPA staff as having nearly completed their development activities, (ii) have demonstrated a willingness to renegotiate pricing to reflect changes in the industry by agreeing to amend their agreements in or around 2013-2014, at which time they were vetted and approved by one or more prior PREPA Governing Board(s) to proceed with amendments, and/or (iii) more recently confirmed their willingness and potential ability to commence construction in the relatively near term. PREPA believes the projects contemplated under the Renegotiated PPOAs are significantly more likely to materialize in the near term and move from the development stage to commercial operation than the Rejected PPOAs. Padilla Declaration ¶ 7.

9. In addition, the contract rates for sales of energy agreed to by PREPA under the Rejected PPOAs are above current market prices for renewable energy, often by more than 30%, with uncapped escalation and additional charges for renewable energy credits. If the projects contemplated under the Rejected PPOAs were developed under current contractual terms, the energy prices and contractual conditions for these projects would impose an unnecessary financial burden on the ratepayers of Puerto Rico. Padilla Declaration ¶ 8.

10. Based on the foregoing, PREPA has determined that the Rejected PPOAs are burdensome to PREPA and its ratepayers and that the rejection of these non-operational and/or above-market contracts would create significant cost savings for ratepayers by avoiding overpayment for power under certain Rejected PPOAs related to facilities that are nowhere near ready to start generating power.

11. Each of the Rejected PPOAs allows PREPA to terminate without further liability if the counterparty to the Rejected PPOAs does not achieve its "Commercial Operation Date" within a specified period. In addition, nearly all of the Rejected PPOAs provide PREPA with a termination right if the counterparty does not achieve "Commencement of Construction" within a specified timeframe. In each case, the parties to the Rejected PPOAs have failed to achieve the specified Commercial Operation Date or Commencement of Construction requirements (or both). Therefore, PREPA should be able to terminate the Rejected PPOAs without further liability or incurring rejection damage claims. Padilla Declaration ¶ 9-10.

12. On March 25, 2020, PREPA's Governing Board authorized the termination and rejection of the Rejected PPOAs. Pursuant to such authorization, PREPA notified each of the counterparties to the Rejected PPOAs that it is exercising its termination right. Because the Rejected PPOAs were executory as of the Petition Date, PREPA also desires to reject the Rejected PPOAs pursuant to section 365 of the Bankruptcy Code to avoid any arguments about the efficacy of its terminations or allowance of any damages related thereto. Padilla Declaration ¶ 11.

## RELIEF REQUESTED

13. By this Motion, PREPA, through the Oversight Board, seeks entry of an order authorizing PREPA to reject the Rejected PPOAs and granting such other relief as is just and proper.

## BASIS FOR RELIEF

14. Section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), provides that a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to

permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)).

15. The assumption or rejection of an executory contract or unexpired lease is subject to review under the business judgment rule.[4] Under such standard, "a debtor must simply put forth a showing that assumption or rejection of the executory contract or unexpired lease will benefit the [d]ebtor's estate." *In re Vent Alarm Corp.*, Case No. 15-09316-MCF11, 2016 WL 1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016). If a debtor has exercised "reasonable" business judgment, the court should approve the proposed contract rejection. *See In re Maiden Brooks Farm LLC*, 435 B.R. 81, 83 (Bankr. D. Mass. 2010) (noting that courts afford deference to debtors under the business judgement rule); *see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (Bankr. D. Del. 2003) (explaining that under the business judgment standard, a court should defer to a debtor's decision with respect to contract assumption or rejection, "unless that decision is the product of bad faith or a gross abuse of discretion"); *Memorandum Opinion Regarding PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume Certain Contracts with EcoElectrica, L.P. and Gas Natural Aprovisionamientos SDG S.A.*, ECF No. 2039 (the "EcoElectrica Opinion") at 17-18 (assumption

---

[4] There is no basis here for application of any standard other than business justification because there is no federal or Commonwealth policy that would be circumvented by the Court's approval of rejection of the Rejected Contracts. The agreements PREPA seeks to reject are not contracts for the transmission or sale of electric energy in interstate commerce and hence are not subject to FERC's jurisdiction under the Federal Power Act. See 16 U.S.C. §824(b)(1). Electric energy produced and transmitted within Puerto Rico does not move in interstate commerce. Further, no approval by the Puerto Rico Energy Bureau is required for termination of the contracts and PREPA can comply with Puerto Rico energy law and policy without these contracts. *Cf. NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984) and *In re Mirant*, 378 F.3d 511 (5th Cir. 2004). As this Court has recognized, public impact alone does not justify application of a heightened standard of review and there is no support for the argument that energy supply is "a general category requiring heightened scrutiny." *See Memorandum Opinion Regarding PREPA's Urgent Motion for Entry of an Order Authorizing PREPA to Assume Certain Contracts with Ecoeléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* (ECF No. 13471).

of power purchase agreement is not subject to heightened standard of review, but rather a determination that assumption "is a sound exercise of PREPA's business judgment and not the product of bad faith, whim, or caprice").[5]

16. Under PROMESA, the Oversight Board's discretion is afforded even greater deference. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 432 F. Supp. 3d. 25, 30-31 (D.P.R.), *aff'd*, 954 F.3d 1 (1st Cir. 2020). As the Court noted:

> The Oversight Board is designated, in the first instance, as the entity that makes important strategic and tactical judgments in managing these restructuring proceedings, and it necessarily does so in a holistic manner. While pursuing returns for creditors of each debtor is an important element of those judgments, it is not the exclusive end point of the Oversight Board's task. The needs, concerns and future of a political entity that is the home of millions of American citizens, as well as the needs, concerns and rights of a broad range of parties in interest and the ability to propose confirmable plans of adjustment, are all implicated here. The Oversight Board has been given the responsibility of balancing and prioritizing the relevant issues and concerns in developing fiscal arrangements and plans of adjustment, and it is entitled to a measure of deference in carrying out this responsibility.

*Id.*

17. Upon review and analysis of PREPA's obligations under the Rejected PPOAs, PREPA has concluded that the relief requested in this Motion is in the best interests of PREPA and its creditors and customers because all of the Rejected PPOAs provide for energy at rates that are above-market and in the years since execution of the Rejected PPOAs most of the counterparties have not achieved any meaningful progress toward project completion.

18. Should PREPA require additional renewable energy, it is more economical for PREPA to cover any shortfall through alternative arrangements at current market prices or through

---

[5] The Court noted in the EcoElectrica Opinion that the subject contract amendments had been approved by the Puerto Rico Energy Bureau (PREB). EcoElectrica Opinion at 17. The requirement of approval by PREB only applies to new contracts or amendments to existing contracts, and thus is not required for rejection of any PPOAs by PREPA. *See* Act 57-2014, § 6.32(a). The lack of PREB approval of rejection of these agreement is therefore not a factor in the applicable standard or review or whether PREPA has met such standard.

the Renegotiated PPOAs, which are substantially lower than the contract prices contained in the Rejected PPOAs. There is also no meaningful prospect of monetizing the Rejected PPOAs by assuming and assigning any of them to third parties as no realistic alternative counterparty for the purchase of power exists in Puerto Rico, and even if there were such alternatives, any third party would also find the Rejected PPOAs overpriced in the current market. By rejecting the contracts, PREPA will be able to negotiate new contracts at a lower cost for the generated power to the extent it is necessary and beneficial.

19. Given the above, the Rejected PPOAs are neither desirable nor necessary for PREPA's go-forward operations, and rejection of these agreements is therefore a sound exercise of PREPA's business judgment.

## NOTICE

20. PREPA has provided notice of this Motion to (collectively, the "Notice Parties"): (i) the counterparties to the Rejected PPOAs; (ii) the Office of the United States Trustee for the District of Puerto Rico; (iii) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (iv) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain the Trade Finance Facility Agreement, dated as July 20, 2012; (v) the statutory unsecured claimholders' committee appointed in this Title III Case; (vi) the Office of the United States Attorney for the District of Puerto Rico; (vii) counsel to AAFAF; (viii) the Puerto Rico Department of Justice; and (ix) all parties who have requested service in PREPA's Title III case.

## RESERVATION OF RIGHTS

21. PREPA files this Motion without prejudice to or waiver of its rights pursuant to PROMESA section 305,[6] and does not by this Motion provide any consent (of PREPA or the Oversight Board) otherwise required by section 305.

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

---

[6] PROMESA section 305 provides:

LIMITATIONS ON JURISDICTION AND POWER OF COURT.
Subject to the limitations set forth in titles I and II of this Act, notwithstanding any provision in this title to the contrary, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—
 (1) any of the political or governmental powers of the debtor;
 (2) any of the property or revenues of the debtor; or
 (3) the use or enjoyment by the debtor of any income-producing property.

WHEREFORE, PREPA respectfully requests the Court enter the Proposed Order (a) granting the Motion, and (b) granting PREPA such other relief as is just and proper.

Dated: July 7, 2020

San Juan, Puerto Rico

Respectfully submitted,

/s/ Paul V. Possinger

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Daniel S. Desatnik *(pro hac vice)*
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

/s/ Luis F. del Valle
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax N/A
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel. (787) 751-6764/763-0565
Fax (787) 763-8260*Co-Attorney for the Financial Oversight and Management Board as Representative of the Debtor*

## Exhibit A

## List of Rejected PPOAs

1. Renewable Power Purchase and Operating Agreement between South Solar Two Project, LLC and PREPA, dated October 10, 2012, as amended October 10, 2012 Contract No: 2013-P00047.

2. Power Purchase and Operating Agreement between Wind to Energy Systems, LLC and PREPA, dated March 30, 2011 Contract No. 2011-P00101.

3. Power Purchase and Operating Agreement by and between Cabo Solar Farm, LLC and PREPA, dated December 17, 2012 Contract No. 2013-P00069.

4. Renewable Power Purchase and Operating Agreement between North Coast Solar, LLC and PREPA, dated August 28, 2012, as amended December 17, 2012, June 12, 2014 and June 4, 2015 Contract No. 2013-P00041.

5. Power Purchase and Operating Agreement by and between Carolina Solar Farm LLC and PREPA, dated December 21, 2012 Contract No. 2013-P00067.

6. Renewable Power Purchase and Operating Agreement by and between GG Alternative Energy Corporation and PREPA, dated December 26, 2012. Contract No. 2013-P00077.

7. Renewable Power Purchase and Operating Agreement by and between HSEA PR Isla Solar I, LLC and PREPA, dated December 13, 2012 Contract No. 2013-P00057.

8. Power Purchase and Operating Agreement by and between Interamerican Energy Sources, LLC and PREPA, dated December 30, 2011 Contract No. 2012-P00060.

9. Renewable Power Purchase and Operating Agreement by and between Juncos Solar Energy, LLC and PREPA, dated May 15, 2012 Contract No. 2012-P00138.

10. Renewable Power Purchase and Operating Agreement by and between Lajas Solar Project, LLC and PREPA, dated October 10, 2012, as amended October 10, 2012 Contract No. 2013-P00046.

11. Power Purchase and Operating Agreement by and between GG Alternative Energy Corporation and PREPA, dated December 28, 2012 Contract No. 2013-P00071.

12. Renewable Power Purchase and Operating Agreement between Jonas Solar Energy LLC and PREPA, dated May 9, 2012 Contract No. 2012-P00140.

13. Power Purchase and Operating Agreement between NRG Solar Isabela LLC and PREPA, dated December 21, 2012 Contract No. 2013-P00068.

14. Power Purchase and Operating Agreement between Rea Energy Ceiba Solar Plant, LLC and PREPA, dated December 28, 2012 Contract No. 2013-P00076.

15. Renewable Power Purchase and Operating Agreement between Rea Energy Luquillo Solar Plant, LLC and PREPA, dated October 10, 2012, as amended December 28, 2012 Contract No. 2013-P00051.

16. Power Purchase and Operating Agreement between Renewable Power Group, Inc. and PREPA, dated August 1, 2011 Contract No. 2012-P00010.

17. Power Purchase and Operating Agreement between Renewable Power Group, Inc. and PREPA, dated August 1, 2011 Contract No. 2012-P00009.

18. Renewable Power Purchase and Operating Agreement between Moca Solar Farm, LLC and PREPA, dated July 20, 2012, as amended December 17, 2012, June 12, 2014 and June 4, 2015 Contract No. 2013-P00003.

19. Renewable Power Purchase and Operating Agreement between Solar Project Ponce, LLC and PREPA, dated October 10, 2012, as amended October 10, 2012 Contract No. 2013-P00045.

20. Renewable Power Purchase and Operating Agreement between Tropical Solar Farm, LLC and PREPA, dated November 3, 2011 Contract No. 2012-P00041.

21. Power Purchase and Operating Agreement between Vega Baja Solar Energy LLC and PREPA, dated May 15, 2012, as amended December 28, 2012. Contract No. 2013-P00139.

22. Power Purchase and Operating Agreement between Tradewinds Energy LLC and PREPA, dated October 19, 2011, Contract No. 2012-P00028.

23. Power Purchase and Operating Agreement between Tradewinds Energy LLC and PREPA, dated October 19, 2011 Contract No. 2012-P00030.

24. Renewable Power Purchase and Operating Agreement by and between Hatillo Solar LLC and PREPA, dated December 13, 2012 Contract No. 2013-P00074.

25. Power Purchase and Operating Agreement between ReSun (Farjado), LLC and PREPA, dated December 16, 2011. Contract No. 2012-P00062.

26. Renewable Power Purchase and Operating Agreement between YFN Yabucoa Solar, LLC and PREPA, dated October 17, 2012.

27. Power Purchase and Operating Agreement between Energy Answers Arecibo, LLC and PREPA, dated December 4, 2009.

2

**<u>Exhibit B</u>**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**ORDER GRANTING OMNIBUS MOTION OF PUERTO RICO
ELECTRIC POWER AUTHORITY FOR ENTRY OF AN ORDER
(A) AUTHORIZING PREPA TO REJECT CERTAIN POWER PURCHASE
AND OPERATING AGREEMENTS, AND (B) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801 (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon *PREPA's Omnibus Motion for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (the "Motion")[2]; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found the rejection of the Rejected PPOAs represents a sound exercise of PREPA's business judgment and that the relief requested in the Motion is in the best interests of PREPA, its creditors, its customers, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of counsel in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA is authorized to reject the Rejected PPOAs listed on **Exhibit A** attached to the Motion and such Rejected PPOAs shall be deemed rejected upon entry of this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

3. Any claims based on the rejection of the Rejected PPOAs, if any, must be filed on or before 4:00 p.m. (Atlantic Standard Time) on the first business day that is thirty-five (35) calendar days after the entry of the Order by the Court authorizing such rejection.

4. Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any income-producing property.

5. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. PREPA and the Oversight Board, as PREPA's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.

Dated: \_\_\_\_ \_\_\_, 2020

_____
HONORABLE LAURA TAYLOR SWAIN
United States District Judge

3