**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 7115-1**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |

### STIPULATION MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH AND SALUD INTEGRAL EN LA MONTAÑA, CORPORACIÓN DE SERVICIOS DE SALUD Y MEDICINA AVANZADA, NEOMED CENTER, MIGRANT HEALTH CENTER, HPM FOUNDATION, MOROVIS COMMUNITY HEALTH CENTER, AND CONCILIO DE SALUD INTEGRAL DE LOIZA



---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).



This stipulation (the "Stipulation") is made as of July 29, 2019, by and between the Commonwealth of Puerto Rico (the "Commonwealth") and Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, NeoMed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza (collectively, "Movants" and together with the Commonwealth, the "Parties"), plaintiffs in the case captioned *Rio Grande Community Health Center, Inc., et al. v. Hon. Rafael Rodriguez Mercado, Secretary, Department of Health Commonwealth of Puerto Rico*, Case No. 03-1640 (consolidated with Case Nos. 06-1291, 06-1524; formerly consolidated under Lead Case No. 06-1260) (the "Prepetition Action"), pending before the United States District Court for the District of Puerto Rico (the "District Court").[2]

## RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the District Court under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] as made applicable to the Title III Case by

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Commonwealth to enter into this Stipulation.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and

PROMESA section 301(a) (the "Title III Stay") [ECF Nos. 1065, 1512, 2839, 3730, 3804, 4086, 4866, 7115];

**WHEREAS**, under the Lift Stay Protocol, Movants are required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

**WHEREAS**, on April 10, 2019, Movants sent their Lift Stay Notice to the Oversight Board and AAFAF seeking relief from the Title III Automatic Stay in order to allow the District Court in the Prepetition Action to: (a) continue requiring quarterly estimated "wraparound payments" at the newly agreed rates; and (b) continue to oversee the process of reconciliation of past services and compensation due;



**WHEREAS**, during the Lift Stay Notice Period, the Parties have resolved Movants' request for modification of the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Commonwealth and Movants, through their respective counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Title III Stay is hereby modified solely to the limited extent necessary to allow (a) the pending appeals before the United States Court of Appeals for the First Circuit in Appeal Nos. 17-1731, 17-1812, and 19-1336 to proceed to judgment, (b) the Commonwealth to continue to issue the estimated prospective quarterly wraparound payments, pursuant to the

---

inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").



Order, dated June 5, 2015, in the Prepetition Action [Case No. 03-1640-GAG, ECF No. 674] and the Order dated November 8, 2010 in the Prepetition Action [former Lead Case No. 06-1260-GAG, ECF No. 743], using the Parties' previously agreed upon estimated payment formula and according to the District Court's previous orders in the Prepetition Action construing the Commonwealth's obligations under 42 U.S.C. § 1396a(bb), adjusted with the newly set rates listed in **Exhibit A**[4] attached hereto (the "Quarterly Payments"), beginning with the Quarterly Payment due for the first quarter of 2019,[5] and (c) the District Court in the Prepetition Action to (1) to receive the Quarterly Payments; (2) to consider and rule on motions to distribute the Quarterly Payments; (3) to distribute the funds from the Quarterly Payments in accordance with orders entered by the District Court in the same manner the distributions have been made up to the date of this Stipulation.

2. Except as provided in Paragraph 1 of this Stipulation, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, (a) any action to compel payment by the Commonwealth with respect to wraparound payment not voluntarily made pursuant to Paragraph 1 above, and (b) the execution and enforcement of (i) any judgment, (ii) injunction, (iii) any claim for money damages, or (iv) any provisional remedies against the Commonwealth or any other Title III Debtor.

3. The Parties expressly acknowledge that Movants retain the ability to seek additional modification(s) of the automatic stay in the event that the Commonwealth fails to make a Quarterly Payment according to the terms of Paragraph 1, above.

---

[4] The Parties agree that the rates contained in Exhibit A shall be amended on an annual basis to reflect agreed-upon adjustments in accordance with the Medicare Economic Index.

[5] The Quarterly Payment for the first quarter of 2019 has been deposited with the District Court in the Prepetition Action as of the date of this Stipulation.

4. Further requests to modify the Title III Stay must be made in accordance with the Lift Stay Protocol. Nothing contained in this Stipulation shall preclude the Movants from seeking further relief from the Title III Stay in accordance with the Lift Stay Protocol.

5. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III Debtors of any claim or claims by anyone other than Movants as provided for herein and the Commonwealth and the Movants reserve all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

6. The Commonwealth and Movants represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

7. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants in the Prepetition Action, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movants' or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Prepetition Action pursuant to 11 U.S.C. § 944, as made applicable to these

proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

8. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movants as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

9. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

10. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.



11. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

12. This Stipulation may not be modified other than by a signed writing executed by the Parties.

13. The District Court in the Title III Case shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

14. This Stipulation shall be immediately effective and enforceable upon execution by the Parties.

**IN WITNESS WHEREOF** and in agreement herewith, by and through their respective counsel, the Parties have executed and delivered this Stipulation as of the date first set forth above.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

/s/
**ROBERT GRAHAM**
Reno & Cavanaugh
455 Massachusetts Ave., NW, Suite 400
Washington, DC 20001
(202)750-2422
rgraham@renocavanaugh.com

*Attorneys for Movants Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, NeoMed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza*

## Exhibit A

| Movant | Newly Established Rate |
|---|---|
| Health Pro Med Foundation (formerly Belaval) | $146.72 |
| Migrant Health Center | $152.41 |
| Corporación de Servicios de Salud y Medicina Avanzada (COSSMA) | $121.39 |
| NeoMed Center (Gurabo) | $148.31 |
| Salud Integral en la Montaña | $191.47 |
| Concilio de Salud Integral de Loiza | $166.01 |
| Morovis Community Health Center | $125.71 |

