**EXHIBIT 4**

Case:17-03283-LTS Doc#:13582-4 Filed:07/07/20 Entered:07/07/20 19:41:13 Desc:
Exhibit 4 Page 1 of 13

# Iyen A. Acosta

| | |
|---|---|
| **From:** | Robert Graham |
| **Sent:** | Friday, November 15, 2019 4:40 PM |
| **To:** | 'Hermann.Bauer@oneillborges.com'; 'ubaldo.fernandez@oneillborges.com'; 'dperez@omm.com'; 'lmarini@mpmlawpr.com'; 'Carolina Velaz-Rivero' |
| **Cc:** | Iyen A. Acosta; Thomas Pennington; Matthew Doe; Caeley McCormick |
| **Subject:** | Lift Stay Notice |
| **Attachments:** | Lift Stay Stipulation FINAL AND EXECUTED 07292019 (D0865698xA5BED).pdf; Book5.xlsx |
| **Importance:** | High |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

All:

Please be advised that Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, NeoMed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza ("Movants") intend to seek further relief from the automatic stay per the terms of the stipulation between Movants and the Commonwealth of Puerto Rico (the "Commowealth") dated July 29, 2019 and entered by the United States District Court for the District of Puerto Rico on August 19, 2019 in *In re: The Financial Oversight and Management Board for Puerto Rico*, Case No. 17-03283 (D.P.R.) (hereinafter, the "Stipulation"). *See attached*.

As indicated in Movants' previous lift stay notice of April 10, 2019, each of the named movants are parties plaintiff in the consolidated litigation styled *Rio Grande Community Health Center, Inc., et al. v. Hon. Rafael Rodriguez Mercado, Secretary, Department of Health Commonwealth of Puerto Rico*, Case No. 03-1640 (Consolidated with Case Nos. 06-1291, 06-1524), in the United States District Court for the District of Puerto Rico (the "Litigation").* Each of the named movants are federally-qualified health centers within the meaning of Titles XVIII and XIX of the Social Security Act providing medical services on a continuing basis to a variety of Puerto Rican citizens and residents including, but not limited to, the indigent and uninsured, as well as Medicare and Medicaid recipients.

The Litigation concerns the continuing obligation of the Commonwealth to make wraparound payments ("WAPs") pursuant to 42 U.S.C. §1396a(bb). Because of the persistent failure and/or refusal of the Commonwealth to make the payments required by federal law, the District Court issued an injunction requiring the payment of estimated WAPs on a quarterly basis. Since the entry of the referenced order, the Commonwealth made estimated WAPs for periods through the fourth quarter of 2018. Earlier this year, Movants and the Commonwealth reached agreements resetting the rates at which the Movants will be compensated on a "per visit" basis derived from complex calculations agreed to by both sides. The continuation of the uninterrupted WAPs is essential to the continued provision of medical services to the constituency of each Movant. Without such payments, Movants will be in imminent danger of financial collapse.

The Stipulation provides that the Commonwealth will "continue to issue the estimated prospective quarterly wraparound payments" for calendar quarters subsequent to Q.4 2018 "using the Parties' previously agreed upon estimated payment formula and according to the District Court's previous orders in the [Litigation] construing the Commonwealth's obligations under 42 U.S.C. § 1396a(bb) . . . ." *See* attached at 3-4. The Stipulation further contemplates that the estimated quarterly payments will be adjusted to reflect the updated per visit rates to which the parties previously agreed as referenced in the paragraph above. *See id.* at 4. The Stipulation leaves it to the court presiding over the Litigation to receive the estimated payments from the Commonwealth, to entertain motions to distribute those funds, and to issue appropriate payments to Movants and the other plaintiffs in the Litigation. *See id.*

1

The Stipulation then indicates that the automatic stay will continue to apply in all other respects to the Litigation, including any action to compel the Commonwealth to satisfy the payment commitments contained in the Stipulation.

That said, the Stipulation contains reservations of rights permitting Movants to seek further relief from the automatic stay, including for the purpose of requiring the Commonwealth's compliance with its payment undertaking(s) in the Stipulation. *Id.* at 4-5.

The Commonwealth deposited quarterly payments with the court in the Litigation on April 25, 2019, July 17, 2019, and October 17, 2019.  Upon receipt of the automatic electronic notice of the October 17, 2019 deposit, undersigned counsel requested that the attorney for the Commonwealth in the Litigation provide both a plaintiff-by-plaintiff breakdown of the amount deposited, as well as the calculations underlying the deposit with the court.  Undersigned counsel requested the latter "in order to determine whether the payments are consistent with the terms of the lift stay stipulations filed with the Title III court."

By e-mail dated November 13, 2019, the Commonwealth provided a spreadsheet (also attached) clearly demonstrating that the Commonwealth has failed to comply with the Stipulation.  The Commonwealth included in its calculations a factor not contemplated in the parties' agreements and/or prior court orders that artificially reduces Movants' quarterly payments.  As a consequence, the payments issued to Movants for the first three quarters of 2019 were materially less than what would have resulted from adherence to the Stipulation.

Because the PROMESA Court is not vested in this instance with the power to enforce the Stipulation, the only means by which Movants may seek to safeguard their legal and contractual rights and entitlements is through a lift of the automatic stay of the Litigation, and thus to allow the court in the Litigation to compel the Commonwealth's compliance with the law.

We look forward to the obligatory "meet and confer" at your earliest convenience.

Sincerely,

Robert Graham

* Note that all of the cases in the District Court (Case Nos. 03-1640, 06-1291, and 06-1524) were consolidated under the lead case 06-1260 from 2008 until 2015, at which point the trial judge severed 06-1260 as the sole plaintiff in that matter had reached a settlement with the Commonwealth.  The lead case post-severance is 03-1640.



Robert Graham   [vCard]
Member
(202) 750-2422
rgraham@renocavanaugh.com

455 Massachusetts Ave, NW, Suite 400
Washington, DC 20001

**Notice:**  This e-mail transmission is intended only for the individual or entity named in the e-mail and may contain confidential or legally-privileged information that is exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or reliance upon the contents of this e-mail communication is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, and delete the message from your system. Furthermore, nothing herein shall constitute tax advice, may not be relied upon to avoid tax related penalties, and may not be shared with others.

**Iyen A. Acosta**

| | |
|---|---|
| **From:** | Wandymar Burgos Vargas <wburgos@justicia.pr.gov> |
| **Sent:** | Wednesday, November 27, 2019 6:04 PM |
| **To:** | Robert Graham |
| **Cc:** | Wandymar Burgos Vargas; Iván J. Ramírez Camacho; Susana Peñagaricano; Michel Mir Martinez; Iyen A. Acosta; Thomas Pennington; Matthew Doe; Caeley McCormick |
| **Subject:** | RGraham: Lift of Stay Notice 11.15.2019 |

Counsel:

This message concerns your email dated November 15, 2019, in which you notified Plaintiffs' intention to seek further relief "from the automatic stay per the terms of the stipulation between Movants and the Commonwealth of Puerto Rico (the "Commowealth") dated July 29, 2019 and entered by the United States District Court for the District of Puerto Rico on August 19, 2019 in *In re: The Financial Oversight and Management Board for Puerto Rico*, Case No. 17-03283 (D.P.R.) (hereinafter, the "Stipulation")." Copy of the lift stay notice you transmitted to counsel for FOMB and AAFAF was forwarded to the undersigned.

In the attached notice, you said the following:

> "the Commonwealth deposited quarterly payments with the court in the Litigation on April 25, 2019, July 17, 2019, and October 17, 2019. Upon receipt of the automatic electronic notice of the October 17, 2019 deposit, undersigned counsel requested that the attorney for the Commonwealth in the Litigation provide both a plaintiff-by-plaintiff breakdown of the amount deposited, as well as the calculations underlying the deposit with the court. Undersigned counsel requested the latter "in order to determine whether the payments are consistent with the terms of the lift stay stipulations filed with the Title III court.
>
> By e-mail dated November 13, 2019, the Commonwealth provided a spreadsheet (also attached) clearly demonstrating that the Commonwealth has failed to comply with the Stipulation. The Commonwealth included in its calculations **a factor not contemplated in the parties' agreements and/or prior court orders that artificially reduces Movants' quarterly payments**. As a consequence, the payments issued to Movants for the first three quarters of 2019 were materially less than what would have resulted from adherence to the Stipulation."

To address your concerns responsibly, we hereby request that you provide us with further information regarding the "factor not contemplated in the parties' agreements". Specifically, we need you to identify where such factor is to be found in the spreadsheet the Commonwealth provided. In addition, we need you to explain how this alleged factor artificially reduces the quarterly payments. And please, provide the method and/or factors that you understand should be used when calculating the quarterly payments. We expect your answer by December 3, 2019 in order to properly assess the matter.

Should you have any questions, feel free to contact the undersigned.

Cordially,

f/WBV

*Lcda. Wandymar Burgos Vargas*
*Secretaria Auxiliar*

1

*Secretaría Auxiliar de lo Civil*
*Departamento de Justicia*
*wburgos@justicia.pr.gov*

Calle Teniente César González #677
Esq. Ave. Jesús T. Piñero
San Juan, PR 00919

P.O. Box 9020192
San Juan, PR  00902-0192



**AVISO DE CONFIDENCIALIDAD:** *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*

*NOTICE OF CONFIDENTIALITY:* *This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.*

**AVISO DE CONFIDENCIALIDAD:** *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*

*NOTICE OF CONFIDENTIALITY:* *This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.*

# Iyen A. Acosta

| | |
|---|---|
| **From:** | Robert Graham |
| **Sent:** | Saturday, November 30, 2019 5:19 PM |
| **To:** | 'Wandymar Burgos Vargas' |
| **Cc:** | Iván J. Ramírez Camacho; Susana Peñagaricano; Michel Mir Martinez; Iyen A. Acosta; Thomas Pennington; Matthew Doe; Caeley McCormick |
| **Subject:** | RE: RGraham: Lift of Stay Notice 11.15.2019 |
| **Attachments:** | Book5.xlsx |

All:

By e-mail dated November 13, 2019, the Commonwealth provided a spreadsheet showing the method whereby it arrived at the amounts paid to Movants for Q.1 through Q.3 2019. *See attached*. Column C of the spreadsheet reveals that the Commonwealth performed a calculation of Movants' respective Q.1 2019 payment entitlements according to the parties' agreed upon formula and using Movants' adjusted payment rates per the terms of the Stipulation.

Columns E through M of the spreadsheet, however, show that after computing the sums due to Movants under the Stipulation for Q.1 2019, the Commonwealth then averaged the formula-based calculations with the payments to Movants for Q.4 2018 to derive the amounts actually paid to Movants for the first three quarters.

Because the Q.4 2018 payments are in all instances less than the Q.1 2019 figures in Column C, the Commonwealth's use of averaging results in payments that fall far short of what Movants are owed as agreed under the Stipulation, *i.e.*, under the agreed upon formula and the new payment rates.

At no point have the parties agreed to calculate the interim wraparound payments using the averaging process that the Commonwealth has employed. Nor for that matter has the court in the underlying litigation ordered that the interim payment formula include an averaging of prior quarter payments.

In light of the foregoing, the Commonwealth has failed to adhere to the terms of the parties' stipulation.

Sincerely,

Robert Graham



**Robert Graham** [vCard]
Member
(202) 750-2422
rgraham@renocavanaugh.com

455 Massachusetts Ave, NW, Suite 400
Washington, DC 20001

**Notice:** This e-mail transmission is intended only for the individual or entity named in the e-mail and may contain confidential or legally-privileged information that is exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or reliance upon the contents of this e-mail communication is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, and delete the message from your system. Furthermore, nothing herein shall constitute tax advice, may not be relied upon to avoid tax related penalties, and may not be shared with others.

**From:** Wandymar Burgos Vargas <wburgos@justicia.pr.gov>
**Sent:** Wednesday, November 27, 2019 6:04 PM

**To:** Robert Graham <rgraham@renocavanaugh.com>
**Cc:** Wandymar Burgos Vargas <wburgos@justicia.pr.gov>; Iván J. Ramírez Camacho <ivramirez@justicia.pr.gov>; Susana Peñagaricano <spenagaricano@justicia.pr.gov>; Michel Mir Martinez <mmir@justicia.pr.gov>; Iyen A. Acosta <IAcosta@renocavanaugh.com>; Thomas Pennington <tpennington@renocavanaugh.com>; Matthew Doe <mdoe@renocavanaugh.com>; Caeley McCormick <CMcCormick@renocavanaugh.com>
**Subject:** RGraham: Lift of Stay Notice 11.15.2019

Counsel:

This message concerns your email dated November 15, 2019, in which you notified Plaintiffs' intention to seek further relief "from the automatic stay per the terms of the stipulation between Movants and the Commonwealth of Puerto Rico (the "Commowealth") dated July 29, 2019 and entered by the United States District Court for the District of Puerto Rico on August 19, 2019 in *In re: The Financial Oversight and Management Board for Puerto Rico*, Case No. 17-03283 (D.P.R.) (hereinafter, the "Stipulation")." Copy of the lift stay notice you transmitted to counsel for FOMB and AAFAF was forwarded to the undersigned.

In the attached notice, you said the following:

> "the Commonwealth deposited quarterly payments with the court in the Litigation on April 25, 2019, July 17, 2019, and October 17, 2019. Upon receipt of the automatic electronic notice of the October 17, 2019 deposit, undersigned counsel requested that the attorney for the Commonwealth in the Litigation provide both a plaintiff-by-plaintiff breakdown of the amount deposited, as well as the calculations underlying the deposit with the court. Undersigned counsel requested the latter "in order to determine whether the payments are consistent with the terms of the lift stay stipulations filed with the Title III court.
>
> By e-mail dated November 13, 2019, the Commonwealth provided a spreadsheet (also attached) clearly demonstrating that the Commonwealth has failed to comply with the Stipulation. The Commonwealth included in its calculations **a factor not contemplated in the parties' agreements and/or prior court orders that artificially reduces Movants' quarterly payments**. As a consequence, the payments issued to Movants for the first three quarters of 2019 were materially less than what would have resulted from adherence to the Stipulation."

To address your concerns responsibly, we hereby request that you provide us with further information regarding the "factor not contemplated in the parties' agreements". Specifically, we need you to identify where such factor is to be found in the spreadsheet the Commonwealth provided. In addition, we need you to explain how this alleged factor artificially reduces the quarterly payments. And please, provide the method and/or factors that you understand should be used when calculating the quarterly payments. We expect your answer by December 3, 2019 in order to properly assess the matter.

Should you have any questions, feel free to contact the undersigned.

Cordially,

f/WBV


*Lcda. Wandymar Burgos Vargas*
*Secretaria Auxiliar*
*Secretaría Auxiliar de lo Civil*
*Departamento de Justicia*
*wburgos@justicia.pr.gov*

Calle Teniente César González #677
Esq. Ave. Jesús T. Piñero
San Juan, PR 00919

P.O. Box 9020192
San Juan, PR 00902-0192



AVISO DE CONFIDENCIALIDAD: *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*

NOTICE OF CONFIDENTIALITY: *This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.*

AVISO DE CONFIDENCIALIDAD: *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*

NOTICE OF CONFIDENTIALITY: *This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.*

# Iyen A. Acosta

| | |
|---|---|
| **From:** | Wandymar Burgos Vargas <wburgos@justicia.pr.gov> |
| **Sent:** | Friday, December 6, 2019 6:17 PM |
| **To:** | Robert Graham |
| **Cc:** | Iván J. Ramírez Camacho; Susana Peñagaricano; Michel Mir Martinez; Iyen A. Acosta; Thomas Pennington; Matthew Doe; Caeley McCormick; Wandymar Burgos Vargas |
| **Subject:** | RGraham: Response 12.6.2019 RE: RGraham: Lift of Stay Notice 11.15.2019 |
| **Attachments:** | Copy of Book5.xlsx |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Esteemed Counsel:

Since 2015, defendants deposit quarterly wraparound payments (WAP) every fiscal year. Defendants deposit these quarterly payments in the district Court on the 17th day of April (Q1), July (Q2), October (Q3) and January (Q4). To calculate these WAP, the Medicaid PPS Office uses the parties' agreed upon formula that was approved by the Court and the Medicaid Reimbursement Manual for Federally Qualified Health Centers. Historically, Defendants add the two previous quarterly payments and then divide the result by two to calculate each quarterly wraparound payment. The quarterly payment that is deposited every three months is the result of the average between the two previous quarterly wraparound payments. This is the process that has been used to calculate every payment Defendants have deposited since 2015.

In 2019, the parties reached a stipulation. In paragraph 1(b), the stipulation contemplates the modification of the Title III stay solely to the limited extent necessary to allow "…the Commonwealth **to continue** to issue the estimated prospective quarterly wraparound payments,…using the Parties' previously agreed upon estimated payment formula, adjusted with the newly set rates listed in Exhibit A…, beginning with the Quarterly Payment due for the first quarter of 2019,…" (case 03-1640 (GAG), Docket No. 1211-1).

On April 17, 2019, Defendants deposited the wraparound payment for the first quarter of 2019. In order to reflect the "newly set rates" in that payment, defendants calculated new wraparound payment using the agreed upon formula and added it to the quarterly payment made in the fourth quarter of 2018 (Q4-2018), then divided the result by two, in the same manner that Defendants have historically calculated each quarterly payment since 2015. This is the only way for the Commonwealth to continue making the quarterly wraparound payments adjusted with the newly set PPS rates. As you can see, payment for the first quarter of 2019 shows an increase as a logical result of the adjustment with the newly set rates. Any under or over payment needs to be addressed through the reconciliation process.

Although, as already decided by the Unites States Court of Appeals for the First Circuit, the stay duly applies in this case, the Commonwealth agreed to modify the stay <u>solely</u> to continue making the WAP as previously calculated--adding the two previous quarterly payments and then divide the result by two--, adjusted with the newly set rate, but any reconciliation of the estimated quarterly WAP remains stayed. The Commonwealth has duly complied with the stipulation.

Should you have any questions, please contact the undersigned.

Cordially,

f/WBV


**Lcda. Wandymar Burgos Vargas**

1

*Secretaria Auxiliar*
*Secretaría Auxiliar de lo Civil*
*Departamento de Justicia*
wburgos@justicia.pr.gov

Calle Teniente César González #677
Esq. Ave. Jesús T. Piñero
San Juan, PR 00919

P.O. Box 9020192
San Juan, PR 00902-0192



_____
AVISO DE CONFIDENCIALIDAD: *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*
_____
*NOTICE OF CONFIDENTIALITY: This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.*

---

**From:** Robert Graham [mailto:rgraham@renocavanaugh.com]
**Sent:** Saturday, November 30, 2019 6:19 PM
**To:** Wandymar Burgos Vargas
**Cc:** Iván J. Ramírez Camacho; Susana Peñagaricano; Michel Mir Martinez; Iyen A. Acosta; Thomas Pennington; Matthew Doe; Caeley McCormick
**Subject:** RE: RGraham: Lift of Stay Notice 11.15.2019

All:

By e-mail dated November 13, 2019, the Commonwealth provided a spreadsheet showing the method whereby it arrived at the amounts paid to Movants for Q.1 through Q.3 2019. *See attached*. Column C of the spreadsheet reveals that the Commonwealth performed a calculation of Movants' respective Q.1 2019 payment entitlements according to the parties' agreed upon formula and using Movants' adjusted payment rates per the terms of the Stipulation.

2

Columns E through M of the spreadsheet, however, show that after computing the sums due to Movants under the Stipulation for Q.1 2019, the Commonwealth then averaged the formula-based calculations with the payments to Movants for Q.4 2018 to derive the amounts actually paid to Movants for the first three quarters.

Because the Q.4 2018 payments are in all instances less than the Q.1 2019 figures in Column C, the Commonwealth's use of averaging results in payments that fall far short of what Movants are owed as agreed under the Stipulation, *i.e.*, under the agreed upon formula and the new payment rates.

At no point have the parties agreed to calculate the interim wraparound payments using the averaging process that the Commonwealth has employed. Nor for that matter has the court in the underlying litigation ordered that the interim payment formula include an averaging of prior quarter payments.

In light of the foregoing, the Commonwealth has failed to adhere to the terms of the parties' stipulation.

Sincerely,

Robert Graham



Robert Graham [vCard]
Member
(202) 750-2422
rgraham@renocavanaugh.com

455 Massachusetts Ave, NW, Suite 400
Washington, DC 20001

**Notice:** This e-mail transmission is intended only for the individual or entity named in the e-mail and may contain confidential or legally-privileged information that is exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or reliance upon the contents of this e-mail communication is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, and delete the message from your system. Furthermore, nothing herein shall constitute tax advice, may not be relied upon to avoid tax related penalties, and may not be shared with others.

**From:** Wandymar Burgos Vargas <wburgos@justicia.pr.gov>
**Sent:** Wednesday, November 27, 2019 6:04 PM
**To:** Robert Graham <rgraham@renocavanaugh.com>
**Cc:** Wandymar Burgos Vargas <wburgos@justicia.pr.gov>; Iván J. Ramírez Camacho <ivramirez@justicia.pr.gov>; Susana Peñagaricano <spenagaricano@justicia.pr.gov>; Michel Mir Martinez <mmir@justicia.pr.gov>; Iyen A. Acosta <IAcosta@renocavanaugh.com>; Thomas Pennington <tpennington@renocavanaugh.com>; Matthew Doe <mdoe@renocavanaugh.com>; Caeley McCormick <CMcCormick@renocavanaugh.com>
**Subject:** RGraham: Lift of Stay Notice 11.15.2019

Counsel:

This message concerns your email dated November 15, 2019, in which you notified Plaintiffs' intention to seek further relief "from the automatic stay per the terms of the stipulation between Movants and the Commonwealth of Puerto Rico (the "Commowealth") dated July 29, 2019 and entered by the United States District Court for the District of Puerto Rico on August 19, 2019 in *In re: The Financial Oversight and Management Board for Puerto Rico*, Case No. 17-03283 (D.P.R.)

3

(hereinafter, the "Stipulation")." Copy of the lift stay notice you transmitted to counsel for FOMB and AAFAF was forwarded to the undersigned.

In the attached notice, you said the following:

> "the Commonwealth deposited quarterly payments with the court in the Litigation on April 25, 2019, July 17, 2019, and October 17, 2019. Upon receipt of the automatic electronic notice of the October 17, 2019 deposit, undersigned counsel requested that the attorney for the Commonwealth in the Litigation provide both a plaintiff-by-plaintiff breakdown of the amount deposited, as well as the calculations underlying the deposit with the court. Undersigned counsel requested the latter "in order to determine whether the payments are consistent with the terms of the lift stay stipulations filed with the Title III court.
>
> By e-mail dated November 13, 2019, the Commonwealth provided a spreadsheet (also attached) clearly demonstrating that the Commonwealth has failed to comply with the Stipulation. The Commonwealth included in its calculations **a factor not contemplated in the parties' agreements and/or prior court orders that artificially reduces Movants' quarterly payments**. As a consequence, the payments issued to Movants for the first three quarters of 2019 were materially less than what would have resulted from adherence to the Stipulation."

To address your concerns responsibly, we hereby request that you provide us with further information regarding the "factor not contemplated in the parties' agreements". Specifically, we need you to identify where such factor is to be found in the spreadsheet the Commonwealth provided. In addition, we need you to explain how this alleged factor artificially reduces the quarterly payments. And please, provide the method and/or factors that you understand should be used when calculating the quarterly payments. We expect your answer by December 3, 2019 in order to properly assess the matter.

Should you have any questions, feel free to contact the undersigned.

Cordially,

f/WBV


**Lcda. Wandymar Burgos Vargas**
*Secretaria Auxiliar*
*Secretaría Auxiliar de lo Civil*
*Departamento de Justicia*
[wburgos@justicia.pr.gov](mailto:wburgos@justicia.pr.gov)

Calle Teniente César González #677
Esq. Ave. Jesús T. Piñero
San Juan, PR 00919

P.O. Box 9020192
San Juan, PR 00902-0192

AVISO DE CONFIDENCIALIDAD: *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*

*NOTICE OF CONFIDENTIALITY: This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.*

AVISO DE CONFIDENCIALIDAD: *Esta comunicación de correo electrónico y cualquier documento adjunto contiene información que le pertenece al remitente, la cual podría ser confidencial y privilegiada bajo la ley aplicable. Esta información está dirigida al uso exclusivo del individuo o la entidad a la cual se le remitió este correo electrónico, según arriba indicado. Si usted no es el destinatario intencional, se le notifica por la presente que cualquier divulgación, reproducción, distribución, u otra acción tomada al tenor del contenido de la información comprendida en esta difusión, está estrictamente prohibida. Si usted ha recibido por error esta difusión, favor comunicarse con el remitente y elimine este mensaje. Gracias por su cooperación.*

*NOTICE OF CONFIDENTIALITY: This email communication and any attached document contains information that belongs to the sender, which could be confidential and privileged under the applicable law. This information is directed to the exclusive use of the individual or entity to which this email was sent, as indicated above. If you are not the intended recipient, you are hereby notified that any disclosure, reproduction, distribution, or other action taken in accordance with the content of the information included in this broadcast, is strictly prohibited. If you have received this broadcast by mistake, please contact the sender and delete this message. Thanks for your cooperation.*