# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1]| PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos.** 9845, 9920, 9925, 10432, 10497, 10850, 10887, 11060, 11088, 12522, 12524. 13089, 13093<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Movant,<br><br>V.<br><br>CONSUL-TECH CARIBE INC,<br><br>Respondent. | |

## URGENT CONSENTED MOTION FOR EXTENSION OF DEADLINES

To the Honorable United States District Judge Laura Taylor Swain:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Commonwealth of Puerto Rico (the "Debtor"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this urgent motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines set forth in the *Order Granting Urgent Motion for Extension of Deadlines* [ECF No. 13093] (the "Amended Scheduling Order").[2]

### Background

1. On January 13, 2020, Consul-Tech Caribe, Inc. ("Consul-Tech" or "Movant") filed a *Motion for Allowance and Payment of Administrative Expense Claim* [ECF No. 9845] (the "Motion"), pursuant to section 503 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), requesting that the Court enter an order directing the Debtor to pay the amount of $5,120,772.50 as an allowed administrative expense claim (the "Claim"). Movant submits that the amounts allegedly owed by the Debtor are for post-petition services provided by Movant and, thus, Movant is entitled to administrative expense priority and immediate payment. See, *Motion* at p. 21.

2. Movant generally alleges that on September 26, 2017, Consul-Tech entered into a contract with the Puerto Rico Emergency Management Agency ("PREMA"), an agency of the Debtor, for an amount of $800,000 to provide disaster relief assistance in the aftermath of Hurricanes Irma and María (the, "Contract"). According to Movant, the Debtor engaged Consul-Tech to provide assistance with the "identification, formulation, estimation, preparation, and

---

[2] The Financial Oversight and Management Board for Puerto Rico (the Oversight Board), as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Urgent Motion on behalf of the Debtor.

submission of emergency work project worksheets" to secure funding under FEMA's public assistance program. *Motion* ¶¶ 13 and 14.

3. Consul-Tech alleges that during the term of the Contract, the Government issued four task orders (the "Task Orders") directing Consul-Tech to provide services to over 20 state agencies and public corporations. Consul-Tech contends that these Task Orders complied with Puerto Rico law and purportedly amended and increased the amount of the original Contract to $16.4 million. *Motion* ¶ 5. Consul-Tech claims that invoices in excess of $5,120,772.50 remain unpaid. *Id*. at 7.

4. On May 12, 2020, the Court entered the Amended Scheduling Order which provides that responses to the Motion must be filed by July 9, 2020 and Movant's reply by July 16, 2020.

## Relief Requested

5. While the Debtor continues working diligently to gather the necessary information on the alleged work performed and any and all documents relating to the Claim, the current COVID-19 pandemic and the Government lockdown have delayed the Debtor's ability to obtain the required information to adequately investigate Movant's Claim. Today, the Debtor and Movant have agreed to exchange certain documentation in connection with the Motion to assist the Debtor in validating the Claim and exploring the possibility of a consensual resolution of the Motion. Accordingly, the Debtor needs additional time to receive and review the documentation and information to be provided by Movant and to analyze the same. The Debtor reached out to Movant's counsel who has consented to the requested extension.

6. Accordingly, the Debtor, with Movant's consent, proposes the following extensions of the deadlines set forth in the Amended Scheduling Order[3]:

- The court shall extend the deadline to respond to the Motion to **August 26, 2020**.

- The court shall extend the deadline for Movant to reply to an opposition, if any, to **September 2, 2020.**

- Unless otherwise agreed by the Debtor and Movant or determined by the Court, the Motion shall be heard in the Omnibus Hearing scheduled for **September 16, 2020.**

7. This request is being made in good faith, in order to allow the Debtor to gather the necessary information to respond to the Motion and explore the possibility of a consensual resolution of the Motion, and without the Debtor waiving any of its rights, defenses or legal arguments, including but not limited to, pursuant to PROMESA section 305.[4]

8. Pursuant to Paragraph I.H of the *Thirteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 13512-1] (the "Case Management Procedures"), the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested herein.

## Notice

9. The Debtor has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for

---

[3] The parties reserve their rights to seek further extensions of the deadlines.
[4] The request made in this Urgent Motion is also being made without waiving any rights, claims, or defenses against Movant's alleged Claim.

the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) attorneys for the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) attorneys for the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[5] (i) all parties filing a notice of appearance in these Title III cases; and (j) Movant. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

10. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor requests the Court enter the Proposed Order and grant it such other relief as is just and proper.

[*Remainder of page intentionally left blank*]

---

[5] The "Other Interested Parties" include the following: (i) attorneys for certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) attorneys for certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

Dated: July 8, 2020
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com


*/s/ Iván Garau- González*
Iván Garau- González
USDC No. 304305
Email: igarau@mpmlawpr.com


**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

## Exhibit A

**Proposed Order**