UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

              Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING OBE E. JOHNSON'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 13510)

        Before the Court is the *Motion for Relief from Stay Under 362(e)* (Docket Entry No. 13510 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"). The Motion, which was originally filed in the case captioned Johnson v. Muñiz, Case No. 14-1867 (D.P.R.) (the "Second Damages Action") and subsequently referred to this Court (see Docket Entry No. 60 in Case No. 14-1867), seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the "Appeal"), which is currently pending before the United States Court of Appeals for the First Circuit, on appeal from Case No. 09-1172 (D.P.R.) (the "Habeas Corpus Action"), (ii) a case captioned Johnson v. Porrate-Doria, Case No. 14-1841 (D.P.R.) (the "First Damages Action"), and (iii) the Second Damages Action.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

On April 7, 2020, Movant filed the *Motion to Be Exclude from Law PROMESA* (Docket Entry No. 12772, "Initial Motion"), which the Court construed as a motion seeking relief from the automatic stay with respect to the Habeas Corpus Action, the Appeal, and the First Damages Action. (See *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 12772)*, Docket Entry No. 13316, the "Memorandum Order," at 1-2.) In the Memorandum Order, this Court granted in part and denied in part the Initial Motion, concluding that Movant had established cause to modify the automatic stay to a limited extent with respect the Appeal and the Habeas Corpus Action only.[3] The Court otherwise denied the Initial Motion. Less than a month later, Movant filed the instant Motion.

Movant fails to establish cause to further modify the automatic stay with respect to the Appeal and the Habeas Corpus Action, or for the Court to alter its ruling in the Memorandum Order with respect the First Damages Action. Nor has Movant demonstrated cause to lift or modify the automatic stay as it applies to the Second Damages Action. That action was dismissed with prejudice by Judge Francisco A. Besosa on September 25, 2015 (see Docket Entry No. 48 in Case No. 14-1867), and Judge Besosa's ruling was affirmed by the United States Court of Appeals for the First Circuit on July 1, 2016 (see Docket Entry No. 58 in Case No. 14-1867). Because the dismissal of the Second Damages Action was, like the dismissal of the First Damages Action, final and with prejudice, Movant could receive no benefit from an order lifting the stay of the Second Damages Action. (See Mem. Ord. at 5-6.) Therefore, the hardship to the Commonwealth of devoting its legal resources to litigation relating to the Second Damages Action significantly outweighs any possible burden on Movant caused by the automatic stay, and Movant's request for an order lifting or otherwise modifying the automatic stay with respect to the Second Damages Action is denied. (See id.)

Accordingly, the Motion is denied in its entirety. This Order resolves Docket Entry No. 13510.

SO ORDERED.

Dated: July 9, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3] On the same day that this Court entered the Memorandum Order, the United States Court of Appeals for the First Circuit denied Movant's application for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b) as well as Movant's subsequent motions and requests for relief, which it construed as supplements to Movant's original application. (See Docket Entry No. 16 in Case No. 09-1172.)