## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## JOINT STATUS REPORT WITH RESPECT TO FURTHER PROCEEDINGS REGARDING THE REVENUE BOND STAY RELIEF MOTIONS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

42455.00200

## JOINT REPORT

1.       Movants Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, Financial Guaranty Insurance Company, The Bank of New York Mellon, and U.S. Bank Trust National Association[2] (collectively, "Movants") and respondents the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico (the "Oversight Board"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (collectively, "Government Parties") file this joint status report pursuant to the *Opinion and Order in Connection with Preliminary Hearing Regarding Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection (Docket Entry No. 10102)* (ECF No. 13541) (the "HTA Preliminary Hearing Order"), *Opinion and Order in Connection with Preliminary Hearing Regarding Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* (ECF No. 13540) (the "CCDA Preliminary Hearing Order"), and *Opinion and Order in Connection with Preliminary Hearing Regarding Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (ECF No. 13542) (the "PRIFA Preliminary Hearing Order," and collectively with the HTA Preliminary Hearing Order

---

[2] U.S. Bank Trust National Association and The Bank of New York Mellon appear in their capacity as bondholder trustees for the PRIFA and CCDA bonds, respectively.

and CCDA Preliminary Hearing Order, the "<u>Preliminary Hearing Orders</u>")[3] to provide the parties' respective positions on next steps regarding the HTA Stay Relief Motion, CCDA Stay Relief Motion, and PRIFA Stay Relief Motion (together, the "<u>Stay Relief Motions</u>").

2. The Parties met and conferred by telephone on July 3, July 6, and July 8, 2020, and exchanged several e-mails regarding these issues, but were unable to reach any agreements regarding next steps. Accordingly, each party sets forth its positions below.

### MOVANTS' POSITION

3. As the Court's Preliminary Hearing Orders recognize, additional proceedings are necessary before the Stay Relief Motions will be fully resolved. Movants propose the following procedures to resolve the outstanding issues as expeditiously and efficiently as possible.

4. **Unresolved Issues in Stay Relief Motions.** The Court's Preliminary Hearing Orders have not addressed the argument advanced in the Stay Relief Motions that "cause" exists to lift the stay because PROMESA § 305 precludes this Court (but not any other court) from addressing certain causes of action and requests for declaratory relief that Movants seek to bring, including (i) requests for declaratory relief that the Moratorium Acts and Moratorium Orders are preempted by PROMESA § 303 and (ii) constitutional causes of action for violations of the Contract Clause, the Due Process Clause, and the Takings Clause. *See HTA Stay Relief Motion ¶¶ 111-17; CCDA Stay Relief Motion ¶¶ 114-18; PRIFA Stay Relief Motion ¶¶ 99-103.* Movants brought the Lift Stay Motions in part because the First Circuit's decision in *Ambac Assurance Corporation v. Commonwealth of Puerto Rico*, 927 F.3d 597 (1st Cir. 2019), expressly noted that Movants could "seek traditional stay relief pursuant to 11 U.S.C. § 362 and raise [their] constitutional and statutory arguments in a separate action" to avoid the limitations that

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Preliminary Hearing Orders.

PROMESA § 305 imposes on the Title III court.  *Id.* at 605.  Further proceedings are necessary to address this issue consistent with the First Circuit's guidance.

5.      Movants propose supplemental briefing limited to the question of whether stay relief should be granted on these requests for relief as a matter of law.  Movants will contend that stay relief should be granted as a matter of law, and based on the meet and confer discussions, expect the Government Parties to argue that stay relief should be denied as a matter of law.  To the extent the Court were to determine that the question could not be resolved as a matter of law based on the supplemental briefing, the parties should be directed to meet-and-confer regarding a discovery plan and schedule for addressing any factual issues identified by the Court.

6.      Proceeding in this manner would, consistent with the initial Revenue Bond Order, allow the Court to resolve the remaining issues in the Stay Relief Motions expeditiously, without imposing unnecessary discovery burdens on the parties, and without requiring either party to waive any substantive rights or factual contentions they might wish to advance.

7.      Movants propose the following briefing schedule:

     a.      Movants' Briefs of no more than 15 pages to be filed by July 20.

     b.      Opposition Briefs of no more than 15 pages to be filed by July 30.

     c.      Reply briefs of no more than 8 pages to be filed by August 5.

In the interest of efficiency, Movants are amenable to waiving oral argument on the supplemental briefing regarding pure legal issues, unless the Court determines after reviewing the submissions that oral argument would be helpful.

8.      Movants note that the Board used its portion of the joint status report to attempt to litigate the merits of these issues.  A joint status report is not an appropriate vehicle for addressing merits disputes, Movants have not had an opportunity to prepare a substantive response to these

merits arguments, and the Court should not consider these arguments at all at this time.  Indeed, many of these are precisely the issues Movants propose to address in the briefing set out above. Movants further note that many of the Board's assertions are disputed or inaccurate.  For example, there is no "indenture trustee" in HTA that is not a party to the HTA Stay Relief Motion; there is only a fiscal agent.

9.      **Additional Unresolved Issues in CCDA Stay Relief Motion.**  The PROMESA § 305-related issues in the CCDA Stay Relief Motion should proceed on the same schedule as that proposed above for the HTA and PRIFA Stay Relief Motions.  In light of the Court's conclusion that CCDA Movants have a colorable claim to a lien on monies in the Scotiabank -5142 account, there are three additional remaining questions on the CCDA Stay Relief Motion which could be litigated on a separate schedule, specifically, (i) whether CCDA Movants' lien is adequately protected, (ii) whether the Commonwealth has any "equity" in the relevant monies, and (iii) whether the monies are necessary to the Commonwealth's restructuring.

10.     Addressing these issues will require additional discovery.  Among other things, to assess "adequate protection," CCDA Movants will need evidence sufficient to establish the value of the lien, including all transfers into and out of the Scotiabank -5142 account (and downstream accounts) to determine what funds have been transferred subject to the lien and where those funds are currently held.  To address the issue of "equity," CCDA Movants need evidence concerning whether any rights the Commonwealth has under Article VI, Section 8 (the Commonwealth's basis for asserting "equity" in the Pledged Hotel Taxes) have been triggered.  Although Movants will contend that § 362(d)(2)(B) ("such property is not necessary to an effective reorganization") is not relevant to cash in which the debtor has no equity, assuming the Board is not prepared to stipulate that that factor is not relevant here, CCDA Movants will need evidence concerning the

Commonwealth's reorganization and plan of adjustment.  CCDA Movants propose that the Parties be directed to meet-and-confer concerning a discovery plan and schedule, and present a joint report to the Court by July 23.

11.     The Board's suggestion below that the Court should conduct further proceedings on whether Scotiabank -5142 is the Transfer Account is meritless.  The Court has already held that "CCDA Movants have shown a reasonable likelihood that Scotiabank -5142 is the Transfer Account and that their security interest attaches to funds deposited therein."  CCDA Preliminary Hearing Order at 41.  That is all CCDA Movants must show for purposes of the CCDA Stay Relief Motion.  In the event that Movants prevail on the other open issues and obtain stay relief, the Board will have a full opportunity to litigate the merits of whether Scotiabank -5142 is the Transfer Account in the non-Title III forum.

12.     **Interlocutory Appeal of Stay Relief Motions.**   The Court's *Final Case Management Order for Revenue Bonds* (ECF No. 12186) provides that the Court will consider requests to certify issues for appeal.  The Court did so after bifurcating the property interest and secured status questions from the remaining issues in the lift stay motions.  Now that the court has issued its interim rulings, all Parties would be served by prompt appellate review of the issues addressed in the Court's Preliminary Hearing Orders.  Indeed, timely appellate review will provide invaluable guidance to the Court and the parties, while avoiding undue expense and delay.  However, certification of an interlocutory appeal might be unnecessary if the Court were to adopt Movants' proposal (in ¶ 7 above) and issue further rulings on the Lift Stay Motions in advance of the August 31 deadline to request certification of the Preliminary Hearing Orders pursuant to PROMESA § 306(e)(3)(A). Movants will submit a formal motion on certification in the event that it becomes necessary to do so.

13.      **Reservation of Rights.**  Movants note that their position is that the automatic stay expired by operation of law and remains terminated with respect to all three Stay Relief Motions at this time.  Although Movants will not take any action that would violate the stay (assuming it were still in effect) pending further guidance from the First Circuit, Movants note that their participation in further proceedings shall not be construed as a waiver of any appellate rights.  Movants do not waive, and expressly reserve, their rights under 11 U.S.C. § 362(e).

14.      **Summary Judgment Motions.**  To avoid inundating the Court with summary judgment briefing on issues addressed by the Court in the Stay Relief Motions, and requiring the Court to issue comprehensive decisions on overlapping issues on the pending summary judgment motions, Movants proposed to the Oversight Board staying the summary judgment proceedings (with respect to those counts which overlap with issues addressed on a preliminary basis in the Preliminary Hearing Orders), pending the First Circuit's review of the issues.  Movants further agreed to stipulate that, if the First Circuit were to affirm the Court's ruling that Movants have not shown a colorable claim beyond the Resolution Funds (in HTA) and the Sinking Fund (in PRIFA), judgment could be entered against Movants on the corresponding claims raised in the corresponding adversary proceedings and addressed by the First Circuit.  No agreement was reached concerning Movants' proposal, but Movants are amenable to the Court staying the summary judgment motions under this framework.

15.      In the absence of a stipulated framework for streamlining the summary judgment briefing, Movants have no choice but to reserve all rights and submit full briefing on all of the summary judgment issues to preserve their arguments for any appeal.  For the convenience of the Court, each of Movants' summary judgment oppositions will indicate to the Court those areas of the brief that overlap with issues addressed by the Court on a preliminary basis in the Preliminary

Hearing Orders.  (For the avoidance of doubt, Movants note that this status report is not itself a stipulation and does not waive or abridge any of Movants' substantive rights; it is merely an indication of what Movants proposed to the Oversight Board in an effort to streamline summary judgment briefing, subject to any proposal being formalized in a stipulation or order that articulates the provisions thereof with specificity.)

16.     **Section 926 Motions.**  Movants also asked the Oversight Board to stipulate to continue to toll the statute of limitations for § 926 claims and to extend the deadline for filing motions seeking appointment as a trustee under § 926.  No agreement was reached concerning Movants' proposals, and accordingly, Movants expect to file motions under § 926 to protect their rights.

### GOVERNMENT'S POSITION

17.     Movants' stay relief motions are not conventional stay relief motions for many reasons, including the fact that they requested declarations that the Commonwealth had no interest in the revenue streams Movants wanted to procure, and only requested stay relief if the Court first determined the Commonwealth held an interest in the revenue streams, which it has done. Additionally, the motions were the subjects of briefing and discovery for up to a year.  Movants contended the Court can only determine whether they have colorable claims to property interests in the context of their motions, and cited First Circuit authority arising out of conventional stay relief motions, unlike the motions here.  Now Movants wish to use an appeal of the lift stay motions for the very purpose—obtaining final rulings—that they contended First Circuit stay motions cannot yield.  Moreover, the HTA fiscal agent, who filed the proofs of claim covering the HTA bonds Movants own or guaranty, was not a party to Movants' motion and Movants cannot bind it to the result of an appeal to which it is not a party.

18.     To obtain a final and binding judgments regarding all bonds, the Commonwealth commenced adversary proceedings objecting to the proofs of claims filed by the indenture trustees/ fiscal agent and Movants.  Oral argument on summary judgment motions in those actions is scheduled for September 23, 2020.  The Oversight Board desires to proceed as scheduled with the adversary proceedings.  Movants' alternatives require inordinate delay for appeals to be certified, filed, prosecuted, and decided.  Moreover, they would not be binding on the HTA fiscal agent, and, in any event, may not result in final rulings .  The Oversight Board declines to take that risk, coupled with the undue delay it would entail. Given the current status of pending matters, and Movants' stated intent to have final hearings on stay relief for their unsecured claims, there is no reason to certify an interlocutory appeal when an appeal of the entire contested matters could be taken as soon as the final hearings are resolved.   The Government Parties address Movants' positions in turn:

19.     **PRIFA / HTA**.  Movants claim they need further briefing, and perhaps even discovery, on the HTA and PRIFA Stay Relief Motions regarding their argument "'cause' exists to lift the stay because PROMESA § 305 precludes this Court (but not any other court) from addressing certain causes of action" including preemption, Contract Clause, Due Process, and Takings Clause claims.  In other words, Movants seek to lift the stay to pursue actions to escrow or otherwise control Commonwealth property (PRIFA Stay Relief Motion ¶ 4; HTA Stay Relief Motion ¶¶ 2) they have no property interest in, on account of their disputed *unsecured* claims against the Commonwealth.

20.     There is no reason for further proceedings as to PRIFA and HTA.  Movants' motions were "denied to the extent [they] seek[] stay relief or adequate protection with respect to liens or other property interests in Revenues other than those that have been deposited in the"

Resolution Funds or Sinking Fund, respectively. [ECF No. 13541 at 36; ECF No. 13542 at 31].
The Court found Movants have no property interest and no security interest in other revenues.
That is all that is needed to conclusively dispose of the PRIFA and HTA motions in respect of any
secured claims or other property interests. To the extent Movants want stay relief to pursue
unsecured claims, they may be entitled to a hearing, but do not increase their entitlement to stay
relief by chanting "305" or "constitutional claims."

21.     Labeling their claims as constitutional does not entitle Movants to turnovers or stay
relief. All requests for stay relief by secured claimholders are based on the Fifth Amendment
entitlement to protection of the value of the collateral. The First Circuit has already determined
Movants are not entitled to turnover of pledged revenues, and this Court has determined they do
not have even a colorable claim to revenues because the only revenues encumbered by their
security interests are the revenues in certain deposit accounts.

22.     Movants contend they have the right to proceed to a final hearing as unsecured
claimholders, even though the Court made no determination that Movants hold an unsecured claim
against the Commonwealth. Even if Movants did hold unsecured claims, they would not entitle
them to stay relief to commence an action against property they have no interest in. Indeed, an
unsecured claimholder has "no interest in property to be protected, so relief provided for by §
362(d)(2) is not applicable…." *In re Growth Dev. Corp.*, 168 B.R. 1009, 1017 (Bankr. N.D. Ga.
1994). "The same reasoning applies to the 'lack of adequate protection' language of subsection
(d)(1)." *Id.*; *see also, e.g.*, *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 90-91 (2d Cir.
2003) (same); *In re S. Biotech, Inc.,* 37 B.R. 318, 324 (Bankr. M.D. Fla. 1983) (same). Because
Movants have no property interest in the revenues, there is no interest to adequately protect.
Moreover, Movants fail to address the obvious, namely why they would be entitled to stay relief

to grab Commonwealth monies for their unsecured claims, ahead of all the Commonwealth's other unsecured claimholders such as the General Obligation bondholders.

23.    As to Movants' assertion that PROMESA § 305 provides ground to lift the stay "for cause" under § 362(d)(1), the argument is a red herring.  Plain and simple, because section 305, absent Oversight Board consent, bars the Court from ordering any of the Title III debtors to pay adequate protection to Movants, the First Circuit explained the Court can instead grant stay relief to allow another court to order a debtor to pay Movants.  None of that is relevant anymore, now that Movants have no secured claims or other property interests in Commonwealth property. If it were relevant, the Oversight Board could grant consent.  Declaratory judgments that Movants have liens are off the table now that we know they don't.  Judgments that prior to the Title III cases the Commonwealth unconstitutionally impaired Movants' contractual obligations are simply unsecured claims.  This Court can determine those claims which Movants inserted into their proofs of claim.  Chanting "constitutional" is not a ground for stay relief.  Where, "at best [a movant] has an unsecured claim against the Debtor, and … has not shown [itself] to be in any different situation than the other unsecured creditors," to lift the stay would be to provide Movants "special treatment."  *In re Growth Dev. Corp.*, 168 B.R. at 1017.  If Movants demand a hearing on their request for stay relief to prosecute unsecured claims, the Government Parties will, of course, fully brief this issue.

24.    Movants cite *Ambac Assurance Corporation v. Commonwealth of Puerto Rico*, 927 F.3d 597 (1st Cir. 2019), but it does not support their position.  The First Circuit said "nothing … suggests that Ambac cannot seek traditional stay relief," and if it is successful, "raise its constitutional and statutory arguments in a separate action."  Ambac sought traditional stay relief and was unsuccessful.  The Court has found Movants do not have a property or security interest in

the moneys subject to the actions they wish to pursue.  Their rights have been adjudicated and found to be lacking.  If and when Movants identify a constitutional claim on which they might be entitled to immediate payments during the Title III cases, the Oversight Board can always consent to the Title III Court granting that relief.  So far, Movants have identified no such claims.

25.     In sum, if Movants demand a hearing on stay relief for them to prosecute unsecured claims, they should be instructed to file pleadings identifying the claims and why stay relief is warranted under the *Sonnax* factors.

26.     **CCDA**.  Movants would carve out the § 305 issue for CCDA to brief separately, but slicing and dicing the issues is inefficient and impractical.  If the issue is to be raised with regard to CCDA, it should be included with all the outstanding issues there.

27.     "The CCDA Stay Relief Motion [was] denied to the extent it seeks stay relief with respect to Hotel Taxes other than those that have been deposited in the Transfer Account," and that "CCDA Movants have shown a reasonable likelihood that Scotiabank -5142 is the Transfer Account and that their security interest attaches to funds deposited therein."  [ECF No. 13540 at 41].  Thus, issues of "cause," "adequate protection," the Commonwealth's equity, and "necess[ity] to an effective reorganization" remain as to Hotel Taxes deposited in the Transfer Account under §§ 362(d)(1) and (d)(2).  Movants appear to agree.  But all those issues first require determination of the gating issue of whether Scotiabank -5142 is in fact the Transfer Account.  If it is not the Transfer Account, Movants are not entitled to adequate protection and the funds are necessary for an effective reorganization.

28.     During meet and confer discussions, Movants took the position that this Court cannot decide the issue of whether Scotiabank -5142 is in fact the Transfer Account.  They appear to maintain that position, as they do not even mention it in their portion of this joint report.  But

the issue *must* be decided by this Court, and in fact is right now being litigated in the Commonwealth's adversary proceeding challenging Movants' proofs of claim as to the CCDA Bonds.  As the Oversight Board has argued in its lift-stay briefs, all obligations under the CCDA Bonds were expressly made subject to the Commonwealth's retention powers under Article VI, Section 8 of the Commonwealth Constitution, making funds in the Transfer Account "available resources" in which the Commonwealth has at least a reversionary interest.  As such, because this Court has "exclusive jurisdiction of all property, wherever located, of the debtor," the final hearing on the CCDA Stay Relief Motion *must* include the question of which account is the Transfer Account.  PROMESA § 306(b).  Alternatively, the Commonwealth's adversary proceedings were expressly formulated to determine the validity of all Movants' claims.  There is no reason to grant Movants stay relief to litigate that issue elsewhere when it is already pending here.  In any event, it makes little sense to move into discovery and litigate the questions of adequate protection, equity, or necessity to restructuring before first answering that threshold question of which account is the Transfer account.  As such, further proceedings should in the first instance be limited to identification of the Transfer Account.

29.     **Summary Judgment / Section 926.**  Movants also include an entirely gratuitous discussion regarding what they characterize as proposals they made, but the Oversight Board did not accept concerning the partial summary judgment motions in the revenue bond adversary cases and motions they plan to file under section 926 of the Bankruptcy Code.  As a preliminary matter, the Court did not invite Movants to discuss either of these subjects in this joint report.

30.     With regard to summary judgment motion practice, the Court has already set a revised briefing schedule and set page limits for Movants' briefs.  A joint report is not the place for Movants to try to reargue court orders entered at their joint request.  In any case, Movants'

proposal was unworkable for a number of reasons, including that there is no way to know now the basis or bases the First Circuit may find to affirm this Court's rulings.  The entire reason for the summary judgment motion practice is to obtain binding, final rulings.  Movants have repeatedly argued their lift-stay motions do not lead to final determinations on their claims.  There is no guaranty the First Circuit will rule (possibly many months or even a year from now) in a way that will achieve the finality sought in the adversary cases.  Without finality on these issues, the Commonwealth's ability to move out of Title III would only be delayed.  There is no reason to delay briefing on the summary judgment motions that the Court has already set to be argued on September 23, 2020.[4]

31.    **Movants' "Reservation of Rights."**  Movants claim the automatic stay has expired.  If that is true, everything Movants request would amount to an advisory ruling, and there can be no further proceedings until there is a determination on whether the stay already expired.  It has not, for a numerous reasons, including that (i) because Movants requested a determination that the Commonwealth had no interest in the various revenue streams (and only if it did, relief from the stay), the time limits in § 362(e) never started to run because they do not apply to determinations of whether the stay applied in the first place; (ii) Movants asked for and obtained more time  to conduct discovery or file longer briefs; Movants cannot seek delay and then assert the time limits of § 362(e) have run; and (iii) the Court has repeatedly stated in its Case Management Orders that Movants "shall be deemed to have waived the timetable set forth in Section 362(e)" until a certain period after the preliminary hearing.

---

[4] AAFAF is not a party to the summary judgment motions or underlying adversary proceedings and takes no position regarding those matters.

Dated: July 9, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By:    /s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email:    rcamara@ferraiuoli.com
scolon@ferraiuoli.com

**MILBANK LLP**

By:    /s/ *Atara Miller*
Dennis F. Dunne (admitted *pro hac vice*)
Atara Miller (admitted *pro hac vice*)
Grant R. Mainland (admitted *pro hac vice*)
John J. Hughes, III (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219
Email: ddunne@milbank.com
amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com

***Attorneys for Ambac Assurance Corporation***

*[Remainder of Page Intentionally Omitted]*

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: /s/ *Eric Pérez-Ochoa*
    Eric Pérez-Ochoa
    (USDC-PR No. 206314)
    Email: epo@amgprlaw.com

By: /s/ *Luis A. Oliver-Fraticelli*
    Luis A. Oliver-Fraticelli
    (USDC-PR No. 209204)
    Email: loliver@amgprlaw.com

    208 Ponce de Leon Ave., Suite 1600
    San Juan, PR 00936
    Telephone: (787) 756-9000
    Facsimile: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ *Robert S. Berezin*
    Jonathan D. Polkes (admitted *pro hac vice*)
    Gregory Silbert (admitted *pro hac vice*)
    Robert S. Berezin (admitted *pro hac vice*)
    Kelly DiBlasi (admitted *pro hac vice*)
    Gabriel A. Morgan (admitted *pro hac vice*)
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Email: jonathan.polkes@weil.com
        gregory.silbert@weil.com
        robert.berezin@weil.com
        kelly.diblasi@weil.com
        gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corp.*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: /s/ *Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    (USDC-PR No. 204809)
    Ricardo F. Casellas-Sánchez
    (USDC-PR No. 203114)
    Diana Pérez-Seda
    (USDC-PR No. 232014)
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401
    Email: hburgos@cabprlaw.com
        rcasellas@cabprlaw.com
        dperez@cabprlaw.com

**CADWALADER, WICKERSHAM & TAFT LLP**

By: /s/ *Howard R. Hawkins, Jr.*
    Howard R. Hawkins, Jr. (admitted *pro hac vice*)
    Mark C. Ellenberg (admitted *pro hac vice*)
    William J. Natbony (admitted *pro hac vice*)
    Ellen M. Halstead (admitted *pro hac vice*)
    Thomas J. Curtin (admitted *pro hac vice*)
    Casey J. Servais (admitted *pro hac vice*)
    200 Liberty Street
    New York, NY 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666
    Email: howard.hawkins@cwt.com
        mark.ellenberg@cwt.com
        bill.natbony@cwt.com
        ellen.halstead@cwt.com
        thomas.curtin@cwt.com
        casey.servais@cwt.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**REXACH & PICÓ, CSP**

By: */s/ María E. Picó*
María E. Picó
(USDC-PR No. 123214)
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By: */s/ Martin A. Sosland*
Martin A. Sosland (admitted *pro hac vice*)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email: martin.sosland@butlersnow.com
Jason W. Callen (admitted *pro hac vice*)
150 3rd Ave., S., Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
Email: jason.callen@butlersnow.com

***Attorneys for Financial Guaranty Insurance Company***

**RIVERA, TULLA AND FERRER, LLC**

By:  */s/ Eric A. Tulla*
      Eric A. Tulla
      (USDC-DPR No. 118313)
      Email: etulla@ riveratulla.com
      Iris J. Cabrera-Gómez
      (USDC-DPR No. 221101)
      Email: icabrera@ riveratulla.com
      Rivera Tulla & Ferrer Building
      50 Quisqueya Street
      San Juan, PR 00917-1212
      Telephone: (787) 753-0438
      Facsimile: (787) 767-5784

**SEPULVADO, MALDONADO & COURET**

By:  */s/ Albéniz Couret Fuentes*
      Albéniz Couret Fuentes
      (USDC-PR No. 222207)
      304 Ponce de León Ave. Suite 990
      San Juan, PR 00918
      Telephone: (787) 765-5656
      Facsimile: (787) 294-0073
      Email: acouret@smclawpr.com

**HOGAN LOVELLS US LLP**

By:  */s/ Robin E. Keller*
      Robin E. Keller, Esq.
      Ronald Silverman, Esq.
      390 Madison Avenue
      New York, NY 10017
      Telephone: (212) 918-3000
      Facsimile: (212) 918-3100
      robin.keller@hoganlovells.com
      ronald.silverman@hoganlovells.com

**REED SMITH LLP**

By:  */s/ Eric A. Schaffer*
      Eric A. Schaffer (admitted *pro hac vice*)
      Luke A. Sizemore (admitted *pro hac vice*)
      Jared S. Roach (admitted *pro hac vice*)
      225 Fifth Avenue, Suite 1200
      Pittsburgh, PA 15222
      Telephone: (412) 288-3131
      Facsimile: (412) 288-3063
      Email: eschaffer@reedsmith.com
            lsizemore@reedsmith.com
            jroach@reedsmith.com

*Attorneys for U.S. Bank National Association, in its Capacity as Trustee to PRIFA Bondholders*

*Attorneys for The Bank of New York Mellon, in its Capacity as Trustee to CCDA Bondholders*

**PROSKAUER ROSE LLP**

By: */s/ Martin J. Bienenstock*
    Martin J. Bienenstock
    Stephen L. Ratner
    Timothy W. Mungovan
    Paul V. Possinger
    Margaret A. Dale
    (Admitted *Pro Hac Vice*)
    Eleven Times Square
    New York, NY 10036
    Telephone: (212) 969-3000
    Facsimile: (212) 969-2900

**O'NEILL & BORGES LLC**

By: */s/ Hermann D. Bauer*
    Hermann D. Bauer (USDC-PR No.
    215205)
    250 Muñoz Rivera Ave., Suite 800
    San Juan, PR 00918-1813
    Telephone: (787) 764-8181
    Facsimile: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as representative of the
Commonwealth*

**O'MELVENY & MYERS LLP**

By: */s/ John J. Rapisardi*
    John J. Rapisardi
    (Admitted *Pro Hac Vice*)
    7 Times Square
    New York, NY 10036
    Tel: (212) 326-2000
    Fax: (212) 326-2061

By: */s/ Peter Friedman*
    Peter Friedman
    (Admitted *Pro Hac Vice*)
    1625 Eye Street, NW
    Washington, DC 20006
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414

By: */s/ Elizabeth L. McKeen*
    Elizabeth L. McKeen
    Ashley M. Pavel
    (Admitted *Pro Hac Vice*)
    610 Newport Center Drive, 17th Floor
    Newport Beach, CA 92660
    Telephone: (949) 823-6900
    Facsimile: (949) 823-6994

**MARINI PIETRANTONI MUÑIZ LLC**

By: */s/ Luis C. Marini-Biaggi*
    Luis C. Marini-Biaggi
    (USDC-PR No. 222301)
    Email: lmarini@mpmlawpr.com
    Carolina Velaz-Rivero
    (USDC-PR No. 300913)
    Email: cvelaz@mpmlawpr.com
    250 Ponce de León Ave.
    Suite 900
    San Juan, PR 00918
    Telephone: (787) 705-2173
    Facsimile: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this same date a true and exact copy of this notice was filed with

the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

<u>/s/ *Roberto Cámara-Fuertes*</u>
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile:  (787) 766-7001
Email:  rcamara@ferraiuoli.com