## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---

In re

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtor.

---

In re

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY (PREPA),*

    Debtor.

---

PROMESA

Title III

Case No. 17-BK-3283-LTS

**Court Filing Relates Only to PREPA**

PROMESA
Title III

Case No. 17-04780-LTS

(Jointly Administered)

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, THE FUEL LINE LENDERS AND UTIER TO ADJOURN OBJECTION
DEADLINE AND HEARING DATE FOR LUMA ENERGY
<u>ADMINISTRATIVE EXPENSE MOTION</u>**

---

\*    The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

The Official Committee of Unsecured Creditors, the Fuel Line Lenders[1] and UTIER[2] (collectively, the "Creditor Parties") respectfully submit this Emergency Motion to adjourn the objection deadline and hearing date for the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy* (Docket Entry No. 1947 in Case No. 17-4780, the "Administrative Expense Motion").[3]

1. Late on July 7, the Government Parties filed the Administrative Expense Motion. They noticed it for a hearing on July 29, which means that, under the Case Management Procedures, objections would be due on July 14 — *one week after the motion was filed.* The Administrative Expense Motion, together with its exhibits, is 715 pages long. It includes an exceedingly complex agreement to transfer the operation of PREPA's T&D System to a private operator, a factual declaration by PREPA's CEO, and a detailed report from the P3 Authority explaining LUMA's selection.

2. By the Government Parties' own account, the selection of a private operator to control the T&D System is a "critical" development. *See, e.g.,* Declaration of Omar Marrero in Support of Administrative Expense Motion ¶ 24 (Docket Entry No. 1947-2 in Case No. 17-4780). Among other important consequences for the case, the Administrative Expense Motion appears to seek, as an integral part of the T&D Contract, this Court's allowance of very substantial priority claims (over $136 million) in the form of Front-End Transition Obligations

---

[1] The Fuel Line Lenders are Cortland Capital Market Services LLC ("Cortland"), as successor administrative agent under a Credit Agreement, dated May 4, 2012, among PREPA, Scotiabank de Puerto Rico and certain lenders (the "Scotiabank Credit Agreement").

[2] UTIER is the Unión de Trabajadores de la Industria Eléctrica y Riego, Inc.

[3] Capitalized terms have the same meanings as in the Administrative Expense Motion.

that would need to be paid in order for PREPA to confirm a plan and exit Title III. The allowance of such a large priority claim against PREPA is highly significant to the Creditor Parties, and has the potential to affect their recoveries and the resolution of this case; thus, the Administrative Expense Motion requires careful attention and analysis.

3. The Creditor Parties have all begun to evaluate the Administrative Expense Motion to determine whether to object and what discovery may be needed. But given the motion's complexity and significance, it is patently unreasonable to have only **one week** to understand the scope and consequences of the relief sought, whether any of their rights are being prejudiced, and whether to file objections and on what grounds.

4. Under the terms of the Government Parties' agreement with LUMA Energy, the Government Parties' deadline to obtain approval of the Administrative Expense Motion is **October 6, 2020**. That deadline can be extended up to an additional 45 days (to November 20, 2020) by the P3 Authority alone, and further extensions can be made with the consent of P3 and LUMA Energy. Thus, there is no legitimate reason why the Administrative Expense Motion must be heard on July 29, and there would be no prejudice to the Government Parties or LUMA Energy from granting a reasonable adjournment.

5. The Creditor Parties reached out to the Government Parties the day after the Administrative Expense Motion was filed to seek their consent to an adjournment of the deadlines. Late on July 9, the Oversight Board responded by expressing willingness to adjourn the hearing to September 16-17, but *only* if the Creditor Parties would agree "that any discovery will be limited to requests for production of documents that do not include email or other communications, and limited to the benefits the government parties expect LUMA will achieve for the T&D System under the terms of the O&M Agreement, i.e. the relief sought in the LUMA

-3-

motion." At this stage, the Creditor Parties have not determined what discovery (if any) may be needed. But there is no basis for the Oversight Board to require the Creditor Parties to waive basic discovery rights under the Federal Rules of Civil Procedure — including the right to seek discovery of any "communications" — in order to get a reasonable schedule on a highly consequential motion.

6. The Creditor Parties regret that a scheduling dispute like this one has resulted in an emergency motion. This Court has previously expressed its concern with the repeated practice in this case of burdening the Court and other parties with motions "whose urgency seems to arise from the date on which they were filed as opposed to context." Jan 29, 2020 Hr'g Tr. at 13:3-4 (Docket Entry No. 10594 in Case No. 17-3283). For their part, the Creditor Parties tried to avoid burdening the Court with yet another such motion; unfortunately, the Government Parties' insistence on urgent objections to a motion that is far from urgent has necessitated it.

7. For these reasons, the Creditor Parties request that the hearing date on the Administrative Expense Motion be adjourned to the omnibus hearing on September 16-17, 2020, without prejudice to a further adjournment if needed. If the Court is so inclined, the Creditor Parties would be prepared to participate at a status conference on the Administrative Expense Motion at the July 29 omnibus hearing.

## CERTIFICATION

Pursuant to Local Rule 9013-1 and paragraph I.H of the Case Management Procedures, the Creditor Parties hereby certify that they have (a) carefully examined the matter and concluded that there is a true need for an emergency motion; (b) not created the emergency through a lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; (d) made reasonable, good faith communications in an effort to resolve or narrow the issues being brought to the court; and (e) conferred with counsel for the Government Parties,

who to date have stated that any adjournment should be tied to a waiver by the Creditor Parties of discovery rights.

Dated: July 10, 2020

Respectfully submitted,

 /s/ Juan J. Casillas Ayala
Juan J. Casillas Ayala
USDC-PR No. 218312
Israel Fernández Rodríguez
USDC-PR No. 225004
Juan C. Nieves González
USDC-PR No. 231707
Cristina B. Fernández Niggemann
USDC-PR No. 306008
CASILLAS, SANTIAGO & TORRES LLC
PO Box 195075
San Juan, PR 00919-5075
Telephone: (787) 523-3434
Facsimile: (787) 523-3433
Email: jcasillas@cstlawpr.com
 ifernandez@cstlawpr.com
 jnieves@cstlawpr.com
 cfernandez@cstlawpr.com

 /s/ Luc A. Despins
Luc A. Despins (admitted *pro hac vice*)
Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: lucdespins@paulhastings.com
 nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

 /s/ Nayuan Zouariabani
Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5604
Facsimile: (787) 759-9225
Email: nzt@mcvpr.com

 /s/ Emil A. Kleinhaus
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
 arwolf@wlrk.com
 eakleinhaus@wlrk.com
 mhcassel@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

-6-

  */s/ Jessica E. Méndez-Colberg*
Rolando Emmanuelli-Jiménez
USDC-PR No. 214105
Jessica E. Méndez-Colberg
USDC-PR No. 302108
BUFETE EMMANUELLI, C.S.P.
472 Tito Castro Ave.,
Marvesa Building Suite 106
Ponce, PR 00716
Telephone: (787) 848-0666
Facsimile: (787) 977-0323
Email: rolando@bufete-emmanuelli.com
      jessica@bufete-emmanuelli.com

*Attorneys for Unión de Trabajadores de la Industria Eléctrica y Riego*