UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------x

In re:                                                    PROMESA
                                                          Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                              No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                           (Jointly Administered)
et al.,

        Debtors.[1]
----------------------------------------------------------x
In re:                                                    PROMESA
                                                          Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                              No. 17 BK 3567-LTS

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

        Debtor.
----------------------------------------------------------x

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case
     number and the last four (4) digits of each Debtor's federal tax identification number, as
     applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-
     3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
     Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four
     Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
     Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of
     Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
     Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
     Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
     ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax
     ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
     No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case
     numbers are listed as Bankruptcy Case numbers due to software limitations).

ORDER  SCHEDULING FURTHER PROCEEDINGS IN
CONNECTION WITH THE REVENUE BOND STAY RELIEF MOTIONS

The Court has received and reviewed the *Joint Status Report with Respect to Further Proceedings Regarding the Revenue Bond Stay Relief Motions* (Docket Entry No. 13601 in Case No. 17-3283, the "Joint Status Report").

The parties to the Lift Stay Motions[2] are hereby directed to brief whether "cause" exists to lift the automatic stay as follows (the "Supplemental Briefing"):

- Movants' consolidated brief of no more than twenty-five (25) pages, addressing all three of the Lift Stay Motions, must be filed by July 20, 2020.

- The Government Parties' consolidated opposition brief of no more than twenty-five (25) pages must be filed by July 30, 2020.

- Movants' reply brief of no more than twelve (12) pages must be filed by August 5, 2020.

The Supplemental Briefing must address (i) whether "cause" exists under 11 U.S.C. § 362(d)(1) to lift the automatic stay; (ii) in the case of the CCDA Lift Stay Motion only, whether stay relief is warranted under 11 U.S.C. § 362(d)(2); and (iii) whether litigation in the context of Adversary Proceeding No. 20-004 concerning the identity of the Transfer Account would obviate any need for stay relief to allow for resolution of that issue in an alternative forum.

The Court hereby schedules a final hearing to address the issues raised in the Supplemental Briefing for **September 30, 2020, at 2:30 p.m. (Atlantic Standard Time)** (the "Final Hearing").  However, in light of the Movants' representation that they are amenable to waiving oral argument on the above-described supplemental briefing, the Court expects to be able to resolve the Supplemental Briefing issues on the papers in advance of the Final Hearing.

---

[2]     Undefined capitalized terms used herein shall have the meaning given to them in the Joint Status Report.

To the extent that 11 U.S.C. § 362(e) applies to the instant motion practice, the
Court finds that compelling circumstances require the extension of the thirty (30) day final
hearing deadline set by 11 U.S.C. § 362(e)(1) in light of the volume of briefing and discovery
requested by parties to the Lift Stay Motion and the novel issues raised therein.  The Court also
finds that, in light of the findings of fact and conclusions of law set forth in the Preliminary
Hearing Orders and the Court's review of the extensive briefing underlying those orders, there is
a reasonable likelihood that the Government Parties will prevail at the conclusion of the Final
Hearing, and the automatic stay will therefore remain in effect pending the conclusion of the
Final Hearing and final determination of the Lift Stay Motions.


        SO ORDERED.

Dated:  July 10, 2020


                                               /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge