# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. 1 | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS.** |

## THE GOVERNMENT PARTIES' OBJECTION
## TO THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS, THE FUEL LINE LENDERS
## AND UTIER TO ADJOURN OBJECTION DEADLINE AND HEARING DATE
## FOR LUMA ENERGY ADMINISTRATIVE EXPENSE MOTION

---

1  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[1] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (collectively, the "Government Parties") respectfully submit this objection to the *Emergency Motion of the Official Committee of Unsecured Creditors, the Fuel Line Lenders and UTIER to Adjourn Objection Deadline and Hearing Date for LUMA Energy Administrative Expense Motion* (the "Urgent Motion") [ECF No. 2056; Case No. 17-04780-LTS].[2] In support hereof, the Government Parties respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The Administrative Expense Motion (defined below) before the Court seeks very limited, narrowly tailored relief. The Court should deny the requested adjournment because the UCC, the Fuel Line Lenders, and UTIER (collectively, the "Creditors") have all had ample time to formulate any responses in opposition to the requested administrative priority claim in favor of LUMA Energy. A motion requesting such limited relief should not be fuel for an endless litigation battle. As such, if the Court is inclined to grant any adjournment, not only should it be of limited duration, but it should include a briefing and discovery schedule and impose limitations on discovery commensurate with the narrow relief sought in the Administrative Expense Motion, as more fully discussed herein.

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101-2241.
[2] Unless otherwise noted, Docket references are to Case No. 17-04780-LTS.

**BACKGROUND**

2. On July 7, 2020, the Government Parties filed *PREPA's Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with Luma Energy* (ECF No. 2053) (the "Administrative Expense Motion"). The Government Parties did not file the Administrative Expense Motion on an emergency basis, but rather noticed the Motion for hearing on July 29, 2020, consistent with the Court's rules. *See Thirteenth Amended Notice, Case Management and Administrative Procedures* (ECF No. 13512-1; Case No 17-03283-LTS).

3. The Administrative Expense Motion does not seek approval of the T&D Contract as a whole; it seeks only limited relief—approval of an administrative expense priority claim for any accrued and unpaid Front-End Transition Obligations.[3] These obligations are for services that LUMA Energy has already begun providing to PREPA and for which PREPA is paying LUMA Energy in the ordinary course.

4. The Administrative Expense Motion was no surprise to the Creditors. On June 23, 2020, the day after the T&D Contract was signed and *two weeks* before the Government Parties filed the Administrative Expense Motion, the P3 Authority publicly posted both the T&D Contract and the Partnership Committee Report, which explains the T&D Contract, including its requirement that PREPA seek administrative claim treatment for the Front-End Obligations. These public documents were widely reported in the press.[4] Moreover, that same day, the Oversight

---

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Administrative Expense Motion and Urgent Motion.

[4] *See, e.g.*, *PREPA T&D Contract Requires Title III Approvals Be 'Reasonably Acceptable' to Operator; Transaction Report Outlines Oversight Board Timing Concerns*, Reorg Research, published June 23, 2020.

3

Board sent the T&D Contract to certain primary parties in interest, including the Fuel Line Lenders and the UCC. Within two days, the Government Parties also held an informational session attended by the Fuel Line Lenders and the UCC regarding the terms of the T&D Contract. In addition, on June 24, 2020, UTIER filed a motion with the Puerto Rico Energy Bureau ("PREB") asking PREB to reconsider the issuance of the Certificate of Energy Compliance approving the T&D Contract, and in its arguments, UTIER acknowledges the publicity of the T&D Contract.[5] After these events, the Government Parties have been and remain available to meet with the Creditors and to respond to reasonable, good faith requests for information that are appropriately related to the narrow relief sought in the Administrative Expense Motion.

5. Although the September 16, 2020, hearing date the Creditors propose is within the contractual period contemplated for approval of the Administrative Expense Motion, the Creditors leave open the possibility (*i.e.*, likelihood) that they will seek a further extension. The Government Parties are deeply concerned that delay could jeopardize the T&D Contract and undermine the work LUMA Energy is doing to advance the transformation of the electric sector in Puerto Rico— an objective no one disputes.

6. The Government Parties have well-founded concerns that certain of the Creditors may attempt to use delay of the Administrative Expense Motion as a tactic to cause termination of the T&D Contract. The Creditors understand that delaying the Administrative Expense Motion could put the T&D Contract at risk, and whether for negotiating leverage or to cause the actual termination of the deal, the Creditors should not be allowed to use delay tactics in this Court to threaten a transaction that is vital to PREPA and Puerto Rico.

---

[5] *Motion for Reconsideration* filed with PREB in the matter of *In Re: Certificate of Energy Compliance*, case no. NEPR-AP-2020-0002 available at https://energia.pr.gov/wp-content/uploads/2020/06/2020624-Mocion-de-Reconsideracion.pdf

4

7. Any delay is highly prejudicial to PREPA. It is critical to the significant work of transforming PREPA's transmission and distribution system that the Administrative Expense Motion proceed apace. LUMA Energy has already begun to incur, and will continue to incur, significant costs as its work begins in earnest. It is doing so in the expectation that any unpaid obligations will have the protection of administrative expense priority. LUMA Energy will have the right to terminate the T&D Contract if the Administrative Expense Motion is not approved on a timely basis.[6]

8. Consequently, the Government Parties cannot agree to any adjournment unless such adjournment is limited, provides that any discovery in this matter will be limited to the relevant standard applicable to the narrow relief sought, and provides that the Administrative Expense Motion will not be further adjourned over needless discovery disputes manufactured for the purpose of delay.

9. On July 8, 2020, the Creditors asked the Government Parties for a consensual adjournment of the hearing date for the Administrative Expense Motion.[7] The Oversight Board responded that it would consider adjourning the hearing to the September 2020 omnibus hearing, with a proposed revised briefing schedule, provided that any adjournment be conditioned on certain discovery limitations. Specifically, the Oversight Board proposed a schedule that would adjourn the hearing date to September 16, 2020, and included the following interim dates for discovery and briefing deadlines:

---

[6] Section 4.1(c)(ii) of the T&D Contract provides LUMA Energy may terminate the T&D Contract upon 30 days' prior written notice if such motion is not granted within 90 days after filing, subject to a 45-day extension by the P3 Authority, or such later date as LUMA Energy and the P3 Authority agree.

[7] As of the time of this filing, no other creditor or interested party has requested an adjournment of the deadlines currently applicable to the Administrative Expense Motion.

5

| July 14, 2020 at 4:00 p.m. AST | Deadline for any potential objectors to propound discovery requests |
|---|---|
| **July 31, 2020** | Deadline to complete discovery |
| **August 12, 2020** | Deadline for any objections to motion |
| **September 2, 2020** | Deadline for reply in further support of motion |
| **September 16-17, 2020** | Hearing on motion |

10. Further, the Oversight Board made clear this schedule would be contingent upon the Creditors' agreement to limit discovery related to the Administrative Expense Motion as follows: (i) any discovery sought would be limited to requests for production of documents; (ii) production of documents would not require searches of e-mail or other forms of communication; (iii) the subject matter of the discovery would be limited to the benefits the Government Parties expect LUMA Energy will achieve for the T&D System under the terms of the T&D Contract (*i.e.*, the applicable standard for the Administrative Expense Motion, *see id*. at ¶ 38); and (iv) the Creditors would not use this dispute to attempt general discovery into the broader Title III process, the Restructuring Support Agreement,[8] or the process pursuant to which the P3 Authority selected and approved LUMA Energy to operate PREPA's T&D System.

11. UTIER responded that it agreed to the proposed schedule, while the UCC and Fuel Line Lenders only agreed to the proposed new hearing date. However, none of the Creditors agreed to any discovery limitations—not even to focus discovery on the benefits of the Front-End Transition Services under the T&D Contract (*i.e.*, the applicable standard under section 503(b) of the Bankruptcy Code)—nor did the Creditors make any counter-proposal regarding the scope of discovery.

---

[8] The Restructuring Support Agreement ("RSA") is the agreement that is the subject of the "9019 Motion" which is currently stayed. *See* ECF No. 2006.

6

12. Because of the timing constraints for approval of the Administrative Expense Motion and the risk of further delay from protracted discovery, the Oversight Board informed the Creditors that it could not agree to an adjournment without reasonable discovery restraints to ensure any adjusted schedule would hold.

## ARGUMENT

### This Court Should Not Adjourn the Administrative Expense Motion Hearing Without Imposing Limitations Ensuring There Will Be No Further Adjournments

13. "In order to protect parties and witnesses, Courts are authorized to impose certain terms and conditions on a certain disclosure or discovery, specify what method should be used, or forbid it all together." *Gonzalez Berrios v. Mennonite Gen. Hosp., Inc.*, 2019 WL 4785701, at *2 (D.P.R. Sept. 30, 2019). Where, as here, a motion seeks limited relief, any discovery permitted should be appropriately limited because it is axiomatic that discovery must be proportional to the needs of the case considering its burden or expense. Fed. R. Civ. P. 26(b)(1) (made applicable to this proceeding by Fed. R. Bankr. P. 7026 and 9014).

14. The Creditors' unwillingness to agree to *any* limitations cabining the timing and scope of discovery is patently unreasonable. It cannot be disputed that discovery in response to a motion is required to be tailored to the relief requested in the motion. *See* Fed. R. Civ. P. 26(b)(1) (recognizing, among other limitations, that the scope of discovery is informed by "the importance of the discovery in resolving the issues").

15. The Creditors have already had weeks to consider the administrative expense claim contemplated by the T&D Contract and the benefits of the services to be provided by LUMA Energy—since at least June 23, 2020. It should not take them additional weeks determine whether to object and to consider and reconsider what, if any, documents they require to evaluate potential

7

objections to the Administrative Expense Motion. Requiring the Creditors, or any potential objectors, to propound any discovery requests by, at the latest, the original objection deadline is appropriate.[9]

16. It is also appropriate to carve out electronic communications from any discovery the Creditors may be entitled to receive given the limited relief being sought here. The time required to collect, search, and review electronic communications, no matter the number of attorneys the Government Parties (and any other targets of discovery) engage for that purpose, given the limited nature of the relief sought, only risks extended delay that would threaten the loss of the T&D Contract.

17. Nor is there any reason why the Creditors should need discovery into subjects that do not relate to the standard applicable to the motion—*i.e.*, whether the obligations PREPA will incur to LUMA Energy during the Front-End Transition phase will benefit PREPA. *See* Administrative Expense Motion ¶ 38. The Creditors' unwillingness to agree, at a minimum, to focus any discovery on the transaction at issue and the relevant legal standard, and to keep from wading into irrelevant subject matter such as to the Title III case generally, the RSA, and the bidding process, raise concerns that the Creditors will seek to use discovery as a delay tactic to sabotage the T&D Contract—the approval of which is not the subject of the Administrative Expense Motion.

18. Public statements and actions of certain Creditors establish that these are reasonable concerns.[10] The Administrative Expense Motion is not an appropriate forum to express

---

[9] In the accompanying Proposed Order, the Government Parties have shifted this date to Friday, July 17, recognizing that this Court likely will not enter a scheduling order sufficiently in advance of July 14 to make this date workable.

[10] *See* https://www.sanjuandailystar.com/post/prepa-workers-unions-vow-to-fight-luma-deal; https://www.sanjuandailystar.com/post/utier-files-complaint-to-overturn-prepa-luma-deal; http://unionsforenergydemocracy.org/utier-denounces-governors-announcement-of-the-privatization-of-the-public-power-utility-aee-or-prepa/. *See also supra* at n. 5.

dissatisfaction with PREPA's certified fiscal plan that mandates the transformation, or with Act No. 120-2018, pursuant to which the Government of Puerto Rico determined that it is in the best interests of the Commonwealth for a complete transformation of Puerto Rico's energy system.[11] Failure to cabin the scope of discovery right away will only serve to enable a planned opposition on all fronts.

19. Moreover, by failing to propose *any* deadlines other than a seven-week adjournment of the hearing date—which relief the Creditors expressly seek "without prejudice to a further adjournment if needed" (Urgent Motion, ¶ 7)—the Urgent Motion foreshadows that this adjournment is unlikely to be the only adjournment the Creditors will seek (or that they will attempt to force through overbroad discovery demands and unnecessary, yet inevitable, discovery motion practice and further delay). Remarkably, the Creditors seek to impose no interim dates except for the offer of participating in a status conference at the end of the month.

20. For these reasons, the Government Parties object to the relief sought and request that the Administrative Expense Motion proceed as noticed. In the alternative, they are amenable to a single adjournment of the hearing, provided that such adjournment is accompanied by an updated briefing and discovery schedule and adequate assurances that the attendant motion practice will not be derailed.

21. The Government Parties submit that, at a minimum, the schedule and limitations the Oversight Board proposed to the Creditors are appropriate and should be part of any adjournment.[12] Three years into this case, a simple Administrative Expense Motion should not

---

[11] As set forth in detail in Act 120-2018's "Statement of Motives," PREPA's transformation is necessary because "Electric power services in Puerto Rico are inefficient, unreliable, and provided at an unreasonable cost to residential, commercial, and industrial customers despite the existence of a vertically integrated monopolistic structure."

[12] Subject to the single change referenced *supra* at n. 9.

9

transform into a discovery trap leading to a litigation battlefield. Therefore, to avoid that scenario, the schedule proposed by the Oversight Board provides ample opportunity for the Creditors to perform reasonable discovery concerning the limited relief sought in the Administrative Expense Motion and to brief any opposition.

WHEREFORE, the Government Parties respectfully request that the Court deny the Urgent Motion. In the alternative, to the extent the Court agrees to adjourn the hearing related to the Administrative Expense Motion, the Government Parties request that the Court enter an order substantially in the form of the Proposed Order attached hereto as **Exhibit A**.

Dated: July 13, 2020
     San Juan, Puerto Rico

Respectfully submitted,

**PROSKAUER ROSE LLP**

/s/ *Paul V. Possinger*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Daniel S. Desatnik *(pro hac vice)*
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Co-Attorney for the Financial Oversight and Management Board as representative of the Debtor*

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Luis Marini*
Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**

*/s/ Katiuska Bolaños*
Katiuska Bolaños
USDC No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Tel.: (787) 395-7133
Fax: (787) 497-9664

*Counsel for Puerto Rico Electric Power Authority*

**O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi
Nancy A. Mitchell
Maria J. DiConza
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

-and-

Elizabeth L. McKeen
Ashley M. Pavel
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*

## **Exhibit A**

Proposed Order

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.1 | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY<br>("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Re: ECF No. [x]**<br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS.** |

**ORDER EXTENDING AND ESTABLISHING CERTAIN
DEADLINES APPLICABLE TO PREPA'S MOTION FOR ENTRY OF
AN ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIM
FOR COMPENSATION FOR FRONT-END TRANSITION SERVICES UNDER
THE PUERTO RICO TRANSMISSION AND DISTRIBUTION SYSTEM
OPERATION AND MAINTENANCE AGREEMENT WITH LUMA ENERGY**

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Emergency Motion of the Official Committee of Unsecured Creditors, the Fuel Line Lenders and UTIER to Adjourn Objection Deadline and Hearing Date for LUMA Energy Administrative Expense Motion* (Docket Entry No. 2056 in Case No. 17-4780, the "Urgent Motion") filed on July 10, 2020 by the Creditors;[2] and the Court having (i) found and determined that the Court has jurisdiction over this proceeding and the Urgent Motion; (ii) found and determined that venue of this proceeding and the Urgent Motion is proper (iii) reviewed and considered the Urgent Motion and the filings and arguments submitted in response thereto; and (iv) found good and sufficient cause exists to enter the modification to the schedule and to set limits on the scope of discovery related to the Administrative Expense Motion, it is HEREBY ORDERED THAT:

1. With respect to the Administrative Expense Motion, the following schedule shall apply to any person or entity (i) that seeks discovery, (ii) from whom discovery is sought (whether by notice or subpoena), (iii) that objects to the Administrative Expense Motion or to any discovery with respect thereto, or (iv) is a signatory to the Puerto Rico Transmission and Distribution System [the "T&D System"] Operation and Maintenance Agreement, dated June 22, 2020, entered into by and among PREPA, the P3 Authority, and LUMA Energy, as supplemented (the "T&D Contract"):

| | |
|---|---|
| **July 17, 2020 at 4:00 p.m. AST** | Deadline for any potential objectors to propound discovery requests |
| **July 31, 2020** | Deadline to complete discovery |
| **August 12, 2020** | Deadline for any objections to motion |
| **September 2, 2020** | Deadline for reply in further support of motion |
| **September 16-17, 2020** | Hearing on motion |

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Urgent Motion.

2. Discovery related to the Administrative Expense Motion shall be limited as follows: (i) any discovery propounded shall be limited to written requests and/or subpoenas for production of documents; (ii) parties responding to written requests and/or subpoenas for production of documents shall not be required to search e-mail or other forms of communication for responsive documents; (iii) the subject matter of the discovery shall be limited to the benefits the Government Parties expect LUMA Energy will achieve for the T&D System under the terms of the T&D Contract; and (iv) discovery concerning the broader Title III process, PREPA's Restructuring Support Agreement, or the process pursuant to which the P3 Authority selected and approved LUMA Energy to operate PREPA's T&D System shall not be permitted

3. The Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: July __, 2020

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE