# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee, <br><br> Defendants. | PROMESA <br> Title III <br><br> Adv. Proc. No. 20-00003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, <br><br> Defendants. | PROMESA <br> Title III <br><br> Adv. Proc. No. 20-00004-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS<br><br>(OTHER THAN COFINA AND PBA),<br><br>    Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00007-LTS |

**ORDER**

This matter is before the Court on the *Monolines' Urgent Motion to Clarify Requirements of the Sealed Procedures Order and the Amended Protective Order* (Dkt. No. 13513 in 17-BK-3283, Dkt. No. 849 in 17-BK-3567, Dkt. No. 69 in 20-AP-003, Dkt. No. 67 in 20-AP-004, Dkt. No. 80 in 20-AP-005, and Dkt. No. 53 in 20-AP-007) (the "Motion to Clarify"). The Court has also received and reviewed AAFAF's limited opposition thereto (Dkt. No. 13561 in 17-BK-3283, Dkt. No. 857 in 17-BK-3567, Dkt. No. 75 in 20-AP-003, Dkt. No. 73 in 20-AP-004, Dkt. No. 88 in 20-AP-005, and Dkt. No. 55 in 20-AP-007) (the "AAFAF Response"). Through the Motion to Clarify, the Monolines[2] make two requests: First, the Monolines seek an order clarifying the Sealed Procedures Order to provide that leave from the Court is not required to submit documents with redactions, if the parties do not seek to make a corresponding sealed filing and the redacted version will constitute the official filing with the Court. AAFAF consents to this request. Second, the Monolines seek an order that "information that is publicly available – including ink signatures of Commonwealth employees on publicly available documents – cannot be designated as Confidential Material under the [*Stipulation and Amended Protective Order* (Dkt No. 13461 in 17-BK-3283) (the "Amended Protective Order")]" and therefore shall not be redacted from future filings with the Court of discovery material subject to the Amended Protective Order. Motion to Clarify ¶ 3. AAFAF opposes this request.

For the reasons detailed herein, the Motion to Clarify is ALLOWED IN PART AND DENIED IN PART in accordance with this Order. The Court will not re-visit its earlier ruling, to which the

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Clarify.

Monolines did not object, permitting redaction of ink signatures of Commonwealth employees on financial documents in these revenue bond proceedings. However, the redaction of ink signatures shall not require prior Court approval, or the filing of redacted copies, if the parties do not seek to make a corresponding sealed filing and the redacted version will constitute the official filing with the Court.

### I.     CLARIFICATION OF THE STANDING ORDER ON SEALING

The Motion to Clarify is ALLOWED to the extent that leave from the Court is not needed for the parties to submit documents with redactions when the party making the filing does not seek to make a corresponding sealed filing of the document, and the redacted document is intended to constitute the official record of the Court.[3] The filing party must make a notation on the filing that the redacted filing is the official record of the Court and that the redacted information has not been submitted for the Court's consideration. The Court will issue an amended Sealed Procedures Order clarifying this provision.

### II.     REDACTION OF INK SIGNATURES

The Monolines further request that the Court enter an order excluding information that is publicly available, including ink signatures of Commonwealth employees, from the Confidential Material designation under the Amended Protective Order, and prohibiting the parties from filing such material under seal in the future. The parties' arguments focus on AAFAF's earlier request in the context of the Stay Relief briefing to redact the ink signatures of Commonwealth employees on court filings. The Monolines did not oppose that request at the time, and it was

---

[3] To the extent that ink signatures of Commonwealth employees fall within this category of documents, leave of Court is not needed to redact such signatures.

allowed by the Court.  See Motion to Clarify ¶¶ 4-5.  The Monolines now seek to prevent AAFAF from making a similar request in the future, in particular in the context of the summary judgment briefing in the above-captioned revenue bond adversary proceedings.  They argue that ink signatures of Commonwealth employees are already publicly available, either through an internet search or public records request, and the disclosure of such signatures would not create an undue risk of identity theft and is "not otherwise detrimental to AAFAF's official functions."  See id. at ¶¶ 11-13.  Indeed, they argue, Commonwealth law makes such signatures public.  See id. ¶¶ 15, 16.  Moreover, the Monolines argue that redaction of ink signatures is unduly burdensome to the Monolines.  See id. ¶ 8.  Accordingly, they seek an order that such signatures are not Confidential Material and cannot be filed under seal going forward.[4]  See id. ¶ 19.  AAFAF, in response, contends that it is "the widespread dissemination of account opening documents and other financial documents together with the form of the wet-ink signature of authorized signers [that] posed a risk of fraud or identity theft," not simply the "form of an employee's wet-ink signature."  AAFAF Response ¶ 3.

The Amended Protective Order provides that Confidential Material includes "any material" that a party "considers in good faith to contain . . . personal information (not to include names) of a proprietary nature that is not known to, or has not generally been made available

---

[4] Although the Monolines state that the Motion to Clarify "seeks a ruling on AAFAF's position that ink signatures generally must be filed under seal," they also state that "AAFAF should be directed to withdraw its blanket designation of all ink signatures as confidential." Motion to Clarify n.4, ¶ 19.  The Court assumes the Monolines are not asking the Court to reconsider its prior Order (Dkt. No. 13351 in 17-BK-3283) that permitted sealing of ink signatures in the Stay Relief briefing.  Rather, the Court interprets the Motion to Clarify as seeking an order prohibiting such treatment in future filings.

- 3 -

to, the public *or other information the disclosure of which, in the good-faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.*" Amended Protective Order ¶ 2 (emphasis added). The Court declines the Monolines' request that it enter a blanket order that information that is publicly available can never qualify as Confidential Material pursuant to the Amended Protective Order. Indeed, the plain terms of the Amended Protective Order contemplate that information can be designated as confidential even if it is generally available, provided that a party makes a good faith determination that the disclosure of such information "would be detrimental to the conduct of the Producing Party's business or official functions." Id. There is no reason to change the definition in the Amended Protective Order.

Moreover, the Monolines have not established that seeking leave to redact ink signatures of Commonwealth employees or redacting such signatures from documents to be filed in redacted-only form is burdensome. To the extent that the Monolines are seeking to redact other information in a document, the addition of the ink signature is not burdensome. In other cases, as the Monolines admit, "ink signatures also might not be material to the purposes for which a document is cited" in which case the redaction may qualify as being immaterial, and no leave of Court would be required under the modified procedure approved above. See Motion to Clarify n.4. Additionally, any public interest in the unredacted signatures is countered by the fact that AAFAF has not sought to redact the identity of any Commonwealth employee involved in the transactions at issue; AAFAF seeks only to redact the ink signatures of those employees. The Monolines have offered no reason why the public might have an interest in the ink signature separate from its interest in the identity of the employee. See AAFAF Response ¶ 17.

- 4 -

Finally, this Court has previously held that the ink signatures of Commonwealth employees on financial documents filed in the context of the revenue bond proceedings may be redacted. See Dkt. No. 13351 in 17-BK-3283. The Monolines did not raise any objections to AAFAF's request to redact the signatures at that time, and their arguments for revisiting that issue under essentially identical circumstances here are unpersuasive. The Monolines' explanation for their earlier silence is that they believed at the time of AAFAF's initial request that the burden was on the party making a confidentiality designation to justify sealing requests, and it was not until the Court issued the Sealed Procedures Order that they understood that the burden was on the filing party to request leave to file documents under seal. This argument is not persuasive. It has always been the obligation of the filing party to request leave to make the filing under seal. The request to do so has always been based on the designation of the material as confidential by any party. The burden has always been on the party who designated the material as confidential to justify continued sealed treatment by filing a supplemental brief.[5] This has been the practice followed consistently by the parties in these Title III cases. The adoption of the Sealed Procedures Order did not change the procedure for sealing that would

---

[5] The Court takes note of the Monolines' argument that, at the time AAFAF made its earlier request to redact the ink signatures of Commonwealth employees on financial documents, "AAFAF did not disclose to the Court (or the Monolines) that the signatures it was seeking to redact were already available publicly – including, in at least some cases, on Commonwealth websites." Motion to Clarify ¶¶ 9-10. In this instance, the Court finds that this fact, which should have been readily known by the Monolines if the information was truly easily available, does not alter its analysis, given that it is the combination of the ink signature of authorized signers with financial account documents that justified the requested redactions. Should any party seek to require redaction or filing under seal of ink signatures of Commonwealth employees under circumstances different than those discussed here, the Court will evaluate a motion at the appropriate time.

excuse the Monolines' failure to object to having the signatures redacted earlier. In any event, regardless whether the objection should have been raised earlier, it is appropriate for AAFAF to require the redaction of the signatures if in its "good faith judgment" it believes their production would be "detrimental to the conduct of the Producing Party's business or official functions." Amended Protective Order ¶ 2.

Accordingly, the Motion to Clarify is denied to the extent it seeks an order that information that is publicly available, including the ink signatures of Commonwealth employees on publicly available documents can never be designated as confidential under the Amended Protective Order.

### III. CONCLUSION

For the reasons detailed herein, the Motion to Clarify is ALLOWED IN PART and DENIED IN PART in accordance with this Order. The Sealed Procedures Order is clarified to provide that leave of Court is not needed to submit documents with redactions (including redactions of ink signatures) if the filing party does not seek to make a corresponding sealed filing and the redacted version will constitute the official filing with the Court. In such cases, the filing party must make a notation on the filing that the redacted filing will constitute the official filing with the Court and that the redacted information has not been submitted for the Court's consideration. The Motion to Clarify is denied in all other respects.

This Order resolves Dkt. No. 13513 in 17-BK-3283, Dkt. No. 849 in 17-BK-3567, Dkt. No. 69 in 20-AP-003, Dkt. No. 67 in 20-AP-004, Dkt. No. 80 in 20-AP-005, and Dkt. No. 53 in 20-AP-007.

    SO ORDERED.

                                                  / s / Judith Gail Dein
                                                  Judith Gail Dein
                                                  United States Magistrate Judge

DATED: July 14, 2020