*Hearing Date: TBD*
*Objection Deadline: TBD*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1]<br>_____ | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor.<br>_____ | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Debtor.<br>_____ | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Hearing Date: TBD*
*Objection Deadline: TBD*

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17 BK 4780-LTS |
| as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

**THIRD OMNIBUS MOTION TO EXTEND DEADLINES IN ORDER GRANTING
OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF
THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE MANAGEMENT
PROCEDURES AND (II) ESTABLISH PROCEDURES FOR APPROVAL OF
<u>SETTLEMENTS</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 2

JURISDICTION, VENUE, AND STATUTORY BASES ................................................. 4

FACTUAL BACKGROUND ................................................................................................ 4

I.      THE PROCEDURES ORDER ................................................................. 4

II.     THE EXTENSION ORDER ....................................................................... 5

III.    THE SECOND EXTENSION ORDER ................................................... 6

IV.     THE CURRENT SITUATION ................................................................. 6

RELIEF REQUESTED ........................................................................................................... 8

ARGUMENT .......................................................................................................................... 8

V.      THE MOVANTS HAVE DEMONSTRATED GOOD CAUSE TO
        EXTEND THE PROCEDURES ORDER LITIGATION DEADLINES. .............. 8

REQUEST FOR HEARING ............................................................................................... 10

NOTICE ................................................................................................................................. 11

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC," and hereinafter, the SCC may be more broadly referred to as the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee," and together with the Oversight Board, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[2] and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by section 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting that this Court extend certain deadlines established in the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements,* ECF No. 7941 in Case No. 17-3283 (the "Procedures Order"), later extended in the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 9476 in Case No. 17-3283 (the "Extension Order"), and further extended in the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial*

---

[2] 11 U.S.C. §§ 101 *et seq.*, as incorporated into these proceedings by PROMESA, defined above.

*Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of*
*The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I)*
*Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval*
*Of Settlements*, ECF No. 12528 in Case No. 17-3283 (the "<u>Second Extension Order</u>") and
requesting entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Third</u>
<u>Extension Order</u>").  Movants have filed this Motion in an omnibus fashion to avoid the burden
and redundancy associated with preparing and filing nearly identical motions in numerous
adversary proceedings.  In support of this Motion, Movants respectfully state as follows:

## <u>PRELIMINARY STATEMENT</u>[3]

1.      To date, the Movants have worked diligently within the Extended Litigation
Deadlines (defined below) to resolve approximately one hundred eight (108) Vendor Avoidance
Actions (defined below) under the Procedures Order, which allows for the informal resolution of
these proceedings without the need for formal litigation and without taxing the Court's resources.
In addition to the 108 actions that have been resolved, the Movants expect approximately
twenty-two (22) actions to be resolved within days of the filing of this Motion (the "<u>Resolution</u>
<u>Pending Defendants</u>").    Moreover, the Movants are currently negotiating resolutions with
another ninety-five (95) defendants through the Information Exchange.

2.      Conditions on the island have seriously complicated the Information Exchange.
On January 7th, 2020, a magnitude 6.4 earthquake hit Puerto Rico, causing extensive damage
and destruction.  Furthermore, the COVID-19 pandemic has forced numerous vendors and their
counsels to shelter in their homes.[4]    Subsequently, the informal resolution of these claims

---

[3] Capitalized terms used herein shall have the meaning ascribed to them in the Procedures Order, in the Extension Order, and in
this Motion.

[4] On March 15, 2020, the Governor of Puerto Rico issued Executive Order 2020-023 effectively mandating an island-wide
lockdown including the closure of non-essential businesses. While government-imposed restrictions have subsequently been

contemplated by the Procedures Order has been slowed and made more difficult.  The defendants have been willing to engage with the Movants, but these challenges have made a time-consuming process more so.  Despite these challenges, the Movants have made significant progress to this point and wish to continue the momentum of the Information Exchange (defined below) rather than require defendants to file responsive pleadings to the complaints.  The commencement of formal litigation in August 2020 in light of the significant number of defendants with whom the Movants are currently engaged in communications and negotiations may be a premature, and perhaps an unnecessary use of the parties' and the Court's resources where defendants would otherwise broadly prefer to resolve the Vendor Avoidance Actions informally.

3.      For these reasons, the Movants request that this Court grant another extension (as detailed below) of the current Second Extended Litigation Deadlines with respect to those defendants constructively engaged in the Information Exchange (the "Remaining Engaged Defendants" and as listed in the Supplemental Appendix).  Such an extension will not prejudice the Remaining Engaged Defendants because the Procedures Order will otherwise remain in full force and effect—meaning that the defendants are free to respond to the complaint and commence formal litigation at *any* time notwithstanding the extended deadlines.

4.      For clarity, the Movants are not seeking an extension of the current Second Extended Litigation Deadlines with respect to those defendants who are not constructively engaged in the Information Exchange (the "Non-Engaged Defendants").  The Movants have sought entry of default for twenty-three (23) of the Non-Engaged Defendants.

---

loosened, some restrictions are still in place for private businesses and public offices. Moreover, it is expected that new restrictions be imposed in the coming days due to the recent spike in Covid-19 cases experienced in the island, as anticipated by the Governor and the Special Covid-19 Task Force.

## JURISDICTION, VENUE, AND STATUTORY BASES

5.      This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

6.      Venue is proper pursuant to section 307(a) of PROMESA.

7.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9006 and 9019.

## FACTUAL BACKGROUND

### I.      The Procedures Order

8.      The Movants incorporate by reference the "Factual Background" section of the *Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements* ECF No. 7325, Case No. 17-3283 (the "Procedures Motion").

9.      This Court granted the Procedures Motion. *See* Procedures Order.

10.     The Procedures Order established the following deadlines (together, the "Procedures Order Litigation Deadlines") which are meant to facilitate the informal, extrajudicial resolution of the approximately 250 avoidance actions filed on behalf of the various Title III Debtors against vendors and suppliers to the Commonwealth of Puerto Rico (the "Vendor Avoidance Actions"):

    i.      **January 13, 2020**: deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "Response Due Date");

    ii.     **March 9, 2020**: deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "Motion to Dismiss Response Date"); and

4

      *iii.*   **April 13, 2020**: deadline for defendant to file a reply to motion to dismiss (the "<u>Reply Deadline</u>").

11.      Concurrent with entry of the Procedures Order, the Movants began to work diligently with the defendants (and parties that signed tolling agreements) to attempt to settle or dismiss the Vendor Avoidance Actions before the Response Due Date through informal exchanges of information. In these exchanges, the Movants provide defendants information concerning their assessment of potential liability, and defendants have the opportunity to submit contracts, purchase orders, invoices and other similar documents to substantiate the payments at issue in the Vendor Avoidance Action (the "<u>Information Exchange</u>").

12.      Many defendants were willing to engage with the Movants in discussion under the Procedures Order Litigation Deadlines. In the months following the Procedures Order, it became evident that the Procedures Order Litigation Deadlines would not provide enough time to accomplish the goal of an informal resolution with many of the defendants. As a result, the Movants filed a motion seeking to extend the Procedures Order Litigation Deadlines (the "<u>Extension Motion</u>") as to those defendants engaged in the Information Exchange.

**II.**    **<u>The Extension Order</u>**

13.      This Court granted the Extension Motion. *See* Extension Order.

14.      The Extension Order extended the Procedures Order Litigation Deadlines and established the following deadlines (together, the "<u>Extended Litigation Deadlines</u>"):

      *i.*   **April 13, 2020** deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "<u>Extended Response Due Date</u>");

      *ii.*   **May 13, 2020** deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "<u>Extended Motion to Dismiss Response Date</u>"); and

      *iii.*   **June 13, 2020** deadline for a defendant to file a reply to motion to dismiss (the "<u>Extended Reply Deadline</u>").

15.     Following the Extension Order, the Movants have engaged in a series of efforts to increase participation in the Information Exchange and to maximize the amount of Vendor Avoidance Actions that can be resolved through this process. These efforts have been largely successful. However, the Movants progress slowed due to the devastation caused by the earthquake in Puerto Rico. On March 16, 2020, the Movants filed a motion requesting a further extension of the Extended Litigation Deadlines (the "Second Extension Motion").

### III.    The Second Extension Order

16.     This Court granted the Second Extension Motion. *See* Second Extension Order.

17.     The Second Extension Order extended the Procedures Order Litigation Deadlines and established the following deadlines (together, the "Second Extended Litigation Deadlines"):

      *i.*    **August 13, 2020** deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "Second Extended Response Due Date");

      *ii.*    **October 13, 2020** deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "Second Extended Motion to Dismiss Response Date"); and

      *iii.*    **November 13, 2020** deadline for a defendant to file a reply to motion to dismiss (the "Second Extended Reply Deadline").

18.     Following the Second Extension Order, the Movants have remained diligent in their efforts to continue the Information Exchange process and to maximize the number of Vendor Avoidance Actions that can be resolved through this process. However, these efforts have been further complicated by the COVID-19 pandemic.

### IV.    The Current Situation

19.     Since entry of the Procedures Order, the Movants have been in contact with approximately two hundred twenty-five (225) defendants. To date, approximately one hundred eight (108) of these defendants have resolved their lawsuits. The Movants expect approximately

twenty-two (22), the Resolution Pending Defendants, to be resolved within days of the filing of this Motion.  Moreover, approximately eighty-three (83) defendants have submitted information that is currently under review.  The Movants have communicated with another twelve (12) defendants who have not yet begun the Information Exchange.

20.     The recent earthquakes in Puerto Rico has created significant challenges to the Information Exchange process.  These difficulties were compounded by the impact that the COVID-19 virus has had on Puerto Rico and the United States.  The Movants have had difficulty continuing communications with defendants.  Meanwhile, defendants have reported inabilities to return to their offices or otherwise facilitate the exchange of information with the Movants. Despite these challenges, the Movants' professionals have seen and continue to expect continued efforts by defendants to maintain the requisite lines of communication with the Movants and facilitate the exchange of relevant information.  However, the Movants' professionals anticipate that they will be unable to collect, review, analyze, and negotiate resolutions of claims against all defendants presently participating in the Information Exchange by the Second Extended Response Due Date.

21.     Accordingly, the Movants respectfully assert that the current Second Extended Litigation Deadlines will disrupt the flow of the Information Exchange and require premature formal litigation unless modestly extended as set forth below.

22.     Including the Resolution Pending Defendants, there exists approximately one hundred seventeen (117) defendants, the Remining Engaged Defendants, for whom the Movants believe there is a reasonable likelihood of a successful informal resolution.  Movants seek to extend the Second Extended Litigation Deadlines for these defendants.

23.     The Movants with this Motion seek to extend the Second Extended Litigation
Deadlines for the Remaining Engaged Defendants to allow sufficient time to complete the
Information Exchange.

**RELIEF REQUESTED**

24.     The Movants respectfully request that this Court amend the Procedures Order to
(i) extend the Response Due Date to December 16, 2020; (ii) extend the Motion to Dismiss
Response Date to February 16, 2021; and (iii) extend the Reply Deadline to March 16, 2021
(together, the "Third Extended Litigation Deadlines") with respect to the Remaining Engaged
Defendants.

**ARGUMENT**

**V.     The Movants Have Demonstrated Good Cause to Extend the Procedures Order
Litigation Deadlines.**

*i.     Diligence Governs the Good Cause Inquiry.*

25.     The Movants incorporate by reference the entirety of the legal arguments in the
"Basis for Relief Requested" section of the Procedures Motion as if fully set forth herein.

26.     As additional support for the relief requested herein, the Movants respectfully
submit that they have shown good cause for an extension of the Second Extended Litigation
Deadlines because they have been diligent in resolving and/or settling the Vendor Avoidance
Actions

27.     "Once a Case Management Order has been issued and the Court has set a
schedule for the proceeding, the 'schedule shall not be modified except upon a showing of good
cause.'" *Citadel Broad. Co. v. Peak Broad., LLC*, CV-07-203-S-LMB, 2008 WL 11463664, at
*2 (D. Idaho Jan. 24, 2008) (citing Fed. R. Civ. P. 16(b) and holding that good cause shown to
extend deadlines where parties had worked diligently to proceed with discovery and potential

8

settlement); *see also Bernardi Ortiz v. Cybex Int'l, Inc.*, CV 15-2989 (PAD), 2018 WL 2448130, at *10 (D.P.R. May 30, 2018) (holding that case management order schedule modifications require leave of court predicated on a showing of good cause and holding that extension of discovery deadline warranted where record did not show lack of diligence by moving party in pursuing discovery); *Gonzalez Melendez v. KMart Corp.*, CIV. 04-1067(DRD), 2005 WL 1847008, at *3 (D.P.R. July 29, 2005) (adopting good cause standard to determine if extension of deadlines in case management order warranted and declining to extend deadlines where moving party merely asserted that it had "too much work [and] electronic difficulties.").

28.    In turn, the primary consideration of the good cause standard is the "diligence of the party seeking the amendment." *Citadel*, 2008 WL 11463664, at *2 (citing *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  A modification of the case management schedule is warranted where the parties cannot reasonably meet the deadlines despite the diligence of the party seeking the extension. *Id.* (internal citations omitted); *see also Intermountain Fair Hous. Council, Inc. v. Tassano*, 114CV00338EJLCWD, 2015 WL 5095319, at *2 (D. Idaho Aug. 28, 2015) (noting "good cause" means scheduling deadlines cannot be met despite a party's diligence (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990)).

       ii.    *The Movants Have Been Diligent in Their Efforts to Resolve and/or Settle the Vendor Avoidance Actions Prior to the Extended Response Due Date.*

29.    In accordance with spirit and purpose of the Procedures Order to maximize the potential for out-of-court resolution of the Vendor Avoidance Actions and to minimize the burden on the parties' and this Court's resources, the Movants have, since entry of the Procedures Order, worked diligently to resolve and/or settle as many Vendor Avoidance Actions and tolling agreements as possible.  As noted above, one hundred eight (108) of approximately

250 lawsuits have been resolved consensually.  Additionally, there are approximately twenty-two (22) defendants, the Resolution Pending Defendants, who have lawsuits that the Movants expect will be resolved within days following the filing of this Motion.  Furthermore, there are approximately eighty-three (83) more lawsuits that have not yet been resolved but that are subject to negotiation in the interest of avoiding formal litigation.

30.     To remain consistent with the spirit of the Procedures Order and Puerto Rican business community's desire to resolve the Vendor Avoidance Actions in the most economical way possible, the Movants respectfully request that the Court grant a further extension to the Second Extended Litigation Deadlines to permit the Movants to collect, review, and resolve certain Vendor Avoidance Actions.  The Movants' professionals will not be able to do so by August 13, 2020.

31.     No defendants will be prejudiced by these extensions because (i) under the Procedures Order, notwithstanding extended deadlines, the defendants are free to respond to the complaints at *any* time prior to expiration of the Third Extended Litigation Deadlines; and (ii) the Third Extended Litigation Deadlines will also confer a benefit to the defendants of postponing imminent deadlines.

32.     Therefore, the Movants respectfully submit that they have met the good cause standard warranting this Court's implementation of the Third Extended Litigation Deadlines.

### REQUEST FOR HEARING

33.     Pursuant to Federal Rules of Bankruptcy Procedure 9006(d) and 2002(a)(3), the Oversight Board and the Committee hereby request that a hearing on this Motion be scheduled

for such date as the Court deems appropriate to consider any objections, joinders, replies or comments by this Court to this Motion.[5]

## **NOTICE**

34.    The Oversight Board has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight Board; (vii) counsel for the Creditors' Committee; (viii) counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in the Supplemental Appendix through their counsel, if known, through their resident agent, or a representative.

WHEREFORE, Movants respectfully request that this Court enter an order substantially in form attached hereto as Exhibit A granting the relief requested herein and granting Movants such other relief as this Court deems just and proper.

---

[5] Given that the Second Extended Response Due Date is August 13, 2020, the Movants respectfully request that the date that the Court chooses is sufficiently before August 13, 2020.

Dated:  <u>July 16, 2020</u>.

Respectfully submitted,

/s/ Edward S. Weisfelner
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the*
*Financial Oversight and Management Board, acting by*
*and through its members*

/s/ Luc A. Despins
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. (*Pro Hac Vice*)
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured*
*Creditors for all Title III Debtors (other than*
*COFINA) in Certain of the Avoidance Actions*

/s/ John Arrastia
**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official*
*Committee of Unsecured Creditors*

*/s/ Kenneth C. Suria*
**ESTRELLA, LLC**
Kenneth C. Suria (USDC-PR 213302)
Alberto Estrella (USDC-PR 209804)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR
306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured
Creditors (other than COFINA and PBA)*

**<u>Exhibit A</u>**

**Proposed Third Extension Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

---

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY, | |
| Debtor. | |

---

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

<table>
<tr><td>

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

     as representative of

THE PUERTO RICO ELECTRIC POWER AUTHORITY,

     Debtor.

</td><td>

PROMESA
Title III

Case No. 17 BK 4780-LTS

</td></tr>
</table>

### ORDER GRANTING OMINIBUS MOTION TO EXTEND DEADLINES IN ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR <u>APPROVAL OF SETTLEMENTS</u>

Upon the motion dated July 16, 2020 (the "Motion") of the Oversight Board,[1] acting by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any opposition thereto [and having heard the statements of counsel at the hearing held before the Court (the "Hearing")]; and the Court having determined that the legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in Motion unless otherwise noted.

relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Motion is granted, and it is further

**ORDERED** that the Procedures Order Litigation Deadlines Established in the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 7941 in Case No. 17-3283 (the "Procedures Order"), the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 9476 in Case No. 17-3283 (the "Extension Order"), and further extended in the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 12528 in Case No. 17-3283 (the "Second Extension Order") shall be extended for the defendants listed in the Supplemental Appendix to following dates:

    *i.*    **Response Due Date**: December 16, 2020;

    *ii.*    **Motion to Dismiss Response Date**: February 16, 2021;

    *iii.*    **Reply Deadline**: March 16, 2021; and it is further

**ORDERED** that, except as modified by this Order, the Procedures Order shall otherwise remain in full force and effect; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

Dated: _____, 2020.

_____
Honorable Judith G. Dein
United States Magistrate Judge

## SUPPLEMENTAL APPENDIX

| Defendant | Adversary Proceeding No. |
|---|---|
| A NEW VISION IN EDUCATIONAL SERV & MATE | 19-00061 |
| ACR Systems | 19-00057 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00058 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00347 |
| Ambassador Veterans Services of Puerto Rico L.L.C. | 19-00048 |
| Apex General Contractors LLC | 19-00062 |
| Armada Productions Corp. | 19-00076 |
| Atkins Caribe, LLP | 19-00349 |
| Badillo Saatchi & Saatchi, Inc. | 19-00083 |
| Bianca Convention Center, Inc. | 19-00072 |
| Bio-Medical Applications of Puerto Rico, Inc. | 19-00271 |
| Bio-Nuclear of Puerto Rico, Inc. | 19-00091 |
| Bristol-Myers Squibb Puerto Rico, Inc. | 19-00042 |
| Caribbean Temporary Services, Inc. | 19-00104 |
| Caribe Grolier, Inc. | 19-00051 |
| Carnegie Learning, Inc. | 19-00108 |
| CCHPR Hospitality, Inc | 19-00116 |
| Centro de Desarrollo Academico, Inc. | 19-00053 |
| Chelo's Auto Parts | 19-00144 |
| Citibank, N.A. | 19-00265 |
| Clinica de Terapias Pediatricas, Inc. | 19-00054 |
| Community Cornerstones, Inc. | 19-00043 |
| Computer Learning Centers, Inc. | 19-00055 |
| Computer Network Systems Corp. | 19-00150 |
| Core Laboratories N.V. d/b/a Saybolt | 19-00381 |
| Creative Educational & Psychological Services, Inc. | 19-00152 |
| CSA Architects & Engineers, LLP | 19-00153 |
| Datas Access Communication Inc | 19-00156 |
| Desarrollo Comunicologico de Arecibo Inc. | 19-00158 |
| Didacticos, Inc. | 19-00161 |
| Distribuidora Blanco, Inc. | 19-00163 |
| Distribuidora Lebron Inc. | 19-00167 |
| E. Cardona & Asociados, Inc. | 19-00056 |
| Eastern America Insurance Agency, Inc. | 19-00279 |
| Editorial Panamericana, Inc. | 19-00174 |
| Educational Consultants, P.S.C. | 19-00177 |
| Elias E Hijos, Inc. | 19-00126 |
| Empresas Arr Inc. | 19-00084 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Enterprise Services Caribe, LLC | 19-00060 |
| Estudio Tecnicos, Inc. | 19-00264 |
| Evertec, Inc. | 19-00044 |
| Excelerate Energy Puerto Rico, LLC | 19-00382 |
| Explora Centro Academico Y Terapeutico LLC | 19-00143 |
| Facsimile Paper Connection Corp. | 19-00092 |
| Fast Enterprises LLC | 19-00266 |
| FIRST HOSPITAL PANAMERICANO | 19-00093 |
| FP + 1, LLC | 19-00148 |
| Gam Realty, LLC | 19-00159 |
| GF Solutions, Inc. | 19-00063 |
| Gila LLC | 19-00354 |
| Girard Manufacturing, Inc. | 19-00103 |
| GM Security Technologies, Inc. | 19-00273 |
| Grainger Caribe, Inc. | 19-00270 |
| Great Educational Services Corporation | 19-00277 |
| GUIMERFE INC | 19-00182 |
| Hewlett Packard Puerto Rico, BV LLC | 19-00183 |
| Hospira Puerto Rico, LLC | 19-00186 |
| Institucion Educativa Nets, LLC | 19-00067 |
| International Business Machines Corporation | 19-00198 |
| International Surveillance Services Corporation | 19-00202 |
| Intervoice Communication of Puerto Rico Inc. | 19-00068 |
| JLM Transporte, Inc. | 19-00221 |
| Jose Santiago, Inc. | 19-00075 |
| Junior Bus Line, Inc. | 19-00229 |
| Kid's Therapy Services, Inc. | 19-00120 |
| Law Offices Wolf Popper P.S.C. | 19-00236 |
| Macam S.E. | 19-00255 |
| Management, Consultants & Computer Services, Incorporated | 19-00081 |
| Manpower | 19-00088 |
| Merck Sharp & Dohme (I.A.) LLC | 19-00276 |
| Michica International Co., Inc. | 19-00238 |
| Microsoft Corporation | 19-00290 |
| MMM Healthcare, Inc. | 19-00095 |
| Multi Clean Services Inc. | 19-00244 |
| N. Harris Computer Corporation | 19-00102 |
| National Copier & Office Supplies, Inc. | 19-00251 |
| Nelson D. Rosario Garcia | 19-00125 |
| Netwave Equipment Corp. | 19-00253 |

| Defendant | Adversary Proceeding No. |
|---|---|
| NTT Data Eas, Inc. | 19-00256 |
| Olimac Manufacturing Corporation | 19-00383 |
| Oracle Caribbean, Inc. | 19-00112 |
| Pearson Education, Inc. | 19-00245 |
| Pearson Pem P.R., Inc. | 19-00117 |
| Populicom, Inc. | 19-00180 |
| Professional Consulting Psychoeducational Services, LLC | 19-00188 |
| Promotions & Direct, Inc. | 19-00192 |
| Prospero Tire Export, Inc. | 19-00196 |
| Puerto Rico Supplies Group Inc. | 19-00199 |
| Puerto Rico Telephone Company, Inc. | 19-00127 |
| Quest Diagnostics of Puerto Rico, Inc. | 19-00440 |
| Ramon E. Morales dba Morales Distributors | 19-00141 |
| Ready & Responsible Security, Inc. | 19-00387 |
| Reyes Contractor Group, Inc. | 19-00220 |
| Ricoh Puerto Rico, Inc. | 19-00128 |
| ROCK SOLID TECHNOLOGIES INC | 19-00230 |
| Rocket Learning, LLC | 19-00232 |
| Rocket Teacher Training, LLC | 19-00235 |
| Rodriguez-Parissi & Co., C.S.P. | 19-00155 |
| Rosso Group, Inc. | 19-00239 |
| S.H.V.P. Motor Corp. | 19-00134 |
| Seguros Colon Colon, Inc. | 19-00130 |
| Sesco Technology Solutions, LLC | 19-00162 |
| St. James Security Services, LLC | 19-00145 |
| Sucn Oscar Rodriguez Crespo | 19-00165 |
| Suzuki del Caribe, Inc. | 19-00219 |
| T R C Companies | 19-00168 |
| Taller de Desarrollo Infantil y Prescolar Chiquirimundi Inc. | 19-00049 |
| The Boston Consulting Group, Inc. | 19-00228 |
| Total Petroleom PR Corp | 19-00114 |
| Transcore Atlantic, Inc. | 19-00348 |
| Transporte Sonnel Inc | 19-00149 |
| Truenorth Corp. | 19-00160 |
| Valmont Industries, Inc. | 19-00385 |
| VIIV Healthcare Puerto Rico, LLC | 19-00164 |
| WEG Electric Corp. | 19-00386 |
| XEROX CORPORATION | 19-00218 |