# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-3567-LTS |
| ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION,<br><br>    Movants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND | **Re: Case No. 17-BK-3283-LTS, ECF No. 13606.** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

    Respondent.

**RESPONSE OF THE GOVERNMENT PARTIES TO THE URGENT
MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION,
ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP.,
AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE
COMPANY TO ADJOURN DEADLINES FOR CERTAIN CONFLICT MOTIONS**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA"), each in its capacity as a Title III debtor (the Commonwealth, ERS, HTA, and PBA together the "Title III Debtors"), and each by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of Title III Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," together with the Oversight Board, the "Government Parties") as fiscal agent, financial advisor, and reporting agent of all entities of the Government of Puerto Rico and the government entity responsible for collaboration, communication, and cooperation with the Oversight Board pursuant to Puerto Rico Act 2-2017, respectfully submit this response (the "Response") to the *Urgent Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company to Adjourn Deadlines for Certain Conflict Motions* [ECF No. 13606] (the "Urgent Motion") filed by National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance

2

Corporation, and Financial Guaranty Insurance Company (collectively, the "Movants"). The Government Parties respectfully state as follows:

**RESPONSE**

1. Pursuant to the Urgent Motion, Movants seek to indefinitely adjourn the deadlines to file certain motions alleging the Oversight Board is conflicted regarding plan voting issues, plan objections relating to HTA's purported clawback claims against the Commonwealth, or the resolution of such claims (collectively, the "Conflict Motions"), based on the Oversight Board's statutorily-mandated representation of both the Commonwealth and HTA in the Title III cases. *See* Urgent Motion, Ex. A. As the Court knows, the Government Parties and Movants have starkly different views as to whether the components of the territory, such as the Commonwealth and HTA, are warring factions legally obligated to duel one another, or integral portions of a single government (like the relationship between the heart and brain) intended to foster the greater good for the people. Likewise, Movants and the Oversight Board draw different inferences from section 315 of PROMESA rendering the Oversight Board as the Title III representative of each debtor with the exclusive right to propose a plan of adjustment for each debtor. Additionally, it appears Movants contest AAFAF's ability to serve its statutorily-mandated function for the Commonwealth and each of its instrumentalities with respect to Puerto Rico's restructurings, pursuant to Puerto Rico's Act 2-2017.

2. The Government Parties submit the determination of Movants' Conflict Motions on the schedule recommended by the mediators and incorporated into the Court's scheduling order creates beneficial efficiencies for the litigants, the people of Puerto Rico, and the Court, to the extent such determination can be made without constituting an advisory ruling outside the Article III judicial power. Therefore, the Government Parties make the recommendations below.

3. <u>Plan of Adjustment Proposal Conflicts</u>. To the extent Movants contend the Oversight Board cannot propose one or more plans of adjustment (or AAFAF cannot support such plans) for

3

the Commonwealth and HTA because of any transactions or claims between them, that contention is ripe and should be determined now. PROMESA clearly provides that only each Title III debtor can propose a plan of adjustment and the Oversight Board is the sole Title III representative of each Title III debtor. If Movants contend the Oversight Board cannot exercise those rights to propose a Title III plan for each debtor, and AAFAF cannot undertake actions in support of such plans if it is authorized by the Governor of Puerto Rico to do so, all stakeholders and the Court will benefit from resolving that contention now, in light of the fact that the mediation has already led to the proposal of a joint Title III plan of adjustment and any proposed plan of adjustment will have to deal with the purported claims between HTA and the Commonwealth.

4. Notably, other creditors have claimed the Oversight Board is conflicted by representing debtors having claims between them and those claims have been rejected. *See, e.g., Memorandum Opinion and Order Denying Renewed Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Appointment as Trustees Under 11 U.S.C. § 926*, ECF No. 9712 (denying motion for appointment of trustee pursuant to section 926 based in part on Oversight Board's alleged conflict of interest representing both the Commonwealth and ERS); *Andalusian Global Designated Activity Co. v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt. Bd.)*, 954 F.3d 1 (1st Cir. 2020) (affirming Title III Court decision).

5. <u>Plan of Adjustment Conflicts Turning on Terms of a Plan</u>. To the extent Movants' Conflict Motions turn on whether (a) the Oversight Board can vote allowable claims, if any, of HTA against the Commonwealth, (b) the Oversight Board's vote of allowable HTA claims counts towards whether the class accepts for purposes of satisfying the requirement in Bankruptcy Code section 1129(a)(10) that a confirmable plan have one impaired accepting class, and/or (c) the Oversight Board can include a settlement of HTA asserted claims in the plan, the Oversight Board submits such

4

conflicts are not ripe because the confirmability of the ultimate plan of adjustment submitted to creditors for voting may not turn on any or all of these factors.

6. <u>Conflict Claims Independent of Plans of Adjustment</u>. Claims of HTA against the Commonwealth can be resolved before confirmation of a plan of adjustment, as part of a plan of adjustment, or after a plan of adjustment becomes effective. As Title III representative of the Commonwealth, in several pending adversary proceedings, the Oversight Board has objected to Movants' claims against the Commonwealth, some of which claims are based on Movants' assertions of HTA's claims against the Commonwealth. To whatever extent Movants assert the Oversight Board, or any other party, has actionable conflicts in the adversary proceedings, Movants can raise those assertions within the context of such adversary proceedings, each of which are the subject of pending summary judgment motions. Movants should raise those issues now, however, rather than sitting on their arguments.

7. Significantly, the Mediation Team's schedule was ordered over Movants' objection, with the deadline for Conflict Motions not tethered to plan confirmation or the disclosure statement hearing, but rather, set for "the later of (i) 15 days after the Court's ruling in connection with the preliminary hearing on the HTA Lift Stay Motion, and (ii) 15 days after issuance of the First Circuit's decision resolving the appeal of the Court's *Memorandum Opinion and Order Denying Renewed Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Appointment as Trustees Under 11 U.S.C. § 926* (Docket Entry No. 9712 in Case No 17-3283)." ECF No. 12186 at 7 ("<u>Revenue Bond Scheduling Order</u>"). The deadline was included in a separate order to the disclosure statement schedule [ECF No. 12187]. As the Court has rendered its decision in connection with the HTA Lift Stay Motion, such deadline expires on July 17, 2020. Movants have had more than four (4) months since the entry of the Revenue Bond Scheduling Order to prepare Conflicts Motions—Movants' lack of diligence and apparent

5

failure to prepare timely such motions is not a basis for the Court to extend the deadline.

8. Contrary to Movants' representations, nothing in the Mediation Report or the Court's orders suggested the purpose of the schedule was to "allow[] the Bondholders to consider the Disclosure Statement and voting procedures, together with any objections" before filing Conflicts Motion. Urgent Motion ¶¶ 1, 12. Instead, the expressed purpose of setting a deadline for Conflicts Motions was to clear away a "gating" issue to the plan of adjustment "which merits [a] ruling[] in advance of the approval of the Amended Disclosure Statement." ECF No. 10756, ¶ 12. There is no reason to give Movants even more time to file Conflicts Motions challenging the Oversight Board's representation of both HTA and the Commonwealth, or AAFAF's statutory powers on behalf of the Commonwealth and its instrumentalities with respect to Puerto Rico's restructurings, pursuant to Puerto Rico's Act 2-2017, when that issue is ready for adjudication.

9. Additionally, Movants are not "prejudiced" by litigating the Conflicts Motions now. *Cf.* Urgent Motion ¶¶ 3, 13. In fact, given that Movants intend to file motions for appointment of a trustee under 11 U.S.C § 926 for HTA to pursue claims against the Commonwealth, which will almost assuredly raise the issue of purported conflicts, other parties will be prejudiced (and the Court burdened) by piecemeal litigation over conflicts issues. Indeed, Movants such as Ambac have been asserting disabling conflicts when convenient for them for more than three years. *See Ambac Assurance Corporation's Omnibus Objection to Certain of Debtors' First Day Motions*, Case No. 17-03284, ECF No. 65 at ¶¶ 49-59; *see generally National Public Finance Guarantee Corporation's Objection to the Financial Oversight and Management Board for Puerto Rico's Motion for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute*, Case No. 17-03283, ECF No. 373. To the extent these issues are ripe, Movants should be required to address them comprehensively, not *seriatim*.

10. And, as explained above, the Government Parties agree that conflict issues tied to the

ultimate terms of the proposed plan(s) of adjustment, and which ultimately may not exist, are not ripe.

## **CONCLUSION**

For the reasons stated herein, the Urgent Motion should be denied to the extent it defers consideration of the conflict claims, if any, identified above.

[*Remainder of page intentionally left blank*]

Dated: July 16, 2020            Respectfully submitted,
       San Juan, Puerto Rico

| | |
|---|---|
| /s/ *Martin J. Bienenstock* | /s/ *Hermann D. Bauer* |
| Martin J. Bienenstock<br>Brian S. Rosen<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| */s/ Peter Friedman* | /s/ *Luis C. Marini-Biaggi* |
| John J. Rapisardi<br>Nancy Mitchell<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>-and-<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel: (202) 383-5300<br>Fax: 202) 383-5414<br><br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | Luis C. Marini-Biaggi<br>USDC No. 222301<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>**MARINI PIETRANTONI MUÑIZ LLC**<br>250 Ponce De León Ave., Suite 900<br>San Juan, Puerto Rico 00917<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494<br><br>*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |