# EXHIBIT 1

January 15, 2020

VIA E-MAIL

Martin J. Bienenstock, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036

Re: Demand That Avoidance Claims Be Asserted on Behalf of the Puerto Rico Highways and Transportation Authority ("HTA") Against the Commonwealth of Puerto Rico (the "Commonwealth")

Dear Mr. Bienenstock:

As you know, we are attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, and Ambac Assurance Corporation (together, the "Requesting Parties"). The Requesting Parties insure approximately $2.4 billion gross par of bonds issued by HTA ("HTA Bonds"). Under the applicable insurance agreements and/or insurance policies, the Requesting Parties are deemed to be the sole holders of the HTA Bonds that they insure for purposes of, or otherwise have control rights over, consents and other bondholder actions, including exercising rights and remedies of HTA Bondholders. Under the applicable bond resolutions, insurance agreements, and/or insurance policies, the Requesting Parties are also recognized as third-party beneficiaries. To date, the Requesting Parties have paid approximately $640 million in aggregate claims by HTA Bondholders. The Requesting Parties are now fully subrogated to the rights of HTA Bondholders for the claims they have paid.

We write to you, in your capacity as counsel to the Financial Oversight and Management Board for Puerto Rico ("FOMB"), to demand that FOMB pursue avoidance actions on behalf of HTA against the Commonwealth. Specifically, beginning in November 2015, certain excise taxes, which the Commonwealth is required by statute to (i) collect on behalf of HTA for the benefit of HTA and its bondholders and (ii) transfer to accounts held in the name of HTA for the benefit of HTA and its bondholders, have instead been retained by, diverted to, or otherwise transferred to the Commonwealth. On information and belief, these transfers of HTA property to the Commonwealth were made with actual intent to hinder, delay, and defraud HTA's creditors, and HTA did not receive reasonably equivalent value in exchange for the transferred property. Moreover, these transfers of HTA property to the Commonwealth have continued even after the Commonwealth and HTA commenced cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), even though the automatic stay prohibited any act by the Commonwealth "to obtain possession of property of [HTA] or of property from [HTA] or to exercise control over property of [HTA]" (11 U.S.C. § 362(a)(3)), and despite the lack of any valid legal authorization for such transfers under Title III, by the Title III court, or otherwise. Consequently, HTA possesses avoidance claims against the Commonwealth for actual and constructive fraudulent transfers and unauthorized post-petition transfers under Sections 544(b), 548, and 549 of title 11 of the United States Code (the

"Bankruptcy Code"), as incorporated into PROMESA (collectively, and including any other cause of action by HTA against the Commonwealth under Section 544, 545, 547, 548, 549(a), or 550 of the Bankruptcy Code, the "Avoidance Actions").[1] FOMB has no legally justifiable reason for failing to pursue the Avoidance Actions on behalf of HTA.

In April 2019, FOMB entered into an *Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (ECF No. 6531 in Case No. 17-3283-LTS, attached to this letter as "Exhibit A"). On January 8, 2020, FOMB entered into a *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (ECF No. 9722 in Case No. 17-3283-LTS, attached to this letter as "Exhibit B"). Together, these stipulations tolled the applicable statutes of limitations for the Avoidance Actions until approximately August 14, 2020.

The Requesting Parties anticipate filing a motion under Section 926 of the Bankruptcy Code seeking the appointment of one or more of the Requesting Parties or other parties as trustee(s) to pursue the Avoidance Actions on behalf of HTA. Prior to filing such a 926 motion, the Requesting Parties have decided to send this demand in order to provide FOMB with one more opportunity to bring the Avoidance Actions on HTA's behalf. The Requesting Parties do not believe that Section 926 imposes any demand requirement, and even if it did, any such requirement would be discharged as futile in this instance because FOMB has had years to bring the Avoidance Actions on behalf of HTA and has clearly decided not to do so. FOMB's failure to bring the Avoidance Actions can only be explained by FOMB's conflict of interest resulting, among other things, from the facts that (i) FOMB acts simultaneously as the representative of HTA and of the Commonwealth in the Title III proceedings and (ii) FOMB has actively encouraged the transfer of HTA property to the Commonwealth (a) with the intent to hinder, delay, and defraud HTA's creditors, (b) without HTA receiving reasonably equivalent value in exchange for such transfers, and (c) without valid authorization under Title III, by the Title III court, or otherwise. This debilitating conflict of interest clearly renders any demand that FOMB pursue the Avoidance Actions futile.

Notwithstanding the futility of such demand, and solely as a courtesy, the Requesting Parties hereby demand that FOMB enter into an agreement with the Requesting Parties by **January 29, 2020** committing FOMB to commence the Avoidance Actions prior to February 5, 2020.[2] In the

---

[1] While this demand focuses on the Avoidance Actions, HTA possesses additional causes of action against the Commonwealth and others that HTA and FOMB have failed to pursue on behalf of HTA. The Requesting Parties reserve their right to seek appropriate relief with respect to these additional causes of action at a later time.

[2] Further, FOMB should take appropriate action to ensure that causes of action pursued on behalf of HTA against the Commonwealth are undertaken without these disabling conflicts of interest by, for example, appointing an independent agent to pursue them. For the same reasons, FOMB should not settle or otherwise compromise HTA's claims against the Commonwealth. The Requesting Parties reserve their rights, including to seek appropriate relief, in respect to FOMB's conflicts of interest.

event FOMB does not commit by January 29 to commence the Avoidance Actions prior to February 5, the Requesting Parties shall file a motion under Section 926 of the Bankruptcy Code seeking the appointment of one or more of the Requesting Parties or other parties as trustee(s) to pursue the Avoidance Actions on behalf of HTA.

Sincerely,

CADWALADER, WICKERSHAM & TAFT LLP

By: */s/ Mark C. Ellenberg*
    Mark C. Ellenberg
    Howard R. Hawkins, Jr.
    William J. Natbony
    Casey J. Servais
    200 Liberty Street
    New York, NY 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666
    Email: mark.ellenberg@cwt.com
           howard.hawkins@cwt.com
           bill.natbony@cwt.com
           casey.servais@cwt.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

WEIL, GOTSHAL & MANGES LLP

By: */s/ Kelly DiBlasi*
    Robert S. Berezin
    Kelly DiBlasi
    Gabriel A. Morgan
    767 Fifth Avenue
    New York, NY 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Email: robert.berezin@weil.com
           kelly.diblasi@weil.com
           gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corp.*

MILBANK LLP

By: */s/ Atara Miller*
    Dennis F. Dunne
    Atara Miller
    Grant R. Mainland
    John J. Hughes
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com

*Attorneys for Ambac Assurance Corporation*

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | (Jointly Administered) |
| Debtors. | |

-------------------------------------------------------------x

AMENDED STIPULATION BETWEEN THE COMMONWEALTH OF PUERTO RICO
AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY
REGARDING THE TOLLING OF STATUTE OF LIMITATIONS AND CONSENT ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, whose name in English is the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Puerto Rico Highways and Transportation Authority ("HTA") in its capacity as a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA, do hereby stipulate as follows:

RECITALS

A. On May 21, 2017, the Oversight Board issued a restructuring certification in accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

B. On May 21, 2017, in accordance with Section 302(2) of PROMESA, the Oversight Board filed a petition for relief on behalf of HTA, thereby commencing a case under Title III (the "HTA Title III Case").

C. Commencement of the HTA Title III Case triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable to the HTA Title III Case pursuant to Section 301(a) of PROMESA, to protect HTA's property wherever located.

D. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between the Commonwealth and HTA are hereby defined as the "Avoidance Actions".

E. Other claims between the Commonwealth and HTA may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such actions collectively with the Avoidance Actions are hereinafter referred to as the "Causes of Action").

F. Certain holders and/or insurers of HTA bonds (collectively, the "HTA Parties"), represented by the counsel set forth in decretal paragraph 1 hereof, believe that HTA possesses avoidance claims against the Commonwealth in connection with certain pre-petition and post-petition transfers.

G. In order to protect all parties' rights and interests, the Commonwealth and HTA, through AAFAF and the Oversight Board, respectively, have agreed to toll the statute of limitations in connection with the Causes of Actions.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Actions of the Commonwealth, on the one hand, and HTA, on the other hand, must be commenced against one another (either directly or, subject to the rights of parties to contest, derivatively) pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire two hundred seventy (270) days from and after the date on which the Statutory Deadlines would have expired in the absence of this Stipulation unless the Commonwealth or HTA provide written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, (b) counsel to the HTA Parties, by serving a copy of such Termination Notice upon (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq. and Atara Miller, Esq. by email transmission (ddunne@milbank.com and amiller@milbank.com), (ii) Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, NY 10153, Attn: Marcia L. Goldstein, Esq and Greg Silbert, Esq., by email transmission (marcia.goldstein@weil.com and gregory.silbert@weil.com), (iii) Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Mark C. Ellenberg, Esq. and Casey J. Servais, Esq., by email transmission (mark.ellenberg@cwt.com and casey.servais@cwt.com), and (iv) Butler Snow LLP, 5430 LBJ Freeway, Suite 1200, Dallas, TX 75240, Attn: Martin A. Sosland, Esq., by email transmission (martin.sosland@butler.snow.com and Jason.callen@butlersnow.com), and (c) counsel to the statutory committee of unsecured creditors appointed in the Commonwealth and HTA Title III Cases (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date, as defined below, and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised by either the Commonwealth or HTA in connection with any such Cause of Actions, other than the applicable statute of limitations, laches, or any other time-related defense, except that the Commonwealth and HTA expressly reserve the right to assert that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Stipulation, (ii) section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies, and (iii) a statute of repose may not be extended by an agreement of the parties; provided, however, that any party reserves the right to oppose any such argument; and, provided,

<u>further</u>, that, if a statute of repose may be extended by an agreement of the parties, this Stipulation shall serve as such an agreement; and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for the Commonwealth or HTA, subject to the approval, effectiveness and consummation of any such plan of adjustment; <u>provided</u>, <u>however</u>, that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. The Commonwealth and HTA shall have the right to extend the period set forth in Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the HTA Parties and the Creditors' Committee in the matter set forth above; <u>provided</u>, <u>however</u>, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek, by motion to the Court, upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

3. The persons signing this Stipulation on behalf of the Oversight Board, the Commonwealth and HTA have the authority to bind such parties.

4. This Stipulation shall apply to and be binding upon the Commonwealth and HTA, together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in either the HTA Title III Case or the Commonwealth Title III Case.

5. Notwithstanding not being parties hereto, creditors of the Commonwealth and HTA, including, without limitation, the HTA Parties, shall be expressly deemed third party beneficiaries of this Stipulation.

6. Except as expressly provided herein, this Stipulation shall not be amended or modified without the prior written consent of the HTA Parties and the Creditors' Committee.

7. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "Stipulation Effective Date").

8. This Stipulation and the rights, interests and defenses referred to herein extend to any claims or causes of action that could be brought or asserted against the Commonwealth or HTA officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor HTA would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| */s/* Brian S. Rosen | */s/* Hermann D. Bauer |
| | |
| Martin J. Bienenstock | Hermann D. Bauer |
| Brian S. Rosen | USDC No. 215205 |
| (Admitted *Pro Hac Vice*) | **O'NEILL & BORGES LLC** |
| **PROSKAUER ROSE LLP** | 250 Muñoz Rivera Ave., Suite 800 |
| Eleven Times Square | San Juan, PR 00918-1813 |
| New York, NY 10036 | Tel: (787) 764-8181 |
| Tel: (212) 969-3000 | Fax: (787) 753-8944 |
| Fax: (212) 969-2900 | |
| | *Co-Attorneys for the Financial* |
| *Attorneys for the Financial* | *Oversight and Management Board* |
| *Oversight and Management Board* | *as Representative for the Debtors* |
| *as Representative for the Debtors* | |

| | |
|---|---|
| */s/* Peter Friedman | */s/* Luis C. Marini-Biaggi |
| | |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Suzzanne Uhland | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | Carolina Velaz-Rivero |
| **O'MELVENY & MYERS LLP** | USDC No. 300913 |
| Seven Times Square | **MARINI PIETRANTONI MUÑIZ LLC** |
| New York, NY 10036 | MCS Plaza, Suite 500 |
| Tel: (212) 326-2000 | 255 Ponce De León Ave. |
| Fax: (212) 326-2061 | San Juan, Puerto Rico 00917 |
| | Tel: (787) 705-2171 |
| -and- | Fax: (787) 936-7494 |
| | |
| Peter Friedman | *Co-Attorneys for the Puerto Rico* |
| (Admitted *Pro Hac Vice*) | *Fiscal Agency and Financial* |
| 1625 Eye Street, NW | *Advisory Authority* |
| Washington, D.C. 20006 | |
| Tel: (202) 383-5300 | |
| Fax: 202) 383-5414 | |

*Attorneys for the Puerto Rico
Fiscal Agency and Financial
Advisory Authority*

        SO ORDERED.
Dated:    April 26, 2019

                                                /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             United States District Judge

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors[1]. | |

------------------------------------------------------------------x

**SECOND AMENDED STIPULATION BETWEEN THE
COMMONWEALTH OF PUERTO RICO
AND THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY REGARDING THE
TOLLING OF STATUTE OF LIMITATIONS AND CONSENT ORDER**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, whose name in English is the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Puerto Rico Highways and Transportation Authority ("HTA") in its capacity as a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA, do hereby stipulate as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

RECITALS

A. On May 21, 2017, the Oversight Board issued a restructuring certification in accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

B. On May 21, 2017, in accordance with Section 302(2) of PROMESA, the Oversight Board filed a petition for relief on behalf of HTA, thereby commencing a case under Title III (the "HTA Title III Case").

C. Commencement of the HTA Title III Case triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable to the HTA Title III Case pursuant to Section 301(a) of PROMESA, to protect HTA's property wherever located.

D. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between the Commonwealth and HTA are hereby defined as the "Avoidance Actions".

E. Other claims between the Commonwealth and HTA may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such actions collectively with the Avoidance Actions are hereinafter referred to as the "Causes of Action").

F. Certain holders and/or insurers of HTA bonds (collectively, the "HTA Parties"), represented by the counsel set forth in decretal paragraph 1 hereof, believe that HTA possesses avoidance claims against the Commonwealth in connection with certain pre-petition and post-petition transfers.

2

G. In order to protect all parties' rights and interests, the Commonwealth and HTA, through AAFAF and the Oversight Board, respectively, have agreed to toll the statute of limitations in connection with the Causes of Actions.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Actions of the Commonwealth, on the one hand, and HTA, on the other hand, must be commenced against one another (either directly or, subject to the rights of parties to contest, derivatively) pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire four hundred and fifty-one (451) days from and after the date on which the Statutory Deadlines would have expired in the absence of this Stipulation unless the Commonwealth or HTA provide written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, (b) counsel to the HTA Parties, by serving a copy of such Termination Notice upon (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq. and Atara Miller, Esq. by email transmission (ddunne@milbank.com and amiller@milbank.com), (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Marcia L. Goldstein, Esq and Greg Silbert, Esq., by email transmission (marcia.goldstein@weil.com and gregory.silbert@weil.com), (iii) Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Mark C. Ellenberg, Esq. and Casey J. Servais, Esq., by email transmission (mark.ellenberg@cwt.com and casey.servais@cwt.com), and (iv) Butler Snow LLP, 5430 LBJ Freeway, Suite 1200, Dallas, TX 75240, Attn: Martin A. Sosland, Esq., by email transmission (martin.sosland@butler.snow.com and Jason.callen@butlersnow.com),

and (c) counsel to the statutory committee of unsecured creditors appointed in the Commonwealth and HTA Title III Cases (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date, as defined below, and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised by either the Commonwealth or HTA in connection with any such Cause of Actions, other than the applicable statute of limitations, laches, or any other time-related defense, except that the Commonwealth and HTA expressly reserve the right to assert that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Stipulation, (ii) section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies, and (iii) a statute of repose may not be extended by an agreement of the parties; provided, however, that any party reserves the right to oppose any such argument; and, provided, further, that, if a statute of repose may be extended by an agreement of the parties, this Stipulation shall serve as such an agreement; and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for the Commonwealth or HTA, subject to the approval, effectiveness and consummation of any such plan of adjustment; provided, however, that any such plan of adjustment may not retroactively

4

terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. The Commonwealth and HTA shall have the right to extend the period set forth in Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the HTA Parties and the Creditors' Committee in the matter set forth above; <u>provided</u>, <u>however</u>, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek, by motion to the Court, upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

3. The persons signing this Stipulation on behalf of the Oversight Board, the Commonwealth and HTA have the authority to bind such parties.

4. This Stipulation shall apply to and be binding upon the Commonwealth and HTA, together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in either the HTA Title III Case or the Commonwealth Title III Case.

5. Notwithstanding not being parties hereto, creditors of the Commonwealth and HTA, including, without limitation, the HTA Parties, shall be expressly deemed third party beneficiaries of this Stipulation.

6. Except as expressly provided herein, this Stipulation shall not be amended or modified without the prior written consent of the HTA Parties and the Creditors' Committee.

7. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "<u>Stipulation Effective Date</u>").

5

8. This Stipulation and the rights, interests and defenses referred to herein extend to any claims or causes of action that could be brought or asserted against the Commonwealth or HTA officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor HTA would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

*[Remainder of page intentionally left blank]*

Case 17-03283-LTS Doc#9321 Filed:04/08/20 Entered:04/08/20 16:29:47 Desc Main
Document Page 19 of 27

| | |
|---|---|
| /s/ Brian S. Rosen | /s/ Hermann D. Bauer |
| Martin J. Bienenstock<br>Brian S. Rosen<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| /s/ Peter Friedman | /s/ Luis C. Marini- Biaggi |
| John J. Rapisardi<br>Suzzanne Uhland<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>-and-<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel: (202) 383-5300<br>Fax: 202) 383-5414<br><br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | Luis C. Marini-Biaggi<br>USDC No. 222301<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>**MARINI PIETRANTONI MUÑIZ LLC**<br>250 Ponce De León Ave., Suite 900<br>San Juan, Puerto Rico 00917<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494<br><br>*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

　　SO ORDERED.
Dated: January 8, 2020

　　　　　　　　　　　　　　　　　　　　　　　／s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

7