# EXHIBIT   2



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

**Martin J. Bienenstock**
Partner
d. 212.969.3000
f. 212.969.2900
mbienenstock@proskauer.com
www.proskauer.com

January 29, 2020

**VIA EMAIL**

Mark C. Ellenberg              Kelly DiBlasi                    Atara Miller
Cadwalader, Wichersham &       Weil, Gotshal & Manges LLP        Milbank LLP
Taft LLP                       767 Fifth Avenue                  55 Hudson Yards
200 Liberty Street             New York, NY 10153                New York, NY 10001
New York, NY 10281

Re:    **Demand That Avoidance Claims Be Asserted on Behalf of the Puerto Rico
       Highways and Transportation Authority ("HTA") Against the
       Commonwealth of Puerto Rico (the "Commonwealth")**

Dear Mark, Kelly, and Atara:

I write in response to your letter of January 15, 2020, demanding that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") pursue avoidance actions on behalf of HTA against the Commonwealth. In short, section 926 avoidance actions are actions brought pursuant to Bankruptcy Code sections 544, 545, 547, 548, 549(a), or 550. None of the actions you identified can be brought under those sections because they are not actions to recover HTA's property. They are actions to collect property you think the Commonwealth must transfer to HTA pursuant to a pre-PROMESA statute providing for such appropriations. No property of HTA has been or is being transferred to the Commonwealth, and the Title III Court has already held the Oversight Board has no conflict of interest in determining whether to pursue alleged avoidance actions of one debtor against another.

You assert that "HTA property"—certain excise tax revenues and fees—has been transferred to the Commonwealth (1) with "actual intent to hinder, delay, and defraud HTA's creditors[,]" (2) without "reasonably equivalent value in exchange" for such transfer, and (3) in violation of the automatic stay. You further assert the Oversight's Board actions can only be explained by a "conflict of interest" resulting from its representation of both the Commonwealth and HTA in their Title III cases. These allegations all fail, because the excise tax revenues are not HTA property unless and until they are transferred to HTA. Accordingly, there is no transfer of "HTA property" which could be avoided in the first instance.

Puerto Rico law enacted prior to PROMESA requires appropriations to HTA of Commonwealth revenue from certain excise taxes and vehicle fees (the "Subject Revenue"), subject to retention by the Commonwealth if its available resources are insufficient to cover its expenses in a given fiscal year pursuant to Article VI, section 8 of the Commonwealth Constitution. *See* 13 L.P.R.A. § 31751(a)(1)(E) (allocation of Gasoline Excise Taxes to HTA "subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico"); 13 L.P.R.A. § 31751(a)(3)(C) (any pledge of Cigarette Excise Taxes to HTA bondholders "subject to



January 29, 2020
Page 2

the provisions of Section 8 of Article VI of the Constitution of Puerto Rico"); 9 L.P.R.A. § 2021 (any pledge of Vehicle License Fees "subject to the provisions of § 8 of Article VI of the Constitution of Puerto Rico"); 9 L.P.R.A. § 5681 (any pledge of Vehicle Fees "subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico").

Accordingly, under Puerto Rico law, (i) HTA does not have a right to receive any Subject Revenues that have not yet been collected by the Commonwealth, (ii) the Subject Revenues are property of the Commonwealth until it transfers ownership of them, and (iii) the Subject Revenues are not property of HTA until they are transferred to HTA.

Moreover, the statutes that conditionally require the Commonwealth to transfer the Subject Revenues to HTA have been preempted by PROMESA. PROMESA sections 201 and 202 give the Oversight Board alone authority to certify fiscal plans and budgets for the Commonwealth setting all Commonwealth appropriations. Budgets certified by the Oversight Board are deemed "in full force and effect" upon certification. PROMESA § 202(e)(1)(C). As held by the First Circuit, PROMESA preempts any territorial law purporting to appropriate funds outside of an Oversight Board certified budget because "[s]imply put, there can be no spending from sources not listed in [a certified] budget, regardless of what any territorial law says." *Nevares v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, No. 18-2154, 2019 WL 6887258, at *3, (1st Cir. Dec. 18, 2019); *see also Nevares v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 330 F. Supp. 3d 685, 701 (D.P.R. 2018) ("[A] budget approved and adopted by the Oversight Board as compliant with a certified fiscal plan becomes law . . . and inconsistent Commonwealth laws are preempted.").

Here, to the extent Puerto Rico statutes purport to require appropriations of the Commonwealth's taxes or other revenues to HTA without regard to Oversight Board approved budgets and fiscal plans, they are inconsistent with PROMESA and thus preempted pursuant to PROMESA section 202. Additionally, the appropriation of Commonwealth revenues to HTA pursuant to a pre-PROMESA statute is independently preempted by Title III of PROMESA. The Commonwealth has many claims against it. You are demanding that the Commonwealth pay one claim in full, without there being any priority recognized in Title III for that claim. Therefore, your attribution of HTA's failure to take the actions you demand to a "conflict of interest" is mistaken. The actions you want brought are not avoidance actions and are meritless.

Further, your allegation of improper conduct resulting from a conflict of interest ignores the ruling from the Title III Court merely one week before your letter recognizing the "unique statutory scheme" Congress created to allow the Commonwealth and its instrumentalities to restructure their debts.[1] As the Title III Court observed:

---

[1] Memorandum Opinion and Order Denying Renewed Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Appointment as Trustees under 11 U.S.C. § 926, Case No. 17-3283-LTS (D.P.R.), ECF No. 9712 (the "ERS 926 Opinion").



January 29, 2020
Page 3

> PROMESA provides for the appointment of a single Oversight Board that will act as the sole statutory representative of a territory and each of its territorial instrumentalities in their Title III cases. . . .
>
> [U]nlike the commercial focus of bankruptcy cases of private entities, the "primary purpose" of governmental insolvency proceedings "is not future profit, but rather continued provision of public services." The goal of these PROMESA cases thus is not merely to maximize creditors' recoveries. Rather, these restructuring cases require a more holistic approach that focuses on the continuation and future of a government and its instrumentalities and their ability to meet the needs of the Commonwealth's residents as well as provide proper recompense of creditors.

ERS 926 Opinion at 7–8.

Consistent with the ERS 926 Opinion, and due to the other reasons set forth above, there is no cause to appoint a trustee pursuant to section 926 of the Bankruptcy Code. Your assertions of conflict are rejected. If you would like to discuss this, we are available.

Sincerely,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900

*Counsel for the Financial Oversight and Management Board for Puerto Rico*