# EXHIBIT  8

## AGREEMENT REGARDING BOND INSURANCE

THIS AGREEMENT REGARDING BOND INSURANCE, dated October 4, 2005, is entered into by and between the Puerto Rico Highways and Transportation Authority (the "Authority") and JPMorgan Chase Bank, N.A., as Fiscal Agent, under Resolution No. 98-06 (the "1998 Resolution"), adopted by the Authority on February 26, 1998, as amended, pursuant to which the Authority is issuing $598,285,000 aggregate principal amount of Puerto Rico Highways and Transportation Authority Transportation Revenue Refunding Bonds (Series L) (the "Series L Bonds") and Resolution No. 68-18 (the "1968 Resolution") adopted by the Authority on June 13, 1968, as amended, pursuant to which the Authority is issuing $101,625,000 aggregate principal amount of Puerto Rico Highways and Transportation Authority Highway Revenue Refunding Bonds (Series BB) (the "Series BB Bonds" and, together with the Series L Bonds, the "Bonds").

### W I T N E S S E T H:

WHEREAS, the Authority has determined to issue the Bonds and, in connection therewith, to obtain a municipal bond insurance policy (the "Financial Guaranty Insurance Policy") to be issued by Ambac Assurance Corporation ("AMBAC Assurance" or "AMBAC"), insuring the payment when due of principal of and interest on the Series L Bonds maturing July 1, 2038 and the Series BB Bonds maturing July 1 of the years 2012 through 2018, inclusive (collectively, the "AMBAC Insured Bonds").

WHEREAS, as a condition to the issuance of the Financial Guaranty Insurance Policy, AMBAC has requested that the Authority and the Fiscal Agent agree to certain provisions; and

WHEREAS, the Authority and the Fiscal Agent are willing to abide by the requirements of AMBAC for so long as the Financial Guaranty Insurance Policy is in effect and AMBAC is not in default thereunder, all as more specifically provided in this Agreement;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein set forth, the Authority and the Fiscal Agent hereby agree as follows:

Section 1.    Defined Terms.  All terms used herein in capitalized form and not defined shall have the meanings ascribed to such terms in the 1998 Resolution and 1968 Resolution or, if not defined therein, in Resolution No. 2005-28 and Resolution No. 2005-29, each adopted by the Authority on September 22, 2005.

Section 2.    Notices/Information to be Given to AMBAC Assurance. (a) Notices to be sent to Ambac Assurance Corporation, One State Street Plaza, New York, New York 10004, Attention of the SURVEILLANCE DEPARTMENT:

> (i)    While the Financial Guaranty Insurance Policy is in effect, the Authority shall furnish to Ambac Assurance, upon request, a copy of any financial statement, audit and/or annual report of the Authority, and such additional information it may reasonably request.  Upon request, such information shall be delivered at the Authority's expense.

(ii)     A copy of any notice to be given to the registered owners of the AMBAC Insured Bonds, including, without limitation, notice of any redemption of or defeasance of AMBAC Insured Bonds, and any certificate rendered pursuant to the 1968 Resolution and/or 1998 Resolution relating to the security for the AMBAC Insured Bonds.

(iii)     To the extent that the Authority has entered into a continuing disclosure agreement with respect to the AMBAC Insured Bonds, Ambac Assurance shall be included as party to be notified.

(b)     Notices to be sent to Ambac Assurance Corporation, One State Street Plaza, New York, New York 10004, Attention of the GENERAL COUNSEL OFFICE:

(i)     The Authority shall notify Ambac Assurance of any failure of the Authority to provide relevant notices, certificates, etc.

(ii)     Notwithstanding any other provision of the 1968 Resolution and/or the 1998 Resolution, the Fiscal Agent shall immediately notify Ambac Assurance if at any time there are insufficient moneys to make any payments of principal and/or interest as required and immediately upon the occurrence of any event of default hereunder.

(c)     The Authority will permit Ambac Assurance to discuss the affairs, finances and accounts of the Authority or any information Ambac Assurance may reasonably request regarding the security for the AMBAC Insured Bonds with appropriate officers of the Authority. The Authority will permit Ambac Assurance to have access to the facilities and have access to and make copies of all books and records relating to the AMBAC Insured Bonds at any reasonable time.

Section 3.     Consents.  (a) Any provision of the 1968 Resolution and/or 1998 Resolution expressly recognizing or granting rights in or to Ambac Assurance may not be amended in any marmer which affects the rights of Ambac Assurance hereunder without the prior written consent of Ambac Assurance. Ambac Assurance reserves the right to charge the Authority a fee for any consent or amendment to the 1968 Resolution and/or 1998 Resolution while the Financial Guaranty Insurance Policy is outstanding.

(b)     Unless otherwise provided in this Section, Ambac Assurance's consent shall be required in heu of the consent of the Holders of the AMBAC Insured Bonds, when required, for the following purposes: (i) execution and dehvery of any amendment, supplement or change to or modification of the 1968 Resolution and/or 1998 Resolution; (ii) removal of the Fiscal Agent and selection and appoint of any successor fiscal agent or paying agent; and (iii) initiation or approval of any action not described in (i) or (ii) above which requires the consent of the Holders of the AMBAC Insured Bonds.

(c)     Any reorganization or liquidation plan with respect to the Authority must be acceptable to Ambac Assurance. In the event of any reorganization or liquidation, Ambac Assurance shall have the right to vote on behalf of all Holders of the AMBAC Insured Bonds absent a default by Ambac Assurance under the Financial Guaranty Insurance Pohcy insuring such obligations.

     2

(d)    Anything in the 1968 Resolution and/or the 1998 Resolution to the contrary notwithstanding, upon the occurrence and continuance of an event of default as defined herein, Ambac Assurance shall be entitled to exercise all rights and remedies granted to the Holders of the AMBAC Insured Bonds, or the Fiscal Agent for the benefit of the Holders of the AMBAC Insured Bonds under the 1968 Resolution and/or 1998 Resolution, as if it were a Holder of AMBAC Insured Bonds.

Section 4.    Additional Provisions.  (a) Notwithstanding anything herein to the contrary, in the event that the principal and/or interest due on the AMBAC Insured Bonds shall be paid by Ambac Assurance Corporation pursuant to the Financial Guaranty Insurance Policy, the AMBAC Insured Bonds shall remain Outstanding for all purposes, not be defeased or otherwise satisfied and not be considered paid by the Authority, and the assignment and pledge of the pledged revenues under the 1998 Resolution or the 1968 Resolution, as applicable, and all covenants, agreements and other obligations of the Authority to the Holders shall continue to exist and shall run to the benefit of Ambac Assurance, and Ambac Assurance shall be subrogated to the rights of such Holders.

(b)    Ambac Assurance shall have the right to direct an accounting at the Authority's expense, and the Authority's failure to comply with such direction within thirty (30) days after receipt of written notice of the direction from Ambac Assurance shall be deemed a default hereunder; provided, however, that if compliance cannot occur within such period, then such period will be extended so long as compliance is begun within such period and diligently pursued, but only if such extension would not materially adverse affect the interests of any registered owner of the AMBAC Insured Bond.

(c)    Notwithstanding any other provision of the 1998 Resolution and/or the 1968 Resolution, in determining whether the rights of the Holders of AMBAC Insured Bonds will be adversely affected by any action taken pursuant to the terms and provisions of the 1998 Resolution and/or the 1968 Resolution, as applicable, the Fiscal Agent shall consider the effect on the Holders of AMBAC Insured Bonds as if there were no Financial Guaranty Insurance Policy.

Section 5.    Payment Procedure.  As long as the Financial Guaranty Insurance Policy shall be in full force and effect, the Authority and the Fiscal Agent agree to comply with the following provisions:

(a)    At least one (1) business day prior to all Interest Payment Dates the Fiscal Agent, if any, will determine whether there will be sufficient funds in the Funds and Accounts to pay the principal of or interest on the AMBAC Insured Bonds on such Interest Payment Date.  If the Fiscal Agent, determines that there will be insufficient funds in such Funds or Accounts, the Fiscal Agent, shall so notify Ambac Assurance.  Such notice shall specify the amount of the anticipated deficiency, the AMBAC Insured Bonds to which such deficiency is applicable and whether such AMBAC Insured Bonds will be deficient as to principal or interest, or both.  If the Fiscal Agent, has not so notified Ambac Assurance at least one (1) business day prior to an Interest Payment Date, Ambac Assurance will make payments of principal or interest due on the AMBAC Insured Bonds on or before the first (1st) business day next following the date on which Ambac Assurance shall have received notice of nonpayment from the Fiscal Agent.

3

(b)     The Fiscal Agent, shall, after giving notice to Ambac Assurance as provided in (a) above, make available to Ambac Assurance and, at Ambac Assurance's direction, to The Bank of New York, in New York, New York, as insurance trustee for Ambac Assurance or any successor insurance trustee (the "Insurance Trustee"), the registration books of the Authority maintained by the Fiscal Agent, and all records relating to the Funds and Accounts maintained under the 1968 Resolution and/or 1998 Resolution, as applicable.

(c)     The Fiscal Agent shall provide Ambac Assurance and the Insurance Trustee with a list of registered owners of AMBAC Insured Bonds entitled to receive principal or interest payments from Ambac Assurance under the terms of the Financial Guaranty Insurance Policy, and shall make arrangements with the Insurance Trustee (i) to mail checks or drafts to the registered owners of AMBAC Insured Bonds entitled to receive full or partial interest payments from Ambac Assurance and (ii) to pay principal upon AMBAC Insured Bonds surrendered to the Insurance Trustee by the registered owners of the AMBAC Insured Bonds entitled to receive full or partial principal payments from Ambac Assurance.

(d)     The Fiscal Agent, shall, at the time it provides notice to Ambac Assurance pursuant to (a) above, notify registered owners of AMBAC Insured Bonds entitled to receive the payment of principal or interest thereon from Ambac Assurance (i) as to the fact of such entitlement, (ii) that Ambac Assurance will remit to them all or a part of the interest payments next coming due upon proof of the registered owner's entitlement to interest payments and delivery to the Insurance Trustee, in form satisfactory to the Insurance Trustee, of an appropriate assignment of the registered owner's right to payment, (iii) that should they be entitled to receive full payment of principal from Ambac Assurance, they must surrender their AMBAC Insured Bonds (along with an appropriate instrument of assignment in form satisfactory to the Insurance Trustee to permit ownership of such AMBAC Insured Bonds to be registered in the name of Ambac Assurance) for payment to the Insurance Trustee, and not the Fiscal Agent, and (iv) that should they be entitled to receive partial payment of principal from Ambac Assurance, they must surrender their AMBAC Insured Bonds for payment thereon first to the Fiscal Agent, who shall note on such AMBAC Insured Bonds the portion of the principal paid by the Fiscal Agent, and then, along with an appropriate instrument of assignment in form satisfactory to the Insurance Trustee, to the Insurance Trustee, which will then pay the unpaid portion of principal.

(e)     In the event that the Fiscal Agent, has notice that any payment of principal of or interest on an AMBAC Insured Bond which has become Due for Payment and which is made to a Holder of AMBAC Insured Bonds by or on behalf of the Authority has been deemed a preferential transfer and theretofore recovered from its registered owner pursuant to the United States Bankruptcy Code by a trustee in bankruptcy in accordance with the final, nonappealable order of a court having competent jurisdiction, the Fiscal Agent, shall, at the time Ambac Assurance is notified pursuant to (a) above, notify all registered owners that in the event that any registered owner's payment is so recovered, such registered owner will be entitled to payment from Ambac Assurance to the extent of such recovery if sufficient funds are not otherwise available, and the Fiscal Agent, shall furnish to Ambac Assurance its records evidencing the payments of principal of and interest on the AMBAC Insured Bonds which have been made by the Fiscal Agent, and subsequently recovered from registered owners and the dates on which such payments were made.

(f)    In addition to those rights granted Ambac Assurance under the 1968 Resolution and/or 1998 Resolution, as applicable, Ambac Assurance shall, to the extent it makes payment of principal of or interest on AMBAC Insured Bonds, become subrogated to the rights of the recipients of such payments in accordance with the terms of the Financial Guaranty Insurance Policy, and to evidence such subrogation (i) in the case of subrogation as to claims for past due interest, the Fiscal Agent, shall note Ambac Assurance's rights as subrogee on the registration books of the Authority maintained by the Fiscal Agent, upon receipt from Ambac Assurance of proof of the payment of interest thereon to the registered owners of the AMBAC Insured Bonds, and (ii) in the case of subrogation as to claims for past due principal, the Fiscal Agent, shall note Ambac Assurance's rights as subrogee on the registration books of the Authority maintained by the Fiscal Agent, upon surrender of the AMBAC Insured Bonds by the registered owners thereof together with proof of the payment of principal thereof

Section 6.    Fiscal Agent.  (a) Ambac Assurance shall receive prior written notice of any Fiscal Agent resignation.

(b)    Every successor Fiscal Agent shall be appointed in accordance with the provisions of the 1998 Resolution or the 1968 Resolution, as applicable.

Section 7.    Interested Parties.  (a) To the extent that the 1998 Resolution and/or the 1968 Resolution confers upon or gives or grants to Ambac any right, remedy or claim under or by reason of the 1998 Resolution and/or the 1968 Resolution, Ambac is hereby explicitly recognized as being a third-party beneficiary thereunder and may enforce any such right, remedy or claim conferred, given or granted thereunder.

(b)    Nothing in the 1998 Resolution and/or the 1968 Resolution expressed or implied is intended or shall be construed to confer upon, or to give or grant to, any person or entity, other than the Authority, the Fiscal Agent, Ambac Assurance and the registered owners of the AMBAC Insured Bonds, any right, remedy or claim under or by reason of the 1998 Resolution and/or the 1968 Resolution or any covenant, condition or stipulation thereof, and all covenants, stipulations, promises and agreements in the 1998 Resolution and/or the 1968 Resolution contained by and on behalf of the Authority shall be for the sole and exclusive benefit of the Authority, the Fiscal Agent, Ambac Assurance, and the registered owners of the AMBAC Insured Bonds.

Section 8.    Applicability of this Agreement.  Notwithstanding anything to the contrary contained herein, the Authority and the Fiscal Agent shall be bound by, and required to comply with the provisions of, this Agreement only for so long as the Financial Guaranty Insurance Policy is in effect and AMBAC is not in default thereunder.

Section 9.    Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute one and the same instrument.

[Balance of Page Intentionally Left Blank]

IN WITNESS WHEREOF, the Puerto Rico Highways and Transportation Authority and JPMorgan Chase Bank, N.A., as Fiscal Agent, have caused this Agreement to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
      Executive Director

JPMORGAN CHASE BANK, N.A.,
as Fiscal Agent

By: _____
      Authorized Officer

Acknowledged and agreed
to by AMBAC ASSURANCE CORPORATION
this 4th day of October, 2005.

AMBAC ASSURANCE CORPORATION

By: _____
      Name:
      Title:

IN WITNESS WHEREOF, the Puerto Rico Highways and Transportation Authority and JPMorgan Chase Bank, N.A., as Fiscal Agent, have caused this Agreement to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
      Executive Director

JPMORGAN CHASE BANK, N.A.,
as Fiscal Agent

By: _____
      Authorized Officer

Acknowledged and agreed
to by AMBAC ASSURANCE CORPORATION
this 4th day of October, 2005.

AMBAC ASSURANCE CORPORATION

By: _____
    David N. Abramowitz
    Managing Director and General Counsel

6