# **EXHIBIT 13**

**Section 3060.11. — Disposition of Funds.** (13 L.P.R.A. § 31751)

(a) The revenues derived from taxes and license fees collected by virtue of this Subtitle shall be deposited in the General Fund of the Treasury of Puerto Rico except as provided below and in Section 3060.11A:

> (1) The sum of the tax collected on gasoline and four cents (4¢) of the gas oil or diesel oil tax established by Section 3020.06 of this Subtitle, and the total amount per fiscal year of the excise tax collected for crude oil, partially finished and finished oil by-products, and any other hydrocarbon mixtures established in Section 3020.07 of this Subtitle, shall be covered into a special deposit in favor of the Highways and Transportation Authority for its corporate purposes.
>
>> (A) The Secretary shall transfer every month, or as agreed on with the Highways and Transportation Authority, the amounts covered into said special deposit, deducting from these the amounts reimbursed according to the provisions of Section 3030.19 and 3030.20 of this Subtitle.
>>
>> (B) The Secretary shall pay on a monthly basis the total revenues derived from the excise tax on crude oil, partially finished and finished oil by-products, and any other hydrocarbons blends fixed in Section 3020.07 of this Subtitle.
>>
>> (C) The Highways and Transportation Authority is hereby authorized to commit or pledge the proceeds of the collection thus received on gasoline and the tax of four cents (4¢) on gas oil or diesel oil fixed in Section 3020.06 and the amount appropriated by virtue of this Subtitle of the excise tax on crude oil, partially finished and finished oil by-products, and any other mixture of hydrocarbons fixed in Section 3020.07, for the payment of the principal and the interest on bonds or other obligations or for any other legal purpose of the Authority. Said commitment or pledge shall be subject to the provisions of Section 8 of Item VI of the Constitution of the Commonwealth of Puerto Rico. The proceeds of said collection shall be solely used for the payment of interest and amortization of the public debt, as provided in said Section 8 of Item VI of the Constitution, until the other resources available to which reference is made in said section are insufficient for such purposes. Otherwise, the proceeds of said collection, in the amount that may be necessary, shall be used solely for the payment of the principal and interest on bonds and other obligations of the Authority and to comply with any stipulations agreed to by the latter with the holders of said bonds or other obligations.
>>
>> (D) The Government of Puerto Rico hereby agrees and is committed to any person, firm, or corporation, or any agency of the United States of America, or of any state or of the Government of Puerto Rico, that subscribes or acquires bonds of the Highways and Transportation Authority of Puerto Rico for the payment of which the proceeds of the tax on gasoline, gas oil, or diesel oil and the amount appropriated of the excise tax on crude oil, partially finished and finished oil by-products, and any other mixture of hydrocarbons fixed in Section 3020.07 are thus

pledged, as authorized by this section, to not reduce the tax on gasoline, gas oil, or diesel oil fixed in Section 3020.06, to an amount of less than sixteen cents (16¢) per gallon of gasoline or of four cents (4¢) per gallon of gas oil or diesel oil, respectively, and to not reduce the rates fixed in Section 3020.07 in effect by the date of approval of this Code. It also agrees and is committed to not eliminate or reduce the tax to an amount less than sixteen cents (16¢) per gallon of gasoline or of four cents (4¢) per gallon of gas oil or diesel oil fixed in Section 3020.06 of this Subtitle, nor reduce or eliminate the rates of the excise tax on crude oil, partially finished and finished oil by-products, and any other mixture of hydrocarbon fixed in Section 3020.07. It also agrees and is committed to ensure that said amounts shall be covered into a special deposit in the name and for the benefit of the Highways and Transportation Authority of Puerto Rico, as provided in this Section, until said bonds issued at any time, including their interest, have been paid in full.

(E) In event the amount of the proceeds from the tax on gasoline, gas oil, or diesel oil established in Section 3020.06 of this Act or that amount of the excise tax on crude oil, partially finished and finished oil by-products, and any other hydrocarbon blend established in Section 3020.07 of this Act, allocated or to be allocated in the future to the Highway and Transportation Authority may at any time be insufficient to pay the principal of and the interest on the bonds or other obligations over money taken on a loan or issued by the Highway and Transportation Authority to defray the cost of traffic facilities and for the payment of which the proceeds from the tax imposed on gasoline, gas oil, or diesel oil established in Section 3020.06 of this Act or the amount of the excise tax assessed on crude oil, partially finished and finished oil by-products, and any other hydrocarbon blend established in Section 3020.07 of this Act, has been pledged and the reserve funds of the Highway and Transportation Authority for the payment of debt service are applied to make up the deficiency in the amount needed to make such payments, the amounts of said reserve fund used to make up said deficiency shall be reimbursed to the Highway and Transportation Authority from the first proceeds received on the next Fiscal Year or subsequent fiscal years by the Government of Puerto Rico from: (1) any other taxes in effect on any other fuel or propellant used, among other purposes, to propel road vehicles; provided that, to prevent misunderstandings, the excise tax imposed by Section 3020.07A of this Act shall not be considered a tax on fuels or propellant used to propel road vehicles; and (2) any surplus of the tax on gasoline, gas oil, or diesel oil established in Section 3020.06 of this Act that are in effect. The proceeds from such other taxes and the remaining portion of the tax on gasoline and gas oil or diesel oil established in Section 3020.06 of this Act that are to be used as provided in this Section to reimburse the reserve funds for debt service requirements, shall not be covered into the General Fund of the Government of Puerto Rico when collected, but rather into the aforementioned special deposit for the benefit of the Highway and Transportation Authority of Puerto Rico and subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico, to be used to reimburse said reserve fund for the payment of the debt service requirements.

(F) In the event the Commonwealth of Puerto Rico uses any portion of the revenues derived from the tax on gasoline, of the four (4) cents of the tax on gas oil or diesel oil imposed in Section 3020.06, or the excise tax on crude oil, partially finished and finished oil by-products, and any other hydrocarbon blend fixed in Section 3020.07 for the payment of interest on and the amortization of the public debt as provided in Section 8 of Article VI of the Constitution, the amount used by the Commonwealth of Puerto Rico for the payment of interest on and the amortization of the public debt shall be reimbursed to the Highway and Transportation Authority from the revenues collected by the Commonwealth of Puerto Rico in the following fiscal year or, if such reimbursement is not possible in the following Fiscal Year, in subsequent Fiscal Years, except those revenues that have been pledged to meet any obligation. The proceeds from such taxes that are to be used as provided in this Section to reimburse to the Highway and Transportation Authority any amount used by the Commonwealth of Puerto Rico for the payment of interest on and the amortization of the public debt, shall not be covered into the General Fund of the Government of the Government of Puerto Rico when collected, but rather transferred to the Highway and Transportation Authority of Puerto Rico and subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico, shall be used to reimburse said amounts to the Highway and Transportation Authority.

(G) Notwithstanding any other legal provision, including Act No. 24-2014, but subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico, on or after the Effective Date of the Lien (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), the special deposit established in subsection (a)(1) of this Section 3060.11 and the revenues derived from the Excise Tax on Crude Oil allocated to the Authority (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act) shall belong to the Highways and Transportation Authority for the benefit of the holders of the bonds issued under the Resolution of 1968 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), and the Resolution of 1998 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), as applicable, and the Revenues derived from the Excise Tax on Crude Oil allocated to the Authority (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), shall be deposited, by the Department of the Treasury of Puerto Rico, its authorized agent, or any other government instrumentality of the Commonwealth of Puerto Rico collecting the same, (i) with the fiscal agent under the Resolution of 1968 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), and the Resolution of 1998 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), as applicable, or (ii) after the bonds and obligations of the Highways and Transportation Authority issued under the Resolution of 1968 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), and the Resolution of 1998 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), as applicable, are fully repaid, with the Government Development Bank of Puerto Rico for the benefit of the Highways and Transportation Authority.

Insofar as, on or after the Effective Date of the Lien (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), the Government Development Bank of Puerto Rico or any other government instrumentality of the Commonwealth of Puerto Rico becomes the holder any of the revenues derived from the Excise Tax on Crude Oil allocated to the Authority (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), or other amounts pledged to secure the bonds or other obligations of the Highways and Transportation Authority under the Resolution of 1968 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), or the Resolution of 1998 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), as applicable, before such bonds or obligations are paid in full, the Government Development Bank of Puerto Rico or such other government instrumentality shall hold such revenues derived from the Excise Tax on Crude Oil allocated to the Authority (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), in trust for the benefit of the Highways and Transportation Authority free from any lien in favor of the Government Development Bank of Puerto Rico or compensation fee, and shall transfer such amounts to the fiscal agent or representative of the holders of the bonds and obligations of the Highways and Transportation Authority issued under the Resolution of 1968 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), insofar as such amounts secure obligations under such Resolution and the Resolution of 1998 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), insofar as such amounts secure obligations under said Resolution, to be used exclusively for the repayment of obligations under the Resolution of 1968 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), and the Resolution of 1998 (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act), as applicable.

The Secretary is hereby authorized to establish a collections mechanism whereby the revenues derived from the Excise Tax on Crude Oil allocated to the Authority (as such term is defined in Section 12A of Act No. 74 of June 23, 1965, as amended by this Act) to be deposited as part of the aforementioned special deposit shall be paid directly by the taxpayer to the financial institution acting as fiscal agent of the holders of the bonds issued under the Resolution of 1998.

(2) The four cents (4¢) of the tax on gas oil or diesel oil established in Section 3020.06 shall be covered into a special deposit in favor of the Highways and Transportation Authority as provided in subsection (a)(1) of this Section. The Department of Transportation and Public Works and the Highways and Transportation Authority, in conjunction with and with the advice of the Government Development Bank for Puerto Rico, are hereby authorized to assist the Metropolitan Bus Authority, if necessary, to restructure its debt backed in any way by the tax on gas oil or diesel oil prior to the approval of this Act. The Metropolitan Bus Authority is hereby authorized to substitute the pledge or lien securing any revenues it may receive from the tax on gas oil or diesel oil prior to the approval of this Act.

(3) The revenues collected from the tax on cigarettes established in Section 3020.05 of this Subtitle up to twenty million dollars ($20,000,000) per fiscal year shall be covered into a special deposit account in favor of the Highways and Transportation Authority for its corporate powers and purposes.

> (A) The Secretary shall transfer every month or as agreed on with the Highways and Transportation Authority, the amounts covered into such special deposit account, deducting therefrom any amounts reimbursed in accordance with the provisions of Section 3030.18 of this Subtitle.
>
> (B) The Secretary shall pay such twenty million dollars ($20,000,000) every fiscal year from the excise tax on cigarettes established in Section 3020.05 of this Subtitle in monthly contributions of up to two million five hundred thousand dollars ($2,500,000). If during any month of the fiscal year the revenues from the said excise tax do not suffice to make the two million five hundred thousand dollar ($2,500,000) payment provided herein, the Secretary shall cover such deficiency using any excess of the two million five hundred thousand dollars ($2,500,000) revenues collected on account of such excise tax on previous or subsequent months of the same fiscal year.
>
> (C) The Highways and Transportation Authority is hereby authorized to pledge or encumber the proceeds from the excise tax on cigarettes established in Section 3020.05 for the payment of the principal of and interest on any bonds or other obligation or for any other lawful purpose of the Authority. Such pledge or encumbrance shall be subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico. The proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Government of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes. Otherwise, the proceeds from said tax, in the necessary amount, shall be used solely for the payment of principal of and interest on the bonds and other obligations of the Authority and to meet any stipulation agreed on by the Authority to the holders of its bonds and other obligations.

(4) The revenues collected from the tax on cigarettes established in Section 3020.05 of this Subtitle up to ten million dollars ($10,000,000) per fiscal year shall be covered into a special deposit account in favor of the Metropolitan Bus Authority for its corporate powers and purposes. The ten million dollars ($10,000,000) per fiscal year to be covered into the special deposit account shall be the second priority and contingent on the deposit of twenty million dollars (20,000,000) from the revenues collected from the tax on cigarettes established in Section 3020.05 of this Subtitle into the special deposit account in favor of the Highways and Transportation Authority as provided in subsection (a)(30) of this Section.

> (A) The Secretary shall transfer every month or as agreed with the Metropolitan Bus Authority, the amounts covered into such special deposit account, deducting

therefrom any amounts reimbursed in accordance with the provisions of Section 3030.18 of this Subtitle.

(B) The Secretary shall pay such ten million dollars ($10,000,000) every fiscal year from the excise tax on cigarettes established in Section 3020.05 of this Subtitle in monthly contributions of up to eight hundred thousand dollars ($800,000). If during any month of the fiscal year the revenues from the said excise tax are not sufficient to make the eight hundred thousand dollar ($800,000) monthly payment provided herein, the Secretary shall cover such deficiency using any excess of the eight hundred thousand dollars ($800,000) revenues collected on account of such excise tax on previous or subsequent months of the same fiscal year.

(C) The Metropolitan Bus Authority is hereby authorized to pledge or encumber the proceeds from the excise tax on cigarettes established in Section 3020.05 for the payment of the principal of and interest on any bonds or other obligation or for any other lawful purpose of the Metropolitan Bus Authority. Such pledge or encumbrance shall be subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico. The proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes. Otherwise, the proceeds from said tax, in the necessary amount, shall be used solely for the payment of principal of and interest on the bonds and other obligations of the Metropolitan Bus Authority and to meet any stipulation agreed on by the Metropolitan Bus Authority to the holders of its bonds and other obligations.

(5) As of the approval of the new tax system of Puerto Rico, the proceeds from the tax on cigarettes established in Section 3020.05 of this Subtitle up to thirty six million dollars ($36,000,000) per fiscal year shall be covered into a special deposit in favor of the Puerto Rico Integrated Transportation Authority for its corporate powers and purposes. The thirty six million dollars ($36,000,000) per fiscal year to be covered into the special deposit in favor of the Puerto Rico Integrated Transportation Authority shall be the third priority and contingent on the deposit of twenty million dollars ($20,000,000) from the revenues collected from the tax on cigarettes established in Section 3020.05 of this Subtitle into the special deposit in favor of the Highway and Transportation Authority as provided in paragraph (3) of this subsection, and on the deposit of the ten million dollars ($10,000,000) of the revenues collected from the tax on cigarettes imposed under Section 3020.05 of this Subtitle covered into the special deposit in favor of the Metropolitan Bus Authority, as provided in paragraph (4) of this subsection.

(A) The Secretary shall transfer every month or as agreed with the Puerto Rico Integrated Transportation Authority, the amounts covered into such special deposit account, deducting therefrom any amounts reimbursed in accordance with the provisions of Section 3030.18 of this Subtitle.

(B) The Secretary shall pay such thirty six million dollars ($36,000,000) every Fiscal Year from the excise tax on cigarettes established in Section 3020.05 of this Subtitle in monthly contributions of up three million dollars ($3,000,000). If during any month of the fiscal year the revenues from the said excise tax are insufficient to make the three million dollar ($3,000,000)-monthly payment provided herein, the Secretary shall make up such deficiency using any excess of the three million dollars ($3,000,000) revenues collected on account of such excise tax on previous or subsequent months of the same Fiscal Year.

(C) The transfer to the Puerto Rico Integrated Transportation Authority of the revenues derived from said excise tax shall be subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico. The revenues derived from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section are insufficient to attain such purposes. If the Commonwealth of Puerto Rico uses any amount of the revenues collected from the tax on cigarettes fixed in Section 3020.05 for the payment of interest on and the amortization of the public debt as provided in Section 8 of Article VI of the Constitution, the amounts used by the Commonwealth of Puerto Rico for the payment of interest on and the amortization of the public debt shall be reimbursed to the Puerto Rico Integrated Transportation Authority from the revenues collected by the Commonwealth of Puerto Rico in the following fiscal year or, if such reimbursement is not possible in the following Fiscal Year, in subsequent fiscal years, except those revenues that have been pledged to meet any obligation. The revenues derived from such taxes that are to be used as provided in this Section to reimburse the Puerto Rico Integrated Transportation Authority any amount used by the Commonwealth of Puerto Rico for the payment of interest on and the amortization of the public debt, shall not be covered into the General Fund of the Government of the Government of Puerto Rico when collected, but rather transferred to the Puerto Rico Integrated Transportation Authority and, subject to the provisions of Section 8 of Article VI of the Constitution of Puerto Rico, shall be used to reimburse said amounts to the Puerto Rico Integrated Transportation Authority.

(D) Notwithstanding any other provision to the contrary, the Puerto Rico Integrated Transportation Authority shall transfer any amount corresponding to the tax collected by virtue of Section 3020.05 to pay any debt or obligation of the Infrastructure Financing Authority backed by the taxes collected by virtue of Section 3020.07A, insofar as the revenues from said taxes are insufficient to repay such debts or obligations and the documents related to said debt or obligation of the Infrastructure Financing Authority so requires.

The Secretary shall transfer from time to time, as agreed on with the Authority, the amounts covered into the special deposit, deducting therefrom the reimbursable amounts in accordance with the provisions of Sections 3030.19 and 3030.20 of this Subtitle.

13 L.P.R.A. § 31751

LEYES DE PUERTO RICO ANOTADAS Currentness
 TÍTULO 13. CONTRIBUCIONES y FINANZAS
  SUBTÍTULO 17. CÓDIGO DE RENTAS INTERNAS PARA UN NUEVO PUERTO RICO
   PARTE IV. ARBITRIOS
    CAPÍTULO 1036. TIEMPO, FORMA DE PAGO y RETENCIÓN DE IMPUESTOS
     **§ 31751 Disposición de fondos**

13 L.P.R.A. § 31751

(a) El producto de los impuestos y derechos de licencia recaudados por virtud de esta parte ingresará en el Fondo General del Tesoro de Puerto Rico, excepto según se dispone a continuación y en la sec. 31751a de este título:

(1) El monto del impuesto que se recaude sobre la gasolina y cuatro (4) centavos del impuesto sobre gas oil o diesel oil fijados en la sec. 31626 de este título; y el monto total por año fiscal del arbitrio que se recaude sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título, ingresarán en un depósito especial a favor de la Autoridad de Carreteras y Transportación para sus fines corporativos.

(A) El Secretario transferirá mensualmente o según lo acuerde con la Autoridad de Carreteras y Transportación, las cantidades ingresadas en dicho depósito especial, deduciendo de las mismas las cantidades reembolsadas de acuerdo a las disposiciones de las secs. 31669 y 31670 de este título.

(B) El Secretario pagará mensualmente la totalidad de los recaudos provenientes del arbitrio sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título.

(C) El Gobierno de Puerto Rico por la presente acuerda y se compromete con cualquier persona, firma o corporación o con cualquier agencia de los Estados Unidos de América o de cualquier estado o del Gobierno de Puerto Rico que suscriban o adquieran bonos de la Autoridad de Carreteras y Transportación de Puerto Rico para el pago de los cuales el producto del impuesto sobre gasolina, gas oil o diesel oil, la cantidad asignada del arbitrio sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título así se pignoren, según autorizado por esta sección, a no reducir el impuesto sobre gasolina o sobre el gas oil o diesel oil fijado en la sec. 31626 de este título, a una cantidad inferior a dieciséis (16) centavos por galón de gasolina o de cuatro (4) centavos por galón de, gas oil o diesel oil respectivamente, y a no reducir los tipos fijados en la sec. 31627 de este título, vigentes a la fecha de aprobación de este Código. Asimismo, acuerda y se compromete a no eliminar o reducir el impuesto a una cantidad inferior a dieciséis (16) centavos por galón de gasolina o de cuatro (4) centavos por galón de gas oil o diesel oil fijados en la sec. 31626 de este título, ni a eliminar ni reducir los tipos fijados del arbitrio sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título. También, acuerda y se compromete a que dichas cantidades serán ingresadas en un depósito especial a nombre y para beneficio de la Autoridad de Carreteras y Transportación de Puerto Rico, según se dispone en esta sección, hasta tanto dichos bonos emitidos en cualquier momento, incluyendo sus intereses, hayan sido totalmente pagados.

(D) El pagador de arbitrios sobre la venta de gasolina, gas oil, diesel oil, petróleo crudo y otros productos derivados del petróleo deberá suministrar a la Autoridad de Carreteras y Transportación copias de las declaraciones de impuestos y recibos de pagos de arbitrios.

(E) En caso de que el monto del producto del impuesto sobre gasolina o 'gas oil' o 'diesel oil' fijados en la sec. 31626 de este título o aquella cantidad de los arbitrios sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título, asignados o que en el futuro se asignen a dicha Autoridad de Carreteras y Transportación, resulte ser en cualquier momento insuficiente para pagar el principal y los intereses de los bonos u otras obligaciones sobre dinero tomado a préstamo o emitida por dicha Autoridad de Carreteras y Transportación para pagar el costo de facilidades de tránsito y para el pago de las cuales el producto de dicho impuesto sobre gasolina o 'gas oil' o 'diesel oil' fijados en la sec. 31626 de este título o aquella cantidad de arbitrio sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título haya sido pignorado y los fondos de la reserva de la Autoridad de Carreteras y Transportación para el pago de los requerimientos de la deuda se apliquen para cubrir la deficiencia en las cantidades que sean necesarias para hacer tales pagos, las cantidades de tal fondo de reserva usadas para cubrir dicha deficiencia serán reembolsadas a la Autoridad de Carreteras y Transportación del primer producto recibido en el próximo año fiscal o años fiscales subsiguientes por el Gobierno de Puerto Rico provenientes de: (1) cualesquiera otros impuestos que estén en vigor sobre cualquier otro combustible o medio de propulsión que se use, entre otros propósitos, para impulsar vehículos de carreteras; Disponiéndose, que para evitar dudas, el arbitrio impuesto por la sec. 31627a de este título no se considerará como un impuesto sobre combustibles o medios de propulsión para impulsar vehículos de carreteras; y (2) cualquier parte remanente del impuesto sobre gasolina y 'gas oil' o 'diesel oil' fijados en la sec. 31626 de este título que estén en vigor. El producto de dichos otros impuestos y la parte remanente del impuesto sobre gasolina y 'gas oil' o 'diesel oil' fijado en la sec. 31626 de este título, que han de ser usados bajo las disposiciones de esta sección para reembolsar los fondos de la reserva para los requerimientos de la deuda, no se ingresarán en el Fondo General del Gobierno de Puerto Rico cuando se cobren, sino que serán ingresados en el depósito especial antes mencionado para beneficio de la Autoridad de Carreteras y Transportación de Puerto Rico y, sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución de Puerto Rico, serán usados para reembolsar dicho fondo de reserva para el pago de los requerimientos de la deuda.

(F) En caso de que el Estado Libre Asociado de Puerto Rico utilice cantidad alguna del impuesto que se recaude sobre la gasolina, de los cuatro (4) centavos del impuesto sobre 'gas oil' o 'diesel oil' fijados en la sec. 31626 de este título, o de los arbitrios sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título para el pago de intereses y amortización de la deuda pública según se establece en la Sección 8 del Artículo VI de la Constitución, las cantidades usadas por el Estado Libre Asociado de Puerto Rico para el pago de intereses y amortización de la deuda pública serán reembolsadas a la Autoridad de Carreteras y Transportación de los recaudos recibidos por el Estado Libre Asociado de Puerto Rico en el próximo año fiscal, o en caso de no ser posible tal reembolso en el próximo año fiscal, en los años fiscales subsiguientes, excepto aquellos recaudos que hayan sido comprometidos para satisfacer cualquier obligación. El producto de dichos recaudos que han de ser usados bajo las disposiciones de esta sección para reembolsar a la Autoridad de Carreteras y Transportación las cantidades utilizadas por el Estado Libre Asociado de Puerto Rico para el pago de intereses y amortización en la deuda pública, no se ingresarán en el Fondo General del Estado Libre Asociado de Puerto Rico cuando se cobren, sino que serán transferidos a la Autoridad de Carreteras y Transportación y, sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución de Puerto Rico, serán usados para reembolsar dichas cantidades a la Autoridad de Carreteras y Transportación.

(G) Independientemente de cualquier otra disposición legal, incluyendo la Ley 24-2014, pero sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución de Puerto Rico, en o después de la fecha de efectividad del gravamen (según se define este término en la sec. 2012a del Título 9), el depósito especial establecido en el inciso (a)(1) de esta sección y los recaudos del arbitrio del petróleo de la Autoridad (según se define este término en la sec. 2012a del Título 9) serán propiedad de la Autoridad de Carreteras y Transportación para beneficio de los tenedores de los bonos emitidos bajo la Resolución del 68 (según se define este término en la sec. 2012a del Título 9) y la Resolución del 98 (según se define este término en la sec. 2012a del Título 9), según aplique, y los recaudos del arbitrio del petróleo de la Autoridad (según se define este término en la sec. 2012a del Título 9) serán depositados, por el Departamento de Hacienda de Puerto Rico, su agente autorizado o cualquier otra instrumentalidad gubernamental del Estado Libre Asociado de Puerto Rico que recaude el mismo, (i) con el agente fiscal bajo la Resolución del 68 (según se define este término en la sec. 2012a del Título 9) y la Resolución del 98 (según se define

este término en la sec. 2012a del Título 9), según aplique; o (ii) después del repago completo de los bonos y obligaciones de la Autoridad de Carreteras y Transportación emitidos bajo la Resolución del 68 (según se define este término en la sec. 2012a del Título 9) y la Resolución del 98 (según se define este término en la sec. 2012a del Título 9), según aplique, con el Banco Gubernamental de Fomento para Puerto Rico, para el beneficio de la Autoridad de Carreteras y Transportación. En la medida que en o después de la fecha de efectividad del gravamen (según se define este término en la sec. 2012a del Título 9), el Banco Gubernamental de Fomento para Puerto Rico o cualquier otra instrumentalidad gubernamental del Estado Libre Asociado de Puerto Rico obtenga posesión de cualesquiera recaudos del arbitrio del petróleo de la Autoridad (según se define este término en la sec. 2012a del Título 9) u otras cantidades pignoradas para garantizar los bonos u otras obligaciones de la Autoridad de Carreteras y Transportación bajo la Resolución del 68 (según se define este término en la sec. 2012a del Título 9) o la Resolución del 98 (según se define este término en la sec. 2012a del Título 9), según aplique, antes de que dichos bonos u otras obligaciones hayan sido pagadas en su totalidad, el Banco Gubernamental de Fomento para Puerto Rico o dicha otra instrumentalidad gubernamental poseerá dichos recaudos del arbitrio del petróleo de la Autoridad (según se define este término en la sec. 2012a del Título 9) en fideicomiso para beneficio de la Autoridad de Carreteras y Transportación libre de cualquier gravamen a favor del Banco Gubernamental de Fomento para Puerto Rico o derecho de compensación, y transferirá dichas cantidades al agente fiscal o representante de los tenedores de los bonos y obligaciones de la Autoridad de Carreteras y Transportación emitidos bajo la Resolución del 68 (según se define este término en la sec. 2012a del Título 9), en la medida dichas cantidades garantizan obligaciones bajo dicha Resolución, y la Resolución del 98 (según se define este término en la sec. 2012a del Título 9), en la medida dichas cantidades garantizan obligaciones bajo dicha Resolución, para ser utilizados exclusivamente para el repago de obligaciones bajo la Resolución del 68 (según se define este término en la sec. 2012a del Título 9) y la Resolución del 98 (según se define este término en la sec. 2012a del Título 9), según aplique.

El Secretario está autorizado a establecer un mecanismo de cobro mediante el cual los recaudos del arbitrio del petróleo de la Autoridad (según se define este término en la sec. 2012a del Título 9) a ser depositados en el antes mencionado depósito especial sean pagados por el contribuyente directamente a la institución financiera que actúe como agente fiscal para los tenedores de los bonos emitidos bajo la Resolución del 98.

(2) La totalidad de los cuatro (4) centavos del impuesto sobre gas oil o diesel oil fijado en la sec. 31626 de este título, ingresarán en un depósito especial a favor de la Autoridad de Carreteras y Transportación según se dispone en la cláusula (1) de este inciso. El Departamento de Transportación y Obras Públicas y la Autoridad de Carreteras y Transportación, en conjunto y con la asesoría del Banco Gubernamental de Fomento para Puerto Rico, quedan autorizados en asistir a la Autoridad Metropolitana de Autobuses, de ser necesario, a reestructurar su deuda que estuviera respaldada de alguna manera por el impuesto sobre el gas oil o diesel oil antes de la aprobación de esta ley. Se autoriza a la Autoridad Metropolitana de Autobuses a sustituir la prenda o gravamen mobiliario que gravara el ingreso que ésta obtuviera por concepto del impuesto sobre el gas oil o diesel oil con anterioridad a la aprobación de esta ley.

(3) El monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título hasta veinte (20) millones de dólares por año fiscal ingresarán en un depósito especial a favor de la Autoridad de Carreteras y Transportación para sus fines y poderes corporativos.

(A) El Secretario transferirá mensualmente o según lo acuerde con la Autoridad de Carreteras y Transportación, las cantidades ingresadas en dicho depósito especial, deduciendo de las mismas las cantidades reembolsadas de acuerdo a las disposiciones de la sec. 31668 de este título.

(B) El Secretario pagará los veinte (20) millones de dólares por año fiscal provenientes del arbitrio sobre los cigarrillos fijados en la sec. 31625 de este título en aportaciones mensuales de hasta dos millones quinientos mil dólares ($2,500,000). Si en cualquier mes del año fiscal el recaudo por concepto de dicho arbitrio no es suficiente para cumplir con el pago de dos millones quinientos mil dólares ($2,500,000) mensuales aquí dispuesto, el Secretario pagará dicha deficiencia utilizando el exceso sobre los dos millones quinientos mil dólares ($2,500,000) que se haya recaudado por dicho arbitrio en meses anteriores o que se recaude en meses subsiguientes del mismo año fiscal.

(C) Se autoriza a la Autoridad de Carreteras y Transportación para comprometer o pignorar el producto de la recaudación así recibida sobre el arbitrio a los cigarrillos fijada en la sec. 31625 de este título para el pago del principal y los intereses de bonos u otras obligaciones o para cualquier otro propósito lícito de la Autoridad. Tal compromiso o pignoración quedará sujeto a la disposición de la Sección 8 del Artículo VI de la Constitución del Gobierno de Puerto Rico. El producto de dicha recaudación se usará solamente para el pago de intereses y amortización de la deuda pública, según se establece en dicha Sección 8 del Artículo VI de la Constitución, hasta tanto los otros recursos disponibles a que se hace referencia en dicha sección sean insuficientes para tales fines. De lo contrario, el producto de tal recaudación, en la cantidad que sea necesaria, se usará solamente para el pago del principal y los intereses de bonos y otras obligaciones de la Autoridad y para cumplir con cualesquiera estipulaciones convenidas por ésta con los tenedores de dichos bonos u otras obligaciones.

(4) El monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título hasta diez (10) millones de dólares por año fiscal ingresarán en un depósito especial a favor de la Autoridad Metropolitana de Autobuses para sus fines y poderes corporativos. El ingreso de estos diez (10) millones de dólares por año fiscal al depósito especial a favor de la Autoridad Metropolitana de Autobuses está en segunda prioridad y subordinado al ingreso de los veinte (20) millones del monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título que ingrese al depósito especial a favor de la Autoridad de Carreteras y Transportación según se dispone en la cláusula (3) de este inciso.

(A) El Secretario transferirá mensualmente o según lo acuerde con la Autoridad Metropolitana de Autobuses, las cantidades ingresadas en dicho depósito especial, deduciendo de las mismas las cantidades reembolsadas de acuerdo a las disposiciones de la sec. 31668 de este título.

(B) El Secretario pagará los diez (10) millones de dólares por año fiscal provenientes del arbitrio sobre los cigarrillos fijados en la sec. 31625 de este título en aportaciones mensuales de hasta ochocientos mil dólares ($800,000). Si en cualquier mes del año fiscal el recaudo por concepto de dicho arbitrio no es suficiente para cumplir con el pago de ochocientos mil dólares ($800,000) mensuales aquí dispuesto, el Secretario pagará dicha deficiencia utilizando el exceso sobre los ochocientos mil dólares ($800,000) que se haya recaudado por dicho arbitrio en meses anteriores o que se recaude en meses subsiguientes del mismo año fiscal.

(C) Se autoriza a la Autoridad Metropolitana de Autobuses para comprometer o pignorar el producto de la recaudación así recibida sobre el arbitrio a los cigarrillos fijada en la sec. 31625 de este título para el pago del principal y los intereses de sus deudas y obligaciones o para cualquier otro propósito lícito de la Autoridad Metropolitana de Autobuses. Tal compromiso o pignoración quedará sujeto a la disposición de la Sección 8 del Artículo VI de la Constitución del Gobierno de Puerto Rico. El producto de dicha recaudación se usará solamente para el pago de intereses y amortización de la deuda pública, según se establece en dicha Sección 8 del Artículo VI de la Constitución, hasta tanto los otros recursos disponibles a que se hace referencia en dicha sección sean insuficientes para tales fines. De lo contrario, el producto de tal recaudación, en la cantidad que sea necesaria, se usará solamente para el pago del principal y los intereses de deudas y otras obligaciones de la Autoridad Metropolitana de Autobuses y para cumplir con cualesquiera estipulaciones convenidas por ésta con los acreedores de dichas deudas u otras obligaciones.

(5) El monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título hasta treinta y seis (36) millones de dólares por año fiscal, comenzando con el Año Fiscal 2015-2016, ingresarán en un depósito especial a favor de la Autoridad de Transporte Integrado de Puerto Rico para sus fines y poderes corporativos. El ingreso de estos treinta y seis (36) millones de dólares por año fiscal al depósito especial a favor de la Autoridad de Transporte Integrado de Puerto Rico está en tercera prioridad y subordinado al ingreso de los veinte (20) millones de dólares del monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título que ingrese al depósito especial a favor de la Autoridad de Carreteras y Transportación, según se dispone en la cláusula (3) de este inciso, y al de los diez (10) millones de dólares del monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título que ingrese al depósito especial a favor de la Autoridad Metropolitana de Autobuses, según se dispone en la cláusula (4) de este inciso.El monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título hasta treinta y seis (36) millones de dólares por año fiscal, a partir de la aprobación del Nuevo Sistema Contributivo de Puerto Rico, ingresarán en un depósito especial a favor de la

Autoridad de Transporte Integrado de Puerto Rico para sus fines y poderes corporativos. El ingreso de estos treinta y seis (36) millones de dólares por año fiscal al depósito especial a favor de la Autoridad de Transporte Integrado de Puerto Rico está en tercera prioridad y subordinado al ingreso de los veinte (20) millones de dólares del monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título que ingrese al depósito especial a favor de la Autoridad de Carreteras y Transportación según se dispone en la cláusula (3) de este inciso y al de los diez (10) millones de dólares del monto del impuesto que se recaude sobre los cigarrillos fijados en la sec. 31625 de este título que ingrese al depósito especial a favor de la Autoridad Metropolitana de Autobuses según se dispone en la cláusula (4) de este inciso.

(A) El Secretario transferirá mensualmente o según lo acuerde con la Autoridad de Transporte Integrado de Puerto Rico, las cantidades ingresadas en dicho depósito especial, deduciendo de las mismas las cantidades reembolsadas de acuerdo a las disposiciones de la sec. 31668 de este título.

(B) El Secretario pagará los treinta y seis (36) millones de dólares por año fiscal provenientes del arbitrio sobre los cigarrillos fijados en la sec. 31625 de este título en aportaciones mensuales de hasta tres millones de dólares ($3,000,000). Si en cualquier mes del año fiscal el recaudo por concepto de dicho arbitrio no es suficiente para cumplir con el pago de tres millones de dólares ($3,000,000) mensuales aquí dispuesto, el Secretario pagará dicha deficiencia utilizando el exceso sobre los tres millones de dólares ($3,000,000) que se haya recaudado por dicho arbitrio en meses anteriores o que se recaude en meses subsiguientes del mismo año fiscal.

(C) La transferencia del producto de la recaudación de dicho arbitrio a la Autoridad de Transporte Integrado de Puerto Rico quedará sujeto a la disposición de la Sección 8 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico. El producto de dicha recaudación solamente se usará para el pago de intereses y amortización de la deuda pública, según se establece en dicha Sección 8 del Artículo VI de la Constitución, en la medida que los demás recursos disponibles mencionados en dicha Sección no sean suficientes para tales fines. En caso de que el Estado Libre Asociado de Puerto Rico utilice cantidad alguna de los arbitrios sobre el cigarrillo fijados en la sec. 31625 de este título para el pago de intereses y amortización de la deuda pública según se establece en la Sección 8 del Artículo VI de la Constitución, las cantidades usadas por el Estado Libre Asociado de Puerto Rico para el pago de intereses y amortización de la deuda pública serán reembolsadas a la Autoridad de Transporte Integrado de Puerto Rico de los recaudos recibidos por el Estado Libre Asociado de Puerto Rico en el próximo año fiscal, o en caso de no ser posible tal reembolso en el próximo año fiscal, en los años fiscales subsiguientes, excepto aquellos recaudos que hayan sido comprometidos para satisfacer cualquier obligación. El producto de dichos recaudos que han de ser usados bajo las disposiciones de esta sección para reembolsar a la Autoridad de Transporte Integrado de Puerto Rico las cantidades utilizadas por el Estado Libre Asociado de Puerto Rico para el pago de intereses y amortización en la deuda pública, no se ingresarán en el Fondo General del Estado Libre Asociado de Puerto Rico cuando se cobren, sino que serán transferidos a la Autoridad de Transporte Integrado de Puerto Rico y, sujeto a las disposiciones de la Sección 8 del Artículo VI de la Constitución de Puerto Rico, serán usados para reembolsar dichas cantidades a la Autoridad de Transporte Integrado de Puerto Rico.

(D) Independientemente de cualquier disposición en contrario, la Autoridad de Transporte Integrado de Puerto Rico transferirá cualquier cantidad correspondiente al impuesto recaudado por virtud de la sec. 31625 de este título para pagar cualquier deuda u obligación de la Autoridad para el Financiamiento de la Infraestructura respaldada por los impuestos recaudados por virtud de la sec. 31627a de este título en la medida que los recaudos de dichos impuestos no sean suficientes para el repago de dichas deudas u obligaciones y la documentación relacionada a dicha deuda u obligación de la Autoridad para el Financiamiento de la Infraestructura así lo requiera.

El Secretario transferirá de tiempo en tiempo y según lo acuerde con la Autoridad, las cantidades ingresadas en el depósito especial, deduciendo de las mismas las cantidades reembolsables de acuerdo a las disposiciones de las secs. 31669 y 31670 de este título.

-Enero 31, 2011, Núm. 1, sec. 3060.11; Diciembre 10, 2011, Núm. 232, art. 138; Junio 25, 2013, Núm. 31, art. 3; Enero 15, 2015, Núm. 1, art. 2.07; Marzo 13, 2015, Núm. 29, art. 5; Septiembre 30, 2015, Núm. 159, art. 16.

NOTAS, REFERENCIAS, Y ANOTACIONES

HISTORIAL.

Codificación.
Tal como fue enmendada, esta sección sólo tiene un inciso. Enmiendas **-2015.**

Inciso (a)(5): La Ley de Septiembre 30, 2015, Núm. 159 sustituyó 'a partir de la aprobación del Nuevo Sistema Contributivo de Puerto Rico' con 'comenzando con el Año Fiscal 2015-2016' en el párrafo introductorio.

Inciso (a)(1)(G): La Ley de Marzo 13, 2015, Núm. 29 sustituyó 'fecha de efectividad' con 'fecha de efectividad del gravamen'.

Inciso (a): La Ley de Enero 15, 2015, Núm. 1 añadió la referencia a la sec. 31751a de este título en el párrafo introductorio.

Inciso (a)(1): La Ley de Enero 15, 2015, Núm. 1 enmendó el párrafo (B) en términos generales, añadió el Disponiéndose en el párrafo (E) y añadió los párrafos (F) y (G).

Inciso (a)(5): La Ley de Enero 15, 2015, Núm. 1 añadió la cláusula (5). **-2013.**

Inciso (a)(1): La ley de 2013 sustituyó 'hasta ciento veinte (120) millones de dólares' con 'el monto total' después de 'sec. 31626 de este título'.

Inciso (a)(1)(B): La ley de 2013 suprimió el anterior párrafo (B), redesignando los restantes párrafos.

Inciso (a)(1)(F): La ley de 2013 suprimió 'y de los arbitrios sobre el petróleo crudo, productos parcialmente elaborados y productos terminados derivados del petróleo y cualquier otra mezcla de hidrocarburos fijados en la sec. 31627 de este título' dos veces.

Inciso (a)(3) y (4): La ley de 2013 añadió estas cláusulas y sus párrafos. **-2012.**

Inciso (a)(2): La ley de 2012 enmendó esta cláusula en términos generales. **-2011.**

La ley de 2011 designó el párrafo introductorio como inciso (a).


Vigencia.
Véase la nota bajo la sec. 30011 de este título. Exposición de motivos.


Véase Leyes de Puerto Rico de:
Diciembre 10, 2011, Núm. 232.

Junio 25, 2013, Núm. 31.

Enero 15, 2015, Núm. 1.

Marzo 13, 2015, Núm. 29.

Septiembre 30, 2015, Núm. 159.

Salvedad.

Véase la nota bajo la sec. 30011 de este título.

13 L.P.R.A. § 31751, PRS ST T. 13 § 31751

ESTA SECCION ESTA CORRIENTE PARA EL SUPLEMENTO DE 2018 (SESION DE LA ASAMBLEA LEGISLATIVA DE 2017) Y LAS LEYES 1 a 305 DE 2018

LEYES DE PUERTO RICO ANOTADAS(c) LEYES DE PUERTO RICO ANOTADAS Derecho de Propiedad; 1955-2019 por El Secretario de Estado de Puerto Rico y LEXISNEXIS de Puerto Rico, Inc.Derechos reservados

**End of Document**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.