**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
-------------------------------------------------------------------- X
                                                                     :
In re:                                                               :
                                                                     :
THE FINANCIAL OVERSIGHT AND                                          :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                    :  Title III
                                                                     :
        as representative of                                         :  Case No. 17-BK-3283 (LTS)
                                                                     :
THE COMMONWEALTH OF PUERTO RICO et al.,                              :  (Jointly Administered)
                                                                     :
        Debtors.¹                                                    :
-------------------------------------------------------------------- X
```

**URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SET BRIEFING SCHEDULE AND HEARING ON URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO LIFT STAY TO ALLOW COMMITTEE TO PURSUE OBJECTION TO GO PRIORITY**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")² hereby files this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), setting a briefing schedule and hearing on the *Urgent Motion of Official Committee of Unsecured Creditors to Lift Stay to Allow Committee*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

*to Pursue Objection to GO Priority* (the "Lift Stay Motion").³ In support of this Urgent Motion, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.⁴

2. Venue is proper pursuant to section 307(a) of PROMESA.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006, made applicable to these Title III cases by sections 301(a) and 310 of PROMESA, Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *Thirteenth Amended Notice, Case Management and Administrative Procedures* [Docket No. 13512-1] (the "Case Management Procedures").

## RELIEF REQUESTED

4. By this Urgent Motion, the Committee respectfully requests entry of the Proposed Order: (a) scheduling oral argument on the Lift Stay Motion for the Court's omnibus hearing scheduled for **July 29, 2020**; (b) setting the deadline to respond to the Lift Stay Motion for **July 25, 2020 at 4:00 p.m. (AST)**; and (c) setting the Committee's deadline to reply to any response for **July 27, 2020 at 4:00 p.m. (AST)**. As detailed below, the Committee believes that the proposed expedited schedule is appropriate under the circumstances. Alternatively, if the Court is not inclined to set an expedited briefing schedule and hearing with respect to the Lift Stay Motion, the Committee respectfully requests that the Court schedule a separate hearing on the

---

³ All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Lift Stay Motion.

⁴ References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

2

Lift Stay Motion prior to the September 16, 2020 omnibus hearing, but no later than one (1) month after the date hereof (and set the related briefing schedule accordingly).

**BASIS FOR RELIEF REQUESTED**

5. Bankruptcy Rule 9006(c)(1) provides that "the court for cause shown may in its discretion with or without motion or notice order the period [for notice] reduced." Further, Local Rule 9013-1(a) allows a party to request that a court "consider a motion on an expedited basis." Cause exists to schedule the Lift Stay Motion on an expedited basis.

6. Expedited consideration of the Lift Stay Motion is appropriate under the circumstances. First and foremost, the Committee has little alternative but to seek expedited consideration of the Lift Stay Motion at the July 29, 2020 omnibus hearing in order to ensure that the Lift Stay Motion is decided on a reasonable time frame. For one, the Committee could not file the Lift Stay Motion prior to the filing of the Oversight Board's July 15, 2020 status report [Docket No. 13660] (the "Status Report"), because the Lift Stay Motion is being filed, in large part, in response to the Oversight Board's request in the Status Report to continue the indefinite stay under the Stay Order. Moreover, absent expedited relief, the next scheduled omnibus hearing available for consideration of the Lift Stay Motion would be the omnibus hearing scheduled for September 16, 2020, nearly two months from today. Given the significance of the relief sought in the Lift Stay Motion, namely to lift the bar on the Committee's ability to pursue its GO Priority Objection, the Committee submits that it should not have to wait two months before the Lift Stay Motion is heard by this Court.

7. Moreover, shortening the notice period does not prejudice any party in interest as the Committee previewed the relief sought in the Lift Stay Motion in its position statement [Docket No. 13167] (the "Position Statement") filed in response to the Oversight Board's May 1,

3

2020 status report. In the Position Statement, the Committee made clear that the stay should be lifted to allow the Committee to pursue its GO Priority Objection and that it reserved its right to formally make such a request by separate motion. Position Statement ¶8. Accordingly, the Committee submits that there is no prejudice to the Oversight Board or other parties in interest to have the Lift Stay Motion heard on an expedited basis.

8. In any event, the Committee's proposed briefing schedule would give the Oversight Board and other parties in interest ample time to respond to the Lift Stay Motion. The Committee proposes that objections to the Lift Stay Motion be filed by July 25, 2020, *i.e.,* six (6) days after the filing of the Lift Stay Motion on July 19. This is just one day shy of the standard seven (7) day period for objections permitted under the Case Management Procedures. *See* Case Management Procedures at III.G (motions due twenty-two (22) days prior to hearing date) and III.I (objections due fifteen (15) days prior to hearing date).

9. Alternatively, if the Court is not inclined to approve an expedited briefing and hearing schedule, the Committee respectfully requests that the Court schedule a separate hearing on the Lift Stay Motion prior to the September 16, 2020 omnibus hearing, but no later than one (1) month after the date hereof. For all the reasons set forth above, the Committee submits that it should not have to wait for a decision on the Lift Stay Motion until mid-September 2020. .

10. Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies that it has engaged in reasonable, good-faith communications with counsel to the Oversight Board. Counsel to the Oversight Board has informed counsel to the Committee that the Oversight Board objects to having the Lift Stay Motion heard on an expedited basis. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies that counsel has carefully examined the matter and concluded that there is a true need

4

for an urgent hearing, and that the movant has not created the urgency through lack of due diligence on its part. The undersigned further certifies that movant made a bona fide and good faith effort to resolve the matter without a hearing.

## NOTICE

11. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (viii) all parties that have filed a notice of appearance in these Title III cases.

## NO PRIOR REQUEST

12. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A** expediting consideration of the Lift Stay Motion and granting such other relief as the Court deems just and proper.

Dated: July 19, 2020         By: _/s/ Luc A. Despins_

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: _/s/ Juan J. Casillas Ayala_

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*