## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) | No. 17 BK 3283-LTS |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | |
| as representative of | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, | ) | No. 17 BK 3283-LTS |
| | ) | |
| PUERTO RICO HIGHWAYS & | ) | No. 17 BK 3567-LTS |
| TRANSPORTATION AUTHORITY, | ) | (This Filing Relates to |
| | ) | These Debtors) |
| Debtor. | ) | |
| PEAJE INVESTMENTS LLC, | ) | |
| | ) | Adv. Proc. No. 17-151-LTS |
| Plaintiff, | ) | in 17 BK 3567-LTS |
| | ) | |
| -against- | ) | Adv. Proc. No. 17-152-LTS |
| | ) | in 17 BK 3283-LTS |
| PUERTO RICO HIGHWAYS & | ) | |
| TRANSPORTATION AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants.[1] | ) | |

## JOINT STATUS REPORT

---

[1] Pursuant to F. R. Bankr. P. 7025 and F. R. Civ. P. 25(d), the following automatic substitutions are made for defendants who were sued in their former official capacities: (i) the Hon. Wanda Vázquez Garced, in her official capacity as Governor of Puerto Rico, is automatically substituted for Ricardo Antonio Rosselló Nevares; (ii) the Hon. Francisco Parés, in his official capacity as Secretary of Treasury of Puerto Rico, is automatically substituted for the Hon. Raúl Maldonado Gautier; and (iii) Omar J. Marrero, in his official capacity as executive director of AAFAF, is automatically substituted for Christian Sobrino Vega.

Plaintiff Peaje Investments LLC ("Plaintiff"), together with Defendants the Financial

Oversight and Management Board for Puerto Rico (the "FOMB"), as representative of

defendants the Commonwealth of Puerto Rico ("Commonwealth") and Puerto Rico Highways

and Transportation Authority ("HTA"), Puerto Rico Fiscal Agency and Financial Advisory

Authority ("AAFAF"), Wanda Vázquez Garced, Raúl Maldonado Gautier, José Iván Marrero

Rosado, Omar J. Marrero, and Carlos Contreras Aponte (collectively, the "Parties"), respectfully

submit this Joint Status Report in response to the Court's April 21, 2020 Order (*available at*:

Adv. Proc. No. 17-151-LTS, [Dkt. No. 301]) directing the Parties to "submit a brief joint status

report further updating the Court on or before **July 20, 2020**."

In their November 14, 2018 Joint Status Report (*available at*: Adv. Proc. No. 17-151-

LTS, [Dkt. No. 281]), the Parties informed the Court that Plaintiff had filed a petition for a writ

of certiorari with the Supreme Court of the United States (Case No. 18-560) seeking review of

the opinion issued by the Court of Appeals for the First Circuit in *In re Fin. Oversight & Mgmt.

Bd. for Puerto Rico*, 899 F.3d 1 (1st Cir. 2018).  The Parties further informed the Court that the

First Circuit had recently heard oral argument in the appeal of Assured Guaranty Corporation, *et

al*. [Case Nos. 18-1165, 18-1166], and was scheduled to hear oral argument in the appeal of

Ambac Assurance Corporation [Case No. 18-1214].  The Parties agreed that those appeals

involved issues that to some extent overlap with the issues raised in the above-captioned

adversary proceedings.  The Parties requested the entry of an order directing them to report to the

Court on or before February 14, 2019 to inform the Court of the status of these matters and their

respective positions.

2

In their February 14, 2019 Joint Status Report (*available at*: Adv. Proc. No. 17-151-LTS, [Dkt. No. 283]), the Parties informed the Court that: (i) the Supreme Court's docket indicated that Plaintiff's petition for a writ of certiorari would be considered in conference on February 15, 2019; and (ii) the Court of Appeals heard oral argument in the *Assured* matter on November 5, 2018 and the *Ambac* matter on December 5, 2018, and both matters were submitted.   The Parties requested the entry of an order directing them to report to the Court on or before March 28, 2019 to update the Court of the status of these matters and the Parties' respective positions. Consistent with the Parties' request, the Court's February 14, 2019 Order directed the Parties to file a further status report on or before March 28, 2019.

In their March 28, 2019 Joint Status Report (*available at*: Adv. Proc. No. 17-151-LTS, [Dkt. No. 286]), the Parties informed the Court that: (i) the Supreme Court denied Plaintiff's petition for a writ of certiorari on February 19, 2019; (ii) the Court of Appeals affirmed this Court's decision in the *Assured* matter on March 26, 2019; and (iii) the Court of Appeals had not yet issued an opinion in the submitted *Ambac* matter.  The Parties requested the entry of an order directing them to report to the Court on or before April 29, 2019 to update the Court of the status of these matters and the Parties' respective positions.  Consistent with the Parties' request, the Court's March 29, 2019 Order (*available at*: Adv. Proc. No. 17-151-LTS, [Dkt. No. 287]) directed the Parties to file a further status report on or before April 29, 2019.

In their April 29, 2019 Joint Status Report (*available at*: Adv. Proc. No. 17-151-LTS, [Dkt. No. 288]), the Parties informed the Court that: (i) Assured had filed a petition for rehearing or rehearing *en banc* with the First Circuit Court of Appeals; (ii) the First Circuit had not ruled on Assured's petition; and (iii) the Court of Appeals had not yet issued an opinion in the submitted *Ambac* matter.  The Parties requested the entry of an order directing them to report to

3

the Court on or before June 28, 2019 to update the Court of the status of these matters and the

Parties' respective positions.  Consistent with the Parties' request, the Court's April 29, 2019

Order (*available at*: Adv. Proc. No. 17-151-LTS, [Dkt. No. 289]) directed the Parties to file a

further status report on or before June 28, 2019.

In their June 28, 2019 Joint Status Report (*available at*: Adv. Proc. No. 17-151-LTS,

[Dkt. No. 291]), the Parties informed the Court that: (i) on May 29, 2019, the First Circuit Court

of Appeals issued an Errata Sheet in the *Assured* matter [Case Nos. 18-1165, 18-1166]; (ii) the

First Circuit had not ruled on Assured's petition for rehearing or rehearing *en banc*; (iii) on June

24, 2019, the First Circuit affirmed this Court's decision in the *Ambac* matter.  [Case No. 18-

1214]; (iv) on June 20, 2019, the Supreme Court of the United States granted certiorari in

*Financial Oversight Bd. v. Aurelius Investment, et al*. (*available* at 18-1334), *Aurelius*

*Investment, at al., v. Commonwealth of Puerto Rico, et al.* (*available* at 18-1475), *Official*

*Committee of Debtors v. Aurelius Investment, et. al.* (available at 18-1496), *United States v.*

*Aurelius Investment, et. al.* (available at 18-1514), and *Utier v. Financial Oversight Bd., et al*

(available at 18-1521) (the "Appointments Clause cases") and set an expedited schedule for

briefing and oral argument; and (v) the June 20, 2019 Order stated the Appointment Clause cases

would be set for argument the second week of the October 2019 argument session.  Consistent

with the Parties' request, the Court's July 1, 2019 Order (*available at*: Adv. Proc. No. 17-151-

LTS, [Dkt. No. 292]) directed the Parties to file a further status report on or before September

15, 2019.

In their September 15, 2019 Joint Status Report (*available at*: Adv. Proc. No. 17-151-

LTS, [Dkt. No. 293]), the Parties informed the Court that: (i) on July 31, 2019, the First Circuit

Court of Appeals issued an order denying the petition for rehearing and the petition for rehearing

*en banc* in the *Assured* matter; and (ii) the Supreme Court of the United States scheduled oral

argument in the Appointment Clause cases on October 15, 2019. Consistent with the Parties'

request, the Court's September 16, 2019 Order (*available at*: Adv. Proc. No. 17-151-LTS, [Dkt.

No. 294]) directed the Parties to file a further status report on or before December 16, 2019.

In their December 15, 2019 Joint Status Report (*available at*: Adv. Proc. No. 17-151-

LTS, [Dkt. No. 295]), the Parties informed the Court that: (i) on September 20, 2019, Assured

filed a petition for a writ of certiorari with the Supreme Court of the United States (Case No. 19-

391) seeking review of the opinion issued by the First Circuit Court of Appeals in the *Assured*

matter; (ii) on September 23, 2019, Ambac filed a petition for a writ of certiorari with the

Supreme Court of the United States (Case No. 19-387) seeking review of the opinion issued by

the First Circuit Court of Appeals in the *Ambac* matter; (iii) according to the Supreme Court's

docket, Assured's and Ambac's petitions for a writ of certiorari and related briefs had been

distributed for conference on January 10, 2020; and (iv) on October 15, 2019, the United States

Supreme Court heard oral argument in the Appointment Clause cases. Consistent with the

Parties' request, the Court's December 16, 2019 Order (*available at*: Adv. Proc. No. 17-151-

LTS, [Dkt. No. 296]) directed the Parties to file a further status report on or before February 17,

2020.

In their February 14, 2020 Joint Status Report (*available at*: Adv. Proc. No. 17-151-LTS,

[Dkt. No. 297]), the Parties informed the Court that: (i) on January 13, 2020, the Supreme Court

denied the petitions for a writ of certiorari in the *Assured* matter (Case No. 19-391) and the

*Ambac* matter (Case No. 19-387); (ii) on January 16, 2020, the FOMB, as sole representative of

the Commonwealth pursuant to PROMESA, filed an adversary Complaint (*available at*: Adv.

Proc. No. 20-00005-LTS, [Dkt. No. 1]) (the "Commonwealth Revenue Bond Adversary

Proceeding") objecting to the proofs of claims filed by Peaje, Ambac, Assured, Assured

Guaranty Corp. ("AGMC"), National Public Finance Guaranty Corporation ("National"),

Financial Guaranty Insurance Company ("FGIC") and The Bank of New York Mellon, as Fiscal

Agent (the "Fiscal Agent"), and the deadline for Peaje to respond to the Complaint was February

27, 2020; and (iii) also on January 16, 2020, the FOMB, as sole representative of HTA pursuant

to PROMESA, and the Official Committee of Unsecured Creditors of all Debtors (other than

COFINA and PBA), filed an adversary Complaint (*available at*: Adv. Proc. No. 20-00007-LTS,

[Dkt. No. 1]) (the "HTA Revenue Bond Adversary Proceeding") objecting to the proofs of

claims filed by Peaje, Ambac, Assured, AGMC, National, FGIC and the Fiscal Agent, and the

deadline for Peaje to respond to that Complaint was February 27, 2020.  Consistent with the

Parties' request, the Court's February 18, 2020 Order (*available at*: Adv. Proc. No. 17-151-LTS,

[Dkt. No. 298]) directed the Parties to file a further status report on or before April 20, 2020.

In their April 20, 2020 Joint Status Report (*available at*: Adv. Proc. No. 17-151-LTS,

[Dkt. No. 300]), the Parties informed the Court that: (i) on February 26, 2020, the Court granted

the Commonwealth's and Peaje's joint urgent motion in the Commonwealth Revenue Bond

Adversary Proceeding for an order extending to March 30, 2020, the deadline for Peaje to

respond to the Complaint in that adversary proceeding (*available at*: Adv. Proc. No. 20-00005-

LTS, [Dkt. No. 29]); (ii) on March 10, 2020, the Court entered the *Final Case Management

Order for Revenue Bonds* (*available at*: Case No. 17-03283-LTS [Dkt. No. 12186]) (the "Final

CMO"), setting March 27, 2020 as the deadline (as it applies to Peaje) to file cross-motions for

partial summary judgment with respect to specific counts of the Complaint in the

Commonwealth Revenue Bond Adversary Proceeding, which deadline was subsequently

extended by further Court order to April 28, 2020) (*available at*: Case No. 17-03283-LTS [Dkt.

No. 12700]); (iii) the Final CMO otherwise stayed the Commonwealth Revenue Bond Adversary

Proceeding and the HTA Revenue Bond Adversary Proceeding (including motions to dismiss the

Complaint in the HTA Revenue Bond Adversary Proceeding in which Peaje had partially

joined); (iv) by order dated March 20, 2020 (*available at*: Adv. Proc. No. 20-00005-LTS, [Dkt.

No. 46]), the Court granted the Commonwealth's and Peaje's joint urgent motion for an order

staying the counts alleged against Peaje in the Complaint in the Commonwealth Revenue Bond

Adversary Proceeding, and deeming the Court's determination, if any, of legal issues by motion

for partial summary judgment on corresponding counts of that Complaint alleged against other

defendants applicable to, and binding upon, the Commonwealth and Peaje; and (v) the

Appointment Clause cases remained submitted, and the Supreme Court of the United States had

not issued an opinion.

On April 28, 2020, the Commonwealth filed its motion for partial summary judgment in

the Commonwealth Revenue Bond Adversary Proceeding (*available at*: Adv. Proc. No. 20-

00005-LTS, [Dkt. Nos. 55-62]).  Pursuant to the Court's order dated July 7, 2020 (*available at*:

Adv. Proc. No. 20-00005-LTS, [Dkt. No. 90]), responses to the motion for partial summary

judgment are due on July 16, 2020, replies are due on August 31, 2020, and a telephonic hearing

will be held on September 23, 2020.

On June 1, 2020, the United States Supreme Court issued its opinion in the Appointments

Clause cases reversing the First Circuit decision and remanding the matter for further

proceedings.  520 U.S. ____.  On July 9, 2020, the First Circuit entered Judgment in the

Appointments Clause cases lifting the July 2, 2019 stay of mandate, and affirming the July 13,

2018 opinion and order in *In re Commonwealth of P.R.*, No. 17-bk-03283-LTS (D.P.R.); the

August 3, 2018 judgment in *Assured Guar. Mun. Corp. v. Fin. Oversight & Mgmt. Bd. for P.R.*,

No. 18-ap-00087-LTS (D.P.R.); and the August 15, 2018 judgment in *UTIER v. PREPA*, No. 17-ap-00228-LTS (D.P.R.)  Also on July 9, 2020, the First Circuit issued the Mandate in the Appointments Clause cases.

On July 2, 2020, the Court issued its *Opinion and Order in Connection with Preliminary Hearing Regarding Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from Automatic Stay, or, in the Alternative, Adequate Protection* relating to the Commonwealth and HTA (*available at*: Case No. 17-03567-LTS, [Dkt. No. 853]).  The Court denied the motion by Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company to the extent it seeks stay relief or adequate protection with respect to liens or other property interests in revenues other than those that have been deposited in certain accounts held by the Fiscal Agent.  *Id*., p. 36.

The Parties believe the adversary proceedings that are the subject of this status report involve similar or overlapping issues with Commonwealth Revenue Bond Adversary Proceeding and the HTA Revenue Bond Adversary Proceeding.  Therefore, for the sake of efficiency and judicial economy, the Parties have agreed to continue to refrain from litigating these adversary proceedings at this time.  Accordingly, the Parties respectfully request the entry of an order directing them to report to the Court on or before November 20, 2020 to inform the Court of the status of these matters and their respective positions in light of the foregoing.  For the avoidance of doubt, the Parties have agreed that, in the interim, they will not be foreclosed from taking appropriate legal action in or outside the above-captioned adversary proceedings.

Respectfully submitted this 20th day of July 2020.

| | |
|---|---|
| MONSERRATE SIMONET & GIERBOLINI, LLC | DECHERT LLP |

/s/ *Allan S. Brilliant*

Dora L. Monserrate Peñagarícano
USDC-PR No. 212612
101 San Patricio Avenue
Maramar Plaza, Suite 1120
Guaynabo, Puerto Rico 00968
Phone:     (787) 620-5300
Fax:          (787) 620-5305

Allan S. Brilliant (*pro hac vice)*
1095 Avenue of the Americas
New York, New York 10036

-and-

G. Eric Brunstad, Jr. (*pro hac vice*)
90 State House Square
Hartford, Connecticut 06103

*Attorneys for Peaje Investments LLC*

/s/ *Herman D. Bauer*
Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Stephen L. Ratner  (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
Bradley R. Bobroff (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email:  mbienenstock@proskauer.com
            sratner@proskauer.com
            tmungovan@proskauer.com
            bbobroff@proskauer.com

Michael A. Firestein (*pro hac vice*)
Lary Alan Rappaport (*pro hac vice*)
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
        lrappaport@proskauer.com

*Attorneys for The Financial Oversight and
Management Board for Puerto Rico, and The
Financial Oversight and Management Board
for Puerto Rico as representative of The
Commonwealth of Puerto Rico*


By:     */s/ Luis C. Marini-Biaggi*
        Luis C. Marini-Biaggi
        USDC No. 222301
        Carolina Velaz-Rivero
        USDC No. 300913
        **MARINI PIETRANTONI MUÑIZ LLC**
        Suite 900
        250 Ave. Ponce de Leon
        San Juan, PR 00918
        Tel:  (787) 705-2171
        Fax:  (787) 936-7494


By:     */s/ John J. Rapisardi*
        John J. Rapisardi
        Peter Friedman
        (Admitted Pro Hac Vice)
        O'MELVENY & MYERS LLP
        7 Times Square
        New York, NY 10036
        Tel: (212) 326-2000
        Fax: (212) 326-2061
          Email: jrapisardi@omm.com
                  pfriedman@omm.com

        -and-

Elizabeth L. McKeen
(Admitted Pro Hac Vice)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994
   Email: emckeen@omm.com

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority and Omar J.
Marrero*

INÉS DEL CARMEN CARRAU MARTÍNEZ
Acting Secretary of Justice


By:   /s/ *Wandymar Burgos Vargas*
      Wandymar Burgos Vargas
      PR-USDC No. 223502
      Deputy Secretary in Litigation
      Department of Justice
      P.O. Box 9020192
      San Juan, Puerto Rico 00902-0192
      Tel: 787-721-2940
      Fax: 787-723-9188
      wburgos@justicia.pr.gov

      *Attorney for Hon. Wanda Vázquez Garced,
      Hon. Francisco Parés, and Hon. José Iván
      Marrero Rosado*


By:   */s/ Raul Castellanos*
      Raul Castellanos
      PR-USDC No. 214611
      Development & Construction Law Group
      LLC
      PMB 443, Suite 112
      100 Grand Paseos Boulevard
      San Juan, Puerto Rico 00926
      Tel: (+1) 787.403.2757
      Fax: (+1) 888.500.1827
      rcastellanos@devconlaw.com

      *Attorney for Hon. Carlos Contreras Aponte*

11