UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

Re: ECF No. 7646, 7689, 7832 &
8244, 12005, 12523, 12533, 13541

------------------------------------------------------------x

ORDER APPROVING JOINT STIPULATION OF THE GOVERNMENT
PARTIES AND THE DRA PARTIES REGARDING THE DRA PARTIES' MOTION
AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE,
<u>ORDERING PAYMENT OF ADEQUATE PROTECTION</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Joint Stipulation to Supplement Order Approving Joint Stipulation of the Government Parties and the DRA Parties Regarding the DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection,* (Docket Entry No. 13722 in Case No. 17-3283 and Docket Entry No. 874 in Case No. 17-3567, the "Motion"),[2] filed on July 17, 2020 by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" and together with AAFAF the "Government Parties") in its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[3] and the *Joint Stipulation of the Government Parties and the DRA Parties Regarding the DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (Docket Entry No. 13703-1 in Case No. 17-3283, the "Stipulation"), a copy of which is annexed hereto as Exhibit "A" and incorporated herein by reference, and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and

---

[2] Capitalized terms not defined herein have the same meaning as in the Stipulation.
[3] The Government Parties and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

(iii) the Court having found good cause to grant the relief requested therein, it is HEREBY ORDERED THAT:

1. The Motion and Stipulation are GRANTED as set forth herein.

2. The Government Parties will file any objection to the DRA Stay Motion (on an individual or joint basis), solely concerning the Standing Issue, no later than July 30, 2020.[4]

3. The DRA Parties will file a response in support of the DRA Stay Motion (the "DRA Response"), solely concerning the Standing Issue, no later than August 13, 2020.

4. The Government Parties will file a reply (on an individual or joint basis) to the DRA Response by no later than August 20, 2020.

5. Unless otherwise modified pursuant to the Stipulation, the Original Order remains in full force and effect.

6. This Order resolves Docket Entry No. 13722 in Case No. 17-3283 and Docket Entry No. 874 in Case No. 17-3567.

SO ORDERED.

Dated: July 20, 2020                         /s/ Laura Taylor Swain
                                             HONORABLE LAURA TAYLOR SWAIN
                                             UNITED STATES DISTRICT JUDGE

---

[4] To the extent the Official Committee of Unsecured Creditors (the "UCC") has the right to be heard on the Standing Issue, the Objection Deadline and the terms of Section 9 of the Final Case Management Order for Revenue Bonds (ECF No. 12186) shall apply. All parties reserve their respective rights regarding the scope of the UCC's participation rights in any aspect of the DRA Stay Motion litigation.