# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**REPLY IN SUPPORT OF URGENT MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY TO ADJOURN DEADLINES FOR CERTAIN CONFLICT MOTIONS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company (collectively, the "Bondholders") respectfully submit this Reply in further support of their *Urgent Motion to Adjourn Deadlines for Certain Conflict Motions* (ECF No. 13606, the "Urgent Motion") and to address the Government Parties' Response to the same (ECF No. 13698, the "Response").[2]

## INTRODUCTION

1. As set forth in the Urgent Motion, the necessary predicates to any Conflict Motion regarding plan voting issues, plan objections relating to HTA's clawback claims, or the resolution of such claims are a proposed plan and motion seeking approval of a disclosure statement and voting procedures. With no disclosure statement motion on calendar, and no proposed plan, these Conflict Motions would be unripe if asserted by the current deadline. Indeed, even the Government Parties now agree that Conflict Motions "turning on the terms of the plan" are unripe. Response ¶ 5. This concession makes clear that the deadline should be adjourned as requested in the Urgent Motion, to avoid prejudice to the Bondholders and to conserve judicial resources.

## ARGUMENT

2. The Government Parties' Response only confirms that the Urgent Motion should be granted, thereby restoring the Court's original sequencing of the disclosure statement objections, Conflict Motions, and Disclosure Statement Hearing. That sequencing enabled the Bondholders to review the proposed plan and voting procedures, and any objections, in considering what if any Conflict Motions to file. It also allowed the Court to efficiently hear Conflict Motions in connection with the Disclosure Statement Motion. And critically, it ensured that any Conflict

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

1

Motion regarding plan voting issues, plan objections relating to HTA's clawback claims, or the resolution of such claims would be ripe for adjudication when filed. The Government Parties fail to offer any good reason to upend that logical sequence.

3. *First*, the Government Parties now *agree* in their Response that Conflict Motions are not ripe to the extent they address conflict issues related to (a) HTA voting or (b) whether the FOMB may include a settlement of HTA claims in a proposed plan. Response ¶ 5. This concession alone is sufficient to grant the Urgent Motion, which seeks to adjourn the deadline for Conflict Motions regarding plan voting issues, plan objections relating to HTA's clawback claims, or the resolution of such claims. Though it is unclear from the Government Parties' Response just how finely they would differentiate the deadlines for particular Conflict Motion issues that the Bondholders might bring, what *is* clear is that piecemeal litigation of conflict issues is woefully inefficient; so is forcing the Bondholders to assert unripe issues to meet a deadline that has now outlived its intended purpose. Such inefficiency can and should be avoided by synchronizing once again the conflicts schedule with the proposed plan, voting procedures, and objections schedule, as the Court originally envisioned.

4. *Second*, the Government Parties assert that, to the extent the Bondholders wish to argue in the abstract that FOMB's conflicts render it incapable of proposing *any* confirmable plan for the Commonwealth and HTA, such an argument "should be determined now." Response ¶ 4. But litigating such a question in isolation from all others, without a live plan or disclosure statement or voting procedures, not only would be inefficient but also would risk asking the Court to issue an advisory opinion. As the Court has recognized:

> The constitutional requirement that controversies be justiciable . . . demands more . . . than strong or even significant disagreement, however high the stakes, to obtain declaratory relief. The issue must be raised, and the relief sought, in a fashion that would address a

2

> specific live controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment. ***Rulings on isolated or abstract points that will principally be useful in formulating or litigating future choices that might or might not be made are outside the authorized scope of declaratory relief***.

Opinion and Order Granting Motion to Dismiss 11, Adv. Proc. No. 17-189 (D.P.R. Jan. 30, 2018), ECF No. 124 (citations omitted) (emphasis added). Indeed, in evaluating ripeness, this Court explained that "[a] court will first 'consider whether . . . a challenged . . . action is final and whether determination of the merits turns upon facts which may not yet be sufficiently developed . . . .'" *See* Opinion and Order Granting Motion to Dismiss 12 – 13, Adv. Proc. No. 17-155 (D.P.R. January 30, 2018), ECF No. 121 (quoting *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 495 (1st Cir. 1992)).

5. Thus, under the justiciability standards recognized by this Court, a Conflict Motion that raises only the abstract question of whether any possible plan could adequately address FOMB's conflicts is not ripe for adjudication. Moreover, the Bondholders do not stand before the Court seeking resolution of an abstract issue; the Bondholders believe it appropriate to put before the Court actual conflict issues if and when the Oversight Board is actively prosecuting a plan of adjustment, disclosure statement, or voting procedures that raise such issues.

6. *Third*, the Government Parties argue that, to the extent FOMB's conflicts of interest have arisen or will arise within the adversary proceedings in which FOMB objected to the Bondholders' HTA-related claims, the Bondholders should assert those arguments in the adversary proceedings and not wait for confirmation proceedings. Response ¶ 6. If the Government Parties unequivocally consent to allow the Court to grant the Bondholders full relief notwithstanding PROMESA Section 305, then the Bondholders could, theoretically, press those issues in Adversary Proceeding Numbers 20-005 and 20-007, as the Government Parties suggest. However, the Bondholders cannot *currently* assert affirmative defenses and counterclaims (including any

3

pertaining to conflicts), even with consent, because those adversary proceedings are stayed except with respect to partial summary judgment motion practice on a limited set of claims specifically identified by the Court. *See* Revenue Bond Order at 5–7. These impediments and due process concerns would and could be properly addressed by granting the Bondholders' pending lift-stay motion, not by slicing and dicing conflicts issues and arbitrarily constraining parties-in-interest from raising valid concerns when they otherwise appropriately should be heard. If the Court intends to set a deadline to raise conflict issues, it should pertain only to objections that should be raised in connection with a pending plan of adjustment, and it should arise only after Bondholders and other parties-in-interest have a fair opportunity to review an operative plan, disclosure statement, voting procedures, and objections thereto—as requested in the Urgent Motion and as originally contemplated by the Court.

## **CONCLUSION**

7. For the foregoing reasons and those set forth in the Bondholders' opening brief, the Urgent Motion should be granted.

Dated: July 20, 2020
San Juan, Puerto Rico

| | |
|---|---|
| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |

By: */s/ Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    USDC-PR 204809
    Ricardo F. Casellas-Sánchez
    USDC-PR 203114
    Diana Pérez-Seda
    USDC-PR 232014
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401
    Email: hburgos@cabprlaw.com
            rcasellas@cabprlaw.com
            dperez@cabprlaw.com

*Attorneys for Assured Guaranty Corp.
and Assured Guaranty Municipal Corp.*

By: */s/ Mark C. Ellenberg*
    Howard R. Hawkins, Jr.\*
    Mark C. Ellenberg\*
    William J. Natbony\*
    Ellen M. Halstead\*
    Thomas J. Curtin\*
    Casey J. Servais\*
    200 Liberty Street
    New York, NY 10281
    Telephone: (212) 504-6000
    Facsimile: (212) 504-6666
    Email: howard.hawkins@cwt.com
            mark.ellenberg@cwt.com
            bill.natbony@cwt.com
            ellen.halstead@cwt.com
            thomas.curtin@cwt.com
            casey.servais@cwt.com

\* Admitted *pro hac vice*

*Attorneys for Assured Guaranty Corp. and
Assured Guaranty Municipal Corp.*

| ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| By:/s/ *Eric Perez-Ochoa* <br> Eric Pérez-Ochoa <br> USDC-PR No. 206,314 <br> E-mail: epo@amgprlaw.com <br><br> By:*/s/Luis A. Oliver-Fraticelli* <br> Luis A. Oliver-Fraticelli <br> USDC-PR NO. 209,204 <br> E-mail : loliver@amgprlaw.com <br><br> 208 Ponce de Leon Ave., Suite 1600 <br> San Juan, PR 00936 <br> Tel. : (787) 756-9000 <br> Fax : (787) 756-9010 <br><br> *Attorneys for National Public Finance Guarantee Corp.* | By:/s/ *Robert Berezin* <br> Jonathan Polkes* <br> Gregory Silbert* <br> Robert Berezin** <br> Kelly Diblasi* <br> Gabriel A. Morgan* <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Tel.: (212) 310-8000 <br> Fax: (212) 310-8007 <br> Email: jonathan.polkes@weil.com <br> gregory.silbert@weil.com <br> robert.berezin@weil.com <br> kelly.diblasi@weil.com <br> gabriel.morgan@weil.com <br><br> * admitted *pro hac vice* <br> **pro hac vice* application forthcoming <br><br> *Attorneys for National Public Finance Guarantee Corp.* |

6

| FERRAIUOLI LLC | MILBANK LLP |
|---|---|
| By: /s/ *Roberto Cámara-Fuertes*<br>ROBERTO CÁMARA-FUERTES<br>USDC-PR NO. 219,002<br>E-mail: rcamara@ferraiuoli.com<br><br>By: */s/ Sonia Colón*<br>SONIA COLÓN<br>USDC-PR NO. 213809<br>E-mail: scolon@ferraiuoli.com<br><br>221 Ponce de Leon Ave., 5th Floor<br>San Juan, PR 00917<br>Tel.: (787) 766-7000<br>Fax: (787) 766-7001<br><br>*Counsel for Ambac Assurance Corporation* | By: /s/ *Atara Miller*<br>DENNIS F. DUNNE*<br>ATARA MILLER*<br>GRANT R. MAINLAND*<br>JOHN J. HUGHES*<br>55 Hudson Yards<br>New York, New York 10001<br>Tel.: (212) 530-5000<br>Fax: (212) 530-5219<br>Email: ddunne@milbank.com<br>    amiller@milbank.com<br>    gmainland@milbank.com<br>    jhughes2@milbank.com<br><br>*admitted *pro hac vice*<br><br>*Counsel for Ambac Assurance Corporation* |

ARENT FOX LLP


By: /s/ *David L. Dubrow*
    DAVID L. DUBROW*
    MARK A. ANGELOV*
    1301 Avenue of the Americas
    New York, New York 10019
    Tel.:    (212) 484-3900
    Fax:    (212) 484-3990
    Email:    david.dubrow@arentfox.com
              mark.angelov@arentfox.com


By: /s/ *Randall A. Brater*
    RANDALL A. BRATER*
    1717 K Street, NW
    Washington, DC 20006
    Tel.:    (202) 857-6000
    Fax:    (202) 857-6395
    Email:    randall.brater@arentfox.com

    *admitted pro hac vice

*Counsel for Ambac Assurance Corporation*

| | |
|---|---|
| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
| By: /s/ *María E. Picó* <br> María E. Picó <br> USDC-PR 123214 <br> 802 Ave. Fernández Juncos <br> San Juan PR 00907-4315 <br> Telephone: (787) 723-8520 <br> Facsimile: (787) 724-7844 <br> E-mail: mpico@rexachpico.com <br><br> *Attorneys for Financial Guaranty Insurance Company* | By: /s/ *Martin A. Sosland* <br> Martin A. Sosland (pro hac vice) <br> 5430 LBJ Freeway, Suite 1200, <br> Dallas, TX 75240 <br> Telephone: (469) 680-5502 <br> Facsimile: (469) 680-5501 <br> E-mail: martin.sosland@butlersnow.com <br><br> Jason W. Callen (pro hac vice) <br> 150 3rd Avenue, South, Suite 1600 <br> Nashville, TN 37201 <br> Telephone: (615) 651-6774 <br> Facsimile: (615) 651-6701 <br> E-mail: jason.callen@butlersnow.com <br><br> *Attorneys for Financial Guaranty Insurance Company* |

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

New York, New York

July 20, 2020

By: */s/ Robert Berezin*
Robert Berezin\*
\* Admitted *pro hac* v*ice*