UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER GRANTING MOTION FOR ENTRY OF NINTH ORDER EXTENDING TIME TO
ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
UNDER WHICH THE PUERTO RICO PUBLIC BUILDINGS
AUTHORITY IS THE LESSOR PURSUANT TO BANKRUPTCY CODE SECTION 365(D)(4)

Upon the *Motion for Entry of a Ninth Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Under Which the Puerto Rico Public Buildings Authority Is the Lessor Pursuant to Bankruptcy Code Section 365(d)(4)* (Docket Entry

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

No. 13574 in Case No. 17-3283, the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The deadline for the Debtors to assume or reject any of the PBA Leases is extended through and including January 29, 2021, without prejudice to (i) (a) the Debtors' right to seek further extensions as contemplated by Bankruptcy Code section 365(d)(4)(B)(ii), (b) the right of any party in interest to object to such requested extensions, or (c) the Debtors' right to object or respond to such objections on the basis that such party lacks standing to object to such requested extensions, or (ii) the disposition of the Adversary Proceeding.

3. Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, or (b) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of Bankruptcy Code section 365(d). The relief granted by this Order shall not affect the Debtors' rights to assume, assume and assign, or reject any PBA Leases.

4. Except as expressly stated in this Order, nothing in the Motion or this Order shall (a) impair or modify the rights and claims of PBA under or related to the PBA Leases under PROMESA or applicable law, or (b) impair or modify the rights or claims of any holders of

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

bonds issued by PBA, either directly or as third party beneficiaries, under or related to the PBA Leases under PROMESA or applicable law.

5. Notwithstanding anything herein or in the Motion to the contrary, nothing contained in this Order shall be deemed to amend, modify, or supersede in any respect the relief granted in the Court's *Order Resolving the Motion of the PBA Funds for the Payment of Rent* (Docket Entry No. 2716 in Case No. 17-3283, the "Rent Order"), and the Rent Order shall remain in full force and effect following the entry of this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

7. This Order resolves Docket Entry No. 13574 in Case No. 17-3283.

SO ORDERED.

Dated: July 20, 2020

                                                               /s/ Laura Taylor Swain
                                                               LAURA TAYLOR SWAIN
                                                               United States District Judge