Exhibit D

**CHARLES A. CUPRILL, P.S.C., LAW OFFICES**

*356 Fortaleza Street*     *Tels., (787) 977-0515*
*Second Floor*     *(787) 977-0516*
*San Juan, PR 00901*     *Fax. (787) 977-0518*

<u>Charles A. Cuprill-Hernández, Esq. – cacuprill@cuprill.com</u>

VIA E-MAIL: penagaricanobrownusdc@gmail.com

May 14, 2020

Susana I. Peñagaricano-Brown
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, PR 00902-0192

Dear Ms. Peñagarícano:

    I hope that you and all members of the Peñagarícano family are in good health during these trying times.

    Receipt of your electronic correspondence of May 13, 2020, in response to our lift of stay notice of April 15, 2020 ("Lift of Stay Notice") regarding Med Centro, Inc.'s ("Med Centro") intended prosecution in Case No. 06-1260 (GAG) (the "Case") of a request for the establishment of its prospective payment system ("PPS") per visit rate, utilizing the applicable adjustable PPS per visit rate from 2009 forward, pursuant to 42 U.S.C. § 1396 (bb) (6) and the Centers for Medicare and Medicaid Services guidelines.

    You indicate that the Commonwealth, in coordination with FOMB's and AFFAF's counsel, has determined to deny our request for modification of the stay for being improper, since following the filing of the Confidential Settlement Agreement (the "Settlement Agreement") the Case was dismissed with prejudice, the District Court retaining jurisdiction only to enforce the Settlement Agreement for four years, which expired in 2015, and therefore the District Court lacks jurisdiction over the Case.

    We would like to call to your attention, that on February 12, 2015, the District Court entered an order extending its enforcement jurisdiction for five years until October 7, 2020, <u>without prejudice</u> of further extensions. Judgment, accordingly was entered the next day (**ECF 1279** and **1281**). (**Exhibit A**)

Therefore, it is incorrect to state that the District Court lacks jurisdiction to entertain Med Centro's rebasing request, which in any event would be for the District Court to decide as the master thereof. This aside from the fact of the Commonwealth's waiver of this new found theory by actively participating in the Case until September 13, 2019.

Finally, assuming in arguendo the correctness of the basis for the denial of the Lift of Stay Notice request for the filing of a stipulation modifying the automatic stay, the same is to be taken as a request for the modification of the automatic stay in order for Med Centro to pursue its rebasing request by the filing of the corresponding action in a new case.

We do so out of an abundance of caution, since we question the applicability of the automatic stay to a request for rebasing from 2009 forward, that is for periods falling well after the filing by the Commonwealth on May 3, 2017, by and through FOMB as its representative, of its petition under Section 315 (b) of PROMESA.

Therefore, we hereby request that the Commonwealth, the FOMB and AFFAF reconsider their positions as stated in your correspondence and for them to agree to the filing of the stipulation as requested by Med Centro under the alternatives indicated herein.

Regards,

Charles A. Cuprill-Hernández

cc. Mr. Allan Cintrón Salichs
    Ignacio Fernandez de Lahongrais, Esq.

MVB

Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

CONSEJO DE SALUD PLAYA DE PONCE, INC.,

Plaintiffs

v.

HON. ANA RÍUS ARMENDÁRIZ, Secretary Department of Health of the Commonwealth of Puerto Rico,

Defendants.

CIVIL NO. 06-1260 (GAG)

### AMENDED PARTIAL JUDGMENT

Pursuant to the court's order at Docket No. 1279, amended judgment is hereby entered extending the court's enforcement jurisdiction for a term of five (5) years from the entry of original judgment. The court now retains enforcement jurisdiction until October 7, 2020. This term may be again extended.

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of February, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge