UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| ------------------------------------------------------------x | |
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |
| ------------------------------------------------------------x | |
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| ------------------------------------------------------------x | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

ORDER CONCERNING THE URGENT MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP.,
AMBAC ASSURANCE CORPORATION, AND FINANCIAL GUARANTY INSURANCE COMPANY
TO ADJOURN DEADLINES FOR CERTAIN CONFLICT MOTIONS (DOCKET ENTRY NO. 13606)

Before the Court is the *Urgent Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company to Adjourn Deadlines for Certain Conflict Motions* (Docket Entry No. 13606 in Case No. 17-3283 and Docket Entry No. 863 in Case No. 17-3567, the "Motion")[2] filed by National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company (collectively, "Movants").  The Court has reviewed the Motion, the response to the Motion (Docket Entry No. 13698, the "Response") filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Oversight Board, the "Government Parties"), and the reply in further support of the Motion (Docket Entry No. 13736, the "Reply") filed by Movants.  For the reasons provided herein, the Motion is granted as set forth below.

The Motion seeks entry of an order extending in part the deadline set by paragraph 3 of the Court's *Final Case Management Order for Revenue Bonds* (Docket Entry No. 12186, the "Revenue Bonds Order").  That paragraph set a deadline (the "Conflict Motions Deadline")[3] for interested parties to file "Conflict Motions," which were defined as "motions . . . that seek relief addressing alleged continuing conflicts of interest of the Oversight Board and the Government of Puerto Rico acting for both the Commonwealth and [the Puerto Rico Highways and Transportation Authority ("HTA")], including, without limitation, any resolution of HTA's clawback claims against the Commonwealth, voting or objecting to any plan of adjustment addressing such claims and bringing or defending any avoidance or other claims under PROMESA affecting HTA."  The Motion requests an extension sine die of the Conflict Motions Deadline with respect to "Conflict Motions that address plan voting issues, plan objections relating to HTA's clawback claims, or the resolution of such claims."  (Mot. at Ex. A ¶ 2.)

Movants principally contend that the Conflict Motions Deadline was intended to require that such Conflict Motions be filed so as to be heard shortly before or in conjunction with a hearing to consider a disclosure statement and voting and solicitation procedures, specifically the hearing that had been scheduled by the Court for June 3 and 4, 2020, in connection with the proposed *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*

---

[2]  All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

[3]  By the terms of the Revenue Bonds Order, the Conflict Motions Deadline was set to expire on July 17, 2020.  On July 10, 2020, Movants filed the Motion, and the Court entered an order setting a briefing schedule for the Motion and extending the Conflict Motions Deadline until the date that is seven days after the entry of the Court's order resolving the Motion (Docket Entry No. 13612, the "Scheduling Order").

(Docket Entry No. 11946, the "Proposed Plan"). (Mot. ¶¶ 1-3.) Movants argue that, in light of the adjournment of that hearing and the likelihood that the Proposed Plan will be amended before any such hearing occurs, the Conflict Motions Deadline should be adjourned until after the Oversight Board files a new motion to approve a plan of adjustment and disclosure statement. (Mot. ¶¶ 11-14.)

The Government Parties appear to agree that Conflict Motions relating to "plan voting issues" and "the resolution of [HTA's clawback claims]" in the context of a particular proposed plan are not ripe. (See Resp. ¶ 5 ("To the extent Movants' Conflict Motions turn on whether . . . the Oversight Board can vote allowable claims, if any, of HTA against the Commonwealth . . . and/or . . . the Oversight Board can include a settlement of HTA asserted claims in the plan . . . such conflicts are not ripe because the confirmability of the ultimate plan of adjustment submitted to creditors for voting may not turn on any or all of these factors.").) These issues and the issue raised by the Government Parties concerning whether "the Oversight Board [can] propose a Title III plan for each debtor, and [whether] AAFAF [can] undertake actions in support of such plans if it is authorized by the Governor of Puerto Rico to do so" (Resp. ¶ 3), relate closely to the terms of a plan of adjustment and the process required for confirmation of a plan, and adjournment of Conflict Motions concerning such issues will allow them to be resolved in a coordinated fashion in connection with the disclosure statement approval and plan confirmation process.[4]

Accordingly, the Court hereby adjourns the deadline to file Conflict Motions that address plan voting issues, the provisions of or the authority of any proponent of a plan of adjustment, and the resolution of HTA's clawback claims until further order of the Court. The parties shall file a joint status report setting forth a proposed schedule for Conflict Motions that address such issues within seven (7) days after a motion seeking approval of a disclosure statement and voting procedures has been filed.[5]

---

[4] The Court does not mean to imply that particular arguments should or must be raised by motion as opposed to by timely objection to a proposed plan of adjustment or disclosure statement. The instant Motion concerns the Conflict Motions Deadline, which only "govern[s] motions . . . ." (Revenue Bonds Order ¶ 3.)

[5] Although the Government Parties raise arguments concerning conflict-based disputes in other litigation (Resp. ¶ 6), neither the Motion nor this Order addresses when and in what manner conflict-based objections must be raised in connection with litigation other than litigation associated with a plan of adjustment and the process required for confirmation of a plan. Thus, this Order does not address any issues of time limits or potential waiver associated with non-assertion of conflict issues in such litigation.

This Order resolves Docket Entry No. 13606 in Case No. 17-3283 and Docket Entry No. 863 in Case No. 17-3567.

SO ORDERED.

Dated: July 22, 2020

                                                             /s/ Laura Taylor Swain
                                                             LAURA TAYLOR SWAIN
                                                             United States District Judge