# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## DRA PARTIES' RESERVATION OF RIGHTS WITH RESPECT TO OPPOSITION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO URGENT MOTION FOR BRIDGE ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

4123-8377-6550.3

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and respectfully submit this reservation of rights (the "Reservation of Rights") to the *Opposition of Financial Oversight and Management Board for Puerto Rico to Urgent Motion for Bridge Order* [Case No. 17-3283-LTS, Dkt. No. 13765; Case No. 17-3567-LTS, Dkt. No. 884] (the "Opposition").

1. On January 16, 2020, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company filed the Monolines' Amended HTA Lift Stay Motion [Dkt. No. 10102].

2. On July 2, 2020, this Court issued its *Opinion and Order in Connection with Preliminary Hearing Regarding Motion for Relief from the Automatic Stay or In the Alternative, Adequate Protection* [Dkt. No. 13541] (the "Preliminary Hearing Opinion")[3], where it ruled on various aspects regarding the *Monolines'* liens and property interests in certain claims against the Commonwealth and HTA.

---

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

[3] Capitalized terms used herein and otherwise not defined shall have the definition ascribed to such term in the Preliminary Hearing Opinion or the Opposition.

1

4123-8377-6550.3

3. On July 17, 2020, the Monolines filed their *Urgent Motion for Bridge Order, and Motion for Appointment as Trustees under 11 U.S.C. § 926* [Dkt. No. 13708], and the DRA Parties filed their Joinder to the Monolines' Motion [Dkt. No. 13718].

4. On July 22, 2020, the FOMB filed its Opposition to the Motion.

5. The FOMB's Opposition asserts incorrectly that the Preliminary Hearing Opinion stated that HTA has a property interest in the Excise Tax Revenues retained by the Commonwealth. *See, e.g.*, Opposition ¶¶ 1, 24 ("Movants litigated and lost . . . whether revenues undisputedly collected and retained by the Commonwealth and subject to clawback even if they were transferred to HTA, are property of HTA"). The Court made no such ruling.

6. The Preliminary Hearing Opinion does not address HTA's ownership of the Excise Taxes that were diverted from the Commonwealth. The Court only held that the Monolines lack "liens or other property interests in Revenues other than those deposited in the Resolution Funds." Preliminary Hearing Opinion at 27–28.

7. The FOMB's assertion is based on cherry-picked passages from the Court's Preliminary Hearing Opinion. However, the Court only addressed whether the *Bondholders* (not HTA) had property rights over the Excise Tax Revenues. *See* Opposition ¶¶ 9, 24.

8. Specifically, the Court concluded that the "specific resolutions govern[ing] the relationship between HTA *and the Bondholders*" and the Excise Tax Statutes' "commitments to transfer certain of the Revenues to HTA *for the benefit of the Bondholders*" do not purport to grant *bondholders* property rights in Excise Tax Revenues. Therefore "[n]either the Bond Resolutions nor the Excise Tax Statutes promise *the Bondholders* that the Commonwealth will pay them." *Id.* at 26 (emphasis added); *see also id.* (noting that section 2015 of title 9 expressly provides that the Commonwealth is not liable for HTA's Bond obligations).

9. The FOMB's characterization regarding HTA's rights to the Excise Tax Revenues misstates this Court's opinion and the DRA Parties reserve all rights to challenge the Commonwealth's retention of the Excise Tax Revenues, including that such revenues are the property of HTA.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today July 23, 2020.

**CERTIFICATE OF SERVICE**: In accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's *Twelfth Amended Notice, Case Management and Administrative Procedures Order* [Dkt. No. 13383-1] (the "CMP Order"), we hereby certify that a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

4123-8377-6550.3

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: /s/Arturo J. García-Solá
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: /s/Nayuan Zouairabani
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

By: /s/ Carmen D. Conde Torres

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ Douglas S. Mintz
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

and

Laura Metzger (pro hac vice pending)
Peter Amend (admitted pro hac vice)
David Litterine-Kaufman (admitted pro hac vice)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: lmetzger@orrick.com
pamend@orrick.com
dlitterinekaufman@orrick.com
mperrigino@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

4123-8377-6550.3