**Objection Deadline: September 21, 2020 at 4:00 p.m. (AST)**
**Hearing Date: September 28, 2020 at 9:30 a.m. (AST)**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | **PROMESA Title III** |
| **The Financial Oversight and Management Board for Puerto Rico,** | **No. 17 BK 3283 (LTS)** |
| As representative of | |
| **The Commonwealth of Puerto Rico,** *et. al.* | |
| Debtors[1] | |
| In re: | |
| **The Financial Oversight and Management Board for Puerto Rico,** | **PROMESA TITLE III** |
| As representative of | **No. 17 BK 4780 (LTS)** |
| **Puerto Rico Electric Power Authority** | |
| Debtor | |

**MOTION OF EFRON DORADO, S.E. FOR RELIEF FROM THE AUTOMATIC STAY AND MOMORANDUM OF LAW IN SUPPORT THEREOF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COMES NOW, Efron Dorado, S.E. ("Movant"), through its undersigned counsel, and respectfully moves the Court for relief from the automatic stay provisions of 11 U.S.C. 362 (a), pursuant to 11 U.S.C. § 362 (d), to allow Movant to enforce the judgment of the Court of First Instance of Puerto Rico, Superior Section of San Juan (the "State Court") in Case Number 2010-2408 (904), entered against the Puerto Rico Electric Power Authority ("PREPA") and its then Executive Director Miguel Cordero ("Cordero") (Case No. 2010-24081 (904)).

## I. COMPLIANCE WITH CASE MANAGEMENT ORDER

1. On June 19, 2019 and in compliance with the amended case management order entered by this Court on February 28, 2020 (the "CMO"), Movant wrote to the attorneys for the Commonwealth of Puerto Rico (the "Commonwealth"), the Financial Oversight Management Board of Puerto Rico ("FOMB"), Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") and PREPA (collectively referred to as "Respondents") as to the obtention of relief from the automatic stay provisions of Section 362 (a) of the Bankruptcy Code, applicable to the Title III proceedings under PROMESA filed by FOMB on behalf of PREPA (the "Lift of Stay Notice") (**Exhibit A**), requesting a meeting in person or by telephone to attempt to resolve Movant's request for relief from the automatic stay within the next fifteen (15) days form the Lift of Stay Notice, as to which there was no response.

## II. FACTS

2. As reflected in Movant's electric power services account number 025-0430581-001 (the "Account") with PREPA, the statements relative thereto were corrected to reflect $3,334.78 due as of April 2009 (See **Exhibit I to Exhibit A**).

3. Nevertheless, a retroactive charge for $259,952.41, plus $4,419.19 in late charges for a total of $264,371.60 was included by PREPA in Movant's statement dated May11, 2009 (**See**

2

**Exhibit II to Exhibit A**), resulting in Movant forwarding a certified letter to PREPA, dated May 27, 2009, invoking the objection procedure of Law No. 33 of 1985, 27 L.P.R.A. §262 et. seq. ("Law No. 33") as to said statement (**See Exhibit III to Exhibit A**). Of that amount $2,686.35 was paid (**See Exhibit IV to Exhibit A**) corresponding to the monthly regular consumption for the Account (**See Exhibit V to Exhibit A**).

4. Without any prior warning, explanation or the submission of a breakdown by PREPA of the $259,952.41 charge, on June 21, 2010, PREPA proceeded to cut off the power services to the public areas of Movant's Paseo de Plata Shopping Village, Dorado, Puerto Rico (the "Shopping Center").

5. Consequently, Movant filed a complaint dated June 24, 2010 against PREPA and Cordero, in Case No. 2010-2408 (904), for Mandamus, Declaratory Judgment, Temporary Restraining Order, Preliminary and Permanent Injunction and Damages (**See Exhibit VI to Exhibit A**).

6. As stated in the complaint, for many years the Shopping Center received statements from PREPA, including its public areas, averaging $1,700. per month.

7. The $259,952.41 charge constituted a negligent, unjustified and illegal act by PREPA, considering the protection provided by Law No. 33 as to Movant's due process rights and was not only unconstitutional but an abuse of a monopolistic power directed to force a customer to pay an amount not owed, since Movant's administrative objection was pending under Law No. 33.

8. As provided in Section XIII, Article A, of PREPA's Regulation of the General Terms and Conditions for the Supply of Electric Power (the "Regulation") regarding the procedure for objecting statements, Movant was not obligated to pay the properly objected statement and the objected amount couldn't be considered as owed until a final determination pursuant to the

Regulation, which never occurred. Moreover, the power services to the Shopping Center were not to be disconnected while the administrative process was pending.

9. In acting as indicated above, PREPA breached its ministerial duty to comply with the Regulation and the law by ignoring or arbitrarily denying a request for the protection provided by 27 L.P.R.A. §262(b) (d).

10. After a hearing held on July 2, 2010, on Movant's request for injunctive relief, on July 6, 2010, the State Court entered judgment making reference to the agreement reached by Movant and PREPA, concluding the case (the "Judgment"). As set forth in the Judgment it was, *inter alia*, agreed that the process under Law No. 33 would be reactivated proceeding to its third level; that within the next sixty (60) days an arbitrator would be appointed to entertain Movant's claim; that Movant would pay $2,743.87, as required by the Regulation prior to the commencement of the arbitration, preferably within the next ten (10) calendar days, which Movant did; that Movant would dismiss with prejudice its claim before the State Court and would continue to provide access to PREPA for the reading of the meters at the Shopping Center; that PREPA would restore the interrupted electric power services, without prejudice, which was done; and that once the objection process was concluded, PREPA could proceed to the interruption mechanism to enforce the decision that could be entered by the arbitrator if it was in its favor (**See Exhibit VII to Exhibit A**).

11. During the hearing of July 2, 2010, the presiding judge stated for the record that if PREPA would again disconnect the power services to the Shopping Center pending the arbitration process, the Court would find PREPA's Executive Director in contempt of court.

12. On a less crucial point, but helpful to follow the history of the case, in case No. KCD 2012-01309, on November 16, 2012, the State Court directed the disbursement to PREPA of

4

$208,219.69 in consigned rents belonging to Movant to cover $24,682.91 of Movant's arrears, with the balance of $183,536.78 to be applied to the account of Condominio 221 Plaza where Movant's offices are located. This transaction was approved by PREPA, who accepted the payment, indicating how it was to be credited. On August 8, 2016, over four years later without any reason or justification, PREPA improperly reverted the payment credited to Condominio 211 Plaza, crediting the same to Movant, whose account is still in dispute, once again violating the process established by Law No. 33, disregarding the Judgment and the judge's admonishment.

13. Movant's efforts to administratively correct PREPA's action of having the $183,536.78 payment again credited to Condominio 221 Plaza's account and avoid further legal proceedings have been fruitless.

14. On July 3, 2018, David Efron, Esq., on behalf of the Association of Condominio 221 Plaza, filed Prime Clerk proof of claim number 84777 against PREPA in the captioned case for $183,536.78, which could well be withdrawn upon the granting of relief from stay and enforcement of the Judgment.

### III. GROUNDS FOR RELIEF FROM THE AUTOMATIC STAY

15. 11 U.S.C. § 362 (d) (1) states:

> (d) On request of a party in interest and after notice and a
> hearing, the court shall grant relief from the stay provided
> under subsection (a) of this section, such as by terminating,
> annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of
> an interest in property of such party in interest

16. For the reasons stated herein there is cause for this Court to relieve Movant form the stay provisions of 11 U.S.C. § 362 (a).

17. In *In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990), the Court enumerated the following factors to be analyzed for the purposes of evaluating relief form the automatic stay: .

5

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

18. There is cause for relieving Movant from the stay provisions of 11 U.S.C. § 362 as it meets the *Sonnax* factors: (a) relief will result in complete resolution of the issues; (b) Case No. 2010-2408 (904)lacks any connection within or interference with the Title III Petition; (c) Case No. 2010-2408 (904) doesn't involve Respondents as fiduciaries; (d) the State Court is totally familiar with the issues in Case No. 2010-2408 (904), wherein the only matter pending is the enforcement of the Judgment thereby; (e) there is no insurance applicable to Case No. 2010-2408 (904); (f) compliance with the Judgment by Respondents will not prejudice the interest of other creditors;

(g) Movant's rights under the Judgment are not subject to equitable subordination; (h) the enforcement of the Judgment will not result in a judicial lien avoidable by Respondents; (i) the interest of judicial economy and the expeditious and economical resolution of the relief requested herein warrant that it be heard by the State Court due to its familiarity with Case No. 2010-2408 (904) and the cases; (j) the impact of the stay on Movant outweighs any impact or harm to Respondents.

19. In the alternative of funds total $183,536.78 being reimbursed, a credit for said amount may be reverted to Condominio 211 Plaza.

**WHEREFORE**, it is respectfully requested that an order in the form stated in **Exhibit B** hereto be entered granting Movant relief form the automatic stay of 11 U.S.C. § 362 (a) (1) to request the enforcement of the Judgment.

San Juan, Puerto Rico, this 23rd day of July 2020.

*s*/**CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
**Counsel for Efron Dorado, S.E.**
Charles A. Cuprill, P.S.C. Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com