## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al<br>Debtor<br>_____<br>IN RE:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>Debtor<br>_____<br>LESLIE JAY BONILLA SAUDER,<br>Movant<br><br>v.<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>Respondant | PROMESA TITLE III<br><br>CASE NO. 17-BK-3283- LTS<br>(Jointly Administered)<br><br>**RE: ECF NO. 12897, 13465 and 13543** |

### CREDITOR'S REPLY TO OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PR TO MOTION REQUESTING ALLOWANCE OF POST PETITION TORT CLAIM AS PRIORITY CLAIM

**TO THE HONORABLE COURT:**

    **COMES NOW** Leslie Jay Bonilla Sauder (hereinafter "Creditor" or "Movant"), through the undersigned counsel, and very respectfully states and prays as follows:

    1.    On April 20th, 2020 movant filed a *Motion Requesting Allowance of Post-Petition Tort Claim as Priority Claim Pursuant to the Fundamental Fairness Doctrine in Reading Co. v. Brown, 391 US 741 (1968)* filed under docket entry no. 12897.

1

2. The Financial Oversight and Management Board of PR as a representative of The Commonwealth of Puerto Rico (hereinafter *Commonwealth* or *Oversight Board*) filed an *Objection of the Financial Oversight and Management Board for PR to Motion Requesting Allowance of Post-Petition Tort Claim as Priority Claim*. See docket entry no. 13465. Commonwealth alleges in its objection that creditor's request is outside of the Reading doctrine.

3. The argument of the Oversight Board is that the auction did not create a separate cause of action other than to request that the confiscation be declared illegal, which is a remedy contained in the *Uniform Forfeiture Act of 2011, 34 LPRA §1724 et seq.* Therefore, since the request in state court for the confiscation to be declared illegal and the auction process are all contained in the *Uniform Forfeiture Act of 2011, 34 LPRA §1724 et seq.*, they are all linked to each other and cannot be separated to argue that the auction created a new or different cause of action.

4. Movant's position is that this argument is misconstrued because the illegal confiscation of the vehicle is one claim that has its own award for damages that pertain to loss of income while the auctioning of the vehicle which seeks damages for the value of the vehicle and other damages related to the permanent loss of the vehicle. Moreover, the illegal confiscation of the vehicle and the auctioning off said vehicle are two different events and the latter is not necessarily a direct consequence of the other.

5. Movant sustains that Reading Co. v. Brown, 391 U.S. 471 (1968), applies to this case because the cause of action derived from the negligent and illegal disposition of the vehicle occurred after the filing of the petition for relief in this Honorable Court. That act was tortious and can only be compensated with a monetary relief, plus interest. Had the Commonwealth refrained from acting in such a negligent manner and had it kept the forfeited car in good condition under its possession, the remedy available to the movant would have basically been the return of the vehicle to movant.

**WHEREFORE**, Movant requests from this Honorable Court to take notice of the preceding facts and allow movant to file a proof of claim as a priority administrative claim in the minimum amount of $16,500 pursuant to *the Fundamental Fairness Doctrine* in *Reading Co. v. Brown,* 391 US 741 (1968).

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, this 23rd day of July 2020.

**CERTIFICATE OF SERVICE**: I certify that on this same date the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which sends notification of such filing to all system's participants, including the U.S. Trustee's Office and the Trustee.

*/s/ CARLOS A. RUIZ RODRIGUEZ*
USDC-PR 210009
Attorney for Movant
LCDO. CARLOS A. RUIZ RODRIGUEZ, CSP
P.O. Box 1298, Caguas, PR 00726-1298
Phone: (787) 286-9775 / Fax: (787) 747-2174
carlosalbertoruizquiebras@gmail.com