# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**LIMITED OBJECTION OF AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., FINANCIAL GUARANTY INSURANCE COMPANY, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO URGENT MOTION FOR APPROVAL OF TOLLING STIPULATION (ECF NO. 13719)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to the Court's scheduling order (ECF No. 13728), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together, "Assured"), Financial Guaranty Insurance Company ("FGIC"), and National Public Finance Guarantee Corporation ("National") (collectively, the "Monolines") respectfully submit this Limited Objection to the *Urgent Motion for Entry of an Order Approving Second Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Exhibit "B" Regarding the Tolling of Statute of Limitations* (ECF No. 13719, "Urgent Motion").[2]

1. The Urgent Motion requests the Court's approval of a "Second Amended Stipulation," attached as Exhibit A to the Urgent Motion, that would broadly toll the statute of limitations applicable to a host of potential avoidance actions regarding transfers among the Commonwealth, HTA, ERS, PREPA, and more than four dozen other government entities (the "Proposed Tolling Stipulation").

2. Although the Monolines do not object to extending the statute of limitations for the avoidance actions that are covered by the Proposed Tolling Stipulation, they *do* object to the fact that the Proposed Tolling Stipulation was drafted to *explicitly carve out* avoidance actions that would vindicate HTA's rights to Excise Taxes that were wrongfully transferred to the Commonwealth (the "HTA Avoidance Actions"). The statute of limitations for the HTA Avoidance Actions was previously extended by another tolling stipulation filed on January 8, 2020 as ECF No. 9722 (the "HTA Tolling Stipulation"). Now, however, the extension granted by the HTA Tolling Stipulation is about to expire, and the new Proposed Tolling Stipulation unfairly singles out and *excludes* the claims that had been covered by the HTA Tolling Stipulation:

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

1

> Notwithstanding anything contained in this Stipulation to the contrary . . . nothing in this Stipulation shall affect the Statutory Deadlines set forth in the . . . *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 9722] . . . .

Proposed Tolling Stipulation ¶ 6. In other words, as currently drafted, nothing in the otherwise-broad Proposed Tolling Stipulation shall affect the deadlines set forth in the HTA Tolling Stipulation (including deadlines for the HTA Avoidance Actions), which are about to expire.

3. The Court should reject this narrow carve-out that could potentially extinguish HTA's claims, for the reasons already set forth in the Monolines' July 23, 2020 reply brief in support of their request for bridge relief that would have *preserved* the HTA Avoidance Actions. *See* ECF No. 13814 (the "Monolines' Reply"). As discussed in the Monolines' Reply, it is critical that the HTA Avoidance Actions be preserved, by one means or another, pending a final determination of HTA's property interests in the Excise Taxes—an issue that is currently being litigated and will directly affect the merits of the HTA Avoidance Actions. The Court ultimately denied the bridge relief on the basis that it was unnecessary because "[t]he Court intends to rule on the merits of Movants' application for appointment as co-trustees [to pursue the HTA Avoidance Actions] prior to the expiration of the statute of limitations." ECF No. 13825 at 2. But the only way the Monolines can actually file an HTA Avoidance Action prior to the current deadline is if the Court *grants* their motion for appointment as co-trustees; if the Court *denies* that motion, then the Monolines would be forced to appeal—once again putting the HTA Avoidance Actions at risk of becoming time-barred. Thus, the Court's denial of the bridge relief makes it all the more important that the statute of limitations be tolled until HTA's property interests are finally determined, and that the Court therefore *reject* the narrow carve-out in the Proposed Tolling Stipulation that would leave HTA's claims uniquely at risk.

2

4. Accordingly, the Monolines propose to modify the Proposed Tolling Stipulation as shown in the redline attached as <u>Exhibit A</u> to this Limited Objection. These very limited edits would include the HTA Avoidance Actions among the many other claims that are already being preserved. The Monolines respectfully request that the Court condition its approval of the Proposed Tolling Stipulation on the parties' acceptance of these modifications.[3]

## **CONCLUSION**

5. For the reasons set forth here and in the Monolines' Reply, the interests of justice require that the HTA Avoidance Actions be preserved. The Court should require modification of the Proposed Tolling Stipulation as shown in Exhibit A hereto.

---

[3] Alternatively, should the Government Parties submit another proposed tolling stipulation that is specifically directed at inter-debtor claims (including claims by HTA against the Commonwealth), the Court could instead require modification of *that* stipulation to include the HTA Avoidance Actions. The Monolines intend to propose an appropriate modification to any such inter-debtor tolling stipulation that is submitted for Court approval.

3

Dated: July 27, 2020
San Juan, Puerto Rico

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: */s/ Heriberto Burgos Pérez* | By: */s/ Mark C. Ellenberg* |
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr.* |
| USDC-PR 204809 | Mark C. Ellenberg* |
| Ricardo F. Casellas-Sánchez | William J. Natbony* |
| USDC-PR 203114 | Ellen M. Halstead* |
| Diana Pérez-Seda | Thomas J. Curtin* |
| USDC-PR 232014 | Casey J. Servais* |
| P.O. Box 364924 | 200 Liberty Street |
| San Juan, PR 00936-4924 | New York, NY 10281 |
| Telephone: (787) 756-1400 | Telephone: (212) 504-6000 |
| Facsimile: (787) 756-1401 | Facsimile: (212) 504-6666 |
| Email: hburgos@cabprlaw.com | Email: howard.hawkins@cwt.com |
| rcasellas@cabprlaw.com | mark.ellenberg@cwt.com |
| dperez@cabprlaw.com | bill.natbony@cwt.com |
| | ellen.halstead@cwt.com |
| *Attorneys for Assured Guaranty Corp.* | thomas.curtin@cwt.com |
| *and Assured Guaranty Municipal Corp.* | casey.servais@cwt.com |

\* Admitted *pro hac vice*

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

4

| | |
|---|---|
| ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC | WEIL, GOTSHAL & MANGES LLP |
| By: /s/ *Eric Perez-Ochoa* <br> Eric Pérez-Ochoa <br> USDC-PR No. 206314 <br> E-mail: epo@amgprlaw.com | By: /s/ *Robert Berezin* <br> Jonathan Polkes* <br> Gregory Silbert* <br> Robert Berezin* <br> Kelly Diblasi* <br> Gabriel A. Morgan* <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Tel.: (212) 310-8000 <br> Fax: (212) 310-8007 <br> Email: jonathan.polkes@weil.com <br> gregory.silbert@weil.com <br> robert.berezin@weil.com <br> kelly.diblasi@weil.com <br> gabriel.morgan@weil.com |
| By: */s/Luis A. Oliver-Fraticelli* <br> Luis A. Oliver-Fraticelli <br> USDC-PR NO. 209204 <br> E-mail: loliver@amgprlaw.com <br><br> 208 Ponce de Leon Ave., Suite 1600 <br> San Juan, PR 00936 <br> Tel.: (787) 756-9000 <br> Fax: (787) 756-9010 <br><br> *Attorneys for National Public Finance Guarantee Corp.* | * admitted *pro hac vice* <br><br> *Attorneys for National Public Finance Guarantee Corp.* |

5

| FERRAIUOLI LLC | MILBANK LLP |
|---|---|
| By: /s/ *Roberto Cámara-Fuertes*<br>ROBERTO CÁMARA-FUERTES<br>USDC-PR NO. 219002<br>E-mail: rcamara@ferraiuoli.com<br><br>By: */s/ Sonia Colón*<br>SONIA COLÓN<br>USDC-PR NO. 213809<br>E-mail: scolon@ferraiuoli.com<br><br>221 Ponce de Leon Ave., 5th Floor<br>San Juan, PR 00917<br>Tel.: (787) 766-7000<br>Fax: (787) 766-7001<br><br>*Counsel for Ambac Assurance Corporation* | By: /s/ *Atara Miller*<br>DENNIS F. DUNNE*<br>ATARA MILLER*<br>GRANT R. MAINLAND*<br>JOHN J. HUGHES*<br>55 Hudson Yards<br>New York, New York 10001<br>Tel.: (212) 530-5000<br>Fax: (212) 530-5219<br>Email: ddunne@milbank.com<br>       amiller@milbank.com<br>       gmainland@milbank.com<br>       jhughes2@milbank.com<br><br>*admitted pro hac vice<br><br>*Counsel for Ambac Assurance Corporation* |

ARENT FOX LLP


By: /s/ *David L. Dubrow*
    DAVID L. DUBROW*
    MARK A. ANGELOV*
    1301 Avenue of the Americas
    New York, New York 10019
    Tel.:    (212) 484-3900
    Fax:    (212) 484-3990
    Email:    david.dubrow@arentfox.com
                mark.angelov@arentfox.com


By: /s/ *Randall A. Brater*
    RANDALL A. BRATER*
    1717 K Street, NW
    Washington, DC 20006
    Tel.:    (202) 857-6000
    Fax:    (202) 857-6395
    Email:    randall.brater@arentfox.com

*admitted pro hac vice

*Counsel for Ambac Assurance Corporation*

7

| | |
|---|---|
| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
| By: /s/ *María E. Picó* <br>　María E. Picó <br>　USDC-PR 123214 <br>　802 Ave. Fernández Juncos <br>　San Juan PR 00907-4315 <br>　Telephone: (787) 723-8520 <br>　Facsimile: (787) 724-7844 <br>　E-mail: mpico@rexachpico.com <br><br>*Attorneys for Financial Guaranty Insurance Company* | By: /s/ *Martin A. Sosland* <br>　Martin A. Sosland (pro hac vice) <br>　5430 LBJ Freeway, Suite 1200, <br>　Dallas, TX 75240 <br>　Telephone: (469) 680-5502 <br>　Facsimile: (469) 680-5501 <br>　E-mail: martin.sosland@butlersnow.com <br><br>　Jason W. Callen (pro hac vice) <br>　150 3rd Avenue, South, Suite 1600 <br>　Nashville, TN 37201 <br>　Telephone: (615) 651-6774 <br>　Facsimile: (615) 651-6701 <br>　E-mail: jason.callen@butlersnow.com <br><br>*Attorneys for Financial Guaranty Insurance Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

New York, New York

July 27, 2020

By: */s/ Robert Berezin*
Robert Berezin*
* Admitted *pro hac* v*ice*

## **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------- X
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
*Et al.*,

    Debtors.[4]
---------------------------------------------------------------- X

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**SECOND AMENDED STIPULATION AND CONSENT ORDER BETWEEN TITLE III
DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY
AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE
GOVERNMENTAL ENTITIES LISTED ON APPENDIX "A" REGARDING THE
<u>TOLLING OF STATUTE OF LIMITATIONS</u>**

The Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), the Employees

Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), the Puerto

Rico Highways and Transportation Authority ("<u>HTA</u>"), and the Puerto Rico Electric Power

Authority ("<u>PREPA</u>"), each in its capacity as a Title III debtor (the Commonwealth, ERS, HTA

and PREPA together the "<u>Title III Debtors</u>"), and each by and through the Financial Oversight

and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the representative of Title

---

[4] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

III Debtors and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") on behalf of the entities set forth on Exhibit B (the "Governmental Entities") to this stipulation hereby stipulate as follows:[5]

RECITALS

    A.    In accordance with Section 302(2) of PROMESA, the Oversight Board has filed a petition for relief on behalf of each of the Title III Debtors, thereby commencing a case under Title III for each Title III Debtor (the "Title III Cases").

    B.    Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between any of the Title III Debtors, on the one hand and the Governmental Entities, on the other hand, are hereby defined as the "Avoidance Actions".

    C.    Other claims of the Title III Debtors against any of the Governmental Entities may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such other actions together with Avoidance Actions, the "Causes of Action").

---

[5] With respect to ERS, this Stipulation does not modify or override the *Stipulation between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico regarding the Tolling Statute of Limitations and Order* [Case No. 17-3283, ECF No. 5271]. On January 16, 2020, the relevant parties filed the *Urgent Motion for Entry of Supplemental Stipulation Between the Commonwealth of Puerto Rico And the Employees Retirement System of The Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and [Proposed] Order* [Case No. 17-3283, ECF No. 10098] ("ERS Urgent Motion"). On January 22, 2020, the Court approved the ERS Urgent Motion [Case No. 17-3283, ECF No. 10293]. With respect to HTA, this Stipulation does ~~not~~ modify and ~~or~~ override the *Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 6531] ~~or~~ and the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 9722] (as may be amended, modified, or supplemented).

2

D. In order to protect the Title III Debtors' rights and interests, the Oversight Board on behalf of the Title III Debtors and AAFAF on behalf of the Governmental Entities (collectively, the "Parties") have agreed to toll the statute of limitations in connection with the Causes of Action.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Action of the Title III Debtors must be commenced ~~against any of the Governmental Entities~~ pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the Statutory Deadlines would have expired in the absence of this Stipulation (and 631 days after the date on which the Statutory Deadlines would have expired in the absence of the *Stipulation and Consent Order Between Title III Debtors (Other Than Cofina) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 6812] and the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 9722]) unless the Commonwealth or AAFAF provides written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, and (b) counsel to the statutory committee of unsecured creditors appointed in the cases other than COFINA (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date, as defined below, and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised by AAFAF

3

or any of the Governmental Entities in connection with any such Causes of Action, other than the applicable statute of limitations, laches, or any other time-related defense, except that AAFAF and the Governmental Entities expressly reserve the right to argue that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Stipulation; (ii) that Section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies; and (iii) that a statute of repose may not be extended by an agreement of the parties (provided that that any party reserves the right to oppose any such argument; and provided further that if a statute of repose may be extended by an agreement of the parties, this Stipulation shall serve as such an agreement) and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for any of the Title III Debtors, subject to the approval, effectiveness and consummation of any such plan of adjustment; provided that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. The Parties hereto shall have the right to extend the period set forth in Paragraph 1 above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the Creditors' Committee; *provided*, *however*, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

3. The persons signing this Stipulation on behalf of the Oversight Board, the Title III Debtors and AAFAF (on behalf of the Governmental Entities) have the authority to bind such parties. AAFAF's authority exists under Act 2-2017, the Enabling Act of the Fiscal Agency and Financial Advisory Authority.

4. This Stipulation shall apply to and be binding upon the Title III Debtors, AAFAF, and the Governmental Entities together with their successor and assigns, including, without limitation, any trustee

which may be appointed pursuant to section 926 of the Bankruptcy Code in the Title III Cases, or any other party or person granted authority to pursue a Cause of Action (all rights to object to any application to appoint a trustee pursuant to section 926 of the Bankruptcy Code or to otherwise seek authority to pursue a Cause of Action are expressly preserved).

5. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "<u>Stipulation Effective Date</u>").

6. Notwithstanding anything contained in this Stipulation to the contrary, it is the intent of the Title III Debtors and the effect of this Stipulation to extend the Statutory Deadlines as to Causes of Actions of the type described in recitals B and C hereof as among all Title III Debtors other than COFINA. For the avoidance of doubt, nothing in this Stipulation shall affect the Statutory Deadlines set forth in the (i) *Supplemental Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [ECF No. 10293]; ~~and~~ <u>however, this Stipulation shall affect the Statutory Deadlines set forth in the</u> (ii) *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 9722] (as may be amended, modified, or supplemented).

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| /s/ Brian S. Rosen | /s/ Hermann D. Bauer |
| Martin J. Bienenstock<br>Brian S. Rosen<br>(Admitted Pro Hac Vice)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900 | Hermann D. Bauer<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| *Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | |
| /s/ Peter Friedman | /s/ Luis C. Marini-Biaggi |
| John J. Rapisardi<br>Nancy Mitchell<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>-and-<br><br>Peter Friedman<br><br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br><br>Washington, D.C. 20006<br>Tel: (202) 383-5300<br>Fax: 202) 383-5414<br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | Luis C. Marini-Biaggi<br>USDC No. 222301<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>**MARINI PIETRANTONI MUÑIZ LLC**<br>250 Ponce de León Ave., Suite 900<br>San Juan, Puerto Rico 00918<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494<br><br>*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*<br>*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

6

Exhibit B

1. Additional (Electronic) Lottery
2. Agricultural Enterprises Development Administration
3. Automobile Accidents Compensation Administration
4. Cardiovascular Center Corporation of Puerto Rico and the Caribbean
5. Commonwealth of Puerto Rico Regional Center Corporation
6. Company for the Integral Development of the "Península de Cantera"
7. Corporation for the "Caño Martin Peña" Project (ENLACE)
8. Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of Puerto Rico
9. Culebra Conservation and Development Authority
10. Economic Development Bank for Puerto Rico
11. Employment and Training Enterprises Corporation
12. Farm Insurance Corporation of Puerto Rico
13. Fine Arts Center Corporation
14. Institute of Puerto Rican Culture
15. Judiciary Retirement System (JRS)
16. Land Authority of Puerto Rico
17. Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads
18. Model Forest
19. Municipal Revenue Collection Center (CRIM)
20. Musical Arts Corporation
21. Port of the Americas Authority
22. PR Aqueduct and Sewer Authority (PRASA)
23. PR Infrastructure Finance Authority (PRIFA)
24. PR Maritime Shipping Authority
25. PR Medical Services Administration (ASEM)
26. Public Building Authority (PBA)
27. Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives (COSSEC)
28. Puerto Rico and Municipal Islands Transport Authority
29. Puerto Rico Conservatory of Music Corporation
30. Puerto Rico Convention Center District Authority (PRCCDA)
31. Puerto Rico Health Insurance Administration (HIA / ASES)
32. Puerto Rico Industrial Development Company (PRIDCO)
33. Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities Financing Authority (AFICA)
34. Puerto Rico Integrated Transit Authority (PRITA)
35. Puerto Rico Land Administration
36. Puerto Rico Metropolitan Bus Authority (AMA)
37. Puerto Rico Municipal Finance Agency (MFA)
38. Puerto Rico Ports Authority
39. Puerto Rico Public Broadcasting Corporation

40. Puerto Rico Public Private Partnerships Authority (PPP)
41. Puerto Rico School of Plastic Arts
42. Puerto Rico Telephone Authority
43. Puerto Rico Tourism Company
44. Puerto Rico Trade and Export Company
45. Solid Waste Authority
46. Special Communities Perpetual Trust
47. State Insurance Fund Corporation (SIF)
48. Teachers' Retirement System (TRS)
49. The Children's Trust Fund (CTF)
50. Traditional Lottery
51. Unemployment Insurance Fund
52. University of Puerto Rico (UPR)
53. University of Puerto Rico Comprehensive Cancer Center
54. Commonwealth of Puerto Rico
55. Puerto Rico Fiscal Agency and Financial Advisory Authority

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

New York, New York

July 27, 2020

By: */s/ Robert Berezin*
Robert Berezin*
* Admitted *pro hac* v*ice*