```
-----------------------------------------------------------------x
In re:                                                            PROMESA
                                                                  Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of                                        No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO, et al.,                          (Jointly Administered)

      Debtors.1
-----------------------------------------------------------------x
```

## STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN CONNECTION WITH JULY 29, 2020 OMNIBUS HEARING

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Status Report in connection with

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the July 29, 2020 omnibus hearing and in response to this Court's order, dated July 21, 2020 [ECF No. 13746].

I. **General Status and Activities of the Oversight Board**

1. The Oversight Board continues to believe the primary focus of the government of Puerto Rico (the "Government") and the Oversight Board should be directed to protecting the health and welfare of the people of Puerto Rico from the COVID-19 virus, while also slowly and prudently reopening critical businesses as the pandemic is controlled and providing the people of Puerto Rico with ongoing reasonable, comprehensive, and sustainable solutions. To that end, in recent months, the Oversight Board created the $787 million Emergency Measure Support Package, consisting of (i) $500 million authorized as an incremental appropriation for the fiscal year 2020 General Fund budget, (ii) a $157 million reapportionment within the current fiscal year 2020 Commonwealth General Fund budget, and (iii) $131 million of federal funds. The Emergency Measure Support Package is in addition to the $160 million of Puerto Rico's Emergency Reserve Fund which the Oversight Board previously authorized. These emergency reserve financings were available because the Oversight Board has imposed and pursued sound budgeting practices and fiscal plans for the last three years. The Oversight Board has worked closely with the Government to define how to spend this nearly $1 billion in emergency funding, with a clear focus on responding to and managing the ongoing pandemic.

2. In the past two months, after certifying the latest fiscal plan for the Commonwealth in May, the Oversight Board has certified fiscal plans for eighteen (18) additional entities: (a) the University of Puerto Rico, (b) the Puerto Rico Sales Tax Financing Corporation, (c) HTA, (d) the Municipal Revenue Collection Center, (e) PREPA, (f) the Puerto Rico Industrial Development Company ("PRIDCO"), (g) the Public Corporation for Supervision and Insurance of Cooperatives,

2

(h) the Puerto Rico Aqueduct and Sewer Authority, and (i) ten (10) municipalities. In addition, the Oversight Board certified its own $22.2 billion fiscal year 2021 budget for the Commonwealth on June 30, 2020, as the Government did not approve and present a budget to the Oversight Board by the June 30 deadline. The budget contemplates $10.045 billion[2] in spending from the General Fund, along with special revenue and federal funds being allocated.

3. The Oversight Board also filed a complaint seeking information related to contracts the Commonwealth has entered into for the purchase of COVID-19 testing equipment and other medical supplies. By this complaint, the Oversight Board sought to obtain documents it is entitled to under PROMESA to understand how the contracts were negotiated and approved, with the goal of increasing the public's faith in the contracting process and improving the process for the procurement of these emergency medical supplies. On July 24, 2020, the Oversight Board voluntarily dismissed its complaint after receiving documents relating to the process for procurement of these supplies from the Government. The Oversight Board is now analyzing the Government's procurement practices with the goal of identifying effective mechanisms to improve the process, if necessary.

4. The Oversight Board has filed answers and counterclaims to the Government's complaints related to the Oversight Board's challenges to five Commonwealth laws enacted in 2019 and 2020. The Board maintains these laws are inconsistent with the Commonwealth fiscal plan and PROMESA because, among other things, the Government did not comply with PROMESA's requirements for the enactment of new legislation, and because the laws increase costs of certain Government programs in a manner inconsistent with the fiscal plan. The Oversight

---

[2] The *Status Report of Financial Oversight and Management Board for Puerto Rico Regarding COVID-19 Pandemic and Proposed Disclosure Statement Schedule* [Docket No. 13660], filed on July 15, 2020, stated the budget contemplated $10.4 billion in spending from the General Fund. The correct amount is $10.045 billion.

3

Board sought to work with the Government to resolve any issues related to these laws prior to the Government's filing of the complaints but did not reach a resolution. The Government also filed a sixth complaint, which it withdrew after the Oversight Board notified the Government that it no longer intended to challenge the implementation of the applicable law. The Oversight Board welcomes the Government's withdrawal of the sixth complaint, related to Act 90, as the Oversight Board recognizes that Act 90 will not increase the Government's health expenditures.

5. In addition, the Oversight Board has now resumed discussions with AAFAF regarding the terms of a plan of adjustment. The Oversight Board anticipates that it will engage in discussions with creditors and other parties in interest, with the guidance of the mediation team led by the Honorable Judge Barbara J. Houser, to address the implications of the COVID-19 pandemic on a plan of adjustment. Although the Oversight Board is not yet in a position to provide a timeline for these restructuring negotiations due to the continued uncertainty of the COVID-19 pandemic and the Commonwealth economy, the Oversight Board expects to engage in productive discussions in the coming weeks. The Oversight Board filed a status report addressing the disclosure statement schedule in more detail on July 15, 2020 [ECF No. 13660], and the Oversight Board will file an updated status report by September 9, 2020, including an update on the progress of these plan discussions and a proposal for the Debtors' plan and disclosure statement process, in accordance with the Court's scheduling order dated July 20, 2020 [ECF No. 13733].

## II. General Status of Relations Among the Oversight Board and Commonwealth and Federal Governments

6. As noted above, the Oversight Board agrees with Governor Wanda Vázquez Garced that the health, safety, and economic welfare of the people of Puerto Rico must be the number one priority. Consistent with this objective, the Oversight Board has accommodated some of the Government's outstanding obligations, by granting extensions pertaining to fiscal plans and

4

budgets for the Government and certain governmental entities, and acceded to certain requests for additional financing being available or reapportioned. Despite the litigation referenced above, the relationship between the Oversight Board and the Government continues to be collaborative.

7. As for the nearly $1 billion in emergency financial authorizations described above, the Oversight Board greatly encourages the Government to distribute the funds urgently to ensure the support reaches those who need the funds as expeditiously as possible. To ensure the Government has the necessary funds to help the people of Puerto Rico, the Oversight Board recently proposed to increase the Emergency Reserve by $536 million, and, on July 5, 2020, granted access to Emergency Reserve funding for expenses related to the current drought Puerto Rico is experiencing.

### III. General Status of ADR and ACR Processes and Selection of an Arbitration Provider

8. As the Court is aware, the *Order (A) Authorizing Administrative Resolution of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order") was entered on March 12, 2020, and the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order") was entered on April 1, 2020. Pursuant to section 1(a) of the Administrative Claims Reconciliation Procedures and section 1(a) of the ADR Procedures (as defined in the ADR Order), the Debtors' initial notices regarding claims being subject to such procedures were due to be filed, and were filed, on July 10, 2020. The filing of the *First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609] (the "First ADR Notice") and the *First Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 13603] (the "First ACR Notice") is a significant step in the Debtors' ongoing claims reconciliation process.

9. The First ADR Notice transferred 1,000 claims (the "First ACR Designated Claims") into Administrative Claims Reconciliation. The First ACR Designated Claims will be resolved utilizing the Pension/Retiree Procedures (as defined in the ACR Order). Each of the First ACR Designated Claims has received a mailing from ERS, the agency responsible for processing the First ACR Designated Claims. The Debtors' first Administrative Reconciliation Status Notice is due to the Court on October 8, 2020, and the Debtors shall provide the Court with a further update on the First ACR Designated Claims at that time. In addition, the Debtors' second ACR Transfer Notice (as defined in the ACR Order) is scheduled to be filed on September 8, 2020. The Debtors anticipate transferring additional claims into Administrative Claims Reconciliation at that time.

10. The First ADR Notice transferred 21 claims (the "First ADR Designated Claims") into the ADR Procedures. The First ADR Designated Claims include both accounts payable and litigation-related claims. The Debtors are in the process of formulating settlement offers for each of the First ADR Designated Claims and intend to serve the ADR Notice, with an accompanying Offer (each as defined in the ADR Order), as soon as practicable. The Debtors' first ADR Status Notice is due on September 8, 2020, and the Debtors shall provide the Court with a further update on the First ADR Designated Claims at that time. Additionally, the Debtors' second ADR Transfer Notice (as defined in the ADR Order) is scheduled to be filed on August 24, 2020. The Debtors anticipate transferring additional claims into the ADR Procedures at that time. In the interest of continuing to ensure the ADR Procedures operate smoothly, the Debtors again anticipate that a relatively small number of claims will be transferred into the ADR Procedures via the second ADR Transfer Notice.

11. With respect to the selection of an arbitration provider, the Debtors solicited proposals from potential providers. After reviewing the information received, the Debtors are considering proposals submitted by two well-regarded arbitration groups. The Debtors have consulted with AAFAF regarding the providers, and are discussing the proposals with the UCC's advisors, as required by the ADR Order. The Debtors intend to file their informative motion identifying those providers, as required by paragraph 5(c) of the ADR Order, as soon as possible.

### IV. PRIDCO's RSA and Anticipated Title VI Filing

12. Since the Oversight Board's previous status report, the Oversight Board has certified a fiscal plan and fiscal year 2021 budget for PRIDCO. The fiscal plan and budget have established priorities for PRIDCO that include, among other requirements, conducting a reserve study, establishing a capital expenditure reserve fund, providing incentives for increased capital expenditure authority, and conducting feasibility studies for implementing alternative operating strategies. It is the view of the Oversight Board that, once PRIDCO has a better understanding of the condition of its portfolio, its needs for investing in capital expenditures over the life of its portfolio, and impacts on occupancy, PRIDCO will be in a better position to make financial and strategic decisions for the portfolio and a restructuring of PRIDCO's indebtedness.

13. PRIDCO has public bonds in the outstanding principal amount of approximately $150 million and $15 million in interest accrued thereon. AAFAF previously informed the Court and the Oversight Board that AAFAF had entered into a restructuring support agreement (an "RSA") with over two-thirds of those bondholders. As of the date hereof, the Oversight Board has not been asked to approve the RSA as a Qualifying Modification.

[*Remainder of page intentionally left blank*]

Dated: July 28, 2020
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
brosen@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
*/s/ Ubaldo M. Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as Representative of the Debtor*