UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

        Debtors[1].

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

        Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

(Jointly Administered)

---------------------------------------------------------------------x

**URGENT MOTION FOR
ENTRY OF AN ORDER APPROVING THIRD AMENDED STIPULATION
BETWEEN THE COMMONWEALTH OF PUERTO RICO AND
THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY
REGARDING THE TOLLING OF STATUTE OF LIMITATIONS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3 808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF", together with the Oversight Board, the "Moving Parties") respectfully submit this urgent motion (the "Urgent Motion"), for entry of an order approving a stipulation, attached hereto as Exhibit A (the "Third Amended Stipulation"),[3] amending the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* (the "Second Amended Stipulation").[4] The purpose of this Urgent Motion is to obtain an order further extending the Statutory Deadlines (as defined in the Third Amended Stipulation) originally set in the Second Amended Stipulation with respect to a subset of claims as described herein. In support of this Urgent Motion, the Moving Parties respectfully represent as follows:

**Background**

1. On May 3, 2017, a petition under Title III of PROMESA was filed on behalf of the Commonwealth with the United States District Court for the District of Puerto Rico.

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] Descriptions of the Third Amended Stipulation contained herein are for summary purposes only. The terms and provisions of the Third Amended Stipulation govern to the extent any inconsistencies exist between the Third Amended Stipulation and the descriptions of the Third Amended Stipulation contained herein.

[4] [Case No. 17-3283, ECF No. 9722 and Case No. 17-3567, ECF No. 668]. Capitalized terms not otherwise defined in this motion shall have the meanings used in the First Amended Stipulation.

2. On May 21, 2017, a petition under Title III of PROMESA was filed on behalf of HTA with the United States District Court for the District of Puerto Rico (the "HTA Title III Case"). The institution of the HTA Title III Case triggered the automatic stay of creditor remedies against HTA. *See* 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. §§ 362 and 922 into PROMESA).

3. On April 26, 2019, the Court entered an order approving the *First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 560].

4. On January 8, 2020, the Court entered an order approving the Second Amended Stipulation [ECF No. 668].

5. The Moving Parties have entered into the Third Amended Stipulation, which further extends the tolling of the Statutory Deadlines with respect to Causes of Action, except those expressly excluded in the Third Amended Stipulation, which relate to claims for which certain parties have sought appointment of a trustee pursuant to 11 U.S.C. 926, by an additional one hundred and eighty (180) days beyond the period set forth in the Second Amended Stipulation.

6. Counsel to the Creditors' Committee have informed counsel to the Moving Parties that they do not object to the relief sought in this Urgent Motion and that they waive the notice period set forth in the Second Amended Stipulation.

7. Counsel to the HTA Parties[5] have informed counsel to the Moving Parties that they intend to object to the relief sought in this Urgent Motion.

## Relief Requested

---

[5] HTA Parties means certain holders and/or insurers of HTA bonds represented by the counsel set forth in decretal paragraph 1 of the Third Amended Stipulation.

8. In an effort to promote judicial economy and avoid litigation over matters that have not already been the subject of extensive litigation, the Debtors have agreed, among other things, to toll the statute of limitations in connection with certain Causes of Action so that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the Statutory Deadlines would have expired in the absence of the Third Amended Stipulation (and 361 days after the date on which the Statutory Deadlines would have expired in the absence of the Second Amended Stipulation). Such tolling period may be shortened or extended upon appropriate notice being provided to the Court and other parties. Additionally, the Third Amended Stipulation provides that the tolling of the statutes of limitations extends to the officials of the Commonwealth and HTA and limits any Avoidance Actions against such officials solely to their official capacity.

9. The extension of the Statutory Deadlines agreed to in the Second Amended Stipulation will soon expire, and in the absence of a further extension, the Commonwealth and HTA could either choose to commence the Causes of Action for which the limitations period is being extended or face immediate demands to do so by the HTA Parties, the Creditors' Committee or other entities. Either option would result in further imminent litigation regarding claims that have not previously been the subject of any judicial determinations or factual investigations, burdening the parties and the Court. To avoid (or at least delay) that result, the Moving Parties have elected to extend the Statutory Deadlines as set forth in the Second Amended Stipulation.

10. Accordingly, the Third Amended Stipulation attached hereto as **Exhibit A** has been executed by the Moving Parties and is now being presented to this Court through this Urgent Motion for approval and entry on the docket.

11. Pursuant to Paragraph I.H of the Case Management Procedures, the Moving Parties hereby certify that they have carefully examined the matter and concluded that there is a true need

4

for an urgent motion; have not created the urgency through any lack of due diligence; have made a bona fide effort to resolve the matter without a hearing; and have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

### Notice

12. The Debtors have provided notice of this Urgent Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against the Debtors; (d) the statutory committees appointed in these Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; and (h) all parties filing a notice of appearance in these Title III Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

13. No prior request for the relief sought in this Urgent Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE** the Debtors respectfully request the Court to approve and enter the Third Amended Stipulation, attached hereto as **Exhibit A**, and grant the Debtors such other relief as is just and proper.

| | |
|---|---|
| /s/ Brian S. Rosen | /s/ Hermann D. Bauer |
| Martin J. Bienenstock<br>Brian S. Rosen<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| /s/ Peter Friedman | /s/ Luis C. Marini-Biaggi |
| John J. Rapisardi<br>Nancy Mitchell<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>-and-<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, D.C. 20006 | Luis C. Marini-Biaggi<br>USDC No. 222301<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>**MARINI PIETRANTONI MUÑIZ LLC**<br>250 Ponce De León Ave., Suite 900<br>San Juan, Puerto Rico 00917<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494<br><br>*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

Tel: (202) 383-5300
Fax: 202) 383-5414

*Attorneys for the Puerto Rico
Fiscal Agency and Financial
Advisory Authority*

## **Exhibit A**

**Third Amended Stipulation**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors[1]. | |

---

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | (Jointly Administered) |
| Debtor. | |

---

## THIRD AMENDED STIPULATION BETWEEN THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY REGARDING THE TOLLING OF STATUTE OF LIMITATIONS AND CONSENT ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3 808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, whose name in English is the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Puerto Rico Highways and Transportation Authority ("HTA") in its capacity as a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA, do hereby stipulate as follows:

RECITALS

A. On May 21, 2017, the Oversight Board issued a restructuring certification in accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

B. On May 21, 2017, in accordance with Section 302(2) of PROMESA, the Oversight Board filed a petition for relief on behalf of HTA, thereby commencing a case under Title III (the "HTA Title III Case").

C. On April 26, 2019, the Court entered an order approving the *First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* (the "First Amended Stipulation") [ECF No. 560].

D. On January 8, 2020, the Court entered an order approving the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* (the "Second Amended Stipulation") [ECF No. 668].

E. Commencement of the HTA Title III Case triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the

2

United States Code (the "Bankruptcy Code"), and applicable to the HTA Title III Case pursuant to Section 301(a) of PROMESA, to protect HTA's property wherever located.

F. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between the Commonwealth and HTA are hereby defined as the "Avoidance Actions".

G. Other claims between the Commonwealth and HTA may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such actions collectively with the Avoidance Actions are hereinafter referred to as the "Causes of Action").

H. Certain holders and/or insurers of HTA bonds represented by the counsel set forth in decretal paragraph 1 hereof are referred to as the "HTA Parties".

I. The Commonwealth and HTA, through AAFAF and the Oversight Board, respectively, have agreed to toll the statute of limitations in connection with the Causes of Action as set forth below.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Action of the Commonwealth, on the one hand, and HTA, on the other hand, must be commenced against one another (either directly or, subject to the rights of parties to contest, derivatively) pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the Statutory Deadlines would have expired in the absence of this Stipulation (361 days after the date on which the Statutory Deadlines would have expired in the absence of the Second

3

Amended Stipulation and 631 days from and after the date on which the Statutory Deadlines would have expired in the absence of the First Amended Stipulation) unless the Commonwealth or HTA provide written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, (b) counsel to the HTA Parties, by serving a copy of such Termination Notice upon (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq. and Atara Miller, Esq. by email transmission (ddunne@milbank.com and amiller@milbank.com), (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Marcia L. Goldstein, Esq and Greg Silbert, Esq., by email transmission (marcia.goldstein@weil.com and gregory.silbert@weil.com), (iii) Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Mark C. Ellenberg, Esq. and Casey J. Servais, Esq., by email transmission (mark.ellenberg@cwt.com and casey.servais@cwt.com), and (iv) Butler Snow LLP, 5430 LBJ Freeway, Suite 1200, Dallas, TX 75240, Attn: Martin A. Sosland, Esq., by email transmission (martin.sosland@butler.snow.com and Jason.callen@butlersnow.com), and (c) counsel to the statutory committee of unsecured creditors appointed in the Commonwealth and HTA Title III Cases (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date, as defined below, and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised

4

by either the Commonwealth or HTA in connection with any such Cause of Actions, other than the applicable statute of limitations, laches, or any other time-related defense, except that the Commonwealth and HTA expressly reserve the right to assert that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Stipulation, (ii) section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies, and (iii) a statute of repose may not be extended by an agreement of the parties; provided, however, that any party reserves the right to oppose any such argument; and, provided, further, that, if a statute of repose may be extended by an agreement of the parties, this Stipulation shall serve as such an agreement; and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for the Commonwealth or HTA, subject to the approval, effectiveness and consummation of any such plan of adjustment; provided, however, that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. Notwithstanding anything contained herein to the contrary, this Stipulation shall not apply to any Causes of Action asserted by any party, including, without limitation, HTA, against the Commonwealth alleging that HTA has any interest in revenue or taxes (whether already collected or to be collected in the future) related to the HTA Enabling Act, P.R. Laws Ann. Tit. 9 § 2001, et seq., the Puerto Rico Internal Revenue Code, P.R. Laws Ann. Tit. 13 § 30001, et seq., Act. No. 30-2013, Act. No. 31-2013, Administrative Bulletin No. EO-2015-46, and Act No. 21, 2016, or otherwise arise out of the same facts, transactions, or occurrences as asserted in the proposed complaint attached as Exhibit C to the monoline

5

insurers' section 926 motion[2] to appoint them as trustees (the "<u>HTA Revenue Causes of Action</u>").

3. For the avoidance of doubt, the Statutory Deadlines with respect to the HTA Revenue Causes of Action shall not be extended by this Stipulation.

4. The Commonwealth and HTA shall have the right to extend the period set forth in Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the HTA Parties and the Creditors' Committee in the matter set forth above; <u>provided</u>, <u>however</u>, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek, by motion to the Court, upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

5. The persons signing this Stipulation on behalf of the Oversight Board, the Commonwealth and HTA have the authority to bind such parties.

6. This Stipulation shall apply to and be binding upon the Commonwealth and HTA, together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in either the HTA Title III Case or the Commonwealth Title III Case.

7. Notwithstanding not being parties hereto, creditors of the Commonwealth and HTA, including, without limitation, the HTA Parties, shall be expressly deemed third party beneficiaries of this Stipulation.

---

[2] [Case No. 17-3283, ECF No. 13708 and Case No. 17-3567, ECF No. 871].

6

8. Except as expressly provided herein, this Stipulation shall not be amended or modified without the prior written consent of the HTA Parties and the Creditors' Committee.

9. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "Stipulation Effective Date").

10. This Stipulation and the rights, interests and defenses referred to herein extend to any claims or causes of action that could be brought or asserted against the Commonwealth or HTA officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor HTA would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| /s/ Brian S. Rosen | /s/ Hermann D. Bauer |
| | |
| Martin J. Bienenstock | Hermann D. Bauer |
| Brian S. Rosen | USDC No. 215205 |
| (Admitted *Pro Hac Vice*) | **O'NEILL & BORGES LLC** |
| **PROSKAUER ROSE LLP** | 250 Muñoz Rivera Ave., Suite 800 |
| Eleven Times Square | San Juan, PR 00918-1813 |
| New York, NY 10036 | Tel: (787) 764-8181 |
| Tel: (212) 969-3000 | Fax: (787) 753-8944 |
| Fax: (212) 969-2900 | |
| | *Co-Attorneys for the Financial* |
| *Attorneys for the Financial* | *Oversight and Management Board* |
| *Oversight and Management Board* | *as Representative for the Debtors* |
| *as Representative for the Debtors* | |

| | |
|---|---|
| /s/ Peter Friedman | /s/ Luis C. Marini-Biaggi |
| | |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Nancy Mitchell | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | Carolina Velaz-Rivero |
| **O'MELVENY & MYERS LLP** | USDC No. 300913 |
| Seven Times Square | **MARINI PIETRANTONI MUÑIZ LLC** |
| New York, NY 10036 | 250 Ponce De León Ave., Suite 900 |
| Tel: (212) 326-2000 | San Juan, Puerto Rico 00917 |
| Fax: (212) 326-2061 | Tel: (787) 705-2171 |
| | Fax: (787) 936-7494 |
| -and- | |
| | *Co-Attorneys for the Puerto Rico* |
| Peter Friedman | *Fiscal Agency and Financial* |
| (Admitted *Pro Hac Vice*) | *Advisory Authority* |
| 1625 Eye Street, NW | |
| Washington, D.C. 20006 | |
| Tel: (202) 383-5300 | |
| Fax: 202) 383-5414 | |
| | |
| *Attorneys for the Puerto Rico* | |
| *Fiscal Agency and Financial* | |
| *Advisory Authority* | |

8

**SO ORDERED.**

Dated: _____, 2020
     San Juan, Puerto Rico          LAURA TAYLOR SWAIN
                                           United States District Judge

Case:17-03283-LTS Doc#:13892 Filed:07/28/20 Entered:07/28/20 22:37:01 Desc: Main
Document Page 17 of 17