# EXHIBIT 1

**UTIER Discovery Requests**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>PUERTO RICO ELECTRIC POWER AUTHORITY<br>(PREPA)<br><br>Debtor | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

## FIRST SET OF INTERROGATORIES TO DEBTOR PUERTO RICO ELECTRIC POWER AUTHORITY AND FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO

### BUFETE EMMANUELLI C.S.P.

472 Tito Castro Ave.,
Marvesa Building Suite 106,
Ponce, PR 00716
Tel: (787) 848-0666
Fax: (787) 841-1435
rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com
notificaciones@bufete-emmanuelli.com

Dated: July 23, 2020

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284- LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority "HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE TAKE NOTICE THAT pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rule 33 of the Federal Rules of Civil Procedure, made applicable to contested matters through Rule 9014 of the Federal Rules of Bankruptcy Procedure, made applicable to this contested matter under Section 310 of PROMESA (48 U.S.C. § 2170), Debtors Puerto Rico Electric Power Authority ("PREPA") and the Commonwealth of Puerto Rico are required within thirty (30) days of the service hereof, to answer in writing, separately and under oath, the following interrogatories propounded by Creditors Unión de Trabajadores de la Industria Eléctrica y Riego Inc. ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") regarding the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with Luma Energy*, Dkt. 2053-1, *In Re: The Financial Oversight and Management Board for Puerto Rico*, 17 BK 3283-LTS.

### DEFINITIONS

1. The terms "Document," "Documents," "document," and "documents" include, but are not limited to: all written, electronically stored, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events.  This definition includes, but is not limited to, any and all of the following: correspondence, minutes, notes, messages, records, memoranda, telephone memoranda, diaries, contracts, agreements, orders, invoices, acknowledgements, receipts,

2

bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, emails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information or communications can be obtained.  The terms "Document" and "Documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a Document shall be produced to the extent that the copies differ from the Document produced due to notations, additions, insertions, comments, enclosures, attachments or markings of any kind. Also, the term includes any original, whether or not it has been sent or received, and any existing copy of that original, whether or not identical to the original, any final version, whether or not it was sent or received, and any draft prepared in advance of the final version for any purpose.

2. The terms "all", "any", and "each" shall be constructed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. "Person", "Persons" shall mean any natural person, legal person, individual(s), any business, proprietorship, firm, partnership, corporation, association, organization, or any type of entity that is or is not legally recognized.

5. "Rule 7033" means Fed. R. Civ. P. 33, made applicable to this contested matter by Fed. R. Bankr. P. 9014 and 7033.

6. "You," "Your," "you," or "your" means to the party to whom this First Set of Interrogatories is addressed.

7. "Communication" or "Communications" refer to: any oral, written, or electronic transmission of information, including, without limitation, meetings, discussions, any telephone or personal conversation, e-mail messages, text messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, seminars, notes, video tapes, photographs, microfilm, or other media of any kind.

8. "Identify" means to identify the information requested in a complete and specific fashion so as to avoid any ambiguity or vagueness and to ensure that your answer is in no way incomplete or misleading.

9. "Indicate", as used in these interrogatories regarding to any document or documents, requires that you specify the type of document and its date, name, address and phone number of the person(s) who prepared it, and the name, address and phone number of the persons(s) if any, to whom the original document or copy was sent.  It also requires that you confirm if you have the original of the document or a copy. If you do not have the document or any copy, provide the name and address of the person(s) that have the original or any copy thereof.

10. "Including" means including, but not limited to, the referenced subject.

11. The singular form of a noun or pronoun shall be considered to include, within its meaning, the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

4

12. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

13. "PREPA" means and refers to the Puerto Rico Electric Power Authority and its governing board, and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on PREPA's behalf.

14. "Commonwealth" means the Commonwealth of Puerto Rico.

15. "UTIER" means the Unión de Trabajadores de la Industria Eléctrica y Riego, Inc., as well as its affiliates, predecessors, successors, partners, parent company, subsidiaries, principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf.

16. " SREAEE" means Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica as well as its affiliates, predecessors, successors, partners, , subsidiaries, principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf.

17. "P3" means the Puerto Rico Public-Private Partnership Authority and its governing board, and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on P3's behalf, including the Partnership Committee for the Luma Contract.

18. "Luma Energy" means Luma Energy, LLC, ManageCo and ServCo, and its governing board, and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies,

instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on its behalf.

19. "Luma Contract" means the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement, dated June 22, 2020, entered into by and among PREPA, P3 and Luma Energy, including its annexes, exhibits and supplemental agreement.

20. "FOMB" means the Financial Oversight and Management Board, its members, its executive director and any other employees that act on its behalf.

21. "2020 Fiscal Plan" means the 2020 Fiscal Plan for the Puerto Rico Electric Power Authority as certified by the Financial Oversight and Management Board on June 29, 2020.

22. "Title III" means PREPA's restructuring case under PROMESA, Case No. 17-BK-4780-LTS.

23. "Front-End Transition" has the meaning contained in the Luma Contract.

24. "Interim Period" has the meaning contained in the Luma Contract.

## INSTRUCTIONS

1. Pursuant to Rule 7033, you are to furnish all information available to you and to your agents, employees and attorneys in answering the following First Set of Interrogatories.

2. You are to designate which of such information is not within your first-hand knowledge, and as to that information you are to state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document including the location thereof.

3. All Interrogatories should be answered separately and identified so that the answer clearly corresponds to the Interrogatory to which the answer is being offered.

4. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as

much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

5.  Pursuant to Rule 7033, you are not to leave any part of an Interrogatory unanswered. If the response to an Interrogatory is "none" or "unknown," the word "none" or "unknown" must be written in the response.

6.  If you raise a claim of privilege and/or an objection to any Interrogatory, or any subpart thereof, and an answer is not provided on the basis of your assertion of that objection, you must identify the nature of the privilege or reasons for nondisclosure asserted and provide the following information:

    A. For documents:

        (1) the reasons for withholding the document;

        (2) a statement of the basis for the claim of privilege, work product protection or other ground for non-disclosure; and

        (3) a brief description of the document, including:

            (a) the date of preparation of the document and any date identified on the document;

            (b) its number of pages, attachments and appendices;

            (c) the name or names of its authors or preparers and an identification by employment and title of each such person;

            (d) the name of each person who was sent or shown, or blind or carbon copied on the document, or who has had access to or custody of the document, together with an identification of each such person;

            (e) the present custodian; and

7

(f) its subject matter and, in the case of any document referring or relating to a meeting or conversation, an identification of such meeting or conversation.

B.  For oral communications:

(1) the name of the person making the communication and the name of all persons present while the communication was made, and, where not apparent, the relationship of the persons presents to the person making the communication;

(2) the date and place of the communication; and

(3) the general subject matter of the communication.

7.  If you answer any Interrogatory by reference to records from which the answer may be derived or ascertained, you must:

A. specify the document to be produced in enough detail to permit the proposer of these Interrogatories to locate and identify the records and to ascertain the answer to the Interrogatory as readily as you would be able to ascertain the answer to the Interrogatory;

B. make available any computerized information or summaries thereof that you have, or can adduce by a relatively simple procedure;

C. provide compilations, abstracts or summaries in your custody or readily obtainable by you; and

D. make available such documents for inspections and copying within ten days after service of answers to this First Set of Interrogatories.

8.  Each request for a document or documents shall be deemed to call to produce any identical copy or copies of the original document or documents.  Each request should be considered as including all nonidentical copies, whether such copies differ from the originals by reason of any notations made on such copies or otherwise and, to the extent applicable, preliminary drafts

8

of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content, or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

9.  If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify in writing each such document and provide the following information:

   A. the date it was lost, discarded or destroyed;

   B. the circumstances and manner in which it was lost, discarded or destroyed;

   C. the reason for disposing of the document (if discarded or destroyed);

   D. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

   E. the identity of the person(s) who lost, discarded or destroyed the document; and

   F. the identity of all persons having knowledge of the contents thereof.

10. Where an Interrogatory does not specifically request a particular fact or information, but where such fact or information is necessary to make the answer to the Interrogatory comprehensible, complete or not misleading, the Interrogatory is deemed to request such fact or information.

11. The Interrogatories set forth below are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

12. When these interrogatories require you to identify a person, you will be obliged to inform the full name of the person, the physical and postal address (street, number, urbanization, town, municipality, state, nation and zip code) and the telephone number. If you do not know the current address of the person whose identification is requested, indicate the last known address

(residential and business). Also, identify the occupation or profession of the person, the position he/she currently occupy, employer and employment or business address.

13. When an interrogatory requires you to indicate or identify a document or documents, you will be obliged to describe it and identify its author and the recipient of the document. In addition, you must indicate the date on which the document was prepared and the current location of the document. In addition, you must provide a copy of the document.

14. Pursuant to Rule 7033, these Interrogatories are deemed continuing in nature and require supplemental responses in the event you obtain information that renders the answers supplied in any way incomplete or inaccurate.

15. If, after having answered this list of interrogatories you obtain information or documentation that is responsive to it and that has not been supplied in the original answer, you must contact the party that notified the interrogatory to supplement any additional information.

## INTERROGATORIES

1. Explain whether, how and by whom the impact of the Luma Contract on PREPA's Title III obligations, including its ability to pay its unsecured creditors, bondholders and pension obligations, was considered before officially executing the Luma Contract.

    a. If it was considered, explain the impact of the Luma Contract on PREPA's Title III obligations, including its ability to pay unsecured creditors, bondholders and pension obligations.

    b. If it was not considered, explain why.

2. Explain whether, how and by whom the impact of the Front-End Transition payments specifically on PREPA's Title III obligations, including its ability to pay its unsecured creditors, bondholders and pension obligations, was considered before officially requesting the administrative expense priority.

    a. If it was considered, explain the impact of the Front-End Transition payments on PREPA's Title III unsecured creditors, bondholders and pension obligations.

    b. If it was not considered, explain why.

3. Explain whether, how and by whom the impact of the Front-End Transition payments specifically on PREPA's ability to provide adequate funding to SREAEE was considered before officially requesting the administrative expense priority.

    a. If it was considered, explain the impact of the Front-End Transition payments on PREPA's ability to provide adequate funding to SREAEE.

    b. If it was not considered, explain why.

4. Explain whether, how and by whom the impact of the Front-End Transition payments specifically on SREAEE's ability to pay its pension obligations.

    a. If it was considered, explain the impact on SREAEE's ability to pay its pension obligations.

    b. If it was not considered, explain why.

5. Explain whether, how and by whom the impact of the Covid-19 pandemic on energy demand and the electric system was considered before officially executing the Luma Contract.

    a. If it was considered, explain the impact of the Covid-19 pandemic on energy demand and the electric system was considered before officially executing the Luma Contract.

    b. If it was not considered, explain why.

6. Explain whether, how and by whom the impact of the Luma Contract on the RSA was considered before officially executing the Luma Contract and seeking administrative expense priority.

    a. If it was considered, explain the impact of the Front-End Transition payments on the RSA.

    b. If it was not considered, explain why.

7. The Luma Contract "will lead to a wholesale change of this sector by dismantling and reorganizing the current vertically integrated corporation . . . ." [Docket No. 2053-1 at 16 ¶ 29]. Explain how that "dismantling" will alter the composition of PREPA and its position as a debtor in terms of rights, assets and obligations to pay its Title III creditors.

8. Explain whether there are any direct financial benefits that PREPA will receive from the Front-End Transition.

    a. If there are, explain how those benefits will be passed on to PREPA's ratepayers and creditors.

    b. If there are not, explain what direct non-monetary benefits the Front-End Transition has for PREPA's ratepayers and creditors.

9. Explain how the budgetary deficit (recognized by FOMB in the 2020 Fiscal Plan and in FY2021 Budget as caused by the Luma Contract) affects PREPA's Title III obligations, including its ability to pay its unsecured creditors, bondholders and pension obligations.

10. Explain the consequences for PREPA if Luma Energy exceeds the projected budget or deadlines for the Front-End Transition.

11. Explain whether PREPA will be requesting an administrative expense priority for debts accrued in the "Interim Period" as defined in Article 3 of the Supplemental Agreement of the Luma Contract, including but not limited to the $115,000,000 service fee contemplated in Section 3.3 of the Supplemental Agreement of the Luma Contract.

**Dated: July 23, 2020**
**Ponce, Puerto Rico**

BUFETE EMMANUELLI C.S.P.

472 Tito Castro Ave.,
Marvesa Building Suite 106,
Ponce, PR 00716
Tel: (787) 848-0666
Fax: (787) 841-1435

*/s/ Rolando Emmanuelli Jiménez*
Rolando Emmanuelli Jiménez
USDC: 214105

*/s/ Jessica E. Méndez Colberg*
Jessica E. Méndez Colberg
USDC: 302108

*Attorneys for UTIER and SREAEE*

Emails: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com
notificaciones@bufete-emmanuelli.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I caused copies of the foregoing document to be served on counsel of record for PREPA and FOMB.

/s/Rolando Emmanuelli Jiménez

13

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA)<br><br>Debtor | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR PUERTO RICO ELECTRIC POWER AUTHORITY AND FOMB

**BUFETE EMMANUELLI C.S.P.**
472 Tito Castro Ave.,
Marvesa Building Suite 106,
Ponce, PR 00716
Tel: (787) 848-0666
Fax: (787) 841-1435
rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com
notificaciones@bufete-emmanuelli.com

Dated: July 23, 2020

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284- LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority "HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE TAKE NOTICE THAT pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to contested matters through Rule 9014 of the Federal Rules of Bankruptcy Procedure, made applicable to this contested matter under Section 310 of PROMESA (48 U.S.C. § 2170), Unión de Trabajadores de la Industria Eléctrica y Riego Inc. ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE"), hereby serves this First Request for Production of Documents to the Puerto Rico Electric Power Authority ("PREPA") regarding the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with Luma Energy*, Dkt. 2053-1, *In Re: The Financial Oversight and Management Board for Puerto Rico*, 17 BK 3283-LTS.

These Requests are to be responded to fully and in accordance with the definitions and instructions set out below. These requests are without waiver of UTIER and SREAEE's rights to serve further discovery requests upon PREPA or any third party based on the information that may be disclosed in response to these requests or other developments in this litigation, and UTIER expressly reserves all such rights.

## **DEFINITIONS**

1. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including, but not limited to, all written, electronically stored, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any

combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events. This definition includes, but is not limited to, any and all of the following: correspondence, minutes, notes, messages, records, memoranda, telephone memoranda, diaries, contracts, agreements, orders, invoices, acknowledgements, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, emails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information or communications can be obtained. The terms "Document" and "Documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a Document shall be produced to the extent that the copies differ from the Document produced due to notations, additions, insertions, comments, enclosures, attachments or markings of any kind. Also, the term includes any original, whether or not it has been sent or received, and any existing copy of that original, whether or not identical to the original, any final version, whether or not it was sent or received, and any draft prepared in advance of the final version for any purpose. The term "Document" shall also include Electronically Stored Information ("ESI") within the meaning of the Federal Rules of Civil Procedure.

2. "Including" means including, but not limited to, the referenced subject.

3. "Relating to," "relate to," "related to," "referred to," "refer to," "reference," and "referring to" mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting,

3

discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

4. The terms "each" and "any" shall be deemed to include and encompass the words "every" and "all."

5. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6. "Person" or "Persons" means any natural or artificial person, business entity or other legal entity, including, but not limited to, individuals, sole proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

7. "Communication" or "Communications" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, text message, web messaging, or any other form of instant messaging, or a copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

8. "Identify" means to identify the information requested in a complete and specific fashion so as to avoid any ambiguity or vagueness and to ensure that your answer is in no way incomplete or misleading.

9. "Indicate", as used in these interrogatories regarding to any document or documents, requires that you specify the type of document and its date, name, address and phone number of the person(s) who prepared it, and the name, address and phone number of the persons(s) if any,

to whom the original document or copy was sent. It also requires that you confirm if you have the original of the document or a copy. If you do not have the document or any copy, provide the name and address of the person(s) that have the original or any copy thereof.

10. "Including" means including, but not limited to, the referenced subject.

11. "Concerning" and/or "relating to" means, without limitation: describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

12. "Rule 7026" means Federal Rule of Civil Procedure 26(e), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7026 and Section 310 of PROMESA (48 U.S.C. § 2170).

13. The singular form of a noun or pronoun shall be considered to include, within its meaning, the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted.

14. "PREPA" means and refers to the Puerto Rico Electric Power Authority and its governing board, and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on PREPA's behalf.

15. "Commonwealth" means the Commonwealth of Puerto Rico.

16. "UTIER" means the Unión de Trabajadores de la Industria Eléctrica y Riego, Inc., as well as its affiliates, predecessors, successors, partners, parent company, subsidiaries, principals,

officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf.

17. "SREAEE" means Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica as well as its affiliates, predecessors, successors, partners, , subsidiaries, principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on its behalf.

18. "P3" means the Puerto Rico Public-Private Partnership Authority and its governing board, and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on P3's behalf, including the Partnership Committee for the Luma Contract.

19. "Luma Energy" means Luma Energy, LLC, ManageCo and ServCo, and its governing board, and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on its behalf.

20. "Luma Contract" means the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement, dated June 22, 2020, entered into by and among PREPA, P3 and Luma Energy, including its annexes, exhibits and supplemental agreement.

21. "FOMB" means the Financial Oversight and Management Board, its members, its executive director and any other employees that act on its behalf.

22. "2020 Fiscal Plan" means the 2020 Fiscal Plan for the Puerto Rico Electric Power Authority as certified by the Financial Oversight and Management Board on June 29, 2020.

23. "Title III" means PREPA's restructuring case under PROMESA, Case No. 17-BK-4780-LTS.

24. "Front-End Transition" has the meaning contained in the Luma Contract.

25. "Interim Period" has the meaning contained in the Luma Contract.

## **INSTRUCTIONS**

1.  All terms defined above shall have the meanings set forth therein.

2.  Each Request must be responded to separately and specifically.

3.  Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.  Each Request shall be answered fully unless it is in good faith objected to, in which in that case, the reason for Your objection shall be stated in detail, as set forth below.

5.  If you raise a claim of privilege and/or an objection to any Interrogatory, or any subpart thereof, and an answer is not provided on the basis of your assertion of that objection, you must identify the nature of the privilege or reasons for nondisclosure asserted and provide the following information:

    A. For documents:

    (1) the reasons for withholding the document;

    (2) a statement of the basis for the claim of privilege, work product protection or other ground for non-disclosure; and

    (3) a brief description of the document, including:

    (a) the date of preparation of the document and any date identified on the document;

    (b) its number of pages, attachments and appendices;

    (c) the name or names of its authors or preparers and an identification by employment and title of each such person;

(d) the name of each person who was sent or shown, or blind or carbon copied on the document, or who has had access to or custody of the document, together with an identification of each such person;

(e) the present custodian; and

(f) its subject matter and, in the case of any document referring or relating to a meeting or conversation, an identification of such meeting or conversation.

B.  For oral communications:

(1) the name of the person making the communication and the name of all persons present while the communication was made, and, where not apparent, the relationship of the persons presents to the person making the communication;

(2) the date and place of the communication; and

(3) the general subject matter of the communication.

6.  If an objection pertains only to a portion of a request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

7.  Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives or advisors. A Document is to be deemed in Your possession, custody or control if: (a) it is in Your physical custody; or (b) it is in the physical custody of any other Person and You (i) own such Document in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or

copy such Document on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so.

8. If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must state: (a) whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (b) the reason for, and the facts and circumstances surrounding, such disposition; (c) the Persons who authorized such disposition; (d) the date or approximate date of such disposition; (e) when the Document was most recently in Your possession, custody or control; and (f) the identity of the Person, if any, presently in possession, custody, or control of such Document.

9. Each Document shall be produced in its entirety. You shall include any exhibits or attachments thereto. Except pursuant to a claim of privilege or work product, no Document should be altered, defaced, masked, or redacted before production.

10. If You cannot provide a requested Document (after exercising due diligence to secure it) that was formerly in Your possession, custody, or control, then: (a) Your response must (i) describe in detail the nature of the document and its contents, identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent), and the date of which the document was prepared or transmitted, (ii) state that You cannot produce the requested Document, (iii) specify the reasons for Your inability to produce the requested Document (e.g., lost, destroyed or otherwise disposed of), (iv) declare that You have exercised due diligence to secure the requested Document, and (v) state all information or knowledge that You have concerning the requested Documents; and (b) You must produce all other requested Documents.

11. If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege.  If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

12. Each request for a document or documents shall be deemed to call to produce any identical copy or copies of the original document or documents.  Each request should be considered as including all nonidentical copies, whether such copies differ from the originals by reason of any notations made on such copies or otherwise and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content, or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

13. Pursuant Rule 7026, these Documents Requests are deemed continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the Requests.

14. The electronically stored information must be sent in an organized and duly identified matter.

## DOCUMENTS TO BE PRODUCED

1. Any and all non-confidential communications by and between P3, PREPA, Luma Energy and the FOMB regarding the impact of the Luma Contract on PREPA's Title III unsecured creditors, bondholders and pension obligations.

2. Any and all non-confidential documents that contain the analysis of the impact of the Luma Contract on PREPA's Title III unsecured creditors, bondholders and pension obligations.

3. Any and all non-confidential documents that contain the analysis of the impact of the Front-End Transition payments on PREPA's ability to provide adequate funding to SREAEE.

4. Any and all non-confidential documents that contain the analysis of the impact of the Luma Contract on SREAEE's ability to pay its pension obligations.

5. Any and all non-confidential documents and communications by and between P3, PREPA, Luma Energy and the FOMB concerning the $136,351,930 projected budget of the Front-End Transition. [Docket No. 2053-1]

6. Any and all non-confidential documents and communications related to the underlying data used to estimate the initial deposit of $59,374,000. [Docket No. 2053-1]

7. Any and all non-confidential documents that contain the analysis of the impact of the Luma Contract on PREPA's budget.

8. Any and all non-confidential documents related to Luma Energy's managerial expenses under the Luma Contract during the Front-End Transition.

9. Any and all non-confidential documents related to the costs that Luma Energy has already incurred in the Front-End Transition, including but not limited to invoices and time sheets.

10. Any and all non-confidential documents related to PREPA's financial projections as a result

of the Luma Contract.

**Dated: July 23, 2020**
**Ponce, Puerto Rico**

BUFETE EMMANUELLI C.S.P.

472 Tito Castro Ave.,
Marvesa Building Suite 106,
Ponce, PR 00716
Tel: (787) 848-0666
Fax: (787) 841-1435

*/s/ Rolando Emmanuelli Jiménez*
Rolando Emmanuelli Jiménez
USDC: 214105

*/s/ Jessica E. Méndez Colberg*
Jessica E. Méndez Colberg
USDC: 302108

*Attorneys for UTIER and SREAEE*

Emails: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com
notificaciones@bufete-emmanuelli.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I caused copies of the foregoing document to be

served on counsel of record for PREPA and FOMB.

/s/Rolando Emmanuelli Jiménez

13