# **EXHIBIT 2**

**UCC Discovery Requests**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------- X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
---------------------------------------------------------------- X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-4780 (LTS)
:
PUERTO RICO ELECTRIC POWER AUTHORITY : **This filing relates only to**
: **Case No. 17-BK-4780 (LTS)**
:
    Debtor. :
---------------------------------------------------------------- X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' DOCUMENT REQUESTS TO FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO IN <u>CONNECTION WITH LUMA ADMINISTRATIVE EXPENSE MOTION</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Federal Rules of Civil Procedure 26 and 34 (applicable here under Rule 9014 of the Federal Rules of Bankruptcy Procedure), the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee"), by its counsel, hereby propounds to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") these document requests (the "Requests"). These Requests are to be responded to fully and in accordance with the definitions and instructions set out below, and the Documents and Communications identified herein are to be produced to the offices of Paul Hastings LLP, Attn: Zachary Zwillinger, 200 Park Avenue, New York, NY 10166, zacharyzwillinger@paulhastings.com, on or before July 31, 2020 or as otherwise ordered by the Court. These requests are without waiver of the Committee's rights to serve further discovery requests upon the Oversight Board or any third party based on the information that may be disclosed in response to these requests or other developments in this litigation, and the Committee expressly reserves all such rights.

## INSTRUCTIONS

1. Each Request must be responded to separately and specifically. Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below. If an objection pertains only to a portion of a request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2. Electronically stored information must be produced in accordance with the following instructions:

   a) Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format. File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the

comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b) <u>Image Load File</u>.

   a. Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES. Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and name of the native file. The native file must be named after the FIRSTBATES.

   b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCoun.

c) <u>Document Text</u>. Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d) <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include

3

the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e) <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f) <u>Metadata</u>. Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters:
Comma , ASCII character (020)
Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
| --- | --- | --- |
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |

4

| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
|---|---|---|
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT/TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |
| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |

| PGCOUNT | 1 | Number of pages in native file document/email |
|---|---|---|
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) <br> Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. <br> Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3. Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5. Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives or advisors. A Document is to be deemed in Your possession, custody or control if: (a) it is in Your physical custody; or (b) it is in the physical custody of any other Person and You (i) own such Document in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such

6

Document on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Each Document shall be produced in its entirety.

6. If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must state: (a) whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (b) the reason for, and the facts and circumstances surrounding, such disposition; (c) the Persons who authorized such disposition; (d) the date or approximate date of such disposition; (e) when the Document was most recently in Your possession, custody or control; and (f) the identity of the Person, if any, presently in possession, custody, or control of such Document.

7. If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8. If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances

upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

9. If You cannot provide a requested Document (after exercising due diligence to secure it) that was formerly in Your possession, custody, or control, then: (a) Your response must (i) describe in detail the nature of the document and its contents, identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent), and the date of which the document was prepared or transmitted, (ii) state that You cannot produce the requested Document, (iii) specify the reasons for Your inability to produce the requested Document (e.g., lost, destroyed or otherwise disposed of), (iv) declare that You have exercised due diligence to secure the requested Document, and (v) state all information or knowledge that You have concerning the requested Documents; and (b) You must produce all other requested Documents.

10. The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the Requests.

## RULES OF CONSTRUCTION

11. The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

8

12. The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

### DEFINITIONS[2]

13. "<u>Oversight Board</u>," "<u>You</u>" or "<u>Your</u>" means and refers to the Financial Oversight and Management Board for Puerto Rico and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on the Oversight Board's behalf.

14. "<u>Administrative Expense Motion</u>" means and refers to the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy* [Dkt. No. 1947 in Case No. 17-4780].

15. "<u>Supplemental Agreement</u>" means and refers to the Puerto Rico Transmission and Distribution System Supplemental Terms Agreement, made and entered into on June 22, 2020.

16. "<u>Communication</u>" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, text message, web messaging, or any other form of instant messaging, or a copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Administrative Expense Motion.

9

17. "<u>Concerning</u>" and/or "<u>relating to</u>" means, without limitation: describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18. "<u>Document</u>" is used in the broadest sense contemplated by Federal Rules of Civil Procedure, including all materials, documents, electronically stored information and tangible things within the scope of Rule 34(a). Document means and refers to any writing, thing, record of any type, or description that is or has been in Your possession, control, or custody, or of which You have knowledge, including but not limited to: agreements; drafts; communications; correspondence; e-mails; text messages; instant messages; web messages; WhatsApp messages; social media messages; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced. Document also means any electronic copy

which is not identical to the original, including metadata and other electronically stored information.

## DOCUMENTS TO BE PRODUCED

1. All Documents and Communications relating to the requirement in Section 6.1 of the Supplemental Agreement that a Title III Plan and confirmation order be "reasonably acceptable to Operator."

2. All Documents and Communications relating to the Operator Termination Fee, as that term is defined in the Supplemental Agreement.

Dated: July 24, 2020
San Juan, Puerto Rico

/s/ Nicholas A. Bassett

PAUL HASTINGS LLP
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
2050 M Street NW,
Washington, D.C. 20036
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except COFINA and PBA)*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except COFINA and PBA)*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                          : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    : Title III
                                                                       :
    as representative of                            : Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO *et al.,*            : (Jointly Administered)
                                                                       :
    Debtors.¹                                       :
---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                          : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    : Title III
                                                                       :
    as representative of                            : Case No. 17-BK-4780 (LTS)
                                                                       :
PUERTO RICO ELECTRIC POWER AUTHORITY                 : **This document relates only to**
                                                     : **Case No. 17-BK-4780 (LTS)**
                                                                       :
    Debtor.                                         :
---------------------------------------------------------------------- X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICE OF DEPOSITION TO FEDERAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO IN CONNECTION WITH LUMA ADMINISTRATIVE EXPENSE MOTION PURSUANT <u>TO FED. R. CIV. P. 30(B)(6)</u>**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) (the "Committee") will take the deposition upon oral examination of the Federal Oversight and Management Board for Puerto Rico ("Oversight Board") on the topics referenced in the accompanying rider. This deposition will commence on August 6, 2020 at 1:00 pm via videoconferencing application. The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths. The deposition will be recorded by stenographic means and video.

**PURSUANT TO** Fed. R. Civ. P. 30(b)(6), the Oversight Board must designate one or more officers, directors, or managing agents, or other persons who consent to testify on their behalf with respect to the matters set forth in the attached Schedule A.

*[Remainder of page intentionally left blank.]*

Dated: July 24, 2020
      San Juan, Puerto Rico

/s/ Nicholas A. Bassett

PAUL HASTINGS LLP
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except COFINA and PBA)*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except COFINA and PBA)*

3

## SCHEDULE A: OVERSIGHT BOARD 30(B)(6) RIDER

## DEFINITIONS[2]

1. "Oversight Board", "You" or "Your" means and refers to the Federal Oversight and Management Board for Puerto Rico and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on the Oversight Board's behalf.

2. "Administrative Expense Motion" means and refers to the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy* [Dkt. No. 1947 in Case No. 17-4780].

3. "Supplemental Agreement" means and refers to the Puerto Rico Transmission and Distribution System Supplemental Terms Agreement, made and entered into on June 22, 2020.

4. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, text message, web messaging, or any other form of instant messaging, or a copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

5. "Committee's Document Requests" means and refers to the *Official Committee of Unsecured Creditors' Document Requests to Federal Oversight and Management Board for Puerto Rico in Connection with Luma Administrative Expense Motion*.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Administrative Expense Motion.

4

## **TOPICS OF EXAMINATION**

1. The Documents produced by You in response to the Committee's Document Requests.

2. Your negotiation and consideration of, basis for, and communications regarding the requirement in Section 6.1 of the Supplemental Agreement that a Title III Plan and confirmation order be "reasonably acceptable to Operator."

3. Your negotiation and consideration of, basis for, and communications regarding the Operator Termination Fee, as that term is defined in the Supplemental Agreement.