Hearing Date: September 16, 2020 at 9:30AM (Atlantic Standard Time)
Response Deadline: September 1, 2020 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

　　as representative of

THE COMMONWEALTH OF PUERTO RICO, *et
al.*,

　　　　　　　　　　　　　Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to PREPA.**

## TWO HUNDRED FORTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO SUBSEQUENTLY AMENDED CLAIMS

To the Honorable United States District Judge Laura Taylor Swain:

　　The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this two hundred forty-first omnibus objection (the "Two Hundred Forty-First Omnibus Objection") to the subsequently amended and superseded proofs of claim listed on **Exhibit A** hereto, and in support of the Two Hundred Forty-First Omnibus Objection respectfully represents as follows:

## JURISDICTION

1.    The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.    Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.    The Bar Date Orders in the Title III Case**

3.    On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] [3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      PREPA**

5.      PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended (the "Authority Act") § 3. PREPA generates and distributes substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.      To date, approximately 174,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

7.      Of the proofs of claim filed, approximately 4,500 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus*

*Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred fifty-seven omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"), as well as thirty-three individual objections. After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019. Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on March 4 and March 5, 2020. Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS,

have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11.     This Two Hundred Forty-First Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **OBJECTION TO PROOFS OF CLAIM**

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The Two Hundred Forty-First Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(3) and the Amended Omnibus Objection Procedures, claims that have been amended and, therefore, superseded by a subsequent proof of claim filed in the PREPA Title III Case.

14.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") have been amended and superseded by subsequently filed proof(s) of claim identified in the column titled "Remaining Amended Claims" (each a "Remaining Amended Claim" and collectively, the "Remaining Amended Claims").  The Claims to Be Disallowed thus no longer represent valid claims against PREPA.  Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted excess recovery against PREPA, to the detriment of other stakeholders in the Title III Cases.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Amended Claim against PREPA, as set forth in **Exhibit A** hereto.  Because this Two Hundred Forty-First Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to

the Remaining Amended Claims, the Debtors reserve their right to object to the Remaining Amended Claims on any other grounds whatsoever.

15.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Two Hundred Forty-First Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Subsequently Amended Claims*, dated July 31, 2020, attached hereto as **Exhibit B**.

**NOTICE**

16.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Two Hundred Forty-First Omnibus Objection to (a) the individual creditors subject to this Two Hundred Forty-First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Twelfth Amended Case Management Procedures* [ECF No. 13512-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.   A copy of the notice for this Two Hundred Forty-First Omnibus Objection is attached hereto as **Exhibit C**.   Spanish translations of the Two Hundred Forty-First Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.   PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

**RESERVATION OF RIGHTS**

17.     This Two Hundred Forty-First Omnibus Objection is limited to the grounds stated herein.   Accordingly, it is without prejudice to the rights of the Debtors to object to the Claims to be Disallowed or any other claims on any ground whatsoever.   The Debtors expressly reserve all further substantive or procedural objections.   Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any

7

grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume

any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or

(e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable

law.

## NO PRIOR REQUEST

18.    No prior request for the relief sought in this Two Hundred Forty-First Omnibus

Objection has been made to this or any other court.

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of

the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)

granting PREPA such other and further relief as is just.

Dated: July 31, 2020
San Juan, Puerto Rico

Respectfully submitted,


/s/ *Herman D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944


/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900


*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*

Fecha de la vista: **16 de septiembre de 2020 a las 9:30 a.m. (AST)**
Fecha límite para responder: **1 de septiembre de 2020 a las 4:00 p.m. (AST)**

---

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

**DUCENTÉSIMA CUADRAGÉSIMA PRIMERA OBJECIÓN GLOBAL (NO SUSTANTIVA)
DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO
A RECLAMACIONES ENMENDADAS POSTERIORMENTE**

A la atención de su señoría, Juez de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta ducentésima cuadragésima primera objeción global (la "Ducentésima cuadragésima primera objeción global") a evidencias de reclamaciones enmendadas y sustituidas posteriormente que aparecen en el **Anexo A** del presente documento, y en apoyo de la Ducentésima cuadragésima primera objeción global respetuosamente manifiestan lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite en el Caso de Título III**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio

---

[2]  PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso al amparo del Título
III del referido cuerpo legal (el "Caso de Título III de la AEE", denominados conjuntamente con
el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó
una orden por la que concedió la administración conjunta de los Casos de Título III únicamente
con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije
fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma
y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la
*Orden que A) fija fechas límite y procedimientos para radicar Evidencias de reclamaciones y B)
aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden Inicial de Fecha
Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas
límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título
III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los
Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar
Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm.
3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"),
extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      AEE**

5.      La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley
núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y
distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17

---

3    Salvo disposición en contrario contenida en el presente documento, las citas ECF harán
referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios aproximadamente a 1.5 millones de clientes.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.      Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 4,500 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

4

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.        En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10.        Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal celebró vistas

vinculadas con 157 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés

Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto

Rico (la "ACT") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre

Asociado de Puerto Rico (el "SRE"), así como con 33 objeciones individuales. Tras las vistas

celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio

de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal

concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las

evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron

rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificadas como radicadas

contra otros Deudores. Veintidós objeciones globales a reclamaciones radicadas contra el ELA, la

ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 27

objeciones globales a reclamaciones radicados contra el ELA, la ACT y el SRE fueron atendidas

y concedidas oralmente el 29 de enero de 2020, y 30 objeciones globales a reclamaciones radicadas

contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente los días 4 y 5 de marzo

de 2020. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha,

aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra

el ELA, la ACT, COFINA y el SRE fueron rechazadas y serán retiradas del registro de

reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas

las órdenes finales.

   11. La presente Ducentésima cuadragésima primera objeción global se radica de

conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIÓN A EVIDENCIAS DE RECLAMACIONES

   12. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la

AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

6

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13.    La Ducentésima cuadragésima primera objeción global pretende que se rechacen,
de conformidad con la regla 3007(d)(3) de las Reglas Federales del Procedimiento de Quiebra y
los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que han sido
enmendadas y, en consecuencia, sustituidas por evidencia de reclamaciones posterior radicada en
el marco del Caso de Título III de la AEE.

14.    Como se establece en el **Anexo A** del presente documento, las reclamaciones
identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente,
"Reclamaciones que han de ser rechazadas") han sido enmendadas y sustituidas por evidencia(s)
de reclamaciones radicada(s) posteriormente identificada(s) en la columna titulada
"Reclamaciones Restantes Enmendadas" (cada una denominada una "Reclamación restante
enmendada" y conjuntamente, las "Reclamaciones Restantes Enmendadas"). En consecuencia, las
Reclamaciones que han de ser rechazadas ya no constituyen reclamaciones válidas contra la AEE.
Si las Reclamaciones que han de ser rechazadas no son rechazados, ello resultaría en que las
correspondientes demandantes obtuvieran potencialmente una recuperación en exceso no
justificada contra la AEE en detrimento de otras partes interesadas en los Casos de Título III. Los
autores de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de
que se rechacen sus reclamaciones, puesto que cada uno de dichos autores mantendrá una
Reclamación restante enmendado contra la AEE, según se establece en el **Anexo A** del presente
documento. Puesto que esta Ducentésima cuadragésima primera objeción global a las
Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones

Restantes Enmendadas, los Deudores se reservan el derecho a oponerse a las Reclamaciones

Restantes Enmendadas sobre la base de cualesquiera otros motivos que fuere.

15.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en*

*apoyo de la Ducentésima cuadragésima primera objeción global (no sustantiva) de la Autoridad*

*de Energía Eléctrica de Puerto Rico a Reclamaciones enmendadas posteriormente*, de fecha 31

de julio de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden

de Notificación del Tribunal, la AEE notifica la presente Ducentésima cuadragésima primera

objeción global a) a los acreedores individuales objeto de esta Ducentésima cuadragésima primera

objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los

*Procedimientos de administración de casos enmendados núm. 12* [ECF núm. 13512-1]),

disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.

Una copia de la notificación relativa a esta Ducentésima cuadragésima primera objeción global se

adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima cuadragésima

primera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con

la presente objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del

remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

17.     La presente Ducentésima cuadragésima primera objeción global se limita a los

motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos

de los Deudores a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras

reclamaciones sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el

derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el

8

presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a oponerse a cualesquiera reclamaciones sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

18.     No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima cuadragésima primera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

9

Fecha: 31 de julio de 2020
      San Juan (Puerto Rico)

Respetuosamente sometida,


[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944


[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900


*Abogados de la Junta de Supervisión y
Administración Financiera para Puerto
Rico como representante de la Autoridad de
Energía Eléctrica de Puerto Rico*