Hearing Date: September 16, 2020 at 9:30AM (Atlantic Time)
Response Deadline: September 1, 2020 at 4:00PM (Atlantic Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

---

**TWO HUNDRED FORTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO PARTIALLY SATISFIED CLAIMS**

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this two hundred forty-second omnibus objection (the "Two Hundred Forty-Second Omnibus Objection") objecting to the amounts asserted in the proofs of claim listed on **Exhibit A** hereto, on the basis that each of these claims has been partially satisfied. For each of the claims identified in the column titled "Asserted" in **Exhibit A** hereto, the Two Hundred Forty-Second Omnibus Objection seeks to reduce the amount asserted in the claim against PREPA. PREPA reserve the right to object to any of the remaining amounts asserted in the claims, as identified in the column titled "Remaining Claim" in **Exhibit A** hereto, on any basis whatsoever. In support of the Two Hundred Forty-Second Omnibus Objection, PREPA respectfully represents as follows:

## JURISDICTION

1.  The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.  Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The Bar Date Orders

3.  On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

4.    On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

## B.    PREPA

5.    PREPA is a government-owned corporation founded in 1941.  See Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.      To date, approximately 174,000 proofs of claim have been filed against the Debtors

and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in

asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.      Of the proofs of claim filed, approximately 4,500 have been filed in relation to, or

reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders,

many of these claims need not have been filed at all, or suffer from some other flaw, such as being

subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative

of other proofs of claim, or failing to provide information necessary for the Debtors to determine

whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on

October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A)*

*Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy*

*Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures

Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order

dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B)*

*Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF

No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus

Objection Procedures").  On November 29, 2018, the Court approved English and Spanish

versions of the forms of notice for omnibus objections to be filed in accordance with the Initial

Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the*

*Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

4

9.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred fifty-three omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"), as well as thirty-three individual objections. After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors. Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11,

5

2019.  Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020, and thirty omnibus objections to claims filed against the Commonwealth, HTA, and ERS were heard and granted on March 4 and March 5, 2020.  Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting over $40 trillion in liability against the Commonwealth, HTA, COFINA, and ERS, have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11.    This Two Hundred Forty-Second Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.    The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.  Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1). Additionally, Federal Rule of Bankruptcy Procedure 3007(d)(5) provides for objections to claims on the basis that the claims have been satisfied.

13.    In accordance with the Amended Omnibus Objection Procedures, the Two Hundred Forty-Second Omnibus Objection seeks to reduce the amount of the claims asserted against PREPA to the extent they have been satisfied.

14.    Each claim listed on **Exhibit A** hereto (collectively the "Partially Satisfied Claims"), purports to assert liabilities based on a contract entered into by PREPA and/or an invoice issued by the claimant.  PREPA's records, however, show that a portion of the liabilities associated with the Partially Satisfied Claims have been paid by PREPA, as detailed in **Exhibit A** hereto.  As

6

a result, any failure to reduce the amounts asserted in the Partially Satisfied Claims to the extent they have been paid/satisfied will result in the applicable claimants potentially receiving an unwarranted excess recovery against PREPA to the detriment of other stakeholders in the PREPA Title III Case.  The holders of the Partially Satisfied Claims will not be prejudiced by the reduction in their claim amounts because the claims are only being reduced to the extent they have been satisfied, and the remaining amounts owed are not subject to this objection.  The Partially Satisfied Claims, therefore, should be partially disallowed insofar as they have been satisfied.  Claimants will retain a remaining claim (collectively, the "Remaining Claims"), as identified in the column titled "Remaining Claim" in **Exhibit A** hereto.  PREPA reserves its rights to object to the Remaining Claims on any grounds whatsoever.

15.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Two Hundred Forty-Seco*nd *Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Partially Satisfied Claims*, dated July 31, 2020, attached hereto as **Exhibit B**.

**NOTICE**

16.     In accordance with the Amended Omnibus Objection Procedures, PREPA is providing notice of this Two Hundred Forty-Second Omnibus Objection to (a) the individual creditors subject to this Two Hundred Forty-Second Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Thirteenth Amended Case Management Procedures* [ECF No. 13512-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Two Hundred Forty-Second Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Two Hundred Forty-Second Omnibus Objection and all of the exhibits attached hereto are being filed and served with this

objection. PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

17.    This Two Hundred Forty-Second Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Partially Satisfied Claims or the Remaining Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

18.    No prior request for the relief sought in this Two Hundred Forty-Second Omnibus Objection has been made to this or any other court.

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

Dated: July 31, 2020
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
Puerto Rico Electric Power
Authority*

**Fecha de la vista: 16 de septiembre de 2020, a las 9.30 a.m. (AST)**
**Fecha límite para responder: 1 de septiembre de 2020 a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

---

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

  como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,

    Deudores.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con la AEE.**

---

**DUCENTÉSIMA CUADRAGÉSIMA SEGUNDA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES PARCIALMENTE SATISFECHAS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Energía Eléctrica de Puerto Rico ("AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta ducentésima cuadragésima segunda objeción global (la "Ducentésima cuadragésima segunda objeción global") en la que se opone a los montos alagados en las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, sobre la base de que cada una de dichas reclamaciones ha sido satisfecha parcialmente. En relación de cada una de las reclamaciones identificadas en la columna titulada "Alegadas (*Asserted*)" en el **Anexo A** del presente documento, la Ducentésima cuadragésima segunda objeción global pretende que se reduzcan los montos alegados en las reclamaciones contra la AEE. La AEE se reserva el derecho a oponerse a cualquiera de los montos restantes alegados en las reclamaciones, según se identifican en la columna titulada "Reclamación Restante" en el **Anexo A** del presente documento, sobre la base del motivo que fuere. En apoyo de la Ducentésima cuadragésima segunda objeción global, la AEE manifiesta respetuosamente lo siguiente:

**JURISDICCIÓN**

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

2

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de

PROMESA.

**ANTECEDENTES**

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración conforme a los artículos 104(j) y 206 de PROMESA, y radicó una petición

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso

de Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la

"Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración

conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio

para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso al amparo del Título

III del referido cuerpo legal (el "Caso de Título III de la AEE", denominados conjuntamente con

el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó

una orden por la que concedió la administración conjunta de los Casos de Título III únicamente

con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma*

*y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la

*Orden que A) fija fechas límite y procedimientos para radicar Evidencias de reclamaciones y B)*

*aprueba la forma y la manera de su notificación* [núm. ECF. 2521] (la "Orden Inicial de Fecha

Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán
referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.    AEE**

5.    La AEE es una corporación titularidad del Gobierno creada en 1941. Véase la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios aproximadamente a 1.5 millones de clientes.

**C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.    Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.    De las evidencias de reclamaciones radicadas, aproximadamente 4,500 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables,

4

estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.      En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de*

5

*vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal celebró vistas vinculadas con 153 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("SRE"), así como con 33 objeciones individuales. Tras las vistas celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificadas como radicadas contra otros Deudores. Veintidós objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019. Además, 27 objeciones globales a reclamaciones radicados contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020, y 30 objeciones globales a reclamaciones radicadas contra el

6

ELA, la ACT y el SRE fueron atendidas y concedidas los días 4 y 5 de marzo de 2020. Sobre la

base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000

reclamaciones que reivindicaban más de $40 billones en responsabilidad contra el ELA, la ACT,

COFINA y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco

de los procedimientos de Título III una vez dictadas las órdenes finales.

11.     La presente Ducentésima cuadragésima segunda objeción global se radica de

conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

### OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la

AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas

establecidas en los Procedimientos Enmendados relativos a Objeciones Globales. Las

reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier

contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Además, la

regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of*

*Bankruptcy Procedure*) permite oponerse a reclamaciones sobre la base de que las reclamaciones

han sido satisfechas.

13.     De conformidad con los Procedimientos Enmendados relativos a Objeciones

Globales, la Ducentésima cuadragésima segunda objeción global pretende que se reduzca el monto

de las reclamaciones radicadas contra la AEE en la medida en que estas hayan sido satisfechas.

14.     Cada reclamación identificada en el **Anexo A** del presente (conjuntamente, las

"Reclamaciones Parcialmente Satisfechas") pretende alegar responsabilidad basada un contrato

celebrado por la AEE y/o una factura emitida por la demandante. Sin embargo, los datos de la AEE

7

indican que una parte de las responsabilidades vinculadas con las Reclamaciones Parcialmente Satisfechas ha sido pagada por la AEE, según se explica con más detalle en el **Anexo A** del presente documento. En consecuencia, si los montos alegados en las Reclamaciones Parcialmente Satisfechas no se redujeran en la medida en la que han sido pagados/satisfechos, ello resultaría en que las correspondientes demandantes obtuvieran potencialmente una recuperación en exceso no justificada contra la AEE en detrimento de otras partes interesadas en el Caso de Título de la AEE. Los tenedores de las Reclamaciones Parcialmente Satisfechas no se verán perjudicados por el hecho de que se reduzcan los montos de las reclamaciones, puesto que las reclamaciones solo se reducen en la medida en la que estas han sido satisfechas, mientas que los montos restantes adeudados no son objeto de esta objeción. En consecuencia, las Reclamaciones Parcialmente Satisfechas deben rechazarse parcialmente en la medida en que hayan sido satisfechas. Las Demandantes conservarán sus reclamaciones restantes (conjuntamente, las "Reclamaciones Restantes"), según lo identificado en la columna titulada "Reclamación Restante" en el **Anexo A** del presente documento. La AEE se reserva los derechos a oponerse a las Reclamaciones Restantes sobre la base del motivo que fuere.

15.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Ducentésima cuadragésima segunda objeción global (sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones Parcialmente Satisfechas*, de fecha 31 de julio de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, la AEE notifica la presente Ducentésima cuadragésima segunda objeción global a) a los acreedores individuales objeto de esta Ducentésima cuadragésima segunda objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de*

8

*administración de casos enmendados núm. 13* [ECF núm. 13512-1]), disponibles en el sitio web

de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a la

Ducentésima cuadragésima segunda objeción global se adjunta al presente como **Anexo C**. Las

traducciones al español de la Ducentésima cuadragésima segunda objeción global y de la totalidad

de los anexos que se adjuntan al presente se radican y envían con la presente objeción. La AEE

sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra

notificación.

**RESERVA DE DERECHOS**

17.     La presente Ducentésima cuadragésima segunda objeción global se limita a los

motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos

de los Deudores a objetar a las Reclamaciones Parcialmente Satisfechas, a las Reclamaciones

Restantes o a cualesquiera otras reclamaciones sobre la base de los motivos que fuere. Los

Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal.

Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a

tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una

admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan

una renuncia a los derechos que asisten a los Deudores a oponerse a cualesquiera reclamaciones

sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier

reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o

arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e)

9

constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el

Código de Quiebras o cualquier otra normativa legal aplicable.

**AUSENCIA DE SOLICITUDES PREVIAS**

18.     No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima

cuadragésima segunda objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en

la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el

remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros

remedios que se consideren justos.

Fecha: 31 de julio de 2020
      San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y
Administración Financiera para Puerto
Rico como representante de la Autoridad de
Energía Eléctrica de Puerto Rico*

10