**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**THE MOVING PARTIES' REPLY TO MONOLINES' LIMITED OBJECTION TO URGENT MOTION FOR ENTRY OF AN ORDER APPROVING SECOND AMENDED STIPULATION AND CONSENT ORDER BETWEEN TITLE III DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE GOVERNMENTAL ENTITIES LISTED ON EXHIBIT "B" REGARDING THE TOLLING OF STATUTE OF LIMITATIONS**

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority ("PREPA"), each in its capacity as a Title III debtor (the Commonwealth, ERS, HTA and PREPA together the "Title III Debtors"), and each by and through the Financial Oversight and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as the representative of Title III Debtors, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," together with the Oversight Board, the "Moving Parties"), on behalf of the Governmental Entities,[2] respectfully submit this reply to the *Limited Objection of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation to Urgent Motion for Approval of Tolling Stipulation* [ECF No. 13845] (the "Objection") filed by the monoline insurers (collectively, the "Monolines").

1. The Objection is premised on the unfounded allegation that the Stipulation "was drafted to *explicitly carve out* avoidance actions that would vindicate HTA's rights to Excise Taxes that were wrongfully transferred to the Commonwealth." Objection ¶ 2 (emphasis in original). The Monolines contend that the Stipulation "unfairly singles out . . . the claims that had been covered by" a previous Court approved stipulation. *Id.* This argument is entirely misplaced, as the Stipulation and its predecessors have nothing to do with potential claims against HTA. A separate stipulation has been filed covering HTA claims, and that HTA Tolling Stipulation (as defined below) *does* exclude the claims the Monolines want preserved.[3] For the reasons set forth below, the Objection should be overruled.

2. First, the Monolines' objection filed here is not properly directed to the pending Stipulation, which governs the Statutory Deadlines for Causes of Action between the Title III

---

[2] Defined terms not otherwise defined herein shall have the same meaning ascribed to them in the *Urgent Motion for Entry of an Order Approving Second Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Exhibit "B" Regarding the Tolling of Statute of Limitations* [ECF No. 13719] (the "Urgent Motion") and the stipulation attached as Exhibit A to the Urgent Motion (the "Stipulation").

[3] For reasons which will be explained in response to any forthcoming objection to *that* stipulation, that exclusion is absolutely justified and appropriate.

2

Debtors, on one hand, and the Governmental Entities, on the other. The "Governmental Entities" *do not* include HTA; that is, the Stipulation covers any claims the Debtors may have against certain non-debtor governmental entities and the Puerto Rico Public Buildings Authority.[4] The Stipulation is consistent with the previous two Court-approved stipulations on this subject, which carved out the Statutory Deadlines relating to HTA's avoidance claims to mitigate against potential misinterpretation and disputes.[5] Rather, a different set of tolling stipulations govern the Statutory Deadlines for HTA's potential avoidance claims against the Commonwealth.[6] In this regard, the Monolines recently communicated their intention to challenge that latest HTA-related stipulation (the "HTA Tolling Stipulation") attached as Exhibit A to the *Urgent Motion for Entry of an Order Approving Third Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 13892] (the "HTA Urgent Motion"). And, this Court entered an order setting the briefing schedule on the HTA Urgent Motion, requiring that objections be filed by August 4, 2020 and replies in support be filed by August 7, 2020. *See* ECF No. 13894. Thus, the Court should approve

---

[4] The Puerto Rico Public Buildings Authority was a non-debtor when the parties entered into the original stipulation [ECF No. 6812].

[5] *See Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 6812] ¶ 6 ("It being understood that to the extent a Statutory Deadline has been extended pursuant to the terms of ECF No. 5271 or 6531, the time for calculating such extension shall not be modified by this Stipulation."); *First Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 10606] at 2, n.2 ("With respect to HTA, this Stipulation does not modify or override the *Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 6531] or the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 9722].").

[6] *See First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 6531]; *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 9722].

the pending Stipulation as is, and consider the Monolines' objections in the context of the separate HTA Tolling Stipulation.

3. Second, as will be more fully discussed in the response to any objection to the HTA Tolling Stipulation, the Court should reject the Monolines' attempt to interfere with the Title III Debtors' right to use their property as they deem appropriate. The Title III Debtors are under no obligation to extend any Statutory Deadlines for any claims or for the benefit of any particular parties. For instance, the Title III Debtors did not choose to extend the Statutory Deadlines set forth in the *Supplemental Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [ECF No. 10293], which have expired. As this Court has recognized, Title III of PROMESA "provides for significant deference to the prerogatives of the governmental debtors and of their statutory representative and makes clear that Congress intended to preserve governmental debtors' ability to initiate transactions affecting their assets." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 432 F. Supp. 3d 25, 30 (D.P.R. 2020); *see also In re Fin. Oversight & Mgmt. Bd. for P.R. v. Ad Hoc Grp. of PREPA Bondholders*, 899 F.3d 13, 21 (1st Cir. 2018) ("[W]e read Section 305 as respectful and protective of the status of the Commonwealth and its instrumentalities as governments."). The Stipulation furthers the prerogatives of the Title III Debtors, the Governmental Entities, and their statutory representatives by preserving the rights to bring certain avoidance claims that have not been extensively investigated or litigated.

4. Additionally, the Monolines create a false sense of urgency and ignore the Court's awareness of the Statutory Deadlines. The Monolines assert that "HTA's claims [are] uniquely at risk" and that "the Court's denial of the bridge relief makes it all the more important that the statute

4

of limitations be tolled." Objection ¶ 3. That has nothing to do with this Stipulation, which has never covered purported claims HTA may have against the Commonwealth. And, the Court already rejected the Monolines' request for a bridge order in the contested trustee motion, intending to rule on the Monolines' application for appointment as co-trustees before the Statutory Deadlines for HTA's avoidance claims expire. *See Order Denying Urgent Motion for Bridge Order of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 13825]. Simply put, there is no risk to any supposed rights the Monolines believe they have, because the Court is cognizant of the Statutory Deadlines and will address the Monolines' application for appointment as co-trustees in due time (as well as in connection with any objection to the HTA Urgent Motion).

**WHEREFORE**, for the reasons detailed herein, the Moving Parties respectfully request that the Court overrule the Objection and enter an order approving the Stipulation attached as Exhibit A to the Urgent Motion.

[*Remainder of this page intentionally left blank.*]

Dated: August 3, 2020
San Juan, Puerto Rico

| | |
|---|---|
| /s/ Martin J. Bienenstock | /s/ Hermann D. Bauer |
| | |
| Martin J. Bienenstock | Hermann D. Bauer |
| Brian S. Rosen | USDC No. 215205 |
| (Admitted *Pro Hac Vice*) | **O'NEILL & BORGES LLC** |
| **PROSKAUER ROSE LLP** | 250 Muñoz Rivera Ave., Suite 800 |
| Eleven Times Square | San Juan, PR 00918-1813 |
| New York, NY 10036 | Tel: (787) 764-8181 |
| Tel: (212) 969-3000 | Fax: (787) 753-8944 |
| Fax: (212) 969-2900 | |
| | *Co-Attorneys for the Financial* |
| *Attorneys for the Financial* | *Oversight and Management Board* |
| *Oversight and Management Board* | *as Representative for the Debtors* |
| *as Representative for the Debtors* | |

| | |
|---|---|
| /s/ Peter Friedman | /s/ Luis C. Marini-Biaggi |
| | |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Nancy Mitchell | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | Carolina Velaz-Rivero |
| **O'MELVENY & MYERS LLP** | USDC No. 300913 |
| Seven Times Square | **MARINI PIETRANTONI MUÑIZ LLC** |
| New York, NY 10036 | 250 Ponce De León Ave., Suite 900 |
| Tel: (212) 326-2000 | San Juan, Puerto Rico 00917 |
| Fax: (212) 326-2061 | Tel: (787) 705-2171 |
| | Fax: (787) 936-7494 |
| -and- | |
| | *Co-Attorneys for the Puerto Rico* |
| Peter Friedman | *Fiscal Agency and Financial* |
| (Admitted *Pro Hac Vice*) | *Advisory Authority* |
| 1625 Eye Street, NW | |
| Washington, D.C. 20006 | |
| Tel: (202) 383-5300 | |
| Fax: 202) 383-5414 | |
| | |
| *Attorneys for the Puerto Rico* | |
| *Fiscal Agency and Financial* | |
| *Advisory Authority* | |