**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**LIMITED OBJECTION OF AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., FINANCIAL GUARANTY INSURANCE COMPANY, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO URGENT MOTION FOR APPROVAL OF TOLLING STIPULATION (ECF NO. 13892)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to the Court's scheduling order (ECF No. 13894), Ambac Assurance Corporation ("Ambac"), Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together, "Assured"), Financial Guaranty Insurance Company ("FGIC"), and National Public Finance Guarantee Corporation ("National") (collectively, the "Monolines") respectfully submit this Limited Objection to the *Urgent Motion for Entry of an Order Approving Third Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* (ECF No. 13892, "Urgent Motion").[2]

1. The Urgent Motion requests the Court's approval of a "Third Amended Stipulation" between HTA and the Commonwealth, attached as Exhibit A to the Urgent Motion, that would broadly toll the statute of limitations applicable to avoidance actions regarding transfers between HTA and the Commonwealth (the "Proposed HTA Stipulation").

2. Although the Monolines do not object to extending the statute of limitations for the avoidance actions that are covered by the Proposed HTA Stipulation, they *do* object to the fact that the Proposed HTA Stipulation was drafted to expressly carve out avoidance actions that would vindicate HTA's rights to Excise Taxes and other revenues that were wrongfully transferred to the Commonwealth. Indeed, the carve-out in Paragraph 2 of the Proposed HTA Stipulation ***explicitly targets and excludes the very avoidance action that the Monolines recently proposed to file*** as trustees on HTA's behalf. *See* Proposed HTA Stipulation ¶ 2 (defining "HTA Revenue Causes of Action" with reference to the Proposed Complaint that the Monolines attached to their motion for appointment as trustees under Section 926 of the Bankruptcy Code, and excluding those claims from the tolling agreement).

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

1

3. Notably, the HTA Revenue Causes of Action are the *only* claims excluded from the tolling agreement. Under the terms drafted by FOMB—HTA's purported "representative" in connection with this agreement, *see id.* at 2—HTA would let the Commonwealth preserve *all* of its potential avoidance actions against HTA, while simultaneously giving up the opportunity to preserve HTA's most valuable avoidance actions against the Commonwealth (namely, the HTA Revenue Causes of Action).

4. The Court should reject this narrow carve-out that could potentially extinguish the HTA Revenue Causes of Action, for the reasons already set forth in the Monolines' July 23, 2020 reply brief in support of their request for bridge relief that would have *preserved* those claims. *See* ECF No. 13814 (the "Monolines' Reply"). As discussed in the Monolines' Reply, it is critical that the HTA Revenue Causes of Action be preserved, by one means or another, pending a final determination of HTA's property interests in the Excise Taxes—an issue that is still being litigated and will directly affect the merits of the HTA Revenue Causes of Action. The Court ultimately denied the bridge relief on the basis that it was unnecessary because "[t]he Court intends to rule on the merits of Movants' application for appointment as co-trustees [to pursue the HTA Revenue Causes of Action] prior to the expiration of the statute of limitations." ECF No. 13825 at 2. But, absent remedial relief to eliminate the carve-out in the Proposed HTA Stipulation and preserve the HTA Revenue Causes of Action, the Monolines must bring these claims in an avoidance action prior to the current deadline and can only do so if the Court *grants* their motion for appointment as co-trustees; if the Court *denies* that motion, then the Monolines would be forced to immediately appeal—once again putting the HTA Revenue Causes of Action at risk of becoming time-barred. Thus, the Court's denial of the bridge relief makes it all the more important that the statute of limitations be tolled until HTA's property interests are finally determined, and that the Court

therefore *reject* the narrow carve-out in the Proposed HTA Stipulation that would leave these claims uniquely at risk.

5. As set forth above and in the Monolines' Reply, permitting the carve-out of the HTA Revenue Causes of Action from the Proposed HTA Stipulation and potentially allowing these causes of action to expire risks significant harm to both HTA and its creditors. In contrast, neither the Commonwealth nor HTA would be prejudiced if these improper carve-outs are removed. Indeed, preserving HTA's right to bring the HTA Revenue Causes of Action could not possibly prejudice HTA; nor would it impinge in any way on the Commonwealth's right to use its own property as it deems appropriate. Rather, removing the carve-out would simply maintain the status quo while the issue of HTA's property interests is finally litigated on the merits.

6. Accordingly, the Monolines propose to modify the Proposed HTA Stipulation as shown in the redline attached as <u>Exhibit A</u> to this Limited Objection. These very limited edits would simply remove the improper carve-out, thereby including the HTA Revenue Causes of Action among the other claims that are already being preserved.[3] The Monolines respectfully request that the Court condition its approval of the Proposed HTA Stipulation on the parties' acceptance of these modifications.[4]

---

[3] The Monolines also propose a small correction to update the names and e-mail addresses of the counsel to be notified under paragraph 1 of the stipulation.

[4] On July 27, 2020, the Monolines requested a similar modification to another tolling stipulation proposed by the Government Parties that excluded the HTA Revenue Causes of Action. *See* ECF No. 13845 (objecting to stipulation submitted as ECF No. 13719). However, the instant Proposed HTA Stipulation is specifically directed at claims between HTA and the Commonwealth, and thus—as the Government Parties acknowledge—it is the more natural place to address the HTA Revenue Causes of Action. *See Moving Parties' Reply to Monolines' Limited Objection for Entry of an Order Approving Second Amended Stipulation* (Aug. 3, 2020) (ECF No. 13939), ¶¶ 1-2 (noting that the Proposed HTA Stipulation addresses "HTA's potential avoidance claims against the Commonwealth" yet, as currently drafted, "exclude[s] the claims the Monolines want preserved"). If the Court accepts and requires the modifications that the Monolines request here to the Proposed HTA Stipulation, then there will no longer be any need to modify the other stipulation submitted as ECF No. 13719.

3

7. In addition, the Monolines note that, under the Second Amended Stipulation (ECF No. 9722), "[t]he Commonwealth and HTA shall have the right to extend" the tolling period only "upon thirty (30) days' prior written notice and service of such notice upon . . . the HTA Parties," including the Monolines. *See* Second Amended Stipulation ¶ 2 (ECF No. 9722). Contrary to that requirement, the Commonwealth and HTA failed to provide the full 30 days' notice of the proposed extension reflected in the Proposed HTA Stipulation. Instead, counsel to AAFAF notified counsel to Ambac of the proposed extension only on July 22, 2020, and notified counsel to the other Monolines of the proposed extension only on July 24, 2020, in each case less than 30 days before expiration of the statute of limitations. Notwithstanding AAFAF and FOMB's failure to comply with their notice obligations, the Monolines agree to waive the 30-day notice requirement solely to the extent the Proposed HTA Stipulation is entered *without* the improper carve-out of the HTA Revenue Causes of Action, and substantially in the form attached hereto as Exhibit A

## **CONCLUSION**

8. For the reasons set forth here and in the Monolines' Reply, the interests of justice require that the HTA Revenue Causes of Action be preserved. Therefore, as a condition of approving the Proposed HTA Stipulation, the Court should require the modifications shown in Exhibit A hereto.

Dated: August 4, 2020
San Juan, Puerto Rico

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| By: */s/ Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR 204809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR 203114 <br> Diana Pérez-Seda <br> USDC-PR 232014 <br> P.O. Box 364924 <br> San Juan, PR 00936-4924 <br> Telephone: (787) 756-1400 <br> Facsimile: (787) 756-1401 <br> Email: hburgos@cabprlaw.com <br> rcasellas@cabprlaw.com <br> dperez@cabprlaw.com <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: */s/ Mark C. Ellenberg* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> William J. Natbony* <br> Ellen M. Halstead* <br> Thomas J. Curtin* <br> Casey J. Servais* <br> 200 Liberty Street <br> New York, NY 10281 <br> Telephone: (212) 504-6000 <br> Facsimile: (212) 504-6666 <br> Email: howard.hawkins@cwt.com <br> mark.ellenberg@cwt.com <br> bill.natbony@cwt.com <br> ellen.halstead@cwt.com <br> thomas.curtin@cwt.com <br> casey.servais@cwt.com <br><br> * Admitted *pro hac vice* <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC** <br> 208 Ponce de León Avenue, Suite 1600 <br> San Juan, PR 00936 <br> Telephone: 787.756.9000 <br> Facsimile: 787.756.9010 <br> Email: epo@amgprlaw.com <br> loliver@amgprlaw.com <br> acasellas@amgprlaw.com <br> larroyo@amgprlaw.com | **WEIL, GOTSHAL & MANGES LLP** <br> 767 Fifth Avenue <br> New York, New York 10153 <br> Tel.: (212) 310-8000 <br> Fax: (212) 310-8007 <br> Email: jonathan.polkes@weil.com <br> gregory.silbert@weil.com <br> robert.berezin@weil.com <br> kelly.diblaso@weil.com <br> gabriel.morgan@weil.com |
| By: *s/ Eric Pérez-Ochoa* <br> Eric Pérez-Ochoa <br> USDC-PR No. 206314 <br><br> Luis Oliver-Fraticelli <br> USDC-PR No. 209204 <br><br> Alexandra Casellas-Cabrera <br> USDC-PR No. 301010 <br><br> Lourdes Arroyo Portela <br> USDC-PR No. 226501 <br><br> *Attorneys for National Public Finance Guarantee Corp.* | Jonathan Polk <br> Gregory Silbert* <br> Robert Berezin** <br> Kelly Diblasi* <br> Gabriel A. Morgan* <br><br> * admitted *pro hac vice* <br> **pro hac vice* application forthcoming <br><br> *Attorneys for National Public Finance Guarantee Corp.* |

6

| FERRAIUOLI LLC | MILBANK LLP |
|---|---|
| By: /s/ *Roberto Cámara-Fuertes* <br> ROBERTO CÁMARA-FUERTES <br> USDC-PR NO. 219,002 <br> E-mail: rcamara@ferraiuoli.com <br><br> By: */s/ Sonia Colón* <br> SONIA COLÓN <br> USDC-PR NO. 213809 <br> E-mail: scolon@ferraiuoli.com <br><br> 221 Ponce de Leon Ave., 5th Floor <br> San Juan, PR 00917 <br> Tel.: (787) 766-7000 <br> Fax: (787) 766-7001 <br><br> *Counsel for Ambac Assurance Corporation* | By: /s/ *Atara Miller* <br> DENNIS F. DUNNE* <br> ATARA MILLER* <br> GRANT R. MAINLAND* <br> JOHN J. HUGHES* <br> 55 Hudson Yards <br> New York, New York 10001 <br> Tel.: (212) 530-5000 <br> Fax: (212) 530-5219 <br> Email: ddunne@milbank.com <br> amiller@milbank.com <br> gmainland@milbank.com <br> jhughes2@milbank.com <br><br> *admitted pro hac vice <br><br> *Counsel for Ambac Assurance Corporation* |

ARENT FOX LLP

By: /s/ *David L. Dubrow*
    DAVID L. DUBROW*
    MARK A. ANGELOV*
    1301 Avenue of the Americas
    New York, New York 10019
    Tel.:    (212) 484-3900
    Fax:    (212) 484-3990
    Email:    david.dubrow@arentfox.com
            mark.angelov@arentfox.com

By: /s/ *Randall A. Brater*
    RANDALL A. BRATER*
    1717 K Street, NW
    Washington, DC 20006
    Tel.:    (202) 857-6000
    Fax:    (202) 857-6395
    Email:    randall.brater@arentfox.com

*admitted pro hac vice

*Counsel for Ambac Assurance Corporation*

| | |
|---|---|
| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
| By: /s/ *María E. Picó*<br>María E. Picó<br>USDC-PR 123214<br>802 Ave. Fernández Juncos<br>San Juan PR 00907-4315<br>Telephone: (787) 723-8520<br>Facsimile: (787) 724-7844<br>E-mail: mpico@rexachpico.com<br><br>*Attorneys for Financial Guaranty Insurance Company* | By: /s/ *Martin A. Sosland*<br>Martin A. Sosland (pro hac vice)<br>5430 LBJ Freeway, Suite 1200,<br>Dallas, TX 75240<br>Telephone: (469) 680-5502<br>Facsimile: (469) 680-5501<br>E-mail: martin.sosland@butlersnow.com<br><br>Jason W. Callen (pro hac vice)<br>150 3rd Avenue, South, Suite 1600<br>Nashville, TN 37201<br>Telephone: (615) 651-6774<br>Facsimile: (615) 651-6701<br>E-mail: jason.callen@butlersnow.com<br><br>*Attorneys for Financial Guaranty Insurance Company* |

9

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

New York, New York
August 4, 2020

By: */s/ Robert Berezin*
Robert Berezin*
* Admitted *pro hac* v*ice*

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors[1].

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

       Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

(Jointly Administered)

---------------------------------------------------------------------x

**THIRD AMENDED STIPULATION BETWEEN THE
COMMONWEALTH OF PUERTO RICO
AND THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY REGARDING THE
<u>TOLLING OF STATUTE OF LIMITATIONS AND CONSENT ORDER</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3 808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, whose name in English is the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Puerto Rico Highways and Transportation Authority ("HTA") in its capacity as a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA, do hereby stipulate as follows:

RECITALS

A. On May 21, 2017, the Oversight Board issued a restructuring certification in accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

B. On May 21, 2017, in accordance with Section 302(2) of PROMESA, the Oversight Board filed a petition for relief on behalf of HTA, thereby commencing a case under Title III (the "HTA Title III Case").

C. On April 26, 2019, the Court entered an order approving the *First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* (the "First Amended Stipulation") [ECF No. 560].

D. On January 8, 2020, the Court entered an order approving the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* (the "Second Amended Stipulation") [ECF No. 668].

E. Commencement of the HTA Title III Case triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title

2

11 of the United States Code (the "Bankruptcy Code"), and applicable to the HTA Title III Case pursuant to Section 301(a) of PROMESA, to protect HTA's property wherever located.

 F. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between the Commonwealth and HTA are hereby defined as the "Avoidance Actions".

 G. Other claims between the Commonwealth and HTA may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such actions collectively with the Avoidance Actions are hereinafter referred to as the "Causes of Action").

 H. Certain holders and/or insurers of HTA bonds represented by the counsel set forth in decretal paragraph 1 hereof are referred to as the "HTA Parties".

 I. The Commonwealth and HTA, through AAFAF and the Oversight Board, respectively, have agreed to toll the statute of limitations in connection with the Causes of Action as set forth below.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Action of the Commonwealth, on the one hand, and HTA, on the other hand, must be commenced against one another (either directly or, subject to the rights of parties to contest, derivatively) pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the Statutory Deadlines would have expired in the absence of this Stipulation (361 days after the date on which the Statutory Deadlines would have expired in the absence of the Second

3

Amended Stipulation and 631 days from and after the date on which the Statutory Deadlines would have expired in the absence of the First Amended Stipulation) unless the Commonwealth or HTA provide written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, (b) counsel to the HTA Parties, by serving a copy of such Termination Notice upon (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq. and Atara Miller, Esq. by email transmission (ddunne@milbank.com and amiller@milbank.com), (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: ~~Marcia L. Goldstein, Esq~~ Kelly DiBlasi, Esq. and Greg Silbert, Esq., by email transmission (~~marcia.goldstein@weil.com~~ kelly.diblasi@weil.com and gregory.silbert@weil.com), (iii) Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Mark C. Ellenberg, Esq. and Casey J. Servais, Esq., by email transmission (mark.ellenberg@cwt.com and casey.servais@cwt.com), and (iv) Butler Snow LLP, 5430 LBJ Freeway, Suite 1200, Dallas, TX 75240, Attn: Martin A. Sosland, Esq., by email transmission (martin.sosland@butler.snow.com and Jason.callen@butlersnow.com), and (c) counsel to the statutory committee of unsecured creditors appointed in the Commonwealth and HTA Title III Cases (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date, as defined below, and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that,

4

the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised by either the Commonwealth or HTA in connection with any such Cause of Actions, other than the applicable statute of limitations, laches, or any other time-related defense, except that the Commonwealth and HTA expressly reserve the right to assert that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Stipulation, (ii) section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies, and (iii) a statute of repose may not be extended by an agreement of the parties; provided, however, that any party reserves the right to oppose any such argument; and, provided, further, that, if a statute of repose may be extended by an agreement of the parties, this Stipulation shall serve as such an agreement; and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for the Commonwealth or HTA, subject to the approval, effectiveness and consummation of any such plan of adjustment; provided, however, that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. ~~Notwithstanding anything contained herein to the contrary, this Stipulation shall not apply to any Causes of Action asserted by any party, including, without limitation, HTA, against the Commonwealth alleging that HTA has any interest in revenue or taxes (whether already collected or to be collected in the future) related to the HTA Enabling Act, P.R. Laws Ann. Tit. 9 § 2001, et seq., the Puerto Rico Internal Revenue Code, P.R. Laws Ann. Tit. 13 § 30001, et seq., Act. No. 30-2013, Act. No. 31-2013, Administrative Bulletin No. EO-2015-46, and Act No. 21, 2016, or otherwise arise out of the same facts, transactions, or~~

5

~~occurrences as asserted in the proposed complaint attached as Exhibit C to the monoline insurers' section 926 motion[2] to appoint them as trustees (the "HTA Revenue Causes of Action").~~

3. ~~For the avoidance of doubt, the Statutory Deadlines with respect to the HTA Revenue Causes of Action shall not be extended by this Stipulation.~~

4. The Commonwealth and HTA shall have the right to extend the period set forth in Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the HTA Parties and the Creditors' Committee in the matter set forth above; provided, however, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek, by motion to the Court, upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

5. The persons signing this Stipulation on behalf of the Oversight Board, the Commonwealth and HTA have the authority to bind such parties.

6. This Stipulation shall apply to and be binding upon the Commonwealth and HTA, together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in either the HTA Title III Case or the Commonwealth Title III Case.

7. Notwithstanding not being parties hereto, creditors of the Commonwealth and HTA, including, without limitation, the HTA Parties, shall be expressly deemed third party beneficiaries of this Stipulation.

---

[2] ~~[Case No. 17-3283, ECF No. 13708 and Case No. 17-3567, ECF No. 871].~~

6

8. Except as expressly provided herein, this Stipulation shall not be amended or modified without the prior written consent of the HTA Parties and the Creditors' Committee.

9. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "Stipulation Effective Date").

10. This Stipulation and the rights, interests and defenses referred to herein extend to any claims or causes of action that could be brought or asserted against the Commonwealth or HTA officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor HTA would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| /s/ Brian S. Rosen | /s/ Hermann D. Bauer |
| Martin J. Bienenstock | Hermann D. Bauer |
| Brian S. Rosen | USDC No. 215205 |
| (Admitted *Pro Hac Vice*) | **O'NEILL & BORGES LLC** |
| **PROSKAUER ROSE LLP** | 250 Muñoz Rivera Ave., Suite 800 |
| Eleven Times Square | San Juan, PR 00918-1813 |
| New York, NY 10036 | Tel: (787) 764-8181 |
| Tel: (212) 969-3000 | Fax: (787) 753-8944 |
| Fax: (212) 969-2900 | |

*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

| | |
|---|---|
| /s/ Peter Friedman | /s/ Luis C. Marini-Biaggi |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Nancy Mitchell | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | Carolina Velaz-Rivero |
| **O'MELVENY & MYERS LLP** | USDC No. 300913 |
| Seven Times Square | **MARINI PIETRANTONI MUÑIZ LLC** |
| New York, NY 10036 | 250 Ponce De León Ave., Suite 900 |
| Tel: (212) 326-2000 | San Juan, Puerto Rico 00917 |
| Fax: (212) 326-2061 | Tel: (787) 705-2171 |
| | Fax: (787) 936-7494 |

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: 202) 383-5414

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

**SO ORDERED.**

Dated: _____ 2020
    San Juan, Puerto Rico

_____
LAURA TAYLOR SWAIN
United States District Judge