# **<u>EXHIBIT 1</u>**

**PREPA and FOMB's Responses and Objections to UCC's Discovery Requests**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br><br>     Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17-BK-4780-LTS |

## RESPONSES AND OBJECTIONS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE DOCUMENT REQUESTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN CONNECTION WITH LUMA ADMINISTRATIVE EXPENSE MOTION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as PREPA's representative pursuant to section 315(b) of PROMESA, and the Oversight Board on its own behalf, by and through undersigned counsel, hereby respond and object to the *Official Committee Of Unsecured Creditors' Document Requests to Financial Oversight and Management Board for Puerto Rico in Connection with LUMA Administrative Expense Motion* served by the Official Committee of Unsecured Creditors ("UCC") dated July 24, 2020 (the "Requests for Production," and each individual request for production of documents a "Request"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Requests for Production (the "Responses and Objections") are made on its behalf and on behalf of PREPA and are without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date.[2]   Within the compressed timeframe under which the parties are working, the Oversight Board has made reasonable efforts to respond to the Requests for Production, to the extent not objected to, as the Oversight Board understands and interprets the Requests for Production.  If the UCC subsequently asserts an interpretation of the Requests for Production that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its

---

[2]   Any and all responses and objections made by the Oversight Board herein are asserted on its behalf and on behalf of PREPA.

objections.  By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Requests for Production, and to each and every Request, as irrelevant, overbroad, unduly burdensome to the extent they seek information neither necessary nor proportionate to the narrow question whether to approve the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy* (Case No. 17-BK-4780-LTS, ECF No. 2053) (the "Administrative Expense Motion").

2.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent (i) they exceed the legitimate scope of discovery in connection with the instant Administrative Expense Motion; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The production of any document pursuant to the Requests for Production does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board may produce documents that are irrelevant and inadmissible, but does so solely to expedite the process without any concession that such Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents without restrictions as to date.  The Oversight Board will not produce documents or communications that pre-date January 1, 2020, or otherwise seek documents outside the timeframe relevant to the instant contested matter.

5.      The Oversight Board objects to the Instructions, the Rules of Construction, the

Definitions and the Requests for Production, and to each and every Request, to the extent they purport

to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek

to impose obligations that exceed those imposed by, the Governing Rules.  In responding to these

Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance

with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will

construe and respond to the Requests for Production and each Request in a manner consistent with

its obligations under the Governing Rules, and not otherwise.

6.      The Oversight Board objects to the Requests for Production, and to each and every

Request, to the extent the information sought is protected from disclosure by the attorney-client

privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the

common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or

immunities protecting information from disclosure.  The Oversight Board intends to and does assert

any and all such privileges with respect to all such information.    Nothing in these Responses is

intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or

immunities.

7.      The Oversight Board objects to the Requests for Production, and to each and every

Request, as unduly burdensome to the extent they request the Oversight Board produce documents

outside the Oversight Board's possession, custody or control.   The Oversight Board further objects

to the Requests for Production, and to each and every Request, to the extent they call for information

publicly available, unreasonably cumulative or duplicative, or obtainable from another source more

convenient, less burdensome, or less expensive, including documents in the possession of the UCC.

8.      The Oversight Board objects to the Requests for Production as unduly burdensome

because they are cumulative or duplicative of other discovery requests served on other entities.  The

Oversight Board will not produce documents more readily obtained from, or being produced by,

other entities.  Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents not likely to be duplicative of documents in the possession, custody or control of other entities, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to the UCC.

9.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents containing information confidential or proprietary in nature, or otherwise constituting protected commercial, strategic, financial or competitively sensitive or trade secret information.

10.     The Oversight Board objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, the Oversight Board does not admit any factual or legal premise in the Requests.

11.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to provide "each," "all," or "any" document or communication concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to reasonably address.

12.     The Oversight Board objects to the definition of the terms "Oversight Board," "You," and "Your" as overbroad because it includes individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the Administrative Expense Motion.  In responding to these Requests, the Oversight Board will construe "Oversight Board,"

"You," and "Your" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

13.     The Oversight Board objects to the definition of the terms "Communication" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, web messaging, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case.  To the extent the Oversight Board agrees to search for and produce communications regarding a particular topic, the Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

14.     The Oversight Board objects to the definitions of "concerning" and "relating to" to the extent they are overly broad, vague, and ambiguous.

15.     The Oversight Board objects to the definition of the terms "Document" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, books, summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, reports and/or summaries of investigations, appraisals, reports and/or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer

disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.  To the extent the Oversight Board agrees to search for and produce documents regarding a particular topic, the Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

16.     The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Documents and Communications relating to the requirement in Section 6.1 of the Supplemental Agreement that a Title III Plan and confirmation order be "reasonably acceptable to Operator."

### RESPONSE TO REQUEST NO. 1:

The Oversight Board objects to this Request as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the requirement in Section 6.1 of the Supplemental Agreement that a Title III Plan and confirmation order be 'reasonably acceptable to Operator'" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  Moreover, the Administrative Expense Motion does not seek approval of the entire contract with LUMA Energy; but only approval of an administrative expense priority claim for any accrued and unpaid Front-End Transition Obligations.  Thus, discovery regarding the Supplemental Agreement, which will not take effect unless and until the Front-End Transition

8

Period concludes, is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Request on the ground that the request to produce "[a]ll Documents and Communications relating to" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce non-privileged, non-duplicative drafts of the Supplemental Agreement exchanged with LUMA Energy.

## REQUEST NO. 2:

All Documents and Communications relating to the Operator Termination Fee, as that term is defined in the Supplemental Agreement.

## RESPONSE TO REQUEST NO. 2:

The Oversight Board objects to this Request as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding the Supplemental Agreement's "Operator Termination Fee" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  Moreover, the Administrative Expense Motion does not seek approval of the entire contract with LUMA Energy; but only approval of an administrative expense priority claim for

9

any accrued and unpaid Front-End Transition Obligations.  Thus, discovery regarding the Supplemental Agreement, which will not take effect unless and until the Front-End Transition Period concludes, is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Request on the ground that the request to produce "[a]ll Documents and Communications relating to" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce non-privileged, non-duplicative drafts of the Supplemental Agreement exchanged with LUMA Energy.

[*Remainder of page intentionally left blank*]

Dated:  August 3, 2020

**PROSKAUER ROSE LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com

Paul V. Possinger (*pro hac vice*)
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

Jennifer L. Jones (*pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-4509
Fax: (310) 557-2193
jljones@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth of Puerto Rico and the Puerto
Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorney for the Financial Oversight and
Management Board as representative of the
Debtor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I caused copies of the foregoing documents to be served on the following counsel of record:

**PAUL HASTINGS LLP**
Luc A. Despins (admitted *pro hac vice*)
Nicholas A. Bassett (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**FOLEY & LARDNER LLP**
Ann Marie Uetz (*pro hac vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone (313) 234-7100
Facsimile (313) 234-2800
auetz@foley.com

*Counsel for WEH*

**C. CONDE & ASSOC.**
*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312
*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: condecarmen@condelaw.com
ls.valle@condelaw.com

*Counsel for WEH*

**BUFETE EMMANUELLI, C.S.P.**
Rolando Emmanuelli-Jiménez
USDC-PR No. 214105
Jessica E. Méndez-Colberg
USDC-PR No. 302108
472 Tito Castro Ave.,
Marvesa Building Suite 106
Ponce, PR 00716
Telephone: (787) 848-0666
Facsimile: (787) 977-0323
Email: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com

*Attorneys for Unión de Trabajadores de la Industria Eléctrica y Riego and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica*

**WACHTELL, LIPTON, ROSEN & KATZ**
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
mhcassel@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

**O'MELVENY & MYERS LLP**
John J. Rapisardi (*pro hac vice*)
Nancy A. Mitchell (*pro hac vice*)
Maria J. DiConza (*pro hac vice*)
7 Times Square
New York, New York 10036
Tel:   (212) 326-2000
Fax:   (212) 326-2061

-and-

Peter Friedman  (*pro hac vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  (202) 383-5414

-and-

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel:  (949) 823-6900
Fax:  (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority and Puerto
Rico Electric Power Authority*

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Co-counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**
Katiuska Bolaños
USDC-PR No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Tel.:  (787) 395-7133
Fax:  (787) 497-9664

*Counsel for Puerto Rico Electric Power
Authority*

*/s/  Jennifer L. Jones*_____
Jennifer L. Jones

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780-LTS |

**RESPONSES AND OBJECTIONS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' NOTICES OF DEPOSITION TO PUERTO RICO ELECTRIC POWER AUTHORITY AND THE FEDERAL [*sic*] OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO IN CONNECTION WITH LUMA ADMINISTRATIVE EXPENSE MOTION PURSUANT TO FED. R. CIV. P. 30(B)(6)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7030(b)(6), 9014 and 9016, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "<u>Governing Rules</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>" or "<u>FOMB</u>"), as PREPA's representative pursuant to section 315(b) of PROMESA, and the Oversight Board on its own behalf, by and through undersigned counsel, hereby respond and object to the (i) *Official Committee of Unsecured Creditors' Notice of Deposition to Federal [sic] Oversight and Management Board for Puerto Rico in Connection with LUMA Administrative Expense Motion Pursuant to Fed. R. Civ. P. 30(B)(6)* and (ii) *Official Committee of Unsecured Creditors' Notice of Deposition to Puerto Rico Electric Power Authority in Connection with LUMA Administrative Expense Motion Pursuant to Fed. R. Civ. P. 30(B)(6)* served by the Official Committee of Unsecured Creditors ("<u>UCC</u>") dated July 24, 2020 (the "<u>Deposition Notices</u>," and each individual deposition topic a "<u>Topic</u>"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Deposition Notices (the "<u>Responses and Objections</u>") are made on its behalf and on behalf of PREPA and are without prejudice to the right to amend or supplement the response herein if necessary at a later date.[2]  Within the compressed timeframe under which the parties are working, the Oversight Board has made

---

[2]   Any and all responses and objections made by the Oversight Board herein are asserted on its behalf and on behalf of PREPA.

reasonable efforts to respond to the Deposition Notices, as the Oversight Board understands and interprets the Deposition Notices.  If Movants subsequently assert an interpretation of the Deposition Notices that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections.  By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections in response to specific questions that may be asked during any deposition.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, as unduly burdensome to the extent it does not seek information that is relevant and proportional to the narrow question of whether to approve the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy* (Case No. 17-BK-4780-LTS, ECF No. 2053) (the "Administrative Expense Motion").

2.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, to the extent (i) they exceed the legitimate scope of discovery in connection with the instant Administrative Expense Motion; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, to the extent they seek information without restrictions as to date.  The Oversight Board will not provide a witness to testify regarding circumstances or events that pre-date January 1, 2020, or is otherwise outside the timeframe relevant to the instant contested matter.

4.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, to the extent that they purport to impose burdens on the Oversight Board that are inconsistent with, are not otherwise authorized by, or seek to impose obligations that exceed those imposed by the Governing Rules.  In responding to the Deposition Notices, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Deposition Notices and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

5.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, to the extent that the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.   Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

6.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, to the extent that they lack the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

7.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, as unduly burdensome to the extent that they request the Oversight Board or PREPA give testimony on topics that are beyond their knowledge.

8.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, the Oversight Board does not admit any factual or legal premise in the Deposition Notices.

9.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, as overbroad and unduly burdensome to the extent that it purports to require the Oversight Board to provide testimony concerning "each," "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

10.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, as unduly burdensome to the extent that it is cumulative or duplicative of other discovery requests.  The Oversight Board further objects to the Deposition Notices, and to each and every Topic, as unduly burdensome to the extent that it is duplicative of the UCC's other Notices of Deposition issued in connection with the Administrative Expense Motion.  The Oversight Board further objects to the Deposition Notices in their entirety, and to each and every Topic, to the extent that the UCC may obtain the information sought through less burdensome means.

11.      The Oversight Board objects to the definition of the term "Communication" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching and preparing any designated witnesses to testify with respect to "every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person whether orally, by documents, writing, e-mail, text message, web messaging, or any other form of instant messaging, or a copy thereof, and

to words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case. If the Oversight Board agrees to or is required to provide testimony on a particular Topic, the Oversight Board will use reasonable diligence to prepare any designated witnesses to testify with respect to communications proportionate to the needs of the case that are readily accessible documents in those files in which it reasonably expects to find responsive documents.

12.     The Oversight Board objects to the definitions of the terms "Oversight Board," "PREPA," "You," and "Your" as overbroad because they include individuals and entities that are not components of the Oversight Board and/or PREPA and without regard to their connection or relevance to the Administrative Expense Motion. In responding to these Deposition Notices, the Oversight Board will construe (i) "Oversight Board" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion; and (ii) "PREPA" to mean the Puerto Rico Electric Power Authority and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

13.     The above General Objections are incorporated into each of the following specific Responses and Objections.

## **RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS**

**DEPOSITION TOPIC NO. 1:**

The Documents produced by You in response to the Committee's Document Requests.

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  In addition, the Oversight Board objects to this Topic as vague, ambiguous, and overbroad in that it purports to require the preparation of a witness knowledgeable with respect to each and every document the Oversight Board and/or PREPA may produce to the Committee in connection with the Administrative Expense Motion.  The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board responds as follows:  While the Oversight Board is willing to meet and confer regarding the scope of this Topic following the Committee's review of the document production, the Oversight Board is not presently willing to proffer a witness from the Oversight Board and/or PREPA to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 2:

Your negotiation and consideration of, basis for, and communications regarding the requirement in Section 6.1 of the Supplemental Agreement that a Title III Plan and confirmation order be "reasonably acceptable to Operator."

## RESPONSE TO DEPOSITION TOPIC NO. 2:

The Oversight Board objects to this Topic as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services[3] benefit the debtor; therefore, discovery regarding "the requirement in Section 6.1 of the Supplemental Agreement that a Title III Plan and confirmation order be 'reasonably acceptable to Operator'" is irrelevant and disproportionate to

---

[3]   Capitalized terms not defined herein or in the Requests for Production have the meaning provided for in the contract with LUMA Energy.

the needs of resolving any potential objections to the Administrative Expense Motion. Moreover, the Administrative Expense Motion does not seek approval of the entire contract with LUMA Energy; but only approval of an administrative expense priority claim for any accrued and unpaid Front-End Transition Obligations. Thus, discovery regarding the Supplemental Agreement, which will not take effect unless and until the Front-End Transition Period concludes, is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board responds as follows: While the Oversight Board is willing to meet and confer regarding the scope of this Topic following the Committee's review of the document production, the Oversight Board is not presently willing to proffer a witness from the Oversight Board and/or PREPA to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 3:

Your negotiation and consideration of, basis for, and communications regarding the Operator Termination Fee, as that term is defined in the Supplemental Agreement.

## RESPONSE TO DEPOSITION TOPIC NO. 3:

The Oversight Board objects to this Topic as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection

with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding the Supplemental Agreement's "Operator Termination Fee" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  Moreover, the Administrative Expense Motion does not seek approval of the entire contract with LUMA Energy; but only approval of an administrative expense priority claim for any accrued and unpaid Front-End Transition Obligations.  Thus, discovery regarding the Supplemental Agreement, which will not take effect unless and until the Front-End Transition Period concludes, is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board responds as follows:  While the Oversight Board is willing to meet and confer regarding the scope of this Topic following the Committee's review of the document production, the Oversight Board is not presently willing to proffer a witness from the Oversight Board and/or PREPA to testify at a deposition in connection with this contested matter.

Dated:  August 3, 2020

**PROSKAUER ROSE LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com

Paul V. Possinger (*pro hac vice*)
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

Jennifer L. Jones (*pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-4509
Fax: (310) 557-2193
jljones@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Commonwealth of Puerto Rico and the Puerto*
*Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorney for the Financial Oversight and*
*Management Board as representative of the*
*Debtor*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that, on this same date, I caused copies of the foregoing documents to

be served on the following counsel of record:

**PAUL HASTINGS LLP**
Luc A. Despins (admitted *pro hac vice*)
Nicholas A. Bassett (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

**FOLEY & LARDNER LLP**
Ann Marie Uetz (*pro hac vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone (313) 234-7100
Facsimile (313) 234-2800
auetz@foley.com

*Counsel for WEH*

**C. CONDE & ASSOC.**
*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312
*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: condecarmen@condelaw.com
ls.valle@condelaw.com

*Counsel for WEH*

**BUFETE EMMANUELLI, C.S.P.**
Rolando Emmanuelli-Jiménez
USDC-PR No. 214105
Jessica E. Méndez-Colberg
USDC-PR No. 302108
472 Tito Castro Ave.,
Marvesa Building Suite 106
Ponce, PR 00716
Telephone: (787) 848-0666
Facsimile: (787) 977-0323
Email: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com

*Attorneys for Unión de Trabajadores de la
Industria Eléctrica y Riego and Sistema de
Retiro de los Empleados de la Autoridad de
Energía Eléctrica*

**WACHTELL, LIPTON, ROSEN & KATZ**
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
mhcassel@wlrk.com

*Attorneys for Cortland Capital Market
Services LLC, as Administrative Agent*

**O'MELVENY & MYERS LLP**

John J. Rapisardi (*pro hac vice*)
Nancy A. Mitchell (*pro hac vice*)
Maria J. DiConza (*pro hac vice*)
7 Times Square
New York, New York 10036
Tel:  (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter Friedman  (*pro hac vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  (202) 383-5414

-and-

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel:  (949) 823-6900
Fax:  (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority and Puerto
Rico Electric Power Authority*

**MARINI PIETRANTONI MUÑIZ LLC**

Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Co-counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**

Katiuska Bolaños
USDC-PR No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Tel.:  (787) 395-7133
Fax:  (787) 497-9664

*Counsel for Puerto Rico Electric Power
Authority*

*/s/  Jennifer L. Jones*
Jennifer L. Jones