# EXHIBIT 4

**PREPA and FOMB's Responses and Objections to FLL's Discovery Requests**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17-BK-4780-LTS |

## RESPONSES AND OBJECTIONS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE DOCUMENT REQUESTS OF THE FUEL LINE LENDERS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as PREPA's representative pursuant to section 315(b) of PROMESA, and the Oversight Board on its own behalf, by and through undersigned counsel, hereby respond and object to the *Document Requests of Fuel Line Lenders to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* served by the Fuel Line Lenders[2] dated July 24, 2020 (the "Requests for Production," and each individual request for production of documents a "Request"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Requests for Production (the "Responses and Objections") are made on its behalf and on behalf of PREPA and are without prejudice to the Oversight Board's right to amend or supplement the response herein if necessary at a later date.[3] The Oversight Board has made reasonable efforts to respond to the Requests for Production, to the extent not objected to, as the Oversight Board understands and interprets the Requests for Production. If the Fuel Line Lenders subsequently assert an interpretation of the Requests for Production that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections. By making the objections below, the Oversight Board does not

---

[2]     As defined in footnote 2 of the Requests for Production.

[3]     Any and all responses and objections made by the Oversight Board herein are asserted on its behalf and on behalf of PREPA.

waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Requests for Production, and to each and every Request, as irrelevant, overbroad, unduly burdensome to the extent they seek information neither necessary nor proportionate to the narrow question whether to approve the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy*  (Case No. 17-BK-4780-LTS, ECF No. 2053) (the "Administrative Expense Motion").

2.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent (i) they exceed the legitimate scope of discovery in connection with the instant Administrative Expense Motion; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The production of any document pursuant to the Requests for Production does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board may produce documents that are irrelevant and inadmissible, but does so solely to expedite the process without any concession that such Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents without restrictions as to date.  The Oversight Board will not produce documents or communications that pre-date February 1, 2019, or otherwise seek documents outside the timeframe relevant to the instant contested matter.

5.      The Oversight Board objects to the Definitions and the Requests for Production, and to each and every Request, to the extent they purport to impose burdens on the Oversight Board

inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Requests for Production and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.    Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.      The Oversight Board objects to the Requests for Production, and to each and every Request, as unduly burdensome to the extent they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control.    The Oversight Board further objects to the Requests for Production to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including documents in the possession of the Fuel Line Lenders.

8.      The Oversight Board objects to the Requests for Production as unduly burdensome because they are cumulative or duplicative of other discovery requests served on other entities.  The Oversight Board will not produce documents more readily obtained from, or being produced by, other entities.  Subject to the other general and specific objections set forth herein, the Oversight

5

Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents not likely to be duplicative of documents in the possession, custody or control of other entities, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to the Fuel Line Lenders.

9. The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents containing information confidential or proprietary in nature, or otherwise constituting protected commercial, strategic, financial or competitively sensitive or trade secret information.

10. The Oversight Board objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, the Oversight Board does not admit any factual or legal premise in the Requests.

11. The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to

provide "each," "all," or "any" document or communication concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to reasonably address.

12. The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Administrative Expense Motion.  In responding to these Requests, the Oversight Board will construe "AAFAF" to mean the Puerto Rico Fiscal Agency and Financial Authority and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the

Administrative Expense Motion.

13.     The Oversight Board objects to the definition of the terms "Person," "person" and "persons" as vague and overly broad.

14.     The Oversight Board objects to the definition of the terms "Document" and "documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, reports and/or summaries of investigations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.  To the extent the Oversight Board agrees to search for and produce documents regarding a particular topic, the Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

15.     The Oversight Board objects to the definition of the term "You" to the extent it includes AAFAF.

16.     The Oversight Board objects to paragraph 8 in the Definitions as unintelligible.

17.     The above General Objections are incorporated into each of the following specific

Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Documents you produce to the Official Committee of Unsecured Creditors or UTIER in connection with discovery on the Administrative Expense Motion.

### RESPONSE TO REQUEST NO. 1:

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, the Oversight Board will provide to the Fuel Line Lenders copies of the documents it provides to the Official Committee of Unsecured Creditors, UTIER and Whitefish Energy Holdings, LLC in connection with the discovery requests issued in connection with the Administrative Expense Motion.

[*Remainder of page intentionally left blank*]

Dated:  August 3, 2020

**PROSKAUER ROSE LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com

Paul V. Possinger (*pro hac vice*)
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

Jennifer L. Jones (*pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-4509
Fax: (310) 557-2193
jljones@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth of Puerto Rico and the Puerto
Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorney for the Financial Oversight and
Management Board as representative of the
Debtor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I caused copies of the foregoing documents to be

served on the following counsel of record:

**PAUL HASTINGS LLP**
Luc A. Despins (admitted *pro hac vice*)
Nicholas A. Bassett (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

**FOLEY & LARDNER LLP**
Ann Marie Uetz (*pro hac vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone (313) 234-7100
Facsimile (313) 234-2800
auetz@foley.com

*Counsel for WEH*

**C. CONDE & ASSOC.**
*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312
*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: condecarmen@condelaw.com
ls.valle@condelaw.com

*Counsel for WEH*

**BUFETE EMMANUELLI, C.S.P.**
Rolando Emmanuelli-Jiménez
USDC-PR No. 214105
Jessica E. Méndez-Colberg
USDC-PR No. 302108
472 Tito Castro Ave.,
Marvesa Building Suite 106
Ponce, PR 00716
Telephone: (787) 848-0666
Facsimile: (787) 977-0323
Email: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com

*Attorneys for Unión de Trabajadores de la
Industria Eléctrica y Riego and Sistema de
Retiro de los Empleados de la Autoridad de
Energía Eléctrica*

**WACHTELL, LIPTON, ROSEN & KATZ**
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
mhcassel@wlrk.com

*Attorneys for Cortland Capital Market
Services LLC, as Administrative Agent*

**O'MELVENY & MYERS LLP**
John J. Rapisardi (*pro hac vice*)
Nancy A. Mitchell (*pro hac vice*)
Maria J. DiConza (*pro hac vice*)
7 Times Square
New York, New York 10036
Tel:   (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter Friedman  (*pro hac vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  (202) 383-5414

-and-

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel:  (949) 823-6900
Fax:  (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority and Puerto
Rico Electric Power Authority*

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Co-counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**
Katiuska Bolaños
USDC-PR No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Tel.:  (787) 395-7133
Fax:  (787) 497-9664

*Counsel for Puerto Rico Electric Power
Authority*

*/s/ Jennifer L. Jones*
Jennifer L. Jones

2