# **EXHIBIT 5**

**PREPA and FOMB's Responses and Objections to Whitefish's Discovery Requests**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS |

## RESPONSES AND OBJECTIONS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY AND FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS OF CREDITOR WHITEFISH ENERGY HOLDINGS, LLC

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as PREPA's representative pursuant to section 315(b) of PROMESA, and the Oversight Board on its own behalf, by and through undersigned counsel, hereby respond and object to *Creditor Whitefish Energy Holdings, LLC's First Requests For Production Of Documents To The Financial Oversight And Management Board For Puerto Rico And Puerto Rico Electric Power Authority* served by Whitefish Energy Holdings, LLC ("Whitefish") dated July 24, 2020 (the "Requests for Production," and each individual request for production of documents a "Request"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Requests for Production (the "Responses and Objections") are made on its behalf and on behalf of PREPA and are without prejudice to the right to amend or supplement the response herein if necessary at a later date.[2]  Within the compressed timeframe under which the parties are working, the Oversight Board has made reasonable efforts to respond to the Requests for Production, to the extent not objected to, as the Oversight Board understands and interprets the Requests for Production.  If Whitefish subsequently asserts an interpretation of the Requests for Production that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections.   By making the objections below,

---

[2]     Any and all responses and objections made by the Oversight Board herein are asserted on its behalf and on behalf of PREPA.

the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Requests for Production, and to each and every Request, as irrelevant, overbroad, and unduly burdensome to the extent they seek information neither necessary nor proportionate to the narrow question whether to approve the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and maintenance Agreement with LUMA Energy*  (Case No. 17-BK-4780-LTS, ECF No. 2053) (the "Administrative Expense Motion").

2.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent (i) they exceed the legitimate scope of discovery in connection with the instant Administrative Expense Motion; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The production of any document pursuant to the Requests for Production does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board may produce documents that are irrelevant and inadmissible, but does so solely to expedite the process without any concession that such Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Definitions, the Instructions, and the Requests for Production, and to each and every Request, to the extent they seek documents without restrictions as to date.  The Oversight Board will not produce documents or communications that pre-date February 1, 2019 or otherwise seek documents outside the timeframe relevant to the instant contested matter.

5.      The Oversight Board objects to the Definitions, the Instructions, and the Requests for Production, and to each and every Request, to the extent they purport to impose burdens on the

Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Requests for Production and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.  Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.      The Oversight Board objects to the Requests for Production, and to each and every Request, as unduly burdensome to the extent they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control.   The Oversight Board further objects to the Requests for Production, and to each and every Request, to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including documents in the possession of Whitefish.

8.      The Oversight Board objects to the Requests for Production as unduly burdensome because they are cumulative or duplicative of other discovery requests served on other entities.  The Oversight Board will not produce documents more readily obtained from, or being produced by, other entities.  Subject to the other general and specific objections set forth herein, the Oversight

Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents not likely to be duplicative of documents in the possession, custody or control of other entities, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to Whitefish.

9.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents containing information confidential or proprietary in nature, or otherwise constituting protected commercial, strategic, financial or competitively sensitive or trade secret information.

10.     The Oversight Board objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, the Oversight Board does not admit any factual or legal premise in the Requests.

11.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to

provide "each," "all" or "any" document or communication concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to reasonably address.

12.     The Oversight Board objects to the definitions of "Person" and "Individual" to the extent they are overly broad, vague, and ambiguous.

13.     The Oversight Board objects to the definitions of "You," "Your," and "Yourself," to the extent they are overly broad, vague, and ambiguous.

14.     The Oversight Board objects to the definition of the term "PREPA," as overbroad

because it includes individuals and entities not components of PREPA and without regard to their connection or relevance to the Administrative Expense Motion.  In responding to these Requests, the Oversight Board will construe "PREPA" to mean PREPA and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

15.     The Oversight Board objects to the definition of the term "Oversight Board," as overbroad because it includes individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the Administrative Expense Motion.  In responding to these Requests, the Oversight Board will construe "Oversight Board" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

16.     The Oversight Board objects to the definition of the term "FEMA," as overbroad because it includes individuals and entities not components of FEMA and without regard to their connection or relevance to the Administrative Expense Motion.  In responding to these Requests, the Oversight Board will construe "FEMA" to mean FEMA and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

17.     The Oversight Board objects to the definition of the term "COR3," as overbroad because it includes individuals and entities not components of COR3 and without regard to their connection or relevance to the LUMA Administrative Expense Motion.  In responding to these Requests, the Oversight Board will construe "COR3" to mean COR3 and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

18.     The Oversight Board objects to the definition of the term "LUMA," as overbroad because it includes individuals and entities not components of LUMA and without regard to their connection or relevance to the Administrative Expense Motion.  In responding to these Requests, the

Oversight Board will construe "LUMA" to mean LUMA Energy, LLC and LUMA Energy ServCo, LLC and their employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

19.     The Oversight Board objects to the definition of the terms "Document" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, books, summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, reports and/or summaries of investigations, appraisals, reports and/or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.  To the extent the Oversight Board agrees to search for and produce documents regarding a particular topic, the Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

20.     The Oversight Board objects to the definition of the term "Communication" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages,

web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case.   To the extent the Oversight Board agrees to search for and produce communications regarding a particular topic, the Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

21.     The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All Documents that relate to, refer to, or provide the basis for any of Your responses to WEH's First Set of Interrogatories, including but not limited to any Documents You reference in Your responses to the First Set of Interrogatories and any Documents You relied upon in preparing those responses.

**RESPONSE TO REQUEST NO. 1:**

The Oversight Board objects to this Request on the ground that the request to produce "[a]ll Documents that relate to, refer to, or provide the basis for" the Oversight Board's responses to Whitefish's Interrogatories is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.

In light of the Oversight Board's General Objections, each of which is specifically incorporated into this Response, the specific objections above, and the Oversight Board's Responses and Objections to Whitefish's Interrogatories, the Oversight Board will not produce documents responsive to this Request.

**REQUEST NO. 2:**

All Documents which You reasonably expect or intend to use at the hearing on the Motion, including but not limited to all written statements, opinions, memoranda, reports of witnesses,

records of oral statements, and Documents reasonably expected or intended to be used for
impeachment purposes which refer or relate to the impact that the Proposed Administrative Claim
in favor of LUMA Energy will have on the timing and likelihood of payment of other
Administrative Claims.

## RESPONSE TO REQUEST NO. 2:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in

that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in

connection with the Court's consideration of the Administrative Expense Motion.  The issue for the

Court to decide is whether the Front-End Transition Services[3] benefit the debtor; therefore,

discovery regarding "the impact that the Proposed Administrative Claim in favor of LUMA Energy

will have on the timing and likelihood of payment of other Administrative Claims" is irrelevant and

disproportionate to the needs of resolving any potential objections to the Administrative Expense

Motion.  The Oversight Board further objects to this Request on the ground that the request to

produce "[a]ll Documents" regarding a particular subject matter is overly broad, unduly

burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board

further objects to this Request on the ground that it is premature; the Oversight Board has not

completed its preparation for the hearing on the Motion and as a result may not yet have identified

the scope of documents that it intends to use at the hearing on the Motion.


Subject to the Oversight Board's General Objections, each of which is specifically

incorporated into this Response, the Oversight Board will produce the documents it reasonably

expects, at this point in its preparation, to use at the hearing.  The Oversight Board will also

disclose the exhibits it intends to use at the hearing in support of the Motion, if any, at the time and

in the manner set by the Court.

---

[3]     Capitalized terms not defined herein or in the Interrogatories have the meaning provided for in the contract
with LUMA

**REQUEST NO. 3:**

All Documents and Communications between PREPA and the Oversight Board that relate or refer to the WEH Invoices and/or the WEH Project Worksheet, including but not limited to the status of COR3 and/or FEMA's review of the WEH Project Worksheet and the status of PREPA's payment on the WEH Invoices.

**RESPONSE TO REQUEST NO. 3**

      The Oversight Board objects to this Request as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the WEH Invoices and/or the WEH Project Worksheet, including but not limited to the status of COR3 and/or FEMA's review of the WEH Project Worksheet and the status of PREPA's payment on the WEH Invoices" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Request on the ground that the request to produce "[a]ll Documents and Communications between PREPA and the Oversight Board that relate or refer to" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

      In light of the General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not conduct a search for the documents sought in this Request, but to the extent such documents are included in what the Oversight Board intends to produce in responses to other Requests (including those propounded by other entities with respect to the Administrative Expense Motion), the Oversight Board will

produce those documents to Whitefish.

## REQUEST NO. 4:

All Documents and Communications between PREPA and the Oversight Board that refer or relate to the status of unpaid Administrative Claims.

## RESPONSE TO REQUEST NO. 4

The Oversight Board objects to this Request as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the status of unpaid Administrative Claims" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Request on the ground that the request to produce "[a]ll Documents and Communications between PREPA and the Oversight Board that refer or relate to" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not conduct a search for the documents sought in this Request, but to the extent such documents are included in what the Oversight Board intends to produce in responses to other Requests (including those propounded by other entities with respect to the Administrative Expense Motion), the Oversight Board will produce those documents to Whitefish.

**REQUEST NO. 5:**

All Documents and Communications between PREPA and the Oversight Board regarding the impact that allowing and paying an Administrative Claim to LUMA as provided for in the Motion on the other Administrative Claims will have on the likelihood and/or timing of payments on other Administrative Claims.

**RESPONSE TO REQUEST NO. 5**

The Oversight Board objects to this Request as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion. The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the impact that allowing and paying an Administrative Claim to LUMA as provided for in the Motion on the other Administrative Claims will have on the likelihood and/or timing of payments on other Administrative Claims" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion. The Oversight Board further objects to this Request on the ground that the request to produce "[a]ll Documents and Communications between PREPA and the Oversight Board regarding" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter. The Oversight Board further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not conduct a search for the documents sought in this Request, but to the extent such documents are included in what the Oversight Board intends to produce in responses to other Requests (including those propounded by other entities with respect to the Administrative Expense Motion), the Oversight Board will

produce those documents to Whitefish.

**REQUEST NO. 6:**

All Documents and Communications between PREPA or the Oversight Board, on the one hand, and COR3 or FEMA, on the other hand, regarding or referring to or related to FEMA's review of the WEH Project Worksheet.

**RESPONSE TO REQUEST NO. 6**

The Oversight Board objects to this Request as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "FEMA's review of the WEH Project Worksheet" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Request on the ground that the request to produce "[a]ll Documents and Communications between PREPA or the Oversight Board, on the one hand, and COR3 or FEMA, on the other hand, regarding or referring to or related to" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board objects to this Request to the extent it seeks information duplicative of information sought, or more readily available, from other entities or sources, including publicly available sources.  The Oversight Board further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not conduct a search for the

documents sought in this Request, but to the extent such documents are included in what the

Oversight Board intends to produce in responses to other Requests (including those propounded by

other entities with respect to the Administrative Expense Motion), the Oversight Board will

produce those documents to Whitefish.

[*Remainder of page intentionally left blank*]

Dated:  August 3, 2020

**PROSKAUER ROSE LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com

Paul V. Possinger (*pro hac vice*)
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

Jennifer L. Jones (*pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-4509
Fax: (310) 557-2193
jljones@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Commonwealth of Puerto Rico and the Puerto*
*Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorney for the Financial Oversight and*
*Management Board as representative of the*
*Debtor*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I caused copies of the foregoing documents to be

served on the following counsel of record:

**PAUL HASTINGS LLP**
Luc A. Despins (admitted *pro hac vice*)
Nicholas A. Bassett (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

**FOLEY & LARDNER LLP**
Ann Marie Uetz (*pro hac vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone (313) 234-7100
Facsimile (313) 234-2800
auetz@foley.com

*Counsel for WEH*

**C. CONDE & ASSOC.**
*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312
*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: condecarmen@condelaw.com
ls.valle@condelaw.com

*Counsel for WEH*

**BUFETE EMMANUELLI, C.S.P.**
Rolando Emmanuelli-Jiménez
USDC-PR No. 214105
Jessica E. Méndez-Colberg
USDC-PR No. 302108
472 Tito Castro Ave.,
Marvesa Building Suite 106
Ponce, PR 00716
Telephone: (787) 848-0666
Facsimile: (787) 977-0323
Email: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com

*Attorneys for Unión de Trabajadores de la
Industria Eléctrica y Riego and Sistema de
Retiro de los Empleados de la Autoridad de
Energía Eléctrica*

**WACHTELL, LIPTON, ROSEN & KATZ**
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
mhcassel@wlrk.com

*Attorneys for Cortland Capital Market
Services LLC, as Administrative Agent*

**O'MELVENY & MYERS LLP**
John J. Rapisardi (*pro hac vice*)
Nancy A. Mitchell (*pro hac vice*)
Maria J. DiConza (*pro hac vice*)
7 Times Square
New York, New York 10036
Tel:  (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter Friedman  (*pro hac vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  (202) 383-5414

-and-

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel:  (949) 823-6900
Fax:  (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority and Puerto
Rico Electric Power Authority*

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Co-counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**
Katiuska Bolaños
USDC-PR No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Tel.:  (787) 395-7133
Fax:  (787) 497-9664

*Counsel for Puerto Rico Electric Power
Authority*

*/s/  Jennifer L. Jones*
Jennifer L. Jones

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS |

## RESPONSES AND OBJECTIONS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY AND THE FINANCIAL OVERSIGHT AND MANAGEMENTBOARD FOR PUERTO RICO TO THE FIRST SET OF INTERROGATORIES OF CREDITOR WHITEFISH ENERGY HOLDINGS, LLC

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as PREPA's representative pursuant to section 315(b) of PROMESA, and the Oversight Board on its own behalf, by and through undersigned counsel, hereby respond and object to *Creditor Whitefish Energy Holdings, LLC's First Set of Interrogatories to The Financial Oversight and Management Board For Puerto Rico and Puerto Rico Electric Power Authority* served by Whitefish Energy Holdings, LLC ("Whitefish") dated July 24, 2020 (the "Interrogatories," and each individual interrogatory an "Interrogatory"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Interrogatories (the "Responses and Objections") are made on its behalf and on behalf of PREPA and are without prejudice to the Oversight Board's right to amend or supplement the response herein if necessary at a later date.[2] Within the compressed timeframe under which the parties are working, the Oversight Board has made reasonable efforts to respond to the Interrogatories, to the extent not objected to, as the Oversight Board understands and interprets the Interrogatories. If Whitefish subsequently asserts an interpretation of the Interrogatories that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections. By making the objections below, the Oversight

---

[2]    Any and all responses and objections made by the Oversight Board herein are asserted on its behalf and on behalf of PREPA.

Board does not waive and expressly reserves its right to make additional objections.

## **GENERAL OBJECTIONS**

1.      The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as irrelevant, overbroad, and unduly burdensome to the extent they seek information neither necessary nor proportionate to the narrow question whether to approve the *Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy* (Case No. 17-BK-4780-LTS, ECF No. 2053) (the "Administrative Expense Motion").

2.      The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent (i) they exceed the legitimate scope of discovery in connection with the instant Administrative Expense Motion; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The response to any Interrogatory does not constitute an admission by the Oversight Board that the information requested by the Interrogatory or the information contained in the Oversight Board's response is relevant or material to the issues before the Court or is admissible. The Oversight Board may respond Interrogatories with information that is irrelevant and inadmissible, but does so solely to expedite the process without any concession that the Interrogatories seek information relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek documents without restrictions as to date.  The Oversight Board will not provide responses to Interrogatories seeking information that pre-dates February 1, 2019, or otherwise seeking information outside the timeframe relevant to the instant contested matter.

5.       The Oversight Board objects to the Definitions, the Instructions, and the Interrogatories, and to each and every Interrogatory, to the extent they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations exceeding those imposed by the Governing Rules.  In responding to these Interrogatories, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.       The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.       The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent they request the Oversight Board respond to topics beyond its knowledge.  The Oversight Board further objects to the Interrogatories, and to each and every Interrogatory, to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to Whitefish.

8.       The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information that is confidential or proprietary in nature, or

4

otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information.

9.     The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, the Oversight Board does not admit any factual or legal premise in the Interrogatories.

10.     The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to provide "each," "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to reasonably address.

11.     The Oversight Board objects to the definitions of "Person" and "Individual" to the extent they are overly broad, vague, and ambiguous.

12.     The Oversight Board objects to the definitions of "You," "Your," and "Yourself," to the extent they are overly broad, vague, and ambiguous.

13.     The Oversight Board objects to the definition of the term "PREPA," as overbroad because it includes individuals and entities not components of PREPA and without regard to their connection or relevance to the Administrative Expense Motion.  In responding to these Interrogatories, the Oversight Board will construe "PREPA" to mean PREPA and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

14.     The Oversight Board objects to the definition of the term "Oversight Board," as overbroad because it includes individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the Administrative Expense Motion.  In responding

5

to these Interrogatories, the Oversight Board will construe "Oversight Board" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

15.     The Oversight Board objects to the definition of the term "FEMA," as overbroad because it includes individuals and entities not components of FEMA and without regard to their connection or relevance to the Administrative Expense Motion.   In responding to these Interrogatories, the Oversight Board will construe "FEMA" to mean FEMA and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

16.     The Oversight Board objects to the definition of the term "COR3," as overbroad because it includes individuals and entities not components of COR3 and without regard to their connection or relevance to the LUMA Administrative Expense Motion.   In responding to these Interrogatories, the Oversight Board will construe "COR3" to mean COR3 and its employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

17.     The Oversight Board objects to the definition of the term "LUMA," as overbroad because it includes individuals and entities not components of LUMA and without regard to their connection or relevance to the Administrative Expense Motion.   In responding to these Interrogatories, the Oversight Board will construe "LUMA" to mean LUMA Energy, LLC and LUMA Energy ServCo, LLC and their employees, members, and known agents reasonably likely to possess information relevant to the Administrative Expense Motion.

18.     The Oversight Board objects to the definition of the terms "Document" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.   The Oversight Board further objects to searching or producing any text messages, instant

messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, books, summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, reports and/or summaries of investigations, appraisals, reports and/or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.  To the extent the Oversight Board agrees to identify documents regarding a particular topic, the Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

19.     The Oversight Board objects to the definition of the term "Communication" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case.  To the extent the Oversight Board agrees to identify communications regarding a particular topic, the Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

20.     The above General Objections are incorporated into each of the following specific

Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person who assisted in responding and/or provided information used by You to respond to these interrogatories, and with respect to each Person, state by number the interrogatory(ies) for which he, she, or it assisted in responding and/or provided information.

### RESPONSE TO INTERROGATORY NO. 1:

The Oversight Board objects to this Interrogatory  and will not respond to this Interrogatory

because, as further set forth below, substantive responses are not being provided in response to the

Interrogatories because they seek irrelevant information beyond the scope of legitimate or

necessary discovery in connection with the Court's consideration of the Administrative Expense

Motion.

### INTERROGATORY NO. 2:

Identify each Person who has knowledge of facts or other information relating to the status of COR3 and/or FEMA's review the WEH Project Worksheet and the status of PREPA's payment on the WEH Invoices.

### RESPONSE TO INTERROGATORY NO. 2:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in

that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in

connection with the Court's consideration of the Administrative Expense Motion.  The issue for the

Court to decide is whether the Front-End Transition Services[3] benefit the debtor; therefore,

discovery regarding "status of COR3 and/or FEMA's review the WEH Project Worksheet and the

status of PREPA's payment on the WEH Invoices" is irrelevant and disproportionate to the needs

---

[3]     Capitalized terms not defined herein or in the Interrogatories have the meaning provided for in the contract with LUMA.

of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board

further objects to this Interrogatory to the extent it seeks information duplicative of information

sought, or more readily available, from other entities or sources, including publicly available

sources.  The Oversight Board further objects to this Interrogatory on the ground that the request to

disclose "each Person who has knowledge of facts or other information relating to" a particular

subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this

contested matter.

### INTERROGATORY NO. 3:

Identify each Person who has knowledge of facts or other information relating to the impact that the
proposed Administrative Claim to be granted to LUMA will have on i) PREPA's ability to pay or
ii) likelihood of paying or iii) timing of paying other Administrative Claims.

### RESPONSE TO INTERROGATORY NO. 3:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in

that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in

connection with the Court's consideration of the Administrative Expense Motion.  The issue for the

Court to decide is whether the Front-End Transition Services benefit the debtor; therefore,

discovery regarding "the impact that the proposed Administrative Claim to be granted to LUMA

will have on i) PREPA's ability to pay or ii) likelihood of paying or iii) timing of paying other

Administrative Claims" is irrelevant and disproportionate to the needs of resolving any potential

objections to the Administrative Expense Motion.  The Oversight Board further objects to this

Interrogatory on the ground that the request to disclose "each Person who has knowledge of facts or

other information relating to" a particular subject matter is overly broad, unduly burdensome, and

disproportionate to the needs of this contested matter.

### INTERROGATORY NO. 4:

Identify each Person who has knowledge of facts or other information relating to the status of any

9

remaining analysis by PREPA or anyone acting on its behalf of any unpaid Administrative Claims.

## RESPONSE TO INTERROGATORY NO. 4:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the status of any remaining analysis by PREPA or anyone acting on its behalf of any unpaid Administrative Claims" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Interrogatory on the ground that the request to disclose "each Person who has knowledge of facts or other information relating to" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board further objects to this Interrogatory on the ground that the phrase "any remaining analysis by PREPA or anyone acting on its behalf" is vague and ambiguous in this context.

## INTERROGATORY NO. 5:

Identify all Documents and Communications between or among PREPA and/or FEMA and/or COR3 regarding the status of the review of the WEH Project Worksheet or are otherwise related to the WEH Invoices and/or the WEH Project Worksheet.

## RESPONSE TO INTERROGATORY NO. 5:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the status of the review of the WEH Project Worksheet or are otherwise related to the WEH Invoices and/or the WEH Project Worksheet" is irrelevant and disproportionate

to the needs of resolving any potential objections to the Administrative Expense Motion.  The

Oversight Board further objects to this Interrogatory on the ground that the request to "[i]dentify all

Documents and Communications between or among PREPA and/or FEMA and/or COR3

regarding" a particular subject matter is overly broad, unduly burdensome, and disproportionate to

the needs of this contested matter.  The Oversight Board further objects to this Interrogatory to the

extent it seeks information protected from disclosure by the attorney-client privilege, the attorney

work-product doctrine, the executive and deliberative process privileges, the common interest

privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities

protecting information from disclosure.


## INTERROGATORY NO. 6:

Identify all Documents and Communications between PREPA and the Oversight Board regarding
the WEH Invoices and/or the WEH Project Worksheet.

## RESPONSE TO INTERROGATORY NO. 6:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in

that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in

connection with the Court's consideration of the Administrative Expense Motion.  The issue for the

Court to decide is whether the Front-End Transition Services benefit the debtor; therefore,

discovery regarding "the WEH Invoices and/or the WEH Project Worksheet" is irrelevant and

disproportionate to the needs of resolving any potential objections to the Administrative Expense

Motion.  The Oversight Board further objects to this Interrogatory on the ground that the request to

"[i]dentify all Documents and Communications between PREPA and the Oversight Board

regarding" a particular subject matter is overly broad, unduly burdensome, and disproportionate to

the needs of this contested matter.  The Oversight Board further objects to this Interrogatory to the

extent it seeks information protected from disclosure by the attorney-client privilege, the attorney

work-product doctrine, the executive and deliberative process privileges, the common interest

privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities

protecting information from disclosure.

## INTERROGATORY NO. 7:

Identify all Documents and Communications between PREPA and the Oversight Board regarding the status of unpaid Administrative Claims.

## RESPONSE TO INTERROGATORY NO. 7:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in

that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in

connection with the Court's consideration of the Administrative Expense Motion.  The issue for the

Court to decide is whether the Front-End Transition Services benefit the debtor; therefore,

discovery regarding "the status of unpaid Administrative Claims" is irrelevant and disproportionate

to the needs of resolving any potential objections to the Administrative Expense Motion.  The

Oversight Board further objects to this Interrogatory on the ground that the request to "[i]dentify all

Documents and Communications between PREPA and the Oversight Board regarding" a particular

subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this

contested matter.  The Oversight Board further objects to this Interrogatory to the extent it seeks

information protected from disclosure by the attorney-client privilege, the attorney work-product

doctrine, the executive and deliberative process privileges, the common interest privilege, the

mediation privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.

## INTERROGATORY NO. 8:

Identify all Documents and Communications between PREPA and the Oversight Board regarding the impact of allowing and paying the proposed Administrative Claim to LUMA on the likelihood or timing of payment of other Administrative Claims.

**RESPONSE TO INTERROGATORY NO. 8:**

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the impact of allowing and paying the proposed Administrative Claim to LUMA on the likelihood or timing of payment of other Administrative Claims" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion.  The Oversight Board further objects to this Interrogatory on the ground that the request to "[i]dentify all Documents and Communications between PREPA and the Oversight Board regarding" a particular subject matter is overly broad, unduly burdensome, and disproportionate to the needs of this contested matter.  The Oversight Board further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

**INTERROGATORY NO. 9:**

Identify the Project Worksheet Number that has been assigned to the WEH Project Worksheet.

**RESPONSE TO INTERROGATORY NO. 9:**

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion.  The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the Project Worksheet Number that has been assigned to the WEH Project

13

Worksheet" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion. The Oversight Board objects to this Interrogatory to the extent it seeks information duplicative of information sought, or more readily available, from other entities or sources, including publicly available sources.

## INTERROGATORY NO. 10:

Identify the proposed witnesses for the hearing in support of the Motion, as well as the qualifications and reports of any expert witness you may use in connection with the Motion, including but not limited to those witnesses who will testify as to the ability of PREPA of to pay all allowed administrative expenses as required by PROMESA.

## RESPONSE TO INTERROGATORY NO. 10:

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the Administrative Expense Motion. The issue for the Court to decide is whether the Front-End Transition Services benefit the debtor; therefore, discovery regarding "the ability of PREPA of [*sic*] to pay all allowed administrative expenses as required by PROMESA" is irrelevant and disproportionate to the needs of resolving any potential objections to the Administrative Expense Motion. The Oversight Board further objects to this Interrogatory on the ground that it is premature. The Oversight Board will identify witnesses it intends to call at the hearing in support of the Motion, if any, at the time and in the manner set by the Court.

*[Remainder of page intentionally left blank]*

Dated:  August 3, 2020

**PROSKAUER ROSE LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com

Paul V. Possinger (*pro hac vice*)
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

Jennifer L. Jones (*pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-4509
Fax: (310) 557-2193
jljones@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and*
*Management Board as representative for the*
*Commonwealth of Puerto Rico and the Puerto*
*Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorney for the Financial Oversight and*
*Management Board as representative of the*
*Debtor*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I caused copies of the foregoing documents to be

served on the following counsel of record:

**PAUL HASTINGS LLP**
Luc A. Despins (admitted *pro hac vice*)
Nicholas A. Bassett (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

**FOLEY & LARDNER LLP**
Ann Marie Uetz (*pro hac vice*)
500 Woodward Ave., Suite 2700
Detroit, MI 48226
Telephone (313) 234-7100
Facsimile (313) 234-2800
auetz@foley.com

*Counsel for WEH*

**C. CONDE & ASSOC.**
*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312
*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: condecarmen@condelaw.com
ls.valle@condelaw.com

*Counsel for WEH*

**BUFETE EMMANUELLI, C.S.P.**
Rolando Emmanuelli-Jiménez
USDC-PR No. 214105
Jessica E. Méndez-Colberg
USDC-PR No. 302108
472 Tito Castro Ave.,
Marvesa Building Suite 106
Ponce, PR 00716
Telephone: (787) 848-0666
Facsimile: (787) 977-0323
Email: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com

*Attorneys for Unión de Trabajadores de la
Industria Eléctrica y Riego and Sistema de
Retiro de los Empleados de la Autoridad de
Energía Eléctrica*

**WACHTELL, LIPTON, ROSEN & KATZ**
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
mhcassel@wlrk.com

*Attorneys for Cortland Capital Market
Services LLC, as Administrative Agent*

1

**O'MELVENY & MYERS LLP**
John J. Rapisardi (*pro hac vice*)
Nancy A. Mitchell (*pro hac vice*)
Maria J. DiConza (*pro hac vice*)
7 Times Square
New York, New York 10036
Tel:  (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter Friedman  (*pro hac vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  (202) 383-5414

-and-

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel:  (949) 823-6900
Fax:  (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority and Puerto
Rico Electric Power Authority*

**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Co-counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**
Katiuska Bolaños
USDC-PR No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Tel.:  (787) 395-7133
Fax:  (787) 497-9664

*Counsel for Puerto Rico Electric Power
Authority*

*/s/ Jennifer L. Jones*
Jennifer L. Jones

2