**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**DRA PARTIES' REPLY AND RESERVATION OF RIGHTS IN SUPPORT OF URGENT MOTION FOR BRIDGE ORDER, AND MOTION FOR APPOINTMENT AS TRUSTEES UNDER 11 U.S.C. § 926, OF AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., FINANCIAL GUARANTY INSURANCE COMPANY, AND NATIONAL PUBLIC <u>FINANCE GUARANTEE CORPORATION</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* (the "Collateral Monitor" and with the Servicer, the "DRA Parties"), by and through the undersigned legal counsel, and respectfully submit this reply and reservation of rights (the "DRA Parties' Reply") in support of the *Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [Case No. 17-3283-LTS, Dkt. No. 13708; Case No. 17-3567-LTS, Dkt. No. 871] (the "Motion").[3]

1. On July 17, 2020, the Movants filed the Motion, and the DRA Parties filed their *Joinder to the Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [Dkt. No. 13718] (the "Joinder").[4]

---

[2] *See* Dkt. No. 270 of Civil Case No. 18-01561 (LTS).

[3] Unless otherwise noted, docket citations shall correspond to Civil Case No. 17-3283-LTS. In addition, capitalized terms used herein and otherwise not defined shall have the definition ascribed to such term in the Preliminary Hearing Opinion (as defined below) or the Motion.

[4] On July 24, 2020, the Court entered the *Order Denying Urgent Motion for Bridge Order of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company,*

1

2. On July 31, 2020, the FOMB filed the *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion for Appointment as Trustees Under 11 U.S.C. § 926* [Dkt. No. 13929] (the "FOMB Opposition") and AAFAF filed *AAFAF's Opposition to the Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [Dkt. No. 13930] (the "AAFAF Opposition," and together with the FOMB Opposition, the "Oppositions").

3. While the DRA Parties have already joined the Motion, they take issue with certain incorrect comments made by the FOMB and AAFAF in their Oppositions. Therefore, the DRA Parties clarify the record regarding those misleading statements.

4. Both government parties assert that this Court held in its *Opinion and Order in Connection with Preliminary Hearing Regarding Motion for Relief from the Automatic Stay or In the Alternative, Adequate Protection* [Dkt. No. 13541] (the "Preliminary Hearing Opinion") that HTA has no property interest in the Excise Tax Revenues retained by the Commonwealth. *See, e.g.*, FOMB Opposition ¶ 11 ("On July 2, 2020, the Court issued an order squarely holding Movants had not established a colorable claim to ownership of the Excise Tax Revenues because they had not shown HTA has a property interest in the Excise Tax Revenues before they are transferred from the Commonwealth to HTA."), ¶ 31 ("Movants have already litigated and lost on their contention HTA has a property interest in the Excise Tax Revenues, which were not transferred to HTA."); AAFAF Opposition ¶ 4 ("But in light of this Court's holding that the

---

*and National Public Finance Guarantee Corporation* [Dkt. No. 13825]. Accordingly, the DRA Parties submit the DRA Parties' Reply in support of the pending portion of the Motion—namely, the Movants' request for the appointment of a trustee pursuant to Section 926 of the Bankruptcy Code.

2

Excise Taxes at issue belong to the Commonwealth, not HTA, HTA's property has not been transferred."), ¶ 17 ("Per the Court's prior ruling, the Excise Taxes at issue were the Commonwealth's property and have remained the Commonwealth's property.").

5. As the DRA Parties have previously noted (and of course, the Court is aware), this Court did no such thing.[5] The Preliminary Hearing Opinion is silent as to HTA's ownership of the diverted Excise Tax Revenues. The Preliminary Hearing Opinion never addressed, much less answered, the question of who owns the Excise Taxes, finding only that the *Movants* lack "liens or other property interests in Revenues other than those deposited in the Resolution Funds." Preliminary Hearing Opinion at 27–28; *see also id.* at 26 (Court concluding that the "specific resolutions govern[ing] the relationship between HTA *and the Bondholders*" and the Excise Tax Statutes' "commitments to transfer certain of the Revenues to HTA *for the benefit of the Bondholders*" do not purport to grant *bondholders* property rights in Excise Tax Revenues, and, therefore, that "[n]either the Bond Resolutions nor the Excise Tax Statutes promise *the Bondholders* that the Commonwealth will pay them") (emphasis added); *see also id.* (noting that section 2015 of title 9 expressly provides that the Commonwealth is not liable for HTA's Bond obligations).

6. The language the FOMB points to in support of its reading of the Preliminary Hearing Opinion does not support its arguments. In paragraph 33 of the FOMB Opposition, the FOMB cites to several quotes from the Preliminary Hearing Opinion. *See* FOMB Opposition ¶ 33 (citing Preliminary Hearing Opinion at 24, 26). None of those cites references any determination of who properly owns the Excise Tax revenues. Rather, they focus on whether the

---

[5] *See* Joinder ¶ 9 n.5; *see also DRA Parties' Reservation of Rights with Respect to Opposition of Financial Oversight and Management Board for Puerto Rico to Urgent Motion for Bridge Order* [Dkt. No. 13813] ¶¶ 2, 5-9.

3

*bondholders* have a lien on the Excise Tax Revenues currently held by the Commonwealth. *See id.*; *see also* Preliminary Hearing Opinion at 24 (explaining that, because the Excise Tax Revenues "are within the possession and control of the Commonwealth" and not available to HTA, "they therefore cannot provide *the HTA Movants* with a viable exception to the limitation on liability imposed by section 2015") (emphasis added), 26 ("Neither the Bond Resolutions nor the Excise Tax Statutes promise *the Bondholders* that the Commonwealth will pay them[.]") (emphasis added).

7. The FOMB's and AAFAF's characterizations regarding HTA's rights to the Excise Tax Revenues stretch the Preliminary Hearing Opinion to import conclusions that were never made on issues that were not addressed by this Court which – if allowed to stand without clarification - would deprive parties of their right to contest those matters by eliding this Court's prior ruling. The DRA Parties therefore reserve all rights to challenge the Commonwealth's retention of the Excise Tax Revenues, including those Excise Tax Revenues that are the property of HTA, that are unlawfully retained and diverted by the Commonwealth in violation of Article VI, Sections 8 and 9 of the Puerto Rico Constitution, and upon which the DRA has a lien.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today August 7, 2020.

**CERTIFICATE OF SERVICE**: In accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's *Twelfth Amended Notice, Case Management and Administrative Procedures Order* [Dkt. No. 13383-1] (the "CMP Order"), we hereby certify that a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

| | |
|---|---|
| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |
| 270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>PO Box 364225<br>San Juan, Puerto Rico 00936-4225<br>Telephone: 787-250-5632<br>Facsimile: 787-759-9225 | By: /s/ Carmen D. Conde Torres<br><br>Carmen D. Conde Torres<br>(USDC No. 207312)<br>254 San José Street<br>Suite 5<br>San Juan, PR 00901-1523<br>Tel. 787-729-2900<br>Fax. 787-729-2203<br>E-Mail: condecarmen@condelaw.com |
| By: /s/Arturo J. García-Solá<br>Arturo J. García-Solá<br>USDC No. 201903<br>Email: ajg@mcvpr.com | |
| By: /s/Nayuan Zouairabani<br>Nayuan Zouairabani<br>USDC No. 226411<br>Email: nzt@mcvpr.com | -and-<br><br>**ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| *Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority* | By: /s/ Douglas S. Mintz<br>Douglas S. Mintz (admitted pro hac vice)<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br>E-mail: dmintz@orrick.com<br><br>and<br><br>Laura Metzger (pro hac vice pending)<br>Peter Amend (admitted pro hac vice)<br>David Litterine-Kaufman (admitted pro hac vice)<br>Monica Perrigino (admitted pro hac vice)<br>51 West 52nd Street<br>New York, N.Y. 10019<br>Telephone: (212) 506-5000<br>E-mail: lmetzger@orrick.com<br>       pamend@orrick.com<br>       dlitterinekaufman@orrick.com<br>       mperrigino@orrick.com<br><br>*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority* |