# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtors.[1] | PROMESO<br>Title III<br><br>No. 17 BK 3283-LTS<br><br><br>(Jointly Administered) |

## OPOSITION TO "URGENT MOTION" FILED BY SUIZA DAIRY CORP. FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE COURT:

COMES NOW, Industria Lechera de Puerto Rico, Inc. ("INDULAC"), through its undersigned attorneys, as a party with direct interest in the remedy sought by Suiza Dairy Corp. in Docket No. 13938, most respectfully **STATES** and **PRAYS** as follows:

1. On August 3rd, 2020, an entity named Suiza Dairy Corp. ("Suiza") filed an *Urgent Motion Requesting a Ruling or Entry of Comfort Order as to the Non-Applicability*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Las Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Las Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Case No. 17-BK-3283(LTS)
Adv. Proc. No. 19-00215.213

*of the Automatic Stay to a Limited Controversy with the Commonwealth of Puerto Rico Arising Post-Petition and Having Post-Petition Effects but Partially Based on a Pre-Petition Judgment Incorporating Milk Regulations Established by the United States District Court for the District of Puerto Rico and not Involving Property of the Debtor or its Estate* ("*Urgent Motion*"). See, Docket No. 13938.

2. INDULAC, a Puerto Rico corporation engaged in the manufacturing of UHT milk and other dairy products, and Suiza, also in its capacity as a raw milk processor, are both heavily regulated by the Puerto Rico Milk Industry Regulatory Office ("ORIL" for its Spanish acronym).

3. On July 10th, 2020, the Administrator of ORIL issued Administrative Order No. 2020-22 ("AO-2020-22"), pursuant to the powers delegated to him by Local Law No. 34 of June 11th, 1957, as amended. 5 L.P.R.A. §1092, *et seq*, affording certain rights to INDULAC associated with its supply of raw milk.

4. As expressly informed to this Honorable Court in Docket No. 13938, Suiza seeks to contest the validity of AO-2020-22 within Civil Case No. 04-1840 (DRD), in which this District Court issued a Judgment several years ago.

5. To that effect, Suiza specifically requests a "comfort order" from this Honorable Court advising it as to the non-applicability of the automatic stay provisions of sections 362(a) and 922(a) of the Bankruptcy Code, incorporated by 48 U.S.C. §2161 of the Puerto Rico Oversight Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §2101, *et seq*.

00053052/ 2

Case No. 17-BK-3283(LTS)
Adv. Proc. No. 19-00215.213

6.    In evaluating Suiza's request, Indulac understands that this Honorable Court lacks subject matter jurisdiction due to the following material and relevant facts:

a. Suiza's claims admittedly refer to a post-petition administrative order with post-petition effects.

b. On July 23rd, 2020, before filing its *Urgent Motion*, Suiza filed with ORIL a *Request for Reconsideration* of AO-2020-22 ("Reconsideration").

c. On August 4th, 2020, the Administrator of the ORIL issued a *Resolution* determining that ORIL would be evaluating the Reconsideration. Consequently, AO-2020-22 has not become final and/or firm nor the term for seeking its judicial review has begun to elapse.

d. Notwithstanding the above, on August 10th, 2020, Suiza <u>prematurely</u> filed a *Review of an Administrative Order* with the Puerto Rico Court of Appeals requesting said local appellate court to declare OA-2020-22 null and void.

e. On August 11th, 2020, the Puerto Rico Court of Appeals granted ORIL 30 days to file its position.

7.    There is no doubt that before filing its *Urgent Motion*, Suiza chose to exhaust administrative remedies by seeking to contest the validity of OA-2020-22 before ORIL.

8.    Then, albeit prematurely, Suiza chose to seek judicial review of OA-2020-22 by filing a *Review for an Administrative Order* with the Puerto Rico Court of Appeals, which already has issued a *Resolution* scheduling the filing of briefs.

Case No. 17-BK-3283(LTS)
Adv. Proc. No. 19-00215.213

9. The doctrine of exhaustion of administrative remedies is well established in federal and local jurisprudence. It provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. <u>Municipality of San Juan vs. Human Resources</u>, 371 F. Supp. 2d 52 (2005).

10. Consequently, having Suiza chosen the statutory mandated path of exhausting administrative remedies, we humbly submit, in the best-case scenario, lacks subject matter jurisdiction to entertain Suiza's requested remedy.

11. Moreover, given that fact that Suiza has already commenced not one but two legal action in local forums (ORIL and the Puerto Rico Court Appeals) questioning the validity of OA-2020-22, in the interest of comity with the Puerto Rico Court of Appeals and ORIL, **this Honorable Court should abstain from entertaining Suiza's *Urgent Motion***.

**WHEFORE**, INDULAC requests this Honorable Court to take notice of the above and dismiss with prejudice Suiza's *Urgent Motion*.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

In Guaynabo, Puerto Rico, on this 17th day of August, 2020.

Case No. 17-BK-3283(LTS)
Adv. Proc. No. 19-00215.213

**COUNSEL FOR INDULAC**

**MARICHAL, HERNANDEZ, SANTIAGO & JUARBE, LLC**
P.O. Box 190095
San Juan, Puerto Rico 00919-0095
Phone: (787) 753-1565
Fax: (787) 763-1704


*/s/ Rafael M. Santiago-Rosa*
**Rafael M. Santiago-Rosa**
USCA No. 92167
rsantiago@mhlex.com

*/s/José R. Negrón-Fernández*
**José R. Negrón-Fernández**
USDC P.R. No. 212713

00053052/　　　　　　　　　　　5