# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>as co-trustees respectively, of | Adv. Proc. No.<br><br>Case No. 19-00388 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

THE PUERTO RICO ELECTRIC POWER AUTHORITY,

                      Plaintiffs,

v.

INSPECTORATE AMERICA CORPORATION; SAYBOLT LP; ALTOL CHEMICAL ENVIRONMENTAL LABORATORY INC. D/B/A ALCHEM LABORATORY; ALTOL ENVIRONMENTAL SERVICES, INC.; CARLOS R. MÉNDEZ & ASSOCIATES; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; TRAFIGURA LIMITED; TRAFIGURA ARGENTINA S.A.; VITOL S.A., INC.; VITOL, INC.,

                      Defendants.

## JOINT STATUS REPORT AND
## PROPOSED ORDER ON CASE MANAGEMENT

To The Honorable United States Magistrate Judge Judith Gail Dein:

      The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of its Special Claims Committee (the "SCC"), and the Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) (the "Committee", and together with the Oversight Board, the "Co-Plaintiffs"), respectfully submit this Joint Status Report.[2]

      The Co-Plaintiffs have commenced the above-captioned adversary proceedings alleging, among other things, unlawful acts relating to the sale and laboratory testing of non-conforming fuel oil purchased by the Puerto Rico Electric Power Authority ("PREPA"), a Debtor in the above-captioned PROMESA Title III adjustment proceeding. In 2015, the Marrero-Rolon Plaintiffs filed suit against PREPA and others in the United States District Court for the District

---

[2] Pursuant to the status report filed on July 14, 2020, and the Court's order with respect to that status report, parties in interest, including the Marrero-Rolon Plaintiffs and the Defendants have the opportunity to respond to this status report on or before August 31, 2020, and all parties have an opportunity to reply to those responses on or before September 8, 2020.

2

of Puerto Rico, alleging a scheme to procure and provide PREPA with fuel oil for the combustion of electricity under the guise it met the specifications of contracts between PREPA and certain of its fuel oil suppliers, as well as specifications set by the Environmental Protection Agency. The Marrero-Rolon Plaintiffs have proposed to intervene in this adversary proceeding, which motion is fully briefed (*see* ECF Nos. 9, 29, 30, 31, 43). On December 10, 2019, this Court entered its *Order Granting in Part Motion to Stay Adversary Proceeding and Setting Deadline for Filing of Joint Status Report* [ECF No. 61] (the "Fuel Oil Stay Order").

The Fuel Oil Stay Order required the Parties to meet and confer and provide the Court with a detailed status report meeting the Court's specifications by May 12, 2020. On May 8, 2020, the Parties filed with the Court the *Joint Status Report And Proposed Order On Case Management* [ECF No. 65] requesting that the Court enter an order extending the deadline to provide a status report regarding the extent and manner of the Parties coordination to July 15, 2020, and that this Court extend the litigation stay and such other deadlines contained in the Fuel Oil Stay Order consistent with such date. On May 12, 2020, this Court entered its *Order On Case Management* [ECF No. 66] extending the deadline for the Parties to file a joint status report to July 15, 2020. On July 14, 2020, the parties filed with the Court the *Joint Status Report And Proposed Order on Case Management* [ECF No. 67] requesting that the Court enter an order extending the deadline to provide a status report regarding the extent and manner of the Parties' coordination to August 17, 2020, and that this Court extend the litigation stay and such other deadlines contained in the Fuel Oil Stay Order consistent with such date. On July 17, 2020, the Court entered its *Order on Case Management* [ECF No. 68], extending the deadline to file a status report and setting a schedule for responses and replies to the status report.

In compliance with the Fuel Oil Stay Order, the Co-Plaintiffs respectfully represent as follows:

1. The Court has previously indicated that some degree of coordination between this Adversary Proceeding and the Marrero-Rolon Action would be beneficial.

2. In recognition of those discussions, the Co-Plaintiffs provided a proposal regarding potential limited intervention to the Marrero-Rolon Plaintiffs. A copy of that proposal is annexed to this status report as Exhibit "A."

3. The Marrero-Rolon Plaintiffs were not in agreement with limited intervention as proposed by the Co-Plaintiffs and instead submitted a counter-proposal seeking full co-party status in this action. A copy of that proposal with redline edits to the proposal submitted by the Co-Plaintiffs is annexed to this status report as Exhibit "B."

4. Given the drastic differences in approach to a potential intervention, the Co-Plaintiffs and the Marrero-Rolon Plaintiffs were unable to come to any agreement regarding the extent of any potential intervention.

5. The Co-Plaintiffs' proposal and the Marrero-Rolon Plaintiffs' proposal were both shared with the Defendants. To the Co-Plaintiffs' knowledge, the Defendants will be submitting a response (or responses) to this status report outlining their positions.

6. It remains the Co-Plaintiffs' position that intervention is not appropriate in this case for the reasons set forth in the objections filed to the Motion. (*See* ECF Nos. 29 and 30.) Nevertheless, only to the extent intervention is permitted and in an attempt to address the coordination suggested by the Court, it is the Co-Plaintiffs' position that any intervention should be on a strictly limited basis only to the extent provided for in the Co-Plaintiffs' proposal provided in Exhibit A, hereto.

7. In the Fuel Oil Stay Order, the Court requested that the parties answer certain questions regarding the scope of intervention and the resulting effects on the Marrero-Rolon Action. However, given the drastically divergent views of the parties as to intervention, the parties do not have joint responses to these questions. Instead, the scope of intervention from the perspective of the Co-Plaintiffs is as set forth in the Co-Plaintiffs' proposed intervention order annexed as Exhibit A. After a discussion with the Marrero-Rolon Plaintiffs, the Co-Plaintiffs understand that the Marrero-Rolon Plaintiffs' position regarding the scope of intervention is as set forth in Exhibit B, or as outlined by the Marrero-Rolon Plaintiffs in any response to this status report.

8. Given the disparate views of the parties, the Co-Plaintiffs believe that Court direction on intervention and the scope of such intervention is necessary.

9. It is the Co-Plaintiffs' view that once this Court addresses whether to permit intervention and the scope of such intervention, the stay of this Action should be lifted and the parties should proceed to prepare a Case Management Order and proceed with any motion practice and discovery unimpeded by the results of any decision on intervention.

Dated: August 17, 2020  
San Juan, Puerto Rico

Respectfully Submitted,

/s/ Edward S. Weisfelner  
BROWN RUDNICK LLP  
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)  
Seven Times Square  
New York, NY 10036  
Tel: (212) 209-4800  
eweisfelner@brownrudnick.com


Sunni P. Beville, Esq. (*Pro Hac Vice*)  
Tristan G. Axelrod, Esq. (*Pro Hac Vice*)  
One Financial Center

/s/ John Arrastia  
GENOVESE JOBLOVE & BATTISTA, P.A  
John Arrastia, Esq. (*Pro Hac Vice*)  
John H. Genovese, Esq. (*Pro Hac Vice*)  
Jesus M. Suarez, Esq. (*Pro Hac Vice*)  
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)  
100 SE 2nd Street, Suite 4400  
Miami, Florida 33131  
Tel: 305-349-2300  
jarrastia@gjb-law.com  
jgenovese@gjb-law.com  
jsuarez@gjb-law.com

5

Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com
taxelrod@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

and

/s/ Ileana C. Cardona-Fernández
Ileana C. Cardona-Fernández, Esq.
(USDC-PR 302610)
1609 Calle Orlando
Urb. Estancias de San Gerardo
San Juan, Puerto Rico 00926
Tel.: (787) 484-8202
icardona@iccflaw.com

*Local Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than PBA and COFINA)*

- and -

/s/Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.,
   (USDC-PR 218312)
Alberto J. E. Añeses Negrón, Esq.,
   (USDC-PR 302710)
Israel Fernández Rodriguez, Esq.,
   (USDC-PR 225004)
Juan C. Nieves González, Esq.,
   (USDC-PR 231707)
Cristina B. Fernández Niggemann, Esq.
   (USDC-PR 306008)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
jfernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than PBA and COFINA)*

**Exhibit A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-4780 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    as co-trustees respectively, of | Adv. Proc. No. 19-00388 (LTS) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523- LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

THE PUERTO RICO ELECTRIC POWER
AUTHORITY

    Plaintiff.

    v.

ALTOL CHEMICAL ENVIRONMENTAL
LABORATORY INC. D/B/A ALCHEM
LABORATORY, ALTOL ENVIRONMENTAL
SERVICES, INC., CARLOS R. MENDEZ &
ASSOCIATES, INSPECTORATE AMERICA
CORPORATION, SAYBOLT LP, TRAFIGURA
ARGENTINA S.A., TRAFIGURA BEHEER, B.V.,
TRAFIGURA LIMITED, TRAFIGURA TRADING
LLC, VITOL, INC., AND VITOL S.A., INC.,

    Defendants.

## PROPOSED ORDER GRANTING INTERVENTION RIGHTS TO
## *MARRERO* PLAINTIFFS UNDER BANKRUPTCY RULE 7024

WHEREAS, this matter is before the Court on *The Marrero Plaintiffs' Motion To Intervene* (Dkt. No. 9) (the "Motion"). The deadline for responses to the Motion was October 25, 2019. See Notice of Hearing, Dkt. No. 11. The Court received the following objections to the Motion:

- *The Special Claims Committee's Objection to Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 29);

- *The Official Committee of Unsecured Creditors' Opposition To The Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 30); and

- *Defendants Inspectorate America Corporation, Saybolt LP, Vitol, Inc., Vitol S.A., Inc., Carlos R. Mendez & Associates, Trafigura Argentina S.A., Trafigura Beheer, B.V., Trafigura Limited, and Trafigura Trading LLC's Opposition To The Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 31).

WHEREAS, on October 25, 2019, the Marrero Plaintiffs filed *The Marrero Plaintiffs' Combined Reply In Support of Motion to Intervene and Opposition to Motion To Stay Adversary Proceeding* (Dkt. No. 43).

WHEREAS, on December 10, 2019, the Court issued its *Order Granting in Part Motion to Stay Adversary Proceeding and Setting Deadline for Filing of Joint Status Report* (Dkt. No. 61), requiring that the parties meet and confer and provide the Court with a detailed Joint Status Report by May 12, 2020 (the "Fuel Oil Stay Order").

WHEREAS, on May 8, 2020, the parties filed the Joint Status Report requesting an extension until July 15, 2020 to file the status report ordered by the Court on December 10, 2019 and an extension of the stay to July 15, 2020 (Dkt. No. 65).

WHEREAS, on May 12, 2020, the Court granted the parties' request for an extension to file the Joint Status Report until July 15, 2020 (Dkt. No. 66).

WHEREAS, on July 14, 2020, the parties' submitted a joint status report to the Court requesting an extension based on the stated intention of the parties to discuss a limited intervention of the Marrero Plaintiffs into this Adversary Proceeding (Dkt. No. 67).

WHEREAS, on July 17, 2020, the Court granted the parties' request for an extension to August 17, 2020 (Dkt. No. 68).

WHEREAS, the parties agree to the intervention of the Marrero Plaintiffs into this adversary proceeding on a limited basis, as described herein.

Upon the Motion, taking notice of the lack of objection to the entry of this Order, and finding good cause for the requested relief, the Motion is hereby ALLOWED pursuant to the following terms:

1. Leave to intervene is granted as set forth herein.

2. The Marrero Plaintiffs are not required to file a Rule 24(c) pleading in this adversary proceeding.

3. The Marrero Plaintiffs shall be permitted to appear and be heard in the above captioned adversary proceeding, pursuant to Bankruptcy Code section 1109(b).

4. Producing parties shall make all discovery taken to date available to the Marrero Plaintiffs within seven (7) calendar days of the date of this Order. Further discovery must be made available within seven (7) calendar days of the production of discovery, or the production of the transcript of a deposition, as the case may be, subject to execution of any relevant protective order. Counsel to the Marrero Plaintiffs shall be entitled to attend any deposition(s) subsequently taken in connection with the above-captioned adversary proceeding.

5. The Marrero Plaintiffs shall not have the right to propound discovery requests, nor shall the Marrero Plaintiffs have the right to examine witnesses during depositions, hearings, or trial. Counsel for the Special Claims Committee and the Official Committee of Unsecured Creditors shall use reasonable efforts to confer with counsel for the Marrero Plaintiffs in advance of issuing discovery requests or conducting depositions, hearings, or trial, and shall allow counsel for the Marrero Plaintiffs an opportunity to suggest requests, questions or arguments in advance of such requests, depositions, hearings, or trial.

6. The Marrero Plaintiffs shall have the right to file briefs stating its positions, restricted to those issues already raised by the original parties in this adversary proceeding. The Marrero Plaintiffs may be heard at arguments concerning issues raised in this adversary proceeding if prior leave from the Court is granted with respect to that particular argument.

7. Notwithstanding anything herein, the Special Claims Committee and the Official Committee of Unsecured Creditors retain the right, in their sole discretion, to settle this adversary proceeding with any or all of the defendants. The Marrero Plaintiffs' right to

object to that settlement, if any, shall be governed by the Bankruptcy Rules, and shall not interfere with any parties' right to enter into or consummate any settlement.

This resolves Dkt. No. 9.
SO ORDERED.

/ s / <i>DRAFT</i>

Judith Gail Dein
United States Magistrate Judge

DATED: _____

**Exhibit B**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>  Debtor. | Case No. 17-BK-4780 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>  and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>  as co-trustees respectively, of | Adv. Proc. No. 19-00388 (LTS) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523- LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

THE PUERTO RICO ELECTRIC POWER
AUTHORITY

    Plaintiff.

    v.

ALTOL CHEMICAL ENVIRONMENTAL
LABORATORY INC. D/B/A ALCHEM
LABORATORY, ALTOL ENVIRONMENTAL
SERVICES, INC., CARLOS R. MENDEZ &
ASSOCIATES, INSPECTORATE AMERICA
CORPORATION, SAYBOLT LP, TRAFIGURA
ARGENTINA S.A., TRAFIGURA BEHEER, B.V.,
TRAFIGURA LIMITED, TRAFIGURA TRADING
LLC, VITOL, INC., AND VITOL S.A., INC.,

    Defendants.

**PROPOSED ORDER GRANTING INTERVENTION RIGHTS TO
*MARRERO* PLAINTIFFS UNDER BANKRUPTCY RULE 7024**

WHEREAS, this matter is before the Court on *The Marrero Plaintiffs' Motion To Intervene* (Dkt. No. 9) (the "Motion"). The deadline for responses to the Motion was October 25, 2019. See Notice of Hearing, Dkt. No. 11. The Court received the following objections to the Motion:

- *The Special Claims Committee's Objection to Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 29);

- *The Official Committee of Unsecured Creditors' Opposition To The Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 30); and

- *Defendants Inspectorate America Corporation, Saybolt LP, Vitol, Inc., Vitol S.A., Inc., Carlos R. Mendez & Associates, Trafigura Argentina S.A., Trafigura Beheer, B.V., Trafigura Limited, and Trafigura Trading LLC's Opposition To The Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 31).

WHEREAS, on October 25, 2019, the Marrero Plaintiffs filed *The Marrero Plaintiffs' Combined Reply In Support of Motion to Intervene and Opposition to Motion To Stay Adversary Proceeding* (Dkt. No. 43).

WHEREAS, on December 10, 2019, the Court issued its *Order Granting in Part Motion to Stay Adversary Proceeding and Setting Deadline for Filing of Joint Status Report* (Dkt. No. 61), requiring that the parties meet and confer and provide the Court with a detailed Joint Status Report by May 12, 2020 (the "Fuel Oil Stay Order").

WHEREAS, on May 8, 2020, the parties filed the Joint Status Report requesting an extension until July 15, 2020 to file the status report ordered by the Court on December 10, 2019 and an extension of the stay to July 15, 2020 (Dkt. No. 65).

WHEREAS, on May 12, 2020, the Court granted the parties' request for an extension to file the Joint Status Report until July 15, 2020 (Dkt. No. 66).

WHEREAS, on July 14, 2020, the parties' submitted a joint status report to the Court requesting an extension based on the stated intention of the parties to discuss a limited intervention of the Marrero Plaintiffs into this Adversary Proceeding (Dkt. No. 67).

WHEREAS, on July 17, 2020, the Court granted the parties' request for an extension to August 17, 2020 (Dkt. No. 68).

WHEREAS, the parties agree to the intervention of the Marrero Plaintiffs into this adversary proceeding on a limited basis, as described herein.

Upon the Motion, taking notice of the lack of objection to the entry of this Order, and finding good cause for the requested relief, the Motion is hereby ALLOWED pursuant to the following terms:

1. Leave to intervene is granted as set forth herein.

2. The Marrero Plaintiffs are not required to file a Rule 24(c) pleading in this adversary proceeding.

3. The Marrero Plaintiffs ~~shall~~ are entitled ~~be permitted~~ to appear and be heard in the above captioned adversary proceeding, pursuant to Bankruptcy Code section 1109(b).

4. Producing parties shall make all discovery taken to date available to the Marrero Plaintiffs within seven (7) calendar days of the date of this Order. Further discovery must be made available within seven (7) calendar days of the production of discovery, or the production of the transcript of a deposition, as the case may be, subject to execution of any relevant protective order. Counsel to the Marrero Plaintiffs shall be entitled to attend any deposition(s) subsequently taken in connection with the above-captioned adversary proceeding.

5. The Marrero Plaintiffs shall ~~not~~ have the right to propound discovery requests, ~~nor~~ and ~~shall the Marrero Plaintiffs have~~ the right to examine witnesses during depositions, hearings, ~~or~~ and trial. Counsel for the Special Claims Committee, ~~and~~ the Official Committee of Unsecured Creditors, and the Marrero Plaintiffs shall use reasonable efforts to confer ~~with counsel for the Marrero Plaintiffs~~ in advance of issuing discovery requests or conducting depositions, hearings, or trial, and ~~shall~~ to avoid ~~allow counsel for the Marrero Plaintiffs an opportunity to suggest requests, questions or arguments in advance of~~ duplication of efforts in connection with such requests, and during depositions, hearings, and~~or~~ trial.

6. The Marrero Plaintiffs shall have the right to file briefs stating its positions, and they ~~restricted to those issues already raised by the original parties in this adversary proceeding. The Marrero Plaintiffs~~ may be heard at arguments ~~concerning issues raised in this adversary proceeding if prior~~without need for leave from the Court ~~is granted with respect to that particular argument~~.

7. Notwithstanding anything herein, the Special Claims Committee and the Official Committee of Unsecured Creditors retain the right, in their sole discretion, to settle this adversary proceeding with any or all of the defendants with respect to claims of the estate, and the ~~. The~~ Marrero Plaintiffs' right to object to that settlement~~, if any, shall be governed by the Bankruptcy Rules, and shall not interfere with any parties' right to enter into or consummate any settlement~~ is preserved.

~~7.~~8. Nothing herein shall affect or impair the Marrero Plaintiffs' substantive rights, including but not limited to assert their direct claims against the Defendants, or the rights of the Special Claims Committee and the Official Committee of Unsecured Creditors to assert that the Marrero Plaintiffs' claims are derivative of the estate's claims.

This resolves Dkt. No. 9.

SO ORDERED.

/ s / *DRAFT*

Judith Gail Dein
United States Magistrate Judge

DATED: _____