RECEIVED & FILED
CLERK'S OFFICE

AUG 18 2020

US DISTRICT COURT
SAN JUAN, PR

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

& FILED

2020 AUG -4  AM 7: 31

CLERK'S OFFICE
U.S DISTRICT COURT
SAN JUAN, P.R.

María A. Clemente Rosa
PETICIONARIA

                  V.

        Estado  Libre  Asociado

        De Puerto Rico

29 de JULIO  DE 2020

PROMESA
TITLE III
No. 17 BK 3283- LTS
CLAIM. Num. 139834

(Jointly Administered)
This filing relates to the  Commonwealth,
HTA and ERS.

TO THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH PF PUERTO RICO, et al., Debtors:

**HONORABLE JUEZ: Del Tribunal de Distrito de Estados Unidos Hon. Laura Taylor Swain.**

**UNITED STATES DITRIT COURT FOR THE DISTRICT OF PUERTO RICO/ TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

**REPETUOSAMENTE SOLICITO**

**MOCIÓN PARA QUE SE ME GARANTICE EL PAGO POR LOS DAÑOS CREADOS POR EL DEUDOR: EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, EN SU TOTALIDAD. DE ACUERDO A LAS RECLAMACIONES SOMETIDAS A LA LEY PROMESA III EL 29 DE JUNIO DE 2018,** CLAIM NUM. 139834. CASE NUMBER: 17BK 03283-LTS  - POR EL MONTO DE LA RECLAMACIÓN DE 50,400.00: **CUANDO LLEGUE EL MOMENTO DEL DICTAMEN DECLARADO POR LA HON. JUEZ. Del Tribunal de Distrito de Estados Unidos Hon. Laura Taylor Swain.**

Comparece María A. Clemente Rosa, PETICIONARIA, CLAIM NÚM. 139834. CASE NUMBER: 17BK 03283-LTS  se dirige  muy respetuosamente,  expone, alega y solicita:

HECHOS

### DATOS AFIRMATIVOS

1. Para el año 1985, firme contrato como maestra con el Sistema de Educación Publica de Puerto Rico, en la Categoría de Artes Industriales, actualmente Maestra de Tecnología,  Certificado Núm. 1662 y Núm. de Puesto R 16045. Que me he desempeñado por más de 34 años de maestra.

2. Durante 34 años de servicio público, me he desempeñado como maestra de excelencia y he adquirido una preparación Doctoral, en el área de la educación. He participado en diferentes competencias de tecnología, llevando a los estudiantes a obtener premios.

3. Como parte de mi pensión  he cotizado para el Sistema de Retiro para Maestros.

4. Que durante 34 años de servicio público, se me ha violado los derechos de recibir los beneficios por la Ley 96, la cual establece aumentos no otorgados por capacitación profesional, nivel "Maestro".

5. Violación a la Ley 96, aumento no otorgados por la Ex. Gobernadora Hon. Sila María Calderón.

6. Violación a la Ley 89, pasos no otorgados a los maestros del Sistema Público de Educación.

7. Violación a la Ley 96, Violación de no pagar los derechos adquiridos, por la Ley de Quiebra. Violación a la Constitución de Puerto Rico.

8. Violación a la Ley 164, descuentos indebidos, por el Sistema de Retiro para Maestros y empleados públicos.

9. Violación a la Ley 158, aumento no otorgados por la Ley de Carrera Magisterial, violación a la Ley 158, a la Constitución y engaño bajo Dolo, al maestro.

10. RESPETUOSAMENTE HONORABLE JUEZ, **Laura Taylor Swain,** CONSIDERO QUE MI PETICIÓN DE QUE SE ME OTORGUE EL PAGO DE AUERDO A LA RECLAMACION HECHA EL 29 DE JUNIO DE 2018, ES JUSTAS, ADECUADA Y RAZONABLE.

Acudo a usted, Honorable, **Hon. Laura Taylor Swain. Juez, Del Tribunal de Distrito de Estados Unidos and**  TO THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH PF PUERTO RICO, et al ., **Debtors:** UNITED STATES DISTRICT COURT FOR  THE DISTRICT OF PUERTO RICO porque entiendo que tienen el fundamento principal de la jurisdicción primaria  de mi reclamación.

11. Reconociendo dicho acto  solicito a este honorable foro que imponga un remedio legal  dirigido a indemnizar daños y perjuicios causados por la parte DEUDORA, EL  Estado Libre Asociado De Puerto Rico, Gobierno de Puerto Rico y su Dependencias y  que se me otorgue un resarcimiento de daños y abono de intereses  por la cantidad de $ 50,400.00 según lo estipulado en la reclamación y el pago de costas y honorarios de abogados.

POR TODO LO CUAL, la parte peticionaria muy respetuosamente solicita al **Hon. Laura Taylor Swain.**

**Juez, Del Tribunal de Distrito de Estados Unidos and**  TO THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH PF PUERTO RICO, et al .,  Debtors:  que tome conocimiento de lo anterior, declare con lugar la moción de: (**PARA QUE SE ME GARANTICE EL PAGO POR LOS DAÑOS CREADOS POR L DEUDOR  EL ESTADO LIBRE ASOCIADO DE PUERTO RICO EN SU TOTALIDAD, DE ACUERDO A LAS RECLAMACIONES SOMETIDAS A LA LEY PROMESA III EL 29 DE JUNIO DE 2018,** CLAIM NUM. 139834. CASE NUMBER: 17BK 03283-LTS  - POR EL MONTO DE LA RECLAMAION DE 50,400.00. EN SU TOTALIDAD, CUANDO LLEGUE EL MOMENTO DEL DICTAMEN DECLARADO POR LA HON. JUEZ. **Laura Taylor Swain.**

RECLAMACION: CLAIM NUM.: 139834.

RESPETUOSAMENTE SOLICITADO.

CERTIFICO que en esta misma fecha he enviado por correo CERTIFICADO copia fiel y exacta del presente TO THE HONORABLE BOARD THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH PF PUERTO RICO, et al .,  Debtors:

En Carolina, Puerto Rico hoy 29 de julio de 2020

María A. Clemente Rosa
Condominio Astralis 9546
Calle Díaz Way, Apt 311
Torre # 6 Carolina, P.R. 00979
Tel. (787)385-2906

Date Filed: 6/29/2018
Case Number: 17 BK 03283- LTS
DEBTOR: Commonwealth of Puerto Rico
CLAIM: **NUM.: 139834**

ASSERTED CLAIM AMOUNT: 50,400.00

2020 AUG 18  PM 5: 21

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: Financial Oversight & Management Board for Puerto Rico | 3:17-BK-3283 (LTS) |
| | PROMESA Title III |
| *as representative of* | |
| | (Jointly Administrated) |
| The Commonwealth of Puerto Rico, *et al.* | |
| Debtors | |

## NOTICE OF DEFECTIVE PLEADING
### (Notificación de Documento Defectuoso)

The Clerk of Court has received your pleading on August 4, 2020. However, the deficiencies listed below have prevented us from filing the same in the case docket. You must submit a corrected pleading if you want it to form part of the record.

La Secretaría del Tribunal recibió su escrito el 4 de agosto del 2020. No obstante, las deficiencias que abajo se señalan nos impiden aceptarlo y entrarlo en el sumario del caso. Debe usted someter un escrito debidamente corregido si quiere que el mismo forme parte del expediente.

NOTICE OF DEFECTIVE PLEADING
*(Notificación de Documento Defectuoso)*
3:17-BK-3283 (LTS)

| 1 |  | Pleading is illegible. L.Civ.R. 10<br>*(El escrito radicado es ilegible o no cumple con la R.L.Civ. 10)* |
|---|---|---|
| 2 | X | Lacks proper signature. Documents presented to the court in paper require a handwritten signature. L.Civ.R. 11<br>*(Documento no está firmado adecuadamente. Los documentos sometidos en papel tienen que estar firmados a mano. R.L.Civ. 11)* |
| 3 |  | PROMESA Cover Sheet for Adversary Proceedings (DPR Modified PROMESA B1040) was not included. L.Bkcy.R. 7003-1<br>http://www.prd.uscourts.gov/promesa/forms-attorneys<br>*(No se incluyó la Hoja de Trámite para Casos Adversarios (DPR Modified PROMESA B1040).* |
| 4 |  | Failure to pay the filing fee in the amount of $400.00. See, L.Cv.R. 3.1(a). Payment shall be made within 24 hours in person at the Clerk's Office U.S. District Court with copy of the complaint /notice of removal.<br>*(Incumplimiento con el pago de la cuota de radicación por la cantidad de $400.00. El pago debe hacerse personalmente dentro de 24 horas en la Secretaría del Tribunal Federal de Distrito adjuntando una copia de la demanda / notificación de remoción.)* |
| 5 |  | Other: Please blackout or omit from **ALL** documents any personal information such as: medical information, Social Security number, financial account numbers, date of birth, driver's license or any other personal identifying numbers as per Local Civil Rule 5.2<br>*(Otro:) Favor de eliminar u omitir de **TODOS** sus documentos cualquier información personal como: información, número de Seguro Social, números de cuentas financieras, fecha de nacimiento, licencia de conducir o cualquier otro número de identificación de acuerdo con la Regla Local Civil 5.2.* |

Date: August 5, 2020

MARIA ANTONGIORGI-JORDAN, ESQ.
Clerk of Court

By: s/ Marian B. Ramirez Rivera
Marian B. Ramirez Rivera
Deputy Clerk

sc: to filer with original filing attached

SHR_INOM_SRM

**SISTEMA DE RETIRO PARA MAESTROS**
Sistema de Aportaciones y Beneficios Integrados
**PAGO DE PENSION INGRESO A NOMINA**

30-08-2019
01:53:01 PM
Página:    1

| | | |
|---|---|---|
| SEGURO SOCIAL | --- | |
| NOMBRE | MARIA CLEMENTE ROSA | |
| DIRECCIÓN | COND ASTRALIS TORRE 6 | |
| | 9546 C/A DIAZ WAY APT 311 | |
| | SAN JUAN, PR | 00979 |

NUMERO CASO                          877-
NUMERO SOLICITUD                   969395
FECHA RADICACION           26-08-2019
PENSION AÑOS DE SERVICIO 230
FECHA NACIMIENTO 17-01-1962      EDAD 57.54      SEXO F

INGRESO A NOMINA: 30-09-2019
FECHA EFECTIVIDAD: 01-08-2019

| | PAGO GLOBAL | MENSUAL | ANUAL |
|---|---|---|---|
| SERVICIOS ACREDITADOS:   33    5    2    3.5 | $3,472.11 | $2,314.74 | |
| Años Meses Sem Dias | | $0.00 | |
| COSTO ANUALIDAD:   $97,348.06 | | | |
| SALARIO PROMEDIO:   $3,086.32 | AUMENTO POR LEY: | $2,314.74 | |
| RETROACTIVO:    01-08-2019   AL    15-09-2019 | | | |
| IMPORTE TOTAL (BRUTO) | $3,472.11 | | $27,776.88 |

| CONCEPTO | CLAVE | DESCUENTO | DESCUENTO |
|---|---|---|---|
| PENSION PAGADA | | $0.00 | $0.00 |
| PRÉSTAMOS: PERSONAL (PP ) | 47-000 | $0.00 | $0.00 |
| CULTURAL (PC ) | 45-000 | $0.00 | $0.00 |
| HIPOTECARIO (PH ) | 36-000 | $0.00 | $0.00 |
| FINANZAS | 67-059 | $0.00 | $0.00 |
| INSUFICIENCIA EN APORTACION | | $0.00 | $0.00 |
| APORT. IND. 9% Cese:_____ | 26-001 | $0.00 | $0.00 |
| OTROS | | $0.00 | $0.00 |
| TOTAL DESCUENTO | | $0.00 | $0.00 |
| NETO | | $3,472.11 | $2,314.74 |

BONOS    NAVIDAD (BNP): $0.00          VERANO (PBV): $0.00          MEDICAMENTO (PBM): $0.00

| | FECHA: |
|---|---|
| COMPUTADO POR: | 8/30/19 |
| INTERVENIDO POR: | FECHA: |
| SUPERVISOR (PENSIONES) | FECHA: 3/sept/19 |
| DIRECTOR : | FECHA: |
| INGRESADO A NOMINA POR:   Mes: □ 1ra ☑ 2da | FECHA: |
| PAGO GLOBAL POR:   Mes: □ 1ra ☑ 2da   □ Off Cycle ☑ Pay Line | FECHA: 11/4/19 |
| SUPERVISOR (NOMINA): | FECHA: 26-9-19 |

SEP 0 3 2019

## GOBIERNO DE PUERTO RICO
### Sistema de Retiro para Maestros

# CERTIFICACIÓN

Certifico la siguiente información referente a la pensión de la **Prof. María A. Clemente Rosa**, con número de seguro social que termina en 7909.

| | |
|---|---|
| Fecha de Efectividad de la Pensión | 1 de agosto de 2019 |
| Tiempo Cotizado para la Pensión | 33 años, 5 mes, 2 mes., 3.5 días |
| Pensión mensual Inicial | $2,314.74 |
| Pensión Mensual Actual | $2,314.74 |

Esta certificación se expide hoy, 3 **de febrero de 2020** en **San Juan**, **Puerto Rico**.

**Edgardo J. Negrón Ramírez**
Supervisor
Área de Servicios de Retiro

235 Avenida Arterial Hostos · Edificio Capital Center · Torre Norte, Hato Rey · Puerto Rico
00918 P.O. Box 191879 · San Juan PR 00919-1879



**SRM**
Sistema de Retiro para Maestros
Gobierno de Puerto Rico
*Protegemos la Aportación al Futuro*

☏ 787.777.1414      🖷 787.764.6910      www.srm.pr.gov



**MARIA A. CLEMENTE ROSA**
**92-15-00613-6**

**ACC-8/7/91**

**SS        J909**

Estado Libre Asociado
de Puerto Rico
CORPORACION DEL FONDO DEL
SEGURO DEL ESTADO

DECISION DEL
ADMINISTRADOR
SOBRE
TRATAMIENTO
MEDICO

PARA USO DE LOS OFICIALES DE COMPENSAC

**PARA SER CUMPLIMENTADO POR EL MEDICO O ENCARGADO DE DISPENSARIO O CLINICA**

L
E
S
I
O
N
A
D
O
/
P
A
T
R
O
N
O

▶ **MARIA A. CLEMENTE ROSA**
**PO BOX 7103**
**SAN JUAN, P.R. 00916**

▶ **DEPTO DE EDUCACION**
**PO BOX 190-759**
**SAN JUAN, P.R. 00919**

| CLAVE DISP. | FECHA DE ACC. AÑO MES DIA | ☐ FONDO DE ANTICIPO | ☐ SUBROGACION | ☐ OT |

SEGUN ANATOMICA AFECTADA O CONDICION TRATADA POR LA CUAL ES DADO M
(VEASE INSTRUCCIONES AL DORSO)

1RA.   **TAR FUMES EXPOSSURE**      **507-**   CODIGO DE DIA
       **RINOINGINITIS  ,REL. 477**
2DA.   **PHARINGITIS, REL. 462**

POR LA PRESENTE, Y DE ACUERDO CON LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO (LEY NUM. 45 DEL 18 DE ABRIL DE 1935) SEGUN H, SUBSIGUIENTEMENTE ENMENDADA, SE DETERMINA SOBRE EL ASPECTO MEDICO DE ESTE CASO LA SIGUIENTE DECISION:

☐ 1. EL LESIONADO FUE EXAMINADO POR PRIMERA VEZ:                                    DE                          DE 19
    ☐ a. CONTINUARA RECIBIENDO TRATAMIENTO MEDICO EN   ☐ DESCANSO  ☐ C.T. (MIENTRAS TRABAJA)
    ☐ b. SE DETERMINA DARLO DE ALTA DEFINITIVA EFECTIVA EL           DE                          DE 19
    ☐ c. VEASE ALTERNATIVA NUMERO

☒ 2. HABIENDO EL LESIONADO RECIBIDO EL MAXIMO BENEFICIO DE TRATAMIENTO, SE DETERMINA DARLO DE ALTA DEFINITIVA EL DIA
    DE        DE 19.   ☐ CURADO  ☐ SIN INCAPACIDAD  ☐ CON INCAPACIDAD
    (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente).

☐ 3. EL LESIONADO FUE EXAMINADO EN EL DIA DE HOY, A PARTIR DEL          DE                          DE 19        SE
    AUTORIZA CAMBIO PARA CONTINUAR RECIBIENDO TRATAMIENTO MEDICO EN  ☐ DESCANSO  ☐ C.T. (MIENTRAS TRABAJA).

☒ 4. LUEGO DE EVALUADO EL CASO SE DETERMINA DARLO DE ALTA DE TRATAMIENTO MEDICO EFECTIVO EN
    DE          DE 19          LA DECISION FINAL DEL ADMINISTRADOR SOBRE NO RELACION LE SERA NOTIFI
    OPORTUNAMENTE EL LESIONADO PODRA CONTINUAR TRATAMIENTO MEDICO EN FACILIDADES FUERA DEL FONDO DEL SEGURO DEL EST

☐ 5. EL LESIONADO HABIA SIDO DADO DE ALTA EL          DE                          DE 19          LUEGO DE
    REEVALUACION MEDICA PRACTICADA SE DETERMINA:
    ☐ a. DARLO DE ALTA DEFINITIVA: EL DIA          DE          DE 19          ☐ CON INCAPACIDAD
    (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente)
    ☐ b. CONFIRMAR LA DECISION DADA: EL          DE          DE 19

☒ 6. EL CASO FUE DEVUELTO POR LA HON. COMISION INDUSTRIAL A LA JURISDICCION DEL FONDO DEL SEGURO DEL ESTADO, LUE
    DE EXAMINADO EL MISMO SE DETERMINA EL SIGUIENTE STATUS:
    ☐ a. ☐ DESCANSO      ☒☒ C.T. (MIENTRAS TRABAJA) A PARTIR DEL          DE          DE 19
    ☐ EVALUACION   ☐ EN TRATAMIENTO   ☐ MIENTRAS SE EFECTUA EVALUACION          ☐ EN TRATAMIENTO
    ☐ b. DARLO DE ALTA DEFINITIVA: EL DIA          DE          DE 19  ☐ SIN INCAPACIDAD  ☐ CON INCAPACI
    (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente)
    ☐ c. CONFIRMAR LA DECISION DADA: EL          DE          DE 19

☐ 7. LUEGO DE LA EVALUACION MEDICA PRACTICADA SE DETERMINA QUE NO HAY EVIDENCIA DE LESION O ENFERMEDAD OCUPACION
    POR LO CUAL SE DA DE ALTA A PARTIR DEL          DE          DE 19          LA DECISION FINAL D
    ADMINISTRADOR SOBRE NO COMPENSABILIDAD LE SERA NOTIFICADA OPORTUNAMENTE.

☒ 8. HABIENDO EL LESIONADO RECIBIDO EL MAXIMO BENEFICIO DE TRATAMIENTO SE DA DE ALTA SIN INCAPACIDAD A
    PARTIR DEL          DE          DE 19          LA DECISION FINAL D
    ADMINISTRADOR SOBRE NO COMPENSABILIDAD LE SERA NOTIFICADA OPORTUNAMENTE

☐ 9. ES UN OBRERO MIGRANTE BAJO CONTRATO DE EMPLEO APROBADO POR EL SECRETARIO DEL TRABAJO DE PUERTO RICO, ACOGI
    A LOS BENEFICIOS DE LA LEY NUM. 77 DEL 23 DE JUNIO DE 1958 Y DEL ARTICULO 1 DE LA LEY 54 DEL 13 DE JULIO DE 19
    HA SIDO DADO DE ALTA DE TRATAMIENTO MEDICO EL          DE          DE 19          (NOTIFIQUESE CON COP
    DE ESTA DECISION AL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS).
    OBSERVACIONES:

**OSCAR L. RAMOS MELENDEZ**
Administrador

CERTIFICO: Que en el día de hoy he entregado y notificado con copia de esta Decisión al Lesionado, en **CAROLINA**          , Puerto Ric

**SRA. MARTA RAMOS DE MORALES-OSM841**
Nombre y Cargo Oficial

CERTIFICO: QUE HE ENVIADO COPIA DE ESTA DECISION AL
    ABOGADO LIC. **PEDRO M. ORTIZ UBIÑAS**
    DIRECCION EN: **PO BOX 940**
    **GUAYNABO, P.R. 00970**

**DR. WALTER F. RAMOS-JEF INT. CONTROL MEDICO**
Firma del Médico o Funcionario Autorizado

Firma del Lesionado
**3/3/97**
Fecha

NOTIFICACION
☐ LESIONADO   ☐ PATRONO A LA DIRECCION ARRIBA INDICADA Y A SU

Fecha de Notificación

**LIC. LUIS OCASIO RIVERA**
Secretario
**EMILIO DIAZ AYALA**
Secretario Auxiliar

ADVERTENCIA: EL PATRONO DEBERA ACTUAR A TENOR CON LO INDICADO EN ESTE FORMULARIO UNA VEZ LO RECIBA O EL LESIONADO LE PRESENTE COPIA DE ESTA DECISIO
PATRONO: EL OBRERO O EMPLEADO PODRA REQUERIR DE SU PATRONO LA REINSTALACION EN SU TRABAJO A TENOR CON LO PROVISTO EN EL ARTICULO 5A DE LA LI
DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO.

LESIONADO: LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO EN EL ARTICULO 10, DISPONE QUE TODA DECISION DEL ADMINISTRADOR PODRA APELARSE ANTE I
COMISION INDUSTRIAL DENTRO DE LOS TREINTA (30) DIAS DESPUES DE NOTIFICADA, LOS

9?-15-00613-b

ARIA CLEMENTE ROSA

07 CAROLINA

08 JUL 91    17 ENE 62    F

Estado Libre Asociado
de Puerto Rico
**CORPORACION DEL FONDO DEL
SEGURO DEL ESTADO**

| | TELEPROCESADO POR (FIRMA) | | FECHA |
|---|---|---|---|
| | | | DIA | MES |
| CODIFICADO (FIRMA OCS) | | | FECHA |
| | | | DIA | MES |

**DECISION DEL
ADMINISTRADOR
SOBRE
TRATAMIENTO
MEDICO**

**PARA USO DE LOS OFICIALES DE COMPENSACIONES**

| BATCH | | CASO NUMERO | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | AÑO | DISP. | NUMERO | | C/O | CLAVE TRANS. | TAR NU |
| | | | | | 12 | 14 | 16 | |

| CLAVE DE COMP. | | | ALTA TRABAJAR | | | ALTA DEFINITIVA | | |
|---|---|---|---|---|---|---|---|---|
| COMP. | DISP. | PROT. | AÑO | MES | DIA | AÑO | MES | DI |
| 72 | | 22 | 27 | | | | 39 | |

**PARA SER CUMPLIMENTADO POR EL MEDICO O ENCARGADO DE DISPENSARIO O CLINICA**

L E S I O N A D O

► MARIA CLEMENTE ROSA
PO BOX 7103
SAN JUAN, PR 00916

P A T R O N O

► DEPTO= DE EDUCACION
PO BOX 190-0759
SAN JUAN   PR 00919

| CLAVE DISP. | FECHA DE ACC. | | | FONDO DE ANTICIPO | SUBROGACION | OBRERO MIGRANTE |
|---|---|---|---|---|---|---|
| | AÑO | MES | DIA | | | |

REGION ANATOMICA AFECTADA O CONDICION TRATADA POR LA CUAL SE DARIO EL ALTA (VEANSE INSTRUCCIONES AL DORSO)

EXPOSICION ABREA
RINOSINOSITIS

| CODIGO DIAGNOSTICO |
|---|
| |

POR LA PRESENTE, Y DE ACUERDO CON LA LEY DEL SISTEMA DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO (LEY NUM. 45 DEL 18 DE ABRIL DE 1935 SEGUN HA SIDO SUBSIGUIENTEMENTE ENMENDADA, SE DETERMINA SOBRE EL ASPECTO MEDICO DE ESTE CASO LA SIGUIENTE DECISION

☐ 1.   EL LESIONADO FUE EXAMINADO POR PRIMERA VEZ:                                      DE                            DE
   ☐ a.   CONTINUARA RECIBIENDO TRATAMIENTO MEDICO EN          ☐ DESCANSO      ☐ C.T. (MIENTRAS TRABAJA)
   ☐ b.   SE DETERMINA DARLO DE ALTA DEFINITIVA EFECTIVA EL              DE                            DE
   ☐ c.   VEASE ALTERNATIVA NUMERO

☐ 2.   HABIENDO EL LESIONADO RECIBIDO EL MAXIMO BENEFICIO DE TRATAMIENTO, SE DETERMINA DARLO DE ALTA DEFINITIVA EL DIA
   DE                     DE            CURADO.   ☐ SIN INCAPACIDAD      ☐ CON INCAPACIDAD.
   (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente).

☐ 3.   EL LESIONADO FUE EXAMINADO EN EL DIA DE HOY, A PARTIR DEL                       DE                            DE   SE
   AUTORIZA CAMBIO PARA CONTINUAR RECIBIENDO TRATAMIENTO MEDICO EN      ☐ DESCANSO   ☐ C.T. (MIENTRAS TRABAJA).

☐ 4.   LUEGO DE EVALUADO EL CASO SE DETERMINA DARLO DE ALTA DE TRATAMIENTO MEDICO EFECTIVO EN
   DE                          DE                          LA DECISION FINAL DEL ADMINISTRADOR SOBRE NO RELACION LE SERA NOTIFICADA
   OPORTUNAMENTE. EL LESIONADO PODRA CONTINUAR TRATAMIENTO MEDICO EN FACILIDADES FUERA DEL FONDO DEL SEGURO DEL ESTADO.

☐ 5.   EL LESIONADO HABIA SIDO DADO DEL ALTA EL                                              DE                            DE            LUEGO DE LA
   REFVALUACION MEDICA PRACTICADA SE DETERMINA:
   ☐ a.   DARLO DE ALTA DEFINITIVA EL DIA                  DE                     DE          ☐ CON INCAPACIDAD
          (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente)
   ☐ b.   CONFIRMAR LA DECISION DADA: EL                  DE                     DE

**XXX** ☑ 6.   EL CASO FUE DEVUELTO POR LA HON. COMISION INDUSTRIAL A LA JURISDICCION DEL FONDO DEL SEGURO DEL ESTADO. LUEGO
   DE EXAMINADO EL MISMO SE DETERMINA EL SIGUIENTE STATUS:
   ☐ a.   ☐ DESCANSO                        ☐ C.T. (MIENTRAS TRABAJA) A PARTIR DEL                  DE                     DE
          ☐ EVALUACION      ☐ EN TRATAMIENTO      ☐ MIENTRAS SE EFECTUA EVALUACION      ☐ EN TRATAMIENTO
   ☐ b.   DARLO DE ALTA DEFINITIVA: EL DIA  **15**  DE  **FEBRERO**  DE **2001** **XXX** ☐ SIN INCAPACIDAD   ☐ CON INCAPACIDAD
          (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente)
   ☐ c.   CONFIRMAR LA DECISION DADA: EL                  DE                     DE

☐ 7.   LUEGO DE LA EVALUACION MEDICA PRACTICADA SE DETERMINA QUE NO HAY EVIDENCIA DE LESION O ENFERMEDAD OCUPACIONAL,
   POR LO CUAL SE DA DE ALTA A PARTIR DEL                       DE                          LA DECISION FINAL DEL
   ADMINISTRADOR SOBRE NO COMPENSABILIDAD LE SERA NOTIFICADA OPORTUNAMENTE.

☐ 8.   HABIENDO EL LESIONADO RECIBIDO EL MAXIMO BENEFICIO DE TRATAMIENTO SE DA DE ALTA SIN INCAPACIDAD A
   PARTIR DEL                       DE                          DE                          LA DECISION FINAL DEL
   ADMINISTRADOR SOBRE NO COMPENSABILIDAD LE SERA NOTIFICADA OPORTUNAMENTE.

☐ 9.   ES UN OBRERO MIGRANTE BAJO CONTRATO DE EMPLEO APROBADO POR EL SECRETARIO DEL TRABAJO DE PUERTO RICO, ACOGIDO A LOS
   BENEFICIOS DE LA LEY NUM. 77 DEL 23 DE JUNIO DE 1958 Y DEL ARTICULO 1 DE LA LEY 64 DEL 13 DE JULIO DE 1978.
   HA SIDO DADO DE ALTA DE TRATAMIENTO MEDICO EL                  DE                     DE            (NOTIFIQUESE CON COPIA
   DE ESTA DECISION AL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS).
   OBSERVACIONES:

LCDO= NICOLAS LOPEZ PEÑA, ADM=                     DR= RAFAEL A ROSA, M=I=

_____
Administrador

CERTIFICO: Que en el día de hoy he entregado y notificado con copia de esta Decisión al Lesionado, en _____, Puerto Rico

Firma del Médico o Encargado Autorizado

**CARMEN IRIS   ORTIZ**
S=M=L=
Nombre y Cargo Oficial

NOTIFICACION

☐ LESIONADO      ☐ PATRONO A LA DIRECCION ARRIBA INDICADA Y A SU

Firma del Lesionado

**15 FEBRERO 2001**
Fecha

CERTIFICO: QUE HE ENVIADO COPIA DE ESTA DECISION AL

   ABOGADO LIC.
   DIRECCION EN:

Fecha de Notificación

Secretario

Secretario Auxiliar

ADVERTENCIA:   EL PATRONO DEBERA ACTUAR A TENOR CON LO INDICADO EN ESTE FORMULARIO UNA VEZ LO RECIBA O, EL LESIONADO LE PRESENTE COPIA DE ESTA DECISION. EL
OBRERO O EMPLEADO PODRIA REQUERIR DE SU PATRONO LA REINSTALACION EN SU TRABAJO A TENOR CON LO PROVISTO EN EL ARTICULO 5A DE LA LEY DEL
SISTEMA DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO

LA LEY DEL SISTEMA DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO EN EL ARTICULO 10, DISPONE QUE TODA DECISION DEL ADMINISTRADOR PODRA APELARSE
ANTE LA COMISION INDUSTRIAL DENTRO DE LOS TREINTA (30) DIAS DESPUES DE NOTIFICADA. LOS HONORARIOS QUE FIJE LA HON. COMISION INDUSTRIAL SERAN

**Estado Libre Asociado de Puerto Rico**
**CORPORACION DEL FONDO DEL SEGURO DEL ESTADO**

92-15-00613-6

ACC-8/7/91

| TELEPROGRESADO POR (FIRMA) | FECHA | | | |
|---|---|---|---|---|
| CODIFICADO (FIRMA OCS) | FECHA | | | |

**DECISION DEL ADMINISTRADOR SOBRE TRATAMIENTO MEDICO**

**PARA USO DE LOS OFICIALES DE COMPENSACIONES**

| BATCH | CABO NUMERO | | CLAVE | TAR |
|---|---|---|---|---|
| | AÑO | DISP. | NUMERO | POR TRANS. NUM |

| CLAVE DE COMP | ALTA TRABAJAR | ALTA DEFINITIVA |
|---|---|---|
| COMP. DISP. EXT. | AÑO MES DIA | AÑO MES DIA |

**PARA SER CUMPLIMENTADO POR EL MEDICO O ENCARGADO DE DISPENSARIO O CLINICA**

LESIONADO

MARIA CLEMENTE ROSA
PO BOX 7188 BO. OBRERO STATION
SAN JUAN PR 00916

PATRONO

DEPTO DE EDUCACION
PO BOX 190-0759
SAN JUAN PR 00919

| CLAVE DISP. | FECHA DE AGC. AÑO MES DIA | FONDO DE ANTICIPO | SUBROGACION | OBRERO MIGRANTE |
|---|---|---|---|---|

REGION ANATOMICA AFECTADA O CONDICION TRATADA POR LA CUAL ES DADO DE ALTA (VEASE INSTRUCCIONES AL DORSO)

1RA. TAR FUMES EXPOSURE 75.024
RINOSINUSITIS ,REL. 90.057

COD-GO DE DIAGNOSTICO

POR LA PRESENTE, Y DE ACUERDO CON LA LEY DEL SISTEMA DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO (LEY NUM. 45 DEL 18 DE ABRIL DE 1935 SEGUN HA SIDO SUBSIGUIENTEMENTE ENMENDADA, SE DETERMINA SOBRE EL ASPECTO MEDICO DE ESTE CASO LA SIGUIENTE DECISION

1. EL LESIONADO FUE EXAMINADO POR PRIMERA VEZ: _____ DE _____ DE _____
   - a. CONTINUARA RECIBIENDO TRATAMIENTO MEDICO EN _____ DESCANSO _____ C.T. (MIENTRAS TRABAJA)
   - b. SE DETERMINA DARLO DE ALTA DEFINITIVA EFECTIVA EL _____ DE _____ DE _____
   - c. VEASE ALTERNATIVA NUMERO

2. HABIENDO EL LESIONADO RECIBIDO EL MAXIMO BENEFICIO DE TRATAMIENTO, SE DETERMINA DARLO DE ALTA DEFINITIVA EL DIA _____ DE _____ DE _____ CURADO _____ SIN INCAPACIDAD _____ CON INCAPACIDAD
   (La Decisión del Administrador con el grado de incapacidad para este caso le será notificado oportunamente).

3. EL LESIONADO FUE EXAMINADO EN EL DIA DE HOY, A PARTIR DEL _____ DE _____ DE _____ SE AUTORIZA CAMBIO PARA CONTINUAR RECIBIENDO TRATAMIENTO MEDICO EN _____ DESCANSO _____ C.T. (MIENTRAS TRABAJA).

4. LUEGO DE EVALUADO EL CASO SE DETERMINA DARLO DE ALTA DE TRATAMIENTO MEDICO EFECTIVO EN _____ DE _____ DE _____ LA DECISION FINAL DEL ADMINISTRADOR SOBRE NO RELACION LE SERA NOTIFICADA OPORTUNAMENTE. EL LESIONADO PODRA CONTINUAR TRATAMIENTO MEDICO EN FACILIDADES FUERA DEL FONDO DEL SEGURO DEL ESTADO.

5. EL LESIONADO HABIA SIDO DADO DEL ALTA EL _____ DE _____ DE _____ LUEGO DE LA REEVALUACION MEDICA PRACTICADA SE DETERMINA:
   - a. DARLO DE ALTA DEFINITIVA: EL DIA _____ DE _____ _____ CON INCAPACIDAD
     (La Decisión del Administrador con el grado de incapacidad para este caso le será notificado oportunamente)
   - b. CONFIRMAR LA DECISION DADA: EL _____ DE _____

**XX** 6. EL CASO FUE DEVUELTO POR LA HON. COMISION INDUSTRIAL A LA JURISDICCION DEL FONDO DEL SEGURO DEL ESTADO. LUEGO DE EXAMINADO EL MISMO SE DETERMINA EL SIGUIENTE STATUS:
   - a. DESCANSO **XX** C.T. (MIENTRAS TRABAJA) A PARTIR DEL 19 DE SEPT. DE 00
     EVALUACION _____ EN TRATAMIENTO _____ MIENTRAS SE EFECTUA EVALUACION _____ EN TRATAMIENTO
   - b. DARLO DE ALTA DEFINITIVA: EL DIA _____ DE _____ DE _____ SIN INCAPACIDAD _____ CON INCAPACIDAD
     (La Decisión del Administrador con el grado de incapacidad para este caso le será notificado oportunamente)
   - c. CONFIRMAR LA DECISION DADA: EL _____

7. LUEGO DE LA EVALUACION MEDICA PRACTICADA SE DETERMINA QUE NO HAY EVIDENCIA DE LESION O ENFERMEDAD OCUPACIONAL, POR LO CUAL SE DA DE ALTA A PARTIR DEL _____ DE _____ DE _____ LA DECISION FINAL DEL ADMINISTRADOR SOBRE NO COMPENSABILIDAD LE SERA NOTIFICADA OPORTUNAMENTE.

8. HABIENDO EL LESIONADO RECIBIDO EL MAXIMO BENEFICIO DE TRATAMIENTO SE DA DE ALTA SIN INCAPACIDAD A PARTIR DEL _____ DE _____ DE _____ LA DECISION FINAL DEL ADMINISTRADOR SOBRE NO COMPENSABILIDAD LE SERA NOTIFICADA OPORTUNAMENTE.

9. ES UN OBRERO MIGRANTE BAJO CONTRATO DE EMPLEO APROBADO POR EL SECRETARIO DEL TRABAJO DE PUERTO RICO, ACOGIDO A LOS BENEFICIOS DE LA LEY NUM. 77 DEL 23 DE JUNIO DE 1958 Y DEL ARTICULO 1 DE LA LEY 54 DEL 13 DE JULIO DE 1978 HA SIDO DADO DE ALTA DE TRATAMIENTO MEDICO EL _____ DE _____ DE _____ (NOTIFIQUESE CON COPIA DE ESTA DECISION AL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS).

OBSERVACIONES:

SR. JUAN A. MARTINEZ CINTRON
Administrador

DR. EDGARDO LLORENS CONTROL MEDICO
Firma del Médico o Funcionario Autorizado

CERTIFICO: Que en el día de hoy he entregado un certificado con copia de esta Decisión al Lesionado, en CAROLINA _____ , Puerto Rico

_____ Puerto Rico
Firma del Lesionado

SRA. MARTA RAMOS GONZALEZ-SEC. MED. /LEGAL.
Nombre y Cargo Oficial

19/9/00
Fecha

**NOTIFICACION**

CERTIFICO: QUE HE ENVIADO COPIA DE ESTA DECISION AL _____ LESIONADO _____ PATRONO A LA DIRECCION ARRIBA INDICADA Y A SU

ABOGADO LIC. PEDRO M. ORTIZ UBIÑAS
DIRECCION EN: PO BOX 940
GUAYNABO PR 00970

Fecha de Notificación:

ANA SANCHEZ ORTEGA
MARIA JUDITH MORALES
Secretaria Auxiliar

ADVERTENCIA: EL PATRONO DEBERA ACTUAR A TENOR CON LO INDICADO EN ESTE FORMULARIO UNA VEZ LO RECIBA O EL LESIONADO LE PRESENTE COPIA DE ESTA DECISION. EL PATRONO: OBRERO O EMPLEADO PODRA REQUERIR DE SU PATRONO LA REINSTALACION EN SU TRABAJO A TENOR CON LO PROVISTO EN EL ARTICULO 5A DE LA LEY DEL SISTEMA DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO.

ESTADO LIBRE ASOCIADO DE PUERTO RICO

**OFICINA DEL PROCURADOR DE LAS PERSONAS CON IMPEDIMENTOS**
Edificio Caribbean Office Plaza • Ave. Ponce de León 670 • Miramar, Puerto Rico

"LOGRANDO UN PUERTO RICO SIN BARRERAS"

**OFICINA CENTRAL**

8 de octubre de 2003

CARMEN I. ESTEVA
DIRECTORA
ESC INTERMEDIA SABANA LLANA
CALLE JUAN PEÑA REYES ESQ AVE DE DIEGO
RÍO PIEDRAS PR 00924

**MARÍA CLEMENETE ROSA**
**PAIR SJ-2002-08-0502**

Estimada señora Esteva:

La Oficina del Procurador de las Personas con Impedimentos (OPPI), administra el Programa de Protección y Defensa de los Derechos de las Personas con Impedimentos (PAIR). En nuestra oficina estamos trabajando el caso número **SJ-2002-08-0502**, radicado por María Clemente Rosa. El mismo expresa que solicitó un acomodo razonable al Departamento de Educación que consiste en quipo de asistencia y el mismo no ha sido concedido.

En consecuencia, le estamos citando a una Reunión de Mediación a efectuarse el día 23 de octubre de 2003, a las 9:30 AM en nuestra Oficina Central, localizada en el Edificio Caribbean Office Plaza, en la avenida Ponce de León, 670, en Miramar.

Debo recordarle que su asistencia a la reunión es compulsoria, ya que, la Sección 532h(e) de la Ley número 2 de 27 de septiembre de 1985, según enmendada, indica que "ninguna persona natural o jurídica podrá negarse a cumplir con una citación expedida por el Procurador o representante autorizado, no podrá negarse a reproducir la evidencia que le hubiere sido requerida, ni podrá rehusarse a contestar cualquier pregunta en relación con algún asunto bajo la investigación del Procurador" por lo que esperamos su asistencia a la misma.

Deberá traer la evidencia o documentación relacionada al asunto antes referido. Cualquier duda o pregunta puede comunicarse con nuestra oficina al teléfono número 787-725-3333, al número libre de cargos 1-800-981-4125, extensiones: 2106 y 2112, al correo electrónico brivera1@oppi.gobierno.pr.

Cordialmente,

Braulio Rivera Ruiz
Intercesor I PAIR

Madelisa Monroig López
Coordinadora PAIR

Apartado 41309 • San Juan, Puerto Rico 00940-1309
Tels. (787) 725-2333 cuadro • TDD (787) 725-4014 • 1 (800) 981-4125 (libre de costo) • Fax (787) 721-2455
www.oppi.gobierno.pr

DEPARTAMENTO DE EDUCACION
PROGRAMA DESARROLLO INTEGRAL
SECRETARIA AUXILIAR RECURSOS HUMANOS
TEL. 759-9688

REV. 2 '98

ACOMODO RAZONABLE LEY ADA    FECHA **24/05/2001**
(SUPERVISOR)    LUGAR **San Juan III**

REFERIDO POR: _____

Nombre del Empleado: **María A. Clemente Rosa**

Puesto que ocupa: **Maestra de Artes Industriales**

Funciones esenciales del puesto que ocupa el empleado: **Docente**

_____

_____

Identifique el tipo de impedimento y diagnóstico alegado por el solicitante: **Sinositis y**

**Faringitis Crónica**

_____

¿Cuál fue la evidencia médica presentada? (Incluya las mismas con este informe)

**Carta de médico del CFSE certificando condición.**

**Copia de los formularios CFSE-395**

Tipo de limitación funcional observada: Marque la categoría que corresponda:

| | | |
|---|---|---|
| **X** Dificultad para hablar | | ___ Escritura |
| **X** Pérdida parcial de voz | | ___ Lectura |
| ___ Pérdida total de voz | | ___ Pérdida de memoria |
| ___ Pérdida parcial de la visión | | ___ Aprendizaje |
| ___ Pérdida total de la visión | | ___ Ambulación |
| ___ Audición | | ___ Otros (cual (es) ) |

Comentarios Adicionales (Alternativas de Acomodo) **Suplir de los equipos necesarios**

**y mejorar las condiciones del salón** _____

_____

Firma del Supervisor _____

Nombre en letra de molde **Carmen Iris Esteva**



# Roberto Martinez Quintana, M.D.

Torre Auxilio Mutuo Oficina 101  Hato Rey, PR 00918
Tel.: 764-3843

PATIENT:   CLEMENTE ROSA, MARIA A  10658   0                    AGE: 44              07/21/2006   p. 1
ADDRESS:   COND. ASTRALIS 9546 CALLE DIAZ WAY
           APT 311 N TORRE 6
           CAROLINA,  PR   00979

## ADDITIONAL NOTES

07/21/2006

**To whom it may concern :**

Above named person has had episodes of shortness of breath and chest tightness since June 2006. She was initially evaluated by us on 07/07/06 with worsening of her respiratory symptoms on medications. She was started on antiinflamatory/ allergic respiratory treatment to which she is having an excellent response. On her evaluation it was evidenced that she was exposed to a noxious enviroment on her home by a humid enviroment which brought mold to her home. This respiratory exposure can be ascribed as an etiologic factor which caused her respiratory condition. She is expected to continue on treatment for at least three months to follow her progress.

**END OF ADDITIONAL NOTES**

_____
Roberto Martinez Quintana, M.D.

Copyright 1999 Medici Corporation

# Roberto Martinez Quintana, M.D.

Torre Médica Auxilio Mutuo Suite 501  Hato Rey, PR 00917
Tel. (787) 756-8480  Fax (787) 764-3843  NPI: 1023007523

| | | | |
|---|---|---|---|
| PATIENT: | CLEMENTE ROSA, MARIA A   10658    0 | AGE: 45 | 07/19/2007   p. 1 |
| ADDRESS: | COND. ASTRALIS 9546 CALLE DIAZ WAY | | |
| | APT 311 N TORRE 6 | | |
| | CAROLINA, PR    00979 | | |

## ADDITIONAL NOTES

**07/19/2007**

Above named person has Asthma condition which will benefit from avoiding exposure to dust, solvents, fumes, paint , spores, detergents, and humid enviroment.

**END OF ADDITIONAL NOTES**

_____

**Roberto Martinez Quintana, M.D.**

Copyright 1999 Medic: Corporation



MARIA CLEMENTE ROSA
F/N: 67283
D/B: 01/17/62
EXAM/DATE: 05/26/07
DR JOSE LOZADA COSTAS

**MRI OF THE BRAIN/GAD**

**INDICATIONS:**
MR examination of the brain was performed on this 45-year-old female patient. Elevated prolactin levels.  Possible adenoma of the pituitary gland.

**TECHNIQUE:**
Sagittal T1, coronal T1, axial FLAIR, axial T2, and coronal thin T1 weighted images through the sella, axial T1 post, coronal thin T1 weighted images through the sella post and sagittal thin T1 weighted images through the sella post.

**FINDINGS:**
Comparison: None.
The brain architecture is normal. There is no mass effect, midline shift or evidence of intracranial fluid collections. The ventricles are of normal size and configuration. No areas of abnormal signal are identified in the brain. After infusion of IV contrast, no areas of abnormal enhancement are identified in the brain. There is a well-defined area of differential enhancement noted in the right anterior lobe or the pituitary measuring approximately 2 mm in size, most likely representing a microadenoma. The suprasellar cistern and infundibulum, optic chiasm and cavernous sinuses are normal. The paranasal sinuses and mastoid air cells are clear. It is noted that the evaluation of the lower of the paranasal sinuses is somewhat degraded by a metallic artifact in the region of the nose. The bone marrow signal is normal. The vascular flow voids are patent and unremarkable.

**IMPRESSION:**
**THERE IS EVIDENCE OF A SMALL MICROADENOMA ON THE LEFT ANTERIOR LOBE OF THE PITUITARY GLAND AS DESCRIBED. NO OTHER SIGNIFICANT INTRACRANIAL ABNORMALITY IS IDENTIFIED. EVALUATION OF THE PARANASAL SINUSES IS SUBOPTIMAL SECONDARY TO THE PRESENCE OF METALLIC ARTIFACT IN THE REGION OF THE NOSE. HOWEVER, THEY APPEAR TO BE CLEAR.**

Horacio Colón Esteva, M. D.
Neuroradiologist

**SAN JUAN MRI & CT**

1448 AVE. FERNANDEZ JUNCOS, SANTURCE  PUERTO RICO 00909 TEL. (787) 721-7776  (787) 721-7884 FAX. (787) 721-7774
www.sanjuanmri.com

5076

DRA. ROSELYNN L. MARTINEZ  OLIVIERI

CIPR CORRED MAY 13 19 PM 02 03

MEDICINA INTERNA

NAME: MARIA CLEMENTE ROSA

EVALUATION DATE: 3-29-19

CI NUM: 17-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-01

CFSE NUM: 15-15-30917-0

PRESENT ILLNESS

FEMALE PTE REFERRED REPORTED ACCIDENT AT CFSE DUE EXPOSURE TO "DIRTY ENVIROMENT' AT WORK.

(+) CURRENT CHEST TIGHTNESS, SENSITIVITY TO ODORS, DUST EXPOSURE , (+) NASAL CONGESTION, (+) POST NASAL DRIP AND VOICE CHANGES .

PTE USING BRONCHODILATOR > 2 TIMES/ WEEK.

NO RECENT ER SERVICE EVALUATION OR HOSPITAL ADMISSION.

STUDIES

CXR- 2-24-15- NO FOCAL CONSOLIDATIONS

PFT- 2-27-2015- FEV1- 85%

PFT- DONE TODAY –FEV1- 79%

CURRENT TX- ALBUTEROL FFT, FLONASE ( NASAL) , ADVAIR DISKUS 250/50MG

MEDICAL HX- BA

SOCIAL HX- NO SMOKER

ALLERGY- BENADRYL

ROS

HEENT- SEE HPI

RESP- SEE HPI

EXAM

GNL- ALERT, ACTIVE, NO RESPIRATORY DISTRESS

HEENT- SUPPLE NECK, POST NASAL DRIP, PALLOR OF NASAL MUCOSAS , NO NASAL BLEEDING, NO OBSTRUCTION

LUNG- CTA

HEART- RRR

EXT-NO CYANOSIS

NEURO- NO FOCALIZED MOTOR DEFICIT


ASSESSMENT

FEMALE PTE EVALUATED FOR DECISIONS OF TREATMENT/ DISABILITY FOR "EPISODIO DE BRONCOESPASMO".

EVALUATED PROVIDED INFORMATION FROM CI RECORD INCLUDING PFT AND CFSE ENT EVALUATION.

DONE PFT TODAY AND COMPARED WITH PFT DONE AT CFSE.

CFSE CITED PATIENT HX OF BA,  AND DG OF CHRONIC LARYNGITIS AND ALLERGIC RHINITIS SINCE REPORTED AT CFSE.

ACCORDING TO PFT,  PTE COMPLAINTS, CURRENT TX , AND BASED ON PROVIDED INFORMATION, IS NECESSARY TO RELATE DG OF BRONCHIAL ASTHMA EXACERBATION WITH 5% DISABILITY AS SEQUELAE FOR THE REPORTED ACCIDENT AT CFSE.

WILL VERIFY AT PUBLIC HEARING IF CFSE RELATED ALLERGIC RHINITIS DIAGNOSIS .

**ROSELYNN L. MARTINEZ**
SANTA MARIA MALL  11A-3
GUAYNABO, PR
TEL. 787.708.4300 / 787.708.4301

## Visit date 3/29/2019

| | | | |
|---|---|---|---|
| Patient code | 17-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-01 | Age | 57 |
| Surname | CLEMENTE | Gender | Female |
| Name | MARIA A. | Height, in | 63 |
| Date of birth | 1/17/1962 | Weight, lb | 119 |
| Ethnic group | Others | BMI | 21.09 |
| Smoke | No smoker | Pack-Year | |
| Patient group | | | |

## Interpretation

FVC

FEV1

FEV1%

Moderate Restriction

## Best values from all loops

| Parameters | | LLN | ULN | PRE | %Pred | Z-score | POST | %Chg |
|---|---|---|---|---|---|---|---|---|
| FVC | L | 2.59 | 3.93 | **2.00** | 61 | -3.10 | | |
| FEV1 | L | 1.97 | 3.11 | 2.00 | 79 | -1.57 | | |
| FEV1% | % | 68.9 | 88.5 | 100.00 | 127 | 3.58 | | |
| PEF | L/s | 4.64 | 7.95 | 6.02 | 96 | -0.27 | | |



Predicted - NHANES III

## PRE Trial date 3/29/2019   11:57:52 AM

| Parameters | | LLN | ULN | Pred | PRE # 1 | %Pred | Z-score | PRE # 2 | PRE # 3 | POST#1 | %Pred | %Chg |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FVC | L | 2.59 | 3.93 | 3.26 | **2.00** | 61 | -3.10 | | | | | |
| FEV1 | L | 1.97 | 3.11 | 2.54 | 2.00 | 79 | -1.57 | | | | | |
| FEV1/FVC | % | 68.9 | 88.5 | 78.7 | 100.0 | 127 | 3.58 | | | | | |
| PEF | L/s | 4.64 | 7.95 | 6.29 | 6.02 | 96 | -0.27 | | | | | |
| ELA | Years | | | 57 | | | | | | | | |
| FEF2575 | L/s | 1.22 | 3.62 | 2.42 | 75 | 132 | | | | | | |
| FET | s | | | | 3.48 | 144 | 1.46 | | | | | |
| FIVC | L | 2.59 | 3.93 | 3.26 | 6.00 | 17 | | | | | | |
| FEV1/VC | % | 68.9 | 88.5 | 78.7 | 0.99 | | | | | | | |
| | | | | | 1.96 | 60 | -3.19 | | | | | |

BTPS  1.078  28 °C  82.4 °F

## Conclusion / Medical report

Fev 1 5 79 %

*Signature*

13353

Instrument used
Spirobank II new S/N Y00125

CIPR CORREO MAY 13-19PM 02:03



ESTADO LIBRE ASOCIADO DE PUERTO RICO    TEL: (787) 781-0545
COMISION INDUSTRIAL DE PUERTO RICO

# CITACION A VISTA MEDICA

Conforme a las disposiciones de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Ley 45 del 18 de abril de 1935, según enmendada, Ley 170 del 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme, y las Reglas de Procedimientos de la Comisión Industrial se notifica para que comparezca:

**Lesionado:**
MARIA A CLEMENTE ROSA
COND ASTRALIS
9546 CALLE DIAZ WAY
APT 311
CAROLINA PR 00979-1464

**Representante Legal:**
LUIS VIDAL ARBONA
PO BOX 192845
SAN JUAN PR 00919-2845

**VISTA:**    DIRECCION:    **COMISION INDUSTRIAL (SAN JUAN)**
677 CALLE TENIENTE CESAR L. GONZALEZ
(ANTIGUO TRIBUNAL DE APELACIONES)
SAN JUAN PR 00918

FECHA: 22 de octubre de 2019
HORA: 8:00 AM
SALA: 2
PISO: 2

EXPEDIDA EN San Juan, Puerto Rico, a 13 de septiembre de 2019

Asegurador: CFSE: PO Box 5028 - Santurce PR 00936    **SUBSECRETARIO EJECUTIVO**

CASO NUM. CI: 17-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-01
NUM. CASO CFSE: 15-15-30917-0
CAUSAL: TRATAMIENTO E INCAPACIDAD    (CONDICION
ORGANICA).

PETICIONARIO:
MARIA A CLEMENTE ROSA

PATRONO:
DEPARTAMENTO DE EDUCACION

**Mensajes:** INFORME MEDICO

LA COMISION INDUSTRIAL DE P.R. TIENE NUEVAS FACILIDADES:
AVE. TENIENTE CESAR GONZALEZ #677 HATO REY PR

-»    La Vista Pública o Médica señalada no se suspenderá, a no ser por justa causa y de no comparecer a la misma, la Comisión Industrial, podrá
        ORDENAR  el archivo del recurso apelativo o fallar el caso  en  REBELDIA  de  acuerdo a las disposiciones de Ley. Tiene  derecho  a  estar
        representado por un abogado de su selección o a comparecer por Derecho Propio, si ello fuere su deseo.
-»    De no comparecer al Especialista, la Comisión Industrial podrá ordenar el  ARCHIVO de su recurso apelativo por falta de interés.
-»    Si  se le cita como testigo y no comparece,  se le considerará culpable de DESACATO.
-»    Traer identificación con foto junto a este original.
-»    No se permite traer niños a la Agencia.
-»    Toda  solicitud  para  citar  testigos (incluyendo  los periciales)  se  radicará por escrito, con no menos de treinta  (30) días  con  antelación a  la
        Vista.  El caso no será suspendido por incomparecencia de testigos.
-»    Deberá informar cualquier cambio de dirección residencial, postal y número de teléfono.
-»    La CIPR es un Tribunal Administrativo use vestimenta adecuada.  No podrá entrar a Sala en pantalones cortos o camisas sin mangas.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*USO EXCLUSIVO DE SECCION DE PAGADURIA*

Compareciente:    CASO C.I. NUM.:17-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-01
MARIA A CLEMENTE ROSA
COND ASTRALIS    Hora de Entrada:    Hora de Salida:
9546 CALLE DIAZ WAY
APT 311    Certificación Ponente:_____
CAROLINA PR 00979-1464
                    Acompañante/Justificación:_____

Fecha: 22 de octubre de 2019    Firma Autorizada:_____

MARÍA A. CLEMENTE ROSA

CASOS EN EL FONDO: BAJO:(*LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO, LEY DE COMPENSACIONES A OBREROS Núm. 45 DE 1935*((1) pág. 251), enmendada por la Núm. 74 de 1940 (pág. 531).

CERTIFICO: YO, MARÍA CLEMENTE ROSA CERTIFICO QUE BAJO (*LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO*) (BIGAS vs. COMISIÓN INDUSTRIAL 71 D.P.R. 336), NO HE RECIBIDO COMPENSACIÓN ALGUNA DE PARTE DE (CFSE) POR ESTE CASO, NI POR NINGÚN OTRO CASO DE LA (CFSE).

*María A. Clemente* · 14 de agosto 2020



90-15-3031-0

DIA MES ¡¡
SEGURO DEL ESTADO

CODIFICADO (FIRMA OCS)    FECHA
DIA MES A

DECISION DEL
ADMINISTRADOR
SOBRE
TRATAMIENTO
MEDICO

MARIA CLEMENTE ROSA

07 CAROLINA

ABR-09-90    ENE-17-62    F

**PARA USO DE LOS OFICIALES DE COMPENSACION**

| R/ETCH | AÑO | CASO NUMERO DISF. | NUMERO | ¿/D | CLAVE TRANS. | TA NU |
|---|---|---|---|---|---|---|

| CLAVE DE COMP. | | | ALTA TRABAJAR | | | RECIDIVA | | | ALTA DEFINITIVA |
| COMP. | DISF. | PAT. | AÑO | MES | DIA | AÑO | MES | DIA | AÑO | MES | DI |

**PARA SER CUMPLIMENTADO POR EL MEDICO O ENCARGADO DE DISPENSARIO O CLINICA**

LESIONADO/PATRONO

CALLE 4-BLOQ. D-13-QUINTAS DE
CANOVANAS,P.R.00629

DEPTO. DE INST. PUB.
HATO REY,P.R. BOX 759

DISF.    FECHA DE ACC. AÑO MES DIA    ☐ FONDO DE ANTICIPO    ☐ SUBROGACION    ☐ OBRERO MIGRAN

REGION ANATOMICA AFECTADA O CONDICION TRATADA POR LA CUAL ES DADO DE ALTA
(VEASE INSTRUCCIONES AL DORSO)

1RA.    hearing LOOSINGRELACIONADO

2DA.

POR LA PRESENTE, Y DE ACUERDO CON LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO (LEY NUM. 45 DEL 18 DE ABRIL DE 1935) SEGUN HA SIDO SUBSIGUIENTEMENTE ENMENDADA, SE DETERMINA SOBRE EL ASPECTO MEDICO DE ESTE CASO LA SIGUIENTE DECISION:

☒ 1. EL LESIONADO FUE EXAMINADO POR PRIMERA VEZ EN EL DIA DE HOY **10** DE **ABRIL** DE 19 **90**
  ☒ a. CONTINUARA RECIBIENDO TRATAMIENTO MEDICO EN ☐ DESCANSO ☒ C.T. (MIENTRAS TRABAJA)
  ☐ b. SE DETERMINA DARLO DE ALTA DEFINITIVA EFECTIVA EL DE DE 19
  ☐ c. VEASE ALTERNATIVA NUMERO

☐ 2. HABIENDO EL LESIONADO RECIBIDO EL MAXIMO BENEFICIO DE TRATAMIENTO, SE DETERMINA DARLO DE ALTA DEFINITIVA EL DIA DE DE 19 CURADO ☐ SIN INCAPACIDAD ☐ CON INCAPACIDAD
  (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente).

☐ 3. EL LESIONADO FUE EXAMINADO EN EL DIA DE HOY, A PARTIR DEL DE DE 19 SE AUTORIZA CAMBIO PARA CONTINUAR RECIBIENDO TRATAMIENTO MEDICO EN ☐ DESCANSO ☐ C.T. (MIENTRAS TRABAJA).

☐ 4. LUEGO DE EVALUADO EL CASO SE DETERMINA DARLO DE ALTA DE TRATAMIENTO MEDICO EFECTIVO EN DE DE 19 LA DECISION FINAL DEL ADMINISTRADOR SOBRE NO RELACION LE SERA NOTIFICADA OPORTUNAMENTE. EL LESIONADO PODRA CONTINUAR TRATAMIENTO MEDICO EN FACILIDADES FUERA DEL FONDO DEL SEGURO DEL ESTADO.

☐ 5. EL LESIONADO HABIA SIDO DADO DE ALTA EL DE DE 19 LUEGO DE LA REEVALUACION MEDICA PRACTICADA SE DETERMINA:
  ☐ a. NO SE JUSTIFICA EL REANUDAR EL TRATAMIENTO MEDICO (RECIDIVA)
  ☐ b. REANUDAR TRATAMIENTO MEDICO (RECIDIVA) EN ☐ DESCANSO ☐ C.T. (MIENTRAS TRABAJA) A PARTIR DEL DE 19
  ☐ c. DARLO DE ALTA DEFINITIVA: EL DIA DE 19 ☐ SIN INCAPACIDAD ☐ CON INCAPACIDAD
    (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente).
  ☐ d. CONFIRMAR LA DECISION DADA ANTERIORMENTE

☐ 6. EL CASO FUE DEVUELTO POR LA HON. COMISION INDUSTRIAL A LA JURISDICCION DEL FONDO DEL SEGURO DEL ESTADO. LUEGO DE EXAMINADO EL MISMO SE DETERMINA EL SIGUIENTE STATUS:
  ☐ a. ☐ DESCANSO ☐ C.T. (MIENTRAS TRABAJA) A PARTIR DEL DE DE 19
    ☐ EVALUACION ☐ EN TRATAMIENTO ☐ MIENTRAS SE EFECTUA EVALUACION ☐ EN TRATAMIENTO
  ☐ b. DARLO DE ALTA DEFINITIVA: EL DIA DE DE 19 ☐ SIN INCAPACIDAD ☐ CON INCAPACIDAD
    (La Decisión del Administrador con el grado de Incapacidad para este caso le será notificado oportunamente).
    ☐ CONFIRMAR LA DECISION DADA ANTERIORMENTE

☐ 7. LUEGO DE LA EVALUACION MEDICA PRACTICADA SE DETERMINA QUE NO HAY EVIDENCIA DE LESION O ENFERMEDAD OCUPACIONAL, POR LO CUAL SE DA DE ALTA A PARTIR DEL DE DE 19 LA DECISION FINAL DEL ADMINISTRADOR SOBRE NO COMPENSABILIDAD LE SERA NOTIFICADA OPORTUNAMENTE.

☐ 8. ES UN OBRERO MIGRANTE BAJO CONTRATO DE EMPLEO APROBADO POR EL SECRETARIO DEL TRABAJO DE PUERTO RICO, ACOGIDO A LOS BENEFICIOS DE LA LEY NUM. 77 DEL 23 DE JUNIO DE 1958 Y DEL ARTICULO 1 DE LA LEY 54 DEL 13 DE JULIO DE 1978. HA SIDO DADO DE ALTA DE TRATAMIENTO MEDICO EL DE DE 19 (NOTIFIQUESE CON COPIA DE ESTA DECISION AL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS).
OBSERVACIONES:

SR. ALBERTO O. BACO    DR. WALTER RAMOS

Administrador    Firma del Médico o Funcionario Autorizado

CERTIFICO: Que en el día de hoy he entregado y notificado con copia de esta Decisión al Lesionado, en , Puerto Rico.

Firma del Funcionario    Firma del Lesionado

Nombre y Cargo Oficial    NOTIFICACION    4—90    Fecha

CERTIFICO: QUE HE ENVIADO COPIA DE ESTA DECISION AL ABOGADO LIC.    ☐ LESIONADO    ☐ PATRONO A LA DIRECCION ARRIBA INDICADA Y A SU DIRECCION EN:

Secretario

Fecha de Notificación    Secretario Auxiliar

ADVERTENCIA: EL PATRONO DEBERA ACTUAR A TENOR CON LO INDICADO EN ESTE FORMULARIO UNA VEZ LO RECIBA O EL LESIONADO LE PRESENTE COPIA DE ESTA DECISION.
PATRONO: EL OBRERO O EMPLEADO PODRA REQUERIR DE SU PATRONO LA REINSTALACION EN SU TRABAJO A TENOR CON LO PROVISTO EN EL ARTICULO 5A DE LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO.

LESIONADO: LA LEY DE COMPENSACIONES POR ACCIDENTES DEL TRABAJO EN EL ARTICULO 10, DISPONE QUE TODA DECISION DEL ADMINISTRADOR PODRA APELARSE ANTE LA COMISION INDUSTRIAL DENTRO DE LOS TREINTA (30) DIAS DESPUES DE NOTIFICADA. LOS HONORARIOS QUE FIJE LA HON. COMISION INDUSTRIAL SERAN LOS UNICOS QUE PODRA PERCIBIR EL ABOGADO DEL APELANTE POR PRESTAR SUS SERVICIOS Y LOS MISMOS SERAN PAGADOS POR EL FONDO DEL SEGURO DEL ESTADO.

LESIONADO