# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of THE COMMONWEALTH OF PUERTO RICO, *et al.* | No. 17 BK 3283-LTS (Jointly Administered) |
| Debtors.[1] | |

## OPPOSITION TO MOTION FOR LEAVE TO APPEAR AND BE HEARD AS PARTY IN INTEREST FILED BY INDUSTRIA LECHERA DE PUERTO RICO, INC. (INDULAC) UNDER FED R. BANKR. P. 2018(a)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

COMES NOW, creditor Suiza Dairy Corp. ("Suiza"), represented by the undersigned attorneys, and very respectfully avers and prays as follows:

## I. SUMMARY OF ARGUMENT

Intervention by Indulac in this petition for a comfort order should be denied for lack of good cause shown. Indulac's only basis for the same revolves around its alleged interest in the eventual determination about the validity of the underlying administrative order itself, a matter that is not before this court and that Indulac is free to raise before the proper forum.

## II. ARGUMENT

The underlying details of the petition for a comfort order here appear at Dkt. No. 13938. In essence, Suiza seeks to be allowed to procure enforcement purely of a milk handling provision on a civil rights judgment.

In an abundance of caution, on August 3, 2020 (**D.E. # 13938**), Suiza filed its **"Urgent Motion Requesting a Ruling or Entry of Comfort Order as to the Non-Applicability of the Automatic Stay to a Limited Controversy with the Commonwealth of Puerto Rico Arising Post-Petition and Having Post-Petition Effects but Partially Based on a Pre-Petition Judgment Incorporating Milk Regulations Established by the United States District Court for the District of Puerto Rico and not Involving Property of the Debtor or its Estate"** ("Motion for Comfort Order"). As clearly arises from the title of its motion, Suiza sought a ruling or comfort order from this Court, before initiating a proceeding in civil rights action Case No. 04-1840 with the sole purpose of enforcing the judgment in that case ("Judgment") and its regulations against the Commonwealth of Puerto Rico. Suiza sought an order holding that the events giving rise to Suiza's enforcement action constitute post-petition events, with post-petition effects, although they

2

run afoul of holdings in a pre-petition federal judgment. More specifically, Suiza sought a finding that it was not acting in contravention of the automatic stay provisions of Sections 362(a) and 922(a) of the Bankruptcy Code, incorporated by 48 U.S.C. § 2161 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101, et seq, in pursuing its enforcement action against the Commonwealth in Civil Case No. 04-1840. Suiza clarified that it was not attempting to pursue collection of a pre-petition debt or pre-petition breach by pursuing its cause of action, nor it is attempting to exercise control or possession over property of the estate, since the milk involved belongs to the dairy farmers (and when purchased to Suiza), and never the Commonwealth.

On August 17, 2020 **(D.E. # 14049)**, alleged party in interest Industria Lechera de Puerto Rico filed a motion for leave to appear and be heard in relation to Suiza's Motion for Comfort Order, pursuant to Fed. R. Bankr. P. 2018(a).

As will be shown below, based upon Indulac's own representations and admissions as to its basis for seeking intervention, it is readily apparent that its request to appear and be heard is devoid of sound legal basis under applicable law, including but not limited to Fed. R. Bankr. P. 2018(a).

The only and exclusive grounds for Indulac's motion for leave to appear and be heard as a party in interest in this particular matter are contained at Paragraph Five (5) of its motion at **Dkt.# 14049.** At Paragraph Five (5), Indulac states the following**:** **" Indulac has special interest in the outcome of the Urgent Motion regarding Administrative Order 2020-22 issued by the Administrator of the Puerto Rico of the Puerto Rico Office of Regulation of Milk Industry, because Indulac will be directly affected by any determination on the validity of said Administrative Order."** (Emphasis ours).

Thus, it is readily apparent that Indulac's motion for leave to appear and be heard, by its own admissions, *is exclusively directed to any judicial determination on the validity of Administrative Order 2020-22*, something which is completely outside the scope of the issue being raised in Suiza's request for a Comfort Order, and is not even being raised for adjudication before this Honorable Court. Suiza's Motion for Comfort Order is exclusively directed to the issue of the non-applicability of the automatic stay under 11 U.S.C.§ 362(a), not to any determination of the validity of Administrative Order 2020-22. Therefore, Indulac miscontrues, and fails to comprehend, the limited relief being sought by Suiza in its Motion for Comfort Order. This being the case, Indulac's motion for leave to appear and be heard in this particular matter should be summarily denied by this Honorable Court.

Intervention will be permitted upon the showing of cause. Cause constitutes an economic interest in the case or one of its aspects or a concern with its precedential ramifications. *Id.* at 687-88 (citing *In re Ionosphere Clubs, Inc.,* 101 B.R. 844, 853 (Bankr.S.D.N.Y.1989)); *In re Public Service Co. of New Hampshire,* 88 B.R. 546, 551 (Bankr.D.N.H.1988). Thus, intervention should not be allowed where the potential intervenor's interests are already adequately represented or where intervention would cause unwarranted delay or prejudice to the original parties. *Id.* at 551; *Ionosphere Clubs,* 101 B.R. at 853. Indulac has failed to show the required cause to appear and be heard in this matter, which is limited to the question of the non-applicability of the automatic stay under 11 U.S.C §362(a) as it regards Suiza's proposed course of action in Civil Case No. 04-1840 involving Administrative Order 2020-22. Moreover, Indulac has not shown, by its own admissions, any economic interest in the matter before this Court as it concerns Suiza's Motion for Comfort Order. Any potential interests of Indulac regarding Administrative Order 2020-22 may be duly asserted in Civil Case No. 04-1840 before the District of Puerto Rico.

WHEREFORE, in light of the above stated, Suiza most respectfully prays that this Honorable Court DENY Indulac's "Motion for Leave to Appear and be Heard as Party in Interest" at **D.E. 14049**, and as a result, that the Court DENY Indulac's Opposition to Urgent Motion Filed by Suiza Dairy Corp. for Lack of Subject Matter Jurisdiction at **D.E. 14050**, and that the Court grant any other relief in favor of Suiza it deems proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of August, 2020.

*(Signatures in next page.)*

Dated: August 21, 2020

Respectfully submitted,

REICHARD & ESCALERA, LLC
*/s/ Rafael Escalera Rodríguez*
Rafael Escalera Rodríguez
USDC-PR No. 122609
escalera@reichardescalera.com

*/s/Sylvia M. Arizmendi*
Sylvia M. Arizmendi
USDC-PR No. 210714
arizmendis@reichardescalera.com

/s/Fernando Van Derdys
Fernando Van Derdys
USDC-PR 201913
fvander@reichardescalera.com

*/s/ Alana Vizcarrondo-Santana*
Alana Vizcarrondo-Santana
USDC-PR No. 301614
vizcarrondo@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 21, 2020, I filed the instant motion through the Court's CM/ECF system, which will send notification of such filing to all CM/ECF participants, in compliance with the case management order in the case.

/s/Alana M. Vizcarrondo-Santana