# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### RESPONSE TO "OPPOSITION [*SIC*] TO "URGENT MOTION FILED BY SUIZA DAIRY CORP. FOR LACK OF SUBJECT MATTER JURISDICTION"

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COMES NOW, creditor Suiza Dairy Corp. ("Suiza"), represented by the undersigned attorneys, and very respectfully submit this Reply to "Oposition [*sic*] to "Urgent Motion" Filed by Suiza Dairy Corp. for Lack of Subject Matter Jurisdiction".

## I. SUMMARY OF ARGUMENT

On August 17, 2020, Indulac filed its opposition to Suiza's request for a comfort order based on lack of subject matter jurisdiction (D.E. 14050). According to Indulac, there is a failure to exhaust administrative remedies. Indulac's argument should be disregarded because (1) there is no requirement of exhaustion of administrative remedies in an action under 42 U.S.C. §§1983, and (2) the District Court has inherent authority to enforce its Judgment in Civil Case No. 04-1840 ("Judgment"). In any case, these are arguments for the underlying case that have no place in the context of a petition for a comfort order.[2]

## II. ARGUMENT

### A. There Is No Requirement to Exhaust Administrative Remedies.

1. *The action underlying the petition for a "comfort" order was originally a Civil Rights Action that requires no exhaustion of administrative remedies.*

The action underlying Suiza's request for entry of a "comfort order" (D.E. 13938) is based on the Civil Rights Act, 42 U.S.C. §§1983-1985. A civil rights action does not require exhaustion of administrative remedies. *Patsy v. Board of Regents,* 457 U.S. 496 (1982) (There is no requirement of exhaustion of administrative remedies in an action under section 1983.) *See also, Vistamar, Inc. v. Vázquez*, 337 F. Supp. 375 (D.P.R. 1971) (Denying a motion to dismiss on ground of failure to exhaust administrative remedies, where alleged remedies were not sufficiently clear and adequate

---

[2] Indulac makes no attempt to suggest otherwise and we are unaware of any such principle. See Suiza's Motion for Intervention at D.E. 14075.

1

to preclude resort to federal courts, and defendants had ample time to correct any possible oversights or inequities).

2. *The District Court has the authority to enforce its Judgment and find the Administrator of ORIL in contempt without exhaustion of administrative remedies.*

The underlying action has already ended with a judgment in favor of Suiza. As per the Amended Order and Judgment, D.E. 2351 of Case No. 04-1840, the Court retained federal jurisdiction for compliance with the judgment. Also, in Civil Case 17-1885 the District Court ruled that the "Settlement Agreement [in case 04-1840] similar in nature to a consent decree, [is] in full force to this day, and the Court has jurisdiction **to enforce the same by judicial sanctions, and contempt**."[3] (**Emphasis added**).

A court's contempt power came into existence decades ago and has been regularly exercised when regulating judicial proceedings. After all "[c]ourts could not administer justice if persons were left free pending adjudication to engage in conduct which would either immediately interrupt the judicial proceedings or so change the status quo of the subject matter of a controversy that no effective judgment could be rendered." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 330–31 (1947). That is to say, contempt is a measure taken by a court in order to protect its coercive power even when no judgment has been rendered in a case.

Enforcement of federal judgments do not require exhausting administrative remedies. The United States district courts have the inherent authority and duty to protect and effectuate their judgments and to punish disobedience of or resistance to their lawful orders and decrees. *Morales Feliciano v. Roselló González*, 124 F. Supp. 2d 774, 784 (D.P.R. 2000), citing, *First Sec. Nat. Bank and Trust v. U.S.*, 382 U.S. 34, 35 (1965); see also *Asociación de Suscripción Conjunta v.*

---

[3] Case 3:17-cv-01885-DRD D.E. 84

2

*Secretary of Treasury of Puerto Rico,* 2013 WL 132684 (D. P.R. 2013). The power of courts to punish for contempt is a necessary and integral part of the independence of the judiciary, and it is absolutely essential to the performance of the duties imposed on them by law. *Id.* See also *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 450 (1911).

In any case, Indulac is free to petition for intervention in the enforcement action before the district court and raise therein its unfounded exhaustion argument. As we said ante, that issue is not properly before this court.

### III. CONCLUSION

ORIL's issuance of Administrative Order 2020-22[4] that changed the Judgment's definition of surplus milk from milk produced in excess of the needs for the market for fresh milk to milk exceeding the demand for fluid milk, was undertaken in violation of the Judgment. Suiza seeks to correct ORIL's illegal conduct by seeking enforcement of the Judgment in federal court. As discussed above, there is no prerequisite of exhausting administrative remedies in this case.

WHEREFORE, Suiza respectfully reiterates its requests that the Court enter a ruling or comfort order finding that Suiza is not acting in contravention of the automatic stay provisions of Sections 362(a) and 922(a) of the Bankruptcy Code, incorporated by 48 U.S.C. § 2161 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101, et seq., nor is attempting to exercise control over or obtain possession over property of the estate in pursuing the cause of action stated in this motion, and provide any other relief in favor of Suiza it deems proper.

**RESPECTFULLY SUBMITTED.**

---

[4] See, Exhibit I, Administrative Order 2020-22 and Certified translation.

3

*(Signatures in next page.)*

Dated: August 21, 2020

REICHARD & ESCALERA, LLC
*/s/ Rafael Escalera Rodríguez*
Rafael Escalera Rodríguez
USDC-PR No. 122609
escalera@reichardescalera.com

*/s/Sylvia M. Arizmendi*
Sylvia M. Arizmendi
USDC-PR No. 210714
arizmendis@reichardescalera.com

/s/Fernando Van Derdys
Fernando Van Derdys
USDC-PR 201913
fvander@reichardescalera.com

*/s/ Alana Vizcarrondo-Santana*
Alana Vizcarrondo-Santana
USDC-PR No. 301614
vizcarrondo@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888

## CERTIFICATE OF SERVICE

I hereby certify that, on August 21, 2020, I filed the instant motion through the Court's CM/ECF system, which will send notification of such filing to all CM/ECF participants, in compliance with the case management order in the case.

/s/Alana M. Vizcarrondo-Santana

4