UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS |

JOINT STIPULATION AND ORDER REGARDING SALUD INTEGRAL
EN LA MONTAÑA, ET AL.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ECF NO. 13582)

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), in its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. § 2101 *et seq.* ("PROMESA"), and Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, Neomed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Integral de Loiza (collectively, the "Health Centers"), by and through their respective attorneys, hereby stipulate and agree as follows:

**Recitals**

A. In 2003 and 2006, the Health Centers and other federally qualified health centers filed actions[2] (collectively, the "Prepetition Actions") in the United States District Court for the District of Puerto Rico (the "District Court") seeking, among other things, injunctive relief requiring the Commonwealth to make supplemental wraparound payments pursuant to 42 U.S.C. § 1396a(bb). Plaintiffs in the Prepetition Actions alleged that the Commonwealth failed to pay wraparound payments pursuant to the statutory formula and that it had also failed to make such payments within the period required by Medicaid (42 U.S.C. § 1396).

B. On November 8, 2010, the District Court in the Prepetition Actions entered the *Order and Preliminary Injunction* [Case No. 06-1260-GAG, ECF No. 743], which was supplemented by the *Order*, dated June 5, 2015 [Case No. 03-1640-GAG, ECF No. 674] (collectively, the "Order and Preliminary Injunction"), requiring the Commonwealth to make quarterly wraparound payments to the Health Centers pursuant to 42 U.S.C. § 1396a(bb).

C. On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the District Court pursuant to title III of PROMESA (the "Title III Case").

---

[2] *Rio Grande Community Health Center, Inc., et al. v. Hon. Johnny Rullan, Sec'y of the Dep't of Health for the Commonwealth of Puerto Rico*, Case No. 03-1640 (D.P.R. June 6, 2003) (the "Rio Grande Action"); *Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Hon. Rosa Perez-Perdomo, Sec'y, Dep't of Health, Commonwealth of Puerto Rico*, Case No. 06-1260 (D.P.R. March 13, 2006); *Atlantic Medical Center, Inc., et. al. v. The Commonwealth of Puerto Rico, et. al.*, Case No. 06-1291 (March 20, 2006); *Gurabo Community Health Center, Inc., et. al. v. Hon. Rosa Perez-Perdomo, Secretary, Dep't of Health, Commonwealth of Puerto Rico*, Case No. 06-1524 (D.P.R. May 26, 2006)

D. The Health Centers have filed the following proofs of claim in the Title III Case (collectively, the "Claims"), totaling approximately $335,396,736.75 in the aggregate. Except as indicated by asterisk ("*") in the subparagraphs below, the Health Centers' Claims are in connection with asserted unpaid wraparound payments pursuant to 42 U.S.C. § 1396a(bb):

  a. Morovis Community Health Center (Claim Nos. 11099 – $1,896,945.27, 34410 – $163,646.35*, 34431 – $2,928,363.00, 36124 – $60,734.23*): unsecured amount of $5,049,688.85;

  b. HPM Foundation, Inc. (Claim Nos. 98437 – $3,370,404.64, 108527 – $3,645,477.61, 22275 – $4,898,361.00): unsecured amount of $11,914,242.61;

  c. Migrant Health Center, Inc. (Claim Nos. 114996 – $3,153,293.02, 89406 – $23,555,390.52, 112178 – $179,480.55): unsecured amount of $26,888,164.09;

  d. Neomed Center (Claim Nos. 111373 – $1,825,053.36, 20254 – $5,287,278.00, 20392 – $5,837,823.00, 52387 – $2,006,850.66, 20301 – $15,484,429.60): unsecured amount of $30,441,434.62;

  e. Corporación de Servicios de Salud y Medicina Avanzada (Claim Nos. 34436 – $25,884,245.07, 39192 – $24,010.00*, 122862 – $1,564,478.64): unsecured amount of $27,472,733.71;

  f. Salud Integral en la Montaña (Claim Nos. 139655 – $34,215,923.38, 101569 – $53,950,000.00, 109469 – $570,402.42, 115027 – $616,429.73, 111786 – $219,658.90, 108464 – $108,133,637.43, 174289 (PBA) – $4,961,398.00*): unsecured amount of $202,667,449.86; and

    g. Concilio de Salud Integral de Loiza (Claim Nos. 130107 – $7,884,107.34, 20756 – $9,004,097.94, 20794 – $12,679,233.32, 39401 – $1,395,584.41): in the unsecured amount of $30,963,023.01.

E. On July 29, 2019, the Commonwealth and the Health Centers entered into that certain *Stipulation Modifying the Automatic Stay Between the Commonwealth and Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, Neomed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza* (the "Lift Stay Stipulation"), modifying the automatic stay solely to allow (a) appeals of related prepetition litigation in the United States Court of Appeals for the First Circuit to proceed to judgment, (b) the Commonwealth to issue prospective estimated wraparound payments, and (c) the District Court in the Prepetition Actions to continue a procedure of collecting from the Commonwealth, and distributing to the Health Centers, estimated quarterly wraparound payments.

F. On July 7, 2020, the Health Centers filed the *Motion of Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, Neomed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza for Allowance and Payment of Administrative Expense Claim, or in the Alternative, Relief from the Automatic Stay* [ECF No. 13582] (the "Motion") seeking, among other things, (a) allowance and payment of the Health Centers' claims for administrative expenses and (b) in the alternative, relief from the automatic stay to allow the Prepetition Actions to proceed for the enforcement of payment of the Health Centers' claims. In the Motion, the Health Centers assert that the Commonwealth has failed to perform its obligations pursuant to the Lift Stay Stipulation with respect to each quarterly payment for 2019, resulting in a shortfall

of $11,699,116.70 owed to the Health Centers for the 2019 estimated quarterly wraparound payments.

G. On July 22, 2020, the Health Centers agreed to (a) adjourn the hearing to consider the Motion and the relief requested therein to the omnibus hearing scheduled for September 16, 2020 (the "Hearing"), (b) extend the period in which the Commonwealth must file a response to the relief requested in the Motion up to and including August 5, 2020, at 4:00 p.m. (prevailing Atlantic Time), and (c) waive the 30-day period pursuant to section 362(e) of title 11 of the United States Code (the "Bankruptcy Code").

H. The Oversight Board and the Health Centers have engaged in discussions to seek a consensual resolution to the Motion.

NOW, THEREFORE, the parties hereto have agreed upon the terms set forth in this Stipulation, without prejudice to any party to seek further extensions of the deadlines set forth herein.

**Agreement**

1. On or before **September 1, 2020** (the "Payment Deadline"), the Commonwealth shall pay $11,699,116.70 to the Health Centers (through a deposit with the District Court in the Prepetition Actions in accordance with the procedures pursuant to the Order and Preliminary Injunction), in full and complete satisfaction of the Shortfall (as defined in the Motion) and as further summarized on page 7 to the Motion (the "Payment"). Such Payment shall not be deemed to be, nor construed as, (a) an admission by any party of any liability or that any claim or defense has or lacks merit; or (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim.

2. The period in which the Commonwealth must file a response to the relief requested in the Motion shall be extended up to and including **September 4, 2020 at 5:00 p.m. (prevailing Atlantic Time)**.

3. The period in which the Health Centers must file a reply shall be extended up to and including **September 11, 2020 at 5:00 p.m. (prevailing Atlantic Time)**.

4. No more than two (2) business days after the deposit of the Payment has been entered on the docket of the Rio Grande Action, the Health Centers shall file with the Court a notice (a "Withdrawal Notice") withdrawing the Motion and exhibits thereto.

5. From and after the date hereof, the Oversight Board shall use its reasonable best efforts to (a) obtain the data necessary to calculate and assess the Claims and all amounts otherwise allegedly due to the Health Centers for services rendered from the commencement of the Title III Cases (the "Title III Claims"), and (b) quantify such Claims and the Title III Claims.

6. The Oversight Board and the Health Centers shall schedule a meeting for the week of August 24, 2020, which shall be attended by a representative of the Oversight Board, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and their professionals and which may be rescheduled with the consent of the Oversight Board and the Health Centers; provided, however, that it is expressly understood by the Health Centers that such meeting is intended solely to allow the Health Centers to provide the Oversight Board background and additional information regarding, among other things, the Prepetition Action, the Claims, and the issues raised in the Motion.

7. Except as provided in the Lift Stay Stipulation, the automatic stay shall continue to apply in all other respects to the Prepetition Actions.

8. All rights and defenses of the parties are expressly preserved and are not impaired or otherwise prejudiced by the terms set forth in this Stipulation or the order approving this Stipulation.

Dated: August 21, 2020
       San Juan, Puerto Rico

**PROSKAUER ROSE LLP**

By: */s/ Brian S. Rosen*
Martin J. Bienenstock*
Brian S. Rosen*
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: mbienenstock@proskauer.com
       brosen@proskauer.com

* admitted *pro hac vice*

**O'NEILL & BORGES LLC**

By: */s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and Management Board and as representative of the Commonwealth*

Dated: August 21, 2020
    San Juan, Puerto Rico

/s/ *Iyen Acosta*
Iyen Acosta*
Reno & Cavanaugh, PLLC
455 Massachusetts Avenue, N.W.
Suite 400
Washington, DC 20001
Tel: (202) 349-2470
E-mail: iacosta@renocavanaugh.com

Thomas Pennington*
Reno & Cavanaugh, PLLC
24 Church Street, Suite 2910
Nashville, TN 37219
Tel: (615) 866-2322
E-mail: tpennington@renocavanaugh.com

/s/ *Maria Celeste Rodríguez Miranda*
María Celeste Rodríguez Miranda
D.P.R. Bar No. 213113
Bufete Rodríguez Miranda, C.S.P.
P.O. Box 365072
San Juan, PR 00936-5072
Tel: (787) 408-0808
E-mail: mcrm100@msn.com

*Admitted pro hac vice

*Attorneys for the Health Centers*

/s/ *John E. Mudd*
John E. Mudd
Bar Number: 201102
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
Tel: (787) 413-1673
Fax. (787) 753-2202
E-mail: johnmuddlaw@gmail.com

*Counsel for Movant SIM*

SO ORDERED.

Dated: August 25, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge