**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY ("HTA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

## NOTICE OF APPEAL

To the Honorable Court:

NOTICE IS HEREBY GIVEN that Movants Assured Guaranty Corp., Assured Guaranty

Municipal Corp., Ambac Assurance Corporation, the Financial Guaranty Insurance Company, and

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

National Public Finance Guarantee Corporation appeal to the United States Court of Appeals for the First Circuit from the *Memorandum Opinion and Order Denying Motion for Appointment as Trustees Under 11 U.S.C. § 926 of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation*, dated August 11, 2020 (ECF No. 14012 in Case No. 17-BK-3282-LTS and ECF No. 912 in Case No. 17-BK-3567-LTS) (the "Order") and from all underlying and associated orders.  A copy of the Order is attached hereto.

The parties to this matter and the names and addresses of their respective attorneys are as follows:

Movants Assured Guaranty Corp. and Assured Guaranty Municipal Corp.

| | |
|---|---|
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr. |
| Ricardo F. Casellas-Sánchez | Mark C. Ellenberg |
| Diana Pérez-Seda | William J. Natbony |
| CASELLAS ALCOVER & BURGOS P.S.C. | Ellen M. Halstead |
| P.O. Box 364924 | Thomas J. Curtin |
| San Juan, PR 00936-4924 | Casey J. Servais |
| | CADWALADER, WICKERSHAM & TAFT LLP |
| | 200 Liberty Street |
| | New York, NY 10281 |

Movant Ambac Assurance Corporation

| | |
|---|---|
| Roberto Cámara-Fuertes | Dennis F. Dunne |
| Sonia Cólon | Atara Miller |
| FERRAIUOLI LLC | Grant R. Mainland |
| 221 Ponce de Leon Ave., 5th Floor | John J. Hughes |
| San Juan, PR 00917 | MILBANK LLP |
| | 55 Hudson Yards |
| | New York, NY 10001 |

Movant Financial Guaranty Insurance Company

María E. Picó
REXACH & PICÓ, CSP
802 Ave. Fernández Juncos
San Juan, PR 00907-4315

Martin A. Sosland
BUTLER SNOW LLP
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240

Jason W. Callen
BUTLER SNOW LLP
150 3rd Ave., S., Suite 1600
Nashville, TN 37201


Movant National Public Finance Guarantee Corporation

Eric Perez-Ochoa
Luis A. Oliver Fraticelli
ADSUAR MUNIZ GOYCO SEDA &
PEREZOCHOA PSC
208 Ponce de Leon Ave, Suite 1600
San Juan, PR 00936

Jonathan Polkes
Gregory Silbert
Robert S. Berezin
Kelly DiBlasi
Gabriel A. Morgan
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153


Respondents Commonwealth of Puerto Rico, Financial Oversight Board and Management
Board for Puerto Rico, and Puerto Rico Highways and Transportation Authority

Hermann D. Bauer
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

Martin J. Bienenstock
Brian S. Rosen
Margaret A. Dale
Julia D. Alonzo
William D. Dalsen
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036

<u>Respondent Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")</u>

Luis C. Marini-Biaggi
Carolina Velaz-Rivero
MARINI PIETRANTONI MUÑIZ LLC
250 Ponce de León Ave., Suite 900
San Juan, PR 00918

John J. Rapisardi
Nancy Mitchell
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036

Peter Friedman
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006

Elizabeth L. McKeen
Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660

<u>Intervenors GDB Debt Recovery Authority and Cantor-Katz Collateral Monitor LLC (the
"DRA Parties")</u>

Arturo J. García-Solá
Nayuan Zouairabani
MCCONNEL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, PR 00918
PO Box 364225
San Juan, PR 00936-4225

Carmen D. Conde Torres
C. CONDE & ASSOC. LAW OFFICES
254 San José Street, Suite 5
San Juan, PR 00901-1523

Douglas S. Mintz
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706

Laura Metzger
Peter Amend
David Litterine-Kaufman
Monica Perrigino
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

[*Remainder of Page Intentionally Blank*]

Dated:      New York, New York
            August 25, 2020

**CASELLAS ALCOVER & BURGOS**
**P.S.C.**

                 **CADWALADER, WICKERSHAM & TAFT**
                 **LLP**

By: */s/ Heriberto Burgos Pérez*
   Heriberto Burgos Pérez
   USDC-PR 204809
   Ricardo F. Casellas-Sánchez
   USDC-PR 203114
   Diana Pérez-Seda
   USDC-PR 232014
   P.O. Box 364924
   San Juan, PR 00936-4924
   Telephone:  (787) 756-1400
   Facsimile:  (787) 756-1401
   Email:      hburgos@cabprlaw.com
            rcasellas@cabprlaw.com
            dperez@cabprlaw.com

*Attorneys for Assured Guaranty Corp. and*
*Assured Guaranty Municipal Corp.*

By: */s/ Howard R. Hawkins, Jr.*
   Howard R. Hawkins, Jr.*
   Mark C. Ellenberg*
   William J. Natbony*
   Ellen M. Halstead*
   Thomas J. Curtin*
   Casey J. Servais*
   200 Liberty Street
   New York, NY 10281
   Telephone:  (212) 504-6000
   Facsimile:  (212) 504-6666
   Email:      howard.hawkins@cwt.com
            mark.ellenberg@cwt.com
            bill.natbony@cwt.com
            ellen.halstead@cwt.com
            thomas.curtin@cwt.com
            casey.servais@cwt.com

*Admitted pro hac vice

*Attorneys for Assured Guaranty Corp. and*
*Assured Guaranty Municipal Corp.*

ADSUAR MUNIZ GOYCO SEDA &
PEREZ-OCHOA PSC

WEIL, GOTSHAL & MANGES LLP

By:/s/ *Eric Perez-Ochoa*
    Eric Pérez-Ochoa
    USDC-PR No. 206,314
    E-mail:    epo@amgprlaw.com

By:/s/*Luis A. Oliver-Fraticelli*
    Luis A. Oliver-Fraticelli
    USDC-PR NO. 209,204
    E-mail:    loliver@amgprlaw.com

    208 Ponce de Leon Ave., Suite 1600
    San Juan, PR 00936
    Tel.:    (787) 756-9000
    Fax:    (787) 756-9010

*Attorneys for National Public Finance
Guarantee Corp.*

By:/s/ *Robert Berezin*
    Jonathan D. Polkes*
    Gregory Silbert*
    Robert S. Berezin*
    Kelly DiBlasi*
    Gabriel A. Morgan*
    767 Fifth Avenue
    New York, New York 10153
    Tel.:    (212) 310-8000
    Fax:    (212) 310-8007
    Email:    jonathan.polkes@weil.com
            gregory.silbert@weil.com
            robert.berezin@weil.com
            kelly.diblasi@weil.com
            gabriel.morgan@weil.com

* admitted *pro hac vice*

*Attorneys for National Public Finance
Guarantee Corp.*

FERRAIUOLI LLC

By:*/s/ Roberto Cámara-Fuertes*
ROBERTO CÁMARA-FUERTES
USDC-PR NO. 219,002
E-mail:  rcamara@ferraiuoli.com

By:*/s/ Sonia Colón*
SONIA COLÓN
USDC-PR NO. 213809
E-mail:  scolon@ferraiuoli.com

221 Ponce de Leon Ave., 5th Floor
San Juan, PR 00917
Tel.:      (787) 766-7000
Fax:      (787) 766-7001

*Counsel for Ambac Assurance Corporation*

MILBANK LLP

By:*/s/ Atara Miller*
DENNIS F. DUNNE*
ATARA MILLER*
GRANT R. MAINLAND*
JOHN J. HUGHES*
55 Hudson Yards
New York, New York 10001
Tel.:      (212) 530-5000
Fax:      (212) 530-5219
Email:   ddunne@milbank.com
            amiller@milbank.com
            gmainland@milbank.com
            jhughes2@milbank.com

*admitted *pro hac vice

*Counsel for Ambac Assurance Corporation*

REXACH & PICÓ, CSP

BUTLER SNOW LLP


By: */s/ María E. Picó*_____
    María E. Picó
    USDC-PR 123214
    802 Ave. Fernández Juncos
    San Juan PR 00907-4315
    Telephone:  (787) 723-8520
    Facsimile:  (787) 724-7844
    E-mail:    mpico@rexachpico.com

    *Attorney for Financial Guaranty
    Insurance Company*

By: */s/ Martin A. Sosland*_____
    Martin A. Sosland (*pro hac vice*)
    5430 LBJ Freeway, Suite 1200
    Dallas, TX 75240
    Telephone:  (469) 680-5502
    Facsimile:  (469) 680-5501
    E-mail:    martin.sosland@butlersnow.com

    *Admitted pro hac vice in Case No. 17-BK-
    03283-LTS and Case No. 17-BK-03567-LTS*

    Jason W. Callen
    150 3rd Ave., S., Suite 1600
    Nashville, TN 37201
    Telephone:  615-651-6774
    Facsimile:  615-651-6701
    Email:    jason.callen@butlersnow.com

    *Admitted pro hac vice in Case No. 17-BK-
    03283-LTS and Case No. 17-BK-03567-LTS*

    *Attorneys for Financial Guaranty Insurance
    Company*

### CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, the 25th day of August, 2020.

By: _/s/ Howard R. Hawkins, Jr._____
　　　Howard R. Hawkins, Jr.*
　　　*Admitted pro hac vice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------x

In re:                                                              PROMESA
                                                                    Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                                        No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                                     (Jointly Administered)
et al.,

                Debtors.[1]
--------------------------------------------------------x
In re:                                                              PROMESA
                                                                    Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                                        No. 17 BK 3567-LTS

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

                Debtor.
--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT AS
TRUSTEES UNDER 11 U.S.C. § 926 OF AMBAC ASSURANCE CORPORATION, ASSURED
GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., FINANCIAL
GUARANTY INSURANCE COMPANY, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-
LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing
Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four
Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority
("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID:
3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-
4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings
Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal
Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).

Before the Court is the *Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* (Docket Entry No. 871 in Case No. 17-3567 and Docket Entry No. 13708 in Case No. 17-3283,[2] the "Motion"). In the Motion, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation (collectively, the "Movants") seek entry of an order appointing Movants as co-trustees under section 926 of the Bankruptcy Code, 11 U.S.C. § 926, to pursue certain avoidance claims on behalf of the Puerto Rico Highways and Transportation Authority ("HTA") against the Commonwealth of Puerto Rico (the "Commonwealth").[3]

The Court has carefully and thoroughly reviewed all of the submissions made in connection with the Motion.[4] The Court has subject matter jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166(a). For the reasons that follow, the Motion is denied.

---

[2]   All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

[3]   In the Motion, Movants also sought entry of a bridge order preliminarily appointing them as co-trustees for HTA and authorizing Movants to commence an avoidance action on HTA's behalf on or before August 14, 2020, subject to certain conditions. (See Mot. ¶ 4.) The Court scheduled briefing on the bridge order and section 926 components of the Motion separately, and thereafter denied Movants' request for a bridge order. (See Docket Entry No. 13825.) This Memorandum Opinion and Order therefore addresses only the section 926 component of the Motion.

[4]   In addition to the Motion, the Court has carefully reviewed the *DRA Parties' Joinder to Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* (Docket Entry No. 13718), the *Opposition of Financial Oversight and Management Board for Puerto Rico to Motion for Appointment as Trustees Under 11 U.S.C. § 926* (Docket Entry No. 13929), *AAFAF's Opposition to Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11*

<u>B</u><small>ACKGROUND</small>

The following facts are undisputed, unless otherwise indicated.

HTA was established as a public corporation by Act No. 74-1965 (the "HTA Enabling Act") to construct highways and other transportation systems in Puerto Rico.  (Mot. ¶ 11.)  Pursuant to the HTA Enabling Act, HTA has issued bonds (the "HTA Bonds") that Movants maintain are secured by certain pledged revenues, including (i) revenues derived from HTA's toll facilities (the "Toll Revenues"), and (ii) special excise taxes (the "Excise Tax Revenues" and, together with the Toll Revenues, the "Revenues").  (<u>Id.</u>)  Movants insure approximately $2.9 billion of HTA Bonds.  (<u>Id.</u> ¶ 10.)

On November 30, 2015, the former Governor of Puerto Rico, Alejandro García Padilla, issued Administrative Bulletin No. EO-2015-46, which directed the Secretary of the Treasury of the Commonwealth to retain the Excise Tax Revenues for payment of the Commonwealth's public debt rather than payment of HTA Bond obligations.  (<u>Id.</u> ¶ 14.)  Governor García Padilla signed into law the Puerto Rico Emergency Moratorium and Rehabilitation Act, Act No. 21-2016 (the "Moratorium Act"), which authorized the Governor to declare a state of emergency for the Commonwealth or any of its instrumentalities, including

---

*U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* (Docket Entry No. 13930), the *Reply in Further Support of Motion for Appointment as Trustees Under 11 U.S.C. § 926 of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* (Docket Entry No. 14002), the *DRA Parties' Reply and Reservation of Rights in Support of Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* (Docket Entry No. 14001), and the declarations and exhibits filed in connection with the aforementioned pleadings.

HTA, on April 6, 2016.  (Id. ¶ 15.)  The Moratorium Act prevented the payment of principal or

interest by HTA on HTA Bonds.  (Id.)  Governor García Padilla thereafter issued a series of

Administrative Bulletins (the "Moratorium Orders" and, together with the Moratorium Act, the

"Moratorium Laws") that effectively prevented the payment of principal and interest on HTA

Bonds.  (Id. ¶ 16.)

        The Puerto Rico Oversight, Management, and Economic Stability Act

("PROMESA") was enacted on June 30, 2016, to address the fiscal emergency in Puerto Rico

that had been created by a "combination of severe economic decline, and, at times, accumulated

operating deficits, lack of financial transparency, management inefficiencies, and excessive

borrowing."  48 U.S.C.A. § 2194(m)(1) (Westlaw through P.L. 116-152).[5]  PROMESA provides

for the appointment of a single Financial Oversight and Management Board for Puerto Rico (the

"Oversight Board") that acts as the sole statutory representative of a territory and each of its

covered territorial instrumentalities in their respective Title III debt adjustment cases.  See id.

§§ 2162, 2175.  The Oversight Board commenced a Title III case on behalf of HTA on May 21,

2017, and thereafter certified a number of fiscal plans and budgets that provide for the use of the

Toll Revenues to fund HTA's operating expenses and the retention of the Excise Tax Revenues

by the Commonwealth for purposes other than payment of obligations on the HTA Bonds.  (See

Mot. ¶¶ 18-22.)

        On January 16, 2020, Movants filed the *Motion of Assured Guaranty Corp.,*

*Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance*

*Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the*

*Automatic Stay, or, in the Alternative, Adequate Protection* (Docket Entry No. 10102, the "HTA

---

[5]      PROMESA is codified at 48 U.S.C. §§ 2101 et seq.

Stay Relief Motion"), asserting generally that the Revenues constitute property of HTA rather
than the Commonwealth.  The Court held a preliminary hearing on the issues of standing and
secured status in connection with the HTA Stay Relief Motion on June 4, 2020.  On July 2, 2020,
the Court issued its *Opinion and Order in Connection with Preliminary Hearing Regarding
Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance
Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty
Insurance Company for Relief from Automatic Stay, or, in the Alternative, Adequate Protection
(Docket Entry No. 10102)* (Docket Entry No. 13541, the "HTA Preliminary Stay Relief Order").
In the HTA Preliminary Stay Relief Order, the Court explained its conclusion that Movants had
failed to establish a colorable claim to ownership of or other property interest in the Revenues
other than those held in certain designated funds.  In re Fin. Oversight & Mgmt. Bd. for P.R., No.
17 BK 3283-LTS, No. 17 BK 3567-LTS, 2020 WL 3816135, at *11 (D.P.R. July 2, 2020).  The
Court reasoned that Movants had not demonstrated a colorable legal basis for the assertion that
HTA's bondholders have a lien or other property interest in the Revenues before those Revenues
are actually received by HTA and deposited in certain funds established pursuant to the relevant
bond resolutions.  Id. at *13-14.  Additionally, the Court held that Movants failed to establish a
prima facie case that they have a security interest in the Revenues and that Movants failed to
demonstrate that HTA or HTA's bondholders have a colorable claim to ownership of Revenues
held by the Commonwealth.  Id. at *11, *14.

          Movants filed the Motion on July 17, 2020.  As Exhibit C to the Motion, Movants
filed a *[Proposed] Adversary Complaint* pleading four causes of action.  (See Docket Entry No.

13708-1, the "Proposed Avoidance Action."[6]) The four proposed claims for relief (the

"Proposed Avoidance Claims") seek avoidance, pursuant to sections 549(a), 554(b), and

548(a)(1)(A)-(B) of the Bankruptcy Code, of what Movants characterize as transfers of Excise

Tax Revenues from HTA to the Commonwealth.


<u>DISCUSSION</u>

A.    <u>Section 926 Motion</u>

Section 926(a) of the Bankruptcy Code provides that, "[i]f the debtor refuses to

pursue a cause of action under section 544, 545, 547, 548, 549(a), or 550 of [the Bankruptcy

Code], then on request of a creditor, the court may appoint a trustee to pursue such cause of

action." 11 U.S.C.A. § 926(a) (Westlaw through P.L. 116-152). "It is clear from the text of

§ 926 – 'the court <u>may</u> appoint' – that Congress intended to provide the [] court with substantial

discretion" in deciding whether to appoint a trustee pursuant to section 926. <u>Andalusian Global</u>

<u>Designated Activity Co. v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt.</u>

<u>Bd. for P.R.)</u>, 954 F.3d 1, 7 (1st Cir. 2020). A court may appoint a trustee under section 926 in

response to a debtor's reluctance to bring avoidance actions, but courts should generally be "very

hesitant to appoint a trustee." <u>Andalusian</u>, 954 F.3d at 7 (citing 3 COLLIER ON BANKRUPTCY ¶

926.02 (Richard Levin & Henry J. Sommer eds., 16th ed. 2020)).

Decisions analyzing the authority of creditors of private entities to initiate

adversary proceedings on behalf of a chapter 11 estate identify factors relevant to the evaluation

of whether appointment of a section 926 trustee is appropriate. <u>In re Fin. Oversight & Mgmt.</u>

---

[6]     The Proposed Avoidance Action is, according to Movants, "in draft form and subject to
revision." (Mot. ¶ 8 n.5.) Movants reserve the right to revise the *[Proposed] Adversary
Complaint.* (<u>Id.</u>)

Bd. for P.R., 432 F. Supp. 3d 25, 29 (D.P.R. 2020) (citing Unsecured Creditors Comm. of Debtor

STN Enters., Inc. v. Noyes (In re STN Enters.), 779 F.2d 901, 904 (2d Cir. 1985); In re Sabine

Oil & Gas Corp., 547 B.R. 503, 514-15 (Bankr. S.D.N.Y. 2016)), aff'd sub nom., Andalusian

Global Designated Activity Co. v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight &

Mgmt. Bd. for P.R.), 954 F.3d 1 (1st Cir. 2020).  To obtain derivative standing to sue on a

private debtor's behalf, courts require a movant to establish that: (i) there are colorable claims for

relief that on appropriate proof would support a recovery, and (ii) the debtor unjustifiably failed

to bring suit.  Id.  Although these factors are instructive for purposes of the court's analysis, the

court may consider the particular circumstances of a case more broadly in determining whether

appointment of a trustee under section 926 is appropriate.  Indeed, the court has wide-ranging

discretion to decide which factors to consider in making that determination.  Andalusian, 954

F.3d at 7 ("Nothing in the text of § 926 limits or even discusses the factors a court may take into

consideration.").

        In the context of these Title III proceedings, it is appropriate for the court to

consider "the structure and purpose of PROMESA which, like Chapter 9 of the Bankruptcy

Code, affords a degree of protection and respect to the decisions of governmental entities that is

not afforded to the decisions of private debtors, who are subject to more extensive court control."

In re Fin. Oversight & Mgmt. Bd. for P.R., 432 F. Supp. at 29.  Courts should be "loath to

appoint a trustee" under section 926 in the context of a municipal bankruptcy case "given that the

court's limited powers in a chapter 9 case are best understood as operating within the context of

constitutional and federalism concerns."  In re New York City Off-Track Betting Corp., No. 09-

17121(MG), 2011 WL 309594, at *4 (Bankr. S.D.N.Y. Jan. 25, 2011).  Collier on Bankruptcy

warns that, in addressing a motion under section 926, courts should not "permit a motion for a

trustee to be used by creditors as a bargaining lever in negotiations over the plan. . . . [T]he

process should not be taken out of the debtor's hands by the appointment of a trustee to upset the

delicate balance among competing interests that must be preserved for successful plan

negotiation, formulation, and solicitation."  6 COLLIER ON BANKRUPTCY ¶ 926.02[1] (Alan N.

Resnick & Henry J. Sommer eds., 16th ed. 2020).  Caution in this regard is particularly

warranted in these cases brought under Title III of PROMESA, which gives the Oversight Board

sole authority to propose plans of adjustment.  See 48 U.S.C. § 2172(a).

   Here, Movants seek appointment as co-trustees in order to pursue certain

avoidance claims on behalf of HTA with the purpose of avoiding the alleged transfer of the

Excise Tax Revenues to the Commonwealth.  The Proposed Avoidance Claims are premised on

Movants' assertion, also advanced in their HTA Stay Relief Motion, that the Excise Tax

Revenues belong to HTA and the Commonwealth has no enforceable interest in them.  In

contrast, the Oversight Board has taken the position in the preliminary stay relief motion practice

and in opposing the instant section 926 Motion that neither Movants nor HTA has a colorable

claim to Excise Tax Revenues that have not been transferred by the Commonwealth to HTA.  In

seeking appointment as co-trustees under section 926, Movants ask that the Court reject the

Oversight Board's position on the respective property rights of HTA and the Commonwealth.

The Court was not persuaded to do so in the HTA Preliminary Stay Relief Order, and similarly

finds no reason to do so here.

   As the Court explained at length in the HTA Preliminary Stay Relief Order, the

positions that Movants seek to litigate in the Proposed Avoidance Action are inconsistent with

the relevant statutes and documents governing the HTA Bonds.  See In re Fin. Oversight &

Mgmt. Bd. for P.R., 2020 WL 3816135, at *7-*15.  The Court concluded, in relevant part, that

Movants "have not demonstrated a legal basis for their assertion that [the Excise Tax Revenues] are actually owned by HTA." Id. at *12. This conclusion is largely consistent with the Oversight Board's assessment, proffered as justification for its argument that pursuit of the Proposed Avoidance Claims is unwarranted, of the respective ownership interests of HTA and the Commonwealth in the Excise Tax Revenues. The Motion is thus premised on a legal position that the Oversight Board has repeatedly declined to adopt and which the Court, in the HTA Preliminary Stay Relief Order, has found lacking. Movants disagree with this assessment and hope for a different outcome on appeal, but they have failed at this juncture to demonstrate that HTA's alleged property interest in the Excise Tax Revenues is a colorable basis for the Proposed Avoidance Claims.

This Court and the First Circuit have previously recognized that, "unlike the commercial focus of bankruptcy cases of private entities, the 'primary purpose' of governmental insolvency proceedings 'is not future profit, but rather continued provision of public services.'" In re Fin. Oversight & Mgmt. Bd. for P.R., 432 F. Supp. at 30 (citing In re Mount Carbon Metro. Dist., 242 B.R. 18, 34 (Bankr. D. Colo. 1999)); see also Andalusian, 954 F.3d at 7 (recognizing "obvious differences" between governmental bankruptcies and commercial private party bankruptcies). PROMESA designates the Oversight Board as the entity responsible for developing a "holistic approach" to these proceedings that "balance[es] and prioritize[es] the relevant issues and concerns in developing fiscal arrangements and plans of adjustment." In re Fin. Oversight & Mgmt. Bd. for P.R., 432 F. Supp. at 30. PROMESA contemplates substantial deference to the Oversight Board as it formulates its holistic approach. Id. at 31; see also 48 U.S.C. §§ 2128, 2141, 2142, 2172. The Court is not persuaded that the extraordinary relief sought by Movants, which would effectively allow Movants to pursue claims premised on

alleged transfers that the Oversight Board, as the sole representative of HTA, has declined to

litigate, is warranted.[7]

Additionally, Movants contend that the Oversight Board's refusal to pursue the

Proposed Avoidance Claims is unjustifiable because the Board suffers from an irreconcilable

conflict of interest in its representation of both HTA and the Commonwealth. The Court rejects

this argument because, as explained above, the Oversight Board's analysis is consistent with the

statutes and resolutions governing the respective debtors' rights in the Revenues, and because, as

explained by this Court and the First Circuit in evaluating a section 926 motion brought by

bondholders of the Employees Retirement System of the Government of the Commonwealth of

Puerto Rico, the Oversight Board's representation of multiple debtors does not create an

automatic, irreconcilable conflict. See Andalusian, 954 F.3d at 8 n.6; In re Fin. Oversight &

Mgmt. Bd. for P.R., 432 F. Supp. at 29-30. PROMESA borrows many provisions from Chapter

9 of the Bankruptcy Code, which was "drafted to assure that application of the federal

bankruptcy power would not infringe upon the sovereignty, powers and rights of the states,

including, presumably, states alleged to have a conflict of interest." In re Fin. Oversight &

Mgmt. Bd. for P.R., 432 F. Supp. at 30 (citing In re Richmond Unified Sch. Dist., 133 B.R. 221,

226 (Bankr. N.D. Cal. 1991)). The Oversight Board, as the sole representative of both HTA and

the Commonwealth, is entitled to deference as it makes important decisions on behalf of those

debtors. The Court is not persuaded that the Oversight Board unjustifiably refused to bring

Movants' Proposed Avoidance Claims, and therefore declines to use its discretion to appoint a

---

[7]     Given the Court's conclusion that Movants have not made a colorable claim that the
        Excise Tax Revenues are HTA's property, Movants' other arguments for appointment as
        co-trustees that are premised on the same legal theory, including arguments regarding the
        validity of the Moratorium Laws, HTA fiscal plans, and HTA budgets, and the
        applicability of the automatic stay, are unpersuasive.

creditor or any other trustee to displace the authority granted to the Oversight Board with respect

to each debtor under PROMESA.

Under the circumstances of this case, appointment of co-trustees pursuant to

section 926 is not warranted.  The Oversight Board is statutorily vested with responsibility to

represent all of the Title III debtors, has sole responsibility for proposing plans of adjustment,

and has determined that the initiation of the Proposed Avoidance Action is unwarranted because

its legal analysis has led it to determine that the Revenues are assets of the Commonwealth rather

than assets of HTA.  Movants' arguments regarding HTA's standalone perspective are

misplaced, as HTA is one of several related debtors whose affairs and economic futures are

committed to the holistic management of the Oversight Board.  The Oversight Board has the

responsibility for ensuring provision for public services, such as transportation, that are in the

interest of the economic future of the Commonwealth, its residents, and its instrumentalities.

Furthermore, Movants' arguments concerning the alleged rights of HTA and its bondholders are

already the subject of litigation in these cases.  The HTA Stay Relief Motion remains pending,

related summary judgment practice in Adversary Proceeding No. 20-00005 is under way, and

Movants' proofs of claim have not yet been resolved.  As the First Circuit held in Andalusian, "it

[is] not an abuse of discretion for the Title III court to seek to avoid a proliferation of actions

seeking essentially the same remedy.  Each such proceeding potentially drains assets which

could be put to other uses."  954 F.3d at 11.

Movants also argue that denial of the Motion would effectuate a substantive

consolidation in contravention of section 304(f) of PROMESA.  (See Mot. ¶ 62 ("[T]he assets of

one Debtor (HTA) are simply being taken to pay the creditors of a different affiliated Debtor (the

Commonwealth).  That is substantive consolidation, and PROMESA prohibits it.").)  Section

304(f), titled "[j]oint filing of petitions and plans permitted," provides that the "Oversight Board,

on behalf of debtors under [Title III of PROMESA], may file petitions or submit or modify plans

of adjustment jointly if the debtors are affiliates; provided, however, that nothing in [Title III]

shall be construed as authorizing substantive consolidation of the cases of affiliated debtors."  48

U.S.C.A. § 2164(f) (Westlaw through P.L. 116-152).  Insofar as Movants have failed to

demonstrate that HTA owns the assets whose "transfer" Movants seek to avoid, the Oversight

Board's determination not to pursue the Proposed Avoidance Action does not portend

substantive consolidation, nor has the Board attempted to "merge[] the assets and liabilities of

the debtor entities into a unitary debtor estate."  (Mot. ¶ 71 n.19 (citing Woburn Assocs. v. Kahn

(In re Hemingway Transp., Inc.), 954 F.2d 1, 11-12 (1st Cir. 1992)).)  The Court need not

address Movants' substantive consolidation argument in further detail.

      Movants' argument that, if a court were to uphold Movants' view of HTA's rights

in Revenues that are in the hands of the Commonwealth, the Proposed Avoidance Claims could

result in the recovery of assets for HTA does not provide an appropriate basis, in this Court's

view of the record evidence, for the Court to exercise its discretion to appoint a trustee pursuant

to section 926 of the Bankruptcy Code.  The Motion is therefore denied.

      **B.**    <u>Tolling Stipulation Between the Commonwealth and HTA</u>

 In a related contested matter, the Oversight Board, on behalf of the

Commonwealth and HTA, seeks approval of the *Third Amended Stipulation Between the*

*Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority*

*Regarding the Tolling of Statute of Limitations and Consent Order* (Docket Entry No. 13892 at

9, the "Proposed Stipulation").  The commencement of HTA's Title III case on May 21, 2017,

triggered statutory deadlines relevant to certain potential causes of action between HTA and the

Commonwealth, including Movants' Proposed Avoidance Claims.[8]  The Proposed Stipulation
would further extend the statutory deadlines with respect to certain potential causes of action
between HTA and the Commonwealth, but would not, however, extend the statutory deadlines
applicable to Movants' Proposed Avoidance Claims.  (See Proposed Stip. ¶¶ 2-3 ("this
Stipulation shall not apply to any Causes of Action asserted by any party . . . [that] arise out of
the same facts, transactions, or occurrences as asserted in the [Proposed Avoidance Action]
attached as Exhibit C to the monoline insurers' section 926 motion to appoint them as trustees").)

        Movants do not object to extending the statute of limitations for the avoidance
actions covered by the Proposed Stipulation, but do object to the fact that the Proposed
Stipulation "was drafted to expressly carve out avoidance actions that would vindicate HTA's
rights to [the Excise Tax Revenues] and other revenues that were wrongfully transferred to the
Commonwealth."  (*Limited Objection of Ambac Assurance Corporation, Assured Guaranty
Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and
National Public Finance Guarantee Corporation to Urgent Motion for Approval of Tolling
Stipulation (ECF No. 13892)*, Docket Entry No. 13948, ¶ 2.)  Movants also note that the tolling
stipulation that is currently in force provides that the Commonwealth and HTA have the right to
extend the statutory tolling period "upon thirty (30) days' prior written notice and service of such

---

[8]     Specifically, the Bankruptcy Code provides that actions or proceedings brought under
section 549 must be filed "two years after the date of the transfer sought to be avoided,"
11 U.S.C.A. § 549(d) (Westlaw through P.L. 116-152).  Actions or proceedings brought
under sections 544 or 548 of the Bankruptcy Code must be filed within two years of the
commencement a Title III case.  Id. §§ 546(a), 301(b).  Thus, HTA's claims under
sections 544 or 548 of the Bankruptcy Code were set to expire no later than May 21,
2019.  However, the Court has previously approved two tolling stipulations between the
Commonwealth and HTA which provide for the extension of the statutory deadlines for
avoidance actions through August 14, 2020.  (See Docket Entry No. 6531 (extending
statutory deadlines for 270 days, or through February 15, 2020); Docket Entry No. 9722
(extending statutory deadlines for an additional 181 days, or through August 14, 2020).)

notice upon" relevant parties, including Movants (id. ¶ 7), arguing that the Proposed Stipulation should be rejected because it was not noticed in a timely fashion.

The Court overrules Movants' objections to the Proposed Stipulation. Movants' principal objection (i.e., that the Proposed Stipulation carves out the Proposed Avoidance Claims that Movants wish to pursue) is predicated on the same substantive legal theory that the Oversight Board has repeatedly declined to pursue and that the Court has found lacking. Movants' conviction that the law favors their interests does not persuade the Court to compel the Oversight Board, as representative of both the Commonwealth and HTA, to toll the limitations period on the Proposed Avoidance Claims in order to obtain approval of extensions of the limitations period for other potential claims. Furthermore, the Court is not persuaded that approval of the Proposed Stipulation despite the Oversight Board's non-compliance with the relevant notice provision will result in any prejudice to Movants. The clear purpose of the 30-day notice provision is to provide notice to parties *opposing* an extension of the relevant statutory periods rather than, as here, parties *supporting* the proposed extension. (See Docket Entry No. 9722, ¶ 2 (providing that the Commonwealth and HTA shall have the right to extend the tolling period "upon thirty (30) days' prior written notice and service of such notice" upon the relevant parties).) In any event, Movants had ample opportunity to file an objection to the Proposed Stipulation, which the Court has thoroughly considered. Movants have not been prejudiced as a result of the shortened notice period, and the Court will not reject the Oversight Board's decision to toll certain statutory deadlines simply because the Board has declined to toll the statute of limitations for avoidance claims that it reasonably considers to be meritless.

The Court will enter a separate order approving the Proposed Stipulation and overruling Movants' objection.

<u>CONCLUSION</u>

For the foregoing reasons, the Motion is denied.  This Memorandum Opinion and

Order resolves Docket Entry No. 871 in Case No. 17-3567 and Docket Entry No. 13708 in Case

No. 17-3283.


SO ORDERED.

Dated: August 11, 2020

  /s/ Laura Taylor Swain    
LAURA TAYLOR SWAIN
United States District Judge
