# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 9845**<br><br>(Jointly Administered) |

## OBJECTION TO MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM [ECF NO. 9845]

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf the Commonwealth of Puerto Rico (the "Debtor"),[2] pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this objection (the "Objection") to the *Motion for Allowance and Payment of Administrative Expense Claim* [ECF No. 9845] (the "Administrative Expense Motion") filed by

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.).

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Objection on behalf of the Commonwealth.

1

Consul-Tech Caribe, Inc ("Consul-Tech" or "Movant"). The Debtor respectfully requests that the Court deny without prejudice the Administrative Expense Motion for the reasons set forth below.

## PRELIMINARY STATEMENT

Through the Administrative Expense Motion, Consul-Tech seeks entry of an order finding that its claim of over $5.1 Million is an "allowed administrative priority claim" and requiring the immediate payment of such claim. The Administrative Expense Motion should be denied because there is serious concern as to the validity of Movant's administrative expense claim (*see* ¶ 11 *infra*) and Consul-Tech has not provided the Government with sufficient support to prove its entitlement to a claim of this magnitude and the Government has not, despite conducting diligent efforts to obtain supporting data and analysis from the relevant agencies, obtained sufficient support for the entirety of the claim. As a result, the relief requested is premature, at best.[3] The relief sought is also contrary to section 305 of PROMESA, which this Court and the First Circuit Court of Appeals have consistently found prohibits the Court from entering orders interfering with the Debtor's revenues or property, in the absence of the Oversight Board's consent. Absent such consent or the Government's agreement to pay claims in the ordinary course, PROMESA section 314(b)(4) only provides holders of allowed administrative claims a right to cash payment on the effective date of a future Debtor plan of adjustment. The Government would do its best to reconcile Movant's Claim to allow for payment upon resolution of the Claim.

The Debtor is sympathetic to and acknowledges the importance of paying post-Title III claims and allowable administrative claims promptly. However, where, as here, the Debtor requires the time afforded through PROMESA to continue to analyze, reconcile and assert

---

[3] For the avoidance of doubt, the Debtor reserves the right to challenge the Administrative Expense Motion and Consul-Tech's alleged right to an administrative expense claim on any ground whatsoever, including, without limitation, grounds based on contract law or bankruptcy law.

2

defenses, if applicable, to the allowance of post-petition claims such as Consul-Tech's, it should be granted that time until determination of validity of the Claim (defined below). This is particularly critical in connection with the Administrative Expense Motion, as the Debtor has not obtained sufficient information to determine whether the vast majority of Consul-Tech's asserted claim is proper. The Debtor has and continues to work to obtain the necessary information from over 20 agencies (which for the most part continue to operate with limited personnel) and from Consul-Tech (which has not provided a complete response) to reconcile, analyze, and determine whether to object or accept in part or in whole Consul-Tech's claim. The Debtor has a duty to confirm that the disbursement of public funds only occurs to pay for services actually provided and duly certified under any applicable laws and regulations and to only pay claims once confirmed.

For these reasons and those set forth below, the Court should deny the Administrative Expense Motion and should allow the Debtor the time afforded through PROMESA to continue to analyze post-petition claims and whether any should be allowed as an administrative claim until determination of validity of the Claim, if an agreement is not reached between the Debtor and Counsel-Tech prior to that time. In the alternative, the Government suggests that it will file a status report within three (3) months to update the Court on the progress it has made with the reconciliation of the Claim, verification by the Government of the certification by the agency of the services rendered, and any negotiations with Movants prior to continuing to adjudicate the Motion.

## BACKGROUND

1. On May 3, 2017 (the "<u>Petition Date</u>"), the Debtor, by and through the Oversight Board as the Debtor's representative pursuant to section 315(b) of PROMESA, filed a petition

Case:17-03283-LTS Doc#:14114 Filed:08/26/20 Entered:08/26/20 20:54:01 Desc: Main
Document Page 4 of 13

with the United States District Court for the District of Puerto Rico under Title III of PROMESA (the "Title III Case").

2. On February 28, 2020, the Oversight Board filed an *Amended Title III Joint Plant of Adjustment* (the "Plan of Adjustment") [ECF No. 11946]. Nonetheless, considering, among other reasons, the ongoing COVID-19 pandemic and its impact, the Oversight Board requested, and the Court so approved, the adjournment of the consideration of the Plan of Adjustment. See *Status Report of Oversight Board in Connection with July 29, 2020 Omnibus Hearing*, [ECF No. 13874] ¶5 (providing summary of status of plan of adjustment). The Oversight Board has also indicated that the Plan of Adjustment will be revised and submitted for consideration at a later date. *Id.*

### A. The Consul-Tech Claim

3. On January 13, 2020, Movant filed the Administrative Expense Motion, pursuant to section 503 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), requesting that the Court enter an order directing the Debtor to pay the amount of $5,120,772.50 as an allowed administrative expense claim (the "Claim"). Movant submits that the amounts allegedly owed by the Debtor are for post-petition services provided by Movant and, thus, Movant is entitled to administrative expense priority and immediate payment. See, *Administrative Expense Motion* at p. 21.

4. Movant generally alleges that on September 26, 2017, Consul-Tech entered into a contract with the Puerto Rico Emergency Management Agency ("PREMA"), an agency of the Debtor, for an amount of $800,000 to provide disaster relief assistance in the aftermath of Hurricanes Irma and María (the "Contract"). According to Movant, the Debtor engaged Consul-Tech to provide assistance with the "identification, formulation, estimation, preparation, and

submission of emergency work project worksheets" to secure funding under FEMA's public assistance program. *Administrative Expense Motion* ¶¶ 13 and 14.

5. Consul-Tech alleges that during the term of the Contract, the Government issued four task orders (the "Task Orders") directing Consul-Tech to provide services to over 20 state agencies and public corporations. Consul-Tech contends that these Task Orders complied with Puerto Rico law and purportedly amended and increased the amount of the original Contract to $16.4 million. *Administrative Expense Motion* ¶ 5. Consul-Tech claims that invoices in excess of $5,120,772.50 remain unpaid. *Id*. at 7.

6. On November 6, 2017, the Debtor notified Consul-Tech of its decision to terminate the Contract and proceeded to terminate the same, through a letter issued by the Secretary of the Department of Public Safety at the direction of the Chief of Staff of the Governor.

### B. Efforts to Reconcile Claim

7. Even prior to the filing of the Motion, the Debtor worked to reconcile the claims asserted by Counsel-Tech to determine the proper amount for payment. The Puerto Rico Central Office for Recovery, Reconstruction and Resilience ("COR3") engaged Deloitte & Touche LLP ("Deloitte") in 2018 to, among other things, conduct compliance tasks to confirm that federal and local funds have been accounted for and managed in accordance with disaster relief grant requirements. To that end, Deloitte reviewed Consul-Tech's invoices and supporting documentation for compliance with the cost allowability guidelines summarized in 2 CFR § 200 and prepared a report (the "Deloitte Report"). After a preliminary review of Consul-Tech's Claim, Deloitte disputed approximately $2.9 million in Consul-Tech's invoices (and raised potential legal issues and objections as to additional amounts) for numerous reasons, which are summarized below. The Deloitte Report states that additional documents and supporting documentation was

requested from Movant, however, Movant did not submit the documents requested to complete the findings and analysis started in such report.

8. Since the filing of the Motion, the Debtor, through AAFAF, has continued to reconcile the Claim, while faced with various obstacles.

9. First, as detailed above, the Contract was entered into between Movant and PREMA. PREMA is the main agency tasked with coordinating responses to emergencies in Puerto Rico. As detailed in AAFAF's status reports in connection with the omnibus hearings held during this year, since the filing of the Administrative Expense Motion, Puerto Rico has faced a series of emergencies such as the earthquakes that continue to affect the southwestern part of Puerto Rico since December 2019 and the ongoing COVID-19 pandemic since March 2020 which has temporarily resulted in, among other actions, a substantial amount of government employees working remotely with limited access to physical files. See e.g., *Status Report of AAFAF Regarding the Government of Puerto Rico's Recent Activities in Response to the Ongoing COVID-19 Pandemic* [ECF No. 13870]. PREMA and some of the agencies under the Task Orders are entities directly involved in coordinating and providing response efforts during these emergencies. Therefore, PREMA has had limited resources and its employees have been focused on addressing the COVID-19 crisis, the recent earthquakes in the southern part of the island and the effects of two recent tropical storms. As a result, the process of gathering the necessary information from PREMA has been delayed, although PREMA has and continues to provide the information as diligently as possible.

10. Second, the Debtor has also attempted to obtain documents from Movant supporting its Claim. Despite assertions by Movant that it has "made every reasonable effort to obtain payment," Movant has not cooperated with the Debtor to verify the Claim. *Administrative*

*Expense Motion* ¶¶ 47 and 49. Specifically, the Debtor requested from Movant any agency certifications for unpaid amounts relating to the Claim. While the Movant has provided limited responsive documents (showing certifications for less than 1/3 of the Claim), Movant has stated that while it may have additional responsive documents, it will not review nor produce them as part of efforts to consensually reconcile the Claim. Further, in an attempt to narrow down potential controversies and reconcile the Claim, the Debtor shared with Movant the Deloitte Report and again requested the additional documentation and support Deloitte had requested form Movant. Movant has failed to provide this information.

11. Notwithstanding these obstacles, the Debtor continues its efforts to reconcile the Claim, and as of the date of this filing, through such efforts, it has obtained documents showing: (a) that over $600,000 has been paid on the Claim; (b) there are certifications for less than 1/3 of the Claim; and (c) the Deloitte Report shows potential objections to the Claim in excess of $2.9 Million. These potential objections include but are not limited to the following: (i) that the Claim does not comply with Puerto Rico law and contracting requirements to the extent that the Task Orders exceed the amount of the Contract without Consul-Tech having executed an amendment to such Contract under Puerto Rico law; (ii) that in some instances individuals working for Consul-Tech billed more than 24 hours in one day; (iii) that individuals working for Consul-Tech double-billed for identical tasks, (iv) that individuals working for Consul-Tech charged what appears to be excessive hours in one week, on weekends, or on federal holidays; (v) that Consul-Tech charged travel costs to and from Puerto Rico; (vi) that certain expenses should be disallowed due to missing documentation and reconciling differences; (vii) that work was performed for an agency without an authorized Task Order; (viii) that invoiced items related to one agency charged on an invoice

did not relate to such agency; and (ix) that most of the invoices do not have a certification by the agency of the services rendered, as is required to receive payment under a government contract.

12. The Debtor's reconciliation effort is ongoing and the Debtor requires and should be allowed the time afforded by PROMESA to continue to analyze, reconcile and assert defenses, if applicable, to the allowance of post-petition claims such as Consul-Tech's until determination of validity of the Claim.

## **OBJECTION**

13. The Administrative Expense Motion should be denied because the Debtor has not received sufficient information to determine what portion of the Claim is valid. As a result, as more fully detailed herein, Movant's request for an order to compel immediate payment of the Claim is prohibited pursuant to section 305 of PROMESA, absent the Oversight Board's consent. Although the Debtor intends to pay undisputed claims in the ordinary course, the Movant does not have a right to immediate payment here, but only to a cash payment upon the effective date of a future Debtor plan of adjustment for any claim allowed as an administrative expense and remaining unpaid at that time. In the alternative, the Administrative Expense Motion should be adjourned pending a status report detailing the status of ongoing negotiations, reconciliation of the Claim, and verification by the Government of the certification by the agency of the services rendered, prior to continuing to adjudicate the Motion.

A. **The Debtor has Valid Defenses to the Claim**

14. As detailed above the majority of the Claim is missing supporting documentation,[4] may be subject to numerous objections summarized above, and is lacking the corresponding agencies' certification validating that the invoiced work was properly performed and that the

---

[4] The Motion also lacks any declaration in support of the many facts asserted in the Motion.

8

invoiced amounts can be paid. Unfortunately, Consul-Tech has failed to provide all of the supporting documentation to validate the entirety of the Claim (and has stated that it will not review or produce additional responsive documents), which precludes Consul-Tech from claiming any administrative expense priority. It is well-settled that a claimant has the burden of proving, by a preponderance of the evidence, that its claim is entitled to be treated as an administrative expense. *In re Cosi, Inc.*, 587 B.R. 1, 4 (Bankr. D. Mass. 2018); *see also Woburn Assocs. v Kahn* (*In re Hemingway Transp.*), 954 F.2d 1, 5 (1st Cir. 1996) ("The burden of proving entitlement to priority payment as an administrative expense therefore rests with the party requesting it."); *Mason v. Official Comm. of Unsecured Creditors (In re FBI Distrib. Corp.*), 330 F.3d 36, 42 (1st Cir. 2003). As detailed above, Movant has not done so, as a result, the Debtor reserves the right to assert further challenges to whether the Claim qualifies as an administrative claim in the event the Court adjourns this motion or dismisses the motion without prejudice to renewal upon verification of the Claim. See infra fn. 3.

**B.     Pursuant to Section 305 of PROMESA, the Court Does Not Have Jurisdiction To Compel the Debtor To Disburse Funds**

15.     Movant incorrectly asserts that "[n]othing prohibits immediate payment of an allowed administrative expense, either, as the timing of payment is within a court's discretion." *See* Administrative Expense Motion ¶ 52 (citing *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002); *In re Rare Coin Galleries, Inc.*, 72 B.R. 415, 417 (Bankr. D. Mass. 1987)). However, Movant cites to non-Title III (or chapter 9) case law which are irrelevant. contrary to Movant's assertion, an order compelling the Debtor to make an immediate payment of the Claim, even if allowed, is prohibited by section 305 of PROMESA, as it would interfere and mandate how the Debtor uses its property and revenues (in this case to pay Consul-Tech).

9

16. Specifically, section 305 of PROMESA bars the Court from entering any order "interfer[ing] with (1) any of the political or governmental powers of the debtor" or "(2) any of the property or revenues of the debtor", "unless the Oversight Board consents or the plan so provides." PROMESA § 305. This Court and the First Circuit Court of Appeals could not have been any clearer on that point. *See e.g., Order Granting Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* [ECF. 8886] (concluding that section 305 precludes the Court from requiring immediate payment of an administrative expense claim absent the Oversight Board's consent); *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 927 F.3d 597, 602 (1st Cir. 2019) (denying creditor's request to compel Debtor's remittance of toll revenues, vehicle fees, and excise taxes to HTA and then to the bank for payment to bondholders under section 305 because the "requested relief would require the Title III court itself to direct the Debtor's use of its revenues and property in a manner that contravenes the expressed will of the Debtor legislature, the Governor of Puerto Rico, and the Oversight Board").

17. In sum, Movant seeks an order from this Court to compel the Debtor to immediately disburse its property and thereby interfere with the Debtor's property and revenues. Because the claim is disputed, the Oversight Board has not consented to such an order, nor is there a plan of adjustment that so provides. As detailed above, PROMESA section 305 divests the Court of jurisdiction to issue any order that would interfere with any political or governmental powers or any of the property or revenues of the Debtor, absent the Oversight Board's consent. Accordingly, PROMESA does not grant this Court the power to provide the relief Movant requests.

**C. The Government Should Be Afforded Time To Reconcile The Claim. Movants Will Not Prejudiced As Pursuant to Section 314(b)(4) of PROMESA, Any Allowed Administrative Claim, Is Only Due At Confirmation of the Plan**

18. Under PROMESA Title III, assuming the Claim qualifies as an administrative claim, Consul-Tech has is not prejudiced as it is only entitled to payment on the effective date of a future confirmed plan of adjustment pursuant to PROMESA section 314(b)(4).

19. As detailed above, the Debtor requires and should be allowed the time afforded under PROMESA to continue to evaluate the Claim and other post-petition claims and to present its defenses, if any, and position as to the allowance of such claims in connection with the confirmation of a future plan of adjustment. The Court should allow the Government to continue its reconciliation process.

20. While the Debtor continues working diligently to gather the necessary information on the alleged work performed and any and all documents relating to the Claim, Consul-Tech's lack of cooperation in providing all of the relevant information under its possession, the current COVID-19 pandemic and the Government lockdown have delayed the Debtor's ability to obtain the required information to adequately investigate Movant's claims. The Debtor is operating with limited personnel and most of the personnel at the relevant agencies continue to work remotely. Moreover, some of the agencies, including PREMA, have been directly tasked with addressing the various emergencies faced by Puerto Rico, including the COVID-19 pandemic, the recent earthquakes and tropical storms.

21. Pursuant to the Task Orders, Consul-Tech allegedly rendered services to over 20 governmental agencies, including independent public corporations not currently under Title III of PROMESA. The Debtor, through AAFAF, has requested documents and information from all such agencies and public corporations, and has started and continues to receive relevant

11

documents. The Debtor has begun its analysis of the Claim and its potential objections, as summarized above, but requires additional documents and information such as supporting information for certain expenses for which reimbursement is sought through the Claim, explanation on time entries made in connection with the Claim and, in some instances, physically accessing the particular agencies and discussing with officers of each of the Debtor's agencies the information included in their physical files. The Debtor has also requested that Movant provide the supporting documentation and required certifications for its Claim, but Movant has only partially provided the same.

22. The Debtor should not be required to prematurely litigate the allowance of potential administrative claims, such as Consul-Tech's, at this stage, when its governmental review process is on-going and there is no legal basis to demand immediate payment on any such claims until the effective date of a future plan and when the Debtor requires time to properly evaluate and respond to the Claim. Accordingly, the Debtor requires and should be afforded the time until November 24, 2020 (90 days from this response), to continue to evaluate the Claim and present its defenses and position—and at that time file a status report with the Court to advice the Court of the progress that was made. Movants cannot be prejudiced by such a delay as they have no right to immediate payment. The Government would do its best to reconcile Movant's Claim to allow for payment upon resolution of the Claim.

## CONCLUSION

23. For the reasons set forth herein, the Administrative Expense Motion should be denied.

**WHEREFORE**, for all the above-stated reasons, the Debtor respectfully requests the Court deny without prejudice the Administrative Expense Motion.

12

Dated: August 26, 2020

San Juan, Puerto Rico

Respectfully submitted,

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

*/s/ Carolina Velaz-Rivero*
Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

*/s/ Iván Garau-González*
Iván Garau- González
USDC No. 304305
Email: igarau@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave.
Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*