**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: <br><br> **The Financial Oversight and Management Board for Puerto Rico,** <br><br> As representative of <br><br> **The Commonwealth of Puerto Rico,** *et. al.* <br><br> Debtors[1] | **PROMESA** <br> **Title III** <br><br> **Case No. 17 BK 3283-LTS** |
| In re: <br><br> **The Financial Oversight and Management Board for Puerto Rico,** <br><br> As representative of <br><br> **Puerto Rico Electric Power Authority** <br><br> Debtor | **PROMESA** <br> **TITLE III** <br><br> **Case No. 17 BK 4780-LTS** |

**REPLY TO OBJECTION OF PUERTO RICO ELECTRIC POWER AUTHORITY TO EFRON DORADO, S.E.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COMES NOW, Efron Dorado, S.E. ("Efron Dorado"), through its undersigned counsel, and respectfully states and requests:

## I. Preliminary Statement

1. After compliance with this Court's Thirteenth Amended Case Management Order [**ECF No. 13512-1**], on July 23, 2020, Efron Dorado filed a motion for relief from the automatic stay provisions of 11 U.S.C. § 362 (a), made applicable to Puerto Rico Electric Power Authority's ("PREPA") Title III proceedings by 48 U.S.C. § 2161 (the "Motion"), in order to allow Efron Dorado to enforce the judgment (the "Judgment") entered by the Court of First Instance of Puerto Rico, Superior Section of San Juan (the "State Court") in Case Number 2010-2408 (904) against PREPA and its then Executive Director Miguel Cordero ("Cordero") (Case No. 2010-2408 (904)) (**Exhibit A**).

2. After a consented motion for extension of time [**ECF No. 13998**], granted by the Court on August 7, 2020 [**ECF No. 14000**], on August 17, 2020, PREPA filed an objection to the Motion (the "Objection") [**ECF No. 14053**].

3. What follows is Efron Dorado's reply to the Objection (the "Reply").

## II. Facts

4. Efron Dorado incorporates by reference the statement of facts of the Motion, as if literally set forth herein.

5. Those facts show that Efron Dorado's account number 025-0430581-001 with PREPA was retroactively charged $259,952.41 (the "charge"), plus late charges for $4,419.19, totaling $264,371.80, in PREPA's electric power services statement to Efron Dorado for May 2009, of which Efron Dorado paid its regular monthly consumption in the amount of $2,686.33; and that without any prior warning, explanation or a breakdown of the charges, ignoring Efron Dorado's

2

invocation of the administrative objection procedure of 27 L.P.R.A. § 262 et. seq. (Law No. 33) (the "Administrative Objection Process"), on June 21, 2010 PREPA cut off the power services to Efron Dorado's Shopping Center at Dorado, Puerto Rico (the "Shopping Center"), which resulted in the filing by Efron Dorado of Case No. 2010-2408 (904) with the Court of First Instance of Puerto Rico, Superior Section of San Juan (the "State Court").

6. While the Administrative Objection Process was pending, pursuant to PREPA's Regulation, Efron Dorado did not have to pay the charge in question, which could not be considered as owed until a final determination thereunder, which didn't happen.

7. After a hearing, the State Court entered the Judgment referring to the agreement between Efron Dorado and PREPA, providing for the reactivation of the Administrative Objection Process under Law No. 33 to its third level, as to which an arbitrator would be appointed within sixty (60) days to consider Efron Dorado's claim; that Efron Dorado would pay $2,743.87 as required by the Regulation prior to the commencement of the arbitration, which was done; that Efron Dorado would dismiss Case No. 2010-2708 (904) with prejudice and would continue to provide access to PREPA for its reading of the meters at the Shopping Center; that PREPA would restore the interrupted power services without prejudice, which was done, and that once the Administrative Objection Process was concluded, PREPA could proceed with its interruption process to enforce the decision that could be entered by the arbitrator.

8. During the hearing in Case No. 2010-2408 (904), the presiding judge stated that if PREPA would again disconnect the power services to the Shopping Center pending the Administrative Objection Process, Cordero would be found in contempt of the State Court.

9. In the meantime, in Case No. KCD2012-01309, the State Court directed that $208,219.69 in consigned rents belonging to Efron Dorado be disbursed to PREPA to cover $24,682.91 of Efron

3

Dorado's arrears with the $183,536.78 balance to be applied to Association of Condominio 221 Plaza's ("Condominium") account, where Efron Dorado's offices are located, transaction which was approved by PREPA. Over four years later PREPA reverted the $183,536.78 payment, crediting it to Efron Dorado, whose account with PREPA was still subject to the Administrative Objection Process, again violating the procedure of Law No. 33, disregarding the Judgment of the State Court.

10. In the Motion, Efron Dorado seeks relief form the automatic stay of 11 U.S.C. § 362 (a) pursuant to 11 U.S.C. § 362 (d) (1), showing cause therefor as stated above, and discussing the applicable factors of *In re Sonnax Indus.*, 907 F.2d 1280 (2nd Cir. 1990), as a basis therefor, in order to enforce the Judgment in Case No. 2010-2408 (904) for PREPA to comply therewith and conclude the Administrative Objection Process, which is really the crux of the matter to be considered by the Court.

### III. Argument

11. In the Objection, PREPA submits that the Motion should be denied because Efron Dorado lacks standing to seek relief from stay on behalf of Condominium or that Efron Dorado otherwise does not meet its burden of establishing cause. In doing so PREPA ignores that the relief actually sought by Efron Dorado and the reason for the filing of the Motion is for the automatic stay of 11 U.S.C. § 362 (a) to be lifted in order for Efron Dorado to be able to enforce the Judgment pursuant to which the parties were to complete the aborted Administrative Objection Process, to which PREPA is bound. The crediting of the Condominium's account is not the heart of the controversy and only raised as an alternative remedy for which Efron Dorado certainly has standing as an aggrieved party by PREPA's acts, since the Condominium is seeking to recover from Efron Dorado the $183,536.78 originally credited to the Condominium's account.

12. Moreover, contrary to the statements od the Objection, Efron Dorado discusses in the Motion the *Sonnax* factors showing that their applicability weigh in favor of the relief of stay sought to enforce the Judgment on order to be able to conclude the Administrative Objection Process.

13. Furthermore, contrary to the assertions of the Objection, the specific facts of this case where Efron Dorado's account with PREPA was retroactively charged in the amount of $259,952.41, while being the subject of the Administrative Objection Process, can't be part of the claims resolution process in PREPA's Title III proceedings, as said act doesn't fall within the definition of the term "claim" of 11 U.S.C. § 101 (5) since Efron Dorado is not seeking "a right to payment" but the elimination of the charge, which if improperly effected couldn't be subject to dividends under a plan of adjustment, contrary to the Takings Clause of the Fifth Amendment[2] to the Constitution of the United States of America and Section 9 of Article II of the Constitution of the Commonwealth.

14. At pages 5-7 of the Motion, Efron Dorado discusses the *Sonnax* factors and how they weigh in favor of granting Efron Dorado relief from stay to request the enforcement of the Judgment in order to bring to conclusion the Administrative Objection Process, acknowledged to be pending

---

[2] There has been substantial argument as to whether the Bill of Rights of the Constitution of the United States applies to the Commonwealth directly or through the Fourteenth Amendment. The Supreme Court has stated that "Puerto Rico is subject to the Due Process Clause of either the Fifth or the Fourteenth Amendment" Posadas de Puerto Rico Assoc. vs. Tourism Co. of Puerto Rico, 478 US 328, 331 n.1 (1986). And in Torres vs. Puerto Rico, 442 US 465 (1979), Justice Brennan's concurrent opinion states that "whatever the validity of [the Insular Cases when] ...they were decided, these cases are clearly not authority for questioning the application of the Fourteenth Amendment, or any other provision of the Bill of Rights to the Commonwealth of Puerto Rico", Torres, 442 US at 475476. In its most recent decision applying a provision of the Bill of Rights to a citizen in Puerto Rico, Commonwealth of Puerto Rico vs. Sánchez Valle, 136 S. Ct. 1863 (2016), the Court did not discuss this issue because both parties had accepted that the Double Jeopardy Clause applied to the Commonwealth. The federal Government, however, in its brief as amicus curiae, at page 10, n. 1, asserted that "...the Double Jeopardy Clause could not apply to Puerto Rico through the Due Process Clause of the Fourteenth Amendment, because the Fourteenth Amendment applies only to 'state[s]'. The Double Jeopardy Clause thus must apply to Puerto Rico based on its status as a territory belonging to the United States". There seems to be no question, in any case, that the fundamental guaranties of the Bill of Rights apply to all American citizens in Puerto Rico.

by PREPA, and not as insinuated by PREPA to execute any judgment granting monetary relief, which in no way undermines or interferes or diminishes PREPA's Title III estate or the principle of equality of distribution under any plan of adjustment.

15. In turn in its discussion of the *Sonnax* factors, PREPA embarks on a theoretical voyage disengaged from the facts of this case, where Efron Dorado is only seeking relief from stay to conclude PREPA's own Administrative Objection Process, which PREPA acknowledges is pending and has ignored. The Objection reveals that PREPA doesn't dispute the facts asserted by Efron Dorado.

16. It is no excuse for PREPA to advocate that the Motion should be denied stating at footnote 9 of the Objection that the facts of the Motion are puzzling and that due to "its limited access to the Commonwealth Court's records during the COVID-19 pandemic, a full picture of the events and proceedings before the Commonwealth Court and the administrative proceedings (which PREPA admits are pending) would require PREPA to spend substantial time and resources.

17. PREPA is a party to Case No. 2010-2408 (904) and to the administrative proceeding resulting therefrom, and as Efron Dorado and everyone else affected by the COVID-19 pandemic has the responsibility of maintaining its own judicial and administrative records.

18. Finally in the Motion, Efron Dorado omitted addressing the sixth *Sonnax* factor which it does now by categorically stating that the enforcement of the Judgment doesn't involve third parties, which weighs in favor of granting Efron Dorado relief from stay as requested therein.

### IV. Conclusion

19. For the reasons discussed in the Motion and the instant Reply, the Motion should be granted providing Efron Dorado relief from the automatic stay provisions of 11 U.S.C. § 362 (a) in order

to enforce the Judgment of the State Court directing PREPA to conclude the Administrative Objection Process.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants.

San Juan, Puerto Rico, this 27th day of August 2020.

*s*/**CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
**Counsel for Efron Dorado, S.E.**
Charles A. Cuprill, P.S.C. Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com