UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>       as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br><br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| INDUSTRIA LECHERA DE PUERTO RICO, INC.,<br><br>              Movant,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>         as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>              Respondent. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

**OPPOSITION OF THE COMMONWEALTH OF
PUERTO RICO, BY AND THROUGH THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD, TO INDUSTRIA
LECHERA DE PUERTO RICO, INC.'S MOTION TO INTERVENE**

To the Honorable United States Magistrate Judge Judith Dein:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this opposition to *Motion For Leave To Appear And Be Heard As Party In Interest*, dated August 17, 2020 (the "Motion to Intervene"),[3] filed by Industria Lechera de Puerto Rico, Inc. ("Indulac")[ECF No. 14049] as follows:

**PRELIMINARY STATEMENT**

1. The Motion to Intervene should be denied because Indulac has failed to show the required cause to appear and be heard with respect to the Stay Relief Motion, as defined below. Simply put, Indulac has no economic or direct interest that could be impacted by the resolution of the Stay Relief Motion. Instead, Indulac's sole asserted interest is in the outcome of the challenge to Administrative Order 2020-22 (Motion to Intervene ¶ 5)—an issue that will not be decided in connection with the Stay Relief Motion. Thus, Indulac has no basis to intervene under Rule 2018.

2. Further, to the extent Indulac has an interest that could be impacted by the Court's adjudication of the Stay Relief Motion (and it does not), that interest would nevertheless be adequately represented because the Commonwealth intends to oppose the relief requested by Suiza in the Stay Relief Motion. Thus, the Motion to Intervene should be denied.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

## BACKGROUND

3. On August 3, 2020, Suiza filed its *Urgent Motion Requesting A Ruling Or Entry Of Comfort Order As To The Non-Applicability Of The Automatic Stay To Limited Controversy With The Commonwealth Of Puerto Rico Arising Post-Petition And Having Post-Petition Effects But Partially Based On A Pre-Petition Judgment Incorporating Milk Regulations Established By the United States District Court For The District Of Puerto Rico And Not Involving Property Of The Debtor Or Its Estate* [ECF No. 13938] (the "Stay Relief Motion").

4. Therein, Suiza states it "[does] not seek to obtain control or possession of property of the estate." *Id.* at 8. Rather, Suiza seeks an order confirming it would not be "acting in contravention of the automatic stay provisions" by pursuing a separate civil suit to challenge Administrative Order 2020–22. *Id.* at 9.

5. On August 17, 2020, Indulac filed its *Opposition to "Urgent Motion" Filed By Suiza Dairy Corp. For Lack Of Subject Matter Jurisdiction* [ECF No. 14050] ("Indulac's Opposition to Suiza's Motion"), as well as the Motion to Intervene.

6. In the Motion to Intervene, Indulac claims to have a "special interest in the outcome of the [Stay Relief Motion] regarding Administrative Order 2020–22 issued by the Administrator of the Puerto Rico Office of Regulation of Milk Industry, because Indulac will be directly affected by any determination on the validity of said Administrative Order." *Id.* ¶ 5.

7. On August 21, 2020, Suiza filed both its *Response to "Opposition [sic] To 'Urgent Motion Filed By Suiza Dairy Corp. For Lack Of Subject Matter Jurisdiction,'"* [ECF No. 14076] ("Suiza's Reply to Opposition to Motion for Comfort Order"), and its *Opposition To Motion For Leave To Appear And Be Heard As Party In Interest Filed By Industria Lechera De Puerto Rico, Inc. (Indulac) Under Fed R. Bankr. P. 2018(a)* [ECF No. 14075] ("Suiza's Opposition to the

3

Motion to Intervene"). There, Suiza correctly asserted Indulac has no basis to intervene under Rule 2018 because Indulac lacks any economic or direct interest that could be impacted by the resolution of the Stay Relief Motion.

## ARGUMENT

### I. Indulac Has No Right to Permissive Intervention Under Bankruptcy Rule 2018

8. Indulac lacks an interest in the outcome of the Stay Relief Motion such that the Court should deny its request to intervene. While Indulac may ultimately be affected by any determination made with respect to Administrative Order 2020-22 in a separate proceeding (if any), none of Indulac's rights would be affected by this Court's adjudication of the Stay Relief Motion. Thus, the Motion to Intervene should be denied.

#### A. Indulac Has No Direct Interest in The Outcome Of The Stay Relief Motion

9. Indulac seeks to intervene and be heard with respect to the Stay Relief Motion pursuant to Fed. R. Bank. P. 2018 ("Rule 2018"), which rule requires a movant establish that it has an economic or similar interest in the matter which is not adequately represented and that intervention would not result in undue delay or prejudice. *In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 546, 550 (D.N.H. 1988); *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989).

10. Here, Indulac asserts it has a "special interest in the outcome of the [Stay Relief Motion] . . . because Indulac will be directly affected by any determination on the validity of said Administrative Order." Motion to Intervene at ¶ 5. The Court, however, will not make any determinations regarding the validity of the Administrative Order in deciding the Stay Relief Motion. Instead, the Court will simply determine whether Suiza could proceed to pursue a separate

4

civil suit to challenge Administrative Order 2020. Thus, no economic or direct interest of Indulac could be affected by the Court's decision with respect to the Stay Relief Motion.[4]

11. Further, while Indulac refers to itself as a "party in interest" in its Motion to Intervene, it is not in fact a party in interest under 11 U.S.C. § 1109(b).[5] Indulac is neither a creditor nor any of the other expressly identified parties in interest under 11 U.S.C. § 1109(b)[6] and, while the list in Section 1109(b) is non-exhaustive, Indulac otherwise lacks any direct legal interest in the Commonwealth's Title III case or the resolution of the Stay Relief Motion, as shown above. Thus, Indulac is not a party in interest. *In re Addison Cmty. Hosp. Auth.*, 175 B.R. 646, 650 (E.D. Mich. 1994) (where a party is merely interested in the outcome of a matter but does not have a direct legal interest in the bankruptcy case that party is not a "party in interest.").

12. In short, Indulac has demonstrated no special interest in the outcome of Suiza's Stay Relief Motion and cannot establish it is a party in interest to the Commonwealth's Title III case. Thus, it has failed to demonstrate cause to intervene under Rule 2018.

---

[4] That is especially true since, in assessing requests for stay relief, courts generally do not address the merits of any underlying litigation. *See e.g.*, *Midwest Motor Supply Co., Inc. v. Hruby (In re Hruby)*, 512 B.R. 262, 270 (D.Col. 2014) ("For a bankruptcy court to delve into the likelihood of success on the merits in cases where – win or lose – there can be no substantive impact on the debtor would constitute an unnecessary intrusion into the province of the court where the merits of the dispute will ultimately be decided."); *In re VidAngel, Inc*., 593 B.R. 340, 352 (D. Utah 2018) ("Bankruptcy courts should avoid handicapping the outcome of such litigation out of respect for the foreign tribunal.").

[5] Rule 2018 is intended to give effect to 11 U.S.C. § 1109(b) of the Bankruptcy Code. ("The Advisory Committee Note indicates that Rule 2018 was intended to implement §§ 1109 and 1164 of the Bankruptcy Code."). *Resolution Trust Corp. v. Russell Corp.*, 156 B.R. 347, 349 (N.D. Ga 1993).

[6] Section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or an indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." *Id.*

### B. Assuming *Arguendo* Indulac Has an Interest In Opposing Suiza's Stay Relief Motion, Its Interests Are Adequately Represented By The Commonwealth

13. Even if the Court were to find that Indulac has an interest in opposing Suiza's Stay Relief Motion, Indulac's Motion to Intervene should nevertheless be denied because Indulac's interest, if any, is adequately represented by the Commonwealth. The Commonwealth will be opposing Suiza's Stay Relief Motion and, thus, Indulac's interests, if any, are adequately represented.

14. The automatic stay protects the debtor and property of the debtor. *In re Advanced Ribbons and Office Prods.*, 125 B.R. 259, 263 (9th Cir. 1991). It was not designed to benefit third parties, except to the extent that third parties benefit generally from the preservation of assets of the debtor. *See id.* ("It does not protect non-debtor parties or their property."). Thus, while the Commonwealth clearly has an interest in the outcome of the Stay Relief Motion, and the Commonwealth will vigorously defend such interest, Indulac will not be affected regardless of whether the Stay Relief Motion is granted or denied.

15. To that end, the Commonwealth will be opposing the Stay Relief Motion. Indulac also opposes the Stay Relief Motion. Therefore, Indulac's interests align with the Commonwealth and there is a presumption of adequate representation. *CFG Peru Investments Pte. Ltd. v. The Hongkong and Shanghai Banking Corp., Ltd. (In re China Fishery Group Limited (Cayman))*, 2018 WL 6824074, *4 (S.D.N.Y. Dec. 27, 2018) ("Where . . . there is an identity of interest between the existing litigant and the party seeking to intervene in the litigation, there is a presumption that the party already in the action is adequately representing the interests of the

6

putative intervenor.").[7] Indulac has not rebut that presumption. Accordingly, Indulac's Motion to Intervene should be denied as Indulac's interest, if any, is adequately represented.

## CONCLUSION

For the foregoing reasons, the Court should deny Indulac's *Motion For Leave To Appear And Be Heard As Party In Interest*.

---

[7] *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 855 (S.D.N.Y. 1989) (holding purported intervenor was adequately represented because its interests aligned with that of an Examiner and an Unsecured Creditors Committee that were already parties to the action).

Dated: August 27, 2019
New York, New York

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email:hermann.bauer@oneillborges.com

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*

Hermann D. Bauer