**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO

    Debtor.

PROMESA
Title III

No. 17 BK 3283-LTS

**This Motion relates only to the Commonwealth and shall only be filed in the lead Case No. 17 BK 3283-LTS.**

---------------------------------------------------------------x

### MOTION FOR RELIEF FROM STAY

    COMES NOW, Gloribel Gonzalez Maldonado, for herself and in representation of her minor, LORG ("Movant"), through the undersigned counsel, to respectfully move the Court for an Order pursuant to 11 U.S.C. § 362 for relief from the Automatic Stay and, in support of its motion, states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

BACKGROUND

1. February 8, 2012, Movant filed the Claim <u>Gloribel Gonzalez Maldonado et al v. Estado Libre Asociado et al</u>, EDP2017-0035 (the "Litigation"), before the Court of First Instance in and for the Municipality of Caguas ("Court of First Instance") against the Commonwealth of Puerto Rico ("Commonwealth") for the damages suffered by minor LORG in an area controlled by the Commonwealth.[2]

2. The Claim alleged that on January 24, 2011, six (6) year old LORG, a special needs student, suffered a fall in Padre Jorge Rosario Elementary School in the Municipality of San Lorenzo which resulted in two (2) cranial fractures and intracranial bleeding. **As the Litigation continued over the span of five (5) years, the parties reached a settlement in 2017 in the amount of forty-five thousand dollars ($45,000.00)**.

3. On March 7, 2017, pending a hearing for judicial authorization of the settlement - as the case involved a minor - the Court of First Instance ordered the application of the Section 301(a) of PROMESA, 48 U.S.C. § 2161, stay to the Litigation as a result of Debtor's bankruptcy petition under Title III of PROMESA, case no. 17-1578 (the "Petition").

4. On July 16, 2020, in compliance with Paragraphs F, U and R of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 13512), Movant notified the Counsel for the Oversight Board and AAFAF their intent to seek relief from the Title III automatic stay. **As of today, the Commonwealth has not responded**.

---

[2] Originally filed before the Court of First Instance in and for the Municipality of San Lorenzo under case number E2CI2012-0051, the case was later transferred to the Court of First Instance in and for the Municipality of Caguas with the case number EDP2017-0035.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA allows the Court to grant relief from the automatic stay "for cause". Even though "cause" is not defined in any section the United States Bankruptcy Code, this district and the Court have relied on the factors enumerated by the Second Circuit in <u>In re Sonnax Indus, Inc.</u>, 907 F.2d 1280, 1286 (2d Cir. 1990) ("<u>Sonnax</u>") to determine whether cause exists to lift the bankruptcy stay. See, e,g., <u>Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla</u>, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing <u>Sonnax</u>). Of the twelve (12) factors identified by the <u>Sonnax</u> Court, the following are of particular relevance to the Litigation: (a) "Whether the relief will result in a partial or complete resolution of the issues"; (b) "lack of any connection with or interference with the bankruptcy case"; (c) "the interests of judicial economy and the expeditious and economical resolution of litigation"; (d) "whether the parties are ready for trial in the other proceeding"; and (e) the "impact of the stay on the parties and the balance of harms." <u>Sonnax</u>, 907 F.2d at 1286.

The Litigation meets the criteria of all five (5) of the <u>Sonnax</u> factors mentioned above. The Litigation will result in a complete resolution of the issues, as the case is only pending the hearing for judicial authorization of the settlement; the facts of the Litigation lack any connection to the Petition; the Litigation is in an advanced enough stage that is only pending the hearing for judicial authorization of the settlement, thus demonstrating that the interests of judicial economy, and of the expeditious resolution of the Litigation, are best served by permitting the hearing to proceed in the Court of First Instance; and finally, allowing the Litigation to proceed will cause absolutely no harm to the Commonwealth.

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay allowing Movant to continue with the Litigation pending in the Court of First Instance and to pursue such additional actions as may be necessary and for such other and further relief as the Court deems proper.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY: That on July 16, 2020, in compliance with Paragraphs F, U and R of Section III (Scheduling) of the Case Management Procedures, as amended by Order Further Amending Case Management Procedures (docket no. 13512), Movant notified the Counsel for the Oversight Board and AAFAF their intent to seek relief from the Title III automatic stay. As of today, the Commonwealth has not responded.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing system which will send a notification of such to the parties of record and to all interested subscribed users.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 27th day of August 2020.

/S/ Emanuel Rier-Soto
EMANUEL RIER-SOTO, ESQ
U.S.D.C. 304110
*Attorney for Movant*

HC4 Box 12672
Rio Grande, PR 00745
(787) 307-5991
E-Mail: rier@riersotolaw.com