# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BAORD OF PUERTO RICO | PROMESA Tittle III |
| As representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |

### REPLY TO SUIZA DAIRY CORP. AND THE COMMONWEAHT OF PUERTO RICO'S OPPOSITIONS TO INDULAC'S MOTION FOR LEAVE TO APPEAR AND BE HEARD

**TO THE HONORABLE COURT:**

**COMES NOW,** Party in Interest, Industria Lechera de Puerto Rico, Inc. ("Indulac"), represented by the undersigned attorneys, who respectfully prays as follows:

### *Introduction*

1. On August 3rd, 2020, Suiza Dairy Corp. ("Suiza") filed an *Urgent Motion* requesting this Honorable Court to issue a comfort order. (Doc. #13938). Specifically, Suiza requests a ruling on whether it would be acting in contravention

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Puerto rico Sales tax financing Corporation ("COFINA") Rico (Bankruptcy Case No. 17-BK-3284 (LTS) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

of the automatic stay provisions of Sections 362(a) and 922(a) of the Bankruptcy Code if it chooses to question the validity of Administrative Order 2020-22 issued by the Administrator of the Puerto Rico Milk Industry Regulatory Office ("ORIL") within Civil Case No. 04-140(DRD) before the United States District Court for the District of Puerto Rico.

2. On August 17th, 2020, Indulac filed a *Motion for Leave to Appear and Be Heard as Party in Interest* ("*Motion to be Heard*"), arguing that it "has special interest in the outcome of the *Urgent Motion* regarding Administrative Order 2020-22…, because Indulac will be directly affected by any determination on the validity of said Administrative Order." (Doc. #14049).

3. Indulac also filed an opposition to Suiza's *Urgent Motion*, requesting this Honorable Court to take notice of the following facts: (i) on July 23rd, 2020, before filing the *Urgent Motion*, Suiza filed a motion for reconsideration with ORIL, (ii) the Administrator of ORIL issued a *Resolution* determining that ORIL will be evaluating Suiza's reconsideration and, (iii) notwithstanding the above, on August 10th, 2020, Suiza filed a *Review of an Administrative Order* with the Puerto Rico Court of Appeals. (Doc. #14050). Indulac argued that, pursuant to the doctrine of exhaustion of administrative remedies, the U.S. District Court for the District of Puerto Rico lacks subject matter jurisdiction. Therefore, Suiza's request for a comfort order based on its intention to question the validity of Administrative Order 2020-22 ("OA-2020-22") within Civil Case No. 04-140(DRD), is futile.

00054157/

Industria Lechera de Puerto Rico, Inc.
*Reply to Oppositions to Leave to be Heard*
Page **3** of 9

4. On August 21st and 27th, 2020, Suiza and the Commonwealth of Puerto Rico ("PR") filed oppositions to Indulac's *Motion to be Heard*. (Docs. #14075 and #14116, respectively).

5. Although Suiza acknowledged that Indulac indeed has a direct interest in any determination about the validity of OA-2020-22, argued that Indulac shall not be allowed to be heard because this Honorable Court will not issue any determination regarding the validity of OA-2020-22. In addition, Suiza alleged that Indulac is free to raise its arguments before the forum that will be considering the validity of OA-2020-22.

6. PR raised a similar argument and added, in the alternative this Honorable Court finds that Indulac has an interest to intervene, that Indulac's interests will be adequately represented by PR, who "will be opposing Suiza's Stay Relief Motion". (Doc. #14116, p. 6, ¶13).

7. Indulac was granted until August 31st, 2020, to file any replies and "[t]he Court will thereafter take the Motion to Be Heard on submission unless the Court orders otherwise." (Doc. #14085).

### ***Applicable Legal Framework***

8. Rule 2018(a) of the Federal Rules of Bankruptcy Procedure states that, "**[i]n a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter**."

00054157/

9. The Advisory Committee Notes reveal that Rule 2018 implements §1109 of the Code, which states, among other things, that "**[a] party interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue under this chapter**." (Emphasis supplied). 11 U.S.C.A. §1109(b).

10. "Section 1109 lists certain entities that are considered to be parties in interest, **however the list is nonexhaustive**. Section 102(3), 11 U.S.C. §102(3), states that the term 'including' is not limiting; therefore, the use of the word 'including' in section 1109(b) does not limit 'party in interest' status to those parties specifically referred to in the subsection." (Emphasis supplied). *In re Public Service Co. of New Hampshire*, 88 B.R. 546, 550 (D.N.H. 1988).

11. "Although **the term 'party in interest'** has not been defined anywhere in the Bankruptcy Code or Rules, **it is to be construed broadly**". (Emphasis supplied). *Id*. It should be noted that "the concept of 'party in interest' is an elastic and broad one designed to give the Court great latitude to insure fair representation of all constituencies impacted in any significant way by a Chapter 11 case." *In re Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984), cited in *In re Public Service Co. of New Hampshire*, *supra*, at p. 550-551. Therefore, "[t]he basic test under section 1109(b) is 'whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation." *In re*

*Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985), cited in *In re Public Service Co. of New Hampshire*, *supra*, at p. 551.

12. "Permissive intervention under Rule 2018(a) may be permitted upon a showing of cause. As noted in 8 Collier on Bankruptcy ¶2018.03[3] at 2018-7 (15th ed. 1988): '**The cause is an economic or similar interest in the case or one of its aspects**. Intervention might also be permitted to an entity based on that entity's concern with precedential ramifications of an aspect of a case such as a state concerned with possible conflicts between Chapter 11 and state regulatory policies." (Emphasis supplied). *Id,* at p. 551.

13. "The factors that courts have considered in determining whether to grant permissive intervention are whether the intervenor's interest are already adequately represented, and whether intervention would result in undue delay or prejudice to the original parties." *Id*. In other words, "to establish cause under Fed.R.Bankr.P. 2018(a), **a party must establish that it has an economic or similar interest in the matter which is not adequately represented and that intervention would not result in undue delay or prejudice**." (Emphasis supplied). *Matter of Russell Corp.*, 156 B.R. 347, 349 (N.D. Georgia 1993).

14. Section 1109, *supra*, "provides that 'a party in interest, including the debtor, the trustee and a creditor, may raise and may appear and be heard on any issue in a case under chapter 11,'does not afford a right to intervene under Rule 24(a)(1), [however,] **such 'parties in interest' enjoy the general right to 'monitor' the progress of the chapter 11 case**." (Emphasis supplied). *In re*

00054157/

*Financial Oversight and Management Board for Puerto Rico*, 301 F.Supp.3d 272, 273 (D.P.R. 2017), citing *In re Thompson*, 965 F.2d 1136, 1142 n.8 (1st, Cir. 1992). In other words, "[t]he right granted by Section 1109 to 'raise', 'appear' and 'be heard' on any issue requires only a limited form of intervention." *In re Financial Oversight and Management Board for Puerto Rico*, 301 F.Supp.3d 325, 328 (D.P.R. 2018), citing *In re Smart World Tech., LLC*, 423 F.3d 166, 182-83 (2nd Cir. 2005).

15. Intervention, "whether obtained, as here, through Section 1109(b) or more generally through Rule 24, 'may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.' Fed. R. Civ. P. 24, advisory committee's note, 1966 amendment." *In re Financial Oversight and Management Board of Puerto Rico*, 297 F.Supp.3d 261, 266 (D.P.R. 2017). "Limited intervention is particularly appropriate [where] …getting all interested parties to the table promotes an effective and fair solution, but preventing an expansion of the scope is necessary to keep control of the case." *Id*., citing *U.S.* v. *City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013).

16. "The Scope of intervention is at the discretion of the court and depending on the circumstances, can span from the right to file briefs and be heard at argument to the right to control causes of action." *In re Financial Oversight and Management Board for Puerto Rico*, 301 F.Supp.3d, *supra*, at 328, citing *In re Adelphia Comm. Corp.*, 285 B.R. 848, 856 (S.D.N.Y., 2002).

17. **The abovementioned legal framework reveal that it is at the discretion of the court to allow full or limited intervention. However, even**

**though an intervening party is adequately represented by an existing party, limited intervention is warranted in order for that party to be able to exercise its general right to 'monitor' the progress of the chapter 11 case.** *In re Financial Oversight and Management Board for Puerto Rico*, 301 F.Supp.3d, *supra*, at 328. ("Where an intervening party is adequately represented by an existing party, full intervention is not warranted.")

### *Analysis*

18.     OA-2020-22 ordered, as of July 23rd, 2020, that a minimum of two daily delivery routes of Suiza shall be assigned to Indulac and that each route shall contain no less than 2,000 quarts per tank. (Doc. #14076-1, Certified Translation of OA-2020-22, p.28 of 29).

19.     Therefore, undoubtedly Indulac has an economic or similar interest in all the matters related to OA-2020-22. As such, Indulac's interest should not be limited to argue in favor of the validity of OA-2020-22, **but must also be allowed to express its position as to what forum has jurisdiction to review the validity of OA-2020-22**. **At the very least, as a party in interest, Indulac enjoys the general right to 'monitor' the progress of Suiza's *Urgent Motion*.** *In re Thompson*, *supra*; *In re Financial Oversight and Management Board for Puerto Rico*, 301 F.Supp.3d, *supra*.

20.     Being a 'party in interest', according to Rule 2018 and §1109, *supra*, Indulac may raise and may appear and be heard on any issue, **substantive or**

Industria Lechera de Puerto Rico, Inc.
*Reply to Oppositions to Leave to be Heard*
Page **8** of 9

**procedural**, regarding the validity of OA-2020-22 brought by Suiza before this Honorable Court.

21. Indulac already filed its opposition to Suiza's *Urgent Motion* stating the reasons why the United States District Court for the District of Puerto Rico does not have jurisdiction to evaluate the validity of OA-2020-22; therefore, Indulac's intervention will not result in undue delay or prejudice.

22. Moreover, at the time Indulac filed its *Motion to be Heard*, PR's position as to Suiza's *Urgent Motion* was unknown. Afterward, PR informed that it will be opposing Suiza's *Urgent Motion*. However, the reasons under which PR will be opposing Suiza's *Urgent Motion* are still unknown. Therefore, it is not clear at this time if Indulac's interests will be adequately represented by PR. In the alternative, **limited intervention is warranted in order for Indulac to be able to exercise its general right to 'monitor' the progress of Suiza's *Urgent Motion*.**

23. In short, it is clear that Indulac is a 'party in interest' regarding OA-2020-22. As such, Indulac may raise and may appear and be heard on any procedural or substantive issue brought before this Court regarding OA-2020-22. Indulac's intervention will not result in undue delay. In addition, it is still not clear if Indulac's interests will be adequately represented by PR. Consequently, Indulac should be allowed to appear and be heard on the matter included in Suiza's *Urgent Motion* related to OA-2020-22. In the alternative, a limited intervention is warranted according to the limitations considered appropriate by this Honorable

Court that afford Indulac the opportunity to exercise its general right to 'monitor' the progress of Suiza's *Urgent Motion*.

**WHEREFORE**, it is respectfully requested that the Honorable Court takes notice of the above and grants Indulac leave to be heard as party in interest regarding the matter discussed in Suiza's *Urgent Motion*.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, on this 31st day of August 2020.

**WE HEREBY CERTIFY** that on the same date, a copy of this Notice was filed through the Court's CM/ECF System, which sends notifications of such filing to all counsels of record who have registered for receipt of notice by electronic mail.

> **MARICHAL, HERNANDEZ, SANTIAGO & JUARBE, LLC**
> Triple S Plaza
> 1510 F.D. Roosevelt Ave.
> 9th Floor, Suite 9 B1
> Guaynabo, Puerto Rico 00968
> P.O. Box 190095
> San Juan, Puerto Rico 00919-0095
> Phone: (787) 753-1565
> Fax: (787) 763-1404
>
> */s/ Rafael M. Santiago-Rosa*
> **Rafael M. Santiago-Rosa**
> USDC P.R. No.211705
> E-Mail: rsantiago@mhlex.com
>
> */s/ José R. Negrón Fernández*
> **José R. Negrón-Fernández**
> USDC P.R. No. 212713
> E-Mail: jnegron@mhlex.com

00054157/