# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>as co-trustees respectively, of | Adv. Proc. No.<br><br>Case No. 19-00388 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

THE PUERTO RICO ELECTRIC POWER AUTHORITY,

      Plaintiffs,

v.

INSPECTORATE AMERICA CORPORATION; SAYBOLT LP; ALTOL CHEMICAL ENVIRONMENTAL LABORATORY INC. D/B/A ALCHEM LABORATORY; ALTOL ENVIRONMENTAL SERVICES, INC.; CARLOS R. MÉNDEZ & ASSOCIATES; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; TRAFIGURA LIMITED; TRAFIGURA ARGENTINA S.A.; VITOL S.A., INC.; VITOL, INC.,

      Defendants.

## THE RATEPAYER CLASS' RESPONSIVE STATUS REPORT AND PROPOSED ORDER ON CASE MANAGEMENT

To The Honorable United States Magistrate Judge Judith Gail Dein:

  Anne Catesby Jones and Jorge Valdes Llauger, individually and on behalf of the Class certified in *Marrero-Rolon, et al. v. Autoridad de Energia Electrica, et al.*, Case No. 15-01167 (JAG) (D.P.R. Sept. 30, 2018) [D.I. 623] (granting class certification) (collectively, the "Ratepayer Class"), respectfully submit this Status Report.[2]

  In 2015, the Ratepayers commenced a civil action titled *Ismael Marrero Rolon, et al. v. Autoridad de Energia Electrica*, No. 3:15-cv-01167-JAG (D.P.R.), a class action law suit (the "Class Action") against PREPA and 18 other defendants (collectively, the "Fuel Oil Suppliers") in the United States District Court for the District of Puerto Rico (the "District Court"). In that Class Action, the Ratepayers allege, among other things, RICO violations and unjust enrichment claims.

---

[2]  The issue of the Ratepayers' proposed intervention in the above-captioned adversary proceeding (the "Adversary Proceeding") is currently set to be heard at the omnibus hearing on September 16, 2020. On August 17, 2020, the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico, acting by and Through its Members and the Official Committee of Unsecured Creditors of the Puerto Rico Electric Power Authority (collectively, the "Co-Plaintiffs") filed a Joint Status Report and Proposed Order on Case Management (the "Co-Plaintiffs Status Report"). By and through this responsive status report, the Rateholders have attempted to provide some historical context to the Court, but also to avoid duplication with the Co-Plaintiffs Status Report.

The Class Action is based upon a scheme to provide non-compliant fuel oil, which defrauded the Ratepayers because the Puerto Rico Electric Power Authority—a debtor in the above-captioned PROMESA Title III adjustment proceeding ("PREPA")—charged the Ratepayers the prices for compliant fuel oil but accepted non-compliant fuel oil. The Class Defendants filed a total of sixteen motions to dismiss, and on March 31, 2016, the District Court entered a memorandum and order denying in part, the motions to dismiss. The District Court dismissed certain claims against some of the defendants, but denied nearly all the Fuel Oil Suppliers' motions to dismiss the RICO claims.

On June 30, 2019, the Co-Plaintiffs commenced the Adversary Proceeding, adopting the Ratepayers' allegations in full. By and through the Adversary Proceeding, the Co-Plaintiffs assert claims of fraudulent conveyances based upon the same common operative facts: namely that the Fuel Oil Suppliers provided non-compliant fuel oil, which was not reasonably equivalent in value to the Transfers made by PREPA for such non-compliant fuel oil.

As this Court is aware, although the District Court has granted class certification to the Ratepayers, this Court denied the Ratepayers' request for relief from the automatic stay to pursue the Class Action [Docket No. 1228].

There remains the issue, however, whether the actions brought by the Co-Plaintiffs are claims of the estate or claims of the Ratepayers, an issue that may depend upon whether or not PREPA was a party to or involved in the underlying conspiracy with the Fuel Oil Suppliers. In fact, as part of the District Court's opinions, the District Court held that the Ratepayers "are the scheme's most direct victims," (D.I. 254, at 12 (citing D.I. 214 at 29-33)), and "the indirect purchaser rule does not bar Plaintiffs' suit if PREPA was in fact a co-conspirator," (*Id.* at 12).

The Ratepayers have moved to intervene in the Adversary Proceeding, and the motion is fully briefed (*see* ECF Nos. 9, 29, 30, 31, 43). On December 10, 2019, this Court entered its *Order*

*Granting in Part Motion to Stay Adversary Proceeding and Setting Deadline for Filing of Joint Status Report* [ECF No. 61] (the "<u>Fuel Oil Stay Order</u>"). The Fuel Oil Stay Order required the Parties to meet and confer and provide the Court with a detailed status report meeting the Court's specifications by May 12, 2020. On July 17, 2020, the Court entered its *Order on Case Management* [ECF No. 68], extending the deadline to file a status report and setting a schedule for responses and replies to the status report in advance of the Omnibus Hearing on September 16, 2020. On August 17, 2020, the Co-Plaintiffs filed the Co-Plaintiffs Status Report with this Court [Docket No. 14052]. The Ratepayers respectfully respond as follows.

1. The Court has previously indicated that some degree of coordination between this Adversary Proceeding and the Class Action would be beneficial.

2. The Co-Plaintiffs made a proposal to the Ratepayers which purported to grant a limited right to intervention. A copy of that proposed order was attached as Exhibit "A" to the Co-Plaintiff's Status Report. Among other things, the Co-Plaintiffs proposed that the Ratepayers would not have any right to propound discovery or examine witnesses, and they would need leave from this Court to be heard on issues raised by the other parties, even if the Ratepayers' position was different from that of the other parties. Further, the Co-Plaintiffs would have blanket authority to settle with any or all of the Fuel Oil Suppliers. In short, the Co-Plaintiffs proposal would relegate the Ratepayers to bystanders in an action in which the Ratepayers—*not the estate*—suffered the underlying harm, and in which the estate may not even have an economic interest, depending on PREPA's involvement in the underlying conspiracy.

3. The Ratepayers are willing to work reasonably and constructively with the Co-Plaintiffs, and after consideration of the Co-Plaintiff's proposal, the Ratepayers provided the Co-Plaintiffs with a counter-proposal that authorized the Ratepayers to appear and be heard in the

Adversary Proceeding, a blackline copy of the proposed order reflecting the Ratepayers' proposed changes was annexed as Exhibit "B" to Co-Plaintiffs' Status Report. A clean copy of the Ratepayers' proposed order is attached as Exhibit "A". The Ratepayers' believe that these proposed changes reflect a balancing of the absolute rights of creditors under Section 1109(b) and Rule 24(a)(1) of the Federal Rules of Civil Procedure to intervene in the Adversary Proceeding, in accordance with First Circuit Court of Appeals' ruling in *In re The Financial Oversight And Management Board For Puerto Rico*, 872 F.3d 57 (1st Cir. 2017).

4. Mindful of the Court's suggestion that the parties engage in some coordination between this Adversary Proceeding and the Class Action, the Ratepayers agreed to use reasonable efforts to confer in advance of issuing discovery requests or conducting depositions, hearings, or trial, to avoid duplication of efforts. That said, the Ratepayers will not agree to waive their rights to obtain necessary information that relate to claims in the Adversary Proceeding and the Class Action, which the Ratepayers respectfully submit is the reason that this Court believes that parties should agree upon some degree of coordination. Nor will the Ratepayers agree to file a request with this Court every time the Ratepayers need to address issues in the Adversary Proceeding. To do so would not only waste the parties' time and money and needlessly expend judicial resources, but would run contrary to the Rateholders' rights under Section 1109(b) of the Bankruptcy Code. And it would be absolutely contrary to the rights of the Ratepayers' Class to allow the Co-Plaintiffs to settle claims that do not belong to them.

5. In short, the proposed relief sought by the Co-Plaintiffs is neither reasonable nor legally sustainable.

6. Further, and solely by way of preview, the Ratepayers intend to file an adversary proceeding through which they will seek declaratory relief with respect to whether the underlying

claims are assets of the estate. A determination as to the party who is entitled to assert the underlying claims against the Fuel Oil Stay Order is ultimately necessary. As an ancillary part of the same adversary proceeding, the Ratepayers will seek to lift the automatic stay once the Court determines that the underlying claims are not assets of the estate.

Accordingly, the Ratepayers respectfully request that the Court (i) deny the relief sought by the Co-Plaintiffs' proposed form of order, (ii) enter the proposed order attached as Exhibit A, and (iii) grant to the Ratepayers such other relief and further relief as this Court believes appropriate.

Dated: August 31, 2020

Respectfully Submitted,

ANNE CATESBY JONES and JORGE VALDES LLAUGER,

By: */s/ Elizabeth A. Fegan*
    Elizabeth A. Fegan (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
E-mail: beth@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com

Jane A. Becker Whitaker
USDC NUMBER 205110
P.O. Box 9023914
San Juan, Puerto Rico 00902
Telephone: (787) 945-2406
E-Mail: janebeckerwhitaker@gmail.com

J. Barton Goplerud
Shindler, Anderson, Goplerud & Weese PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Telephone: (515) 223-4567
E-mail: goplerud@sagwlaw.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Direct: (216) 622-1851
Fax: (216) 241-8175
Cell: (216) 390-2594
E-mail: dkaron@karonllc.com