# Ex. A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     Debtor. | Case No. 17-BK-4780 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>     and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     as co-trustees respectively, of | Adv. Proc. No. 19-00388 (LTS) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523- LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| THE PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>       Plaintiff.<br><br>       v.<br><br>ALTOL CHEMICAL ENVIRONMENTAL LABORATORY INC. D/B/A ALCHEM LABORATORY, ALTOL ENVIRONMENTAL SERVICES, INC., CARLOS R. MENDEZ & ASSOCIATES, INSPECTORATE AMERICA CORPORATION, SAYBOLT LP, TRAFIGURA ARGENTINA S.A., TRAFIGURA BEHEER, B.V., TRAFIGURA LIMITED, TRAFIGURA TRADING LLC, VITOL, INC., AND VITOL S.A., INC.,<br><br>       Defendants. |

### PROPOSED ORDER GRANTING INTERVENTION RIGHTS TO *MARRERO* PLAINTIFFS UNDER BANKRUPTCY RULE 7024

WHEREAS, this matter is before the Court on *The Marrero Plaintiffs' Motion To Intervene* (Dkt. No. 9) (the "Motion"). The deadline for responses to the Motion was October 25, 2019. See Notice of Hearing, Dkt. No. 11. The Court received the following objections to the Motion:

- *The Special Claims Committee's Objection to Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 29);

- *The Official Committee of Unsecured Creditors' Opposition To The Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 30); and

- *Defendants Inspectorate America Corporation, Saybolt LP, Vitol, Inc., Vitol S.A., Inc., Carlos R. Mendez & Associates, Trafigura Argentina S.A., Trafigura Beheer, B.V., Trafigura Limited, and Trafigura Trading LLC's Opposition To The Marrero Plaintiffs' Motion to Intervene* (Dkt. No. 31).

WHEREAS, on October 25, 2019, the Marrero Plaintiffs filed *The Marrero Plaintiffs' Combined Reply In Support of Motion to Intervene and Opposition to Motion To Stay Adversary Proceeding* (Dkt. No. 43).

WHEREAS, on December 10, 2019, the Court issued its *Order Granting in Part Motion to Stay Adversary Proceeding and Setting Deadline for Filing of Joint Status Report* (Dkt. No. 61), requiring that the parties meet and confer and provide the Court with a detailed Joint Status Report by May 12, 2020 (the "Fuel Oil Stay Order").

WHEREAS, on May 8, 2020, the parties filed the Joint Status Report requesting an extension until July 15, 2020 to file the status report ordered by the Court on December 10, 2019 and an extension of the stay to July 15, 2020 (Dkt. No. 65).

WHEREAS, on May 12, 2020, the Court granted the parties' request for an extension to file the Joint Status Report until July 15, 2020 (Dkt. No. 66).

WHEREAS, on July 14, 2020, the parties' submitted a joint status report to the Court requesting an extension based on the stated intention of the parties to discuss a limited intervention of the Marrero Plaintiffs into this Adversary Proceeding (Dkt. No. 67).

WHEREAS, on July 17, 2020, the Court granted the parties' request for an extension to August 17, 2020 (Dkt. No. 68).

WHEREAS, the parties agree to the intervention of the Marrero Plaintiffs into this adversary proceeding on a limited basis, as described herein.

Upon the Motion, taking notice of the lack of objection to the entry of this Order, and finding good cause for the requested relief, the Motion is hereby ALLOWED pursuant to the following terms:

1. Leave to intervene is granted as set forth herein.

2. The Marrero Plaintiffs are not required to file a Rule 24(c) pleading in this adversary proceeding.

3. The Marrero Plaintiffs are entitled to appear and be heard in the above captioned adversary proceeding, pursuant to Bankruptcy Code section 1109(b).

4. Producing parties shall make all discovery taken to date available to the Marrero Plaintiffs within seven (7) calendar days of the date of this Order. Further discovery must be made available within seven (7) calendar days of the production of discovery, or the production of the transcript of a deposition, as the case may be, subject to execution of any relevant protective order. Counsel to the Marrero Plaintiffs shall be entitled to attend any deposition(s) subsequently taken in connection with the above-captioned adversary proceeding.

5. The Marrero Plaintiffs shall have the right to propound discovery requests, and the right to examine witnesses during depositions, hearings, and trial. Counsel for the Special Claims Committee, the Official Committee of Unsecured Creditors, and the Marrero Plaintiffs shall use reasonable efforts to confer in advance of issuing discovery requests or conducting depositions, hearings, or trial, and to avoid duplication of efforts in connection with such requests, and during depositions, hearings, and trial.

6. The Marrero Plaintiffs shall have the right to file briefs stating its positions, and they may be heard at arguments without need for leave from the Court.

7. Notwithstanding anything herein, the Special Claims Committee and the Official Committee of Unsecured Creditors retain the right, in their sole discretion, to settle this adversary proceeding with any or all of the defendants with respect to claims of the estate, and the Marrero Plaintiffs' right to object to that settlement is preserved.

8. Nothing herein shall affect or impair the Marrero Plaintiffs' substantive rights, including but not limited to assert their direct claims against the Defendants, or the rights of

the Special Claims Committee and the Official Committee of Unsecured Creditors to assert that the Marrero Plaintiffs' claims are derivative of the estate's claims.

This resolves Dkt. No. 9.

SO ORDERED.

/ s / <i>DRAFT</i>

Judith Gail Dein
United States Magistrate Judge

DATED: _____