# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**PARTIAL JOINDER OF AMBAC ASSURANCE CORPORATION TO THE URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO LIFT STAY TO ALLOW COMMITTEE TO PURSUE OBJECTION TO GO PRIORITY [ECF NO. 13726]**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Ambac Assurance Corporation ("Ambac"), by and through its undersigned attorneys, files this partial joinder to the *Urgent Motion of Official Committee of Unsecured Creditors to Lift Stay to Allow Committee to Pursue Objection to GO Priority* (ECF No. 13726)[2] (the "Motion") and respectfully states as follows:

1. Ambac joins in the Motion because, like the UCC, Ambac believes that the Court should address the GO Priority Objection now. Ambac previously argued, in response to the *Amended Report and Recommendation of the Mediation Team* (ECF No. 10756) (the "Mediation Report"), that indefinitely staying litigation of the GO Priority Objection violates creditors' due process rights and will make the confirmation process unwieldy and unworkable. *Ambac Assurance Corporation's Supplemental Response to the Amended Report and Recommendation of the Mediation Team* (ECF No. 11496) (the "Ambac Response").

2. As noted in the Motion (¶ 13), the Court stayed the GO Priority Objection on March 10, 2020, on the grounds that judicial resolution of the priority issues "would likely disrupt the deal and send parties back to the drawing board." March 4, 2020 Hr'g Tr. at 216:2-14. That reason for staying the GO Priority Objection is no longer applicable. Although Ambac strongly disputes the assumptions and conclusions in the Board's certified fiscal plan, until revised, they are the touchstone of the Board's negotiations with creditors. As explained in the Motion (¶¶ 30-32), the Board's current fiscal plan, revised in light of the COVID-19 pandemic, is facially inconsistent with the settlement embodied in the Amended PSA. Indeed, as the Board has reported, discussions regarding a revised agreement with creditors and other interested parties are ongoing

---

[2] All references to ECF numbers herein refer to the docket of Case No. 17-3283-LTS, unless otherwise indicated. Ambac's joinder is limited to the fifth sentence of Paragraph 5; Paragraph 7; Paragraph 8; Paragraphs 23-24; Paragraphs 27-33; the third and fourth sentences of Paragraph 34; and Paragraphs 35-36 of the Motion. Additionally, capitalized terms not defined herein shall have the meanings given to them in the Motion.

in light of the Board's revised fiscal plan.[3]  Judicial consideration and resolution of these issues will not "disrupt the deal," because there is no deal.

3. The Court's other reason for staying the GO Priority Objection—that "it is not prudent to continue litigating GO-PBA issues that will be resolved if the Plan of Adjustment is ultimately confirmed," March 4, 2020 Hr'g Tr. at 216:2-14—also no longer applies.  Since the Court stayed the GO Priority Objection, the Board has put the question of the enforceability of the purported GO priority (and any other priority under Puerto Rico law) in a Title III squarely before the Court, seeking a judgment in the revenue bond adversary proceedings based on the Board's interpretation of Article VI, Section 8 of the Puerto Rico Constitution (the source of GO bondholders' purported priority).[4]  *See, e.g.*, PRIFA Summ. J. Mot.[5] ¶¶ 153-154; PRIFA Summ. J. Opp. ¶¶ 229-233; CCDA Summ. J. Mot. ¶¶ 160-161; CCDA Summ. J. Opp. ¶¶ 244-248; HTA

---

[3] *See Status Report of Financial Oversight and Management Board for Puerto Rico Regarding COVID-19 Pandemic and Proposed Disclosure Statement Schedule* ¶ 19 (proposing to update the Court with its progress of plan discussions by September 11, 2020).

[4] Although the Court declined to reach the issue in connection with the Lift Stay Motions, we expect that the Board will advance it as an alternative basis for affirmance before the First Circuit.  It is also currently being briefed, and will have to be considered by the Court, in connection with the pending Motions for Partial Summary Judgment in the Revenue Bond Adversary Proceedings.

[5] "PRIFA Summ. J. Mot." refers to the *Memorandum of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, in Support of Motion Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Case No. 20-00003-LTS, ECF No. 44).  "PRIFA Summ. J. Opp." refers to the *Opposition of Ambac Assurance Corporation, Assured Guaranty Corp., Financial Guaranty Insurance Company, and U.S. Bank Trust National Association to the Oversight Board's Motion for Partial Summary Judgment Seeking to Disallow Claims Relating to PRIFA Bonds* (Case No. 20-00003-LTS, ECF No. 80).  "CCDA Summ. J. Mot." refers to the *Memorandum of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, in Support of Motion Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Case No. 20-00004-LTS, ECF No. 41).  "CCDA Summ. J. Opp." refers to the *Opposition of Ambac Assurance Corporation, Assured Guaranty Corp., Financial Guaranty Insurance Company, and The Bank of New York Mellon to the Oversight Board's Motion for Partial Summary Judgment Seeking to Disallow Claims Relating to CCDA Bonds* (Case No. 20-00004-LTS, ECF No. 78).  "HTA Summ. J. Mot." refers to the *Memorandum of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, in Support of Motion Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Case No. 20-00005-LTS, ECF No. 56).  "HTA Summ. J. Opp." refers to the *Opposition of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, Financial Guaranty Insurance Company, and The Bank of New York Mellon to Motion of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Case No. 20-00005-LTS, ECF No. 94).

Summ. J. Mot. ¶¶ 157-158; HTA Summ. J. Opp. ¶¶ 187-188.  The Court thus will need to rule on these issues in the context of the revenue bond adversary proceedings, and cannot avoid these issues entirely.  There is no basis to refrain from litigating these issues with respect to general obligation bonds, when the exact same issues are being litigated with respect to revenue bonds—particularly now, when the entire PSA has to be renegotiated.

4. Changed circumstances, including changes to the litigation schedule, also warrant lifting the Court's previous stay of the GO Priority Objection.  At the time the Court entered the stay, the schedule afforded dissenting creditors a prompt opportunity to litigate these issues in the context of plan of adjustment litigation—such that the delay being imposed on creditors was for a discrete and finite period of time.  The schedule that was before the Court previously has now been adjourned *sine die*.  There is currently not even a schedule for plan of adjustment litigation.  Unless the stay is lifted, creditors who wish to obtain a substantive determination on the GO Priority Objection will be precluded from doing so for some indefinite, and unreasonably long, period.  Denying creditors any opportunity to litigate the GO Priority Objection for an open-ended, indefinite period will deny creditors their due process rights and is contrary to sound judicial administration.  *See* Ambac Response ¶¶ 4-10.

5. Litigating these issues now is also in the public interest—and indeed, it is necessary to address these issues now to avoid unfair prejudice to dissenting creditors.  If the Court ultimately takes up these issues at the plan of adjustment phase and rejects the argument that GO bondholders have any lawful priority, that ruling would require significant revisions to the then-proposed plan of adjustment, at a point in time when progress in the restructuring will be impeded.  For this reason, it is in the public interest to resolve these issues now, so that all parties can negotiate with clarity on their legal rights—and gating issues can be resolved in advance of any plan confirmation.

On the other hand, if the Court delays consideration of these issues and ultimately rules against the dissenting creditors, the delay could deprive creditors of their right to an appeal. If the substantive issue is resolved only at the plan of adjustment stage, the Board presumably will argue in any subsequent appeal (as it has in the COFINA appeal) that any appeal is equitably moot. *See, e.g.*, *Joint Brief on Behalf of Appellees Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico and the Puerto Rico Sales Tax Financing Corporation, and the Puerto Rico Fiscal Agency and Financial Advisory Authority* (Case Nos. 19-1181, 19-1182, and 19-1960) at 25-33. This illustrates the serious due process issues caused by further delay.

6. Congress made clear in PROMESA that this Court has a "duty . . . to advance on the docket and to expedite to the greatest possible extent the disposition of any matter brought under this chapter." 48 U.S.C. § 2126(d). Consistent with that duty, the Court should lift the stay concerning the GO Priority Objection and allow the issues raised therein to be resolved comprehensively with the related revenue bond issues that are currently moving forward.

7. For the foregoing reasons, Ambac respectfully joins the UCC in asking that the stay of the GO Priority Objection be lifted.

Dated: September 1, 2020
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
Dennis F. Dunne (admitted *pro hac vice*)
Atara Miller (admitted *pro hac vice*)
Grant R. Mainland (admitted *pro hac vice*)
John J. Hughes, III (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com

***Attorneys for Ambac Assurance Corporation***

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com