# **EXHIBIT F**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**AMBAC ASSURANCE CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY RELATING TO CASH RULE 2004 DISCOVERY**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Rules 26 and 36 of the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the District of Puerto Rico, Ambac Assurance Corporation ("Ambac"), by its attorneys, hereby serves the following requests for admission (the "Requests" and, each individually, a "Request") on the Financial Oversight and Management Board for Puerto Rico (the "Board"), as representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") and requests that the Board and AAFAF answer the Requests fully in writing under oath, in accordance with the Federal Rules of Civil Procedure, and supplement such answers as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority.

2. "Board" means the Financial Oversight and Management Board for Puerto Rico, in its capacity as representative of the Commonwealth of Puerto Rico in these Title III Cases.

3. "Commonwealth" means the Commonwealth of Puerto Rico and its instrumentalities, including all agencies, departments, public corporations, and other political subdivisions.

4. "Duff & Phelps" means Duff & Phelps, LLC.

5. "Government" means the Commonwealth, AAFAF, and the Board, and any persons or entities acting on behalf of the Commonwealth, AAFAF, and the Board, including, without limitation, any current or former consultants, advisors, or experts.

6. "Independent Accounting Process" means the "five-step independent accounting process" described in the *Informative Motion Regarding the Disclosure of Cash Balances of Puerto Rico Government Entities*, No. 17 BK 3283-LTS (Dec. 20, 2017), ECF No. 2120, that

- 1 -

AAFAF established "to determine and assess the nature (*e.g.*, restricted or not) and cash balances of all active and nonactive bank accounts" of the Commonwealth and its instrumentalities.

7. "You" or "Your" means AAFAF or the Board (as applicable), and any persons or entities acting on the applicable entity's behalf.

### INSTRUCTIONS

1. You are to answer the Requests as completely as possible.

2. Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, a matter is deemed to be admitted unless, within 30 days after service of the Requests, You serve Ambac with a written answer or objection addressed to the matter. If an objection is made, the reasons for the objection must be stated.

3. Your response shall specifically admit, deny, or set forth in detail the reasons why You cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that You qualify an answer or deny only part of the matter on which an admission is requested, You shall specify so much of it as is true and qualify or deny the remainder. If any information is withheld on the basis of a claim of privilege, set forth in writing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, or such information as otherwise agreed by the parties.

4. The Requests shall be answered based upon Your entire knowledge from all sources, including all information in the possession of Your attorneys or other persons working on Your behalf or any of their current or former agents, employees, representatives, or investigators. You may not give lack of information or knowledge as a reason for failure to admit or deny unless You state that You have made reasonable inquiries and that the information known or readily obtainable by You is insufficient to enable You to admit or deny.

5. If, in responding to the Requests, You encounter any ambiguities when construing a Request or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

6. The obligation to respond to the Requests is continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after responding to the Requests You discover additional information that will make Your response to the Requests more complete or correct, You are required to supplement or correct Your response as soon as reasonably possible.

7. The Requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, nor shall they be construed as any admission of fact.

8. Unless otherwise indicated, the time period applicable to the Requests is July 1, 2014 to present (the "Relevant Period").

## REQUESTS FOR ADMISSION

1. Admit that the Government has not undertaken Step 3 of the Independent Accounting Process.

2. Admit that the Government has not undertaken Step 4 of the Independent Accounting Process.

3. Admit that Duff & Phelps has not undertaken Step 3 of the Independent Accounting Process.

4. Admit that Duff & Phelps has not undertaken Step 4 of the Independent Accounting Process.

5. Admit that the Government has not confirmed legal restrictions applicable to funds deposited into the bank accounts of the Commonwealth.

- 3 -

6. Admit that the Government has not conducted an analysis of what operating costs or expenses of the Commonwealth may be necessary to maintain in good condition the operations of the Commonwealth.

7. Admit that the Government has not conducted an analysis to identify "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

8. Admit that the Government has not conducted an analysis to determine what operating costs or expenses of the Commonwealth may be necessary to provide "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

9. Admit that it is Your contention that all expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth associated with "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

10. Admit that it is Your contention that all expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth that are necessary to maintain in good condition the operations of the Commonwealth.

- 5 -

<table>
<tr><td>Dated: August 4, 2020<br>San Juan, Puerto Rico</td><td>

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com
           johring@milbank.com

***Attorneys for Ambac Assurance Corporation***

</td></tr>
</table>