**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee,<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17- BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

54532089.v1

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Trustee,<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

**UNOPPOSED URGENT MOTION
OF AMBAC ASSURANCE CORPORATION, FINANCIAL
GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP.,
ASSURED GUARANTY MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE
<u>GUARANTEE CORPORTATION FOR LEAVE TO FILE SUR-REPLIES</u>**

54532089.v1

Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation (collectively, "Movants" or "Monoline Defendants") respectfully submit this unopposed urgent motion ("Motion for Leave") requesting the entry of an order, substantially in the form of **Exhibit A** attached hereto, granting Movants leave to file sur-reply briefs of no more than 25 pages each on or before September 13, 2020, responding to the replies filed by the Financial Oversight and Management Board for Puerto (the "Oversight Board") in the Revenue Bond adversary proceedings, each styled *Reply Memorandum of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board, in Support of Motion Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Adv. Proc. No. 20-00003, Dkt. No. 88 (the "PRIFA Reply"); Adv. Proc. No. 20-00004, Dkt. No. 84 (the "CCDA Reply"); and Adv. Proc. No. 20-00005, Dkt. No. 102 (the "HTA Reply") (collectively, the "Replies").

**PRELIMINARY STATEMENT**

1. Movants respectfully seek leave to file sur-replies to address new facts and arguments introduced by the Oversight Board for the first time in the HTA Reply, the PRIFA Reply, and the CCDA Reply. Movants will be prejudiced if they are not granted an opportunity to respond to these facts and arguments prior to the September 23, 2020 hearing. Accordingly, Movants request that they be permitted to jointly file, on or before September 13, 2020, three sur-replies of no more than 25 pages each in response to the three replies filed by the Oversight Board (the HTA Reply, the PRIFA Reply, and the CCDA Reply). The Oversight Board consents to the relief requested in this Motion for Leave.

1

54532089.v1

## BACKGROUND

2. On January 16, 2020, the Oversight Board commenced three adversary proceedings by filing complaints requesting relief directed at Movants' proofs of claims supported by certain special revenue bond instruments issued by (i) PRIFA (Adv. Proc. 20-00003, Dkt. No. 1 (the "PRIFA Complaint")), (ii) CCDA (Adv. Proc. 20-00004, Dkt. No. 1 (the "CCDA Complaint")); and (iii) HTA (Adv. Proc. 20-00005, Dkt. No. 1 (the "HTA Complaint")) (collectively, the "Revenue Bond Complaints"). The HTA Complaint pled 201 counts; the PRIFA Complaint pled 102 counts; and the CCDA Complaint pled 82 counts.

3. Movants timely responded to the Revenue Bond Complaints by filing motions to dismiss in part, which sought to dismiss several counts to streamline the litigation of the remaining counts. (Adv. Proc. No. 20-00003, Dkt. No. 21; Adv. Proc. No. 20-00004, Dkt. No. 22; and Adv. Proc. No. 20-00005, Dkt. No. 34).

4. Prior to the filing of the Revenue Bond Complaints, Movants filed for stay relief and the Oversight Board and other parties objected thereto (the "Lift Stay Litigation").

5. The Court allowed the Lift Stay Litigation to proceed to a preliminary hearing and stayed "[t]he litigation of the Revenue Bond Complaints, including litigation of motions to dismiss," except the parties were permitted to present motions for summary judgment on certain counts identified by the Court in its *Final Case Management Order for Revenue Bonds*. (Adv. Proc. No. 20-0005, Dkt. No. 40). Movants were not permitted to answer the Revenue Bond Complaints nor to seek any discovery during the stay of litigation.

6. On April 28, 2020, the Oversight Board filed motions for partial summary judgment in each of the adversary proceedings. In the PRIFA adversary, the Oversight Board filed an 80-page brief, an 81-page statement of undisputed facts, a Declaration of Lary A. Rappaport, a Declaration of Adam Chepenik, a Declaration of Natalie A. Jaresko, and a Declaration of Timothy

2

Ahlberg. (Adv. Proc. No. 20-00003, Dkt. Nos. 43-45, 47-48, 50). In the CCDA adversary, the Oversight Board filed an 80-page brief, an 86-page statement of undisputed facts, a Declaration of Matthew I. Rochman, a Declaration of Timothy Ahlberg, a Declaration of Natalie A. Jaresko, and a Declaration of Adam Chepenik. (Adv. Proc. No. 20-00004, Dkt. Nos. 40-43, 45, 47-48). In the HTA adversary, the Oversight Board filed a motion, an 80-page brief, a 115-page statement of undisputed facts, a Declaration of Adam Chepenik, a Declaration of Timothy Ahlberg, and a Declaration of Natalie A. Jaresko. (Adv. Proc. No. 20-00005, Dkt. Nos. 55-60). Leave of Court was granted to permit the briefs to exceed the applicable page limitations.

7. On July 2, 2020, the Court issued its preliminary rulings in the Lift Stay Litigation. (Case No. 17-03283, Dkt. Nos. 13540-13542).

8. On July 16, 2020, Movants responded to the motions for partial summary judgment and the statements of undisputed facts and submitted accompanying declarations. (Adv. Proc. No. 20-00003, Dkt. Nos. 80-83; Adv. Proc. No. 20-00004, Dkt. Nos. 78-80; Adv. Proc. No. 20-00005, Dkt. Nos. 94-97). Leave of Court was granted to permit responses of up to 125 pages.

9. On August 24, 2020, the Oversight Board filed motions for leave to exceed the page limits set by the Court for reply briefs. For its PRIFA and CCDA Replies, the Oversight Board sought leave to file briefs of no more than 105 pages each. (Adv. Proc. No. 20-00003, Dkt. No. 86; Adv. Proc. No. 20-00004, Dkt. No. 82). For its HTA Reply, the Oversight Board sought leave to file a brief of no more than 110 pages. (Adv. Proc. No. 20-00005, Dkt. No. 100). The Monoline Defendants consented to the Oversight Board's motions for leave and, on August 25, 2020, the Court granted the motions. (Adv. Proc. No. 20-20003, Dkt. No. 87; Adv. Proc. No. 20-20004, Dkt. No. 83; Adv. Proc. No. 20-20005, Dkt. No. 101).

54532089.v1

10. On August 31, 2020, the Oversight Board replied to Movants' responses and filed additional papers in each of the adversary proceedings styled *Objection of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board, to Defendants' Request to Stay or Deny Summary Judgment Motion Pursuant to Fed. R. Civ. P. 56(d)* (the "56(d) Objections").[2] In the PRIFA adversary, the Oversight Board filed an 86-page reply brief, a 362-page reply to the Movants' response to the Oversight Board's statement of undisputed facts, a 21-page 56(d) Objection containing additional legal arguments related to the PRIFA summary judgment motion, and a Declaration of Michael A. Firestein. (Adv. Proc. No. 20-00003, Dkt. Nos. 88-91). In the CCDA adversary, the Oversight Board filed a 100-page reply brief, a 210-page reply to the Movants' response to the Oversight Board's statement of undisputed facts, and a 19-page 56(d) Objection containing additional legal arguments related to the CCDA summary judgment motion, and a Declaration of Michael A. Firestein. (Adv. Proc. No. 20-00004, Dkt. Nos. 84-86). In the HTA adversary, the Oversight Board filed a 110-page reply brief, a 1096-page reply to the Movants' responses to the Oversight Board's statement of undisputed facts, a 21-page 56(d) Objection containing additional legal arguments related to the PRIFA summary judgment motion, and a Declaration of Michael A. Firestein. (Adv. Proc. No. 20-00005, Dkt. Nos. 102-105).

11. Movants now request leave to file sur-replies of no more than 25 pages in each adversary on or before September 13, 2020, to address new facts and legal arguments raised in the

---

[2] The 56(d) Objections are procedurally improper responses to the Rule 56(d) declarations submitted in support of Movants' oppositions to the motions for partial summary judgment. The purported "Objections" do not articulate any procedural defect with the declarations that Movants submitted (nor could they, given that Rule 56(d) specifically allows—indeed, requires—a party opposing summary judgment to submit declarations explaining the need for additional discovery). Also, when the 56(d) Objections in the CCDA, PRIFA, and HTA adversaries are combined with the CCDA, PRIFA, and HTA Replies, the total number of pages for the combined filings far exceed the page limits for the CCDA, PRIFA, and HTA Replies set by the Court in its August 25 Order. Accordingly, Movants will reply to the 56(d) Objections separately. The page-limit requests herein are in addition to and separate from the Monoline Defendants' forthcoming replies to the 56(d) Objections that will be submitted as a matter of right.

Oversight Board's replies. The Oversight Board consents to Movants being granted leave to file such sur-replies by no later than September 13, 2020, ten days before the scheduled hearing on the summary judgment motions.

## **ARGUMENT**

12. The Replies introduce new factual contentions and legal arguments which Movants should have an opportunity to address through sur-replies. Movants submit that allowing responsive arguments to be developed in writing through sur-replies prior to oral argument will aid both the Court and the Oversight Board and allow for the full presentation of the issues to be argued on September 23, 2020.

13. Among other new points, the Oversight Board addressed this Court's preliminary rulings in the Lift Stay Litigation for the first time in its Replies and argued for the first time that the rulings are law of the case. Movants have not had an opportunity to respond to the Oversight Board's characterization of this Court's preliminary rulings. Movants seek leave to address the reframed and newly developed arguments arising from the preliminary rulings.

14. The Oversight Board also advances new arguments. This includes, as just one example, a new "right to default" argument, under which the Oversight Board asserts for the first time that the retention of pledged revenues is grounded not in the Commonwealth's "pre-PROMESA control" over the pledged revenues, but instead that it "stems from" an intrinsic "right to default" that is untethered from any law or executive order. HTA Reply at ¶¶ 79, 172, 173, 193; PRIFA Reply at ¶¶ 156-157, 177; CCDA Reply at ¶¶ 123-124, 127, 144. Moreover, the Oversight Board asserts this "right to default" as a purported defense to a Contracts Clause violation. *See*, *e.g.*, HTA Reply at ¶ 173 ("There is no dispute that either the right to default or federal legislation, like PROMESA, does not violate the Contracts Clause."). Movants dispute this newly asserted "right to default" and are entitled to put their rebuttal into the record through sur-replies.

5

54532089.v1

15. Another example of a new legal argument presented by the Replies is whether the conditions for clawback have been satisfied. For the first time and without reference to any public bond documents, the Oversight Board asserts that "[w]hen the Commonwealth filed a petition under PROMESA Title III, . . . the entire principal amount due on its debt became payable as a function of Title III." HTA Reply at ¶ 187; PRIFA Reply at ¶ 171; CCDA Reply at ¶ 138. The Oversight Board now contends that the conditions for clawback have purportedly been met because available resources cannot pay the entire outstanding public debt in the present fiscal year. *See, e.g.*, HTA Reply at ¶¶ 185-192. Movants are entitled to address on the record these new arguments which also present genuine disputes of material fact foreclosing summary judgment.

16. The Oversight Board also relies on new authorities first presented in the Replies, for example, *Ohio v. Kovacs*, 469 U.S. 274 (1985), which was not cited previously in the summary judgment briefing. Now, the Oversight Board relies on it as the only authority for the proposition that a breach of a statutory obligation gives rise only to an unsecured claim. HTA Reply at ¶¶ 4, 67, 77, 167; PRIFA Reply at ¶¶ 4, 151; CCDA Reply at ¶¶ 4, 96. Movants seek the opportunity to explain why *Kovacs* is inapposite and present rebutting authorities. Sur-replies will allow Movants to meaningfully address new authorities, like *Kovacs*, raised in the Replies, and for the Court to evaluate the competing arguments prior to the September 23rd hearing.

17. Also, the Replies offer new variations on the Oversight Board's ever-shifting preemption arguments. For example, the Oversight Board previously argued that it has "sole discretion" to approve budgets and that any laws conflicting with the budgets as certified are preempted. (Adv. Proc. No. 20-00005, Dkt. No. 56 at ¶¶ 94-96 ("PROMESA preempts all Puerto Rico statutes that appropriate Commonwealth money not appropriated in an Oversight Board-certified budget."). Now, it argues that "[n]onfederal statutes are preempted by federal statutes,

6

not by the Oversight Board." HTA Reply at ¶ 5. And, notwithstanding its earlier concession that preemption does not "eliminate unsecured obligations or secured property rights," *see, e.g.*, Case No. 17-3283-LTS, Dkt. No. 13157, ¶ 41, the Oversight Board now reverses course to argue that all that remains post-preemption are claims arising from preemption itself. *See* HTA Reply at ¶ 126; CCDA Reply at ¶ 60; PRIFA Reply at ¶ 110. These are significant changes in position that Movants should be permitted to address in sur-replies.

18. The Replies also present new arguments in support of the Oversight Board's request for summary judgment disallowing Movants' claims under Section 407 of PROMESA. For example, the Oversight Board for the first time presents extensive argument as to whether certain actions or inactions may constitute "transfers" under Section 407, including citation to at least 10 new cases that have not previously been addressed by any party. *See, e.g.* PRIFA Reply at ¶ 83-93. Movants should be allowed the opportunity to address these new arguments and authorities.

19. Also, the Oversight Board for the first time in the adversary proceedings requests relief on an issue while at the same time improperly tightening the PROMESA § 106(e) vice. HTA Reply at ¶¶ 79 n. 58, 141, 178; PRIFA Reply at ¶¶ 125, 162; CCDA Reply at ¶¶ 71, 129. For example, in the HTA Reply, the Oversight Board argues that the "retention of HTA Allocable Revenues is in accordance with the certified budget and/or in accordance with Title III" while also arguing the validity of the retention and the certified budgets "are issues this Court is precluded from determining." HTA Reply at ¶ 178 n. 90; *see also* PRIFA Reply at ¶ 162 n.81; CCDA Reply at ¶ 129 n.71. Sur-replies are needed to address this new argument.

20. Moreover, the new arguments and factual disputes are not limited to the Replies. The Oversight Board separately replied to the Monoline Defendants' responses to the Oversight Board's statements of undisputed facts with numerous arguments and assertions that have not been

7

briefed before. Altogether, these separate replies contain 1,668 pages. It is both impractical and burdensome to address the issues raised in these replies related to the statements of undisputed facts solely at oral argument. The presentations on September 23, 2020 will be aided by the Movants addressing in advance some of these issues by sur-replies.

21. Movants will endeavor in the sur-replies to address new arguments and genuine factual disputes while limiting discussion of the disputes and arguments that are already well-known to the Court through the Lift Stay Litigation and the initial briefing here. Accordingly, Movants respectfully request leave to file sur-replies not to exceed twenty-five (25) pages (exclusive of the cover page, the table of contents, the table of authorities, the signature pages, the certificate of service, and other required certifications) in each Revenue Bond adversary proceeding on or before September 13, 2020.

22. Movants submit that the request made herein is reasonable considering the circumstances described above.

## OVERSIGHT BOARD CONSENT TO THE RELIEF REQUESTED

23. Counsel for the Oversight Board and the Movants have conferred by e-mail, and the Oversight Board consents to the requested relief in this Motion for Leave.

## CERTIFICATION

24. Movants certify that they have engaged in reasonable, good-faith communications with counsel for the Oversight Board. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), Movants certify that counsel has carefully examined the matter and concluded that there is a true need for expedited consideration of this Motion for Leave, and that Movants have not created the urgency through lack of due diligence on their part. Movants further certify that they made a bona fide and good faith effort to resolve the matter without a hearing. As noted above,

the Oversight Board consents to the requested relief in this Motion for Leave. In accordance with paragraph 9 of the *Final Case Management Order for Revenue Bonds* (ECF No. 12186), Movants certify that (i) they have taken reasonable efforts to avoid duplication and submit a brief that is no longer than necessary, and (ii) they have used reasonable efforts to draft a single brief and coordinate to minimize duplicative briefs.

WHEREFORE Movants respectfully request that the Court enter the Proposed Order attached as **Exhibit A**, granting the relief requested herein and all other relief as is just and proper under the circumstances.

Dated: September 8, 2020
San Juan, Puerto Rico

**REXACH & PICÓ, CSP**

By: */s/ María E. Picó*
    María E. Picó
    (USDC-PR No. 123214)
    802 Ave. Fernández Juncos
    San Juan, PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    Email: mpico@rexachpico.com

**BUTLER SNOW LLP**
By: */s/ Martin A. Sosland*
    Martin A. Sosland (admitted *pro hac vice*)
    5430 LBJ Freeway, Suite 1200
    Dallas, TX 75240
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    Email: martin.sosland@butlersnow.com
    Jason W. Callen (admitted *pro hac vice*)
    150 3rd Ave., S., Suite 1600
    Nashville, TN 37201
    Telephone: (615) 651-6774
    Facsimile: (615) 651-6701
    Email: jason.callen@butlersnow.com

**Attorneys for Financial Guaranty Insurance Company**

**FERRAIUOLI LLC**

By: */s/ Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
   scolon@ferraiuoli.com

**MILBANK LLP**

By: */s/ Atara Miller*
Dennis F. Dunne (admitted *pro hac vice*)
Atara Miller (admitted *pro hac vice*)
Grant R. Mainland (admitted *pro hac vice*)
John J. Hughes, III (admitted *pro hac vice*)
Jonathan Ohring (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
   amiller@milbank.com
   gmainland@milbank.com
   jhughes2@milbank.com
   johring@milbank.com

**Attorneys for Ambac Assurance Corporation**

[*Remainder of Page Intentionally Omitted*]

10

54532089.v1

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: /s/ *Eric Pérez-Ochoa*
 Eric Pérez-Ochoa
 (USDC-PR No. 206314)
 Email: epo@amgprlaw.com

By: /s/ *Luis A. Oliver-Fraticelli*
 Luis A. Oliver-Fraticelli
 (USDC-PR No. 209204)
 Email: loliver@amgprlaw.com

 208 Ponce de Leon Ave., Suite 1600
 San Juan, PR 00936
 Telephone: (787) 756-9000
 Facsimile: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**
By: /s/ *Robert S. Berezin*
 Jonathan D. Polkes (admitted *pro hac vice*)
 Gregory Silbert (admitted *pro hac vice*)
 Robert S. Berezin (admitted *pro hac vice*)
 Kelly DiBlasi (admitted *pro hac vice*)
 Gabriel A. Morgan (admitted *pro hac vice*)
 767 Fifth Avenue
 New York, NY 10153
 Telephone: (212) 310-8000
 Facsimile: (212) 310-8007
 Email: jonathan.polkes@weil.com
  gregory.silbert@weil.com
  robert.berezin@weil.com
  kelly.diblasi@weil.com
  gabriel.morgan@weil.com

***Attorneys for National Public Finance Guarantee Corp.***

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: /s/ *Heriberto Burgos Pérez*
 Heriberto Burgos Pérez
 (USDC-PR No. 204809)
 Ricardo F. Casellas-Sánchez
 (USDC-PR No. 203114)
 Diana Pérez-Seda
 (USDC-PR No. 232014)
 P.O. Box 364924
 San Juan, PR 00936-4924
 Telephone: (787) 756-1400
 Facsimile: (787) 756-1401
 Email: hburgos@cabprlaw.com
  rcasellas@cabprlaw.com
  dperez@cabprlaw.com

**CADWALADER, WICKERSHAM & TAFT LLP**
By: /s/ *Mark C. Ellenberg*
 Howard R. Hawkins, Jr. (admitted *pro hac vice*)
 Mark C. Ellenberg (admitted *pro hac vice*)
 William J. Natbony (admitted *pro hac vice*)
 Ellen M. Halstead (admitted *pro hac vice*)
 Thomas J. Curtin (admitted *pro hac vice*)
 Casey J. Servais (admitted *pro hac vice*)
 200 Liberty Street
 New York, NY 10281
 Telephone: (212) 504-6000
 Facsimile: (212) 504-6666
 Email: howard.hawkins@cwt.com
  mark.ellenberg@cwt.com
  bill.natbony@cwt.com
  ellen.halstead@cwt.com
  thomas.curtin@cwt.com
  casey.servais@cwt.com

***Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.***

0

54532089.v1

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

By: */s/ Martin A. Sosland*
Martin A. Sosland (admitted *pro hac vice*)
**BUTLER SNOW LLP**
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email: martin.sosland@butlersnow.com

54532089.v1

# Exhibit A

# Proposed Order

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee,<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00003-LTS |

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17- BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

54532089.v1

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>                             Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Trustee,<br><br>                             Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>                             Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>                             Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

**[PROPOSED] ORDER**

This matter is before the Court on the *Unopposed Urgent Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Leave to File Sur-Replies* that was filed in the above-captioned adversary proceedings (Adv. Proc. No. 20-00003, Dkt. No. [X]; Adv. Proc. No. 20-00004, Dkt. No. [X]; and Adv. Proc. No. 20-00005, Dkt. No. [X]) (the "Motion for Leave"). Taking notice that (i) the Court has subject matter jurisdiction pursuant to PROMESA §§ 106(a) and 306(a)(2); (ii) venue of this proceeding is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) no party objects to the relief requested in the Motion for Leave; and (iv) good cause exists to enter the order requested therein, it is hereby **ORDERED** that:

1. The Motion for Leave is **GRANTED**.

2. The Movants may file a sur-reply brief in each of the above-captioned adversary proceedings, in each case of no more twenty-five (25) pages, exclusive of the cover page, tables of contents and authorities, signature page, exhibits, certificate of service, and other required certifications, on or before September 13, 2020.

3. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

    **SO ORDERED.**

                                                                                                                                                               _____

                                                                                            Honorable Laura Taylor Swain
                                                                                            United States District Judge

DATED: September \_\_\_, 2020

54532089.v1