UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

           Debtors.[1]

---------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

UNDERLINE MEMORANDUM ORDER REGARDING CCDA REVENUE BOND STAY RELIEF MOTION

      This Memorandum Order, which is being filed contemporaneously with the

Court's *Memorandum Opinion and Order Denying HTA and PRIFA Revenue Bond Stay Relief*

*Motions* (the "HTA & PRIFA Order"), addresses the requests in *Movants' Consolidated*

*Supplemental Brief Regarding Revenue Bond Lift Stay Motions* (Docket Entry No. 13744 in Case

No. 17-3283, the "Supplemental Brief")[2] for stay relief with respect to the funds constituting or

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

derived from Hotel Taxes that are held in, or have passed through, the Scotiabank -5142 account (the "Alleged Transfer Account Monies").[3]  The factual background and legal conclusions set forth and incorporated by reference in the HTA & PRIFA Order are incorporated herein by reference.

For the reasons set forth in the HTA & PRIFA Order, the CCDA Stay Relief Motion is denied insofar as it seeks relief from the automatic stay to pursue remedies with respect to monies other than the Alleged Transfer Account Monies.  As explained below, the final hearing with respect to the remainder of the motion is hereby adjourned sine die pursuant to 11 U.S.C. § 362(e),[4] and shall be deemed to have occurred when the Court issues its final decisions in the CCDA Adversary Proceeding concerning the identity of the Transfer Account and the parties' respective rights in the Alleged Transfer Account Monies.

DISCUSSION

In light of the Court's determination in the CCDA Preliminary Order that Ambac, Assured, FGIC, and BONY (collectively, the "CCDA Movants") have colorable claims to security interests in the Alleged Transfer Account Monies, the CCDA Movants raise two arguments in the Supplemental Brief that are specific to the aspects of the CCDA Stay Relief Motion seeking stay relief as to those funds.  The CCDA Movants assert that stay relief under section 362(d)(2) of the Bankruptcy Code is appropriate because the Commonwealth lacks equity in the Alleged Transfer Account Monies, and such funds are not necessary to an effective

---

[3]     Capitalized terms not defined herein shall have the meanings given to them in the HTA & PRIFA Order.
[4]     The provisions of the Bankruptcy Code cited herein are made applicable in these proceedings by section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 28 U.S.C. § 2161.

reorganization.  According to the CCDA Movants, the Commonwealth lacks equity in the

Alleged Transfer Account Monies because the outstanding debt owed to the CCDA Movants

exceeds the value of those funds, and the Commonwealth does not own or otherwise have an

interest in the Alleged Transfer Account Monies.  (Supp. Br. ¶ 53.)  The CCDA Movants further

contend that the stay must be lifted as to those monies under section 362(d)(1) because Movants'

interests in the Alleged Transfer Account Monies are not adequately protected.  The CCDA

Movants argue that there is currently no legal protection in place ensuring that the Alleged

Transfer Account Monies will be available to the CCDA Movants and that there is no "equity

cushion" protecting them from loss.  (Supp. Br. ¶¶ 64, 66.)  Additionally, in response to the

Court's inquiry posed in the Scheduling Order, Movants submit that litigation in the CCDA

Adversary Proceeding does not obviate the need for stay relief because, inter alia, "PROMESA

§ 305 precludes this Court from adjudicating the causes of action that CCDA Movants are

entitled to bring."  (Supp. Br. ¶ 5.)

       The Court is unable to determine as a matter of law on the current record whether

the CCDA Movants are entitled to stay relief under section 362(d)(2) of the Bankruptcy Code or

whether adequate protection is sufficiently lacking so as to establish cause for stay relief under

section 362(d)(1).  Section 362(d)(2) mandates, on request of a party in interest, that stay relief

be granted "with respect to a stay of an act against property" if "(A) the debtor does not have an

equity in such property; and (B) such property is not necessary to an effective reorganization[.]"

11 U.S.C. § 362(d)(2).  The party requesting stay relief under section 362(d)(2) has the burden of

proof on the issue of the debtor's equity in the property, and the party opposing such relief has

the burden of establishing that the property is necessary for an effective reorganization.  See 11

U.S.C. § 362(g).  Here, whether viewed through the lens of section 362(d)(2)(A) or section

362(d)(2)(B), the inquiry under section 362(d)(2) necessarily turns on whether the Commonwealth retains a right under Article VI, Section 8, of the Constitution of the Commonwealth of Puerto Rico to claw back any of the Alleged Transfer Account Monies for the purpose of making payments on general obligation bonds and, if so, to what extent.  The CCDA Movants argue that the conditions precedent under Article VI, Section 8, have never been triggered.  However, because the CCDA Movants' argument rests at least in part on disputed factual contentions, the Court cannot determine at this time whether the CCDA Movants have met their burden of showing lack of equity, or whether the Commonwealth has met its burden of showing that the Alleged Transfer Account Monies are necessary for an effective reorganization. Thus, further proceedings, including the consideration of disputed issues of fact, are necessary to determine the question of the CCDA Movants' entitlement to stay relief under section 362(d)(2).

Outstanding questions of fact likewise preclude a finding of entitlement to stay relief for lack of adequate protection under section 362(d)(1) as a matter of law at this juncture. A "secured creditor lacks adequate protection if the value of its collateral is declining as a result of the stay.  It must, therefore, prove this decline in value—or the threat of a decline—in order to establish a *prima facie* case."  In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994) (citations omitted).  The CCDA Movants contend that the Commonwealth has not provided any form of adequate protection under section 361 of the Bankruptcy Code and that the Oversight Board remains free to dissipate the Alleged Transfer Account Monies at will.  (Supp. Br. ¶¶ 62-64.)  The CCDA Movants also allege that at least $15 million in Alleged Transfer Account Monies have been transferred to Commonwealth accounts and used for general Commonwealth purposes, that there is no "equity cushion" protecting the funds from loss, and that most of the Alleged Transfer Account Monies are currently held in accounts at banks that

have "junk" credit ratings on their debt.  (Id. ¶¶ 65, 66.)  Because, as discussed above, the Court

cannot currently determine the extent of the monies in which the CCDA Movants have a lien, or

the Commonwealth's rights with respect to the Alleged Transfer Account Monies, the Court is

also unable to evaluate whether the CCDA Movants have made a prima facie showing of

entitlement to adequate protection.

> The preceding conclusions are supported by the CCDA Movants' own

acknowledgments that the factual record as it pertains to both the section 362(d)(2) and adequate

protection issues is underdeveloped.  (See *Joint Status Report with Respect to Further*

*Proceedings Regarding the Revenue Bond Stay Relief Motions*, Docket Entry No. 13601, ¶ 10

("Addressing these issues will require additional discovery.  Among other things, to assess

'adequate protection,' CCDA Movants will need evidence sufficient to establish the value of the

lien, including all transfers into and out of the Scotiabank -5142 account (and downstream

accounts) to determine what funds have been transferred subject to the lien and where those

funds are currently held.  To address the issue of 'equity,' CCDA Movants need evidence

concerning whether any rights the Commonwealth has under Article VI, Section 8 . . . have been

triggered."); Supp Br. ¶ 6 ("[T]he factual record as it currently stands does not permit a precise

or complete calculation of the value of CCDA Movants' property interest without additional

discovery.").)  Furthermore, as explained in the CCDA Preliminary Order, a central factual

dispute underlying both of these issues—namely, whether Scotiabank -5142 is in fact the

Transfer Account—remains unresolved.  The CCDA Movants suggest primarily that, because

they have a colorable claim that the conditions of Article VI, Section 8, have not been satisfied,

the automatic stay should be lifted to enable another court to decide any relevant factual disputes,

and, in the alternative, that this Court should permit discovery in connection with the CCDA

Stay Relief Motion and hold an evidentiary hearing.  (Supp. Br. ¶ 60.)  The Court finds the

former proposition to be misplaced and the latter to be inconsistent with the efficient use of

judicial and party resources.

       The CCDA Movants have cited no authority in support of their theory that the

"colorable claim" standard adopted by the First Circuit in Grella v. Salem Five Cent Savings

Bank, 42 F.3d 26 (1st Cir. 1994) applies in the section 362(d)(2) context and, even if it did, the

discussion above demonstrates that the Court would nevertheless be unable to conclude that the

CCDA Movants have made the requisite showing at this stage.  Although the Court determined

in the CCDA Preliminary Order that the CCDA Movants had proffered a "colorable claim to a

security interest in the Hotel Taxes deposited in Scotiabank -5142," it remains the case that

"many factual disputes on this issue remain outstanding."  In re Fin. Oversight & Mgmt. Bd. for

P.R., No. 17 BK 3283-LTS, 2020 WL 3816137, at *14 (D.P.R. July 2, 2020).  Considering the

fact-intensive nature of the equity and adequate protection questions, it would make little sense

in terms of Court and party resources to proceed with discovery and an evidentiary hearing with

respect to those issues in the context of the CCDA Stay Relief Motion based on the possibility

that Scotiabank -5142 is the Transfer Account, particularly given the pendency of the CCDA

Adversary Proceeding, through which a final determination identifying the Transfer Account will

necessarily be made.

       Section 362(e) of the Bankruptcy Code provides that where, as here, the Court has

conducted a preliminary stay relief hearing, a "final hearing shall be concluded not later than

thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended

with the consent of the parties in interest or for a specific time which the court finds is required

by compelling circumstances."  11 U.S.C.A. § 362(e) (Westlaw through P.L. 116-158).  Having

considered carefully the parties' arguments regarding these issues, the Court concludes that

compelling circumstances exist under section 362(e) requiring maintenance of the stay pending

resolution of the CCDA Adversary Proceeding.  Given the complexity of the disputed legal and

factual issues relative to the CCDA Movants' and the Commonwealth's respective property

rights in the Alleged Transfer Account Monies, which include issues that have material

implications for the Debtors and stakeholders in connection with other bond issues, the Court is

persuaded that all questions of interests in the Alleged Transfer Account Monies are best

resolved by this Court in an orderly manner that will result in final, binding rulings.  The need

for coordinated, non-duplicative proceedings establishes compelling circumstances that require

deferral of the final hearing pursuant to section 362(e) to facilitate the resolution of these issues

in the context of the CCDA Adversary Proceeding.[5]

CONCLUSION

For the foregoing reasons, the CCDA Stay Relief Motion is denied insofar as it

seeks relief from the stay to pursue remedies with respect to monies other than the Alleged

Transfer Account Monies.  The final hearing with respect to the remainder of the motion is

hereby adjourned sine die pursuant to 11 U.S.C. § 362(e), in light of the compelling

---

[5]     Movants' narrow construction of the term "compelling circumstances"—as
encompassing only emergencies outside of the parties' control (see Supp. Reply ¶ 29)—is
inconsistent with persuasive case law.  Courts have found compelling circumstances
justifying extensions of final hearing dates in a variety of situations.  See, e.g., In re City
of San Bernardino, 545 B.R. 14, 17 (C.D. Cal. 2016) (compelling circumstances found
based on sequence of events including delays for adjudication of motions that the court
determined "would have a substantial impact" on the stay relief motion); and In re
Franklin Equip. Co., 416 B.R. 483, 491 (Bankr. E.D. Va. 2009) (intervening discovery-
related and other motion practice).

circumstances finding above, and shall be deemed to have occurred when the Court issues its

final decisions in the CCDA Adversary Proceeding concerning the identity of the Transfer

Account and the parties' respective rights in the Alleged Transfer Account Monies.  The

September 30, 2020, hearing date in connection with the CCDA Stay Relief Motion is cancelled.

      SO ORDERED.

Dated: September 9, 2020

                            /s/ Laura Taylor Swain
                           LAURA TAYLOR SWAIN
                           United States District Judge