**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO REGARDING COVID-19
PANDEMIC AND PROPOSED DISCLOSURE STATEMENT SCHEDULE**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA") (collectively, the "Debtors"), pursuant to

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], respectfully submits this status report (the "Status Report") in connection with the *Order (I) Scheduling Briefing of Urgent Motion to Lift Stay, (II) Denying Urgent Motion for Expedited Briefing and Hearing Schedule, and (III) Setting Deadline for Further Status Report Regarding COVID-19 Pandemic and Proposed Disclosure Statement Schedule* [ECF No. 13733] (the "Scheduling Order").

**Background**

1. As the Court is aware, on February 28, 2020, the Oversight Board filed an *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 11946] (the "Plan") and a related disclosure statement [ECF No. 11947] (the "Disclosure Statement"). Subsequently, however, and in response to the spread of COVID-19 in Puerto Rico, the Government measures adopted to counteract it, and the consequential effects on the people and economy of Puerto Rico, on March 23, 2020, the Oversight Board filed the *Urgent Motion to Adjourn Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement and Related Deadlines* [ECF No. 12485] (the "Adjournment Motion").

2. On March 26, 2020, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") filed its *Informative Motion Regarding the Government of Puerto Rico's Response to COVID-19 and the Impact on These Title III Cases* [ECF No. 12542], which provided a summary of the government of Puerto Rico's (the "Government") response to COVID-19 as of such date and noted the Government's support for the Oversight Board's request in the Adjournment Motion.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

3. On March 27, 2020, the Court entered the *Order Granting Motion to Adjourn Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement and Related Deadlines* [ECF No. 12549] (the "Adjournment Order"), granting the relief requested in the Adjournment Motion, and directing the Debtors to file a status report "setting forth, in summary terms, the effects of COVID-19 on the Commonwealth and the measures being undertaken in the Commonwealth to address the pandemic, and a proposed schedule for the Disclosure Statement Hearing and related deadlines" on or before May 1, 2020. Adjournment Order ¶ 3.

4. On April 21, 2020, in connection with the April 22, 2020 omnibus hearing, the Oversight Board filed its *Status Report of the Financial Oversight and Management Board Pursuant to Order Dated April 13, 2020 Regarding Procedures for April 22, 2020 Omnibus Hearing* [ECF No. 12910] (the "FOMB April Status Report"), which provided a summary of the intervening measures the Oversight Board had taken together with the Government of Puerto Rico to address the COVID-19 pandemic. Similarly, AAFAF filed its *Status Report of the Puerto Rico Fiscal Agency and Financial Advisory Authority Regarding the Government of Puerto Rico's Recent Activities in Response to the Ongoing COVID-19 Pandemic* [ECF No. 12921] (the "AAFAF April Status Report"), detailing the impact of COVID-19 on Puerto Rico and its economy, and the aid received and measures taken to combat the virus.

5. On May 1, 2020, the Oversight Board filed its *Status Report of the Financial Oversight and Management Board for Puerto Rico Regarding the COVID-19 Pandemic and Proposed Disclosure Statement Schedule* [ECF No. 13018] (the "FOMB May Status Report"), which noted that, among other things, "[g]iven the continuing uncertainty created by the COVID-19 pandemic, the Oversight Board's immediate focus is to ensure the health and well-being of the people of Puerto Rico and to assess the short- and medium-term impact of the pandemic on Puerto

Rico's economy . . . . Before the Debtors' plan of adjustment and disclosure statement process can move forward, the Oversight Board must assess the pandemic's impact and extremely difficult recovery ahead for Puerto Rico." FOMB May Status Report ¶¶ 12-13.

6. On July 15, 2020, the Oversight Board filed its *Status Report of the Financial Oversight and Management Board for Puerto Rico Regarding the COVID-19 Pandemic and Proposed Disclosure Statement Schedule* [ECF No. 13660] (the "FOMB July Status Report"), which noted that, among other things, "[h]aving completed the process of certifying the Commonwealth fiscal plan and corresponding budget, the Oversight Board has resumed discussions with AAFAF concerning the terms of a plan of adjustment . . . [and] anticipates that, in the coming weeks, the Oversight Board and AAFAF shall entertain discussions with creditors . . . with the guidance of the mediation team led by the Honorable Judge Barbara J. Houser, to address the new reality created by the COVID-19 pandemic." FOMB July Status Report ¶ 17.

7. The Oversight Board requested in the FOMB July Status Report that it be permitted to provide the Court an updated status report on the Oversight Board's position on or before September 11, 2020, "which will allow the Oversight Board time to assess the fiscal plan's assumptions, and report on the progress (and, hopefully, the completion) of plan discussions with AAFAF, creditors and the Court-appointed mediation team." *Id.* ¶ 19.

8. On July 20, 2020, the Court entered the Scheduling Order, setting September 9, 2020 as the deadline for the Oversight Board to provide the Court with an updated status report regarding the timeline for the Debtors' plan of adjustment and disclosure statement process.

**Status of the Oversight Board**

9. Pursuant to PROMESA, the Oversight Board is composed of seven (7) members, nominated by either the President of the United States or members of Congress. During the past

4

few months, three (3) members of the Oversight Board provided notice that they would not be standing for re-nomination and, accordingly, on August 31, 2020, the terms of Carlos M. García and José Ramon González expired. The term of José B. Carrión III, current Chairman of the Oversight Board, shall expire on October 5, 2020. The Oversight Board continues to carry out all functions and duties while awaiting appointment of a new Board, or additional or replacement members.

## Physical and Political Conditions on the Island

10. Since the submission of the FOMB July Status Report, the Oversight Board and the Government have continued to collaborate and to take all necessary steps to protect the health and welfare of the people of Puerto Rico from the COVID-19 virus, while also slowly and prudently reopening critical governmental functions and businesses as appropriate and providing the people of Puerto Rico with ongoing reasonable, comprehensive, and sustainable solutions. As of September 7, 2020, there are 16,692 confirmed and likely cases of COVID-19 and 477 deaths caused by the disease on the Island.[3]

11. As noted in the FOMB July Status Report, the Island has experienced severe drought conditions, which forced the Governor to declare a state of emergency on June 29, 2020. While drought conditions on the Island have subsided since its peak in July, the Commonwealth is in the midst of the Atlantic hurricane season, having already experienced the effects of tropical storms Isaias and Laura. In particular, Tropical Storm Isaias and Tropical Storm Laura left up to 400,000 and 200,000 PREPA customers, respectively, without power for a time.[4] The Oversight Board continues to work with the Government to respond to these challenges.

---

[3] Departamento de Salud, COVID-19 Cases in Puerto Rico, *available at* http://www.salud.gov.pr/Pages/coronavirus.aspx.

[4] Forbes, Tropical Storm Isaias Batters Puerto Rico, On Track Toward Florida and the East Coast,

5

12. Importantly, the Commonwealth recently completed its primary elections and, following the upcoming November election, the Commonwealth will have a new governor. During the intervening period, much focus will be placed on the gubernatorial election process, with candidates stating their respective visions for the best path forward for the Commonwealth and the restructuring of the Commonwealth's indebtedness. At the same time, the Oversight Board will continue its efforts and will work with Governor Vázquez to address such restructuring and the needs of the Commonwealth to reach and gain access to the capital markets.

### Timeline for Debtors' Plan of Adjustment and Disclosure Statement

13. As noted in the FOMB July Status Report, on June 20, 2020, the Oversight Board certified its own $22.2 billion fiscal year 2021 consolidated budget for the Commonwealth that contemplates $10.04 billion in spending from the General Fund along with special revenue and federal funds. Having completed the process of certifying the Commonwealth Fiscal Plan and corresponding budget, the Oversight Board resumed discussions with AAFAF concerning the terms of a plan of adjustment and what, if any, modifications or amendments need to be proposed to the Plan and Disclosure Statement filed with the Court on February 28, 2020.

14. The Oversight Board has also resumed formal discussions with creditors party to the Plan Support Agreement, as amended on March 13, 2020 and April 1, 2020, with the guidance of the mediation team led by the Honorable Judge Barbara J. Houser, to address the new reality created by the COVID-19 pandemic. Additionally, the Oversight Board and its advisors have engaged in active dialogue with individual creditors and their respective advisors, both those party to the Plan Support Agreement as well as other notable parties in interest.

---

*available at* https://www.forbes.com/sites/nicholasreimann/2020/07/30/tropical-storm-isaias-batters-puerto-rico-on-track-toward-florida-and-the-east-coast/#4917eb633bf2.

15. While parties have re-engaged, both formally and informally, in light of (a) the nascent stage of such discussions, (b) the current state of material litigations before the Court, the determinations of which shall influence the tenor of such discussions, and (c) the political and electoral process on-Island, the Oversight Board submits it is premature to propose a schedule for consideration of the Debtors' Plan and Disclosure Statement. First, certain diligence must be performed to address inquiries for information or possible avenues for resolution. Second, although the Commonwealth's fiscal plan has been certified, the Oversight Board is mindful that the uncertainty of the timing of the cessation of the ongoing COVID-19 pandemic, fiscal and economic determinations announced by authorities in connection with the pandemic, and the challenges presented by the severe drought conditions in July and the ongoing hurricane season require that the fiscal plan's assumptions continue to be tested in the coming months. (Of course, droughts and hurricanes are always possible and all fiscal plans, budgets, and plans of adjustment must contemplate their risks.) Third, political and legislative calendars, including the ongoing electoral process and the closure of the current legislative sessions, impact the timing associated with receiving governmental assent and gaining legislative approval for the issuance of indebtedness pursuant to a plan of adjustment, which approval is deemed desirable due to its impact on the debt's trading value.

16. The Oversight Board submits that only a brief respite is required to complete such diligence and to discern the possible direction of such discussions. Specifically, with creditor parties re-engaged, the Oversight Board (and the Mediation Team) will realize in short order whether a modified plan of adjustment is capable of being reached. Likewise, the Oversight Board and AAFAF will know whether any remaining hurdles of such plan can be overcome or if the electoral process will need to be completed before that might occur. Accordingly, the Oversight

Board requests that it be permitted to provide the Court an updated status report on the Oversight Board's position on or before **October 25, 2020** (prior to the scheduled October omnibus hearing), which will allow the Oversight Board time to assess the fiscal plan's assumptions, and report on the progress (and, hopefully, the completion) of plan discussions with AAFAF, creditors, and the Court-appointed mediation team.

### Claims Resolution Process

17. As the Court is also well aware, due to restrictions imposed by (*i*) the Governor of Puerto Rico's executive orders concerning COVID-19[5] and (*ii*) the United States District Court for the District of Puerto Rico's orders directing all civil and criminal proceedings in the District of Puerto Rico requiring an in-person hearing be continued until at least Monday, October 5, 2020,[6] the Debtors have filed multiple notices adjourning hearings on pending omnibus objections to

---

[5] The executive orders include (*i*) *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, to Make Viable the Necessary Government and Private Closures to Fight the Effects of Coronavirus (COVID-19) and Control the Risk of Contagion on Our Island*, Administrative Bulletin No. OE-2020-023, (*ii*) *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, in Order to Continue the Measures Taken to Control the Risk of Contagion of the Coronavirus (COVID-19) in Puerto Rico*, Administrative Bulletin No. OE-2020-033, (*iii*) *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, to Extend the Curfew, Continue the Gradual Reopening of Several Economic Sectors, and Other Related Purposes Regarding the Measures Taken to Control the Risk of Coronavirus Contagion (COVID-19) in Puerto Rico*, Administrative Bulletin No. OE-2020-041, (*iv*) *Executive Order of the Governor of Puerto Rico Hon. Wanda Vázquez Garced, in Order to Establish a New Curfew, Continue the Economic Reopening, and Other Purposes Relating to COVID-19*, Administrative Bulletin No. OE-2020-044; and (*v*) *Executive Order of the Governor of Puerto Rico Hon. Wanda Vázquez Garced, in Order to Extend the Established Curfew and Restrict the Measures Taken to Control the Spread of COVID-19,* Administrative Bulletin No. OE-2020-062.

[6] *Order Concerning Proceedings Before the United States District Court of Puerto Rico* [Misc. No. 20-0088-GAG, ECF No. 3]; *Order Continuing Civil and Criminal Proceedings* [Misc. No. 20-0088-GAG, ECF No. 14]; *Amended Order Continuing Civil and Criminal Proceedings* [Misc. No. 20-0088-GAG, ECF No. 17]; *Amended Order Continuing Civil and Criminal Proceedings* [Misc. No. 20-0088-GAG, ECF No. 19]; *Second Amended Order Continuing Civil and Criminal Proceedings* [Misc. No. 20-0088-GAG, ECF No. 20]; *Third Amended Order Continuing Civil and Criminal Proceedings* [Misc. No. 20-0088-GAG, ECF No. 21]

claims (the "Objections").[7] *See, e.g.*, ECF Nos. 12750, 13232, 13702, 14138. The Debtors understand that, due to the restrictions in place, claimants who wish to appear and be heard at any hearing on the Objections have been unable to attend scheduled omnibus hearings in person. Further, the Debtors understand that Court Solutions, the telephonic service provider for the omnibus hearings, is only available to attorneys, and does not permit *pro se* claimants or their interpreters to appear telephonically.

18. As a result of these adjournments, over one hundred sixty omnibus objections to claims, affecting over 60,000 claimants, remain pending before the Court. The Debtors are currently exploring options that would permit *pro se* claimants to appear in person at any hearing on the Objections. In particular, the Debtors, in conjunction with Prime Clerk LLC, are considering establishing a satellite hearing site at a Prime Clerk collection center, at which claimants may be permitted to appear and speak at a hearing on the Objections. With the Court's approval, this satellite site could provide a telephone line capable of dialing in to the omnibus hearing via the Court Solutions platform. Claimants, along with their interpreters, may appear and be heard in person using this telephonic line. Should the Court wish, a video uplink may also be provided. While claimants and their interpreters are awaiting their opportunity to speak, they will be able to wait outside, in the open air, which will minimize the risk of transmission of the coronavirus. This satellite site will comply with all locally-imposed requirements for protecting the health and safety of visitors to the site. The Debtors anticipate this proposal will enable the Court to efficiently resolve the large number of pending Objections in a manner that both protects claimants' due process rights and reduces the risk of disease transmission. Importantly, moving

---

[7] The Objections are identified in Appendix A to the *Notice of Adjournment of Omnibus Objections Scheduled for Hearing at the September 16, 2020 Omnibus Hearing to the October 28, 2020 Omnibus Hearing* [ECF No. 14138].

forward with such reconciliation process will allow the Oversight Board to more actively engage with the Creditors' Committee on the terms of a plan of adjustment as the universe and amount of unsecured claims will be more apparent.

| | |
|---|---|
| Dated: September 9, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Martin J. Bienenstock<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>/s/ Hermann D. Bauer<br><br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors* |