# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- X
                                                                     :
In re:                                                               :
                                                                     :
THE FINANCIAL OVERSIGHT AND                                          : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                    : Title III
                                                                     :
     as representative of                                            : Case No. 17-BK-3283 (LTS)
                                                                     :
THE COMMONWEALTH OF PUERTO RICO et al.,                              : (Jointly Administered)
                                                                     :
     Debtors.¹                                                       :
-------------------------------------------------------------------- X
                                                                     :
In re:                                                               :
                                                                     :
THE FINANCIAL OVERSIGHT AND                                          : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                    : Title III
                                                                     :
     as representative of                                            : Case No. 17-BK-4780 (LTS)
                                                                     :
PUERTO RICO ELECTRIC POWER AUTHORITY,                                : This filing relates only to
                                                                     : Case No. 17-BK-4780 (LTS)
                                                                     :
     Debtor.                                                         :
-------------------------------------------------------------------- X
```

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 5, 2020 ORDER ON MOTION TO COMPEL DISCOVERY IN CONNECTION WITH MOTION TO TERMINATE BANKRUPTCY RULE 9019 MOTION**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72(c) of the Local Rules for the United States District Court for the District of Puerto Rico, the Official Committee of Unsecured Creditors (the "Committee")[2] hereby submits this urgent objection (the "Objection") to the Order of Magistrate Judge Judith Gail Dein (the "Magistrate Judge"), entered on September 5, 2020 [Case No. 17-BK-4780-LTS, Dkt. No. 2177] (the "September 5 Order"), attached hereto as Exhibit 1, resolving the *Official Committee of Unsecured Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-BK-4780-LTS, Dkt. No. 2155] (the "Motion to Compel"). In support of this Objection, the Committee respectfully states as follows:

## INTRODUCTION

1. At the center of the Motion to Dismiss[3] is a question of fact: whether or not the Government Parties have in fact decided to abandon the current RSA and no longer prosecute the Rule 9019 Motion at this time. The status reports submitted by the Government Parties appear to state that they are still evaluating the current RSA, but the statements made by the Government Parties' leaders indicate that they have already determined that the RSA is dead and will need to be renegotiated. The Committee is entitled to discovery on these conflicting assertions.

2. In light of the limited time available for discovery, and having no desire to burden the Government Parties with excessive discovery requests, the Committee served a single, narrow document request, two fact deposition notices, and two Rule 30(b)(6) deposition notices on PREPA and the Oversight Board and their respective advisors. The Committee subsequently

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms not defined herein have the meaning ascribed to them in the Motion to Compel.

agreed to limit its requests even further by (1) cutting down the date range for the requests from six months to three months, (2) limiting the number of document custodians to only four individuals, (3) forgoing the two Rule 30(b)(6) depositions, and (4) conducting the two remaining fact depositions remotely with a three-hour time limit.

3. Nevertheless, the Government Parties refused to produce any discovery at all, and the Magistrate Judge denied the Committee's Motion to Compel production of such discovery on the grounds that it is not relevant to the Motion to Dismiss. Specifically, she concluded that none of the requested documents or deposition testimony could change the fact that the RSA has not expired by its terms or been officially terminated. This reasoning misapprehends the central factual question raised by the Committee in the Motion to Dismiss, which is whether or not the Government Parties, ***notwithstanding the notional pendency of the RSA***, have in fact abandoned the substance of the agreement and decided not to pursue the Rule 9019 Motion at this time. Because the requested discovery is highly relevant to this question, the Magistrate Judge's denial of the Motion to Compel was incorrect, and her decision should be overruled.

## BACKGROUND

4. On July 31, 2020, the Government Parties filed their most recent status report regarding the Rule 9019 Motion. Even though the Court had instructed the Government Parties to "propos[e] next steps" regarding the Rule 9019 Motion, the July 31, 2020 Status Report contains no additional information beyond the May 15, 2020 status report. Instead, the Government Parties offered to file another status report two months from then, by September 25, 2020, at which "point the Government Parties are *hopeful* that they can report on developments regarding their evaluation of the RSA and [Rule] 9019 Motion."[4]

---

[4] July 31, 2020 Status Report, at ¶ 27 (emphasis added).

2

5. On August 5, 2020, the Court entered an order, granting the relief requested in the Status Report and instructing the Government Parties to "file a further status report providing an update on PREPA's financial condition and proposing next steps with respect to the [Rule] 9019 Motion . . . on or before September 25, 2020."[5]

6. On August 18, 2020, the Committee filed the Motion to Dismiss, which seeks to terminate the Rule 9019 Motion for lack of subject matter jurisdiction or, alternatively, based on the exercise of the Court's discretion, to permit the Committee to pursue its October 30, 2019 objection to the PREPA bondholders' claims under section 502 of the Bankruptcy Code.

7. On August 19, 2020, the Committee served a *single*, very targeted and time-limited document request (the "Document Request") on the Oversight Board[6] and PREPA[7]:

> All documents and communications from March 1, 2020 to present relating to the RSA and/or the [Rule] 9019 Motion, including without limitation documents relating to the status of the RSA and/or the [Rule] 9019 Motion (including any adjournment of the [Rule] 9019 Motion), whether the RSA remains viable in its current form, and/or whether the RSA may be renegotiated by the parties.

8. In addition to the Document Request, the Committee served Rule 30(b)(6) deposition notices on the Oversight Board[8] and PREPA[9], seeking testimony regarding only two limited topics: (1) the documents produced in response to the Document Request, and (2) "the

---

[5] Case No. 17-BK-4780-LTS, Dkt. No. 2120.

[6] *Official Committee of Unsecured Creditors' Document Requests to Financial Oversight and Management Board for Puerto Rico in Connection with Motion to Terminate 9019 Motion*, dated August 19, 2020 (Exhibit 2).

[7] *Official Committee of Unsecured Creditors' Document Requests to Puerto Rico Electric Power Authority in Connection with Motion to Terminate 9019 Motion*, dated August 19, 2020 (Exhibit 3).

[8] *Official Committee of Unsecured Creditors' Notice of Deposition to Financial Oversight and Management Board for Puerto Rico in Connection with Motion to Terminate 9019 Motion Pursuant to Fed. R. Civ. P. 30(b)(6)*, dated August 19, 2020 (Exhibit 4).

[9] *Official Committee of Unsecured Creditors' Notice of Deposition to Puerto Rico Electric Power Authority in Connection with Motion to Terminate 9019 Motion Pursuant to Fed. R. Civ. P. 30(b)(6)*, dated August 19, 2020 (Exhibit 5).

3

RSA and/or the [Rule] 9019 Motion, including without limitation documents relating to the status of the RSA and/or the [Rule] 9019 Motion (including any adjournment of the [Rule] 9019 Motion), whether the RSA remains viable in its current form, and/or whether the RSA may be renegotiated by the parties." The Committee also served deposition notices on (1) former PREPA executive director Jose Ortiz[10] and (2) Oversight Board member David Skeel.[11] The Committee agreed to limit the depositions to a few hours, and to conduct them remotely.

9. On August 28, 2020, after attempting unsuccessfully to meet and confer with the Government Parties to resolve issues relating to the Committee's discovery requests,[12] the Committee filed the Motion to Compel. In the Motion to Compel, the Committee agreed to further limit its requests to the following:

a. The Committee will limit the date range of its document request to include documents only from June 1, 2020 through the present (instead of March 1, 2020 through the present);

b. The Government Parties need only search the files of four custodians—Jose Ortiz, David Skeel, Natalie Jaresko, and David Brownstein of Citi—pursuant to a search protocol to be negotiated with the Committee;

c. The Committee will forego its Rule 30(b)(6) depositions and take only the depositions of Jose Ortiz and David Skeel, which depositions will proceed remotely and be limited to three hours each.[13]

---

[10] *Official Committee of Unsecured Creditors' Notice of Deposition to Jose Ortiz Pursuant to Fed. R. Civ. P. 45*, dated August 19, 2020 (Exhibit 6).

[11] *Official Committee of Unsecured Creditors' Notice of Deposition to David Skeel Pursuant to Fed. R. Civ. P. 45*, dated August 19, 2020 (Exhibit 7). On August 23, 2020, the Committee served the Document Request on Citi and Ankura. See *Official Committee of Unsecured Creditors' Document Requests to Citigroup Global Markets, Inc. in Connection with Motion to Terminate 9019 Motion*, dated August 23, 2020 (Exhibit 8); *Official Committee of Unsecured Creditors' Document Requests to Ankura Consulting Group, LLC in Connection with Motion to Terminate 9019 Motion*, dated August 23, 2020 (Exhibit 9).

[12] The Committee refers the Court to its Motion to Compel and accompany exhibits for a full discussion of the meet and confer process.

[13] Motion to Compel, at ¶ 5.

4

10. On September 1, 2020, the Government Parties filed the *Respondents' Opposition to UCC's Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-BK-4780-LTS, Dkt. No. 2164].

11. On September 3, 2020, the Committee filed the *Official Committee of Unsecured Creditors' Reply in Support of Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-BK-4780-LTS, Dkt. No. 2173] (the "Reply").

12. On September 5, 2020, the Magistrate Judge issued the September 5 Order, which denied the Motion to Compel in full. The Magistrate Judge held that the requested discovery was not relevant and declined to address the issue of privilege.

## ARGUMENT

13. Upon timely objections to a non-dispositive order issued by a magistrate judge, like the September 5 Order, the Court must modify or set aside any part of the order that "is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A magistrate judge's rulings will be reviewed under the "contrary to law" standard when the issue "turns on a pure question of law." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." *Id*. Mixed questions of law and fact trigger a sliding scale of review pursuant to which:

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review.

5

*Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc. (In re IDC Clambakes, Inc.)*, 727 F.3d 58, 64 (1st Cir. 2013) (internal citation omitted).

14. For the reasons set forth below, the errors to which the Committee objects in the September 5 Order are founded upon questions of law meriting *de novo* review under a "contrary to law" standard. Applying that standard, the September 5 Order was incorrect as a matter of law and must be overruled.

I. **REQUESTED DISCOVERY IS RELEVANT TO MOTION TO DISMISS**

15. The limited discovery that the Committee seeks is centrally relevant to its claim that the Court lacks jurisdiction over the Rule 9019 Motion (or, alternatively, should exercise its discretion to dismiss the motion) because the Government Parties have effectively abandoned the RSA and no longer intend to prosecute the Rule 9019 Motion at this time. In ruling to the contrary, the Magistrate Judge found that the Committee's discovery would not address the question of whether the Government Parties have abandoned the RSA (or the Rule 9019 Motion), because the RSA has not yet formally expired or terminated.[14] This reasoning, the Committee respectfully submits, is flawed.

16. The fact that the RSA is still formally in effect does not render the Committee's requests irrelevant. As the Magistrate Judge notes, the Committee does not claim that the RSA has ***formally*** "expired by its own terms" or that it has been ***formally*** terminated "by resolution."[15] Instead, the central factual question raised by the Committee in the Motion to Dismiss is whether or not the Government Parties, notwithstanding the notional pendency of the RSA, have in fact abandoned the substance of the agreement and their related pursuit of the Rule

---

[14] September 5 Order, at 5.

[15] *Id.*

6

9019 Motion.[16] As explained in the Motion to Dismiss, the Government Parties should not be allowed to hide behind "empty formalism," *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997), for strategic reasons to keep the Rule 9019 Motion pending and prevent the Committee from pursuing its objection to the PREPA bondholders' claims.

17. The Magistrate Judge's observation that "individuals' opinions are of minimal probative value" misconstrues the nature of the requested discovery.[17] The Committee is not merely seeking the "opinions" or views of particular individuals within PREPA or the Oversight Board as to the RSA and the Rule 9019 Motion; rather, the Committee seeks evidence of an actual determination that the Rule 9019 Motion will not be pursued at this time because the RSA—even if it has not technically been terminated—is no longer viable and must be renegotiated. This evidence could take any number of forms, including statements in communications by or among Oversight Board members, minutes of board meetings, or internal memoranda.

18. In addition, the individuals who have made the statements cited in the Motion to Dismiss that call into question the status of the RSA are not just any individuals—they are Natalie Jaresko (the executive director of the Oversight Board), Jose Ortiz (the former executive director of PREPA), and Robert Poe (member of the PREPA governing board). These high-ranking officials made their statements to reporters and to the public at large, presumably with the intention of truthfully informing the public about the current status of the RSA. Accordingly,

---

[16] *See* Motion to Dismiss, at ¶ 2 (seeking to dismiss the Rule 9019 Motion because "(i) the RSA—which forms the sole basis for the case or controversy underlying the relief requested in the [Rule] 9019 Motion—no longer exists as a viable agreement and (ii) the Government Parties have no intention of moving forward with their motion seeking approval of *this* RSA.") (emphasis in original).

[17] September 5 Order, at 5.

these statements (and others like them) are highly probative of the central factual question underlying the Motion to Dismiss.

19. Finally, the Magistrate Judge's claim that the Committee already has "sufficient information in the record already" to support the Motion to Dismiss is incorrect. The Committee has received no discovery at all to date, and the Government Parties have refused to stipulate that their representatives made the public statements quoted in the Motion to Compel. Accordingly, the only information presently "in the record" to which the Committee has access is the Government Parties' status reports. The Committee cannot be forced to rely solely on the self-serving statements in these status reports to support its position that the Rule 9019 Motion should be dismissed over the Government Parties' objection.

20. The Magistrate Judge opines that the requested discovery will not "alter the content of the status reports filed by the Government Parties."[18] But it is not the content of the status reports that is in dispute—it is the *accuracy* of those status reports that is in dispute. The public statements by Mr. Ortiz, Ms. Jaresko, and others strongly suggest that the Government Parties have already decided to not seek approval of the current RSA, contradicting the Government Parties' assertion in the most recent status report "that they are still evaluating the viability of the RSA."[19] In light of the factual difference between what the Government Parties are telling the Court in the status reports, and what the Government Parties are telling the public, the Committee is entitled to get to the truth by receiving the requested discovery.

## II. GOVERNMENT PARTIES' PRIVILEGE CONCERNS ARE UNFOUNDED

21. In the September 5 Order, the Magistrate Judge declined to address the parties' arguments regarding whether the communications requested by the Committee were in fact

---

[18] *Id.*

[19] *Id.*

8

protected from disclosure by attorney-client privilege, the work product privilege, and/or the deliberative process privilege.[20] The Committee incorporates by reference the arguments made in the Motion to Compel and the Reply explaining why (i) much of the requested information is likely not privileged and (ii) the Government Parties' arguments are inconsistent with prior orders of the Court and with their prior positions in this dispute.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein, and granting the Committee such other relief as this Court deems just and proper.

Dated: September 10, 2020

/s/ Luc A. Despins .
PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except COFINA and PBA)* [21]

- and -

/s/ John Arrastia
John H. Genovese, Esq. (*Pro Hac Vice*)
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)

---

[20] *Id*. at 6.

[21] Paul Hastings LLP does not represent the Committee with respect to any statements in this Objection regarding Citigroup Global Markets, Inc.

9

GENOVESE JOBLOVE & BATTISTA, P.A
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jgenovese@gjb-law.com
jarrastia@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except COFINA and PBA) with Respect to Citigroup Global Markets, Inc.*

- and -

*/s/ Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except COFINA and PBA)*