**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>Debtors[1]. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## ORDER ON MOTION TO COMPEL

### I. INTRODUCTION

This matter is before the Court on the *Official Committee of Unsecured Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* (Dkt. No. 14127 in 17-BK-3283 and Dkt. No. 2155 in 17-BK-4780[2]) (the "Motion to Compel"). The Court has also received and reviewed the Government Parties'[3] Opposition (Dkt. No. 2164) (the "Opposition"), and the UCC's Reply (Dkt. No. 2173) (the "Reply"). Through the Motion to Compel, the UCC seeks discovery in connection with its *Motion to Terminate Bankruptcy Rule 9019 Motion* (Dkt. No. 2144) (the "Motion to Dismiss"). After careful review of the parties' submissions, and for the reasons addressed herein, the Court hereby DENIES the Motion to Compel.

### II. BACKGROUND

The Motion to Dismiss seeks an order dismissing PREPA's 9019 Motion because, according to the UCC, "the Government Parties no longer support the underlying RSA, and therefore the Court lacks subject matter jurisdiction over the dispute." Motion to Compel ¶ 1. The UCC asserts that "recent public statements from leaders of the Oversight Board and PREPA in which they explain that the RSA must be renegotiated and that such renegotiations are unlikely to begin until sometime in 2021" is evidence that the Government Parties have already decided to abandon the RSA in its current form and to not prosecute the 9019 Motion. Id. In particular, the UCC points to the statements of PREPA's former executive director, Jose Ortiz,

---

[2] Unless otherwise specified, all docket numbers referenced herein shall refer to docket numbers in Case Number 17-BK-4780.
[3] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Compel.

2

made "publicly during a high-profile industry conference last month that the RSA 'certainly has to be renegotiated,' but that he "**do[es]n't see an RSA being agreed on until next year.**'" Motion to Dismiss ¶ 3 (emphasis in original).  The UCC also relies on a statement from PREPA governing board member Robert Poe that the "'RSA that was considered last year [is] a whole different situation' given that interest rates have now plummeted such that 'money is almost free at this point.'"  Motion to Compel ¶ 18.  The UCC argues that its Motion to Dismiss thus places the factual issues of "whether or not the Government parties have already decided that (i) the current RSA is no longer viable and needs to be renegotiated, and (ii) therefore, they do not intend to prosecute the 9019 Motion to seek approval of the current RSA" at issue, and the UCC is entitled to discovery concerning these facts.  Id. ¶ 1.  The UCC has agreed to narrow its discovery requests to one document request and two three-hour depositions.  See id. ¶ 5.  The document request seeks documents and communications, dated from June 1, 2020 through the present, "relating to the status of the RSA and/or the 9019 Motion, including without limitation documents relating to the status of the RSA and/or the 9019 Motion (including any adjournment of the 9019 Motion), whether the RSA remains viable in its current form, and/or whether the RSA may be renegotiated by the parties," from the following four custodians: Jose Ortiz, David Skeel, Natalie Jaresko, and David Brownstein of Citi.  Motion to Compel, Ex. 1, Document Request No. 1.  The UCC also agreed to forego Rule 30(b)(6) depositions of PREPA and the Oversight Board and seeks to depose only Jose Ortiz and David Skeel.  See Motion to Compel ¶ 5.

The Government Parties, however, represent that no decision has been made to abandon the RSA, and that they are continuing to evaluate the feasibility of the RSA in light of

the COVID-19 pandemic. See Opposition ¶ 9. Per the District Court's August 5, 2020 Order, the Government Parties will "provid[e] an update on PREPA's financial condition and propos[e] next steps with respect to the 9019 Motion" on September 25, 2020. See id. (quoting Dkt. No. 2120). They contend that the UCC is not entitled to any discovery because the UCC's requests for documents and communications concerning the Government Parties' ongoing evaluation of the RSA are overwhelmingly privileged, and the requests are irrelevant and disproportionate to the needs of the UCC's motion. See id.

### III. ANALYSIS

A. Relevance

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." The issues raised in the Motion to Dismiss are whether the Government Parties have decided to abandon the RSA and whether they have made a determination to not prosecute the 9019 Motion. See Motion to Dismiss ¶ 4 ("The dispositive question is whether the Government Parties are going forward with their motion, the answer to which clearly is – and has been for a long time – a resounding 'no.'"). The impetus for the UCC's Motion to Dismiss appears to be public statements made by certain government officials, expressing their opinions that the RSA may need to be renegotiated. See Motion to Compel ¶¶ 1, 18. The UCC claims that these statements are evidence that "PREPA and the Oversight Board know the RSA has to change." Id. ¶ 18. The Government responds

that "[o]ne-off statements of individuals about the viability of the RSA do not change [the] basic fact" that "absent formal termination, the RSA remains effective." This Court agrees.

Individuals' opinions are of minimal probative value as to whether the Government Parties have made a decision to abandon the RSA or not prosecute the 9019 Motion. The UCC does not allege that the RSA expired by its own terms. Opposition ¶ 4. The UCC also does not dispute the fact that contractual termination of the RSA can only be achieved by resolution, and no such resolution has been made. Id. As the Government Parties assert, "the RSA's status is not a matter of opinion or a subject of inquiry, it is an objective fact and, by its terms, the RSA remains in effect unless and until a termination right is exercised." *Joint Objection of PREPA and AAFAF to Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019* Motion (Dkt. No. 2160) ¶ 3. Thus, the discovery being sought by the UCC will not address the critical question of whether the Government Parties have abandoned the RSA.

To the extent that the UCC's argument in connection with its Motion to Dismiss is premised on an implied abandonment or termination of the RSA, there is sufficient information in the record already to enable the UCC to present the argument to the Court. Additional discovery will not alter the number of extensions that have been sought by the Government Parties to date. Nor will it alter the content of the status reports filed by the Government Parties describing a time-line (or, as the UCC contends, the absence of a time-line) for the Government Parties to request a hearing on the RSA. Similarly, in the status reports the Government Parties acknowledge that they are still evaluating the viability of the RSA and that they may not be presenting it to the Court for hearing in its present form. There are sufficient official statements by the Government Parties to squarely present the UCC's legal arguments to

the Court. In sum, this Court finds that even the UCC's narrowed discovery requests are disproportionate given the minimal relevance of the information it seeks to the Motion to Dismiss.

B. Privilege

While this Court believes that much of the communications requested by the UCC may be protected from disclosure by the attorney-client privilege, the work product privilege, and/or the deliberative process privilege, this Court declines to address those arguments in light of the conclusion that the discovery requests are disproportionate to the needs of the case given their minimal relevance to the Motion to Dismiss.

### IV. CONCLUSION

For the reasons detailed herein, the Motion to Compel is DENIED.

This Order resolves Dkt. No. 14127 in 17-BK-3283 and Dkt. No. 2155 in 17-BK-4780.

SO ORDERED.

Dated: September 5, 2020

/s/ Judith Gail Dein  
HONORABLE JUDITH GAIL DEIN  
UNITED STATES MAGISTRATE JUDGE