# EXHIBIT B

**Declaration of Jay Herriman**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE TWO HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY HOLDERS OF CERTAIN HTA BRIDGE BONDS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtor's (as defined below) case filed pursuant to PROMESA. The Debtor's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" the "Debtor").

3. I submit this declaration in support of the *Two Hundred Fifty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by Holders of Certain HTA Bridge Bonds* (the "Two Hundred Fifty-Fifth Omnibus Objection").[3] I have personally reviewed the Two Hundred Fifty-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Two Hundred Fifty-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Two Hundred Fifty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel at other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Two Hundred Fifty-Fifth Omnibus Objection.

5. Proskauer identified CUSIPs associated with bonds issued by the Puerto Rico Highways and Transportation Authority ("HTA") that seek recovery for amounts for which the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Fifty-Fifth Omnibus Objection.

2

Commonwealth is not liable because the CUSIP is associated with liabilities arising from HTA Bridge Bonds issued by HTA, even though the Commonwealth has not guaranteed liabilities associated with HTA Bridge Bonds. To the best of my knowledge, information, and belief, the claims identified in <u>Exhibit A</u> to the Two Hundred Fifty-Fifth Omnibus Objection (collectively, the "<u>Claims to Be Disallowed</u>") assert liabilities associated with the CUSIPs identified by Proskauer. Under my direction and/or supervision, each of the claims at issue in the Two Hundred Fifty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel and determined to assert CUSIP numbers for bonds issued by HTA, even though the Commonwealth has not guaranteed such liabilities. These efforts resulted in the identification of the Claims to Be Disallowed.

6. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Two Hundred Fifty-Fifth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 11, 2020

By: <u>/s/ Jay Herriman</u>
      Jay Herriman

3

## __ANEXO B__

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

*In re*:
JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,
    como representante del
ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,

                      Deudores.[1]

PROMESA
Título III
Núm. 17 BK 3283-LTS
(Administrado Conjuntamente)

**La presente radicación guarda relación con el ELA.**

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA DUCENTÉSIMA QUINCUAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS POR LOS TENEDORES DE DETERMINADOS BONOS RELATIVOS AL PUENTE DE LA ACT**

      Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

      1.      Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del Deudor (según se define abajo) radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del Deudor implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Ducentésima quincuagésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas por los tenedores de determinados Bonos relativos al puente de la ACT* (la "Ducentésima quincuagésima quinta objeción global").[3] He revisado personalmente la Ducentésima quincuagésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Ducentésima quincuagésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Ducentésima quincuagésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima quincuagésima quinta objeción global.

2

examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazados, según se identifica en el <u>Anexo A</u> de la Ducentésima quincuagésima quinta objeción global.

5. Proskauer identificó los CUSIP vinculados con los bonos emitidos por la Autoridad de Carreteras y Transportación de Puerto Rico (la "<u>ACT</u>") que pretenden obtener la recuperación de los montos por los que el ELA no tiene responsabilidad porque el CUSIP guarda relación con las responsabilidades derivadas de los Bonos relativos al puente de la ACT emitidos por la ACT, a pesar de que el ELA no ha garantizado las responsabilidades vinculadas con los Bonos relativos al puente de la ACT. A mi fiel saber y entender, las reclamaciones identificadas en el <u>Anexo A</u> de la Ducentésima quincuagésima quinta objeción global (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") alegan responsabilidades vinculadas con los CUSIP identificados por Proskauer. Bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Ducentésima quincuagésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, y se han determinado los números CUSIP de los bonos emitidos por la ACT, a pesar de que el ELA no ha garantizado dichas responsabilidades. Dichos esfuerzos resultaron en la identificación de las Reclamaciones que han de ser rechazadas.

6. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Ducentésima quincuagésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 11 de septiembre de 2020

3

Por: [*Firma en la versión en inglés*]
Jay Herriman

4