## **EXHIBIT D**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                            Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

**ORDER GRANTING TWO HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR**

Upon the *Two Hundred Fifty-Seventh Omnibus Objection (Non-Substantive) to Claims Asserted Against the Incorrect Debtor* (Docket Entry No. __), the "Two Hundred Fifty-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Seventh Omnibus Objection")[2] filed by the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto ("ERS", and together with HTA, the "Debtors") dated September 11, 2020, for entry of an order reclassifying, in whole or in part, certain claims filed against HTA or ERS, as more fully set forth in the Two Hundred Fifty-Seventh Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Two Hundred Fifty-Seventh Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Two Hundred Fifty-Seventh Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the claims identified in the column titled "Asserted" in Exhibit A to the Two Hundred Fifty-Seventh Omnibus Objection having improperly identified HTA or ERS as obligor, in whole or in part, when such claims are properly asserted, if at all, in whole or in part, against the Commonwealth of Puerto Rico (the "Commonwealth"), as identified in the column titled "Corrected" in Exhibit A to the Two Hundred Fifty-Seventh Omnibus Objection; and the Court having determined that the relief sought in the Two Hundred Fifty-Seventh Omnibus Objection is in the best interests of HTA, ERS and their creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Two Hundred Fifty-Seventh Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Two Hundred Fifty-Seventh Omnibus Objection is GRANTED as set forth herein; and it is further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Fifty-Seventh Omnibus Objection.

ORDERED that the claims identified in Exhibit A to the Two Hundred Fifty-Seventh Omnibus Objection are hereby reclassified in whole or in part; and it is further

ORDERED that the claims identified in the column titled "Asserted" in Exhibit A to the Two Hundred Fifty-Seventh Omnibus Objection are hereby reclassified, in whole or in part, to be claims asserted against the Commonwealth, as indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Debtors' right to object to the Reclassified Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Two Hundred Fifty-Seventh Omnibus Objection from the Title III case for the debtor(s) identified in the column titled "Asserted" in Exhibit A to the Two Hundred Fifty-Seventh Omnibus Objection to the Commonwealth's Title III Case (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

# **ANEXO D**

**Orden propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,

                          Deudores.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrado Conjuntamente)

**El presente escrito guarda relación con la ACT y el SRE.**

**ORDEN POR LA QUE SE CONCEDE LA DUCENTÉSIMA QUINCUAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETARAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS CONTRA EL DEUDOR INCORRECTO**

Vista la *Ducentésima quincuagésima séptima objeción global (no sustantiva) a Reclamaciones radicadas contra el deudor incorrecto* (Expediente. núm. __), (la "Ducentésima quincuagésima séptima Objeción global")[2] radicada por la Autoridad de Carreteras y

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima quincuagésima séptima objeción global.

Transportación de Puerto Rico (la "ACT") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con la ACT, los "Deudores"), de fecha 11 de septiembre de 2020, en la que se solicita que se dicte una orden que reclasifique, en su totalidad o en parte, determinadas reclamaciones radicadas contra la ACT o el SRE, según se establece con más detalle en la Ducentésima quincuagésima séptima objeción global y en sus anexos justificativos; y al tener el Tribunal jurisdicción para atender la Ducentésima quincuagésima séptima objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Ducentésima quincuagésima séptima objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y las reclamaciones identificadas en la columna titulada "Alegadas (*Asserted*)" en el Anexo A de la Ducentésima quincuagésima séptima objeción global habiendo identificado incorrectamente a la ACT o al SRE como deudores, en su totalidad o en parte, cuando lo correcto sería que tales reclamaciones se alegaran (en su caso), en su totalidad o en parte, contra el estado Libre Asociado de Puerto Rico (el "ELA"), conforme a lo identificado en la columna titulada "Corregidas (*Corrected*)" en el Anexo A de la Ducentésima quincuagésima séptima objeción global; y habiendo determinado el Tribunal que el remedio solicitado en la Ducentésima quincuagésima séptima objeción global redunda en el mejor interés de la ACT, del SRE y de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Ducentésima quincuagésima séptima objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE CONCEDA la Ducentésima quincuagésima séptima objeción global, según se establece en el presente documento; además

SE ORDENA que las reclamaciones identificadas en el Anexo A de la Ducentésima quincuagésima séptima objeción global se reclasifiquen en su totalidad o en parte; asimismo

SE ORDENA que las reclamaciones identificadas en la columna titulada "Alegadas (*Asserted*)" en el Anexo A de la Ducentésima quincuagésima séptima objeción global queden reclasificadas, en su totalidad o en parte, como reclamaciones alegadas contra el ELA, conforme a lo identificado en la columna titulada "Corregidas (*Corrected*)" en el Anexo A; también

SE ORDENA que el derecho que asiste a los Deudores a objetar a las Reclamaciones Reclasificadas quede reservado; además

SE ORDENA que Prime Clerk quede autorizada, y reciba instrucciones, para trasladar, en el registro oficial de reclamaciones relativo a los casos radicados conforme a PROMESA, las reclamaciones identificadas en la columna titulada "Alegadas (*Asserted*)"en el Anexo A de la Ducentésima quincuagésima séptima objeción global del caso de Título III del/de los deudor(es) identificadas en la columna titulada "Alegadas (*Asserted*)" en el Anexo A de la Ducentésima quincuagésima séptima objeción global al Caso de Título III del ELA (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

                                                               Su señoría, la juez Laura Taylor Swain
                                                               Juez de Distrito de los Estados Unidos