**EXHIBIT 3**

Second Supplemental Pension Funding Bond Resolution Authorizing Senior Pension Funding
<u>Bonds, Series B, adopted on May 27, 2008</u>

(Attached)

**EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

**SECOND SUPPLEMENTAL PENSION FUNDING BOND RESOLUTION**

authorizing

**SENIOR PENSION FUNDING BONDS
SERIES B**

Adopted on May 27, 2008

# TABLE OF CONTENTS

Page

ARTICLE I   DEFINITIONS AND STATUTORY AUTHORITY ...............................................1

SECTION 1.1.   Supplemental Resolution ...................................................................1
SECTION 1.2.   Definitions...........................................................................................1
SECTION 1.3.   Interpretation.......................................................................................2
SECTION 1.4.   Authority for this Supplemental Resolution ......................................2

ARTICLE II   AUTHORIZATION OF SERIES B BONDS ...........................................................3

SECTION 2.1.   Principal Amount, Designation and Series .......................................3
SECTION 2.2.   Purposes ..............................................................................................3
SECTION 2.3.   Details of Series B Bonds ...................................................................3
SECTION 2.4.   Redemption..........................................................................................4
SECTION 2.5.   Book-Entry Provisions........................................................................4
SECTION 2.6.   Form of Series B Bonds......................................................................6

ARTICLE III  DISPOSITION OF PROCEEDS OF SERIES B BONDS AND OTHER
           FUNDS .........................................................................................................7

SECTION 3.1.   Deposits to Accounts or Transfers.....................................................7

ARTICLE IV  MISCELLANEOUS .................................................................................................8

SECTION 4.1.   Headings ..............................................................................................8
SECTION 4.2.   Governing Law ....................................................................................8
SECTION 4.3.   Effective Date .....................................................................................8
SECTION 4.4.   No Representations of Fiscal Agent ...................................................8
SECTION 4.5.   Notices .................................................................................................8
SECTION 4.6.   Invalid Provisions ............................................................................10

EXHIBIT A.   BOND FORMS ................................................................................... A-1

i

PR-ERS-000003927

## SECOND SUPPLEMENTAL PENSION FUNDING BOND RESOLUTION

### authorizing

## SENIOR PENSION FUNDING BONDS
## SERIES B

BE IT RESOLVED by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "System"), as follows:

### ARTICLE I

### DEFINITIONS AND STATUTORY AUTHORITY

SECTION 1.1. Supplemental Resolution.  This Second Supplemental Pension Funding Bond Resolution (this **"Supplemental Resolution"**) is supplemental to, and is adopted in accordance with, Article II and Article IX of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Pension Funding Bond Resolution, as amended, adopted by the System on January 24, 2008 (the **"General Resolution"**). The General Resolution and this Supplemental Resolution are hereinafter collectively referred to as the **"Resolution"**.

SECTION 1.2. Definitions.  (a) All terms which are defined in *Exhibit B* of the General Resolution or Section 1.1 hereof, unless otherwise defined in subsection (b) of this Section, shall, for all purposes of this Supplemental Resolution, have the same meanings as such terms are given in *Exhibit B* of the General Resolution or Section 1.1 hereof, respectively, unless the context shall clearly indicate some other meaning.

(b)     The following terms shall, for all purposes of this Supplemental Resolution, have the following meanings, unless the context shall clearly indicate some other meaning:

**"Beneficial Owner"** means, whenever used with respect to a Series B Bond, the Person in whose name such Series B Bond is recorded as the beneficial owner of such Series B Bond by a Participant on the records of such Participant or such Person's subrogee.

**"Capital Appreciation Bonds"** mean the Series B Bonds in the aggregate principal amount of $242,534,613.05 maturing July 1, 2028 through July 1, 2034, as to which interest is not paid on a current basis but is accrued and compounded as its Accreted Amount, and as more fully described in Section 2.3(a) below.

**"Cede & Co."** means Cede & Co., the nominee of DTC, and any successor of DTC with respect to the Series B Bonds.

**"Current Interest Term Bonds"** mean the Series B Bonds in the aggregate principal amounts and maturing on such dates as more fully described in Section 2.3(a) below.

"**Interest Payment Date**" means the first day of each month, commencing July 1, 2008; *provided*, that if any Interest Payment Date is a day that is not a Business Day, interest accrued to that day shall be paid on the next succeeding Business Day, without any additional interest on the amount so paid.

"**Participants**" means those broker-dealers, banks and other financial institutions for which DTC holds Series B Bonds as securities depositary.

"**Record Date**" means the fifteenth calendar day (whether or not a Business Day) of the month next preceding such Interest Payment Date.

"**Series B Bonds**" means the System's Senior Pension Funding Bonds, Series B, authorized by Article II of this Supplemental Resolution.

SECTION 1.3.  <u>Interpretation</u>.  Unless the context clearly otherwise requires, this Supplemental Resolution shall be interpreted in accordance with applicable provisions of the General Resolution.

SECTION 1.4.  <u>Authority for this Supplemental Resolution</u>.  This Supplemental Resolution is adopted pursuant to the provisions of the Act and the General Resolution.

2

PR-ERS-000003929

## ARTICLE II

## AUTHORIZATION OF SERIES B BONDS

SECTION 2.1. Principal Amount, Designation and Series. Pursuant to the provisions of the General Resolution, a Series of Bonds to be designated as "Senior Pension Funding Bonds," which Series shall be entitled to the benefit, protection and security of such provisions, is hereby authorized, further designated "Series B" in the aggregate initial principal amount at issuance of $1,058,634,613.05. All of such Bonds shall constitute "Senior Bonds" under the Resolution.

SECTION 2.2. Purposes. The Series B Bonds are being issued for the purpose of providing the System with funds (i) to increase the total assets currently available to pay benefits under the System's defined benefit plan that has been closed to new participants since December 31, 1999, (ii) to reduce the unfunded accrued actuarial pension liability of this defined benefit plan, (iii) to fund the Debt Service Reserve Account, up to the Debt Service Reserve Requirement, and (iv) to pay Financing Costs, including but not limited to Costs of Issuance.

SECTION 2.3. Details of Series B Bonds. (a) The Series B Bonds shall be dated as of, and shall bear interest (or their interest shall compound) initially from, the initial date of delivery thereof and payment therefor, and shall mature in the years and in the principal amounts, and (except for Capital Appreciation Bonds) bear interest payable on each Interest Payment Date at the interest rates per annum, as set forth below:

### $242,534,613.05 Capital Appreciation Bonds

$34,028,471.10 Capital Appreciation Bonds due July 1, 2028 (maturity value $120,570,000.00)
$74,042,325.00 Capital Appreciation Bonds due July 1, 2029 (maturity value $279,405,000.00)
$32,999,752.50 Capital Appreciation Bonds due July 1, 2030 (maturity value $132,625,000.00)
$25,000,911.45 Capital Appreciation Bonds due July 1, 2031 (maturity value $108,215,000.00)
$24,999,346.00 Capital Appreciation Bonds due July 1, 2032 (maturity value $115,300,000.00)
$25,000,570.20 Capital Appreciation Bonds due July 1, 2033 (maturity value $122,865,000.00)
$26,463,236.80 Capital Appreciation Bonds due July 1, 2034 (maturity value $138,580,000.00)

### $816,100,000.00 Current Interest Term Bonds

$117,100,000 6.25% Current Interest Term Bonds due July1, 2031
$67,500,000 6.30% Current Interest Term Bonds due July1, 2036
$67,500,000 6.30% Current Interest Term Bonds due July1, 2037
$67,500,000 6.30% Current Interest Term Bonds due July1, 2038
$67,500,000 6.30% Current Interest Term Bonds due July1, 2039
$96,250,000 6.55% Current Interest Term Bonds due July1, 2055
$96,250,000 6.55% Current Interest Term Bonds due July1, 2056
$96,250,000 6.55% Current Interest Term Bonds due July1, 2057
$140,250,000 6.55% Current Interest Term Bonds due July1, 2058

PR-ERS-000003930

(b)     The Series B Bonds shall consist of the Current Interest Term Bonds and the Capital Appreciation Bonds.

(c)     Interest on the Current Interest Term Bonds, and Accreted Amount on the Capital Appreciation Bonds, shall be computed on the basis of a 360-day year of twelve 30-day months. Interest on the Current Interest Term Bonds shall be payable on each Interest Payment Date. Accreted Amounts on the Capital Appreciation Bonds shall be computed each July 1 and January 1, commencing July 1, 2008.

(d)     The Series B Bonds shall be issuable in denominations of $5,000 principal amount ($5,000 maturity amount for Capital Appreciation Bonds) or integral multiples thereof. Each Series B Bond shall be lettered "BR" and shall be numbered consecutively from (1) upwards in order of authentication by the Fiscal Agent or otherwise in such manner as the Fiscal Agent in its discretion shall determine.

(e)     The Series B Bonds shall be issued with the intention that interest thereon is included in gross income for federal income tax purposes.

(f)     *Except* as otherwise provided in Section 2.5, the principal of and premium, if any, on any Series B Bond shall be payable upon presentation and surrender of such Bond at the Corporate Trust Office of the Fiscal Agent. *Except* as otherwise provided in Section 2.5, interest on the Series B Bonds shall be paid by check or draft of the Fiscal Agent mailed to the Owners thereof as of the applicable Record Date at their respective addresses as shown on the registration books of the System maintained by the Fiscal Agent, or, at the option of the Owner of $1,000,000 or more in principal amount at maturity of the Series B Bonds, by written notice to the Fiscal Agent from such Owner at least fifteen (15) calendar days prior to the related payment date, by wire transfer.

SECTION 2.4. Redemption. (a)     The Current Interest Term Bonds shall be subject to redemption at the option of the System from any source, including without limitation the proceeds of Refunding Bonds or other financing provided by the System, in whole or in part in any order of maturity determined by the System, at any time on and after July 1, 2018, at a Redemption Price equal to the principal amount thereof plus interest, if any, accrued to the redemption date, without premium.

(b)     The Capital Appreciation Bonds shall be subject to redemption at the option of the System from any source, including without limitation the proceeds of Refunding Bonds or other financing provided by the System, in whole or in part in any order of maturity determined by the System, at any time on and after July 1, 2018, at a Redemption Price equal to the Accreted Amount thereof, without premium.

SECTION 2.5. Book-Entry Provisions. (a) *Except* as provided in subsection (d) of this Section, the Owner of all of the Series B Bonds shall be Cede & Co., as nominee for DTC, and the Series B Bonds shall be registered in the name of Cede & Co., as nominee for DTC. Payment of interest on any Series B Bond registered in the name of Cede & Co. shall be made by wire transfer of Federal or equivalent same day funds to the account of Cede & Co. on

4

the Interest Payment Date for the Series B Bonds at the address indicated for Cede & Co. in the registration books of the System maintained by the Fiscal Agent.

(b)     The Series B Bonds initially shall be issued in the form of separate single authenticated fully registered Bonds in the amount of each separate stated maturity and for each separate "CUSIP" number within a maturity of the Series B Bonds. The Fiscal Agent and the System may treat DTC (or its nominee) as the sole and exclusive Owner of the Series B Bonds registered in its name for the purposes of payment of the principal or Redemption Price of or interest on the Series B Bonds, selecting the Series B Bonds or portions thereof to be redeemed, giving any notice permitted or required to be given to Owners of the Series B Bonds under the General Resolution or this Supplemental Resolution, registering the transfer of the Series B Bonds, obtaining any consent or other action to be taken by Owners of the Series B Bonds and for all other purposes whatsoever, and neither the Fiscal Agent nor the System shall be affected by any notice to the contrary. The Fiscal Agent and the System shall not have any responsibility or obligation to any Participant, any Person claiming a beneficial ownership interest in the Series B Bonds under or through DTC or any Participant, or any other Person who is not shown on the registration books as being an Owner of the Series B Bonds, with respect to the accuracy of any records maintained by DTC or any Participant; the payment of DTC or any Participant of any amount in respect of the principal or Redemption Price of or interest on the Series B Bonds; any notice which is permitted or required to be given to Owners of the Series B Bonds under the General Resolution or this Supplemental Resolution; the selection by DTC or any Participant of any Person to receive payment in the event of a partial redemption of the Series B Bonds; or any consent given or other action taken by DTC as Owner of the Series B Bonds.

(c)     The Fiscal Agent shall pay all principal of, and premium, if any, and interest on the Series B Bonds only to or "upon the order of" Cede & Co., as nominee for DTC, and all such payments shall be valid and effective to fully satisfy and discharge the System's obligations with respect to the principal of, and premium, if any, and interest on the Series B Bonds to the extent of the sum or sums so paid. No person other than DTC shall receive an authenticated Series B Bond for each separate stated maturity or separate "CUSIP" number within a maturity evidencing the obligation of the System to make payments of principal of and premium, if any, and interest on the Series B Bonds pursuant to the General Resolution and this Supplemental Resolution. Upon delivery by DTC to the Fiscal Agent of written notice to the effect that DTC has determined to substitute a new nominee in place of Cede & Co., and subject to the provisions herein with respect to transfers, the word "Cede & Co." in this Supplemental Resolution shall refer to such new nominee of DTC.

(d)     In the event the System determines that it is in the best interest of the Beneficial Owners that they be able to obtain Series B Bond certificates, the System may notify DTC and the Fiscal Agent, whereupon DTC will notify the Participants, of the availability through DTC of the Series B Bond certificates, subject to DTC procedures. In such event, the System shall issue, and the Fiscal Agent shall transfer and exchange, Series B Bond certificates as requested by DTC and any other Series B Bond owners in appropriate amounts. DTC may determine to discontinue providing its services with respect to the Series B Bonds at any time by giving notice to the System and the Fiscal Agent and discharging its responsibilities with respect thereto under applicable law. Under such circumstances (if there is no successor securities depositary), the System and the Fiscal Agent shall be obligated to deliver Series B Bond

5

certificates as described in the General Resolution. In the event Series B Bond certificates are issued, the provisions of the General Resolution shall apply to, among other things, the transfer and exchange of such certificates and the method of payment of principal of, Redemption Price, and interest on such certificates. Whenever DTC requests the System and the Fiscal Agent to do so, the Fiscal Agent and the System will cooperate with DTC in taking appropriate action after reasonable notice (i) to make available one or more separate certificates evidencing the Series B Bonds to any DTC Participant having Series B Bonds credited to its DTC account or (ii) to arrange for another securities depositary to maintain custody of certificates evidencing the Series B Bonds.

(e)     Notwithstanding any other provision of the General Resolution or this Supplemental Resolution to the contrary, so long as any Series B Bond is registered in the name of Cede & Co., as nominee of DTC, all payments with respect to the principal of, and premium, if any, and interest on such Series B Bond and all notices with respect to and surrender or delivery of such Series B Bond shall be made and given, respectively, to or by DTC as provided by DTC's operating procedures. Bondholders shall have no lien or security interest in any rebate or refund paid by DTC to the Fiscal Agent which arises from the payment by the Fiscal Agent of principal of or interest on the Series B Bonds in accordance with existing arrangements with DTC.

(f)     In connection with any notice or other communication to be provided to Owners of Series B Bonds pursuant to the General Resolution or this Supplemental Resolution by the System or the Fiscal Agent with respect to any consent or other action to be taken by Owners of Series B Bonds, the System or the Fiscal Agent, as the case may be, shall establish a record date for such consent or other action and give DTC notice of such record date. Notice under this subsection (f) shall be given only when DTC is the sole Owner of the Series B Bonds.

SECTION 2.6. Form of Series B Bonds. Subject to the provisions of the General Resolution, the Series B Bonds shall be in substantially the form of Exhibit A, with necessary and appropriate variations, omissions and insertions as permitted by the General Resolution and this Supplemental Resolution.

PR-ERS-000003933

# ARTICLE III

## DISPOSITION OF PROCEEDS OF SERIES B BONDS AND OTHER FUNDS

SECTION 3.1. <u>Deposits to Accounts or Transfers</u>.   Upon receipt from the Underwriters of the proceeds of sale of the Series B Bonds in the amount of $1,047,115,939.98, there shall be deposited by the System in or transferred by the System:

1.   by wire, directly, to the account of the System, the amount of $1,017,315,428.51; and

2.   by wire, directly, to the account of Government Development Bank, the amount of $4,008,959.93 for costs of issuance; provided, that portions of this amount shall be wired to recipients thereof as directed to the Fiscal Agent in writing by Government Development Bank; and

3.   by wire, directly to the Fiscal Agent, the amount of $25,791,551.54 for credit to the Senior Bonds Debt Service Reserve Account.

PR-ERS-000003934

## ARTICLE IV

## MISCELLANEOUS

SECTION 4.1. <u>Headings</u>.   The section headings contained herein are for reference purposes only and will not affect in any way the meaning or interpretation of this Supplemental Resolution.

SECTION 4.2. <u>Governing Law</u>.  This Supplemental Resolution shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth; provided, however, that to the maximum extent permitted by applicable law, the rights, privileges and duties of the Fiscal Agent shall be governed by the law of the jurisdiction in which its Corporate Trust Office is located.

SECTION 4.3. <u>Effective Date</u>.  This Supplemental Resolution shall take effect immediately upon adoption by the System; *provided, however,* that this Supplemental Resolution shall only be binding upon the Fiscal Agent upon filing of a copy hereof with the Fiscal Agent.

SECTION 4.4. <u>No Representations of Fiscal Agent</u>.   The recitals of fact contained herein and in the Series B Bonds shall be taken as the statements of the System and the Fiscal Agent assumes no responsibility for the correctness of the same.  The Fiscal Agent makes no representations as to the validity or sufficiency of the General Resolution or this Supplemental Resolution or of any Bonds issued thereunder or as to the security afforded by the General Resolution or this Supplemental Resolution, and the Fiscal Agent shall incur no liability in respect thereof.   The Fiscal Agent shall, however, be responsible for its representation contained in its certificate of authentication on the Series B Bonds.

SECTION 4.5. <u>Notices</u>.   Any notice, demand, direction, request or other instrument authorized or required by this Supplemental Resolution to be given to or filed with the System or the Fiscal Agent shall be deemed to have been sufficiently given or filed for all purposes of this Supplemental Resolution if and when delivered:

To the System:

Employees Retirement System of the Government
of the Commonwealth of Puerto Rico
P.O. Box 42003
San Juan, Puerto Rico 00940
437 Ponce de León Avenue
Stop 32½
Hato Rey, Puerto Rico 00918

| Telephone: | (787) 754-4545 |
|---|---|
| Fax: | (787) 250-7251 |
| Attn.: | Administrator |

8

PR-ERS-000003935

To the Fiscal Agent:

The Bank of New York
101 Barclay Street
Floor 7W
New York, New York 10286

Telephone:      (212) 815-6955
Fax:            (212) 815-5595 or 5596
Attn.:          Northern Municipals Department

with a copy to:

Government Development Bank for Puerto Rico
P.O. Box 42001
San Juan, Puerto Rico  00940

Roberto Sánchez Vilella Government Center
De Diego Avenue, Stop 22
Santurce, Puerto Rico 00940

Attention:      Executive Vice President and Financing Director

Phone: (787) 722-2525
Fax:    (787) 728-0975


   The System or the Fiscal Agent by notice to the other may designate additional or different addresses for subsequent notices or communications.  Notwithstanding the foregoing, any notice, demand, request or other instrument to be given or filed with the Fiscal Agent shall be effective only upon receipt by the Fiscal Agent.

   The Fiscal Agent shall have the right, but shall not be required, to rely upon and comply with instructions and directions sent by e-mail, facsimile and other similar unsecured electronic methods by persons believed by the Fiscal Agent to be authorized to give instructions and directions on behalf of the System.  The Fiscal Agent shall have no duty or obligation to verify or confirm that the person who sent such instructions or directions is, in fact, a person authorized to give instructions or directions on behalf of the System; and the Fiscal Agent shall have no liability for any losses, liabilities, costs or expenses incurred or sustained by the System as a result of such reliance upon or compliance with such instructions or directions.  The System agrees to assume all risks arising out of the use of such electronic methods to submit instructions and directions to the Fiscal Agent, including without limitation the risk of the Fiscal Agent acting on unauthorized instructions, and the risk of interception and misuse by third parties.

9

SECTION 4.6. <u>Invalid Provisions.</u>   In case any provision in this Supplemental Resolution or the Series B Bonds shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

PR-ERS-000003937

**EXHIBIT A**

## FORM OF CURRENT INTEREST TERM BONDS

No. BR-___                                                                                      $_____

### EMPLOYEES RETIREMENT SYSTEM OF THE
### GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
### SENIOR PENSION FUNDING BOND
### SERIES B

| DATED DATE | MATURITY DATE | INTEREST RATE | CUSIP NO. |
|---|---|---|---|
| June 2, 2008 | _____ 1, _____ | _____% | _____ |

**REGISTERED OWNER:**   Cede & Co.

**PRINCIPAL AMOUNT:** _____ DOLLARS

         **EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO** (herein sometimes called the "System"), a trust created pursuant to Act 447 of May 15, 1951, as amended (the "Act"), to provide pension and other benefits to retired employees of the central government, municipalities and public corporations of the Commonwealth of Puerto Rico (the "Commonwealth"), acknowledges itself indebted, and for value received, hereby promises to pay to the REGISTERED OWNER named above or registered assigns or legal representative, upon presentation and surrender of this Series B Bond at the Corporate Trust Office (as defined in the General Resolution hereinafter mentioned) of the Fiscal Agent hereinafter mentioned on the MATURITY DATE specified above (unless redeemed prior thereto as hereinafter provided), the PRINCIPAL AMOUNT specified above, and to pay interest thereon from the most recent interest payment date to which interest has been paid, or, if no interest has been paid, from the DATED DATE specified above, until the earlier of the maturity or redemption of this Series B Bond, at the per annum INTEREST RATE specified above, payable on each Interest Payment Date (as defined in the Supplemental Resolution hereinafter mentioned), commencing July 1, 2008. Both the principal of and the interest on this Series B Bond are payable in any coin or currency of the United States of America which, on the respective dates of payment thereof, shall be legal tender for the payment of public and private debts. Payment of the interest on this Series B Bond on any interest payment date will be made to the person appearing on the registration books of the System maintained by the Fiscal Agent as the registered owner hereof as of the fifteenth calendar day (whether or not a business day) of the month next preceding such interest payment date, such interest to be paid by check mailed to the registered owner at such registered owner's address or, at the option of a registered owner of at least $1,000,000 in aggregate principal amount of the Series B Bonds (hereinafter defined) who so requests the Fiscal Agent in writing at least 15 calendar days prior to such interest payment date, by wire transfer.

PR-ERS-000003938

This Series B Bond is payable by the System solely from the Pledged Property held under the Resolution and does not constitute a debt, obligation or pledge of the full faith, credit and taxing power of the Commonwealth or any of its municipalities or political subdivisions or instrumentalities (other than the System), and neither the Commonwealth nor any of its municipalities or political subdivisions or instrumentalities (other than the System) shall be liable for the payment thereof.

This Series B Bond is one of the bonds of a duly authorized series of bonds in the aggregate principal amount at issuance of $1,058,634,613.05 designated "Senior Pension Funding Bonds, Series B" (herein called the "Series B Bonds") authorized to be issued pursuant to an Employees Retirement System of the Government of Puerto Rico Pension Funding Bond Resolution, adopted by the System on January 24, 2008 (herein called the "General Resolution"), as supplemented by a Second Supplemental Pension Funding Bond Resolution, adopted by the System on May 27, 2008 (the "Second Supplemental Resolution," and together with the General Resolution, the "Resolution"). The General Resolution was previously supplemented by a First Supplemental Pension Funding Bond Resolution, adopted by the System on January 24, 2008 and amended and restated by the System on January 29, 2008, pursuant to which the System's Senior Pension Funding Bonds, Series A (the "Series A Bonds") were issued. The Series B Bonds, the outstanding Series A Bonds and any additional bonds issued under the Resolution are herein referred to collectively as the "Bonds."

The Bonds are special obligations of the System. There is pledged to the payment of the principal or redemption price of, if any, and interest on the Bonds in accordance with the provisions of the Resolution, the Pledged Property as defined and provided in the Resolution, subject only to the provisions of the Resolution permitting the use and application thereof for the purposes and on the conditions set forth in the Resolution. Such pledge and other obligations of the System may be discharged, wholly or in part, at or prior to the maturity of the Bonds upon the making of provision for the payment of the principal or redemption price of, if any, and interest on the Bonds pursuant to the terms and conditions set forth in the General Resolution.

At the option of the System, and upon 40 days' prior notice, the Series B Bonds maturing on or after July 1, 2018 are subject to redemption from any moneys available for that purpose prior to maturity, in whole or in part, and if in part, in such order of maturity as determined by the System, at a redemption price equal to the principal amount of the Series B Bonds, plus accrued interest (in the case of the Capital Appreciation Bonds, the Accreted Amount) to the redemption date, and without premium.

If notice of redemption is given and if sufficient funds are on deposit with the Fiscal Agent to provide for the payment of the principal of and premium, if any, and interest (or Accreted Amount, in the case of the Capital Appreciation Bonds) on the Series B Bonds (or portions thereof) to be redeemed, then the Series B Bonds (or portions thereof) so called for redemption will, on the redemption date, cease to bear interest (in the case of the Capital Appreciation Bonds, the Accreted Amount thereof shall cease to increase), and shall no longer be deemed outstanding under or be entitled to any benefit or security under the Resolution.

Copies of the Resolution are on file at the office of the System, and at the Corporate Trust Office of The Bank of New York, as Fiscal Agent under the Resolution

PR-ERS-000003939

(including its successors, herein called the "Fiscal Agent"), and reference to the Resolution and any and all supplements thereto and amendments thereof and to the Act is made for a description of the pledges and covenants securing the Bonds, the nature, extent and manner of enforcement of such pledges and covenants, the terms and conditions upon which Bonds have been issued and additional Bonds may be issued, the rights and remedies of the registered owners of the Bonds with respect thereto, and to other terms and provisions of the Bonds. To the extent and in the manner permitted by the terms of the General Resolution, the provisions of the Resolution or any resolution amendatory thereof or supplemental thereto may be modified or amended.

The registered owner of this Series B Bond shall have no right to enforce the provisions of the Resolution, to institute action to enforce the provisions of the Resolution or to institute, appear in or defend any suit or other proceeding with respect thereto, *except* as provided in the Resolution.

This Series B Bond is transferable, as provided in the Resolution, only upon the books of the System maintained for that purpose at the Corporate Trust Office of the Fiscal Agent by the registered owner hereof in person or by his attorney duly authorized in writing, upon surrender of this Series B Bond together with a written instrument of transfer duly executed by the Bondowner or such Bondowner's attorney duly authorized in writing, and thereupon a new fully registered Series B Bond or Bonds in the same aggregate principal amount, and of the same series, maturity and interest rate, shall be issued to the transferee in exchange therefor as provided in the General Resolution and upon the payment of the charges, if any, therein prescribed. The System and the Fiscal Agent may treat and consider the person in whose name this Series B Bond is registered as the absolute owner hereof for the purpose of receiving payment of, or on account of, the principal or redemption price, if any, hereof and interest due hereon and for all other purposes whatsoever.

This Series B Bond shall not be valid or become obligatory for any purpose or be entitled to any security or benefit under the Resolution until the Certificate of Authentication hereon shall have been signed by the Fiscal Agent.

**IT IS HEREBY CERTIFIED, RECITED AND DECLARED** that all acts, conditions and things required by the Constitution and statutes of the Commonwealth and the Resolution to exist, to have happened and to have been performed precedent to and in the issuance of this Series B Bond, exist, have happened and have been performed in due time, form and manner as required by law and that the issue of the Bonds, together with all other indebtedness of the System, is within every debt and other limit prescribed by law.

PR-ERS-000003940

**IN WITNESS WHEREOF,** the EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO has caused this Series B Bond to be executed in its name by the manual or facsimile signature of an authorized representative, as of the DATED DATE specified above.

**EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO**

By: _____
                    Administrator

[SEAL]

Attest:

_____
Secretary or Assistant Secretary

PR-ERS-000003941

## CERTIFICATE OF AUTHENTICATION

This Bond is one of the Series B Bonds described in the within-mentioned Resolution.

**THE BANK OF NEW YORK,** as Fiscal Agent

By:  _____

Authorized Signatory

Date of Authentication:

A-5

PR-ERS-000003942

## ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby sells, assigns, and transfers unto

_____

(please print or typewrite name and address of transferee)

_____

(please insert social security or other identifying number of assignee)
(For computer record only)


the within Bond and all rights thereunder, and hereby irrevocably constitutes and appoints
_____ Attorney to transfer the within
Bond on the books kept for registration thereof, with full power of substitution in the premises.

Dated: _____

Signature Guaranteed

_____          _____


_____          _____

By:


Signatures must be guaranteed by an "eligible
guarantor    institution"    meeting    the
requirements of the Fiscal Agent, which
requirements    include    membership    or
participation in the Security Transfer Agent
Medallion Program ("STAMP") or such other
"signature guarantee program" as may be
determined by the Fiscal Agent in addition to,
or in substitution for, STAMP, all in
accordance with the Securities Exchange Act
of 1934, as amended.

A-6

PR-ERS-000003943

## FORM OF CAPITAL APPRECIATION BONDS

No. BR-__                                                                                        $_____

### EMPLOYEES RETIREMENT SYSTEM OF THE
### GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
### SENIOR PENSION FUNDING BOND
### SERIES B

| DATED DATE | MATURITY DATE | CUSIP NO. |
|---|---|---|
| June 2, 2008 | _____ 1, ____ | _____ |

**REGISTERED OWNER:**   Cede & Co.

**INITIAL PRINCIPAL
AMOUNT:**                  _____ DOLLARS

**PRINCIPAL AMOUNT
AT MATURITY:**           _____ DOLLARS

      **EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO** (herein sometimes called the "System"), a trust created pursuant to Act 447 of May 15, 1951, as amended (the "Act"), to provide pension and other benefits to retired employees of the central government, municipalities and public corporations of the Commonwealth of Puerto Rico (the "Commonwealth"), acknowledges itself indebted, and for value received, hereby promises to pay to the REGISTERED OWNER named above or registered assigns or legal representative, upon presentation and surrender of this Series B Bond at the Corporate Trust Office (as defined in the General Resolution hereinafter mentioned) of the Fiscal Agent hereinafter mentioned, on the MATURITY DATE specified above (unless redeemed prior thereto as hereinafter provided), the PRINCIPAL AMOUNT AT MATURITY specified above. The principal (consisting of Accreted Amount) of this Series B Bond is payable in any coin or currency of the United States of America which, on the date of payment thereof, shall be legal tender for the payment of public and private debts. Interest on this Series B Bond shall not be payable on a current basis but shall be compounded, and added to principal, on each July 1 and January 1, commencing July 1, 2008 such that the INITIAL PRINCIPAL AMOUNT specified above shall accrete to equal the PRINCIPAL AMOUNT AT MATURITY specified above on the MATURITY DATE specified above. The Table of Accreted Amounts is attached hereto as Exhibit A.

      This Series B Bond is payable by the System solely from the Pledged Property held under the Resolution and does not constitute a debt, obligation or pledge of the full faith, credit and taxing power of the Commonwealth or any of its municipalities or political

A-7

subdivisions or instrumentalities (other than the System), and neither the Commonwealth nor any of its municipalities or political subdivisions nor instrumentalities (other than the System) shall be liable for the payment thereof.

This Series B Bond is one of the bonds of a duly authorized series of bonds in the aggregate principal amount at issuance of $1,058,634,613.05 designated "Senior Pension Funding Bonds, Series B" (herein called the "Series B Bonds") authorized to be issued pursuant to an Employees Retirement System of the Government of Puerto Rico Pension Funding Bond Resolution, adopted by the System on January 24, 2008 (herein called the "General Resolution"), as supplemented by a Second Supplemental Pension Funding Bond Resolution, adopted by the System on May 27, 2008 (the "Second Supplemental Resolution," and together with the General Resolution, the "Resolution"). The General Resolution was previously supplemented by a First Supplemental Pension Funding Bond Resolution, adopted by the System on January 24, 2008 and amended and restated by the System on January 29, 2008, pursuant to which the System's Senior Pension Funding Bonds, Series A (the "Series A Bonds") were issued. The Series B Bonds, the outstanding Series A Bonds and any additional bonds issued under the Resolution are herein referred to collectively as the "Bonds."

The Bonds are special obligations of the System. There is pledged to the payment of the principal or redemption price of, if any, and interest on the Bonds in accordance with the provisions of the Resolution, the Pledged Property as defined and provided in the Resolution, subject only to the provisions of the Resolution permitting the use and application thereof for the purposes and on the conditions set forth in the Resolution. Such pledge and other obligations of the System may be discharged, wholly or in part, at or prior to the maturity of the Bonds upon the making of provision for the payment of the principal or redemption price of, if any, and interest on the Bonds pursuant to the terms and conditions set forth in the General Resolution.

At the option of the System, and upon 40 days' prior notice, the Series B Bonds maturing on or after July 1, 2018 are subject to redemption from any moneys available for that purpose prior to maturity, in whole or in part, and if in part, in such order of maturity as determined by the System, at a redemption price equal to the principal amount of the Series B Bonds, plus accrued interest (in the case of the Capital Appreciation Bonds, the Accreted Amount) to the redemption date, and without premium.

If notice of redemption is given and if sufficient funds are on deposit with the Fiscal Agent to provide for the payment of the principal of and premium, if any, and interest (or Accreted Amount, in the case of the Capital Appreciation Bonds) on the Series B Bonds (or portions thereof) to be redeemed, then the Series B Bonds (or portions thereof) so called for redemption will, on the redemption date, cease to bear interest (in the case of the Capital Appreciation Bonds, the Accreted Amount thereof shall cease to increase), and shall no longer be deemed outstanding under or be entitled to any benefit or security under the Resolution.

Copies of the Resolution are on file at the office of the System, and at the Corporate Trust Office of The Bank of New York, as Fiscal Agent under the Resolution (including its successors, herein called the "Fiscal Agent"), and reference to the Resolution and any and all supplements thereto and amendments thereof and to the Act is made for a description of the pledges and covenants securing the Bonds, the nature, extent and manner of enforcement

PR-ERS-000003945

of such pledges and covenants, the terms and conditions upon which Bonds have been issued and additional Bonds may be issued, the rights and remedies of the registered owners of the Bonds with respect thereto, and to other terms and provisions of the Bonds. To the extent and in the manner permitted by the terms of the General Resolution, the provisions of the Resolution or any resolution amendatory thereof or supplemental thereto may be modified or amended.

The registered owner of this Series B Bond shall have no right to enforce the provisions of the Resolution, to institute action to enforce the provisions of the Resolution or to institute, appear in or defend any suit or other proceeding with respect thereto, *except* as provided in the Resolution.

This Series B Bond is transferable, as provided in the Resolution, only upon the books of the System maintained for that purpose at the Corporate Trust Office of the Fiscal Agent by the registered owner hereof in person or by his attorney duly authorized in writing, upon surrender of this Series B Bond together with a written instrument of transfer duly executed by the Bondowner or such Bondowner's attorney duly authorized in writing, and thereupon a new fully registered Series B Bond or Bonds in the same aggregate principal amount, and of the same series, maturity and interest rate, shall be issued to the transferee in exchange therefor as provided in the General Resolution and upon the payment of the charges, if any, therein prescribed. The System and the Fiscal Agent may treat and consider the person in whose name this Series B Bond is registered as the absolute owner hereof for the purpose of receiving payment of, or on account of, the principal or redemption price, if any, hereof and interest due hereon and for all other purposes whatsoever.

This Series B Bond shall not be valid or become obligatory for any purpose or be entitled to any security or benefit under the Resolution until the Certificate of Authentication hereon shall have been signed by the Fiscal Agent.

**IT IS HEREBY CERTIFIED, RECITED AND DECLARED** that all acts, conditions and things required by the Constitution and statutes of the Commonwealth and the Resolution to exist, to have happened and to have been performed precedent to and in the issuance of this Series B Bond, exist, have happened and have been performed in due time, form and manner as required by law and that the issue of the Series B Bonds, together with all other indebtedness of the System, is within every debt and other limit prescribed by law.

PR-ERS-000003946

**IN WITNESS WHEREOF,** the EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO has caused this Series B Bond to be executed in its name by the manual or facsimile signature of an authorized representative, as of the DATED DATE specified above

**EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

By: _____
Administrator

[SEAL]

Attest:

_____
Secretary or Assistant Secretary

A-10

PR-ERS-000003947

**CERTIFICATE OF AUTHENTICATION**

   This Bond is one of the Series B Bonds described in the within-mentioned Resolution.

          **THE BANK OF NEW YORK,** as Fiscal Agent


          By:   _____
              Authorized Signatory

Date of Authentication:

A-11

PR-ERS-000003948

## ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby sells, assigns, and transfers unto

_____

(please print or typewrite name and address of transferee)

_____

(please insert social security or other identifying number of assignee)<br>(For computer record only)

the within Bond and all rights thereunder, and hereby irrevocably constitutes and appoints
_____ Attorney to transfer the within
Bond on the books kept for registration thereof, with full power of substitution in the premises.

Dated: _____

Signature Guaranteed

_____        _____

_____        _____

By:

Signatures must be guaranteed by an "eligible
guarantor     institution"     meeting     the
requirements  of  the  Fiscal  Agent,  which
requirements   include   membership   or
participation in the Security Transfer Agent
Medallion Program ("STAMP") or such other
"signature  guarantee  program"  as  may  be
determined by the Fiscal Agent in addition to,
or  in  substitution  for,  STAMP,  all  in
accordance with the Securities Exchange Act
of 1934, as amended.

A-12