**EXHIBIT 13**

Excerpts from August 11, 2020 Deposition of Robert Doty

(Attached)

1          IN THE UNITED STATES DISTRICT COURT

          FOR THE DISTRICT OF PUERTO RICO

2              PROMESA TITLE III

          CASE NO:  17-BK-03283 (LTS)

3

     IN RE:  THE FINANCIAL OVERSIGHT AND

4    MANAGEMENT BOARD FOR PUERTO RICO

               as representative of

5

     THE COMMONWEALTH OF PUERTO RICO, et al.,

6          Debtor(s).

     _____

7

               IN THE UNITED STATES DISTRICT COURT

8          FOR THE DISTRICT OF PUERTO RICO

               PROMESA TITLE III

9          CASE NO:  17-BK-03566 (LTS)

10   IN RE:  THE FINANCIAL OVERSIGHT AND

     MANAGEMENT BOARD FOR PUERTO RICO

11             as representative of

12   THE EMPLOYEES RETIREMENT SYSTEM OF THE

     GOVERNMENT OF THE COMMONWEALTH OF PUERTO

13   RICO,

          Debtor(s).

14   _____

15

16

17             CONFIDENTIAL

18

19   REMOTE VIDEOTAPED EXPERT DEPOSITION UNDER

20          ORAL EXAMINATION OF

21             ROBERT DOTY

22          DATE: August 11, 2020

23

24

25     REPORTED BY:  MICHAEL FRIEDMAN, CCR

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

1        IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF PUERTO RICO
2       ADV. PROC. NO:  17-00356 (LTS)
3  THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL
   OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
4  ACTING BY AND THROUGH ITS MEMBERS,
      -and-
5  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
   OF ALL TITLE III DEBTORS (OTHER THAN COFINA)
6     -as co-trustees of
   THE EMPLOYEES RETIREMENT SYSTEM OF THE
7  GOVERNMENT OF PUERTO RICO,
     Plaintiff(s),
8
    vs.
9
  DEFENDANT IM, et al.,
10    Defendant(s).
   _____
11
12
13
        IN THE UNITED STATES DISTRICT COURT
14       FOR THE DISTRICT OF PUERTO RICO
       ADV. PROC. NO:  17-00357 (LTS)
15
16  THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL
   OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
17  ACTING BY AND THROUGH ITS MEMBERS,
      -and-
18  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
   OF ALL TITLE III DEBTORS (OTHER THAN COFINA)
19     -as co-trustees of
   THE EMPLOYEES RETIREMENT SYSTEM OF THE
20  GOVERNMENT OF PUERTO RICO,
     Plaintiff(s),
21
    vs.
22
  STOEVER GLASS & CO., et al.,
23    Defendant(s).
   _____
24
25

Case:17-03283-LTS   Doc#:14249-14   Filed:09/11/20   Entered:09/11/20 21:38:05   Desc:
Exhibit Excerpts from August 11   2020 Deposition of Robert Doty   Page 4 of 23

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
 2            ADV. PROC. NO:  19-00359 (LTS)
 3
      THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL
 4    OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
      ACTING BY AND THROUGH ITS MEMBERS,
 5         -and-
      THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
 6    OF ALL TITLE III DEBTORS (OTHER THAN COFINA)
              -as co-trustees of
 7    THE EMPLOYEES RETIREMENT SYSTEM OF THE
      GOVERNMENT OF PUERTO RICO,
 8          Plaintiff(s),
 9      vs.
10    DEFENDANT 1H-78H, et al.,
            Defendant(s).
11    _____
12
13
14            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
               ADV. PROC. NO:  19-00361 (LTS)
15
16    THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL
      OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
17    ACTING BY AND THROUGH ITS MEMBERS,
            -and-
18    THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
      OF ALL TITLE III DEBTORS (OTHER THAN COFINA)
19          -as co-trustees of
      THE EMPLOYEES RETIREMENT SYSTEM OF THE
20    GOVERNMENT OF PUERTO RICO,
            Plaintiff(s),
21
        vs.
22
      DEFENDANT 1G-50G, et al.,
23          Defendant(s).
      _____
24
25
```

Case:17-03283-LTS   Doc#:14249-14   Filed:09/11/20   Entered:09/11/20 21:38:05   Desc:
Exhibit Excerpts from August 11   2020 Deposition of Robert Doty   Page 5 of 23

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
 2               ADV. PROC. NO:  19-00366 (LTS)
 3
     THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
 4   FOR PUERTO RICO,
                 -as representative of
 5   EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
     OF THE COMMONWEALTH OF PUERTO RICO,
 6               -and
     THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
 7   OF ALL TITLE III DEBTORS (OTHER THAN COFINA),
                 -as Section 926 trustee of
 8   THE COMMONWEALTH OF PUERTO RICO,
             Plaintiff(s),
 9
        vs.
10
     ANDALUSIAN GLOBAL DESIGNATED ACTIVITY
11   COMPANY, et al.,
             Defendant(s).
12   _____
13
                IN THE UNITED STATES DISTRICT COURT
14              FOR THE DISTRICT OF PUERTO RICO
                ADV. PROC. NO:  19-00367 (LTS)
15
16   THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
     FOR PUERTO RICO,
17               -as representative of
     EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
18   OF THE COMMONWEALTH OF PUERTO RICO,
                 -and
19   THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
     OF ALL TITLE III DEBTORS (OTHER THAN COFINA),
20               -as Section 926 trustee of
     THE COMMONWEALTH OF PUERTO RICO,
21           Plaintiff(s),
22      vs.
23   GLENDON OPPORTUNITIES FUND, LP, et al.,
             Defendant(s).
24   _____
25
```

1

2

3

4

5             TRANSCRIPT of the virtual videotaped

6     deposition of the expert witness, called for Oral

7     Examination in the above-captioned matter, said

8     deposition being taken by and before MICHAEL

9     FRIEDMAN, a Notary and Certified Court Reporter of

10    the State of New Jersey, via video teleconference,

11    by WebEx, on August 11, 2020, commencing at

12    approximately 9:35 in the morning.

13

14

15

16

17

18

19

20

21

22

23

24

25

Case:17-03283-LTS   Doc#:14249-14   Filed:09/11/20   Entered:09/11/20 21:38:05   Desc:
Exhibit Excerpts from August 11   2020 Deposition of Robert Doty   Page 7 of 23

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

```
 1   A P P E A R A N C E S:
 2   PROSKAUER ROSE, LLP
     One International Place
 3   Boston, MA  02110
     BY:   WILLIAM D. DALSEN, ESQ.
 4      wdalsen@proskauer.com
     -and-
 5      MARGARET A. DALE, ESQ.
        mdale@proskauer.com
 6   -and-
        JENNIFER L. ROCHE, ESQ.
 7      jroche@proskauer.com
     -and-
 8      ELISA CARINO, ESQ.
        ecarino@proskauer.com
 9   -and-
        ARIELLA E. MULLER, ESQ.
10      amuller@proskauer.com
     -and-
11      RINA KIM, ESQ.
        rkim@proskauer.com
12   Attorneys for the Financial Oversight and
     Management Board for Puerto Rico
13
     PAUL HASTINGS, LLP
14   875 15th Street
     Washington, DC  20005
15   BY:   NICHOLAS A. BASSETT, ESQ.
        nicholasbassett@paulhastings.com
16   Attorneys for the Official Committee of Unsecured
     Creditors
17
     JENNER & BLOCK, LLP
18   363 North Clark Street
     Chicago, IL  60654
19   BY:   MELISSA M. ROOT, ESQ.
        mroot@jenner.com
20   -and-
        LANDON RAIFORD, ESQ.
21      lraiford@jenner.com
     -and-
22      LAURA PELANEK, ESQ.
        lpelanek@jenner.com
23   -and
        CATHY STEEGE, ESQ.
24      csteege@jenner.com
     Attorneys for The Retiree Committee
25
```

Case:17-03283-LTS   Doc#:14249-14   Filed:09/11/20   Entered:09/11/20 21:38:05   Desc:
Exhibit Excerpts from August 11   2020 Deposition of Robert Doty   Page 8 of 23

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

```
 1    A P P E A R A N C E S:
 2
      WHITE & CASE, LLP
 3    111 South Wacker Drive
      Suite 5100
 4    Chicago, Illinois  60606
      BY:   JESSE GREEN, ESQ.
 5       jgreen@whitecase.com
      -and-
 6       JASON ZAKIA, ESQ.
         jzakia@whitecase.com
 7    -and-
         MARA KLEBANER, ESQ.
 8       mklebaner@whitecase.com
      Attorneys for PR Funds
 9
10
11    JONES DAY, LLP
      51 Louisiana Avenue, NW
12    Washington, DC  20001
      BY:   GEOFFREY STEWART, ESQ.
13       gstewart@jonesday.com
      -and
14       SARAH P. MCGONIGLE, ESQ.
         smcgonigle@jonesday.com
15    -and-
         SPARKLE L. SOOKNANAN, ESQ.
16       ssooknanan@jonesday.com
      -and-
17       DAVID R. FOX, ESQ.
         drfox@jonesday.com
18    -and-
         ISEL M. PEREZ, ESQ.
19       iperez@jonesday.com
      Attorneys for ERS Bondholders
20
21
22
23
24
25
```

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

```
 1    A P P E A R A N C E S:
 2    REED SMITH, LLP
      599 Lexington Avenue
 3    New York, NY  10022
         BY:  NANCY SAVITT, ESQ.
 4         nsavitt@reedsmith.com
         -and-
 5         C. NEIL GRAY, ESQ.
           cgray@reedsmith.com
 6    Attorneys for Bank of New York Mellon, as
      Fiscal Agent
 7
 8
 9
      DELGADO & FERNANDEZ, LLC
10    Fernandez Juncos Station
      San Juan, Puerto Rico  00910
11    BY:  EDUARDO FERNANDEZ FREIRE, ESQ.
           efernandezfreire@delgadofernandez.com
12    Attorneys for ERS Bondholders
13
14
15    O'MELVENY & MYERS, LLP
      7 Times Square
16    New York, NY  10036
         BY:  MADHU POCHA, ESQ.
17         mpocha@omm.com
         -and-
18         BILL SUSHON, ESQ.
           wsushon@omm.com
19         -and-
           SAMANTHA INDELICATO, ESQ.
20         sindelicato@omm.com
      Attorneys for AAFAF as Fiscal Agent For the
21    Commonwealth of Puerto Rico and ERS
22
23
24
25
```

1  A P P E A R A N C E S:

2  ARROYO & RIOS, PSC

PMB 688

3  1353 Ave. Luis Vigoreaux

Guaynabo, PR  00966

4  BY:   MORAIMA RIOS, ESQ.

mrios@arroyorios.com

5  Attorneys for Defendant, 55H-66H

6

7

BROWN RUDNICK, LLP

8  7 Times Square

New York, NY  10036

9  BY:   CHELSEA MULLARNEY, ESQ.

cmullarney@brownrudnick.com

10  -and-

TRISTAN AXELROD, ESQ.

11  taxelrod@brownrudnick.com

Attorneys for SCC of the FOMB for Puerto Rico

12

13

ALSO PRESENT:   JOSE RIVERA, VIDEOGRAPHER

14

DR. WILLIAM HILDRETH

15

PETER FRIEDMAN

16

17

18

19

20

21

22

23

24

25

1    R O B E R T   D O T Y,

2         called as an expert witness, having been

3    first duly sworn according to law, testifies as

4    follows:

5

6    EXAMINATION BY MR. STEWART:

7         Q    Good morning, Mr. Doty.  I'm Geoff

8    Stewart of the firm of Jones Day.  We

9    represent the bondholders of certain bonds

10   issued by the Employees Retirement System of

11   Puerto Rico.

12         (Whereupon a discussion was held

13   off the record.)

14         Q    Mr. Doty, I will refer to the

15   retirement system as "ERS," if that's okay

16   with you?

17         A    Understood.

18         Q    And I'm going to keep my voice up,

19   so I apologize if it sounds like I'm shouting

20   at you.  I apologize in advance for that.

21         Could you share your full name and

22   your residential address?

23         A    Robert Walter Doty, 988 Placid

24   Court, Arnold, Maryland, 21012.

25         Q    And how long have you lived in

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

1      Q   Do you intend to testify about any

2    legal principles?

3      A   No.

4      Q    Or legal conclusions?

5      A   No.

6      Q    Or legal theories?

7      A   No.

8      Q    When were you retained as an expert

9    in the case?

10      A   In February of this year -- well,

11    actually, retained, I was retained in March.

12      Q    And who retained you?

13      A   Brown and Rudnick.

14      Q    And who from Brown and Rudnick did

15    you work with?

16      A   Primarily Chelsea Mullarney.

17      Q    How many hours have you worked in

18    this engagement?

19      A   A little bit over a 140 to --

20    between 140 and 150, I would say.

21      Q    What is the total amount of fees

22    you have charged?

23      A   The total amount of fees I have

24    charged to date?

25      Q    Correct.

1      Q    Did each maturity of the ERS bonds

2    have its own CUSIP number?

3      A   That is my understanding.

4      Q    It says here the registered owner

5    is Cede, C-E-D-E, and Company?

6      A   Yes, sir.

7      Q    Could you tell us what Cede and

8    Company is?

9      A   Cede and Company is the designee of

10   Depository Trust Company to be shown as the

11   owner of the bonds for purposes of

12   facilitating electronic trading.

13     Q    And for the record, could you tell

14   us what the Depository Trust Company is?

15     A   The Depository Trust Company is a

16   company created to facilitate electronic

17   trading, and to eliminate paperwork so that

18   we no longer have paper bonds.  We have

19   electronic bonds.

20     Q    Have you heard of something called

21   a "global" or "jumbo" bond certificate?

22     A   I have heard the term.  I mean, my

23   understanding is there would be a jumbo

24   certificate for Depository Trust Company

25   here.

1          It's been a while since I dealt

2     with that, but it -- and I'm a little bit

3     uncertain about how it relates specifically

4     to each individual maturity.

5          Q   Okay.  Now, if we look at

6     Exhibit 6, it says registered owner is Cede

7     and Company.

8          Does that indicate that Cede and

9     Company owns this maturity for all purposes?

10          MR. BASSETT:  Objection.  Calls for

11          a legal -- sorry.  That's my fault.  I

12          wanted to clarify that my objection was

13          on the basis that the question called

14          for a legal conclusion.

15          Q   Okay.  And you can answer it,

16     Mr. Doty.

17          A   I don't think the fact that Cede

18     and Company's name is on this bond as -- by

19     itself, that broad indication.

20          Q   Why not?

21          A   What it shows is that Cede and

22     Company is the registered owner.  That

23     doesn't mean that it is -- if we could go

24     back -- I'm recalling -- I'm going to have to

25     ask to have the question reread.

1          I think I need to have the question

2    more firmly in my mind.

3       Q   Okay.  Let me go back.

4          What does it mean to say that

5    someone is a "registered owner" of the bond?

6       A   It means that they are the

7    registered owner of the bond with the

8    trustee.

9          So that's what that means.

10      Q   Does that mean they're the only

11   person with legal rights to the bond?

12         MR. BASSETT:  Objection.

13      A   Not by itself, it doesn't.

14      Q   What else would one need to know in

15   order to learn who has other legal rights to

16   the bond?

17      A   You would need to read the bond

18   resolution and see what rights the bond

19   resolution gives.

20      Q   Now, these bond issues, as I think

21   you've testified, were sold to the public

22   through an underwriting syndicate.

23         Correct?

24      A   Correct.

25      Q   Do you know whether this particular

Case:17-03283-LTS   Doc#:14249-14   Filed:09/11/20   Entered:09/11/20 21:38:05   Desc:
Exhibit Excerpts from August 11   2020 Deposition of Robert Doty   Page 16 of 23

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

1     all simultaneous.  The bonds had been sold,

2     the public is obligated to buy the bonds.

3          And the -- they are paying for the

4     bonds that -- at the time of the closing, and

5     the underwriters are getting that money from

6     them, and the bonds are going directly to DTC

7     and -- into the various accounts at DTC.

8          It's all simultaneous.

9     Q   So is it your testimony that at no

10    point the underwriters own the bonds?

11         MR. BASSETT:  Objection.

12    A   I think that you're -- I mean,

13    we're getting pretty far afield from my

14    opinions.  There -- you know, I can't speak

15    for the universe of every single transaction.

16         But as a general rule, the

17    underwriters would not go into the

18    transaction without having commitments on the

19    other side from the investors.  And when the

20    bonds are issued, you see the -- we saw

21    specific maturities and so on going to DTC.

22         And when they go to DTC, they're

23    going to the accounts for the participants at

24    DTC.  It's going to be a legal -- a legal

25    conclusion as to whether, for some nanosecond

1    or something, underwriters might or might not

2    own the bonds.

3            I think that's a legal conclusion.

4    But as a practical matter, the underwriters

5    are not going to enter into the transaction

6    without having the commitments from investors

7    on the other side.

8        Q    Do you know one way or the other,

9    in this particular bond transaction, whether

10   the underwriters did or did not have

11   commitments from investors to purchase all of

12   the bonds?

13       A    No.

14       Q    Now, is it not the case that the

15   underwriters themselves are participants in

16   DTC?

17           MR. BASSETT:  Objection, outside of

18       the scope of his report.

19       A    I don't actually know.  But I can

20   surmise.

21       Q    What is your surmise?

22       A    Well, UBS is a major firm.  I would

23   surmise that they're a participant in DTC.

24       Q    And the other underwriters, do you

25   have any reason to believe they're not direct

1     Q   And issuers may sell municipal

2     securities to underwriters, either through

3     competitive bidding or through direct

4     negotiation with one or more preselected

5     underwriters?

6     A   Correct.

7     Q   I'm going to ask you about bond

8     counsel.  I think I asked you previously

9     about bond counsel.

10          Is one of the obligations of bond

11    counsel to deliver an opinion stating that

12    the bonds have been validly issued?

13          MR. BASSETT:  Objection to the

14          extent it's outside the scope of the

15          opinions he's been asked to offer in

16          this case.

17    A   Right.  Yeah, again, that's an

18    accurate statement.

19          But the answer's yes.

20    Q   If bond counsel has reason to

21    believe that the issuer does not have the

22    legal authority to issue the bonds, is it

23    your opinion that the bond counsel should not

24    deliver his opinion at the closing?

25          MR. BASSETT:  Same objection.  He's

1      not offering an opinion on this topic.

2      A   It isn't something that I analyzed

3    for this set of bond issues, but as a general

4    rule, I would agree with that.

5      Q   I asked you earlier about the

6    disclosure obligation underwriters have in

7    connection with the -- with an issuance of

8    bonds.

9         Could we turn to Tab 16?

10        MR. STEWART:  Mark this as

11      Exhibit 13.

12        (Whereupon the above mentioned was

13      marked for Identification.)

14      Q   And again, Mr. Doty, that's Tab 16.

15      A   Yes, I've got it here.

16      Q   I need to find it myself.

17        Do you have it before you?

18      A   I do.

19      Q   Okay.  So Tab 16 is Exhibit 13.

20        Is this an affidavit or declaration

21    that you submitted in a lawsuit in 19 --

22    sorry -- 2015 in New Jersey?

23      A   It appears to be, yes.

24      Q   Okay.  Do you still subscribe to

25    the opinions that you expressed in this

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

1          Do you see that?

2     A   I do see that.

3     Q   Is that still your opinion today?

4     A   Yes, that -- I think as a general

5   rule, that is correct.

6     Q   Yeah.  Are there exceptions to the

7   general rule?

8     A   Yes.

9     Q   What would examples of those

10   exceptions be?

11     A   Where the investors themselves know

12   information or have access to public

13   information, I think they're responsible for

14   that, too.  But in general, I would agree

15   with the statement.

16     Q   Okay.  I'd like to go to

17   Paragraph 17.

18     A   All right.

19     Q   I'm going to read it into the

20   record just so we don't have any objections

21   about my paraphrasing.

22          It says, "As noted above, in

23   accordance with customs, practices, and

24   standards of care prevailing in the municipal

25   securities market in and before 2000, and

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

1    today, municipal securities offering

2    documents were (and are) expected to be,

3    quote, four-corner, unquote, documents that

4    contain (and contain) all information

5    regarding the offered securities that a

6    reasonable investor would consider to be

7    important in making an investment decision."

8         Do you still subscribe to that

9    statement today?

10        A   Yes.

11        Q   What do you mean by a "four-corner

12   document?"

13        A   That the information is supposed to

14   be in the official statement.  That document

15   is supposed to contain that information.

16        Q   And so an investor could look at

17   just that one document for all of the

18   information that investor reasonably could

19   need?

20        A   As a general rule, I do agree with

21   that.  Again, subject to the same caveat that

22   we made a little while ago.

23        Q   That caveat is that if investors

24   happen to have additional knowledge of their

25   own, that also goes into the mix?

Doty, Robert - Vol. 1  8/11/2020  9:35:00 AM

1      A   Yes.  And they're also responsible

2    for other public information, information

3    that's available from the public market

4    sources.

5      Q   Okay.  So, let me ask this.  I

6    asked you earlier about ERS's disclosure

7    obligations, and we spoke about EMMA a little

8    bit.

9          Is it the case that if a board

10   member of ERS came to have a belief that

11   these bonds had been illegally issued, that

12   board member or ERS itself would be required

13   to make a disclosure of that fact?

14         MR. BASSETT:  Objection, lack of

15         foundation, outside of his opinions in

16         this case.

17     A   I don't know how many board members

18   ERS had.  If an individual trustee concluded

19   that the bonds were not validly issued, I

20   think that trustee had a responsibility to

21   speak up.

22         If -- from an ERS perspective, I

23   think it would depend upon what others

24   associated with ERS believed, that they

25   reached the same conclusion, that they should

CONFIDENTIAL
Robert Doty - August 11, 2020

Page 183

```
 1              C E R T I F I C A T E

 2          I, MICHAEL FRIEDMAN, a Certified Court

 3   Reporter and Notary Public, qualified in and for

 4   the State of New Jersey do hereby certify that

 5   prior to the commencement of the examination ROBERT

 6   DOTY was duly sworn by me to testify to the truth

 7   the whole truth and nothing but the truth.

 8          I DO FURTHER CERTIFY that the foregoing

 9   is a true and accurate transcript of the testimony

10   as taken stenographically by and before me at the

11   time, place and on the date hereinbefore set forth.

12          I DO FURTHER certify that I am neither a

13   relative of nor employee nor attorney nor counsel

14   for any of the parties to this action, and that I

15   am neither a relative nor employee of such attorney

16   or counsel, and that I am not financially

17   interested in the action.

18

19

20

21   _____

22   MICHAEL FRIEDMAN, CCR of the

23   State of New Jersey

24   License No:  30XI00228600

25   Date:  August 11, 2020
```