**EXHIBIT 30**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

|  |  |
|---|---|
| and | ) |
| | ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DEFENDANT 1M, *et al.*, | ) ) |
| Defendants. | ) ) |
| | |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) ) ) ) Adv. Proc. No. 19-00357 (LTS) |
| and | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| STOEVER GLASS & CO., *et al.*, | ) ) ) |

2

|  |  |
|---|---|
| Defendant. ) ) ) ) ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, ) ) ) ) ) ) ) | Adv. Proc. No. 19-00359 (LTS) |
| and ) ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), ) ) ) ) ) | |
| as co-trustees of ) ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, ) ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | |
| DEFENDANT 1H-78H, ) ) ) | |
| Defendants. ) ) ) ) ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, ) ) ) ) ) ) ) ) | Adv. Proc. No. 19-00361 (LTS) |
| and ) ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), ) ) ) ) ) ) | |
| as co-trustees of ) ) ) | |

3

| | |
|---|---|
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT 1G-50G, *et al.*,<br><br>    Defendants.<br>_____<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2]<br><br>    against<br><br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER | Adv. Proc. No. 19-00366 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

4

| | |
|---|---|
| FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, <br><br>          Defendants. | ) ) ) ) ) ) ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>   and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>   as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>          Plaintiffs,[3]<br><br>          against<br><br>GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; | Adv. Proc. No. 19-00367 (LTS) |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

5

| | |
|---|---|
| PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

----------------------------------------------------------------- X

## DECLARATION OF SHANSHAN CAO

I, Shanshan Cao, hereby declare under penalty of perjury:

1. I am a Managing Director at Centerbridge Partners, L.P. ("Centerbridge"). I provide this declaration based on my own personal knowledge, based on information that I learned from others at Centerbridge, and based on my counsel's review of pertinent documents collected and reviewed as part of discovery in these proceedings.

2. I was deposed in these proceedings on March 4, 2020, in both my personal capacity and as a Rule 30(b)(6) representative of SV Credit, L.P. ("SV Credit"). I offer this declaration as a supplement to my deposition.

3. As I testified at my deposition, I and others at Centerbridge did not have any concerns about ERS's authority to issue bonds at the time that we made the investments. I understand, however, that a review of SV Credit's files shows that there are brief, unexplained

6

references to the possibility of challenges to legislative authority to issue the ERS Bonds in documents dating from September 2014. *See* BH-ERS-7-007877 (redacted document and associated log entry); BH-ERS-7-008972 (same); BH-ERS-7-009218 (same); BH-ERS-7-009916 (same); BH-ERS-7-023571 (same). In addition, as noted in paragraph 7 below, a review of SV Credit's files revealed an internal September 7, 2014 email containing notes from discussions with counsel that occurred in February 2014 concerning the legality, illegality, validity, or invalidity of the ERS Bonds. *See* BH-ERS-7-PRIV-00670 (log entry). To my knowledge, and based on the review of files, these are the first references in SV Credit's files to (i) the possibility that the bonds may not have been issued with authority or legally issued or (ii) the possibility of the ultra vires issue, and SV Credit was not aware from any source of those possibilities before 2014.

4. As I testified at my deposition, SV Credit reviewed portions of the ERS Enabling Act at the time it made investments in the ERS Bonds, as part of its evaluation of whether ERS had the authority to issue them, but I do not recall specifically which parts were reviewed. I understand that a review of SV Credit's files shows that the debt-authorizing language of the ERS Enabling Act as it existed in 2008 was quoted in a February 10, 2015 email. *See* BH-ERS-7-017224. To my knowledge, and based on the review of files, that is the first reference in SV Credit's files to the debt-authorizing language of the ERS Enabling Act as it existed in 2008, and SV Credit was not aware from any source of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 before that date.

5. As I testified at my deposition, I do not recall when I first reviewed Act 116-2011, which amended the ERS Enabling Act, although I believe I reviewed it as part of the diligence process for the investment in the ERS Bonds. I understand that a review of SV Credit's files shows that the entirety of Act 116-2011, including the "illegally made" language in the Statement of

7

Motives in Act 116-2011 was attached to an email to me from attorney Lawrence Bauer providing legal advice on the ERS Bonds on October 25, 2013. *See* BH-ERS-7-PRIV-00233 (log entry for email); BH-ERS-7-PRIV-00236 (log entry for Act 116-2011). To my knowledge, and based on the review of files, that is the first reference in SV Credit's files to the "illegally made" language in the Statement of Motives in Act 116-2011, and SV Credit was not aware from any source of the "illegally made" language before that date.

6. I understand that a review of SV Credit's files shows that the efforts to enact legislation to authorize Commonwealth General Obligation bonds to fund ERS, and the failure of those efforts, were described in the Final Investigative Report issued by Kobre & Kim on August 20, 2018, a copy of which was found in a folder related to the ERS Bond investment. To my knowledge, and based on the review of files, that is the first reference in SV Credit's files to the efforts to authorize Commonwealth General Obligations bonds to fund ERS, and the failure of those efforts, and SV Credit was not aware from any source of those issues before that date.

7. As I testified at my deposition, SV Credit had discussions with counsel concerning its investment in the ERS Bonds, but I do not recall the specific time frame of those discussions. I understand that a review of SV Credit's files shows that the earliest date that SV Credit sought or received advice from counsel about the validity, invalidity, legality or illegality of the ERS Bonds was in February 2014, as reflected in an internal September 7, 2014 email containing notes from discussions with counsel. *See* BH-ERS-7-PRIV-00670 (log entry). To my knowledge, and based on the review of files, I am unaware of any request for or receipt of legal advice on those subjects before February 2014.

8. I offer this declaration on my own behalf and on behalf of SV Credit.

Dated: May 27 2020
New York, NY

Shanshan Cao

8