## **EXHIBIT 33**



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| _____ )<br><br>In re: )<br> )<br> )<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO )<br> )<br> )<br>    as representative of )<br> )<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*, )<br> )<br>    Debtors.[1] )<br>_____ ) | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| )<br>In re: )<br> )<br> )<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO, )<br> )<br> )<br>    as representative of )<br> )<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF THE COMMONWEALTH OF )<br>PUERTO RICO, )<br> )<br>    Debtor. )<br>_____ ) | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| )<br> )<br>THE SPECIAL CLAIMS COMMITTEE OF THE )<br>FINANCIAL OVERSIGHT AND MANAGEMENT )<br>BOARD FOR PUERTO RICO, ACTING BY AND )<br>THROUGH ITS MEMBERS, ) | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

and                                                              )
                                                                 )
                                                                 )
THE OFFICIAL COMMITTEE OF UNSECURED                              )
CREDITORS OF ALL TITLE III DEBTORS                               )
(OTHER THAN COFINA),                                             )
                                                                 )
     as co-trustees of                  )
                                                                 )
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO,                                       )
                                                                 )
     Plaintiff,                         )
                                                                 )
v.                                                               )
                                                                 )
DEFENDANT 1M, *et al.*,                                          )
                                                                 )
     Defendants.                        )
                                                                 )
                                                                 )
_____                   )
                                                                 )
THE SPECIAL CLAIMS COMMITTEE OF THE                              )
FINANCIAL OVERSIGHT AND MANAGEMENT                               )
BOARD FOR PUERTO RICO, ACTING BY AND                             )   Adv. Proc. No. 19-00357 (LTS)
THROUGH ITS MEMBERS,                                             )
                                                                 )
                                                                 )
and                                                              )
                                                                 )
THE OFFICIAL COMMITTEE OF UNSECURED                              )
CREDITORS OF ALL TITLE III DEBTORS                               )
(OTHER THAN COFINA),                                             )
                                                                 )
     as co-trustees of                  )
                                                                 )
THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO,                                       )
                                                                 )
     Plaintiff,                         )
                                                                 )
v.                                                               )
                                                                 )
STOEVER GLASS & CO., *et al.*,                                   )
                                                                 )

2

Defendant.                                          )
                                                    )
                                                    )
                                                    )
_____             )
                                                    )
THE SPECIAL CLAIMS COMMITTEE OF THE                  )        Adv. Proc. No. 19-00359 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                   )
BOARD FOR PUERTO RICO, ACTING BY AND                 )
THROUGH ITS MEMBERS,                                 )
                                                    )
        and                                          )
                                                    )
THE OFFICIAL COMMITTEE OF UNSECURED                  )
CREDITORS OF ALL TITLE III DEBTORS                   )
(OTHER THAN COFINA),                                 )
                                                    )
        as co-trustees of                            )
                                                    )
THE EMPLOYEES RETIREMENT SYSTEM OF THE               )
GOVERNMENT OF PUERTO RICO,                           )
                                                    )
        Plaintiff,                                   )
                                                    )
v.                                                   )
                                                    )
DEFENDANT 1H-78H,                                    )
                                                    )
        Defendants.                                  )
                                                    )
                                                    )
_____             )
                                                    )
THE SPECIAL CLAIMS COMMITTEE OF THE                  )        Adv. Proc. No. 19-00361 (LTS)
FINANCIAL OVERSIGHT AND MANAGEMENT                   )
BOARD FOR PUERTO RICO, ACTING BY AND                 )
THROUGH ITS MEMBERS,                                 )
                                                    )
        and                                          )
                                                    )
THE OFFICIAL COMMITTEE OF UNSECURED                  )
CREDITORS OF ALL TITLE III DEBTORS                   )
(OTHER THAN COFINA),                                 )
                                                    )
        as co-trustees of                            )
                                                    )
                                                    )

3

THE EMPLOYEES RETIREMENT SYSTEM OF THE )
GOVERNMENT OF PUERTO RICO,                                  )
                                                            )
     Plaintiff,                     )
                                                            )
v.                                                          )
                                                            )
DEFENDANT 1G-50G, *et al.*,                                 )
                                                            )
     Defendants.                    )
                                                            )
--------------------------------------------------------------------- X


### BONDHOLDERS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO THE FIRST SET OF INTERROGATORIES OF THE COMMITTEES AND GOVERNMENT PARTIES TO THE ERS BONDHOLDER GROUPS RELATED TO THE ULTRA VIRES PROCEEDINGS

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and Federal Rules of Civil Procedure 26 and 33 incorporated therein, made applicable to this proceeding by 48 U.S.C. § 2170, and in connection with the *Omnibus Objection Of Official Committee Of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283], the *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [ECF No. 6482 in Case No. 17-bk-03283], and Adversary Proceeding Nos. 19-00356, 19-00357, 19-00359, 19-00361, Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC

4

(Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P.,

Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P.,

Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree

Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P.,

Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd.,

Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc.,

Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc.,

Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico

Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico Fixed Income

Fund VI, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico

Mortgage-Backed & U.S. Government Securities Fund, Inc., PWCM Master Fund Ltd.,

Redwood Master Fund, Ltd, SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto

Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select

Growth & Income Puerto Rico Fund,[2] secured creditors of the Employees Retirement System of

the Government of the Commonwealth of Puerto Rico ("ERS") (the "Bondholders"), hereby

supplement their responses to those portions of the First Set of Interrogatories to the ERS

Bondholder Groups from the Committees and Government Parties, dated November 1, 2019

("Interrogatories") that relate to the Ultra Vires issue, Numbers 6, 18, 20, and 21.[3]  Bondholders

---

[2] Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree
Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment
Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund
X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold
through Oaktree Opps X Holdco Ltd.

[3] On November 12, 2019, the Committees and Government Parties identified Interrogatory Nos. 1 to 22 and
26 as relating to discovery in the Ultra Vires Proceedings.  (Exhibit A).

further reserve the right to supplement, amend, or modify these objections and responses as necessary.

## INCORPORATION OF PRIOR GENERAL OBJECTIONS AND SPECIFIC RESPONSES

1.       On December 3, 2019, Bondholders served their Responses And Objections To The Interrogatories ("Bondholders' Original Responses and Objections").  Bondholders hereby incorporate the General Objections in Bondholders' Original Responses and Objections into each and every individual response and supplemental response to the Interrogatories, whether or not the General Objections are restated in the response or supplemental response to any particular Interrogatory.  Bondholders' responses and supplemental responses are made without waiving, or intending to waive, the General Objections, and Bondholders specifically reserve all of their other objections.

2.       In addition, Bondholders' Original Responses and Objections provided specific responses and objections to Interrogatory Numbers 6, 18, 20, and 21, each of which is incorporated into Bondholders' supplemental responses to Interrogatory Numbers 6, 18, 20, and 21, respectively.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 6**:  Identify each document provided to and relied upon by You in connection with Your purchase of any ERS Bonds.

**Original Response to Interrogatory No. 6**:  Bondholders object to this Interrogatory as overbroad, vague, and ambiguous.  Bondholders respond to this Interrogatory on the assumption that it intends to inquire about documents authored by or on behalf of ERS, as follows: Bondholders considered and relied upon the Official Statements for the ERS Bonds, including the exhibits to those Official Statements, as well as ERS's financial statements and balance

sheets.  Certain Bondholders may also have considered and relied upon press releases and other

publicly available information.

**Supplemental Response to Interrogatory No. 6:**  Subject to and without waiving their

objections, the Bondholders will produce documents responsive to this Interrogatory pursuant to

Fed. R. Civ. P. 33(d), to the extent that such documents are not privileged and address the

validity of the ERS Bonds or are otherwise relevant to the Ultra Vires proceedings.

**INTERROGATORY NO. 18:** Identify any assignment of claims You received when
You purchased Your ERS Bonds.

**Original Response to Interrogatory No. 18**:  Bondholders object to this Interrogatory as

vague and ambiguous with respect to the meaning of the phrase "assignment of claims," and as

overbroad to the extent that it seeks to inquire about assignments of claims other than those

claims at issue in these proceedings.  Bondholders respond to this Interrogatory on the

assumption that it intends to inquire about formal assignments of claims separate from the

purchase of the ERS Bonds themselves, as follows:  To the extent that Bondholders received any

formal assignments of claims at issue in these proceedings separate from their purchases of the

ERS Bonds themselves and whatever claims may have been assigned as part of those purchases

as a matter of law, custom, market practice, and/or implied contract, including but not limited to

by operation of New York General Obligation Law § 13-107 and similar provisions,

Bondholders will produce those documents pursuant to Fed. R. Civ. P. 33(d).

**Supplemental Response to Interrogatory No. 18:**  Subject to and without waiving their

objections to this Interrogatory, to the extent that Bondholders received any assignments of

claims at issue in these proceedings separate from their purchases of the ERS Bonds themselves

and whatever claims may have been assigned as part of those purchases as a matter of law,

custom, market practice, and/or implied contract, including but not limited to by operation of

New York General Obligation Law § 13-107 and similar provisions, Bondholders will produce

those documents pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 20**: Identify the legal bases underlying Your response to each
Request for Admission that You do not unconditionally admit. For each such response,
identify each individual associated with the ERS Bondholders who has knowledge of the
facts and circumstances relating to Your response. For each such person, provide their
last known address, telephone number, and relationship to the ERS Bondholders.

**Response to Interrogatory No. 20**: The legal bases underlying the responses to each

Request for Admission that Bondholders do not unconditionally admit are contained in the

Bondholders' Responses and Objections to the First Set of Requests for Admission of the

Committees and Government Parties, including its Responses to Requests for Admissions Nos.

1, 2, 3, 6, 7, and 9. Individuals with knowledge of the facts and circumstances related to such

responses include those named in response to Interrogatory No. 19.

**Supplemental Response to Interrogatory No. 20**: The legal bases underlying the

responses to each Request for Admission that Bondholders do not unconditionally admit include:

**Request No. 1** is vague and ambiguous because: (1) the ERS Enabling Act is available in its

original Spanish version and in an official but inaccurate English translation, and it is not

clear to which version the Government Parties are referring; (2) the ERS Enabling Act has

been amended many times since its enactment and it is not clear which version of the ERS

Enabling Act this Request concerns; and (3) the ERS Enabling Act is a voluminous

document with many provisions, most of which are not relevant to the *ultra vires* proceeding

or to the ERS Bonds, and it is not clear which provision or provisions this Request intended

to reference. As noted in the Bondholders' Supplemental Response to Request No. 1,

Bondholders interpret the "ERS Enabling Act" to mean the entire ERS Enabling Act and all

amendments thereto.

**Request No. 2** impermissibly seeks an admission of a legal conclusion because whether any "authority" "permits," or authorizes, ERS to take an action is a legal question not appropriate for a Request for Admission. *McConkie v. Nichols*, 392 F. Supp. 2d 1, 7 n.6 (D. Me. 2005) (Rule 36 prohibits "admission[s] of law.") *aff'd in relevant part*, 446 F.3d 258 (1st Cir. 2006).

**Request No. 3** impermissibly asks the Bondholders to accept a factual assumption—that the ERS had never issued any bonds before the 2008 ERS Bond Issuance—and then admit awareness of that assumed fact. As such, it is an improper Request for Admission.

**Request No. 4** is vague and ambiguous because the word "loans" and the phrase "as part of the 2008 ERS Bond Issuance" are subject to multiple interpretations. This Request also impermissibly asks Bondholders to accept a factual assumption—that Puerto Rico and the United States had not made any loans as part of the 2008 ERS Bond Issuance—and then admit that they are not aware of that assumed fact. As such, it is an improper Request for Admission.

**Request No. 5** is vague and ambiguous because the phrases "any form of borrowing" and "as part of the 2008 ERS Bond Issuance" are subject to multiple interpretations. This Request also impermissibly asks the Bondholders to accept a factual assumption—that there was some (unspecified) "form of borrowing" from Puerto Rico and the United States government as part of the 2008 ERS Bond Issuance—and then admit that they are not aware of that assumed fact. As such, it is an improper Request for Admission.

**Request No. 6** is vague and ambiguous because the word "loans" and the phrase "as part of the 2008 ERS Bond Issuance" are subject to multiple interpretations. Among other things, it is unclear whether the word "loans" is intended to cover borrowing in general, or only some

specific forms of borrowing.  This Request also impermissibly asks the Bondholders to

accept a factual assumption—that no financial institutions made any loans as part of the 2008

ERS Bond Issuance—and then that they are not aware of that assumed fact.  As such, it is an

improper Request for Admission.

**Request No. 7** is vague and ambiguous because the word "bonds" and the phrases "to the

public" and "through the use of underwriters" are subject to multiple interpretations,

particularly given the use of the Depository Trust Company and Cede & Co. to hold the ERS

Bond certificates.

**Request No. 8** is vague and ambiguous because the phrases "members of the public" and

"purchased ERS Bonds" are subject to multiple interpretations, particularly given the use of

the Depository Trust Company and Cede & Co. to hold the ERS Bond certificates.

**Request No. 9**: The factual basis for Bondholders' response to this Request is contained in

the Bondholders' supplemental response to Interrogatory No. 21, below.

**Request No. 10** is improper because it is compound.  *U.S. ex rel. Englund v. Los Angeles

Cnty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006).

**<u>INTERROGATORY NO. 21</u>**: Identify the factual bases underlying Your response to each
Request for Admission that You do not unconditionally admit. For each such response, identify
each individual associated with the ERS Bondholders who has knowledge of the facts and
circumstances relating to Your response. For each such person, provide their last known address,
telephone number, and relationship to the ERS Bondholders.

**Response to Interrogatory No. 21**:  The factual bases underlying the responses to each

Request for Admission that Bondholders do not unconditionally admit are contained in the

Bondholders' Responses and Objections to the First Set of Requests for Admission of the

Committees and Government Parties, including its Responses to Requests for Admissions Nos.

1, 2, 3, 6, 7, 9 and 10. Individuals with knowledge of the facts and circumstances related to such

responses include those named in response to Interrogatory No. 19.

**Supplemental Response to Interrogatory No. 21**: The factual bases underlying the responses to each Request for Admission that Bondholders do not unconditionally admit include:

**Request No. 1**: As noted in the Bondholders' Supplemental Response to Request No. 1, the Bondholders deny this Request because each and every member of the ERS Bondholder Group did not read the entire ERS Enabling Act and all amendments prior to purchasing any ERS bonds.

**Request No. 2**: The basis for Bondholders' response to this Request is contained in the Bondholders' supplemental response to Interrogatory No. 20.

**Request No. 3**: Bondholders responded that they are without sufficient information to determine whether ERS issued bonds before the 2008 ERS Bond Issuance.  Because they do not know whether ERS had issued any bonds before the 2008 ERS Bond Issuance, Bondholders cannot admit or deny this Request.  And because they do not have sufficient information to admit or deny this Request, to the extent a response is required, the Bondholders decline to make the requested admission and thus deny it.

**Request No. 4**: Bondholders are without sufficient information to determine whether Puerto Rico or the United States made any loans as part of the 2008 ERS Bond Issuance, and therefore cannot admit or deny this Request. And because they do not have sufficient information to admit or deny this Request, to the extent a response is required, the Bondholders decline to make the requested admission and thus deny it.

**Request No. 5**: Bondholders are without sufficient information to determine whether there was some "form of borrowing" from Puerto Rico or the United States government as part of the 2008 ERS Bond Issuance, and therefore cannot admit or deny this Request.  And because they do not have sufficient information to admit or deny this Request, to the extent a

11

response is required, the Bondholders decline to make the requested admission and thus deny it.

**Request No. 6**: Bondholders deny the assumption: Bondholders aver (based on the standard definition of a bond) that, by selling the ERS Bonds, ERS borrowed nearly $3 billion from the underwriting financial institutions who were the original purchasers of the ERS Bonds.

**Request No. 7**: The factual bases for Bondholders' response to this Request are the Official Statements issued in connection with the 2008 ERS Bond Issuance. *See, e.g.*, Official Statement, dated January 29, 2008, for ERS Senior Pension Funding Bonds, Series A, at 52.

**Request No. 8**: The legal basis for Bondholders' response to this Request is contained in the Bondholders' supplemental response to Interrogatory No. 20.

**Request No. 9**: Bondholders responded that they lacked sufficient information to determine whether the original owner of record for each ERS Bond has transferred record ownership of any ERS Bond to any party. Accordingly, Bondholders cannot admit or deny the Request. And because they do not have sufficient information to admit or deny this Request, to the extent a response is required, the Bondholders decline to make the requested admission and thus deny it.

**Request No. 10**: Owners of at least 25% of the ERS Bonds have issued a direction letter to the Fiscal Agent.

[*Signatures on Next Page*]

In San Juan, Puerto Rico, today December 30, 2019.

/s/ Alfredo Fernández-Martínez                    /s/ Sparkle L. Sooknanan

Alfredo Fernández-Martínez          Bruce Bennett (*pro hac vice*)
DELGADO & FERNÁNDEZ, LLC          JONES DAY
PO Box 11750                      555 South Flower Street
Fernández Juncos Station          Fiftieth Floor
San Juan, Puerto Rico 00910-1750  Los Angeles, CA 90071
Tel. (787) 274-1414               Tel. (213) 489-3939
Fax: (787) 764-8241               Fax: (213) 243-2539
afernandez@delgadofernandez.com   bbennett@jonesday.com
USDC-PR 210511

                                  Benjamin Rosenblum (*pro hac vice*)
                                  JONES DAY
                                  250 Vesey Street
                                  New York, New York 10281
                                  Tel. (212) 326-3939
                                  Fax: (212) 755-7306
                                  brosenblum@jonesday.com

                                  Geoffrey S. Stewart (*pro hac vice*)
                                  Matthew E. Papez (*pro hac vice*)
                                  Sparkle L. Sooknanan (*pro hac vice*)
                                  JONES DAY
                                  51 Louisiana Ave. N.W.
                                  Washington, DC 20001
                                  Tel. (202) 879-3435
                                  Fax: (202) 626-1700
                                  gstewart@jonesday.com
                                  mpapez@jonesday.com
                                  ssooknanan@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit, L.P.*

/s/José C. Sánchez-Castro
 José C. Sánchez-Castro
 USDC-PR 213312
 jsanchez@sanpir.com

 Alicia I. Lavergne-Ramírez
 USDC-PR 215112
 alavergne@sanpir.com

SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

/s/ Jesse L. Green

Glenn M. Kurtz (*pro hac vice*)
John K. Cunningham (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
Jesse L. Green (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

*Counsel for Defendants Puerto Rico AAA Portfolio Bond Fund, Inc.; Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; Puerto Rico Fixed Income Fund, Inc.; Puerto Rico Fixed Income Fund II, Inc.; Puerto Rico Fixed Income Fund III, Inc.; Puerto Rico Fixed Income Fund IV, Inc.; Puerto Rico Fixed Income Fund V, Inc.; Puerto Rico Fixed Income Fund VI, Inc.; Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.; Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; Tax-Free Puerto Rico Fund, Inc.; Tax-Free Puerto Rico Fund II, Inc.; Tax-Free Puerto Rico Target Maturity Fund, Inc.; and UBS IRA Select Growth & Income Puerto Rico Fund*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2019, a true and correct copy of the

foregoing was served via electronic mail to the persons listed below:

Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com
**Paul Hastings LLP**
*Counsel to the Official Committee of Unsecured Creditors*

Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR
306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com
**Casillas, Santiago & Torres LLC**
*Local Counsel to the Official Committee of Unsecured Creditors*

John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

**Genovese Joblove & Battista, P.A.**
*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

Martin J. Bienenstock
Brian S. Rosen
Jeffrey W. Levitan
Margaret A. Dale
(*Pro Hac Vice*)
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
for the Debtors*

Luis F. del Valle-Emmanuelli USDC-PR No. 209514
P.O. Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
dvelawoffices@gmail.com
OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260
*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

Edward S. Weisfelner, Esq. (Pro Hac Vice)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
Sunni P. Beville, Esq. (Pro Hac Vice)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com
**Brown Rudnick LLP**
*Counsel to the Special Claims Committee*

Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596

San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090
**Estrella, LLC**
*Local Counsel to the Special Claims Committee*

Robert Gordon (admitted pro hac vice)
Richard Levin (admitted pro hac vice)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted pro hac vice)
Melissa Root (admitted pro hac vice)
Landon Raiford (admitted pro hac vice)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)
**Jenner & Block LLP**
*Counsel for The Official Committee of Retired Employees of Puerto Rico*

A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)
**Bennazar, Garcia & Milian, C.S.P.**
*Counsel for The Official Committee of Retired Employees of Puerto Rico*


*/s/ David R. Fox*

## VERIFICATION

STATE OF _____ )
                                )
COUNTY OF _____ )

I, _James E. Bolin_, being duly sworn, state that I am an agent of Andalusian Global Designated Activity Company, that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.

By: _James E. Bolin_
                                  Affiant

Subscribed and sworn to before me on this December 30, 2019.

_Ashley Galganske_
Notary Public

My commission expires: _May 2, 2024_



OFFICIAL SEAL
ASHLEY GALGANSKE
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires May 2, 2024

## **VERIFICATION**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, CHRISTOPHER DELANEY, being duly sworn, state that I am an agent of Altair Global Credit Opportunities Fund (A), LLC and Glendon Opportunities Fund, L.P., that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
          Affiant

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of LOS ANGELES

Subscribed and sworn to (or affirmed) before me on this 2nd
day of JANUARY , 20 20 , by _____
CHRISTOPHER DELANEY ,
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

ALYSSA SUSAN ELLARD
Notary Public - California
Los Angeles County
Commission # 2231858
My Comm. Expires Feb 23, 2022

(Seal)                         Signature Alyssa S Ellard

## **VERIFICATION**

STATE OF NEW YORK              )
                                      )
COUNTY OF NEW YORK           )


I, James McGovern, being duly sworn, state that I am an agent of Mason Capital Master Fund, LP, that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.

By:_____
                                   Affiant


Subscribed and sworn to before me on this \_\_January 7\_\_, 2020.


_____
                   Notary Public


My commission expires: \_\_01-23 2021\_\_



## **VERIFICATION**

STATE OF _____ )
                                                      )
COUNTY OF _____ )


I, _____, being duly sworn, state that I am an agent of Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.


By: _____
                           Affiant


Subscribed and sworn to before me on this _____, 2019.


_____
Notary Public


My commission expires: _____

**JURAT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )

COUNTY OF LOS ANGELES  )

Subscribed and sworn to (or affirmed) before me on January 3, 2020, by David Brown, who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

MARGARET A. BENTON
Notary Public - California
Los Angeles County
Commission # 2251274
My Comm. Expires Jul 27, 2022

Signature _____          (Seal)

Margaret A. Benton, Notary Public
My Comm. Expires: July 27, 2022

## VERIFICATION

STATE OF ___New York___   )
                           )
COUNTY OF ___New York___   )


I, ___Adrianna Cano___, being duly sworn, state that I am an agent of Ocher Rose, L.L.C., that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.


By: _____
                Affiant


Subscribed and sworn to before me on this January 2, 2020.


_____
Notary Public


My commission expires: ___1/23/20___

BROOKE J. FENSTER
Notary Public, State of New York
No. 01FE6254697
Qualified in Kings County
Commission Expires January 23, 2020

## VERIFICATION

STATE OF _Illinois_ )
)
COUNTY OF _Cook_ )


I, _Luke Corning_, being duly sworn, state that I am an agent of Crown Managed Accounts for and on behalf of Crown/PW SP, LMA SPC for and on behalf of Map 98 Segregated Portfolio, Oceana Master Fund Ltd., Pentwater Merger Arbitrage Master Fund Ltd., and PWCM Master Fund Ltd., that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.


By: _____
Affiant


Subscribed and sworn to before me on this _Jan 10th_, 2020.



_____
Notary Public


My commission expires: _May 15, 2023_

KAROLINA A PAWLIK
Official Seal
Notary Public - State of Illinois
My Commission Expires May 15, 2023

## VERIFICATION

STATE OF New Jersey

COUNTY OF Bergen

I, Justin Charles Boyer, being duly sworn, state that I am an agent of Redwood Master Fund, Ltd., that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
                 Affiant

Subscribed and sworn to before me on this January 3, 2020.

_____
Notary Public

My commission expires: _____

JANET BERKANISH
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES MAR. 29, 2020

## **VERIFICATION**

STATE OF _New York_ )

COUNTY OF _New York_ )

I, _Susanne V. Clark_, being duly sworn, state that I am an agent of SV Credit, L.P., that I have read the foregoing Bondholders' Supplemental Responses and Objections to the First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups Related to the Ultra Vires Proceedings, and that the factual answers set forth in the Bondholders' responses are true and correct to the best of my knowledge, information, and belief.

By: 

_____
Affiant

Subscribed and sworn to before me on this 6th Day of January, 2020.

_____
Notary Public

My commission expires: _June 12th 2021_

JOY BECKHAM
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BE6360008
Qualified in Westchester County
Commission Expires June 12, 2021

**AS TO SUPPLEMENTAL RESPONSES:**

*Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico Fixed Income Fund VI, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., Tax-Free Puerto Rico Target Maturity Fund, Inc., and UBS IRA Select Growth & Income Puerto Rico Fund.*

By:_____

Name:  Leslie Highley

Title:  Senior Vice President

_____

Affidavit Number: 707

Sworn and subscribed to before me by Leslie Highley of legal age, married, a banker and a resident of San Juan, Puerto Rico, in his capacity as authorized representative of the before-mentioned funds, and who is personally known to me, in San Juan, Puerto Rico, on this ___ day of January 2020.



NOTARY PUBLIC