# **EXHIBIT 52**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).


| | |
|---|---|
| and )<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF ALL TITLE III DEBTORS )<br>(OTHER THAN COFINA), )<br>)<br>    as co-trustees of )<br>)<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF PUERTO RICO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEFENDANT 1M, *et al.*, )<br>)<br>    Defendants. )<br>)<br>_____ )<br>)<br>THE SPECIAL CLAIMS COMMITTEE OF THE )<br>FINANCIAL OVERSIGHT AND MANAGEMENT )<br>BOARD FOR PUERTO RICO, ACTING BY AND )<br>THROUGH ITS MEMBERS, )<br>)<br>    and )<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF ALL TITLE III DEBTORS )<br>(OTHER THAN COFINA), )<br>)<br>    as co-trustees of )<br>)<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF PUERTO RICO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STOEVER GLASS & CO., *et al.*, )<br>) | Adv. Proc. No. 19-00357 (LTS) |

2

|  |  |
|---|---|
| Defendant. | ) ) ) ) ) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    as co-trustees of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT 1H-78H,<br><br>    Defendants. | Adv. Proc. No. 19-00359 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    as co-trustees of | Adv. Proc. No. 19-00361 (LTS) |

3

|  |  |
|---|---|
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> DEFENDANT 1G-50G, *et al.*, <br><br> Defendants. <br><br>———————————————————————<br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as section 926 trustee of <br><br> THE COMMONWEALTH OF PUERTO RICO <br><br> Plaintiffs,[2] <br><br> against <br><br> ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER | Adv. Proc. No. 19-00366 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

4

| | |
|---|---|
| FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, ) ) ) ) | |
| Defendants. ) ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ) ) ) | Adv. Proc. No. 19-00367 (LTS) |
| as representative of ) ) | |
| EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, ) ) ) ) | |
| and ) ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), ) ) ) ) | |
| as section 926 trustee of ) ) | |
| THE COMMONWEALTH OF PUERTO RICO ) ) | |
| Plaintiffs,[3] ) ) | |
| against ) ) | |
| GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

5

```
PUERTO RICO FIXED INCOME FUND V, INC.;      )
PUERTO RICO GNMA & U.S. GOVERNMENT          )
TARGET MATURITY FUND, INC.; PUERTO RICO     )
INVESTORS BOND FUND I; PUERTO RICO          )
INVESTORS TAX-FREE FUND, INC.; PUERTO RICO  )
INVESTORS TAX-FREE FUND II, INC.; PUERTO    )
RICO INVESTORS TAX-FREE FUND III, INC.;     )
PUERTO RICO INVESTORS TAX-FREE FUND IV,     )
INC.; PUERTO RICO INVESTORS TAX-FREE FUND   )
V, INC.; PUERTO RICO INVESTORS TAX-FREE     )
FUND VI, INC.; PUERTO RICO MORTGAGE-        )
BACKED & U.S. GOVERNMENT SECURITIES         )
FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.;)
TAX-FREE PUERTO RICO FUND II, INC.; TAX-    )
FREE PUERTO RICO TARGET MATURITY FUND,      )
INC.; UBS IRA SELECT GROWTH & INCOME        )
PUERTO RICO FUND,                           )
                                            )
             Defendants.
```

------------------------------------------------------------------- X

## DECLARATION OF JAMES BOLIN

I, James Bolin, hereby declare under penalty of perjury:

1. I am Vice President and Limited Partner of Appaloosa LP. I provide this declaration based on my own personal knowledge, based on information that I learned from others at Appaloosa LP, and based on my counsel's review of pertinent documents collected as part of discovery in these proceedings.

2. I was deposed in these proceedings on March 6, 2020, both in my personal capacity and as a Rule 30(b)(6) representative of Andalusian Global Designated Activity Company ("Andalusian"). I offer this declaration as a supplement to my deposition.

3. As I testified at my deposition, I recall becoming aware of the ultra vires argument sometime in 2018. I understand, however, that a review of Andalusian's files shows that on November 4, 2017, I received a copy of ERS's Motion for Summary Judgment in 17-ap-0213,

6

which referred in a footnote and without explanation to "the defense that the bond issuance was not authorized under ERS's Enabling Act and therefore was ultra vires." *See* BH-ERS-5-006699 (cover email); BH-ERS-5-006705 (filing). To my knowledge, and based on the review of files, that is the first reference in Andalusian's files to (i) the possibility that the bonds may not have been issued with authority or legally issued or (ii) the possibility of the ultra vires issue, and Andalusian was not aware from any source of those possibilities before that date.

4. As I testified during my deposition, I do not recall whether I reviewed any portions of the ERS Enabling Act before the Appaloosa Funds made their first purchase of ERS Bonds. I understand that a review of Andalusian's files shows that the debt-authorizing language of the ERS Enabling Act as it existed in 2008 was quoted in passing in a draft complaint relating to the moratorium on the payment of ERS Bonds that I received on April 21, 2016. *See* BH-ERS-2-PRIV-00001 (log entry for cover email); BH-ERS-2-PRIV-00002 (log entry for attachment). To my knowledge, and based on the review of files, that is the first reference in Andalusian's files to the debt-authorizing language of the ERS Enabling Act as it existed in 2008, and Andalusian was not aware from any source of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 before that date.

5. I understand that a review of Andalusian's files shows that the "illegally made" language in the Statement of Motives in Act 116-2011 was described in AAFAF's motion to dismiss in 17-ap-219, which I received a copy of on November 18, 2017. *See* BH-ERS-5-007500 (cover email); BH-ERS-5-007501 (filing). To my knowledge, and based on the review of files, that is the first reference in Andalusian's files to the "illegally made" language in the Statement of Motives in Act 116-2011, and Andalusian was not aware from any source of the "illegally made" language before that date.

7

6. I understand that a review of Andalusian's files shows that the efforts to enact legislation to authorize Commonwealth General Obligation bonds to fund ERS, and the failure of those efforts, were described in the UCC's objections to Andalusian's proof of claim, which I received a copy of on March 12, 2019. See BH-ERS-2-002854 (cover email); BH-ERS-2-002855 (filing). To my knowledge, and based on the review of files, that is the first reference in Andalusian's files to the efforts to authorize Commonwealth General Obligations bonds to fund ERS, and the failure of those efforts, and Andalusian was not aware from any source of those issues before that date.

7. I understand that a review of Andalusian's files shows that the earliest date that Andalusian sought or received advice from counsel about the validity, invalidity, legality or illegality of the ERS Bonds was December 14, 2017, when I received a draft of an opposition to AAFAF's November 2017 motion to dismiss. See BH-ERS-2-PRIV-039 (log entry for cover email); BH-ERS-2-PRIV-040 (log entry for attachment). To my knowledge, and based on the review of files, that is the first reference in Andalusian's files to any legal advice or request for legal advice about the validity, invalidity, legality or illegality of the ERS Bonds, and I am unaware of any request for or receipt of legal advice on that subject before that date.

8. I offer this declaration on my own behalf and on behalf of Andalusian Global Designated Activity Company.

Dated: May 22, 2020
New York, NY

/s/ James Bolin
James Bolin

8