# **EXHIBIT 53**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

|  |  |
|---|---|
| and | ) |
|  | ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DEFENDANT 1M, *et al.*, | ) ) |
| Defendants. | ) ) |
|  |  |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) ) ) |  Adv. Proc. No. 19-00357 (LTS) |
| and | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| STOEVER GLASS & CO., *et al.*, | ) ) ) |

2

|  |  |
|---|---|
| Defendant. | ) ) ) ) ) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    as co-trustees of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT 1H-78H,<br><br>    Defendants. | Adv. Proc. No. 19-00359 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    as co-trustees of | Adv. Proc. No. 19-00361 (LTS) |

3

| | |
|---|---|
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEFENDANT 1G-50G, *et al.*,<br><br>　　　　Defendants.<br><br>―――――――――――――――――――――<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>　　and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>　　as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>　　　　Plaintiffs,[2]<br><br>　　　　against<br><br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER | Adv. Proc. No. 19-00366 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

4

| | |
|---|---|
| FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, <br><br>Defendants. <br><br>——————————————————————— <br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>as representative of <br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, <br><br>and <br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br>as section 926 trustee of <br><br>THE COMMONWEALTH OF PUERTO RICO <br><br>Plaintiffs,[3] <br><br>against <br><br>GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; | Adv. Proc. No. 19-00367 (LTS) |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

5

| | |
|---|---|
| PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

--------------------------------------------------------------------- X

**DECLARATION OF JORDAN MIKES**

I, Jordan Mikes, hereby declare under penalty of perjury:

1.   I am a Senior Vice President at Oaktree Capital Management, L.P. ("Oaktree"). I provide this declaration based on my own personal knowledge, based on information that I learned from others at Oaktree, and based on my counsel's review of pertinent documents collected and reviewed as part of discovery in these proceedings.

2.   I was deposed in these proceedings on March 5, 2020, both in my personal capacity and as a Rule 30(b)(6) representative of the Oaktree Funds.[4] I offer this declaration as a supplement to my deposition.

---

[4] The Oaktree Funds are: Oaktree-Forrest Multi-Strategy, LLC (Series B); Oaktree Opportunities Fund IX, L.P.; Oaktree Opportunities Fund IX (Parallel), L.P.; Oaktree Opportunities Fund IX (Parallel 2), L.P.; Oaktree Huntington Investment Fund II, L.P.; Oaktree Opportunities Fund X, L.P.; Oaktree Opportunities Fund X (Parallel), L.P.; Oaktree Opportunities Fund X (Parallel 2), L.P.; and Oaktree Value Opportunities Fund Holdings, L.P.

3. As I testified at my deposition, I am not aware of anyone at Oaktree being aware of any issue over whether ERS had authority to issue the ERS Bonds before Oaktree received a notice addressing that issue from the Bank of New York Mellon in 2019. I understand that a review of the Oaktree Funds' files shows that on November 4, 2017, David Brown and Steven Tesoriere received a copy of ERS's Motion for Summary Judgment in 17-ap-0213, which referred in a footnote and without explanation to "the defense that the bond issuance was not authorized under ERS's Enabling Act and therefore was ultra vires." *See* BH-ERS-5-006699 (cover email); BH-ERS-5-006705 (filing). To my knowledge, and based on the review of files, that is the first reference in the Oaktree Funds' files to (i) the possibility that the bonds may not have been issued with authority or legally issued or (ii) the possibility of the ultra vires issue, and the Oaktree Funds were not aware from any source of those possibilities before that date

4. As I testified at my deposition, prior to making the investment decisions, there was absolutely no discussion of the validity of the bonds, the Enabling Act, or anything like that, and I am not aware of anyone at the Oaktree Funds reviewing the debt-authorizing language of the ERS Enabling (as it existed in 2008) before 2019. I understand that a review of the Oaktree Funds' files shows that the debt-authorizing language of the ERS Enabling Act as it existed in 2008 was quoted in passing in a memorandum providing legal advice regarding the ERS Bonds that did not address the validity or invalidity of the bonds, or the legality or illegality of the issuance, that was provided to Oaktree on February 29, 2016. *See* BH-ERS-5-PRIV-00025 (log entry for cover email); BH-ERS-5-PRIV-00026 (log entry for attachment). To my knowledge, and based on the review of files, that is the first reference in the Oaktree Funds' files to the debt-authorizing language of the ERS Enabling Act as it existed in 2008, and the Oaktree Funds were not aware

7

from any source of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 before that date.

5. As I testified at my deposition, I do not know if anyone looked at or saw the "illegally made" language in the Statement of Motives in Act 116-2011 before the Oaktree Funds made an investment in the ERS Bonds, but I do know that illegality was never discussed among the team before investment decisions were made. I understand that a review of the Oaktree Funds' files shows that the entirety of Act 116-2011, including the Statement of Motives with the "illegally made" language, was attached to a September 18, 2014 email sent to Michael Kreger of Oaktree. *See* BH-ERS-5-002662 (cover email); BH-ERS-5-002664 (attachment). To my knowledge, and based on the review of files, that is the first reference in the Oaktree Funds' files to the "illegally made" language in the Statement of Motives in Act 116-2011, and the Oaktree Funds were not aware from any source of the "illegally made" language before that date.

6. I understand that a review of the Oaktree Funds' files shows that the efforts to enact legislation to authorize Commonwealth General Obligation Bonds to fund ERS, and the failure of those efforts, were described in the UCC's objections to the Oaktree Funds' proof of claim, which David Brown, Stephen Tesoriere, Emily Stephens, and Adam Bennett received a copy of on March 12, 2019. *See* BH-ERS-2-002854 (cover email); BH-ERS-2-002855 (filing). To my knowledge, and based on the review of files, that is the first reference in the Oaktree Funds' files to the efforts to authorize Commonwealth General Obligations bonds to fund ERS, and the failure of those efforts, and the Oaktree Funds were not aware from any source of those issues before that date.

7. I understand that a review of the Oaktree Funds' files shows that the earliest date that the Oaktree Funds sought or received advice from counsel about the validity, invalidity, legality or illegality of the ERS Bonds was December 14, 2017, when David Brown and Ken Liang

received a draft of an opposition to AAFAF's November 2017 motion to dismiss. *See* BH-ERS-2-PRIV-039 (log entry for cover email); BH-ERS-2-PRIV-040 (log entry for attachment). To my knowledge, and based on the review of files, that is the first reference in the Oaktree Funds' files to any legal advice or request for legal advice about the validity, invalidity, legality or illegality of the ERS Bonds, and I am unaware of any request for or receipt of legal advice on that subject before that date.

8. I offer this declaration on my own behalf and on behalf of the Oaktree Funds.

Dated: May 22 2020
Los Angeles, CA

Jordan Mikes

9