# **EXHIBIT 54**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>　　Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

|  |  |
|---|---|
| and ) <br> ) <br> THE OFFICIAL COMMITTEE OF UNSECURED ) <br> CREDITORS OF ALL TITLE III DEBTORS ) <br> (OTHER THAN COFINA), ) <br> ) <br>     as co-trustees of ) <br> ) <br> THE EMPLOYEES RETIREMENT SYSTEM OF THE ) <br> GOVERNMENT OF PUERTO RICO, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEFENDANT 1M, *et al.*, ) <br> ) <br>     Defendants. ) <br> ) <br> ———————————————————— ) <br> ) <br> THE SPECIAL CLAIMS COMMITTEE OF THE ) <br> FINANCIAL OVERSIGHT AND MANAGEMENT ) <br> BOARD FOR PUERTO RICO, ACTING BY AND ) <br> THROUGH ITS MEMBERS, ) <br> ) <br> ) <br> and ) <br> ) <br> THE OFFICIAL COMMITTEE OF UNSECURED ) <br> CREDITORS OF ALL TITLE III DEBTORS ) <br> (OTHER THAN COFINA), ) <br> ) <br>     as co-trustees of ) <br> ) <br> THE EMPLOYEES RETIREMENT SYSTEM OF THE ) <br> GOVERNMENT OF PUERTO RICO, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STOEVER GLASS & CO., *et al.*, ) <br> ) | Adv. Proc. No. 19-00357 (LTS) |

2

|  |  |
|---|---|
| Defendant. | ) ) ) |
| ——————————————— | ) ) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) ) ) Adv. Proc. No. 19-00359 (LTS) |
| and | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) |
| DEFENDANT 1H-78H, | ) ) |
| Defendants. | ) ) ) |
| ——————————————— | ) ) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | ) ) ) ) ) Adv. Proc. No. 19-00361 (LTS) |
| and | ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) |
| as co-trustees of | ) ) |

3

| | |
|---|---|
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>　　　Plaintiff,<br><br>v.<br><br>DEFENDANT 1G-50G, *et al.*,<br><br>　　　Defendants.<br><br>_____<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>　　　and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>　　　as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>　　　Plaintiffs,[2]<br><br>　　　　　against<br><br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER | Adv. Proc. No. 19-00366 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

4

| | |
|---|---|
| FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, <br><br> Defendants. <br> _____ <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as section 926 trustee of <br><br> THE COMMONWEALTH OF PUERTO RICO <br><br> Plaintiffs,[3] <br><br> against <br><br> GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Adv. Proc. No. 19-00367 (LTS) |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

5

| | |
|---|---|
| PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND, <br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

------------------------------------------------------------------ X

## DECLARATION OF PATRICK DOWD

I, Patrick Dowd, hereby declare under penalty of perjury:

1. I am a Managing Director at King Street Capital Management ("King Street"). I provide this declaration based on my own personal knowledge, based on information that I learned from others at King Street, and based on my counsel's review of pertinent documents collected and reviewed as part of discovery in these proceedings.

2. I was deposed in these proceedings on February 28, 2020, both in my personal capacity and as a Rule 30(b)(6) representative of Ocher Rose, L.L.C. ("Ocher Rose"). I offer this declaration as a supplement to my deposition.

3. As I testified at my deposition, Ocher Rose first became aware of an argument that the ERS Bonds were issued without authority when that issue was first raised against it in litigation. I did not recall the exact date when that was, but agreed during my deposition that November 2017

6

was consistent with my recollection. I understand that a review of Ocher Rose's files shows that on November 4, 2017, I received a copy of ERS's Motion for Summary Judgment in 17-ap-0213, which referred in a footnote and without explanation to "the defense that the bond issuance was not authorized under ERS's Enabling Act and therefore was ultra vires." *See* BH-ERS-6-014053 (cover email); BH-ERS-6-014059 (filing). To my knowledge, and based on the review of files, that is the first reference in Ocher Rose's files to (i) the possibility that the bonds may not have been issued with authority or legally issued or (ii) the possibility of the ultra vires issue, and Ocher Rose was not aware from any source of those possibilities before that date.

4. As I testified at my deposition, neither I nor anyone I spoke with at King Street was sure when we reviewed the ERS Enabling Act, or which parts of that Act, in connection with Ocher Rose's investment in ERS Bonds, although we believe it was sometime between Ocher Rose's first purchase of ERS Bonds and its last purchase of ERS Bonds. I understand, however, that a review of Ocher Rose's files shows that the ERS Enabling Act as a whole (with amendments through August 2008), including the debt-authorizing language as it existed in 2008, was attached to an email that Evan Mossop sent to David Fitton and me on November 26, 2013. I understand that this document was not previously produced in the litigation but is being produced simultaneously with this declaration. To my knowledge, and based on the review of files, that is the first reference in Ocher Rose's files to the debt-authorizing language of the ERS Enabling Act as it existed in 2008, and Ocher Rose was not aware from any source of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 before that date.

5. I understand that a review of Ocher Rose's files shows that the "illegally made" language in the Statement of Motives in Act 116-2011 was quoted in passing in a memorandum I received on August 3, 2015, providing legal advice on the ERS Bonds that did not address the

7

validity or invalidity of the bonds, or the legality or illegality of the issuance. *See* BH-ERS-6-PRIV-00028 (log entry for cover email); BH-ERS-6-PRIV-00029 (log entry for attachment). To my knowledge, and based on the review of files, that is the first reference in Ocher Rose's files to the "illegally made" language in the Statement of Motives in Act 116-2011, and Ocher Rose was not aware from any source of the "illegally made" language before that date.

6. I understand that a review of Ocher Rose's files shows that the efforts to enact legislation to authorize Commonwealth General Obligation bonds to fund ERS, and the failure of those efforts, were described in the Final Investigative Report issued by Kobre & Kim on August 20, 2018, a copy of which was found in a folder related to the ERS Bond investment. To my knowledge, and based on the review of files, that is the first reference in Ocher Rose's files to the efforts to authorize Commonwealth General Obligations bonds to fund ERS, and the failure of those efforts, and Ocher Rose was not aware from any source of those issues before that date.

7. I understand that a review of Ocher Rose's files shows that the earliest date that Ocher Rose sought or received advice from counsel about the validity, invalidity, legality or illegality of the ERS Bonds was December 14, 2017, when I received a draft of an opposition to AAFAF's motion to dismiss. *See* BH-ERS-2-PRIV-039 (log entry for cover email); BH-ERS-2-PRIV-040 (log entry for attachment).

8. I offer this declaration on my own behalf and on behalf of Ocher Rose.

Dated: May 27 2020
New York, NY

Patrick Dowd

8