**EXHIBIT 55**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| and )<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF ALL TITLE III DEBTORS )<br>(OTHER THAN COFINA), )<br>)<br>    as co-trustees of )<br>)<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF PUERTO RICO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEFENDANT 1M, *et al.*, )<br>)<br>    Defendants. )<br>)<br>_____ )<br>)<br>THE SPECIAL CLAIMS COMMITTEE OF THE )<br>FINANCIAL OVERSIGHT AND MANAGEMENT )<br>BOARD FOR PUERTO RICO, ACTING BY AND )<br>THROUGH ITS MEMBERS, )<br>)<br>)<br>    and )<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF ALL TITLE III DEBTORS )<br>(OTHER THAN COFINA), )<br>)<br>    as co-trustees of )<br>)<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF PUERTO RICO, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STOEVER GLASS & CO., *et al.*, )<br>) | Adv. Proc. No. 19-00357 (LTS) |

|  |  |
|---|---|
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE ) | |
| FINANCIAL OVERSIGHT AND MANAGEMENT ) | |
| BOARD FOR PUERTO RICO, ACTING BY AND ) | |
| THROUGH ITS MEMBERS, ) | Adv. Proc. No. 19-00359 (LTS) |
| ) | |
| and ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS OF ALL TITLE III DEBTORS ) | |
| (OTHER THAN COFINA), ) | |
| ) | |
| as co-trustees of ) | |
| ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE ) | |
| GOVERNMENT OF PUERTO RICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEFENDANT 1H-78H, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE ) | |
| FINANCIAL OVERSIGHT AND MANAGEMENT ) | |
| BOARD FOR PUERTO RICO, ACTING BY AND ) | |
| THROUGH ITS MEMBERS, ) | Adv. Proc. No. 19-00361 (LTS) |
| ) | |
| and ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS OF ALL TITLE III DEBTORS ) | |
| (OTHER THAN COFINA), ) | |
| ) | |
| as co-trustees of ) | |

3

| | |
|---|---|
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT 1G-50G, *et al.*,<br><br>    Defendants.<br>_____<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2]<br><br>    against<br><br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER | Adv. Proc. No. 19-00366 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

4

| | |
|---|---|
| FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, <br><br> Defendants. | ) ) ) ) ) ) ) ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as section 926 trustee of <br><br> THE COMMONWEALTH OF PUERTO RICO <br><br> Plaintiffs,[3] <br><br> against <br><br> GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; | Adv. Proc. No. 19-00367 (LTS) |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

5

PUERTO RICO FIXED INCOME FUND V, INC.; )
PUERTO RICO GNMA & U.S. GOVERNMENT )
TARGET MATURITY FUND, INC.; PUERTO RICO )
INVESTORS BOND FUND I; PUERTO RICO )
INVESTORS TAX-FREE FUND, INC.; PUERTO RICO )
INVESTORS TAX-FREE FUND II, INC.; PUERTO )
RICO INVESTORS TAX-FREE FUND III, INC.; )
PUERTO RICO INVESTORS TAX-FREE FUND IV, )
INC.; PUERTO RICO INVESTORS TAX-FREE FUND )
V, INC.; PUERTO RICO INVESTORS TAX-FREE )
FUND VI, INC.; PUERTO RICO MORTGAGE- )
BACKED & U.S. GOVERNMENT SECURITIES )
FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; )
TAX-FREE PUERTO RICO FUND II, INC.; TAX- )
FREE PUERTO RICO TARGET MATURITY FUND, )
INC.; UBS IRA SELECT GROWTH & INCOME )
PUERTO RICO FUND, )
)
Defendants. )

------------------------------------------------------------------ X

## DECLARATION OF LUKE CORNING

I, Luke Corning, hereby declare under penalty of perjury:

1. I am a Portfolio Manager at Pentwater Capital Management ("Pentwater"). I provide this declaration based on my own personal knowledge, based on information that I learned from others at Pentwater, and based on my counsel's review of pertinent documents collected and reviewed as part of discovery in these proceedings.

2. I was deposed in these proceedings on March 6, 2020, both in my personal capacity and as a Rule 30(b)(6) representative of Crown Managed Accounts, LMA SPC, Oceana Master Fund, Ltd., Pentwater Merger Arbitrage Master Fund, Ltd., and PWCM Master Fund, Ltd. (the "Pentwater Funds"). I offer this declaration as a supplement to my deposition.

3. As I testified at my deposition, I am not aware of anyone at Pentwater being aware that there had been challenges to the validity of the ERS Bonds until the UCC filed its claim

6

objection in the spring of 2019. I understand, however, that a review of the Pentwater Funds' files shows that they included a copy of the Bondholders' November 15, 2017 Brief in Opposition to ERS's Motion for Summary Judgment in 17-ap-00213, a portion of which responds to ERS's unexplained assertion that the ERS Bonds were ultra vires. BH-ERS-7-013070. Neither I nor anyone else at Pentwater who is involved in the investment of ERS Bonds recalls reading that portion of the Brief in Opposition (or otherwise becoming aware of these challenges before the spring of 2019), and the Pentwater Funds' files do not reveal that anyone did so. To my knowledge, and based on the review of files, that is the first reference in the Pentwater Funds' files to (i) the possibility that the bonds may not have been issued with authority or legally issued or (ii) the possibility of the ultra vires issue, and the Pentwater Funds were not aware from any source of those possibilities before that date.

4. As I testified at my deposition, Pentwater did not review the ERS Enabling Act before its first purchase of ERS Bonds, and its review of the Enabling Act for the first time in late 2018 was focused on the issues related to the perfection of the Bondholders' liens, not the debt-authorizing language. I understand, however, that a review of the Pentwater Funds' files shows that they included a copy of the Bondholders' November 3, 2017 Motion for Summary Judgment in 17-ap-00213, which quoted in a footnote the debt-authorizing language of the ERS Enabling Act as it existed in 2008. Neither I nor anyone else at Pentwater who is involved in the investment of ERS Bonds recalls reading that portion of the Motion for Summary Judgment, and the Pentwater Funds' files do not reveal that anyone did so. To my knowledge, and based on the review of files, that is the first reference in the Pentwater Funds' files to the debt-authorizing language of the ERS Enabling Act as it existed in 2008, and the Pentwater Funds were not aware from any source of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 before that date.

7

5. I understand that a review of the Pentwater Funds' files shows that they contain Kobre & Kim's Final Investigative Report dated August 20, 2018, and that this Report refers to the "illegally made" language in the Statement of Motives in Act 116-2011. Neither I nor anyone else at Pentwater who is involved in the investment of ERS Bonds recalls reading that portion of the Kobre & Kim report (or otherwise becoming aware of the "illegally made" language before the spring of 2019), and the Pentwater Funds' files do not reveal that anyone did so. To my knowledge, and based on the review of files, that is the first reference in the Pentwater Funds' files to the "illegally made" language in the Statement of Motives in Act 116-2011, and the Pentwater Funds were not aware from any source of the "illegally made" language before that date.

6. I understand the Kobre & Kim's Final Investigative Report dated August 20, 2018, also describes efforts to enact legislation to authorize Commonwealth General Obligation bonds to fund ERS, and the failure of those efforts. Neither I nor anyone else at Pentwater who is involved in the investment of ERS Bonds recalls reading that portion of the Kobre & Kim report (or otherwise becoming aware of those unsuccessful efforts to enact legislation in the Commonwealth before May 2020), and the Pentwater Funds' files do not reveal that anyone did so. To my knowledge, and based on the review of files, that is the first reference in the Pentwater Funds' files to the efforts to authorize Commonwealth General Obligations bonds to fund ERS, and the failure of those efforts, and the Pentwater Funds were not aware from any source of those issues before that date.

7. I understand that a review of the Pentwater Funds' files shows that the earliest date that the Pentwater Funds sought or received advice from counsel about the validity, invalidity, legality or illegality of the ERS Bonds was March 12, 2019. *See* BH-ERS-8-001933 (redacted document and log entry).

8

8. I offer this declaration on my own behalf and on behalf of the Pentwater Funds.

Dated: May 22 2020
New York, NY

Luke Corning