# **EXHIBIT 56**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, | Adv. Proc. No. 19-00356 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

|  |  |
|---|---|
| and ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS OF ALL TITLE III DEBTORS ) | |
| (OTHER THAN COFINA), ) | |
| ) | |
|     as co-trustees of ) | |
| ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE ) | |
| GOVERNMENT OF PUERTO RICO, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEFENDANT 1M, *et al.*, ) | |
| ) | |
|     Defendants. ) | |
| ) | |
| ) | |
| THE SPECIAL CLAIMS COMMITTEE OF THE ) | Adv. Proc. No. 19-00357 (LTS) |
| FINANCIAL OVERSIGHT AND MANAGEMENT ) | |
| BOARD FOR PUERTO RICO, ACTING BY AND ) | |
| THROUGH ITS MEMBERS, ) | |
| ) | |
| and ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS OF ALL TITLE III DEBTORS ) | |
| (OTHER THAN COFINA), ) | |
| ) | |
|     as co-trustees of ) | |
| ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE ) | |
| GOVERNMENT OF PUERTO RICO, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STOEVER GLASS & CO., *et al.*, ) | |
| ) | |

2

|  |  |
|---|---|
| Defendant. | ) ) ) ) ) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as co-trustees of <br><br> THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> DEFENDANT 1H-78H, <br><br> Defendants. | Adv. Proc. No. 19-00359 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as co-trustees of | Adv. Proc. No. 19-00361 (LTS) |

3

| | |
|---|---|
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT 1G-50G, *et al.*,<br><br>    Defendants.<br>_____<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2]<br><br>    against<br><br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER | Adv. Proc. No. 19-00366 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

4

| | |
|---|---|
| FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD, )<br>)<br>)<br>)<br>Defendants. )<br>_____ )<br>)<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO, )<br>)<br>  as representative of )<br>)<br>EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF THE COMMONWEALTH OF )<br>PUERTO RICO, )<br>)<br>  and )<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF ALL TITLE III DEBTORS (OTHER )<br>THAN COFINA), )<br>)<br>  as section 926 trustee of )<br>)<br>THE COMMONWEALTH OF PUERTO RICO )<br>)<br>  Plaintiffs,[3] )<br>)<br>  against )<br>)<br>GLENDON OPPORTUNITIES FUND, L.P.; )<br>OAKTREE-FORREST MULTI-STRATEGY, LLC )<br>(SERIES B); OAKTREE OPPORTUNITIES FUND IX, )<br>L.P.; OAKTREE OPPORTUNITIES FUND IX )<br>(PARALLEL 2), L.P.; OAKTREE VALUE )<br>OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA )<br>PORTFOLIO BOND FUND, INC.; PUERTO RICO )<br>AAA PORTFOLIO BOND FUND II, INC.; PUERTO )<br>RICO AAA PORTFOLIO TARGET MATURITY )<br>FUND, INC.; PUERTO RICO FIXED INCOME FUND, )<br>INC.; PUERTO RICO FIXED INCOME FUND II, INC.; )<br>PUERTO RICO FIXED INCOME FUND III, INC.; )<br>PUERTO RICO FIXED INCOME FUND IV, INC.; ) | Adv. Proc. No. 19-00367 (LTS) |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

5

```
PUERTO RICO FIXED INCOME FUND V, INC.;      )
PUERTO RICO GNMA & U.S. GOVERNMENT          )
TARGET MATURITY FUND, INC.; PUERTO RICO     )
INVESTORS BOND FUND I; PUERTO RICO          )
INVESTORS TAX-FREE FUND, INC.; PUERTO RICO  )
INVESTORS TAX-FREE FUND II, INC.; PUERTO    )
RICO INVESTORS TAX-FREE FUND III, INC.;     )
PUERTO RICO INVESTORS TAX-FREE FUND IV,     )
INC.; PUERTO RICO INVESTORS TAX-FREE FUND   )
V, INC.; PUERTO RICO INVESTORS TAX-FREE     )
FUND VI, INC.; PUERTO RICO MORTGAGE-        )
BACKED & U.S. GOVERNMENT SECURITIES         )
FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.;)
TAX-FREE PUERTO RICO FUND II, INC.; TAX-    )
FREE PUERTO RICO TARGET MATURITY FUND,      )
INC.; UBS IRA SELECT GROWTH & INCOME        )
PUERTO RICO FUND,                           )
                                            )
            Defendants.
```

------------------------------------------------------------------- X

## DECLARATION OF JUSTIN BOYER

I, Justin Boyer, hereby declare under penalty of perjury:

1. I am a Principal at Redwood Capital Management LLC ("Redwood"). I provide this declaration based on my own personal knowledge, based on information that I learned from others at Redwood, and based on my counsel's review of pertinent documents collected and reviewed as part of discovery in these proceedings.

2. I was deposed in these proceedings on March 3, 2020, both in my personal capacity and as a Rule 30(b)(6) representative of Redwood Master Fund Ltd. ("Redwood Master Fund"). I offer this declaration as a supplement to my deposition.

3. As I testified at my deposition, I was not aware of AAFAF's challenge to the validity of the ERS bonds when Redwood Master Fund invested in ERS Bonds, and I did not become aware of anyone having made the argument that the ERS Bonds are invalid until the spring

6

or summer of 2019, when claim objections were filed. As I also testified at my deposition, I sent an email on August 24, 2018 pointing out a different argument related to the possible "voidability" of the ERS Bonds that no party has made in this litigation, and that Redwood determined was not a material risk. See BH-ERS-9-001201. To my knowledge, and based on the review of files, that August 24, 2018 email, and another of that same date (BH-ERS-9-001037), are the first reference in Redwood Master Funds' files to (i) the possibility that the bonds may not have been issued with authority or legally issued or (ii) the possibility of the ultra vires issue, and Redwood Master Fund was not aware from any source of those possibilities before that date.

4. As I testified at my deposition, I first reviewed the text of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 on or around August 22, 2018. I understand that a review of Redwood Master Fund's files shows that the text of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 is contained in an email dated August 24, 2018, and that the full Act is attached to that email. See BH-ERS-9-001037 (email); BH-ERS-9-001039 (full Enabling Act). To my knowledge, and based on the review of files, that is the first reference in Redwood Master Fund's files to the debt-authorizing language of the ERS Enabling Act as it existed in 2008, and the Redwood Master Fund was not aware from any source of the debt-authorizing language of the ERS Enabling Act as it existed in 2008 before on or around August 22, 2018.

5. As I testified at my deposition, I did not recall ever seeing the "illegally made" language in the Statement of Motives in Act 116-2011 before it was shown to me at my deposition, and to my knowledge, no one else at Redwood had seen it before then either. I understand, however, that this language may have been referenced in draft pleadings and filings sent to Redwood by Jones Day after the commencement of the ultra vires proceedings in the fall of 2019.

7

6. To my knowledge, and based on the review of files, no one at Redwood Master Fund has ever become aware of efforts to authorize Commonwealth General Obligation bonds to fund ERS, and the failure of those efforts, at any time before now.

7. Redwood Master Fund did not seek or receive advice from counsel about the validity, invalidity, legality or illegality of the ERS Bonds before the commencement of the ultra vires proceedings in the fall of 2019.

8. I offer this declaration on my own behalf and on behalf of Redwood Master Fund.

Dated: May 26, 2020

*Justin Charles Boyer*
_____
Justin Boyer