# **EXHIBIT 58**

Reorg

2020-05-17 16:24:24

Puerto Rico

# Oversight Board, Retiree Committee, Government Defendants Seek Dismissal of ERS Bondholder Adversary Challenging Joint Resolution 188, Law 106

Mon 11/20/2017 06:49 AM

*Relevant Documents:*
Oversight Board MTD
Retiree Committee Joinder/MTD
Government Defendants Joinder/MTD

On Friday, the PROMESA oversight board, on behalf of the commonwealth and the Employees Retirement System, filed a motion to dismiss the ERS bondholders' adversary proceeding concerning Joint Resolution 188 and Law 106, which were enacted postpetition. In addition, the official committee of retired employees, as well as the Puerto Rico Fiscal Agency and Financial Advisory Authority, or AAFAF, Gov. Ricardo Rosselló Nevares and Treasury Secretary Raúl Maldonado (in their official capacities) filed joinders to the motion to dismiss.

The oversight board also filed a notice of motion indicating that objections to the motion are due Dec. 8, and replies are due Dec. 22. The notice provides that "[t]he relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Court's Case Management Procedures."

## Oversight Board Motion to Dismiss

The oversight board, on behalf of the commonwealth and the Employees Retirement System, or ERS, moved to dismiss the complaint, arguing that the plaintiffs "knew from the outset that the employer contributions were legislatively revocable and their remedies were nothing more than an obligation of ERS to argue to the Commonwealth legislature that its new legislation could adversely impact the Commonwealth's credit – an argument now having dubious credibility at best given the decimation of the Commonwealth's credit by Hurricane Maria and the pre-existing fiscal emergency that resulted in PROMESA."

As an initial matter, the oversight board contends that count II of the complaint, which seeks a determination that plaintiffs have valid, enforceable and perfected security interests in alleged property of ERS, should be dismissed without prejudice as duplicative of claims being litigated in the earlier-filed ERS declaratory relief action. The oversight board alternatively argues that count II fails to state a claim for relief because it does not adequately allege the existence of a valid, enforceable and perfected security interest. Similarly, counts III, V, VI and VII should be dismissed or stayed pending resolution of the ERS declaratory relief action because they are dependent upon the existence of a valid, enforceable and perfected security interest, the oversight board says.

Second, the oversight board requests dismissal of count I – which seeks a declaration that the postpetition legislation violated the ERS automatic stay and is void – on the grounds that the postpetition legislation did not violate the automatic stay, and plaintiffs lack standing to raise a purported violation of a stay protecting ERS. Joint Resolution 188 provides that it is being approved "through the exercise of power accorded to the State and for the protection of the lives, health, and wellbeing of the People of Puerto Rico during the fiscal emergency at hand," and section 362(b)(4) of the Bankruptcy Code provides that the filing of a petition does not operate as a stay against an action by a governmental unit to enforce its police and regulatory powers, the oversight board notes. PROMESA also makes clear that commonwealth legislation, such as Joint Resolution 188, is not subject to the automatic stay, the oversight board continues. In any event, the oversight board says, the bondholder plaintiffs, as creditors, lack standing to enforce or waive the automatic stay on behalf of the ERS debtor.

Third, the oversight board seeks dismissal of count VIII, which asserts that the postpetition legislation unconstitutionally impairs the bondholders' contractual obligations by eliminating employer contributions to ERS. The motion argues that count VIII should be dismissed because neither the fiscal plan nor Joint Resolution 188 does anything beyond what was expressly disclosed to plaintiffs in the bond offering documents and is provided for in Joint Resolution 188 itself. "[T]he elimination of employer contributions is tantamount to the Commonwealth rejecting a prepetition contract with ERS requiring payment of employer contributions," which the commonwealth is allowed to do under PROMESA, the oversight board says.

Next, the oversight board argues that counts V, VI and VII must be dismissed because plaintiffs do not state a claim for any "taking" under the United States or Puerto Rico constitutions. "Plaintiffs need to succeed in proving they have unavoidable liens against the pledged property in the ERS Declaratory Relief Action as a condition precedent to establishing a taking," the oversight board contends. In addition, even if plaintiffs have constitutionally recognized secured claims, the commonwealth's police powers authorize curtailment of property rights to address its fiscal crisis, the motion continues.

The oversight board also argues that count IV, for unjust enrichment, must be dismissed because any claim for unjust enrichment belongs to ERS and not the bondholders, the commonwealth is not being unjustly enriched, plaintiffs have other claims for relief that preclude asserting unjust enrichment, and there is no allowable federal claim for unjust enrichment under PROMESA.

Finally, the oversight board argues that all claims against it must be dismissed because PROMESA section 105 exempts the oversight board and its members from any liability, obligation of or claim against them resulting from actions taken under PROMESA.

### Retiree Committee Joinder / MTD

According to the retiree committee, it intervened in the adversary proceeding because the ERS bondholders' challenges to Joint Resolution 188 and Law 106 "are really attacks on the rights of the Commonwealth's 160,000 retirees to receive their hard-earned pensions." The retiree committee contends that the "ERS Bondholders' attempt to prevent the Commonwealth from carrying out th[e] vital public policy [of protecting public service retiree pensions] fail[s] as a matter of law because the ERS Bondholders cannot state a claim upon which relief may be granted."

The retiree committee first explains that Joint Resolution 188 seeks to ensure the continued payment of pensions to public service retirees and that Law 106 implements the new system for paying pensions. In addition, PROMESA "protects the Commonwealth's ability to govern as it deems appropriate and prohibits this Court from interfering in any way with the Commonwealth's exercise of its governmental powers," and accordingly, contends the retiree committee, section 305 of PROMESA precludes "much of the relief" sought by the ERS bondholders.

The ERS bondholders' other claims, according to the retiree committee, are premised on a "legal misapprehension" that they have a protectable property interest. However, the bondholders fail to state a plausible claim that they have such an interest, and thus, says the retiree committee, their claims that "Joint Resolution 188 and Act 106 somehow took their property in violation of the United States and Puerto Rico Constitutions also are meritless and should be dismissed."

### Government Defendants Joinder / MTD

In their joinder, the government defendants – AAFAF, Gov. Ricardo Rosselló Nevares and Treasury Secretary Raúl Maldonado – contend that all of the ERS bondholders' counts must be dismissed with prejudice because the 2008 bond issuance was "ultra vires" and the ERS bondholders therefore have no enforceable interests in ERS' pledged property. According to the government defendants, the ERS Enabling Act "only allowed ERS to borrow from other governmental entities or raise money via private placements."

"Unlike all other statutes pursuant to which governmental entities have issued public bonds in Puerto

Rico," continue the government defendants, the ERS Enabling Act "contains no express language permitting a bond issuance." **Thus, under the "ultra vires" doctrine, which the U.S. Supreme Court and Puerto Rico courts "have long applied ... to declare as illegal debt and contracts that governmental entities lacked authority to enter, even against bona fide purchasers," the 2008 bonds are therefore "null and void as a matter of law," explain the government defendants** (emphasis added).

In addition, like the oversight board, the government entities maintain that count I "is barred as a matter of law" because PROMESA section 303 protects the commonwealth's exercise of its governmental power in approving Joint Resolution 188 "from interference through use of any provision of Title III (including the automatic stay)." Even if the automatic stay hypothetically applied, say the government defendants, Joint Resolution 188 would nonetheless be exempt under Bankruptcy Code Section 362(b)(4) as an exercise of regulatory and police power.

This publication has been prepared by Reorg Research, Inc. or one of its affiliates (collectively, "Reorg") and is being provided to the recipient in connection with a subscription to one or more Reorg products. Recipient's use of the Reorg platform is subject to Reorg's Terms of Use or the user agreement pursuant to which the recipient has access to the platform (the "Applicable Terms"). The recipient of this publication may not redistribute or republish any portion of the information contained herein other than with Reorg's express written consent or in accordance with the Applicable Terms. The information in this publication is for general informational purposes only and should not be construed as legal, investment, accounting or other professional advice on any subject matter or as a substitute for such advice. The recipient of this publication must comply with all applicable laws, including laws regarding the purchase and sale of securities. Reorg obtains information from a wide variety of sources, which it believes to be reliable, but Reorg does not make any representation, warranty, or certification as to the materiality or public availability of the information in this publication or that such information is accurate, complete, comprehensive or fit for a particular purpose. Recipients must make their own decisions about investment strategies or securities mentioned in this publication. Reorg and its officers, directors, partners and employees expressly disclaim all liability relating to or arising from actions taken or not taken based on any or all of the information contained in this publication. © 2020 Reorg. All rights reserved. Reorg® is a registered trademark of Reorg Research, Inc.

© Copyright 2012 - 2020