UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER REGARDING MED CENTRO INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    The Court has received and reviewed *Med Centro Inc.'s Motion for Relief from the Automatic Stay* (Docket Entry No. 13748 in Case No. 17-3283, the "Motion") filed by Med Centro, Inc. ("Med Centro"). The Court has carefully reviewed and considered all of the parties' submissions.[2] On Thursday, September 10, 2020, this Court received electronic correspondence which was sent to all parties, giving notice of the parties' agreement, subject to the Court's

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] *Objection of the Commonwealth of Puerto Rico to Med Centro Inc.'s Notion for Relief from the Automatic Stay* (Docket Entry No. 13952); *Reply to the Commonwealth of Puerto Rico's Objection to Med Centro, Inc.'s Motion for Relief from the Automatic Stay* (Docket Entry No. 14014).

approval, that the "matter be deemed as submitted to be resolved by the Court on the papers, without the need for a hearing." See Exhibit A.

        The Court wishes to hear oral argument on the following issues:

1. It is this Court's understanding that the Commonwealth is prepared to consent to a limited stay modification for the sole purpose of allowing Med Centro to seek an extension of the District Court's jurisdiction to enforce the Confidential Settlement Agreement (the "CSA") between the parties, provided that the Commonwealth reserves the right to oppose Med Centro's extension application to the District Court. It also appears that the Commonwealth conditions its consent on preserving the stay in all other respects.

    a. The Commonwealth should address whether the foregoing summary is accurate, and whether it consents to such limited relief regardless of the Court's disposition of the other aspects of Med Centro's motion for relief from stay.

    b. Med Centro should address whether it opposes the Commonwealth's limited concession to modify the stay to permit Med Centro to seek an extension of the District Court's jurisdiction to enforce the CSA.

2. Med Centro should explain whether it seeks a modification to the automatic stay that would allow Med Centro to pursue the prelitigation dispute resolution process set forth in section III.D of the CSA, including a final determination by the District Court, subject to this Court's reservation of jurisdiction regarding any execution or enforcement of that determination under paragraph 6 of the *Eleventh Omnibus Order Granting Relief from the Automatic Stay* (Docket Entry No. 8499).

3. If Med Centro is seeking the relief described in the foregoing paragraph, the Commonwealth should explain whether, and on what grounds, it opposes such relief.

        The parties are encouraged to meet and confer in an effort to resolve the stay relief motion consensually and must file a status report by **Tuesday, September 15, 2020, at**

**12:00 p.m. (AST)** stating, at a minimum, whether there remains a need to proceed with oral argument on the issues set forth above.

    SO ORDERED.

Dated: September 12, 2020

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge