UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

ORDER REGARDING MOTION OF EFRON DORADO, S.E. FOR RELIEF FROM THE AUTOMATIC STAY

The Court has received and reviewed the *Motion of Efron Dorado, S.E. for Relief from the Automatic Stay and Memorandum of Law in Support Thereof* (Docket Entry No. 13817 in Case No. 17-3283, the "Motion"), filed by Efron Dorado, S.E. ("Movant") and the parties'

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

submissions in connection with the Motion.[2] On September 11, 2020, the Court received electronic correspondence, attached hereto as Exhibit A, giving notice of the parties' agreement, subject to the Court's approval, that "the matter be deemed as submitted to be resolved by the Court on the papers, without the need for a hearing."

The Court wishes to hear oral argument addressing the following questions:

1. Movant:

   a. To the extent the Motion seeks reimbursement of the $183,536.78, isn't Condominio the proper party to seek stay relief to adjudicate and enforce its claim? Why didn't Condominio file the Motion instead of Movant?

   b. What is the status of the Law 33 Process?

2. PREPA:

   a. What records does PREPA need to assess whether the alleged $183,536.78 credit was credited to the correct entity? What efforts has PREPA undertaken to obtain the Commonwealth Court records that it has been unable to obtain? What restrictions have prevented PREPA's access to those records? Has PREPA requested copies of the records from Movant?

   b. What prejudice would PREPA face if the Court granted stay relief with respect to the alternative relief[3] sought by Movant? If litigation resulted in the application of the $183,536.78 to the Condominio utility account, wouldn't PREPA satisfy the debt underlying Condominio's proof of claim and thereby reduce the size of PREPA's outstanding prepetition liabilities?

   c. Movant alleges that PREPA has violated its rights under Law No. 33 and a Commonwealth Court judgment and thereby exposed Movant to demands for $183,536.78 from a third party. Why do you contend that those allegations are inadequate to confer standing? Does PREPA's standing argument apply with respect to the alternative relief sought by Movant?

   d. What is the status of the Law 33 Process?

---

[2] The Court has reviewed the objection filed by the Puerto Rico Electric Power Authority ("PREPA") (Docket Entry No. 14053, the "Objection") and the reply filed by Movant. (Docket Entry No. 14086.) Capitalized terms used but not otherwise defined herein have the meanings given to them in the Objection.

[3] (See Mot. ¶ 19 ("In the alternative of funds total $183,536.78 being reimbursed, a credit for said amount may be reverted to Condominio 211 Plaza.").)

The parties are encouraged to meet and confer in an effort to resolve the stay relief motion consensually and must file a status report by **September 15, 2020, at 12:00 p.m. (AST)** stating, at a minimum, whether there remains a need to proceed with oral argument on the issues set forth above.

SO ORDERED.

Dated: September 12, 2020

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge