**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: 13748, 13952, 14014, 14251** |

**JOINT STATUS REPORT IN COMPLIANCE WITH ORDER REGARDING MED CENTRO INC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY [ECF NO. 14251]**

To the Honorable United States District Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth") and Med Centro, Inc. (the "Movant," and together with the Commonwealth, the "Parties"), through their undersigned counsel, respectfully submit this Joint Status Report in compliance with the Court's *Order Regarding Med Centro Inc's Motion for Relief from the Automatic Stay* (the "Order") [ECF No. 14251].[2] The Order requests that the Parties meet and confer in connection with the following:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this *Joint Status Report* on behalf of the Commonwealth.

1. "It is this Court's understanding that the Commonwealth is prepared to consent to a limited stay modification for the sole purpose of allowing Med Centro to seek an extension of the District Court's jurisdiction to enforce the Confidential Settlement Agreement (the "CSA") between the parties, provided that the Commonwealth reserves the right to oppose Med Centro's extension application to the District Court. It also appears that the Commonwealth conditions its consent on preserving the stay in all other respects.

   a. The Commonwealth should address whether the foregoing summary is accurate, and whether it consents to such limited relief regardless of the Court's disposition of the other aspects of Med Centro's motion for relief from stay.

   b. Med Centro should address whether it opposes the Commonwealth's limited concession to modify the stay to permit Med Centro to seek an extension of the District Court's jurisdiction to enforce the CSA.

2. Med Centro should explain whether it seeks a modification to the automatic stay that would allow Med Centro to pursue the prelitigation dispute resolution process set forth in section III.D of the CSA, including a final determination by the District Court, subject to this Court's reservation of jurisdiction regarding any execution or enforcement of that determination under paragraph 6 of the *Eleventh Omnibus Order Granting Relief from the Automatic Stay* (Docket Entry No. 8499).

3. If Med Centro is seeking the relief described in the foregoing paragraph, the Commonwealth should explain whether, and on what grounds, it opposes such relief."

By filing this Joint Status Report, the Parties do not waive or release any rights, including but not limited to their respective positions set forth in their papers including Movant's *Motion for Relief from Stay* [ECF No. 13748] (the "Motion"), the Commonwealth's objection (the "Objection") [ECF No. 13952] and Movant's reply (the "Reply") [ECF No. 14014].

In compliance with the Order, the Parties hereby (i) inform the Court that they met and conferred on September 14, 2020 and (ii) submit the following responses to the three questions raised in the Order.

   I.   **Status Report**

       a. The Commonwealth's position.

Regarding this Court's first inquiry, the Commonwealth submits that the summary provided by this Court in its Order is accurate and that the Commonwealth consents to such

modification of the automatic stay as summarized by the Court. As detailed in its Objection, and despite Movant not requesting such remedy as part of the Lift Stay Protocol, the Commonwealth consented to modify the automatic stay to allow Movant to seek such extension, provided, however, the Commonwealth reserved all rights, arguments, and objections with respect to Movant's request for an extension of the term of the District Court's enforcement jurisdiction over the CSA. *Objection* ¶ 11.[3] Nevertheless, the Commonwealth understands Movant has proposed that, if the District Court determines to extend its jurisdiction to enforce the CSA, the District Court shall be allowed to adjudicate the rights and obligations of the Parties under the CSA and the issue of the Commonwealth's compliance with the CSA. The Commonwealth agrees with this proposal, while reserving all rights to oppose the District Court`s decision to extend its jurisdiction to enforce the CSA.  The Commonwealth also agrees that the enforcement of any such order or judgment rendered by the District Court, if any, shall remain stayed. The Commonwealth confirms that it consents to the limited relief as stated in the Court's summary regardless of the Court's disposition of the other aspects of the Motion.

As to the third inquiry, the Commonwealth submits that it does not oppose the Movant's request for a modification to the automatic stay that would allow Movant to pursue the prelitigation dispute resolution process (the "Dispute Resolution Process") set forth in section III.D of the CSA, including a final determination by the District Court.  For the avoidance of doubt, the Commonwealth's position is that, should Movant's request be granted, the automatic stay would continue to apply in all other respects to the Dispute Resolution Process, including, but not limited to, the execution and enforcement of any judgment, including for money damages and provisional remedies against the Commonwealth or any other Title III debtor. The Commonwealth further

---

[3] Capitalized terms not defined in this Joint Status Report, shall have the same meaning ascribed to them in the Commonwealth's Objection [ECF No. 13952].

notes that the CSA provides for the review of the Special Master of any judgment to be rendered by the Dispute Resolution Process before it is addressed by the District Court, and that the fees for the Special Master would be split equally between the Parties.

Pursuant to the above, the Commonwealth submits that there is no need to proceed with oral argument on the issues set forth above, unless the Court deems otherwise.

b. Movant's Position.

Med Centro agrees that the automatic stay should be modified for the District Court to extend its jurisdiction to enforce the CSA pursuant to the process set forth in section III.D thereof, subject to this Court's reservation of jurisdiction regarding any execution or enforcement of that determination pursuant to the Eleventh Omnibus Order Granting Relief from the Automatic Stay (Docket Entry No. 8499).

Dated: September 15, 2020
San Juan, Puerto Rico

Respectfully submitted,

| **INÉS DEL CARMEN CARRAU MARTÍNEZ**<br>Secretary of Justice<br>**WANDYMAR BURGOS VARGAS**<br>Deputy Secretary in Litigation<br>**SUSANA PEÑAGARÍCANO-BROWN**<br>Director of Legal Affairs<br>Federal Litigation and Bankruptcy Division | **s/ Charles A. Cuprill Hernández**<br>USDC-PR 114312<br>Counsel for Movant<br>Charles A. Cuprill, P.S.C. Law Offices<br>356 Fortaleza Street, Second Floor<br>San Juan, P.R. 00901<br>Tel. 787-977-0515<br>Fax: 787-977-0518<br>E-mail: ccuprill@cuprill.com |
|---|---|
| **s/ Michael Mir Martínez**<br>**Michel Mir Martínez, Esq.**<br><br>USDC No. 305904<br>Email: mmir@justicia.pr.gov<br>Phone: 787-721-2900, Ext. 1415 | s/ **Ignacio Fernández de Lahongrais**<br>Ignacio Fernández de Lahongrais<br>USDC-PR 211603<br>Counsel for Movant<br>Capital Center Sur, Suite 202<br>Avenida Arterial Hostos #239 |

| | |
|---|---|
| Department of Justice<br>P.O. Box 9020192<br>San Juan, Puerto Rico 00902-0192<br>Phone: 787-721-2900 Ext. 2500, 2501<br>*Attorneys for the Commonwealth of Puerto Rico*<br><br>***/s/ Luis C. Marini-Biaggi***<br>Luis C. Marini-Biaggi<br>USDC No. 222301<br>Email: lmarini@mpmlawpr.com<br><br>***/s/ Carolina Velaz-Rivero***<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>E:mail: cvelaz@mpmlawpr.com<br><br>**MARINI PIETRANTONI MUÑIZ LLC**<br>250 Ponce de León Ave., Suite 900<br>San Juan, Puerto Rico 00918<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494<br><br><br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | Hato Rey, Puerto Rico 00918-1475<br>Tel. 787-923-5789<br>E-mail: ignacio@bufeternandezalcaraz.com |