UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | **PROMESA Title III** |
| **The Financial Oversight and Management Board for Puerto Rico,** | **No. 17 BK 3283 (LTS)** |
| As representative of | |
| **The Commonwealth of Puerto Rico,** *et. al.* | **ECF No. 13817, 13818, 14053, 14086, 14252** |
| Debtors[1] | |
| **In re:** | |
| The Financial Oversight and Management Board for Puerto Rico, | |
| As representative of | **PROMESA TITLE III** |
| **Puerto Rico Electric Power Authority** | **No. 17 BK 4780 (LTS)** |
| Debtor | |

**JOINT STATUS REPORT ON ORDER REGARDING MOTION OF EFRON DORADO, S.E. FOR RELIEF FROM THE AUTOMATIC STAY (ECF NO. 14252)**

TO THE HONORABLE COURT:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Efron Dorado, S.E. ("Movant") and Puerto Rico Electric Power Authority ("PREPA"), through their respective counsel, respectfully state and request as follows:

## I. PRELIMINARY STATEMENT

1. On September 12, 2020, the Court entered an order (the "Order") (**Docket Entry No. 2191** in Case No. 17-4780) in reference to Movant's motion for relief from the automatic stay and memorandum of law in support thereof (**Docket Entry No. 13817** in Case No. 17-3283) (the "Motion"), PREPA's objection to the Motion (**Docket Entry No. 14053)** Movant's reply (**Docket Entry No. 14086**), and the parties' agreement, subject to the Court's approval, for the contested matter between them to be deemed submitted for resolution on the pleadings, without the need for a hearing.

2. The Order states that the Court wishes to hear oral argument on several issues as to each party (the "Issues"), encouraging the parties to meet and confer in an effort to resolve the Motion and file a report by September 15, 2020 at 12:00 p.m. (AST) stating, at a minimum, whether there remains a need to proceed with oral argument on the Issues.

3. Pursuant to the Order, on September 14, 2020, counsel for the parties met and conferred on the Issues.

## II. THE ISSUES

### A. Movant

**(a) To the extent the Motion seeks reimbursement of the $183,536.78 isn't Condominio the proper party to seek relief to adjudicate and enforce its claim? Why didn't Condominio file the Motion instead of Movant?**

After PREPA correcting Movant's account therewith to reflect an amount due of $3,334.78, a retroactive charge for $264,371.60 was made by PREPA, causing Movant to

2

administratively invoke the objection procedure of Law 33 before PREPA as to its account number 6372402000 (the "Administrative Process"). Of the $264,371.60, $2,686.35 was paid by Movant corresponding to Movant's regular monthly consumption.

Subsequently, PREPA made a $259,952.41 charge to Movant's account and cut-off services to public areas of Movant's shopping center, resulting in a complaint filed by Movant with the state court in Case No. 2010-2408. Movant was not required to pay the $259,952.41 pursuant to Law 33 and PREPA's Regulation. The state court entered judgment on July 6, 2010 (the "Judgment"), *inter alia*, recognizing the agreement of the parties to reactivate the process under Law 33, that pursuant to the Regulation an examiner would be appointed, Movant to pay $2,743.27 prior to commencement of the Administrative Process, which Movant did, and that PREPA would restore power services to Movant's shopping center.

After the Judgment, the state court, in Case No. KCD 2012-1309, directed the disbursement to PREPA of $208,219.69 from consigned rents by Movant to cover $24,682.91 of Movant's arrears with PREPA and the $183,536.78 balance to be applied to Condominio's[2] account receivable against Norfe Group, Corp. ("Norfe"), Movant's affiliate, assigned by Movant to Norfe, as approved by PREPA. On August 8, 2016, PREPA reverted the payment credited to Condominio, crediting it to Movant's account object of the Administrative Process, violating Law 33. As a result Condominio claimed the $183,536.78 from Movant, which was paid thereto by Movant, underscoring Movant's standing to claim the $183,536.78 as the aggrieved party and not Condominio, who has been paid and has no claim to the $183,536.78, which if as an alternative are credited to Condomino's account with PREPA, will serve as a credit to Norfe with Condominio's as Condominio's tenant, as originally agreed to.

---

[2] Movant's administrative offices are located at Condominio.

**(b) What is the status of the Law 33 Process?**

After Movant's payment of the $2,743.27 and the commencement of the Administrative Process, it was closed and shelved on June 22, 2016, without prejudice, due to the filing by Movant of a petition for relief pursuant to Chapter 11 of the Bankruptcy Code. After the dismissal of Movant's Chapter 11 proceedings, on January 27, 2017, Movant requested the reopening of the Administrative Process and to date PREPA has failed to do so.

### B. PREPA

PREPA has made significant efforts to resolve the Motion taking into consideration the Issues listed by the Court to be addressed during oral argument at tomorrow's omnibus hearing. The Parties have reached some preliminary agreements and are still discussing additional requests made by both that could be resolved during next week. The Parties have agreed to propose to the Court that if a stipulation is finalized, they shall inform the Court on or before September 23, 2020 and present the same for the Court's approval.

As ordered by the Court, should there be a need to present oral argument during tomorrow's Omnibus Hearing, or during a subsequent hearing, PREPA will address the Issues then.

### C.   MEET AND CONFER

The Parties have met and conferred several times during the last two days and have discussed the possibility of a consensual resolution of the Motion.

### D. REQUEST FOR ADJOURMENT OF HEARING AND EXTENSION OF TIME TO INFORM THE COURT OF THE RESULTS OF SETTLEMENT EFFORTS

As informed, the Parties have reached several preliminary agreements that can be addressed in a final stipulation, thus resolving the Motion consensually. Therefore, it is hereby requested that the Court (a) adjourn the hearing to consider the relief requested in the Motion to

4

the next omnibus hearing on October 28, 2020, and (b) grant an extension of time until Wednesday, September 23, 2020 to inform if the Motion has been resolved or if the Issues should be addressed at the next omnibus hearing of October 28, 2020.

San Juan, Puerto Rico, this 15th day of September 2020.

s/Charles A. Cuprill-Hernández
**USDC-PR 114312**
**Counsel for Efron Dorado, S.E.**
Charles A. Cuprill, P.S.C. Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com

*Counsel for Movant*

*/s/ Katiuska Bolaños*
Katiuska Bolaños
USDC-PR No. 231812
kbolanos@diazvaz.law

**DÍAZ & VÁZQUEZ LAW FIRM, PSC**
290 Jesús T. Piñero Ave.
Scotiabank Tower, Suite 1105
San Juan, PR 00918
PO Box 11689
San Juan, PR 00922-1689
Tel.: (787) 395-7133
Fax. (787) 497-9664

*Counsel for Puerto Rico Electric Power Authority*