UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

------------------------------------------------------------x

MEMORANDUM OPINION REGARDING OMNIBUS MOTION OF
PUERTO RICO ELECTRIC POWER AUTHORITY FOR ENTRY OF AN ORDER
(A) AUTHORIZING PREPA TO REJECT CERTAIN POWER PURCHASE AND OPERATING
AGREEMENTS, AND (B) GRANTING RELATED RELIEF (DOCKET ENTRY NO. 13579)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is the *Omnibus Motion of Puerto Rico Electric Power Authority for Entry of An Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (Docket Entry No. 13579 in Case No. 17-3283, as amended by the revised exhibit filed at Docket Entry No. 13587, the "Motion").[2] The Motion, filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Puerto Rico Electric Power Authority ("PREPA"), requests entry of an order rejecting twenty-seven agreements (the "Contracts") pursuant to Section 365(a) of the Bankruptcy Code, 11 U.S.C. § 365(a).[3]

The Court has subject matter jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166(a). The Court heard oral argument on the Motion on September 16, 2020. Having considered carefully all of the submissions and arguments made in connection with the Motion, the Court grants the Motion for the following reasons.

Section 365(a) of the Bankruptcy Code provides the Oversight Board with authority to reject burdensome executory contracts with Court approval. Section 365(a) thereby "advances one of the core purposes of the Bankruptcy Code: to give worthy debtors a fresh start." Eagle Ins. Co. v. BankVest Capital Corp. (In re BankVest Capital Corp.), 360 F.3d 291, 296 (1st Cir. 2004) (citations and quotation marks omitted). Although the Bankruptcy Code does not prescribe a standard applicable to a court's review of a motion under Section 365(a), courts typically apply a deferential business judgment standard. Mission Prod. Holdings, Inc. v.

---

[2]   The Motion was also filed as Docket Entry No. 2052 in Case No. 17-4780. All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

[3]   The sections of the Bankruptcy Code cited in this Memorandum Opinion and Order are made applicable in the above-captioned cases by Section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a).

Tempnology, LLC (In re Tempnology, LLC), 879 F.3d 389, 394 (1st Cir. 2018), rev'd and remanded on other grounds, 139 S. Ct. 1652 (2019). Such a motion "should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues." In re Vent Alarm Corp., No. 15-09316-MCF11, 2016 WL 1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016). The scope of a court's inquiry "does not include an evaluation of whether the Debtors made the best or even a good business decision but merely that the decision was made in an exercise of the Debtors' business judgment." In re Old Carco LLC, 406 B.R. 180, 196 (Bankr. S.D.N.Y. 2009).

        The Oversight Board has met its burden of demonstrating that rejection of the Contracts is a reasoned exercise of PREPA's business judgment and not the product of bad faith, whim, or caprice. As demonstrated by the *Declaration of Fernando M. Padilla in Support of Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (a) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief* (Docket Entry No. 13580, the "Padilla Declaration"), PREPA has determined that, because the projects contemplated by the Contracts are in their infancy, they are not positioned to supply energy to PREPA in the near term. (Padilla Decl. ¶ 6.) Additionally, PREPA has concluded that the Contracts offer unfavorable terms and high prices in comparison to the terms and pricing that PREPA is otherwise able to obtain in the current market. (Padilla Decl. ¶ 8.) Thus, PREPA has concluded that the Contracts are burdensome and should be rejected. (Padilla Decl. ¶ 10.) None of these basic data points is controverted. The Court finds, based on this record, that PREPA's

decision to reject the Contracts was the product of, and falls within the exercise of, reasoned business judgment.

The objecting parties have not offered facts contravening PREPA's representations that the projects contemplated by the Contracts are far from completion and that, if they were completed, the electricity generated would be supplied to PREPA at above-market rates. The *Limited Objection and Reservation of Rights of GG Alternative Energy Corp to Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (a) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (Docket Entry No. 2117 in Case No. 17-4780, the "GGAEC Objection") criticizes PREPA's pre- and post-petition course of conduct and alleges that PREPA has breached its obligations and actively hindered performance under the Contracts. Such allegations may be relevant to determining whether PREPA has liability with respect to proofs of claim that have been submitted or will be submitted by the objecting parties. They are not, however, relevant to determining whether, at present, the Contracts are burdensome, nor to whether PREPA acted in bad faith in deciding to reject the Contracts. Stated another way, PREPA's alleged bad faith nonperformance under the contracts does not demonstrate that PREPA exercised bad faith in deciding to reject the Contracts.

Additionally, the issues raised by certain responses to the Motion concerning the Commonwealth's environmental and energy public policy are outside the scope of the issues properly considered in evaluating this Motion. PROMESA affords substantial deference to and prohibits interference with the political and governmental decisions made by the Title III Debtors.

Finally, contrary to the contention that the "Motion and proposed Order improperly seek to invoke the termination provision of the PPOAs to terminate [the PPOAs] 'without further liability'" (GGAEC Obj. ¶ 9), neither the proposed order filed in connection with the Motion nor the order that the Court will enter contemporaneously with this Memorandum Opinion will determine PREPA's liability with respect to the Contracts. The order that the Court will enter includes a bar date by which creditors may file proofs of claim arising out of rejection of the Contracts, thereby preserving creditors' ability to assert such claims. Any litigation concerning PREPA's liability will occur in connection with the claims resolution process in PREPA's Title III case.

For the foregoing reasons, the Court will enter a separate order granting the Motion.

Dated: September 17, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge