**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---

| | |
|---|---|
| In re | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | **Court Filing Relates Only to PREPA** |
| Debtor. | |

---

| | |
|---|---|
| In re | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-04780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA),[*] | (Jointly Administered) |
| Debtor. | |

---

**INFORMATIVE MOTION OF FUEL LINE LENDERS**
**REGARDING STATEMENT AT SEPTEMBER 16, 2020 OMNIBUS HEARING**

---

[*] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

The Fuel Line Lenders[1] respectfully state as follows:

1. The Fuel Line Lenders submit this informative motion to clarify and correct the record with respect to a discrete matter relating to *PREPA's Motion to Allow Administrative Expense Claim* (Dkt. No. 2053 in Case No. 17-4780) (the "Administrative Expense Motion").

2. At the hearing on the Administrative Expense Motion, counsel for the Fuel Line Lenders argued that debts incurred post-petition are not subject to discharge and, for that reason and others, do not require administrative expense status. On rebuttal, counsel for the Oversight Board purported to correct that statement, stating that it was "totally wrong" because, under section 944(b) of the Bankruptcy Code, the debtor is discharged of debts as of the time the plan is confirmed, including post-petition debts. The leading treatise *Collier on Bankruptcy* states that the:

> **more sensible reading [of section 944(b)] suggests that only prepetition debts are discharged**. Debts incurred after the commencement of the case in connection with the administration of the chapter 9 case (*and not in connection with the operation of the debtor's political or governmental affairs*) are administrative expenses that must be paid in full as a condition of confirmation of the plan. Since these administrative expenses must be paid, their discharge is irrelevant, unless an administrative bar date is set and an administrative creditor with constructive notice of the bar date failed to file a claim. **As to those debts that are incurred in the operation of the debtor's affairs after the filing of the case, the court and the Bankruptcy Code have no control over them. Therefore, they should not be included within the protections of the discharge offered by the Bankruptcy Code.**

6 *Collier on Bankruptcy* ¶ 944.03[b] (16th ed. 2020) (emphases added).

3. The Court will of course determine the significance of this issue to the Administrative Expense Motion and, to the extent necessary, the proper construction of section

---

[1] As defined in the *Objection of the Fuel Line Lenders to LUMA Energy Administrative Expense Motion* (Dkt. No. 2133 in Case No. 17-4780).

944(b). This supplemental filing was necessary solely to correct the record and confirm that there was a well-supported, good-faith basis for the Fuel Line Lenders' statement. The Fuel Line Lenders thank the Court for its time and attention.

Dated: September 17, 2020

Respectfully submitted,

 /s/ *Nayuan Zouariabani*
Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5604
Facsimile: (787) 759-9225
Email: nzt@mcvpr.com

 /s/ *Emil A. Kleinhaus*
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
 arwolf@wlrk.com
 eakleinhaus@wlrk.com
 mhcassel@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*