# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA<br>Title III |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  |  |
|---|---|
| as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>    Movant,<br><br>v.<br><br>UNIÓN DE TRABAJADORES DE LA INDUSTRIA ELÉCTRICA Y RIEGO *et al.*<br><br>    Respondents. | No. 17 BK 4780-LTS<br><br>**This filing relates to PREPA and shall be filed in Case No. 17 BK 4780-LTS and Case No. 17 BK 3283-LTS.** |

### RESPONSE TO INFORMATIVE MOTION OF FUEL LINE LENDERS REGARDING STATEMENT AT SEPTEMBER 16, 2020 OMNIBUS HEARING CONCERNING PREPA'S ADMINISTRATIVE EXPENSE MOTION

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] in response to the *Informative Motion of Fuel Line Lenders[3] Regarding Statement at September 16, 2020 Omnibus Hearing* (the "FLL Informative Motion"), respectfully states as follows:

1. The Oversight Board, as PREPA's sole Title III representative, appreciates the Fuel Line Lenders' admission that their statement at the September 16, 2020 omnibus hearing that postpetition debts are not discharged by confirmation of a plan was their argument and not what the language of the statute provides. However, PREPA requests the Court follow the plain language of the statute, and not the contrary view of the treatise cited in the FLL Informative Motion. Bankruptcy Code section 944(b) and (c), made applicable by PROMESA section 301(a), not only provides "the debtor is discharged from all debts as of the time when—(1) the plan is confirmed," 11 U.S.C. § 944(b)(1), but also provides the only exceptions are debts "(1) excepted from discharge by the plan or order confirming the plan" and "(2) owed to any entity that, before confirmation of the plan, had neither notice nor actual knowledge of the case." 11 U.S.C. § 944(c).

2. The reasoning in the treatise the Fuel Line Lenders rely on is defective on its face. It provides the postpetition debts should not be included within the protection of the discharge because the court has no control over them. The treatise ignores that the court has no control over the debts incurred before the bankruptcy either. Thus, this analysis lacks any coherent logic.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not defined herein shall have the meaning set forth in the FLL Informative Motion.

1

2

3. Moreover, the Fuel Line Lenders cite no case law supporting their interpretation of section 944, which interpretation is inconsistent with the Supreme Court's admonition that "the plain meaning [of Bankruptcy Code provisions] should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989). Indeed, the Ninth Circuit has construed section 944 consistent with the interpretation advanced by PREPA in concluding that debt discharged upon confirmation includes liability for claims that arose postpetition. *O'Loghlin v. County of Orange*, 229 F.3d 871, 874 (9th Cir. 2000) (plaintiff could not proceed with claims alleging violation of ADA that arose predischarge, regardless of whether they arose prepetition or postpetition).

[*Remainder of page left intentionally blank*]

Dated: September 17, 2020
     San Juan, Puerto Rico

Respectfully submitted,

**PROSKAUER ROSE LLP**

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Daniel S. Desatnik *(pro hac vice)*
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

Paul V. Possinger (*pro hac vice*)
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel: (312) 962-3550
Fax: (312) 962-3551
ppossinger@proskauer.com

Jennifer L. Jones (*pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-4509
Fax: (310) 557-2193
jljones@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Co-Attorney for the Financial Oversight and Management Board as representative of the Debtor*

3