**Estimated Hearing Date**: October 28, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: October 8, 2020 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET TO
## NINTH INTERIM FEE APPLICATION OF PROSKAUER
## ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED
## AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR
## THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
## RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
## PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## Schedule 1

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | February 1, 2020 through May 31, 2020 (the "Compensation Period") |
| Amount of Fees Sought excluding Gross-Up Amount: | $16,498,056.60 |
| Gross-Up Amount:[2] | $1,649,805.66 |
| Amount of Expense Reimbursement Sought: | $812,642.95 |
| Total Fees and Expenses Sought for Compensation Period including Gross-Up Amount: | $18,960,505.21 |
| Proskauer's Incremental Fees for Compensation Period that Accrued, But Whose Payment Is Not Immediately Requested:[3] | $646,439.90 |

This is a(n) ____ Monthly __X__ Interim ___ Final Fee Application

---

[2]  Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding"). But Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. As of the date of hereof, Proskauer has not yet requested payment of the Gross-Up Amount.

[3]  Pursuant to the Engagement Letter dated November 25, 2016 between the Oversight Board and Proskauer (as defined below at footnote 7), Proskauer's rates under the Engagement Letter increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1-2). Effective January 1, 2020, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour. Pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678], Proskauer gave notice of this rate increase by filing a sworn certification, attached to Proskauer's Eighth Interim Application as Exhibit A [Case No. 17-3283, ECF No. 12831]. Billed at this rate pursuant to the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $646,439.90, as detailed in the attached **Exhibit E**. The Oversight Board has requested, however, and Proskauer has agreed not to request currently the allowance and payment of the incremental fees, along with the incremental fees under the Engagement Letter in the immediately prior compensation period of $155,142.10.

This is the ninth interim fee application filed by Proskauer in the Debtor's Title III Case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

**Ninth Interim Compensation Period**
**February 1, 2020 – May 31, 2020**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Thirty–Fifth** 3/20/2020 | 2/1/20 to 2/29/20 | $4,634,375.40 | $4,170,937.86 | $88,978.50 | $4,170,937.86 | $88,978.50 |
| **Thirty–Sixth** 4/21/2020 | 3/1/20 to 3/31/20 | $4,078,824.00 | $3,670,941.60 | $359,101.79 | $3,670,941.60 | $359,101.79 |
| **Thirty–Seventh** 5/20/2020 | 4/1/20 to 4/30/20 | $4,012,823.70 | $3,611,541.33 | $110,475.12 | $3,611,541.33 | $110,475.12 |
| **Thirty–Eighth** 6/17/2020 | 5/1/20 to 5/31/20 | $3,772,033.50 | $3,394,830.15 | $254,087.54 | $3,394,830.15 | $254,087.54 |
| | **Totals:** | **$16,498,056.60** | **$14,848,250.94** | **$812,642.95** | **$14,848,250.94** | **$812,642.95** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $774.83[4] |
| Blended Rate in This Application for All Timekeepers: | $719.18 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $14,848,250.94 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $812,642.95 |
| Number of Professionals Included in this Application:[5] | 135 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | 7 |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 36 |

---

[4] This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5] As used herein, the term "professionals" includes all timekeepers. The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6] As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 128, and thus the actual number of timekeepers was 7 more than anticipated. Additional team members were needed to assist with (1) negotiating and drafting the amended Title III joint plan of adjustment for the Commonwealth, ERS, and PBA (the "Amended Joint Plan"), which was subsequently filed on February 28, 2020; (2) analyzing and evaluating the impact on the Debtors' Title III cases of the COVID-19 pandemic and related measures undertaken by the Puerto Rico Government; and (3) preparing for the preliminary hearing on the Lift Stay Motions, which subsequently took place on June 4, 2020. Different timekeepers with different areas of expertise were consulted to provide specialized assistance in connection with (i) the Amended Joint Plan; (ii) responding to a wide variety of urgent and complex issues related to the COVID-19 pandemic; and (iii) preparing for the preliminary hearing on the Lift Stay Motions. To respond to these demands, Proskauer increased its staffing to ensure that diligent and timely representation was provided to the Oversight Board.

| | |
|---|---|
| Any Rates Higher than Those Approved or Disclosed when Retained? If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No.  Proskauer's Engagement Letter with the Oversight Board provides Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1-2).  As of January 1, 2020, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour.  Billed at this rate, as negotiated in the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $646,439.90, as detailed in the attached **Exhibit E**.  Pursuant to the Oversight Board's request, Proskauer has not included a request for current payment of the amount attributable to the increase in its hourly rates provided for in its Engagement Letter with the Oversight Board.  Instead, Proskauer is currently requesting the allowance and payment of the amount attributable to the preexisting prevailing rates detailed in the Fifth Interim Application: $789 per hour for attorneys, $390 per hour for e-discovery attorneys, and $270 per hour for paraprofessionals.  For the preceding compensation period, Proskauer similarly deferred payment of the incremental amount of $155,142.10. |

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period February 1, 2020 through May 31, 2020**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Barak, Ehud | BSGR&B[8] – 2010 | $789 | 688.50 | $543,226.50 |
| Batten, Mark W. | Labor & Employment – 1988 | $789 | 3.00 | $2,367.00 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $789 | 651.00 | $513,639.00 |
| Blaney, Ryan P. | Health Care – 2006 | $789 | 23.60 | $18,620.40 |
| Brenner, Guy | Labor & Employment – 2002 | $789 | 193.20 | $152,434.80 |
| Cooper, Scott P. | Litigation – 1981 | $789 | 15.90 | $12,545.10 |
| Corn, Richard M. | Tax – 2005 | $789 | 31.70 | $25,011.30 |
| Dale, Margaret A. | Litigation – 1990 | $789 | 141.20 | $111,406.80 |
| Febus, Chantel L. | Litigation – 2003 | $789 | 404.40 | $319,071.60 |

---

[7]  In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2.  Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent (a copy of the Engagement Letter was attached as Exhibit F to Proskauer's Eighth Interim Application [ECF No. 12831]).

Furthermore, the Engagement Letter provides Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent."  (Engagement Letter at 1-2). As of January 1, 2020, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour.  Billed at this rate as negotiated in the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $646,439.90, as detailed in the attached **Exhibit E**. Pursuant to the Oversight Board's request, however, Proskauer has not included a request for current payment of the amount attributable to the increase in its hourly rates provided for in its Engagement Letter with the Oversight Board, or the incremental amount for the prior compensation period of $155,142.10.  Instead, Proskauer is currently requesting the allowance and payment of fees calculated at the preexisting rates detailed in the Fifth Interim Application: $789 per hour for attorneys, $390 per hour for e-discovery attorneys, and $270 per hour for paraprofessionals.

[8]  Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Ferrara, Ralph C. | Litigation – 1970 | $789 | 136.00 | $107,304.00 |
| Firestein, Michael A. | Litigation – 1983 | $789 | 681.90 | $538,019.10 |
| Forman, Daniel L. | Corporate – 2009 | $789 | 8.00 | $6,312.00 |
| Gerkis, James P. | Corporate – 1984 | $789 | 17.90 | $14,123.10 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $789 | 39.60 | $31,244.40 |
| Hamilton, Martin T. | Tax – 2004 | $789 | 5.90 | $4,655.10 |
| Harris, Mark D. | Litigation – 1992 | $789 | 43.50 | $34,321.50 |
| Joo, Jinyoung | Corporate – 2011 | $789 | 18.00 | $14,202.00 |
| Kass, Colin | Litigation – 1996 | $789 | 150.80 | $118,981.20 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $789 | 358.90 | $283,172.10 |
| Martinez, Carlos E. | Corporate – 1988 | $789 | 2.20 | $1,735.80 |
| Mervis, Michael T. | Litigation – 1990 | $789 | 379.50 | $299,425.50 |
| Mungovan, Timothy W. | Litigation – 1994 | $789 | 449.00 | $354,261.00 |
| Perra, Kevin J. | Litigation – 1995 | $789 | 8.50 | $6,706.50 |
| Piccirillo, Antonio N. | Corporate – 1996 | $789 | 8.60 | $6,785.40 |
| Possinger, Paul V. | BSGR&B – 1993 | $789 | 337.80 | $266,524.20 |
| Ramachandran, Seetha | Litigation – 2001 | $789 | 12.10 | $9,546.90 |
| Rappaport, Lary Alan | Litigation – 1979 | $789 | 706.60 | $557,507.40 |
| Ratner, Stephen L. | Litigation – 1975 | $789 | 190.80 | $150,541.20 |
| Richman, Jonathan E. | Litigation – 1984 | $789 | 126.60 | $99,887.40 |
| Roberts, John E. | Litigation – 2009 | $789 | 211.20 | $166,636.80 |
| Rosen, Brian S. | BSGR&B – 1983 | $789 | 852.40 | $672,543.60 |
| Rosenthal, Marc E. | Litigation – 1990 | $789 | 12.30 | $9,704.70 |
| Tal, Yuval | Corporate – 1994 | $789 | 5.20 | $4,102.80 |
| Triggs, Matthew | Litigation – 1990 | $789 | 688.90 | $543,542.10 |
| Waxman, Hadassa R. | Litigation – 2001 | $789 | 255.40 | $201,510.60 |
| Weise, Steven O. | Corporate – 1974 | $789 | 415.50 | $327,829.50 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Zall, Richard J. | Health Care – 1981 | $789 | 0.80 | $631.20 |
| Zerjal, Maja | BSGR&B – 2012 | $789 | 614.50 | $484,840.50 |
| **Total for Partners:** | | | **8,890.90** | **$7,014,920.10** |
| ***SENIOR COUNSEL*** | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $789 | 307.40 | $242,538.60 |
| Goldberg, Nolan M. | Litigation – 2001 | $789 | 4.50 | $3,550.50 |
| Lander, Nathan R. | Litigation – 2004 | $789 | 77.10 | $60,831.90 |
| Roche, Jennifer L. | Litigation – 2007 | $789 | 377.20 | $297,610.80 |
| **Total for Senior Counsel:** | | | **766.20** | **$604,531.80** |
| ***ASSOCIATES*** | | | | |
| Ansanelli, Julia M. | Litigation – 2017 | $789 | 0.50 | $394.50 |
| Assi, Christina | Litigation – 2016 | $789 | 11.90 | $9,389.10 |
| Bargoot, Alexandra V. | Litigation – 2016 | $789 | 211.50 | $166,873.50 |
| Blackwell, Brooke H. | BSGR&B – 2018 | $789 | 537.00 | $423,693.00 |
| Bloch, Aliza H. | Litigation – 2019 | $789 | 321.30 | $253,505.70 |
| Carino, Elisa M. | Litigation – 2019 | $789 | 366.50 | $289,168.50 |
| Chalett, Zachary | Litigation – 2017 | $789 | 2.90 | $2,288.10 |
| Dalsen, William D. | Litigation – 2011 | $789 | 16.20 | $12,781.80 |
| Darwin, Grant R. | Corporate – 2018 | $789 | 2.60 | $2,051.40 |
| Deming, Adam L. | Litigation – 2018 | $789 | 56.40 | $44,499.60 |
| Desai, Rucha | Litigation – 2017 | $789 | 146.90 | $115,904.10 |
| Desatnik, Daniel S. | BSGR&B – 2016 | $789 | 519.10 | $409,569.90 |
| Eggers, Peter J. | Health Care – 2015 | $789 | 0.60 | $473.40 |
| Esses, Joshua A. | BSGR&B – 2017 | $789 | 196.10 | $154,722.90 |
| Fassuliotis, William G. | Litigation – 2020 | $789 | 177.80 | $140,284.20 |
| Fier, Seth D. | Litigation – 2006 | $789 | 0.50 | $394.50 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Fishkind, Peter | Litigation – 2018 | $789 | 245.60 | $193,778.40 |
| Gottlieb, Brooke G. | Litigation – 2020 | $789 | 78.10 | $61,620.90 |
| Greenburg, Jessica Z. | Litigation – 2012 | $789 | 208.30 | $164,348.70 |
| Guensberg, Caroline L. | Labor & Employment – 2019 | $789 | 99.00 | $78,111.00 |
| Hong, Yena | Litigation – 2020 | $789 | 137.00 | $108,093.00 |
| Huffman, James R. | Tax – 2017 | $789 | 0.90 | $710.10 |
| Hughes, Sarah E. | Corporate – 2019 | $789 | 24.10 | $19,014.90 |
| Jones, Erica T. | Litigation – 2018 | $789 | 26.20 | $20,671.80 |
| Jones, Jennifer L. | Litigation – 2005 | $789 | 30.50 | $24,064.50 |
| Kil, Nancy F. | Corporate – 2016 | $789 | 29.80 | $23,512.20 |
| Kim, Mee R. | Litigation – 2016 | $789 | 274.80 | $216,817.20 |
| Kline, Emily H. | Litigation – 2019 | $789 | 119.10 | $93,969.90 |
| Kowalczyk, Lucas | Litigation – 2017 | $789 | 92.30 | $72,824.70 |
| Landers Hawthorne, Kelly B. | Litigation – 2018 | $789 | 1.60 | $1,262.40 |
| Lefebvre, Antonieta P. | Litigation – 2015 | $789 | 1.60 | $1,262.40 |
| Leguizamon, Matias G. | Corporate – 2014 | $789 | 21.30 | $16,805.70 |
| Ma, Steve | BSGR&B – 2014 | $789 | 587.10 | $463,221.90 |
| Markofsky, Lisa B. | Litigation – 2005 | $789 | 39.60 | $31,244.40 |
| Mazurek, Carl A. | Litigation – 2018 | $789 | 42.00 | $33,138.00 |
| Miller, Nathaniel J. | Litigation – 2018 | $789 | 96.70 | $76,296.30 |
| Morris, Matthew J. | Litigation – 2000 | $789 | 17.20 | $13,570.80 |
| Moser, Nicollette R. | Litigation – 2020 | $789 | 319.80 | $252,322.20 |
| Muller, Ariella E. | Litigation – 2019 | $789 | 33.70 | $26,589.30 |
| Munkittrick, David A. | Litigation – 2011 | $789 | 498.00 | $392,922.00 |
| Omorogbe, Philip | BSGR&B – 2019 | $789 | 41.60 | $32,822.40 |
| Palmer, Marc C. | Litigation – 2018 | $789 | 113.40 | $89,472.60 |
| Park, Sejin | Tax – 2015 | $789 | 65.10 | $51,363.90 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Presant, Bradley M. | Litigation – 2019 | $789 | 119.10 | $93,969.90 |
| Rainwater, Shiloh A. | Litigation – 2017 | $789 | 246.30 | $194,330.70 |
| Robinson, Christina A. | Corporate – 2017 | $789 | 5.80 | $4,576.20 |
| Rochman, Matthew I. | Litigation – 2010 | $789 | 614.00 | $484,446.00 |
| Rogoff, Corey I. | Litigation – 2019 | $789 | 349.50 | $275,755.50 |
| Ruben, Jillian L. | Corporate – 2019 | $789 | 8.80 | $6,943.20 |
| Shalev, Yafit | BSGR&B – 2015 | $789 | 318.40 | $251,217.60 |
| Shelton, Jordan M. | Corporate – 2018 | $789 | 6.80 | $5,365.20 |
| Skrzynski, Matthew A. | BSGR&B – 2017 | $789 | 214.70 | $169,398.30 |
| Sosa, Javier F. | Litigation – 2019 | $789 | 281.00 | $221,709.00 |
| Stafford, Laura | Litigation – 2012 | $789 | 709.10 | $559,479.90 |
| Stevens, Elliot R. | BSGR&B – 2018 | $789 | 414.30 | $326,882.70 |
| Theodoridis, Chris | BSGR&B – 2011 | $789 | 2.90 | $2,288.10 |
| Tisdale, Imani C. | Litigation – 2018 | $789 | 1.10 | $867.90 |
| Victor, Seth H. | Litigation – 2019 | $789 | 184.60 | $145,649.40 |
| Volin, Megan R. | BSGR&B – N/A | $789 | 168.10 | $132,630.90 |
| Vora, Hena M. | Litigation – 2018 | $789 | 96.10 | $75,822.90 |
| Wertheim, Eric R. | Litigation – 2019 | $789 | 45.30 | $35,741.70 |
| Wheat, Michael K. | Litigation – 2019 | $789 | 60.00 | $47,340.00 |
| Wolf, Lucy C. | Litigation – 2017 | $789 | 306.40 | $241,749.60 |
| Wright, Bryant D. | Litigation – N/A | $789 | 11.10 | $8,757.90 |
| Younger, Christine N. | Tax – 2019 | $789 | 52.20 | $41,185.80 |
| Zakarin, Erik J. | Corporate – 2020 | $789 | 1.50 | $1,183.50 |
| **Total for Associates:** | | | **10,029.30** | **$7,913,117.70** |
| *E-DISCOVERY ATTORNEYS* | | | | |
| Friedman, Olga | Professional Resources – 2008 | $390 | 29.40 | $11,466.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Ike, Yvonne O. | Professional Resources – 2009 | $390 | 150.30 | $58,617.00 |
| Kay, James | Professional Resources – 1978 | $390 | 524.60 | $204,594.00 |
| Peterson, Cathleen P. | Professional Resources – 1991 | $390 | 20.60 | $8,034.00 |
| **Total for e-Discovery Attorneys:** | | | **724.90** | **$282,711.00** |
| *PARAPROFESSIONALS* | | | | |
| Adejobi, Olaide M. | Litigation Paralegal – N/A | $270 | 78.80 | $21,276.00 |
| Chernus, Eric R. | Professional Resources – N/A | $270 | 53.40 | $14,418.00 |
| Cody, Sara E. | Litigation Paralegal – N/A | $270 | 2.50 | $675.00 |
| Cooper, David C. | Corporate Paralegal – N/A | $270 | 0.20 | $54.00 |
| Cordova-Pedroza, Christian | Labor & Employment Paralegal – N/A | $270 | 1.50 | $405.00 |
| Dillon, Emma K. | Litigation Paralegal – N/A | $270 | 2.90 | $783.00 |
| Elsner, Rebecca R. | Litigation Paralegal – N/A | $270 | 2.50 | $675.00 |
| Fox, Rachel L. | Professional Resources – N/A | $270 | 6.00 | $1,620.00 |
| Geary, Laura M. | Litigation Paralegal – N/A | $270 | 247.70 | $66,879.00 |
| Henderson, Laurie A. | Professional Resources – N/A | $270 | 2.60 | $702.00 |
| Hoffman, Joan K. | Litigation Paralegal – N/A | $270 | 16.70 | $4,509.00 |
| King, Charles H. | Litigation Paralegal – N/A | $270 | 246.00 | $66,420.00 |
| Klock, Joseph | Professional Resources – N/A | $270 | 40.80 | $11,016.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Lerner, Lela A. | Litigation Paralegal – N/A | $270 | 2.30 | $621.00 |
| Monforte, Angelo | Litigation Paralegal – N/A | $270 | 431.20 | $116,424.00 |
| Pantoja, Karina | Labor & Employment Paralegal – N/A | $270 | 178.40 | $48,168.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $270 | 145.50 | $39,285.00 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $270 | 87.60 | $23,652.00 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $270 | 107.80 | $29,106.00 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $270 | 145.30 | $39,231.00 |
| Supronik, Lucasz | Professional Resources – N/A | $270 | 0.50 | $135.00 |
| Sutherland, Julia L. | Litigation Paralegal – N/A | $270 | 409.00 | $110,430.00 |
| Tarrant, Christopher M. | BSGR&B Paralegal – N/A | $270 | 319.60 | $86,292.00 |
| **Totals for Paraprofessionals:** | | | **2,528.80** | **$682,776.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **22,940.10** | **$16,498,056.60** |

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period February 1, 2020 through May 31, 2020**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 350.20 | $276,307.80 |
| 202 | Legal Research | 713.40 | $552,440.70 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 181.70 | $143,361.30 |
| 204 | Communications with Claimholders | 338.50 | $267,076.50 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 138.60 | $109,355.40 |
| 206 | Documents Filed on Behalf of the Board | 5,303.50 | $4,184,461.50 |
| 207 | Non-Board Court Filings | 400.60 | $316,073.40 |
| 208 | Stay Matters | 2,219.10 | $1,529,773.20 |
| 210 | Analysis and Strategy | 5,968.90 | $4,697,179.20 |
| 211 | Non-Working Travel Time | 108.50 | $85,606.50 |
| 212 | General Administration | 2,323.50 | $644,493.00 |
| 213 | Labor, Pension Matters | 116.10 | $91,602.90 |
| 215 | Plan of Adjustment and Disclosure Statement | 3,168.70 | $2,434,254.60 |
| 216 | Confirmation | 398.90 | $312,975.90 |
| 217 | Tax | 145.70 | $114,957.30 |
| 218 | Employment and Fee Applications | 278.10 | $118,942.50 |
| 219 | Appeal | 781.30 | $616,134.30 |
| 220 | Fee Applications for Other Parties | 4.80 | $3,060.60 |
| | **Total for All Project Categories:** | **22,940.10** | **$16,498,056.60** |

14

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period February 1, 2020 through May 31, 2020**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---|
| Airplane | $12,597.32 |
| Data Base Search Services | $107.31 |
| Filing and Court Costs | $85.00 |
| Food Service/Conference Dining/Local Meals | $16,825.36 |
| Lexis/Westlaw | $167,454.00 |
| Lodging | $20,994.48 |
| Messenger/Delivery | $929.35 |
| Other Database Research | $352.80 |
| Out of Town Meals | $3,010.56 |
| Out of Town Transportation | $3,781.78 |
| Practice Support Vendors | $371,489.59 |
| Printing, Binding, Etc. | $765.00 |
| Reproduction | $14,154.20 |
| Subscriptions | $27.50 |
| Taxi, Carfare, Mileage and Parking | $1,755.80 |
| Taxicab/Car Services | $1,147.00 |
| Telephone | $980.00 |
| Translation Service | $186,519.08 |
| Transcripts & Depositions | $9,666.82 |
| **Total:** | **$812,642.95** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
| --- | --- | --- |
| | **BILLED**<br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br>**In this fee application[9]** |
| Partners | $1,206 | $789 |
| Senior Counsel | $1,041 | $789 |
| Associates (7 or more years since first admission) | $940 | $789 |
| Associates (4–6 years since first admission) | $880 | $789 |
| Associates (1–3 years since first admission) | $687 | $789 |
| e-Discovery Attorneys | $725 | $390 |
| Paraprofessionals | $350 | $270 |
| **All Timekeepers Aggregated:** | **$925** | **$719.18** |

---

[9] *See supra* note 7.

**Estimated Hearing Date**: October 28, 2020 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: October 8, 2020 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

### NINTH INTERIM FEE APPLICATION OF PROSKAUER
### ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED
### AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR
### THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
### RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
### <u>PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2020 THROUGH MAY 31, 2020</u>

Proskauer Rose LLP ("<u>Proskauer</u>"), attorneys for the Financial Oversight and Management

Board for Puerto Rico (the "<u>Oversight Board</u>" or "<u>FOMB</u>") as representative of the Commonwealth

of Puerto Rico (the "<u>Debtor</u>" or "<u>Commonwealth</u>") pursuant to section 315(b) of the *Puerto Rico*

*Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"),[2] hereby submits this ninth

interim application (the "<u>Application</u>"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 3269][5] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing February 1, 2020 through and including May 31, 2020 (the "Compensation Period") in the amount of **$18,147,862.26**, which is comprised of (i) fees for professional services rendered in the amount of $16,498,056.60, and (ii) the Gross-Up Amount in the amount of $1,649,805.66;[6] and (b) reimbursement of its actual and necessary expenses in the amount of **$812,642.95** incurred during the Compensation Period.  In support of the Application, Proskauer respectfully avers as follows:

### Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

---

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case No. 17-BK-3283-LTS.

[6]  Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding").  But Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date of hereof, Proskauer has not yet requested payment of the Gross-Up Amount.

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

### Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.      On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period May 3, 2017 through September 30, 2017* [ECF No. 2068] (the "First Interim Application").

10.     On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2868] (the "Second Interim Application").

11.     On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3588] (the "Third Interim Application").

12.     On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4280] (the "Fourth Interim Application").

13.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7045] (the "Fifth Interim Application").

14.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8734] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2019 through September 30, 2019* [ECF No. 9624] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12831] (the "Eighth Interim Application").

17.     On March 20, 2020, Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its thirty-fifth monthly fee statement for the period February 1, 2020 through February 29, 2020.  On April 21, 2020, Proskauer served on the Notice Parties its thirty-sixth monthly fee statement for the period March 1, 2020 through March 31, 2020.  On May 20, 2020, Proskauer served on the Notice Parties its thirty-seventh monthly fee statement for the period April 1, 2020 through April 30, 2020.  On June 17, 2020, Proskauer served on the Notice Parties its thirty-eighth monthly fee statement for the period May 1, 2020 through May 31, 2020.

18.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$15,660,893.89** (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$15,660,893.89** with respect to fee statements filed during the Compensation Period.

### Summary of Services Rendered by Proskauer During the Compensation Period

19.     The instant Application is Proskauer's ninth application for interim compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications in all the pending Title III cases more efficient for the Court and other readers, paragraphs 20 through 23 of the instant Application, the corresponding paragraphs in each of Proskauer's ninth interim fee applications in the pending ERS, HTA, and PREPA Title III cases, and paragraphs 14 through 17 in the second interim fee application in the pending PBA Title III case, are identical and cover the principal activities in all the Title III cases.

20.     Since the commencement of these Title III cases, Proskauer has achieved significant progress on behalf of the Oversight Board.[7]  Due to the global coronavirus outbreak and its spread throughout the United States and Puerto Rico, this Compensation Period presented unexpected and fundamental economic and administrative challenges to the Commonwealth and its covered instrumentalities.  During this challenging time, the Oversight Board has been focused on preserving and improving the physical and financial well-being of the people of Puerto Rico, assessing the impact of the COVID-19 pandemic, developing strategies to get the Commonwealth through this unprecedented crisis, and working collaboratively with the Puerto Rico Government

---

[7] The Seventh and Eighth Interim Applications contain an overview of Proskauer's progress on behalf of the Oversight Board from the commencement of the case until the end of the time period covered by the Eighth Interim Application. *See* ECF Nos. 9624 and 12831.

and its agencies toward these ends.  Proskauer continued to provide legal and strategic advice to
the Oversight Board, analyzing and evaluating the measures proposed and implemented by the
Government in an effort to protect the Island's residents. Among others, Proskauer's notable
undertakings during this Compensation Period in furtherance and defense of the Oversight Board's
mandate under PROMESA of returning the Commonwealth to fiscal responsibility and access to
capital markets included:

- <u>Development of the Amended Joint Plan and Disclosure Statement</u>.  On February 9,
  2020, after almost three years of negotiations, and with the assistance of the Title III
  Court's Mediation Team, the Oversight Board entered into the Plan Support
  Agreement (the "<u>PSA</u>"), by and among the Oversight Board, as representative of the
  Commonwealth, PBA, and ERS, and holders of more than $8 billion in certain GO
  Bond Claims, Commonwealth Guarantee Bond Claims and PBA Bond Claims.  The
  PSA contains a framework for the treatment of GO Bonds and PBA Bonds pursuant
  to the proposed amended plan of adjustment, settling outstanding disputes in
  connection with such bonds.  The execution of the PSA represented a significant
  step towards the successful confirmation of a plan of adjustment for the
  Commonwealth, PBA, and ERS and their exit from these Title III cases.  Following
  the outbreak of the COVID-19 pandemic, the Oversight Board continues to evaluate
  the impact that COVID-19 may have on the restructuring of the Debtors, but the
  execution of the PSA remains a significant milestone demonstrating that a
  consensual resolution of these Title III cases is in reach.  In connection with the PSA,
  on February 11, 2020, the Oversight Board filed the Commonwealth, ERS, and
  PBA's *Joint Motion for an Order (I) Scheduling a Hearing to Consider the
  Adequacy of Information Contained in the Disclosure Statement, (II) Establishing
  the Deadline for Filing Spanish Translation of the Disclosure Statement, (III)
  Establishing the Deadline for Filing Objections to the Disclosure Statement and
  Replies Thereto, and (IV) Granting Related Relief* (the "<u>Scheduling Motion</u>") [ECF
  No. 10808].  On February 28, 2020 the Oversight Board filed the *Amended Title III
  Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No.
  11946] and the *Disclosure Statement for the Amended Title III Joint Plan of
  Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 11947], reflecting
  the new and more favorable PSA. Concurrently, the Oversight Board filed the *Joint
  Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of
  the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public
  Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing
  Voting Record Date, (III) Approving Confirmation Hearing Notice and
  Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution
  Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures,
  (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and
  Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF

No. 11950] (the "Disclosure Hearing Motion"), proposing September 3, 2020 as the voting deadline for creditors to accept or reject the Amended Joint Plan, so that the confirmation hearing on the Amended Joint Plan could take place in October of 2020. Pursuant to the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Spanish Translation of the Disclosure Statement, (III) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (IV) Granting Related Relief*, dated March 10, 2020 [ECF No. 12187] (the "Scheduling Order"), the Title III Court established June 3, 2020 as the date for the hearing to consider the adequacy of the information contained in the Disclosure Statement (the "Disclosure Statement Hearing"). However, on March 15, 2020, in response to the spread of COVID-19 pandemic, the Governor of Puerto Rico signed the *Executive Order of the Governor of Puerto Rico, Hon. Wanda Vázquez Garced, to Make Viable the Necessary Government and Private Closures to Fight the Effects of Coronavirus (COVID-19) and Control the Risk of Contagion on Our Island*, Administrative Bulletin No. OE-2020-023 (the "First Executive Order"). The First Executive Order directed the closure of all businesses in Puerto Rico until March 30, 2020. To properly assess the ramifications of the pandemic, the measures being implemented by the Government, and their effect on the Debtors' Title III cases, on March 23, 2020, the Oversight Board filed the *Urgent Motion to Adjourn Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement and Related Deadlines* [ECF No. 12485] (the "Adjournment Motion"), which the Court granted on March 27, 2020 [ECF No. 12549], adjourning the Disclosure Statement Hearing to an undetermined date. Since then, at the Court's direction, the Oversight Board has provided the Court with two status reports summarizing the effects of the COVID-19 pandemic on the Commonwealth and its instrumentalities and the Government's response to the crisis [ECF Nos. 13018 and 13660].

- Pre-Solicitation Procedures Motion. On February 11, 2020, concurrently with the Scheduling Motion, the Oversight Board filed the *Motion of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for an Order (A) Establishing Pre-Solicitation Procedures for Certain Holders of Retirement Benefit Claims, (B) Establishing Procedures and Deadlines for Submission of Information Necessary for Solicitation of Acceptance or Rejection of Plan of Adjustment by Such Claimants, and (C) Approving Form and Manner of Notice Thereof* [ECF No. 10839] (the "Pre-Solicitation Procedures Motion"), seeking to establish pre-solicitation procedures for certain holders of retirement benefit claims and procedures and deadlines by which such claimants could submit information necessary for solicitation of votes to accept or reject the Debtors' joint plan of adjustment. On March 18, 2020, the Court granted the Pre-Solicitation Procedures Motion and entered its *Order (A) Establishing Pre-Solicitation Procedures for Certain Holders of Retirement Benefit Claims, (B) Establishing Procedures and Deadlines for Submission of Information Necessary for Solicitation of Acceptance or Rejection of Plan of Adjustment, and (C) Approving Form and Manner of Notice Thereof* [ECF No. 12438] (the "Pre-Solicitation Procedures Order"). However, due to the emergency measures undertaken by the Puerto Rico Government due to the pandemic, specifically the

curfew and the closure of the collection centers where information forms could be hand delivered by those retirees who do not have access to mail or electronic means of delivery, Proskauer, on behalf of the Oversight Board, requested the Court grant an extension of the return date for the retiree information forms six times [ECF Nos. 11777, 12162, 12179, 12424, 12993 and 13399]. The Court set the final return date for July 29, 2020 [ECF No. 13402].

- New Fiscal Plans and Budgets. As is set forth in the Oversight Board's status report dated July 15, 2020 [ECF No. 13660], before the Debtors' plan of adjustment and disclosure statement process could continue, the Oversight Board needed to assess the new and changing economic landscape that the COVID-19 pandemic, as well as recent natural disasters, including the earthquakes and drought, had created. The Oversight Board has completed the first step in this process by developing and certifying revised fiscal plans for the Commonwealth and eighteen instrumentalities, agencies, and municipalities, and, where required, certifying budgets. Proskauer, working hand in hand with the Oversight Board and its financial and strategic advisors, analyzed various data to assess the actual and potential impact of the COVID-19 pandemic on the Commonwealth and its instrumentalities, evaluated the measures proposed and undertaken by the Puerto Rico Government, and advised the Oversight Board regarding these issues. Proskauer professionals provided to the Oversight Board ongoing assistance with emergent legal issues, and drafted key portions of the new fiscal plans and budgets to fulfill PROMESA's mandate to restore Puerto Rico to fiscal responsibility and access to capital markets.

- LUMA Energy Contract. The Government of Puerto Rico, primarily through the Puerto Rico Public-Private Partnership Authority (the "P3 Authority"), and the Oversight Board have worked diligently together for over two years to assure that the people of Puerto Rico are provided with safe, reliable, and affordable energy service. To that end, they have worked toward a complete transformation of Puerto Rico's energy system, starting with PREPA's aging and outdated Transmission and Distribution System (the "T&D System"). Proskauer professionals, along with other Oversight Board advisors, devoted significant time and effort to negotiating and drafting a contract with LUMA Energy, LLC and LUMA Energy ServCo, LLC (collectively, "LUMA Energy"), formed by a highly qualified consortium of industry-leading companies, for transitioning the maintenance and operation of the T&D System  to LUMA Energy. The Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement was approved by the Oversight Board and Governor Vazquez, and entered into by PREPA, the Puerto Rico Public-Private Partnerships Authority, and LUMA Energy on June, 22, 2020.

- PBA Title III Case. Proskauer continued providing ongoing assistance and advice to the Oversight Board related to the Puerto Rico Public Buildings Authority ("PBA") Title III case, which commenced on September 27, 2019. Due to the COVID-19 pandemic, most of the work Proskauer performed consisted of carefully monitoring the deadlines related to the PBA bankruptcy filings and requesting timely extension of various deadlines as a result of the impact of the COVID-19 pandemic and other natural disasters.

21.     Throughout the Compensation Period, Proskauer continued its defense of the Title III Debtors' interests in numerous adversary proceedings and other contested matters brought by the Debtor's bondholders and monoline insurers, the Puerto Rico Government and its agencies, creditors, and other parties, analyzing and objecting to duplicative, incorrectly filed and otherwise deficient claims against the Debtors, negotiating and participating in a Court-ordered mediation process with creditors, bondholders, statutory committees, unions, and other parties to achieve the best possible outcome for the Debtors.   Among the major litigation matters in which Proskauer represented the Title III Debtors' interests during the Compensation Period are the following:

- Lift Stay Motions.   Certain insurers and holders of bonds issued by various Puerto Rico entities (Assured Guaranty Corporation, Assured Guaranty Municipal Corporation (collectively, "Assured"), Ambac Assurance Corporation ("Ambac"), and Financial Guaranty Insurance Company ("FGIC"), collectively, the "Monolines"), filed several motions seeking relief from the automatic stay to allow them to seize certain Commonwealth revenues conditionally allocated under Puerto Rico law to HTA, PRIFA, and CCDA, in order to pay their prepetition bond claims (collectively, the "Lift Stay Motions").   In their Lift Stay Motions, the Monolines alleged they possessed a broad collection of property rights in the Commonwealth's revenues and were entitled to stay relief or adequate protection to protect those property rights.   Together with the Puerto Rico Government, Proskauer professionals worked diligently on behalf of the Debtors and the Oversight Board to oppose the Lift Stay Motions, conducting legal research on a variety of issues, drafting oppositions to the Lift Stay Motions, opposing overbroad discovery requests by the Monolines, and participating in numerous meet-and-confer communications. Proskauer professionals defended the Oversight Board's position at oral argument on the Monolines' motion to compel production of documents at the March 4, 2020 omnibus hearing, and at the preliminary hearing on Lift Stay Motions on June 4, 2020, which concerned only the issue of whether the movants had standing to sue and security or other property interests in the relevant revenues.  On July 2, 2020, the Title III Court issued its orders with respect to the Lift Stay Motions, holding that, (i) in connection with HTA and PRIFA, that the Monolines lacked the liens and other property interests asserted in their Lift Stay Motions (other in connection with revenues in certain specified bank accounts), and (ii) in connection with CCDA, that the CCDA revenues are subject to the automatic stay and that the Monolines had a colorable claim to a security interest in certain bank accounts containing CCDA revenues.  The Court entered a scheduling order setting a further hearing on Lift Stay Motions to resolve

10

outstanding issues.[8]

- Claim Objections.  In connection with proofs of claim filed against the Debtors,[9] Proskauer filed a total of 148 omnibus objections between October 1, 2019 and June 12, 2020.  Proskauer professionals dedicated a significant amount of time and effort to the careful review and analysis of the filed claims and preparing omnibus objections to those claims, as well as reviewing multiple responses and preparing replies in support of the objections.  At the direction of the Title III Court, Proskauer attorneys contacted over 2,000 individual creditors through meet-and-confer letters, emails and telephone calls to negotiate acceptable resolutions to Proskauer's objections.  Proskauer attorneys represented the interests of the Debtors at the related omnibus hearing on March 4 and March 5, 2020.  As a result of Proskauer's efforts, on April 3, 2020, the Title III Court entered 30 orders partially granting the Debtors' omnibus objections and thousands of claims were fully or partially expunged.

- Alternative Dispute Resolution (ADR). To promote the efficient, timely and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, requested that the Title III Court approve amended procedures for alternative dispute resolution[10] (the "ADR Procedures"), which would streamline reconciliation of general unsecured claims, including unliquidated litigation claims, that are more substantive in nature, and thus reduce the sheer volume of claims objections that have to be filed on the Court docket.  At the hearing held on January 29, 2020, the Court overruled limited objections to the motion and directed the Debtors to file a revised proposed order for the ADR Procedures.  In compliance with the Court's directive, Proskauer submitted a revised proposed order, revised ADR Procedures, and a revised notice, reflecting the changes recommended by the Court as well as informal comments received from parties in interest,[11] and subsequently the further revised proposed order consistent with the changes requested by the Court in its order dated March 18, 2020.[12]  The final ADR Procedures were approved by the Court on April 1, 2020.[13]

- Administrative Reconciliation of Claims (ACR).  To further facilitate the efficient and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances,

---

[8] *See Order Scheduling Further Proceedings in Connection with the Revenue Bond Stay Relief Motions* [ECF No. 13607].

[9] Pursuant to the Bar Date Orders [Case No. 17-BK-3283-LTS, ECF Nos. 2521, 3160, 12260, and 13403], approximately 182,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.

[10] *See Amended Motion For Entry Of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 9718].

[11] *See Notice of Presentment of Revised Proposed Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 11971].

[12] *See Notice of Presentment of Further Revised Proposed Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12499].

[13] *See Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

should remain within the auspices of the Debtors' administrative processes and not handled by the Title III Court, either through the ADR Procedures or through the normal claim reconciliation process.[14]   On February 5, 2020, the Court directed the Debtors to file an amended notice of presentment attaching the Spanish language version of the ACR Notice, incorporating certain changes suggested by the Court.[15] In compliance with the Court's request, Proskauer filed a further revised proposed order reflecting the changes recommended by the Court.[16]   Proskauer reviewed and responded to the limited objection to the further revised proposed order by creditor PFZ Properties, Inc., and the Court approved the ACR Procedures on March 12, 2020.[17]

- Mandatory Court-Ordered Mediation.  During the Compensation Period, Proskauer professionals diligently and actively participated in mandatory mediation sessions involving the Oversight Board, AAFAF, the Official Committee of Unsecured Creditors (the "UCC"), the Puerto Rico Government, and other key stakeholders in these Title III Cases, competently and efficiently resolving multiple issues and disputes and facilitating the confirmability of the Amended Plan.  Several stay orders entered by the Title III Court put on hold over twenty contested matters and adversary proceedings and simultaneously directed parties to such proceedings and matters to engage in mandatory mediation under the direction of Judge Barbara Houser.[18]   On February 10, 2020, the Mediation Team filed its Amended Report, which provided the Court with further revised scheduling recommendations.[19]   On behalf of the Oversight Board, Proskauer filed the Oversight Board's response to the Amended Report.  Proskauer thoroughly supported the positions taken by the Mediation Team that certain additional adversary proceedings and contested matters should be stayed, and proposed certain changes to the summary judgement briefing schedule for the adversary proceedings related to the revenue bonds.[20]   Proskauer attorneys further defended their position and supported the proposed revisions made by the Mediation Team at the hearing on the Amended Report on March 4, 2020.  The Court issued its final order on March 10, 2020, adding certain matters and adversary proceedings to

---

[14] See Motion For Entry Of An Order (A) Authorizing Administrative Reconciliation of Certain Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief [ECF No. 8827].

[15] See Notice Regarding Spanish Language Version of the Form of Notice of Transfer to Administrative Reconciliation Procedures [ECF No. 10699].

[16] See Amended Notice of Presentment of Revised Proposed Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief [ECF No. 11968].

[17] See Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief [ECF 12274].

[18] See Order Regarding Stay Period and Mandatory Mediation [ECF No. 8244], further extended by subsequent orders [ECF Nos. 9016, 9661 and 12189], (collectively, the "Stay Orders").  For a complete listing of the stayed contested matters and adversary proceedings see ECF No. 8244, Appendix I, ECF No. 9618, n.3, and ECF No. 12189, Appendix A.

[19] See Amended Report and Recommendation of the Mediation Team [ECF No. 10756] (the "Amended Report").

[20] See Response of Financial Oversight and Management Board for Puerto Rico to Amended Report and Recommendation of Mediation Team [ECF No. 11492].

the list of stayed matters, and directing the parties to the stay matters to continue participating in discussions facilitated by the Mediation Team Leader.[21]  Proskauer's efforts advocating for the Debtors' best interests in the Court-ordered mediation process remain ongoing.

22.    <u>First Circuit and Supreme Court Appeals</u>. During this Compensation Period, Proskauer defended a number of significant matters before the appellate courts, obtaining several critical judgments on behalf of the Oversight Board as Title III representative of the Debtors.  Some of the appellate matters where Proskauer attorneys represented the interests of the Oversight Board included:

- <u>U.S. Supreme Court Petition for *Certiorari*</u>:

    (1) <u>Vázquez Garced v. FOMB, Case No. 19-1305 (U.S.)</u>:  On December 18, 2019, the First Circuit, affirming the Title III Court's decision, held (i) that the Oversight Board had the power to adopt a recommendation as a mandatory measure in a Fiscal Plan, even if it had been previously rejected by the Governor and (ii) that the bar on reprogramming the Oversight Board included in its fiscal plan and budget was valid and consistent with PROMESA.  The Governor and AAFAF appealed to the U.S. Supreme Court on March 3, 2020.  On May 15, 2020, the appellants filed their petition for a writ of certiorari.  Proskauer professionals devoted significant time and effort to thoroughly research the issues raised in the writ, and on July 20, 2020, Proskauer submitted its opposition on behalf of the Oversight Board.

- <u>First Circuit Appeals</u>:

    (2) <u>Andalusian Global Designated v. FOMB, Case No. 20-1065</u>:[22]  Plaintiffs filed their opening brief on appeal on January 15, 2020, appealing a denial of their motion to have a trustee appointed for the purpose of prosecuting purported avoidance actions, and Proskauer thoroughly researched the issues and drafted its answering brief, filing it on behalf of the Oversight Board on February 7, 2020.  Proskauer represented the Oversight Board, arguing the case on March 3, 2020, and on March 19, 2020 the First Circuit issued its judgment affirming the district court's order and awarding costs to the Oversight Board.

    (3) <u>Western Surety v. HTA, Case No. 19-2026</u>:[23]  Western Surety submitted its opening

---

[21] *See Final Order Regarding (A)Stay Period, (B)Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [ECF No. 12189].

[22] On January 10, 2020, certain ERS bondholders appealed the Title III Court denial of their renewed motion for appointment as trustees under 11 U.S.C. § 926 [ECF No. 9712].

[23] On October 8, 2019, plaintiff sureties appealed the order entered by the Title III Court dismissing plaintiffs' amended complaint requesting declaration of certain contract funds withheld by HTA as not the property of the Debtors' estate

brief on January 13, 2020. On March 13, 2020, Proskauer responded on behalf of
the Oversight Board and HTA. Western Surety's reply followed on March 28, 2020.
Proskauer attorneys diligently continued negotiations with the plaintiff to achieve a
mutually agreeable resolution, and on July 20, 2020, after payment of certain
consideration to the appellants, the parties filed a joint stipulation to voluntarily
dismiss the appeal in its entirety.

(4) UCC v. PREPA, Case No. 20-1122:[24] After extensive research, on March 3, 2020,
Proskauer, on behalf of the Oversight Board and PREPA, filed a motion to dismiss
this appeal for lack of appellate jurisdiction. On March 23, 2020, the UCC
responded to the motion, seeking to hold the appeal in abeyance until the resolution
of the PREPA 9019 Motion by the Title III Court. On April 8, 2020, the appellant
and appellee filed a joint notice informing the First Circuit that the Oversight Board
no longer objected to holding this appeal in abeyance and agreed to suspend the
briefing schedule until the decision on the PREPA 9019 motion and any renewed
objection to the bondholders' claims by the UCC.

(5) Atlantic Medical Center, Inc. v. Commonwealth; Case No. 18-02228 and
Corporacion de Servicios v. Commonwealth; Case No. 19-1202:[25] Both of these
appellate matters were fully briefed outside the Compensation Period. The
appellants are a group of healthcare centers claiming to be owed certain payments
from the Commonwealth for services provided to their patients, who appealed the
dismissal of their complaints. However, upon filing of the Debtors' Plan of
Adjustment, and subsequently the Amended Plan, the First Circuit Court of Appeals
requested that before proceeding to oral argument, the parties file supplemental
briefs addressing the impact of the Plan on this appeal. Proskauer tendered a
supplemental brief addressing the impact of the proposed plan of adjustment on
March 4, 2020. Proskauer attorneys defended the Oversight Board's position at oral
argument on March 6, 2020. Opinion and judgment were issued on March 23, 2020.
Given that the premise for the district court's decision was the absence of a proposed
plan of adjustment, the matter was remanded to the district court for reconsideration
in light of new facts. On June 2, 2020, the parties filed their joint status report
apprising the Title III Court of their positions [Adv. Proc. No. 17-00278, ECF No.
79].

(6) Rene Pinto-Lugo v. Commonwealth, Case No. 19-1181; Elliott v. Commonwealth,
Case No. 19-1182; and Cooperativas v. COFINA, Case No. 19-1391:[26] On February

---

[24] On January 27, 2020, UCC appealed the Title III Court order which terminated the UCC's objection to proof of claim
number 18499 filed by U.S. Bank National Association on behalf of PREPA's bondholders [ECF No. 9695; Case No.
17-4780, ECF No. 1855].

[25] Appeals by two federally funded community health centers of the Title III Court orders dismissing their declaratory
complaints based on the absence of a proposed plan of adjustment.

[26] On February 22, 2019, three sets of appellants filed appeals of the order confirming the COFINA Plan of Adjustment
including: (i) Rene Pinto-Lugo and Manuel Natal-Albelo (Pinto-Lugo v. Commonwealth, Case No. 19-1181 (1st Cir.))

and demanding payment in their entirety [Adv. Proc. No. 18-065, ECF No. 21], and subsequent order denying the
sureties' motion for reconsideration [Adv. Proc. No. 18-065, ECF No. 31].

14, 2020, on behalf of the Oversight Board, Proskauer joined with AAFAF in their responsive appellate brief defending the order confirming COFINA's Title III plan of adjustment.  After careful analysis and research, on March 13, 2020, Proskauer requested the First Circuit assign the consolidated Pinto-Lugo, Elliott, and Cooperativas cases to the same panel for hearing on the same date due to overlap in the issues under consideration.  The matters now have been fully briefed and Proskauer attorneys defended the Oversight Board's position, as a representative of the Commonwealth and COFINA, during oral argument on July 31, 2020.

(7) UECFSE v. FOMB, Case No.19-2028:[27]  Appellants submitted their opening brief on December 16, 2019. The appellant unions challenged four Puerto Rico laws, enacted in light of the Commonwealth's fiscal crisis, that impacted curtain benefits guaranteed by their collective bargaining agreements, as violating the Contract Clause of the United States Constitution and the Collective Bargaining Clause of the Puerto Rico Constitution. Proskauer, on behalf of the Oversight Board, defended the District Court's dismissal of the appellants' challenges to these laws.  On February 24, 2020, Proskauer filed the Oversight Board's response brief, and on March 10, 2020, the appellants replied.  Proskauer attorneys defended the Oversight Board's position, as a representative of the Commonwealth, during oral argument on July 27, 2020.

(8) UECFSE v. United States, Case No. 19-2243:[28]  After Proskauer consented to the appellants' motion to expedite the appeal, the appellants tendered their brief on March 23, 2020.  The appellants, certain labor unions and a union member, claimed that the Title III Court erred in its decision that they had no standing to bring their action challenging the constitutionality of PROMESA.  After diligent legal research, Proskauer responded on behalf of the Oversight Board and Commonwealth on May 4, 2020. Proskauer argued that the appellants lacked Article III standing and that they did not state a viable claim for relief.  On May 26, 2020, the appellants' reply brief followed. Proskauer attorneys defended the Oversight Board's position, for itself and as a representative of the Commonwealth, during oral argument on July 27, 2020.

---

("Pinto-Lugo"), (ii) Mark Elliott, Lawrence B. Dvores, and Peter C. Hein (Elliott v. Commonwealth, Case No. 19-1182 (1st Cir.)) ("Elliott"), and (iii) Cooperativa de Ahorro y Credito Dr. Manuel Zeno Gandia, Cooperativa de Ahorro y Credito de Juana Diaz, and Cooperativa de Ahorro y Credito de Rincon (Cooperativas v. COFINA, Case No. 19-1391 (1st Cir.) (the "Cooperativas").

[27] On October 4, 2019, plaintiffs appealed the order entered by the Title III Court dismissing plaintiffs' first amended complaint challenging certain Puerto Rico labor related legislation and Fiscal Plan Compliance Act which affected the unions' collective bargaining agreements [Adv. Proc. No. 18-091, ECF No. 39].

[28] On November 26, 2019, plaintiffs appealed the final judgment and order entered by the Title III Court dismissing plaintiffs' second amended complaint which challenged the constitutionality of PROMESA and Oversight Board's acts and determinations [Adv. Proc. No. 18-066, ECF No. 66 and 67].

23.    In addition to the above, Proskauer has defended the Oversight Board's and Title III

Debtors' interests in numerous hearings and trials. The following is a summary of major litigation

matters in which Proskauer served as lead counsel for the Title III Debtors during this

Compensation Period:

- PREPA 9019 Motion.[29]  During the Compensation Period, Proskauer continued
  extensive communications with various parties to further the progress made towards
  the resolution of the 9019 Motion and related disputes, as well as strengthen the
  Oversight Board and PREPA's positon in the proposed restructuring process.
  Proskauer held multiple conferences with the Oversight Board's other advisors,
  Government Parties, and creditors.  Proskauer professionals continued analyzing
  PREPA's current finances and evaluating and assessing the impact of the COVID-
  19 pandemic and recent natural disasters on PREPA and its facilities.  Proskauer
  joined other Government Parties in their efforts to extend certain PREPA 9019
  Motion briefing deadlines due to the foregoing, drafting a submission to the Title III
  Court in support of the related Government Parties' urgent motion for an Eleventh
  9019 Scheduling Order.   Proskauer attorneys worked together with other
  Government Parties on a request to the Title III Court to further adjourn all PREPA
  9019 Motion deadlines due to the COVID-19 pandemic, and filed a reply on behalf
  of the Oversight Board in support of the Government Parties' motion on April 1,
  2020.  On April 2, 2020, the Court adjourned all 9019 Motion related deadlines
  without a date [ECF No. 12587; Case No. 17-04780, ECF No. 1954].  On May 15,
  2020, at the Title III Court's direction, the Government Parties provided the Court
  with a joint status report apprising the Court of PREPA's current financial condition
  and proposing next steps with respect to the 9019 Motion and their pending motions
  to dismiss in certain PREPA adversary proceedings [Case No. 17-04780, ECF Nos.
  1992, 2002].  On May 22, 2020, the Court confirmed the indefinite adjournment of
  the 9019 Motion deadlines and the motions to dismiss [Case No. 17-04780, ECF
  No. 2006].

- UTIER v. PREPA, Adv. Proc. No. 17-0229: Proskauer continued to conduct
  extensive discovery with Unión de Trabajadores de la Industria Eléctrica y Riego
  ("UTIER"), the Puerto Rico Department of Justice, and PREPA. During the
  Compensation Period, the parties continued production and review of documents
  and meeting and conferring about remaining open issues. However, the discovery
  process was unavoidably delayed by the office closures and lockdowns occasioned
  by the outbreak of the COVID-19 pandemic in Puerto Rico and on the mainland.
  The parties submitted to the Court three joint status reports and requests to extend
  the deadlines in the scheduling order [Adv. Proc. No. 17-229; ECF Nos. 108, 111,

---

[29] A brief overview of Proskauer's progress on the PREPA 9019 Motion in the prior interim compensation periods can
be found in the Eighth Interim Application at 8 n.13.

113].

- <u>FOMB v. Ambac Assurance Corp.</u>, Adv. Proc. Nos. 20-0003, 20-0004, 20-0005, 20-0007:[30]  During the Compensation Period, Proskauer, on behalf of the Oversight Board, expended significant time and effort on moving forward the Oversight Board's challenges to the bondholders' claims. After careful consideration, Proskauer agreed to limited intervention by the UCC in the lien challenge complaints; however it opposed expanding the UCC's rights beyond the scope of what had already been approved in other adversary proceedings. On February 27, 2020, certain defendants filed their motions to dismiss the lien actions proceedings. However, before Proskauer submitted its response to the motions, on March 10, 2020, the Title III Court entered its *Final Case Management Order for Revenue Bonds* [ECF No. 12186; Adv. Proc. No. 20-003, ECF No. 31], staying all revenue bond-related litigation, including motions to dismiss, and allowing only submission of motions for summary judgement on certain complaints' counts designated by the Court. After diligent legal research and analysis of issues under consideration, on April 28, 2020, Proskauer submitted four motions for partial summary judgment on behalf of the Oversight Board.

- <u>PREPA Motion to Assume Certain Contracts with EcoEléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.</u>  [ECF No. 12579; Case No. 17-04780, ECF No. 1951]:  On April 1, 2020, Proskauer, on behalf of the Oversight Board, filed an urgent motion for an order authorizing PREPA to assume its power purchase and fuel supply agreements with two energy providers on new, renegotiated terms, which were approved by PREPA's Governing Board, the Puerto Rico Energy Bureau, and the Oversight Board.  Windmar Renewable Energy ("<u>Windmar</u>"), UTIER, and various environmental groups opposed the motion.  UTIER also requested expansive discovery related to the contracts at issue. Proskauer professionals worked diligently on providing relevant requested information, opposing UTIER's discovery requests, successfully seeking a protective order, participating in meet-and-confer communications, and drafting the joint status report apprising the Court on the Oversight Board's position on discovery.  Upon review of the status report, the Court determined that no further discovery would be allowed. Proskauer professionals tendered the Oversight Board's omnibus response to the Windmar and UTIER oppositions and opposed the sur-replies that were filed by Windmar and UTIER without authorization from the Court.  The sur-replies were subsequently stricken.  Proskauer argued in favor of the motion at the omnibus hearing on June 3, 2020, and on June 22, 2020, the Title III Court granted it. [ECF

---

[30] On January 16, 2020, Plaintiff, the Oversight Board, acting in its capacity as representative of the Commonwealth and HTA, filed four actions in connection with bonds respectively issued by CCDA, PRIFA and HTA. In Adv. Proc. No. 20-0003, the Oversight Board challenged the proofs of claim filed against the Commonwealth and other lien claims by the holders and/or insurers of certain bonds issued by PRIFA. In Adv. Proc. No. 20-0004, the Oversight Board challenged proofs of claim filed against the Commonwealth and other lien claims asserted by the holders and/or insurers of certain bonds issued by CCDA. In Adv. Proc. No. 20-0005, the Oversight Board challenged the proofs of claim filed against the Commonwealth and other lien claims by the insurers and/or holders of HTA Bonds. In Adv. Proc. No. 20-0007, the Oversight Board and UCC challenged the proofs of claim filed against HTA and other lien claims asserted by the insurers and/or holders of certain bonds issued by HTA.

Nos. 13470 and 13471; Case No. 17-04780, ECF Nos. 2038 and 2039].  On July 3, 2020, UTIER and Windmar appealed the Court's decision.

- FOMB's Motion for Ambac to Withdraw Its Complaint, [ECF Nos. 12569 and 12570; Case No. 17-3567, ECF Nos. 756 and 757]:  On February 20, 2020, Ambac filed in the District Court of Puerto Rico an action styled *Ambac Assurance Corporation v. Autopistas Metropolitanas de Puerto Rico, LLC*, Civil No. 3:20-cv-01094, seeking to rescind a certain concession extension agreement between the defendant and HTA.  Proskauer professionals dedicated significant time and effort to researching the applicable issues of stay relief and abandonment of causes of action, and on March 31, 2020, Proskauer filed with the Title III Court the Oversight Board's motion requesting an order directing Ambac to withdraw its complaint on the ground it violated the automatic stay.  After the motion was fully briefed and argued, on June 16, 2020 the Court ordered Ambac to withdraw the complaint as violating the automatic stay [ECF Nos. 13446 and 13447; Case No. 17-3567, ECF Nos. 845 an 846].  Ambac complied with the order on June 23, 2020, and appealed the order on June 30, 2020.

- Cobra Acquisitions LLC's Motions.  During the Compensation Period, Proskauer professionals, on behalf of the Oversight Board and PREPA, analyzed and responded to three requests for relief filed by Cobra Acquisitions LLC ("Cobra").  On December 4, 2019, Cobra filed its *Omnibus Objection to Fee Applications Filed by Professionals and Request to Increase Holdback Amount* [ECF No. 9419; Case No. 17-BK-4780, ECF No. 1799] and a subsequent supplemental objection [ECF No. 9752; Case No. 17-BK-4780, ECF No. 1860] (together, the "Cobra Omnibus Fee Applications Objections"), seeking payment of outstanding Cobra invoices.  Proskauer professionals filed an opposition to these objections and defended the Debtors' position at the omnibus hearing on March 4, 2020.  The objections were subsequently overruled by the Court.  Cobra's other pending contested matter, *Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims* [ECF No. 8789] (the "Cobra Administrative Expense Motion"), seeking a Court order allowing payment of expenses incurred pursuant to two post-petition contracts with PREPA for the restoration of Puerto Rico's power grid devastated by hurricanes Irma and Maria, remained stayed by Court order.  Proskauer professionals participated in a status conference relating to the Cobra Administrative Expense Motion on June 3, 2020 and prepared their portion of a joint status report apprising the Title III Court of the progress of a criminal investigation relating to Cobra's former president, which was filed on May 27, 2020. Finally, on March 25, 2020, Cobra filed *Cobra Acquisition LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims Amount* [ECF No. 12531] (the "Cobra Lift Stay Motion"), alleging a change in circumstances since the stay was imposed on its Administrative Expense Motion justified altering the stay to permit the adjudication of Cobra's entitlement to a portion of its claims.  Proskauer professionals conducted research and analysis and, together with counsel for PREPA and AAFAF, filed a joint opposition to the Cobra Lift Stay Motion.  On May 21, 2020, the Title III Court denied the Cobra Lift Stay Motion.

18

- UCC Reclassification Motion. On February 28, 2020, the UCC filed the *Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment* [ECF No. 11989] (the "3013 Motion"), which was subsequently joined by Assured, Ambac, and Invesco Funds. Proskauer carefully analyzed the issues raised in the 3013 Motion and joinders and filed the Oversight Board's opposition on April 12, 2020.  Proskauer further defended the Oversight Board's position at the omnibus hearing on April 22, 2020. The 3013 Motion was subsequently denied by the Court on April 23, 2020, with the Court directing the parties to determine whether the issues raised in the 3013 Motion should be addressed in advance of a disclosure statement hearing.

- PREPA Insurance Proceeds Motion.  On May 12, 2020, in the wake of recent natural disasters affecting the Commonwealth and its energy system, Proskauer filed, on behalf of the Oversight Board, a motion for an order allowing PREPA to accept immediate advance payment from certain insurers under its commercial insurance policies for earthquake related damages, and to establish procedures for future expedited payments to PREPA of earthquake related claims to ensure PREPA's ability to fund urgent repair and restoration projects and mitigate earthquake related losses. *Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Electric Power Authority For Release of Insurance Proceeds for Earthquake Losses* [ECF No. 13097; Case No. 17-4780, ECF No. 1987].  PREPA insurers consented to the motion, and on June 8, 2020 it was granted by the Court, allowing PREPA to receive and use funds necessary for the urgent restoration and replacement of the damaged property.

- ERS Bondholders Claims and Administrative Expense Motions:[31]  On January 20, 2020, the Title III Court vacated its previous scheduling order related to the ERS Bondholders' Claims and the Administrative Expense Motions, and subjected them to the meet-and-confer process.  On January 30, 2020, the First Circuit Court of Appeals issued its decision in the Section 552 Appeal.  On March 17, 2020, parties to this mater filed their joint motion requesting the Court set a briefing schedule with respect to the ERS Bondholders' Claims and Administrative Expense Motions.

---

[31] The Claims include those asserted by (a) certain ERS Bondholders in the (i) *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [ECF No. 9285 in Case No. 17-bk-3283 and ECF No. 707 in Case No. 17-bk-3566] and (ii) *ERS Bondholders' Motion and Request for Allowance and Payment of Post- Petition and Administrative Expense Claims* [ECF No. 9294 in Case No. 17-bk-3283 and ECF No. 710 in Case No. 17-bk-3566] (collectively, the "Bondholder Administrative Expense Motions"), (b) the Fiscal Agent in the *Joinder in ERS Bondholders' Motion for Allowance of Administrative Expense Claim* [ECF No. 9298 in Case No. 17-bk-3283 and ECF No. 712 in Case No. 17-bk-3566] (the "Fiscal Agent Joinder" and, together with the Bondholder Administrative Expense Motions, the "Administrative Expense Motions"), (c) the Claimants in the *ERS Bondholders' Supplement to Proofs of Claim and Motions for Allowance of Administrative Expense Claims* [ECF No. 12536 in Case No. 17-bk-3283 and ECF No. 848 in Case No. 17-bk-3566] (the "Supplement"), (d) the Fiscal Agent in proofs of claim numbers 16775, 16777, and 32004 (the "Fiscal Agent Proofs of Claim"), and (e) the ERS Bondholder Groups in the proofs of claim listed in Appendix 2 to the *Order Granting Urgent Joint Motion for Entry of a Schedule for Resolution of the ERS Bondholder Claims and Administrative Expense Motions* [ECF No. 12446 in Case No. 17-bk-3283 and ECF No. 838 in Case No. 17-bk-3566] (the "ERS Bondholder Groups Proofs of Claim" and, together with the Fiscal Agent Proofs of Claim, the "Proofs of Claim").

19

Pursuant to the subsequently entered schedule, on May 6, 2020, Proskauer filed the ERS and Commonwealth's motion requesting the Court disallow and dismiss all claims asserted against the ERS and Commonwealth by the ERS Bondholder Claimants, except for their nonrecourse claims against ERS for unpaid principal and interest on the ERS Bonds, *Motion of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Disallow and Dismiss Claims Asserted or Filed by ERS Bondholders and the ERS Fiscal Agent Pursuant to Bankruptcy Rules 3007(b) & 7012(b)* [ECF No. 13054; Case No. 17-3566, ECF No. 891].  The motion was supported by AAFAF and joined by the UCC.  Proskauer filed its reply in support of the motion on July 22, 2020.

24.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

25.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$18,147,862.26**, as (i) compensation for professional services rendered in the amount of $16,498,056.60, and (ii) the Gross-Up Amount of $1,649,805.66;[32] and (b) **$812,642.95** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $152,411.70 and $57,634.30, respectively, on top of the sizeable discount embedded in its Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

---

[32]  Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date of hereof, Proskauer has not yet requested payment of the Gross-Up Amount.

26.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor. Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

27.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

28.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**. The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 9,657.10 recorded hours by Proskauer's partners and senior counsel; 10,029.30 recorded hours by associates; 724.90 recorded hours by e-discovery attorneys; and 2,528.80 recorded hours by paraprofessionals. As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred. In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**. The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board. The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its

residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case.

29.    All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.   In addition, only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized in the Application.  Project Categories for which Proskauer billed less than 10 hours are included in **Exhibit B**.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

30.    The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

**Question**:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:  As explained on page 5 and in footnotes 3 and 7 of the Summary above, Proskauer agreed not to request currently the allowance and payment of the amount attributable to the 4% rate increase as of January 1, 2020 provided in its Engagement Letter.

**Question**:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:   The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 10.1% below the budgeted fees).

**Question**:   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:   No.

**Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:   No, the Application does not include time or fees related to reviewing time records or preparing, reviewing, or revising invoices in connection with the preparation of monthly fee statements.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:   No time was spent redacting time records on account of privilege concerns. However, the Application does include time related to reviewing time records to redact certain time entries pursuant to Court-ordered mediation confidentiality.  Proskauer paraprofessionals expended 20.30 hours and billed $5,481.00 for redacting mediation related entries in Proskauer's monthly fee statements related to Proskauer's eighth and ninth interim fee applications.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:   Yes.  Proskauer's Engagement Letter with the Oversight Board provides Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent."  (Engagement Letter at 1-2).  As of January 1, 2020, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour.  Billed at this rate, as negotiated in the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $646,439.90, as detailed in the attached **Exhibit E**.  Proskauer, however, has agreed to a request of the Oversight Board not to request currently the

allowance and payment of the incremental fees based on the new rates. Instead, Proskauer is currently requesting payment of fees at the rates detailed in the Fifth Interim Application: $789 per hour for attorneys, $390 per hour for e-discovery attorneys, and $270 per hour for paraprofessionals. The Engagement Letter is not otherwise amended.

### Gross-Up Amount

31.     Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

32.     On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed. Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

33.     Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by Act 257–2018, starting December 10, 2018 (the "Withholding"), in the amount of **$1,649,805.66**.  But Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date of hereof, Proskauer has not yet requested payment of the Gross-Up Amount.

### Professionals Billing Fewer Than Five Hours per Month

34.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional

24

was reasonable and necessary.  As a general matter, because of the size and complexity of the

Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific

practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor

with necessary and beneficial professional services.  Moreover, it was often necessary to consult

with professionals more familiar with other aspects of the restructuring of Puerto Rico and with

specific adversary proceedings to deal with global strategic issues and ensure that positions taken

by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the

urgency of certain briefing schedules required pulling in professionals from different work streams

to assist on time-sensitive matters.[33]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Ansanelli, Julia M. | April | Ms. Ansanelli is an associate in Proskauer's litigation department who assisted with research and analysis on various issues related to further developing the strategy for the restructuring of the Debtor. |
| Assi, Christina | February – April | Ms. Assi is an associate in Proskauer's litigation department who assisted with negotiating and drafting stipulations dismissing certain individual defendants in connection with the GO & Guaranteed Bonds Lien Avoidance and Secured Status Complaints. |
| Batten, Mark W. | February | Mr. Batten is a partner in Proskauer's labor & employment department who advised on negotiating and drafting collective bargaining agreements with certain unions in connection with the restructuring of the Debtor. |
| Chalett, Zachary | February | Mr. Chalett is an associate in Proskauer's litigation department who assisted with various tasks in connection with Court-ordered mediation. |

---

[33] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III.  Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Cody, Sara E. | April | Ms. Cody is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Cooper, David C. | March | Mr. Cooper is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Cooper, Scott P. | February – May | Mr. Cooper is a partner in Proskauer's litigation department who advised on further developing the Debtor's litigation strategy in connection with Court-ordered mediation and in the COSSEC Adversary Proceeding, *Cooperativa de Ahorro y Crédito Abraham Rosa v. Pub. Corp. for Supervision & Ins. of Cooperatives of P.R. (COSSEC)*, Adv. Proc. No. 19–00389. |
| Cordova-Pedroza, Christian | February | Mr. Cordova-Pedroza is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |
| Dalsen, William D. | March –May | Mr. Dalsen is an associate in Proskauer's litigation department who assisted with analyzing the status of the Debtors' litigation and preparing related summaries for the Oversight Board's strategy sessions and assisted with a variety of 2004 Rule discovery related issues. |
| Darwin, Grant R. | April, May | Mr. Darwin is an associate in Proskauer's corporate department who assisted with research and analysis on the impact of the CARES Act on the Debtor's Title III case. |
| Deming, Adam L. | March, April | Mr. Deming is an associate in Proskauer's litigation department who assisted with analysis of claims filed against the Debtor, an omnibus objection to satisfied claims, and with a variety of other claims reconciliation related issues. |
| Dillon, Emma K. | February | Ms. Dillon is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Eggers, Peter J. | May | Mr. Eggers is an associate in Proskauer's health care department who assisted with analysis of claims related to Medicaid wraparound payments in connection with the Health Centers' Lift Stay Motion. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Elsner, Rebecca R. | February, April | Ms. Elsner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Ferrara, Ralph C. | February | Mr. Ferrara is a partner in Proskauer's litigation department who advised on further developing the Debtor's litigation strategy in connection with the restructuring of the Debtor and with Court-ordered mediation. |
| Fier, Seth D. | April | Mr. Fier is an associate in Proskauer's litigation department who assisted with research and analysis on various issues related to further developing the strategy for the restructuring of the Debtor. |
| Fox, Rachel L. | February, March | Ms. Fox is an e-discovery project coordinator at Proskauer e-discovery services who assisted with document review and communicated with vendors on a variety of document production related matters. |
| Friedman, Olga | February, April | Ms. Friedman is an e-discovery staff attorney at Proskauer who advised on a variety of document review related issues. |
| Goldberg, Nolan M. | April | Mr. Goldberg is a senior counsel in Proskauer's litigation department who advised on a variety of document review and discovery related issues. |
| Hamburger, Paul M. | May | Mr. Hamburger is a partner in Proskauer's labor & employment department who participated in negotiations with certain unions on social security issues and analyzed related proposals and draft agreements. |
| Henderson, Laurie A. | February – May | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Hoffman, Joan K. | May | Ms. Hoffman is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Huffman, James R. | February | Mr. Huffman is an associate in Proskauer's tax department who advised on tax related issues in connection with negotiation of collective bargaining agreements with certain unions. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Hughes, Sarah E. | April | Ms. Hughes is an associate in Proskauer's corporate department who assisted with research and analysis on various issues related to further developing the strategy for the restructuring of the Debtor. |
| Jones, Erica T. | April | Ms. Jones is an associate in Proskauer's litigation department who assisted with legal research and analysis related to potential litigation in connection with the COVID-19 Contract Dispute. |
| Jones, Jennifer L. | April, May | Ms. Jones is an associate in Proskauer's litigation department who assisted with research and analysis on a variety of issues related to further developing the strategy for the restructuring of the Debtor and to the GO & Guaranteed Bonds Lien Avoidance and Secured Status litigation strategy. |
| Kowalczyk, Lucas | February | Mr. Kowalczyk is an associate in Proskauer's litigation department who assisted with research and analysis for and drafting of the Debtor's Amended Plan and disclosure statement. |
| Lander, Nathan R. | April, May | Mr. Lander is a senior counsel in Proskauer's litigation department who evaluated the implications of the Title III Court's summary judgment decision and advised on further developing the Debtor's litigation and appellate strategy in the Law 29 Adversary Proceeding. |
| Landers Hawthorne, Kelly B. | February, April | Ms. Landers Hawthorne is an associate in Proskauer's litigation department who assisted with research and analysis on various issues related to further developing the strategy for the restructuring of the Debtor. |
| Lefebvre, Antonieta P. | February, April | Ms. Lefebvre is an associate in Proskauer's litigation department who assisted with research and analysis on various issues related to further developing the strategy for the restructuring of the Debtor. |
| Leguizamon, Matias G. | February | Mr. Leguizamon is an associate in Proskauer's corporate department who assisted with analysis of potentially restricted accounts in connection with further development of the Debtors' plan of adjustment. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Lerner, Lela | February, March | Ms. Lerner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Markofsky, Lisa | March, April | Ms. Markofsky is an associate in Proskauer's litigation department who assisted with preparation for oral argument and analyzing the implications of the summary judgment decision in the Law 29 Adversary Proceeding, and with drafting the proposed Oversight Board's complaint against the Puerto Rico Government regarding six significantly inconsistent laws. |
| Martinez, Carlos E. | May | Mr. Martinez is a partner in Proskauer's corporate department who advised on a variety of issues related to the proposed CRIM financing and the analysis of the supporting documentation. |
| Morris, Matthew J. | March | Mr. Morris is an associate in Proskauer's litigation department who assisted with review and analysis of the plaintiffs' reply brief in the UECFSE Appeal. |
| Perra, Kevin J. | March – May | Mr. Perra is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Debtor's litigation and appellate strategy in the Debtor's Title III Case. |
| Peterson, Cathleen P. | March, May | Ms. Peterson is a senior consultant of e-discovery services at Proskauer who communicated with vendors on a variety of document review and production related matters. |
| Ramachandran, Seetha | February – May | Ms. Ramachandran is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Debtor's litigation strategy in the Debtor's Title III Case. |
| Rosenthal, Marc E. | February – May | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on a variety of insurance related issues in connection with further developing the Debtor's litigation and appellate strategy. |
| Schaefer, Shealeen E. | March – May | Ms. Schaefer is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Supronik, Lukasz | February | Mr. Supronik is an e-discovery project coordinator at Proskauer who assisted with various document review and production related issues. |
| Tal, Yuval | April | Mr. Tal is a partner in Proskauer's corporate department who advised on the impact of the CARES Act on the Debtors' Title III cases. |
| Theodoridis, Chris | March, April | Mr. Theodoridis is an associate in the BSGR&B group who assisted with research and analysis on various issues related to further developing the strategy for the restructuring of the Debtor. |
| Tisdale, Imani C. | February | Ms. Tisdale is an associate in Proskauer's litigation department who assisted with research and analysis for and drafting the Debtor's amended plan and disclosure statement. |
| Wheat, Michael K. | May | Mr. Wheat is an associate in Proskauer's litigation department who assisted with legal research and analysis related to assumption of settlement agreements with Garcia Rubiera class plaintiffs under the Debtors' plan of reorganization. |
| Wright, Bryant D. | April | Mr. Wright is an associate in Proskauer's litigation department who assisted with research and analysis on various issues related to further developing the strategy for the restructuring of the Debtor. |
| Zakarin, Erik J. | May | Mr. Zakarin is an associate in Proskauer's corporate department who assisted with drafting ancillary documents to the proposed CRIM financing agreement. |
| Zall, Richard J. | May | Mr. Zall is a partner in Proskauer's health care department who advised on analysis of claims related to Medicaid wraparound payments in connection with the Health Centers' Lift Stay Motion. |

## Summary Description of Professional Services

35.     The following is a brief narrative summary, listed by Project Category, of the
professional services rendered by Proskauer during the Compensation Period.   Only Project

Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.

## I.    Matter No. 33260.0002 (PROMESA Title III: Commonwealth)

36.    This matter number covers time spent relating to the core Commonwealth Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.

(a)    Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)
(Fees:  $250,113.00; Hours:  317.00)

37.    This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation, and related issues.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Oversight Board and its other advisors and experts regarding the actual and potential impact of COVID-19 on the Commonwealth and its instrumentalities, analyzing and evaluating the measures proposed and undertaken by the Government in order to protect the Commonwealth's residents, and advising the Oversight Board on the unprecedented crisis;

- Communicating with the Oversight Board and its other advisors and experts regarding the Commonwealth's fiscal plan and budget and the impact of urgent pandemic-related fiscal measures on the Commonwealth's financial strategy;

- Communicating with the Oversight Board and its other advisors and experts regarding approval of amendments to the PSA, the status of the Commonwealth's plan of adjustment and disclosure statement in light of the COVID-19 pandemic, revisions to the pre-solicitation procedures for retirement benefits claimholders following the restrictions imposed by the Government in response to the pandemic, and the unavoidable adjournment of the disclosure statement hearing and modification of the plan of adjustment;

- Preparing for and participating in weekly strategy calls with the Oversight Board and its other advisors regarding the status of the Debtor's Title III Case, discussing the need for adjournment of certain hearings and extension of certain deadlines in light of the Court's implementation of COVID-19 related protocols and procedures, and preparing daily litigation updates for the Oversight Board; and

- Analyzing mediation related orders, guidelines, and proposals from the Title III Court's Mediation Team, conferring with the Oversight Board and its other advisors on Court-ordered mediation related issues, and developing further litigation and mediation strategy in the Debtor's Title III Case.

(b)   Legal Research (Project Category 202)
(Fees:  $225,296.10; Hours: 296.40)

38.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing a variety of legal issues in connection with further development of the Debtors' plan of adjustment and related disclosure statement, including, among other things, analyzing PROMESA provisions and legislative history, the classification of claims and interests, pre-confirmation objections, the uniformity requirement in the Bankruptcy Clause and potential challenges to the constitutionality of PROMESA, issues related to conflicts of interest in connection with clawback claims, plans of adjustment, avoidance actions, and rules for disclosure statement related discovery; and

- Researching and analyzing a wide variety of issues in connection with Court-ordered mediation.

(c)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
(Fees:  $125,845.50; Hours:  159.50)

39.   This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Court regarding applicable rules and requirements, scheduling, and procedure related matters;

- Communicating with the Court regarding omnibus hearing dates and drafting omnibus hearing agendas and informative motions;

- Preparing for and participating in omnibus hearings and Court-ordered mediation sessions; and

- Reviewing and analyzing transcripts of court hearings.

(d)   Communications with Claimholders (Project Category 204)
(Fees: $195,908.70; Hours: 248.30)

40.   This Project Category includes time spent communicating with the Debtor's various

claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with claimholders and their respective advisors on a variety of legal issues related to the Debtors' plan of adjustment negotiations, disclosure statement materials, amendments to the PSA, claims reconciliation, and lift-stay related discovery;

- Communicating with individual claimholders as part of Court-mandated meet-and-confer efforts to resolve individual proofs of claim;

- Communicating with claimholders and their respective advisors on a variety of procedural and scheduling issues related to Court-ordered mediation; and

- Preparing for and participating in Court-ordered mediation and in meet-and-confer sessions with claimholders and statutory committees.

(e)   Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
(Fees:  $46,787.70; Hours:  59.30)

41.   This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.  Specifically, Proskauer attorneys spent time:

- Communicating with counsel and other advisors to AAFAF and the Puerto Rico Government regarding the impact of the COVID-19 pandemic on the Debtors' restructuring efforts, AAFAF's requests for additional time to present the fiscal plan proposal, the Oversight Board's requirement for reporting of disbursements of federal funds received in connection with the CARES Act, and other strategic issues resulting from the pandemic and the Government's related recovery efforts;

- Communicating with counsel and other advisors to AAFAF on issues related to the Debtor's Title III case strategy, further development and modification of the Debtors' plan of adjustment and disclosure statement, and the PSA;

- Conferring with counsel and other advisors to AAFAF on litigation and mediation strategy, a variety of ongoing plan and lift-stay discovery related issues including responding to motions to compel, and procedural and scheduling issues; and

- Communicating with the Oversight Board and PRASA concerning PRASA's request to amend its budget.

(f)   Documents Filed on Behalf of the Board (Project Category 206)
        (Fees:  $960,370.80; Hours:  1,217.20)

42.   This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.   Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis, conferring with the Oversight Board's other advisors, and drafting the Disclosure Statement Scheduling Motion, the Pre-Solicitation Procedures Motion, and reply in support of the motions;

- Evaluating the impact of the COVID-19 related measures undertaken by the Puerto Rico Government and drafting four revised proposed orders extending the return date for submitting plan solicitation related information by the retiree claimants, and, after the Pre-Solicitation Order was granted by the Court, the Oversight Board's motion to further extend the return date beyond the date established by the Order due to the closure of all non-essential business in Puerto Rico, including the places for submitting hard copies of pre-solicitation information;

- Evaluating the impact of the COVID-19 pandemic on the Commonwealth economy and drafting the Oversight Board's urgent motion to adjourn the disclosure statement hearing and reply in support;

- Responding to the Court's Adjournment Order and drafting two status reports apprising the Court of the effects of the COVID-19 pandemic on the Commonwealth and its instrumentalities and the variety of measures undertaken to address such effects, and proposing a revised schedule for the disclosure statement hearing and related deadlines;

- Conducting research and analysis and drafting the Oversight Board's opposition to the UCC's motion under Rule 3013 for entry of an order reclassifying two classes of claims under the Debtor's third amended plan of adjustment and to two related partial joinders by Assured, Ambac, and Invesco Funds;

- Conducting research and analysis and drafting the Oversight Board's opposition to the UCC Priority Objection challenging the priority of GO and PBA bond claims;

- In compliance with the Title III Court's directive, drafting the revised proposed order authorizing alternative dispute resolution procedures and approving related forms of notice in the Debtors' Title III cases, and drafting a further revised proposed order consistent with the further changes requested by the Court;

- In compliance with the Title III Court's directive, drafting a further revised proposed order authorizing administrative reconciliation of claims and approving related forms of notice in the Debtors' Title III cases, reviewing the limited objection to the further revised proposed order by creditor PFZ Properties, Inc., and drafting the Oversight Board's response;

- Negotiating the confidentiality agreement and drafting the motion to approve it facilitating the production of documents in connection with the Ambac Rule 2004 motions, while protecting such confidential information from improper disclosure and use;

- Conducting research and analysis and drafting the Debtor's Rule 9019 motion for an order approving the stipulation and agreed order allowing the PRIFA BANs guarantee claim;

- Conducting further analysis of claims filed against the Debtor and claimants' responses to the Debtor's omnibus objections, and drafting additional omnibus objections and replies in support of the previously filed ones;

- Conducting research and analysis and drafting multiple pleadings related to Court-ordered mediation, including the Oversight Board's response in support of the amended report and recommendation of the Mediation Team; and

- Drafting omnibus hearing agendas and status reports as directed by the Court, informative motions, and multiple pleadings related to scheduling and extension of deadlines, including the eleventh case management procedures order.

(g)   <u>Non-Board Court Filings (Project Category 207)</u>
    (Fees: <u>$163,086.30</u>; Hours: <u>206.70</u>)

43.   This Project Category includes time spent reviewing and commenting on proposed Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing various filings by other parties and related Court orders entered in the Debtor's Title III Case, including among others, multiple parties' submissions concerning the impact of the COVID-19 pandemic; monoline insurers' and DRA Parties' responses in support of Lift Stay Motions and opposing the Oversight Board's sur-replies; monolines' motions to compel lift-stay related discovery and related Court orders; joinders, responses, and objections by various parties to the UCC's Rule 3013 motion for reclassification of claims; multiple claimholders' responses to the Debtor's omnibus objections to claims; status reports and informative motions filed by various parties in preparation for omnibus hearings; and multiple pleadings and Court orders related to Court-ordered mediation, including the amended report and recommendation by the Mediation Team.

35

(h)   Stay Matters (Project Category 208)
      (Fees:  $892,523.10; Hours: 1,396.50)

44.   This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting legal research and analysis, further developing the litigation strategy, and drafting the Oversight Board's opposition to the to the Monolines' motions for relief from automatic stay related to HTA bonds, PRIFA rum tax bonds, and CCDA bonds, analyzing the Monolines' replies in support of their motions, drafting the Oversight Board's sur-replies, and preparing for oral argument on the Lift Stay Motions at the preliminary hearing;

- Conducting research and analysis and drafting the Oversight Board's response to the DRA Parties' opening response to the monolines' amended HTA Lift Stay Motion and to the related Board's opposition;

- Drafting the fifteenth omnibus motion to approve modifications to the automatic stay, identifying each modification to the stay agreed to by the Debtors during the relevant period, and seeking retroactive Title III Court approval of such modifications;

- Conducting legal research and analysis, reviewing joinders and requests for intervention by various parties, and drafting multiple strategic memoranda on lift-stay and intervention issues and various parties' rights;

- Preparing for and participating in meet-and confer and mediation sessions between the Monolines and Government Parties, conferring with the Court's Mediation Team and drafting multiple reports on the meet-and-confer and mediation progress;

- Reviewing the Title III Court's order allowing the monolines to conduct lift-stay related discovery, drafting the Oversight Board's omnibus opposition to the Monolines' motions to compel production of documents concerning preliminary hearing on the Lift Stay Motions, and analyzing discovery related Court orders;

- Reviewing and analyzing formal and informal lift-stay discovery requests by multiple parties and engaging in collection, review, and production of responsive non-privileged documents;

- Reviewing and analyzing documents produced by various parties in the lift-stay related discovery; and

- Conferring with other government parties, the Monolines, and the Court on a variety of lift-stay related procedural and scheduling issues and drafting related stipulations and informative motions.

(i)   Analysis and Strategy (Project Category 210)
      (Fees: $2,770,742.40; Hours: 3,518.80)

45.     This Project Category includes time spent related to legal analysis on, and strategic approach to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps; (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category; and (c) preparing for and participating in discovery, and preparing for and attending depositions. Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing a wide variety of reports, memoranda, financial analyses, press releases, pleadings, and court orders, drafting and updating tasks and issues lists, preparing for and participating in weekly Proskauer internal litigation calls on further developing litigation, appellate, and discovery strategy and on litigation and appellate issues pending in these complex and time sensitive Title III cases, preparing for and participating in weekly Proskauer internal restructuring calls on further development of the Debtors' plan of adjustment, and drafting internal memoranda to Proskauer litigation and restructuring teams.

(j)     Non-Working Travel Time (Project Category 211)
        (Fees: $79,373.40; Hours: 100.60)

46.     This Project Category includes time spent traveling on behalf of the Oversight Board and the Debtor, during which no billable work is performed.  Fees in this Project Category are billed at fifty percent (50%).

(k)     General Administration (Project Category 212)
        (Fees: $462,852.00; Hours: 1,674.40)

47.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities, including maintaining the case calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and

free accessibility by the Proskauer team, the Debtor, and other parties in interest.  Specifically,

Proskauer paraprofessionals and e-discovery attorneys spent time reviewing and analyzing a wide

variety of pleadings, court orders, and litigation and appellate dockets, drafting and updating charts

of litigation and discovery deadlines, reviewing, analyzing, and compiling materials for court

hearings and Proskauer internal meetings, analyzing written discovery materials and maintaining

document production indexes, and communicating with e-discovery vendors on a wide variety of

document collection, processing, and related issues.

(l)   Labor, Pension Matters (Project Category 213)
(Fees: $81,424.80; Hours: 103.20)

48.    This Project Category includes time spent reviewing employee and retiree benefits

issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board and its other advisors and experts on pension and benefits related issues in connection with the COVID-19 pandemic, and evaluating the impact of the measures undertaken by the Government on pension and social security related issues in connection with further development and modification of the Debtors' plan of adjustment;

- Reviewing and re-evaluating the Debtors' fiscal plans, revenue projections, and options for additional contributions to the Debtors' pension reserve in light of the COVID-19 pandemic;

- Conferring with the counsel for teachers' unions regarding collective bargaining agreements and Social Security related issues, as well as reviewing and analyzing their proposals in connection with the Debtors' pension and retirement benefits obligations;

- Conferring with the Oversight Board and its other advisors and experts, conducting research and analysis of Social Security coverage approaches, and reviewing and revising proposed Social Security legislation concerning access to retirement benefits for Puerto Rico police officers, teachers, and judges; and

- Revising the Debtors' amended plan of adjustment to reflect the proposed modifications.

(m)   Plan of Adjustment and Disclosure Statement (Project Category 215)
(Fees: $2,443,544.50; Hours: 3,167.80)

49.     This Project Category includes time spent on issues related to the terms of the proposed Title III plan.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board and its other advisors, reviewing and analyzing the Debtor's financial documents, reports, projections and analyses from the Oversight Board's advisors and economic experts, and drafting the Amended Joint Plan and related Disclosure Statement reflecting input and recommendations of the Oversight Board members and Mediation Team, and comments by the PSA creditors, retiree committee, and unions, among others;

- Continuing the PSA negotiations with certain Commonwealth bondholders, coordinating approval of the PSA by the Oversight Board and execution of the PSA by the PSA parties,  drafting and preparing for publishing the notice of opportunity to join the PSA, communicating with numerous GO Bond and PBA bondholders regarding PSA joinder, drafting and coordinating approval by the Oversight Board and execution by relevant parties of two amendments to the PSA extending the PSA joinder deadline and extending the period in which a qualified marketmaker may retain the GO and PBA interests or PRIFA BANs without divestiture thereof;

- Conducting further legal research and analysis and drafting the Disclosure Statement Scheduling Motion, the Pre-Solicitation Procedures Motion, the Disclosure Statement Hearing Motion, and replies in support of the motions;

- Evaluating the impact of the COVID-19 pandemic on the Commonwealth and its instrumentalities and drafting the urgent motion to adjourn the disclosure statement hearing and related deadlines, reviewing the UCC's response, and drafting the Oversight Board's reply in support of the motion;

- Conferring with Prime Clerk LLC regarding solicitation and voting procedures and logistics, drafting and revising solicitation materials and their Spanish translations, including ballots and notices for plan solicitation;

- Conducting ongoing research and analysis related to debt, cash projections and management, cash restriction of certain accounts, use of COVID-19 related supplemental funds, best interest assumptions, and reviewing current litigation and mediation materials for significant matters to be further disclosed, and making revisions to the proposed plan,  disclosure statement, and numerous exhibits to reflect the current status of the Debtors' Title III  cases;

- Reviewing the AAFAF status reports and letters from AAFAF to the Oversight Board regarding the impact of the COVID-19 pandemic on the plan of adjustment, and preparing for and participating in conferences with the Puerto Rico Government and its advisors on a variety of plan of adjustment related issues;

- Reviewing and analyzing submissions by bondholders and their advisors related to the plan and preparing for and participating in the plan related negotiations and Court-ordered mediation;

- Reviewing and analyzing the plan related memoranda and recommendations by the Mediation Team and drafting memoranda to the Mediation Team on the status of plan related negotiations and Court-ordered mediation; and

- Conferring with the Oversight Board and its other advisors, reviewing, analyzing, and revising the Debtor's proposed fiscal plan in light of the COVID-19 pandemic and the Title III Court's decision approving the nullification of Law 29, commenting on the proposed Municipal Revenue Collection Center's ("CRIM") fiscal plan, and evaluating potential challenges to the fiscal plans and budgets.

(n)   <u>Confirmation (Project Category 216)</u>
(Fees: <u>$312,975.90</u>; Hours: <u>398.90</u>)

50.   This Project Category includes time spent relating to plan confirmation. Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal and procedural issues in preparation for the upcoming confirmation of the Debtors' plan of adjustment, including plan confirmation requirements and confirmation hearing procedures, reviewing memoranda by an expert consulting firm on a variety of plan and confirmation issues, including the best interest test, plan feasibility, and debt sustainability, researching and evaluating potential objections to plan confirmation, developing potential strategy for the plan confirmation hearing; drafting a proposed confirmation schedule, developing the expert witness plan, analyzing Oversight Board documents for potential inclusion in the plan confirmation data repository; and reviewing and analyzing orders entered in the Debtors' Title III cases in preparation for confirmation.

(o)   <u>Tax (Project Category 217)</u>
(Fees: <u>$114,957.30</u>; Hours: <u>145.70</u>)

51.   This Project Category includes time spent on tax matters involving the Debtor. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing a wide variety of tax related issues in connection with further development of the Debtors' plan of adjustment to reflect the outcome of the plan-related negotiations and Court-ordered mediation, including revisions to the plan support agreements and related term sheets; and

- Drafting and modifying tax related statements and disclosures in the Debtors' amended plan of adjustment and disclosure statement.

(p)   Employment and Fee Applications (Project Category 218)
      (Fees: $118,942.50; Hours: 278.10)

52.   This Project Category includes time spent on issues related to the compensation of

Proskauer, and the retention and compensation of other Oversight Board professionals, including

the preparation of interim fee applications.  Specifically, Proskauer attorneys and paraprofessionals

spent time:

- Drafting Proskauer's eighth and ninth interim fee applications; and
- Reviewing the Fee Examiner's correspondence and reports relating to Proskauer's interim fee applications, and preparing for and participating in conferences with the Fee Examiner on issues relevant to the same.

(q)   Appeal (Project Category 219)
      (Fees: $37,004.10; Hours: 46.90)

53.   This Project Category includes time spent preparing appeals and participating in

appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category.   Specifically, Proskauer attorneys and

paraprofessionals spent time:

- Conducting legal research and analysis and drafting a memorandum for the Oversight Board evaluating the implications of the U.S. Supreme Court decision in the Appointments Clause appeal on the Debtors' Title III Cases; and
- Conducting legal research and analysis and developing the Oversight Board's appellate strategy in the Diaz Mayoral appeal of the Title III Court's order sustaining the Debtor's Sixty-Fourth Omnibus Objection to Claims.

## II.   Matter No. 33260.0034 (Commonwealth Title III – Healthcare)

54.   This matter number covers time spent working on *Motion of Atlantic Medical*

*Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc.,*

*Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de*

*Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de*

*Salud de Patillas, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's*

*Prior Order and (II) Relief From The Automatic Stay* [ECF No. 12918] (the "Health Centers' Lift

Stay Motion") and on adversary proceedings involving healthcare and Medicaid claims in the

Debtor's Title III Case, including *Asociacion de Salud Primaria v. Commonwealth*, Adv. Proc. No.

17-00227, *Atlantic Medical Center v. Commonwealth,* Adv. Proc. No. 17-00278, and *CSI v.

Commonwealth*, Adv. Proc. Nos. 17-00292 and 17-00298, and on any appeals related thereto.

    (a)   Documents Filed on Behalf of the Board (Project Category 206)
           (Fees:  $16,332.30; Hours:  20.70)

      55.    This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis, conferring with the Oversight Board's other advisors and experts, and drafting an opposition to the Health Centers' Lift Stay Motion, participating in a meet-and-confer session with counsel for the Health Centers, and negotiating and drafting two joint stipulations adjourning the deadlines for related briefing and hearing and providing for the Commonwealth's payment of the shortfall amount; and

- Conducting research and analysis, reviewing the First Circuit's opinion remanding an appeal to the Title III Court for reconsideration of its dismissal order, and drafting a joint status report at the direction of the Title III Court.

    (b)   Stay Matters (Project Category 208)
           (Fees:  $53,573.10; Hours: 67.90)

      56.    This Project Category includes time spent analyzing and researching stay issues in

the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Conducting legal and factual research and analysis, reviewing pleadings and correspondence by the Health Centers, conferring with the Oversight Board's other advisors, and preparing for and participating in related communications with AAFAF and the Puerto Rico Department of Justice;

- Conducting research and analysis and drafting the Oversight Board's opposition to the Health Centers' Lift Stay Motion and related stipulations.

(c)   <u>Analysis and Strategy (Project Category 210)</u>
    (Fees: <u>$91,997.40</u>; Hours: <u>116.60</u>)

57.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(d)   <u>General Administration (Project Category 212)</u>
    (Fees:  <u>$2,916.00</u>; Hours: <u>10.80</u>)

58.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(e)   <u>Appeal (Project Category 219)</u>
    (Fees: <u>$203,562.00</u>; Hours: <u>258.00</u>)

59.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing underlying pleadings and appellate briefs, developing the oral argument strategy, and otherwise preparing for oral argument in the First Circuit Court of Appeals in the consolidated *Atlantic Medical Center* and the *CSI* matters;

- At the direction of the First Circuit, conducting research and analysis and drafting the Oversight Board's supplemental brief addressing the implications of filing of the Debtors' proposed plan of adjustment; and

- Participating in oral argument in the First Circuit, reviewing the First Circuit opinion remanding the adversary cases to the Title III Court for reconsideration of its

dismissal order,  and evaluating its implications on the Debtor's Title III case and next steps.

### III.   Matter No. 33260.0036 (Commonwealth Title III – UPR)

60.    This matter number covers time spent working on adversary proceedings involving the University of Puerto Rico in the Debtor's Title III case, including *Asociacion de Profesoras v. Commonwealth*, Adv. Proc. No. 17-00197, *Voya v. University of Puerto Rico,* Adv. Proc. No. 17-00216, and *University of Puerto Rico v. Voya*, Adv. Proc. No. 17-00217, and any appeals related thereto.

(a)   Analysis and Strategy (Project Category 210)
    (Fees:  $11,124.90; Hours: 14.10)

61.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

### IV.   Matter No. 33260.0039 (Commonwealth Title III – Rule 2004)

62.    This matter number covers time spent working on Rule 2004 motions filed in the Debtor's Title III Case and any appeals related thereto.

(a)   Legal Research (Project Category 202)
    (Fees:  $11,835.00; Hours: 15.00)

63.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing a variety of issues

related to the Rule 2004 discovery, including applicability of the Federal Rules of Civil Procedure

to Rule 2004 examinations, and privilege and confidentiality in discovery disclosures.

    (b)   <u>Communications with Claimholders (Project Category 204)</u>
           (Fees: <u>$47,971.20</u>; Hours: <u>60.80</u>)

64.    This Project Category includes time spent communicating with the Debtor's various

claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time communicating

with the Monolines on a variety of legal issues related to their Rule 2004 motions and informal

document requests, reviewing meet-and-confer letters and drafting related analyses and responses,

and preparing for and participating in numerous meet-and-confer conferences with the Monolines,

the UCC, AAFAF, and other parties related to the discovery issues and Rule 2004 motions.

    (c)   <u>Analysis and Strategy (Project Category 210)</u>
           (Fees: <u>$513,969.00</u>; Hours: <u>659.90</u>)

65.    This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.

    (d)   <u>General Administration (Project Category 212)</u>
           (Fees: <u>$26,364.00</u>; Hours: <u>74.00</u>)

66.    This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

V.   **Matter No. 33260.0040 (Commonwealth Title III – Cooperativas)**

67.   This matter number covers time spent working on challenges and adversary proceedings brought by the Cooperativas in the Debtor's Title III Case, including *Cooperativa de Ahorro y Credito Abraham Rosa v. Commonwealth*, Adv. Proc. No. 18-00028, and any appeals related thereto.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees:  $147,306.30; Hours:  186.70)

68.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing the second amended complaint filed by the Cooperativas and drafting the Oversight Board's motion to dismiss the second amended complaint and supplemental memorandum of law in support of the motion.

(b)   Non-Board Court Filings (Project Category 207)
      (Fees:  $10,730.40; Hours:  13.60)

69.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time spent time reviewing and analyzing Cooperativas' second amended complaint, dispositive motions previously filed by other parties, co-defenders' and the UCC's joinders in the Oversight Board's motion to dismiss the Cooperativas' first amended complaint, related court orders, and supplemental briefs filed by other parties.

(c)   Analysis and Strategy (Project Category 210)
      (Fees:  $17,358.00; Hours:  22.00)

70.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

     (d)   <u>General Administration (Project Category 212)</u>
             (Fees:  <u>$3,672.00</u>; Hours:  <u>13.60</u>)

     71.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## VI.    <u>Matter No. 33260.0041 (Commonwealth Title III – Miscellaneous)</u>

     72.     This matter number covers time spent working on miscellaneous motions and adversary proceedings, including motions for relief from the Title III stay and any appeals related thereto. In this Compensation Period, items billed to this matter included, among other things, work on (i) *Pinto Lugo v. United States*, Adv. Proc. No. 18-00041 (the "<u>Pinto Lugo Adversary Proceeding</u>"); (ii) Garcia Rubiera class plaintiffs' motion requesting relief from stay [ECF No. 2434] (the "<u>Garcia Rubiera Lift Stay Motion</u>"); (iii*)* motion for payment of administrative claim for post-petition services filed by NextGen Healthcare, Inc. [ECF No. 7449] (the "<u>NextGen Administrative Claim Motion</u>"); (iv*)* motion for payment of administrative claim for post-petition services filed by Consul-Tech Caribe Inc. [ECF No. 9845] (the "<u>Consul-Tech Administrative Claim Motion</u>"); (v) *UMCFSE v. Commonwealth*, Case No. 19-2028 (1st Cir.) (the "<u>UMCFSE Appeal</u>"); and (vi) *UECFSE v. Commonwealth*, Case No. 19-2243 (1st Cir.) (the "<u>UECFSE Appeal</u>").

     (a)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
             (Fees:  <u>$60,437.40</u>; Hours:  <u>76.60</u>)

73.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis and drafting the Oversight Board's response to the Consul-Tech Administrative Claim Motion;
- Conducting research and drafting the Oversight Board's motion for an order authorizing assumption of settlement agreements with Garcia Rubiera class plaintiffs; and
- Conducting research and analysis and drafting the Oversight Board's opposition to the plaintiffs' motion requesting expedited ruling on their motion for leave to file an amended complaint in the Pinto Lugo Adversary Proceeding.

(b)   Non-Board Court Filings (Project Category 207)
      (Fees:  $17,200.20; Hours:  21.80)

74.     This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing consented motions requesting extension of deadlines in connection with the Consul-Tech and Next-Gen Administrative Claim Motions and related court orders; and
- Reviewing and analyzing plaintiffs' motion for leave to file an amended complaint and their related motion requesting expedited ruling in the Pinto-Lugo Adversary Proceeding, and related court orders.

(c)   Stay Matters (Project Category 208)
      (Fees:  $61,522.80; Hours:  91.00)

75.     This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing newly filed requests to lift the automatic stay involving the Commonwealth;

48

- Communicating with AAFAF, claimholders, and their respective counsel regarding a variety of issues related to lift-stay requests;

- Drafting responses to requests to lift the automatic stay and stipulations permitting modifications of the stay; and

- Reviewing and analyzing the Garcia Rubiera class plaintiffs' Lift Stay Motion, conferring with other advisors to the Oversight Board, AAFAF, and plaintiffs' counsel regarding potential resolution, and drafting related stipulation, motion for assumption under the proposed plan of reorganization, and related informative motions requesting adjournment of the hearing on the Lift Stay Motion.

(d)   <u>Analysis and Strategy (Project Category 210)</u>
(Fees: <u>$35,189.40</u>; Hours: <u>44.60</u>)

76.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(e)   <u>General Administration (Project Category 212)</u>
(Fees:  <u>$4,428.00</u>; Hours:  <u>16.40</u>)

77.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(f)   <u>Appeal (Project Category 219)</u>
(Fees: <u>$280,335.90</u>; Hours: <u>355.70</u>)

78.   This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time reviewing the appellants' opening briefs, conducting research and

analysis, developing the appellate strategy, and drafting the Oversight Board's responsive briefs in

the UMCFSE and UECFSE appellate matters, reviewing and analyzing the appellants' replies,

developing the oral argument strategy, and otherwise preparing for oral argument in the First Circuit

Court of Appeals on the two appellate matters filed by Puerto Rico unions.

## VII.    Matter No. 33260.0061 (Commonwealth Title III – Fiscal Plan/ Budget Litigation)

79.     This matter number covers time spent related to challenges by the Commonwealth

Government to fiscal plans and budgets certified by the Oversight Board, including *Rossello*

*Nevares/Vásquez Garced v. FOMB*, Adv. Proc. No. 18–00080, and *Rivera-Schatz v. FOMB,* Adv.

Proc. No. 18–00081, and on any appeals related thereto thereto.

(a)    Appeal (Project Category 219)
       (Fees: $41,185.80; Hours: 52.20)

80.     This Project Category includes time spent preparing appeals and participating in

appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category.    Specifically, Proskauer attorneys and

paraprofessionals spent time:

- Reviewing the Governor's petition for writ of certiorari to the U.S. Supreme Court questioning the Oversight Board's right to override the Government's ability to request reprogramming of funds under PROMESA by including in its certified fiscal plan a provision that suspends all reprogramming, *Vásquez Garced, Governor of Puerto Rico v. FOMB,* Case No. 19-1305 (U.S.); and

- Conducting legal research and analyzing the underlying pleadings and open issues, conferring with the Oversight Board and its other advisors, developing the appellate strategy, and drafting the Oversight Board's response to the Governor's petition.

## VIII.    Matter No. 33260.0072 (Commonwealth – GO & Guaranteed Bonds Lien Avoidance and Secured Status Complaints)

81.     This matter number covers time spent relating to the Commonwealth Title III

avoidance actions challenging the validity, enforceability, and extent of certain pre-petition liens of

the Commonwealth general obligation and guaranteed bonds, including *Commonwealth v.*

*Autonomy Master Fund Limited*, Adv. Proc. No. 19-00291, *Commonwealth v. Cooperativa de Ahorro y Credito de Rincon*, Adv. Proc. No. 19-00292, *Commonwealth v. Ortiz de la Renta,* Adv. Proc. No. 19-00293, *Commonwealth v. Martinez Sanchez,* Adv. Proc. No. 19-00294, *Commonwealth v. Valdivieso,* Adv. Proc. No. 19-00295, *Commonwealth v. Friedman,* Adv. Proc. No. 19-00296, *Commonwealth v. Blackrock Financial Management, Inc.,* Adv. Proc. No. 19-00297, and on any appeals related thereto.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees:  $39,055.50; Hours: 49.50)

82.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting agreed stipulations to dismiss certain defendants as a result of withdrawal of their respective claims against the Debtors, drafting the joint status report reflecting the dismissals, and drafting the proposed opposition to the motion filed by Assured to dismiss the Debtor's GO lien challenge complaint.

(b)   Non-Board Court Filings (Project Category 207)
      (Fees:  $18,936.00; Hours:  24.00)

83.     This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing numerous motions to dismiss filed in response to the Debtor's general obligation bond lien challenge complaints, various parties' joinders, and Court orders, including the Title III Court's Final Order staying the GO lien challenges pending the Court's decision on the confirmation of the Amended Plan.

51

    (c)    <u>Analysis and Strategy (Project Category 210)</u>
           (Fees: <u>$74,955.00</u>; Hours: <u>95.00</u>)

84.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (d)    <u>General Administration (Project Category 212)</u>
           (Fees: <u>$4,509.00</u>; Hours: <u>16.70</u>)

85.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## IX.    <u>Matter No. 33260.0073 (Commonwealth – AMBAC/PRIFA Stay Relief Motion)</u>

86.    This matter number covers time spent relating to opposition to the *Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7176] (the "<u>Ambac Stay Relief Motion</u>") and *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 10602] (the "<u>Amended PRIFA Stay Relief Motion</u>"), seeking a court order lifting the automatic stay on certain actions related to the PRIFA bonds and allowing the PRIFA bondholders to pursue those actions, or, in the alternative, providing adequate protection to the bondholders' lien on the PRIFA rum taxes, and on any appeals related thereto.

    (a)    <u>Legal Research (Project Category 202)</u>
           (Fees:  <u>$62,804.40</u>; Hours: <u>79.60</u>)

87.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues for the Debtor's response and sur-reply in opposition to the Amended PRIFA Stay Relief Motion and to the issues concerning monolines' motion to compel production of documents related to the preliminary hearing on Lift Stay Motions.

    (b)    <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
           (Fees:  <u>$160,956.00</u>; Hours: <u>204.00</u>)

88.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting the Debtor's response and sur-reply in opposition to the Amended PRIFA Stay Relief Motion.

    (c)    <u>Non-Board Court Filings (Project Category 207)</u>
           (Fees:  <u>$17,673.60</u>; Hours:  <u>22.40</u>)

89.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing the monolines' motion to compel production of documents related to the preliminary hearing on the Lift Stay Motions, and reviewing and analyzing the numerous responses and  joinders to same related to the Amended PRIFA Stay Relief Motion in preparation for the hearing.

(d)   Stay Matters (Project Category 208)
      (Fees: $308,735.70; Hours: 391.30)

90.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis, conferring with the Oversight Board's other advisors, and participating in meet-and-confer and mediation sessions with the Monolines related to lift-stay issues;

- Conducting legal research and analysis and drafting the Debtor's response and sur-reply in opposition to the Amended PRIFA Stay Relief Motion;

- Conducting legal research and analysis and drafting portions of the Government Parties' opposition to the Monolines' motion to compel discovery; and

- Reviewing and analyzing document production, factual background materials, and numerous pleadings, declarations, and expert reports, preparing demonstrative exhibits, developing the oral argument strategy, drafting related informative motions, and otherwise preparing for the preliminary hearing on the Lift Stay Motions.

(e)   Analysis and Strategy (Project Category 210)
      (Fees: $26,983.80; Hours: 34.20)

91.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)   General Administration (Project Category 212)
      (Fees: $22,032.00; Hours: 81.60)

92.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**X.**     **Matter No. 33260.0078 (Commonwealth – Puerto Rico Horse Owners' Association v. Commonwealth)**

93.     This matter number covers time spent relating to the action by the Puerto Rico Horse Owners' Association (the "PRHOA") to recover monies from the Commonwealth for the incentives for the purchase of purebred horses at public sales, *Puerto Rico Horse Owners' Association, Inc. v. Commonwealth*, Adv. Proc. No. 19-00392 (the "PRHOA Adversary Proceeding"), and on any appeals related thereto.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
       (Fees:  $9,941.40; Hours:  12.60)

94.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis, reviewing the plaintiffs' request to the Oversight Board to state its position, and drafting the Oversight Board's response.

**XI.**     **Matter No. 33260.0081 (Commonwealth – FOMB v. Rossello Nevares/Vásquez Garced)**

95.     This matter number covers time spent relating to the Oversight Board's declaratory judgment action opposing implementation and enforcement by the Puerto Rico legislature and AAFAF of a statute designated Law 29–2019, entitled the *Law to Reduce the Administrative Burden of Municipalities* ("Law 29"), *FOMB v. Rossello Nevares/Vásquez Garced,* Adv. Proc. No. 19-00393 (the "Law 29 Adversary Proceeding).

(a)   Legal Research (Project Category 202)
       (Fees:  $14,833.20; Hours: 18.80)

96.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues for the Oversight Board's reply in support of its motion for summary judgment  and potential avenues for enforcing the Title III Court's order partially granting the summary judgment motion and approving nullification of Law 29.

(b)   Hearings and Other Non-Filed Communications with the Court (Project Category 203)
(Fees:  $17,279.10; Hours:  21.90)

97.     This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys and paraprofessionals spent time preparing for and participating in the oral argument on Law 29 motion for summary judgment.

(c)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $231,019.20; Hours:  292.80)

98.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's reply in support of its motion for summary judgment, the Oversight Board's response to the Municipal Revenue Collection Center's ("CRIM") motion for leave to file an *amicus curiae* brief in support of defendants' opposition to summary judgment, and the informative motion apprising the Court of the efforts undertaken by the Oversight Board to work constructively with the Puerto Rico Government to alleviate financial challenges for municipalities in light of nullification of Law 29

56

and of the status of resolving Law 29 issues since the issuance of the Court's April 15, 2020 Opinion and Order.

    (d)   Non-Board Court Filings (Project Category 207)
           (Fees:  $24,932.40; Hours:  31.60)

99.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing the defendants' opposition to the Oversight Board's motion for summary judgment, CRIM's motion for leave to file an *amicus curiae* brief in support of defendants' opposition, the Title III Court's order partially granting the summary judgment motion and approving nullification of Law 29, and the informative motions by the Government and municipality of San Juan apprising the Court of their communications with the Oversight Board related to the implementation of the Order and the status of the Law 29 related issues.

    (e)   Analysis and Strategy (Project Category 210)
           (Fees: $226,048.50; Hours: 286.50)

100.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (f)   General Administration (Project Category 212)
           (Fees: $6,210.00; Hours: 23.00)

101.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

    (g)   Appeal (Project Category 219)
          (Fees: $47,418.90; Hours: 60.10)

102.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time conducting legal research and analysis, conferring with the Oversight Board and its other advisors, evaluating potential next steps by the Oversight Board and the Government, and preparing for potential appeal by the Government of the Title III Court's order nullifying Law 29.

## XII.   Matter No. 33260.0089 (Commonwealth – Action Objecting to Proofs of Claims filed by PRIFA Bondholders)

103.    This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by the PRIFA Defendants as holders and/or insurers of certain bonds issued by PRIFA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00003 (the "PRIFA Rum Tax Bonds Adversary Proceeding"), and on any appeals related thereto.

    (a)   Legal Research (Project Category 202)
          (Fees: $25,484.70; Hours: 32.30)

104.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues in connection with drafting the Oversight Board's motion for partial summary judgment

disallowing claims described in the certain counts of the PRIFA Bonds adversary complaint and

with the Oversight Board's limited opposition to the UCC's motion for leave to intervene in the

PRIFA Bonds Adversary Proceeding.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
           (Fees:  <u>$675,541.80</u>; Hours:  <u>856.20</u>)

     105.   This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Drafting the Oversight Board's limited opposition to the UCC's motion for leave to intervene in the PRIFA Bonds Adversary Proceeding; and
- Conducting factual background analysis and legal research, conferring with the Oversight Board and its other advisors, further developing the litigation strategy, and drafting the Oversight Board's motion for partial summary judgment disallowing claims described in the certain counts of the PRIFA Bonds adversary complaint, and related declarations in support and motion to seal certain exhibits.

    (c)   <u>Analysis and Strategy (Project Category 210)</u>
           (Fees: <u>$71,325.60</u>; Hours: <u>90.40</u>)

     106.   This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.

    (d)   <u>General Administration (Project Category 212)</u>
           (Fees: <u>$51,921.00</u>; Hours: <u>192.30</u>)

     107.   This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## XIII.   Matter No. 33260.0090 (Commonwealth – Action Objecting to Proofs of Claims filed by CCDA Bondholders)

108.    This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by the CCDA Defendants as holders and/or insurers of certain bonds issued by CCDA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00004 (the "CCDA Bonds Adversary Proceeding"), and on any appeals related thereto.

(a)   Legal Research (Project Category 202)
      (Fees:  $73,455.90; Hours: 93.10)

109.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time spent time researching and analyzing a variety of legal issues in connection with drafting the Oversight Board's motion for partial summary judgment  disallowing claims described in the certain counts of the CCDA adversary complaint and with the Oversight Board's limited objection to the UCC's motion for leave to intervene in the CCDA Bonds Adversary Proceeding.

(b)   Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
      (Fees:  $9,389.10; Hours:  11.90)

110.    This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conferring with counsel to AAFAF

regarding a variety of legal and factual issues raised in the Oversight Board's motion for partial summary judgment and related declarations.

(c) Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $648,794.70; Hours: 822.30)

111. This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Drafting the Oversight Board's limited objection to the UCC's motion for leave to intervene in the CCDA Bonds Adversary Proceeding; and
- Conducting factual background analysis and legal research, conferring with the Oversight Board and its other advisors, further developing the litigation strategy, and drafting the Oversight Board's motion for partial summary judgment disallowing claims described in the certain counts of the CCDA Bonds adversary complaint, and related declarations in support and motion to seal certain exhibits.

(d) Non-Board Court Filings (Project Category 207)
(Fees: $15,464.40; Hours: 19.60)

112. This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time spent time reviewing and analyzing the UCC's motion for leave to intervene in the CCDA Bonds Adversary Proceeding and its joinder to the Oversight Board's motion for summary judgment, the monolines' motion to dismiss the CCDA Bonds Adversary Proceeding, various parties' requests for extension of deadlines, and related Court orders.

(e) Stay Matters (Project Category 208)
(Fees: $193,851.30; Hours: 247.60)

113. This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys and paraprofessionals spent time conducting factual background analysis, and

legal research, developing litigation strategy, and drafting the Oversight Board's opposition to the

Monolines' motion for relief from automatic stay related to CCDA's bonds and the sur-reply at

Court's direction, the Oversight Board's response to the monolines' urgent motion to compel

discovery related to the CCDA bonds, and preparing for oral argument on the Lift Stay Motions.

    (f)    <u>Analysis and Strategy (Project Category 210)</u>
            (Fees: <u>$61,463.10</u>; Hours: <u>77.90</u>)

    114.    This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.

    (g)    <u>General Administration (Project Category 212)</u>
            (Fees: <u>$31,617.00</u>; Hours: <u>117.10</u>)

    115.    This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

**XIV.**  **<u>Matter No. 33260.0093 (Commonwealth – Action Objecting to Proofs of Claims filed
by HTA Bondholders against Commonwealth)</u>**

    116.    This matter number covers time spent relating to the action by the Oversight Board

challenging the proofs of claims filed against Commonwealth and other lien claims asserted by the

HTA Defendants as insurers and/or holders of certain bonds issued by HTA, *FOMB v. Ambac*

*Assurance Corp.*, Adv. Proc. No. 20-00005 (the "<u>HTA-Commonwealth Bonds Adversary</u>

<u>Proceeding</u>"), and on any appeals related thereto.

    (a)   Legal Research (Project Category 202)
          (Fees:  $89,157.00; Hours: 113.00)

117.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time spent time researching and analyzing a variety of legal issues in connection with drafting the Oversight Board's motion for summary judgment disallowing claims described in the certain counts of the HTA-Commonwealth Bonds adversary complaint, opposition to the monolines' motion to dismiss the HTA-Commonwealth Bonds Adversary Proceeding, and responses to the DRA Parties' and UCC's motions for leave to intervene.

    (b)   Documents Filed on Behalf of the Board (Project Category 206)
          (Fees:  $1,123,062.60; Hours:  1,423.40)

118.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis and drafting the Oversight Board's responses to the DRA Parties' and UCC's motions for leave to intervene in the HTA-Commonwealth Bonds Adversary Proceeding;

- Conducting research and analysis, conferring with counsel for defendant Peaje Investments LLC ("Peaje"), and drafting the Debtor's urgent motion to extend the deadline for Peaje to answer the HTA-Commonwealth Bonds adversary complaint, and the joint motion with Peaje for an order staying the HTA-Commonwealth Bonds adversary complaint counts alleged against Peaje and providing that the Court's adjudication of any legal issues by partial summary judgement against other parties would be binding on Peaje and the Debtor;  and

- Conducting factual background analysis and legal research, conferring with the Oversight Board and its other advisors, further developing the litigation strategy, and drafting the Oversight Board's motion for partial summary judgment  disallowing claims described in the certain counts of the HTA-Commonwealth Bonds adversary complaint, and related declarations in support and motion to seal certain exhibits.

(c)   Non-Board Court Filings (Project Category 207)
(Fees:  $24,932.40; Hours:  31.60)

119.    This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent

time reviewing and analyzing the DRA Parties' and UCC's motions for leave to intervene in the

HTA-Commonwealth Bonds Adversary Proceeding, the monolines' motion to dismiss the HTA-

Commonwealth Bonds Adversary Proceeding, the UCC's joinder to the Oversight Board's motion

for summary judgment, various parties' requests for extension of deadlines, and related Court orders.

(d)   Stay Matters (Project Category 208)
(Fees:  $15,858.90; Hours: 20.10)

120.    This Project Category includes time spent analyzing and researching stay issues in

the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically,

Proskauer attorneys and paraprofessionals spent time analyzing the Debtor's strategy in replying to

the Monolines' Lift Stay Motions and its application to the summary judgment issues for the

proposed Oversight Board's reply in support of its motion for summary judgment in the HTA-

Commonwealth Bonds Adversary Proceeding.

(e)   Analysis and Strategy (Project Category 210)
(Fees: $371,776.80; Hours: 471.20)

121.    This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.

64

(f)   General Administration (Project Category 212)
(Fees: $26,379.00; Hours: 97.70)

122.   This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

## XV.   Matter No. 33260.0094 (Commonwealth – Challenges Regarding Certain Laws and Orders)

123.   This matter number covers time spent relating to the actions by the Oversight Board

challenging the executive orders issued by the Puerto Rico Governor and the laws passed by the

Puerto Rico Legislature that are deemed inconsistent with PROMESA or with fiscal plans certified

by the Oversight Board, and are deemed to cause irreparable injury to Puerto Rico and/or jeopardize

the restructuring of the Commonwealth and its instrumentalities, and on any appeals related thereto.

(a)   Communications with the Commonwealth, its Instrumentalities, or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)
(Fees: $26,826.00; Hours: 34.00)

124.   This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.   Specifically, Proskauer attorneys spent time communicating with counsel to

AAFAF and with representatives of the Governor concerning Executive Order 2020-10,  six laws[34]

passed by the Puerto Rico Legislature in 2018 and 2019, and various Joint Resolutions that are

---

[34] The Legislature passed, and Governor Rosselló signed, Act 305-2018 into law on December 21, 2018; The Legislature passed, and Governor Rosselló signed, Act 20–2019 into law on May 10, 2019; The Legislature passed, and Governor Vázquez signed, Act 156–2019 into law on October 22, 2019; The Legislature passed, and Governor Vázquez signed, Act 161-2019 into law on November 2, 2019; The Legislature passed, and Governor Vázquez signed, Act 162–2019 into law on November 9, 2019; The Legislature passed, and Governor Vázquez signed, Joint Resolution 116–2019 into law on November 13, 2019.

deemed to be significantly inconsistent with the Debtors' fiscal plans certified by the Oversight Board.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
           (Fees: <u>$73,219.20</u>; Hours: <u>92.80</u>)

125.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the proposed Oversight Board's complaint against the Puerto Rico Government with respect to Executive Order 2020-10 and the six inconsistent laws passed by the Puerto Rico Legislature.

    (c)   <u>Analysis and Strategy (Project Category 210)</u>
           (Fees: <u>$232,044.90</u>; Hours: <u>294.10</u>)

126.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## XVI.   Matter No. 33260.0096 (Commonwealth – COVID-19 Contract Dispute)

127.    This matter number covers time spent relating to the action by the Oversight Board to compel the Puerto Rico Government to provide documents regarding the procurement and negotiation of the contracts for purchase of the COVID-19 related testing equipment and other medical supplies, *FOMB v. Vásquez Garced*, Adv. Proc. No. 20-00078 (the "<u>COVID-19 Contract Dispute</u>"), and on any appeals related thereto.

    (a)   <u>Legal Research (Project Category 202)</u>
          (Fees:  <u>$30,218.70</u>; Hours: <u>38.30</u>)

128.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues in connection with potential litigation relating to COVID-19 contracts, including the Oversight Board's power under PROMESA to review the Commonwealth's COVID-19 related contracts.

    (b)   <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
          (Fees:  <u>$10,178.10</u>; Hours:  <u>12.90</u>)

129.    This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time communicating with counsel to AAFAF and with various Puerto Rico government agencies regarding the Oversight Board's requests for documents and information concerning COVID-19 related procurements and contracts, compliance with the CARES Act reporting requirements, and disbursement of the COVID-19 relief funds.

    (c)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
          (Fees:  <u>$24,222.30</u>; Hours:  <u>30.70</u>)

130.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's complaint

compelling the Puerto Rico Government and AAFAF to provide the previously requested information and documentation concerning procurement of the COVID-19 related contracts.

(d)   Analysis and Strategy (Project Category 210)
       (Fees: $168,372.60; Hours: 213.40)

131.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

**XVII.   Matter No. 33260.0097 (Commonwealth – Ambac Bankruptcy Clause Challenge)**

132.   This matter number covers time spent relating to the action by Ambac Insurance Corporation against the Oversight Board seeking to declare Titles I, II, and III of PROMESA unconstitutional and unenforceable, to enjoin the Oversight Board from taking any further action under Titles I, II, and III, and to dismiss the Debtors' pending Title III petitions, *Ambac Assurance Corp. v. FOMB*, Adv. Proc. No. 20-00068 (the "Ambac Bankruptcy Clause Challenge"), and on any appeals related thereto.

(a)   Non-Board Court Filings (Project Category 207)
       (Fees:  $8,521.20; Hours:  10.80)

133.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing the Ambac's complaint alleging that PROMESA violates the uniformity requirement of the bankruptcy clause, holding PROMESA unconstitutional, and enjoining the Oversight Board from any further action in connection with implementation of Titles I, II, and III of PROMESA.

(b)   Analysis and Strategy (Project Category 210)
       (Fees: $16,569.00; Hours: 21.00)

134.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

\*     \*     \*     \*

135.     The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

136.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Proskauer

137.     Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

138.     In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully

itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses,

including: (a) reproduction, (b) online research, (c) delivery services and couriers,

(d) local travel to and from airports, (e) out-of-town travel and lodging, (f) out-of-town meals,

(g) transcription and translation services, (h) litigation support, and (i) professional services.  All

expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines,

including an itemization of the expenses by category, the date the expense was incurred, and the

individual incurring the expense, where available.   The reasons for the expenses are self-

explanatory.  In compliance with Appendix B Guidelines paragraph C.13, the requested expenses

are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by

other comparable professionals.

139.     Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page

for photocopying expenses.  The rates charged by the firm for Westlaw and Lexis computerized

research vary according to the type of research conducted and the specific files researched, but, in

any event, Proskauer does not profit from the use of computer assisted legal research, as set forth

in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of

expenses related to overhead charges, such as secretarial services and proofreading.   The

expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all

of the type customarily billed to clients.

140.     During the Compensation Period, Proskauer has disbursed **$812,642.95** as necessary

and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are

not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon

clients who do not benefit from extensive photocopying and other facilities and services).

Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

## Compensation Paid and Its Source

141.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

142.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

143.   As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

### **Reservations**

144.   To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Notice

145.   Pursuant to the Interim Compensation Order and the *Thirteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 13512-1],  notice of this Application has been filed in the Debtor's Title III Case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC,  250 Muñoz Rivera Ave.,  Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq.  (jrapisardi@omm.com),  Peter  Friedman,  Esq. (pfriedman@omm.com), Nancy A. Mitchell, Esq. (mitchelln@omm.com), and Maria J. DiConza, Esq. (mdiconza@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, 250 Ponce de León Ave., Suite 900, San Juan, PR 00918, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com), Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com), and Iván Garau-González, Esq. (igarau@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com), James Bliss, Esq. (jamesbliss@paulhastings.com), James Worthington, Esq. (jamesworthington@paulhastings.com), and G. Alexander Bongartz, Esq. (alexbongartz@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com), Diana M. Batlle-Barasorda, Esq. (dbatlle@cstlawpr.com), Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com),  and  Ericka  C.  Montull-Novoa,  Esq. (emontull@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP,
919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq.
(rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner &
Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine L. Steege, Esq.
(csteege@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García &
Milián, C.S.P., Edificio Union Plaza, PH-A piso 18, Ave. Ponce de León #416, Hato
Rey, San Juan, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-
4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting
(Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant
Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L.
Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy
(angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of
Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco
Peña Montañez, CPA, Assistant Secretary of the Treasury
(Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León
Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq.
(elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite
500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing

interim compensation for professional services rendered during the Compensation Period in the

amount of **$18,147,862.26**, which is comprised of (i) fees for professional services rendered in the

amount of $16,498,056.60 and (ii) the Gross-Up Amount in the amount of $1,649,805.66, [35] and

allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with

such services during the Compensation Period in the amount of **$812,642.95**; (b) authorizing and

directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim

---

[35] Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive
a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits
offsetting the Gross-Up Amount. As of the date of hereof, Proskauer has not yet requested payment of the Gross-Up
Amount.

compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 18, 2020
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
     ppossinger@proskauer.com
     ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*