## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

       as representative of

THE PUERTO RICO ELECTRIC POWER AUTHORITY,

       Debtor.

PROMESA
Title III

Case No. 17 BK 4780-LTS

**MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL
CLAIMS COMMITTEE AND THE OFFICIAL COMMITTEE OF UNSECURED
<u>CREDITORS, TO CLARIFY LITIGATION DEADLINES</u>**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC," and hereinafter, the SCC may be more broadly referred to as the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee," and together with the Oversight Board, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[2] and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by section 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting that this Court clarify certain deadlines established in the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements* ECF No. 13936 in Case No. 17-3283 (the "Fourth Scheduling Order") and requesting entry of an order, substantially in the form attached hereto as Exhibit A (the "Clarification Order").   Movants have filed this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous adversary proceedings.   In support of this Motion, Movants respectfully state as follows:

---

[2] 11 U.S.C. §§ 101 *et seq*., as incorporated into these proceedings by PROMESA, defined above.

## PRELIMINARY STATEMENT[3]

1.     To date, the Movants have worked diligently to resolve approximately one hundred twenty-six (126) Vendor Avoidance Actions (defined below) under the Procedures and Scheduling Order, which allows for the informal resolution of these proceedings without the need for formal litigation and without taxing the Court's resources.  The Movants are currently negotiating resolutions with another approximately one hundred (100) defendants through the Information Exchange (as identified in Exhibit A hereto, the "Remaining Defendants" and as listed in the Supplemental Appendix).[4]

2.     As part of this process, Movants have on several occasions requested that the Court grant and update litigation deadlines set forth in various orders (the "Scheduling Orders").[5]  The most recent request for an extension to these deadlines came on July 16, 2020. This Court issued the Fourth Scheduling Order on August 3, 2020, granting the relief requested

---

[3] Capitalized terms used herein shall have the meaning ascribed to them in the Fourth Scheduling Order.

[4] Movants have moved for default in approximately twenty-six (26) actions.

[5]   The Scheduling Orders are:

- *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements,* ECF No. 7941 in Case No. 17-3283 (the "Procedures and Scheduling Order");

- *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements,* ECF No. 9476 in Case No. 17-3283 (the "Second Scheduling Order");

- *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 12528 in Case No. 17-3283 (the "Third Scheduling Order"); and the

- Fourth Scheduling Order (defined above).

by the Movants, including extending the litigation schedule for adversary proceedings to the following dates:

    a.   Answer or Motion to Dismiss deadline: **December 16, 2020**;

    b.   Response to Motion to Dismiss deadline: **February 16, 2021**; and

    c.   Reply to Motion to Dismiss deadline: **March 16, 2021**

(these deadlines together, the "Fourth Ordered Deadlines").

3.     Movants believe that the Fourth Ordered Deadlines are unambiguous and are the only litigation schedule that exists for the Remaining Defendants.  However, in light of certain statements regarding potential confusion within the order, Movants file this motion requesting clarification and entry of an order establishing that no other litigation schedule exists for the Remaining Defendants other than the Fourth Ordered Deadlines.

## JURISDICTION, VENUE, AND STATUTORY BASES

4.     This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

5.     Venue is proper pursuant to section 307(a) of PROMESA.

6.     The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9006 and 9019.

## FACTUAL BACKGROUND

**I.**     **The Litigation Deadlines**

7.     In and around April 2019, Movants filed approximately two hundred fifty (250) avoidance actions on behalf of the various Title III Debtors against vendors and suppliers to the Commonwealth of Puerto Rico (the "Vendor Avoidance Actions").

8.     In addition to filing the Vendor Avoidance Actions, Movants filed the *Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and*

*Through the Members of the Special Claims Committee, and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for the Approval of Settlements* ECF No. 7325, Case No. 17-3283 (the "Procedures Motion").  This Court granted the Procedures Motion.  *See* Procedures and Scheduling Order.

9.      The Procedures and Scheduling Order established the following deadlines (together, the "Procedures and Scheduling Order Litigation Deadlines") to facilitate the informal, extrajudicial resolution of the Vendor Avoidance Actions:

  a.  **January 13, 2020**: deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "Response Due Date");

  b.  **March 9, 2020**: deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "Motion to Dismiss Response Date");

  c.  **April 13, 2020**: deadline for defendant to file a reply to motion to dismiss (the "Reply Deadline" and, together with the Response Due Date and the Motion to Dismiss Response Date, the "Procedure Order Litigation Deadlines"); and

  d.  Notwithstanding the foregoing, where a defendant files an answer, response, or Motion to Dismiss before January 13, 2020, the Oversight Board and the Committee shall have thirty (30) days after the filing of the answer, response or Motion to Dismiss to file an opposition or other responsive pleading. The defendant shall have thirty (30) days after the filing of an opposition or other responsive pleading to file a reply. Nothing herein precludes the parties from agreeing to, and the Court approving, a joint scheduling order if the parties so request. (This paragraph, the "Early Filing Option").

10.      Following entry of the Procedures and Scheduling Order, Movants began diligently working to resolve the more than 250 Vendor Avoidance Actions.  Earthquakes in Puerto Rico, among other disasters, and the COVID-19 pandemic have slowed the informal resolution process.  In response, Movants have requested on three occasions that litigation deadlines be pushed back.  ECF No. 9254 in Case No. 17-3283 (the "First Extension Motion"); ECF No. 12116 in Case No. 17-3283 (the "Second Extension Motion"); and ECF No. 13697 in

4

Case No. 17-3283 (the "Third Extension Motion" and, together with the First Extension Motion and the Second Extension Motion, the "Extension Motions"). [6]

11.    The Court granted each of the Extension Motions, entering the Scheduling Orders.  The Scheduling Orders extended the Response Due Date, Motion to Dismiss Response Date, and Reply Deadline, but not the Early Filing Option, which was permitted to expire by its own terms.  None of the subsequent Scheduling Orders mentioned the Early Filing Option or provided for any alternative deadlines, besides the Response Due Date, Motion to Dismiss Response Date, and Reply Deadline.

12.    Following the filing of each of the three Extension Motions, parties in interest had the opportunity to object to the relief requested.  However, not a single party filed an objection to the relief sought.

### II.       The Evertec Litigation

13.    The Procedures Motion, the order granting such motion and stating the Procedures and Scheduling Order Litigation Deadlines, and each subsequent extension motion and order were all served on each defendant to the Vendor Avoidance Actions.  With respect to Evertec, Inc. ("Evertec"), defendant in Case No. 19-00044, the Fourth Scheduling Order appears on the docket at ECF No. 12.  Neither Evertec nor any other party filed an objection to the Third Extension Motion, or a motion to reconsider the Fourth Scheduling Order.

14.    On September 15, 2020, Evertec filed a *Motion to Dismiss Adversary Complaint* ECF No. 14 in Case No. 19-00044 (the "Evertec MTD").  Simultaneously, Evertec filed the *Notice of Hearing on Evertec Group, LLC's Motion to Dismiss Adversary Complaint* ECF No. 15 in Case No. 19-00044 (the "Evertec Notice").  The Evertec Notice represented that the date

---

[6] The First Extension Motion was granted by the Second Scheduling Order.  The Second Extension Motion was granted by the Third Scheduling Order.  The Third Extension Motion was granted by the Fourth Scheduling Order.

and time of the applicable objection deadline for the Evertec MTD would be October 15, 2020, and that the date and time of the applicable reply deadline would be November 16, 2020.

15.     The Evertec Notice conflicted with the Fourth Scheduling Order, which stated an objection deadline of February 16, 2021 and a reply deadline of March 16, 2021.  Thus, on September 17, 2020, this Court issued an order striking the Evertec Notice and requiring these proceedings to continue in accordance with the Fourth Ordered Deadlines as set forth in the Fourth Scheduling Order. ECF No. 20 in Case No. 19-00044 (the "Evertec Notice Order").

16.     On September 18, 2020, Evertec filed a *Motion to Alter or Amend Order Pursuant to Fed. R. Civ. P. 59(e)*, ECF No. 21 in Case No. 19-0044 (the "Reconsideration Motion") requesting that this Court reconsider the Evertec Notice Order and arguing that the Fourth Scheduling Order permitted Evertec to notice the Evertec MTD along a schedule other than that stated in the Fourth Scheduling Order.  Effectively, Evertec argues that the Early Filing Option still exists and has been extended notwithstanding the absence of any language in the Scheduling Orders in support thereof.

17.     On September 21, 2020, this Court issued an order requiring the parties to meet and confer and file a joint proposed briefing schedule for the Evertec MTD ECF No. 22 in Case No. 19-00044 (the "Reconsideration Order").

### RELIEF REQUESTED

18.     The Movants respectfully request that this Court clarify the litigation deadlines established in the Fourth Scheduling Order and issue an order substantially in the form attached hereto as Exhibit A.[7]

---

[7] Movants are not seeking to alter or amend the Reconsideration Order at this time, and, therefore, Evertec is not listed in the Supplemental Appendix among the Remaining Defendants to which this Motion applies.  Nevertheless, Movants reserve the right to later seek to alter or amend the Reconsideration Order or to otherwise obtain relief from the Court with respect to the deadlines in the Evertec adversary proceeding if the parties are unable to arrive at an agreed-upon briefing schedule.

## ARGUMENT

### I.        The Litigation Deadlines Are Unambiguous.

19.     The Fourth Scheduling Order establishes (i) a Response Due Date, (ii) a Motion to Dismiss Response Due Date, and (iii) a Reply Deadline.  There are no other deadlines, nor any other proffered means of proceeding with litigation in the Vendor Avoidance Actions provided for in the Fourth Scheduling Order.

20.     The plain text of the Fourth Scheduling Order should be understood by every applicable party and should be applied to such parties.

### II.       Confusion of the Scheduling Order Will Lead to Expense and Harm the Debtors.

21.     Notwithstanding that the Fourth Scheduling Order is clear on its own terms, any alternative reading of the order will give rise to tremendous difficulties for the Movants, the defendants, and the Court.

22.     First, Evertec's reading of the Procedures and Scheduling Order renders the Fourth Scheduling Order meaningless: by Evertec's interpretation, incorporating the Early Filing Option, the only way to proceed along the Fourth Ordered Deadlines is for a vendor to file and serve a motion to dismiss *on* the Response Due Date.  Any earlier filing, even if by one day, would subject the Movants to a second procedural path whereby the Movants have thirty (30) days from the time of the filing to respond, as opposed to approximately sixty (60).  The Movants requested the Fourth Scheduling Order to create a coordinated and consolidated briefing schedule for the various Vendor Avoidance Actions.

23.     Second, any purported confusion of the Fourth Scheduling Order would create a host of unintended consequences.  The goal of the Procedures and Scheduling Order and the entire informal resolution process was and remains to informally resolve a massive number of

Vendor Avoidance Actions in a judicially economical and structured process.  If, as under the Reconsideration Order, the Movants must now negotiate a scheduling order with any party that files a motion to dismiss, there will necessarily be significant costs in reaching and formalizing such agreements, and a significant risk of disparate treatment among similarly situated vendors.

24.     Third, the Movants urge the Court to consider the impact on the Oversight Board and the Committee of being forced to litigate numerous motions to dismiss along varying schedules, after six months of planning to achieve (a) many dozens of out-of-court settlements to avoid litigation entirely, and (b) a consolidated process for the few remaining defendants that choose to litigate substantially similar issues.  The costs of such an exercise will be substantial and will force the parties to reallocate resources that are currently devoted to, among other things, addressing the shifting landscape beneath the proposed plans of adjustment in these Title III cases.

25.     The purpose of the Scheduling Orders was to bring regularity and formality to this complex process.  Any insistence on a scheduling option un-stated in the Fourth Scheduling Order undermines the process and brings disarray and expense to what has been, heretofore, an extremely orderly and efficient process.

26.     For these reasons, the Movants respectfully request that this Court issue an order substantially in the form attached hereto as Exhibit A clarifying that the Fourth Ordered Deadlines, and only such deadlines, apply in the Vendor Avoidance Actions.

**NOTICE**

27.     The Oversight Board has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight Board; (vii) counsel for the Creditors' Committee; (viii)

8

counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in the Supplemental Appendix through their counsel, if known, through their resident agent, or a representative.

WHEREFORE, Movants respectfully request that this Court enter an order substantially in form attached hereto as Exhibit A granting the relief requested herein and granting Movants such other relief as this Court deems just and proper.

Dated:  September 24,2020.

Respectfully submitted,

*/s/ Sunni P. Beville*

**BROWN RUDNICK LLP**
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

*/s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured
Creditors for all Title III Debtors (other than
COFINA) in Certain of the Avoidance Actions*

*/s/ John Arrastia*

**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official
Committee of Unsecured Creditors*

/s/ Carlos Infante
**ESTRELLA, LLC**
Carlos Infante (USDC-PR 301801)
Kenneth C. Suria (USDC-PR 213302)
Alberto Estrella (USDC-PR 209804)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

/s/ Juan J. Casillas Ayala
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR
306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured
Creditors (other than COFINA and PBA)*

11

**Exhibit A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>     Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Debtor.

_____

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO,

      as representative of

THE PUERTO RICO ELECTRIC POWER AUTHORITY,

      Debtor.

_____

PROMESA
Title III

Case No. 17 BK 4780-LTS

---

**ORDER GRANTING OMINIBUS MOTION BY THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE
MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO CLARIFY THE LITIGATION
DEADLINES ESTABLISHED IN THE THIRD OMNIBUS ORDER TO EXTEND
<u>LITIGATION DEADLINES</u>**

Upon the motion dated September 24, 2020 (the "<u>Motion</u>") of the Oversight Board,[1]

acting by and through the members of the Special Claims Committee, and the Committee,

pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure

7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the

Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("<u>PROMESA</u>"), 48

U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and

under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under

section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion

having been provided, and it appearing that no other or further notice need be provided; and the

Court having reviewed the Motion and any opposition thereto; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in Motion unless otherwise noted.

herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Motion is granted, and it is further

**ORDERED** that the schedule set out below shall apply to all of the Remaining Defendants identified in Exhibit A to the Motion, unless and until such time as such schedule is revised or extended by Court order:

       *i.*    **Response Due Date**: December 16, 2020;

       *ii.*    **Motion to Dismiss Response Date**: February 16, 2021;

       *iii.*    **Reply Deadline**: March 16, 2021; and it is further

**ORDERED** that, except as modified by this Order, the Procedures and Scheduling Order shall otherwise remain in full force and effect; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

Dated: _____, 2020.


                            _____
                            Honorable Judith G. Dein
                            United States Magistrate Judge

4

**<u>Supplemental Appendix</u>**

| Defendant | Adversary Proceeding No. |
|---|---|
| A NEW VISION IN EDUCATIONAL SERV & MATE | 19-00061 |
| ACR Systems | 19-00057 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00058 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00347 |
| Ambassador Veterans Services of Puerto Rico L.L.C. | 19-00048 |
| Apex General Contractors LLC | 19-00062 |
| Armada Productions Corp. | 19-00076 |
| Badillo Saatchi & Saatchi, Inc. | 19-00083 |
| Bianca Convention Center, Inc. | 19-00072 |
| Bio-Nuclear of Puerto Rico, Inc. | 19-00091 |
| Bristol-Myers Squibb Puerto Rico, Inc. | 19-00042 |
| Caribbean Temporary Services, Inc. | 19-00104 |
| Caribe Grolier, Inc. | 19-00051 |
| Carnegie Learning, Inc. | 19-00108 |
| CCHPR Hospitality, Inc | 19-00116 |
| Centro de Desarrollo Academico, Inc. | 19-00053 |
| Chelo's Auto Parts | 19-00144 |
| Citibank, N.A. | 19-00265 |
| Clinica de Terapias Pediatricas, Inc. | 19-00054 |
| Community Cornerstones, Inc. | 19-00043 |
| Computer Learning Centers, Inc. | 19-00055 |
| Computer Network Systems Corp. | 19-00150 |
| Core Laboratories N.V. d/b/a Saybolt | 19-00381 |
| Creative Educational & Psychological Services, Inc. | 19-00152 |
| Desarrollo Comunicologico de Arecibo Inc. | 19-00158 |
| Didacticos, Inc. | 19-00161 |
| Distribuidora Blanco, Inc. | 19-00163 |
| Distribuidora Lebron Inc. | 19-00167 |
| E. Cardona & Asociados, Inc. | 19-00056 |
| Eastern America Insurance Agency, Inc. | 19-00279 |
| Ecolift Corp. | 19-00172 |
| Empresas Arr Inc. | 19-00084 |
| Enterprise Services Caribe, LLC | 19-00060 |
| Explora Centro Academico Y Terapeutico LLC | 19-00143 |
| Facsimile Paper Connection Corp. | 19-00092 |
| Fast Enterprises LLC | 19-00266 |
| FIRST HOSPITAL PANAMERICANO | 19-00093 |
| FP + 1, LLC | 19-00148 |
| GF Solutions, Inc. | 19-00063 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Gila LLC | 19-00354 |
| Girard Manufacturing, Inc. | 19-00103 |
| GM Security Technologies, Inc. | 19-00273 |
| Great Educational Services Corporation | 19-00277 |
| GUIMERFE INC | 19-00182 |
| Hewlett Packard Puerto Rico, BV LLC | 19-00183 |
| Hospira Puerto Rico, LLC | 19-00186 |
| Huellas Therapy, Corp. | 19-00065 |
| Institucion Educativa Nets, LLC | 19-00067 |
| International Surveillance Services Corporation | 19-00202 |
| Intervoice Communication of Puerto Rico Inc. | 19-00068 |
| Jose Santiago, Inc. | 19-00075 |
| Junior Bus Line, Inc. | 19-00229 |
| Law Offices Wolf Popper P.S.C. | 19-00236 |
| Macam S.E. | 19-00255 |
| Management, Consultants & Computer Services, Incorporated | 19-00081 |
| Manpower | 19-00088 |
| Merck Sharp & Dohme (I.A.) LLC | 19-00276 |
| Michica International Co., Inc. | 19-00238 |
| Microsoft Corporation | 19-00290 |
| MMM Healthcare, Inc. | 19-00095 |
| Multi Clean Services Inc. | 19-00244 |
| N. Harris Computer Corporation | 19-00102 |
| National Copier & Office Supplies, Inc. | 19-00251 |
| Nelson D. Rosario Garcia | 19-00125 |
| Netwave Equipment Corp. | 19-00253 |
| Olimac Manufacturing Corporation | 19-00383 |
| Oracle Caribbean, Inc. | 19-00112 |
| Pearson Education, Inc. | 19-00245 |
| Pearson Pem P.R., Inc. | 19-00117 |
| Populicom, Inc. | 19-00180 |
| Professional Consulting Psychoeducational Services, LLC | 19-00188 |
| Prospero Tire Export, Inc. | 19-00196 |
| Puerto Rico Supplies Group Inc. | 19-00199 |
| Puerto Rico Telephone Company, Inc. | 19-00127 |
| Quest Diagnostics of Puerto Rico, Inc. | 19-00440 |
| R. Cordova Trabajadores Sociales C S P | 19-00138 |
| Ready & Responsible Security, Inc. | 19-00387 |
| Reyes Contractor Group, Inc. | 19-00220 |
| Ricoh Puerto Rico, Inc. | 19-00128 |

| Defendant | Adversary Proceeding No. |
| --- | --- |
| ROCK SOLID TECHNOLOGIES INC | 19-00230 |
| Rocket Learning, LLC | 19-00232 |
| Rocket Teacher Training, LLC | 19-00235 |
| Rodriguez-Parissi & Co., C.S.P. | 19-00155 |
| Rosso Group, Inc. | 19-00239 |
| S.H.V.P. Motor Corp. | 19-00134 |
| Seguros Colon Colon, Inc. | 19-00130 |
| Sesco Technology Solutions, LLC | 19-00162 |
| St. James Security Services, LLC | 19-00145 |
| Sucn Oscar Rodriguez Crespo | 19-00165 |
| Suzuki del Caribe, Inc. | 19-00219 |
| T R C Companies | 19-00168 |
| Taller de Desarrollo Infantil y Prescolar Chiquirimundi Inc. | 19-00049 |
| Total Petroleom PR Corp | 19-00114 |
| Transcore Atlantic, Inc. | 19-00348 |
| Transporte Sonnel Inc | 19-00149 |
| Truenorth Corp. | 19-00160 |
| Valmont Industries, Inc. | 19-00385 |
| VIIV Healthcare Puerto Rico, LLC | 19-00164 |
| WEG Electric Corp. | 19-00386 |
| XEROX CORPORATION | 19-00218 |