**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

**Re: ECF No. 7646, 7689, 7832, 8244, 12005, 12523, 12533, 13541, 13703, 13904, & 14132**

-----------------------------------------------------------x

**JOINT STIPULATION OF THE GOVERNMENT PARTIES AND
THE DRA PARTIES REGARDING THE DRA PARTIES' MOTION
AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE,
<u>ORDERING PAYMENT OF ADEQUATE PROTECTION</u>**

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

Authority, Act 2-2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" and together with AAFAF the "Government Parties"), in its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 U.S.C. § 2101 *et seq.* ("PROMESA"), AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[2] by and through their respective attorneys, hereby stipulate and agree as follows:

**RECITALS**

A. On June 25, 2019, the DRA Parties (a) filed that certain *DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 7643] (the "DRA Stay Motion") and the *Notice of Hearing on the DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 7646], requesting that (1) any objections to the DRA Stay Motion be due July 16, 2019 at 4:00 p.m. (Prevailing Eastern Time) and (2) the DRA Stay Motion be heard at the omnibus hearing to be held on July 24, 2019 and (b) contended that they have incurred economic loss with respect to the value of their alleged collateral security, of not less than $556.98 million in outstanding interest fees and expenses accrued as of the date the DRA Stay Motion was filed (such amount being exclusive of any principal that the DRA Parties allege became due and owing).

---

[2] The Government Parties and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

2

B. On June 26, 2019, the Court entered the *Order (i) Denying the DRA Parties' Motion For Leave To Request Additional Relief Pursuant To Local Bankruptcy Rule 4001-1(A) (Docket Entry No. 7647) and (ii) Setting Briefing Schedule With Respect to the DRA Parties' Motion for Relief from the Automatic Stay* [ECF No. 7689], which set July 9, 2019 as the deadline to object to the DRA Stay Motion.

C. On July 3, 2019, the Court entered the *Order Approving Joint Stipulation Regarding the DRA Parties' Motion and Memorandum of Law in Support of Their Motion For Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* (the "Original Order") [ECF No. 7832], which provided that the briefing and hearing schedule regarding the DRA Stay Motion would be bifurcated to first determine the DRA Parties' standing to bring the DRA Stay Motion (the "Standing Issue") and set an agreed briefing schedule with respect to that issue.

D. On July 24, 2019, the Court entered the *Order Regarding Stay Period and Mandatory Mediation* (as amended) (the "Mediation Stay Order") [ECF No. 8244], which provided that certain matters in the Title III cases would be stayed through November 30, 2019 (the "Stay Deadline") and subjected to mandatory mediation.

E. On August 16, 2019, the Court entered the *Stipulated Order Subjecting the DRA Parties' Lift Stay Motion to Mediation and 120-Day Stay* [ECF No. 8481], which provided that all issues related to the DRA Stay Motion would be stayed and subject to mandatory mediation imposed by the Mediation Stay Order. By order, dated October 28, 2019, the Court extended the Stay Deadline to December 31, 2019.

G. On December 19, 2019, the Court entered the *Interim Order Approving the Amended Joint Stipulation Regarding the DRA Parties' Motion and Memorandum of Law in Support of Their Motion for Relief From Automatic Stay, or in the Alternative, Ordering Payment*

3

*of Adequate Protection* [ECF. No. 9622] ("DRA Scheduling Order"), which provided that the Government Parties would object to the DRA Stay Motion (on an individual or joint basis), solely concerning the Standing Issue by February 21, 2020, with oppositions by the DRA Parties due on March 13, 2020, and replies due on March 27, 2020.

      H.      On January 16, 2020, certain monolines filed the amended *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection* [ECF No. 10102] (the "Monolines' Lift Stay Motion").

      I.      On January 31, 2020, the Court issued the *Amended Interim Case Management Order for Revenue Bonds* [ECF No. 10595] (the "Amended Revenue Bond Scheduling Order") in which the Court bifurcated the consideration of the Monolines' Lift Stay Motion to issues of standing and secured status first (the "Gating Issues").

      J.      On February 11, 2020, the DRA Parties filed the *Motion and Memorandum of Law in Support of their (I) Notice that the DRA is a Party in Interest and can Participate in the Monolines Amended Lift Stay Litigation and Request to Modify the Amended Revenue Bond Scheduling Order or, (II) in the Alternative, Motion to Permit the DRA Parties to Intervene in the Monolines Amended Lift Stay Litigation* [ECF No. 10835] (the "Participation Motion"), seeking to participate and be heard in the Monolines' Lift Stay Motion.

      K.      On February 19, 2020, the Parties entered into and filed with the Court the *Joint Stipulation Regarding (I) The DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection; and (II) The DRA Parties' Motion and Memorandum of Law in Support of their Notice that the DRA is a Party in Interest and can Participate in the Monolines Amended Lift Stay*

4

*Litigation* [ECF No. 11285] (the "Participation Stipulation"), which provided, among other things, (i) that the Government Parties would consent to the DRA Parties' limited participation in the Monolines' Lift Stay Motion on the terms and conditions set forth in the Participation Stipulation and (ii) the DRA Stay Motion would be stayed until Gating Issues were decided in the Monolines' Lift Stay Motion.

L. On March 3, 2020, the Court entered an Order granting the DRA Parties certain participation rights in the Monolines' Lift Stay Motion [ECF No. 12005] (the "Participation Order") and ordered the DRA Parties and the Government Parties to meet and confer and file a status report proposing a new briefing schedule on the DRA Stay Motion by March 11, 2020.

M. On March 25, 2020, the Court entered *the Order Approving Joint Stipulation of the Government Parties and the DRA Parties Regarding the DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 12533], which provided among other things that the Government Parties would file any objection to the DRA Stay Motion (on an individual or joint basis), solely concerning the Standing Issue, no later than 14 days following the Court's determination of the Gating Issues, the DRA parties would file a response no later than 14 days thereafter, and the Government Parties would file a reply to the DRA response by no later than 7 days following the DRA Parties' response.

N. On July 2, 2020, the Court issued a decision in *In re Fin. Oversight & Mgmt. Bd. for P.R.* No. 17 BK 3283-LTS (D.P.R. Jul. 2, 2020) (Dkt. No. 13541).

O. On July 17, 2020, the Court issued the *Order Approving Joint Stipulation of the Government Parties and the DRA Parties Regarding the DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative,*

5

*Ordering Payment of Adequate Protection* [ECF No. 13703], further adjourning the DRA Stay Motion.

P. On July 31, 2020, the Court issued the *Order Approving Joint Stipulation of the Government Parties and the DRA Parties Regarding the DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 13922], further adjourning the DRA Stay Motion.

Q. On August 31, 2020, the Court issued the *Order Approving Joint Stipulation of the Government Parties and the DRA Parties Regarding the DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection* [ECF No. 14132], further adjourning the DRA Stay Motion.

NOW, THEREFORE, the Parties have agreed to further adjourn the deadline for responses concerning the DRA Stay Motion and have agreed to the briefing schedule concerning the DRA Stay Motion set forth in this Stipulation.

**AGREEMENT**

1. The Parties agree that by no later than March 31, 2021, the DRA Parties will file an amended DRA Stay Motion to reflect new developments since the DRA Stay Motion was filed in June 2019 (the "Amended DRA Stay Motion").

2. The Government Parties will file any objection to the Amended DRA Stay Motion (on an individual or joint basis), solely concerning the Standing Issue, no later than April 21, 2021 (the "Objection Deadline").[3]

---

[3] To the extent the Official Committee of Unsecured Creditors (the "UCC") has the right to be heard on the Standing Issue, the Objection Deadline and the terms of Section 9 of the Final Case Management Order for Revenue Bonds

3. The DRA Parties will file a response in support of the Amended DRA Stay Motion (the "DRA Response"), solely concerning the Standing Issue, no later than May 5, 2021 (the "Response Deadline").

4. The Government Parties will file a reply (on an individual or joint basis) to the DRA Response by no later than May 12, 2021 (the "Reply Deadline").

5. The Court will hear argument on the Amended DRA Stay Motion, solely concerning the Standing Issue, at a date to be determined by the Court (the "Hearing Date").

6. All issues concerning the underlying merits of the Amended DRA Stay Motion will be stayed pending the Court's consideration and determination of the Standing Issue.

7. Within 14 days after the Hearing Date, the Parties shall meet and confer and submit a joint status report proposing a scheduling order for the resolution of the Amended DRA Stay Motion.

8. The DRA Parties shall be deemed to have waived their right to assert the termination of the automatic stay pursuant to section 362(e) of title 11 of the United States Code (the "Bankruptcy Code") with respect to the Amended DRA Stay Motion and the automatic stay pursuant to Bankruptcy Code section 362 shall remain in effect pending entry of a final order of the Court concerning the merits of the Amended DRA Stay Motion. The DRA Parties have not and are not waiving any other rights, legal arguments or positions in connection with the Amended DRA Stay Motion, nor are they waiving any rights, legal arguments, or positions regarding any and all other pending matters in the Commonwealth's and HTA's Title III process, or any other legal proceeding, which are hereby fully and expressly preserved by the DRA Parties and are not impaired or otherwise prejudiced by the terms set forth in the Stipulation or Proposed Order.

---

(ECF No. 12186) shall apply. All parties reserve their respective rights regarding the scope of the UCC's participation rights in any aspect of the DRA Stay Motion litigation.

9. To the extent necessary, the Parties will work collaboratively and in good faith to coordinate any document exchange or discovery, limited to such documents concerning the Standing Issue, in advance of the Objection Deadline, Response Deadline, Reply Deadline, and Hearing Date.

10. For the avoidance of doubt, nothing herein shall affect the rights of any Party, person, or entity with respect to discovery, enforcement of said discovery, or to oppose discovery, in connection with the DRA Stay Motion, or to seek adjournment of the Amended DRA Stay Motion, or to oppose such adjournment, all of which rights are fully and expressly preserved. In addition, all other rights, claims and remedies of the Parties are fully and expressly preserved and are not impaired or otherwise prejudiced by the terms set forth in the Stipulation or Proposed Order.

11. The Parties expressly reserve all rights to seek modification of, or relief from, this Stipulation and the Order approving this Stipulation.

Dated: September 25, 2020
      San Juan, Puerto Rico

Respectfully submitted,

| **O'MELVENY & MYERS LLP** | **MARINI PIETRANTONI MUÑIZ LLC** |
|---|---|
| */s/ John J. Rapisardi* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| 7 Times Square | USDC No. 222301 |
| New York, NY 10036 | Carolina Velaz-Rivero |
| Telephone: (212) 326-2000 | USDC No. 300913 |
| Facsimile: (212) 326-2061 | 250 Ponce de León Ave., Suite 900 |
| Email: jrapisardi@omm.com | San Juan, Puerto Rico 00918 |
| | Tel: (787) 705-2171 |
| -and- | Fax: (787) 936-7494 |
| Peter Friedman | |

1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory
Authority*

Dated: September 25, 2020
       San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| */s/ Martin J. Bienenstock* | */s/ Hermann D. Bauer* |
| Martin J. Bienenstock (*pro hac vice*) | Hermann D. Bauer |
| Brian S. Rosen (*pro hac vice*) | USDC No. 215205 |
| **PROSKAUER ROSE LLP** | **O'NEILL & BORGES LLC** |
| Eleven Times Square | 250 Muñoz Rivera Ave., Suite 800 |
| New York, NY 10036 | San Juan, PR 00918-1813 |
| Tel: (212) 969-3000 | Tel: (787) 764-8181 |
| Fax: (212) 969-2900 | Fax: (787) 753-8944 |
| | Email: hermann.bauer@oneillborges.com |
| *Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth and HTA* | *Attorney for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth and HTA* |

Dated: September 25, 2020
San Juan, Puerto Rico

Respectfully submitted,

**C. CONDE & ASSOC. LAW OFFICES**
By: */s/ Carmen D. Conde Torres*
Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

-and-

Laura Metzger (admitted pro hac vice)
Peter Amend (admitted pro hac vice)
Davit Litterine-Kaufman (pro hac vice admission pending)
Monica Perrigino (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

-and-

**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

11

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY ("HTA")

    Debtor.

PROMESA
Title III

No. 17 BK 3567-LTS

**Re: ECF No. 7646, 7689, 7832, 8244, 12005, 12523, 12533, 13541, 13703 & 13904**

-------------------------------------------------------------x

**ORDER APPROVING JOINT STIPULATION OF THE GOVERNMENT
PARTIES AND THE DRA PARTIES REGARDING THE DRA PARTIES' MOTION
AND MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE,
<u>ORDERING PAYMENT OF ADEQUATE PROTECTION</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of the *Joint Stipulation of the Government Parties and the DRA Parties Regarding the DRA Parties' Motion and Memorandum of Law in Support of their Motion for Relief from the Automatic Stay, or in the Alternative, Ordering Payment of Adequate Protection*, (the "Stipulation"),[2] a copy of which is annexed hereto as Exhibit "A" and incorporated herein by reference, filed on September 25, 2020 by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), pursuant to the authority granted to it under the Enabling Act of the Fiscal Agency and Financial Advisory Authority, Act 2-2017; the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" and together with AAFAF the "Government Parties") in its capacity as representative of the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA"); AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"),[3] and the Court having found and determined that (i) the Court has jurisdiction over this proceeding and the Stipulation pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Stipulation is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief requested therein, it is **HEREBY ORDERED THAT:**

1. The Stipulation is **GRANTED** as set forth herein.

2. The DRA Parties will file an amended lift stay motion ("the Amended DRA Stay Motion") no later than March 31, 2021.

---

[2] Capitalized terms not defined herein have the same meaning as in the Stipulation.
[3] The Government Parties and the DRA Parties are sometimes hereinafter referred to as the "Parties" and each, a "Party".

3. The Government Parties will file any objection to the Amended DRA Stay Motion (on an individual or joint basis), solely concerning the Standing Issue, no later than April 21, 2021.[4]

4. The DRA Parties will file a response in support of the Amended DRA Stay Motion (the "DRA Response"), solely concerning the Standing Issue, no later than May 5, 2021.

5. The Government Parties will file a reply (on an individual or joint basis) to the DRA Response by no later than May 12, 2021.

6. Unless otherwise modified pursuant to the Stipulation, the Original Order remains in full force and effect.

SO ORDERED.

Dated _____, 2020
San Juan, Puerto Rico

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

---

[4] To the extent the Official Committee of Unsecured Creditors (the "UCC") has the right to be heard on the Standing Issue, the Objection Deadline and the terms of Section 9 of the Final Case Management Order for Revenue Bonds (ECF No. 12186) shall apply. All parties reserve their respective rights regarding the scope of the UCC's participation rights in any aspect of the DRA Stay Motion litigation.