# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 13817, 13818, 14053, 14086, 14252, 14286, 14296, 14398, 14401**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-4780-LTS |

**JOINT STATUS REPORT IN COMPLIANCE WITH ORDER REGARDING MOTION OF EFRON DORADO, S.E. FOR RELIEF FROM THE AUTOMATIC STAY**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

TO THE HONORABLE COURT:

Come now Efron Dorado, SE ("Movant") and the Puerto Rico Electric Power Authority ("PREPA"), through their undersigned counsel and respectfully state as follows:

## I. BACKGROUND

On September 15, 2020, the Court entered an *Order Regarding Joint Status Report on Order Regarding Motion of Efron Dorado, S.E. for Relief from the Automatic Stay* (the "Order") (ECF No. 14296).[2] The Order directed the parties to file a status report on or before September 23, 2020, later extended to September 30, 2020 (ECF No. 2216), concerning whether there remains the need to proceed with oral argument with respect to the *Motion of Efron Dorado, S.E. for Relief from the Automatic Stay and Memorandum of Law in Support Thereof* (the "Motion") (ECF No. 13817).

## II. THE PARTIES' POSITION AS TO THE MODIFICATION OF THE AUTOMATIC STAY

### A. PREPA's Position:

PREPA consents to the modification of the automatic stay solely to allow Movant to continue and/or commence the Law 33 Process with respect to Account No. 025-0430581-001, which has also been identified as Account No. 6372402000 in PREPA's previous Oracle Utilities Customer Care and Billing system; *provided*, that the automatic stay shall remain in effect in all other respects, including, without limitation, with respect to the enforcement of the judgment of the Court of First Instance of Puerto Rico, Superior Section of San Juan (the "State Court") entered against PREPA and its then Executive Director Miguel Cordero in Case Number 2010-24081 (904) (the "State Court Case"). It is PREPA's position that this remedy addresses Movant's request

---

[2] Docket references are to Case No. 17-BK-04780-LTS.

2

which is related solely to the Law 33 Process (Motion ¶ 10) and therefore, there is no need to address the request for an *alternate relief*, more so when the alternate relief is made on behalf of a third-party.[3] Furthermore, it is unclear what is the legal basis for the Court to lift the stay with respect to Movants' request that certain accounts would be credited to a third party, as it was not part of the prepetition litigation between Movant and PREPA.[4] Likewise, should PREPA change the credits made to Condominio's account, PREPA would be in violation of a State Court order.[5]

### B. Movant's Position:

Movant sustains that the modification of the automatic stay shouldn't be limited as indicated by PREPA, but should also include the modification of the automatic stay to allow Movant to enforce the judgment in Case Number 2010-2408 (904) and to restore the $183,536.78 as a credit to Condominio's account with PREPA, as originally effected, in consideration of Condominio's account receivable against Norfe Group Corp. ("Norfe"), Movant's affiliate, which credit was assigned by Movant to Norfe, as approved by PREPA and improperly reverted by PREPA, crediting the $183,536.78 to Movant's account object of the Administrative Process in violation of Law 33. As a result, Condominio claimed the $183,536.78 from Movant, which was paid thereto by Movant, underscoring Movant's position as the aggrieved party. The crediting of

---

[3] The relief requested by Movant is that: "[p]ursuant to Bankruptcy Code section 362, made applicable by PROMESA section 301(a), the automatic stay is hereby lifted in its entirety and without conditions to allow Efron Dorado, S.E. to enforce the Judgment entered by the Court of First Instance of Puerto Rico, Superior Section of San Juan in Case Number 2010-2408(904) against Puerto Rico Electric Power Authority." *See* Proposed Order, ¶ 2; *see also* (WEREFORE clause in the Motion, requesting "granting Movant relief form the automatic stay of 11 U.S.C. § 362 (a) (1) to request the enforcement of the Judgment.")

[4] *See* Motion, ¶ 19 ("In the alternative of funds total $183,536.78 being reimbursed, a credit for said amount may be reverted to Condominio 211 Plaza."); *see also Reply to Objection of Puerto Rico Electric Power Authority to Efron Dorado, S.E.'s Motion for Relief from the Automatic Stay and Memorandum of Law in Support Thereof* (ECF No. 14115), ¶ 11 (Movant asserting that "[t]he crediting of the Condominium's account is not the heart of the controversy and only raised as an alternative remedy…")

[5] *Amended Order* entered on November 14, 2012, by the Puerto Rico Court of First Instance, Superior Court, San Juan, in the matter of *Banco Popular de Puerto Rico v. Efron Dorado, S.E., et al.*, civil case no. KCD 2012-1309 (directing the Accounts Division of the Court to issue a check in favor of PREPA to be applied to the account of Movant's shopping center communal areas)

the $183,536.78 to Condominio's account with PREPA would serve as a credit to Norfe with Condominio, as Condominio's tenant, as originally agreed to. This will not result in any prejudice to PREPA, since it will simply consist of the restoration of a credit given by PREPA without any disbursement on its part.

### III. STATUS OF DISCUSSIONS

PREPA and Movant discussed the issues raised by the Court. Movant shared with PREPA documents pertaining to the Law 33 Process and Movant's voluntary chapter 11 petition.[6] After reviewing such documents and others that PREPA was able to locate, PREPA and Movant have agreed that the Administrative Process was terminated, without prejudice, at Movant's request, due to Movant's filing of a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico.[7] On March 14, 2016, Movant moved for the Law 33 Process to be stayed pursuant to the automatic stay applicable to its chapter 11 case. The Law 33 Process was dismissed, without prejudice. Therefore, if the stay is modified, it may be reinstalled by Movant.

Accordingly, PREPA informed Movant that it would consent to a modification of the automatic stay as provided above. However, Movant conditioned the resolution of the Motion on PREPA transferring the disputed $183,536.78 from Movant's account to Condominio's account with PREPA for the reasons stated above. PREPA believes that such request is outside the scope of the stay relief requested in the Motion and improper. Furthermore, PREPA sustains that it cannot revert the credit to Condominio's account because there is no outstanding balance in that account. Amounts owing between PREPA and Condominio were settled pursuant to a payment

---

[6] *In Re Efron Dorado, S.E.,* case no. 16-00283-11, filed in the United States Bankruptcy Court for the District of Puerto Rico.
[7] *Id.*

4

plan. Movant's representative out of abundance of caution filed a proof of claim against PREPA on Condominio's behalf. Further, PREPA understands that the only remaining controversy regarding the disputed credit is between Movant and Condominio. Movant disputes PREPA's position as indicated above.

IV. **CONCLUSION**

PREPA submits that the Motion can be resolved modifying the automatic stay to allow Movant to continue with the Law 33 Process. Further, while Movant sustains that the modification of the automatic stay should include the credit to Condominio's account as indicated above, PREPA understands that the narrative provided above answers the Issues that the Court requested PREPA to present in oral argument, while Movant answered the Issues directed by the Court thereto in the *Joint Status Report or Order Regarding Motion of Efron Dorado, SE for Relief from the Automatic Stay* (ECF No. 14286). Therefore, the matter can be submitted and resolved without oral argument.

In San Juan, Puerto Rico, this 30th day of September 2020.

*s/Charles A. Cuprill-Hernández*
USDC-PR 114312
**Charles A. Cuprill, P.S.C. Law Offices**
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com

*Counsel for Movant*

*/s/ Katiuska Bolaños*
Katiuska Bolaños
USDC-PR No. 231812
kbolanos@diazvaz.law

DÍAZ & VÁZQUEZ LAW FIRM, PSC
290 Jesús T. Piñero Ave.
Scotiabank Tower, Suite 1105
San Juan, PR 00918
Tel.: (787) 395-7133
Fax. (787) 497-9664

*Counsel for the Puerto Rico Electric Power Authority*