# **<u>EXHIBIT F</u>**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |

## RESPONSES AND OBJECTIONS OF THE
## PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY TO
## AMBAC ASSURANCE CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION
## RELATING TO CASH RULE 2004 DISCOVERY

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Rules 26 and 36 of the Federal Rules of Civil Procedure, made applicable to this Title III case by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), through its undersigned counsel, hereby responds and objects to *Ambac Assurance Corporation's First Set of Requests for Admission to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Relating to Cash Rule 2004 Discovery*, served by Ambac Assurance Corporation ("Ambac"), dated August 4, 2020 (the "RFAs," and each individual RFA an "RFA"), as follows:

## PRELIMINARY STATEMENT

AAFAF's response and objections to the RFAs (these "Responses and Objections") are without prejudice to AAFAF's right to amend or supplement the response herein if necessary at a later date.  AAFAF has made reasonable efforts to respond to the RFAs, to the extent not objected to, as AAFAF understands and interprets the RFAs.  If Ambac subsequently asserts an interpretation of the RFAs that differs from that of AAFAF, AAFAF reserves the right to supplement its objections. By making the objections below, AAFAF does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.    AAFAF objects to the RFAs, and to each and every RFA, because they are (i) improper for a Rule 2004 matter, (ii) not relevant to the Rule 2004 examination into the Commonwealth's cash analysis, and (iii) seek admissions that appear aimed at confirmation-related issues.

2

2.       Regarding the impropriety of the RFAs, Federal Rule of Civil Procedure 36 permits parties to serve "a written request to admit, *for purposes of the pending action only*, the truth of any matters within the scope of Rule 26(b)(1)" (emphasis added).  The Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions.

3.       AAFAF objects to the RFAs, and to each and every RFA, as irrelevant, overbroad, and unduly burdensome because they seek information that is irrelevant, unnecessary and/or disproportionate to Ambac's stated purpose for Rule 2004 discovery; that is, an examination of the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities.  *See Motion For Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9022) (the "Cash Motion"). Further, AAFAF objects to the RFAs, and to each and every RFA, as premature and improper because they seek information regarding AAFAF's positions with respect to confirmation of any plan of adjustment proposed by the Oversight Board.  Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.

4.       AAFAF objects to the Definitions, the Instructions, and the RFAs, and to each and every RFA, to the extent they purport to impose burdens on AAFAF inconsistent with, or not otherwise authorized by, or seek to impose obligations exceeding those imposed by the Governing Rules.

5.       AAFAF objects to the RFAs, and to each and every RFA, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF intends to and does assert any and all such privileges with

3

respect to all such information.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

6.      AAFAF objects to the RFAs, and to each and every RFA, as unduly burdensome to the extent they request AAFAF respond to topics beyond its knowledge.  AAFAF further objects to the RFAs, and to each and every RFA, to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known Ambac.

7.      AAFAF objects to the RFAs, and to each and every RFA, as unduly burdensome to the extent they are cumulative or duplicative of other discovery requests served on AAFAF or other entities in connection with the Cash Motion.

8.      AAFAF objects to the RFAs, and to each and every RFA, as overbroad and unduly burdensome to the extent they purport to require AAFAF to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to reasonably address.

9.      AAFAF objects to the RFAs, and to each and every RFA, to the extent that they are vague and ambiguous.  In responding to the RFAs, and unless otherwise noted, AAFAF will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

10.      AAFAF objects to the RFAs, and to each and every RFA, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.

11.      AAFAF objects to the definition of the term "Commonwealth" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion. In responding to these RFAs, AAFAF will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its employees, officers, directors, known agents, instrumentalities, departments,

public corporations, and other political subdivisions reasonably likely to possess information relevant to the Cash Motion.

12.     AAFAF objects to the definition of the term "Government" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion. In responding to these RFAs, AAFAF will construe "Government" to mean the Commonwealth, AAFAF, and the Oversight Board, and their employees, officers, directors, and known agents reasonably likely to have information relevant to the Cash Motion.

13.     AAFAF objects to the definition of the term "You" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion.  In responding to these RFAs, AAFAF will construe "You" to mean AAFAF and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Cash Motion.

14.     AAFAF objects to the definition of the term "Identify" as vague, overly broad, and unduly burdensome.

15.     AAFAF objects to the definition of the term "Independent Accounting Process" to the extent it imposes differs from the description set forth in the *Informative Motion Regarding the Disclosure of Cash Balances of Puerto Rico Government Entities*, No. 17 BK 3283-LTS (Dec. 20, 2017), ECF No. 2120.

16.     AAFAF objects to the Instructions to the extent they impose duties on AAFAF that differ from or exceed those imposed by the Governing Rules.

17.     The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST NO. 1:**

Admit that the Government has not undertaken Step 3 of the Independent Accounting Process.

**RESPONSE TO REQUEST NO. 1:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF. AAFAF further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 2:**

Admit that the Government has not undertaken Step 4 of the Independent Accounting Process.

**RESPONSE TO REQUEST NO. 2:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this RFA as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding necessary operating expenses, as set forth in Step 4 of the Independent Accounting Process, is not

6

relevant to Ambac's requests for information regarding available unrestricted cash.  AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF.  AAFAF further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 3:**

Admit that Duff & Phelps has not undertaken Step 3 of the Independent Accounting Process.

**RESPONSE TO REQUEST NO. 3:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF. AAFAF further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 4:**

Admit that Duff & Phelps has not undertaken Step 4 of the Independent Accounting Process.

**RESPONSE TO REQUEST NO. 4:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a

motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF.   AAFAF further objects to this RFA as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion.  The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities.  Discovery regarding necessary operating expenses, as set forth in Step 4 of the Independent Accounting Process, is not relevant to Ambac's requests for information regarding available unrestricted cash.  AAFAF further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

## REQUEST NO. 5:

Admit that the Government has not confirmed legal restrictions applicable to funds deposited into the bank accounts of the Commonwealth.

## RESPONSE TO REQUEST NO. 5:

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this RFA as vague and ambiguous because it seeks information regarding whether the Government "confirmed legal restrictions."   AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF.   AAFAF

further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 6:**

Admit that the Government has not conducted an analysis of what operating costs or expenses of the Commonwealth may be necessary to maintain in good condition the operations of the Commonwealth.

**RESPONSE TO REQUEST NO. 6:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion.  The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities.  Discovery regarding necessary operating expenses is not relevant to Ambac's requests for information regarding available unrestricted cash.  AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF.  Further, AAFAF objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities.   PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.  AAFAF further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the

executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 7:**

Admit that the Government has not conducted an analysis to identify "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO REQUEST NO. 7:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding "essential public services" is not relevant to Ambac's requests for information regarding available unrestricted cash. AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF. Further, AAFAF objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. AAFAF further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 8:**

Admit that the Government has not conducted an analysis to determine what operating costs or expenses of the Commonwealth may be necessary to provide "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO REQUEST NO. 8:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding "essential public services" and "necessary" "operating costs" is not relevant to Ambac's requests for information regarding available unrestricted cash. AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF. Further, AAFAF objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. AAFAF further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which

is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 9:**

Admit that it is Your contention that all expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth associated with "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO REQUEST NO. 9:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding "essential public services" and "operating costs or expenses" is not relevant to Ambac's requests for information regarding available unrestricted cash. AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF. Further, AAFAF objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. AAFAF further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which

is specifically incorporated into this Response, AAFAF will not respond to this RFA.

**REQUEST NO. 10:**

Admit that it is Your contention that all expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth that are necessary to maintain in good condition the operations of the Commonwealth.

**RESPONSE TO REQUEST NO. 10:**

AAFAF objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion.  The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities.  Discovery regarding "essential public services" and "operating costs or expenses" is not relevant to Ambac's requests for information regarding available unrestricted cash.  AAFAF also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than AAFAF.  Further, AAFAF objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities.   PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.  AAFAF further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this RFA.

Dated:  September 3, 2020                       **O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi (*pro hac vice*)
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman (*pro hac vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

*Attorneys for Puerto Rico Fiscal Agency and
Financial Advisory Authority*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I caused copies of the foregoing documents to be served on the following counsel of record:

**WEIL, GOTSHAL & MANGES LLP**

Robert S. Berezin (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: robert.berezin@weil.com

*Attorneys for National Public Finance Guarantee Corp.*

**BUTLER SNOW LLP**

Martin A. Sosland (*pro hac vice*)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com
Jason W. Callen (*pro hac vice*)
150 3rd Avenue, South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

**PAUL HASTINGS LLP**

Luc A. Despins, Esq. (*pro hac vice*)
Nicholas A. Bassett, Esq. (*pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
**LAW OFFICES JOHN E. MUDD**
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202

**CADWALADER, WICKERSHAM & TAFT LLP**

Thomas J. Curtin (*pro hac vice*)
Casey J. Servais (*pro hac vice*)
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Email: thomas.curtin@cwt.com
casey.servais@cwt.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

johnmuddlaw@gmail.com

*Counsel for Corporación de Servicios Integrales de Salud del Area de Barranquitas, Comerío, Corozal, Naranjito y Orocovis (Corporación de Servicios Intergrales)*

**MILBANK LLP**

Atara Miller (*pro hac vice*)
John J. Hughes, III (*pro hac vice*)
Jonathan Ohring (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: amiller@milbank.com
jhughes2@milbank.com
johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

**PROSKAUER ROSE LLP**

Margaret A. Dale (*pro hac vice*)
Michael T. Mervis (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
mdale@proskauer.com
mmervis@proskauer.com
jalonzo@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

*/s/ Joseph L. Roth*
Joseph L. Roth

2