# **<u>EXHIBIT G</u>**

*Privileged and Confidential*
*Attorney Work Product*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |

## RESPONSES AND OBJECTIONS OF THE
## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO
## AMBAC ASSURANCE CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION
## <u>RELATING TO CASH RULE 2004 DISCOVERY</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Rules 26 and 36 of the Federal Rules of Civil Procedure, made applicable to this Title III case by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), through its undersigned counsel, hereby responds and objects to *Ambac Assurance Corporation's First Set of Requests for Admission to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Relating to Cash Rule 2004 Discovery*, served by Ambac Assurance Corporation ("Ambac"), dated August 4, 2020 (the "RFAs," and each individual RFA an "RFA"), as follows:

### PRELIMINARY STATEMENT

The Oversight Board's response and objections to the Requests (these "Responses and Objections") are without prejudice to the Oversight Board's right to amend or supplement the response herein if necessary at a later date.  The Oversight Board has made reasonable efforts to respond to the RFAs, to the extent not objected to, as the Oversight Board understands and interprets the RFAs.  If Ambac subsequently asserts an interpretation of the RFAs that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its objections.  By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

### GENERAL OBJECTIONS

1.      The Oversight Board objects to the RFAs, and to each and every RFA, because they are (i) improper for a Rule 2004 matter, (ii) not relevant to the Rule 2004 examination into the

Commonwealth's cash analysis, and (iii) seek admissions that appear aimed at confirmation-related issues.

2.      Regarding the impropriety of the RFAs, Federal Rule of Civil Procedure 36 permits parties to serve "a written request to admit, *for purposes of the pending action only*, the truth of any matters within the scope of Rule 26(b)(1) . . ." (emphasis added).  The Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions.

3.      The Oversight Board objects to the RFAs, and to each and every RFA, as irrelevant, overbroad, and unduly burdensome because they seek information that is irrelevant, unnecessary and/or disproportionate to Ambac's stated purpose for 2004 discovery; that is, an examination of the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities.  *See Motion For Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9022) (the "Cash Motion").  Further, the Oversight Board objects to the RFA, and to each and every RFA, as premature and improper because they seek information regarding the Oversight Board's positions with respect to confirmation of any plan of adjustment proposed by the Oversight Board.  Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.

4.      The Oversight Board objects to the RFAs, and to each and every RFA, to the extent they seek documents and information from July 1, 2014 through the present.  The Oversight Board did not exist prior to June 30, 2016, when then-President Barack Obama signed PROMESA into law.

5.      The Oversight Board objects to the Definitions, the Instructions, and the RFAs, and to each and every RFA, to the extent they purport to impose burdens on the Oversight Board

inconsistent with, or not otherwise authorized by, or seek to impose obligations exceeding those imposed by the Governing Rules.

6.      The Oversight Board objects to the RFAs, and to each and every RFA, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.      The Oversight Board objects to the RFAs, and to each and every RFA, as unduly burdensome to the extent they request the Oversight Board respond to topics beyond its knowledge. The Oversight Board further objects to the RFAs, and to each and every RFA, to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known Ambac.

8.      The Oversight Board objects to the RFAs, and to each and every RFA, as unduly burdensome to the extent they are cumulative or duplicative of other discovery requests served on the Oversight Board or other entities in connection with the Cash Motion.

9.      AAFAF objects to the RFAs, and to each and every RFA, to the extent that they are vague and ambiguous.  In responding to the RFAs, and unless otherwise noted, AAFAF will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

10.     AAFAF objects to the RFAs, and to each and every RFA, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.

11.     The Oversight Board objects to the RFAs, and to each and every RFA, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to reasonably address.

12.     The Oversight Board objects to the definition of the term "Commonwealth" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion.   In responding to these RFAs, the Oversight Board will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its employees, officers, directors, known agents, instrumentalities, departments, public corporations, and other political subdivisions reasonably likely to possess information relevant to the Cash Motion.

13.     The Oversight Board objects to the definition of the term "Government" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion.   In responding to these RFAs, the Oversight Board will construe "Government" to mean the Commonwealth, AAFAF, and the Oversight Board, and their employees, officers, directors, and known agents reasonably likely to have information relevant to the Cash Motion.

14.     The Oversight Board objects to the definition of the term "You" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion. In responding to these RFAs, the Oversight Board will construe "You" to mean the Oversight Board and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the Cash Motion.

15.     The Oversight Board objects to the definition of the term "Identify" as vague, overly broad, and unduly burdensome.

16.     The Oversight Board objects to the definition of the term "Independent Accounting Process" to the extent it imposes differs from the description set forth in the *Informative Motion Regarding the Disclosure of Cash Balances of Puerto Rico Government Entities*, No. 17 BK 3283-LTS (Dec. 20, 2017), ECF No. 2120.  In addition, the Oversight Board objects to the definition of the term "Independent Accounting Process" to the extent it implies AAFAF established such a process.

17.     The Oversight Board objects to the Instructions to the extent they impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.

18.     The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

### REQUEST NO. 1:

Admit that the Government has not undertaken Step 3 of the Independent Accounting Process.

### RESPONSE TO REQUEST NO. 1:

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions.  The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor.  The Oversight Board further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or

6

immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 2:**

Admit that the Government has not undertaken Step 4 of the Independent Accounting Process.

**RESPONSE TO REQUEST NO. 2:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this RFA as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding necessary operating expenses, as set forth in Step 4 of the Independent Accounting Process, is not relevant to Ambac's requests for information regarding available unrestricted cash. The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor. The Oversight Board further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 3:**

Admit that Duff & Phelps has not undertaken Step 3 of the Independent Accounting Process.

**RESPONSE TO REQUEST NO. 3:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 4:**

Admit that Duff & Phelps has not undertaken Step 4 of the Independent Accounting Process.

**RESPONSE TO REQUEST NO. 4:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this RFA as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding necessary operating expenses, as set forth in Step 4 of the Independent Accounting Process, is not relevant to Ambac's requests for information regarding

8

available unrestricted cash.  The Oversight Board further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

## REQUEST NO. 5:

Admit that the Government has not confirmed legal restrictions applicable to funds deposited into the bank accounts of the Commonwealth.

## RESPONSE TO REQUEST NO. 5:

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions.  The Oversight Board further objects to this RFA as vague and ambiguous because it seeks information regarding whether the Government "confirmed legal restrictions."  The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor.  The Oversight Board further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 6:**

Admit that the Government has not conducted an analysis of what operating costs or expenses of the Commonwealth may be necessary to maintain in good condition the operations of the Commonwealth.

**RESPONSE TO REQUEST NO. 6:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding necessary operating expenses is not relevant to Ambac's requests for information regarding available unrestricted cash. The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor. Further, the Oversight Board objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. The Oversight Board further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 7:**

Admit that the Government has not conducted an analysis to identify "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO REQUEST NO. 7:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding "essential public services" is not relevant to Ambac's requests for information regarding available unrestricted cash. The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor. Further, the Oversight Board objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. The Oversight Board further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 8:**

Admit that the Government has not conducted an analysis to determine what operating costs or expenses of the Commonwealth may be necessary to provide "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO REQUEST NO. 8:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding "essential public services" and "necessary" "operating costs" is not relevant to Ambac's requests for information regarding available unrestricted cash. The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor. Further, the Oversight Board objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. The Oversight Board further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 9:**

Admit that it is Your contention that all expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth associated with "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO REQUEST NO. 9:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding "essential public services" and "operating costs or expenses" is not relevant to Ambac's requests for information regarding available unrestricted cash. The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor. Further, the Oversight Board objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. The Oversight Board further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which

is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

**REQUEST NO. 10:**

Admit that it is Your contention that all expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth that are necessary to maintain in good condition the operations of the Commonwealth.

**RESPONSE TO REQUEST NO. 10:**

The Oversight Board objects to this RFA on the basis that it is improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which the Oversight Board could be bound by its own admissions. The Oversight Board further objects to this RFA because it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities. Discovery regarding "essential public services" and "operating costs or expenses" is not relevant to Ambac's requests for information regarding available unrestricted cash. The Oversight Board also objects to this RFA to the extent it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor. Further, the Oversight Board objects to this RFA because it seeks discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives this Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. The Oversight Board further objects to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which

14

is specifically incorporated into this Response, the Oversight Board will not respond to this RFA.

[*Remainder of page intentionally left blank*]

Dated:  September 3, 2020

**PROSKAUER ROSE LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Michael T. Mervis (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
mdale@proskauer.com
mmervis@proskauer.com
jalonzo@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth of Puerto Rico and the Puerto
Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorney for the Financial Oversight and
Management Board as representative of the
Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I caused copies of the foregoing documents to be served on the following counsel of record:

**REXACH & PICÓ, CSP**

María E. Picó
USDC-PR 123214
802 Ave. Fernández Juncos
San Juan PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
E-mail: mpico@rexachpico.com

*Attorneys for Financial Guaranty Insurance Company*

**JONES DAY**

Bruce Bennett (*pro hac vice*)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
51 Louisiana Ave. N.W. Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700

**BUTLER SNOW LLP**

Martin A. Sosland (*pro hac vice*)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com
Jason W. Callen (*pro hac vice*)
150 3rd Avenue, South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

**DELGADO & FERNANDEZ, LLC**
Alfredo Fernández-Martínez
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750 Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree*

gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

Sarah Podmaniczky McGonigle (*pro hac vice*)
David R. Fox (*pro hac vice*)
100 High Street, 21st Floor
Boston, MA 02110
Tel. (617) 449-6943
Fax: (617) 449-6999
smcgonigle@jonesday.com
drfox@jonesday.com

*Counsel for Altair Global Credit Opportunities
Fund (A), LLC, Andalusian Global Designated
Activity Company, Crown Managed Accounts
for and on behalf of Crown/PW SP, Glendon
Opportunities Fund, L.P., LMA SPC for and on
behalf of Map 98 Segregated Portfolio, Mason
Capital Master Fund LP, Oaktree-Forrest
Multi-Strategy, LLC (Series B), Oaktree
Opportunities Fund IX, L.P., Oaktree
Opportunities Fund IX (Parallel), L.P.,
Oaktree Opportunities Fund IX (Parallel 2),
L.P., Oaktree Huntington Investment Fund II,
L.P., Oaktree Opportunities Fund X, L.P.,
Oaktree Opportunities Fund X (Parallel), L.P.,
Oaktree Opportunities Fund X (Parallel 2),
L.P., Oaktree Value Opportunities Fund
Holdings, L.P., Oceana Master Fund Ltd.,
Ocher Rose, L.L.C., Pentwater Merger
Arbitrage Master Fund Ltd., PWCM Master
Fund Ltd., Redwood Master Fund, Ltd, and SV
Credit, L.P.*

*Opportunities Fund X (Parallel), L.P., Oaktree
Opportunities Fund X (Parallel 2), L.P.,
Oaktree Value Opportunities Fund Holdings,
L.P., Oceana Master Fund Ltd., Ocher Rose,
L.L.C., Pentwater Merger Arbitrage Master
Fund Ltd., PWCM Master Fund Ltd., Redwood
Master Fund, Ltd, and SV Credit, L.P.*

**ADSUAR MUNIZ GOYCO SEDA &
PEREZ-OCHOA PSC**

Eric Pérez-Ochoa
USDC-PR No. 206,314
Email: epo@amgprlaw.com
Luis A. Oliver-Fraticelli
USDC-PR No. 209,204
Email: loliver@amgprlaw.com
208 Ponce de León Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

Jonathan D. Polkes*
Gregory Silbert*
Robert S. Berezin*
Kelly DiBlasi*
Gabriel A. Morgan*
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: jonathan.polkes@weil.com
gregory.silbert@weil.com

*Attorneys for National Public Finance Guarantee Corp.*


**CASELLAS ALCOVER & BURGOS P.S.C.**

Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, PR 00936-4924
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
rcasellas@cabprlaw.com
dperez@cabprlaw.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*


**PAUL HASTINGS LLP**

Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

robert.berezin@weil.com
kelly.diblasi@weil.com
gabriel.morgan@weil.com
* admitted *pro hac vice*

*Attorneys for National Public Finance Guarantee Corp.*

**CADWALADER,   WICKERSHAM   &   TAFT LLP**

Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
William J. Natbony*
Ellen M. Halstead*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Email: howard.hawkins@cwt.com
mark.ellenberg@cwt.com
bill.natbony@cwt.com
ellen.halstead@cwt.com
thomas.curtin@cwt.com
casey.servais@cwt.com
* Admitted *pro hac vice*

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
**LAW OFFICES JOHN E. MUDD**
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

*Counsel for Corporación de Servicios Integrales de Salud del Area de Barranquitas, Comerío, Corozal, Naranjito y Orocovis (Corporación de Servicios Intergrales)*

/s/  Michael Wheat
Michael Wheat
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Tel: (312) 962-3593
Fax: (312) 962-3551
mwheat@proskauer.com