# **<u>EXHIBIT H</u>**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| AMBAC<br><br>Proponent<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Objectant | |

## RESPONSES AND OBJECTIONS OF THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY TO AMBAC ASSURANCE CORPORATION'S FIRST SET OF INTERROGATORIES RELATING TO RULE 2004 DISCOVERY ON CASH

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this Title III case by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), hereby responds and objects (the "Responses and Objection**s**") to *Ambac Assurance Corporation's First Set of Interrogatories to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Relating To Cash Rule 2004 Discovery*, dated August 4, 2020 (the "Interrogatories," and each individual interrogatory an "Interrogatory"), as follows:

## PRELIMINARY STATEMENT

AAFAF's response and objections to the Interrogatories (these "Responses and Objections") are without prejudice to AAFAF's right to amend or supplement the Responses and Objections as necessary at a later date.  AAFAF has made reasonable efforts to respond to the Interrogatories, to the extent not objected to, as AAFAF understands and interprets the Interrogatories.  If Ambac subsequently asserts an interpretation of the Interrogatories that differs from that of AAFAF, AAFAF reserves the right to supplement its objections.  By making the objections below, AAFAF does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.     AAFAF objects to the Interrogatories, and to each and every Interrogatory, as irrelevant, overbroad, and unduly burdensome because they seek information irrelevant, unnecessary and/or disproportionate to Ambac's stated purpose for Rule 2004 discovery; that is,

2

an examination of the amount of unrestricted cash available to repay creditors of the Commonwealth and its instrumentalities.  *See Motion For Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9022) (the "Cash Motion").  Further, AAFAF objects to the Interrogatories, and to each and every Interrogatory, as premature and improper because they seek information regarding AAFAF's positions with respect to confirmation of any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court for the benefit of all parties in interest.

2.      AAFAF objects to the Interrogatories, and to each and every Interrogatory, because they are (i) improper for a Rule 2004 matter, (ii) not relevant to the instant Rule 2004 examination, and (iii) seek discovery that is aimed at confirmation-related issues.

3.      The response to any Interrogatory does not constitute an admission by AAFAF that the information requested by the Interrogatory or the information contained in AAFAF's response is relevant to any issues pending before the Court or is admissible.

4.      AAFAF objects to the Interrogatories, and to each and every Interrogatory, because they seek documents and information from July 1, 2014 through the present.  AAFAF will not provide responses to Interrogatories seeking information that pre-dates January 31, 2018, or otherwise seeking information outside the timeframe relevant to the Rule 2004 examination.

5.      AAFAF objects to the Definitions, the Instructions, and the Interrogatories, and to each and every Interrogatory, because they are vague and ambiguous and because they purport to impose burdens on AAFAF inconsistent with, or not otherwise authorized by, or seek to impose obligations exceeding those imposed by the Governing Rules.   In responding to these Interrogatories, and unless otherwise noted, AAFAF will construe all words in accordance with

their ordinary English meaning, as informed by the Governing Rules.  AAFAF will construe and respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.     AAFAF objects to the Interrogatories, and to each and every Interrogatory, because the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF intends to and does assert any and all such privileges with respect to all such information.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.     AAFAF objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome because they request AAFAF respond to topics beyond its knowledge.  Ambac has also propounded the same Interrogatories to the Oversight Board.  AAFAF further objects to the Interrogatories, and to each and every Interrogatory, because they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to Ambac.

8.     AAFAF objects to the Interrogatories, and to each and every Interrogatory, because they seek information confidential or proprietary in nature, or otherwise constituting protected commercial, strategic, financial or competitively sensitive or trade secret information.

9.     AAFAF objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent they are cumulative or duplicative of other discovery requests served on AAFAF or other entities in connection with the Cash Motion.

10.     AAFAF objects to the Interrogatories, and to each and every Interrogatory, because they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, AAFAF does not admit any factual or legal premise in the Interrogatories.

11.     AAFAF objects to the Interrogatories, and to each and every Interrogatory, as overbroad and unduly burdensome because they purport to require AAFAF to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address reasonably.

12.     AAFAF objects to the definition of the term "Commonwealth" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion.  In responding to these Interrogatories, AAFAF will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its employees, officers, directors, known agents, instrumentalities, departments, public corporations, and other political subdivisions reasonably likely to possess information relevant to the Cash Motion.

13.     AAFAF objects to the definition of the term "Government" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion.  In responding to these Interrogatories, and because Ambac has propounded its Interrogatories to the Oversight Board, AAFAF construes "Government" to mean the Commonwealth, AAFAF, and their employees, officers, directors, and known agents reasonably likely to have information relevant to the Cash Motion.

14.     AAFAF objects to the definition of the term "You" as overbroad because it includes individuals and entities without regard to their connection or relevance to the Cash Motion.  In responding to these Interrogatories, AAFAF construes "You" to mean AAFAF and its employees,

5

officers, directors, and known agents reasonably likely to possess information relevant to the Cash Motion.

15.     AAFAF objects to the definition of the term "Identify" as vague, overly broad, and unduly burdensome.

16.     AAFAF objects to the definition of the term "Independent Accounting Process" because what it imposes differs from the description set forth in the *Informative Motion Regarding the Disclosure of Cash Balances of Puerto Rico Government Entities*, No. 17 BK 3283-LTS (Dec. 20, 2017), ECF No. 2120.

17.     AAFAF objects to the Instructions because they impose duties on AAFAF that differ from or exceed those imposed by the Governing Rules.

18.     AAFAF objects to the Interrogatories because they exceed the permissible limit of 25 written interrogatories when all subparts are included in the tally.

19.     The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify any analysis the Government has undertaken or expects to undertake to determine the "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth, and/or the operating costs or expenses of the Commonwealth associated with such services, including (without limitation) any analysis conducted pursuant to Steps 3 and 4 of the Independent Accounting Process.

**RESPONSE TO INTERROGATORY NO. 1:**

AAFAF objects to this Interrogatory to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF objects to this Interrogatory to the

extent that it is improper pursuant to Federal Rule of Bankruptcy Procedure 2004 and as narrowed by Judge Swain's order limiting discovery to "a core body of information." ECF 10332, at 9 (Jan. 23, 2020) (Swain, J.). AAFAF objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "essential public services" and "operating costs or expenses" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of cash available to repay creditors of the Commonwealth and its instrumentalities. That cash exists now and is independent of decisions regarding future essential services. Potential increases and decreases in that cash based on future operations are speculative. Discovery regarding analyses undertaken "to determine 'essential public services'" is not relevant to Ambac's requests for information regarding available cash.

AAFAF further objects to this request on the ground that discovery into analyses AAFAF may or may not "expect to undertake" is irrelevant to the financial condition of the debtor. AAFAF also objects to this Interrogatory to the extent it seeks information regarding analyses performed by entities other than AAFAF. AAFAF objects to this Interrogatory on the ground that the term "essential public services" is undefined and not specified as to time, rendering the entire Interrogatory vague and ambiguous. AAFAF also objects to this Interrogatory to the extent it requires AAFAF to state a legal conclusion as to the meaning of the term "essential public services," which is not expressly defined by PROMESA. AAFAF further objects to this Interrogatory as improper and untimely to the extent it seeks discovery regarding positions AAFAF anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court. AAFAF also objects to this Interrogatory to the extent it seeks

7

discovery regarding funding provided for in certified fiscal plans and budgets because PROMESA section 106(e) deprives the Court of subject matter jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.

Subject to the foregoing specific objections and General Objections, each of which is specifically incorporated into this Response, AAFAF responds as follows:

The elected Government prepares draft Fiscal Plans and Budgets with the goal of striving to adequately fund public services to the best of its ability, given the resources available. Pursuant to Fed. R. Civ. P. 33(d), AAFAF therefore directs Ambac to the government-submitted Fiscal Plans and Budgets as well as the certified Fiscal Plans and Budgets, all of which are publicly available. AAFAF, however, does not concede that the funding levels reflected in the certified Fiscal Plans and Budgets are sufficient to adequately fund the Government consistent with the policy goals of the elected Government that are vital to ensuring a durable, prosperous economy for the benefit of the people of Puerto Rico. With regard to Steps 3 and 4 of the Independent Accounting Process, after the Oversight Board retained Duff & Phelps, in order to conserve government resources, AAFAF decided not to conduct its own separate investigation.

**INTERROGATORY NO. 2:**

Identify any analysis the Government has undertaken or expects to undertake to determine what operating costs or expenses of the Commonwealth may be necessary to maintain in good condition the operations of the Commonwealth, including (without limitation) any analysis conducted pursuant to Steps 3 and 4 of the Independent Accounting Process.

**RESPONSE TO INTERROGATORY NO. 2:**

AAFAF objects to this Interrogatory to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines,

or immunities protecting information from disclosure.  AAFAF objects to this Interrogatory to the extent that it is improper pursuant to Federal Rule of Bankruptcy Procedure 2004 and as narrowed by Judge Swain's order limiting discovery to "a core body of information."  ECF 10332, at 9 (Jan. 23, 2020) (Swain, J.).  AAFAF objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "operating costs or expenses" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion.  The Cash Motion purports to seek discovery regarding the amount of cash available to repay creditors of the Commonwealth and its instrumentalities.  That cash exists now and is independent of decisions regarding future operating costs or expenses.  Potential increases and decreases in that cash based on future operations are speculative.  Discovery regarding analyses undertaken "to determine" "necessary" "operating costs or expenses" is not relevant to Ambac's requests for information regarding available cash.

AAFAF further objects to this request on the ground that discovery into analyses AAFAF may or may not "expect to undertake" is irrelevant to the financial condition of the debtor.  AAFAF also objects to this Interrogatory to the extent it seeks information regarding analyses performed by entities other than AAFAF.  AAFAF objects to this Interrogatory on the ground that the terms "operating costs or expenses" and "maintain in good condition the operations of the Commonwealth" are undefined and not specified as to time, rendering the entire Interrogatory vague and ambiguous.  AAFAF further objects to this Interrogatory as improper and untimely to the extent it seeks discovery regarding positions AAFAF anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board.  Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.  AAFAF also objects to this Interrogatory to the extent it seeks discovery regarding funding provided for in

9

certified fiscal plans and budgets because PROMESA section 106(e) deprives the Court of subject matter jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.

Subject to the foregoing specific objections and General Objections, each of which is specifically incorporated into this Response, AAFAF responds as follows:

The elected Government prepares draft Fiscal Plans and Budgets with the goal of striving to adequately fund public services to the best of its ability, given the resources available. Pursuant to Fed. R. Civ. P. 33(d), AAFAF therefore directs Ambac to the government-submitted Fiscal Plans and Budgets as well as the certified Fiscal Plans and Budgets, all of which are publicly available. AAFAF, however, does not concede that the funding levels reflected in the certified Fiscal Plans and Budgets are sufficient to adequately fund the Government consistent with the policy goals of the elected Government that are vital to ensuring a durable, prosperous economy for the benefit of the people of Puerto Rico. With regard to Steps 3 and 4 of the Independent Accounting Process, after the Oversight Board retained Duff & Phelps, in order to conserve government resources, AAFAF decided not to conduct its own separate investigation.

**INTERROGATORY NO. 3:**

Identify all facts and data supporting Your contention that the expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth associated with "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO INTERROGATORY NO. 3:**

AAFAF objects to this Interrogatory to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF objects to this Interrogatory to the

extent that it is improper pursuant to Federal Rule of Bankruptcy Procedure 2004 and as narrowed by Judge Swain's order limiting discovery to "a core body of information." ECF 10332, at 9 (Jan. 23, 2020) (Swain, J.). AAFAF objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "essential public services" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of cash available to repay creditors of the Commonwealth and its instrumentalities. That cash exists now and is independent of decisions regarding future essential services. AAFAF objects to discovery regarding potential increases and decreases in that cash based on future operations as speculative. Discovery regarding determinations about "essential public services" is not relevant to Ambac's requests for information regarding available cash.

AAFAF further objects to this request on the ground that discovery into any AAFAF "contention" regarding "essential public services" under PROMESA § 201(b)(1)(B) is irrelevant to the financial condition of the debtor. AAFAF objects to this Interrogatory on the ground that the term "essential public services" is undefined and not specified as to time, rendering the entire Interrogatory vague and ambiguous. AAFAF also objects to this Interrogatory to the extent it requires AAFAF to state a legal conclusion as to the meaning of the term "essential public services," which is not expressly defined by PROMESA. AAFAF further objects to this Interrogatory as improper and untimely to the extent it seeks discovery regarding positions AAFAF anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court. AAFAF also objects to this Interrogatory to the extent it seeks discovery regarding funding provided for in certified fiscal plans and budgets because PROMESA

section 106(e) deprives the Court of subject matter jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.

Subject to the foregoing specific objections and General Objections, each of which is specifically incorporated into this Response, AAFAF responds as follows:

The elected Government prepares draft Fiscal Plans and Budgets with the goal of striving to adequately fund public services to the best of its ability, given the resources available. Pursuant to Fed. R. Civ. P. 33(d), AAFAF therefore directs Ambac to the government-submitted Fiscal Plans and Budgets as well as the certified Fiscal Plans and Budgets, all of which are publicly available.  AAFAF, however, does not concede that the funding levels reflected in the certified Fiscal Plans and Budgets are sufficient to adequately fund the Government consistent with the policy goals of the elected Government that are vital to ensuring a durable, prosperous economy for the benefit of the people of Puerto Rico.

**INTERROGATORY NO. 4:**

Identify all facts and data supporting Your contention that the expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth that are necessary to maintain in good condition the operations of the Commonwealth.

**RESPONSE TO INTERROGATORY NO. 4:**

AAFAF objects to this Interrogatory to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF objects to this Interrogatory to the extent that it is improper pursuant to Federal Rule of Bankruptcy Procedure 2004 and as narrowed by Judge Swain's order limiting discovery to "a core body of information."  ECF 10332, at 9 (Jan.

23, 2020) (Swain, J.).  AAFAF objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "necessary" "operating costs or expenses" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of cash available to repay creditors of the Commonwealth and its instrumentalities.  That cash exists now and is independent of decisions regarding future operating costs or expenses.  Potential increases and decreases in that cash based on future operations are speculative.

AAFAF further objects to this request on the ground that discovery into any AAFAF "contention" regarding "operating costs or expenses of the Commonwealth that are necessary to maintain in good condition the operations of the Commonwealth" is irrelevant to the financial condition of the debtor.  AAFAF objects to this Interrogatory on the ground that the terms "operating costs or expenses" and "maintain in good condition the operations of the Commonwealth" are undefined and not specified as to time, rendering the entire Interrogatory vague and ambiguous.  AAFAF further objects to this Interrogatory as improper and untimely to the extent it seeks discovery regarding positions AAFAF anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board.  Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.  AAFAF also objects to this Interrogatory to the extent it seeks discovery regarding funding provided for in certified fiscal plans and budgets because PROMESA section 106(e) deprives the Court of subject matter jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper

Subject to the foregoing specific objections and General Objections, each of which is specifically incorporated into this Response, AAFAF responds as follows:

The elected Government prepares draft Fiscal Plans and Budgets with the goal of striving to adequately fund public services to the best of its ability, given the resources available. Pursuant to Fed. R. Civ. P. 33(d), AAFAF therefore directs Ambac to the government-submitted Fiscal Plans and Budgets as well as the certified Fiscal Plans and Budgets, all of which are publicly available. AAFAF, however, does not concede that the funding levels reflected in the certified Fiscal Plans and Budgets are sufficient to adequately fund the Government consistent with the policy goals of the elected Government that are vital to ensuring a durable, prosperous economy for the benefit of the people of Puerto Rico.

**<u>INTERROGATORY NO. 5</u>:**

With respect to any of Ambac's requests for admission relating to Cash Rule 2004 Discovery that You do not admit in full, identify any facts and documents that You contend supports Your response to the request for admission

**<u>RESPONSE TO INTERROGATORY NO. 5</u>:**

AAFAF objects to this Interrogatory because Ambac's requests for admission are improper as the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which AAFAF could be bound by its own admissions. AAFAF further objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. AAFAF also objects to this Interrogatory to the extent it seeks information regarding analyses performed by entities other than AAFAF. AAFAF further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing specific objections, as well as the General Objections, each of which is specifically incorporated into this Response, AAFAF will not respond to this Interrogatory.

Dated: September 17, 2020
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Elizabeth L. McKeen*
John J. Rapisardi (*pro hac vice*)
Peter Friedman (*pro hac vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman (*pro hac vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

*Attorneys for Puerto Rico Fiscal Agency and
Financial Advisory Authority*

## **VERIFICATION**

I, Manuel J. González, hereby declare and state as follows:

I am the designated Fiscal Agency Director of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the fiscal agent for the Commonwealth of Puerto Rico. Moreover, I am the current Director of the Office of the Chief Financial Officer ("OCFO") for the Commonwealth of Puerto Rico.

As such, I have been duly authorized to execute this verification by and on behalf of AAFAF, as Fiscal Agent for the Commonwealth of Puerto Rico.

I have read the above document titled *Responses and Objections of the Puerto Rico Fiscal Agency and Financial Advisory Authority to Ambac Assurance Corporation's First Set of Interrogatories Relating to Rule 2004 Discovery on Cash*, and know its contents.

I certify that the foregoing responses are true and correct to the best of my knowledge, information, and belief, and that in so affirming I am relying on information within my knowledge or within the knowledge of the employees, agents, or representatives of AAFAF and OCFO or, unless privileged, within the knowledge of AAFAF's counsel, as well as information reflected in any documents referenced above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 17th day of September, 2020.

By: _____

Manuel J. González

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I caused copies of the foregoing document to be

served on the following counsel of record:

**WEIL, GOTSHAL & MANGES LLP**

Robert S. Berezin (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: robert.berezin@weil.com

*Attorneys for National Public Finance
Guarantee Corp.*

**BUTLER SNOW LLP**

Martin A. Sosland (*pro hac vice*)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com
Jason W. Callen (*pro hac vice*)
150 3rd Avenue, South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance
Company*

**PAUL HASTINGS LLP**

Luc A. Despins, Esq. (*pro hac vice*)
Nicholas A. Bassett, Esq. (*pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
**LAW OFFICES JOHN E. MUDD**
P. O. BOX 194134

**JONES DAY**

Bruce Bennett (*pro hac vice*)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)

SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com
*Counsel for Corporación de Servicios
Integrales de Salud del Area de Barranquitas,
Comerío, Corozal, Naranjito y Orocovis
(Corporación de Servicios Intergrales)*

Sparkle L. Sooknanan (*pro hac vice*)
51 Louisiana Ave. N.W. Washington, DC
20001
Tel. (202) 879-3435
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

Sarah Podmaniczky McGonigle (*pro hac vice*)
David R. Fox (*pro hac vice*)
100 High Street, 21st Floor
Boston, MA 02110
Tel. (617) 449-6943
Fax: (617) 449-6999
smcgonigle@jonesday.com
drfox@jonesday.com

*Counsel for Altair Global Credit
Opportunities Fund (A), LLC, Andalusian
Global Designated Activity Company, Crown
Managed Accounts for and on behalf of
Crown/PW SP, Glendon Opportunities Fund,
L.P., LMA SPC for and on behalf of Map 98
Segregated Portfolio, Mason Capital Master
Fund LP, Oaktree-Forrest Multi-Strategy,
LLC (Series B), Oaktree Opportunities Fund
IX, L.P., Oaktree Opportunities Fund IX
(Parallel), L.P., Oaktree Opportunities Fund
IX (Parallel 2), L.P., Oaktree Huntington
Investment Fund II, L.P., Oaktree
Opportunities Fund X, L.P., Oaktree
Opportunities Fund X (Parallel), L.P.,
Oaktree Opportunities Fund X (Parallel 2),
L.P., Oaktree Value Opportunities Fund
Holdings, L.P., Oceana Master Fund Ltd.,
Ocher Rose, L.L.C., Pentwater Merger
Arbitrage Master Fund Ltd., PWCM Master
Fund Ltd., Redwood Master Fund, Ltd, and
SV Credit, L.P.*

**MILBANK LLP**

Atara Miller (*pro hac vice*)
John J. Hughes, III (*pro hac vice*)

**PROSKAUER ROSE LLP**

Margaret A. Dale (*pro hac vice*)
Michael T. Mervis (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)

Jonathan Ohring (*pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: amiller@milbank.com
jhughes2@milbank.com
johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
mdale@proskauer.com
mmervis@proskauer.com
jalonzo@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth of Puerto Rico and the
Puerto Rico Electric Power Authority*

*/s/ Joseph L. Roth*
Joseph L. Roth