# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Re: ECF No. 2205** |
| EIF PR RESOURCE RECOVERY, LLC,<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as representative of

PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),

    Respondent.

**PREPA'S OBJECTION TO MOTION FOR RECONSIDERATION OF ORDER AND INFORMATIVE MOTION ABOUT MOTION FOR RECONSIDERATION FILED BEFORE THE PUERTO RICO ENERGY BUREAU AND RECONSIDERATION <u>LETTER BEFORE FOMB</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submits this objection (the "Objection") to the *Motion for Reconsideration of Order and Informative Motion about Motion for Reconsideration Filed Before the Puerto Rico Energy Bureau and Reconsidertaion* [sic] *Letter Before FOMB* [ECF No. 2205][4] (the "Motion to Reconsider"), filed by EIF PR RESOURCE RECOVERY, LLC ("EIFPR"). In support of the Objection, PREPA respectfully represents as follows:

## PRELIMINARY STATEMENT[5]

1. EIFPR seeks to undo the finality of an order of this Court even though it did not participate in the hearing regarding the Rejection Motion despite having received ample notice and in fact having filed a request to defer the Rejection Motion with respect to its contract. It also provides no legally cognizable reason for the Court to reconsider its judgment. Reconsideration requires either a manifest error on the part of the Court or newly discovered evidence; the Motion to Reconsider and its attached pleadings merely contain allegations that are either inconsequential to the Court's inquiry on this matter, or were available prior to the Court hearing and ruling on the Rejection Motion.

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[4] Docket references relate to Bankruptcy Case No. 17-BK-4780-LTS unless otherwise indicated.

[5] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in *Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 2050] (the "Rejection Motion").

2. EIFPR argues that reconsideration is justified in this instance for three reasons: first, it has asked the Puerto Rico Energy Bureau ("PREB") to reconsider its order approving in part PREPA's Integrated Resource Plan (the "IRP") because the IRP did not include the waste-to-energy project (the "WTE Project") that is the subject of EIFPR's contract with PREPA (the "EIFPR Contract"); second, it has asked the Oversight Board to reconsider its decision to reject its contract; and third, its contract should not be rejected as a matter of public and environmental policy. These arguments are unavailing, however, because: (a) the power to assume or reject contracts lays solely with the Oversight Board (PROMESA section 301 (incorporating 11 U.S.C § 365(a)), and PREB approval is not required to reject contracts, so even if PREB were to reconsider its decision, it would have no bearing on this matter; (b) no new material evidence or arguments were presented to the Oversight Board that would require reconsideration of its decision, and the Oversight Board's determination remains aligned with PREPA's decision to terminate the EIFPR Contract; and (c) this Court has already determined that public and environmental policy matters are outside the scope of the Court's inquiry on this matter.

3. In addition, EIFPR does not dispute the facts upon which this Court determined PREPA appropriately exercised its judgment in rejecting the contract: its project is not shovel ready and not likely to become so in the near term. Even if it were to become operational the contract's prices are not consistent with the PREPA certified fiscal plan ("Fiscal Plan") and are above the rate PREPA could obtain in the current market for renewable energy.[6]

---

[6] In addition, although not noted in the Rejection Motion or *PREPA's Omnibus Reply to Objections to PREPA's Urgent Motion for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 2145], the FOMB wrote a letter to Mr. Frank Vazquez of EIFPR on September 14, 2020, two days before the hearing on the Rejection Motion, indicating that not only is the WTE Project not shovel ready and priced above market, but also waste-to-energy projects like this no longer qualify as renewable energy resources under Puerto Rico law pursuant to Section 1.4 of Act 82-2010, as amended by Act 17-2019, and thus will not further PREPA's compliance with Puerto Rico's renewable energy requirements.

2

4. For the foregoing reasons, the Motion to Reconsider should be denied.

## BACKGROUND

5. On July 7, 2020, the Oversight Board filed the Rejection Motion and the *Declaration of Fernando M. Padilla in Support of Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 2051] (the "Padilla Declaration") seeking to reject energy contracts with, among others, EIFPR, pursuant to section 365 of title 11 of the United States Code.

6. On July 14, 2020, the Court adjourned the opposition deadline and hearing on the Rejection Motion and required all objections to be filed by July 28, 2020. *See Order Adjourning Opposition Deadline and Hearing in Connection with Emergency Unopposed Motion to Adjourn Objection Deadline filed by GS Fajardo Solar LLC* [ECF No. 2065].

7. On July 15, 2020, EIFPR filed its *Informative Motion and Request for Withholding Approval of the Rejection of Certain PREPA PPOA in Exhibit A of ECF No. 2055-1 Until Opportunity To Confer And Meet With FOMB* [ECF No. 2076] (the "EIFPR Response"), in which EIFPR asked the Court not to approve the rejection of the EIFPR Contract until it had an opportunity to meet with the FOMB regarding the EIFPR Contract. The FOMB subsequently informed EIFPR that it considered the reasons for rejection of the EIFPR Contract and agreed with PREPA's decision to reject it, and that no meeting would therefore be necessary.

8. The Rejection Motion was heard at the September 16, 2020 omnibus hearing (the "September Omnibus Hearing"). EIFPR did not appear, nor did it file an objection to the Rejection Motion.

9. On September 17, 2020, the Court issued an order and memorandum opinion granting the Rejection Motion in its entirety. *See Order Granting Omnibus Motion of Puerto Rico*

3

*Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (the "Rejection Order") [ECF No. 2198] and *Memorandum Opinion Regarding Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (the "Memorandum Opinion") [ECF No. 2199].

10. On September 18, 2020—one day after the Court entered its judgment and two days after the September Omnibus Hearing—EIFPR filed its Motion to Reconsider.

## ARGUMENT

### I. EIFPR PROVIDES NO LEGALLY COGNIZABLE REASON TO RECONSIDER THE REJECTION ORDER

11. In its Memorandum Opinion, this Court found that PREPA's determination to reject the contracts was an appropriate exercise of its judgment because PREPA "has determined that, because the projects contemplated by the Contracts are in their infancy, they are not positioned to supply energy to PREPA in the near term. Additionally, PREPA has concluded that the Contracts offer unfavorable terms and high prices in comparison to the terms and pricing that PREPA is otherwise able to obtain in the current market. Thus, PREPA has concluded that the Contracts are burdensome and should be rejected." Memorandum Opinion at 2.

12. Although EIFPR styles its motion as a motion to reconsider, it fails to address any authority by which the Court should do so. A party may move for reconsideration of a judgment pursuant to Federal Rule of Civil Procedure 59(e), which is made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9023.[7] "Motions under Rule 59(e) must either

---

[7] The Federal Rules of Bankruptcy Procedure are incorporated into PROMESA through PROMESA section 310.

4

clearly establish a manifest error of law or must present newly discovered evidence." *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994). "Rule 59(e) motions are aimed at *re*consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Id.* (emphasis in original); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, 427 F. Supp. 3d 260, 263 (D.P.R.), *reconsideration denied*, 612 B.R. 821 (D.P.R. 2019) (A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.") (quoting *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015)). "Rule 59(e) motions should be granted sparingly because parties should not be free to relitigate issues a court has already decided." *Encanto Rests., Inc. v. Vidal (In re Cousins Int'l Food Corp.)*, 553 B.R. 197, 201 (Bankr. D.P.R. 2016), *aff'd in part, appeal dismissed in part sub nom. Cousins Int'l Food, Corp.*, 565 B.R. 450 (B.A.P. 1st Cir. 2017); *see also In re FOMB*, 427 F. Supp. 3d at 263 (A motion for reconsideration "is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources.").

13. The motion for reconsideration patently does not meet this standard. EIFPR does not even attempt to controvert the key facts upon which the Court found PREPA based its determination to reject EIFPR's contract on a reasonable exercise of its judgment, on the basis that the project is not shovel ready and cannot provide energy at a price that is consistent with the Fiscal Plan, and in any case, its pricing it above market. Because EIFPR does not refute these facts, let alone present new evidence or any manifest error of law, it cannot refute the Court's determination that PREPA appropriately exercised its judgment in rejecting the EIFPR Contract.

14. Further, EIFPR has not alleged, and cannot allege, that the Court's Rejection Order was the result of a manifest error of law or fact as this Court has already considered—and rejected—the arguments upon which EIFPR bases its Motion for Reconsideration. EIFPR argues that its contract should not be rejected as a matter of public policy due to its allegation that "the WTE Project is consistent with Puerto Rico's renewable and diversification energy objectives, environmental protection goals, base load energy needs" and "provides a sustainable alternative" to the so-called "solid-wastes-disposal-crisis." Motion to Reconsider ¶¶ 10–11. But the Court already rejected this exact issue in its Memorandum Opinion, finding that similar issues advanced by parties objecting to the Rejection Motion "concerning the Commonwealth's environmental and energy public policy are outside the scope of the issues properly considered in evaluating this Motion." Memorandum Opinion at 4.

15. EIFPR requests that rejection of its contract not be approved pending the results of its efforts with the Oversight Board and PREPA and the proceedings before PREB, but neither of these events has any bearing on the Rejection Order. First, the Oversight Board has repeatedly agreed with PREPA's decision to reject EIFPR's contract, has moved this Court for authority to reject on behalf of PREPA, and has obtained that relief. EIFPR's September 17, 2020 letter does not change that fact, and this Objection again demonstrates the Oversight Board has not changed its position. Second, PREPA does not require approval from PREB to terminate the EIFPR Contract. Even if PREB were to alter the IRP to include the WTE Project, it would have no effect on the rejection of EIFPR's contract or the Court's approval thereof.

16. Similarly, the Motion to Reconsider fails because EIFPR does not raise any new legal theories or facts. To the contrary, the Motion to Reconsider merely demonstrates, along with the EIFPR Response, that EIFPR was aware its contract was in the process of being rejected, and

6

attempted to prevent rejection prior to the hearing on the Rejection Motion—not by participating in the proceedings, but by trying to get the Oversight Board and PREB to overrule PREPA's rejection decision.

17. EIFPR's strategy gives rise to no new legal theories or evidence warranting reconsideration. The Puerto Rico Energy Bureau issued its Final Resolution and Order approving in part and rejecting in part PREPA's IRP on August 24, 2020 (Motion to Reconsider ¶ 5); EIFPR filed a motion for reconsideration with PREB regarding the IRP on September 11, 2020 (Motion to Reconsider ¶ 5) on the basis that the WTE Project was not included in the IRP Resolution (Motion to Reconsider, Ex. A ¶ 4(c)). EIFPR sent a letter to the Oversight Board requesting it not proceed with rejection of its contract and requesting a meeting with the Oversight Board to present its position. On September 14, 2020, the Oversight Board sent a letter to EIFPR expressing its agreement with PREPA's decision to reject this PPOA and declining EIFPR's request for a meeting, as it believed such a meeting would be futile and not appropriate given the pending rejection hearing before this Court. Motion to Reconsider ¶ 5. PREB's decision, EIFPR's appeal, and this correspondence occurred in advance of the September Omnibus Hearing and the Court's decision in this matter.

18. EIFPR offers only one new factual allegation that post-dates the September Omnibus Hearing, a letter it wrote requesting reconsideration of the Oversight Board's decision to reject its contract on September 17, 2020. But this is not "new evidence," as that letter merely reiterates the same positions that the Oversight Board has repeatedly rejected. That EIFPR sent yet another request to the Oversight Board does not alter the legal or factual analysis regarding the rejection of the EIFPR Contract. The Oversight Board was not presented with any new materials that would support reconsideration, and did not in fact change its position or do anything that

7

would indicate its intent to do so. The parties' positions remain exactly as they were when the Court issued its Rejection Order. At bottom, EIFPR simply asks the Court to undo the Rejection Order because EIFPR refuses to accept the Oversight Board and PREPA's unequivocal expression of their intent to reject the EIFPR Contract.

19. Even if EIFPR's allegations and arguments had any bearing on the judgment of PREPA or the Oversight Board at all (they do not), they are based on facts that pre-existed the Rejection Motion and EIFPR cannot, through a motion for reconsideration, undo its failure to timely raise them. Therefore, EIFPR has not proffered any reason to disturb the Court's Rejection Order.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, PREPA respectfully requests the Court deny the Motion to Reconsider.

Dated: October 2, 2020  
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Paul V. Possinger*

Martin J. Bienenstock (*pro hac vice*)  
Paul V. Possinger (*pro hac vice*)  
Ehud Barak (*pro hac vice*)  
Daniel S. Desatnik *(pro hac vice)*  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Puerto Rico Electric Power Authority*

**LUIS F. DEL VALLE-EMMANUELLI**

*/s/ Luis F. del Valle-Emmanuelli*  
Luis F. del Valle-Emmanuelli  
USDC-PR No. 209514  
P.O. Box 79897  
Carolina, Puerto Rico 00984-9897  
Tel. 787.647.3503  
Fax N/A  
dvelawoffices@gmail.com

OF COUNSEL FOR  
A&S LEGAL STUDIO, PSC  
434 Avenida Hostos  
San Juan, PR 00918  
Tel. (787) 751-6764/763-0565  
Fax (787) 763-8260

*Co-Attorney for the Financial Oversight and Management Board as representative of the Debtor*

9