UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

ORDER DENYING MOTION, UNDER FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9023, OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR RECONSIDERATION OF SEPTEMBER 17, 2020 ORDER DENYING MOTION TO
LIFT STAY TO ALLOW COMMITTEE TO PURSUE PRIORITY OBJECTION TO GO BOND CLAIMS

The Court has received and reviewed the *Motion, Under Federal Rule of Bankruptcy Procedure 9023, of Official Committee of Unsecured Creditors for Reconsideration of September 17, 2020 Order Denying Motion to Lift Stay to Allow Committee to Pursue Priority Objection to GO Bond Claims* (Docket Entry No. 14444, the "Motion") filed by the Official Committee of Unsecured Creditors (the "UCC"), which is noticed for the October 28, 2020, Omnibus Hearing. The Motion seeks reconsideration of the Court's *Order Denying Urgent Motion of Official Committee of Unsecured Creditors to Lift Stay to Allow Committee to Pursue Objection to GO Priority* (Docket Entry No. 14331, the "Order"). For the reasons set forth below, the Court denies the Motion.

The Order denied the UCC's motion for stay relief (Docket Entry No. 13726, the "Stay Relief Motion") without prejudice for reasons stated on the record at the September 16,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2020, Omnibus Hearing. (Order at 1.) The Order made clear that "[t]he issues presented in the [Stay Relief] Motion may be raised again and noticed for a hearing no sooner than in connection with the March 2021 Omnibus Hearing." (Id.) The UCC argues in the Motion that new evidence from the Oversight Board's "cleansing materials"—released on September 30, 2020—justifies reconsideration "[u]nder Federal Rule of Civil Procedure 59(e), as incorporated by Federal Rule of Bankruptcy Procedure 9023." (Motion ¶ 11.)

A party moving for relief under Rule 59(e) must (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. Aug. 21, 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). Moreover, the Motion "must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." Id. at 219 (quoting Dale and Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1347 (D. Minn. 1993)). A party's disagreement with the Court's decision and desire to have the Court "rethink its holding" are not grounds for reconsideration. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009).

The sole basis of the UCC's Motion is that newly discovered and previously unavailable evidence has surfaced, particularly "cleansing materials" released by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") on September 30, 2020. The UCC's Motion does not establish a manifest error of law or fact, clearly establish a manifest injustice, or establish an intervening change in controlling law. The "cleansing materials" referenced by the UCC, while previously unavailable to the UCC and the Court, do not merit the "extraordinary remedy" of reconsidering the Court's Order, since the facts set forth therein regarding the nature of the parties' negotiating positions are not of such a "strongly convincing nature" to merit a reversal of the Order's provision for further time before renewal of the Stay Relief Motion. See In re Pabon Rodriguez, 233 B.R. at 219-20. Indeed, as the Oversight Board made clear in its public statement, the Oversight Board and principal creditor parties "continue to negotiate" and the Plan Support Agreement "has not been terminated." (Docket Entry No. 14444-3.) Given that negotiations are still ongoing and that the Plan Support Agreement has not been terminated, the rationale underlying the Court's Order remains undisturbed. For these reasons, and for the reasons stated on the record at the September 16, 2020 Omnibus Hearing for denying the UCC's Stay Relief Motion, the UCC's Motion is denied. This Order resolves Docket Entry No. 14444.

SO ORDERED.

Dated: October 5, 2020

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge