**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                          Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Re: ECF No. 14094, 13573<br><br>(Jointly Administered) |

**STATEMENT OF POSITION OF AAFAF REGARDING AMBAC ASSURANCE CORPORATION'S MOTION TO STRIKE CERTAIN PROVISIONS OF THE AMENDED PLAN SUPPORT AGREEMENT BY AND AMONG THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, CERTAIN GO HOLDERS, AND CERTAIN PBA HOLDERS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), by and through its undersigned counsel, respectfully submits this Statement of Position in connection with the *Motion to Strike Certain Provisions of the Amended Plan Support Agreement by and among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* [ECF No. 13573] ("Motion to Strike").²

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID:  9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID:  3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion to Strike.

1. On February 9, 2020, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority ("PBA"), and the Employee Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), announced that it entered into an amended plan support agreement (the "PSA") with certain General Obligation and PBA bondholders. The Commonwealth Government is not a party to the PSA and has made clear that it does not support the agreement in its current form. In particular, the elected Government objects to the proposed pension reduction measures set forth in the PSA, which impose a disproportionate burden on Puerto Rico's retirees and do not properly account for the cuts that Government pensioners already suffered prior to the commencement of the Title III cases.

2. The Commonwealth Government has therefore not consented to any term of the PSA, including the allowance of an administrative expense claim of $100 million as a "Breakup Fee" to the PSA Creditors in the event the Oversight Board terminates the PSA or seeks to modify the proposed plan of adjustment in a manner that triggers the Breakup Fee. *See* PSA § 6.1.

3. Although the Oversight Board is a party to the PSA, the Board alone does not have the authority to bind the Commonwealth to the payment of the Breakup Fee. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 583 B.R. 626, 636 (D.P.R. 2017) ("Congress might have chosen to make the FOMB's job easier in the short term by granting it direct control and disabling the Commonwealth government's ability to dissent, but it did not do so. Congress deliberately divided responsibility and authority between the two."). Indeed, there is no express provision within PROMESA and its incorporated Bankruptcy Code provisions, nor any inferential grant of power, that authorizes the Oversight Board to contract into existence a $100 million liability against the Commonwealth without the Government's consent and without Court approval.

4. Accordingly, to the extent the Oversight Board or the PSA Creditors attempt to make the Commonwealth liable for the Breakup Fee as an administrative expense claim, the allowance of such claim should be subject to Court approval and objection. In connection with the approval process, the Commonwealth reserves any and all rights, including the right to object on the basis that (i) the Breakup Fee does not satisfy the Bankruptcy Code section 503(b)(1)(A) standard as it provides no benefit to the Commonwealth, and (ii) the decision to pay a $100 million Breakup Fee using Government funds as an inducement to achieve confirmation of a plan of adjustment is an exercise of Governmental authority that belongs to the Commonwealth alone.

Dated: October 6, 2020
      San Juan, Puerto Rico

Respectfully submitted,

| | |
|---|---|
| */s/ John J. Rapisardi* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Nancy Mitchell | USDC No. 222301 |
| Peter Friedman | Carolina Velaz-Rivero |
| Maria DiConza | USDC No. 300913 |
| (Admitted *Pro Hac Vice*) | **MARINI PIETRANTONI MUÑIZ LLC** |
| **O'MELVENY & MYERS LLP** | 250 Ponce de León Ave., Suite 900 |
| 7 Times Square | San Juan, Puerto Rico 00917 |
| New York, NY 10036 | Tel: (787) 705-2171 |
| Tel: (212) 326-2000 | Fax: (787) 936-7494 |
| Fax: (212) 326-2061 | |
| | *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |
| *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | |