UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | No. 17 BK 4780-LTS |
| SCIEMUS LIMITED, et al.<br><br>    Plaintiffs,<br><br>    -v- | Adv. Pro. No. 3:19-AP-369 LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>                  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY; PREPA NETWORKS LLC; PREPA NET INTERNATIONAL WHOLESALE TRANSPORT, INC.; COMMONWEALTH OF PUERTO RICO; and SECRETARY OF THE TREASURY, c/o Public Insurance Bureau,<br><br>                  Defendants. |

**[PROPOSED] ORDER GRANTING MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY PURSUANT TO BANKRUPTCY CODE SECTION 105, PROMESA SECTION 315(a), AND BANKRUPTCY RULE 9019 FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH CERTAIN INSURERS AND GRANTING RELATED RELIEF**

Upon consideration of: (i) the *Motion of Puerto Rico Electric Power Authority Pursuant to Bankruptcy Code Section 105, PROMESA section 315(a), and Bankruptcy Rule 9019 For Order Approving Settlement Agreement With Certain Insurers and Granting Related Relief* (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), as sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101-2241; (ii) the objections to the Motion, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the hearing on the Motion or submitted in advance of the hearing on the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is:

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

FOUND AND DETERMINED THAT:[3]

A. This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

B. Venue in this district is proper pursuant to section 307(a) of PROMESA.

C. The relief requested in the Motion, the payment to PREPA of $3,500,000 in full and complete settlement of PREPA's insurance claims ("Settlement Amount") which arose out of a deflection and collapse of a storage tank roof ("Tank Roof Claim") as well as release of any other claims which did arise during the pendency of the insurance policies ("Policies")[4] or which could have arisen, is in the best interests of PREPA, its creditors, Insurers,[5] and any other parties in interest.

D. The 2014-15 Policy lists PREPA Networks, PREPA Net International Wholesale Transport, Inc., the Commonwealth of Puerto Rico, and Secretary of the Treasury c/o Public Insurance Bureau as Additional Insureds.[6] Those parties have been added to the suit as defendants and served Plaintiffs' Second Amended Complaint, except PREPA Net International Wholesale

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[4] "Policies" shall mean Policy numbers B0804Q11263F14, B080414390F14, PRO0043871, B0804Q14310F14, F550936, and B0804Q11098F14, each with a Policy period of May 15, 2014 to May 14, 2015 (the "2014-15 Policy"), and Policy numbers B0804Q11098F15, F550936, B0804Q14390F15, B0804Q11263F15, PRO004387101, B0804Q17103F15, and B0804Q14310F15, each with a Policy period of May 15, 2015 to May 15, 2016 (the "2015-16 Policy").

[5] As used herein, "Insurers" shall mean Sciemus Limited; Markel Europe; Lloyd's Syndicates MSP 318, WRB 1967, and AGM 2488 subscribing to Policy No. B0804Q11263F14; Lloyd's Syndicates MIT 3210, KLN 510, MMX 2010, CSL 1084, TMK 1880, AML 2001, and BRT 2987 subscribing to Policy No. B080414390F14; Indian Harbor Insurance Company; PartnerRe Ireland Insurance dac; and Swiss National Insurance Co. Ltd. via local placement with Multinational Insurance Company (collectively, "2014-15 Insurers"); and Lloyd's Syndicates MIT 3210, KLN 0510, MMX 2010, CSL 1084, TMK 1880, AML 2001, BRT 2987, HDU 0382, CNP 4444/CNP958, MSP 0318, WRB 1967, AMA 1200, and AGM 2488; Markel Bermuda Limited.; Indian Harbor Insurance Company; Swiss National Insurance Company and Aspen Syndicate 4711 via local placement with Multinational Insurance Company; and PartnerRe Ireland Insurance dac (collectively the "2015-16 Insurers" and together with the 2014-15 Insurers, the "Insurers".

[6] As used herein, "Additional Insured" shall mean "Additional Named Assured," "Additional Named Insured," and/or "Additional Insured," as used and/or defined in the Policies.

3

Transport, Inc., which was served with process, but did not respond. José A. Casillas Aponte, of PREPA Networks, LLC gave a declaration stating, among other things, that PREPA Net International Wholesale Transport, Inc. "was merged out of existence when it was merged with PREPA networks in 2012." The 2014-15 Policy provides, however, "[a]ll third parties having a direct interest in property insured hereunder as on file with Fulcro Insurance, Inc. and/or Willis, shall automatically be Additional Named Assureds hereunder" and "Permission is granted to Fulcro Insurance, Inc. to issue Certificates of Insurance and/or Evidence of Insurance naming Additional Named Insureds, loss payees and mortgagees." This Court allowed discovery on the question of whether other Additional Insureds have been designated by Fulcro Insurance, Inc. and Willis (the "Brokers"), but in lieu of subpoenas and depositions, the Brokers provided declarations that state no other persons or entities have been designated as Additional Insureds under the Policies. Those sworn declarations were submitted in support of the Motion. With respect to loss payees, the 2014-15 Policy does not identify any loss payees, but provides that the Broker may "issue Certificates of Insurance and/or Evidence of Insurance naming Additional Named Insureds, loss payees and mortgagees." Through the same process used regarding Additional Insureds, the Brokers have provided declarations stating that there are no additional loss payees. Further, PREPA has represented and warranted, based upon the declarations and due diligence of the Brokers and representatives of other Additional Insureds, that there are no Additional Insureds other than those named as defendants; that there are no loss payees; that the proceeds of the 2014-15 Policy have not been assigned or mortgaged; and that all parties with any interest in the proceeds of the 2014-15 Policy have been named as defendants and that none of those parties has made any claim to the proceeds of the 2014-15 Policy or objected to the settlement or the Motion.

E. The 2015-16 Policy lists PREPA Networks, PREPA Net International Wholesale Transport, Inc., the Commonwealth of Puerto Rico, and Secretary of the Treasury c/o Public Insurance Bureau as Additional Insureds. Those parties have been added to the suit as defendants and served with the Second Amended Complaint, except PREPA Net International Wholesale Transport, Inc., which as stated above was served but did not respond and it has been advised that PREPA Net International Wholesale Transport, Inc. has been merged out of existence. The 2015-16 Policy provides however, "[a]ll third parties having a direct interest in property insured hereunder as on file with Fulcro Insurance, Inc. and/or Willis, shall automatically be Additional Named Assureds hereunder" and "Permission is granted to Fulcro Insurance, Inc. to issue Certificates of Insurance and/or Evidence of Insurance naming Additional Named Insureds, loss payees and mortgagees." This Court allowed discovery on the question of whether other Additional Insureds have been designated by the Brokers, but in lieu of subpoenas and depositions, the Brokers provided declarations that state that no other persons or entities have been designated as Additional Insureds under the Policies. Those sworn declarations were submitted in support of the Motion. With respect to loss payees, the 2015-16 Policy does not identify any loss payees, but provides that the Brokers may "issue Certificates of Insurance and/or Evidence of Insurance naming Additional Named Insureds, loss payees and mortgagees." Through the same process used regarding Additional Insureds, the Brokers have provided declarations stating that there are no additional loss payees. Further, PREPA has represented and warranted, based upon the declarations and due diligence of the Brokers and representatives of other Additional Insureds, that there are no Additional Insureds other than those named as defendants; that there are no loss payees; that the proceeds of the 2015-16 Policy have not been assigned or mortgaged; and that all parties with any interest in the proceeds of the 2015-16 Policy have been named as defendants and

5

that none of those parties has made any claim to the proceeds of the 2015-16 Policy or objected to the settlement or the Motion.

F. All the Additional Insureds were added as Defendants to the Second Amended Complaint filed by the 2014-15 Insurers on March 6, 2020.

G. Based upon the sworn and uncontested returns of service, the Additional Insureds added as Defendants to the Second Amended Complaint have been properly served with process in this matter.

H. Based upon a submitted sworn declaration, Defendants PREPA Networks, LLC and PREPA Net International Wholesale Transport, Inc. have disavowed any interest or claim to the Settlement Amount. Further, the Commonwealth of Puerto Rico ("Commonwealth"), on behalf of itself and the Secretary of the Treasury, has disavowed any interest or claim to the Settlement Amount.[7]

I. Based upon the Certificates of Service filed in connection with the Motion, FOMB and PREPA provided adequate and appropriate notice of the Motion under the circumstances to (i) the parties to this Adversary Proceeding; (ii) the Office of the United States Trustee for the District of Puerto Rico; (iii) the indenture trustees and/or agents, as applicable, for PREPA's Bonds; (iv) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain Trade Finance Facility Agreement, dated as of July 20, 2012; (v) the statutory unsecured claimholders' committee appointed in this Title III Case; (vi) the Office of the United States Attorney for the District of Puerto Rico; (vii) counsel to AAFAF; (viii) the Puerto

---

[7] Defendant the Secretary of the Treasury has not separately appeared in this action, but the Treasury of Puerto Rico is an entity that is a part of the Commonwealth and does not exist separate from the Commonwealth. Therefore, the Commonwealth's presence in the action also represents and speaks for the Secretary of the Treasury.

Rico Department of Justice; (ix) the Additional Insureds; and (x) all parties who have requested service in the Title III Cases of PREPA and the Commonwealth. No other or further notice of the Settlement Agreement or Motion is required. Such parties served with notice of the Motion have been provided adequate and appropriate notice of the Settlement Agreement and Motion and afforded an opportunity to be heard with respect to the Motion, any potential claim to the Settlement Amount, and all other relief otherwise requested therein.

J. PREPA is the only insured under the Policies who has claimed a right to the Settlement Amount. PREPA has directed the Insurers to pay PREPA the sum of $3,500,000 on account of the Tank Roof Claim.

K. As per the Settlement Agreement, payment of the Settlement Amount of $3,500,000 to PREPA shall satisfy all of the Insurers' obligations under the Policies.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement, in the form attached to the Motion as **Exhibit B**, is approved in its entirety. The failure to specifically describe or include in this Order any particular provision of the Settlement Agreement shall not diminish or impair the effectiveness of any such provision.

3. With the consent of the FOMB, to the extent, if any, required pursuant to PROMESA section 305, PREPA is authorized (i) to execute, deliver, implement and fully perform any and all obligations, instruments, documents, and papers provided for by the Settlement Agreement, and (ii) to take any and all actions reasonably necessary or appropriate to consummate, complete, execute and implement the Settlement Agreement.

4. This Order and the Settlement Agreement constitute and evidence the valid and binding obligations of the Parties thereto.

5. Insurers shall pay the Settlement Amount of $3,500,000 to PREPA under the Policies within 30 days of a final order granting the Motion and approving the Settlement Agreement becoming non-appealable.

6. No creditor of PREPA or other party in interest, in each case to the extent served with notice of and/or with the Motion, shall have any claim against Insurers under the Policies or for any portion of the Settlement Amount. Insurers shall not be subject to claims of any Named Insureds, Additional Insureds, loss payees, mortgagees, or any other parties served with notice of and/or with the Motion with respect to the Policies or payment of the Settlement Amount to PREPA in accordance with this Order.

7. Except as expressly stated herein, this Order shall not be interpreted to limit any party's rights and, for the avoidance of doubt, shall not be interpreted to prejudice the rights and interests of holders and/or insurers of PREPA's power revenue bonds. All rights of such parties to take any actions necessary to protect their rights with respect to any action outside the scope of this Order or with respect to any agreement with creditors shall be preserved.

8. No party served with notice of and/or with the Motion shall interfere with the transfer of the Settlement Amount to PREPA or PREPA's use of the Settlement Amount at its discretion.

9. Immediately upon entry by the Court of this Order, PREPA is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order or the Settlement Agreement.

Dated: _____

                                                                              _____
                                                                              HON. LAURA TAYLOR SWAIN
                                                                              United States District Judge