*Hearing Date: TBD*
*Objection Deadline: TBD*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Hearing Date: TBD*
*Objection Deadline: TBD*

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**SECOND OMNIBUS MOTION TO EXTEND DEADLINE FOR MOTION FOR DEFAULT JUDGMENT IN STANDING ORDER REGARDING PROCEDURES FOR DEFAULT JUDGMENT MOTION PRACTICE <u>AND CLERK'S ENTRIES OF DEFAULT</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................2

JURISDICTION, VENUE, AND STATUTORY BASIS ...............................................................3

FACTUAL BACKGROUND..........................................................................................................3

    I.      The Procedures Motion and Entries of Default .........................................................3

    II.     The Current Situation.................................................................................................5

RELIEF REQUESTED....................................................................................................................5

ARGUMENT...................................................................................................................................6

    I.      There is Cause to Extend the Default Judgment Motion Deadline..........................6

    II.     The Motion is Timely. ..............................................................................................6

NOTICE...........................................................................................................................................7

PROPOSED ORDER ....................................................................................................................10

SUPPLEMENTAL APPENDIX....................................................................................................14

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC," and hereinafter, the SCC may be more broadly referred to as the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee," and together with the Oversight Board, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[2] and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by sections 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting that this Court further extend certain deadlines established in the *Standing Order Regarding Procedures for Default Judgment Motion Practice,* ECF No. 13421 in Case No. 17-3283 (the "Default Judgment Standing Order"), the Clerk's Entries of Default in the adversary proceedings listed in the Supplemental Appendix, and the *Order*, ECF No. 14059, in Case No. 17-03283 (the "First Extension Order"), and requesting entry of an order, substantially in the form attached hereto as Exhibit A (the "Second Default Judgment Motion Extension Order"). Movants have filed this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous adversary proceedings. In support of this Motion, Movants respectfully state as follows:

---

[2] 11 U.S.C. §§ 101 *et seq.*, as incorporated into these proceedings by PROMESA, defined above.

**PRELIMINARY STATEMENT**

1. Movants have filed motions requesting entry of and the Court has entered default against twenty-one (21) defendants who have failed to answer, appear, or otherwise move this Court (the "Default Defendants").[3]

2. On June 12, 2020, the Court entered the Default Judgment Standing Order setting the deadline for Movants to file the motion for default judgment. Shortly thereafter, the Clerk filed entries of default for the Default Defendants and set the deadline for motion for judgment by default sixty (60) days from the entry of default.

3. Due to the COVID-19 pandemic and the beginning of hurricane season in Puerto Rico, Movants requested a sixty (60) day extension of the deadlines in the Default Judgment Standing Order and the Clerk's entries of default in certain adversary proceedings and this Court granted the First Extension Order on August 18, 2020.

4. The Default Judgment Standing Order requires Movants to provide evidence, in admissible form, of such facts as Movants would have proffered to meet their burden of proof in their direct cases had trial been held in the adversary proceedings. Movants are assembling such evidence. However, due to new information that has become available from the Office of the Comptroller and ongoing challenges from the COVID-19 pandemic, Movants require additional time to obtain all admissible evidence.

5. Such an extension will not prejudice the Default Defendants, who have failed to respond or answer their respective complaints and any informal attempts to resolve their adversary pleadings in the past year. Rather, the extension will be to the benefit of the Default

---

[3] A list of the Default Defendants for which Movants request an extension is attached hereto in the Supplemental Appendix. This is the first extension request for two of the Default Defendants, Tactical Equipment Consultants, Inc. (19-00222) and Perfect Cleaning Services, Inc. (19-00249), for which the entries of default were filed later than the other Default Defendants.

2

Defendants because it will similarly extend their time to prepare to oppose any motion for default judgment, should they choose to do so.

## JURISDICTION, VENUE, AND STATUTORY BASIS

6. This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

7. Venue is proper pursuant to section 307(a) of PROMESA.

8. The statutory basis for the relief requested herein is Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

I. **The Procedures Motion and Entries of Default**

9. Movants incorporate by reference the "Factual Background" section of the *Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements* ECF No. 7325, Case No. 17-3283 (the "Procedures Motion") and restate the most pertinent facts herein.

10. In April 2019, Movants filed approximately 250 avoidance actions seeking to avoid and recover transfers from the Commonwealth during its time of financial crisis (the "Avoidance Actions"). One factual basis for many of these actions was the defendants' alleged failure to appropriately document contractual relationships with the Debtors through registration with the Office of the Comptroller as required by Puerto Rico law.

11. On July 12, 2019, this Court granted the Procedures Motion, which set litigation deadlines and information resolution procedures for the Avoidance Actions. *Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by*

3

*and through the Members of the Special Claims Committee and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements* (the "Procedures Order"), ECF No. 7941, Case No. 17-03283, Appendix II, §§ A-C. Through the procedures for informal resolution established in the Procedures Order, Movants attempted to contact and offered the defendants in the Avoidance Actions the opportunity to participate in an informal information exchange and to potentially resolve the Avoidance Actions either through settlement or dismissal. *See id.*

12. The Default Defendants did not respond to the SCC's attempts to contact them. *See Order Granting Omnibus Motion to Extend Deadlines in Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and through the Members of The Special Claims Committee and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements*, ECF No. 12530, Case No. 17-03283, Supplemental Appendix II. Accordingly, on December 6, 2019, the Court established April 13, 2020 as the Default Defendants to file their answers or responses to the complaints in their adversary proceedings.

13. After the Default Defendants failed to answer or respond and more than a month elapsed from the deadline, Movants sought entries of default, which the Court entered. *See, e.g.*, ECF No. 15, Case No. 19-00079 (entry of default against defendant Avant Technologies of Puerto Rico Inc.).

14. On June 12, 2020, the Court entered the Default Judgment Standing Order setting the deadline for Movants to file the motion for default judgment. Shortly thereafter, the Clerk filed entries of default for the Default Defendants and set the deadline for the motions for judgment by default at sixty (60) days from the entry of default.

4

15. Due to the COVID-19 pandemic and the beginning of hurricane season in Puerto Rico, Movants requested a sixty (60) day extension of the deadlines in the Default Judgment Standing Order and the Clerk's entries of default in certain adversary proceedings and this Court granted the First Extension Order on August 18, 2020.

## II. The Current Situation

16. In accordance with the Default Judgment Standing Order, Movants are assembling the evidence, in admissible form, of such facts as Movants would have proffered to meet their burden of proof in their direct cases had trial been held in the adversary proceedings. As part of that process, Movants have identified certain new information that necessitates additional analysis by Movants and their advisors before filing fully supported motions for default judgment. Additionally, the ongoing COVID-19 pandemic has delayed retrieval and translation of information from the Office of the Comptroller. Movants therefore require additional time to obtain all admissible evidence and assemble the motions for default judgment.

17. Accordingly, Movants respectfully seek to further extend the deadline for Movants to file their motions for default judgment, as established in the Default Judgment Standing Order, the Clerk's entries of default, and the First Extension Order to allow sufficient time to obtain admissible evidence to meet Movants' burden of proof on their direct case.

## RELIEF REQUESTED

18. Movants respectfully request that this Court amend the Default Judgment Standing Order, all entries of default for the Default Defendants (listed in the Supplemental Appendix), and the First Extension Order to extend the deadline to file any motion for default judgment by an additional sixty (60) days.

## ARGUMENT

19. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure permits the Court to extend a deadline "for cause shown" when the request is made before the period expires. Fed. R. Bankr. P. 9006(b). Movants respectfully submit that they have shown cause for an extension of the deadline to file the motions for default judgment and their request is timely.

### I. There is Cause to Extend the Default Judgment Motion Deadline.

20. Movants have been diligent in obtaining evidence to meet their burden of proof for the default judgment motions. Indeed, as part of that process, Movants have identified certain additional contracts between the Commonwealth and the Default Defendants requiring additional analysis by Movants and their experts before Movants file fully supported motions for default judgment. Additionally, the ongoing COVID-19 pandemic has delayed the retrieval of and certified translations of information from the Office of the Comptroller. Movants therefore require additional time to obtain all admissible evidence and assemble the motions for default judgment. Accordingly, Movants respectfully assert that cause exists to further extend the deadline for Movants to file motions for judgment by default with respect to the Default Defendants.

### II. The Motion is Timely.

21. Moreover, Movants have submitted their request before the expiration of the period originally prescribed. *See* Fed. Bankr. P. 9006(b)(1). The motions for judgment by default are due on October 17, 2020.[4] Movants are submitting this request well before the deadline. The request is therefore timely.

---

[4] The initial deadlines for the Default Defendants Tactical Equipment Consultants, Inc. (19-00222) and Perfect Cleaning Services, Inc. (19-00249) are October 23, 2020 and October 26, 2020, respectively, because the entries of default were filed later than the other Default

22. Furthermore, no defendants will be prejudiced by the extension. Rather, the Default Defendants, who have failed to respond or answer their respective complaints and any informal attempts to resolve their adversary pleadings in the past year, will benefit from the extension because the extension will similarly postpone their deadline to respond to the motions for default judgment, should they choose to do so.

## REQUEST FOR HEARING

23. Pursuant to Rule 9006(d) of the Federal Rules of Bankruptcy Procedure, the Oversight Board and the Committee hereby request that a hearing on this Motion be scheduled for such date as the Court deems appropriate to consider any objections, joinders, replies or comments by this Court to this Motion.[5]

## NOTICE

24. The Oversight Board has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight Board; (vii) counsel for the Creditors' Committee; (viii) counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in the Supplemental Appendix through their counsel, if known, through their resident agent, or a representative.

---

Defendants. Nonetheless, for administrative ease, Movants request the same new deadline for all Default Defendants listed in the Supplemental Appendix.

[5] Given that the first motions for default judgment are due October 17, 2020, Movants respectfully request that the date that the Court chooses is sufficiently before October 17, 2020.

7

WHEREFORE, Movants respectfully request that this Court enter an order substantially in form attached hereto as <u>Exhibit A</u> granting the relief requested herein and granting Movants such other relief as this Court deems just and proper.

Dated: October 8, 2020.

Respectfully submitted,

*/s/ Sunni P. Beville*
**BROWN RUDNICK LLP**
Sunni P. Beville, Esq. (*Pro Hac Vice*)
Tristan G. Axelrod, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com
taxelrod@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Luc A. Despins*
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Avoidance Actions*

*/s/ John Arrastia*
**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

*/s/ Kenneth C. Suria*
**ESTRELLA, LLC**
Kenneth C. Suria (USDC-PR 213302)
Alberto Estrella (USDC-PR 209804)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR 306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors (other than COFINA and PBA)*

## Exhibit A

## Proposed Order

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

### ORDER GRANTING SECOND OMNIBUS MOTION TO EXTEND DEADLINE FOR MOTION FOR DEFAULT JUDGMENT IN STANDING ORDER REGARDING PROCEDURES FOR DEFAULT JUDGMENT MOTION PRACTICE AND CLERK'S ENTRIES OF DEFAULT

Upon the omnibus motion dated October 8, 2020 (the "Motion") of the Oversight Board,[1] acting by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of title 11 of the Bankruptcy Code and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by sections 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any opposition thereto [and having heard the statements of counsel at the hearing held before the Court (the "Hearing")]; and the Court having determined that the legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein; and upon all of the

---

[1]     Capitalized terms used herein shall have the meaning ascribed to them in Motion unless otherwise noted.

2

proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Motion is granted; and it is further

**ORDERED** that the deadline to file and serve motions for judgment by default established in the *Standing Order Regarding Procedures for Default Judgment Motion Practice,* ECF No. 13421 in Case No. 17-3283 (the "Default Judgment Standing Order"), all entries of default, and the *Order*, ECF No. 14059, in Case No. 17-03283 (the "First Extension Order"), shall be extended for the defendants listed in the Supplemental Appendix by an additional sixty (60) days; and it is further

**ORDERED** that, except as modified by this Order, the Default Judgment Standing Order shall otherwise remain in full force and effect; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

Dated: _____, 2020.

                                                               _____
                                                               Honorable Judith G. Dein
                                                               United States Magistrate Judge

**SUPPLEMENTAL APPENDIX**

| Defendant | Adversary Proceeding No. |
|---|---|
| Avant Technologies of Puerto Rico, Inc. | 19-00079 |
| Caribbean Educational Services, Inc. | 19-00098 |
| Carrasquillo Flores | 19-00124 |
| Centro Psicologicos del Sur Este P.S.C | 19-00140 |
| Estrada Bus Line | 19-00090 |
| Estrada Maisonet | 19-00059 |
| Forcelink, Corp. | 19-00096 |
| Fridma Corporation | 19-00100 |
| Hernandez Barreras | 19-00201 |
| L.L.A.C. | 19-00122 |
| Perfect Cleaning Services, Inc. | 19-00249 |
| Postage by Phone Reserve Account | 19-00181 |
| Puerto Nuevo Security Guards, Inc. | 19-00384 |
| Service Group Consultant Inc. | 19-00204 |
| Servicios Profesionales Integrados a la Salud, Inc | 19-00207 |
| Tactical Equipment Consultants, Inc. | 19-00222 |
| Tatito Transport Service Inc | 19-00224 |
| Trinity Metal Roof | 19-00187 |
| Vazquez y Pagan Bus Line | 19-00197 |
| WF Computer Services, Inc. | 19-00200 |
| William Rivera Transport Service Inc. | 19-00209 |