IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

In re:

**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** as representative of the

**THE COMMONWEALTH OF PUERTO RICO**
Debtor.

_____

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE COURT:**

COMES NOW Josue Ismael Saavedra Vera et al,("Movant"), through the undersigned counsel and very respectfully move the Court for an Order pursuant to 11 U.S.C. sec. 362 for relief of the automatic stay, and in support of this motion, states and prays:

I.   **Procedural background**

On the 14th of March de 2008, movant Josue Ismael Saavedra Vera y Michael Angelo Rivera Oliveras filed a Complaint against Garage Europa, Porshe Cars North America, Inc., Personas Naturales o Juridicas Desconocidas A, B, C; Aseguradoras Desconocidas X, Y, Z., case number E2C12008-0187(201), before the Puerto Rico Court of First Instance in San Lorenzo, Puerto Rico; seeking monetary compensation for the damages suffered due to a traffic accident they sustained. In said Complaint, movant alleged that while they were driving on Route PR-31 around Juncos, the

1

vehicle they were riding in fell on a hole in the street that caused the car to lose control and they hit two light poles causing damages to the occupants of the vehicle.

Defendant, Garage Europa filed a Third-Party Complaint against the Puerto Rico Water And Sewer Authority or Autoridad de Acueductos y Alcantarillados (AAA). The AAA in their Answer to the Complaint claim from the Commonwealth of Puerto Rico specifically their agency, Department of Transportation and Public Works (DTOP in Spanish) who owns and controls the PR-31 Road claiming that the agency performed work on the road without notifying AAA or relocation the pipes that where located at the site, and these could have contributed to the dangerous condition of the road.

Eventually, with leave of Court, on the Plaintiffs amended their Complaint to include the Department of Transportation and Public Works. It is Josue Ismael Saavedra Vera y Michael Angelo Rivera Oliveras contention that all the defendants, including Department of Transportation and Public Works, are jointly liable for the damages suffered.

Discovery proceedings were conducted and the Pre-Trial Conference was scheduled for October, 2017. The Pre-Trial Conference was and held on October 24, 2016, and continued on January 10, 2017; at said hearing the Court scheduled the Trial for the 12, 13, 14,19 and 21 of June, 2017.

After nine years of Plaintiffs waiting to present their claims in court finally the Trial was scheduled by the Court. With the Trial coming up, the Plaintiffs reached a settlement with garage Europa, and started conversations with the

2

attorney for the Department of Transportation and Public Works. Prior to the trail dates, on May 23, 2017 the Commonwealth of Puerto Rico through its agency Department of Transportation and Public Works filed a motion titled: "Notice of Automatic Stay of Proceedings Pursuant to the Petition of the Government of Puerto Rico under Title III of Promesa". On said motion, the Commonwealth of Puerto Rico requested the automatic stay of the complete case. The Court granted the automatic stay in favor of all defendants.

The automatic stay of captioned case, Josue Ismael Saavedra Vera y Michael Angelo Rivera Oliveras filed a Complaint against Garage Europa, Porshe Cars North America, Inc., Personas Naturales o Juridicas Desconocidas A, B, C; Aseguradoras Desconocidas X, Y, Z., case number E2C12008-0187(201), et. al. should be lifted or modified pursuant to 11 U.S.C. Sec. 362 (d)1), for cause, allowing the litigation to proceed.

Section 362 (d)(1) of the Bankruptcy Code, supra, states that:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay---

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

In Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit Court of Appeals

enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) Lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of litigation;

(11) Whether the parties are ready for trial in the other proceeding; and

(12) Impact of the stay on the parties and the balance of harms.

The Josue Ismael Saavedra Vera's Litigation meets many of the criteria enumerated by Sonnax for the stay to be lifted or modified. Particularly the factors number 1, 2, 4, 6, 10, 11 and 12 stated above.

As mentioned before, the Josue Ismael Saavedra Vera litigation involves other parties besides the Commonwealth of Puerto Rico such as Garage Europa, and the parties were ready for a five-day trial that would completely resolve the controversies of liability, damages and causation. Taking into consideration the factor regarding the balance of harm, the harm that would result to Josue Ismael Saavedra Vera case from the continuation of the stay would outweigh any harm that might be suffered by the Commonwealth of Puerto Rico if the stay is lifted or modified. If a judgment in favor of Josue Ismael Saavedra Vera is entered, and the court determines that defendants are jointly liable, he can continue with the execution of judgment and other provisional remedies against any of the defendants other than the Commonwealth of Puerto Rico. Moreover, nothing prevents that this Honorable Court, after lifting or modifying the stay, determine that the stay shall continue as to the effects of the execution of judgment as to the Commonwealth of Puerto Rico if a judgment is entered in favor of movant. Allowing Josue Ismael Saavedra Vera Litigation to proceed would not interfere with PROMESA Title III case, hence the stay should be lifted of modified.

WHEREFORE, movant Josue Ismael Saavedra Vera y Michael Angelo Rivera Oliveras respectfully request from this Honorable Court that the lift in the captioned case Josue Ismael Saavedra Vera y Michael Angelo Rivera Oliveras vs. Garage Europa, Porshe Cars North America, Inc., Personas Naturales o Juridicas Desconocidas A, B, C; Aseguradoras Desconocidas X, Y, Z., case number E2C12008-0187(201) be lifted or modified.

I HEREBY CERTIFY that the forgoing document was filed with the Clerks of the Court using CM/ECF system, which will send notification of such filing to counsel of record, and on the attorney for the Commonwealth of P.R..

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico this 14th day of August, 2017.

**LAW Office of Frank Pola, Jr.**
El Centro II, Suite 260
#500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel: (787) 250-6666; Fax: (787) 250-7900
E- Mail: pola@frankpolajr.com

s/ *Frank Pola, Jr.*
Frank Pola, Jr.
USDC-PR No. 201306