UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors [1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor | PROMESA Title III<br><br>No. 17 BK 4780 LTS<br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS**<br><br>Re: ECF No. 2055 |

**REPLY TO PREPA'S OBJECTIONS (Dkt 2229 in Case No. 17-044780 and Dkt 14446 in Case No. 17-03283)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801 (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

COMES NOW, EIF PR RESOURCE RECOVERY, LLC ("EIFPR"), through its undersigned counsel, and very respectfully informs as follows:

1. On September 18, 2020, this Honorable Court issued an Order (Dkt 2206 in Case No. 17-4780 and Dkt 14345 in Case No. 17-03283).

2. On October 2, 2020 PREPA filed its objections to EIFPR's Motion to Reconsider (Dkt 2205 in Case No. 17-4780 and Dkt 14446 in Case No. 17-03283) "PREPA's Objection").

3. In the arguments presented in PREPA's Objection, it fails to recognize what is the best interest for the People of Puerto Rico, that is, the **best public interest**.

4. Puerto Rico is not only in economic adversity that caused the approval of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA") but is also facing a waste disposal crisis that irreparably contaminates the environment and threats human health, and that warrants timely and drastic/out-of-the-ordinary decisions.

5. Some 67% of Puerto Rico's 27 Sanitary Landfill Systems ("SRSs") actually have limited useful lives that do not exceed 5 years, even before including the impacts of hurricanes Irma and María in September 2017. Many of the SRS in Puerto Rico are currently in breach of environmental regulations and are under Unilateral Closing Orders from the United States Environmental Protection Agency ("EPA"). The noncompliant landfills pollute surface and ground waters daily impacting the limited drinking water supplies that we have on the Island. In addition, they are emitting a significant amount of Green House Gases ("GHG") in clear violation to federal and state environmental regulations. In fact within the next few years, the northern corridor of the Island will need

a system with the capable of handling 3000 tons per day of Municipal Solid Wastes ("MSW").[2]

6. In addition, PREPA's dependency on fossil fuel as the source of energy, which has historically been a very costly burden, justifies that alternative sources of energy be considered and given the opportunity to develop.

7. Given the situation in Puerto Rico, best public interest is not advanced by terminating the Power Purchase and Operation Agreement ("PPOA") for a project with the characteristics of EIFPR's Waste to Energy Project ("WTE Project"), where:

   a. the waste disposal crisis is adequately addressed in compliance with all regulatory provisions of the EPA and the Puerto Rico Department of Natural and Environmental Resources ("DNER"),

   b. an alternate fuel source is provided, one that is base-load type and serves to supplement PREPA's continuous generation needs, together with other renewable sources, as solar and wind which although environmentally friendly, are not base load but are directly dependent on weather conditions and thus, fluctuate, and

   c. provides a better price for the PREPA.

8. Regarding this last characteristic, PREPA's allegation that the PPOA has unfavorable terms and high prices compared to what PREPA is able to obtain in the current market is unfounded and incorrect.

---

[2] EPA Fact Sheet on Puerto Rico landfills dated 2016, https://www.epa.gov/sites/production/files/2016-09/documents/puerto_rico_landfills_fact_sheet_final_0.pdf
EPA announcement on funding to recover long-term impacts from Hurricanes Irma and María which crippled solid waste infrastructure in Puerto Rico https://www.epa.gov/newsreleases/epa-awards-first-installation-40-million-grant-puerto-rico-solid-waste-management-0

9. Price is a significant reason why EIFPR has requested that the Puerto Rico Energy Bureau ("PREB") reintroduce the project into the Integrated Resource Plan ("IRP"). The PREB's Regulation No. 9021 outlines the requirements for the Preferred Resource Plan ("PRP") in Section 2.02(H)(2)(d)(ii), where it specifies that the selection criteria includes environmental impacts and specifies that if associated with quantifiable costs, these costs shall be included in the calculation of the present value of revenue calculation used as the primary selection criteria to determine the PRP. The PREB assessment would resolve much of the pricing and terms question.

10. The U.S. Appeals Court for, 5th Circuit, addressed the district court's jurisdiction to properly authorize the rejection of an executory power contract in bankruptcy. *In Re: Mirant Corp*., 378 F.3d 511 (2004). The Court resolved that the use of the business judgment standard would be inappropriate because it would not account for the public interest inherent in the sale of electricity, adjusting a more rigorous scrutiny crafted by the Supreme Court in *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523-26 (1984). This adjustment was made to fit to energy contracts by requiring that, in addition to the business-judgment rule, the bankruptcy court would further "carefully scrutinize the impact of rejection upon the public interest" and authorize the rejection only if the debtor can show "that, after careful scrutiny, the equities balance in favor of rejecting that power contract." See also, *In Re: First Energy Solutions Corp*., No. 18-4110 (6th Cir. 2019) This constitutes a "heightened standard" that procures the protection of the public interest, rather than just the ordinary business judgement.

11. PREPA has not provided this Honorable Court with a careful scrutiny where the equities would balance in favor of the PPOA's rejection. Its decision to reject the PPOA

is not substantiated and PREPA merely states that it is "financially burdensome" which falls short of the "heightened standard".

12. Historical attempts to implement new projects of the WTE Project type in Puerto Rico have been very time consuming notwithstanding a series of local and federal efforts underlying the need to deal with the waste disposals issue expeditiously.

13. The PPOA rejection will result in a restarting of historically lengthy governmental selection processes, including front end engineering and environmental impact and risk assessment studies, all of which are very costly and time-consuming, in addition to permit approvals, which had already been successfully completed for the EIFPR's WTE Project. The rejection will be a disincentive for future such projects and future private ventures willing to invest in Puerto Rico.

14. Through September 2020, the EIFPR's WTE project has expended (including principal and interest) some $87 million and is in the best position to revive and complete the project in the fastest timeline. Given the accomplishments and expenditures in the development of the WTE project, it should be clearly noted that the project is not in its infancy, and is in a positions to supply energy and deal with the emerging health issues not only in the shortest time frame, and in a time frame consistent with the emerging needs.

15. In fact, by the beginning of 2018 the WTE project had completed its federal permits and approvals with the USEPA, the U.S. Army Corp of Engineers (USCOE) and the local environmental permits/approvals with the DNER. Moreover, it had completed host community agreements, waste services/fuel supply agreements and fixed price construction/operating contracts, among other project related milestones that are costly and

take years to complete. To state that the project was in its infancy is factually erroneous and can mislead.

16. Unfortunately, in January of 2018 (about four months after Hurricane María and six months after the first PPOA amendment), the (prior) Governor of Puerto Rico, Ricardo Roselló, without warning and any due process "retired the administration endorsement of the project" and it was removed from the PREPA's IRP. This unilateral announcement was about a month after the then Governor issued an Administrative Order specifically identifying the need to implement waste to energy critical projects, and about a year before the first draft of the PREPA's IRP by Siemens, and before its review by the PREB and the FOMB. The draft IRP also suggested the action was undertaken notwithstanding the good reasons for including it.

17. The unjustified and capricious the action of the then Governor is underlined by the fact that the project developer nor the project lender were informed in advance. The withdrawal of support precipitated a series of informal local gubernatorial withdrawals and declinations to even meet to discuss the issues, notwithstanding executed agreements, and permits, and substantial capital investments to that date.

18. With the withdrawal of the project from the IRP, PREPA could not proceed with it, unless the PREB reintroduced the project pursuant to its assessment. Just prior to the COVID 19 pandemic, EIFPR met with senior staff at PREB to request an assessment to reintroduce the project into the IRP. EIF was well received, and informed that the matter would be discussed with the Board and if necessary additional information would be requested. We believe that COVID 19 and other priorities pre-empted any decision, and thus EIFPR's request to have the opportunity to discuss this project with PREPA and the

FOMB is intended to meet the heightened standard for scrutiny prior to any rejection decision on the PPOA.

**WHEREFORE**, EIFPR respectfully requests reconsideration of the Order (Docket entry #2198 in Case No. 17-4780) and recognizing this Honorable Courts supremacy in this matter, plus the need for expedited decisions, and in order to protect the public interest, EIFPR proposes that this Honorable Court provide a short term deferral of the PPOA rejection and provide a Court order for the Parties (EIFPR, PREPA, FOMB) to mediate a possible resolution with, if possible, the participation of the Puerto Rico Department of Natural and Environmental Resources ("DNER") and the US Environmental Protection Agency ("USEPA"). If the mediation is not successful, the Parties are to issue separate reports to the Court on how the public interests are impacted

RESPECFULLY SUBMITTED.

## CERTIFICATE OF SERVICE

I hereby state and certify that on 9th day of October of 2020, I have filed the foregoing document using the CM/ECF system, and that such document will be served electronically on all parties of record.

s/Rafael A. Toro-Ramírez
USDC-PR No. 205204
rtoro@toro-arsuaga.com
TORO & ARSUAGA, LLC
Attorneys for EIFPR
PO Box 11064
San Juan, P.R. 00922-1064
Tel. (787) 299-1100 Fax (787) 793 -8593