**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR THE CONDUCT OF AN INDEPENDENT INVESTIGATION REGARDING CERTAIN TRADING ACTIVITY**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico ( the "Oversight Board"), as the sole representative of the Title III Debtors pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] files this response to the *Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing and Independent Investigation*, dated October 5, 2020 (the "Investigation Motion") [ECF No. 14450][3], the *Official Committee of Unsecured Creditors' Limited Joinder in Motion of National Public Finance Corporation for Entry of an Order Directing an Independent Investigation*, dated October 10, 2020 (the "UCC Joinder") [ECF No. 14527], and, in support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1. In the Investigation Motion, National makes numerous assertions regarding the mediation process led by the Court-appointed Mediation Team, the parties that participated in the mediation with respect to both the Initial PSA and the New PSA, and the trading activity of such parties during a period spanning almost two years. National does not support the New PSA and the corresponding plan of adjustment and it alleges that such "suspect" activity leads one to be concerned that such plan of adjustment was not negotiated in good faith, is not confirmable and contends that without a determination that the mediation process and the trading activity of parties involved was on the "up and up", the Court should not undertake a confirmation process. National contends that no party will be prejudiced by a short investigative process, led by the United States Trustee (citing the recent effort of the Office of the United States Trustee in a chapter 11 case) or

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used herein shall have the meanings ascribed thereto in the Investigation Motion.

2

another appointed independent investigation, lasting no more than sixty (60) days, because the Oversight Board is not prepared to prosecute the current plan of adjustment due to the Oversight Board's ongoing analysis of the economic effect of COVID-19 on the Commonwealth's fiscal abilities, pending changes in the Oversight Board's composition and the upcoming Commonwealth gubernatorial election.

2. As noted in the Investigation Motion, the allegations raised therein are the same as those raised in the Congressional Letter, a letter, dated August 5, 2020, by several members of Congress to New York State Attorney General Letitia James requesting the opening of an investigation into possible violations of the Martin Act. Similarly, National notes that the Court has already received and published a series of letters from a 'blogger" setting forth her belief that parties engaged in improper trading.

3. National attempts to distinguish or actually dismiss the effect of the Congressional Letter by claiming that "it is unknown whether any such investigation has begun or will ever begin." It further states that, because it is unclear whether the results of any such investigation would be shared with National and others, it would not serve the purpose for which National seeks the investigation-an effort to contest the "good faith" nature of plan negotiations led by the Mediation Team.

4. The Committee supports the relief requested in the Investigation Motion, claiming that it is consistent with its prior efforts to obtain full disclosure of trading activity undertaken by parties to the mediation process. It further states that the United States Trustee is incapable of conducting an independent investigation, as PROMESA did not sanction the United States Trustee with the same authority as granted in a case under chapter 11 of the Bankruptcy Code. Consequently, the Committee lobbies for the opportunity to conduct an investigation.

5. The Oversight Board takes no position regarding the allegations regarding the trading activity of parties to the mediation process. On the contrary, the Oversight Board welcomes the opportunity for all such parties to establish that their respective trading activity was undertaken in accordance with the periods of "restriction" established by the Mediation Team and always pursuant to applicable securities laws. Providing such disclosure will put to rest concerns that are affecting these Title III cases and necessitate responses and the incurrence of fees and expenses in connection therewith.

6. But, National's motion fails. There is no provision in Title III for the appointment of an examiner or trustee, as there is in chapter 11 of the Bankruptcy Code. To the extent there is evidence, the Court may of course refer such evidence to the United States Department of Justice of which the United States Trustee is a part.

7. Such a referral will avoid saddling the Commonwealth with the costs of an investigation. Alternatively, because National alleged such potential trading activity would render the currently proposed plan of adjustment unconfirmable, National may pursue the investigation at its expense in the context of confirmation discovery. If other creditors believe there is merit, they may join in such discovery.

8. It would be inappropriate to vest the investigation with the Committee, as sought in the UCC Joinder. Like National, the Committee has repeatedly expressed its displeasure with what it perceives to be a proposed inordinate plan of adjustment recovery for GO bondholders to the detriment of the Committee's constituency. Accordingly, although the UCC could likewise take confirmation discovery on the topic of other creditors' trading, that would impose the cost on the Commonwealth. Therefore, the Oversight Board recommends that, if National and the UCC desire

to take confirmation discovery into these issues, that United States Magistrate Judge Dein control the discovery so it is not done largely at the cost of the Commonwealth.

9. The Oversight Board requests that relief be granted in accordance with the positions set forth herein.

Respectfully submitted,

| | |
|---|---|
| Dated: October 13, 2020<br>San Juan, Puerto Rico | */s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br>Email: hermann.bauer@oneillborges.com |
| | */s/ Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>        brosen@proskauer.com |
| | *Attorneys for the Financial Oversight and Management Board for Puerto Rico* |

5

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer