UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 14277, 14298, 14412**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA),<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK-4780-LTS<br><br>**This Stipulation relates only to PREPA.** |

**STIPULATION MODIFYING THE AUTOMATIC STAY
BETWEEN THE PUERTO RICO ELECTRIC POWER
AUTHORITY AND MARIA COLÓN CRISPIN**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS)(Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This stipulation (the "Stipulation") is made as of October 1, 2020, by and between the Puerto Rico Electric Power Authority ("PREPA") and Maria Colón Crispin ("Movant").[2]

## RECITALS

**WHEREAS**, on July 2, 2017, PREPA, by and through the Oversight Board, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 8027];

**WHEREAS**, on July 23, 2020, Movant filed the *Motion for Relief from the Automatic Stay* [ECF No. 14277], requesting the District Court to enter an order to the effect that the stay is not applicable to the matter of *Maria Colon Crispin v. Municipio de Carolina, et al.,* Civil Case No.

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Puerto Rico Electric Power Authority ("PREPA") to enter into this Stipulation on behalf of PREPA.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

CA2018CV00323 (the "Prepetition Action"), pending before the Puerto Rico Court of First Instance, Superior Court, San Juan (the "Commonwealth Court") or to otherwise lift the Title III Stay to allow the Prepetition Action to continue;

**WHEREAS**, Plaintiff had named PREPA as defendant in the Prepetition Action; however, on December 21, 2018, at Movant's request, all claims against PREPA were dismissed without prejudice;

**WHEREAS**, on February 21, 2018, the Autonomous Municipality of Carolina (the "Municipality"), filed a third-party complaint naming PREPA as third-party defendant;

**WHEREAS**, as it has been represented by Movant to PREPA, the Municipality asserts that the Title III Stay applies to the Prepetition Action in its entirety, including to Movant's claims against the Municipality;

**WHEREAS**, counsel for PREPA and Movant have conferred and have resolved Movant's request for relief from the Title III Stay as set forth herein;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among PREPA and Movant, through their respective counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. The Motion is resolved in its entirety. Upon the filing of this Stipulation in the Title III Case and the entry of an order approving the same, the Motion shall be deemed withdrawn.

2. The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to the rendering of judgment and the enforcement of such judgment against the Municipality of Carolina and its insurance company; provided, however, that the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, any claim against PREPA.

3. PREPA's agreement to modify the automatic stay is subject to Movant requesting the Commonwealth Court to enter judgment dismissing all of Movant's claims against PREPA with prejudice and entry of judgment dismissing all of Movant's claims against PREPA with prejudice. Movant hereby waives any and all claims against PREPA relating to the Prepetition Action and agrees that Movant will never raise, assert, or otherwise maintain any such claims against PREPA.

4. It is understood by Movant that nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay to permit the prosecution against PREPA, or any of the Title III debtors, of any claim or claims by anyone other than Movant as provided for herein and PREPA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case, and Movant reserves all rights to object to and contest the same, and to request and be granted any relief to which they may be entitled to in accordance with the Case Management Order and the Lift Stay Protocol, and/or any other applicable law.

5. PREPA and Movant each represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

6. Except as otherwise expressly provided in this Stipulation, neither this Stipulation, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of the Stipulation shall be deemed to be, or construed as: (a) an admission by any party of any liability, wrongdoing, act, or matter or that any

claim or defense has or lacks merit; (b) a waiver of PREPA's or Movant's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

7. Nothing in this Stipulation shall be deemed or construed as: (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on PREPA's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

10. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

12. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**IN WITNESS THEREOF** and in agreement herewith, by and through their respective counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 1st day of October of 2020.

*/s/ Katiuska Bolaños*
Katiuska Bolaños
USDC-PR No. 231812
kbolanos@diazvaz.law

DÍAZ & VÁZQUEZ LAW FIRM, PSC
290 Jesús T. Piñero Ave.
Scotiabank Tower, Suite 1105
San Juan, PR 00918
Tel.: (787) 395-7133
Fax. (787) 497-9664

*Counsel for the Puerto Rico Electric Power Authority*

*/s/ Rafael Roman-Jimenez*
**RAFAEL ROMAN-JIMENEZ**
**USDC No. 221912**
**P.O. Box 361625**
**SAN JUAN, PR 00936-1625**
**TELS.: (787) 671-3102 / (787) 399-2423**
**E-MAIL: rafaromanj@gmail.com**

*Counsel for Movant*

SO ORDERED.

Dated: October 13, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge