Hearing Date: October 28, 2020 9:30 AM AST

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re:* <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO *et al.*, <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> Case No. 17-03283 (LTS) <br><br> (Jointly Administered) |

## OBJECTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO JOINT MOTION OF PSA CREDITORS PURSUANT TO SECTION 312 OF PROMESA AND SECTION 105 OF THE BANKRUPTCY CODE TO IMPOSE DEADLINES FOR PLAN OF ADJUSTMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

National Public Finance Guarantee Corporation ("National") respectfully submits this objection (the "Objection") to the *Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (ECF No. 14478) (the "Motion").[2]

1. National, a provider of financial guarantee insurance, owns or insures more than $843 million in constitutionally guaranteed general obligation ("GO") bonds of the Commonwealth, as well as more than a billion dollars of debt issued by the Commonwealth's instrumentalities. Having received not a single payment of principal or interest on the GO bonds from the Commonwealth in over four years—and having paid vast sums of its own money to policyholders to cover the shortfall—National wholeheartedly agrees that now is time for the FOMB finally to "find the way forward" with a proposed plan that would allow the Commonwealth to emerge from Title III. Mot. ¶ 1 (quoting May 17, 2017 Hrg. Tr. 6:17-18, 20-21). But of course such a plan must be confirmable and must be the product of a fair and transparent Title III process. The Current POA is the polar opposite of both—which is precisely why the Motion should be denied. To proceed with that plan (or one like it) on the schedule requested by the PSA Creditors only invites still more failure and delay.

2. Indeed, there is no viable path to confirmation of the Current POA on *any* schedule. Without belaboring the matter here, the Current POA is beset with numerous and fatal defects that render it patently unconfirmable. Among many others, National agrees with the Movants that the Current POA is based on flawed financial projections and a willful refusal to implement long

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1

awaited reforms that would materially improve creditor recoveries, but more importantly the lives of the people of Puerto Rico.

3.  At the same time, the fundamental flaws in the proposed plan could have been avoided had Puerto Rico's long-term stakeholders been given a seat at the bargaining table. But the negotiation and mediation process that produced the Current POA, and the PSA on which it is based, were deeply flawed, including because the largest par holders of General Obligation debt were excluded.[3] Indeed, as the mediation team acknowledged, only "certain parties" were included in crucial phases of the mediation. *See Amended Report and Recommendation of the Mediation Team* at 8 (ECF No. 10756). That flawed process has wrought an unconfirmable plan supported by a small group of low-basis hedge funds, who seek to turn a quick profit at the expense of monoline insurers, retail bondholders, and other Puerto Rico stakeholders with a long-term interest in the island's future. For those reasons and more, the Current POA is not "the way forward"; it is a dead end. The path forward is clear: Only by immediately commencing inclusive, good-faith negotiations with long-term stakeholders can the Commonwealth get back on the road toward a just and confirmable plan.

4.  That process must *also* be founded on transparent and reliable financial information: the PSA Creditors are right to condemn FOMB's dependence on contrived, implausibly dire financial projections invariably and inevitably outperformed by the Commonwealth. Mot. ¶ 32. The FOMB's projections have indeed consistently assumed that Puerto Rico would remain in perpetual economic decline contrary to history, the long-term

---

[3] On October 5, 2020, National filed a separate *Motion for Entry of an Order Directing Independent Investigation* (ECF No. 14450), which seeks an independent investigation relating to certain conduct of certain participants to the mediation that resulted in the PSA. National refers to the text of the Investigation Motion for its contents.

2

forecasts for all other localities and common sense. *Id.* Incredibly, without audited financial statements, even the immediate past and current economic reality remain a mystery. Mot. ¶ 29. This is hardly a viable starting point for good-faith plan negotiations. To state the obvious, fresh negotiations—which are essential—require transparent, accurate, and reliable financial information, which has to date been sadly lacking.

5.  National also concurs that, once proper negotiations are underway, FOMB should proceed promptly to make measurable progress on a confirmable Commonwealth plan. But the *first* step should be a date and time for FOMB to give the island's most important stakeholders a seat at the bargaining table, and to negotiate terms that work for more than just the most opportunistic group of Commonwealth creditors. Unless FOMB takes that crucial step, failure will be "not an option" but a certainty. Mot. ¶ 13 (quoting May 17, 2017 Hrg. Tr. 8:8).

For the foregoing reasons, the PSA Creditors' Motion should be denied.

Dated: October 13, 2020
San Juan, Puerto Rico

3

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO**<br>**SEDA & PEREZ-OCHOA PSC**<br>208 Ponce de León Avenue, Suite 1600<br>San Juan, PR 00936<br>Telephone: 787.756.9000<br>Facsimile: 787.756.9010 | **WEIL, GOTSHAL & MANGES LLP** |
| By: /s/ *Eric Perez-Ochoa*<br>　　Eric Pérez-Ochoa<br>　　USDC-PR No. 206,314<br>　　E-mail:　　epo@amgprlaw.com<br><br>By: */s/ Luis A. Oliver-Fraticelli*<br>　　Luis A. Oliver-Fraticelli<br>　　USDC-PR NO. 209,204<br>　　E-mail:　　loliver@amgprlaw.com<br><br>*Attorneys for National Public Finance Guarantee Corp.* | By: /s/ *Robert Berezin*<br>　　Jonathan Polkes*<br>　　Gregory Silbert*<br>　　Robert Berezin*<br>　　Kelly Diblasi*<br>　　Gabriel A. Morgan*<br>　　767 Fifth Avenue<br>　　New York, New York 10153<br>　　Tel.:　　(212) 310-8000<br>　　Fax:　　(212) 310-8007<br>　　Email:　　jonathan.polkes@weil.com<br>　　　　　　gregory.silbert@weil.com<br>　　　　　　robert.berezin@weil.com<br>　　　　　　kelly.diblasi@weil.com<br>　　　　　　gabriel.morgan@weil.com<br><br>* admitted *pro hac vice*<br><br>*Attorneys for National Public Finance Guarantee Corp.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2020 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

San Juan, Puerto Rico

October 13, 2020

                                              By: */s/ Eric Perez-Ochoa*
                                              Eric Pérez-Ochoa