# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

          as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

          Debtors.[1]

------------------------------------------------------------------- x

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

## URGENT MOTION OF THE LAWFUL CONSTITUTIONAL DEBT COALITION TO FILE UNDER SEAL CERTAIN PORTIONS OF ITS OBJECTION TO THE MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ENTRY OF AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Lawful Constitutional Debt Coalition (the "LCDC")[1] respectfully submits this *Urgent Motion of the Lawful Constitutional Debt Coalition to File Under Seal Certain Portions of Its Objection to the Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (the "Urgent Motion to Seal"), and hereby states as follows:

## RELIEF REQUESTED

1.      By this Urgent Motion to Seal, the LCDC seeks the Court's permission to file under seal certain portions of its objection (the "Objection") to the *Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14450), including (i) a certain document (the "Confidential Exhibit") that may be considered confidential pursuant to the Court's *Order Appointing Mediation Team* (ECF No. 430) (the "Mediation Order") and *Order Regarding Mediation Confidentiality Restrictions* (ECF No. 8686) (the Supplemental Mediation Order" and with the Mediation Order, the "Mediation Orders") and is an exhibit to the Objection, (ii) any references to the Confidential Exhibit in the Objection, and (iii) certain other limited references relating to the Mediation (defined below) that are confidential pursuant to the Mediation Orders ((i), (ii), and (iii), the "Confidential Material").

## JURISDICTION AND VENUE

2.      The United States District Court for the District of Puerto Rico (the "Court")  has subject matter jurisdiction over this matter pursuant to section 306(a) of the Puerto Rico Oversight,

---

[1]  The members of the LCDC and their respective holdings are set forth in the *Eighth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 14316).

Management, and Economic Stability Act ("PROMESA").  Venue is proper pursuant to section 307(a) of PROMESA.

## BASIS FOR RELIEF REQUESTED

3.     Shortly after the commencement of the Title III case, and in order to facilitate a successful, consensual resolution of the many disputed issues facing the Commonwealth and its creditors, the Court entered the Mediation Order, which designated a team of sitting federal judges, led by Chief Bankruptcy Judge Barbara J. Houser of the United States Bankruptcy Court for the Northern District of Texas, to conduct confidential settlement negotiations of any and all issues and proceedings arising in the Title III cases (from time to time conducted, the "Mediation").

4.     On September 11, 2019, following media reports concerning an upcoming Mediation session, the Court entered the Supplemental Mediation Order.  In the Supplemental Mediation Order, the Court reiterated that the "mediation process in this case was established as a confidential one[,] … and in order to safeguard the confidentiality and efficacy of the ongoing mediation efforts, the Court hereby orders that all participants in the mediation process are bound by the confidentiality restrictions imposed by this Court and the Mediation Team."  Supp. Mediation Order at 1.  The Court further warned that "[i]n the event that any further breaches of mediation confidentiality appear to occur, the Court will not hesitate to take appropriate action to determine the source of the leak and to evaluate whether to impose sanctions as may be appropriate."  *Id.* at 2.

5.     On October 5, 2020, National Public Finance Guarantee Corporation ("National")—which has participated in the Mediation—filed the *Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14450) (the "National Motion") alleging that certain other Mediation parties, including

members of the LCDC, may have violated the Mediation Orders—to wit, duties imposed on participants in the Mediation.

6.      The deadline by which objections to the National Motion must be filed is October 13, 2020.

7.      Although the Confidential Exhibit is highly relevant to the National Motion, and National is in possession of it, National did not inform the Court of its existence in its filing.  The failure to refer to the Confidential Exhibit leaves a significant gap in National's allegations, which is highly prejudicial to the interests of the LCDC.  Accordingly, the LCDC plans to attach the Confidential Exhibit to, and refer to the Confidential Exhibit in, its Objection.

8.      The Confidential Exhibit is related to the Mediation, and therefore may be considered confidential pursuant to the Mediation Orders.  Moreover, the Confidential Exhibit itself prohibits the disclosure of its contents or existence.

9.      Pursuant to the Court's *Amended Joint Order On Sealing And Redacting* (ECF No. 13630) (the "Sealing Order"), the LCDC files this Urgent Motion to Seal in order to have the ability to fairly apprise the Court of all relevant facts while ensuring compliance with the Mediation Orders and the terms of the Confidential Exhibit.  However, the LCDC does not believe the Confidential Exhibit would otherwise satisfy the requirements of Fed. R. Bankr. P. 9018, as referenced in paragraph 1 of the Sealing Order and, in fact, that the public interest would be served by its disclosure.  Therefore, the LCDC believes that the Confidential Exhibit should be unsealed, or at least the relevant portions thereof, in which case the LCDC would publicly file its Objection

attaching the Confidential Exhibit, and removing redactions of references therein to the Confidential Exhibit.[2]

## NOTICE

10.     Notice of this Urgent Motion to Seal has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Oversight Board; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Official Committee of Unsecured Creditors; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) National; and (viii) all parties on the Master Service List.

## CERTIFICATION

11.     Pursuant to Local Rule 9013-1 and paragraph I.H of the Thirteenth Amended Case Management Procedures (ECF No. 13512-2), the LCDC certifies that (a) it has carefully examined the matter and has concluded that there is a true need for urgent relief because (i) the Confidential Material may be covered by the Mediation Orders, and (ii) the deadline to object to the National Motion is October 13, 2020, and (b) the undersigned counsel have not created the urgency through lack of due diligence on their part.

## CONCLUSION

WHEREFORE, the LCDC respectfully requests that the Court enter an order granting the Urgent Motion to Seal and such other relief the Court deems just and proper.

---

[2]     To be clear, the LCDC has been informed that the references to Confidential Material in paragraphs 37 and 43 of the Objection are covered by the Mediation privilege, and accordingly should not be unsealed even if the Confidential Exhibit and references thereto are publicly disclosed.

DATED:  October 13, 2020

Respectfully submitted,

REICHARD & ESCALERA

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By :   */s/ Rafael Escalera*
**Rafael Escalera**
USDC No. 122609
escalera@reichardescalera.com

**Sylvia M. Arizmendi**
USDC-PR 210714
arizmendis@reichardescalera.com

**Carlos R. Rivera-Ortiz**
USDC-PR 303409
riverac@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913
(787) 777-8888

**Susheel Kirpalani** (*pro hac vice*)
susheelkirpalani@quinnemanuel.com

**Daniel Salinas**
USDC-PR 224006
danielsalinas@quinnemanuel.com

**Eric Kay** (*pro hac vice*)
erickay@quinnemanuel.com

**Kate Scherling** (*pro hac vice*)
katescherling@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1603
(212) 849-7000

*Co-Counsel for the Lawful Constitutional Debt Coalition*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/*Carlos R. Rivera-Ortiz*
USDC-PR 303409