UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER REGARDING MOTION OF THE LAWFUL
CONSTITUTIONAL DEBT COALITION TO FILE UNDER SEAL CERTAIN PORTIONS
OF ITS OBJECTION TO THE MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION FOR ENTRY OF AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION

    The Court has received and reviewed the *Urgent Motion of the Lawful Constitutional Debt Coalition to File Under Seal Certain Portions of Its Objection to the Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (Docket Entry No. 14562 in Case No. 17-3283,[2] the "Urgent Motion"), filed by the Lawful Constitutional Debt Coalition (the "LCDC"). Through the Urgent Motion, the LCDC seeks leave of Court to file under seal certain portions of its objection (the "Objection") to the *Motion of National Public Finance Guarantee Corporation for Entry of an*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Urgent Motion was refiled at Docket Entry No. 14567 in Case No. 17-3283 to include a signed certification, on behalf of one LCDC member firm, that had been omitted from the original filing.

*Order Directing an Independent Investigation* (Docket Entry No. 14450 in Case No. 17-3283, the "National Motion") on the basis that the Objection contains material (the "Confidential Material") that may be considered confidential pursuant to this Court's *Order Appointing Mediation Team* (Docket Entry No. 430 in Case No. 17-3283) and *Order Regarding Mediation Confidentiality Restrictions* (Docket Entry No. 8686 in Case No. 17-3283). The Urgent Motion takes the position that a portion of the Confidential Material—namely, the Confidential Exhibit[3] and any references thereto in the Objection—should ultimately be unsealed.

Any response to the Urgent Motion, including any response from Mediation Team Leader Judge Barbara J. Houser or any other party to the Mediation, must be filed by **October 21, 2020, at 5:00 p.m. (Atlantic Standard Time)**. Reply papers, if any, must be filed by **October 26, 2020, at 5:00 p.m. (Atlantic Standard Time)**. The Court will thereafter take the Urgent Motion on submission.

Briefing of the Urgent Motion shall address, at a minimum, (i) whether the Court may review and/or consider the Confidential Material, including the Confidential Exhibit, in connection with its determination of the National Motion and, if so, whether any current restrictions on the Court's ability to review the Confidential Material are waivable or may otherwise be overridden; and (ii) whether, and, if so, to what extent, the Confidential Material satisfies the requirements of Rule 9018 of the Federal Rules of Bankruptcy Procedure[4] and the orders of this Court governing sealed filings such that it should remain under seal for an unlimited duration or, alternatively, whether the Confidential Material, or any component thereof, must be filed on the public docket.

In order to establish a complete record, the Court grants the Urgent Motion to the limited extent that the LCDC is permitted to file under seal on a temporary basis its Objection in unredacted form, pending briefing and resolution of the issues set forth above. Access to the Objection while the Urgent Motion remains under consideration will be restricted to Court personnel, but the Court will not review the Confidential Material, if at all, until after a final decision regarding the Urgent Motion has been issued.

SO ORDERED.

Dated: October 14, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3] Capitalized terms not defined herein shall have the meanings given to them in the Urgent Motion.

[4] The Federal Rules of Bankruptcy Procedure are made applicable in these Title III cases by 48 U.S.C. § 2170.