UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER<br>AUTHORITY, | |
| Debtor. | |

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING IN PART THE MOTION OF
EFRON DORADO, S.E. FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 13817)

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is the *Motion of Efron Dorado, S.E. for Relief from the Automatic Stay and Memorandum of Law in Support Thereof* (Docket Entry No. 13817 in Case No. 17-3283 and Docket Entry No. 2089 in Case No. 17-4780,[2] the "Motion"), filed by Efron Dorado, S.E. (the "Movant"). The Motion seeks relief from the automatic stay—imposed by the commencement of the above-captioned Title III cases—to permit Movant to enforce a judgment (the "Judgment") entered by the Commonwealth of Puerto Rico Court of First Instance (the "Commonwealth Court") in the case captioned Efron Dorado, S.E. v. Puerto Rico Electric Power Authority, et al., Case No. 2010-2408 (the "Civil Action"). The Motion is opposed by the Puerto Rico Electric Power Authority ("PREPA") (Docket Entry No. 14053, the "Objection") to a limited extent.

The Court has considered carefully all of the parties' submissions. For the following reasons, the Motion is granted to the extent set forth herein.

BACKGROUND

Movant operates the Paseo de Plata Shopping Village in Dorado, Puerto Rico. (Mot. ¶ 4.) As part of its operations, Movant maintains electric services account number 025-0430581-001 with PREPA for the public areas of the shopping center. (Mot. ¶¶ 2, 4.) In a statement dated May 11, 2009, PREPA billed Movant for $259,952.41, plus $4,419.19 in late charges. (Mot. ¶ 3; Obj. ¶ 5.) Movant disputed the statement and invoked the procedures established by Law No. 33 of 1985, 27 L.P.R.A. § 262 et seq.[3] (Mot. ¶ 3; Obj. ¶ 5.) Movant

---

[2]  All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

[3]  Law No. 33 is titled the *Act to Establish Minimum Procedural Requirements for the Suspension of Essential Public Services.* Its stated purpose is "to guarantee to the subscribers or consumers an adequate opportunity to question the accuracy and source of the charges invoiced, and an adequate notice of the decision to discontinue services for

alleges that, on June 21, 2010, PREPA shut off electricity to the shopping center's public areas. (Mot. ¶ 4.) Three days later, Movant commenced the Civil Action against PREPA and PREPA's Executive Director. (Mot. ¶ 5.) According to Movant, the complaint in the Civil Action alleged that PREPA's alleged overcharge was negligent and its decision to shut off Movant's electricity violated Law No. 33 and PREPA's own regulations concerning disputed statements. (Mot. ¶¶ 7-9; Obj. ¶ 6.) Movant and PREPA ultimately reached an agreement concerning the Civil Action, and the Judgment entered by the Commonwealth Court incorporated the terms of that agreement. (Mot. ¶ 10; Obj. ¶ 7.) Pursuant to the terms of the Judgment, PREPA was required to restore electric services to Movant pending completion of an arbitration process pursuant to Law No. 33 (the "Law 33 Process") to resolve Movant's dispute with PREPA. (Mot. ¶ 10 & Ex. A at p. 40 of 40; Obj. ¶ 7.) Movant alleges that the Commonwealth Court stated that PREPA's Executive Director would be found to be in contempt of court if PREPA were to disconnect Movant's power pending completion of the arbitration. (Mot. ¶ 11.)

Movant alleges that, on November 16, 2012, in an unrelated action before the Commonwealth Court, the court ordered $208,219.69 in consigned rents belonging to Movant to be disbursed to PREPA. (Mot. ¶ 12.) According to Movant, a portion of the consigned rents was to be applied to Movant's arrears, and the remainder of $183,536.78 was to be applied to the account of a third party—Association of Condominio 221 Plaza ("Condominio")—the owner of the plaza in which Movant's offices are located. (Mot. ¶ 12.) Movant asserts that PREPA accepted payment but, on August 8, 2016, PREPA removed the $183,536.78 credit from Condominio's account and credited it to Movant's account. (Mot. ¶ 12.)

---

nonpayment, as well as to guarantee an adequate disclosure of the complete procedure established." 27 L.P.R.A. § 262.

Movant filed a petition for chapter 11 protection on January 20, 2016. Subsequent to the commencement of Movant's chapter 11 case, the Law 33 Process was terminated without prejudice. (Docket Entry No. 14436, the "Second Joint Status Report" at 4.)

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a debt adjustment proceeding on behalf of the Commonwealth under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[4] On July 2, 2017, the Oversight Board commenced a debt adjustment proceeding on behalf of PREPA.

Movant filed the Motion on July 23, 2020. After the Motion was fully briefed, the parties informed the Court that they consented to the Court's adjudication of the Motion without a hearing. The Court issued an order setting forth certain questions concerning the parties' positions (Docket Entry No. 14252), and the parties subsequently filed two status reports stating their positions and responding to questions raised by the Court.

In the Second Joint Status Report, PREPA consented to modification of the automatic stay "solely to allow Movant to continue and/or commence the Law 33 Process with respect to Account No. 025-0430581-001, which has also been identified as Account No. 6372402000 in PREPA's previous Oracle Utilities Customer Care and Billing system; provided, that the automatic stay shall remain in effect in all other respects, including, without limitation, with respect to the enforcement of the judgment of the [Commonwealth Court] entered against PREPA and its then Executive Director Miguel Cordero in [the Civil Action]." (Second Joint Status Report at 2.) Movant does not oppose PREPA's proposal, but it contends that any relief granted by the Court "should also include the modification of the automatic stay to allow Movant

---

[4] PROMESA is codified at 48 U.S.C. §§ 2101 et seq. References to "PROMESA" sections herein are to the uncodified version of the statute.

to enforce the judgment in Case Number 2010-2408 (904) and to restore the $183,536.78 as a credit to Condominio's account with PREPA." (Second Joint Status Report at 3.)

## DISCUSSION

Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the automatic stay, courts in this circuit examine the factors enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").[5] See Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 356, 362 (1st Cir. 2019) ("The Title III court properly looked to the Sonnax factors outlined by the Second Circuit as a helpful guide to granting or denying relief from a stay.").

---

[5] The factors identified in Sonnax are the following:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

Sonnax, 907 F.2d at 1286.

Here, an extended discussion of the Sonnax factors is not required because PREPA has consented to substantially all of the relief sought in the Motion. The Motion sought relief from the automatic stay "in its entirety and without conditions to allow Efron Dorado, S.E. to enforce the Judgment entered by the [Commonwealth Court] in [the Civil Action] against Puerto Rico Electric Power Authority." The Motion attached only an excerpt of the Judgment, but it identified the following aspects of the Judgment as salient:

> As set forth in the Judgment it was, inter alia, agreed that the process under Law No. 33 would be reactivated proceeding to its third level; that within the next sixty (60) days an arbitrator would be appointed to entertain Movant's claim; that Movant would pay $2,743.87, as required by the Regulation prior to the commencement of the arbitration, preferably within the next ten (10) calendar days, which Movant did; that Movant would dismiss with prejudice its claim before the State Court and would continue to provide access to PREPA for the reading of the meters at the Shopping Center; that PREPA would restore the interrupted electric power services, without prejudice, which was done; and that once the objection process was concluded, PREPA could proceed to the interruption mechanism to enforce the decision that could be entered by the arbitrator if it was in its favor . . . .

(Mot. ¶ 10.) Movant does not allege that, subsequent to the Judgment, PREPA has disconnected Movant's electricity service, and Movant contends that it is not seeking a monetary recovery arising out of the Judgment. (See Reply ¶ 14 (arguing that that Sonnax factors favor granting the Motion "to bring to conclusion the Administrative Objection Process . . . and not as insinuated by PREPA to execute any judgment granting monetary relief").) Rather, Movant's stated purpose for requesting stay relief is "for [Movant] to be able to enforce the Judgment pursuant to which the parties were to complete the aborted Administrative Objection Process, to which PREPA is bound." (Reply ¶¶ 11, 15 ("[Movant] is only seeking relief from stay to conclude PREPA's own Administrative Objection Process . . . .").) Movant's papers describe continuation of the Law 33 Process as the "crux of the matter to be considered by the Court." (Reply ¶ 10.)

Thus, in agreeing to "continue and/or commence the Law 33 Process" (Second Joint Status Report at 2), PREPA has consented to the principal relief requested in the Motion. Movant's position in the Second Joint Status Report that any stay modification should allow Movant to seek "to restore the $183,536.78 as a credit to Condominio's account with PREPA, as originally effected" is contrary to Movant's prior position requesting a statement credit as "only . . . an alternative remedy" that is "not at the heart of the controversy." (Reply ¶ 11 ("[T]he reason for the filing of the Motion is for the automatic stay . . . to be lifted in order for Efron Dorado to be able to enforce the Judgment pursuant to which the parties were to complete the aborted Administrative Objection Process, to which PREPA is bound. The crediting of the Condominium's account is not the heart of the controversy and only raised as an alternative remedy for which Efron Dorado certainly has standing . . . .").)

Moreover, application of the Sonnax factors supports limiting relief to the scope proposed by PREPA. Movant has also not identified any aspect of the Judgment other than the commencement of the Law 33 Process that provides it with rights to challenge the allocation of the $183,536.78 credit, and it therefore has not identified any relief beyond the reinstatement of the Law 33 Process that would result in a partial or complete resolution of issues. The interests of judicial economy and the expeditious and economical resolution of litigation will be served by recourse to preexisting Commonwealth law procedures for the resolution of billing disputes. Furthermore, Movant has not identified any prejudice that will result from limiting the scope of relief to the extent proposed by PREPA, which is, as noted above, the principal relief sought by Movant.

Accordingly, the Court concludes that stay relief is appropriate to allow the parties to commence and/or continue the Law 33 Process.

<u>Conclusion</u>

For the foregoing reasons, the Motion is granted to permit Movant to commence and/or continue the Law 33 Process with respect to Account No. 025-0430581-001 and is denied in all other respects. This Memorandum Order resolves Docket Entry No. 13817 and Docket Entry No. 2089 in Case No. 17-4780.

SO ORDERED.

Dated: October 15, 2020

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge