UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

MEMORANDUM ORDER REGARDING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 5, 2020 ORDER ON MOTION TO COMPEL DISCOVERY IN CONNECTION WITH MOTION TO TERMINATE BANKRUPTCY RULE 9019 MOTION

Before the Court is the *Official Committee of Unsecured Creditors' Urgent*

*Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in*

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14210 in Case No. 17-3283[2] and Docket Entry No. 2184 in Case No. 17-4780, the "Objection"), filed by the Official Committee of Unsecured Creditors (the "Committee").

The Committee objects to the ruling of Magistrate Judge Judith Gail Dein memorialized in the September 5, 2020, *Order on Motion to Compel* (Docket Entry No. 14181, the "Order"), which pertains to discovery sought by the Committee in connection with the *Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14056, the "Termination Motion") and opposed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of PREPA in these Title III cases pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[3] the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and collectively with PREPA and the Oversight Board, the "Government Parties"), Citigroup Global Markets Inc., Ankura Consulting Group, LLC, David Skeel, and Jose Ortiz. The Court has reviewed carefully the parties' submissions[4] and, for the reasons that follow, the Objection is overruled and the Order stands.

---

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4] The Court has considered the Objection, *Respondents' Opposition to UCC's Urgent Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019* (Docket Entry No. 14346, the "Response"), and the *Official Committee of Unsecured Creditors Reply in Support of Urgent Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14409, the "Reply").

I.

BACKGROUND

On August 18, 2020, the Committee filed the Termination Motion, seeking entry of an order dismissing or terminating the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (Docket Entry No. 1235 in Case No 17-4780, the "9019 Motion") on the basis that "all available evidence demonstrates that (i) the [Definitive Restructuring Support Agreement dated as of May 19, 2019 (the "RSA")]—which forms the sole basis for the case or controversy underlying the relief requested in the 9019 Motion—no longer exists as a viable agreement and (ii) the Government Parties have no intention of moving forward with their motion seeking approval of this RSA." (Termination Mot. ¶ 2.) In support of the Termination Motion, the Committee cited several statements by government representatives that, the Committee argues, constitute "overwhelming publicly-available evidence that the RSA is already no longer viable in its current form." (Termination Mot. ¶ 17.)

On August 28, 2020, the Committee filed the *Official Committee of Unsecured Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14127, the "Motion to Compel"), pursuant to which the Committee sought to compel the Government Parties to comply with document requests and deposition notices concerning the viability of the RSA and the extent to which the parties may renegotiate the RSA. The Committee argued that its discovery requests are relevant to determining "whether or not the Government Parties have already decided that (i) the current

RSA is no longer viable and needs to be renegotiated, and (ii) therefore, they do not intend to prosecute the 9019 Motion to seek approval of the current RSA." (Mot. to Compel ¶ 1.)

Following the briefing of the Motion to Compel, Judge Dein issued the Order denying the Motion.

II.

DISCUSSION

Upon review of a timely objection to a non-dispositive order issued by a magistrate judge, the district judge to whom the case is assigned must consider the objection and modify or set aside any part of the order that "is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A) (Westlaw through P.L. 116-158); see also Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard, the reviewing court "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [it] form[s] a strong, unyielding belief that a mistake has been made." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (citation and internal quotation marks omitted). A magistrate judge's rulings will be reviewed under the "contrary to law" standard when the motion "turns on a pure question of law." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." Id. Mixed questions of law and fact trigger a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review.

Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc. (In re IDC Clambakes, Inc.), 727 F.3d 58, 64 (1st Cir. 2013) (citation omitted).[5]

Rule 26 of the Federal Rules of Civil Procedure, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 9014(c) and 7026, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Committee argues in its Objection that Judge Dein erred in applying this standard by (i) focusing unduly on the question of whether the Government Parties have formally abandoned the RSA instead of the question of whether the Government Parties have determined that the RSA is substantively defunct (Obj. ¶ 16), (ii) misconstruing the Committee's discovery requests as seeking the mere opinions of PREPA and Oversight Board officials rather than "evidence of an actual determination that the Rule 9019 Motion will not be pursued at this time because the RSA—even if it has not technically been terminated—is no longer viable . . ." (Obj. ¶¶ 17-18), and (iii) concluding that sufficient information already exists for the Committee to prosecute the Termination Motion. (Obj. ¶¶ 19-20.)

---

[5] Although the Committee identifies the appropriate standard of review, it incorrectly asserts that Judge Dein's ruling is "founded upon questions of law meriting de novo review under a 'contrary to law' standard." (Motion ¶ 14.) Judge Dein's determinations instead turn upon questions of fact in varying degrees, and this Court has applied the foregoing standard in evaluating her ruling accordingly.

The Committee has not demonstrated that the Order was either clearly erroneous or contrary to law. The Committee does not dispute that formal termination of the RSA would require either expiration by the agreement's own terms or issuance of a formal resolution, and that neither of those events has occurred. (Obj. ¶ 16.) Thus, as Judge Dein recognized, the discovery sought by the Committee would "not address the critical question of whether the Government Parties have abandoned the RSA." (Ord. at 5.) The Committee contends that, notwithstanding the continued formal existence of the RSA, discovery may unearth evidence that the Government Parties have already decided that the RSA is a dead letter. (Obj. ¶¶ 17, 20.) However, the RSA exists until it is formally terminated and, although the Government Parties' internal deliberations and evaluations might be probative of the ultimate viability of the RSA—or may provide ammunition for opponents of the 9019 Motion—they do not finally determine the fate of the RSA until a formal decision is made. Before that formal decision, officials might change their views, RSA counterparties may alter their positions, or the feasibility of the RSA might be affected by changing economic or political circumstances. Judge Dein reasonably concluded that, absent a final decision, individuals' evaluations of the feasibility of the RSA are of minimal likely benefit and are outweighed by the burden of the proposed discovery. (Ord. at 5-6.)

That calculus is further buttressed by the availability of status reports from the Government Parties acknowledging the ongoing evaluation of the RSAs and setting forth considerations that have informed the Government Parties' decisionmaking. (Ord. at 5; see, e.g., *Status Report of the Government Parties Regarding the Covid-19 Pandemic and the 9019 Motion*, Docket Entry No. 2111 in Case No. 17-4780 at ¶ 25.) The Committee can present its arguments concerning the viability of the RSA and the wisdom of further adjournments of the

9019 Motion through facts that are part of the public record, including the number of adjournments that the Government Parties have requested, the justifications and estimated timelines (or any absence thereof) provided by the Government Parties for such extensions, and the acknowledgments by the Government Parties that the feasibility of the RSA is actively under consideration and subject to continued diligence. (Ord. at 5-6.) The Committee does not need discovery concerning ongoing negotiations and deliberations to present its argument that the Government Parties effectively have abandoned the RSA.

### III.
#### CONCLUSION

Having determined that the Order was neither clearly erroneous nor contrary to law, the Court finds it unnecessary to address the arguments proffered by the parties concerning whether the materials requested by the Committee are protected by the work-product, attorney-client, or deliberative process privileges. Accordingly, the Objection is overruled and Judge Dein's Order stands.

This Memorandum Order resolves Docket Entry No. 14210 in Case No. 17-3283 and Docket Entry No. 2184 in Case No. 17-4780.

SO ORDERED

Dated: October 15, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge