**<u>Exhibit A</u>**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 2434**<br><br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

GLADYS GARCÍA RUBIERA, *et al.*,

                    Movants,

v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

         as representative of

THE COMMONWEALTH OF PUERTO RICO

                Respondent.

## STIPULATION RESOLVING MOTION REQUESTING RELIEF
## OF STAY UNDER 362(D)(1) OF THE BANKRUPTCY CODE [ECF NO. 2434]

This stipulation (the "Stipulation") is made as of October 15, 2020, by and between the Commonwealth of Puerto Rico, as Title III debtor (the "Commonwealth")[2] and the certified class (collectively, "Movants") in the cases captioned *Gladys García Rubiera, et al. v. Hon. Luis G. Fortuño, et al.,* Case No. 02-1179 (GAG) (the "Federal Action"), before the United States District Court for the District of Puerto Rico (the "District Court"), and *Gladys García Rubiera, et al., v. Asociación de Suscripción Conjunta, et al.*, Civil Number KDP2001-1441, (the "Commonwealth Action") and together with the Federal Action, the "Prepetition Actions") before the Puerto Rico Court of First Instance (the "Commonwealth Court").

## RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition under title III of PROMESA (the "Title III Case").

---

[2]    The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Commonwealth to enter into this Stipulation.

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in sections 362(a) and 922(a) of title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 8027].

**WHEREAS**, on February 7, 2018, Movants filed the *Motion Requesting Relief of Stay Under 362(d)(1) of the Bankruptcy Code* [ECF No. 2434] (the "Motion") seeking relief from the automatic stay and the enforcement of two settlement agreements entered in connection with the Prepetition Actions: (i) the *Joint Motion on Partial Agreement and Stipulation*, dated March 29, 2016, filed in the Commonwealth Action (as amended from time to time, the "PR Court Settlement Agreement"), attached hereto as **Exhibit A** and (ii) the *Stipulation for Permanent Injunction*, dated February 29, 2016, filed in the Federal Action, attached hereto as **Exhibit B** (the "Federal Court Settlement Agreement", and together with the PR Court Settlement Agreement, and as amended from time to time, the "Settlement Agreements").

**WHEREAS**, on April 6, 2018, the District Court entered the *Memorandum Order Granting in Part and Denying in Part Motion Requesting Relief From Stay Under Section 362(d)(1) of the Bankruptcy Code (Docket Entry No. 2434)* [ECF No. 2858] (the "Stay Order"), lifting the automatic stay to permit implementation of certain noticing and claims submission and review procedures, but denying the Motion in all other respect, including the payment of any insurance reimbursements and attorneys' fee awards.

**WHEREAS**, on April 13, 2018, Movants filed their Notice of Appeal of the Stay Order.

**WHEREAS**, on September 25, 2019, the United States Court of Appeals for the First Circuit (the "First Circuit") entered its *Judgment* and *Opinion* [ECF Nos. 8770, 8771] affirming in part and vacating in part the District Court's partial denial of Movants' requested stay relief, and remanding to the District Court to make a preliminary determination of the parties' respective property interest in certain segregated funds.

**WHEREAS**, on September 27, 2019, the Commonwealth, together with certain other Title III debtors, filed a *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 8765] (as may be amended or modified, the "Plan of Adjustment"), which proposes that the Commonwealth will assume the Settlement Agreement upon the occurrence of the effective date of the Plan of Adjustment.[3]

**WHEREAS**, on October 17, 2019, the First Circuit issued its mandate and the District Court entered the *Order Scheduling Further Proceedings Regarding Motion Requesting Relief form Automatic Stay* [ECF No. 8890] (the "Scheduling Order").

**WHEREAS**, following the filing of the Plan of Adjustment, the Commonwealth and Movants have engaged in discussions and have resolved Movant's request for modification of the Title III Stay.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commonwealth and Movants, through their respective counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

---

[3]    The Plan of Adjustment also provides for the payment in full of "Allowed Convenience Claims," which includes claims equal to or less than $10,000.00.  An amended Plan of Adjustment was filed on February 28, 2020 [ECF No. 11946], which did not alter the treatment of the Settlement Agreement or convenience claims.

**Assumption of Settlement Agreements**

1.       On or before October 31, 2020, the Commonwealth, by and through the Oversight Board, shall file a motion (the "Assumption Motion") seeking court approval for the Commonwealth to assume the Settlement Agreements pursuant to Bankruptcy Code Section 365, as made applicable to the Title III Case pursuant to PROMESA section 301(a).

2.       Within thirty (30) days after the entry of an order granting the relief in the Assumption Motion (the "Assumption Order"), the Commonwealth shall make one payment to Movants' counsel, A.J. Amadeo Murga, in the aggregate amount specified in, and in satisfaction of the Commonwealth's obligation pursuant to, Paragraph 6.F.ii.2, 6.F.ii.3, and 6.F.ii.4 of the PR Court Settlement Agreement.  All other payments of attorneys' fees shall be made pursuant to Paragraph 6.F of the PR Court Settlement Agreement.  Payment of attorneys' fees pursuant to this Section 2 and the terms of the Settlement Agreements shall be in full satisfaction of the Commonwealth's obligations to pay Movants' attorneys' fees in connection with the Settlement Agreements and all matters in connection with the Commonwealth's Title III case, including, without limitation, the Motion.

**Processing of Claims**

3.       Notwithstanding anything to the contrary in the Settlement Agreements, the Commonwealth shall have 120 days following receipt of a reimbursement claim pursuant to Paragraph 6.D of the PR Court Settlement Agreement and Paragraph III of the Federal Court Settlement Agreement, or following entry of the Assumption Order, whichever is later, to review and send notice of any objection to a claim.  If no objection to a claim is sent in accordance with the terms of Paragraph 6.D of the PR Court Settlement Agreement and Paragraph III of the

Federal Court Settlement Agreement within the 120-day period, such claim shall be deemed valid.

**Lift Stay Motion and Supplemental Papers**

4.      Movants shall not file any renewed motion for stay relief or supplemental papers in connection with the Motion.  Movants shall consent to adjourn the Motion to the December 9, 2020 omnibus hearing.

5.      Within five (5) days of entry of the Assumption Order, Movants shall withdraw, with prejudice, the Motion.

**Proofs of Claim**

6.      Upon the payment of all submitted and valid claims and attorneys' fees pursuant to the Settlement Agreements and the terms of this Stipulation, Movants shall consent to the expungement of all proofs of claim filed by Movants, including, without limitation, proofs of claims numbers 8094, 8691, and 8787.

**Miscellaneous**

7.      The section headings contained in this Stipulation are for reference purposes only and shall not affect in any way the meaning or interpretation of this Stipulation.

8.      The Commonwealth and Movants represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

9.      Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any

liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of any arguments or rights with respect to the Motion; or (c) a waiver of the Commonwealth's rights to dispute, contest, set off, or recoup any claim, or assert any related rights, claims, or defenses and all such rights are reserved.

10.     This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

11.     This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico.  For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

12.     Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

13.     This Stipulation may not be modified other than by a signed writing executed by all the parties hereto.

14.     The District Court shall retain jurisdiction to hear and determine any matters or disputes arising from or relating to this Stipulation.

15.     This Stipulation shall be effective and enforceable upon entry of an order in the Commonwealth's Title III case approving this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

 

 

 

**IN WITNESS WHEREOF** and in agreement herewith, the Commonwealth and Movant,

by and through their respective counsel, have executed and delivered this Stipulation as of the

date first set forth above.

 

 

 

| | |
|---|---|
| */s/ Wandymar Burgos Vargas* | */s/ A.J. Amadeo Murga* |
| **INES DEL CARMEN CARRAU MARTINEZ** | **A.J. AMADEO MURGA LAW OFFICES** |
| Secretary of Justice Interim | A.J. Amadeo Murga |
| | 1225 Ave. Ponce de León, Suite 904 |
| **WANDYMAR BURGOS VARGAS** | San Juan, Puerto Rico 00907 |
| USDC 223502 | |
| Deputy Secretary in Litigation | *Attorney for Movants* |
| Department of Justice | |
| P.O. Box 9020192 | |
| San Juan, Puerto Rico 00902-0192 | |
| Phone: 787-721-2900 Ext. 1404 | |
| wburgos@justicia.pr.gov | |
| | |
| *Attorney for the Commonwealth of Puerto Rico* | |

**<u>Exhibit A</u>**

Certified Translation
Page **1** of **7**

GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR PART

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET AL<br><br><br>    Plaintiffs<br><br>    V.<br><br>JOINT UNDERWRITING ASSOCIATION<br>FOR THE COMPULSORY MOTOR VEHICLE<br>LIABILITY INSURANCE, ET AL.<br><br><br>    Defendants | CIVIL NO. KDP01-1441<br>ROOM: 801<br><br><br>RE: DAMAGES |

**PARTIAL JUDGMENT**

Having considered the Joint Motion Requesting Partial Judgment filed by plaintiffs and co-defendant the Commonwealth of Puerto Rico (Commonwealth), it is hereby **GRANTED** and **Partial Judgment** of voluntary dismissal with prejudice is rendered as for said co-defendant. All agreements asserted by these parties in the Joint Motion on Partial Agreement and Stipulation filed on March 30, 2016 are hereby adopted by reference.

Since there is no reason for which this Court may not render judgment as for said party until final resolution of the litigation, the Court hereby renders **PARTIAL JUDGMENT**.

TO BE REGISTERED AND NOTIFIED.

In San Juan, Puerto Rico, on this 8th day of July, 2016.

[Signed]
**OLGA GARCIA VINCENTY**
**SUPERIOR COURT JUDGE**

[handwritten]
CERTIFIED: GRISELDA RODRIGUEZ COLLADO
Regional Clerk
[wet stamp] EDMY V. NIEVES FIGUEROA [handwritten initials] E.V.N.F.

[handwritten] Assistant Clerk

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

[signature]

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

Certified Translation
Page **2** of **7**

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN PART

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET AL | CIVIL NO. KDP01-1441<br>ROOM: 801 |
| Plaintiffs | |
| V. | RE:<br>CLASS ACTION SUIT ACT NO 118<br>OF JUNE 25, 1971; DAMAGES;<br>RECOVERY OF INTERESTS;<br>REFUND OF PREMIUMS |
| JOINT UNDERWRITING ASSOCIATION<br>FOR THE COMPULSORY MOTOR VEHICLE<br>LIABILITY INSURANCE, ET AL. | |
| Defendants | |

## JOINT MOTION ON PARTIAL AGREEMENT AND STIPULATION

**TO THE HONORABLE COURT:**

COME NOW plaintiffs and co-defendant the Commonwealth of Puerto Rico (Commonwealth), through the undersigned counsel and respectfully state and request:

1. This case was filed on July 31, 2001, where the Joint Underwriting Association for the Compulsory Motor Vehicle Liability Insurance (JUA) and several other insurance companies appeared as defendants.

2. The Commonwealth of Puerto Rico (Commonwealth) was joined by means of Amended Third-Party Complaint filed in September 2005. As alleged by the plaintiffs, the Commonwealth was brought as a result of the enactment of Act No. 230 of 2002 and Act No. 414 of 2004, which provide that all unclaimed funds in possession of the JUA shall be transferred to the Department of the Treasury, subject to be claimed. The unclaimed funds in possession of the Commonwealth, shall pass to the General Fund after the elapse of five years.

3. In February 2002, plaintiffs filed an injunction before the United States District Court for the District of Puerto Rico (Federal Court) claiming that the transfer of funds belonging to plaintiffs to the custody of the Commonwealth, with no due notice thereto, divested them of their assets without due process of law.  The certified class in this case comprised vehicle owners who between 1998 and 2010 paid the compulsory motor vehicle liability insurance and the conventional public liability insurance but had not been reimbursed for the premium paid for the compulsory insurance, even though they made a duplicate payment.

4. As a result of the proceeding before the Federal Court, it was provided that since August 2013, the Commonwealth was precluded from transferring to the General Fund the unclaimed funds received from JUA, in accordance with Act 230 of 2002, without having first notified class members pursuant to the due process of law. It was also provided that the funds already transferred would be subject to being claimed. A Settlement Stipulation filed before the Federal Court in said case, attached

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

Certified Translation
Page **3** of **7**

and made part of this document (Attachment A), provided as to what would constitute an adequate notice.

5. In the instant case, on March 10, 2015 a Resolution was rendered certifying the class, equal to the one certified in the Federal Court, which is currently under review by the Supreme Court of Puerto Rico upon petition filed by movant JUA.

6. Pursuant to conversations undertaken towards settling this case, in the instant case as well as in the case filed before the Federal Court, the stipulations included the manner of the notices and the claim procedure for unclaimed funds retained by the Commonwealth, which belong to persons who made a duplicate payment by purchasing a private insurance policy and also paying the compulsory insurance. In line with the foregoing, the appearing parties agree and stipulate the following:

### A. Class Definition

Plaintiff class is defined as all vehicle owners in the Commonwealth of Puerto Rico who, between the years 1998 and 2010, paid compulsory insurance premiums while having a valid private insurance, and have neither been reimbursed nor granted a credit for the duplicate payment of compulsory insurance.

### B. Individual Notice and its Contents

i. Thirty days after the approval of the proposed notice in this agreement, the Department of the Treasury shall send, by first class mail, a notice to vehicle owners who between 1998 and 2010 paid the compulsory liability insurance while having a valid private insurance policy, and who appear in the lists received by JUA. This notice shall be sent to those owners whose addresses include the information required by the United States Postal Service for proper delivery. The addresses shall be supplemented or verified by the Department of the Treasury with information received by the Department of Transportation and Public Works, or any other information or verification method available. The notice shall advise the owner that he/she may be entitled to receive a reimbursement for the payment of the compulsory insurance policies during the years mentioned above (Attachment B).

ii. The notice shall include the information forwarded by JUA to the Department of the Treasury of the potential claimants as to the following: name, address, the last four digits of the Social Security number, the vehicle's license plate and VIN, the name of the private insurer and policy number, the year pertinent to the claim as well as his/her right to be excluded from the class, if so desired. The notice shall also include the proper form so that the notified individual may file the claim.

The notice shall advise potential claimants the manner in which the reimbursement shall be claimed, that the notice is sent as a result of a stipulation

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

and judgment in the instant case and in the case filed before the United States District Court, which includes a provision for contingent attorney's fees payable to counsel for the plaintiff class of 20%, the amount that class members may be entitled to be reimbursed or credited, with a minimum attorney's fees of $1,375,000.00.   In addition to the foregoing, the mailed notice shall advise [potential claimants] of their right to object the terms of the stipulation and the attorney's fees.

### C. Public Notices

i. Pursuant to the provisions of the case before the Federal Court, 02-1179 (GAG), the Commonwealth shall publish, at its cost, in a website to which vehicle owners can have ready access, the lists for the years 1998 to 2010 that the Department of the Treasury received from JUA of the vehicle owners who paid the compulsory liability insurance while having a valid private insurance policy, so that the vehicle owners may access them and the years to which they are entitled to claim. The Commonwealth, with the assistance of its technical personnel, shall create said webpage so that all potential claimants may corroborate their status as such as well as their personal information (Attachment C).

ii. Thirty days after the approval by the Court and notification of this stipulation is ordered, once a week during six consecutive weeks, a full-page notice shall be published in the newspapers El Nuevo Día and The San Juan Star. This notice shall contain the information herein agreed to. The notice is included as an attachment to this stipulation.

iii. The Commonwealth shall have available, in digital form, the lists of potential claimants at the Treasury Department collection offices (*Colecturías*) where class members may obtain and verify the information as to whether or not they are included in the lists. Personnel at the collection offices shall give to potential claimants copy of the lists in which they appear and copy of the reimbursement application form, as well as the term to claim.   Likewise, during a four-week period, twice a day and ten times per week, a radio notice shall be broadcast on WKAQ, Radio Isla and Radio Oro summarizing the terms of this stipulation and the manner in which potential claimants may apply for reimbursement. These notices shall last 30 seconds.

iv. Publishing costs of all notices, including first class mailings, and notices in radio, internet and newspapers, shall be borne by the Commonwealth.

### D. Term and Procedure for Reimbursement

i. Class members shall have two years from the date the last notice is published in a newspaper, to file a claim with the Department of the Treasury in accordance with the procedure established in this stipulation.

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

*[signature]*
_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

ii. The parties agree that in order to claim the devolution of the payment made for compulsory insurance, class members shall file an application with the following information and requirements: name, address, Social Security number, the vehicle's license plate and VIN, the name of the private insurer and policy number, and the year for which the claim is filed, as said information appears in the lists sent by JUA to the Secretary of the Treasury. In addition, the claimant shall certify under penalty of perjury that for the pertinent year and motor vehicle, he/she was the owner and paid the compulsory insurance and a private insurance policy; that he/she has never received any kind of reimbursement or credit for the duplicate payment of compulsory insurance; that he/she is the person who appears in the list sent by JUA to the Department of the Treasury of vehicle owners who paid the compulsory liability insurance while having a valid private insurance for the years 1999 and 2010, as such lists have been published or made accessible by the Department of the Treasury via internet or otherwise. The claim application form is attached to this agreement and shall be available at the Treasury Department collection offices (Attachment D). The application form may include a claim for reimbursement for one or more motor vehicles, or one or more years.

iii. Claimant shall not be requested to provide any additional information to file the corresponding claim.

iv. After the claim application form is filed, the Department of the Treasury shall have 120 days to verify whether the claimant made the duplicate payment and issue the corresponding refund to those entitled to receive it.  Within the same term, if refund is not applicable, the Department shall notify the vehicle owner the reasons why such reimbursement does not apply and will not be made.

v. Payments to qualifying claimants shall not include calculation of any interests as they are hereby waived by plaintiff class.

**F. Costs and Attorney's Fees**

Pursuant to Act No. 118 of June 25, 1971, as amended ("Class Suit for Consumers of Good and Services"), appearing parties herein propose for Court approval of the following attorney's fees:

i. Counsel for Plaintiff Class shall receive in attorney's fees, 20% of all reimbursements and credits made by the Department of the Treasury to Class Members who applied thereto during the two-year period established hereinbefore. The 20% amount shall be withheld by the Department of the Treasury from every reimbursement or credit granted to individuals comprising the class, to pay counsel for the class the litigation costs and attorney's fees.

ii. The Department of the Treasury shall advance, from the funds received from

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

JUA object of this litigation, attorney's fees to counsel for Plaintiff Class, in a proportion of 75% to A. J. Amadeo Murga, Esq., and 25% to Mario M. Oronoz, Esq., in the amounts and on the dates detailed hereunder:

1.      $375,000.00 to pay expenses and attorney's fees, which shall be deposited with the Court no later than 90 days from court approval of this stipulation as per Judgment rendered.

2.      $250,000.00 one year after the first payment was made.

3.      $250,000.00 two years after the first payment was made.

4.      $250,000.00 three years after the first payment was made.

5.      $250,000.00 four years after the first payment was made, plus any attorney's fees owed based on the 20% of the amounts reimbursed or credited during the two years herein agreed, exceeding the advance amount of $1,375,000.00 not previously paid to counsel for plaintiff class.

iii. Every six months, the Department of the Treasury shall forward to counsel for Plaintiff Class a report of the number of applications received, including those denied or rejected, and the amounts so disbursed or credited.

iv. In the event any six-month report shows that 20% of the claims paid or credited to claimants by the Department of the Treasury exceed the advance amount paid to counsel, said surplus shall be paid to them within the following 30 days, and said amount paid shall be credited to the next installment to be paid by the Department of the Treasury.

v. In consideration of the advance attorney's fees so established in subparagraph F(ii) above, the Department of the Treasury shall withhold from the amounts to be reimbursed or credited to claimants, the amounts received in preceding paragraph F(i) above, up to $1,375,000.00. Once this amount is repaid, the additional amounts, if any, withheld from the payments or credits made to claimants, shall correspond to counsel for Plaintiff Class as attorney's fees. These amounts shall be paid every 90 days.

7. This Stipulation does not include Co-Defendant JUA. Plaintiff Class reserves its claim against JUA for the interests accrued, product or return on the funds from the premiums paid and retained by JUA before transferring them to the Secretary of the Treasury pursuant to Act No. 230 of 2002, and any premiums retained by JUA and not forwarded to the Secretary of the Treasury. This Stipulation is made pursuant to the holding in *Szendrey v. Hospicare, Inc.,* 158 DPR 648 (2003), and only includes the liability of the Commonwealth of Puerto Rico towards the Plaintiff Class, and not the liability that JUA might have towards Plaintiffs for interests earned.

8. On March 1st, 2016, the Federal Court in case 02-1179 (GAG), mentioned in paragraphs 3, 4, and 6 above, rendered judgment approving the stipulation for permanent injunction executed by the parties, copy of which is included herein as Attachment A. If there is any discrepancy between this

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

stipulation and the one agreed by the Federal Court, the stipulation filed before the Federal Court shall prevail.

9. With the exception of the express provisions in this Stipulation, this agreement does not provide for the payment of interests, penalties or attorney's fees.

10. The Court shall retain jurisdiction to enforce the terms of this stipulation as intended by the parties.

WHEREFORE, this Honorable Court is requested to provide the following:

a) That the class be notified on the terms of this Stipulation by means of the notices proposed herein and grant the class a maximum term of 30 days to state any objection it may have to its terms.

b) That pursuant to Act No. 118 of June 25, 2971, as amended, the Secretary of the Department of Consumer Affairs be advised on the terms of this Stipulation and granted an equal term of 30 days to issue any statement.

c) That once the term has elapsed without receiving any objection by neither any Class Member nor the Secretary of the Department of Consumer Affairs, this Stipulation be approved, and Partial Judgment be rendered accordingly.

d) It is further requested that, in view of the stipulation and with no reason to postpone the judgment regarding the appearing parties herein until final resolution of the litigation, it be ordered that the judgment rendered be notified and entered pursuant to Rule 42.3 of Civil Procedure.

WE HEREBY CERTIFY that on this same date we have sent copy of this Motion to Moraima Ríos Robles, Esq., Mario Arroyo Law Offices, PSC., PMB 379 1353 Ave. Luis Vigoreaux, Guaynabo, PR 00966.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this 9th [handwritten 29th] day of March, 2016.

[Signed]
ANTONIO J. AMADEO MURGA
RUA NO. 1900
420 Ponce de León Ave.
Midtown Bldg. Ste 910
San Juan, PR 00918
Tel: (787) 765-2731
Email: ajamadeo@gmail.com

[Signed]
ANGEL LÓPEZ HIDALGO
RUA NO. 6588
P. O. Box 1187
Trujillo Alto, PR 00977-1187
Tel: (787) 242-9154
Email: alh1955@gmail.com

[Signed]
MARIO M. ORONOZ, ESQ.
RUA NO. 2720
Urb. Torrimar
K-4 Bambú St.
Guaynabo, PR 00966
Tel: (787) 782-1173 / (787) 294-255
Email: mmo@oronozlaw.com

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

**<u>Exhibit B</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, etc. | CIVIL NO.: 02-1179 (GAG) |
| Plaintiffs | |
| v. | |
| HONORABLE LUIS G. FORTUÑO, et al | DECLARATORY JUDGMENT; INJUNCTION; CIVIL RIGHTS; CLASS ACTION |
| Defendants | |

## STIPULATION FOR PERMANENT INJUNCTION

**TO THE HONORABLE COURT:**

COME the parties, represented by the undersigned counsel, and respectfully state and stipulate as follows:

1.  On August 19, 2013, the First Circuit Court of Appeals remanded this case to the District Court for further proceedings, including the entry of an injunction in accordance with its mandate, and any further provisions to be determined by the Court.

2.  On September 17, 2013, this Court through Hon. Gustavo A. Gelpí, U.S. District Judge issued an order to the parties to address the pending issues in accordance with the mandate of the Court of Appeals. (Docket No. 331)

3.  Since then, the parties have engaged in discovery regarding the contents, mechanics, and costs of the required notice, and at the same time, have carried out settlement negotiations in order to settle the issues addressed in the stated Order of the Court.

4.  As a result of the discovery and settlement negotiations in the case, the parties have reached an agreement as to the terms of the Injunction to be issued.

5.      Having extensively discussed the pending issues, it is in the interest of the plaintiffs' class and the defendant public officials to settle the present case on the terms and conditions set forth herein:

## I.      Class Definition

1.      Plaintiffs' class is defined as:

> All vehicle owners in the Commonwealth of Puerto Rico who paid duplicate premiums[1] between the years 1998 to 2010 who, up to the present time have not been reimbursed nor credited the duplicate payments.

## II.      Individual Notice, General Notice, and Their Contents

1.      This case is related to a parallel case pending before the courts of the Commonwealth of Puerto Rico (*García Rubiera v. Joint Underwriting Association, et al.*, K DP2001-1441 (801). Since the defendants in this action are being sued in their official capacities only and the Commonwealth of Puerto Rico is one of the two defendants in the case before the Commonwealth courts, and the plaintiff class is the same in both cases, it should be considered that the parties in this action are also parties in the parallel case. The negotiations to settle this action have been undertaken concurrently with negotiations to conclude the litigation between plaintiffs and the Commonwealth in the parallel action, in which said parties have also reached a settlement stipulation that will be subject to the approval of the Commonwealth court. In both actions it will be necessary to notify the members of the plaintiff class about the reimbursement procedure and other related matters. The parties herein have agreed that, postponing for a reasonable time the publication of the notice that they have agreed herein, would allow the





---

[1] Duplicate premiums are defined as the compulsory premium of $99.00 and $148.00 paid by vehicle owners who also acquired private automobile liability insurances.

2

Commonwealth court the opportunity to consider the stipulation for partial settlement that the plaintiffs and the Commonwealth will file in said parallel action, thus reducing costs and promoting judicial efficiency. The settlement stipulation in the Commonwealth case will also entail a notice similar to the one agreed herein. Hence, the parties consider that postponing said publication will save significant resources by allowing a single publication that will serve the purposes of both actions. Accordingly, the parties have agreed that the individual notices and the publication notice described below, will be sent and/or published not later than October 1st 2016. The nature and contents of such notices will be as follows:

### Individual Notice

a.      The Secretary of the Treasury will send a letter by first class mail to each vehicle owner who appears in the lists sent to the Secretary of the Treasury by the *Asociación de Subscripción Conjunta de Seguro de Responsabilidad Obligatorio* (hereinafter "ASC") for the years 1998 to 2010. Letters will only be sent to those persons who have deliverable addresses in accordance with applicable USPS regulations, which address shall be supplemented or verified from information of the addresses of the vehicle owners in possession of the Secretary of the Department of Public Works and Transportation. The letter shall advise the vehicle owner that he/she/it may be entitled to apply for a reimbursement of the duplicate premiums for the year(s) stated in the letter. The letter will include the information contained in the lists forwarded by the ASC to the Secretary of the Treasury as to name, address, and last four digits of the Social Security Number,



3

license plate, VIN number, name of the insurance company, policy number, and

pertinent year. The letter shall also include an application form.

b.   The letter shall include the following statement:

This Notice is being sent in compliance with and as a result of a
stipulation and judgment issued in *Garcia Rubiera et al., v. Hon. Luis G.
Fortuño, et al.*, Civil No. 02-1179 (GAG), before the U.S. District Court
for the District of Puerto Rico and *García Rubiera v. Joint Underwriting
Association, et al.*, K DP2001-1441 (801).

### General Notice

c.   Defendants, at their cost, will publish the full list of all vehicle owners who may

be entitled to reimbursement from the years 1998 to 2010, as sent to the Secretary

of the Treasury by the ASC, in an internet website to which vehicle owners can

have ready access. The defendants, with the assistance of technical personnel, will

create said page in the internet to ensure that any person that has a reasonable

belief that he/she/it may be entitled to a reimbursement may obtain the required

information.  The content of the internet page will be agreed to by the parties.

d.   Once a week during six consecutive weeks, a full page notice will be published in

*El Nuevo Día* (in Spanish) and in *The San Juan Star* (in English) newspapers,

containing the information as agreed herein.  Copies of said notices will be agreed

to by the parties.

e.   Defendants shall provide access to the full list of potential applicants at any

Treasury Department collections office ("Colecturía") through available resources

including providing the applicants the page or pages of the lists in which the

applicants appear.

4

f.  Radio station notices, the contents of which will be agreed by the parties, shall be made twice daily, during a four-week period, in the following three radio stations: WKAQ, Radio Isla, and Radio Oro.

g.  The newspapers notices, the radio station notices and the internet web site shall make reference to the present stipulation and the manner in which reimbursement may be sought.

h.  Every six months the defendants shall provide plaintiff attorneys with a report containing the following information: (1) the number of applications filed, (2) the number of applications granted, (3) the number of applications denied and (4) the amounts paid or credited.

i.  The cost of the publication of all notices, including the mailing of first class mail, and the notices in the newspapers, the radio and in the internet shall be borne by the defendants.

## III.  Reimbursement Period and Reimbursement Procedure

1.  All class members will have two (2) years from the date the last one page advertisement is published in *El Nuevo Día* and *The San Juan Star*, advising the class of their right to apply for reimbursement, by filing a claim for reimbursement with the Secretary of the Treasury in accordance with the present stipulation.

2.  The parties agree that the vehicle owners can file their claims by making an application to the Secretary of the Treasury containing their name, address, Social Security Number, the vehicle license plates number, the Vehicle Identification number (VIN), the name of

5

the insurance company, the policy number and the year of the policy as said information appears in the lists sent by ASC to the Secretary of the Treasury and a statement to the effect that: (a) the applicant was, during the pertinent year, the owner of the motor vehicle and that he/she/it paid the private insurance premium and also the compulsory insurance premium; (b) has not been reimbursed of the compulsory insurance premium; and (c) is the person who appears in the list of vehicle owners entitled to reimbursement sent by the ASC to the Secretary of the Treasury for the years 1998 to 2010. No additional information shall be required in the application. Said application does not have to be notarized but shall be made under penalty of perjury. The application may contain the request for reimbursement for one or more motor vehicles or one or more years. A sample of the application form is included herewith.

3. Applicants may seek reimbursement by filing an application through the internet website designated by the Secretary of the Treasury or by mail to the stated postal address of the Secretary of the Treasury.

4. The Secretary of the Treasury will have 120 days to verify whether the information is correct and the applicant appears in the lists sent by the ASC and whether the applicant does not have any debt of taxes to the Government of Puerto Rico. Once the verification is made, the Secretary will proceed to approve the application and reimburse or credit the vehicle owner. If an application is rejected the reasons for the rejection will be notified to the applicant.

6

## IV. Attorney's Fees and Jurisdiction

1. The attorneys for the Plaintiffs class applied for interim attorney's fees for their worked performed in this case until September 17, 2013, which were satisfied by the defendants pursuant to a stipulation on the subject. The attorneys for the Plaintiffs class have applied for a final award of attorney's fees in the total amount of $144,311.75 for Mr. Antonio J. Amadeo Murga and $30,431.25 for Mr. Mario M. Oronoz (*See docket nos. 436 and 444*) The parties have agreed to settle the application for final compensation by attorneys for the Plaintiffs class, including all costs. Accordingly, defendants will deposit with the Clerk of this court, within sixty days from the entry of judgment approving this Settlement Stipulation, the amount of $100,000.00 for Atty. Antonio J. Amadeo Murga, and $25,000.00 for Atty. Mario M. Oronoz. Such payments will satisfy all claims for legal fees and costs related to this action only.

2. This court will retain jurisdiction to enforce the terms of this stipulation and judgment.

**WHEREFORE**, the parties respectfully request that the present stipulation and settlement be approved.

## RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record.

In San Juan, Puerto Rico, on this 29th day of February, 2016.

7

s/ Antonio J. Amadeo Murga
*Counsel for plaintiffs*
USDC PR No. 110103
Midtown Bldg.
420 Ave Ponce de Leon - Ste 910
San Juan PR 00918
Tel. (787) 765-2731
Fax (787) 641-1845
ajamadeo@gmail.com

/s/Mario M. Oronoz
**MARIO M. ORONOZ**
*Counsel for Plaintiffs*
USDC PR 120606
Metro Office Park
14 Street 2, Ste. 305
Tel.: (787)294-5255
Fax: (787)782-1173
E-mail: mno@oronozlaw.com

s\ Luis N. Blanco Matos
*Counsel for defendants*
USDC PR No. 121612
PMB 304
PO Box 194000
San Juan PR 00919-4000
Tel. (787) 753-7040
Fax (787) 753-5390
lblancolex@gmail.com

**GONZÁLEZ CASTAÑER, PSC**
*Counsel for defendants*
128 F.D. Roosevelt Ave., 2nd Floor
San Juan, Puerto Rico 00918-2409
Tel. 787-758-7819/ Fax 787-758-4152

/s/José Luis González-Castañer
**JOSÉ LUIS GONZÁLEZ CASTAÑER**
USDC-PR 201905
jgonzalez@gcpsc.com



8