# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |

## ORDER ON INDULAC'S MOTION TO BE HEARD

### I.　　INTRODUCTION

This matter is before the Court on the *Motion for Leave to Appear and Be Heard as a Party in Interest* (Dkt. No. 14049 in 17-BK-3283[2]) (the "Motion to Be Heard") filed by Industria Lechera de Puerto Rico, Inc. ("Indulac"). Through the Motion to Be Heard, Indulac seeks leave to appear as a party in interest in the contested matter commenced by Suiza Dairy Corp. ("Suiza") entitled *Urgent Motion Requesting a Ruling or Entry of Comfort Order as to the Non-Applicability of the Automatic Stay to a Limited Controversy with the Commonwealth of Puerto*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise noted, all docket entry references in this Order refer to Case Number 17-BK-3283.

*Rico arising Post-Petition and having Post-Petition Effects but Partially Based on a Pre-Petition Judgment Incorporating Milk Regulations Established by the United States District Court for the District of Puerto Rico and Not Involving Property of the Debtor or its Estate* (Dkt. No. 13938) (the "Motion for Comfort Order"). The Court has also received and reviewed oppositions to the Motion to Be Heard from Suiza (Dkt. No. 14075) (the "Suiza Opposition") and the Commonwealth of Puerto Rico (Dkt. No. 14116) (the "Commonwealth Opposition"), and Indulac's reply (Dkt. No. 14134) (the "Indulac Reply"). For the reasons detailed herein, the Motion to Be Heard is DENIED.

## II. BACKGROUND

Suiza is one of two fresh milk processors in Puerto Rico. See Motion for Comfort Order, 4. Indulac is a "Puerto Rico corporation engaged in the manufacturing of [ultra high temperature] milk and other dairy products[.]" Indulac's Opposition to Motion for Comfort Order, Dkt. No. 14050, ¶ 2. Indulac also appears to act as a "balance plant" where surplus milk is sent after the demand for fresh milk is satisfied by the fresh milk processors. See Motion for Comfort Order, 6. The milk industry in Puerto Rico is regulated by the Office of Regulation of the Milk Industry (or "ORIL"). In 2004, Suiza filed a lawsuit in the United States District Court for the District of Puerto Rico against the Commonwealth of Puerto Rico challenging the Milk Industry Regulation Act, Act No. 34 of July 11, 1957 ("Act 34") and Regulation No. 1 of June 11, 1957 ("Milk Regulation No. 1"). That lawsuit resulted in a settlement among the parties (the "Settlement Agreement"), which was incorporated into the District Court's final judgment (the "Judgment"). Id. The Judgment included "a set of regulations to cover many aspects of the milk industry which the court found at the time to be in disarray due to discriminatory and

2

arbitrary regulation," and a new definition for the term "surplus milk," that ensured "no milk goes to [Indulac,] the balance plant[,] until the demand for it by the fresh milk processors is satisfied." Id.

On July 10, 2020, ORIL issued Administrative Order 2020-22 (the "Administrative Order") which altered the definition of "surplus milk" from the definition in the Judgment. Id. at 5. In the Motion for Comfort Order, Suiza seeks an order from the District Court that its planned proceeding to enforce the Agreement and Judgment of the United States District Court for the District of Puerto Rico (in lieu of the Administrative Order) does not violate the automatic stay provisions of Sections 362(a) and 922(a) of the Bankruptcy Code. See Motion for Comfort Order, 5-6. On August 17, 2020, Indulac filed the Motion to Be Heard seeking leave to intervene in the Motion for Comfort Order, in order to oppose the Motion for Comfort Order on the ground that Suiza had not exhausted its administrative remedies. Indulac claims an interest in the Motion for Comfort Order because both the Settlement Agreement and Judgment, as well as the Administrative Order, contain provisions that affect the amount of milk it receives.

## III. ANALYSIS

Bankruptcy Rule 2018(a) governs intervention in contested matters. See In re Caldor Corp., 303 F.3d 161, 171-172 (2d Cir. 2002). Rule 2018(a) provides that, "[i]n a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." "In considering whether cause exists, courts look at whether the party is adequately represented and whether intervention would result in undue delay or prejudice to the original parties." In

3

re PM Cross, LLC, No. BR 13-11075-BAH, 2013 WL 6048810, at *3 (Bankr. D.N.H. Nov. 15, 2013) (citation omitted). See also In re Ionosphere Clubs, Inc., 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989) (analyzing permissive intervention under Rule 2018(a) and Fed. R. Civ. P. 24 and explaining that "the extent to which permissive intervention will be permitted is limited and should not be given if (1) the intervenor's interests are already adequately represented and (2) intervention would result in undue delay or prejudice to the original parties").

A. Indulac does not have an interest in the Motion for Comfort Order

Indulac is seeking to intervene to oppose the Motion for Comfort Order on the grounds that the Administrative Order is valid and that its validity should be established in an administrative proceeding and not by the court. Neither of those issues will be resolved by the Motion for Comfort Order. As an initial matter, the sole issue before the Court on the Motion for Comfort Order is whether Suiza's contemplated proceeding to enforce the Settlement Agreement and Judgment would violate the automatic stay. In deciding the Motion for Comfort Order, the District Court will not consider the validity of the Administrative Order. Thus, to the extent Indulac has an economic interest in the validity of the Administrative Order, such interest will not be affected by any ruling on the Motion for Comfort Order. Nor will the Court decide which forum has jurisdiction to review the Administrative Order in deciding the Motion for Comfort Order. The District Court will only decide whether Suiza can proceed with a civil suit in another forum. If the District Court determines that the contemplated lawsuit would violate the automatic stay, Suiza will not be allowed to proceed with the lawsuit in any forum. If the District Court grants the Motion for Comfort Order, Indulac can raise its merit arguments before the court in which Suiza is proceeding. Since in ruling on the Motion for

Comfort Order the District Court will not address the merits of Suiza's lawsuit to enforce the Settlement Agreement, Indulac does not have any interest in the Motion for Comfort Order.

Indulac also argues that it is a party in interest pursuant to Bankruptcy Code Section 1109(b) and therefore "enjoys the general right to 'monitor' the progress of Suiza's Urgent Motion." Indulac Reply ¶ 19. 11 U.S.C. § 1109(b) provides that, "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holders, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." While the list of parties in interest in Section 1109(b) is not exhaustive, Indulac fails to explain how it qualifies as a party in interest given its lack of any direct interest in the Motion for Comfort Order. Furthermore, to the extent Indulac wants to "monitor" the progress of the Motion for Comfort Order, it can do so through the parties' public filings and the Court's decision on the Motion for Comfort Order.

B. Indulac is adequately represented

Even assuming *arguendo* that Indulac had established an interest in the Motion for Comfort Order, Indulac would not be granted participation rights in this contested matter because it is adequately represented by the Commonwealth and therefore cannot show cause to intervene under Bankruptcy Rule 2018(a). It is undisputed that the Commonwealth opposes the Motion for Comfort Order, as does Indulac. Furthermore, the arguments raised by Indulac go to the merits of Suiza's contention that the Settlement Agreement and Judgment are enforceable, and not to whether Suiza's contemplated action violates the automatic stay.[3]

---

[3] To the extent Indulac is trying to raise an issue not included in the named parties' briefs, "[i]t is a general rule that an Intervenor may argue only the issues raised by the principal parties and may not enlarge those issues." Sw. Pa. Growth Alliance v. Browner, 121 F.3d 106, 121 (3rd Cir. 1997) (and cases

Since Indulac is adequately represented by the Commonwealth, this Court will not exercise its discretion to allow Indulac to intervene.

### IV. CONCLUSION

For the reasons discussed herein, the Motion to Be Heard is DENIED.

This Order resolves Docket No. 14049.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

Dated: October 16, 2020

---

cited).