UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                :
In re:                                          :
                                                :
THE FINANCIAL OVERSIGHT AND                     :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               :   Title III
                                                :
      as representative of                      :   Case No. 17-BK-3283 (LTS)
                                                :
THE COMMONWEALTH OF PUERTO RICO et al.,         :   (Jointly Administered)
                                                :
      Debtors.ⁱ                                 :
------------------------------------------------------------------------ x
```

**URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING
DISCOVERY CONCERNING BOND TRADING**

To the Honorable United States District Judge Laura Taylor Swain:

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to the above-captioned cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Official Committee of Unsecured Creditors (the "Committee") of all Puerto Rico Title III debtors (other than COFINA and PBA) (the "Debtors") hereby files this motion (the "Motion") requesting leave of court to issue Rule 2004 discovery concerning trading of the Debtors' securities during the pendency of the Title III process:

---

ⁱ The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747);and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

2. Venue is proper pursuant to section 307(a) of PROMESA.

3. Relief is requested pursuant to Bankruptcy Rule 2004, made applicable to these Title III cases by section 310 of PROMESA.

## PRELIMINARY STATEMENT

4. The Committee respectfully submits that the integrity of the Title III process and any resulting plan of adjustment is fundamental to achieving the objectives of PROMESA. In order to support that objective, the Committee believes that it is important to confirm that no party has obtained an improper benefit through the Court-ordered confidential mediation process. By this Motion, the Committee requests leave of court to conduct a Rule 2004 examination from the Bondholder Groups[ii] concerning their trading of the Debtors' securities during the pendency of the Title III process. The Committee respectfully submits that the scope and timing of the Rule 2004 discovery may be defined by agreement of the parties or order of the Magistrate Judge in the case of disagreement.

## BACKGROUND

5. On October 5, 2020, National Public Finance Corporation ("National") filed its Motion for Entry of an Order Directing Independent Investigation [ECF No. 14450] (the "National Motion").

6. The National Motion requests the Court appoint the Office of the United States Trustee or an independent investigator to determine whether certain parties:

---

[ii] The Bondholder Groups are defined as the Lawful Constitutional Debt Coalition ("LCDC"), the QTCB Noteholder Group, the Ad Hoc Group of General Obligation Bondholders (the "Ad Hoc Group of GO Bondholders"), and the Ad Hoc Group of Constitutional Debtholders.

2

> "[v]iolated the Court's June 23, 2017 Mediation Order and September 11, 2019 Supplemental Confidentiality Order (as defined in the Motion), including, but not limited to, whether those parties traded securities while in possession of confidential information about or obtained during the Mediation;"

[*Id*. at Ex. A; p.2]

7. At the time of filing the National Motion, the Committee had already determined to conduct some form of limited investigation into the trading activities of the Bondholder Groups, but had not yet filed a motion or application seeking such relief. On October 10, 2020, the Committee filed its Limited Joinder in the National Motion [ECF No. 14527]. The Committee joined in the National Motion solely to the extent that an investigation and examination of the trading activity that National identifies in its motion could serve to confirm the integrity of the Title III process. Additionally, the Committee requested the Court appoint it to conduct the subject investigation.

8. By this Motion, and regardless of the disposition of the National Motion, the Committee requests leave to conduct Rule 2004 discovery concerning the trading of the Debtors' securities during the pendency of the Title III process.

**REQUESTED RELIEF**

9. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). The scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." FED. R. BANKR. P. 2004(b). The purpose of a Bankruptcy Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, and examining transactions. *See In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

3

10. It is the right and responsibility of this Committee to undertake such an examination. Section 1103(c) of the Bankruptcy Code, incorporated into PROMESA pursuant to section 301(a) of PROMESA, provides, in pertinent part, that a creditors' committee may "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or the formulation of a plan." 11 U.S.C. § 1103(c)(2).

11. While section 1103(c) states that a committee "may" exercise this authority, a committee, in fact, has a fiduciary duty to its constituents to exercise these powers as necessary to protect the constituents' interests. *See* 7 Collier on Bankruptcy P 1103.05 (16th 2018)(citing *Official Committee of Unsecured Creditors v. Qwest Communications Corp.*, 405 B.R. 234 (E.D. Mich. 2009)).

12. Although Bankruptcy Rule 2004 authorizes an expansive investigation into the Debtors' assets and affairs,[iii] the Committee at this time is only seeking leave to pursue a narrow, targeted inquiry concerning trading of the Debtors' securities by the Bondholder Groups during the pendency of the Title III process. The Committee proposes to work collaboratively with the Bondholder Groups to define the scope and timing of the Rule 2004 examination, absent which, any disagreement can be resolved by the Court.

13. For all of these reasons, the Committee hereby requests that the Court (1) authorize the Committee to conduct Rule 2004 discovery from the Bondholder Groups; and (2) direct the

---

[iii] *See In re Youk-See*, 450 B.R. 312, 319-20 (Bankr. D. Mass. 2011) ("The examination [] is of necessity to a considerable extent a fishing expedition.") (internal citations omitted); *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (affirming Bankruptcy Rule 2004 discovery order; noting that "Rule 2004 is broad in nature.") (citation omitted); *In re Pub. Serv. Co. of New Hampshire*, 91 B.R. 198, 199 (Bankr. D.N.H. 1988) ("The scope of discovery afforded under Bankruptcy Rule 2004 is "unfettered and broad."); *In re Washington Mut.*, 408 B.R. at 50 ("The scope of a Rule 2004 examination is unfettered and broad . . . [and] is commonly recognized as more in the nature of a 'fishing expedition.'") (internal citations omitted); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'") (citation omitted).

Bondholder Groups to meet-and-confer in good faith with the Committee regarding the scope and timing of the discovery.

## CERTIFICATION

14. On October 16, 2020, the Committee sought to confer with counsel for the Bondholder Groups with respect to the relief requested, but were unable to do so and no agreement has been reached to date. The Committee expects those discussions to continue and is hopeful that an agreement can be reached before a hearing on this Motion.

## NOTICE

15. Notice of this Motion has been provided to the Standard Parties as defined in the Thirteenth Amended Case Management Procedures. (Dkt. No. 13512-1, at 4-6.) The Committee submits that under the circumstances no other notice needs to be provided.

## NO PRIOR REQUEST FOR RELIEF

16. The Committee has made no previous request for relief sought herein to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein, and granting the Committee such other relief as this Court deems just and proper.

Dated: October 16, 2020

Respectfully Submitted,

John Arrastia
GENOVESE JOBLOVE & BATTISTA, P.A
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*

- and –

Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.,
(USDC-PR 218312)
Israel Fernández Rodriguez, Esq.,
(USDC-PR 225004)
Juan C. Nieves González, Esq.,
(USDC-PR 231707)
Cristina B. Fernández Niggemann, Esq.
(USDC-PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

By: <u>John Arrastia</u>
John Arrastia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
: 
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
    as representative of : Case No. 17-BK-3283 (LTS)
 :
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
 :
    Debtors.[1] :
------------------------------------------------------------------------ x

### ORDER GRANTING URGENT
### MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### FOR ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING
### DISCOVERY CONCERNING BOND TRADING

Upon consideration of the Urgent Motion of Official Committee of Unsecured Creditors for Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Concerning Bond Trading (the "Motion") the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 310 of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the Court finds that and examination under Rule 2004 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747);and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

Procedure of the Bondholder Groups concerning trading of the Debtors' securities during the pendency of the Title III process is appropriate. Accordingly, it is hereby ORDERED THAT:

      1.  Committee is granted leave to issue Rule 2004 discovery to the Bondholder Groups concerning the concerning trading of the Debtors' securities during the pendency of the Title III process.

      2.  The Committee and recipients of the Rule 2004 are directed to meet and confer concerning the scope, timing and scheduling of Rule 2004 discovery. This Order does not address any objections as to discovery, all of which are reserved.

      3.  In the event the parties are unable to agree to scope or timing of discovery, the parties are directed to file appropriate motions before United States Magistrate Judge Judith G. Dein.

      4.  The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

DATED:    October __, 2020.

                                                                           _____
e                                  HON. LAURA TAYLOR SWAIN
                                     UNITED STATES DISTRICT JUDGE