# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |

## ORDER ON UCC MOTION TO EXPEDITE AND RULE 2004 MOTION

### I.    INTRODUCTION

This matter is before the Court on the *Urgent Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Concerning Bond Trading* (Dkt. No. 14601 in 17-BK-3283[2]) (the "Rule 2004 Motion") and the *Urgent Motion of Official Committee of Unsecured Creditors for Expedited Consideration of Urgent Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery Concerning Bond Trading* (Dkt. No. 14603) (the "Motion to Expedite").

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise noted, all docket entry references in this Order refer to Case Number 17-BK-3283.

The Court has also received and reviewed the response to the Motion to Expedite from the PSA Creditors[3] (Dkt. No. 14604) (the "PSA Creditors' Response").  Through the Rule 2004 Motion, the UCC seeks authorization from this Court to take discovery from the PSA Creditors "concerning their trading of the Debtors' securities during the pendency of the Title III process."  Rule 2004 Motion ¶ 4.  For the reasons discussed herein, the Motion to Expedite is DENIED and the Rule 2004 Motion is DENIED WITHOUT PREJUDICE.

## II.    BACKGROUND

According to the UCC, the Rule 2004 Motion relates to National Public Finance Corporation's ("National") *Motion for Entry of an Order Directing Independent Investigation* (Dkt. No. 14450) (the "National Motion") which seeks appointment of an independent investigator to determine whether certain parties traded in securities of the Debtor while in possession of confidential information about or obtained during court-ordered Mediation. See Rule 2004 Motion ¶ 6.  The UCC joins in the National Motion "solely to the extent that an investigation and examination of the trading activity that National identifies in its motion could serve to confirm the integrity of the Title III process" and requests the Court appoint it to conduct the investigation.  Id. ¶ 7.   The UCC also represents that it had already determined to conduct some form of limited investigation into the trading activities of the PSA Creditors prior to the filing of the National Motion.  Id.  Thus, the UCC seeks leave to take discovery concerning the trading of the Debtors' securities during the pendency of the Title III process in support of both the National Motion and its own investigation into such activities.  Id. ¶¶ 7, 8,

---

[3] The PSA Creditors include the Ad Hoc Group of Constitutional Debtholders, the Ad Hoc Group of General Obligation Bondholders, the Lawful Constitutional Debt Coalition, and the QTCB Noteholder Group.

12.  Through the Motion to Expedite, the UCC seeks an expedited briefing schedule for the Rule 2004 Motion so that the Rule 2004 Motion can be heard at the October Omnibus hearing on October 28, 2020 along with the National Motion and the UCC's Joinder to the National Motion.

### III.    ANALYSIS

#### A.  Motion to Expedite

The UCC's Rule 2004 Motion was filed too late to be heard at the October Omnibus hearing under the scheduling rules provided in the Thirteenth Amended Case Management Procedures governing these Title III cases.  See Dkt. No. 13512-1.  The Motion to Expedite, which seeks to significantly shorten the briefing period for the Rule 2004 Motion, fails to explain why the Rule 2004 Motion needs to be heard at the October Omnibus hearing or otherwise justify the expedited schedule and resulting burden on the Court and the opposing parties.  The UCC also fails to explain its eleven-day delay in filing its Rule 2004 Motion and request for expedited briefing after the filing of the National Motion.

The UCC argues that the Rule 2004 Motion should be heard on the same day as the National Motion and the UCC's Joinder to the National Motion because all three filings "relate to the integrity of the Title III Process" and "seek[] relief relating to the examination of trading in the Debtors' securities during the pendency of the Title III process."  Motion to Expedite ¶ 10.  The Court is not persuaded.  The UCC does not argue that it needs the requested discovery in order to make its arguments at the October Omnibus hearing in support of the National Motion and, indeed, even under the proposed expedited schedule, discovery would not be conducted before the National Motion is heard.  Indeed, argument on and resolution of

the National Motion may help define which issues, if any, will be relevant for examination

under Rule 2004.  Accordingly, this Court is not willing to exercise its discretion to grant

consideration of the Rule 2004 Motion on an expedited basis and the Motion to Expedite is

denied.

### B.  Rule 2004 Motion

Bankruptcy Rule 2004(a) provides that, "[o]n motion of any party in interest, the court

may order the examination of any entity."  The purpose of Bankruptcy Rule 2004 is to allow

interested parties an examination into "the liabilities and financial condition of the debtor."

Fed. R. Bank. P. 2004(b).  "The decision to grant or deny a request for a Rule 2004 examination

is committed to the discretion of the bankruptcy court and requires the determination of

closely intertwined factual and legal issues."  In re Hammond, 140 B.R. 197, 200 (Bankr. S.D.

Ohio 1992); see also In re GHR Energy Corp., 35 B.R. 534, 538 (Bankr. D. Mass. 1983).  "In

granting a Rule 2004 examination request, the court is required to make a finding of good

cause for the examination."  In re MF Global Inc., 2013 WL 74580 at *1 (Bankr. S.D.N.Y. Jan. 8,

2013).  "Good cause is established if the one seeking the Rule 2004 examination has shown

that such an examination is reasonably necessary for the protection of its legitimate

interests.'"  In re Hammond, 140 B.R. at 201.

Here, the UCC asserts summarily that a Rule 2004 examination is needed to "confirm

that no party has obtained an improper benefit through the Court-ordered confidential

mediation process."  Rule 2004 Motion ¶ 4.  According to the UCC, the (undefined) requested

discovery would support the National Motion (if allowed), and the UCC's independent

investigation into the PSA Creditors' trading of the Debtors' securities during the Title III

4

process.  See id. ¶ 8 ("By this Motion, and regardless of the disposition of the National Motion, the [UCC] requests leave to conduct Rule 2004 discovery concerning the trading of the Debtors' securities during the pendency of the Title III Process.").  As the PSA creditors accurately note, however, the UCC makes no attempt to justify its request under the Rule 2004 legal standard.  See PSA Creditors' Response at 3-4.

At the October Omnibus hearing, the Court will address National's Motion and the UCC's joinder request.  The argument and subsequent rulings on these Motions may inform which issues, if any, are appropriate for further investigation, and the appropriate entity, if any, to conduct such investigation and related discovery.  Not only has the UCC failed to provide the Court with good cause for a Rule 2004 examination, but such a request appears premature at this time.  Therefore, the UCC's request for a Rule 2004 examination is denied without prejudice.

## IV.    **CONCLUSION**

For the reasons discussed herein, the Motion to Expedite is DENIED and the Rule 2004 Motion is DENIED WITHOUT PREJUDICE.

This Order resolves Docket Nos. 14601 and 14603.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

Dated: October 19, 2020