# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**RESPONSE OF THE MEDIATION TEAM TO URGENT MOTION OF THE LAWFUL CONSTITUTIONAL DEBT COALITION TO FILE UNDER SEAL CERTAIN PORTIONS OF ITS OBJECTION TO THE MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ENTRY OF AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION**

The Mediation Team appointed in the Title III Cases respectfully submits as follows:

1. On October 14, 2020, the Lawful Constitutional Debt Coalition filed an urgent motion [ECF No. 14567][2] (the "Motion to Seal") requesting to file under seal the portions of its objection to the *Motion of National Public Finance Guarantee Corporation for Entry of an*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Title III cases commenced by the Commonwealth, COFINA, HTA, ERS, PREPA, and PBA are referred to herein as the "Title III Cases."

[2] All ECF numbers refer to filings in the Commonwealth's Title III Case, No. 17 BK 3283-LTS.

*Order Directing an Independent Investigation* [ECF No. 14450] (the "National Motion") that contain Confidential Material,[3] including the Confidential Exhibit.

2. On October 14, 2020, the Court entered an order (as re-entered at ECF No. 14584, the "Order") that, among other things, established a deadline for mediation parties, including the Mediation Team Leader, to respond to the Motion to Seal. The Order specifically directed responding parties to address the following two issues:

> (i) whether the Court may review and/or consider the Confidential Material, including the Confidential Exhibit, in connection with its determination of the National Motion and, if so, whether any current restrictions on the Court's ability to review the Confidential Material are waivable or may otherwise be overridden; and (ii) whether, and, if so, to what extent, the Confidential Material satisfies the requirements of Rule 9018 of the Federal Rules of Bankruptcy Procedure and the orders of this Court governing sealed filings such that it should remain under seal for an unlimited duration or, alternatively, whether the Confidential Material, or any component thereof, must be filed on the public docket.

Order at 2.

3. As to the first issue, although parties to the mediation process are generally prohibited from disclosing the Confidential Material, the Mediation Team does not object to the Confidential Material (including the Confidential Exhibit) being made available for review and consideration by the Court, to the extent the Court deems such review and consideration necessary for its determination of the National Motion.

4. As to the second issue, the Mediation Team does not express a view on whether the Confidential Material satisfies the requirements of Rule 9018 of the Federal Rules of Bankruptcy Procedure or the Court's orders regarding sealed filings.[4] To the extent the Court

---

[3] Capitalized terms used but not defined in this response have the meanings ascribed to them in the Motion to Seal.

[4] Consistent with paragraph 3 above, the Mediation Team does not object to the Court's reviewing the Confidential Material, if necessary, to allow the Court to evaluate whether the Confidential Material should remain under seal.

deems review and consideration of the Confidential Material necessary for its determination of the National Motion, and so long as no mediation party has objected to public disclosure of the Confidential Material, the Mediation Team does not object to the Confidential Material being unsealed and made available on the public docket.[5]

Dated: October 21, 2020

Respectfully submitted,

/s/ Barbara J. Houser
Honorable Barbara J. Houser
United States Bankruptcy
Court for the Northern District of Texas
Mediation Team Leader

---

[5] Footnote 2 of the Motion to Seal provides that "the LCDC has been informed that the references to Confidential Material in paragraphs 37 and 43 of the Objection are covered by the Mediation privilege, and accordingly should not be unsealed even if the Confidential Exhibit and references thereto are publicly disclosed." The Mediation Team has reviewed the relevant Confidential Material in paragraphs 37 and 43 of the Objection and does not object to it being made public to the extent that other Confidential Material is made public.