**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------- X
                                                 :
In re:                                           :       PROMESA
                                                 :
THE FINANCIAL OVERSIGHT        :       Title III
AND MANAGEMENT BOARD FOR   :
PUERTO RICO,                           :       No. 17 BK 3283-LTS
                                                 :       (Jointly Administered)
    as representative of                        :
                                                 :
THE COMMONWEALTH OF               :
PUERTO RICO, *et al.,*                    :
                                                 :
    Debtors.                                         :
------------------------------------------------- X

**RESPONSE AND LIMITED OBJECTION OF NATIONAL PUBLIC FINANCE
GUARANTEE CORPORATION TO THE URGENT MOTION OF THE LAWFUL
CONSTITUTIONAL DEBT COALITION TO FILE UNDER SEAL CERTAIN
PORTIONS OF ITS OBJECTION TO THE MOTION OF NATIONAL PUBLIC
FINANCE GUARANTEE CORPORATION FOR ENTRY OF
<u>AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION</u>**

To the Honorable United States District Judge Laura Taylor Swain:

National Public Finance Guarantee Corporation ("National") files this response and limited objection to the *Urgent Motion of the Lawful Constitutional Debt Coalition ("LCDC") to File Under Seal Certain Portions of Its Objection to the Motion of National for Entry of an Order Directing an Independent Investigation*, dated October 14, 2020, (the "Urgent Motion to Seal")[1] [Dkt. No. 14567], and respectfully states as follows:

1. On October 5, 2020, National filed the *Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (the "National Motion"). (Dkt. No. 14450.) On October 13, 2020, the LCDC filed its objection (the "Objection") to the *Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (Dkt. No. 14562-2), along with the Urgent Motion to Seal.

2. In the Urgent Motion to Seal, the LCDC seeks this Court's permission to file under seal certain portions of its Objection, including (i) a certain document (the "Confidential Exhibit") that may be considered confidential pursuant to the Court's *Order Appointing Mediation Team* (Dkt. No. 430) and *Order Regarding Mediation Confidentiality Restrictions* (Dkt. No. 8686) (collectively the "Mediation Orders") and that is an exhibit to the Objection, (ii) any references to the Confidential Exhibit in the Objection, and (iii) certain other limited references relating to the Mediation that the LCDC contend are confidential pursuant to the Mediation Orders. (Urgent Motion to Seal at ¶ 1.) The LCDC contends that the "Confidential Exhibit is related to the Mediation, and therefore may be considered confidential pursuant to the Mediation Orders." (*Id.*,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed thereto in the Urgent Motion to Seal.

¶ 8.) At the same time, the LCDC also concedes that it does not believe that the Confidential Exhibit meets the criteria for sealing and should be unsealed. (*Id*. at ¶ 9.)

3. On October 14, 2020, the Court entered an order setting October 21, 2020, as the deadline for, among other things, the mediation parties, including the Mediation Team Leader, to respond to the Urgent Motion to Seal. (Dkt. No. 14584.) The Court asked that the parties address (i) whether the Court may review and/or consider the sealed information and the Confidential Exhibit and (ii) whether, and to what extent, "the Confidential Material satisfies the requirements of Rule 9018 of the Federal Rules of Bankruptcy Procedure and the orders of this Court governing sealed filings such that it should remain under seal for an unlimited duration or, alternatively, whether the Confidential Material, or any component thereof, must be filed on the public docket." (*Id.*, p. 2.)

4. On October 21, 2020, the Mediation Team filed its Response to the Urgent Motion to Seal (the "Mediation Team Response"). (Dkt. No. 14735.) In the Mediation Team Response, the Mediation Team states that it "does not object to the Confidential Material (including the Confidential Exhibit) being made available for review and consideration by the Court, to the extent the Court deems such review and consideration necessary for its determination of the National Motion." (*Id.*, ¶ 3.) The Mediation Team also states that it does not express a view on whether the Confidential Material and Confidential Exhibit meet the standards for sealing, and that if the Court deems it necessary to review those materials it connection with the National Motion, and no party to the Mediation objects, the Mediation Team does not object to those materials being unsealed and made public. (*Id.*, ¶ 4.)

5. Although National takes no position with respect to the LCDC's Urgent Motion to Seal to the extent it seeks to seal the Confidential Exhibit and any references to that exhibit, it also

2

does not object to the Confidential Exhibit and any references to that exhibit being unsealed and publicly filed.

6. National also does not object to the Court reviewing the Confidential Exhibit in connection with the Motion, and defers to the Mediation Team's position on whether the Court may review that document.

7. However, National objects to the Urgent Motion to Seal only to the extent that the LCDC seeks to seal certain information in paragraphs 37 and 43 of its Objection that the LCDC redacted in the version of its Objection it served on National allegedly because the LCDC "has been informed" that the redacted material is "covered by the Mediation privilege, and accordingly should not be unsealed." (Dkt. No. 14567, n.2.) To be clear, on October 13, 2020, although the LCDC served National with a non-public version of its Objection that was "unredacted" (including references to the Confidential Exhibit and the related references thereto), the LCDC continued to redact certain information in paragraphs 37 and 43. On that same day, counsel for National asked counsel for the LCDC to provide a completely unredacted copy of its Objection (including unredacted versions of paragraphs 37 and 43), but counsel for the LCDC refused to do so and cited the "mediation privilege" as its basis for its refusal. As a result, National did not have a completely unredacted copy of the Objection before it was required to file its *Reply Memorandum in Further Support of Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (Dkt. No. 14672) (the "Reply"), on October 20, 2020.[2]

8. On October 21, 2020, after the Reply had been filed, counsel for the LCDC offered to provide counsel for National with a completely unredacted version of the Objection, as long as

---

[2] Based on the Urgent Motion to Seal, National also filed a motion to seal those portions of its Reply that referenced the Confidential Exhibit and any reference to the Confidential Exhibit. (Dkt. No. 14663.) The Court granted National's motion to seal. (Dkt. No. 14687.) If the Court ultimately unseals the Objection and the Confidential Exhibit, including any references to the Confidential Exhibit, National requests that the Court also unseal its Reply.

3

National agreed to keep the unredacted material in paragraphs 37 and 43 as confidential until the Court ruled on the Urgent Motion to Seal. Counsel to the LCDC provided no basis for the change in its position or why it would not provide the completely unredacted version to National previously based on the same conditions. Thereafter, on October 21, 2020, counsel for National agreed to counsel for the LCDC's request to keep the unredacted Objection confidential pending the Court's ruling on the Urgent Motion to Seal, but expressly reserved all rights to object to the Court's consideration of the information the LCDC previously refused to provide to National.

9. Given the LCDC's refusal to provide National with a completely unredacted copy of its Objection before National filed the Reply, National objects to the Court's consideration of the materials that the LCDC improperly redacted from the version of its Objection that it served on National. The LCDC's refusal to provide a completely unredacted copy of its Objection to National amounts to an improper ex parte submission to the Court, and therefore, those portions of its Objection should be stricken from the record. The LCDC had no basis to provide the Court with such an ex parte communication, and its refusal to provide National with a completely unredacted version of its Objection prejudiced National's ability to respond to the Objection.

10. The only basis provided by the LCDC for its refusal to provide National with a completely unredacted version of its Objection was that the redacted material was subject to the "mediation privilege." However, even assuming such a privilege applied to the material redacted in the Objection, the LCDC voluntary decision to affirmatively rely on that information in its Objection waived that privilege. The LCDC cannot use the mediation privilege as both a sword and a shield. Yet, that is exactly what the LCDC did in its Objection. Notably, in its Urgent Motion to Seal, the LCDC does not provide any support for its position that it can file something with the Court in response to the National Motion and not provide that court-filed response to National.

The LCDC could have easily done what it did with the rest of its Objection -- provide National with a non-public version of the brief with the understanding that it had to remain confidential -- but it strategically chose not to do so.

11. The LCDC's belated offer to provide National with a completely unredacted copy of its Objection the day after National filed its Reply does not rectify the problem. Accordingly, National objects to the Urgent Motion to Seal only to the extent it seeks to seal certain material in paragraphs 37 and 43 of its Objection that it refused to provide to National prior to National filing its Reply. The Court should strike that material from the record.

**WHEREFORE,** National respectfully requests that the Court strike those portions of paragraphs 37 and 43 of the Objection that the LCDC refused to timely provide to National in connection with the National Motion, and grant such other and further relief as just and proper.

Dated: October 21, 2020

San Juan, Puerto Rico

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO**<br>**SEDA & PEREZ-OCHOA PSC**<br>208 Ponce de León Avenue, Suite 1600<br>San Juan, PR 00936<br>Telephone: (787) 756-9000<br>Facsimile: (787) 756-9010<br><br>By: */s/ Eric Pérez-Ochoa*<br>　　Eric Pérez-Ochoa<br>　　USDC-PR No. 206,314<br>　　Email: epo@amgprlaw.com<br><br>By: */s/ Luis A. Oliver-Fraticelli*<br>　　Luis A. Oliver-Fraticelli<br>　　USDC-PR No. 209,204<br>　　Email: loliver@amgprlaw.com<br><br>*Attorneys for National Public Finance*<br>*Guarantee Corporation* | **KASOWITZ BENSON TORRES LLP**<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>Facsimile: (212) 506-1800<br><br>*/s/ Marc E. Kasowitz*<br>　　Marc E. Kasowitz<br>　　Adam L. Shiff<br>　　Kenneth R. David<br>　　Sondra D. Grigsby<br>　　Email:　mkasowitz@kasowitz.com<br>　　　　　　ashiff@kasowitz.com<br>　　　　　　kdavid@kasowitz.com<br>　　　　　　sgrigsby@kasowitz.com<br><br>*Special Counsel for National Public Finance*<br>*Guarantee Corporation* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

San Juan, Puerto Rico
October 21, 2020

                                                  By: */s/ Eric Pérez-Ochoa*
                                                  Eric Pérez-Ochoa