**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

------------------------------------------------ X

In re:

THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR
PUERTO RICO,

    as representative of

THE COMMONWEALTH OF
PUERTO RICO, *et al.,*

    Debtors.

------------------------------------------------ X

: PROMESA
:
: Title III
:
: No. 17 BK 3283-LTS
: (Jointly Administered)
:

**SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION
OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ENTRY OF
<u>AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION</u>**

To the Honorable United States District Judge Laura Taylor Swain:

Pursuant to the Court's *Order Regarding Reply Memorandum In Further Support Of Motion of National Public Finance Guarantee Corporation For Entry Of An Order Directing An Independent Investigation*, (Dkt. No. 14764), Creditor National Public Finance Guarantee Corporation ("National") files this supplemental memorandum (the "Supplemental Reply") in further support of the *Motion of National Public Finance Guarantee Corporation For Entry of An Order Directing an Independent Investigation* (Dkt. No. 14450) (the "Motion" or "Mot.") and in reply to the objections, responses, and joinders filed by the QTCB Noteholder Group (Dkt. No. 14553) ("QTCB Objection"), Sculptor Capital Management (Dkt. No. 14554) ("Sculptor Response"), the Ad Hoc Group of GO Bondholders (Dkt. No. 14556) ("GO Objection"), the LCDC (Dkt. No. 14567) ("LCDC Objection"), and the Ad Hoc Group of Constitutional Debtholders (Dkt. No. 14570) ("Constitutional Joinder" and collectively, the "Objections") and the response of the FOMB (Dkt. No. 14539) ("FOMB Response") and limited joinder of the UCC (Dkt. No. 14527) ("UCC Joinder" and together with the Objections and FOMB Response, the "Responses and Objections").[1]  In support of the Supplemental Reply, National respectfully states as follows:

## SUPPLEMENTAL REPLY

1.     In the LCDC Objection, the LCDC redacted portions of its brief concerning GoldenTree's trading activity (the "Redacted Material").  (LCDC Objection, ¶¶ 37, 43.)  Although the LCDC provided an unredacted version to the Court, it refused to provide the same to National on the basis that the information was subject to the mediation privilege.  (Reply, ¶ 33.)  After National addressed the impropriety of the LCDC's *ex parte* communication with the Court and

---

[1]     Capitalized terms not defined herein shall have the meaning ascribed thereto in the Motion and the Reply Memorandum in Further Support of Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation (the "Reply").  (Dkt. No. 14672.)

attempts to use the Mediation privilege as both a sword and shield in its Reply (*id.*), the LCDC reversed course and provided National with a fully unredacted version of its Objection. The Redacted Material, rather than supporting the LCDC Objection, only confirms that the Investigation National requests is necessary and must be conducted by an objectively independent entity.



2. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████ (LCDC

Objection, ¶¶ 37, 43.) The LCDC is wrong. █████████████████████████████

████████████████████████████████████████does not alleviate the need

for an Investigation; it only raises more questions that the Investigation would address. Whether

or not GoldenTree ████████████████████████████████████████ does

not exculpate GoldenTree from potentially violating the Mediation Order and the Supplemental

Confidential Order, or having engaged in improper conduct warranting review. The trading

activity and the knowledge with which it was conducted needs to be reviewed, as do, in this

instance, the circumstances ██████████████████████████████████████

██████████████████████████████. Moreover, in order to assess

whether the Court's orders were violated, the Investigation is needed to understand the reasons for

the trading and what transpired between the parties. Indeed, the fact that GoldenTree felt the need

to ████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████ The Investigation is necessary to

review the propriety of those trades regardless of █████████████████████████

2

██████████████████████████████ only add to the concerns previously expressed in the

Motion.

3.    Like the LCDC's continued reliance on ████████████████, and the other

Objections' reliance on so-called "unrestricted" periods, GoldenTree's ██████████████

████████████████████████████████, are neither dispositive nor even relevant

because they are not evidence that the order were not violated. (Reply, ¶¶ 31-33.) What is relevant,

and what the Investigation is needed to address, is what information did GoldenTree and the other

entities that traded have at the time of each trade, including information shared only among the

Hedge Fund Groups.  None of the Responses and Objections attempt to address the latter issue,

which, given that certain members of the Hedge Fund Groups' holdings increased dramatically

and the prices of bonds increased substantially leading up to the public disclosure of the New PSA,

remains a troubling concern raising questions about whether the New PSA lacks integrity or could

be defended as having been reached in good faith. (Mot., ¶ 38; Reply, ¶ 35.)

4.    National respectfully submits that the integrity of the Title III and mediation

process, PROMESA's mandate of transparency, and its goal to get Puerto Rico back into the

capital markets, require a thorough, transparent and independent Investigation by a truly

independent entity to address and resolve the issues raised in National's Motion.

### CONCLUSION

**WHEREFORE,** National respectfully requests that the Court direct an independent

Investigation as set forth in the Motion and consistent with the Proposed Order, and that National

be granted such other and further relief as is just and proper.

3

Dated: October 23, 2020


        San Juan, Puerto Rico

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO**<br>**SEDA & PEREZ-OCHOA PSC**<br>208 Ponce de León Avenue, Suite 1600<br>San Juan, PR 00936<br>Telephone: (787) 756-9000<br>Facsimile: (787) 756-9010 | **KASOWITZ BENSON TORRES LLP**<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>Facsimile:  (212) 506-1800 |

By: */s/ Eric Pérez-Ochoa*
    Eric Pérez-Ochoa
    USDC-PR No. 206,314
    Email: epo@amgprlaw.com


By: */s/ Luis A. Oliver-Fraticelli*
    Luis A. Oliver-Fraticelli
    USDC-PR No. 209,204
    Email: loliver@amgprlaw.com


*Attorneys for National Public Finance*
*Guarantee Corporation*

By: */s/ Marc E. Kasowitz*
    Marc E. Kasowitz (*pro hac vice*)
    Adam L. Shiff (*pro hac vice*)
    Kenneth R. David (*pro hac vice*)
    Sondra D. Grigsby (*pro hac vice*)
    Email:    mkasowitz@kasowitz.com
                ashiff@kasowitz.com
                kdavid@kasowitz.com
                sgrigsby@kasowitz.com


*Special Counsel for National Public Finance*
*Guarantee Corporation*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2020, I caused the foregoing document to be

electronically filed with the Clerk of the Court for the United States District Court for the District

of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF

participants.

San Juan, Puerto Rico
October 23, 2020


By: */s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa