**Presentment Date**: November 2, 2020
**Objection Deadline**: October 30, 2020 at 4:00 p.m. (AST)

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

NOTICE OF PRESENTMENT OF PROPOSED ORDER
(A) GRANTING IN PART THE ONE HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE BOND CLAIMS, (B) APPROVING FORM OF NOTICE FOR CLAIMS TO BE SET FOR HEARING, AND (C) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on October 23, 2020, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA") and the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), hereby submit a *Notice of Presentment of Proposed Order (A) Granting in Part the One Hundred Seventy-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Bond Claims, (B) Approving Form of Notice for Claims to Be Set for Hearing, and (C) Granting Related Relief* (this "Notice").

**PLEASE TAKE FURTHER NOTICE** that, on March 6, 2020, the Debtors, by and through the Oversight Board, filed the *One Hundred Seventy-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Bond Claims* [ECF No. 12144] (the "One Hundred Seventy-Seventh Omnibus Objection") to the proofs of claim listed on Exhibit A thereto.

**PLEASE TAKE FURTHER NOTICE** that the One Hundred Seventy-Seventh Omnibus Objection was initially scheduled for hearing on April 22, 2020.

**PLEASE TAKE FURTHER NOTICE** that any party against whom the One Hundred Seventy-Seventh Omnibus Objection was served, or any other party to the Debtors' Title III cases who objected to the relief sought therein, was required to file and serve a response to the One Hundred Seventy-Seventh Omnibus Objection with the clerk's office of the United States District

2

Court for the District of Puerto Rico by 4:00 p.m. (Atlantic Time) on April 7, 2020 (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that, as set forth in Exhibit C to the One Hundred Seventy-Seventh Omnibus Objection, if no response was filed by the Response Deadline, the One Hundred Seventy-Seventh Omnibus Objection "will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise." Ex. C to One Hundred Seventy-Seventh Omnibus Objection, ECF No. 12144-4, at 2.

**PLEASE TAKE FURTHER NOTICE** that consideration of the One Hundred Seventy-Seventh Omnibus Objection was adjourned by notices to the omnibus hearing scheduled for October 28, 2020.

**PLEASE TAKE FURTHER NOTICE** that, on September 29, 2020, this Court entered the *Order Regarding Pending Omnibus Objections to Claims* [ECF No. 14419] (the "Satellite Hearing Procedures Order"), scheduling a hearing to consider, *inter alia*, the One Hundred Seventy-Seventh Omnibus Objection for **November 20, 2020, at 9:30 a.m. (Atlantic Time)** (the "November 20 Satellite Hearing") at the Prime Clerk collection center located at Citi Towers, 250 Ponce de León Ave., Suite 503, Hato Rey, San Juan, PR 00918 (the "Satellite Site"). Satellite Hearing Procedures Order at 1.

**PLEASE TAKE FURTHER NOTICE** that, as of the filing of this Notice, the Claimants associated with the claims listed on **Exhibit A** hereto have responded to the One Hundred Seventy-Seventh Omnibus Objection (the "Claims to Be Set for Hearing") on or before the Response Deadline via either (*i*) ECF filing, (*ii*) mailing to Prime Clerk, LLC ("Prime Clerk"), (*iii*) mailing to counsel for the Oversight Board, or (*iv*) mailing to counsel for the Official Committee of

Unsecured Creditors of the Commonwealth of Puerto Rico (the "UCC") (collectively, the "Responses") and, upon review of the Responses, the Debtors (a) have determined that the Responses fail to provide sufficient information to enable the Debtors to reconcile the Claims to Be Set for Hearing and (b) intend to prosecute the One Hundred Seventy-Seventh Omnibus Objection as to the Claims to Be Set for Hearing at the November 20 Satellite Hearing.

**PLEASE TAKE FURTHER NOTICE** that, as of the Response Deadline, the Claimants associated with the claims listed on **Exhibit B** hereto failed to respond to, or otherwise oppose, the One Hundred Seventy-Seventh Omnibus Objection (the "Claims to Be Disallowed via Notice of Presentment").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the requirements of Federal Rule of Bankruptcy Procedure 3007, made applicable to this Title III case by PROMESA section 310, the Claimants associated with the claims listed on **Exhibit C** hereto were served with copies of the One Hundred Seventy-Seventh Omnibus Objection via "first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated," but the Debtors' mailings were returned as undeliverable (the "Claims with Undeliverable Addresses").

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Order (as defined below) is filed with the Court by 4:00 p.m. (Atlantic Time) on October 30, 2020, the relief requested in the One Hundred Seventy-Seventh Omnibus Objection shall be deemed unopposed, and the Proposed Order disallowing the Claims to Be Disallowed via Notice of Presentment and the Claims with Undeliverable Addresses may be entered without a further hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Satellite Hearing Procedures Order, the Claims to Be Set for Hearing will be heard at the November 20 Satellite Hearing and the notice thereof, a copy of which is attached hereto as **Exhibit D** (the "Satellite Hearing Notice") shall be served on all Claimants associated with the claims listed on Exhibit A and made publically available on the Prime Clerk website.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit E** is a proposed order (the "Proposed Order") (*i*) approving the Satellite Hearing Notice; and (*ii*) disallowing the Claims to Be Disallowed via Notice of Presentment and the Claims with Undeliverable Addresses.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Paragraph III.H of the Court's *Thirteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 13512-1], "the presentment of a proposed order for administrative relief must be filed and served at least seven (7) calendar days before the presentment date, and Objections thereto must be filed and served at least one (1) calendar day before the presentment date," and accordingly, unless a written objection to the Proposed Order is filed with the Court no later than **4:00 p.m. (Atlantic Time) on October 30, 2020**, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

Dated: October 23, 2020
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
        brosen@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Ricardo Burgos Vargas*

Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*