# **EXHIBIT B**

**Declaration of Mark Shankweiler**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

### DECLARATION OF MARK SHANKWEILER IN SUPPORT OF THE TWO HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS FOR WHICH IT IS NOT LIABLE

I, Mark Shankweiler, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.   I am a Managing Director of Berkeley Research Group, LLC ("BRG"). The Financial Oversight and Management Board (the "Oversight Board") retained BRG to assist with, *inter alia*, the claims reconciliation process for the Puerto Rico Electric Power Authority's ("PREPA") case filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

*Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of BRG, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the PREPA case filed pursuant to PROMESA. PREPA's ongoing claims reconciliation process involves the collective effort of a team of BRG employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for PREPA, and Diaz & Vazquez, counsel for PREPA.

3. I submit this declaration in support of the *Two Hundred Sixty-Sixth Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Claims For Which It Is Not Liable* (the "Two Hundred Sixty-Sixth Omnibus Objection"). I have personally reviewed the Two Hundred Sixty-Sixth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Two Hundred Sixty-Sixth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Two Hundred Sixty-Sixth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Two Hundred Sixty-Sixth Omnibus Objection.

5. Counsel for PREPA identified Act 164 as a law that provides a salary increase for employees of the Commonwealth of Puerto Rico, but expressly excludes employees of certain public corporations from receiving that salary increase. To the best of my knowledge, information, and belief, the claims identified in Exhibit A to the Two Hundred Sixty-Sixth Omnibus Objection (collectively, the "Claims to Be Disallowed") purport to assert liability against PREPA arising

2

from the salary raise effected by Act 164, yet Act 164 explicitly excludes employees of certain public corporations, including PREPA. Further, my understanding is that PREPA's records indicate each of the claimants were PREPA employees. Thus, PREPA is not liable for the Claims to Be Disallowed. Accordingly, PREPA requests that these claims be disallowed in their entirety.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Two Hundred Sixty-Sixth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of PREPA and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Dated: October 23, 2020

By:    /s/ Mark Shankweiler
          Mark Shankweiler

# **ANEXO B**

**Declaración de Mark Shankweiler**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con la AEE.** |

**DECLARACIÓN DE MARK SHANKWEILER EN APOYO DE LA DUCENTÉSIMA SEXAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES POR LAS QUE LA AEE NO TIENE RESPONSABILIDAD**

Yo, Mark Shankweiler, conforme al Título 28 U.S.C. § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático)

1. Soy director general de Berkeley Research Group, LLC ("BRG"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a BRG para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso de la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de BRG, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso de la AEE radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de la AEE implica un esfuerzo colectivo de un equipo de los empleados de BRG, así como de Proskauer Rose LLP y O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal de la AEE, y Díaz & Vázquez, abogados de la AEE.

3. Realizo esta declaración en apoyo de la *Ducentésima sexagésima sexta objeción global (sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones por las que la AEE no tiene responsabilidad* (la "Ducentésima sexagésima sexta objeción global"). He revisado personalmente la Ducentésima sexagésima sexta objeción global, y los Anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Ducentésima sexagésima sexta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Ducentésima sexagésima sexta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos

2

resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el <u>Anexo A</u> de la Ducentésima sexagésima sexta objeción global.

5. Los abogados de la AEE identificaron la Ley 164 como una ley que brinda un incremento salarial para los empleados del Estado Libre Asociado de Puerto Rico, si bien excluye expresamente a empleados de determinadas corporaciones públicas de obtener dicho incremento salarial. A mi fiel saber y entender, las reclamaciones identificadas en el <u>Anexo A</u> de la Ducentésima sexagésima sexta objeción global (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas</u>") pretenden alegar responsabilidad contra la AEE que surge del incremento salarial adoptado por la Ley 164, si bien la Ley 164 excluye explícitamente a empleados de determinadas corporaciones públicas, incluida la AEE. Además, tengo entendido que los datos de la AEE muestran que cada uno de los reclamantes era empleado de la AEE durante el período en el que alega que tienen derecho a incrementos salariales impagados. En consecuencia, la AEE no tiene responsabilidad las Reclamaciones que han de ser rechazadas. Por lo tanto, la AEE solicita que dichas reclamaciones sean rechazadas en su totalidad.

6. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Ducentésima sexagésima sexta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de la AEE y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 23 de octubre de 2020

Por: [*Firma en la versión en inglés*]
Mark Shankweiler

3