**Hearing Date: December 9, 2020, at 9:30 AM (Atlantic Standard Time)**
**Response Deadline: November 25, 2020, at 4:00 PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

## TWO HUNDRED SEVENTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Highways and Transportation Authority ("HTA") and Employees

Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

with HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this two hundred seventieth omnibus objection (the "Two Hundred Seventieth Omnibus Objection") to proofs of claim incorrectly asserted, in whole or in part, against HTA and ERS, as detailed on **Exhibit A** hereto, and in support of the Two Hundred Seventieth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA and ERS pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the "HTA Title III Case" and the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][4] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Commonwealth Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B. Proofs of Claim. Omnibus Objection Procedures, and Claim Objections**

1.      To date, approximately 174,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

2.      Of the proofs of claim filed, approximately 111,300 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Over 52,600 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. Approximately 2,240 proofs of claim have been filed in relation to, or reclassified to be asserted against HTA. In accordance with

---

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

[4]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

3.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

4.     In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019,

the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

5.       Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held hearings related to one hundred twenty-three omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, and/or ERS, as well as thirty-three individual objections.  After hearings held on January 30, 2019, March 13, 2019, April 24, 2019, June 12, 2019, July 24, 2019, September 11, 2019, and October 30, 2019, the Court sustained seventy-four omnibus objections and thirty-two individual objections, resulting in thousands of proofs of claim filed against the Commonwealth, HTA, ERS, and/or COFINA being disallowed and expunged, and hundreds of other claims being reclassified to be asserted against another of the Debtors.  Twenty-two omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on December 11, 2019.  Furthermore, twenty-seven omnibus objections to claims filed against the Commonwealth, HTA and ERS were heard and orally granted on January 29, 2020.  On October 22, 2020, the Court entered orders granting in part an additional ten omnibus objections.  Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting approximately $43 trillion in liability against the Commonwealth, HTA, COFINA, and ERS, have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

6.       This Two Hundred Seventieth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

7.      The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

8.      The Two Hundred Seventieth Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(2) and the Amended Omnibus Objection Procedures, the claims, in whole or in part, as identified in the column titled "Asserted" in **Exhibit A** hereto (collectively, the "Incorrect Debtor Claims"), which identify as obligor either HTA or ERS, when such claims are properly asserted in whole or in part, if at all, against the Commonwealth, HTA, ERS, or the Puerto Rico Electric Power Authority ("PREPA").

9.      In each of the Incorrect Debtor Claims, the claimant purported to assert, in whole or in part, liabilities associated with bonds issued by the Commonwealth, HTA, ERS, PREPA, COFINA, the Puerto Rico Public Buildings Authority ("PBA"), the Puerto Rico Infrastructure Financing Authority ("PRIFA"), the University of Puerto Rico ("UPR"), and the Puerto Rico Aqueducts and Sewer Authority ("PRASA"), against HTA and/or ERS. However, the proof of claim and/or supporting documentation provided by the claimant shows that the liabilities associated with the Incorrect Debtor Claims would appropriately be asserted in whole or in part, if at all, against the Commonwealth, HTA, ERS, or PREPA based upon the Debtors' review of the names and CUSIP information for the bonds asserted. Accordingly, the Incorrect Debtor Claims should be reclassified, in whole or in part, to be asserted against the Commonwealth, HTA, ERS, or PREPA, the Title III debtors identified in the column titled "Corrected" in **Exhibit A** hereto

(collectively, the "Reclassified Claims"). HTA and ERS reserve their rights to object to any part of the Reclassified Claims on any other grounds whatsoever.

10.      In support of the foregoing, HTA and ERS rely on the *Declaration of Jay Herriman in Support of the Two Hundred Seventieth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Asserted Against the Incorrect Debtor*, dated October 23, 2020, attached hereto as **Exhibit B**.

### NOTICE

11.      In accordance with the Amended Omnibus Objection Procedures, HTA and ERS are providing notice of this Two Hundred Seventieth Omnibus Objection to (a) the individual creditors subject to this Two Hundred Seventieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Thirteenth Amended Case Management Procedures* [ECF No. 13512-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Two Hundred Seventieth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations are being filed and served with this objection of the Two Hundred Seventieth Omnibus Objection and supporting exhibits attached hereto. HTA and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

### RESERVATION OF RIGHTS

12.      This Two Hundred Seventieth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in these Title III proceedings to object to the Reclassified Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or

procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in these Title III proceedings to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in these Title III proceedings under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

13.     No prior request for the relief sought in this Two Hundred Seventieth Omnibus Objection has been made to this or any other court.

WHEREFORE HTA and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA and ERS such other and further relief as is just.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 23, 2020
    San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
Puerto Rico Highways and
Transportation Authority and
Employees Retirement System of the
Government of the Commonwealth of
Puerto Rico*

9

**Fecha de la vista: 9 de diciembre de 2020, a las 09:30 a.m. (AST)**
**Fecha límite para responder: 25 de noviembre de 2020, a las 04:00 p.m. (AST)**

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Título III |
| como representante del | Núm. 17 BK 3283-LTS |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, | (Administrado Conjuntamente) |
| Deudores.[1] | **El presente escrito guarda relación con la ACT y el SRE.** |

## DUCENTÉSIMA SEPTUAGÉSIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS CONTRA EL DEUDOR INCORRECTO

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con la ACT, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente ducentésima septuagésima objeción global (la "Ducentésima septuagésima objeción global") a evidencias de reclamaciones radicadas incorrectamente, total o parcialmente, contra la ACT y el SRE, según se menciona en el **Anexo A** del presente documento, y en apoyo de la Ducentésima septuagésima objeción global los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.    El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.    La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A. Órdenes de Fecha Límite

3.    El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT y el SRE conforme a la sección 304(a) de PROMESA, iniciando los casos al amparo del Título III del referido cuerpo legal (respectivamente, el "Caso de Título III de la ACT" y el "Caso de Título III del SRE", denominados con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.　El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][4] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III del ELA. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm.

---

[3] Todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

[4] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"),
extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B. Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

1.      Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de
reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas
evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas
contra los Deudores, además de los montos no liquidados reclamados.

2.      De las evidencias de reclamaciones radicadas, aproximadamente 111,300 han sido
radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 52,600
evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como
radicadas contra el SRE. Aproximadamente 2,240 evidencias de reclamaciones han sido radicadas
en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las
condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber
sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas
posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar
duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria
para que los Deudores determinen si la reclamación es válida.

3.      Para resolver eficazmente el mayor número posible de las evidencias de
reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su
*Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a
objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de
Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos
Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

4

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

4.        En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

5.        Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal celebró vistas vinculadas con 123 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT y/o el SRE, así como con 33 objeciones individuales.  Tras las vistas celebradas el 30 de enero de 2019, el 13 de marzo de 2019, el 24 de abril de 2019, el 12 de junio de 2019, el 24 de julio de 2019, el 11 de septiembre de 2019 y el 30 de octubre de 2019, el Tribunal concedió 74 objeciones globales y 32 objeciones individuales, lo cual resultó en que miles de las evidencias de reclamaciones radicadas contra el ELA, la ACT, el SRE y/o COFINA fueron rechazadas y suprimidas, y cientos de otras reclamaciones fueron reclasificadas como radicadas contra otros Deudores.  Veintidós objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 11 de diciembre de 2019.  Además, 27 objeciones globales a reclamaciones radicadas contra el ELA, la ACT y el SRE fueron atendidas y concedidas oralmente el 29 de enero de 2020.  El 22 de octubre de 2020, el Tribunal emitió órdenes declarando parcialmente con lugar diez objeciones globales adicionales.  Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban aproximadamente $43 billones en responsabilidad contra el ELA, la ACT, COFINA y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

6.        La presente Ducentésima septuagésima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

7.      Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la
ACT y al SRE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera
de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

8.      La Ducentésima septuagésima objeción global pretende que se reclasifiquen, de
conformidad con la regla 3007(d)(2) de las Reglas Federales del Procedimiento de Quiebra y los
Procedimientos Enmendados relativos a Objeciones Globales, las reclamaciones identificadas total
o parcialmente en la columna titulada "Alegadas (*Asserted*)" en el **Anexo A** del presente
documento (conjuntamente denominadas, las "Reclamaciones de Deudores Incorrectos"), las
cuales identifican como deudor a la ACT o al SRE, cuando lo correcto sería alegar tales
reclamaciones, total o parcialmente (en su caso), contra el ELA, la ACT, el SRE o la Autoridad de
Energía Eléctrica de Puerto Rico (la "AEE").

9.      En cada una de las Reclamaciones de Deudores Incorrectos el reclamante pretendió
alegar, total o parcialmente, responsabilidades contra la ACT y/o el SRE, vinculadas con los bonos
emitidos por el ELA, la ACT, el SRE, la AEE, COFINA, la Autoridad de Edificios Públicos de
Puerto Rico (la "AEP"), la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico
(la "AFI"), la Universidad de Puerto Rico (la "UPR") y la Autoridad de Acueductos y
Alcantarillados de Puerto Rico (la "AAA"). Sin embargo, la evidencia de reclamaciones y/o la
documentación justificativa proporcionadas por los reclamantes muestran que, sobre la base del
análisis realizado por los Deudores de los nombres y de la información CUSIP de los bonos
alegados, lo correcto sería alegar, total o parcialmente (en su caso), contra el ELA, la ACT, el SRE

o la AEE, las responsabilidades vinculadas con las Reclamaciones de Deudores Incorrectos. En consecuencia, las Reclamaciones de Deudores Incorrectos deben ser reclasificadas, total o parcialmente, como las alegadas contra el ELA, la ACT, el SRE o la AEE, los deudores de Título III identificados en la columna titulada "Corregidas (*Corrected*)" en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones Reclasificadas"). La ACT y el SRE se reservan el derecho a objetar a cualquiera de las partes de las Reclamaciones Reclasificadas sobre cualquier otro motivo que fuere.

10.     En apoyo de lo anterior, la ACT y el SRE invocan la *Declaración de Jay Herriman en apoyo de la Ducentésima septuagésima objeción global (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas contra el deudor incorrecto*, de fecha 23 de octubre de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

11.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, la ACT y el SRE notifican la presente Ducentésima septuagésima objeción global a) a los acreedores individuales objeto de esta Ducentésima septuagésima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 13* [ECF núm. 13512-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a esta Ducentésima septuagésima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima septuagésima objeción global y de la totalidad de los anexos justificativos que se adjuntan al presente se radican y envían con la presente objeción. La

8

ACT y el SRE sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

12.     La presente Ducentésima septuagésima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de dichos procedimientos radicados conforme al Título III, a objetar a las Reclamaciones Reclasificadas o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas de dichos procedimientos radicados conforme Título III, a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas de estos procedimientos radicados conforme Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

13.     No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima septuagésima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la ACT y el SRE solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda la ACT y el SRE cualesquiera otros remedios que se consideren justos.

[*El resto de la página se deja en blanco intencionadamente*]

10

Fecha: 23 de octubre de 2020
     San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC No. 203708
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera,
local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera para
Puerto Rico, como representante de
la Autoridad de Carreteras y
Transportación de Puerto Rico y del
Sistema de Retiro de los Empleados
del Gobierno del Estado Libre
Asociado de Puerto Rico*

11