# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
                                                                      :
In re:                                                                :
                                                                      :  PROMESA
THE FINANCIAL OVERSIGHT AND                                           :  Title III
MANAGEMENT BOARD FOR PUERTO RICO,                                     :
                                                                      :  Case No. 17-BK-3283 (LTS)
    as representative of                                               :
                                                                      :  (Jointly Administered)
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                            :
                                                                      :
    Debtors.[1]                                                        :
---------------------------------------------------------------------- X

## REPLY REGARDING URGENT MOTION OF THE LAWFUL CONSTITUTIONAL DEBT COALITION TO FILE UNDER SEAL CERTAIN PORTIONS OF ITS OBJECTION TO THE MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ENTRY OF AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Lawful Constitutional Debt Coalition (the "LCDC")[2] respectfully submits this reply (the "Reply") to the: Mediation Team Response;[3] Committee Response;[4] and National Response[5] (collectively the "Responses"), and hereby states as follows:

1. As stated in its Urgent Motion to Seal, the LCDC supports the unsealing of the Confidential Exhibit[6] and all references to the Confidential Exhibit in the *Objection of the Lawful Constitutional Debt Coalition to the Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14567-2) (the "LCDC Objection").[7] None of the Responses opposed unsealing the Confidential Exhibit, and on October 24, 2020, the Court entered an *Order Denying in Part the Motion of the Lawful Constitutional Debt Coalition to File Under Seal Certain Portions of Its Objection to the Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent*

---

[2] The members of the LCDC and their respective holdings are set forth in the *Eighth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* (ECF No. 14316).

[3] *Response of the Mediation Team to Urgent Motion of the Lawful Constitutional Debt Coalition to File Under Seal Certain Portions of Its Objection to the Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14735) (the "Mediation Team Response").

[4] *Response and Limited Objection of the Official Committee of Unsecured Creditors to the Urgent Motion of the Lawful Constitutional Debt Coalition to File Under Seal Certain Portions of Its Objection to the Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14748) (the "Committee Response").

[5] *Response and Limited Objection of National Public Finance Guarantee Corporation to the Urgent Motion of the Lawful Constitutional Debt Coalition to File Under Seal Certain Portions of Its Objection to the Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14755) (the "National Response").

[6] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the LCDC Objection.

[7] The Urgent Motion to Seal was refiled at ECF No. 14567 to include a signed certification, on behalf of one LCDC member firm, that had been inadvertently omitted from the original filing.

*Investigation* (ECF No. 14918) (the "Unsealing Order"), and directed the LCDC and National to refile their respective pleadings with the Confidential Exhibit and all references to the Confidential Exhibit being unsealed. On October 25, 2020, the LCDC and National refiled their respective pleadings in accordance with the Unsealing Order (ECF Nos. 14920-22).

2. Pursuant to the Unsealing Order, references to a communication between mediation parties as set forth in paragraphs 37 and 43 of the LCDC Objection (the "Confidential Communication") were to remain sealed pending the conclusion of briefing on the Court's *Order Regarding Reply Memorandum in Further Support of Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14764) (the "Supplemental Briefing Order").

3. In the its Objection, the LCDC redacted the Confidential Communication because it was subject to the mediation privilege. The LCDC has now obtained the consent of the other mediation participant to the communication to unseal the Confidential Communication. Accordingly, the LCDC supports unsealing the Confidential Communication and requests the Court authorize the LCDC to refile the entire LCDC Objection, including unredacted paragraphs 37 and 43.

4. The Supplemental Briefing Order renders moot National's complaint that it was forced to file the National Response to the LCDC Objection before it had access to a completely unredacted copy of the LCDC Objection (National Resp. ¶ 7) as National has now filed its *Supplemental Reply Memorandum in Further Support of Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (ECF No. 14819) (the "Supplemental Reply"). In its Supplemental Reply, National puzzlingly argues both that the Confidential Communication "only confirms that the Investigation is necessary" (¶ 1), and

3

that the Confidential Communication is "no[t] even relevant" to the question of whether the Mediation Orders were violated (¶ 3). Both cannot be true, and in fact, neither is. The Confidential Communication is clearly relevant: it directly counters National's allegation that a member was acting in a deceptive manner.

5. The LCDC Objection provides a certified detailed record that rebutted National's vague, generalized allegations. National now contends that an investigation should nevertheless be ordered to prove the record is in fact complete and truthful. *See Supplemental Reply* at ¶ 2 (contending that investigation is needed to understand the reasons for the trading and what transpired between parties despite the facts certified to in the LCDC Objection). That is not the law. National is the movant, seeking an extraordinary order from this Court. It cannot fail to prove the salacious allegations contained in its Motion and then ask the Court to appoint an investigator to disprove them.

[Signature Page Follows]

WHEREFORE, the LCDC respectfully requests that the Court enter an order unsealing the entire Objection, and granting such other relief that is just and proper.

DATED: October 26, 2020

Respectfully submitted,

| **REICHARD & ESCALERA** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| By: */s/ Rafael Escalera* | |
| **Rafael Escalera** | **Susheel Kirpalani** (*pro hac vice*) |
| USDC No. 122609 | susheelkirpalani@quinnemanuel.com |
| escalera@reichardescalera.com | |
| | **Daniel Salinas** |
| **Sylvia M. Arizmendi** | USDC-PR 224006 |
| USDC-PR 210714 | danielsalinas@quinnemanuel.com |
| arizmendis@reichardescalera.com | |
| | **Eric Kay** (*pro hac vice*) |
| **Carlos R. Rivera-Ortiz** | erickay@quinnemanuel.com |
| USDC-PR 303409 | |
| riverac@reichardescalera.com | **Kate Scherling** (*pro hac vice*) |
| | katescherling@quinnemanuel.com |
| 255 Ponce de León Avenue | |
| MCS Plaza, 10th Floor | 51 Madison Avenue, 22nd Floor |
| San Juan, Puerto Rico 00917-1913 | New York, New York 10010-1603 |
| (787) 777-8888 | (212) 849-7000 |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/*Carlos R. Rivera-Ortiz*
USDC-PR 303409