**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

```
------------------------------------------------ X
                                                 :
In re:                                           :
                                                 :  PROMESA
                                                 :
                                                 :  Title III
THE FINANCIAL OVERSIGHT                          :
AND MANAGEMENT BOARD FOR                         :
PUERTO RICO,                                     :  No. 17 BK 3283-LTS
                                                 :  (Jointly Administered)
     as representative of                        :
                                                 :
THE COMMONWEALTH OF                              :
PUERTO RICO, et al.,                             :
                                                 :
     Debtors.                                    :
------------------------------------------------ X
```

**SUPPLEMENTAL REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION
OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ENTRY OF
<u>AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION</u>**

To the Honorable United States District Judge Laura Taylor Swain:

Pursuant to the Court's *Order Regarding Reply Memorandum In Further Support Of Motion of National Public Finance Guarantee Corporation For Entry Of An Order Directing An Independent Investigation*, (Dkt. No. 14764), Creditor National Public Finance Guarantee Corporation ("National") files this supplemental memorandum (the "Supplemental Reply") in further support of the *Motion of National Public Finance Guarantee Corporation For Entry of An Order Directing an Independent Investigation* (Dkt. No. 14450) (the "Motion" or "Mot.") and in reply to the objections, responses, and joinders filed by the QTCB Noteholder Group (Dkt. No. 14553) ("QTCB Objection"), Sculptor Capital Management (Dkt. No. 14554) ("Sculptor Response"), the Ad Hoc Group of GO Bondholders (Dkt. No. 14556) ("GO Objection"), the LCDC (Dkt. No. 14567) ("LCDC Objection"), and the Ad Hoc Group of Constitutional Debtholders (Dkt. No. 14570) ("Constitutional Joinder" and collectively, the "Objections") and the response of the FOMB (Dkt. No. 14539) ("FOMB Response") and limited joinder of the UCC (Dkt. No. 14527) ("UCC Joinder" and together with the Objections and FOMB Response, the "Responses and Objections").[1] In support of the Supplemental Reply, National respectfully states as follows:

## SUPPLEMENTAL REPLY

1. In the LCDC Objection, the LCDC redacted portions of its brief concerning GoldenTree's trading activity (the "Redacted Material"). (LCDC Objection, ¶¶ 37, 43.) Although the LCDC provided an unredacted version to the Court, it refused to provide the same to National on the basis that the information was subject to the mediation privilege. (Reply, ¶ 33.) After National addressed the impropriety of the LCDC's *ex parte* communication with the Court and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed thereto in the Motion and the Reply Memorandum in Further Support of Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation (the "Reply"). (Dkt. No. 14672.)

attempts to use the Mediation privilege as both a sword and shield in its Reply (*id.*), the LCDC reversed course and provided National with a fully unredacted version of its Objection. The Redacted Material, rather than supporting the LCDC Objection, only confirms that the Investigation National requests is necessary and must be conducted by an objectively independent entity.

2. The Redacted Material purports to show that GoldenTree notified advisors for the FOMB and one member of the Mediation Team of its anticipated trades of bonds during the Mediation, and from that the LCDC contends that it is absolved of any wrongdoing. (LCDC Objection, ¶¶ 37, 43.) The LCDC is wrong. The LCDC's incomplete disclosure of GoldenTree's communications with the FOMB's advisors and the Mediation Team does not alleviate the need for an Investigation; it only raises more questions that the Investigation would address. Whether or not GoldenTree communicated with the FOMB or the Mediation Team about its trading does not exculpate GoldenTree from potentially violating the Mediation Order and the Supplemental Confidential Order, or having engaged in improper conduct warranting review. The trading activity and the knowledge with which it was conducted needs to be reviewed, as do, in this instance, the circumstances surrounding those communications and the details around what was said to the FOMB's advisors and the member of the Mediation Team. Moreover, in order to assess whether the Court's orders were violated, the Investigation is needed to understand the reasons for the trading and what transpired between the parties. Indeed, the fact that GoldenTree felt the need to discuss its trading with the FOMB's advisors and a member of the Mediation Team suggests that GoldenTree was seeking some sort of absolution in advance; it should be clear, however, that no such disclosure would necessarily accomplish that feat. The Investigation is necessary to review the propriety of those trades regardless of those communications, the specific contents of

which are unknown, and which themselves only add to the concerns previously expressed in the Motion.

3.  Like the LCDC's continued reliance on the Mediation Agreement, and the other Objections' reliance on so-called "unrestricted" periods, GoldenTree's communications with the FOMB's advisors and a member of the Mediation Team, are neither dispositive nor even relevant because they are not evidence that the order were not violated. (Reply, ¶¶ 31-33.) What is relevant, and what the Investigation is needed to address, is what information did GoldenTree and the other entities that traded have at the time of each trade, including information shared only among the Hedge Fund Groups. None of the Responses and Objections attempt to address the latter issue, which, given that certain members of the Hedge Fund Groups' holdings increased dramatically and the prices of bonds increased substantially leading up to the public disclosure of the New PSA, remains a troubling concern raising questions about whether the New PSA lacks integrity or could be defended as having been reached in good faith. (Mot., ¶ 38; Reply, ¶ 35.)

4.  National respectfully submits that the integrity of the Title III and mediation process, PROMESA's mandate of transparency, and its goal to get Puerto Rico back into the capital markets, require a thorough, transparent and independent Investigation by a truly independent entity to address and resolve the issues raised in National's Motion.

## CONCLUSION

**WHEREFORE,** National respectfully requests that the Court direct an independent Investigation as set forth in the Motion and consistent with the Proposed Order, and that National be granted such other and further relief as is just and proper.

3

Dated: October 23, 2020

San Juan, Puerto Rico

| | |
|---|---|
| **ADSUAR MUNIZ GOYCO** | **KASOWITZ BENSON TORRES LLP** |
| **SEDA & PEREZ-OCHOA PSC** | 1633 Broadway |
| 208 Ponce de León Avenue, Suite 1600 | New York, New York 10019 |
| San Juan, PR 00936 | Telephone: (212) 506-1700 |
| Telephone: (787) 756-9000 | Facsimile: (212) 506-1800 |
| Facsimile: (787) 756-9010 | |

By: */s/ Eric Pérez-Ochoa*  
    Eric Pérez-Ochoa  
    USDC-PR No. 206,314  
    Email: epo@amgprlaw.com

By: */s/ Luis A. Oliver-Fraticelli*  
    Luis A. Oliver-Fraticelli  
    USDC-PR No. 209,204  
    Email: loliver@amgprlaw.com

By: */s/ Marc E. Kasowitz*  
    Marc E. Kasowitz (*pro hac vice*)  
    Adam L. Shiff (*pro hac vice*)  
    Kenneth R. David (*pro hac vice*)  
    Sondra D. Grigsby (*pro hac vice*)  
    Email:   mkasowitz@kasowitz.com  
                ashiff@kasowitz.com  
                kdavid@kasowitz.com  
                sgrigsby@kasowitz.com

*Attorneys for National Public Finance Guarantee Corporation*

*Special Counsel for National Public Finance Guarantee Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

San Juan, Puerto Rico
October 27, 2020

                                                    By: */s/ Eric Pérez-Ochoa*
                                                    Eric Pérez-Ochoa