## UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

In re: The Financial Oversight
and Management Board for Puerto
Rico, as representative of The
Commonwealth of Puerto Rico et.,
al., Debtors[1]/

Case No. 17-BK-3283-LTS

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, IMO Investment S.E., Israel Santiago-Lugo, Celenia
Reyes-Padilla, Jason Santiago-Rosado, Israel Santiago-Rosado, and
Daniel Santiago-Rosado (hereinafter "Petitioners"),pro se, submit
this motion for relief from the automatic stay, pursuant to Bankrupcy
Code 11 U.S.C. §362(d)(1) and/or (2), to proceed before the Court
of Appeals for the First Circuit (Appeal no.18-1850), where the
First Circuit under PROMESA, the appeal was stayed as to Commonwealth
of Puerto Rico defendants, in support states as follows:

## STATEMENT OF THE CASE

On December 15, 2016, Petitioners have filed a civil right
case under 28 U.S.C. §§1346(b), 1402(b), §2401(b), §§2671-80, Bivens
action, 42 U.S.C. §1983, and 28 U.S.C. §§2201 and 2202 by a Corporation/
Special Society, Federal Prisoner, and U.S. Citizens asserting claims
from 1992 until the day of today for property damage, personal injury,
wrongful death, trespass and invasion of privacy, assault, battery,
false imprisonment, false arrest, negligence, abuse of process,

---

[1]/ The Debtors in this Title III case number and the last four(4)
digits of Debtor's federal tax identification number, as applicable,
is the Commonwealth of Puerto Rico (the"Commonwealth")(Bankruptcy
Case no. 17-BK-3282-LTS)(Last Four Digits of Federal Tax ID: 3481).

and mental and intentional infliction of emotional distress, denial
of due process and equal protection of law, denial of due process
in disciplinary proceedings under a criminal judgment without jurisdiction,
or void. The Petitioners seeks damages as to all claims and a declaratory
relief to ensure proper return of properties, or their value with
interests.

On March 13, 2018, in accordance with 28 U.S.C. §1915A and
§1915(e)(2)(B) the Judge Daniel R. Dominguez ("DRD"), fifteen(15)
months later, and without good cause entered an opinion and order
(Doc.55), Order (Doc.56), and Judgment (Doc.57) dismissing the Petitioners'
complaint as frivolous.[2/] On August 21, 2018, Petitioners have filed
a Notice of Appeal (Doc.74) and Amended Notice of Appeal (Doc.80)
for review the four(4) issues that Petitioners  intends to present
on appeal:

I. THE DISTRICT COURT HAS ABUSED ITS DISCRETION DENYING A MOTION
FOR RECONSIDERATION DOCKETED TIMELY UNDER FED.R.CIV.P. 59(e)
WHERE THE CLERK WITHOUT GOOD REASON TAKEN OFF FROM THE DOCKET
SHEETS DAYS LATER.

II. THE DISTRICT COURT HAS ABUSED ITS DISCRETION TO FIND THE
MOTION FOR RECONSIDERATION TIMELY UNDER RULES 60(b) AND
CONSIDERED UNDER THAT RULE'S STANDARD OF REVIEW.

III. THE DISTRICT COURT HAS ABUSED ITS DISCRETION FINDING AS
MOOT THE SECOND RULE 60(b) MOTION WHERE THE ARGUMENTS ARE
NOT REPITITIVE AND VERY DIFFERENT FROM THE FIRST RULE 60(b)
MOTION.

IV. THE DISTRICT COURT HAS ABUSED ITS DISCRETION DISMISSING
A PRO SE CASE WITHOUT EVER RULING ON PENDING MOTION FOR
DISCOVERY, APPOINTMENT OF COUNSEL, AND OTHER IMPORTANT ITEMS.

---

[2/] DRD ignored the Petitioners' Rule 60(b) motion, parragraphs 23 &
24 (Doc.58 p.11), because be focuse that the Petitioners: "are asserting
claim against government official that are immune from suit such
as the federal judges and prosecutors who participated in [Petitioners']
criminal proceedings" (Doc.55 p.7), and set aside part of the Petitioners'
arguments about the civil proceeding. See, Doc.2 pp.19-29. Of course,
Prosecutors are no absolutely immune for action not directly related
to presenting cases in Court. See, Kalina v. Fletcher, 522 U.S.
188, 131, 118 S.Ct 502 (1997); Duckley v. Ritzsimmors, 509 U.S.

See, Santiago-Lugo, et al., v. United States, et al., Appeal no.18-1850.

A) LEGAL STANDARD:

11 U.S.C. §362(d)(1) provides that the Title III Court "shall grant relief from the [automatic] stay...for cause, including the lack of adequate protection of an interest in property of [a] party in interests", or, "with respect to a stay of an act against property under [section 362(a)], if- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization" [.] 11 U.S.C.A. §362(d)(1)-(2)(Westlaw through P.L. 116-145).

"Lack of adequate protection is the most common basis for finding cause to grant relief". 3 Collier on Bankruptcy ¶362.07 (Richard Levin & Henry J. Sommer eds., 16th ed. 2018). But it is not the only reason a court might grant such relief. See id. ("Use of the word 'cause' suggests an intention that the bases for relief from the stay should be broader than merely lack of adequate protection"). The factors of the Second Circuit laid out in Sonnax Industries v. Tri Components Products Corp. (In re Sonnax Industries), 907 F.2d 1280, 1286 (2d cir.1990), "provide a helpful framework" for determining whether stay relief should otherwise be granted "for cause". See Fin. Oversight & Mgnt. Bd. for P.R. v. Ad Hoc Grp. of PREPA Bondholders (In re PREPA), 899 F.3d 13, 23 (1st cir.2018). These factors are:

(1) Whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized

at 268-69; King v. Hardwood, 6th cir. No. 16-5949 (3/27/17). Also judicial immunity can be overcome in only two sets of circumstance, that is, action not taken in the judge'sjudicial capacity, or (2)

tribunal with the necessary expertise has been established
to bear the cause of action; (5) whether the debtor's insurer
has assumed full responsibility for defending it; (6) whether
the action primarily involves third parties; (7) whether litigation
in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action
is subject to equitable subordination; (9) whether movant's
success in the other proceeding would result in a judicial
lien avoidable by the debtor; (10) the interests of judicial
economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding;
and (12) impact of the stay on the parties and the balance
of harms.

See, In re Sonnax Industries, 907 F.2d at 1286.

Petitioners have the initial burden of establishing prima facie
eligibility for relief from an automatic stay. See Fin. Oversight
& Mgmt. Bd. for P.R. v. Gracia-Gracia (In re Fin. Oversight & Mgmt.
Bd. for P.R.), 939 F.3d 340, 347 (1st cir.2019)(Citing Mazzeo v.
Lengart (In re Mazzeo), 167 F.3d 139, 142 (2d cir.1999)). "A prima
facie case requires a showing by the [Petitioners] of 'a factual
and legal right to the relief that it seeks'". 3 Collier, supra,
¶362.10 (italics omitted)(quoting In re Elmira Litho, Inc., 174
B.R. 892, 902 (Bankr. S.D.N.Y. 1994)). After that initial burden
is met, the moving party bears the ultimate burden of proof on the
issue of the debtor's equity in property, and the party opposing
stay relief has the ultimate burden of proof on all other issues.
See, 11 U.S.C. §362(g); In re Sonnax Industries, 907 F.2d at 1285
(quoting 11 U.S.C. §362(g)(1)).

**B) DISCUSSION:**

Petitioners have been sueing many individuals, federal and
state employees, at least five(5) individuals (Miguel Andaluz-Baez,
Neftali Lopez, Jose Quiles-Torres, Maria L. Colon-Guerra and Hamlet

action, though judicial in nature, taken in the complete absence
of all jurisdiction. See, Mireless v. Waco, 502 U.S. 9, 11-12, 112
S.Ct 286, 287-88, 116 L.Ed.2d 9 (1991)(Per Curiam).

C. Castroded-Rivera) acts under color of state law, they were sued
in their official capacity. See, <u>Voya Institutional Trust Co., v.
Univ. of Puerto Rico</u>, 266 F.Supp.3d 590 (D.P.R. 2017)(Because Voya
sued the Governor of Puerto Rico in his official capacity, this
case necessarily implicated the Commonwealth, that is, the title
III debtor)[3/]Also, they were sued in their individual capacity and
PROMESA does not cover this point. See, <u>Colon-Colon v. Negron-Fernandez</u>,
2018 U.S.Dist.LEXIS 80968 (D.P.R. 2018)(The stay, however, does
not apply to individual capacity claims brought against Commonwealth
government officials).

At least one(1) individual (Miguel Andaluz-Baez) was assigned
to the Task Force of Drug Enforcement Administration ("DEA") can
act under color of federal law if they are acting solely pursuant
to federal authority. See, <u>Askew v. Bloemker</u>, 548 F.2d 673, 677
(7th cir.1976)(city police assigned to a federal agency acted under
color of federal law): <u>Bordeaux v. Lynch</u>, 958 F.Supp 77, 84 (N.D.N.Y.
1997)(same). Thus, many individuals generally act under color of
federal and not state law, PROMESA does not apply. See, <u>District
of Columbia v. Carter</u>, 409 U.S. 418, 424, 93 S.Ct 602 (1973): <u>Settles
v. U.S. Parole Com'n</u>, 429 F.3d 1098, 1104 (D.C. cir.2005)("section
1983 does not apply to federal officials acting under color of federal
law")(citations omitted).

PROMESA appears to comtemplate that rulings on lift-stay motions
will issue only "after notice and a hearing". 48 U.S.C. §2194(e)(2).

_____

[3/]"The automatic stay in PROMESA, however, is 'limited in nature',
48 U.S.C. §2194(m)(5)(B), and remainedin effect upon enactment of
PROMESA until the earlier of (1) February 15, 2017, with a possible
extension of sixty or seventy-five day, or (2) the date on which
the Oversight Board filed a petition on behalf of the Government
of Puerto Rico or any of its instrumentalities to commence debt-

Here, the Judge DRD has dismissed the Petitioners' complaint as "frivolous" without give the opportunity to serves the summons, as a matter of facts those individuals were not defendants yet. See. Kardomes Bateca, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1559 (1st cir.1989)("in the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"). The individuals' actions are a chain of events very important to establish how the Petitionersvere deprived of their properties the last twenty-five(25) years ffrom federal individuals manipulations to justify an in rem proceedings (Civ. Nos.93-1955, 94-1392 & 94-1393) and criminal forfeiture process (Crim No.95-029).

The individuals do not offer a stipulation about the Petitioners' Constitutional violations, and "allegations as to the insufficiency of future funds to protect their interest in repayment of the debt entitled [Petitioners] to a hearing". Peaje Investments LLC v. Garcia-Padilla, 845 F.3d 505, 514 (1st cir.2017). The Court's disposition regarding the automatic stay must ensure that Petitioners are afforded judicial redress for purported violations of his civil rights without frustrating the debt-restructuring scheme set forth in PROMESA.

The United States of America therefore cannot obtain the money judgment sought in its preliminary and final orders of forfeiture, because it would be impermisible double-counting for the government to add together all the money involved in each transaction when seeking forfeiture. See, U.S. v. Tedder, 2003 U.S.Dist.LEXIS 27184 (W.D. Wis. 2003). "Courts have rutinely recognized the double counting

adjustment proceedings pursuant to Title III of PROMESA. Id. at §2194(d). The initial automatic stay expired on May 1, 2017". Bentacourt-Rivera v. Vazquez-Garced, 2018 U.S.Dist.LEXIS 84144 n.5 (D.P.R. 2018).

is flatly prohibited in the context of criminal forfeiture. Such concerns typically arise (and are expressed) when the government undertakes the calculation of profeiture proceeds. Courts have also cautioned against allowing the same funds or property to be ordered forfeited multiple times under different forfeiture provisions". U.S. v. Young, 2018 U.S.Dist.LEXIS 156649 (D.D.C. 2019).

In the instant case, the DEA has seized the Petitioners' properties under federal statutes (See, Exh.1), even the United States of America forfeited the Petitioners' properties under federal statutes (See, Exh.2), PROMESA does not "protect their interest in repayment of the debt" without figure amount. The appeal before the First Circuit is for a review of procedures under Fed.R.Civ.P. 59(e) and 60(b), considering the factors of the Second Circuit laid out in Sonnax Industries, the automatic stay should be modified and/or condictioned to allow the litigation to procees before the First Circuit, because relief would result in a complete resolution of the issues.

It is undisputed, Petitioners' properties cannot be forfeited as substitute property because it vould be logically self-contradicting ruling to determine that assets can be both forfeited as substitute property and forfeitable as proceeds from criminal activity. Asset must logically be one or the other; an asset cannot be both proceeds and substitute property as the preliminary and final orders of forfeiture reflected. See, U.S. v. Bornfield, 145 F.3d 1223, 1239 (10th cir. 1998); U.S. v. Saccoccia, 564 F.3d 502, 506-07 (1st cir.2009). The "principal asset" of $6 millions are clearly erroneous.

Instead, Petitioners have incorporated those individuals from an incident at Levittown town (See, Exh.3), where they have been proceeding without jurisdiction because the Tribunal of San Juan does not found probable cause. However, the process continued against

Petitioners when they knew that fact (See, Exh.4). Thus, the Judge
Jaime Pieras Jr. found probable cause to seize the real properties
and assets of Petitioners (See, Exh.5). Later, the U.S. Attorneys
have been using as evidences the Levittown incident before the Grand
Jury and Peti Jury (because Petitioners had not ever problems with
the justice), even though they have acknowledged the "lack of proximity
to the firearms".

Specifically, Petitioners' lawsuit is against federal individuals
because they have deprived them of their properties and liberty;
i.e., the Judge Aida Delgado Colon entered a Second Amended Judgment
nunc pro tunc to reflect the forfeiture penalties twenty-five(25)
years later (October 10, 2019). The Second  Amended Judgment rendered
on October 10, 2019, to conform with Fed.R.Crim.P. 32.2(b)(4)(B),
by amending the 1996 Judgment to include the final order of forfeiture,
nunc pro tunc, from June 15, 2006 Judgment in U.S. v. Santiago-Lugo,
Appeal Nos.05-2254 & 06-1107, now would constitute a gross injustice
and violation of Petitioners' Constitutional rights. Moreover, at
the  sentencing hearing, the words "forfeit" and "forfeiture" were
never so much as mentioned. Forfeiture was not part of the sentence
handed down during the sentencing hearing.[4]

Now, Petitioners had the opportunity twenty-five(25) years
later to appeal that part of punishment, doing so before the Court
of Appeals. See, U.S. v. Santiago-Lugo, Appeal No.19-2149; See also
Peterson v. Lacy, 1998 U.S.Dist.LEXIS 19599 (S.D.N.Y. 1998)(the

---

[4] See, e.g., U.S. v. Diaz-Rivera, 806 F.Supp.2d 479, 483 (D.P.R.
2011)(the amended Rule still does not allow the court to amend judgment
to add a forfeiture order where none was included at sentencing);
Santiago-Lugo, Appeal Nos.05-2254 < 06-1107 ("the parties agree
that the forfeiture order was not announced as part of the sentence
nor contained in the original or amended judgment and that, therefore,
there was a violation of Rule 32.2(b)(3)); See also U.S. v. Shakur,

delay in sentencing has also accompanied by a delay in the appellate process, and the Due Process Clause is thus doubly implicated): DeLancy v. Caldwell, 741 F.2d 1246, 1248 (10th cir.1984)(Per Curiam) (he is entitled to recover under 42 U.S.C. §1983): Badea v. Cox, 931 F.2d 573, 574 (9th cir.1991)(he may bring a suit for damages pursuant to 42 U.S.C. §1983). As previously said, the appeal before the Court of Appeals are procedures issues under Fed.R.Civ.P. 59(e) and 60(b) "lack[ing] of any connection with or interference with the bankruptcy case"[5/]

THEREFORE, Petitioners' request should be lifted to allow the litigation to procees before the Court of Appeals by terminating, annulling, modifying or conditioning such stay.

Date:

_Israel Santiago-Lugo_
IMO Investment S.E.
Israel Santiago-Lugo
WP: UCC 1-207(or 308)
Pro Se
U.S.M. # 10947-069
FCI Talladega
P.M.B. 1000
Talladega, AL 35160

_Celenia Reyes-Padilla_
Celenia Reyes-Padilla
Pro Se
Res. Virgilio Davila
Edf.15 Apt. 160
Bayamon, P.R. 00961

Respectfully Submitted,

_Jason Santiago-Rosado_
Jason Santiago-Rosado
Pro Se
_Israel Santiago-Rosado_
Israel Santiago-Rosado
Pro Se
_Daniel Santiago-Rosado_
Daniel Santiago-Rosado
Pro Se
6624 Mission Club BLVD
Apt-306
Orlando, FL 32821[6/]

---

691 F.3d 979 (8th cir.2012): U.S. v. Petix, 767 Fed.Appx 119 (2d cir.2019): U.S. v. Muzio, 757 F.3d 1243, 1257-58 (11th cir.2014).

[5/] On March 2, 2020, U.S. Attorney Mariana E. Bauza-Almonte gave notice that "the United States Attorne's Office will not file an appellate brief". See, e.g., Smith v. Marsh, 194 F.3d 1045, 1052 (9th cir.19999)("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived"): U.S. v. Dreyer, 804 F.3d 1266, 1277 (9th cir.2015)(en banc)("[g]enerally, an appellee waives any argument it fails to raise in its answering brief").

[6/] This address is the same as to Jason and Israel Santiago-Rosado.

## CERTIFICATE OF SERVICE

We hereby certify that a true and crorect copy of foregoing
mailed to:

Martin J. Bienenstock                Hermann D. Bauer
Stephen  L. Ratner                   O'Neil & Borges LLC
Timothy W. Mangovan                  250 Munoz Rivera Ave.,
Hadassa R. Wayman                    Suite 800
Proskauer Rose LLP                   San Juan, P.R. 009 8-1813
Eleven Times Square
8th Avenue & 41 ST.                  Wandymar Burgos Vargas
New York, N.Y. 10036-8299            Departamento de Justica
                                     Oficina del Jefe de Fiscales
Guy Brenner                          P.O. Box 9020192
Proskauer Rose LLP                   San Juan, P.R. 00902-0192
1001 Pennsylvania Ave.,
N.W., Suite 600 South
Washibgton, D.C. 20004-2533


In Bayamon, Puerto Rico, this 16 day of October             ,2020.


IMO Investment S/E.       Celenia Reyes-Padilla    Jason Santiago-Rosado
Israel Santiago-Lugo      Pro Se                   Pro Se
WP: UCC 1-207(or 308)                              Israel Santiago-Rosado
Pro SE                                             Pro Se
                                                   Daniel Santiago-Rosado
                                                   Pro Se