## Document 1 (Page 9)

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF INVESTIGATION**  Page 1 of 2

1. Program Code  2. Cross File  Related Files  3. File No. (b)(7)(E)  4. G-DEP Identifier
5. By (b)(7)(C)(b)(7)(F)  S/A
   At Enforcement (b)(7)(C)(b)(7)(F)
   San Juan, Puerto Rico
6. File Title: SANTIAGO-Lugo, Israel
7. ☐ Closed  ☐ Requested Action Completed
   ☐ Action Requested By:
8. Date Prepared: January 16, 1996
9. Other Officers:
10. Report Re: Trial/Conviction of Defendants.

**DETAILS**

1. On February 9, 1995, Israel SANTIAGO-Lugo and thirty members of his organization were indicted in the District of Puerto Rico (criminal number 95-029JAF) for numerous violations of the Controlled Substance Act. SANTIAGO and five of his codefendants were charged with operating a Continuing Criminal Enterprise in violation of Title 21, United States Code, Section 848.

2. On September 13, 1995, trial commenced in the District of Puerto Rico before U.S. District Court Judge Jose A. Fuste. Court proceedings for SANTIAGO and his codefendants had to be split due to the large number of defendants. The initial trial dealt with the charges against SANTIAGO and twelve codefendants as well as adjudicating the civil/criminal seizures of Exhibits N-1 through N-22.

(b)(7)(C)

3. The trial continued until December 13, 1995, at which time all the defendants except Angel M. ANDRADES-Marrero were found guilty by jury; the jury had become deadlocked on a verdict for ANDRADES. All seized assets were ordered forfeited by the court. Except for (b)(7)(C) ANDRADES and (b)(7)(C) the subjects listed below in the indexing section are those convicted in the first trial. The adjudicated defendants are to be sentenced by Judge Fuste in March 1996 at which time DEA-210's will be prepared detailing their final dispositions.

4. A trial for ANDRADES and the remaining defendants will probably commence in the Spring of 1996 depending on the outcome of any plea negotiations.

**INDEXING SECTION**

1. SANTIAGO-Lugo, Israel; NADDIS _____ FBI number _____
2. 
3. 
4. 
5. REYES-Padilla, Celenia; NADDIS _____ FBI number _____

11. Distribution: (b)(7)(C)(b)(7)(F)
    Division
    District
    Other
13. Date 2/1/96
15. Date 2/4/96

DEA Form - 6 (Aug. 1994)  (b)(7)(C)  Drug Enforcement Administration  3 - Originating Office

Page 9

## Document 2 (7 of 11)

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF INVESTIGATION**  Page 1 of 3

1. PROGRAM CODE  2. CROSS FILE  RELATED FILES  3. FILE NO. 05-93-0048  4. G-DEP IDENTIFIER
5. Enforcement Group 1
   San Juan, Puerto Rico
6. FILE TITLE: SANTIAGO-Lugo, Israel
7. ☐ Closed ☐ Requested Action Completed
   ☐ Action Requested By:
8. DATE PREPARED: October 5, 1993
9. OTHER OFFICERS:
10. REPORT RE: Execution of Seizure Warrants on August 17, 1993.

**DETAILS:**

1. On August 17, 1993, a joint investigation by the San Juan District Office and the Internal Revenue Service/Criminal Investigation Division resulted in the seizure of properties by the U.S. Marshal Service. The seizure warrant (93-155JP/HL) issued by U.S. Magistrate Judge Jesus A. Castellanos was served on properties in the name of Israel SANTIAGO-Lugo and IMO INVESTMENTS. Two Texaco gasoline stations with contents, four residential properties with contents, one vacant lot, one jet ski, seven vehicles, six bank accounts, and one Paine Weber Investment account were seized. Furniture, cellular telephones and office equipment were also seized by the U.S. Marshal Service.

2. One computer, financial records and business papers from various locations were seized by IRS/CID for evidentiary purposes. No arrests were made during service of the seizure warrants. However, a criminal investigation is still ongoing.

3. The following is a list of seized properties, bank accounts and vehicles:

Exhibit N-1 - one two-story cement house located at Ibiza Street, Number 72, Paseo Las Brisas, Rio Piedras, Puerto Rico; 16,565 acres; Lot 60,658, with contents.
Appraised Value: $350,000.00

Exhibit N-2 - one rural lot, number 11,429, with a Texaco Gasoline Station (1,000 square feet) located at Carretera 165, Barrio Contorno, Toa Alta, Puerto Rico, with all contents.
Appraised Value: $900,000.00

Exhibit N-3 - one two-story cement house located at Block 15A, 14th Street, Reparto Valencia, Hato Tejas, Bayamon, Puerto Rico, with all contents.
Appraised Value: $70,000.00

11. DISTRIBUTION:
    REGION MFD/DIG
    DISTRICT
    OTHER OEH; NK; CCF; NPSF
13. DATE 10/28/93
15. DATE 10/28/93

DEA Form - 6 (May 1982)  DEA SENSITIVE  DRUG ENFORCEMENT ADMINISTRATION
00000611

## Document 3 (10 of 11)

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF INVESTIGATION (Continuation)**

Page 2 of 3

1. FILE NO. 05-93-0048  2. G-DEP IDENTIFIER
3. FILE TITLE: SANTIAGO-Lugo, Israel
5. PROGRAM CODE
6. DATE PREPARED: October 5, 1993

Exhibit N-4 - one two-story cement house located at Reparto Montanez, Barrio Pajaros, Bayamon, Puerto Rico; Lot Number 18, with all contents.
Appraised Value: $150,000.00

Exhibit N-5 - one two-story cement house located at Carretera 165, kilometer 9.5, Barrio Contorno, Toa Alta, Puerto Rico, with all contents.
Appraised Value: $130,000.00

Exhibit N-6 - one vacant lot next to Block 15-A, 14th Street, Reparto Valencia, Hato Tejas, Bayamon, Puerto Rico.
Appraised Value: $50,000.00

Exhibit N-7 - bank account number 240708533 in the name of Israel SANTIAGO-Lugo at Banco Popular de Puerto Rico, Cupey Branch, Cupey, Puerto Rico.
Balance: $677.80

Exhibit N-8 - bank account number 054033411 in the name of Israel SANTIAGO-Lugo at Banco Popular de Puerto Rico, Cupey Branch, Cupey, Puerto Rico.
Balance: $2,777.95
3496656

Exhibit N-9 - bank account number 35049448 in the name of Israel SANTIAGO-Lugo (IMO INVESTMENT) at Banco Popular de Puerto Rico, San Jose Shopping Center, Rio Piedras, Puerto Rico.
Balance: $3,211.17
3496659

Exhibit N-10 - bank account number 059868287 in the name of Israel SANTIAGO-Lugo (ISRAEL SERVICE STATION TOA ALTA), Banco Popular de Puerto Rico, Toa Alta Branch, Toa Alta, Puerto Rico.
Balance: $11,729.85
3496660

Exhibit N-11 - bank account number 240020035 in the name of Israel SANTIAGO-Lugo (SANTIAGO & ASSOCIATES) at Banco Popular de Puerto Rico, Bayamon, Puerto Rico.
Balance: $1,392.00
3496664

Exhibit N-12 - bank account number 054022242 in the name of Israel SANTIAGO-Lugo (ISRAEL SERVICE STATION COROZAL) at Banco Popular de Puerto Rico, Corozal, Puerto Rico.
Balance: $10,922.30

Exhibit N-13 - 1993 Mitsubishi GT-300 registered to Israel SANTIAGO-Lugo.
Appraised Value: $46,753.54

DEA Form - 6a (May 1982)  DEA SENSITIVE  DRUG ENFORCEMENT ADMINISTRATION
00000612

## Document 4 (11 of 11)

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF INVESTIGATION (Continuation)**

Page 3 of 3

1. FILE NO. 05-93-0048  2. G-DEP IDENTIFIER
3. FILE TITLE: SANTIAGO-Lugo, Israel
5. PROGRAM CODE
6. DATE PREPARED: October 5, 1993

Exhibit N-14 - 1991 Honda CRX 2-door registered to Israel SANTIAGO-LUGO.
Appraised Value: $6,137.00

Exhibit N-15 - 1990 Volvo 4-door registered to Israel SANTIAGO-Lugo.
Appraised Value: $36,500.00

Exhibit N-16 - 1989 Ford Van E-250 Cargo Van registered to Israel SANTIAGO-Lugo.
Appraised Value: $7,900.00

Exhibit N-17 - 1993 Mitsubishi Galant 4-door registered to Orlando SANTIAGO-Perez.
Appraised Value: $20,000.00

Exhibit N-18 - 1992 Mitsubishi Montero SR 4-door registered to Israel SANTIAGO-Lugo.
Appraised Value: $22,986.00

Exhibit N-19 - 1992 SEA-DOO Bombardier Jet Ski/XP with trailer.
Appraised Value: $5,000.00

Exhibit N-20 - 1992 Mercedes Benz 500 SL 2-door Coupe registered to Israel SANTIAGO-Lugo.
Appraised Value: $165,000.00

Exhibit N-21 - one Paine Weber Investment Account Number JX01758-01.
Estimated Value: $304,749.00
This account was administratively seized by DEA

Exhibit N-22 - one rural lot number 4001, together with a Texaco Gasoline Station located at Road 159 and Road 164, Barrio Palmarejo, Corozal, Puerto Rico, with all contents.
Appraised Value: $4,500,000.00

**INDEXING SECTION:**

1. SANTIAGO-Lugo, Israel; NADDIS 3155158
2. 
3. IMO INVESTMENT; NADDIS Negative. Business owned by Israel SANTIAGO-Lugo.
3496677

DEA Form - 6a (May 1982)  DEA SENSITIVE  DRUG ENFORCEMENT ADMINISTRATION
00000613

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Puerto Rico

| UNITED STATES OF AMERICA | ) | SECOND |
|---|---|---|
| v. | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
| ISRAEL SANTIAGO-LUGO | ) | Case Number: 3: CR. 95-0029-01 (ADC) |
| | ) | USM Number: 10947-069 |
| Date of Original Judgment: 8/1/1996 | ) | ERIC MORALES & HUMBERTO RAMIREZ, ESQS. |
| (Or Date of Last Amended Judgment) | ) | Defendant's Attorney |

Reason for Amendment:
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☒ Correction of Sentence for Order of Forfeiture and Money Judgment

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☒ was found guilty on count(s) Two (2), Four (4) through Forty-five (45), Forty-eight (48) through Fifty (50). after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18: USC § 1957 & § 2 | Engaging in monetary transactions in property derived... | 05/27/1993 | 2, 4-14, 16-30 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) One (1) & Three (3) ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/10/2019 Nunc Pro Tunc to 4/17/1996.
Date of Imposition of Judgment

S/Aida M. Delgado-Colón
Signature of Judge

Aida M. Delgado-Colón    U.S. District Judge
Name and Title of Judge

10/10/2019
Date

---

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21: USC § 848 | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |
| 21: USC § 841(a)(1) | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |
| 21: USC § 853 | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |
| 18: USC § 982 | Criminal Forfeiture | 6/7/1995 | 48, 49, 50 |

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Life sentence, as to Count Two (2) and ten (10) years as to Counts 4-14, 16-30, 32-36, 38-45, to be served concurrently with each other.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Five (5) years as to Count 2 and three (3) years as to remaining counts, to be served concurrently with each other.

### MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)
7. ☐ You must participate in an approved program for domestic violence. (check if applicable)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

3. The defendant shall refrain from the unlawful use of controlled substances and submit to a drug test within fifteen (15) days of release, and thereafter submit to random drug testing, no less than three (3) samples during the supervision period and not to exceed 104 samples per year under the coordination of the U.S. Probation Officer. If any such samples detect substance abuse, the defendant shall participate in an in-patient or out-patient substance abuse treatment program, for evaluation and/or treatment, as arranged by the U.S. Probation Officer until duly discharged. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the U.S. Probation Officer based on the ability to pay or availability of third party payment.

4. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.

5. The defendant shall provide to the U.S. Probation Officer evidence to the effect that income tax returns have been duly filed with the Commonwealth of Puerto Rico Department of Treasury, as required by law.

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 2,100.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| [redacted] | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
  ☐ the interest requirement is waived for  ☐ fine  ☐ restitution.
  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

---

DEFENDANT: ISRAEL SANTIAGO-LUGO
CASE NUMBER: 3: CR. 95-0029-01 (ADC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 2,100.00 due immediately, balance due
  ☐ not later than _____, or
  ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
[redacted]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

OIPC-1
(REV 3-89)

1 of 6

DLA93M1097
DLA93M1098
DLA93M1099
DLA93M1100
DLA93M1101

EN EL NOMBRE Y POR LA AUTORIDAD DE "EL PUEBLO DE PUERTO RICO"

EL PUEBLO DE PUERTO RICO

CRIMINAL NUM. DLA93M1101

VS.
1. ISRAEL SANTIAGO LUGO
2. ANDRES COLON MIRANDA
3. WILFREDO MARTINEZ MATTA
4. MARCOS HIDALGO MELENDEZ
5. NELSON ORTIZ BAEZ

POR: INF. ART. 6, LEY DE ARMAS
(Delito)

☐ Delito Grave    ☒ Delito Menos Grave

El fiscal formula acusación contra ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ,
(Nombre del Acusado)
residente en 1. CALLE IBISA #72, URB. LOS PAREOS, RIO PIEDRAS, P. R. 2. CALLE 15, Q-12, RIVER VIEW, BAYAMON, P. R. 3. BO. GUARAGUAO, CERCA BDA. JUAN SANCHEZ, GUAYNABO, P. R. 4. CALLE G-19, URB. BRASILIA, VEGA BAJA, P. R. 5. CALLE 14, P-14, RIVER VIEW, BAYAMON, P. R.
(Calle, Número, Barrio, y Pueblo)

Por el delito de INF. ART. 6, LEY DE ARMAS

Cometido de la manera siguiente:

Allá en o para el día 01 de diciembre de 1993 y en Levittown, Toa Baja, P. R., que forma parte del Tribunal Superior de P. R., Sala de Bayamón, P. R., los referidos acusados ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ, ilegal, voluntaria, maliciosa y criminalmente, actuando de concierto y común acuerdo entre sí, tenían en su posesión y dominio un arma de fuego mortífera, la cual se describe a continuación, sin haber obtenido previamente una licencia a esos efectos expedida por las autoridades pertinentes, siendo la misma un arma de fuego mortífera con la cual se puede causar grave daño corporal. DICHA ARMA DE FUEGO SE DESCRIBE COMO SIGUE: PISTOLA MARCA SIG SAWER, CAL. 9MM., DE COLOR NEGRA, SERIE NUM. U183590.

Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de "El Pueblo de Puerto Rico".

MARIA L. COLON GUERRA #7118
Fiscal

La acusación que antecede está basada en Causa Probable determinada por un magistrado.

☐ • Según lo dispuesto por la Regla de Procedimiento Criminal Núm. 23, estableciendo al procedimiento sobre Vista Preliminar, conforme la situación que al dorso de ésta acusación se expresa;

☐ Conforme a la ley y en testimonio de testigos examinados bajo juramento ante dicho magistrado creyendo solemnemente que existe Justa Causa para presentarla al Tribunal.

Fiscal

Jurado y firmado ante mí, hoy 29 de diciembre de 19 93.

Secretario del Tribunal

Márquese con una (X) el encasillado correspondiente al dorso de esta acusación.

Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL SUPERIOR
Sala de Bayamón
Salón de Sesiones 601

| | |
|---|---|
| EL PUEBLO DE PUERTO RICO | Crim. Núm. D LA93M1072 al D LA93M1101 |
| vs. | |
| ISRAEL SANTIAGO LUGO<br>ANDRES COLON MIRANDA<br>WILFREDO MARTINEZ MATTA<br>MARCOS HIDALGO MELENDEZ<br>NELSON ORTIZ BAEZ | Por: INF. ART. 6, ARMAS 15c<br>INF. ART. 9, ARMAS (15c), |

M I N U T A

Llamados los presentes casos en el día de hoy para el acto de Lectura de Acusación, comparecen los co-acusados ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA Y NELSON ORTIZ BAEZ representados únicamente para este acto por el Lic. Arnaldo Rolón Rodríguez. No comparecen los co-acusados ISRAEL SANTIAGO LUGO Y MARCOS HIDALGO MELENDEZ. Comparece el Ministerio Público representado por el Fiscal Hamlet C. Castrodad Rivera.

El Lic. Rolón Rodríguez hace constar que el abogado de Andrés Colón Miranda es el Lic. Héctor Grau quien le solicitó que lo sustituyera en este acto y el abogado de Wilfredo Martínez Matta y Nelson Ortíz Báez es la Lic. Jane Hoffman, quien tambien le solicitó la sustituyera en este acto.

A preguntas del Tribunal informa el alguacil de sala que Israel Santiago Lugo no tiene el diligenciamiento de la citación expedida. En cuanto a Marcos Hidalgo Meléndez según el diligenciamiento no existe la Calle G. Se visitó la Casa G-19, pero se informó que el acusado no residen en dicho lugar.

Informa el Lic. Rolón Rodríguez que aparentemente se determinó no causa en Vista Preliminar en cuanto al caso grave que se le imputa a Marcos Hidalgo Meléndez.

El Tribunal concede un turno posterior en cuanto a Israel Santiago Lugo.

El Lic. Rolón Rodríguez hace constar que la Vista Preliminar de los casos graves relacionados con los de epígrafe están señalados para el 18 de enero de 1994 en la Sala 401. Solicita la posposición de los casos de epígrafe para dicha fecha con la anuencia de sus respectivos abogados de récord.

El Tribunal accede a la solicitud de la defensa y reseñala el acto de lectura de acusación en cuanto a ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA Y NELSON ORTIZ BAEZ para el __18 de enero de 1994, a las 8:30 a.m.__

EL Tribunal instruye a los acusados que el 18 de enero de 1994 tienen que comparecer a la Sala 601 y a la Sala 401.

El Tribunal ordena se le notifique del señalamiento al Lic. Héctor Grau y a la Lic. Jane Hoffman.

En cuanto a MARCOS HIDALGO MELENDEZ, informa el alguacil de sala que no fue citado personalmente para el día de hoy, por razón de no existir la Calle G.

C O N T I N U A

CONT. PAG. 2
ISRAEL SANTIAGO LUGO Y OTROS
13 DE ENERO DE 1994

EL Tribunal ordena al Ministerio Público suministre la dirección correcta del co-acusado MARCOS HIDALGO MELENDEZ y proceder a citarlo Ordena al alguacil de sala verifique en Vista Preliminar el 18 de enero de 1994 si comparece el acusado y lo traiga a esta sala. De no comparecer se utilizará el mecanismo de citarlo a la dirección que suministre el Fiscal.

Se reseñala el acto de lectura de acusación en cuanto a MARCOS HIDALGO MELENDEZ para el día <u>18 de enero de 1994, a las 8:30 a.m.</u>

En cuanto al co-acusado ISRAEL SANTIAGO LUGO informa el alguacil de sala que según le informó la secretaria de citaciones no surge que la División de Citaciones haya recibido la citación para diligenciarla.

El Tribunal ordena se expida citación <u>urgente</u> al co-acusado ISRAEL SANTIAGO LUGO y se le notifique la misma a los alguaciles de San Juan para que la diligencien personalmente y se reseñala el acto de lectura de acusación contra el acusado ISRAEL SANTIAGO LUGO para el <u>18 de enero de 1994, a las 8:30 a.m.</u>

El Tribunal ordena al alguacil de sala que esté pendiente el 18 de enero de 1994 si el acusado Israel Santiago Lugo comparece a Vista Preliminar al Salón de Sesiones <u>401</u>, de modo que si comparece se traiga a esta sala.

A preguntas del Tribunal el Ministerio Público hace constar que surge de la acusación que la dirección del acusado ISRAEL SANTIAGO LUGO es Calle IBISA #72, Urb. Los Pareos, Río Piedras, Puerto Rico y la Urbanización que conoce es Los Paseos.

Acusados citados en corte abierta: ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA y NELSON ORTIZ BAEZ.

CITESE A ISRAEL SANTIAGO LUGO Y MARCOS HIDALGO MELENDEZ, PERSONALMENTE.

c/c: Fiscalía de Distrito
Lic. Héctor Grau, Lic. Jane Hoffman

bro Minuta
mbre Juez: <u>Rafael Benítez Díaz</u>

mbre Taq.: <u>Vicenta Concepción</u>

nuta Crim. (Trib. Sup. y Dtto.)
1.T. 858 (rev. julio 1975)

Nombre Alg. <u>Miguel Dilán</u>
Certifico: <u>Moisés Cotto Villanueva</u>
                           Secretario
Por: Yolanda [signature] Cardona
           Sec. Serv. a/Sala
Fecha: <u>13 de enero de 1994</u>

Cont. Pag. Núm. 2
SRAEL SANTIAGO LUGO
ANDRES COLON MIRANDA
WILFREDO MARTINEZ MATTA
MARCOS HIDALGO MELENDEZ
NELSON ORTIZ BAEZ

Se señala el acto de juicio para el día **23 de marzo de 1994, a las 8:30 a.m.**, en el salón de sesiones 601 para que sean consolidados con los casos graves, de determinarse causa en los mismos.

Quedan los imputados citados en corte abierta, su abogado notificado.

NO CITESE LA PRUEBA DE CARGO.

Notifíquese a la Lcda. Jane Hofman Mourino y Marcelino Ruiz Corujo.

El Tribunal apercibe a los imputados que han quedado citados en corte abierta, por lo que de no comparecer en la fecha y hora señalados y no tener razón que justifique su incomparecencia, los procedimientos continuarán en su ausencia hasta el pronunciamiento de sentencia, de resultar culpable.

El Tribunal orienta a los co-acusados ANDRES COLON MIRANDA, MARCOS HIDALGO MELENDEZ Y WILFREDO MARTINEZ MATTA para que le hagan llegar a sus respectivos abogados copias de las acusaciones.

El Tribunal orienta al co-acusado MARCOS HIDALGO MARTINEZ que está citado para comparecer el **23 de marzo a la Sala 601.**

Informa el Alguacil que el co-acusado ISRAEL SANTIAGO LUGO fue citado para hoy y no ha comparecido.

El Tribunal ordena su arresto de día o de noche por Desacato con $10,000.00 de fianza. Dicha Orden debe de ser diligenciada por los Alguaciles. Se dispone que se localice la fianza, se una al expediente y se cite al Fiador para que produzca al acusado o muestre causa por la cual no deba de decretarse la confizcación de la fianza. El 23 de marzo deberá de comparecer el Alguacil a cargo de diligenciar la Orden para que informe las gestiones que realizó para arrestar al acusado.

El Lcdo. Héctor Grau hace constar que en determinación de causa para el arresto, éste acusado compareció asistido por dos abogados y no hubo casua por ninguno de los delitos, tampoco estuvo en Vista Preliminar. Añade que en el caso del co-acusado Marcos Hidalgo Meléndez la prueba fue similar y en cuanto a éste sí hubo causa.

A petición del Fiscal, el Tribunal llamará este caso en un turno posterior para verificar en el expediente de la Fiscalía.

***** ** *****

ISRAEL SANTIAGO LUGO
NDRES COLON MIRANDA
WILFREDO MARTINEZ MATTA
MARCOS HIDALGO MELENDEZ
NELSON ORTIZ BAEZ

Llamado el caso nuevamente, informa el Fiscal Beltrán que la información suministrada por el licenciado Grau en relación al co-acusado RAUL SANTIAGO LUGO es correcta. En la determinación de causa para el arresto ante la Hon. Juez Awilda Mejías no hubo

causa para el arresto en tres (3) cargos por Infr. Art. 9 L.A. y tres (3) cargos por Infr. Art. 6 L.A., por lo tanto el Fiscal no está autorizado para radicar las acusaciones, por lo que se solicita la desestimación por la Regla 64-I.

A petición del Fiscal, el Tribunal decreta la desestimación de las acusaciones contra ISRAEL SANTIAGO LUGO al amparo de la Regla 64-I de Procedimiento Criminal por no tener autoridad el Fiscal para radicar las acusaciones.

CC Fiscal, 7 de febrero de 1994.

Libro de Minutas: Febrero 1994
Hon.Juez: AHMED ARROYO PEREZ
Taquígrafo: MARIA DEL C. SERRANO

Alguacil: Andres Rivera
Certifico: MOISES COTTO VILLANUEVA
                                    Secretario
Por: R. Rivera Taraza
Secretaria Servicios a Sala

Fecha: 3 de febrero de 1994

(Transc.) 7 feb. 1994.

Minuta Criminal (Tribunal Superior y Distrito)
O.A.T. 858 (rev. julio/75)

OIPC-1
(REV. 3-89)

1) LAG3M 1087 Exhibit #3
1) LAG3M 1088    6 of 6
1) LAG3M 1089

EN EL NOMBRE Y POR LA AUTORIDAD DE "EL PUEBLO DE PUERTO RICO"

1) LAG3M 1090
EL PUEBLO DE PUERTO RICO     CRIMINAL NUM. D LAG3M 1091

VS.                                   POR: INF. ART. 9, LEY DE ARMAS
1. ISRAEL SANTIAGO LUGO                            (Delito)
2. ANDRES COLON MIRANDA
3. WILFREDO MARTINEZ MATTA
4. MARCOS HIDALGO MELENDEZ           ☐ Delito Grave    ☒ Delito Menos Grave
5. NELSON ORTIZ BAEZ

El fiscal formula acusación contra ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ
1. CALLE IBISA #72, URB. LOS PAREOS, RIO PIEDRAS, P. R. (Nombre del Acusado) 2. CALLE 15, Q-12, RIVER VIEW, BAYAMON, P. R. 3. BO. GUARAGUAO, CERCA BDA. JUAN SANCHEZ, GUAYNABO, P. R. 4. CALLE G-19, URB. BRASILIA, VEGA residente en BAJA, P. R. 5. CALLE 14, P-14, RIVER VIEW, BAYAMON, P. R.
(Calle, Número, Barrio, y Pueblo)

Por el delito de ____ INF. ART. 9, LEY DE ARMAS

Cometido de la manera siguiente:

Allá en o para el día 01 de diciembre de 1993 y en Levittown, Toa Baja, P. R., que forma parte del Tribunal Superior de P. R., Sala de Bayamón, P. R., los referidos acusados ISRAEL SANTIAGO LUGO, ANDRES COLON MIRANDA, WILFREDO MARTINEZ MATTA, MARCOS HIDALGO MELENDEZ Y NELSON ORTIZ BAEZ, ilegal, voluntaria, maliciosa y criminalmente, actuando de concierto y común acuerdo entre sí, tenían en su posesión y dominio un magazine de los estrictamente prohibidos por la Ley de Armas de Puerto Rico, sin autorización de ley para ello. DICHO MAGAZINE SE DESCRIBE COMO SIGUE: MAGAZINE DE AMETRALLETA, CALIBRE 380, CARGADO.

este hecho es contrario a la ley para tal caso previsto y a la paz y dignidad de "El Pueblo de Puerto Rico".

MARIA L. COLON GUERRA #7118
Fiscal

La acusación que antecede está basada en Causa Probable determinada por un magistrado.

☐ • Según lo dispuesto por la Regla de Procedimiento Criminal Núm. 23, estableciendo el procedimiento sobre Vista Preliminar, conforme la situación que al dorso de ésta acusación se expresa;

☐ Conforme a la ley y en testimonio de testigos examinados bajo juramento ante dicho magistrado creyendo solemnemente que existe Justa Causa para presentarla al Tribunal.

Fiscal

Jurado y firmado ante mi, hoy 29 de diciembre de 19 93

Ada Nieves Muller
Secretario del Tribunal

*Marquese con una (X) el encasillado correspondiente al dorso de esta acusación.

U.S. Department of Justice
Drug Enforcement Administration

EXHIBIT # 4

## ...T OF INVESTIGATION

Page 1

| 1. PROGRAM CODE | 2. CROSS FILE | RELATED FILES | 3. FILE NO. G5-93-0048 | 4. G-DEP IDENTIFIER |
|---|---|---|---|---|
| 5. BY AT: Enforcement Group 1 San Juan, Puerto Rico | | | 6. FILE TITLE SANTIAGO-Lugo, Israel | |
| 7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By: | | | 8. DATE PREPARED March 1, 1994 | |

9. OTHER OFFICERS:
Puerto Rico Police Department Agent

10. REPORT RE:
Arrest of Israel SANTIAGO-Lugo by Puerto Rico Police Department on December 1, 1993.

DETAILS:

1. On December 1, 1993, Israel SANTIAGO-Lugo, ▓▓▓▓▓ were arrested by the Puerto Rico Police Department (PRPD), Livittown Precinct, in possession of two 9MM semi-automatics, one AR-15 semi-automatic rifle and two machine guns. An anonymous caller had notified the Levittown station that five individuals were seen with guns in three vehicles driving to a bar located on Avenida Boulevard in Levittown, Puerto Rico.

2. Two of the vehicles, a 1992 Mitsubishi Montero and a 1992 Mitsubishi Diamante, were reported stolen and were impounded at the Levittown station. The third vehicle, a 1987 Nisan 300ZX, was also impounded and seized by ▓▓▓▓▓ on January 13, 1994, for administrative seizure.

3. On December 2, 1993, ▓▓▓▓▓ and ▓▓▓▓▓ met Bureau of Alcohol, Tabacco and Firearms ▓▓▓▓▓ at the Levittown station where they were informed by the arresting officers that ▓▓▓▓▓ were charged locally with Possession of Firearms and Possession of Stolen Vehicles. SANTIAGO was not charged locally with Possession of Firearms due to his lack of proximity to the firearms at the time of arrest. However, ▓▓▓▓▓ stated SANTIAGO could be charged with a federal firearms violation based on the information received from the arresting officers. S/A ▓▓▓▓▓ will continue to monitor this case for final local court disposition of the above mentioned arrestees and possible ATF charges of SANTIAGO.

INDEXING SECTION:

1. SANTIAGO-Lugo, Israel; NADDIS 3155158.

| 11. DISTRIBUTION: MFD/DIG | | 13. DATE 3/28/94 |
|---|---|---|
| REGION | | |
| DISTRICT | | 15. DATE 3/28/94 |
| OTHER NPSS, NKSI | | |

DEA Form - 6
(May 1980)

DEA SENSITIVE
DRUG ENFORCEMENT ADMINISTRATION

0000CCC▓

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition may be used.

1

# REPORT OF INVESTIGATION

Page 1 of 1

1. **PROGRAM CODE:** (b)(7)(C),(b)(7)(F)
2. **CROSS FILE / RELATED FILES:** 05-93-X010
3. **FILE NO.:** 05-93-0048
4. **G-DEP IDENTIFIER:** (b)(7)(E)
5. **BY:** S/A
   **AT:** Enforcement Group 1, San Juan, Puerto Rico
6. **FILE TITLE:** SANTIAGO-Lugo, Israel
7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By:
8. **DATE PREPARED:** April 1, 1994
9. **OTHER OFFICERS:**

10. **REPORT RE:**
Case Status: Civil Pending.

## DETAILS:

1. On March 15, 1994, U.S. District Judge Jaime Pieras Jr. ruled that the government had probable cause on August 17, 1993, to seize the real properties and assets of Israel SANTIAGO-Lugo and Colenia REYES-Padilla. The Court found that the evidence presented during the probable cause hearing on February 28, 1994, established money laundering and proceeds traceable to illegal controlled substances.

2. A civil trial date of December 12, 1994 has been scheduled for case number 93-1955 (JP).

3. S/A (b)(7)(C),(b) will continue to investigate for Controlled Substance Act violations, money laundering and firearms violations along with the Internal Revenue Service/Criminal Investigation Division and the Bureau of Alcohol, Tobacco and Firearms.

## INDEXING SECTION:

1. SANTIAGO-Lugo, Israel; NADDIS 3155158.

2. REYES-Padilla, Colenia; NADDIS 3279448.

11. **DISTRIBUTION:** MFD/DIG
    **REGION:**
    **DISTRICT:**
    **OTHER:** EPSS, NISI
    (b)(7)(C),(b)(7)(F)
12. **DATE:** 4/1/14
13. **DATE:** 4/1/14

DEA Form - 6 (May 1982)

DEA SENSITIVE
DRUG ENFORCEMENT ADMINISTRATION
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition may be used.

3