UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY (PREPA),

Debtor,
---------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 03283-LTS

## LIFT STAY NOTICE

**(i) The identity of the movant and its contact information;**

Movant: Carla Molina Barrios by herself and in representation of her son Yariel Tolentino Molina, through their attorney.

CONTACT INFORMATION:

| | |
|---|---|
| Richard Schell Asad, Esq. | José Carreras Pérez, Esq. |
| 171 Av. Carlos Chardón | 171 Av. Carlos Chardón |
| Suite 301 | Suite 301 |
| San Juan, Puerto Rico 00918 | San Juan, Puerto Rico 00918 |
| Tel. (787)626-1124 | Tel. (787)626-1124 |
| Cel. (787)559-2712 | Cel. (787)448-6530 |
| E-mail: rschellasad@aol.com | E-mail: jmcarreras2002@yahoo.com |

**(ii) The claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information;**

Lawsuit Caption: Carla Molina Barrios et al. v. Commonwealth of Puerto Rico et al., Civil No: N3CI201200011 filed before the Court of First Instance of the Commonwealth of Puerto Rico, Rio Grande Part. See Exhibit 1.

Plaintiff: Carla Molina Barrios Carla Molina Barrios by herself and in representation of her son Yariel Tolentino

Defendant subject to stay: Commonwealth of Puerto Rico

On October 20, 2011, at about 12:30 p.m., Yariel Tolentino Molina, an eighth grader at the Lola Millán Orellano School in Rio Grande, was walking around the school grounds while enjoying his break.

As he passed by the school's lobby, he slipped and fell, receiving heavy blows and contusions throughout his body, but particularly in his lumbosacral area. The fall resulted from the fact that the area was wet due to beach coolers that had been placed by graduating class students during regular fundraising activities in the area. This with the consent of the school board. Once the activity was over, no school personnel cleaned or collected the area used by the graduating class.

Due to the continuous and intense pain in the child's back, his mother, the plaintiff, Carla Molina Barrios, was later required to take her son to the Emergency Room of the Rio Grande Diagnostic and Treatment Center also known as Integrated Emergency Medical Service and Management, Inc. where he had x-rays taken and diagnosed with trauma to his back .

As a result, Yariel had to stay in bed for several days. In addition, it has resulted in a partial and permanent physical disability, which has prevented him from performing daily and recreational activities.

**(iii) The asserted cause of action**

As a result of the negligence caused by the defendants, the minor Yariel Tolentino Molina suffered severe injuries and trauma throughout his body, particularly his back. In addition, Yariel suffered intense mental anguish.

**(iv)Status of the underlying claim(s), lawsuit(s), or proceeding(s);**

The parties agreed to settle the lawsuit, with the Commonwealth of Puerto Rico paying the sum of FIVE THOUSAND DOLLARS ($5,000.00) as total compensation for all damages

suffered by the plaintiff in the alleged incident and/or accident. See Exhibit 2. Additionally, a proof of claim has been filed. See Exhibit 3.

### (v) Cause as to why the stay should be lifted;

Movant in this case are seeking to lift the automatic stay for the unique purpose of enforcing a financial debt claim.

*Automatic Stay*

It is well established that the automatic stay is the most basic protection afforded by a bankruptcy. *Midatlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 594, 503 (1986.) The intent of the automatic stay is to provide breathing room to the debtor by halting collection efforts. *In re Soares,* 107 F. 3d 969, 976 (CA1 1997). Such automatic stay, however, is not all-encompassing.

In the case of *Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.*, 217 F. Supp. 3d 508, 517 (1st Cir. 2016), and in view of the fact that PROMESA does not define what constitutes cause for purposes of prevailing in a request for relief from the automatic stay, the First Circuit Court of Appeals established the governing standard for vacating the automatic stay "for cause" in the context of PROMESA. Specifically, the First Circuit held that, notwithstanding the actual necessity of the stay to address an imminent fiscal crisis, Congress anticipated that "certain circumstances might justify relief from the stay's significant and rigid effects. It therefore included a form of safety valve in section 405(e) of PROMESA to allow certain holders of liability claims against the Government of Puerto Rico to proceed with their actions, provided that they could effectively demonstrate "cause" for doing so".

Section 362 (d)(1) of the Bankruptcy Code, 11 USC § 362(d)(1), establishes:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause,

including the lack of adequate protection of an interest in property of such party in interest.

The Bankruptcy Court in the PROMESA case has already established that Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the automatic stay, courts examine numerous factors, including those set forth in *Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280 (2d Cir. 1990).3 See *Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax, at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.,* 369 B.R. 87, 94-5 (D.P.R. 2007)).

The twelve factors adopted by the Second Circuit in Sonnax are:

(1) Whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) Whether the other proceeding involves the debtor as a fiduciary;
(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) Whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) Whether litigation in another forum would prejudice the interests of other creditors;
(8) Whether the judgment claim arising from the other action is subject to equitable subordination;
(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) The interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceedings; and
(12) Impact of the stay on the parties and the balance of harms.

See In *re Sonnax Indus., Inc.*, 907 F.2d at 1286.

In the end, however, the process of evaluating whether there is sufficient "cause" to vacate the automatic stay in bankruptcy cases requires the court to engage in an equitable, case-by-case balancing of the various harms at stake. See, e.g., *Peerless Ins. Co. v. Rivera*, 208 B.R. 313, 315 (D.R.I. 1997) (suggesting that cause generally exists "when the harm that

would result from a continuation of the stay would outweigh any harm that might be suffered by the debtor . . . if the stay is lifted."); *In re Robinson*, 169 B.R. 356, 359 (E.D. Va. 1994) (noting that, "in deciding whether 'cause' has been shown, the bankruptcy court must balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor" if it is.); *In re Turner*, 161 B.R. 1, 3 (Bankr. D. Me. 1993) ("Cause may exist for lifting the stay whenever the stay harms the creditor and lifting the stay will not unduly harm the debtor."); *In re Harris*, 85 B.R. 858, 860 (Bankr. D. Colo. 1988) (holding that vacating the automatic stay is appropriate where "no great prejudice will result to the debtor" and "the hardship to the creditor resulting by continuing the stay considerably outweighs the hardship to the debtor by modification of the stay."); *In re Opelika Mfg. Corp.*, 66 B.R. 444, 448 (Bankr. N.D. Ill. 1986) ("Cause to lift the stay exists when the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors.")

### *Movants ultimate Intention*

The present case has already been settled by the parties for the amount of five thousand dollars $(5,000.00). Additionally, the expenditure for the resolution of the case is not to be considered, as it has been settled. Based on the lack of economic significance (in comparison with the billions sought by the bondholders) of the amount agreed upon in the settlement, the relief of the automatic stay is not of great prejudice to the debtor. On the other hand, the creditor has been subject to the frustration and hardship of not being able to access to funds for many years. Specially given current events, the inaccessibility of the moneys owed have added to the economic affliction of the creditor. Thus, considering the impact of stay on the creditor, the continuance of the stay would create a hardship that outweighs, significantly, the hardship caused to the debtor and will not unjustly harm the debtor or other creditors.

Movants have established cause that justify the relief of the automatic stay in the Title III case of PREPA.

**WHEREFORE**, Movant plaintiff respectfully pray to the Oversight Board to consent to this request for relief from the automatic stay and enforce the financial debt claim proceeding from the settlement for the case of Carla Molina Barrios et al. v. Commonwealth of Puerto Rico et al., Civil No: N3CI201200011.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this 28 of October 2020.

*s/Richard Schell Asad*

Richard Schell Asad - USDC-PR No. 122307
Attorney for Plaintiff
#171 Chardon Ave., Suite 301
San Juan, PR 00918
Tel: (787) 626-1124; (787) 559-2712
e-mail: rschellasad@aol.com

Jose M. Carreras Perez, Esq. - USDC-PR No. 212403
171 Av. Carlos Chardon
Suite 301
San Juan, Puerto Rico 00918
Tel. (787)626-1124
Cel. (787)448-6530
E-mail: jmcarreras2002@yahoo.com