**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE RIO GRANDE**

| | |
|---|---|
| CARLA MOLINA BARRIOS | CIVIL NUM. N3CI2012-000011 |
| Demandante | |
| v. | SOBRE: |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS | |
| Demandados | DAÑOS Y PERJUICIOS |

## ESTIPULACIÓN DE SENTENCIA POR TRANSACCIÓN SUJETA A AUTORIZACIÓN JUDICIAL

**AL HONORABLE TRIBUNAL:**

COMPARECEN las partes en el caso de referencia, representadas por sus respectivos abogados y muy respetuosamente **EXPONEN, ALEGAN Y SOLICITAN:**

1. Las partes co-demandadas, **Estado Libre Asociado de Puerto Rico**, el **Departamento de Educación y Autoridad de Edificios Publicos representado por Mapfre Praico Insurance**, y la parte demandante Carla Molina Barrios, por sí y en representación de su hijo menor, Yariel Tolentino Medina, han acordado transigir la presente reclamación.

2. Las partes co-demandadas pagarán, a la parte demandante la suma de quince mil dólares ($10,000.00). Dicha cantidad será pagada de la siguiente manera:

   a. Autoridad de Edificios Publicos representado por Mapfre Praico Insurance pagará cinco mil dólares ($5,000.00).

   b. Estado Libre Asociado de Puerto Rico en representación de la Agencia denominada el Departamento de Educación pagará cinco mil dólares ($5,000.00).

3. La parte demandante acepta esta cantidad por todos los hechos por dicha parte alegados en la demanda, así como todos aquellos alegados daños y perjuicios que hubiera sufrido, o que pudieran sufrir en lo sucesivo los co-demandantes, como consecuencia de dichos hechos, estén o no alegados en la demanda.

Exhibit 2

Estipulación de Sentencia por Transacción

4. Dicha suma será consignada en el Tribunal, y la suma previamente mencionada será solo para el menor. Esta estipulación está sujeta a una autorización judicial, de no aprobarse en la vista de autorización judicial la cantidad que la parte demandante escogiere para el menor, Yariel Tolentino Medina, y no poderse completar la transacción por la totalidad de diez mil dólares ($10,000.00), los codemandados por conducto del Departamento de Educación y Autoridad de Edificios Públicos procederán entonces a retirar la oferta y solicitar la vista en sus méritos.

5. Una vez aprobada por el Honorable Tribunal la transacción antes mencionada, la parte demandante desistirá con perjuicio de su causa de acción.

6. Mediante el pago por la parte codemandada y la aceptación por la parte demandante de la suma ofrecida en la transacción, la parte demandante, desiste con perjuicio de todas las reclamaciones pasadas, presentes y futuras que pudiera tener contra los codemandados, como consecuencia de los referidos hechos y da por terminado este pleito con perjuicio.

7. No deberá entenderse esta transacción como admisión de responsabilidad y/o negligencia alguna por parte de los co-demandados.

8. La cantidad será consignada mediante moción presentada a esos efectos por la parte demandada, una vez dictada la sentencia y la parte demandante cumpla con los requisitos exigibles para el pago por medio de la Ley 66-2014.

9. En virtud de lo anterior, las partes han convenido y estipulado transigir por la cantidad total de diez mil dólares ($10,000.00), la cual será pagada de la manera indicada en el inciso 2.

10. Para la tramitación del pago ante el Departamento de Hacienda es requisito que la parte demandante provea lo siguiente: **Certificación Negativa de Deuda ante el Departamento de Hacienda, Certificación Negativa del CRIM y Certificación Negativa de ASUME.**

11. De haber alguna deuda pendiente con cualesquiera de las tres agencias mencionadas, el monto se deducirá del pago y se remitirá a la agencia adeudada. De existir deudas pendientes de pago con más de una de las agencias mencionadas, el orden de prelación se determinará por las disposiciones legales aplicables del Código Civil. Si subsistiera

Estipulación de Sentencia por Tr[  ]ucción

12. Estipulan las partes que el pago de la suma arriba indicada no se interpretará como admisión de responsabilidad de las partes demandadas en relación con los referidos hechos. La parte demandada sostiene, que el pago arriba indicado se realiza estrictamente de parte de éstas como una decisión de negocio.

13. En consideración a los anteriores acuerdos, por medio de la presente estipulación, las partes aquí firmantes mutuamente se relevan, exoneran y descargan irrevocable, incondicionalmente y para siempre entre sí, así como a sus respectivos oficiales, directores, accionistas, agentes, empleados, representantes, abogados, corporación(es) matriz(ces), corporaciones subsidiarias, afiliadas o relacionadas, aseguradores, garantizadores, fiadores, predecesores, sucesores y cesionarios por cualesquiera causas de acción, daños líquidos, penalidades o reclamaciones a que pudieran tener derecho, si alguna, bajo las disposiciones de cualquier ley y/o reglamento y/o bajo cualquier fuente de obligación o responsabilidad, expresa o implícita, civil o criminal, si alguna, conocida o desconocida, alegadas o no, pasadas, presentes o futuras, en contra de cada cual con relación a los hechos relacionados en la Demanda de epígrafe, las negociaciones que dan margen a esta Estipulación Transaccional, y/o relacionados de cualquier forma o manera con los incidentes que dieron margen a la disputa objeto de esta Estipulación Transaccional. Este relevo de responsabilidad es total y absoluto y las partes entienden y reconocen que el mismo tiene efecto de res judicata para todos los propósitos y fines legales pertinentes.

14. Este Acuerdo Transaccional es la expresión final de todo acuerdo entre las partes. Este acuerdo no puede ser enmendado o modificado verbalmente, excepto por escrito y con la firma de todas las partes concernidas.

15. El hecho de que una parte de este Acuerdo sea declarada nula, ilegal o de otra forma inválida, no invalidará la totalidad del mismo. Las demás partes de dicho Acuerdo quedarán vigentes con toda su fuerza y efecto.

16. Las partes convienen que la Sentencia que dicte este Honorable Tribunal en virtud de la presente Estipulación Transaccional sea final, firme e inapelable en el momento en que se dicte, sin imposición de intereses, costas, gastos ni honorarios de abogado.

sobrante, el mismo se consignará por medio de moción ante la Secretaría de la Sala del Tribunal correspondiente.

**POR TODO LO CUAL**, muy respetuosamente las partes solicitan del Honorable Tribunal que imparta su aprobación a la presente estipulación, sujeta a la autorización judicial correspondiente, dicte sentencia final disponiendo el pago de la suma total de **Diez Mil Dólares** ($10,000.00) por la parte demandada (cinco mil dólares el Estado Libre Asociado de Puerto Rico y cinco mil dólares la Autoridad de Edificios Publicos representado por Mapfre Praico Insurance) a la parte demandante, sin imposición de costas, intereses, gastos ni honorarios de abogados y se archive el caso **CON PERJUICIO**.

**RESPETUOSAMENTE PRESENTADO.**

En San Juan para San Juan, Puerto Rico a 15 de enero de 2015.

Representante legal de la parte demandante                Representantes legales de los demandados

*[firma]*                                                 **CESAR R. MIRANDA RODRIGUEZ**
                                                          Secretario de Justicia

**Lic. Jose M Carreras Perez**                            **MARTA ELISA GONZÁLEZ Y.**
Col. Núm 12,342 / RUA Núm 11,043                          Secretaria Auxiliar de lo Civil
Troncoso & Shell
#245 calle San José St. Piso 3                            *[firma]*
Antiguo Edif. El Mundo                                    **WANDA RAICES ROMAN**
Viejo San Juan, PR 00901                                  **Directora Asuntos Legales**

                                                          *[firma]*
                                                          **IRIS M VIZCARRONDO GUERRA**
                                                          R.U.A. 18264
                                                          Departamento de Justicia
                                                          Secretaría Auxiliar de lo Civil
                                                          División de Asuntos Legales Civil
                                                          Subdivisión de Daños Generales y
                                                          Violación de Derechos Civiles
                                                          PO Box 9020192
                                                          San Juan, Puerto Rico 00902-0192
                                                          Tel: (787)721-2900, Ext. 2541
                                                          Fax: (787) 722-1595
                                                          e-mail: ivizcarrondo@justicia.pr.gov

                                                          Autoridad de Edificios Publicos representado
                                                          por Mapfre Praico Insurance

                                                          **Teresita Mercado Vizcarrondo**
                                                          RUA/Núm 9777
                                                          PO BOX 70244
                                                          San Juan PR 00936-8244

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE CANOVANAS EN RIO GRANDE

| CARLA MICHELLE MOLINA BARRIOS | | CIVIL NUM. FBCI201501836 |
|---|---|---|
| EX PARTE | | SOBRE: AUTIRIZACION JUDICIAL |

---

## RESOLUCIÓN

El 3 de agosto de 2015 la parte peticionaria, Carla Michelle Molina Barrios, presentó "Petición de Autorización Judicial sobre Transacción". Junto con dicha Petición se presentó una "Estipulación de Sentencia por Transacción Sujeta a Autorización Judicial" a la cual las partes llegaron en el caso civil N3CI201200011. En dicha estipulación las partes informan haber transigido la reclamación instada contra la parte demandada por la suma total de $10,000.00, de la cual Autoridad de Edificios Públicos representada por Mapfre Praico Insurance ("Mapfre") pagaría la suma de $5,000.00 y el Estado Libre Asociado de Puerto Rico (E.L.A.) pagaría los restantes $5,000.00. Dicha petición fue acompañada de la correspondiente Declaración Jurada de la madre del menor.

Presentada la solicitud de autorización judicial para transigir la reclamación sobre daños y perjuicios del menor Yariel Tolentino Molina y tras de celebrar la vista con el dictamen favorable de la Honorable Procuradora de Asuntos de Familia, el Tribunal determina aprobar la transacción de la reclamación interpuesta. Hemos concluido que las pruebas ofrecidas demuestran la utilidad, conveniencia y beneficio para dicho menor de la transacción ofrecida y constituye justa compensación por los daños sufridos por este.

En consecuencia el Tribunal aprueba la transacción por $10,000.00 para el menor Yariel Tolentino Molina.

De la cantidad que le corresponde al menor Yariel Tolentino Molina, se autorizan honorarios de abogados a razón del 25% del total de $10,000.00, o sea se aprueba la cantidad de $2,500.00 de honorarios de abogado, y $1,255.00 de gastos incurridos por concepto de perito y gastos de litigio, restando la cantidad de $6,245.00 a depositarse ante la Secretaría de este Tribunal.

1

La División de Cuentas abrirá cuentas de ahorros a beneficio del menor y no podrán retirarse hasta tanto advengan la mayoría de edad o el Tribunal de otro modo disponga.

Además, se autoriza que los $2,500.00 en honorarios de abogado y $1,255.00 por concepto de gastos sean pagados directamente por MAPFRE a la representación legal de la parte demandante.

Por lo cual, de los $5,000.00 que MAPFRE estaba obligada a pagar en la transacción pagará $3,755.00 directamente a la representación legal de la parte demandante y depositará los restantes $1,245.00 ante la Secretaría del Tribunal. Por su parte, el E.L.A. depositará la totalidad de los $5,000.00 que está obligada a pagar en la Secretaría del Tribunal.

Se ordena a MAPFRE que la consignación de la suma de $1,245.00 y el pago de $3,755.00 en honorarios de abogado a la representación legal de la parte demandante se realice en el período de quince (15) días a partir de la notificación de la presente Resolución. Así también, se ordena que la consignación de la suma de $5,000.00 se realice en el período de quince (15) días a partir de la notificación de la presente Resolución.

Se ordena el archivo del caso como asunto concluido.

**REGISTRESE Y NOTIFIQUESE.**

Dada en Río Grande, Puerto Rico, a 24 de mayo de 2017.

*[firma]*
JUEZ SUPERIOR
FERNANDO L. ABREU ARIAS
Juez Superior

2