UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

              Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DENYING MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION FOR ENTRY OF AN ORDER DIRECTING AN INDEPENDENT INVESTIGATION

Before the Court is the *Motion of National Public Finance Guarantee Corporation for Entry of an Order Directing an Independent Investigation* (Docket Entry No. 14450 in Case No. 17-3283, the "Motion") filed by National Public Finance Guarantee Corporation ("National"). Through the Motion, National seeks entry of an order directing an independent investigation, by the United States Trustee (the "U.S. Trustee") or "another independent entity," into whether certain participants in the Title III mediation process in 2019

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and 2020 (the "Mediation") violated this Court's orders governing mediation confidentiality, including whether those parties traded in securities while in possession of confidential information about or obtained during Mediation. The Court has jurisdiction of this contested matter pursuant to section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2166(a), and the Court has considered carefully the parties' submissions in connection with the Motion. During the October 28, 2020, Omnibus Hearing, the Court heard argument and rendered an oral decision denying the Motion. This Order memorializes the Court's ruling.

As explained on the record, neither PROMESA nor any provision of the Bankruptcy Code that is incorporated into Title III explicitly authorizes this Court to initiate an independent investigation along the lines of the investigation sought by National in its Motion. There is similarly no statutory or other authority granting the Court the power to direct the U.S. Trustee, which is part of the United States Department of Justice, to conduct such an investigation. In fact, Congress excluded from PROMESA both section 1104 of the Bankruptcy Code, which provides for the appointment of an examiner to investigate "allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor," 11 U.S.C.A. § 1104(c) (Westlaw through P.L. 116-179), and section 307 of the Bankruptcy Code, which authorizes the U.S. Trustee to "appear and be heard on any issue," id. § 307 (Westlaw through P.L. 116-179). See 48 U.S.C. § 2161(a) (incorporating into PROMESA certain provisions of the Bankruptcy Code, but excluding, inter alia, sections 307 and 1104).

Against this statutory backdrop, National relies on section 105 of the Bankruptcy Code, which is made applicable in these Title III cases by section 301(a) of PROMESA, 48

U.S.C. § 2161(a), as the principal legal basis for the Motion. Section 105(a), as incorporated into Title III, provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of PROMESA. 11 U.S.C.A. § 105(a) (Westlaw through P.L. 116-179). The Court's equitable power under section 105(a) is not unlimited, however. As the First Circuit has held, section 105(a) may be invoked "only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." Jamo v. Katahdin Federal Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir. 2002) (citations omitted). Here, as noted above, Congress did not incorporate into PROMESA the Bankruptcy Code provision allowing for the appointment of an examiner, and National has identified no other right under the Bankruptcy Code that it seeks to preserve through its Motion. The Court concludes that section 105(a) is, at best, a weak source for authority to take a particular action that Congress has expressly denied the Court the authority to take, especially one involving an entity—the U.S. Trustee—whose role in these Title III proceedings is limited.

To the extent that the Court does in fact have the power under section 105(a) of the Bankruptcy Code to order an investigation into the allegations at issue here, the Court declines to exercise any such discretionary authority to do so. National has not proffered evidence sufficient to support a reasonable inference that any participant in the Mediation has traded on inside information to the detriment of counterparties or the bond market, much less to the detriment of the Title III and Mediation processes. The charges advanced in connection with the Motion are sensational and largely speculative, particularly insofar as they purport to show a problem undermining the integrity of these proceedings as opposed to possible misconduct in the securities markets. With respect to the latter concern, the Court has no relative advantage over

prosecutorial and regulatory bodies when it comes to initiating an investigation into National's allegations, and it is not appropriate to burden the Commonwealth's already challenged resources to bankroll a speculative venture because certain creditors want to have more ammunition for potential challenges to an eventual plan of adjustment and its proponents. If National develops information that would support a colorable challenge to the voting or economic position of an entity identified in National's Motion or any other party in interest, National will have ample opportunity to commence specific motion practice in connection with proceedings concerning the plan.

To be clear, the Court takes seriously all allegations of improprieties, including those raised in the Motion, and is deeply concerned that all of the proceedings in the Title III cases and the Mediation be fair and appropriate, and be seen as fair and appropriate. In this instance, however, law enforcement and/or regulatory agencies are better situated to investigate the existence of any misconduct and its impact on transaction counterparties and bond markets than the Court is. The Court will therefore focus its deployment of the limited judicial and Debtor resources on moving these cases forward toward the confirmation or rejection of proposed plans of adjustment.

For these reasons, as well as those stated on the record during the October 28, 2020, Omnibus Hearing, the Motion is denied.

This Order resolves Docket Entry No. 14450 in Case No. 17-3283.

SO ORDERED.

Dated: October 28, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge