*Response Deadline: November 19, 2020*
*Hearing Date: TBD*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)
(Jointly Administered)

Related to ECF Nos. 14247, 14249

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

Debtor.

PROMESA
Title III

Case No. 17-BK-3566 (LTS)
Related to ECF Nos. 976, 977

---

**COMMITTEES' MOTION TO STRIKE DECLARATION OF JOHN FAITH
AND ACCOMPANYING EXHIBIT FROM THE
MOTION OF THE BANK OF NEW YORK MELLON, AS FISCAL AGENT,
FOR SUMMARY JUDGMENT PURSUANT TO
FED. R. CIV. P. 56 REGARDING *ULTRA VIRES* CHALLENGE**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i
TABLE OF AUTHORITIES .......................................................................................................... ii
INTRODUCTION .......................................................................................................................... 1
FACTUAL BACKGROUND ......................................................................................................... 2
ARGUMENT .................................................................................................................................. 4
      A.      Legal Standard. ........................................................................................................ 4
      B.      The Fiscal Agent Failed To Comply With Its Disclosure And Discovery Obligations. ............................................................................................................. 5
      C.      The Court Should Strike Mr. Faith's Declaration And The Supporting Document As The Penalty For The Fiscal Agent's Failure To Disclose Its Evidence. ........... 6
      D.      The DTC Operational Arrangements Should Be Stricken For The Additional Reason That It Was Not Produced In Discovery. .................................................... 9
CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bartlett v. Mutual Pharm. Co. Inc.*,
  No. 08-cv-358, 2009 WL 3614987 (D.N.H. Nov. 2, 2009)......................................................8

*Caballero v. Hospital Español Auxilio Mutuo de Puerto Rico, Inc.*,
  No. 07-1665, 2010 WL 503059 (D.P.R. Feb. 8, 2010)........................................................4, 6

*Harriman v. Hancock Cty.*,
  627 F. 3d 22 (1st Cir. 2010)..................................................................................................6, 9

*Irizarry-Santiago v. Essilor Indus.*,
  293 F.R.D. 82 (D.P.R. 2013) ....................................................................................................7

*Macaulay v. Anas*,
  321 F.3d 45 (1st Cir. 2003)...................................................................................................1, 7

*Metro Found. Contractors, Inc. v. Arch Ins. Co.*,
  No. 09-cv-6796, 2011 WL 70561 (S.D.N.Y. Jan. 6, 2011) ...........................................5, 9, 10

*Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Authority*,
  295 F.3d 108 (1st Cir. 2002) ....................................................................................................8

*Plaza Carolina Mall, L.P. v. Municipality of Barceloneta*,
  No. 13-1264 GAG, 2015 WL 4250852 (D.P.R. July 13, 2015) ...............................................8

*Santiago Vazquez v. Walmart Puerto Rico, Inc.*,
  291 F. Supp.3d 242 (D.P.R. 2018)............................................................................................6

*Zampierollo-Rheinfeldt v. Ingersoll-Rand de Puerto Rico, Inc.*,
  No. 15-CV-1255 (RAM), 2020 WL 881011 (D.P.R. Feb. 21, 2020) .......................................4

**Statutes**

ERS Enabling Act ........................................................................................................................10

UCC § 8-202 (19 L.P.R.A. §1752) ...................................................................................... *passim*

**Other Authorities**

Wright & Miller, 8 FED. PRAC. & PROC. CIV. § 2001 (3d ed. 2020) .............................................7

Fed. R. Civ. P. 26................................................................................................................ *passim*

Fed. R. Civ. P. 37(c)(1)................................................................................................................6, 9

Pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 37(c) of the Federal Rules of Civil Procedure, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, the Official Committee of Unsecured Creditors, and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (collectively, the "**Committees**") respectfully request that the Court strike the Declaration of John Faith and the DTC Operational Arrangements attached thereto as Exhibit A that are part of the *Motion of the Bank of New York Mellon, as Fiscal Agent, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 Regarding Ultra Vires Challenge* [ERS Dkt. 976, 977 and Commonwealth Dkt. 14247, 14249] (the "**SJ Motion**").

## INTRODUCTION

1. Rule 26(a) of the Federal Rules of Civil Procedure, made applicable here by Rule 7026 of the Federal Rules of Bankruptcy Procedure, bars litigants from engaging in "trial by ambush." *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003). Litigants are required, under penalty of sanctions, to disclose the names of all individuals likely to have discoverable information and those documents in their possession that may be used to support the disclosing party's claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i),(ii); 37(c). The obligation to disclose is not a one-time duty; litigants have the obligation to supplement their disclosures "in a timely manner" throughout the case. Fed. R. Civ. P. 26(e)(1)(A).

2. Bank of New York Mellon (the "**Fiscal Agent**") failed to comply with these simple rules and as a result the Court should strike portions of its SJ Motion. The Fiscal Agent moved for summary judgment on the ground that even if the ERS Bonds are *ultra vires*, they are valid in the Fiscal Agent's hands under the theory that Cede & Co. is protected under section 8-202(b) of the Uniform Commercial Code (the "**UCC**"). [ERS Dkt. 976, at 9-32.] In so doing, the Fiscal Agent relies almost exclusively upon the declaration of a witness it never disclosed—John Faith, who is

a managing director of the Depository Trust Company ("**DTC**")—and a document it never produced—the DTC Operational Arrangements. [*See* ERS Dkt. 977 at ¶¶ 13, 20-21, 30-38, 46-47.]

3. While the Committees do not believe this evidence actually is relevant to whether section 8-202(b) can protect the Fiscal Agent's claim (it cannot), given the weight the Fiscal Agent places on this evidence, the Fiscal Agent's failure to comply with its discovery obligations is neither harmless nor substantially justified. Accordingly, the penalty this Court should impose upon the Fiscal Agent for failing to abide by these straightforward discovery rules is to bar the Fiscal Agent from relying upon Mr. Faith's testimony or upon the DTC Operational Arrangements: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

**FACTUAL BACKGROUND**

4. Presently pending before the Court are cross-motions for summary judgment addressing the question of whether the ERS bonds are *ultra vires*. [ERS Dkt. 976, 978.] The Fiscal Agent argues in its SJ Motion that even if the ERS bonds are *ultra vires*, the registered owner of the bonds, Cede & Co., is safe harbored by UCC §8-202(b), and therefore the Fiscal Agent's claims also are protected. [ERS Dkt. 976 at 9-32.] To support its argument that Cede & Co. is a protected party under UCC §8-202(b), the Fiscal Agent relies primarily on the Declaration of John Faith, a managing director at DTC, and a document called the DTC Operational Arrangements. [Fiscal Agent SOF (ERS Dkt. 977) at ¶¶ 20-21, 30-35, 36-38, 46-47.]

5. The Fiscal Agent, however, failed to disclose Mr. Faith as an individual likely to have discoverable information or the DTC Operational Arrangements as a document the Fiscal Agent might use to support its UCC §8-202(b) defense. The Fiscal Agent also failed to produce

2

the DTC Operational Arrangements in response to a direct request for this document and any others that supported the Fiscal Agent's UCC §8-202(b) defense.

6. Specifically, on November 1, 2019, the Fiscal Agent served the *Initial Disclosures of Bank of New York Mellon, as Fiscal Agent* (the "**Initial Disclosures**" attached hereto as Ex. 1), in which the Fiscal Agent identified the following individuals as persons likely to have discoverable information:

- Alex T. Chang (Vice President, Bank of New York Mellon);

- Current and/or former representatives and employees of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico;

- Current and/or former representatives of the Commonwealth of Puerto Rico;

- The Official Committee of Unsecured Creditors of all Title III Debtors (Other than COFINA); and

- The Official Committee of Retired Employees of the Commonwealth of Puerto Rico.

(*Id.* at 3-5). The Fiscal Agent did not disclose anyone from DTC or Cede & Co., including John Faith, as possessing discoverable information.

7. The Fiscal Agent's Initial Disclosures also did not disclose documents at DTC generally or the DTC Operational Arrangements specifically. (*Id.* at 5-6). On November 22, 2019, the Fiscal Agent served *The Fiscal Agent's Responses and Objections to the Committees' and Government Parties' First Set of Requests for Production of Documents Related to the Ultra Vires Proceedings* (the "**RFPs**" attached hereto as Ex. 2). Of relevance to this Motion is the Fiscal Agent's response to request for production number 29, which sought "All Documents related to Your contention that the ERS Bonds are enforceable under UCC §8-202 (19 L.P.R.A. §1752)." *(Id.* at 14.) In response, the Fiscal Agent agreed to "produce responsive, non-privileged documents,

3

not otherwise publicly available, located after a reasonable search." (*Id.*) Despite this statement, the Fiscal Agent did not produce the DTC Operational Arrangements.

8. The Fiscal Agent never supplemented its Initial Disclosures to identify Mr. Faith or its document production to produce the DTC Operational Arrangements. (*See* Declaration of C. Steege, attached hereto as Ex. 3.) Fact discovery is now closed. [ERS Dkt. 866 at ¶2.]

## ARGUMENT

**A. Legal Standard.**

9. The goal of Rule 26(a) is to promote full disclosure of the facts and "'prevent 'trial by ambush,' because opposing counsel cannot adequately cross-examine without advance preparation.'" *Zampierollo-Rheinfeldt v. Ingersoll-Rand de Puerto Rico, Inc.*, No. 15-CV-1255 (RAM), 2020 WL 881011, at *1 (D.P.R. Feb. 21, 2020) (quoting *Diaz-Casillas v. Doctors' Ctr. Hosp. San Juan*, 342 F. Supp. 3d 218, 226 (D.P.R. 2018), and *Macaulay*, 321 F.3d at 50, 52); *accord Caballero v. Hospital Español Auxilio Mutuo de Puerto Rico, Inc.*, No. 07-1665, 2010 WL 503059, *5 (D.P.R. Feb. 8, 2010). To effectuate this goal, Rule 26(a)(1) requires litigants to disclose:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [and]
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment....

Fed. R. Civ. P. 26(a)(1) (incorporated in adversary proceedings by Fed. R. Bankr. P. 7026).

10. The duty to disclose is continuing. Litigants are obligated to supplement their initial disclosures and any document productions "in a timely manner if the party learns that in some

4

material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (incorporated by Fed. R. Bankr. P. 7026).

11. To ensure that these disclosures are made, Rule 37(c) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)." *See* Notes of Advisory Comm. on Fed. R. Civ. P.—1993 Amendment. Rule 37(c) mandates that: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c) (incorporated in adversary proceedings by Fed. R. Bankr. P. 7037).

12. Likewise, under Rule 37(c), a party may not rely on documents (other than for purposes of impeachment) that were requested, but not produced in discovery. *Metro Found. Contractors, Inc. v. Arch Ins. Co.*, No. 09-cv-6796, 2011 WL 70561, at *2 (S.D.N.Y. Jan. 6, 2011) (precluding party from introducing documents that were responsive to the request to produce that were not produced).

**B.     The Fiscal Agent Failed To Comply With Its Disclosure And Discovery Obligations.**

13. The Fiscal Agent failed to comply with its disclosure and discovery obligations. The Fiscal Agent failed to identify Mr. Faith specifically or DTC or Cede & Co. generally as individuals or institutions with knowledge of discoverable information. When asked for the documents that supported its UCC §8-202(b) defense, the Fiscal Agent failed to produce the DTC Operational Arrangements and failed to identify this document or a description by category and location in its Initial Disclosures.

5

14. The Fiscal Agent's failure to initially identify Mr. Faith or to produce the DTC Operational Arrangements is compounded by the fact that in the more than seven months of fact discovery and two months of expert discovery, the Fiscal Agent never once supplemented its disclosures or its document productions to disclose Mr. Faith or this allegedly key document.

**C.    The Court Should Strike Mr. Faith's Declaration And The Supporting Document As The Penalty For The Fiscal Agent's Failure To Disclose Its Evidence.**

15. Given the importance Rule 26 plays in the litigation process, "[f]ailure to comply with disclosure obligations can have severe consequences." *Harriman v. Hancock Cty.*, 627 F. 3d 22, 29 (1st Cir. 2010). "Rule 37 authorizes district courts to sanction noncomplying parties; although sanctions can vary depending on the circumstances, 'the baseline rule is that the required sanction in the ordinary case is mandatory preclusion.'" *Id.* (quoting *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este & Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006)).

16. The only way a violation of Rule 26 does not result in mandatory preclusion is if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of proving substantial justification or harmlessness for an untimely disclosure falls on the offending party." *Caballero*, 2010 WL 503059 at *5; *see also Santiago Vazquez v. Walmart Puerto Rico, Inc.*, 291 F. Supp.3d 242, 242 (D.P.R. 2018) (court excluded previously undisclosed evidence from use at trial because plaintiff failed to show good cause or that the failure to supplement was harmless).

17. Courts consider a number of factors to determine whether a failure to disclose is substantially justified or harmless, including "the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects (*i.e.*, harmlessness); the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence." *Harriman*, 627 F.3d at 30 (upholding the

6

exclusion of affidavits submitted in support of summary judgment briefing as a late supplement to initial disclosures); *Macaulay*, 321 F.3d at 51 (upholding the exclusion of supplemental expert report due to late disclosure); *Irizarry-Santiago v. Essilor Indus.*, 293 F.R.D. 82, 84 (D.P.R. 2013) (excluding expert testimony and report due to late disclosure).

18. The Fiscal Agent's violation here is neither substantially justified nor harmless, and the Court should preclude the Fiscal Agent from relying on Mr. Faith's Declaration and the DTC Operational Arrangements attached thereto.

19. *First*, there is no question that the evidence the Fiscal Agent failed to disclose is important to the Fiscal Agent. While the Committees' response brief to the Fiscal Agent's SJ Motion will show why the Fiscal Agent's purported evidence is irrelevant to whether the Fiscal Agent's claim can be redeemed by UCC §8-202(b), the fact remains that the Fiscal Agent's entire brief is devoted to its argument that if the ERS Bonds are *ultra vires*, the Fiscal Agent's claim nonetheless survives because Cede & Co. is a purchaser for value and was without notice of the ERS Bonds' defect when it became the registered owner of the ERS Bonds. [ERS Dkt. 976 at 9-24.] And to prove that point, the Fiscal Agent exclusively relies on Mr. Faith's Declaration and the DTC Operational Arrangements that are attached as an exhibit to his Declaration. By failing to disclose its only witness, Mr. Faith, and by failing to produce the key document Mr. Faith relies upon, the Fiscal Agent effectively hid its entire case, precisely the scenario Rule 26(e) is designed to prevent. *Macaulay,* 321 F.3d at 50; *see also* Wright & Miller, 8 FED. PRAC. & PROC. CIV. §2001 (3d ed. 2020) ("The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure" and as a result, "civil trials in the federal courts no longer need be carried on in the dark").

20. *Second*, there can be no justification (much less a substantial one) for the Fiscal Agent's failure to disclose Mr. Faith, Cede & Co., and DTC as entities with discoverable information. "A substantial justification is one that 'could satisfy a reasonable person.'" *Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Authority*, 295 F.3d 108, 117 (1st Cir. 2002); *accord Bartlett v. Mutual Pharm. Co. Inc.*, No. 08-cv-358, 2009 WL 3614987, at *4 (D.N.H. Nov. 2, 2009) (finding no substantial justification where there was a specific request for the late-produced materials and its absence should have caused counsel to take reasonable steps to locate them); *Plaza Carolina Mall, L.P. v. Municipality of Barceloneta*, No. 13-1264 GAG, 2015 WL 4250852, *6 (D.P.R. July 13, 2015) (finding sanctions warranted for "garden-variety carelessness" in failing to supplement).

21. Here, approximately ten months passed between the Fiscal Agent's submission of its Initial Disclosures and the filing of the Fiscal Agent's SJ Motion. This lengthy period afforded the Fiscal Agent ample opportunity to inform the Committees that the Fiscal Agent would be relying on information from Cede & Co. and DTC to support its UCC §8-202 defense. Indeed, given that the Fiscal Agent had time to obtain Mr. Faith's Declaration, it had time to disclose that Mr. Faith allegedly has relevant knowledge.

22. *Third,* allowing the Fiscal Agent to use the evidence it did not disclose would be highly prejudicial to the Committees. The Committees have been denied the opportunity to test the veracity of Mr. Faith's testimony at a deposition. The Committees have been denied the opportunity to pursue production of Mr. Faith's documents that might also bring into question the veracity of his testimony. This prejudice is compounded by the fact that Mr. Faith's testimony constitutes the Fiscal Agent's entire case.

23. *Finally,* a continuance will not minimize the prejudice to the Committees as the discovery deadline has passed and thus there is no opportunity for the Committee to test Mr. Faith's testimony through cross-examination or follow-up with additional discovery of DTC and Cede & Co. The Fiscal Agent may respond that the Court could cure the problem by reopening discovery, but that would mean delaying this case even more than it has already been delayed and would impose additional costs on the Commonwealth. More importantly, if litigants could escape the consequences of their failure to disclose evidence simply by pointing out that discovery could be reopened, the "the baseline rule" under Rule 37 would not be "mandatory preclusion." *Harriman*, 627 F. 3d at 29. Here, where there is no justification for the Fiscal Agent to have failed to disclose the only evidence it relies upon to support its summary judgment motion, offering to re-open discovery is far too little and too late.

### D. The DTC Operational Arrangements Should Be Stricken For The Additional Reason That It Was Not Produced In Discovery.

24. The Court should bar the Fiscal Agent from relying upon the DTC Operational Arrangements for the additional reason that the Fiscal Agent failed to produce this document despite receiving a specific request to produce all documents that supported the Fiscal Agent's UCC §8-202(b) defense. Failure to produce a document in response to a specific request mandates exclusion of the document. *Metro Found.*, 2011 WL 70561, at *2.

25. And just as with Mr. Faith's Declaration, the failure to produce the DTC Operational Arrangements is significant given that it serves as the basis, and often the exclusive basis, for several of the Fiscal Agent's alleged statements of fact, including paragraphs 21 and 30-34. [ERS Dkt. 977.] Moreover, the DTC Operational Arrangements is the only purported basis for the Fiscal Agent's argument that "[a]s a market utility, DTC does not undertake, and does not have a responsibility, to monitor or ascertain the compliance of any transactions in securities with any

9

local, state, federal, or foreign laws or regulations thereunder." [ERS Dkt. 976 at 5.] Likewise, the DTC Operational Arrangements is the only purported basis for the Fiscal Agent's statement that "Cede & Co. is not a 'sophisticated investor,' and it has no duty of due diligence." [*Id.* at 22.] In addition, this document is the only support for the Fiscal Agent's argument that "DTC had no obligation to perform any diligence with regard to ERS's authority under the Enabling Act…" and that "DTC relied on those charged with a due diligence obligation to determine compliance with the Enabling Act." [*Id.* at 23.]

26. Again, these are not side issues, but go to the heart of the Fiscal Agent's defense that Cede & Co. was not on notice of the invalidity of the ERS Bonds and therefore the Fiscal Agent's claim cannot be defeated based on the *ultra vires* nature of the ERS Bonds. The Fiscal Agent should be precluded form relying on the DTC Operational Arrangements to support its arguments.

## CONCLUSION

For all of the foregoing reasons, the Committees respectfully request that the Court strike the Declaration of John Faith and the attached DTC Operational Arrangements filed in connection with the *Motion of the Bank of New York Mellon, as Fiscal Agent, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 Regarding Ultra Vires Challenge* and bar the Fiscal Agent from relying upon Mr. Faith's testimony or the DTC Operational Arrangements in connection with any motions or at any hearing or trial on the *ultra vires* issues.

Dated: October 28, 2020  /s/ Robert Gordon
San Juan, Puerto Rico

JENNER & BLOCK LLP
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

- and –


/s/ A.J. Bennzar-Zequeria
BENNAZAR, GARCÍA & MILIÁN, C.S.P
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for the Official Committee of Retired Employees of Puerto Rico*

- and –

11

/s/ *Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*[2]

- and –

*/s/ Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*[3]

---

[2] As it relates to the Committee's Omnibus Claims Objection at Commonwealth Dkt. 5580.
[3] As it relates to the Committee's omnibus claims objections at Commonwealth Dkts. 5580 and 5586 and Adversary Proceeding Nos. 19-356, 19-357, and 19-361.

- and –

*/s/ John Arrastia*
GENOVESE JOBLOVE & BATTISTA, P.A.
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*[4]

- and –

*/s/ Sunni Beville*
Sunni P. Beville, Esq. (*pro hac vice*)
Tristan G. Axelrod, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the members of the Special Claims Committee*

- and –

*/s/ Kenneth Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

---

[4] As it relates to Adversary Proceeding Nos. 19-356, 19-357, 19-359, and 19-361.

13

*Local Counsel to the Financial Oversight and
Management Board, acting through the members
of the Special Claims Committee*