# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ X
                                                      )
In re:                                                )
                                                      )      PROMESA
THE FINANCIAL OVERSIGHT AND                           )      Title III
MANAGEMENT BOARD FOR PUERTO RICO                      )
                                                      )      Case No. 17-BK-03283 (LTS)
        as representative of                          )
                                                      )
THE COMMONWEALTH OF PUERTO RICO, et al.,              )
                                                      )
        Debtors.¹                                     )
------------------------------------------------------------------ )
                                                      )
In re:                                                )
                                                      )      PROMESA
THE FINANCIAL OVERSIGHT AND                           )      Title III
MANAGEMENT BOARD FOR PUERTO RICO,                     )
                                                      )      Case No. 17-BK-03566 (LTS)
        as representative of                          )
                                                      )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                )
GOVERNMENT OF THE COMMONWEALTH OF                     )
PUERTO RICO,                                          )
                                                      )
        Debtor.                                       )
------------------------------------------------------------------ X
```

## THE FISCAL AGENT'S RESPONSES AND OBJECTIONS TO THE COMMITTEES' AND GOVERNMENT PARTIES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS <u>RELATED TO THE ULTRA VIRES PROCEEDINGS</u>

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and Federal Rules of Civil Procedure 26 and 34 incorporated therein, made applicable to this proceeding by 48 U.S.C. § 2170, and in connection with the *Omnibus Objection Of Official Committee Of Unsecured Creditors To Claims Asserted By Holders Of Bonds Issued By Employees Retirement System Of Government Of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283] (the "UCC Objection"), and the *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [ECF No. 6482 in Case No. 17-bk-03283] (the "Retiree Objection," and together with the UCC Objection, the "Objections"), The Bank of New York Mellon, as fiscal agent (the "Fiscal Agent"), secured creditor of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), hereby submits the following Responses and Objections to those portions of the First Set of Requests of the Committee and Government Parties for Production of Documents that relate to the Ultra Vires issue.[2]  The Fiscal Agent further reserves the right to supplement, amend, or modify these objections and responses as necessary.

## GENERAL OBJECTIONS

1.      The General Objections that follow are applicable to and incorporated into each and every individual response that the Fiscal Agent makes to the Document Requests whether or not restated in response to any particular request.  The Fiscal Agent's responses are made without

---

[2] On November 12, 2019, the Committees and Government Parties identified Document Request Nos. 1, 11, 14, 18-44, 48-49, 55-58 of the document requests propounded on the bondholders as relating to discovery in the Ultra Vires Proceedings.  (Exhibit A.)  The Fiscal Agent incorporates those designations on corresponding document requests herein.

waiving, or intending to waive, these General Objections, and the Fiscal Agent specifically reserves all of its other objections.

2.      The Fiscal Agent objects to the Document Requests to the extent that they purport to seek information or documents that are not within the Fiscal Agent's possession, custody, or control.

3.      The Fiscal Agent objects to the Document Requests, including the Definitions and Instructions, to the extent that they seek to impose obligations on the Fiscal Agent that are inconsistent with or exceed obligations for production under the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

4.      The Fiscal Agent objects to the Document Requests to the extent they seek information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.   The Fiscal Agent construes the Document Requests to seek non-privileged documents, and, as such, to the extent the Fiscal Agent produces documents, it will provide documents that it believes are non-privileged and otherwise properly discoverable.  The Fiscal Agent does not intend to provide any privileged information or documents.  Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

5.      The Fiscal Agent objects to the Document Requests to the extent that they purport to require preservation or production of electronically stored information ("ESI") that is not stored on active systems, but that is instead stored on systems, backup tapes, and other media that are no longer part of the Fiscal Agent's normal business operations, or that is stored on media that are

3

otherwise overly burdensome to search, such as text or instant messaging systems. Because the relevance of such ESI is minimal at best and the cost associated with searching, preserving, and accessing these data sources is significant, the Fiscal Agent interprets the Document Requests as excluding such ESI sources.

6.      The Fiscal Agent objects to the Document Requests to the extent that they purport to require the Fiscal Agent to search for and produce documents that are not "reasonably accessible" as that term is generally understood.

7.      The Fiscal Agent objects to the Document Requests to the extent that any requests are overly burdensome or seek documents or information that are not proportional to the needs of the case. In addition, the Fiscal Agent objects to each Request, definition, or instruction that purports to require that the Fiscal Agent identify and provide discovery with regard to "each," "all," "any," or similar all-encompassing wording, on the grounds that such Requests, definitions, and instructions are overly broad, unduly or disproportionately burdensome, seek discovery that is not relevant to the parties' claims and defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

8.      The Fiscal Agent objects to the Document Requests to the extent that a Document Request is not related to the parties' claims and defenses in the Objections (the "Ultra Vires Proceedings") and is only related to Adversary Proceeding No. 19-00366 ("Lien Scope Proceedings"). On November 12, 2019, the Committees and Government Parties identified by email correspondence which Document Requests were related to discovery in the Ultra Vires Proceedings and which Document Requests were related to discovery in the Lien Scope Proceedings. *See* Exhibit A. The Fiscal Agent, in reliance on that correspondence, asserts only relevance objections herein to Discovery Requests identified by the Committees and Government

Parties as not related to the Ultra Vires Proceedings, but reserves the right to assert any additional objections should the Committees and Government Parties attempt to pursue the Document Requests in the Ultra Vires Proceedings.

9.      The Fiscal Agent objects to the "Definitions" in the Document Requests to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

10.     The Fiscal Agent objects to the definitions of "Communication," and "Document" insofar as those definitions require the production of materials that exceed the scope of Federal Rule 34(a), made applicable to this adversary proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170).

11.     The Fiscal Agent objects to the definition of "You" and "Your" as overly broad insofar as it includes individuals and entities who have no connection with the current litigation, and have identities separate and apart from the Fiscal Agent, including "all persons acting on behalf of, for the benefit of, at the direction of, in exchange for compensation from, or under the control or authority of any of the foregoing" as listed in the Definitions.  The Fiscal Agent will construe the Document Requests that refer to "You" and "Your" as referring exclusively to the Fiscal Agent with respect to the ERS Bonds, and disclaims any obligation to provide information from any other persons.

12.     The Fiscal Agent objects to the definition of "ERS Bonds" as confusing or potentially misleading.  The Resolution authorized the issuance of both senior and subordinate bonds, but only senior bonds were ultimately issued by the ERS.  The Fiscal Agent will construe the Document Requests that define "ERS Bonds" as referring to Bonds as that term is defined in the Resolution.

13.     The Fiscal Agent objects to the scope of these Document Requests on the ground that they are overly broad insofar as they purport to seek documents created at any time and contain no limitation on the date ranges within which the Fiscal Agent must search for and produce documents.  In the absence of any agreement among the parties as to the applicable date ranges, the Fiscal Agent will search for and produce documents created within a date range that is reasonable for each request.

14.     The Fiscal Agent objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is publicly available, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  The Fiscal Agent further objects to the extent these Document Requests seek production of unsolicited mass electronic correspondence from third parties, including broadly distributed electronic-mail and Bloomberg messages.

15.     Insofar as the Document Requests seek documents containing both discoverable and non-discoverable or objectionable material, the Fiscal Agent reserves the right to redact from documents produced any matter that is nonresponsive, objectionable, privileged, or otherwise non-discoverable.

## RESPONSES TO DOCUMENT REQUESTS

Subject to the foregoing General Objections, the Fiscal Agent responds and objects to the document requests as follows:

**Request No. 1:**  All Documents relating to, or delivered in connection with, the 2008 ERS Bond Issuance, including the ERS Bond Resolution, ERS Security Agreement, and any other deal-related Documents in connection with the 2008 ERS Bond Issuance.

**Response to Request No. 1**:  The Fiscal Agent objects to this Document Request on the grounds that it requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.  Further, the Fiscal Agent objects to this

Document Request as overly burdensome and not proportional to the needs of this case because it seeks "[a]ll Documents relating to" a number of issues, which could, if read literally, encompass many documents that will not bear on any of the issues in dispute.

Subject to these objections, the Fiscal Agent agrees to produce the following types of Bond Documents for the ERS Series A, B, and C Bonds that are within the Fiscal Agent's possession, custody, or control:

- ERS Pension Funding Bond Resolution and Supplemental Pension Funding Bond Resolutions
- Preliminary Official Statements and Official Statements
- Purchase Contracts
- Master Continuing Disclosure Agreements
- Security Agreements
- Act 447
- Certificates of the Secretary of State and the Commonwealth
- Certificates of the System, Administrator of the System, Secretary of the Board of Trustees of the System
- Copies of Resolutions related to Pension Funding Bond Resolution and approval of issuance of bonds
- Letters from the System to the Fiscal Agent regarding (i) items required by Section 202.3 of the Bond Resolution, (ii) authorization and delivery of the Bonds, and (iii) application of proceeds of the Bonds
- Certificates and Copies of Resolutions certified by the Government Development Bank
- Certificates of the Fiscal Agent
- Underwriters' receipts
- Receipt and Safekeeping Agreements
- Legal Opinions of Bond Counsel
- Specimen Bonds
- Agreements Among Underwriters
- Letters to each Nationally Recognized Municipal Securities Information Repository transmitting copies of the final Official Statement
- Certificates of the Acting Secretary of the Treasury of the Commonwealth of Puerto Rico
- UCC-1 Financing Statement
- Underwriters' Closing Memorandum
- Letters of Credit Ratings Agencies regarding assignment of ratings to Bonds
- Independent Accountant's Consent Letters
- Independent Accountant's Report on Applying Agreed-Upon Procedures
- Employees Retirement System of the Government of the Commonwealth of Puerto Rico (ERS): Covered Payroll Outlook
- Letter of Representations

- Memorandum of Understanding

**Request No. 2:** All Documents relating to Your alleged security interest in the following (or in any claimed proceeds thereof): (a) ERS's Pre-2008 Assets; (b) AUC; (c) employee contributions to ERS; (d) ERS funds not deposited with the Fiscal Agent; (e) funds remitted to ERS by the Fiscal Agent; (f) Employee Loans; (g) Employee Loan Payments; or (h) ERS's investments.

**Request No. 3:** All Documents relating to Your contention that Employee Loans, Employee Loan Payments, ERS's investments, or ERS's cash or other assets are proceeds of Your collateral, including without any limitation any Documents relating to the sources of funds with which these assets were acquired.

**Request No. 4:** All Documents relating to Your alleged security interest in Employers' Contributions, including, but not limited to, Employers' Contributions that have not been received by ERS.

**Request No. 5:** All Documents relating to Your contention that You perfected or attempted to perfect a security interest in any property of ERS, including, but not limited to, any filings pursuant to the Uniform Commercial Code, control agreements, possessory agreements, or bailment agreements perfecting or attempting to perfect a security interest or a lien securing or attempting to secure an interest in the Pledged Property.

**Request No. 6:** All Documents relating to the source(s) of any payments of cash to ERS, to the extent You assert such payments occurred.

**Request No. 7:** All Documents relating to Your security interest in ERS assets, to the extent You assert such security interest exists.

**Request No. 8:** All Documents relating to Your control of any ERS deposit accounts, to the extent You assert such control exists.

**Request No. 9:** All Documents relating to the source(s) of funds transferred to You on account of the ERS Bonds.

**Request No. 10:** All Documents relating to the transfer by ERS to You of Additional Uniform Contributions.

     **Response to Request Nos. 2–10**: The Committees and the Government Parties have stated that Document Requests 2 through 10 are not related to discovery in the Ultra Vires Proceedings.

**Request No. 11:** All Documents relating to Your actions and responses to Act 116-2011.

     **Response to Request No. 11**: The Fiscal Agent objects to this Document Request on the grounds that it is vague and ambiguous as to undefined terms "actions" and "responses." Further,

the Fiscal Agent objects to this Document Request as overly broad because it does not specify which documents that relate to the undefined terms "actions" and "responses" that this Document Request seeks.  Further, the Fiscal Agent objects to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 12:**  All Documents relating to Your actions and responses to Act 3-2013 and all executive orders related thereto.

**Request No. 13:**  All Documents relating to Your actions and responses to Act 32-2013 and all executive orders related thereto.

**Response to Request Nos. 12–13**:  The Committees and the Government Parties have stated that Document Requests 12 through 13 are not related to discovery in the Ultra Vires Proceedings.

**Request No. 14:**  All Documents relating to Your actions and responses to the lawsuit *Retiro de los Empleados del Gobierno y la Judicatura de Puerto Rico v. UBS Fin. Servs. Inc. of Puerto Rico*, Civ. No. KAC-2011-1067 (803) (P.R. Ct. of First Instance, San Juan).

**Response to Request No. 14**:  The Fiscal Agent objects to this Document Request on the grounds that it requests documents that are in the possession, custody, or control of UBS.  The Fiscal Agent also objects to this Document Request on the grounds that it is vague and ambiguous as to undefined terms "actions" and "responses."   Further, the Fiscal Agent objects to this Document Request as overly broad because it does not specify which documents that relate to the undefined terms "actions" and "responses" that this Document Request seeks.  Further, the Fiscal Agent objects to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  The Fiscal Agent will produce responsive, non-privileged documents,

not otherwise publicly available, located after a reasonable search.

**Request No. 15:**  All Documents relating to the identification of the source of any funds or property held by ERS.

**Request No. 16:**  All Documents relating to any tracing analysis prepared for You or on Your behalf with respect to any ERS assets in which You allege that You have a security interest.

**Request No. 17:**  All Documents related to the valuation of Your collateral, to the extent such Documents were not already produced in response to another Document Request.

      **Response to Request Nos. 15–17**:  The Committees and the Government Parties have stated that Document Requests 15 through 17 are not related to discovery in the Ultra Vires Proceedings.

**Request No. 18:**  All Documents relating to the legality or validity of the ERS Bonds, including, but not limited to, any internal communications discussing whether the ERS Bonds are "ultra vires," unauthorized, or contrary to public policy.

      **Response to Request No. 18**:  The Fiscal Agent objects to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  The Fiscal Agent incorporates its Responses and Objections to Document Request No. 1 by reference.

**Request No. 19:**  All Documents relating to the ERS Bonds or ERS Bond-related information known to or in the possession of You or any of Your advisors at the time of any evaluation or analysis with respect to the ERS Bonds (including, without limitation, their validity).

      **Response to Request No. 19**:  The Fiscal Agent objects to this Document Request on the grounds that it is vague and ambiguous as to undefined terms "advisors," "evaluation," "analysis," and "ERS Bond-related information."  Further, the Fiscal Agent objects to this Document Request because it is overly broad to the extent it seeks "all Documents" relating to the ERS Bonds in the possession of the Fiscal Agent "at the time of . . . any evaluation or analysis with respect to the ERS Bonds"—which encompasses every single document about the ERS Bonds at any time as long as the Fiscal Agent has served in that role and is well beyond the scope of reasonable

document production.  The Fiscal Agent objects to this Document Request to the extent that it

seeks information that is subject to the attorney-client privilege, the attorney-work product

doctrine, the joint defense privilege, or any other applicable privilege.  Further, the Fiscal Agent

objects to this Document Request as duplicative of multiple other requests herein.  The Fiscal

Agent is willing to confer regarding the overbreadth and ambiguity of this Document Request.

**Request No. 20:**  All bond resolutions, trust indentures and equivalents, including opinions of
counsel and similar supporting and closing documentation and all offering documents, for all
municipal or governmental securities for which You have served as indenture trustee or fiscal
agent since 2007.

**Response to Request No. 20**:  The Fiscal Agent objects to this Document Request on the

grounds that bond documents for other municipal or government securities are irrelevant to the

Ultra Vires Proceedings.  Further, the Fiscal Agent objects to this Document Request as overly

broad, unduly burdensome, and not proportional to the needs of the case because it seeks irrelevant

documents dating back to 2007.

**Request No. 21:**  All Documents relating to or constituting communications, including through
counsel, or contractual agreements between You and (i) any underwriter in connection with the
ERS Bonds; (ii) any ERS Bondholder; or (iii) the registered owner of any ERS Bonds.

**Response to Request No. 21**:  The Fiscal Agent objects to this Document Request to the

extent that it seeks information that is subject to the attorney-client privilege, the attorney-work

product doctrine, the joint defense privilege, or any other applicable privilege.  The Fiscal Agent

also objects to this Document Request to the extent it seeks the Fiscal Agent to produce

communications between other parties, such as its counsel.  The Fiscal Agent also objects to this

Document Request as overly broad, unduly burdensome, and not proportional to the needs of the

case because, on its face, it seeks "[a]ll Documents relating to or constituting communications . . .

or contractual agreements" between the Fiscal Agent and a number of parties, without limitation

to the subject of such communications or contractual agreements.  The Fiscal Agent construes this

Document Request as only seeking ERS Bond-related communications or contractual agreements. Even with this construction, however, the Fiscal Agent objects that this Document Request is overly broad, unduly burdensome, and not proportional to the needs of the case because it does not specify which subjects of ERS Bond-related communications or contractual agreements the Document Request seeks.

Subject to these objections, the Fiscal Agent is willing to confer to resolve the ambiguity as to what type of ERS Bond-related communications the Document Request seeks.

**Request No. 22:**  All documents relating to the "private placement" or "direct placement" of any municipal or governmental securities for which you have served as indenture trustee or fiscal agent.

**Response to Request No. 22**:  In addition to the General Objections, the Fiscal Agent objects to this Document Request on the grounds that bond documents for other municipal or government securities are irrelevant to the Ultra Vires Proceedings.  The Fiscal Agent further objects that this Document Request is vague and ambiguous with respect to its use of the undefined phrases "private placement" and "direct placement."  The Fiscal Agent further objects to this Document Request to the extent it seeks "[a]ll Documents" relating to the private placement or direct placement of such other municipal or government securities; such a request for "[a]ll Documents" is overly broad, unduly burdensome, and not proportional to the needs of the case.

**Request No. 23:**  All Documents relating to Your understanding or interpretation of the phrase "direct placements of debt" under the ERS Enabling Act.

**Response to Request No. 23**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatories Nos. 1 through 4 and incorporates its Responses and Objections to those Interrogatories by reference.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 24:**  All Documents relating to Your contention, if any, that the Court must consider "the circumstances under which [ERS Bondholders] acquired the Bonds," including but not limited

to "the relationship of the Bondholders to ERS" at the time the ERS Bondholders acquired the ERS Bonds. (See Adv. Pro. No. 17-00219-LTS, Dkt. 50 at p.27.)

   **Response to Request No. 26**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatories Nos. 8 and 9 and incorporates its Responses and Objections to those Interrogatories by reference.  The Fiscal Agent does not make the quoted contention and, therefore, there are no responsive documents.

**Request No. 25:**  All Documents relating to Your contention that the ERS Bonds are or were within ERS's power and authority under the ERS Enabling Act to "tomar prestado de cualquier institución financiera . . ." (See Case No. 17-03283-LTS, Dkt. 9012 ("ERS Bondholders' Response") at ¶¶ 12-13 and Case No. 17-03283-LTS, Dkt. 9013, Your Joinder to the ERS Bondholders' Response ("Joinder").)

   **Response to Request No. 25**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatories Nos. 10 and 11 and incorporates its Responses and Objections to those Interrogatories by reference.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 26:**  All Documents relating to Your contention that "unlike 'seek a loan,' 'borrow'—'tomar prestado'—includes raising money by selling bonds." (See ERS Bondholders' Resp. at ¶ 14.)

   **Response to Request No. 28**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatories Nos. 12 and 13 and incorporates its Responses and Objections to those Interrogatories by reference.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 27:**  All Documents relating to Your contention that "the underwriters' resale of 'ownership interests' in the ERS Bonds does nothing to change the fact that the issuance of the ERS Bonds involved borrowing from the underwriting financial institutions as the ERS Enabling Act allowed." (See ERS Bondholders' Resp. at ¶ 19.)

   **Response to Request No. 29**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatories Nos. 14 and 15 and incorporates its Responses and Objections to those Interrogatories by reference.  The Fiscal Agent will produce responsive, non-privileged

documents, not otherwise publicly available, located after a reasonable search.

**Request No. 28:**  All Documents relating to Your contention that any violation of the ERS Enabling Act was "harmless."

   **Response to Request No. 30**:  The Fiscal Agent objects to this Document Request on the grounds that it requests documents that are in the possession, custody, or control of ERS.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 29:**  All Documents related to Your contention that the ERS Bonds are enforceable under UCC § 8-202 (19 L.P.R.A. § 1752).

   **Response to Request No. 29**:  The Fiscal Agent objects to this Document Request on the grounds that it requests documents that are not within the Fiscal Agent's possession, custody, or control.  The Fiscal Agent also objects to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 30:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the doctrine of judicial estoppel." (Affirmative Defenses asserted in Answer and Counterclaims, Adv. Pro. No. 19-00366 ("Lien Scope Answer").)

   **Response to Request No. 35**:  The Fiscal Agent objects to this Document Request on the grounds that it requests documents that are not within the Fiscal Agent's possession, custody, or control, or are in the possession, custody, or control of ERS.  The Fiscal Agent also objects to this Document Request on the grounds that it requests documents that are publicly available, including but not limited to judicial pleadings in which the Government Parties stated that the Fiscal Agent has valid and enforceable liens.  *See* Brief for Respondent-Appellee Employees Retirement System of the Government of the Commonwealth of Puerto Rico, at 14 & 30, No. 16-2433 (1st Cir. Dec.

23, 2016); Brief for Respondents-Appellees Alejandro Garcia-Padilla, Juan C. Zaragoza-Gomez, Luis G. Cruz-Batista, and Carmen Villar-Prados, at 45, No. 16-2433 (1st Cir. Dec. 23, 2016); Brief of Amicus Curiae Financial Oversight and Management Board for Puerto Rico in Support of Respondents-Appellees Urging Affirmance of the District Court Order, at 7, No. 16-2433 (1st Cir. Dec. 23, 2016); Joint Stip. of Movants, the Commonwealth Respondents, and ERS, at ¶¶ 6 & 11, No. 3:16-cv-02696, ECF No. 65 (D.P.R. Nov. 2, 2016); Financial Oversight and Management Board's Motion to Intervene, at 12, No. 3:16-cv-02696, ECF No. 56 (D.P.R. Oct. 28, 2016); Respondent Employees Retirement System of the Government of the Commonwealth of Puerto Rico's Brief in Opposition to Motion for Relief From the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al*., at 10-11, No. 16-cv-2696, ECF No. 52 (D.P.R. Oct. 26, 2016); Respondents' Brief in Opposition to Motion for Relief From the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al*., at 5, 13, 17-18, No. 16-cv-2696, ECF No. 53 (D.P.R. Oct. 26, 2016).  The Fiscal Agent objects to this Document Request as duplicative of Interrogatory No. 22 and incorporates its Responses and Objections to Interrogatory No. 22 by reference.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 31:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred in whole or in part by the doctrine of laches." (Lien Scope Answer.)

**Response to Request No. 31**:  The Fiscal Agent objects to this Document Request on the grounds that it requests documents that are not within the Fiscal Agent's possession, custody, or control.  The Fiscal Agent objects to this Document Request as duplicative of Interrogatory No. 22 and incorporates by reference its Responses and Objections to Interrogatory No. 22, which the Fiscal Agent will serve on December 3, 2019.  The Fiscal Agent will produce responsive, non-

privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 32:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, because they would violate the Fifth Amendment to the United States Constitution, as a taking of Defendants' constitutionally-protected property interest without providing just compensation." (Lien Scope Answer.)

      **Response to Request No. 32**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatory No. 22 and incorporates by reference its Responses and Objections to Interrogatory No. 22, which the Fiscal Agent will serve on December 3, 2019.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 33:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel." (Lien Scope Answer.)

      **Response to Request No. 33**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatory No. 22 and incorporates its Responses and Objections to Interrogatory No. 22 by reference.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 34:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands or *in pari delicto*." (Lien Scope Answer.)

      **Response to Request No. 34**:  The Fiscal Agent objects to this Document Request as duplicative of Interrogatory No. 22 and incorporates its Responses and Objections to Interrogatory No. 22 by reference.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 35:**  All Documents related to Your affirmative defense that "Plaintiffs have waived their rights to object to or otherwise challenge or seek to limit the scope of Defendants' liens, pledges, and security interests by Plaintiffs' acts, omissions, and statements." (Lien Scope Answer.)

**Request No. 36:**  All Documents related to Your affirmative defense that "Plaintiffs are estopped from objecting to or otherwise challenging or limiting the scope of Defendants' liens, pledges, and security interests because Plaintiffs induced Defendants to rely upon Plaintiffs' statements, agreements, and representations, and Defendants have so relied to their detriment." (Lien Scope Answer.)

**Request No. 37:**  All Documents related to Your affirmative defense that "Plaintiffs' claims are barred to the extent that the claims were not asserted in the earlier Adversary Proceeding brought pursuant to the July 2017 Stipulation, Docket No. 170 in Case No. 17-bk-3566, regarding "the validity, priority, extent and enforceability of the prepetition and postpetition liens and security interests asserted by the Bondholders with respect to the ERS Bonds." (Lien Scope Answer.)

**Response to Request Nos. 35–37**:  The Committees and the Government Parties have stated that Document Requests 35 through 37 are not related to discovery in the Ultra Vires Proceedings.

**Request No. 38:**  All Documents relating to, referenced in, or supporting the ERS Bondholders' Response and Your Joinder to the ERS Bondholders' Response.

**Response to Request No. 38**:  The Fiscal Agent objects on the grounds that this Discovery Request is overbroad and ambiguous because it does not specify which types of documents that it seeks.  Further, the Fiscal Agent objects on the grounds that this Discovery Request calls for a legal conclusion to the extent it seeks documents that "support[s]" the ERS Bondholders' Response and the Fiscal Agent's Joinder, because the determination of whether a given document supports the ERS Bondholders' Response and/or the Fiscal Agent's Joinder requires an evaluation of the relevance and legal significance of the document.  The Fiscal Agent also objects to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  Further, the Fiscal Agent objects to this Document Request on the grounds that it requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.

Subject to these objections, the Fiscal Agent will produce all documents specifically

referenced in the Fiscal Agent's Joinder, to the extent that the document has not been produced previously or is not publicly available.

**Request No. 39:**  All Documents relating to, referenced in, or supporting the Lien Scope Answer.

**Request No. 40:**  All Documents relating to or supporting Your contention, if any, that ERS Bonds are an obligation of the Commonwealth as the Debtor in Case No. 17-03283-LTS.

**Request No. 41:**  All Documents supporting Your contention that You have standing to bring suit to enforce the ERS Bond Resolution and related documents.

**Request No. 42:**  All Documents which would help establish the market value of the ERS Bonds both before and after (a) the commencement of the ERS Title III Case and (b) the enactment of Joint Resolution 188 and Act 106-2017.

**Response to Request Nos. 39–42**:  The Committees and the Government Parties have stated that Document Requests 39 through 42 are not related to discovery in the Ultra Vires Proceedings.

**Request No. 43:**  All Documents relating to, referenced in, or relied upon in connection with Your response to any Request for Admission that You do not unconditionally admit.

**Response to Request No. 43**:  The Fiscal Agent objects to this Document Request as duplicative of the Requests for Admission.  The Fiscal Agent incorporates by reference its Responses and Objections to the Requests for Admission, which the Fiscal Agent will serve on December 3, 2019.  The Fiscal Agent further objects to the extent this Document Request seeks "[a]ll Documents relating to" any "Request for Admission that [the Fiscal Agent] do[es] not unconditionally admit," on the ground that such a Request is overly broad, unduly burdensome, argumentative, and not proportional to the needs of the case.

**Request No. 44:**  All Documents relating to, referenced in, or relied upon in connection with Your responses to the Committees' and Government Parties' Interrogatories dated November 1, 2019.

**Response to Request No. 44**:  The Fiscal Agent objects to this Document Request as duplicative of the Interrogatories dated November 1, 2019, and incorporates by reference its Responses and Objections to those Interrogatories, which the Fiscal Agent will serve on December

3, 2019.  The Fiscal Agent further objects to the extent this Document Request seeks "[a]ll Documents relating to" its responses to the Committees' and Government Parties' Interrogatories, on the ground that such a Request is overly broad, unduly burdensome, and not proportional to the needs of the case.  The Fiscal Agent will produce responsive, non-privileged documents, not otherwise publicly available, located after a reasonable search.

**Request No. 45:**  All Documents that You intend to rely upon or use at any evidentiary hearing or in pre- or post-hearing briefing in connection with the issue of whether the issuance of ERS Bonds was ultra vires.

**Response to Request No. 45**:  The Fiscal Agent objects to this Document Request on the grounds that it requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.  The Fiscal Agent further objects to this Document Request on the grounds that it is premature, in violation of pre-trial procedures applicable under the Federal Rules, the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.  Further, the Fiscal Agent objects to this Document Request to the extent that it seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege.  The Fiscal Agent also objects to this Document Request as overly broad and unduly burdensome because it requires Bondholders to determine, at this early stage in the proceedings, "[a]ll Documents" that they will use "at any evidentiary hearing or in pre- or post-hearing briefing."

**Request No. 46:**  All Documents produced in response to any subpoenas You serve or have served on or after November 1, 2019 in connection with the ERS Title III case.

**Response to Request No. 46**:  The Fiscal Agent objects to this Document Request on the grounds that it is overbroad, requests documents that are irrelevant to this proceeding, and requests documents that are either publicly available or in the possession, custody, or control of the Committees or the Government Parties.  The Fiscal Agent will produce responsive, non-privileged

documents produced in response to subpoenas the Fiscal Agent serves in the Ultra Vires Proceedings.

Dated: November 22, 2019
       San Juan, Puerto Rico

                                  SEPULVADO, MALDONADO & COURET

By:    */s/ Albéniz Couret-Fuentes*
            Elaine Maldonado-Matías
            USDC-PR Bar No. 217309
            Albéniz Couret-Fuentes
            USDC-PR Bar No. 222207
            304 Ponce de León Ave. – Suite 990
            San Juan, PR 00918
            Telephone: (787) 765-5656
            Facsimile: (787) 294-0073
            Email: emaldonado@smclawpr.com
            Email: acouret@smclawpr.com

            REED SMITH LLP

            */s/ Eric A. Schaffer*
            Eric A. Schaffer (pro hac vice)
            Luke A. Sizemore (pro hac vice)
            225 Fifth Avenue, Suite 1200
            Pittsburgh, PA 15222
            Telephone: (412) 288-3131
            Facsimile: (412) 288-3063
            Email: eschaffer@reedsmith.com
            Email: lsizemore@reedsmith.com

            C. Neil Gray (pro hac vice)
            599 Lexington Avenue
            New York, NY 10022
            Telephone: (212) 521-5400
            Facsimile: (212) 521-5450
            Email: cgray@reedsmith.com

            *Counsel to The Bank of New York Mellon,*
            *as fiscal agent*

# **EXHIBIT A**

[November 12, 2019 Email]

## Gray, Neil

| | |
|---|---|
| **From:** | Roche, Jennifer L. <jroche@proskauer.com> |
| **Sent:** | Tuesday, November 12, 2019 12:25 AM |
| **To:** | Sooknanan, Sparkle L. |
| **Cc:** | alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; Rosen, Brian S.; Levitan, Jeffrey W.; Dale, Margaret A.; Dalsen, William D.; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando; Schaffer, Eric A.; Sizemore, Luke A.; Gray, Neil; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse |
| **Subject:** | Re: ERS discovery |
| | |
| **Categories:** | BNYMellon |

<mark>EXTERNAL E-MAIL</mark>

Sparkle,

Please see the breakdown of the discovery requests below. Let me know if you have any questions.

Lien Scope Discovery

RFPs 1-10, 12-13, 15-17, 35-36, 41, 43-47, 50-58
ROGs 19-21, 23-26

Ultra Vires Discovery

RFPs 1, 11, 14, 18-44, 48-49, 55-58

ROGs 1-22, 26

RFAs 1-10

Jennifer L. Roche
Proskauer
310.284.5635

---

**From:** "Sooknanan, Sparkle L." <ssooknanan@jonesday.com>
**Sent:** Friday, November 8, 2019 11:02 AM
**To:** Roche, Jennifer L.
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; Rosen, Brian S.; Levitan, Jeffrey W.; Dale, Margaret A.; Dalsen, William D.; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com;

jcunningham@whitecase.com; de la Hoz, Fernando; eschaffer@reedsmith.com; lsizemore@reedsmith.com;
cgray@reedsmith.com; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse
**Subject:** RE: ERS discovery

Jennifer,

Would you please identify which particular document requests, interrogatories, and RFAs you intend to apply to the lien
scope proceedings, and which you intend to apply to the ultra vires proceedings?  Some discovery requests are
obviously related to one set of proceedings but not the other, and we do not want to presume which is which.  This is an
issue for us because not all of our clients are parties to both proceedings.  This is also becoming an issue as we work
through our objections and responses to the discovery requests. Given the upcoming deadline, we would appreciate a
response as soon as possible.

Finally, going forward please copy Geoff Stewart, Matt Papez, David Fox, and Isel Perez (all copied here) on emails
related to the lien scope and ultra vires proceedings.

Thanks very much,
Sparkle

-------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

---

**From:** Roche, Jennifer L. <jroche@proskauer.com>
**Sent:** Friday, November 1, 2019 9:05 PM
**To:** Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Sooknanan,
Sparkle L. <ssooknanan@jonesday.com>; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando
<fdelahoz@whitecase.com>; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com;
csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; eweisflener@brownrudnick.com;
rgordon@jenner.com; Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena
<irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>;
Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; suhland@omm.com;
brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>;
wdalsen@proskauer.com; Esses, Joshua <JEsses@proskauer.com>; Roche, Jennifer L. <jroche@proskauer.com>
**Subject:** ERS discovery

Dear Counsel:

Attached are the following documents:

1.  First Set of Requests for Admission of the Committees and Government Parties to the ERS Bondholder
    Groups

2.  First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups

3.  First Set of Requests of the Committees and Government Parties for Production of Documents to the ERS Bondholder Groups

4.  First Set of Requests for Admission of the Committees and Government Parties to the Fiscal Agent

5.  First Set of Interrogatories of the Committees and Government Parties to the Fiscal Agent

6.  First Set of Requests of the Committees and Government Parties for Production of Documents to the Fiscal Agent

7.  ERS's Initial Disclosures Pursuant to Rule 26(a)(1)

**Jennifer L. Roche**
Senior Counsel

**Proskauer**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.5635; tel:+13102845635
f  310.557.2193
jroche@proskauer.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.\*\*\*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 22, 2019, a true and correct copy of the

foregoing was served via electronic mail to the counsel listed below:

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR
306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

**GENOVESE JOBLOVE & BATTISTA, P.A.**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com

jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

**PROSKAUER ROSE LLP**
Martin J. Bienenstock (*Pro Hac Vice*)
Brian S. Rosen (*Pro Hac Vice*)
Jeffrey W. Levitan (*Pro Hac Vice*)
Margaret A. Dale (*Pro Hac Vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
for the Debtors*

Luis F. del Valle-Emmanuelli USDC-PR No. 209514
P.O. Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
dvelawoffices@gmail.com

OF COUNSEL FOR
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200

sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

**JENNER & BLOCK LLP**
Robert Gordon (*Pro Hac Vice*)
Richard Levin (*Pro Hac Vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (*Pro Hac Vice*)
Melissa Root (*Pro Hac Vice*)
Landon Raiford (*Pro Hac Vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

**BENNAZAR, GARCIA & MILIAN, C.S.P.**
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org

hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*


     */s/ C. Neil Gray*

C. Neil Gray