# Exhibit 5

still may wish to review closely the disclosure information regarding each of the borrowers.

State agencies may provide their own credit support for pooled financings assisting groups of local governments within the states. In that event, you may wish to consider the state's credit in addition to the local borrower's credit. There also may be implicit, but not legally enforceable, state moral obligation support for pooled local obligations sold by a state agency. See Chapter 4, "General Fund and Other Municipal Securities," in the section entitled "What Are Moral Obligation Securities?"

## What Are Conduit Financings?

In municipal market conduit financings, governmental issuers serve as conduits through which funds pass between investors and private or other governmental borrowers (Exhibit 12.7). Apart from state agencies (which may serve in such a role), often these local governments doing so, particularly in Western states, are called joint powers or interlocal agencies. The literal issuers generally do not have liability for repayment of the securities, except from funds payable by the ultimate borrowers. On occasion, however, a local issuer may support the borrower with the issuer's own credit, although the issuer continues to expect that it will be functioning as a conduit. The pure conduit settings are more common.

Most conduit issuers serve merely as facilitators to give the conduit borrowers access to the market and to the benefits of tax-exempt interest rates. The issuers, as opposed to the borrowers, generally are not substantive parties to the securities issues.

The actual issuers of the securities are acting generally as an accommodation for the borrowers. The borrowers may be other governmental entities or may be private parties. In the former case, there may be restrictions or state law idiosyncrasies that motivate the use of the conduit structure.

In the case of private borrowers, there are usually more pervasive reasons for the structure. One important goal usually is to give the private borrowers access, pursuant to federal tax law and regulations, to the tax-exemption of interest paid on the securities. Another important reason is that longer-term securities, up to 30 years, are tolerated in the public municipal securities market. Meanwhile, private borrowers may be restricted by banks or other private lenders to shorter-term maturities, such as 10 years or less, and therefore, may be required by the banks or lenders to pay higher annual debt service that impacts the borrowers' cash flows.

In a pure conduit setting, the funds invested by investors are used directly by the borrowers for the borrowers' projects or programs (although pending expenditure, the monies are likely to be in the custody of a trustee). When the borrowers make payment, the monies are paid directly to the investors (or for the investors, to the trustee). In a pure setting, the actual governmental issuers have no actual or implied liability to investors.

In pure conduit securities offerings, the borrowers are considered by the SEC to be primarily responsible for disclosure of information to investors. The literal issuers

**SMART INVESTOR TIP**

More commonly, pools consist of obligations payable from multiple local obligations. In that structure, you may receive full and timely payment only if all of the pooled obligations are paid in full and on time. Consequently, you may wish to review closely the disclosure information regarding each of the borrowers.

**KEY POINT:**

Most conduit issuers serve merely as facilitators to give the conduit borrowers access to the market and to the benefits of tax-exempt interest rates. The issuers, as opposed to the borrowers, generally are not substantive parties to the securities issues.

generally provide very little information about themselves, and generally accept no responsibility to review the borrowers' disclosures or the borrowers' compliance with securities documentation.

In that setting, the rating agencies rate the securities based upon the credits of the borrowers. When considering those conduit securities, you may wish to focus on information regarding the ultimate borrowers. Of course, if another layer of credit support is added to the borrower's credit, you may wish to consider also the additional credit.

### What Is DTC?

From the perspective of issuers and borrowers, municipal securities are not owned any longer in a literal sense by the actual investors in those securities or even by the investors' brokers or dealers.

Instead, municipal securities are owed in electronic form by book-entry through the Depository Trust Company (DTC). DTC is a subsidiary of The Depository Trust and Clearing Corporation (DTCC) (www.dtcc.com/about/subs/dtc.php).



**Conduit Financing**

Exhibit 12.7