UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

ORDER ON JOINT MOTION OF PSA CREDITORS PURSUANT TO SECTION 312 OF PROMESA
AND SECTION 105 OF THE BANKRUPTCY CODE TO IMPOSE DEADLINES FOR PLAN OF ADJUSTMENT

Before the Court is the *Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14478 in Case No. 17-3283, the "Motion"). The Motion was filed by the Ad Hoc Group of Constitutional Debtholders, the Ad Hoc Group of General Obligation Bondholders, the Lawful Constitutional Debt Coalition, and the QTCB Noteholder Group (collectively, the "PSA Creditors" or "Movants"). The Court held a hearing on the Motion on

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

October 28, 2020, and has considered carefully all of the arguments and submissions made in connection with the Motion.[2]

The Court has jurisdiction of this Motion under section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2166(a). During the October 28, 2020, Omnibus Hearing, the Court heard oral arguments and rendered an oral decision denying the Motion in part, and granting the Motion in part. This Order memorializes the Court's ruling.

As explained on the record, the parties do not dispute this Court's authority to impose deadlines, but only the propriety of imposing the deadlines requested by the PSA Creditors, together with a pre-determined sanction of dismissing the Title III case if such aggressive deadlines are not met. At issue, then, is a prudential dispute rather than a legal one.

Section 312(b) of PROMESA provides that, "[i]f the Oversight Board does not file a plan of adjustment with the petition, the Oversight Board shall file a plan of adjustment at

---

[2] In addition to the Motion, the Court has carefully reviewed the following pleadings: the *Objection of Financial Oversight and Management Board for Puerto Rico to Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14547); the *Objection of National Public Finance Guarantee Corporation to Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14555); *AAFAF's Objection to the Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14558); *Ambac Assurance Corporation's Objection to Joint Motion of PSA Creditors to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14559); the *Objection of Official Committee of Unsecured Creditors to Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14576); the *Statement of Certain ERS Bondholders Regarding Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14664); and the *Omnibus Reply in Support of Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* (Docket Entry No. 14666).

the time set by the court." 48 U.S.C.A. § 2172(b) (Westlaw through P.L. 116-179). Moreover, section 105(a) of the Bankruptcy Code, as incorporated by section 301(a) of PROMESA, supplements the Court's inherent authority to manage its docket and courtroom in an efficient manner, by recognizing the Court's authority to issue any order that is necessary or appropriate to carry out the provisions of PROMESA. 11 U.S.C. § 105(a); 48 U.S.C. § 2161(a). Although the Court is not persuaded that the specific relief requested by the PSA Creditors is appropriate, the Court does find that a near-term deadline for definitive action with respect to the contours of an amended plan proposal is necessary and should help to focus the existing members of the Board, new political leaders, and new members of the Board on the need to work with each other and with creditors to find a realistic path to an exit from Title III. Moreover, while it is certainly true that progress has been made in the more than three years that these cases have been pending, despite an extraordinary confluence of natural disasters and political upheaval, there probably will never be a time when the unexpected cannot be expected to occur and a confirmable plan, preferably a substantially consensual one, is necessary for Puerto Rico and its instrumentalities to truly move forward as contemplated by PROMESA.

The Court agrees with the objecting parties that the deadlines sought by Movants are unrealistically harsh, and Movants have not opposed the Court's suggestion, on the record, to set a deadline of February 10, 2021, for a substantial filing from the Oversight Board. This Court finds that deadline appropriate given that the ongoing pandemic restrictions, changes in Oversight Board membership, and Puerto Rico's elections and ensuing political transitions will affect the government's ability to take definitive action in the restructuring process through at least the end of the current year, and that setting a schedule that requires commitments and

triggers a tight formal process that begins before next year is a recipe for dysfunction. Thus, the specific relief requested is denied.

Nevertheless, the Court is persuaded that successful work, including meaningful negotiations, may be facilitated by imposing a deadline for the Oversight Board to produce a substantial product early in 2021. The Oversight Board's most recent status report stated that it intends to proceed on an amended version of the current plan of adjustment rather than proceed on the current plan proposal or start from scratch. (See *Status Report of Financial Oversight and Management Board for Puerto Rico Regarding COVID-19 Pandemic and Proposed Disclosure Statement Schedule*, Docket Entry No. 14923 ¶ 17.) Section 312 of PROMESA empowers the Court to set a deadline for the filing of a plan of adjustment. 48 U.S.C. § 2172(b). Logically, the statute also empowers the Court to set deadlines relating to plan amendments. Section 105(a) of the Bankruptcy Code and the Court's inherent authority provide ample grounds for the Court to require the Oversight Board, which must lead this process and stake out the territory for a confirmable plan of adjustment, consensual or otherwise, to formulate and disclose the material terms upon which it intends to proceed before a formal amended plan is filed.

Accordingly, the Oversight Board is hereby ordered to file with this Court by February 10, 2021, at a minimum, an informative motion presenting a term sheet disclosing the material economic and structural features of an amended plan of adjustment that the Oversight Board intends to propose for confirmation, and a motion for approval of a proposed timetable for the filing of an amended plan and proposed disclosure statement (if one has not yet been filed), discovery and litigation in connection with such proposal, solicitation, voting, and confirmation proceedings. If the Oversight Board has not filed a formal proposed amended plan and disclosure statement by February 10, 2021, the proposed timetable must include a very tight time

allowance for filing of the actual amended plan and disclosure statement.  In developing the amended plan of adjustment, the Oversight Board and relevant stakeholders are encouraged to negotiate responsibly and in good faith.  Failure to comply with the February 10, 2021, deadline may result in the consideration of more stringent measures.  On the outside chance that uncontrollable factors prevent compliance with this deadline, any motion for an extension of the deadline must be timely and must include a specific explanation of the impediment(s) and facts justifying the specific extension requested.

Nothing in this Order precludes the Oversight Board from filing a formal amended plan of adjustment and disclosure statement by the deadline, but the Oversight Board is expected, at a minimum, to disclose the basic material elements of its plan proposal.  The disclosure required by this Order is in addition to periodic reports pursuant to the Court's *Order Regarding Status Report of Financial Oversight and Management Board for Puerto Rico Regarding COVID-19 Pandemic and Proposed Disclosure Statement Schedule* (Docket Entry No. 14679).  In its most recent such status report, the Oversight Board has proposed to file a further status report by December 4, 2020.  (Docket Entry No. 14923 ¶ 17.)  The next status report shall be filed by that date.

Accordingly, and for the reasons stated both here and on the record during the October 28, 2020, Omnibus Hearing, the Motion is granted to the extent that the Oversight Board

is required to develop and disclose the contours of its proposed amended plan and propose a schedule for the path to confirmation as outlined above, and is denied in all other respects.

This Order resolves Docket Entry No. 14478.

SO ORDERED.

Dated: October 29, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge