IN THE UNITED S[TATES DISTRICT COURT]
FOR THE DIST[RICT OF PUERTO RICO]

GILBERTO ROSARIO-VICENTE

    Plaintiff

v.

RUBEN GONZALEZ-FLORES; JANE
DOE 1, THE CONJUGAL PARTNERSHIP
COMPOSED BY THEM; DAMIAN RIVERA,
JANE DOE 2, THE CONJUGAL PARTNERSHIP
COMPOSED BY THEM; HECTOR GONZA-
LEZ-MATOS, JANE DOE 3, THE CONJUGAL
PARTNERSHIP COMPOSED BY THEM;
JANE ROE, JOHN ROE 1, THE CONJUGAL
PARTNERSHIP COMPOSED BY THEM; JOSE
CALDERO-LOPEZ; JOHN DOE 1, JANE DOE 4,
THE CONJUGAL PARTNERSHIP COMPOSED
BY THEM; JOHN DOE 2, JANE DOE 5, THE
CONJUGAL PARTNERSHIP COMPOSED BY
THEM; JOHN DOE 3, JANE DOE 6, THE
CONJUGAL PARTNERSHIP COMPOSED
BY THEM;

    Defendants

Exhibit 7

TRIAL BY JURY

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S INITIAL COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW**, plaintiff, **Gilberto Rosario-Vicente**, through the undersigned attorneys, Troncoso & Schell, and very respectfully states alleges and prays:

**I. JURISDICTION, VENUE AND PARTIES**

1. The instant is an action is a civil rights action in which plaintiff seeks relief for the defendant's violations of his civil rights, as guaranteed by the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth, Thirteenth and Fourteenth Amendments of the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico. This Honorable Court's jurisdiction to entertain the causes of action arising under Constitution and laws of the United States case is predicated on 28 U.S.C. §§ 1331 and 1343 and those arising state laws and Constitution is predicated on 28 U.S.C. §1367.

2. Venue lies proper in this district, as all the defendants reside in this district and all events giving rise to the claims alleged herein occurred within this district.

3. At all relevant times, plaintiff Gilberto Rosario-Vicente is of legal age, married, retired and a resident of Bo. La Plata, Carr. 14, Km. 59.2, Aibonito, Puerto Rico 00786 (his mailing address is P.O Box 195, La Plata, PR 00786), tel. (787)228-6413 and (787)637-6954.

4. At all relevant times, defendant Rubén González-Flores is a Police Officer of the Commonwealth of Puerto Rico, with the rank of Inspector, badge no. unknown, and at the time of the facts averred herein was assigned to the Aibonito Precinct.

5. At all relevant times, Jane Doe 1 is the fictitious name of the is the wife of defendant Rubén González-Flores, to whom he is married under Puerto Rico's conjugal partnership regime. Once her true name and identity are ascertained, plaintiff will proceed to amend the complaint.

6. At all relevant times, defendant Damián Rivera is a Police Officer of the Commonwealth of Puerto Rico, with badge no. unknown, and at the time of the facts averred

herein was assigned to the Aibonito Precinct under the command of defendant Rubén González-Flores.

7. At all relevant times, Jane Doe 2 is the fictitious name of the wife of defendant Damián Rivera, to whom he is married under Puerto Rico's conjugal partnership regime. Once her true name and identity are ascertained, plaintiff will proceed to amend the complaint.

8. At all relevant times, defendant Héctor González-Matos is a Police Officer of the Commonwealth of Puerto Rico, with badge no. 27697, and at the time of the facts averred herein was assigned to the Aibonito Precinct under the command of defendant Rubén González-Flores.

9. At all relevant times, Jane Doe 3 is the fictitious name of the is the wife of defendant Héctor González-Matos, to whom he is married under Puerto Rico's conjugal partnership regime. Once her true name and identity are ascertained, plaintiff will proceed to amend the complaint.

10. At all relevant times, defendant Jane Roe is a Police Officer of the Commonwealth of Puerto Rico, with badge no. unknown, and at the time of the facts averred herein was assigned to the Aibonito Precinct under the command of defendant Rubén González-Flores.

11. At all relevant times, John Roe is the fictitious name of the is the husband of defendant Jane Roe, to whom he is married under Puerto Rico's conjugal partnership regime. Once his true name and identity are ascertained, plaintiff will proceed to amend the complaint.

12. At all relevant times, defendant José Caldero-López is the Superintendent of the Police Department of the Commonwealth of Puerto Rico, and the ultimate supervisor of all the defendants herein, including those unknown defendants set forth below.

3

13. At all relevant times, John Doe 1 is the fictitious name of a policeman employed by the Commonwealth of Puerto Rico, who participated together with defendants Rubén González-Flores, Damián Rivera, Jane Doe 2 and Héctor González-Matos, in the beating, arrest and filing of vexatious criminal charges against Mr. Rosario-Vicente.

14. At all relevant times, Jane Doe 4 is the fictitious name of the is the wife of defendant John Doe 1, to whom he is married under Puerto Rico's conjugal partnership regime. Once her true name and identity are ascertained, plaintiff will proceed to amend the complaint.

15. At all relevant times, John Doe 2 is the fictitious name of a policeman employed by the Commonwealth of Puerto Rico, who participated together with defendants Rubén González-Flores, Damián Rivera, Jane Doe and Héctor González-Matos, in the beating, arrest and filing of vexatious criminal charges against Mr. Rosario-Vicente.

16. At all relevant times, Jane Doe 5 is the fictitious name of the is the wife of defendant John Doe 1, to whom he is married under Puerto Rico's conjugal partnership regime. Once her true name and identity are ascertained, plaintiff will proceed to amend the complaint.

17. At all relevant times, John Doe 2 is the fictitious name of a policeman employed by the Commonwealth of Puerto Rico, who supervised defendants Rubén González-Flores, Damián Rivera, Jane Doe 2 and Héctor González-Matos, in the beating, arrest and filing of vexatious criminal charges against Mr. Rosario-Vicente.

18. At all relevant times, Jane Doe 6 is the fictitious name of the is the wife of defendant John Doe 3, to whom he is married under Puerto Rico's conjugal partnership regime. Once her true name and identity are ascertained, plaintiff will proceed to amend the complaint.

19. All of the herein defendants are being sued both in the personal and official capacities as officers and supervisors of the Police Department of the Commonwealth of Puerto Rico.

## II. FACTS

20. Plaintiff Rosario-Vicente has had a long-standing dispute with the Municipality of Aibonito, regarding the ownership of the municipal road that was built in front of his home located at Bo. La Plata, Carr. 14, Km. 59.2, Aibonito, Puerto Rico. On the one hand, plaintiff claims that the road was illegally built through a farm which he owns, while the Municipality of Aibonita denies it. The dispute was litigated by the parties before the Commonwealth's courts, which initially held in favor of the Municipality of Aibonito.

21. On August 12, 2016, at about 10:00 a.m., Mr. Rosario-Vicente heard a vehicle "squealing tires" in the street in front of their home at Bo. La Plata, Carr. 14, Km. 59.2, Aibonito, Puerto Rico, and heard someone screaming "arráncalo, arráncalo" or "pull it out, pull it out".

22. Plaintiff's wife, Ms. Migdalia Santiago-Torres, looked out the window of their home and saw an official police vehicle of the Commonwealth of Puerto Rico driven by defendant González-Flores who was accelerating the vehicle over a piece of cement that was protruding from a hole in the street in front of their home.

23. Ms. Santiago-Torres then told her husband, Mr. Rosario-Vicente, about what was happening. Mr. Rosario-Vicente then proceeds to exit his house to verify what is happening in front of his home.

5

24. Mr. Rosario-Vicente then sees a group of people where walking down the street that goes by the front of his house, walking with the Director of Public Works of the Municipality of Aibonito, Mr. Carlos Hernández, towards his home.

25. The people walking with Mr. Hernández had mechanical equipment with them to cut trees, trimmers, machetes, and were accompanied by heavy machinery, a truck, etc. The group of people included defendant Rivera, as well as defendant González-Flores who had been using a vehicle of the Commonwealth Police Department to clear a piece of cement from a hole in the road. There was also a vehicle blocking traffic on the top of the street.

26. Mr. Rosario-Vicente then asked Mr. Hernández about the purpose of his presence in the area, and he responded that he came with the purpose of cleaning the street and to cut the trees on the side of the street. Mr. Rosario-Vicente then told him that the street had been cleaned the prior week.

27. Mr. Hernández then countered by stating that the Municipality of Aibonito had won the legal dispute with plaintiff (Mr. Rosario-Vicente as owner of the parcel of land where the street passed had filed a legal action against the Municipality of Aibonito regarding the ownership of the land) and that he came to patch the holes in the street. Mr. Rosario-Vicente responded that he had no problem with that, but that he wanted the trees in front of his house to remain, as they protected his home from vehicles that sped by the house, as in various times in the past, speeding and careless drivers had caused damages to the exterior walls of his home.

28. Mr. Hernández responded that everything would go, as the intention was to leave everything clean. Mr. Rosario-Vicente then got on one of his cars and parked it in front of his

6

home, within his property, to protect the trees in front of his house. Defendant Rivera then advised Mr. Rosario-Vicente that he would be placed under arrest.

29. In all this, plaintiff and wife were demanding for evidence of an authority, other than the word of a municipal employee, granting permission to cut down trees in his property.

30. Then defendant González-Flores goes to the township of Aibonito and returns with the "papers" from Commonwealth's Court, showing that Mr. Rosario-Vicente had lost his case against the Municipality Abonito. However, the documents did not grant permission to cut down any trees within plaintiff's property.

31. Of relevance, is the fact that defendant González-Flores has a personal interest in the dispute between plaintiff and the Municipality, as he lives further down the road subject of the dispute and uses it on a daily basis to get in and out of his home.

32. Accompanying defendant González-Flores on the date of the facts with the group of people in question, were two of his sisters, two sisters in law, a brother in law, various nieces and nephews, etc., most of whom reside in the area and also have a personal interest in the dispute, as they also use the road in question.

33. It is evident that defendant González-Flores was using his personal as Commander of the Aibonito Precinct not only for his own personal benefit, but also for the benefit of his extended family who also used the road in question for their benefit.

34. In the meantime, defendant González-Flores summoned defendants Jane Doe and Héctor González-Matos to the area to provide additional police assistance.

7

35. Upon defendant González-Flores return to the area, he proceeded to show to Mr. Rosario-Vicente the documents in question, to which he responded that an appeal had been filed before the Commonwealth's Supreme Court.

36. Defendants Jane Doe and González-Matos then placed themselves under plaintiff's garage. At a given moment, defendant González-Matos signaled Mr. Rosario-Vicente to come to him, and plaintiff complied.

37. Mr. González-Matos then asked for Mr. Rosario-Vicente's personal information (name, driver's license, social security number, etc.). Mr. Rosario-Vicente complied with this request and provided him with his name and social security number, but asked for permission to go to his home to retrieve his license.

38. When Mr. Rosario-Vicente exits his home after retrieving his license, he encounters Mr. Eliezer Torres, believed to be a friend and/or relative of defendant González-Flores, who blocked his way towards defendant González-Matos. Mr. Torres, who was 41 years old and in good physical shape (being a veteran), proceeded to reproach plaintiff about losing he case and to call Mr. Rosario-Vicente "viejo cabron" (Mr. Rosario-Vicente was 67 years old at the time) and "pendejo", among other fighting words, and Mr. Rosario-Vicente attempted to strike him with his right hand and Mr. Torres struck him back.

39. Upon viewing the exchange between Mr. Rosario-Vicente and Mr. Torres, defendant González-Flores then immediately screamed that charges would be filed against Mr. Rosario-Vicente.

8

40. As Mr. Rosario-Vicente walked towards defendant González-Matos to show him his driver's license, defendant Rivera grabbed him by the back of the head and forcefully pulled him towards the ground.

41. As a result of being shoved to the ground by defendant González-Matos and the force exerted upon him, plaintiff fell to the ground on his back, suffering trauma to his head and back, as a result of which he was unable to walk as he helplessly laid on the ground with great pain.

42. While plaintiff was in the ground in great pain and unable to move, defendant Rivera then attempted to pull him by the arms towards the side of the road and stopped from doing so when Mr. Rosario-Vicente's his wife began to scream and protest, as it was evident that her husband was seriously hurt and in great pain.

43. Defendant González-Flores then tells defendant Rivera "tu sabes lo que eso conlleva", or "you known what this entails".

44. An ambulance was then summoned to the scene, and plaintiff was taken to the Hospital Menonita in Aibonito, where T12 and L1 compression fractures in his vertebrae were diagnosed.

45. As the Hospital Menonita lacked the services of a neurosurgeon, plaintiff was transferred in ambulance to the Puerto Rico Medical Center with the following diagnosis:

   Thoracic/Lumbar Fracture/Head Trauma.

46. After a day of hospitalization, plaintiff was transferred back to his home, where he had to remain in bed for more than two (2) months, after which he was operated at Hospital

9

San Lucas in Ponce, PR. Thereafter, he has remained under medical treatment of various medical specialists, amongst them physiatrists, neurosurgeons, etc.

47. Notwithstanding the amount of treatment that plaintiff has received, as of today, he continues to suffer excruciating paint, mental anguish a partial permanent impairment of bodily functions, which hampers one or more daily living activities.

48. On the same date of the facts a criminal complaint was made against plaintiff by defendant González Matos, which was subsequently dismissed.

49. On October 21, 2015, plaintiff notified his intent to file a claim upon the Secretary of Justice of Puerto Rico, a claim that was received by said office on October 25, 2015. Upon receipt of his extrajudicial claim, plaintiff was notified that the matter was being investigated as a possible police brutality/civil rights violation by the herein defendants, all of whom were active members of the Puerto Rico Police Department and at the time of the facts averred herein were acting in their official capacities, to advance their own personal interests.

## III. LIABILITY

50. The conduct and actions of defendants acting under color of law, acting jointly and in concert, in grossly violating Mr. Rosario Vicente's civil rights was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification and was designed to an did cause specific and serious bodily harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, the Fourth and Fourteenth Amendments of the Constitution of the United States.

51. The conduct and actions of defendants police agents and supervisors named herein, failed with deliberate indifference, to prevent the gross and reckless violations of Mr. Rosario Vicente's civil rights, causing him to suffer serious bodily injury harm, pain and suffering in violation of plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, the Fourth and Fourteenth Amendments of the Constitution of the United States.

52. All the defendants acted together and conspired to deprive Mr. Rosario Vicente of his constitutional rights as guaranteed under 42 U.S.C. §1983, the Fourth and Fourteenth Amendments of the Constitution of the United States and his right to bodily integrity.

53. The acts and conduct of the defendants named herein constitute reckless disregard for a person's health and safety, negligence in the performance of their duties, malicious and negligent behavior against a law abiding citizen, all in violation of Article II, Sections 1, 7 and 10 of the Constitution of the Commonwealth of Puerto Rico, 1 L.P.R.A. §§ 10 and 11, and Article 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141 and 5142.

## IV. DAMAGES

54. As a result of the injuries inflicted by the defendants, plaintiff suffered excruciating physical pain and mental anguish in excess of the sum of $1,000,000.00.

55. As a result of the malicious and frivolous filing of criminal charges by the defendants, plaintiff suffered excruciating mental anguish in excess of the sum of $1,000,000.00.

56. As a result of the defendant's actions, plaintiff has suffered special damages in his medical care and treatment and the hiring of an attorney to represent him in the malicious and frivolous filing of criminal charges against him, all in excess of the sum of $10,000.00.

11

57. As a result of the defendants' conduct, plaintiff is entitled to punitive damages in excess of the sum of $1,000,000.00.

## V. JURY DEMAND

58. Plaintiff hereby requests trial by jury on all issues, claims and controversies set forth herein.

**WHEREFORE**, plaintiff Gilberto Rosario Vicente hereby prays for the entry of judgment ordering the defendants to pay the sums set forth herein, plus interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of May, 2016.

**I HEREBY CERTIFY** that on May 12, 2016, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

*s/ Richard Schell-Asad*
Richard Schell-Asad, Esq. - 203207
Attorney for Plaintiff
**TRONCOSO SCHELL & BOBONIS**
P.O. Box 9023352
San Juan, PR 00902-3352
Tel: (787) 722-0741
Fax: (787) 724-2563
e-mail: rschellasad@aol.com