ESTADO LIBRE ASO
TRIBUNAL DE F
SALA I

JULITZAMARY SOTO-TORRES, por
Sí, y en Representación de la Menor
JULIANYS SOFÍA MERCADO SOTO,
JULIA TORRES OLIVENCIA

    Demandantes

v.

ESTADO LIBRE ASOCIADO DE
PUERTO; ACE INSURANCE CO.,
ABC INSURANCE CO.; JOHN DOE

    Demandados

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL NÚM.: BCT2015001Y

SOBRE:

DAÑOS Y PERJUICIOS



**DEMANDA**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante, Julitzamary Soto Torres, por sí y en representación de su hija menor de edad, Julianys Sofía Mercado Soto, por conducto de los abogados que suscriben y muy respetuosamente **EXPONEN, ALEGAN** y **SOLICITAN**:

## I. IDENTIFICACIÓN DE PARTES

1. La demandante, Julitzamary Soto Torres, es mayor de edad, y madre con patria potestad (por abandono del padre) y custodia de la menor de 5 años Julianys Sofía Mercado Soto. La dirección postal de dichas demandantes es la siguiente:

    P.O. Box 1883

    San Sebastián, PR 00685

    Tel. (787)446-4407

2. La demandante Julia Torres Olivencia es la madre de la demandante Julitzamary Soto Torres y abuela de la menor Julianys Sofía Mercado. La dirección postal de dicha demandante es la siguiente:

    HC 03 Box 9194

    Lares, PR 00669

    Tel. (939)292-4924

3. La demandada, Estado Libre Asociado de Puerto Rico (en adelante "ELA")

es el ente jurídico que no tan solo está a cargo de la administración de la estructura gubernamental en Puerto Rico, sino el ente encomendado a crear y administrar un sistema de educación pública en Puerto Rico, tarea que realiza a través del Departamento de Educación. Entre las escuelas que opera el ELA, se encuentra la escuela Rafael Martínez Nadal, Lares, Puerto Rico

4. La demandada Ace Insurance Co. es una compañía de seguros que para la fecha de los eventos aquí alegados había expedido y mantenido en pleno efecto y vigor una póliza de seguros a favor de AEP, la cual provee defensa y cubierta para los hechos aquí alegados.

5. La demandada ABC Insurance Co. es el nombre ficticio de la compañía de seguros que para la fecha de los eventos aquí alegados había expedido y mantenido en pleno efecto y vigor una póliza de seguros a favor del ELA, la cual provee defensa y cubierta por los hechos aquí alegados. Una vez se conozca su verdadero nombre e identidad, se procederá a realizar la enmienda correspondiente a la presente demanda.

6. El demandado John Doe es el nombre ficticio de aquella persona natural o jurídica la cual por cuyas acciones u omisiones pudiere ser responsable ante la parte demandante por los hechos y daños aquí alegados. Una vez se conozca su verdadero nombre e identidad, se procederá a realizar la enmienda correspondiente a la presente demanda.

**II. HECHOS**

7. Para el 3 de septiembre de 2015, la menor Julianys cursaba su primer semestre del grado kinder en la escuela Rafael Martínez Nadal, Lares, Puerto Rico.

8. Como de costumbre, su madre Julitzamary Soto Torres llevó a su hija Julianys a eso de las 8:00 a.m. a la escuela Rafael Martínez Nadal, entregándola personalmente a la maestra Maritza Segarra, maestra de salón hogar de kinder, en el salón donde se encontraban localizados los estudiantes de dicho grado.

9. Luego de ello, Julitzamary Soto Torres pasó a eso de las 11:00 a.m. por el salón donde su hija Julianys cursaba estudios, la lleva al comedor escolar, pasando la hora de almuerzo con su hija, y luego a las 12:30 p.m., vuelve a entregar a su hija a la

2

maestra Martiza Segarra, en el salón donde se cursaban los estudios de kinder.

10. A eso de las 2:30 p.m., la Sra. Soto Torres recibe una llamada de parte de la Sra. Alma González, Directora de la escuela Rafael Martínez Nadal, quien le informa que Julianys "le habían dado en el ojo con un lápiz" y que pasara a "chequearla".

11. La Sra. Soto Torres se personifica inmediatamente a la escuela Rafael Martínez Nadal, y procede a ver a su hija que se encontraba en un salón contiguo al salón de clases de kinder, con una servilleta tapándose el ojo izquierdo. En ese momento la Sra. González le indica a la Sra. Soto Torres que "fue que le chaspeó el ojo con un lápiz".

12. La Sra. Soto Torres procede a quitarla la servilleta del ojo a su hija Julianys, y se percata de que tenía una herida profunda en el ojo izquierdo. En respuesta al comentario de "chaspeo", la Sra. Soto Torres le indica a ésta que a su hija le habían guayado el ojo. La Directora procede entonces a admitir que había procedido a llamarle debido a la menor Julianys había llorado y sus lágrimas eran de sangre.

13. La Sra. Soto Torres y procedió a llevar a su hija a una optómetra en San Sebastián, de nombre Magaly González Mestre (calle Ruiz Belvis #200, San Sebastián, PR 00685), quien luego de evaluar a Julianys le diagnostica lo siguiente:

- Trauma ojo izquierdo
- Hyphema
- Laceración de córnea
- Laceración del iris

Ante la gravedad de dichos diagnósticos, procede a referir a Julianys al Centro Médico de Puerto Rico, para ulterior tratamiento.

14. Luego de que se le brindaran primeros auxilios a Julianys, la Dra. González Mestre realiza las gestiones pertinentes para que la evaluaran en el Hospital Pediátrico en el Centro Médico.

15. Conforme a las instrucciones brindadas por la Dra. González Mestre, la Sra. Soto Torres procede a llevar a su hija al Hospital Pediátrico, donde es recibida por el personal médico de turno.

16. Luego de ello, Julianys es evaluada por varios médicos, incluyendo la Dra.

3

Guerrero, quien confirmó los diagnósticos de la Dra. González Mestre y le indicó que la niña tenía que ser intervenida quirúrgicamente de emergencia ya que estaba botando líquido de la córnea, algo sumamente peligroso.

17. Para ese entonces, ya eran las 10:00 p.m. y luego de ello se realizaron las pruebas y estudios diagnósticos pertinentes, tales como "biometría", sonograma y CT del ojo izquierdo. En la mañana siguiente, a eso de las 11:00 a.m., Julianys es pasada a sala de operaciones.

18. El procedimiento realizado fue uno de "reparación de la laceración de la córnea izquierda", el cual es la primera intervención de múltiples intervenciones que Julianys habrá de requerir en el futuro.

19. Al día siguiente, al verificar la condición de Julianys, los médicos se percatan que seguía botando líquido por la córnea, por lo que tiene que volver a ser intervenida por una segunda ocasión. La intervención comenzó a eso de las 4:00 p.m., y terminó a eso de las 11:00 p.m.

20. Finalmente, Julianys fue dada de alta del Hospital Pediátrico el domingo 6 de septiembre de 2015.

21. No obstante, Julianys está siendo evaluada semanalmente, comenzando el miércoles 9 de septiembre de 2015, al presente.

22. Mientras la menor Julianys estaba hospitalizada en el Hospital Pediátrico, unos dos días luego de haber sido ingresada, la Sra. Soto Torres recibe una llamada de la Sra. Marangelis González (tel. 939-259-8517), madre del menor Joxwell González González, quien le indica que le accidente ocurrió mientras su hijo estaba sentado en la misma mesa de Julianys, justo a su lado izquierdo, y la nena al lado de Joxwell, la menor Yaleidys Pérez Acevedo (hija de Alexandra Acevedo tel. 787-201-1729), le quita el lápiz de la mano a Joxwell y comienza un forcejeo entre ambos que resulta en que Joxwell prevalezca en el mismo pero se zafa el lápiz de su manos y se lo entierra en el ojo izquierdo a Julianys.

23. A todo esto, la maestra a cargo del grupo, la Sra. Maritza Segarra se encontraba en el salón, Julianys le informa lo sucedido y ella simplemente la manda a lavarse el ojo.

4

24. La Sra. Soto Torres conoce de que el personal de la escuela Rafael Martínez Nadal preparó y cumplimentó un informe de incidente, pero se han negado a brindarle copia de éste.

25. La menor Julianys ha requerido, y habrá de requerir en el futuro, de extenso tratamiento médico en su ojo izquierdo. No empece a la naturaleza y extensión del tratamiento que se le ha brindado, y aquel que se le habrá de brindar, Julianys ha sufrido daños permanentes e irreparables en su ojo izquierdo y nunca habrá de gozar de una visión perfecta. Por el contrario, la prognosis médica es que su visión por el ojo izquierdo habrá de ser pobre.

26. Durante todo el periodo de tiempo aquí relatado, la Sra. Soto Torres ha estado al lado de su hija Julianys, asistiéndole en todas sus necesidades y ha sufrido de intensas y profundas angustias mentales ante los daños y sufrimiento de su hija.

27. De igual forma, como abuela, la Sra. Torres Olivencia ha sufrido de profundas angustias mentales al ver los daños sufridos por su nieta, y le ha asistido a ésta en todo el tratamiento médico que ha recibido.

## II. RESPONSABILIDAD

28. La escuela tiene el deber de proveerle a sus alumnos un ambiente seguro, donde puedan ser educados. Como parte de dicho deber, los maestros tienen la responsabilidad de velar por el comportamiento de los alumnos a su cargo, a fin de que no sufran daños como resultado de sus propios actos, o le ocasionen daños a otros estudiantes.

29. En lo que respecta a los eventos aquí aseverados, los demandados, por virtud de la maestra a cargo de kínder, la Sra. Maritza Segarra, y de la Directora, Sra. Alma González, incumplió su deber de proveerle un lugar seguro a la menor Julianys donde ésta pudiera recibir su educación.

30. Al igual que los padres, los maestros tienen el deber de velar por el comportamiento de los estudiantes a su cargo. La omisión en desempeño de dicha obligación, es fuente de responsabilidad por la escuela, en este caso por ELA, a tenor con la doctrina de responsabilidad vicaria. En el caso específico que nos ocupa, la maestra a cargo de kínder, la Sra. Maritza Segarra, y de la Directora, Sra. Alma

5

González, incumplieron su deber de vigilancia de los estudiantes a su cargo, por cuyo motivo el ELA es responsable por los daños aquí reclamados.

31. En adición, los demandados, por virtud de la maestra a cargo de kinder, la Sra. Maritza Segarra, y de la Directora, Sra. Alma González, incumplieron su deber de controlar el comportamiento de los estudiantes a su cargo, en específico los menores Joxwell González González y Yaleidys Pérez Acevedo, siendo previsible que la conducta desplegada por éstos previo al accidente ocasionara daños como los sufridos por la menor Julianys.

32. Los demandados violaron su deber de vigilancia al no prevenir, evitar o de otra forma controlar el comportamiento de sus estudiantes bajo su supervisión y cuidado y permitir que éstos se envolvieran en conducta como la aquí alegada (forcejeo por el control de un lápiz), conducta que es previsible que pueda resultar en daños como los sufridos por Julianys.

33. A tenor con la doctrina de culpa *in vigilando*, se presume que incurrió en negligencia por los daños aquí aseverados.

34. Las partes co-demandadas, ACE y ABC Insurance Co. le responden a la parte demandante por razón de que para la fecha de los hechos alegados en la Demanda, habían expedido y mantenían en pleno efecto y vigor pólizas de responsabilidad pública, las cuales le provee defensa y cubierta por los hechos aquí alegados. Dichos co-demandados son directamente responsables a la parte demandante por los daños sufridos como consecuencia de la negligencia de su asegurado, en virtud de los Arts. 20.001 y 20.003 del Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 2001 y 2003.

## IV. DAÑOS

35. Como consecuencia de la negligencia causada por los demandados, la menor Julianys sufrió un serio trauma a su ojo izquierdo, como resultado de lo cual ha recibido y continuará recibiendo, extenso tratamiento médico, cuya prognosis es pobre y que resultará en daños permanentes a su visión. Todo ello le ha ocasionado, y le ocasionará en el futuro, intenso dolor y profundas angustias mentales. Los daños físicos y angustias mentales de la menor Julianys se valorizan en una suma no menor de

6

$500,000.00.

36. La Sra. Soto Torres, como madre de Julianys, ha sufrido intensas y profundas angustias mentales como resultado de los daños sufridos por su hija. Dichos daños se valorizan en una suma no menor de $150,000.00.

37. La Sra. Torres Olivencia, como abuela de Julianys, ha sufrido intensas y profundas angustias mentales como resultado de los daños sufridos por su nieta. Dichos daños se valorizan en una suma no menor de $75,000.00.

38. En adición, como resultado del tratamiento médico que la menor Julianys ha recibido, y habrá de recibir, la Sra. Soto Torres ha incurrido en gastos tales como pago de deducibles médicos, medicamentos no cubiertos por seguro, gasolina en la transportación de su hija a San Juan, estacionamiento, etc. Dichos gastos se valorizan en una suma no menor de $10,000.00.

**POR TODO LO CUAL**, muy respetuosamente se solicita que este Honorable Tribunal declare **CON LUGAR** la presente Demanda y en su consecuencia condene a los demandados al pago de las cantidades reclamadas más gastos, costas y honorarios de abogado.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, hoy 20 de octubre de 2015.

Por: [signature]

**RICHARD SCHELL ASAD**
**TSPR NÚM. 8,613**

**TRONCOSO & SCHELL**
#254 Calle San José, Piso 3
Antiguo Edificio El Mundo
Viejo San Juan, PR 00901
Tel. (787)722-0741
Fax (787)724-2563
Email: rschellasad@aol.com

00095127

Sello Rentas Internas
53312-2015-0930-63001724
09/30/2015
$90.00
5120

7