UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:  PROMESA
 Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of  No. 17 BK 03283

COMMONWEALTH OF PUERTO RICO

Debtor,
---------------------------------------------------------------x

## LIFT STAY NOTICE

**(i) The identity of the movant and its contact information;**

Movant: William Soto Santiago through their attorney.

CONTACT INFORMATION:

| | |
|---|---|
| Richard Schell Asad, Esq. | José Carreras Pérez, Esq. |
| 171 Av. Carlos Chardón | 171 Av. Carlos Chardón |
| Suite 301 | Suite 301 |
| San Juan, Puerto Rico 00918 | San Juan, Puerto Rico 00918 |
| Tel. (787)626-1124 | Tel. (787)626-1124 |
| Cel. (787)559-2712 | Cel. (787)448-6530 |
| E-mail: rschellasad@aol.com | E-mail: jmcarreras2002@yahoo.com |

**(ii) The claim(s), lawsuit(s), or other proceeding(s) for which movant seeks relief from the automatic stay, including the relevant case number and court information;**

Lawsuit Caption: William Soto Santiago v. Commonwealth of Puerto Rico et al., Civil No: KDP2015-1024 filed before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part. See Exhibit 1.

Plaintiff: William Soto Santiago

Defendant subject to stay: Commonwealth of Puerto Rico

On September 23, 2014, at about 5:30 p.m., the plaintiff, William Soto Santiago, was walking from east to west, on the sidewalk of the Highway. 176, San Juan, P.R.. Highway 176, is under the control and/or jurisdiction of the Commonwealth. When he crossed the road, he fell into a hole several feet deep that was difficult to see with the naked eye. In fact, an orange plastic drone had been placed inside the hole, which was also not discernible.

Because of this, the claimant suffered a severe fall, suffering heavy blows and trauma throughout his body, but particularly on his right knee and lower back. Given the pain in his knee and back, the plaintiff went to the Emergency Room of the Hima San Pablo Hospital in Bayamón, P.R., where he had x-rays taken and multiple traumas diagnosed.

As a result of the accident in question, the plaintiff had to stay in bed for several days. Although the plaintiff received medical treatment, it still resulted in a partial and permanent physical disability, which has prevented him from performing daily and recreational activities.

### (iii) The asserted cause of action

As a result of the negligence caused by the defendants, the plaintiff, William Soto Santiago, suffered and continues to suffer severe injuries and trauma throughout his body, particularly his right knee and lumbosacral area of his back. In addition, the plaintiff suffered and continues to suffer intense mental anguish.

The physical damages and mental anguish suffered by the plaintiff are valued at no less than ONE HUNDRED THOUSAND DOLLARS ($100,000.00), for which the defendants are jointly and severally liable.

### (iv) Status of the underlying claim(s), lawsuit(s), or proceeding(s);

The case is at the final stage of entering judgement. Additionally, a proof of claim has been filed. See Exhibit 2.

**(v) Cause as to why the stay should be lifted;**

Movant in this case are seeking to lift the automatic stay for the unique purpose of conducting discovery from debtor Commonwealth of Puerto Rico related to the complaint mention above

*Automatic Stay*

It is well established that the automatic stay is the most basic protection afforded by a bankruptcy. *Midatlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 594, 503 (1986.) The intent of the automatic stay is to provide breathing room to the debtor by halting collection efforts. *In re Soares,* 107 F. 3d 969, 976 (CA1 1997). Such automatic stay, however, is not all-encompassing.

In the case of *Brigade Leveraged Capital Structures Fund Ltd. v. Alejandro García-Padilla et al.*, 217 F. Supp. 3d 508, 517 (1st Cir. 2016), and in view of the fact that PROMESA does not define what constitutes cause for purposes of prevailing in a request for relief from the automatic stay, the First Circuit Court of Appeals established the governing standard for vacating the automatic stay "for cause" in the context of PROMESA. Specifically, the First Circuit held that, notwithstanding the actual necessity of the stay to address an imminent fiscal crisis, Congress anticipated that "certain circumstances might justify relief from the stay's significant and rigid effects. It therefore included a form of safety valve in section 405(e) of PROMESA to allow certain holders of liability claims against the Government of Puerto Rico to proceed with their actions, provided that they could effectively demonstrate "cause" for doing so".

Section 362 (d)(1) of the Bankruptcy Code, 11 USC § 362(d)(1), establishes:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The Bankruptcy Court in the PROMESA case has already established that Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the automatic stay, courts examine numerous factors, including those set forth in *Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280 (2d Cir. 1990).3 See *Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax, at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.,* 369 B.R. 87, 94-5 (D.P.R. 2007)).

The twelve factors adopted by the Second Circuit in Sonnax are:

(1) Whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) Whether the other proceeding involves the debtor as a fiduciary;
(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) Whether the debtor's insurer has assumed full responsibility for defending it;
(6) Whether the action primarily involves third parties;
(7) Whether litigation in another forum would prejudice the interests of other creditors;
(8) Whether the judgment claim arising from the other action is subject to equitable subordination;
(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) The interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceedings; and
(12) Impact of the stay on the parties and the balance of harms.

See In *re Sonnax Indus., Inc.*, 907 F.2d at 1286.

In the end, however, the process of evaluating whether there is sufficient "cause" to vacate the automatic stay in bankruptcy cases requires the court to engage in an equitable, case-by-case balancing of the various harms at stake. See, e.g., *Peerless Ins. Co. v. Rivera*, 208 B.R. 313, 315 (D.R.I. 1997) (suggesting that cause generally exists "when the harm that would result from a continuation of the stay would outweigh any harm that might be suffered by

the debtor . . . if the stay is lifted."); *In re Robinson*, 169 B.R. 356, 359 (E.D. Va. 1994) (noting that, "in deciding whether 'cause' has been shown, the bankruptcy court must balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor" if it is.); *In re Turner*, 161 B.R. 1, 3 (Bankr. D. Me. 1993) ("Cause may exist for lifting the stay whenever the stay harms the creditor and lifting the stay will not unduly harm the debtor."); *In re Harris*, 85 B.R. 858, 860 (Bankr. D. Colo. 1988) (holding that vacating the automatic stay is appropriate where "no great prejudice will result to the debtor" and "the hardship to the creditor resulting by continuing the stay considerably outweighs the hardship to the debtor by modification of the stay."); *In re Opelika Mfg. Corp.*, 66 B.R. 444, 448 (Bankr. N.D. Ill. 1986) ("Cause to lift the stay exists when the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors.")

### *Movants ultimate Intention*

PREPA should not object to a modification of the automatic stay set forth in Bankruotcy Code section 362, made applicable by PROMESA section 301(a), to permit the Movants in the Court of First Instance to proceed with the sought discovery. Because the Court of First Instance Action is at an intermediate stage, the Lift of Stay proposed herein to conduct discovery is appropriate given the procedural stage of the case. Such relief will balance the harm between Movant and PREPA by allowing the Court of First Instance Action to continue without requiring PREPA to expend significant time and resources.

Nothing contained in any agreement between Movants and PREPA should be construed as waiver or modification of the Title III Stay to permit the prosecution against PREPA of ay claim by anyone other than Movant as provided for herein, and PREPA will reserve all rights, defenses, and protections with respect to any other motions for relief of stay or any other matter pending in the PREPA's Title III case. PREPA will further reserve its rights with respect to any claim currently pending in the Court of First Instance or hereinafter asserted by Movants.

Granting the lift of stay will serve the interests of judicial economy and the expeditious and economical resolution as it will result in the timely resolution of the issues. Movants have establish cause that justify the lift of the automatic stay in the Title III case of PREPA.

**WHEREFORE**, Movant plaintiff respectfully pray to the Oversight Board to consent to this request for relief from the automatic stay and proceed with the Court of First Instance Action: William Soto Santiago v. Commonwealth of Puerto Rico et al., Civil No: KDP2015-1024

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this 29 of October 2020.

*s/Richard Schell Asad*

Richard Schell Asad - USDC-PR No. 122307
Attorney for Plaintiff
#171 Chardon Ave., Suite 301
San Juan, PR 00918
Tel: (787) 626-1124; (787) 559-2712
e-mail: rschellasad@aol.com

José M. Carreras Pérez - USDC-PR No. 212403
Attorney for Plaintiff
#171 Chardon Ave., Suite 301
San Juan, PR 00918
Tel: (787) 626-1124; (787) 448-6530
e-mail: jmcarreras2002@yahoo.com