```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
------------------------------------------------------------------x
In re:                                         PROMESA
                                               Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of                    No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,               (Jointly Administered)
et al.,

            Debtors.¹
------------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of                    No. 17 BK 4780-LTS

PUERTO RICO ELECTRIC POWER AUTHORITY,

            Debtor.
------------------------------------------------------------------x
```

ORDER DENYING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' MOTION TO TERMINATE RULE 9019 MOTION

Before this Court is the *Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14056 in Case No. 17-3283 and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Docket Entry No. 2144 in Case No. 17-4780, the "Motion").[2] The Motion concerns the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Section 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (Docket Entry No. 1235 in Case No. 17-4780, the "PREPA 9019 Motion"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), which seeks approval of the PREPA Restructuring Support Agreement (the "RSA") and which has been repeatedly adjourned sine die. The Court has carefully reviewed and considered all of the parties' submissions in connection with the Motion, and in connection with the *Status Report of the Government Parties Regarding the COVID-19 Pandemic and the 9019 Motion* (Docket Entry No. 14410).[3]

The gravamen of the instant Motion by the Official Committee of Unsecured Creditors (the "UCC") is that the RSA on which the PREPA 9019 Motion is premised is now defunct and is being renegotiated by the parties to it. (Mot. ¶¶ 1-4, 16-18.) From that premise, the UCC concludes that the Court lacks jurisdiction of the pending PREPA 9019 Motion on the bases of mootness and ripeness, arguing that no case or controversy can exist regarding the

---

[2] All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

[3] *Statement of Fuel Line Lenders with Respect to Motion to Terminate Rule 9019 Motion* (Docket Entry No. 14145); *Limited Joinder of SREAEE to the* Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion *and Request to Continue the Proceedings of Adversary Proceeding No. 19-00405.* (Docket Entry No. 14146); *Joint Objection of PREPA and AAFAF to Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14148, the "Government Objection"); *Official Committee of Unsecured Creditors' Reply in Support of Motion to Terminate Rule 9019 Motion* (Docket Entry No. 14197, the "Reply"); *Official Committee of Unsecured Creditors' Supplemental Brief Regarding Status Report of Government Parties* (Docket Entry No. 14447); *Government Parties' Supplemental Response to Official Committee of Unsecured Creditors' Supplemental Brief Regarding Status Report of Government Parties* (Docket Entry No. 14525).

PREPA 9019 Motion where the underlying RSA no longer exists, and where the prospects of a renegotiated RSA are undetermined. (Mot. ¶¶ 4, 14-16, 19-21.) The UCC notes that the Oversight Board has not even proposed a new hearing date for the PREPA 9019 Motion, thereby postponing resolution of the PREPA 9019 Motion indefinitely. (Mot. ¶¶ 7-12; Reply ¶ 10). The UCC argues alternatively that, in the event this Court has subject matter jurisdiction of the PREPA 9019 Motion, the Court should exercise its discretionary docket management powers to terminate the PREPA 9019 Motion without prejudice, as failure to do so enables the Oversight Board to control the claims objection process in a manner that exceeds the intent of Congress. (Mot. ¶¶ 5, 22-25, 30-31.)

The Court rejects the underlying premise of the UCC's Motion, and finds it inappropriate to pronounce dead what the parties to the RSA have not themselves terminated or rejected. Accordingly, the Court has jurisdiction of this Motion under section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2166(a).

The Court has discretionary power to manage its docket and courtroom in an efficient manner. Having considered whether to exercise that power to terminate the PREPA 9019 Motion, the Court declines to disrupt it since the parties continue to consider the underlying agreement and potential modifications to it, and the underlying RSA has not been terminated. (See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (identifying every court's inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").) Nor is the UCC currently prejudiced by the continued adjournment of the PREPA 9019 Motion, which will not persist indefinitely, as "the 9019 Motion will proceed in its current form or as amended, or it will be withdrawn." (Gov. Obj. ¶ 5.)

If the PREPA 9019 Motion goes forward, with or without amendments, the UCC's issues with respect to the propriety of the settlement of the secured status claims of the bondholders can be raised in connection with the Court's consideration of the proposed settlement. If the PREPA 9019 Motion is ultimately withdrawn and the Oversight Board continues to oppose litigation of an objection to the secured status claims, the Court will have the opportunity to consider the question of whether such litigation may go forward. Thus, under any outcome, the adjournments will not have compromised any rights of the UCC. By contrast, however, the prejudice that the Commonwealth would suffer by having claim objections intrude upon the negotiation process would be great, as it would undermine the existing consensual process contemplated by parties to the RSA with costly, time-consuming, and multifarious litigation. The Motion is therefore denied, without prejudice to renewal after April 21, 2021. This Order resolves Docket Entry No. 14056 in Case No. 17-3283 and Docket Entry No. 2144 in Case No. 17-4780.

     SO ORDERED.

Dated: November 4, 2020

                                                       /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge