UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

-------------------------------------------------------------x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

MEMORANDUM ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER AND
INFORMATIVE MOTION ABOUT MOTION FOR RECONSIDERATION FILED BEFORE
THE PUERTO RICO ENERGY BUREAU AND RECONSIDERATION LETTER BEFORE FOMB

Before the Court is the *Motion for Reconsideration of Order and Informative Motion About Motion for Reconsideration Filed Before the Puerto Rico Energy Bureau and Reconsideration Letter Before FOMB* (Docket Entry No. 14343 in Case No. 17-3283 and Docket Entry No. 2205 in Case No. 17-4780,[2] the "Motion") filed by EIF PR Resource Recovery, LLC ("EIFPR"). The Motion seeks reconsideration of this Court's September 17, 2020, *Order Granting Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (a) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief* (Docket Entry No. 14334, the "Rejection Order") and related *Memorandum Opinion Regarding Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (a) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief* (Docket Entry No. 14335, the "Memorandum Opinion"). The Rejection Order granted the *Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (a) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (b) Granting Related Relief* (Docket Entry No. 13579, as amended by Docket Entry No. 13587, the "Rejection Motion"), overruled EIFPR's response to the Rejection Motion (Docket Entry No. 2076 in Case No. 17-4780, the "Rejection Motion Response"), and, in relevant part, authorized the rejection of a power purchase and operating agreement between Energy Answers Arecibo, LLC and the Puerto Rico Electric Power Authority ("PREPA"), dated December 4, 2009 (the "PPOA"), in which EIFPR claims to have a pecuniary interest. (Rejection Mot. Resp. ¶ 3.) The Court construes EIFPR's Motion as seeking relief

---

[2] All docket entry references herein are to entries in Case No. 17-3283 unless otherwise specified.

under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"),[3] made applicable to the instant contested matter by Rule 9023 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9023. The Court has considered carefully all of the parties' submissions[4] and, for the reasons that follow, the Motion is denied and the Rejection Order remains in effect.

A party moving for relief under Rule 59(e) must (i) clearly establish a manifest error of law or fact, (ii) clearly establish a manifest injustice, (iii) present newly discovered or previously unavailable evidence, or (iv) establish an intervening change in controlling law. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). A party's disagreement with the court's decision and desire to have the court "rethink its holding" are not grounds for reconsideration. Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 234 (D.P.R. 2009).

The Motion does not identify any error of law or fact, manifest injustice, newly discovered or previously unavailable evidence, or change in relevant law. Rather, EIFPR's Motion and Reply largely reiterate the position taken by EIFPR in its Rejection Motion Response

---

[3] The outcome of the instant contested matter would, however, be the same under the standard applicable to a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006) ("Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law.") (citations omitted).

[4] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed an objection to the Motion (Docket Entry No. 14446, the "Objection") and EIFPR filed a reply in further support of its Motion (Docket Entry Nos. 14524 and 14534, the "Reply").

that rejection of the PPOA is not within the public interest. (See, e.g., Mot. ¶¶ 2, 10-11, 14; Reply ¶¶ 3-7.) The Motion further argues, consistent with the Rejection Motion Response, that the Oversight Board should recognize the purported public interest benefits of the PPOA and reconsider its decision to seek rejection of the PPOA. (Mot. ¶ 20.)

In evaluating EIFPR's response to the Rejection Motion, the Court considered and rejected these arguments. (Mem. Op. 3-4.) The Court set out the standard applicable to motions to assume or reject executory contracts, and it determined that PREPA had exercised reasoned business judgment in deciding to reject the agreements that were the subject of its Rejection Motion based upon PREPA's conclusions that the projects contemplated by the contracts were not positioned to supply energy to PREPA's consumers in the near term and that the contracts offered unfavorable terms and higher prices than are otherwise available on the market. (Id.) The Court rejected the relevance of the arguments proffered by certain parties concerning the Commonwealth's energy and environmental public policy. (Id. at 4.)

Critically, EIFPR's response to the Rejection Motion did not dispute the reasonableness of PREPA's conclusions regarding the status and terms of the PPOA.[5] Rather, the Rejection Motion Response asserted that rejection of the PPOA was inappropriate because the project contemplated by the PPOA was important "for the adequate disposal of wastes and the benefit of generating electricity with this alternate source of energy" and because EIFPR had sent a letter to the Oversight Board seeking reconsideration of its decision to reject the PPOA.

---

[5] Although the Reply asserts that the project contemplated by the PPOA met several "milestones that are costly and take years to complete" (Reply ¶¶ 13-15), that argument was not raised in the Rejection Motion Response or the Motion. Moreover, the contention that some progress has been made toward the completion of a project does not disprove PREPA's conclusions that the projects "are not positioned to supply energy to PREPA in the near term" and that other, less costly alternatives are available to PREPA. (Mem. Op. 3.)

(Rejection Mot. Resp. ¶¶ 5-6, 10.) Neither of those assertions, however, demonstrated that PREPA's decision was the product of bad faith, whim, or caprice, nor otherwise provided a basis to second-guess PREPA's business judgment. (Mem. Op. 3-4.)

In its Reply, EIFPR argues for the first time that the Court should have applied a "heightened standard" to the Rejection Motion rather than the deferential business judgment standard ordinarily applicable to motions to assume or reject executory contracts under section 365(a) of the Bankruptcy Code. (Reply ¶¶ 9-11 (citing NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984) and In re Mirant Corp., 378 F.3d 511 (5th Cir. 2004).) As a procedural matter, this argument does not merit reconsideration of the Court's Rejection Order because it was not presented in response to the Rejection Motion. See Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015) ("As we have held time and again, . . . a Rule 59(e) motion does not provide a vehicle for a party to . . . advance arguments that could and should have been presented to the district court prior to judgment.") (citation and internal quotation marks omitted). Furthermore, the Court previously considered and rejected substantially the same argument when it granted a prior motion to assume certain energy supply-related contracts pursuant to section 365(a) of the Bankruptcy Code. See In re Fin. Oversight & Mgmt. Bd. for P.R., 618 B.R. 349, 359-61 (D.P.R. 2020) ("The Supreme Court's decision in Bildisco does not extend so far as to support the notion that any contract assumption that may have a significant public impact must be subjected to a higher standard of scrutiny; many decisions taken by many debtors (including the debtors in the above-captioned Title III cases) can have far-reaching consequences for their stakeholders. . . . Furthermore, [the Fifth Circuit's decision in In re Mirant Corp.] do[es] not carve out energy supply as a general category requiring heightened scrutiny.") (citations omitted).

Finally, EIFPR's pending request that the Puerto Rico Energy Bureau ("PREB") reconsider the exclusion of the PPOA from PREPA's Integrated Resource Plan does not provide a basis for reconsideration of the Rejection Order. (See Mot. ¶ 16.) This argument was not raised in EIFPR's response to the Rejection Motion, and EIFPR has provided no legal or factual basis that would compel the Court to await PREB's consideration of EIFPR's request.

Movants have therefore failed to identify any basis under Rule 59(e) for reconsideration of the Court's decision to authorize rejection of the PPOA. Accordingly, the Motion is denied and the Rejection Order remains operative. This Order resolves Docket Entry No. 14343 in Case No. 17-3283 and Docket Entry No. 2205 in Case No. 17-4780.

SO ORDERED.

Dated: November 4, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge