# **EXHIBIT A**

# Testani, Lou

| | |
|---|---|
| **From:** | Maggio, Kevin |
| **Sent:** | Friday, October 23, 2020 9:01 PM |
| **To:** | Stafford, Laura; Alonzo, Julia D.; Pavel, Ashley; Dale, Margaret A.; Mervis, Michael T.; Febus, Chantel L.; Friedman, Peter; Roth, Joseph L.; McKeen, Elizabeth L. |
| **Cc:** | Bassett, Nicholas; Calabrese, Christine; Collins, Reed; thomas.curtin@cwt.com; Hall, Jaclyn; Jason Callen; Langley, Adam; Natbony, Bill; Ruocco, Elizabeth; casey.servais@cwt.com; martin.sosland@butlersnow.com; Miller, Atara; Paslawsky, Alexandra; Denker, Will; Ohring, Jonathan; Marcou, David; Dexter, Erin; Razzano, Elvira; Mainland, Grant; lucdespins@paulhastings.com; johnmuddlaw@gmail.com; Rosenblum, Benjamin; Stewart, Geoffrey S.; Papez, Matthew E.; Testani, Lou; Cho, Hannah; Berezin, Robert; ellen.halstead@cwt.com; Burns, Gillian; Sooknanan, Sparkle L.; Perez, Isel M.; Fox, David R.; Hughes, John |
| **Subject:** | RE: Ambac 2004 Requests re Cash/Assets |

Counsel,

Please advise whether the Government Parties are available to meet and confer on Friday, October 30, or Monday, November 2 regarding Ambac's Cash and Assets Rule 2004 Requests. Additionally, Ambac's review and analysis of documents produced by the Board and AAFAF is ongoing, but Ambac writes to follow up on certain issues that it has identified in the course of its review:

1. The Board produced a version of Exhibit J to the Amended Disclosure Statement that contains the last four digits of each account number for the 59 accounts identified in Exhibit J as having been reviewed, and advised that this version of Exhibit J would enable Ambac "to compare the account restriction classifications listed in Exhibit J with the accounts in the Duff & Phelps' master database." However, Ambac has not been able to make such a comparison with respect to all of those 59 accounts based on the information currently available. For instance, Exhibit J includes accounts identified as BPPR -0286 and BPPR -0308 and notes that those accounts are owned by the Department of Labor and Human Resources, whereas the only accounts identified as BPPR -0286 and BPPR -0308 in the "master database" are purportedly owned by the Department of Treasury. Further, Exhibit J includes an account identified as BPPR -1018, which is purportedly held by the Department of Treasury and contains approximately $556M, but the only BPPR account included in the "master database" with an account number ending in -1018 is purportedly held by PRHFA and contains approximately $39K. In light of these discrepancies (among others) and to facilitate further comparison of the accounts included in Exhibit J and the "master database," Ambac requests production of a version of Exhibit J, or a key thereto, that identifies the full account number for each of the 59 accounts identified in Exhibit J as having been reviewed.

2. Ambac requests that AAFAF clarify whether it has withheld any documents from the productions it has made to date on the basis of any claim of privilege. If any documents have been so withheld, please indicate when AAFAF will produce a privilege log.

Moreover, Ambac's review and analysis of the privilege log the Board produced on October 2, 2020 is ongoing, but Ambac requests clarification regarding the bases for the Board's assertion of attorney-client privilege with regard to both of the entries included on the privilege log and notes the following:

1. The first entry on the log relates to a memorandum summarizing a meeting between Duff & Phelps, counsel from O'Neill & Borges, and representatives of the Board and Public Housing Administration, which you indicated was protected by attorney-client privilege. However, it is unclear who prepared this memorandum and to whom it was directed. Please provide this information. In addition, please provide the Board's position as to

1

why the meeting with Duff & Phelps—which we understand serves as a consulting expert to the Board—is protected by attorney-client privilege.

2. The second entry on the log relates to an email chain purportedly between and among members of Ernst & Young ("E&Y"), PJT Partners, Proskauer Rose, and O'Neill & Borges, which you likewise indicated was protected by attorney-client privilege. However, the "Email From" and "Email To" fields list only E&Y individuals (with no one listed in the "Email CC" field), and it is unclear whether the log entry is intended to capture just the one email amongst E&Y individuals or, instead, the entire email chain. Please confirm whether the Board has withheld only the single email amongst the E&Y individuals or, instead, withheld all emails in the chain. In addition, please provide the Board's position as to why its communications with E&Y and PJT Partners—which we understand serve as financial advisors to the Board (and, in the case of PJT Partners, also as the Board's investment banker)—are protected by attorney-client privilege.

Regards,
Kevin

Kevin J. Maggio | Milbank | Associate
55 Hudson Yards | New York, NY 10001-2163
T: +1 212.530.5436
kmaggio@milbank.com | milbank.com

2