# **EXHIBIT C**

**O'Melveny**

O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660-6429

T: +1 949 823 6900
F: +1 949 823 6994
omm.com

November 5, 2020

<u>VIA E-MAIL</u>

John Hughes, III
Atara Miller
Grant Mainland
MILBANK LLP
55 Hudson Yards
New York, New York 10001

Re:     <u>*In re Fin. Oversight & Mgmt. Bd., No. 17-BK-3283-LTS* –*Commonwealth Assets Rule 2004 Requests*</u>

Counsel:

I write in response to your letter dated November 3, 2020 ("<u>November 3 Letter</u>") in connection with Ambac's Assets Rule 2004 Motion [ECF No. 9022]. By repeating Ambac's headings, AAFAF does not reflect any acceptance or agreement by AAFAF that the materials sought are within the scope of Ambac's original requests or within the acceptable bounds of Rule 2004 discovery.

**A. Category No. 1: Assets (current and transferred/encumbered)**

- *Documents sufficient to show, from January 1, 2015 to the present, the alienation or encumbrance of any assets held by the Commonwealth or its instrumentalities.*
- *A list of the Commonwealth's current assets.*

**Prioritized Commonwealth Assets.** Today AAFAF produced the following document responsive to Ambac's March 16, 2020 list of prioritized assets.[1]

| No. | Name / Description of Property | Address / Location (Geolocation Coordinates) | Ownership | Bates Number |
|---|---|---|---|---|
| 43 | World Plaza Building | 268 Av. Luis Muñoz Rivera, San Juan, 00918 (18.424481, -66.058730) | PRIFA | ASSETS_2004_0001642 |

---

[1] The information listed in the columns below was taken from Ambac's March 16, 2020 List, and by listing them here, AAFAF does not represent that the information therein is accurate.

O'Melveny

While AAFAF reiterates its objection to these overbroad requests which seek information regarding assets that are not owned by the Commonwealth, AAFAF is continuing to work with the relevant instrumentalities to determine if additional materials exist.

*AAFAF Assets Review*. Your November 3 Letter asks "whether any follow-up communications or analyses related to the certifications submitted by agencies in response to the AAFAF memorandum are available."[2] AAFAF has not located any supplemental certifications or analyses related to the certifications submitted to date. Today we produced two additional certifications.[3]

*Ad Valorem Taxes / Tax Arrears*. Your November 3 Letter reiterates your request for "information exchanged in connection with offers to purchase the Commonwealth's tax arrears portfolio" in connection with a reference in the CRIM certified Fiscal Plan to a 2017 offer. As explained on the parties' November 2, 2020 telephone call, AAFAF is working with CRIM to identify what documents may exist in CRIM's records. Our current understanding is that little documentation exists beyond the initial unsolicited offer to CRIM.[4]

Your November 3 Letter further requests "whether there is a current effort to solicit bids for [CRIM's tax arrears] portfolio." AAFAF directs Ambac to the Request for Proposals dated August 17, 2020 regarding CRIM's current efforts to value its delinquent tax debt portfolio, which is publicly available.[5]

Regarding Ambac's request for owner- and property-specific tax information, this information is created and maintained by CRIM in connection with receivables owed to CRIM. AAFAF reiterates this information is beyond the scope of a proper Rule 2004 inquiry, particularly given that CRIM is not a Title III debtor. Notwithstanding, AAFAF and CRIM are considering CRIM's obligations to preserve the confidentiality and privacy interests of individual taxpayer information under Puerto Rico law, in light of Ambac's position, as stated on the November 2, 2020 call, that it needs taxpayer-specific information to assess the value of the receivables. AAFAF further reserves all rights to object to this request as outside the permissible scope of Rule 2004 discovery.

**B. Category No. 3: Real Property Valuation and Disposal Committee**

- *Documents sufficient to show (i) AAFAF's (or any other Commonwealth instrumentality's) authority to supervise the work of the Committee; (ii) regulations governing the formalization of disposal of Commonwealth properties, including how the properties will be made available for sale and information will be made available to interested bidders; and (iii) any other strategy by AAFAF or the Committee related to*

---

[2] The "memorandum" referenced was produced at ASSETS_2004_0000601.
[3] ASSETS_2004_0001678, ASSETS_2004_0001679.
[4] Your November 3 Letter incorrectly states that AAFAF stated on the parties' November 2, 2020 call that the 2017 offer that CRIM received likely garnered "little attention from AAFAF." Rather, counsel for AAFAF stated the preliminary information communicated from CRIM is that the offer was unsolicited and was not significantly negotiated by CRIM such that there is likely not any comprehensive valuation materials along the lines of what counsel for Ambac surmised may exist during the August 28, 2020 meet and confer.
[5] https://aafaf.pr.gov/wp-content/uploads/aafaf-crim-rfp-valuation-services.pdf.

Case:17-03283-LTS Doc#:15025-3 Filed:11/05/20 Entered:11/05/20 23:02:24 Desc: Exhibit C - AAFAFs letter to Ambac dated November 5 2020 Page 4 of 4

O'Melveny

> *disposal of properties, including establishment of an online data base, as per recent statements of AAFAF Executive Director Omar Marrero.*
>
> - *Documents sufficient to identify any (i) proposals considered (whether ultimately accepted or not), (ii) transactions recently approved, and (iii) transactions currently under evaluation.*

Your September 10, 2020 letter requests that AAFAF "investigate whether two previously produced PDF documents identifying transactions approved by the Committee (ASSETS_2004_0000001, -006) are available in Excel format or other native file." CEDBI printed the PDF documents from a larger working document for the purposes of responding to Ambac's requests. Because the working document is updated on an ongoing basis CEDBI does not have a native excel file that corresponds exactly to what AAFAF produced. The working document contains information regarding properties for which a final decision to approve or reject a transaction has been made, as well as information for potential transactions that are under consideration. AAFAF renews its objection that discovery regarding transactions merely being considered by CEDBI are beyond the scope of Rule 2004 discovery. Nevertheless, in the spirit of compromise, today AAFAF produced the native files of the working documents it received from CEDBI. [6] AAFAF reserves all rights to object to any additional discovery regarding transactions under consideration.

### C. Documents Withheld on the Basis of Privilege

As your November 3 Letter notes, to date, AAFAF has not withheld any documents on the basis of privilege. While AAFAF would not object to providing a privilege log in the event it withholds responsive documents from future productions, AAFAF reserves the right to prepare a categorical log. AAFAF also objects to custodian and search term reviews on relevance and proportionately grounds and does not intend to collect any privileged documents that may be located pursuant to such a search solely for the purpose of logging them.

### D. Status Report Regarding the COVID-19 Pandemic

AAFAF directs Ambac's attention to COVID-related Executive Orders, which are publicly available.[7] The latest such Executive Order, EO-2020-077 (Oct. 16, 2020), provides that government employees must adhere to the individual work plans set by their respective agencies. AAFAF employees attend AAFAF's offices in person several times a week, on a rotating basis.

Sincerely,

/s/ *Elizabeth L. McKeen*

Elizabeth L. McKeen

---

[6] ASSETS_2004_0001653, ASSETS_2004_0001654.
[7] https://www.estado.pr.gov/en/executive-orders/.