## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY CLAIMANT ARACELIS NAZARIO [ECF NOS. 9963 AND 10203] TO THE ONE HUNDRED SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED ON SALARY DEMANDS, EMPLOYMENT, OR SERVICES PROVIDED**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Highways and Transportation Authority ("HTA"), and Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS", and together with the Commonwealth and HTA, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors") by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to identical responses, ECF No. 9963 (the "First Nazario Response") and ECF No. 10203 (the "Second Nazario Response," and together with the First Nazario Response, the "Nazario Responses"), filed by Aracelis Nazario ("Nazario"), to the *One Hundred Second Omnibus Objection of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided* [ECF No. 9552] (the "One Hundred Second Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On December 12, 2019, the Debtors filed the One Hundred Second Omnibus Objection, seeking to disallow certain proofs of claim that failed to comply with the applicable rules for filing a claim by not providing a basis for asserting a claim against the Commonwealth, HTA, ERS, or any other Title III Debtor (collectively, the "Deficient Claims"), each as listed on Exhibit A thereto. As set forth in the One Hundred Second Omnibus Objection and supporting exhibits thereto, each of the Deficient Claims purport to be based on obligations owed to the applicable claimant by the Commonwealth, HTA, or ERS, but failed to provide any information identifying the source of the obligations or explaining why the Commonwealth, HTA, ERS, or any other Title III debtor are liable to the claimant.

2. Any party who disputed the One Hundred Second Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 14, 2020, in accordance with

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

the Court-approved notice attached to the One Hundred Second Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the One Hundred Second Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 8027-1]). *See Certificate of Service* [ECF No. 9621]. Pursuant to the Court's *Order (A) Establishing Extended Deadline for Responses to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings, (B) Continuing the Hearing as to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings Until the April 22, 2020 Omnibus Hearing, (C) Approving Form of Notice and (D) Granting Related Relief* [ECF No. 12325], that deadline was subsequently extended until March 27, 2020 at 4:00 p.m. (Atlantic Standard Time).

3. The First Nazario Response was filed with the Court on January 14, 2020, and docketed as ECF No. 9963 on January 15, 2020. The Second Nazario Response was filed with the Court on January 16, 2020, and docketed as ECF No. 0203 on January 17, 2020. The Nazario Responses do not dispute that Nazario's proof of claim, which was filed against ERS on May 7, 2018, and logged by Prime Clerk as Proof of Claim No. 11823 (the "Nazario Claim"), states as the basis for the claim "Retiro," but does not provide information required to evaluate the Nazario Claim. Instead, the Nazario Responses provide documentation asserting liabilities associated with a bond purportedly issued by ERS bearing CUSIP number 29216MAC4. That CUSIP number is covered by a master proof of claim filed by The Bank of New York Mellon ("BNYM"), as fiscal agent under the Pension Funding Bond Resolution purportedly adopted on January 24, 2008, against ERS, and logged by Prime Clerk as Proof of Claim No. 16777 (the "ERS Master Claim"). The Nazario Claim therefore asserts liabilities associated with a bond issued by ERS

3

that are duplicative of the ERS Master Claim. Failure to disallow the Nazario Claim would result in Nazario potentially receiving an unwarranted double recovery against ERS, to the detriment of her stakeholders in the ERS Title III Case. Moreover, Nazario will not be prejudiced by the disallowance of the Nazario Claim, because the liabilities associated with the Nazario Claim are subsumed within the ERS Master Claim.

4. Accordingly, the Debtors respectfully request that the Court grant the One Hundred Second Omnibus Objection and disallow the Nazario Claim in its entirety.

Dated: November 11, 2020  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*  
Hermann D. Bauer  
USDC No. 215205  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

4