# EXHIBIT A

Petra Mon[redacted]
Urb. La Arboleda calle 17 casa 265
Salinas, P.R. 00751



U.S. POSTAGE PAID
FCM LG ENV
SALINAS, PR
00751
AUG 28, 20
AMOUNT
$1.20
R2305K135343-03

Abogado de la Junta de Supervisión
Proskauer Rose LLP
Eleven Times Square
New York, New York
　　　　10036-8299



**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA, la ACT y el SRE.** |

# RÉPLICA DE LA DEMANDANTE A LA DUCENTÉSIMA TRIGÉSIMA SEGUNDA OBJECIÓN GLOBAL

**Introducciones**

1. Solo debe cumplimentar y radicar el presente formulario de réplica si su reclamación guarda relación con el empleo en la actualidad o en el pasado en el Gobierno de Puerto Rico, o si su reclamación guarda relación con una acción judicial pendiente de resolución o finalizada. Si su reclamación no surge de empleo actual o anterior en el Gobierno de Puerto Rico o si su reclamación no guarda relación con una acción judicial pendiente de resolución o finalizada, su réplica debe ser radicada de conformidad con los procedimientos detallados en las páginas 3 a 4 de la Notificación que acompaña a la Ducentésima trigésima segunda objeción global.

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

2. Rogamos radique formularios de réplica separados por cada evidencia de reclamaciones a la que los Deudores se hayan opuesto. No radique un único formulario de réplica que aborde más de una evidencia de reclamaciones.

3. Rogamos conteste a todas las preguntas y a cada una de las subpreguntas aplicables.

4. Incluya tantos detalles como pueda en sus réplicas.

   a. **Sus respuestas deben proporcionar más información que la contenida en la evidencia de reclamaciones inicial.** Por ejemplo, si antes escribió "Ley 96" como fundamento de su reclamación, rogamos proporcione información más detallada relativa a leyes concretas que pretende invocar, el año de adopción de dicha ley, así como de qué forma y por qué considera que esa ley concreta permite fundamentar su reclamación.

   b. Si está disponible y se aplica a su reclamación, rogamos proporcione, asimismo, lo siguiente:
      - Copia de un escrito; por ejemplo, un Escrito de demanda o una Contestación;
      - Cualquier sentencia o acuerdo de conciliación que no hayan sido pagados;
      - Notificación por escrito de la intención de radicar una reclamación acompañada de un comprobante de envío; y
      - Toda la documentación que a su criterio justifica su reclamación.

5. Si no dispone de una copia de su reclamación, podrá descargarla visitando el sitio web de Prime Clerk: https://cases.primeclerk.com/puertorico/Home-ClaimInfo.

6. Debe firmar su réplica en el lugar que se indica abajo. Si no lo hace, el secretario no aceptará la réplica a efectos de su radicación.

7. Rogamos radique el formulario cumplimentado y cualquiera de los documentos justificativos siguiendo las instrucciones de la Notificación que acompaña a la Objeción Global a su reclamación.

**Cuestionario**

1. Rogamos proporcione el nombre, la dirección, el número de teléfono y la dirección de correo electrónico 1) de la demandante que responda; 2) del abogado o representante designado de la demandante al que los abogados del ELA, la ACT o el SRE deban notificar una respuesta a la réplica, en su caso; o 3) de la parte con potestad para reconciliar, llegar a un acuerdo o de otro modo resolver la Objeción Global en nombre de la demandante.

   ☐ **Nombre:** Petra Montes Alicea

   ☐ **Dirección:** Urb. La Arboleda Calle 17 Casa 255 Salinas, P.R. 00751

2

5(d). ¿Cuál es la naturaleza de sus reclamaciones relativas al empleo (marque todas las casillas aplicables)?:

- ☐ Pensión
- ☒ Salarios no pagados
- ☐ Días de licencia por enfermedad
- ☐ Quejas con sindicato
- ☐ Vacaciones
- ☐ Otros (proporcione tanta información detallada como pueda. Adjunte páginas adicionales si fuera necesario).

_____

_____

**6. Acción judicial.** ¿Su reclamación guarda relación con una acción judicial pendiente de resolución o finalizada?

- ☐ No.
- ☒ Sí. Responda a las Preguntas 6(a) a (f).

6(a). Indique el departamento o la agencia que sean parte en la acción.
_Estado Libre Asociado de Puerto Rico (DE)_

6(b). Indique el nombre y la dirección del tribunal o de la agencia ante los cuales la acción esté pendiente de resolución.
_Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico_

6(c). Caso núm.: _17 BK 3283-LTS_

6(d). Título, epígrafe o nombre de la causa:
_La presente radicación guarda relación con ELA, La ACT y el SRE_

6(e). Estado de la causa (pendiente de resolución, apelada o finalizada):
_pendiente de resolución_

6(f). ¿Tiene una sentencia que no haya sido pagada? Sí / (No) marque su respuesta con un círculo)

En caso afirmativo, ¿cuál es la fecha y el monto de la sentencia?

_____

**FIRME ABAJO SU RÉPLICA**

_Petra Montes Alicea_
**Firma**

4



**Puerto Rico**

## Ley Núm. 96 del año 2002

(P. de la C. 2634) 2002 ley 96
(Reconsiderado)

Para conceder un aumento de sueldo de cien (100) dólares a los empleados públicos del gobierno.

### LEY NUM. 96 DE 1 DE JULIO DE 2002

Para conceder un aumento de sueldo de cien (100) dólares a los empleados públicos del Gobierno Central del Estado Libre Asociado de Puerto Rico, efectivo el 1ro. de julio de 2002.

### EXPOSICION DE MOTIVOS

Puerto Rico cuenta con miles de servidores públicos honestos y responsables que día a día dedican sus vidas al servicio de nuestra gente y buscando el bienestar de todos los puertorriqueños. El servidor público del Siglo 21, como representante de la honestidad y la dignidad del trabajo, goza de la confianza de esta Administración.

De igual forma, esta Administración está consciente de los sacrificios que realizan estos servidores públicos, quienes trabajan incesantemente para proveerle a la ciudadanía un servicio de excelencia, a cambio de una remuneración que propenda a una vida con limitaciones. Aún así, estos hombres y mujeres que honran el servicio público le siguen sirviendo con desprendimiento y dedicación a Puerto Rico.

En la década de los años ochenta, se comenzó a desarrollar una nueva orientación de la política pública en cuanto a salarios y beneficios marginales para los empleados públicos, con el propósito de colocar a éstos a la par con los empleados de la empresa privada, en la medida que lo permitan los recursos públicos. A tono con esta política pública, en el pasado se legisló para concederles aumentos generales de salario, aumentos en la aportación patronal para el pago de primas de los planes médicos, y aumentos permitidos por la Ley Núm. 89 de 12 de julio de 1979, según enmendada, conocida como "Ley de Retribución Uniforme", entre otros. Así también, diversos grupos han recibido aumentos de salarios mediante la aprobación de leyes especiales como es el caso de los policías y los maestros.

Es la intención de esta Administración y de esta Asamblea Legislativa reconocer la ardua tarea que realizan estos empleados públicos para adelantar la calidad y la eficiencia de nuestra administración pública.

Por tanto, aún ante la estrechez económica a la que nos enfrentamos, y reconociendo el reclamo de los diversos grupos que representan el sector laboral gubernamental, es imperante hacerle justicia a nuestros empleados públicos, concediéndoles un aumento salarial de cien (100) dólares mensuales a los empleados públicos que estén bajo las condiciones que más adelante se establecen.

DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:

Artículo 1.-Los aumentos concedidos al amparo de esta Ley serán de la siguiente forma:

(a) Cien (100) dólares mensuales de aumento de sueldo a los empleados públicos que al 30 de junio de 2002 estén en servicio activo, sin distinción de status ni categoría. Cuando en un puesto se prestaren servicios a jornada parcial, el aumento a concederse será proporcional a la jornada de trabajo. Aquellos empleados vinculados al servicio que no estén en servicio activo al 1ro. julio de 2002 tendrán derecho a recibir el aumento efectivo a la fecha en que se reintegren al servicio.

El aumento de sueldo se concederá aun cuando el empleado esté devengando un sueldo igual o superior al tipo máximo de la escala o que con el aumento excedan éste. Dicho aumento no afectará al margen retributivo de que disfrutan los empleados para mejoramiento salarial, ni se ajustará a escala. Disponiéndose que las acciones de personal que se efectúen con posterioridad a la vigencia del presente aumento se tramitarán conforme a las normas que emita la Oficina Central de Asesoramiento Laboral y de la Administración de Recursos Humanos, en armonía con la Ley Núm. 89 de 12 de julio de 1979, según enmendada, conocida como "Ley de Retribución Uniforme" y el Reglamento de Retribución Uniforme.

(b) Cien (100) dólares a los empleados organizados en sindicatos bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, incluidos en unidades apropiadas cuyo resultado de la fórmula bajo la Sección 7.5 de la ley antes citada es de cero o negativo. Aquellas unidades apropiadas cuyo resultado de la fórmula arroje positivo, pero menos de cien (100) dólares, recibirán un aumento equivalente a la diferencia entre cien (100) dólares y el resultado de dicha fórmula.

Artículo 2.-El costo del aumento de sueldo propuesto será sufragado por fondos a ser provistos mediante reembolso por la Oficina de Gerencia y Presupuesto, con cargo a las asignaciones que para este propósito se incluyeron en la Resolución Conjunta del Presupuesto General. Sin embargo, dicho reembolso cubrirá únicamente los sueldos que son sufragados con recursos provenientes del Fondo General. Se dispone que los empleados públicos que conforme a las fechas aquí establecidas cualifican para este aumento, pero cobran de otros fondos, recibirán los mismos aumentos con cargo a los fondos especiales federales y estatales de los cuales cobran. Las agencias para las cuales trabajen este tipo de empleados públicos deberán hacer los ajustes correspondientes en dichos fondos para otorgar aumentos salariales, según lo dispuesto en este Artículo.

Artículo 3.-Para obtener el reembolso al que se hace referencia en el Artículo 2 de esta Ley, cada agencia que sufrague dichos aumentos del Fondo General someterá a la Oficina de Gerencia y Presupuesto una relación certificada que incluya nombre del empleado, número de seguro social, clasificación del puesto, fecha en que comenzó a trabajar, sueldo devengado y costo total para la agencia del aumento concedido. Dicha certificación debe recibirse en la Oficina de Gerencia y Presupuesto no más tarde del 1ro. de septiembre de 2002.

Artículo 4.-Se excluyen de las disposiciones de esta Ley las siguientes agencias o dependencias públicas: (1) la Universidad de Puerto Rico; (2) las corporaciones públicas que tienen autoridad expresa para llevar a cabo convenios colectivos bajo las disposiciones de la Ley Núm. 130 de 8 de mayo de 1945, según enmendada; (3) los miembros uniformados de la Policía de Puerto Rico; (4) miembros del Personal del Sistema de Rango del Cuerpo de Bomberos de Puerto Rico; (5) los empleados municipales y/o aquellos que presten servicios a los municipios; (6) los empleados públicos cubiertos por la Ley

Núm. 45 de 25 de febrero de 1998, según enmendada, incluidos en unidades apropiadas cuyo resultado de la fórmula de la Sección 7.5 de la ley antes citada es igual o mayor de cien (100) dólares mensuales.

Artículo 5.- Los aumentos concedidos mediante esta Ley serán efectivos a partir del 1ro. de julio de 2002.

Artículo 6.- Los aumentos de sueldo concedidos mediante esta Ley no tienen el efecto de interrumpir el tiempo para ser acreedor de un aumento por años de servicio.

Artículo 7.- Toda disposición de ley que esté en conflicto con lo aquí dispuesto quedará sin efecto mientras tenga aplicabilidad esta Ley.

Artículo 8.- Esta Ley comenzará a regir inmediatamente después de su aprobación.

Presione Aquí para regresar al Menú anterior y seleccionar otra ley.

ADVERTENCIA

Este documento constituye un documento de las leyes del Estado Libre Asociado de P.R. que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las leyes de Puerto Rico. Su distribución electrónica se hace como un servicio público a la comunidad. Siempre busque leyes posteriores para posibles enmiendas a esta ley.

LexJuris de Puerto Rico siempre está bajo construcción.

| Home| Leyes y Jurisprudencia | Información | Agencias | Profesionales | Biografías | Historia | Pueblos de Puerto Rico| Servicios |Publicidad | Directorios | Compras | Eventos | Noticias | Entretenimiento |Publicaciones CD| Ordenanzas | Revista Jurídica |

© 1996-2002 LexJuris de Puerto Rico - Derechos Reservados