# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

## REPLY OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY CLAIMANTS VIRGEN MILAGROS VELEZ TORRES [ECF NO. 10131] AND VIRGEN ADRIA VELEZ TORRES [ECF NO. 10132] TO THE ONE HUNDRED EIGHTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED UPON UNSPECIFIED PUERTO RICO STATUTES

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Highways and

Transportation Authority ("HTA"), and Employees Retirement System for the Government of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth of Puerto Rico ("ERS", and together with the Commonwealth and HTA, the "Debtors") by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the two responses, ECF No. 10131 (the "Milagros Velez Torres Response"), filed by Virgen Milagros Velez Torres ("Milagros Velez Torres"), and ECF No. 10132 (the "Adria Velez Torres Response"), filed by Virgen Adria Velez Torres ("Adria Velez Torres") to the *One Hundred Eighteenth Omnibus Objection of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based Upon Unspecified Puerto Rico Statutes* [ECF No. 9568] (the "One Hundred Eighteenth Omnibus Objection").   In support of this Reply, the Debtors respectfully represent as follows:

1.      On December 12, 2019, the Debtors filed the One Hundred Eighteenth Omnibus Objection, seeking to disallow certain proofs of claim that failed to comply with the applicable rules for filing a claim by not providing a basis for asserting a claim against the Commonwealth, HTA, ERS, or any other Title III Debtor (collectively, the "Deficient Claims"), each as listed on Exhibit "A" thereto.   As set forth in the One Hundred Eighteenth Omnibus Objection and supporting exhibits thereto, each of the Deficient Claims purport to be based on obligations owed to the applicable claimant by the Commonwealth, HTA, or ERS, but failed to provide any information identifying the source of the obligations or explaining why the Commonwealth, HTA, ERS, or any other Title III debtor are liable to the claimant.

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2.      Any party who disputed the One Hundred Eighteenth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 14, 2020, in accordance with the Court-approved notice attached to the One Hundred Eighteenth Omnibus Objection as Exhibit "C", which was served in English and Spanish on the individual creditors subject to the One Hundred Eighteenth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 8027-1]).   Pursuant to the Court's *Order (A) Establishing Extended Deadline for Responses to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings, (B) Continuing the Hearing as to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings Until the April 22, 2020 Omnibus Hearing, (C) Approving Form of Notice and (D) Granting Related Relief* [ECF No. 12325], that deadline was subsequently extended until March 27, 2020 at 4:00 p.m. (Atlantic Standard Time).

3.      The Adria Velez Torres Response was filed with the Court on January 15, 2020, and docketed as ECF No. 10131 on January 17, 2020.   Therein, Adria Velez Torres does not dispute that her three proofs of claim, which were filed against the Commonwealth on June 27, 2018, and logged by Prime Clerk as Proofs of Claim Nos. 101788 (the "First Adria Velez Torres Claim"), 104306 (the "Second Adria Velez Torres Claim"), and 104450 (the "Third Adria Velez Torres Claim," and together with the First Adria Velez Torres Claim and the Second Adria Velez Torres Claim, the "Adria Velez Torres Claims")[3], respectively, do not provide any basis for asserting liabilities against the Commonwealth or any other Title III debtor.   Instead, the First

---

[3] Although the Adria Velez Torres Response purports to address Proofs of Claim Nos. 91584, 94640, 92983, and 104956, that appears to be in error.   The Debtors records reflect that Proofs of Claim Nos. 91584, 94640, 92983, and 104956 were filed by Sylvia Castillo López, not by Adria Velez Torres, and that Adria Velez Torres filed the Adria Velez Torres Claims.

3

Adria Velez Torres Claim asserts liabilities associated with "Ley 34," the Second Adria Velez Torres Claim asserts liabilities associated with "Ley 180," and the Third Adria Velez Torres Claim asserts liabilities associated with "Ley 96." None of the Adria Velez Torres Claims, however, provide basic information needed to understand the liabilities asserted, such as the year of the referenced law, or an explanation as to how those laws give rise to liabilities owed to Adria Velez Torres.

4.      Instead, the Adria Velez Torres Response requests an extension of time to respond and to provide any necessary documents in light of the January 2020 earthquakes and the subsequent closure of public offices. However, since the filing of the Adria Velez Torres Response, public offices in Puerto Rico reopened, but Adria Velez Torres has still not submitted any documentation in support of the Adria Velez Torres Claim. In response to the earthquakes, government offices began reopening for business on January 9, 2020, several days in advance of the January 14 Deadline, and two and a half months in advance of the March 27 Deadline. Moreover, Puerto Rico's government offices were not closed in response to the coronavirus pandemic until March 15, 2020, nearly two months after the initial January 14 Deadline. During the intermediate period, the offices of the government of Puerto Rico were open and serving the residents of Puerto Rico. Because Adria Velez Torres has not provided additional information necessary for the Debtors to reconcile the Adria Velez Torres Claims, the Adria Velez Torres Claims remain deficient.

5.      The Milagros Velez Torres Response was filed with the Court on January 15, 2020, and docketed as ECF No. 10132 on January 17, 2020. Therein, Milagros Velez Torres does not dispute that her three proofs of claim, which were filed against ERS on June 27, 2018, and logged by Prime Clerk as Proofs of Claim Nos. 100547 (the "First Milagros Velez Torres Claim"), 105016

4

(the "Second Milagros Velez Torres Claim"), and 105675 (the "Third Milagros Velez Torres Claim," and together with the First Milagros Velez Torres Claim and the Second Milagros Velez Torres Claim, the "Milagros Velez Torres Claims")[4], respectively, do not provide any basis for asserting liabilities against the Commonwealth or any other Title III debtor. Instead, the First Milagros Velez Torres Claim asserts liabilities associated with "Ley 180," the Second Milagros Velez Torres Claim asserts liabilities associated with "Ley 164," and the Third Milagros Velez Torres Claim asserts liabilities associated with "Ley 34." None of the Milagros Velez Torres Claims, however, provide basic information needed to understand the liabilities asserted, such as the year of the referenced law, or an explanation as to how those laws give rise to liabilities owed to Milagros Velez Torres.

6.      Instead, the Milagros Velez Torres Response requests an extension of time to respond and to provide any necessary documents in light of the January 2020 earthquakes and the subsequent closure of public offices. As set forth above, however, public offices were open for approximately two and a half months in advance of the March 27 Deadline for Milagros Velez Torres to submit documentation in support of the Milagros Velez Torres Claims. To date, however, the Debtors have not received any information from Milagros Velez Torres, and accordingly, the Milagros Velez Torres Claims remain deficient.

7.      Accordingly, the Debtors respectfully request that the Court grant the One Hundred Eighteenth Omnibus Objection and disallow the Adria Velez Torres Claims and the Milagros Velez Torres Claims in their entirety.

---

[4] Although the Milagros Velez Torres Response purports to address Proofs of Claim Nos. 91584, 94640, 92983, and 104956, that appears to be in error. The Debtors records reflect that Proofs of Claim Nos. 91584, 94640, 92983, and 104956 were filed by Sylvia Castillo López, not by Milagros Velez Torres, and that Milagros Velez Torres filed the Milagros Velez Torres Claims.

Dated: November 13, 2020
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Commonwealth of
Puerto Rico, Puerto Rico Highways and
Transportation Authority, and Employees
Retirement System of the Government of the
Commonwealth of Puerto Rico*