## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

## REPLY OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY CLAIMANT LUIS S. MONTANEZ REYES [ECF NO. 9741] TO THE ONE HUNDRED TWENTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO MISCELLANEOUS DEFICIENT CLAIMS

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Highways and

Transportation Authority ("HTA"), and Employees Retirement System for the Government of the

Commonwealth of Puerto Rico ("ERS", and together with the Commonwealth and HTA, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors") by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the response [ECF No. 9741] (the "Montañez Reyes Response") filed by Luis S. Montañez Reyes ("Montañez Reyes") to the *One Hundred Twenty-First Omnibus Objection of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Miscellaneous Deficient Claims* [ECF No. 9572] (the "One Hundred Twenty-First Omnibus Objection").   In support of this Reply, the Debtors respectfully represent as follows:

1.     On December 12, 2019, the Debtors filed the One Hundred Twenty-First Omnibus Objection, seeking to disallow certain proofs of claim that failed to comply with the applicable rules for filing a claim by not providing a basis for asserting a claim against the Commonwealth, HTA, ERS, or any other Title III Debtor (collectively, the "Deficient Claims"), each as listed on Exhibit "A" thereto.  As set forth in the One Hundred Twenty-First Omnibus Objection and supporting exhibits thereto, each of the Deficient Claims purport to be based on obligations owed to the applicable claimant by the Commonwealth, HTA, or ERS, but failed to provide any information identifying the source of the obligations or explaining why the Commonwealth, HTA, ERS, or any other Title III debtor are liable to the claimant.

2.     Any party who disputed the One Hundred Twenty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 14, 2020, in accordance with the Court-approved notice attached to the One Hundred Twenty-First Omnibus

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

Objection as Exhibit "C", which was served in English and Spanish on the individual creditors subject to the One Hundred Twenty-First Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 8027-1]). Pursuant to the Court's *Order (A) Establishing Extended Deadline for Responses to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings, (B) Continuing the Hearing as to Omnibus Objections Scheduled for Hearing at December 11, 2019 and January 29, 2020 Omnibus Hearings Until the April 22, 2020 Omnibus Hearing, (C) Approving Form of Notice and (D) Granting Related Relief* [ECF No. 12325], that deadline was subsequently extended until March 27, 2020 at 4:00 p.m. (Atlantic Standard Time).

3.     The Montañez Reyes Response was filed with the Court on January 2, 2020, and docketed as ECF No. 9741 on January 9, 2020. Therein, Montañez Reyes does not dispute that his two proofs of claim, which were filed against ERS on March 6, 2018 and March 19, 2018, and logged by Prime Clerk as Proofs of Claim Nos. 1120 (the "First Montañez Reyes Claim") and 3624 (the "Second Montañez Reyes Claim," and together with the First Montañez Reyes Claim, the "Claims"), respectively, do not provide any basis for asserting liabilities against ERS or any other Title III debtor. Instead, the Montañez Reyes Response attaches a brokerage account statement asserting interests in several mutual funds, each of which, in turn, may have invested in bonds issued by one or more Title III debtors.

4.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). A claimant bears the burden of establishing standing to file a proof of claim. *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). It is well established that only a creditor or the creditor's authorized agent has standing to assert a claim. Fed. R. Bankr. P. 3001(b); 11 U.S.C. §§ 501(a) ("A creditor

3

or an indenture trustee may file a proof of claim."); *In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir. 2008) ("Only a creditor or indenture trustee may file a proof of claim."). Parties with merely derivative interests lack standing to assert a claim against a debtor's estate. *Matter of Goldman*, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (finding party with "relationship with Debtor [that] is not direct, but rather derivative" was "a stranger to Debtor's bankruptcy proceedings," with "no claim against the estate's assets," and "as a general rule has no standing in Debtor's bankruptcy proceedings"); *see also In re Tower Park Properties, LLC*, 803 F.3d 450, 462-63 (9th Cir. 2015) (holding a trust beneficiary was not a party in interest); *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007) ("To the extent that the rights of a party in interest are asserted, those rights must be asserted by the party in interest, not someone else."); *In re Lopez*, 446 B.R. 12, 17 (Bankr. D. Mass. 2011) (to establish oneself as a party in interest "the moving party must be asserting its own rights and not those belonging to or derivative of a third party"); *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008) (recognizing the "general principle that 'party in interest standing does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding'" (quoting *In re Refco*, 505 F.3d at 115 n. 10)).

5.      "A creditor, under the [Bankruptcy] Code, is one who has a claim *against the debtor* or the estate," rather than "a creditor of one of the debtor's creditors." *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997). Because, at most, the Montañez Reyes Claims were filed based on Montañez Reyes' status as an alleged creditor of an alleged creditor of ERS, the Montañez Reyes Claims were not filed by an actual creditor of ERS. *See In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (holding receiver lacked standing to file a proof of claim because it was not a creditor or an authorized agent of a creditor). Instead, the Montañez Reyes Claims assert liabilities that are derivative of claims that must be asserted by the mutual funds

4

directly for any claimed recovery to be considered by the Court. *See Matter of Goldman*, 82 B.R. at 896 (finding party with "derivative" relationship has "no claim against the estate's asset" and "as a general rule has no standing in Debtor's bankruptcy proceedings"). Moreover, it is unknown whether the mutual funds still retain ownership of the suspect bonds.

6. Indeed, under nearly identical circumstances, this Court previously disallowed claims filed against COFINA and the Commonwealth by investors in mutual funds that in turn allegedly invested in COFINA bonds for "lack of an individual interest in COFINA securities." *See, e.g.*, Tr. of Mar. 13, 2019 Hr'g Before the Hon. Laura Taylor Swain [ECF No. 5969], at 64:01-10 ("THE COURT: So just so that I understand, his documentation shows that he is a mutual fund investor. To the extent any of those mutual funds actually holds COFINA bonds, the mutual fund would be the appropriate claimant, and so he has provided no evidence of a valid direct claim as against COFINA? MS. STAFFORD: Correct, your Honor. THE COURT: The objection to the claim is sustained and the claim is disallowed for lack of an individual interest in COFINA securities."); *Order Granting Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 9099]; *Memorandum Order Denying Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* [ECF No. 9121]; *Order Granting Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 9242]. Montañez Reyes is therefore not a creditor of ERS and lacks standing to assert the Montañez Reyes Claims.

7. Accordingly, the Debtors respectfully request that the Court grant the One Hundred Twenty-First Omnibus Objection and disallow the Montañez Reyes Claims in their entirety.

5

Dated: November 13, 2020
San Juan, Puerto Rico

Respectfully submitted,


/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944


/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900


*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Commonwealth of
Puerto Rico, Puerto Rico Highways and
Transportation Authority, and Employees
Retirement System of the Government of the
Commonwealth of Puerto Rico*