**Hearing Date: March 10, 2021 at 9:30 a.m. AST**
**Objection Deadline: December 7, 2020** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE TENTH APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Services To: | The Official Committee of Retired Employees of the Commonwealth of Puerto Rico |
| Retention Date: | June 27, 2017 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| Period for which compensation is sought: | June 1, 2020 through September 30, 2020 |
| Monthly Fee Statements subject to the request: | June 2020—September 2020 |
| Total compensation sought this period: | $ 1,036,851.50 |
| Total expenses sought this period: | $ 30,031.22 |
| Petition Date: | May 3, 2017 |
| Retention Date: | June 27, 2017 |
| Date of Order Approving Employment: | October 6, 2017 |
| Total compensation approved by interim order to date: | $ 9,716,117.61 |
| Total expenses approved by interim order to date: | $ 228,317.21 |
| Total compensation paid to date: | $ 10,210,975.40 |
| Total expenses paid to date: | $ 273,020.03 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Blended rate in this application for all professionals: | $ 688 |
| Number of Professionals Included in this Application: | 21 |
| Difference Between Fees Budgeted and Compensation Sought: | Not Applicable |
| Number of Professionals Billing Fewer than 15 Hours to this Case: | 9 |
| Rates Higher than Those Disclosed at Retention: | FTI adjusted some professionals' hourly rates to be reflective of promotions and other periodic rate adjustments as of April 1, 2020. All time recorded is at the current rates, which are reflected herein. |

The fee or expense totals in this application are not different from the sum of previously-served monthly statements.

This is an *interim* application.

2

The total time expended for fee application preparation during this Interim Fee Period is approximately 44.2 hours and the corresponding compensation requested is approximately $35,500.50.

| | |
|---|---|
| Objection Deadline: | December 7, 2020 (for parties other than the Fee Examiner) |

**SUMMARY OF FTI CONSULTING, INC. HOURS WORKED AND FEES INCURRED BY PROFESSIONAL BY LOCATION**
**FOR THE PERIOD JUNE 1, 2020 TO SEPTEMBER 30, 2020**

| Professional | Position | Blended Billing Rate | Mainland Hours | Mainland Fees | On-island Hours | On-island Fees | Total Hours | Total Fees |
|---|---|---|---|---|---|---|---|---|
| Collura, Lisa | Sr Managing Dir | $ 985 | 28.3 | $ 27,875.50 | - | $ - | 28.3 | $ 27,875.50 |
| Greenblatt, Matthew | Sr Managing Dir | 985 | 13.1 | 12,903.50 | - | - | 13.1 | 12,903.50 |
| Gumbs, Sean | Sr Managing Dir | 1,125 | 150.0 | 168,750.00 | - | - | 150.0 | 168,750.00 |
| Heeren, Ana | Sr Managing Dir | 925 | 30.8 | 28,490.00 | - | - | 30.8 | 28,490.00 |
| Rivera, Juan | Sr Managing Dir | 925 | 8.3 | 7,677.50 | - | - | 8.3 | 7,677.50 |
| Grunwald Kadar, Andrea [1] | Managing Dir | 915 | 165.0 | 150,975.00 | - | - | 165.0 | 150,975.00 |
| Park, Ji Yon | Managing Dir | 905 | 24.0 | 21,720.00 | - | - | 24.0 | 21,720.00 |
| Garcia Pelaez, Andres | Senior Director | 650 | 23.7 | 15,405.00 | - | - | 23.7 | 15,405.00 |
| Fitschen, Ernst | Director | 705 | 349.2 | 246,186.00 | - | - | 349.2 | 246,186.00 |
| Schwartz, Justin | Director | 550 | 2.0 | 1,100.00 | - | - | 2.0 | 1,100.00 |
| Sombuntham, Natalie | Director | 735 | 261.8 | 192,423.00 | - | - | 261.8 | 192,423.00 |
| Maassen, Thomas | Sr. Consultant | 490 | 0.2 | 98.00 | - | - | 0.2 | 98.00 |
| Smotkin, Lauren | Sr. Consultant | 450 | 10.0 | 4,500.00 | - | - | 10.0 | 4,500.00 |
| Coryea, Karoline | Consultant | 350 | 3.3 | 1,155.00 | - | - | 3.3 | 1,155.00 |
| Gower, Connor | Consultant | 380 | 227.1 | 86,298.00 | - | - | 227.1 | 86,298.00 |
| Ji, Yuhan | Consultant | 315 | 96.8 | 30,492.00 | - | - | 96.8 | 30,492.00 |
| Newton, Emilie | Consultant | 350 | 14.8 | 5,180.00 | - | - | 14.8 | 5,180.00 |
| Roussinov, Georgi | Consultant | 300 | 2.8 | 840.00 | - | - | 2.8 | 840.00 |
| Velez, Hannah | Consultant | 350 | 35.7 | 12,495.00 | - | - | 35.7 | 12,495.00 |
| Zhang, Ye | Consultant | 380 | 57.4 | 21,812.00 | - | - | 57.4 | 21,812.00 |
| Hellmund-Mora, Marili | Project Asst | 280 | 1.7 | 476.00 | - | - | 1.7 | 476.00 |
| **SUBTOTAL** | | | **1,506.0** | **$ 1,036,851.50** | **-** | **$ -** | **1,506.0** | **$ 1,036,851.50** |
| Less: 50% discount for non-working travel time | | | | - | | - | | - |
| **GRAND TOTAL** | | | | **$ 1,036,851.50** | | **$ -** | | **$ 1,036,851.50** |

(1): Ms. Grunwald Kadar has left the firm but continues to be an active project team member as an FTI contractor, as permissible pursuant to the FTI Retention Application [Dkt. 877] approved by the FTI Retention Order [Dkt. 1413].

4

Hearing Date: **March 10, 2021 at 9:30 a.m. AST**
Objection Deadline: **December 7, 2020** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## TENTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020

To the Honorable United States District Court Judge Laura Taylor Swain:

FTI Consulting, Inc. ("**FTI**"), financial advisor for The Official Committee of Retired

Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-

captioned Title III cases (the "**Title III Cases**"), hereby submits this tenth application

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

("**Application**") for allowance of compensation for professional services rendered, and reimbursement for actual and necessary expenses incurred in connection with such services, for the period from June 1, 2020 through September 30, 2020 (the "**Interim Period**").  FTI submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code,[3] 11 U.S.C. § 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")[4]; Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**")[5]; the Court's *Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor for the Committee of Retired Employees* ("**Retention Order**") [Dkt. No. 1413]; the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**") [Dkt. No. 1715]; the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Second Interim Compensation Order**") [Dkt. No. 3269]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); the Fee Examiner's November 10, 2017 Memorandum (the "**Fee Examiner Memorandum**"); the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Bankruptcy Code is codified at 11 U.S.C. §§ 101–1532.  Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[4] All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[5] The Local Rules are made applicable here by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

Court's *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness requirements for Professional Fee Applications* (the "**Presumptive Order**") [Dkt. No. 3932]; and the Court's *Order Imposing Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or Other Sub-retained Professionals* (the "**Revised Presumptive Order**") [Dkt. No. 7678]. In support of the Application, FTI submits the Certification of Sean A. Gumbs (the "**Gumbs Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

### Preliminary Statement

1.     FTI provided services to the Retiree Committee in accordance with the instructions and directions of the Retiree Committee and its counsel. The Retiree Committee represents approximately 167,000 retired employees of the Commonwealth of Puerto Rico ("**Commonwealth**" or "**Puerto Rico**") and various Commonwealth agencies and instrumentalities and their surviving beneficiaries, including Puerto Rico's retired teachers, police officers, firefighters, judges, municipal clerks, engineers, and other government workers of all categories, who hold accrued pension benefits on account of having participated in the Employee Retirement System (the "**ERS**"), the Teachers Retirement System (the "**TRS**"), and/or the Judiciary Retirement System (the "**JRS**"), among other potential post-employment benefits (the "**Retirees**"). The pensions of the Retirees, along with those held by currently active employees who have participated in the ERS, TRS, and/or JRS, are collectively underfunded by at least $50 billion. The Retirees are the largest group of creditors in these title III cases.

2.     During the Interim Period, FTI performed a variety of financial advisory services that were necessary and appropriate for the efficient and economical advancement of the Retiree Committee's interests in the Title III Cases, including, among other things: performing in-depth diligence of two fiscal plans (the May 3rd 2020 AAFAF Fiscal Plan and the May 27th 2020 FOMB

3

Certified Fiscal Plan) and the key underlying assumptions; analyzing the FY2021 Certified Budget; monitoring and analyzing the impact of COVID-19 pandemic on Puerto Rico's economy and Title III process; analyzing proposed changes made by the FOMB and PSA Creditors to the Amended Plan of Adjustment and Disclosure Statement filed on February 28, 2020 [Dkt. No. 11946 and 11947]; meeting and conferring with the Retiree Committee, its counsel and actuarial consultants on key case issues impacting Retirees; monitoring the mainland and on-island media coverage of the case, as well as developing media communications strategies in coordination with the Retiree Committee's local communications advisors; and engaging in discussions and negotiations with various constituencies.

3.    FTI's work during the Interim Period was necessary for, and beneficial to, the Retirees and served to ensure that the interests of the Retirees were properly represented and safeguarded in these Title III Cases. FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

4.    By this Application, FTI seeks allowance of compensation for actual and necessary professional services rendered by FTI as financial advisor to the Retiree Committee for the Interim Period in the amount of $1,036,851.50 and reimbursement for actual and necessary expenses incurred in the Interim Period in the amount of $30,031.22, for a total of $1,066,882.72 before any withholding tax on on-lsland professional fees for the Interim Period.

5.    This Application summarizes the services rendered by FTI on behalf of the Retiree Committee during the Interim Period.  While it is not possible or practical to describe every activity undertaken by FTI, FTI has maintained contemporaneous time records which include a detailed chronology of the daily services rendered, describing the precise nature of the work, the specific tasks performed, and the time expended by each professional.  A breakdown of the hours and fees

4

by professional and by location of work performed is annexed hereto as Exhibit B. A breakdown

of the hours and fees by task code and by location of work performed is annexed hereto as Exhibit

C. A detailed copy of the time records of work performed on the mainland for the Interim Period

is annexed hereto as Exhibit D. A detailed copy of the time records of work performed on the

island for the Interim Period is annexed hereto as Exhibit E.

6.   FTI has incurred out-of-pocket disbursements during the Interim Period broken down

into categories of charges itemized in Exhibit F. A detailed breakdown of these charges is annexed

hereto as Exhibit G.  Each charge incurred by FTI was necessary and reasonable, and was incurred

as a direct result of FTI's representation of the Retiree Committee.

7.   In accordance with the Interim Compensation Order, FTI has requested payment for

90% of the fees for actual and necessary services incurred during the Interim Period in the amount

of $933,166.35 before tax withholdings and for 100% of the expenses incurred during the Interim

Period in the amount of $30,031.22 for a total payment amount of $963,197.57.

8.   As of the date of this Application, FTI is owed $523,756.56 for professional fees

before tax withholdings and any erroneously withheld Commonwealth government contribution

taxes ($501,002.83 after 10% tax withholdings on on-island fees) and $2,000.00 for actual and

necessary expenses for a total of $525,756.56 ($503,002.83 after 10% tax withholdings on on-

island fees). FTI reserves all rights to dispute the amount of taxes withheld from the payment of

this Fee Application and any other Fee Statements and Fee Applications.

### **Jurisdiction**

9.   The United States District Court for the District of Puerto Rico (the "**Court**") has

subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

10.   Venue is proper pursuant to PROMESA section 307(a).

11.   FTI makes this Application pursuant to PROMESA sections 316 and 317, Bankruptcy Code sections 105(a) and 503(b), Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

### Background

12.   On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

13.   On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the FOMB, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

14.   On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the FOMB, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

15.   On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the FOMB, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

16.   On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

17.   On September 27, 2019, the Puerto Rico Buildings Authority ("**PBA**"), by and through the FOMB, as PBA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

6

18.   Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, PREPA, and PBA title III cases (collectively, the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015.  [See Dkt. Nos. 242, 537, 1417, 8829.]

19.   On June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Retiree Committee, consisting of the following nine individuals: Blanca Paniagua, Carmen Nunez, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, (Retired) Judge Miguel Fabre, Milagros Acevedo, Rosario Pacheco, and José Marin.[6]  [Dkt. No. 340.]

**FTI's Retention and Fee Request**

20.   On June 27, 2017, the Retiree Committee selected FTI as its financial advisor.  On August 4, 2017, the Retiree Committee filed its Application for an Order Approving the Employment of FTI Consulting, Inc. (the "**Retention Application**") [Dkt. No. 877] pursuant to section 105(a) and 1103 of the Bankruptcy Code.[7]

21.   On October 6, 2017, the Court entered the Retention Order [Dkt. No. 1413] approving FTI's retention as financial advisor to the Retiree Committee, effective June 27, 2017, on the terms and conditions identified in the Retention Application.  Pursuant to the Retention Order, FTI is entitled to compensation on an hourly fee basis for reasonable, actual, and necessary professional services rendered and reimbursement of expenses incurred in connection with the Title III Cases.

---

[6] José Marin resigned from the Retiree Committee effective April 12, 2018.

[7] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would seek authority to employ counsel pursuant to section 328.  Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moved for approval of its Retention Application pursuant to sections 105(a) and 1103(a).  *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

22.  On October 6, 2017, the Court entered an Order appointing Brady Williamson as the fee examiner (the "**Fee Examiner**") in these Title III Cases.  [Dkt. No. 1416.]

23.  On December 15, 2017, FTI filed its First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 16, 2017 Through September 30, 2017 (the "**First Interim Application**") [Dkt. No. 2051], seeking $660,431.00 in compensation and $5,298.34 in expenses.  On March 7, 2018, the Court entered an Order approving the First Interim Application (the "**First Interim Order**") [Dkt. No. 2685] in the amount of $658,246.00 in compensation and $5,072.35 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

24.  On March 19, 2018, FTI filed its Second Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1, 2017 Through January 31, 2018 (the "**Second Interim Application**") [Dkt. No. 2740], seeking $1,127,271.50 in compensation and $21,853.96 in expenses.  On June 8, 2018, the Court entered an Order approving the Second Interim Application (the "**Second Interim Order**") [Dkt. No. 3279] in the amount of $1,103,717.11 in compensation and $5,408.35 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

25.  On July 16, 2018, FTI filed its Third Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1, 2018 Through May 31, 2018 (the "**Third Interim Application**") [Dkt. No. 3543], seeking $1,877,094.50 in compensation and $18,368.45 in expenses.  On November 9, 2018, the Court entered an Order approving the Third Interim Application (the "**Third Interim Order**") [Dkt. No. 4200] in the amount of $1,822,094.50 in compensation and $18,368.45 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

8

26.  On November 16, 2018, FTI filed its Fourth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from June 1, 2018 through September 30, 2018 (the "**Fourth Interim Application**") [Dkt. No. 4269], seeking $1,235,884.50 in compensation and $18,551.08 in expenses. On March 14, 2019, the Court entered an Order approving the Fourth Interim Application (the "**Fourth Interim Order**") [Dkt. No. 5654] in the amount of $1,198,384.50 in compensation and $18,551,08 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

27.  On March 18, 2019, FTI filed its Fifth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from October 1, 2018 through January 31, 2019 (the "**Fifth Interim Application**") [Dkt. No. 5785], seeking $925,735.00 in compensation and $7,902.99 in expenses. On June 26, 2019, the Court entered an Order approving the Fifth Interim Application (the "**Fifth Interim Order**") [Dkt. No. 7670] in the amount of $885,735.00 in compensation and $7,902.99 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

28.  On July 15, 2019, FTI filed its Sixth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from February 1, 2019 through May 31, 2019 (the "**Sixth Interim Application**") [Dkt. No. 7970], seeking $1,013,373.50 in compensation and $8,153.93 in expenses. On Octoboer 29, 2019, the Court entered an Order approving the Sixth Interim Application (the "**Sixth Interim Order**") [Dkt. No. 9046] in the amount of $951,373.50 in compensation and $8,153.93 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

29.  On November 15, 2019, FTI filed its Seventh Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from June 1, 2019

9

through September 30, 2019 (the "**Seventh Interim Application**") [Dkt. No. 9181], seeking $941,221.00 in compensation and $17,787.53 in expenses. On May 18, 2020, the Court entered an Order approving the Seventh Interim Application (the "**Seventh Interim Order**") [Dkt. No. 13150] in the amount of $901,221.00 in compensation and $17,787.53 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

30.   On March 16, 2020, FTI filed its Eighth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from October 1, 2019 through January 31, 2020 (the "**Eighth Interim Application**") [Dkt. No. 12360], seeking $1,256,489.50 in compensation and $136,594.11 in expenses. On July 24, 2020, the Court entered an Order approving the Eighth Interim Application (the "**Eighth Interim Order**") [Dkt. No. 13824] in the amount of $1,211,489.50 in compensation and $136,594.11 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI. A payment of $4,600.41 is still due, comprised of erroneously withheld 1.5% Commonwealth government contribution taxes for the month of January 2020 and holdback for the Eighth Interim Period.

31.   On July 15, 2020, FTI filed its Ninth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from February 1, 2020 through May 31, 2020 (the "**Ninth Interim Application**") [Dkt. No. 13652], seeking $1,013,856.50 in compensation and $10,478.42 in expenses. On October 26, 2020, the Court entered an Order approving the Ninth Interim Application (the "**Ninth Interim Order**") [Dkt. No. 14925] in the amount of $983,856.50 in compensation and $10,478.42 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI. A payment of $87,307.59 in fees is still due, comprised of the holdback for the Ninth Interim Period before tax

withholdings and erroneously withheld 1.5% Commonwealth government contribution taxes ($84,768.84 after 10% tax withholdings on on-island fees).

32.   For the Tenth Interim Period, a payment of $410,858.83 in fees is still due, comprised of 90% of fees requested for the months of August 2020 and September 2020 and holdback for the Interim Period before tax withholdings ($410,858.83 after 10% tax withholdings on on-island fees). A payment of $2,000.00 in expenses is still due, comprised of 100% of expenses requested for the months of August 2020 and September 2020, for a total payment outstanding of $412,858.83 before tax withholdings ($412,858.83 after 10% tax withholdings on on-island fees).

33.   FTI's fees are based upon hours charged, recorded in tenth of an hour increments, at FTI's ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by FTI on behalf of the Retiree Committee.  FTI periodically adjusts its rates, generally at the start of each calendar year.

34.   The cover sheet to this Application contains a schedule setting forth all FTI professionals who have performed services in the Title III Cases during the Interim Period, the position of each individual, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore.

35.   By this Application, FTI seeks allowance of compensation in the amount of $1,036,851.50 and reimbursement of expenses in the amount of $30,031.22.  As of the date of this Application, FTI has received compensation in the amount of $625,992.67 and reimbursement of $28,031.22 of expenses for the Interim Period.

36.   This is FTI's tenth request for interim compensation in these Title III Cases.  As set forth in the Gumbs Certification, all of the services for which interim compensation is sought

herein were rendered for and on behalf of the Retiree Committee in connection with these Title III Cases.  To the best of FTI's knowledge and as disclosed in the *Declaration Of Steven Simms In Support Of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.* [Dkt. No. 877-2] (the "**Simms Declaration**") and the *Second Supplemental Declaration of Steven Simms in Support of the Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of FTI Consulting, Inc.* [Dkt. 6949] ("**Second Simms Declaration**"), FTI is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, although not required by PROMESA, and except as otherwise specified in the Simms Declaration, FTI's professionals do not hold or represent any interest adverse to the Retiree Committee.

37.  FTI has in the past represented, may currently represent, and likely in the future will represent parties in interest in these cases in connection with matters unrelated to the Retiree Committee or the Title III Cases.  In the Simms Declaration, FTI disclosed its connections to parties in interest in the Title III Cases that it has been able to ascertain using its reasonable efforts. FTI has and will continue to update such disclosures, as appropriate, if FTI becomes aware of relevant and material new information.

38.  FTI performed the services for which it is seeking compensation on behalf of the Retiree Committee and not on behalf of any other committee, creditor, or other entity.

39.  FTI has not received payment or promise of payment from any source other than the Commonwealth, for its services rendered and expenses incurred on behalf of the Retiree Committee in connection with the Title III Cases.

40.   FTI does not share fees with any professionals except to the extent permitted by section 504 of the Bankruptcy Code.

**Summary of Financial Advisory Services Provided During the Interim Period**

41.   The Title III cases have presented numerous large and complex issues that had to be addressed in order to maximize value for retiree constituents.  The Retention Order authorized FTI to render financial advisory services to the Retiree Committee.

42.   FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the Interim Period, there have been a few instances where more than one FTI professional attended meetings or mediation sessions.  These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement of multiple attendees to divide up the work was necessary under the circumstances.

43.   FTI has established, in accordance with its internal billing procedures, subject matters categories (each, a "**Matter Category**") for keeping time records of the work performed for the Retiree Committee.  A summary of the time incurred by professional and by Matter Category is attached hereto as **Exhibit B** and **Exhibit C**.  In addition, subject to redaction for attorney-client privilege, attorney work product, and confidentiality where necessary to protect the Retiree Committee, FTI's records of time worked providing professional services to the Retiree Committee are attached hereto as **Exhibit D** and **Exhibit E** for services rendered on the mainland and on-island, respectively.

44.   The primary services rendered by FTI include, but are not limited to, the Matter Categories set forth below.

**4. Analysis of the Fiscal Plan – General / Revenues**

**Fees: $141,862.50**

**Total Hours: 169.9**

45.   The time spent in this category reflects detailed analyses of two fiscal plans (the May 3rd 2020 AAFAF Fiscal Plan and the May 27th 2020 FOMB Certified Fiscal Plan), the estimated economic impact of the COVID-19 pandemic, and additional financial disclosures by AAFAF regarding actual performance of the Commonwealth during the Interim Period.

**9. Potential Avoidance Actions & Litigation**

**Fees: $133,760.00**

**Total Hours: 147.3**

46.   Time spent in this category includes conducting various analyses in connection the GO bondholder litigation and ERS bondholder litigation as part of the Commonwealth and ERS Title III proceedings.

**16. Analysis and Review of the Plan of Adjustment**

**Fees: $9,070.50**

**Total Hours: 9.9**

47.   Time spent in this category reflects review and confidential analysis of the Plan of Adjustment and Disclosure Statement filed on September 27, 2019 [Dkt No. 8765 and 8766], the Amended Plan of Adjustment and Disclosure Statement filed on February 28, 2020 [Dkt. No. 11946 and 11947], the FOMB's revised Plan of Adjustment proposal dated August 18, 2020 and the PSA Creditors' counterproposal to the FOMB's revised Plan of Adjustment proposal dated August 24, 2020 (both of which were cleansed on September 30, 2020).

**17. Analysis of Pension and Retiree Related Liabilities**

**Fees: $14,608.50**

**Total Hours: 15.1**

48. Time spent in this category includes confidential analysis of the proposed pension treatment contemplated in the various Fiscal Plans and in the Plan Support Agreement between the FOMB and the Retiree Committee dated June 7, 2019, which is documented in the the Plan of Adjustment and Disclosure Statement filed on September 27, 2019 [Dkt No. 8765 and 8766], and the Amended Plan of Adjustment and Disclosure Statement filed on February 28, 2020 [Dkt. No. 11946 and 11947].

### 18. General Meetings with Retiree Committee & Committee Professionals
**Fees: $88,945.50**

**Total Hours: 100.3**

49. Time spent in this category reflects participating in meetings and discussions with the Retiree Committee regarding latest case updates, including updates and presentations on the fiscal plans, ongoing litigation, communications strategies, upcoming court hearings, and other relevant case issues. FTI also participated in regular conference calls with the Retiree Committee's advisors to coordinate efforts and work streams, share information, discuss latest case developments and strategy, and prepare for upcoming meetings with the Retiree Committee.

### 27. Strategic Communications
**Fees: $39,093.50**
**Total Hours: 79.9**

50. Time entries in this category relate to developing and coordinating the media communications strategy and stakeholder management strategy with the local communications advisors, Marchand ICS, regarding the Plan Support Agreement between the FOMB and the Retiree Committee dated June 7, 2019 (which is reflected in the Plan of Adjustment and Disclosure Statement filed on September 27, 2019 [Dkt No. 8765 and 8766], and the Amended Plan of

Adjustment and Disclosure Statement filed on February 28, 2020 [Dkt. No. 11946 and 11947]); fact-checking press releases and opinion pieces; and monitoring media coverage of the Puerto Rico case.

### 28. Analysis of the Fiscal Plan – Economic Review
**Fees: $539,250.00**
**Total Hours: 900.7**

51.   Time spent in this category reflects confidential analysis of the of two fiscal plans, research of the estimated economic impact of the COVID-19 pandemic on the island as well as mainland U.S., economic analysis in connection with anticipated litigation, and research into issues pertinent to the Retiree Committee.

### Actual and Necessary Expenses Incurred by FTI During the Interim Period

52.   FTI incurred actual out-of-pocket expenses in connection with the rendering of professional services to the Retiree Committee during the Interim Period in the amount of $30,031.22, for which FTI respectfully requests reimbursement in full.  The disbursements and expenses have been incurred in accordance with FTI's normal practice of charging clients for expenses clearly related to and required by particular matters.  A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Interim Period, and an itemization of each expense within each category, is attached hereto as Exhibit F and Exhibit G, respectively.

### FTI's Requested Compensation and Reimbursement Should be Allowed

53.   The services for which FTI seeks compensation in this Application were, at the time provided, necessary for and beneficial to the Retiree Committee.  FTI performed these services economically, effectively, and efficiently, and they benefited the Retiree Committee.  The expenses incurred were as a direct result of FTI's representation of the Retiree Committee and are the type customarily charged to non-bankruptcy clients of FTI.  FTI respectfully submits that the

compensation and reimbursement requested are reasonable in light of the nature, extent, and value of such services to the Retiree Committee.  Accordingly, FTI submits the compensation sought in this Application is warranted and should be approved.

### Reservation of Rights and Notice

54.  It is possible that some professional time expended or expenses incurred during the Interim Period are not reflected in the Application, as such time or expenses may not have been captured in FTI's billing system on the date of filing this Application.  FTI reserves the right to include such amounts in future fee applications.

55.  Pursuant to the Interim Compensation Order, the Retiree Committee has provided notice of this Application to: (a) the U.S. Trustee; (b) counsel to the FOMB; (c) counsel to AAFAF; (d) counsel to the UCC; (e) the Fee Examiner; and (f) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

### No Prior Request

56.  No prior application for the relief requested by this Application has been made to this or any other court.

WHEREFORE, FTI respectfully requests that the Court enter an order: (a) awarding FTI compensation for professional and paraprofessional services provided during the Interim Period in the amount of $1,036,851.50; (b) reimbursement of actual, reasonable and necessary expenses incurred in the Interim Period in the amount of $30,031.22; and (c) granting such other relief as is appropriate under the circumstances.

Dated: November 16, 2020

Respectfully submitted,

*/s/ Sean A. Gumbs*
Sean A. Gumbs
3 Times Square
New York, NY 10036
sean.gumbs@fticonsulting.com
212-499-3633 (telephone)

*Financial Advisor to The Official Committee
of Retired Employees of Puerto Rico*

18