**Hearing Date**: March 10, 2021 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 7, 2020 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
                :

In re:              :

            :

THE FINANCIAL OVERSIGHT AND    :  PROMESA

MANAGEMENT BOARD FOR PUERTO RICO,   :  Title III

            :

    as representative of     :  Case No. 17-BK-3283 (LTS)

            :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,   :  (Jointly Administered)

            :

    Debtors.[1]     :

------------------------------------------------------------------------- x

## NOTICE OF HEARING ON EIGHTH INTERIM FEE APPLICATION OF KROMA ADVERTISING, INC., AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MAY 16, 2020 THROUGH SEPTEMBER 15, 2020

**PLEASE TAKE NOTICE** that a hearing on the annexed *Eighth Interim Fee Application of Kroma Advertising, Inc., as Communications Advisor to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from May 16, 2020 through September 15, 2020* (the "Application") filed by the Official Committee of Unsecured Creditors (the "Committee"),[2] pursuant to section 1103(a)(1) of the Bankruptcy Code, made

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

applicable to these cases by section 301 of the Puerto Rico Oversight, Management and

Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura

Taylor Swain, United States District Court Judge, at the United States District Court for the

District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San

Juan, Puerto Rico 00918-1767 on **March 10, 2021 at 8:30 a.m. (ET) / 9:30 a.m. (AST)** (the

"Hearing").

       **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections")

to the Application by any party other than the Fee Examiner shall be in writing, shall conform to

the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of

Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court,

including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local

Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard

copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building,

San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court,

150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall

be served in accordance with the *Second Amended Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim

Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the

Interim Compensation Order) no later than **December 7, 2020 at 3:00 p.m. (ET) / 4:00 p.m.**

**(AST)** (the "Objection Deadline").

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  November 16, 2020              */s/ G. Alexander Bongartz*

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

**Hearing Date**: March 10, 2021 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 7, 2020 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

------------------------------------------------------------------- x

:
:
:
:  PROMESA
:  Title III
:
:  Case No. 17-BK-3283 (LTS)
:
:  (Jointly Administered)
:
:
:

## EIGHTH INTERIM FEE APPLICATION OF KROMA ADVERTISING, INC., AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MAY 16, 2020 THROUGH SEPTEMBER 15, 2020

### SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Kroma Advertising, Inc. ("Kroma") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "Committee")[2] |
| Date of retention: | Order entered February 22, 2018, effective as of February 1, 2018 [Docket No. 2572] |

---

[1]   T The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| | |
|---|---|
| Period for which compensation and reimbursement are sought: | May 16, 2020 through and including September 15, 2020 (the "Application Period") |
| Amount of interim compensation sought as actual, reasonable, and necessary: | $20,000.00 |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $0.00 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $9,000.00 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Total compensation approved by interim order to date: | $710,000.00 |
| Total expenses approved by interim order to date: | $23,719.51 |
| Total allowed compensation paid to date: | $710,000.00 |
| Total allowed expenses paid to date: | $23,719.51 |

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (90%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 10% Fee Holdback |
|---|---|---|---|---|---|---|
| **Interim Fee Period: February 15, 2018 through April 15, 2018** | | | | | | |
| 4/25/18 | 2/15/18 - 3/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 6/1/18 | 3/16/18 - 4/15/18 | $27,000.00 | $19,509.35 | $30,000.00 | $19,509.35 | $3,000.00 |
| **Total** | | **$54,000.00** | **$19,509.35** | **$60,000.00** | **$19,509.35** | **$6,000.00** |
| | | | | | | |
| **Interim Fee Period: April 16, 2018 through September 15, 2018** | | | | | | |
| 8/24/18 | 4/16/18 - 5/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 8/24/18 | 5/16/18 - 6/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 8/24/18 | 6/16/18 - 7/15/18 | $27,000.00 | $4,210.16 | $30,000.00 | $4,210.16 | $3,000.00 |
| 9/24/18 | 7/16/18 - 8/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 11/8/18 | 8/16/18 - 9/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| **Total** | | **$135,000.00** | **$4,210.16** | **$150,000.00** | **$4,210.16** | **$15,000.00** |
| | | | | | | |
| **Interim Fee Period: September 16, 2018 through January 15, 2019** | | | | | | |
| 11/21/18 | 9/16/18 - 10/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 1/16/19 | 10/16/18 - 11/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 2/19/19 | 11/16/18 - 12/15/18 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 3/14/19 | 12/16/18 - 1/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| **Total** | | **$108,000.00** | **$0.00** | **$120,000.00** | **$0.00** | **$12,000.00** |
| | | | | | | |
| **Interim Fee Period: January 16, 2019 through May 15, 2019** | | | | | | |
| 4/15/19 | 1/16/19 - 2/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 5/30/19 | 2/16/19 - 3/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |

3

| Date Submitted | Monthly Period Covered | Requested Fees (90%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 10% Fee Holdback |
|---|---|---|---|---|---|---|
| 7/3/19 | 3/16/19 - 4/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 7/15/19 | 4/16/19 - 5/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| **Total** | | **$108,000.00** | **$0.00** | **$120,000.00** | **$0.00** | **$12,000.00** |
| | | | | | | |
| **Interim Fee Period: May 16, 2019 through September 15, 2019** | | | | | | |
| 8/27/19 | 5/16/19 - 6/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 10/4/19 | 6/16/19 - 7/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 11/13/19 | 7/16/19 - 8/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 11/14/19 | 8/16/19 - 9/15/19 | $4,500.00 | $0.00 | $5,000.00 | $0.00 | $500.00 |
| **Total** | | **$85,500.00** | **$0.00** | **$95,000.00** | **$0.00** | **$9,500.00** |
| | | | | | | |
| **Interim Fee Period: September 16, 2019 through January 15, 2020** | | | | | | |
| 12/23/19 | 9/16/19 - 10/15/19 | $4,500.00 | $0.00 | $5,000.00 | $0.00 | $500.00 |
| 1/20/20 | 10/16/19 - 11/15/19 | $4,500.00 | $0.00 | $5,000.00 | $0.00 | $500.00 |
| 3/3/20 | 11/16/19 - 12/15/19 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 3/13/20 | 12/16/19 - 1/15/20 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| **Total** | | **$63,000.00** | **$0.00** | **$70,000.00** | **$0.00** | **$7,000.00** |
| | | | | | | |
| **Interim Fee Period: January 16, 2020 through May 15, 2020** | | | | | | |
| 5/11/20 | 1/16/20 - 2/15/20 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 6/8/20 | 2/16/20 - 3/15/20 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 7/8/20 | 3/16/20 - 4/15/20 | $27,000.00 | $0.00 | $30,000.00 | $0.00 | $3,000.00 |
| 7/14/20 | 4/16/20 - 5/15/20 | $4,500.00 | $0.00 | $5,000.00 | $0.00 | $500.00 |
| **Total** | | **$85,500.00** | **$0.00** | **$95,000.00** | **$0.00** | **$9,500.00** |

4

| Date Submitted | Monthly Period Covered | Requested Fees (90%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 10% Fee Holdback |
|---|---|---|---|---|---|---|
| | | | | | | |
| **Interim Fee Period: May 16, 2020 through September 15, 2020** | | | | | | |
| 9/24/20 | 5/16/20 - 6/15/20 | $4,500.00 | $0.00 | $4,500.00 | $0.00 | $500.00 |
| 9/25/20 | 6/16/20 - 7/15/20 | $4,500.00 | $0.00 | $4,500.00 | $0.00 | $500.00 |
| 10/20/20 | 7/16/20 - 8/15/20 | $4,500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| 11/13/20 | 8/16/20 - 9/15/20 | $4,500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| **Total** | | **$18,000.00** | **$0.00** | **$9,000.00** | **$0.00** | **$2,000.00** |

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/16/18 Docket No. 3566 | 2/15/18 - 4/15/18 | $60,000.00 | $19,509.35 | Docket No. 4200 | Allowed: $60,000.00 Paid: $60,000.00 Authorized to be paid: $60,000.00 | Allowed: $19,509.35 Paid: $19,509.35 Authorized to be paid: $19,509.35 |
| 11/16/18 Docket No. 4321 | 4/16/18 - 9/15/18 | $150,000.00 | $4,210.16 | Docket No. 5654 | Allowed: $150,000.00 Paid: $150,000.00 Authorized to be paid: $150,000.00 | Allowed: $4,210.16 Paid: $4,210.16 Authorized to be paid: $4,210.16 |
| 3/18/19 Docket No. 5819 | 9/16/18 - 1/15/19 | $120,000.00 | $0.00 | Docket No. 7670 | Allowed: $120,000.00 Paid: $120,000.00 Authorized to be paid: $120,000.00 | N/A |
| 7/15/19 Docket No. 8002 | 1/16/19 - 5/15/19 | $120,000.00 | $0.00 | Docket No. 8753 | Allowed: $120,000.00 Paid: $120,000.00 Authorized to be paid: $120,000.00 | N/A |
| 11/15/19 Docket No. 9216 | 5/16/19- 9/15/19 | $95,000.00 | $0.00 | Docket No. 12157 | Allowed: $95,000.00 Paid: $95,000.00 Authorized to be paid: $95,000.00 | N/A |

| 3/16/20 Docket No. 12390 | 9/16/19-1/15/20 | $70,000.00 | $0.00 | Docket No. 13824 | Allowed: $70,000.00 Paid: $70,000.00 Authorized to be paid: $70,000.00 | N/A |
|---|---|---|---|---|---|---|
| 7/15/20 Docket No. 13680 | 1/16/20-5/15/20 | $95,000.00 | $0.00 | Docket No. 14925 | Allowed: $95,000.00 Paid: $95,000.00 Authorized to be paid: $95,000.00 | N/A |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

------------------------------------------------------------------- x

## EIGHTH INTERIM FEE APPLICATION OF KROMA ADVERTISING, INC., AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MAY 16, 2020 THROUGH SEPTEMBER 15, 2020

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## SUPPORTING SCHEDULES

SCHEDULE 1        MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 2        PROPOSED ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Kroma Advertising, Inc. ("Kroma"), communications advisor to Official Committee of
Unsecured Creditors (the "Committee"),[1] for its application (the "Application"), pursuant to
sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act
of 2016 ("PROMESA"),[2] section 503(b) of title 11, United States Code (the "Bankruptcy Code")
as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local
Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the
"Local Rules"), for the interim allowance of compensation for professional services performed
by Kroma for the period from May 16, 2020 through and including September 15, 2020 (the
"Application Period"), and for reimbursement of its actual and necessary expenses incurred
during the Application Period, respectfully represents:

## BACKGROUND

1.      On May 3, 2017, the Oversight Board commenced a Title III case for the
Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a)
of PROMESA (the "Commonwealth Title III Case").  Thereafter, the Oversight Board
commenced a Title III case for each of COFINA, the Employees Retirement System of the
Government of the Commonwealth of Puerto Rico (the "ERS Title III Case"), the Puerto Rico
Highways and Transportation Authority (the "HTA Title III Case"), and the Puerto Rico Electric
Power Authority (the "PREPA Title III Case," and together with the Commonwealth Title III

---

[1]     The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and
COFINA.

[2]     References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").[3]  By orders dated

June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the

joint administration of the Title III Cases.

2.      On June 15, 2017, the Office of the United States Trustee for the District of

Puerto Rico (the "U.S. Trustee") appointed the Committee as the official committee for the

Commonwealth [Docket No. 338].  On August 25, 2017, the U.S. Trustee filed an *Amended*

*Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which

expanded the role of the Committee to be the official committee for the HTA Title III Case, the

ERS Title III Case, and the PREPA Title III Case.

3.       On August 23, 2017, the Court entered the *Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim

Compensation Order").[4]  On October 6, 2017, the Court entered the *Order Pursuant to*

*PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee*

*Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court

appointed Brady Williamson as the Fee Examiner in the Title III Cases.

4.      On January 25, 2018, the Committee selected Kroma as its communications

advisor.  On February 1, 2018, the Committee filed an application to retain and employ Kroma

as communications advisor, effective February 1, 2018 [Docket No. 2325] (the "Retention

Application").  By order of this Court entered February 22, 2018 [Docket No. 2572] (the

"Retention Order"), incorporated herein by this reference, Kroma's retention as communications

advisor to the Committee was approved effective as of February 1, 2018.

---

[3]      Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III
Case.

[4]      The Interim Compensation Order was most recently amended on June 6, 2018 [Docket No. 3269].

5.      The Retention Order authorized Kroma to be compensated on a monthly basis at a flat monthly rate of $30,000 and be reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.  The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Kroma under this Order shall be an administrative expense of the Debtors."  In September 2019, Kroma and the Committee agreed, pursuant to an amendment to Kroma's engagement letter, that Kroma's flat monthly rate would be reduced from $30,000 to $5,000, effective as of August 16, 2019.  Under the amendment, in the event the Committee determines, in its sole discretion, that in any particular month Kroma provides services in a materially higher amount than in previous months, the Committee may increase the monthly compensation to be received by Kroma for that particular month up to $30,000.  Pursuant to this agreement, the Committee increased Kroma's compensation from $5,000 to $30,000 for the period of November 16, 2019 through April 15, 2020 given Kroma's increased services during these months.

6.      On July 16, 2018, Kroma filed its first interim fee application with respect to the period from February 15, 2018 through April 15, 2018 [Docket No. 3566] (the "First Interim Fee Application").  The compensation requested in the First Interim Fee Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on November 9, 2018 [Docket No. 4200].

7.      On November 16, 2018, Kroma filed its second interim fee application with respect to the period from April 16, 2018 through September 15, 2018 [Docket No. 4321] (the "Second Interim Fee Application").  The compensation requested in the Second Interim Fee

Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on March 14, 2019 [Docket No. 5654].

8.      On March 18, 2019, Kroma filed its third interim fee application with respect to the period from September 16, 2018 through January 15, 2019 [Docket No. 5819] (the "Third Interim Fee Application"). The compensation requested in the Third Interim Fee Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on June 26, 2019 [Docket No. 7670].

9.      On July 15, 2019, Kroma filed its fourth interim fee application with respect to the period from January 16, 2019 through May 15, 2019 [Docket No. 8002] (the "Fourth Interim Fee Application"). The compensation requested in the Fourth Interim Fee Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on September 25, 2019 [Docket No. 8753].

10.     On November 15, 2019, Kroma filed its fifth interim fee application with respect to the period from May 16, 2019 to September 15, 2019 [Docket No. 9216] (the "Fifth Interim Fee Application"). The compensation requested in the Fifth Interim Fee Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on March 6, 2020 [Docket No. 12157].

11.     On March 16, 2020, Kroma filed its sixth interim fee application with respect to the period from September 16, 2019 through January 15, 2020 [Docket No. 12390] (the "Sixth Interim Fee Application"). The compensation requested in the Sixth Interim Fee Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on July 24, 2020 [Docket No. 13824].

12.     On July 15, 2020, Kroma filed its seventh interim fee application with respect to the period from January 16, 2020 through May 15, 2020 [Docket No. 13680] (the "Seventh Interim Fee Application ").  The compensation requested in the Seventh Interim Fee Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on October 26, 2020 [Docket No. 14925].

13.     This is Kroma's eighth interim fee application, covering the period from May 16, 2020 through September 15, 2020.  All services for which compensation is requested were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

14.     By this Application, Kroma seeks allowance of compensation for professional services rendered to the Committee during the Application Period in the aggregate amount of $20,000.00

15.     The Committee has approved the amounts requested by Kroma for services performed and expenses incurred in each of the monthly statements submitted to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee.

16.     To date, Kroma has received payments for services rendered during the Application Period in the amount of $9,000.00.  Kroma is still awaiting payment of (i) $9,000, which represents 90% of its fees for services rendered from July 16, 2020 through September 15, 2020; and (ii) $2,000.00, which represents the 10% "hold-back" portion of Kroma's Application Period fees.

17.     Other than payments made in accordance with the Interim Compensation Order, Kroma has received no payment and no promises of payment from any source for services rendered during the Application Period.  By this Application, Kroma requests allowance of all

fees and expenses incurred for services rendered during the Application Period.  At this time,
however, Kroma seeks payment of only (a) 90% of the fees for services invoiced during the
Application Period and (b) 100% of expenses invoiced during the Application Period.

18.     There is no agreement or understanding between Kroma and any other person,
other than the employees and staff of Kroma, for the sharing of compensation to be received for
services rendered in these cases.

19.     To the extent that monthly fee or disbursement charges for services rendered or
disbursements incurred relate to the Application Period, but were not processed before the
preparation of this Application, or Kroma has for any other reason not sought compensation or
reimbursement with respect to such services or expenses, Kroma reserves the right to request
additional compensation for such services, and reimbursement of such expenses, in a
supplemental or future application.

## SUMMARY OF SERVICES

20.     During the Application Period, Kroma assisted and advised the Committee in a
number of key areas.

21.     First, Kroma continued to assist the Committee with its communications strategy
by, among other things, maintaining and updating the Committee's website to keep unsecured
creditors apprised of recent developments.  Kroma has also communicated on behalf of the
Committee with certain creditors with whom Committee representatives had met in December of
2019.  Furthermore, in connection with the Committee's outreach efforts, Kroma has assisted
the Committee by communicating with members of the media.

22.     In addition, Kroma provided the Committee with other valuable communications
services, including but not limited to monitoring Puerto Rico media, providing translations of

8

press materials, and advising the Committee and its advisors with respect to public relations

issues.  Given ongoing media interest in restructuring matters, this assistance was highly

valuable during the Application Period.

* * *

23.     The foregoing professional services were necessary and appropriate to the

administration of the Title III Cases and were in the best interests of the Committee, the Debtors,

the creditors, and other parties in interest.

## ACTUAL AND NECESSARY DISBURSEMENTS

24.     Kroma did not disburse any expenses during the period from May 16, 2020

through September 15, 2020.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

25.     Section 316 of PROMESA provides for the compensation of professionals.

Specifically, section 316 provides that a court may award a professional employed by a

committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual,

necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA

§ 316(a).  Section 316 also sets forth the criteria for the award of such compensation and

reimbursement:

> (a)     In determining the amount of reasonable compensation to be awarded
> to a professional person, the court shall consider the nature, the extent,
> and the value of such services, taking into account all relevant factors,
> including:
>
> > (i)     the time spent on such services;
> >
> > (ii)    the rates charged for such services;

9

(iii)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(iv)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

26.   In the instant case, Kroma respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

**NOTICE**

27.     In accordance with the Interim Compensation Order, Kroma will provide notice

of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill

& Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory

Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the

United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official

Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.;

(v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson; and (vii)

counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.  In

addition, the notice of hearing with respect to this Application will be served on all parties that

have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

WHEREFORE, Kroma respectfully requests entry of an order, substantially in the form attached hereto as Schedule 2, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $20,000 representing 100% of the fees billed during the Application Period; (ii) authorizing and directing the Debtors' payment of the difference between the sum of 90% of the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Kroma's right to seek such further compensation and/or payment for the full value of services performed and expenses incurred; and (iv) granting Kroma such other and further relief as is just.

Dated: November 16, 2020

Anthony Román Pagán
Comptroller
KROMA ADVERTISING, INC.
Suite 502, ILA Building, 1055 Kennedy Ave.
San Juan, Puerto Rico 00920