**Hearing Date**: March 10, 2021 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 7, 2020 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                              :
In re:                            :
                              :
THE FINANCIAL OVERSIGHT AND     :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :    Title III
                              :
       as representative of            :    Case No. 17-BK-3283 (LTS)
                              :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,    :    (Jointly Administered)
                              :
       Debtors.[1]                   :
------------------------------------------------------------------------ x

## NOTICE OF HEARING ON TENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020

**PLEASE TAKE NOTICE** that a hearing on the annexed *Tenth Interim Fee Application of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from June 1, 2020 through September 30, 2020* (the "Application") filed by Paul Hastings LLP, pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura Taylor Swain, United States District Judge, at the United States District Court

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office

150, San Juan, Puerto Rico 00918-1767 on **March 10, 2021 at 8:30 a.m. (ET) / 9:30 a.m.**

**(AST)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any responses or objections ("Objections")

to the Application by any party other than the Fee Examiner shall be in writing, shall conform to

the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of

Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court,

including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local

Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard

copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building,

San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court,

150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall

be served in accordance with the *Second Amended Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim

Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the

Interim Compensation Order) no later than **December 7, 2020 at 3:00 p.m. (ET) / 4:00 p.m.**

**(AST)** (the "Objection Deadline").


[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  November 16, 2020

/s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

**Hearing Date**: March 10, 2021 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 7, 2020 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                         :

In re:                         :
                         :

THE FINANCIAL OVERSIGHT AND     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                         :

      as representative of           :  Case No. 17-BK-3283 (LTS)
                         :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,  :  (Jointly Administered)
                         :

      Debtors.[1]                  :
------------------------------------------------------------------------ x

## TENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020

### SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "Committee")[2] |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | June 1, 2020 through and including September 30, 2020 (the "Application Period") |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | $2,465,639.50 / $1,972,551.60[3] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $150,285.59[4] |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $55,667,400.07 |
| Total expenses approved by interim order to date: | $1,941,914.34 |
| Total allowed compensation paid to date: | $45,305,971.22 |
| Total allowed expenses paid to date: | $1,914,234.21 |
| Blended rate in this Application for all attorneys: | (a) $1,123 /hour; (b) $899 /hour[5] |
| Blended rate in this Application for all timekeepers: | (a) $1,049 /hour; (b) $839 /hour[5] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $1,334,738.82 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $109,710.98 |
| The total time expended for fee application preparation during the Application Period: | Approximately 38.1 hours |

---

[3]   While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of fees in the amount of $1,834,614.42 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of $2,293,268.02 (*i.e.*, Paul Hastings' fees after taking into account a credit of $172,371.48 for fee reductions pursuant to the orders approving Paul Hastings' Seventh and Eight Interim Fee Applications). By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[4]   While Paul Hastings seeks allowance of all of its expenses incurred during the Application Period, the firm only seeks payment of expenses in the amount of $149,638.10, which amount reflects a credit of $647.49 for expense reductions pursuant to the orders approving Paul Hastings' Seventh and Eight Interim Fee Applications.

[5]   The calculation of the blended hourly rates reflected in (a) does <u>not</u> take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process. The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time. However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| | |
|---|---|
| The total compensation requested for fee application preparation during the Application Period: | Approximately $40,997.50 |
| Number of professionals included in this Application: | 26 |
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | Not applicable. |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | Not applicable. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 7 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | There has been no change in rates compared to the immediately prior fee period (February 1, 2020 through May 31, 2020).[6] |

---

[6]  When calculated at the rates in effect during the initial fee period (June 26, 2017 through September 30, 2017), total fees for the Application Period would have been $2,049,625.00 (compared to $2,465,639.50 under the current rates).  The rate adjustments reflect not only Paul Hastings' across-the-board increases in its rate scale, but also step increases due to advancing seniority.  While 416,014.50 of Paul Hastings' fees for the Application Period are attributable to periodic changes in rates, $78,643.50 of this amount is attributable to step increases due to advancing seniority.  (Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion.")  Thus, only $337,371.00 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention.

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20[7] | $30,631.53[8] | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,357,280.60 | $408,763.80 | $1,357,280.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |
| **Total** | | **$6,940,890.20** | **$586,993.66** | **$6,940,890.20** | **$586,993.66** | **$1,735,222.55** |
| | | | | | | |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $983,056.20 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |

---

[7]   This amount reflects a credit of $13,507.00 for fee reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

[8]   This amount reflects a credit of $21,926.16 for expense reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 10/8/18 | 7/1/18 - 7/31/18 | $1,061,831.60 | $77,376.40 | $1,061,831.60 | $77,376.40 | $265,457.90 |
| 11/2/18 | 8/1/18 - 8/31/18 | $1,288,866.00 | $39,833.17 | $1,288,866.00 | $39,833.17 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,302,462.40 | $39,196.98 | $1,302,462.40 | $39,196.98 | $325,615.60 |
| **Total** | | **$4,636,216.20** | **$201,725.65** | **$4,636,216.20** | **$201,725.65** | **$1,159,054.05** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/19/18 | 10/1/18 – 10/31/18 | $968,238.40 | $17,300.41 | $968,238.40 | $17,300.41 | $242,059.60 |
| 01/07/19 | 11/1/18 – 11/30/18 | $695,795.40 | $9,071.96 | $695,795.40 | $9,071.96 | $173,948.85 |
| 02/20/19 | 12/1/18 – 12/31/18 | $932,751.60 | $24,110.50 | $932,751.60 | $24,110.50 | $233,187.90 |
| 03/15/10 | 1/1/19 – 1/31/19 | $1,040,883.79[9] | $38,921.42[10] | $1,040,883.79 | $38,921.42 | $260,220.95 |
| **Total** | | **$3,637,669.19** | **$89,404.29** | **$3,637,669.19** | **$89,404.29** | **$909,417.30** |
| | | | | | | |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | |
| 06/13/19 | 2/1/19 – 2/28/19 | $1,098,711.60 | $30,746.31 | $1,098,711.60 | $30,746.31 | $274,677.90 |
| 06/13/19 | 3/1/19 – 3/31/19 | $1,453,006.40 | 25,745.44 | $1,453,006.40 | $25,745.44 | $363,251.60 |
| 07/03/19 | 4/1/19 – 4/30/19 | $1,852,132.00 | $64,731.53 | $1,852,132.00 | $61,317.34 | $463,033.00 |
| 07/15/19 | 5/1/19 – 5/31/19 | $2,143,294.80 | $61,317.34 | $2,143,294.80 | $61,317.34 | $535,823.70 |
| **Total** | | **$6,547,144.80** | **$182,540.62** | **$6,547,144.80** | **$179,126.43** | **$1,636,786.20** |
| | | | | | | |
| **Seventh Interim Fee Period (June 1, 2019 through September 30, 2019)** | | | | | | |
| 08/21/19 | 6/1/19 – 6/30/19 | $1,841,416.66[11] | $300,689.64 | $1,841,416.66 | $300,689.64 | $478,122.60 |

---

[9]   This amount reflects a credit of $158,129.01 for fee reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[10]   This amount reflects a credit of $6,033.82 for expense reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[11]   This amount reflects a credit of $88,842.17 for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/27/19 | 7/1/19 – 7/31/19 | $1,955,942.80 | $380,030.21 | $1,955,942.80 | $380,030.21 | $488,985.70 |
| 10/31/19 | 8/1/19 – 8/31/19 | $1,051,966.00 | $127,240.87 | $1,051,966.00 | $127,240.87 | $262,991.50 |
| 11/14/19 | 9/1/19 – 9/30/19 | $1,052,167.20 | $92,968.55[12] | $1,052,167.20 | $92,968.55 | $263,041.80 |
| **Total** | | **$5,901,492.71** | **$900,929.27** | **$5,901,492.66** | **$900,929.27** | **$1,493,141.60** |
| | | | | | | |
| **Eighth Interim Fee Period (October 1, 2019 through January 31, 2020)** | | | | | | |
| 12/19/20 | 10/1/19 – 10/31/19 | $1,911,593.40 | $113,178.50 | $1,911,593.40 | $113,178.50 | $477,898.35 |
| 01/09/20 | 11/1/19 – 11/30/19 | $830,350.40 | $68,843.54 | $830,350.40 | $68,843.54 | $207,587.60 |
| 02/28/20 | 12/1/19 – 12/31/19 | $811,470.37[13] | $54,148.03[14] | $811,470.37 | $54,148.0$3 | $202,867.59 |
| 03/13/20 | 1/1/20 – 1/31/20 | $961,055.40 | $44,734.48 | $961,055.40 | $44,734.48 | $240,263.85 |
| **Total** | | **$4,514,469.57** | **$280,904.55** | **$4,514,469.57** | **$280,904.55** | **$1,128,617.39** |
| | | | | | | |
| **Ninth Interim Fee Period (February 1, 2020 through May 31, 2020)** | | | | | | |
| 04/27/20 | 2/1/19 – 2/29/20 | $1,537,133.80 | $64,790.53 | $1,537,133.80 | $64,790.53 | $384,283.45 |
| 05/15/20 | 3/1/20 – 3/31/20 | $1,230,017.80 | $26,061.77 | $1,230,017.80 | $26,061.77 | $307,504.45 |
| 06/05/20 | 4/1/20 – 4/30/20 | $665,122.80 | $30,205.99 | $665,122.80 | $30,205.99 | $166,280.70 |
| 07/10/20 | 5/1/20 – 5/31/20 | $398,858.80 | $18,014.66 | $398,858.80 | $18,014.66 | $99,714.70 |
| **Total** | | **$3,831,133.20** | **$139,072.95** | **$3,831,133.20** | **$139,072.95** | **$957,783.30** |
| | | | | | | |
| **Tenth Interim Fee Period (June 1, 2020 through September 30, 2020)** | | | | | | |
| 08/6/20 | 6/1/20 – 6/30/20 | $331,160.82[15] | $8,379.46[16] | $331,160.82 | $8,379.46 | $82,790.20 |

---

[12]    This amount reflects a credit of $606.96 for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[13]    This amount reflects a credit of $145,627.04 for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[14]    This amount reflects a credit of $227.93 for expense reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/14/20 | 7/1/20 – 7/31/20 | $487,330.80 | $66,532.00 | $487,330.80 | $66,532.00 | $121,832.70 |
| 10/10/20 | 8/1/20 – 8/31/20 | $516,247.20 | $34,799.52 | $516,247.20 | $34,799.52 | $129,061.80 |
| 11/2/20 | 9/1/20 – 9/30/20 | $499,875.60 | $39,927.12 | $0.00 | $0.00 | $124,968.90 |
| **Total** | | **$1,834,614.42** | **$149,638.10** | **$1,334,738.82** | **$109,710.98** | **$458,653.60** |

---

[15]  This amount reflects a credit of (a) $99,027.94 for fee reductions pursuant to the order approving Paul Hastings'
Seventh Interim Fee Application and (b) $73,343.54 for fee reductions pursuant to the order approving Paul
Hastings' Eight Interim Fee Application.

[16]  This amount reflects a credit of (a) $548.31 for expense reductions pursuant to the order approving Paul
Hastings' Seventh Interim Fee Application and (b) $99.18 for expense reductions pursuant to the order
approving Paul Hastings' Eighth Interim Fee Application.

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[17] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[18] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed: $6,960,689.25 Paid: $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $104,666.09[19] Paid: $82,739.90 Authorized to be paid: $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | Docket No. 5654 | Allowed: $8,576,523.01 Paid: $6,940,890.20 Authorized to be paid: $6,861,218.41[20] | Allowed: $583,256.46 Paid: $586,993.66 Authorized to be paid: $583,256.46[21] |
| 11/16/18 Docket No. 4325 | 6/1/18 – 9/30/18 | $5,795,270.25 | $201,725.65 | Docket No. 5654 | Allowed: $5,736,730.98 Paid: $4,636,216.20 Authorized to be paid: $4,589,384.78[22] | Allowed: $199,429.03 Paid: $201,725.65 Authorized to be paid: $199,429.03[23] |

---

[17]   Reflects fee reductions in the amount of 80% of $13,507.00 (or $10,806.40), which was credited against amounts payable under the January 2018 fee statement.

[18]   Reflects expense reductions in the amount of $21,926.16, which was credited against amounts payable under the January 2018 fee statement.

[19]   Prior to application of a $21,926.16 credit for expense reductions pursuant to order approving Paul Hastings' First Interim Fee Application.

[20]   Reflects fee reductions in the amount of 80% of $99,589.74 (or $79,671.79), which was credited against amounts payable under the January 2019 fee statement.

[21]   Reflects expense reductions in the amount of $3,737.20, which was credited against amounts payable under the January 2019 fee statement.

[22]   Reflects fee reductions in the amount of 80% of $58,539.27 (or $46,831.42), which was credited against amounts payable under the January 2019 fee statement.

[23]   Reflects expense reductions in the amount of $2,296.62, which was credited against amounts payable under the January 2019 fee statement.

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 4/18/2019 Docket No. 5822 | 10/1/18 – 1/31/19 | $4,705,215.50 | $95,438.11 | Docket No. 8189 | Allowed: $4,509,478.17 Paid: $3,637,669.19[24] Authorized to be paid: $3,566,595.46[25] | Allowed: $94,831.15 Paid: $89,404.29[26] Authorized to be paid: $88,797.33[27] |
| 7/15/19 Docket No. 8004 | 2/1/19 – 5/31/19 | $8,183,931.00 | $182,540.62 | Docket No. 9687 | Allowed: $7,842,124.12 Paid: $6,547,144.80 Authorized to be paid: $6,430,643.17[28] | Allowed: $182,312.69 Paid: $182,312.69 Authorized to be paid: $182,084.76[29] |
| 11/15/19 Docket No. 9219 | 6/1/19 – 9/30/19 | $7,465,708.00 | $901,536.23 | Docket No. 12861 | Allowed: $7,135,691.63 Paid: $5,901,492.66[30] Authorized to be paid: $5,733,012.71[31] | Allowed: $384,942.38 Paid: $900,929.27[32] Authorized to be paid: $385,549.34[33] |

[24] After giving effect to credits for fee reductions in the aggregate amount of 80% of $158,129.01 (or $126,503.21) pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[25] Reflects fee reductions in the amount of 80% of $88,842.16 (or $71,073.73), which was credited against amounts payable under the June 2019 fee statement. Also, amount authorized to be paid is net of $126,503.21 in credits for fee reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[26] After giving effect to credits for expense reductions in the aggregate amount of $6,033.82 pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[27] Reflects expense reductions in the amount of $606.96, which was credited against amounts payable under the September 2019 fee statement. Also, amount authorized to be paid is net of $6,033.82 in credits for expense reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[28] Reflects fee reductions in the amount of 80% of $145,627.04 (or $116,501.63), which was credited against amounts payable under the December 2019 fee statement.

[29] Reflects expense reductions in the amount of $227.93, which was credited against amounts payable under the December 2019 fee statement.

[30] After giving effect to credits for fee reductions in the amount of $88,842.17 (or $71,073.74 after 20% reduction) pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[31] Reflects (a) fee reductions in the amount of 80% of $99,027.94 (or $79,222.35), which will be credited against the amounts payable under the June 2020 fee statement and (b) deferral of fees in the amount of 80% of $111,572.00 (or $89,257.60), as agreed between Paul Hastings and the Fee Examiner. Also, amount authorized to be paid is net of $71,073.73 in credits for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 3/16/20 Docket No. 12395 | 10/1/19 – 1/31/20 | $5,788,714.00 | $281,132.48 | Docket No. 13824 | Allowed: $5,641,450.42 Paid: $4,514,469.57[34] Authorized to be paid: $4,455,794.74[35] | Allowed: $281,132.48 Paid: $280,904.55[36] Authorized to be paid: $281,033.30[37] |
| 7/15/20 Docket No. 13682 | 2/1/20 – 5/31/20 | $4,788,916.50 | $139,072.95 | Not applicable | Allowed: TBD | Allowed: TBD |

---

[32]   After giving effect to credits for expense reductions in the amount of $606.96 pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[33]   Reflects (a) expense reductions in the amount of $548.31, which will be credited against amounts payable under the June 2020 fee statement and (b) deferral of expenses in the amount of $515,438.58, as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $606.96 in credits for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[34]   After giving effect to credits for fee reductions in the amount of $145,627.04 (or $116,501.63 after 20% reduction) pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[35]   Reflects fee reductions in the amount of 80% of $73,343.54 (or $58,674.83), which was credited against amounts payable under the June 2020 fee statement.  Also, amount authorized to be paid is net of $116,501.63 in credits for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Applications.

[36]   After giving effect to credits for expense reductions in the amount of $227.93 pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[37]   Reflects expense reductions in the amount of $99.18, which was credited against amounts payable under the June 2020 fee statement.

**Hearing Date**: March 10, 2021 at 8:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 7, 2020 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :   Title III
                                                     :
        as representative of                         :   Case No. 17-BK-3283 (LTS)
                                                     :
THE COMMONWEALTH OF PUERTO RICO, et al.,             :   (Jointly Administered)
                                                     :
        Debtors.¹                                    :
------------------------------------------------------------------- x
```

# TENTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020</u>

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ........................................................................................................ 9

COMPENSATION AND REIMBURSEMENT REQUEST ...................................... 15

SUMMARY OF SERVICES ....................................................................................... 19

    I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
           (Matter ID 00002) .................................................................................. 20

    II.    PREPA (Matter ID 00006) ........................................................................ 25

    III.   ERS (Matter ID 00008) ............................................................................. 27

    IV.   Other Adversary Proceedings (Matter ID 00009) .................................... 29

    V.    Creditors Committee Meetings (Matter ID 00012) ................................ 30

ATTENDANCE AT HEARINGS ................................................................................ 31

REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND
COMMITTEE ............................................................................................................ 32

ACTUAL AND NECESSARY DISBURSEMENTS ................................................... 34

REQUESTED COMPENSATION SHOULD BE ALLOWED .................................. 35

CONCLUSION ......................................................................................................... 38

## SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A        CUSTOMARY AND COMPARABLE COMPENSATION
DISCLOSURES

EXHIBIT B        SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C        BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD

    EXHIBIT C-1     BUDGETS

    EXHIBIT C-2     STAFFING PLANS

EXHIBIT D        SUMMARY OF COMPENSATION REQUESTED BY PROJECT
CATEGORY

    EXHIBIT D-1     SUMMARY OF COMPENSATION REQUESTED BY PROJECT
CATEGORY AS COMPARED TO BUDGET

                           FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY
PROJECT CATEGORY AND BY MATTER

    EXHIBIT D-2     SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
CATEGORY

EXHIBIT E        BREAKDOWN OF COMPENSATION AND EXPENSE
REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER
SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
PUERTO RICO

SCHEDULE 1     LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2     MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3     PROPOSED ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors (the "Committee"),[1] for its tenth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from June 1, 2020 through and including September 30, 2020 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1.      During the Application Period, Paul Hastings continued to handle numerous matters that were of critical importance to the interests of the Debtors and their creditors, including matters related to the amended Commonwealth plan of adjustment filed by the Oversight Board on February 28, 2020 (the "Amended Plan") and the related disclosure statement (the "Disclosure Statement").  As with the second half of the prior application period, Paul Hastings' scope of work continued to be much reduced as compared to its work prior to the onset of the COVID-19 pandemic and the adjournment of the hearing on the Disclosure

---

[1]   Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]   References to PROMESA are references to 48 U.S.C. §§ 2101 *et seq.*

Statement and related deadlines (the "COVID-19 Adjournment").  Moreover, litigation related to

the PREPA restructuring support agreement and the motion to approve same (the "PREPA RSA

Motion") remained on hold.   As a result, during the Application Period, the Committee focused

its attention on the litigation that continued to move forward, including the Committee's

challenges to $3 billion of ERS bondholder claims (the "ERS Claim Objections") and the

litigation related to the claims of certain holders of revenue bonds issued by HTA and certain

other instrumentalities (the "Revenue Bonds" and holders and insurers of such bonds, the

"Revenue Bondholders").  Given the narrower focus of Paul Hastings' work, the monthly

average of Paul Hastings' fees during the Application Period was more than **60% lower** than the

monthly average of Paul Hastings' fees during the prior 35 months of these Title III cases.

      2.      One important task during the Application Period was Paul Hastings' work

related to the Committee's request for relief from the stay of the Committee's objection (the "GO

Priority Objection") to the purported priority of the claims asserted by holders of bonds issued or

guaranteed by the Commonwealth ("GO Bonds," and holders of such bonds, the "GO

Bondholders").  This work was crucial because if the GO Priority Objection is successful it will

entitle general unsecured creditors (who, under the Amended Plan, would receive a miniscule

recovery of approximately 3.9%[3]) to be treated at least *pari passu* with the GO Bondholders for

whom the Amended Plan provides generous recoveries.  Among other things, Paul Hastings

prepared the Committee's motion seeking relief from the litigation stay (the "Litigation Stay

Relief Motion"), the motion to expedite the Litigation Stay Relief Motion, and the reply filed in

support thereof.  Relatedly, the Committee also analyzed the status reports filed by the Oversight

---

[3]    On September 30, 2020, the Oversight Board disclosed that its latest plan proposal would cut recoveries for
general unsecured creditors by a factor of 10, thereby decreasing the recovery percentage ten-fold to
approximately 0.4%.

Board, especially as they related to the status of negotiations between the Oversight Board and Commonwealth creditors.

3.      In addition to its efforts to move the GO Priority Objection forward, Paul Hastings also represented the Committee in connection with the relief from stay motions filed by certain Revenue Bondholders (the "<u>Revenue Bond Stay Relief Motions</u>") and the adversary proceedings challenging Revenue Bondholders' claims (the "<u>Revenue Bond Adversary Proceedings</u>") with respect to three separate instrumentalities: the Puerto Rico Highways and Transportation Authority, the Puerto Rico Convention Center District Authority, and the Puerto Rico Infrastructure Financing Authority.  In the interest of minimizing fees, the Committee did not prepare its own briefs in these matters.  Rather, Paul Hastings (a) provided counsel to the Oversight Board with informal comments to the Oversight Board's draft replies in support of its motions for summary judgment in the Revenue Bond Adversary Proceedings and (b) prepared the Committee's limited joinders in these replies.  In addition, Paul Hastings (a) provided counsel to the Oversight Board with informal comments to the Oversight Board's objection to the Revenue Bondholders' supplemental brief in support of the Revenue Bond Stay Relief Motions and (b) prepared the Committee's limited joinder in that objection.

4.      Paul Hastings also devoted significant time to the ERS Claim Objections and related adversary proceedings, which continued to move forward during the Application Period. Among other things, Paul Hastings prepared the Committee's motion for summary judgment and related statement of undisputed facts.  Paul Hastings also prepared the Committee's limited joinders in support of the Oversight Board's motion to disallow the ERS bondholders' claims and the Oversight Board's opposition to the bondholders' motion for judgment on the pleadings.

5.      Importantly, in both the Revenue Bonds-related litigation and ERS Claim

Objection litigation, the Committee sought to minimize fees, to the greatest extent practicable, by

filing limited joinders to other parties' pleadings whenever possible (as opposed to drafting

entire stand-alone motions, objections, or replies).   Where the Committee filed stand-alone

pleadings (such as its summary judgment motion in the ERS Claim Objection litigation), the

Committee avoided duplication of efforts by focusing on issues that were not the focus of the

pleadings filed by other aligned parties.

6.      Furthermore, during the Application Period Paul Hastings continued to represent

the Committee with respect to PREPA's Title III case—although at a much lower rate of activity

compared to the pre-COVID fee application periods.  This work was critical given the continuing

adjournment of the PREPA RSA Motion and the Committee's efforts to move forward with the

Committee's objection to PREPA bond claims, which had been denied without prejudice on the

grounds that the PREPA RSA Motion was pending.  Among other things, Paul Hastings prepared

the Committee's motion to terminate the PREPA RSA Motion and the reply in support thereof,

as well as handled related discovery matters including a motion to compel limited discovery, a

reply brief and motion to expedite with respect thereto, and an objection to the decision of

Magistrate Judge Dein to deny such motion to compel.  In addition, Paul Hastings counseled the

Committee in connection with the publication of the transmission and distribution services

agreement (the "LUMA Energy Contract") between PREPA and LUMA Energy, LLC and

LUMA Energy ServCo, LLC (collectively, "LUMA Energy") and the Committee's response to

PREPA's motion for approval of administrative expenses to LUMA Energy.  Among other

things, Paul Hastings analyzed legal issues, prepared the Committee's limited objection to the

administrative expense motion, and handled discovery and scheduling matters related thereto.

7.      All the while, Paul Hastings has continued to advise the Committee on all issues

bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to

protect their rights, including by:

      a.      reviewing the Oversight Board's reports regarding the
designation and status of claims in connection with the
alternative dispute resolution ("ADR") process and
administrative claims reconciliation ("ACR") process, as well as
communicating with the Oversight Board regarding the
selection of ADR process arbitration providers.

      b.      analyzing the nature and extent of the unsecured claims pool, as
well as reviewing omnibus claim objections and responses
thereto;

      c.      submitting comments regarding the Court's proposed
modifications to procedures applicable to disclosures under
Rule 2019;

      d.      holding regular Committee meetings and communicating
regularly with Committee members regarding ongoing matters
in the Title III cases; and

      e.      monitoring hearings, pleadings filed, and orders entered in the
Title III cases and related adversary proceedings (including,
where appropriate, filing objections), and representing the
Committee in hearings before the Court.

8.      Paul Hastings has continued to perform these services in an economic, effective,

and efficient manner commensurate with the complexity and importance of the issues involved.

For example, the work performed by Paul Hastings was carefully assigned to appropriate

professionals or paraprofessionals according to the experience and level of expertise required for

each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs

of Paul Hastings' services to the Committee by utilizing talented junior attorneys and

paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the

extent practicable, questions of Puerto Rico law to local counsel.

9.      In addition, a small core group of Paul Hastings attorneys was utilized for the vast

majority of the work in these Title III cases to minimize the costs of intra-Paul Hastings

communication and education about the cases.  Notably, as a general matter, no more than two

Paul Hastings attorneys telephonically attended the various hearings held during the Application

Period, thereby minimizing not only the time billed on these hearings but also the cost of travel

and lodging.  This is to be contrasted with other firms that have several partners attending such

hearings.

10.      Moreover, to the extent appropriate, Paul Hastings sought to work closely with

counsel to the Oversight Board, counsel to the Oversight Board's Special Claims Committee (the

"Special Claims Committee"), counsel to the Puerto Rico Fiscal Agency and Financial Advisory

Authority ("AAFAF"), and counsel for the official committee of retirees (the "Retiree

Committee") in order to eliminate unnecessary duplication and allocate tasks in an efficient

manner.  For example, with limited exceptions (such as the stay relief motions filed by holders

and/or insurers of Revenue Bonds, to which motions the Committee responded by filing limited

joinders in support of the Oversight Board's oppositions), the Committee did not become

involved in addressing stay relief requests and, instead, deferred these matters to representatives

of the Debtors.  In addition, to the extent appropriate, the Committee joined in the relief sought

by other parties (as opposed to incurring the cost of preparing its own standalone motions) or

concluded that no pleading was necessary at all.  The Committee has also continued to be very

judicious in determining in which adversary proceedings to intervene, despite the First Circuit's

ruling affirming the Committee's unconditional right to intervene in adversary proceedings.[4]

---

[4]      Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks

11.     Finally, we note that the blended attorney hourly rate ($898 after 20% reduction) for the Application Period is not comparable to the average hourly rate of other professionals in these Title III cases.  Importantly, our blended attorney hourly rate does not reflect the numerous cost-saving measures that we put in place, including deferring a variety of matters to the Committee's local counsel, Casillas, Santiago & Torres LLC ("CST"), and the Committee's special litigation counsel, Genovese, Joblove & Battista, P.A. ("GJB"), which have significantly lower rates than Paul Hastings.  For example, Paul Hastings determined (with Committee approval) that all garden-variety avoidance actions should be handled by CST.  Moreover, certain other adversary proceedings (such as the complaint against certain PREPA fuel suppliers) are being handled by GJB, even where Paul Hastings does not have a conflict.  Furthermore, Paul Hastings submits that concentrating work in small teams (that naturally involve more senior attorneys at higher rates) is more cost-efficient than spreading work out across large teams with numerous junior attorneys (which would have the effect of artificially lowering the blended hourly rate).  By comparison, on average, the Paul Hastings core teams are half the size of other firms' core team.

12.     In sum, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases.  The results obtained to date have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional

---

allowance of $2,465,639.50 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of fees in the amount of $1,834,614.42 (to the extent such amount has not been paid before the hearing scheduled on this Application).

services performed and expenses incurred are reasonable under applicable standards.  For all

these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow

interim compensation for professional services performed and reimbursement for expenses as

requested.

13.    This Application is consistent with the Interim Compensation Order (as defined

below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for*

*Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11*

*U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the

extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met

by this Application.[5]

14.    In accordance with the U.S. Trustee Guidelines, at the end of this Application are

the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable
  compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this
  Application.

- Exhibit C-1 contains the budgets for Paul Hastings' services during the
  Application Period.

- Exhibit C-2 contains the staffing plans for Paul Hastings' services during the
  Application Period.

- Exhibit D-1 contains (a) a summary of the compensation requested as compared
  to the compensation budgeted for the firm's services during the Application
  Period, and (b) a further breakdown of the compensation requested by project
  category and matter number.

---

[5]    The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S.
Trustee Guidelines with respect to any application for compensation in these cases.

- Exhibit D-2 contains a summary of the expense reimbursements requested by category. An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- Exhibit E contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- Schedule 1 contains a list of the professionals providing services during the Application Period by matter.

- Schedule 2 includes the monthly fee statements covered in this Application.

- Schedule 3 includes the proposed order approving this Application.

## **BACKGROUND**

15.     On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA (the "Commonwealth Title III Case"). Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS Title III Case"), the Puerto Rico Highways and Transportation Authority (the "HTA Title III Case"), and the Puerto Rico Electric Power Authority (the "PREPA Title III Case," and, together with the Commonwealth Title III Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").[6] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

16.     On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured*

---

[6]     Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

*Creditors* [Docket No. 338]. On June 26, 2017, the Committee selected Paul Hastings as counsel to the Committee.

17.     On July 10, 2017, the Committee filed an application to retain and employ Paul Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application"). By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was approved effective as of June 26, 2017.

18.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").[7]

19.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case. Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case. In particular, the Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order."

20.     The Retention Order authorized Paul Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court

---

[7]     The Interim Compensation Order was most recently amended on June 6, 2018.

may direct.[8]  The Retention Order further provides that "[p]ursuant to Bankruptcy Code

section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul

Hastings under this Order shall be an administrative expense."  In addition, as provided in the

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings'

allowed fees and expenses.

21.     Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total

case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul

Hastings (in its sole discretion) in connection with the final fee application process.  For that

reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the

Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction

in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would

be governed by Court orders which contained strict procedures and deadlines, and that such

order would be complied with.

22.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA*

*Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and*

*Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady

Williamson as the Fee Examiner in the Title III Cases.

23.     On December 15, 2017, Paul Hastings filed its first interim fee application with

respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the

"First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the First Interim

---

[8]     Paragraph 2 of the Retention Order provides, among other things, that "Paul Hastings will charge its regular
hourly rates in effected from time to time; as such rates may be increased periodically, annually or otherwise."

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[9]  On March 7, 2018, the Court approved the First Interim Fee Application, with the agreed-upon adjustments.

24.     On March 19, 2018, Paul Hastings filed its second interim fee application with respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the "Second Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[10]  On June 8, 2018, the Court approved the Second Interim Fee Application, with the agreed-upon adjustments.

25.     On July 16, 2018, Paul Hastings filed its third interim fee application with respect to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[11]  On March 14, 2019, the Court approved the Third Interim Fee Application, with the agreed-upon adjustments.

---

[9]     These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $67,259.01 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $13,507.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $21,926.16 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[10]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $103,943.50 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $1,385.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $12,722.50 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[11]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $125,338.14 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee

26.     On November 16, 2018, Paul Hastings filed its fourth interim fee application with respect to the period from June 1, 2018 through September 30, 2018 [Docket No. 4325] (the "Fourth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fourth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[12]  On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

27.     On March 18, 2019, Paul Hastings filed its fifth interim fee application with respect to the period from October 1, 2018 through January 31, 2019 [Docket No. 5822] (the "Fifth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fifth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[13]  On July 23, 2019, the Court approved the Fifth Interim Fee Application, with the agreed-upon adjustments.

28.     On July 15, 2019, Paul Hastings filed its sixth interim fee application with respect to the period from February 1, 2019 through May 31, 2019 [Docket No. 8004] (the "Sixth

_____

application, (b) additional fee reductions in the amount of $99,589.74 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $3,737.20 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[12]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $69,137.26 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $58,539.27 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $2,296.62 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[13]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $106,895.16 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $88,842.17 (which amount was credited against Paul Hastings' June 2019 fee statement), and (c) expense reductions in the amount of $606.96 (which amount also was credited against Paul Hastings' September 2019 fee statement).

Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Sixth Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[14] On January 2, 2020, the Court approved the Sixth Interim Fee Application, with the agreed-upon adjustments.

29.     On November 15, 2019, Paul Hastings filed its seventh interim fee application with respect to the period from June 1, 2019 through September 30, 2019 [Docket No. 9219] (the "Seventh Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Seventh Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[15] On April 17, 2020, the Court approved the Seventh Interim Fee Application, with the agreed-upon adjustments.

30.     On March 16, 2020, Paul Hastings filed its eighth interim fee application with respect to the period from October 1, 2019 through January 31, 2020 [Docket No. 12395] (the "Eighth Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Eighth Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

---

[14]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $196,179.84 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $145,627.04 (which amount was credited against Paul Hastings' December 2019 fee statement), and (c) expense reductions in the amount of $227.93 (which amount also was credited against Paul Hastings' December 2019 fee statement).

[15]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $119,416.43 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,027.94 (which amount will be credited against Paul Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $548.31 (which amount also will be credited against Paul Hastings' June 2020 fee statement). In addition, Paul Hastings and the fee examiner agreed to provisionally defer (a) $111,572.00 in Paul Hastings' fees related to the expert report prepared by London Economics International, LLC ("LEI") and (b) $515,438.58 in expenses related to the expert report prepared by LEI.

14

its requested fees and expenses.[16]  On July 24, 2020, the Court approved the Eighth Interim Fee

Application, with the agreed-upon adjustments.

31.     On July 15, 2020, Paul Hastings filed its ninth interim fee application with respect

to the period from February 1, 2020 through May 31, 2020 [Docket No. 16362] (the "Ninth

Interim Fee Application").  Paul Hastings has not yet received a preliminary report from the Fee

Examiner with respect to the Ninth Interim Fee Application.

## COMPENSATION AND REIMBURSEMENT REQUEST

32.     By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $2,465,639.50[17] and expense reimbursements in the aggregate amount of

$150,285.59.  These amounts are allocated among the Commonwealth Title III Case, the HTA

Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $1,104,420.00 | $38,278.67 | $1,142,698.67 |
| HTA Title III Case | $910.00 | $0.00 | $910.00 |
| ERS Title III Case | $630,236.00 | $90,572.34 | $720,808.34 |
| PREPA Title III Case | $730,073.50 | $21,434.58 | $751,508.08 |
| **Total** | **$2,465,639.50** | **$150,285.59** | **$2,615,925.09** |

33.     The Committee has approved the amounts requested by Paul Hastings for services

performed and expenses incurred in each of the monthly statements submitted to, among others,

---

[16]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $73,920.04 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $73,343.54 (which amount was credited against Paul
Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $99.18 (which amount also
was credited against Paul Hastings' June 2020 fee statement).

[17]    As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process.  Accordingly, the firm only seeks payment, at this time, of
fees in the amount of $1,834,614.42, which is 80% of $2,293,268.02.

the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application

Period.  All services for which compensation is requested herein were performed for or on behalf

of the Committee.  Moreover, as detailed on Exhibit D hereto, the aggregate amount of fees

incurred by Paul Hastings during the Application Period was well below the fees budgeted.

34.     To date, Paul Hastings has received payments totaling $1,444,449.80 for services

rendered during the Application Period, which amount consists of $1,334,738.82 (representing

80% of the fees for services invoiced during the period from June 1, 2020 through August 31,

2020) and $109,710.98 (representing 100% of expenses invoiced for the same period).  As of the

date of this Application, the amount of $539,802.72 (reflecting 80% of fees and 100% of

expenses for services rendered in September 2020) remains unpaid.[18]

35.     Other than payments made in accordance with the Interim Compensation Order,

Paul Hastings has received no payment and no promises of payment from any source for services

rendered during the Application Period.  By this Application, Paul Hastings requests allowance

of all fees and expenses incurred for services rendered during the Application Period.  At this

time, however, Paul Hastings seeks payment of only (a) 80% of the fees for services invoiced

during the Application Period and (b) 100% of expenses invoiced during the Application Period.

36.     In addition, as a courtesy to the Committee and based on circumstances unique to

the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling

$14,843.50.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves

the right to seek allowance and payment of these fees based on the facts and circumstances of

these cases, including, without limitation, if objections are interposed to the allowance or

---

[18]     The deadline to object to Paul Hastings' September 2020 fee statement expired on November 12, 2020, without
any objections, and payment on the September 2020 fee statement is due by November 30, 2020.

16

payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses

totaling $595.28 as a courtesy to the Committee during the Application Period.  For details

regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed

concurrently herewith.

37.     There is no agreement or understanding between Paul Hastings and any other

person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of

compensation to be received for services rendered in these cases.

38.     Paul Hastings maintains computerized records, in the form of monthly statements,

of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its

representation of the Committee.  The monthly statements are in the same form regularly used by

Paul Hastings to bill its clients for services rendered and include the date that the services were

rendered, a detailed, contemporaneous narrative description of the services provided, the amount

of time spent for each service, and the designation of the professional who performed the service.

39.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance

with its existing billing rates and procedures in effect during the Application Period with the

following exception: as a courtesy to the Committee and based on circumstances unique to the

Title III Cases, Paul Hastings agreed to charge reduced rates for the services of the following

attorneys during the Application Period (in each case, adjusted to reflect, on a *pro forma* basis,

the 20% end-of-case reduction):

| Attorney | Standard 2020 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2020 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,280.00 | $1,200.00 |
| John Hilson | $1,240.00 | $1,120.00 |
| Nicholas Bassett | $1,040.00 | $1,028.00 |

Subject to the foregoing exception, the rates Paul Hastings charges for the services rendered by

its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul

Hastings charges for professional and paraprofessional services rendered in comparable

nonbankruptcy related matters.  Moreover, when Paul Hastings' restructuring professionals and

paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate.

Such fees are reasonable based on the customary compensation charged by comparably skilled

practitioners in comparable nonbankruptcy cases in a competitive national legal market.

40.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings

for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses.

Paul Hastings operates in a complicated national marketplace for legal services in which rates are

driven by multiple factors relating to the individual lawyer, his or her area of specialization, the

firm's expertise, performance and reputation, the nature of the work involved, and other factors.

Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the

restructuring group and other practice groups within the firm by reference to market information

and market adjustments by firms considered to be industry peers.  Based on this and reviews of

contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors

to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its

principal competitor firms.

41.     Paul Hastings' professional services during the Application Period required an

aggregate expenditure of 2,350.40 recorded hours by Paul Hastings' attorneys and

paraprofessionals, broken down as follows: partners (182.00 hours), counsel (891.20 hours),

associates (1,059.00 hours), and paraprofessionals (218.20 hours).  During the Application

Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $690.00 to $1,525.00 per hour (before the application of any fee reductions).

42.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

43.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Schedule 2.[19]  For ease of reference and transparency purposes, Paul Hastings created several matter numbers for its representation of the Committee.  The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 00002 | Official Committee of Unsecured Creditors |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00006 | PREPA |

---

[19]    The description of services in this Application is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Application Period.

19

| Matter ID | Matter Name |
|-----------|-------------|
| 00007 | HTA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00011 | GO Bond Debt Issues |
| 00012 | Creditors' Committee Meetings |
| 00014 | Constitutional Issues |
| 00017 | PBA |

I.      **Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

(a)      <u>Case Administration (Task Code B110)</u>
Fees:   $58,528.00          Total Hours:   76.70

44.      During the Application Period, Paul Hastings continued to advise the Committee on general case administration.  In order to efficiently track deadlines, organize documents, and manage work streams, Paul Hastings maintained a global task list and case calendar.  Further, Paul Hastings coordinated internally and with the Committee's financial advisor, Zolfo Cooper LLP ("<u>Zolfo Cooper</u>") regarding Committee communications, case strategy, and work streams.

45.      In addition, during the Application Period, Paul Hastings continued to implement interim and long-term strategies to maximize recoveries for general unsecured creditors.  Paul Hastings also communicated with certain Committee members and others in connection with the administration of the Title III Cases, and analyzed legal issues in connection with turnover among the Oversight Board's membership.

46.      Furthermore, Paul Hastings worked to execute a variety of other tasks related to case administration, including, among other things, preparing verified statements under Bankruptcy Rule 2019 and analyzing issues in connection therewith, and handling administrative matters in connection with the filing and service of pleadings.

20

    (b)    <u>Pleadings Review (Task Code B113)</u>
            Fees:  $22,001.00        Total Hours:  43.30

47.     During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the Title III Cases for internal review and review by the Committee.

    (c)    <u>Relief from Stay / Adequate Protection Proceedings (Task Code B140)</u>
            Fees:  $44,124.01        Total Hours:  39.60

48.     During the Application Period, Paul Hastings reviewed and analyzed the Revenue Bondholders supplemental briefs and reply briefs filed in Support of the Revenue Bond Stay Relief Motions, and prepared the Committee's limited joinders in support of the Oversight Board's objection to the supplemental brief filed by the Revenue Bondholders in support of the Revenue Bond Stay Relief Motions.  As in other instances, the Committee filed a limited joinder instead of its own stand-alone objection, in the interest of minimizing fees and to avoid the duplication of work, and requested advance drafts of the Oversight Board's briefs and providing comments on the drafts (some of which were incorporated).  In connection with these joinders, Paul Hastings also analyzed certain issues related to the Revenue Bonds.  Furthermore, Paul Hastings analyzed other automatic stay issues, including in connection with the motion for relief from stay filed by Suiza Dairy Corp.

    (d)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
            Fees:  $217,951.50      Total Hours:  224.50

49.     During the Application Period, Paul Hastings continued to prepare reports and summaries to keep the Committee apprised of relevant developments in the Title III Cases and related adversary proceedings.[20]

---

[20]    Meetings and calls with the Creditors' Committee were recorded separately under Matter ID 00012 (Creditors' Committee Meetings).

21

    (e)    <u>Court Hearings (Task Code B155)</u>
           Fees:   $93,354.50         Total Hours: 86.50

50.      During the Application Period, Paul Hastings attended (a) the June 3, 2020 omnibus hearing, held remotely, at which hearing Paul Hastings addressed the Court in connection with the Oversight Board's report on the status of the Title III cases and the stay of the Committee's GO Priority Objection, (b) the June 4, 2020 preliminary hearing on motions for relief from stay relating to the Revenue Bonds, held remotely, at which hearing Paul Hastings addressed the Court in opposition to such motions, (c) the July 29, 2020 omnibus hearing, held remotely, at which hearing Paul Hastings observed the proceedings but did not address the Court, and (d) the September 16, 2020 omnibus hearing, held remotely, at which hearing Paul Hastings addressed the Court in connection with the Oversight Board's report on the status of the Title III cases, the Committee's motion for relief from the litigation stay in order to allow it to proceed with the GO Priority Objection, and the Committee's limited objection to the motion for administrative expenses related to the LUMA Energy Contract.[21]

51.      In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.  In addition, Paul Hastings observed oral arguments before the First Circuit Court of Appeals related to appeals of COFINA's plan confirmation, as well as the Oversight Board's August 2020 public meeting.

    (f)    <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
           Fees:   $123,669.50      Total Hours:   131.00

52.      During the Application Period, Paul Hastings prepared, among other things, five monthly fee statements for services provided during the months of April 2020 through August

---

[21]   Preparation for the Committee's hearing presentation in connection with the LUMA Energy administrative expense motion was recorded under Matter ID 00006 (PREPA).

2020, as well as the Ninth Interim Fee Application for the period from February 1, 2020 through

May 31, 2020 and portions of this Application.  In addition, Paul Hastings continued to identify

possible connections between the firm and parties in interest in the Title III Cases and prepared a

supplemental declaration of Luc A. Despins regarding the firm's retention as Committee counsel,

which was worked on, but not completed, during the Application Period.  Paul Hastings also

reviewed reports and correspondence from the Fee Examiner and engaged in discussions with

the Fee Examiner and his counsel to address questions regarding Paul Hastings' interim fee

applications.

> (g)  Fee/Employment Applications for Other Professionals (Task Code B165)
>       Fees: $ 14,119.00          Total Hours: 17.80

53.      During the Application Period, Paul Hastings assisted the Committee's other

professionals, including the Committee financial advisor, Zolfo Cooper, and the Committee's

communications advisor, Kroma Advertising, Inc. ("Kroma"), with their fee application.  Paul

Hastings also handled other matters related to the employment of other professionals, including

reviewing the fee statements of certain professionals paid by the Commonwealth.

> (h)  Other Contested Matters (Task Code B190)
>       Fees:   $7,336.50          Total Hours:   5.70

54.      During the Application Period, Paul Hastings participated in the meet and confer

process related to Ambac Assurance Corporation's motion seeking discovery under Bankruptcy

Rule 2004 and handled related matters.  Paul Hastings handled certain other matters, including

finalizing the Committee's informative motion in response to the Court's proposed changes to

the *Notice, Case Management and Administrative Procedures* arising from its ruling on the

Committee's motion with respect to Rule 2019 disclosures.

      (i)      <u>Claims Administration and Objections (Task Code B310)</u>
            Fees:  $56,189.99       Total Hours:  69.20

55.      During the Application Period, Paul Hastings continued to review claim objections filed by the Debtors (as well as responses thereto).  In addition, as part of its diligence with respect to the general unsecured creditors' class, Paul Hastings analyzed information provided by the Oversight Board's advisors regarding the ongoing claims reconciliation process.  As before, diligence with respect to understanding the general unsecured creditors' class continued to be a critical task during the Application Period given the importance of advocating for improvements to the dismal recovery for general unsecured creditors contemplated under the Amended Plan and the Oversight Board's plan proposal disclosed on September 30, 2020.

56.      Further, Paul Hastings also reviewed the Oversight Board's reports regarding the designation of claims for the ADR process and the ACR process, communicated with counsel to the Oversight Board regarding the selection of arbitration providers in connection with the ADR process, and analyzed the proposals made by such providers.

57.      In addition, Paul Hastings undertook a number of other tasks related to the resolution of claims against the Commonwealth.  For example, Paul Hastings continued to analyze issues related to claims asserted by holders and/or insurers of Revenue Bonds.

      (j)      <u>Plan and Disclosure Statement (including Business Plan) (Task Code B320)</u>
            Fees: $ 140,891.00      Total Hours:  149.40

58.      During the Application Period, Paul Hastings handled numerous tasks related to the plan process.  First, Paul Hastings handled the Committee's efforts to seek relief from the stay of the Committee's GO Priority Objection.  Among other things, Paul Hastings prepared the Committee's Litigation Stay Relief Motion, the reply filed in support thereof, and the motion to expedite the Litigation Stay Relief Motion, in addition to researching and analyzing related issues.  Relatedly, the Committee also analyzed the status reports filed by the Oversight Board

and began its analysis of the competing plan proposals disclosed on September 30, 2020.   This

work was crucial given that, if the GO Priority Objection were granted, general unsecured

creditors (who are currently contemplated to receive mere pennies on the dollar) would be

entitled to at least *pari passu* treatment with the GO bondholders (who are currently slated to

receive highly favorable treatment under the Amended Plan and the Oversight Board's plan

proposal disclosed on September 30, 2020).

59.     In addition, as part of its efforts to advise the Committee with respect to the plan

support agreement with GO bondholders, the Amended Plan, and the Disclosure Statement, Paul

Hastings continued to conduct research and analysis of a variety of plan-related issues, including

issues related to the classification of claims.  Paul Hastings also handled other plan-related

matters, such as continuing to keep abreast of Puerto Rico legislative developments related to the

treatment of creditors under a plan of adjustment.

## II.     PREPA (Matter ID 00006)

(a)     Court Hearings (Task Code B155)
Fees:   $18,630.00            Total Hours: 15.10

60.     During the Application Period, Paul Hastings prepared for the September 16,

2020 omnibus hearing, held remotely, at which hearing Paul Hastings addressed the Court in

connection with the Committee's limited objection to the motion for administrative expenses

related to the LUMA Energy Contract.[22]  In addition, Paul Hastings observed the July 2020

hearing before the Natural Resources Committee of the United States House of Representatives

regarding PREPA's transformation and the September 2020 hearing before the Puerto Rico

House of Representatives regarding the LUMA Energy Contract.

---

[22]    Attendance at the omnibus hearing and other matters related thereto was recorded under Matter ID 00002
(Official Committee of Unsecured Creditors).

(b)   Assumption/Rejection of Leases and Contracts (Task Code B185)
      Fees:   $7,513.50          Total Hours:   6.30

61.      During the Application Period, Paul Hastings analyzed legal issues, pleadings,

and other documents in connection with PREPA's rejection of certain power purchase and

operating agreements and communicated with advisors to PREPA and other interested parties

regarding same.

(c)   Claims Administration and Objections (Task Code B310)
      Fees:   $266,198.00        Total Hours:   243.00

62.      During the Application Period, Paul Hastings continued to represent the

Committee in connection with its appeal of the Court's January 2020 order terminating (without

prejudice) the Committee's objection to PREPA bond claims, including by analyzing issues with

respect to the stay of the appeal and preparing a status report requested by the First Circuit.  Paul

Hastings also analyzed closely the impact on the PREPA bond claims of the Court's decisions

with respect to the Revenue Bond stay relief motions and the ERS lien scope litigation,

producing an internal memorandum analyzing these issues.

63.      In addition, Paul Hastings counseled the Committee in connection with its

response to PREPA's motion for approval of administrative expenses to LUMA Energy.  Among

other things, Paul Hastings prepared the Committee's limited objection to the motion and

handled discovery matters related to same.  Paul Hastings also worked with counsel to other

parties to successfully move to adjourn the motion so that the motion could be heard on a

reasonable schedule and discovery could take place.  The LUMA Energy Contract is, of course,

of great importance to the future of PREPA and has important consequences for an eventual

PREPA plan of adjustment, which the Committee discussed in its limited objection.

      (d)      <u>Restructurings (Task Code B420)</u>
               Fees:  $433,168.00       Total Hours:  388.50

64.     During the Application Period, Paul Hastings continued to represent the

Committee with respect to the PREPA RSA Motion.  Among other things, Paul Hastings

prepared the Committee's motion to terminate the PREPA RSA Motion and the reply in support

thereof, as well as handling related discovery matters including a motion to compel discovery, a

reply brief and motion to expedite with respect thereto, and an objection to the decision of

Magistrate Judge Dein to deny such motion to compel.  As part of this work, Paul Hastings

analyzed legal issues related to its motion to terminate the PREPA RSA Motion, reviewed

PREPA's status reports, and communicated with other parties in interest.   All of this work was

critical to the Committee's efforts to pursue its objection to the claims of PREPA bondholders,

which objection had been denied without prejudice on the grounds that the PREPA RSA Motion

was pending.

65.     Paul Hastings also devoted significant time to analyzing PREPA's LUMA Energy

Contract which is contemplated to be a key element of PREPA's transformation.  Paul Hastings

worked with Zolfo Cooper to advise the Committee regarding the financial and legal

ramifications of the LUMA Energy Contract and prepared an internal memorandum analyzing

the terms of the agreement.

## III.     ERS (Matter ID 00008)

      (a)      <u>General Litigation (Task Code B191)</u>
               Fees:  $25,550.00       Total Hours:  29.20

66.     During the Application Period, Paul Hastings continued to represent the

Committee in general litigation matters related to the ERS bond challenges including by, among

other things, analyzing relevant issues arising in the ERS-related litigation before the United

States Court of Federal Claims (the "Court of Claims"), the Supreme Court's Appointment's

clause decision, and related materials and authorities.

    (b)    Claims Administration and Objections (Task Code B310)
                Fees:   $604,066.50         Total Hours: 534.90

    67.    During the Application Period, Paul Hastings continued to represent the

Committee in connection with the litigation of the ERS Claim Objections and related adversary

proceedings, in which the Committee, the Oversight Board, the Special Claims Committee, and

the Retiree Committee (collectively, the "ERS Co-Objectors") are challenging over $3 billion of

ERS bonds both as invalid based on the theory that they were issued *ultra vires* and, to the extent

they are not invalid, as having limited liens.  Among other things, Paul Hastings handled

discovery matters including document production and depositions, research and analysis of legal

issues related to discovery disputes, and mediation in connection with same.  In addition, Paul

Hastings also worked on the ERS Co-Objectors' expert report and related materials, as well as

analyzing the bondholders' expert report.  Paul Hastings at all times coordinated with the other

ERS Co-Objectors as much as possible to minimize the duplication of effort.

    68.    One of Paul Hastings' most significant undertakings was preparing the

Committee's independent motion for summary judgment and related statement of undisputed

facts on the *ultra vires* issue, as well as conducting extensive legal research and analysis in

connection with preparing such pleadings.  The Committee also spent time reviewing and

analyzing similar pleadings in the "lien scope" litigation, though it largely deferred to other ERS

Co-Objectors on those pleadings so as to reduce inefficiency.

    69.    Paul Hastings also prepared the Committee's limited joinders in support of the

Oversight Board's motion to disallow claims and its opposition to the bondholders' motion for

judgment on the pleadings.  As in other instances, the Committee filed a limited joinder instead

of its own stand-alone motion to disallow and dismiss claims, in the interest of minimizing fees

and to avoid the duplication of work.

IV.    **Other Adversary Proceedings (Matter ID 00009)**[23]

(a)    Court Hearings (Task Code B155)
Fees:   $50,150.00        Total Hours:   42.90

70.    During the Application Period, Paul Hastings attended the September 23, 2020

summary judgment hearing in the Revenue Bond Adversary Proceedings, held remotely, at

which hearing Paul Hastings addressed the Court in connection with the Committee's joinder to

the Oversight Board's summary judgment motion.

71.    In preparation for this hearing, Paul Hastings also reviewed relevant issues raised

in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative

motions to be heard.

(b)    General Litigation (Task Code B191)
Fees:   $80,796.00        Total Hours:   69.30

72.    During the Application Period, Paul Hastings monitored the progress of a number

of adversary proceedings and related matters, advising the Committee as appropriate.  In order to

track deadlines, organize documents, and notify the Committee of upcoming matters, Paul

Hastings reviewed these dockets to maintain its litigation tracking charts.

73.    In addition, Paul Hastings also handled other litigation matters, including, among

other things, analyzing issues in connection with ongoing avoidance actions and the potential

settlement of certain such actions, preparing the Committee's reply in support of an

---

[23]    To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under
Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary
proceedings under Matter ID 00008.

intergovernmental tolling agreement, and analyzing issues in connection with the Uniformity

Clause litigation commenced by Ambac Assurance Corporation (Adv. Proc. No. 20-00068).

      (c)    <u>Claims Administration and Objections (Task Code B310)</u>
             Fees:  $77,866.00         Total Hours:  68.40

74.      During the Application Period, Paul Hastings continued to represent the

Committee in connection with the Revenue Bond Adversary Proceedings.  Among other things,

Paul Hastings reviewed the oppositions and sur-replies submitted by the Revenue Bondholders

and the DRA Parties to the motions for summary judgment in the Revenue Bond Adversary

Proceedings, and prepared the Committee's limited joinders to the Oversight Board's replies in

support of its motions for summary judgment.  As in other instances, in the interest of

minimizing fees and to avoid the duplication of work, the Committee did not prepare its own

standalone summary judgment motions, but instead coordinated with counsel to the Oversight

Board prior to the filing deadlines, including by requesting advance drafts of the Oversight

Board's reply briefs, providing comments on the drafts (some of which were incorporated), and

ultimately filing limited joinders to such replies.

**V.      Creditors Committee Meetings (Matter ID 00012)**

      (a)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
             Fees:  $101,633.00       Total Hours:  83.60

75.      During the Application Period, Paul Hastings continued to hold regular telephonic

conferences with the Committee to provide the Committee with updates on the progress of the

Title III Cases as well as to discuss case strategy and next steps.  In preparation for these

telephonic conferences, Paul Hastings (a) reviewed relevant pleadings filed in the Title III Cases

and related adversary proceedings, (b) prepared presentations for these meetings, and (c)

prepared proposed agenda letters for the Committee's consideration.  Paul Hastings also hosted a

video-conference meeting on September 30, 2020, held in lieu of an in-person meetings in light
of the COVID-19 pandemic.

* * *

76.     The foregoing professional services were necessary and appropriate to the
administration of the Title III Cases and were in the best interests of the Committee, the Debtors,
the creditors, and other parties in interest.

## ATTENDANCE AT HEARINGS

77.     In accordance with the presumptions set forth in the *Order on Fee Examiner's
Motion* to *Impose Presumptive Standards and Timeliness Requirements for Professional Fee
Applications* [Docket No. 3932] (the "Presumptive Standards Order"), Paul Hastings provides
the following summary regarding the attendance of Paul Hastings professionals at Court
hearings:[24]

- June 3, 2020:  The June 3, 2020 omnibus hearing, which was held remotely, was
  attended by Mr. Despins (speaking role), as well as Mr. Bongartz.

- June 4, 2020:  The June 4, 2020 preliminary hearing on motions for relief from
  stay relating to the Revenue Bonds, which was held remotely, was attended by
  Mr. Despins (speaking role), as well as Mr. Bongartz and Mr. Zwillinger.
  Because the June 4, 2020 hearing dealt with Revenue Bond issues, Paul Hastings
  submits that the attendance of an additional attorney (Mr. Zwillinger) who was
  extensively involved in Revenue Bond matters was reasonable under the
  circumstances.

- July 29, 2020:  The July 29, 2020 omnibus hearing, which was held remotely, was
  attended by Mr. Bongartz.

- September 16, 2020:  The September 16, 2020 omnibus hearing, which was held
  remotely, was attended by Mr. Despins (speaking role), as well as Mr. Bongartz.

---

[24]     Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a
professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than
those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

- September 23, 2020:  The September 23, 2020 summary judgment hearing in the Revenue Bond Adversary Proceedings, held remotely, was attended by Mr. Despins (speaking role), as well as Mr. Bongartz (for a portion of the hearing) and Mr. Zwillinger.  Because the September 23, 2020 hearing dealt with Revenue Bond issues, Paul Hastings submits that the attendance of an additional attorney (Mr. Zwillinger) who was extensively involved in Revenue Bond matters was reasonable under the circumstances.

## REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND COMMITTEE

78.     As requested by the Fee Examiner, we set forth below the status of the various proceedings and motions jointly commenced by the Oversight Board or its Special Claims Committee, on the one hand, and the Committee, on the other hand, pursuant to stipulations for the joint prosecution of causes of action or claims objections.

- GO Bond Claim Objections: Pursuant to Judge Swain's stay order dated March 10, 2020 [Docket No. 12189] (the "Final Stay Order"), the GO Bond Claim Objections remain stayed pending the Court's decision regarding confirmation of the Amended Plan.

- Adversary Proceeding Against Underwriters, etc.:  GJB, the Committee's special litigation counsel, represents the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280].  Paul Hastings has no involvement in this adversary proceeding.  Moreover, pursuant to the Final Stay Order, the underwriter litigation is stayed pending the Court's decision regarding confirmation of the Amended Plan.

- Garden-Variety Avoidance Actions:  CST, the Committee's local counsel, represents the Committee with respect to the "garden-variety" avoidance actions [Adv. Proc. Nos. 19-041 to 19-279, and Adv. Proc. Nos. 19-347 to 19-354].  Paul Hastings' involvement in these avoidance actions is limited to reviewing and commenting on draft forms of pleadings or "case management" pleadings, and providing high-level oversight and direction with respect to these adversary proceedings.[25]

---

[25]   We also note that, on July 12, 2019, the Court approved certain procedures establishing a framework for streamlined execution of settlement agreements and procedures and guidelines for resolving the avoidance actions through a voluntary mediation process.

- <u>Other Stayed Co-Plaintiff Adversary Proceedings</u>: Pursuant to the Final Stay Order, the following co-plaintiff adversary proceedings are stayed pending the Court's decision regarding confirmation of the Amended Plan:

  o Eight adversary proceedings seeking to recover fraudulent transfers made on account of GO bonds that were not validly issued [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288]; and

  o Seven adversary proceedings challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297].

  o Four adversary proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].

- <u>ERS-Related Co-Plaintiff Adversary Proceedings</u>: On October 24, 2019, the Court approved a scheduling order regarding discovery and summary judgment briefing on the lien scope issues and *ultra vires* issues with respect to the ERS bonds. Accordingly, (a) the lien scope litigation, *i.e.*, Adv. Proc. No. 19-366 and Adv. Proc. No. 19-367 and (b) count I of the complaints seeking to recover fraudulent transfers made on account of ERS bonds that were not validly issued, *i.e.*, Adv. Proc. No. 19-355, Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-358, Adv. Proc. No. 19-359, and Adv. Proc. No. 19-361, were unstayed.

  o Proskauer Rose LLP, counsel for the Oversight Board, has primary responsibility for the lien scope adversary proceedings. Accordingly, Paul Hastings is not expending significant time on these adversary proceedings.[26]

  o Moreover, GJB, the Committee's special litigation counsel, represents the Committee with respect to count I of the recovery actions. Thus, GJB is handling the *ultra vires* issues as they relate to count I of the recovery actions.

---

[26] To be clear, Paul Hastings is fully involved in the discovery and briefing as it relates to the Committee's ERS Claim Objection, which objection was not brought jointly with any other party. Given that the *ultra vires* issues and the lien scope issues are being litigated in tandem, Paul Hastings is coordinating its litigation efforts with the other objectors (including the Retiree Committee) in the interest of minimizing duplication of efforts.

- **Currently Stayed HTA Revenue Bond Co-Plaintiff Adversary Proceeding**:
  Pursuant to the Court's *Final Case Management Order for Revenue Bonds*
  [Docket No. 12186], Adv. Proc. No. 20-007 is currently stayed.

79.     The sub-budgets and staffing plans with respect to the jointly pursued matters

described above are included as part of Exhibit C-1 and Exhibit C-2 hereto, respectively.  As

shown on Exhibit D-1, actual hours incurred on the above matters were well below budget.

## ACTUAL AND NECESSARY DISBURSEMENTS

80.     As set forth in Exhibit D-2 hereto, Paul Hastings disbursed $150,285.59 as

expenses incurred in providing professional services during the Application Period.  This amount

includes $64,561.47 in expenses payable to Trustpoint International, LLC, which provided e-

discovery services, including maintaining a database of discovery documents that were critical to

Paul Hastings' discovery tasks in connection with the litigation of the PREPA RSA Motion.

81.     Paul Hastings also disbursed additional amounts in connection with other minor

expenses such as the translation of documents and the use of CourtSolutions.

82.     Further, because Paul Hastings believes that online legal research (e.g., LEXIS

and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes,

Paul Hastings encourages computerized legal research even though it is not a profit center for

Paul Hastings.

83.     The time constraints imposed by the circumstances of the matters handled by Paul

Hastings during the Application Period required its attorneys and other employees, at times, to

devote substantial time during the evenings and on weekends to perform legal services on behalf

of the Committee.  These extraordinary services were essential to meet deadlines, timely respond

to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and

other Paul Hastings employees who worked late in the evenings or on weekends were

34

reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy. Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

84.     Further, Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services. In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## **REQUESTED COMPENSATION SHOULD BE ALLOWED**

85.     Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

(a)     In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

   (i)     the time spent on such services;

   (ii)    the rates charged for such services;

   (iii)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(iv)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

86.    PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

87.    In the instant case, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases.  The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

88.    The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more

routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was

utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings

communication and education about the Title III Cases.  As demonstrated by this Application,

Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly,

approval of the compensation sought herein is warranted.

## NOTICE

89.     In accordance with the Interim Compensation Order, Paul Hastings will provide

notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and

O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial

Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the

Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the

Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián,

C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson;

and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.

In addition, the notice of hearing with respect to this Application will be served on all parties that

have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the form attached hereto as Schedule 3, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $2,465,639.50, representing 100% of the fees billed during the Application Period, and reimbursement of $150,285.59, representing 100% of the actual and necessary expenses incurred during the Application Period, (ii) authorizing and directing the Debtors' payment of the difference between (a) the sum of 80% of the fees allowed (after taking into account any credits) and 100% of the expenses allowed and (b) the amounts previously paid by the Debtors pursuant to the Interim Compensation Order, (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek such further compensation and/or payment for the full value of services performed and expenses incurred, and (iv) granting Paul Hastings such other and further relief as is just.

Dated: November 16, 2020

        */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

38

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                      :
In re:                                                :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :   Title III
                                                      :
        as representative of                          :   Case No. 17-BK-3283 (LTS)
                                                      :
THE COMMONWEALTH OF PUERTO RICO, et al.,              :   (Jointly Administered)
                                                      :
        Debtors.[1]                                   :
------------------------------------------------------------------------ x
```

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF TENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.     I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

support of the *Tenth Interim Application of Paul Hastings LLP, Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from June 1, 2020 through September 30, 2020* (the "Application").[2]

2.       The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.       I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4.       Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

> Question:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?
>
> Response:    Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings agreed to the following voluntary fee reductions and expense write-offs:
>
> For services rendered during the Application Period, Paul Hastings reduced the rates charged for the following attorneys:

---

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

2

| Attorney | Standard Rate (after 20% end-of-case reduction) | Reduced Rate (after 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,280.00 | $1,200.00 |
| John Hilson | $1,240.00 | $1,120.00 |
| Nicholas Bassett | $1,040.00 | $1,028.00 |

In addition, Paul Hastings waived expenses totaling $595.28, as follows:

(i)     We waived all charges with respect to late-work, in-office meals (even though the Fee Examiner guidelines permit in-office meal charges of up to $20.00 per meal).  At a $20.00 cap per meal, this translates into a total write-off of $0.00;

(ii)    We capped car service charges at $100.00 resulting in a write-off of $32.28 and

(iii)   To comply with Local Rule 2016-1(b)(1), we reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $563.00.

The aggregate amount of the foregoing reductions/write-offs is $15,438.78.

Question:     If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

Question:     Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

Question:     Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:     The Application includes approximately 11.7 hours and associated fees of approximately $15,210 related to preparing, reviewing, and revising Paul

3

Hastings' fee statements (which translates into an average of less than 3.0 hours for each of the four monthly fee statements prepared during the Application Period).

Question:   Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:   No.

Question:   If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:   As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  Effective February 1, 2018, July 1, 2018, January 1, 2019, and February 1, 2020, in each case with the Committee's approval, Paul Hastings adjusted its hourly rates in accordance with the Retention Order, the Retention Application, and the *Declaration of Mark Richard* in support of the Retention Application.  The Retention Order provides that Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.  As detailed in the *Declaration of Mark Richard* [Docket No. 610-3], the Committee was advised of the foregoing.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable

inquiry, the foregoing is true and correct.

Executed this 16th day of November 2020

*/s/  Luc A. Despins*
Luc A. Despins

4