# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
|     as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
|             Debtors.[1] | |

## NOTICE OF MOTION OF THE COMMONWEALTH OF PUERTO RICO PURSUANT TO BANKRUPTCY CODE SECTION 365 FOR ENTRY OF ORDER APPROVING ASSUMPTION OF SETTLEMENT AGREEMENTS WITH GARCÍA RUBIERA CLASS PLAINTIFFS

**PLEASE TAKE NOTICE** that, upon the *Motion of the Commonwealth of Puerto Rico Pursuant to Bankruptcy Code Section 365 for Entry of Order Approving Assumption of Settlement Agreements with Gracía Rubiera Class Plaintiffs* (the "Motion"), the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

will move this Court, before the Honorable Laura Taylor Swain, United States District Judge,

United States District Court for the Southern District of New York, at the United States District

Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan,

Puerto Rico, on **December 9, 2020 at 9:30 a.m. (Atlantic Standard Time)**, or as soon thereafter

as counsel may be heard, for an order pursuant to 11 U.S.C. § 365(a), as made applicable to the

Commonwealth's Title III case through PROMESA § 301, authorizing the Commonwealth to

assume the Settlement Agreements[3] and granting such other relief as is just and proper.

Pursuant to the *Thirteenth Amended Notice, Case Management and Administrative
Procedures* (ECF No. 13512-1) (the "Case Management Procedures"), any Objection to the

Motion shall be filed and served by **November 24, 2020, at 4:00 p.m. (Atlantic Standard Time)**.

The relief requested may be granted without a hearing if no Objection is timely filed and served in

accordance with the Court's Case Management Procedures.

Dated: November 17, 2020                    Respectfully submitted,
      San Juan, Puerto Rico

                                                 */s/ Ehud Barak*
                                                 Martin J. Bienenstock
                                                 Ehud Barak
                                                 Jeffrey W. Levitan
                                                 (Admitted *Pro Hac Vice*)
                                                 **PROSKAUER ROSE LLP**
                                                 Eleven Times Square
                                                 New York, NY 10036
                                                 Tel: (212) 969-3000
                                                 Fax: (212) 969-2900

                                                 *Attorneys for the Financial
Oversight and Management Board
as Representative for the Commonwealth*

                                                 */s/ Hermann D. Bauer*

                                                 Hermann D. Bauer

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board
as Representative for the Commonwealth*

**Objection Deadline:** November 24, 2020, 4:00 p.m. (AST)
**Hearing Date:** December 9, 2020, 9:30 a.m. (AST)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### MOTION OF THE COMMONWEALTH OF
### PUERTO RICO PURSUANT TO BANKRUPTCY CODE
### SECTION 365 FOR ENTRY OF ORDER APPROVING ASSUMPTION
### OF SETTLEMENT AGREEMENTS WITH GARCÍA RUBIERA CLASS PLAINTIFFS

To The Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion") pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to this case by PROMESA section 301(a),

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the Commonwealth's assumption of the: (i) agreement and stipulation specified in the *Joint Motion on Partial Agreement and Stipulation*, dated March 29, 2016 (a copy of which is attached as Exhibit 1 to the Proposed Order, the "Commonwealth Settlement Agreement"), filed in the case captioned, *Gladys García Rubiera, et al., v. Asociación de Suscripción Conjunta, et al.*, Civil Number KDP2001-1441 (the "Commonwealth Action"), before the Puerto Rico Court of First Instance (the "Commonwealth Court"), and (ii) *Stipulation for Permanent Injunction*, dated February 29, 2016 (a copy of which is attached as Exhibit 2 to the Proposed Order, the "Federal Settlement Agreement" and together with the Commonwealth Settlement Agreement, the "Settlement Agreements"), filed in the case captioned *Gladys García Rubiera, et al. v. Hon. Luis G. Fortuño, et al.,* Case No. 02-1179 (GAG) (the "Federal Action" and together with the Commonwealth Action, the "Prepetition Actions"), before the United States District Court for the District of Puerto Rico.  In support of this Motion, the Commonwealth respectfully represents as follows:

### Jurisdiction and Venue

1.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

3.     The statutory predicates for the relief sought herein are section 365 of the Bankruptcy Code, made applicable to this case by PROMESA section 301(a).

## Background

### The Prepetition Actions

4.        Pursuant to Act No. 253 of 1995 ("Law 253"), motorists are required to maintain a minimum of $3,000 in liability insurance coverage for every vehicle driven on public roads.  P.R. Laws Ann. tit 26, §§ 8052(j), 8056(a).   To acquire that coverage, vehicle owners must pay an annual premium ($99.00 for automobile and $148.00 for heavy vehicles) to the Commonwealth's Secretary of the Treasury (the "Secretary") when they acquire or renew their vehicle registration. *Id.*  The Secretary transfers the premiums to the Compulsory Liability Underwriting Association of Puerto Rico ("JUA"), an entity created pursuant to Commonwealth law.

5.        Vehicle owners can opt out of the compulsory insurance program by purchasing private insurance with equivalent or better coverage.  *Id.* § 8061(a).  Vehicle owners who obtain private insurance after paying the compulsory insurance premium may seek reimbursement of the compulsory premiums from the JUA (or from their private insurer, who in turn seeks reimbursement form the JUA).  *Id.* § 8055(j).

6.        In 2001, a class of vehicle owners ("Plaintiffs") who purchased private insurance after paying the mandatory premiums filed the Commonwealth Action to compel the JUA to reimburse accumulated duplicate premiums.

7.        In 2002, the Commonwealth enacted Law 230, which requires the JUA to transfer certain accumulated duplicate premiums to the Secretary every two years.  *See* P.R. Laws Ann. tit. 26, § 8055(j) ("Law 230").  In 2002, Plaintiffs commenced the Federal Action, challenging Law 230 on various constitutional grounds and sought a preliminary injunction preventing any unclaimed duplicate premiums from being transferred or escheating to the Commonwealth.  The

Commonwealth Action was stayed pending resolution of the Federal Action.  *García-Rubiera v. Fortuño*, 727 F.3d 102, 268 n.7 (1st Cir. 2013).

**The Settlement Agreements**

8.      Following a number of decisions by the United States Court of Appeals for the First Circuit (the "First Circuit"),[3] the parties ultimately entered into the Settlement Agreements, settling the Prepetition Actions.  Each Settlement Agreement provides the terms for, among other things, (a) public and individualized notice of the reimbursement procedure for vehicle owners who paid duplicative vehicle insurance premiums between 1998 and 2010, (b) a two-year period for the submission of reimbursement claims, (c) a 120-day deadline for the verification of such claims, and (d) procedures for payment of approved claims.  Prior to the commencement of the Commonwealth's Title III case, the parties were in advanced discussions regarding the implementation of the mutual obligations pursuant to the Settlement Agreements, including the notification list and the internet portal to be developed by the Treasury Department in connection with the notification procedures.

9.      The Settlement Agreements also provide for attorneys' fees for Plaintiffs' class counsel out of amounts that the class receives as reimbursement.

**The Lift Stay Motion**

10.      On May 3, 2017 (the "Petition Date"), the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition under title III of PROMESA (the "Title III Case").

---

[3]    *See García-Rubiera v. Calderon*, 570 F.3d 443 (1st Cir. 2009) ("Garcia I"); *García-Rubiera v. Fortuño*, 665 F.3d 261 (1st Cir. 2011) ("Garcia II"); *García-Rubiera v. Fortuño*, 727 F.3d 102 (1st Cir. 2013) ("Garcia III").

4

11.     On February 7, 2018, Plaintiffs filed the *Motion Requesting Relief of Stay Under 362(d)(1) of the Bankruptcy Code* [ECF No. 2434] (the "Lift Stay Motion") seeking relief from the automatic stay and the enforcement of the Settlement Agreements entered in connection with the Prepetition Actions.

12.     On April 6, 2018, the Court entered the *Memorandum Order Granting in Part and Denying in Part Motion Requesting Relief from Stay under Section 362(d)(1) of the Bankruptcy Code (Docket Entry No. 2434)* [ECF No. 2858] (the "Stay Order"), modifying the automatic stay to permit implementation of the notice and insurance premium claim submission and review process, but denying the Lift Stay motion in all other respects.

13.     On April 13, 2018, Plaintiffs filed their Notice of Appeal of the Stay Order.

14.     On September 25, 2019, the First Circuit issued its *Opinion* [ECF No. 8770] and *Judgment* [ECF No. 8771], affirming in part and vacating in part the Court's Stay Order.  The First Circuit remanded the matter to this Court to revisit the Lift Stay Motion to "make at least a preliminary determination of the parties' respective property interests in the segregated funds, taking into consideration both the prima facie showing made by the plaintiffs and the plaintiffs' ultimate burden on the issue of the debtor's equity in the dispute funds . . . and to reapply the *In re Sonnax* factors to these funds in light of that preliminary determination . . . ."  Opinion at 24.  The First Circuit also directed the time limits pursuant to Bankruptcy Code section 362(e) would "commence anew upon issuance of the court's mandate . . . ."  *Id.* at 25 n.4.

15.     On September 27, 2019, the Commonwealth, together with certain other Title III debtors, filed a *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 8765] (the "Plan of Adjustment"), which proposes that the Commonwealth will assume the Settlement Agreements upon the occurrence of the effective date of the Plan of Adjustment.

16.     An amended Plan of Adjustment was filed on February 28, 2020 [ECF No. 11946] (the "Amended Plan of Adjustment"), which did not alter the treatment of Plaintiffs' claims and proposed assumption of the Settlement Agreements.

17.     In addition, the Plan of Adjustment provides for a convenience class (Class 52) that will provide a full recovery to individual claims equal to or less than $10,000, which will include the claims that would be filed by the Plaintiffs' individual class members.  Virtually all the Plaintiffs' members' claims (which are either $99.00 or $148.00 per vehicle for the time period between 1998 and 2010) would fall under such threshold.  The Oversight Board anticipates that any revised plan of adjustment for the Commonwealth will include full recovery for a convenience class for Plaintiff's individual class members.

18.     On October 17, 2019, the First Circuit issued its mandate, and the Court entered the *Order Scheduling Further Proceedings Regarding Motion Requesting Relief form Automatic Stay* [ECF No. 8890], setting a schedule for the parties to file supplemental papers.

19.     On October 15, 2020, the Commonwealth filed the *Stipulation Resolving Motion Requesting Relief of Stay Under 362(d)(1) of the Bankruptcy Code [ECF No. 2434]* [ECF No. 14588-1] (the "Lift Stay Stipulation") providing for the terms of the resolution of the Lift Stay Motion, which includes, among other things, the filing of a motion to assume the Settlement Agreements in the Commonwealth's Title III case.

### Relief Requested

20.     By this Motion, the Commonwealth seeks entry of the Proposed Order, pursuant to Bankruptcy Code section 365, approving the Commonwealth's assumption of the Settlement Agreements.

## Basis for Relief

**I.     The Debtor's Determination to Assume the Settlement Agreements is a Sound Exercise of Business Judgment.**

21.     Section 365 of the Bankruptcy Code, made applicable in this Title III case pursuant to PROMESA section 301(a), provides that, subject to the approval of the Court, a debtor may "assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).[4] Courts defer to the debtor's business judgment when determining whether the assumption of an executory contract is appropriate under Bankruptcy Code section 365(a). *See, e.g., In re BankVest Capital Corp.*, 290 B.R. 443, 447 (B.A.P. 1st Cir. 2003), *aff'd*, 360 F.3d 291(1st Cir. 2004) ("Under a motion to assume . . . the only issue properly before a court is whether the assumption or rejection of the subject contract is based upon a debtor's business judgment."); *In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 463 (Bankr. S.D.N.Y. 2014) (debtors' decision to assume restructuring support agreement represented sound exercise of debtors' business judgment). To satisfy the "'business judgment' test, a debtor must simply put forth a showing that assumption . . . of the executory contract or unexpired lease will benefit the Debtor's estate." *In re Genco Shipping*

---

4   While Bankruptcy Code does not define "executory contract," a contract is generally considered to be executory if "the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re PCM Marketing Corp.*, 447 B.R. 71, 78 (D.P.R. 2011) (quoting Countryman, *Executory Contracts in Bankruptcy*, 57 Minn. L. Rev. 439, 446 (1973)); *In re Santiago*, 563 B.R. 457, 473 (Bankr. D.P.R. 2017).  "The time for testing whether such reciprocal obligations exist and material obligations remain unperformed, is at the time the bankruptcy petition is filed." *In re High Voltage Eng'g Corp.*, 397 B.R. 579, 598 (Bankr. D. Mass. 2008), *aff'd*, 403 B.R. 163 (D. Mass. 2009).

Both the Settlement Agreements satisfy the definition of "executory contract."  For example, as of the Petition Date, both the Commonwealth and Plaintiffs had an ongoing obligation to cooperate and develop the contents of the individualized notices to be provided to Plaintiffs' class members, general publication and radio notices, and an internet portal.  Federal Settlement Agreement at 4-5; Commonwealth Settlement Agreement ¶ 6.C.i.   As the Commonwealth previously noted in connection with the Lift Stay Motion, the parties were in the process of implementing the notice of reimbursement procedures as of the Petition Date. *Supplemental Brief and Declaration in Compliance with March 9, 2018 Court Order* ¶ 7 [ECF No. 2795].  The parties were in advanced discussions regarding the notification list and the internet portal developed by the Puerto Rico Department of Treasury.  *Id.* ¶ 8.

& *Trading Ltd.*, 509 B.R. at 463; *In re Vent Alarm Corp.*, Case No. 15-09316-MCF11, 2016 WL
1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016).

22.     When reviewing a debtor's business judgment, courts are reluctant to substitute
their judgment for that of the debtor. *In re Maiden Brooks Farm LLC*, 435 B.R. 81, 83 (Bankr. D.
Mass. 2010) (noting that courts afford deference to debtors under the business judgement rule);
*see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124,
126 (Bankr. D. Del. 2003) (explaining that under the business judgment standard, a court should
defer to a debtor's decision with respect to contract assumption or rejection, "unless that decision
is the product of bad faith or a gross abuse of discretion"); *In re Republic Airways Holdings Inc.*,
Case No. 16-10429 (SHL), 2016 WL 2616717, at *4 (Bankr. S.D.N.Y. May 4, 2016) ("Courts
generally will not second-guess a debtor's business judgment concerning whether an assumption
or rejection benefits the debtor's estate.").

23.     Generally, courts find that a debtor has appropriately exercised its business
judgment where there is no showing of bad faith or an abuse of discretion. *See In re LRP
Mushrooms, Inc.*, Case No. 09-18529, 2010 WL 2772510, at *6 (Bankr. E.D. Pa. July 13, 2010)
("Where the trustee's request is not manifestly unreasonable or made in bad faith, the court should
normally grant approval '[a]s long as [the proposed action] appears to enhance [the] debtor's
estate." (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir.
1985))); *see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Glob. Inc.)*, 293 B.R.
124, 126 (D. Del. 2003) (rejecting counterparty's argument that a finding of hardship is a
prerequisite to application of the business judgment test).

24.     The Commonwealth submits that assumption of the Settlement Agreements as set
forth herein is a sound exercise of the Commonwealth's governmental judgment.  Significantly,

the United States Court of Appeals suggested the monies at issue could well be in a trust for Plaintiffs, which would have been the topic at any new trial after the partial remand. *See Gracia-Gracia v. Fin. Oversight & Mgmt. Bd. (In re Fin. Oversight & Mgmt. Bd. of P.R.)*, 939 F.3d 340, 351 (1st Cir. 2019). Assumption of the Settlement Agreements would also end a nearly 20-year saga in connection with the Prepetition Actions and avoid additional, unnecessary litigation. Assumption of the Settlement Agreement will expedite payment to thousands of Commonwealth citizens entitled to refunds, and have agreed to reduce their claim by waiving interest on their reimbursement claims that has accumulated over nearly 20 years. Commonwealth Settlement Agreement ¶ 6.D.iii.

25.     Additionally, further litigation of the parties' respective property interests in the insurance premium funds held by the Commonwealth in connection with the Lift Stay Motion would be a waste of Commonwealth funds and judicial resources since virtually all the Plaintiffs' members' claims (which are either $99.00 or $148.00 per vehicle for the time period between 1998 and 2010) would likely fall under a convenience class and receive essentially the same treatment as if the Settlement Agreements were assumed—*i.e.*, payment of valid claims in full in cash. The Amended Plan of Adjustment (and any other plan of adjustment in all likelihood) provides for the payment in full of claims equal to or less than $10,000.00, or $20,000.00 in the aggregate for holders of multiple claims. *See* Amended Plan of Adjustment art. LVI.

26.     Accordingly, assumption of the Settlement Agreements, thereby resolving the Prepetition Actions and Lift Stay Motion, would aid the Commonwealth in efficiently managing its Title III case, and is a sound exercise of its business judgment.

**Notice**

27.　　The Commonwealth has provided notice of this Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against Commonwealth; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[5] and (i) all parties filing a notice of appearance in these Title III cases. A copy of the Motion is also available on the Commonwealth's case website at https://cases.primeclerk.com/puertorico/.

28.　　The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

29.　　No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

---

[5]  The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

10

**WHEREFORE** the Commonwealth respectfully requests entry of the Proposed Order in the form attached hereto as **Exhibit A**, approving the Commonwealth's assumption of the Settlement Agreements pursuant to Bankruptcy Code section 365, and granting the Commonwealth such other and further relief as the Court may deem appropriate.

Dated: November 17, 2020
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ehud Barak*
Martin J. Bienenstock
Ehud Barak
Jeffrey W. Levitan
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as Representative for the Commonwealth*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board
as Representative for the Commonwealth*

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al*., | |
| Debtors.[1] | |

**ORDER APPROVING ASSUMPTION OF
<u>SETTLEMENT AGREEMENTS WITH GARCÍA RUBIERA CLASS PLAINTIFFS</u>**

Upon the *Motion of the Commonwealth of Puerto Rico Pursuant to Bankruptcy Code Section 365 for Entry of an Order Approving Assumption of Settlement Agreements with García Rubiera Class Plaintiffs* (Docket Entry No. _____ in Case No. 17-3283, the "<u>Motion</u>");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Commonwealth's assumption of the Settlement Agreements is approved, pursuant to Bankruptcy Code section 365, made applicable to the Commonwealth's Title III case pursuant to PROMESA section 301(a).

3.      The Commonwealth is authorized to cure existing defaults, if any, under the Settlement Agreements pursuant to Bankruptcy Code section 365(b)(1)(A), made applicable to the Commonwealth's Title III case pursuant to PROMESA section 301(a).

4.      Pursuant to the *Stipulation Resolving Motion Requesting Relief of Stay Under 362(d)(1) of the Bankruptcy Code [ECF No. 2434]* [ECF No. 14588-1], the Commonwealth shall have 120 days following receipt of a reimbursement claim pursuant to the Settlement Agreements, or following entry of this Order, whichever is later, to review and send notice of any objection to a claim.  If no objection to a claim is sent in accordance with the terms of the Settlement Agreements within the 120-day period, such claim shall be deemed valid.

5.      Notwithstanding any applicability of any Bankruptcy Rule staying this order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

7.      This Order resolves Docket Entry No. ____ in Case No. 17-3283.

Dated: _____

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

<u>Exhibit 1</u>

Commonwealth Settlement Agreement

Certified Translation
Page **1** of **7**

GENERAL COURT OF JUSTICE
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR PART

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET AL<br><br><br>Plaintiffs<br><br>V.<br><br>JOINT UNDERWRITING ASSOCIATION<br>FOR THE COMPULSORY MOTOR VEHICLE<br>LIABILITY INSURANCE, ET AL.<br><br><br>Defendants | CIVIL NO. KDP01-1441<br>ROOM: 801<br><br><br>RE: DAMAGES |

**PARTIAL JUDGMENT**

Having considered the Joint Motion Requesting Partial Judgment filed by plaintiffs and co-defendant the Commonwealth of Puerto Rico (Commonwealth), it is hereby **GRANTED** and **Partial Judgment** of voluntary dismissal with prejudice is rendered as for said co-defendant. All agreements asserted by these parties in the Joint Motion on Partial Agreement and Stipulation filed on March 30, 2016 are hereby adopted by reference.

Since there is no reason for which this Court may not render judgment as for said party until final resolution of the litigation, the Court hereby renders **PARTIAL JUDGMENT**.

TO BE REGISTERED AND NOTIFIED.

In San Juan, Puerto Rico, on this 8th day of July, 2016.

[Signed]
**OLGA GARCIA VINCENTY**
**SUPERIOR COURT JUDGE**

[handwritten]
CERTIFIED: GRISELDA RODRIGUEZ COLLADO
Regional Clerk
[wet stamp] EDMY V. NIEVES FIGUEROA [handwritten initials] E.V.N.F.

[handwritten] Assistant Clerk

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

*[signature]*

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

Certified Translation
Page **2** of **7**

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN PART

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET AL | CIVIL NO. KDP01-1441<br>ROOM: 801 |
| Plaintiffs | |
| V. | RE:<br>CLASS ACTION SUIT ACT NO 118<br>OF JUNE 25, 1971; DAMAGES; |
| JOINT UNDERWRITING ASSOCIATION<br>FOR THE COMPULSORY MOTOR VEHICLE<br>LIABILITY INSURANCE, ET AL. | RECOVERY OF INTERESTS;<br>REFUND OF PREMIUMS |
| Defendants | |

## JOINT MOTION ON PARTIAL AGREEMENT AND STIPULATION

**TO THE HONORABLE COURT:**

COME NOW plaintiffs and co-defendant the Commonwealth of Puerto Rico (Commonwealth), through the undersigned counsel and respectfully state and request:

1. This case was filed on July 31, 2001, where the Joint Underwriting Association for the Compulsory Motor Vehicle Liability Insurance (JUA) and several other insurance companies appeared as defendants.

2. The Commonwealth of Puerto Rico (Commonwealth) was joined by means of Amended Third-Party Complaint filed in September 2005. As alleged by the plaintiffs, the Commonwealth was brought as a result of the enactment of Act No. 230 of 2002 and Act No. 414 of 2004, which provide that all unclaimed funds in possession of the JUA shall be transferred to the Department of the Treasury, subject to be claimed. The unclaimed funds in possession of the Commonwealth, shall pass to the General Fund after the elapse of five years.

3. In February 2002, plaintiffs filed an injunction before the United States District Court for the District of Puerto Rico (Federal Court) claiming that the transfer of funds belonging to plaintiffs to the custody of the Commonwealth, with no due notice thereto, divested them of their assets without due process of law.  The certified class in this case comprised vehicle owners who between 1998 and 2010 paid the compulsory motor vehicle liability insurance and the conventional public liability insurance but had not been reimbursed for the premium paid for the compulsory insurance, even though they made a duplicate payment.

4. As a result of the proceeding before the Federal Court, it was provided that since August 2013, the Commonwealth was precluded from transferring to the General Fund the unclaimed funds received from JUA, in accordance with Act 230 of 2002, without having first notified class members pursuant to the due process of law. It was also provided that the funds already transferred would be subject to being claimed. A Settlement Stipulation filed before the Federal Court in said case, attached

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

and made part of this document (Attachment A), provided as to what would constitute an adequate notice.

5. In the instant case, on March 10, 2015 a Resolution was rendered certifying the class, equal to the one certified in the Federal Court, which is currently under review by the Supreme Court of Puerto Rico upon petition filed by movant JUA.

6. Pursuant to conversations undertaken towards settling this case, in the instant case as well as in the case filed before the Federal Court, the stipulations included the manner of the notices and the claim procedure for unclaimed funds retained by the Commonwealth, which belong to persons who made a duplicate payment by purchasing a private insurance policy and also paying the compulsory insurance.  In line with the foregoing, the appearing parties agree and stipulate the following:

### A. Class Definition

Plaintiff class is defined as all vehicle owners in the Commonwealth of Puerto Rico who, between the years 1998 and 2010, paid compulsory insurance premiums while having a valid private insurance, and have neither been reimbursed nor granted a credit for the duplicate payment of compulsory insurance.

### B. Individual Notice and its Contents

i. Thirty days after the approval of the proposed notice in this agreement, the Department of the Treasury shall send, by first class mail, a notice to vehicle owners who between 1998 and 2010 paid the compulsory liability insurance while having a valid private insurance policy, and who appear in the lists received by JUA. This notice shall be sent to those owners whose addresses include the information required by the United States Postal Service for proper delivery. The addresses shall be supplemented or verified by the Department of the Treasury with information received by the Department of Transportation and Public Works, or any other information or verification method available. The notice shall advise the owner that he/she may be entitled to receive a reimbursement for the payment of the compulsory insurance policies during the years mentioned above (Attachment B).

ii. The notice shall include the information forwarded by JUA to the Department of the Treasury of the potential claimants as to the following: name, address, the last four digits of the Social Security number, the vehicle's license plate and VIN, the name of the private insurer and policy number, the year pertinent to the claim as well as his/her right to be excluded from the class, if so desired.  The notice shall also include the proper form so that the notified individual may file the claim.

The notice shall advise potential claimants the manner in which the reimbursement shall be claimed, that the notice is sent as a result of a stipulation

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

and judgment in the instant case and in the case filed before the United States District Court, which includes a provision for contingent attorney's fees payable to counsel for the plaintiff class of 20%, the amount that class members may be entitled to be reimbursed or credited, with a minimum attorney's fees of $1,375,000.00.   In addition to the foregoing, the mailed notice shall advise [potential claimants] of their right to object the terms of the stipulation and the attorney's fees.

## C. Public Notices

i. Pursuant to the provisions of the case before the Federal Court, 02-1179 (GAG), the Commonwealth shall publish, at its cost, in a website to which vehicle owners can have ready access, the lists for the years 1998 to 2010 that the Department of the Treasury received from JUA of the vehicle owners who paid the compulsory liability insurance while having a valid private insurance policy, so that the vehicle owners may access them and the years to which they are entitled to claim. The Commonwealth, with the assistance of its technical personnel, shall create said webpage so that all potential claimants may corroborate their status as such as well as their personal information (Attachment C).

ii. Thirty days after the approval by the Court and notification of this stipulation is ordered, once a week during six consecutive weeks, a full-page notice shall be published in the newspapers El Nuevo Día and The San Juan Star. This notice shall contain the information herein agreed to. The notice is included as an attachment to this stipulation.

iii. The Commonwealth shall have available, in digital form, the lists of potential claimants at the Treasury Department collection offices (*Colecturías*) where class members may obtain and verify the information as to whether or not they are included in the lists. Personnel at the collection offices shall give to potential claimants copy of the lists in which they appear and copy of the reimbursement application form, as well as the term to claim.   Likewise, during a four-week period, twice a day and ten times per week, a radio notice shall be broadcast on WKAQ, Radio Isla and Radio Oro summarizing the terms of this stipulation and the manner in which potential claimants may apply for reimbursement. These notices shall last 30 seconds.

iv. Publishing costs of all notices, including first class mailings, and notices in radio, internet and newspapers, shall be borne by the Commonwealth.

## D. Term and Procedure for Reimbursement

i. Class members shall have two years from the date the last notice is published in a newspaper, to file a claim with the Department of the Treasury in accordance with the procedure established in this stipulation.

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

ii. The parties agree that in order to claim the devolution of the payment made for compulsory insurance, class members shall file an application with the following information and requirements: name, address, Social Security number,   the vehicle's license plate and VIN, the name of the private insurer and policy number, and the year for which the claim is filed, as said information appears in the lists sent by JUA to the Secretary of the Treasury. In addition, the claimant shall certify under penalty of perjury that for the pertinent year and motor vehicle, he/she was the owner and paid the compulsory insurance and a private insurance policy; that he/she has never received any kind of reimbursement or credit for the duplicate payment of compulsory insurance; that he/she is the person who appears in the list sent by JUA to the Department of the Treasury of vehicle owners who paid the compulsory liability insurance while having a valid private insurance for the years 1999 and 2010, as such lists have been published or made accessible by the Department of the Treasury via internet or otherwise. The claim application form is attached to this agreement and shall be available at the Treasury Department collection offices (Attachment D). The application form may include a claim for reimbursement for one or more motor vehicles, or one or more years.

iii. Claimant shall not be requested to provide any additional information to file the corresponding claim.

iv. After the claim application form is filed, the Department of the Treasury shall have 120 days to verify whether the claimant made the duplicate payment and issue the corresponding refund to those entitled to receive it.  Within the same term, if refund is not applicable, the Department shall notify the vehicle owner the reasons why such reimbursement does not apply and will not be made.

v. Payments to qualifying claimants shall not include calculation of any interests as they are hereby waived by plaintiff class.

**F. Costs and Attorney's Fees**

Pursuant to Act No. 118 of June 25, 1971, as amended ("Class Suit for Consumers of Good and Services"), appearing parties herein propose for Court approval of the following attorney's fees:

i. Counsel for Plaintiff Class shall receive in attorney's fees, 20% of all reimbursements and credits made by the Department of the Treasury to Class Members who applied thereto during the two-year period established hereinbefore. The 20% amount shall be withheld by the Department of the Treasury from every reimbursement or credit granted to individuals comprising the class, to pay counsel for the class the litigation costs and attorney's fees.

ii. The Department of the Treasury shall advance, from the funds received from

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

JUA object of this litigation, attorney's fees to counsel for Plaintiff Class, in a proportion of 75% to A. J. Amadeo Murga, Esq., and 25% to Mario M. Oronoz, Esq., in the amounts and on the dates detailed hereunder:

1.    $375,000.00 to pay expenses and attorney's fees, which shall be deposited with the Court no later than 90 days from court approval of this stipulation as per Judgment rendered.

2.    $250,000.00 one year after the first payment was made.

3.    $250,000.00 two years after the first payment was made.

4.    $250,000.00 three years after the first payment was made.

5.    $250,000.00 four years after the first payment was made, plus any attorney's fees owed based on the 20% of the amounts reimbursed or credited during the two years herein agreed, exceeding the advance amount of $1,375,000.00 not previously paid to counsel for plaintiff class.

iii. Every six months, the Department of the Treasury shall forward to counsel for Plaintiff Class a report of the number of applications received, including those denied or rejected, and the amounts so disbursed or credited.

iv. In the event any six-month report shows that 20% of the claims paid or credited to claimants by the Department of the Treasury exceed the advance amount paid to counsel, said surplus shall be paid to them within the following 30 days, and said amount paid shall be credited to the next installment to be paid by the Department of the Treasury.

v. In consideration of the advance attorney's fees so established in subparagraph F(ii) above, the Department of the Treasury shall withhold from the amounts to be reimbursed or credited to claimants, the amounts received in preceding paragraph F(i) above, up to $1,375,000.00. Once this amount is repaid, the additional amounts, if any, withheld from the payments or credits made to claimants, shall correspond to counsel for Plaintiff Class as attorney's fees. These amounts shall be paid every 90 days.

7. This Stipulation does not include Co-Defendant JUA. Plaintiff Class reserves its claim against JUA for the interests accrued, product or return on the funds from the premiums paid and retained by JUA before transferring them to the Secretary of the Treasury pursuant to Act No. 230 of 2002, and any premiums retained by JUA and not forwarded to the Secretary of the Treasury. This Stipulation is made pursuant to the holding in *Szendrey v. Hospicare, Inc.,* 158 DPR 648 (2003), and only includes the liability of the Commonwealth of Puerto Rico towards the Plaintiff Class, and not the liability that JUA might have towards Plaintiffs for interests earned.

8. On March 1st, 2016, the Federal Court in case 02-1179 (GAG), mentioned in paragraphs 3, 4, and 6 above, rendered judgment approving the stipulation for permanent injunction executed by the parties, copy of which is included herein as Attachment A. If there is any discrepancy between this

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

stipulation and the one agreed by the Federal Court, the stipulation filed before the Federal Court shall prevail.

9. With the exception of the express provisions in this Stipulation, this agreement does not provide for the payment of interests, penalties or attorney's fees.

10. The Court shall retain jurisdiction to enforce the terms of this stipulation as intended by the parties.

WHEREFORE, this Honorable Court is requested to provide the following:

a) That the class be notified on the terms of this Stipulation by means of the notices proposed herein and grant the class a maximum term of 30 days to state any objection it may have to its terms.

b) That pursuant to Act No. 118 of June 25, 2971, as amended, the Secretary of the Department of Consumer Affairs be advised on the terms of this Stipulation and granted an equal term of 30 days to issue any statement.

c) That once the term has elapsed without receiving any objection by neither any Class Member nor the Secretary of the Department of Consumer Affairs, this Stipulation be approved, and Partial Judgment be rendered accordingly.

d) It is further requested that, in view of the stipulation and with no reason to postpone the judgment regarding the appearing parties herein until final resolution of the litigation, it be ordered that the judgment rendered be notified and entered pursuant to Rule 42.3 of Civil Procedure.

WE HEREBY CERTIFY that on this same date we have sent copy of this Motion to Moraima Ríos Robles, Esq., Mario Arroyo Law Offices, PSC., PMB 379 1353 Ave. Luis Vigoreaux, Guaynabo, PR 00966.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this 9th [handwritten 29th] day of March, 2016.

[Signed]
ANTONIO J. AMADEO MURGA
RUA NO. 1900
420 Ponce de León Ave.
Midtown Bldg. Ste 910
San Juan, PR 00918
Tel: (787) 765-2731
Email: ajamadeo@gmail.com

[Signed]
ANGEL LÓPEZ HIDALGO
RUA NO. 6588
P. O. Box 1187
Trujillo Alto, PR 00977-1187
Tel: (787) 242-9154
Email: alh1955@gmail.com

[Signed]
MARIO M. ORONOZ, ESQ.
RUA NO. 2720
Urb. Torrimar
K-4 Bambú St.
Guaynabo, PR 00966
Tel: (787) 782-1173 / (787) 294-255
Email: mmo@oronozlaw.com

**CERTIFICATION OF TRANSLATION**

I, Gladys Rodríguez Fornaris, MA in Translation from the University of Puerto Rico (1995),
DO CERTIFY that I have translated into English the foregoing Partial Judgment and
Joint Motion on Partial Agreement and Stipulation, as submitted in Spanish by the interested
party; and that said translation is true and correct to the best of my knowledge and abilities.

_____
GLADYS RODRÍGUEZ FORNARIS, Paralegal, MA - Translation
February 15, 2018.

<u>Exhibit 2</u>

Federal Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, etc. | CIVIL NO.: 02-1179 (GAG) |
| Plaintiffs | |
| v. | |
| HONORABLE LUIS G. FORTUÑO, et al | DECLARATORY JUDGMENT; INJUNCTION; CIVIL RIGHTS; CLASS ACTION |
| Defendants | |

## STIPULATION FOR PERMANENT INJUNCTION

**TO THE HONORABLE COURT**:

COME the parties, represented by the undersigned counsel, and respectfully state and stipulate as follows:

1.  On August 19, 2013, the First Circuit Court of Appeals remanded this case to the District Court for further proceedings, including the entry of an injunction in accordance with its mandate, and any further provisions to be determined by the Court.

2.  On September 17, 2013, this Court through Hon. Gustavo A. Gelpí, U.S. District Judge issued an order to the parties to address the pending issues in accordance with the mandate of the Court of Appeals. (Docket No. 331)

3.  Since then, the parties have engaged in discovery regarding the contents, mechanics, and costs of the required notice, and at the same time, have carried out settlement negotiations in order to settle the issues addressed in the stated Order of the Court.

4.  As a result of the discovery and settlement negotiations in the case, the parties have reached an agreement as to the terms of the Injunction to be issued.

5.      Having extensively discussed the pending issues, it is in the interest of the plaintiffs' class and the defendant public officials to settle the present case on the terms and conditions set forth herein:

## I.      Class Definition

1.      Plaintiffs' class is defined as:

> All vehicle owners in the Commonwealth of Puerto Rico who paid duplicate premiums[1] between the years 1998 to 2010 who, up to the present time have not been reimbursed nor credited the duplicate payments.

## II.      Individual Notice, General Notice, and Their Contents

1.      This case is related to a parallel case pending before the courts of the Commonwealth of Puerto Rico (*García Rubiera v. Joint Underwriting Association, et al.*, K DP2001-1441 (801). Since the defendants in this action are being sued in their official capacities only and the Commonwealth of Puerto Rico is one of the two defendants in the case before the Commonwealth courts, and the plaintiff class is the same in both cases, it should be considered that the parties in this action are also parties in the parallel case. The negotiations to settle this action have been undertaken concurrently with negotiations to conclude the litigation between plaintiffs and the Commonwealth in the parallel action, in which said parties have also reached a settlement stipulation that will be subject to the approval of the Commonwealth court. In both actions it will be necessary to notify the members of the plaintiff class about the reimbursement procedure and other related matters. The parties herein have agreed that, postponing for a reasonable time the publication of the notice that they have agreed herein, would allow the



---

[1] Duplicate premiums are defined as the compulsory premium of $99.00 and $148.00 paid by vehicle owners who also acquired private automobile liability insurances.

2

Commonwealth court the opportunity to consider the stipulation for partial settlement that the plaintiffs and the Commonwealth will file in said parallel action, thus reducing costs and promoting judicial efficiency. The settlement stipulation in the Commonwealth case will also entail a notice similar to the one agreed herein. Hence, the parties consider that postponing said publication will save significant resources by allowing a single publication that will serve the purposes of both actions. Accordingly, the parties have agreed that the individual notices and the publication notice described below, will be sent and/or published not later than October 1st 2016. The nature and contents of such notices will be as follows:

## **Individual Notice**

a.   The Secretary of the Treasury will send a letter by first class mail to each vehicle owner who appears in the lists sent to the Secretary of the Treasury by the *Asociación de Subscripción Conjunta de Seguro de Responsabilidad Obligatorio* (hereinafter "ASC") for the years 1998 to 2010.  Letters will only be sent to those persons who have deliverable addresses in accordance with applicable USPS regulations, which address shall be supplemented or verified from information of the addresses of the vehicle owners in possession of the Secretary of the Department of Public Works and Transportation. The letter shall advise the vehicle owner that he/she/it may be entitled to apply for a reimbursement of the duplicate premiums for the year(s) stated in the letter. The letter will include the information contained in the lists forwarded by the ASC to the Secretary of the Treasury as to name, address, and last four digits of the Social Security Number,



3

license plate, VIN number, name of the insurance company, policy number, and pertinent year. The letter shall also include an application form.

b.    The letter shall include the following statement:

This Notice is being sent in compliance with and as a result of a stipulation and judgment issued in *Garcia Rubiera et al., v. Hon. Luis G. Fortuño, et al.*, Civil No. 02-1179 (GAG), before the U.S. District Court for the District of Puerto Rico and *García Rubiera v. Joint Underwriting Association, et al.*, K DP2001-1441 (801).

### General Notice

c.    Defendants, at their cost, will publish the full list of all vehicle owners who may be entitled to reimbursement from the years 1998 to 2010, as sent to the Secretary of the Treasury by the ASC, in an internet website to which vehicle owners can have ready access. The defendants, with the assistance of technical personnel, will create said page in the internet to ensure that any person that has a reasonable belief that he/she/it may be entitled to a reimbursement may obtain the required information. The content of the internet page will be agreed to by the parties.

d.    Once a week during six consecutive weeks, a full page notice will be published in *El Nuevo Día* (in Spanish) and in *The San Juan Star* (in English) newspapers, containing the information as agreed herein. Copies of said notices will be agreed to by the parties.

e.    Defendants shall provide access to the full list of potential applicants at any Treasury Department collections office ("Colecturía") through available resources including providing the applicants the page or pages of the lists in which the applicants appear.



4

f.  Radio station notices, the contents of which will be agreed by the parties, shall be made twice daily, during a four-week period, in the following three radio stations: WKAQ, Radio Isla, and Radio Oro.

g.  The newspapers notices, the radio station notices and the internet web site shall make reference to the present stipulation and the manner in which reimbursement may be sought.

h.  Every six months the defendants shall provide plaintiff attorneys with a report containing the following information: (1) the number of applications filed, (2) the number of applications granted, (3) the number of applications denied and (4) the amounts paid or credited.

i.  The cost of the publication of all notices, including the mailing of first class mail, and the notices in the newspapers, the radio and in the internet shall be borne by the defendants.

## III. Reimbursement Period and Reimbursement Procedure

1.  All class members will have two (2) years from the date the last one page advertisement is published in *El Nuevo Día* and *The San Juan Star*, advising the class of their right to apply for reimbursement, by filing a claim for reimbursement with the Secretary of the Treasury in accordance with the present stipulation.

2.  The parties agree that the vehicle owners can file their claims by making an application to the Secretary of the Treasury containing their name, address, Social Security Number, the vehicle license plates number, the Vehicle Identification number (VIN), the name of

5

the insurance company, the policy number and the year of the policy as said information appears in the lists sent by ASC to the Secretary of the Treasury and a statement to the effect that: (a) the applicant was, during the pertinent year, the owner of the motor vehicle and that he/she/it paid the private insurance premium and also the compulsory insurance premium; (b) has not been reimbursed of the compulsory insurance premium; and (c) is the person who appears in the list of vehicle owners entitled to reimbursement sent by the ASC to the Secretary of the Treasury for the years 1998 to 2010. No additional information shall be required in the application. Said application does not have to be notarized but shall be made under penalty of perjury. The application may contain the request for reimbursement for one or more motor vehicles or one or more years. A sample of the application form is included herewith.

3.    Applicants may seek reimbursement by filing an application through the internet website designated by the Secretary of the Treasury or by mail to the stated postal address of the Secretary of the Treasury.

4.    The Secretary of the Treasury will have 120 days to verify whether the information is correct and the applicant appears in the lists sent by the ASC and whether the applicant does not have any debt of taxes to the Government of Puerto Rico. Once the verification is made, the Secretary will proceed to approve the application and reimburse or credit the vehicle owner. If an application is rejected the reasons for the rejection will be notified to the applicant.



6

## IV. Attorney's Fees and Jurisdiction

1.    The attorneys for the Plaintiffs class applied for interim attorney's fees for their worked performed in this case until September 17, 2013, which were satisfied by the defendants pursuant to a stipulation on the subject. The attorneys for the Plaintiffs class have applied for a final award of attorney's fees in the total amount of $144,311.75 for Mr. Antonio J. Amadeo Murga and $30,431.25 for Mr. Mario M. Oronoz (*See docket nos. 436 and 444*) The parties have agreed to settle the application for final compensation by attorneys for the Plaintiffs class, including all costs. Accordingly, defendants will deposit with the Clerk of this court, within sixty days from the entry of judgment approving this Settlement Stipulation, the amount of $100,000.00 for Atty. Antonio J. Amadeo Murga, and $25,000.00 for Atty. Mario M. Oronoz. Such payments will satisfy all claims for legal fees and costs related to this action only.

2.    This court will retain jurisdiction to enforce the terms of this stipulation and judgment.

**WHEREFORE**, the parties respectfully request that the present stipulation and settlement be approved.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record.

In San Juan, Puerto Rico, on this 29th day of February, 2016.



7

s/ Antonio J. Amadeo Murga
*Counsel for plaintiffs*
USDC PR No. 110103
Midtown Bldg.
420 Ave Ponce de Leon - Ste 910
San Juan PR 00918
Tel. (787) 765-2731
Fax (787) 641-1845
ajamadeo@gmail.com


/s/Mario M. Oronoz
**MARIO M. ORONOZ**
*Counsel for Plaintiffs*
USDC PR 120606
Metro Office Park
14 Street 2, Ste. 305
Tel.: (787)294-5255
Fax: (787)782-1173
E-mail: mno@oronozlaw.com

s\ Luis N. Blanco Matos
*Counsel for defendants*
USDC PR No. 121612
PMB 304
PO Box 194000
San Juan PR 00919-4000
Tel. (787) 753-7040
Fax (787) 753-5390
lblancolex@gmail.com


**GONZÁLEZ CASTAÑER, PSC**
*Counsel for defendants*
128 F.D. Roosevelt Ave., 2nd Floor
San Juan, Puerto Rico 00918-2409
Tel. 787-758-7819/ Fax 787-758-4152


/s/José Luis González-Castañer
**JOSÉ LUIS GONZÁLEZ CASTAÑER**
USDC-PR 201905
jgonzalez@gcpsc.com



8