**Objection Deadline:** November 24, 2020 at 4:00 p.m. (Atlantic Standard Time)
**Hearing Date:** December 9, 2020 at 9:30 a.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor-Movant. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS.** |

## PREPA'S MOTION FOR ORDER APPROVING PREPA'S ASSUMPTION OF CERTAIN RENEWABLE ENERGY POWER PURCHASE AND OPERATING AGREEMENTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's Title III representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[1] respectfully submits this motion (the "Motion"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), made applicable in this matter pursuant to PROMESA section 301(a), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable in this case pursuant to PROMESA section 310, for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**: (a) approving PREPA's assumption of certain power purchase and operating agreements listed on **Exhibit B** attached hereto, between PREPA and various counterparties, relating to the purchase of renewable energy from photovoltaic solar and wind projects located throughout Puerto Rico (as amended from time to time, the "Assumed PPOAs"), (b) approving PREPA's assumption or adoption of any consents, estoppels, and ancillary agreements related to the Assumed PPOAs that were previously executed (collectively, the "Lender Consents"), in each case in favor of any lenders or other financiers of the energy projects which are the subjects of the Assumed PPOAs, and (c) providing additional relief required to effectuate the foregoing. In support of the requested relief the Oversight Board respectfully submits the *Declaration of Fernando M. Padilla in Support of PREPA's Motion for Entry of an Order Approving PREPA's Assumption of Renewable Energy Power Purchase and Operating Agreements* filed concurrently herewith (the "Padilla Declaration"), and otherwise respectfully represents as follows:

---

[1] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

3. The statutory predicates for the relief sought herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, made applicable to this case by PROMESA sections 301(a) and 310, respectively.

## BACKGROUND

4. On June 29, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206. On July 2, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for PREPA pursuant to section 304(a) of PROMESA, commencing a case under Title III thereof (the "Title III Case").

5. PROMESA section 301 incorporates section 365 of the Bankruptcy Code governing the assumption and rejection of executory contracts. PROMESA section 204(b)(2) allows the Oversight Board to put in place a policy to review certain contracts.

6. On November 7, 2017, pursuant to PROMESA section 204(b)(2), the Oversight Board implemented a contract review policy, later amended on July 3, 2018, requiring the Oversight Board's approval of contracts that, in the aggregate, have an expected value of more than $10 million (the "Contract Review Policy").[2] The contracts subject to this Motion fall within the purview of the Contract Review Policy and have been reviewed and approved by the Oversight Board.

---

[2] Contract Review, THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, *available at:* https://oversightboard.pr.gov/contract-review/ (last visited Mar. 29, 2020).

## THE ASSUMED PPOAS

7. PREPA bears the responsibility to supply and secure reliable electric power to ratepayers in Puerto Rico at the lowest cost possible in both the short and long term, while contributing to the general welfare and sustainable future of the people of Puerto Rico, maximizing benefits and minimizing social, environmental, and economic impacts.

8. To this end, from 2009 to 2012, PREPA pursued significant renewable energy project developments resulting in the execution of approximately sixty (60) power purchase and operating agreements ("PPOAs") with renewable energy project developers. Eleven (11) of the renewable energy projects reached commercial operations and currently sell energy and Renewable Energy Certificates (the "RECs")[3] to PREPA (such renewable energy projects, the "Operating Projects").[4] Padilla Decl. ¶ 5.

9. To better align PREPA's finances with the objectives of PREPA's certified Fiscal Plan, PREPA's management determined in 2019 that nine (9) of the eleven (11) renewable energy PPOAs for the Operating Projects must be renegotiated. PREPA initiated arms-length negotiations with the owners/sponsors of these Operating Projects in late 2019. Padilla Decl. ¶ 6.

10. PREPA reached agreements in principle with respect to six (6) of these PPOAs on amendments to their agreements, which six amended agreements constitute the Assumed PPOAs.[5]

---

[3] RECs are credits or other environmental attributes, or payments in lieu thereof, now or in the future available to producers of energy from renewable clean energy sources or owners of renewable clean energy sources. This includes, for example, green certificates, emission reductions, allowances, rights to payment, among other things.

[4] The Title III Court has approved PREPA's rejection of 27 of these PPOAs and determined that rejection was a sound exercise of PREPAs business judgment. *See Memorandum Opinion Regarding Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 2199].

[5] As described in the Padilla Declaration (¶ 5), of the eleven (11) PPOAs related to Operating Projects, PREPA chose not to renegotiate the PPOAs for two small waste-to-energy projects, since pricing under those contracts already met targets for new renewable generation, and PREPA determined any additional benefit to the ratepayers in a renegotiation effort would have been *de minimis*. One (1) of the nine (9) Assumed PPOAs subject to renegotiation relates to the Punta Lima wind-powered facility located in Naguabo, Puerto Rico, which was

4

Padilla Decl. ¶ 7. The Assumed PPOAs comprise over 250 MW of renewable energy generation and deliver price reductions between 10–15%, which the Oversight Board believes will produce approximately $495 to 525 million[6] in savings over the remaining life of the amended contracts. *Id.* at 3 n. 5. Most of these amendments also include both modest term extensions and possible increases in the amount of renewable energy generating capacity at the Operating Projects covered by the Assumed PPOAs. PREPA therefore expects these amendments to support PREPA's efforts toward meeting the renewable energy portfolio requirements placed on it by the Puerto Rico Energy Public Policy Act (Act 17-2019) ("Act 17") and draft Integrated Resource Plan ("IRP") currently before the Puerto Rico Energy Bureau ("PREB"). *Id.* at ¶ 7.

11. In renegotiating these Assumed PPOAs, PREPA reached (in fact exceeded) its goal of a ten percent (10%) net present value ("NPV") discount of the all-in energy price under its renewable energy PPOAs (inclusive of RECs). PREPA elected to seek a discount to the all-in pricing under the Assumed PPOAs that, while meaningful, was not likely to destroy PREPA's relationships with the owners/sponsors of the Operating Projects, which could damage the investment climate for renewable energy in Puerto Rico in the future. Padilla Decl. ¶ 8. The overarching goal was to balance the need for price reductions with the equally important goal of maintaining a strong and positive economic environment to facilitate additional developments of renewable energy projects in the Commonwealth. *Id.*

12. To alleviate some of the negative impact on their Operating Projects, PREPA gave

---

significantly damaged in Hurricane María. PREPA has reached an agreement in principle with the developer/sponsor of the Punta Lima project and is currently seeking approval from the relevant stakeholders of that amended and restated agreement. PREPA was unable to reach an agreement on the other two (2) Assumed PPOAs.

[6] The Oversight Board identified savings of approximately $285 million under the contract itself and net $495–525 million in savings accounting for displacement of more expensive generation by the power provided to PREPA under the Assumed PPOAs.

the owners/sponsors negotiating these reductions flexibility to (a) shape the savings at their discretion, so long as the ten percent (10%) NPV discount was achieved, (b) offer modest increases in the generating capacity to be sold to PREPA from the Operating Projects, with the related energy and RECs to be sold at market prices, as determined by PREPA's Governing Board ("Board Determined Market Prices"), and (c) make modest extensions to the terms of the Assumed PPOAs with the energy and RECs sold during such term extensions being priced at Board Determined Market Prices. Padilla Decl. ¶ 9. Importantly, all the owners/sponsors of the Operating Projects under the Assumed PPOAs that are subject to this Motion accommodated PREPA's request for price reductions. *Id.*

13. On May 28, 2020, the PREPA Governing Board approved the execution of the amendments to the Assumed PPOAs pursuant to Resolution 4799. Padilla Decl. ¶ 10.

14. Valid execution of the amendments to the Assumed PPOAs also depends on certain requisite approvals, including approval from the Oversight Board and PREB. On September 30, 2020, the Oversight Board approved the six Assumed PPOAs as amended under the Contract Review Policy, confirming PREPA's compliance with the Fiscal Plan. Padilla Decl. ¶ 11. Further, on October 16, 2020 and October 19, 2020, PREB issued resolutions and orders approving the Assumed PPOAs as amended.

15. Further, on November 5, 2020, the Puerto Rico Public-Private Partnerships Authority (the "P3 Authority") approved the execution of the amendments to the Assumed PPOAs. Padilla Decl. ¶ 12.

16. The assumption by PREPA of the Assumed PPOAs will benefit PREPA through (i) the economic benefits to PREPA of the Assumed PPOAs as amended, particularly as compared with the prior terms, and (ii) the lack of reasonably available alternatives for replacement of the

6

power and RECs provided under the Assumed PPOAs.

## RELIEF REQUESTED

17. By this Motion, PREPA, through the Oversight Board, seeks entry of an order pursuant to section 365(a) of the Bankruptcy Code, as incorporated into Title III pursuant to section 301(a) of PROMESA, authorizing PREPA to assume the Assumed PPOAs and any related Lender Consents and granting such other relief as is just and proper.

## BASIS FOR RELIEF

18. Section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), provides a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)).

19. The assumption or rejection of an executory contract or unexpired lease is subject to review of whether PREPA has advanced a business justification for its rejection. Under such standard, "a debtor must simply put forth a showing that assumption or rejection of the executory contract or unexpired lease will benefit the [d]ebtor's estate." *In re Vent Alarm Corp.*, Case No. 15-09316-MCF11, 2016 WL 1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016). If a debtor has exercised "reasonable" business judgment, the court should approve the proposed contract assumption. *See In re Fin. Oversight & Mgmt. Bd. for P.R*, 618 B.R. 349, 359 (D.P.R. 2020) (finding the business judgment test is a "deferential standard" typically applied to contract

assumption motions); *see also Comput. Sales Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (Bankr. D. Del. 2003) (explaining that under the business judgment standard, a court should defer to a debtor's decision with respect to contract assumption or rejection, "unless that decision is the product of bad faith or a gross abuse of discretion").

20. Under PROMESA, the Oversight Board's discretion is afforded even greater deference. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 432 F. Supp. 3d. 25, 30–31 (D.P.R.), *aff'd*, 954 F.3d 1 (1st Cir. 2020). As the Court noted:

> The Oversight Board is designated, in the first instance, as the entity that makes important strategic and tactical judgments in managing these restructuring proceedings, and it necessarily does so in a holistic manner. While pursuing returns for creditors of each debtor is an important element of those judgments, it is not the exclusive end point of the Oversight Board's task. The needs, concerns and future of a political entity that is the home of millions of American citizens, as well as the needs, concerns and rights of a broad range of parties in interest and the ability to propose confirmable plans of adjustment, are all implicated here. The Oversight Board has been given the responsibility of balancing and prioritizing the relevant issues and concerns in developing fiscal arrangements and plans of adjustment, and it is entitled to a measure of deference in carrying out this responsibility.

*Id*.

21. A motion to assume is "a summary proceeding" and "is not the time or place for prolonged discovery or a lengthy trial with disputed issues." *In re Vent Alarm Corp.*, No. 15-09316-MCF11, 2016 WL 1599599, at *3 (Bankr. D.P.R. Apr. 18, 2016). Moreover, issues such as environmental and energy public policy are outside the scope of issues properly considered in relation to this motion, as the Court "will not second-guess the decisions made by PREPA in its negotiation and execution of [contracts]," especially when such contracts (such as the Assumed PPOAs) "have been approved by the regulator that has been tasked by the Commonwealth with ensuring that the [contracts] are consistent with Commonwealth laws." *See In re Fin. Oversight & Mgmt. Bd. for P.R*, 618 B.R. at 361–362.

8

22. The Court has authority to approve assumption of executory, prepetition contracts as amended post-petition pursuant to section 365(a). *See Chira v. Saal (In re Chira)*, 367 B.R. 888, 897–900 (Bankr. S.D. Fla. 2007) (holding "section 365 applies to pre-bankruptcy executory contracts modified post-bankruptcy" and could be relied on to approve assumption of modified contract); *In re Carter Hawley Hale Stores*, 1991 Bankr. LEXIS 2185, at *15 (Bankr. C.D. Cal. Oct. 24, 1991) ("Debtors and other parties to prepetition executory contracts and leases may agree to modify provisions thereof as part of a negotiated assumption so long as the contract, as modified, is approved by the Court and meets the business judgment standard."); *Compton v. InOcean AS (In re MPF Holding US LLC)*, 2013 Bankr. LEXIS 2534, *36–37 (Bankr. S.D. Tex. Jun. 21, 2013) (approving assumption of amended contract under section 365 because "InOcean voluntarily agreed to any alleged modifications of the Contract contained in the Novation Agreement. This does not, in turn, mean that section 365 no longer applies. Rather, it means that the Novation Agreement represents a consensual assumption and assignment under section 365. This Court finds that there is nothing inconsistent about InOcean agreeing to these modifications and assumption under section 365."). Indeed, this Court has previously approved the assumption of PREPA fuel supply and power purchase contracts as amended post-petition. *See Order Approving Amendment to Fuel Supply Contract with Freepoint Commodities, LLC* [ECF No. 1624]; *Order Authorizing PREPA to Assume Certain Contracts with EcoElectrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 2038].

23. PREPA's decision to assume the Assumed PPOAs represents a sound exercise of its judgment and facilitates PREPA's compliance with its Fiscal Plan. The Assumed PPOAs are vital to PREPA's operations and PREPA's ability to comply with the energy public policy of Puerto Rico. If PREPA fails to assume the Assumed PPOAs, PREPA will be forced to pay higher

costs to purchase renewable power under these contracts as their amendments will not go effective, which costs will be passed onto ratepayers. In renegotiating the Assumed PPOAs, PREPA achieved its goal of obtaining price reductions from its counterparties while also maintaining a strong and positive working relationship with such counterparties, allowing PREPA to facilitate additional developments of renewable energy projects in Puerto Rico on favorable terms. It was also able to retain significant sources of renewable energy on market terms without needing to find replacement renewable energy sources that will help it meet its renewable power requirements under Puerto Rico law.

24. Each of the counterparties agrees it has adequate assurance of future performance from PREPA, and there are no cure costs that PREPA would be required to pay upon assumption of any of the Assumed Contracts pursuant to section 365(b) of the Bankruptcy Code. Padilla Decl. ¶ 14.

25. The Assumed PPOAs thus provide PREPA with significant cost savings, which will facilitate its ability to ensure a reliable and continuous source of power from renewable energy sources on reasonable terms significantly more favorable than any alternative reasonably available to PREPA. Accordingly, PREPA has advanced sufficient business justifications for its decision to assume the Assumed PPOAs, and therefore the assumption of the Assumed PPOAs should be approved pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a).

## NOTICE

26. PREPA has provided notice of this Motion to (collectively, the "Notice Parties"): (i) the counterparties to the Assumed PPOAs; (ii) the Office of the United States Trustee for the District of Puerto Rico; (iii) the indenture trustees and/or agents, as applicable, for PREPA's

bonds; (iv) the administrative agent(s) for lenders under that certain Credit Agreement, dated as of May 4, 2012, among PREPA, Scotiabank de Puerto Rico, and the lenders party thereto, as amended, and that certain Trade Finance Facility Agreement, dated as July 20, 2012; (v) the statutory unsecured claimholders' committee appointed in this Title III Case; (vi) the Office of the United States Attorney for the District of Puerto Rico; (vii) counsel to AAFAF; and (viii) the Puerto Rico Department of Justice.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE PREPA respectfully requests the Court issue the Proposed Order (a) granting the Motion, (b) approving PREPA's assumption of the Assumed Contracts, and (c) granting PREPA such other relief as is just and proper.

| | |
|---|---|
| Dated: November 17, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Paul V. Possinger*<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Paul V. Possinger (*pro hac vice*)<br>Ehud Barak (*pro hac vice*)<br>Daniel S. Desatnik *(pro hac vice)*<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative of the Puerto Rico Electric Power Authority*<br><br>**LUIS F. DEL VALLE-EMMANUELLI**<br><br>By: */s/ Luis F. del Valle-Emmanuelli*<br>By: Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>*Attorney for the Financial Oversight and Management Board as representative of the Puerto Rico Electric Power Authority* |

## Exhibit A

## Proposed Order

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>**Re: ECF No. [x]**<br><br>**This Motion relates to PREPA and shall be filed in Lead Case No. 17 BK 3283-LTS and Case No. 17 BK 4780-LTS.** |

**ORDER APPROVING PREPA'S ASSUMPTION OF CERTAIN RENEWABLE ENERGY POWER PURCHASE AND OPERATING AGREEMENTS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon PREPA's *Motion for Order Approving PREPA's Assumption of Renewable Energy Power Purchase and Operating Agreements* (the "Motion");[1] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and venue in this district being proper pursuant to section 307(a) of PROMESA; and the Oversight Board having approved under PROMESA Title II the assumption of certain power purchase and operating agreements listed on **Exhibit B** of the Motion between PREPA and various counterparties (the "Assumed PPOAs"), relating to the purchase of renewable energy from photovoltaic solar and wind projects located throughout Puerto Rico, each as amended as described in the Motion; and the Motion demonstrating that each Assumed PPOA and amendments thereto were entered into at arm's length and appear valid, legal, and binding obligations of PREPA, that there are no pre-petition or other cure amounts due in respect of any Assumed PPOA, that the assumption of the Assumed PPOAs is based on sound business justifications and that the relief requested in the Motion is in the best interests of PREPA, its creditors, its customers, and other parties in interest, and that each counterparty to the Assumed PPOAs has agreed it has adequate assurance of future performance by PREPA; and PREPA having provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and the Court having reviewed the Motion and a hearing held before the Court in respect of the Motion (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or are otherwise overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for the granting of the relief set forth herein,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA's assumption of the Assumed PPOAs, each as amended, is approved, the Assumed PPOAs shall be deemed assumed upon entry of this Order, along with related consents, estoppels, and ancillary agreements that may have previously been executed in connection with any of the PPOAs (collectively, the "Lender Consents"), in each case in favor of the lenders or other financiers of the energy projects which are the subject of the Assumed PPOAs.

3. The assumption of the Assumed PPOAs and Lender Consents does not give rise to any cure costs, and the assumption of the Assumed PPOAs and Lender Consents shall not result in a breach or violation of, or default under, the Assumed PPOAs and the Lender Consents.

4. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. PREPA and the Oversight Board, as PREPA's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion and without further order of this Court.

6. The Court shall retain jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: December ___, 2020

_____
HONORABLE LAURA TAYLOR SWAIN

3

## **Exhibit B**

List of Assumed PPOAs

1. Renewable Power Purchase and Operating Agreement between AES Ilumina, LLC and PREPA, dated June 3, 2010 (as amended).

2. Renewable Power Purchase and Operating Agreement between Humacao Solar Project, LLC and PREPA, dated October 24, 2011 (as amended).

3. Renewable Power Purchase and Operating Agreement between Pattern Santa Isabel LLC and PREPA, dated June 11, 2010 (as amended).

4. Renewable Power Purchase and Operating Agreement between San Fermín Solar Farm, LLC and PREPA, dated November 16, 2010 (as amended).

5. Renewable Power Purchase and Operating Agreement between Horizon Energy, LLC and PREPA, dated October 15, 2010 (as amended).

6. Renewable Power Purchase and Operating Agreement between Oriana Energy, LLC and PREPA, dated November 16, 2010 (as amended).