# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO,**<br>Et al.,<br><br>**Debtors** | Civil No. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br>PROMESA TITLE III |

### MR LUIS DUPREY-RIVERA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO PROMESA'S SECTIONS 4,7,301(C)(3), 304(H) AND BANKRUPTCY CODE'S SECTIONS 362(B)(4), (D)(1)

**TO THE HONORABLE COURT**:

**COME NOW** Luis Duprey Rivera and attorney Joe Colón Perez through the undersigned attorneys, and very respectfully states, alleges and prays:

1. This Court has subject matter jurisdiction over this matter under Section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); Sections 362(d) and 553 of Title 11 of the United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et seq.; and, Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Venue is proper under PROMESA section 307(a).

1

3. The relief sought in this Petition and Motion is premised on the fact that the movant claim's is non-dischargeable under section 523(a)(6).

4. Pursuant to Section III.Q of the Standing Order of Honorable Laura Taylor Swain, titled Second Amended Notice, Case Management and Administrative Procedures, the parties sought to address this matter of the Lift of Stay Notice and could not reach agreement, necessitating the instant filing.

5. The Movants are comprised of Luis Duprey Rivera (Duprey-Rivera) and his attorney Joe Colon Perez (Colon-Perez). It is movants 'position that this matter should not have been stayed, as this is a labor law case that ultimately sought injunctive relief, which was granted in full. In these types of cases, attorneys cannot charge directly to their clients: their compensation must be paid in full by the defendant. As defendants have paid the judgment on the merits, there is no valid reason whatsoever not to pay the corresponding statutory attorney's fees, which are also of an injunctive nature and thus do not fall properly under PROMESA's purview. It should also be noted that requiring exhaustion of PROMESA's procedures to collect attorney's fees would have a serious chilling effect on plaintiffs seeking redress in state court against the government upon employment violations, as the only way that the attorneys can collect is upon imposition of statutory attorney's fees against the defendant.

6. The origin case for this petition was filed with the San Juan Court of First Instance as having original jurisdiction pursuant to Articles 5.001, 5.003 and 5.005 of the Judicial Law for the Commonwealth of Puerto Rico of 2003, 4 LPRA §§ 25a, 254c, 25e (2016), Articles 649 to 661 of the Judicial Code, 32 LPRA 3421-3433 (2016),

2

and Rules 3.3 and 54 of the Civil Procedure of Puerto Rico, 32 LPRA Ap. V, RR. 3.3, 54 (2016), since the facts underlying that original case occurred in the jurisdiction of San Juan, Puerto Rico.

7. The original plaintiff was Luis Duprey Rivera (hereinafter "Duprey-Rivera") a resident of Arroyo Puerto Rico.

8. He was represented in that civil matter by attorney Jose Colon Perez.

9. Duprey-Rivera filed suit against Carlos Contreras Aponte, the Director of Department of Transportation and Public Works of the Commonwealth of Puerto, a governmental entity created by Law Number 113, of June 21, 1968, which includes three public corporations the Metropolitan Bus Authority, the Highway Authority and the Ports Authority.

10. Also, Rosana Aguilar Zapata is the Executive Director of the Transportation and Roads Authority.

11. Finally, the Commonwealth of Puerto Rico itself. All three were sued pursuant to Rule 4.4. of the Civil Procedure of the Commonwealth, 32 LPRA Ap. V., R. 4.4 (2016)

12. On May 18, 2012, Duprey-Rivera, filed Complaint Num. GPE2012-0052 on Mandamus, Claims of Wages No longer received; Contractual Damages, against the Department of Transportation and Public Works and the Transportation Authority through his counsel of record Jose Colon Perez.

13. After several procedural hurdles, the Guayma Court of First Instance issued a judgment in favor of the Petitioner's claims in the amount of $132,815.00.

14. On November 4, 2016, the Guayama Court of First Instance ordered the Transit Authority to pay attorneys' fees, in accordance with Law No. 402-1950, the statutory required twenty-five (25%) of the judgment entered in favor of Duprey-Rivera. This order required the payment of interest, from the date owed, namely June 2012.

15. Thus, the Roads Authority is obligated to pay (in addition to the injunctive relief backpay Judgment) $33,203.75 directly to counsel Jose Colon Perez, plus corresponding interest from June 2012 until payment in full.

16. It is essential to note that Counsel Colon-Perez is barred from seeking the imposed legal fess from Duprey-Rivera as the statute, Law No. 402-1950, requires the employer, in this case the Transit Authority, to compensate and does not allow the attorney to collect directly from the claimant.

17. This debt has now been owed and executable since November 2016.

18. Both the Secretary of the Department of Transportation and Public Works and the Executive Director of the Road and Transport Authority have an inescapable ministerial duty to make the payment immediately or, if not, to include the payment obligation in the budget corresponding to the fiscal year corresponding to the year 2020-21 so that it can be made once that budget enters into force.

19. The debt in total is mandated by, Law No. 402-1950.

20. The refusal to pay this amount is an act of bad faith on the part of the defendants, since it is clearly owed.

21. Attorney's fees are also required by section (d) of Rule 44.1 of Civil Procedure. As far as relevant, that provision provides that, in the event that any party or his lawyer has proceeded with recklessness or frivolity, the court shall impose on it in its

4

judgment the person responsible for the payment of a sum for attorney's fees which the court understands correspond to such conduct. In the event that the Commonwealth of Puerto Rico, its municipalities, agencies or instrumentalities has proceeded with recklessness or frivolously, the court shall impose in its judgment a sum for attorney's fees, except in cases where it is expressly exempt by law from the payment of attorney's fees.

22. Such fees are imposed as a penalty on a lost litigate who, because of his stubbornness, and insistence on an attitude devoid of fundamentals, forces the other party, unnecessarily, to assume the inconvenience, expenses and inconveniences of a lawsuit. *SCaffolding of PR v Newport Bonding*, 179 DPR 503,520 (2010).

23. Imposition of such fees seek "... deter unnecessary litigation and encourage transactions, by imposing sanctions on the reckless party, to compensate for the economic damage and inconvenience suffered by the other party", *Torres Ortíz v E.L.A.*, 136 DPR 556, 565 (1994)(Translation ours).

24. Due to the lack of a definition of what constitutes "temerity", The Commonwealth of Puerto Rico's Supreme Court has provided that "Temerity is an attitude projected about the procedure and affects the proper functioning and administration of justice", *Jarra Corp. v Axxis Corp.*, 155 DPR 764, 779 (2001).

25. In determining whether or not a party has been acted recklessly, "the clarity of applicable law and demonstrably true facts is considered." R. Hernández Colón, Puerto Rico Legal Practice, Civil Procedural Law, Sec 4402, p. 391 (5th ed. LexisNexis (2010).(translation ours)

5

26. It should be noted that the imposition fees for temerity rests on the sound discretion of the courts. *Torres Montalvo v García Padilla*, 194 DPR 760,790 (2016). Therefore, once the court of first instance determines that there was recklessness, the imposition of fees is mandatory. *Meléndez Vega v El Vocero de PR*, 189 DPR 123, 211 (2013).

27. Thus, The Puerto Rico Supreme Court has deterined that the imposition of fees for temerity, as well as the amount, are discretionary matters of the Court of First Instance, which shall be guided by the following factors: "(1) the degree of recklessness; (2) the work carried out; (3) the duration and nature of the dispute; (4) the amount involved; (5) and the professional level of lawyers", *COPR v SPU*, 181 DPR 299, 342-343 (2001), citing Hernández Colón, supra, 4402, p. 391.(Translation ours)

28. In making such a determination, the sentencing forum may expressly declare that the lost party was reckless and impose on it the amount of attorney's fees which it understands to be appropriate or may simply impose them on the operative part of the opinion, implying that it understood that the litigation was reckless. *Rivera v Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999) (Citing, *Montañez Cruz v Metropolitana Corp.*, 87 DPR 38 (1962)).

29. Finally, the imposition of attorney's fees for recklessness is a discretionary power of the court which shall not be varied unless it constitutes an abuse of discretion, or where the amount is excessive or excessive, *Monteagudo v Pérez*, 172 DPR 12, 31-32 (2007).

30. To minimize or otherwise avoid it is a challenge to the very authority of the Commonwealth's Court system, by the refusal of the defendants to comply with the same.

31. Although Rule 44.1(d), Id., favors the imposition of attorney's fees against the Commonwealth, its municipalities, agencies or instrumentalities, this procedural rule is limited by the statute, Lawsuits against the Commonwealth of Puerto Rico, 32 LPRA sec. 3074 et seq.

32. However, in interpreting together Article 8 of the statute and Rules 44.1 and 44.3 of Civil Procedure of 1979, the Supreme Court concluded in *Colondres Vélez v Byron Vélez*, 114 DPR 833, 841-843 (1983) that the prohibition on the imposition of attorney's fees is limited to actions to collect money or damages filed against the ELA, municipalities and other instrumentalities. Such limitations do esnot relate to disputes seeking fulfillment of a ministerial duty. As is the case at hand.

33. Pursuant to 11 U.S.C. § 362(d), a bankruptcy court may modify the automatic stay "for cause" to permit the liquidation of a claim in a different court in a pending action. See, *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990). Although a creditor must make a prima facie case to justify relief from the stay, the Debtor has the ultimate burden of persuasion that "cause" for relief does not exist under § 362 (d). See, *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).

34. Even though Section 362(d)(1) permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause", 11 U.S.C. § 362(d)(1), the statute does not define what constitutes "cause", so the Courts have identified a

7

number of factors to be considered in making that determination, such as: (1) the harm to the party seeking relief from the stay if the stay is not lifted (i.e., *Peerles Insurance Company v. Peerless Insurance Company*, 208 B.R. 313 (D.R.I. 1997); (2) the harm to the debtor if the stay is lifted (i.e., *In Re Annie's, Inc.*, 201 B.R. 29 (Bankr. R.I. 1996); (3) the interests of creditors; and, (4) the effect on the fair and efficient administration of justice. See, *In Re Unanue-Casal*, 159 B.R. 90, 95-96 (D.P.R.1993), aff'd, 23 F.3d 395 (1st Cir.1994) (listing twelve factors).

35. In *Sonnax Indus., Inc. v. TriComponent Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990), Court of Appeals for the Second Circuit enumerated the factors that should be analyzed for purposes of evaluating relief from the automatic stay:

    a. Whether relief would result in a partial or complete resolution of the issues;

    b. Lack of any connection with or interference with the bankruptcy case;

    c. Whether the other proceeding involves the debtor as a fiduciary;

    d. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    e. Whether the debtor's insurer has assumed full responsibility for defending it;

    f. Whether the action primarily involves third parties;

    g. Whether litigation in another forum would prejudice the interests of other creditors;

    h. Whether the judgment claim arising from the other action is

subject to equitable subordination;

 i. Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

 j. The interests of judicial economy and the expeditious and economical resolution of litigation;

 k. Whether the parties are ready for trial in the other proceeding; and,

 l. Impact of the stay on the parties and the balance of harms.

36. Notwithstanding, bankruptcy courts consistently modify the stay to allow pending litigation to continue when, as in Movant's case, the requested relief from the stay will promote judicial economy and create saving for the litigants without undue prejudice to the estate. See, e.g. *In re Tricare Rehabilitation Systems, Inc.*, 181 BR 569 (Bankr. N.D. Ala. 1994); and, *In re Robbins*, 964 F.2d 342 (4th Cir. 1992). To that effect, in *In Re Annie's, Inc.*, *supra*, the court stated "[w]here neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." See also, *In C & A, S. E., v. Puerto Rico Solid Waste Management Authority*, 360 B.R. 12 (Bankr.P.R. 2006).

37. Movant contends that its case warrants the relief from stay, because: (a) the causes of action and the filing of the complaint are prepetition as was the resolution; (b) at the time of the stay, all that remained was the payment of judgment; (c) the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the lawsuit to proceed including the payment of judgment; (d) the lifting of the automatic stay would result in a complete resolution of all the issues

and causes of action of the complaint, which are exclusively controlled by Puerto Rico's contract law, and the state courts have the expertise in this area: (e) the state court's resolution of the case will not interfere with the management of the PROMESA Title III case or prejudice the interest of other creditors, because the requested modification of the automatic stay would be limited to the fulfillment of judgment.

38. Clearly, the payment of this aforementioned sum, is not dischargeable.

39. Section 523(a)(6) of the Bankruptcy Code provides an intentional tort as alleged in the District Court does not discharge an individual debtor from any debt since the matter is one of "willful and malicious injury by the debtor to another entity…" 11 U.S.C.§523(a)(6).

40. It has been found that proof of willfulness requires a "showing of an intentional or deliberate action, which is not done merely in reckless disregard of the right of another." *In re: Walker*, 48 F.3d 1161, 1163 (11th Cir., 1995) The Court further explained that a debtor is responsible for a willful injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury. The Court explained that "malicious" means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." Id. at 1164. The Court noted that to establish malice, "a showing of specific intent to harm another is not necessary."

41. Movant's has secured a judgment and attorney's fees for the intentional actions caused in the original case is non-dischargeable under section 523(a)(6) given the intentional element raised in such an act of discrimination.

10

42. The violations under Puerto Rico Law as asserted in the complaint can be discharged.

43. In addition, it is requested that a Lift of Stay be granted to allow the matter to proceed to complete execution and the the will of the Court of First Instance.

44. The Movant requests this Honorable Court grant relief from the automatic stay in this case pursuant to Sections 362(e) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 4001(a) and Local Bankruptcy Rule 9014.

45. Movant is obligated to seek redress to ensure compensation is had.

46. Section 362(d)(1) of Title 11 of the United States Code permits a court to grant relief from the automatic stay for cause. In assessing if cause exists to lift the automatic stay, courts in this District rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in, *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e,g., *Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Considering the Movants 'case, the most relevant factors as set for the in Sonnax is "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical Section 301(a) states that, among other things.

47. The District Court case will not interfere with the bankruptcy case.

48. Judicial economy also warrants the lifting of the stay, as this matter should have been paid long ago.

49. It is petitioned that a Lift of Stay be granted.

Document Page 12 of 13

**WHEREFORE**, plaintiffs very respectfully request that the aforementioned be NOTED and that a hearing be held on the matter of the Debtor discharge on the claim of Vilmarie Caraballo Caraballo and a Lift of Stay.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this November 18, 2020.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the present motion was filed electronically with the Clerk of the Court using CM/ECF systems which will send notifications to the attorneys of record.

NOTICE

Within fourteen (14) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed.R.Bank.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court of the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless; (i) the request relief is forbidden by law; (ii) the request relief is against public policy; or (iii) in the opinion of the court the interest of justice requires otherwise.

Respectfully submitted, in San Juan, Puerto Rico, on November 18, 2020.

**Counsel for Creditor/Plaintiff,**
LANDRÓN VERA, LLC
Attorneys at Law
1606 Ave. Ponce de León, Suite 501
Edificio Julio Bogoricin
San Juan, PR 00909

Tel.: (787) 395-7886
Email: landronvera@hotmail.com

S/ Eduardo Vera Ramírez
EDUARDO VERA RAMÍREZ
USDC-PR-209713
evera@landronvera.com

S/Luis A. Rodríguez Muñoz
LUIS A. RODRIGUEZ MUNOZ
USDC-PR 214511
Email: lrodriguez@landronvera.com

13