Case:17-03283-LTS Doc#:15203-1 Filed:11/19/20 Entered:11/19/20 19:41:47 Desc: Main
Case:17-03283-LTS Doc#:9013 Filed:10/25/19 Entered:10/25/19 20:16:57 Desc: Main
Exhibit 1 - 2019 1025 Joinder [ECF No. 9013] Page 1 of 5
Document Page 1 of 5

EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS<br><br>(Jointly Administered) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

Case:17-03283-LTS Doc#:15303-1 Filed:11/19/20 Entered:11/19/20 19:41:47 Desc: Exhibit 1 - 2019 1025 Joinder [ECF No. 9013] Page 2 of 5

Case:17-03283-LTS Doc#:9013 Filed:10/25/19 Entered:10/25/19 20:16:57 Desc: Main Document Page 2 of 5

**JOINDER OF THE BANK OF NEW YORK MELLON, AS FISCAL AGENT, IN THE RESPONSE OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO THE OMNIBUS CLAIM OBJECTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO**

The Bank of New York Mellon ("BNYM" or the "Fiscal Agent"), as fiscal agent for the pension funding bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), through its undersigned counsel, hereby joins in the *Response of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to the Omnibus Claim Objections of the Official Committee of Unsecured Creditors and the Official Committee of Retired Employees* (the "Bondholders' Response"), filed contemporaneously herewith, and, in support hereof, respectfully represents as follows:[2]

## SUPPLEMENTAL BACKGROUND

1. BNYM serves as fiscal agent under the Pension Funding Bond Resolution (the "Resolution"), adopted by ERS on January 24, 2008, pursuant to which ERS issued three series of the ERS Bonds in the aggregate original principal amount of approximately $2.9 billion.

2. The Resolution requires ERS to collect and remit the Employers' Contributions (as defined in the Resolution) to the Fiscal Agent for payment of the ERS Bonds. See Resolution § 701; see also id. §§ 704, 709.

3. To secure payment of the ERS Bonds, ERS granted the Fiscal Agent, for the benefit of the Fiscal Agent and all bondowners, a security interest in and lien on certain pledged property. See id. § 501.

---

[2] Capitalized terms used but not defined herein have the meanings given in the Bondholders' Response.

4. Each ERS Bond was issued in the form of a separate single authenticated fully registered bond.[3] Upon initial issuance, the ownership of each ERS Bond was registered in the registration books of ERS, which are maintained by the Fiscal Agent, in the name of Cede & Co. ("Cede"), as nominee of The Depository Trust Company ("DTC").[4] The registered ownership of the ERS Bonds has not changed since the initial issuance. Cede remains the registered owner of each ERS Bond.

5. DTC holds the ERS Bonds as securities depository for certain broker-dealers, banks, and other financial institutions (the "Participants").[5] The Participants act, directly or indirectly, for the benefit of beneficial owners of such bonds.

### JOINDER IN BONDHOLDERS' RESPONSE

6. The Fiscal Agent hereby joins the Bondholders' Response and incorporates by reference the factual and legal arguments made by the Bondholders in response to the Creditors' Objection and the Retiree Objection as if fully set forth herein.

### SUPPLEMENTAL RESPONSE

7. In response to the Committees' arguments, the Bondholders explain, among other things, that ERS had authority to issue the ERS Bonds, but that even if ERS did not have authority to issue the ERS Bonds, such bonds still would be enforceable under section 8-

---

[3] Amended and Restated First Supplemental Pension Funding Bond Resolution (the "First Supplemental Resolution"), adopted by ERS on January 29, 2008, § 2.5(b); Second Supplemental Pending Funding Bond Resolution (the "Second Supplemental Resolution"), adopted by ERS on May 27, 2008, § 2.5(b); Third Supplemental Pension Funding Bond Resolution (the "Third Supplemental Resolution"), adopted by ERS on June 26, 2008, § 2.5(b).
[4] First Supplemental Resolution, Second Supplemental Resolution, and Third Supplemental Resolution § 2.5(a).
[5] First Supplemental Resolution, Second Supplemental Resolution, and Third Supplemental Resolution § 1.2(b).

202 of the UCC because the Bondholders are purchasers for value and without notice of any defect. See Bondholders' Response ¶¶ 53-68.

8. Alternatively, even if ERS lacked authority to issue the ERS Bonds *and* the Bondholders had notice of a defect, such bonds still would be enforceable under section 8-202 of the UCC because the sole registered owner of the ERS Bonds had no knowledge of any defect. The Committees do not allege and cannot meet their burden of proving that Cede had notice of any defect going to the validity of the ERS Bonds when they were issued to Cede in 2008. Accordingly, under section 8-202 of the UCC, the ERS Bonds are valid and enforceable in the hands of Cede.

WHEREFORE, the Fiscal Agent respectfully requests that the Court enter an order overruling the Creditors' Objection in its entirety and the *ultra vires* arguments raised in the Retiree Objection and granting the Fiscal Agent such other and further relief as may be just and proper.

*[The remainder of this page was intentionally left blank.]*

Case:17-03283-LTS Doc#:15203-1 Filed:11/19/20 Entered:11/19/20 19:41:47 Desc:
Exhibit 1 - 2019 1025 Joinder [ECF No. 9013] Page 5 of 5

Case:17-03283-LTS Doc#:9013 Filed:10/25/19 Entered:10/25/19 20:16:57 Desc: Main
Document Page 5 of 5

Dated: October 25, 2019
      San Juan, Puerto Rico

Respectfully submitted,

SEPULVADO, MALDONADO & COURET

By: */s/ Albéniz Couret-Fuentes*
Elaine Maldonado-Matías
USDC-PR Bar No. 217309
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207
304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: emaldonado@smclawpr.com
Email: acouret@smclawpr.com

REED SMITH LLP

By: */s/ Eric A. Schaffer*
Eric A. Schaffer (*pro hac vice*)
Luke A. Sizemore (*pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
Email: lsizemore@reedsmith.com

C. Neil Gray (*pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: cgray@reedsmith.com

*Counsel to The Bank of New York Mellon,
as fiscal agent*

US_ACTIVE-149844653