Case:17-03283-LTS Doc#:15203-5 Filed:11/19/20 Entered:11/19/20 19:41:47 Desc: Exhibit 5 - 2019 1203 Fiscal Agent Responses and Objections Requests for Admissi Page 1 of 17

EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------ X
                                                                   )
In re:                                                             )
                                                                   )          PROMESA
THE FINANCIAL OVERSIGHT AND                                        )          Title III
MANAGEMENT BOARD FOR PUERTO RICO                                   )
                                                                   )          Case No. 17-BK-03283 (LTS)
    as representative of                                          )
                                                                   )
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                         )
                                                                   )
    Debtors.[1]                                                    )
------------------------------------------------------------------ )
                                                                   )
In re:                                                             )
                                                                   )
                                                                   )          PROMESA
THE FINANCIAL OVERSIGHT AND                                        )          Title III
MANAGEMENT BOARD FOR PUERTO RICO,                                  )
                                                                   )          Case No. 17-BK-03566 (LTS)
    as representative of                                          )
                                                                   )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                             )
GOVERNMENT OF THE COMMONWEALTH OF                                  )
PUERTO RICO,                                                       )
                                                                   )
    Debtor.                                                        )
------------------------------------------------------------------ X

**THE FISCAL AGENT'S RESPONSES AND OBJECTIONS TO THE
FIRST SET OF REQUESTS FOR ADMISSION OF THE
COMMITTEES AND GOVERNMENT PARTIES TO THE FISCAL
<u>AGENT RELATED TO THE ULTRA VIRES PROCEEDINGS</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

Pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 36 of the Federal Rules of Civil Procedure (the "Federal Rules") incorporated therein, made applicable to this proceeding by 48 U.S.C. § 2170, and in connection with the *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283] and the *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds Against ERS and the Commonwealth* [ECF No. 6482 in Case No. 17-bk-03283] (collectively, the "Ultra Vires Proceedings"), The Bank of New York Mellon, as fiscal agent, secured creditor of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (the "Fiscal Agent"), hereby submits the following Responses and Objections to the First Set of Requests for Admission of the Committees and Government Parties to the Fiscal Agent, dated November 1, 2019 (the "Requests for Admission").[2] The Fiscal Agent further reserves its right to supplement, amend, or modify these objections and responses as necessary.

## GENERAL OBJECTIONS

1. The General Objections that follow are applicable to and incorporated into each and every individual response that the Fiscal Agent makes to the Requests for Admission, whether or not restated in response to any particular request. The Fiscal Agent's responses are made without waiving, or intending to waive, these General Objections, and the Fiscal Agent specifically reserves all of its other objections.

---

[2] On November 12, 2019, the Committees and Government Parties indicated, notwithstanding the reference to Adversary Proceeding Nos. 19-00366 and 19-00367 in the caption to the Requests for Admissions, that each Request for Admission relates only to discovery in the Ultra Vires Proceedings. (Exhibit A.) The Fiscal Agent incorporates that designation on corresponding requests herein.

2

2. The Fiscal Agent's responses to the Requests for Admission are not intended to be, and shall not be construed as, agreement with the Committees' and Government Parties' characterization of any facts, circumstances, or legal obligations. To the extent any defined term or phrase is clear, the Fiscal Agent does not accept or endorse the characterization, but does not object to the defined term or phrase since its meaning is clear and any characterization is irrelevant.

3. The Fiscal Agent's responses to the Requests for Admission are made on the basis of information now known to the Fiscal Agent and are made without waiving any further objections or admitting the relevancy or materiality of any of the information requested. Many of the Requests for Admission concern facts and evidence which are principally in the possession of ERS or third parties, not the Fiscal Agent, and which are the subject of the ERS Bondholders' pending discovery requests. The Fiscal Agent responds to these Requests for Admission on the basis of the information presently available to it, and reserves the right to amend and/or supplement its responses as additional relevant information is received in discovery.

4. The Fiscal Agent objects to the Requests for Admission, including the Definitions and Instructions, to the extent that they seek to impose obligations on the Fiscal Agent that are inconsistent with or exceed obligations for discovery under the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

5. The Fiscal Agent objects to the Requests for Admission to the extent they seek information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or any other applicable privilege. The Fiscal Agent construes the

Requests for Admission to seek non-privileged information, and, as such, to the extent the Fiscal Agent provides information, it will provide information that it believes is non-privileged and otherwise properly discoverable. The Fiscal Agent does not intend to provide any privileged information. Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

6. The Fiscal Agent objects to each and every Request for Admission to the extent that it purports to seek information that is not within the Fiscal Agent's possession, custody, or control.

7. The Fiscal Agent objects to the Requests for Admission to the extent that they purport to require the Fiscal Agent to search for and provide information that is not "reasonably accessible" as that term is generally understood.

8. The Fiscal Agent objects to the Requests for Admission to the extent that any requests are compound, vague, overly broad, ambiguous, or written in a form that is confusing or potentially misleading.

9. The Fiscal Agent objects to the "Definitions" in the Requests for Admission to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

10. The Fiscal Agent objects to the Requests for Admission to the extent that any Definition or any Request seeks to define terms and/or characterize evidence or disputed issues in the case. To the extent the Fiscal Agent adopts any terms used by the Committees and Government Parties in the Requests for Admission, such adoption is limited solely to these responses.

11. The Fiscal Agent objects to the definition of "You" and "Your" as overly broad insofar as it extends beyond the Fiscal Agent and includes individuals and entities who have no connection with the current litigation, and have identities separate and apart from the Fiscal Agent, including "all persons acting on behalf of, for the benefit of, at the direction of, in exchange for compensation from, or under the control or authority of the Fiscal Agent." The Fiscal Agent will construe the Requests for Admission that refer to "You" and "Your" as referring exclusively to the Fiscal Agent with respect to the ERS Bonds, and disclaims any obligation to provide information from any other persons.

12. The Fiscal Agent objects to the definition of "ERS Bond" as confusing or potentially misleading. The ERS Resolution authorized the issuance of both senior and subordinate bonds, but only senior bonds were ultimately issued by ERS. The Fiscal Agent will construe the Requests for Admission that refer to "ERS Bonds" as referring to Bonds as that term is defined in the ERS Resolution.

13. The Fiscal Agent objects to the definition of "ERS Enabling Act" as potentially misleading or irrelevant insofar as it refers to Act 447-1951 as it existed at any time other than in 2008 when the ERS Bonds were issued. The Fiscal Agent will construe all references to the "ERS Enabling Act" as referring to the ERS Enabling Act as it existed at the time of the issuance of the ERS Bonds.

14. The Fiscal Agent objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent that the information sought is publicly available, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

15. The Fiscal Agent objects to each Request for Admission to the extent it seeks information that will be the subject of, and produced in the course of, expert discovery, or otherwise concerns facts outside of the Fiscal Agent's knowledge. The Fiscal Agent anticipates that it will offer expert testimony concerning multiple subjects related to these Requests for Admission, but the Fiscal Agent will disclose that expert testimony in accordance with the Court's scheduling order's provisions for expert discovery and does not disclose it here.

## RESPONSES TO REQUESTS FOR ADMISSION

Subject to the foregoing General Objections, all of which are incorporated by reference into the specific responses below, the Fiscal Agent responds to the Requests for Admission as follows:

**Request for Admission No. 1:**

Admit that You are aware of no other authority, other than the ERS Enabling Act, that permits ERS to engage in debt financing.

**Response to Request for Admission No. 1:**

The Fiscal Agent objects to and denies this Request and states that the Request impermissibly seeks an admission of a legal conclusion, and thus no response is required.

**Request for Admission No. 2:**

Admit that You are not aware of any loans from the government of Puerto Rico or the United States that were made as part of the 2008 ERS Bond Issuance.

**Response to Request for Admission No. 2:**

The Fiscal Agent objects to this Request for Admission on the basis that it is vague and ambiguous. The Fiscal Agent can neither admit nor deny this Request because it is without sufficient information to determine whether ERS obtained loans from the government of Puerto Rico or the United States government in connection with the 2008 ERS Bond Issuance. This information is in the possession of ERS, the government of Puerto Rico, and/or the United States

6

government. To the extent a further response is required, the Fiscal Agent denies this Request.

**Request for Admission No. 3:**

Admit that You are not aware of any form of borrowing by ERS from the government of Puerto Rico or the United States government as part of the 2008 ERS Bond Issuance.

**Response to Request for Admission No. 3:**

The Fiscal Agent objects to this Request for Admission on the basis that it is vague and ambiguous. The Fiscal Agent can neither admit nor deny this Request because it is without sufficient information to determine whether ERS borrowed any assets from the government of Puerto Rico or the United States government in connection with the 2008 ERS Bond Issuance. This information is in the possession of ERS, the government of Puerto Rico, and/or the United States government. To the extent a further response is required, the Fiscal Agent denies this Request.

**Request for Admission No. 4:**

Admit that You are not aware of any loans from any financial institution that were made as part of the 2008 ERS Bond Issuance.

**Response to Request for Admission No. 4:**

The Fiscal Agent objects and denies this Request for Admission on the basis that it is vague and ambiguous. The Fiscal Agent avers that in issuing the ERS Bonds, ERS borrowed nearly $3 billion.

**Request for Admission No. 5:**

Admit that ERS issued bonds in 2008 to the public through the use of underwriters.

**Response to Request for Admission No. 5:**

The Fiscal Agent objects to and denies this Request for Admission on the basis that it is vague and ambiguous, except avers that underwriters participated in the issuance of bonds by ERS as more fully described in the Official Statements issued in connection with the 2008 ERS

7

Bond Issuance. *See, e.g.*, Official Statement, dated January 29, 2008, for ERS Senior Pension Funding Bonds, Series A, at 52.

**Request for Admission No. 6:**

Admit that members of the public purchased ERS Bonds in 2008.

**Response to Request for Admission No. 6:**

The Fiscal Agent objects to and denies this Request for Admission on the basis that it is vague and ambiguous, and avers that Cede & Co. purchased the ERS Bonds. Upon information and belief, certain members of the public purchased securities entitlements in ERS Bonds in 2008.

**Request for Admission No. 7:**

Admit that the original owner of record for each ERS Bond has never transferred record ownership of any ERS Bond to any party.

**Response to Request for Admission No. 7:**

The Fiscal Agent objects to and denies this Request for Admission on the basis that it is vague and ambiguous, except avers that the original registered owner for each ERS Bond has not transferred ownership of any ERS Bond.

**Request for Admission No. 8:**

Admit that: (i) no ERS bondholder provided You notice of a default in the payment of principal or interest on the ERS Bonds; (ii) owners of at least 25% in outstanding principal amount of the ERS Bonds did not request that You exercise Your powers under § 1102(1) of the ERS Bond Resolution; and (iii) You did not decline any request of owners of at least 25% in outstanding principal amount of the ERS Bonds to exercise Your powers under § 1102(1).

**Response to Request for Admission No. 8:**

Denied.

[*Remainder of page intentionally left blank.*]

Dated: December 3, 2019
    San Juan, Puerto Rico

SEPULVADO, MALDONADO & COURET

By: */s/ Albéniz Couret-Fuentes*
Elaine Maldonado-Matías
USDC-PR Bar No. 217309
Albéniz Couret-Fuentes
USDC-PR Bar No. 222207
304 Ponce de León Ave. – Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: emaldonado@smclawpr.com
Email: acouret@smclawpr.com

REED SMITH LLP

*/s/ Eric A. Schaffer*
Eric A. Schaffer (*Pro Hac Vice*)
Luke A. Sizemore (*Pro Hac Vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: eschaffer@reedsmith.com
Email: lsizemore@reedsmith.com

C. Neil Gray (*Pro Hac Vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: cgray@reedsmith.com

*Counsel to The Bank of New York Mellon,
as fiscal agent*

# EXHIBIT A
[November 12, 2019 Email]

**Gray, Neil**

| | |
|---|---|
| **From:** | Roche, Jennifer L. <jroche@proskauer.com> |
| **Sent:** | Tuesday, November 12, 2019 12:25 AM |
| **To:** | Sooknanan, Sparkle L. |
| **Cc:** | alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; Rosen, Brian S.; Levitan, Jeffrey W.; Dale, Margaret A.; Dalsen, William D.; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando; Schaffer, Eric A.; Sizemore, Luke A.; Gray, Neil; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse |
| **Subject:** | Re: ERS discovery |
| **Categories:** | BNYMellon |

==EXTERNAL E-MAIL==

Sparkle,

Please see the breakdown of the discovery requests below. Let me know if you have any questions.

Lien Scope Discovery

RFPs 1-10, 12-13, 15-17, 35-36, 41, 43-47, 50-58
ROGs 19-21, 23-26

Ultra Vires Discovery

RFPs 1, 11, 14, 18-44, 48-49, 55-58

ROGs 1-22, 26

RFAs 1-10

Jennifer L. Roche
Proskauer
310.284.5635

---

**From:** "Sooknanan, Sparkle L." <ssooknanan@jonesday.com>
**Sent:** Friday, November 8, 2019 11:02 AM
**To:** Roche, Jennifer L.
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; Rosen, Brian S.; Levitan, Jeffrey W.; Dale, Margaret A.; Dalsen, William D.; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com;

jcunningham@whitecase.com; de la Hoz, Fernando; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse
**Subject:** RE: ERS discovery

Jennifer,

Would you please identify which particular document requests, interrogatories, and RFAs you intend to apply to the lien scope proceedings, and which you intend to apply to the ultra vires proceedings? Some discovery requests are obviously related to one set of proceedings but not the other, and we do not want to presume which is which. This is an issue for us because not all of our clients are parties to both proceedings. This is also becoming an issue as we work through our objections and responses to the discovery requests. Given the upcoming deadline, we would appreciate a response as soon as possible.

Finally, going forward please copy Geoff Stewart, Matt Papez, David Fox, and Isel Perez (all copied here) on emails related to the lien scope and ultra vires proceedings.

Thanks very much,
Sparkle

------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

---

**From:** Roche, Jennifer L. <jroche@proskauer.com>
**Sent:** Friday, November 1, 2019 9:05 PM
**To:** Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando <fdelahoz@whitecase.com>; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena <irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>; Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; suhland@omm.com; brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; wdalsen@proskauer.com; Esses, Joshua <JEsses@proskauer.com>; Roche, Jennifer L. <jroche@proskauer.com>
**Subject:** ERS discovery

Dear Counsel:

Attached are the following documents:

1. First Set of Requests for Admission of the Committees and Government Parties to the ERS Bondholder Groups

2. First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups

2

3. First Set of Requests of the Committees and Government Parties for Production of Documents to the ERS Bondholder Groups

4. First Set of Requests for Admission of the Committees and Government Parties to the Fiscal Agent

5. First Set of Interrogatories of the Committees and Government Parties to the Fiscal Agent

6. First Set of Requests of the Committees and Government Parties for Production of Documents to the Fiscal Agent

7. ERS's Initial Disclosures Pursuant to Rule 26(a)(1)

**Jennifer L. Roche**
Senior Counsel

**Proskauer**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.5635; tel:+13102845635
f  310.557.2193
jroche@proskauer.com

*********************************************************************************
*************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************
*************************************************************
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2019, a true and correct copy of the foregoing was served via electronic mail to the counsel listed below:

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

**GENOVESE JOBLOVE & BATTISTA, P.A.**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300

jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

**PROSKAUER ROSE LLP**
Martin J. Bienenstock (*Pro Hac Vice*)
Brian S. Rosen (*Pro Hac Vice*)
Jeffrey W. Levitan (*Pro Hac Vice*)
Margaret A. Dale (*Pro Hac Vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors*

Luis F. del Valle-Emmanuelli USDC-PR No. 209514
P.O. Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
dvelawoffices@gmail.com

OF COUNSEL FOR
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111

Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

**JENNER & BLOCK LLP**
Robert Gordon (*Pro Hac Vice*)
Richard Levin (*Pro Hac Vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (*Pro Hac Vice*)
Melissa Root (*Pro Hac Vice*)
Landon Raiford (*Pro Hac Vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

**BENNAZAR, GARCIA & MILIAN, C.S.P.**
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918

    ajb@bennazar.org
    hector.mayol@bennazar.com
    787-754-9191 (telephone)
    787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*


                                                             */s/ C. Neil Gray*
                                                              C. Neil Gray