# Exhibit 1

**IN RE COMMONWEALTH OF PUERTO RICO**

**Comparison of Bondholders'** *Ultra Vires* **Response Brief Arguments
& Committees' Rebuttal in Previous Briefing**

| BONDHOLDERS' RESPONSE ARGUMENT | COMMITTEES' REBUTTAL |
|---|---|
| 1. The plain text of the ERS Enabling Act authorized ERS to borrow money by issuing the ERS Bonds. [Dkt. 1005 at 4-31.] | 1. The plain text of the ERS Enabling Act did not authorize ERS to engage in a publicly underwritten bond issuance. [Dkt. 1004 at 6-25; Dkt. 978 ¶¶35-77.] |
|     A. ERS was authorized to "borrow from any financial institution" or through "direct placements of debt." [*Id.* at 5-9.] |     A. The Bondholders mistranslate and misapply the operative statutory text. [Dkt. 1004 at 7 n.3, 12-15; Dkt. 978 ¶¶2 n.5, 46 n.19, 58-60; *see also* Dkt. 997.] |
|     B. ERS "borrowed" by issuing the ERS Bonds. [*Id.* at 9-10.] |     B. A publicly underwritten bond issuance is not a "borrowing." [Dkt. 1004 at 7-11; Dkt. 978 ¶¶46-51.] |
|     C. ERS borrowed "from any financial institution" by issuing the ERS Bonds. [*Id.* at 10-18.] |     C. ERS did not borrow "from any financial institution" because the underwriters who purchased all of the ERS Bonds were not lenders to ERS. [Dkt. 978 ¶¶18, 46-61; Dkt. 1004 at 7-11.] |
|     D. The issuance of the ERS Bonds was a "direct placement of debt." [*Id.* at 18-21.] |     D. A publicly underwritten bond issuance is not a "direct placement of debt." [Dkt. 1004 at 12-15; Dkt. 978 ¶¶52-61.] |
|     E. The ERS Enabling Act did not need to expressly reference "bonds" in order to authorize the issuance of the ERS Bonds. [*Id.* at 22-31.] |     E. The ERS Enabling Act needed to include an express reference to "bonds." A Puerto Rico agency's power is limited to those powers specifically set forth in the agency's organic statute and a general authority to incur debt does not include authority to issue bonds. [Dkt. 1004 at 15-20; Dkt. 978 ¶¶37-45.] |
| 2. Other materials beyond the plain text of the ERS Enabling Act confirm the validity of the ERS Bonds. [*Id.* at 31-36.] | 2. None of the "other materials" cited by the Bondholders show that the ERS Bonds are relevant nor do they confirm the validity of the ERS Bonds, which are invalid. [Dkt. 978 ¶¶62-73.] |

| BONDHOLDERS' RESPONSE ARGUMENT | COMMITTEES' REBUTTAL |
|---|---|
| A. *Rivera Torres v. Junta de Retiro Para Maestros*, 502 F. Supp. 2d 242 (D.P.R. 2007), concluded that debt authorization language identical to the language in the ERS Enabling Act is sufficient to authorize a bond issuance. [*Id.* at 32.] | A. *Rivera Torres* is inapplicable because it did not interpret the ERS Enabling Act's debt authorization provision. [Dkt. 978 ¶¶63-64.] |
| B. ERS, ERS's board, the Government Development Bank, and the Puerto Rico Secretary of Justice all concluded that the ERS Bonds are valid, and these conclusions are entitled to deference. [*Id.* at 33-34.] | B. Puerto Rico law does not require the Court to defer to these agency interpretations, which are contrary to the plain language of the ERS Enabling Act and, in any event, provide no substantive analysis. [Dkt. 978 ¶¶65-66.] |
| C. Other statutes enacted before and after the issuance of the ERS Bonds—*i.e.*, Act 35-2007, Act 116-2011, and Act 3-2013—confirm that the ERS Bonds were valid when issued. [*Id.* at 34-36.] | C. None of these legislative enactments granted ERS the authority to engage in a publicly underwritten bond issuance: Act 35-2007 did not amend the ERS Enabling Act's debt authorization provision to grant ERS the authority to offer bonds, Acts 116-2011 and 3-2013 post-dated the ERS Bonds and did not retroactively validate them, and Act 116-2011 stated that the ERS Bonds were "illegally made." [Dkt. 978 ¶¶67-71.] |
| D. ERS has admitted in multiple judicial proceedings that ERS Enabling Act authorized the ERS Bonds. [*Id.* at 36.] | D. ERS has not made any judicial admission that the ERS Bonds are valid. In addition, judicial admissions apply only to questions of fact not law, and the ultimate issue of whether the ERS Bonds are *ultra vires* is a question of law. [Dkt. 978 ¶72.] |
| 3. Even if the ERS Bonds were invalidly issued, they are still enforceable. [*Id.* at 36-59.] | 3. Because ERS entirely lacked the power to issue the ERS Bonds (rather than there being only a minor procedural defect in their issuance), the ERS Bonds cannot be validated under the UCC or other applicable law. [Dkt. 1004 at 26-30.] |

2

| BONDHOLDERS' RESPONSE ARGUMENT | COMMITTEES' REBUTTAL |
|---|---|
| A. UCC §8-202 applies and renders the ERS Bonds enforceable even if invalid. The ERS Bondholders are purchasers for value without notice of the particular defect in the Bonds. [*Id.* at 36-57.] | A. UCC §8-202 does not validate the bonds because none of the Committees are "issuers" and so UCC §8-202 does not apply [Dkt. 1004 at 26-30; 978 ¶¶83-87]. Moreover, UCC §8-202(b) does not apply to void securities [Dkt. 1004 at 26-30.] In any event, the Bondholders had notice of the *ultra vires* defect [Dkt. 1004 at 30-47; Dkt. 978 ¶¶88-103]. |
| B. The ERS Bondholders are entitled to recover in equity. [*Id.* at 57-59.] | B. Puerto Rico law does not permit parties to assert unjust enrichment claims to recover on *ultra vires* contracts like the ERS Bonds. [Dkt 1004 at 52-55.] |

# IN RE COMMONWEALTH OF PUERTO RICO

## Comparison of Fiscal Agent's *Ultra Vires* Response Brief Arguments & Committees' Rebuttal in Previous Briefing

| **FISCAL AGENT'S ARGUMENT** | **COMMITTEES' ARGUMENT** |
|---|---|
| 1. UCC §8-202 applies because the issuer (ERS) has asserted that the ERS Bonds are not valid. [Dkt. 998 at 5-13.] | 1. UCC §8-202 does not apply because the sole objecting parties (the Committees) are not the issuer of the ERS Bonds. [Dkt. 1004 at 26-30; 978 ¶¶83-87.] |
| 2. The Committees failed to satisfy their initial burden of demonstrating substantial evidence of Cede's notice of a defect going to the validity of the ERS Bonds. [*Id.* at 13-17.] | 2. The burden of proving UCC §8-202 applicability is the Fiscal Agent, the party seeking to validate the bonds under Article 8. [ERS Dkt. 1004 at 47.]<br><br>In any event, UCC §8-202 does not protect Cede because:<br><br>A. The only parties whose notice is relevant under UCC §8-202 are the Bondholders, not Cede, and the Bondholders had notice of the *ultra vires* defect. [Dkt. 1004 at 36-47; Dkt. 978 ¶¶ 79, 88-103.]<br><br>B. The Fiscal Agent has not offered any evidence indicating that Cede lacked notice of the *ultra vires* defect. [Dkt. 1004 at 48-49.] And the Faith Declaration in support of the Fiscal Agent's brief should be stricken due to the Fiscal Agent's non-compliance with its discovery obligations. [*Id.* at 47-48; *see also* Dkt. 1000.]<br><br>C. Cede took by original issue when the ERS Bonds were issued in violation of the Puerto Rico Constitution, rendering UCC §8-202 inapplicable. [*Id.* at 49-52.] |
| 3. Cede lacked notice of any defect going to the validity of the ERS Bonds. [*Id.* at 17-19.] | 3. Cede had notice of the *ultra vires* defect because the Bondholders had notice, and their notice is charged to Cede. [Dkt. 1004 at 36-47; Dkt. 978 ¶¶79, 88-103.] Moreover, the Fiscal Agent provides no evidence that Cede lacked notice of any defect. [Dkt. 1004 at 48-49.] |

4