IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
as representative of                                                   : Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                              : (Jointly Administered)
                                                                       :
Debtors.[1]                                                            :
---------------------------------------------------------------------- X
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
as representative of                                                   : Case No. 17-BK-3566 (LTS)
                                                                       :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                                 :
GOVERNMENT OF THE COMMONWEALTH OF                                      :
PUERTO RICO,                                                           :
                                                                       :
        Debtor.                                                        :
----------------------------------------------------------------------

**COMMITTEES' REPLY TO RESPONSE AND ADDITIONAL FACTS OF THE
BANK OF NEW YORK MELLON, AS FISCAL AGENT, TO THE
COMMITTEES' STATEMENT OF UNDISPUTED MATERIAL FACTS IN
<u>SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON *ULTRA VIRES* ISSUES</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

3011625.1

The Official Committee of Unsecured Creditors[2], the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (collectively, "**Respondents**") hereby submit their reply to *Response and Additional Facts of the Bank of New York Mellon, as Fiscal Agent, to the Committees' Statement of Undisputed Material Facts in Support of Motion for Summary Judgment on Ultra Vires Issues* (ERS Dkt. 999).

### GENERAL STATEMENT

Nothing herein shall be construed as an admission by Respondents as to the relevance, if any, of any statement of fact.

**II. ADDITIONAL FACTS PURSUANT TO LOCAL RULE 56(C)**

1. On January 30, 2008, in accordance with the DTC Operational Arrangements, UBS Financial Services Inc. of Puerto Rico ("UBS"), as Underwriter of the Bonds, submitted to DTC a DTC Eligibility Questionnaire, accompanied by the January 29, 2008 Official Statement ("OS") for the Series A Bonds. The OS included among its Appendices copies of (1) the Resolution (Appendix VI to the OS); (2) the First Supplemental Resolution (Appendix VII to the OS), which included as Exhibit A the Form of the Bonds; (3) the Form of Opinion of Bond Counsel, Fiddler Gonzalez & Rodriguez, P.S.C., dated January 31, 2008 (Appendix VIII to the OS); and (4) DTC's Book Entry System rules (Appendix IX to the OS). *BNYM SUF*, App. Ex. 16 (UBS-ERS_Ultra_Vires-0043861–44152), UBS January 30, 2008 Submission to DTC ("1/30/2008 DTC Submission"). DTC accepted the Series A Bonds as Eligible Securities on January 30, 2008. *BNYM SUF*, App. Ex. 9, DTC Decl., ¶ 9. ERS issued the Series A Bonds on January 31, 2008, each in the name of DTC's nominee, Cede & Co. *BNYM SUF*, App. Ex. 5, Series A Bonds (PR-ERS-000003673–3768).

**RESPONSE:** Respondents do not dispute that UBS submitted a DTC Eligibility Questionnaire and the Series A Bonds OS to DTC. Respondents do not dispute that the Series A Bonds OS includes among its Appendices, the Resolution, First Supplemental Resolution and the Form of Opinion of Bond Counsel. Respondents do not dispute that ERS issued the Series A Bonds

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

on January 31, 2008 and that Cede & Co. is identified as the Registered Owner. Respondents dispute that Appendix IX to the OS are the DTC Book Entry System rules. Pursuant to Fed. R. Civ. P. 56(c)(2), Respondents further dispute that the DTC Decl. can be relied upon as the Fiscal Agent failed to disclose DTC, Cede & Co, or John Faith as sources of discoverable information as required by Fed. R. Civ. P. 26 and should be stricken. (*See* ERS Dkt. 1000.) Therefore, Respondents dispute that DTC accepted the Series A Bonds as Eligible Securities on January 30, 2008.

2. On May 28, 2008, in accordance with the DTC Operational Arrangements, UBS submitted to DTC a DTC Eligibility Questionnaire, accompanied by the May 27, 2008 version of the Preliminary Official Statement ("POS") for the Series B Bonds. The POS included among its Appendices copies of (1) the Form of Opinion of Bond Counsel, Fiddler Gonzalez & Rodriguez, P.S.C., dated June 2, 2008 (Appendix VII to the POS); and (2) DTC's Book Entry System rules (Appendix VIII to the POS). *BNYM SUF*, App. Ex. 17 (UBS-ERS_Ultra_Vires-0076149–76234), UBS May 8, 2008 Submission to DTC ("5/28/2008 DTC Submission"). DTC accepted the Series B Bonds as Eligible Securities on May 29, 2008. *BNYM SUF*, App. Ex. 9, DTC Decl., ¶ 9. ERS issued the Series B Bonds on June 2, 2008, each in the name of DTC's nominee, Cede & Co. *BNYM SUF*, App. Ex. 6, Series B Bonds (PR-ERS-000004346–4441).

**RESPONSE:** Respondents do not dispute that UBS submitted a DTC Eligibility Questionnaire and the Series B Bonds POS to DTC. Respondents do not dispute that the Series B Bonds POS includes the Form of Opinion of Bond Counsel. Respondents do not dispute that ERS issued the Series B Bonds on June 2, 2008 and that Cede & Co. is identified as the Registered Owner. Respondents dispute that Appendix VIII to the POS are the DTC Book Entry System rules. Pursuant to Fed. R. Civ. P. 56(c)(2), Respondents dispute that the DTC Decl. can be relied upon as the Fiscal Agent failed to disclose DTC, Cede & Co, or John Faith as sources of discoverable information as required by Fed. R. Civ. P. 26 and should be stricken. (*See* ERS Dkt. 1000.) Therefore, Respondents dispute that DTC accepted the Series B Bonds as Eligible Securities on May 29, 2008.

3. On June 16, 2008, in accordance with the DTC Operational Arrangements, UBS submitted to DTC a DTC Eligibility Questionnaire, accompanied by the then-current version of

3

the POS for the Series C Bonds. The POS included among its Appendices copies of (1) the Resolution (Appendix V to the POS); (2) the Form of Opinion of Bond Counsel, Fiddler Gonzalez & Rodriguez, P.S.C., (Appendix VII to the POS); and (3) DTC's Book Entry System rules (Appendix VIII to the POS). *BNYM SUF*, App. Ex. 18 (UBS-ERS_Ultra_Vires-0087856–88001), UBS June 16, 2008 Submission to DTC ("6/16/2008 DTC Submission"). On June 26, 2008, in accordance with the DTC Operational Arrangements, UBS submitted to DTC a second DTC Eligibility Questionnaire, accompanied by the June 26, 2008 version of the POS for the Series C Bonds. The June 26, 2008 version of the POS included among its Appendices copies of (1) the Resolution (Appendix V to the POS); (2) the Form of Opinion of Bond Counsel, Fiddler Gonzalez & Rodriguez, P.S.C., dated June 30, 2008 (Appendix VII to the POS); and (3) DTC's Book Entry System rules (Appendix VIII to the POS). *BNYM SUF*, App. Ex. 19 (UBS-ERS_Ultra_Vires-0100253–100405), UBS June 26, 2008 Submission to DTC ("6/26/2008 DTC Submission"). DTC accepted the Series C Bonds as Eligible Securities on June 26, 2008. *BNYM SUF*, App. Ex. 9, DTC Decl., ¶ 9. ERS issued the Series C Bonds on June 30, 2008, each in the name of DTC's nominee, Cede & Co. *BNYM SUF*, App. Ex. 7, Series C Bonds (PR-ERS-000005222–5245).

**RESPONSE:** Respondents do not dispute that UBS submitted a DTC Eligibility Questionnaire and the Series C Bonds POS to DTC on June 16, 2008. Respondents do not dispute that the Series C Bonds POS includes the Resolution and Form of Opinion of Bond Counsel. Respondents do not dispute that UBS submitted a DTC Eligibility Questionnaire and the Series C Bonds POS to DTC on June 26, 2008. Respondents do not dispute that the Series C Bonds POS includes the Resolution and Form of Opinion of Bond Counsel. Respondents do not dispute that ERS issued the Series C Bonds on June 30, 2008 and that Cede & Co. is identified as the Registered Owner. Respondents dispute that Appendix VIII to the POS are the DTC Book Entry System rules, as submitted on June 16, 2008 and June 26, 2008. Pursuant to Fed. R. Civ. P. 56(c)(2), Respondents dispute that the DTC Decl. can be relied upon as the Fiscal Agent failed to disclose DTC, Cede & Co, or John Faith as sources of discoverable information as required by Fed. R. Civ. P. 26 and should be stricken. (*See* ERS Dkt. 1000.) Therefore, Respondents dispute that DTC accepted the Series C Bonds as Eligible Securities on June 26, 2008.

4. The various Official Statements, the Resolution and Supplemental Resolutions, and the opinions of counsel state that the bond issuance was authorized. *See infra* ¶¶ 5–8; *see also ERS Bondholders' Rule 56(b) Statement of Undisputed Facts in Support of Motion for Partial Summary Judgment on Ultra Vires Issues and Proceedings* [ECF No. 14242] ("BH Statement of Facts") ¶¶ 42–46.

4

3011625.1

**RESPONSE:** The Government and Committees incorporate their Responses to ¶¶ 5-8 *infra* and their Responses to ¶¶ 42-46 of *Government Parties' and Committees' Response to ERS Bondholders' Rule 56(b) Statement of Undisputed Facts in Support of Motion for Summary Judgment on Ultra Vires Issues and Proceedings.* Respondents dispute that the ERS Bonds were, in fact, authorized by the ERS Enabling Act.

5. The Official Statement sent to DTC on January 30, 2008 states that the ERS Enabling Act authorized the issuance of the Bonds. *See, e.g.*, *BNYM SUF*, App. Ex. 16, 1/30/2008 DTC Submission, UBS-ERS_Ultra_Vires-0043865 at Official Statement pp. 7 (Bates 43875) ("The Act authorizes the System to borrow money, including through the direct placement of debt, and secure any such borrowing with its assets"), 26 (Bates 43894) ("The Bonds are being issued pursuant to general authority contained in the Act"), 37 (Bates 43905) (same), 1 (Bates 43869) (defining Enabling Act as the "Act").

**RESPONSE:** Respondents do not dispute that the language quoted in the parentheticals exists in the Official Statement but dispute that the ERS Enabling Act authorized the issuance of the ERS Bonds.

6. The Resolution, which was attached to the Official Statement as Appendix VI (*BNYM SUF*, App. Ex. 16, 1/30/2008 DTC Submission, OS Appendix VI, Bates 44077 *et seq.*), contains among the "Particular Covenants of the System" (*see* VI-14 (Bates 44094)), the System's express covenant that is has the authority the issue the bonds:

> SECTION 705. <u>Power to Issue Bonds and Assign Funds and Accounts</u>. The System is duly authorized under the Act to create and issue the Bonds and to adopt this Resolution and to create a security interest on the Pledged Property in the manner and to the extent provided in this Resolution. The Pledged Property is and will be free and clear of any pledge, lien, charge or encumbrance thereon or with respect thereto except as permitted by this Resolution, and all action on the part of the System to that end has been and will be duly and validly taken. The Bonds are and will be the valid and legally binding special obligations of the System, enforceable in accordance with their terms and the terms of this Resolution. The System shall at all times, to the extent permitted by law, defend, preserve and protect the assignment of the Pledged Property and all the rights of the Fiscal Agent, the Beneficiaries and the Bondowners under this Resolution against all claims and demands of all persons whomsoever.

5

Resolution § 705, VI-15 (Bates 44095); *see also id*. § 101, VI-1 (Bates 44081) ("Authority for this Resolution. This Resolution is adopted pursuant to the provisions of the Act.").

**RESPONSE:** Respondents do not dispute that the Resolution contains the quoted language but dispute that the issuance of ERS Bonds was valid under the ERS Enabling Act.

7. The Supplemental Resolutions similarly provide that they are "adopted pursuant to the provisions of the Act and the General Resolution" (Supp. Res.§ 1.4 (*BNYM SUF*, App. Ex. 16, 1/30/2008 DTC Submission, 1/30/08 email doc, VII-2 (Bates 44122))). The form of bond attached to the Supplemental Resolution reiterated this authority:

> IT IS HEREBY CERTIFIED, RECITED AND DECLARED that all acts, conditions and things required by the Constitution and statutes of the Commonwealth and the Resolution to exist, to have happened and to have been performed precedent to and in the issuance of this Series A Bond, exist, have happened and have been performed in due time, form and manner as required by law and that the issue of the Bonds, together with all other indebtedness of the System, is within every debt and other limit prescribed by law.

*Id.*, Supp. Res. Ex. A (VII-13 (Bates 44133)); *see also id.*, Supp. Res. § 2.6 & Ex. A thereto (VII-7 (Bates 44127) & VII-11–16 (Bates 44131–36)).

**RESPONSE:** Respondents do not dispute that the Supplemental Resolution and Form of Term Bonds contain the quoted language. Respondents dispute that the ERS Bonds were validly issued.

8. Further, DTC received the Form of Opinion of Bond Counsel, which stated, "The Bonds have been duly authorized by the System and constitute legal, valid and binding limited obligations of the System[.]" *BNYM SUF*, App. Ex. 16, 1/30/08 DTC Submission, VIII-2 (Bates 44144); *see also BNYM SUF*, App. Ex. 17, 5/28/2008 DTC Submission, VII-2 (Bates 76227) (same regarding Series B), *BNYM SUF*, App. Ex. 18, 6/16/2008 DTC Submission (VII) (Bates 87994), *BNYM SUF*, App. Ex. 19, 6/26/0808 DTC Submission (VII) (Bates 100398) (same regarding Series C).

**RESPONSE:** Respondents do not dispute that the Form of Opinion of Bond Counsel contains the quoted language. Respondents dispute that the ERS Bonds were validly issued.

9. The only other substantive documents sent to DTC prior to the issuance of each tranche of Bonds were standard questionnaires. *BNYM SUF*, App. Ex. 16, 1/30/2008 DTC Submission, UBS-ERS_Ultra_Vires-0043861–64; *BNYM SUF*, App. Ex. 17, 5/28/2008 DTC Submission, UBS-ERS_Ultra_Vires-0076149–52; *BNYM SUF*, App. Ex. 18, 6/16/2008 DTC

6

Submission, UBS-ERS_Ultra_Vires-0087856–58; *BNYM SUF*, App. Ex. 19, 6/26/2008 Submission, UBS-ERS_Ultra_Vires-0100253–55.

**RESPONSE:** Respondents cannot confirm or dispute this fact as the Fiscal Agent failed to disclose DTC, Cede & Co, or John Faith as sources of discoverable information as required by Fed. R. Civ. P. 26 and therefore Additional Fact 9 should be stricken. (*See* ERS Dkt. 1000.) Respondents therefore dispute Additional Fact 9.

10. DTC's Eligibility Questionnaire instructions confirm that DTC had limited access to documents, as well as only a brief involvement in the issuance process:

> To make a new issue of securities DTC eligible, the completed questionnaire and a copy of the offering statement/prospectus (preliminary or final) must be submitted to DTC's Underwriting Dept. at least 10 business days prior to the issue's closing date. If complete CUSIP INFORMATION (CUSIP numbers, interest rates, and final maturities) is not included with the questionnaire, please provide to DTC in writing at least seven business days prior to the closing date.

*BNYM SUF*, App. Ex. 16, 1/30/2008 DTC Submission, UBS-ERS_Ultra_Vires-0043862; *BNYM SUF*, App. Ex. 17, 5/28/2008 DTC Submission, UBS-ERS_Ultra_Vires-0076150; *BNYM SUF*, App. Ex. 18, 6/16/2008 DTC Submission, UBS-ERS_Ultra_Vires-0087857; *BNYM SUF*, App. Ex. 19, 6/26/0808 DTC Submission, UBS-ERS_Ultra_Vires-0100254.

**RESPONSE:** Respondents do not dispute that the quoted language appears on The Depository Trust Company (DTC) Eligibility Questionnaire but dispute that this supports the allegation that DTC had limited access to documents and only a brief involvement in the issuance process. None of the cited documents purport to show the extent of the documents DTC had access to, the universe of relevant documents, or the level of involvement DTC had in the issuance of the ERS Bonds.

11. The only documents DTC required to be sent to it prior to issuance were the ones it received: "the completed questionnaire and a copy of the offering statement/prospectus (preliminary or final)." *See supra* ¶ 10; *BNYM SUF*, ¶¶ 36–38. Those documents do not indicate the Bonds were issued without authority.

7

**RESPONSE:** Respondents incorporate their responses to *supra* ¶10, and Responses to BNYM SUF ¶¶ 36-38 and dispute that these document establish that the Bonds were validly issued. Respondents also dispute that the cited materials support Additional Fact 11 and therefore dispute Additional Fact 11. The cited materials do not show the scope of the documents DTC "required" nor do they show the scope of materials DTC received. At most, the cited materials show that DTC received the completed questionnaire and a copy of the offering statement/prospectus.

12. The Operational Arrangements expressly provide that DTC does not in any way undertake to, and shall not have any responsibility to, monitor or ascertain the compliance of any transactions in the securities with any local, state, federal, or foreign laws or regulations thereunder. *BNYM SUF*, App. Ex. 9, Ex. A., 2002 DTC Operational Arrangements, at 3. The Issuer—here ERS—recognizes this limitation. *See id.*

**RESPONSE:** Pursuant to Fed. R. Civ. P. 56(c)(2), Respondents dispute that the DTC Decl. or its Exhibit can be relied upon as the Fiscal Agent failed to disclose DTC, Cede & Co, or John Faith as sources of discoverable information as required by Fed. R. Civ. P. 26 and therefore Additional Fact 12 should be stricken. (*See* ERS Dkt. 1000.) Respondents therefore dispute Additional Fact 12.

13. DTC has recently been informed that certain parties have argued that the Bonds were issued without proper authority. DTC had no notice of any such argument, or any defect going to the validity of the Bonds, at the time of issuance. *BNYM SUF*, App. Ex. 9, DTC Decl., ¶ 10.

**RESPONSE:** Pursuant to Fed. R. Civ. P. 56(c)(2), Respondents dispute that the DTC Decl. can be relied upon as the Fiscal Agent failed to disclose DTC, Cede & Co, or John Faith as sources of discoverable information as required by Fed. R. Civ. P. 26 and the Decl. should be stricken. (*See* ERS Dkt. 1000.) Respondents therefore dispute Additional Fact 13.

14. Each of ERS (through the Oversight Board as its legal representative in this Title III proceeding) and the Committees (as statutorily appointed committees of creditors of ERS) objected to the Proofs of Claim and asserted that ERS lacks statutory authority to issue the Bonds. *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of*

*Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007 to Claims Filed or Asserted by Holders of ERS Bonds* [ECF No. 6482] ¶¶ 65-82 (Apr. 23, 2019); *Objection of Financial Oversight and Management Board Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Proof of Claim Against ERS by The Bank of New York Mellon, as Fiscal Agent (Claim No. 16777)* [ECF No. 9701] ¶ 11 (Jan. 6, 2020); *Omnibus Objection of the Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [ECF No. 5580] ¶¶ 23-55 (Mar. 12, 2019).

**RESPONSE:** Respondents do not dispute that the Oversight Board, and the Retiree Committee, and the Official Committee of Unsecured Creditors filed the referenced objections. Respondents dispute that any of the objections supports the Fiscal Agent's argument that, for purposes of UCC 8-202, the "issuer" of the ERS Bonds has asserted that they are invalid.

15. On October 25, 2019, the Fiscal Agent filed its *Joinder of The Bank of New York Mellon, as Fiscal Agent, in the Response of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to the Omnibus Claim Objections of the Official Committee of Unsecured Creditors and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico* [ECF No. 9013], in which the Fiscal Agent asserted that "even if ERS lacked authority to issue the ERS Bonds *and* the Bondholders had notice of a defect, such bonds still would be enforceable under section 8-202 of the UCC because the sole registered owner of the ERS Bonds had no knowledge of any defect." *Id*. ¶ 8.

**RESPONSE:** Respondents do not dispute ECF No. 9013 contains the quoted language but dispute that the Fiscal Agent's assertion is correct.

*[The remainder of this page was intentionally left blank.]*

3011625.1

Dated: November 19, 2020
San Juan, Puerto Rico

*/s/ Robert D. Gordon*

JENNER & BLOCK LLP
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)


Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

- and –


*/s/ A.J. Bennzar-Zequeria*
BENNAZAR, GARCÍA & MILIÁN, C.S.P
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for the Official Committee of Retired Employees of Puerto Rico*

- and –

10

/s/ *Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*[3]

- and –

*/s/ Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA and PBA)*[4]

---

[3] As it relates to the Committee's Omnibus Claims Objection at Commonwealth Dkt. 5580.

[4] As it relates to the Committee's omnibus claims objections at Commonwealth Dkts. 5580 and 5586 and Adversary Proceeding Nos. 19-356, 19-357, and 19-361.

11

3011625.1

- and –

/s/ John Arrastia
GENOVESE JOBLOVE & BATTISTA, P.A.
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*[5]

- and –

/s/ Sunni Beville
Sunni P. Beville, Esq. (*pro hac vice*)
Tristan G. Axelrod, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the members of the Special Claims Committee*

- and –

---

[5] As it relates to Adversary Proceeding Nos. 19-356, 19-357, 19-359, and 19-361.

*/s/ Kenneth Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the members of the Special Claims Committee*

13

3011625.1