# **EXHIBIT E**

# Milbank

**ATARA MILLER**

*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5421
amiller@milbank.com | milbank.com

February 4, 2020

**VIA EMAIL**

| | |
|---|---|
| Peter Friedman, Esq. | Margaret Dale, Esq. |
| O'Melveny & Myers LLP | Proskauer Rose LLP |
| 7 Times Square | Eleven Times Square |
| New York, NY 10036 | New York, NY 10036 |

Re: Commonwealth Assets and Cash Rule 2004 Requests

Dear Peter and Margaret:

We write on behalf of Ambac Assurance Corporation ("Ambac") to memorialize our telephonic meet-and-confer yesterday concerning *Ambac Assurance Corporation's Motion for Entry of an Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] (the "Commonwealth Assets Rule 2004 Motion") and *Ambac Assurance Corporation's Motion for Entry of an Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023] (the "Cash Rule 2004 Motion," and collectively with the Commonwealth Assets Rule 2004 Motion, the "Rule 2004 Motions").[1]

During yesterday's call, we indicated that Ambac was willing in the first instance to narrow the requests from those originally appended to the Rule 2004 Motions to a "core" set of targeted, prioritized requests for information necessary to understand the Commonwealth's financial condition, without prejudice to Ambac's ability to seek additional categories of documents in the future. We also indicated that, as part of this narrowing, Ambac would propose that the Commonwealth make available one or more witnesses for Rule 30(b)(6) depositions to testify regarding those document productions. During the call, we described a limited number of document requests that constitute the aforementioned "core" categories of documents that Ambac

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Rule 2004 Motions.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

February 4, 2020 Page 2

is seeking at this time. You requested that we provide a list of those narrowed categories of documents in writing. Please find that list below.

<u>Commonwealth Assets Rule 2004 Motion</u>

**(1) Assets (current and transferred/encumbered)**

- Documents sufficient to show, from January 1, 2015 to the present, the alienation or encumbrance of any assets held by the Commonwealth or its instrumentalities.
- A list of the Commonwealth's current assets.

**(2) August 2019 Report – 23 Properties**

- A list of, or documents sufficient to identify, the 23 properties that were indicated as sold, or to be sold by December 2019, by HTA in the August 2019 report on the implementation of HTA's certified fiscal plan.
- Documents sufficient to show:
    - how those properties were identified for sale or potential sale; and
    - the process and protocol for soliciting and entertaining bids, and evaluating and approving a sale.

**(3) Real Property Valuation and Disposal Committee (the "<u>Committee</u>")**

- Documents sufficient to show (i) AAFAF's (or any other Commonwealth instrumentality's) authority to supervise the work of the Committee; (ii) regulations governing the formalization of disposal of Commonwealth properties, including how the properties will be made available for sale and information will be made available to interested bidders; and (iii) any other strategy by AAFAF or the Committee related to disposal of properties, including establishment of an online data base, as per recent statements of AAFAF Executive Director Omar Marrero.
- Documents sufficient to identify any (i) proposals considered (whether ultimately accepted or not), (ii) transactions recently approved, and (iii) transactions currently under evaluation.

**(4) Municipal Revenue Collection Center ("CRIM")**

- A list identifying all properties that have been foreclosed upon by the Commonwealth or its instrumentalities from January 1, 2015 to present, and which of those properties were subsequently sold by the Commonwealth (and for how much).
- All guidelines or rules governing CRIM's foreclosure of private property and the process for determining whether to sell any of foreclosed-upon properties.

\*　　\*　　\*

- A Rule 30(b)(6) deposition related to the Commonwealth's assets, including the above documents and information.

February 4, 2020                                                                        Page 3

<u>Cash Rule 2004 Motion</u>

- All documents relied upon in connection with the "Summary of Cash Restriction Analysis" presentation, dated October 2, 2019 and the "Bank Account Analysis: Status Update – June 30, 2019 Balances" presentation, dated as of October 2, 2019, including documents sufficient to identify the processes and assumptions underlying the Cash Restriction Analysis and any iterative changes in the analysis over time.

- All documents relied upon in connection with Duff & Phelps' and/or Ernst & Young's investigation into the cash at government and fiscal plan entities, certain other Title III debtors, and UPR, including but not limited to instructions provided to Duff & Phelps and/or Ernst & Young regarding categorization and restrictions.

- All documents related to the assessment of the Commonwealth's necessary operating expenses, including any analyses of whether unrestricted cash exceeds necessary operating expenses.

- A "key" to the documents produced that would allow parties to replicate the cash restriction analysis performed in connection with the presentations described above, including the relevant identifying information for each document (*i.e.*, Bates numbers).

- A Rule 30(b)(6) deposition related to the Commonwealth's cash investigation and analysis.

As explained above, the purpose of this letter is to identify priority requests. It is not intended to supersede or waive any of the requests appended to the Rule 2004 Motions.

In addition, to the extent that the Oversight Board and/or AAFAF assert that any materials responsive to the requests described herein have previously been produced (whether in the context of mediation or otherwise), Ambac maintains that the Oversight Board and AAFAF are required to separately produce these materials pursuant to Rule 2004 and reserves all rights with respect thereto.

                                                                                         Very truly yours,

                                                                        */s/ Atara Miller*

                                                                         Atara Miller

February 4, 2020 Page 4

cc: Grant Mainland
Elizabeth A. McKeen
Laura Stafford
Martin A. Sosland
Robert S. Berezin
William Natbony
Nicholas A. Bassett
John E. Mudd