# **<u>EXHIBIT J</u>**

 Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 29, 2020

Margaret A. Dale
Member of the Firm
d +1.212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

**VIA E-MAIL**
John J. Hughes III, Esq.
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Re: **Commonwealth Cash Rule 2004 Requests**

Counsel:

I write in further response to your September 10, 2020 letter, in response to your September 22, 2020 letter, and to address the parties' recent meet and confer discussions, including the meet and confer held on September 18, 2020.

1. ***Categories 1 and 2 (Documents relied upon in connection with certain October 2, 2019 presentations and in connection with Duff & Phelps' and/or Ernst & Young's investigations).***

    *"Master Database"/Intermediate Documents.* On the September 18 meet and confer, Ambac asked whether the "account tracker" produced by the Oversight Board corresponds to the October 2, 2019 presentations or to Exhibit J to the Amended Disclosure Statement.[1] On the call, the Oversight Board confirmed that the "account tracker" corresponds to the October 2, 2019 presentations. Ambac asked whether a similar "account tracker" document related to Exhibit J exists. The Oversight Board confirms that no "account tracker" document, similar to the "account tracker" associated with the October 2, 2019 presentations, was created for Exhibit J.

    *Process Documents.* On the September 18 meet and confer, the parties discussed Ambac's request for "process" documents. With respect to Ambac's request for non-communications process documents, the Oversight Board declines to provide such documents. As the Oversight Board has explained on several occasions, how the Oversight Board and its advisors conducted their analyses is not relevant to Ambac's Rule 2004 investigation. As with other work papers underlying those analyses, non-communication process documents, if any exist, are not relevant.

    With respect to Ambac's request for communications process documents, while we disagree that those communications are relevant, as explained on the call, we are continuing to

---

[1] "Amended Disclosure Statement" refers to the *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 11947].

**Proskauer»**

September 29, 2020
Page 2

work with our client and its advisors to provide Ambac with information regarding the timeframes and specific advisors engaged in the process, and will provide a further written update when possible.

     ***Engagement Letters.*** As the Oversight Board has already explained, engagement letters related to Ernst & Young are available on the Oversight Board's website. Those engagement letters provide information regarding the services Ernst & Young will provide thereunder. Nevertheless, the Oversight Board produced the engagement letters Ambac requested on September 27, 2020.

     ***Privilege Log.*** As the Oversight Board has explained, it will provide a privilege log of documents withheld from its production of factual source materials and raw data underlying the Duff & Phelps report and the October 2 presentations. The Oversight Board remains on track to produce that privilege log by the end of September. In light of the relatively small number of privileged documents withheld, the Oversight Board anticipates being able to provide its privilege log on a document-by-document basis.

     In addition, the Oversight Board has identified a small number of documents initially withheld from production that it has determined, on further review, should be produced. The Oversight Board anticipates making that production in the coming weeks.

     ***Follow-Up Requests regarding Inventory of Central Government's Bank Accounts.*** As explained on the September 18 meet and confer, the Government Parties are continuing to investigate this request.

    2. **Category 3 (Documents related to the Commonwealth's necessary operating expenses).**

     On the September 18 meet and confer, the parties discussed the Government Parties' Responses and Objections to the Interrogatories. Ambac asked the Government Parties whether specific information had been withheld from the Government Parties' responses on the basis of its objections. As we have repeatedly explained, consistent with the Government Parties' objection that discovery regarding the Oversight Board's decisions to certify fiscal plans and budgets for the Commonwealth is improper pursuant to PROMESA section 106(e), the Government Parties have not endeavored to collect or identify documents or analyses used in the development of the certified Commonwealth Budget or Commonwealth Fiscal Plans.

Sincerely,

*/s/ Margaret A. Dale*

Margaret A. Dale