# **EXHIBIT M**



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 17, 2020

Margaret A. Dale
Member of the Firm
d +1.212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

**VIA E-MAIL**
John J. Hughes III, Esq.
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Re: **Commonwealth Cash Rule 2004 Requests**

Counsel:

I write in further response to your June 18, 2020 letter (the "June 18 Letter"), in response to your June 26, 2020 email (the "June 26 Email"), and your July 8, 2020 letter (the "July 8 Letter"), and to address the parties' recent meet and confer discussions, including the meet and confer held on July 1, 2020.

1. *Categories 1 and 2 (Documents relied upon in connection with certain October 2, 2019 presentations and in connection with Duff & Phelps' and/or Ernst & Young's investigations).*

    *Process Documents.* The June 18 Letter requests "process documents," which it defines as "documents and communications reflecting the processes, assumptions, and methodologies used to classify accounts as restricted or unrestricted."

    As Ambac is aware, the Oversight Board has not agreed to produce "process" documents. In response to Categories 1 and 2, the Oversight Board has repeatedly stated that it will produce non-privileged factual source materials and raw data. *See, e.g.*, February 12, 2020 Status Report, Ex. B, at 2. Non-privileged factual source materials and raw data do not include "process" documents.

    Indeed, as we have explained to you, "process" documents that are communications between the Oversight Board and its advisors, including Duff & Phelps, Proskauer, O'Neill & Borges, Citi, and PJT will not be produced because, as explained on the July 1 meet and confer, they are protected from disclosure by both the attorney client privilege and/or the work product doctrine. On the July 1, 2020 meet and confer, Ambac requested information regarding the volume of these communications. The Oversight Board is working to determine what information it can provide regarding these communications, as well as whether any additional process documents exist that are responsive to Ambac's requests, and will provide an update.

    *Underlying Calculations.* Your June 18 Letter also requests underlying calculations, which you define as "Excel or dynamic versions of the charts and tables" included in the "Summary of Cash Restriction Analysis" presentation, dated October 2, 2019, and the Duff &

**Proskauer**

July 17, 2020
Page 2

Phelps Report. The June 26 Email further states that, in Ambac's view, these underlying calculations are "relevant to understanding the Cash Restriction Analysis," and that the Oversight Board's relevance objection is "pretextual."

First of all, as we explained on the July 1 meet and confer, our relevance objection is not "pretextual." The Oversight Board has agreed to produce the factual source materials and raw data underlying the October 2 presentation. The Oversight Board made initial productions of those materials on May 29, 2020 and June 12, 2020, and will continue to produce those materials on a rolling basis. As we explained on the July 1 meet and confer, those factual source materials and raw data provide Ambac with the information necessary to understand the Oversight Board's analysis of restricted and unrestricted cash and to test its current conclusions. As Ambac notes, the Oversight Board's current analysis of restricted and unrestricted cash is summarized in the February 28, 2020 disclosure statement. Dynamic versions of tables reflecting prior iterations of that analysis—which tables are not current and were superseded by the analysis reflected in the disclosure statement—are not relevant to Ambac's understanding of the current analysis as reflected in the disclosure statement. Further, requiring the Oversight Board to identify and produce dynamic versions of prior iterations of its analysis would be unduly expensive and would waste the Oversight Board's scarce resources.

Nevertheless, as explained in Julia Alonzo's July 2, 2020 email, the Oversight Board will produce a version of Exhibit J to the Disclosure Statement that includes, for each bank account listed, the last 4 digits of each bank account number. We believe that document will provide you with the information necessary to compare the accounts listed in Exhibit J with the accounts in Duff & Phelps' master database. In addition, in the interest of avoiding a dispute, we are working to determine whether any other responsive, non-privileged documents exist and can be provided.

Second, the Oversight Board continues to disagree with Ambac's position regarding privilege, as stated in the June 18 Letter, the June 26 Email, and the July 1 meet and confer, and continues to reserve its rights to respond further once Ambac has articulated a legitimate basis for the relevance of these documents.

***Follow-Up Requests regarding Amended Disclosure Statement.*** The July 8 Letter states that, upon reviewing the Amended Disclosure Statement dated February 28, 2020, Ambac identified the following categories of additional materials it believes are responsive to its Cash Rule 2004 Requests:

1. "1,700 newly obtained documents from governmental entities regarding account classifications."

2. An "inventory of the Central Government's bank accounts and . . . ownership and control information, disposition and cash flows for each."

3. The Board's efforts to collect "governmental entities' descriptions of the various restriction categories."

**Proskauer**

July 17, 2020
Page 3

4. "[S]upporting documentation [obtained] from governmental entities to inform the legal team's assessment of account designations."

The July 8 Letter does not specify whether Ambac contends that these documents are responsive to any of its prioritized cash requests. Nevertheless, the Oversight Board can confirm that the documents identified in item numbers 1, 3 and 4 will be produced in response to Ambac's request for underlying factual source materials and raw data. The "inventory of the Central Government's bank accounts" referenced in item number 2 above, however, was prepared by advisors to the Commonwealth, and is not among the factual source materials and raw data that underlay the Oversight Board's cash analysis as set forth in the Amended Disclosure Statement. Accordingly, it will not be a part of the Oversight Board's productions.

In addition, the July 8 Letter requests the Oversight Board identify individuals involved in the preparation of the Duff & Phelps report and the October 2, 2019 presentations. The Oversight Board is willing to meet and confer with Ambac regarding this request.

***Underlying Factual Source Materials and Raw Data.*** The Oversight Board produced the remaining responsive, non-privileged factual source materials relating to the Duff & Phelps Report on June 26, 2020.

The Oversight Board's review of the factual source materials and raw data underlying the October 2, 2019 presentations remains ongoing, and the Oversight Board anticipates continuing to make rolling productions throughout the month of July.

2. *Category 3 (Documents related to the Commonwealth's necessary operating expenses).*

Thank you for providing your proposed stipulation regarding this request. However, the proposed stipulation is not workable. It does not accurately reflect the parties' discussions, and addresses a number of issues not raised in the course of the parties' meet and confer discussions to date. Further, the Oversight Board's position regarding essential services is set forth in the February 2020 disclosure statement.

3. *Category 4 (Document Key).*

In response to the request in the June 26 Email, on July 1, 2020, the Oversight Board produced a version of the "master database" without any redacted account numbers. Any remaining redactions in the master database relate to personal identifying information of employees of the Commonwealth government and/or financial institutions, and such redactions have not been removed.

**Proskauer**

**Proskauer**

July 17, 2020
Page 4

Sincerely,

*/s/ Margaret A. Dale*

Margaret A. Dale