UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>et al.,<br>                        Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS |

### MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE POST-PETITION COMMERCIAL LEASE RENT

**TO THE UNITED STATES DISTRICT COURT JUDGE**
**THE HONORABLE LAURA TAYLOR SWAIN:**

**COMES NOW**, creditor, landlord and administrative expense claimant, AGM PROPERTIES CORPORATION (hereinafter, "Landlord"), and moves this Honorable Court for an order directing the Commonwealth of Puerto Rico to pay the administrative expense claim in the amount of $46,720.34 for post-petition rent stemming from a commercial lease agreement executed by 9-1-1 GOVERNMENT SERVICE BOARD (in the Spanish language "Junta de

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808; (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686; (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers as listed as Bankruptcy Case numbers due to software limitations).

Gobierno del Servicio 9-1-1") for the occupation of certain premises owned by Landlord (16,784 sq. ft. Lot E Corporate Office Park, San Juan, Puerto Rico; hereinafter, the "Premises"). 9-1-1 Government Service Board is a Commonwealth of Puerto Rico entity that is subject to oversight under PROMESA.

## JURISDICTION

1. This Honorable District Court has subject matter jurisdiction over this matter pursuant to section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

2. Venue is proper in this district pursuant to section 307(a) of PROMESA.

## DISCUSSION OF FACTS AND LEGAL ARGUMENTS

3. 9-1-1 Government Service Board (hereinafter, the "Board") executed a commercial lease agreement, effective May 1, 2012, for the occupation of certain premises owned by Landlord (16,784 sq. ft. Lot E Corporate Office Park, San Juan, Puerto Rico) (Contract No. 2012-000053; **Exhibit I**). At that time, the lease agreement was executed between the Board and ABIEX, Inc., a lessee of the Premises in the building owned by AGM Properties Corporation.

4. Over the years, Lease Contract No. 2012-000053 has been subject to various amendments, including an amendment dated December 1, 2014, signed by the Board, ABIEX, Inc. and AGM Properties Corporation (the owner of the building where the Premises are located). By means of this amendment, the lease contract was assigned to AGM Properties Corporation (**Exhibit II**). This lease contract, as amended, has been filed with the Office of the Comptroller of Puerto Rico. It was due to expire on May 31, 2020.

5. After the filing of the Commonwealth of Puerto Rico's Title III PROMESA case, the Commonwealth of Puerto Rico, through the 9-1-1 Government Service Board, continued to occupy the Premises.

6. Lease Contract No. 2012-0053 was included in Exhibit A ("Real Property Leases under Affirmative Consent"; Docket No. 5936-1) of this District Court's March 19, 2019 "*Order Extending Time to Assume or Reject Additional Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)*" (Docket No. 5936). Pursuant to said Order, the deadline of the time for the Debtor to assume or reject the Real Property Leases listed on Exhibit A was extended until the earlier of (i) January 1, 2020, (ii) the date of expiration or termination of such leases pursuant to their own terms, or (iii) the date on which a plan of adjustment is confirmed for each Debtor.

7. In accordance with the terms of the lease contract, in a letter dated December 2, 2019, the 9-1-1 Emergency Systems Bureau of the Department of Public Safety of the Commonwealth of Puerto Rico, the entity responsible for maintaining Lease Contract No. 2012-000053, notified the termination of Lease Contract No. 2012-0000-53, effective January 1, 2020 (**EXHIBIT III**).

8. On December 26, 2019, a settlement agreement with respect to the termination of Lease Contract No. 2012-0000-53, and the surrender of the Premises, was executed between the 9-1-1 Emergency Systems Bureau (NSE9-1-1-1) and AGM Properties Corporation. In the same, the parties acknowledged that the rent for the months of November and December of 2019 had not been paid and payment was required as provided in the lease contract (Settlement Agreement, paragraph 10; **EXHIBIT IV**). The Board occupied the leased Premises until December 31, 2019.

9. On December 30, 2019, the District Court issued another "*Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code*

3

*Section 365(D)(4)*" (Docket No. 9670). Lease Contract No. 2012-000053 was included in Exhibit B of the same (Real Property Leases under Deemed Consent"; Docket No. 9670-2). However, as indicate above, this lease contract was terminated effective January 1, 2020, and the Commonwealth of Puerto Rico no longer occupied the Premises after December 2019.

10. On January 16, 2020, Landlord, thru the undersigned attorney sent a letter, on behalf of AGM Properties Corporation, to counsels of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") informing that the Board has failed to comply with the monthly lease payment to AGM for the months of November and December 2019, a situation which adversely affects the operation AGM Properties Corporation, who has complied with all of its obligations pursuant to the lease agreement (**EXHIBIT V**)$^2$.

11. Additionally, the letter informed AAFAF that Sections 365 and 503 of the Bankruptcy Code classifies post-petition rent as an administrative expense of the Debtor, and the Junta, as an agency and/or instrumentality of the Commonwealth of Puerto Rico, has an obligation to comply with payment of lease to AGM on account of the post-petition use and possession of the leased premises. Included with said letter were the invoices of rent owed for the months of November and December 2019, an invoice for common area maintenance costs and a credit for utilities. The total amount owed is $46,720.34 (**EXHIBIT V**).

12. Landlord, thru undersigned counsel, continued its efforts to have the Commonwealth of Puerto Rico pay the rent owed by the Board, corresponding to the months of November and

---

2 Since November 2017 Landlord, thru undersigned counsel, has incurred in substantial extrajudicial efforts demanding payment of past-due rent from the Board thru AAFAF. Every several months the Board, upon AAFAF's intervention, would pay post-petition rent owed and past due. The last payment of rent was made by the Board on November 11, 2019 corresponding to the months of July, August, September, and October 2019. Extrajudicial efforts made by Landlord since January 2020, to obtain Board payment of rent owed for the months of November and December 2019 have been unsuccessful.

4

December 2019, by meeting with counsel of the AAFAF in the months of February and October 2020, making calls and sending emails communications. However, these efforts have been to no avail.

13. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . ." 11 U.S.C. Sec. 365(d)(3). For its part, Section 503(b)(1) of the Bankruptcy Code provides, that "… there shall be allowed administrative expenses … including the actual, necessary costs and expenses of preserving the estate….". 11 U.S.C. Sec. 503(b). Pursuant to these sections, the Commonwealth of Puerto Rico, as the primary government in relation to the 9-1-1 Government Service Board, is required to comply with the payment of total amount of $46,720.34 for post-petition rent for the months of November and December 2019 as an administrative expense. The Board occupied the Premises during the months of November and December 2019 and are obliged to payment of post-petition rent pursuant to the terms of the commercial lease agreement.

14. Section 15.15 of the lease agreement (**EXHIBIT I**) entitles Landlord to receive payment for "any expenses or disbursements Lessor is obliged to incur or make as a result of any breach by Lessee of any of the conditions" of the agreement, including "costs, expenses and reasonable attorneys' fees for any action or claim, in or out of court, which Lessor is required to initiate as a result of such breach".

15. Post-petition rent for the months of November and December 2019 in the amount of $46,720.34 constitutes an administrative expense of the Debtor subject to immediate payment by the Commonwealth of Puerto Rico. Landlord is further entitled to the payment of costs, expenses,

5

and reasonable attorney's fees in an amount of no less than $7,500.00, for the filing and prosecution of the instant motion demanding payment of post-petition rent.

**WHEREFORE,** for the above stated reasons, it is respectfully requested that this Honorable Court grant this motion and enter order directing the Commonwealth of Puerto Rico to immediately pay the Landlord, AGM Properties Corporation, the sum of $46,720.34 as an administrative claim on account of post-petition rent owed, plus an amount of no less than $7,500.00 on account of attorney's fees and costs incurred by AGM Properties Corporation due to the Commonwealth's failure to comply with payment as per the terms of the lease agreement.

### NOTICE OF TIME TO OBJECT PURSUANT TO L.B.R. 9013-1(c)

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** Landlord and undersigned counsel hereby certify that this motion has been filed thru the District Court's ECF/ECM electronic filing system which will automatically notify all participants to said system including the US Trustee at ustregion21.hr.ecf@usdoj.gov and the following "Standard Parties". Movant further certifies that notice of this motion has been made via regular mail on this same date to the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims. Pursuant to Case Management and Administrative Procedures, "Standard Parties" receiving notice via the Court's ECF/ECM court noticing system are:

(a) Chambers of the Honorable Laura Taylor Swain
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(b) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR   00901-1922

(c) Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn: Carlos Saavedra, Esq. at Carlos.Saavedra@aafaf.pr.gov
Rocío Valentín, Esq. at Rocio.Valentin@aafaf.pr.gov

(d) Counsel for AAFAF:

O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
Attn: John J. Rapisardi, Esq.
Suzzanne Uhland, Esq.
Peter Friedman, Esq.
Nancy A. Mitchell, Esq.
Maria J. DiConza, Esq.
E-Mail: jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com
mitchelln@omm.com
mdiconza@omm.com

Marini Pietrantoni Muñiz LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, PR 00917
Attn: Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.
Ivan Garau-Gonzalez, Esq.
E-Mail: lmarini@mpmlawpr.com
cvelaz@mpmlawpr.com
igarau@mpmlawpr.com

(e) Counsel for the Oversight Board:

Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
Attn: Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
Brian S. Rosen
E-Mail: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com
brosen@proskauer.com

O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Attn: Hermann D. Bauer, Esq.
E-Mail: Hermann.bauer@oneillborges.com

(f) Counsel for the Creditors Committee:

Paul Hasting LLP
200 Park Avenue
New York, New York 10166
Attn: Luc. A. Despins
James Bliss
James Worthington
G. Alexander Bongartz
E-Mail: lucdespins@paulhastings.com
Jamesbliss@paulhastings.com
Jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Attn: Juan J. Casillas Ayala
Diana M. Battle-Barasorda
Alberto J. E. Añeses Negrón
Ericka C. Montull-Novoa
E-Mail: jcasillas@cstlawpr.com
dbattle@cstlawpr.com
aaneses@cstlawpr.com

7

(g) <u>Counsel for the Retiree Committee</u>:
Jenner & Block LLP
919 Third Avenue
New York, New York 10022
Attn:   Robert Gordon
         Richard Levin
         Catherine Steege
E-Mail: rgordon@jenner.com
       rlevin@jenner.com
       csteege@jenner.com

emontull@cstlawpr.com

Bennazar, García & Milián, C.S.P.
Edificio Union Plaza PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan, Puerto Rico 00918
Attn:   A.J. Bennazar-Zequeira
E-Mail: ajb@bennazar.org

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 25th day of November 2020.

**LANDRAU RIVERA & ASSOC.**
Attorneys for Landlord
AGM Properties Corporation
PO Box 270219
San Juan, PR 00927-0219
Tel. (787) 774-0224

*s/ Noemí Landrau Rivera*
USDC PR No. 215510
nlandrau@landraulaw.com