**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 15178, 15180 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS<br><br>Re: ECF No. 2296, 2298 |

**CERTIFICATE OF NO OBJECTION REGARDING OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR ORDER (A) APPROVING PREPA'S REJECTION OF CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

1. On November 17, 2020, the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), through the Financial Oversight and Management Board for Puerto Rico (the "FOMB" or "Oversight Board") as PREPA's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), filed the *Omnibus Motion of Puerto Rico Electric Authority for Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15178 in Case No. 17-3283 and ECF No. 2296 in Case No. 17-4780] (the "Motion")[2] and *Notice of PREPA's Omnibus Motion for Order (A) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15180 in Case No. 17-3283 and ECF No. 2298 in Case No. 17-4780] (the "Notice of Motion").

2. The Motion sought approval for PREPA's rejection of various power purchase and operating agreements ("PPOAs") for renewable energy generation projects, including seven (7) PPOAs (the "Windmar PPOAs") with Windmar Renewable Energy, Inc. and Windmar Renewable Energy, LLC (collectively, "Windmar"), one (1) PPOA (the "M Solar PPOA") with M Solar Generating, LLC ("M Solar"), and one (1) PPOA (the "YFN Yabucoa PPOA") with YFN Yabucoa Solar, LLC ("YFN Yabucoa") for renewable energy generation projects.

3. Of these PPOAs, (i) two (2) Windmar PPOAs are currently operational (the "Operational PPOAs"), (ii) four (4) Windmar PPOAs are non-operational and have been terminated pursuant to termination notices issued on April 23, 2020 (the "Terminated PPOAs"), and (iii) three (3) PPOAs (the "Non-Operational PPOAs," and together with the Operational PPOAs and the Terminated PPOAs, the "Rejected PPOAs"), one with each of Windmar, M Solar,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

and YFN Yabucoa, are non-operational but not yet terminated because, until recently, they were the subject of renegotiation efforts with Windmar, M Solar, and YFN Yabucoa.

4. Responses or objections, if any, were to be filed and served no later than November 24, 2020.

5. On November 24, 2020, the Oversight Board filed the *Urgent Consensual Motion for Extension of Certain Deadlines in Connection with Omnibus Motion of Puerto Rico Electric Authority for Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15234 in Case No. 17-3283 and ECF No. 2307 in Case No. 17-4780] (the "Extension Motion"). The Court granted the Extension Motion the same day. *See Order Granting Urgent Consensual Motion for Extension of Certain Deadlines in Connection with Omnibus Motion of Puerto Rico Electric Authority for Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15265 in Case No. 17-3283 and ECF No. 2309 in Case No. 17-4780] (the "Extension Order").

6. The Extension Order extended the objection deadline for the Windmar Operational PPOAs, as well as the M Solar PPOA and YFN Yabucoa PPOA.

7. The objection deadline remained unchanged for five (5) Windmar PPOAs (the Terminated PPOAs and Windmar's Non-Operational PPOA, collectively the "Unopposed Windmar PPOAs"), because Windmar indicated that it would not object to PREPA's rejection of these five (5) PPOAs and expressly did not seek an extension of the briefing and hearing deadlines in connection with the Motion with regard to the Unopposed Windmar PPOAs.

8. According to this Court's *Thirteenth Amended Case Management Procedures* [ECF No. 13512-1] (the "Case Management Procedures") the Court may enter an order granting a

3

request for relief without a hearing upon receipt of a certificate of no objection ("CNO", as defined by the Case Management Procedures). *See* Case Management Procedures, III.P.

9. In accordance with the Case Management Procedures, the undersigned hereby certifies that this CNO is filed not less than forty-eight (48) hours after the expiration of the Objection Deadline. The undersigned further certifies that counsel for the Oversight Board has reviewed the Court's docket in the above-captioned cases not less than forty-eight (48) hours after expiration of the Objection Deadline, and, to the best of counsel's knowledge, no applicable objection, responsive pleading, or request for a hearing with respect to the Unopposed Windmar PPOAs appears on the docket.

**WHEREFORE** PREPA respectfully requests the Court enter the amended proposed order attached hereto as **Exhibit A**.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: November 30, 2020<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Paul V. Possinger*<br>Martin J. Bienenstock *(admitted pro hac vice)*<br>Paul V. Possinger *(admitted pro hac vice)*<br>Ehud Barak *(admitted pro hac vice)*<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>ppossinger@proskauer.com<br>ebarak@proskauer.com<br><br>*Attorneys for the Financial*<br>*Oversight and Management Board*<br>*as representative for PREPA*<br><br>**LUIS F. DEL VALLE-EMMANUELLI**<br><br>By: */s/ Luis F. del Valle-Emmanuelli*<br>By: Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br><br>*Attorney for the Financial Oversight and*<br>*Management Board as representative of PREPA* |

5

**Exhibit A**

**Amended Proposed Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.³ | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>No. 17 BK 4780-LTS |

**[PROPOSED] ORDER GRANTING OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR (A) APPROVAL OF ITS REJECTION OF CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) <u>RELATED RELIEF</u>**

---

³ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon *PREPA's Omnibus Motion for Order (A) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 15178 in Case No. 17-3283 and ECF No. 2296 in Case No. 17-4780] (the "Motion")[4] and the *Certificate of No Objection Regarding PREPA's Omnibus Motion for Order (A) Approving PREPA's Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. XXXXX in Case No. 17-3283 and ECF No. XXXX in Case No. 17-4780] (the "CNO"); and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the rejection of the Unopposed Windmar PPOAs (as defined in the CNO) being based on sound business justifications, and the relief requested in the Motion being in the best interests of PREPA, its creditors, its customers, and other parties in interest; and PREPA having provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA's rejection of the Unopposed Windmar PPOAs listed on **Exhibit B** attached to the CNO is approved.

---

[4] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Document Page 9 of 10

3. Any claims based on the rejection of the Unopposed Windmar PPOAs, if any, must be filed on or before 4:00 p.m. (Atlantic Standard Time) on the first business day thirty-five (35) calendar days after the entry of the Order by the Court authorizing such rejection.

4. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. PREPA and the Oversight Board, as PREPA's sole Title III representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

6. The Court shall retain jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020

_____
Honorable Laura Taylor Swain
United States District Judge

3

## Exhibit B

## List of Unopposed Windmar PPOAs

**Non-Operating (Not Terminated)**:

1. Renewable Power Purchase and Operating Agreement between Windmar Renewable Energy, LLC and PREPA, dated February 23, 2012, No. 2012-P00080 (Santa Rosa).

**Non-Operating (Terminated)**:

1. Renewable Power Purchase and Operating Agreement between Windmar Renewable Energy, LLC and PREPA, dated March 16, 2012, No. 2012-P00095;

2. Renewable Power Purchase and Operating Agreement between Windmar Renewable Energy, LLC and PREPA, dated November 23, 2011, No. 2012-P00049;

3. Renewable Power Purchase and Operating Agreement between Windmar Renewable Energy, LLC and PREPA, dated February 23, 2012, No. 2012-P00079; and

4. Renewable Power Purchase and Operating Agreement between Windmar Renewable Energy, LLC and PREPA, dated November 23, 2011, No. 2008-AI0066.