# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | NO. 17-BK-3283 (LTS)<br><br><br>PROMESA TITLE III |

### ANSWER BY GARCIA RUBIERA CLASS PLAINTIFFS TO THE LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF COMMONWEALTH OF PUERTO RICO PURSUANT TO BANKRUPCTY CODE SECTION 365

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

**COMES NOW** the certified García Rubiera Class Plaintiffs in the present litigation, (the "Class"), represented by the undersigned counsel and respectfully submits its answer to the limited objection of Official Committee of Unsecured Creditors to the Motion of Commonwealth of Puerto Rico requesting the approval of its assumption of settlement agreements with the Class.

On November 17, 2020, the Commonwealth of Puerto Rico pursuant Section 365 of the Bankruptcy Code moved this Honorable Court for entry of an order approving the assumption of the settlement agreements with the Class. It based its motion on the proposition that the settlement agreements were executory contracts and under Section 365 of the Bankruptcy Code applicable in this Title III case pursuant to PROMESA Section 301(a) the debtor may assume or reject an executory contract such as the settlement agreements in the exercise of debtor's sound business judgment.

On November 25, 2020, the Official Committee of Unsecured Creditors filed a limited

1

objection opposing said motion on the grounds that the settlement agreements with the Class Plaintiffs were not executory contracts within the scope of Section 365 of the Bankruptcy Code. The Class hereby presents its response to said objection.

## A. PRIOR PROCEEDINGS

After a long protracted litigation before the Commonwealth and United States courts, including various appeals to the US First Circuit Court of Appeals and the Supreme Court of Puerto Rico, the Class and the Commonwealth entered into Settlement Agreements on February 29, 2016 before the Commonwealth Court and on March 29, 2016 in the federal court. In substance, they provided for the return to the Class members the reimbursement of duplicate premiums paid by them for the compulsory vehicle insurance premiums established by law that were in possession of the Commonwealth of Puerto Rico's Secretary of the Treasury. The stipulation provided for the return of the duplicate premiums paid to those who applied for, within a period after the execution of the stipulation. The settlement agreements also provided for attorney's fees for Plaintiff's counsel.

Before the stipulation could be implemented, the Commonwealth, by and through the Financial Oversight and Management Board for Puerto Rico, filed a petition under Title III of PROMESA. As a result, all litigation against the Commonwealth was stayed.

On February 7, 2018, the Class filed a motion requesting relief of stay under Section 362(d)(1) of the Bankruptcy Code seeking relief from the automatic stay and the enforcement of the settlement agreements that had been entered previously. Two months later, this Honorable Court entered an order denying relief to the Class as to the reimbursement of the funds, although it allowed the implementation of the notice and claims submissions and review process. The Class appealed said ruling and in September 2019, the First Circuit Court of Appeals issued its ruling in

Gracia Gracia v. The Fin. Oversight and Management Board for Puerto Rico, 939 F. 3d. 340 (1st Cir 2019) affirming in part the ruling of this Honorable Court, but reversing the denial of the stay with respect to the reimbursement of the premiums claimed for the years 2006-2010, which amounted to $76.1 million and which were segregated and held in trust by the Secretary of the Treasury for the benefit of the vehicle owners who had paid duplicate premiums for said period.

The First Circuit Court of Appeals remanded the case to this Honorable Court to adjudicate the issue of the property interest of the parties in the funds and then apply the relevant In Re Sonnax[1] factors in order to reach the conclusion as to whether the lift of stay should be granted. The Class had moved under Section 362(d)(1) to obtain the lift of stay which requires cause, including the absence of adequate protection. The First Circuit Court of Appeals considered that moving under said Subsection required the weighing of factors analyzed in In Re Sonnax. Nevertheless, the Court of Appeals expressed that Class could have moved under Section 362(d)(2), which only requires that the movant show that the debtor did not have a property interest in a disputed property and that such property was not necessary for an effective reorganization of debtor. The Court added that the Class, upon remand, was not prevented from moving under said Section to obtain remedy, as it was not inconsistent to proceed under both sections.

After the mandate was issued, the Commonwealth filed a Title III plan of adjustment that included assuming the settlement agreements at the effective date of the plan of adjustment. The adjustment plan was filed on February 8, 2020, which did not alter the treatment of Plaintiffs claims and proposed the assumption of the settlement agreements.

On October 15, 2020, the Commonwealth filed a Stipulation Resolving Motion Requesting Relief of Stay Under 362(d)(1) proposing the terms of the resolution of the lift of stay, including

---

[1] In re Sonnax Industries, Inc., 9907 F.2d 1280 (2d Cir. 1990)

the filing of a motion to assume the settlement agreements in the Commonwealth Title III Case. And on November 17, 2020 filed a motion for entry of the proposed order pursuant Bankruptcy Code Section 365 approving the Commonwealth's assumption of the settlement agreements.

The objection by the Official Committee of Unsecured Creditors followed on November 25, 2020.

## B. THE ISSUE PRESENTED

The question presented before this Honorable Court is whether in light of the opinion of the First Circuit Court of Appeals with respect to the segregated funds held under trust by the Secretary of the Treasury, the assumption of the executory settlement agreements under Section 365 of the Bankruptcy Court was an exercise of sound business judgment on the part of debtor.

After the last opinion of the First Circuit Court of Appeals in the García Rubiera case in September 2019, the Commonwealth could have continued to oppose the Class' motion for lift of stay which the Class could also base on Section 362(d)(2) of the Bankruptcy Code. The Commonwealth chose instead, as a solution to the long-protracted litigation, the assumption of the settlement agreements. For the Class, the alternative chosen by the Commonwealth was not objectionable, as it also saved time and costs in the almost a 20-year litigation saga.

Learned counsel for the Commonwealth were surely aware of the alternatives and their practicality. The Class will not enter into an analysis of whether the settlement agreements were executory. Certainly, the Commonwealth, who undertook said initiative, must have explored said matter in full and can explain it fully.

Nevertheless, assumption of the settlement agreements, as argued by the Commonwealth, will put an end to this long litigation and the Class, after 20 years of litigation would dearly like to see an end to this matter as well. Assumption of the settlement agreements is the most practical

avenue chosen by the Commonwealth. The probability that the segregated funds for the years 2006 to 2010 could be found to be in trust for the Plaintiffs and that such finding might have been painted on the wall may have weighed on the practical decision taken by the Commonwealth.

The Official Committee of Unsecured Creditors based its opposition on the false premise that the Class and the creditors they represent are merely unsecured creditors. The truth is otherwise as may have been intimated by the First Circuit Court of Appeals and giving remedy as this stage to the Class is consistent with its different status. It is the Class' position that should this Honorable Court refuses to approve the assumption of the settlement agreements, the proceedings should continue to adjudicate the lift of stay at the earliest along the lines delineated by the First Circuit Court of Appeals opinion in García Rubiera.[2]

**RESPECTFULLY SUBMITTED**

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 2, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties in the Master Service List.

In San Juan, Puerto Rico, December 2, 2020.

*s/ Antonio J. Amadeo Murga*
USDC-PR No. 110103
A.J. AMADEO MURGA LAW OFFICES
605 Condado, Ave.
Suite 518
San Juan, PR 00907
Tel. (787)764-0893
ajamadeo@gmail.com

*s/ Mario M. Oronoz Rodríguez*
USDC-PR No. 120606
ORONOZ & ORONOZ
Urb. Torrimar, K-4 Bambú St.
Guaynabo, PR 00966-3109
Tel. (787)294-5255
mmo@oronozlaw.com

---

[2] In such hearing, the Plaintiffs Class may proceed under Section 362(d)(2) of the Bankruptcy Code, which merely requires for the lift of stay, that the Class shown preliminarily that debtor does not have any equity on the property. On the other hand, the Commonwealth would have the burden to demonstrate that the property was necessary for the reorganization of its financial affairs. United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 USC 365, 375-376

5

*s/ Francisco Colón Ramírez*
USDC-PR No. 210510
COLÓN RAMÍREZ, LLC
1225 Ponce de León Ave.
VIG Tower Suite 1503
San Juan, PR 00907
Tel. (939)389-6062
fecolon@colonramirez.com