UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

ORDER GRANTING PREPA'S ASSUMPTION OF CERTAIN
RENEWABLE ENERGY POWER PURCHASE AND OPERATING AGREEMENTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon PREPA's *Motion for Order Approving PREPA's Assumption of Renewable Energy Power Purchase and Operating Agreements* (Docket Entry No. 15181 in Case No. 17-3283 and Docket Entry No. 2299 in Case No. 17-4780, the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and venue in this district being proper pursuant to section 307(a) of PROMESA; and the Oversight Board having approved under PROMESA Title III the assumption of certain power purchase and operating agreements listed on Exhibit B of the Motion between PREPA and various counterparties (the "Assumed PPOAs"), relating to the purchase of renewable energy from photovoltaic solar and wind projects located throughout Puerto Rico, each as amended as described in the Motion; and the Motion demonstrating that each Assumed PPOA and amendments thereto were entered into at arm's length and appear valid, legal, and binding obligations of PREPA, that there are no pre-petition or other cure amounts due in respect of any Assumed PPOA, that the assumption of the Assumed PPOAs is based on sound business justifications and that the relief requested in the Motion is in the best interests of PREPA, its creditors, its customers, and other parties in interest, and that each counterparty to the Assumed PPOAs has agreed it has adequate assurance of future performance by PREPA; and PREPA having provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record herein, after due deliberation thereon, the Court having found good and sufficient cause exists for the granting of the relief set forth herein,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA's assumption of the Assumed PPOAs, each as amended, is approved, the Assumed PPOAs shall be deemed assumed upon entry of this Order, along with related consents, estoppels, and ancillary agreements that may have previously been executed in connection with any of the PPOAs (collectively, the "Lender Consents"), in each case in favor of the lenders or other financiers of the energy projects which are the subject of the Assumed PPOAs.

3. The assumption of the Assumed PPOAs and Lender Consents does not give rise to any cure costs, and the assumption of the Assumed PPOAs and Lender Consents shall not result in a breach or violation of, or default under, the Assumed PPOAs and the Lender Consents.

4. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. PREPA and the Oversight Board, as PREPA's representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion and without further order of this Court.

6. The Court shall retain jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

7. This Order resolves Docket Entry No. 15181 in Case No. 17-3283 and Docket Entry No. 2299 in Case No. 17-4780.

SO ORDERED.

Dated: December 2, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge