UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

ORDER GRANTING IN PART OMNIBUS MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY FOR (A) APPROVAL OF ITS REJECTION OF CERTAIN POWER PURCHASE AND OPERATING AGREEMENTS, AND (B) RELATED RELIEF

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon *PREPA's Omnibus Motion for Order (A) Approving PREPA*'s *Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (Docket Entry No. 15178 in Case No. 17-3283 and Docket Entry No. 2296 in Case No. 17-4780, the "Motion")[2] and the *Certificate of No Objection Regarding PREPA's Omnibus Motion for Order (A) Approving PREPA*'s *Rejection of Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* (Docket Entry No. 15286 in Case No. 17-3283 and Docket Entry No. 2312 in Case No. 17-4780, the "CNO"); and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the rejection of the Unopposed Windmar PPOAs (as defined in the CNO) being based on sound business justifications, and the relief requested in the Motion being in the best interests of PREPA, its creditors, its customers, and other parties in interest; and PREPA having provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record herein, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, made applicable in this Title III Case pursuant to PROMESA section 301(a), PREPA's rejection of the Unopposed Windmar PPOAs listed on Exhibit B attached to the CNO is approved.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3. Any claims based on the rejection of the Unopposed Windmar PPOAs, if any, must be filed on or before 4:00 p.m. (Atlantic Standard Time) on the first business day thirty-five (35) calendar days after the entry of the Order by the Court authorizing such rejection.

4. Notwithstanding any applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. PREPA and the Oversight Board, as PREPA's sole Title III representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

6. The Court shall retain jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Dated: December 2, 2020

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge