**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 15186, 15200**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA") | No. 17 BK 3567-LTS<br><br>**This Objection relates to the Commonwealth and HTA and shall be filed in Case Nos. 17 BK 3283-LTS and 17 BK 3567-LTS.** |

**OBJECTION OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO MR. LUIS DUPREY-RIVERA'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO PROMESA'S SECTIONS 4,7,301(C)(3), 304(H) AND BANKRUPTCY CODE'S SECTIONS 362(B)(4), (D)(1)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

Page Number

Preliminary Statement ...................................................................................................................1

Background ....................................................................................................................................2

Objection ........................................................................................................................................3

    I.    MOVANTS HAVE FAILED TO ESTABLISH CAUSE EXISTS TO LIFT THE STAY ..................................................................................................................................3

Conclusion ...................................................................................................................................13

TABLE OF AUTHORITIES

**Cases** Page Number

*Assured Guaranty Corp., et al v. Commonwealth of P.R.*, No. 20-1931 (1st Cir. Sept. 24, 2020) ..8
*Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 939 F.3d 356, 362, 363 (1st Cir. 2019) ......................................6, 9, 14, 16
*Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) .................................................................................................................................7
*C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007) ...........................8
*City Ins. Co. v. Mego Int'l, Inc.* (*In re Mego Int'l, Inc.*),
28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) ...................................................................................14
*Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ...............................................................................................................13
*In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997)...............................6
*In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017) ............................8
*In re City of Stockton*, 484 B.R. 372, 378, 379 (Bankr. E.D. Cal. 2012)..............................11, 15
*In re Cuba Electric & Furniture Corp.*, 430 F. Supp. 689 (D.P.R. 1977)......................................9
*In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998) .....................................................10
*In re Fin. Oversight & Mgmt. Bd. for P.R.*, 899 F.3d 13, 23 (1st Cir. 2018) .................................8
*In re Financial Oversight and Management Board for Puerto Rico*, No. 17-3283 [ECF No. 14186], F. Supp., 2020 WL 5430317 (D.P.R. September 9, 2020) .........................................................8, 12
*In re Levasseur*, 737 F.3d 814, 818 (1st Cir. 2013) ....................................................................12
*In re Mu'min*, 374 B.R. 149, 162 (Bankr. E.D. Pa. 2007) .............................................................9
*In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012).........................................................................10
*In re Residential Capital, LLC*, 2012 Bankr. LEXIS 3641, at *20 (Bankr. S.D.N.Y. Aug 8, 2012) ......................................................................................................................................................13
*In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) ......................................................................................................................................11, 15
*In re Smith*, 910 F.3d 576, 580 (1st Cir. 2018) .............................................................................9
*In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009)...................................................................9
*In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993)..............................................................7
*In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016) ..............................................................................8
*Luis Duprey Rivera vs. Rubén Hernández Gregorat, et al*, Case No. GPE2012-0052 ..................5
*Matter of Garofalo's Finer Foods, Inc.*, 186 B.R. 414, 435 (Bankr. N.D. Ill. 1995)..............11, 14
*Municipality of San Juan v. Puerto Rico*, 919 F.3d 565, 576 (1st Cir. 2019).................................9
*Sonnax Indus. v. Tri Component Prods. Corp.* (*In re Sonnax Indus.*), 907 F.2d 1280, 1286 (2d Cir. 1990) ..........................................................................................................................................7, 8
*United States ex rel. Minge v. Hawker Beechcraft Corp. (In re Hawker Beechcraft, Inc.)*, 515 B.R. 416, 428 (Bankr. S.D.N.Y. 2014) ................................................................................................12

**Puerto Rico Statutes**

11 U.S.C. § 362(d)(1) ...........................................................................................................7

11 U.S.C. § 502(b)(2) .........................................................................................................11

11 U.S.C. § 523 (a) ......................................................................................................11, 12

11 U.S.C. § 944(c) ..............................................................................................................12

Section 1328 (b) of the Bankruptcy Code..........................................................................12

Section 104 (J) of PROMESA ..............................................................................................6

Section 1141 of the Bankruptcy Code ................................................................................12

Section 1192 of the Bankruptcy Code ................................................................................12

Section 1228 (a) of the Bankruptcy Code ..........................................................................12

Section 206 of PROMESA ...................................................................................................6

Section 301 (A) of PROMESA, 48 U.S.C. § 2161(a)....................................................7, 12

Section 304 (A) of PROMESA............................................................................................6

Section 315 (B) of PROMESA ............................................................................................5

Section 362(B) (4) of the Bankruptcy Code .......................................................................5

Section 362(D) (1) of the Bankuptcy Code ....................................................................5, 7

Section 727 of the Bankruptcy Code .................................................................................12

Section 944 (b) of the Bankruptcy Code............................................................................12

Section 944 (c) of the Bankruptcy Code............................................................................12

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, respectfully submits this objection (the "Objection") to *Mr Luis Duprey-Rivera's Motion For Relief From the Automatic Stay Pursuant to PROMESA's Sections 4,7,301(C)(3), 304(H) and Bankruptcy Code's Sections 362(B)(4), (D)(1)* [ECF No. 15186] (the "Motion"), filed by Luis Duprey Rivera ("Mr. Duprey") and Joe Colón Perez ("Attorney Colón" and with Mr. Duprey, "Movants"), the plaintiff and his attorney, respectively, in the case captioned *Luis Duprey Rivera v. Rubén Hernández Gregorat, et al*, Case No. GPE2012-0052 (the "Prepetition Action"), before the Puerto Rico First Instance Court (the "Commonwealth Court").[2]

## Preliminary Statement

The Motion seeks a lift of the automatic stay in order to allow Movants to collect an award of attorneys' fees issued by the Commonwealth Court in connection with the Prepetition Action. However, Movants have failed to make an initial showing that cause exists to lift the automatic stay under the factors used by courts in this Circuit to make such a determination. As shown below and among other factors, allowing Movants to pursue collection of their claim against the HTA would unduly affect its ongoing restructuring efforts and prejudice similarly situated creditors. Accordingly, HTA respectfully requests that the Motion be denied.

---

[2] The Financial Oversight and Management Board for Puerto Rico, as HTA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized AAFAF to file this Objection on behalf of HTA.

1

**Background**

1. On May 18, 2012, Mr. Duprey, represented by Attorney Colón, filed the Prepetition Action against, among others, HTA. Motion ¶ 12. Through the Prepetition Action, Mr. Duprey sought backpay as well as redress for damages suffered. *Id*.

2. In 2014, the Commonwealth Court concluded that HTA failed to comply with a judgment issued by the Puerto Rico Court of Appeals on October 30, 2009, and thus, ordered HTA to pay Mr. Duprey the amount of $132,815.00 ("Prepetition Judgment"). *Id*. ¶ 13.

3. The Prepetition Judgment was "paid […] on the merits." *Id*. ¶ 5.

4. However, on November 4, 2016, the Commonwealth Court also ordered HTA "to pay attorneys' fees, in accordance with Law No. 402-1950" (the "Attorneys' Fees Order"). *Id*. ¶ 14.

5. Pursuant to the Attorneys' Fees Order, Movants submit that HTA "is obligated to pay […] $33,203.75 directly to counsel Jose Colon Perez, plus corresponding interest from June 2012 until payment in full." *Id*. ¶ 15.

6. On May 21, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA section 304(a), commencing a case under title III thereof.

7. On November 18, 2020, Movants filed the Motion seeking relief from the automatic stay to collect the amounts owed by HTA under the Attorneys' Fees Order.

2

**Objection**

## I. MOVANTS HAVE FAILED TO ESTABLISH CAUSE EXISTS TO LIFT THE STAY

8. Movants have not established that cause exists to lift the automatic stay. An order lifting the automatic stay is an "extraordinary remedy." *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). Bankruptcy Code section 362(d)(1), made applicable by PROMESA section 301(a), 48 U.S.C. § 2161(a), provides that a court may grant relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). "Cause" is not defined in the Bankruptcy Code. *In re Unanue-Casal*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd* 23 F.3d 395 (1st Cir. 1994).

9. To determine whether "cause" exists to grant relief from the stay, the First Circuit has found that "the Sonnax factors outlined by the Second Circuit [are] a helpful guide" for determining whether "to grant[] or deny[] relief from a stay". *Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 939 F.3d 356, 362 (1st Cir. 2019) (citing *Sonnax Indus. v. Tri Component Prods. Corp.* (*In re Sonnax Indus.*), 907 F.2d 1280, 1286 (2d Cir. 1990)). These factors are:

(1) whether relief would result in complete or partial resolution of the issues;

(2) the lack of any connection with or interference with the bankruptcy case;

(3) whether the foreign proceeding involves the debtor as fiduciary;

(4) whether a specialized tribunal has been established to hear the cause of action at issue;

(5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) whether the action essentially involves third parties rather than the debtor;

(7) whether the litigation could prejudice the interest of other creditors;

(8) whether a judgment in the foreign action is subject to equitable subordination;

3

(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) the impact of the stay on the parties and the "balance of hurt."

*Id*.

10. Courts in this Circuit have adopted these "Sonnax factors." *Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-5 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016).

11. No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it. *Brigade*, 217 F. Supp. 3d at 529 n.12. Movants bear the initial burden of establishing cause. *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 899 F.3d 13, 23 (1st Cir. 2018).

12. When the movant is not a secured claimholder asserting lack of adequate protection, establishing cause entails a high burden, as "extraordinary circumstances" must be present. *In re Financial Oversight and Management Board for Puerto Rico*, No. 17-3283 [ECF No. 14186], 2020 WL 5430317 (D.P.R. September 9, 2020), *appeal docketed*, Assured Guaranty Corp., et al

4

*v. Commonwealth of P.R.*, No. 20-1931 (1st Cir. Sept. 24, 2020) (*citing In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017)).

13. Movants have not established that cause exists to lift the automatic stay. The Motion fails to show that the *Sonnax* factors counsel in favor of lifting the stay. In fact, Movants justify their request for relief from the automatic stay, based on solely on the following:

> (a) the causes of action and the filing of the complaint are prepetition as was the resolution;
>
> (b) at the time of the stay, all that remained was the payment of judgment;
>
> (c) the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the lawsuit to proceed including the payment of judgment;
>
> (d) the lifting of the automatic stay would result in a complete resolution of all the issues . . . [; and]
>
> (e) the state court's resolution of the case will not interfere with the management of the PROMESA Title III case or prejudice the interest of other creditors . . . .

Motion ¶ 37.

14. None of those factors favor granting the Motion. Instead, the relief sought by Movants amounts to impermissible preferential treatment on their potential claim. Allowing collection efforts on Movants' attorneys' fees under the Attorneys' Fees Order to proceed would undermine one of the fundamental protections of the automatic stay, which is "to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings." *Municipality of San Juan v. Puerto Rico*, 919 F.3d 565, 576 (1st Cir. 2019) (citing *In re Smith*, 910 F.3d 576, 580 (1st Cir. 2018)); *see also In re Cuba Electric & Furniture Corp.*, 430 F. Supp. 689 (D.P.R. 1977); *see also In re Mu'min*, 374 B.R. 149, 162 (Bankr. E.D. Pa. 2007) (allowing creditors to get a "head start on collection [is] precisely what

5

the Bankruptcy Code was designed to prevent so that creditors could share equally in the distribution of available assets.").

15. As further explained below, the *Sonnax* factors analysis unquestionably weigh toward maintaining the automatic stay and against the relief Movants seek:

16. ***Sonnax* Factor 1**: The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against lifting the automatic stay. The first *Sonnax* factor does not focus on the issues in the stayed litigation. If it did, the first *Sonnax* factor would always favor lifting the stay because every lawsuit eventually resolves the issues in that particular proceeding. Instead, the first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. *See Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 939 F.3d 356, 362 (1st Cir. 2019) (citing *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009)) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g., In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

17. Here, Movants do not identify any bankruptcy issue related to HTA's Title III case that would be resolved by allowing Movants to execute the Attorneys' Fees Order and collect the attorneys' fees awarded thereunder. To the contrary, allowing Movants to pursue collection efforts against HTA is in conflict with PROMESA's core purpose: "centraliz[ing] all disputes concerning property of the [Commonwealth] so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings." *Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd.*

6

*for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 939 F.3d 356, 363 (1st Cir. 2019). Therefore, the first *Sonnax* factor supports denying the Motion.

18. ***Sonnax* Factor 2**: The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—counsels heavily against lifting the stay. Movants seek relief from the automatic stay to enforce an order requiring HTA to disburse "$33,203.75 directly to counsel Jose Colon Perez, plus corresponding interest from June 2012 until payment in full." Motion ¶ 15. Allowing Movants to collect their claim would interfere with the orderly restructuring of HTA's debts by preferring one creditor over another, upending the policy in favor of centralized and efficient administration of all claims. *See Autonomous Municipality of Ponce*, 939 F.3d at 363 ("PROMESA's automatic stay provision should protect the debtor's assets from disorderly, piecemeal dismemberment outside the bankruptcy proceedings. […] Ponce correctly, and to its credit, does not argue that granting its request for stay relief would not prejudice other creditors") (citations omitted); *see also Matter of Garofalo's Finer Foods, Inc.*, 186 B.R. 414, 435 (Bankr. N.D. Ill. 1995) ("[The automatic stay] protects all creditors by ensuring that the estate will be preserved against attempts by other creditors to gain an unfair advantage with respect to the payment of claims."). Furthermore, allowing Movants to enforce the Attorneys' Fees Order (which includes payment of interest until the claim is paid in full) would undercut the Bankruptcy Code's disallowance of postpetition interest on unsecured claims. *See* 11 U.S.C. § 502(b)(2). Accordingly, that "the requested modification of the automatic stay would be limited to the fulfillment of judgment", Motion ¶ 37, does not mean that such relief would not interfere with HTA's Title III cases.

19. Thus, the second *Sonnax* factor weighs in favor of denying the Motion. *See, e.g.*, *In re Residential Capital, LLC*, No. 12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8,

7

2012) (denying lift-stay motion in part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in resolution of the Debtors' chapter 11 cases."); *In re City of Stockton*, 484 B.R. 372, 378 (Bankr. E.D. Cal. 2012) (denying lift-stay motion where it would consume the time and attention of the debtor's officers).

20. Movants' also contend that "[t]he relief sought in the [Motion] is premised on the fact that [Movants' claim] is non-dischargeable under section 523(a)(6)." Motion ¶¶ 3, 38-39. This argument misses the mark for several reasons. First, Bankruptcy Code section 523 was not incorporated by PROMESA and is thus inapplicable. *See* PROMESA § 301(a), 48 U.S.C. § 2161(a). Furthermore, section 523 is inapplicable because it addresses discharge only for individual debtors. 11 U.S.C. § 523(a) ("A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an *individual* debtor from any debt." (emphasis added)); *see also United States ex rel. Minge v. Hawker Beechcraft Corp. (In re Hawker Beechcraft, Inc.)*, 515 B.R. 416, 428 (Bankr. S.D.N.Y. 2014) (entirety of § 523 applies to individual debtors, including subsections that do not use the word "individual"). Indeed, the only exception to discharge provision incorporated in PROMESA is Bankruptcy Code section 944(c), which provides that "[t]he debtor is not discharged under [section 944(b)] from any debt—(1) excepted from discharge by the plan or order confirming the plan; or (2) owed to an entity that, before confirmation of the plan, had neither notice nor actual knowledge of the case." 11 U.S.C. § 944(c); PROMESA § 301(a).

21. Second, even if section 523(a)(6) were incorporated under PROMESA, it would not apply to Movants' claim. That exception from discharge applies to debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity". 11 U.S.C.

8

§ 523(a)(6). For this exception to apply, the First Circuit requires "a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question". *In re Levasseur*, 737 F.3d 814, 818 (1st Cir. 2013). The fact that Movants aver in conclusory fashion that the HTA's conduct in connection with the Prepetition Action was "intentional" is a far cry from meeting the necessary level of intent.

22. Third, even if Movants' claim were deemed to be exempt from discharge—which it is not—this would not mean that lifting the stay to allow for collection of the owed sums would not interfere or otherwise affect the ongoing restructuring proceedings. *See In re Financial Oversight and Management Board for Puerto Rico*, No. 17-3283 [ECF No. 14186], 2020 WL 5430317 at *7.

23. **_Sonnax_ Factor 4**: The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—does not support granting the Motion. No specialized tribunal has been established to hear the Prepetition Action or otherwise pursue collection of the attorneys' fees under the Attorneys' Fees Order. Thus, *Sonnax* factor 4 weighs in favor of denying the Motion.

24. **_Sonnax_ Factor 5:** The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of HTA has assumed any financial responsibility in connection with the payment of the attorneys' fees under Attorneys' Fees Order. Therefore, all the payment of the attorneys' fees would be borne by HTA. Thus, *Sonnax* factor 5 does not support granting the Motion.

25. **_Sonnax_ Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is

9

not based on whether third parties are involved, but rather whether the prepetition action primarily involves third parties rather than the debtor. *See In re Residential Capital, LLC*, 2012 Bankr. LEXIS 3641, at *20 (Bankr. S.D.N.Y. Aug 8, 2012) ("The court should not grant relief from the stay under the sixth *Sonnax* factor if the debtor is the main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not primarily involve *third parties*." (emphasis in original)).

26. Movants failed to show how any non-debtor parties in the Prepetition Action are the primary parties in their efforts to execute the Attorneys' Fees Order and collect the attorneys' fees awarded thereunder. *See* Motion ¶ 15. Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion. *See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the stay where debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's estate].").

27. ***Sonnax* Factor 7:** The seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—does not support granting the Motion. First, lifting the automatic stay would give Movants an unfair and undue advantage over other creditors. Payment of Movants' claim for attorneys' fees under the Attorneys' Fees Order must be addressed through a plan of adjustment for HTA in its Title III case and the claims administration process generally applicable to all other claims against HTA. Allowing Movants to proceed now would be in sharp contrast to Bankruptcy Code section 362's purpose to protect the debtor's property in order to allow for fair and similar treatment of similarly situated creditors as well as to provide the debtor

10

temporary relief while it conducts an orderly adjustment of its debts. *See Autonomous Municipality of Ponce*, 939 F.3d at 363 ("PROMESA's automatic stay provision should protect the debtor's assets from disorderly, piecemeal dismemberment outside the bankruptcy proceedings. […] Ponce correctly, and to its credit, does not argue that granting its request for stay relief would not prejudice other creditors") (citations omitted); *see also Matter of Garofalo's Finer Foods, Inc.*, 186 B.R. 414, 435 (Bankr. N.D. Ill. 1995) ("[The automatic stay] protects all creditors by ensuring that the estate will be preserved against attempts by other creditors to gain an unfair advantage with respect to the payment of claims."). Movants proffer no adequate reason that they should be prioritized over other creditors and granted such an unfair advantage, nor why the purpose of the automatic stay should be ignored in their case.

28. Second, the payment of attorneys' fees under the Attorneys' Fees Order would divert resources from HTA's overall recovery and reorganization and from the ultimate distribution to other creditors, a factor that numerous courts have recognized counsels against the lifting of a bankruptcy stay. *See*, *e.g.*, (holding that "[o]ther creditors are further prejudiced by litigation of the California Actions because such litigation will diminish the estate's assets, resulting in a smaller distribution under a chapter 11 plan of reorganization" and denying lift-stay motion); *In re Motors Liquidation Co.*, No. 09- 50026, 2010 WL 4630327, at *4 (S.D.N.Y. 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"); see also *In re City of Stockton*, 484 B.R. at 379 (declining to lift stay in part because it "will deplete the coffers of the City treasury"). Accordingly, *Sonnax* factor 7 does not support granting the Motion.

11

29. ***Sonnax* Factor 10:*** The tenth *Sonnax* factor— the interest of judicial economy and the expeditious and economical determination of litigation for the parties—weighs against granting the Motion. Because judgment has already been entered in the Prepetition Action, the "determination of litigation for the parties" has already occurred, and lifting the stay would only expedite is collection of Movants' attorneys' fees. Movants have not met their burden of showing how lifting the automatic stay would advance the interest of judicial economy, but rather, merely make the conclusory statement that "the interests of judicial economy and the expeditious and economical" resolution of the litigation warrants lifting the stay. Motion at ¶ 46. Thus, *Sonnax* factor 10 weighs in favor of denying the Motion.

30. ***Sonnax* Factor 12**: Balancing of the harms clearly favors denial of the Motion. The impact on HTA if the Motion were to be granted would outweigh any harm that Movants would suffer if the automatic stay remains in place. As previously noted, HTA would be required to disburse tens of thousands of dollars. This diversion of HTA's resources would in turn prejudice the interests of other similarly situated creditors. On the other hand, any harm Movants would suffer from delay in collection of their asserted claim is similarly shared with all of HTA's other creditors. Maintaining the automatic stay would simply preserve the status quo during the ongoing restructuring and recovery efforts under Title III.

31. Similarly, Movants' argument that "requiring exhaustion of PROMESA's procedures to collect attorney's fees would have a serious chilling effect on plaintiffs seeking redress in state court against the government upon employment violations", is unavailing in this context, in which the First Circuit has recognized that, even worthy considerations must be

12

weighed against their impact on HTA's "overall fiscal health." *Autonomous Municipality of Ponce*, 939 F.3d at 363. Thus, *Sonnax* factor 12 weighs in favor of denying the Motion.[3]

**Conclusion**

32. Movants have failed to establish cause to justify lifting the automatic stay to allow for the execution of the Attorneys' Fees Order and collection of the attorneys' fees owed under the Preparation Judgment. Accordingly, and for the foregoing reasons, the Court should deny the Motion.

Dated: December 2, 2020
San Juan, Puerto Rico

Respectfully submitted,

*/s/Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
Email: cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

---

[3] The four remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; and (11) whether the foreign proceedings have progressed to the point where parties are prepared for trial), are inapplicable to the case at bar and thus specifically not addressed.