## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------- X
                                                         :
In re:                                                   :
                                                         :
THE FINANCIAL OVERSIGHT AND                              :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                        :   Title III
                                                         :
as representative of                                     :   Case No. 17-BK-3283 (LTS)
                                                         :   (Jointly Administered)
                                                         :
THE COMMONWEALTH OF PUERTO RICO et al.,                  :   Related to ECF Nos. 14978, 15201
                                                         :
Debtors.¹                                                :
-------------------------------------------------------- X
                                                         :
In re:                                                   :
                                                         :
THE FINANCIAL OVERSIGHT AND                              :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                        :   Title III
                                                         :
as representative of                                     :   Case No. 17-BK-3566 (LTS)
                                                         :
                                                         :   Related to ECF Nos. 1000, 1022
THE EMPLOYEES RETIREMENT SYSTEM OF THE                   :
GOVERNMENT OF THE COMMONWEALTH OF                        :
PUERTO RICO,                                             :
                                                         :
Debtor.                                                  :
-------------------------------------------------------- X
```

**COMMITTEES' REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATION OF
JOHN FAITH AND ACCOMPANYING EXHIBIT FROM THE MOTION OF THE
BANK OF NEW YORK MELLON, AS FISCAL AGENT, FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 56 REGARDING *ULTRA VIRES* CHALLENGE**

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................. 3

I.    Rule 26(e) Does Not Excuse The Fiscal Agent's Failure To Disclose Mr. Faith Or The 2002 DTC Operational Arrangements.......................................................... 3

II.   The Fiscal Agent's Discovery Failures Are Neither "Substantially Justified" Nor "Harmless." ........................................................................................................ 8

     A.    The Fiscal Agent's Failure To Disclose Was Not "Substantially Justified." ......... 8

     B.    The Fiscal Agent's Failure To Disclose Was Not "Harmless." ........................... 10

III.  There Is No Justification For The Fiscal Agent's Failure To Produce The 2002 DTC Operational Arrangements. ............................................................................ 13

IV.  Striking Mr. Faith's Declaration And The 2002 DTC Operational Arrangements Is Warranted......................................................................................................... 16

CONCLUSION.............................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alves v. Mazda Motor of Am., Inc.*,
    448 F.Supp.2d 285 (D. Mass. 2006) ......................................................................16

*Am. Steel Erectors v. Loc. Union No. 7*,
    815 F.3d 43 (1st Cir. 2016) ...................................................................................4

*AVX Corp. v. Cabot Corp.*,
    251 F.R.D. 70 (D. Mass. 2008) .....................................................................12, 17

*Bern Unlimited, Inc. v. Burton Corp.*,
    95 F.Supp.3d 184 (D. Mass. 2015) ........................................................10, 12, 16

*Bogosian v. Rhode Island Airport Corp.*,
    No. CA 14–080–ML, 2015 WL 3603841 (D.R.I. June 5, 2015) ...........................16

*CMI Capital Mkt. Inv., LLC v. Gonzalez-Toro*,
    520 F.3d 58 (1st Cir. 2008) .................................................................................11

*Culhane v. Aurora Servs. of Nebraska*,
    826 F.Supp.2d 352 (D. Mass. 2011) ......................................................................6

*Diaz-Casillas v. Doctors' Ctr. Hosp. San Juan*,
    342 F.Supp.3d 218 (D.P.R. 2018) ........................................................................16

*Harriman v. Hancock Cty.*,
    627 F.3d 22 (1st Cir. 2010) .................................................................................12

*Photographic Illustrators Corp. v. Orgill, Inc.*,
    370 F.Supp.3d 232 (D. Mass. 2019) ...................................................................4, 9

*Klonoski v. Mahlab*,
    156 F.3d 255 (1st Cir. 1988) .........................................................................14, 16

*Echevarria v. Caribbean Aviation Maint. Corp.*,
    279 F.R.D. 73 (D.P.R. 2012) ...............................................................................12

*L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc.*,
    125 F.Supp.3d 1155 (D. Colo. 2015) .....................................................................4

*Lawes v. CSA Architects and Engineers LLP*,
    963 F.3d 72 (1st Cir. 2020) ...........................................................................16, 17

*Linggi v. TE Connectivity Corp.*,
17-CV-1992-SI, 2019 WL 2870825 (D. Or. July 3, 2019)....................................................13

*Lujan v. Cabana Mgt., Inc.*,
284 F.R.D. 50 (E.D.N.Y. 2012)......................................................................................4, 17

*Martino v. Kiewit New Mexico Corp.*,
600 F. App'x 908 (5th Cir. 2015) .........................................................................................6

*Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*,
248 F.3d 29 (1st Cir. 2001)..................................................................................................16

*Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Authority*,
295 F.3d 108 (1st Cir. 2002)..................................................................................................8

*Pina v. Children's Place*,
740 F.3d 785 (1st Cir. 2014)..................................................................................................5

*Plaza Carolina Mall, L.P. v. Municipality of Barceloneta*,
No. 13-1264 GAG, 2015 WL 4250852 (D.P.R. July 13, 2015) ............................................8

*Portland Nat. Gas Transmission System v. 4.83 Acres More or Less*,
230 F.3d 1347 (1st Cir. 2000)..............................................................................................12

*Rey v. Gonzalez*,
16-CV-2769, 2020 WL 4464467 (D.P.R. Aug. 4, 2020)...............................................6, 9, 15

*Shatsky v. Syrian Arab Republic*,
312 F.R.D. 219 (D.D.C. 2015)..........................................................................................6, 15

*Solis-Alarcon v. U.S.*,
514 F.Supp.2d 185 (D.P.R. 2007).........................................................................................6, 7

*Thibeault v. Square D Co.*,
960 F.2d 239 (1st Cir. 1992)................................................................................................17

*Tomashek v. Raleigh Cty. Emerg. Operating Ctr.*,
17-CV-01904, 2018 WL 1599269 (S.D. W.Va. Apr. 2, 2018)...............................................15

*Wilson v. Bradlees of New Eng., Inc.*,
250 F.3d 10 (1st Cir. 2001)..................................................................................................16

*Zampierollo-Rheinfeldt v. Ingersoll-Rand de Puerto Rico, Inc.*,
No. 15-CV-1255 (RAM), 2020 WL 881011 (D.P.R. Feb. 21, 2020) ...........................2, 4, 6, 7

**Statutes & Rules**

Fed. R. Civ. P. 26(a) ................................................................................................. *passim*

Fed. R. Civ. P. 26(e) ................................................................................................. *passim*

Fed. R. Civ. P. 37(c) ................................................................................................. *passim*

Fed. R. Civ. P. 45(a)(4) ........................................................................................... 14

**Other Authorities**

Depository Trust Corporation, Operational Arrangements (March 2020),
available at https://www.dtcc.com/legal/issue-eligibility ....................................... 13

*Restatement (Third) of Agency* (2006) ................................................................... 6

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico, the Official Committee of Unsecured Creditors of all Title III Debtors other than COFINA and PBA, and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (collectively, the "**Committees**") submit their Reply in support of the *Committees' Motion to Strike Declaration of John Faith and Accompanying Exhibit from the Motion of the Bank of New York Mellon, as Fiscal Agent, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 Regarding Ultra Vires Challenge* [Commonwealth Dkt. 14978; ERS Dkt. 1000] (the "**Motion to Strike**").

## INTRODUCTION

1.      The Fiscal Agent seeks summary judgment that its proof of claim is valid even if the ERS Bonds are *ultra vires* under the theory that the registered owner of the ERS Bonds (Cede & Co.) may enforce the bonds under UCC §8-202, 19 L.P.R.A. §1752. [ERS Dkt. 976 at 9-32.] The Fiscal Agent relies upon two sources to support the purported factual basis for its argument: the Declaration of John Faith, who is a managing director at the Depository Trust Company ("**DTC**"), and the 2002 DTC Operational Arrangements (the version that was in effect at the time the ERS Bonds were issued). [ERS Dkt. 977-10.][2]

2.      The Fiscal Agent does not dispute that—prior to filing its summary judgment motion—it *never disclosed* DTC, Mr. Faith or anyone else at DTC as individuals with discoverable information. Likewise, the Fiscal Agent does not dispute that it *never produced* the 2002 DTC Operational Arrangements even though the Fiscal Agent agreed to produce all documents related to the Fiscal Agent's "contention that the ERS Bonds are enforceable under UCC §8-202." [ERS Dkt. 1000-2 at 14.] These concessions should put an end to the matter. Federal Rule of Civil

---

[2] The Committees dispute that Cede & Co.'s "notice" is relevant and, even if it is, that DTC's notice is relevant to that inquiry. [ERS Dkt. 1004 at 37-49.]

Procedure 37(c) provides the remedy for such a failure to disclose—striking the offending material.

3.    The Fiscal Agent, however, argues there should be no penalty for its discovery violation because: (i) there are scattered references to DTC and Cede & Co. in the discovery record (although none in the context of the arguments the Fiscal Agent makes in its summary judgment briefing); and (ii) the Fiscal Agent referenced Cede & Co. in a pre-discovery filing. [ERS Dkt. 1022 at ¶¶23-25.] This argument completely ignores the Fiscal Agent's responsibilities under Rule 26 and would set a terrible precedent. Rule 26(a), by its plain terms, required the Fiscal Agent to identify every individual "likely to have discoverable information…that the disclosing party may use to support its claims or defenses," including the Fiscal Agent's UCC §8-202 argument. Fed. R. Civ. P. 26(a)(1)(A)(i). The point of the rule is to assist parties in separating the wheat from the chaff by requiring the disclosing party to affirmatively identify which individuals and entities may possess the information key to a litigant's defenses, thereby preventing "trial by ambush." *Zampierollo-Rheinfeldt v. Ingersoll-Rand de Puerto Rico, Inc.*, No. 15-CV-1255 (RAM), 2020 WL 881011, at *1 (D.P.R. Feb. 21, 2020) (quoting *Diaz-Casillas v. Doctors' Ctr. Hosp. San Juan*, 342 F.Supp.3d 218, 226 (D.P.R. 2018)). It is no argument to say, as the Fiscal Agent does, that one complies with Rule 26 so long as the mere existence of a witness can be located somewhere in the discovery record.

4.    What is more, the Fiscal Agent's failure to disclose its only witness in support of its UCC §8-202 argument, and its failure to disclose and/or produce its most heavily relied upon document (the 2002 DTC Operational Arrangements), cannot plausibly be described as "substantially justifiable." The Fiscal Agent makes no argument that it was somehow prevented from disclosing Mr. Faith or producing the DTC Operational Arrangements to the Committees

during the approximately ten months of discovery. It simply chose not to do so. Nor can the fact

that the Committees had no opportunity to depose the Fiscal Agent's only witness supporting this

argument be framed as "harmless." The Fiscal Agent has chosen precisely which facts concerning

DTC it wants to present to the Court without affording the Committees the opportunity to test

those facts through cross-examination or to discover facts from DTC that could undercut the Fiscal

Agent's arguments. This is precisely the type of litigation "ambush" that Rule 26(a) was created

to prevent. The Court should strike Mr. Faith's Declaration and the supporting 2002 DTC

Operational Arrangements as contemplated by Rule 37(c).

## ARGUMENT

### I.     Rule 26(e) Does Not Excuse The Fiscal Agent's Failure To Disclose Mr. Faith Or The 2002 DTC Operational Arrangements.

5.     Unable to argue that either Mr. Faith (or anyone at DTC) or the 2002 DTC

Operational Arrangements were disclosed prior to its summary judgment motion, the Fiscal Agent

argues that its Rule 26(a) failures are justified by Rule 26(e). That rule excuses a party from

supplementing its initial disclosures if the supplemental information has "otherwise been made

known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

6.     The Fiscal Agent argues Rule 26(e) applies here because there are a handful of

general references to DTC buried in certain documents as well as stray references to DTC in the

deposition testimony of the Bondholders' and Committees' experts. [ERS Dkt. 1022 at ¶¶8-17.]

None of these references, however, has anything to do with the issues presented in Mr. Faith's

Declaration—*i.e.*, DTC's notice (or lack thereof) of a defect in the *ultra vires* bonds. The Fiscal

Agent's argument, then, must be that Rule 26(e) applies so long as any party mentioned the

individual or entity at issue in some form at any time during the litigation. The case law, however,

rebuts the notion that Rule 26(e) condones a needle-in-a-haystack defense to a lack of disclosure.

"To satisfy the 'made known' requirement, a party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must [be] in such a form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the information was mentioned in passing is not sufficient." *L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc.*, 125 F.Supp.3d 1155, 1168-69 (D. Colo. 2015). The First Circuit is in accord with this principle and has rejected the precise argument set forth by the Fiscal Agent, holding that "the mere mention of a name in a deposition or interrogatory is insufficient to satisfy Rule 26(a)(1)(A)(i), especially where, as here, the case involves an expansive record and a multitude of individuals. The witnesses were not included in the plaintiffs' Rule 26 statement and were only referred to on a handful of occasions within a voluminous record." *Am. Steel Erectors v. Loc. Union No. 7*, 815 F.3d 43, 57 n.2 (1st Cir. 2016) (internal citations and quotation marks omitted). *See also Lujan v. Cabana Mgt., Inc.*, 284 F.R.D. 50, 72-73 (E.D.N.Y. 2012) ("[T]he mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)…Rather, to satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial") (collecting cases).

7.      This reading of Rule 26(e) is its only plausible interpretation given the purpose behind Rule 26(a) is to prevent litigation "by ambush." *Zampierollo-Rheinfeldt*, 2020 WL 881011, at *1. Indeed, as courts have repeatedly explained, "'[t]he purpose of discovery is to make a trial less a game of blindman's buff and more a fair contest with basic issues and facts disclosed to the fullest practicable extent.'" *Photographic Illustrators Corp. v. Orgill, Inc.*, 370 F.Supp.3d 232, 250 (D. Mass. 2019), *aff'd*, 953 F.3d 56 (1st Cir. 2020) (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988)). Thus, Rule 26(a) is designed precisely to *prevent* turning litigation

into a speculative hunt for potential witnesses. This purpose would be severely undermined, if not

eviscerated, if litigants could simply elect not to disclose their witnesses (and here, the Fiscal

Agent's sole witness) so long as those witnesses are referenced *somewhere* in *some* document.

8.      The purpose of Rule 26 and the need to disclose not only the existence of a witness,

but also the witness's role in the litigant's case is underscored in the one case the Fiscal Agent

cites, *Pina v. Children's Place*, 740 F.3d 785 (1st Cir. 2014). In *Pina*, at the time the defendant

filed its initial disclosures, the undisclosed witness was not relevant to the case. *Id*. at 793. The

witness only became relevant later when the plaintiff filed an amended complaint to add a

retaliatory failure to rehire claim. *Id*. While the defendant never amended its Rule 26(a)

disclosures, the witness *and* her relevance to the litigation were disclosed in a deposition when the

deponent "testified as to [the declarant's] role in the hiring process." *Id*. Given that the plaintiff

knew not only of the existence of the declarant, but also of her connection to the defendant's case,

the First Circuit affirmed the trial court's conclusion that Rule 26(e) exempted the defendant from

amending its initial disclosures. *Id.* What happened here is fundamentally different from what

occurred in *Pina*. There was zero disclosure, by the Fiscal Agent or otherwise, of the relevance of

the DTC or Mr. Faith to the Fiscal Agent's defense.

9.      What is more, many of the documents cited by the Fiscal Agent to excuse its failure

to disclose Mr. Faith or anyone else at DTC do not mention DTC at all, but instead pertain to Cede

& Co.—a separate legal entity. Mr. Faith, however, is an employee of DTC, not Cede & Co. and

Mr. Faith's Declaration is offered on behalf of DTC and focuses solely on the role of DTC in the

ERS Bond issuances and DTC's alleged lack of notice. Consequently, even if oblique references

buried in the record could satisfy Rule 26(e) (and they cannot), references to Cede & Co. could

not possibly have made Mr. Faith or DTC known to the Committees as individuals or entities with

discoverable information about the Fiscal Agent's argument that DTC's alleged lack of notice protects Cede & Co. for the purposes of UCC §8-202.[3] The Fiscal Agent makes no argument otherwise.

10.     For the same reasons, the Fiscal Agent's reliance on its pre-discovery Joinder, in which it argues that Cede & Co. (*not* DTC), is a protected party under UCC §8-202, also fails. [ERS Dkt. 1022 at ¶23.] Moreover, the Fiscal Agent provides no authority for the proposition that a pre-discovery filing can excuse the failure to disclose under Rule 26(a). Nor could it, given that Rule 26(a) requires that parties disclose "*during the discovery period*" the witnesses, documents, and categories of evidence that they intend to use to prove their case, regardless of whether that information is otherwise "publicly available" or "in the opposing party's possession." *Rey v. Gonzalez*, 16-CV-2769 (RAM), 2020 WL 4464467, at *3 (D.P.R. Aug. 4, 2020) (emphasis added); *accord Martino v. Kiewit New Mexico Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015); *Zampierollo-Rheinfeldt*, 2020 WL 881011, at *5. In fact, "[i]t is preposterous to suggest that [a party's] knowledge, however atmospheric," of "publicly available" materials excuses its adversary from disclosing those materials under Rule 26(a) if it intends to use them to support its claims or defenses. *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 226 (D.D.C. 2015).

11.     The reasoning behind these cases is aptly demonstrated here. Rule 26(a) disclosures are an inflection point in any litigation and designed to provide notice regarding what individuals

---

[3] The Court should not lose sight of the fact that there is no basis for allowing DTC's alleged lack of notice to apply to Cede & Co. In its summary judgment reply brief, the Fiscal Agent all but ignores this issue merely stating in a footnote, without analysis, that treating Cede & Co. and DTC separately "would exalt form over substance." [ERS Dkt. 1023 at 20 n.14.] The Fiscal Agent, however, cannot choose when the corporate form of third parties should be respected and when it should not. In any event, the Fiscal Agent's argument is legally backwards. Cede & Co., as nominee, is an agent for DTC. *Culhane v. Aurora Servs. of Nebraska*, 826 F.Supp.2d 352, 370 (D. Mass. 2011). While Cede & Co.'s knowledge as agent could be imputed to its principal, DTC's knowledge (or lack thereof) as principal cannot be imputed to its agent (Cede & Co.). *Restatement (Third) of Agency* §5.03, cmnt. g (2006) ("Notice of facts that a principal knows or has reason to know is not imputed downward to an agent.") Consequently, DTC's "notice" is legally irrelevant to Cede & Co.'s notice of the defective nature of the ERS Bond issuances.

and materials the opposing party anticipates relying upon to prove its claims or defenses. The rule "imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." *Solis-Alarcon v. U.S.*, 514 F.Supp.2d 185, 191 (D.P.R. 2007), *aff'd*, 662 F.3d 577 (1st Cir. 2011) (quoting Fed. R. Civ. P. 26(a), 1993 Amend. Advisory Comm. Notes). By not disclosing an individual or entity in Rule 26 disclosures, a party signals that the individual or entity is not "central" or relevant to the disclosing party's claims or defenses even if that individual or entity was previously discussed in a previous filing or other publicly available document. *Zampierollo-Rheinfeldt*, 2020 WL 881011, at *5. The Fiscal Agent plainly knows this as it included ERS in its Rule 26(a) disclosures despite the fact that the entire dispute here is whether the ERS Bonds are *ultra vires* and, if so, what that fact means for the Fiscal Agent's proof of claim.

12.     What is more, following the initial disclosures, the Fiscal Agent continued to conceal DTC's and Cede & Co.'s importance to the Fiscal Agent's UCC §8-202 defense. The Committees asked the Fiscal Agent to "[i]dentify each individual who provided information or documents relied upon or referenced in the ERS Bondholders' Response and Your Joinder." (Ex. A, Fiscal Agent's Resp. & Obj. to the First Set of Interrogatories, at 11.). In response, the Fiscal Agent identified only one individual, Alex Chang, an employee of the Fiscal Agent. (*Id*. at 12). This answer gave no clue that the Fiscal Agent was relying upon information and documents obtained from DTC.

13.     In summary, the Fiscal Agent concedes it did not disclose Mr. Faith, anyone at DTC, or the 2002 DTC Operational Arrangements prior to the filing of its summary judgment motion. Moreover, there is no plausible argument that the Committees were put on notice under Rule 26(e) that Mr. Faith, DTC, or the 2002 DTC Operational Arrangements would be relevant to

the Fiscal Agent's defense prior to the filing of the Fiscal Agent's motion for summary judgment. Given this, the only remaining question for the Court is whether these discovery failures were "substantially justified" or "harmless" under Rule 37(c).

## II. The Fiscal Agent's Discovery Failures Are Neither "Substantially Justified" Nor "Harmless."

14.     The Fiscal Agent's attempts to classify its disclosure failures as "substantially justified" and "harmless" under Rule 37(c) fail.

### A. The Fiscal Agent's Failure To Disclose Was Not "Substantially Justified."

15.     The Fiscal Agent argues that the smattering of references primarily to Cede & Co. in the discovery record gave the Fiscal Agent a "reasonable belief that it did not have a duty to supplement" and disclose its reliance on DTC and the 2002 DTC Operational Arrangements. [ERS Dkt. 1022 at ¶28.] But given that the courts consistently hold that this type of argument is insufficient for Rule 26 purposes, it cannot be that the Fiscal Agent's plainly erroneous belief rises to the level of substantial justification. After all, the First Circuit is clear that "[a] substantial justification is one that 'could satisfy a reasonable person.'" *Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Authority*, 295 F.3d 108, 117 (1st Cir. 2002). Moreover, the Fiscal Agent presents no case law that supports the position that a party's failure to know its discovery obligations is a defense to Rule 37(c) sanctions. And in this district, such an excuse is plainly insufficient. *See Plaza Carolina Mall, L.P. v. Municipality of Barceloneta*, No. 13-1264 GAG, 2015 WL 4250852, *8 (D.P.R. July 13, 2015) (finding sanctions warranted for "garden-variety carelessness" in failing to supplement).

16.     In any event, none of the Fiscal Agent's proffered justifications rise to a level of reasonableness. *First*, the Fiscal Agent provides no argument for how references to Cede & Co. in a pleading can justify the Fiscal Agent's failure to disclose DTC, a legally distinct entity. *Second*,

the Fiscal Agent argues (again, with no support) that because Mr. Faith's Declaration "contains matters that are generally acknowledged and not controverted," there was no reason for the Fiscal Agent to disclose Mr. Faith. [ERS Dkt. 1022 at ¶31.] That is inaccurate. The entire purpose of Mr. Faith's Declaration is to prove that DTC (and by extension, Cede & Co. and by further extension, the Fiscal Agent) was not on notice of the defect in the ERS Bond issuances. Although the Committees believe that such parties' notice (or alleged lack thereof) is irrelevant under UCC § 8-202,[4] if the Court disagrees, then such notice is one of the dispositive disputes between the Fiscal Agent and the Committees. The Fiscal Agent, therefore, cannot deny the Committees the opportunity to take discovery from DTC or Mr. Faith on this issue. *See Rey*, 2020 WL 4464467, at *3.

17.     What is more, even if Mr. Faith's Declaration were comprised of only innocuous facts, that still would not justify the Fiscal Agent's failure to disclose. This is because the Fiscal Agent has denied the Committees the opportunity to seek discovery from DTC or Mr. Faith and therefore denied the Committees the opportunity to discover facts the Committees may have used in their own filings. Neither the case law nor logic support the Fiscal Agent's argument that the Fiscal Agent's chosen use of the undisclosed witness and materials makes its decision to prevent the Committees from taking discovery reasonable. *See Orgill*, 370 F.Supp.3d at 250 ("The failure to disclose was not harmless either, as it left Orgill with no discovery on the [dispositive] issue").

18.     *Third*, the Fiscal Agent argues that its failure to disclose Mr. Faith is substantially justified because it allegedly "learned that Mr. Faith would be the declarant only a few days before he executed the DTC Declaration." [ERS Dkt. 1022 at ¶31.] This argument misses the point. The point is not who at DTC was chosen to submit the affidavit. The point is that the Fiscal Agent

---

[4] *See* ERS Dkt. 1004 at 36-49.

chose to use a DTC representative as its *only witness* but never disclosed that fact to the Committees. The Fiscal Agent is conspicuously silent about when it knew DTC had discoverable information or when it knew a representative of DTC would file a declaration on its behalf. In other words, even if the specific DTC declarant was not chosen until immediately prior to filing, the Fiscal Agent could have—indeed, was required to—disclose *some* person at DTC who had discoverable information as to the Fiscal Agent's UCC §8-202 defense. *See Bern Unlimited, Inc. v. Burton Corp.*, 95 F.Supp.3d 184, 200-01 (D. Mass. 2015) (post-discovery disclosure of witnesses was untimely when party should have known, during discovery, that witnesses possessed discoverable information supporting its claims).

### B. The Fiscal Agent's Failure To Disclose Was Not "Harmless."

19. The Fiscal Agent's argument that its disclosure failures were "harmless" suffers from many of the same defects that plague its other arguments. For example, the Fiscal Agent argues its failure was harmless "because the fact that Cede & Co. was the registered owner was 'known to all parties.'" [ERS Dkt. 1022 at ¶34.] Again, the identity of Cede & Co. as the record owner of the ERS Bonds is not the problem. The problem is that the Fiscal Agent is relying on DTC's alleged lack of notice in its attempt to prevail on summary judgment but never disclosed DTC nor the 2002 DTC Operational Arrangements to the Committees.

20. The Fiscal Agent also attempts to minimize the importance of Mr. Faith's Declaration and the 2002 DTC Operational Agreements to the Fiscal Agent's summary judgment motion. [*Id.* at ¶¶18-20, 35-36, 44-45.] This argument requires the Fiscal Agent to ignore reality. The Fiscal Agent's entire summary judgment brief is devoted to the premise that if the ERS Bonds are *ultra vires*, the Fiscal Agent's claim nonetheless survives because Cede & Co. is a purchaser for value and was without notice of the ERS Bonds' defect when it became the registered owner of the ERS Bonds because DTC was without such notice. [ERS Dkt. 976 at 9-24.] To try to prove

this point, the Fiscal Agent relies on Mr. Faith's Declaration, not only to lay out the Fiscal Agent's explanation of DTC's operations and relationship to the ERS Bonds [ERS Dkt. 977-10 at ¶¶4-9, 11-12], but also for the proposition that DTC was unaware of any defect in the ERS Bonds when the bonds were issued in 2008—which, in the Fiscal Agent's view, resolves the ultimate question of fact [*id.* at ¶10]. Likewise, the 2002 DTC Operational Arrangements is the only purported basis for the following propositions that go to the heart of the Fiscal Agent's UCC §8-202 arguments:

- That "[a]s a market utility, DTC does not undertake, and does not have a responsibility, to monitor or ascertain the compliance of any transactions in securities with any local, state, federal, or foreign laws or regulations thereunder." [ERS Dkt. 976 at 5.]

- That "DTC had no obligation to perform any diligence with regard to ERS's authority under the Enabling Act…" and that "DTC relied on those charged with a due diligence obligation to determine compliance with the Enabling Act." [*Id.* at 23.]

Plainly, the Fiscal Agent has (erroneously, in the Committees' view[5]) staked its case to Mr. Faith's Declaration and the 2002 DTC Operational Arrangements and its argument to minimize their importance now is unavailing.

21.    Moreover, the Fiscal Agent's argument that there is additional, uncited support elsewhere in the record for the facts to which Mr. Faith testifies fails. That is not how summary judgment works. Neither the Committees nor the Court are the oft-cited "pigs hunting for truffles" in the record, and the Fiscal Agent cannot now try to rework its summary judgment materials after the fact. *See CMI Capital Mkt. Inv., LLC v. Gonzalez-Toro*, 520 F.3d 58, 62 (1st Cir. 2008) (a party seeking summary judgment must identify the record evidence establishing its claim because trial

---

[5] As explained in the Committees' summary judgment briefing, whether or not the registered owner of the ERS Bonds (*i.e.*, Cede & Co.) had notice of the defect going to their validity is irrelevant under UCC §8-202, as only the notice (or lack thereof) of the beneficial holders matters. [ERS Dkt. 1004 at 36-47.] The Fiscal Agent, however, argues otherwise, and the Court has not yet decided the issue. As long as it remains possible that the Court could find Mr. Faith's Declaration and/or the 2002 DTC Operational Arrangements somehow relevant to the issues before the Court, the Committees will be prejudiced by the Fiscal Agent's failures to disclose.

courts are not required "to ferret through the record to discern whether any material fact is genuinely in dispute").

22.     The Fiscal Agent's failure to make the disclosures Rule 26 requires caused the Committees substantive harm. Specifically, as noted above, the Fiscal Agent's failure has prevented the Committees from testing the veracity of Mr. Faith's testimony at a deposition. The Fiscal Agent tries to minimize the harm the Committees will suffer by not being able to depose the Fiscal Agent's *only* witness, rhetorically inquiring if the Committees "really want to explore statements governing DTC's operation?" [ERS Dkt. 1022 at ¶44.] In a word, "yes", if the Court determines such statements are relevant. In particular, the Committees would seek to depose the Fiscal Agent's witness on the topic of the interplay between the DTC's operations and the ERS Bonds.

23.     More importantly, the Fiscal Agent's argument ignores a larger problem. At the moment, all the Court has available to it regarding DTC's notice are those facts the Fiscal Agent wishes the Court to consider. Had the Committees had reason to suspect the importance the Fiscal Agent would place on DTC, the Committees would have had the opportunity to elicit facts well beyond what the Fiscal Agent has chosen to put in Mr. Faith's Declaration. On the other hand, should the Court find Mr. Faith's Declaration and supporting documentation relevant (and it should not), the Committees will be severely prejudiced by not being able to test for themselves whether Mr. Faith's testimony truly tells the whole story. In short, given the importance the Fiscal Agent places on Mr. Faith, it cannot be said that the Fiscal Agent's failure is harmless. *See, e.g., Harriman v. Hancock Cty.,* 627 F.3d 22, 31 (1st Cir. 2010) (untimely disclosure not harmless because opposing party could not take discovery of newly raised issues) (collecting cases); *Portland Nat. Gas Transmission System v. 4.83 Acres More or Less*, 230 F.3d 1347, 2000 WL

1425761, at *3 (1st Cir. 2000) (unpub.) (same); *Bern Unlimited*, 95 F.Supp.3d at 201 (same);

*Echevarria v. Caribbean Aviation Maint. Corp.*, 279 F.R.D. 73, 76 (D.P.R. 2012) (same); *AVX*

*Corp. v. Cabot Corp.*, 251 F.R.D. 70, 78-79 (D. Mass. 2008) (same).

24.    Finally, the Fiscal Agent appears to argue that because the Committees do not

believe the challenged materials are relevant, they should be required to take the risk that the Court

might disagree. [ERS Dkt. 1022 at ¶43.] The Fiscal Agent, of course, provides no support for this

Hobbesian choice and there is none. While the Committees agree that their Motion to Strike will

become moot if the Court determines that the challenged documents are irrelevant, that cannot

make what is an obvious and blatant disclosure violation harmless under Rule 37 *in advance of* the

Court making its substantive ruling. *See Linggi v. TE Connectivity Corp.*, 17-CV-1992-SI, 2019

WL 2870825, at *7 n.3 (D. Or. July 3, 2019).

### III.    There Is No Justification For The Fiscal Agent's Failure To Produce The 2002 DTC Operational Arrangements.

25.    In addition to the Fiscal Agent's Rule 26(a) failures, the Fiscal Agent also failed to

produce the 2002 DTC Operational Arrangements, which is attached to Mr. Faith's Declaration,

and cited throughout the Fiscal Agent's motion for summary judgment. The Fiscal Agent does not

dispute that this document is directly responsive to the Committees' document requests. Instead,

the Fiscal Agent argues that the Committees have no basis to object to the Fiscal Agent's failure

to produce the 2002 DTC Operational Arrangements because it was "filed with the SEC" and thus

publicly available. [ERS Dkt. 1022 at ¶29a.] While it is possible that the 2002 DTC Operational

Arrangements was at one time publicly available, it no longer is as it has been superseded by an

updated form. [*See* Depository Trust Corporation, Operational Arrangements (March 2020),

available at https://www.dtcc.com/legal/issue-eligibility.] The Committees have been unable to

locate a publicly available version of the 2002 DTC Operational Arrangements. Apparently,

neither has the Fiscal Agent, as it only cites to a press release stating the document was submitted to the SEC and relies on Mr. Faith's Declaration to introduce the document into the record. [ERS Dkt. 1022 at ¶11.] Not surprisingly, the Fiscal Agent provides no support that a party is substantially justified in not producing a requested document because it was at one time (but not at the time of the request) publicly available.

26.     What is more, the Fiscal Agent's response raises more issues than it resolves. If the 2002 DTC Operational Arrangements was not in the Fiscal Agent's possession [ERS Dkt. 1024 at ¶13] and if the document was not publicly available, then it would appear that the Fiscal Agent obtained the document from DTC [*id.* at ¶15]. If so, then the Fiscal Agent affirmatively sought out the 2002 DTC Operational Arrangements to support is defense, yet neither informed the Committees nor produced the document that the Fiscal Agent plainly believed is central to its defense. This too would be a discovery violation whether or not the Fiscal Agent procured the 2002 DTC Operational Arrangements through a subpoena. *See, e.g.,* Fed. R. Civ. P. 45(a)(4) (before service of a third party subpoena, "notice and a copy of the subpoena must be served on each party" to the litigation); *Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1988), superseded on other grounds, *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008) ("Rule 26 provides no exception for documents found after discovery deadlines have passed. To the extent the rules contemplate additional material that a party finds after it has provided discovery to the other side, the rules require prompt supplementation of its additional material so the opposing party is not misled by the original discovery responses as the opposing party prepares its case for trial."). The continued murkiness surrounding how the Fiscal Agent procured Mr. Faith's Declaration and the 2002 DTC Operational Arrangements only highlights why the Declaration and this document should be stricken.

27.     Even if the 2002 DTC Operational Arrangements was publicly available, that still would not excuse the Fiscal Agent's failure to produce it given that the Fiscal Agent never identified the 2002 DTC Operational Arrangements. A party is only relieved of its obligation to produce a responsive, relevant document that is publicly available if the opposing party is aware of the document's relevance to the litigation. *See Rey*, 2020 WL 4464467, at *3 (litigants are not required to "'scour the public domain' for information the opposing party could potentially use against them throughout litigation," and instead are entitled to rely on the opposing party's mandatory disclosures to focus the issues); *Shatsky*, 312 F.R.D. at 223–24 (rejecting narrow reading of mandatory disclosure obligation that would require litigants "to scour the public domain for nuggets of information that their adversaries could potentially use against them—a task that is as Herculean as it is nonsensical"). Because the Fiscal Agent did not suggest in discovery that the 2002 DTC Operational Arrangements would be relevant to any of its claims or defenses until it filed its summary judgment motion, the Committees had no reason to believe that the document was relevant to the issues in dispute. In addition, the Committees were not required to search through "an ever-increasing universe of public data" to find materials that the Fiscal Agent might use to support its claims, especially where those materials were not mentioned in the Fiscal Agent's mandatory disclosures and appear to no longer be readily available. *Id.* at 224.

28.     Finally, the Fiscal Agent notes that in a single paragraph of Dr. Hildreth's report, he refers to the 2002 DTC Operational Arrangements. [ERS Dkt. 1022 at ¶14.] The Fiscal Agent does not even attempt to explain how this could absolve the Fiscal Agent from producing the document given that Dr. Hildreth is an expert proffered by the *Bondholders*, not the Fiscal Agent, and the Bondholders do not rely upon either DTC or Cede & Co.'s alleged lack of notice to support their UCC §8-202 defense. *See Tomashek v. Raleigh Cty. Emerg. Operating Ctr.*, 17-CV-01904,

2018 WL 1599269, at *3 (S.D. W.Va. Apr. 2, 2018) ("*Each* party is required to make their *own*

disclosures under Rule 26, and the defendants' failure to make their disclosures constitutes dilatory

action") (emphasis added); *accord Diaz-Casillas v. Doctor's Ctr. Hosp. San Juan*, 342 F.Supp.3d

218, 229-31 (D.P.R. 2018).

## IV.    Striking Mr. Faith's Declaration And The 2002 DTC Operational Arrangements Is Warranted.

29.    Where, as here, a party's failure to disclose and/or produce is neither substantially

justified nor harmless, that is the end of the matter, and Rule 37's baseline sanction of striking the

offending documents should be applied as a matter of course. *Wilson v. Bradlees of New Eng.,

Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) (exclusion of wrongfully withheld evidence is "near

automatic" and "self-executing"); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y

Beneficiencia de P.R.*, 248 F.3d 29, 33-35 (1st Cir. 2001); *Klonoski*, 156 F.3d at 269; *Bern

Unlimited*, 95 F.Supp.3d at 200.

30.    The Fiscal Agent incorrectly argues that the Committees bear the burden of proof

that the sanction is warranted. [ERS Dkt. 1022 at ¶40.] Where a party has failed to comply with

its Rule 26 disclosure obligations, "it is the obligation of the party facing sanctions for belated

disclosure to show that its failure to comply with the Rule was either justified or harmless." *Wilson*,

250 F.3d at 21; *accord Alves v. Mazda Motor of Am., Inc.*, 448 F.Supp.2d 285, 293 (D. Mass.

2006). If the offending party does not meet that burden, no further inquiry is required. *Wilson*, 250

F.3d at 20-21. The Fiscal Agent's reliance on *Bogosian v. Rhode Island Airport Corp.*, which did

not involve Rule 37(c) is therefore misplaced. No. CA 14–080–ML, 2015 WL 3603841, at *2

(D.R.I. June 5, 2015).

31.    So too is the Fiscal Agent's reliance on *Lawes v. CSA Architects and Engineers

LLP*, where the First Circuit, based on facts demonstrably different than those present here, held

that a party's failure to supplement its expert report on certain discrete portions of that report did not warrant preclusion of the expert's testimony, which would have resulted in dismissal of the plaintiff's entire case. 963 F.3d 72, 91-92 (1st Cir. 2020). The First Circuit's analysis of the unique facts of the case is robust but can be summarized as follows: "[the plaintiff's] pretrial disclosures and relevant excerpts from [the plaintiff's expert's] depositions…gave [defendant] more than sufficient notice of [the expert's challenged] opinions." *Id*. at 93. Consequently, the defendant "was neither surprised nor prejudiced." *Id*. Thus, at most, *Lawes* stands for the proposition that when a Rule 26 violation neither surprises nor prejudices the opposing party, preclusion that results in *de facto* dismissal is not appropriate. The Fiscal Agent, however, does not have any authority for the proposition that where the offending party does not meet Rule 26(e)'s safe harbor (such as here) that preclusion of the undisclosed testimony and documents is inappropriate.

32.     Finally, the Court should reject the Fiscal Agent's invitation for "leave to resubmit any statements of undisputed facts in its SUF affected" by any order striking the Fiscal Agent's submissions. [ERS Dkt. 1022 at ¶51.] Discovery violations should not be rewarded by giving the offending party a second bite at the apple. *See Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir. 1992). Indeed, "[i]f continuances were granted as a matter of course for violations of Rule 26(e) [to permit a party to remedy their non-disclosure], the rule could always be disregarded with impunity." *Id.*; *see also AVX*, 251 F.R.D. at 79-80 (undisclosed evidence excluded because granting a continuance to allow offending party to remedy non-disclosure would require reopening discovery and delaying the case); *Lujan*, 284 F.R.D. at 71 (same). If the Court were to permit the Fiscal Agent leave to resubmit, it should also give the Committees the opportunity to depose Mr. Faith and a corporate representative from Cede & Co. The Committees, however, submit that the better path given how long these matters have been pending is for the Court to simply order what

Rule 37(c) already provides as the baseline and strike Mr. Faith's Declaration and the 2002 DTC

Operational Arrangements. This will prevent further delay and expense and allow the Court to rule

on the motions for summary judgment where briefing has concluded.

## CONCLUSION

Nothing in the Fiscal Agent's brief rebuts the fact that the Fiscal Agent failed to honor its

discovery obligations in connection with the Declaration of John Faith and the attached 2002 DTC

Operational Arrangements. Consequently, the Court should strike these materials in accordance

with Rule 37(c) of the Federal Rules of Civil Procedure and grant such other relief as may be just.

Dated: December 3, 2020  
San Juan, Puerto Rico

*/s/ Robert D. Gordon*  
JENNER & BLOCK LLP  
Robert Gordon (admitted *pro hac vice*)  
Richard Levin (admitted *pro hac vice*)  
919 Third Ave  
New York, NY 10022-3908  
rgordon@jenner.com  
rlevin@jenner.com  
212-891-1600 (telephone)  
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)  
Melissa Root (admitted *pro hac vice*)  
Landon Raiford (admitted *pro hac vice*)  
353 N. Clark Street  
Chicago, IL 60654  
csteege@jenner.com  
mroot@jenner.com  
lraiford@jenner.com  
312-222-9350 (telephone)  
312-239-5199 (facsimile)

- and –

*/s/ A.J. Bennzar-Zequeria*  
BENNAZAR, GARCÍA & MILIÁN, C.S.P  
A.J. Bennazar-Zequeira  
Héctor M. Mayol Kauffmann  
Francisco del Castillo Orozco  
Edificio Union Plaza,

18

1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for the Official Committee of
Retired Employees of Puerto Rico*

- and –

/s/ *Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
2050 M Street NW
Washington, D.C. 20036
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors for all Title III Debtors (other than COFINA
and PBA)*[6]

- and –

/s/ *Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR
306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433

---

[6] As it relates to the Committee's Omnibus Claims Objection at Commonwealth Dkt. 5580.

jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors for all Title III Debtors (other than COFINA
and PBA)*[7]

- and –

*/s/ John Arrastia*
GENOVESE JOBLOVE & BATTISTA, P.A.
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee
of Unsecured Creditors*[8]

- and –

*/s/ Sunni Beville*
Sunni P. Beville, Esq. (*pro hac vice*)
Tristan G. Axelrod, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and
Management Board, acting through the
members of the Special Claims Committee*

---

[7] As it relates to the Committee's omnibus claims objections at Commonwealth Dkts. 5580 and 5586 and Adversary
Proceeding Nos. 19-356, 19-357, and 19-361.

[8] As it relates to Adversary Proceeding Nos. 19-356, 19-357, 19-359, and 19-361.

- and –

*/s/ Kenneth Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and
Management Board, acting through the members
of the Special Claims Committee*