# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

----------------------------------------------------------------

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

    Debtor.

------------------------------------------------------------------- X

PROMESA
Title III

Case No. 17-BK-03283 (LTS)

PROMESA
Title III

Case No. 17-BK-03566 (LTS)

## THE FISCAL AGENT'S RESPONSES AND OBJECTIONS TO THE
## FIRST SET OF INTERROGATORIES OF THE COMMITTEES AND
## GOVERNMENT PARTIES TO THE FISCAL AGENT RELATED TO
## <u>THE ULTRA VIRES PROCEEDINGS</u>

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK- 4780) (Last Four Digits of Federal Tax ID: 3747).

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and Federal Rules of Civil Procedure 26 and 33 incorporated therein, made applicable to this proceeding by 48 U.S.C. § 2170, and in connection with the *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [ECF No. 5580 in Case No. 17-bk-03283] and the *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds Against ERS and the Commonwealth* [ECF No. 6482 in Case No. 17-bk-03283], The Bank of New York Mellon, as fiscal agent, secured creditor of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (the "Fiscal Agent"), hereby submits the following Responses and Objections to those portions of the First Set of Interrogatories to the Fiscal Agent from the Committees and Government Parties, dated November 1, 2019 ("Interrogatories") that relate to the Ultra Vires issue.[2]  The Fiscal Agent further reserves its right to supplement, amend, or modify these objections and responses as necessary.

## GENERAL OBJECTIONS

1.      These General Objections are applicable to and incorporated into each and every individual response that the Fiscal Agent makes to the Interrogatories, whether or not restated in response to any particular request.  The Fiscal Agent's responses are made without waiving, or intending to waive, these General Objections, and the Fiscal Agent specifically reserves all of its other objections.

---

[2] On November 12, 2019, the Committees and Government Parties identified Interrogatory Nos. 1 to 22 and 26, of the interrogatories propounded on the bondholders, as relating to discovery in the Lien Scope Proceedings.  (Exhibit A).  The Fiscal Agent incorporates those designations on corresponding interrogatories herein.

2.      The Fiscal Agent's responses to the Interrogatories are not intended to be, and shall not be construed as, agreement with the Committees' and Government Parties' characterization of any facts, circumstances, or legal obligations.  To the extent any defined term or phrase is clear, the Fiscal Agent does not accept or endorse the characterization, but does not object to the defined term or phrase since its meaning is clear and any characterization is irrelevant.

3.      The Fiscal Agent's responses to the Interrogatories are made on the basis of information now known to the Fiscal Agent and are made without waiving any further objections or admitting the relevancy or materiality of any of the information requested.  Many of the Interrogatories concern facts and evidence which are principally in the possession of ERS or third parties, not the Fiscal Agent, and which are the subject of the Bondholders' pending discovery requests.  The Fiscal Agent responds to these Interrogatories on the basis of the information presently available to it, and reserves the right to amend and/or supplement its responses as additional relevant information is received in discovery.

4.      The Fiscal Agent objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations on the Fiscal Agent that are inconsistent with or exceed obligations under the Federal Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

5.      The Fiscal Agent objects to the Interrogatories to the extent they seek information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or any other applicable privilege.  The Fiscal Agent construes the

Interrogatories to seek non-privileged information, and, as such, to the extent that the Fiscal

Agent provides information, it provides information that it believes is non-privileged and

otherwise properly discoverable.  The Fiscal Agent does not intend to provide any privileged

information.  Any production of privileged material is therefore inadvertent and shall not

constitute waiver of any privilege.

6.       The Fiscal Agent objects to each and every Interrogatory to the extent it seeks

information that is not within the Fiscal Agent's possession, custody, or control.

7.       The Fiscal Agent objects to the Interrogatories to the extent that they purport to

require the Fiscal Agent to search for and provide information that is not "reasonably accessible"

as that term is generally understood.

8.       The Fiscal Agent objects to the Interrogatories to the extent that any requests are

compound, vague, overly broad, ambiguous, or written in a form that is confusing or potentially

misleading.

9.       The Fiscal Agent objects to the "Definitions" in the Interrogatories to the extent

they define terms inconsistently with or more broadly than their usage under the Federal Rules,

Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

10.      The Fiscal Agent objects to the Interrogatories to the extent that any Definition or

any Interrogatory seeks to define terms and/or characterize evidence or disputed issues in the

case.  To the extent the Fiscal Agent adopts any terms used by the Government Parties in the

Interrogatories, such adoption is limited solely to these responses.

11.      The Fiscal Agent objects to the definition of "You" and "Your" as overly broad

insofar as it extends beyond the Fiscal Agent and includes individuals and entities who have no

connection with the current litigation, and have identities separate and apart from the Fiscal

Agent, including "all persons acting on behalf of, for the benefit of, at the direction of, in exchange for compensation from, or under the control or authority of any of the foregoing."  The Fiscal Agent will construe the Interrogatories that refer to "You" and "Your" as referring exclusively to the Fiscal Agent with respect to the ERS Bonds, and disclaims any obligation to provide information from any other persons.

12.     The Fiscal Agent objects to the definition of "ERS Bonds" as confusing or potentially misleading.  The ERS Bond Resolution authorized the issuance of both senior and subordinate bonds, but only senior bonds were ultimately issued by the ERS.  The Fiscal Agent will construe the Interrogatories that utilize "ERS Bonds" as referring to Bonds as that term is defined in the ERS Bond Resolution.

13.     The Fiscal Agent objects to the definition of "ERS Enabling Act" as potentially misleading or irrelevant insofar as it refers to Act 447-1951 as it existed at any time other than in 2008 when the ERS Bonds were issued.  The Fiscal Agent will construe all references to the "ERS Enabling Act" as referring to the ERS Enabling Act as it existed at the time of the issuance of the ERS Bonds.

14.     The Fiscal Agent objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that the information sought is publicly available, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

15.     The Fiscal Agent objects to each Interrogatory to the extent it seeks information that will be the subject of, and produced in the course of, expert discovery, or otherwise concerns facts outside of the Fiscal Agent's knowledge.  The Fiscal Agent anticipates that it will offer expert testimony concerning multiple subjects related to these Interrogatories, but the Fiscal

Agent will disclose that expert testimony in accordance with the Court's scheduling order's provisions for expert discovery and does not disclose it here.

## **RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify and explain the legal bases underlying Your interpretation or understanding of the phrase "direct placement" as that term is customarily used in finance.

**Response to Interrogatory No. 1**:  The Fiscal Agent objects to this Interrogatory on the ground that it is vague and ambiguous as to the meaning of the phrase "legal bases" in the context of a question about the factual meaning of a term in an industry.  The Fiscal Agent further objects to this Interrogatory to the extent that it calls for a legal conclusion.  The Fiscal Agent further objects to this Interrogatory on the basis that the Fiscal Agent's interpretation or understanding with respect to the subject matter is not relevant because the Fiscal Agent had no role in any direct placements here.  The Fiscal Agent responds that the Fiscal Agent's "interpretation or understanding of the phrase 'direct placement' as that term is customarily used in finance" depends on the specific context in which that phrase is used.

**INTERROGATORY NO. 2:** Identify and explain the factual bases underlying Your interpretation or understanding of the phrase "direct placement" as that term is customarily used in finance.

**Response to Interrogatory No. 2**:  The Fiscal Agent objects to this Interrogatory on the basis that the Fiscal Agent's interpretation or understanding with respect to the subject matter is not relevant because the Fiscal Agent had no role in any direct placements here.  The Fiscal Agent's "interpretation or understanding of the phrase 'direct placement' as that term is customarily used in finance" depends on the specific context in which the phrase "direct placement" is used.  The factual basis for any particular interpretation is the context surrounding a particular use of the phrase.

**INTERROGATORY NO. 3:** Identify and explain the legal bases underlying Your interpretation or understanding of the phrase "colocaciones diretas de deuda" as used in the ERS Enabling Act.

**Response to Interrogatory No. 3**:  The Fiscal Agent objects to this Interrogatory to the extent that it calls for a legal conclusion.  The Fiscal Agent further objects to this Interrogatory on the ground that it misquotes from the ERS Enabling Act, which contains the phrase "colocaciones dire**c**tas de deuda."  The Fiscal Agent responds to this Interrogatory based on the correct phrase from the ERS Enabling Act, as follows:  The Fiscal Agent's interpretation of the phrase "colocaciones directas de deuda" as used in the ERS Enabling Act, and the legal bases for that interpretation, are identified and explained in the *Response of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to the Omnibus Claim Objections of the Official Committee of Unsecured Creditors and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico*, ECF No. 9012 in Case No. 17-bk-03283 (the "Claim Objection Response"), including in paragraphs 7, 20–27, and 28–41 of that document, to which the Fiscal Agent filed the "Fiscal Agent's Joinder," ECF No. 9013 in Case No. 17-bk-03283.

**INTERROGATORY NO. 4:** Identify and explain the factual bases underlying Your interpretation or understanding of the phrase "colocaciones diretas de deuda" as used in the ERS Enabling Act.

**Response to Interrogatory No. 4**:  The Fiscal Agent objects to this Interrogatory on the ground that it misquotes from the ERS Enabling Act, which contains the phrase "colocaciones dire**c**tas de deuda."  The Fiscal Agent responds to this Interrogatory based on the correct phrase from the ERS Enabling Act, as follows:  The Fiscal Agent's interpretation of the phrase "colocaciones directas de deuda" as used in the ERS Enabling Act, and the factual bases for that interpretation, are identified and explained in the Claim Objection Response (to which the Fiscal

Agent filed the Fiscal Agent's Joinder), including in paragraphs 7, 20–27, and 28–41 of that document.

**INTERROGATORY NO. 5:** Identify each financial institution from which You contend ERS borrowed money in connection with the issuance of the ERS Bonds.

**Response to Interrogatory No. 5**: The Fiscal Agent contends that ERS borrowed money, directly or indirectly, from each of the underwriters for each series of ERS Bonds.  Upon information and belief, those underwriters are:  UBS Financial Services Incorporated of Puerto Rico; Popular Securities, Inc.; Santander Securities Corporation; Banco Bilbao Vizcaya Argentaria Puerto Rico; Citigroup Global Markets Inc.; Lehman Brothers, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Oriental Financial Services, Inc.; Samuel A. Ramirez & Co., Inc.; Scotiabank of Puerto Rico; TCM Capital, Inc.; Wachovia Capital Markets, LLC; BBVAPR MSD; Eurobank MSD; Merrill Lynch & Co.; and Scotia Capital.

**INTERROGATORY NO. 6:** Identify each document provided to and relied upon by You in connection with Your purchase of any ERS Bonds.

**Response to Interrogatory No. 6**:  The Fiscal Agent objects to this Interrogatory as overbroad, vague, and ambiguous.  The Fiscal Agent responds to this Interrogatory on the assumption that it intends to inquire about documents authored by or on behalf of ERS, as follows:  The Fiscal Agent has not purchased ERS Bonds.

**INTERROGATORY NO. 7:** Identify each representation and/or warranty made in connection with the ERS Bonds, including who made each representation and/or warranty, that You contend bars the ultra vires argument.

**Response to Interrogatory No. 7**:  The Fiscal Agent objects to this Interrogatory as vague and ambiguous with respect to the meaning of the undefined phrase "representation and/or warranty," with respect to the time-period covered, and with respect to the legal meaning of the phrase "bars the ultra vires argument."  The Fiscal Agent responds to this Interrogatory on the assumption that it intends to inquire about formal contractual representations and warranties

made by ERS in connection with and at around the time of the issuance of the ERS Bonds, that

are inconsistent with the argument that the ERS Bonds are *ultra vires*, as follows:  The Fiscal

Agent is aware of representations and warranties made by ERS in the closing transcripts for the

issuance of the ERS Bonds that are inconsistent with the *ultra vires* argument—documents that

should be in ERS's possession and control, but which the Fiscal Agent will produce in its first

production of documents—including the following:

- The "Representations, Warranties and Agreements of the System" contained in Section 6(a)–(e), (i), (j), and (o) of the Amended and Restated Purchase Contract for the Senior Pension Funding Bonds, Series A (Jan. 30, 2008).

- The "Representations, Warranties and Agreements of the System" contained in Section 6(a)–(e), (i), (j), and (o) of the Purchase Contract for the Senior Pension Funding Bonds, Series B (May 28, 2008).

- The "Representations, Warranties and Agreements of the System" contained in Section 6(a)–(e), (i), (j), and (o) of the Purchase Contract for the Senior Pension Funding Bonds, Series C (June 26, 2008).

- The various legal opinions of Fiddler Gonzalez & Rodriguez as counsel to ERS and of the General Counsel to the System, dated January 31, 2008.

- The various legal opinions of Fiddler Gonzalez & Rodriguez as counsel to ERS and of the General Counsel to the System, dated June 2, 2008.

- The various legal opinions of Fiddler Gonzalez & Rodriguez as counsel to ERS and of the General Counsel to the System, dated June 30, 2008.

**INTERROGATORY NO. 8:** Identify the legal bases underlying Your contention, if any, that the Court must consider "the circumstances under which [ERS Bondholders] acquired the Bonds," including but not limited to "the relationship of the Bondholders to ERS" at the time the ERS Bondholders acquired the ERS Bonds. (See Case No. 17-00219-LTS, ECF No. 50, at p.27.)

**Response to Interrogatory No. 8**:  The Fiscal Agent did not make the quoted contention

and, therefore, no response by the Fiscal Agent to this Interrogatory is necessary.

**INTERROGATORY NO. 9:** Identify the factual bases underlying Your contention, if any, that the Court must consider "the circumstances under which [ERS Bondholders] acquired the Bonds," including but not limited to "the relationship of the Bondholders to ERS" at the time

the ERS Bondholders acquired the ERS Bonds. (See Case No. 17-00219-LTS, ECF No. 50, at p.27.)

**Response to Interrogatory No. 9**:  The Fiscal Agent did not make the quoted contention and, therefore, no response by the Fiscal Agent to this Interrogatory is necessary.

**<u>INTERROGATORY NO. 10:</u>**  Identify the legal bases underlying Your contention that the ERS Bonds fall within ERS's authority under the ERS Enabling Act to "tomar prestado de cualquier institución financiera . . ."  (See Case No. 17-03283-LTS, Dkt. 9012 ("ERS Bondholders' Response") at ¶¶ 12-13 and Case No. 17-03283-LTS, Dkt. 9013, Your Joinder to the ERS Bondholders' Response ("Joinder").)

**Response to Interrogatory No. 10**:  The legal bases underlying the contention described in this Interrogatory are contained in the Claim Objection Response (to which the Fiscal Agent filed the Fiscal Agent's Joinder), including in paragraphs 10–19 and 28–50 of that document.

**<u>INTERROGATORY NO. 11:</u>**  Identify the factual bases underlying Your contention that the ERS Bonds fall within ERS's authority under the ERS Enabling Act to "tomar prestado de cualquier institución financiera . . ." (*See* Case No. 17-03283-LTS, Dkt. 9012 ("ERS Bondholders' Response") at ¶¶ 12-13.)

**Response to Interrogatory No. 11**:  The factual bases underlying the contention described in this Interrogatory are contained in the Claim Objection Response (to which the Fiscal Agent filed the Fiscal Agent's Joinder), including in paragraphs 10–19 and 28–50 of that document.

**<u>INTERROGATORY NO. 12:</u>**  Identify the legal bases underlying Your contention that "unlike 'seek a loan,' 'borrow'—'tomar prestado'—includes raising money by selling bonds." (*See* ERS Bondholders' Resp. at ¶ 14.)

**Response to Interrogatory No. 12**:  The legal bases underlying the contention described in this Interrogatory are contained in the Claim Objection Response (to which the Fiscal Agent filed the Fiscal Agent's Joinder), including in paragraphs 10–50 of that document.

**<u>INTERROGATORY NO. 13:</u>**  Identify the factual bases underlying Your contention that "unlike 'seek a loan,' 'borrow'—'tomar prestado'—includes raising money by selling bonds." (*See* ERS Bondholders' Resp. at ¶ 14.)

**Response to Interrogatory No. 13**:  The factual bases underlying the contention

described in this Interrogatory are contained in the Claim Objection Response (to which the

Fiscal Agent filed the Fiscal Agent's Joinder), including in paragraphs 10–50 of that document.

**INTERROGATORY NO. 14:**  Identify the legal bases underlying Your contention that
"the underwriters' resale of 'ownership interests' in the ERS Bonds does nothing to change the
fact that the issuance of the ERS Bonds involved borrowing from the underwriting financial
institutions as the ERS Enabling Act allowed."  (*See* ERS Bondholders' Resp. at ¶ 19.)

**Response to Interrogatory No. 14**:  The legal bases underlying the contention described

in this Interrogatory are contained in the Claim Objection Response (to which the Fiscal Agent

filed the Fiscal Agent's Joinder), including in paragraphs 17–19 of that document.

**INTERROGATORY NO. 15:**  Identify the factual bases underlying Your contention
that "the underwriters' resale of 'ownership interests' in the ERS Bonds does nothing to change
the fact that the issuance of the ERS Bonds involved borrowing from the underwriting financial
institutions as the ERS Enabling Act allowed."  (*See* ERS Bondholders' Resp. at ¶ 19.)

**Response to Interrogatory No. 15**:  The factual bases underlying the contention

described in this Interrogatory are contained in the Claim Objection Response (to which the

Fiscal Agent filed the Fiscal Agent's Joinder), including in paragraphs 17–19 of that document.

**INTERROGATORY NO. 16:**  Identify each "registered owner" of the ERS Bonds.

**Response to Interrogatory No. 16**:  The Fiscal Agent objects to this Interrogatory on the

ground that it is vague and ambiguous.  The Fiscal Agent responds to this Interrogatory as

follows:  The registered owner of all outstanding ERS Bonds is Cede & Co., as nominee for the

Depository Trust Company.

**INTERROGATORY NO. 17:**  Identify each individual who provided information or
documents relied upon or referenced in the ERS Bondholders' Response and Your Joinder. For
each such person, provide their last known address, telephone number, and relationship to You.

**Response to Interrogatory No. 17**:  The Fiscal Agent objects to this Interrogatory to the

extent that it seeks direct contact information for its officers and employees, who as represented

parties must be contacted through counsel.  The Fiscal Agent is without sufficient knowledge of

"each individual who provided information or documents relied upon or referenced in the ERS

Bondholders' Response," and directs the Committees and the Government Parties to the ERS

Bondholders' responses and objections to the Committees' and the Government Parties'

interrogatories.  The following individual provided information or documents relied upon or

referenced in the Fiscal Agent's Joinder:  Alex T. Chang, Vice President, The Bank of New York

Mellon.  Mr. Chang may be contacted through counsel:  C. Neil Gray, Reed Smith LLP, 599

Lexington Avenue, New York, NY 10022, (212) 231-2652.

**INTERROGATORY NO. 18:**  Identify the legal bases underlying Your response to
each Request for Admission that You do not unconditionally admit.  For each such response,
identify each individual associated with the ERS Bondholders who has knowledge of the facts
and circumstances relating to Your response. For each such person, provide their last known
address, telephone number, and relationship to You.

**Response to Interrogatory No. 18**:  The legal bases underlying the responses to each

Request for Admission that the Fiscal Agent does not unconditionally admit are contained in the

Fiscal Agent's Responses and Objections to the First Set of Requests for Admission of the

Committees and Government Parties, including its responses to Requests for Admission Nos. 1–

8. The Fiscal Agent is without sufficient knowledge of "each individual associated with the ERS

Bondholders who has knowledge of the facts and circumstances relating to" the Fiscal Agent's

response to this Interrogatory, and directs the Committees and the Government Parties to the

ERS Bondholders' responses and objections to the Committees' and the Government Parties'

interrogatories.

**INTERROGATORY NO. 19:**  Identify the factual bases underlying Your response to
each Request for Admission that You do not unconditionally admit. For each such response,
identify each individual associated with the ERS Bondholders who has knowledge of the facts
and circumstances relating to Your response. For each such person, provide their last known
address, telephone number, and relationship to the ERS Bondholders.

**Response to Interrogatory No. 19**:  The factual bases underlying the responses to each

Request for Admission that the Fiscal Agent does not unconditionally admit are contained in the

Fiscal Agent's Responses and Objections to the First Set of Requests for Admission of the

Committee and Government Parties to the Fiscal Agent Related to the Ultra Vires Proceedings,

including its responses to Requests for Admission Nos. 1–8.  The Fiscal Agent is without

sufficient knowledge of "each individual associated with the ERS Bondholders who has

knowledge of the facts and circumstances relating to" the Fiscal Agent's response to this

Interrogatory, and directs the Committees and the Government Parties to the ERS Bondholders'

responses and objections to the Committees' and the Government Parties' responses and

objections to interrogatories.

**INTERROGATORY NO. 20:**  Identify the source of all funds or interests in property
You contend were held by ERS as of the date on which the ERS Title III Case was commenced,
May 21, 2017.

**INTERROGATORY NO. 21:**  State the basis for Your contention, if any, that You have
an attached security interest in the following (or in any claimed proceeds thereof): (a) ERS's Pre-
2008 Assets; (b) AUC; (c) employee contributions to ERS; (d) ERS funds not deposited with the
Fiscal Agent; (e) funds remitted to ERS by the Fiscal Agent; (f) Employee Loans; (g) Employee
Loan Payments; (h) funds transferred to the Commonwealth pursuant to Act 106-2017; or (i)
ERS's investments.

**INTERROGATORY NO. 22:**  Identify the factual bases for each of the Affirmative
Defenses You assert in the Answer and Counterclaims You filed in Adv. No. 19-00366, Docket
No. 42.

**Response to Interrogatory Nos. 20–22:**  The Committees and the Government Parties

have stated that Interrogatories 20–22 are not related to discovery in the Ultra Vires Proceedings.

[*Signatures on Next Page*]

13

Dated:  December 3, 2019
     San Juan, Puerto Rico          SEPULVADO, MALDONADO & COURET

By:    */s/ Albéniz Couret-Fuentes*
        Elaine Maldonado-Matías
        USDC-PR Bar No. 217309
        Albéniz Couret-Fuentes
        USDC-PR Bar No. 222207
        304 Ponce de León Ave. – Suite 990
        San Juan, PR 00918
        Telephone: (787) 765-5656
        Facsimile:  (787) 294-0073
        Email: emaldonado@smclawpr.com
        Email:  acouret@smclawpr.com

        REED SMITH LLP

        */s/ Eric A. Schaffer*
        Eric A. Schaffer (*Pro Hac Vice*)
        Luke A. Sizemore (*Pro Hac Vice*)
        225 Fifth Avenue, Suite 1200
        Pittsburgh, PA 15222
        Telephone: (412) 288-3131
        Facsimile: (412) 288-3063
        Email:  eschaffer@reedsmith.com
        Email:  lsizemore@reedsmith.com

        C. Neil Gray (*Pro Hac Vice*)
        599 Lexington Avenue
        New York, NY 10022
        Telephone:  (212) 521-5400
        Facsimile:  (212) 521-5450
        Email:  cgray@reedsmith.com

        *Counsel to The Bank of New York Mellon,*
        *as fiscal agent*

## <u>VERIFICATION</u>

STATE OF NEW YORK        )
                                        ) ss.:
COUNTY OF NEW YORK   )


I, Alex T. Chang, being duly sworn, state that I am an agent of The Bank of New York Mellon, as
fiscal agent, that I have read the foregoing Fiscal Agent's Responses and Objections to the First Set
of Interrogatories of the Committees and Government Parties to the Fiscal Agent, and that the factual
answers set forth in the Fiscal Agent's responses are true and correct to the best of my knowledge,
information, and belief.

By: _____
                                              Alex T. Chang


Subscribed and sworn to before me on this 3rd day of December, 2019.


_____
Notary Public

                                ALEXANDER TITUS TONGE
                                Notary Public, State of New York
My commission expires:_____ No. 01TO6278785
                                Qualified in Kings County
                                Commission Expires March 25, 2021

15

# **EXHIBIT A**

[November 12, 2019 Email]

## Gray, Neil

| | |
|---|---|
| **From:** | Roche, Jennifer L. <jroche@proskauer.com> |
| **Sent:** | Tuesday, November 12, 2019 12:25 AM |
| **To:** | Sooknanan, Sparkle L. |
| **Cc:** | alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; Rosen, Brian S.; Levitan, Jeffrey W.; Dale, Margaret A.; Dalsen, William D.; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando; Schaffer, Eric A.; Sizemore, Luke A.; Gray, Neil; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse |
| **Subject:** | Re: ERS discovery |
| **Categories:** | BNYMellon |

EXTERNAL E-MAIL

Sparkle,

Please see the breakdown of the discovery requests below. Let me know if you have any questions.

Lien Scope Discovery

RFPs 1-10, 12-13, 15-17, 35-36, 41, 43-47, 50-58
ROGs 19-21, 23-26

Ultra Vires Discovery

RFPs 1, 11, 14, 18-44, 48-49, 55-58

ROGs 1-22, 26

RFAs 1-10

Jennifer L. Roche
Proskauer
310.284.5635

---

**From:** "Sooknanan, Sparkle L." <ssooknanan@jonesday.com>
**Sent:** Friday, November 8, 2019 11:02 AM
**To:** Roche, Jennifer L.
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com; csteege@jenner.com; Beville, Sunni P.; eweisflener@brownrudnick.com; rgordon@jenner.com; Sushon, Bill; lucdespins@paulhastings.com; Goldstein, Irena; jamesbliss@paulhastings.com; Bassett, Nicholas; Holm, Richard; John Arrastia; Raiford, Landon S.; Axelrod, Tristan G.; suhland@omm.com; Rosen, Brian S.; Levitan, Jeffrey W.; Dale, Margaret A.; Dalsen, William D.; Esses, Joshua; Bennett, Bruce S.; Rosenblum, Benjamin; jzakia@whitecase.com;

jcunningham@whitecase.com; de la Hoz, Fernando; eschaffer@reedsmith.com; lsizemore@reedsmith.com;
cgray@reedsmith.com; Stewart, Geoffrey S.; Papez, Matthew E.; Fox, David R.; Perez, Isel M.; Green, Jesse
**Subject:** RE: ERS discovery

Jennifer,

Would you please identify which particular document requests, interrogatories, and RFAs you intend to apply to the lien
scope proceedings, and which you intend to apply to the ultra vires proceedings?  Some discovery requests are
obviously related to one set of proceedings but not the other, and we do not want to presume which is which.  This is an
issue for us because not all of our clients are parties to both proceedings.  This is also becoming an issue as we work
through our objections and responses to the discovery requests. Given the upcoming deadline, we would appreciate a
response as soon as possible.

Finally, going forward please copy Geoff Stewart, Matt Papez, David Fox, and Isel Perez (all copied here) on emails
related to the lien scope and ultra vires proceedings.

Thanks very much,
Sparkle

-------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

---

**From:** Roche, Jennifer L. <jroche@proskauer.com>
**Sent:** Friday, November 1, 2019 9:05 PM
**To:** Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Sooknanan,
Sparkle L. <ssooknanan@jonesday.com>; jzakia@whitecase.com; jcunningham@whitecase.com; de la Hoz, Fernando
<fdelahoz@whitecase.com>; eschaffer@reedsmith.com; lsizemore@reedsmith.com; cgray@reedsmith.com
**Cc:** alexbongartz@paulhastings.com; mroot@jenner.com; mpocha@omm.com; pfriedman@omm.com;
csteege@jenner.com; Beville, Sunni P. <SBeville@brownrudnick.com>; eweisflener@brownrudnick.com;
rgordon@jenner.com; Sushon, Bill <wsushon@omm.com>; lucdespins@paulhastings.com; Goldstein, Irena
<irenagoldstein@paulhastings.com>; jamesbliss@paulhastings.com; Bassett, Nicholas
<nicholasbassett@paulhastings.com>; Holm, Richard <rholm@omm.com>; John Arrastia <jarrastia@gjb-law.com>;
Raiford, Landon S. <LRaiford@jenner.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; suhland@omm.com;
brosen@proskauer.com; JLevitan@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>;
wdalsen@proskauer.com; Esses, Joshua <JEsses@proskauer.com>; Roche, Jennifer L. <jroche@proskauer.com>
**Subject:** ERS discovery

Dear Counsel:

Attached are the following documents:

1.  First Set of Requests for Admission of the Committees and Government Parties to the ERS Bondholder
    Groups

2.  First Set of Interrogatories of the Committees and Government Parties to the ERS Bondholder Groups

3. First Set of Requests of the Committees and Government Parties for Production of Documents to the ERS Bondholder Groups

4. First Set of Requests for Admission of the Committees and Government Parties to the Fiscal Agent

5. First Set of Interrogatories of the Committees and Government Parties to the Fiscal Agent

6. First Set of Requests of the Committees and Government Parties for Production of Documents to the Fiscal Agent

7. ERS's Initial Disclosures Pursuant to Rule 26(a)(1)

**Jennifer L. Roche**
Senior Counsel

**Proskauer**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.5635; tel:+13102845635
f  310.557.2193
jroche@proskauer.com

**********************************************************************************************************
************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**********************************************************************************************************
************************************************************
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 3, 2019, a true and correct copy of the foregoing

was served via electronic mail to the counsel listed below:

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

**GENOVESE JOBLOVE & BATTISTA, P.A.**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300

jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

**PROSKAUER ROSE LLP**
Martin J. Bienenstock (*Pro Hac Vice*)
Brian S. Rosen (*Pro Hac Vice*)
Jeffrey W. Levitan (*Pro Hac Vice*)
Margaret A. Dale (*Pro Hac Vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
for the Debtors*

Luis F. del Valle-Emmanuelli USDC-PR No. 209514
P.O. Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
dvelawoffices@gmail.com

OF COUNSEL FOR
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative
of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111

Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

**JENNER & BLOCK LLP**
Robert Gordon (*Pro Hac Vice*)
Richard Levin (*Pro Hac Vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (*Pro Hac Vice*)
Melissa Root (*Pro Hac Vice*)
Landon Raiford (*Pro Hac Vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

**BENNAZAR, GARCIA & MILIAN, C.S.P.**
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918

ajb@bennazar.org
hector.mayol@bennazar.com
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

_____ */s/ C. Neil Gray* _____
C. Neil Gray