## Exhibit D

**Ltr. from J. Hughes, Esq. to E. McKeen, Esq. and M. Dale, Esq. (October 18, 2020)**

# Milbank

**JOHN J. HUGHES III**

*Special Counsel*

55 Hudson Yards | New York, NY 10001-2163

T: 212.530.5127

Jhughes2@milbank.com | milbank.com

October 18, 2020

**VIA EMAIL**

| | |
|---|---|
| Elizabeth L. McKeen, Esq. | Margaret A. Dale, Esq. |
| O'Melveny & Myers LLP | Proskauer Rose LLP |
| 610 Newport Center Drive, 17th Floor | Eleven Times Square |
| Newport Beach, CA 92660 | New York, NY 10036 |

Re: October 15, 2020 Meet-and-Confer: Pensions Discovery Requests

Counsel:

We write on behalf of Ambac Assurance Corporation ("Ambac") to memorialize and follow up on our telephonic meet-and-confer on October 15, 2020 (the "October 15 Meet-and-Confer") concerning *Ambac Assurance Corporation's Motion to Compel Pensions Discovery* [ECF No. 7505] and *Ambac Assurance Corporation's Motion for Entry of an Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Pension Liabilities* [ECF No. 7507] (together, the "Pensions Discovery Motions").[1]

Milliman Subpoena

On October 7, 2020, Ambac notified the Government Parties of its intention to serve Milliman, Inc. ("Milliman"), the Commonwealth's actuarial firm, with a third-party subpoena seeking production of materials relating to Milliman's actuarial valuation reports. The Government Parties have not served any objection nor expressed any intent to object to the subpoena. Nevertheless, during the October 15 Meet-and-Confer, counsel for the Government Parties inquired as to the reason why Ambac intends to serve the subpoena at this time, and questioned whether Ambac might require leave of the Court to serve the subpoena.

Counsel for Ambac believes it is appropriate to serve the subpoena now for at least the following three reasons: (1) the subpoena seeks, *inter alia*, internal Milliman communications and documentation concerning how Milliman reached the relevant valuations for pension liability – the single largest liability in the Puerto Rico bankruptcy. These are documents that cannot possibly be obtained from the Government Parties; (2) despite Ambac's long-standing efforts to obtain information concerning Milliman's valuation analysis from the Government Parties, Ambac still

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Pensions Discovery Motions.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Elizabeth L. McKeen
Margaret A. Dale
October 18, 2020

has not received the information it, and its actuarial experts, need to evaluate the integrity of Milliman's process and the accuracy of Milliman's conclusions; and (3) the Government Parties have repeatedly represented to Ambac that Milliman is in possession of materials relating to its actuarial valuation reports, including but not limited to work papers and dynamic spreadsheets, that are not in the Government Parties' possession, custody, or control.[2]

Please confirm as soon as possible, and no later than October 21, 2020, that the Government Parties indeed do not have access to the materials described above, which will help shed light on the scope and nature of any motion practice that may be necessary should either of the Government Parties interpose an objection. Further, please confirm as soon as possible, and no later than October 21, 2020, whether the Government Parties object to Ambac serving Milliman with the subpoena. In the event either of the Government Parties objects, Ambac intends to seek leave of the Court to serve the third-party subpoena on Milliman.

Email Review

During the October 15 Meet-and-Confer, Ambac also followed up on the Government Parties' positions regarding a potential email review.[3] Counsel for AAFAF stated that it planned to send Ambac a proposal for a targeted email review next week. The Oversight Board stated that it remains unwilling to consider an email review at this time, but agreed to discuss with Ernst & Young if there are additional materials they can provide that will answer any remaining questions regarding the Section 211 Report.

Ambac also requested that both AAFAF and the Oversight Board provide additional information about the universe of relevant documents to help clarify any burden concerns. Both parties took Ambac's request under advisement.

---

[2] The Government Parties have represented that there are materials Milliman relied on in their actuarial valuation reports that have not been provided to the Government Parties, and therefore have not been produced to Ambac. For example, during the Parties' meet and confer on July 9, 2020, Ambac inquired about dynamic spreadsheets that Milliman may have used in developing the actuarial reports. AAFAF advised that such spreadsheets might be proprietary work product, and therefore that Milliman may not be willing to produce them. *See* Ltr. from J. Hughes, Esq. to E. McKeen, Esq. and M. Dale, Esq., at 3 (July 24, 2020). During the October 15 Meet and-Confer, AAFAF also stated that it does not have access to Milliman's work papers, which Milliman purportedly has been unwilling to provide to AAFAF on the basis of a proprietary privilege.

[3] The Government Parties' September 29, 2020 letter asserted that Ambac misstated the Government Parties' views in its September 14, 2020 meet-and-confer letter by stating that the Government Parties "indicated that they were willing to consider production of email communications responsive to Rule 2004 Request No. 13 and Supplemental Pensions Request No. 5." Ambac does not believe the September 14, 2020 letter contained any misstatements, but the Parties clarified their positions during the October 1, 2020 meet-and-confer and agreed that there may have been a misunderstanding with respect to Ambac's references to Rule 2004 Request No. 12 and Supplemental Pensions Request No. 5. The Parties agreed that the list of search issues and components, attached to Ambac's September 13, 2020 letter, was aimed at the Milliman actuarial reports with respect to AAFAF and the Ernst & Young Section 211 Report with respect to the Oversight Board.

Elizabeth L. McKeen
Margaret A. Dale
October 18, 2020

Outstanding Productions

      The Parties also discussed the status of other outstanding productions.  The Oversight Board stated that it would produce a privilege log with the documents it withheld in connection with the Supplemental Pensions Requests by next week.  AAFAF stated that it would provide certain documents produced in connection with the ERS litigation by next week as well.

*   *   *

      The Parties agreed to hold another meet-and-confer at the end of October or the first week of November.  Ambac will wait for follow-up from the Government Parties before reaching out to schedule.

Very truly yours,


/s/ *John J. Hughes, III*
John J. Hughes, III


cc:    Atara Miller, Esq., Milbank LLP
        Grant Mainland, Esq., Milbank LLP
        Andrew K. Glenn, Esq., Kasowitz Benson Torres LLP
        Olga Lucia Fuentes Skinner, Esq., Kasowitz Benson Torres LLP