**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------- X
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
           as representative of                                     :  Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,                             :  (Jointly Administered)
                                                                    :
           Debtors.¹                                                :
------------------------------------------------------------------- X
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
           as representative of                                     :  Case No. 17-BK-4780 (LTS)
                                                                    :
PUERTO RICO ELECTRIC POWER AUTHORITY                                :
                                                                    :
           Debtor.                                                  :
------------------------------------------------------------------- X
```

**NOTICE OF APPEAL OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FROM ORDER DENYING MOTION TO TERMINATE RULE 9019 MOTION**

Notice is hereby given that the Official Committee of Unsecured Creditors (the

"Committee")[2] hereby appeals to the United States Court of Appeals for the First Circuit from

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case
No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings
Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801)
(Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Order Denying the Official Committee of Unsecured Creditors' Motion to Terminate Rule

9019 Motion, entered by the United States District Court for the District of Puerto Rico on

November 4, 2020 [Docket No. 15020 in Case No. 17-3283 and Docket Entry No. 2287 in Case

No. 17-4780], and from all prior, interlocutory rulings merged into that order, including the

Memorandum Order Regarding Official Committee of Unsecured Creditors' Urgent Objection to

Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in Connection

with Motion to Terminate Bankruptcy Rule 9019 Motion, entered by the District Court on

October 15, 2020 [Docket No. 14586 in Case No. 17-3283 and Docket Entry No. 2252 in Case

No. 17-4780], and the Order on Motion to Compel, entered by the Magistrate Judge on

September 5, 2020 [Docket Entry No. 14181 in Case No. 17-3283 and Docket Entry No. 2177 in

Case No. 17-4780].  Copies of the orders being appealed are attached.

     The other parties to this matter and their respective attorneys are as follows:

<u>The Financial Oversight and Management Board for Puerto Rico, as representative for
the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority</u>

| | |
|---|---|
| Hermann D. Bauer | Martin J. Bienenstock |
| O'NEILL & BORGES LLC | Brian S. Rosen |
| 250 Muñoz Rivera Avenue, Suite 800 | PROSKAUER ROSE LLP |
| San Juan, PR 00918-1813 | Eleven Times Square |
| Telephone: (787) 764-8181 | New York, NY 10036 |
| Facsimile: (787) 753-8944 | Telephone:  (212) 969-3000 |
| | Facsimile:  (212) 969-2900 |

---

[2]   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

Counsel for Puerto Rico Fiscal Agency and Financial Advisory Authority and the Puerto Rico Electric Power Authority

John J. Rapisardi
Nancy A. Mitchell
Maria J. DiConza
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Peter Friedman
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Elizabeth L. McKeen
Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Counsel for Puerto Rico Fiscal Agency and Financial Advisory Authority

Luis C. Marini-Biaggi
USDC No. 222301
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Telephone: (787) 705-2171
Facsimile: (787) 936-7494

Counsel for Puerto Rico Electric Power Authority

Katiuska Bolaños
USDC No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Telephone: (787) 395-7133
Facsimile: (787) 497-9664

<u>Counsel for Fuel Line Lenders (Cortland Capital Market Services LLC,</u>
<u>as Administrative Agent)</u>

Nayuan Zouairabani
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5604
Facsimile: (787) 759-9225

Richard G. Mason
Amy R. Wolf
Emil A. Kleinhaus
Michael H. Cassel
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

[*Remainder of page left intentionally bank*]

Dated:  December 4, 2020          By:  */s/ Luc A. Despins* _____

**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

By:  */s/ Juan J. Casillas Ayala* _____

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR
306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

**<u>ATTACHMENTS</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:                                                          PROMESA
                                                                Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of                                       No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                (Jointly Administered)
et al.,

        Debtors.[1]

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of                                       No. 17 BK 4780-LTS

PUERTO RICO ELECTRIC POWER AUTHORITY,

        Debtor.

-----------------------------------------------------------------x

ORDER DENYING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' MOTION TO TERMINATE RULE 9019 MOTION

      Before this Court is the *Motion of Official Committee of Unsecured Creditors to*

*Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14056 in Case No. 17-3283 and

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy
Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS)
(Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal
Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth
of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of
Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy
Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico
Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four
Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case
numbers due to software limitations).

Docket Entry No. 2144 in Case No. 17-4780, the "Motion").[2]  The Motion concerns the *Joint*

*Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code*

*Section 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(1) and 9019 for Order*

*Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain*

*Limitations Periods* (Docket Entry No. 1235 in Case No. 17-4780, the "PREPA 9019 Motion"),

filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), which seeks approval of the PREPA Restructuring Support Agreement (the "RSA") and

which has been repeatedly adjourned <u>sine die</u>.  The Court has carefully reviewed and considered

all of the parties' submissions in connection with the Motion, and in connection with the *Status*

*Report of the Government Parties Regarding the COVID-19 Pandemic and the 9019 Motion*

(Docket Entry No. 14410).[3]

       The gravamen of the instant Motion by the Official Committee of Unsecured

Creditors (the "UCC") is that the RSA on which the PREPA 9019 Motion is premised is now

defunct and is being renegotiated by the parties to it.  (Mot. ¶¶ 1-4, 16-18.)  From that premise,

the UCC concludes that the Court lacks jurisdiction of the pending PREPA 9019 Motion on the

bases of mootness and ripeness, arguing that no case or controversy can exist regarding the

---

[2]    All docket entry references herein are to entries in Case No. 17-3283, unless otherwise
specified.

[3]    *Statement of Fuel Line Lenders with Respect to Motion to Terminate Rule 9019 Motion*
(Docket Entry No. 14145); *Limited Joinder of SREAEE to the* Motion of Official Committee
of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion *and Request to Continue
the Proceedings of Adversary Proceeding No. 19-00405.* (Docket Entry No. 14146); *Joint
Objection of PREPA and AAFAF to Motion of Official Committee of Unsecured Creditors to
Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14148, the "Government
Objection"); *Official Committee of Unsecured Creditors' Reply in Support of Motion to
Terminate Rule 9019 Motion* (Docket Entry No. 14197, the "Reply"); *Official Committee of
Unsecured Creditors' Supplemental Brief Regarding Status Report of Government Parties*
(Docket Entry No. 14447); *Government Parties' Supplemental Response to Official
Committee of Unsecured Creditors' Supplemental Brief Regarding Status Report of
Government Parties* (Docket Entry No. 14525).

PREPA 9019 Motion where the underlying RSA no longer exists, and where the prospects of a renegotiated RSA are undetermined. (Mot. ¶¶ 4, 14-16, 19-21.) The UCC notes that the Oversight Board has not even proposed a new hearing date for the PREPA 9019 Motion, thereby postponing resolution of the PREPA 9019 Motion indefinitely. (Mot. ¶¶ 7-12; Reply ¶ 10.) The UCC argues alternatively that, in the event this Court has subject matter jurisdiction of the PREPA 9019 Motion, the Court should exercise its discretionary docket management powers to terminate the PREPA 9019 Motion without prejudice, as failure to do so enables the Oversight Board to control the claims objection process in a manner that exceeds the intent of Congress. (Mot. ¶¶ 5, 22-25, 30-31.)

The Court rejects the underlying premise of the UCC's Motion, and finds it inappropriate to pronounce dead what the parties to the RSA have not themselves terminated or rejected. Accordingly, the Court has jurisdiction of this Motion under section 306(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2166(a).

The Court has discretionary power to manage its docket and courtroom in an efficient manner. Having considered whether to exercise that power to terminate the PREPA 9019 Motion, the Court declines to disrupt it since the parties continue to consider the underlying agreement and potential modifications to it, and the underlying RSA has not been terminated. (See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (identifying every court's inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").) Nor is the UCC currently prejudiced by the continued adjournment of the PREPA 9019 Motion, which will not persist indefinitely, as "the 9019 Motion will proceed in its current form or as amended, or it will be withdrawn." (Gov. Obj. ¶ 5.)

If the PREPA 9019 Motion goes forward, with or without amendments, the UCC's issues with respect to the propriety of the settlement of the secured status claims of the bondholders can be raised in connection with the Court's consideration of the proposed settlement.  If the PREPA 9019 Motion is ultimately withdrawn and the Oversight Board continues to oppose litigation of an objection to the secured status claims, the Court will have the opportunity to consider the question of whether such litigation may go forward.  Thus, under any outcome, the adjournments will not have compromised any rights of the UCC.  By contrast, however, the prejudice that the Commonwealth would suffer by having claim objections intrude upon the negotiation process would be great, as it would undermine the existing consensual process contemplated by parties to the RSA with costly, time-consuming, and multifarious litigation.  The Motion is therefore denied, without prejudice to renewal after April 21, 2021.  This Order resolves Docket Entry No. 14056 in Case No. 17-3283 and Docket Entry No. 2144 in Case No. 17-4780.

      SO ORDERED.

Dated: November 4, 2020

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

MEMORANDUM ORDER REGARDING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT
OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 5, 2020 ORDER ON MOTION TO COMPEL
DISCOVERY IN CONNECTION WITH MOTION TO TERMINATE BANKRUPTCY RULE 9019 MOTION

Before the Court is the *Official Committee of Unsecured Creditors' Urgent*

*Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-
3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four
Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of
Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax
ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case
numbers are listed as Bankruptcy Case numbers due to software limitations).

*Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* (Docket Entry No. 14210 in

Case No. 17-3283[2] and Docket Entry No. 2184 in Case No. 17-4780, the "Objection"), filed by

the Official Committee of Unsecured Creditors (the "Committee").

       The Committee objects to the ruling of Magistrate Judge Judith Gail Dein

memorialized in the September 5, 2020, *Order on Motion to Compel* (Docket Entry No. 14181,

the "Order"), which pertains to discovery sought by the Committee in connection with the

*Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019*

*Motion* (Docket Entry No. 14056, the "Termination Motion") and opposed by the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of

PREPA in these Title III cases pursuant to Section 315(b) of the Puerto Rico Oversight,

Management, and Economic Stability Act ("PROMESA"),[3] the Puerto Rico Fiscal Agency and

Financial Advisory Authority ("AAFAF," and collectively with PREPA and the Oversight

Board, the "Government Parties"), Citigroup Global Markets Inc., Ankura Consulting Group,

LLC, David Skeel, and Jose Ortiz. The Court has reviewed carefully the parties' submissions[4]

and, for the reasons that follow, the Objection is overruled and the Order stands.

---

[2]    All docket entry references are to entries in Case No. 17-3283, unless otherwise
specified.

[3]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4]    The Court has considered the Objection, *Respondents' Opposition to UCC's Urgent
Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel
Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019* (Docket Entry
No. 14346, the "Response"), and the *Official Committee of Unsecured Creditors Reply in
Support of Urgent Objection to Magistrate Judge's September 5, 2020 Order on Motion
to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019
Motion* (Docket Entry No. 14409, the "Reply").

I.

<u>B<small>ACKGROUND</small></u>

On August 18, 2020, the Committee filed the Termination Motion, seeking entry

of an order dismissing or terminating the *Joint Motion of Puerto Rico Electric Power Authority*

*and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy*

*Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring*

*Support Agreement and Tolling Certain Limitations Periods* (Docket Entry No. 1235 in Case No

17-4780, the "9019 Motion") on the basis that "all available evidence demonstrates that (i) the

[Definitive Restructuring Support Agreement dated as of May 19, 2019 (the "RSA")]—which

forms the sole basis for the case or controversy underlying the relief requested in the 9019

Motion—no longer exists as a viable agreement and (ii) the Government Parties have no

intention of moving forward with their motion seeking approval of this RSA."  (Termination

Mot. ¶ 2.)  In support of the Termination Motion, the Committee cited several statements by

government representatives that, the Committee argues, constitute "overwhelming publicly-

available evidence that the RSA is already no longer viable in its current form."  (Termination

Mot. ¶ 17.)

On August 28, 2020, the Committee filed the *Official Committee of Unsecured*

*Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate*

*Bankruptcy Rule 9019 Motion* (Docket Entry No. 14127, the "Motion to Compel"), pursuant to

which the Committee sought to compel the Government Parties to comply with document

requests and deposition notices concerning the viability of the RSA and the extent to which the

parties may renegotiate the RSA.  The Committee argued that its discovery requests are relevant

to determining "whether or not the Government Parties have already decided that (i) the current

RSA is no longer viable and needs to be renegotiated, and (ii) therefore, they do not intend to prosecute the 9019 Motion to seek approval of the current RSA." (Mot. to Compel ¶ 1.)

Following the briefing of the Motion to Compel, Judge Dein issued the Order denying the Motion.

## II.

### DISCUSSION

Upon review of a timely objection to a non-dispositive order issued by a magistrate judge, the district judge to whom the case is assigned must consider the objection and modify or set aside any part of the order that "is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A) (Westlaw through P.L. 116-158); see also Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard, the reviewing court "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [it] form[s] a strong, unyielding belief that a mistake has been made." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (citation and internal quotation marks omitted). A magistrate judge's rulings will be reviewed under the "contrary to law" standard when the motion "turns on a pure question of law." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010). "This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." Id. Mixed questions of law and fact trigger a sliding scale of review pursuant to which

> [t]he more fact intensive the question, the more deferential the
> level of review (though never more deferential than the 'clear
> error' standard); the more law intensive the question, the less
> deferential the level of review.

Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc. (In re IDC Clambakes, Inc.), 727 F.3d

58, 64 (1st Cir. 2013) (citation omitted).[5]

Rule 26 of the Federal Rules of Civil Procedure, made applicable in this

proceeding by Federal Rules of Bankruptcy Procedure 9014(c) and 7026, provides that "[p]arties

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, . . . the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit."  Fed. R. Civ. P. 26(b)(1).

The Committee argues in its Objection that Judge Dein erred in applying this

standard by (i) focusing unduly on the question of whether the Government Parties have formally

abandoned the RSA instead of the question of whether the Government Parties have determined

that the RSA is substantively defunct (Obj. ¶ 16), (ii) misconstruing the Committee's discovery

requests as seeking the mere opinions of PREPA and Oversight Board officials rather than

"evidence of an actual determination that the Rule 9019 Motion will not be pursued at this time

because the RSA—even if it has not technically been terminated—is no longer viable . . ."  (Obj.

¶¶ 17-18), and (iii) concluding that sufficient information already exists for the Committee to

prosecute the Termination Motion.  (Obj. ¶¶ 19-20.)

---

[5]     Although the Committee identifies the appropriate standard of review, it incorrectly
asserts that Judge Dein's ruling is "founded upon questions of law meriting de novo
review under a 'contrary to law' standard."  (Motion ¶ 14.)  Judge Dein's determinations
instead turn upon questions of fact in varying degrees, and this Court has applied the
foregoing standard in evaluating her ruling accordingly.

The Committee has not demonstrated that the Order was either clearly erroneous or contrary to law. The Committee does not dispute that formal termination of the RSA would require either expiration by the agreement's own terms or issuance of a formal resolution, and that neither of those events has occurred. (Obj. ¶ 16.) Thus, as Judge Dein recognized, the discovery sought by the Committee would "not address the critical question of whether the Government Parties have abandoned the RSA." (Ord. at 5.) The Committee contends that, notwithstanding the continued formal existence of the RSA, discovery may unearth evidence that the Government Parties have already decided that the RSA is a dead letter. (Obj. ¶¶ 17, 20.) However, the RSA exists until it is formally terminated and, although the Government Parties' internal deliberations and evaluations might be probative of the ultimate viability of the RSA— or may provide ammunition for opponents of the 9019 Motion—they do not finally determine the fate of the RSA until a formal decision is made. Before that formal decision, officials might change their views, RSA counterparties may alter their positions, or the feasibility of the RSA might be affected by changing economic or political circumstances. Judge Dein reasonably concluded that, absent a final decision, individuals' evaluations of the feasibility of the RSA are of minimal likely benefit and are outweighed by the burden of the proposed discovery. (Ord. at 5-6.)

That calculus is further buttressed by the availability of status reports from the Government Parties acknowledging the ongoing evaluation of the RSAs and setting forth considerations that have informed the Government Parties' decisionmaking. (Ord. at 5; see, e.g., *Status Report of the Government Parties Regarding the Covid-19 Pandemic and the 9019 Motion*, Docket Entry No. 2111 in Case No. 17-4780 at ¶ 25.) The Committee can present its arguments concerning the viability of the RSA and the wisdom of further adjournments of the

9019 Motion through facts that are part of the public record, including the number of
adjournments that the Government Parties have requested, the justifications and estimated
timelines (or any absence thereof) provided by the Government Parties for such extensions, and
the acknowledgments by the Government Parties that the feasibility of the RSA is actively under
consideration and subject to continued diligence.  (Ord. at 5-6.)  The Committee does not need
discovery concerning ongoing negotiations and deliberations to present its argument that the
Government Parties effectively have abandoned the RSA.

III.

CONCLUSION

Having determined that the Order was neither clearly erroneous nor contrary to
law, the Court finds it unnecessary to address the arguments proffered by the parties concerning
whether the materials requested by the Committee are protected by the work-product, attorney-
client, or deliberative process privileges.  Accordingly, the Objection is overruled and Judge
Dein's Order stands.

This Memorandum Order resolves Docket Entry No. 14210 in Case No. 17-3283
and Docket Entry No. 2184 in Case No. 17-4780.

SO ORDERED

Dated: October 15, 2020

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>Debtors[1]. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

# ORDER ON MOTION TO COMPEL

### I.     INTRODUCTION

This matter is before the Court on the *Official Committee of Unsecured Creditors' Urgent
Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019
Motion* (Dkt. No. 14127 in 17-BK-3283 and Dkt. No. 2155 in 17-BK-4780[2]) (the "Motion to
Compel").  The Court has also received and reviewed the Government Parties'[3] Opposition (Dkt.
No. 2164) (the "Opposition"), and the UCC's Reply (Dkt. No. 2173) (the "Reply").  Through the
Motion to Compel, the UCC seeks discovery in connection with its *Motion to Terminate
Bankruptcy Rule 9019 Motion* (Dkt. No. 2144) (the "Motion to Dismiss").  After careful review of
the parties' submissions, and for the reasons addressed herein, the Court hereby DENIES the
Motion to Compel.

### II.     BACKGROUND

The Motion to Dismiss seeks an order dismissing PREPA's 9019 Motion because,
according to the UCC, "the Government Parties no longer support the underlying RSA, and
therefore the Court lacks subject matter jurisdiction over the dispute."  Motion to Compel ¶ 1.
The UCC asserts that "recent public statements from leaders of the Oversight Board and PREPA
in which they explain that the RSA must be renegotiated and that such renegotiations are
unlikely to begin until sometime in 2021" is evidence that the Government Parties have already
decided to abandon the RSA in its current form and to not prosecute the 9019 Motion.  Id.  In
particular, the UCC points to the statements of PREPA's former executive director, Jose Ortiz,

---

[2] Unless otherwise specified, all docket numbers referenced herein shall refer to docket numbers in Case
Number 17-BK-4780.
[3] Capitalized terms not defined herein shall have the meanings given to them in the Motion to Compel.

made "publicly during a high-profile industry conference last month that the RSA 'certainly has

to be renegotiated,' but that he "**do[es]n't see an RSA being agreed on until next year.**'"

Motion to Dismiss ¶ 3 (emphasis in original).  The UCC also relies on a statement from PREPA

governing board member Robert Poe that the "'RSA that was considered last year [is] a whole

different situation' given that interest rates have now plummeted such that 'money is almost

free at this point.'"  Motion to Compel ¶ 18.  The UCC argues that its Motion to Dismiss thus

places the factual issues of "whether or not the Government parties have already decided that

(i) the current RSA is no longer viable and needs to be renegotiated, and (ii) therefore, they do

not intend to prosecute the 9019 Motion to seek approval of the current RSA" at issue, and the

UCC is entitled to discovery concerning these facts.  Id. ¶ 1.  The UCC has agreed to narrow its

discovery requests to one document request and two three-hour depositions.  See id. ¶ 5.  The

document request seeks documents and communications, dated from June 1, 2020 through the

present, "relating to the status of the RSA and/or the 9019 Motion, including without limitation

documents relating to the status of the RSA and/or the 9019 Motion (including any

adjournment of the 9019 Motion), whether the RSA remains viable in its current form, and/or

whether the RSA may be renegotiated by the parties," from the following four custodians: Jose

Ortiz, David Skeel, Natalie Jaresko, and David Brownstein of Citi.  Motion to Compel, Ex. 1,

Document Request No. 1.  The UCC also agreed to forego Rule 30(b)(6) depositions of PREPA

and the Oversight Board and seeks to depose only Jose Ortiz and David Skeel.  See Motion to

Compel ¶ 5.

 The Government Parties, however, represent that no decision has been made to

abandon the RSA, and that they are continuing to evaluate the feasibility of the RSA in light of

the COVID-19 pandemic.  See Opposition ¶ 9.  Per the District Court's August 5, 2020 Order, the

Government Parties will "provid[e] an update on PREPA's financial condition and propos[e] next

steps with respect to the 9019 Motion" on September 25, 2020.  See id. (quoting Dkt. No.

2120).  They contend that the UCC is not entitled to any discovery because the UCC's requests

for documents and communications concerning the Government Parties' ongoing evaluation of

the RSA are overwhelmingly privileged, and the requests are irrelevant and disproportionate to

the needs of the UCC's motion.  See id.

### III.   ANALYSIS

#### A.   Relevance

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case . . . ."  The issues raised in the Motion to Dismiss are

whether the Government Parties have decided to abandon the RSA and whether they have

made a determination to not prosecute the 9019 Motion.  See Motion to Dismiss ¶ 4 ("The

dispositive question is whether the Government Parties are going forward with their motion,

the answer to which clearly is – and has been for a long time – a resounding 'no.'").  The

impetus for the UCC's Motion to Dismiss appears to be public statements made by certain

government officials, expressing their opinions that the RSA may need to be renegotiated.  See

Motion to Compel ¶¶ 1, 18.   The UCC claims that these statements are evidence that "PREPA

and the Oversight Board know the RSA has to change."  Id. ¶ 18.  The Government responds

4

that "[o]ne-off statements of individuals about the viability of the RSA do not change [the] basic

fact" that "absent formal termination, the RSA remains effective."  This Court agrees.

Individuals' opinions are of minimal probative value as to whether the Government

Parties have made a decision to abandon the RSA or not prosecute the 9019 Motion.  The UCC

does not allege that the RSA expired by its own terms.  Opposition ¶ 4.  The UCC also does not

dispute the fact that contractual termination of the RSA can only be achieved by resolution, and

no such resolution has been made.  Id.  As the Government Parties assert, "the RSA's status is

not a matter of opinion or a subject of inquiry, it is an objective fact and, by its terms, the RSA

remains in effect unless and until a termination right is exercised."  *Joint Objection of PREPA*

*and AAFAF to Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy*

*Rule 9019* Motion (Dkt. No. 2160) ¶ 3.  Thus, the discovery being sought by the UCC will not

address the critical question of whether the Government Parties have abandoned the RSA.

To the extent that the UCC's argument in connection with its Motion to Dismiss is

premised on an implied abandonment or termination of the RSA, there is sufficient information

in the record already to enable the UCC to present the argument to the Court.  Additional

discovery will not alter the number of extensions that have been sought by the Government

Parties to date.  Nor will it alter the content of the status reports filed by the Government

Parties describing a time-line (or, as the UCC contends, the absence of a time-line) for the

Government Parties to request a hearing on the RSA.  Similarly, in the status reports the

Government Parties acknowledge that they are still evaluating the viability of the RSA and that

they may not be presenting it to the Court for hearing in its present form.  There are sufficient

official statements by the Government Parties to squarely present the UCC's legal arguments to

the Court.  In sum, this Court finds that even the UCC's narrowed discovery requests are

disproportionate given the minimal relevance of the information it seeks to the Motion to

Dismiss.

B. <u>Privilege</u>

While this Court believes that much of the communications requested by the UCC may

be protected from disclosure by the attorney-client privilege, the work product privilege,

and/or the deliberative process privilege, this Court declines to address those arguments in

light of the conclusion that the discovery requests are disproportionate to the needs of the case

given their minimal relevance to the Motion to Dismiss.

**IV.      CONCLUSION**

For the reasons detailed herein, the Motion to Compel is DENIED.

This Order resolves Dkt. No. 14127 in 17-BK-3283 and Dkt. No. 2155 in 17-BK-4780.

SO ORDERED.

Dated: September 5, 2020

<u>/s/ Judith Gail Dein</u>
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE