# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## CONFIDENTIALITY AGREEMENT AND ORDER IN CONNECTION WITH (A) AMBAC ASSURANCE CORPORATION'S MOTION FOR ENTRY OF ORDER AUTHORIZING DISCOVERY UNDER BANKRUPTCY RULE 2004 CONCERNING COMMONWEALTH ASSETS [ECF NO. 9022] AND (B) AMBAC ASSURANCE CORPORATION'S MOTION FOR ENTRY OF ORDER AUTHORIZING DISCOVERY UNDER BANKRUPTCY RULE 2004 CONCERNING COMMONWEALTH CASH RESTRICTION ANALYSIS [ECF NO. 9023]

WHEREAS, on March 15, 2019, the Financial Oversight and Management Board for

Puerto Rico (the "Oversight Board") released a report titled the *IFAT Report on Title III Bank*

*Accounts* (the "Duff & Phelps Report") prepared by Duff & Phelps LLC ("Duff & Phelps") at

the request of the Oversight Board regarding the bank and investment account balances of

entities and instrumentalities of the Commonwealth of Puerto Rico (the "Commonwealth"); and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

WHEREAS, on October 2, 2019, the Oversight Board released a presentation regarding the bank and investment account balances of the entities and instrumentalities of the Commonwealth entitled "Bank Account Analysis: Status Update – June 30, 2019 Balances" (the "Account Update Presentation"); and

WHEREAS, on the same date, the Oversight Board released a second presentation regarding the bank and investment account balances of the entities and instrumentalities of the Commonwealth entitled "Mediation: Summary of Cash Restriction Analysis" (the "Cash Analysis Presentation," and collectively with the Account Update Presentation, the "Cash Presentations"); and

WHEREAS, on October 28, 2019, Ambac Assurance Corporation ("Ambac") filed a *Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] (the "Commonwealth Assets Rule 2004 Motion"); and

WHEREAS, on the same date, Ambac filed a *Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023] (the "Cash Rule 2004 Motion," and collectively with the Commonwealth Assets Rule 2004 Motion, the "Rule 2004 Motions"); and

WHEREAS, on January 26, 2020, Salud Integral en la Montaña ("SIM") filed a *Motion Requesting Participation in Ambac and Board Meet and Confer as to Aspects of Commonwealth's Financial Situation or in the Alternative, to Receive Copy of the Discovery* [ECF No. 10401]; and

WHEREAS, on January 27, 2020, the Official Committee of Unsecured Creditors (the "UCC") filed a *Joinder in Ambac Assurance Corporation's Motions for Rule 2004 Discovery*

2

*Concerning Commonwealth Assets [ECF No. 9022] and Commonwealth Cash Restriction Analysis [ECF No. 9023]* [ECF No. 10425]; and

WHEREAS, on January 31, 2020, Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "Assured"), and National Public Finance Guarantee Corp. ("National") filed a *Joinder to Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets (ECF No. 9022) and Cash Restriction Analysis (ECF No. 9023)* [ECF No. 10593]; and

WHEREAS, on February 3, 2020, Financial Guaranty Insurance Company ("FGIC") filed a *Joinder in Ambac Assurance Corporation's Motions for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets (ECF No. 9022) and Cash Restriction Analysis (ECF No. 9023)* [ECF No. 10605]; and

WHEREAS the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") possess confidential, proprietary, and commercially sensitive information that will be produced in connection with the Rule 2004 Motions; and

WHEREAS, SIM, Assured, National, FGIC, Ambac, the UCC, AAFAF and the Oversight Board (collectively, the "Parties") have, through the undersigned counsel, stipulated to the entry of this confidentiality agreement (the "Confidentiality Agreement") to facilitate the production of documents in connection with the Rule 2004 Motions while protecting such confidential information from improper disclosure and use;

THE PARTIES HEREBY AGREE as follows:

## **DEFINITIONS**

1.      "Material" shall mean and refer to all documents and electronically stored information, within the meaning of Rule 34 of the Federal Rules of Civil Procedure, made applicable to this Title III proceeding by Section 301 of PROMESA and Rule 7034 of the

Federal Rules of Bankruptcy Procedure, responsive to the Rule 2004 Motions and in the possession, custody or control of the Oversight Board, AAFAF, or any non-party; as well as any deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, responses to production requests, responses to deposition on written questions and other written, recorded, electronic, or graphic materials produced or made available by any Party or non-party; as well as any information contained in any of the above items.

      2.      "Confidential" or "Confidential Material" shall mean and refer to any Material produced by the Oversight Board, AAFAF or any non-party (each referred to herein as a "Producing Party") that the Producing Party considers in good faith to contain (a) personal information (b) commercial, financial, trade secret, research and development information of a proprietary nature that is not known to, or has not generally been made available to, the public or (c) other information the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.

      3.      "Professional Eyes Only" or "Professional Eyes Only Material" shall mean Confidential Material that a Producing Party considers in good faith to (a) contain or reflect highly confidential and sensitive proprietary information related to the Producing Party's previous, existing, or ongoing operations for which restricted access is necessary to prevent a risk of competitive or financial harm to the Producing Party in the ongoing operation of its business; or (b) contain or reflect the Producing Party's analyses, or the analysis of advisors retained by the Producing Party, regarding the bank and investment accounts of the Commonwealth, its agencies, instrumentalities, public corporations, and other entities; provided, however, that any such designation shall be without prejudice to the right of other Parties to challenge the appropriateness of such designation in accordance with the procedures in Paragraph 18; (c) contain or reflect an individual's financial information or other highly sensitive

personal information.

4.      "Qualified Persons" shall mean and refer to:

a.      personnel of the Parties and their respective affiliates, including but not limited to employees, officers and directors, to whom disclosure of information is appropriate for the litigation or mediation of the cases brought under Title III of PROMESA on behalf of the Commonwealth and/or its instrumentalities, and any adversary proceedings brought thereunder, including any hearings relating to a plan of adjustment filed on behalf of the Commonwealth and/or its instrumentalities (the "Title III Cases");

b.      House Counsel and Outside Counsel for each Party and their paralegals and other professional personnel including support and IT staff to whom disclosure of information is necessary for the litigation or mediation of the Title III Cases;

c.      testifying or consulting experts retained by any Party and their associates or other professional personnel including support and IT staff, and consultants to the Parties and their affiliates to whom disclosure of information is necessary for the litigation and mediation of the Title III Cases;

d.      any mediator retained by the Parties or appointed in connection with the Title III Cases and employees and consultants of such mediator who are assisting in the conduct of the mediation;

e.      anticipated or actual deposition, hearing and trial witnesses testifying in connection with the Title III Cases and to whom disclosure of information is necessary for such litigation;

f.  the United States District Court for the District of Puerto Rico, the United States Bankruptcy Court for the District of Puerto Rico, and any other court assisting in the administration or adjudication of the Title III Cases (collectively, the "Courts"), and all persons assisting the Courts, including judges, magistrate judges, law clerks, court reporters, translators, and clerical personnel;

g.  translators and outside litigation support vendors (including commercial copying and imaging services, vendors assisting with electronic discovery matters, and trial consultants) retained by a Party in connection with the Title III Cases;

h.  persons who are listed as authors, addressees, and recipients of documents containing Confidential Material or Professional Eyes Only Material to the extent they have previously had lawful access to such documents;

i.  professional court reporters and their staff engaged to transcribe testimony in the Title III Cases;

j.  any other person agreed to by the Producing Party, with such agreement at the Producing Party's sole discretion; and

k.  in the case of a monoline insurer, to its insurance regulators, to the extent such disclosure is requested or required by them or is determined by the monoline insurer to be advisable.

5.  "House Counsel" shall mean and refer to attorneys who are employees of a Party or an affiliate of a Party.

6.  "Outside Counsel" shall mean and refer to attorneys who are not employees of a Party but are (a) retained to represent or advise a Party, (b) affiliated with a law firm which has been retained on behalf of that Party, or (c) contract or temporary attorneys who have been

retained, directly or indirectly, by a law firm retained to represent or advise a Party or which has

been retained on behalf of a Party.

### SCOPE AND INTERPRETATION OF THIS CONFIDENTIALITY AGREEMENT

7.      This Confidentiality Agreement shall be applicable to, and shall govern, all

Material produced and disclosed in connection with the Rule 2004 Motions, and shall remain in

effect until further agreement of the Parties or further order of the Court. The protections

conferred by this Confidentiality Agreement cover not only Confidential Material and

Professional Eyes Only Material, but also (a) any information copied or extracted from

Confidential Material or Professional Eyes Only Material; (b) all copies, excerpts, summaries, or

compilations of Confidential Material or Professional Eyes Only Material; and (c) any testimony,

conversations, or presentations by Parties or their counsel that might reveal Confidential Material

or Professional Eyes Only Material.

8.      The Parties agree that issues relating to the use of Confidential Material and

Professional Eyes Only Material will be revisited in advance of any evidentiary hearing or trial

in connection with the Title III Cases, including but not limited to a confirmation hearing on a

plan of adjustment for the Commonwealth and/or its instrumentalities.

9.      All Material, including, but not limited to, Confidential Material and Professional

Eyes Only Material produced in connection with the Rule 2004 Motions shall be used only in

connection with the Title III Cases (except as otherwise agreed to by the Producing Party), and

not for any other business, competitive, personal, private, public, or other purpose whatsoever.

This Confidentiality Agreement shall be binding on the Parties and their successors, parents,

subsidiaries, divisions, affiliates, employees, officials, agents, retained consultants and experts,

and any persons or organizations over which they have direct control

7

10.    For the avoidance of doubt, nothing herein shall be deemed to waive or modify
any other confidentiality agreements or protective orders entered into by any of the Parties in
connection with litigation or mediation of the Title III Cases. To the extent other such
confidentiality agreements or protective orders entered into by any of the Parties require such
parties to designate material as Confidential or Professional Eyes Only based on the terms of
those agreements, the Parties agree to apply those designations in their document productions,
even if the documents would not qualify as Confidential or Professional Eyes Only based on the
standards articulated above, provided, however, that any such designation shall be without
prejudice to the right of other Parties to challenge the appropriateness of such designation in
accordance with the procedures in Paragraph 18.

## DESIGNATION OF CONFIDENTIAL
## MATERIAL AND PROFESSIONAL EYES ONLY MATERIAL

11.    Any Producing Party may designate any Material as (a) Confidential Material by
affixing the legend "CONFIDENTIAL" to each item satisfying the definitions set forth above
and (b) Professional Eyes Only Material by affixing the legend "PROFESSIONAL EYES
ONLY" to each item satisfying the definitions set forth above.

12.    If a Producing Party elects to make Confidential Material or Professional Eyes
Only Material available for inspection, the Producing Party need not mark the Material in
advance of any such inspection, but instead, if items are selected for copying, may affix the
labels to the selected items at that time. All Confidential Material and Professional Eyes Only
Material inspected, but not copied, is to be treated as Confidential Material or Professional Eyes
Only Material, as applicable.

13.    Where a Producing Party produces electronic files in native electronic format,
such electronic files and documents may be designated for protection under this Confidentiality

Agreement by appending to the file names or designators information indicating whether the files contain Confidential Material or Professional Eyes Only Material, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Confidential Material or Professional Eyes Only Material is produced in electronic format on a disk or other medium that contains exclusively Confidential Material or Professional Eyes Only Material, the "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" designation, as applicable, may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision to any Qualified Person in accordance with the terms of this Confidentiality Agreement, the Party printing the electronic files or documents shall affix a legend to the printed documents saying "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" and include the production number and designation associated with the native file.

14.     Whenever discovery is sought from a non-party, a copy of this Protective Order shall accompany the discovery request or subpoena. Any non-party producing Material pursuant to a subpoena or otherwise ("Third-Party Material") may also designate items as being "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" at the time of production, and such designation will have the full effect given to such labels by this Protective Order. If any Party chooses to challenge a non-party's designation of Third-Party Material as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" under the procedures set forth in paragraph 18, the producing non-party or the other Party may oppose that challenge. However, nothing herein shall be deemed to permit non-parties to review or obtain any documents or things designated as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" by any Party other than in accordance with paragraphs 19-21.

9

15.    In the case of deposition testimony and related exhibits, any Party may designate portions of the transcript (including exhibits) as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" by making a statement to that effect on the record during the course of the deposition, or by written notice to the other Party within thirty (30) days after receipt of the transcript; provided that the entire deposition transcript shall be treated as Confidential Material or Professional Eyes Only Material prior to each Party's designation or the expiration of the 30-day period, whichever comes first.  If the designation is made during the course of the deposition, or if a witness believes an answer will require him to divulge Confidential Material or Professional Eyes Only Material, or if the attorney taking the deposition believes that the question will divulge Confidential Material or Professional Eyes Only Material, all persons not permitted access to such Confidential Material or Professional Eyes Only Material, as applicable, under the terms of this Protective Order shall be excluded from the deposition room, and the designating party shall instruct the court reporter to place the legend "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY," as applicable, on the pages containing that information and to place on the cover of the transcript the legend "CONTAINS CONFIDENTIAL MATERIAL" or "CONTAINS PROFESSIONAL EYES ONLY MATERIAL." Where the designation is made after receipt of the transcript, each Party shall be responsible for marking the designated transcripts with the appropriate legend, as instructed by the designating Party.

16.    The failure to designate Material as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon prompt notice from the Producing Party of such failure to designate, the receiving Party

shall cooperate to restore the confidentiality of the Confidential Material or Professional Eyes Only Material. No Party shall be held in breach of this Confidentiality Agreement if, prior to notification of such later designation, such Confidential Material or Professional Eyes Only Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the correct designation. The receiving Party shall return or certify the destruction of the previously undesignated Material.

17.     The Parties agree that production of information that is subject to the attorney-client privilege, deliberative process privilege, work-product immunity or other privileges and immunities does not waive any privilege or immunity protecting such information from production. A Party receiving a request for the return of such produced documents shall return to the Producing Party or destroy such documents within three (3) days of receiving such request and destroy all remaining copies of the identified documents, including electronic, paper, and other copies, unless there is a dispute as to the legitimacy of a claimed privilege, in which case the parties shall promptly meet-and-confer regarding the dispute and present the matter to the Courts if they are unable to reach agreement. The Parties further agree that documents that have been designated "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" that also contain privileged information or highly sensitive personal identifying information (including, but not limited to, non-professional individual contact information, Social Security numbers, or personal credit card numbers), may be redacted as to the privileged or highly sensitive personal identifying information without altering the "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" designation. Should a Party challenge the redaction of such information, they may do so using the procedures outlined in paragraph 18.

11

18.     This Confidentiality Agreement shall not foreclose any Party from seeking a ruling from the Courts that a Party (or non-party) has improperly designated Material as Confidential Material or Professional Eyes Only Material. If a Party believes documents have been inappropriately labeled as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY," it shall identify the document(s) or information that it contends should be designated differently. Thereafter, the Parties (or Party and non-party) shall meet and confer in an attempt to resolve the dispute within five (5) days of receipt of the written list of challenged documents. If the dispute cannot be resolved, the objecting Party may seek the Courts' intervention, and the Party (or non-party) asserting confidentiality shall have the burden of establishing that the information should be protected from disclosure. Except as otherwise permitted under this Confidentiality Agreement, no Party shall disclose any Material labeled "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" in a manner inconsistent with the designation unless and until there is an agreement among the Parties and/or an order from the Courts ordering the designation to be removed.

## TREATMENT OF CONFIDENTIAL
## MATERIAL AND PROFESSIONAL EYES ONLY MATERIAL

19.     The substance or content of Confidential Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 4(a) through (k). No person shall disclose such information to those Qualified Persons identified in paragraph 4(c), (e), (g), or (i) herein without furnishing to such person a copy of this Confidentiality Agreement and obtaining from that person an executed Acknowledgement the form of which is set forth in Exhibit A, or unless ordered to do so by the Courts.

20.     The substance or content of Professional Eyes Only Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 4(b) through (k). No person shall disclose such information to those Qualified Persons identified in paragraph 4(c), (e), (g), or (i) herein without furnishing to such person a copy of this Confidentiality Agreement and obtaining from that person an executed Acknowledgement the form of which is set forth in Exhibit A, or unless ordered to do so by the Courts.  If any Qualified Person permitted access to Confidential Material or Professional Eyes Only Material receives a subpoena or documentary demand that encompasses any Confidential Material or Professional Eyes Only Material produced pursuant to this Confidentiality Agreement, that Qualified Person shall object thereto and provide prompt written notice to the Party or non-party who originally produced the Confidential Material or Professional Eyes Only Material, unless (i) prohibited from doing so by applicable law or (ii) in the case of a monoline insurer, the subpoena or documentary demand came from its insurance regulator(s). Except as authorized in paragraphs 19-20, no Confidential Material or Professional Eyes Only Material shall be produced absent such objection and prompt notice to the Party or non-party who originally produced the Confidential Material or Professional Eyes Only Material. If any Material designated as "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" is disclosed, through inadvertence or otherwise, to anyone not authorized under the terms of this Confidentiality Agreement, then the person inadvertently disclosing the Confidential Material or Professional Eyes Only Material shall use his or her best efforts to bind the recipient to the terms of this Confidentiality Agreement. Such person shall be informed promptly of all the provisions of this Confidentiality Agreement, identified to the non-disclosing Party, and requested to execute an Acknowledgement the form of which is set forth as Exhibit A.

21.     Any Confidential Material or Professional Eyes Only Material filed with or

otherwise submitted to the Court shall be filed or submitted under seal consistent with the local

rules for the United States Bankruptcy Court for the District of Puerto Rico, and any applicable

case management procedures. If any Confidential Material or Professional Eyes Only Material is

used in any court proceeding, it shall not lose its designation through such use, and the Parties

shall take all steps required to protect the confidentiality of the Confidential Material or

Professional Eyes Only Material during such use, including but not limited to designating the

portions of the hearing transcript concerning such Material as "CONFIDENTIAL" or

"PROFESSIONAL EYES ONLY." Should any Party seek to file redacted versions of

Confidential Material or Professional Eyes Only Material with the Courts rather than file full,

unredacted versions under seal, it will, in addition to the provisions of this Confidentiality

Agreement, follow all rules for filing established by PACER, including by redacting all bank

account numbers present on the documents prior to such filing.

22.     The restrictions imposed by this Confidentiality Agreement may be modified or

terminated only by written agreement of the Parties, or pursuant to Court order. This

Confidentiality Agreement shall not prevent any Party or non-party from entering into other

confidentiality agreements, or seeking protective orders, or seeking relief, including injunctive

and/or other equitable remedies, or from asserting evidentiary objections, in a court of competent

jurisdiction to prevent the disclosure or use of Confidential Material or Professional Eyes Only

Material.

23.     If the Parties are unable to agree on any matters relating to this Confidentiality

Agreement, or if any of the Parties believe there has been a breach of the Confidentiality

Agreement, the Parties agree that the Courts shall have full and exclusive jurisdiction over such

matters. For the avoidance of doubt, all Parties to this Agreement and all signatories of the

Acknowledgement explicitly consent to the jurisdiction of the Courts for such purposes.

24.     Nothing herein shall be construed as (a) preventing any Party from continuing to

use any Material in the public domain or that subsequently becomes part of the public domain

other than as a result of any act of such Party or disclosure in violation of this Confidentiality

Agreement; (b) limiting a Party's use or disclosure of its own information designated as

"CONFIDENTIAL" or "PROFESSIONAL EYES ONLY"; (c) preventing the disclosure of

Confidential Material or Professional Eyes Only Material with the consent of the designating

Party or non-party; or (d) preventing a Party from continuing to use any information or Material

that it had the right to use and which was obtained independently of disclosure in connection

with the Title III Cases.

25.     For purposes of this Confidentiality Agreement, documents and information

provided by a Producing Party to law enforcement, public or private regulatory agencies, or other

governmental authorities shall not be considered publicly available solely because they were

produced to law enforcement, public or private regulatory agencies, or other governmental

authorities. Nothing contained herein shall be construed to abrogate any confidentiality

protection to which a Party or non-party would otherwise be entitled with regard to documents

that were previously produced to law enforcement, public or private regulatory agencies, or other

governmental authorities.

26.      Nothing herein shall be deemed to be a limitation upon, or a waiver of, the rights

of the Parties or any objections the Parties may have, under the Federal Rules of Civil Procedure,

the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Evidence. The Parties

specifically reserve the right to challenge the designation of any particular information as

"CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" and agree that by stipulating to entry

of this Confidentiality Agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Agreement. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Material covered by this Confidentiality Agreement.

27.    Nothing in this Confidentiality Agreement will bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Material or Professional Eyes Only Material in rendering such advice so long as counsel does not specifically disclose the substance of the Confidential Material or Professional Eyes Only Material.

## **RETURN OF MATERIAL**

28.    At the conclusion of the Title III Cases, by way of final judgment, settlement or otherwise, including all appeals, and upon request by the Producing Party or non-party, all Material produced by the Parties or non-parties, along with all copies, summaries and compilations thereof (except documents filed with the Courts, depositions transcripts, and work product) shall be (a) returned to counsel for the Producing Party or non-party; or (b) destroyed by counsel for the Party in possession thereof. If any person is unable to destroy or return the Material upon reasonable effort, or is prevented from destroying or returning such Material due to applicable law, regulation or existing internal compliance policies, this requirement shall be excused; however, all other duties with respect to the confidentiality of this Material shall remain in effect. At the conclusion of the Title III Cases, the provisions of this Confidentiality Agreement shall continue to be binding upon all persons subject to this Confidentiality Agreement.

## OTHER PROVISIONS

29.     This Confidentiality Agreement shall not be construed to preclude or prevent any
party from presenting Confidential Material or Professional Eyes Only Material to the Courts in
connection with any trial or hearing in the Title III Cases, including but not limited to a
confirmation hearing on a plan of adjustment for the Commonwealth and/or its instrumentalities;
provided that the Parties agree that, prior to any trial or hearing when a Party reasonably believes
they may present Confidential Material or Professional Eyes Only Material to the Courts
(including a confirmation hearing), such Party will inform all other Parties that they intend to use
such material, and the Parties will meet and confer to determine procedures for the use of such
material by means of a separate order.

30.     This Confidentiality Agreement may be executed in counterparts. This
Confidentiality Agreement shall become effective as a stipulation as among the executing Parties
immediately upon its execution by such executing Parties.

*[Remainder of Page Intentionally Left Blank]*

**IT IS HEREBY STIPULATED:**

Dated: New York, New York
       April 17, 2020

O'NEILL & BORGES LLC

By: */s/ Hermann D.Bauer*
       Hermann D. Bauer
       USDC No. 215205
       250 Muñoz Rivera Ave., Suite 800
       San Juan, PR 00918
       Tel.: (787) 764-8181
       Fax: (787) 753-8944
       Email: hermann.bauer@oneillborges.com

PROSKAUER ROSE LLP

By: */s/ Martin J. Bienenstock*
       Martin J. Bienenstock*
       Stephen L. Ratner*
       Timothy W. Mungovan*
       Michael T. Mervis
       Margaret A. Dale*
       Eleven Times Square
       New York, NY 10036
       Tel.: (212) 969-3000
       Fax: (212) 969-2900
       Email:       mbienenstock@proskauer.com
                    sratner@proskauer.com
                    tmungovan@proskauer.com
                    mmervis@proskauer.com
                    mdale@proskauer.com

       * admitted *pro hac vice*

*Attorneys for the Financial Oversight and*
*Management Board and as representative of*
*the Commonwealth of Puerto Rico*

/s/ Elizabeth L. McKeen                         /s/ Luis C. Marini-Biaggi

John J. Rapisardi                                Luis C. Marini-Biaggi
Suzzanne S. Uhland                               USDC No. 222301
(Admitted *Pro Hac Vice*)                        Email: lmarini@mpmlawpr.com
**O'MELVENY & MYERS LLP**
7 Times Square                                   Carolina Velaz-Rivero
New York, New York 10036                         USDC No. 300913
Tel: (212) 326-2000                              E:mail: cvelaz@mpmlawpr.com
Fax:  (212) 326-2061
                                                 **MARINI PIETRANTONI MUÑIZ LLC**
-and-                                            250 Ponce de León Ave., Suite 900
                                                 San Juan, Puerto Rico 00918
Peter Friedman                                   Tel: (787) 705-2171
(Admitted *Pro Hac Vice*)                        Fax: (787) 936-7494
1625 Eye Street, NW
Washington, D.C. 20006                           *Co-attorneys for the Puerto Rico Fiscal*
Tel:  (202) 383-5300                             *Agency and Financial Advisory Authority*
Fax: (202) 383-5414

-and-

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994

*Attorneys for the Puerto Rico Fiscal*
*Agency and Financial Advisory Authority*

**FERRAIUOLI LLC**

By: */s/ Roberto Cámara-Fuertes*
      Roberto Cámara-Fuertes (USDC-PR No. 219002)
      Sonia Colón (USDC-PR No. 213809)
      221 Ponce de León Avenue, 5th Floor
      San Juan, PR 00917
      Telephone: (787) 766-7000
      Facsimile: (787) 766-7001
      Email: rcamara@ferraiuoli.com
            scolon@ferraiuoli.com

**MILBANK LLP**

By: */s/ Atara Miller*
      Dennis F. Dunne (admitted *pro hac vice*)
      Atara Miller (admitted *pro hac vice*)
      Grant R. Mainland (admitted *pro hac vice*)
      John J. Hughes, III (admitted *pro hac vice*)
      55 Hudson Yards
      New York, NY 10001
      Telephone: (212) 530-5000
      Facsimile: (212) 530-5219
      Email: ddunne@milbank.com
            amiller@milbank.com
            gmainland@milbank.com
            jhughes2@milbank.com

*Attorneys for Ambac Assurance Corporation*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: _/s/ Heriberto Burgos Pérez_
    Heriberto Burgos Pérez
    USDC-PR 204809
    Ricardo F. Casellas-Sánchez
    USDC-PR 203114
    Diana Pérez-Seda
    USDC-PR 232014
    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401
    Email:hburgos@cabprlaw.com
        rcasellas@cabprlaw.com
        dperez@cabprlaw.com

**CADWALADER, WICKERSHAM & TAFT LLP**

By: _/s/ William J. Natbony_
    Howard R. Hawkins, Jr.*
    Mark C. Ellenberg*
    William J. Natbony*
    Ellen M. Halstead*
    Thomas J. Curtin*
    Casey J. Servais*
    200 Liberty Street
    New York, NY 10281
    Telephone:  (212) 504-6000
    Facsimile:  (212) 504-6666
    Email:    howard.hawkins@cwt.com
        mark.ellenberg@cwt.com bill.natbony@cwt.com
        ellen.halstead@cwt.com thomas.curtin@cwt.com
        casey.servais@cwt.com

* _Admitted pro hac vice_

_Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp._

**CASILLAS, SANTIAGO & TORRES LLC**

By: */s/ Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

**PAUL HASTINGS LLP**

By: */s/ Nicholas A. Bassett*

Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Attorneys for the Official Committee of Unsecured Creditors*

REXACH & PICÓ, CSP                    BUTLER SNOW LLP


By: */s/ María E. Picó*                By: */s/ Martin A. Sosland*
    María E. Picó                              Martin A. Sosland (*pro hac vice*)
    USDC-PR 123214                             5430 LBJ Freeway, Suite 1200
    802 Ave. Fernández Juncos                  Dallas, TX 75240
    San Juan PR 00907-4315                     Telephone: (469) 680-5502
    Telephone: (787) 723-8520                  Facsimile:   (469) 680-5501
    Facsimile:   (787) 724-7844             Email:      martin.sosland@butlersnow.com
    E-mail:      mpico@rexachpico.com

    *Attorney for Financial Guaranty*            *\*Admitted pro hac vice in Case No. 17-BK-*
    *Insurance Company*                         *03283-LTS and Case No. 17-BK-03567-LTS*

    Jason W. Callen
    150 3rd Ave., S., Suite 1600
    Nashville, TN 37201
    Telephone: 615-651-6774
    Facsimile:   615-651-6701
    Email:      jason.callen@butlersnow.com

    *\*Admitted pro hac vice in Case No. 17-BK-*
    *03283-LTS and Case No. 17-BK-03567-LTS*

    *Attorneys for Financial Guaranty Insurance*
    *Company*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Robert Berezin*
     Jonathan Polkes (admitted *pro hac vice*)
     Gregory Silbert (admitted *pro hac vice*)
     Robert Berezin (admitted *pro hac vice*)
     Kelly DiBlasi (admitted *pro hac vice*)
     Gabriel A. Morgan
     767 Fifth Avenue
     New York, NY 10153
     Telephone: (212) 310-8000
     Fax: (212) 310-8007
     Email: jonathan.polkes@weil.com
           gregory.silbert@weil.com
           robert.berezin@weil.com
           kelly.diblasi@weil.com
           gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corp.*

*/s/ John E. Mudd*

John E. Mudd
Bar Number: 201102
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
Tel.: (787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

*Attorney for Salud Integral en la Montaña*

24

SO ORDERED:

               /s/ Judith Gail Dein
_____
Judith Gail Dein
United States Magistrate Judge

Dated: April 21, 2020

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO,
*et al.*,

        Debtors.[2]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ACKNOWLEDGEMENT

I,_____, state that:

1.     My address is_____.

2.     My present employer is_____.

3.     My present occupation or job description is _____

_____

_____

---

[2] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

4.      I received a copy of the Confidentiality Agreement on_____.

5.      I have carefully read and understand the provisions of the Confidentiality Agreement.

6.      I will comply with all of the provisions of the Confidentiality Agreement.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Agreement, and will use only for purposes of the Title III Cases, any Confidential Material and Professional Eyes Only Material that is disclosed to me.

8.      I will return all Confidential Material and Professional Eyes Only Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material and Professional Eyes Only Material.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Agreement.


Dated: _____        _____