# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| HON. WANDA VAZQUEZ GARCED (in her official capacity), and THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>                      Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>                      Defendant/Counterclaim-Plaintiff. | PROMESA<br>Title III<br><br><br><br>Adv. Pro. No. 20-00080-LTS |
| COOPERATIVE DE FARMACIAS PUERTORRIQUEÑAS (COOPHARMA),<br><br>                      Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>                      Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO'S OPPOSITION TO MOTION
OF COOPHARMA FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**

Defendant/Counterclaim-Plaintiff Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), respectfully submits this Opposition to the *Notice of Appearance and Second Motion Requesting Leave To File An Amicus Brief And For Amicus Status* [Case 17-bk-3283, ECF No. 15238] (the "Amicus Motion") of Cooperative de Farmacias Puertorriqueñas ("COOPHARMA") (the "Movant"). The Amicus Motion should be denied because it is proffered after the matter is *sub judice* and because the proposed Amicus Brief [ECF No. 15238-1] (the "Amicus Brief") seeks to introduce arguments irrelevant to the issues being decided in the pending Motion for Summary Judgment.

**BACKGROUND**

On July 20, 2020, Movant first moved to submit an amicus brief in support of the complaint [ECF No. 13717]. The Court denied that motion because, at the time, there was no pending motion challenging the complaint [Adv. Proc. 20-ap-00080, ECF No. 6]. On October 5, 2020, the Oversight Board filed its Motion for Summary Judgment [Adv. Proc. 20-ap-00080, ECF No. 16] (the "Motion for Summary Judgment") arguing, among other things, that the Government Parties violated PROMESA sections 108(a)(2), 204(c), and 204(a) in connection with enacting Act No. 82 of 2019 ("Act 82"), as well as Laws 47 and 181.

On October 23, 2020, the Plaintiff/Counterclaim-Defendants Governor Wanda Vázquez Garced (the "Governor") and Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") filed their Opposition to the Motion for Summary Judgment [Adv. Proc. 20-ap-00080, ECF No. 36] (the "Opposition").

2

The Oversight Board filed its Reply in Support of the Motion for Summary Judgment on November 5, 2020 [Adv. Proc. 20-ap-00080, ECF No. 49] (the "Reply"), and the Court held a hearing on the Motion for Summary Judgment on November 24, 2020 (the "Hearing").

When the Hearing was nearly concluded and seven weeks after the Oversight Board filed its Motion for Summary Judgment, Movant filed its Amicus Motion seeking leave to submit the Amicus Brief because the Motion for Summary Judgment "is a challenge to the Complaint . . . ." Amicus Motion at 3.

## ARGUMENT

The Amicus Motion should be denied because it is untimely and unfair to the Oversight Board, and because Movant's proposed Amicus Brief raises issues irrelevant to the matters in the Motion for Summary Judgment. The Amicus Brief, therefore, will not be helpful to the Court or otherwise provide supplemental assistance to existing counsel.[2]

First, the Amicus Motion is untimely. The Amicus Brief is intended to support the opposition to the Motion for Summary Judgment. Yet, the Amicus Motion was filed nearly two months after the Oversight Board filed its Motion for Summary Judgment, a month after the Governor and AAFAF filed the Opposition, and after the Motion for Summary Judgment had been fully briefed and argued. Purely from a timing perspective, Movant should have filed its brief shortly after the Oversight Board filed its Motion for Summary Judgment, or at least prior to the

---

[2] The Court has previously denied amicus status where a movant's request was untimely and the proposed amicus briefs would not aid the Court or provide supplemental assistance to existing counsel. *See In re Fin. Oversight & Mgmt. Bd. for P.R.*, 361 F. Supp. 3d 203, 216 (D.P.R. 2019) (denying submission of amicus brief in connection with COFINA Plan of Adjustment as untimely and not providing supplemental assistance to existing counsel).

Oversight Board's Reply Brief, as the Amicus Brief is substantially similar to the brief it had filed on July 20, 2020.[3]

Under these circumstances, accepting the Amicus Brief at this late juncture would prejudice the Oversight Board and could warrant additional briefing on an already fully-briefed Motion for Summary Judgment.[4] As a result, the Amicus Motion should be denied. *See* Fed. R. App. P. Rule 29(e) (requiring an amicus curiae brief to be filed within seven days of the principal brief of the party being supported); *see also Finkle v. Howard Cnty, Md.*, 12 F. Supp. 3d 780 (D. Md. 2014) (denying *amicus curiae* motion as untimely where it was filed after briefing on the motion at issue had already concluded); *Portland Pipe Line Corp. v. City of S. Portland*, 2:15-CV-00054-JAW, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017) (noting concerns with allowing participation of amici including "(1) inundating the judge with extraneous reading, (2) making an end run around court-imposed limitations on the parties, including . . . length and timing of the parties' briefs, (3) increasing the cost of litigation, (4) creating side issues not generated directly by the parties, and (5) injecting interest group politics into the federal judicial process.").

Second, Movant's proposed Amicus Brief raises issues irrelevant to the arguments made in the Motion for Summary Judgment. Specifically, the Amicus Brief makes various policy arguments in support of Act 82. However, these policy arguments are not relevant to the claims raised in the Motion for Summary Judgment. The Motion for Summary Judgment asserts, among other things, the Governor and AAFAF violated PROMESA sections 108(a)(2), 204(a) and 204(c)

---

[3] A redline comparing the proposed amicus brief filed on July 20 and the instant proposed Amicus Brief is attached hereto as Exhibit A.

[4] Additional briefing may be warranted in the event the Court rejects the Oversight Board's argument, below, that the Amicus Brief provides information that is not relevant to the adjudication of the Motion for Summary Judgment.

4

in connection with enacting Act 82. The policy arguments made in Movant's proposed Amicus Brief are a distraction and irrelevant to the matters at issue.[5]

Further, while Movant briefly discusses the sufficiency/formality of the Governor's 204(a) certification, Amicus Brief at 11–13, that issue has been fully briefed by the parties. *See* FOMB Mot. at 29–32; *see also* Government's Opposition at 22–29; FOMB's Reply at 15–19. Movant does not add anything new to the analysis. The proposed Amicus Brief therefore provides no "supplemental assistance to existing counsel" and will, instead, only create extraneous reading for the Court that has no bearing on the issues being decided. *See e.g.*, *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 361 F. Supp. 3d 203, 306 n.10 (D.P.R. 2019) ("Because the arguments untimely raised in the proffered amicus brief will not provide 'supplementing assistance' to existing counsel . . . at this juncture, the San Juan Motion is hereby denied."); *United States v. Keleher*, CR 20-019 (FAB), 2020 WL 4283226, at *5 (D.P.R. July 27, 2020) (barring filing of amicus briefs where briefs were unnecessary for proper presentation of case).

## CONCLUSION

For the foregoing reasons, the Amicus Motion should be denied.

[*Remainder of Page Intentionally Left Blank*]

---

[5] Indeed, the Motion for Summary Judgment explains how the Governor's and AAFAF's policy arguments are irrelevant because the Governor and AAFAF, among other things, failed to comply with certain provisions of PROMESA as a matter of law. Motion for Summary Judgment at 41–43; Reply at 25–27.

5

Dated: December 7, 2020  
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*  
Hermann D. Bauer  
USDC No. 215205  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel:  (787) 764-8181  
Fax:  (787) 753-8944  
Email: hermann.bauer@oneillborges.com

*/s/ Martin J. Bienenstock*  
Martin J. Bienenstock (*pro hac vice*)  
Timothy W. Mungovan (*pro hac vice*)  
Hadassa R. Waxman (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel:  (212) 969-3000  
Fax:  (212) 969-2900  
Email:  mbienenstock@proskauer.com  
            tmungovan@proskauer.com  
            hwaxman@proskauer.com

*/s/ Guy Brenner*  
Guy Brenner (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
1001 Pennsylvania Ave., NW  
Suite 600 South  
Washington, DC 20004  
Tel:    (202) 416-6800  
Fax:    (202) 416-6899  
Email: gbrenner@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer