# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re The Financial Oversight and Management Board for Puerto Rico, as representatives of the Commonwealth of Puerto Rico, et al., and particularly, Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA)  Debtor | Case no. 17-BK 3283-LTS PROMESA Title III 48 U.S.C. 2101 *et seq.* |
| Josefina Guinot Meléndez,  Creditor | Matter: Renewed Request for Lift of Stay |

# RENEWED REQUEST FOR LIFT OF STAY

JOSEFINA GUINOT MELÉNDEZ (hereinafter Ms. Guinot), creditor of the Commonwealth of Puerto Rico et al., and particularly, the Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA), respectfully appears through undersigned Counsel and alleges and prays:

1. Ms. Guinot again respectfully requests that the automatic stay of administrative proceedings be lifted in appeal proceeding no. 2001-07-54 before the Comisión Apelativa de Servicio Público (C.A.S.P.) and that C.A.S.P. be ordered to issue its resolution

2. In an Order dated 6/24/19 (Docket entry No. 7582), the Honorable Court terminated without prejudice a prior Request for Lift of Stay filed on April 16, 2019 (Docket entry no. 7580), which is hereby incorporated by reference), and directed that the parties fulfill the meet and confer requirements of Paragraph III.Q of the Case Management Order.

3. Undersigned counsel on behalf of Ms. Guinot has since requested that the opposing parties' counsel agree to meet and confer. See e.g., attached letter dated September 17, 2019 and

1

its latest delivery by email on May 5, 2020. Opposing counsel never responded to the request to Ms. Guinot or the undersigned.

4. Instead, Opposing Counsel has sought dismissal of Ms. Guinot's claim alleging there is no basis for it (Docket # 12125). Her claim is of course contingent on CASP resolution, which has been stayed. It is unfair to delay the entry of a final resolution, and argue that there is no basis for her claim.

5. Ms. Guinot did not respond to the debtor's objection to claim before the deadline. Her claim has been included in schedule C #308 of the proposed order at docket # 14720 to disallow her claim. On Friday, December 4, 202 she contacted the undersigned to help her.

## RELEVANT BACKGROUND

5. Ms. Guinot was a career employee at ASSMCA from 1991 until she was unlawfully terminated on July 17, 2001 due to my sex and sexual orientation.

6. On July 19, 2001, Ms. Guinot timely filed appeal No. 2001-07-54.

7. Section 2163(g) of the Puerto Rico Uniform Administrative Procedures Act (3 LPRA 2163(g)) provided that administrative appeals "*shall* be resolved within a term of six (6) months" of the filing date.

8. Incredibly, the administrative hearing was not held until February and April of **2016 (fifteen years later!)**, and the Examiner's report was not issued until July 13, **2018**. This unconscionable delay was caused by disputes over ASSMCA's failure to provide requested discovery and to timely answer motions, because ASSMCA changed lawyers four times, and

CASE No. 17-BK 3283-LTS

because the original administrative agency J.A.S.A.P. was succeeded by two intermediate agencies and finally by C.A.S.P.

9. The C.A.S.P. examiner finally issued a preliminary report of his findings and legal conclusions on July 13, 2018. She has not been allowed to see this report, despite repeated oral and written requests. Upon information and belief, the examiner's findings favor Ms. Guinot.

10. The C.A.S.P. subsequently on August 7, 2018 by order informed Ms. Guinot that the case would henceforth be subject to bankruptcy protection in these proceedings, and it declined to consider the Examiner's report and to issue a judgment.

11. Therefore, as of today, we have not been apprised of the Examiner's factual and legal conclusions, and even less of CASP's final resolution.

12. Ms. Guinot's claim is critically contingent on C.A.S.P.'s final resolution.

13. Opposing Counsels' failure to respond to the "meet and confer request" is sufficient cause to grant the lift of stay for a final resolution by C.A.S.P. after a twenty-year prejudicial delay.

## CERTIFICATION

I certify that requests were made to meet and confer with opposing counsel, and that Ms. Guinot (nor I) received a response.

## PRAYER

For the above reasons and the reasons expounded in Docket No. 7580 and in the attached letter, Ms. Guinot respectfully requests entry of judgment against the Commonwealth of Puerto Rico as follows: (i) disallowance of the claim be denied as to Ms. Guinot, (ii) that the automatic stay be lifted as requested in Ms. Guinot's prior Request for Lift of Stay filed on April 16, 2019 (Docket entry no. 7580, which is hereby incorporated by reference) (iii) that the commonwealth via C.A.S.P. be ordered to immediately produce the Examiner's July, 2018 report of factual and

3

CASE No. 17-BK 3283-LTS

legal findings, and (iv) that C.A.S.P. be ordered to issue a final resolution within a period of two months of entry of judgment of this motion with any such other and further relief as this Court deems just and proper.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. Paper copies have been mailed pursuant to Section II of the *Ninth Amended Notice, Case Management and Administrative Procedures* to:

(i)   Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to the chambers):
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312;

(ii)  Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301

San Juan, PR 00901-1922

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of December , 2020.

S/WILLIAM SANTIAGO-SASTRE
USDC PR NO. 201106
P.O. BOX 1801
SABANA SECA, P.R. 00952-1801
(786) 622-3939
wssbankruptcy@gmail.com