September 17th, 2019

Mr. Hermana Bauer
Hermann.Bauer@oneilborges.com
Ubaldo M. Fernández
Ubaldo.fernandez@oneilborges.com
Counsel for Oversight Board

Ms. Diana M. Perez
dperez@omm.com
Andres W. Lopez
andres@awllaw.com
Counsel for AAFAF

Re: Docket #7580 Case #17-03283
Entered June 24, 2019.
Motion for lift of Stay

Dear Counsels:

Ms. Josefina Guinot Melendez has asked me to help her comply with the instructions received in the termination order at docket # 7582 pertaining to her request for lift of stay. This letter is to "meet-and-confer" as required by Case Management Procedures.

(i) Identity of Movant and contact information: Josefina Guinot Melendez; her contact information for this purpose is mine, William Santiago Sastre Esq. P.O. Box 1801 Sabana Seca, Puerto Rico 00952-1801; wsantiagosastre@gmail.com 787-448-7032;

(ii) Claim and proceeding for which movant seeks relief: Labor claim against Administración de Servicios de Salud Mental y Contra la Adicción ("ASSMCA") for unjust and discriminatory dismissal and tort damages in Case Number 2001-07-0054 before the C.A.S.P. ("Comisión Apelativa de Servicio Pùblico); PROOF OF CLAIM NUMBER 169331.

(iii) Amount of Claim and asserted causes of action: Amount of clam: no less than $500,000. In the original administrative appeal filed on July, 2001, Ms. Guinot sought reinstatement and damages for the unjust dismissal from ASSMCA, and she further asserted that the dismissal was procedurally fatally defective. A claim for discriminatory dismissal based on her sex and sexual orientation was separately filed in court case No. KPE 2002-1438,

because at that time such causes of action were not within the administrative agency's jurisdiction. Subsequently, the law was changed to allow discrimination causes of action to be decided by the administrative forum. The Court ruled (with Defendants' express acquiescence) that the discrimination claim be consolidated with and heard in the administrative case. The administrative hearing was finally held in February and April of 2016, after a delay of fifteen years caused by disputes over ASSMCA's failure to provide requested discovery and to timely answer motions, because ASSMCA changed lawyers four times, and because the original administrative agency J.A.S.A.P. was succeeded by two intermediate agencies and finally by C.A.S.P. Ms. Guinot's claims which were ventilated during the Hearing included:

(a) ASSMCA breached section 8.3 of its own Personnel Regulations and did not apply progressive discipline (a due process violation), for example suspension, before resorting to the extreme sanction of a dismissal, which in itself it is an independent basis to revoke the dismissal;

(b) ASSMCA also breached its own Employee Regulation and violated Ms. Guinot's due process right by failing to follow the steps set forth in section 8.3 of its Regulations for a dismissal, which in itself is independent basis to revoke the dismissal;

  (1) Respondent ASSMCA failed to correctly notify its letter of intent to dismiss (Exhibit 18) to Ms. Guinot (it mailed it to the wrong address), which was never received, which in itself is an independent basis to revoke the dismissal;

  (2) Respondent ASSMCA did not inform Petitioner Ms. Guinot of her right to an informal hearing before the dismissal, nor did it properly warn her of what would happen in an informal hearing;

  (3) Respondent ASSMCA did not hold an informal hearing before the dismissal, which in itself is an independent basis for revoking the dismissal;

  (4) Respondent ASSMCA failed to adequately notify all the alleged grounds for which Ms. Guinot was dismissed, which in itself is an independent basis to revoke the dismissal;

(c) of the grounds for dismissal recited in the Notice of Dismissal (Exhibit 20), Respondent ASSMCA did not present evidence on "disrespectful and inappropriate language" or on "continuous pattern of unauthorized absences"; so there is no evidence to support those alleged grounds for dismissal.

(d) the evidence shows that Ms. Guinot was the victim of constant and prolonged workplace harassment due to her sexual orientation during all the time she was employed, which harassment hindered her work performance and deeply affected her and caused her lasting damage;

(e) Ms. Guinot reported the harassment to her supervisors, who did nothing to prevent the harassment; Respondent ASSMCA instead allowed co-workers to excoriate Ms. Guinot, calling her "queer", "crazy" "lesbian" and to falsely claim that she was "infected with AIDS" without taking corrective action against such staff;

(f) the fifteen-year delay between filing the appeal and the administrative hearing is principally due to ASSMCA's inaction in answering motions and fulfilling orders;

(g) the fifteen-year delay disproportionately prejudiced Petitioner's case, since at least one lawyer and at least one very important witness died, and she depends especially on witness testimony whereas Respondent's evidence is principally documentary;

(h) a dismissal must be based on incidents and evidence that are closely temporally related to the dismissal, and documents generated before the twelve months prior to dismissal may not be used as the basis for a dismissal, yet most of the evidence on which the dismissal was based (eg, Exhibits 1-12 of the appeal) is too remote, since it dates back to 1995-1999, and is related to a position prior to the post from which the appellant was dismissed in 2001;

(i) most of the documents (eg, Exhibits 1, 5, 7-12 of the appeal) invoked by ASSMCA to support the dismissal, are inadmissible hearsay evidence;

(j) most of the documents (eg, Exhibits 1, 5, 7-12 of the appeal) invoked by ASSMCA to support the dismissal, were not presented to Mrs. Guinot when they were generated so that she could timely react and defend herself from the allegations at the time they were generated, nor were they included in her employee file;

(k) ASSMCA did not consider it timely to initiate, nor did it initiate, a dismissal process during the 1995-1999 time frame during which Exhibits 1 and 7-12 of the appeal were generated, so it is not fair now to invoke those remote incidents to support the 2001 dismissal;

(l) prior to the Hearing, ASSMCA improperly retained documents despite repeated requests for production and petitions requesting sanctions, even falsely claiming that "all relevant documentation has been delivered" and that "additional documentation does not exist",

(m) prior to the Hearing, ASSMCA did not announce documents that it subsequently sought enter into evidence, in express violation of a pre-hearing Order that only previously announced documents may be used in the Hearing;

(n) Respondent's witnesses contradicted their own prior testimony and one evidenced a homophobic bias, which destroys their credibility and renders their testimony unreliable;

(o) Respondent's evidence (which is almost completely hearsay, or was unannounced, and includes witness testimony which contradicts earlier comments) fails to meet the its burden of proof to support the dismissal;

(p) Respondent ASSMCA unjustifiably did not answer Petitioner's August 7, 2007 SUMMARY JUDGMENT MOTION within the 20 days established in the Order issued on August 9, 2007 and notified on August 10, 2007, and breached the Order to Show Cause for such failure to respond issued on April 7 of 2008 and notified on April 9, 2008, without requesting a timely extension to comply with of these Orders. On April 21, 2008 Respondent was held to be in contempt. On October 21, 2008 Respondent's attorney's belatedly filed a Motion showing cause and a Response to Summary Judgment, alleging only that she was late because of having too much work. This excuse has been held to not constitute just cause for failure to respond and failure to timely request an extension. On January 13, 2016 the Examiner cursorily denied the Summary Judgment and other sanction motions and set a January status and a February hearing dates.

(q) Ms. Guinot requests $500,000 for her unjust dismissal, discrimination, and consequential damages over more than 18 years. Although in 2001 she originally sought reinstatement, the 16 year delay in holding a hearing (due to ASSMCA's actions and failure to act) and 3 year delay in adjudicating her claims has mooted reinstatement. Therefore, in

        the hearing and post-trial motions she requested that she be given retirement benefits and compensated for retirement benefits not received and damages therefor.

        The C.A.S.P. examiner finally issued a preliminary report in July of 2018. C.A.S.P. then sought bankruptcy protection.

(iv)  Brief description of status of the underlying claim: Based on information and belief, we understand that the C.A.S.P. examiner issued a preliminary report of his findings and legal conclusions on July 13, 2018, which we have not been allowed to see, despite repeated oral and written requests. The C.A.S.P. panel then declined to consider the report and issue a judgment, informing us that the case has been added and referred to the present bankruptcy proceedings.

(v)  Cause for Relief from Stay: An administrative judgment should be entered to determine the amount of Ms. Josefina Guinot Melendez's labor claim for $500.000.00. The execution of any such judgment is within this Court's jurisdiction and may be delayed pending this Court's ruling.

        She is in ill-health, so a prompt response to meet and confer is only fair.

Sincerely,

*[signature]*

William Santiago-Sastre