**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>                as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING AMBAC ASSURANCE CORPORATION'S MOTION FOR ENTRY OF ORDER AUTHORIZING THIRD-PARTY DISCOVERY UNDER BANKRUPTCY RULE 2004 CONCERNING PENSION LIABILITIES**

Upon the Motion[2] of Ambac Assurance Corporation ("Ambac"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for entry of an Order authorizing Ambac to seek third-party discovery from Milliman, Inc. ("Milliman") in connection with pensions Rule 2004 discovery, as more fully set forth in the Motion; and the Court having jurisdiction to consider the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and PROMESA § 306(a); and venue being proper before this Court pursuant to 28 U.S.C. § 1391(b) and PROMESA § 307(a); and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtor, its respective creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. Ambac is authorized, pursuant to Bankruptcy Rule 2004, to issue the subpoena attached as Exhibit E to the Motion.

3. Ambac is further authorized to issue a subpoena seeking deposition testimony from a Milliman representative pursuant to Federal Rule of Civil Procedure 30(b)(6) concerning the subject matter described in Exhibit E, with topics to be identified after a review of the produced materials.

4. Any documents produced to Ambac in response to a subpoena authorized under this Order shall also be produced to Assured Guaranty Corp., Assured Guaranty Municipal Corp. (together, "Assured"), and National Public Finance Guarantee Corporation ("National"), and counsel to Assured and National shall have the right to attend and participate in any deposition under Federal Rule of Civil Procedure 30 authorized under this Order. Assured and National shall

also have the right to participate in any meet and confer process or hearing related to the Motion or this Order.

   5. Nothing herein shall limit Ambac's, Assured's, or National's right to seek the deposition of a Milliman witness directly involved in the preparation of the actuarial valuation reports. Nothing herein shall limit Ambac's, Assured's, or National's right to seek additional discovery, including any additional documents or depositions, under Bankruptcy Rule 2004 and applicable law, based on any information that may be revealed as a result of the information provided pursuant to this Order or otherwise.

   6. This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order and to interpret, implement and enforce the provisions of this Order.

SO ORDERED.

Dated: _____, 2020

            _____
            HONORABLE JUDITH GAIL DEIN
            UNITED STATES MAGISTRATE JUDGE