## **EXHIBIT A**

## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE PRIMERA INSTANCIA
## SALA DE SAN JUAN

**GLADYS GARCÍA RUBIERA, ET. AL.,**

**DEMANDANTES**

**V.**

**ASOCIACIÓN DE SUSCRIPCIÓN CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO, ET.AL.**

**DEMANDADOS**

**CIVIL NÚM.: K DP2001-1441 (801)**

**SOBRE:**

**ACCIÓN DE CLASE LEY NÚM. 118 DE 25 DE JUNIO DE 1971; DAÑOS Y PERJUICIOS; RECOBRO DE INTERESES Y DEVOLUCIÓN DE PRIMAS**

---

## MOCION CONJUNTA SOBRE ACUERDO Y ESTIPULACION PARCIAL

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante y la codemandada Estado Libre Asociado de Puerto Rico (ELA) mediante las representaciones legales que suscriben y respetuosamente exponen y solicitan:

1.      Con fecha de 31 de julio de 2001 se presentó este caso en el que comparecieron como partes demandadas la Asociación de Suscripción Conjunta de Seguro Obligatorio (ASC) y varias aseguradoras.

2.      El Estado Libre Asociado de Puerto Rico (ELA) fue incluido mediante Tercera Demanda Enmendada presentada en septiembre de 2005. Según alegado por la parte demandante, el ELA fue incluido por razón de la aprobación de la Ley 230 del 2002 y la Ley 414 del 2004 que disponen que los fondos no reclamados en poder de la ASC, pasen al Departamento de Hacienda, sujetos a ser reclamados. Los no reclamados en poder del ELA, pasaran al Fondo General, luego de cinco años.

3.      En febrero del 2002 los demandantes presentaron una demanda de interdicto (injunction) en el Tribunal de Distrito Federal para el Distrito de Puerto Rico, (Tribunal Federal) en la que reclamaron que la transferencia de fondos pertenecientes a los demandantes a la custodia del ELA, sin la debida notificación a estos, los privaba de su propiedad sin el debido procedimiento de ley.  En dicho caso se certificó la clase como aquella cuyos integrantes son los propietarios de vehículos de motor que entre

1

los años 1998 a 2010, pagaron la prima de seguro compulsorio y la prima de seguro de responsabilidad pública convencional y no se les reembolsó la prima pagada del seguro compulsorio, aunque el pago era duplicado.

4.     Como consecuencia del procedimiento ante el Tribunal Federal, se dispuso que, desde agosto del 2013, el ELA estaba impedido de transferir, al Fondo General, los fondos no reclamados recibidos de la ASC, de acuerdo a la Ley 230 del 2002, sin que antes se hubiera notificado a los miembros de la clase conforme al debido procedimiento de ley. Se dispuso también que los fondos ya transferidos estarían sujetos a reclamo. En dicho caso, se acordó lo que constituirá la adecuada notificación, según expresada en el acuerdo ante el Tribunal Federal, "Settlement Stipulation", que se aneja y se hace formar parte de este documento  (Anejo A).

5.     En el presente caso se dictó Resolución el 10 de marzo de 2015, certificando la clase, la misma que se certificó en el Tribunal Federal, la cual es objeto de un proceso de revisión en el Tribunal Supremo de Puerto Rico promovido por la ASC.

6.     Conforme conversaciones encaminadas a un acuerdo, tanto en el presente caso como en el caso presentado en el Tribunal Federal, se estipuló la forma de notificación y el procedimiento de reclamo de los fondos no reclamados que mantiene el ELA, que corresponden a personas que adquirieron una póliza de seguro privada y también pagaron el seguro compulsorio, por lo que pagaron doble. En armonía con lo anterior los comparecientes acuerdan y estipulan lo siguiente:

**A.     Definición de la Clase**

La clase demandante se define como todos los dueños de vehículos de motor en el ELA, quienes, entre los años 1998 y 2010, pagaron el seguro de responsabilidad obligatorio, teniendo vigente una póliza de seguro privado, a quienes no se les ha reembolsado, ni se les ha concedido crédito, por el pago duplicado del seguro compulsorio.

**B.     Notificación individual y su contenido**



i.     A partir de 30 días de aprobada la notificación propuesta en el presente acuerdo, el Departamento de Hacienda enviará, mediante correo de primera clase, una notificación a los dueños de vehículo de motor que pagaron el seguro de responsabilidad obligatorio, teniendo vigente una póliza de seguro privada durante los años del 1998 al 2010 y que figuren en las listas recibidas de la ASC. Esta notificación será enviada a aquellos dueños cuyas direcciones incluyan la información requerida por el servicio postal de los EEUU, para que sea viable su entrega.  Las direcciones

2

serán suplementadas, o verificadas por el Departamento de Hacienda con información recibida del Departamento de Transportación y Obras Públicas o cualquier otra información o método de verificación disponible. La notificación informará que el titular podrá ser acreedor al reembolso del pago de la póliza del seguro compulsorio durante los años antes mencionados (Anejo B).

ii.   La notificación incluirá la información que el Departamento de Hacienda haya recibido de la ASC del posible reclamante, en cuanto a lo siguiente: nombre, dirección, los últimos cuatro dígitos del seguro social, número de licencia del vehículo, número de identificación del vehículo, nombre de la aseguradora privada, número de póliza de la aseguradora privada, el año objeto de reclamación y su derecho a ser excluido de la clase, si así lo desea. Conjuntamente con la notificación se incluirá el formulario correspondiente para que la persona notificada efectúe su reclamo.

La notificación informará al posible reclamante, la manera en que se solicitarán los reembolsos, que la misma le está siendo enviada como resultado de una estipulación y una sentencia en este caso y en el caso radicado en el Tribunal de Distrito Federal, la que incluye una disposición de honorarios contingentes pagaderos a los representantes legales de la clase demandante, de un 20%, de la cantidad a la que podrían tener derecho a reembolso o crédito los miembros de la clase, con un mínimo de honorarios de 1,375,000.00 dólares.   Además de lo anterior, se informará, en la notificación por correo, el derecho a objetar los términos de la estipulación y los honorarios de abogado.

**C.   Notificaciones Públicas**

i.   De conformidad con lo dispuesto en el caso ante el Tribunal Federal 02-1179 (GAG) el ELA, a su costo, publicará en un portal de internet, al que los potenciales reclamantes pueden tener fácil acceso, las listas de los años 1998 hasta el 2010, que el Departamento de Hacienda recibió de la ASC de los dueños de vehículo de motor que pagaron el seguro de responsabilidad obligatorio, teniendo vigente una póliza de seguro privado, así los dueños de los vehículos de motor tendrán acceso a éstas y a los años a los que tienen derecho a reclamar. El ELA, con la ayuda de su personal técnico creará, dicho portal en internet para que cualquier posible reclamante, pueda corroborar su condición de reclamante y su información personal (Anejo C).

ii. Comenzando 30 días luego de aprobado por el Tribunal y ordenada la notificación del presente acuerdo, una vez por semana y durante seis semanas consecutivas, se publicará un anuncio, a página completa, en los periódicos el Nuevo Día y el San Juan Star. Dicha notificación contendrá la información aquí acordada. Se incluye dicha notificación como anejo al presente acuerdo.

iii. El ELA tendrá disponible, en forma digital, las listas de los potenciales reclamantes en las Colecturías del Departamento de Hacienda y así los integrantes de la clase podrán acudir a estas para obtener información sobre si están o no incluidos en las listas. El personal de las colecturías le proveerá a los posibles reclamantes copia de las páginas en que aparezcan y una copia de la solicitud para requerir el reembolso, así como el término que tienen para reclamar. Asimismo, durante un período de cuatro semanas, dos veces diarias y diez veces por semana, se anunciará en las emisoras de radio WKAQ, Radio Isla y Radio Oro, de manera resumida, los términos de la presente estipulación y la manera en que podrán los posibles reclamantes, solicitar el reembolso. Estos avisos tendrán una duración de 30 segundos.

iv. El costo de la publicación de todos los avisos y notificaciones, incluyendo el aviso por correo de primera clase, publicación en los periódicos, internet y radio, será sufragado por el ELA.

**D. Término y Procedimiento para Reembolso**

i. Los componentes de la clase tendrán un período de dos años, contados desde la última publicación de la notificación en un periódico, para efectuar su reclamo al Departamento de Hacienda, en armonía con el procedimiento establecido en el presente acuerdo.

ii. Las partes acuerdan que, a los efectos de hacer el reclamo de la devolución del pago del seguro compulsorio, los integrantes de la clase completaran una solicitud con la siguiente información y requisitos: nombre, dirección, número del seguro social, número de tablilla del vehículo correspondiente, número de identificación del vehículo, nombre de la aseguradora privada, número de póliza y el año para el que se está efectuando la reclamación, según aparecen en las listas enviadas por la ASC al Secretario de Hacienda. Además, el reclamante deberá asegurar bajo penalidad de perjurio que, para el año y vehículo de motor correspondiente, era el titular de éste y que pagó el seguro compulsorio, así como una póliza de seguro privado que cubría dicho vehículo; que no

4

se le ha reembolsado, ni acreditado de manera alguna, el pago duplicado de seguro compulsorio; que es la persona que consta en las listas de dueños de vehículos de motor que pagaron el seguro de responsabilidad obligatorio teniendo vigente una póliza de seguro privado durante los años del 1998 al 2010 que la ASC envió al Departamento de Hacienda, según dichas listas han sido publicadas, o hechas accesibles por el Departamento de Hacienda mediante internet y además cualquier otro método. El formulario de reclamo se incluye como anejo al presente acuerdo y estará disponible en todas las Colecturías del Departamento de Hacienda (Anejo D). El formulario podrá incluir la solicitud de reembolso de uno o más vehículos y de uno o más años.

iii.   A los efectos de llevar a cabo el reclamo correspondiente, no se requerirá del reclamante información adicional alguna.

iv.   Luego de presentada la solicitud de reembolso, el Departamento de Hacienda tendrá un término de 120 días para cotejar que en efecto el reclamante efectuó un pago doble y deberá hacer el pago correspondiente a la devolución en las solicitudes que procedan dentro del mismo término. Dentro de ese mismo término, de no ser procedente el pago, notificará al dueño del vehículo de motor las razones por las cuales dicho reembolso no corresponde y no será efectuado.

v.   Los pagos a los reclamantes que cualifiquen, no contendrán cómputos de interés alguno, renunciando la clase demandante a los mismos.

**F.   Honorarios de abogado y gastos.**

De acuerdo a la Ley 118 del 25 de junio de 1971, según enmendada ("Ley de Acción de Clase de Consumidores") los comparecientes proponen para aprobación del Tribunal los siguientes honorarios:



i.   La representación legal de la clase demandante devengará, en concepto de honorarios de abogado, el 20% de todos los reembolsos y créditos efectuados por el Departamento de Hacienda a los integrantes de la clase que solicitaron durante el período de dos años establecido anteriormente. La cantidad del 20% será retenida por el Departamento de Hacienda de cada reembolso o crédito concedido a los individuos que componen la clase y de ésta se pagará a los abogados de la clase, los gastos del pleito y los honorarios de abogado.

ii.   El Departamento de Hacienda adelantará, de los fondos que ha recibido de la ASC objeto de la presente reclamación, los honorarios de abogado a los representantes legales de la parte demandante, en proporción de

5

75% al Lcdo. A.J. Amadeo Murga y de 25 % al Lcdo. Mario M. Oronoz, las siguientes cantidades y en las siguientes fechas:

1. $375,000.00 para el pago de gastos y honorarios de abogado, que será depositado en el Tribunal no más tarde de 90 días luego de aprobado el presente acuerdo por el Tribunal mediante sentencia.

2. $250,000.00 al año de efectuado el primer pago.

3. $250,000.00 al segundo año de efectuado el primer pago.

4. $250,000.00 al tercer año de efectuado el primer pago.

5. $250,000.00 al cuarto año de efectuado el primer pago, más cualesquiera honorarios adeudados, computados a base del 20% de las sumas reembolsadas o acreditadas, en los dos años aquí acordados, que excedan la suma adelantada de $1,375,000.00 y que no hayan sido previamente pagadas a los representantes legales de los demandantes.

iii. Cada seis meses, el Departamento de Hacienda proveerá a la representación legal de la clase demandante un informe sobre el número de solicitudes recibidas, incluyendo aquellas que fueron denegadas o rechazadas y las cantidades desembolsadas o acreditadas.

iv. De surgir del informe semestral que el 20% de las reclamaciones pagadas o acreditadas por el Departamento de Hacienda a los solicitantes, exceden la suma adelantada a los abogados, dicho exceso será pagado a éstos dentro de los siguientes 30 días y dicha suma pagada será acreditada al próximo plazo de la suma a adelantarse por el Departamento de Hacienda.

v. En consideración al adelanto de honorarios de abogado establecido en al Apartado F(ii) anterior, el Departamento de Hacienda retendrá de las sumas a reembolsar o acreditar a los reclamantes las cantidades recibidas en el Apartado F(i) anterior, hasta la cuantía de $1,375,000.00. Una vez se reponga esta cantidad, las cantidades adicionales, si alguna, descontadas de los pagos o créditos que se adjudiquen a los reclamantes, corresponderán, en concepto de honorarios de abogado a la representación legal de la clase. Estas serán pagadas cada 90 días.

7. La presente transacción no incluye a la codemandada ASC. La clase demandante se reserva su reclamación contra ASC por los intereses percibidos por ésta, producto o redito de los dineros por primas pagadas en poder de ASC antes de ser enviados al Secretario de Hacienda, conforme a la Ley 230 de 2002, y cualesquiera

6

primas retenidas por la ASC y no remitida al Secretario de Hacienda. La presente transacción se hace conforme a lo resuelto en *Szendrey v. Hospicare Inc*. 158 D.P.R. 648 (2003) e incluye solamente la responsabilidad del Estado Libre Asociado a la clase demandante y no la responsabilidad que pueda tener la ASC hacia la parte demandante por los intereses devengados.

8.    El Tribunal Federal en el caso 02-1179 (GAG) mencionado en los párrafos 3, 4 y 6 anteriores, aprobó el primero  de marzo de 2016,  mediante sentencia dictada la estipulación acordada por las partes en dicha acción y emitió un interdicto permanente, copia de la cual se incluye como anejo A.. De existir cualquier discrepancia entre esta estipulación y la acordada en el Tribunal Federal,  prevalecerá la presentada ante el Tribunal Federal.

9.    Con excepción de lo dispuesto expresamente en esta estipulación el presente acuerdo no dispone para el pago de intereses, penalidades, ni honorarios de abogado.

10.  El Tribunal retendrá jurisdicción para hacer cumplir los términos del acuerdo conforme a la intención de las partes.

POR TODO LO CUAL se solicita de este Honorable Tribunal que disponga:

a) Que la clase sea notificada sobre los términos de este acuerdo mediante los avisos aquí propuestos y se le conceda un plazo no mayor de 30 días para expresar cualquier objeción que pueda tener a los términos del mismo.

b) Que conforme dispone la Ley Núm. 118 del 25 de junio de 1971, según enmendada, se le de notificación al Secretario del Departamento de Asuntos del Consumidor de los términos del Acuerdo y se le conceda igual plazo de 30 días para expresarse.

c) Que transcurrido el plazo sin que se haya recibido una objeción por cualquier integrante de la Clase, ni del Secretario del DACO, apruebe el presente acuerdo dicte sentencia parcial, de conformidad con lo aquí expresado.

d) Se solicita además que, en vista al presente acuerdo y no existiendo razón para posponer el dictamen de la sentencia en cuanto a las partes aquí comparecientes hasta la resolución total del pleito, se ordene expresamente que la sentencia dictada se notifique y registre de acuerdo a la Regla 42.3 de Procedimiento Civil.



**CERTIFICO** que en esta misma fecha he enviado copia de la Moción que antecede a la **Lcda. Moraima Ríos Robles,** Mario Arroyo Law Offices, PSC, PMB 379, 1353 Ave. Luis Viguoreaux, Guaynabo, PR 00966.

**RESPETUOSAMENTE PRESENTADA**

En San Juan, Puerto Rico a 9 ~~29~~ de marzo de 2016.

**ANTONIO J. AMADEO MURGA**
RUA NUM. 1800
420 AVE. PONCE DE LEON
EDIFICIO MIDTOWN, SUITE 910
SAN JUAN, PR 00918
TEL: (787)765-2731
Email: ajamadeo@prtc.net

**ANGEL LÓPEZ HIDALGO**
RUA NUM. 6568
PO BOX 1187
TRUJILLO ALTO, PR 00977-1187
TEL: (787) 242-9154
Email: alh1955@gmail.com

**LCDO. MARIO M. ORONOZ**
RUA NUM. 2720
URB. TORRIMAR
K-4 CALLE BAMBU
GUAYNABO, PR 00966
TELS. (787) 782-1173 / (787) 294-255
Email: mmo@oronozlaw.com

8



4U20-01582996  $5-

1U19-02676692
$3-

1U19-02676693
$3-

1U19-01825992
$3-

1U19-01825954
$3-

1U19-02677820
$1-

1U19-02677819
$1-

1U19-02677816
$1-

1U19-02677829
.50¢

07 DEC 2020

**ANEJO A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, etc. | CIVIL NO.: 02-1179 (GAG) |
| Plaintiffs | |
| v. | |
| HONORABLE LUIS G. FORTUÑO, et al | DECLARATORY JUDGMENT; INJUNCTION; CIVIL RIGHTS; CLASS ACTION |
| Defendants | |

## STIPULATION FOR PERMANENT INJUNCTION

**TO THE HONORABLE COURT:**

COME the parties, represented by the undersigned counsel, and respectfully state and stipulate as follows:

1.      On August 19, 2013, the First Circuit Court of Appeals remanded this case to the District Court for further proceedings, including the entry of an injunction in accordance with its mandate, and any further provisions to be determined by the Court.

2.      On September 17, 2013, this Court through Hon. Gustavo A. Gelpí, U.S. District Judge issued an order to the parties to address the pending issues in accordance with the mandate of the Court of Appeals. (Docket No. 331)

3.      Since then, the parties have engaged in discovery regarding the contents, mechanics, and costs of the required notice, and at the same time, have carried out settlement negotiations in order to settle the issues addressed in the stated Order of the Court.

4.      As a result of the discovery and settlement negotiations in the case, the parties have reached an agreement as to the terms of the Injunction to be issued.

5.     Having extensively discussed the pending issues, it is in the interest of the plaintiffs' class and the defendant public officials to settle the present case on the terms and conditions set forth herein:

## I.     Class Definition

1.     Plaintiffs' class is defined as:

> All vehicle owners in the Commonwealth of Puerto Rico who paid duplicate premiums[1] between the years 1998 to 2010 who, up to the present time have not been reimbursed nor credited the duplicate payments.

## II.     Individual Notice, General Notice, and Their Contents

1.     This case is related to a parallel case pending before the courts of the Commonwealth of Puerto Rico (*García Rubiera v. Joint Underwriting Association, et al.*, K DP2001-1441 (801). Since the defendants in this action are being sued in their official capacities only and the Commonwealth of Puerto Rico is one of the two defendants in the case before the Commonwealth courts, and the plaintiff class is the same in both cases, it should be considered that the parties in this action are also parties in the parallel case. The negotiations to settle this action have been undertaken concurrently with negotiations to conclude the litigation between plaintiffs and the Commonwealth in the parallel action, in which said parties have also reached a settlement stipulation that will be subject to the approval of the Commonwealth court. In both actions it will be necessary to notify the members of the plaintiff class about the reimbursement procedure and other related matters. The parties herein have agreed that, postponing for a reasonable time the publication of the notice that they have agreed herein, would allow the

---

[1] Duplicate premiums are defined as the compulsory premium of $99.00 and $148.00 paid by vehicle owners who also acquired private automobile liability insurances.

2

Commonwealth court the opportunity to consider the stipulation for partial settlement that the plaintiffs and the Commonwealth will file in said parallel action, thus reducing costs and promoting judicial efficiency. The settlement stipulation in the Commonwealth case will also entail a notice similar to the one agreed herein. Hence, the parties consider that postponing said publication will save significant resources by allowing a single publication that will serve the purposes of both actions. Accordingly, the parties have agreed that the individual notices and the publication notice described below, will be sent and/or published not later than October 1st 2016. The nature and contents of such notices will be as follows:

### Individual Notice

a.      The Secretary of the Treasury will send a letter by first class mail to each vehicle owner who appears in the lists sent to the Secretary of the Treasury by the *Asociación de Subcripción Conjunta de Seguro de Responsabilidad Obligatorio* (hereinafter "ASC") for the years 1998 to 2010.  Letters will only be sent to those persons who have deliverable addresses in accordance with applicable USPS regulations, which address shall be supplemented or verified from information of the addresses of the vehicle owners in possession of the Secretary of the Department of Public Works and Transportation. The letter shall advise the vehicle owner that he/she/it may be entitled to apply for a reimbursement of the duplicate premiums for the year(s) stated in the letter. The letter will include the information contained in the lists forwarded by the ASC to the Secretary of the Treasury as to name, address, and last four digits of the Social Security Number,



3

license plate, VIN number, name of the insurance company, policy number, and

pertinent year. The letter shall also include an application form.

b.      The letter shall include the following statement:

This Notice is being sent in compliance with and as a result of a
stipulation and judgment issued in *Garcia Rubiera et al., v. Hon. Luis G.
Fortuño, et al.*, Civil No. 02-1179 (GAG), before the U.S. District Court
for the District of Puerto Rico and *García Rubiera v. Joint Underwriting
Association, et al.*, K DP2001-1441 (801).

### General Notice

c.      Defendants, at their cost, will publish the full list of all vehicle owners who may

be entitled to reimbursement from the years 1998 to 2010, as sent to the Secretary

of the Treasury by the ASC, in an internet website to which vehicle owners can

have ready access. The defendants, with the assistance of technical personnel, will

create said page in the internet to ensure that any person that has a reasonable

belief that he/she/it may be entitled to a reimbursement may obtain the required

information.  The content of the internet page will be agreed to by the parties.

d.      Once a week during six consecutive weeks, a full page notice will be published in

*El Nuevo Día* (in Spanish) and in *The San Juan Star* (in English) newspapers,

containing the information as agreed herein.  Copies of said notices will be agreed

to by the parties.

e.      Defendants shall provide access to the full list of potential applicants at any

Treasury Department collections office ("Colecturía") through available resources

including providing the applicants the page or pages of the lists in which the

applicants appear.

4

f.   Radio station notices, the contents of which will be agreed by the parties, shall be made twice daily, during a four-week period, in the following three radio stations: WKAQ, Radio Isla, and Radio Oro.

g.   The newspapers notices, the radio station notices and the internet web site shall make reference to the present stipulation and the manner in which reimbursement may be sought.

h.   Every six months the defendants shall provide plaintiff attorneys with a report containing the following information: (1) the number of applications filed, (2) the number of applications granted, (3) the number of applications denied and (4) the amounts paid or credited.

i.   The cost of the publication of all notices, including the mailing of first class mail, and the notices in the newspapers, the radio and in the internet shall be borne by the defendants.

## III.   Reimbursement Period and Reimbursement Procedure

1.   All class members will have two (2) years from the date the last one page advertisement is published in *El Nuevo Día* and *The San Juan Star*, advising the class of their right to apply for reimbursement, by filing a claim for reimbursement with the Secretary of the Treasury in accordance with the present stipulation.

2.   The parties agree that the vehicle owners can file their claims by making an application to the Secretary of the Treasury containing their name, address, Social Security Number, the vehicle license plates number, the Vehicle Identification number (VIN), the name of

5

the insurance company, the policy number and the year of the policy as said information appears in the lists sent by ASC to the Secretary of the Treasury and a statement to the effect that: (a) the applicant was, during the pertinent year, the owner of the motor vehicle and that he/she/it paid the private insurance premium and also the compulsory insurance premium; (b) has not been reimbursed of the compulsory insurance premium; and (c) is the person who appears in the list of vehicle owners entitled to reimbursement sent by the ASC to the Secretary of the Treasury for the years 1998 to 2010. No additional information shall be required in the application. Said application does not have to be notarized but shall be made under penalty of perjury. The application may contain the request for reimbursement for one or more motor vehicles or one or more years. A sample of the application form is included herewith.

3.    Applicants may seek reimbursement by filing an application through the internet website designated by the Secretary of the Treasury or by mail to the stated postal address of the Secretary of the Treasury.

4.    The Secretary of the Treasury will have 120 days to verify whether the information is correct and the applicant appears in the lists sent by the ASC and whether the applicant does not have any debt of taxes to the Government of Puerto Rico. Once the verification is made, the Secretary will proceed to approve the application and reimburse or credit the vehicle owner. If an application is rejected the reasons for the rejection will be notified to the applicant.

6

**IV.    Attorney's Fees and Jurisdiction**

1.    The attorneys for the Plaintiffs class applied for interim attorney's fees for their worked performed in this case until September 17, 2013, which were satisfied by the defendants pursuant to a stipulation on the subject. The attorneys for the Plaintiffs class have applied for a final award of attorney's fees in the total amount of $144,311.75 for Mr. Antonio J. Amadeo Murga and $30,431.25 for Mr. Mario M. Oronoz (*See docket nos. 436 and 444*) The parties have agreed to settle the application for final compensation by attorneys for the Plaintiffs class, including all costs. Accordingly, defendants will deposit with the Clerk of this court, within sixty days from the entry of judgment approving this Settlement Stipulation, the amount of $100,000.00 for Atty. Antonio J. Amadeo Murga, and $25,000.00 for Atty. Mario M. Oronoz. Such payments will satisfy all claims for legal fees and costs related to this action only.

2.    This court will retain jurisdiction to enforce the terms of this stipulation and judgment.

**WHEREFORE**, the parties respectfully request that the present stipulation and settlement be approved.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record.

In San Juan, Puerto Rico, on this 29th day of February, 2016.

7

s/ Antonio J. Amadeo Murga
*Counsel for plaintiffs*
USDC PR No. 110103
Midtown Bldg.
420 Ave Ponce de Leon - Ste 910
San Juan PR 00918
Tel. (787) 765-2731
Fax (787) 641-1845
ajamadeo@gmail.com

/s/Mario M. Oronoz
**MARIO M. ORONOZ**
*Counsel for Plaintiffs*
USDC PR 120606
Metro Office Park
14 Street 2, Ste. 305
Tel.: (787)294-5255
Fax: (787)782-1173
E-mail: mno@oronozlaw.com

s\ Luis N. Blanco Matos
*Counsel for defendants*
USDC PR No. 121612
PMB 304
PO Box 194000
San Juan PR 00919-4000
Tel. (787) 753-7040
Fax (787) 753-5390
lblancolex@gmail.com

**GONZÁLEZ CASTAÑER, PSC**
*Counsel for defendants*
128 F.D. Roosevelt Ave., 2nd Floor
San Juan, Puerto Rico 00918-2409
Tel. 787-758-7819/ Fax 787-758-4152

/s/José Luis González-Castañer
**JOSÉ LUIS GONZÁLEZ CASTAÑER**
USDC-PR 201905
jgonzalez@gcpsc.com





8

**ANEJO B**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

**DEPARTAMENTO DE HACIENDA**

San Juan, Puerto Rico

Nombre

Dirección _____

_____

_____

Fecha Notificación:

Número de Cuenta:

**RE: REEMBOLSO PAGO DOBLE DE PRIMA DEL SEGURO COMPULSORIO PERIODO 1998-2010**

Estimado contribuyente:

De Conformidad con la Orden dictada en el caso <u>Gladys García Rubiera, et al v. Juan Flores Galarza, et al</u>, Civil No. 02-1179(GAS), el Departamento de Hacienda le notifica que usted tiene derecho a reclamar un reembolso por el pago doble de la prima del seguro compulsorio que realizó en algún momento entre los años 1998 al 2010. Aquellos contribuyentes dueños de vehículo de motor que hicieron algún pago doble de la prima del seguro compulsorio durante el periodo de 1998 al 2010 y no han solicitado el reembolso por dicho pago podrán reclamarlo, según el procedimiento que se incluye.

De acuerdo con nuestros records, usted tiene derecho a reclamar reembolso para los vehículos de motor detallados al dorso.

[Ver el detalle al dorso. (INCLUIR INFORMACION DE LAS LISTAS)].

La solicitud para el reembolso puede ser enviada por internet al siguiente correo electrónico _____, o por correo a _____, en o antes de expirar el período de dos años, contados a partir desde la última publicación de este aviso en un periódico.

Esta notificación se efectúa en cumplimiento y como resultado de la estipulación y sentencia dictada en el caso le <u>García Rubiera, et al., v. Hon. Luis G. Fortuño, et al</u>, Civil Número 02-1179 (GAG) ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico, y estipulación en el caso de <u>Gladys García Rubiera, et al v. Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio</u>, Civil Número KDP2001-1441 (801) Sala de San Juan del Tribunal de Primera Instancia.

Cualquier pregunta puede comunicarse al (787) _____ - _____

Cordialmente,

Edgardo Betancourt
Secretario Auxiliar
Área de Seguros Públicos
Departamento de Hacienda

Copia

**Información adicional:**

El Secretario de Hacienda tendrá 120 días desde su presentación para verificar que la información contenida en su solicitud es correcta, que el solicitante aparece en las listas provistas por la ASC y que no adeuda contribuciones al Gobierno de Puerto Rico. Luego de hecha la verificación, el Secretario procederá a aprobar la solicitud y a reembolsar al dueño del vehículo. Si la solicitud es rechazada, las razones para el rechazo serán notificadas al solicitante por correo.

Todo solicitante tiene un período de dos años, contados desde la última publicación de este aviso en el periódico, para efectuar su reclamo al Departamento de Hacienda.

El reembolso de las primas duplicadas no conllevará el pago de intereses y del reembolso o crédito correspondiente y de este será descontado un 20% correspondiente a honorarios de abogados a:

Lic. Antonio J. Amadeo Murga                    Lic. Mario M. Oronoz
Midtown Bldg.                                   Urb.Torrimar
420 Ave. Ponce de León – Suite 910              K-4 Calle Bambú
San Juan, PR 00918                              Guaynabo, PR 00966

Dichos abogados  recibirán una cantidad equivalente al 20% de todos los reembolsos y créditos que el Departamento de Hacienda conceda a los reclamantes, que surjan de las solicitudes hechas durante el término de dos años a partir del último día en que esta notificación se publique en los periódicos, cuya suma no será menor de $1,375,000.00.

**ANEJO C**

## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE PRIMERA INSTANCIA
## SALA DE SAN JUAN

| | |
|---|---|
| GLADYS GARCÍA RUBIERA, ET. AL., | CIVIL NÚM.: K DP2001-1441 (801) |
| Demandantes | SOBRE: |
| V. | ACCIÓN DE CLASE LEY NÚM. 118 DE 25 DE JUNIO DE 1971; DAÑOS Y PERJUICIOS; RECOBRO DE INTERESES Y DEVOLUCIÓN DE PRIMAS |
| ASOCIACIÓN DE SUSCRIPCIÓN CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO, ET.AL. | |
| Demandados | |

### Aviso de Acción de Clase y Propuesta Transaccional



A TODAS LAS PERSONAS Y ENTIDADES QUE DURANTE EL PERIODO DE 1998 A 2010 PAGARON EL SEGURO COMPULSORIO PARA VEHÍCULOS DE MOTOR QUE VIAJAN POR LAS CARRETERAS PÚBLICAS DE PUERTO RICO, SEGÚN PROVISTO POR LA LEY 253 DE 1995, 26 SEC 8051 Y SUBSIGUIENTES, QUIENES COMPRARON DURANTE ESOS AÑOS SEGUROS PRIVADOS Y/O TRADICIONALES Y A QUIENES NO LE FUERON REEMBOLSADOS LOS $99.00 O $148.00 DE LA PRIMA COMPULSORIA POR HABER OBTENIDO SEGURO PRIVADO Y QUE TENGAN DERECHO A DICHO REEMBOLSO.

POR LA PRESENTE se le notifica que, en armonía con la Regla 20 de las de Procedimiento Civil de Puerto Rico y la Ley 118 del 25 de junio de 1971, según enmendada, (Ley de Acción de Clase de Consumidores) se ha llegado a un acuerdo entre los representantes de la clase y el codemandado Estado Libre Asociado de

1

Puerto Rico en cuanto a la acción incoada por la clase contra éste último, en el Tribunal de Primera Instancia, Sala de San Juan, así como también en el caso <u>Gladys García Rubiera, et als, v. Hon. Luis E. Fortuño, et al</u>, Civil No. 02-1179 (GAG) cuyo acuerdo tiene el propósito de notificar a los integrantes de la clase, de su derecho a obtener reembolsos de la prima de seguro compulsorio que no estaban obligados a pagar, ya que habían obtenido un seguro privado, por lo cual tienen derecho a dicho rembolso.

La estipulación transaccional tiene el propósito de informar a la clase, definida como: "Todos los dueños de vehículos de motor en el Estado Libre Asociado de Puerto Rico, quienes, entre los años 1998 a 2010 pagaron el seguro de responsabilidad obligatorio, teniendo vigente una póliza de seguro privado, a quienes no se les ha reembolsado, ni se les ha concedido crédito por el pago de dicho seguro compulsorio", la forma y procedimiento para obtener dichos reembolsos de las primas duplicadas como sigue:

1. El Secretario de Hacienda, comenzado treinta (30) días después de que se apruebe la notificación a la clase en este caso, y en el caso ante el Tribunal de Distrito Federal, Gladys García Rubiera, et als, v. Hon. Luis E. Fortuño, et al, Civil No. 02-1179 (GAG) enviará cartas por correo de primera clase a cada dueño de vehículo que aparezca en el listado enviado al Secretario de Hacienda por la Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio (ASC) para los años 1998 a 2010, a aquellas personas que tengan direcciones en las que se puedan entregar dichas notificaciones en armonía con las reglas aplicables del servicio postal de los Estados Unidos, cuyas direcciones serán suplementadas o verificadas con información de las direcciones de los dueños de vehículos que posea el Secretario del Departamento de Transportación y Obras Públicas.

a) La carta notificará a los dueños de vehículos de motor que pueden tener derecho a solicitar un reembolso de las primas duplicadas para los años expresados en la carta.

b) La carta incluirá la información contenida en las listas enviadas por la ASC al Secretario de Hacienda en cuanto a nombre, dirección, últimos cuatro dígitos del número de seguro social, número de tablilla, número

2

VIN, nombre de compañía aseguradora, número de póliza y los años pertinente.

c) La carta también incluirá un formulario de solicitud.

2. Además de la notificación por carta descrita en el acápite 1 anterior, el Secretario de Hacienda publicará el listado completo de dueños de vehículos que puedan tener derecho a reembolso para los años 1998 a 2010, según dicho listado fue enviado al Secretario por la ASC, en una página web de internet a la cual los dueños de vehículos de motor puedan tener fácil acceso. Dicha página de internet será creada de forma que cualquier persona que tenga una creencia razonable de que tiene derecho a reembolso pueda requerir la información, incluyendo su nombre e información pertinente del vehículo de motor por el cual pagó tanto la prima de seguro compulsorio como del seguro privado.

3. Además de la página de internet, la lista completa de todos los dueños de vehículos que podrían tener derecho a un reembolso estará disponible en forma digital en todas las colecturías del Estado Libre Asociado, y el personal de las mismas proveerá a los solicitantes la página o páginas en las que pueda aparecer el solicitante.

4. Este Aviso de Propuesta Transaccional será publicado en el periódico El Nuevo Día y en El San Juan Star, una vez por semana durante seis (6) semanas consecutivas.

5. Avisos serán también hechos dos veces diarias durante un período de cuatro semanas, diez veces por semana, en cada una de las en las siguientes estaciones radiales: WKAQ, Radio Isla y Radio Oro.

6. Todos los dueños de vehículos de motor que pagaron primas duplicadas durante el período de 1998 a 2010 podrán presentar una solicitud por internet a la siguiente dirección: _____

O por correo dirigida al Secretario de Hacienda a su dirección:

_____

3

La solicitud, ya sea por internet o por correo, incluirá el nombre, dirección, el número de seguro social del solicitante, número de tablilla del vehículo con derecho al reembolso, el número de identificación del vehículo (VIN) y de la compañía de aseguradora privada, número de la póliza y los años por los cuales reclama, según surge dicha información de las listas publicadas.

7. En la solicitud usted declarará bajo pena de perjurio que para el año o años correspondientes era el dueño del vehículo, que pagó la prima compulsoria y además la prima del seguro privado que corresponde a ese vehículo, que no ha sido reembolsado, ni se le ha acreditado dicho pago de alguna forma. No se le requerirá información o documentación adicional.

8. El Secretario de Hacienda tendrá 120 días para verificar que la información contenida en la solicitud es correcta, que el solicitante aparece en las listas provistas por la ASC y que no adeuda contribuciones al Gobierno de Puerto Rico. Luego de hecha la verificación, el Secretario procederá a aprobar la solicitud y a reembolsar al dueño del vehículo. Si la solicitud es rechazada, las razones para el rechazo serán notificadas al solicitante por correo.

9. Los componentes de la clase tendrán un período de dos años, contados desde la última publicación en el periódico, para efectuar su reclamo al Departamento de Hacienda, de acuerdo al procedimiento establecido en el presente acuerdo.

10. El reembolso de las primas duplicadas no conllevará el pago de intereses.

11. Este aviso se publica en cumplimiento y como resultado de la estipulación y sentencia dictada en el caso de García Rubiera, et al., v. Hon. Luis G. Fortuño, et al, Civil Número 02-1179 (GAG) ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico, y de Gladys García Rubiera, et al v. Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio, Civil Número KDP2001-1441 (801) Sala de San Juan del Tribunal de Primera Instancia. El nombre y dirección de los abogados de la clase son:

4

Antonio J. Amadeo Murga                    Mario M. Oronoz
Midtown Bldg.                              Urb.Torrimar
420 Ave. Ponce de León – Suite 910         K-4 Calle Bambú
San Juan, PR 00918                         Guaynabo, PR 00966

11.   Según propuesto al Tribunal de Primera Instancia en este caso, de conformidad con la Ley 118 del 25 de junio del 1971 (Ley de Acción de Clase de Consumidores), los abogados de la clase Antonio J. Amadeo Murga y Mario M. Oronoz recibirán una cantidad equivalente al 20% de todos los reembolsos y créditos que el Departamento de Hacienda haga a la clase, que surjan de las solicitudes hechas durante el término de dos años a partir del último día en que la notificación se publique en uno de los periódicos antes mencionados, cuya suma no será menor de $1,375,000.00 los cuales serán satisfechos de la siguiente manera:

    i.    $375,000.00 serán depositados en el Tribunal a los 90 días luego de aprobado el acuerdo mediante sentencia.
    ii.   $250,000.00 al año de efectuado el primer pago.
    iii.  $250,000.00 al segundo año de efectuado el primer pago.
    iv.   $250,000.00 al tercer año de efectuado el primer pago.
    v.    $250,000.00 al cuarto año de efectuado el primer pago.

Los honorarios a recibirse por los abogados de la clase demandante, de ser aprobados por el Tribunal, se distribuirán a razón de un 75% al Lic. Antonio J. Amadeo Murga y un 25% al Lic. Mario M. Oronoz.

12.   A consecuencia del acuerdo propuesto, los integrantes de la clase:
    i.    serán notificados de su derecho a reembolso dela manera expuesta en  este Aviso.
    ii.   podrán utilizar un método de reclamo más flexible que el actualmente en vigor.
    iii.  sus peticiones de reclamo serán resueltas dentro del término de 120 días.
    iv.   podrán verificar su identidad y efectuar su reclamo por internet.
    v.    tendrán el periodo extendido desde el año 1998 a 2010 para basar su reclamo.

5

13. Mediante este aviso se le informa que tiene el derecho a ser excluido del litigio en el Tribunal de Primera Instancia de San Juan, presentando dentro de los próximos treinta (30) días, a partir de la última publicación en el periódico, una moción solicitando se le excluya de la clase. La Sentencia incluirá a todos los miembros de la clase que no soliciten se les excluya.  Aún si no desea que se le excluya de la clase, usted puede comparecer ante el Tribunal representado por un abogado de su preferencia.

14.  Todos los integrantes de la clase Demandante tienen el derecho a objetar total, o parcialmente, el acuerdo propuesto, incluyendo la razonabilidad de los honorarios de abogado. Cualquier integrante de la clase que desee objetar el acuerdo por considerar que el mismo, total o parcialmente, es injusto o irrazonable, deberá presentar una objeción escrita personalmente, o a través de abogado privado ante el Tribunal de Primera Instancia, o en el Departamento de Asuntos del Consumidor(DACO). La objeción deberá contener el nombre y número del caso, una exposición clara de cada objeción y un resumen de la razón para cada objeción. **Todas las objeciones deben ser presentadas no más tarde de 30 días luego de la publicación del presente aviso en el periódico. No presentar las objeciones durante dicho término, privará a aquel integrante de la clase de su derecho a ser oído por el Tribunal de Primera Instancia, en el cual se ventila el caso y estará vinculado por el acuerdo propuesto.**

15. El pleito contra la codemandada Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio en el Tribunal de Primera Instancia de San Juan no es parte de esta transacción y el mismo continuará contra dicha codemandada.

En San Juan, Puerto Rico, a ____ de _____ de 2016.

6

**ANEJO D**

## SOLICITUD DE REEMBOLSO DE PRIMA DUPLICADA DEL SEGURO COMPULSORIO

**1. NOMBRE Y APELLIDOS DEL SOLICITANTE**

_____

**2. SEGURO SOCIAL DEL SOCILITANTE DEL SOLICITANTE (9 dígitos)\***

_____

**3. DIRECCION POSTAL\***

_____

**4. DIRECCION DE CORREO ELECTRONICO**

_____

**5. EL SUSCRIBIENTE ES EL DUEÑO DEL (LOS) VEHICULO(S) DESCRITOS A CONTINUACION Y BAJO PENA DE PERJURIO DECLARA QUE:**

    a. Es o era el dueño del (los) vehículo(s) descrito(s) a continuación, pagó una póliza de seguro privada y la póliza de seguro compulsorio al Departamento de Hacienda por dicho vehículo(s).

    b. El suscribiente no ha sido reembolsado, ni ha recibido crédito de la póliza de seguro compulsorio aplicable al (los) vehículo(s) aquí descrito(s).

    c. El suscribiente aparece en las listas de dueños de vehículo(s) con derecho a reembolso enviados por la Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatoria al Departamento de Hacienda correspondientes a los años 1998 al 2010.

    d. El suscribiente solicita el reembolso del pago del seguro compulsorio

**6. INFORMACION CORRESPONDIENTE AL (LOS) VEHICULO(S) POR EL (LAS) CUAL(ES) SE SOLICITA REEMBOLSO. (PUEDE UTILIZAR PAGINAS ADICIONALES SI ES NECESARIO).**

| Número de Tablilla | Número de Identificación del Vehículo (VIN)\* | Compañía Aseguradora\* | Número de Póliza\* | Año Reclamado\* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**\*INFORMACIÓN REQUERIDA**

**FECHA DE SOLICITUD:** _____

**FIRMA DEL SOLICITANTE:** _____