UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,
Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN CONNECTION WITH DECEMBER 9–10, 2020 OMNIBUS HEARING

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Status Report in connection with

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the December 9–10, 2020 omnibus hearing and in response to this Court's order, dated December 1, 2020 [ECF No. 15295].

### I. General Status and Activities of the Oversight Board

1. The Oversight Board and the Government of Puerto Rico (the "<u>Government</u>") continue to collaborate to protect the health and welfare of the people of Puerto Rico from the COVID-19 virus amid the recent increase in COVID-19 cases, while ensuring critical businesses may remain open to provide for the needs of the people of Puerto Rico. To ensure the health and safety of the people of Puerto Rico, the Government recently announced restrictions aimed at limiting the spread of the virus, including, among other things, limiting the hours and capacity of businesses. As set forth in previous Status Reports, the Oversight Board has worked closely with the Government over the past several months to define how to best utilize over $750 million in emergency funding, with a clear focus on responding to and managing the pandemic.

2. In addition, the Oversight Board has taken steps to create a better environment to attract outside investment spurring economic growth by, among other things, evaluating pharmaceutical manufacturing opportunities on the Island, expanding broadband access to communities, and providing support to small businesses. The Oversight Board remains focused on achieving its mandates under PROMESA so that fiscal sustainability, access to capital markets, and economic prosperity and growth can return to Puerto Rico.

### II. General Status of Relations Among the Oversight Board and Commonwealth and Federal Governments

3. The Oversight Board agrees with Governor Wanda Vázquez Garced that the health, safety, and economic welfare of the people of Puerto Rico must be the number one priority. As was explained in the previous Status Report, in October 2020, the Oversight Board proposed a temporary expansion of Medicaid coverage that would provide more than 200,000 Puerto Ricans

with health insurance during the COVID-19 pandemic. Following productive discussions with the Government, on November 20, 2020, the Oversight Board conditionally approved a contract amendment to effectuate such temporary expansion of Medicaid.[2] This amendment expands Medicaid coverage by increasing the Puerto Rico poverty line. In addition to effectuating a temporary expansion of Medicaid, the amendment also increases the "per member per month" rate paid by the Government. The cost of this amendment is primarily covered by federal Medicaid funds, with a portion of the cost also offset by the savings associated with shifting members of the Commonwealth population into the Medicaid program. This expansion of Medicaid is temporary, as supplemental federal funding that offsets Puerto Rico's Medicaid costs is set to expire in September 2021. The Oversight Board remains ready to work with the Government to implement the temporary expansion in a fiscally responsible manner.

4. In addition, as explained in the previous Status Report, the Oversight Board identified approximately $80 million in payments made by the Puerto Rico Department of Education ("PRDE") to employees who were not working due to an ineffective attendance and payroll system, and provided certain steps for PRDE and the Government to remedy the issue. On October 30, 2020, the Oversight Board approved a contract with a firm which will manage the resolution of the issue on the ground, ensure an automated attendance and payroll program is promptly established, and ensure appropriate payroll adjustments are made. The Oversight Board anticipates full implementation by the end of 2020, with the resolution of this issue reflected in payroll issued in January 2021. The Oversight Board remains focused on resolving this issue to

---

[2] The Oversight Board's approval was conditioned on the Government's re-submission of a timebound State Plan Amendment providing that the expansion of Medicaid does not extend beyond September 30, 2021. The Government has complied with this condition.

3

ensure Puerto Ricans' tax dollars are used efficiently and honestly, and to ensure fiscal accountability.

5. Recently, new regulations were proposed by the United States Internal Revenue Service that could impact Act 154 tax revenues. Currently, multinational manufacturing operations in Puerto Rico can take a federal tax credit for the Act 154 tax they pay to the Commonwealth, which is a significant source of revenue for the Commonwealth, making up approximately 20% of General Fund revenues. The Oversight Board is working with the Government to evaluate the viability of Act 154 and potential alternatives in light of the new regulations, and aims to ensure any change to the applicable tax provisions will preserve the Commonwealth's revenue streams and encourage economic development.

6. The relationship between the Oversight Board and the Government continues to be collaborative. However, the Government has continued to enact laws contrary to PROMESA and the Certified Fiscal Plan. Specifically, the Government recently enacted Acts 80, 81, and 82, related to retirement and pension benefits, which could cost the Commonwealth up to $8.3 billion. The Government has agreed not to implement these laws until an agreement is reached with the Oversight Board, and the Oversight Board continues to work with the Government to evaluate the fiscal effect of these laws.

### III. General Status of Work Toward Plans of Adjustment

7. On November 20, 2020, the Oversight Board approved the resumption of negotiations on a plan of adjustment with creditors and other parties pursuant to the mediation agreement. Mediations resumed the first week of December, and the Oversight Board anticipates inviting all major stakeholders to participate in mediation. In addition, the Oversight Board has

4

had numerous discussions outside of the official mediation process, in an effort to reach consensus on plans of adjustment.

**IV. General Status of ADR and ACR Processes, Anticipated Number of Matters Directed into ADR, and Anticipated Timetable for Initiation of ADR Procedures with Respect to Such Matters**

8. Pursuant to the *Order (A) Authorizing Administrative Resolution of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order"), the Debtors have filed six notices transferring claims into Administrative Claims Reconciliation (as defined in the ACR Order), see *First Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 13603] (the "First ACR Notice"), *Second Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 14182] (the "Second ACR Notice"), *Third Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 14785] (the "Third ACR Notice"), *Fourth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15027] (the "Fourth ACR Notice"), *Fifth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15086] (the "Fifth ACR Notice"), *Sixth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15116] (the "Sixth ACR Notice"), and have transferred over 15,000 claims (collectively, the "ACR Designated Claims"), into Administrative Claims Reconciliation. The ACR Designated Claims will be resolved utilizing the Pension/Retiree Procedures, the Tax Refund Procedures, the Public Employee Procedures, and/or the Grievance Procedures (as defined in the ACR Order), as set forth in the ACR Transfer Notices.

9. Subsequent thereto, the Debtors have filed notices, see *Notice of Filing of First Administrative Claims Resolution Status Notice* [ECF No. 14515] and accompanying *First Administrative Claims Resolution Status Notice* [ECF No. 14515-1] (the "First ACR Status

Notice"), and *Notice of Filing of Second Administrative Claims Resolution Status Notice* [ECF No. 15367] and accompanying *Second Administrative Claims Resolution Status Notice* [ECF No. 15367-1] (the "Second ACR Status Notice"), wherein the Debtors reported the successful resolution of hundreds of ACR Designated Claims. Mailings have been made, or are in the process of distribution, informing claimants of the initiation of the ACR process and the timetable for the resolution of their ACR-related claims. The Debtors' next ACR Transfer Notice (as defined in the ACR Order) is scheduled to be filed on January 5, 2021. The Debtors anticipate transferring additional claims into Administrative Claims Reconciliation at that time.

10. Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), the Debtors have filed seven notices transferring claims into the ADR Procedures (as defined in the ADR Order), see *First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609] (the "First ADR Notice"), *Second Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14090] (the "Second ADR Notice"), *Third Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14521] (the "Third ADR Notice"), *Fourth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14786] (the "Fourth ADR Notice"), *Fifth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15085] (the "Fifth ADR Notice"), *Sixth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15113] (the "Sixth ADR Notice"), the *Seventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15217] (the "Seventh ADR Notice"), and have transferred approximately 222 claims into the ADR Procedures.

11. Subsequent thereto, the Debtors have filed notices, see *First Alternative Dispute Resolution Status Notice* [ECF No. 14185] (the "First ADR Status Notice"), *Second Alternative*

*Dispute Resolution Status Notice* [ECF No. 15028-1] (the "Second ADR Status Notice") indicating the First ADR Designated Claims and the Second ADR Designated Claims are currently in the Offer-Exchange (as defined in the ADR Order) phase of the ADR Procedures. The Debtors are evaluating any responses received and attempting to engage the claimants in the hopes of achieving a consensual resolution of the First ADR Designated Claims and the Second ADR Designated Claims. In addition, offer letters were sent to the holders of the Third ADR Designated Claims on December 7, 2020. Responses to those offer letters are due on January 4, 2021. Further, the Debtors are currently preparing offers with respect to the Fourth ADR Designated Claims, the Fifth ADR Designated Claims, the Second ADR Designated Claims, and the Seventh ADR Designated Claims, and anticipate sending offer letters to such claimants as set forth in the ADR Order.

12. The Debtors' review and analysis of the claims filed to date remains ongoing. At present, the Debtors continue to estimate conservatively that the maximum number of claims that might be transferred into the ADR Procedures is 7,000. However, the actual number transferred might be as low as 1,000 claims. At this time, the Debtors cannot predict with certainty the timing for the initiation of ADR Procedures with respect to this population of claims.

[*Remainder of page intentionally left blank*]

Dated: December 8, 2020
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      brosen@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M. Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as Representative of the Debtor*