*Hearing Date: TBD*
*Objection Deadline: TBD*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Hearing Date: TBD*
*Objection Deadline: TBD*

|  |  |
|---|---|
| Debtor. _____ In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,  as representative of THE PUERTO RICO ELECTRIC POWER AUTHORITY,  Debtor. _____ | PROMESA Title III Case No. 17 BK 4780-LTS |

**MOTION TO EXTEND DEADLINE FOR MOTION FOR DEFAULT JUDGMENT IN STANDING ORDER REGARDING
PROCEDURES FOR DEFAULT JUDGMENT MOTION PRACTICE
<u>AND CLERK'S ENTRIES OF DEFAULT</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

JURISDICTION, VENUE, AND STATUTORY BASIS ..............................................................3

FACTUAL BACKGROUND.........................................................................................................3

      I.      The Procedures Motion and Entries of Default .........................................................3

      II.     The Current Situation..................................................................................................5

RELIEF REQUESTED...................................................................................................................6

ARGUMENT..................................................................................................................................6

      I.      There is Cause to Extend the Default Judgment Motion Deadline...........................6

      II.     The Motion is Timely. ...............................................................................................7

NOTICE..........................................................................................................................................7

PROPOSED ORDER ........................................................................................................Exhibit A

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC," and hereinafter, the SCC may be more broadly referred to as the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee," and together with the Oversight Board, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[2] and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by sections 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting that this Court extend certain deadlines established in the *Standing Order Regarding Procedures for Default Judgment Motion Practice,* ECF No. 13421 in Case No. 17-3283 (the "Default Judgment Standing Order"), and requesting entry of an order, substantially in the form attached hereto as Exhibit A (the "Default Judgment Motion Extension Order"). Movants have filed this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous adversary proceedings. In support of this Motion, Movants respectfully state as follows:

## PRELIMINARY STATEMENT

1. Movants have filed motions requesting entry of and the Court has entered default against the following five (5) defendants who have failed to answer, appear, or otherwise move this Court:

   a) Corporate Research & Training, Inc (Adversary Proc. No. 19-00151);

   b) S & L Development S.E. (Adversary Proc. No. 19-00243);

---

[2] 11 U.S.C. §§ 101 *et seq.*, as incorporated into these proceedings by PROMESA, defined above.

  c) I.D.E.A., Inc. (Adversary Proc. No. 19-00268);

  d) Next Level Learning, Inc. (Adversary Proc. No. 19-00129); and

  e) Postage By Phone Reserve Account (Adversary Proc. No. 19-00181) (each individually, a "Default Defendant" and together, the "Default Defendants").[3]

2. On June 12, 2020, the Court entered the Default Judgment Standing Order setting the deadline for Movants to file the motion for default judgment. Pursuant to the Default Judgment Standing Order, any Motion for Default Judgment must be served within sixty (60) days after the Clerk's Entry of Default.

3. On October 26, 2020, the Clerk's Entry of Default was entered against Corporate Research & Training, Inc (Adversary Proc. No. 19-00151); S & L Development S.E. (Adversary Proc. No. 19-00243); I.D.E.A., Inc. (Adversary Proc. No. 19-00268); and Next Level Learning, Inc. (Adversary Proc. No. 19-00129). Movants have until December 28, 2020 to move for default judgment in these cases.

4. On June 17, 2020, the Clerk's Entry of Default was entered against Postage By Phone Reserve Account (Adversary Proc. No. 19-00181). Movants' current deadline to move for default judgment against Postage By Phone Reserve Account is December 18, 2020. *See Order Granting Second Omnibus Motion to Extend Deadline for Motion for Default Judgement in Standing Order Regarding Procedures for Default Motion Practice and Clerk's Entries of Default* [Docket No. 14517 in Case No. 17-3283]. Movants request further extension of the deadline to move for entry of default in the case of Postage By Phone Reserve Account to

---

[3] This is the first request for an extension for Adversary Proc. Nos. 19-00151, 19-00243, 19-00268, and 19-00129. Movants have requested, and this Court has granted, two prior extensions for Adversary Proc. No. 19-00181. *See Order Granting Omnibus Motion to Extend Deadline for Motion for Default Judgement in Standing Order Regarding Procedures for Default Motion Practice and Clerk's Entries of Default* [Docket No. 14036 in Case No. 17-3283]; *Order Granting Second Omnibus Motion to Extend Deadline for Motion for Default Judgement in Standing Order Regarding Procedures for Default Motion Practice and Clerk's Entries of Default* [Docket No. 14517 in Case No. 17-3283].

continue gathering the evidence in light of the situation caused by COVID-19, among other reasons.

5. The Default Judgment Standing Order requires Movants to provide evidence, in admissible form, of such facts as Movants would have proffered to meet their burden of proof in their direct cases had trial been held in the adversary proceedings. Movants are assembling such evidence. However, due ongoing challenges from the COVID-19 pandemic, Movants require additional time to obtain all admissible evidence.

6. Such an extension will not prejudice the Default Defendants, who have failed to respond or answer their respective complaints and any informal attempts to resolve their adversary pleadings in the past year. Moreover, the Default Defendants will still have the same amount of time to oppose any motion for default judgment, should they choose to do so.

## JURISDICTION, VENUE, AND STATUTORY BASIS

7. This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

8. Venue is proper pursuant to section 307(a) of PROMESA.

9. The statutory basis for the relief requested herein is Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

**I.** **The Procedures Motion and Entries of Default**

10. Movants incorporate by reference the "Factual Background" section of the *Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II)*

3

*Establish Procedures For The Approval Of Settlements* ECF No. 7325, Case No. 17-3283 (the "Procedures Motion") and restate the most pertinent facts herein.

11. In April 2019, Movants filed approximately 250 avoidance actions seeking to avoid and recover transfers from the Commonwealth during its time of financial crisis (the "Avoidance Actions"). One factual basis for many of these actions was the defendants' alleged failure to appropriately document contractual relationships with the Debtors through registration with the Office of the Comptroller as required by Puerto Rico law.

12. On July 12, 2019, this Court granted the Procedures Motion, which set litigation deadlines and information resolution procedures for the Avoidance Actions. *Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and through the Members of the Special Claims Committee and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements* (the "Procedures Order"), ECF No. 7941, Case No. 17-03283, Appendix II, §§ A-C. Through the procedures for informal resolution established in the Procedures Order, Movants attempted to contact and offered the defendants in the Avoidance Actions the opportunity to participate in an informal information exchange and to potentially resolve the Avoidance Actions either through settlement or dismissal. *See id.*

13. The Default Defendants did not respond to the SCC's attempts to contact them. *See Order Granting Omnibus Motion to Extend Deadlines in Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and through the Members of The Special Claims Committee and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements*, ECF No. 12530, Case No. 17-03283, Supplemental Appendix II.

4

Accordingly, on December 6, 2019, the Court established April 13, 2020 as the Default Defendants deadline to file their answers or responses to the complaints in their adversary proceedings.

14. After the Default Defendants failed to answer or respond and more than 4 months elapsed from the deadline, Movants sought entries of default, which the Court entered. *See, e.g.*, ECF No. 30, Case No. 19-00129 (entry of default against defendant Next Level Learning, Inc.).[4]

15. On June 12, 2020, the Court entered the Default Judgment Standing Order setting the deadline for Movants to file the motion for default judgment. On October 26, 2020, the Clerk filed entries of default for the Default Defendants and set the deadline for the motions for judgment by default at sixty (60) days from the entry of default.[5]

## II. The Current Situation

16. In accordance with the Default Judgment Standing Order, Movants are assembling the evidence, in admissible form, of such facts as Movants would have proffered to meet their burden of proof in their direct cases had trial been held in the adversary proceedings. However, the ongoing COVID-19 pandemic has delayed retrieval and translation of information from the Office of the Comptroller. Movants therefore require additional time to obtain all admissible evidence and assemble the motions for default judgment.

17. Accordingly, Movants respectfully seek to extend the deadline for Movants to file their motions for default judgment, as established in the Default Judgment Standing Order and

---

[4] Movants sought entry of default against Default Defendant, Postage By Phone Reserve Account (Adversary Proc. No. 19-00181), on June 10, 2020, nearly 2 months after the deadline to respond to the complaint. *See* Docket No. 20 in Case No. 19-00181.

[5] The Clerk's Entry of Default was entered against Postage by Phone on June 17, 2020 [Docket No. 21 in Case No 19-00181]. Movants deadline to file a motion for default judgment extended to December 18, 2020 [Docket No. 24 in Case No. 19-00181].

...
...

the Clerk's entries of default, to allow sufficient time to obtain admissible evidence to meet Movants' burden of proof on their direct case.

## RELIEF REQUESTED

18. Movants respectfully request that this Court amend the Default Judgment Standing Order and all entries of default for the Default Defendants to extend the deadline to file any motion for default judgment by an additional sixty (60) days.[6]

## ARGUMENT

19. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure permits the Court to extend a deadline "for cause shown" when the request is made before the period expires. Fed. R. Bankr. P. 9006(b). Movants respectfully submit that they have shown cause for an extension of the deadline to file the motions for default judgment and their request is timely.

### I. There is Cause to Extend the Default Judgment Motion Deadline.

20. Movants have been diligent in obtaining evidence to meet their burden of proof for the default judgment motions. Indeed, as part of that process, Movants have identified certain additional contracts between the Commonwealth and the Default Defendants requiring additional analysis by Movants and their experts before Movants file fully supported motions for default judgment. Additionally, the ongoing COVID-19 pandemic has delayed the retrieval of and certified translations of information from the Office of the Comptroller. Movants therefore require additional time to obtain all admissible evidence and assemble the motions for default judgment. Accordingly, Movants respectfully assert that cause exists to further extend the

---

[6] Movants request that this Court amend the Default Judgment Standing Order, as later extended by the *Order Granting Second Omnibus Motion to Extend Deadline for Motion for Default Judgement in Standing Order Regarding Procedures for Default Motion Practice and Clerk's Entries of Default* [Docket No. 24 in Case No. 19-00181] to further extend the deadline to file any motion for default judgment for Postage By Phone Reserve Account (Adversary Proc. No. 19-00181) by an additional seventy (70) days. Movants make this request for logistical purposes so as to keep all of the Default Defendants on the same timeline.

6

deadline for Movants to file motions for judgment by default with respect to the Default Defendants.

## II. The Motion is Timely.

21. Moreover, Movants have submitted their request before the expiration of the period originally prescribed. *See* Fed. Bankr. P. 9006(b)(1). The motions for judgment by default are due on December 28, 2020.[7] Movants are submitting this request well before the deadline. The request is therefore timely.

22. Furthermore, no defendants will be prejudiced by the extension. Rather, the Default Defendants, who have failed to respond or answer their respective complaints and any informal attempts to resolve their adversary pleadings in the past year, will benefit from the extension because the extension will similarly postpone their deadline to respond to the motions for default judgment, should they choose to do so.

## REQUEST FOR HEARING

23. Pursuant to Rule 9006(d) of the Federal Rules of Bankruptcy Procedure, the Oversight Board and the Committee hereby request that a hearing on this Motion be scheduled for such date as the Court deems appropriate to consider any objections, joinders, replies or comments by this Court to this Motion.[8]

## NOTICE

24. The Oversight Board has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for

---

[7] As described above, the motion for judgment by default against Postage By Phone Reserve Account (Adversary Proc. No. 19-00181) is due on December 18, 2020.

[8] Given that the first motion for default judgment, in Adversary Proc. No. 19-00181, is due December 18, 2020, Movants respectfully request that the date that the Court chooses is sufficiently before December 18, 2020.

7

AAFAF; (vi) counsel for the Oversight Board; (vii) counsel for the Creditors' Committee; (viii) counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the Default Defendants through their counsel, if known, through their resident agent, or a representative.

WHEREFORE, Movants respectfully request that this Court enter an order substantially in form attached hereto as <u>Exhibit A</u> granting the relief requested herein and granting Movants such other relief as this Court deems just and proper.

Dated: December 9, 2020.

Respectfully submitted,

/s/ *Sunni P. Beville*
**BROWN RUDNICK LLP**
Sunni P. Beville, Esq. (*Pro Hac Vice*)
Tristan G. Axelrod, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com
taxelrod@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ *Luc A. Despins*
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Avoidance Actions*

/s/ *John Arrastia*
**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

9

*/s/ Kenneth C. Suria*
**ESTRELLA, LLC**
Kenneth C. Suria (USDC-PR 213302)
Alberto Estrella (USDC-PR 209804)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR 306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors (other than COFINA and PBA)*

**Exhibit A**

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  |  |
|---|---|
| Debtor. | |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>     as representative of <br><br> THE PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br>     Debtor. | PROMESA <br> Title III <br><br> Case No. 17 BK 4780-LTS |

**ORDER GRANTING OMNIBUS MOTION TO EXTEND DEADLINE
FOR MOTION FOR DEFAULT JUDGMENT IN STANDING ORDER
REGARDING PROCEDURES FOR DEFAULT JUDGMENT MOTION PRACTICE
AND CLERK'S ENTRIES OF DEFAULT**

Upon the omnibus motion dated December 9, 2020 (the "Motion") of the Oversight Board,[1] acting by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of title 11 of the Bankruptcy Code and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by sections 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any opposition thereto [and having heard the statements of counsel at the hearing held before the Court (the "Hearing")]; and the Court having determined that the legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein; and upon all of the

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in Motion unless otherwise noted.

2

proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Motion is granted; and it is further

**ORDERED** that the deadline to file and serve motions for judgment by default established in the *Standing Order Regarding Procedures for Default Judgment Motion Practice,* ECF No. 13421 in Case No. 17-3283 (the "Default Judgment Standing Order") and all entries of default, shall be extended sixty (60) days for the following defendants:

a) Corporate Research & Training, Inc (Adversary Proc. No. 19-00151);

b) S & L Development S.E. (Adversary Proc. No. 19-00243);

c) I.D.E.A., Inc. (Adversary Proc. No. 19-00268); and

d) Next Level Learning, Inc. (Adversary Proc. No. 19-00129); and it is further

**ORDERED** that the deadline to file and serve motions for judgment by default established in the *Standing Order Regarding Procedures for Default Judgment Motion Practice,* ECF No. 13421 in Case No. 17-3283 (the "Default Judgment Standing Order"), as later extended by the *Order Granting Second Omnibus Motion to Extend Deadline for Motion for Default Judgement in Standing Order Regarding Procedures for Default Motion Practice and Clerk's Entries of Default* [Docket No. 24 in Case No. 19-00181], and the entry of default, shall be extended seventy (70) days for Postage By Phone Reserve Account (Adversary Proc. No. 19-00181).[1]

---

[1] To be clear, the new deadline to file and serve motions for judgment by default for each of the Default Defendants as defined in the Motion shall be February 26, 2021.

**ORDERED** that, except as modified by this Order, the Default Judgment Standing Order shall otherwise remain in full force and effect; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

Dated: _____, 2020.

_____
Honorable Judith G. Dein
United States Magistrate Judge