# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                              Debtors[1] | PROMESA<br><br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br><br><br>(Jointly Administered) |
| HON. WANDA VÁZQUEZ GARCED (in her official capacity), and THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>                           Plaintiffs,<br>     v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>                            Defendant. | Adv. Pro. No. 20-00080-LTS |

## REPLY BRIEF TO FINANCIAL OVERSIGHT BOARD'S OPPOSITION TO AMICUS BRIEF BY COOPHARMA

Now comes *Cooperativa de Farmacias Puertorriqueñas* (COOPHARMA), hereinafter Coopharma, and very respectfully submits the instant *Reply*, in support of its *Second Motion Requesting Leave to File an Amicus Brief and for Amicus Status* (Docket 15238, Case 17-03283) and in reply to the Financial Oversight and Management Board

---

[1] The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17- BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17- BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico's Opposition paper (Docket 15361, Case 17-03283 and Docket 65, Case 20-00080-LTS), as follows:

### I. Introduction

On December 2, 2020 this Honorable Court issued an *Order Scheduling Briefing of Motion Requesting Leave to File an Amicus Brief and for Amicus Status* (Docket 15298) and directed responses be filed by December 7 and Reply papers by December 10. On December 7, the Government of Puerto Rico filed a *Statement of Support for Cooperativa de Farmacias Puertorriqueñas's Second Motion Requesting Leave to File an Amicus Brief and for Amicus Status* (Docket No. 15359, also Docket No. 63 in Case No. 20-00080-LTS). On the other hand, on the same date, the Financial Oversight and Management Board for Puerto Rico filed an *Opposition to Motion of Coopharma for Leave to Participate as Amicus Curie* (Docket 15361, also Docket No. 65 in Case No. 20-00080-LTS).

The Oversight Board's *Opposition* paper basically argues that: (a) Coopharma's *Amicus Curie* motion is untimely, (b) Coopharma's proposed *Amicus Curie* brief "raises issues irrelevant to the arguments made in the Motion for Summary Judgment", and (c) Coopharma's motion "provides no 'supplemental assistance to counsel'", addresses policy arguments that "are a distraction" "to the matters at issue", and "does not add anything new to the analysis." Coopharma now replies to the Oversight Board's averments.

### II. Reply Arguments

#### A. Alleged Untimeliness, Other Arguments

The Reply brief by the Oversight Board in the summary judgment process was filed on November 5. Coopharma's paper was filed on November 24, the same day that the parties conducted the hearing to address the summary judgment motions, thus before any order of the Honorable Court disposing of the summary judgment had issued.

2

Indeed, on December 4, ten (10) full days after Coopharma filed its *Second Motion Requesting Leave to File an Amicus Brief and for Amicus Status* on November 24, the Oversight Board filed an *Informative Motion [] Submitting Supplemental Documents* (Docket No. 62, Case: 20-00080) with two exhibits to support the proposition that "Act 82 could increase the Commonwealth's health budget by $27 million" (page 4, *Informative Motion*). Said filing by the Oversight Board prompted the Commonwealth to file a *Response to Informative Motion of the Oversight Board Submitting Supplemental Documents* (Docket No. 64, Case: 20-00080) where it argued that the Oversight Board failed to submit transcript of testimony in the summary judgment process (page 2, *Response* by Commonwealth). Accordingly, the Oversight Board's argument of timeliness, when it was still submitting new documents in the summary judgment process briefing ten (10) days after Coopharma's *Second Motion Requesting Leave to File an Amicus Brief* on November 24, is not well taken.

Lastly, the Oversight Board's citation of purported case law in support of its timeliness argument is inapplicable, inapposite or irrelevant to the case at hand. Overall, the Oversight Board's *Opposition* lacks substance.

Moreover, the Oversight Board's *Opposition* incorrectly suggests that the *Amicus* brief does not address the summary judgment process. However, Coopharma's *Amicus Curie* brief (Doc# 15238-1, page 16 of 21) contains a complete Section VII entitled "*The Summary Judgment Process*" that addresses and contests the Oversight Board's arguments in the summary judgment process. In any event, the *Amicus Brief* is not aimed specifically at the summary judgment process, which is a procedural dispositive event, but rather the *Amicus* is aimed at supporting the Commonwealth's Adversary Proceeding and Adversary Complaint Case No. 20-00080-LTS for *Declaratory Relief* that Act 82 complies with the cost estimate and fiscal plan compliance certification under

PROMESA, 48 USCS § 2144, thus exposing the arbitrariness of the Oversight Board in cancelling an Act duly enacted by the representatives of the People of Puerto Rico.

### B. The Nature of the *Amicus Curie*

The Wolters Kluwer Bouvier Law Dictionary defines *Amicus Curiae* (Friend of the Court) as:

> A nonparty with an interest or expertise in a case who informs the court on a matter of law or of fact. An amicus curiae is a friend of the court, one who is not a party to a case but volunteers to inform the judge on a matter of law or of fact. The brief that the amicus supplies may ultimately favor one party's position over the other's, so long as the overall thrust of the brief is informative rather than adversarial. An amicus curiae does not participate by right but only by permission, or leave of the court, usually granted upon motion and order.
>
> . . .
>
> Amici differ from parties as they have no interest directly affected by the outcome of the proceedings, and they differ from most witnesses because the amicus volunteers to be present.

The recent decision in Feehan v. Wisconsin Elections Commission, 2020 U.S. Dist. LEXIS 230030, Eastern District of Wisconsin, December 8, 2020, also describes the role of an *amicus*, as follows:

> Rather, a true friend of the court will seek to add value to [the court's] evaluation of the issues presented on appeal. To be sure, the fiction that an amicus acts as a neutral information broker, and not an advocate, is long gone. But *even a friend of the court interested in a particular outcome can contribute in clear and distinct ways*, by, for example:
>
> • Offering a different analytical approach to the legal issues before the court;
> • Highlighting factual, historical, or legal nuance glossed over by the parties;
> • Explaining the broader regulatory or commercial context in which a question comes to the court;
> • Providing practical perspectives on the consequences of potential outcomes;
> • Relaying views on legal questions by employing the tools of social science;
> • Supplying empirical data informing one or another question implicated by an appeal;
> • Conveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges;
> • Identifying how other jurisdictions-cities, states, or even foreign countries- have approached one or another aspect of a legal question or regulatory challenge.
> (Internal citations omitted, italics supplied)

Thus, "[a]n amicus brief may meet this heightened when 'the brief will assist the judges *by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs*.'" <u>Voices for Choices v. Illinois Bell Tel. Co.</u>, 339 F.3d 542, 545 (7th Cir. 2003). *See also* <u>Verizon New England, Inc. v. Maine PUC</u>, 229 F.R.D. 335 (District of Maine, 2005); <u>Barnes-Wallace v. Bsa</u>, 2004 U.S. Dist. LEXIS 35016 (Southern District of California, 2004).

Such is precisely what Coopharma seeks to accomplish with its *Second Motion Requesting Leave to File an Amicus Brief* and its *Amicus Brief*: "**presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs**."

    **C. Coopharma's Ideas, Arguments, Theories, Insights, Facts or Data not Otherwise Found in the Parties' Briefs**

Other than the procedural claims and allegations made by Coopharma, the *Amicus Brief* shows a different dimension about how the Oversight Board's misguided application of PROMESA impacts bottom line people and small business pharmacy owners with regard to their commercial operations. Coopharma's *Amicus* supplies information about the positive impact of Act 82 on real people and patients-consumers served by community based pharmacies throughout Puerto Rico. It tells a story about the struggle of community pharmacies to facilitate the purchase and distribution among the citizenry of medicines and drugs at affordable prices. The *Amicus* discusses the urgent need to regulate[2] PBMs and PBA entities, that act as intermediaries between the drug

---

[2] It should be noted that in Puerto Rico the Pharmacy Benefit Managers (PMBs) and the Pharmacy Benefit Administrators (PBAs) lack any Government regulatory control over their operations despite the enormous impact they have over community pharmacies and the health of the People of Puerto Rico. Over thirty state jurisdictions in the United States have enacted similar statutes as Act 82 with no negative but rather positive impact on medicines or drug costs for the public.

5

producer enterprises and the health insurance companies. Based on "transparency" and in the fashion of the cooperative model, Coopharma's support of Act 82 is aimed at the full utilization of an effective vehicle in the prevention of abuses in the purchase, administration and sale of drugs and medicines. The overpricing of medicines and drugs results in an economic loss to the small business, a dire impact on the public and a windfall for the controlling PBAs and PBMs. The *Amicus Brief* seeks to alert the Honorable Court of the systemic abuses of these "middlemen" and the positive impact that Act 82 may bring upon the People of Puerto Rico to prevent pervasive practices like gag clauses, spread pricing, pharmacy audits and co-pay claw backs. It shows how a full application of Act 82 will have a positive impact on the Commonwealth's Government Health Plan because the prevention of these unfair practices will result in savings for the Government.

The *Amicus Brief* also walks the procedural steps of the Act's submission before the Oversight Board under 28 USCS § 2144 and its compliance with statutory parameters. The formal cost estimate submitted by appropriate Commonwealth agencies demonstrated that Act 82 is not significantly inconsistent with the Fiscal Plan for the fiscal year and that the Commonwealth appropriately certified that Act 82 had no impact on revenues. The Amicus also discusses how the Oversight Board rather acted as an "overreaching" Board and spread its tentacles beyond the four corners of PROMESA to cancel self government in Puerto Rico. The Oversight Board hijacked the Commonwealth Government powers and based its arbitrary and capricious decision of cancelling Act 82, rolling out erroneous policy determinations that are not appropriate for the Board to rely on because those defy the four corners of PROMESA. For example, the Oversight Board's position that Act 82 affects free competition that would then result in

6

an increase in drug prescription costs –without providing any support whatsoever- is truly an abuse of the Oversight Board's statutory limitations.

### III. Conclusion

The *Amicus Brief* is intended to provide the Honorable Court a different analytical approach to the legal issues posed, as well as to highlight factually grounded issues beyond the legalese and the mechanical tests that often override real people and the common citizen. It seeks to provide practical perspectives and the consequences of allowing an unwarranted overreach by the Oversight Board. It invites the Honorable Court to take a whole approach and reject the technicalities in favor of a more sensible view founded in the deep respect to American values and the citizen rights of the People of Puerto Rico.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 10th day of December 2020.

s/ Angel A. Valencia-Aponte
Angel A. Valencia-Aponte
USDC-PR 123905

s/Carlos M. Rivera-Vicente
Carlos M. Rivera-Vicente
USDC-PR No. 126304

Counsels for COOPHARMA

**Cancio, Nadal & Rivera, LLC**
PO Box 364966
San Juan, PR 00936-4966
Ave. Muñoz Rivera 403
Hato Rey, Puerto Rico 00918-1145
Tel. (787) 767-9625
Fax: (787) 622-2238
Mobile: (787) 245-0009
E-mail: angelvalencia@cnr.law

**Certificate of Service**

I hereby certify that today, I electronically filed the above *Reply Brief* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to participants identified on the Notice of Electronic Filing.

*s/ Angel A. Valencia-Aponte*
Angel A. Valencia-Aponte