Hearing Date: January 27, 2021, at 9:30AM (Atlantic Standard Time)
Response Deadline:  January 13, 2021 at 4:00PM (Atlantic Standard Time)

<div style="border: 1px solid black; padding: 8px;">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

## TWO HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO MISCELLANEOUS DEFICIENT CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] files this two hundred eighty-first omnibus objection

(the "Two Hundred Eighty-First Omnibus Objection") to the deficient claims listed on **Exhibit A**

hereto, and in support of the Two Hundred Eighty-First Omnibus Objection, respectfully

represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA

section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A.      The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017

(the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to

PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant

to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III

Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6,

2017, the Court entered an order granting the joint administration of the Title III Cases for

procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.[3]

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Unless otherwise indicated, all ECF numbers refer to the main Commonwealth Title III Case,
Case No. 17 BK 3283.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.      PREPA**

5.      PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

6.      To date, approximately 174,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.      Of the proofs of claim filed, approximately 4,500 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being

subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.       To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.       In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

10.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held 12 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), and/or Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>").   Based upon rulings and orders of the Court to date, approximately 56,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11.      This Two Hundred Eighty-First Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.      The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.      The Two Hundred Eighty-First Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on **<u>Exhibit A</u>** hereto (collectively, the "<u>Deficient Claims</u>").   Each of the Deficient Claims failed to comply with the applicable rules for

5

filing a claim by not providing a basis for asserting a claim against PREPA or any other Title III Debtor.

14.     Each of the Deficient Claims purports to be based on obligations owed to the applicable claimant by PREPA, but either (i) fails to provide any information identifying the nature or source of the obligations or explaining why PREPA or any other Title III Debtor is liable to the claimant, or (ii) identifies the nature or source of the obligation, but fail to explain how PREPA or any other Title III Debtor is liable to the claimant. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims.

15.     On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order, ¶ 3.

16.     Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient." *Id*.

17.     In accordance with the Authorized Mailings Order, the Debtors have sent at least one letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order, to each claimant subject to this Two Hundred Eighty-First Omnibus Objection (the "Mailing"). Each Mailing provided, in relevant part:

> Additional information is required in order for the Debtors to continue with assessing your claim. The Debtors are unable to determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors.  In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim.  The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to assert, so please provide more detail and do not simply copy over the same information.

*See* ECF No. 8453-1 at 2, 7.

18.    The Mailings received by the claimants subject to this Two Hundred Eighty-First Omnibus Objection directed the claimants to respond no later than October 9, 2020 (depending on the date each Mailing was sent).  *See id*.  Furthermore, the Mailings cautioned the Claimants that, "[i]f you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim."  *Id*.

19.    Each of the Claimants identified in **Exhibit A** failed to respond to the Mailings.

20.    Accordingly, PREPA is unable to reconcile or determine the validity of the Deficient Claims.[4]  The Deficient Claims should therefore be disallowed in their entirety.

21.    In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Two Hundred Eighty-First Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Miscellaneous Deficient Claims*, dated December 11, 2020, attached hereto as **Exhibit B**.

---

[4] At the January 29, 2020 omnibus hearing, the Court asked the Debtors to provide a simplified response form that Claimants could use to provide the Debtors with the information needed to process their claims.  That form has been created and is attached hereto as **Exhibit E**.

## **NOTICE**

22.     In accordance with the Amended Omnibus Objection Procedures and the Court's

Notice Order, PREPA is providing notice of this Two Hundred Eighty-First Omnibus Objection

to (a) the individual creditors subject to this Two Hundred Eighty-First Omnibus Objection, (b)

the U.S. Trustee, and (c) the Master Service List (as defined by the *Thirteenth Amended Case*

*Management Procedures* [ECF No. 13512-1]), which is available on the Debtors' case website at

https://cases.primeclerk.com/puertorico.  The notice for this Two Hundred Eighty-First Omnibus

Objection is attached hereto as **Exhibit C**.  Spanish translations of the Two Hundred Eighty-First

Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and

will be served on the parties.  PREPA submits that, in light of the nature of the relief requested, no

other or further notice need be given.

## **RESERVATION OF RIGHTS**

23.     This Two Hundred Eighty-First Omnibus Objection is limited to the grounds stated

herein.  Accordingly, it is without prejudice to the rights of PREPA or the rights of any other party

in interest in the Title III Cases to object to the Deficient Claims or any other claims on any ground

whatsoever.  PREPA expressly reserves all further substantive or procedural objections.  Nothing

contained herein or any actions taken pursuant to such relief is intended or should be construed as:

(a) an admission as to the validity of any claim against PREPA; (b) a waiver of the rights of PREPA

or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a

promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of

the rights of PREPA or any other party in interest in the Title III Cases under PROMESA, the

Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

24.     No prior request for the relief sought in this Two Hundred Eighty-First Omnibus

Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of

the proposed order attached hereto as **<u>Exhibit D</u>**, (1) granting the relief requested herein, and (2)

granting PREPA such other and further relief as is just.

Dated: December 11, 2020
    San Juan, Puerto Rico

Respectfully submitted,

<u>/s/ *Ricardo Burgos Vargas*</u>
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel:  (787) 751-6764
Fax:  (787) 763-8260

<u>/s/ *Martin J. Bienenstock*</u>
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board for*
*Puerto Rico, as representative of the*
*Puerto Rico Electric Power Authority*

**Fecha de la vista: 27 de enero de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 13 de enero de 2021, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

---

### DUCENTÉSIMA OCTOGÉSIMA PRIMERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A VARIAS RECLAMACIONES DEFICIENTES

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de la AEE, conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente ducentésima octogésima primera objeción global (la "Ducentésima octogésima primera objeción global") a las reclamaciones deficientes que figuran en el **Anexo A** del presente documento, y en apoyo de la Ducentésima octogésima primera objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.[3]

4.       El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.       AEE**

5.       La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17

---

[3] Salvo indicación en contrario, todos los números ECF hacen referencia al Caso principal de Título III del ELA, Caso núm. 17 BK 3283.

BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios aproximadamente a 1.5 millones de clientes.

**C.    Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.    Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.    De las evidencias de reclamaciones radicadas, aproximadamente 4,500 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.    Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "<u>Moción de Procedimientos Globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

4

regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.    En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, a la fecha el Tribunal ha celebrado

12 vistas vinculadas con más de 140 objeciones generales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación ("HTA") y/o el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"). Según las resoluciones y órdenes del Tribunal hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, HTA y ERS fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

11.    Esta Ducentésima octogésima primera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13.    La Ducentésima octogésima primera objeción global pretende que se rechace, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de reclamaciones que figura en el **Anexo A** del presente documento (conjuntamente denominadas, las "Reclamaciones Deficientes"). Ninguna de las Reclamaciones Deficientes cumplió con las normas aplicables a la radicación de reclamaciones al no proporcionar una base para alegar una reclamación contra la AEE o cualquier otro Deudor de Título III.

6

14.     En Cada una de las Reclamaciones Deficientes se alega  que estan basadas en obligaciones de la AEE ante el correspondiente reclamante, pero,  i) no se ha proporcionado ninguna información que identifique la naturaleza o fuente de las obligaciones o que explique por qué la AEE o cualquier otro Deudor de Título III tienen responsabilidad ante el reclamante, o bien ii) han identificado, la naturaleza o fuente de la obligación, pero no ha explicado por qué la AEE o cualquier otro Deudor de Título III son responsables ante el reclamante. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes.

15.     El 13 de agosto de 2019, el Tribunal dictó la *Orden que concedió parcialmente y levantó parcialmente la Moción de los Deudores para dictar una orden A) que autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF núm. 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores procesar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

16.     Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán derecho a oponerse a la reclamación como deficiente". *Id.*

17.     De conformidad con la Orden de Envío Autorizado, los Deudores han enviado al menos una carta a cada reclamante con sujeción a la presente Ducentésima octogésima primera objeción global esencialmente en el formato que se adjunta al presente documento como Anexo 1 (el "Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

7

> Se requiere información adicional para que los Deudores sigan examinando su reclamación. Los Deudores no pueden determinar a partir de la información que usted proporcionó cuál es la base de la reclamación que trata de alegar contra uno o más Deudores. Al responder a esta carta, rogamos se asegure de proporcionar toda la información solicitada, así como tantos detalles como sea posible aportar sobre su reclamación. Las descripciones que incorporó en su evidencia de reclamaciones eran demasiado vagas para que los Deudores comprendieran la reclamación que usted trata de alegar, de manera que rogamos proporcione más detalles y no se limite simplemente a copiar la misma información.

*Véase* ECF núm. 8453-1 en 2, 7.

18.     Los Envíos recibidos por los reclamantes con sujeción a la presente Ducentésima octogésima primera objeción global exigían a los reclamantes responder antes del 9 de octubre de 2020 (dependiendo de la fecha en la que cada Envío fue realizado). *Véase id.* Además, en los Envíos se advertía a los Reclamantes de que "[s]i no responde a esta solicitud y no proporciona la información y la documentación requeridas para justificar su reclamación, es posible que los Deudores se vean en la obligación de oponerse a su reclamación". *Id.*

19.     Ninguno de los Reclamantes identificados en el **Anexo A** ha respondido a los Envíos.

20.     En consecuencia, la AEE no pueden determinar ni reconciliar la validez de las Reclamaciones Deficientes.[4]  Por lo tanto, las Reclamaciones Deficientes deben ser rechazadas en su totalidad.

21.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Ducentésima octogésima primera objeción global (no sustantiva) de la Autoridad de*

---

[4] Durante la vista global celebrada el 29 de enero de 2020, el Tribunal solicitó a los Deudores que proveyeran un formulario de respuesta simplificado que los Reclamantes pudieran utilizar para proporcionar a los Deudores la información necesaria para procesar sus reclamaciones. El formulario ha sido creado y se adjunta al presente documento como **Anexo E**.

8

*Energía Eléctrica de Puerto Rico a Varias Reclamaciones Deficientes*, de fecha 11 de diciembre de 2020, adjunta al presente como **Anexo B**.

### NOTIFICACIÓN

22.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Ducentésima octogésima primera objeción global a) a los acreedores individuales objeto de esta Ducentésima octogésima primera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 13* [ECF núm. 13512-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a esta Ducentésima octogésima primera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima octogésima primera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

### RESERVA DE DERECHOS

23.    La presente Ducentésima octogésima primera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de la AEE, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones Deficientes o a cualesquiera otras reclamaciones que fuere. La AEE se reserva expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objeto, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra la AEE; b) constituyan una renuncia a los derechos de la AEE, o de cualesquiera otras partes interesadas en los Casos de Título III, a

9

impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a la AEE, o a cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## <u>AUSENCIA DE SOLICITUDES PREVIAS</u>

24.    No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima octogésima primera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 11 de diciembre de 2020  
      San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]  
Ricardo Burgos Vargas  
Núm. USDC: 218210  
**A&S LEGAL STUDIO, PSC**  
434 Ave. Hostos  
San Juan, PR 00918  
Tel.: (787) 751-6764  
Fax: (787) 763-8260

[*Firma en la versión en inglés*]  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
Nueva York, NY 10036  
Tel.: (212) 969-3000  
Fax: (212) 969-2900

*Abogados de la*  
*Junta de Supervisión y Administración*  
*Financiera para Puerto Rico, como*  
*representante de la Autoridad de*  
*Energía Eléctrica de Puerto Rico*