**EXHIBIT D**
**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br>　　as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### ORDER GRANTING TWO HUNDRED EIGHTIETH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY HOLDERS OF CERTAIN PRASA BONDS

Upon the *Two Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by Holders of Certain PRASA Bonds* (the "Two Hundred Eightieth Omnibus Objection"), [2] filed by the Commonwealth of Puerto Rico ("Commonwealth"), dated December 11, 2020, for entry of an order partially disallowing certain claims filed against the Commonwealth, as more fully set forth in the Two Hundred Eightieth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Eightieth Omnibus Objection.

Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Two Hundred Eightieth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Two Hundred Eightieth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in Exhibit A to the Two Hundred Eightieth Omnibus Objection (collectively, the "Claims to Be Partially Disallowed") having been found to seek recovery, in part, for amounts for which the Commonwealth is not liable; and the Court having determined that the relief sought in the Two Hundred Eightieth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Two Hundred Eightieth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Two Hundred Eightieth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Partially Disallowed, as set forth on Exhibit A to the Two Hundred Eightieth Omnibus Objection, are hereby disallowed in part; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to delete the portions of the Claims to Be Partially Disallowed from the official claims registry in the Title III Case; and it is further

ORDERED that, to the extent the Claims to Be Partially Disallowed purport to assert liability based on the ownership of bonds issued by the Commonwealth, the claimants will retain a remaining claim in the Commonwealth Title III Case, as identified in the column titled

2

"Corrected" in Exhibit A to the Two Hundred Eightieth Omnibus Objection (collectively, the "Remaining Claims"); and it is further

ORDERED that the Debtors' right to object to the Remaining Claims in the Commonwealth Title III Case is reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

3

**ANEXO D**
**Orden Propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>    como representante del<br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                                Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

ORDEN POR LA QUE SE CONCEDE LA DUCENTÉSIMA OCTOGÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS POR LOS TENEDORES DE DETERMINADOS BONOS DE LA AAA

Vista la *Ducentésima octogésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas por los tenedores de determinados Bonos de*

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

*la AAA* (la "Ducentésima octogésima objeción global"),[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA"), de fecha 11 de diciembre de 2020, en la que se solicita que se dicte una orden que rechace en parte determinadas reclamaciones radicadas contra el ELA, según se expone con más detalle en la propia Ducentésima octogésima objeción global y en los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Ducentésima octogésima objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Ducentésima octogésima objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiéndose concluido que cada una de las reclamaciones identificadas en el Anexo A de la Ducentésima octogésima objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas parcialmente") pretenden, en parte, la recuperación de montos por los que el ELA no tiene responsabilidad; y habiendo determinado el Tribunal que el remedio solicitado en la Ducentésima octogésima objeción global redunda en el mejor interés del ELA, y de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Ducentésima octogésima objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE CONCEDA la Ducentésima octogésima objeción global, según se establece en el presente documento; además

---

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima octogésima objeción global.

SE ORDENA que las Reclamaciones que han de ser rechazadas parcialmente que aparecen en el Anexo A de la Ducentésima octogésima objeción global, sean rechazadas parcialmente; asimismo

SE ORDENA que Prime Clerk, LLC quede autorizada, y reciba instrucciones, para eliminar las partes de las Reclamaciones que han de ser rechazadas parcialmente del registro oficial de reclamaciones en el marco de los Casos de Título III; también

SE ORDENA que, en la medida que las Reclamaciones que han de ser rechazadas parcialmente pretendan alegar responsabilidad sobre la base de la propiedad de los bonos emitidos por el ELA, los reclamantes conservarán una reclamación restante en el marco del Caso de Título III del ELA, según lo identificado en la columna titulada "Corregidas" en el Anexo A de la Ducentésima octogésima objeción global (conjuntamente, las "Reclamaciones Restantes"); además

SE ORDENA que el derecho que asiste a los Deudores a objetar a las Reclamaciones Restantes en el marco del Caso de Título III del ELA quede reservado; y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos (*United States District Judge*)

3