Hearing Date: January 27, 2021, at 9:30AM (Atlantic Standard Time)
Response Deadline: January 13, 2021, at 4:00PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

   Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth.**

**TWO HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY HOLDERS OF CERTAIN PRASA SENIOR LIEN BONDS**

The Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as the Commonwealth's sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this two hundred eighty-third omnibus objection (the "Two Hundred Eighty-Third Omnibus Objection") to claims asserting liabilities associated with certain bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA"), each as set forth on **Exhibit A** hereto, and in support of the Two Hundred Eighty-Third Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case," or the "Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

B.  **Bond Debt Issued by the Puerto Rico Aqueducts and Sewers Authority**

5. PRASA was established pursuant to Act Number 40 of May 1, 1945. PRASA is a "public corporation and an autonomous government instrumentality" created for the purpose of providing water and sewer services on the island. 22 L.P.R.A. § 142, 144.

6. The PRASA Enabling Act authorizes PRASA to issue bonds. 22 L.P.R.A. § 144(g). Pursuant thereto, the PRASA governing board has adopted resolutions authorizing PRASA to issue bonds, including Resolution No. 1583, as amended and restated as of March 7, 2008 ("Resolution No. 1583"). In 2008, PRASA issued $1,316,204,456 principal amount of Series A revenue bonds (the "2008 Senior Series A Bonds"). Additionally, in 2012, PRASA concurrently issued $1,800,450,000 principal amount of Series 2012 A revenue bonds (the "2012 Senior Series A Bonds"), as well as $295,245,000 principal amount of Series 2012 B revenue bonds (the "2012 Senior Series B Bonds," and together with the 2012 Senior Series A Bonds and the 2008 Senior Series A Bonds, the "PRASA Senior Lien Bonds").

7. Holders of PRASA Senior Lien Bonds have received and continue to receive all payments owed to holders of the PRASA Bonds in full as they become due and owing. Accordingly, EMMA reflects that PRASA has not posted any notices of default with respect to the

3

PRASA Senior Lien Bonds.[3] In addition, the Commonwealth has not guaranteed repayment of the Senior Lien Bonds. Accordingly, the offering statements for the PRASA Senior Lien Bonds state that they are "not a debt of the Commonwealth of Puerto Rico or any of its municipalities or other political subdivisions, other than [PRASA], and neither the Commonwealth of Puerto Rico or any such municipalities or other political subdivisions, other than [PRASA], shall be liable for the payment of the principal of or interest on said Bonds."[4]

C. **Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

8. To date, approximately 174,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

9. Of the proofs of claim filed, over 111,300 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

10. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus

---

[3] *See, e.g.*, https://emma.msrb.org/Security/Details/AA68066896864F5CE4E427DBB6C697013.

[4] *See, e.g.*, Offering Statement for PRASA Revenue Bonds, Series A (Senior Lien), March 7, 2008, available at https://emma.msrb.org/Security/Details/AF1172BE7598AF5023E511B5CC65A4AD4.

4

Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

11. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

12. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held 12 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or

5

Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). Based upon rulings and orders of the Court to date, approximately 56,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

13. This Two Hundred Eighty-Third Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

14. The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

15. The Two Hundred Eighty-Third Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for amounts for which the Commonwealth is not liable because the asserted liabilities are associated with Senior Lien Bonds issued by PRASA, which is not a Title III Debtor. Moreover, neither the Commonwealth nor any other Title III Debtor has guaranteed repayment for the Senior Lien Bonds.

16. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). Each of the claims identified in **Exhibit A** hereto (collectively, the "Claims to Be Disallowed") seek recovery for liabilities associated with Senior Lien Bonds issued by PRASA. Each of the Claims to Be Disallowed assert recovery for liabilities associated with Senior Lien Bonds issued by PRASA. PRASA, however, is not a Title III Debtor, and is a separate, legally distinct entity from the

Commonwealth. Moreover, neither the Commonwealth nor any other instrumentality or political subdivision thereof has guaranteed repayment on the Senior Lien Bonds. Each of the Claims to Be Disallowed fails to comply with the applicable rules, however, because it does not assert a basis for asserting a claim against the Commonwealth for bonds issued by PRASA that are not guaranteed by the Commonwealth. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed.

17. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Two Hundred Eighty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by Holders of Certain PRASA Bonds*, dated December 11, 2020, attached hereto as **Exhibit B**.

## NOTICE

18. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth is providing notice of this Two Hundred Eighty-Third Omnibus Objection to (a) the individual creditors subject to this Two Hundred Eighty-Third Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Thirteenth Amended Case Management Procedures* [ECF No. 13512-1]), which is available on the Commonwealth's case website at https://cases.primeclerk.com/puertorico. The notice for this Two Hundred Eighty-Third Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Two Hundred Eighty-Third Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

19. This Two Hundred Eighty-Third Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Commonwealth or the rights

of any other party in interest in the Title III Case to object to the Claims to Be Disallowed or any other claims on any ground whatsoever. The Commonwealth expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Commonwealth; (b) a waiver of the rights of the Commonwealth or any other party in interest in the Title III Case to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Commonwealth or any other party in interest in the Title III Case under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

20. No prior request for the relief sought in this Two Hundred Eighty-Third Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth further relief as is just.

Dated: December 11, 2020
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*

**Fecha de la vista: 27 de enero de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 13 de enero de 2021, a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,

    Deudores.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con el ELA.**

**DUCENTÉSIMA OCTOGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RADICADAS POR LOS TENEDORES DE DETERMINADOS BONOS DE GRAVAMEN PRIORITARIOS DE LA AAA**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente ducentésima octogésima tercera objeción global (la "Ducentésima octogésima tercera objeción global") a reclamaciones en las que se alegan responsabilidades vinculadas con determinados bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico (la "AAA"), cada una según se establece en el **Anexo A** del presente documento, y en apoyo de la Ducentésima octogésima tercera objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.   Órdenes de Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA" o el "Caso de Título III").

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.     Deuda de los bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico**

5. La AAA fue creada de conformidad con la Ley núm. 40, del 1 de mayo de 1945. La AAA es una "corporación pública y un organismo gubernamental autónomo", creada para la prestación de los servicios de suministro de agua y alcantarillado en la isla. 22 L.P.R.A. § 142, 144.

6. La Ley para crear la AAA autoriza a la AAA a emitir bonos. 22 L.P.R.A. § 144(g). Conforme a dicha Ley, la junta directiva de la AAA adoptó resoluciones que autorizan a la AAA emitir bonos, incluyendo la Resolución núm. 1583, en su versión enmendada y modificada el 7 de marzo de 2008 (la "Resolución núm. 1583"). En 2008, la AAA emitió unos bonos de renta, Serie A, por un monto del principal de $1,316,204,456 (los "Bonos prioritarios serie A de 2008") Además

3

en 2012, la AAA emitió simultáneamente unos bonos de renta, Serie 2012 A, por un monto del principal de $1,800,450,000 (los "Bonos prioritarios serie A de 2012") y unos bonos de renta, Serie 2012 B, por un monto del principal de $295,245,000 (los "Bonos prioritarios serie B de 2012", y junto con los Bonos prioritarios serie A de 2012 y los Bonos prioritarios serie A de 2008, los "Bonos de Gravamen Prioritarios de la AAA").

7. Los tenedores de los Bonos de Gravamen Prioritarios de la AAA han recibido, y siguen recibiendo, la totalidad de los pagos íntegros adeudados a tales tenedores de los Bonos de la AAA, a medida que estos vencen y se vuelven pagaderos. En consecuencia, en el EMMA se indica que la AAA no ha enviado ninguna notificación de incumplimiento en relación con los Bonos de Gravamen Prioritarios de la AAA.[3] Además, el ELA no ha garantizado el reembolso de los Bonos de Gravamen Prioritarios. En consecuencia, las declaraciones de oferta relativas a los Bonos de Gravamen Prioritarios de la AAA indican que "no constituyen deuda del Estado Libre Asociado de Puerto Rico ni de ninguno de sus municipios u otras subdivisiones políticas, con la excepción de [la AAA], por lo que ni el Estado Libre Asociado de Puerto Rico ni ningunos de dichos municipios u otras subdivisiones políticas, con la excepción de [la AAA], será responsable por el pago del principal o de los intereses sobre los referidos Bonos".[4]

---

[3] *Véase, por ejemplo*,

https://emma.msrb.org/Security/Details/AA68066896864F5CE4E427DBB6C697013.

[4] *Véase, por ejemplo,* Declaración de Oferta relativa a los Bonos de Renta de la AAA, Serie A (Gravamen Prioritario), 7 de marzo de 2008, disponible en
https://emma.msrb.org/Security/Details/AF1172BE7598AF5023E511B5CC65A4AD4.

4

**C. Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

8. Hasta la fecha, se han radicado aproximadamente 174,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

9. De las evidencias de reclamaciones radicadas, más de 111,300 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

10. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los

5

"<u>Procedimientos Iniciales relativos a Objeciones Globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "<u>Orden de Notificación</u>").

12. En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "<u>Procedimientos Enmendados relativos a Objeciones Globales</u>").

12. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, a la fecha el Tribunal ha celebrado 12 vistas vinculadas con más de 140 objeciones generales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y

6

Transportación ("HTA") y/o el Sistema de Retiro de Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"). Según las resoluciones y órdenes del Tribunal hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, HTA y ERS fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

13. Esta Ducentésima octogésima tercera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

14. Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

15. La Ducentésima octogésima tercera objeción global pretende que se rechacen, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, las reclamaciones que pretenden recuperar montos por los que el ELA no tiene responsabilidad porque las responsabilidades alegadas están vinculadas con los Bonos de gravamen prioritarios emitidos por la AAA, que no es un Deudor de Título III. Además, ni el ELA ni ningún otro Deudor de Título III han garantizado el reembolso de los Bonos de gravamen prioritarios.

16. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Cada una de las reclamaciones identificadas en el **Anexo A** del presente documento

7

(conjuntamente, las "Reclamaciones que han de ser rechazadas") pretende la recuperación por responsabilidades vinculadas con los Bonos de gravamen prioritarios emitidos por la AAA. Cada una de las Reclamaciones que han de ser rechazadas pretende la recuperación por responsabilidades vinculadas con los Bonos de gravamen prioritarios emitidos por la AAA. Sin embargo, la AAA no es un Deudor de Título III y es una entidad aparte y jurídicamente independiente del ELA. Además, ni el ELA ni ningún otro organismo o subdivisión política del ELA han garantizado el reembolso de los Bonos de gravamen prioritarios. Sin embargo, ninguna de las Reclamaciones que han de ser rechazadas cumple con las normas aplicables, ya que no proporcionan un fundamento para alegar una reclamación contra el ELA por los bonos emitidos por la AAA que no están garantizados por el ELA. Debido a dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas.

17. En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Ducentésima octogésima tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones radicadas por los tenedores de determinados Bonos de la AAA*, de fecha 11 de diciembre de 2020, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA notifica la presente Ducentésima octogésima tercera objeción global a) a los acreedores individuales objeto de esta Ducentésima octogésima tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 13* [ECF núm. 13512-1]), disponibles en el sitio web de casos del ELA, en https://cases.primeclerk.com/puertorico. La notificación relativa a esta Ducentésima octogésima

8

tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima octogésima tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

### RESERVA DE DERECHOS

19. La presente Ducentésima octogésima tercera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos del ELA, o de los derechos de cualesquiera otras partes interesadas en el Caso de Título III, a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones que fuere. El ELA se reserva expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra el ELA; b) constituyan una renuncia a los derechos del ELA o de cualesquiera otras partes interesadas en el Caso de Título III a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten al ELA, o a cualesquiera otras partes interesadas en el Caso de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

### AUSENCIA DE SOLICITUDES PREVIAS

20. No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima octogésima tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

9

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros remedios que se consideren justos.

Fecha: 11 de diciembre de 2020
San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico*