IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>     as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>     Debtors[1]. | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS |

## ORDER

Before the Court are six requests for joinder (Dkt. Nos. 15225,15239, 15266, 15268, 15279 and 15366) (the "Joinders") in *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (Dkt. No. 15220) (the "Cash Rule 2004 Motion").[2] The Joinders all seek the same

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Joinders were filed by Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (f/k/a Financial Security Assurance Inc.), the ERS Bondholders, Financial Guaranty Insurance Company, National Public Finance Guarantee Corporation, the Official Committee of Unsecured Creditors, and the DRA Parties (collectively, the "Joinder Entities").

relief, namely, that the Joinder Entities receive all documents and information produced to Ambac pursuant to the Cash Rule 2004 Motion and to participate in any meet and confers concerning the Cash Rule 2004 Motion.

The Cash Rule 2004 Motion relates to Ambac's prior request for Rule 2004 discovery (Dkt. No. 9023) (the "Original Cash Rule 2004 Motion") that was terminated by the Court after the parties resolved a substantial portion of the disputes identified in the Original Cash Rule 2004 Motion. The Cash Rule 2004 Motion contains a narrowed subset of issues identified in the Original Cash Rule 2004 Motion which the parties have not been able to resolve through their meet and confer efforts.

Several entities had filed motions to joinder to the Original Cash Rule 2004 Motion. The Court held such motions under advisement to the extent the joinders sought to receive the same information produced to Ambac and participate in any depositions resulting from the Original Cash Rule 2004 Motion, and denied the joinders' request to participate in the meet and confer process. The Court noted, however, that nothing prevented Ambac and the Government Entities from including other creditors in the meet and confer process in an effort to coordinate discovery. See Dkt. No. 10727. In a subsequent joint status report, Ambac and the Government Parties represented that they would voluntarily provide the entities which had filed joinders with all documents produced to Ambac, and would permit such entities to join the meet and confer discussions. See Joint Status Report, Dkt. No. 10874 at ¶¶ 14-16.

Given that the Cash Rule 2004 Motion requests a subset of information that was included in the Original Cash Rule 2004 Motion, the Court will treat the Joinders in the same fashion as the joinders to the Original Cash Rule 2004 Motion. The Court expects the parties to

continue to cooperate in coordinating discovery with the Joinder Entities. The Joinders shall remain open in the event that disputes arise concerning the production of documents and information to any of the Joinder Entities. While the Court will not require Ambac and the Government Parties to include the Joinder Entities in any meet and confer discussions concerning the Cash Rule 2004 Motion, the Court reiterates that nothing in this Order precludes the Oversight Board, AAFAF, and Ambac from including the Joinder Entities in such meet and confer efforts in order to devise a coordinated discovery plan and schedule.

SO ORDERED.

/s/ Judith Gail Dein
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

Dated: December 16, 2020