UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO INDIVIDUAL PROOF OF CLAIM NO. 37240**

To the Honorable United States District Judge Laura Taylor Swain:

      1.      On June 12, 2020, the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Two Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Claims Based on Investments in Mutual Funds* (the "Two Hundred Sixteenth Omnibus Objection").

2. The Two Hundred Sixteenth Omnibus Objection seeks to disallow certain proofs of claim (collectively, the "Claims to Be Disallowed") that seek recovery of amounts for which the Commonwealth is not liable, each as listed on Exhibit A thereto. As set forth in the Two Hundred Sixteenth Omnibus Objection, the Claims to Be Disallowed purport to be based on one or more investments in mutual funds, which may in turn have invested in bonds issued by the Commonwealth. Because the Claims to Be Disallowed were not filed by a "creditor" of the Commonwealth and are merely derivative of claims that must be asserted by the mutual funds directly, the claimants lack standing, and the Claims to Be Disallowed should be disallowed for a lack of an individual interest in bonds issued by the Commonwealth.

3. The Commonwealth received the attached correspondence from Luis Jules Marin ("Marin"), a copy of which is attached hereto as Exhibit "A" (the "Marin Response"), regarding Proof of Claim No. 37240 (the "Marin Claim"). A certified translation of the Marin Response is attached hereto as Exhibit "A-1."

4. The Marin Response consists of a copy of several pages from the Two Hundred Sixteenth Omnibus Objection, on which appears a handwritten note stating that Marin disagrees with the Commonwealth's position as set forth in the Two Hundred Sixteenth Omnibus Objection. Further, Marin states that, if the mutual fund purchased Commonwealth bonds, then the Commonwealth should be responsible.

5. The Marin Response does not dispute that the Marin Claim is based on investments in mutual funds, which, in turn, may have purchased bonds issued by the Commonwealth. The Marin Response also does not dispute that, because Marin is an investor in one or more mutual

funds that in turn may have invested in bonds issued by the Commonwealth, the Marin Claim is derivative of claims that must be asserted by the mutual funds directly for any claimed recovery to be considered by the Court. *See, e.g.*, *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997) (holding that, under the Bankruptcy Code, a creditor is one who "has a claim against the debtor or the estate" rather than "a creditor of one of the debtor's creditors."). The Marin Response therefore does not articulate any basis upon which Marin, as an investor in a mutual fund, might assert a direct claim against the Commonwealth in respect of its investment in such mutual funds.

6. Because Marin acknowledges the Marin Claim asserts liabilities based on one or more investments made by a mutual fund, the Debtors respectfully request that the Court grant the Two Hundred Sixteenth Omnibus Objection and disallow the Marin Claim, notwithstanding the Marin Response.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: January 4, 2021<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>Daniel J. Perez-Refojos<br>USDC No. 303909<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth, HTA, and ERS*<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth, HTA, and ERS* |