# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>　　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF CORRESPONDENCE REGARDING THE TWO HUNDRED FORTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO INDIVIDUAL PROOF OF CLAIM NO. 11287**

To the Honorable United States District Judge Laura Taylor Swain:

　　1.　　On September 11, 2020, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Board"), as the sole Title III representative of the Commonwealth, HTA and ERS (collectively, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Two Hundred Forty-Sixth Omnibus Objection of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims With Respect To Which Deficient Mailing Responses Were Received* [ECF No. 14218] (the "Two Hundred Forty-Sixth Omnibus Objection").

2. The Two Hundred Forty-Sixth Omnibus Objection seeks to disallow deficient claims which purport to assert liabilities against the Commonwealth, HTA, or ERS, but which fail to provide critical information needed to understand what liabilities any of the Commonwealth, HTA, ERS, or any other Title III Debtor may owe (the "Deficient Claims"), each as set forth in Exhibit A thereto. As set forth in the Two Hundred Forty-Sixth Omnibus Objection, each of the claimants subject thereto received a Mailing,[3] which was sent to claimants whose claims did not provide critical information needed to understand what liabilities the Commonwealth, HTA, ERS, or any other Title III debtor might owe. Although each of the claimants subject to the Two Hundred Forty-Sixth Omnibus Objection responded to the Mailing, their responses failed to provide the Debtors with the information necessary to reconcile the Deficient Claims.

3. The Debtors received correspondence from Pedro A. Miró Sotomayor ("Miró Sotomayor"), a copy of which is attached hereto as Exhibit "A" (the "Miró Sotomayor Response"),

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Two Hundred Forty-Sixth Omnibus Objection.

2

regarding Proof of Claim No. 11287 (the "Miró Sotomayor Claim").[4] A certified translation of the Miró Sotomayor Response is attached hereto as Exhibit "A-1."

4. The Miró Sotomayor Response consists of another completed Mailing, which attaches a copy of a brokerage statement and purports to assert liabilities associated with bonds issued by the Puerto Rico Sales Tax Financing Authority ("COFINA"), bearing various CUSIP numbers, in an amount of $250,000. COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth. Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "COFINA Bonds"). Bank of New York Mellon serves as Trustee with respect to the COFINA Bonds.

5. The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652] on January 9, 2019. On February 4, 2019, the Court confirmed the Plan, which incorporated the compromise and settlement of the dispute over whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly

---

[4] The Miró Sotomayor Claim was originally asserted against the Puerto Rico Sales Tax Financing Corporation ("COFINA"); however, pursuant to this Court's January 31, 2019 *Order Granting Puerto Rico Sales Tax Financing Corporation's Fifth Omnibus Objection (Non-Substantive) to Claims Asserted Against The Incorrect Debtor* [ECF No. 5015], the Miró Sotomayor Claim was reclassified to be asserted against ERS. Whether asserted against ERS or COFINA, however, the Miró Sotomayor Claim should be disallowed, for the reasons set forth below.

pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law (the "Commonwealth-COFINA Dispute"). *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048]. On the same day, the Court approved the compromise and settlement of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 5045] (the "Settlement Order").

6. On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended Confirmation Order"). Paragraph 11 of the Amended Confirmation Order states that the Order is "full, final, and complete, conclusive and binding upon . . . each person or entity asserting claims or other rights against COFINA, the Commonwealth or any of its other instrumentalities . . . ." The Plan became effective on February 12, 2019 (the "Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17 BK 3284-LTS, ECF No. 587].

7. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). The Claim purports to assert, in part, liabilities based on alleged ownership of COFINA bonds. To the extent the Miró Sotomayor Claim intended to assert a claim against COFINA in the COFINA Title III Case in respect of bonds issued by COFINA, any such claims should be disallowed and expunged because they have been discharged and released pursuant to Paragraph 29(a) of the Amended

4

Confirmation Order and 11 U.S.C. § 944, incorporated into PROMESA by PROMESA § 301(a).

8. To the extent the Miró Sotomayor Claim intended to assert a claim against ERS, it provides no basis to assert liabilities against ERS arising from bonds issued by COFINA, and to the extent the Miró Sotomayor Claim intended to assert a claim against the Commonwealth, any purported liability by the Commonwealth for bonds issued by COFINA was resolved by the resolution of the Commonwealth-COFINA Dispute. Pursuant to Paragraph 55 of the Settlement Order, all claims against the Commonwealth arising from or relating to the relationship of the Commonwealth and COFINA have been released. Settlement Order, ¶ 55 ("On the Effective Date, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor (as defined in the COFINA Plan), solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency thereof, the compromise and settlement of *Bank of New York Mellon v. COFINA*, Adv. Proc. No. 17-00133, and the allocation of funds in accordance with Section 2.1 of the COFINA Plan.").

9. Furthermore, pursuant to Paragraph 3(c) of the *Settlement Agreement* [ECF No. 5045-1], dated October 19, 2018, and attached to the Settlement Order (the "Settlement Agreement"), and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute has been dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute. Paragraph 3(c) of the Settlement Agreement provides that, "[o]n the Effective Date . . . the Adversary Proceeding shall be dismissed, with prejudice, and all other claims and causes of action asserted therein by the Commonwealth Agent, the COFINA

Agent and the Permitted Interveners, as defined in the Adversary Proceeding, shall be deemed dismissed, with prejudice . . . ." Paragraph 7 of the Amended Confirmation Order further provides that, "[u]pon the dismissal, with prejudice, of the Adversary Proceeding, the Commonwealth Agent and the COFINA Agent and their respective professionals shall be deemed to have satisfied any and all of their respective obligations in connection with the Adversary Proceeding, and the Commonwealth Agent and the COFINA Agent shall be deemed to have been released from any and all liabilities associated therewith."

10. Moreover, pursuant to Paragraph 29(f) of the Amended Confirmation Order, "[o]n the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan." Amended Confirmation Order, ¶ 29(f).[5] Because assertion of the Miró Sotomayor Claim against the Commonwealth

---

[5] Pursuant to the Plan, "Claim" is defined as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.53.

would seek to hold the Commonwealth liable for bonds issued by COFINA, such claims arise from or relate to the relationship between the Commonwealth and COFINA. The Commonwealth has therefore been released from all liability for bonds issued by COFINA, including the bonds asserted by the Miró Sotomayor Claim, pursuant to the Settlement Order, Amended Confirmation Order, and the Plan.

11. Accordingly, the Commonwealth respectfully requests that the Court grant the Two Hundred Forty-Sixth Omnibus Objection and disallow the Miró Sotomayor Claim, notwithstanding the Miró Sotomayor Response.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 4, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth, HTA, and ERS*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth, HTA, and ERS*