## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      *as representative of*<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## REPLY OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY CLAIMANT MARIA ROMERO QUINONES [ECF NOS. 13164 AND 13165] TO THE ONE HUNDRED SEVENTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO MISCELLANEOUS DEFICIENT AND LATE-FILED CLAIMS

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Highways and

Transportation Authority ("HTA"), and Employees Retirement System for the Government of the

Commonwealth of Puerto Rico ("ERS", and together with the Commonwealth and HTA, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors") by and through the Financial Oversight and Management Board for Puerto Rico (the

"Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b)

of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files

this reply (the "Reply") to the two identical responses [ECF Nos. 13164 and 13165] (together, the

"Responses") filed by Maria Romero Quinones ("Romero Quinones"), to the *One Hundred*

*Seventy-First Omnibus Objection of the Commonwealth of Puerto Rico, Puerto Rico Highways*

*and Transportation Authority, and Employees Retirement System of the Government of the*

*Commonwealth of Puerto Rico to Miscellaneous Deficient and Late-filed Claims* [ECF No. 12125]

(the "One Hundred Seventy-First Omnibus Objection").   In support of this Reply, the Debtors

respectfully represent as follows:

1.      On March 6, 2020, the Debtors filed the One Hundred Seventy-First Omnibus

Objection, seeking to disallow certain proofs of claim that failed to comply with the applicable

rules for filing a claim by not providing a basis for asserting a claim against the Commonwealth,

HTA, ERS, or any other Title III Debtor (collectively, the "Deficient Claims"), each as listed on

Exhibit A thereto.   As set forth in the One Hundred Seventy-First Omnibus Objection and

supporting exhibits thereto, each of the Deficient Claims purport to be based on obligations owed

to the applicable claimant by the Commonwealth, HTA, or ERS, but failed to provide information

identifying the source of the obligations or explaining why the Commonwealth, HTA, ERS, or any

other Title III debtor is liable to the claimant.

*2.*      Any party who disputed the One Hundred Seventy-First Omnibus Objection was

required to file a response by 4:00 p.m. (Atlantic Standard Time) on April 7, 2020 (the "April 7

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

Deadline"), in accordance with the Court-approved notice attached to the One Hundred Seventy-First Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the One Hundred Seventy-First Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 8027-1]).   *See Certificate of Service* [ECF No. 9621].

3.      The Responses were filed with the Court on May 15, 2020, and docketed as ECF Nos. 13164 and 13165 on May 18, 2020.   The Responses do not dispute that Romero Quinones's first proof of claim, which was filed against the Commonwealth on March 22, 2018, and logged by Prime Clerk as Proof of Claim No. 3997 (the "First Claim"), states as the basis for the claim "Gobierno PR Rama Judicial. Aut Carreteras, Prepa AEE, etc", but fails to provide any information required to evaluate the First Claim.   The Responses likewise do not dispute that Romero Quinones's second proof of claim, which was filed against the Commonwealth on March 22, 2018, and logged by Prime Clerk as Proof of Claim No. 3836 (the "Second Claim," and together with the First Claim, the "Claims"), states as the basis for the claim "Danos y Perjuicios (Ver Evidencias)," but also fails to provide any information required to evaluate the Second Claim.

4.      Instead, the Responses provide detailed information regarding several grievances, which Romero Quinones appears to allege give rise to liabilities owed by the Commonwealth, HTA, or PREPA.   First, with respect to the Commonwealth, the Responses allege (*i*) unspecified mistreatment by unnamed attorneys and Commonwealth court staff during the course of Romero Quinones's divorce proceedings; (*ii*) that funds for participation in the "People to People" program established by President Obama were improperly withheld from her daughter, preventing her daughter from participating in the program; and (*iii*) her daughter suffered serious injuries in a golf cart accident caused by "a sewer that was on the road."   Resp. at 5.   The Responses also contain

3

bank account information for Romero Quinones, printouts of email confirmations regarding the filing of the Claims, a copy of a portion of a joint resolution of the Puerto Rico Legislative Assembly, and information regarding a $5,000 settlement entered into between Romero Quinones and an unnamed municipality relating to her daughter's golf cart accident.   However, neither the allegations in the Responses nor the supporting documentation provided therein contain sufficient detail for the Debtors to understand the specific nature or basis of the liabilities allegedly owed to Romero Quinones by the Commonwealth.   While the Debtors are mindful of the difficulties Romero Quinones describes, Romero Quinones nowhere draws a relationship between those misfortunes and any basis on which either the Commonwealth or any other Title III debtor may be liable.

5.      With respect to HTA, Romero Quinones asserts that roads on the island are "not properly maintained," and as a result, the cost to service her car at Pep Boys is very high.   Resp. at 6.   These allegations also do not provide sufficient information for the Debtors to understand the specific nature or basis of any liabilities allegedly owed to Romero Quinones by HTA, because they do not explain how the specific condition of any particular road may have caused specific damages to Romero Quinones's property.

6.      With respect to PREPA, Romero Quinones asserts injuries arising from alleged overcharges for electricity, as well as damage to her appliances due to repeated power outages. Resp. at 6-7.   Again, however, these allegations lack the specificity necessary for the Debtors to understand the nature or basis of any liabilities allegedly owed to Romero Quinones by PREPA. The Responses do not explain, for example, how or why Romero Quinones was overcharged for electricity, or how her appliances were damaged.   They also do not draw any relationship between either the electricity overcharges or the damage to her appliances, on the one hand, and any actions by PREPA, on the other hand.

7.      Because the Responses still do not provide sufficient information to enable the
Debtors to reconcile the Claims, the Debtors respectfully request that the Court grant the One
Hundred Seventy-First Omnibus Objection and disallow the Claims in their entirety.


[*Remainder of Page Intentionally Left Blank*]

Dated: January 4, 2021
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Commonwealth of
Puerto Rico, Puerto Rico Highways and
Transportation Authority, and Employees
Retirement System of the Government of the
Commonwealth of Puerto Rico*