UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

### REPLY OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO RESPONSE FILED BY JILL, JEFFREY, AND MEL FEDER TO TWO HUNDRED TWENTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS ASSERTING LIABILITIES FOR BONDS SOLD BY CLAIMANTS

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Opposition to the*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Two Hundred Twenty-Second Omnibus Objection* [ECF No. 13648] (the "Response"), filed by claimants Jill, Jeffrey, and Mel Feder (the "Claimants") to the *Two Hundred Twenty-Second Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Claims Asserting Liabilities for Bonds Sold by Claimants* [ECF No. 13436] (the "Two Hundred Twenty-Second Omnibus Objection"). In support of this Reply, PREPA respectfully represents as follows:

1. On June 12, 2020, PREPA filed the Two Hundred Twenty-Second Omnibus Objection seeking to disallow certain proofs of claim (collectively, the "Claims to Be Disallowed") listed on Exhibit A thereto, each of which assert liabilities associated with bonds issued by PREPA that claimants held at one time, but subsequently sold, thereby forfeiting any right to further payment in connection with the bonds. As set forth in the Two Hundred Twenty-Second Omnibus Objection, each of the Claims to Be Disallowed purport to assert liabilities against PREPA arising from either the alleged loss incurred by claimants when they sold bonds issued by PREPA, or alleged interest owed to claimants on bonds issued by PREPA.

2. Any party who disputed the Two Hundred Twenty-Second Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 14, 2020, in accordance with the Court-approved notices attached to the Two Hundred Twenty-Second Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Twelfth Amended Case Management Procedures* [ECF No. 13383-1]).

3. Claimants filed their proof of claim against PREPA on March 26, 2018, which was logged by Prime Clerk, LLC as Proof of Claim No. 4692 (the "Claim"). The Claim asserted liabilities in the amount of $5,625.00 arising from a missed July 1, 2017 payment of scheduled

2

interest on PREPA bonds. The Claim further asserts that Claimants sold their PREPA bonds on July 11, 2017.

4. On July 15, 2020, Claimant filed the Response. Therein, Claimants provided additional supporting documentation demonstrating previous ownership of PREPA bonds, as well as Claimants' sale of those bonds on July 11, 2017. The Response reiterates that Claimants seek recovery for liabilities arising from the missed payment of interest on July 1, 2017. According to Claimants, they remain "the legal creditors of the debtor as it relates to the still unpaid interest payment" because "[t]he subsequent sale of those bonds by [Claimants] did NOT alter [Claimants'] legal status as the creditor of this interest amount of $5625.00." Resp. at 1 (emphasis original). Claimants cite no legal authority in support of this argument.

5. Claimants are mistaken. Once the Claimants sold their bonds, the third party that purchased the bonds—not Claimants—became entitled to payment of the bonds' principal and interest. The case of *In re Energy Future Holdings Corp.*, 785 F. App'x. 945, 947 (3d Cir. 2019), *cert. denied sub nom. English v. Energy Future Holdings Corp.*, 206 L. Ed. 2d 832 (2020), *reh'g denied sub nom. English v. Energy Future Holdings*, 19-7728, 2020 WL 4429741 (U.S. Aug. 3, 2020) is instructive. There, a claimant filed a claim against the debtor seeking payment in connection with bonds the claimant purchased several years prior to the debtor's chapter 11 petition, but had sold shortly after the petition was filed. The bankruptcy court disallowed the claim and the district court affirmed. On appeal, the Third Circuit agreed with the District Court's holding the claimant had no claim against the debtor. As the Third Circuit held, a "claim," as defined by 11 U.S.C. § 101(5)(a), "mean[s], simply, a 'right to payment,'" which in turn means "nothing more nor less than an enforceable obligation." *Id.* at 946 (citing *Cohen v. de la Cruz*,

3

523 U.S. 213, 218 (1998)). Further, the court stated "[o]nce the sale was completed, *the buyer— not English [the seller]—became entitled to payment of the bonds' principal and interest*." *Id.* at 947 (emphasis added) (citing *Read v. Lehigh Valley R. Co.*, 284 N.Y. 435, 31 N.E.2d 891, 894 (1940); *see also In re W. T. Grant Co.*, 4 B.R. 53, 77 (Bankr. S.D.N.Y. 1980) ("[P]ost-bankruptcy purchasers of debt securities of an entity in bankruptcy obtain allowable claims equal to the face amount of such securities[.]"). The same holds true here: once Claimants sold their bonds, they no longer held an enforceable right to payment against PREPA, and therefore have no claim arising from accrued but unpaid interest on their PREPA bonds.

6. Further, the Claim pertains to bonds issued under and pursuant to the provisions of a trust agreement, dated January 1, 1974, as amended (the "Trust Agreement") by and between PREPA and U.S. Bank National Association, successor trustee. The Trust Agreement confirms Claimants lack any enforceable right to payment against PREPA, and therefore cannot assert individual bond claims arising from the missed July 1, 2017 interest payment. Further, the Trust Agreement allows bond owners to transfer their interests in bonds, and provides: "Every prior holder or owner of any bond or of any coupon appertaining to any coupon bond shall be deemed to have waived and renounced all of his equities or rights therein in favor of every such bona fide purchaser, and every such bona fide purchaser shall acquire absolute title thereto and to all rights represented thereby." Tr. Agmt. § 207. Because the Claimants have sold their PREPA bonds, under the Trust Agreement, they have waived any rights arising from those bonds, including the right to demand payment for the missed July 1, 2017 interest payment.

7. Accordingly, PREPA respectfully requests that the Court grant the Two Hundred Twenty-Second Omnibus Objection and disallow Claim 4692.

Dated: January 4, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*