# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**This filing relates to the Commonwealth.**

---

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY EUGENIO CHINEA BONILLA [ECF NO. 14161] TO (I) THE TWO HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE BOND CLAIMS, (II) THE TWO HUNDRED TWENTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO GDB BONDHOLDER CLAIMS FOR WHICH THE COMMONWEALTH IS NOT LIABLE, AND (III) THE TWO HUNDRED TWENTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED BY HOLDERS OF CERTAIN PRASA BONDS AND HTA BRIDGE BONDS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth," or "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), [2] files this reply (the "Reply") to the response [ECF No. 14161] (the "Response") filed by claimant Eugenio Chinea Bonila ("Chinea Bonila"), which responds to the following three omnibus objections: (*i*) the *Two Hundred Twenty-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Bonds* [ECF No. 13909] (the "Two Hundred Twenty-Fifth Omnibus Objection"), (*ii*) the *Two Hundred Twenty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to GDB Bondholder Claims for Which the Commonwealth is Not Liable* [ECF No. 13911] (the "Two Hundred Twenty-Seventh Omnibus Objection"), and (*iii*) the *Two Hundred Twenty-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted By Holders of Certain PRASA Bonds and HTA Bridge Bonds* [ECF No. 13912] (the "Two Hundred Twenty-Eighth Omnibus Objection," and together with the Two Hundred Twenty-Fifth Omnibus Objection and the Two Hundred Twenty-Seventh Omnibus Objection, the "Omnibus Objections").   In support of this Reply, the Commonwealth respectfully represents as follows:

1.      Each of the Omnibus Objections were filed on July 31, 2020.   The Two Hundred Twenty-Fifth Omnibus Objection seeks to disallow portions of certain proofs of claim (collectively, the "Partially Duplicate Bond Claims"), each as listed on Exhibit A thereto, that are

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

duplicative of other proofs of claim filed in the Commonwealth's Title III Case.   As set forth more fully in the Two Hundred Twenty-Fifth Omnibus Objection and supporting exhibits thereto, each of the Partially Duplicate Bond Claims purports, in part, to assert liability against the Commonwealth associated with one or more bonds that are duplicative of one or more master proofs of claim, which were filed in the Commonwealth's Title III case by the fiscal agent and/or trustee for certain bonds.   The Two Hundred Twenty-Seventh Omnibus Objection seeks to disallow portions of claims that, in part, assert liability based on an alleged ownership of GDB Bonds (the "GDB Claims to Be Partially Disallowed").   As set forth more fully in the Two Hundred Twenty-Seventh Omnibus Objection and supporting exhibits thereto, each of the GDB Claims to Be Partially Disallowed seeks recovery for amounts for which the Commonwealth is not liable because the claims were released and extinguished pursuant to the transactions consummated through the Qualifying Modification for GDB (as defined in the Two Hundred Twenty-Seventh Omnibus Objection).   Further, the Two Hundred Twenty-Eighth Omnibus Objection seeks to disallow portions of claims that seek recovery, in part, for liabilities associated with bonds issued by PRASA or HTA (the "PRASA or HTA Claims to Be Partially Disallowed").   As set forth more fully in the Two Hundred Twenty-Eighth Omnibus Objection and supporting exhibits thereto, each of the PRASA or HTA Claims to Be Partially Disallowed purports to seek recovery for amounts for which the Commonwealth is not liable because (*i*) the claim seeks recovery, in part, for liabilities owed by PRASA, which is not a Title III Debtor, for amounts which neither the Commonwealth nor any other Title III Debtor have guaranteed repayment; (*ii*) the claim is based, in part, on PRASA Matured Bonds, which have already matured and been paid in full; and/or (*iii*) the claim is based, in part, on bonds issued by HTA, which is an entity that is legally

separate from the Commonwealth, that are not guaranteed by the Commonwealth.   Two Hundred Twenty-Eighth Omnibus Objection ¶¶ 18–21.

2.      Any party who disputed the Omnibus Objections was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 1, 2020, in accordance with the Court-approved notices attached to the Omnibus Objections as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Twelfth Amended Case Management Procedures* [ECF No. 13383-1]).

3.      Chinea Bonila filed his proof of claim on May 7, 2018, and it was logged by Prime Clerk as Proof of Claim No. 12827 (the "Chinea Bonila Claim").  The Chinea Bonila Claim asserts liabilities in the amount of $1,150,939.91 against the Commonwealth arising from Chinea Bonila's alleged ownership of various bonds.  *See* Claim at 3, 5.

4.      On September 1, 2020, Claimant filed the Response.   The Response states Claimant "disagrees with the amounts stated in Exhibits A attached herein of the [Omnibus Objections]" and "[t]he Commonwealth of Puerto Rico should be fully liable for the amounts stated in my claim #12827 and pay such amount as fully detailed and specified in Exhibit 1 attached herein."   Response at 1.   As supporting documentation, the Response also attached (*i*) certain pages from the Omnibus Objections, *id.* at 6–8; (*ii*) a summary of amounts purportedly owed by the Commonwealth in respect of bonds issued by PRASA, GDB, PRIDCO, PRCCDA, UPR, and PFC (each as defined in the Omnibus Objections), which asserts the same bonds in the same amounts as set forth in a summary contained in the original Claim (the "Original Asserted Bonds"), Resp. at 3–5 (alleging a claim against the Commonwealth for $1,150,939.91); Claim at 5 (alleging a claim against the Commonwealth for $1,150,939.91); and (*iii*) an additional

worksheet asserting additional liabilities associated with bonds issued by the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Sales Tax Financing Corporation ("COFINA") (collectively, the "New Asserted Bonds"), Response at 2–3.

### I.   The Original Asserted Bonds

5.      The Chinea Bonila Claim should be disallowed to the extent it seeks to assert the Original Asserted Bonds.   As set forth in the Two Hundred Twenty-Fifth Omnibus Objection, the Chinea Bonilla Claim should be disallowed, in part, because it seeks to assert liabilities associated with bonds issued by PRASA, PRIDCO, PRCCDA, UPR, and PFC that are duplicative of master proofs of claim filed by the trustees and/or fiscal agents of those bonds in the Commonwealth's Title III Case.   Further, as set forth in the Two Hundred Twenty-Seventh Omnibus Objection, the Chinea Bonila Claim should be disallowed to the extent it seeks to assert liabilities associated with bonds issued by the GDB, because the Commonwealth has been released from liability for bonds issued by GDB pursuant to the Qualifying Modification.   The Chinea Bonila Claim should also be disallowed, in part, because it seeks to assert liabilities associated with bonds bearing CUSIP number 745160RY9 and issued by PRASA, which is not a Title III Debtor, for amounts with respect to which the Commonwealth has not guaranteed repayment.   CUSIP number 745160RY9 is associated with PRASA Revenue Bonds, Series 2012B (Senior Lien), and the offering statement issued in connection with those bonds states that they "are not a debt of the Commonwealth of Puerto Rico or any of its municipalities or other political subdivisions, other than [PRASA,] and

5

neither the Commonwealth of Puerto Rico nor any such municipalities, other than [PRASA], shall be liable for the payment of the principal of or interest on said bonds."[3]

6.     The Response does not substantively address the factual or legal arguments set forth in the Omnibus Objections.  For example, it does not address whether certain portions of the Chinea Bonila Claim are duplicative of master proofs of claim filed in the Commonwealth's Title III Case.  Further, although the Response states the Commonwealth "should be fully liable" for the Original Asserted Bonds, it provides no basis for the assertion the Commonwealth is liable for bonds issued by PRASA that have not been guaranteed by the Commonwealth.   It also provides no basis for the assertion the Commonwealth remains liable for bonds issued by GDB following the Qualifying Modification.  Accordingly, for the reasons set forth above, the Chinea Bonila Claim should be disallowed in part with respect to the Original Asserted Bonds.

## II.     The Newly Asserted Bonds

7.     The Newly Asserted Bonds are comprised of the following:

   a.   HTA bonds bearing CUSIP number 745185BF4 in the amount of $98,533.39 (the "New HTA Claim");

   b.   ERS bonds bearing CUSIP number 29216MAF7 in the amount of $45,000.72 (the "New ERS Claim");

   c.   COFINA bonds bearing CUSIP numbers 74529JNL5 and 74529JGR0 in the amount of $276,503.24 (the "New COFINA Claim"); and

   d.   PREPA bonds in the amount of $229,480.45, with no CUSIP number specified (the "New PREPA Claim").

8.     *The New HTA Claim.* The New HTA Claim seeks to assert liabilities against the Commonwealth associated with bonds issued by HTA for which the Commonwealth is not liable.

---

[3] *See* Offering Statement for PRASA Revenue Bonds, Series 2012B (Senior Lien), at 1, *available at* https://emma.msrb.org/Security/Details/A6068DC80A5505E614310EBAF23B170BD.

CUSIP number 745185BF4 is associated with Special Facility Revenue Refunding Bonds, 2003 Series A (Teodoro Moscoso Bridge), which were issued by HTA on or about October 22, 2003. The official statement issued in connection with the Special Facility Revenue Refunding Bonds, 2003 Series A (Teodoro Moscoso Bridge) states that the "Bonds are not a debt of the Commonwealth of Puerto Rico or any of its political subdivisions, other than [HTA], and neither the Commonwealth of Puerto Rico nor any of its subdivisions, other than [HTA], is required to pay the Bonds."[4]   The New HTA Claim therefore asserts liabilities associated with bonds issued by HTA, which is an entity legally separate from the Commonwealth, as to which the Commonwealth has not guaranteed repayment, and it should be disallowed because the Commonwealth is not liable for the bonds Chinea Bonila asserts.   Further, Chinea Bonila has also filed a claim against HTA, which was logged by Prime Clerk as Proof of Claim No. 12558, asserting bonds associated with the same CUSIP number and in the same amount.   That claim preserves any claim Chinea Bonila may have as against HTA.

9.    *The New ERS Claim.*   The New ERS Claim should be disallowed because it is duplicative of a master proof of claim filed on behalf of ERS bondholders by BNYM (as defined in the Two Hundred Twenty-Fifth Omnibus Objection) in the Commonwealth's Title III Case. The CUSIP number asserted by the New ERS Claim, 29216MAF7, is associated with a Senior Pension Funding Bond, Series A.   As set forth in the Two Hundred Twenty-Fifth Omnibus Objection, BNYM filed a master proof of claim in the Commonwealth Title III Case (the "ERS-CW Master Proof of Claim"), asserting claims against ERS based on, among other things, the enactment of Joint Resolution 188 and Law 106, which together created a "pay as you go"

---

[4] The official statement for the Special Facility Revenue Refunding Bonds, 2003 Series A (Teodoro          Moscoso          Bridge)          is          available          at https://emma.msrb.org/Security/Details/A0BC2E92D13DB872F5E9451D490A58D23.

7

retirement system whereby pensioners are paid from the general funds of the Commonwealth, instead of Employers' Contributions, which is alleged to be collateral for the Bonds. BNYM initially filed one proof of claim that was logged by Prime Clerk, LLC, on May 24, 2018 as Proof of Claim No. 16775, and then filed an amended claim, on May 25, 2018, that was logged by Prime Clerk as Proof of Claim No. 32004.   The ERS-CW Master Proof of Claim was filed on behalf of "three series of senior pension funding bonds," including Series A.   ERS-CW Master Proof of Claim, Addendum, at 2.

10.     The New ERS Claim therefore asserts a bond that is duplicative of the ERS-CW Master Proof of Claim, and failure to disallow the New ERS Claim will result in Chinea Bonila potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in the Commonwealth's Title III Case.   Additionally, Chinea Bonila will not be prejudiced by the disallowance of the New ERS Claim, because the liabilities associated with this claim are subsumed within the ERS-CW Master Proof of Claim.

11.     *The New COFINA Claim.* The New COFINA Claim should also be disallowed because the Commonwealth has been released from liabilities arising from or relating to the relationship of the Commonwealth and COFINA.   COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.   Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation. Bank of New York Mellon

serves as Trustee with respect to the COFINA Bonds.  The Oversight Board filed that certain
*Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation*
(the "Plan") [ECF No. 4652] on January 9, 2019.

12.     On February 4, 2019, the Court confirmed the Plan, which incorporated the
compromise and settlement of the dispute over whether, after considering all procedural and
substantive defenses and counterclaims, including constitutional issues, the sales and use taxes
purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA
under applicable law (the "Commonwealth-COFINA Dispute").  *See Order and Judgment*
*Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing*
*Corporation* [ECF No. 5048].  On the same day, the Court approved the compromise and settlement
of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and Order*
*Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax*
*Financing Corporation* [ECF No. 5045] (the "Settlement Order").  On February 5, 2019, the
Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of*
*Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended
Confirmation Order").  The Plan became effective on February 12, 2019 (the "Effective Date"),
when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order*
*Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing*
*Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case
No. 17 BK 3284-LTS, ECF No. 587].

13.     Any purported liability by the Commonwealth for bonds issued by COFINA was
resolved by the resolution of the Commonwealth-COFINA Dispute.  Additionally, pursuant to
Paragraph 55 of the Settlement Order, all claims against the Commonwealth arising from or

relating to the relationship of the Commonwealth and COFINA have been released. Settlement Order, ¶ 55 ("On the Effective Date, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor (as defined in the COFINA Plan), solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency thereof, the compromise and settlement of *Bank of New York Mellon v. COFINA*, Adv. Proc. No. 17-00133, and the allocation of funds in accordance with Section 2.1 of the COFINA Plan.").   Furthermore, pursuant to Paragraph 3(c) of the *Settlement Agreement* [ECF No. 5045-1], dated October 19, 2018 and attached to the Settlement Order (the "Settlement Agreement"), and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute has been dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute.   Paragraph 3(c) of the Settlement Agreement provides that, "[o]n the Effective Date . . . the Adversary Proceeding shall be dismissed, with prejudice, and all other claims and causes of action asserted therein by the Commonwealth Agent, the COFINA Agent and the Permitted Interveners, as defined in the Adversary Proceeding, shall be deemed dismissed, with prejudice . . . ."

14.     Moreover, pursuant to Paragraph 29(f) of the Amended Confirmation Order, "[o]n the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the

Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan." Amended Confirmation Order, ¶ 29(f).5. Because the COFINA Bondholder Claims seek to hold the Commonwealth liable for bonds issued by COFINA, such claims arise from or relate to the relationship between the Commonwealth and COFINA. Accordingly, the Commonwealth has been released from all liability for the portions of the COFINA Bondholder Claims asserting interests in COFINA bonds pursuant to the Settlement Order, Amended Confirmation Order, and the Plan and all liabilities associated therewith.

15.     *The New PREPA Claim.*    The New PREPA Claim should also be disallowed because it asserts liabilities associated with bonds issued by PREPA, which is an entity that is legally separate from the Commonwealth.  Further, the New PREPA Claim provides no basis for asserting liabilities against the Commonwealth for bonds issued by PREPA.  The New PREPA Claim does not, for example, assert that PREPA bonds have been guaranteed by the Commonwealth, nor does it provide any other basis for asserting claims against the Commonwealth arising from bonds issued by PREPA.  Additionally, Chinea Bonila has already asserted a claim against PREPA, which was logged as Proof of Claim No. 12266, in the same principal amount as the New PREPA Claim.  That claim preserves any claim Chinea Bonila may have as against PREPA.

16.     For the foregoing reasons, the Commonwealth respectfully requests the Court grant the Omnibus Objections and disallow the Chinea Bonila Claim.

Dated: January 4, 2021                         Respectfully submitted,
      San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative for the Commonwealth of
Puerto Rico*