# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, & ERS.** |

## REPLY OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSE FILED BY BIBLIOTECA Y CENTRO DE ESTUDIOS DE PUERTO RICO, INC. [ECF NO. 14078] TO THE TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO MISCELLANEOUS DEFICIENT CLAIMS

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth, HTA and ERS (collectively, the "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the response [ECF No. 14078] (the "Response") filed by claimant Biblioteca y Centro de Estudios de Puerto Rico, Inc. (the "Claimant") to the *Two Hundred Thirty-Second Omnibus Objection of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Miscellaneous Deficient Claims* [ECF No. 13916] (the "Two Hundred Thirty-Second Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On July 31, 2020 the Oversight Board filed the Two Hundred Thirty-Second Omnibus Objection, seeking to disallow certain deficient claims which purport to assert liabilities against the Commonwealth, HTA or ERS, but fail to provide any information explaining why the Commonwealth, HTA, ERS, or any other Title III Debtor is liable to the Claimant.

2. Any party who disputed the Two Hundred Thirty-Second Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 1, 2020, in accordance with the Court-approved notice attached to the Two Hundred Thirty-Second Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Two Hundred Thirty-Second Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Twelfth Amended Case Management Procedures* [ECF No. 13383-1]). *See Certificate of Service* [ECF No. 13480].

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

3. Claimant filed a proof of claim against ERS on April 12, 2018, which was logged by Prime Clerk as Proof of Claim No. 4756 (the "Claim"). As explained in the Two Hundred Thirty-Second Omnibus Objection, the Claim purported to assert liabilities associated with ERS, but failed to provide any basis or supporting documentation for asserting a claim against ERS, and as a result, the Debtors were unable to determine the validity of the Claim.

4. On August 21, 2020, Claimant filed the Response, in which Claimant asserted liabilities in "principal amount of $50,000.00 and . . . accumulated interest thereon," stemming from Claimant's alleged ownership "of bonds issued by [ERS], CUSIP No. 29216MAC4." Response ¶ 2. Claimant alleged "[t]he said bonds originally were with the Brokerage Firm of Charles Schwab and now are in the Brokerage Account of Biblioteca with HJ Syms," *id.* ¶ 1, and appended a Charles Schwab brokerage statement to the Response indicating ownership of ERS bonds bearing CUSIP number 29216MAC4[3] (the "ERS Bond"). Further, Claimant objects to the Two Hundred Thirty-Second Omnibus Objection because it "substantively and illegally attempts to deprive [Claimant] of his rightful [Claim] . . . and is an illegal taking." *Id.* ¶ 5. The Response also "invokes [Claimant's] constitutional rights under the Fifth and Fourteenth Amendments . . . and demands Trial by Jury against any and all disallowance." *Id.*

5. As explained above, the Response provides documentation regarding a bond issued by ERS bearing CUSIP number 29216MAC4. However, the Bank of New York Mellon ("BNYM"), as fiscal agent under the Pension Funding Bond Resolution purportedly adopted on January 24, 2008, filed a master proof of claim against ERS on behalf of holders of ERS bonds, which was logged by Prime Clerk as Proof of Claim No. 16777 (the "ERS Master Claim"). The bond bearing CUSIP number 29216MAC4 is an ERS bond, and is covered by the ERS Master Claim. Accordingly, the

---

[3] https://emma.msrb.org/Security/Details/A8723835F75DCCA0969D8B239BADB2FAC.

3

Claim should be disallowed in its entirety because the CUSIP number for the ERS Bond is covered by a master proof of claim filed by BNYM, and the Claim therefore asserts liabilities associated with a bond issued by ERS that is duplicative of the ERS Master Claim. Failure to disallow the Claim would result in Claimant potentially receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in the ERS Title III Case. Moreover, Claimant will not be prejudiced by the disallowance of the Claim, because the liabilities associated with the Claim are subsumed within the ERS Master Claim.

6. Although Claimant raises several constitutional arguments against disallowance, those arguments are all meritless. Disallowance of the Claim raises no Fifth or Fourteenth Amendment concerns, because Claimant retains a claim against ERS, as asserted by BNYM on behalf of all bondholders, including Claimant. Claimant's rights against ERS are therefore preserved by the ERS Master Claim. Disallowance of the Claim also does not violate Claimant's Seventh Amendment right to a trial by jury, because Claimant has no such right prior to the disallowance of the Claim. *See, e.g.*, *In re Envisionet Computer Servs., Inc.*, 276 B.R. 7, 10 (D. Me. 2002) ("where a defendant has made a claim on the estate, the defendant has submitted to the process of allowance and disallowance of claims adjudicable by the bankruptcy court.") (internal citations omitted); *In re Northeastern Graphic Supply, Inc.*, No. 03-20069, 2003 WL 22848944, at *3 (Bankr. D. Me. Dec. 2, 2003) (same).

7. Accordingly, the Debtors respectfully request the Court grant the Two Hundred Thirty-Second Omnibus Objection and disallow the Claim, notwithstanding the Response.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 4, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s*/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico*