**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO THE RESPONSES FILED BY RUTH DALIA LUISA MARTINEZ VELEZ [ECF NOS. 13643, 13646, 13647, AND 13649] TO THE TWO HUNDRED FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO SUBSEQUENTLY AMENDED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

four separate responses filed by claimant Ruth Dalia Luisa Martínez Vélez ("Martínez Vélez") to the *Two Hundred Fourth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Subsequently Amended Claims* [ECF No. 13412] (the "Two Hundred Fourth Omnibus Objection"): the first response [ECF No. 13643] (the "First Response"), the second response [ECF No. 13646] (the "Second Response"), the third response [ECF No. 13647] (the "Third Response"), and the fourth response [ECF No. 13649] (the "Fourth Response," and together with the First Response, the Second Response, and the Third Response, the "Responses"). In support of this Reply, the Commonwealth respectfully represents as follows:

1. On June 11, 2020 the Commonwealth filed the Two Hundred Fourth Omnibus Objection seeking to disallow certain proofs of claim that were subsequently amended and superseded (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Two Hundred Fourth Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed have been amended and superseded by subsequently filed proof(s) of claim. The Claims to Be Disallowed thus no longer represent valid claims against the Debtors.

2. Any party who disputed the Two Hundred Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on July 14, 2020 in accordance with the Court-approved notice attached to the Two Hundred Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Thirteenth Amended Case Management Procedures* [ECF No. 13512-1]).

3. Martínez Vélez filed the following claims against the Commonwealth:

- Proof of Claim No. 105684 (the "First Original Claim"), subsequently amended on April 20, 2020, by Proof of Claim No. 173750 (the "First Remaining Claim");

2

- Proof of Claim No. 103437 (the "Second Original Claim"), subsequently amended on April 20, 2020, by Proof of Claim No. 173749 (the "Second Remaining Claim");

- Proof of Claim No. 105594 (the "Third Original Claim"), subsequently amended on April 20, 2020, by Proof of Claim No. 173748 (the "Third Remaining Claim"); and

- Proof of Claim No. 40721 (the "Fourth Original Claim," and together with the First Original Claim, the Second Original Claim, and the Third Original Claim, the "Original Claims"), subsequently amended on April 21, 2020, by Proof of Claim No. 173751 (the "Fourth Remaining Claim," and together with the First Remaining Claim, the Second Remaining Claim, and the Third Remaining Claim, the "Remaining Claims").

4. The Responses were filed with the Court on July 10, 2020, and docketed on July 15, 2020. Therein, Martínez Vélez acknowledges that she amended the Original Claims by filing the Remaining Claims. Notwithstanding, the First Response, the Second Response, and the Third Response each object to the disallowance of the First Original Claim, the Second Original Claim, and the Third Original Claim, respectively, on the basis that the First Amended Claim, the Second Amended Claim, and the Third Amended Claim assert "a definite amount." However, none of the First Response, the Second Response, and the Third Response dispute that the First Original Claim, the Second Original Claim, and the Third Original Claim were subsequently amended by the First Amended Claim, the Second Amended Claim, and the Third Amended Claim, respectively, and, therefore, no longer represent valid claims against the Commonwealth. Further, the liabilities Martínez Vélez asserts are preserved by the First Amended Claim, the Second Amended Claim, and the Third Amended Claim, which remain pending against the Commonwealth.

5. In the Fourth Response, Martínez Vélez states that she opposes the disallowance of the Fourth Original Claim because her "retirement pension . . . is a right guaranteed to her as a retired teacher." *Id*. Martínez Vélez does not dispute, however, that the Fourth Original Claim

3

was amended by the Fourth Amended Claim, and therefore no longer represents a valid claim against the Commonwealth. Further, the liabilities Martínez Vélez seeks to assert are preserved by the Fourth Amended Claim, which also remains pending against the Commonwealth.

6. Accordingly, as explained in the Two Hundred Fourth Omnibus Objection, Martínez Vélez will not be prejudiced by the disallowance of the Original Claims, because she will retain the Remaining Claims. The Commonwealth therefore respectfully requests the Court grant the Two Hundred Fourth Omnibus Objection and disallow the Original Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 4, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

5