**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY OF FOURTH INTERIM APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

| | |
|---|---|
| Name of Applicant: | Nixon Peabody LLP |
| Authorized to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico, as Representative of the Puerto Rico Electric Power Authority, pursuant to Section 315(b) of PROMESA |
| Period for which compensation and reimbursement are sought: | February 1, 2020 through May 31, 2020 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $145,126.50 |

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

| | |
|---|---|
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $0 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |

This is a(n):  __ monthly   <u>X</u> interim   __ final application

- Blended Rate in this application for attorneys:  $832/hr
- Blended Rate in this application for all timekeepers:  $771/hr

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

**Schedule 1**
**Fourth Interim Compensation Period – Consolidated Fee Statements**
**February 1, 2020 – May 31, 2020**

| Entity | Period | Fees requested to be paid (100%) | Fee previously requested to be paid (90%) | Expenses requested to be paid (100%) | Total Fees and Expenses requested to be paid |
|---|---|---|---|---|---|
| PREPA | February 1, 2020 through May 31, 2020 | $145,126.50 | $130,613.85 | N/A | $145,126.50 |

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

**Schedule 2**
**Summary of Professional Services Rendered by Timekeeper for the Period**
**February 1, 2020 – May 31, 2020**

| Professional | Position/Title | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mitchell Rapaport | Partner | $990 | 54.5 | $53,955 |
| Virginia Wong | Partner | $990 | 3.4 | $3,366 |
| Bruce Serchuk | Partner | $990 | 2.6 | $2,574 |
| Carla Young | Partner | $990 | 24 | $23,760 |
| Patrick Cox | Partner | $990 | 0.2 | $198 |
| Joel Swearingen | Associate | $600 | 44 | $26,400 |
| Sebastian Torres | Associate | $600 | 8.6 | $5,160 |
| David Song | Associate | $505 | 58.5 | $29,542.50 |
| Anthony Vescova | eDiscovery Specialist | $285 | 0.6 | $171 |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**FOURTH INTERIM APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

Nixon Peabody LLP ("Nixon"), as special counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Electric Power Authority ("PREPA") and certain other public corporations and instrumentalities of the Government of Puerto Rico (collectively, the "Debtors"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") 48 U.S.C. §§ 2101-2241, hereby

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

submits this fourth interim application (the "Application"), pursuant to Sections 316 and 317 of

PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[2]

Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District

of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by*

*Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee,

28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second*

*Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses*

*of Professionals* (Dkt. No. 3269) (the "Interim Compensation Order"), for allowance of

interim compensation for professional services performed by Nixon for the period commencing

February 1, 2020 through and including May 31, 2020 (the "Compensation Period") in the amount

of $145,126.50. In support of the Application, Nixon respectfully states as follows:

**JURISDICTION**

1.       The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction pursuant to Section 306(a) of PROMESA.

2.       Venue is proper in this district pursuant to Section 307(a) of PROMESA.

3.       Nixon submits the Application pursuant to Sections 316 and 317 of PROMESA.

**BACKGROUND**

4.       On June 30, 2016, the Oversight Board was established under Section 101(b) of

PROMESA.

5.       Pursuant to Section 315 of PROMESA, "[t]he Oversight Board in a case under this

subchapter is the representative of the debtor" and "may take any action necessary on behalf of the

---

[2]  The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to Section 301
of PROMESA.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." 48 U.S.C. § 2175.

6.      On September 30, 2016, the Oversight Board designated the Debtors as "covered entities" under Section 101(d) of PROMESA.

7.      On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

8.      On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Oversight Board, as COFINA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

9.      On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Oversight Board, as HTA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

10.     On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("ERS"), by and through the Oversight Board, as ERS's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

11.     On July 3, 2017, PREPA, by and through the Oversight Board, as PREPA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

12.     Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases (together, the "Title III Cases") are jointly administered for procedural purposes only, pursuant to Section 304(g) of PROMESA and Bankruptcy Rule 1015 [ECF Nos.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

242, 537, 1417].

13.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [ECF No. 1416], which appointed Brady Williamson of Godfrey & Kahn, S.C. to serve as Fee Examiner in the Title III Cases.

14.     On June 16, 2020, Nixon served on the Notice Parties its monthly fee statements for the months of February, April and March of 2020.

15.     On July 9, 2020, Nixon provided the corresponding Monthly Fee Objection Statements for the February, April and March monthly fee statement to representatives of the Puerto Rico Treasury Department (the "Treasury") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").

16.     There is no monthly fee statement for the month of May 2020.

## COMPENSATION REQUESTED

17.     On February 7, 2019, Nixon executed an Independent Contractor Services Agreement with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY19 Agreement"). The FY19 Agreement was set to expire on June 30, 2019.

18.     On July 1, 2019, Nixon executed an Independent Contractor Services Agreement with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY20 Agreement", and together with the FY19 Agreement, the "Agreements"). The FY20 Agreement was set to expire on June 30, 2020.

19.     On July 1, 2020, Nixon executed an Independent Contractor Services Agreement with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY21 Agreement", and together with the FY19

Agreement and the FY20 Agreement, the "Agreements"). The FY21 Agreement is set to expire on June 30, 2021.

20.     In accordance with the Interim Compensation Order, Nixon has provided copies of the Agreements to the Treasury and AAFAF.

21.     Nixon's hourly rates are set at a level designed to compensate Nixon fairly for the work of its attorneys and professionals and are disclosed in the Agreements.

22.     Pursuant to a Restructuring Support Agreement ("RSA"), the Oversight Board, as PREPA's representative in the Title III Cases, and AAFAF, as PREPA's Fiscal Agent under Puerto Rico law, negotiated a settlement with holders of the vast majority of PREPA's uninsured secured debt and with its bond insurers.

23.     The settlement achieves three key objectives: (i) it caps the amount electricity prices can be raised to pay debt; (ii) it transforms the existing debt into new debt having no receiver remedy, no rate covenant, and no payment default remedies for underpayment of required debt service as long as the revenues from a transition charge are paid to the bondholders – thus shifting to creditors the demand-risk formerly borne by PREPA and its customers; and (iii) it discounts the original debt to save PREPA between $2 billion and $3 billion in cash flow.

24.     The RSA is a comprehensive and complicated settlement agreement that addresses the economic issues facing its parties and allows all potential private investors/operators engaged in the process to "transform" PREPA to know exactly what portion of revenues will be devoted to old debt, while eliminating the risk and downside of price hikes resulting from defaults.

25.     Nixon is a nationally recognized bond counsel firm with more than 30 years of experience in all areas of public finance. Its Public Finance practice is one of the largest in the nation with more than 40 public finance and tax attorneys. The firm consistently ranks among the

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

top bond counsel, underwriters' counsel, and disclosure counsel firms in the nation.

26.     Nixon has advised, and will continue to, advise the Oversight Board on optimal tax structures for PREPA's restructuring and transformation pursuant to the RSA. In this capacity, Nixon has been engaged to provide tax-exempt bond law analysis, render tax opinions and prepare tax-related documentation and disclosure, among other things.

27.     Pursuant to the Interim Compensation Order, Nixon hereby seeks an allowance of $145,126.50 as compensation for professional services rendered during the Compensation Period in connection with such professional services.

28.     Nixon's itemized time records for attorneys and professionals performing services for the Oversight Board during the Compensation Period is attached hereto as **Exhibit A**.

29.     During the Compensation Period, Nixon billed the Oversight Board for time expended by its attorneys and professionals based on Nixon's hourly rate for each attorney and professional as detailed in Schedule 2 of the summary of this Application.

30.     The fees charged by Nixon are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period and are appropriate for complex securities and tax advantage financing matters. The rates and rate structure reflect that such complex matters typically involve great complexity, high stakes, and intense time pressures. Nixon submits that the compensation requested is reasonable in light of the nature, extent, and value of such services provided to the Oversight Board.

31.     The services for which Nixon is requesting approval of the Court were performed for the Oversight Board as representative of PREPA. In connection with the matter covered by this Application, Nixon received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtors. There is no agreement or understanding

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

between Nixon and any other person, other than members of the firm, for the sharing of compensation received for services rendered under the Agreements.

32.    Sections 316 and 317 of PROMESA provide for interim compensation of professionals and govern the Court's award of such compensation. 48 U.S.C. §§ 2176-2177. Section 316 of PROMESA provides that a court may award a professional person employed by the Debtors or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a).

33.    Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

48 U.S.C. § 2176(c).

34.     As noted above, the professional services object of this Application were necessary
and beneficial to the Oversight Board as representative of PREPA.

## ATTORNEY CERTIFICATION

35.     In accordance with Puerto Rico Local Bankruptcy Rule 2016-1(a)(4), the
undersigned has reviewed the requirements of Puerto Rico Local Bankruptcy Rule 2016-1(a)(4)
and certifies to the best of his information, knowledge, and belief that this Application complies
with Puerto Rico Local Bankruptcy Rule 2016-1(a)(4). In this regard, and incorporated herein by
reference, the Certification of Mitchell Rapaport in accordance with the U.S. Trustee Guidelines
is attached hereto as **Exhibit B**.

## RESERVATION OF RIGHTS

36.     Nixon reserves the right to request compensation for services and reimbursement
of such expenses in a future application that have not been processed in relation to the
Compensation Period object of this Application.

## NOTICE

37.     Pursuant to the Interim Compensation Order, notice of this Application has been
filed in the Title III Cases and served upon:

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

(a) the Financial Oversight and Management Board:

>   Financial Oversight and Management Board
>   40 Washington Square South, Office 314A
>   New York, NY 10012
>   Attn:   Professor Arthur J. Gonzalez, Oversight Board Member

(b) attorneys for the Oversight Board:

>   Proskauer Rose LLP
>   Eleven Times Square
>   New York, NY 10036,
>   Attn:   Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com)
>            Ehud Barak, Esq. (ebarak@proskauer.com)

>   and

>   Proskauer Rose LLP
>   70 West Madison Street
>   Chicago, IL 60602
>   Attn:   Paul V. Possinger, Esq. (ppossinger@proskauer.com)

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority:

>   O'Melveny & Myers LLP
>   Times Square Tower
>   7 Times Square, New York, NY 10036
>   Attn:   John J. Rapisardi, Esq. (jrapisardi@omm.com)
>            Suzzanne Uhland, Esq. (suhland@omm.com)
>            Diana M. Perez, Esq. (dperez@omm.com)

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority:

>   Marini Pietrantoni Muñiz LLC
>   MCS Plaza, Suite 500
>   255 Ponce de León Ave
>   San Juan, PR 00917
>   Attn:   Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com)
>            Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com)

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa:

>   Office of the United States Trustee for the District of Puerto Rico,
>   Edificio Ochoa
>   500 Tanca Street, Suite 301
>   San Juan, PR 00901
>   (re: *In re: Commonwealth of Puerto Rico*)

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

(f)  attorneys for the Official Committee of Unsecured Creditors:

> Paul Hastings LLP
> 200 Park Ave.
> New York, NY 10166
> Attn:  Luc. A Despins, Esq. (lucdespins@paulhastings.com)

(g)  attorneys for the Official Committee of Unsecured Creditors:

> Casillas, Santiago & Torres LLC
> El Caribe Office Building
> 53 Palmeras Street, Ste. 1601
> San Juan, PR 00901
> Attn:  Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com)
>          Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com)

(h)  attorneys for the Official Committee of Retired Employees:

> Jenner & Block LLP
> 919 Third Ave.
> New York, NY 10022
> Attn:  Robert Gordon, Esq. (rgordon@jenner.com)
>          Richard Levin, Esq. (rlevin@jenner.com)

> and

> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654
> Attn:  Catherine Steege, Esq. (csteege@jenner.com)
>          Melissa Root, Esq. (mroot@jenner.com)

(i)  attorneys for the Official Committee of Retired Employees:

> Bennazar, García & Milián, C.S.P.
> Edificio Union Plaza, PH-A
> 416 Ave. Ponce de León
> Hato Rey, PR 00918
> Attn:  A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org)

(j)  the Puerto Rico Department of Treasury:

> Puerto Rico Department of Treasury
> PO Box 9024140
> San Juan, PR 00902-4140
> Attn:  Reylam Guerra Goderich, Deputy Assistant of Central Accounting
>          (Reylam.Guerra@hacienda.pr.gov)
>          Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central
>          Accounting (Rodriguez.Omar@hacienda.pr.gov)
>          Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal
>          Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov)
>          Francisco Parés Alicea, Secretary of the Puerto Rico Treasury
>          Department (francisco.pares@hacienda.pr.gov)

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury
(Francisco.Pena@hacienda.pr.gov)

(k) attorneys for the Fee Examiner:

EDGE Legal Strategies, PSC
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR 00918
Attn:   Eyck O. Lugo (elugo@edgelegalpr.com)

(l)  attorneys for the Fee Examiner:

Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Attn:   Katherine Stadler (KStadler@gklaw.com)

(m) attorneys for AAFAF in the PREPA Title III proceeding:

Greenberg Taurig LLP
200 Park Avenue
New York, NY 10166
Attn:   Nathan A. Haynes, Esq., haynesn@gtlaw.com

(n) attorneys for the U.S. Bank National Association:

Maslon LLP
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
Attn:   Clark T. Whitmore, Esq. (clark.whitmore@maslon.com)
        William Z. Pentelovitch, Esq., (bill.pentelovitch@maslon.com)
        John T. Duffey, Esq. (john.duffey@maslon.com)
        Jason M. Reed, Esq. (jason.reed@maslon.com)

(o) attorneys for the U.S. Bank National Association:

Rivera, Tulla and Ferrer, LLC
50 Quisqueya Street
San Juan, PR 00917
Attn:   Eric A. Tulla, Esq. (etulla@riveratulla.com)
        Iris J. Cabrera-Gómez, Esq. (icabrera@riveratulla.com).

**WHEREFORE** Nixon respectfully requests that the Court enter an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $145,126.50 (including the 10% professional compensation holdback amount); (b) directing the Commonwealth to pay promptly to Nixon the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation

and expenses previously paid to Nixon, consistent with the provisions of the Interim Compensation

Order; (c) allowing such compensation for professional services rendered and reimbursement of

actual and necessary expenses incurred without prejudice to Nixon's right to seek additional

compensation for services performed and expenses incurred during the Compensation Period,

which were not processed at the time of this Application; and (d) granting Nixon such other and

further relief as is just and proper.

Dated: January 6, 2021                         Respectfully submitted,
New York, New York

                                               */s/ Sebastian M. Torres Rodríguez*

                                               USDC No. 301211
                                               Nixon Peabody LLP
                                               Tower 46
                                               55 West 46th Street
                                               New York, NY 10036-4120
                                               Telephone: (212) 940-3072
                                               Facsimile: (833) 936-0842

### Exhibit A

### ITEMIZED TIME RECORDS

**FOR PROFESSIONAL SERVICES RENDERED February 1, 2020 through February 29, 2020, including:**

**MATTER NO.:        000002        PREPA TAX ADVICE**

**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
|------|-----------|-------|-------------------------|
| 02/07/20 | B. Serchuk | 0.50 | E-mails with M. Rapaport regarding structuring issues. |
| 02/07/20 | M. Rapaport | 1.50 | Telephone call and e-mails with D. Brownstein. Review various issues related to subordinate bonds.  E-mails to B. Serchuk. |
| Task Total: None | | 2.00 | Task Fees:     1,980.00 |

**TOTAL HOURS:        2.00**

|  |  |
|---|---|
| **TOTAL FEES:** | **$1,980.00** |
| **TOTAL FOR MATTER -- PREPA TAX ADVICE:** | **$1,980.00** |
| **TOTAL FOR STATEMENT:** | **$1,980.00** |

**FOR PROFESSIONAL SERVICES RENDERED March 1, 2020 through March 31, 2020, including:**

**MATTER NO.:**   **000002**   **PREPA TAX ADVICE**

**For Professional Fees:**

| 03/13/20 | M. Rapaport | 2.70 | Conference call with Citi regarding management contract. Review supplement to management contract. E-mails regarding tax opinion. |
| 03/13/20 | V. Wong | 0.30 | Correspond with M. Rapaport. |
| 03/13/20 | V. Wong | 0.50 | Conference call with Citi to review QMA rules. |
| 03/16/20 | M. Rapaport | 2.00 | Review final O&M contract. E-mails to Sargent Lundy. E-mails to Citi regarding permitted contract term. |
| 03/17/20 | M. Rapaport | 0.50 | E-mails regarding LUMA Contract and Initial Operating period. |
| 03/17/20 | C. Young | 0.50 | Review e-mail from K. Franceschi. E-mails with M. Rapaport regarding 18 month contract. |
| 03/18/20 | M. Rapaport | 0.30 | E-mails to Citi regarding permitted term of management contract. |
| 03/18/20 | C. Young | 0.40 | E-mails with K. Franceschi and M. Rapaport. Review e-mail on 18-month initial term. |
| 03/19/20 | J. Swearingen | 0.20 | E-mail correspondence. |
| 03/19/20 | P. Cox | 0.20 | Discuss tax issues relating to the contingency of payments with M. Rapaport. |
| 03/19/20 | M. Rapaport | 2.00 | Prepared for conference call regarding LUMA supplemental contract. Telephone call and e-mails with C. Young regarding supplemental contract. Conference call with DLA, Cleary and Citi regarding LUMA. Research and e-mails regarding tax issues with term of supplemental contract. |
| 03/19/20 | C. Young | 1.30 | Conference call with working group regarding supplemental agreement. Telephone call with M. Rapaport regarding contract term. Review e-mails regarding tax analysis of contract term pre- and post-bankruptcy. |
| 03/20/20 | J. Swearingen | 2.50 | Research regarding effective date of management contract that is contingent upon certain approvals. |
| 03/21/20 | M. Rapaport | 0.50 | Review J. Swearingen's e-mail regarding research on management contract contingencies. |
| 03/21/20 | M. Rapaport | 0.40 | E-mail to J. Swearingen regarding management contract research. |

Nixon Peabody LLP
Invoice #  10196237    Page 2

| 03/23/20 | M. Rapaport | 0.30 | E-mails to J. Swearingen regarding management contract research. |
| 03/23/20 | J. Swearingen | 3.80 | Research regarding contingencies to entering into management agreement. |
| 03/24/20 | J. Swearingen | 4.50 | Research regarding management contract subject to contingencies. |
| 03/24/20 | M. Rapaport | 0.40 | Review e-mail regarding management contract analysis. |
| 03/25/20 | C. Young | 0.30 | Review e-mails regarding research and contract terms. |
| 03/25/20 | D. Song | 4.80 | Research regarding bankruptcy contingency's application as a condition precedent. |
| 03/25/20 | J. Swearingen | 1.40 | E-mail correspondence; brief research. |
| 03/25/20 | M. Rapaport | 1.50 | Review memorandum regarding contract contingencies.  E-mail to J. Swearingen regarding additional research and memorandum.  E-mails to Citi and DLA. |
| 03/26/20 | M. Rapaport | 0.40 | E-mails regarding status of management contract. |
| 03/26/20 | J. Swearingen | 1.10 | E-mail correspondence. Brief research regarding factors separating conditions subsequent from precedent. |
| 03/26/20 | D. Song | 4.20 | Research regarding bankruptcy contingency's application as a condition precedent. |
| 03/27/20 | M. Rapaport | 1.00 | Review powerpoint outlining timeline and path forward. E-mails to J. Swearingen. |
| 03/27/20 | J. Swearingen | 0.70 | Review research from D. Song. |
| 03/29/20 | J. Swearingen | 3.10 | Review management contract. Research regarding types of contingencies. E-mail D. Song about memo. Begin memo rough draft. |
| 03/29/20 | M. Rapaport | 0.40 | Review e-mails regarding management contract analysis. |
| 03/30/20 | C. Young | 1.20 | Review e-mail from M. Rapaport. Review e-mail from Citi regarding conditions precedent. Review e-mails from J. Swearingen and D. Song and analyzing underlying research relating to conditions precedent. Review PREPA contract for conditions precedent to Service Commencement Date. Review e-mail to Citi. E-mails with M. Rapaport. |
| 03/30/20 | M. Rapaport | 1.50 | Review e-mails regarding research on contingent contracts. E-mails to J. Swearingen regarding memorandum.  E-mails to Citi regarding O&M contract analysis. Review powerpoint on timing of contract. |
| 03/30/20 | J. Swearingen | 0.90 | E-mail correspondence; brief research regarding contingencies. |
| 03/31/20 | J. Swearingen | 0.90 | E-mail correspondence. Telephone conference with D. Song to discuss research criteria and expected work product. |

Nixon Peabody LLP
Invoice #  10196237    Page 3

| | | | |
|---|---|---|---|
| 03/31/20 | D. Song | 3.50 | Research regarding bankruptcy contingency's application as a condition precedent. |
| 03/31/20 | M. Rapaport | 0.50 | E-mails regarding QMA qualification and opinions. |
| 03/31/20 | C. Young | 0.40 | Review e-mails regarding call. E-mails with NP working group regarding tax opinion. |

Total:                                     51.10                        Task Fees:    37,077.50

**For Fees incurred in connection with the Interim Composition Procedures:**

**Interim Fee Period February 1, 2019 through May 31, 2019:**

| Date | Timekeeper | Hours | Description of Services |
|---|---|---|---|
| 03/04/20 | A. Vescova | 0.30 | Search Case No. 17-03283 Docket to verify if objections have been filed to Nixon Peabody's First Interim Application (Interim Fee Period of February through May) in accordance with the District Court's Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered on June 6, 2018. |

**Interim Fee Period: June 1, 2019 through September 30, 2019:**

| | | | |
|---|---|---|---|
| 03/04/20 | A. Vescova | 0.30 | Search Case No. 17-03283 Docket to verify if objections have been filed to Nixon Peabody's Second Interim Application (Interim Fee Period o June through September) in accordance with the District Court's Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered on June 6, 2018. |

Total:                                     0.60                        Task Fees:        171

**TOTAL HOURS:    51.70**

**TOTAL FEES:    $37,248.50**
**TOTAL FOR MATTER -- PREPA TAX ADVICE:    $37,248.50**
**TOTAL FOR STATEMENT:    $37,248.50**

**FOR PROFESSIONAL SERVICES RENDERED April 1, 2020 through April 30, 2020 including:**

| MATTER NO.: | 000002 | PREPA TAX ADVICE |
| --- | --- | --- |

**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
| --- | --- | --- | --- |
| 04/01/20 | V. Wong | 0.50 | Conference call to discuss tax opinion. |
| 04/01/20 | J. Swearingen | 0.60 | E-mail correspondence regarding contingencies. Brief research regarding conditions precedent. |
| 04/01/20 | D. Song | 14.30 | Research regarding bankruptcy contingency as a condition precedent. |
| 04/01/20 | M. Rapaport | 2.60 | Conference call with working group regarding LUMA contract.  Telephone call with C. Young regarding LUMA contract.  Drafted e-mail regarding opinions to be delivered on LUMA contract. E-mail to S. Torres regarding drafting opinion.  E-mails to Joe regarding contract research. |
| 04/01/20 | C. Young | 1.00 | Review supplemental agreement in preparation for call. Call with M. Rapaport regarding tax opinions. Conference call with working group regarding tax opinions. Call with M. Rapaport regarding revisions to tax opinion. Review e-mail to S. Torres. |
| 04/02/20 | V. Wong | 0.50 | Conference call to discuss tax opinion. |
| 04/02/20 | C. Young | 1.30 | Review e-mail from M. Rapaport regarding tax opinion. Conference call with Cleary and Proskauer regarding tax opinions. Telephone call with M. Rapaport regarding follow up. |
| 04/02/20 | J. Swearingen | 2.10 | Research regarding impact of contingencies on agreement for purposes of 2017-13 |
| 04/02/20 | M. Rapaport | 2.50 | Telephone call with J. Tato regarding management contract. Drafted e-mail to Cleary regarding management contract.  Telephone call with T. Green regarding management contract. Conference call with Cleary regarding management contract and opinions. Telephone call with C. Young. |

Nixon Peabody LLP
Invoice #  10196242    Page 2

| | | | |
|---|---|---|---|
| 04/03/20 | S. Torres-Rodriguez | 2.00 | Review the provisions of the most recent version of the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement and the Puerto Rico Transmission and Distribution System Supplemental Terms Agreement relating to the Service Commencement Date Conditions in preparation to draft certain parts of the tax opinion. |
| 04/03/20 | D. Song | 5.30 | Draft sections of the research memorandum for conditions precedent. |
| 04/03/20 | M. Rapaport | 3.70 | Telephone call with J. Tato regarding management contract.  Conference call with Cleary and Fermin regarding management contract.  Drafted opinion. Drafted language for Sargent and Lundy report. |
| 04/03/20 | S. Torres-Rodriguez | 0.50 | Review the revise T&D O&M Agreement Next Steps deck prepared by Citi. |
| 04/03/20 | S. Torres-Rodriguez | 1.50 | Review the revise version of our tax opinion, provide comments and add language in connection the Service Commencement Date Conditions. |
| 04/03/20 | J. Swearingen | 9.70 | Research regarding management contract subject to contingencies. E-mail correspondence. Draft memorandum. |
| 04/03/20 | C. Young | 1.00 | E-mail with M. Rapaport. Conference call with Sargent and Lundy regarding process and updating economic life estimates. Review revisions to tax opinion. Review language for S&L report. |
| 04/04/20 | J. Swearingen | 4.40 | Research regarding contractual contingencies; revise memo. E-mail correspondence. |
| 04/04/20 | D. Song | 4.70 | Edit sections of the research memo for conditions precedent. Research additional cases showing negative authority. |
| 04/05/20 | D. Song | 2.90 | Edit sections of the research memo for conditions precedent. Research additional cases showing negative authority. |
| 04/05/20 | M. Rapaport | 1.00 | Telephone call with Fernando regarding management contract. Review management contract issues. |
| 04/05/20 | J. Swearingen | 3.90 | Research regarding contractual contingencies; revise memo. E-mail correspondence. |
| 04/06/20 | J. Swearingen | 0.70 | Revisions to memo on contingencies; e-mail correspondence. |
| 04/06/20 | S. Torres-Rodriguez | 0.50 | Review the C. Young comments to the tax opinion and confer with M. Rapaport on the opinion structure taking into consideration the T&D Agreement and the Supplemental Agreement and the precedent conditions. |

Nixon Peabody LLP
Invoice #  10196242    Page 3

| | | | |
|---|---|---|---|
| 04/06/20 | C. Young | 2.60 | E-mails with M. Rapaport regarding modification to covenants to enable delivery of tax opinion at start of contract. Review and comment on tax opinion. Review e-mails regarding S&L report. Conference call with M. Rapaport and B. Serchuk. Review e-mails from S&L regarding changes to useful life methodology. Review e-mail from AAFAF regarding opinions. Review e-mail from M. Rapaport regarding additional FEMA spending and impact on useful life. Review e-mail from S&L regarding methodology. |
| 04/06/20 | M. Rapaport | 4.50 | Review issues related to management contract. Drafted e-mail regarding potential approach. Telephone call and e-mails with C. Young. Conference call with B. Serchuk and C. Young. Telephone call with Fernando.  E-mails regarding Sargent Lundy report. Drafted revise opinion. |
| 04/06/20 | B. Serchuk | 1.50 | Review management contract issue.  Telephone call with M. Rapaport and C. Young regarding same. |
| 04/07/20 | S. Torres-Rodriguez | 1.00 | Review the revise tax opinion and the opinion for the supplemental agreement to provide final comments. |
| 04/07/20 | C. Young | 1.70 | E-mails regarding call with S&L. Conference call with S&L, Ankura and Citi regarding S&L report. Follow up e-mails with M. Rapaport. Review changes to opinions to incorporate supplemental agreement. Review Luma counsel comments to opinion. E-mails with M. Rapaport regarding Luma comments. |
| 04/07/20 | M. Rapaport | 3.00 | Draft O&M opinions.  Conference call with Sargent and Citi and B. Serchuk.  Conference call with Covington.  Telephone call with Citi and B. Serchuk. E-mails to C. Young. |
| 04/07/20 | B. Serchuk | 0.30 | Telephone call with M. Rapaport regarding management contract issue. |
| 04/08/20 | V. Wong | 0.80 | Call to discuss useful life issues.  Correspond with M. Rapaport. |
| 04/08/20 | S. Torres-Rodriguez | 0.60 | Draft the Monthly Fee Objection Statement for January 2020 (Interim Fee Period of October through January) in accordance with the District Court's Second Amended Order Setting Procedures for Interim Compensations and Reimbursement of Expenses of Professionals entered on June 6, 2018. |
| 04/08/20 | M. Rapaport | 4.00 | Revise opinions. E-mails regarding opinions. Telephone call with Fernando. |

Nixon Peabody LLP
Invoice #  10196242    Page 4

| | | | |
|---|---|---|---|
| 04/08/20 | S. Torres-Rodriguez | 0.60 | Draft the Monthly Fee Objection Statement for December 2019 (Interim Fee Period of October through January) in accordance with the District Court's Second Amended Order Setting Procedures for Interim Compensations and Reimbursement of Expenses of Professionals entered on June 6, 2018. |
| 04/08/20 | C. Young | 0.70 | Review and comment on revise opinions.  E-mails with M. Rapaport regarding comments to opinions. Review e-mails transmitting revise opinions. |
| 04/09/20 | V. Wong | 0.80 | Conference call with working group.  Review revise language.  Phone call with M. Rapaport. |
| 04/09/20 | C. Young | 2.00 | E-mails with M. Rapaport regarding comments to O&M agreement. Review and analyze safe harbor for management contracts. Conference call with Citi and FOMB working group. Review and comment on extension language for O&M Agreement. Review additional comments to O&M Agreement and Supplemental Agreement from Luma relating to tax opinions. Review additional comments. Review revise economic life tables and related e-mails. |
| 04/09/20 | J. Swearingen | 0.20 | E-mail correspondence. Review comments from M. Rapaport. |
| 04/09/20 | M. Rapaport | 3.50 | Conference call with FOMB team. Review LUMA changes to contract.  Draft language for contract regarding contract extensions. Telephone call and e-mails with Citi.  Review memorandum regarding impact contingencies on contract effectiveness. |
| 04/09/20 | B. Serchuk | 0.30 | E-mail with M. Rapaport regarding management contract issues. |
| 04/10/20 | M. Rapaport | 1.30 | Review Sargent Lundy report.  E-mails to J. Swearingen regarding tax memorandum. |
| 04/10/20 | C. Young | 0.60 | E-mails with NP working group. Review and comment on changes to Sargent & Lundy report. |
| 04/11/20 | D. Song | 4.50 | Research additional tax court cases dependent on conditions precedent. Review the Treasury Department's blue books summarizing the 1984 and 1986 tax acts for information related to binding contracts. |
| 04/12/20 | J. Swearingen | 0.20 | E-mail correspondence regarding binding contracts. |
| 04/12/20 | D. Song | 3.00 | Research additional tax court cases dependent on conditions precedent. Review the Treasury Department's blue books summarizing the 1984 and 1986 tax acts for information related to binding contracts. |

| 04/13/20 | M. Rapaport | 0.40 | E-mails to J. Swearingen regarding research on contingent contracts. |
| 04/13/20 | D. Song | 2.10 | Prepare footnote regarding binding contracts under the 1984 Act and case law regarding conditions precedent. |
| 04/14/20 | M. Rapaport | 0.50 | E-mails regarding O&M agreement final drafts. |
| 04/14/20 | C. Young | 0.30 | Review e-mail regarding final copies of O&M and Supplemental Agreements. |
| 04/15/20 | J. Swearingen | 3.10 | Research RE 446; revise memo on contingencies. E-mail correspondence. |
| 04/15/20 | S. Torres-Rodriguez | 1.00 | Review the final forms of (1) the O&M Agreement and (2) the Supplemental Agreement; and clean up changes to (I) the Final Form Tax Opinion and (ii) the Supplemental Agreement Tax Opinion provided by Cleary Gottlieb. |
| 04/15/20 | D. Song | 9.20 | Research additional tax court cases regarding conditions precedent/subsequent. Draft discussion on Dow Corning for the memo. Research Section 83(b) and the Open Transaction Doctrine. |
| 04/15/20 | S. Torres-Rodriguez | 0.50 | E-mail exchange in connection with the Final Form O&M Agreement and Supplemental Agreement. |
| 04/15/20 | C. Young | 3.40 | Review and comment on final versions of tax opinions for O&M and Supplemental Agreement. E-mails with M. Rapaport regarding comments. Additional review and comment on redlines of previous agreements. E-mails with M. Rapaport regarding Cash Management and FOMB Agreements. Conference call with M. Rapaport and G. Fortuna. Review and comment on reliance letters. E-mail with comments to G. Fortuna. Review summary of Cash Management Agreement and FOMB Agreement. Review and analyze e-mails from NP working group regarding memo on conditions precedent. Review e-mail from G. Fortuna regarding comment to opinion and provisions reference in Agreement and Supplemental Agreement. Revise changes to Effective Date opinion and send to G. Fortuna. |
| 04/15/20 | M. Rapaport | 2.30 | Review changes to O&M contract and supplemental agreement and related opinions. Telephone call with Cleary regarding changes. E-mails to C. Young. Drafted certificate for Citi. E-mails to J. Swearingen regarding tax memorandum. |

Nixon Peabody LLP
Invoice #  10196242    Page 6

| | | | |
|---|---|---|---|
| 04/16/20 | C. Young | 3.40 | Review blackline of O&M and Supp Agreement circulated to working group. Review changes to memo on conditions precedent. Review e-mails from S. Torres regarding discrepancies in forms of Agreements. Review subsequent comments from G. Fortuna regarding opinion. E-mails with NP working group. Review and comment on form of Citi certificate. E-mail to M. Rapaport. |
| 04/16/20 | M. Rapaport | 2.40 | Drafted certificate regarding contingencies. Review changes to O&M agreement and opinions. |
| 04/16/20 | S. Torres-Rodriguez | 0.20 | E-mail exchange with G. Fortuna (Cleary Gottlieb) relating to certain comments to the Final Tax Opinion Form. |
| 04/16/20 | S. Torres-Rodriguez | 0.20 | Confer with M. Rapaport on the changes in the most recent O&M Agreement draft. |
| 04/17/20 | M. Rapaport | 2.50 | Drafted citi certificate regarding O&M contract. Telephone and e-mails with T. Green. |
| 04/17/20 | C. Young | 0.30 | E-mails with M. Rapaport regarding Citi certificate. |
| 04/20/20 | C. Young | 0.30 | Review and respond to e-mail from M. Rapaport regarding Title III Exit as a condition of the Service Commencement Date. |
| 04/20/20 | M. Rapaport | 1.50 | Revise citi certificate. Review O&M contract. |
| 04/21/20 | C. Young | 0.40 | Telephone call with M. Rapaport regarding Title III Exit. E-mails regarding Service Commencement Date conditions. |
| 04/21/20 | M. Rapaport | 1.00 | Telephone call with Chantal at Cleary regarding O&M contract contingencies.  E-mails to Nixon regarding contingencies. |
| 04/22/20 | C. Young | 0.60 | Review and comment on Citi comments to certificate. E-mails with M. Rapaport regarding certificate. Review additional comments to certificate. |
| 04/22/20 | M. Rapaport | 1.00 | Revise Citi certificate. |
| 04/24/20 | M. Rapaport | 0.50 | E-mails regarding Citi certificate for LUMA contract. |
| 04/29/20 | C. Young | 0.30 | E-mails regarding completion and execution of Citi certificate. |
| 04/29/20 | M. Rapaport | 0.40 | E-mails to Citi regarding certificate. |

**TOTAL HOURS:**      **142.70**

| | |
|---|---|
| | **$105,898.00** |
| **TOTAL FOR MATTER -- PREPA TAX ADVICE:** | **$105,898.00** |
| **TOTAL FOR STATEMENT:** | **$105,898.00** |

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

## Exhibit B

## ATTORNEY CERTIFICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et<br>al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**CERTIFICATION OF MITCHELL RAPAPORT PURSUANT TO PUERTO RICO
LOCAL BANKRUPTCY RULE 2016-1(a)(4)**

Mitchell Rapaport, under penalty of perjury, certifies as follows:

1.      I am a partner with the law firm of Nixon Peabody LLP ("Nixon").

2.      I make this certification in accordance with Rule 2016-1(a)(4) of the Local Rules
of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of
Puerto Rico (the "Local Rules") regarding the contents of applications for compensation and
expenses.

3.      I am familiar with the work performed by Nixon for the Financial Oversight and

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico
(Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax
ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last
Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations).

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

Management Board for Puerto Rico (the "Oversight Board"), acting for or on behalf of the Puerto Rico Electric Power Authority ("PREPA").

4.       I have read the *Fourth Interim Application of Nixon Peabody LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto Rico Electric Power Authority, for the Period from February 1, 2020 through May 31, 2020* (the "Application"), and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

5.       To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under the Fee Examiner Guidelines, PROMESA, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Interim Compensation Order, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "Guidelines"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Puerto Rico.

6.       I hereby certify that no public servant of the Puerto Rico Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of the Oversight Board. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made. To

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

the best of my knowledge, Nixon does not have any debts owed to the Government of Puerto Rico

or its instrumentalities.

Dated:  January 6, 2021                    */s/ Mitchell Rapaport*
                                            Mitchell Rapaport

- 3 -

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER APPROVING THE FOURTH INTERIM FEE APPLICATION OF NIXON PEABODY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM FEBRUARY 1, 2020 THROUGH MAY 31, 2020**

Upon the application (the "Application")[2] of Nixon Peabody LLP ("Nixon"), as attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acting as representative of the Debtors under Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] seeking, pursuant to (a) Sections 316 and 317 of PROMESA, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) Local Rule 2016-1,

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  Capitalized terms not defined in this order will have the meanings ascribed to them in the Application.

[3]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

(d) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B, and (e) this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Dkt. No. 3269)*, an allowance of interim compensation for professional services rendered for the period commencing February 1, 2020 through and including May 31, 2020 in the amount of $145,126.50; and, this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1.      The Application is APPROVED as set forth herein.

2.      Compensation to Nixon for professional services rendered during the Compensation Period is allowed on an interim basis in the amount of $145,126.50.

3.      The Debtor is authorized to pay Nixon all fees and expenses allowed pursuant to this Order, including those that were previously held back pursuant to the Interim Compensation Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

4.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.


Dated: _____, 2021                    _____
      San Juan, Puerto Rico                              Honorable Laura Taylor Swain
                                                         United States District Judge