**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY OF FIFTH INTERIM APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020**

| | |
|---|---|
| Name of Applicant: | Nixon Peabody LLP |
| Authorized to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico, as Representative of the Puerto Rico Electric Power Authority, pursuant to Section 315(b) of PROMESA |
| Period for which compensation and reimbursement are sought: | June 1, 2020 through September 30, 2020 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $350,033.00 |

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

Amount of Expense Reimbursement sought as        $0
actual, reasonable, and necessary:

Total compensation subject to objection:         None

Total expenses subject to objection:             None

This is a(n):  __ monthly   <u>X</u> interim   __ final application

- Blended Rate in this application for attorneys:  $892.50/hr
- Blended Rate in this application for all timekeepers: N/A

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

**Schedule 1**
**Fifth Interim Compensation Period – Consolidated Fee Statements**
**June 1, 2020 – September 30, 2020**

| Entity | Period | Fees requested to be paid (100%) | Fee previously requested to be paid (90%) | Expenses requested to be paid (100%) | Total Fees and Expenses requested to be paid |
|---|---|---|---|---|---|
| PREPA | June 1, 2020 through September 30, 2020 | $350,033.00 | $315,029.70 | N/A | $350,033.00 |

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

**Schedule 2**
**Summary of Professional Services Rendered by Timekeeper for the Period**
**June 1, 2020 – September 30, 2020**

| Professional | Position/Title | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mitchell Rapaport | Partner | $990 | 30.4 | $30,096 |
| Bruce Serchuk | Partner | $990 | 1.1 | $1,089 |
| Carla Young | Partner | $990 | 1.2 | $1,188 |
| Sebastian Torres | Associate | $600 | 8.6 | $5,160 |

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## FIFTH INTERIM APPLICATION OF NIXON PEABODY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM <u>JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020</u>

Nixon Peabody LLP ("<u>Nixon</u>"), as special counsel to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>") and certain other public corporations and instrumentalities of the Government of Puerto Rico (collectively, the "<u>Debtors</u>"), pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") 48 U.S.C. §§ 2101-2241, hereby

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

submits this fifth interim application (the "Application"), pursuant to Sections 316 and 317 of

PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[2]

Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District

of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by*

*Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee,

28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second*

*Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses*

*of Professionals* (Dkt. No. 3269) (the "Interim Compensation Order"), for allowance of

interim compensation for professional services performed by Nixon for the period commencing

June 1, 2020 through and including September 30, 2020 (the "Compensation Period") in the

amount of $350,033.00. In support of the Application, Nixon respectfully states as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction pursuant to Section 306(a) of PROMESA.

2.      Venue is proper in this district pursuant to Section 307(a) of PROMESA.

3.      Nixon submits the Application pursuant to Sections 316 and 317 of PROMESA.

## BACKGROUND

4.      On June 30, 2016, the Oversight Board was established under Section 101(b) of

PROMESA.

5.      Pursuant to Section 315 of PROMESA, "[t]he Oversight Board in a case under this

subchapter is the representative of the debtor" and "may take any action necessary on behalf of the

---

[2]  The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to Section 301
of PROMESA.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." 48 U.S.C. § 2175.

6.      On September 30, 2016, the Oversight Board designated the Debtors as "covered entities" under Section 101(d) of PROMESA.

7.      On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

8.      On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Oversight Board, as COFINA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

9.      On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Oversight Board, as HTA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

10.     On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("ERS"), by and through the Oversight Board, as ERS's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

11.     On July 3, 2017, PREPA, by and through the Oversight Board, as PREPA's representative pursuant to Section 315(b) of PROMESA, filed a petition with the Court under Title III of PROMESA.

12.     Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases (together, the "Title III Cases") are jointly administered for procedural purposes only, pursuant to Section 304(g) of PROMESA and Bankruptcy Rule 1015 [ECF Nos.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

242, 537, 1417].

13.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [ECF No. 1416], which appointed Brady Williamson of Godfrey & Kahn, S.C. to serve as Fee Examiner in the Title III Cases.

14.     There is no monthly fee statement for the month of June 2020.

15.     On August 13, 2020, Nixon served on the Notice Parties its monthly fee statement for the month of July of 2020.

16.     On September 18, 2020, Nixon served on the Notice Parties its monthly fee statement for the month of August of 2020.

17.     On October 9, 2020, Nixon served on the Notice Parties its monthly fee statement for the month of September of 2020.

18.     On August 31, 2020, Nixon provided the corresponding Monthly Fee Objection Statement for the July 2020 monthly fee statement to representatives of the Puerto Rico Treasury Department (the "Treasury") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").

19.     On October 2, 2020, Nixon provided the corresponding Monthly Fee Objection Statement for the August 2020 monthly fee statement to representatives of the Treasury and AAFAF.

20.     Finally, on October 19, 2020, Nixon provided the corresponding Monthly Fee Objection Statement for the September 2020 monthly fee statement to representatives of the Treasury and AAFAF.

## COMPENSATION REQUESTED

21.     On June 7, 2019, Nixon executed an Independent Contractor Services Agreement

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY19 Agreement"). The FY19 Agreement was set to expire on June 30, 2019.

22.     On July 1, 2019, Nixon executed an Independent Contractor Services Agreement with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY20 Agreement", and together with the FY19 Agreement, the "Agreements"). The FY20 Agreement was set to expire on June 30, 2020.

23.     On July 1, 2020, Nixon executed an Independent Contractor Services Agreement with the Oversight Board to provide advice in connection with PREPA's restructuring, and specifically, the tax structuring options (the "FY21 Agreement", and together with the FY19 Agreement and the FY20 Agreement, the "Agreements"). The FY21 Agreement is set to expire on June 30, 2021.

24.     In accordance with the Interim Compensation Order, Nixon has provided copies of the Agreements to the Treasury and AAFAF.

25.     Nixon's hourly rates are set at a level designed to compensate Nixon fairly for the work of its attorneys and professionals and are disclosed in the Agreements.

26.     Pursuant to a Restructuring Support Agreement ("RSA"), the Oversight Board, as PREPA's representative in the Title III Cases, and AAFAF, as PREPA's Fiscal Agent under Puerto Rico law, negotiated a settlement with holders of the vast majority of PREPA's uninsured secured debt and with its bond insurers.

27.     The settlement achieves three key objectives: (i) it caps the amount electricity prices can be raised to pay debt; (ii) it transforms the existing debt into new debt having no receiver remedy, no rate covenant, and no payment default remedies for underpayment of required debt

service as long as the revenues from a transition charge are paid to the bondholders – thus shifting to creditors the demand-risk formerly borne by PREPA and its customers; and (iii) it discounts the original debt to save PREPA between $2 billion and $3 billion in cash flow.

28.     The RSA is a comprehensive and complicated settlement agreement that addresses the economic issues facing its parties and allows all potential private investors/operators engaged in the process to "transform" PREPA to know exactly what portion of revenues will be devoted to old debt, while eliminating the risk and downside of price hikes resulting from defaults.

29.     In furtherance of PREPA's transformation, on June 22, 2020, PREPA, LUMA Energy, LLC and LUMA Energy ServCo, LLC, among others, executed the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement and the Puerto Rico Transmission and Distribution System Supplemental Terms Agreement (collectively, the "LUMA T&D Agreements"). Nixon's fees and services relating to the July 2020 monthly fee statement were provided in connection with the execution of the LUMA T&D Agreements under a fixed fee and included advice to the Oversight Board in the tax structuring for that transaction and the delivery by Nixon of legal opinions on certain tax matters.

30.     Nixon is a nationally recognized bond counsel firm with more than 30 years of experience in all areas of public finance. Its Public Finance practice is one of the largest in the nation with more than 40 public finance and tax attorneys. The firm consistently ranks among the top bond counsel, underwriters' counsel, and disclosure counsel firms in the nation.

31.     Nixon has advised, and will continue to, advise the Oversight Board on optimal tax structures for PREPA's restructuring and transformation pursuant to the RSA. In this capacity, Nixon has been engaged to provide tax-exempt bond law analysis, render tax opinions and prepare tax-related documentation and disclosure, among other things.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

32.     Pursuant to the Interim Compensation Order, Nixon hereby seeks an allowance of $350,033.00 as compensation for professional services rendered during the Compensation Period in connection with such professional services.

33.     Nixon's itemized time records for attorneys and professionals performing services for the Oversight Board during the Compensation Period is attached hereto as **Exhibit A**.

34.     During the Compensation Period, Nixon billed the Oversight Board for time expended by its attorneys and professionals based on Nixon's hourly rate for each attorney and professional as detailed in Schedule 2 of the summary of this Application, except for the fixed fee billed in the July 2020 monthly fee statement in connection with the LUMA T&D Agreements.

35.     The fees charged by Nixon are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period and are appropriate for complex securities and tax advantage financing matters. The rates and rate structure reflect that such complex matters typically involve great complexity, high stakes, and intense time pressures. Nixon submits that the compensation requested is reasonable in light of the nature, extent, and value of such services provided to the Oversight Board.

36.     The services for which Nixon is requesting approval of the Court were performed for the Oversight Board as representative of PREPA. In connection with the matter covered by this Application, Nixon received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtors. There is no agreement or understanding between Nixon and any other person, other than members of the firm, for the sharing of compensation received for services rendered under the Agreements.

37.     Sections 316 and 317 of PROMESA provide for interim compensation of professionals and govern the Court's award of such compensation. 48 U.S.C. §§ 2176-2177.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

Section 316 of PROMESA provides that a court may award a professional person employed by the Debtors or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a).

38.     Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

39.     As noted above, the professional services object of this Application were necessary and beneficial to the Oversight Board as representative of PREPA.

## **ATTORNEY CERTIFICATION**

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

40.     In accordance with Puerto Rico Local Bankruptcy Rule 2016-1(a)(4), the undersigned has reviewed the requirements of Puerto Rico Local Bankruptcy Rule 2016-1(a)(4) and certifies to the best of his information, knowledge, and belief that this Application complies with Puerto Rico Local Bankruptcy Rule 2016-1(a)(4). In this regard, and incorporated herein by reference, the Certification of Mitchell Rapaport in accordance with the U.S. Trustee Guidelines is attached hereto as **Exhibit B**.

## RESERVATION OF RIGHTS

41.     Nixon reserves the right to request compensation for services and reimbursement of such expenses in a future application that have not been processed in relation to the Compensation Period object of this Application.

## NOTICE

42.     Pursuant to the Interim Compensation Order, notice of this Application has been filed in the Title III Cases and served upon:

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

(a) the Financial Oversight and Management Board:

> Financial Oversight and Management Board
> 40 Washington Square South, Office 314A
> New York, NY 10012
> Attn:   Professor Arthur J. Gonzalez, Oversight Board Member

(b) attorneys for the Oversight Board:

> Proskauer Rose LLP
> Eleven Times Square
> New York, NY 10036,
> Attn:   Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com)
>          Ehud Barak, Esq. (ebarak@proskauer.com)

> and

> Proskauer Rose LLP
> 70 West Madison Street
> Chicago, IL 60602
> Attn:   Paul V. Possinger, Esq. (ppossinger@proskauer.com)

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority:

> O'Melveny & Myers LLP
> Times Square Tower
> 7 Times Square, New York, NY 10036
> Attn:   John J. Rapisardi, Esq. (jrapisardi@omm.com)
>          Suzzanne Uhland, Esq. (suhland@omm.com)
>          Diana M. Perez, Esq. (dperez@omm.com)

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority:

> Marini Pietrantoni Muñiz LLC
> MCS Plaza, Suite 500
> 255 Ponce de León Ave
> San Juan, PR 00917
> Attn:   Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com)
>          Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com)

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa:

> Office of the United States Trustee for the District of Puerto Rico,
> Edificio Ochoa
> 500 Tanca Street, Suite 301
> San Juan, PR 00901
> (re: *In re: Commonwealth of Puerto Rico*)

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

(f)  attorneys for the Official Committee of Unsecured Creditors:

> Paul Hastings LLP
> 200 Park Ave.
> New York, NY 10166
> Attn:   Luc. A Despins, Esq. (lucdespins@paulhastings.com)

(g)  attorneys for the Official Committee of Unsecured Creditors:

> Casillas, Santiago & Torres LLC
> El Caribe Office Building
> 53 Palmeras Street, Ste. 1601
> San Juan, PR 00901
> Attn:   Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com)
>         Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com)

(h)  attorneys for the Official Committee of Retired Employees:

> Jenner & Block LLP
> 919 Third Ave.
> New York, NY 10022
> Attn:   Robert Gordon, Esq. (rgordon@jenner.com)
>         Richard Levin, Esq. (rlevin@jenner.com)
>
> and
>
> Jenner & Block LLP
> 353 N. Clark Street
> Chicago, IL 60654
> Attn:   Catherine Steege, Esq. (csteege@jenner.com)
>         Melissa Root, Esq. (mroot@jenner.com)

(i)  attorneys for the Official Committee of Retired Employees:

> Bennazar, García & Milián, C.S.P.
> Edificio Union Plaza, PH-A
> 416 Ave. Ponce de León
> Hato Rey, PR 00918
> Attn:   A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org)

(j)  the Puerto Rico Department of Treasury:

> Puerto Rico Department of Treasury
> PO Box 9024140
> San Juan, PR 00902-4140
> Attn:   Reylam Guerra Goderich, Deputy Assistant of Central Accounting
>           (Reylam.Guerra@hacienda.pr.gov)
>         Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central
>           Accounting (Rodriguez.Omar@hacienda.pr.gov)
>         Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal
>           Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov)
>         Francisco Parés Alicea, Secretary of the Puerto Rico Treasury
>           Department (francisco.pares@hacienda.pr.gov)

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury
(Francisco.Pena@hacienda.pr.gov)

(k) attorneys for the Fee Examiner:

EDGE Legal Strategies, PSC
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR 00918
Attn:  Eyck O. Lugo (elugo@edgelegalpr.com)

(l)  attorneys for the Fee Examiner:

Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Attn:  Katherine Stadler (KStadler@gklaw.com)

(m) attorneys for AAFAF in the PREPA Title III proceeding:

Greenberg Taurig LLP
200 Park Avenue
New York, NY 10166
Attn:  Nathan A. Haynes, Esq., haynesn@gtlaw.com

(n) attorneys for the U.S. Bank National Association:

Maslon LLP
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
Attn:  Clark T. Whitmore, Esq. (clark.whitmore@maslon.com)
       William Z. Pentelovitch, Esq., (bill.pentelovitch@maslon.com)
       John T. Duffey, Esq. (john.duffey@maslon.com)
       Jason M. Reed, Esq. (jason.reed@maslon.com)

(o) attorneys for the U.S. Bank National Association:

Rivera, Tulla and Ferrer, LLC
50 Quisqueya Street
San Juan, PR 00917
Attn:  Eric A. Tulla, Esq. (etulla@riveratulla.com)
       Iris J. Cabrera-Gómez, Esq. (icabrera@riveratulla.com).

**WHEREFORE** Nixon respectfully requests that the Court enter an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $350,033.00 (including the 10% professional compensation holdback amount); (b) directing the Commonwealth to pay promptly to Nixon the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation

and expenses previously paid to Nixon, consistent with the provisions of the Interim Compensation

Order; (c) allowing such compensation for professional services rendered and reimbursement of

actual and necessary expenses incurred without prejudice to Nixon's right to seek additional

compensation for services performed and expenses incurred during the Compensation Period,

which were not processed at the time of this Application; and (d) granting Nixon such other and

further relief as is just and proper.


Dated: January 6, 2021                          Respectfully submitted,
New York, New York

                                                */s/ Sebastian M. Torres Rodríguez*

                                                USDC No. 301211
                                                Nixon Peabody LLP
                                                Tower 46
                                                55 West 46th Street
                                                New York, NY 10036-4120
                                                Telephone: (212) 940-3072
                                                Facsimile: (833) 936-0842

- 13 -

**<u>Exhibit A</u>**

**<u>ITEMIZED TIME RECORDS</u>**

---

**FOR PROFESSIONAL SERVICES RENDERED through July 31, 2020, including:**

---

**MATTER NO.:**   **000002**      **PREPA TAX ADVICE**

**For Professional Fees:**

Fees for advice to the Board related to the PREPA transaction, including the tax structuring options for that transaction, including delivery of the legal opinions pursuant to (i)  the Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement dated as of June 22, 2020 between, among others, the Puerto Rico Electric Power Authority, LUMA Energy, LLC and LUMA Energy ServCo, LLC and (ii) the Puerto Rico Transmission and Dsitribution System Supplemental Terms Agreement dated as of June 22, 2020 between, among others, the Puerto Rico Electric Power Authority, LUMA Energy, LLC and LUMA Energy ServCo, LLC.

|  |  |
|---|---|
| **TOTAL FOR MATTER -- PREPA TAX ADVICE:** | **$312,500.00** |
| **TOTAL FOR STATEMENT:** | **$312,500.00** |

4853-2828-8709.1

Time and Expense Records

**MATTER NO.:   000002        PREPA TAX ADVICE**

**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
|------|------------|-------|-------------------------|
| 08/11/20 | M. Rapaport | 2.00 | E-mails to Jaime El Koury. Telephone call with D. Brownstein regarding restructuring.  Prepare e-mail to Cleary and working group.  Review PREPA RFQ. |
| 08/12/20 | M. Rapaport | 1.30 | E-mails regarding generation contract. |
| 08/12/20 | C. Young | 0.20 | Review e-mails in connection with timing and procedures regarding  RFP and QMA for T&D assets. |
| 08/17/20 | M. Rapaport | 0.40 | E-mails to Cleary regarding generation contract. |
| 08/18/20 | M. Rapaport | 1.30 | Conference call with Cleary regarding generation contract process and issues.  E-mails to B. Serchuk regarding application of QMA rules to generation facilities.  E-mails to Cleary and FTI regarding follow up tax questions. |
| 08/18/20 | B. Serchuk | 0.30 | E-mail with M. Rapaport regarding QMA issue. |
| 08/19/20 | M. Rapaport | 1.00 | Prepare tax diligence questions.  E-mails to C. Young and B. Serchuk regarding questions. |
| 08/20/20 | C. Young | 0.30 | Review and respond to e-mail from M. Rapaport regarding diligence for generation management contract. |
| 08/20/20 | M. Rapaport | 2.00 | Prepare tax diligence list regarding generation. |
| 08/21/20 | M. Rapaport | 1.20 | Telephone call with D. Brownstein regarding contingent bonds.  Telephone call with Gerard regarding generation contract.  E-mails to Ankura. |
| 08/24/20 | M. Rapaport | 0.60 | Telephone call with Gerard regarding tax diligence. |
| 08/25/20 | M. Rapaport | 2.20 | Prepare for call with FTI and Ankura.  Conference call with FTI and Ankura. Review PREB report on IRP. |
| 08/26/20 | M. Rapaport | 3.00 | Review engineering report for Generation projects. |
| 08/27/20 | M. Rapaport | 3.70 | Review tax questions to be addressed for qma analysis.  E-mail to B. Serchuk and C. Young regarding tax questions. |
| 08/28/20 | M. Rapaport | 3.50 | Review Sargeant Lundy generation reports. |

**For Fees incurred in connection with the Interim Compensation Procedures:**

| 08/31/20 | S. Torres-Rodriguez | 0.60 | Draft the Monthly Fee Objection Statement for June 2020 (Interim Fee Period of June through September) in accordance with the District Court's Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered on June 6, 2018. |
|---|---|---|---|

| Task Total: None | 23.60 | | Task Fees: | 23,130.00 |
|---|---|---|---|---|
| **TOTAL HOURS:** | **23.60** | | | |

| | **TOTAL FEES:** | **$23,130.00** |
|---|---|---|

4828-9996-9995.1

Time and Expense Records

**MATTER NO.:** **000002** **PREPA TAX ADVICE**

**For Professional Fees:**

| Date | Timekeeper | Hours | Description of Services |
|------|-----------|-------|-------------------------|
| 09/01/20 | C. Young | 0.20 | E-mails with M. Rapaport and B. Serchuk regarding useful life analysis for management contract of generation facilities. |
| 09/01/20 | M. Rapaport | 1.00 | Telephone call with J. Gavin. E-mails to Ankura and Nixon regarding useful life and related analysis. |
| 09/03/20 | S. Torres-Rodriguez | 4.50 | Review the Puerto Rico Energy Bureau Final Resolution and Order on PREPA's Integrated Resource Plan (332 pages) and take notes for preparation of a summary. |
| 09/03/20 | M. Rapaport | 1.50 | Review useful life materials from Ankura. Conference call with B. Serchuk and C. Young regarding QMA rules. |
| 09/03/20 | B. Serchuk | 0.80 | Telephone call with M. Rapaport and C. Young regarding generation management contracts. Prepare for same. |
| 09/03/20 | C. Young | 0.50 | Conference call with B. Serchuk and M. Rapaport regarding economic life of generating assets. |
| 09/03/20 | S. Torres-Rodriguez | 3.50 | Draft summary of the determination of the Puerto Rico Energy Bureau Final Resolution and Order on PREPA's Integrated Resource Plan relating to current and future power generation. |
| 09/08/20 | M. Rapaport | 2.50 | Review S&L useful life analysis. Conference call with Ankura and FTI. E-mails regarding tax issus. |
| 09/10/20 | M. Rapaport | 1.50 | Review IRS rulings regarding management contacts. |
| 09/15/20 | M. Rapaport | 0.40 | Telephone call with J. Gavin at Citi. |
| 09/18/20 | M. Rapaport | 1.00 | Review presentation on RFQ respondents. E-mails to Citi. |
| 09/30/20 | M. Rapaport | 0.30 | E-mails to Ankura. |
| | **TOTAL HOURS:** | **17.70** | **TOTAL FEES:** **$14,403.00** |

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

## Exhibit B

## ATTORNEY CERTIFICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## CERTIFICATION OF MITCHELL RAPAPORT PURSUANT TO PUERTO RICO LOCAL BANKRUPTCY RULE 2016-1(a)(4)

Mitchell Rapaport, under penalty of perjury, certifies as follows:

1.      I am a partner with the law firm of Nixon Peabody LLP ("Nixon").

2.      I make this certification in accordance with Rule 2016-1(a)(4) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") regarding the contents of applications for compensation and expenses.

3.      I am familiar with the work performed by Nixon for the Financial Oversight and

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Estimated Hearing Date: Next Omnibus Hearing Date or an earlier date as ordered by the Court
Objection Deadline: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

Management Board for Puerto Rico (the "Oversight Board"), acting for or on behalf of the Puerto

Rico Electric Power Authority ("PREPA").

4.       I have read the *Fifth Interim Application of Nixon Peabody LLP for Allowance of
Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to
the Financial Oversight and Management Board for Puerto Rico, as representative of the Puerto
Rico Electric Power Authority, for the Period from June 1, 2020 through September 30, 2020*
(the "Application"), and the facts set forth therein are true and correct to the best of my knowledge,
information, and belief.

5.       To the best of my knowledge, information, and belief, formed after reasonable
inquiry, the fees and disbursements sought in the Application are permissible under the Fee
Examiner Guidelines, PROMESA, the Bankruptcy Code, the Federal Rules of Bankruptcy
Procedure, the Interim Compensation Order, the *Guidelines for Reviewing Applications for
Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, effective
November 1, 2013* (the "Guidelines"), and the Local Rules of Bankruptcy Practice and Procedure
of the United States Bankruptcy Court for the District of Puerto Rico.

6.       I hereby certify that no public servant of the Puerto Rico Department of Treasury
is a party to or has any interest in the gains or benefits derived from the contract that is the basis
of this invoice. The only consideration for providing services under the contract is the payment
agreed upon with the authorized representatives of the Oversight Board. The amount of this invoice
is reasonable. The services were rendered and the corresponding payment has not been made. To

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

the best of my knowledge, Nixon does not have any debts owed to the Government of Puerto Rico

or its instrumentalities.


Dated:  January 6, 2021                        */s/ Mitchell Rapaport*
                                               Mitchell Rapaport

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER APPROVING THE FIFTH INTERIM FEE APPLICATION OF NIXON PEABODY LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE PERIOD FROM JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020

Upon the application (the "Application")[2] of Nixon Peabody LLP ("Nixon"), as attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acting as representative of the Debtors under Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] seeking, pursuant to (a) Sections 316 and 317 of PROMESA, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) Local Rule 2016-1,

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms not defined in this order will have the meanings ascribed to them in the Application.

[3]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

**Estimated Hearing Date**: Next Omnibus Hearing Date or an earlier date as ordered by the Court
**Objection Deadline**: January 26, 2021 at 4:00 p.m. (Atlantic Standard Time)

(d) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B, and (e) this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Dkt. No. 3269)*, an allowance of interim compensation for professional services rendered for the period commencing June 1, 2020 through and including September 30, 2020 in the amount of $350,033.00; and, this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1.      The Application is APPROVED as set forth herein.

2.      Compensation to Nixon for professional services rendered during the Compensation Period is allowed on an interim basis in the amount of $350,033.00.

3.      The Debtor is authorized to pay Nixon all fees and expenses allowed pursuant to this Order, including those that were previously held back pursuant to the Interim Compensation Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

4.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.


Dated: _____, 2021            _____
      San Juan, Puerto Rico                            Honorable Laura Taylor Swain
                                        United States District Judge