# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

The Financial Oversight and Management Board
for Puerto Rico,

     as representative of

The Commonwealth of Puerto Rico, et al.,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NINTH SUPPLEMENTAL VERIFIED STATEMENT OF THE
## LAWFUL CONSTITUTIONAL DEBT COALITION PURSUANT
## TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

The Lawful Constitutional Debt Coalition (the "LCDC"), consisting of certain institutions that hold and/or manage funds, entities, and/or accounts holding (i) bonds issued by the Puerto Rico Public Building Authority (the "PBA") and guaranteed by the Commonwealth of Puerto Rico (the "Commonwealth") (the "PBA Bonds"), (ii) certain general obligation bonds issued by the Commonwealth (the "GO Bonds"), (iii) bonds issued by certain other Commonwealth instrumentalities and guaranteed by the Commonwealth ("Other CW Guaranteed Bonds," and collectively with the PBA Bonds and the GO Bonds, the "Constitutional Debt"), and (iv) bonds issued by other Title III Debtors, hereby submits this ninth supplemental verified statement (the "Ninth Supplemental Statement") pursuant to Rule 2019 of the Federal Rules of Bankruptcy

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Procedure (the "Bankruptcy Rules"), made applicable to the Commonwealth's Title III Case (the "Case") by Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2170 *et seq.*, and the Amended Case Management Order (as defined below), and respectfully states as follows:

1.      Certain members of the LCDC initially retained Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Reichard & Escalera, LLC (together with Quinn Emanuel, "Counsel") as counsel in or around February 2019.  From time to time thereafter, certain additional holders of Constitutional Debt have joined the LCDC and certain holders have left the LCDC.

2.      On February 26, 2019, Counsel submitted the Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 5252] (the "Verified Statement").

3.      On March 18, 2019, Counsel submitted the First Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 5807] (the "First Supplemental Statement").

4.      On June 17, 2019, Counsel submitted the Second Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 7465] (the "Second Supplemental Statement").

5.      On September 6, 2019, Counsel submitted the Third Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 8639] (the "Third Supplemental Statement").

6.      On January 8, 2020, Counsel submitted the Fourth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 9732] (the "Fourth Supplemental Statement").

7.       On February 19, 2020, Counsel submitted the Fifth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 11161] (the "Fifth Supplemental Statement").

8.       On March 20, 2020, Counsel submitted the Sixth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 12482] (the "Sixth Supplemental Statement").

9.       On July 3, 2020, Counsel submitted the Seventh Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 13554] (the "Seventh Supplemental Statement,"

10.      On September 15, 2020, Counsel submitted the Eighth Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Docket No. 14316] (the "Eighth Supplemental Statement," and collectively with the Verified Statement, the First Supplemental Statement, the Second Supplemental Statement, the Third Supplemental Statement, the Fourth Supplemental Statement, the Fifth Supplemental Statement, the Sixth Supplemental Statement, and the Seventh Supplemental Statement, the "Prior Verified Statements") to update the disclosable economic interests that are held by the LCDC in accordance with Bankruptcy Rule 2019, the Memorandum Opinion and Order Regarding Motion of Official Committee of Unsecured Creditors to Amend Tenth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy Procedure 2019 and Amended Cross-Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, and Financial Guaranty Insurance Company [Docket No. 13217] (the "Rule 2019 Order"), and the Order Further

Amending Case Management Procedures [Docket No. 13512-1] (the "Amended Case Management Order").

11.    Counsel submits this Ninth Supplemental Statement in the Commonwealth Case to update the disclosable economic interests that are currently held by the current members of the LCDC in accordance with Bankruptcy Rule 2019 and the Amended Case Management Order. The information set forth herein (including Exhibit A attached hereto) is based on information provided to Counsel by the members of the LCDC.

12.    The members of the LCDC hold disclosable economic interests, or act as investment advisors or managers to funds, entities, and/or accounts of their respective affiliates that hold disclosable economic interests in relation to the Title III Debtors. The members of the LCDC hold, or are the investment advisors or managers to funds, entities, and/or accounts that hold, collectively, approximately $1,904,889,950 in aggregate amount of Constitutional Debt (*i.e.*, bonds issued or guaranteed by the Commonwealth and supported by the Commonwealth's full faith, credit and taxing power) (based on their accreted value as of January 4, 2021 with respect to capital appreciation bonds), consisting of approximately $811,850,950 of GO Bonds, approximately $1,092,584,000 of PBA Bonds, and approximately $455,000 of Other CW Guaranteed Bonds. In addition, the members of the LCDC hold, or are the investment advisors or managers to funds, entities, and/or accounts that hold, collectively, approximately $1,257,152,094 of debt issued by other Title III Debtors.[2] In accordance with the requirements of Bankruptcy Rule 2019 and the Amended Case Management Order, and based upon information provided to Counsel by each member of the LCDC, attached hereto as Exhibit A is a list of the names, addresses, and

---

[2]    Other Title III Debtors include HTA, ERS and PREPA. As reflected on Exhibit A, the members of the LCDC also hold, or are the investment advisors or managers to funds, entities, and/or accounts that also hold $139,613,123 of debt issued by the Puerto Rico Infrastructure Financing Authority and $2,425,000 of debt issued by the Puerto Rico Convention Center District Authority.

"the nature and amount of all disclosable economic interests" held in relation to the Title III Debtors by each present member of the LCDC as of January 4, 2021.

13.     As of the date of this Ninth Supplemental Statement, in connection with the Title III cases, Counsel represents the LCDC only with respect to their Constitutional Debt and does not represent or purport to represent any entities other than the LCDC with respect to the Title III cases.  The LCDC does not (a) assume any fiduciary or other duties to any other entities in connection with the Case or (b) represent or purport to represent any other entities in connection with the Case.  To the extent any member of the LCDC holds disclosable economic interests in Title III Debtors other than Constitutional Debt, the LCDC does not represent such other interests, nor does Counsel represent group members with respect to such other interests.

14.     Nothing contained in this Ninth Supplemental Statement (or Exhibit A hereto) is intended to or should be construed to constitute (a) a waiver or release of any claims filed or to be filed against or interests in the Commonwealth, PBA, or any of the other Title III Debtors held by any member of the LCDC, its affiliates, or any other entity or (b) an admission with respect to any fact or legal theory.  Nothing in this Ninth Supplemental Statement (including Exhibit A hereto) should be construed as a limitation upon, or waiver of, the LCDC's rights to assert, file, and/or amend their claims in accordance with the applicable law and any Orders entered in this Case.

15.     Additional holders of Constitutional Debt may become members of the LCDC, and certain members of the LCDC may cease to be members in the future.  Counsel reserves the right to amend and/or supplement this Ninth Supplemental Statement as necessary for that or any other reason in accordance with Bankruptcy Rule 2019 and any Order entered in this Case.

16.     The information contained herein is intended only to comply with Bankruptcy Rule 2019 and the Amended Case Management Order and is not intended for any other use or purpose.

17.     The undersigned hereby verifies that the foregoing is true and accurate, to the best of the undersigned's knowledge and belief.

DATED:  January 13, 2021

REICHARD & ESCALERA

By : _____
    */s/ Rafael Escalera*
    **Rafael Escalera**
       USDC No. 122609
       escalera@reichardescalera.com

    */s/ Sylvia M. Arizmendi*
    **Sylvia M. Arizmendi**
       USDC-PR 210714
       arizmendis@reichardescalera.com

    */s/ Carlos R. Rivera-Ortiz*
    **Carlos R. Rivera-Ortiz**
       USDC-PR 303409
       riverac@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913

QUINN     EMANUEL     URQUHART     &
SULLIVAN, LLP

**Susheel Kirpalani** (*pro hac vice*)
       susheelkirpalani@quinnemanuel.com

**Daniel Salinas**
       USDC-PR 224006
       danielsalinas@quinnemanuel.com

**Eric Kay** (*pro hac vice*)
       erickay@quinnemanuel.com

**Zachary Russell** (*pro hac vice*)
       zacharyrussell@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1603

*Co-Counsel for the Lawful Constitutional Debt Coalition*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

<u>/s/*Carlos R. Rivera-Ortiz*</u>
USDC-PR 303409