```
 1                      UNITED STATES DISTRICT COURT

 2                        DISTRICT OF PUERTO RICO

 3
        In Re:                    )      Docket No. 3:17-BK-3283(LTS)
 4                                )
                                  )      PROMESA Title III
 5      The Financial Oversight and )
        Management Board for       )
 6      Puerto Rico,              )      (Jointly Administered)
                                  )
 7      as representative of      )
                                  )
 8      The Commonwealth of       )
        Puerto Rico, et al.       )      January 14, 2021
 9                                )
                    Debtors,      )
10
        _____
11

12          HEARING ON ADJOURNED OMNIBUS OBJECTIONS TO CLAIMS

13     BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

14                 UNITED STATES DISTRICT COURT JUDGE

15    AND THE HONORABLE U.S. MAGISTRATE JUDGE JUDITH GAIL DEIN

16                 UNITED STATES DISTRICT COURT JUDGE

17     _____

18     APPEARANCES:

19     ALL PARTIES APPEARING TELEPHONICALLY

20     For The Commonwealth
       of Puerto Rico, et al.:    Ms. Laura Stafford, PHV
21
       For the Financial
22     Oversight and Management
       Board:                     Mr. Daniel Perez Refojos, Esq.
23                                     Appearing in court

24
       Proceedings recorded by stenography.  Transcript produced by
25     CAT.
```

```
 1                              I N D E X

 2   WITNESSES:                                          PAGE

 3         None.

 4

 5   EXHIBITS:

 6         None.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                                    San Juan, Puerto Rico

 2                                    January 14, 2021

 3                                    At or about 9:34 AM

 4                       *      *      *

 5          THE COURT:  Good morning.  This is Judge Swain.

 6          MS. NG:  Good morning, Judge.  It's Lisa from your

 7   chambers.  Everybody is here.

 8          THE COURT:  Very good.

 9          Ms. Tacoronte, would you please call the case?

10          COURTROOM DEPUTY:  Absolutely, Your Honor.

11          The United States District Court for the District of

12   Puerto Rico is now in session.  Honorable Laura Taylor Swain

13   presiding.  Also present, Magistrate Judge Judith Dein.  God

14   save the United States of America and this Honorable Court.

15          In re:  The Financial Oversight and Management Board

16   for Puerto Rico, as representative of the Commonwealth of

17   Puerto Rico, et al.  PROMESA Title III Bankruptcy Case No.

18   2017-3283, for Hearing on Adjourned Omnibus Objections.

19          Your Honor, I would like to state on the record that

20   Attorney Daniel Perez Refojos is present in court.

21          THE COURT:  Thank you.  And whom is that attorney

22   representing?

23          COURTROOM DEPUTY:  He is a local counsel for the

24   Board, for the FOMB, for the Oversight Board.

25          THE COURT:  Very good.  Thank you, and good morning.
```

1              Is the interpreter present as well?

2              THE INTERPRETER:  Yes, I am, Your Honor.

3              THE COURT:  Thank you.  Would you please state your

4    name and confirm that you are certified?

5              THE INTERPRETER:  Juan Segarra, and I am certified.

6              THE COURT:  Thank you, Mr. Segarra.  It's good to

7    work with you again.

8              THE INTERPRETER:  Thank you, Your Honor.

9              THE COURT:  And so I will make my general welcoming

10   remarks now.

11             Buenos dias and welcome, counsel, parties in

12   interest, and members of the public and press.  Today's

13   telephonic hearing is for the purpose of addressing several

14   pending Omnibus Claim Objections.

15             To ensure the orderly operation of today's telephonic

16   hearing, all parties on the line must mute their phones when

17   they are not speaking.  If you are accessing these proceedings

18   on a computer, please be sure to select "mute" on both the

19   Court Solutions dashboard and on your phone.  When you need to

20   speak, you must unmute on both the dashboard and the phone.

21             I remind everyone that consistent with court and

22   judicial conference policies and the orders that have been

23   issued, no recording or retransmission of the hearing is

24   permitted by any person, including but not limited to the

25   parties, members of the public, or the press.  Violations of

5

1     this rule may be punished with sanctions.

2          The Agenda for today's hearing was filed by the

3     Oversight Board on January 12th, 2021.  The Agenda, which was

4     filed as Docket Entry No. 15578 in Case No. 17-3283, is

5     available to the public at no cost on Prime Clerk for those

6     interested.

7          Each portion of today's hearing will begin at or

8     about the time indicated on the Agenda.  If we need to take a

9     break, I will direct everyone to disconnect and dial back in

10    at a specified time.  We will have a session beginning at 9:30

11    Atlantic Standard Time, and one beginning at 10:30 Atlantic

12    Standard Time.

13         The first Agenda item is the 97th Omnibus Objection.

14    Ms. Tacoronte, is there anyone there to speak in response to

15    the 97th Omnibus Objection?

16         COURTROOM DEPUTY:  No, Your Honor.

17         THE COURT:  Thank you.

18         Then, as it is now 9:41, I will ask that counsel for

19    the Oversight Board proceed.

20         MS. STAFFORD:  Thank you, Your Honor.

21         The 97th Omnibus Objection was filed on the docket --

22         THE COURT:  Pardon me.  Is this Ms. Stafford?

23         MS. STAFFORD:  Yes.  I'm so sorry, Your Honor.  For

24    the record, this is Laura Stafford from Proskauer Rose for the

25    Financial Oversight and Management Board.

1          THE COURT:  Thank you.

2          MS. STAFFORD:  The 97th Omnibus Objection was filed

3    at ECF No. 9547.  And this objection seeks to disallow in

4    their entirety proofs of claim asserting interest based upon

5    salary demands, employment, or services provided, but which

6    failed to provide a basis for asserting liability against the

7    debtors.

8          There was one response that has not yet been

9    resolved, and it was filed by Pedro A. Casiano Ayala with

10   respect to Proof of Claim No. 1045.  And it was filed on the

11   docket at ECF No. 9860.

12         This response consists of a letter seeking additional

13   time to respond to the objection.  However, nearly a year has

14   passed since the Casiano Ayala response was filed, and no

15   additional information has been provided by Mr. Casiano Ayala.

16         Accordingly, the debtors would request the Court

17   grant the objection and disallow the claim, notwithstanding

18   Mr. Casiano Ayala's response.

19         THE COURT:  Thank you.

20         On the basis of the submissions, and with no further

21   appearance in opposition, the 97th Omnibus Objection is

22   sustained as to Claim No. 1045 of Pedro A. Casiano Ayala, and

23   that claim is disallowed in its entirety, because the proof of

24   claim and the supplemental response from the claimant failed

25   to provide sufficient information to support a claim.

1          Ms. Stafford, will the debtor submit a comprehensive

2    proposed order disallowing the claims resolved in connection

3    with the Omnibus Objection, the 97th Omnibus Objection?

4          MS. STAFFORD:  We would be glad to do so, Your Honor.

5          THE COURT:  Thank you.

6          Ms. Tacoronte, is there anyone there to speak in

7    response to the 171st Omnibus Objection?

8          COURTROOM DEPUTY:  No, Your Honor.

9          THE COURT:  Thank you.

10         Ms. Stafford, you may proceed to speak in connection

11   with the 171st Omnibus Objection to claims.

12         MS. STAFFORD:  Thank you, Your Honor.

13         The 171st Omnibus Objection was filed at ECF No.

14   12125.  This objection seeks to disallow in their entirety

15   proofs of claim that fail to provide a basis for asserting

16   liability against the debtors.

17         There are -- two responses remain outstanding.  Both

18   are largely identical, and both were filed by the same

19   claimant.  The responses were filed by Ms. Maria C. Romero

20   Quinones with respect to Proof of Claim Nos. 3836 and 3997.

21   They were filed at 13164 and 13165 on the docket.

22         The responses do not dispute that the claims did not

23   provide information sufficient to enable the debtors to

24   evaluate the claims.  Instead, the responses each identify a

25   number of misfortunes that have been suffered by Ms. Romero

1   Quinones, and each of which she connects to one of three

2   debtors:  The Commonwealth, HTA, or PREPA.

3        With respect to the Commonwealth, Ms. Romero Quinones

4   asserts mistreatment by court staff and attorneys in the

5   course of her divorce case, the improper refusal to fund her

6   daughter's participation in a governmental program established

7   by President Obama, as well as injuries purportedly suffered

8   by Ms. Romero Quinones' daughter in an accident involving a

9   golf cart.  None of these alleged injuries, however, are

10   stated with sufficient specificity for the Commonwealth to

11   understand what liabilities Ms. Romero Quinones purports to

12   assert, nor has she sufficiently alleged a connection between

13   these events and the Commonwealth's action or inaction.

14        With respect to HTA, Ms. Romero Quinones asserts that

15   her car has suffered damage from potholes.  However, again,

16   the responses do not explain with specificity what liabilities

17   Ms. Romero Quinones purports to assert or how the specific

18   condition of any particular road may have led to damage to

19   Ms. Romero Quinones' property.

20        And with respect to PREPA, Ms. Romero Quinones --

21        (Sound played.)

22        THE COURT:  You may continue.

23        MS. STAFFORD:  Thank you, Your Honor.

24        Ms. Romero Quinones asserts alleged damage to her

25   appliances from power outages, as well as alleged overcharges

1   for electricity.  The responses again, however, do not

2   identify with specificity the alleged injury suffered or draw

3   a link between the alleged injuries and any actions or

4   inactions of PREPA.

5        The debtors are mindful of the many hardships Ms.

6   Romero Quinones has experienced.  However, Ms. Romero Quinones

7   has not drawn a relationship between those misfortunes and a

8   basis on which any of the debtors may be liable.

9        Accordingly, because the claimant has not provided

10  sufficient information to enable the debtors to process the

11  claims, we would request the Court grant the objection and

12  disallow the claims, not withstanding Ms. Romero Quinones'

13  response.

14       THE COURT:  Thank you, Ms. Stafford.

15       On the basis of the proof of claim and written

16  submissions, and in the absence of any appearance for further

17  opposition to the objection to claims, the 171st Omnibus

18  Objection is sustained as to Claim Nos. 3836 and 3997 of Maria

19  C. Romero Quinones, and those claims are disallowed in their

20  entirety, because the proofs of claim and supplemental

21  responses from the claimant failed to provide sufficient legal

22  or factual information to support the claim.

23       Would the debtors kindly submit a comprehensive

24  proposed order disallowing the claims resolved by the 171st

25  Omnibus Objection?

1          MS. STAFFORD:  We would be glad to do so, Your Honor.

2    Thank you.

3          THE COURT:  Thank you, Ms. Stafford.

4          Ms. Tacoronte, is there anyone there to speak in

5    opposition to the 173rd Omnibus Objection to claims?

6          COURTROOM DEPUTY:  No, Your Honor.

7          THE COURT:  Thank you.

8          Ms. Stafford, you may proceed.

9          MS. STAFFORD:  Thank you, Your Honor.

10         The 173rd Omnibus Objection was filed at ECF No.

11   12138.  This objection seeks to disallow in their entirety

12   proofs of claim that have been subsequently amended and

13   superseded by later filed claims such that the original proofs

14   of claim no longer represent valid claims against the debtors.

15         There is one response that remains outstanding.  This

16   was submitted by Felix Ortiz Castro with respect to Proof of

17   Claim No. 16442.  This response was mailed to the debtors, and

18   we have filed it on the docket at ECF No. 15543-1.

19         The response does not dispute that Mr. Ortiz Castro

20   filed an Amended Proof of Claim which amends and supersedes

21   his original Proof of Claim.  Instead, the response consists

22   of several pages from the 150th Omnibus Objection, as well as

23   a letter providing information regarding liabilities

24   purportedly arising from Mr. Ortiz Castro's past employment

25   with the Commonwealth.  Neither Mr. Ortiz Castro's original

1   claim nor his amended claim are subject to the 150th Omnibus

2   Objection, however.

3           Accordingly, because the response does not dispute

4   that the original claim has been amended and superseded by a

5   subsequently filed Proof of Claim, we would request the Court

6   grant the objection and disallow the original claim,

7   notwithstanding Mr. Ortiz Castro's response.

8           And as we noted in our reply, to the extent the

9   response contains additional information that was not provided

10  with either the original or the amended claim, we will keep a

11  record of that so that it may be utilized when resolving the

12  amended claim.

13          THE COURT:  Thank you.  The claim to which there is

14  objection is No. 164442; is that correct?

15          MS. STAFFORD:  That is correct.

16          THE COURT:  Thank you.

17          Having reviewed the proof of claim and the

18  submissions in connection with the 173rd Omnibus Objection,

19  and in the absence of any appearance in further opposition to

20  the objection, the 173rd Omnibus Objection is sustained as to

21  Claim No. 164442 of Felix Luis Ortiz Castro, and that claim is

22  disallowed in its entirety, because claimant does not dispute

23  that Claim No. 164442 has been amended and superseded by Claim

24  No. 171828.  The debtors have agreed to review all of the

25  information provided with Claim No. 164442 in connection with

1  their consideration of the amended claim, which is No.

2  171828.

3       So this objection in the 173rd Omnibus Objection is

4  sustained, and the debtors are requested to submit a

5  comprehensive proposed order disallowing the claims resolved

6  by the 173rd Omnibus Objection.

7       MS. STAFFORD:  Thank you, Your Honor.  We will do so.

8       THE COURT:  Thank you.

9       Ms. Tacoronte, has anyone appeared in connection with

10  the 190th Omnibus Objection?

11       COURTROOM DEPUTY:  No, Your Honor.

12       THE COURT:  Thank you.

13       Ms. Stafford, you may proceed.

14       MS. STAFFORD:  Thank you, Your Honor.

15       The 190th Omnibus Objection was filed at ECF No.

16  12859.  This objection also seeks to disallow in their

17  entirety proofs of claim that have been subsequently amended

18  and superseded by later filed claims, such that the original

19  proofs of claim no longer represent valid claims against the

20  debtors.

21       There was one response remaining with respect to this

22  Omnibus Objection.  This response was filed by counsel for

23  Carlos Cortes Irizarry with respect to Proof of Claim No. 92,

24  and the response was filed at ECF No. 13182.

25       This response notifies the Court that, unfortunately,

1    Mr. Cortes Irizarry has passed away, and it requests an

2    extension of 90 days to permit any existing heirs to respond

3    to the objection or to amend the claim.  This Court granted

4    the extension request on June 11, 2020, by order filed at ECF

5    No. 13401, and that order extended the response deadline for

6    Mr. Cortes Irizarry until September 1st, 2020.

7          The motion filed in response to this Omnibus

8    Objection does not dispute that the original claim was amended

9    by a subsequently filed proof of claim.  Further, the

10   extension deadline passed over four months ago, and the

11   debtors have not received any additional response or any

12   additional information from any potential heirs to Mr. Cortes

13   Irizarry.

14         Accordingly, because the motion does not contest the

15   original claim has been subsequently amended, and the debtors

16   have received no additional information from any potential

17   heirs, we would request the Court grant the objection and

18   disallow the claim, notwithstanding the motion filed in

19   response.

20         And because the amended claim will be preserved,

21   there will be no prejudice to any potential heirs of

22   Mr. Cortes Irizarry who will retain the amended claims against

23   the Commonwealth.

24         THE COURT:  Was notice of this objection and hearing

25   provided to the counsel that had originally made the filing on

1    behalf of Mr. Cortes Irizarry?

2              MS. STAFFORD:  It was, Your Honor.

3              THE COURT:  Thank you.

4              Having reviewed the proof of claim and the

5    submissions in connection with the 190th Omnibus Objection,

6    and in the absence of any appearance in opposition to the

7    190th Omnibus Objection, it is sustained as to Claim No. 92 of

8    Carlos Cortes Irizarry, and that claim is disallowed in its

9    entirety, because the claimant never disputed, nor do any

10   heirs or representative of the claimant's estate dispute now

11   that Claim No. 92 has been amended and superseded by Claim No.

12   101510.

13             The debtors are directed to submit a comprehensive

14   proposed order disallowing the claims resolved by the 190th

15   Omnibus Objection.

16             MS. STAFFORD:  We will do so, Your Honor.

17             THE COURT:  Thank you very much, Ms. Stafford.

18             Ms. Tacoronte, is there anyone there to appear in

19   connection with the 198th Omnibus Objection to claims?

20             COURTROOM DEPUTY:  No, Your Honor.

21             THE COURT:  Thank you.

22             Ms. Stafford, you may proceed.

23             MS. STAFFORD:  Thank you, Your Honor.

24             The 198th Omnibus Objection was filed at ECF No.

25   13406.  This objection seeks to disallow in their entirety

1  proofs of claim that are duplicative of one or more master

2  proofs of claim filed against the Commonwealth and/or HTA on

3  behalf of bondholders.  Each of these duplicative claims

4  asserts liabilities associated with secondarily insured bonds.

5  When a bond is insured on the secondary market, it is assigned

6  a new CUSIP number, and that CUSIP number corresponds to the

7  original CUSIP numbers assigned to the bonds at the time of

8  issuance.

9        There is one response to this Omnibus Objection, and

10 it was filed by Leonard Lamm with respect to Proof of Claim

11 No. 48727, and filed at ECF No. 13791.  In the response,

12 Mr. Lamm explains that his proof of claim seeks to assert two

13 bonds issued by HTA bearing CUSIP Nos. 745190FY9 and

14 745190SG4.  Further, Mr. Lamm contends the Oversight Board has

15 not identified which of those bonds is allegedly duplicative,

16 and asks the Oversight Board to identify the original CUSIP

17 numbers associated with his bonds.

18       Based on a review of information made available on

19 EMMA, the two HTA bonds identified by Mr. Lamm are associated

20 with original CUSIP No. 745190AY4, and that CUSIP number is

21 covered by a master proof of claim filed on behalf of HTA

22 bondholders with the Proof of Claim No. 38574.

23       Accordingly, because Mr. Lamm's claim asserts

24 secondarily insured bonds that are covered by a master proof

25 of claim, we would request the Court grant the objection and

1   disallow the claim, notwithstanding the response.

2          THE COURT:  Thank you, Ms. Stafford.

3          Having reviewed the proof of claim and the

4   submissions in connection with the 198th Omnibus Objection,

5   and in the absence of any appearance in opposition to the

6   objection today, the 198th Omnibus Objection is sustained as

7   to Claim No. 48727 of Leonard Lamm, and that claim is

8   disallowed in its entirety, because claimant's proof of claim

9   rests entirely on secondarily insured bonds that are

10  duplicative of the master proof of claim filed against HTA by

11  the Bank of New York Mellon at page 13 of Claim No. 38574,

12  identified by the CUSIP No. 745190AY4.

13          The debtor is directed to submit a comprehensive

14  proposed order disallowing the claims resolved by the 198th

15  Omnibus Objection.

16          MS. STAFFORD:  Thank you, Your Honor.  We would be

17  glad to do so.

18          THE COURT:  Thank you, Ms. Stafford.

19          Ms. Tacoronte, is there anyone there to speak in

20  connection with the 199th Omnibus Objection to claims?

21          COURTROOM DEPUTY:  No, Your Honor.

22          THE COURT:  Thank you.

23          Ms. Stafford, you may proceed.

24          MS. STAFFORD:  Thank you, Your Honor.

25          The 199th Omnibus Objection was filed at ECF No.

1    13407.  This objection seeks to disallow proofs of claim that

2    assert certain Senior Lien Bonds issued by PRASA, which is the

3    Puerto Rico Aqueduct and Sewer Authority.  PRASA is an

4    independent entity that is legally separate and distinct from

5    the Commonwealth, and the Commonwealth was not guaranteed any

6    payment of the Senior Lien Bonds that were issued by PRASA.

7         Two responses remain outstanding.  The first was

8    filed by Cooperativa De Ahorro Y Credito Oriental with respect

9    to Proofs of Claim Nos. 30417, 30355, 30459 and 30509.  And

10   this response was filed at ECF No. 13618.

11        In the response, Cooperativa Oriental asserts the

12   Commonwealth is liable as a guarantor of liabilities owed by

13   PRASA, and that those liabilities are enforceable under the

14   Full Faith and Credit Clause of the Puerto Rico and U.S.

15   Constitutions.  However, each of the Cooperativa Oriental

16   claims asserts liabilities associated with PRASA revenue

17   bonds, Series 2012 B Senior Lien.  The Commonwealth is not

18   liable for 2012 Senior Series B Bonds.  However, because the

19   offering statement issued with those bonds states that they

20   are not a debt of the Commonwealth, or of any of its

21   instrumentalities, then neither the Commonwealth, nor any

22   instrumentality besides PRASA will be liable for payment of

23   principal or interest on the bonds.

24        Accordingly, because the Commonwealth has not

25   guaranteed repayment of the 2012 Senior Series B Bonds

1    asserted by Cooperativa Oriental, we would request the Court

2    grant the objection and disallow the claim, notwithstanding

3    the response.

4              THE COURT:  Thank you.

5              Having reviewed the proof of claim and the

6    submissions in connection with the 199th Omnibus Objection,

7    that objection, the 199th Omnibus Objection, is sustained in

8    the absence of an appearance in opposition here today as to

9    Claim Nos. 30417, 30355, 30459, and 30509 filed by the

10   Cooperativa De Ahorro Y Credito Oriental, and those claims are

11   disallowed in their entirety, because there is no evidence

12   that the Commonwealth is liable for PRASA's obligations under

13   the bonds that PRASA issues.

14             There is another outstanding response in connection

15   with the 199th objection; is that correct?

16             MS. STAFFORD:  That is correct, Your Honor.  That is

17   correct.

18             The other response related to this objection was

19   filed by Cooperativa De Ahorro Y Credito De Yauco with respect

20   to Proof of Claim Nos. 127882, 140268, 155210, 155252, 155331,

21   and 161704.  This response was filed at ECF No. 13623.

22             This response also asserts the Commonwealth is liable

23   as a guarantor of liability owed by PRASA.  However, again,

24   each of the Cooperativa De Yauco claims also asserts

25   liabilities associated with PRASA revenue bonds, Series 2012 B

1   Senior Lien.

2         Because the Commonwealth has not guaranteed repayment

3   of the 2012 Senior Series B Bonds asserted by Cooperativa De

4   Yauco, we would again request the Court grant the objection

5   and disallow the claims, notwithstanding the response.

6         THE COURT:  Thank you.

7         Having reviewed the proofs of claim and the

8   submissions in connection with the 199th Omnibus Objection,

9   and in the absence of any appearance on behalf of the

10   Cooperativa in opposition today, the 199th Omnibus Objection

11   is sustained as to Claim Nos. 127882, 140268, 155210, 155252,

12   155331, and 161704 filed by the Cooperativa De Ahorro Y

13   Credito De Yauco, and that claim is disallowed in its

14   entirety, because there is no evidence that the Commonwealth

15   is liable for PRASA's obligations under the bonds that PRASA

16   issues.

17         The debtor is directed to submit a comprehensive

18   proposed order disallowing the claims resolved by the 199th

19   Omnibus Objection.

20         MS. STAFFORD:  We would be glad to do so, Your Honor.

21   Thank you.

22         THE COURT:  Thank you.

23         The next Agenda item is the 201st Omnibus Objection.

24   Ms. Tacoronte, has anyone appeared to speak in opposition to

25   that objection?

1          COURTROOM DEPUTY:  No, Your Honor.

2          THE COURT:  Thank you.

3          Ms. Stafford, you may proceed.

4          MS. STAFFORD:  Thank you, Your Honor.

5          The 201st Omnibus Objection was filed at ECF No.

6     13410.  This objection seeks to disallow in their entirety

7     proofs of claim that assert bonds issued by COFINA.  One

8     response remains outstanding.  This was filed by Eddie

9     Montalvo with respect to Proof of Claim No. 27995, and it was

10    filed at ECF No. 13789.

11         In the response, Mr. Montalvo does not dispute that

12    his Proof of Claim seeks to assert liabilities associated with

13    bonds issued by COFINA.  Instead, Mr. Montalvo states that he

14    understands the Commonwealth is seeking to confiscate the

15    remainder of his investment in bonds.

16         The Commonwealth is, as always, deeply mindful of the

17    impact of these cases on the people of the island.  However,

18    as set forth in the 201st Omnibus Objection, the Commonwealth

19    is not liable for bonds issued by COFINA.  As a result of the

20    confirmation of COFINA's Plan of Adjustment, all claims

21    against the Commonwealth arising from its relationship with

22    COFINA, including claims associated with bonds issued by

23    COFINA, have been discharged and released.

24         Accordingly, we would request the Court grant the

25    objection and disallow the claim, notwithstanding the

1   response.

2         THE COURT:  Thank you, Ms. Stafford.

3         Having reviewed the proof of claim and the

4   submissions in connection with the 201st Omnibus Objection,

5   and there being no appearance today by or on behalf of

6   Mr. Montalvo in further opposition to the objection, the 201st

7   Omnibus Objection is sustained as to Claim No. 27995 filed by

8   Eddie Montalvo, and that claim is disallowed in its entirety,

9   because pursuant to the Court's order confirming the COFINA

10  Plan, the Commonwealth is not liable for COFINA's liability on

11  the bonds that COFINA issues.

12        The debtor is directed to submit a comprehensive

13  proposed order disallowing the claims resolved by the 201st

14  Omnibus Objection.

15        MS. STAFFORD:  Thank you, Your Honor.  We would be

16  glad to do so.

17        THE COURT:  Thank you.

18        Ms. Tacoronte, has anyone appeared to speak in

19  opposition to the 202nd Omnibus Objection to Claims?

20        COURTROOM DEPUTY:  No, Your Honor.

21        THE COURT:  Thank you.

22        Ms. Stafford, you may proceed.

23        MS. STAFFORD:  Thank you, Your Honor.

24        The 202nd Omnibus Objection was filed at ECF No.

25  13409.  This objection seeks to disallow in their entirety

1    proofs of claim that assert liabilities arising from bonds

2    issued by the government bank -- I'm sorry, the Government

3    Development Bank of Puerto Rico, subject to the Qualifying

4    Modification.  The Qualifying Modification resulted in the

5    cancellation of GDB bonds and the extinguishment of the

6    Commonwealth guarantee of certain GDB bonds, and, thus, the

7    Commonwealth is no longer liable for claims asserting those

8    GDB bonds.

9         One response was filed with respect to this

10   objection.  It was filed by Hector Santos Diaz with respect to

11   Proof of Claim No. 1337, and the response was filed at ECF No.

12   13668.

13        In the response, Mr. Santos Diaz does not dispute

14   that his proof of claim seeks to assert liabilities associated

15   with bonds issued by GDB.  Rather, Mr. Santos Diaz states that

16   he understands PROMESA was signed to help the people of Puerto

17   Rico.

18        Again, the Commonwealth is mindful of the impact of

19   these cases on the people of Puerto Rico and on investors in

20   the Commonwealth bonds.  However, as set forth in the 201st

21   Omnibus Objection, the Commonwealth is no longer liable for

22   bonds issued by GDB.  As a result of the Qualifying

23   Modification, bonds issued by GDB -- or these bonds issued by

24   GDB no longer represent outstanding liabilities of the

25   Commonwealth.

1          Accordingly, we would request the Court grant the

2    objection and disallow the claim, notwithstanding the

3    response.

4          THE COURT:  Thank you, Ms. Stafford.

5          Having reviewed the proof of claim and the

6    submissions in connection with the 202nd Omnibus Objection,

7    and there being no appearance by or on behalf of Mr. Santos

8    Diaz in further response to the objection, the 202nd Omnibus

9    Objection is sustained as to Claim No. 1337 filed by Hector

10   Santos Diaz, and that claim is disallowed in its entirety,

11   because the Commonwealth is not liable for the claimant's

12   extinguished GDB bonds under the terms of the Qualifying

13   Modification, pursuant to Title VI of PROMESA, that was

14   approved by this Court as set forth at Docket Entry No. 270 in

15   Case No. 18-CV-1561 in the District of Puerto Rico.

16         The debtor is directed to submit a comprehensive

17   order disallowing the claims resolved by the 202nd Omnibus

18   Objection.

19         MS. STAFFORD:  Thank you, Your Honor.  We will be

20   glad to do so.

21         THE COURT:  Thank you.

22         Ms. Tacoronte, has anyone appeared to speak in

23   opposition to the 204th Omnibus Objection?

24         COURTROOM DEPUTY:  No, Your Honor.

25         THE COURT:  Thank you.

1          Ms. Stafford, you may proceed.

2          MS. STAFFORD:  Thank you, Your Honor.

3          The 204th Omnibus Objection was filed at ECF No.

4    13412.  This objection seeks to disallow in their entirety

5    proofs of claim that have been subsequently amended and

6    superseded by later filed claims such that the original proofs

7    of claim no longer represent valid claims against the debtors.

8          There are four responses that remain outstanding.

9    All four were filed by claimant Ruth Dalia Luisa Martinez

10   Velez with respect to Proofs of Claim Nos. 105594, 40721,

11   103437, and 105684.  Those responses were filed at ECF Nos.

12   13643, 13646, 13647, and 13649.

13         In each of the four responses, Ms. Martinez Velez

14   admits that she amended her original claims by filing the

15   remaining amended claims.  Nevertheless, with respect to Proofs

16   of Claim Nos. 105684, 103437, and 105594, Ms. Martinez Velez

17   objects to the disallowance of her original claims on the basis

18   that her amended claims each assert a definite amount.  However,

19   the liabilities she seeks to assert through that definite amount

20   in her amended claims will be preserved and will remain pending.

21         Excuse me, Your Honor.  With respect to Proof of Claim

22   No. 40721, Ms. Martinez Velez objects to the disallowance of her

23   original claim, because it asserts her rights to her pension,

24   which arises from her previous employment as a teacher.

25   However, the liabilities she seeks to assert with respect to her

1   pension are preserved by her fourth amended claim, which will

2   remain pending against the Commonwealth.

3        Accordingly, we would request the Court grant the

4   objection and disallow the claim, notwithstanding the responses.

5        THE COURT:  Thank you.

6        Having reviewed the proofs of claim and the

7   submissions in connection with the 204th Omnibus Objection,

8   and with no further appearance in response today by

9   Ms. Martinez Velez, the 204th Omnibus Objection is sustained

10  as to Claim Nos. 105684, 103437, 105594, and 40721 filed by

11  Ruth Dalia Luisa Martinez Velez.  And those claims are

12  disallowed in their entirety, because they are superseded

13  respectively by amended Claim Nos. 173750, 173749, 173748, and

14  173751, which are still recognized as active claims as to

15  which no objection is currently pending.

16       And the debtor is directed to submit a comprehensive

17  proposed order disallowing the claims resolved by the 204th

18  Omnibus Objection.

19       MS. STAFFORD:  Thank you, Your Honor.  We would be

20  glad to do so.

21       THE COURT:  Thank you, Ms. Stafford.

22       This concludes the 9:30 calendar in this objection

23  hearing, and so we will adjourn to 10:30.  And I would ask

24  that everyone disconnect and call back in for the 10:30

25  calendar.

1           Thank you all.  I look forward to hearing you

2    shortly.  We are adjourned.

3               (At 10:13 AM, recess taken.)

4               (At 10:46 AM, proceedings reconvened.)

5           THE COURT:  Good morning.  This is Judge Swain again.

6           MS. NG:  Good morning, Judge.  It's Lisa.

7    Everybody's here.

8           THE COURT:  Very well.  Thank you.

9           We will now continue with the hearing on contested

10   claim objections.  Ms. Tacoronte, is there anyone there who

11   has appeared to respond to the 216th Omnibus Objection?

12           COURTROOM DEPUTY:  No, Your Honor.

13           THE COURT:  Thank you.

14           Ms. Stafford, would you proceed?

15           MS. STAFFORD:  Thank you, Your Honor.

16           The 216th Omnibus Objection was filed at ECF No.

17   13429.  This objection seeks to disallow in their entirety

18   proofs of claim that assert liabilities arising from ownership

19   of investments in mutual funds, which in turn may have

20   invested in bonds issued by the Commonwealth or its

21   instrumentalities.

22           There is one response to this objection, and it was

23   submitted by Louis Jules Marin with respect to Proof of Claim

24   No. 37240.  This response was mailed to the debtors, and they

25   have filed it on the docket at ECF No. 15522-1.

1          The response consists of several pages from the 216th

2     Omnibus Objection which contain a handwritten note from

3     Mr. Jules Marin.   Therein, Mr. Jules Marin states that he does

4     not agree with the objection, because if the mutual fund

5     purchased Commonwealth bonds, the Commonwealth is liable.

6     However, as set forth in the debtors' reply, Mr. Jules Marin

7     lacks standing to assert a claim against the debtors, because

8     at most he is a creditor of the mutual funds in which he has

9     invested, and those mutual funds are, in turn, creditors of

10    the Commonwealth or one of its instrumentalities.

11          Mr. Jules Marin has not set forth any basis on which

12    he, as an investor in a mutual fund, has a direct claim

13    against the Commonwealth arising from the mutual fund's

14    purchase of bonds issued by the Commonwealth.

15          Accordingly, because Mr. Jules Marin has not provided

16    evidence of a direct claim against any of the debtors, we

17    would request the Court grant the objection and disallow the

18    claim, notwithstanding Mr. Jules Marin's response.

19          THE COURT:   Thank you, Ms. Stafford.

20          Having reviewed the proof of claim and the

21    submissions in connection with the 216th Omnibus Objection,

22    that objection is sustained as to Claim No. 37240 of Louis

23    Jules Marin.   And that claim is disallowed in its entirety,

24    because the claimant's alleged interest in a mutual fund does

25    not provide a sufficient basis to support a direct claim

1  against the Commonwealth.

2       The debtor is directed to submit a comprehensive

3  proposed order disallowing the claims resolved by the 216th

4  Omnibus Objection.

5       MS. STAFFORD:  Thank you, Your Honor.  We would be

6  happy to do so.

7       THE COURT:  Thank you.

8       Ms. Tacoronte, is there anyone there appearing in

9  response to the 232nd Omnibus Objection?

10       COURTROOM DEPUTY:  No, Your Honor.

11       THE COURT:  Ms. Tacoronte?

12       COURTROOM DEPUTY:  I'm sorry, Your Honor.  The answer

13  is no.

14       THE COURT:  Thank you very much.

15       Ms. Stafford, you may proceed as to the 232nd Omnibus

16  Objection.

17       MS. STAFFORD:  Thank you, Your Honor.

18       The 232nd Omnibus Objection was filed on the docket

19  at ECF No. 13916.  This objection seeks to disallow in their

20  entirety proofs of claim that fail to provide a basis for

21  asserting liability against the debtors.

22       One response was filed with respect to this

23  objection, and -- well, one response was filed that remains

24  outstanding with respect to this objection, and that was filed

25  by the Biblioteca Y Centro De Estudios De Puerto Rico with

1  respect to Proof of Claim No. 4756, and it was filed on the

2  docket at ECF No. 14078.

3  This response asserts liabilities arising from

4  Biblioteca's ownership of a bond issued by ERS bearing CUSIP

5  No. 29216NAC4.  Further, Biblioteca objects to the

6  disallowance of its claim as a violation of Biblioteca's

7  rights under the Takings Clause, or the 5th and 14th

8  Amendments, and it invokes a right to trial by jury regarding

9  the disallowance of its claim.

10  The bond Biblioteca asserts is covered by a master

11  proof of claim, Proof of Claim No. 16777, which was filed on

12  behalf of all ERS bondholders by the Bank of New York Mellon.

13  Biblioteca's claim is, therefore, duplicative of a master

14  proof of claim, and should be disallowed in order to prevent

15  an unwarranted double recovery by Biblioteca.

16  Biblioteca's constitutional arguments also lack

17  merit, and disallowance of Biblioteca's claim will not impact

18  its 5th and 14th Amendment rights, because Biblioteca will

19  retain a claim against ERS as asserted by the Bank of New York

20  Mellon on bondholders' behalf.  And further, although

21  Biblioteca claims a right to a jury trial prior to the

22  disallowance of its claims, Biblioteca has no such right, as

23  set forth in our reply.

24  Accordingly, we would request that the Court grant

25  the objection and disallow the claim, notwithstanding

1    Biblioteca's response.

2         THE COURT:  Thank you.

3         Having reviewed the proof of claim and the

4    submissions in connection with the 232nd Omnibus Objection,

5    that objection is sustained as to Claim No. 4756 of Biblioteca

6    Y Centro De Estudios De Puerto Rico, Inc., and that claim is

7    disallowed in its entirety, because it is duplicative of a

8    master proof of claim filed by the Bank of New York Mellon on

9    behalf of ERS bondholders, which was logged as Claim No. 16777

10   on the Prime Clerk claims registry.

11        You may proceed to the other outstanding matter on

12   the 232nd Omnibus Objection, Ms. Stafford.

13        MS. STAFFORD:  Thank you very much, Your Honor.

14        The second remaining response was filed by Eduardo

15   Rivero Betancourt with respect to Proof of Claim No. 9599.

16   This response was mailed to the debtors, and we have filed it

17   on the docket at ECF No. 15119-1.

18        This response consists of a completed mailing in

19   which Mr. Rivero Betancourt purports to assert liabilities

20   arising out of the PROMESA Act or COFINA.  The response also

21   contains pages from the Fifth Omnibus Objection, as well as a

22   printout from Prime Clerk's website.  It does not, however,

23   provide any additional information needed in order to process

24   the claim.

25        Accordingly, because the claimant still has not

1   provided sufficient information to enable the debtors to

2   process the claim, we would request the Court grant the

3   objection and disallow the claim, notwithstanding Mr. Rivero

4   Betancourt's response.

5        THE COURT:  Thank you.

6        The Court has reviewed the proof of claim and the

7   submissions in connection with the 232nd Omnibus Objection,

8   and in the absence of any appearance in further response by

9   Mr. Rivero Betancourt, the 232nd Omnibus Objection is

10  sustained as to Claim No. 9599.  And that claim is disallowed

11  in its entirety, because the proof of claim and supplemental

12  response fail to provide sufficient information to support a

13  claim.

14       The debtor is requested to submit a comprehensive

15  proposed order disallowing the claims resolved by the 232nd

16  Omnibus Objection.

17       MS. STAFFORD:  Thank you, Your Honor.  We would be

18  glad to do so.

19       THE COURT:  Thank you.

20       Ms. Tacoronte, has anyone appeared to speak in

21  response to the 246th Omnibus Objection?

22       COURTROOM DEPUTY:  No, Your Honor.

23       THE COURT:  You may proceed, Ms. Stafford.

24       MS. STAFFORD:  Thank you, Your Honor.

25       The 246th Omnibus Objection was filed at ECF No.

1  14218.  This objection seeks to disallow in their entirety

2  proofs of claim that fail to provide a basis for asserting

3  liability against the debtors.  And there is one response that

4  remains outstanding with respect to this objection.

5       That response was filed by Pedro A. Miro Sotomayor

6  with respect to Proof of Claim No. 11287.  This response was

7  mailed to the debtors, and we have filed it on the docket at

8  ECF No. 15525-1.

9       This response consists of a completed questionnaire,

10 which attaches a copy of a brokerage statement, and purports

11 to assert liabilities associated with bonds issued by COFINA.

12 The claim is currently pending before ERS.

13      To the extent Mr. Miro Sotomayor intended to assert a

14 claim against ERS arising from bonds issued by COFINA, he has

15 provided no basis for asserting liability against ERS for

16 bonds issued by COFINA.  To the extent Mr. Miro Sotomayor

17 intended to assert a claim against either the Commonwealth or

18 COFINA, any liabilities associated with his COFINA bond have

19 been discharged and released pursuant to the confirmation of

20 COFINA's Plan of Adjustment.

21      Accordingly, we would request the Court grant the

22 objection and disallow the claim, notwithstanding Mr. Miro

23 Sotomayor's response.

24      THE COURT:  Thank you.

25      The Court has reviewed the proof of claim and the

1   submissions in connection with the 246th Omnibus Objection.

2   That objection, in the absence of any further appearance in

3   response, is sustained as to Claim No. 11287 of Pedro A. Miro

4   Sotomayor, and that claim is disallowed in its entirety,

5   because any claims against COFINA or the Commonwealth on

6   account of COFINA bonds have been resolved and released

7   pursuant to the settlement agreement appearing at Docket Entry

8   No. 5045-1, and the Amended Order and Judgment Confirming the

9   Third Amended Title III Plan of Adjustment of Puerto Rico

10  Sales Tax Financing Corporation, which is at Docket Entry No.

11  5055.  The proof of claim provides no legal or factual basis

12  for a claim against ERS, and, accordingly, the objection to it

13  is sustained.

14          The debtors are directed to submit a comprehensive

15  proposed order disallowing the claims resolved by the 246th

16  Omnibus Objection.

17          MS. STAFFORD:  Thank you, Your Honor.  We will be

18  happy to do so.

19          THE COURT:  Thank you, Ms. Stafford.

20          Ms. Tacoronte, has anyone appeared in response to the

21  250th Omnibus Objection?

22          COURTROOM DEPUTY:  No, Your Honor.

23          THE COURT:  Thank you.

24          Ms. Stafford, you may proceed.

25          MS. STAFFORD:  Thank you, Your Honor.

1          The 250th Omnibus Objection was filed on the docket

2     at ECF No. 14222.  This objection seeks to disallow in their

3     entirety proofs of claim that have been fully satisfied by the

4     Commonwealth.

5          There is one response that was filed with respect to

6     this objection.  It was filed by claimant Sheila Garrestegui

7     Maldonado with respect to Proof of Claim No. 2528.  This

8     response was mailed to the debtors, and we have filed it on

9     the docket at ECF No. 15526-1.

10         In her response, Ms. Garrestegui Maldonado

11    acknowledges that her claim was satisfied, and states that she

12    does not object to the disallowance of her claim.

13    Additionally, Ms. Garrestegui Maldonado provides an updated

14    mailing address.

15         Accordingly, because the claimant does not dispute

16    the disallowance of her claim, we would request the Court

17    grant the objection and disallow the claim, notwithstanding

18    Ms. Garrestegui Maldonado's response.

19         THE COURT:  Thank you.

20         The Court has reviewed the proof of claim and

21    submissions in connection with the 250th Omnibus Objection,

22    and based on the content of the response, and in the absence

23    of any appearance in further response today by Ms. Garrestegui

24    Maldonado, the 250th Omnibus Objection is sustained as to

25    Claim No. 2528 of Sheila Garrestegui Maldonado.  And that

1   claim is disallowed in its entirety, because the claimant has

2   conceded, in response to the Omnibus Objection, that the claim

3   has been satisfied.

4          The debtor is directed to submit a comprehensive

5   proposed order disallowing the claims resolved by this Omnibus

6   Objection.

7          MS. STAFFORD:  Thank you, Your Honor.  We will do

8   so.

9          THE COURT:  Thank you, Ms. Stafford.

10          And now we turn to the 225th, 227th, and 228th

11   Omnibus Objections.  Ms. Tacoronte, has anyone appeared to

12   speak in response to any of those three objections?

13          COURTROOM DEPUTY:  No, Your Honor.

14          THE COURT:  Thank you.

15          Ms. Stafford, you may proceed.

16          MS. STAFFORD:  Thank you, Your Honor.

17          The next response and Agenda item addresses three

18   Omnibus Objections.  And I will address each of the objections

19   in turn, and then discuss the response.  The three objections

20   at issue are the 225th Omnibus Objection, which was filed at

21   ECF No. 13909; the 227th Omnibus Objection, which was filed at

22   ECF No. 13911; and the 228th Omnibus Objection, which was

23   filed at ECF No. 13912.

24          The 225th Omnibus Objection seeks to partially

25   disallow proofs of claim that assert liabilities that are

1  duplicative in part of one or more master proofs of claim

2  asserted against the Commonwealth on behalf of holders of

3  certain bonds.

4  The 227th Omnibus Objection seeks to partially

5  disallow proofs of claim that assert, in part, liabilities

6  arising from bonds issued by GDB which have been canceled and

7  extinguished by the Qualifying Modification.

8  And the 228th Omnibus Objection seeks to partially

9  disallow proofs of claim that assert, in part, liabilities

10 against the Commonwealth arising from either certain PRASA

11 Senior Lien Bonds, or certain HTA Bridge Bonds, even though

12 the Commonwealth has not guaranteed repayment for either PRASA

13 Senior Lien Bonds or HTA Bridge Bonds.

14 The response at issue was filed by Eugenio Chinea

15 Bonilla with respect to Proof of Claim No. 12827, and it was

16 filed at ECF No. 14161. This response addresses each of the

17 three Omnibus Objections previously identified, and portions

18 of Mr. Chinea Bonilla's claims are subject to each of the

19 three objections.

20 This response consists of a letter in which

21 Mr. Chinea Bonilla states that he does not agree with the

22 amount of the claim listed in Exhibit A to the three

23 objections, and states that the Commonwealth is liable for the

24 full amount asserted by his claim. The response also attaches

25 a statement identifying a number of different bonds. That

1   statement includes both bonds initially asserted with Proof of

2   Claim No. 12827, as well as several newly asserted bonds.

3   I'll clarify --

4           (Sound played.)

5           THE COURT:  You may continue.

6           MS. STAFFORD:  Thank you, Your Honor.

7           I'll start by addressing the bonds that were

8   originally asserted in Proof of Claim No. 12827, and then I'll

9   address the three objections.  The originally asserted bonds

10  include bonds issued by PRASA, PRIDCO, PRCCDA, UPR and PFC.

11          As set forth in the 225th Omnibus Objection, each of

12  these bonds is duplicative of a master proof of claim filed in

13  the Commonwealth Title III case on behalf of holders of each

14  such group of bonds.  And the response does not dispute that

15  the bonds are duplicative of the master proofs of claim

16  identified in the 225th Omnibus Objection.

17          The originally asserted bonds also include certain

18  PRASA Senior Lien Bonds.  And as discussed earlier in the

19  record of today's proceedings, the Commonwealth is not liable

20  for Senior Lien Bonds issued by PRASA, because PRASA is a

21  legally separate entity from the Commonwealth, and the

22  Commonwealth has not guaranteed repayment for these PRASA

23  Senior Lien Bonds.  The response does not dispute whether the

24  Commonwealth should be liable for payment of the PRASA Senior

25  Lien Bonds, and it does not provide a basis for why the

1  Commonwealth would be liable for bonds issued by PRASA and not

2  guaranteed by the Commonwealth.

3        In addition, the originally asserted bonds include

4  bonds issued by GDB, which, as explained in the 228th Omnibus

5  Objection, were canceled and extinguished as a result of the

6  Qualifying Modification.  The response does not provide a

7  basis for why the Commonwealth would be liable for bonds

8  issued by GDB, notwithstanding the Qualifying Modification.

9        And so the debtors would request the originally

10  asserted bonds be disallowed, notwithstanding the response.

11        And with respect to the newly asserted bonds, there

12  are four.  The first -- the first of the newly asserted bonds

13  is an HTA bond associated with an issuance of bonds related to

14  the Teodoro Moscoso Bridge.  These bonds were issued by HTA,

15  which is a separate and independent entity from the

16  Commonwealth, and the Commonwealth has not guaranteed those

17  bonds.

18        Accordingly, there is no basis for an assertion of

19  liability against the Commonwealth arising from HTA Bridge

20  Bonds.  We would ask for that portion of the claim to be

21  disallowed.

22        Notably, Mr. Chinea Bonilla has filed a claim against

23  HTA asserting the same Bridge Bond, and that claim preserves

24  liabilities Mr. Chinea Bonilla has against HTA.

25        The response also seeks to assert liabilities

1    associated with a new ERS bond, and that claim is duplicative

2    of a master proof of claim asserted against the Commonwealth

3    on behalf of ERS bondholders, which -- as set forth in the

4    reply that was filed with respect to this response.

5            The response also seeks to assert liabilities

6    associated with a COFINA bond, and as a result of the

7    confirmation of COFINA's Plan of Adjustment, the Commonwealth

8    has been released and discharged of liability for COFINA

9    bonds.

10           And finally, the response also seeks to assert

11   liabilities associated with a PREPA bond, but Mr. Chinea

12   Bonilla does not provide a basis for asserting a PREPA bond

13   against the Commonwealth.  And we would, therefore, ask for

14   that portion of the claim to be disallowed as well.

15           And we would note, again, that Mr. Chinea Bonilla has

16   asserted a claim against PREPA arising out the same bond, so

17   his PREPA bond claim is preserved as against PREPA.  And we

18   would also note that Mr. Chinea Bonilla will retain a claim

19   against the Commonwealth of certain liabilities arising out of

20   General Obligation Bonds, as well as PRASA bonds, that are, in

21   fact, guaranteed by the Commonwealth.

22           And accordingly, we would request the Court grant the

23   objection and disallow the claim, notwithstanding Mr. Chinea

24   Bonilla's response.

25           THE COURT:  Thank you, Ms. Stafford.

1              The Court has reviewed the proofs of claim and all of

2     the submissions in connection with the 225th, 227th, and 228th

3     Omnibus Objections, and in the absence of any appearance and

4     further response by Mr. Eugenio Chinea Bonilla, the 225th,

5     227th, and 228th Omnibus Objections are sustained as to Claim

6     No. 12827.  And that claim is disallowed in its entirety

7     subject -- let's see, have you filed -- I have a little note

8     about completion of filing of documentation concerning the

9     relevant master proofs of claim.

10             Have you made a filing that identifies the relevant

11    master proofs of claim?

12             MS. STAFFORD:  I believe it is identified in our

13    reply, but if it is not, or if the Court would just prefer

14    that we confirm that we have, you know, identified that on the

15    docket, we're happy to submit it in an informative motion,

16    making sure that we've identified that master proof of claim.

17             THE COURT:  I'd be grateful.  That way the record

18    will be completely clear.  But I am going to proceed on the

19    assumption that that has been confirmed, or that technical

20    matter will be supplied by the informative motion.

21             So the Court finds that the claim asserts liabilities

22    associated with bonds covered by various master proofs of

23    claim, and is, therefore, duplicative in part; that the

24    Commonwealth is not liable for the claimant's extinguished GDB

25    bonds, as set forth in the Qualifying Modification, pursuant

1   to Title VI of PROMESA, and approved by this Court at Docket

2   Entry No. 270 in Case No. 18-CV-1561 in the District of Puerto

3   Rico.

4           Further, the claimant has offered no legal or factual

5   basis for the assertion that the Commonwealth is liable on the

6   relevant bonds issued by PRASA, HTA, or PREPA.  And any claims

7   against COFINA or the Commonwealth on account of COFINA bonds

8   have been resolved and released pursuant to the settlement

9   agreement appearing at Docket Entry No. 5045-1, and the

10  Amended Order and Judgment Confirming the Third Amended Title

11  III Plan of Adjustment of the Puerto Rico Sales Tax Financing

12  Corporation located at Docket Entry No. 5055.

13          So, accordingly, the objections are sustained.  And I

14  would direct that the debtors submit a comprehensive proposed

15  order disallowing the claims resolved by this Omnibus

16  Objection.

17          MS. STAFFORD:  Thank you, Your Honor.  We will be

18  glad to do so.

19          THE COURT:  Thank you.

20          And so we'll now turn to the 182nd Omnibus Objection

21  to Claims.  Ms. Tacoronte, has anyone appeared to speak in

22  opposition to that objection?

23          COURTROOM DEPUTY:  No, Your Honor.

24          THE COURT:  Thank you.

25          Ms. Stafford, you may proceed.

1          MS. STAFFORD:  Thank you, Your Honor.

2          The 182nd Omnibus Objection was filed at ECF No.

3    12160.  This objection seeks to reclassify claims that

4    asserted as obligor PREPA when the liabilities asserted lie,

5    if at all, against another of the debtors.

6          One response, as well as one supplement to that

7    response, remains outstanding.  And this response was filed by

8    Juan A. Barnes Velez, as well as Teresa Zamora Ceide, with

9    respect to Proof of Claim No. 4610.  The initial response was

10   filed at ECF No. 12337, and a supplemental response was filed

11   at 12372.

12         This claim was initially asserted against COFINA, but

13   the supporting documentation associated with the claim

14   indicated that the claim asserted bonds issued by COFINA, as

15   well as bonds issued by other instrumentalities, including

16   PREPA.  Accordingly, by order of the Court, the claim was

17   partially disallowed, partially reclassified as a claim

18   asserted against ERS, and partially reclassified as a claim

19   asserted against PREPA.

20         This response consists of a handwritten letter to

21   which Mr. Barnes Velez and Ms. Zamora Ceide attached

22   documentation reflecting $275,000 in liabilities associated

23   with PREPA bonds.  Mr. Barnes Velez and Ms. Zamora Ceide have

24   filed a separate claim, Claim 5632 against PREPA, that also

25   asserts $275,000 in liabilities associated with PREPA bonds

1 | and bearing the same CUSIP numbers.

2 | Accordingly, we would ask the Court grant this

3 | objection and disallow Claim 4617 as duplicative of Claim

4 | 5632.  Mr. Barnes Velez and Ms. Zamora Ceide will retain a

5 | claim against PREPA associated with the bonds identified in

6 | the response and the supplemental response through Claim 5632.

7 | THE COURT:  Thank you.

8 | The Court has reviewed the proofs of claim and the

9 | submissions in connection with the 182nd Omnibus Objection.

10 | That objection is sustained in the absence of any further

11 | appearance in response as to Claim No. 4617 of Juan Velez and

12 | Teresa Zamora Ceide, as amended by the Court's Order Granting

13 | Puerto Rico Sales Tax Financing Corporation's Ninth Omnibus

14 | Objection (Non-Substantive) to Duplicate and Incorrect Debtor

15 | Bond Claims, which is at Docket Entry No. 6009, and is dated

16 | March 26, 2019.

17 | The claim of Juan Velez and Teresa Zamora Ceide is

18 | disallowed to the extent that it asserts liabilities on

19 | account of PREPA bonds, because such claims are duplicative of

20 | those asserted in Claim No. 5632.  Claim No. 5632 remains

21 | pending insofar as it asserts liabilities associated with

22 | PREPA bonds.

23 | And I would direct that the debtors submit a

24 | comprehensive proposed order disallowing the claims resolved

25 | by the 182nd Omnibus Objection.

1           MS. STAFFORD:  Thank you, Your Honor.  We would be

2   glad to do so.

3           THE COURT:  Thank you.

4           The next Agenda item is the 184th Omnibus Objection.

5   Ms. Tacoronte, has anyone appeared in response to that

6   objection?

7           COURTROOM DEPUTY:  No, Your Honor.

8           THE COURT:  And, Ms. Ng, has anyone registered to

9   speak as counsel for Power Technologies Corporation?

10          MS. NG:  Judge, not that I know of.

11          THE COURT:  Thank you.

12          You may proceed, Ms. Stafford.

13          MS. STAFFORD:  Thank you, Your Honor.

14          The 184th Omnibus Objection was filed at ECF No.

15  12850.  This objection seeks to disallow in their entirety

16  proofs of claim that have been subsequently amended and

17  superseded by later filed claims such that the original proofs

18  of claim no longer represent valid claims against the debtors.

19          One response was filed by Power Technologies with

20  respect to Proof of Claim Nos. 10965 and 10971.  And this

21  response was filed on the docket at ECF No. 13143.

22          Counsel for Power Technologies contacted me yesterday

23  morning, and the parties reached an agreement with respect to

24  the resolution of this response.  And I'm authorized to

25  represent what that agreement is here in court today, and as a

45

1    result of that, the counsel for Power Technologies had

2    determined not to appear today.

3           I'm authorized to represent that Power Technologies

4    does not object to the disallowance of Proof of Claim Nos.

5    10965 and 10971.  And the parties have agreed to address

6    validity and allowability at a later point.

7           And, accordingly, we would request the Court grant

8    the objection and disallow the claim, notwithstanding Power

9    Technologies' response.

10          THE COURT:  And so the claimant agrees that 10965 and

11   10971 should be disallowed, because they were amended and

12   superseded by 38197; is that correct?

13          MS. STAFFORD:  That is correct.  That's correct, Your

14   Honor.

15          THE COURT:  Very well.  On the basis of the filings

16   in connection with this proof of claim, and Ms. Stafford's

17   representations as to counsel's agreement, the 184th Omnibus

18   Objection is sustained as to Claim Nos. 10965 and 10971 filed

19   by Power Technologies Corporation.  And those claims are

20   disallowed in their entirety, because claimant does not

21   dispute that such claims were amended and superseded by Claim

22   No. 38197, which remains pending.

23          And the debtors are directed to submit a

24   comprehensive proposed order disallowing the claims resolved

25   by the 184th Omnibus Objection.

1    MS. STAFFORD:  Thank you, Your Honor.  We will be

2  glad to do so.

3    THE COURT:  Thank you.

4    The next Agenda item is the 222nd Omnibus Objection.

5  Ms. Tacoronte, has anyone appeared to speak in response to

6  that objection?

7    COURTROOM DEPUTY:  No, Your Honor.

8    THE COURT:  Thank you.

9    Ms. Stafford, you may proceed.

10    MS. STAFFORD:  Thank you, Your Honor.

11    The 222nd Omnibus Objection was filed at ECF No.

12  13436.  This objection seeks to disallow in their entirety

13  proofs of claim that assert liabilities associated with bonds

14  issued by PREPA that claimant held at one time, but

15  subsequently sold.

16    One response remains outstanding.  It was filed by

17  Jill, Jeffrey and Mel Feder with respect to Proof of Claim No.

18  4692.  And it was filed on the docket at ECF No. 13648.

19    In this response, claimants assert that they held

20  bonds issued by PREPA, which were sold by the claimants on

21  July 14, 2017.  Further, they assert that interest payments on

22  those PREPA bonds was due and owing on July 1st, 2017, but

23  that PREPA failed to make that payment.  And because the

24  Feders owned the bonds on July 1st, 2017, the Feders assert

25  that they are entitled to payment of the interest payment that

1    accrued on that date.

2         However, once the Feders sold their bonds, the third

3    party that purchased the bonds became entitled to assert

4    rights arising out of payment of the bond principal and

5    interest, including past due interest.  And the Feders no

6    longer hold an enforceable right to payment against PREPA in

7    respect of the past due interest payments.  The PREPA trust

8    agreement confirms that that is the case, as it states that

9    any entity that transfers a PREPA bond waives and renounces

10   their rights in favor of the bona fide purchaser of that PREPA

11   bond.

12        Accordingly, we would request the Court grant the

13   objection and disallow the claim, notwithstanding the Feders'

14   response.

15        THE COURT:  Thank you, Ms. Stafford.

16        The Court has reviewed the proof of claim and the

17   submissions in connection with the 222nd Omnibus Objection,

18   and in the absence of any appearance and further response to

19   the objection by Jill, Jeffrey, or Mel Feder, the 222nd

20   Omnibus Objection is sustained as to Claim No. 4692 filed by

21   Jill, Jeffrey, and Mel Feder.  And that claim is disallowed in

22   its entirety, because the claimants have failed to establish a

23   legal basis for their claim of a right to receive accrued but

24   unpaid interest on bonds that they no longer own.

25        And the debtors are directed to submit a

1  comprehensive proposed order disallowing the claims resolved

2  by the 222nd Omnibus Objection.

3          MS. STAFFORD:  Thank you, Your Honor.  We would be

4  glad to do so.

5          THE COURT:  Thank you.

6          I have no other claims listed to be addressed today.

7  Ms. Stafford, is there anything further?

8          MS. STAFFORD:  No, there is not, Your Honor.  Thank

9  you.

10          THE COURT:  Thank you.

11          This concludes the Agenda for today.  The next

12  scheduled hearing date is the January Omnibus Hearing

13  scheduled for January 27th, 2021.  That hearing will begin at

14  9:30 AM Atlantic Standard Time.

15          I thank the interpreter, Mr. Segarra; the court

16  reporter, Ms. Walker; and all of the court staff in Puerto

17  Rico, Boston, and New York for their ongoing work in support

18  of these cases.  Stay safe and keep well, everyone.

19          We are adjourned.  Thank you.

20          (At 11:23 AM, proceedings concluded.)

21                      *      *      *

22

23

24

25

```
 1   U.S. DISTRICT COURT    )

 2   DISTRICT OF PUERTO RICO)

 3

 4       I certify that this transcript consisting of 49 pages is

 5   a true and accurate transcription to the best of my ability of

 6   the proceedings in this case before the Honorable United

 7   States District Court Judge Laura Taylor Swain, and the

 8   Honorable United States Magistrate Judge Judith Gail Dein on

 9   January 14, 2021.

10

11

12

13   S/ Amy Walker

14   Amy Walker, CSR 3799

15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```

< Dates >
January 14, 2021
  1:15, 3:2, 49:9
January 27th, 2021
  48:13
July 14, 2017 46:21
July 1st, 2017
  46:22, 46:24
June 11, 2020 13:4
March 26, 2019 43:16
September 1st, 2020
  13:6
$275,000 42:22,
  42:25


< 1 >
101510. 14:12
103437 24:11, 24:16,
  25:10
1045 6:22
1045. 6:10
105594 24:10, 24:16,
  25:10
105684 24:16, 25:10
105684. 24:11
10965 44:20, 45:5,
  45:10, 45:18
10971 45:11, 45:18
10971. 44:20, 45:5
10:13 26:3
10:30 5:11, 25:24
10:30. 25:23
10:46 26:4
11287 33:3
11287. 32:6
11:23 48:20
12125. 7:14
12138. 10:11
12160. 42:3
12337 42:10
12372. 42:11
127882 18:20, 19:11
12827 36:15, 37:2,
  37:8
12827. 40:6
12850. 44:15
12859. 12:16
12th 5:3
13 16:11

13143. 44:21
13164 7:21
13165 7:21
13182. 12:24
1337 22:11, 23:9
13401 13:5
13406. 14:25
13407. 17:1
13409. 21:25
13410. 20:6
13412. 24:4
13429. 26:17
13436. 46:12
13618. 17:10
13623. 18:21
13643 24:12
13646 24:12
13647 24:12
13648. 46:18
13649. 24:12
13668. 22:12
13789. 20:10
13791. 15:11
13909 35:21
13911 35:22
13912. 35:23
13916. 28:19
140268 18:20, 19:11
14078. 29:2
14161. 36:16
14218. 32:1
14222. 34:2
14th 29:7, 29:18
150th 10:22, 11:1
15119-1. 30:17
155210 18:20, 19:11
15522-1. 26:25
15525-1. 32:8
155252 18:20, 19:11
15526-1. 34:9
155331 18:20, 19:12
15543-1. 10:18
15578 5:4
161704 19:12
161704. 18:21
16442. 10:17
164442 11:14, 11:21,
  11:23, 11:25
16777 29:11, 30:9
17-3283 5:4

17-BK-3283(LTS 1:5
171828. 11:24, 12:2
171st 7:7, 7:11,
  7:13, 9:17, 9:24
173748 25:13
173749 25:13
173750 25:13
173751 25:14
173rd 10:5, 10:10,
  11:18, 11:20,
  12:3, 12:6
18-CV-1561 23:15,
  41:2
182nd 41:20, 42:2,
  43:9, 43:25
184th 44:4, 44:14,
  45:17, 45:25
190th 12:10, 12:15,
  14:5, 14:7, 14:14
198th 14:19, 14:24,
  16:4, 16:6, 16:14
199th 16:20, 16:25,
  18:6, 18:7, 18:15,
  19:8, 19:10, 19:18


< 2 >
2012 17:17, 17:18,
  17:25, 18:25, 19:3
2017-3283 3:18
201st 19:23, 20:5,
  20:18, 21:4, 21:6,
  21:13, 22:20
2021. 5:3
202nd 21:19, 21:24,
  23:6, 23:8, 23:17
204th 23:23, 24:3,
  25:7, 25:9, 25:17
216th 26:11, 26:16,
  27:1, 27:21, 28:3
222nd 46:4, 46:11,
  47:17, 47:19, 48:2
225th 35:10, 35:20,
  35:24, 37:11,
  37:16, 40:2, 40:4
227th 35:10, 35:21,
  36:4, 40:2, 40:5
228th 35:10, 35:22,
  36:8, 38:4, 40:2,
  40:5

232nd 28:9, 28:15,
  28:18, 30:4,
  30:12, 31:7, 31:9,
  31:15
246th 31:21, 31:25,
  33:1, 33:15
250th 33:21, 34:1,
  34:21, 34:24
2528 34:25
2528. 34:7
270 23:14, 41:2
27995 20:9, 21:7
29216NAC4 29:5


< 3 >
30355 17:9, 18:9
30417 17:9, 18:9
30459 17:9, 18:9
30509 18:9
30509. 17:9
37240 27:22
37240. 26:24
3799 49:14
38197 45:12, 45:22
3836 7:20, 9:18
38574 16:11
38574. 15:22
3997 9:18
3997. 7:20
3: 1:5


< 4 >
40721 24:10, 24:22,
  25:10
4610. 42:9
4617 43:3, 43:11
4692 47:20
4692. 46:18
4756 29:1, 30:5
48727 15:11, 16:7
49 49:4


< 5 >
5045-1 33:8, 41:9
5055. 33:11, 41:12
5632 42:24, 43:20
5632. 43:4, 43:6,

43:20
5th 29:7, 29:18


< 6 >
6009 43:15


< 7 >
745190AY4 15:20,
  16:12
745190FY9 15:13
745190SG4 15:14


< 9 >
90 13:2
92 12:23, 14:7,
  14:11
9547. 6:3
9599. 30:15, 31:10
97th 5:13, 5:15,
  5:21, 6:2, 6:21,
  7:3
9860. 6:11
9:30 5:10, 25:22,
  48:14
9:34 3:3
9:41 5:18


< A >
A. 6:9, 6:22, 32:5,
  33:3, 42:8
ability 49:5
absence 9:16, 11:19,
  14:6, 16:5, 18:8,
  19:9, 31:8, 33:2,
  34:22, 40:3,
  43:10, 47:18
Absolutely 3:10
accessing 4:17
accident 8:8
Accordingly 6:16,
  9:9, 11:3, 13:14,
  15:23, 17:24,
  20:24, 23:1, 25:3,
  27:15, 29:24,
  30:25, 32:21,
  33:12, 34:15,

38:18, 39:22,
  41:13, 42:16,
  43:2, 45:7, 47:12
account 33:6, 41:7,
  43:19
accrued 47:1, 47:23
accurate 49:5
acknowledges 34:11
Act 30:20
action 8:13
actions 9:3
active 25:14
addition 38:3
additional 6:12,
  6:15, 11:9, 13:11,
  13:12, 13:16,
  30:23
Additionally 34:13
address 34:14,
  35:18, 37:9, 45:5
addressed 48:6
addresses 35:17,
  36:16
addressing 4:13,
  37:7
adjourn 25:23
Adjourned 1:21,
  3:18, 26:2, 48:19
Adjustment 20:20,
  32:20, 33:9, 39:7,
  41:11
Administered 1:10
admits 24:14
Agenda 5:2, 5:3,
  5:8, 5:13, 19:23,
  35:17, 44:4, 46:4,
  48:11
ago 13:10
agree 27:4, 36:21
agreed 11:24, 45:5
agreement 33:7,
  41:9, 44:23,
  44:25, 45:17, 47:8
agrees 45:10
Ahorro 17:8, 18:10,
  18:19, 19:12
al 1:15, 1:32, 3:17
alleged 8:9, 8:12,
  8:24, 8:25, 9:2,
  9:3, 27:24

allegedly 15:15
allowability 45:6
although 29:20
amend 13:3
Amended 10:12,
    10:20, 11:1, 11:4,
    11:10, 11:12,
    11:23, 12:1,
    12:17, 13:8,
    13:15, 13:20,
    13:22, 14:11,
    24:5, 24:14,
    24:15, 24:18,
    24:20, 25:1,
    25:13, 33:8, 33:9,
    41:10, 43:12,
    44:16, 45:11,
    45:21
Amendment 29:18
Amendments 29:8
amends 10:20
America 3:14
amount 24:18, 24:19,
    36:22, 36:24
Amy 49:13, 49:14
and/or 15:2
answer 28:12
appear 14:18, 45:2
appearance 6:21,
    9:16, 11:19, 14:6,
    16:5, 18:8, 19:9,
    21:5, 23:7, 25:8,
    31:8, 33:2, 34:23,
    40:3, 43:11, 47:18
APPEARANCES 1:27
appeared 12:9,
    19:24, 21:18,
    23:22, 26:11,
    31:20, 33:20,
    35:11, 41:21,
    44:5, 46:5
Appearing 1:29,
    1:37, 28:8, 33:7,
    41:9
appliances 8:25
approved 23:14, 41:1
Aqueduct 17:3
arguments 29:16
arises 24:24
arising 10:24,

20:21, 22:1,
    26:18, 27:13,
    29:3, 30:20,
    32:14, 36:6,
    36:10, 38:19,
    39:16, 39:19, 47:4
asks 15:16
assert 8:12, 8:17,
    15:12, 17:2, 20:7,
    20:12, 22:1,
    22:14, 24:18,
    24:19, 24:25,
    26:18, 27:7,
    30:19, 32:11,
    32:13, 32:17,
    35:25, 36:5, 36:9,
    38:25, 39:5,
    39:10, 46:13,
    46:19, 46:21,
    46:24, 47:3
asserted 18:1, 19:3,
    29:19, 36:2,
    36:24, 37:1, 37:2,
    37:8, 37:9, 37:17,
    38:3, 38:10,
    38:11, 38:12,
    39:2, 39:16, 42:4,
    42:12, 42:14,
    42:18, 42:19,
    43:20
asserting 6:4, 6:6,
    7:15, 22:7, 28:21,
    32:2, 32:15,
    38:23, 39:12
assertion 38:18,
    41:5
asserts 8:4, 8:14,
    8:24, 15:4, 15:23,
    17:11, 17:16,
    18:22, 18:24,
    24:23, 29:3,
    29:10, 40:21,
    42:25, 43:18,
    43:21
assigned 15:5, 15:7
associated 15:4,
    15:17, 15:19,
    17:16, 18:25,
    20:12, 20:22,
    22:14, 32:11,

32:18, 38:13,
    39:1, 39:6, 39:11,
    40:22, 42:13,
    42:22, 42:25,
    43:5, 43:21, 46:13
assumption 40:19
Atlantic 5:11, 48:14
attached 42:21
attaches 32:10,
    36:24
Attorney 3:20, 3:21
attorneys 8:4
Authority 17:3
authorized 44:24,
    45:3
available 5:5, 15:18
Ayala 6:9, 6:14,
    6:15, 6:18, 6:22


< B >
back 5:9, 25:24
Bank 16:11, 22:2,
    22:3, 29:12,
    29:19, 30:8
Bankruptcy 3:17
Barnes 42:8, 42:21,
    42:23, 43:4
Based 6:4, 15:18,
    34:22
basis 6:6, 6:20,
    7:15, 9:8, 9:15,
    24:17, 27:11,
    27:25, 28:20,
    32:2, 32:15,
    33:11, 37:25,
    38:7, 38:18,
    39:12, 41:5,
    45:15, 47:23
bearing 15:13, 29:4,
    43:1
became 47:3
begin 5:7, 48:13
beginning 5:10, 5:11
behalf 14:1, 15:3,
    15:21, 19:9, 21:5,
    23:7, 29:12,
    29:20, 30:9, 36:2,
    37:13, 39:3
believe 40:12

besides 17:22
best 49:5
Betancourt 30:15,
    30:19, 31:4, 31:9
Biblioteca 28:25,
    29:4, 29:5, 29:6,
    29:10, 29:13,
    29:15, 29:16,
    29:17, 29:18,
    29:21, 29:22,
    30:1, 30:5
Board 1:9, 1:36,
    3:15, 3:24, 5:3,
    5:19, 5:25, 15:14,
    15:16
bona 47:10
Bond 15:5, 29:4,
    29:10, 32:18,
    38:13, 38:23,
    39:1, 39:6, 39:11,
    39:12, 39:16,
    39:17, 43:15,
    47:4, 47:9, 47:11
bondholders 15:3,
    15:22, 29:12,
    29:20, 30:9, 39:3
Bonilla 36:15,
    36:18, 36:21,
    38:22, 38:24,
    39:12, 39:15,
    39:18, 39:24, 40:4
Boston 48:17
break 5:9
Bridge 36:11, 36:13,
    38:14, 38:19,
    38:23
brokerage 32:10
Buenos 4:11


< C >
C. 7:19, 9:19
calendar 25:22,
    25:25
call 3:9, 25:24
canceled 36:6, 38:5
cancellation 22:5
car 8:15
Carlos 12:23, 14:8
cart 8:9

Case 3:9, 3:17, 5:4,
    8:5, 23:15, 37:13,
    41:2, 47:8, 49:6
cases 20:17, 22:19,
    48:18
Casiano 6:9, 6:14,
    6:15, 6:18, 6:22
Castro 10:16, 10:19,
    10:24, 10:25,
    11:7, 11:21
CAT 1:41
Ceide 42:8, 42:21,
    42:23, 43:4,
    43:12, 43:17
Centro 28:25, 30:6
certain 17:2, 22:6,
    36:3, 36:10,
    36:11, 37:17,
    39:19
certified 4:4, 4:5
certify 49:4
chambers 3:7
Chinea 36:14, 36:18,
    36:21, 38:22,
    38:24, 39:11,
    39:15, 39:18,
    39:23, 40:4
claimant 6:24, 7:19,
    9:9, 9:21, 11:22,
    14:9, 14:10, 16:8,
    23:11, 24:9,
    27:24, 30:25,
    34:6, 34:15, 35:1,
    40:24, 41:4,
    45:10, 45:20,
    46:14
claimants 46:19,
    46:20, 47:22
clarify 37:3
Clause 17:14, 29:7
clear 40:18
Clerk 5:5, 30:10,
    30:22
COFINA 20:7, 20:13,
    20:19, 20:20,
    20:22, 20:23,
    21:9, 21:10,
    21:11, 30:20,
    32:11, 32:14,
    32:16, 32:18,

32:20, 33:5, 33:6,
    39:6, 39:7, 39:8,
    41:7, 42:12, 42:14
completed 30:18,
    32:9
completely 40:18
completion 40:8
comprehensive 7:1,
    9:23, 12:5, 14:13,
    16:13, 19:17,
    21:12, 23:16,
    25:16, 28:2,
    31:14, 33:14,
    35:4, 41:14,
    43:24, 45:24, 48:1
computer 4:18
conceded 35:2
concerning 40:8
concluded. 48:20
concludes 25:22,
    48:11
condition 8:18
conference 4:22
confirm 4:4, 40:14
confirmation 20:20,
    32:19, 39:7
confirmed 40:19
Confirming 21:9,
    33:8, 41:10
confirms 47:8
confiscate 20:14
connection 7:2,
    7:10, 8:12, 11:18,
    11:25, 12:9, 14:5,
    14:19, 16:4,
    16:20, 18:6,
    18:14, 19:8, 21:4,
    23:6, 25:7, 27:21,
    30:4, 31:7, 33:1,
    34:21, 40:2, 43:9,
    45:16, 47:17
connects 8:1
consideration 12:1
consistent 4:21
consisting 49:4
consists 6:12,
    10:21, 27:1,
    30:18, 32:9,
    36:20, 42:20
constitutional 29:16

Constitutions 17:15
contacted 44:22
contain 27:2
contains 11:9, 30:21
contends 15:14
content 34:22
contest 13:14
contested 26:9
continue 8:22, 26:9,
   37:5
Cooperativa 17:8,
   17:11, 17:15,
   18:1, 18:10,
   18:19, 18:24,
   19:3, 19:10, 19:12
copy 32:10
Corporation 33:10,
   41:12, 43:13,
   44:9, 45:19
correct 11:14,
   11:15, 18:15,
   18:16, 18:17,
   45:12, 45:13
corresponds 15:6
Cortes 12:23, 13:1,
   13:6, 13:12,
   13:22, 14:1, 14:8
cost 5:5
Counsel 3:23, 4:11,
   5:18, 12:22,
   13:25, 44:9,
   44:22, 45:1, 45:17
course 8:5
COURTROOM 3:10,
   3:23, 5:16, 7:8,
   10:6, 12:11,
   14:20, 16:21,
   20:1, 21:20,
   23:24, 26:12,
   28:10, 28:12,
   31:22, 33:22,
   35:13, 41:23,
   44:7, 46:7
covered 15:21,
   15:24, 29:10,
   40:22
Credit 17:14
Credito 17:8, 18:10,
   18:19, 19:13
creditor 27:8

creditors 27:9
CSR 49:14
currently 25:15,
   32:12
CUSIP 15:6, 15:7,
   15:13, 15:16,
   15:20, 16:12,
   29:4, 43:1


< D >
Dalia 24:9, 25:11
damage 8:15, 8:18,
   8:24
Daniel 1:36, 3:20
dashboard 4:19, 4:20
date 47:1, 48:12
dated 43:15
daughter 8:6, 8:8
days 13:2
De 17:8, 18:10,
   18:19, 18:24,
   19:3, 19:12,
   19:13, 28:25, 30:6
deadline 13:5, 13:10
debt 17:20
Debtor 7:1, 16:13,
   19:17, 21:12,
   23:16, 25:16,
   28:2, 31:14, 35:4,
   43:14
deeply 20:16
definite 24:18,
   24:19
Dein 1:24, 3:13,
   49:8
demands 6:5
DEPUTY 3:10, 3:23,
   5:16, 7:8, 10:6,
   12:11, 14:20,
   16:21, 20:1,
   21:20, 23:24,
   26:12, 28:10,
   28:12, 31:22,
   33:22, 35:13,
   41:23, 44:7, 46:7
determined 45:2
Development 22:3
dial 5:9
dias 4:11

Diaz 22:10, 22:13,
   22:15, 23:8, 23:10
different 36:25
direct 5:9, 27:12,
   27:16, 27:25,
   41:14, 43:23
directed 14:13,
   16:13, 19:17,
   21:12, 23:16,
   25:16, 28:2,
   33:14, 35:4,
   45:23, 47:25
disallowance 24:17,
   24:22, 29:6, 29:9,
   29:17, 29:22,
   34:12, 34:16, 45:4
disallowed 6:23,
   9:19, 11:22, 14:8,
   16:8, 18:11,
   19:13, 21:8,
   23:10, 25:12,
   27:23, 29:14,
   30:7, 31:10, 33:4,
   35:1, 38:10,
   38:21, 39:14,
   40:6, 42:17,
   43:18, 45:11,
   45:20, 47:21
disallowing 7:2,
   9:24, 12:5, 14:14,
   16:14, 19:18,
   21:13, 23:17,
   25:17, 28:3,
   31:15, 33:15,
   35:5, 41:15,
   43:24, 45:24, 48:1
discharged 20:23,
   32:19, 39:8
disconnect 5:9,
   25:24
discuss 35:19
discussed 37:18
dispute 7:22, 10:19,
   11:3, 11:22, 13:8,
   14:10, 20:11,
   22:13, 34:15,
   37:14, 37:23,
   45:21
disputed 14:9
distinct 17:4

District 1:1, 1:2,
   1:22, 1:23, 1:25,
   3:11, 23:15, 41:2,
   49:1, 49:2, 49:7
divorce 8:5
Docket 1:5, 5:4,
   5:21, 6:11, 7:21,
   10:18, 23:14,
   26:25, 28:18,
   29:2, 30:17, 32:7,
   33:7, 33:10, 34:1,
   34:9, 40:15, 41:1,
   41:9, 41:12,
   43:15, 44:21,
   46:18
documentation 40:8,
   42:13, 42:22
double 29:15
draw 9:2
drawn 9:7
due 46:22, 47:5,
   47:7
Duplicate 43:14
duplicative 15:1,
   15:3, 15:15,
   16:10, 29:13,
   30:7, 36:1, 37:12,
   37:15, 39:1,
   40:23, 43:3, 43:19

< E >
earlier 37:18
Eddie 20:8, 21:8
Eduardo 30:14
either 11:10, 32:17,
   36:10, 36:12
electricity 9:1
EMMA 15:19
employment 6:5,
   10:24, 24:24
enable 7:23, 9:10,
   31:1
enforceable 17:13,
   47:6
ensure 4:15
entirely 16:9
entitled 46:25, 47:3
entity 17:4, 37:21,
   38:15, 47:9

Entry 5:4, 23:14,
   33:7, 33:10, 41:2,
   41:9, 41:12, 43:15
ERS 29:4, 29:12,
   29:19, 30:9,
   32:12, 32:14,
   32:15, 33:12,
   39:1, 39:3, 42:18
Esq 1:36
establish 47:22
established 8:6
estate 14:10
Estudios 28:25, 30:6
et 1:15, 1:32, 3:17
Eugenio 36:14, 40:4
evaluate 7:24
events 8:13
Everybody 3:7, 26:7
everyone 4:21, 5:9,
   25:24, 48:18
evidence 18:11,
   19:14, 27:16
Excuse 24:21
Exhibit 36:22
EXHIBITS 2:9
existing 13:2
experienced 9:6
explain 8:16
explained 38:4
explains 15:12
extended 13:5
extension 13:2,
   13:4, 13:10
extent 11:8, 32:13,
   32:16, 43:18
extinguished 23:12,
   36:7, 38:5, 40:24
extinguishment 22:5

< F >
fact 39:21
factual 9:22, 33:11,
   41:4
fail 7:15, 28:20,
   31:12, 32:2
failed 6:6, 6:24,
   9:21, 46:23, 47:22
Faith 17:14
favor 47:10

Feder 46:17, 47:19,
   47:21
Feders 46:24, 47:2,
   47:5, 47:13
Felix 10:16, 11:21
fide 47:10
Fifth 30:21
filing 13:25, 24:14,
   40:8, 40:10
filings 45:15
finally 39:10
Financial 1:8, 1:34,
   3:15, 5:25
Financing 33:10,
   41:11, 43:13
finds 40:21
first 5:13, 17:7,
   38:12
FOMB 3:24
forth 20:18, 22:20,
   23:14, 27:6,
   27:11, 29:23,
   37:11, 39:3, 40:25
forward 26:1
four 13:10, 24:8,
   24:9, 24:13
four. 38:12
fourth 25:1
Full 17:14, 36:24
fully 34:3
fund 8:5, 27:4,
   27:12, 27:13,
   27:24
funds 26:19, 27:8,
   27:9

< G >
Gail 1:24, 49:8
Garrestegui 34:6,
   34:10, 34:13,
   34:18, 34:23,
   34:25
GDB 22:5, 22:6,
   22:8, 22:15,
   22:22, 22:23,
   22:24, 23:12,
   36:6, 38:4, 38:8,
   40:24
General 4:9, 39:20

glad 7:4, 10:1,
   16:17, 19:20,
   21:16, 23:20,
   25:20, 31:18,
   41:18, 44:2, 46:2,
   48:4
God 3:13
golf 8:9
Government 22:2
governmental 8:6
grant 6:17, 9:11,
   11:6, 13:17,
   15:25, 18:2, 19:4,
   20:24, 23:1, 25:3,
   27:17, 29:24,
   31:2, 32:21,
   34:17, 39:22,
   43:2, 45:7, 47:12
granted 13:3
Granting 43:12
grateful 40:17
group 37:14
guarantee 22:6
guaranteed 17:5,
   17:25, 19:2,
   36:12, 37:22,
   38:2, 38:16, 39:21
guarantor 17:12,
   18:23


< H >
handwritten 27:2,
   42:20
happy 28:6, 33:18,
   40:15
hardships 9:5
Hearing 1:21, 3:18,
   4:13, 4:16, 4:23,
   5:2, 5:7, 13:24,
   25:23, 26:1, 26:9,
   48:12, 48:13
Hector 22:10, 23:9
heirs 13:2, 13:12,
   13:17, 13:21,
   14:10
held 46:14, 46:19
help 22:16
hold 47:6
holders 36:2, 37:13

Honorable 1:22,
   1:24, 3:12, 3:14,
   49:6, 49:8
HTA 8:2, 8:14, 15:2,
   15:13, 15:19,
   15:21, 16:10,
   36:11, 36:13,
   38:13, 38:14,
   38:19, 38:23,
   38:24, 41:6


< I >
identical 7:18
identified 15:15,
   15:19, 16:12,
   36:17, 37:16,
   40:12, 40:14,
   40:16, 43:5
identifies 40:10
identify 7:24, 9:2,
   15:16
identifying 36:25
III 1:7, 3:17, 33:9,
   37:13, 41:11
impact 20:17, 22:18,
   29:17
improper 8:5
inaction 8:13
inactions 9:4
Inc. 30:6
include 37:10,
   37:17, 38:3
includes 37:1
including 4:24,
   20:22, 42:15, 47:5
Incorrect 43:14
independent 17:4,
   38:15
indicated 5:8, 42:14
information 6:15,
   6:25, 7:23, 9:10,
   9:22, 10:23, 11:9,
   11:25, 13:12,
   13:16, 15:18,
   30:23, 31:1, 31:12
informative 40:15,
   40:20
initial 42:9
initially 37:1,

42:12
injuries 8:7, 8:9,
   9:3
injury 9:2
insofar 43:21
Instead 7:24, 10:21,
   20:13
instrumentalities
   17:21, 26:21,
   27:10, 42:15
instrumentality
   17:22
insured 15:4, 15:5,
   15:24, 16:9
intended 32:13,
   32:17
interest 4:12, 6:4,
   17:23, 27:24,
   46:21, 46:25,
   47:5, 47:7, 47:24
interested 5:6
INTERPRETER 4:1,
   4:2, 4:5, 4:8,
   48:15
invested 26:20, 27:9
investment 20:15
investments 26:19
investor 27:12
investors 22:19
invokes 29:8
involving 8:8
Irizarry 12:23,
   13:1, 13:6, 13:13,
   13:22, 14:1, 14:8
island 20:17
issuance 15:8, 38:13
issue 35:20, 36:14
issues 18:13, 19:16,
   21:11
item 5:13, 19:23,
   35:17, 44:4, 46:4


< J >
January 5:3, 48:12
Jeffrey 46:17,
   47:19, 47:21
Jill 46:17, 47:19,
   47:21
Jointly 1:10

Juan 3:1, 4:5, 42:8,
  43:11, 43:17
Judge 1:22, 1:23,
  1:24, 1:25, 3:5,
  3:6, 3:13, 26:5,
  26:6, 44:10, 49:7,
  49:8
Judgment 33:8, 41:10
judicial 4:22
Judith 1:24, 3:13,
  49:8
Jules 26:23, 27:3,
  27:6, 27:11,
  27:15, 27:18,
  27:23
jury 29:8, 29:21


< K >
keep 11:10, 48:18
kindly 9:23


< L >
lack 29:16
lacks 27:7
Lamm 15:10, 15:12,
  15:14, 15:19,
  15:23, 16:7
largely 7:18
later 10:13, 12:18,
  24:6, 44:17, 45:6
Laura 1:22, 1:32,
  3:12, 5:24, 49:7
led 8:18
legal 9:21, 33:11,
  41:4, 47:23
legally 17:4, 37:21
Leonard 15:10, 16:7
letter 6:12, 10:23,
  36:20, 42:20
liability 6:6, 7:16,
  18:23, 21:10,
  28:21, 32:3,
  32:15, 38:19, 39:8
liable 9:8, 17:12,
  17:18, 17:22,
  18:12, 18:22,
  19:15, 20:19,
  21:10, 22:7,

22:21, 23:11,
  27:5, 36:23,
  37:19, 37:24,
  38:1, 38:7, 40:24,
  41:5
lie 42:4
Lien 17:2, 17:6,
  17:17, 19:1,
  36:11, 36:13,
  37:18, 37:20,
  37:23, 37:25
limited 4:24
line 4:16
link 9:3
Lisa 3:6, 26:6
listed 36:22, 48:6
little 40:7
local 3:23
located 41:12
logged 30:9
longer 10:14, 12:19,
  22:7, 22:21,
  22:24, 24:7,
  44:18, 47:6, 47:24
look 26:1
Louis 26:23, 27:22
Luis 11:21
Luisa 24:9, 25:11


< M >
Magistrate 1:24,
  3:13, 49:8
mailed 10:17, 26:24,
  30:16, 32:7, 34:8
mailing 30:18, 34:14
Maldonado 34:7,
  34:10, 34:13,
  34:18, 34:24,
  34:25
Management 1:9,
  1:35, 3:15, 5:25
Maria 7:19, 9:18
Marin 26:23, 27:3,
  27:6, 27:11,
  27:15, 27:18,
  27:23
market 15:5
Martinez 24:9,
  24:13, 24:16,

24:22, 25:9, 25:11
master 15:1, 15:21,
  15:24, 16:10,
  29:10, 29:13,
  30:8, 36:1, 37:12,
  37:15, 39:2, 40:9,
  40:11, 40:16,
  40:22
matter 30:11, 40:20
Mel 46:17, 47:19,
  47:21
Mellon 16:11, 29:12,
  29:20, 30:8
members 4:12, 4:25
merit 29:17
mindful 9:5, 20:16,
  22:18
Miro 32:5, 32:13,
  32:16, 32:22, 33:3
misfortunes 7:25,
  9:7
mistreatment 8:4
Modification 22:4,
  22:23, 23:13,
  36:7, 38:6, 38:8,
  40:25
Montalvo 20:9,
  20:11, 20:13,
  21:6, 21:8
months 13:10
morning 3:5, 3:6,
  3:25, 26:5, 26:6,
  44:23
Moscoso 38:14
motion 13:7, 13:14,
  13:18, 40:15,
  40:20
mute 4:16, 4:18
mutual 26:19, 27:4,
  27:8, 27:9, 27:12,
  27:13, 27:24


< N >
name 4:4
nearly 6:13
need 4:19, 5:8
needed 30:23
Neither 10:25, 17:21
Nevertheless 24:15

New 15:6, 16:11,
  29:12, 29:19,
  30:8, 39:1, 48:17
newly 37:2, 38:11,
  38:12
next 19:23, 35:17,
  44:4, 46:4, 48:11
NG 3:6, 26:6, 44:8,
  44:10
Ninth 43:13
Non-substantive
  43:14
None 2:5, 2:11, 8:9
nor 8:12, 11:1,
  14:9, 17:21
Nos. 7:20, 9:18,
  15:13, 17:9, 18:9,
  18:20, 19:11,
  24:10, 24:11,
  24:16, 25:10,
  25:13, 44:20,
  45:4, 45:18
Notably 38:22
note 27:2, 39:15,
  39:18, 40:7
noted 11:8
notice 13:24
notifies 12:25
notwithstanding
  6:17, 11:7, 13:18,
  16:1, 18:2, 19:5,
  20:25, 23:2, 25:4,
  27:18, 29:25,
  31:3, 32:22,
  34:17, 38:8,
  38:10, 39:23,
  45:8, 47:13
number 7:25, 15:6,
  15:20, 36:25
numbers 15:7, 15:17,
  43:1


< O >
Obama 8:7
object 34:12, 45:4
Objections 1:21,
  3:18, 4:14, 26:10,
  35:11, 35:12,
  35:18, 35:19,

36:17, 36:19,
  36:23, 37:9, 40:3,
  40:5, 41:13
objects 24:17,
  24:22, 29:5
Obligation 39:20
obligations 18:12,
  19:15
obligor 42:4
offered 41:4
offering 17:19
Official 49:15
once 47:2
One 5:11, 6:8, 8:1,
  10:15, 12:21,
  15:1, 15:9, 20:7,
  22:9, 26:22,
  27:10, 28:22,
  28:23, 32:3, 34:5,
  36:1, 42:6, 44:19,
  46:14, 46:16
ongoing 48:17
operation 4:15
opposition 6:21,
  9:17, 10:5, 11:19,
  14:6, 16:5, 18:8,
  19:10, 19:24,
  21:6, 21:19,
  23:23, 41:22
Order 7:2, 9:24,
  12:5, 13:4, 13:5,
  14:14, 16:14,
  19:18, 21:9,
  21:13, 23:17,
  25:17, 28:3,
  29:14, 30:23,
  31:15, 33:8,
  33:15, 35:5,
  41:10, 41:15,
  42:16, 43:12,
  43:24, 45:24, 48:1
orderly 4:15
orders 4:22
Oriental 17:8,
  17:11, 17:15,
  18:1, 18:10
original 10:13,
  10:21, 10:25,
  11:4, 11:6, 11:10,
  12:18, 13:8,

13:15, 15:7,
  15:16, 15:20,
  24:6, 24:14,
  24:17, 24:23,
  44:17
originally 13:25,
  37:8, 37:9, 37:17,
  38:3, 38:9
Ortiz 10:16, 10:19,
  10:24, 10:25,
  11:7, 11:21
outages 8:25
outstanding 7:17,
  10:15, 17:7,
  18:14, 20:8,
  22:24, 24:8,
  28:24, 30:11,
  32:4, 42:7, 46:16
overcharges 8:25
Oversight 1:8, 1:35,
  3:15, 3:24, 5:3,
  5:19, 5:25, 15:14,
  15:16
owed 17:12, 18:23
owing 46:22
own 47:24
owned 46:24
ownership 26:18,
  29:4


< P >
PAGE 2:3, 16:11
pages 10:22, 27:1,
  30:21, 49:4
Pardon 5:22
part 36:1, 36:5,
  36:9, 40:23
partially 35:24,
  36:4, 36:8, 42:17,
  42:18
participation 8:6
particular 8:18
PARTIES 1:29, 4:11,
  4:16, 4:25, 44:23,
  45:5
party 47:3
passed 6:14, 13:1,
  13:10
past 10:24, 47:5,

47:7
payment 17:6, 17:22,
    37:24, 46:23,
    46:25, 47:4, 47:6
payments 46:21, 47:7
Pedro 6:9, 6:22,
    32:5, 33:3
pending 4:14, 24:20,
    25:2, 25:15,
    32:12, 43:21,
    45:22
pension 24:23, 25:1
people 20:17, 22:16,
    22:19
Perez 1:36, 3:20
permit 13:2
permitted 4:24
person 4:24
PFC 37:10
phone 4:19, 4:20
phones 4:16
PHV 1:32
Plan 20:20, 21:10,
    32:20, 33:9, 39:7,
    41:11
played. 8:21, 37:4
please 3:9, 4:3,
    4:18
point. 45:6
policies 4:22
portion 5:7, 38:20,
    39:14
portions 36:17
potential 13:12,
    13:16, 13:21
potholes 8:15
Power 8:25, 44:9,
    44:19, 44:22,
    45:1, 45:3, 45:8,
    45:19
PRASA 17:2, 17:3,
    17:6, 17:13,
    17:16, 17:22,
    18:12, 18:13,
    18:23, 18:25,
    19:15, 36:10,
    36:12, 37:10,
    37:18, 37:20,
    37:22, 37:24,
    38:1, 39:20, 41:6

PRCCDA 37:10
prefer 40:13
prejudice 13:21
PREPA 8:2, 8:20,
    9:4, 39:11, 39:12,
    39:16, 39:17,
    41:6, 42:4, 42:16,
    42:19, 42:23,
    42:24, 42:25,
    43:5, 43:19,
    43:22, 46:14,
    46:20, 46:22,
    46:23, 47:6, 47:7,
    47:9, 47:10
present 3:13, 3:20,
    4:1
preserved 13:20,
    24:20, 25:1, 39:17
preserves 38:23
President 8:7
presiding 3:13
press 4:12, 4:25
prevent 29:14
previous 24:24
previously 36:17
PRIDCO 37:10
Prime 5:5, 30:10,
    30:22
principal 17:23,
    47:4
printout 30:22
prior 29:21
proceed 5:19, 7:10,
    10:8, 12:13,
    14:22, 16:23,
    20:3, 21:22, 24:1,
    26:14, 28:15,
    30:11, 31:23,
    33:24, 35:15,
    40:18, 41:25,
    44:12, 46:9
Proceedings 1:40,
    4:17, 26:4, 37:19,
    48:20, 49:6
process 9:10, 30:23,
    31:2
produced 1:40
program 8:6
PROMESA 1:7, 3:17,
    22:16, 23:13,

30:20, 41:1
property 8:19
proposed 7:2, 9:24,
    12:5, 14:14,
    16:14, 19:18,
    21:13, 25:17,
    28:3, 31:15,
    33:15, 35:5,
    41:14, 43:24,
    45:24, 48:1
Proskauer 5:24
provide 6:6, 6:25,
    7:15, 7:23, 9:21,
    27:25, 28:20,
    30:23, 31:12,
    32:2, 37:25, 38:6,
    39:12
provided 6:5, 6:15,
    9:9, 11:9, 11:25,
    13:25, 27:15,
    31:1, 32:15
provides 33:11,
    34:13
providing 10:23
public 4:12, 4:25,
    5:5
PUERTO 1:2, 1:10,
    1:15, 1:32, 3:1,
    3:12, 3:16, 3:17,
    17:3, 17:14, 22:3,
    22:16, 22:19,
    23:15, 28:25,
    30:6, 33:9, 41:2,
    41:11, 43:13,
    48:16, 49:2
punished 5:1
purchase 27:14
purchased 27:5, 47:3
purchaser 47:10
purportedly 8:7,
    10:24
purports 8:11, 8:17,
    30:19, 32:10
purpose 4:13
pursuant 21:9,
    23:13, 32:19,
    33:7, 40:25, 41:8


< Q >

Qualifying 22:3,
  22:4, 22:22,
  23:12, 36:7, 38:6,
  38:8, 40:25
questionnaire 32:9
Quinones 7:20, 8:1,
  8:3, 8:8, 8:11,
  8:14, 8:17, 8:19,
  8:20, 8:24, 9:6,
  9:12, 9:19

< R >
Rather 22:15
Re 1:5, 3:15
reached 44:23
receive 47:23
received 13:11,
  13:16
recess 26:3
reclassified 42:17,
  42:18
reclassify 42:3
recognized 25:14
reconvened. 26:4
record 3:19, 5:24,
  11:11, 37:19,
  40:17
recorded 1:40
recording 4:23
recovery 29:15
reflecting 42:22
Refojos 1:36, 3:20
refusal 8:5
regarding 10:23,
  29:8
registered 44:8
registry 30:10
related 18:18, 38:13
relationship 9:7,
  20:21
released 20:23,
  32:19, 33:6, 39:8,
  41:8
relevant 40:9,
  40:10, 41:6
remain 7:17, 17:7,
  24:8, 24:20, 25:2
remainder 20:15
remaining 12:21,

24:15, 30:14
remains 10:15, 20:8,
  28:23, 32:4, 42:7,
  43:20, 45:22,
  46:16
remarks 4:10
remind 4:21
renounces 47:9
repayment 17:25,
  19:2, 36:12, 37:22
reply 11:8, 27:6,
  29:23, 39:4, 40:13
Reporter 48:16,
  49:15
represent 10:14,
  12:19, 22:24,
  24:7, 44:18,
  44:25, 45:3
representations
  45:17
representative 1:12,
  3:16, 14:10
representing 3:22
request 6:16, 9:11,
  11:5, 13:4, 13:17,
  15:25, 18:1, 19:4,
  20:24, 23:1, 25:3,
  27:17, 29:24,
  31:2, 32:21,
  34:16, 38:9,
  39:22, 45:7, 47:12
requested 12:4,
  31:14
requests 13:1
resolution 44:24
resolved 6:9, 7:2,
  9:24, 12:5, 14:14,
  16:14, 19:18,
  21:13, 23:17,
  25:17, 28:3,
  31:15, 33:6,
  33:15, 35:5, 41:8,
  41:15, 43:24,
  45:24, 48:1
resolving 11:11
respectively 25:13
respond 6:13, 13:2,
  26:11
responses 7:17,
  7:19, 7:22, 7:24,

8:16, 9:1, 9:21,
  17:7, 24:8, 24:11,
  24:13, 25:4
rests 16:9
result 20:19, 22:22,
  38:5, 39:6, 45:1
resulted 22:4
retain 13:22, 29:19,
  39:18, 43:4
retransmission 4:23
revenue 17:16, 18:25
review 11:24, 15:18
reviewed 11:17,
  14:4, 16:3, 18:5,
  19:7, 21:3, 23:5,
  25:6, 27:20, 30:3,
  31:6, 32:25,
  34:20, 40:1, 43:8,
  47:16
RICO 1:2, 1:10,
  1:15, 1:32, 3:1,
  3:12, 3:16, 3:17,
  17:3, 17:14, 22:3,
  22:17, 22:19,
  23:15, 28:25,
  30:6, 33:9, 41:3,
  41:11, 43:13,
  48:17, 49:2
rights 24:23, 29:7,
  29:18, 47:4, 47:10
Rivero 30:15, 30:19,
  31:3, 31:9
road 8:18
Romero 7:19, 7:25,
  8:3, 8:8, 8:11,
  8:14, 8:17, 8:19,
  8:20, 8:24, 9:6,
  9:12, 9:19
Rose 5:24
rule 5:1
Ruth 24:9, 25:11

< S >
S/ 49:13
safe 48:18
salary 6:5
Sales 33:10, 41:11,
  43:13
San 3:1

sanctions 5:1
Santos 22:10, 22:13,
    22:15, 23:7, 23:10
satisfied 34:3,
    34:11, 35:3
save 3:14
scheduled 48:12,
    48:13
second 30:14
secondarily 15:4,
    15:24, 16:9
secondary 15:5
seeking 6:12, 20:14
seeks 6:3, 7:14,
    10:11, 12:16,
    14:25, 15:12,
    17:1, 20:6, 20:12,
    21:25, 22:14,
    24:4, 24:19,
    24:25, 26:17,
    28:19, 32:1, 34:2,
    35:24, 36:4, 36:8,
    38:25, 39:5,
    39:10, 42:3,
    44:15, 46:12
Segarra 4:5, 4:6,
    48:15
select 4:18
Senior 17:2, 17:6,
    17:17, 17:18,
    17:25, 19:1, 19:3,
    36:11, 36:13,
    37:18, 37:20,
    37:23, 37:24
separate 17:4,
    37:21, 38:15,
    42:24
Series 17:17, 17:18,
    17:25, 18:25, 19:3
services 6:5
session 3:12, 5:10
set 20:18, 22:20,
    23:14, 27:6,
    27:11, 29:23,
    37:11, 39:3, 40:25
settlement 33:7,
    41:8
several 4:13, 10:22,
    27:1, 37:2
Sewer 17:3

Sheila 34:6, 34:25
shortly 26:2
signed 22:16
sold 46:15, 46:20,
    47:2
Solutions 4:19
sorry 5:23, 22:2,
    28:12
Sotomayor 32:5,
    32:13, 32:16,
    32:23, 33:4
Sound 8:21, 37:4
speaking 4:17
specific 8:17
specificity 8:10,
    8:16, 9:2
specified 5:10
staff 8:4, 48:16
Standard 5:11, 5:12,
    48:14
standing 27:7
start 37:7
state 3:19, 4:3
stated 8:10
statement 17:19,
    32:10, 36:25, 37:1
States 1:1, 1:23,
    1:25, 3:11, 3:14,
    17:19, 20:13,
    22:15, 27:3,
    34:11, 36:21,
    36:23, 47:8, 49:7,
    49:8
Stay 48:18
stenography 1:40
subject 11:1, 22:3,
    36:18, 40:7
submissions 6:20,
    9:16, 11:18, 14:5,
    16:4, 18:6, 19:8,
    21:4, 23:6, 25:7,
    27:21, 30:4, 31:7,
    33:1, 34:21, 40:2,
    43:9, 47:17
submit 7:1, 9:23,
    12:4, 14:13,
    16:13, 19:17,
    21:12, 23:16,
    25:16, 28:2,
    31:14, 33:14,

35:4, 40:15,
    41:14, 43:23,
    45:23, 47:25
submitted 10:16,
    26:23
subsequently 10:12,
    11:5, 12:17, 13:9,
    13:15, 24:5,
    44:16, 46:15
suffered 7:25, 8:7,
    8:15, 9:2
sufficient 6:25,
    7:23, 8:10, 9:10,
    9:21, 27:25, 31:1,
    31:12
sufficiently 8:12
superseded 10:13,
    11:4, 11:23,
    12:18, 14:11,
    24:6, 25:12,
    44:17, 45:12,
    45:21
supersedes 10:20
supplement 42:6
supplemental 6:24,
    9:20, 31:11,
    42:10, 43:6
supplied 40:20
support 6:25, 9:22,
    27:25, 31:12,
    48:17
supporting 42:13
sustained 6:22,
    9:18, 11:20, 12:4,
    14:7, 16:6, 18:7,
    19:11, 21:7, 23:9,
    25:9, 27:22, 30:5,
    31:10, 33:3,
    33:13, 34:24,
    40:5, 41:13,
    43:10, 45:18,
    47:20
Swain 1:22, 3:5,
    3:12, 26:5, 49:7


< T >
Tacoronte 3:9, 5:14,
    7:6, 10:4, 12:9,
    14:18, 16:19,

19:24, 21:18,
23:22, 26:10,
28:8, 28:11,
31:20, 33:20,
35:11, 41:21,
44:5, 46:5
taken. 26:3
Takings 29:7
Tax 33:10, 41:11,
  43:13
Taylor 1:22, 3:12,
  49:7
teacher 24:24
technical 40:19
Technologies 44:9,
  44:19, 44:22,
  45:1, 45:3, 45:9,
  45:19
telephonic 4:13,
  4:15
TELEPHONICALLY 1:29
Teodoro 38:14
Teresa 42:8, 43:12,
  43:17
terms 23:12
Therein 27:3
Third 33:9, 41:10,
  47:2
though 36:11
three 8:1, 35:12,
  35:17, 35:19,
  36:17, 36:19,
  36:22, 37:9
Title 1:7, 3:17,
  23:13, 33:9,
  37:13, 41:1, 41:10
Today 4:12, 4:15,
  5:2, 5:7, 16:6,
  18:8, 19:10, 21:5,
  25:8, 34:23,
  37:19, 44:25,
  45:2, 48:6, 48:11
Transcript 1:40,
  49:4
transcription 49:5
transfers 47:9
trial 29:8, 29:21
true 49:5
trust 47:7
turn 26:19, 27:9,

35:10, 35:19,
  41:20
Two 7:17, 15:12,
  15:19, 17:7

< U >
understand 8:11
understands 20:14,
  22:16
unfortunately 12:25
United 1:1, 1:23,
  1:25, 3:11, 3:14,
  49:6, 49:8
unmute 4:20
unpaid 47:24
until 13:6
unwarranted 29:15
updated 34:13
UPR 37:10
utilized 11:11

< V >
valid 10:14, 12:19,
  24:7, 44:18
validity 45:6
various 40:22
Velez 24:10, 24:13,
  24:16, 24:22,
  25:9, 25:11, 42:8,
  42:21, 42:23,
  43:4, 43:11, 43:17
VI 23:13, 41:1
violation 29:6
Violations 4:25


< W >
waives 47:9
Walker 48:16, 49:13,
  49:14
website 30:22
welcome 4:11
welcoming 4:9
whether 37:23
whom 3:21
will 4:9, 5:7, 5:9,
  5:10, 5:18, 7:1,
  11:10, 12:7,

13:20, 13:21,
  13:22, 14:16,
  17:22, 23:19,
  24:20, 25:1,
  25:23, 26:9,
  29:17, 29:18,
  33:17, 35:7,
  35:18, 39:18,
  40:18, 40:20,
  41:17, 43:4, 46:1,
  48:13
withstanding 9:12
WITNESSES 2:3
work 4:7, 48:17
written 9:15


< Y >
Yauco 18:19, 18:24,
  19:4, 19:13
year 6:13
yesterday 44:22
York 16:11, 29:12,
  29:19, 30:8, 48:17


< Z >
Zamora 42:8, 42:21,
  42:23, 43:4,
  43:12, 43:17