UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>      Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**URGENT MOTION FOR ENTRY OF AN ORDER APPROVING THIRD AMENDED STIPULATION AND CONSENT ORDER BETWEEN TITLE III DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE GOVERNMENTAL ENTITIES LISTED ON EXHIBIT "B" REGARDING THE <u>TOLLING OF STATUTE OF LIMITATIONS</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), and the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), each in its capacity as a Title III debtor (the Commonwealth, ERS, HTA and PREPA together, the "<u>Title III Debtors</u>"), and each by and through the Financial Oversight and

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

Management Board for Puerto Rico (the "Oversight Board"), as the representative of Title III Debtors, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," together with the Oversight Board, the "Moving Parties") on behalf of the entities set forth in **Exhibit B** (the "Governmental Entities"), respectfully submit this urgent motion (the "Urgent Motion"), for entry of an order approving a stipulation, attached hereto as **Exhibit A** (the "Third Amended Stipulation").[2] The purpose of this Urgent Motion is to obtain an order further extending the deadlines in which Causes of Action (as defined in the Third Amended Stipulation) of the Title III Debtors must be commenced against any of the Governmental Entities pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines"). In support of this Urgent Motion, the Moving Parties respectfully represent as follows:

**Background**

1. On May 3, 2017, the Oversight Board filed a petition for relief under Title III of PROMESA on behalf of the Commonwealth in the United States District Court for the District of Puerto Rico.

2. On May 21, 2017, the Oversight Board filed a petition for relief under Title III of PROMESA on behalf of ERS in the United States District Court for the District of Puerto Rico (the "ERS Title III Case"). The ERS Title III Case's filing triggered the automatic stay of creditor remedies against ERS. *See* 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. §§ 362 and 922 into PROMESA).

---

[2] Descriptions of the Third Amended Stipulation contained herein are for summary purposes only. The terms and provisions of the Third Amended Stipulation govern to the extent any inconsistencies exist between the Third Amended Stipulation and the descriptions of the Third Amended Stipulation contained herein.

2

3. On May 21, 2017, the Oversight Board filed a petition for relief under Title III of PROMESA on behalf of HTA with the United States District Court for the District of Puerto Rico (the "HTA Title III Case"). The HTA Title III Case's filing triggered the automatic stay of creditor remedies against HTA. *See Id*.

4. On July 3, 2017, the Oversight Board filed a petition for relief under Title III of PROMESA on behalf of PREPA in the United States District Court for the District of Puerto Rico (the "PREPA Title III Case"). The PREPA Title III Case's filing triggered the automatic stay of creditor remedies against PREPA. *See Id*.

5. On May 2, 2019, the Court entered an order approving the *Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 6812].

6. On February 3, 2020, the Court entered an order approving the *First Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 10606].

7. On August 6, 2020, the Court entered an order approving the *Second Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* (the "Second Amended Stipulation") [ECF No. 13997].

8. The Moving Parties have entered into the Third Amended Stipulation, which further extends the tolling of the Statutory Deadlines with respect to Causes of Action by an additional one hundred and eighty (180) days beyond the period set forth in the Second Amended Stipulation.

9. Counsel to the Creditors' Committee have informed counsel to the Moving Parties that they do not object to the relief sought in this Urgent Motion and that they waive the notice period set forth in the Second Amended Stipulation.

## Relief Requested

10. In an effort to promote judicial economy and avoid litigation at this time, the Title III Debtors have agreed, among other things, to toll the statute of limitations in connection with the Causes of Actions so that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date in which the Statutory Deadlines would have expired in the absence of the Third Amended Stipulation. Such tolling period may be shortened or extended upon appropriate notice being provided to the Court and counsel to the statutory committee of unsecured creditors appointed in the cases other than COFINA (the "Creditors' Committee").

11. The extension of the Statutory Deadlines agreed to in the Second Amended Stipulation will soon expire, and in the absence of a further extension, the Title III Debtors could either choose to commence the Causes of Action or face immediate demands to do so by the Creditors' Committee or other entities. Either option would result in further imminent litigation, burdening the parties and the Court. To avoid (or at least delay) that result, the Moving Parties, after consultation with the Creditors' Committee, have elected to extend the Statutory Deadlines as set forth in the Third Amended Stipulation.

12. Accordingly, the Third Amended Stipulation attached hereto as **Exhibit A** has been executed by the Moving Parties and is now being presented to this Court through this Urgent Motion for approval.

13. Pursuant to Paragraph I.H of the Case Management Procedures, the Moving Parties hereby certify that they have carefully examined the matter and concluded that there is a true need for an urgent motion; have not created the urgency through any lack of due diligence; have made a bona fide effort to resolve the matter without a hearing; and have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

[*Remainder of Page Intentionally Left Blank.*]

**WHEREFORE** the Debtors respectfully request the Court to approve and enter the Third Amended Stipulation, attached hereto as **Exhibit A**, and grant the Debtors such other relief as is just and proper.

Dated: January 15, 2021
      San Juan, Puerto Rico

| | |
|---|---|
| */s/ Brian S. Rosen* | */s/ Hermann D. Bauer* |
| Martin J. Bienenstock | Hermann D. Bauer |
| Brian S. Rosen | USDC No. 215205 |
| (Admitted *Pro Hac Vice*) | **O'NEILL & BORGES LLC** |
| **PROSKAUER ROSE LLP** | 250 Muñoz Rivera Ave., Suite 800 |
| Eleven Times Square | San Juan, PR 00918-1813 |
| New York, NY 10036 | Tel: (787) 764-8181 |
| Tel: (212) 969-3000 | Fax: (787) 753-8944 |
| Fax: (212) 969-2900 | |
| | *Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| *Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | |

| | |
|---|---|
| */s/ Peter M. Friedman* | */s/ Luis C. Marini-Biaggi* |
| John J. Rapisardi | Luis C. Marini-Biaggi |
| Nancy Mitchell | USDC No. 222301 |
| (Admitted *Pro Hac Vice*) | Carolina Velaz-Rivero |
| **O'MELVENY & MYERS LLP** | USDC No. 300913 |
| Seven Times Square | **MARINI PIETRANTONI MUÑIZ LLC** |
| New York, NY 10036 | 250 Ponce De León Ave., Suite 900 |
| Tel: (212) 326-2000 | San Juan, Puerto Rico 00917 |
| Fax: (212) 326-2061 | Tel: (787) 705-2171 |
| | Fax: (787) 936-7494 |
| -and- | |
| | *Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |
| Peter M. Friedman | |
| (Admitted *Pro Hac Vice*) | |
| 1625 Eye Street, NW | |
| Washington, D.C. 20006 | |
| Tel: (202) 383-5300 | |
| Fax: 202) 383-5414 | |
| | |
| *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | |

## Exhibit A

**Third Amended Stipulation**

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>  as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Debtors.[3] | PROMESA <br> Title III <br><br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |

**THIRD AMENDED STIPULATION AND CONSENT ORDER BETWEEN TITLE III DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE GOVERNMENTAL ENTITIES LISTED ON EXHIBIT "B" REGARDING THE TOLLING OF STATUTE OF LIMITATIONS**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority ("PREPA"), each in its capacity as a Title III debtor (the Commonwealth, ERS, HTA and PREPA together the "Title III Debtors"), and each by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of Title III

---

[3] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

Debtors and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") on behalf of the entities set forth on **Exhibit B** (the "Governmental Entities") to this stipulation hereby stipulate as follows:

RECITALS

A. In accordance with Section 302(2) of PROMESA, the Oversight Board has filed a petition for relief on behalf of each of the Title III Debtors, thereby commencing a case under Title III for each Title III Debtor (the "Title III Cases").

B. On May 2, 2019, the Court entered an order approving the *Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* (the "Stipulation") [ECF No. 6812].

C. On February 3, 2020, the Court entered an order approving the *First Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 10606].

D. On August 6, 2020, the Court entered an order approving the *Second Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* (the "Second Amended Stipulation") [ECF No. 13997].

E. Commencement of the Title III Cases triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable to the Title III Cases pursuant to Section 301(a) of PROMESA, to protect Title III Debtors' property wherever located.

F. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between any of the Title III Debtors, on the one hand and the Governmental Entities, on the other hand, are hereby defined as the "Avoidance Actions."

G. Other claims of the Title III Debtors against any of the Governmental Entities may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such other actions together with Avoidance Actions, the "Causes of Action").

H. In order to protect the Title III Debtors' rights and interests, the Oversight Board on behalf of the Title III Debtors and AAFAF on behalf of the Governmental Entities (collectively, the "Parties") have agreed to toll the statute of limitations in connection with the Causes of Action.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Action of the Title III Debtors must be commenced against any of the Governmental Entities pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the

3

Statutory Deadlines would have expired in the absence of this Third Amended Stipulation (and 811 days after the date on which the Statutory Deadlines would have expired in the absence of the Stipulation) unless the Commonwealth or AAFAF provides written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, and (b) counsel to the statutory committee of unsecured creditors appointed in the cases other than COFINA (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date (as defined below), and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests, and defenses that may be raised by AAFAF or any of the Governmental Entities in connection with any such Causes of Action, other than the applicable statute of limitations, laches, or any other time-related defense, except that AAFAF and the Governmental Entities expressly reserve the right to argue that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of the Stipulation; (ii) that Section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies; and (iii) that a statute of repose may not be extended by an agreement of the parties (provided that that any party reserves the right to oppose any such argument; and provided further that if a statute of repose may be extended by an agreement of the parties, this Stipulation shall serve as such an agreement) and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for any

4

of the Title III Debtors, subject to the approval, effectiveness and consummation of any such plan of adjustment, provided that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. The Parties hereto shall have the right to extend the period set forth in Paragraph 1 above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the Creditors' Committee; <u>provided</u>, <u>however</u>, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

3. The persons signing this Stipulation on behalf of the Oversight Board, the Title III Debtors, and AAFAF (on behalf of the Governmental Entities) have the authority to bind such parties. AAFAF's authority exists under Act 2-2017, the Enabling Act of the Fiscal Agency and Financial Advisory Authority.

4. This Stipulation shall apply to and be binding upon the Title III Debtors, AAFAF, and the Governmental Entities together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in the Title III Cases, or any other party or person granted authority to pursue a Cause of Action (all rights to object to any application to appoint a trustee pursuant to section 926 of the Bankruptcy Code or to otherwise seek authority to pursue a Cause of Action are expressly preserved).

5. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "<u>Stipulation Effective Date</u>").

6. Notwithstanding anything contained in this Stipulation to the contrary, it is the intent of the Title III Debtors and the effect of this Stipulation to extend the Statutory Deadlines as to Causes of Actions of the type described in recitals F and G hereof as among all Title III Debtors other than COFINA. For the avoidance of doubt, nothing in this Third Amended Stipulation shall affect the Statutory Deadlines set forth in the (i) *Supplemental Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [ECF No. 10293]; and (ii) *Third Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 14013] (as may be amended, modified, or supplemented).

[*Remainder of page intentionally left blank.*]

Dated: January 15, 2021
       San Juan, Puerto Rico

*/s/ Brian S. Rosen*
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Debtors*

*/s/ Peter M. Friedman*
John J. Rapisardi
Nancy Mitchell
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter M. Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: 202) 383-5414

*Attorneys for the Puerto Rico*
*Fiscal Agency and Financial*
*Advisory Authority*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Debtors*

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce De León Ave., Suite 900
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico*
*Fiscal Agency and Financial*
*Advisory Authority*

7

**SO ORDERED.**

Dated: _____, \_\_, 2021
      San Juan, Puerto Rico

The Honorable Laura Taylor Swain
United States District Judge

8

**Exhibit B**

1. Additional (Electronic) Lottery
2. Agricultural Enterprises Development Administration
3. Automobile Accidents Compensation Administration
4. Cardiovascular Center Corporation of Puerto Rico and the Caribbean
5. Commonwealth of Puerto Rico Regional Center Corporation
6. Company for the Integral Development of the "Península de Cantera"
7. Corporation for the "Caño Martín Peña" Project (ENLACE)
8. Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of Puerto Rico
9. Culebra Conservation and Development Authority
10. Economic Development Bank for Puerto Rico
11. Employment and Training Enterprises Corporation
12. Farm Insurance Corporation of Puerto Rico
13. Fine Arts Center Corporation
14. Institute of Puerto Rican Culture
15. Judiciary Retirement System (JRS)
16. Land Authority of Puerto Rico
17. Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads
18. Model Forest
19. Municipal Revenue Collection Center (CRIM)
20. Musical Arts Corporation
21. Port of the Americas Authority
22. PR Aqueduct and Sewer Authority (PRASA)
23. PR Infrastructure Finance Authority (PRIFA)
24. PR Maritime Shipping Authority
25. PR Medical Services Administration (ASEM)
26. Public Building Authority (PBA)
27. Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives (COSSEC)
28. Puerto Rico and Municipal Islands Transport Authority
29. Puerto Rico Conservatory of Music Corporation
30. Puerto Rico Convention Center District Authority (PRCCDA)
31. Puerto Rico Health Insurance Administration (HIA / ASES)
32. Puerto Rico Industrial Development Company (PRIDCO)
33. Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities Financing Authority (AFICA)
34. Puerto Rico Integrated Transit Authority (PRITA)
35. Puerto Rico Land Administration
36. Puerto Rico Metropolitan Bus Authority (AMA)
37. Puerto Rico Municipal Finance Agency (MFA)
38. Puerto Rico Ports Authority
39. Puerto Rico Public Broadcasting Corporation
40. Puerto Rico Public Private Partnerships Authority (PPP)

41. Puerto Rico School of Plastic Arts
42. Puerto Rico Telephone Authority
43. Puerto Rico Tourism Company
44. Puerto Rico Trade and Export Company
45. Solid Waste Authority
46. Special Communities Perpetual Trust
47. State Insurance Fund Corporation (SIF)
48. Teachers' Retirement System (TRS)
49. The Children's Trust Fund (CTF)
50. Traditional Lottery
51. Unemployment Insurance Fund
52. University of Puerto Rico (UPR)
53. University of Puerto Rico Comprehensive Cancer Center