**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, ET AL.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| Debtor. ) ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-bk-3566 (LTS) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | **Re: ECF No. 891** |
| - and - | Case No. 17-bk-3283 (LTS) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | **Re: ECF No. 13054** |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | |
| Movants, | |
| v. | |
| ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY, CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP, GLENDON OPPORTUNITIES FUND, L.P., LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO, MASON CAPITAL MASTER FUND L.P., OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B), OAKTREE OPPORTUNITIES FUND IX, L.P., OAKTREE OPPORTUNITIES FUND IX (PARALLEL), L.P., OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P., OAKTREE HUNTINGTON INVESTMENT FUND II, L.P., OAKTREE OPPORTUNITIES FUND X, L.P., OAKTREE OPPORTUNITIES FUND X (PARALLEL), L.P., OAKTREE OPPORTUNITIES FUND X (PARALLEL 2), L.P., OAKTREE VALUE OPPORTUNITIES FUND HOLDINGS, L.P., OCEANA MASTER FUND LTD., OCHER ROSE, L.L.C., PENTWATER MERGER ARBITRAGE | |

MASTER FUND LTD., PWCM MASTER FUND LTD., REDWOOD MASTER FUND, LTD., AND SV CREDIT, L.P.,

        - and -

PUERTO RICO AAA PORTFOLIO BOND FUND, INC., PUERTO RICO AAA PORTFOLIO BOND FUND II, INC., PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC., PUERTO RICO FIXED INCOME FUND, INC., PUERTO RICO FIXED INCOME FUND II, INC., PUERTO RICO FIXED INCOME FUND III, INC., PUERTO RICO FIXED INCOME FUND IV, INC., PUERTO RICO FIXED INCOME FUND V, INC., PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC., PUERTO RICO INVESTORS BOND FUND I, PUERTO RICO INVESTORS TAX-FREE FUND, INC., PUERTO RICO INVESTORS TAX-FREE FUND, INC. II, PUERTO RICO INVESTORS TAX-FREE FUND III, INC., PUERTO RICO INVESTORS TAX-FREE FUND IV, INC., PUERTO RICO INVESTORS TAX-FREE FUND V, INC., PUERTO RICO INVESTORS TAX-FREE FUND VI, INC., PUERTO RICO MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC., TAX-FREE PUERTO RICO FUND, INC., TAX- FREE PUERTO RICO FUND II, INC., AND TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.,

        - and -

THE BANK OF NEW YORK MELLON, AS FISCAL AGENT,

        Respondents.

| | |
|---|---|
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as co-trustees of <br><br> THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> DEFENDANT 1M, ET AL., <br><br> Defendants. | Adv. Proc. No. 19-00356 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, <br><br> and <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), <br><br> as co-trustees of <br><br> THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> STOEVER GLASS & CO., ET AL., | Adv. Proc. No. 19-00357 (LTS) |

|  |  |
|---|---|
| Defendants. ) | |
|  | |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, ) ) ) ) ) | Adv. Proc. No. 19-00359 (LTS) |
| and ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), ) ) ) | |
| as co-trustees of ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, ) ) | |
| Plaintiff, ) | |
| v. ) | |
| DEFENDANT 1H-78H, ) | |
| Defendants. ) | |
|  | |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS, ) ) ) ) ) | Adv. Proc. No. 19-00361 (LTS) |
| and ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), ) ) ) | |
| as co-trustees of ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, ) ) | |

|  |  |
|---|---|
| Plaintiff, )<br>)<br>v. )<br>)<br>DEFENDANT 1G-50G, et al., )<br>)<br>Defendants. )<br>_____ )<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO, )<br>)<br>as representative of )<br>)<br>EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF THE COMMONWEALTH OF )<br>PUERTO RICO, )<br>)<br>and )<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF ALL TITLE III DEBTORS (OTHER )<br>THAN COFINA), )<br>)<br>as section 926 trustee of )<br>)<br>THE COMMONWEALTH OF PUERTO RICO )<br>)<br>Plaintiffs,[2] )<br>)<br>v. )<br>)<br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY )<br>COMPANY; THE BANK OF NEW YORK MELLON; )<br>MASON CAPITAL MASTER FUND LP; OCHER )<br>ROSE, L.L.C.; SV CREDIT, L.P.; CROWN )<br>MANAGED ACCOUNTS FOR AND ON BEHALF )<br>OF CROWN/PW SP; LMA SPC FOR AND ON )<br>BEHALF OF MAP 98 SEGREGATED PORTFOLIO; )<br>OCEANA MASTER FUND LTD.; PENTWATER )<br>MERGER ARBITRAGE MASTER FUND LTD.; )| Adv. Proc. No. 19-00366 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

| | |
|---|---|
| AND PWCM MASTER FUND LTD, )<br>)<br>Defendants. )<br>)<br>_____ )<br>)<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO, )<br>)<br>as representative of )<br>)<br>EMPLOYEES RETIREMENT SYSTEM OF THE )<br>GOVERNMENT OF THE COMMONWEALTH OF )<br>PUERTO RICO, )<br>)<br>and )<br>)<br>THE OFFICIAL COMMITTEE OF UNSECURED )<br>CREDITORS OF ALL TITLE III DEBTORS (OTHER )<br>THAN COFINA), )<br>)<br>as section 926 trustee of )<br>)<br>THE COMMONWEALTH OF PUERTO RICO )<br>)<br>Plaintiffs,[3] )<br>)<br>v. )<br>)<br>GLENDON OPPORTUNITIES FUND, L.P.; )<br>OAKTREE-FORREST MULTI-STRATEGY, LLC )<br>(SERIES B); OAKTREE OPPORTUNITIES FUND )<br>IX, L.P.; OAKTREE OPPORTUNITIES FUND IX )<br>(PARALLEL 2), L.P.; OAKTREE VALUE )<br>OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA )<br>PORTFOLIO BOND FUND, INC.; PUERTO RICO )<br>AAA PORTFOLIO BOND FUND II, INC.; PUERTO )<br>RICO AAA PORTFOLIO TARGET MATURITY )<br>FUND, INC.; PUERTO RICO FIXED INCOME )<br>FUND, INC.; PUERTO RICO FIXED INCOME )<br>FUND II, INC.; PUERTO RICO FIXED INCOME ) | Adv. Proc. No. 19-00367 (LTS) |

---

[3] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket No. 6990, which is incorporated herein by reference.

| |
|---|
| FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO MORTGAGE-BACKED & U.S. GOVERNMENT SECURITIES FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND, <br><br> Defendants. |

**OPPOSITION TO URGENT MOTION OF THE COMMITTEES AND GOVERNMENT PARTIES CONCERNING PENDING MOTIONS IN CERTAIN CONTESTED MATTERS AND ADVERSARY PROCEEDINGS RELATED TO THE BONDS ISSUED BY THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE <u>COMMONWEALTH OF PUERTO RICO</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The ERS Bondholders[4] and The Bank of New York Mellon, as Fiscal Agent for the ERS

bonds (the "<u>Fiscal Agent</u>"), respectfully submit this Opposition to the *Urgent Motion Of The*

---

[4] Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX

8

*Committees And Government Parties To Set Oral Argument Concerning Pending Motions In Certain Contested Matters And Adversary Proceedings Related To The Bonds Issued By The Employees Retirement System Of The Government Of The Commonwealth Of Puerto Rico*, ECF No. 1052 in Case No. 17-bk-03566 (the "Scheduling Motion").

1. The ERS Bondholders believe that further time-consuming and costly litigation of the Government Parties' adversary proceedings and motions, including the setting of oral argument, is premature until after the parties have had discussions in an effort to develop a consensual resolution of the ERS Bondholders' claims. The Court has emphasized the importance of a plan resolving these proceedings being as consensual as possible, and the Court has stated its expectation that the Oversight Board will negotiate in good faith with all relevant stakeholders. The Oversight Board's counsel pledged at the October Omnibus Hearing to reach out to the groups that had spoken up about desiring discussions towards a possible consensual resolution. Despite the Court's urging and the Oversight Board's pledge, the Oversight Board has resisted engaging the ERS Bondholders for anything but litigation scheduling.

2. The Oversight Board has claimed that the ongoing litigation is creditor-driven, but it is the Board and the Committees who initiated the litigation that is the subject of the Scheduling Motion. The ERS Bondholders remain ready, willing, and able to work with the Board and the Commonwealth in an effort to develop a consensual resolution of their claims. The ERS Bondholders believe that such scheduling discussions should at least include the

---

(Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit, L.P..

mediation team. The Oversight Board, however, seems again to be intent on pressing forward with litigation rather than considering a consensual resolution.

3. For its part, the Fiscal Agent supports the ERS Bondholders' request for a mediation of the parties' disputes to occur prior to oral argument on the pending motions.

4. If the Court does set the pending motions for argument at this time, the ERS Bondholders request that the Court set the motions for argument in phases, rather than all on a single day as the Scheduling Motion proposes. The Scheduling Motion implicates four distinct categories of motions on very different legal and factual issues, each of which involves hundreds and hundreds of pages of briefing: the Ultra Vires Motions,[5] which concern the validity of the bonds; the Lien Scope Motions, which concern the scope of the ERS Bondholders' security interests under the Bonds, the Government Parties' Rule 12(b)(6) motions, challenging the ERS Bondholders' and the Fiscal Agent's claims and administrative expense motions [ECF Nos. 891 and 892 in Case No. 17-bk-3566] (together, the "Rule 12(b)(6) Motions"), and the ERS Bondholders' and the Fiscal Agent's Rule 12(c) motion, [ECF No. 917 in Case No. 17-bk-3566] (the "Rule 12(c) Motion") which seeks to establish certain discrete points of law governing the ERS Bondholders' and the Fiscal Agent's claims and administrative expense motions. It is neither realistic nor efficient for the Court and the Parties to attempt to present argument on all of those separate, complicated, and highly significant issues in a single day. A phased approach would be far more manageable.

5. Moreover, the subject matter of the motions lends itself to a phased approach. As the Oversight Board itself notes in the Scheduling Motion, the Ultra Vires Motions will

---

[5] Capitalized terms not defined herein are used as defined in the Scheduling Motion.

10

determine the validity of the ERS Bonds as a threshold issue, and the Lien Scope Motions in turn may affect the disposition of the Rule 12(b)(6) and Rule 12(c) Motions. Scheduling Motion ¶ 7. The ERS Bondholders therefore believe that the Court should set the Ultra Vires Motions for argument first, followed by the Lien Scope Motions a month or two later, followed by the Rule 12(b)(6) Motions and then by the Rule 12(c) Motion.

      6.      Whether the Court adopts such a phased approach or instead sets argument for a single day as the Scheduling Motion asks, the ERS Bondholders also request that the Court, at a minimum, separate the argument on the Rule 12(b)(6) Motions from the argument on the Rule 12(c) Motion. The Scheduling Motion inexplicably lumps those motions together, but they involve entirely separate legal issues and should be heard separately.

      7.      Finally, if the Court does set any motion for argument in March, the ERS Bondholders request that the Court not set argument for March 2, 9, 11, 16, 23, or 30, when counsel for the ERS Bondholders or the Fiscal Agent have scheduling conflicts.

*[Remainder of Page Intentionally Left Blank]*

In San Juan, Puerto Rico, today Monday January 18, 2021.

<u>/s/ Alfredo Fernández-Martínez</u>
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

<u>/s/ David R. Fox</u>
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Matthew E. Papez (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700
mpapez@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Tel. (617) 449-6943
Fax: (617) 449-6999
drfox@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit.*

| | |
|---|---|
| /s/ Albéniz Couret-Fuentes<br>Albéniz Couret-Fuentes<br>USDC-PR Bar No. 222207<br>SEPULVADO, MALDONADO &<br>  COURET<br>304 Ponce de León Ave., Suite 990<br>San Juan, PR 00918<br>Telephone: (787) 765-5656<br>Facsimile: (787) 294-0073<br>Email: acouret@smclawpr.com | Luke A. Sizemore (*pro hac vice*)<br>REED SMITH LLP<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>Telephone: (412) 288-3131<br>Facsimile: (412) 288-3063<br>Email: lsizemore@reedsmith.com<br><br>/s/ C. Neil Gray<br>C. Neil Gray (*pro hac vice*)<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: cgray@reedsmith.com |

*Counsel for The Bank of New York Mellon, as fiscal agent*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: January 18, 2021 /s/ *David R. Fox*