UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO THE COURT'S DECEMBER 7, 2020 ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation ("Ambac"), the Financial Oversight and Management Board for Puerto Rico (the "Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"),[2] respectfully submit this Joint Status Report in response to the Court's order dated December 7, 2020 (ECF No. 15353).[3]

## I. PROCEDURAL BACKGROUND

1. On October 28, 2019, Ambac filed *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 9022) (the "Assets Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9023) (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions").

2. On November 8, 2019, the Government Parties filed the *Urgent Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*

---

[2] Ambac and the Government Parties are collectively referred to as the "Parties."

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's November 12, 2020 Order* (ECF No. 15350) (the "December 4 Joint Status Report").

- 1 -

*Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (ECF No. 9131) (the "Motion to Strike").

3. On January 23, 2020, the Court (Swain, J.) issued a memorandum order denying the Motion to Strike (ECF No. 10332) (the "Memorandum Order"). The Memorandum Order directed the Parties to meet and confer by February 3, 2020 concerning the scope and mechanics of discovery responsive to the Original Rule 2004 Motions. *Id.* at 9.

4. On November 12, 2020, following the filing of numerous joint status reports discussing the Parties' meet-and-confer efforts, the Court (Dein, M.J.) denied without prejudice the Original Rule 2004 Motions, stating that "[i]n light of the substantial work the [P]arties have done narrowing the issues and resolving the disputes initially presented in the [Original] Rule 2004 Motions[,] . . . and to avoid confusion of the record," Ambac should file "a new Rule 2004 motion limited to the issues in dispute." *Order* (ECF No. 15093) at 2 (the "November 12 Order").

5. On November 20, 2020, Ambac filed its New Cash Rule 2004 Motion,[4] limited to the issues on which the Parties had reached an impasse at that time, pursuant to the November 12 Order. The Board filed its opposition brief[5] on December 23, 2020 and Ambac filed its reply brief[6] on January 8, 2021. On January 13, 2021, the Board filed a motion seeking leave[7] to file a sur-

---

[4] "New Cash Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 15220).

[5] *Objection of the Financial Oversight and Management Board for Puerto Rico to Motion by Ambac Assurance Corporation for an Order Directing Cash Rule 2004 Discovery* (ECF No. 15495).

[6] *Reply of Ambac Assurance Corporation to the Financial Oversight and Management Board for Puerto Rico's Opposition to Motion for an Order Directing Cash Rule 2004 Discovery* (ECF No. 15567).

[7] *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Leave to File Sur-Reply Regarding Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery* (ECF No. 15583) (the "Motion for Leave").

- 2 -

reply in response to Ambac's reply brief, which Ambac opposed on January 20, 2021.[8] The New Cash Rule 2004 Motion and the Board's Motion for Leave are currently pending before the Court.

6. The Parties have continued to meet-and-confer regarding Ambac's cash- and assets-related requests that are unrelated to the New Cash Rule 2004 Motion. On December 4, 2020, the Parties filed the December 4 Joint Status Report. On December 7, 2020, the Court ordered the Parties to file a further joint status report by January 21, 2021. *Order* (ECF No. 15353).

## II. RESPONSE TO JOINDERS

7. Following Ambac's filing of the New Cash Rule 2004 Motion, various parties filed joinder motions (the "Joinders Entities"). *See* ECF Nos. 15225, 15239, 15266, 15268, 15279, and 15366. On December 16, 2020, this Court issued an order holding "such motions under advisement to the extent the [Joinder Entities] sought to receive the same information produced to Ambac and participate in any depositions . . . , and denied the [Joinder Entities'] request to participate in the meet and confer process[,]" but advised that it "expects the [P]arties to continue to cooperate in coordinating discovery with the Joinder Entities." *See Order* (ECF No. 15454) at 2-3.

8. The Parties appreciate the Court's attention to the joinder motions and, consistent with the Court's guidance, are continuing to voluntarily permit the Joinder Entities to receive copies of any discovery provided in response to Ambac's cash- and assets-related requests and to participate in the periodic meet-and-confers regarding such requests.

---

[8] *Opposition of Ambac Assurance Corporation to the Urgent Motion of the Financial Oversight and Management Board for Puerto Rico for Leave to File Sur-Reply Regarding Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery* (ECF No. 15669).

### III. THE PARTIES' PROGRESS SINCE THE PREVIOUS UPDATE TO THE COURT

9. Since the filing of the December 4 Joint Status Report, the Parties have continued to exchange correspondence[9] and met-and-conferred telephonically on January 19, 2021 (the "January 19 Meet-and-Confer"). The status of the Parties' discussions relating to Ambac's assets- and cash-related document requests is as follows:

#### A. Status of Assets Requests (Directed Principally to AAFAF)

10. The Parties are continuing to negotiate in good faith regarding Ambac's assets-related requests. AAFAF and Ambac appear to have reached an impasse on one issue, as described below, but are continuing to meet-and-confer in good faith about related issues in an effort to narrow any disputes that might require judicial resolution.

##### 1. *Update Regarding Requests as to Which the Parties Continue to Make Progress.*

11. Since the filing of the December 4 Joint Status Report, AAFAF has produced certain additional responsive documents related to the Prioritized Commonwealth Assets identified by Ambac[10] and the Municipal Revenue Collection Center's ("CRIM") tax arrears portfolio, and has produced a property list for one of the Prioritized Commonwealth Entities[11] identified by Ambac. AAFAF continues to investigate whether additional documents responsive to those requests are available, and continues to consider and investigate the availability of, and propriety

---

[9] The Parties' positions with regard to each of Ambac's requests since the filing of the December 4 Joint Status Report are memorialized in the following correspondence: (i) Ambac's letter to the Government Parties dated January 11, 2021 (attached hereto as Exhibit A); and (ii) AAFAF's letter to Ambac dated January 19, 2021 (attached hereto as Exhibit B).

[10] "Prioritized Commonwealth Assets" refers to the assets identified by Ambac in its March 16, 2020 email (ECF No. 12484-2).

[11] "Prioritized Commonwealth Entities" refers to the entities identified by Ambac in its November 25, 2020 letter (ECF No. 15350-2).

of providing, documents responsive to Ambac's request for owner- and property-specific tax information. AAFAF intends to complete these investigations by January 31, 2021.

12. AAFAF has also agreed to consider new follow-up requests made by Ambac on January 11, 2021 related to CRIM's tax arrears portfolio.

### 2. *Update Regarding Request for Which the Parties Have Reached an Impasse.*

13. The Parties appear to have reached an impasse with regard to Ambac's request to depose the Prioritized Commonwealth Entities. Specifically, Ambac notified the Government Parties that it intends to seek deposition testimony from nine Commonwealth entities that have not submitted information to the Real Property Valuation and Disposal Committee regarding their real property or other assets. The Parties will refrain from addressing the substance of the dispute in this Joint Status Report. The Parties are continuing to meet-and-confer about whether any of the Prioritized Commonwealth Entities have additional documents that could narrow Ambac's request for deposition testimony (or potentially eliminate it for some entities). The Parties are mindful of the Court's February 10, 2021 deadline for the Board's submission of a revised plan of adjustment or term sheet and have agreed to make as much progress as possible on these issues by the end of January, so that any issues the Parties cannot resolve amongst themselves can promptly be presented to the Court.

### B. Status of Cash Requests (Directed Principally to the Board)

14. The Parties continue to negotiate in good faith regarding Ambac's cash-related requests that are unrelated to the New Cash Rule 2004 Motion.

15. As noted in the December 4 Joint Status Report, the Government Parties agreed to investigate: (i) whether a more up-to-date version of the "Inventory of Central Government's Bank Accounts" referenced in the Amended Disclosure Statement is available; and (ii) Ambac's

questions regarding "restrictions" on five categories of bank accounts identified by Ambac. Those investigations remain ongoing. During the January 19 Meet-and-Confer, the Government Parties also agreed to investigate Ambac's questions regarding "restrictions" on four additional categories of bank accounts identified by Ambac on January 11, 2021.

16. During the January 19 Meet-and-Confer, the Board also agreed to, *inter alia*: (i) produce factual source materials and raw data underlying the December 2020 Presentation, to the extent it has not already done so, as well as a document containing data and calculations underlying the December 2020 Presentation;[12] (ii) investigate the availability of factual source materials and raw data underlying pages 57-60 of the presentation titled *Section 209 Requirements for Termination of the Oversight Board*, distributed in connection with the Board's October 30, 2020 public meeting; (iii) consider Ambac's request for documents related to $3.8 billion in CARES Act funds that have been classified as restricted; and (iv) provide an update in writing to Ambac this week on the privilege issues identified in Ambac's November 25, 2020 letter.

### IV. PROPOSED NEXT STEPS

17. AAFAF intends to provide, by January 31, 2021, any additional information it is able to obtain regarding the real property and other assets of the Prioritized Commonwealth Entities Ambac has identified. In light of the February 10, 2021 deadline for a revised plan of adjustment or term sheet, the Parties will make every effort to meet-and-confer again the week of February 1, 2021. The Parties would suggest that the Court direct the Parties to file a joint status report no later than February 15, 2021. Ambac reserves the right to seek judicial resolution of any issues prior to that time.

---

[12] "December 2020 Presentation" refers to Creditor Mediation Cash Support Materials distributed in connection with the December 17, 2020 mediation session and made public on December 19, 2020, *available at* https://emma.msrb.org/P11450397-P11124337-P11535399.pdf.

| | |
|---|---|
| Dated: January 21, 2020<br>San Juan, Puerto Rico | **FERRAIUOLI LLC**<br><br>By: /s/ *Roberto Cámara-Fuertes*<br>Roberto Cámara-Fuertes (USDC-PR No. 219002)<br>Sonia Colón (USDC-PR No. 213809)<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917<br>Telephone: (787) 766-7000<br>Facsimile: (787) 766-7001<br>Email: rcamara@ferraiuoli.com<br>scolon@ferraiuoli.com<br><br>**MILBANK LLP**<br><br>By: /s/ *Atara Miller*<br>Dennis F. Dunne (admitted *pro hac vice*)<br>Atara Miller (admitted *pro hac vice*)<br>Grant R. Mainland (admitted *pro hac vice*)<br>John J. Hughes, III (admitted *pro hac vice*)<br>Jonathan Ohring (admitted *pro hac vice*)<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>Email: ddunne@milbank.com<br>amiller@milbank.com<br>gmainland@milbank.com<br>jhughes2@milbank.com<br>johring@milbank.com<br><br>***Attorneys for Ambac Assurance Corporation*** |

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **O'MELVENY & MYERS LLP** |
| By: /s/ *Martin J. Bienenstock* | By: /s/ *Peter Friedman* |
|     Martin J. Bienenstock |     John J. Rapisardi |
|     Margaret A. Dale |     (Admitted *Pro Hac Vice*) |
|     Michael T. Mervis |     7 Times Square |
|     Julia D. Alonzo |     New York, NY 10036 |
|     Laura Stafford |     Tel: (212) 326-2000 |
|     (Admitted *Pro Hac Vice*) |     Fax: (212) 326-2061 |
|     Eleven Times Square | |
|     New York, NY 10036 |     Peter Friedman |
|     Tel: (212) 969-3000 |     (Admitted *Pro Hac Vice*) |
|     Fax: (212) 969-2900 |     1625 Eye Street, NW |
| |     Washington, DC 20006 |
| **O'NEILL & BORGES LLC** |     Tel: (202) 383-5300 |
| |     Fax: (202) 383-5414 |
| By: /s/ *Hermann D. Bauer* | |
|     Hermann D. Bauer (USDC No. 215205) |     Elizabeth L. McKeen |
|     250 Muñoz Rivera Ave., Suite 800 |     Ashley M. Pavel |
|     San Juan, PR 00918-1813 |     (Admitted *Pro Hac Vice*) |
|     Tel: (787) 764-8181 |     610 Newport Center Drive |
|     Fax: (787) 753-8944 |     17th Floor |
| |     Newport Beach, California 92660 |
| ***Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth*** |     Tel: (949) 823-6900 |
| |     Fax: (949) 823-6994 |
| | |
| | **MARINI PIETRANTONI MUÑIZ LLC** |
| | |
| | By: /s/ *Luis C. Marini-Biaggi* |
| |     Luis C. Marini-Biaggi |
| |     USDC No. 222301 |
| |     Email: lmarini@mpmlawpr.com |
| |     Carolina Velaz-Rivero |
| |     USDC No. 300913 |
| |     Email: cvelaz@mpmlawpr.com |
| |     250 Ponce de León Ave. |
| |     Suite 900 |
| |     San Juan, Puerto Rico 00918 |
| |     Tel: (787) 705-2173 |
| |     Fax: (787) 936-7494 |
| | |
| | ***Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*** |

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

*/s/ Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com