# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF CORRESPONDENCE REGARDING THE ONE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO INDIVIDUAL PROOFS OF CLAIM

To the Honorable United States District Judge Laura Taylor Swain:

    1.    On March 6, 2020, the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *One Hundred Seventy-Sixth Omnibus Objection (Non-Substantive) of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*the Commonwealth of Puerto Rico to Claims Asserting Liabilities Owed by Entities That Are Not Title III Debtors* [ECF No. 12143] (the "One Hundred Seventy-Sixth Omnibus Objection") to various proofs of claim.

2. The One Hundred Seventy-Sixth Omnibus Objection seeks to disallow certain claims which asserted liabilities associated with entities that are not Title III debtors, but failed to comply with the applicable rules by failing to provide a basis for asserting a claim against the Commonwealth or any other Title III debtor for liabilities associated with entities that are not Title III debtors (the "Claims to Be Disallowed").

3. The Commonwealth received the attached correspondence from Consolidated Waste Services, LLC and Landfill Technologies of Fajardo, LLC (collectively, the "Claimants"), a copy of which is attached hereto as Exhibit A (the "Response"). The Response addresses the following proofs of claim:

- Proofs of Claim Nos. 23654, 23662, 23665, 23667, 23671, 21133, 24326, 28145, 28056, 28110, 35800, 28135, 28141 (collectively, the "UPR Claims"), each of which asserts liabilities purportedly owed by the University of Puerto Rico ("UPR");

- Proofs of Claim Nos. 23130, 24348, 27826, 26646, 28174, 28182, 35996, and 27063 (collectively, the "PRASA Claims") each of which asserts liabilities purportedly owed by the Puerto Rico Aqueducts and Sewer Authority ("PRASA");

- Proof of Claim No. 24263 (the "PRPA Claim"), which asserts liabilities purportedly owed by the Puerto Rico Ports Authority ("PRPA");

- Proof of Claim No. 28156 (the "CCE Claim"), which asserts liabilities purportedly owed by the Puerto Rico Trade and Export Company ("CCE");

- Proof of Claim No. 28082 (the "PRIDCO Claim"), which asserts liabilities purportedly owed by the Puerto Rico Industrial Development Company ("PRIDCO");

- Proof of Claim No. 28112 (the "PRTC Claim"), which asserts liabilities purportedly owed by the Puerto Rico Tourism Company ("PRTC");

- Proof of Claim No. 28131 (the "IPRC Claim"), which asserts liabilities purportedly

2

owed by the Institute for Puerto Rican Culture ("IPRC"); and

- Proof of Claim No. 35855 (the "PRIFA Claim"), which asserts liabilities purportedly owed by the Puerto Rico Infrastructure Financing Authority ("PRIFA," and together with UPR, PRASA, PRPA, CCE, PRIDCO, PRTC, IPRC, and PRIFA, the "Non-Title III Entities").

4. The Response asserts that Claimants are providers of waste collection and management services, and that each of the Non-Title III Entities breached their contracts with Claimants by failing to make payments for services provided by the Claimants. Resp. ¶ 35. Further, according to the Response, each of the Non-Title III Entities "fall[s] under the Commonwealth of Puerto Rico's umbrella" because each of these entities has received direct funding or other financial support from the Commonwealth, and therefore, Claimants may seek repayment directly from the Commonwealth for liabilities associated with the Non-Title III Entities. Resp. ¶¶ 19-27.

5. Claimants are mistaken. Whether the Non-Title III Entities received financial support from the Commonwealth is of no moment, because each of the Title III Entities are separate legal entities established to be independent from the Commonwealth, and with the capacity to sue and be sued in their own right. PRIFA, for example, was created as a "public corporation . . . which constitutes an independent corporate and political entity," 3 L.P.R.A. §1903, and has the authority to "sue and be sued in its own name." 3 L.P.R.A. § 1906(d). Likewise, UPR is managed by an independent governing board that is separate and apart from the Commonwealth, 18 L.P.R.A. § 602, and has the independent authority "to sue and be sued," 18 L.P.R.A. § 602(a). PRASA is a "public corporation and an autonomous government instrumentality," 22 L.P.R.A. § 142, and has independent authority "[t]o sue and be sued in its corporate name." PRPA is also "a government instrumentality and public corporation with a legal existence and personality separate and apart from those of" the Commonwealth, 23 L.P.R.A. § 333(b), and has the independent

3

authority "[t]o sue and be sued." 23 L.P.R.A. § 336(e). Further, PRIDCO is "a public corporation having legal existence and personality separate and apart from that of the [Commonwealth] and of all officials thereof," and its "debts . . . shall be deemed to be those of [PRIDCO] and not those of the Commonwealth Government." 23 L.P.R.A. § 274(b), (c). PRIDCO also has the independent authority "[t]o sue and be sued." *Id.* § 278(e). Similarly, PRTC is a "public corporation and instrumentality of the Government of the Commonwealth of Puerto Rico" that has "legal existence and personality independent of the Commonwealth Government or any dependency thereof," 23 L.P.R.A. § 671a, and has the independent authority "[t]o sue and be sued." *Id.* § 671d(e). The IPRC is also an "official, corporate and autonomous entity," 18 L.P.R.A. § 1195, with the authority "[t]o sue and be sued." *Id.* § 1198(b)(1). Lastly, CCE is a "public corporation . . . with legal capacity and personality separate from the Government of the Commonwealth of Puerto Rico, its agencies, instrumentalities and political subdivisions," 7 L.P.R.A. § 1227a, with independent authority to "[s]ue and be sued." *Id.* § 1227b(f). Because each of the Non-Title III Entities are independent legal entities that are separate from the Commonwealth, Claimants will not be prejudiced by the disallowance of their claims, because they will retain the right to seek recourse from the Non-Title III Entities directly.

6. The Response also contends that, "in practicality [] remedies are not granted by state courts due to the stay established by PROMESA," and as a result, Claimants lack a forum in which to pursue their claims for alleged nonpayment. Resp. § 28, 34. That is also not the case. To the extent Claimants wish to pursue a breach of contract action against any of the Non-Title III Entities, and that action becomes subject to the automatic stay, Claimants' proper recourse is, and they have the right to seek, relief from the automatic stay in this Title III court.

4

7. Accordingly, the Debtors respectfully request that the Court grant the One Hundred Seventy-Sixth Omnibus Objection and disallow the Claims.

Dated: January 22, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth, HTA, and ERS*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth, HTA, and ERS*