Hearing Date: **March 10, 2021, at 9:30AM (Atlantic Standard Time)**
Response Deadline: **February 24, 2021, at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

## TWO HUNDRED NINETY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO DEFICIENT BOND CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS)", and the Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this two hundred ninety-third omnibus objection (the "Two Hundred Ninety-Third Omnibus Objection") to the deficient bond claims listed on **Exhibit A** hereto, and in support of the Two Hundred Ninety-Third Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.        Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.        The Bar Date Orders**

3.        On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA and ERS, pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the "HTA Title III Case" and the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

5.      To date, approximately 179,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.      Of the proofs of claim filed, approximately 115,800 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Over 52,600 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Approximately 4,500 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.     To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,
and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection
Procedures</u>").

9.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus
Objection Procedures, to date the Court has held 12 hearings related to over 140 omnibus
objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation
("<u>COFINA</u>"), HTA, and/or ERS.  Based upon rulings and orders of the Court to date,
approximately 56,000 claims asserting $43 trillion in liability against the Commonwealth,
COFINA, HTA, and ERS have been disallowed and will be expunged from the claims registry in
the Title III proceedings upon entry of final orders.

10.      This Two Hundred Ninety-Third Omnibus Objection is filed in accordance with the
Court's Amended Omnibus Objection Procedures.

### <u>OBJECTIONS TO PROOFS OF CLAIM</u>

11.      The Amended Omnibus Objection Procedures allow the Commonwealth, ERS, and
HTA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal
Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in
the Amended Omnibus Objection Procedures.

12.      The Two Hundred Ninety-Third Omnibus Objection seeks to disallow, in
accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus
Objection Procedures, each of the proofs of claim listed on **<u>Exhibit A</u>** hereto (collectively, the
"<u>Deficient Bond Claims</u>").  In each of the Deficient Bond Claims, the proof of claim purported to
assert liabilities arising out of "Puerto Rico Bonds," "Puerto Rico Govt Obligations," "IRA," or
other similar terms asserting liabilities associated with investments in government-issued bonds,
but failed to provide information necessary to enable the Debtors to reconcile the claims, such as

5

the CUSIP numbers or amounts of the specific bonds claimants intended to assert.   Further, each

of the Deficient Bond Claims either did not provide any supporting documentation, or attached as

supporting documentation a brokerage statement, but that brokerage statement did not contain

evidence of CUSIP numbers that relate to either bonds issued by the Commonwealth of Puerto

Rico or any of its instrumentalities, or mutual funds that may have invested in bonds issued by the

Commonwealth of Puerto Rico or any of its instrumentalities.   Accordingly, the Deficient Bond

Claims fail to identify the nature or source of the asserted liabilities.   Because of this failure to

comply with the applicable rules, neither the Debtors nor the Court are able to determine the

validity of the Deficient Bond Claims.

13.     On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning
in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution
Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D)
Granting Related Relief* [ECF No. 8453] (the "<u>Authorized Mailings Order</u>"), which authorized the
Debtors to send mailings "to any claimant who has not provided sufficient information to enable
Debtors to process their claim."  Authorized Mailings Order, ¶ 3.

14.     Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed
Mailing to a claimant, and the claimant either does not respond or responds but fails to provide
sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to
object to the claim as deficient." *Id*.

15.     In accordance with the Authorized Mailings Order, the Debtors have sent at least
one letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order, to each claimant
subject to this Two Hundred Ninety-Third Omnibus Objection (the "<u>Mailing</u>").  Each Mailing
provided, in relevant part:

> Additional information is required in order for the Debtors to continue with assessing your claim. The Debtors are unable to determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors. In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim. The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to assert, so please provide more detail and do not simply copy over the same information.

*See* ECF No. 8453-1 at 2, 7.

16.     The Mailings received by the claimants subject to this Two Hundred Ninety-Third Omnibus Objection directed the claimants to respond no later than October 23, 2019 (depending on the date each Mailing was sent). *See id.* Furthermore, the Mailings cautioned the Claimants that "[i]f you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim." *Id.*

17.     Each of the Claimants identified in **Exhibit A** either failed to respond or insufficiently responded to the Mailings.

18.     Accordingly, the Commonwealth, ERS, and HTA, as applicable, are unable to reconcile or determine the validity of the Deficient Bond Claims. The Deficient Bond Claims should therefore be disallowed in their entirety.

19.     In support of the foregoing, the Commonwealth, ERS, and HTA rely on the *Declaration of Jay Herriman in Support of the Two Hundred Ninety-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Deficient Bond Claims*, dated January 22, 2021, attached hereto as **Exhibit B**.

7

**NOTICE**

20.     In accordance with the Amended Omnibus Objection Procedures and the Court's

Notice Order, the Commonwealth, ERS, and HTA, are providing notice of this Two Hundred

Ninety-Third Omnibus Objection to (a) the individual creditors subject to this Two Hundred

Ninety-Third Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined

by the *Thirteenth Amended Case Management Procedures* [ECF No. 13512-1]), which is available

on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Two

Hundred Ninety-Third Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations

of the Two Hundred Ninety-Third Omnibus Objection and all of the exhibits attached hereto are

being filed with this objection and will be served on the parties.  The Commonwealth, ERS, and

HTA submit that, in light of the nature of the relief requested, no other or further notice need be

given.

**RESERVATION OF RIGHTS**

21.     This Two Hundred Ninety-Third Omnibus Objection is limited to the grounds

stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any

other party in interest in the Title III Cases to object to the Deficient Bond Claims or any other

claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or

procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is

intended or should be construed as: (a) an admission as to the validity of any claim against the

Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases

to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request

or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in

the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

22.     No prior request for the relief sought in this Two Hundred Ninety-Third Omnibus

Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth, ERS, and HTA, respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated: January 22, 2021
    San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board for*
*Puerto Rico, as representative of the*
*Commonwealth of Puerto Rico, the*
*Employees Retirement System for the*
*Government of the Commonwealth of*
*Puerto Rico, and the Puerto Rico*
*Highways and Transportation Authority*

**Fecha de la vista: 10 de marzo de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 24 de febrero de 2021, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | |
| | Núm. 17 BK 3283-LTS |
| como representante del | |
| | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., | |
| | **La presente radicación guarda relación con el ELA, el SRE y la ACT.** |
| Deudores.[1] | |

**DUCENTÉSIMA NONAGÉSIMA TERCERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES DEFICIENTES POR BONOS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA y el SRE, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente ducentésima nonagésima tercera objeción global (la "Ducentésima nonagésima tercera objeción global") a las reclamaciones deficientes por bonos que figuran en el **Anexo A** del presente documento, y en apoyo de la Ducentésima nonagésima tercera objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT y el SRE conforme a la sección 304(a) de PROMESA, iniciando casos conforme al Título III del referido cuerpo legal (respectivamente, el "Caso de Título III de la ACT" y el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

**B.**  **Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

5.      Hasta la fecha, se han radicado aproximadamente 179,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6.      De las evidencias de reclamaciones radicadas, aproximadamente 115,800 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Más de 52,600 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Aproximadamente 4,500 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

4

regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8.    En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha 12 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la

5

Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT y/o el SRE.
Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente
56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA,
la ACT y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de
los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

10.    Esta Ducentésima nonagésima tercera objeción global se radica de conformidad
con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

11.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA,
al SRE y a la ACT radicar una objeción global a varias evidencias de reclamaciones sobre
cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del
Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases
sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12.    La Ducentésima nonagésima tercera objeción global pretende que se rechace, de
conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los
Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de
reclamaciones que figuran en el **Anexo A** del presente documento (conjuntamente denominadas,
las "Reclamaciones Deficientes por Bonos"). En todas las Reclamaciones Deficientes por Bonos,
la evidencia de reclamación pretende alegar responsabilidades surgidas de los "Bonos de Puerto
Rico", "Obligaciones del Gobierno de Puerto Rico", "IRA" u otros términos similares que alegan
responsabilidades vinculadas con inversiones en bonos emitidos por el Gobierno, pero no brindan
la información necesaria para que los Deudores puedan reconciliar las reclamaciones, tales como
los números CUSIP o montos correspondientes a los bonos concretos que los reclamantes
pretenden alegar. Además, ninguna de las Reclamaciones Deficientes por Bonos ha proporcionado

6

documentación justificativa alguna, o bien adjuntó como documentación justificativa un extracto de corretaje, pero dicho extracto de corretaje no contenía ninguna evidencia relativa a los números CUSIP vinculados con los bonos emitidos por el Estado Libre Asociado de Puerto Rico o alguna de sus instrumentalidades, o con los fondos mutuos que pudieron haber invertido en los bonos emitidos por el Estado Libre Asociado de Puerto Rico o alguna de sus instrumentalidades. En consecuencia, las Reclamaciones Deficientes por Bonos no identifican la naturaleza ni la fuente de las responsabilidades alegadas. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes por Bonos.

13.     El 13 de agosto de 2019, el Tribunal dictó la *Orden que concedió parcialmente y levantó parcialmente la Moción de los Deudores para dictar una orden que A) autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF núm. 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores procesar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

14.     Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán derecho a oponerse a la reclamación como deficiente". *Id.*

15.     De conformidad con la Orden de Envío Autorizado, los Deudores han enviado al menos una carta a cada reclamante con sujeción a la presente Ducentésima nonagésima tercera objeción global esencialmente en el formato que se adjunta al presente documento como Anexo 1 (el "Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

7

> Se requiere información adicional para que los Deudores sigan examinando su reclamación. Los Deudores no pueden determinar a partir de la información que usted proporcionó cuál es la base de la reclamación que trata de alegar contra uno o más Deudores. Al responder a esta carta, rogamos se asegure de proporcionar toda la información solicitada, así como tantos detalles como sea posible aportar sobre su reclamación. Las descripciones que incorporó en su evidencia de reclamaciones eran demasiado vagas para que los Deudores comprendieran la reclamación que usted trata de alegar, de manera que rogamos proporcione más detalles y no se limite simplemente a copiar la misma información.

*Véase* ECF núm. 8453-1 en 2, 7.

16. Los Envíos recibidos por los reclamantes con sujeción a la presente Ducentésima nonagésima tercera objeción global exigían a los reclamantes responder antes del 23 de octubre de 2019 (dependiendo de la fecha en la que cada Envío fue realizado). *Véase id.* Además, en los Envíos se advertía a los Reclamantes de que "[s]i no responde a esta solicitud y no proporciona la información y la documentación requeridas para justificar su reclamación, es posible que los Deudores se vean en la obligación de oponerse a su reclamación". *Id.*

17. Ninguno de los Reclamantes identificados en el **Anexo A** ha respondido a los Envíos, o bien ha respondido a estos de forma insuficiente.

18. En consecuencia, el ELA, el SRE y la ACT, según proceda, no pueden determinar ni reconciliar la validez de las Reclamaciones Deficientes por Bonos. Por lo tanto, las Reclamaciones Deficientes por Bonos deben ser rechazadas en su totalidad.

19. En apoyo de lo anterior, el ELA, el SRE y la ACT invocan la *Declaración de Jay Herriman en apoyo de la Ducentésima nonagésima tercera objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones Deficientes por Bonos*, de fecha 22 de enero de 2021, adjunta al presente como **Anexo B**.

8

## NOTIFICACIÓN

20.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA, el SRE y la ACT notifican la presente Ducentésima nonagésima tercera objeción global a) a los acreedores individuales objeto de esta Ducentésima nonagésima tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 13* [ECF núm. 13512-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a esta Ducentésima nonagésima tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Ducentésima nonagésima tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El ELA, el SRE y la ACT sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

21.     La presente Ducentésima nonagésima tercera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones Deficientes por Bonos o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que

9

fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una

solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la

petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los

derechos que asisten a los Deudores, o a cualesquiera otras partes interesadas en los Casos de

Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal

aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

22.     No se ha radicado ninguna solicitud de remedio previa a la presente Ducentésima

nonagésima tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE el ELA, el SRE y la ACT solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda cualesquiera otros remedios que se consideren justos.

Fecha: 22 de enero de 2021
    San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Daniel J. Pérez-Refojos
USDC núm. 303909
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico*

11