## **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE TWO HUNDRED NINETY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO NO LIABILITY AND INCORRECT DEBTOR BONDHOLDER CLAIMS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor").

3. I submit this declaration in support of the *Two Hundred Ninety-Fifth Omnibus (Substantive) Objection of the Commonwealth of Puerto Rico to No Liability and Incorrect Debtor Bondholder Claims* (the "Two Hundred Ninety-Fifth Omnibus Objection").[3] I have personally reviewed the Two Hundred Ninety-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Two Hundred Ninety-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Two Hundred Ninety-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed in part and reclassified in part, as identified in Exhibit A to the Two Hundred Ninety-Fifth Omnibus Objection (collectively the "Claims to Be Partially Disallowed and Partially Reclassified").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Two Hundred Ninety-Fifth Omnibus Objection.

5. Proskauer identified CUSIPs associated with bonds issued by PRASA, for which the Commonwealth is not liable because PRASA is not a Title III Debtor, and for which the Commonwealth has not guaranteed payment. Proskauer also identified certain portions of claims purporting to assert liability on the basis of holding an ownership interest in one or more bonds issued (*i*) by COFINA and/or (*ii*) by HTA that have been defeased. Proskauer also identified certain portions of claims which identify the Commonwealth as the obligor, when such portion is properly asserted, if at all, against PREPA.

6. To the best of my knowledge, information, and belief, each of the Claims to Be Partially Disallowed and Partially Reclassified purport, in part, to assert liability against the Commonwealth associated with one or more bonds (*i*) based in part on amounts for which the Commonwealth is not liable because the claim asserts liability based on an ownership interest in bonds issued by PRASA, which is not a Title III Debtor, for amounts which the Commonwealth has not guaranteed repayment; (*ii*) based in part on an ownership interest in bonds issued by COFINA; and/or (*iii*) based in part on an ownership interest in bonds issued by HTA that have been defeased. Accordingly these portions of the Claims to Be Partially Disallowed and Partially Reclassified should be disallowed.

7. To the best of my knowledge, information, and belief, the remaining portion of the Claims to Be Partially Disallowed and Partially Reclassified identify the Commonwealth as obligor when the proof of claim and/or supporting documentation indicates that such portions are properly asserted, if at all, against PREPA. Accordingly, the remaining portion of each Claim to Be Partially Disallowed and Partially Reclassified should be reclassified to be asserted against PREPA.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 22, 2021

By: /s/ *Jay Herriman*
Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA DUCENTÉSIMA NONAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DE BONISTAS NO RELACIONADAS CON LA RESPONSABILIDAD Y ALEGADAS CONTRA EL DEUDOR INCORRECTO**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático)

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Ducentésima nonagésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones de bonistas no relacionadas con la responsabilidad y alegadas contra el deudor incorrecto* (la "Ducentésima nonagésima quinta objeción global").[3] He revisado personalmente la Ducentésima nonagésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima nonagésima quinta objeción global.

2

4. Durante el proceso de preparación para radicar la Ducentésima nonagésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Ducentésima nonagésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente, según se identifica en el Anexo A de la Ducentésima nonagésima quinta objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente").

5. Proskauer identificó números CUSIP vinculados con bonos emitidos por la AAA, en relación con los cuales el ELA no tiene responsabilidad porque la AAA no es un Deudor de Título III, y con respecto a los cuales el ELA no ha garantizado el pago. Proskauer también identificó determinadas partes de reclamaciones que pretenden alegar responsabilidad sobre la base de poseer una participación patrimonial en uno o más bonos emitidos $i$) por COFINA y/o $ii$) por la ACT que han sido cancelados. Proskauer identificó asimismo determinadas partes de reclamaciones que identifican al ELA como el deudor, cuando en todo caso lo correcto sería que dichas porciones se alegaran contra la AEE.

6. A mi fiel saber y entender, cada una de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente pretende alegar, en parte, responsabilidad contra el ELA vinculada con uno o más bonos $i$) que se basan parcialmente en montos por los que el ELA no tiene responsabilidad ya que la reclamación alega responsabilidad sobre la base de una participación patrimonial en bonos emitidos por la AAA, que no es un Deudor de Título III, por montos por los que el ELA no ha garantizado ningún reembolso; $ii$) se basan parcialmente en una participación patrimonial en bonos emitidos por COFINA; y/o $iii$) se basan parcialmente en una

3

participación patrimonial en bonos emitidos por la ACT que han sido cancelados. En consecuencia, dichas partes de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente deben ser rechazadas.

7. A mi fiel saber y entender, la parte restante de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente identifica al ELA como deudor, cuando la evidencia de reclamación y/o la documentación justificativa muestran que en todo caso lo correcto sería que dichas partes se alegaran contra la AEE. En consecuencia, la parte restante de cada una de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente debe ser reclasificada para alegarse contra la AEE.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 22 de enero de 2021

Por: [*Firma en la versión en inglés*]
Jay Herriman