# **EXHIBIT B**

## **Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                            Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE TWO HUNDRED NINETY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS THAT ARE PARTIALLY DEFICIENT AND PARTIALLY BASED ON INVESTMENTS IN MUTUAL FUNDS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors").[3]

3. I submit this declaration in support of the *Two Hundred Ninety-Second Omnibus (Substantive) Objection of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Based on Investment in Mutual Funds* (the "Two Hundred Ninety-Second Omnibus Objection"). I have personally reviewed the Two Hundred Ninety-Second Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Two Hundred Ninety-Second Omnibus Objection.

2

Case:17-03283-LTS Doc#:15722-3 Filed:01/22/21 Entered:01/22/21 22:23:32 Desc: Exhibit Exhbit B Declaration of Jay Herriman-English & Spanish Page 4 of 9

4. In preparation for filing the Two Hundred Ninety-Second Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Two Hundred Ninety-Second Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Two Hundred Ninety-Second Omnibus Objection. To the best of my knowledge, information, and belief, each of the claims identified on Exhibit A to the Two Hundred Ninety-Second Omnibus Objection, in part, purports to assert liability on the basis of an investment in one or more mutual funds that in turn may have invested in bonds issued by the Commonwealth and/or ERS. Further, with respect to the remaining portion of each Claim to Be Disallowed, the claimants have failed to provide information necessary to enable the Debtors to reconcile the claims, such as the CUSIP numbers or amounts of the specific bonds claimants intended to assert. Moreover, to the best of my knowledge, information, and belief, a letter was sent to each of the claimants who filed Claims to Be Disallowed requesting additional information and supporting documentation, but the claimants either did not respond, or their response still failed to provide information necessary to enable the Debtors to reconcile their claim, such as the specific CUSIP numbers and amounts of the bonds claimants seek to assert. Accordingly, the Debtors request that the Claims to Be Disallowed be disallowed in their entirety.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 22, 2021

By: /s/ *Jay Herriman*<br>Jay Herriman

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>  como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>  Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA DUCENTÉSIMA NONAGÉSIMA SEGUNDA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES PARCIALMENTE DEFICIENTES Y PARCIALMENTE BASADAS EN INVERSIONES EN FONDOS MUTUOS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores").[3]

3. Realizo esta declaración en apoyo de la *Ducentésima nonagésima segunda objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones*

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Ducentésima nonagésima segunda objeción global.

*basadas en inversiones en fondos mutuos* (la "Ducentésima nonagésima segunda objeción global"). He revisado personalmente la Ducentésima nonagésima segunda objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Ducentésima nonagésima segunda objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Ducentésima nonagésima segunda objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el Anexo A de la Ducentésima nonagésima segunda objeción global. A mi leal saber y entender, cada una de dichas reclamaciones identificadas en el Anexo A de la Ducentésima nonagésima segunda objeción global pretende alegar, en parte, responsabilidad sobre la base de una inversión en uno o más fondos mutuos que, a su vez, pudieron haber invertido en los bonos emitidos por el ELA y/o el SRE. Además, en lo que respecta a las partes restantes de cada una de las Reclamaciones que han de ser rechazadas, los reclamantes no han proporcionado la información necesaria para que los Deudores puedan reconciliar las reclamaciones, tales comolos números CUSIP o montos correspondientes a losbonos concretos que los reclamantes pretenden alegar. Es más, a mi fiel saber y entender, se ha enviado una carta a cada uno de los reclamantes que radicaron Reclamaciones que han de ser rechazadas, en la que se les solicita información adicional y documentación justificativa, pero los reclamantes o bien no respondieron, o bien sus respuestas tampoco aportaron la información necesaria para que los Deudores puedan reconciliar sus reclamaciones, tales como los números CUSIP y los montos concretos correspondientes a los bonos que los reclamantes pretenden

3

alegar. Por lo tanto, los Deudores solicitan que las Reclamaciones que han de ser rechazadas se rechacen en su totalidad.

5. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 22 de enero de 2021

Por: [*Firma en la versión en inglés*]
Jay Herriman