UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------x

In re:                                                            PROMESA
                                                                  Title III

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of                                    No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                                   (Jointly Administered)
et al.,

        Debtors.[1]

---------------------------------------------------------x

ORDER REQUIRING STATUS REPORT IN CONNECTION WITH URGENT
MOTION OF SUIZA DIARY CORP. REQUESTING A RULING OR ENTRY OF COMFORT ORDER

    Before the Court is the *Urgent Motion Requesting a Ruling or Entry of Comfort*

*Order as to the Non-Applicability of the Automatic Stay to a Limited Controversy with the*

*Commonwealth of Puerto Rico Arising Post-Petition and Having Post-Petition Effects but*

*Partially Based on a Pre-Petition Judgment Incorporating Milk Regulations Established by the*

*United States District Court for the District of Puerto Rico and Not Involving Property of the*

*Debtor or its Estate* (Docket Entry No. 13938 in Case No. 17-3283, the "Motion for Comfort

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-
3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four
Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of
Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax
ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case
numbers are listed as Bankruptcy Case numbers due to software limitations).

Order") filed by Suiza Dairy Corp. ("Suiza").  The Court has also received and reviewed the opposition to the Motion for Comfort Order filed by the Commonwealth of Puerto Rico (Docket Entry No. 14118 in Case No. 17-3283, the "Opposition"), and Suiza's reply (Docket Entry No. 14198 in Case No. 17-3283, the "Reply").

Through the Motion for Comfort Order, Suiza argues that the Commonwealth breached a pre-petition settlement agreement which was incorporated into a pre-petition judgment issued by the United States District Court for the District of Puerto Rico when the Office of Regulation of the Milk Industry ("ORIL") enacted Administrative Order 2020-22.[2] Suiza seeks a comfort order from this Court that it may pursue an action in federal court to enforce the pre-petition settlement agreement and judgment without violating the automatic stay. In the Motion for Comfort Order and the Opposition, the parties represent that Suiza has pursued two administrative avenues for relief concerning its objections to Administrative Order 2020-22, namely a Petition for Judicial Review before the Puerto Rico Court of Appeals, and a motion for reconsideration of Administrative Order 2020-22 at ORIL (together, the "Administrative Proceedings").  (See Motion for Comfort Order, Exhibits II and III; Opp. ¶¶ 11-13.)

The Court hereby ORDERS the parties to submit a joint status report on or before **February 8, 2021**, addressing the status of the Administrative Proceedings, and any other administrative or regulatory review process Suiza has pursued with respect to Administrative Order 2020-22.  In addition, the parties shall address whether all or some of the issues raised in the Motion for Comfort Order have been resolved through any such review process, and, if so, which issues remain for this Court's consideration in the Motion for Comfort Order.  If the issues

---

[2]    Capitalized terms not defined herein shall have the meanings given to them in the Motion for Comfort Order.

have not been fully resolved and issues remain for this Court's consideration, the parties shall

also include their respective positions as to the applicability of 11 U.S.C. § 362(a)(2) to the

proposed enforcement proceedings that are the subject of the Motion for Comfort Order.

      SO ORDERED.

Dated: January 25, 2021

                      /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                    United States District Judge