```
 1                    UNITED STATES DISTRICT COURT

 2                    DISTRICT OF PUERTO RICO

 3
     In Re:                    )        Docket No. 3:17-BK-3283(LTS)
 4                             )
                               )        PROMESA Title III
 5   The Financial Oversight and )
     Management Board for       )
 6   Puerto Rico,              )        (Jointly Administered)
                               )
 7   as representative of       )
                               )
 8   The Commonwealth of        )
     Puerto Rico, et al.       )        January 27, 2021
 9                             )
                Debtors,       )
10   _____

11

12                         OMNIBUS HEARING

13    BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

14              UNITED STATES DISTRICT COURT JUDGE

15      AND THE HONORABLE U.S. MAGISTRATE JUDGE JUDITH GAIL DEIN

16              UNITED STATES DISTRICT COURT JUDGE

17   _____

18
     APPEARANCES:
19
     ALL PARTIES APPEARING TELEPHONICALLY
20
     For The Commonwealth
21   of Puerto Rico, et al.:  Mr. Martin J. Bienenstock, PHV
                              Mr. Brian S. Rosen, PHV
22

23   For Puerto Rico Fiscal
     Agency and Financial
24   Advisory Authority:     Mr. Luis C. Marini Biaggi, Esq.

25
```

1   APPEARANCES, Continued:

2
    For Luis Duprey Rivera
3   and Joe Colon Perez:      Mr. Luis Rodriguez Munoz, Esq.

4   For Asociacion de
    Maestros de
5   Puerto Rico:             Mr. Jose Luis Barrios Ramos, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Proceedings recorded by stenography.  Transcript produced by
    CAT.
25

```
 1                              I N D E X
 2    WITNESSES:                                      PAGE
 3         None.
 4
 5    EXHIBITS:
 6         None.
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                                    San Juan, Puerto Rico

2                                    January 27, 2021

3                                    At or about 9:39 AM

4                        *     *     *

5          THE COURT:  Good morning.  This is Judge Swain

6    speaking.

7          MS. NG:  Good morning, Judge.  This is Lisa.

8    Everybody's here.

9          THE COURT:  Thank you.

10         Ms. Tacoronte, would you please call the case?

11         COURTROOM DEPUTY:  Good morning, Your Honor.

12         The United States District Court for the District of

13   Puerto Rico is now in session.  The Honorable Judge Laura

14   Taylor Swain presiding.  Also present, Honorable Magistrate

15   Judge Judith Dein.  God save the United States of America and

16   this Honorable Court.

17         *In re:  The Financial Oversight and Management Board*

18   *for Puerto Rico, as representative of the Commonwealth of*

19   *Puerto Rico*, PROMESA Title III, Case No. 2017-BK-3283, for

20   Omnibus Hearing.

21         THE COURT:  Thank you, Ms. Tacoronte.  And good

22   morning to you as well.

23         Buenos dias.  Welcome, counsel, parties in interest,

24   and members of the public and press.  Today's telephonic

25   Omnibus Hearing is occurring in what continue to be

1  challenging times for all stakeholders in these Title III

2  proceedings.  Our thoughts remain with all of the people on

3  the island and on the mainland, especially those who are

4  affected by the ongoing COVID-19 pandemic.  We continue to

5  hope for a healthy and safe new year for everyone.

6          To ensure the orderly operation of today's telephonic

7  hearing, all parties on the line must mute their phones when

8  they are not speaking.  If you are accessing these proceedings

9  on a computer, please be sure to select "mute" on both the

10  Court Solutions dashboard and your phone.  When you need to

11  speak, you must unmute on both the dashboard and the phone.

12          I remind everyone that consistent with court and

13  judicial conference policies, and the orders that have been

14  issued, no recording or retransmission of the hearing is

15  permitted by any person, including but not limited to the

16  parties, members of the public, or the press.  Violations of

17  this rule may be punished with sanctions.

18          I will be calling on each speaker during these

19  proceedings.  When I do, please identify yourself by name for

20  clarity of the record.  After the speakers listed on the

21  Agenda for each of today's matters have spoken, I may provide

22  an opportunity for other parties in interest to address

23  briefly any issues raised during the course of the

24  presentations that require further remarks.  If you wish to be

25  heard under these circumstances, please state your name

1   clearly at the appropriate time.  Don't just use the "wave" on

2   the Court Solutions dashboard.  I will call on the speakers if

3   more than one person wishes to be heard.

4        Please don't interrupt each other or me during the

5   hearing.  If we interrupt each other, it is difficult to

6   create an accurate transcript.  Having said that, I apologize

7   in advance for breaking this rule, as I may interrupt if I

8   have questions or if you go beyond your allotted time.  If

9   anyone has difficulty hearing me or another participant,

10  please say something immediately.

11       The Agenda, which was filed at Docket Entry No. 15730

12  in Case No. 17-3283, is available to the public at no cost on

13  Prime Clerk for those interested.  I encourage each speaker to

14  keep track of his or her own time.  The Court will also be

15  keeping track of the time and will alert each speaker when

16  there are two minutes remaining with one buzz, and when time

17  is up, with two buzzes.  Here is an example of the buzz sound.

18       (Sound played.)

19       THE COURT:  If your allocation is two minutes or

20  less, you will just hear the final two buzzes.  If we need to

21  take a break, I will direct everyone to disconnect and dial

22  back in at a specified time.

23       Before we address the first Agenda item, I would like

24  to acknowledge the Court's receipt and careful review of the

25  Fee Examiner's status report, which was filed at Docket Entry

1    No. 15666 in Case No. 17-3283.  The Court thanks the Fee

2    Examiner for his thorough report and for the essential

3    services he provides in these cases.  The Fee Examiner's

4    attention to the magnitude of expenses, the principles that

5    should govern billing in these cases, and the concerns that

6    the Court has repeatedly emphasized is important and much

7    appreciated.  These matters are never far from the Court's

8    mind and will inform the Court's final determinations.  They

9    should be heeded by all billing parties.

10          Next, we turn to the first Agenda item, which is, as

11   usual, status reports from the Oversight Board and AAFAF.  As

12   I requested in the Procedures Order, these reports have been

13   made in writing in advance of this telephonic hearing and are

14   available on the public docket at Docket Entry Nos. 15739 and

15   15738, respectively, in Case No. 17-3283.  I thank the

16   Oversight Board and AAFAF for the care and detail reflected in

17   the reports, which I find quite comprehensive.  I will call on

18   them, respectively, for any further remarks.

19          First, from the Oversight Board, would you unmute on

20   both the dashboard and the phone, and make any further

21   remarks?

22          MR. BIENENSTOCK:  Yes.  Good morning, Your Honor.

23   This is Martin Bienenstock of Proskauer Rose, LLP, for the

24   Oversight Board.  We don't have any additional comments, but

25   of course are ready to answer any questions.

1           THE COURT:  Thank you, Mr. Bienenstock, and good

2     morning.  I don't have further questions for you today.

3           MR. BIENENSTOCK:  Thank you.

4           THE COURT:  Thank you.

5           And for AAFAF, would anyone like to speak?

6           MR. MARINI BIAGGI:  Yes.  Good morning, Your Honor.

7     Luis Marini of Marini Pietrantoni Muniz for AAFAF.

8           If I may, Your Honor, I do have one point that I

9     would like to supplement our status report on briefly, just to

10    comment on one particular issue regarding the government's and

11    AAFAF's continuing efforts to resolve their claims.

12          AAFAF'S representatives have been working with the

13    Oversight Board and with the union, Employees' Union

14    representatives to issue a circular letter that informs

15    government agencies, instrumentalities, and public

16    corporations that they should resume reconciling non-filed

17    public employee claims according to the applicable ordinary

18    course procedures.  This should allow for the resolution of

19    employee claims for which no proof of claim was filed or

20    required.  And AAFAF intends to circulate the letter within a

21    week of it being finalized by the Board, AAFAF, and the

22    unions.

23          We just wanted to supplement that particular point to

24    our report.  And, of course, I'm available if the Court has

25    any questions on our status report.

1          THE COURT:  Thank you, Mr. Marini Biaggi.  I don't

2    have further questions on the status report, but I would like

3    to ask one follow-up question on the matter that you just

4    mentioned.

5          Will this reconciliation of the unfiled Employee

6    Union claims be part of what we've called the administrative

7    claim reconciliation, or ACR procedures that I've approved, or

8    will this be a different procedure?

9          MR. MARINI BIAGGI:  This claim -- no proof of claim

10    was filed, and, in fact, it's awaiting -- reconciled depending

11    on the agency's and the government's ordinary course.  So it's

12    a matter of administrative procedures, but the intent is that

13    they be reconciled and paid through the particular government

14    agency's ordinary procedures.

15          THE COURT:  Thank you.  So this would not be a matter

16    of referring something that was filed as a proof of claim into

17    the procedure, but, rather, looking at the union and the

18    agency's own records and resolving them in the ordinary

19    course; is that correct?

20          MR. MARINI BIAGGI:  That is correct, Your Honor.

21          THE COURT:  Thank you very much for helping me to

22    understand that.  And thank you for your report and

23    supplemental report.

24          Is there anyone else who wishes to comment or make a

25    question as to the reports?  I will wait 30 seconds so that

1   anyone can unmute on the dashboard and their phone and state

2   their name if they wish to be heard at this point.

3          MR. BARRIOS RAMOS:  Your Honor, Counsel Jose Luis

4   Barrios for Asociacion de Maestros de Puerto Rico, an

5   affiliate of American Federation of Teachers.  We would like

6   to -- I'm sorry, Your Honor.

7          THE COURT:  Yes.  You may proceed.  Would you just

8   state your name one more time?

9          MR. BARRIOS RAMOS:  Yes, Your Honor.  Attorney Jose

10  Luis Barrios on behalf of Asociacion de Maestros de Puerto

11  Rico, an affiliate of American Federation of Teachers.

12          Your Honor, respectfully, as to the point that

13  Counsel Marini just pointed out, and to address your question,

14  we have -- we have discussed with AAFAF and the Board that

15  these claims that are part -- or that are not dealt with in

16  the Plan of Adjustment, because the Board had stated on the

17  bar notice they -- that were not needed to be subject to a

18  proof of claim, now that we're working on this circular

19  letter, it includes not only grievances claims, but normal

20  employee claims and, also, tax refunds.  So, as you correctly

21  stated, it would be all those claims, not subject to a proof

22  of claim, that are part of the ACR Order that Your Honor

23  issued.

24          THE COURT:  Yes.  Are you still there?

25          MR. BARRIOS RAMOS:  Yes, I'm here, Your Honor.

1          THE COURT:  Okay.  It seemed like the sound cut off

2     for a moment there, so I wanted to make sure we are all still

3     here.

4          So you're indicating that this is normal employee

5     compensation, and other types of claims, as well as

6     grievances, and, also, tax refunds?  What sorts of taxes would

7     that be?

8          MR. BARRIOS RAMOS:  Oh, Your Honor, our understanding

9     of the ACR Order, and we're advocating on behalf of employee

10    claims and grievance claims, but it's that your -- the ACR

11    Order that you issued will comprehend any claims within those

12    definitions that were not subject to a proof of claim, that

13    were filed as of May 3rd, 2017.  And that's the point we want

14    to clear out or inquire to Mr. Marini.

15         THE COURT:  Yes.  Thank you.

16         Mr. Marini, would you please further clarify?

17         MR. MARINI BIAGGI:  Yes, Your Honor.

18         First, I will clarify that, you know, AAFAF will work

19    with the unions to clear up any language or any issue also of

20    how does the Court -- yes, Your Honor.  The circular letter

21    refers to various types of employee claims.  It refers to

22    pension claims of the employees, to complaints and grievances,

23    public employee claims.  And what it provides is that they

24    will continue in the ordinary process of evaluation,

25    resolution, and its required payment in the ordinary course of

1  the particular government agency's claims.

2      I believe it is also contemplating the ACR that

3  provides, for that type of claim, they will be evaluated and

4  processed in the ordinary course.

5      THE COURT:  So, a few moments ago I think I

6  understood you to say that these would not technically be in

7  the ACR, because the ACR procedure itself applies to claims

8  that were actually filed as proofs of claims that fall into

9  these categories; but that pursuant to this letter

10  arrangement, they will be handled in the ordinary course in a

11  way that is similar to the ACR.  Is that correct?

12      MR. MARINI BIAGGI:  They will be handled in the

13  ordinary course of that particular agency's or government's

14  process.  They will be evaluated, resolved, and in the course

15  -- paid in the particular agency's or government's ordinary

16  course.

17      THE COURT:  Thank you.

18      Mr. Barrios, does that answer your question?

19      MR. BARRIOS RAMOS:  Your Honor, if I may, our

20  understanding, as I expressed before, is that pursuant to the

21  language of the ACR Order entered by the Court, claims not

22  subject to a proof of claim, but that do qualify as employee

23  claims, grievance claims under the definition of the ACR

24  Order, are part of the ACR Order, whether they are subject to

25  a proof of claim or not.  And that they will be dealt with,

1    like Mr. Marini said, in the ordinary course, throughout the

2    existing administrative proceedings, but that they will also,

3    in the case that the claimant is successful in their claim, be

4    paid in the ordinary course, pursuant to the same terms as the

5    ACR Order established for claims subject to a proof of claim.

6              THE COURT:  All right.  I don't have the specific ACR

7    Order in front of me right now.  But Mr. Marini has said that

8    AAFAF is engaged in these conversations, and so what I would

9    urge you to do is to take up directly with Mr. Marini anything

10   that you feel is ambiguous in working toward this letter,

11   understanding; and if anything further needs to be brought to

12   the Court to implement it, I will trust that that will be done

13   in a way consistent with the Case Management Order.

14             Is that satisfactory to you?

15             MR. BARRIOS RAMOS:  Yes, Your Honor.

16             THE COURT:  Thank you, Mr. Barrios.  And thank you,

17   Mr. Marini.

18             Does anyone else wish to be heard at this point?  I

19   will wait another 20 seconds, in case anyone wants to state

20   his name or her name.

21             MR. BARRIOS RAMOS:  Your Honor, only one last point,

22   if I may.  This matter --

23             THE COURT:  Is this Mr. Barrios again?

24             MR. BARRIOS RAMOS:  I'm sorry, Your Honor.

25             We'd just like to make reference that this matter as

1     to the claims that are not subject to a proof of claim be also

2     part of the ACR Order.  It's covered in the first footnote of

3     the ACR Order.

4            THE COURT:  All right.  Thank you.

5            Again, if this is not something that you are able to

6     discuss and reconcile in the discussions, I will expect that

7     some sort of appropriate application would be made to the

8     Court; but it does sound as though AAFAF's goal is to come up

9     with an understanding that is comprehensive and workable.  And

10    so I will expect that Mr. Marini will take seriously any

11    concern about coordination of the procedures, as you do, so

12    that the letter will be appropriate.  Thank you.

13           MR. BARRIOS RAMOS:  Thank you, Your Honor.  And I --

14    and I just misspoke.  It's the third footnote of the ACR

15    Order.  Sorry, Your Honor.

16           THE COURT:  All right then.  The third footnote of

17    the ACR Order is what needs particular attention in these

18    discussions.  Thank you again, Mr. Barrios.

19           MR. BARRIOS RAMOS:  Thank you, Your Honor.

20           THE COURT:  All right.  I'll wait a couple more

21    seconds for anyone else.

22           (No response.)

23           THE COURT:  Very well then.  We will now go on to the

24    one contested matter that is on today's Agenda, which is the

25    Duprey Rivera Motion for Relief from the Automatic Stay, which

1  is Docket Entry No. 15186 in Case No. 17-3283.  We have

2  allotted ten minutes for the argument of that motion,

3  beginning with Mr. Rodriguez Munoz for three minutes for the

4  movants.

5         Mr. Rodriguez Munoz, would you please unmute on the

6  dashboard and on your phone?

7         MR. RODRIGUEZ MUNOZ:  Good morning, Your Honor.  I am

8  Attorney Luis Rodriguez Munoz.  I'm with the law firm of

9  Landron Vera.  We represent Mr. Luis Duprey and Mr. Joe Colon

10  Perez.

11         THE COURT:  Good morning.

12         MR. RODRIGUEZ MUNOZ:  I am ready to proceed.

13         THE COURT:  Yes.  You may proceed now.

14         MR. RODRIGUEZ MUNOZ:  Thank you, Your Honor.

15         Again, I would start off by apologizing for the

16  mishap the last time this matter was scheduled.

17  Unfortunately, my office and myself were not very versed in

18  the Court Solutions system.

19         That said, Your Honor, we ask again that the Court

20  grant the Lift of Stay in the instant case.  What we're asking

21  the Court to do, and for -- to be paid, Your Honor.  It's a

22  very minimal sum.  We're only looking that the government pay

23  $33,203.75, in a judgment that for the most part has been

24  paid, but for the attorney fees, Your Honor.  These attorney

25  fees are imposed based on statute.  PROMESA, as the Court is

1   aware, did not change or alter our obligation under these

2   statutes.  And it's very important, Your Honor, that this be

3   allowed to proceed.

4           Unfortunately, the legislature does not permit

5   attorneys to cost the expense of these litigations to their

6   particular clients, but, instead, has designed it in such a

7   way to make these fees punitive, Your Honor, because, as was

8   the result here, this was an unlawful termination.  And as a

9   result --

10          (Sound played.)

11          MR. RODRIGUEZ MUNOZ:  -- there's a desire to further

12  and promote lawyers from taking these cases.  If these cases

13  are not allowed and allowed to linger within the PROMESA

14  bankruptcy, Your Honor, it would have a very chilling effect

15  on the services rendered in these communities, Your Honor.

16          Again, we believe in our motion we set out the

17  parameters sufficient for the stay to be lifted, allow this

18  matter to move forward, and to a final conclusion, Your Honor.

19  With that said, Your Honor, I yield the rest of my time but

20  for the rebuttal.

21          THE COURT:  I do have a question for you.  In your

22  motion, you cite Section 523(a) of the Bankruptcy Code,

23  arguing that this is a punitive award, and, therefore,

24  something that could be classified as an intentional tort and

25  nondischargeable.  As the debtor has pointed out in the

1    Response, Section 523 applies to individual debtors, and is

2    not incorporated into PROMESA.  Do you have a response to

3    that?

4            MR. RODRIGUEZ MUNOZ:  Your Honor, I would submit,

5    Your Honor, this is a nondischargeable debt, because, again,

6    the underlying litigation in this case was a wrongful

7    discharge.  As such, we have an intentional act to remove this

8    person from this position.  Normally, all of this would be

9    included as direct payment to the plaintiff in that case,

10   Mr. Luis Duprey Rivera.

11           And that's our basis, Your Honor, for understanding

12   that the case is nondischargeable.

13           THE COURT:  Thank you.

14           And so I will turn now to counsel for AAFAF,

15   Mr. Marini Biaggi.

16           MR. MARINI BIAGGI:  Good morning, Your Honor.  Luis

17   Marini of Marini Pietrantoni Muniz for AAFAF.  May I be heard,

18   Your Honor?

19           THE COURT:  Yes, please.

20           MR. MARINI BIAGGI:  Your Honor, the motion seeks to

21   lift the automatic stay to allow movants to collect a

22   prepetition award of attorneys' fees issued by the

23   Commonwealth Court in connection with prepetition litigation.

24   However, the movants have failed to make any showing that

25   cause exists to lift the automatic stay among the factors used

1    by the courts in this circuit to make such a determination.

2    Further, allowing movants to pursue collection of their claim

3    against HTA would unduly effect HTA's restructuring efforts

4    and prejudice similarly situated creditors.

5            We went, in our objection, through the case law,

6    through the movants' factors, and we submitted there that all

7    of the factors used by this Court and other courts in this

8    circuit, all of the *Sonnax* factors, merit denial of the

9    motion.  I will briefly mention some of the more critical

10   ones.

11           First, the first *Sonnax* factor, which talks about

12   whether relief would result in complete or partial resolution

13   of the issues, weighs against lifting the stay.  That factor

14   does not focus on the issues in the stay prepetition

15   litigation.  It focuses on the issues of whether resolution of

16   the litigation would resolve issues relevant to the bankruptcy

17   case.

18           Movants have not identified any bankruptcy issue

19   related to HTA's Title III case that will be resolved by

20   allowing the claim to continue.  In fact, no bankruptcy issue

21   will be resolved, other than going contrary to the goal of

22   centralizing disputes concerning the government as part of the

23   reorganization.

24           The second *Sonnax* factor, the lack of any connection

25   with or interference with the bankruptcy case, also weighs

1    against lifting the stay.  If movant seeks relief to -- of the

2    stay to require HTA to disburse tens of thousands of dollars

3    for an attorney fee award, allowing movant to collect their

4    claim would interfere with the orderly restructuring of HTA's

5    debts, preferring one creditor over another.

6            Now, the issue of dischargeability that Your Honor

7    asked brother counsel about, they assert that the debt is --

8    or the claim is nondischargeable.  As we said in our paper, we

9    submit that that argument is misplaced.

10           First, the section that they rely on, Bankruptcy Code

11   Section 523, was not incorporated into PROMESA.

12           Second, even if it were incorporated, it does not

13   apply to movants' claim, because that applies to debts arising

14   from willful and malicious injury by the debtor.  For this

15   exception to apply, as we cited in our papers to cases from

16   the First Circuit, it requires a showing of intent to injure,

17   which hasn't been shown --

18           (Sound played.)

19           MR. MARINI BIAGGI:  -- or proven in the motion.

20           Third, even if the claim were to be exempt from

21   discharge, which it is not, that does not mean that lifting

22   the stay for collection would not interfere with the ongoing

23   restructuring efforts.

24           Fourth *Sonnax* factor doesn't apply.  There's no

25   specialized tribunal to hear this case.

1          Fifth *Sonnax* factor doesn't apply.  There's no

2   insurance carrier that's accepted financial responsibility for

3   the claim.

4          Sixth doesn't apply.  There are no third parties

5   other than the debtor that have been identified in the

6   action.

7          The seventh was a litigation with prejudice to

8   interests of other creditors, does not support granting the

9   motion, because it would, in fact, prejudice and place an

10  undue advantage, this movant above other creditors that are

11  waiting for a plan of adjustment to be filed to make payment

12  on their claims.

13         Tenth factor, the interest of judicial economy,

14  weighs against granting the motion.  Judgment has already been

15  entered, and there's no pending litigation to be resolved.

16         Finally, the 12th factor, the balancing of harms

17  weighs also against granting the motion.  The impact on HTA,

18  if the motion were granted, would outweigh any harms that

19  movant would suffer if the stay remains in place.  HTA will be

20  required to disburse tens of thousands of dollars, and the

21  divergence of HTA's resources will prejudice the interests of

22  other similarly situated creditors that are waiting for the

23  plan of adjustment to be filed.

24         Your Honor, we detailed our objections and the case

25  law supporting it in our pleadings.  I read from them.  And

1  I'm available to answer any questions that the Court may have.

2          THE COURT:  Thank you, Mr. Marini.  I don't have

3  questions for you, and so I will now turn back to

4  Mr. Rodriguez Munoz for his rebuttal.

5          Mr. Rodriguez Munoz, you have to unmute on your phone

6  and the dashboard.

7          MR. RODRIGUEZ MUNOZ:  Attorney Luis Rodriguez Munoz

8  again, Your Honor, just very briefly.

9          The original judgment in this case was for $132,815,

10  that -- the bulk of which has been paid, Your Honor.  So the

11  impact, I would disagree with brother counsel in that front.

12  Again, we're talking about a minimal amount of $33,203.75 of

13  payment that would then seal the judgment and have it complied

14  and fulfilled, Your Honor.

15          But more importantly, I think that, you know, there

16  is a serious concern that -- what it would do within the

17  community, if it's known that attorneys who represent

18  individuals such as these, with little income to seek relief

19  from the Court, knowing that they may never get paid, is a

20  concern and a chilling effect that it would have in the legal

21  community here.

22          So, Your Honor, I do believe there is ample reason

23  for lifting the stay, and would ask the Court to confirm the

24  motion and so grant it.

25          THE COURT:  Now, I am, actually, in light of that

1    remark, going to direct a question to Mr. Marini.

2            Mr. Marini, this is a claim that accrued and a

3    judgment that was entered prior to the filing of the Title

4    III.  Do you have a comment as to Mr. Rodriguez' argument that

5    not lifting the stay to pay this prepetition judgment now

6    would have a chilling effect on lawyers who may post petition

7    be asked to take up these sorts of cases?

8            MR. MARINI BIAGGI:  Yes, Your Honor.  Luis Marini for

9    AAFAF.

10           Your Honor, we address that point in our -- in our

11   papers, and part of what we mention is that that argument

12   should be unavailing in this context.  I mean, the First

13   Circuit has recognized that even worthy considerations should

14   be weighed against the impact on HTA's restructuring efforts

15   and overall fiscal health.  Opening the gates to this type of

16   action would affect the restructuring efforts of HTA and its

17   fiscal health, and would put these type of creditors in a

18   different position than other creditors of all prepetition

19   judgment or prepetition claims.

20           We cited to a case for this proposition in our

21   papers, and we think that it does not rise to the level of

22   requiring or meriting that the motion be granted.

23           THE COURT:  Mr. Marini, I probably wasn't as clear as

24   I should have been in my question.  Mr. Rodriguez is, at least

25   in part, expressing a concern about a situation that could

1    arise post petition.  Say, someone whose employment was

2    interfered with or terminated after the Title III began, and

3    who goes to a lawyer today to seek to bring a complaint or a

4    suit about something that happened, say, in 2019.  Would there

5    be any reason for that sort of a lawyer to be concerned that

6    the Title III stay would interfere with the ability to seek,

7    ultimately, compensation for a post-petition wrong, if you

8    will?

9         MR. MARINI BIAGGI:  Sure, Your Honor.  I understand

10   that -- two points that I would mention in response.  At that

11   point, assuming that a case is filed, and judgment is entered,

12   and that the matter is not resolved consensually, then that --

13   the parties would have to go through the lift of stay

14   protocol, and HTA -- decide if the stay is going to be lifted

15   or not, and the issue brought to Your Honor.

16        But from a practical perspective, Your Honor, I think

17   this is the only case that we've had, either post or

18   prepetition, asserting this type of controversy.  It's not --

19   it hasn't been a common or otherwise repeated issue.  And we

20   don't think that it merits opening the doors so -- to allow

21   claimants to file these claims.  I mean, these claims continue

22   to be filed, and matters continue to be asserted.  And we

23   don't think that it would have a chilling effect on the

24   ability of lawyers to bring this action and then discuss

25   whether the stay would continue to remain in place or seek

1  remedies before the Court.

2  THE COURT:  Thank you.

3  Mr. Rodriguez Munoz, you may now complete your

4  rebuttal.

5  MR. RODRIGUEZ MUNOZ:  Well, Your Honor, I would point

6  out that -- again, for the record, this is Attorney Luis

7  Rodriguez Munoz.

8  The fact that there is not a deluge of these cases,

9  Your Honor, should be taken as a consideration that they're

10  being paid, Your Honor.  As I pointed out, the bulk of this

11  judgment has been paid.  And if they've not handled it the

12  same -- Your Honor, I would suggest that the agency is

13  conceding that this is an obligation that won't go away, even

14  with the instant bankruptcy.  And, therefore, there's no

15  reason to delay it until there's a plan or some other

16  procedures --

17  (Sound played.)

18  MR. RODRIGUEZ MUNOZ:  -- on the matter, Your Honor.

19  So with that, Your Honor, again, I yield back.

20  THE COURT:  Thank you very much.

21  I read very carefully the submissions before this

22  argument, and I've listened very carefully to the argument.  I

23  will now render my oral decision.

24  Before the Court is Mr. Luis Duprey Rivera's Motion

25  for Relief from the Automatic Stay Pursuant to PROMESA

1    Sections 4, 7, 301(c)(3), 304(h), and Bankruptcy Code Sections

2    362(b)(4) and (d)(1), which is Docket Entry No. 15186 in Case

3    No. 17-3283 -- I'll refer to it as the Motion -- filed by Luis

4    Duprey Rivera and Joe Colon Perez, who I will refer to as the

5    Movants.

6         The Motion requests relief from the automatic stay

7    with respect to enforcement of an award of statutory

8    attorneys' fees and interest against the Puerto Rico Highways

9    and Transportation Authority, which I will refer to as HTA.

10        The Court has reviewed the relevant pleadings

11   carefully.  The Court now makes its oral ruling as to the

12   Motion, and reserves the right to make nonsubstantive

13   corrections in the transcript of this ruling.  The Court has

14   jurisdiction of the Motion pursuant to Section 306(a) of

15   PROMESA.

16        The Motion seeks relief under Section 362(d)(1) of

17   the Bankruptcy Code, which permits a court to grant relief

18   from the automatic stay for cause.  To determine whether cause

19   exists to lift the automatic stay, courts in this circuit

20   examine the factors enumerated by the United States Court of

21   Appeals for the Second Circuit in *In re Sonnax Industries,*

22   *Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).  *See Autonomous*

23   *Municipality of Ponce v. Financial Oversight and Management*

24   *Board for Puerto Rico*, 939 F.3d 356, 362 (1st Cir. 2019).

25        Of particular relevance to the instant case are the

1  following factors identified in the *Sonnax* decision:  Whether

2  relief would result in a partial or complete resolution of the

3  issues; lack of any connection with or interference with the

4  bankruptcy case; whether the action primarily involves third

5  parties; whether litigation in another forum would prejudice

6  the interests of other creditors; and the impact of the stay

7  on the parties and the balance of harms.  I quote from *Sonnax*,

8  907 F.2d, at 1286.

9        Here, Movants have failed to demonstrate that the

10  *Sonnax* criteria weigh in their favor.  Lifting the automatic

11  stay would not result in the resolution of issues that would

12  aid the Title III cases.  Movants have already liquidated

13  their claim.  The only remaining procedure appears to be the

14  collection of the judgment.

15        To the extent that HTA's creditors ultimately may not

16  receive a full recovery under a future plan of adjustment,

17  payment of Movants' claim in full may directly affect

18  resources available to satisfy other creditors' claims.  Thus,

19  lifting the automatic stay would prejudice other similarly

20  situated creditors, all of whom will have to wait for

21  confirmation of a plan of adjustment before receiving payment

22  on their claims.

23        Movants argue that Section 523(a)(6) of the

24  Bankruptcy Code precludes the discharge of their claim by a

25  future plan of adjustment.  However, the provisions of the

1    Bankruptcy Code that are applicable in Title III of PROMESA

2    are enumerated in Section 301 of PROMESA, which is 48 U.S.C.

3    Section 2161(a).  Section 523 of the Bankruptcy Code is not on

4    that list.

5         Additionally, Section 523(a)(6) only applies to

6    claims against individuals.  The Title III debtors are not

7    individuals, and claims against them, therefore, would not

8    fall within the scope of 523(a)(6), even if that section were

9    incorporated into PROMESA.  Movants have, therefore, presented

10   no basis for applying Section 523(a)(6) in these Title III

11   cases.

12        Accordingly, Movants have not proffered any valid

13   basis for relief from the automatic stay, and have failed,

14   therefore, to show that there is cause for relief from the

15   automatic stay.  The Motion is denied, and the Court will

16   enter an appropriate order.

17        Thank you, Mr. Rodriguez and Mr. Marini, for your

18   arguments.

19        Is there any other matter that needs to be addressed

20   today?  We have come to the end of the Agenda of matters to be

21   addressed.  I will wait 30 seconds, and anyone who wishes to

22   be heard should state their name.

23        (No response.)

24        THE COURT:  This concludes the hearing Agenda for the

25   January Omnibus Hearing.  The next scheduled hearing is the

1  February 1st, 2021, hearing concerning Omnibus Claim

2  Objections.  That telephonic hearing will begin at 9:30 AM

3  Atlantic Standard Time, which is 8:30 AM Eastern Time.  The

4  Court issued a procedures order providing logistical details

5  earlier this week.

6          As always, I would like to thank the court staff in

7  Puerto Rico, Boston, and New York for their work in preparing

8  for and conducting today's hearing, and their outstanding

9  ongoing support of the administration of these very complex

10  cases under very challenging circumstances.  Stay safe and

11  keep well, everyone.  We are adjourned.

12          (At 10:20 AM, proceedings concluded.)

13                    *      *      *

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   U.S. DISTRICT COURT    )

 2   DISTRICT OF PUERTO RICO)

 3

 4        I certify that this transcript consisting of 29 pages is

 5   a true and accurate transcription to the best of my ability of

 6   the proceedings in this case before the Honorable United

 7   States District Court Judge Laura Taylor Swain, and the

 8   Honorable United States Magistrate Judge Judith Gail Dein on

 9   January 27, 2021.

10

11

12

13   S/ Amy Walker

14   Amy Walker, CSR 3799

15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```

< Dates >
February 1st, 2021 28:1
January 27, 2021 1:16, 4:2, 29:9
May 3rd, 2017 11:13
$132,815 21:9
$33,203.75 15:23, 21:12

< 1 >
10:20 28:12
1280 25:22
1286 25:22
1286. 26:8
12th 20:16
15186 15:1, 25:2
15666 7:1
15730 6:11
15738 7:15
15739 7:14
17-3283 6:12, 25:3
17-3283. 7:1, 7:15, 15:1
17-BK-3283(LTS 1:6
1990). 25:22
1st 25:24

< 2 >
20 13:19
2017-BK-3283 4:19
2019). 25:24
2019. 23:4
2161(a 27:3
29 29:4
2d 25:22

< 3 >
30 9:25, 27:21
301 27:2
301(c)(3 25:1
304(h 25:1
306(a 25:14
356 25:24
362 25:24
362(b)(4 25:2
362(d)(1 25:16

3799 29:14
3: 1:6

< 4 >
4 25:1
48 27:2

< 5 >
523 17:1, 19:11, 27:3
523(a 16:22
523(a)(6 26:23, 27:5, 27:8, 27:10

< 7 >
7 25:1

< 8 >
8:30 28:3

< 9 >
907 25:22, 26:8
939 25:24
9:30 28:2
9:39 4:3

< A >
AAFAF 7:11, 7:16, 8:5, 8:7, 8:11, 8:20, 8:21, 10:14, 11:18, 13:8, 14:8, 17:14, 17:17, 22:9
AAFAF'S 8:12
ability 23:6, 23:24, 29:5
able 14:5
above 20:10
accepted 20:2
accessing 5:8
according 8:17
Accordingly 27:12
accrued 22:2
accurate 6:6, 29:5
acknowledge 6:24

ACR 9:7, 10:22, 11:9, 11:10, 12:2, 12:7, 12:11, 12:21, 12:23, 12:24, 13:5, 13:6, 14:2, 14:3, 14:14, 14:17
act 17:7
action 20:6, 22:16, 23:24, 26:4
actually 12:8, 21:25
additional 7:24
Additionally 27:5
address 5:22, 6:23, 10:13, 22:10
addressed 27:19, 27:21
adjourned 28:11
Adjustment 10:16, 20:11, 20:23, 26:16, 26:21, 26:25
Administered 1:11
administration 28:9
administrative 9:6, 9:12, 13:2
advance 6:7, 7:13
advantage 20:10
Advisory 1:41
advocating 11:9
affect 22:16, 26:17
affected 5:4
affiliate 10:5, 10:11
agencies 8:15
Agency 1:40, 9:11, 9:14, 9:18, 12:1, 12:13, 12:15, 24:12
Agenda 5:21, 6:11, 6:23, 7:10, 14:24, 27:20, 27:24
ago 12:5
aid 26:12
al 1:16, 1:35
alert 6:15
allocation 6:19
allotted 6:8, 15:2
allow 8:18, 16:17, 17:21, 23:20

allowed 16:3, 16:13
allowing 18:2,
    18:20, 19:3
already 20:14, 26:12
alter 16:1
ambiguous 13:10
America 4:15
American 10:5, 10:11
among 17:25
amount 21:12
ample 21:22
Amy 29:13, 29:14
answer 7:25, 12:18,
    21:1
apologize 6:6
apologizing 15:15
Appeals 25:21
APPEARANCES 1:30,
    2:2
APPEARING 1:32
appears 26:13
applicable 8:17,
    27:1
application 14:7
applies 12:7, 17:1,
    19:13, 27:5
apply 19:13, 19:15,
    19:24, 20:1, 20:4
applying 27:10
appreciated 7:7
appropriate 6:1,
    14:7, 14:12, 27:16
approved 9:7
argue 26:23
arguing 16:23
argument 15:2, 19:9,
    22:4, 22:11, 24:22
arguments 27:18
arise 23:1
arising 19:13
arrangement 12:10
Asociacion 2:7,
    10:4, 10:10
assert 19:7
asserted 23:22
asserting 23:18
assuming 23:11
Atlantic 28:3
attention 7:4, 14:17
Attorney 10:9, 15:8,

15:24, 19:3, 21:7,
    24:6
attorneys 16:5,
    17:22, 21:17, 25:8
Authority 1:41, 25:9
Automatic 14:25,
    17:21, 17:25,
    24:25, 25:6,
    25:18, 25:19,
    26:10, 26:19,
    27:13, 27:15
Autonomous 25:22
available 6:12,
    7:14, 8:24, 21:1,
    26:18
awaiting 9:10
award 16:23, 17:22,
    19:3, 25:7
aware 16:1
away 24:13


< B >
back 6:22, 21:3,
    24:19
balance 26:7
balancing 20:16
Bankruptcy 16:14,
    16:22, 18:16,
    18:18, 18:20,
    18:25, 19:10,
    24:14, 25:1,
    25:17, 26:4,
    26:24, 27:1, 27:3
bar 10:17
BARRIOS 2:9, 10:3,
    10:4, 10:9, 10:10,
    10:25, 11:8,
    12:18, 12:19,
    13:15, 13:16,
    13:21, 13:23,
    13:24, 14:13,
    14:18, 14:19
based 15:25
basis 17:11, 27:10,
    27:13
began 23:2
begin 28:2
beginning 15:3
behalf 10:10, 11:9

believe 12:2, 16:16,
    21:22
best 29:5
beyond 6:8
BIAGGI 1:41, 8:6,
    9:1, 9:9, 9:20,
    11:17, 12:12,
    17:15, 17:16,
    17:20, 19:19,
    22:8, 23:9
BIENENSTOCK 1:35,
    7:22, 7:23, 8:1,
    8:3
billing 7:5, 7:9
Board 1:10, 4:17,
    7:11, 7:16, 7:19,
    7:24, 8:13, 8:21,
    10:14, 10:16,
    25:24
Boston 28:7
break 6:21
breaking 6:7
Brian 1:36
briefly 5:23, 8:9,
    18:9, 21:8
bring 23:3, 23:24
brother 19:7, 21:11
brought 13:11, 23:15
Buenos 4:23
bulk 21:10, 24:10
buzz 6:16, 6:17
buzzes 6:17, 6:20


< C >
C. 1:41
call 4:10, 6:2, 7:17
called 9:6
calling 5:18
care 7:16
careful 6:24
carefully 24:21,
    24:22, 25:11
carrier 20:2
Case 4:10, 4:19,
    6:12, 7:1, 7:15,
    13:3, 13:13,
    13:19, 15:1,
    15:20, 17:6, 17:9,
    17:12, 18:5,

18:17, 18:19,
18:25, 19:25,
20:24, 21:9,
22:20, 23:11,
23:17, 25:2,
25:25, 26:4, 29:6
cases 7:3, 7:5,
16:12, 19:15,
22:7, 24:8, 26:12,
27:11, 28:10
CAT 2:48
categories 12:9
cause 17:25, 25:18,
27:14
centralizing 18:22
certify 29:4
challenging 5:1,
28:10
change 16:1
chilling 16:14,
21:20, 22:6, 23:23
Cir 25:22, 25:24
Circuit 18:1, 18:8,
19:16, 22:13,
25:19, 25:21
circular 8:14,
10:18, 11:20
circulate 8:20
circumstances 5:25,
28:10
cite 16:22
cited 19:15, 22:20
Claim 8:19, 9:7,
9:9, 9:16, 10:18,
10:22, 11:12,
12:3, 12:22,
12:25, 13:3, 13:5,
14:1, 18:2, 18:20,
19:4, 19:8, 19:13,
19:20, 20:3, 22:2,
26:13, 26:17,
26:24, 28:1
claimant 13:3
claimants 23:21
claims 8:11, 8:17,
8:19, 9:6, 10:15,
10:19, 10:20,
10:21, 11:5,
11:10, 11:11,
11:21, 11:22,

11:23, 12:1, 12:7,
12:8, 12:21,
12:23, 13:5, 14:1,
20:12, 22:19,
23:21, 26:18,
26:22, 27:6, 27:7
clarify 11:16, 11:18
clarity 5:20
classified 16:24
clear 11:14, 11:19,
22:23
clearly 6:1
Clerk 6:13
clients 16:6
Code 16:22, 19:10,
25:1, 25:17,
26:24, 27:1, 27:3
collect 17:21, 19:3
collection 18:2,
19:22, 26:14
Colon 2:5, 15:9,
25:4
comment 8:10, 9:24,
22:4
comments 7:24
common 23:19
Commonwealth 1:15,
1:34, 4:18, 17:23
communities 16:15
community 21:17,
21:21
compensation 11:5,
23:7
complaint 23:3
complaints 11:22
complete 18:12,
24:3, 26:2
complex 28:9
complied 21:13
comprehend 11:11
comprehensive 7:17,
14:9
computer 5:9
conceding 24:13
concern 14:11,
21:16, 21:20,
22:25
concerned 23:5
concerning 18:22,
28:1

concerns 7:5
concluded. 28:12
concludes 27:24
conclusion 16:18
conducting 28:8
conference 5:13
confirm 21:23
confirmation 26:21
connection 17:23,
18:24, 26:3
consensually 23:12
consideration 24:9
considerations 22:13
consistent 5:12,
13:13
consisting 29:4
contemplating 12:2
contested 14:24
context 22:12
continue 4:25, 5:4,
11:24, 18:20,
23:21, 23:22,
23:25
Continued 2:2
continuing 8:11
contrary 18:21
controversy 23:18
conversations 13:8
coordination 14:11
corporations 8:16
correct 9:19, 9:20,
12:11
corrections 25:13
correctly 10:20
cost 6:12, 16:5
Counsel 4:23, 10:3,
10:13, 17:14,
19:7, 21:11
couple 14:20
course 5:23, 7:25,
8:18, 8:24, 9:11,
9:19, 11:25, 12:4,
12:10, 12:13,
12:14, 12:16,
13:1, 13:4
COURTROOM 4:11
courts 18:1, 18:7,
25:19
covered 14:2
COVID-19 5:4

create 6:6
creditor 19:5
creditors 18:4,
   20:8, 20:10,
   20:22, 22:17,
   22:18, 26:6,
   26:15, 26:18,
   26:20
criteria 26:10
critical 18:9
CSR 29:14
cut 11:1


< D >
d)(1 25:2
dashboard 5:10,
   5:11, 6:2, 7:20,
   10:1, 15:6, 21:6
de 2:7, 2:8, 10:4,
   10:10
dealt 10:15, 12:25
debt 17:5, 19:7
debtor 16:25, 19:14,
   20:5
Debtors 1:18, 17:1,
   27:6
debts 19:5, 19:13
decide 23:14
decision 24:23, 26:1
definition 12:23
definitions 11:12
Dein 1:26, 4:15,
   29:8
delay 24:15
deluge 24:8
demonstrate 26:9
denial 18:8
denied 27:15
depending 9:10
DEPUTY 4:11
designed 16:6
desire 16:11
detail 7:16
detailed 20:24
details 28:4
determination 18:1
determinations 7:8
determine 25:18
dial 6:21

dias 4:23
different 9:8, 22:18
difficult 6:5
difficulty 6:9
direct 6:21, 17:9,
   22:1
directly 13:9, 26:17
disagree 21:11
disburse 19:2, 20:20
discharge 17:7,
   19:21, 26:24
dischargeability
   19:6
disconnect 6:21
discuss 14:6, 23:24
discussed 10:14
discussions 14:6,
   14:18
disputes 18:22
District 1:1, 1:3,
   1:24, 1:25, 1:27,
   4:12, 29:1, 29:2,
   29:7
divergence 20:21
Docket 1:6, 6:11,
   6:25, 7:14, 15:1,
   25:2
dollars 19:2, 20:20
done 13:12
doors 23:20
Duprey 2:4, 14:25,
   15:9, 17:10,
   24:24, 25:4
during 5:18, 5:23,
   6:4


< E >
earlier 28:5
Eastern 28:3
economy 20:13
effect 16:14, 18:3,
   21:20, 22:6, 23:23
efforts 8:11, 18:3,
   19:23, 22:14,
   22:16
either 23:17
emphasized 7:6
Employee 8:17, 8:19,
   9:5, 10:20, 11:4,

11:9, 11:21,
   11:23, 12:22
Employees 8:13,
   11:22
employment 23:1
encourage 6:13
end 27:20
enforcement 25:7
engaged 13:8
ensure 5:6
enter 27:16
entered 12:21,
   20:15, 22:3, 23:11
Entry 6:11, 6:25,
   7:14, 15:1, 25:2
enumerated 25:20,
   27:2
especially 5:3
Esq 1:41, 2:5, 2:9
essential 7:2
established 13:5
et 1:16, 1:35
evaluated 12:3,
   12:14
evaluation 11:24
Everybody 4:8
everyone 5:5, 5:12,
   6:21, 28:11
examine 25:20
Examiner 6:25, 7:2,
   7:3
example 6:17
exception 19:15
exempt 19:20
EXHIBITS 3:9
existing 13:2
exists 17:25, 25:19
expect 14:6, 14:10
expense 16:5
expenses 7:4
expressed 12:20
expressing 22:25
extent 26:15


< F >
F.2d 25:22, 26:8
F.3d 25:24
fact 9:10, 18:20,
   20:9, 24:8

factor 18:11, 18:13,
  18:24, 19:24,
  20:1, 20:13, 20:16
factors 17:25, 18:6,
  18:7, 18:8, 25:20,
  26:1
failed 17:24, 26:9,
  27:13
fall 12:8, 27:8
far 7:7
favor 26:10
Federation 10:5,
  10:11
Fee 6:25, 7:1, 7:3,
  19:3
feel 13:10
fees 15:24, 15:25,
  16:7, 17:22, 25:8
few 12:5
Fifth 20:1
file 23:21
filed 6:11, 6:25,
  8:19, 9:10, 9:16,
  11:13, 12:8,
  20:11, 20:23,
  23:11, 23:22, 25:3
filing 22:3
final 6:20, 7:8,
  16:18
finalized 8:21
Finally 20:16
Financial 1:9, 1:40,
  4:17, 20:2, 25:23
find 7:17
firm 15:8
First 6:23, 7:10,
  7:19, 11:18, 14:2,
  18:11, 19:10,
  19:16, 22:12
Fiscal 1:39, 22:15,
  22:17
focus 18:14
focuses 18:15
follow-up 9:3
following 26:1
footnote 14:2,
  14:14, 14:16
forum 26:5
forward 16:18
Fourth 19:24

front 13:7, 21:11
fulfilled 21:14
full 26:16, 26:17
future 26:16, 26:25


< G >
Gail 1:26, 29:8
gates 22:15
goal 14:8, 18:21
God 4:15
govern 7:5
government 8:10,
  8:15, 9:11, 9:13,
  12:1, 12:13,
  12:15, 15:22,
  18:22
grant 15:20, 21:24,
  25:17
granted 20:18, 22:22
granting 20:8,
  20:14, 20:17
grievance 11:10,
  12:23
grievances 10:19,
  11:6, 11:22


< H >
handled 12:10,
  12:12, 24:11
happened 23:4
harms 20:16, 20:18,
  26:7
health 22:15, 22:17
healthy 5:5
hear 6:20, 19:25
heard 5:25, 6:3,
  10:2, 13:18,
  17:17, 27:22
Hearing 1:23, 4:20,
  4:25, 5:7, 5:14,
  6:5, 6:9, 7:13,
  27:24, 27:25,
  28:1, 28:2, 28:8
heeded 7:9
helping 9:21
Highways 25:8
Honorable 1:24,
  1:26, 4:13, 4:14,

  4:16, 29:6, 29:8
hope 5:5
HTA 18:3, 18:19,
  19:2, 19:4, 20:17,
  20:19, 20:21,
  22:14, 22:16,
  23:14, 25:9, 26:15


< I >
identified 18:18,
  20:5, 26:1
identify 5:19
III 1:8, 4:19, 5:1,
  18:19, 22:4, 23:2,
  23:6, 26:12, 27:1,
  27:6, 27:10
immediately 6:10
impact 20:17, 21:11,
  22:14, 26:6
implement 13:12
important 7:6, 16:2
importantly 21:15
imposed 15:25
Inc. 25:22
included 17:9
includes 10:19
including 5:15
income 21:18
incorporated 17:2,
  19:11, 19:12, 27:9
indicating 11:4
individual 17:1
individuals 21:18,
  27:6, 27:7
Industries 25:21
inform 7:8
informs 8:14
injure 19:16
injury 19:14
inquire 11:14
instant 15:20,
  24:14, 25:25
instead 16:6
instrumentalities
  8:15
insurance 20:2
intends 8:20
intent 9:12, 19:16
intentional 16:24,

17:7
interest 4:23, 5:22, 20:13, 25:8
interested 6:13
interests 20:8, 20:21, 26:6
interfere 19:4, 19:22, 23:6
interfered 23:2
interference 18:25, 26:3
interrupt 6:4, 6:5, 6:7
involves 26:4
island 5:3
issue 8:10, 8:14, 11:19, 18:18, 18:20, 19:6, 23:15, 23:19
issued 5:14, 10:23, 11:11, 17:22, 28:4
issues 5:23, 18:13, 18:14, 18:15, 18:16, 26:3, 26:11
item 6:23, 7:10
itself 12:7

< J >
J. 1:35
January 27:25
Joe 2:5, 15:9, 25:4
Jointly 1:11
Jose 2:9, 10:3, 10:9
Juan 4:1
Judge 1:24, 1:25, 1:26, 1:27, 4:5, 4:7, 4:13, 4:15, 29:7, 29:8
Judgment 15:23, 20:14, 21:9, 21:13, 22:3, 22:5, 22:19, 23:11, 24:11, 26:14
judicial 5:13, 20:13
Judith 1:26, 4:15, 29:8
jurisdiction 25:14

< K >
keep 6:14, 28:11
keeping 6:15
knowing 21:19
known 21:17

< L >
lack 18:24, 26:3
Landron 15:9
language 11:19, 12:21
last 13:21, 15:16
Laura 1:24, 4:13, 29:7
law 15:8, 18:5, 20:25
lawyer 23:3, 23:5
lawyers 16:12, 22:6, 23:24
least 22:24
legal 21:20
legislature 16:4
less 6:20
letter 8:14, 8:20, 10:19, 11:20, 12:9, 13:10, 14:12
level 22:21
Lift 15:20, 17:21, 17:25, 23:13, 25:19
lifted 16:17, 23:14
Lifting 18:13, 19:1, 19:21, 21:23, 22:5, 26:10, 26:19
light 21:25
limited 5:15
line 5:7
linger 16:13
liquidated 26:12
Lisa 4:7
list 27:4
listed 5:20
listened 24:22
litigation 17:6, 17:23, 18:15, 18:16, 20:7, 20:15, 26:5
litigations 16:5
little 21:18

LLP 7:23
logistical 28:4
looking 9:17, 15:22
Luis 1:41, 2:4, 2:5, 2:9, 8:7, 10:3, 10:10, 15:8, 15:9, 17:10, 17:16, 21:7, 22:8, 24:6, 24:24, 25:3

< M >
Maestros 2:8, 10:4, 10:10
Magistrate 1:26, 4:14, 29:8
magnitude 7:4
mainland 5:3
malicious 19:14
Management 1:10, 4:17, 13:13, 25:23
Marini 1:41, 8:6, 8:7, 9:1, 9:9, 9:20, 10:13, 11:14, 11:16, 11:17, 12:12, 13:1, 13:7, 13:9, 13:17, 14:10, 17:15, 17:16, 17:17, 17:20, 19:19, 21:2, 22:1, 22:2, 22:8, 22:23, 23:9, 27:17
Martin 1:35, 7:23
matter 9:3, 9:12, 9:15, 13:22, 13:25, 14:24, 15:16, 16:18, 23:12, 24:18, 27:19
matters 5:21, 7:7, 23:22, 27:20
mean 19:21, 22:12, 23:21
members 4:24, 5:16
mention 18:9, 22:11, 23:10
mentioned 9:4
merit 18:8
meriting 22:22

merits 23:20
mind 7:8
minimal 15:22, 21:12
minutes 6:16, 6:19,
   15:2, 15:3
mishap 15:16
misplaced 19:9
misspoke 14:14
moment 11:2
moments 12:5
morning 4:5, 4:7,
   4:11, 4:22, 7:22,
   8:2, 8:6, 15:7,
   15:11, 17:16
Motion 14:25, 15:2,
   16:16, 16:22,
   17:20, 18:9,
   19:19, 20:9,
   20:14, 20:17,
   20:18, 21:24,
   22:22, 24:24,
   25:3, 25:6, 25:12,
   25:14, 25:16,
   27:15
movant 19:1, 19:3,
   20:10, 20:19
Movants 15:4, 17:21,
   17:24, 18:2, 18:6,
   18:18, 19:13,
   25:5, 26:9, 26:12,
   26:17, 26:23,
   27:9, 27:12
move 16:18
Ms 4:7, 4:10, 4:21
Municipality 25:23
Muniz 8:7, 17:17
MUNOZ 2:5, 15:3,
   15:5, 15:7, 15:8,
   15:12, 15:14,
   16:11, 17:4, 21:4,
   21:5, 21:7, 24:3,
   24:5, 24:7, 24:18
mute 5:7, 5:9
myself 15:17


< N >
name 5:19, 5:25,
   10:2, 10:8, 13:20,
   27:22

need 5:10, 6:20
needed 10:17
needs 13:11, 14:17,
   27:19
New 5:5, 28:7
Next 7:10, 27:25
NG 4:7
No. 1:6, 4:19, 6:11,
   6:12, 7:1, 7:15,
   15:1, 25:2, 25:3
non-filed 8:16
nondischargeable
   16:25, 17:5,
   17:12, 19:8
None 3:5, 3:11
nonsubstantive 25:12
normal 10:19, 11:4
Normally 17:8
Nos. 7:14
notice 10:17


< O >
objection 18:5
Objections 20:24,
   28:2
obligation 16:1,
   24:13
occurring 4:25
office 15:17
Official 29:15
Okay 11:1
Omnibus 1:23, 4:20,
   4:25, 27:25, 28:1
one 6:3, 6:16, 8:8,
   8:10, 9:3, 10:8,
   13:21, 14:24, 19:5
ones 18:10
ongoing 5:4, 19:22,
   28:9
Opening 22:15, 23:20
operation 5:6
opportunity 5:22
oral 24:23, 25:11
Order 7:12, 10:22,
   11:9, 11:11,
   12:21, 12:24,
   13:5, 13:7, 13:13,
   14:2, 14:3, 14:15,
   14:17, 27:16, 28:4

orderly 5:6, 19:4
orders 5:13
ordinary 8:17, 9:11,
   9:14, 9:18, 11:24,
   11:25, 12:4,
   12:10, 12:13,
   12:15, 13:1, 13:4
original 21:9
otherwise 23:19
outstanding 28:8
outweigh 20:18
overall 22:15
Oversight 1:9, 4:17,
   7:11, 7:16, 7:19,
   7:24, 8:13, 25:23
own 6:14, 9:18


< P >
PAGE 3:3
pages 29:4
paid 9:13, 12:15,
   13:4, 15:21,
   15:24, 21:10,
   21:19, 24:10,
   24:11
pandemic 5:4
paper 19:8
papers 19:15, 22:11,
   22:21
parameters 16:17
part 9:6, 10:15,
   10:22, 12:24,
   14:2, 15:23,
   18:22, 22:11,
   22:25
partial 18:12, 26:2
participant 6:9
particular 8:10,
   8:23, 9:13, 12:1,
   12:13, 12:15,
   14:17, 16:6, 25:25
PARTIES 1:32, 4:23,
   5:7, 5:16, 5:22,
   7:9, 20:4, 23:13,
   26:5, 26:7
pay 15:22, 22:5
payment 11:25, 17:9,
   20:11, 21:13,
   26:17, 26:21

pending 20:15
pension 11:22
people 5:2
Perez 2:5, 15:10,
   25:4
permit 16:4
permits 25:17
permitted 5:15
person 5:15, 6:3,
   17:8
perspective 23:16
petition 22:6, 23:1
phone 5:10, 5:11,
   7:20, 10:1, 15:6,
   21:5
phones 5:7
PHV 1:35, 1:36
Pietrantoni 8:7,
   17:17
place 20:9, 20:19,
   23:25
plaintiff 17:9
Plan 10:16, 20:11,
   20:23, 24:15,
   26:16, 26:21,
   26:25
played. 6:18, 16:10,
   19:18, 24:17
pleadings 20:25,
   25:10
Please 4:10, 5:9,
   5:19, 5:25, 6:4,
   6:10, 11:16, 15:5,
   17:19
point 8:8, 8:23,
   10:2, 10:12,
   11:13, 13:18,
   13:21, 22:10,
   23:11, 24:5
pointed 10:13,
   16:25, 24:10
points 23:10
policies 5:13
Ponce 25:23
position 17:8, 22:18
post 22:6, 23:1,
   23:17
post-petition 23:7
practical 23:16
precludes 26:24

preferring 19:5
prejudice 18:4,
   20:7, 20:9, 20:21,
   26:5, 26:19
preparing 28:7
prepetition 17:22,
   17:23, 18:14,
   22:5, 22:18,
   22:19, 23:18
present 4:14
presentations 5:24
presented 27:9
presiding 4:14
press 4:24, 5:16
primarily 26:4
Prime 6:13
principles 7:4
prior 22:3
probably 22:23
procedure 9:8, 9:17,
   12:7, 26:13
Procedures 7:12,
   8:18, 9:7, 9:12,
   9:14, 14:11,
   24:16, 28:4
proceed 10:7, 15:12,
   15:13, 16:3
Proceedings 2:47,
   5:2, 5:8, 5:19,
   13:2, 28:12, 29:6
process 11:24, 12:14
processed 12:4
produced 2:47
proffered 27:12
PROMESA 1:8, 4:19,
   15:25, 16:13,
   17:2, 19:11,
   24:25, 25:15,
   27:1, 27:2, 27:9
promote 16:12
proof 8:19, 9:9,
   9:16, 10:18,
   10:21, 11:12,
   12:22, 12:25,
   13:5, 14:1
proofs 12:8
proposition 22:20
Proskauer 7:23
protocol 23:14
proven 19:19

provide 5:21
provides 7:3, 11:23,
   12:3
providing 28:4
provisions 26:25
public 4:24, 5:16,
   6:12, 7:14, 8:15,
   8:17, 11:23
PUERTO 1:3, 1:11,
   1:16, 1:35, 1:39,
   2:9, 4:1, 4:13,
   4:18, 4:19, 10:4,
   10:10, 25:8,
   25:24, 28:7, 29:2
punished 5:17
punitive 16:7, 16:23
Pursuant 12:9,
   12:20, 13:4,
   24:25, 25:14
pursue 18:2
put 22:17


< Q >
qualify 12:22
question 9:3, 9:25,
   10:13, 12:18,
   16:21, 22:1, 22:24
questions 6:8, 7:25,
   8:2, 8:25, 9:2,
   21:1, 21:3
quite 7:17
quote 26:7


< R >
raised 5:23
RAMOS 2:9, 10:3,
   10:9, 10:25, 11:8,
   12:19, 13:15,
   13:21, 13:24,
   14:13, 14:19
rather 9:17
Re 1:6, 4:17, 25:21
read 20:25, 24:21
ready 7:25, 15:12
reason 21:22, 23:5,
   24:15
rebuttal 16:20,
   21:4, 24:4

receipt 6:24
receive 26:16
receiving 26:21
recognized 22:13
reconcile 14:6
reconciled 9:10,
  9:13
reconciliation 9:5,
  9:7
reconciling 8:16
record 5:20, 24:6
recorded 2:47
recording 5:14
records 9:18
recovery 26:16
refer 25:3, 25:4,
  25:9
reference 13:25
referring 9:16
refers 11:21
reflected 7:16
refunds 10:20, 11:6
regarding 8:10
related 18:19
relevance 25:25
relevant 18:16,
  25:10
Relief 14:25, 18:12,
  19:1, 21:18,
  24:25, 25:6,
  25:16, 25:17,
  26:2, 27:13, 27:14
rely 19:10
remain 5:2, 23:25
remaining 6:16,
  26:13
remains 20:19
remark 22:1
remarks 5:24, 7:18,
  7:21
remedies 24:1
remind 5:12
remove 17:7
render 24:23
rendered 16:15
reorganization 18:23
repeated 23:19
repeatedly 7:6
report 6:25, 7:2,
  8:9, 8:24, 8:25,

9:2, 9:22, 9:23
Reporter 29:15
reports 7:11, 7:12,
  7:17, 9:25
represent 15:9,
  21:17
representative 1:13,
  4:18
representatives
  8:12, 8:14
requested 7:12
requests 25:6
require 5:24, 19:2
required 8:20,
  11:25, 20:20
requires 19:16
requiring 22:22
reserves 25:12
resolution 8:18,
  11:25, 18:12,
  18:15, 26:2, 26:11
resolve 8:11, 18:16
resolved 12:14,
  18:19, 18:21,
  20:15, 23:12
resolving 9:18
resources 20:21,
  26:18
respect 25:7
respectfully 10:12
respectively 7:15,
  7:18
Response 17:1, 17:2,
  23:10
response. 14:22,
  27:23
responsibility 20:2
rest 16:19
restructuring 18:3,
  19:4, 19:23,
  22:14, 22:16
result 16:8, 16:9,
  18:12, 26:2, 26:11
resume 8:16
retransmission 5:14
review 6:24
reviewed 25:10
RICO 1:3, 1:11,
  1:16, 1:35, 1:39,
  2:9, 4:1, 4:13,

4:18, 4:19, 10:4,
  10:11, 25:8,
  25:24, 28:7, 29:2
rise 22:21
Rivera 2:4, 14:25,
  17:1, 24:24, 25:4
Rodriguez 2:5, 15:3,
  15:5, 15:7, 15:8,
  15:12, 15:14,
  16:11, 17:4, 21:4,
  21:5, 21:7, 22:4,
  22:24, 24:3, 24:5,
  24:7, 24:18, 27:17
Rose 7:23
Rosen 1:36
rule 5:17, 6:7
ruling 25:11, 25:13


< S >
S. 1:36
S/ 29:13
safe 5:5, 28:10
San 4:1
sanctions 5:17
satisfactory 13:14
satisfy 26:18
save 4:15
scheduled 15:16,
  27:25
scope 27:8
seal 21:13
Second 18:24, 19:12,
  25:21
seconds 9:25, 13:19,
  14:21, 27:21
Section 16:22, 17:1,
  19:10, 19:11,
  25:14, 25:16,
  26:23, 27:2, 27:3,
  27:5, 27:8, 27:10
Sections 25:1
seek 21:18, 23:3,
  23:6, 23:25
seeks 17:20, 19:1,
  25:16
seemed 11:1
select 5:9
serious 21:16
seriously 14:10

services 7:3, 16:15
session 4:13
set 16:16
seventh 20:7
show 27:14
showing 17:24, 19:16
shown 19:17
similar 12:11
similarly 18:4,
    20:22, 26:19
situated 18:4,
    20:22, 26:20
situation 22:25
Sixth 20:4
Solutions 5:10, 6:2,
    15:18
someone 23:1
Sonnax 18:8, 18:11,
    18:24, 19:24,
    20:1, 25:21, 26:1,
    26:7, 26:10
Sorry 10:6, 13:24,
    14:15
sort 14:7, 23:5
sorts 11:6, 22:7
Sound 6:17, 6:18,
    11:1, 14:8, 16:10,
    19:18, 24:17
speaker 5:18, 6:13,
    6:15
speakers 5:20, 6:2
speaking 4:6, 5:8
specialized 19:25
specific 13:6
specified 6:22
spoken 5:21
staff 28:6
stakeholders 5:1
Standard 28:3
start 15:15
state 5:25, 10:1,
    10:8, 13:19, 27:22
stated 10:16, 10:21
States 1:1, 1:25,
    1:27, 4:12, 4:15,
    25:20, 29:7, 29:8
status 6:25, 7:11,
    8:9, 8:25, 9:2
statute 15:25
statutes 16:2

statutory 25:7
Stay 14:25, 15:20,
    16:17, 17:21,
    17:25, 18:13,
    18:14, 19:1, 19:2,
    19:22, 20:19,
    21:23, 22:5, 23:6,
    23:13, 23:14,
    23:25, 24:25,
    25:6, 25:18,
    25:19, 26:6,
    26:11, 26:19,
    27:13, 27:15,
    28:10
stenography 2:47
subject 10:17,
    10:21, 11:12,
    12:22, 12:24,
    13:5, 14:1
submissions 24:21
submit 17:4, 19:9
submitted 18:6
successful 13:3
suffer 20:19
sufficient 16:17
suggest 24:12
suit 23:4
sum 15:22
supplement 8:9, 8:23
supplemental 9:23
support 20:8, 28:9
supporting 20:25
Swain 1:24, 4:5,
    4:14, 29:7
system 15:18


< T >
Tacoronte 4:10, 4:21
talks 18:11
tax 10:20, 11:6
taxes 11:6
Taylor 1:24, 4:14,
    29:7
Teachers 10:5, 10:11
technically 12:6
telephonic 4:24,
    5:6, 7:13, 28:2
TELEPHONICALLY 1:32
ten 15:2

tens 19:2, 20:20
Tenth 20:13
terminated 23:2
termination 16:8
terms 13:4
thanks 7:1
they've 24:11
Third 14:14, 14:16,
    19:20, 20:4, 26:4
thorough 7:2
though 14:8
thoughts 5:2
thousands 19:2,
    20:20
three 15:3
throughout 13:1
Title 1:8, 4:19,
    5:1, 18:19, 22:3,
    23:2, 23:6, 26:12,
    27:1, 27:6, 27:10
Today 4:24, 5:6,
    5:21, 8:2, 14:24,
    23:3, 27:20, 28:8
tort 16:24
toward 13:10
track 6:14, 6:15
Transcript 2:47,
    6:6, 25:13, 29:4
transcription 29:5
Transportation 25:9
tribunal 19:25
true 29:5
trust 13:12
turn 7:10, 17:14,
    21:3
two 6:16, 6:17,
    6:19, 6:20, 23:10
type 12:3, 22:15,
    22:17, 23:18
types 11:5, 11:21


< U >
ultimately 23:7,
    26:15
unavailing 22:12
underlying 17:6
understand 9:22,
    23:9
understanding 11:8,

12:20, 13:11,
14:9, 17:11
understood 12:6
undue 20:10
unduly 18:3
unfiled 9:5
Unfortunately 15:17,
16:4
Union 8:13, 9:6,
9:17
unions 8:22, 11:19
United 1:1, 1:25,
1:27, 4:12, 4:15,
25:20, 29:6, 29:8
unlawful 16:8
unmute 5:11, 7:19,
10:1, 15:5, 21:5
until 24:15
urge 13:9
usual 7:11

< V >
v. 25:23
valid 27:12
various 11:21
Vera 15:9
versed 15:17
Violations 5:16

< W >
wait 9:25, 13:19,
14:20, 26:20,
27:21
waiting 20:11, 20:22
Walker 29:13, 29:14
wanted 8:23, 11:2
wants 13:19
wave 6:1
week 8:21, 28:5
weigh 26:10
weighed 22:14
weighs 18:13, 18:25,
20:14, 20:17
Welcome 4:23
Whether 12:24,
18:12, 18:15,
23:25, 25:18,
26:1, 26:4, 26:5

whom 26:20
willful 19:14
wish 5:24, 10:2,
13:18
wishes 6:3, 9:24,
27:21
within 8:20, 11:11,
16:13, 21:16, 27:8
WITNESSES 3:3
work 11:18, 28:7
workable 14:9
working 8:12, 10:18,
13:10
worthy 22:13
writing 7:13
wrongful 17:6

< Y >
year 5:5
yield 16:19, 24:19
York 28:7
yourself 5:19