UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS |
| PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY, | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

ORDER DENYING MR. LUIS DUPREY-RIVERA'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO PROMESA'S
SECTIONS 4, 7, 301(C)(3), 304(H) AND BANKRUPTCY CODE'S SECTIONS 362(B)(4), (D)(1)

Before the Court is *Mr. Luis Duprey-Rivera's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(h) and Bankruptcy Code's Sections 362(b)(4), (d)(1)* (Docket Entry No. 15186 in Case No. 17-3283, the "Motion") filed by Luis Duprey Rivera and Joe Colón Perez (together, the "Movants"). The Court has considered carefully the parties' submissions in connection with the Motion. During the January 27, 2020, Omnibus Hearing, the Court heard argument and rendered an oral decision denying the Motion. This Order memorializes the Court's ruling.

The Motion seeks relief under section 362(d)(1) of the Bankruptcy Code,[2] 11 U.S.C. § 362(d)(1), which permits a court to grant relief from the automatic stay "for cause." The Court has jurisdiction of the motion pursuant to section 301(a) of PROMESA, 48 U.S.C. § 2166(a). To determine whether cause exists to lift the automatic stay, courts in this circuit examine the factors enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990). See Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 356, 362 (1st Cir. 2019). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "whether the action primarily involves third parties," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the

---

[2] Section 362(d)(1) is made applicable in these Title III cases by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a).

balance of harms." Sonnax, 907 F.2d at 1286.

Movants have failed to demonstrate that the Sonnax criteria weigh in their favor. Lifting the automatic stay would not result in the resolution of issues that would aid the Title III Cases. Movants have already liquidated their claim. The only remaining procedure appears to be the collection of the judgment. To the extent that HTA's creditors ultimately may not receive a full recovery under a future plan of adjustment, payment of Movants' claim in full may directly affect resources available to satisfy other creditors' claims. Thus, lifting the automatic stay would prejudice other similarly situated creditors, all of whom will have to wait for confirmation of a plan of adjustment before receiving payment on their claims.

Movants argue that section 523(a)(6) of the Bankruptcy Code precludes the discharge of their claim by a future plan of adjustment. However, the provisions of the Bankruptcy Code that are applicable in cases under Title III of PROMESA are enumerated in section 301(a) of PROMESA, 48 U.S.C. § 2161(a), and section 523 of the Bankruptcy Code is not on that list. Additionally, section 523(a)(6) only applies to claims against "individuals." 11 U.S.C. § 523(a). The Title III debtors are not "individuals," and claims against them therefore would not fall within the scope of section 523(a)(6) even if that section were incorporated into PROMESA. Movants have therefore presented no basis for applying section 523(a)(6).

Accordingly, Movants have not proffered any valid basis for relief from the automatic stay.

This Order resolves Docket Entry No. 15186 in Case No. 17-3283.

SO ORDERED.

Dated: January 29, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge