# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered)<br><br>**RE: ECF No. 15356** |
| FREDERIC CHARDON DUBOS,<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | PROMESA<br>Title III |

## OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO MOTION REQUESTING TURNOVER OF MOTOR VEHICLE

To the Honorable United States District Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth" of the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's sole representative pursuant to section 315(b) of the *Puerto Rico*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA" and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby files this objection (the "Objection") to the *Motion Requesting Turnover of Motor Vehicle* [ECF No. 15356][3] (the "Motion"), filed by Frederic Chardon Dubos (the "Movant").[4] In support of this Objection, the Oversight Board respectfully states as follows:

## PRELIMINARY STATEMENT

1. Approximately five to six years after the alleged seizure of Movant's Motor Vehicle by the Puerto Rico Police Department, an agency of the Commonwealth, and without having commenced any prior action to seek the return of the Motor Vehicle, Movant now seeks an order of this Court determining, "as a matter of law," the Motor Vehicle is not the Commonwealth's property, and directing the Commonwealth to turn over the Motor Vehicle to Movant or, in the alternative, its cash equivalent. The Oversight Board believes the appropriate "vehicle" to determine Movant's asserted property interest in the Motor Vehicle would be a modification of the Title III stay solely to allow (i) Movant, to the extent he deems proper, to commence an action[5] (the "Litigation") in connection with the return of the Motor Vehicle, before the Puerto Rico Court of First Instance (the "State Court"); (ii) the Litigation to proceed to final judgment before the State Court, the Puerto Rico Court of Appeals, and the Supreme Court of Puerto Rico, and (iii) for the return of the Motor Vehicle, to the extent the same is available and in possession of the Commonwealth, if a judgment were to be entered in favor of Movant, with the Title III Stay continuing to apply in all other respects to the Litigation, including, without limitation, the

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] References to the docket are to Case No. 17-BK-3283-LTS, unless otherwise specified.

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[5] The Commonwealth reserves all rights, defenses, and arguments with respect to such action, including laches and any statute of limitations defense.

payment of any monetary damages.[6] Movant has refused to agree to such proposal. Here, a State Court proceeding applying Puerto Rico law is appropriate under the circumstances to determine Movant's property interests, if any.

2. If the Court nonetheless determines it is necessary to address the Motion on the merits, the Motion should be denied for numerous reasons. First, Movant's request is procedurally improper pursuant to Bankruptcy Rules 7001 and 7003, made applicable to this Title III case by PROMESA section 310, which requires requests for the recovery of property to be commenced by adversary proceeding. Second, Movant has failed to meet his burden of establishing his interest in the Motor Vehicle and that the alleged seizure of the Motor Vehicle was improper, entitling him to the return of the Motor Vehicle. Moreover, Movant's proposed remedy—directing the Commonwealth to turn over the Motor Vehicle or its cash equivalent—would violate PROMESA section 305 because it would interfere with the Commonwealth's property. Furthermore, such remedy would circumvent the Commonwealth's Title III restructuring process, and sidestep Movant's failure to file a proof of claim. For the reasons set forth herein, the Motion should be denied.

## BACKGROUND

3. Movant alleges the Puerto Rico Police Department seized the Motor Vehicle "[s]ometime in 2014-2015." Mot. ¶ 4. The Commonwealth has no record of any action to recover possession of the Motor Vehicle, and Movant alleges no facts to the contrary.

4. On May 3, 2017 (the "Petition Date"), the Commonwealth filed a petition pursuant to Title III of PROMESA to commence its Title III case.

---

[6] The Court has provided similar relief in similar circumstances. *See Memorandum Order Granting in Part Motion of Leslie Jay Bonilla Sauder for Relief from Automatic Stay (Docket Entry No. 1048)* [ECF No. 1290] at 1 ("the stay is lifted solely to permit all necessary forfeiture determination proceedings [under the Uniform Forfeiture Act] in the Lawsuit prior to entry and enforcement of any judgment for damages").

3

5. On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Bar Date Order"). The Bar Date Order established May 29, 2018 as the deadline (the "Bar Date") to file proofs of claim (as defined pursuant to Bankruptcy Code section 101(5)). Bar Date Order ¶ 3(a). Pursuant to an order, dated May 25, 2018, the Court subsequently extended the Bar Date to June 29, 2018. *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (the "Bar Date Extension Order").

6. Movant has not filed a proof of claim in accordance with the dictates of the Bar Date Order or the Bar Date Extension Order nor requested an extension of time to file a proof of claim.

7. Approximately five to six years after the alleged seizure of the Motor Vehicle, on December 7, 2020, Movant filed the Motion seeking return of the Motor Vehicle or its cash equivalent.

8. Since the Motion was filed, the Commonwealth has been unable to locate the Motor Vehicle at various police stations or find any record of receiving the Motor Vehicle in any documentation on incoming vehicles. The Commonwealth continues to review relevant documentation to determine whether the Motor Vehicle was ever in the Commonwealth's possession.

**ARGUMENT**

**I.    The Motion is Procedurally Improper**

9. Movant requests this Court to "conclude that as a matter of law the Motor Vehicle is not part of Debtor's estate and order Debtor to return Movant the Motor Vehicle or it's [sic] cash equivalent." Mot. at 3. Bankruptcy Rule 7001, which is made applicable to this Title III case

4

by PROMESA section 310, provides that the following proceedings, among others, are adversary proceedings:

> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002; [and]
>
> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)[.]

10. An adversary proceeding is required when seeking a determination of whether certain property is property of the "estate." *See, e.g.*, *In re M.W. Sewall & Co.*, 431 B.R. 526, 527 n.2 (Bankr. D. Me. 2010) ("[where an action] requires a final determination of the relative rights of the estate and the [movant] . . . [movant] should have initiated an adversary proceeding"). The requirement that such proceedings "either incorporate or are adaptations of most of the Federal Rules of Civil Procedure" is designed to ensure that, regarding this type of proceeding, "to the extent possible practice before the bankruptcy courts and the district courts [are] the same . . . ." Advisory Committee Notes to Bankruptcy Rule 7001.

11. Movant's request for the Court to rule on the validity or extent of Movant's and/or the Commonwealth's interest in property, and to recover that property, squarely falls into the categories of actions that must be brought by adversary proceeding. Here that has not been done.

**II.  Movant is Not Entitled to the Relief Requested**

**A.  Movant Fails to Establish Improper Seizure of the Motor Vehicle**

12. Puerto Rico law permits the seizure of motor vehicles by the Puerto Rico Police Department with a warrant or, in certain circumstances, without a warrant. 34 L.P.R.A. § 1724g. Specifically, under the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724 *et seq.* (the "UFA"), seizure is justified without a warrant:

5

> When the seizure is carried out during an arrest; when the seizure is carried out by virtue of a judgment of the court, or when the property to be seized constitutes or derives from any proceeds of, or has been used for the commission of any of the crimes, or in violation of any of the laws or statutes provided in § 1724f of [the UFA].

*Id.*

13. Movant appears cognizant of the UFA and that certain circumstances justify the Commonwealth's confiscation of vehicles. *See* Mot. ¶ 6 ("the Motor Vehicle was never used as evidence in any criminal trial nor was a confiscation complaint ever filed against Movant pursuant to the Puerto Rico Confiscation Act, 34 L.P.R.A. §1724, et. seq."). Yet, Movant has provided no evidence in support of his allegations. Furthermore Movant has not pursued any timely action, under the UFA or otherwise, to contest the alleged seizure or to seek turnover of the Motor Vehicle.[7]

14. Movant alleges he located the Motor Vehicle in a police facility (without any facts as to when), but rather than seek the return of the Motor Vehicle pursuant to applicable Puerto Rico Law, Movant filed the Motion approximately five to six years after the Motor Vehicle was allegedly seized, and after the Bar Date elapsed. Since the Motion was filed, the Commonwealth has tried to locate the Motor Vehicle in various police stations and has reviewed documentation relating to incoming vehicles, but has not been able to locate the Motor Vehicle. The Commonwealth continues to review documentation in support of this effort.

---

[7] The UFA also provides the process to contest a seizure as improper: under the UFA, Movant, if he can "prove to be the owner[] of the property, may contest the forfeiture within thirty (30) days following the date on which notice was received, by filing a complaint against the Commonwealth of Puerto Rico, and the official who authorized the seizure" and complying with other requirements specified therein. *Id.* § 1724*l*. Section 19 of the UFA provides:

> In the event the court holds a forfeiture to be illegal, the Board shall return the forfeited property to the complainant. If the Board has already disposed of said property, the Government of Puerto Rico shall pay an amount equal to the appraisal value at the time of the seizure, or the amount for which it was sold, whichever is higher, plus the prevailing legal interest pursuant to the Rules of Civil Procedure, as amended, based on the appraisal value at the time of the seizure.

*Id.* § 1724p.

15. In addition to the lack of evidentiary support for his factual assertions, Movant provides no legal basis for his entitlement to the Motor Vehicle under Puerto Rico law, instead generally alleging, "[u]pon information and belief the Motor Vehicle was never used as evidence in any criminal trial nor was a confiscation complaint ever filed against Movant pursuant to the Puerto Rico Confiscation Act . . . ." Mot. ¶ 6. Movant should not be permitted to circumvent the requirements of the UFA or any other Puerto Rico law to establish liability or to obtain a remedy, or to circumvent the requirement to file a proof of claim by the Bar Date, all of which Movant has failed to do.[8] The Commonwealth has proposed to Movant the ability to commence an action before the State Court to determine Movant's ownership interest in the Motor Vehicle under Puerto Rico law, subject to the terms outlined above, but Movant has not agreed.

### B. The Relief Requested Violates PROMESA Section 305

16. Movant's requests compelling turnover of the Motor Vehicle or, alternatively, its equivalent value in cash directly contravenes PROMESA Section 305 because they seek to mandate how the Commonwealth uses its property—to pay Movant. *See* PROMESA § 305 (prohibiting interference with "any of the property or revenues of the debtor" unless the Oversight Board consents or it is provided for by a plan). There can be no question the Commonwealth's cash is its property and therefore Movant's alternative relief is squarely prohibited by PROMESA section 305. With respect to turnover of the Motor Vehicle, Movant has failed to show the

---

[8] The alleged seizure of the Motor Vehicle occurred two to three years before the commencement of the Commonwealth Title III case on May 3, 2017. In accordance with the Bar Date Order and Bar Date Extension Order, the Commonwealth published notice of the extended Bar Date in at least five publications in Puerto Rico and the United States and aired numerous advertisements on the radio. *See* Affidavit of Publication [ECF No. 2890] (certifying airing of 26 radio advertisements in aggregate in February and March 2018); Affidavit of Publication [ECF No. 2979] (certifying publication of bar date notice on April 19, 2018 in five publications); Affidavit of Publication [ECF No. 3334] (certifying publication of bar date in five publications over the period from June 1, 2018 through and including June 14, 2018); Affidavit of Publication [ECF No. 3743] (certifying airing of 27 radio advertisements in aggregate over the period from June 6, 2018 through and including June 20, 2018); *accord* Extended Bar Date Order ¶¶ 3–4.

Commonwealth's liability and his entitlement to the return of the Motor Vehicle pursuant to applicable Puerto Rico law.

17. The Court's and the First Circuit's prior rulings are clear that interference with the Commonwealth's property cannot be compelled under PROMESA. *See e.g.*, *Aurelius Cap. Master, Ltd. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for P.R.),* 919 F.3d 638, 648 (1st Cir. 2019) (court barred by PROMESA section 305 from entering declaratory judgment that "would have directed the Commonwealth about how it must handle and disburse" certain revenues to pay creditors); *Ambac Assurance Corp. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 927 F.3d 597, 602–03 (1st Cir. 2019) (court cannot grant declaratory judgment stating debtor's use of funds was unlawful under PROMESA section 305). Movant provides no authority to the contrary, and further make no attempt to address this issue. For this reason, Movant's requests for turnover of the Motor Vehicle or its equivalent value in cash should be denied.

[*Remainder of Page Left Intentionally Blank*]

## **CONCLUSION**

18. For the reasons set forth herein, the Oversight Board requests the Court deny the Motion and the relief requested therein in their entirety.

Dated: January 29, 2020  
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock*  
Brian S. Rosen*  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Telephone: (212) 969-3000  
Facsimile: (212) 969-2900  
Email: mbienenstock@proskauer.com  
       brosen@proskauer.com

* admitted *pro hac vice*

*Attorneys for the Financial Oversight and Management Board and as representative of the Commonwealth*

/s/ *Hermann D. Bauer*

Hermann D. Bauer  
USDC No. 215205  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Telephone: (787) 764-8181  
Facsimile: (787) 753-8944  
Email: hermann.bauer@oneillborges.com

*Co-Attorneys for the Financial Oversight and Management Board and as representative of the Commonwealth*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record and CM/ECF participants in this case.

*Hermann D. Bauer*
Hermann D. Bauer