**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THE MOVING PARTIES' REPLY TO MONOLINES' LIMITED OBJECTION TO URGENT MOTION FOR ENTRY OF AN ORDER APPROVING THIRD AMENDED STIPULATION AND CONSENT ORDER BETWEEN TITLE III DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE GOVERNMENTAL ENTITIES LISTED ON EXHIBIT "B" REGARDING THE TOLLING OF STATUTE OF LIMITATIONS**

The Title III Debtors,[2] each by and through the Oversight Board, as the representative of Title III Debtors, and AAFAF, on behalf of the Governmental Entities, respectfully submit this reply to the *Limited Objection of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Defined terms not otherwise defined herein shall have the same meaning ascribed to them in the *Urgent Motion for Entry of an Order Approving Third Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Exhibit "B" Regarding the Tolling of Statute of Limitations* [ECF No. 15633] (the "Urgent Motion") and the stipulation attached as Exhibit A to the Urgent Motion (the "Stipulation").

*Public Finance Guarantee Corporation to Urgent Motion for Entry of an Order Approving the Third Amended Stipulation and Consent Order Regarding the Tolling of Statute of Limitations* [ECF No. 15729] (the "<u>Objection</u>") filed by the monoline insurers (collectively, the "<u>Monolines</u>").

1. The Objection is premised on the unfounded allegation that the Stipulation "continues to *explicitly carve out* certain avoidance actions that would vindicate HTA's rights to Excise Taxes that were wrongfully transferred to the Commonwealth." Objection ¶ 2 (emphasis in original). The Monolines contend that the Stipulation "unfairly singles out . . . the claims that had been covered by" a previous Court-approved stipulation. *Id.* This argument is misplaced. The Stipulation and its predecessors have nothing to do with HTA's potential claims against the Commonwealth. In obvious recognition of this fact, the Objection specifically states that "the Monolines do not object to extending the statute of limitations for the avoidance actions that are covered by the Proposed Tolling Stipulation" at issue. *Id*. On this basis alone, the Objection should be overruled.

2. Consistent with past practice, a separate stipulation (the "<u>HTA Tolling Stipulation</u>") [ECF No. 15676] was filed covering the proposed extension of the tolling period for currently tolled HTA purported claims against the Commonwealth. The Monolines know this, and any objection to the refusal to extend the tolling period of HTA's statutory deadlines against the Commonwealth should be considered solely in the context of the HTA Tolling Stipulation. Of course, the HTA Tolling Stipulation reflects that statutory deadlines with respect to the "<u>HTA Revenue Causes of Action</u>" (as defined in the HTA Tolling Stipulation) against the Commonwealth expired when they were not previously extended—a decision endorsed by the Court. *See* ECF No. 14012 at 14.

2

3. The Monolines' apparent attempt to resuscitate the HTA Revenue Causes of Action[3] is therefore both inappropriate, as an objection to this Motion, and moot. Thus, for the reasons set forth in further detail below, the Objection should be overruled.

4. First, the Objection is not properly directed to the pending Stipulation, which governs the Statutory Deadlines for Causes of Action between the Title III Debtors, on one hand, and the Governmental Entities, on the other. The "Governmental Entities" *do not* include HTA; that is, the Stipulation covers any claims the Debtors may have against certain non-debtor governmental entities and the Puerto Rico Public Buildings Authority.[4] The Stipulation is identical in that respect to the previous three Court-approved stipulations on this subject, which specifically did not include the Statutory Deadlines relating to HTA's purported avoidance claims to mitigate against potential misinterpretation and disputes.[5]

5. The Monolines now renew the very objection they made to the Stipulation's prior version—that the Stipulation should toll the limitations period on the HTA Revenue Causes of Action. *See* ECF No. 13845. However, the Stipulation does not, and has never, covered purported claims HTA may have against the Commonwealth. As it did on August 6, 2020 with

---

[3] Defined in the Objection as "HTA Avoidance Actions."

[4] The Puerto Rico Public Buildings Authority was a non-debtor when the parties entered into the original stipulation [ECF No. 6812].

[5] *See Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 6812] ¶ 6 ("It being understood that to the extent a Statutory Deadline has been extended pursuant to the terms of ECF No. 5271 or 6531, the time for calculating such extension shall not be modified by this Stipulation."); *First Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 10606] at 2, n.2 ("With respect to HTA, this Stipulation does not modify or override the *Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 6531] or the *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [Case No. 17-3283, ECF No. 9722].").

the Monolines' objection to the Stipulation's previous iteration, the Court should approve the Stipulation without any changes, and consider the Objection in connection with the *Urgent Motion for Entry of an Order Approving Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 15676].[6] *See* ECF No. 13939; ECF No. 13997.

6. Second, the Objection is moot. While the HTA Tolling Stipulation governs the Statutory Deadlines for HTA's claims against the Commonwealth, such stipulation reflects that the statute of limitations for the HTA Revenue Causes of Action has lapsed.[7] This Court rejected the Monolines' prior attempt to toll—and approved an amended stipulation that did not extend—such limitations period. *See* ECF No. 14012 at 14. Now that the limitations period has expired, the Monolines' arguments are even weaker: what is expired cannot be resuscitated.[8]

7. Finally, the Court should reject the Monolines' attempt to interfere with the Title III Debtors' right to use their property as they deem appropriate. Title III Debtors are under no obligation to extend any Statutory Deadlines for any claims or for the benefit of any particular parties. For instance, the Title III Debtors did not choose to extend the Statutory Deadlines set forth in the *Supplemental Stipulation Between the Commonwealth of Puerto Rico and the*

---

[6] This Court entered an order setting a briefing schedule requiring that objections to the HTA Urgent Motion be filed by February 2, 2021, and replies in support be filed by February 11, 2021. *See* ECF No. 15685.

[7] *See First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 6531]; *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 9722]; *Third Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 14013].

[8] Indeed, references to the HTA Tolling Stipulation are made solely to underscore that the Stipulation being approved here does not impact the deadlines set forth in the HTA Tolling Stipulation.

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [ECF No. 10293], which have expired. As this Court has recognized, Title III of "PROMESA provides for significant deference to the prerogatives of the governmental debtors and of their statutory representative and makes clear that Congress intended to preserve governmental debtors' ability to initiate transactions affecting their assets." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 432 F. Supp. 3d 25, 30 (D.P.R. 2020); *see also In re Fin. Oversight & Mgmt. Bd. for P.R. v. Ad Hoc Grp. of PREPA Bondholders*, 899 F.3d 13, 21 (1st Cir. 2018) ("[W]e read Section 305 as respectful and protective of the status of the Commonwealth and its instrumentalities as governments."). The Stipulation furthers the prerogatives of the Title III Debtors, the Governmental Entities, and their statutory representatives by preserving the rights to bring certain avoidance claims that have not been extensively investigated or litigated, and should be approved as filed.

**WHEREFORE**, for the reasons detailed herein, the Moving Parties respectfully request that the Court overrule the Objection and enter an order approving the Stipulation attached as Exhibit A to the Urgent Motion.

[*Remainder of this page intentionally left blank*.]

Dated: February 1, 2021
      San Juan, Puerto Rico

*/s/ Brian S. Rosen*
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

*/s/ Peter M. Friedman*
John J. Rapisardi
Nancy Mitchell
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter M. Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: 202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce De León Ave., Suite 900
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*