IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |

ORDER TO SHOW CAUSE REGARDING
CHALLENGED BOND AVOIDANCE ACTIONS

By Order dated May 15, 2019, this Court allowed the Financial Oversight and Management Board for the Commonwealth of Puerto Rico, acting by and through its Special Claims Committee, (the "SCC"), to disclose Confidential Information[2] obtained from certain financial entities collectively referred to as the Participant Holders to certain Receiving Parties in order to prosecute Challenged Bond Avoidance Actions. (See Dkt. No. 6967 (the "Initial Order") at ¶ 10(a)). The Initial Order further provides that, in accordance with Local Rule 5.2 of the District of Puerto Rico, any Receiving Party shall, in any pleading, motion, objection, or

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined herein shall have the meanings given to them in the Initial Order (Dkt. No. 6967).

other public document, "redact all (1) social security or employer identification numbers of individuals or entities, (2) names of any individuals known by the Receiving Party to be minor children as of the date of disclosure, (3) dates of birth of individuals, (4) financial account numbers, and (5) home or business addresses, other than such individuals' or entities' city and state or residence" provided that in any Challenged Bond Avoidance Action not involving an individual known to be a minor child, the Receiving Party shall "file any initial pleading and case commencement materials using a pseudonym name for the defendant, and file with the Court a 'key' list matching pseudonyms to actual names [(the "Pseudonym Key").]" Id. at ¶ 10(b). The Initial Order further provides that, "the obligation to utilize a pseudonym as provided herein extends only to the initial pleading and case commencement materials and shall terminate twenty-one (21) days after the Receiving Party provides such defendant, at the time of service, with reasonable notice and an opportunity to object to the use of its Confidential Information." Id.

The SCC and the Official Committee of Unsecured Creditors (the "UCC") have adopted the practice of filing certain certificates of service, summonses, and summonses returned executed in connection with the Challenged Bond Avoidance Actions under seal, even though no defendant has challenged the disclosure of its identity or other Confidential Information. This Court has previously cautioned the parties to these avoidance actions that "sealing should be proposed only in very limited circumstances, if at all" because "it imposes an incredible administrative burden on the Court." (Dkt. No. 6384).

The obligation to use a pseudonym has expired pursuant to the Initial Order as no defendant has objected to the use of their Confidential Information. The Court hereby ORDERS

2

all parties to the Challenged Bond Avoidance Actions to show cause, by **March 5, 2021**, as to any reason the Court should not unseal the Pseudonym Key filed by the SCC which discloses the identity of each defendant, and to unseal all certificates of service filed under seal in connection with the Challenged Bond Avoidance Actions. If no responses are received by **March 5, 2021**, the Clerk's Office will begin removing the pseudonyms and updating the identities of defendants in accordance with the Pseudonym Key provided by the SCC and will unseal both the Pseudonym Key (Dkt. No. 7132, and, as amended, Dkt. No. 9138). **The SCC must serve each defendant in the Challenged Bond Avoidance Actions with a copy of this Order within ten (10) days of the date of this Order.**

The Court also ORDERS that in the future, certificates of service, summonses, and summonses returned executed filed in connection with the Challenged Bond Avoidance Actions that contain information designated confidential by Local Rule 5.2 of the District of Puerto Rico be redacted in accordance with such rule, rather than filed under seal.

SO ORDERED.

Dated: February 2, 2021.

/s/Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge