# **EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

1

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00005-LTS |

**[PROPOSED] SCHEDULING ORDER FOR DISCOVERY AND SUPPLEMENTAL BRIEFING IN CONNECTION WITH MOTIONS OF THE COMMONWEALTH OF PUERTO RICO, BY AND THROUGH THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, FOR PARTIAL SUMMARY JUDGMENT**

Upon consideration of the *Joint Status Report of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Financial Guarantee Corporation, Financial Guaranty Insurance Company, the Bank of New York Mellon, U.S. Bank Trust National Association, and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, Pursuant to the Court's January 20, 2021 Order* (the "February 3 Joint Status Report"),[2] which was filed in compliance with the *Order*

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the February 3 Joint Status Report.

2

*Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Adv. Proc. No. 20-00003, ECF No. 115; Adv. Proc. No. 20-00004, ECF No. 108; Adv. Proc. No. 20-00005, ECF No. 129) (the "Limited Discovery Order"), the Court having found and determined that: (i) the Court has jurisdiction to consider the February 3 Joint Status Report and the proposed schedule presented therein pursuant to Section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to Section 307(a) of PROMESA; (iii) due and proper notice has been provided under the particular circumstances and no other or further notice need be provided; and (iv) after due deliberation and sufficient cause appearing; therefore, it is HEREBY ORDERED THAT:

1. The schedule for discovery authorized under the Limited Discovery Order shall be as follows:

    - Defendants' deadline to serve all document and written discovery requests on the Government and Non-Government Third Parties is **February 8, 2021**;[3]

    - The Parties[4] shall file a joint status report (raising any then-existing discovery disputes) by **February 25, 2021**;

    - A status conference will be held on **March 11, 2021 or the week of March 11, 2021** [*to be scheduled at the convenience of the Court*];

---

[3] "Government" shall mean (i) the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board ("Oversight Board"), (ii) the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"); (iii) any instrumentality of the Commonwealth of Puerto Rico; and (iv) any current or former officer, employee, consultant, advisor, or representative of the entities listed in (i) through (iii). "Non-Government Third Parties" refers to any person or entity other than the Government and Defendants.

[4] Defendants, the Oversight Board, and AAFAF are collectively referred to as the "Parties."

3

- Defendants' deadline to serve deposition notice(s) (including, but not limited to, 30(b)(6) deposition notices) is **March 15, 2021**;[5]

- The Government shall complete its document production by **April 14, 2021**;

- The Parties shall file a final joint status report (raising any remaining discovery disputes) by **April 16, 2021**;

- A final status conference will be held on **April 23 or the week of April 23, 2021** [*to be scheduled at the convenience of the Court*]; and

- The deadline for the completion of all discovery authorized under the Limited Discovery Order is **May 7, 2021**;

2. Responses and objections to any document and written discovery requests shall be due within fourteen (14) days of service of such requests.

3. Document and written discovery requests, and responses and objections thereto, may be served via e-mail. Federal Rule of Civil Procedure 6(d) shall not apply to service of any papers by email during the pendency of discovery authorized under the Limited Discovery Order.

4. If any party requests a meet-and-confer during the pendency of discovery authorized under the Limited Discovery Order, such meet-and-confer shall occur within five (5) calendar days of the request, unless the party requesting the meet-and-confer agrees otherwise.

5. Consistent with Limited Discovery Order, the Parties' discussions regarding the

---

[5] Defendants are limited to taking two depositions per bond issuer (i.e., two each for CCDA, HTA and PRIFA), and if one deponent testifies for more than one issuer, the total number of depositions shall be reduced accordingly.

4

    Joint Status Report and this proposed schedule do not constitute a Federal Rule of Civil Procedure 26(f) conference, and this order is not a scheduling order under Federal Rule of Civil Procure 16(b).

6. The schedule for supplemental briefing on the pending Motions for Partial Summary Judgment (the "Motions") in Adv. Proc. No. 20-00003, Adv. Proc. No. 20-00004 and Adv. Proc. No. 20-00005 (the "Adversary Proceedings") shall be as follows:

- Not later than **May 21, 2021**, Defendants are permitted to file a single consolidated supplemental brief on behalf of all Defendants in each of the Adversary Proceedings, not to exceed twenty (20) pages in length, exclusive of caption page, signature pages, tables of contents and authorities, or exhibits, confined to application of the discovery authorized under the Limited Discovery Order to the issues raised in the Motions. The supplemental briefs provided for herein shall not raise new legal theories than those previously presented in the existing briefing on the Motions.

- Not later than **June 4, 2021**, Plaintiff shall file its response to Defendants' supplemental briefs in each of the Adversary Proceedings. Plaintiff's response in each of the Adversary Proceedings shall not exceed twenty (20) pages in length, exclusive of caption page, signature pages, tables of contents and authorities, or exhibits, and shall be confined to responding to Defendants' supplemental briefs and application of the discovery authorized under the Limited Discovery

5

      Order to the issues raised in the Motions. Plaintiff's response shall not raise new legal theories than those previously presented in the existing briefing on the Motions.

- There shall not be any reply brief to Plaintiff's responsive filing.

7. The Court will thereafter take the Motions under submission, unless a hearing or other proceedings are otherwise ordered by the Court.

SO ORDERED.

Dated: _____, 2021

                _____
                HON. LAURA TAYLOR SWAIN
                UNITED STATES DISTRICT JUDGE