# **EXHIBIT B**

## DEFINITIONS

1. "Assets" means any Property or other thing of value, tangible or intangible.

2. "Document" or "documents" is used in the broadest sense permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the District of Puerto Rico, including tangible things, correspondence, communications, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, computer records (*e.g.*, email messages), any electronically stored information, recordings (*e.g.*, voicemail recordings), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

3. "Electronically Stored Information" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, refers to all computer or electronically stored or generated data and information, and includes all attachments to and enclosures with any requested item, and all drafts thereof. "Electronically Stored Information" includes: (a) information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable; (b) word-processing documents; electronic spreadsheets; electronic presentation documents; email messages; image files; sound files; material or information stored in a database, or accessible from a database; and (c) all associated metadata that is maintained or saved, which includes: a document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

4. "Person" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise, legal entity, or governmental body, and includes both the singular and the plural.

5. "Property" means any property (including patents, copyrights, trademarks, and any other form of intellectual property), whether real, personal, or mixed, and any present, future, or contingent right, security, or other interest therein, including any leasehold interest.

6. "Request(s)" refers to the Document Requests listed *infra*.

7. "Topic(s)" refers to the Topics of Examination listed *infra*.

8. "You" or "Your" refers to [[At-Issue Prioritized Commonwealth Entity]], including any divisions, subdivisions, offices, departments, agencies, affiliates, and any current and former elected officials, officers, trustees, accountants, attorneys, employees, agents, consultants, experts, and independent contractors, assigns, and any Person or entity acting or purporting to act on their behalf.

9. The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the Topic or Request.

10. The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

11. The word "concerning" means directly or indirectly connected to, on the subject of, about, respecting, referring to, relevant to, and/or dealing with.

12. The word "including" means including but not limited to.

## INSTRUCTIONS

1. Each reference to a corporation, partnership, joint venture, unincorporated association, government entity, or other fictitious person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustee, and any other Person who acts or acted on its behalf.

2. Each reference to a natural person shall be deemed to include that person's agents, attorneys, and any other Person who acts or acted on that person's behalf.

3. Each Topic or Request shall be construed independently and not with reference to any other Topic or Request for the purpose of limitation or exclusion.

4. The use of any definition for the purposes of this notice shall not be deemed to constitute an agreement or acknowledgment on the part of Ambac Assurance Corporation that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

5. In construing the Topics and Requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes all other genders.

6. Unless otherwise indicated, the documents hereby requested for production and inspection include all documents in Your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of Your employees, representatives, agents, independent contractors, consultants, attorneys, advisors, accountants, auditors, or any other person or public or private entity that has actual physical possession thereof.

    a. This includes, but is not limited to, documents physically held by Your agents, representatives, employees, attorneys, financial advisors, or other advisors. It also includes any documents contained in any computer, mobile device, server, mainframe, or other storage device (including (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within Your possession, custody, or control.

    b. For the avoidance of doubt, this also includes any documents contained on any personal computer, mobile device, server, mainframe, or other storage device within the possession of Your agents, representatives, employees, attorneys, financial advisors, or other advisors, regardless of whether the device is issued or owned by You.

7. As the term "possession" relates to e-mail, text messages, mobile device chats, and any other Electronically Stored Information, the term includes, but is not limited to, documents contained in Your electronic e-mail, cloud-based, and mobile device directories, including, but not limited to: (a) "deleted" documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents, including all subdirectories irrespective of the title of such subdirectories.

8. As the Topics and Requests relate to e-mail, text messages, mobile device chats, and any other Electronically Stored Information, You are to review the text of each individual document (*i.e.*, not simply review the subject heading or utilize an electronic search device).

9. With respect to the documents produced, You shall produce them as they are kept in the usual course of business as defined in Rule 34 of the Federal Rules of Civil Procedure.

10. Selection of documents from files and other sources, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

11. File folders with tabs, labels, or directories of files identifying documents must be produced intact with such tabs, labels, or directories and the documents contained therein.

12. Documents attached to each other shall not be separated.

13. A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

14. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

15. Any ambiguity in a Topic or Request shall be construed to bring within the scope of the Topic or Request all responses, or documents, as applicable, that otherwise could be construed to be outside of its scope.

16. If You withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, and attachment or appendages; and (iv) the nature of the privilege or immunity asserted.

17. If You object to a Request, You must clearly indicate whether any responsive materials are being withheld on the basis of that objection. If You object to only a portion of a Request, You must clearly indicate to which part of the Request the objection is directed, whether any responsive materials are being withheld on the basis of that objection, and provide all documents to which objection is not made as if such part or portion of the Request were propounded as a separate Request.

18. If Your response to a particular Topic or Request is that You lack the ability to comply with that Topic or Request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information, item, or category of information must be identified.

19. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

20. Terms not specifically defined herein shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

21. Unless otherwise specified, the time period covered by these Topics and Requests is from January 1, 2015 to the present, and shall encompass all documents and information relating in whole or in part to such period.

22. The Requests shall be deemed to be continuing so as to require supplemental productions as You obtain additional documents from the time of the initial production hereunder.

**TOPICS OF EXAMINATION**

1. The identification, valuation, sale, alienation, or encumbrance of any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]].

2. The organization and location of Documents or Electronically Stored Information concerning any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]], including (without limitation) Documents or Electronically Stored Information concerning the identity and value of any such Assets or interests therein, as well as Documents or Electronically Stored Information concerning any actual or potential sale, alienation, or encumbrance of any such Assets or interests therein.

3. The identification of any Person, including (without limitation) any present or former officers, directors, agents, representatives, employees, or members of [[At-Issue Prioritized Commonwealth Entity]], with knowledge concerning the identity and value of any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]] and any actual or potential sale, alienation, or encumbrance of any such Assets or interests therein.

4. Previous, ongoing, or completed efforts, from January 1, 2015 to present, to sell or otherwise monetize any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]], including (without limitation) how any such Assets or interests therein were identified for actual or potential sale or monetization, offers to sell, purchase, or otherwise dispose of or transfer any such Assets or interests therein, and the potential, proposed, or actual sale price of any such Assets or interests therein.

## DOCUMENT REQUESTS

### REQUEST NO. 1

Documents sufficient to identify any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]] from January 1, 2015 to present.

### REQUEST NO. 2

All documents, from January 1, 2015 to present, concerning the identity, value, sale, alienation, or encumbrance of any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]].

### REQUEST NO. 3

All documents, from January 1, 2015 to present, concerning the processes through which any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]] would or could be sold, alienated, or encumbered.

### REQUEST NO. 4

All documents, from January 1, 2015 to present, concerning any proceeds or revenue derived from the sale, alienation, or encumbrance of any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]], including but not limited to documents showing the flow of funds and use of any such proceeds or revenue.

### REQUEST NO. 5

All documents, from January 1, 2015 to present, concerning the use or intended use of any proceeds or revenue derived from the sale, alienation, or encumbrance of any Assets or interest therein held by [[At-Issue Prioritized Commonwealth Entity]].

### REQUEST NO. 6

All documents, from January 1, 2015 to present, concerning any assessment of the present, future, or contingent value of any Assets or interests therein held by [[At-Issue Prioritized Commonwealth Entity]].