# **EXHIBIT F**

# Milbank

**JOHN J. HUGHES, III**

*Special Counsel*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5127
Jhughes2@milbank.com | milbank.com

November 25, 2020

**VIA EMAIL**

| | |
|---|---|
| Margaret A. Dale, Esq. | Elizabeth L. McKeen, Esq. |
| Julia D. Alonzo, Esq. | Ashley Pavel, Esq. |
| Laura Stafford, Esq. | O'Melveny & Myers LLP |
| Proskauer Rose LLP | 610 Newport Center Drive, 17th Floor |
| Eleven Times Square | Newport Beach, CA 92660 |
| New York, NY 10036 | |

   Re:  Commonwealth Assets & Cash Rule 2004 Requests

Counsel:

  I write on behalf of Ambac Assurance Corporation ("Ambac") (i) to respond to Elizabeth L. McKeen's November 5, 2020 letter on behalf of AAFAF (the "November 5 Letter") and Margaret A. Dale's November 16, 2020 letter on behalf of the Board (the "November 16 Letter") concerning the Rule 2004 Motions,[1] and (ii) to describe certain areas where Ambac has determined additional information is needed, as described below.

Assets Rule 2004 Motion

  ***(1) Category No. 1: Assets (current and transferred/encumbered)***

- *Documents sufficient to show, from January 1, 2015 to the present, the alienation or encumbrance of any assets held by the Commonwealth or its instrumentalities.*
- *A list of the Commonwealth's current assets.*

  ***Prioritized Commonwealth Assets.*** AAFAF has produced documents related to approximately 26 of the 43 Prioritized Commonwealth Assets Ambac initially identified on March 16, 2020 and advised in its November 5 Letter that it "is continuing to work with the relevant instrumentalities to determine if additional materials exist." Ambac requests an update regarding

---

[1] AAFAF and the Board are referred to collectively as the "Government." Ambac and the Government are collectively referred to as the "Parties." Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Movant Ambac Assurance Corporation and Respondents the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority with Respect to the Rule 2004 Motions* [ECF No. 15025] (the "November 5 Joint Status Report").

Margaret A. Dale, Julia D. Alonzo, Laura Stafford, Elizabeth L. McKeen, Ashley Pavel
November 25, 2020

AAFAF's investigation for additional responsive materials and clarification as to when AAFAF expects to complete its production of such materials.

AAFAF has also objected to this request on burden grounds to the extent any of the Prioritized Commonwealth Assets are not owned by the Commonwealth or other Title III entities, but agreed during the Parties' August 28, 2020 telephonic meet-and-confer to investigate what materials related to such Prioritized Commonwealth Assets can be easily located and produced. Ambac requests an update regarding AAFAF's investigation for these materials. Additionally, Ambac requests clarification regarding which of the Prioritized Commonwealth Assets AAFAF believes are: (i) owned by the Commonwealth; (ii) owned by non-Commonwealth Title III entities; or (iii) owned by non-Title III entities.

*AAFAF Assets Review.* AAFAF has produced certifications submitted by approximately 37 Commonwealth entities in response to the AAFAF memorandum, dated November 25, 2019, that requested a list of all real property assets owned by Commonwealth agencies, instrumentalities, and public corporations (ASSETS_2004_0000601). AAFAF advised during the Parties' August 28, 2020 telephonic meet-and-confer that it has produced all remotely available certifications and would supplement its production if any additional certifications are subsequently located.

Ambac notes that certifications have not been provided for the following Commonwealth entities that own substantial real property (the "Prioritized Commonwealth Entities"), among others:

1. Puerto Rico Land Administration (Administración de Terrenos);

2. Puerto Rico Public Buildings Authority (Autoridad de Edificios Públicos);

3. Puerto Rico Land Authority (Autoridad de Tierras de Puerto Rico);

4. Puerto Rico Industrial Development Company (Compañía de Fomento Industrial);

5. Puerto Rico Department of Transportation and Public Works (Departamento de Transportación y Obras Públicas);

6. Puerto Rico Aqueduct and Sewer Authority (Autoridad de Acueductos y Alcantarillados de Puerto Rico);

7. Government Development Bank for Puerto Rico (Banco Gubernamental de Fomento para Puerto Rico) / GDB Debt Recovery Authority (Autoridad de Recuperación de la Deuda del BGF);

8. Puerto Rico Highways and Transportation Authority (Autoridad de Carreteras y Transportación); and

9. Puerto Rico Trade and Export Company (Compañía de Comercio y Exportación de Puerto Rico).

Margaret A. Dale, Julia D. Alonzo, Laura Stafford, Elizabeth L. McKeen, Ashley Pavel
November 25, 2020

Ambac requests confirmation that these Prioritized Commonwealth Entities did not submit certifications in response to the AAFAF memorandum. With respect to any Prioritized Commonwealth Entities that did not do so, Ambac would seek deposition testimony from the Prioritized Commonwealth Entities regarding real property and other assets held by those entities. Ambac requests that AAFAF advise Ambac of its position regarding this request for deposition testimony at the Parties' next meet-and-confer.

Additionally, the certifications that have been produced to date contain columns for "DISPONIBILIDAD" and "PLANO DE MENSURA[,]" among others, but it is unclear what information these columns were intended to capture. Ambac requests clarification regarding AAFAF's intended purpose for these columns.

Finally, Ambac requests an update regarding AAFAF's investigation for any supplemental certifications or analyses related to the certifications that have been produced to date.

***Ad Valorem Taxes / Tax Arrears.*** AAFAF advised in the November 5 Joint Status Report (ECF No. 15025) that it continues to investigate whether any documents related to a 2017 unsolicited third-party offer to purchase CRIM's tax arrears portfolio, including the offer itself or any back-up material related thereto, are available, are relevant, and may be produced. Ambac requests an update regarding AAFAF's investigation.

AAFAF also advised that AAFAF and CRIM are in the process of considering whether Puerto Rico law prevents CRIM from disclosing owner- and property-specific tax information to Ambac, and whether such information is relevant, available, and would not be unduly burdensome to provide. Ambac requests an update regarding these issues.

\*     \*     \*

AAFAF advised in its November 5 Letter that the Governor of Puerto Rico executed Executive Order 2020-077 on October 16, 2020, which provides that government employees must adhere to the work plans established by their respective agencies, and that "AAFAF employees attend AAFAF's offices in person several times a week, on a rotating basis." In light of AAFAF employees' regular access to in-office files, Ambac requests clarification as to when AAFAF anticipates that it will be able to confirm that all relevant in-office files have been reviewed for potentially responsive documents.

Cash Rule 2004 Motion

  ***(1) Category Nos. 1 and 2: Presentation and Investigation Documents***

- *All documents relied upon in connection with the 'Summary of Cash Restriction Analysis' presentation, dated October 2, 2019 and the 'Bank Account Analysis: Status Update – June 30, 2019 Balances' presentation, dated as of October 2, 2019, including documents sufficient to identify the processes and assumptions underlying the Cash Restriction Analysis and any iterative changes in the analysis over time.*

Margaret A. Dale, Julia D. Alonzo, Laura Stafford, Elizabeth L. McKeen, Ashley Pavel
November 25, 2020

- *All documents relied upon in connection with Duff & Phelps' and/or Ernst & Young's investigation into the cash at government and fiscal plan entities, certain other Title III debtors, and UPR, including but not limited to instructions provided to Duff & Phelps and/or Ernst & Young regarding categorization and restrictions.*

*Amended Disclosure Statement.* Ambac's review and analysis of the inventory of central government bank accounts produced on November 12, 2020 is ongoing, but it appears that the inventory produced to Ambac is incomplete or not final. For instance, the inventory contains numerous placeholders, a significant number of cells stating that information contained therein will be updated, and account balance information for just the period from November 2017 through February 2019. Ambac requests clarification regarding whether the inventory produced on November 12, 2020 is the most up-to-date version of the inventory and whether the inventory was ever completed.

While Ambac's review and analysis of the documents produced to date is ongoing, Ambac has determined that the documents produced to date are insufficient to facilitate an analysis of certain "restrictions" the Board has claimed on cash in the Amended Disclosure Statement. Accordingly, Ambac requests production of documents regarding the following accounts:

1. The following accounts are described in Exhibit J to the Amended Disclosure Statement as "custodial account[s] of third-party funds in active legal cases[:]" BSPR -0026, BSPR -0045, BSPR -0088, BSPR -0053, BSPR -4105, and Citibank -1014. Ambac requests documents showing which legal cases the funds in these accounts relate to and why those funds are deemed to be restricted.

2. Exhibit J to the Amended Disclosure Statement describes funds held in BPPR -1018, BPPR -1026, and BPPR -6935 as "entrusted funds for defined contribution plan established pursuant to Act 106-2017[.]" While account statements for BPPR -1018 have been produced, it does not appear that any statements for BPPR -1026 or BPPR -6935 have been produced. Ambac requests production of account statements for BPPR -1026 or BPPR -6935.

3. The following accounts are described in Exhibit J to the Amended Disclosure Statement as being "held by the trustee for Public Housing Administration bonds" and "subject to a security interest[:]" U.S. Bank -7001, U.S. Bank -7003, U.S. Bank -8002, and U.S. Bank -8004. Ambac requests documents regarding why these accounts are restricted.

4. Exhibit J to the Amended Disclosure Statement describes funds held in BPPR -9520 as "earmarked funds for new expenditures that benefit inmates in Puerto Rico's correctional system pursuant to a federal court order dated Sept. 1, 2016, in civil case No. 79-2004[.]" Ambac requests production of this court order.

5. Exhibit J to the Amended Disclosure Statement describes funds held in BPPR -9010 as "bond proceeds subject to Internal Revenue Code limitations[.]" Ambac requests clarification regarding the specific bond offering(s) the funds in BPPR -9010 relate to and documents showing why such "[b]ond [p]roceeds" are restricted.

- 4 -

Margaret A. Dale, Julia D. Alonzo, Laura Stafford, Elizabeth L. McKeen, Ashley Pavel
November 25, 2020

***October 30, 2020 Production.*** During the Parties' November 2, 2020 telephonic meet-and-confer, the Board advised that it would investigate whether the factual source materials and raw data underlying the Duff & Phelps Report and October 2 Presentations produced on October 30, 2020 were unredacted in accordance with the procedure previously agreed to by the Parties pursuant to which the first instance of each account number in a document will appear in unredacted form and, to the extent multiple account numbers appear in a single document, each unique account number appearing in the document will be unredacted. Ambac requests an update regarding the Board's investigation.

Additionally, the Board advised in its November 16 Letter that certain documents included in its October 30, 2020 production "initially contained notations applied to the documents by the [] Board's advisors" that are "akin to the [] Board's advisors' work papers," and that the Board removed those "notations" prior to production. Ambac requests additional information regarding the nature of the removed notations. To the extent that "notations" are being withheld on the basis of any claim of privilege, Ambac requests that the Board amend its privilege log to include such "notations," so that Ambac has sufficient information to evaluate any claim of privilege.

***Privilege Log.*** While Ambac's review and analysis of the revised privilege log the Board produced on November 16, 2020 is ongoing, Ambac has identified two areas in which it requests clarification. *First*, with regard to the first entry on the revised privilege log, which relates to a memorandum summarizing a January 16, 2019 meeting between members of Duff & Phelps, counsel from O'Neill & Borges, and representatives of the Board and the Puerto Rico Public Housing Administration ("PHA"), it appears that the Board has taken the position that the memorandum is protected by attorney-client privilege because the Board and PHA purportedly shared a common legal interest with respect to the subject matter of the meeting. Ambac requests clarification regarding the Board's basis for asserting that the Board and PHA shared a common legal interest with respect to the subject matter of the meeting. *Second*, Ambac requests confirmation that the Board is not currently withholding any documents on privilege grounds other than the two documents included in the revised privilege log and the Calculation Back-Up, Process Documents, and Process Communications Ambac has requested.

**(2) Category No. 3: Commonwealth's Necessary Operating Expenses**

- *All documents related to the assessment of the Commonwealth's necessary operating expenses, including any analyses of whether unrestricted cash exceeds necessary operating expenses.*

***Interrogatories.*** In its November 16 Letter, the Board advised that it does not believe that my September 29, 2020 letter on behalf of Ambac (the "September 29 Letter") accurately reflects statements made by the Board's counsel regarding the Interrogatories during the September 29, 2020 telephonic meet-and-confer. In the September 29 Letter, I wrote that my understanding was that "the Government has not endeavored to collect or identify documents or analyses used in the development of the certified Commonwealth budgets or fiscal plans" and that the Board "has not specifically undertaken the burden of determining whether any materials related to the Commonwealth budgets or fiscal plans might qualify as responsive to the Interrogatories, but that the Board has not withheld information regarding any specific materials or analysis that it knows to be responsive to Ambac's Interrogatories." Please clarify how Ambac's memorialization of the

- 5 -

Margaret A. Dale, Julia D. Alonzo, Laura Stafford, Elizabeth L. McKeen, Ashley Pavel
November 25, 2020

Board's statements is inconsistent with the Board's preferred memorialization—*i.e.*, that it "has not, in connection with the Interrogatories, collected or identified documents or analyses used in the development of the certified Commonwealth budgets or fiscal plans, and has not undertaken to determine whether any other documents or analyses responsive to Ambac's Interrogatory Nos. 1, 2, 3, and 4 may exist."

Very truly yours,

/s/ *John J. Hughes, III*
John J. Hughes, III


cc: Grant Mainland
 Atara Miller
 Martin A. Sosland
 Robert S. Berezin
 William Natbony
 Nicholas A. Bassett
 John E. Mudd
 Geoffrey S. Stewart