# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br><br>**Re: ECF Nos. 13938, 13944, 14118, 14198, 15728**<br><br>(Jointly Administered) |
| SUIZA DAIRY CORP.,<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Respondent. | |

### URGENT CONSENTED MOTION FOR EXTENSION OF DEADLINE TO SUBMIT JOINT STATUS REPORT IN CONNECTION WITH SUIZA DAIRY CORP.'S URGENT MOTION REQUESTING COMFORT ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Building Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Debtor") respectfully submits this urgent motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines set forth in the *Order Requiring Status Report In Connection with Urgent Motion of Suiza Diary Corp. Requesting a Ruling or Entry of Comfort Order* [ECF No. 15728] (the "Status Report Order").[2]

### Request for Relief

1. On August 3, 2020, Suiza Dairy Corp. (the "Movant" or "Suiza"), filed the *Urgent Motion Requesting A Ruling Or Entry Of Comfort Order As To The Non-Applicability Of The Automatic Stay To A Limited Controversy With The Commonwealth Of Puerto Rico Arising Post-Petition And Having Post-Petition Effects But Partially Based On A Pre-Petition Judgment Incorporating Milk Regulations Established By The United States District Court For The District Of Puerto Rico And Not Involving Property Of The Debtor Or Its Estate* [ECF No. 13938] (the "Motion for Comfort Order") requesting that the Court enter a "ruling or comfort order finding that *Suiza* is not acting in contravention of the automatic stay provisions […] nor is attempting to exercise control over or obtain possession over property of the estate in pursuing" a legal action to challenge Administrative Order 2020-22 (the "Administrative Order") issued by the Administrator of the Office of Regulation of the Milk Industry ("ORIL"). *Motion for Comfort Order* at 9.

2. On August 27, 2020, the Debtor filed its objection to the Motion for Comfort Order [ECF No. 14118] (the "Objection").

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Urgent Motion on behalf of the Debtor.

3. On September 9, 2020, Movant filed its reply to the Objection [ECF No. 14198] (the "Reply").

4. In the Motion for Comfort Order and the Opposition, the parties informed the Court that Movant had pursued two administrative remedies in connection with its objections to the Administrative Order, namely, a Petition for Judicial Review before the Puerto Rico Court of Appeals pursuant to the Puerto Rico Uniform Administrative Procedures Act, seeking a determination that the Administrative Order is null and void (the "Commonwealth Action"), and a motion for reconsideration of Administrative Order 2020-22 at ORIL ( the "ORIL Administrative Process, together with the Commonwealth Action, the "Administrative Proceedings").

5. On January 25, 2021, this Court entered the Status Report Order, directing the parties "to submit a joint status report on or before February 8, 2021, addressing the status of the Administrative Proceedings, and any other administrative or regulatory review process Suiza has pursued with respect to Administrative Order 2020-22." *Status Report Order* at 2.

6. The Debtor and Movant have been working diligently on their respective parts of the status report. Nevertheless, the parties need an additional time to finalize and file the same. Accordingly, the Debtor, with Movant's consent, respectfully requests that the deadline to submit the joint status report be extended to **February 18, 2021.**

7. The Debtor discussed this request with counsel for Movant, who consented to the relief requested herein.

8. Pursuant to Paragraph 1.H of the *Thirteen Amended Notice, Case Management and Administrative Procedures* [ECF No. 13512-1] (the "Case Management Procedures"), the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a

bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested herein.

### Notice

9. The Debtor has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against the Debtor; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[3] (i) all parties filing a notice of appearance in these Title III cases; and (j) Movant. A copy of the motion is also available on the Debtor's case website at https://cases.primeclerk.com/puertorico/.

10. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Left Intentionally Blank*]

---

[3] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtor; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtor.

**WHEREFORE**, the Debtor requests the Court enter the Proposed Order and grant such other relief as is just and proper.

Dated: February 8, 2021
San Juan, Puerto Rico

Respectfully submitted,

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice, Designated

**SUSANA PEÑAGARICANO**
Deputy Secretary in Charge of Litigation

*/s/ WANDYMAR BURGOS VARGAS*
**WANDYMAR BURGOS VARGAS**
USDC-PR No. 223502
Federal Litigation and Bankruptcy Division
Department of Justice of Puerto Rico
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Email: wburgos@justicia.pr.gov
Phone: Phone: (787)721-2900, ext. 1421

*Attorneys for the Commonwealth of Puerto Rico*

**Exhibit A**

**Proposed Order**