**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS<br><br>(Jointly Administered) |

**THE MOVING PARTIES' REPLY TO MONOLINES' LIMITED OBJECTION TO URGENT MOTION FOR ENTRY OF AN ORDER APPROVING FOURTH AMENDED STIPULATION BETWEEN THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY REGARDING THE TOLLING OF STATUTE OF LIMITATIONS**

The Debtors,[2] each by and through the Oversight Board, and AAFAF, respectfully submit

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

[2] Defined terms not otherwise defined herein shall have the same meaning ascribed to them in the *Urgent Motion for Entry of an Order Approving Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the*

this reply to the *Limited Objection of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation to Urgent Motion for Entry of an Order Approving the Fourth Amended Stipulation Regarding the Tolling of Statute of Limitations* [ECF No. 976] (the "Objection") filed by the monoline insurers (collectively, the "Monolines").

1. The Stipulation is a routine agreement between the Debtors and AAFAF to preserve potential unexplored causes of action that may exist between HTA and the Commonwealth. The Monolines object—not because they oppose preserving those potential causes of action (they do not)—but because the Stipulation does not reanimate *other* causes of action for which the statute of limitations has already expired over their prior objection. The Monolines tried this gambit before and lost; they fare no better here, and their Objection should be overruled.

2. Historically, predecessors to this Stipulation covered all possible claims between HTA and the Commonwealth.[3] On January 15, 2021, as the Monolines' efforts to terminate the automatic stay with respect to their purported rights over certain revenue came closer to resolution, the Monolines demanded HTA pursue certain avoidance claims against the Commonwealth. *See* ECF No. 872-1. On January 29, 2020 (a mere 14 days later), the Oversight Board, on behalf of HTA, declined to pursue those claims and explained that the alleged avoidance actions lacked merit. *See* ECF No. 872-2. Yet not until July 17, 2020—fully cognizant of the fact the statute of limitations for the HTA Revenue Causes of Action would expire less

---

*Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitation* [ECF No. 958] (the "Urgent Motion") and the stipulation attached as Exhibit A to the Urgent Motion (the "Stipulation").

[3] *First Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [ECF No. 560]; *Second Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 668].

than one month later—did the Monolines file an urgent motion for appointment of a trustee under Bankruptcy Code § 926 to assert such claims (or obtain alternative relief extending the limitations period regarding those claims). *See* ECF No. 871 (the "§ 926 Motion").

3. While the Monolines' § 926 Motion was pending, the Debtors and AAFAF filed an urgent motion to approve the Third Amended Stipulation, making clear the statutes of limitations for the HTA Revenue Causes of Action would not be further tolled. ECF No. 893, Exhibit A ¶ 2. The Monolines' principal objection to the Third Amended Stipulation was the same as this Objection. *See* ECF No. 906 ¶ 2 ("the Proposed HTA Stipulation was drafted to expressly carve out avoidance actions that would vindicate HTA's rights to excise tax and other revenues that were wrongfully transferred to the Commonwealth."); Objection ¶ 2 ("the Monolines . . . object to the fact that the Proposed Tolling Stipulation continues to *explicitly carve out* certain actions that would vindicate HTA's rights to Excise Taxes wrongfully transferred to the Commonwealth") (emphasis in original).

4. Against this backdrop, the Court denied the Monolines' request for a bridge order extending the statute of limitations. ECF No. 889. Then, on August 11, 2020, the Court also denied the Monolines' § 926 Motion prior to the expiration of the statute of limitations period for the HTA Revenue Causes of Action, and overruled the objection to the Third Amended Stipulation, which the Court concluded was "predicated on the same substantive legal theory that the Oversight Board has repeatedly declined to pursue and that the Court has found lacking." ECF No. 912 at 6–12, 14. And particularly relevant here, the Court approved the Debtors' decision not to extend the HTA Revenue Causes of Action limitations period, and so-ordered the

3

Third Amended Stipulation.[4] *Id*. at 14. Accordingly, on August 14, 2020, the statute of limitations for all of the HTA Revenue Causes of Action at the heart of the Monolines' Objection expired—and the Monolines made no application to the First Circuit to prevent it.

5. The current Stipulation extends the statutes of limitations on exactly the same terms as the Third Amended Stipulation—nothing more, nothing less. Thus, for the reasons set forth in further detail below, the Monolines' inappropriate attempt to revive the HTA Revenue Causes of Action should be overruled.

6. First, the Monolines have not identified any reason for the Court to reconsider its prior decisions on the very issue before it now. The Court previously carefully considered whether the Debtors and AAFAF should be permitted to extend the statutes of limitations for the actions covered by the Stipulation while letting other limitations expire, and granted them permission. Nothing has changed, and on those grounds alone, the Objection should be overruled.

7. Second, by asking that entry of the Stipulation be conditioned on reinvigorating the statute of limitations for HTA Revenue Causes of Action, the Monolines seek relief that cannot be obtained. The Stipulation before the Court reflects the fact that the HTA Revenue Causes of Action are time-barred. ECF No. 958, Exhibit A ¶ 2. The Court endorsed the Moving Parties' decision to let any possible causes of action lapse,[5] given that they have been the subject of extensive investigation and litigation (and in some instances, as described below, continue to be subject to litigation via different vehicles). *See* ECF No. 912 at 14. The Monolines cite no

---

[4] *See Third Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 913].

[5] This Court rejected the Monolines' prior attempt to toll—and approved an amended stipulation that did not extend—such limitations period. *See* ECF No. 912 at 14 ("The Court overrules Movants' objections to the Proposed Stipulation . . . [which are] predicated on the same substantive legal theory that the Oversight Board has repeatedly declined to pursue and that the Court has found lacking.").

case or other authority for the proposition that this Court can somehow reinstate or extend statutes of limitations long since expired. To the contrary, when a statute of limitations expires, any related proceedings become moot. *See Lewis v. United States*, 216 U.S. 611, 613 (1910) (finding it "manifest that" because defendant "has been discharged by the [expired] Statute of Limitations… [,] this case in the circumstances disclosed has become merely a moot case"); *United States v. Scantlebury*, 921 F.3d 241, 249 (D.C. Cir. 2019) (challenge to dismissal of indictment without prejudice was moot where statute of limitations expired on underlying offense, as "elimination of exposure to re-indictment moot[ed] [a]ppellants' objections to the form of the dismissal"); *Conrail v. Yashinsky*, 170 F.3d 591, 596 (6th Cir. 1999) (holding that where limitations period to enforce judgment had run, "the expiration of the underlying judgment moots the coercive part of the contempt order" designed to enforce such judgment).

8. Moreover, the assertion that "limitations periods for [the HTA Revenue Causes of Action] have been and remain equitably tolled" is without merit. Objection ¶ 3. As a matter of law, the Monolines cannot invoke the equitable tolling doctrine. Equitable tolling is available only where a plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Neither requirement has been met. The undisputed facts are that the Monolines sat on their rights for months rather than being diligent. But more importantly, there were no "extraordinary circumstances" that blocked the Monolines from obtaining relief within the limitations period. Quite the contrary, the Court bent over backwards to accommodate the Monolines' belated efforts to obtain relief before the Court denied their requests. The Court indulged the Monolines' belated and voluminous pleadings in which the impending expiration of

5

the limitations period was front and center[6] and gave full and careful consideration to their request for a bridge order, their effort to obtain a trustee, and their objection to the non-extension of the limitations period in the Third Amended Stipulation.[7] The Monolines cite no case law for the proposition that a court's denial of relief after carefully considering the merits of those requests constitutes "extraordinary circumstances" that justify equitable tolling. There simply is no reasoned basis in fact or law to do so.

9. Even if the limitations period had not expired and the Court had not rejected the Monolines' arguments on numerous prior occasions, their effort to bootstrap an extension of the limitations period for the HTA Revenues Causes of Action into the Stipulation fails. HTA is under no obligation to extend any Statutory Deadlines for the benefit of any particular parties or for any claims, let alone meritless time-barred claims that have been extensively investigated and are being litigated. For example, certain Title III debtors did not choose to extend the Statutory Deadlines set forth in the *Supplemental Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [Case No. 17-3283, ECF No. 10293], which have expired. As this Court recognized, Title III of PROMESA "provides for significant deference to the prerogatives of the governmental debtors and of their statutory representative and makes clear that Congress intended to preserve governmental debtors' ability to initiate transactions affecting their assets." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 432 F. Supp. 3d

---

[6] *See* ECF No. 871 ¶ 4 ("[A]s matters stand, the statute of limitations for HTA to bring avoidance actions will expire on or around August 14, 2020.").

[7] It is undisputed that the Monolines were told in January 2020—eight months before the HTA Revenue Causes of Action were set to expire—that the Oversight Board had rejected their demand to bring avoidance actions on HTA's behalf. ECF No. 872-2. The Monolines also knew in January 2020 that the statute of limitations for those causes of action would expire on August 14, 2020. ECF No. 872-1, at 2. Yet the Monolines did not seek appointment as trustees to bring the avoidance claims until July 2020—seven months later. ECF No. 871.

25, 30 (D.P.R. 2020); *see also In re Fin. Oversight & Mgmt. Bd. for P.R. v. Ad Hoc Grp. of PREPA Bondholders*, 899 F.3d 13, 21 (1st Cir. 2018) ("[W]e read Section 305 as respectful and protective of the status of the Commonwealth and its instrumentalities as governments."). The Stipulation furthers the prerogatives of the Commonwealth, HTA, and their statutory representatives by preserving the rights to bring certain avoidance claims that have not been broadly investigated or litigated, and should be approved as filed.

10. Third, contrary to the Monolines' assertions, the Stipulation does not subject them to unfair treatment. *See* Objection ¶ 2 ("the new Proposed Tolling Stipulation unfairly singles out and *excludes* the claims that had been previously covered by the HTA Tolling Stipulation") (emphasis in original). In fact, the expiration of the time to bring the HTA Revenue Causes of Action did not harm the Monolines in any way. These claims—Takings Clause claims, Contract Clause claims, fraudulent transfer claims, and claims of violations of state law—are part and parcel of the Monolines' proofs of claim and the HTA revenue bond adversary proceedings currently before this Court. *See* Claim No. 122277, Annex, ¶¶ 69(b), (f) (Ambac proof of claim asserting claims against the Commonwealth in connection with the HTA revenue bonds for alleged violations of the U.S. Constitution and Puerto Rico Constitution, fraudulent conveyance, and violations of Puerto Rico law); Claim No. 33081, Annex at 3-4, 10 (similar Assured proof of claim asserting claims against the Commonwealth for alleged violations of the U.S. and Puerto Rico Constitutions and violations of Puerto Rico law); Claim No. 30114, Addendum ¶¶ 14, 20 (similar National proof of claim); Claim No. 101243, Addendum, ¶¶ 52, 81 (asserting similar FGIC claims against Commonwealth); *Fin. Oversight & Mgmt. Bd. for P.R. v. Ambac Assurance Corp., et al.*, Adv. Proc. No. 20-00005 (D.P.R. January 16, 2020). The Monolines no doubt will

7

continue to assert whatever entitlement they believe they have as part of the plan confirmation process, and the Stipulation will not impede those efforts.

11. Finally, in their Objection, the Monolines note the Debtors have the right to extend the Stipulation upon notifying the Creditors' Committee and the HTA Parties (Objection ¶ 4), yet fail to mention the Moving Parties, in fact, notified the Monolines well in advance of the relevant statutes of limitations' expiration date. The Monolines have had ample opportunity to file an objection to the Stipulation, and—as the Court held on August 11, 2020—have not been prejudiced as a result of the slightly shortened notice period. *See* ECF No. 912 at 14.

12. In any event, the Monolines expressly agreed to extend the only viable statute of limitations at issue. *See* Objection ¶ 2 ("the Monolines do not object to extending the statute of limitations for the avoidance actions that are covered by the Proposed HTA Stipulation"). As a result, the Stipulation should be approved in its proposed form.

**WHEREFORE**, for the reasons detailed herein, the Moving Parties respectfully request that the Court overrule the Objection and enter an order approving the Stipulation attached as Exhibit A to the Urgent Motion.

[*Remainder of this page intentionally left blank.*]

Dated: February 11, 2021
      San Juan, Puerto Rico

| | |
|---|---|
| */s/ Brian S. Rosen* <br> Martin J. Bienenstock <br> Brian S. Rosen <br> (Admitted *Pro Hac Vice*) <br> **PROSKAUER ROSE LLP** <br> Eleven Times Square <br> New York, NY 10036 <br> Tel: (212) 969-3000 <br> Fax: (212) 969-2900 <br><br> *Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | */s/ Hermann D. Bauer* <br> Hermann D. Bauer <br> USDC No. 215205 <br> **O'NEILL & BORGES LLC** <br> 250 Muñoz Rivera Ave., Suite 800 <br> San Juan, PR 00918-1813 <br> Tel: (787) 764-8181 <br> Fax: (787) 753-8944 <br><br> *Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| */s/ Peter Friedman* <br> John J. Rapisardi <br> Nancy Mitchell <br> (Admitted *Pro Hac Vice*) <br> **O'MELVENY & MYERS LLP** <br> Seven Times Square <br> New York, NY 10036 <br> Tel: (212) 326-2000 <br> Fax: (212) 326-2061 <br><br> -and- <br><br> Peter M. Friedman <br> (Admitted *Pro Hac Vice*) <br> 1625 Eye Street, NW <br> Washington, D.C. 20006 <br> Tel: (202) 383-5300 <br> Fax: 202) 383-5414 <br><br> *Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | */s/ Luis C. Marini-Biaggi* <br> Luis C. Marini-Biaggi <br> USDC No. 222301 <br> Carolina Velaz-Rivero <br> USDC No. 300913 <br> **MARINI PIETRANTONI MUÑIZ LLC** <br> 250 Ponce De León Ave., Suite 900 <br> San Juan, Puerto Rico 00917 <br> Tel: (787) 705-2171 <br> Fax: (787) 936-7494 <br><br> *Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

9