```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF PUERTO RICO

In re:                                  *
                                        *    PROMESA Title III
THE FINANCIAL OVERSIGHT AND             *
MANAGEMENT BOARD FOR PUERTO RICO,       *    Case No. 17-BK-03283-LTS
                                        *    (Jointly Administered)
     as representative of               *
                                        *    RE: ECF No. 15356, 15363,
THE COMMONWEALTH OF PUERTO RICO,        *    15486, 15511, 15572,
et al.                                  *    15782, 15855
                                        *
     Debtors.                           *
                                        *
------------------------------------*
                                        *    PROMESA Title III
FREDERIC CHARDON DUBOS,                 *
                                        *
     Movant,                            *
                                        *
         v.                             *
                                        *
THE FINANCIAL OVERSIGHT AND             *
MANAGEMENT BOARD FOR PUERTO RICO,       *
                                        *
     as representative of               *
                                        *
THE COMMONWEALTH OF PUERTO RICO,        *
                                        *
     Respondent.                        *
                                        *
--------------------------------------
```

**REPLY TO OBJECTION ECF NO. 15782**
**OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**
**TO MOTION REQUESTING TURNOVER OF MOTOR VEHICLE ECF NO. 15356**

TO THE HONORABLE COURT:

   NOW COMES movant the undersigned attorney on his own behalf and respectfully states as follows:

## I. FACTS

1. Movant is the registrar owner in Puerto Rico of a 2000 Oldsmobile Intrigue GX Oro ("Motor Vehicle"), VIN: 1G3WH52H0YF122319, Registry: 5682868, License Plate: DRA535, Title: 2738039 and Price: $26501.94. Attached is the Vehicle Information from the Puerto Rico Department of Transportation.

2. The Motor Vehicle was a gift to Movant's son who was in possession of the same.

3. Sometime in 2014-2015, prior to the filing of the above captioned case, the Police Department of Debtor seized the Motor Vehicle from Movant's son.

4. Movant located and last saw the Motor Vehicle in the Police Station car lot at Iturregui Street in Country Club as shown in the picture below but was not given any information about its fate.



5. Upon information and belief the Motor Vehicle was never

used as evidence in any criminal trial nor was a confiscation complaint ever filed against Movant pursuant to the Puerto Rico Confiscation Act, 34 L.P.R.A. §1724, et. seq.

6. Upon movant's visit to that Police Station's car lot he was informed many cars had been removed from the lot.

7. Movant contacted on February 18, 2021 the Puerto Rico Confiscation Board and was informed the motor vehicle never made to their facilities and that is why no confiscation proceedings were ever started.

8. The motor vehicle is still in the possession and custody of the Puerto Rico Police Department its location unknown.

Sworn to and subscribed under penalty of perjury on this 19th day of February, 2021.

s/Frederic Chardon Dubos
Frederic Chardon Dubos
Movant/Attorney

## II. THE STIPULATION COUNTER OFFER

9. Following is a verbatim copy of the counter-offer made by movant in a January 7, 2021 email and restated un subsequent communications:

> There should be no dispute the motor vehicle in dispute belongs to the undersigned, see today's attached Vehicle Information in the Spanish language. The automatic stay 11 USC Section 362 applies to property of the state. Therefore no stay needs to be lifted and is inappropriate. For that reason I cannot agree and

stipulate that the stay will be lifted.

As to the undersigned having to file a claim pursuant to Section 19 of the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724 et seq. (the "UFA"), before the Puerto Rico Court of First Instance, plain reading of the statute does not allow me to do that. The reason is that section 1724j and 1724l provide that prior to doing that Debtor has to send notice of the confiscation to the registry owner. That was never done and it's a jurisdictional issue and all jurisdictional terms for the debtor have elapsed. So the debtor will not be able to confiscate the motor vehicle.

For these reasons I would be willing to stipulate that this issue is a strict bankruptcy issue which the bankruptcy judge can resolve without the need to lift the stay. Alternatively, the debtor will first send notice of the confiscation and I will contest it pursuant to UFA in state court.

10. Movant would still be willing to stipulate the above.

11. Additionally, debtor's proposed stipulation does not address issues such as the raising by debtor of a sovereign immunity or time barred defense which it's submitted would be moot if the debtor starts a UFA case against movant.

### III. LEGAL ISSUES

#### A. THE BANKRUPTCY RULES

12. The motor vehicle in question belongs to movant and is **not** part of the debtor's bankruptcy estate. Generally see, <u>In Re ICL Holding Co., Inc.</u>, 802 F.3d 547 (3CA 2015).

13. It's submitted to this Honorable Court that a plain reading of Bankruptcy Rules 7001.(1) and (9) and 7003 make their

reliance by debtor misplaced and inapplicable to the above referenced case and matter.

14. They along with 11 USC §554(b) and §725 refer to the recovery of money or property **belonging to the estate** which clearly is not the case here.

15. The motor vehicle does not belong to the debtor's bankruptcy estate but belongs to movant who can legally do whatever he wishes with it.

### B. WAS THE SEIZURE IMPROPER?

16. That is precisely what will be litigated under Puerto Rico state/territory law pursuant UFA.

17. This Honorable Court in it's discretion has many options here, but movant is willing to stipulate that the Puerto Rico Government be ordered to commence a UFA case against movant which would be a more efficient use of both this court's judicial resources as those of the Puerto Rico judiciary.

18. Debtor's Objection states attempts have been made to locate the motor vehicle without success which worries movant since records are supposed to be kept by the Puerto Rico Police Department.

19. The Puerto Rico Police Department should start an administrative investigation immediately.

**C. RETURN OF MOTOR VEHICLE OR CASH EQUIVALENT**

20. Those are remedies provided by UFA.

21. If under UFA the return is ordered that would be an In rem action.

22. Pursuant to UFA the value of the motor vehicle would be determined at the time of the seizure in lieu of the return.

23. No Puerto Rico Court judgment existed at the time of filing debtor's bankruptcy ordering the payment of money to movant, the only expectation at the time was the return of the motor vehicle.

**D. CONCLUSION**

24. For all of the above stated reasons upon the filing of the above captioned case the Motor Vehicle was not part of property of the estate and nothing has been done since filing by Debtor pursuant to 11 U.S.C. §541(a)(5) to make it part of the estate.

WHEREFORE, movant the undersigned attorney on his own behalf respectfully requests that for the above stated reasons this Honorable Court conclude that as a matter of law:

    a.     The Motor Vehicle is not part of Debtor's estate and belongs to movant;

    b.     Deny debtor's Objection ECF No. 15782; and

    c.   Order the Puerto Rico Government to start a UFA case against movant.

Respectfully submitted, in Carolina, Puerto Rico this 19th day of February, 2021.

**CERTIFICATE OF SERVICE, LOCAL RULE 5005-4(h)(1), P.R. LBR**

Movant hereby certies that on this day, Movant electronically filed the foregoing with the Clerk of the Court uploading the same using the CM/ECF System which will send notification of such filing to the all CM/ECF participants.

**Frederic Chardon Dubs Law Office**

s/Frederic Chardon Dubos
**Frederic Chardon Dubos**
USDC-PR 201601
P.O. Box 1797
Carolina, Puerto Rico, 00984-1797
Tel. (787) 908-2476
email fcdlaw2020@gmail.com