UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF<br>THE GOVERNMENT OF THE COMMONWEALTH<br>OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Plaintiffs,[2]<br><br>v.<br><br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD,<br><br>Defendants. | Adv. Proc. No. 19-00366 (LTS) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE | Adv. Proc. No. 19-00367 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket Entry No. 6990, which is incorporated herein by reference.

| | |
|---|---|
| GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) |
| and | ) ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) ) |
| as section 926 trustee of | ) ) ) |
| THE COMMONWEALTH OF PUERTO RICO | ) ) ) |
| Plaintiffs,³ | ) ) ) |
| v. | ) ) |
| GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO MORTGAGE-BACKED & U.S. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

---

³ The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket Entry No. 6990, which is incorporated herein by reference.

| | |
|---|---|
| GOVERNMENT SECURITIES FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER REGARDING DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' REPLY TO STATEMENT OF UNDISPUTED MATERIAL FACTS

This matter is before the Court on the *Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Response to Statement of Material Undisputed Facts of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board, in support of Motion Pursuant to Bankruptcy Rule 7056 for Summary Judgment* (Docket Entry No. 127 in Adversary Proceeding No. 19-366, Docket Entry No. 143 in Adversary Proceeding No. 19-367, the "Motion to Strike"). In the Motion to Strike, the Defendants[4] seek to strike the Plaintiffs' reply filed in response to the Defendants' Response to the Plaintiffs' Statement of Undisputed Material Facts on the grounds that it is improper pursuant to Local Civil Rule 56(d) of the United States District Court for the District of Puerto Rico. After careful consideration of the parties' submissions,[5] and for the

---

[4]　　Capitalized terms not defined herein shall have the meanings given to them in the Motion to Strike.

[5]　　In addition to the Motion to Strike, the Court has thoroughly reviewed the *Plaintiffs' Objection to Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Response to Statement of Material Undisputed Facts in Support of Plaintiffs' Motion Pursuant to Bankruptcy Rule 7056 for Summary Judgment* (Docket Entry No. 130 in Adversary Proceeding No. 19-366, Docket Entry No. 146 in Adversary Proceeding No. 19-367, the "Objection") and *Defendants' Reply in Support of Motion to Strike Plaintiffs' Reply to Defendants' Response to Statement of Material Undisputed Facts in Support of Plaintiffs' Motion Pursuant to Bankruptcy Rule 7056 for Summary Judgment* (Docket Entry No.

reasons explained below, the Motion to Strike is denied.

## BACKGROUND

On September 11, 2020, the Plaintiffs filed their Statement of Undisputed Material Facts (Docket Entry No. 93, the "SUMF"), which included fifty-five separate facts. On October 28, 2020, the Defendants filed their Response to the SUMF (Docket Entry No. 111, the "Response to SUMF"). The Response to SUMF responded to each of the fifty-five facts in the SUMF and did not include a separate section of "additional facts" pursuant to Local Civil Rule 56(c). On November 19, 2020, the Plaintiffs filed a Reply to the Response to SUMF (Docket Entry No. 121, the "Reply SUMF") in which the Plaintiffs responded to each of the Defendants' responses to the original fifty-five facts asserted in the SUMF.

The Defendants argue that, because they did not include a section of "additional facts" in the Response to SUMF, the Plaintiffs' Reply SUMF is improper under Local Civil Rule 56(d) and must be stricken. (See Motion to Strike ¶ 5.) The Plaintiffs contend that the Reply SUMF was warranted because the Response to SUMF improperly incorporated additional facts into its responses without setting forth a separate section of additional facts, the Defendants did not comply with Local Civil Rule 56(c) in admitting and denying the facts asserted in the SUMF, and the Defendants included improper argumentation in their Response to SUMF. (See Objection ¶ 1.)

## DISCUSSION

Local Civil Rule 56(b) provides,

> A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party

---

135 in Adversary Proceeding No. 19-366, Docket Entry No. 151 in Adversary Proceeding No. 19-367, the "Reply")

> contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation[.]

Local Civil Rule 56(c) provides,

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation[.]

Finally, Local Civil Rule 56(d) allows a party to file, along with its reply to an opposition to a motion for summary judgment, a "separate, short, and concise statement of material facts, which shall be limited to any additional fact submitted by the opposing party."

The Court finds that both parties here went beyond the boundaries established by Local Civil Rule 56 in both the Response to SUMF and the Reply SUMF by including additional facts not set forth in separate paragraphs, by failing to properly admit or deny particular facts, and by including arguments within their responses to particular facts that are duplicative of arguments contained in the summary judgment briefs. The Court denies the motion to strike, but will limit its use of the SUMF, the Response to SUMF, and the Reply SUMF to those portions setting forth facts and record citations relevant to the motions for summary judgment, and will ignore all improper argument, objections, and other citations contained therein.

## CONCLUSION

For the reasons detailed herein, the Court denies the Motion to Strike.

This Order resolves Docket Entry No. 127 in Adversary Proceeding No. 19-366

and Docket Entry No. 143 in Adversary Proceeding No. 19-367.

       SO ORDERED.

Dated: February 23, 2021

                                                  /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge