UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF<br>THE GOVERNMENT OF THE COMMONWEALTH<br>OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Plaintiffs,[2]<br><br>v.<br><br>ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY; THE BANK OF NEW YORK MELLON; MASON CAPITAL MASTER FUND LP; OCHER ROSE, L.L.C.; SV CREDIT, L.P.; CROWN MANAGED ACCOUNTS FOR AND ON BEHALF OF CROWN/PW SP; LMA SPC FOR AND ON BEHALF OF MAP 98 SEGREGATED PORTFOLIO; OCEANA MASTER FUND LTD.; PENTWATER MERGER ARBITRAGE MASTER FUND LTD.; AND PWCM MASTER FUND LTD,<br><br>Defendants. | Adv. Proc. No. 19-00366 (LTS) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE | Adv. Proc. No. 19-00367 (LTS) |

---

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket Entry No. 6990, which is incorporated herein by reference.

| | |
|---|---|
| GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) |
| and | ) ) ) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA), | ) ) ) ) ) |
| as section 926 trustee of | ) ) ) |
| THE COMMONWEALTH OF PUERTO RICO | ) ) ) |
| Plaintiffs,³ | ) ) ) |
| v. | ) ) |
| GLENDON OPPORTUNITIES FUND, L.P.; OAKTREE-FORREST MULTI-STRATEGY, LLC (SERIES B); OAKTREE OPPORTUNITIES FUND IX, L.P.; OAKTREE OPPORTUNITIES FUND IX (PARALLEL 2), L.P.; OAKTREE VALUE OPPORTUNITIES FUND, L.P.; PUERTO RICO AAA PORTFOLIO BOND FUND, INC.; PUERTO RICO AAA PORTFOLIO BOND FUND II, INC.; PUERTO RICO AAA PORTFOLIO TARGET MATURITY FUND, INC.; PUERTO RICO FIXED INCOME FUND, INC.; PUERTO RICO FIXED INCOME FUND II, INC.; PUERTO RICO FIXED INCOME FUND III, INC.; PUERTO RICO FIXED INCOME FUND IV, INC.; PUERTO RICO FIXED INCOME FUND V, INC.; PUERTO RICO GNMA & U.S. GOVERNMENT TARGET MATURITY FUND, INC.; PUERTO RICO INVESTORS BOND FUND I; PUERTO RICO INVESTORS TAX-FREE FUND, INC.; PUERTO RICO INVESTORS TAX-FREE FUND II, INC.; PUERTO RICO INVESTORS TAX-FREE FUND III, INC.; PUERTO RICO INVESTORS TAX-FREE FUND IV, INC.; PUERTO RICO INVESTORS TAX-FREE FUND V, INC.; PUERTO RICO INVESTORS TAX-FREE FUND VI, INC.; PUERTO RICO MORTGAGE-BACKED & U.S. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

---

³ The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to Docket Entry No. 6990, which is incorporated herein by reference.

| | |
|---|---|
| GOVERNMENT SECURITIES FUND, INC.; TAX-FREE PUERTO RICO FUND, INC.; TAX-FREE PUERTO RICO FUND II, INC.; TAX-FREE PUERTO RICO TARGET MATURITY FUND, INC.; UBS IRA SELECT GROWTH & INCOME PUERTO RICO FUND, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

ORDER REGARDING DEFENDANTS' EVIDENTIARY<br>OBJECTIONS TO THE DECLARATION OF CECILE TIRADO SOTO

This matter is before the Court on the *Defendants' Evidentiary Objections to the Declaration of Cecile Tirado Soto in Respect of Employees Retirement System of the Government of the Commonwealth of Puerto Rico Motion Pursuant to Bankruptcy Rule 7056 for Summary Judgment* (Docket Entry No. 112 in Adversary Proceeding No. 19-366, Docket Entry No. 128 in Adversary Proceeding No. 19-367, the "Objections"). The Court has also received and reviewed the Plaintiffs' *Response to Defendants' Evidentiary Objections to the Declaration of Cecile Tirado Soto in Respect of Employees Retirement System of the Government of the Commonwealth of Puerto Rico Motion Pursuant to Bankruptcy Rule 7056 for Summary Judgment* (Docket Entry No. 122 in Adversary Proceeding No. 19-366, Docket Entry No. 138 in Adversary Proceeding No. 19-367,[4] the "Response"). In the Objections, the Defendants[5] list certain evidentiary objections to the Declaration of Cecile Tirado Soto (Docket Entry No. 93-9, the "Declaration") filed by the Plaintiffs in support of their Motion for Summary Judgment. After careful consideration of the parties' submissions, and for the reasons explained below, the

---

[4]  Unless otherwise noted, all docket entry references will be to Adversary Proceeding No. 19-366.

[5]  Capitalized terms not defined herein shall have the meanings given to them in the Response.

Defendants' objections are overruled in their entirety.

## BACKGROUND

The following is a summary of the content of the Declaration. Ms. Tirado, the Auxiliary Finance Director of ERS, has worked for ERS since 1992, and is currently the most senior finance employee of ERS responsible for overseeing all of ERS's finance and accounting work, including such work related to the issuance of the ERS Bonds. (See Decl. ¶¶ 1-2.) In the Declaration, Ms. Tirado avers that "[o]ver the course of nearly thirty years at ERS [she has] become knowledgeable about ERS's accounting practices and records, particularly as they pertain to ERS's receipt and treatment of various funds[, including but] not limited to, Employers' Contributions, the AUC, special law payments, Employee Loan Payments, and funds remitted by the Fiscal Agent to ERS." (Id. ¶ 2.) Ms. Tirado was deposed twice by the ERS Bondholders in connection with the ERS Title III case and participated in a videoconference with the Bondholders' counsel and their experts on June 24, 2020. (See id.)

Ms. Tirado's Declaration largely concerns ERS's financial practices. She testifies that, both before and after the 2008 bond issuances, the Commonwealth paid ERS's pension obligations to all retirees on behalf of ERS, which led to a recurring deficit with the Commonwealth. (See id. ¶ 4.) When making payments to the Fiscal Agent, ERS would transfer to the Fiscal Agent amounts equal to the Commonwealth's monthly Employers' Contributions, even though ERS did not receive those amounts in cash from the Commonwealth. (See id.) She also attests that, from 2008 through 2016, the Fiscal Agent made fifty-four transfers to ERS of funds in excess of the reserve requirements set forth in the Resolution (the "Released Funds"), releasing $1.67 billion to ERS. (See id. ¶ 5.) Ms. Tirado attached to her Declaration fifty-four ERS Requisition Letters for those transfers. According to Ms. Tirado, the Released Funds were

generally transferred by the Fiscal Agent to ERS's Operational Account in use at the time of the transfer, and ERS would then generally transfer the Released Funds to make payments to the Commonwealth Department of Treasury, or to the Fiscal Agent to make payments of Employers' Contributions due under the Resolution. (See id. ¶¶ 5-6.) Ms. Tirado further avers that ERS made personal and home mortgage loans to employees and retirees (the "Employee Loans") from specific ERS deposit accounts, and that the loans "were funded primarily by transfers from the Commonwealth to ERS. Notes of Employee Loans were either physically held by ERS, or sold and delivered to third parties." (Id. ¶ 7.) Finally, Ms. Tirado attests as follows:

> I am not aware of, nor have I seen an indication of, any deposit account control agreement with Bondholders or the Fiscal Agent covering any ERS deposit account. Given my role and experience at ERS, if such document existed, I would expect to have knowledge of it.

(Id. ¶ 8.)

Additional facts proffered in the Declaration are recited below as necessary.

## DISCUSSION

The Objections are directed to particular paragraphs of the Declaration. The Defendants object to paragraphs three through seven of the Declaration on the grounds of hearsay and lack of foundation. The Defendants object to paragraph eight of the Declaration on the grounds of relevance. The Court will discuss each ground for objection in turn.

A. Hearsay Objections

The Bondholders' hearsay objections are identical for each of the paragraphs of the Declaration they challenge on this ground, and they provide only the boilerplate explanation that "[t]he statement is inadmissible to prove the truth of the matter asserted." (Objections at 4-10.) The Court overrules all hearsay objections because boilerplate objections are insufficient,

see Garcia-Garcia v. Costco Wholesale Corp., 878 F.3d 411, 419 (1st Cir. 2017) (finding no abuse of discretion in District Court's rejection of boilerplate objections to exhibits attached to affidavits offered in support of summary judgment motion), and because the objection is unfounded. Rule 56(c)(4) of the Federal Rules of Civil Procedure requires only that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(2) of the Federal Rules of Civil Procedure further provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Here, the Defendants fail to provide any explanation as to why Ms. Tirado's testimony would be inadmissible. Her testimony is proffered based on a claim of personal knowledge and she is apparently competent to testify on the matters stated in the Declaration. Accordingly, the hearsay objections are overruled.

    B. Foundation Objections

The Defendants also object to paragraphs three through seven of the Declaration on the ground of a lack of foundation. (See Objections 4-10.) The Defendants' explanations for each objection, however, do not address the basis for their assertion that the challenged statements lack foundation. Rather, the explanations dispute the accuracy of the assertions in the Declaration and purport to offer contradictory evidence. For example, in paragraph four, Ms. Tirado attests that "ERS accounted for the amounts owed by the Commonwealth but did not transfer its [Additional Uniform Contributions] to the Fiscal Agent." (Decl. ¶ 4.) The Defendants object, asserting that Ms. Tirado "lacks foundation to conclude that ERS accounted for amounts owed by the Commonwealth including [Additional Uniform Contributions]"

because "ERS did not credit the Commonwealth for meeting any of its [Additional Uniform Contributions] obligations. ERS's May 31, 2017, balance sheet calculates that, as of the Petition Date, the Commonwealth owed at least $545.6 million in Additional Uniform Contributions." (Objections at 5 (internal citations omitted).)[6] In short, the Defendants attack the credibility of Ms. Tirado's assertions but offer no explanation as to why the foundation proffered is insufficient.

The Declaration proffers that Ms. Tirado has had a long tenure at ERS and has vast experience with ERS's receipt and treatment of funds, including those relevant to the ERS Bonds. (See Decl. ¶ 2.) The fact that the Defendants do not agree with Ms. Tirado does not mean that her claim of personal knowledge as the basis of her statements concerning ERS's financial and accounting practices is an inadequate foundation for her testimony. Accordingly, the Court overrules the Defendants' lack of foundation objections.

C. Relevance Objection

The Defendants object to paragraph eight of the Declaration on the grounds of lack of relevance. As quoted above, in this paragraph Ms. Tirado attests that she is not aware of any deposit account control agreement with Bondholders or the Fiscal Agent covering any ERS deposit account. (See Decl. ¶ 8.)

The Defendants argue that the statement as to deposit account control agreements is irrelevant because they "have not claimed that they have a perfected security interest in ERS's deposit accounts. Instead, Defendants have a perfected security interest in Pledged Property, the right to receive Pledged Property, and any and all proceeds thereof (among other things),

---

[6] Additionally, the Defendants' foundation objection to paragraph seven of the Declaration is another boilerplate objection that is insufficient on its face. (See Objections at 10.)

including in such assets held in ERS's deposit accounts. Therefore, the absence of a deposit account control agreement is irrelevant." (Objections at 10-11 (internal citations omitted).) The Plaintiffs respond that "the absence of a deposit account control agreement ('DACA') . . . is material to the issues raised in Plaintiffs' Motion and whether Defendants have the requisite control to perfect a security interest in cash (that is not identifiable cash proceeds)." (Response at 4-5.) The Defendants created an issue of fact by denying in their Answers to the Complaints that no DACA existed. (Id.) The Court finds that the Plaintiffs have adequately established the relevance of paragraph eight to the lien scope summary judgment proceedings and overrules the Defendants' relevance objection. The Court will give paragraph eight whatever weight it deems appropriate in adjudicating the lien scope issues.

## CONCLUSION

For the reasons detailed herein, the Court overrules the Objections.

This Order resolves Docket Entry No. 112 in Adversary Proceeding No. 19-366 and Docket Entry No. 128 in Adversary Proceeding No. 19-367.

SO ORDERED.

Dated: February 23, 2021

          /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge