# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO,

      Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO,

      Plaintiff,

v.

AMBAC ASSURANCE CORPORATION, et al.,

      Defendants.

Adv. Proc. No. 20-00003-LTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK- 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Adv. Proc. No. 20-00004-LTS |
|      as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | |
|         Plaintiff, | |
| v. | |
| AMBAC ASSURANCE CORPORATION, *et al.*, | |
|        Defendants. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Adv. Proc. No. 20-00005-LTS |
|      as a representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | |
|         Plaintiff, | |
| v. | |
| AMBAC ASSURANCE CORPORATION, *et al.*, | |
|        Defendants. | |

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO'S APPENDIX OF CONSOLIDATED EXHIBITS REFERENCED IN THE JOINT STATUS REPORT OF THE PARTIES PURSUANT TO THE COURT'S FEBRUARY 5, 2021 <u>SCHEDULING ORDER</u>**

**To the Honorable United States Magistrate Judge Judith Gail Dein:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submits this appendix of consolidated exhibits referenced in the *Joint Status Report of the Parties Pursuant to the Court's February 5, 2021 Scheduling Order* filed concurrently herewith.  The exhibits are attached hereto.

# **APPENDIX**

HTA Initial Document Requests, Adv. Proc. No. 20-00005 ...............................................Exhibit 1

HTA First Set of Interrogatories, Adv. Proc. No. 20-00005................................................Exhibit 2

Subpoena to FirstBank Puerto Rico, Adv. Proc. No. 20-00004 ........................................Exhibit 3

Subpoena to Bacardi Corp., Adv. Proc. No. 20-00003.....................................................Exhibit 4

Excerpts of Oral Argument Transcript from HTA Lift Stay Appeal, No. 20-1930............Exhibit 5

# **EXHIBIT 1**

HTA Initial Document Requests, Adv. Proc. No. 20-00005

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED<br>GUARANTY CORP., ASSURED GUARANTY MUNICIPAL<br>CORP., NATIONAL PUBLIC FINANCE GUARANTEE<br>CORPORATION, FINANCIAL GUARANTY INSURANCE<br>COMPANY, PEAJE INVESTMENTS LLC, and THE BANK<br>OF NEW YORK MELLON, as Fiscal Agent<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**DEFENDANTS' INITIAL DOCUMENT REQUESTS PURSUANT TO**
***ORDER REGARDING DISCOVERY IN CONNECTION WITH MOTIONS OF THE***
***COMMONWEALTH OF PUERTO RICO, BY AND THROUGH THE FINANCIAL***
***OVERSIGHT AND MANAGEMENT BOARD, PURSUANT TO BANKRUPTCY RULE***
***7056 FOR PARTIAL SUMMARY JUDGMENT DISALLOWING CLAIMS* (ECF NO. 129)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedures (the "**Federal Rules**"), applicable to this proceeding under Rules 9014, 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Defendants hereby serve this initial set of document requests pertaining to the above-captioned adversary proceeding (the "**HTA-Related Document Requests**," and each an "**HTA-Related Document Request**") in accordance with the *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (ECF No. 129, the "**Order**"),[2] and hereby request that the Plaintiff Financial Oversight and Management Board for Puerto Rico ("**FOMB**") as representative for the Commonwealth of Puerto Rico (the "**Commonwealth**"), and their respective officers, employees, and advisors, (i) provide any responses and objections in accordance with the schedule set by the Court, or by a date mutually agreed upon by counsel for Defendants and FOMB; and (ii) produce and make available for inspection and copying to the undersigned counsel all documents and communications requested below, in accordance with the definitions and instructions set forth below (the "**Definitions**" and the "**Instructions**," respectively) in accordance with the schedule set by the Court, or by a date mutually agreed upon by counsel for Defendants and the FOMB.

---

[2] Unless otherwise indicated, all ECF numbers referenced in the HTA Document Requests refer to the docket in Adv. Proc. No. 20-00005-LTS.

## DEFINITIONS

1.      All capitalized terms not defined herein have the definitions ascribed to them in Defendants' Opposition to Summary Judgment (ECF No. 94); Declaration of Casey J. Servais Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 97); Defendants' Sur-Reply in Opposition to Summary Judgment (ECF No. 113); and/or Defendants' Response to Plaintiff's Objection to Relief Under Fed. R. Civ. P. 56(d) (ECF No. 114).  All capitalized terms used herein should be given their most expansive and inclusive interpretation unless otherwise expressly limited.

2.      "**Act 30 and 31 Revenues**" means revenue streams covered by Act No. 30-2013 (June 25, 2013) and Act No. 31-2013 (June 25, 2013), which are part of the HTA Pledged Revenues.

3.      "**Bond Documents**" means the Bond Resolutions, enabling acts, financing statements, supplemental resolutions, any other Resolutions relating to the HTA Bonds, and any other documents governing or otherwise related to the HTA Bonds, including any statutes, executive orders, or official memoranda governing the Excise Taxes.

4.      "**Bond Resolutions**" means (i) Resolution No. 68-18 (the "**1968 Resolution**") and (ii) Resolution No. 98-06 (the "**1998 Resolution**").

5.      "**BPPR**" means Banco Popular de Puerto Rico, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

6.      "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communications, includes any document evidencing the date, participants, subject matter, and content of any such oral communication, including, but not limited to, mail, e-mail, facsimile, transcripts, minutes, notes, audio, video, electronic recordings, telephone records, and calendar entries.

7.      "**Document**" or "**Documents**" are intended to have the broadest possible meaning under Federal Rule 34 and mean any and all writings and recorded materials, or any kind, that are or have been in Your possession, custody or control, whether originals or copies.  Such writings include, but are not limited to, Communications, electronically stored information in any medium, such as emails, text messages, and instant messages, contracts, notes, drafts, interoffice memoranda, memoranda for files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of accounts, journals, ledgers, invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical components, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, types, printed, mimeographs, photocopies or otherwise reproduced, and tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are stored.

8.      "**Excise Taxes**" means (i) any excise taxes consisting, among other things, of taxes on gasoline, diesel, crude oil, partially finished and finished oil by-products, other hydrocarbon mixtures, or cigarettes, referenced in 13 L.P.R.A. § 31751; (ii) motor vehicle license fees referenced in 9 L.P.R.A. §§ 2021 & 5681; and (iii) any other excise taxes or fees allocated or assigned to HTA at any time under any statute.

9.      "**Flow of Funds**" or "**Flow**" means the path, including each and every deposit, credit, withdrawal, debit, or transfer, into or out of an account or designated Fund in the Treasury's accounting system, from their initial receipt or collection through and including the ultimate disposition, if any, of the funds.

10.     "**Fund**" means an amount of money or other revenues set aside for the purpose of carrying out a specific activity or to achieve certain objectives pursuant to laws, regulations, restrictions, or limitations and which constitute an independent fiscal and accounting entity, including accounts and designations created to keep record of the proceeds of the issuance of bonds

that may be authorized, or the fiscal and accounting entities referenced on page 4 of the letter dated March 13, 2020, from Elizabeth L. McKeen, Esq. to Defendants' counsel.

11. "**Fund 278**" means the fund bearing that designation in the Treasury's accounting system, including any related subaccounts, as well as any fund (if any) that formerly bore that designation or that is a successor thereto.

12. "**HTA**" means the Puerto Rico Highways and Transportation Authority, the entity known in Spanish as *Autoridad de Carreteras y Transportación de Puerto Rico*.

13. "**HTA Accounts**" include any and all bank accounts, Funds, Fund designations or accounting designations that reflect deposits, withdrawals, transfer or the retention of Excise Taxes or HTA Pledged Revenues, including, without limitation, Fund 278 designations 278-0660000-781-2014, 278-0660000-993-2014, 278-0660000-782-2014, 278-0660000-994-2015, 278-0660000-081-2014, 278-0660000-00302014, 278-0660000-779-2014, 278-0660000-780-2014, 278-0660000-784-2015 and 278-0660000-785-2015 and bank accounts BPPR-5191, 9458, 9857, 0303, 6438, 6411 and 5116; Oriental -9874; and GDB-0006, 4276, 3466, 6048 and 9839.

14. "**HTA Bonds**" means the bonds issued under the 1968 Resolution and the 1998 Resolution.

15. "**HTA Pledged Revenues**" means (i) revenues derived from HTA's toll facilities (the "**Toll Revenues**") and (ii) the Excise Taxes.

16. "**including**" or "**includes**" means "including but not limited to and without limitation," or "includes but is not limited to and without limitation."

17. "**Person**" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

18.     "**PRIFAS**" means the Puerto Rico Integrated Financial Accounting System and any other accounting and fiscal control systems used by the Commonwealth, the Department of Treasury, and HTA.

19.     "**Resolutions**" means decisions or determinations of a deliberative or legislative body, or any subdivisions, entities, or instrumentalities thereof.

20.     "**Signatories**" means any and all Persons, individuals, entities, corporations, agencies, instrumentalities, or representatives thereof, who have signed or otherwise manifested their consent to a Document as a party, or on behalf of a party, to that Document.

21.     "**Treasury**" means the Puerto Rico Department of Treasury and each of its present or former board members, agents, representatives, and employees.

22.     "**TSA**" means the Treasury Single Account.

23.     "**You**" or "**Your**" refers to (1) the Financial Oversight and Management Board for Puerto Rico; and (2) the Commonwealth of Puerto Rico; and (3) their respective divisions, subdivisions, offices, departments, agencies, affiliates, and any current and former officials, officers, trustees, accountants, attorneys, employees, agents, advisors, consultants, experts, and independent contractors, assigns, and any Person or entity acting or purporting to act on their behalf.

## **INSTRUCTIONS**

1.     You are required to answer these HTA-Related Document Requests drawing upon all materials in Your possession, custody, or control, as well as any materials that are not in Your custody but are owned in whole or in part by You, and any materials that, pursuant to any understanding, express or implied, You may use, inspect, examine, or copy.  You must provide all information in response to an HTA-Related Document Request which is known to You, Your

agents, consultants employees, accountants, attorneys, or experts, or which appears in Your records.

2.      The following rules of construction shall apply to these HTA-Related Document Requests.

        a.      The terms "all" and "any," whenever used separately, shall be construed as "any and all" to encompass the greatest amount of responsive material.

        b.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any HTA-Related Document Request all responses that might otherwise be construed to be outside of its scope.

        c.      The term "including" shall always be construed to mean "including, but not limited to," or "including, without limitation" to encompass more than the specifically identified materials.

        d.      The present tense shall also include the past tense and vice versa.

        e.      The use of the singular form of any word includes the plural and vice versa.

3.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in these HTA-Related Document Requests.

4.      You are required to produce all non-identical copies and drafts of each document. The originals of all documents produced in copy form shall be made available for inspection upon request.

5.      Documents attached to each other in their original form should not be separated.

6.      If no information or documents responsive to a numbered paragraph are in Your possession, You are to indicate this in a written response.

7.      The fact that a document has or will be produced by another plaintiff, third party, or other party to these or related proceedings does not relieve You of the obligation to produce Your copy of the same document.

8.     If any document is withheld in whole or in part under claim of any privilege or work product or other immunity, then consistent with Fed. R. Civ. P. 26(b)(5), as applied to this proceeding by Bankruptcy Rule 7026, and PROMESA § 310, 48 U.S.C. § 2170, You are to provide a list of such documents identifying each such document for which any such privilege, work product, or other immunity is claimed, together with the following information:

  a.     the nature of the claim of privilege or immunity, including the statute, rule, or decision giving rise to the claim of privilege or immunity;

  b.     all facts relied upon in support of the claim of privilege or immunity;

  c.     all Persons or entities on whose behalf the privilege or immunity is claimed;

  d.     the type of document (*e.g.*, letter, memorandum, note, telegram, e-mail, chart, report, recording, etc.);

  e.     the subject matter (without revealing the information as to which privilege is claimed);

  f.     its date, author(s), sender(s), addressee(s), and recipient(s); and

  g.     the paragraph(s) of these HTA-Related Document Requests to which production of the document is responsive.

You are further directed to describe the factual and legal basis for each claim of privilege or immunity in sufficient detail so as to permit the court to adjudicate the validity of the claim of privilege or immunity, and to produce all documents or portions thereof not subject to Your objection.

9.     If any document requested was, but is no longer, in Your possession, custody, or control, identify the document and state what disposition was made of it and the date or dates upon which such disposition was made, and additionally, produce all documents relating to the disposition of such document.

10.     If You object to any HTA-Related Document Request (or portion thereof), state the reason for the objection in detail and respond to that HTA-Related Document Request as narrowed by Your objection.

11.     Unless otherwise specified in a specific request, electronically stored information ("ESI") as that term is used in Fed. R. Civ. P. 34 should be produced as follows:

a.      TIFFs.  Black and white images shall be delivered as single page Group IV TIFF image files.  Color images must be produced in .jpeg format.  Image file names should not contain spaces or special characters and must have a unique file name, *i.e.*, Beginning Bates Number.  Images must be endorsed with sequential Bates numbers in the lower right corner of each image.

b.      Unique IDs.  Each image should have a unique file name and should be named with the Bates number assigned to it.

c.      Text Files.  Extracted full text in the format of document level text files shall be provided in a separate folder, one text file per document.  Each text file should match the respective TIFF filename (Beginning Bates Number).  Text from redacted pages will be produced in OCR format rather than extracted text.

d.      Parent-Child Relationships.  Parent-child relationships (the association between an attachment and its parent record) should be preserved.

e.      Database Load Files/Cross-Reference Files.  Records should be provided in a format compatible with the following industry standards.

- The image cross-reference file to link the images to the database should be a comma-delimited file with a line in the cross-reference file for every image in the database.

- The data file (.dat) should contain all the fielded information that will be loaded into the database.

- The first line of the .dat file must be a header row identifying the field names.

- The .date file must use the following *Concordance* default delimiters: Comma        ¶        ASCII        character        (020) Quote þ ASCII character (254).

-9-

- Date Fields should be provided in the format mm/dd/yyyy.

- Date and time fields must be two separate fields.

- If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments.

- An OCRPATH field must be included to provide the file path name of the extracted text file(s).

- Each text file must be named after the Beginning Bates Number.

- For production with native files, a NATIVELINK field must be included in the .dat file to provide the file path and name of the native file being produced.

- Beginning Bates Number and Ending Bates Number should be two separate fields.

- A complete list of metadata fields is included in paragraph 11(f).

f.     Metadata.  For all ESI records, provide all of the following metadata fields: Custodian, Beginning Bates Number, Ending Bates Number, Beginning Attachment Number, Ending Attachment Number, Record Type, Master Date, SentOn Date and Time, Received Date and Time, Create Date and Time, Last Modified Date and Time, Parent Folder, Author, To, From, CC, BCC, Subject/Title, Original Source, Native Path, File Extension, File Name, File Size, Full Text, and page count.

g.     Spreadsheets.  For spreadsheets that were originally created using common, off-the-shelf software (*e.g.*, Microsoft Excel), produce the spreadsheets in native format and, in addition, in TIFF format.  Native file documents must be named per the Beginning Bates Number.  The full path of the native file must be provided in the .dat file.

12.   Hard copy documents shall be produced as follows:

a.     TIFFs.  Black and white images shall be delivered as single page Group IV TIFF image files.  Color images must be produced in .jpeg format.  Image file names should not contain spaces or special characters and must have a unique file name, *i.e.*, Beginning Bates Number.  Images must be endorsed with sequential Bates numbers in the lower right corner of each image.

b.      Unique IDs.  Each image should have a unique file name and should be named with the Bates number assigned to it.

c.      OCR.  High-quality document level OCR text files should be provided in a separate folder, one text file per document.  Each text file should match the respective TIFF filename (Beginning Bates Number).  For redacted documents, provide the re-OCR'd version.

d.      Database Load Files/Cross-Reference Files.  Records should be provided in a format compatible with the following industry standards.

- The image cross-reference file to link the images to the database should be a comma-delimited file with a line in the cross-reference file for every image in the database.

- The data file (.dat) should contain all the fielded information that will be loaded into the database.

- The first line of the .dat file must be a header row identifying the field names.

- The .date file must use the following *Concordance* default delimiters: Comma ¶ ASCII character (020) Quote þ ASCII character (254).

- Date Fields should be provided in the format mm/dd/yyyy.

- Date and time fields must be two separate fields.

- If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments.

- An OCRPATH field must be included to provide the file path name of the extracted text file(s).

- Each text file must be named after the Beginning Bates Number.

- For production with native files, a NATIVELINK field must be included in the .dat file to provide the file path and name of the native file being produced.

- Beginning Bates Number and Ending Bates Number should be two separate fields.

e.      Unitizing of Records. In scanning hard copy records, distinct records should not be merged into a single record, and single records, should not be split into multiple records (*i.e.*, hard copy records should be logically unitized).

f.      Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent record) should be preserved.

g.      Objective Coding Fields. The following objective coding fields should be provided: Beginning Bates Number, Ending Bates Number, Beginning Attachment Number, Ending Attachment Number, Source-Custodian, and page count.

13.      These HTA-Related Documents Requests are continuing in nature. If any information or document responsive to an HTA-Related Document Request herein is not presently in Your possession, custody, or control but subsequently becomes available, is discovered or is created, or comes into Your possession, custody, or control, You have a continuing obligation pursuant to Fed. R. Civ. P. 26(e), and are hereby requested, to supplement Your responses to these HTA-Related Document Requests within a reasonable period of time after it comes into Your possession, custody, or control.

14.      These requests are to be construed as not seeking or requiring the production of documents previously produced within the limited discovery ordered by the Court in the context of prior lift stay proceedings relating to the Excise Taxes and Pledged Revenues.

## **RELEVANT TIME PERIOD**

Unless otherwise specified, the relevant time period for these requests is January 1, 2014 to the present.

## HTA-RELATED DOCUMENT REQUESTS

### REQUEST NO. 1

All Documents governing the terms of the HTA Bonds, including all versions of the Bond Resolutions, and documents identifying the Signatories to and/or those bound by the Bond Resolutions, from creation to present.  This request includes, without limitation, (a) all versions of Bond Resolutions relating to HTA Bonds; (b) all amendments and supplements to such Bond Resolutions; (c) any other Resolutions adopted in connection with the HTA Bonds; (d) any Resolution, act, approval or decision of HTA's Board of Directors issued concerning:  (1) the authority of the Executive Director to enter into the Security Agreement, dated as of February 7, 2002, or (2) any security interest, pledge or other property interest in respect of the HTA Bonds; (e) all closing binders relating to all of the HTA Bonds (and any amendments and supplements thereto); and (f) all Documents identifying the Signatories to and/or those bound by such Bond Resolutions or Resolutions.

### REQUEST NO. 2

All Documents governing the Flow of Excise Taxes and HTA Pledged Revenues following their collection by the Commonwealth, including all Documents governing Fund 278 and its sub-accounts, and any other accounts or designated Funds (including the TSA) into or through which such funds are or have been transferred (including the HTA Accounts), including without limitation contracts, side agreements, security agreements, account control agreements, account opening documents, account statements, deeds of trust on accounts, or supplements thereto, and identifying the Signatories to and/or those bound by such agreements, from creation of any such account, Fund, Fund sub-account and Fund designation to present.  This request includes, without limitation, (a) all such Documents governing or describing the process of deposit of Excise Taxes and HTA Pledged Revenues to any bank account, Fund, Fund sub-account and Fund designation (including the HTA Accounts); (b) all such Documents governing or describing the process of retention by the Commonwealth of Excise Taxes and HTA Pledged Revenues; (c) all Documents governing or describing the process of transfer of Excise Taxes and HTA Pledged Revenues to and from any bank account, Fund, Fund sub-account and Fund designation (including the HTA Accounts); (d) all Documents governing or describing the process of such retentions and deposits, withdrawals, and transfers to and from Fund 278 and its sub-accounts; and (e) all Documents relating to the opening or establishment of any account, Fund, Fund sub-account and Fund designation into which or from which Excise Taxes and HTA Pledged Revenues was deposited, withdrawn or transferred (including the HTA Accounts).

### REQUEST NO. 3

All records reflecting the actual Flow of Funds into and out of Fund 278 and its subaccounts, and any other accounts into which Excise Taxes and HTA Pledged Revenues have been deposited (including the HTA Accounts) from January 2014 to the present.  This request includes, without limitation, (a) records reflecting the actual deposit of Excise Taxes and HTA Pledged Revenues to any bank account, Fund, Fund sub-account and Fund designation (including the HTA Accounts); (b) records reflecting the actual retention by the Commonwealth of Excise Taxes and HTA Pledged Revenues; (c) records reflecting the actual transfer of Excise Taxes and HTA Pledged Revenues to and from any bank account, Fund, Fund sub-account and Fund designation (including the HTA Accounts); (d) any instructions regarding use or transfer of such funds; (e) any refusal by Treasury to

sign any SC-735 vouchers or other withdrawal/transfer Documents relating to Fund 278 and its sub-accounts approved by HTA or any amendments or changes requested by Treasury; (f) records concerning transfers from Commonwealth bank account BPPR-9458; (g) records concerning the Flow of Funds for Act 30 and 31 Revenues; (h) records reflecting the balance from January 2014 to present of Fund 278 and its specific subaccounts, and any changes, increases, and decreases of such balances and the reasons therefor; (i) Documents attaching, and constituting instructions or policies for attaching Fund, account, Fund 278 sub-account and DeptID number designations such as 278-660000 to received Excise Taxes and HTA Pledged Revenues; (j) Documents and other Commonwealth records that can be generated using the PRIFAS accounting system or other accounting systems such as ledgers, reports, cash flow statements, statements, Fund accreditation reports and reconciliations relating to the Flow of Excise Taxes and HTA Pledged Revenues, including the reporting of the Flow of such funds; (k) account statements of any account or Fund or Fund sub-account or designation into which Excise Taxes and HTA Pledged Revenues were deposited, transferred or in which such funds were retained (including the HTA Accounts); (l) communications with auditors regarding the Flow of Excise Taxes and HTA Pledged Revenues or any bank account, Fund, Fund designation or Fund sub-account into or from which Excise Taxes and HTA Pledged Revenue were deposited, withdrawn, transferred or retained (including the HTA Accounts), including auditor workpapers and supporting documentation related to the presentation of HTA Pledged Revenues in Commonwealth and HTA audited financial statements; and (m) records reflecting the budget and expenditure of any Excise Taxes and HTA Pledged Revenues.

## REQUEST NO. 4

All Documents concerning the Treasury's role in the approval of transfers to HTA and the extent to which excise tax revenues were or have been made available to HTA. The request includes, without limitation, (a) any instructions, approvals or denials regarding any transfers of Excise Taxes; (b) any instructions, approvals or denials of requested transfers of Excise Taxes; (c) policies and controls concerning transfers of Excise Taxes; and (d) the delegation of any purported authority over transfer activity relating to Excise Taxes.

## REQUEST NO. 5

All policies and procedures related to the Flow of Excise Taxes and HTA Pledged Revenues pursuant to the Bond Documents. This request includes, without limitation, (a) policies, procedures, and controls reflecting instructions relating to the use or transfer of any of such funds, from creation to present; (b) policies, procedures, and controls regarding the collection of Excise Taxes and HTA Pledged Revenues, from creation to present; (c) policies, procedures, and controls regarding the retention by the Commonwealth of such funds, from creation to present; (d) policies, procedures, and controls regarding the reporting of the Flow of Excise Taxes and HTA Pledged Revenues, from creation to present; (e) policies, procedures, and controls regarding the recording and accounting of Excise Taxes and HTA Pledged Revenues from creation to present, including charts of accounts (including HTA Accounts), PRIFAS reports, ledgers, policies, procedures and supporting documentation used in the presentation and treatment of the HTA Pledged Revenues; (f) Documents sufficient to identify the individuals responsible for policies and procedures related to the Flow of Excise Taxes and HTA Pledged Revenues, including those overseeing or approving transactions involving the reporting, recording, transfer and accounting for any of such funds; (g) policies and procedures regarding, and Documents related to, the "HTA Pass Throughs" and "Non-General Fund Pass Throughs" for HTA and the Excise Taxes identified in TSA Cash Flow Reports for the period

beginning in July 2017 and continuing through June 2020; (h) policies and procedures regarding, and Documents reflecting and related to, the presentation of Excise Taxes as "General Fund Collections" for the period July 2020 to present, including all documents substantiating the reason and justification for such change in presentation; (i) policies and procedures regarding the presentation of HTA Pledged Revenues in the audited financial statements of the Commonwealth and HTA for fiscal years 2014 to present, including auditor workpapers and supporting documentation; (j) policies and procedures related to the Commonwealth and HTA's implementation of Governmental Accounting Standards Board Statement No. 54 as to the HTA Pledged Revenues, for fiscal years 2014 to present, including documents evidencing the manner of such implementation; (k) policies and procedures relating to the accounting and fiscal control of restrictions on monies in the TSA, including the HTA Pledged Revenues and federal funds, for fiscal years 2014 to present; (l) policies and procedures relating to the "Special Revenue Fund" for HTA identified on Page 11 of the Board's December 17, 2020 presentation styled Creditor Mediation Cash Support Materials, including the materials related to Footnote 4 therein; (m) policies and procedures pertaining to the Commonwealth's ability or obligation to transfer money to HTA upon request; and (n) auditor workpapers related to the testing of the above-identified policies and procedures.

Dated:  February 8, 2021
       New York, New York

CASELLAS ALCOVER & BURGOS P.S.C.          CADWALADER, WICKERSHAM & TAFT LLP


By:/s/ *Heriberto Burgos Pérez*            By:/s/ *Howard R. Hawkins, Jr.*
    Heriberto Burgos Pérez                      Howard R. Hawkins, Jr.*
    USDC-PR 204809                              Mark C. Ellenberg*
    Ricardo F. Casellas-Sánchez                 William J. Natbony*
    USDC-PR 203114                              Thomas J. Curtin*
    Diana Pérez-Seda                            Casey J. Servais*
    USDC-PR 232014                              200 Liberty Street
    P.O. Box 364924                             New York, NY 10281
    San Juan, PR 00936-4924                     Telephone:   (212) 504-6000
    Telephone:   (787) 756-1400                 Facsimile:   (212) 504-6666
    Facsimile:   (787) 756-1401                 Email:       howard.hawkins@cwt.com
    Email:       hburgos@cabprlaw.com                        mark.ellenberg@cwt.com
                 rcasellas@cabprlaw.com                      bill.natbony@cwt.com
                 dperez@cabprlaw.com                         thomas.curtin@cwt.com
                                                             casey.servais@cwt.com

    *Attorneys for Assured Guaranty Corp.*
    *and Assured Guaranty Municipal Corp.*      * Admitted *pro hac vice*

                                               *Attorneys for Assured Guaranty Corp. and*
                                               *Assured Guaranty Municipal Corp.*

ADSUAR MUNIZ GOYCO
SEDA & PEREZ-OCHOA PSC

WEIL, GOTSHAL & MANGES LLP

By:/s/ Eric Perez-Ochoa
    Eric Pérez-Ochoa
    USDC-PR No. 206314
    E-mail:    epo@amgprlaw.com


By:/s/Luis A. Oliver-Fraticelli
    Luis A. Oliver-Fraticelli
    USDC-PR NO. 209204
    E-mail:    loliver@amgprlaw.com

    208 Ponce de Leon Ave., Suite 1600
    San Juan, PR 00936
    Tel.:    (787) 756-9000
    Fax:    (787) 756-9010

*Attorneys for National Public Finance
Guarantee Corp.*

By:/s/ Robert Berezin
    Jonathan Polkes*
    Gregory Silbert*
    Robert Berezin*
    Kelly Diblasi*
    Gabriel A. Morgan*
    767 Fifth Avenue
    New York, New York 10153
    Tel.:    (212) 310-8000
    Fax:    (212) 310-8007
    Email:    jonathan.polkes@weil.com
        gregory.silbert@weil.com
        robert.berezin@weil.com
        kelly.diblasi@weil.com
        gabriel.morgan@weil.com

* admitted *pro hac vice*

*Attorneys for National Public Finance
Guarantee Corp.*

-17-

FERRAIUOLI LLC

MILBANK LLP

By:/s/ Roberto Cámara-Fuertes
    ROBERTO CÁMARA-FUERTES
    USDC-PR NO. 219002
    E-mail:    rcamara@ferraiuoli.com

By:/s/ Sonia Colón
    SONIA COLÓN
    USDC-PR NO. 213809
    E-mail:    scolon@ferraiuoli.com

    221 Ponce de Leon Ave., 5th Floor
    San Juan, PR 00917
    Tel.:    (787) 766-7000
    Fax:    (787) 766-7001

*Counsel for Ambac Assurance Corporation*

By:/s/ Atara Miller
    DENNIS F. DUNNE*
    ATARA MILLER*
    GRANT R. MAINLAND*
    JOHN J. HUGHES*
    55 Hudson Yards
    New York, New York 10001
    Tel.:    (212) 530-5000
    Fax:    (212) 530-5219
    Email:    ddunne@milbank.com
        amiller@milbank.com
        gmainland@milbank.com
        jhughes2@milbank.com

*admitted *pro hac vice*

*Counsel for Ambac Assurance Corporation*

ARENT FOX LLP


By: /s/ *David L. Dubrow*
     DAVID L. DUBROW*
     MARK A. ANGELOV*
     1301 Avenue of the Americas
     New York, New York 10019
     Tel.:     (212) 484-3900
     Fax:     (212) 484-3990
     Email:     david.dubrow@arentfox.com
                mark.angelov@arentfox.com


By: /s/ Randall *A. Brater*
     RANDALL A. BRATER*
     1717 K Street, NW
     Washington, DC 20006
     Tel.:     (202) 857-6000
     Fax:     (202) 857-6395
     Email:     randall.brater@arentfox.com

*admitted *pro hac vice*

*Counsel for Ambac Assurance Corporation*

REXACH & PICÓ, CSP

BUTLER SNOW LLP


By:/s/ María *E. Picó*
    María E. Picó
    USDC-PR 123214
    802 Ave. Fernández Juncos
    San Juan PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    E-mail: mpico@rexachpico.com

*Attorneys for Financial Guaranty Insurance
Company*

By:*/s/ Martin A. Sosland*
    Martin A. Sosland*
    2911 Turtle Creek Blvd., Suite 1400
    Dallas, TX 75219
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    E-mail: martin.sosland@butlersnow.com

    James E. Bailey III*
    Adam M. Langley*
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    Telephone: (901) 680-7200
    Facsimile: (901) 680-7201
    Email: jeb.bailey@butlersnow.com
           adam.langley@butlersnow.cow

*admitted *pro hac vice*

*Attorneys for Financial Guaranty
Insurance Company*

# **EXHIBIT 2**

HTA First Set of Interrogatories, Adv. Proc. No. 20-00005

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>        Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**DEFENDANT NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S
FIRST SET OF INTERROGATORIES IN CONNECTION WITH THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA")
<u>REVENUE BOND ADVERSARY PROCEEDINGS</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States District Court for the District of Puerto Rico, and the Court's *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims*, Adv. Proc. No 20-00005, ECF No. 110 ("<u>56(d) Order</u>"), National Public Finance Guarantee Corporation, by and through its undersigned attorneys, hereby serves the following interrogatories (the "<u>Interrogatories</u>" and, each individually, an "<u>Interrogatory</u>") on You (defined below), and request that You answer the Interrogatories fully in writing under oath, in accordance with the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, and supplement such answers as required by Rule 26(e) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding through Rule 7026 of the Federal Rules of Bankruptcy Procedure.

<u>**DEFINITIONS**</u>

1.    All capitalized terms not defined herein have the definitions ascribed to them in Defendants' Opposition to Summary Judgment (ECF No. 94); Declaration of Casey J. Servais Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 97); Defendants' Sur-Reply in Opposition to Summary Judgment (ECF No. 113); and/or Defendants' Response to Plaintiff's Objection to Relief Under Fed. R. Civ. P. 56(d) (ECF No. 114).  All capitalized terms used herein should be given their most expansive and inclusive interpretation unless otherwise expressly limited.

- 2 -

2.   "**Act 30 and 31 Revenues**" means revenue streams covered by Act No. 30-2013 (June 25, 2013) and Act No. 31-2013 (June 25, 2013), which are part of the HTA Pledged Revenues.

3.   "**Bond Documents**" means the Bond Resolutions, enabling acts, financing statements, supplemental resolutions, any other Resolutions relating to the HTA Bonds, and any other documents governing or otherwise related to the HTA Bonds, including any statutes, executive orders, or official memoranda governing the Excise Taxes.

4.   "**Bond Resolutions**" means (i) Resolution No. 68-18 (the "**1968 Resolution**") and (ii) Resolution No. 98-06 (the "**1998 Resolution**").

5.   "**BPPR**" means Banco Popular de Puerto Rico, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

6.   "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communications, includes any document evidencing the date, participants, subject matter, and content of any such oral communication, including, but not limited to, mail e-mail, facsimile, transcripts, minutes, notes, audio, video, electronic recordings, telephone records, and calendar entries.

7.   "**Document**" or "**Documents**" are intended to have the broadest possible meaning under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States District Court for the District of Puerto Rico, and mean any and all writings and recorded materials, or any kind, that are or have been in Your possession, custody or control, whether originals or copies.  Such writings include, but are not limited to, Communications, electronically stored information in any medium, such as emails, text messages, and instant messages, contracts, notes, drafts, interoffice memoranda, memoranda for files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of accounts, journals, ledgers,

- 3 -

invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical components, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, types, printed, mimeographs, photocopies or otherwise reproduced, and tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are stored.

      8.   "**<u>Employee</u>**" means any of Your current and former employees, including, without limitation, current and former officers, directors, executives, managers, sales personnel, agents, or any other Person employed directly or indirectly by You, or retained by You to act on Your behalf.

      9.   "**<u>Excise Taxes</u>**" means (i) any excise taxes consisting, among other things, of taxes on gasoline, diesel, crude oil, partially finished and finished oil by-products, other hydrocarbon mixtures, or cigarettes, referenced in 13 L.P.R.A. § 31751; (ii) motor vehicle license fees referenced in 9 L.P.R.A. §§ 2021 & 5681; and (iii) any other excise taxes or fees allocated or assigned to HTA at any time under any statute.

      10.   "**<u>Flow of Funds</u>**" or "**<u>Flow</u>**" means the path, including each and every deposit, credit, withdrawal, debit, or transfer, into or out of an account or designated Fund in the Treasury's accounting system, from their initial receipt or collection through and including the ultimate disposition, if any, of the funds.

      11.   "**<u>Fund</u>**" means an amount of money or other revenues set aside for the purpose of carrying out a specific activity or to achieve certain objectives pursuant to laws, regulations, restrictions, or limitations and which constitute an independent fiscal and accounting entity, including accounts and designations created to keep record of the proceeds of the issuance of bonds that may be authorized, or the fiscal and accounting entities referenced on page 4 of the letter dated March 13, 2020 from Elizabeth L. McKeen, Esq. to Defendants' counsel.

12. "**Fund 278**" means the fund bearing that designation in the Treasury's accounting system, including any related subaccounts, as well as any fund (if any) that formerly bore that designation or that is a successor thereto.

13. "**HTA**" means the Puerto Rico Highways and Transportation Authority, the entity known in Spanish as *Autoridad de Carreteras y Transportación de Puerto Rico*.

14. "**HTA Accounts**" include any and all bank accounts, Funds, Fund designations or accounting designations that reflect deposits, withdrawals, transfer or the retention of Excise Taxes or HTA Pledged Revenues, including, without limitation, Fund 278 designations 278-0660000-781-2014, 278-0660000-993-2014, 278-0660000-782-2014, 278-0660000-994-2015, 278-0660000-081-2014, 278-0660000-00302014, 278-0660000-779-2014, 278-0660000-780-2014, 278-0660000-784-2015 and 278-0660000-785-2015 and bank accounts BPPR-5191, 9458, 9857, 0303, 6438, 6411, 5116, Oriental -9874 and GDB-0006, 4276, 3466, 6048 and 9839.

15. "**HTA Bonds**" means the bonds issued under the 1968 Resolution and the 1998 Resolution.

16. "**HTA Pledged Revenues**" means (i) revenues derived from HTA's toll facilities (the "**Toll Revenues**") and (ii) the Excise Taxes.

17. "**Identify**" means, with respect to a Document, to (i) state the nature and title of the Document, (ii) state the author of the Document, (iii) state all persons who received or saw the Document, (iv) state the date on which the Document was prepared, (v) state the substance of the contents of the analysis or Document, and (vi) state the present location and custodian of the Document.  With respect to a Person, "Identify" means to give the Person's full name, current or last known address, telephone number, and, when referring to a natural Person, the natural Person's current or last known place of employment.

- 5 -

18. "**Including**" or "**includes**" means "including but not limited to and without limitation," or "includes but is not limited to and without limitation."

19. "**Person**" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

20.  "**Treasury**" means the Puerto Rico Department of Treasury and each of its present or former board members, agents, representatives and employees.

21. "**TSA**" means the Treasury Single Account.

22. "**You**" or "**Your**" refers to (1) the Financial Oversight and Management Board for Puerto Rico; and (2) the Commonwealth of Puerto Rico; and (3) their respective divisions, subdivisions, offices, departments, agencies, affiliates, and any current and former officials, officers, trustees, accountants, attorneys, employees, agents, advisors, consultants, experts, and independent contractors, assigns, and any Person or entity acting or purporting to act on their behalf.

## **INSTRUCTIONS**

1.    You are to answer the Interrogatories as completely as possible.

2.    The Interrogatories shall be answered based upon Your knowledge from all sources, including all information in the possession of Your attorneys, any of Your agents, employees, representatives, or investigators, or other persons working on Your behalf.

3.    If You cannot answer the Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Your inability to answer the remainder, stating whatever information or knowledge You have concerning the unanswered portion, and describing what You did in attempting to secure the

unknown information.  If precise information cannot be supplied, state the best estimation or approximation, designated as such.

4.      If You object to a portion or aspect of the Interrogatories, or withhold any Document or portion thereof, state the grounds for Your objection with specificity and answer the remainder of the Interrogatories or produce the portion of the Document about which You do not object.  If any information is withheld on the basis of a claim of privilege, set forth in writing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, or such information as otherwise agreed by the parties.

5.      The obligation to respond to the Interrogatories is continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure.  If at any time after responding to the Interrogatories You discover additional information that will make Your response to the Interrogatories more complete or correct, You are required to supplement or correct Your response as soon as reasonably possible.

6.      The Interrogatories shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, nor shall they be construed as any admission of fact.

7.      In order to bring within the scope of the Interrogatories any information that might otherwise be construed to be outside of their scope, the following rules of construction shall apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neutral pronoun does not exclude other genders; (iii) the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the Interrogatories; (iv) the words "all," "any," and "each" shall each be construed broadly, meaning

"any and all"; (v) the word "including" should be read to mean "including, without limitation"; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, agents, consultants, advisors, or experts include both current and former employees, officers, directors, agents, consultants, advisors, and experts; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in the Interrogatories.  Where the answer to an Interrogatory is based on a Document, You shall produce a copy of the Document along with the response to the Interrogatory, or, if such Document previously has been produced to Defendants in the course of discovery in this proceeding, identify the Bates number of such Document.

8.      Unless otherwise indicated, the time period applicable to the Interrogatories is the time period allowed for discovery under the Rule 56(d) Order to the present, and shall include all Documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received before or after that period.

9.      Consistent with National's objection and reservation of rights in paragraphs 37, 38 and 39 of the Joint Status Report of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, The Bank of New York Mellon, U.S. Bank Trust National Association, and the Financial Oversight and Management Board for Puerto Rico, As Representative of the Commonwealth of Puerto Rico, Pursuant to the Court's January 20, 2021 Order, Adv. Proc. No. 20-00005, ECF No. 132, National's interrogatories are limited to the scope permitted in the Rule 56(d) Order without prejudice to National and the other Defendants' position that they should be

receiving plenary discovery in this adversary proceeding at this time. National and all Defendants reserve all rights.

## **INTERROGATORIES**

1.     Identify each Person likely to have discoverable information, along with the subjects of that information, relating to the topics listed under the heading "The HTA Adversary Proceeding (20-00005)" on page 10 in the 56(d) Order, including, without limitation, the topics as described in Defendants' Initial Document Requests Pursuant To Order Regarding Discovery In Connection With Motions Of The Commonwealth of Puerto Rico, By And Through The Financial Oversight And Management Board, Pursuant To Bankruptcy Rule 7056 For Partial Summary Judgment Disallowing Claims (served on February 8, 2021). This Interrogatory should be answered without regard to any time period limitation, except to the extent the 56(d) Order articulates a time period limitation with respect to a specific topic.

2.     Describe in detail the process or processes regarding the Flow of Excise Taxes and HTA Pledged Revenues, including how (a) Excise Taxes and HTA Pledged Revenues are deposited or allocated to Fund 278; (b) the Commonwealth has retained any Excise Taxes and HTA Pledged Revenues; (c) Excise Taxes and HTA Pledged Revenues are transferred to and from any bank account, Fund, Fund sub-account and Fund designation (including the HTA Accounts).

3.     Identify all Documents or Communications relating to the topics listed under the heading "The HTA Adversary Proceeding (20-00005)" on page 10 in the 56(d) Order, including, without limitation, the topics as described in Defendants' Initial Document Requests Pursuant To Order Regarding Discovery In Connection With Motions Of The Commonwealth of Puerto Rico, By And Through The Financial Oversight And Management Board, Pursuant To Bankruptcy Rule 7056 For Partial Summary Judgment Disallowing Claims (served on February 8, 2021) that You may use to support Your claims and arguments made or to be made in Your Motion for Partial

Summary Judgment herein.  This Interrogatory should be answered without regard to any time period limitation, except to the extent the 56(d) Order articulates a time period limitation with respect to a specific topic.

Dated:       February 15, 2021
             New York, New York

ADSUAR MUNIZ GOYCO
SEDA & PEREZ-OCHOA PSC                    WEIL, GOTSHAL & MANGES LLP

By:/s/ Eric Perez-Ochoa                   By:/s/ Robert Berezin
    Eric Pérez-Ochoa                          Jonathan Polkes*
    USDC-PR No. 206314                         Gregory Silbert*
    E-mail:      epo@amgprlaw.com              Robert Berezin*
                                               Kelly Diblasi*
                                               Gabriel A. Morgan*
By:/s/Luis A. Oliver-Fraticelli               767 Fifth Avenue
    Luis A. Oliver-Fraticelli                  New York, New York 10153
    USDC-PR NO. 209204                         Tel.:        (212) 310-8000
    E-mail:      loliver@amgprlaw.com          Fax:         (212) 310-8007
                                               Email:       jonathan.polkes@weil.com
    208 Ponce de Leon Ave., Suite 1600                      gregory.silbert@weil.com
    San Juan, PR 00936                                      robert.berezin@weil.com
    Tel.:        (787) 756-9000                             kelly.diblasi@weil.com
    Fax:         (787) 756-9010                             gabriel.morgan@weil.com

*Attorneys for National Public Finance*       * admitted *pro hac vice*
*Guarantee Corp.*
                                              *Attorneys for National Public Finance*
                                              *Guarantee Corp.*

# **EXHIBIT 3**

Subpoena to FirstBank Puerto Rico, Adv. Proc. No. 20-00004

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Trustee,<br><br>   Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00004-LTS |

## AMBAC ASSURANCE CORPORATION'S NOTICE OF SUBPOENA DUCES TECUM TO FIRSTBANK PUERTO RICO FOR THE <u>PRODUCTION OF DOCUMENTS OR THINGS</u>

---

[1] The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

PLEASE TAKE NOTICE THAT, pursuant to 48 U.S.C. § 2170, Federal Rule of Bankruptcy Procedure 9016, and Federal Rule of Civil Procedure 45, Ambac Assurance Corporation, by and through its undersigned attorneys, will serve the enclosed subpoena for documents on FirstBank Puerto Rico on February 19, 2021.

Dated: February 18, 2021
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By:   _/s/  Roberto Cámara-Fuertes_
     Roberto Cámara-Fuertes (USDC-PR No. 219002)
     Sonia Colón (USDC-PR No. 213809)
     221 Ponce de León Avenue, 5th Floor
     San Juan, PR 00917
     Telephone: (787) 766-7000
     Facsimile: (787) 766-7001
     Email: rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

*Attorneys for Ambac Assurance Corporation*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO.<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PROMESA
Title III

Civil Action No.   17- BK-3283, AP No. 20-00004

(Jointly Administered)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          FirstBank Puerto Rico
                1519 Ponce de Leon Ave, Pda 23, Santurce, San Juan, PR 00908

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Ferraiouli LLC<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917 | Date and Time:<br><br>03/5/2021 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       02/19/2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Ambac Assurance Corporation _____ , who issues or requests this subpoena, are:
Roberto Cámara-Fuertes, 221 Ponce de León Avenue, San Juan, PR 00917, rcamara@ferraiuoli.com, (787) 766-7000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   17- BK-3283, AP No. 20-00004

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                 *Server's signature*

                                                             _____
                                                                 *Printed name and title*

                                                             _____
                                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00004-LTS |

## EXHIBIT A TO SUBPOENA

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

## **DEFINITIONS**

1.      "<u>Agreement</u>" means any and all agreements, side agreements, contracts, grants of a security interest or similar right, supplements, account control agreements, deeds of trust on accounts, or other negotiated or otherwise binding instrument or arrangement between two or more parties, whether in the form of a Document or other Communication, or supplements thereto.

2.      "<u>Assignment Agreement</u>" means the Assignment and Coordination Agreement between the Tourism Company and GDB, dated March 24, 2006.  (*See Declaration of Matthew I. Rochman in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00004-LTS, ECF No. 43-6.)

3.      "<u>Bond Documents</u>" means the Assignment Agreement, Pledge Agreement, Trust Agreement, Supplemental Trust Agreement and any related Agreements, Resolutions, or official statements relating to the issuance of CCDA Bonds.

4.      "<u>CCDA</u>" means the Convention Center District Authority and each of its present or former board members, agents, representatives, and employees.

5.      "<u>CCDA Bonds</u>" means any bonds issued by CCDA under the Bond Documents.

6.      "<u>CCDA Bond Trustee</u>" means The Bank of New York Mellon, and its predecessor JPMorgan Chase Bank, N.A.

7.      "<u>CCDA Declaration</u>" means the *Declaration of John J. Hughes, III In Support of Opposition of Ambac Assurance Corp. et. al to the Oversight Board's Motion for Partial Summary Judgment Seeking to Disallow Claims Relating to CCDA Bonds*, Adv. Proc. No. 20-00004-LTS, ECF No. 80.

8.      "<u>Commonwealth</u>" means the Commonwealth of Puerto Rico and its instrumentalities, its present and former officers, directors, employees, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

9.      "<u>Communication</u>" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including letters, facsimiles, transcriptions, sound recordings, or video recordings.

10.     "<u>Documents</u>" is used in the broadest sense permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the District of Puerto Rico, including tangible things, correspondence, communications, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, computer records (e.g., email messages), any electronically stored information, recordings (e.g., voicemail recordings), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

11.     "<u>FirstBank</u>" means FirstBank de Puerto Rico, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

12.     "<u>Flow of Funds</u>" refers to the path, including each and every deposit and transfer, into and out of an account, of the Hotel Taxes from their initial receipt or collection by the Tourism Company, agents, or financial institutions through their ultimate transfer, if any, out of any account or sub-account held by or on behalf of the Commonwealth, Tourism Company, CCDA, or GDB.

Documents relating to the Flow of Funds include, but are not limited to, account-opening documents, transmittal information (including payment vouchers and transfer activity reports), and banking Agreements.

13.     "GDB" means the Puerto Rico Government Development Bank and its successors, including the GDB Debt Recovery Authority and the GDB Public Entity Trust, and their present and former officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on their behalf

14.     "Hotel Occupancy Tax Act" means Act 272-2003, as enacted by the Puerto Rico Legislature on September 9, 2003.

15.     "Hotel Taxes" refers to the hotel occupancy taxes generated under the Hotel Occupancy Tax Act.

16.     "Including" or "includes" means "including but not limited to and without limitation," or "includes but is not limited to and without limitation."

17.     "Person" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

18.     "Pledge Agreement" means the Pledge Agreement between GDB, CCDA, and The Bank of New York Mellon, acting in its capacity as the CCDA Bond Trustee, dated March 24, 2006. (*See Declaration of Matthew I. Rochman in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00004-LTS, ECF No. 43-7.)

19.     "Pledged Hotel Taxes" means the Hotel Taxes pledged to the repayment of CCDA Bonds.

- 4 -

20.    "<u>Resolutions</u>" means decisions or determinations of a deliberative or legislative body, or any subdivisions, entities, or instrumentalities thereof.

21.    "<u>Supplemental Trust Agreement</u>" means the First Supplemental Trust Agreement between CCDA and the CCDA Bond Trustee, dated March 24, 2006.  (*See Declaration of Matthew I. Rochman in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00004-LTS, ECF No. 43-9.)

22.    "<u>Tourism Company</u>" means the Puerto Rico Tourism Company and each of its present or former board members, agents, representatives, and employees.

23.    "<u>Trust Agreement</u>" means the Trust Agreement between CCDA and the CCDA Bond Trustee, dated March 24, 2006.  (*See Declaration of Matthew I. Rochman in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00004-LTS, ECF No. 43-8.)

24.    "<u>You</u>" or "<u>Your</u>" means the entity described on the first page of this subpoena and any of its affiliates, agents, representatives, successors, or instrumentalities.

25.    Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious Person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and for each such entity, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

26.    Each reference to a natural Person shall be deemed to include that Person's agents, attorneys, and any other Person who acted on that Person's behalf.

27.    In construing the requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read

as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

28.     The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

29.     The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

30.     The word "concerning" means relating to, referring to, describing, evidencing, or constituting.

## **INSTRUCTIONS**

1.     In complying with the requests, You are required to produce all Documents and Communications described below which are in Your possession, custody, or control, including those Documents and Communications in the possession, custody, or control of Your instrumentalities, counsel or former attorneys, investment advisors, financial advisers, securities brokers or dealers, investigators, accountants, employees or other agents, regardless of location.

2.     For the purpose of reading, interpreting, or construing the scope of these requests, the terms used should be given their most expansive and inclusive interpretation.

3.     Unless instructed otherwise, each request should be construed independently and not by reference to any other request for the purpose of limitation.

4.      If any portion of a Document or Communication is responsive to any request, the entire Document or Communication should be produced.

5.     Documents responsive to these requests shall be labeled in such a way as to show their source, including, but not limited to, the files and offices where they were maintained.

6.      If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of privilege, You shall produce, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of the United States District Court for the District of Puerto Rico, a written privilege log that sets forth: (i) the author of the Document or Communication; (ii) the type of Document or Communication, e.g., letter or memorandum; (iii) the date of the Document or Communication; (iv) all recipients, including CC recipients, of the Document or Communication; (v) such other information as is sufficient to identify the Document or Communication; and (vi) the nature of the privilege asserted.

7.      If information is redacted from a Document or Communication produced in response to a request, You shall identify the redaction by stamping the word "Redacted" on the Document or Communication at each place where information has been redacted and separately log each redaction on the privilege log.

8.      If any requested Document or Communication has been lost, destroyed, transferred voluntarily or involuntarily to others, or otherwise disposed of, You shall state the circumstances surrounding such disposition, including the identity of Person(s) having knowledge as to the circumstances of such disposition and the date or approximate date of such disposition.

9.      If You cannot respond to these requests in full after exercising due diligence to secure the Documents or Communications requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents or Communications responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope.  If You believe that any

request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the request in order to frame Your response.

12.     Documents produced pursuant to these requests should be produced as they are kept in the ordinary course of business, including electronically stored information.   Electronic materials, information, and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

13.     Documents and Communications in electronic form, including, but not limited to, e-mail, should be produced in single page tagged image file format ("TIFF"). Metadata associated with electronically stored information shall be produced in text format linked to the associated file. Extracted text files, if any, should be delivered in document level text files. Spreadsheets and database files should be provided in native format, with an accompanying placeholder Bates-numbered TIFF file. Each responsive spreadsheet should be clearly labeled to indicate the placeholder Bates number that corresponds to each spreadsheet.

14.     Unless otherwise instructed or clear from the context of the request, these requests pertain to the period from January 1, 2006 to the present.

15.     These requests are continuing in nature.  If, after producing any materials in response to these requests, You obtain or become aware of additional responsive materials, You are required to provide such materials by way of a supplemental production.

16.     These requests should not be construed as a waiver or an abridgment of, and are not intended to waive, any argument or defense, or any objection to discovery requests, nor shall they be construed as any admission of fact.

## DOCUMENT REQUESTS

**Request No. 1**: Account opening documents for, FirstBank Account No ▮▮▮▮2984 and FirstBank Account No ▮▮▮▮3961, including:

a) Documents and Communications concerning any FirstBank account into or from which Hotel Taxes were deposited, withdrawn, transferred, or otherwise credited or debited, including, without limitation, FirstBank Account No ▮▮▮▮2984, and FirstBank Account No. ▮▮▮▮3961, and including, without limitation, (i) signature cards for each such Account, (ii) the name, legal title, and registration of each such Account, (iii) the signatories of each such Account, (iv) any changes or updates to any of the foregoing over time, and (v) any other account-related Documents or Communications.

**Request No. 2**: Documents and Communications concerning any understanding or interpretation of policies and procedures, how hotels make payments, any arrangements concerning FirstBank Account No. ▮▮▮▮2984, and FirstBank Account No. ▮▮▮▮3961 and any guidance provided by the Tourism Company to hotels related to their deposits of Hotel Taxes.

**Request No. 3**: Discovery identifying and explaining the purpose of transfers of Hotel Taxes from accounts identified in Request No. 1 to the Commonwealth, including:

a) Documents identifying and explaining the purpose of transfers of Hotel Taxes from the accounts identified in Request No. 1 above, including, without limitation, documents regarding whether the Commonwealth has used any Pledged Hotel Taxes constituting bondholder collateral to pay its own expenses or debts.

**Request No. 4**: Discovery identifying the recipient of transfers identified in paragraph 40 of the CCDA Declaration and any other transfers for which no recipient has been identified, including:

a) Documents and Communications concerning the following transfers which were listed in paragraph 40 of the CCDA Declaration, including, without limitation, Documents sufficient to identify the recipient of each such transfer and Documents concerning the purpose of the transfers:

- A withdrawal of $73,872.55 on April 30, 2019 from FirstBank Account No. ██████2984.

- A withdrawal of $67,926.94 on February 28, 2020 from FirstBank Account No. ██████2984.

b) Documents and Communications concerning the $15 million one-time transfer from FirstBank Account No ██████3961 to BPPR -9458, including, without limitation, Documents sufficient to identify the recipient of such transfer and Documents concerning the purpose of the transfer.

**Request No. 5:** All other Documents and Communications relating to the CCDA Bonds, Bond Documents, and the Flow of Funds from 2006 to the present.

# **EXHIBIT 4**

Subpoena to Bacardi Corp., Adv. Proc. No. 20-00003

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>     Plaintiff,<br><br>       v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>     Defendants. | Adv. Proc. No. 20-00003-LTS |

## AMBAC ASSURANCE CORPORATION'S NOTICE OF SUBPOENA DUCES TECUM TO BACARDI CORP FOR THE PRODUCTION OF DOCUMENTS OR THINGS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

PLEASE TAKE NOTICE THAT, pursuant to 48 U.S.C. § 2170, Federal Rule of Bankruptcy Procedure 9016, and Federal Rule of Civil Procedure 45, Ambac Assurance Corporation, by and through their undersigned attorneys, will serve the enclosed subpoena for documents on Bacardi Corp on February 19, 2021.

Dated: February 19, 2021
New York, NY

MILBANK LLP

By: */s/ Atara Miller*_____
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile:  (212) 530-5219
    Email: ddunne@milbank.com
          amiller@milbank.com
          gmainland@milbank.com
          jhughes2@milbank.com
          johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO. | ) ) ) |
| as representative of | ) ) |
| THE COMMONWEALTH OF PUERTO RICO, et al., | ) ) |
| Debtors. | ) |

PROMESA
Title III

Civil Action No.   17 BK 3283-LTS, AP No. 20-00003

(Jointly Administered)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Bacardi Corp

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Verbatim Reporting 804 Ponce de Leon Ave, Suite 504 San Juan, PR 00907 | Date and Time: 03/05/2021 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/19/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

Ambac Assurance Corporation , who issues or requests this subpoena, are:

John J. Hughes III, Milbank LLP, 55 Hudson Yards, New York, NY 10001, jhughes2@milbank.com, +1 212-530-5127

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. __17 BK 3283-LTS, AP No. 20-0000__

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>     Plaintiff,<br><br>     v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>     Defendants. | Adv. Proc. No. 20-00003-LTS |

**<u>EXHIBIT A TO SUBPOENA</u>**

- 1 -

## **DEFINITIONS**

1.      "<u>1988 Trust Agreement</u>" means the Document on pages 69 through 150 of Exhibit 1 to the *Declaration of Lary Alan Rappaport in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00003-LTS, ECF No. 47-1.

2.      "<u>1997 Amended Trust Agreement</u>" means the Document on pages 1 through 69 of Exhibit 1 to the *Declaration of Lary Alan Rappaport in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00003-LTS, ECF No. 47-1.

3.      "<u>Agreement</u>" or "<u>Agreements</u>" means any and all agreements, side agreements, contracts, grants of a security interest or similar right, supplements, account control agreements, deeds of trust on accounts, or other negotiated or otherwise binding instrument or arrangement between two or more parties, whether in the form of a Document or other Communication, or supplements thereto.

4.      "<u>Bond Documents</u>" means the Trust Agreement, any Resolutions issued thereunder, any official statements issued in connection with any issuance of PRIFA bonds, and any other related Agreements, Resolutions, official statements, or other documents governing the PRIFA bonds.

5.      "<u>Citibank</u>" means Citibank, N.A., its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

6.      "<u>Commonwealth</u>" means the Commonwealth of Puerto Rico and its instrumentalities, its present and former officers, directors, employees, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

7.      "Communication" or "Communications" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including letters, facsimiles, transcriptions, sound recordings, or video recordings.

8.      "Document" or "Documents" is used in the broadest sense permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the District of Puerto Rico, including tangible things, correspondence, communications, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, computer records (e.g., email messages), any electronically stored information, recordings (e.g., voicemail recordings), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

9.      "Enabling Act" refers to the Puerto Rico Infrastructure Financing Authority Act, 3 L.P.R.A. §§ 1901, *et. seq*.

10.     "First Proceeds" means the first $117 million of Rum Tax Remittances received by the Commonwealth each fiscal year from the United States Department of Treasury pursuant to 26 U.S.C. § 7652.

11.     "Flow of Funds" refers to the path, including each and every deposit, credit, withdrawal, debit, or transfer, into or out of an account, of the Rum Tax Remittances, from their initial receipt or collection by the Commonwealth, its agents, or its financial institutions (including, without limitation, Citibank and PRIFA) through and including the ultimate disposition, if any, of the funds.  Documents concerning the Flow of Funds include, without limitation, account-opening

documents, transmittal information (including payment vouchers and transfer activity reports), and banking Agreements.

12.    "Fund" means an amount of money or other resource set aside for the purpose of carrying out a specific activity or to achieve certain objectives pursuant to the special laws, regulations, restrictions, or limitations and which constitute an independent fiscal and accounting entity, including accounts created to keep record of the proceeds of the issuance of bonds that may be authorized, or the fiscal and accounting entities referenced on page four of the letter dated March 13, 2020 from Elizabeth L. McKeen, Esq. to Defendants' counsel (Case No. 17-03283-LTS, ECF No. 13311-15). A "Fund" includes a special fund.

13.    "Including" or "includes" means "including but not limited to and without limitation," or "includes but is not limited to and without limitation."

14.    "Infrastructure Fund" means the Puerto Rico Infrastructure Fund. For the avoidance of doubt, this term encompasses both the Puerto Rico Infrastructure Fund referred to in section 1914 of the Enabling Act and the Puerto Rico Infrastructure Fund referred to on pages 2 and 34 of the Trust Agreement.

15.    "Lockbox Agreement" refers to the Agreement dated as of May 5, 2015, between Citibank, N.A., Banco Popular de Puerto Rico, and the Commonwealth.

16.    "Person" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

17.    "PRIFA" means the Puerto Rico Infrastructure Financing Authority and each of its present or former board members, agents, representatives, and employees.

18.    "Request" refers to the Document Requests listed *infra*.

19.    "<u>Resolutions</u>" means decisions or determinations of a deliberative or legislative body, or any subdivisions, entities, or instrumentalities thereof.

20.    "<u>Rum Producers</u>" means the entities (including, without limitation, Bacardí International Limited, Destilería Serrallés, Inc., Club Caribe Distillers, LLC, and Edmundo B. Fernández, Incorporated) that produce rum on the island of Puerto Rico.

21.    "<u>Rum Tax Remittances</u>" means the federal excise taxes imposed on rum produced in Puerto Rico and imported into the United States that is subsequently covered over from the United States Treasury to the Commonwealth Treasury pursuant to 26 U.S.C. § 7652.

22.    "<u>Trust Agreement</u>" refers collectively to the 1988 Trust Agreement, the 1997 Amended Trust Agreement, and any other related Agreement.

23.    "<u>You</u>" or "<u>Your</u>" means the entity described on the first page of this Subpoena and any of its affiliates, parents, subsidiaries, attorneys, accountants, officers, directors, agents, employees, representatives, partners, predecessors-in-interest, or successors-in-interest.

24.    Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious Person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and for each such entity, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

25.    Each reference to a natural Person shall be deemed to include that Person's agents, attorneys, and any other Person who acted on that Person's behalf.

26.    The use of any definition for the purposes of these Requests shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose.

27.     In construing the Requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

28.     The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

29.     The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

30.     The word "concerning" means relating to, referring to, describing, evidencing, or constituting.

## **INSTRUCTIONS**

1.     In complying with the requests, You are required to produce all Documents and Communications described below which are in Your possession, custody, or control, including those Documents and Communications in the possession, custody, or control of Your instrumentalities, counsel or former attorneys, investment advisors, financial advisers, securities brokers or dealers, investigators, accountants, employees or other agents, regardless of location.

2.     For the purpose of reading, interpreting, or construing the scope of these requests, the terms used should be given their most expansive and inclusive interpretation.

3.     Unless instructed otherwise, each request should be construed independently and not by reference to any other request for the purpose of limitation.

4.     If any portion of a Document or Communication is responsive to any request, the entire Document or Communication should be produced.

5.      Documents responsive to these requests shall be labeled in such a way as to show their source, including, but not limited to, the files and offices where they were maintained.

6.      If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of privilege, You shall produce, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of the United States District Court for the District of Puerto Rico, a written privilege log that sets forth: (i) the author of the Document or Communication; (ii) the type of Document or Communication, *e.g.*, letter or memorandum; (iii) the date of the Document or Communication; (iv) all recipients, including CC recipients, of the Document or Communication; (v) such other information as is sufficient to identify the Document or Communication; and (vi) the nature of the privilege asserted.

7.      If information is redacted from a Document or Communication produced in response to a request, You shall identify the redaction by stamping the word "Redacted" on the Document or Communication at each place where information has been redacted and separately log each redaction on the privilege log.

8.      If any requested Document or Communication has been lost, destroyed, transferred voluntarily or involuntarily to others, or otherwise disposed of, You shall state the circumstances surrounding such disposition, including the identity of Person(s) having knowledge as to the circumstances of such disposition and the date or approximate date of such disposition.

9.      If You cannot respond to these requests in full after exercising due diligence to secure the Documents or Communications requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10.     If there are no Documents or Communications responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11.     Any ambiguity in a request shall be construed to bring within the scope of the Request all responses that otherwise could be construed to be outside of its scope.  If You believe that any request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the request in order to frame Your response.

12.     Documents produced pursuant to these requests should be produced as they are kept in the ordinary course of business, including electronically stored information.  Electronic materials, information, and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

13.     Documents and Communications in electronic form, including, but not limited to, e-mail, should be produced in single page tagged image file format ("TIFF").  Metadata associated with electronically stored information shall be produced in text format linked to the associated file. Extracted text files, if any, should be delivered in document level text files.  Spreadsheets and database files should be provided in native format, with an accompanying placeholder Bates-numbered TIFF file.  Each responsive spreadsheet should be clearly labeled to indicate the placeholder Bates number that corresponds to each spreadsheet.

14.     Unless otherwise instructed or clear from the context of the request, these requests pertain to the period from October 1, 1987, to the present.

15.     These requests are continuing in nature.  If, after producing any materials in response to these requests, You obtain or become aware of additional responsive materials, You are required to provide such materials by way of a supplemental production.

16.     These requests should not be construed as a waiver or an abridgment of, and are not intended to waive, any argument or defense, or any objection to discovery requests, nor shall they be construed as any admission of fact.

## <u>REQUESTS</u>

**<u>Request No. 1</u>**:  Documents and Agreements to which You are a party that relate to the Rum Taxes, the Flow of Funds, or the Lockbox Agreement.

**<u>Request No. 2</u>**:  Communications between and among You and the Commonwealth, PRIFA, Citibank, or other Rum Producers regarding Your or those entities' understanding, interpretation, and implementation of the Enabling Act, Bond Documents, or Lockbox Agreement, including any Communications concerning the First Proceeds or the Infrastructure Fund.

**<u>Request No. 3</u>**:  Policies and procedures concerning the Flow of Funds pursuant to the Bond Documents, Lockbox Agreement, and Enabling Act.

# **EXHIBIT 5**

Excerpts of Oral Argument Transcript from HTA Lift Stay Appeal, No. 20-1930

Page 1

1

2

3

4

5

6

7

8

9            Transcription of Audio File 20-1930

10    Ambac Assurance Corp. et al versus Commonwealth of

11                  Puerto Rico et al

12                 Audio Runtime:  48:44

13

14

15

16

17

18

19

20

21

22

23

24

25

1          (Beginning of audio recording.)

2          MALE VOICE:  The next case today is Assured

3    Guaranteed Corporation et al. versus the Commonwealth

4    of Puerto Rico et al., Appeal Number 20-1930, attorney

5    Katyal, please introduce yourself for the record.

6          MR. KATYAL:  Thank you, Judge Lapez.  May it

7    please the Court, my name is Neal Katyal.  I represent

8    the Appellants.

9          THE COURT:  Thank you, you may proceed.

10         MR. KATYAL:  I'd like to reserve five minutes for

11   rebuttal.

12         THE COURT:  Yes, you may have it.

13         MR. KATYAL:  Thank you.  The bondholders here

14   put-up billions of dollars in capital, and like

15   virtually every other municipal bond, they took a

16   security interest in the stream of future revenues,

17   namely highway tolls and excise taxes.  Literally

18   trillions of dollars work this way across the nation.

19   The arrangement benefits governments because it means

20   lower interest rates.

21         It benefits bondholders who are given recourse to

22   a dedicated payment stream instead of exposure to a

23   government's credit risk.  The deal was reflected in

24   bond resolutions, as well as Puerto Rico's statutes,

25   but the decision below toppled all that.  And for

1  complete the adversary proceedings in the Title III

2  Court.  Now, just as practical matter, that does seem

3  to make some sense.

4      MR. KATYAL:   Well, Judge, we think that there

5  are both factual and legal problems with that

6  practical --

7      THE COURT:  Yeah, I understand your -- I do

8  understand your legal argument about the word shall

9  and that in some ways, the timing is up to people

10 standing in your shoes as to when they bring these

11 motions.  So -- but could you explain a little further

12 why that notion is nonsensical here?

13     MR. KATYAL:   Sure, so, I mean, it's not just the

14 legal point.  It's the practical point that the

15 proceedings below aren't in any advanced stage of

16 proceedings.  I mean, no answer has even been filed.

17 The counterclaims in which this discovery would arise,

18 have been stayed, and so -- and because remember, our

19 point to you here in 362(d) says, is there a colorable

20 claim?  We think that on the face of the statutes and

21 on the face --

22     MALE VOICE:  Four minutes remaining.

23     MR. KATYAL:   -- of the bond resolutions, that's

24 all you need.  Discovery is just gravy.  That's just

25 another way to prove our --

1        THE COURT:  Well, weren't you the ones who sought

2    the discovery?

3        MR. KATYAL:  Your Honor, we didn't quite seek

4    discovery.  This is, of course, their adversary

5    proceeding that they affirmatively come in and filed

6    in the Title III Court.  And they --

7        THE COURT:  Who sought -- yeah, I know they did,

8    but who sought the discovery here?  It seemed to me

9    that the discovery was largely for your benefit.

10       MR. KATYAL:  Well, we pointed out that they filed

11   a motion for summary judgment, and in response, we

12   said there're disputed issues in material --

13       THE COURT:  Right.

14       MR. KATYAL:  -- facts and the judge ordered

15   discovery in response to that.

16       THE COURT:  Right.

17       MR. KATYAL:  Our point to you is, of course,

18   with three billion dollars in loans, we're going to

19   seek discovery, but this case is fully briefed.  It's

20   ready for you to decide.  And all you have to decide

21   is, is there a colorable claim, and if there is a

22   colorable claim, then that 362(d) requires you to

23   grant the relief.  And you know, otherwise, you really

24   are doing an end run --

25       THE COURT:  But -- I understand, but we're still

1                          CERTIFICATE

2

         I, Wendy Sawyer, do hereby certify that I was
3
   authorized to and transcribed the foregoing recorded
4
   proceedings and that the transcript is a true record, to
5
   the best of my ability.
6

7

8
         DATED this 5th day of February, 2021.
9

10
   _____
11
   WENDY SAWYER, CDLT
12

13

14

15

16

17

18

19

20

21

22

23

24

25