UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

    Debtors.[1]
---------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

THIRD AMENDED STANDING ORDER

Unless otherwise ordered by Judge Dein, the above matters shall be conducted in accordance with the following practices:

1. **Communications with Chambers (General)**

    a. **Chambers address:**

        All hard-copy documents for Chambers must be addressed as follows:

        Hon. Judith G. Dein
        United States District Court, District of Massachusetts
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 6420

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Boston, MA 02210

Email courtesy copies must be addressed to: deindprcorresp@mad.uscourts.gov

b. **Communications to be made by Motion.** All communications with Chambers must be by written motion filed electronically on the ECF system, with a courtesy copy, clearly marked as such, delivered to the Court by email to deindprcorresp@mad.uscourts.gov. The courtesy must be a copy of the filed version of the Motion and must include the automatically-generated ECF header (that is, the text – for example, "Case 1:17-CV-XXXX-LTS Document 10 Filed mm/dd/yyyy Page 1 of 1" – appearing at the top of each page of a document on the ECF system).

c. **Hard Copies.** No hard copies shall be provided unless otherwise requested by the Court.

2. **Prior Consultation with Opposing Parties Required.**

   a. Prior to requesting any judicial action, the requesting counsel must consult to the greatest extent feasible with all other affected parties in an effort to obtain their consent to the request. Such efforts must include, but need not be limited to, an exchange of letters outlining their respective positions on the matters and at least one telephonic or in-person discussion of the matters, and **must include a discussion on scheduling.**

   b. The notice of motion must include confirmation that such effort has been made and must indicate whether the request for judicial action is being made on consent.

3. **Discovery Motions**

   a. **Briefing.** Unless otherwise directed by the Court in the particular case, motions must be briefed in accordance with Local Civil Rule 7 (in the case of a civil action) or Local Bankruptcy Rule 9013-1 and 9013-2 (in the case of an adversary proceeding), and any reply papers must be filed within seven (7) days after service of the opposition papers. The page limit and format specifications of Local Civil Rule 7 shall apply to all motion practice unless otherwise ordered by the Court. Memoranda of 10 pages or more must contain a table of contents.

    b.    **Filing of motion papers.** Motion papers must be filed electronically, in accordance with the electronic filing procedures of the United States District Court for the District of Puerto Rico.

    c.    **Oral argument on motions.** Parties may request oral argument at the time that their moving, opposing or reply papers are filed, by including a conspicuous notation of the request on the cover page of the relevant paper. The Court will determine whether argument will be heard and, if it determines that such an argument is necessary, will advise counsel of the relevant date.

4. **Deadline Extensions and Requests to Exceed Page Limits**

    a.    **Requests for deadline and page limit extensions.** Parties may request extension of any applicable deadline, or to exceed page limits, by motion to the Court. Such motions, whether or not on consent of the parties, must request relief at least **two business days** prior to the relevant deadline. Any opposition to the requested relief is due **one business day** after the filing of the motion. The Court will then take the request on submission.

5. **Redactions and Filing Under Seal**

    a.    Any party wishing to file in redacted form and/or under seal any document, or any portion thereof, must make a specific request to the Court by motion explaining the particular reasons for seeking to file that information under seal. See 11 U.S.C. § 107; Fed. R. Bankr. P. 9018; P.R. LBR 9018-1.

           To be approved, redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents. See Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.), No. CIV.A. 05-10334-DPW, 2005 WL 1027348, at *10 (D. Mass. May 2, 2005), aff'd, 422 F.3d 1 (1st Cir. 2005). In general, parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. See, e.g., Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.), 492 B.R. 162, 182 (Bankr. S.D.N.Y. 2013).

           The motion to seal must be filed electronically using the correct event in CM/ECF, unless otherwise authorized by the court. See P.R. LBR 9018-

1(a).  The motion must include (1) the grounds for sealing; (2) a redacted copy of the documents sought to be sealed with only those redactions necessary to preserve confidentiality, made in good faith; and (3) a proposed order that contains (i) the identity of any parties other than the moving party who will have access to the documents to be sealed, (ii) the duration of the seal, and (iii) language indicating the order is without prejudice to the rights of any party in interest to seek to unseal the documents or any part thereof.  The movant must serve unredacted copies of the relevant documents on motion counterparties to the extent the movant is requesting that the court permit counterparties to have access to the sealed documents, and must provide unredacted courtesy copies of the motion to seal and the relevant document(s) with all proposed redactions in highlighted form to the chambers of Judge Swain or Judge Dein (as applicable) at SwainDPRCorresp@nysd.uscourts.gov or DeinDPRCorresp@mad.uscourts.gov.

6. **Highly Sensitive Documents and Information**

    a.  To the extent any party seeks leave to file a document or information under seal in paper copy, rather than on the Court's CM/ECF system, or to remove a previously filed document from CM/ECF, pursuant to the Court's General Order, Misc. No. 21-MC-00056-GAG (D.P.R. Feb. 10, 2021) (Docket Entry No. 1), on the basis that it is a Highly Sensitive Document within the meaning of the General Order, the party should first send an email to SwainDPRCorresp@nysd.uscourts.gov and DeinDPRCorresp@mad.uscourts.gov requesting a conference with Court staff to discuss the logistics of filing and submitting the documents for review pursuant to the General Order.  The standard for designating Highly Sensitive Documents is higher than the standard for filing a document under seal.  Very few documents that are routinely filed under seal will be considered Highly Sensitive Documents.

7. **Proposed Orders**

    a.  **Submission of proposed orders.**  Each motion shall, when filed, be accompanied by a proposed order.  A copy of the proposed order in Microsoft Word format shall also be emailed to deindprcorresp@mad.uscourts.gov.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: March 3, 2021