# **EXHIBIT E**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. 20-00003-LTS |

**RESPONSES AND OBJECTIONS OF AAFAF (IN ITS OWN CAPACITY AND AS SUCCESSOR TO GDB AS FISCAL AGENT ), PRIFA, AND TREASURY TO THE SUBPOENAS OF AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND U.S. BANK TRUST NATIONAL ASSOCIATION FOR THE**

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE PRIFA REVENUE**
<u>**BOND ADVERSARY PROCEEDING**</u>

Pursuant to Rule 45 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), in its own capacity, and as successor to the Government Development Bank for Puerto Rico ("GDB") as fiscal agent, the Puerto Rico Infrastructure Financing Authority ("PRIFA"), and the Puerto Rico Department of Treasury ("Treasury") (together, the "Government Entities") hereby respond and object (the "Responses and Objections") to the subpoenas of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association (together, the "Defendants") for the Production of Documents in Connection with the PRIFA Revenue Bond Adversary Proceeding (Adv. Proc. No. 20-00003) (the "Subpoenas"), which were served upon the Government Entities, respectively, on February 8, 2021, and which include document requests (collectively, the "Requests," and each a "Request") attached as an exhibit thereto.

## PRELIMINARY STATEMENT

The Government Entities have not yet completed their investigation and review of documents. These Responses and Objections, and any subsequent document productions, are based and will be based only upon the information that is currently available to and specifically known to the Government Entities as of the date hereof. The Government Entities reserve the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserve the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence. The Government Entities have made reasonable efforts to respond to the Subpoenas, to the extent they have not been

objected to, as the Government Entities understand and interpret the Subpoenas.  If the Defendants subsequently assert a meritorious interpretation of the Subpoenas that differs from the Government Entities' interpretation, the Government Entities reserve the right to supplement these Reponses and Objections.

## GENERAL OBJECTIONS

1.     The Government Entities object to the Subpoenas, and to each and every Request, as unduly burdensome to the extent they seek information beyond the information the Court authorized Defendants to seek in the *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims*, dated January 20, 2021 [Case No. 20-00003, ECF No. 115] ("PRIFA 56(d) Order").  The Government Entities further object to the Subpoenas, and to each and every Request, to the extent they purport to impose burdens inconsistent with, not otherwise authorized by, or exceeding those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, together with the PRIFA 56(d) Order, the "Governing Rules").  The Government Entities will construe and respond to the Subpoenas and Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

2.     The Government Entities object to the Subpoenas, and to each and every Request, as unduly burdensome to the extent they seek information irrelevant to the parties' claims or defenses applicable to the *Notice of Motion and Motion of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056*

4

*for Partial Summary Judgment Disallowing Claims*, dated April 28, 2020 [Case No. 20-00003, ECF No. 43], or proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

3.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they seek documents or information not in the Government Entities' possession, custody, or control.  Subject to the other general and specific objections set forth herein, the Government Entities will use reasonable diligence to obtain responsive documents in their possession, custody, or control based on an examination of those files reasonably expected to yield responsive documents.  Documents produced by the Government Entities in response to specific Requests should not be construed as a representation that every document in their possession, custody, or control has been examined.

4.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they seek materials already provided to Defendants in connection with the *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing the PRIFA Rum Tax Bonds*, dated January 31, 2020 [Case No. 17-03283, ECF No. 10602] (the "PRIFA Lift Stay Motion").  Pursuant to the 56(d) Order, those documents will not be produced again in this proceeding.

5.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they place an unreasonable burden on the Government Entities, including without limitation by seeking documents and information equally or more readily available from public sources or otherwise already available to Defendants.

6.     The Government Entities object to the Subpoenas, and to each and every Request, to the extent they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of the case.

7.     The Government Entities object to the Subpoenas, and to each and every Request, to the extent they expressly or impliedly seek documents or information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive Privilege, the Deliberative Process Privilege, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and the Government Entities will not provide them.  The Government Entities intend to and do assert any and all such privileges with respect to all such documents and information.  The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive the Government Entities' right to object to the use of any such document or the information contained therein in connection with this proceeding or any subsequent proceeding. Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

8.     The Government Entities object to the Subpoenas, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or

(ii) state or assume legal or factual conclusions. By providing these Responses and Objections, the Government Entities do not admit any factual or legal premise in the Subpoenas.

9.     To the extent any term defined or used in the Subpoenas and Requests is used in responding to the Subpoenas and Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

10.     The Government Entities object to the Subpoenas, and to each and every Request, as unduly burdensome to the extent they are cumulative or duplicative of other discovery requests.

11.     The Government Entities object to the definition of the term "AAFAF" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding. In responding to the Requests, the Government Entities will construe "AAFAF" to mean AAFAF and its employees reasonably likely to possess information relevant to this proceeding.

12.     The Government Entities object to the definition of the terms "Accounts" and "Account" as vague and overbroad, particularly insofar as they include the undefined term "Related Accounts." The Government Entities will construe the terms "Accounts" and "Account" to mean bank accounts held by or on behalf of the Commonwealth or its instrumentalities.

13.     The Government Entities object to the definition of the term "Bond Documents" as vague and overbroad, particularly insofar as it includes documents "related" to the Trust Agreement. The Government Entities will construe the term "Bond Documents" to refer to the Trust Agreement and the Enabling Act.

14.     The Government Entities object to the definition of the term "Citibank" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding. In responding to the Requests, the Government Entities will construe

"Citibank" to mean Citibank, N.A. and its employees reasonably likely to possess information relevant to this proceeding.

15. The Government Entities object to the definition of the term "Commonwealth" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding. In responding to the Requests, the Government Entities will construe "Commonwealth" to mean the Commonwealth and its employees reasonably likely to possess information relevant to this proceeding.

16. The Government Entities object to the definition of the term "Communication" to the extent it means "oral" transmittal of information, including "face-to-face conversations" and "oral . . . exchange between two or more Persons that has been recorded or transcribed in any way including letters, facsimiles, transcriptions, sound recordings, or video recordings," on the grounds it is vague, overly broad, unduly burdensome, and not proportional to the needs of the case, and seeks to impose requirements or obligations beyond the scope of, or different from, those imposed by the Governing Rules.

17. The Government Entities object to the definition of "Flow of Funds" to the extent it includes accounts that received only Rum Tax Remittances in excess of the First Proceeds. The Government Entities will construe "Flow of Funds" to encompass the bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the flow of funds summary AAFAF provided in connection with the PRIFA Lift Stay Motion (Case No. 17-3283, ECF No. 12998-12) ("PRIFA Flow of Funds Summary").

18.     The Government Entities object to the definition of the term "Fund" to the extent that it incorrectly presumes that particular accounting designations have the same documentation (such as "account statements") associated with deposit accounts.

19.     The Government Entities object to the definition of the term "GDB" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  The Government Entities further object to the definition of GDB on the ground that it is defined to include the GDB Debt Recovery Authority and the GDB Public Entity Trust, which are legally separate entities from GDB.  The Government Entities will construe the term "GDB" to include former employees of GDB and employees of AAFAF, as successor to GDB as fiscal agent, who are reasonably likely to possess information relevant to this proceeding.

20.     The Government Entities object to the definition of the term "KPMG" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "KPMG" to mean KPMG International and its employees reasonably likely to possess information relevant to this proceeding.

21.     The Government Entities object to the definition of the term "McConnell Valdés" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "McConnell Valdés" to mean McConnell Valdés PLLC and its employees reasonably likely to possess information relevant to this proceeding.

22.     The Government Entities object to the definition of the term "PRIFA" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "PRIFA"

9

to mean PRIFA and its employees reasonably likely to possess information relevant to this proceeding.

23.     The Government Entities object to the definition of the term "Resolutions" as overbroad to the extent it includes any Resolutions other than Resolutions related to the Bond Documents.  In responding to the Requests, the Government Entities will construe "Resolutions" to mean Resolutions related to the Bond Documents.

24.     The Government Entities object to the definition of the term "Sidley Austin" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "Sidley Austin" to mean Sidley Austin and its employees reasonably likely to possess information relevant to this proceeding.

25.     The Government Entities object to the definition of the term "Signatories" on the ground that the phrase "otherwise manifested their consent" is vague and ambiguous.  The Government Entities will construe the term "Signatories" to mean "any and all Persons, individuals, entities, corporations, agencies, instrumentalities, or representatives thereof, who have signed a Document as a party, or on behalf of a party."

26.     The Government Entities object to the definition of the term "Treasury" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "Treasury" to mean the Puerto Rico Department of Treasury and its employees reasonably likely to possess information relevant to this proceeding.

27.     The Government Entities object to the definition of the term "Treasury Single Account" as overly broad and inaccurate to the extent that it purports to include accounts that are

not held by the Commonwealth and are not part of the Treasury Single Account, including GDB -0704 (a bank account held by PRIFA) and GDB -1891 (a bank account maintained by GDB on behalf of PRIFA for debt service on PRIFA bonds).  The major bank accounts that comprise or comprised the Treasury Single Account are described in the Oversight Board's disclosure statement dated September 27, 2019 [Case No. 17-3283, ECF No. 8766, at 86] and in the document produced at CW_STAY0000001.  The Government Entities further object to this definition as overbroad to the extent it includes bank accounts within the Treasury Single Account that never received First Proceeds.  The Government Entities will construe the term "Treasury Single Account" to refer to the TSA Operational bank account (depending on the time period, either GDB -0006 or BPPR -9458).

28.     The Government Entities object to the definition of the term "Trust Agreement" as vague, ambiguous, and overbroad, particularly as to the inclusion of "any other related Agreement."  In responding to the Requests, the Responding Party will construe "Trust Agreement" to mean the 1988 Trust Agreement and the 1997 Amended Trust Agreement.

29.     The Government Entities object to the definition of the terms "You" and "Your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "You" and "Your" to mean the Government Entities, as applicable, and their  employees reasonably likely to possess information relevant to this proceeding.

30.     The Government Entities object to each and every Instruction to the extent that they require procedures that are inconsistent with, not authorized by, or exceed those required by the Governing Rules.

31.     The Government Entities object to Paragraph 51 of the Definitions as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities object will construe each reference to a non-natural Person to mean the identified Person.

32.     The Government Entities object to Paragraph 52 of the Definitions as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe each reference to a natural Person to mean the identified Person.

33.     The Government Entities object to Instruction No. 1 to the extent it calls for production of documents not within their possession, custody, or control.  *Quinones v. U. of Puerto Rico*, 2015 WL 3604152, at *5 n.4 (D.P.R. June 8, 2015) (noting a party's obligation to produce documents in its possession, custody or control).

34.     The Government Entities object to Instruction No. 5, which requires that "Documents responsive to these requests shall be labeled in such a way as to show their source, including, but not limited to, the files and offices where they were maintained."  The Government Entities will produce documents as they are maintained in the ordinary course of business.

35.     The Government Entities object to Instruction Nos. 6, 7, and 8 because they purport to impose burdens on the Government Entities that differ from or exceed those imposed by the Governing Rules.  The Government Entities object to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules, and expressly reserve the right to provide a categorical privilege log.

36.     The Government Entities object to Instruction No. 11, which provides that "[a]ny ambiguity in a request shall be construed to bring within the scope of the request all responses that

12

otherwise could be construed to be outside of its scope," as overbroad and unduly burdensome.  If a Request is ambiguous, the Government Entities will construe the Request in the manner that is most reasonable given the text of the Request and the context.

37.     The Government Entities object to Instruction No. 14—which provides that, unless otherwise instructed or clear from the context of the Requests, the Requests "pertain to the period from October 1, 1987, to the present"—as overbroad and unduly burdensome, given that the time period is farther back than the January 1, 2014 date authorized by the PRIFA 56(d) Order.

38.     Any documents that the Government Entities produce will only be produced subject to the *Stipulation and Amended Protective Order*, dated June 17, 2020 [Case No. 20-00003, ECF No. 65] (the "Protective Order") and with the same production specifications that were used for the productions made in connection with the PRIFA Lift Stay Motion.

39.     The above General Objections are incorporated into each of the following specific Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

Each of the General Objections, Objections to Definitions, and Objections to Instructions is incorporated into each response below as if fully set forth therein

## REQUEST FOR PRODUCTION NO. 1:

All Documents governing the PRIFA Bonds, including all versions of the 1988 Trust Agreement and 1997 Amended Trust Agreement and any supplements thereto in effect during the relevant period, as well as Documents and Communications sufficient to explain the anomalies between the 1988 Trust Agreement and 1997 Amended Trust Agreement, and Documents identifying the Signatories to and/or those bound by such Agreements, including:

a)      All Documents governing the PRIFA Bonds, including all Agreements, all closing binders, any amendments and supplements thereto, and any other legally operative Documents concerning the PRIFA Bonds;

b)      All versions of the 1988 Trust Agreement, the 1997 Amended Trust Agreement, or any other versions of the Trust Agreement, including, without limitation, supplemental Agreements or amendments (without any time limitation);

c)      Documents and Communications—including Communications between and among PRIFA, the Commonwealth, Sidley Austin, or McConnell Valdes— concerning: (i) the execution and notarization of the 1988 Trust Agreement and 1997 Amended Trust Agreement; (ii) the location or whereabouts of the 1988 Trust Agreement, the 1997 Amended Trust Agreement, and any other versions of the Trust Agreement, including, without limitation, supplemental Agreements or amendments; and (iii) the inclusion of "NY1 5690864v.2 45967/59" in the bottom-left corner of each page of the 1997 Amended Trust Agreement;

d)      Documents identifying the Signatories to or Persons bound by any Agreement referenced under Request 1, including, without limitation, the 1988 Trust Agreement, the 1997 Amended Trust Agreement, any other versions of the Trust Agreement, and any supplemental Agreements or amendments.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to their General Objections, incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that the word "governing" is undefined and requires the Government Entities to draw legal conclusions or make legal determinations to ascertain which documents are sought. The Government Entities will construe the phrase "governing the PRIFA Bonds" to refer to the Trust Agreement. The Government Entities object to the term "anomalies" as vague and ambiguous, and in responding to this Request, construes the term to refer to the "seeming discrepancies identified in paragraphs 24-29 of the PRIFA Declaration." The Government Entities further object to the phrase "legally operative" in subpart (a) as vague and ambiguous, and in responding to this Request, construes the term to refer to final executed documents. The Government Entities further object to this Request to the extent its subparts are overbroad and

unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order.
Further, subparts (a) and (c) are overbroad, unduly burdensome and beyond the scope of discovery
allowed in the PRIFA 56(d) Order to the extent they seek documents "concerning" the topics in
those subparts, rather than documents governing the PRIFA Bonds or documents sufficient to
explain the notation issues raised in paragraphs 24-29 of the PRIFA Declaration.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in
its own capacity, responds as follows: AAFAF directs Defendants to the bound volume and trust
agreement it produced in connection with the PRIFA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in
its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as
successor to GDB as fiscal agent, directs Defendants to the materials produced in connection with
the PRIFA Lift Stay Motion, and will produce Bond Documents, executed versions of the Trust
Agreement, and non-privileged documents identifying signatories to and/or those bound by such
agreements to the extent these materials were not already provided in connection with the PRIFA
Lift Stay Motion and may be located in GDB's archived file of PRIFA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury
responds as follows: any responsive documents Treasury may have would be cumulative of
documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB
as fiscal agent. Accordingly, Treasury directs Defendants to the response of AAFAF, in its
capacity as successor to GDB as fiscal agent.

Subject to and without waiving the foregoing general and specific objections, PRIFA
responds as follows: PRIFA directs Defendants to the materials produced in connection with the
PRIFA Lift Stay Motion. PRIFA will also produce Bond Documents, executed versions of the

Trust Agreement, non-privileged documents identifying signatories to and/or those bound by such agreements, and non-privileged documents relating to the signature, notarization, and notation issues raised in paragraphs 24-29 of the PRIFA Declaration (ECF No. 82)  to the extent such documents were not already provided in connection with the PRIFA Lift Stay Motion and may be located in PRIFA's possession, custody or control pursuant to a reasonably diligent search of centralized files.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Agreements governing the Flow of Rum Tax Remittances including all versions of the Lockbox Agreement and Agreements governing all accounts into or through which such funds are or have been transferred, and identifying the Signatories to and/or those bound by such agreements, including:

a)   All Documents governing the Flow of Rum Tax Remittances from January 1, 2006, to present;

b)   All versions (including, without limitation, drafts) of the Lockbox Agreement, including all Agreements, or supplements thereto, or other provisions concerning the Lockbox Agreement;

c)   All Documents identifying the Signatories to or Persons bound by any Agreements referenced under Request 2, including the Lockbox Agreement;

d)   Documents and Agreements to which the Commonwealth, Rum Producers, Citibank, or PRIFA is a party that relate to the Rum Taxes, the Flow of Funds, or the use of Rum Taxes;

e)   Documents concerning the opening of any account to or from which Rum Tax Remittances were transferred or deposited, including the Treasury Single Account, or any accounts owned, controlled, or held by the Commonwealth, the GDB, U.S. Bank as Indenture Trustee, Citibank, and AAFAF, and any subsequent changes to such accounts, including (i) signature cards for each such account, (ii) the name, legal title, and registration of each such account, (iii) the Signatories of each such account, and (iv) any changes or updates to any of the foregoing over time;

f)   All Documents and Communications concerning the roles of the Commonwealth Treasury, the GDB, and PRIFA in the transfers of Rum Tax Remittances into and out of the Treasury Single Account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to their General Objections, incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Government Entities further object to this Request on the ground that it seeks documents prior to the January 1, 2014 date authorized in the PRIFA 56(d) Order, *see* PRIFA 56(d) Order at 7, and to the extent to seeks information about transfers of Rum Tax Remittances outside the Flow of Funds.

The Government Entities further object to this Request on the ground that the word "governing" is undefined and requires the Government Entities to draw legal conclusions or make legal determinations to ascertain which documents are sought.  The Government Entities will construe the phrase "governing the Flow of Rum Tax Remittances" to refer to the Trust Agreement, the Lockbox Agreement and regulations, circular letters, policies, procedures, or other official documents directing the transfer of Rum Tax Remittances.

The Government Entities further object to this Request on the ground that its subparts are overbroad and unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order.  Further, subpart (f) is improper on the ground that it seeks discovery that was not authorized under the PRIFA 56(d) Order, and subparts (b), (d), and (e) are overbroad, unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order to the extent they seek documents "concerning" or that "relate to" the topics in those subparts, rather than documents governing the Flow of Rum Tax Remittances.  Further, the Government Entities object to subpart (d) to the extent it seeks information regarding the "use" of funds as being beyond the scope of

discovery authorized by the PRIFA 56(d) Order.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the PRIFA Flow of Funds Summary and the bank account statements, opening materials, transfer orders, and bound volume it produced in connection with the PRIFA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, directs Defendants to its response to Request No. 1.

In addition, AAFAF, in its capacity as successor to GDB as fiscal agent, will produce the following materials to the extent those materials were not already provided in connection with the PRIFA Lift Stay Motion and may be located in GDB's account records archive or GDB's archived file of PRIFA-related materials:

- bank account statements from January 1, 2014 onward for bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary.

- transfer orders or similar documents from January 1, 2014 onward directing the transfer of the First Proceeds into or out of bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary.

Any other responsive documents AAFAF, in its capacity as successor to GDB as fiscal agent, may have would be cumulative of documents in the possession, custody, or control of

Treasury.  Accordingly, AAFAF, in its capacity as successor to GDB as fiscal agent, directs Defendants to the response of Treasury.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: Treasury will produce the following materials to the extent these materials were not already provided in connection with the PRIFA Lift Stay Motion and may be located in Treasury's possession, custody, or control pursuant to a reasonably diligent search of centralized files:

- bank account statements from January 1, 2014 onward for bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary;

- transfer orders or similar documents from January 1, 2014 onward directing the transfer of the First Proceeds into or out of bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary;

- all executed versions of the Lockbox Agreement

Subject to and without waiving the foregoing general and specific objections, PRIFA responds as follows: PRIFA directs Defendants to its response to Request No. 1.  Any other responsive documents PRIFA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and Treasury. Accordingly, PRIFA directs Defendants to the responses of those entities.

**REQUEST FOR PRODUCTION NO. 3:**

Resolutions related to the Bond Documents adopted by the Commonwealth or by PRIFA, including:

19

a)      All Resolutions adopted by PRIFA or the Commonwealth relating to the Bond Documents, including, without limitation, any Resolutions of the type referred to in 3 L.P.R.A. § 1907 or Section 602 of the 1988 Trust Agreement, and all Documents and Communications concerning the adoption of such Resolutions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to their General Objections, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Government Entities further object to this Request on the ground that its subpart is overbroad and unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order.  Further, subpart (a) is overbroad, unduly burdensome, and beyond the scope of discovery allowed in the PRIFA 56(d) Order to the extent it seeks (i) Resolutions other than Resolutions related to the Bond Documents, and (ii) documents "concerning the adoption of such Resolutions," rather than just seeking the Resolutions themselves.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the Resolutions it produced in connection with the PRIFA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce any Resolutions related to the Bond Documents adopted by the Commonwealth or by PRIFA to the extent such documents were not already provided in connection with the PRIFA Lift Stay Motion and may be located in GDB's archived file of PRIFA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury

responds as follows: any responsive documents Treasury may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent. Accordingly, Treasury directs Defendants to the response of AAFAF, in its capacity as successor to GDB as fiscal agent.

Subject to and without waiving the foregoing general and specific objections, PRIFA responds as follows: any responsive documents PRIFA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent. Accordingly, PRIFA directs Defendants to the response of AAFAF, in its capacity as successor to GDB as fiscal agent.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications identifying the nature and location of the Infrastructure Fund and the Restrictions placed upon moneys therein, including:

a) Documents and Communications concerning the nature and location of the Infrastructure Fund;

b) Documents concerning Restrictions placed upon moneys deposited in or to the credit of the Infrastructure Fund;

c) Documents concerning each account where moneys comprising the Infrastructure Fund are deposited, including all account holders, Signatories, and entities or individuals with authority over the accounts, and transaction records for each such account;

d) Documents concerning each fund to which moneys comprising the Infrastructure Fund were credited, including the Fund Value, the manner in which the Fund is held, Restrictions applicable thereto, and transaction records for each such Fund;

e) Documents and Communications referencing the Infrastructure Fund, including Documents or Communications concerning the deposit of moneys in or to the credit of the Infrastructure Fund;

f) Documents and Communications concerning or referencing Restrictions placed upon the First Proceeds, Rum Tax Remittances, or any moneys deposited in or to the credit of the Infrastructure Fund;

g)     Communications between and among the Commonwealth, PRIFA, Citibank, or Rum Producers regarding those entities' understanding, interpretation, and implementation of the Enabling Act, Bond Documents, or Lockbox Agreement, including any Communications concerning the First Proceeds or the Infrastructure Fund;

h)     Documents and Communications, including those between and among the Commonwealth, Treasury, PRIFA, or KPMG, that make reference to the First Proceeds, the Infrastructure Fund, or the Rum Tax Remittances, or relating to the treatment, discussion, or presentation of First Proceeds, the Infrastructure Fund, or the Rum Tax Remittances in the Commonwealth's historical audited Financial Statements and amendments thereto, including: (i) workpapers, engagement letters, tie outs, support for Financial Statements; (ii) the decision to describe the First Proceeds as "conditionally allocated" to PRIFA in the Commonwealth's Financial Statements for the fiscal year ended June 30, 2015 or any other year; (iii) the description of the First Proceeds as "the first $117 million of these federal excise taxes reimbursed, which are subsequently transferred to the Puerto Rico Infrastructure Financing Authority's Debt Service Fund to provide for the debt service of its special tax revenue bonds" in the Commonwealth's Financial Statements for the fiscal year ended June 30, 2014, and; (iv) the meaning of accounting terms of arts historically used therein, including "Special Revenue Fund," "Special Deposit," "PRIFA Special Revenue Fund," "Restrictions" or "restricted."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to their General Objections, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object that the term "Restrictions," as defined by Defendants, renders the Request overboard, unduly burdensome, and beyond the scope of discovery allowed in the PRIFA 56(d) Order and improperly characterizes informal practices as "Restrictions." The Government Entities will construe the term "Restrictions" as used in this Request to refer to a law, contract, or other legal document directing or limiting the use of Infrastructure Fund and any moneys therein.

The Government Entities further object to this Request on the ground that its subparts are

22

overbroad and unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order.  Further, subparts (d), (g), and (h) are improper on the ground that they seek discovery that was not authorized under the PRIFA 56(d) Order, and subparts (a), (b), (c), (e), and (f) are overbroad, unduly burdensome, and beyond the scope of discovery allowed in the PRIFA 56(d) Order to the extent they seek documents "concerning" or "referencing" the topics in those subparts or are not tethered to information identifying the nature and location of the Infrastructure Fund and the Restrictions placed upon moneys therein.  In addition, the Government Entities further object to the use of the phrase "monies comprising the Infrastructure Fund" in subparts (c) and (d) as vague and ambiguous, as the parties have a dispute regarding the location and identity of such funds.  The Government Entities further object to this Request on the ground that it requests "All Documents and Communications," which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF conducted a reasonably diligent search of centralized files for information identifying the nature and location of the Infrastructure Fund in connection with the PRIFA Lift Stay Motion and did not locate any responsive information.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce non-privileged documents relating to the Infrastructure Fund to the extent such documents may be located in GDB's archived file of PRIFA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: Treasury agrees to conduct a reasonably diligent search of centralized files in

its possession, custody, or control for documents identifying the nature and location of the Infrastructure fund and the restrictions placed thereon from January 1, 2014 onward. To the extent any such materials are located, Treasury will produce them.

Subject to and without waiving the foregoing general and specific objections, PRIFA responds as follows: PRIFA agrees to conduct a reasonably diligent search of centralized files in its possession, custody, or control for documents identifying the nature and location of the Infrastructure fund and the restrictions placed thereon from January 1, 2014 onward. To the extent any such materials are located, PRIFA will produce them.

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications relating to the accounting treatment of Rum Tax Remittances in general, including the use and purpose of Account Value designations, Fund Value designations, and DeptIDs, including:

a) Documents and Communications concerning Treasury's and PRIFA's accounting practices, including the use of fund accounting, GAAP, and GASB principles;

b) Documents concerning how Rum Tax Remittances are designated, including any Documents concerning any designation of Rum Tax Remittances as part of its General Fund;

c) Documents and Communications concerning all Account Value, Fund Value, DeptID, Program, and Class Values associated with any transactions of Rum Tax Remittances, and the purpose and meaning of such designations;

d) Documents sufficient to identify all transactions, from December 1, 1997 to present, relating to: (i) account designations R4220 and E6120; (ii) Fund Value 111 and 141; (iii) DeptID numbers 0250000 and 1610000; and (iv) any other Account Value, Fund Value, DeptID, Program, or Class Values identified in response to these Requests, including records of Treasury's or PRIFA's recordation of these transactions in the Express Voucher System or any other internal accounting ledger or fiscal system, and any other transactions related to PRIFA or Rum Tax Remittances;

e) Commonwealth and PRIFA general ledger and other internal accounting records showing the internal financial reporting of or controls over transactions on the Commonwealth's and PRIFA's books and records, including the chart of accounts for the Commonwealth and PRIFA that identify and describe or define specific accounts and Funds (or the data on any internal accounts or Funds concerning the

First Proceeds), journal entries associated with transfers into and out of the PRIFA Special Revenue Fund and Debt Service Fund, and Financial Statements concerning the PRIFA Special Revenue Fund and Debt Service Fund;

f)      Reports for general ledger accounts, including collections reports, earned revenues reports, reports reconciling revenues earned with revenues collected, cash disbursement reports, and withdrawal reports, for every account concerning the Rum Tax Remittances;

g)      Documents sufficient to show how Rum Tax Remittances received by Treasury pursuant to the Lockbox Agreement were accounted for in the Express Voucher System, the general ledger, and any other fiscal or accounting system, and copies of all journal entries associated with such payments;

h)      Documents and Communications relating to the accounting treatment of the Rum Tax Remittances outside of the First Proceeds, including Rum Tax Remittances received and transferred to the Puerto Rico Science & Technology Trust from the period January 1, 2014 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to their General Objections, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that it requests "All Documents and Communications," which is overbroad and unduly burdensome, rather than documents sufficient to show the requested information. The Government Entities further object to this Request to the extent it requests information dated prior to January 1, 2014 or not tethered to the Flow of Funds.

The Government Entities further object to this Request on the ground that its subparts are overbroad and unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order. Further, subparts (a), (d), (e), (f), and (h) are improper on the ground that they seek discovery that was not authorized under the PRIFA 56(d) Order, and subpart (g) is overbroad,

25

unduly burdensome, and beyond the scope of discovery allowed in the PRIFA 56(d) Order to the extent it seeks "copies of all journal entries associated with such payments."  The Government Entities further object to the term "designated" in subpart (b) as vague and ambiguous, and in responding to this Request, construes the term to refer to the "the accounting treatment of Rum Tax Remittances."  The Government Entities further object to the term "associated with any transactions of Rum Tax Remittances" in subpart (c) as overbroad, vague and ambiguous, and in responding to this Request, construes the term to refer to the "the accounting treatment of Rum Tax Remittances."

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the vouchers, transfer orders, summary revenue reporting, and accounting-related materials it produced in connection with the PRIFA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce transfer orders or similar documents from January 1, 2014 onward directing the transfer of the First Proceeds into or out of bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary, to the extent those materials were not already provided in connection with the PRIFA Lift Stay Motion and may be located in GDB's archived file of PRIFA-related materials.  Any other responsive documents AAFAF, in its capacity as successor to GDB as fiscal agent, may have would be cumulative of documents in the possession, custody, or control of Treasury.  Accordingly, AAFAF, in its capacity as successor to GDB as fiscal agent, directs Defendants to the response of Treasury.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: Treasury directs Defendants to materials produced in connection with the PRIFA Lift Stay Motion.  Treasury will also make reasonable efforts to export data available in PRIFAS pertaining to the receipt and transfer of Rum Tax Remittances from January 1, 2014 onward.

Subject to and without waiving the foregoing general and specific objections, PRIFA responds as follows: any responsive documents PRIFA may have would be cumulative of documents in the possession, custody, or control of Treasury and AAFAF, in its capacity as successor to GDB as fiscal agent.  Accordingly, PRIFA directs Defendants to those entities.

**REQUEST FOR PRODUCTION NO. 6:**

A comprehensive set of transmittal information for the exemplars of transfers and/or deposits of Rum Tax Remittances between the various bank accounts through which Rum Tax Remittances have historically flowed, as authorized by the March Orders, including:

a)   Documents sufficient to show each transfer or deposit of the Rum Tax Remittances between and among the U.S. Treasury to the Commonwealth, the Infrastructure Fund, PRIFA, the Lockbox Agreement, the Sinking Fund, or any other account or fund, and each subsequent transfer thereof, including (a) the date of the transfer, (b) the transferor, (c) the transferee, (d) the amount of the transfer, (e) information sufficient to identify and distinguish particular accounts, (f) all account holders or beneficiaries, and (g) all transmittal information associated with the transfer, including all Fedwire or ACH transaction fields, memo lines, accompanying memoranda, beneficiary information, addenda information, or other remittance or reference information;

b)   Documents recording any transfer of Rum Tax Remittances from PRIFA to the Commonwealth;

c)   Documents (including direction letters) sufficient to show the total amount of Rum Tax Remittances presently held by PRIFA, or the Commonwealth or its instrumentalities, including information sufficient to identify the particular accounts where such funds are retained; and the cash flow balance of the accounts;

d)   Documents showing account statements for the Citibank account that was used to transfer Rum Tax Remittances to the Sinking Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to their General Objections, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that its subparts are overbroad and unduly burdensome. The Government Entities further object to this Request on the grounds its subparts seek information beyond the scope of discovery allowed in the PRIFA 56(d) Order. The Government Entities also object to this Request to the extent it seeks information dated prior to January 1, 2014 or information regarding transfers outside the Flow of Funds.

The Government Entities further object to this Request on the ground that its subparts are overbroad and unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order. Further, subparts (c) and (d) are improper on the ground that they seek discovery that was not authorized under the PRIFA 56(d) Order, and subparts (a) and (b) are overbroad, unduly burdensome, and beyond the scope of discovery allowed in the PRIFA 56(d) Order to the extent they seek transmittal information for "each" and "any" transfer of Rum Tax Remittances and demand specific transmittal details not located in the documents in centralized files.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the vouchers and transfer orders that it produced in connection with the PRIFA Lift Stay Motion, which consist of all the vouchers and transfer orders that were located after a reasonably diligent search in centralized files. Any other responsive documents AAFAF, in its own capacity, may have would be

cumulative of documents in the possession, custody, or control of Treasury.   Accordingly, AAFAF, in its own capacity, directs Defendants to the response of Treasury.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce transfer orders or similar documents from January 1, 2014 onward directing the transfer of the First Proceeds into or out of bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary, to the extent those materials were not already provided in connection with the PRIFA Lift Stay Motion and may be located in GDB's archived file of PRIFA-related materials.   Any other responsive documents AAFAF, in its capacity as successor to GDB as fiscal agent, may have would be cumulative of documents in the possession, custody, or control of Treasury.   Accordingly, AAFAF, in its capacity as successor to GDB as fiscal agent, directs Defendants to the response of Treasury.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: Treasury directs Defendants to materials produced in connection with the PRIFA Lift Stay Motion.   Treasury will also make reasonable efforts to export data available in PRIFAS pertaining to the receipt and transfer of Rum Tax Remittances from January 1, 2014 onward.

Subject to and without waiving the foregoing general and specific objections, PRIFA responds as follows: any responsive documents PRIFA may have would be cumulative of documents in the possession, custody, or control of Treasury and AAFAF, in its capacity as successor to GDB as fiscal agent.   Accordingly, PRIFA directs Defendants to those entities.

29

**REQUEST FOR PRODUCTION NO. 7:**

Policies and procedures related to the flow of Rum Tax Remittances pursuant to the Bond Documents, Lockbox Agreement, Infrastructure Fund, and Enabling Act, including:

a)      Policies and procedures Concerning the Flow of Funds pursuant to the Bond Documents, Lockbox Agreement, and Enabling Act, including Documents concerning PRIFA's access to the Treasury Single Account, the management or operation of the Infrastructure Fund, and the individuals responsible for overseeing or approving transactions into and out of the Infrastructure Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to their General Objections, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that its subpart is overbroad and unduly burdensome. The Government Entities further object to this Request on the grounds that its subpart seeks information beyond the scope of discovery allowed in the PRIFA 56(d) Order, particularly insofar as it seeks documents and communications "concerning" the additional topics set forth in the subpart.   The Government Entities also object to this Request to the extent it seeks information dated prior to January 1, 2014 or information regarding transfers not in the Flow of Funds.

The Government Entities further object to this Request on the ground that its subpart is overbroad and unduly burdensome and beyond the scope of discovery allowed in the PRIFA 56(d) Order.  Further, subpart (a) is overbroad, unduly burdensome, and beyond the scope of discovery allowed in the PRIFA 56(d) Order to the extent it seeks information concerning "the individuals responsible for overseeing or approving transactions into and out of the Infrastructure Fund," to the extent it seeks information concerning "PRIFA's access to the Treasury Single Account" not

30

tethered to the First Proceeds, and information concerning "the management or operation of the Infrastructure Fund."

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: any responsive documents AAFAF, in its own capacity, may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, Treasury, and PRIFA.  Accordingly, AAFAF, in its own capacity, directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce policies and procedures, from January 1, 2014 onward, related to the flow of Rum Tax Remittances pursuant to the Bond Documents, Lockbox Agreement, Infrastructure Fund, and Enabling Act through the bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary, to the extent such documents were not already provided in connection with the PRIFA Lift Stay Motion and may be located in GDB's archived file of PRIFA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: Treasury will produce policies and procedures, from January 1, 2014 onward, related to the flow of Rum Tax Remittances pursuant to the Bond Documents, Lockbox Agreement, Infrastructure Fund, and Enabling Act through the bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary, to the extent such documents were not

already provided in connection with the PRIFA Lift Stay Motion and may be located in its possession, custody, or control after a reasonably diligent search of centralized files.

Subject to and without waiving the foregoing general and specific objections, PRIFA responds as follows: PRIFA will produce policies and procedures, from January 1, 2014 onward, related to the flow of Rum Tax Remittances pursuant to the Bond Documents, Lockbox Agreement, Infrastructure Fund, and Enabling Act through the bank accounts that receive the First Proceeds from 2014 to the present, which bank accounts were previously identified by bank account number in the PRIFA Flow of Funds Summary, to the extent such documents were not already provided in connection with the PRIFA Lift Stay Motion and may be located in its possession, custody, or control after a reasonably diligent search of centralized files.

Dated: February 22, 2021
      San Juan, Puerto Rico

Respectfully submitted,

**O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi
(Admitted *Pro Hac Vice*)
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
Email: jrapisardi@omm.com

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
Email: pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994
Email: emckeen@omm.com
      apavel@omm.com

*Attorneys for the Government Entities*

## CERTIFICATE OF SERVICE

I hereby certify on February 22, 2021, I caused service on the person(s) listed below by

electronic transmission of the document titled:

**RESPONSES AND OBJECTIONS OF AAFAF (IN ITS OWN CAPACITY AND AS SUCCESSOR TO GDB AS FISCAL AGENT ), PRIFA, AND TREASURY TO THE SUBPOENAS OF AMBAC ASSURANCE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND U.S. BANK TRUST NATIONAL ASSOCIATION FOR THE PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE PRIFA REVENUE BOND ADVERSARY PROCEEDING**

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
robert.berezin@weil.com
gregory.silbert@weil.com

*Counsel for National Public Finance Guarantee Corporation*

PROSKAUER ROSE, LLP

Ehud Barak, Esq.
Margaret A. Dale, Esq.
Michael T. Mervis, Esq.
Jennifer L. Jones, Esq.
Laura Stafford, Esq.
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
ebarak@proskauer.com
mdale@proskauer.com
mmervis@proskauer.com
jljones@proskauer.com
lstafford@proskauer.com

*Counsel for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico*

34

PAUL HASTINGS LLP

Luc A. Despins, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street  NW
Washington, DC 20005
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of Unsecured
Creditors*

CADWALADER,WICKERSHAM &TAFT LLP

William J. Natbony
Thomas J. Curtin
Casey J. Servais
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Email: bill.natbony@cwt.com
thomas.curtin@cwt.com
casey.servais@cwt.com

*Counsel for Assured Guaranty Corp., and
Assured Guaranty Municipal Corp.*

MILBANK LLP

Atara Miller
Grant R. Mainland
John J. Hughes, III
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com

*Counsel for Ambac Assurance Corporation*

REED SMITH LLP

Jared S. Roach
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: jroach@reedsmith.com

*Counsel for The Bank of New York Mellon*

BUTLER SNOW LLP

Martin A. Sosland
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email: martin.sosland@butlersnow.com

James E. Bailey III
Adam M. Langley
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: jeb.bailey@butlersnow.com
adam.langley@butlersnow.com

*Counsel for Financial Guaranty Insurance Company*

HOGAN LOVELLS US LLP

Ronald J. Silverman
Michael C. Hefter
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
ronald.silverman@hoganlovells.com
michael.hefter@hoganlovells.com

*Counsel for U.S. Bank Trust National Association, in its Capacity as Trustee to PRIFA Bondholders*

Dated this 22nd day of February, 2021.

*/s/ Ashley M. Pavel*
Ashley M. Pavel