# **<u>EXHIBIT F</u>**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY and THE BANK OF NEW YORK MELLON, as Fiscal Agent<br><br>Defendants. | PROMESA<br>Title III<br><br>Adv. Proc. 20-00004-LTS |

**RESPONSES AND OBJECTIONS OF AAFAF (IN ITS OWN CAPACITY AND AS SUCCESSOR TO GDB AS FISCAL AGENT), CCDA, TOURISM, AND TREASURY TO THE AMENDED SUBPOENAS OF AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, AND THE**

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**BANK OF NEW YORK MELLON FOR THE PRODUCTION OF DOCUMENTS IN
CONNECTION WITH THE CCDA REVENUE BOND ADVERSARY PROCEEDING**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), in its own capacity, and as successor to the Government Development Bank for Puerto Rico ("GDB") as fiscal agent, the Puerto Rico Convention Center District Authority ("CCDA"), the Puerto Rico Tourism Company ("Tourism Company"), and the Puerto Rico Department of Treasury ("Treasury") (together, the "Government Entities") hereby respond and object (the "Responses and Objections") to the amended subpoenas of Ambac Assurance Corporation, Assured Guaranty Corp., Financial Guaranty Insurance Company, and the Bank of New York Mellon (together, the "Defendants") for the Production of Documents in Connection with the CCDA Revenue Bond Adversary Proceeding (Adv. Proc. No. 20-00004) (the "Subpoenas"), which were served upon the Government Entities, respectively, on February 17, 2021, and which include document requests (collectively, the "Requests," and each a "Request") attached as an exhibit thereto.

## PRELIMINARY STATEMENT

The Government Entities have not yet completed their investigation and review of documents.  These Responses and Objections, and any subsequent document productions, are based and will be based only upon the information that is currently available to and specifically known to the Government Entities as of the date hereof.  The Government Entities reserve the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserve the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence.  The Government Entities have made reasonable efforts to respond to the Subpoenas, to the extent they have not been

objected to, as the Government Entities understand and interpret the Subpoenas.  If the Defendants subsequently assert a meritorious interpretation of the Subpoenas that differs from the Government Entities' interpretation, the Government Entities reserve the right to supplement these Reponses and Objections.

## **GENERAL OBJECTIONS**

1.      The Government Entities object to the Subpoenas, and to each and every Request, as unduly burdensome to the extent they seek information beyond the information the Court authorized Defendants to seek in the *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims*, dated January 20, 2021 [Case No. 20-00004, ECF No. 108] ("CCDA 56(d) Order").   The Government Entities further object to the Subpoenas, and to each and every Request, to the extent that they purport to impose burdens on the Government Entities that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, together with the CCDA 56(d) Order, the "Governing Rules"). The Government Entities will construe and respond to the Subpoenas and Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

2.      The Government Entities object to the Subpoenas, and to each and every Request, as unduly burdensome to the extent they seek information that is not relevant to the parties' claims or defenses applicable to the *Notice of Motion and Motion of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule*

4

*7056 for Partial Summary Judgment Disallowing Claims*, dated April 28, 2020 [Case No. 20-00004, ECF No. 40], or proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

3.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they seek documents or information that are not in the Government Entities' possession, custody, or control.  Subject to the other general and specific objections set forth herein, the Government Entities will use reasonable diligence to obtain responsive documents in their possession, custody, or control based on an examination of those files reasonably expected to yield responsive documents.  Documents produced by the Government Entities in response to specific Requests should not be construed as a representation that every document in their possession, custody, or control has been examined.

4.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they seek materials that have already been provided to Defendants in connection with *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds*, dated January 16, 2020 [Case No. 17-03283, ECF No. 10104] (the "CCDA Lift Stay Motion").  Pursuant to the 56(d) Order, those documents will not be produced again in this proceeding.

5.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they place an unreasonable burden on the Government Entities, including without limitation by seeking documents and information that are equally or more readily available from public sources or that are otherwise already available to Defendants.

6.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they require the search of archives, backup files, or any information that is not readily

accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of the case.

7.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent they expressly or impliedly seek documents or information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive Privilege, the Deliberative Process Privilege, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and the Government Entities will not provide them.  The Government Entities intend to and do assert any and all such privileges with respect to all such documents and information.  The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive the Government Entities' right to object to the use of any such document or the information contained therein in connection with this proceeding or any subsequent proceeding. Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

8.      The Government Entities object to the Subpoenas, and to each and every Request, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, the Government Entities do not admit any factual or legal premise in the Subpoenas.

9.     To the extent any term defined or used in the Subpoenas and Requests is used in responding to the Subpoenas and Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

10.     The Government Entities object to the Subpoenas, and to each and every Request, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.

11.     The Government Entities object to the definition of the term "AAFAF" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "AAFAF" to mean AAFAF and its employees reasonably likely to possess information relevant to this proceeding.

12.     The Government Entities object to the definition of the term "Bond Documents" because that definition includes "any related Agreements, Resolutions, or official statements relating to the issuance of CCDA Bonds," which is vague, ambiguous, and overbroad.  The Government Entities will construe the term "Bond Documents" to include the Assignment Agreement, Pledge Agreement, Trust Agreement, and Supplemental Trust Agreement.

13.     The Government Entities object to the definition of the term "BPPR" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "BPPR" to mean Banco Popular de Puerto Rico and its employees reasonably likely to possess information relevant to this proceeding.

14.     The Government Entities object to the definition of the term "CCDA" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to

7

this proceeding.  In responding to the Requests, the Government Entities will construe "CCDA" to mean CCDA and its employees reasonably likely to possess information relevant to this proceeding.

15.     The Government Entities object to the definition of the term "Commonwealth" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "Commonwealth" to mean the Commonwealth and its employees reasonably likely to possess information relevant to this proceeding.

16.     The Government Entities object to the definition of the term "Communication" to the extent it means "oral" transmittal of information, including "face-to-face conversations" and "oral . . . exchange between two or more Persons that has been recorded or transcribed in any way including letters, facsimiles, transcriptions, sound recordings, or video recordings," on the grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the case, and seeks to impose requirements or obligations beyond the scope of, or different from, those imposed by the Governing Rules.

17.     The Government Entities object to the definition of the term "FirstBank" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "FirstBank" to mean First Bank de Puerto Rico and its employees reasonably likely to possess information relevant to this proceeding.

18.     The Government Entities object to the definition of "Flow of Funds" to the extent it includes accounts that received only hotel tax proceeds that were not allocated to CCDA Bond Debt service, including, but not limited to accounts collectively referred to as "Non-Debt Service

Outflow" in the flow of funds summary AAFAF provided in connection with the CCDA Lift Stay Motion (Case No. 17-3283, ECF No. 13338-1, at 153-160) ("CCDA Flow of Funds Summary"). The Government Entities will construe "Flow of Funds" to encompass the bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts.

19.    The Government Entities object to the definition of the term "GDB" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  The Government Entities further object to the definition of GDB on the ground that it is defined to include the GDB Debt Recovery Authority and the GDB Public Entity Trust, which are legally separate entities from GDB.  The Government Entities will construe the term "GDB" to include former employees of GDB and employees of AAFAF, as successor to GDB as fiscal agent, who are reasonably likely to possess information relevant to this proceeding.

20.    The Government Entities objection to the definition of the term "Pledge Account" on the ground that the definition is inconsistent with Section 2 of the Pledge Agreement.  The Government Entities will construe the term "Pledge Account" to have the meaning ascribed in Section 2 of the Pledge Agreement.

21.    The Government Entities object to the definition of the term "Resolutions" as overbroad to the extent it includes any Resolutions other than Resolutions related to the Bond Documents.  In responding to the Requests, the Government Entities will construe "Resolutions" to mean Resolutions related to the Bond Documents.

22.    The Government Entities object to the definition of the term "Scotiabank" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe

9

"Scotiabank" to mean Scotiabank de Puerto Rico and its employees reasonably likely to possess information relevant to this proceeding.

23.     The Government Entities object to the definition of the term "Signatories," on the ground that the phrase "otherwise manifested their consent" is vague and ambiguous.  The Government Entities will construe the term "Signatories" to mean "any and all Persons, individuals, entities, corporations, agencies, instrumentalities, or representatives thereof, who have signed a Document as a party, or on behalf of a party."

24.     The Government Entities object to the definition of the term "Tourism Company" as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "Tourism Company" to mean the Tourism Company and its employees reasonably likely to possess information relevant to this proceeding.

25.     The Government Entities object to the definition of the terms "You" and "Your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe "You" and "Your" to mean the Government Entities, as applicable, and their employees reasonably likely to possess information relevant to this proceeding.

26.     The Government Entities object to each and every Instruction to the extent that they require procedures that are inconsistent with, not authorized by, or exceed those required by the Governing Rules.

27.     The Government Entities object to Paragraph 37 of the Definitions as overbroad because it encompasses individuals and entities without regard to their connection or relevance to

this proceeding.  In responding to the Requests, the Government Entities object will construe each reference to a non-natural Person to mean the identified Person.

28.     The Government Entities object to Paragraph 38 of the Definitions as overbroad because it encompasses individuals and entities without regard to their connection or relevance to this proceeding.  In responding to the Requests, the Government Entities will construe each reference to a natural Person to mean the identified Person.

29.     The Government Entities object to Instruction No. 1 to the extent it calls for the Government Entities to produce documents not within their possession, custody, or control. *Quinones v. U. of Puerto Rico*, 2015 WL 3604152, at *5 n.4 (D.P.R. June 8, 2015) (noting a party's obligation to produce documents in its possession, custody or control).

30.     The Government Entities object to Instruction No. 5, which requires that "Documents responsive to these requests shall be labeled in such a way as to show their source, including, but not limited to, the files and offices where they were maintained."  The Government Entities will produce documents as they are maintained in the ordinary course of business.

31.     The Government Entities object to Instruction Nos. 6, 7, and 8 because they purport to impose burdens on the Government Entities that differ from or exceed those imposed by the Governing Rules.  The Government Entities object to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules, and expressly reserve the right to provide a categorical privilege log.

32.     The Government Entities object to Instruction No. 11, which provides that "[a]ny ambiguity in a request shall be construed to bring within the scope of the request all responses that otherwise could be construed to be outside of its scope," as overbroad and unduly burdensome.  If

a Request is ambiguous, the Government Entities will construe the Request in the manner that is most reasonable given the text of the Request and the context.

33.     Any documents that the Government Entities produce will only be produced subject to the *Stipulation and Amended Protective Order*, dated June 17, 2020 [Case No. 20-00004, ECF No. 63] (the "Protective Order") and with the same production specifications that were used for the productions made in connection with the CCDA Lift Stay Motion.

34.     The above General Objections are incorporated into each of the following specific Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All Documents governing the CCDA bonds, including all versions of the Bond Documents, and Documents identifying the signatories to and/or those bound by the Bond Documents.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to their General Objections, which are incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.    The Government Entities further object to this Request on the ground that the word "governing" is undefined and requires the Government Entities to draw legal conclusions or make legal determinations to ascertain which documents are sought.   In responding to this Request, the Government Entities will construe the phrase "governing the CCDA bonds" to refer to the Assignment Agreement, Pledge Agreement, Trust Agreement, and Supplemental Trust Agreement.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the bound volume it produced in connection with the CCDA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, directs Defendants to the materials produced in connection with the CCDA Lift Stay Motion, and will produce Bond Documents and non-privileged documents identifying signatories to and/or those bound by the Bond Documents to the extent these materials were not already provided in connection with the CCDA Lift Stay Motion and may be located in GDB's archived file of CCDA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: any responsive documents Treasury may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent.  Accordingly, Treasury directs Defendants to the response of AAFAF, in its capacity as successor to GDB as fiscal agent.

Subject to and without waiving the foregoing general and specific objections, CCDA responds as follows: any responsive documents CCDA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent.  Accordingly, CCDA directs Defendants to the response of AAFAF, in its capacity as successor to GDB as fiscal agent.

Subject to and without waiving the foregoing general and specific objections, the Tourism Company responds as follows: any responsive documents the Tourism Company may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as

13

successor to GDB as fiscal agent.  Accordingly, the Tourism Company directs Defendants to the

response of AAFAF, in its capacity as successor to GDB as fiscal agent.

**REQUEST FOR PRODUCTION NO. 2:**

All documents governing the flow of the Hotel Taxes from 2006 to the present, including all versions of documents governing the Transfer Account, Surplus Account and any other accounts into or through which such funds are or have been transferred, including without limitation contracts, side agreements, security interest agreements, account control agreements, deeds of trust on accounts, or supplements thereto, and identifying the signatories to and/or those bound by such agreements, including

    a) All Documents and Communications governing the flow of the Hotel Taxes from 2006 to the present.

    b) All Documents (including, without limitation, drafts) governing the Holding Fund, Transfer Account, Surplus Account, Pledge Account, and any other accounts into or through which such funds are or have been transferred, including, without limitation, Bond Documents and Agreements.

    c) Statements for any accounts into or from which Hotel Taxes were deposited, withdrawn, transferred, or otherwise credited or debited, from January 1, 2006 to the present, including but not limited to GDB -9758, Scotiabank -5142, Scotiabank -5144, Scotiabank -5138, BPPR -6545, BPPR -2306, BPPR -9458, FirstBank -2984, and FirstBank -3961.

    d) Communications relating to the flow of Hotel Taxes, including but not limited to Communications regarding deposits of Hotel Taxes and the accounts in which such funds were deposited, transfers of Hotel Taxes and the accounts to which such funds were transferred, the retention of Hotel Taxes by the Commonwealth, Tourism Company, CCDA, or GDB and the reason for such retention.

    e) Documents or Communications by, between, or among the Commonwealth, Tourism Company, CCDA, or GDB regarding the Hotel Occupancy Tax Act, the Bond Documents, or any Resolutions relating to the Bond Documents, including, without limitation, implementation or interpretation of any of the foregoing.

    f) Documents or Communications regarding the nature, location, and meaning of funds or accounts referred to in the Bond Documents, including, without limitation, the Transfer Account, Surplus Account, Pledge Account, and/or Holding Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to their General Objections, which are incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the

Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that the word "governing" is undefined and requires the Government Entities to draw legal conclusions or make legal determinations to ascertain which documents are sought. In responding to this Request, the Government Entities will construe the phrases "all documents governing the flow of the Hotel Taxes," "all Documents and Communications governing the flow of Hotel Taxes," and "all Documents . . . governing the Holding Fund, Transfer Account, Surplus Account, Pledge Account and any other accounts" to refer to the Assignment Agreement, Pledge Agreement, Trust Agreement, and Supplemental Trust Agreement, and regulations, circular letters, policies, procedures, or other official documents directing the transfer of the Hotel Taxes.

The Government Entities further object to this Request on the ground that its subparts are overbroad and unduly burdensome and beyond the scope of discovery allowed in the CCDA 56(d) Order. Further, the subparts (d), (e), and (f) are improper on the ground that they seek discovery that was not authorized under the CCDA 56(d) Order, and subparts (b) and (c) are overbroad, unduly burdensome, and beyond the scope of discovery allowed in the CCDA 56(d) Order to the extent they seek documents about "any other accounts into or through which such funds are or have been transferred" and "any accounts into or from which Hotel Taxes were deposited," rather than documents about accounts that are in the Flow of Funds.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the CCDA Flow of Funds

15

Summary, as well as the bank account statements, opening materials, transfer orders, and bound volume it produced in connection with the CCDA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, directs Defendants to its response to Request No 1.

In addition, AAFAF, in its capacity as successor to GDB as fiscal agent, will produce the following materials to the extent those materials were not already provided in connection with the CCDA Lift Stay Motion and may be located in GDB's account-records archive or GDB's archived file of CCDA-related materials:

- bank account statements from January 1, 2006 onward for bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts;

- bank account opening materials for bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts.

- transfer orders or similar documents from January 1, 2006 onward directing the transfer of Hotel Taxes into or out of bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts;

- documents identifying the bank account numbers corresponding to the Transfer Account, Surplus Account, Pledge Account, and/or Holding Fund; and

- documents providing instructions for the implementation of the Bond Documents from January 1, 2006 onward.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: any responsive documents Treasury may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.   Accordingly, Treasury directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, CCDA responds as follows: any responsive documents CCDA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.   Accordingly, CCDA directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, the Tourism Company responds as follows: the Tourism Company will produce the following materials to the extent these materials were not already provided in connection with the CCDA Lift Stay Motion and may be located in the Tourism Company's possession, custody, or control pursuant to a reasonably diligent search of centralized files:

- bank account statements from January 1, 2006 onward for bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts;

- bank account opening materials for bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts;

- transfer orders or similar documents from January 1, 2006 onward directing the transfer of Hotel Taxes into or out of bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts;

- documents sufficient to identify the bank account numbers corresponding to the Transfer Account, Surplus Account, Pledge Account, and/or Holding Fund; and

- documents providing instructions for the implementation of the Bond Documents from January 1, 2006 onward.

## REQUEST FOR PRODUCTION NO. 3:

Resolutions of Commonwealth, Tourism Company, CCDA, and/or GDB related to the Bond Documents, including:

a) All versions (including, without limitation, drafts) of any Resolutions of the Commonwealth, Tourism Company, CCDA, and/or GDB related to the Bond Documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to their General Objections, which are incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that its subpart is overbroad and unduly burdensome and beyond the scope of discovery allowed in the CCDA 56(d) Order.  Further, the subpart is improper on the

18

ground that it seeks "drafts" of Resolutions, which have no force. The Government Entities further objects to this Request on the ground that it requests "All versions," because such a request (i) exceeds the scope of the CCDA 56(d) Order and (ii) is otherwise overbroad and unduly burdensome because it is not limited to seeking documents sufficient to show the requested information.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the Resolutions it produced in connection with the CCDA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce any Resolutions of the Commonwealth, Tourism Company, CCDA, and/or GDB related to the Bond Documents to the extent these materials were not already provided in connection with the CCDA Lift Stay Motion and may be located in GDB's archived file of CCDA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: any responsive documents Treasury may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent. Accordingly, Treasury directs Defendants to the response of AAFAF, in its capacity as successor to GDB as fiscal agent.

Subject to and without waiving the foregoing general and specific objections, CCDA responds as follows: any responsive documents CCDA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB

19

as fiscal agent.  Accordingly, CCDA directs Defendants to the response of AAFAF, in its capacity as successor to GDB as fiscal agent.

Subject to and without waiving the foregoing general and specific objections, the Tourism Company responds as follows: any responsive documents the Tourism Company may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent.  Accordingly, the Tourism Company directs Defendants to the response of AAFAF, in its capacity as successor to GDB as fiscal agent.

**REQUEST FOR PRODUCTION NO. 4:**

Account opening documents for GDB -9758, Scotiabank -5142, Scotiabank -5144, Scotiabank -5138, BPPR -6545, BPPR -2306, BPPR -9458, FirstBank -2984, and FirstBank -3961, including:

   a) Documents and Communications concerning any account into or from which Hotel Taxes were deposited, withdrawn, transferred, or otherwise credited or debited, including, without limitation, GDB -9758, Scotiabank -5142, Scotiabank -5144, Scotiabank -5138, BPPR -6545, BPPR -2306, BPPR -9458, FirstBank -2984, and FirstBank -3961, and including, without limitation, (i) signature cards for each such Account, (ii) the name, legal title, and registration of each such Account, (iii) the signatories of each such Account, (iv) any changes or updates to any of the foregoing over time, and (v) any other account-related Documents or Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to their General Objections, which are incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Government Entities further object to this Request on the ground that its subpart is overbroad and unduly burdensome and beyond the scope of discovery allowed in the CCDA 56(d) Order.  Further, the subpart is improper on the ground that it seeks documents and communications

"concerning any account into or from which Hotel Taxes were deposited," rather than the account opening documents for the enumerated accounts listed in Category No. 4 of the CCDA 56(d) Order.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the bank account opening documents for Scotiabank -5142, Scotiabank -5144, Scotiabank -5138, BPPR -6545, BPPR -2306, BPPR -9458, FirstBank -2984, and FirstBank -3961 produced in connection with the CCDA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, states that with respect to the GDB -9758 bank account, it conducted a reasonably diligent search of centralized files for bank account opening documents for GDB -9758 in connection with the CCDA Lift Stay Motion and did not locate any responsive documents. AAFAF, as successor to GDB as fiscal agent, agrees to conduct an additional reasonably diligent search of GDB's account-records archive and GDB's archived file of CCDA-related materials, and to the extent bank account opening materials to the GDB -9758 bank account are located, it will produce them.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: any responsive documents Treasury may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company. Accordingly, Treasury directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, CCDA responds as follows: any responsive documents CCDA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company. Accordingly, CCDA directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, the Tourism Company responds as follows: in addition to the bank account opening documents produced in connection with the CCDA Lift Stay Motion, the Tourism Company conducted a reasonably diligent search of centralized files for bank account opening documents for GDB -9758 in connection with the CCDA Lift Stay Motion and did not locate any responsive documents. Tourism agrees to conduct an additional reasonably diligent search of centralized files and to the extent bank account opening materials to the GDB -9758 bank account are located, the Tourism Company will produce them.

**REQUEST FOR PRODUCTION NO. 5:**

Policies and procedures related to the flow of Hotel Taxes pursuant to the Bond Documents and Hotel Occupancy Tax Act, including:

a) Any internal instructions, guidance, memoranda, or other Documents concerning any policies and procedures.

b) Documents and Communications concerning any understanding or interpretation of policies and procedures, how hotels make payments, any arrangements concerning Scotiabank -5142, and any guidance provided by the Tourism Company to hotels related to their deposits of Hotel Taxes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to their General Objections, which are incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative

Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that its subparts seeking various categories of Documents and Communications "concerning" any policies and procedures or the "understanding or interpretation" of policies and procedures are overbroad and unduly burdensome and beyond the scope of discovery allowed in the CCDA 56(d) Order, which permitted discovery only of policies and procedures.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: any responsive documents AAFAF, in its own capacity, may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company. Accordingly, AAFAF, in its own capacity, directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce policies and procedures, from January 1, 2006 onward, related to the flow of Hotel Taxes pursuant to the Bond Documents and the Hotel Occupancy Tax Act through the bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts, to the extent such documents were not already provided in connection with the CCDA Lift Stay Motion and may be located in GDB's archived file of CCDA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: any responsive documents Treasury may have would be cumulative of

documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.  Accordingly, Treasury directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, CCDA responds as follows: any responsive documents CCDA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.  Accordingly, CCDA directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, the Tourism Company responds as follows: the Tourism Company will produce policies and procedures, from January 1, 2006 onward, related to the flow of Hotel Taxes pursuant to the Bond Documents and the Hotel Occupancy Tax Act through the bank accounts previously identified by bank account number in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts, to the extent such documents were not already provided in connection with the CCDA Lift Stay Motion and may be located in the Tourism Company's possession, custody, or control pursuant to a reasonably diligent search of centralized files.

## REQUEST FOR PRODUCTION NO. 6:

Discovery identifying and explaining the purpose of transfers of Hotel Taxes from accounts identified in Request No. 4 to the Commonwealth, including:

a) Documents identifying and explaining the purpose of transfers of Hotel Taxes from the accounts identified in Requests No. 4 above, including, without limitation, documents regarding whether the Commonwealth has used any Pledged Hotel Taxes constituting bondholder collateral to pay its own expenses or debts.

b) Documents concerning any general ledger or internal accounting records of the Hotel Taxes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to their General Objections, which are incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Government Entities further object to this Request on the ground that its subparts are overbroad and unduly burdensome and beyond the scope of discovery allowed in the CCDA 56(d) Order. Further, subpart (b) is improper on the ground that it seeks discovery that was not authorized under the CCDA 56(d) Order, and subpart (a) is overbroad, unduly burdensome, and beyond the scope of discovery allowed in the CCDA 56(d) Order to the extent it seeks "Documents identifying and explaining the purpose of transfers of Hotel Taxes from the accounts identified in Requests No. 4 above," whereas the CCDA 56(d) Order limited the scope of the category to transfers from those accounts made "to the Commonwealth." The Government Entities further object to this Request to the extent that the reference to "accounts identified in Request No. 4" refers to "any account into or from which Hotel Taxes were deposited," rather than to the enumerated accounts listed in Category No. 4 of the CCDA 56(d) Order.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: any responsive documents AAFAF, in its own capacity, may have that have not already been produced would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company. Accordingly, AAFAF, in its own capacity, directs Defendants to the

responses of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.  AAFAF, in its own capacity, further directs Defendants to Resolution 2018-01.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce documents or information, since January 1, 2006, identifying and explaining the purpose of transfers of hotel taxes to the Commonwealth from bank accounts identified in Request No. 4 that transfer into or from GDB accounts, to the extent those materials were not already provided in connection with the CCDA Lift Stay Motion and may be located in GDB's account-records archive or in GDB's archived file of CCDA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: any responsive documents Treasury may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.  Accordingly, Treasury directs Defendants to the responses of AAFAF in its capacity as successor to GDB as fiscal agent, and the Tourism Company.

Subject to and without waiving the foregoing general and specific objections, CCDA responds as follows: any responsive documents CCDA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.  Accordingly, CCDA directs Defendants to the responses of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company

Subject to and without waiving the foregoing general and specific objections, the Tourism Company responds as follows: the Tourism Company will produce documents or information,

since January 1, 2006, identifying and explaining the purpose of transfers of hotel taxes to the

Commonwealth from GDB -9758, Scotiabank -5142, Scotiabank -5144, Scotiabank -5138, BPPR

-6545, BPPR -2306, BPPR -9458, FirstBank -2984, and FirstBank -3961 to the extent such

documents or information were not already provided in connection with the CCDA Lift Stay

Motion and may be located in the Tourism Company's possession, custody, or control pursuant to

a reasonably diligent search of centralized files.

### REQUEST FOR PRODUCTION NO. 7:

Discovery identifying the recipient of transfers identified in paragraph 40 of the CCDA
Declaration and any other transfers for which no recipient has been identified, including:

a) Documents and Communications concerning the following transfers which were
listed in paragraph 40 of the CCDA Declaration, including, without limitation,
Documents sufficient to identify the recipient of each such transfer and Documents
concerning the purpose of the transfers:

- A withdrawal of $3,644,377.57 on July 11, 2016 out of Scotiabank -5142.
  (CCDA_STAY0000679 – CCDA_STAY0000684.)

- A withdrawal of $375,720.00 on September 9, 2016 out of BPPR - 2306.
  (CCDA_STAY0000646 – CCDA_STAY0000647.)

- A withdrawal of $50,000.00 on April 13, 2017 out of BPPR -2306.
  (CCDA_STAY0000675 – CCDA_STAY0000676.)

- A withdrawal of $50,000.00 on January 13, 2020 out of BPPR -2306.
  (CCDA_STAY0007384 – CCDA_STAY0007387.)

- A withdrawal of $10,607,824.72 on May 10, 2017 out of Scotiabank -5138.
  (CCDA_STAY0009770 – CCDA_STAY0009786.)

- A withdrawal of $12,342,306.14 on January 10, 2020 out of Scotiabank -
  5138. (CCDA_STAY0012669 – CCDA_STAY0012680.)

- A withdrawal of $73,872.55 on April 30, 2019 out of FirstBank -2984.
  (CCDA_STAY0007470 – CCDA_STAY0007471.)

- A withdrawal of $67,926.94 on February 28, 2020 out of FirstBank -2984.
  (CCDA_STAY0014185 – CCDA_STAY0014188.)

- A withdrawal of $423,601.81 on December 13, 2019 out of Scotiabank -5144. (CCDA_STAY0006757 – CCDA_STAY0006763.)

- A withdrawal of $417,620.88 on February 14, 2020 out of Scotiabank -5144. (CCDA_STAY0006772 – CCDA_STAY0006779.)

b) Documents and Communications concerning the following transfers out of GDB -9758, including, without limitation, Documents sufficient to identify the recipient of each such transfer and Documents concerning the purpose of the transfers:

- A withdrawal of $3,500,000 on January 15, 2015. (CCDA_STAY0001694 –CCDA_STAY0001695.)

- A withdrawal of $1,500,000 on April 13, 2015. (CCDA_STAY0001700 – CCDA_STAY0001701.)

- A withdrawal of $1,000,000 on April 13, 2015. (CCDA_STAY0001700 – CCDA_STAY0001701.)

- A withdrawal of $5,000,000 on April 15, 2015. (CCDA_STAY0001700 – CCDA_STAY0001701.)

- A withdrawal of $4,000,000 on July 22, 2015. (CCDA_STAY0000004 – CCDA_STAY0000005.)

- A withdrawal of $2,000,000 on August 14, 2015. (CCDA_STAY0000006 –CCDA_STAY0000009.)

- A withdrawal of $3,100,000 on September 22, 2015. (CCDA_STAY0000010–CCDA_STAY0000013.)

- A withdrawal of $7,000,000 on February 22, 2016. (CCDA_STAY0000036 –CCDA_STAY0000041.)

c) Documents and Communications concerning the $15 million one-time transfer from FirstBank -3961 to BPPR -9458, including, without limitation, Documents sufficient to identify the recipient of such transfer and Documents concerning the purpose of the transfer.

d) Documents concerning any transfers of Pledged Hotel Taxes from the Tourism Company to the Commonwealth since April 2016.

e) Documents and Communications concerning the treatment, discussion, or presentation of the Hotel Taxes in Financial Statements, including, without limitation, (i) workpapers, engagement letters, tie outs, support for Financial Statements; (ii) the meaning of the line items for "Transfers" on pages nine and twelve in the Tourism Company's Financial Statements for the Fiscal Year ended June 30, 2016 (including, without limitation, identification of the transfers, whether

28

any such transfers concerned Hotel Taxes, and the disposition of such transferred funds); and (iii) whether Hotel Taxes were deposited in and/or withdrawn from the General Fund, CILE Puerto Rico 2016 Fund Hotel Development Corporation Fund, Slot Machines Operations Fund, and the Medical Tourism Company Fund listed on pages thirteen through fifteen of the Tourism Company's Financial Statements for the Fiscal Year ended June 30, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to their General Objections, which are incorporated herein by this reference, the Government Entities object to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Government Entities further object to this Request on the ground that its subparts are overbroad and unduly burdensome and beyond the scope of discovery allowed in the CCDA 56(d) Order. Further, subparts (b), (c), (d), and (e) are improper on the ground that they seek discovery that was not authorized under the CCDA 56(d) Order, and subpart (a) is overbroad, unduly burdensome, and beyond the scope of discovery allowed in the CCDA 56(d) Order to the extent it seeks "Documents concerning the purpose of the transfers," rather than limiting the Request to documents identifying "the recipient" of those transfers, as authorized by the CCDA 56(d) Order. The Government Entities also object to the Request on the ground that it seeks information about "any other transfers for which no recipient has been identified," which goes beyond the CCDA 56(d) Order, which stated that "[t]he parties shall meet and confer if CCDA identifies other significant transfers for which no recipient has been identified."

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its own capacity, responds as follows: AAFAF directs Defendants to the information provided in

its March 13, 2020 letter, to the bank account statements, and to the wire transfer histories and transfer orders and resolutions produced in connection with the CCDA Lift Stay Motion.

Subject to and without waiving the foregoing general and specific objections, AAFAF, in its capacity as successor to GDB as fiscal agent, responds as follows: AAFAF, in its capacity as successor to GDB as fiscal agent, will produce documents or information sufficient to evidence the recipient of the transfers identified in paragraph 40 of the CCDA Declaration to the extent such documents were not already provided in connection with the CCDA Lift Stay Motion and may be located in GDB's account-records archive or in GDB's archived file of CCDA-related materials.

Subject to and without waiving the foregoing general and specific objections, Treasury responds as follows: any responsive documents Treasury may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.  Accordingly, Treasury directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, CCDA responds as follows: any responsive documents CCDA may have would be cumulative of documents in the possession, custody, or control of AAFAF, in its capacity as successor to GDB as fiscal agent, and the Tourism Company.  Accordingly, CCDA directs Defendants to the responses of those entities.

Subject to and without waiving the foregoing general and specific objections, the Tourism Company responds as follows: the Tourism Company will produce documents or information sufficient to evidence the recipient of the transfers identified in paragraph 40 of the CCDA Declaration to the extent such documents were not already provided in connection with the CCDA

Lift Stay Motion and may be located in the Tourism Company's possession, custody, or control

pursuant to a reasonably diligent search of centralized files.

Dated: February 22, 2021
      San Juan, Puerto Rico

Respectfully submitted,

**O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi
(Admitted *Pro Hac Vice*)
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
Email: jrapisardi@omm.com

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
Email: pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994
Email: emckeen@omm.com
      apavel@omm.com

*Attorneys for the Government Entities*

## CERTIFICATE OF SERVICE

I hereby certify on February 22, 2021, I caused service on the person(s) listed below by

electronic transmission of the document titled:

**RESPONSES AND OBJECTIONS OF AAFAF (IN ITS OWN CAPACITY AND AS SUCCESSOR TO GDB AS FISCAL AGENT), CCDA, TOURISM, AND TREASURY TO THE SUBPOENAS OF AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, AND THE BANK OF NEW YORK MELLON FOR THE PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE CCDA REVENUE BOND ADVERSARY PROCEEDING**

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
robert.berezin@weil.com
gregory.silbert@weil.com

*Counsel for National Public Finance Guarantee Corporation*

PROSKAUER ROSE, LLP

Ehud Barak, Esq.
Margaret A. Dale, Esq.
Michael T. Mervis, Esq.
Jennifer L. Jones, Esq.
Laura Stafford, Esq.
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
ebarak@proskauer.com
mdale@proskauer.com
mmervis@proskauer.com
jljones@proskauer.com
lstafford@proskauer.com

*Counsel for The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of Unsecured
Creditors*

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony
Thomas J. Curtin
Casey J. Servais
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Email: bill.natbony@cwt.com
thomas.curtin@cwt.com
casey.servais@cwt.com

*Counsel for Assured Guaranty Corp., and
Assured Guaranty Municipal Corp.*

MILBANK LLP

Atara Miller
Grant R. Mainland
John J. Hughes, III
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com

*Counsel for Ambac Assurance Corporation*

REED SMITH LLP

Jared S. Roach
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: jroach@reedsmith.com
*Counsel for The Bank of New York Mellon*

BUTLER SNOW LLP

Martin A. Sosland
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email: martin.sosland@butlersnow.com

James E. Bailey III
Adam M. Langley
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: jeb.bailey@butlersnow.com
adam.langley@butlersnow.com

*Counsel for Financial Guaranty Insurance
Company*

HOGAN LOVELLS US LLP

Ronald J. Silverman
Michael C. Hefter
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
ronald.silverman@hoganlovells.com
michael.hefter@hoganlovells.com

*Counsel for U.S. Bank Trust National
Association, in its Capacity as Trustee to
PRIFA Bondholders*

Dated this 22nd day of February, 2021.

/s/ Ashley M. Pavel
Ashley M. Pavel