# **EXHIBIT H**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>    Plaintiff,<br>    v.<br>AMBAC ASSURANCE CORPORATION, *et al.*,<br>    Defendants. | Adv. Proc. No. 20-00003-LTS |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, TO DEFENDANT AMBAC ASSURANCE CORPORATION'S FIRST SET OF INTERROGATORIES IN CONNECTION WITH PRIFA REVENUE BOND <u>ADVERSARY PROCEEDING</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("<u>PROMESA</u>"), the Financial Oversight and Management Board for Puerto Rico, as Title III representative of the Commonwealth of Puerto Rico (hereinafter collectively, the "<u>Responding Party</u>") hereby responds and objects (the "<u>Responses and Objections</u>") to the First Set of

Interrogatories of Ambac Assurance Corporation ("Ambac") in connection with the PRIFA Revenue Bond Litigation (Adv. Proc. No. 20-00003) (the "Interrogatories" and each an "Interrogatory"), which were served on February 15, 2021.

## PRELIMINARY STATEMENT

These Responses and Objections are based only upon the information currently available to and specifically known as of the date hereof. The Responding Party reserves the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence. The Responding Party has made reasonable efforts to respond to the Interrogatories, to the extent they have not been objected to, as the Responding Party understands and interprets the Interrogatories. If Ambac subsequently asserts a meritorious interpretation of the Interrogatories that differs from the Responding Party's interpretation, the Responding Party reserves the right to supplement these Reponses and Objections.

## GENERAL OBJECTIONS

1. The Responding Party objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent they seek information beyond the information the Court authorized in the *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims*, dated January 20, 2021 [Case No. 20-00003, ECF No. 115] (the "PRIFA 56(d) Order"). The Responding Party further objects to the Interrogatories, and to each and every Interrogatory, to the extent they purport to impose burdens inconsistent with, not otherwise authorized by, or exceeding those

2

required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, together with the PRIFA 56(d) Order, the "Governing Rules"). The Responding Party will construe and respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise. In responding to these Interrogatories, and unless otherwise noted, the Responding Party will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

2. The Responding Party objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent they seek information irrelevant to the parties' claims or defenses applicable to the *Notice of Motion and Motion of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims,* dated April 28, 2020 [Case No. 20-00003, ECF No. 43] (the "PRIFA Summary Judgment Motion"), or proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

3. The Responding Party objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information not in its possession, custody, or control.

4. The Responding Party objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information already provided to Ambac in connection with the *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing the PRIFA*

3

*Rum Tax Bonds*, dated January 31, 2020 [Case No. 17-03283, ECF No. 10602] (the "<u>PRIFA Lift Stay Motion</u>").

5. The Responding Party objects to the Interrogatories, and to each and every Interrogatory, to the extent they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of this adversary proceeding.

6. The Responding Party objects to the Interrogatories, and to each and every Interrogatory, to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive Privilege, the Deliberative Process Privilege, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided. The Responding Party intends to and does assert any and all such privileges with respect to all such information.

7. The Responding Party objects to each Definition, Instruction and Interrogatory to the extent it seeks information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Responding Party's current or former financial advisors. Subject to the Responding Party's other objections herein, if the Responding Party agrees to respond to the Interrogatories, the Responding Party will only do so subject to the applicable Protective Order.

8. To the extent any term defined or used in the Interrogatories is used in responding to the Interrogatories, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

9. Because the Interrogatories seek information concerning topics described in Defendants' Initial Requests for the Production of Documents in Connection with the PRIFA Revenue Bond Adversary Proceeding dated February 8, 2021 (the "Document Requests"), the Responding Party objects to defined terms contained in the Document Requests to the extent they were objected to by Responding Party in its *Responses and Objections of the Financial Oversight and Management Board for Puerto Rico, as Title III Representative of the Commonwealth of Puerto Rico, to Defendants' Initial Document Requests for the Production of Documents in Connection with the PRIFA Revenue Bond Adversary Proceeding*, dated February 22, 2021.

10. The Responding Party objects to the Interrogatories to the extent they exceed the numeric limitation on interrogatories contained in Fed. R. Civ. P. 33(a)(2).

11. The Responding Party objects to the definition of the term "Communication" to the extent it means "oral" transmittal of information, including "any document evidencing the date, participants, subject matter, and consent of any such oral communication," on the grounds it is vague, overly broad, unduly burdensome, and not proportional to the needs of this adversary proceeding, and seeks to impose requirements or obligations beyond the scope of, or different from, those imposed by the Governing Rules.

12. The Responding Party objects to the definition of the term "Identify" because it purports to impose burdens on the Responding Party that differ from or exceed those imposed by the Governing Rules. Subject to its objections and responses herein, the Responding Party will identify Documents by providing information within its possession, custody, or control sufficient

5

to identify such documents (e.g., a Bates number), and to identify Persons by providing information within its possession, custody, or control sufficient to identify such Persons.

13. The Responding Party objects to the definition of the terms "You" and "Your" as overbroad because they encompass individuals and entities without regard to their connection or relevance to this proceeding. In responding to the Interrogatories, the Responding Party will construe "You" and "Your" to mean the Responding Party, as applicable, and their employees reasonably likely to possess information relevant to this proceeding.

14. The Responding Party objects to each and every Instruction to the extent that they require procedures that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. In responding to the Interrogatories, the Responding Party will respond in accordance with the Governing Rules.

15. The Responding Party objects to Instruction No. 9 because it is purports to require discovery beyond the relevant time period allowed in the PRIFA 56(d) Order.

16. These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Interrogatory; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Interrogatory; (c) an acknowledgement that documents or other items responsive to any Interrogatory exist; (d) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

17. The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify each Person likely to have discoverable information, along with the subjects of that information, relating to the topics under the heading "The PRIFA Adversary Proceeding (20-00003)" on pages 7 and 8 of the Rule 56(d) Order, including, without limitation, the topics as described in Defendants' Initial Document Requests for the Production of Documents in Connection with the PRIFA Revenue Bond Adversary Proceeding, dated February 8, 2021. This Interrogatory should be answered without regard to any time period limitation, except to the extent the Rule 56(d) Order articulates a time period limitation with respect to a specific topic.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, incorporated herein by this reference, the Responding Party objects to Interrogatory No. 1 because it is not "limited, targeted, proportional, and efficient discovery," and exceeds both the scope of discovery authorized by the PRIFA 56(d) Order and the time limitations contained therein. *See* Rule 56(d) Order at 6-8. Further, because this Interrogatory seeks information over a period of more than 33 years beginning in October 1987—18 years before the first series of PRIFA Bonds were even issued—it is burdensome, oppressive and not proportional to the needs of this adversary proceeding. By way of example, countless people may have knowledge regarding the documents governing the PRIFA Bonds. To the extent Defendant seeks to require the Responding Party to identify all such likely individuals, the Responding Party objects. The same holds true with respect to people likely to have some knowledge regarding the flow of Rum Tax Remittances or the procedures related thereto. The Responding Party objects to the extent Defendant seeks to require the Responding Party to identify all such individuals.

Subject to and without waiving the foregoing general and specific objections, the Responding Party states that the documents produced in connection with the PRIFA Lift Stay Motion and this adversary proceeding identify individuals with knowledge of the topics listed in the PRIFA 56(d) Order or the categories of the Document Request. Pursuant to Fed. R. Civ. P. 33(d), the Responding Party refers Ambac to those documents. Responding Party is prepared to

7

engage in a meet and confer process in an effort to obtain a better understanding of what is sought through Interrogatory No. 1 and will work in good faith to provide a solution consistent with the dictates of the PRIFA 56(d) Order.

To the extent Defendants' request for names it already has would delay the schedule, through attempted follow-up discovery or otherwise, rather than facilitate the exchange of relevant information, the Responding Party reserves all rights.

**INTERROGATORY NO. 2:**

Identify all Documents or Communications relating to the topics under the heading "The PRIFA Adversary Proceeding (20-00003)" on pages 7 and 8 of the Rule 56(d) Order, including, without limitation, the topics as described in *Defendants' Initial Document Requests for the Production of Documents in Connection with the PRIFA Revenue Bond Adversary Proceeding*, dated February 8, 2021, that You may use to support Your claims or defenses in connection with any summary judgment motion in the above-captioned action. This Interrogatory should be answered without regard to any time period limitation, except to the extent the Rule 56(d) Order articulates a time period limitation with respect to a specific topic.

**RESPONSE TO INTERROGATORY NO. 2:**

Because the Responding Party does not maintain or store documents in a manner that corresponds to Defendants' Document Requests (*e.g.*, "Documents and Communications concerning rum excise tax transfers"), Defendants' request would require a search of a broad range of emails, memoranda, correspondence, and the like. On its face, that request is neither efficient, nor targeted, nor proportional, nor fair, and imposes egregious burdens on Commonwealth employees and expenses.

In addition to its General Objections, incorporated herein by this reference, the Responding Party objects to Interrogatory No. 2 on the ground it seeks to require the Responding Party to identify all documents "related to" the topics listed by the Court in the PRIFA 56(d) Order, or as improperly expanded by Ambac in its requests for production, because such a request is overly broad, not "limited, targeted, proportional, and efficient discovery," and imposes a burden well

8

beyond that permitted by the PRIFA 56(d) Order and is not proportional to needs of this adversary proceeding. The Responding Party further objects to Interrogatory No. 2 to the extent Ambac seeks to require the Responding Party to identify documents it "may use" to support "claims or defenses in connection with any summary judgment motion," on the ground such a request is overly broad, not "limited, targeted, proportional, and efficient discovery," and invades the work product privilege.

Subject to and without waiving the foregoing general and specific objections, the Responding Party has provided declarations and other papers in support of the PRIFA Summary Judgment Motion which attach and reference certain documents. Non-privileged responsive documents have also been produced in the PRIFA Lift Stay proceeding or are being produced in connection with this adversary proceeding by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on its behalf and on behalf of other governmental entities, in response to subpoenas served by Defendants. The Responding Party refers Defendants to AAFAF's responses to those subpoenas with respect to what additional documents will be produced. The Responding Party has made no determination at this time as to what documents it may use to further support the PRIFA Summary Judgment Motion and reserves the right to do so after considering any additional arguments Defendants may choose to make in any supplemental briefing.

**INTERROGATORY NO. 3:**

Describe the nature and location of the Infrastructure Fund and the restrictions placed upon moneys therein, and identify all facts and evidence supporting Your contentions regarding its nature, location, and restrictions.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, incorporated herein by this reference, the Responding Party objects to the phrase "identify all facts and evidence supporting Your contentions regarding its nature, location, and restrictions" to the extent Defendants seek to impose requirements or obligations beyond the scope of, or different from, those imposed by the Governing Rules.

Subject to and without waiving the foregoing general and specific objections, the Responding Party responds as follows:

The Puerto Rico Infrastructure Fund (the "Infrastructure Fund") is described in 3 L.P.R.A. § 1914 of the PRIFA Enabling Act, 3 L.P.R.A. §§ 1901, *et seq.*, and the Trust Agreement. 3 L.P.R.A. § 1914 states in relevant part:

> [T]he first proceeds of the federal excise taxes remitted to the Department of the Treasury of Puerto Rico on each fiscal year, pursuant to Section 7652(a)(3) of the United States Internal Revenue Code of 1986, as amended, for up to a maximum amount of thirty million dollars ($30,000,000),…in the case of Fiscal Years 2006-07 to 2008-09, and in subsequent years until Fiscal Year 2056-57, the participation shall be for an amount of up to one hundred and seventeen million dollars ($117,000,000), which when received by the Department of the Treasury of Puerto Rico, shall be covered into a Special Fund to be maintained by or on behalf of the Authority, designated as the 'Puerto Rico Infrastructure Fund', and be used by the Authority for its corporate purposes, which shall include the development of the infrastructure necessary and convenient for holding the Mayaguez 2010 Central American and Caribbean Games. In case the funds collected from said federal excise taxes are insufficient to cover the amounts herein appropriated, the Secretary of the Treasury is authorized to cover said deficiency with any funds available and the Director of the Office of Management and Budget, at the request of the Puerto Rico Infrastructure Financing Authority shall include for the budget recommended for the corresponding fiscal year the appropriations needed to cover said deficiencies.
>
> The Authority is hereby empowered to segregate a portion of said Funds into one (1) or more sub-accounts, subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico for the payment of the principal and interest on bonds and other obligations of the Authority, or for any other legal purpose of the Authority. The moneys of the Special Fund may be used for the payment of interest and for the amortization of the public debt of the Commonwealth, as provided in said Section 8, only when the other resources available referred to in said Section are insufficient for such purposes.

3 L.P.R.A. § 1914.

> Section 401 of the Trust Agreement states in relevant part:
>
> A special fund is hereby created and designated "Puerto Rico Infrastructure Financing Authority Special Tax Revenue Bonds Sinking Fund" (herein sometimes called the "Sinking Fund") to be held by the Trustee. There are hereby created three separate accounts in the Sinking Fund designated "Bond Service Account", "Redemption Account" and "Reserve Account". Subject to the terms and conditions set forth in this Agreement, moneys held to the credit of the Sinking Fund shall be held in trust and disbursed by the Trustee for the purposes set forth below.
>
> The Authority shall maintain with a Qualified Depositary the Puerto Rico Infrastructure Fund. The Authority shall not pledge or create any liens upon any moneys in the Puerto Rico Infrastructure Fund. . . .

Trust Agreement § 401.

During the period January 1, 2014 until approximately July 1, 2015, the Commonwealth appropriated the first $117 million in Rum Tax Remittances it received from the United States Treasury to PRIFA. The United States Treasury covered the first $117 million in Rum Tax Remittances into the Commonwealth's Treasury Single Account ("TSA"). The Infrastructure Fund is not located in the TSA, nor is it a Commonwealth deposit account.

The $117 million in Rum Tax Remittances in the period described above was appropriated to PRIFA and transferred by the Commonwealth from the TSA to two deposit accounts at the Government Development Bank for Puerto Rico ("GDB")—PRIFA's fiscal agent at the time pursuant to 7 L.P.R.A. § 587. $4 million was transferred to GDB account 0704, and $113 million was transferred to GDB account 1891. GDB Account 1891 was titled "AFI Bond Debt Service" (AFI is PRIFA's Spanish language acronym). GDB account 0704 was an operational deposit account for PRIFA, and the $4 million deposited in GDB account 0704 were transferred for PRIFA's operational purposes. The $113 million deposited in GDB account 1891 was used for purposes of making debt service payments to the bond trustee.

11

PRIFA's 2015 Financial Statement indicates $112,982,883 was transferred from PRIFA's General Fund, and $114,131 from its Capital Projects Fund, to its Debt Service Fund for debt service payments. PRIFA_STAY0000968. PRIFA's General Fund is the general operating fund of the Authority that is used to account for all financial resources, except those required to be accounted for in another fund. PRIFA_STAY0000953. Its Capital Projects Fund accounts for resources used or contributed for the acquisition or construction of capital assets and capital improvements. *Id.* PRIFA's Debt Service Fund accounts for the accumulation of resources for payment of interest and principal on long-term obligations. PRIFA's 2015 Financial Statement indicates, for the year ended June 30, 2015, principal and interest paid on the bonds "amounted to approximately $112 million.

Based on the foregoing, the Infrastructure Fund was the first $117 million in Rum Tax Remittances historically allocated to PRIFA for its corporate purposes and deposited into GDB account 0704 and GDB Account 1891.

Beginning in July 2015, Rum Tax Remittances received from the U.S. Treasury were deposited in the Lockbox Account. The first $117 million in Rum Tax Remittances received each fiscal year was disbursed to a TSA account. After the first $117 million, Rum Tax Remittances received during a fiscal year were disbursed as follows: (i) $5 million for the Science and Technology Trust, (ii) to the Conservation Trust under specified conditions, (iii) a percentage to certain rum producers under agreements with the Commonwealth, and (iv) subject to amounts disbursed to the Conservation Trust under specified conditions, any remainder to a TSA account controlled by the Commonwealth. No Rum Tax Remittances have been transferred to PRIFA at any point after July 2015, except for $4 million of Rum Tax Remittances transferred to PRIFA for operational purposes between August 2015 and May 2016. Lockbox Agreement § 5.

12

## VERIFICATION OF INTERROGATORY RESPONSES

I, Timothy H. Ahlberg, am a Director of Conway Mackenzie, Inc., financial advisor to the Commonwealth of Puerto Rico. I have read the foregoing Responses to Ambac Assurance Corporation's First Set of Interrogatories to the Financial Oversight and Management Board for Puerto Rico, as Title III representative of the Commonwealth of Puerto Rico and know the contents thereof. I am authorized to act as an agent of the Commonwealth of Puerto Rico for the purpose of this verification. The facts stated therein are true to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on March 1, 2021, at Chicago, Illinois.

_____
Timothy H. Ahlberg

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 1, 2021, he caused a true and correct copy of the foregoing to be served via electronic mail on the counsel for Defendants identified below.

*/s/ Lary Alan Rappaport*
Lary Alan Rappaport

**CASELLAS ALCOVER & BURGOS P.S.C.**
Heriberto Burgos Pérez
Ricardo F. Casellas-Sánchez
Diana Pérez-Seda
P.O. Box 364924
San Juan, PR 00936-4924
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
　　　　rcasellas@cabprlaw.com
　　　　dperez@cabprlaw.com

*Attorneys for Assured Guaranty Corp.*
*and Assured Guaranty Municipal Corp.*

**MILBANK LLP**
Dennis F. Dunne
Atara Miller
Grant R. Mainland
John J. Hughes
55 Hudson Yards
New York, New York 10001
Tel.: (212) 530-5000
Fax: (212) 530-5219
Email: ddunne@milbank.com
　　　　amiller@milbank.com
　　　　gmainland@milbank.com
　　　　jhughes2@milbank.com

*Attorneys for Ambac Assurance Corporation*

**FERRAIUOLI LLC**
Roberto Cámara-Fuertes
Sonia Colón
221 Ponce de Leon Ave., 5th Floor
San Juan, PR 00917
Tel.: (787) 766-7000
Fax: (787) 766-7001
E-mail: rcamara@ferraiuoli.com
　　　　scolon@ferraiuoli.com

*Attorneys for Ambac Assurance Corporation*

**REXACH & PICÓ, CSP**
María E. Picó
802 Ave. Fernández Juncos
San Juan PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
E-mail: mpico@rexachpico.com

*Attorneys for Financial Guaranty Insurance Company*

**CADWALADER, WICKERSHAM & TAFT LLP**
Mark C. Ellenberg
William J. Natbony
Thomas J. Curtin
Casey J. Servais
200 Liberty Street
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Email: Howard.hawkins@cwt.com
Mark.ellenberg@cwt.com
Bill.natbony@cwt.com
Casey.servais@cwt.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**RIVERA, TULLA AND FERRER LLC**
Eric A. Tulla
Iris J. Cabrera- Gómez
Rivera Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Telephone: (787) 753-0438
Facsimile: (787) 767-5784
E-mail: etulla@riveratulla.com
icabrera@riveratulla.com

*Attorneys for U.S. Bank Trust National Association, in its Capacity as Trustee to PRIFA Bondholders*

**HOGAN LOVELLS US LLP**
Ronald J. Silverman
Michael C. Hefter
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
E-mail:
Ronald.silverman@hoganlovells.com
Michael.hefter@hoganlovells.com

*Attorneys for U.S. Bank Trust National Association, in its Capacity as Trustee to PRIFA Bondholders*

**BUTLER SNOW LLP**
Martin A. Sosland
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com

James E. Bailey III
Adam M. Langley
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: jeb.bailey@butlersnow.com
adam.langley@butlersnow.cow

*Attorneys for Financial Guaranty Insurance Company*

**PAUL HASTINGS**
Luc A. Despins
G. Alexander Bongartz
200 Park Avenue
New York, New York
Tel: (212) 318 6000
Email: lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

2

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala
Israel Fernández Rodríguez
Juan C. Nieves González
Cristina B. Fernández Niggemann
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
Email: jcasillas@cstlawpr.com
      ifernandez@cstlawpr.com
      jnieves@cstlawpr.com
      cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*