# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO THE COURT'S FEBRUARY 16, 2021 ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation ("Ambac"), the Financial Oversight and Management Board for Puerto Rico (the "Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"),[2] respectfully submit this Joint Status Report pursuant to the Court's order dated February 16, 2021 (ECF No. 15848).[3]

## I. PROCEDURAL BACKGROUND

1. On October 28, 2019, Ambac filed *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 9022) (the "Assets Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9023) (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions").

2. On November 8, 2019, the Government Parties filed the *Urgent Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*

---

[2] Ambac and the Government Parties are collectively referred to as the "Parties."

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's January 22, 2021 Order* (ECF No. 15846) (the "February 15 Joint Status Report").

*Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (ECF No. 9131) (the "Motion to Strike").

3. On January 23, 2020, the Court (Swain, J.) issued a memorandum order denying the Motion to Strike (ECF No. 10332) (the "Memorandum Order"). The Memorandum Order directed the Parties to meet and confer by February 3, 2020 concerning the scope and mechanics of discovery responsive to the Original Rule 2004 Motions. (*Id.* at 9.)

4. On November 12, 2020, following the filing of numerous joint status reports discussing the Parties' meet-and-confer efforts, the Court (Dein, M.J.) denied without prejudice the Original Rule 2004 Motions, stating that "[i]n light of the substantial work the [P]arties have done narrowing the issues and resolving the disputes initially presented in the [Original] Rule 2004 Motions[,] . . . and to avoid confusion of the record," Ambac should file "a new Rule 2004 motion limited to the issues in dispute." (*Order* (ECF No. 15093) at 2 (the "November 12 Order").)

5. On November 20, 2020, Ambac filed its New Cash Rule 2004 Motion,[4] limited to the issues on which the Parties had reached an impasse at that time, pursuant to the November 12 Order, and reserving Ambac's right to seek additional judicial relief in the event Ambac and the Government Parties were to reach an impasse with regard to other cash- and assets-related requests. The New Cash Rule 2004 Motion seeks an order directing the Board to produce certain documents related to the Commonwealth's and the Board's publicly available cash restriction analysis. The New Cash Rule 2004 Motion has been fully briefed and remains *sub judice*.

---

[4] "New Cash Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 15220).

- 2 -

6. On February 4, 2021, Ambac filed its New Assets Rule 2004 Motion,[5] requesting authorization under Bankruptcy Rule 2004 to seek discovery directly from six "prioritized" Commonwealth entities regarding their assets. AAFAF's response to the New Assets Rule 2004 Motion is due by March 5, 2021, and Ambac's reply is due by March 16, 2021. (*Order Setting Briefing Schedule* (ECF No. 15851).)

7. On February 15, 2021, the Parties filed the February 15 Joint Status Report. On February 16, 2021, the Court ordered the Parties to file a further joint status report by March 4, 2021. (*Order* (ECF No. 15848).)

II. **THE PARTIES' PROGRESS SINCE THE PREVIOUS UPDATE TO THE COURT**

8. Since the filing of the February 15 Joint Status Report, the Parties have continued to exchange correspondence [6] and met-and-conferred telephonically on March 2, 2021 (the "March 2 Meet-and-Confer"). The status of the Parties' discussions relating to Ambac's assets- and cash-related requests is as follows:

A. **Status of Assets Requests (Directed Principally to AAFAF)**

9. The Parties continue to negotiate in good faith regarding Ambac's assets-related requests that are unrelated to the New Assets Rule 2004 Motion, though AAFAF and Ambac appear to have reached an impasse on certain issues, as described below.

---

[5] "New Assets Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 15802).

[6] The Parties' positions with regard to each of Ambac's requests since the filing of the February 15 Joint Status Report are memorialized in the following correspondence: (i) Ambac's letter to the Government Parties dated February 25, 2021 (attached hereto as Exhibit A); and (ii) AAFAF's letter to Ambac dated March 4, 2021 (attached hereto as Exhibit B).

- 3 -

1. ***Update Regarding Requests as to Which the Parties Continue to Make Progress.***

10. Since the filing of the February 15 Joint Status Report, AAFAF has continued to investigate the availability of additional documents related to the Prioritized Commonwealth Assets and has advised Ambac that it expects to complete that investigation by the end of this week.

2. ***Update Regarding Requests for Which the Parties Have Reached an Impasse.***

11. The Parties have reached an impasse with regard to Ambac's outstanding requests relating to the Municipal Revenue Collection Center ("CRIM"), including, *inter alia*, requests: (i) relating to statements made in CRIM's fiscal plan and information regarding tax arrears and liens; (ii) for documents and communications related to a 2017 third-party offer to purchase CRIM's tax arrears portfolio for $400 million; (iii) for information and documents concerning CRIM's ongoing effort to value and monetize its tax arrears and liens portfolio in connection with a request for proposals ("RFP") issued by AAFAF and CRIM, including (without limitation) responses submitted by external parties in response to the RFP; and (iv) for documents and communications regarding how the $400 million estimated value of CRIM's accounts receivable portfolio set forth in CRIM's most recent fiscal plan was determined.

12. The Parties have also reached an impasse with regard to Ambac's request for documents relating to the terms of any leases for the Prioritized Commonwealth Assets, including copies of lease agreements for the Prioritized Commonwealth Assets.

13. AAFAF has also indicated that it objects to any attempt by Ambac to seek deposition testimony on the foregoing issues.

14. Ambac reserves all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

### B. Status of Cash Requests (Directed Principally to the Board)

15. The Parties continue to negotiate in good faith regarding Ambac's cash-related requests that are unrelated to the New Cash Rule 2004 Motion.[7]

16. As noted in the February 15 Joint Status Report, the Government Parties agreed to investigate whether a more up-to-date version of the "Inventory of Central Government's Bank Accounts" referenced in the Amended Disclosure Statement[8] is available. The Government Parties have identified a responsive document and will produce it to Ambac.

17. Additionally, the Board has advised that: (i) it will produce factual source materials and raw data underlying the December 2020 Presentation, including documents related to $3.8 billion in CARES Act funds that have been classified as restricted, to the extent any exist, and the documents will be categorized by account when produced; (ii) it continues to investigate Ambac's questions regarding the relationship between the December 2020 Presentation and the presentation titled *Section 209 Requirements for Termination of the Oversight Board*, distributed in connection with the Board's October 30, 2020 public meeting, as well as the availability of calculation back-up documents related to the Amended Disclosure Statement; (iii) it is in the process of creating the account mapping "key" discussed in the February 15 Joint Status Report; and (iv) it anticipates publishing an updated cash restriction analysis in connection with the proposed plan of adjustment that is due on March 8, 2021 (*see Order*, ECF No. 15849), and it will

---

[7] As noted in the February 15 Joint Status Report, the Parties previously reached an impasse regarding Ambac's request that the Board produce notations that the Board's advisors had applied to certain factual source materials and raw data underlying the Duff & Phelps Report and the October 2019 Presentations, which were removed from the documents by the Board prior to production. The Parties have no further updates on that issue at this time.

[8] "Amended Disclosure Statement" refers to the *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 11947).

produce factual source materials and raw data underlying that updated cash restriction analysis, and calculation back-up documents related thereto.

18. Finally, the Board has agreed to consider the additional requests in Ambac's February 25, 2021 letter.

### III. PROPOSED NEXT STEPS

19. The Parties have agreed to continue to meet and confer regarding Ambac's assets- and cash-related requests that are unrelated to the New Rule 2004 Motions, and would propose to have an additional meet-and-confer no later than March 24, 2021 and to submit a further status report to the Court no later than March 26, 2021.

| | |
|---|---|
| Dated: March 4, 2021<br>San Juan, Puerto Rico | **FERRAIUOLI LLC**<br><br>By: /s/ *Roberto Cámara-Fuertes*<br>Roberto Cámara-Fuertes (USDC-PR No. 219002)<br>Sonia Colón (USDC-PR No. 213809)<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917<br>Telephone: (787) 766-7000<br>Facsimile: (787) 766-7001<br>Email: rcamara@ferraiuoli.com<br>scolon@ferraiuoli.com<br><br>**MILBANK LLP**<br><br>By: /s/ *Atara Miller*<br>Dennis F. Dunne (admitted *pro hac vice*)<br>Atara Miller (admitted *pro hac vice*)<br>Grant R. Mainland (admitted *pro hac vice*)<br>John J. Hughes, III (admitted *pro hac vice*)<br>Jonathan Ohring (admitted *pro hac vice*)<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>Email: ddunne@milbank.com<br>amiller@milbank.com<br>gmainland@milbank.com<br>jhughes2@milbank.com<br>johring@milbank.com<br><br>***Attorneys for Ambac Assurance Corporation*** |

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **O'MELVENY & MYERS LLP** |
| By: /s/ *Martin J. Bienenstock* | By: /s/ *Peter Friedman* |
| Martin J. Bienenstock | John J. Rapisardi |
| Margaret A. Dale | Times Square |
| Michael T. Mervis | New York, NY 10036 |
| Julia D. Alonzo | Tel: (212) 326-2000 |
| Laura Stafford | Fax: (212) 326-2061 |
| (Admitted *Pro Hac Vice*) | Email: jrapisardi@omm.com |
| Eleven Times Square | |
| New York, NY 10036 | -and- |
| Tel: (212) 969-3000 | |
| Fax: (212) 969-2900 | Peter Friedman |
| | 1625 Eye Street, NW |
| **O'NEILL & BORGES LLC** | Washington, DC 20006 |
| | Tel: (202) 383-5300 |
| By: /s/ *Hermann D. Bauer* | Fax: (202) 383-5414 |
| Hermann D. Bauer (USDC No. 215205) | Email: pfriedman@omm.com |
| 250 Muñoz Rivera Ave., Suite 800 | |
| San Juan, PR 00918-1813 | -and- |
| Tel: (787) 764-8181 | |
| Fax: (787) 753-8944 | Elizabeth L. McKeen |
| | Ashley M. Pavel |
| ***Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth*** | 610 Newport Center Drive |
| | 17th Floor |
| | Newport Beach, California 92660 |
| | Tel: (949) 823-6900 |
| | Fax: (949) 823-6994 |
| | Email: emckeen@omm.com |
| | apavel@omm.com |
| | |
| | **MARINI PIETRANTONI MUÑIZ LLC** |
| | |
| | By: /s/ *Luis C. Marini-Biaggi* |
| | Luis C. Marini-Biaggi |
| | USDC No. 222301 |
| | Email: lmarini@mpmlawpr.com |
| | Carolina Velaz-Rivero |
| | USDC No. 300913 |
| | 250 Ponce de León Ave. |
| | Suite 900 |
| | San Juan, Puerto Rico 00918 |
| | Tel: (787) 705-2173 |
| | Fax: (787) 936-7494 |
| | lmarini@mpmlawpr.com |
| | cvelaz@mpmlawpr.com |

- 8 -

- 9 -

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com