Hearing Date: April 28, 2021 at 9:30 AM (Atlantic Standard Time)
Response Deadline: April 14, 2021 at 4:00 PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### THREE HUNDRED SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred sixth omnibus

objection (the "Three Hundred Sixth Omnibus Objection") to the duplicative proofs of claim listed

on **Exhibit A** hereto, and in support of the Three Hundred Sixth Omnibus Objection, respectfully

represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21,

2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections

104(j) and 206 and filed a voluntary petition for relief for the Puerto Rico Highways and

Transportation Authority ("HTA") pursuant to PROMESA section 304(a), commencing a case

under Title III thereof (the "HTA Title III Case," and together with the Commonwealth Title III

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Case, the "Title III Cases").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][4] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.       Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5.       To date, approximately 179,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.       Of the proofs of claim filed, approximately 115,000 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable,

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

[4]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 12 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), and/or the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date, approximately 56,000 claims asserting $43 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

10.     This Three Hundred Sixth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

11.     The Amended Omnibus Objection Procedures allow the Debtor to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.     The Three Hundred Sixth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, claims that are substantively duplicative of other proofs of claim filed in the Title III Cases.

13.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (each a "Claim to Be Disallowed," and collectively, the "Claims to Be

Disallowed") assert the same liabilities as the claim identified in the column titled "Remaining Claims," which is a master claim filed against HTA on behalf of all plaintiffs in a litigation pending against HTA (the "Master Claim").  The Master Claim and the Claims to Be Disallowed all assert liabilities associated with the litigation captioned *José E. García Morales, et al. v. HTA*, No. 2016-04-1117 (the "Litigation"), which is currently pending before the Comisión Apelativa del Servicio Público, or CASP.   The Litigation was brought on behalf of certain HTA employees who worked for HTA between December 1, 2013 and May 31, 2014.  The complaint in the Litigation asserts that each plaintiff is an HTA career employee who was entitled to receive a Christmas bonus in December 2014 in the amount of $1,000.  As a result of Law 66-2014, however, HTA only paid plaintiffs Christmas bonuses in the amount of $600.  The Litigation asserts that each plaintiff is owed an additional $400 in respect of 2014 Christmas bonuses.

14.     The Master Claim, which was filed by Jesus R. Morales Cordero, the attorney representing the plaintiffs in the Litigation, was filed on behalf of "all creditors listed in attachment who are appellants in case *José García Morales, et al. v. HTA*, No. 2016-04-1117."  Further, the Master Claims asserts as a basis "claims prosecuted in Case No. 2016-04-1117 at the Public Service Appeals Commission [CASP, by its Spanish acronym] in case *José García Morales, et al. v. HTA* claiming unpaid balance of Christmas bonus owed to all creditors by HTA."  As supporting documentation, the Master Claim attaches, *inter alia*, a chart identifying each of the plaintiffs in the Litigation, as well as the claim numbers for any claims filed by those plaintiffs on the register maintained by the United States Bankruptcy Court for the District of Puerto Rico.

15.     Each of the Claims to Be Disallowed was filed by one of the plaintiffs in the Litigation, as identified in the chart attached to the Master Claim, and asserts $400 in liabilities against the Commonwealth arising out of Case No. 2016-04-1117.  Additionally, each of the

Claims to Be Disallowed consists only of a copy of a document titled *Apelación*, which was filed with the CASP on April 7, 2016, and which sets forth the bases on which the claimants in Case No. 2016-04-1117 allege they are owed an additional $400 for their 2014 Christmas bonus. None of the Claims to Be Disallowed contains any additional information or any additional bases for their claims.

16.     Accordingly, each of the Claims to Be Disallowed are duplicative of the Master Claim.[5]  Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery to the detriment of other stakeholders in these Title III Cases.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims, because the liabilities associated with each of the Claims to Be Disallowed are subsumed within the liabilities asserted by the Master Claim, as set forth in **Exhibit A** hereto.  Because this Three Hundred Sixth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Master Claim, the Debtor reserves its right to object to the Master Claim on any other grounds whatsoever.

17.     In support of the foregoing, the Debtor relies on the *Declaration of Jay Herriman in Support of the Three Hundred Sixth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Litigation Claims*, dated March 12, 2021, attached hereto as **Exhibit B**.

---

[5] Although each of the Claims to Be Disallowed were recorded by Prime Clerk as being asserted against the Commonwealth, none of the claims specifically identify the Commonwealth, HTA, or any other debtor, and the Claims to Be Disallowed do not provide any basis for asserting a claim against the Commonwealth in respect of litigation filed against HTA.

## NOTICE

18.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtor has provided notice of this Three Hundred Sixth Omnibus Objection to (a) the individual creditors subject to this Three Hundred Sixth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1]), which is available on the Debtor's case website at https://cases.primeclerk.com/puertorico.   A copy of the notice for this Three Hundred Sixth Omnibus Objection is attached hereto as **Exhibit C**.   Spanish translations of the Three Hundred Sixth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.   The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19.     No prior request for the relief sought in this Three Hundred Sixth Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtor respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtor such other and further relief as is just.

Dated: March 12, 2021
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico*

# **EXHIBIT A**

**Schedule of Claims Subject to the Three Hundred Sixth Omnibus Objection**

**<u>EXHIBIT B</u>**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THREE HUNDRED SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

2.      In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Commonwealth's case filed pursuant to PROMESA.  The Commonwealth's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor").

3.      I submit this declaration in support of the *Three Hundred Sixth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* (the "Three Hundred Sixth Omnibus Objection").  I have personally reviewed the Three Hundred Sixth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4.      In preparation for filing the Three Hundred Sixth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Sixth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.  These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Three Hundred Sixth Omnibus Objection.

5.      To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Three Hundred Sixth Omnibus Objection in the column titled "Claims to be Disallowed" (each a "Claim to Be Disallowed," collectively, the "Claims to Be Disallowed") assert the same liabilities as the master litigation claim identified in the column titled "Remaining Claims" (the "Master Claim").  The Master Claim and the Claims to Be Disallowed all assert the litigation *José García Morales et al. v. HTA*, No. 2016-04-1117 (the "Litigation") as the basis for the liabilities asserted therein.  The Master Claim was filed on behalf of all plaintiffs in the Litigation by the

2

plaintiffs' attorney, and contains a chart identifying, by name and claim number, each plaintiff in the Litigation.

6.      Each of the claimants associated with the Claims to Be Disallowed have been identified as plaintiffs in the Litigation, as identified by the chart attached to the Master Claim. Additionally, each Claim to Be Disallowed asserts only the liabilities asserted in the Litigation, and does not contain any additional documentation or assert any additional bases for the claim. The Claims to Be Disallowed, therefore, only assert liabilities based on the Litigation.  Because each of the Claims to Be Disallowed is duplicative of the Master Claim, the Debtor requests that the duplicative claims be disallowed in their entirety to prevent multiple recoveries by the claimants.

7.      Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Three Hundred Sixth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtor and its creditors.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Dated: March 12, 2021

                                        By:     /s/ Jay Herriman
                                                Jay Herriman

# EXHIBIT C

**Notice**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | **This filing relates to the**<br>**Commonwealth.** |
| Debtors. | |

**NOTICE OF THE THREE HUNDRED SIXTH OMNIBUS**
**OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO**
**TO DUPLICATE LITIGATION CLAIMS**

**IF YOUR CLAIM IS LISTED ON <u>EXHIBIT A</u> TO THE OMNIBUS OBJECTION, IT IS LISTED BECAUSE THE ATTORNEY REPRESENTING YOU IN THE LITIGATION UNDERLYING YOUR PROOF OF CLAIM HAS FILED A PROOF OF CLAIM ON BEHALF OF ALL PLAINTIFFS IN SUCH LITIGATION, INCLUDING YOU.**

**YOU DO NOT HAVE TO FILE A RESPONSE TO THE OMNIBUS OBJECTION IN ORDER TO PROTECT YOUR RIGHTS WITH RESPECT TO THE LITIGATION. THE OMNIBUS OBJECTION WILL PRESERVE YOUR CLAIM, AS ASSERTED BY THE ATTORNEY REPRESENTING YOU IN THE LITIGATION ON BEHALF OF YOU, FOR DETERMINATION AT A LATER DATE AND YOU OR YOUR ATTORNEY WILL RECEIVE NOTICE OF ANY FURTHER PROCEEDINGS.**

**THE OMNIBUS OBJECTION SEEKS TO ALTER YOUR RIGHTS WITH RESPECT TO THE CLAIMS TO BE DISALLOWED, AS LISTED ON <u>EXHIBIT A</u>. ANY CLAIM THAT IS DISALLOWED WILL BE TREATED AS THOUGHT IT WERE NEVER FILED.**

**IF YOUR CLAIM IS LISTED ON <u>EXHIBIT A</u>, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

      **PLEASE TAKE NOTICE THAT**, on March 12, 2021, the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>," or the "<u>Debtor</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the Commonwealth's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

*Economic Stability Act* ("PROMESA"),[1] filed the *Three Hundred Sixth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* (the "Omnibus Objection") with the United States District Court for the District of Puerto Rico (the "Court").[2]

---

### OVERVIEW

- **PLEASE CHECK IF YOUR CLAIM(S) IS/ARE LISTED ON EXHIBIT A TO THE OMNIBUS OBJECTION.**

- **If your claim(s) is/are NOT listed on Exhibit A, your claim will not be affected by the Omnibus Objection, and you DO NOT have to do anything.**

- If your claim(s) is/are listed as "Claims to be Disallowed" on **Exhibit A** to the Omnibus Objection, the Commonwealth is seeking to disallow your initial claim(s) because your claim(s) assert the same liabilities as the claim(s) listed under "Remaining Claims" on Exhibit A to the Omnibus Objection.

- **The Omnibus Objection WILL NOT affect your claim(s) listed under "Remaining Claims" in Exhibit A to the Omnibus Objection (each a "Remaining Claim").  You will retain your Remaining Claim against the Commonwealth, as identified in Exhibit A to the Omnibus Objection.**

- THE OMNIBUS OBJECTION SEEKS TO ALTER YOUR RIGHTS AS TO ANY CLAIM LISTED IN THE COLUMN TITLED CLAIMS TO BE DISALLOWED. ANY CLAIM THAT IS DISALLOWED WILL BE TREATED AS THOUGH IT WERE NEVER FILED.

- YOU SHOULD READ THIS NOTICE AND THE OMNIBUS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

- Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.

- **If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

---

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

---

[1]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[2]  Capitalized terms used but not defined herein shall have the meanings set forth in the Omnibus Objection.

---

**IMPORTANT NOTICE PURSUANT TO LOCAL RULE 3007-1**

Any party against whom this Omnibus Objection has been served, or any other party to the action who objects to the relief sought herein, shall serve and file a response to the Omnibus Objection with the clerk's office of the United States District Court for the District of Puerto Rico by **4:00 p.m. (Atlantic Standard Time)** on **April 14, 2021** unless otherwise extended, in writing, by the Debtor.  If no response is filed within the time allowed herein, the Omnibus Objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.  If you file a timely response, the Court may schedule a hearing.

---

## Critical Information for Claimants Choosing to File a Response

**Who is Required to File a Response**.  Any party who disputes the Omnibus Objection is required to file a response in accordance with the procedures set forth herein.  If a party whose claim is subject to the Omnibus Objection does not file and serve a response in compliance with the procedures herein, the Court may grant the Omnibus Objection with respect to such claim without further notice to the claimant.

**Who is NOT Required to File a Response.**  If you do not oppose the relief sought in the Omnibus Objection, then you do not need to file a written response to the Omnibus Objection and you do not need to appear at the hearing on the Omnibus Objection (described below).  Additionally, the Omnibus Objection only applies to the claims listed on Exhibit A to the Omnibus Objection, a copy of which is available free online at https://cases.primeclerk.com/puertorico.  **If your claim is not listed on Exhibit A to the Omnibus Objection, no response is required.**

**Deadline for Filing a Response**.  Your response will be deemed timely **only if** it is filed with the Court **and** served by **4:00 p.m. (Atlantic Standard Time)** on **April 14, 2021**, unless otherwise extended, in writing, by the Commonwealth, or upon written request to the Court and order of the Court extending the deadline.

---

**The deadline for filing and serving a response is
4:00 p.m. (Atlantic Standard Time) on April 14, 2021.**

---

**Hearing on the Omnibus Objection**.  If a response is properly filed and served in accordance with this notice, a hearing on the Omnibus Objection and the response will be held at **9:30 a.m. (Atlantic Standard Time) on April 28, 2021**, before The Honorable Laura Taylor Swain at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767.  If you file a response to the Omnibus Objection, then you should plan to appear at the hearing on the Omnibus Objection.  The Commonwealth, however, reserves the right, on three (3) business days' notice, to adjourn the hearing with respect to the Omnibus Objection and the response.

The Commonwealth may file a reply to your response or reply in oral argument at the hearing.  The Commonwealth is permitted to file its reply no later than seven (7) calendar days before the hearing on the Omnibus Objection and the response.

> **THE COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED <u>AND</u> SERVED BY THE RESPONSE DEADLINE IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH IN THIS NOTICE.**

**What to File with a Response**.  Your response to the Omnibus Objection <u>must</u> contain the following information.

(i) **Contact Information**.  The response must include a **name**, **address**, **telephone number**, and **email address** of either (1) the responding claimant; (2) the claimant's attorney or designated representative to whom the attorneys for the Debtor should serve a reply to the response, if any; or (3) the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

(ii) **Caption**.  The response must contain a caption stating the name of the Court, the names of the Debtors, the case number, the title of the Omnibus Objection to which the response is directed, and the proof of claim number(s) related thereto from Prime Clerk (which are listed on <u>Exhibit A</u> to the Omnibus Objection and available free online at https://cases.primeclerk.com/puertorico).

(iii) **Reason(s) for Opposing the Omnibus Objection**.  The response must contain a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to your Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection.

(iv) **Supporting Documentation**.  To the extent not already included with the proof of claim, the response should include a copy of any other documentation or other evidence of the claim, upon which the claimant will rely in opposing the Omnibus Objection; <u>provided</u>, <u>however</u>, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the response; and <u>provided</u>, <u>further</u>, that the claimant shall disclose to the Commonwealth all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints.

(v) **Signature**.  You must sign your response.  If you do not sign your response, the clerk will not accept it for filing.

**IMPORTANT NOTICE REGARDING SENSITIVE INFORMATION CONTAINED IN A RESPONSE.**

All materials submitted to the Court in response to the Omnibus Objection may be publicly filed and accessible to any member of the public.  Therefore, the response should **not include** sensitive documents or information, such as copies of driver's licenses, passports, birth certificates, Social Security cards, sensitive medical information or

confidential business information. Sensitive information submitted to the Court in response to the Omnibus Objection must adhere to the following guidelines:

- Social Security numbers and taxpayer identification numbers should be redacted (that is, blacked out), except for their last four digits.

- Birthdays should be redacted, except for the year of an individual's birth.

- The name of any individual known to be a minor should be redacted, except for that person's initials.

- Financial account numbers should be redacted, except for their last four digits.

Any such sensitive or confidential information upon which a claimant relies in support of its claim must be provided directly to counsel for the Debtor, and will be kept confidential. You may provide this information by mailing it to the following address:

> Counsel for the Oversight Board
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036-8299
> Attn: Martin J. Bienenstock
> Brian S. Rosen

**Where and How to File and Serve a Response**. Every response should be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS. There are two methods that you can use to file your response:

1. **Online**. Registered users of the Court's case filing system must file their response electronically in searchable portable document format.

2. **By Mail**. If you are not an attorney who is a registered user of the Court's case filing system, you may file and serve a response by mailing it to the Court's Clerk's office, the Oversight Board, and the Creditors' Committee at the following addresses:

> Clerk's Office
> United States District Court
> Room 150 Federal Building
> San Juan, Puerto Rico 00918-1767
>
> Counsel for the Oversight Board
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036-8299
> Attn: Martin J. Bienenstock
> Brian S. Rosen

Counsel for the Creditors' Committee
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc A. Despins
James Bliss
James Worthington
G. Alexander Bongartz

YOUR RESPONSE must be mailed so as to be received by the Clerk's Office, the Oversight Board, and the Creditors' Committee no later than **4:00 p.m. (Atlantic Standard Time) on April 14, 2021**, unless otherwise extended by the Commonwealth, in writing, or upon a written request to the Court and order of the Court extending the deadline.

In the event that you are unable to file and serve a response online or by mail as specified above, you may file a response in person at the following address by no later than **4:00 p.m. (Atlantic Standard Time) on April 14, 2021**, unless otherwise extended by the Debtor, in writing, or upon a written request to the Court and order of the Court extending the deadline:

Clerk's Office
United States District Court
#150 Chardon Avenue
Federal Building
San Juan, Puerto Rico 00918

A certificate of service should be included with your response explaining how service was accomplished.

If you have any questions about filing and serving a response, including questions about the Court's case filing system, please contact the **Prime Clerk hotline** at **(844) 822-9231**.

**Reservation of Rights**. NOTHING IN THE OMNIBUS OBJECTION OR THIS NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE COMMONWEALTH, COFINA, HTA, ERS, PREPA, PBA, OR ANY OTHER PARTY IN INTEREST IN THE TITLE III CASES TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, OR DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

**Additional Resources and Who to Contact with Questions**

All documents filed in the Title III Cases, including copies of claims filed using CM/ECF, are available free online at https://cases.primeclerk.com/puertorico. This website is maintained by Prime Clerk and includes a searchable database to assist with locating documents.

If you require additional information regarding the Omnibus Objection, the status of your response, your claim, or this notice, please contact the Prime Clerk hotline at **(844) 822-9231** (toll free for U.S. and Puerto Rico) or **(646) 486-7944** (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available). Inquiries may also be sent via email to puertoricoinfo@primeclerk.com.

# **EXHIBIT D**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## ORDER GRANTING THREE HUNDRED SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE LITIGATION CLAIMS

Upon the *Three Hundred Sixth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Litigation Claims* ("Three Hundred Sixth Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor"), dated March 12, 2021, for entry of an order disallowing in their entirety certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Sixth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Sixth Omnibus Objection.

Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Claims to be Disallowed" in <u>Exhibit A</u> to the Three Hundred Sixth Omnibus Objection (collectively, the "<u>Claims to Be Disallowed</u>") being duplicative of the claims identified in the column titled "Remaining Claims" in <u>Exhibit A</u> (collectively, the "<u>Remaining Claims</u>"); and the Court having determined that the relief sought in the Three Hundred Sixth Omnibus Objection is in the best interest of the Debtor, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Sixth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Three Hundred Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that the Debtor's right to object to the Remaining Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to designate the Claims to Be Disallowed as expunged on the official claims register in the Title III Cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

## **ANEXO B**

**Declaración de Jay Herriman**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

     como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,

                     Deudores.[1]

PROMESA
Título III

Núm. 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con el ELA.**

---

## DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA SEXTA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DUPLICADAS POR LITIGIOS

Yo, Jay Herriman, de conformidad con el título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

1.     Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores radicados conforme a la *Ley para la Supervisión, Administración y*

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático)

*Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.      En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del ELA radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del ELA implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3.      Realizo esta declaración en apoyo de la *Tricentésima sexta objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Duplicadas por Litigios* (la "Tricentésima sexta objeción global"). He revisado personalmente la Tricentésima sexta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4.      Durante el proceso de preparación para radicar la Tricentésima sexta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima sexta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el Anexo A de la Tricentésima sexta objeción global.

5.      A mi fiel saber y entender, las reclamaciones identificadas en el Anexo A de la Tricentésima sexta objeción global en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación que ha de ser rechazada" y conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades que las

2

contenidas en la reclamación principal por litigio identificada en la columna titulada "Reclamaciones Restantes" (la "Reclamación Principal"). La Reclamación Principal y las Reclamaciones que han de ser rechazadas invocan el litigio *José García Morales et al. c. la ACT*, núm. 2016-04-1117 (el "Litigio") como la base para alegar las responsabilidades contenidas en dichas Reclamaciones. La Reclamación Principal fue radicada en nombre de todos los demandantes en el Litigio por los abogados de los demandantes, y contiene una gráfica que identifica, por nombre y número de reclamación, a cada uno de los demandantes en el Litigio.

6.      Los reclamantes vinculados con las Reclamaciones que han de ser rechazadas han sido identificados como demandantes en el Litigio, según se identifica en la gráfica adjunta a la Reclamación Principal. Además, cada una de las Reclamaciones que han de ser rechazadas solo alega las responsabilidades reclamadas en el Litigio y no contiene ninguna documentación adicional ni invoca base adicional alguna para la reclamación. En consecuencia, las Reclamaciones que han de ser rechazadas solo alegan responsabilidades basadas en el Litigio. Puesto que cada Reclamación que ha de ser rechazada está duplicada con respecto a la Reclamación Principal, el Deudor solicita que las reclamaciones duplicadas sean rechazadas en su totalidad para evitar recuperaciones múltiples por parte de los reclamantes.

7.      Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Tricentésima sexta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del Deudor y de sus acreedores.

8.      Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 12 de marzo de 2021

Por:     [*Firma en la versión en inglés*]
         Jay Herriman

3