Hearing Date: **April 28, 2021, at 9:30AM (Atlantic Standard Time)**
Response Deadline: **April 24, 2021, at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

---

**THREE HUNDRED SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS THAT ARE DEFICIENT AND BASED ON INVESTMENTS IN MUTUAL FUNDS**

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtors"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred seventh omnibus objection (the "Three Hundred Seventh Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which purports to be based, in whole or in part, on one or more investments in mutual funds, which in turn may have invested in bonds issued by the Commonwealth, and thus the Commonwealth is not liable because the claims based on mutual funds are derivative and the claimants lack standing to assert the claim against the Commonwealth. Additionally, each of the proofs of claim listed on **Exhibit A** hereto are deficient because they fail to provide sufficient information to enable the Debtors to reconcile the proofs of claim. In support of the Three Hundred Seventh Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

5.      To date, approximately 179,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.      Of the proofs of claim filed, approximately 115,000 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

7.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy*

*Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 12 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico

Electric Power Authority ("PREPA") and/or Employees Retirement System of the Government of

the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date,

approximately 56,000 claims asserting $43 trillion in liability against the Commonwealth,

COFINA, HTA, and ERS have been disallowed and will be expunged from the claims registry in

the Title III proceedings upon entry of final orders.

10.     This Three Hundred Seventh Omnibus Objection is filed in accordance with the

Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an

omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of

Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the

Amended Omnibus Objection Procedures.

12.     The Three Hundred Seventh Omnibus Objection seeks to disallow, in accordance

with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection

Procedures, in whole or in part, the proofs of claim listed on **Exhibit A** hereto (collectively, the

"Deficient Bond Claims" or "Claims to Be Disallowed").  In each of the Deficient Bond Claims,

the proof of claim, in whole or in part, purports to assert liabilities arising out of "bonds," "funds,"

"IRA," or other similar terms purporting to assert liabilities associated with investments in bonds

issued by the Commonwealth of Puerto Rico or one of its instrumentalities, but failed to provide

information necessary to enable the Debtors to reconcile the claims, such as the CUSIP numbers

or amounts of the specific bonds claimants intended to assert.  Further, each of the Claims to Be

Disallowed provided as supporting documentation a copy of a brokerage account statement;

however, the Claimant did not identify which investments held in the brokerage account Claimant

intended to assert.

13.     Upon a reasonable review of the brokerage account statement for investments related to Puerto Rico bonds, the Debtors were able to identify investments in mutual funds, which in turn may have invested in bonds issued by the Commonwealth of Puerto Rico.  However, the mutual fund investments listed in the brokerage account statement did not match the amounts listed in the Claimant's proof of claim.

14.     On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim."  Authorized Mailings Order, ¶ 3.

15.     Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient."  *Id*.

16.     In accordance with the Authorized Mailings Order, the Debtors have sent at least one letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order, to each claimant subject to this Three Hundred Seventh Omnibus Objection (the "Mailing").  Each Mailing provided, in relevant part:

> Additional information is required in order for the Debtors to continue with assessing your claim. The Debtors are unable to determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors.  In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim.  The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to

6

> assert, so please provide more detail and do not simply copy over
> the same information.

*See* ECF No. 8453-1 at 2, 7.

17.    The Mailings received by the claimants subject to this Three Hundred Seventh

Omnibus Objection directed the claimants to respond no later than May 22, 2020 (depending on

the date each Mailing was sent).  *See id*.  Furthermore, the Mailings cautioned the Claimants that

"[i]f you do not respond to this request and do not provide the requested information and

documentation in support of your claim, the Debtors may be forced to object to your claim."  *Id*.

18.    Each of the Claimants identified in **Exhibit A** either failed to respond to the

Mailings, or submitted a response that still did not contain information necessary to enable the

Debtors to reconcile the claim. Accordingly, based upon the Debtors' review of the documentation

submitted with the proofs of claim or with the Mailings, the Debtors understand the Claims to Be

Disallowed assert, in whole or in part, investments in mutual funds, each of which may, in turn,

have invested in bonds issued by the Commonwealth.

19.    Claims that are "unenforceable against the debtor and property of the debtor, under

any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  A claimant bears

the burden of establishing standing to file a proof of claim.  *In re Minbatiwalla*, 424 B.R. 104, 111

(Bankr. S.D.N.Y. 2010).  It is well established that only a creditor or the creditor's authorized

agent has standing to assert a claim.  Fed. R. Bankr. P. 3001(b); 11 U.S.C. §§ 501(a) ("A creditor

or an indenture trustee may file a proof of claim."); *In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir.

2008) ("Only a creditor or indenture trustee may file a proof of claim.").  Parties with merely

derivative interests lack standing to assert a claim against a debtor's estate. *Matter of Goldman*,

82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (finding party with "relationship with Debtor [that] is

not direct, but rather derivative" was "a stranger to Debtor's bankruptcy proceedings," with "no

claim against the estate's assets," and "as a general rule has no standing in Debtor's bankruptcy proceedings"); *see also In re Tower Park Properties, LLC*, 803 F.3d 450, 462-63 (9th Cir. 2015) (holding a trust beneficiary was not a party in interest); *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007) ("To the extent that the rights of a party in interest are asserted, those rights must be asserted by the party in interest, not someone else."); *In re Lopez*, 446 B.R. 12, 17 (Bankr. D. Mass. 2011) (to establish oneself as a party in interest "the moving party must be asserting its own rights and not those belonging to or derivative of a third party"); *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008) (recognizing the "general principle that 'party in interest standing does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding'" (quoting *In re Refco*, 505 F.3d at 115 n. 10)).

20.     Each of the Deficient Bond Claims assert, in whole or in part, that the associated claimant is a purported investor in one or more mutual funds that in turn may have invested in bonds issued by the Commonwealth.  "A creditor, under the [Bankruptcy] Code, is one who has a claim *against the debtor* or the estate," rather than "a creditor of one of the debtor's creditors."  *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997).  Because, at most, the Deficient Bond Claims were filed based on the claimant's status as an alleged creditor of an alleged creditor of the Commonwealth, the Deficient Bond Claims were not filed by an actual creditor of the Commonwealth.  *See In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (holding receiver lacked standing to file a proof of claim because it was not a creditor or an authorized agent of a creditor).  Instead, the Deficient Bond Claims assert liabilities that are derivative of claims that must be asserted by the mutual funds directly for any claimed recovery to be considered by the Court.  *See Matter of Goldman*, 82 B.R. at 896 (finding party with "derivative" relationship has "no claim against the estate's asset" and "as a general rule has no standing in Debtor's

8

bankruptcy proceedings"). Moreover, it is unknown whether the mutual funds still retain ownership of the suspect bonds.

21.     Indeed, under nearly identical circumstances, this Court previously disallowed claims filed against COFINA and the Commonwealth by investors in mutual funds that in turn allegedly invested in COFINA bonds for "lack of an individual interest in COFINA securities." *See, e.g.*, *Tr. of Mar. 13, 2019 Hr'g Before the Hon. Laura Taylor Swain* [ECF No. 5969], at 64:01-10 ("THE COURT: So just so that I understand, his documentation shows that he is a mutual fund investor. To the extent any of those mutual funds actually holds COFINA bonds, the mutual fund would be the appropriate claimant, and so he has provided no evidence of a valid direct claim as against COFINA? MS. STAFFORD: Correct, your Honor. THE COURT: The objection to the claim is sustained and the claim is disallowed for lack of an individual interest in COFINA securities."); *Order Granting Sixty-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 9099]; *Memorandum Order Denying Motion to Alter or Amend Order Sustaining Objection (Dkt. 8297) to Claims No. 152470 & No. 152283* [ECF No. 9121]; *Order Granting Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of Puerto Rico to Claims Based on Investments in Mutual Funds* [ECF No. 9242]. Accordingly, with respect to the claims asserting liabilities arising from mutual funds, the claimants are not creditors of the Commonwealth and lack standing to assert the Deficient Bond Claims. Because the Debtors cannot be held liable for the Deficient Bond Claims, they should also be disallowed.

22.     Each of the Deficient Bond Claims also purports to assert liabilities arising from investments in government bonds, but does not provide critical information, such as CUSIP numbers or amounts, necessary for the Debtors to reconcile the claims. These claims fail to comply

with the applicable rules for filing a claim because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor.  The Debtors are therefore unable to determine the basis for the liabilities the Claimants seek to assert, and are unable to determine the validity of the claims.  Accordingly, for this additional reason, the Claims to Be Disallowed should be disallowed because they are deficient.

23.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Three Hundred Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims That Are Deficient and Based on Investments in Mutual Funds*, dated March 12, 2021, attached hereto as **Exhibit B**.

## NOTICE

24.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth is providing notice of this Three Hundred Seventh Omnibus Objection to (a) the individual creditors subject to this Three Hundred Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Three Hundred Seventh Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Three Hundred Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

25.     This Three Hundred Seventh Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Deficient Bond Claims or any other claims

on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

### **NO PRIOR REQUEST**

26.     No prior request for the relief sought in this Three Hundred Seventh Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

11

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated: March 12, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board for
Puerto Rico, as representative of the
Commonwealth of Puerto Rico*

**Fecha de la vista: 28 de abril de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 24 de abril de 2021, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

---

### TRICENTÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES QUE SON DEFICIENTES Y SE BASAN EN INVERSIONES EN FONDOS MUTUOS

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta tricentésima séptima objeción global (la "Tricentésima séptima objeción global") a evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, cada una de las cuales alega basarse, en parte, en una o más inversiones en fondos mutuos, que a su vez pudieron haber invertido en bonos emitidos por el ELA, y por lo tanto el ELA no tiene responsabilidad, puesto que las reclamaciones basadas en fondos mutuos son derivadas y los reclamantes carecen de legitimación para alegar la reclamación contra el ELA. Las partes restantes de cada una de las evidencias de reclamaciones contenidas en el **Anexo A** del presente documento son deficientes, puesto que no brindan información suficiente para que los Deudores puedan reconciliar las evidencias de reclamaciones. En apoyo de la Tricentésima séptima objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III en virtud de dicho cuerpo legal (el "Caso de Título III del ELA").

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

5.      Hasta la fecha, se han radicado aproximadamente 179,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6.      De las evidencias de reclamaciones radicadas, aproximadamente 115,000 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad

3

con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8.      En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9.      Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 12 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

10.     Esta Tricentésima séptima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

11.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12.     La Tricentésima séptima objeción global pretende que se rechace, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de reclamaciones que figuran en el **Anexo A** del presente documento (conjuntamente, las "<u>Reclamaciones Deficientes por Bonos</u>" o las "<u>Reclamaciones que han de ser rechazadas</u>"). En cada una de las Reclamaciones Deficientes por Bonos, la evidencia de reclamación pretende alegar responsabilidades surgidas de "bonos", "fondos", "IRA" u otros términos similares que pretenden alegar responsabilidades vinculadas con inversiones en bonos emitidos por Estado Libre Asociado de Puerto Rico o una de sus dependencias, pero no brindan la información necesaria para que los Deudores puedan reconciliar las reclamaciones, tales como los números CUSIP o montos correspondientes a los bonos concretos que los reclamantes pretenden alegar. Además, cada una de las Reclamaciones que han de ser rechazadas proporciona, como documentación justificativa, una copia del extracto de una cuenta de corretaje. Sin embargo, el Reclamante no ha identificado cuáles son las inversiones en la cuenta de corretaje que el Reclamante quiso alegar.

13.     Tras un examen razonable del extracto de la cuenta de corretaje para inversiones relacionadas con los bonos de Puerto Rico, los Deudores solo pudieron identificar inversiones en fondos mutuos, que a su vez pudieron haber invertido en bonos emitidos por el Estado Libre Asociado de Puerto Rico. Sin embargo, las inversiones en fondos mutuos que aparecen en el

6

extracto de la cuenta de corretaje no coinciden con los montos que figuran en la evidencia de reclamación del Reclamante.

14.     El 13 de agosto de 2019, el Tribunal dictó la *Orden que concedió parcialmente y levantó parcialmente la Moción de los Deudores para dictar una orden que A) autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF núm. 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores procesar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

15.     Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán derecho a oponerse a la reclamación como deficiente". *Id.*

16.     De conformidad con la Orden de Envío Autorizado, los Deudores han enviado al menos una carta a cada reclamante objeto de la presente Tricentésima séptima objeción global, esencialmente en el formato que se adjunta a la Orden de Envío Autorizado como Anexo 1 (el "Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

> Se requiere información adicional para que los Deudores sigan examinando su reclamación. Los Deudores no pueden determinar a partir de la información que usted proporcionó cuál es la base de la reclamación que trata de alegar contra uno o más Deudores. Al responder a esta carta, rogamos se asegure de proporcionar toda la información solicitada, así como tantos detalles como sea posible aportar sobre su reclamación. Las descripciones que incorporó en su evidencia de reclamación eran demasiado vagas para que los Deudores comprendieran la reclamación que usted trata de alegar, de manera que rogamos proporcione más detalles y no se limite simplemente a copiar la misma información.

*Véase* ECF núm. 8453-1 en 2, 7.

17. Los Envíos recibidos por los reclamantes objeto de la presente Tricentésima séptima objeción global exigían a los reclamantes responder antes del 22 de mayo de 2020 (dependiendo de la fecha en la que cada Envío fue realizado). *Véase id.* Además, en los Envíos se advertía a los Reclamantes de que "[s]i no responde a esta solicitud y no proporciona la información y la documentación requeridas para justificar su reclamación, es posible que los Deudores se vean en la obligación de oponerse a su reclamación." *Id.*

18. Cada uno de los Reclamantes identificados en el **Anexo A** o bien no respondió a los Envíos, o bien envió una respuesta que tampoco contenía la información necesaria que permita a los Deudores reconciliar la reclamación. En consecuencia, sobre la base del análisis realizado por los Deudores de los documentos sometidos con las evidencias de reclamaciones o con los Envíos, los Deudores entienden que las Reclamaciones que han de ser rechazadas alegan, en parte, inversiones en fondos mutuos, cada uno de los cuales pudo, a su vez, haber invertido en bonos emitidos por el ELA.

19. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Los reclamantes tienen la carga de demostrar su legitimación para radicar una evidencia de reclamación. *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). Es ampliamente aceptado que solo los acreedores o sus representantes autorizados están legitimados para radicar reclamaciones. Reg. Fed. de Pr. de Quiebr. 3001(b); Título 11 U.S.C., §§ 501(a) ("Los acreedores o fiduciarios autorizados podrán radicar evidencias de reclamaciones"); *In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir. 2008) ("Solo los acreedores o fiduciarios autorizados podrán radicar evidencias de reclamaciones".). Las partes que solo tengan intereses derivados carecen de legitimación para radicar reclamaciones contra los bienes de un deudor. *Caso Goldman*, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988) (donde se concluyó que una parte con "una relación con el Deudor [que] no es

8

directa, sino más bien derivada" era "persona ajena al procedimiento de quiebra del Deudor", sin

"ninguna posibilidad de reclamar contra los activos del patrimonio" y "como regla general, no

tiene legitimación en relación con el procedimiento de quiebra del Deudor".); *véase también In re*

*Tower Park Properties, LLC,* 803 F.3d 450, 462-63 (9th Cir. 2015) (donde se concluyó que un

beneficiario de un fideicomiso no era una parte interesada); *In re Refco Inc.*, 505 F.3d 109, 117

(2d Cir. 2007) ("En la medida en que se hagan valer los derechos de una parte interesada, esos

derechos han de hacerse valer por dicha parte interesada, no por un tercero".); *In re López*, 446

B.R. 12, 17 (Bankr. D. Mass. 2011) (para constituirse como parte interesada "la parte solicitante

deberá hacer valer sus propios derechos y no aquellos que asistan a un tercero o que se deriven en

relación con tal tercero".); *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008) (donde se

reconoce el "principio general de que 'no se da legitimación de una parte interesada si la parte

pretende hacer valer un derecho que es puramente derivado de los derechos de otra parte en el

procedimiento de quiebras'" (que cita *In re Refco*, 505 F.3d at 115 n. 10)).

20.      En cada una de las Reclamaciones Deficientes por Bonos se alega, en parte, que el

reclamante relacionado es un supuesto inversor en uno o más fondos mutuos que, a su vez,

pudieron haber invertido en bonos emitidos por el ELA. "Un acreedor, conforme al Código [de

Quiebras], es aquel que tiene una reclamación contra el deudor o el patrimonio", en lugar de "un

acreedor de uno de los acreedores del deudor". *S. Blvd., Inc. c. Martin Paint Stores*, 207 B.R. 57,

61 (S.D.N.Y. 1997). Puesto que, a lo sumo, las Reclamaciones Deficientes por Bonos fueron

radicadas en virtud de la condición del reclamante como presunto acreedor de un presunto acreedor

del ELA, las Reclamaciones Deficientes por Bonos no fueron radicadas por un acreedor real del

ELA. *Véase In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (donde se concluye que

el síndico carecía de legitimación para radicar evidencias de reclamaciones porque no era acreedor

ni agente autorizado de un acreedor). En cambio, las Reclamaciones Deficientes por Bonos alegan

9

responsabilidades que se derivan de reclamaciones que deben hacerse valer directamente por los fondos mutuos para que el Tribunal examine cualquier recuperación alegada. Véase el caso Goldman, 82 B.R. en 896 (donde se concluye que una parte con una relación "derivada" no puede "reclamar contra los activos del patrimonio" y "como regla general, carece de legitimación en el procedimiento de quiebras del Deudor"). Es más, no se sabe si los fondos mutuos siguen ostentando la propiedad de los bonos controvertidos.

21.   En efecto, en unas circunstancias casi idénticas, el Tribunal ya rechazó reclamaciones radicadas contra COFINA y el ELA por unos inversores en fondos mutuos que, a su vez, supuestamente invirtieron en bonos de COFINA, por "carecer de interés individual en los títulos valores de COFINA". *Véase, por ejemplo*, *Tr. de 13 de mar. de 2019 ante su señoría Laura Taylor Swain* [ECF núm. 5969], en 64:01-10 ("EL TRIBUNAL: Entonces, para que yo lo entienda, su documentación muestra que es inversor en un fondo mutuo. En la medida en que cualquiera de esos fondos mutuos posea realmente los bonos de COFINA, el fondo mutuo sería el reclamante pertinente, ¿así que no proporcionó ninguna evidencia de una reclamación directa válida contra COFINA?   SRA. STAFFORD: Así es, señoría. EL TRIBUNAL: Se concede la objeción a la reclamación, y se rechaza la reclamación por falta de interés individual en títulos valores de COFINA."); *Orden por la que se concede la Sexagésima cuarta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones basadas en inversiones en fondos mutuos* [ECF núm. 9099]; *Orden de memorando por la que se rechaza la moción para alterar o enmendar la orden que concede la objeción (extr. 8297) a las Reclamaciones núms. 152470 y 152283* [ECF núm. 9121]; *Orden por la que se concede la Septuagésima cuarta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones basadas en inversiones en fondos mutuos* [ECF núm. 9242]. Por lo tanto,

10

en lo que respecta a las reclamaciones en las que se alegan responsabilidades surgidas de fondos mutuos, los reclamantes no son acreedores del ELA y carecen de legitimación para alegar las Reclamaciones Deficientes por Bonos. Puesto que los Deudores no pueden tener responsabilidad por las Reclamaciones Deficientes por Bonos, estas también tienen que rechazarse.

22.     Cada una de las Reclamaciones Deficientes por Bonos también pretende alegar, en parte, responsabilidades adicionales surgidas de inversiones en bonos del Gobierno, pero no brinda información esencial, tales como los números CUSIP o los montos, necesaria para que los Deudores puedan reconciliar las reclamaciones. Dichas reclamaciones no cumplen con las normas aplicables a la radicación de una reclamación ya que no brindan base alguna para alegar reclamaciones contra el ELA o cualquier otro Deudor de Título III. En consecuencia, los Deudores no pueden determinar la base de las responsabilidades que los Reclamantes tratan de alegar, por lo que tampoco pueden determinar la validez de las reclamaciones. Por lo tanto, las partes restantes de las Reclamaciones que han de ser rechazadas deben ser rechazadas porque son deficientes.

23.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Tricentésima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que son deficientes y se basan en inversiones en fondos mutuos*, de fecha 12 de marzo de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

24.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA notifica la presente Tricentésima séptima objeción global a) a los acreedores individuales objeto de esta Tricentésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF núm. 15894-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.

11

La notificación de esta Tricentésima séptima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con esta objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

### RESERVA DE DERECHOS

25.    La presente Tricentésima séptima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones Deficientes por Bonos o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

### AUSENCIA DE SOLICITUDES PREVIAS

26.    No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda cualesquiera otros remedios que se consideren justos.

Fecha: 12 de marzo de 2021
        San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico*

14