# EXHIBIT B

**Declaration of Jay Herriman**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>     as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br>                                  Debtors.[1] | PROMESA <br> Title III <br> No. 17 BK 3283-LTS <br> (Jointly Administered) <br><br> **This filing relates to the Commonwealth and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH AND ERS ARE NOT LIABLE**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2.      In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA.  The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Debtors.

3.      I submit this declaration in support of the *Three Hundred Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for Which the Commonwealth and ERS are Not Liable* (the "Three Hundred Third Omnibus Objection").[3]  I have personally reviewed the Three Hundred Third Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4.      In preparation for filing the Three Hundred Third Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Third Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.  These efforts resulted in the identification of the claims to be disallowed, as identified in **Exhibit A** to the Three Hundred Third Omnibus Objection.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Third Omnibus Objection.

5.     To the best of my knowledge, information, and belief, the claims identified in **Exhibit A** to the Three Hundred Third Omnibus Objection (collectively, the "Claims to Be Disallowed") purport to assert liabilities against the Commonwealth or ERS, but upon a reasonable review of the Debtors' books and records, no liabilities are owed to the associated claimants. Certain of the Claims to be Disallowed assert allegedly unpaid tax refunds or tax credits; however, the Debtors' records reflect that the tax refund or credit was applied either to prior tax debt or to estimated taxes for the year following the year with respect to which the alleged tax refund was due.  Other Claims to Be Disallowed assert liabilities arising from litigations that, on information and belief, have been dismissed with prejudice; assert liabilities arising from a vacation; or assert liabilities arising from alleged mistreatment by Commonwealth employees, but do not provide any information necessary to understand the basis on which the Debtors may be liable.  Other Claims to Be Disallowed state that the claimant does not have a claim against the Commonwealth, its agencies, or any other Title III debtors.

6.     Another Claim to Be Disallowed purports to assert liabilities against the Commonwealth for "services performed."  The claim provides no specific information regarding the services performed, does not identify the specific agency or department of the Commonwealth for which the services were performed, and does not provide any supporting documentation at all, let alone any documentation that provides information regarding the alleged services performed. Upon a reasonable review of the Commonwealth's books and records, the Debtors have no record of any liabilities owed to this claimant for services performed.  Further, on information and belief, the same claimant filed claims in other pending bankruptcy proceedings, in the same amount, and with the same basis.

7.      Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Three Hundred Third Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth, ERS, and their creditors.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 12, 2021

By: /s/ Jay Herriman                         
        Jay Herriman

## <u>ANEXO B</u>

**Declaración de Jay Herriman**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>     como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                  Deudores.[1] | PROMESA <br> Título III <br> Núm. 17 BK 3283-LTS <br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y el SRE.** |

### DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR LAS QUE EL ELA Y EL SRE NO TIENEN RESPONSABILIDAD

Yo, Jay Herriman, de conformidad con el título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1

1.      Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.      En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal de los Deudores.

3.      Realizo esta declaración en apoyo de la *Tricentésima tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por las que el ELA y el SRE no tienen responsabilidad* (la "Tricentésima tercera objeción global").[3] He revisado personalmente la Tricentésima tercera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima tercera objeción global.

4.       Durante el proceso de preparación para radicar la Tricentésima tercera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima tercera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Tricentésima tercera objeción global.

5.       A mi fiel saber y entender, las reclamaciones identificadas en el **Anexo A** de la Tricentésima tercera objeción global (conjuntamente, las "Reclamaciones que han de ser rechazadas") pretenden alegar responsabilidades contra el ELA o el SRE, pero tras un examen razonable de los libros y registros de los Deudores, no consta que se adeuden responsabilidades a los reclamantes relacionados. Algunas de las Reclamaciones que han de ser rechazadas alegan devoluciones o créditos tributarios supuestamente no pagados; sin embargo, los registros de los Deudores indican que la devolución o el crédito tributario se aplicó o bien a la deuda tributaria anterior o a las estimaciones de impuestos del año siguiente al año con respecto al cual se adeudaba la presunta devolución tributaria. Otras Reclamaciones que han de ser rechazadas alegan responsabilidades que surgen de litigios que, a nuestro fiel saber y entender, han sido rechazados de forma definitiva; alegan responsabilidades que surgen  de unas vacaciones; o alegan responsabilidades que surgen de un supuesto maltrato por parte de los empleados del ELA, pero no proporcionan ninguna información necesaria para comprender la base que pudiera determinar la responsabilidad de los Deudores. Otras Reclamaciones que han de ser rechazadas afirman que el reclamante no tiene reclamación contra el ELA, sus organismos o cualquiera de los demás deudores de Título III.

6.      Otra Reclamación que ha de ser rechazada pretende alegar responsabilidades contra el ELA por "servicios prestados". La reclamación ni proporciona información específica alguna sobre los servicios prestados, no identifica el organismo o departamento concretos del ELA a los que se prestaran los servicios, ni tampoco brinda documentación de ningún tipo, y mucho menos documentación justificativa, que proporcione información sobre los servicios supuestamente prestados. Tras un examen razonable de los libros y registros del ELA se muestra que los a Deudores no tienen constancia de que tengan responsabilidad alguna frente este reclamante por servicios prestados. Es más, a nuestro fiel saber y entender, ese mismo reclamante radicó reclamaciones en el marco de otros procedimientos de quiebra pendientes de resolución, por el mismo monto y alegando la misma base.

7.      Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Tricentésima tercera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA, del SRE y de sus acreedores.

8.      Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha:  12 de marzo de 2021

Por: [*Firma en la versión en inglés*]
         Jay Herriman