# **EXHIBIT J**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00005-LTS |

**[REVISED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DOCUMENT DISCOVERY FROM THE GOVERNMENT <u>IN THE REVENUE BOND ADVERSARY PROCEEDINGS</u>**

THIS MATTER is before the Court on a Motion filed by Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, The Bank of New York Mellon, and U.S. Bank Trust National Association (collectively, the "Defendants") to compel the Financial Oversight and Management Board for Puerto Rico (the "Board") and certain Commonwealth instrumentalities[2] (together, with Plaintiff, the "Government"), to produce documents regarding bonds issued by the Puerto Rico Infrastructure Finance Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Puerto Rico Highways and Transportation Authority ("HTA") and the flow of certain corresponding revenues. The Motion seeks an order compelling the Government to produce documents responsive to Defendants' initial document requests in these Adversary Proceedings served on February 8, 2021 (the "PRIFA Requests," "CCDA Requests," and "HTA Requests," respectively) pursuant to the Rule 56(d) Order. Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

UPON CONSIDERATION of the Motion, the relevant portions of the docket, and being otherwise fully advised in the matter; and the Court having jurisdiction over this matter under 28 U.S.C. § 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. § 2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the

---

[2] "PRIFA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, and PRIFA; "CCDA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, CCDA, and the Tourism Company; and "HTA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, and HTA.

- 3 -

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. Plaintiff and the PRIFA-Related Instrumentalities shall search for (in central files, custodial documents, and e-mails) and produce documents in response to Defendants' PRIFA Requests as follows:

    a. Documents and Communications concerning the Infrastructure Fund, including, without limitation, the nature and location thereof and the restrictions and controls on moneys therein; and

    b. Documents and Communications concerning the flow and accounting treatment of Rum Tax Remittances in general, including, without limitation, (i) the purpose of account designations, fund codes, and DeptIDs, (ii) the use of account designations, fund codes, and DeptIDs, (iii) the accounting treatment of the Infrastructure Fund, (iv) the PRIFA special revenue fund and the PRIFA debt service fund, referenced in the Commonwealth's and PRIFA's financial statements respectively, (v) the flow of funds/accounting designations as Rum Tax Remittances flow into and out of Commonwealth accounts and funds, and (vi) the manner in which the first $117 million of Rum Tax Remittances each fiscal year is transferred and accounted for.

3. Plaintiff and the CCDA-Related Instrumentalities shall search for (in central files, custodial documents, and e-mails) and produce documents in response to Defendants' CCDA Requests as follows:

    a. Documents and Communications identifying or governing the Holding Fund, Transfer Account, Surplus Account, Pledge Account, including, without limitation, their nature and location and the restrictions and controls upon moneys therein;

    b. Documents concerning policies and procedures related to the flow of Hotel Taxes, including, without limitation, Communications concerning policy documents or procedures identifying the Holding Fund, Transfer Account, Surplus Account, Pledge Account; and

    c. Communications concerning account opening documents for GDB -9758, Scotiabank -5142, Scotiabank -5144, Scotiabank -5138, BPPR -6545, BPPR -2306, BPPR -9458, FirstBank -2984, and FirstBank -3961.

4. Plaintiff and the HTA-Related Instrumentalities shall search for (both in their central files and beyond, including pursuant to reasonably tailored email searches) and produce documents in response to Defendants' HTA Requests as follows:

    a. Documents and Communications, irrespective of date, governing the terms of the HTA Bonds, including the 2002 Security Agreement, the authority of the HTA Executive Director to sign such security agreements, all Bond Resolutions and amendments and supplements thereto, and identifying Signatories and those bound by such Bond Resolutions and amendments or supplements thereto;

    b. Documents and Communications concerning the flow of Excise Taxes and HTA Pledged Revenues collected by the Commonwealth, including (i) the purpose, nature and operation of Fund 278 and any restrictions and controls upon moneys therein; (ii) the establishment of Fund 278, its subaccounts and Fund designations and identifying codes, (iii) records that can be generated using the PRIFAS accounting system or any other existing system, such as ledgers, reports, cash flow statements, statements, accreditation reports and reconciliations, and (iv) the balances and flow of Excise Taxes and HTA Pledged Revenues into and out of Fund 278, its subaccounts, and any other accounts or Fund designations from January 2014 to present;

    c. Documents and Communications concerning accounting designations and treatment for the Excise Taxes, HTA Pledged Revenues, and Fund 278, including the treatment of Excise Taxes and Toll Revenues in Commonwealth and HTA financial statements and auditor workpapers relating thereto;

    d. Documents and Communications concerning the Treasury's role in the approval of transfers to HTA, including (i) procedures or instructions for transfer vouchers to HTA (SC-753 vouchers) and for approving transfers of Excise Taxes to HTA; (ii) any denials by Treasury of an SC-735 or other Fund 278 transfer approved by HTA, and (iii) the extent to which Excise Taxes were or have been made available to HTA; and

    e. Policies and procedures relating to the Flow of Excise Taxes and HTA Pledged Revenues, including Documents that reflect the accounting standards, requirements, rules, and procedures adopted by the Commonwealth and HTA with respect to Fund 278 and its subaccounts, including with regard to the flow of Excise Taxes into or out of Fund 278 or the Treasury Single Account ("TSA"), or that reflect changes to any such policies or procedures over time.

5. In connection with any request as to which a production for "Communications" has been ordered above, within [__] business days of the date of this Order, the Government shall provide a list to Defendants of proposed custodians whose documents (including ESI) are to be collected, and Defendants shall, within two business days of the date of this Order, provide a list of proposed search terms. The Parties shall thereafter promptly meet-and-confer regarding search parameters and custodians.

6. The Government shall inquire of persons at Treasury regarding the existing accounting and reporting systems of the Commonwealth and the HTA and PRIFA, and promptly thereafter shall meet-and-confer with the Defendants regarding what reporting and documents are available and the extent to which those are reasonably accessible, by March 19, 2021.

7. This order does not address the scope of discovery under other topics identified in the Rule 56(d) Order, or as to discovery served other than the PRIFA Requests, CCDA Requests, and HTA Requests, as to which the Parties do not have any ripe

dispute. The Parties shall continue to meet-and-confer regarding any other outstanding discovery requests.

8. The Parties' next status report, addressing the status of discovery and any open issues, shall be filed on March 30, 2021.

Dated: _____, 2021

SO ORDERED:

_____
Honorable Judith G. Dein
United States Magistrate Judge

- 8 -