*Hearing Date: TBD*
*Objection Deadline: TBD*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>   as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br>   Debtors.[1] <br> _____ | PROMESA <br> Title III <br><br> Case No. 17-BK-3283 (LTS) |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>   as representative of <br><br> THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, <br><br>   Debtor. <br> _____ | PROMESA <br> Title III <br><br> Case No. 17-BK- 3567 (LTS) |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>   as representative of <br><br> THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, <br><br>   Debtor. <br> _____ | PROMESA <br> Title III <br><br> Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

*Hearing Date: TBD*
*Objection Deadline: TBD*

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**FIFTH OMNIBUS MOTION TO EXTEND DEADLINES IN ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH <u>PROCEDURES FOR APPROVAL OF SETTLEMENTS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
JURISDICTION, VENUE, AND STATUTORY BASES ........................................................... 3
FACTUAL BACKGROUND ....................................................................................................... 3
    I.      The Procedures Order ................................................................................................. 3
    II.     The Current Situation .................................................................................................. 4
RELIEF REQUESTED .................................................................................................................. 5
ARGUMENT ................................................................................................................................. 6
    I.      The Movants Have Demonstrated Good Cause to Extend the Procedures Order Litigation Deadlines. ................................................................................................................... 6
REQUEST FOR HEARING ......................................................................................................... 7
NOTICE ........................................................................................................................................ 8
PROPOSED FOURTH EXTENSION ORDER ........................................................... Exhibit A

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC," and hereinafter, the SCC may be more broadly referred to as the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA and PBA) (the "Committee," and together with the Oversight Board, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[2] and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by sections 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting that this Court extend certain deadlines established in the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements,* ECF No. 7941 in Case No. 17-3283 (the "Procedures Order"), and later extended by subsequent orders and requesting entry of an order, substantially in the form attached hereto as Exhibit A (the "Fifth Extension Order").[3] Movants have filed this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous adversary proceedings. In support of this Motion, Movants respectfully state as follows:

**PRELIMINARY STATEMENT**[4]

1. In and around April 2019, Movants filed approximately 250 adversary proceedings against vendors and suppliers to the Commonwealth of Puerto Rico seeking to avoid and recover payments made

---

[2] 11 U.S.C. §§ 101 *et seq*., as incorporated into these proceedings by PROMESA, defined above.

[3] *See* ECF No. 9476 in Case No. 17-3283 (the "Extension Order"); ECF No. 12528 in Case No. 17-3283 (the "Second Extension Order"); ECF No. 13936 in Case No. 17-3283 (the "Third Extension Order"); and ECF No. 15296 in Case No. 17-3283 (the "Fourth Extension Order").

[4] Capitalized terms used herein shall have the meaning ascribed to them in the Procedures Order, in the Extension Order, in the Second Extension Order, in the Third Extension Order and in this Motion.

1

under fraudulent and preferential transfer theories (the "Vendor Avoidance Actions"). Around the same time as Movants filed the adversary proceedings, Movants entered into approximately 100 tolling agreements with vendors to toll the statute of limitations under similar fraudulent and preferential transfer theories.

2.  Since April 2019, and in accordance with the Procedures Order, the Movants have attempted to informally resolve these proceedings without the need for formal litigation and without taxing the Court's resources. As part of these efforts, Movants provide defendants information concerning their assessment of potential liability, and defendants have the opportunity to submit contracts, purchase orders, invoices and other similar documents to substantiate the payments at issue in the Vendor Avoidance Action (the "Information Exchange").

3.  Since April 2019, the Information Exchange process has been complicated and made more difficult by circumstances beyond the control of both the Movants and the defendants. On January 7th, 2020, a magnitude 6.4 earthquake hit Puerto Rico, causing extensive damage and destruction. Furthermore, the COVID-19 pandemic has created a host of logistical challenges. Numerous vendor personnel and principals and their counsels have spent much of the past year sheltering in their homes. Many have become increasingly difficult to reach. Others have misplaced certain key documents that would otherwise be conveyed as part of the Information Exchange.

4.  Despite these challenges, the Movants have made significant progress to this point. To date, Movants have resolved approximately one hundred sixty-six (166) Vendor Avoidance Actions, including eleven (11) in the four months since certain deadlines were last extended by the Court. Of the remaining eighty-seven (87) defendants, approximately seventy-one (71) are actively engaged with Movants (the "Continued Engaged Defendants"). Movants have substantially completed the Information Exchange with approximately thirty (30) of the Continued Engaged Defendants and are actively engaged in settlement negotiations with those defendants. The remaining approximately forty-one (41) Continued Engaged Defendants are actively engaged with the Movants in the Information Exchange process. Movants expect to be able to achieve an informal resolution of the claims against many of these defendants during

2

the next few months, contingent upon a further extension of the current Fourth Extended Litigation Deadlines (as defined below).

5. The success of the Information Exchange is shown by the fact that there is only one (1) defendant that has become unresponsive; Movants do not seek extension of litigation deadlines for that defendant. The only other defendants regarding which no extension is sought are the eleven (11) defendants who neither engaged in the Information Exchange nor answered complaints prior to applicable deadlines many months ago, and against whom motions for default judgment are now pending.

6. Movants wish to continue the momentum of the Information Exchange with the Continued Engaged Defendants rather than require these defendants to file responsive pleadings to the complaints. The pursuit of formal litigation in April 2021 in light of the continued progress made by Movants and these defendants may be a premature, and perhaps unnecessary, use of the parties' and the Court's resources where defendants would otherwise broadly prefer to resolve the Vendor Avoidance Actions informally.

7. For these reasons, the Movants request that this Court grant another extension of the current Fourth Extended Litigation Deadlines with respect to the Continued Engaged Defendants (as listed in the Supplemental Appendix).

**JURISDICTION, VENUE, AND STATUTORY BASES**

8. This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

9. Venue is proper pursuant to section 307(a) of PROMESA.

10. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9006 and 9019.

**FACTUAL BACKGROUND**

**I.     The Procedures Order**

11. The Movants incorporate by reference the "Factual Background" section of the *Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I)*

3

*Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements* ECF No. 7325, Case No. 17-3283 (the "Procedures Motion").

12. This Court granted the Procedures Motion. *See* Procedures Order.

13. The Procedures Order established deadlines (together, the "Procedures Order Litigation Deadlines") to facilitate the informal, extrajudicial resolution of the Vendor Avoidance Actions, including (i) a deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint (the "Response Due Date"); (ii); a deadline for Movants to file an opposition to a motion to dismiss a Vendor Avoidance Action complaint (the "Motion to Dismiss Response Date"); and a deadline for defendant to file a reply to motion to dismiss (the "Reply Deadline").

14. Concurrent with entry of the Procedures Order, the Movants began to work diligently with the defendants (and parties that signed tolling agreements) to attempt to settle or dismiss the Vendor Avoidance Actions through the Information Exchange. Since entry of the Procedures Order, this Court has granted several extensions to the Procedures Order Litigation Deadlines so as to enable Movants and defendants to continue to work towards an informal resolution of the Vendor Avoidance Actions.[5] Pursuant to the Fourth Extension Order, the current deadline for a defendant to file and serve an answer or response to a Vendor Avoidance Action complaint is April 16, 2020 (the "Fourth Extended Response Due Date").

## II. The Current Situation

15. Movants have continued to work diligently at all times since the Procedures Order towards a resolution of the outstanding Vendor Avoidance Actions. To date, Movants have resolved approximately one hundred sixty-six (166) Vendor Avoidance Actions. The Movants have moved for default judgment in another eleven (11) adversary proceedings and expect to move for entry of default judgment in one more.[6] There remain approximately seventy-one (71) defendants that have engaged with the Movants in

---

[5] *See* Extension Order (ECF No. 9476 in Case No. 17-3283), Second Extension Order (ECF No. 12528 in Case No. 17-3283), and Third Extension Order (ECF No. 13936 in Case No. 17-3283).

[6] Two defendants who were not included on the Third Extension Motion (ECF No. 13697) reengaged with the Movants following the Answer or Motion to Dismiss deadline as set forth in the Third Extension Order (December 16, 2020). Movants are attempting to continue the Information Exchange with those defendants and do not at this time expect to move for entry of default against those two defendants.

4

productive conversations and exchanges of information. The Movants are optimistic that they can resolve disputes with many or all of these defendants in the coming months.

16. The earthquakes in Puerto Rico and complications from COVID-19 globally have created significant challenges to the Information Exchange process. The Movants have had difficulty continuing communications with defendants and retrieving documents from government agencies. Meanwhile, defendants have reported inabilities to return to their offices or otherwise facilitate the exchange of information with the Movants. Despite these challenges, the Movants' professionals have seen and continue to expect continued efforts by the Continued Engaged Defendants to maintain the requisite lines of communication with the Movants and facilitate the exchange of relevant information. Movants are close to resolution with many of the Continued Engaged Defendants and anticipate that such resolution can be reached in the coming weeks. However, the Movants' professionals anticipate that they will be unable to collect, review, analyze, and negotiate resolutions of claims against all defendants presently participating in the Information Exchange by the Fourth Extended Response Due Date.

17. Accordingly, the Movants respectfully assert that maintaining the current Fourth Extended Litigation Deadlines will disrupt the flow of the Information Exchange and require premature litigation unless extended to the modest extent set forth below.

18. The Movants believe there is a reasonable likelihood of a successful informal resolution for approximately seventy-one (71) defendants, the Continued Engaged Defendants. By this Motion, the Movants seek to extend the Fourth Extended Litigation Deadlines for the Continued Engaged Defendants to allow sufficient time to complete the Information Exchange.

## RELIEF REQUESTED

19. The Movants respectfully request that this Court amend the Procedures Order to (i) extend the Response Due Date to August 18, 2021; (ii) extend the Motion to Dismiss Response Date to October 18, 2021; and (iii) extend the Reply Deadline to November 18, 2021 (together, the "Fifth Extended Litigation Deadlines") with respect to the Continued Engaged Defendants.

5

## ARGUMENT

### I. The Movants Have Demonstrated Good Cause to Extend the Procedures Order Litigation Deadlines.

*i. Diligence Governs the Good Cause Inquiry.*

20. The Movants incorporate by reference the entirety of the legal arguments in the "Basis for Relief Requested" section of the Procedures Motion as if fully set forth herein.

21. As additional support for the relief requested herein, the Movants respectfully submit that they have shown good cause for an extension of the Fourth Extended Litigation Deadlines because they have been diligent in resolving and/or settling the Vendor Avoidance Actions

22. "Once a Case Management Order has been issued and the Court has set a schedule for the proceeding, the 'schedule shall not be modified except upon a showing of good cause.'" *Citadel Broad. Co. v. Peak Broad., LLC*, CV-07-203-S-LMB, 2008 WL 11463664, at *2 (D. Idaho Jan. 24, 2008) (citing Fed. R. Civ. P. 16(b) and holding that good cause shown to extend deadlines where parties had worked diligently to proceed with discovery and potential settlement); *see also Bernardi Ortiz v. Cybex Int'l, Inc.*, CV 15-2989 (PAD), 2018 WL 2448130, at *10 (D.P.R. May 30, 2018) (holding that case management order schedule modifications require leave of court predicated on a showing of good cause and holding that extension of discovery deadline warranted where record did not show lack of diligence by moving party in pursuing discovery); *Gonzalez Melendez v. KMart Corp.*, CIV. 04-1067(DRD), 2005 WL 1847008, at *3 (D.P.R. July 29, 2005) (adopting good cause standard to determine if extension of deadlines in case management order warranted and declining to extend deadlines where moving party merely asserted that it had "too much work [and] electronic difficulties.").

23. In turn, the primary consideration of the good cause standard is the "diligence of the party seeking the amendment." *Citadel*, 2008 WL 11463664, at *2 (citing *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). A modification of the case management schedule is warranted where the parties cannot reasonably meet the deadlines despite the diligence of the party seeking the extension. *Id*. (internal citations omitted); *see also Intermountain Fair Hous. Council, Inc. v. Tassano*,

6

114CV00338EJLCWD, 2015 WL 5095319, at *2 (D. Idaho Aug. 28, 2015) (noting "good cause" means scheduling deadlines cannot be met despite a party's diligence (citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990)).

   *ii.* *The Movants Have Been Diligent in Their Efforts to Resolve and/or Settle the Vendor Avoidance Actions Prior to the Extended Response Due Date.*

24. In accordance with spirit and purpose of the Procedures Order to maximize the potential for out-of-court resolution of the Vendor Avoidance Actions and to minimize the burden on the parties' and this Court's resources, the Movants have, since entry of the Procedures Order, worked diligently to resolve and/or settle as many Vendor Avoidance Actions and tolling agreements as possible. As noted above, one hundred sixty-six (166) of approximately 250 lawsuits have been resolved consensually. Additionally, Movants have moved for default judgment against eleven (11) defendants and anticipate moving for entry of default against another defendant. There remain approximately seventy-one (71) lawsuits that have not yet been resolved but which Movants believe there is a reasonable likelihood of informal resolution if the current litigation deadlines are extended.

25. To remain consistent with the spirit of the Procedures Order and Puerto Rican business community's desire to resolve the Vendor Avoidance Actions in the most economical way possible, the Movants respectfully request that the Court grant a further extension to the Fourth Extended Litigation Deadlines to permit the Movants to collect, review, and resolve certain Vendor Avoidance Actions. The Movants' professionals will not be able to do so by April 16, 2021.

26. Therefore, the Movants respectfully submit that they have met the good cause standard warranting this Court's implementation of the Fifth Extended Litigation Deadlines.

## REQUEST FOR HEARING

27. Pursuant to Federal Rules of Bankruptcy Procedure 9006(d) and 2002(a)(3), the Oversight Board and the Committee hereby request that a hearing on this Motion be scheduled for such date as the

7

Court deems appropriate to consider any objections, joinders, replies or comments by this Court to this Motion.[7]

### **NOTICE**

28. The Oversight Board has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight Board; (vii) counsel for the Creditors' Committee; (viii) counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in the Supplemental Appendix through their counsel, if known, through their resident agent, or a representative.

WHEREFORE, Movants respectfully request that this Court enter an order substantially in form attached hereto as Exhibit A granting the relief requested herein and granting Movants such other relief as this Court deems just and proper.

---

[7] Given that the current deadline to answer or move to dismiss is April 16, 2021, the Movants respectfully request that the date that the Court chooses is sufficiently before April 16, 2021.

Dated: March 15, 2021.

Respectfully submitted,

/s/ Sunni P. Beville
**BROWN RUDNICK LLP**
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ Luc A. Despins
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Avoidance Actions*

/s/ Kenneth C. Suria
**ESTRELLA, LLC**
Kenneth C. Suria, Esq. (USDC-PR 213302)
Alberto Estrella, Esq. (USDC-PR 209804)
Carlos Infante, Esq. (USDC-PR 301801)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ Juan J. Casillas Ayala
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves-González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR 306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors (other than COFINA and PBA)*

**Exhibit A**

**Proposed Fifth Extension Order**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**ORDER GRANTING OMNIBUS MOTION TO EXTEND DEADLINES IN ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR APPROVAL OF SETTLEMENTS**

Upon the motion dated March 15, 2021 (the "Motion") of the Oversight Board,[1] acting by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any opposition thereto [and having heard the statements of counsel at the hearing held before the Court (the "Hearing")]; and the Court having determined that the legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

    **ORDERED** that the relief requested in the Motion is granted, and it is further

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in Motion unless otherwise noted.

2

**ORDERED** that the Procedures Order Litigation Deadlines Established in the *Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 7941 in Case No. 17-3283 (the "Procedures Order"), the *Order Granting Omnibus Motion To Extend Deadlines In Order Granting Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For Approval Of Settlements*, ECF No. 9476 in Case No. 17-3283 (the "Extension Order"), further extended in the *Order Granting the Fourth Omnibus Motion to Extend Deadlines in Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee and the Official Committee of the Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements*, ECF No. 15296 in Case No. 17-3283 (the "Fourth Extension Order") shall be extended for the defendants listed in the Supplemental Appendix to following dates:

    *i.*    **Response Due Date**: August 18, 2021;

    *ii.*    **Motion to Dismiss Response Date**: October 18, 2021;

    *iii.*    **Reply Deadline**: November 18, 2021; and it is further

**ORDERED** that, except as modified by this Order, the Procedures Order shall otherwise remain in full force and effect; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this Order.

Dated: _____, 2021.

                                                             _____
                                                             Honorable Judith G. Dein
                                                            United States Magistrate Judge

3

**SUPPLEMENTAL APPENDIX**

| Defendant | Adversary Proceeding No. |
|---|---|
| Ambassador Veterans Services of Puerto Rico L.L.C. | 19-00048 |
| Bio-Nuclear of Puerto Rico, Inc. | 19-00091 |
| Bristol-Myers Squibb Puerto Rico, Inc. | 19-00042 |
| Caribe Grolier, Inc. | 19-00051 |
| CCHPR Hospitality, Inc | 19-00116 |
| Centro de Desarrollo Academico, Inc. | 19-00053 |
| Citibank, N.A. | 19-00265 |
| Clinica de Terapias Pediatricas, Inc. | 19-00054 |
| Community Cornerstones, Inc. | 19-00043 |
| Computer Learning Centers, Inc. | 19-00055 |
| Computer Network Systems Corp. | 19-00150 |
| Core Laboratories N.V. d/b/a Saybolt | 19-00381 |
| Creative Educational & Psychological Services, Inc. | 19-00152 |
| Didacticos, Inc. | 19-00161 |
| Distribuidora Lebron Inc. | 19-00167 |
| E. Cardona & Asociados, Inc. | 19-00056 |
| Empresas Arr Inc. | 19-00084 |
| Enterprise Services Caribe, LLC | 19-00060 |
| Explora Centro Academico Y Terapeutico LLC | 19-00143 |
| Facsimile Paper Connection Corp. | 19-00092 |
| Fast Enterprises LLC | 19-00266 |
| FIRST HOSPITAL PANAMERICANO | 19-00093 |
| FP + 1, LLC | 19-00148 |
| GF Solutions, Inc. | 19-00063 |
| Gila LLC | 19-00354 |
| Girard Manufacturing, Inc. | 19-00103 |
| GM Security Technologies, Inc. | 19-00273 |
| GUIMERFE INC | 19-00182 |
| Hewlett Packard Puerto Rico, BV LLC | 19-00183 |
| Hospira Puerto Rico, LLC | 19-00186 |
| Institucion Educativa Nets, LLC | 19-00067 |
| International Surveillance Services Corporation | 19-00202 |
| Intervoice Communication of Puerto Rico Inc. | 19-00068 |
| Jose Santiago, Inc. | 19-00075 |
| Junior Bus Line, Inc. | 19-00229 |
| Law Offices Wolf Popper P.S.C. | 19-00236 |
| Macam S.E. | 19-00255 |
| Management, Consultants & Computer Services, Incorporated | 19-00081 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Manpower | 19-00088 |
| Merck Sharp & Dohme (I.A.) LLC | 19-00276 |
| Michica International Co., Inc. | 19-00238 |
| Microsoft Corporation | 19-00290 |
| N. Harris Computer Corporation | 19-00102 |
| National Copier & Office Supplies, Inc. | 19-00251 |
| Nelson D. Rosario Garcia | 19-00125 |
| Netwave Equipment Corp. | 19-00253 |
| Oracle Caribbean, Inc. | 19-00112 |
| Pearson Education, Inc. | 19-00245 |
| Pearson Pem P.R., Inc. | 19-00117 |
| Postage By Phone Reserve Account | 19-00181 |
| Professional Consulting Psychoeducational Services, LLC | 19-00188 |
| Prospero Tire Export, Inc. | 19-00196 |
| Puerto Rico Supplies Group Inc. | 19-00199 |
| Puerto Rico Telephone Company, Inc. | 19-00127 |
| Quest Diagnostics of Puerto Rico, Inc. | 19-00440 |
| Ready & Responsible Security, Inc. | 19-00387 |
| Reyes Contractor Group, Inc. | 19-00220 |
| Ricoh Puerto Rico, Inc. | 19-00128 |
| Rocket Learning, LLC | 19-00232 |
| Rocket Teacher Training, LLC | 19-00235 |
| Rodriguez-Parissi & Co., C.S.P. | 19-00155 |
| Rosso Group, Inc. | 19-00239 |
| S.H.V.P. Motor Corp. | 19-00134 |
| Seguros Colon Colon, Inc. | 19-00130 |
| Sesco Technology Solutions, LLC | 19-00162 |
| St. James Security Services, LLC | 19-00145 |
| Taller de Desarrollo Infantil y Prescolar Chiquirimundi Inc. | 19-00049 |
| Total Petroleom PR Corp | 19-00114 |
| Transporte Sonnel Inc | 19-00149 |
| Truenorth Corp. | 19-00160 |
| VIIV Healthcare Puerto Rico, LLC | 19-00164 |