Hearing Date: August 4, 2021 at 9:30 a.m. AST
Objection Deadline: April 5, 2021 (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
| Debtors.[1] | |

## SUMMARY COVER SHEET TO THE ELEVENTH INTERIM APPLICATION OF MARCHAND ICS GROUP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS INFORMATION AGENT TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

| | |
|---|---|
| Name of Applicant: | Marchand ICS Group |
| Authorized to Provide Services To: | The Official Committee of Retired Employees of the Commonwealth of Puerto Rico |
| Date of Retention: | July 21, 2017 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| Period for which compensation is sought: | October 1, 2020 through January 31, 2021 |
| Amount of interim compensation sought as actual, reasonable, and necessary: | $110,736.00 |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $12,950.94 |
| Are your fee or expense totals different from the sum of previously served monthly statements? | No |
| Blended rate in this application for all timekeepers: | $128.02 |
| This is an *interim* application. | |
| Total compensation approved by interim order to date: | $837,346.50 |
| Total expenses approved by interim order to date: | $78,599.83 |
| Total compensation paid to date: | $ 864,141.65 |
| Total expenses paid to date: | $ 84,263.47 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Number of Professionals Included in this Application: | 4 |
| Difference Between Fees Budgeted and Compensation Sought: | $20,564.00 less than the amount budgeted |
| Number of Professionals Billing Fewer than 15 Hours to this Case: | 1 |
| Rates Higher than Those Disclosed at Retention: | None |
| Objection Deadline: | April 5, 2021 (for parties other than the Fee Examiner) |

| Name of Professional | Title | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Ferdinand Díaz | Project Manager | $125.00 | 5.60 | $700.00 |
| Jorge Marchand | Principal | $175.00 | 295.70 | $51,747.50 |
| Male Noguera | Media Manager | $95.00 | 247.90 | $23,550.50 |
| María Schell | Business Editor | $110.00 | 315.80 | $34,738.00 |
| **Total** | | | **865.00** | **$110,736.00** |

### FEE EXAMINER'S REQUESTED ATTACHMENTS TO FEE APPLICATIONS

**List of Professionals by Matter** – Exhibit D
**Expense Summary** – Exhibit E
**Compensation by Project Category** – Exhibit F
**Detailed Time Records** – Exhibit G
**Detailed Expense Records –** Exhibit H
**Customary and Comparable Disclosures** – N/A
**Budget & Staffing Plan –** Submitted to the Fee Examiner under separate cover

**Hearing Date: August 4, 2021 at 9:30 a.m. AST**
**Objection Deadline: April 5, 2021** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO<br>RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>*et al.*<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ELEVENTH INTERIM APPLICATION OF MARCHAND ICS GROUP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS INFORMATION AGENT TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021**

To the Honorable United States District Court Judge Laura Taylor Swain:

Marchand ICS Group ("**Marchand**"), Information Agent for The Official Committee of

Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

captioned Title III cases (the "**Title III Cases**"), hereby submits this Ninth application (the "**Application**") for an award of interim compensation for professional services rendered, and reimbursement for actual and necessary expenses incurred in connection with such services, for the period from October 1, 2020 through January 31, 2021 (the "**Interim Period**"). Marchand submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code,[3] 11 U.S.C. § 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")[4]; Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**")[5]; the *Order Establishing Procedures for Retiree Access to Information Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3), and 1103(a), and (II) Employing Marchand ICS Group* ("**Retention Order**") [Dkt. No. 1415]; the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**") [Dkt. No. 3269]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); the *First Amended Order Pursuant to PROMESA §§ 316 and 317 and Bankruptcy Code Section 105(a) Appointed a Fee Examiner and*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Bankruptcy Code is codified at 11 U.S.C. §§ 101–1532. Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[4] All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[5] The Local Rules are made applicable here by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to these Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

2

*Related Relief* ("**Amended Fee Examiner Order**") [Dkt. No. 3324]; *the Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932]; and the Fee Examiner's November 10, 2017 Memorandum (the "**Fee Examiner Memorandum**"). In support of the Application, Marchand submits the Certification of Jorge Marchand Sifre (the "**Marchand Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

<u>**Preliminary Statement**</u>

1.      On September 5, 2017, Marchand was retained as Information Agent to the Retiree Committee, effective July 21, 2017. The Retiree Committee represents approximately 167,000 retired employees of the Commonwealth of Puerto Rico ("**Commonwealth**" or "**Puerto Rico**") and various Commonwealth agencies and instrumentalities and their surviving beneficiaries, including Puerto Rico's retired teachers, police officers, firefighters, judges, municipal clerks, engineers, and other government workers of all categories, who hold accrued pension benefits on account of having participated in the Employee Retirement System (the "**ERS**"), the Teachers Retirement System (the "**TRS**"), and/or the Judiciary Retirement System (the "**JRS**"), among other potential post-employment benefits  (the "**Retirees**"). The pensions of the Retirees, along with those held by currently active employees who have participated in the ERS, TRS, and/or JRS, are collectively underfunded by at least $50 billion. The Retirees are the largest group of creditors in these title III cases.

2.      During the Interim Period, Marchand performed a variety of services designed to provide retirees timely updates on the status of the Title III Cases and their impact on the Retirees and to assist the Retiree Committee in delivering clear and consistent messaging to retirees.

3.      Marchand's work during the Interim Period was necessary for, and beneficial to, the Retirees and served to ensure that the interests of the Retirees are protected, and that the Retirees have access to information concerning these Title III Cases. Marchand respectfully requests that the Court award the fees and expenses requested in this Application.

### Jurisdiction

4.      The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

5.      Venue is proper pursuant to PROMESA section 307(a).

6.      Marchand makes this Application pursuant to PROMESA sections 316 and 317, Bankruptcy Code sections 105(a) and 503(b), Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

### Background

7.      On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

8.      On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the FOMB, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

9.      On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the FOMB, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

10.     On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the FOMB, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

11.     On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

12.     On September 27, 2019, the Puerto Rico Buildings Authority ("**PBA**"), by and through the FOMB, as PBA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

13.     Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, PREPA, and PBA title III cases (collectively, the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015. [See Dkt. Nos. 242, 537, 1417, 8829.]

14.     On June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Retiree Committee, consisting of the following nine individuals: Blanca Paniagua, Carmen Nunez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco. [Dkt. No. 340.][6]

**Marchand's Retention and Fee Request**

15.     On September 5, 2017, the Retiree Committee elected to employ Marchand to represent the Retiree Committee. A copy of the Engagement Letter is attached hereto as **Exhibit B.**

---

[6] As of April 12, 2018, José Marin resigned from the Retiree Committee.

16.     On September 12, 2017, the Retiree Committee filed its *Motion of the Official
Committee of Retired Employees of the Commonwealth of Puerto Rico for Order (I) Establishing
Procedures for Retiree Access to Information Pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3) and
1103(a) and (II) Employing Marchand ICS Group in Connection Therewith* [Dkt. No. 1280] (the
"**Retention Application**") pursuant to sections 105(a) , 1120, and 1103 of the Bankruptcy Code.[7]

17.     On October 6, 2017, the Court entered the Retention Order approving Marchand's
retention as counsel to the Retiree Committee, effective July 21, 2017, on the terms and conditions
identified in the Retention Application. A copy of the Retention Order is attached hereto as **Exhibit
C**. Pursuant to the Retention Order, Marchand is entitled to compensation for reasonable, actual,
and necessary professional services rendered and reimbursement of expenses incurred in
connection with the Title III Cases.

18.     On October 6, 2017, the Court entered an Order appointing Brady Williamson as
the fee examiner ("**Fee Examiner**") in these Title III Cases. [Dkt. No. 1416.]

19.     On December 15, 2017, Marchand filed its *First Interim Application for Allowance
of Compensation for Services Rendered and Reimbursement of Expenses Incurred From July 21,
2017 through September 30, 2017* ("**First Interim Application**") [Dkt. No. 2048], seeking
$11,946.50 in compensation and $497.88 in expenses.

20.     On March 7, 2018, the Court entered an Order approving the First Interim
Application (the "**First Interim Order**") [Dkt. No. 2685] in the amount of $11,946.50 in

---

[7] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would
seek authority to employ professionals pursuant to section 327. Because PROMESA does not incorporate
section 327 of the Bankruptcy Code, the Retiree Committee moved for approval of its Retention
Application pursuant to sections 105(a) and 1103(a). *See* PROMESA § 301(a) (omitting Bankruptcy Code
sections 327 and 328 from incorporation into PROMESA).

compensation and $497.88 in expenses. Marchand has received the amounts approved under the First Interim Order.

21.     On March 15, 2018, Marchand filed its *Second Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1, 2017 through January 31, 2018* ("**Second Interim Application**") [Dkt. No. 2736], seeking $68,402.25 in compensation and $6,534.29 in expenses.

22.     On July 20, 2018, the Court entered an Order approving the Second Interim Application (the "**Second Interim Order**") [Dkt. No. 3656] in the amount of $68,402.25 in expenses and $6,534.29 in expenses. Marchand has received payment of the amounts approved in the Second Interim Order.

23.     On July 16, 2018, Marchand filed its *Third Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1, 2018 through May 31, 2018* ("**Third Interim Application**") [Dkt. No. 3558], seeking $82,519.00 in compensation and $9,558.11 in expenses.

24.     On November 9, 2018, the Court entered an Order approving the Third Interim Application (the "**Third Interim Order**") [Dkt. No. 4272] in the amount of $82,519.00 in compensation and $9,558.11 in expenses. Marchand has received payment of the amounts approved in the Third Interim Order.

25.     On November 16, 2018, Marchand filed its *Fourth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 1, 2018 through September 30, 2018* ("**Fourth Interim Application**") [Dkt. No. 9558], seeking $68,067.25 in compensation and $1,496.72 in expenses.

26.     On March 14, 2019, the Court entered an Order approving the Fourth Interim Application (the "**Fourth Interim Order**") [Dkt. No. 5654] in the amount of $68,067.25 in compensation and $1,496.72 in expenses. Marchand has received payment of the amounts approved in the Fourth Interim Order.

27.     On March 18, 2019, Marchand filed its *Fifth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1, 2018 through January 31, 2019* (the "**Fifth Interim Application**") [Dkt. No. 5786], seeking $64,745.00 in compensation and $1,492.90 in expenses.

28.     On June 26, 2019, the Court entered an Order approving the Fifth Interim Application (the "**Fifth Interim Order**") [Dkt. No. 7670] in the amount of $64,746.00 in compensation and $1,492.90 in expenses. Marchand has received payment of the amounts approved in the Fifth Interim Order.

29.     On July 15, 2019, Marchand filed its *Sixth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1, 2019 through May 31, 2019* (the "**Sixth Interim Application**") [Dkt. No. 7978], seeking $101,092.00 in compensation and $12,028.72 in expenses.

30.     On October 29, 2019, the Court entered an Order approving the Sixth Interim Application (the "**Sixth Interim Order**") [Dkt. No. 9046] in the amount of $101,092.00 in compensation and $12,028.72 in expenses. Marchand has received payment in full of the amounts approved in the Sixth Interim Order.

31.     On November 15, 2019, Marchand filed its *Seventh Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred*

8

*From June 1, 2018 through September 30, 2019* (the "**Seventh Interim Application**") [Dkt. No. 9178], seeking $121,183.00 in compensation and $8,497.95 in expenses.

32.     On March 6, 2020, the Court entered an Order approving the Seventh Interim Application (the "**Seventh Interim Order**") [Dkt. No. 12157] in the amount of $121,183.00 in compensation and $8,497.95 in expenses. Marchand has received payment in full of the amounts approved in the Seventh Interim Order.

33.     On March 16, 2020, Marchand filed its Eighth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1, 2019 through January 31, 2020 (the "**Eighth Interim Application**") [Dkt. No. 9178], seeking $83,573.50 in compensation and $16,315.10 in expenses. On July 24, 2020, the Court entered an Order approving the Eighth Interim Application (the "**Eighth Interim Order**") [Dkt. No. 13824] in the amount of $83,573.50 in compensation and $15,815.10 in expenses. Marchand has received payment in full of the amounts approved in the Eighth Interim Application.

34.     On July 15, 2020, Marchand filed its Ninth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1, 2020 through May 31, 2020 (the "**Ninth Interim Application**") [Dkt. No. 13655], seeking $112,243.50 in compensation and $10,276.15 in expenses. On October 26, 2020, the Court entered an Order approving the Ninth Interim Application (the "**Ninth Interim Order**") [Dkt. No. 14925] in the amount of $112,186.50 in compensation and $10,276.15 in expenses, reflecting an agreed reduction of $57.00 in compensation. Marchand has received payment in full of the amounts approved in the Ninth Interim Application.

35.     On November 15, 2020, Marchand filed its *Tenth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred*

*From June 1, 2020 through September 30, 2020* (the "**Tenth Interim Application**") [Dkt. No. 15145], seeking $123,631.50 in compensation and $11,902.01 in expenses. On March 8, 2021, the Court entered an Order approving the Tenth Interim Application (the "**Tenth Interim Order**") [Dkt. No. 15971] in the amount of $123,631.50 in compensation and $11,902.01 in expenses. Marchand has received payment $111,268.35 in compensation and $11,902.01 in expenses of the amounts approved in the Tenth Interim Application.

36.     By this Application, Marchand seeks allowance of $110,736.00 in compensation and $12,950.94 in expense reimbursement. As of the date of this Application, Marchand has received $51,276.60 of payment for services performed and $5,663.64 in reimbursement for expenses incurred during the Interim Period.

37.     Marchand's fees are based upon hours charged, recorded in tenth of an hour increments, at Marchand's ordinary and customary hourly rates, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Marchand on behalf of the Retiree Committee. The rates set forth herein are consistent with the rates Marchand charges other clients.

38.     The cover sheet to this Application contains a schedule setting forth all Marchand professionals who have performed services in the Title III Cases during the Interim Period, the capacity in which each individual is employed by Marchand, the hourly billing rate charged for services performed by such individual, and the aggregate number of hours expended in this case and fees billed therefore.

39.     This is Marchand's eleventh request for interim compensation in these Title III Cases. As set forth in the Marchand Certification, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Retiree Committee in connection with these Title III Cases. To the best of Marchand's knowledge and as disclosed in

10

the *Declaration of Jorge Marchand* [Dkt. No. 1280-3] (the "**Marchand Declaration**"), Marchand is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and Marchand's professionals do not hold or represent any interest adverse to the Retiree Committee.

40.     Marchand performed the services for which it is seeking compensation on behalf of the Retiree Committee and not on behalf of any other committee, creditor, or other entity.

41.     Marchand has not received payment or promise of payment from any source other than the Commonwealth for its services rendered and expenses incurred on behalf of the Retiree Committee or to be provided in any capacity whatsoever in connection with the Title III Cases.

**Fees and Expenses Incurred During Interim Period**

**A.     Customary Billing Disclosures**

42.     Marchand's hourly rates are set at a level designed to compensate Marchand fairly for the work of its professionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Marchand in the Title III Cases are equivalent to the hourly rates and corresponding rate structure used by Marchand hourly are commensurate with industry standards and not significantly different from the rates and fees that Marchand charges for other similar types of services.

**B.     Fees Incurred During Interim Period**

43.     In the ordinary course of Marchand's practice, Marchand maintains records of the time spent on the professional services provided to the Retiree Committee. **Exhibit D** to this Application is a summary of fees incurred and hours worked during the Interim Period for which compensation is sought on an hourly basis in this Application, setting forth the following information:

- the name of each professional for whose work compensation is sought;

11

- the aggregate time worked and fees billed by each professional during the Interim Period;

- the hourly billing rate for each professional at Marchand's current billing rates; and

- a calculation of total compensation requested using the rates disclosed in the Marchand Application.

**C.     Expenses Incurred During Interim Period**

44.     In the ordinary course of Marchand's practice, Marchand maintains a record of expenses incurred in rendering professional services to the Retiree Committee and for which reimbursement is sought. **Exhibit E** to this Application is a summary for the Interim Period of the total amount of expenses for which Marchand seeks reimbursement with respect to each category of expenses. The out-of-pocket disbursement sum is broken down into categories of charges.

## Summary of Services Provided During the Interim Period

45.     During the Interim Period, Marchand provided important services to the Retiree Committee in connection with the Title III Cases. A summary of the services Marchand provided to the Retiree Committee during the Interim Period is set forth in paragraphs 46 through 48 below.

46.     Marchand has established, in accordance with its internal billing procedures, subject matters categories (each, a "**Matter Category**") for keeping time records of the work performed for the Retiree Committee. A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by Marchand professionals for each Matter Category, and the aggregate fees associated with each Matter Category is attached as **Exhibit F**. Marchand's records of time worked providing professional services to the Retiree Committee are attached hereto as **Exhibit G**, and Marchand's records of expenses incurred during the Interim Period in the rendition of professional services to the Retiree Committee are attached as **Exhibit H**.

47.    The following is a summary, by Matter Category, of the professional services provided by Marchand during the Interim Period. This summary is organized in accordance with Marchand's internal system of matter numbers.

**Project Meetings**
**Total Hours: 287.90          Fees: $38,522.00**

48.    Marchand's recorded time entries in this category reflect (a) internal conference calls, meetings, and strategic planning; and (b) external communications with the Retiree Committee, other Retiree Committee professionals, and third parties.

**Project Management**
**Total Hours: 438.40          Fees: $59,037.50**

49.    Marchand's recorded time entries in this category reflect (a) strategic planning and content development for the Retiree Committee's digital platforms; (b) organizing and producing radio programs to disseminate information relevant to the Retiree Committee's constituents; (c) reviewing and developing answers to retiree questions and comments received through the Retiree Committee's digital platforms and promotional brochure; (d) preparing, developing and summarizing communications and documents to be posted on the Retiree Committee's digital platforms and promotional brochure; (e) reviewing documents and communications to be posted on the Retiree Committee's digital platforms; and (f) translation of news articles, official documents and/or any type of communication between the Retiree Committee, other Retiree Committee professionals, and other third parties .

13

*Website Development and Management*

**Total Hours: 138.70          Fees: $13,176.50**

50.       Marchand's recorded time entries in this category reflect research, content development, and management of website, social media, and other digital properties for communication with retirees.

### Actual and Necessary Expenses Incurred by Marchand During the Interim Period

51.       As summarized in Exhibit E and as set forth in detail in Exhibit H, Marchand has incurred a total of $12,950.94 in expenses on behalf of the Retiree Committee during the Interim Period. These charges are intended to reimburse Marchand's direct costs that are not included in Marchand's hourly billing rates.

### Marchand's Requested Compensation and Reimbursement Should be Allowed

52.       The services for which Marchand seeks compensation in this Application were, at the time provided, necessary for and beneficial to the Retiree Committee. Marchand performed these services economically, effectively, and efficiently. Marchand submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Retiree Committee. Accordingly, Marchand submits the compensation sought in this Application is warranted and should be approved.

**A.       Compensation Under Sections 316 and 317 of PROMESA.**

53.       Section 317 of PROMESA authorizes interim compensation of professionals and incorporates the substantive standards of section 316 of PROMESA to govern the Court's award of interim compensation. Section 316 of PROMESA provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered," and "reimbursement for actual, necessary expenses."  48 U.S.C. § 2176(a)(1), (2). Section 316(c) sets forth the criteria for such an award:

In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(1)      the time spent on such services;

(2)      the rates charged for such services;

(3)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(4)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(6)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or Title 11.

48 U.S.C. § 2176(c).

54.      As analyzed below, Marchand submits the elements governing awards of compensation under PROMESA justify the allowance requested.

**1.      The Time and Labor Required**

55.      During the Interim Period, Marchand's professionals spent 885.80 hours providing professional services to the Retiree Committee for which Marchand seeks compensation on an hourly basis. Marchand required this amount of time to satisfy the Retiree Committee's obligations to provide information to retirees under section 1102(b)(3) of the Bankruptcy Code and perform additional communications services and other tasks described herein.

2. **The Rates Charged for Such Services**

56.    During the Interim Period, Marchand's hourly billing rates ranged from $95 for Media Managers to $175 for Principals. Based on the recorded hours expended by Marchand's professionals, the average hourly billing rate was $126.71 for Marchand timekeepers.

57.    Marchand's hourly rates are set at a level designed to compensate Marchand fairly for the work of its professionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

58.    The hourly rates and corresponding rate structure that Marchand charges in these cases are equivalent to or less than the hourly rates and corresponding rate structure that Marchand charges for similar services, whether in court or otherwise, regardless of whether a fee application is required.

3. **The Necessity of the Services and the Benefit to the Estate's Retirees**

59.    As described herein, the services rendered by Marchand were necessary for the efficient and economical resolution of the Retiree Committee's interests in the Title III Cases. All of those services directly benefitted the Retiree Committee and the Retirees.

60.    The Retiree Committee has reviewed the Application and has approved the compensation and reimbursement of expenses requested herein.

4. **The Reasonableness of the Time Spent, Based on the Complexity, Importance, and Nature of the Issues**

61.    Marchand's work involved the representation of the Title III Cases' largest creditor constituency—Puerto Rico's approximately 167,000 retired teachers, police officers, firefighters, judges, municipal clerks, engineers, and other government workers of all categories. Marchand's

16

professional services during the Interim Period were necessary to provide the Retirees timely updates on the status of the Title III Cases and their impact on retirees and to assist the Retiree Committee in delivering clear and consistent messaging to retirees. In light of the foregoing, Marchand submits that the compensation requested is reasonable.

### 5. The Experience, Reputation, and Ability of the Professionals Providing Services

62.     As set forth in the Retention Application, the Retiree Committee selected Marchand as its Information Agent because Marchand has deep roots in Puerto Rico and is one of Puerto Rico's leading strategic communications firms with decades of experience in media relations, community relations, litigation support, and strategic communications services. Through its work, Marchand has earned a reputation as an honest and reliable source of information throughout the Commonwealth.

### 6. Customary Compensation

63.     The work for which Marchand seeks compensation in this Application is of the type and nature for which Marchand customarily would seek compensation at the rates identified in this Application. In addition, the compensation Marchand seeks in this Application is comparable to the compensation it would have sought for comparable work outside of the Title III Cases.

64.     Marchand submits that the compensation requested is reasonable under all the factors considered under sections 316 and 317 of PROMESA and that the factors justify the allowance in full of Marchand's compensation and reimbursement request.

65.     In view of the foregoing, Marchand respectfully requests that it be allowed interim compensation of $110,736.00 for services rendered during the Interim Period.

17

**B.**      **Reasonable and Necessary Expenses Incurred in Providing Services to the Retiree Committee.**

66.      For the Interim Period, Marchand requests reimbursement of $12,950.94 for reasonable and necessary costs and expenses incurred on behalf of the Retiree Committee.

67.      Marchand's normal billing rates do not take these costs and expenses into consideration. Rather, Marchand bills each cost and expense to the applicable client separately, in each case, at Marchand's costs.

68.      Marchand does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services. Any services billed by a third-party vendor are charged to the Retiree Committee in the amount billed to and paid by Marchand.

69.      Marchand has made reasonable efforts to minimize its costs and expenses in connection with its representation of the Retiree Committee. Each of the costs and expenses Marchand has incurred in providing professional services to the Retiree Committee was necessary, reasonable, and justified under the circumstances to serve the needs of the Retiree Committee.

## Statement by Marchand Under Paragraph C(5) of the UST Guidelines

70.      This engagement does not involve variations from Marchand's standard and customary billing rates.

71.      None of the professionals included in this Application varied their hourly rate based on the geographic location of their cases.

72.      The Application does not include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

73.      The Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

18

74.     The hourly rates specified in the Retention Application were effective January 1,
2017, and have not increased since that time. For certain services rendered prior to January 1,
2017, Marchand's hourly rates were lower than the rates described in the Retention Application.
Marchand's engagement letter with the Retiree Committee provides that Marchand's hourly rates
are subject to periodic adjustment to reflect economic and other conditions.

75.     Consistent with the UST Guidelines and the Fee Examiner Memorandum,
Marchand submits monthly budgets to the Fee Examiner. Marchand's budgets estimated fees for
the Interim Period at $131,300.00. Marchand is requesting compensation of $110,736.00 for the
Interim Period—$20,564.00 less than the amount budgeted—due to lower-than-anticipated
demand for required communications services.

### Reservation of Rights and Notice

76.     It is possible that some professional time expended or expenses incurred during the
Interim Period are not reflected in the Application. Marchand reserves the right to include such
amounts in future fee applications.

77.     Pursuant to the Interim Compensation Order, the Retiree Committee has provided
notice of this Application to: (a) the U.S. Trustee; (b) counsel to the FOMB; (c) counsel to
AAFAF; (d) counsel to the UCC; (e) the Fee Examiner; and (f) all parties that have filed a notice
of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable
provisions of the Local Rules, and requested such notice.

### No Prior Request

78.     No prior application for the relief requested by this Application has been made to
this or any other court.

WHEREFORE, Marchand respectfully requests that the Court enter an order: (a) awarding Marchand $110,736.00 in compensation for professional services provided during the Interim Period; (b) reimbursement of $12,950.94 in actual, reasonable, and necessary expenses incurred in the Interim Period; (c) granting such other relief as is appropriate under the circumstances.

Dated: March 15, 2021
      San Juan, Puerto Rico

Respectfully submitted,

MARCHAND ICS GROUP

By:
*/s/ Jorge Marchand Sifre*
Jorge Marchand Sifre
161 San Jorge St., Suite 402-E
San Juan, Puerto Rico 00911
(787) 765-0444
jorge@marchandics.com

*Information Agent for The Official Committee
of Retired Employees of Puerto Rico*