**Hearing Date**: August 4, 2021 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 5, 2021 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                          : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    : Title III
                                                                       :
          as representative of                                         : Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,           : (Jointly Administered)
                                                                       :
          Debtors.[1]                                                  :
------------------------------------------------------------------------- x

## NOTICE OF HEARING ON ELEVENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

**PLEASE TAKE NOTICE** that a hearing on the annexed *Eleventh Interim Fee*

*Application of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for*

*Services Rendered and Reimbursement of Expenses for Period from October 1, 2020 through*

*January 31, 2021* (the "Application") filed by Paul Hastings LLP, pursuant to section 1103(a)(1)

of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico

Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held

before the Honorable Laura Taylor Swain, United States District Judge, at the United States

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **August 4, 2021 at 9:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

        **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building, San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court, 150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served in accordance with the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the Interim Compensation Order) no later than **April 5, 2021 at 4:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").


                    [*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  March 15, 2021                    /s/ Luc A. Despins

                                          PAUL HASTINGS LLP
                                          Luc A. Despins, Esq. (Pro Hac Vice)
                                          James R. Bliss, Esq. (Pro Hac Vice)
                                          Nicholas A. Bassett, Esq. (Pro Hac Vice)
                                          G. Alexander Bongartz, Esq. (Pro Hac Vice)
                                          200 Park Avenue
                                          New York, New York 10166
                                          Telephone:  (212) 318-6000
                                          lucdespins@paulhastings.com
                                          jamesbliss@paulhastings.com
                                          nicholasbassett@paulhastings.com
                                          alexbongartz@paulhastings.com

                                          *Counsel to the Official Committee of Unsecured
                                          Creditors*

                                          - and -

                                          /DRAFT/ Juan J. Casillas Ayala

                                          CASILLAS, SANTIAGO & TORRES LLC
                                          Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
                                          Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
                                          Juan C. Nieves González, Esq. (USDC - PR 231707)
                                          Cristina B. Fernández Niggemann, Esq. (USDC - PR
                                          306008)
                                          PO Box 195075
                                          San Juan, PR 00919-5075
                                          Tel.: (787) 523-3434 Fax: (787) 523-3433
                                          jcasillas@cstlawpr.com
                                          ifernandez@cstlawpr.com
                                          jnieves@cstlawpr.com
                                          cfernandez@cstlawpr.com

                                          *Local Counsel to the Official Committee of Unsecured
                                          Creditors*

**Hearing Date**: August 4, 2021 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 5, 2021 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------- x
                                                     :

In re:                                      :
                                         :

THE FINANCIAL OVERSIGHT AND       :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :    Title III
                                         :

        as representative of               :    Case No. 17-BK-3283 (LTS)
                                         :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,    :    (Jointly Administered)
                                         :

        Debtors.[1]                             :
-------------------------------------------------------------------- x

# ELEVENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "Committee")[2] |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | October 1, 2020 through and including January 31, 2021 (the "Application Period") |

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | $1,861,843.00 / $1,489,474.40[3] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $60,177.37 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $60,300,941.92 |
| Total expenses approved by interim order to date: | $2,080,987.29 |
| Total allowed compensation paid to date: | $49,137,104.42 |
| Total allowed expenses paid to date: | $2,080,987.29 |
| Blended rate in this Application for all attorneys: | (a) $1,159 /hour; (b) $927/hour[5] |
| Blended rate in this Application for all timekeepers: | (a) $1,063 /hour; (b) $ 851/hour[4] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $869,776.80 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $31,526.14 |
| The total time expended for fee application preparation during the Application Period: | Approximately 33.3 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $35,437.00 |

---

[3]   While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of fees in the amount of $1,489,474.40 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of $1,861,843.00. By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[4]   The calculation of the blended hourly rates reflected in (a) does not take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process. The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time. However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| | |
|---|---|
| Number of professionals included in this Application: | 21 |
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | Not applicable. |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | Not applicable. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 9 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | There has been no change in rates compared to the immediately prior fee period (June 1, 2020 through September 30, 2020).[5] |

---

[5]   When calculated at the rates in effect during the initial fee period (June 26, 2017 through September 30, 2017), total fees for the Application Period would have been $1,544,037.50 (compared to $1,861,843.00 under the current rates).  The rate adjustments reflect not only Paul Hastings' across-the-board increases in its rate scale, but also step increases due to advancing seniority.  While $317,805.50 of Paul Hastings' fees for the Application Period are attributable to periodic changes in rates, $50,619.50 of this amount is attributable to step increases due to advancing seniority.  (Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion.")  Thus, only $267,186.00 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention.

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20[6] | $30,631.53[7] | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,357,280.60 | $408,763.80 | $1,357,280.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |
| **Total** | | **$6,940,890.20** | **$586,993.66** | **$6,940,890.20** | **$586,993.66** | **$1,735,222.55** |
| | | | | | | |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $983,056.20 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |

---

[6]   This amount reflects a credit of $13,507.00 for fee reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

[7]   This amount reflects a credit of $21,926.16 for expense reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 10/8/18 | 7/1/18 - 7/31/18 | $1,061,831.60 | $77,376.40 | $1,061,831.60 | $77,376.40 | $265,457.90 |
| 11/2/18 | 8/1/18 - 8/31/18 | $1,288,866.00 | $39,833.17 | $1,288,866.00 | $39,833.17 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,302,462.40 | $39,196.98 | $1,302,462.40 | $39,196.98 | $325,615.60 |
| **Total** | | **$4,636,216.20** | **$201,725.65** | **$4,636,216.20** | **$201,725.65** | **$1,159,054.05** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/19/18 | 10/1/18 – 10/31/18 | $968,238.40 | $17,300.41 | $968,238.40 | $17,300.41 | $242,059.60 |
| 01/07/19 | 11/1/18 – 11/30/18 | $695,795.40 | $9,071.96 | $695,795.40 | $9,071.96 | $173,948.85 |
| 02/20/19 | 12/1/18 – 12/31/18 | $932,751.60 | $24,110.50 | $932,751.60 | $24,110.50 | $233,187.90 |
| 03/15/10 | 1/1/19 – 1/31/19 | $1,040,883.79[8] | $38,921.42[9] | $1,040,883.79 | $38,921.42 | $260,220.95 |
| **Total** | | **$3,637,669.19** | **$89,404.29** | **$3,637,669.19** | **$89,404.29** | **$909,417.30** |
| | | | | | | |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | |
| 06/13/19 | 2/1/19 – 2/28/19 | $1,098,711.60 | $30,746.31 | $1,098,711.60 | $30,746.31 | $274,677.90 |
| 06/13/19 | 3/1/19 – 3/31/19 | $1,453,006.40 | 25,745.44 | $1,453,006.40 | $25,745.44 | $363,251.60 |
| 07/03/19 | 4/1/19 – 4/30/19 | $1,852,132.00 | $64,731.53 | $1,852,132.00 | $64,731.53 | $463,033.00 |
| 07/15/19 | 5/1/19 – 5/31/19 | $2,143,294.80 | $61,317.34 | $2,143,294.80 | $61,317.34 | $535,823.70 |
| **Total** | | **$6,547,144.80** | **$182,540.62** | **$6,547,144.80** | **$182,312.69** | **$1,636,786.20** |
| | | | | | | |
| **Seventh Interim Fee Period (June 1, 2019 through September 30, 2019)** | | | | | | |
| 08/21/19 | 6/1/19 – 6/30/19 | $1,841,416.66[10] | $300,689.64 | $1,841,416.66 | $300,689.64 | $478,122.60 |

---

[8] This amount reflects a credit of $158,129.01 for fee reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[9] This amount reflects a credit of $6,033.82 for expense reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[10] This amount reflects a credit of $88,842.17 for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/27/19 | 7/1/19 – 7/31/19 | $1,955,942.80 | $380,030.21 | $1,955,942.80 | $380,030.21 | $488,985.70 |
| 10/31/19 | 8/1/19 – 8/31/19 | $1,051,966.00 | $127,240.87 | $1,051,966.00 | $127,240.87 | $262,991.50 |
| 11/14/19 | 9/1/19 – 9/30/19 | $1,052,167.20 | $92,968.55[11] | $1,052,167.20 | $92,968.55 | $263,041.80 |
| **Total** | | **$5,901,492.71** | **$900,929.27** | **$5,901,492.66** | **$900,929.27** | **$1,493,141.60** |
| | | | | | | |
| **Eighth Interim Fee Period (October 1, 2019 through January 31, 2020)** | | | | | | |
| 12/19/20 | 10/1/19 – 10/31/19 | $1,911,593.40 | $113,178.50 | $1,911,593.40 | $113,178.50 | $477,898.35 |
| 01/09/20 | 11/1/19 – 11/30/19 | $830,350.40 | $68,843.54 | $830,350.40 | $68,843.54 | $207,587.60 |
| 02/28/20 | 12/1/19 – 12/31/19 | $811,470.37[12] | $54,148.03[13] | $811,470.37 | $54,148.0$3 | $202,867.59 |
| 03/13/20 | 1/1/20 – 1/31/20 | $961,055.40 | $44,734.48 | $961,055.40 | $44,734.48 | $240,263.85 |
| **Total** | | **$4,514,469.57** | **$280,904.55** | **$4,514,469.57** | **$280,904.55** | **$1,128,617.39** |
| | | | | | | |
| **Ninth Interim Fee Period (February 1, 2020 through May 31, 2020)** | | | | | | |
| 04/27/20 | 2/1/19 – 2/29/20 | $1,537,133.80 | $64,790.53 | $1,537,133.80 | $64,790.53 | $384,283.45 |
| 05/15/20 | 3/1/20 – 3/31/20 | $1,230,017.80 | $26,061.77 | $1,230,017.80 | $26,061.77 | $307,504.45 |
| 06/05/20 | 4/1/20 – 4/30/20 | $665,122.80 | $30,205.99 | $665,122.80 | $30,205.99 | $166,280.70 |
| 07/10/20 | 5/1/20 – 5/31/20 | $398,858.80 | $18,014.66 | $398,858.80 | $18,014.66 | $99,714.70 |
| **Total** | | **$3,831,133.20** | **$139,072.95** | **$3,831,133.20** | **$139,072.95** | **$957,783.30** |
| | | | | | | |
| **Tenth Interim Fee Period (June 1, 2020 through September 30, 2020)** | | | | | | |
| 08/6/20 | 6/1/20 – 6/30/20 | $331,160.82[14] | $8,379.46[15] | $331,160.82 | $8,379.46 | $82,790.20 |

---

[11] This amount reflects a credit of $606.96 for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[12] This amount reflects a credit of $145,627.04 for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[13] This amount reflects a credit of $227.93 for expense reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 09/14/20 | 7/1/20 – 7/31/20 | $487,330.80 | $66,532.00 | $487,330.80 | $66,532.00 | $121,832.70 |
| 10/10/20 | 8/1/20 – 8/31/20 | $516,247.20 | $34,799.52 | $516,247.20 | $34,799.52 | $129,061.80 |
| 11/2/20 | 9/1/20 – 9/30/20 | $499,875.60 | $39,927.12 | $499,875.60 | $39,927.12 | $124,968.90 |
| **Total** | | **$1,834,614.42** | **$149,638.10** | **$1,834,614.42** | **$149,638.10** | **$458,653.60** |
| | | | | | | |
| **Eleventh Interim Fee Period (October 1, 2020 through January 31, 2021)** | | | | | | |
| 12/12/20 | 10/1/20 – 10/31/20 | $579,022.80 | $22,036.54 | $579,022.80 | $9,489.60 | $144,755.40 |
| 01/8/21 | 11/1/20 – 11/30/20 | $290,754.00 | $22,036.54 | $290,754.00 | $22,036.54 | $72,688.50 |
| 02/12/21 | 12/1/20 – 12/31/20 | $417,523.60 | $14,383.76 | $0.00 | $0.00 | $104,380.90 |
| 03/11/21 | 1/1/21 – 1/31/21 | $202,174.00 | $14,267.47 | $0.00 | $0.00 | $50,543.50 |
| **Total** | | **$1,489,474.40** | **$60,177.37** | **$869,776.80** | **$31,526.14** | **$372,368.60** |

---

[14]  This amount reflects a credit of (a) $99,027.94 for fee reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $73,343.54 for fee reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[15]  This amount reflects a credit of (a) $548.31 for expense reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $99.18 for expense reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[16] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[17] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed: $6,960,689.25 Paid: $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $104,666.09[18] Paid: $82,739.90 Authorized to be paid: $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | Docket No. 5654 | Allowed: $8,576,523.01 Paid: $6,940,890.20 Authorized to be paid: $6,861,218.41[19] | Allowed: $583,256.46 Paid: $586,993.66 Authorized to be paid: $583,256.46[20] |
| 11/16/18 Docket No. 4325 | 6/1/18 – 9/30/18 | $5,795,270.25 | $201,725.65 | Docket No. 5654 | Allowed: $5,736,730.98 Paid: $4,636,216.20 Authorized to be paid: $4,589,384.78[21] | Allowed: $199,429.03 Paid: $201,725.65 Authorized to be paid: $199,429.03[22] |

---

[16]   Reflects fee reductions in the amount of 80% of $13,507.00 (or $10,806.40), which was credited against amounts payable under the January 2018 fee statement.

[17]   Reflects expense reductions in the amount of $21,926.16, which was credited against amounts payable under the January 2018 fee statement.

[18]   Prior to application of a $21,926.16 credit for expense reductions pursuant to order approving Paul Hastings' First Interim Fee Application.

[19]   Reflects fee reductions in the amount of 80% of $99,589.74 (or $79,671.79), which was credited against amounts payable under the January 2019 fee statement.

[20]   Reflects expense reductions in the amount of $3,737.20, which was credited against amounts payable under the January 2019 fee statement.

[21]   Reflects fee reductions in the amount of 80% of $58,539.27 (or $46,831.42), which was credited against amounts payable under the January 2019 fee statement.

[22]   Reflects expense reductions in the amount of $2,296.62, which was credited against amounts payable under the January 2019 fee statement.

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 4/18/2019 Docket No. 5822 | 10/1/18 – 1/31/19 | $4,705,215.50 | $95,438.11 | Docket No. 8189 | Allowed: $4,509,478.17 Paid: $3,637,669.19[23] Authorized to be paid: $3,566,595.46[24] | Allowed: $94,831.15 Paid: $89,404.29[25] Authorized to be paid: $88,797.33[26] |
| 7/15/19 Docket No. 8004 | 2/1/19 – 5/31/19 | $8,183,931.00 | $182,540.62 | Docket No. 9687 | Allowed: $7,842,124.12 Paid: $6,547,144.80 Authorized to be paid: $6,430,643.17[27] | Allowed: $182,312.69 Paid: $182,312.69 Authorized to be paid: $182,084.76[28] |
| 11/15/19 Docket No. 9219 | 6/1/19 – 9/30/19 | $7,465,708.00 | $901,536.23 | Docket No. 12861 | Allowed: $7,135,691.63 Paid: $5,901,492.66[29] Authorized to be paid: $5,733,012.71[30] | Allowed: $384,942.38 Paid: $900,929.27[31] Authorized to be paid: $385,549.34[32] |

---

[23]   After giving effect to credits for fee reductions in the aggregate amount of 80% of $158,129.01 (or $126,503.21) pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[24]   Reflects fee reductions in the amount of 80% of $88,842.16 (or $71,073.73), which was credited against amounts payable under the June 2019 fee statement.  Also, amount authorized to be paid is net of $126,503.21 in credits for fee reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[25]   After giving effect to credits for expense reductions in the aggregate amount of $6,033.82 pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[26]   Reflects expense reductions in the amount of $606.96, which was credited against amounts payable under the September 2019 fee statement.  Also, amount authorized to be paid is net of $6,033.82 in credits for expense reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[27]   Reflects fee reductions in the amount of 80% of $145,627.04 (or $116,501.63), which was credited against amounts payable under the December 2019 fee statement.

[28]   Reflects expense reductions in the amount of $227.93, which was credited against amounts payable under the December 2019 fee statement.

[29]   After giving effect to credits for fee reductions in the amount of $88,842.17 (or $71,073.74 after 20% reduction) pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[30]   Reflects (a) fee reductions in the amount of 80% of $99,027.94 (or $79,222.35), which will be credited against the amounts payable under the June 2020 fee statement and (b) deferral of fees in the amount of 80% of $111,572.00 (or $89,257.60), as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $71,073.73 in credits for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 3/16/20 Docket No. 12395 | 10/1/19 – 1/31/20 | $5,788,714.00 | $281,132.48 | Docket No. 13824 | Allowed: $5,641,450.42 Paid: $4,514,469.57[33] Authorized to be paid: $4,455,794.74[34] | Allowed: $281,132.48 Paid: $280,904.55[35] Authorized to be paid: $281,033.30[36] |
| 7/15/20 Docket No. 13682 | 2/1/20 – 5/31/20 | $4,788,916.50 | $139,072.95 | Docket No. 15355 | Allowed: $4,633,541.85 Paid: $3,831,133.20 Authorized to be paid: $3,768,121.34[37] | Allowed: $139,072.95 Paid: $139,072.95 Authorized to be paid: $139,072.95 |
| 11/16/20 Docket No. 15160 | 6/1/20 – 9/30/20 | | | Not applicable | Allowed: TBD | Allowed: TBD |

---

[31]  After giving effect to credits for expense reductions in the amount of $606.96 pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[32]  Reflects (a) expense reductions in the amount of $548.31, which will be credited against amounts payable under the June 2020 fee statement and (b) deferral of expenses in the amount of $515,438.58, as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $606.96 in credits for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[33]  After giving effect to credits for fee reductions in the amount of $145,627.04 (or $116,501.63 after 20% reduction) pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[34]  Reflects fee reductions in the amount of 80% of $73,343.54 (or $58,674.83), which was credited against amounts payable under the June 2020 fee statement.  Also, amount authorized to be paid is net of $116,501.63 in credits for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[35]  After giving effect to credits for expense reductions in the amount of $227.93 pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[36]  Reflects expense reductions in the amount of $99.18, which was credited against amounts payable under the June 2020 fee statement.

[37]  Reflects fee reductions in the amount of 80% of $78,764.83 (or $63,011.86), which will be credited against amounts payable under the February 2021 fee statement.

**Hearing Date**: August 4, 2021 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 5, 2021 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

| | : | |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

------------------------------------------------------------------------ x

# ELEVENTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 8

COMPENSATION AND REIMBURSEMENT REQUEST ...................................................... 15

SUMMARY OF SERVICES .................................................................................................. 19

     I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
            (Matter ID 00002) ............................................................................................... 20

     II.    PREPA (Matter ID 00006) ................................................................................... 26

     III.   ERS (Matter ID 00008)........................................................................................ 26

     IV.   Other Adversary Proceedings (Matter ID 00009)................................................ 27

     V.    Creditors Committee Meetings (Matter ID 00012) .............................................. 28

ATTENDANCE AT HEARINGS ............................................................................................ 29

REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND
COMMITTEE......................................................................................................................... 30

ACTUAL AND NECESSARY DISBURSEMENTS ................................................................ 32

REQUESTED COMPENSATION SHOULD BE ALLOWED.................................................. 33

CONCLUSION....................................................................................................................... 37

## SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

| | |
|---|---|
| EXHIBIT A | CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES |
| EXHIBIT B | SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION |
| EXHIBIT C | BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD |
| EXHIBIT C-1 | BUDGETS |
| EXHIBIT C-2 | STAFFING PLANS |
| EXHIBIT D | SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY |
| EXHIBIT D-1 | SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY AS COMPARED TO BUDGET |
| | FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY PROJECT CATEGORY AND BY MATTER |
| EXHIBIT D-2 | SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY |
| EXHIBIT E | BREAKDOWN OF COMPENSATION AND EXPENSE REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE PUERTO RICO |
| SCHEDULE 1 | LIST OF PROFESSIONALS BY MATTER |
| SCHEDULE 2 | MONTHLY STATEMENTS COVERED IN APPLICATION |
| SCHEDULE 3 | PROPOSED ORDER |

To the Honorable United States District Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors (the "Committee"),[1] for its eleventh application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from October 1, 2020 through and including January 31, 2021 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1.      During the Application Period, Paul Hastings continued to handle numerous matters that were of critical importance to the interests of the Debtors and their creditors.  As with the immediately prior application period, Paul Hastings' scope of work continued to be much reduced as compared to its work prior to the onset of the COVID-19 pandemic and the adjournment of the hearing on the disclosure statement and related deadlines.  Moreover, litigation related to the PREPA restructuring support agreement and the motion to approve same (the "PREPA RSA Motion") remained on hold.   As a result, during the Application Period, the

---

[1]    Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]    References to PROMESA are references to 48 U.S.C. §§ 2101 *et seq.*

Committee focused its attention on the litigation that continued to move forward, including the

Committee's challenges to $3 billion of ERS bondholder claims on *ultra vires* grounds (the

"ERS Claim Objections") and the litigation related to the claims of certain holders of revenue

bonds issued by HTA and certain other instrumentalities (the "Revenue Bonds" and holders and

insurers of such bonds, the "Revenue Bondholders").  Given the narrower focus of Paul

Hastings' work, the monthly average of Paul Hastings' fees during the Application Period was

approximately **70% lower** than the monthly average of Paul Hastings' fees during the prior 39

months of these Title III cases.

2.      In particular, Paul Hastings continued to represent the Committee in connection

with the relief from stay motions filed by certain Revenue Bondholders (the "Revenue Bond Stay

Relief Motions"), including the related appeals before the First Circuit, as well as the adversary

proceedings challenging Revenue Bondholders' claims (the "Revenue Bond Adversary

Proceedings") with respect to three separate instrumentalities: the Puerto Rico Highways and

Transportation Authority, the Puerto Rico Convention Center District Authority, and the Puerto

Rico Infrastructure Financing Authority.  In the interest of minimizing fees, the Committee did

not prepare its own briefs in these matters.  Rather, Paul Hastings (a) provided counsel to the

Oversight Board with informal comments to the Oversight Board's briefs in the Revenue

Bondholders' appeal of the Court's denial of their lift stay motion and (b) prepared the

Committee's limited joinders in these briefs.

3.      Paul Hastings also devoted significant time to the ERS Claim Objections and

related adversary proceedings, which continued to move forward during the Application Period.

Among other things, Paul Hastings prepared the reply for the Committee's motion for summary

judgment on the *ultra vires* issue, as well as conducted legal research and analysis in connection

2

with this preparation.  In addition, Paul Hastings also drafted motions to strike and exclude

evidence, which motions were (for all relevant purposes) granted by the Court.

4.       Importantly, in both the Revenue Bonds-related litigation and ERS Claim

Objection litigation, the Committee sought to minimize fees, to the greatest extent practicable, by

filing limited joinders to other parties' pleadings whenever possible (as opposed to drafting

entire stand-alone motions, objections, or replies).   Where the Committee filed stand-alone

pleadings (such as the reply in support of its summary judgment motion in the ERS Claim

Objection litigation), the Committee avoided duplication of efforts by focusing on issues that

were not the focus of the pleadings filed by other aligned parties.

5.       Furthermore, during the Application Period Paul Hastings continued to represent

the Committee with respect to PREPA's Title III case—although at a much lower rate of activity

compared to the pre-COVID fee application periods.  This work was critical given the continuing

adjournment of the PREPA RSA Motion and the Committee's efforts to move forward with the

Committee's objection to PREPA bond claims, which had been denied without prejudice on the

grounds that the PREPA RSA Motion was pending.  Following the Court's denial of the

Committee's motion to terminate the PREPA RSA Motion, Paul Hastings prepared the related

appeal, including a motion to expedite the same as well as briefing on jurisdictional questions, as

requested by the First Circuit.  As of the time of this Application, this appeal remains pending.

6.       In addition, Paul Hastings prepared the Committee's limited objection to the

Oversight Board's motion seeking assumption of certain prepetition settlement agreements with

the Garcia Rubiera Class Plaintiffs.  While the Committee does not oppose payment in full of all

general unsecured creditors, the Committee was compelled to file this objection because the

prepetition settlement agreements are not executory contracts and, thus, cannot be assumed under

section 365 of the Bankruptcy Code.  As of the date of this Application, the Court has not yet ruled on the Oversight Board's motion.

7.      Moreover, during the Application Period, Paul Hastings continued to handle the Committee's efforts to seek relief from the Court's stay of the Committee's GO priority objection.  Among other things, Paul Hastings prepared the appeal of this Court's denial of the Committee's lift stay motion, including a motion to expedite the appeal as well as briefing on jurisdictional questions (as requested by the First Circuit).  Ultimately, the First Circuit dismissed the Committee's appeal on the basis that the Committee had not carried its burden of demonstrating the orders in question were final and appealable.

8.      All the while, Paul Hastings has continued to advise the Committee on all issues bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to protect their rights, including by:

> a.     preparing a response in opposition to the PSA Creditors' request to impose a plan confirmation timeline (which motion was ultimately denied);
>
> b.     reviewing information provided by the Oversight Board's advisors regarding the ongoing claims reconciliation process;
>
> c.     reviewing the Oversight Board's reports regarding the designation and status of claims in connection with the alternative dispute resolution ("ADR") process and administrative claims reconciliation ("ACR") process, as well as communicating with the Oversight Board regarding the selection of ADR process arbitration providers.
>
> d.     holding regular Committee meetings and communicating regularly with Committee members regarding ongoing matters in the Title III cases; and
>
> e.     monitoring hearings, pleadings filed, and orders entered in the Title III cases and related adversary proceedings (including, where appropriate, filing objections), and representing the Committee in hearings before the Court.

9.      Paul Hastings has continued to perform these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by Paul Hastings was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the extent practicable, questions of Puerto Rico law to local counsel.

10.      In addition, a small core group of Paul Hastings attorneys was utilized for the vast majority of the work in these Title III cases to minimize the costs of intra-Paul Hastings communication and education about the cases.  Notably, as a general matter, no more than two Paul Hastings attorneys telephonically attended the various hearings held during the Application Period, thereby minimizing not only the time billed on these hearings but also the cost of travel and lodging.  This is to be contrasted with other firms that have several partners attending such hearings.

11.      Moreover, to the extent appropriate, Paul Hastings sought to work closely with counsel to the Oversight Board, counsel to the Oversight Board's Special Claims Committee (the "Special Claims Committee"), counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and counsel for the official committee of retirees (the "Retiree Committee") in order to eliminate unnecessary duplication and allocate tasks in an efficient manner.  For example, with limited exceptions, the Committee did not become involved in addressing stay relief requests and, instead, deferred these matters to representatives of the Debtors.  In addition, to the extent appropriate, the Committee joined in the relief sought by

5

other parties (as opposed to incurring the cost of preparing its own standalone motions) or concluded that no pleading was necessary at all.  The Committee has also continued to be very judicious in determining in which adversary proceedings to intervene, despite the First Circuit's ruling affirming the Committee's unconditional right to intervene in adversary proceedings.[3]

12.     Finally, we note that the blended attorney hourly rate ($927 after 20% reduction) for the Application Period is not comparable to the average hourly rate of other professionals in these Title III cases.  Importantly, the Firm's blended attorney hourly rate does not reflect the numerous cost-saving measures that were put in place, including deferring a variety of matters to the Committee's local counsel, Casillas, Santiago & Torres LLC ("CST"), and the Committee's special litigation counsel, Genovese, Joblove & Battista, P.A. ("GJB"), which have significantly lower rates than Paul Hastings.  For example, Paul Hastings determined (with Committee approval) that all garden-variety avoidance actions should be handled by CST.  Moreover, certain other adversary proceedings (such as the complaint against certain PREPA fuel suppliers) are being handled by GJB, even where Paul Hastings does not have a conflict.  Furthermore, Paul Hastings submits that concentrating work in small teams (that naturally involve more senior attorneys at higher rates) is more cost-efficient than spreading work out across large teams with numerous junior attorneys (which would have the effect of artificially lowering the blended hourly rate).  By comparison, on average, the Paul Hastings core teams are half the size of other firms' core team.

---

[3]     Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks allowance of $1,861,843.00 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of fees in the amount of $1,489,474.40 (to the extent such amount has not been paid before the hearing scheduled on this Application).

13.     In sum, Paul Hastings respectfully submits that the services for which it seeks
compensation in this Application were necessary for and beneficial to the Committee, the
Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value
for unsecured creditors during the pendency of these Title III cases.  The results obtained to date
have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in
light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional
services performed and expenses incurred are reasonable under applicable standards.  For all
these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow
interim compensation for professional services performed and reimbursement for expenses as
requested.

14.     This Application is consistent with the Interim Compensation Order (as defined
below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11
U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the
extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met
by this Application.[4]

15.     In accordance with the U.S. Trustee Guidelines, at the end of this Application are
the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable
  compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this
  Application.

---

[4]   The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S.
Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit C-1</u> contains the budgets for Paul Hastings' services during the Application Period.

- <u>Exhibit C-2</u> contains the staffing plans for Paul Hastings' services during the Application Period.

- <u>Exhibit D-1</u> contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period, and (b) a further breakdown of the compensation requested by project category and matter number.

- <u>Exhibit D-2</u> contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- <u>Exhibit E</u> contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- <u>Schedule 1</u> contains a list of the professionals providing services during the Application Period by matter.

- <u>Schedule 2</u> includes the monthly fee statements covered in this Application.

- <u>Schedule 3</u> includes the proposed order approving this Application.

## **<u>BACKGROUND</u>**

16.     On May 3, 2017, the Oversight Board commenced a Title III case for the

Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a)

of PROMESA (the "<u>Commonwealth Title III Case</u>").  Thereafter, the Oversight Board

commenced a Title III case for each of COFINA, the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico (the "<u>ERS Title III Case</u>"), the Puerto Rico

Highways and Transportation Authority (the "<u>HTA Title III Case</u>"), and the Puerto Rico Electric

Power Authority (the "<u>PREPA Title III Case</u>," and, together with the Commonwealth Title III

8

Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").[5]  By orders dated

June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the

joint administration of the Title III Cases.

17.       On June 15, 2017, the Office of the United States Trustee for the District of

Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured*

*Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel

to the Committee.

18.       On July 10, 2017, the Committee filed an application to retain and employ Paul

Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application").

By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"),

incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was

approved effective as of June 26, 2017.

19.       On August 23, 2017, the Court entered the *Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim

Compensation Order").[6]

20.       On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of*

*Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the

Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and

the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the

Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the

PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul

---

[5]      Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III
Case.

[6]      The Interim Compensation Order was most recently amended on June 6, 2018.

Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the

Committee if ever enlarged to include unsecured creditors of other debtors, without the need to

obtain a modification of this Order."

21.     The Retention Order authorized Paul Hastings to be compensated on an hourly

basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316

and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court

may direct.[7]  The Retention Order further provides that "[p]ursuant to Bankruptcy Code

section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul

Hastings under this Order shall be an administrative expense."  In addition, as provided in the

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings'

allowed fees and expenses.

22.     Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total

case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul

Hastings (in its sole discretion) in connection with the final fee application process.  For that

reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the

Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction

in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would

be governed by Court orders which contained strict procedures and deadlines, and that such

order would be complied with.

23.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA*

*Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and*

---

[7]     Paragraph 2 of the Retention Order provides, among other things, that "Paul Hastings will charge its regular
        hourly rates in effected from time to time; as such rates may be increased periodically, annually or otherwise."

*Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady

Williamson as the Fee Examiner in the Title III Cases.

24.    On December 15, 2017, Paul Hastings filed its first interim fee application with

respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the

"First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the First Interim

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

its requested fees and expenses.[8]  On March 7, 2018, the Court approved the First Interim Fee

Application, with the agreed-upon adjustments.

25.    On March 19, 2018, Paul Hastings filed its second interim fee application with

respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the

"Second Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the Second Interim

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

its requested fees and expenses.[9]  On June 8, 2018, the Court approved the Second Interim Fee

Application, with the agreed-upon adjustments.

26.    On July 16, 2018, Paul Hastings filed its third interim fee application with respect

to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third

---

[8]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $67,259.01 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $13,507.00 (which amount was credited against Paul
Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $21,926.16 (which amount
also was credited against Paul Hastings' January 2018 fee statement).

[9]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $103,943.50 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $1,385.00 (which amount was credited against Paul
Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $12,722.50 (which amount
also was credited against Paul Hastings' January 2018 fee statement).

Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[10] On March 14, 2019, the Court approved the Third Interim Fee Application, with the agreed-upon adjustments.

27. On November 16, 2018, Paul Hastings filed its fourth interim fee application with respect to the period from June 1, 2018 through September 30, 2018 [Docket No. 4325] (the "Fourth Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fourth Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[11] On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

28. On March 18, 2019, Paul Hastings filed its fifth interim fee application with respect to the period from October 1, 2018 through January 31, 2019 [Docket No. 5822] (the "Fifth Interim Fee Application"). In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fifth Interim Fee Application. Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

---

[10] These agreed-upon adjustments consisted of (a) fee reductions in the amount of $125,338.14 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,589.74 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $3,737.20 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[11] These agreed-upon adjustments consisted of (a) fee reductions in the amount of $69,137.26 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $58,539.27 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $2,296.62 (which amount also was credited against Paul Hastings' January 2019 fee statement).

its requested fees and expenses.[12]  On July 23, 2019, the Court approved the Fifth Interim Fee

Application, with the agreed-upon adjustments.

29.     On July 15, 2019, Paul Hastings filed its sixth interim fee application with respect

to the period from February 1, 2019 through May 31, 2019 [Docket No. 8004] (the "Sixth

Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings

received a preliminary report from the Fee Examiner with respect to the Sixth Interim Fee

Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its

requested fees and expenses.[13]  On January 2, 2020, the Court approved the Sixth Interim Fee

Application, with the agreed-upon adjustments.

30.     On November 15, 2019, Paul Hastings filed its seventh interim fee application

with respect to the period from June 1, 2019 through September 30, 2019 [Docket No. 9219] (the

"Seventh Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the Seventh

Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain

adjustments in its requested fees and expenses.[14]  On April 17, 2020, the Court approved the

Seventh Interim Fee Application, with the agreed-upon adjustments.

---

[12]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $106,895.16 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $88,842.17 (which amount was credited against Paul
Hastings' June 2019 fee statement), and (c) expense reductions in the amount of $606.96 (which amount also
was credited against Paul Hastings' September 2019 fee statement).

[13]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $196,179.84 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $145,627.04 (which amount was credited against Paul
Hastings' December 2019 fee statement), and (c) expense reductions in the amount of $227.93 (which amount
also was credited against Paul Hastings' December 2019 fee statement).

[14]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $119,416.43 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $99,027.94 (which amount will be credited against
Paul Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $548.31 (which amount

31.     On March 16, 2020, Paul Hastings filed its eighth interim fee application with respect to the period from October 1, 2019 through January 31, 2020 [Docket No. 12395] (the "Eighth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Eighth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[15]  On July 24, 2020, the Court approved the Eighth Interim Fee Application, with the agreed-upon adjustments.

32.     On July 15, 2020, Paul Hastings filed its ninth interim fee application with respect to the period from February 1, 2020 through May 31, 2020 [Docket No. 13682] (the "Ninth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Ninth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[16]  On December 7, 2020, the Court approved the Ninth Interim Fee Application, with the agreed-upon adjustments.

33.     On November 16, 2020, Paul Hastings filed its tenth interim fee application with respect to the period from June 1, 2020 through September 30, 2020 [Docket No. 15160] (the

---

also will be credited against Paul Hastings' June 2020 fee statement).  In addition, Paul Hastings and the fee examiner agreed to provisionally defer (a) $111,572.00 in Paul Hastings' fees related to the expert report prepared by London Economics International, LLC ("LEI") and (b) $515,438.58 in expenses related to the expert report prepared by LEI.

[15]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $73,920.04 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $73,343.54 (which amount was credited against Paul Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $99.18 (which amount also was credited against Paul Hastings' June 2020 fee statement).

[16]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $76,609.82 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $78,764.83 (which amount will be credited against Paul Hastings' February 2021 fee statement).

"Tenth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the Tenth Interim

Fee Application.  The Fee Examiner and Paul Hastings are in discussions to resolve the Fee

Examiner's concerns with respect to the Tenth Interim Application.

**COMPENSATION AND REIMBURSEMENT REQUEST**

34.     By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $1,861,843.00[17] and expense reimbursements in the aggregate amount of $60,177.37.

These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case,

the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $1,554,778.50 | $54,141.51 | $1,608,920.01 |
| HTA Title III Case | $0.00 | $0.00 | $0.00 |
| ERS Title III Case | $227,379.00 | $4,085.86 | $231,464.86 |
| PREPA Title III Case | $79,685.50 | $1,950.00 | $81,635.50 |
| **Total** | **$1,861,843.00** | **$60,177.37** | **$1,922,020.37** |

35.     The Committee has approved the amounts requested by Paul Hastings for services

performed and expenses incurred in each of the monthly statements submitted to, among others,

the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application

Period.  All services for which compensation is requested herein were performed for or on behalf

of the Committee.  Moreover, as detailed on Exhibit D hereto, the aggregate amount of fees

incurred by Paul Hastings during the Application Period was well below the fees budgeted.

---

[17]     As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process.  Accordingly, the firm only seeks payment, at this time, of
fees in the amount of $1,489,474.40, which is 80% of $1,861,843.00.

36.     To date, Paul Hastings has received payments totaling $901,302.94 for services
rendered during the Application Period, which amount consists of $869,776.80 (representing
80% of the fees for services invoiced during the period from October 1, 2020 through November
30, 2020) and $31,526.14 (representing 100% of expenses invoiced for the same period).  As of
the date of this Application, the amount of $648,348.83 (reflecting 80% of fees and 100% of
expenses for services rendered during the period from December 1m 2020 through January 31,
2021) remains unpaid.[18]

37.     Other than payments made in accordance with the Interim Compensation Order,
Paul Hastings has received no payment and no promises of payment from any source for services
rendered during the Application Period.  By this Application, Paul Hastings requests allowance
of all fees and expenses incurred for services rendered during the Application Period.  At this
time, however, Paul Hastings seeks payment of only (a) 80% of the fees for services invoiced
during the Application Period and (b) 100% of expenses invoiced during the Application Period.

38.     In addition, as a courtesy to the Committee and based on circumstances unique to
the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling
$12,921.50.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves
the right to seek allowance and payment of these fees based on the facts and circumstances of
these cases, including, without limitation, if objections are interposed to the allowance or
payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses
totaling $283.30 as a courtesy to the Committee during the Application Period.  For details

---

[18]  The deadline to object to Paul Hastings' December 2020 fee statement expired on February 22, 2021, without
any objections, and payment on the December 2020 fee statement was due by March 9, 2021.  The deadline to
object to Paul Hastings' January 2021 fee statement will expire on March 22, 2021.  As of the filing of this
Application, no objections have been received with respect to the January 2021 fee statement.

regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed concurrently herewith.

39.     There is no agreement or understanding between Paul Hastings and any other person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of compensation to be received for services rendered in these cases.

40.     Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Committee.  The monthly statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

41.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period with certain exceptions.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed:

- not to increase the hourly rates of timekeepers working on the Puerto Rico matter as of January 1, 2021 and, instead, maintain the pre-January 1, 2021 rates for the month of January 2021 (even though hourly rates increased on a firm-wide basis as of January 1, 2021),[19] and

- to continue to charge reduced rates for the services of the following attorneys during the Application Period (in each case, adjusted to reflect, on a *pro forma* basis, the 20% end-of-case reduction):

| Attorney | Standard 2020 Rate (adjusted to reflect | Reduced 2020 Rate (adjusted to reflect |
|----------|------------------------------------------|------------------------------------------|

---

[19]     As detailed in the notice filed on January 15, 2021 [Docket No. 15637], Paul Hastings raised its rates for certain timekeepers working on the Puerto Rico matter as of February 1, 2021.  Because this rate increase occurred at the beginning of the next interim fee period, Paul Hastings will address it in its next fee application.

| | 20% end-of-case reduction) | 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,280.00 | $1,200.00 |
| John Hilson | $1,240.00 | $1,120.00 |
| Nicholas Bassett | $1,040.00 | $1,028.00 |

Subject to the foregoing exceptions, the rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

42.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

43.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 1,750.70 recorded hours by Paul Hastings' attorneys and

18

paraprofessionals, broken down as follows: partners (317.40 hours), counsel (595.80 hours), associates (635.10 hours), and paraprofessionals (202.40 hours).  During the Application Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $765.00 to $1,500.00 per hour (before the application of any fee reductions).

44.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

45.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Schedule 2.[20]  For ease of reference and transparency purposes, Paul Hastings created several matter numbers for its representation of the Committee.  The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

---

[20]     The description of services in this Application is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Application Period.

19

| Matter ID | Matter Name |
|-----------|-------------|
| 00002 | Official Committee of Unsecured Creditors |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00006 | PREPA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00012 | Creditors' Committee Meetings |

**I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

(a)     <u>Case Administration (Task Code B110)</u>
Fees:   $64,985.00          Total Hours:   73.40

46.     During the Application Period, Paul Hastings continued to advise the Committee on general case administration, including issues pertaining to the Oversight Board and its changes in membership.  In order to efficiently track deadlines, organize documents, and manage work streams, Paul Hastings maintained a global task list and case calendar.  Further, Paul Hastings coordinated internally and with the Committee's financial advisor, Zolfo Cooper LLP ("<u>Zolfo Cooper</u>") regarding Committee communications, case strategy, and work streams.

47.     In addition, during the Application Period, Paul Hastings continued to implement interim and long-term strategies to maximize recoveries for general unsecured creditors.  Paul Hastings also communicated with certain Committee members and others in connection with the administration of the Title III Cases, and analyzed legal issues in connection with turnover among the Oversight Board's membership.

20

48.     Furthermore, Paul Hastings worked to execute a variety of other tasks related to case administration, such as analyzing issues in connection therewith, and handling administrative matters in connection with the filing and service of pleadings.

(b)     Pleadings Review (Task Code B113)
        Fees:   $49,277.00          Total Hours:   93.80

49.     During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the Title III Cases for internal review and review by the Committee.

(c)     Relief from Stay / Adequate Protection Proceedings (Task Code B140)
        Fees:   $133,588.50         Total Hours:   117.10

50.     During the Application Period, Paul Hastings reviewed and analyzed the briefs filed in support of the Revenue Bond Stay Relief appeal, and prepared the Committee's limited joinders in support of the Oversight Board's briefs in opposition to the monolines' appeal of the denial of their Revenue Bond Stay Relief motions.  As in other instances, the Committee filed joinders in the interest of minimizing fees and to avoid the duplication of work, and requested advance drafts of the Oversight Board's briefs and providing comments on the drafts (some of which were incorporated).  In connection with these joinders, Paul Hastings also analyzed certain issues related to the Revenue Bonds.  Furthermore, Paul Hastings prepared for oral argument in the Revenue Bond Stay Relief appeal.

51.     Separately, Paul Hastings also prepared briefs in support of the Committee's position that the First Circuit had jurisdiction over the Committee's appeal of the denial of its motion to lift the stay to pursue its GO Priority Objection.

21

      (d)     <u>Meetings of and Communications with Creditors (Task Code B150)</u>
             Fees:  $139,841.00      Total Hours:  141.40

52.      During the Application Period, Paul Hastings continued to prepare reports and summaries to keep the Committee apprised of relevant developments in the Title III Cases and related adversary proceedings.[21]

      (e)     <u>Court Hearings (Task Code B155)</u>
             Fees:  $61,685.00       Total Hours:  60.40

53.      During the Application Period, Paul Hastings attended, among other hearings, (a) the October 28, 2020 omnibus hearing, at which hearing Paul Hastings addressed the Court in connection with the PSA Creditors' motion to expedite deadlines for confirmation of a Commonwealth plan of adjustment, (b) the November 18, 2020, omnibus hearing, at which hearing Paul Hastings observed the proceedings but did not address the Court, (c) the December 9, 2020 omnibus hearing, at which hearing Paul Hastings addressed the Oversight Board's motion to assume the prepetition settlements with the Garcia Rubiera Class Plaintiffs, (d) the January 12, 2021 hearing on the motion to dismiss Ambac's uniformity clause adversary proceeding, at which hearing Paul Hastings observed the proceedings but did not address the Court, and (e) the January 27, 2021 omnibus hearing, at which hearing Paul Hastings observed the proceedings but did not address the Court.

54.      In preparation for these hearings, Paul Hastings also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.  In addition, Paul Hastings observed the Oversight Board's public meetings in October 2020, November 2020, December 2020, and January 2021.

---

[21]    Meetings and calls with the Creditors' Committee were recorded separately under Matter ID 00012 (Creditors' Committee Meetings).

     (f)    <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
           Fees:  $93,456.50         Total Hours:   103.30

55.     During the Application Period, Paul Hastings prepared, among other things, five

monthly fee statements for services provided during the months of August 2020 through

December 2020, as well as the Tenth Interim Fee Application for the period from June 1, 2020

through September 30, 2020 and portions of this Application.  In addition, Paul Hastings

continued to identify possible connections between the firm and parties in interest in the Title III

Cases and prepared a supplemental declaration of Luc A. Despins [Docket No. 14598] and

portions of a further supplemental declaration regarding the firm's retention as Committee

counsel.  Paul Hastings also reviewed reports and correspondence from the Fee Examiner and

engaged in discussions with the Fee Examiner and his counsel to address questions regarding

Paul Hastings' interim fee applications.

     (g)    <u>Fee/Employment Applications for Other Professionals (Task Code B165)</u>
           Fees: $ 14,130.50        Total Hours: 20.10

56.     During the Application Period, Paul Hastings assisted the Committee's other

professionals, including the Committee financial advisor, Zolfo Cooper, and the Committee's

communications advisor, Kroma Advertising, Inc. ("<u>Kroma</u>"), with their fee application.  Paul

Hastings also handled other matters related to the employment of other professionals, including

reviewing the fee statements of certain professionals compensated by the Commonwealth.

     (h)    <u>Assumption/Rejection of Leases and Contracts (Task Code B185)</u>
           Fees:  $141,937.00      Total Hours:   144.70

57.     During the Application Period, Paul Hastings prepared the Committee's limited

objection to the Oversight Board's motion seeking assumption of certain prepetition settlement

agreements with the Garcia Rubiera Class Plaintiffs.  While the Committee did not oppose

payment in full of all general unsecured creditors, the Committee was compelled to file this

objection because the prepetition settlement agreements are not executory contracts and, thus,

cannot be assumed under section 365 of the Bankruptcy Code.  In addition to preparing the

limited objection, Paul Hastings argued in opposition to the Oversight Board's motion at the

December 9, 2021 omnibus hearing and, after that hearing, prepared supplemental briefing

requested by the Court.  As of the date of this Application, the Court has not yet ruled on the

Oversight Board's motion.

> (i)    Other Contested Matters (Task Code B190)
>        Fees:  $13,402.50          Total Hours:  12.80

58.    During the Application Period, Paul Hastings participated in the meet and confer

process related to Ambac Assurance Corporation's motions under Bankruptcy Rule 2004 for

discovery related to the Commonwealth cash position and pension, prepared a limited joinder in

such motions, and communicated with the Committee's financial advisor regarding same.

> (j)    Claims Administration and Objections (Task Code B310)
>        Fees:  $148,191.00          Total Hours:  140.80

59.    During the Application Period, Paul Hastings continued to review and track claim

objections filed by the Debtors (as well as responses thereto).  In that regard, Paul Hastings also

reviewed the Oversight Board's filings regarding the designation of claims for the ADR process

and the ACR process.  In addition, as part of its diligence with respect to the general unsecured

creditors' class, Paul Hastings analyzed information provided by the Oversight Board's advisors

regarding the ongoing claims reconciliation process.  As before, diligence with respect to

understanding the general unsecured creditors' class continued to be a critical task during the

Application Period given the importance of advocating for improvements to the dismal recovery

for general unsecured creditors contemplated under the Oversight Board's proposed

Commonwealth plan of adjustment and the Oversight Board's plan proposal disclosed on

September 30, 2020 (as well as the further amended plan filed by the Oversight Board on March

8, 2021).

60.     In addition, Paul Hastings undertook a number of other tasks related to the resolution of claims against the Commonwealth.  For example, Paul Hastings continued to analyze issues related to claims asserted by holders and/or insurers of Revenue Bonds, including by drafting an HTA revenue bond objection and drafting proofs of claim related to CCDA and PRIFA.

(k)     <u>Plan and Disclosure Statement (including Business Plan) (Task Code B320)</u>
        Fees: $395,735.50          Total Hours:   343.50

61.     During the Application Period, Paul Hastings handled numerous tasks related to the plan process.  Among other things, the Committee continued to seek relief from this Court's stay of the Committee's GO priority objection, including by filing a motion for reconsideration of the denial of the Committee's motion to lift the stay.  Thereafter, Paul Hastings prepared the appeal of such denial, including a motion to expedite the appeal as well as briefing on jurisdictional questions (as requested by the First Circuit).  Ultimately, the First Circuit dismissed the Committee's appeal on the basis that the Committee had not carried its burden of demonstrating the orders in question were final and appealable.

62.     The Committee also prepared a response opposing the PSA Creditors' motion to impose a plan confirmation motion, which motion was ultimately denied.  Moreover, the Committee analyzed the status reports filed by the Oversight Board and AAFAF, including as to the progress related to the formulation of an amended plan of adjustment.  In addition, as part of its efforts to advise the Committee with respect to the plan support agreement with GO bondholders, the Oversight Board's proposed Commonwealth plan of adjustment, Paul Hastings researched and analyzed of a variety of plan-related issues, including with respect to the restructuring of general obligation bonds.

II.     **Communications with Creditors (Other Than Committee Members) (Matter ID 00004)**

    (a)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
             Fees: $28,803.00          Total Hours: 30.70

    63.    During the application period, Paul Hastings drafted summaries and updates for the Committee's website, as well as email communications to its constituents updating them on the progress and current status of the case. This work is crucial to keeping unsecured creditors aware of ongoing events and recent developments and facilitating their ability to vindicate their interests.

III.    **PREPA (Matter ID 00006)**

    (a)    <u>Restructuring (Task Code B420)</u>
             Fees:  $60,936.00        Total Hours: 56.90

    64.    During the Application Period, Paul Hastings continued to represent the Committee in connection with the PREPA RSA Motion. Among other things, following the Court's denial of the Committee's request to dismiss the PREPA RSA Motion (including because, as the Committee argued in its motion, the settlement embedded in the RSA was essentially dead), Paul Hastings prepared the appeal of such denial, including a motion to expedite the same as well as briefing on jurisdictional questions, as requested by the First Circuit. All of this work is part of the Committee's larger efforts to pursue its objection to the claims of PREPA bondholders, which objection had been denied without prejudice on the grounds that the PREPA RSA Motion was pending.

IV.     **ERS (Matter ID 00008)**

    (a)    <u>General Litigation (Task Code B191)</u>
             Fees:  $9,045.00       Total Hours:  7.10

    65.    During the Application Period, Paul Hastings continued to represent the Committee in general litigation matters related to the ERS bond challenges including by, among

other things, analyzing relevant issues arising in the ERS-related litigation before the United

States Court of Federal Claims (the "Court of Claims") and related materials and authorities.

Furthermore, Paul Hastings reviewed and revised the Oversight Board's reply in support of its

motion for summary judgment concerning the scope of the ERS bondholders' security interest.

(b)     Claims Administration and Objections (Task Code B310)
        Fees:   $218,334.00        Total Hours:   167.00

66.     During the Application Period, Paul Hastings continued to represent the

Committee in connection with the litigation of the ERS Claim Objections and related adversary

proceedings, in which the Committee, the Oversight Board, the Special Claims Committee, and

the Retiree Committee are challenging over $3 billion of ERS bonds both as invalid based on the

theory that they were issued *ultra vires* and, to the extent they are not invalid, as having limited

liens.

67.     One of Paul Hastings' most significant undertakings was preparing the reply for

the Committee's motion for summary judgment on the *ultra vires* issue, as well as conducting

legal research and analysis in connection with this preparation.  In this regard, Paul Hastings

prepared for oral argument on its summary judgment motion, which is currently scheduled for

April 8, 2021.  In connection with these efforts, Paul Hastings also drafted motions to strike and

exclude evidence, which motions were (for all relevant purposes) granted by the Court.

## V.     Other Adversary Proceedings (Matter ID 00009)[22]

(a)     General Litigation (Task Code B191)
        Fees:   $109,116.50        Total Hours:   86.30

68.     During the Application Period, Paul Hastings monitored the progress of a

number of adversary proceedings and related matters, advising the Committee as appropriate.  In

---

[22]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under
       Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary
       proceedings under Matter ID 00008.

order to track deadlines, organize documents, and notify the Committee of upcoming matters,

Paul Hastings reviewed these dockets to maintain its litigation tracking charts.

69.     In addition, Paul Hastings also handled other litigation matters, including, among

other things, analyzing issues in connection with ongoing avoidance actions and the potential

settlement of certain such actions.  Specifically, Paul Hastings reviewed and analyzed proposed

settlement recommendations for preference and fraudulent transfer actions and participated in the

settlement of such issues.  Paul Hastings also analyzed issues and motions in connection with the

Uniformity Clause litigation commenced by Ambac Assurance Corporation (Adv. Proc. No. 20-

00068).

## VI.     Mediation (Matter ID 00010)[23]

(a)     Debtors' Financial Information and Operations/Fiscal Plan (Task Code B210)
Fees:   $40,977.00          Total Hours:   30.40

70.     During the Application Period, Paul Hastings participated in certain mediation

session with the Oversight Board and other creditors related to issues concerning financial

information of the Commonwealth, including the Commonwealth's fiscal plan.  As part of these

efforts, Paul Hastings reviewed presentation material and communicated with the Committee

regarding the mediation sessions.

(b)     Plan and Disclosure Statement (Including Business Plan) (Task Code B320)
Fees: $24,821.00          Total Hours:  19.30

71.     In connection with mediation sessions, Paul Hastings analyzed materials related

to a Commonwealth plan of adjustment.  In this regard, Paul Hastings communicated with the

mediation counterparties, members of the mediation team, and the Committee.

---

[23]   Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues
addressed in mediation. Moreover, at the request of the mediation team, Paul Hastings has redacted all
references to specific mediation issues in its monthly fee statements attached to this Application.  Paul Hastings
will submit unredacted versions of such statements for the Court's review, if the Court so requests.  The Fee
Examiner has received unredacted versions of such statements.

**VII.    Creditors Committee Meetings (Matter ID 00012)**

(a)      Meetings of and Communications with Creditors (Task Code B150)
Fees:   $75,356.00        Total Hours:   67.00

72.       During the Application Period, Paul Hastings continued to hold regular telephonic conferences with the Committee to provide the Committee with updates on the progress of the Title III Cases as well as to discuss case strategy and next steps.  In preparation for these telephonic conferences, Paul Hastings (a) reviewed relevant pleadings filed in the Title III Cases and related adversary proceedings, (b) prepared presentations for these meetings, and (c) prepared proposed agenda letters for the Committee's consideration.  Paul Hastings also hosted a video-conference meeting on September 30, 2020, held in lieu of an in-person meetings in light of the COVID-19 pandemic.

* * *

73.       The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

**ATTENDANCE AT HEARINGS**

74.       In accordance with the presumptions set forth in the *Order on Fee Examiner's Motion* to *Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Docket No. 3932] (the "Presumptive Standards Order"), Paul Hastings provides the following summary regarding the attendance of Paul Hastings professionals at Court hearings:[24]

---

[24]   Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

- <u>October 28, 2020</u>:  The October 28, 2020 omnibus hearing, which was held remotely, was attended by Mr. Despins (speaking role) and Mr. Bongartz.

- <u>October 29, 2020</u>: The October 29, 2020 hearing on omnibus claims objections was attended by Mr. Barron.

- <u>November 18, 2020</u>:  The November 18, 2020 omnibus hearing, which was held remotely, was attended by Mr. Barron.

- <u>November 24, 2020</u>: The November 24, 2020 hearing on the summary judgment motions in certain adversary proceedings related to certain legislative acts challenged by the Oversight Board was attended by Mr. Bongartz.

- <u>December 9, 2020</u>:  The December 9, 2020 omnibus hearing, which was held remotely, was attended by Mr. Despins (speaking role).

- <u>January 12, 2021</u>:  The January 12, 2021 hearing on the motion to dismiss Ambac's uniformity clause adversary proceeding, which hearing was held remotely, was attended by Mr. Bongartz and Mr. Maza.

- <u>January 14, 2021</u>:  The January 12, 2021 hearing on omnibus claims objections was attended by Ms. Naulo.

- <u>January 27, 2021</u>:  The January 27, 2021 omnibus hearing, which was held remotely, was attended by Mr. Despins and Ms. Naulo.

## **REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND COMMITTEE**

75.     As requested by the Fee Examiner, we set forth below the status of the various proceedings and motions jointly commenced by the Oversight Board or its Special Claims Committee, on the one hand, and the Committee, on the other hand, pursuant to stipulations for the joint prosecution of causes of action or claims objections.

- <u>GO Bond Claim Objections</u>: Pursuant to Judge Swain's stay order dated March 10, 2020 [Docket No. 12189] (the "<u>Final Stay Order</u>"), the GO Bond Claim Objections remain stayed pending the Court's decision regarding confirmation of the Amended Plan.

- <u>Adversary Proceeding Against Underwriters, etc.</u>:  GJB, the Committee's special litigation counsel, represents the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance

of Commonwealth bonds [Adv. Proc. No. 19-280].  Paul Hastings has no
involvement in this adversary proceeding.  Moreover, pursuant to the Final Stay
Order, the underwriter litigation is stayed pending the Court's decision regarding
confirmation of the Amended Plan.

- <u>Garden-Variety Avoidance Actions</u>:  CST, the Committee's local counsel,
  represents the Committee with respect to the "garden-variety" avoidance actions
  [Adv. Proc. Nos. 19-041 to 19-279, and Adv. Proc. Nos. 19-347 to 19-354].  Paul
  Hastings' involvement in these avoidance actions is limited to reviewing and
  commenting on draft forms of pleadings or "case management" pleadings, and
  providing high-level oversight and direction with respect to these adversary
  proceedings.[25]

- <u>Other Stayed Co-Plaintiff Adversary Proceedings</u>: Pursuant to the Final Stay
  Order, the following co-plaintiff adversary proceedings are stayed pending the
  Court's decision regarding confirmation of the Amended Plan:

  - Eight adversary proceedings seeking to recover fraudulent transfers made
    on account of GO bonds that were not validly issued [Adv. Proc. No. 19-
    281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-
    284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-
    287, and Adv. Proc. No. 19-288]; and

  - Seven adversary proceedings challenging liens asserted by certain holders
    of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc.
    No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc.
    No. 19-296, and Adv. Proc. No. 19-297].

  - Four adversary proceedings challenging liens asserted by certain holders
    of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc.
    No. 19-364, and Adv. Proc. No. 19-365].

- <u>ERS-Related Co-Plaintiff Adversary Proceedings</u>: On October 24, 2019, the
  Court approved a scheduling order regarding discovery and summary judgment
  briefing on the lien scope issues and *ultra vires* issues with respect to the ERS
  bonds.  Accordingly, (a) the lien scope litigation, *i.e.*, Adv. Proc. No. 19-366 and
  Adv. Proc. No. 19-367 and (b) count I of the complaints seeking to recover
  fraudulent transfers made on account of ERS bonds that were not validly issued,
  *i.e.*, Adv. Proc. No. 19-355, Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv.

---

[25]  We also note that, on July 12, 2019, the Court approved certain procedures establishing a framework for
streamlined execution of settlement agreements and procedures and guidelines for resolving the avoidance
actions through a voluntary mediation process.

Proc. No. 19-358, Adv. Proc. No. 19-359, and Adv. Proc. No. 19-361, were unstayed.

- o Proskauer Rose LLP, counsel for the Oversight Board, has primary responsibility for the lien scope adversary proceedings.  Accordingly, Paul Hastings is not expending significant time on these adversary proceedings.[26]

- o Moreover, GJB, the Committee's special litigation counsel, represents the Committee with respect to count I of the recovery actions.  Thus, GJB is handling the *ultra vires* issues as they relate to count I of the recovery actions.

- Currently Stayed HTA Revenue Bond Co-Plaintiff Adversary Proceeding: Pursuant to the Court's *Final Case Management Order for Revenue Bonds* [Docket No. 12186], Adv. Proc. No. 20-007 is currently stayed.

76.     The sub-budgets and staffing plans with respect to the jointly pursued matters described above are included as part of Exhibit C-1 and Exhibit C-2 hereto, respectively.  As shown on Exhibit D-1, actual hours incurred on the above matters were well below budget.

## ACTUAL AND NECESSARY DISBURSEMENTS

77.     As set forth in Exhibit D-2 hereto, Paul Hastings disbursed $60,177.37 as expenses incurred in providing professional services during the Application Period.  This amount includes $35,449.14 in expenses payable to Trustpoint International, LLC, which provided e-discovery services, including maintaining a database of discovery documents that were critical to Paul Hastings' discovery tasks in connection with the litigation related to the PREPA RSA Motion.

78.     Paul Hastings also disbursed additional amounts in connection with other minor expenses such as the translation of documents and the use of CourtSolutions.

---

[26]   To be clear, Paul Hastings remains fully involved in the discovery and briefing as it relates to the Committee's ERS Claim Objection, which objection was not brought jointly with any other party.  Given that the *ultra vires* issues and the lien scope issues are being litigated in tandem, Paul Hastings is coordinating its litigation efforts with the other objectors (including the Retiree Committee) in the interest of minimizing duplication of efforts.

79.     Further, because Paul Hastings believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

80.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy.  Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

81.     Further, Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

82.     Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual,

33

necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA

§ 316(a). Section 316 also sets forth the criteria for the award of such compensation and

reimbursement:

> (a)   In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
>> (i)   the time spent on such services;
>>
>> (ii)   the rates charged for such services;
>>
>> (iii)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>>
>> (iv)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>>
>> (v)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and
>>
>> (vi)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

83.   PROMESA § 316(c). Further, section 317 of PROMESA provides that "a

committee . . . may apply to the court not more than once every 120 days . . . for such

compensation for services rendered . . . ."

84.   In the instant case, Paul Hastings respectfully submits that the services for which

it seeks compensation in this Application were, at the time rendered, believed to be necessary for

and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to

protect, preserve, and maximize value for unsecured creditors during the pendency of the

Title III Cases.  The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

85.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings communication and education about the Title III Cases.  As demonstrated by this Application, Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly, approval of the compensation sought herein is warranted.

**NOTICE**

86.     In accordance with the Interim Compensation Order, Paul Hastings will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson;

35

and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

[*Remainder of page intentionally left blank.*]

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the

form attached hereto as Schedule 3, (i) allowing interim compensation for professional services

rendered during the Application Period in the amount of $1,861,843.00, representing 100% of

the fees billed during the Application Period, and reimbursement of $60,177.37, representing

100% of the actual and necessary expenses incurred during the Application Period,

(ii) authorizing and directing the Debtors' payment of the difference between (a) the sum of 80%

of the fees allowed (after taking into account any credits) and 100% of the expenses allowed and

(b) the amounts previously paid by the Debtors pursuant to the Interim Compensation Order, (iii)

allowing such compensation and payment for professional services rendered and reimbursement

of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek

such further compensation and/or payment for the full value of services performed and expenses

incurred, and (iv) granting Paul Hastings such other and further relief as is just.

Dated: March 15, 2021

                                         */s/ Luc A. Despins*

                                         PAUL HASTINGS LLP
                                         Luc A. Despins, Esq. (Pro Hac Vice)
                                         James R. Bliss, Esq. (Pro Hac Vice)
                                         Nicholas A. Bassett, Esq. (Pro Hac Vice)
                                         G. Alexander Bongartz, Esq. (Pro Hac Vice)
                                         200 Park Avenue
                                         New York, New York 10166
                                         Telephone:  (212) 318-6000
                                         lucdespins@paulhastings.com
                                         jamesbliss@paulhastings.com
                                         nicholasbassett@paulhastings.com
                                         alexbongartz@paulhastings.com

                                         *Counsel to the Official Committee of Unsecured
                                         Creditors*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :   Title III
                                                                    :
        as representative of                                        :   Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,                            :   (Jointly Administered)
                                                                    :
        Debtors.¹                                                   :
------------------------------------------------------------------- x
```

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF ELEVENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2020 THROUGH JANUARY 31, 2021

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

support of the *Eleventh Interim Application of Paul Hastings LLP, Counsel to Official
Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for
the Period from October 1, 2020 through January 31, 2021* (the "Application").[2]

     2.      The facts set forth in this Declaration are based upon my personal knowledge,
discussions with other Paul Hastings attorneys, and the firm's client/matter records that were
reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

     3.      I hereby certify that I have read the Application and, to the best of my knowledge,
information, and belief, formed after reasonable inquiry, (a) the compensation and
reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the
Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation
and reimbursement of expenses are billed at rates no less favorable to the Debtors than those
customarily employed by Paul Hastings generally.

     4.      Paul Hastings provides the following response to the request for information set
forth in the U.S. Trustee Guidelines:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period? |
| Response: | Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings agreed to the following voluntary fee reductions and expense write-offs: |

- Paul Hastings did not increase the hourly rates of timekeepers working on the Puerto Rico matter as of January 1, 2021 and, instead, maintained the pre-January 1, 2021 rates for the month of January 2021 (even though hourly rates increased on a firm-wide basis as of January 1, 2021),[3] and

---

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

[3]    As detailed in the notice filed on January 15, 2021 [Docket No. 15637], Paul Hastings raised its rates for certain timekeepers working on the Puerto Rico matter as of February 1, 2021.  Because this rate increase occurred at the beginning of the next interim fee period, Paul Hastings will address it in its next fee application.

- Paul Hastings reduced the rates charged for the following attorneys:

| Attorney | Standard 2020 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2020 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,280.00 | $1,200.00 |
| Nicholas Bassett | $1,040.00 | $1,028.00 |

In addition, Paul Hastings waived expenses totaling $283.30, as follows:

(i)     We waived all charges with respect to late-work, in-office meals (even though the Fee Examiner guidelines permit in-office meal charges of up to $20.00 per meal).  At a $20.00 cap per meal, this translates into a total write-off of $0.00;

(ii)    We capped car service charges at $100.00 resulting in a write-off of $37.55 and

(iii)   To comply with Local Rule 2016-1(b)(1), we reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $344.75.

The aggregate amount of the foregoing reductions/write-offs is $13,204.80.

Question:     If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

Question:     Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

Question:     Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:     The Application does not include time for preparing, reviewing, or revising time records.  However, in the interest of full disclosure, the

3

Application includes approximately 8.3 hours and associated fees of approximately $10,895.00 related to preparing, reviewing, and revising Paul Hastings' fee statements, including related summary tables, correspondence with notice parties, and ensuring time entries are properly categorized by matter number and task code. This means that, on average, less than 2.1 hours were spent on each of the four monthly fee statements prepared during the Application Period.

Question:    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:    No.

Question:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:    As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms. Effective February 1, 2018, July 1, 2018, January 1, 2019, and February 1, 2020, in each case with the Committee's approval, Paul Hastings adjusted its hourly rates in accordance with the Retention Order, the Retention Application, and the *Declaration of Mark Richard* in support of the Retention Application. The Retention Order provides that Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise. As detailed in the *Declaration of Mark Richard* [Docket No. 610-3], the Committee was advised of the foregoing.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of March 2021

*/s/ Luc A. Despins*
Luc A. Despins