# EXHIBIT K

(S. B. 211)

**(No. 2-2017)**

(Approved January 18, 2017)

**AN ACT**

To    create the Puerto Rico Fiscal Agency and Financial Advisory Authority
(FAFAA) in order to empower the Authority to oversee compliance with the
certified budget and fiscal plan approved pursuant to the Puerto Rico
Oversight, Management, and Economic Stability Act of 2016; delegate to
the Authority the power to revise matters including, but not limited to,
agreements, transactions, and regulations of the agencies and
instrumentalities of the Government of Puerto Rico; provide that the
Authority shall be the only entity authorized to enter into a creditors'
agreement, and/or renegotiate or restructure the public debt, in whole or in
part, or any other debt issued by any Government body including, but not
limited to agencies, boards, commissions, instrumentalities, public
corporations or applicable political subdivision; provide that the Executive
Director of the Authority shall be the legal successor of the President of the
Government Development Bank in every Board, Committee, Commission,
or Council; repeal Chapter 6 of Act No. 21-2016, as amended; repeal the
Puerto Rico Fiscal Oversight and Economic Recovery Organic Act, Act No.
208-2015; and for other related purposes.

**STATEMENT OF MOTIVES**

Puerto Rico is currently undergoing a serious fiscal and social crisis. Said
crisis was caused, in part, by the lack of adequate constitutional limitations to
prevent the deficits of the Central Government, the liquidity problems caused by
the increase in debt level, the slow Gross Domestic Product (GDP) growth, and the
loss of investors' trust in the policies and actions of the Government. In other
words, there was a lack of expenditure controls, sustainable development
measures, as well as management information systems that promote clarity and
transparency in government affairs.

The public policy of the past administration was focused on the debt's renegotiation based on payment deferment, which could have increased the burden of future debt. However, the debt restructuring subject was a distraction from the pressing need of reducing government spending, which exceeded revenues by $6,000,000,000 in fiscal year 2013. The debt service of the Government of Puerto Rico of approximately $3,000,000,000 is slightly over the 10% of the total government spending and the elimination of the entire debt would only reduce the operating deficit by 50%.

Furthermore, measures were implemented based on the "taxes first, then cuts" philosophy, to wit, increasing the Sales and Use Tax (SUT) from 7% to 11.5% and approving raises in the excise tax on crude oil. Said philosophy promoted an excessive spending and the rejection of policies that would have allowed for the efficient management of the fiscal issues of the Government of Puerto Rico. All of this was implemented without taking the necessary actions to improve greater operational efficiency in the Government or cutting back on excessive government spending.

Without it being construed as a comprehensive list, the García-Padilla Administration insisted on taking the following actions, which worsened the economic environment, namely:

- Approving local legislation on bankruptcy (Recovery Act) and then insisting on challenging the constitutionality thereof knowing its slim chances of success;

- Exerting pressure on Congress for the retroactive application of Chapter 9 of the U.S. Bankruptcy Code to the subdivisions of the Government of Puerto Rico;

- Failing to meet the bond obligations of the Public Financing Corporation;

- Threatening with indiscriminate noncompliance with all the obligations of the Government of Puerto Rico without taking into account the priorities set forth in the Constitution, statutes, and contracts of the Government of Puerto Rico;
- Delaying the publication of audited financial statements and attempting to replace them with customized cash flow projections and analyses;
- Misrepresenting the availability of resources.

In addition, while securities plummeted and the economy collapsed, the Central Government was unable to generate the necessary financial information to provide Congress and other entities concerned, with a deep insight into the problem.

The Government Development Bank (hereinafter, the "Bank"), which should have acted as the chief financial advisor of the Government, remained in the background, failing to carry out its duties. The Bank could not and cannot comply with the duties entrusted thereto by law. All of these events have shown that the duties assigned to the Bank under its enabling act are not attuned to the new trends and dynamism required by the global economy.

Consequently, the debt of the Government of Puerto Rico experienced several downgrades. Credit rating agencies Moody's, Standard & Poor's, and Fitch Ratings downgraded the public debt of the Government of Puerto Rico and its public corporations to junk status. Puerto Rico has been kept in an unjustifiable financial stagnation, especially in times where interest rates were so low that some jurisdictions issued debts even at negative rates.

It is time to implement an administration and a public policy that do not improvise or manage the Island's finances on a year-to-year basis, but that rather strike a balance between income and expenses in the long-term. We must look into the future and anticipate the challenges ahead, rather than simply survive the next

crisis. The leaders and officials of the Government of Puerto Rico must concentrate on balancing income and expenditures, reducing the level of government intervention in Puerto Rico's economy, and creating a competitive business environment governed by good faith and observing the Code of Laws, so that investors as well as local and foreign business people may lead the way towards an economic recovery.

Act No. 21-2016 created the "Puerto Rico Emergency Moratorium and Rehabilitation Act (hereinafter, the "Moratorium Act.") The Moratorium Act created, among other things, the Authority as the principal financial and operational entity to provide the fiscal policy of the Government of Puerto Rico with direction and responsibility. This Legislative Assembly deems it necessary to repeal Chapter 6 of the Moratorium Act to create, through a separate enabling act, a new Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA), conferring unto it additional powers and authorities to deal with the budget and fiscal crisis of Puerto Rico. All of this, in light of the present fiscal crisis, the approval of Public Law 114-187 of June 30, 2016, entitled "Puerto Rico Oversight, Management, and Economic Stability Act," known as PROMESA, as well as the letter dated December 20, 2016 of the Fiscal Oversight Board addressed to both then governor Alejandro García-Padilla and then governor-elect and current governor, Dr. Ricardo Rosselló-Nevárez.

This Legislative Assembly hereby adopts this new enabling act to improve and extend the powers of the Authority. In this manner, the Government may avail itself of an entity that shall assist it in using available resources efficiently, thus arousing, once again, the interest and trust of capital markets.

The Administration of the Honorable Ricardo Rosselló-Nevares has taken a significant step toward restoring investors' trust in Puerto Rico, beginning with following the code of laws, including the United States Constitution, federal statutes, the Constitution of Puerto Rico and the agreements entered into by and between the Government of Puerto Rico and its creditors.

According to data provided by the U.S. Department of the Treasury, Puerto Rico is suffering a 14.6% economic contraction in the Gross State Product (actual GSP) with a forecast of an additional 3% contraction in the next two years. For years, the Government has operated with a structural deficit that has been financed with bond issues and loans from the Government Development Bank. The Government has been lacking liquidity for over a year, and the tax refunds, the payments to contractors, the money of pensioners, and intra-governmental loans have been used as a substitute for sources of liquidity.

Access to the Government's financial information as well as the making of adequate predictions have been affected by a divided government structure and obsolete government systems. Revenues are constantly overestimated and continue to decrease despite the imposition of many new taxes. The Government Development Bank has failed to meet its obligations to bondholders since May 1, 2016, and is no longer fulfilling its duty to provide liquidity. Puerto Rico's obligations portfolio amounts to $66 billion and includes 18 different issuers whose financial situation is precarious. Debt service amounts to an average $3.5 billion and uses more than one-fourth of the sources of income. Retirement systems are practically insolvent with a $50 billion debt. All of the foregoing is worsened by a decrease in population caused by the emigration wave that began in 2006 and that is becoming one of the challenges to overcome on our path to recovery.

Taking into account this dismal state of affairs, it is time to leave behind the philosophy of "*me vale*" [I couldn't care less], roll up our sleeves and work hard for the wellbeing of Puerto Rico. It is our duty to build a new Puerto Rico and to set in motion an administration that does not improvise on the implementation of public policy nor manages the Island's finances on a year-to-year basis, but that rather strikes a balance between the Government's income and expenses with a long-term goal. Our commitment under the Plan for Puerto Rico is to address these situations responsibly and restore the Island's credibility. We must look into the future and anticipate the challenges ahead, rather than simply survive the next crisis. Leaders and officials of the Government of Puerto Rico should concentrate on balancing income and expenditures, reducing the level of government intervention in Puerto Rico's economy, and creating a competitive business environment governed by good faith, so that investors as well as local and foreign business people may lead the way towards an economic recovery.

The policies of the past led the United States Congress to adopt PROMESA, delegating to a Fiscal Oversight Board the power to work with the Government of Puerto Rico to find a solution to the current crisis. Our commitment is to work hand in hand with the Fiscal Oversight Board to push Puerto Rico forward. Thus, on December 20th, the Fiscal Oversight Board requested that Puerto Rico's priorities include a plan and a commitment to implement significant changes directed to:

o   Restoring economic growth and creating a more competitive economy. In the short-term, the labor market and social programs should be liberalized, energy costs should be lowered, taxation should be rationalized and optimized, and the permit process should be improved to promote investment.

o   Restructuring the Government to achieve balanced budgets, while preserving essential services for the People of Puerto Rico.

o   Restructuring the pension systems in accordance with PROMESA and reestablishing access to capital markets.

To achieve this, unprecedented changes are required to render the government more efficient and fiscally responsible. In fact, the Plan for Puerto Rico endorsed by the People on November 8, 2016, includes measures to achieve fiscal responsibility and develop the Island's economy.

***BE IT ENACTED BY THE LEGISLATIVE ASSEMBLY OF PUERTO RICO:***

**Section 1.- Title.-**

This Act shall be known as the "Puerto Rico Fiscal Agency and Financial Advisory Authority Act."

**Section 2.-  Public Policy.-**

It is hereby declared as the public policy of the Government of Puerto Rico that the Puerto Rico Fiscal Agency and Financial Advisory Authority be the leading public corporation and instrumentality responsible for coordinating the sustainable use of resources and presenting a coordinated and global vision of the capital needs of the instrumentalities of the Government of Puerto Rico. It is the public policy of the Government to take measures that enable Puerto Rico to overcome the current crisis and to provide the residents of the Island with essential services, all of which requires, in part, taking the following actions: (I) regaining investors' trust to have access to capital markets; (II) addressing the budget imbalance between income and expenditures; (III) negotiating the debt's repayment terms; and (IV) decelerating future debt growth and reducing the current debt.

**Section 3.- Definitions.-**

a)      **"Authority" or "FAFAA" -** means the Puerto Rico Fiscal Agency and Financial Advisory Authority created in this Act.

b)      **"Creditors' Agreement" -** means an agreement entered into by and between a government entity and the creditors thereof, including a consented debt restructuring agreement, as amended, supplemented, or reinstated from time to time, whether it is securitized or not.

c)      **"Bank" -** means the Government Development Bank for Puerto Rico.

d)      **"Government of Puerto Rico" -** means all the entities comprising the Government of Puerto Rico including, but not limited to, its public corporations, instrumentalities, commissions, boards, and political subdivisions. Said concept shall be interpreted as broadly as possible so as to include, but not be limited to, any entities that receive funds from the general fund and issue public debt.

(e)      **"Board"** or **"Board of Directors" -** means the Board of the Authority.

(f)      **"Act" -** means the Government of Puerto Rico Fiscal Agency and Financial Advisory Authority Act;

(g)      **"Act No. 21" -** means Act No. 21-2016, as amended, known as the "Puerto Rico Emergency Moratorium and Rehabilitation Act."

(h)      **"Person" -** means any natural or juridical person including, but not limited to, any government agency, department, instrumentality, public corporation, municipality, board, office, commission, or entity, or any public or private person, business, association, society, company, limited liability company, partnership, or corporation organized and existing under the laws of Puerto Rico, the United States of America or any state thereof, or any foreign country or any combination thereof.

(i)      **"PROMESA"** - means Public Law 114-187 of June 30, 2016, known as the "Puerto Rico Oversight, Management, and Economic Stability Act."

**Section 4.-  Establishment.-**

The Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA) is hereby created as a public corporation and Government instrumentality, with legal existence, fiscal and administrative autonomy, separate and independent from the Government of Puerto Rico. The Authority shall exist in perpetuity, unless terminated by legislation.

For all intents and purposes, the Authority shall be the successor of the Puerto Rico Fiscal Agency and Financial Advisory Authority created by virtue of Chapter VI of Act No. 21.

**Section 5.- Purposes, Authorities, and Powers of the Authority.-**

(a)      The Authority is created for the purpose of acting as fiscal agent, financial advisor, and reporting agent of all entities of the Government of Puerto Rico and to assist such entities in facing the serious fiscal and economic crisis that Puerto Rico is currently undergoing. The Authority shall be the government entity responsible for the collaboration, communication, and cooperation between the Government of Puerto Rico and the Fiscal Oversight Board, created under PROMESA.

(b)      To such effect, the Authority is hereby empowered to collaborate in conjunction with the Governor of Puerto Rico and his representatives in the creation, execution, supervision, and oversight of any Fiscal Plan and any Budget, as such terms are defined in PROMESA. Likewise, the Authority shall be the government entity charged with supervising, executing, and administering the Fiscal Plan approved and certified in accordance with PROMESA and shall ensure that all the entities of the Government of Puerto Rico comply with the duly approved Fiscal Plan. In that sense, the Authority shall develop a comprehensive

operational, managerial and/or administrative audit program aimed at overseeing compliance by every entity of the Government of Puerto Rico with the Fiscal Plan approved in accordance with PROMESA.

(c)    The Authority shall assume all fiscal agency, financial advisory, and reporting functions of the Bank under Act No. 272 of May 15, 1945, as amended. The Authority shall oversee all matters related to the restructuring, renegotiation or adjustment of any existing or future obligation, and the liability management transactions for any existing or future obligation of the Government of Puerto Rico. Furthermore, the Authority shall become a party to, any and all contracts between the Authority and any advisor, including legal and financial advisors, whether or not the salaries or fees were incurred prior to the date on which the Authority became a party thereto, related to the restructuring or adjustment of the obligations of the Government of Puerto Rico in its role as Fiscal Agent and Financial Advisor. Any reference in any law of the Government of Puerto Rico approved prior to the effective date of this Act, to (i) the Bank, in its role as fiscal agent, financial advisor, and reporting agent of the Government of Puerto Rico, or in connection with any operation other than a banking operation, including the functions assigned to the Bank under Act No. 29-2009, as amended, and Act No. 64-1996, as amended, shall be understood as referring and applying to the Authority; and (ii) the President of the Bank, relating to the duties, responsibilities, or powers thereof in connection with the functions he discharges as the fiscal agency, financial advisory, and reporting agent of the Government of Puerto Rico, its instrumentalities, and municipalities, or any operation of the Bank, other than a banking operation, including the functions assigned to the Bank under Act No. 29-2009, as amended, shall be understood as referring to the Executive Director of the Authority; provided that should there be any doubt about whether a provision of law refers to the Bank, as fiscal agency, financial advisory, and reporting agent of

the Government of Puerto Rico or to any operation of the Bank, other than a banking operation, the Secretary of Justice of the Government of Puerto Rico shall advise on such matters and any interpretation that he makes with regards to this subsection shall be relied on. Any regulations adopted by the Bank prior to this Act, in the discharge of its fiscal agency, financial advisory, and reporting functions shall continue in effect after the approval of this Act, until they are amended or modified by the Authority, and any reference to such regulations of the Bank relating to the functions thereof as fiscal agency, financial advisory, and reporting agent of the Government of Puerto Rico shall be understood as a reference to the Authority.

(d)     In order to achieve its purposes, the Authority is hereby conferred, and shall have and may exercise, all the rights and powers as are necessary or convenient to carry out such purposes including, but not limited to, the following:

i.     To adopt, alter, and use a corporate seal which shall be recognized by the courts;

ii.     To draft, adopt, amend, and revoke bylaws for the administration of its corporate affairs and those standards, rules, and regulations that may be necessary or pertinent to exercise and perform its functions, powers, and duties;

iii.     To have complete dominion over all of its properties;

iv.     To determine the nature of, and need for, all its expenses, and the manner in which the same shall be incurred, authorized, and paid without taking into consideration any legal provisions that regulate public spending, and such determination shall be final and binding for all the officials of the Government of Puerto Rico, but it must adopt rules for the use and disbursement of its funds and it shall be subject to audits conducted by the Office of the Comptroller of Puerto Rico;

v. To sue and be sued under its own name, to file complaints and defend itself in all courts of law and administrative bodies, and to participate in commercial arbitration proceedings;

vi. To negotiate and execute with any person, including any federal or state government agency, any type of contract, including all those instruments and agreements necessary or convenient to exercise the powers and functions conferred to the Authority by this Act;

vii. To acquire any property through any lawful means;

viii. To appoint and remove officials, agents, and employees and to grant them the powers, impose on them the duties and establish, change, and pay them the compensation determined by the Authority;

ix. To accept donations from any person, and to use the proceeds of any such donations for any corporate purpose;

x. To procure insurance against losses in the amounts and with the insurers it deems desirable, which insurance may include, without it being construed as a limitation, civil liability insurance for directors, officers, agents and employees;

xi. To assume any and all contracts and related liabilities of the Bank, or its successor;

xii. The power to charge and collect fees as fiscal agent and financial advisor;

xiii. To exercise such other corporate powers, not inconsistent herewith, as are conferred upon private corporations by the laws of Puerto Rico and to exercise all its powers within and without Puerto Rico to the same extent as natural persons do or could do; provided, that the Authority shall not have legal authority to issue bonds, notes, or other evidence of indebtedness; however, the

Authority shall be the main financial advisor in future debt issues of any entity of the Government of Puerto Rico; and

xiv. To take any action or measure necessary or convenient to exercise the powers conferred by this Act or by any other law of the Legislative Assembly of Puerto Rico or of the United States Congress.

**Section 6.- Board of Directors.-**

(a) The Authority shall be governed by a Board of Directors, whose sole member shall be the Executive Director of the Authority for a maximum term of forty-five (45) days from the approval of this Act. Thereafter, the Authority shall be directed by a Board of Directors composed of five (5) members, including the Executive Director of the Authority, appointed by the Governor, one (1) representative of the Senate of Puerto Rico, and one (1) representative of the House of Representatives of Puerto Rico, who shall be designated by the Presiding Officer of each Legislative House. The remaining two members shall be appointed by the Governor. In the case of vacancies, the appropriate appointments shall be made within a term not to exceed forty-five (45) days. Members of the Board of Directors, except for the representatives of the Legislative Assembly, who are appointed by the Governor at his discretion, shall serve at his will and may be removed or replaced by the Governor at any time, with or without cause. Board members designated by the Presiding Officers of the Legislative Houses may only be removed by said Presiding Officers.

(b) The Board shall choose from among its members, a chair and a vice chair, who shall substitute the chair in his absence, as well as a secretary; provided, that if the Board is constituted by a sole member, said member shall serve as chair and secretary of the Board.

(c) The Board may also appoint committees to address any matter that the Board may address.

(d)     Unless the Authority's regulations so prohibit or restrict, any action necessary or allowed during any meeting of the Board or Board committee shall be authorized without the need for a meeting; provided, that all the members of the Board or Board committee, as the case may be, consent in writing to such action. In such event, the written document shall be attached to the minutes of the Board or Board committee, as the case may be. Except as otherwise provided in the Authority's regulations, Board members or Board committee members, respectively, may participate in any Board or Board committee meeting, respectively, through telephone conference, or other means of communication, whereby all of the persons participating in the meeting may listen and communicate simultaneously. The participation of any member of the Board or of any Board committee thereof in the manner described above shall constitute attendance at said meeting.

(e)     Board members shall not receive any compensation for their services as board members. However, Board members shall be entitled to reimbursement for travel expenses necessarily incurred in the discharge of their official duties, in accordance with the applicable regulations of the Department of the Treasury.

(f)     The Board shall have, without it being construed as a limitation, the following duties and faculties—

i.      To establish the general policy of the Authority in order to achieve the objectives of this Act;

ii.      To authorize the Authority's work plan and annual budget;

iii.     To adopt and approve rules and regulations to govern its internal affairs, as well as those that may be necessary to exercise the faculties and powers conferred thereto under this Act;

iv.     To establish, subject to Section seven (7) of this Act, the duties and powers of the Executive Director, in accordance with the provisions of this Act, as well as to establish his compensation;

v.     To require any officer or employee of the Authority those reports and statistical data deemed necessary;

vi.     To validate or select the independent advisor who shall ascertain the revenue projections of the Government of Puerto Rico for any fiscal year, before such projections are submitted to the Legislative Assembly as part of the budget of the Government of Puerto Rico, in accordance with Section 4(a) of Act No. 147 of June 18, 1980, as amended;

vii.     To issue summons to require the appearance and testimony of witnesses, as well as the production of any evidence to gather information related to any matter under its jurisdiction. If any person refuses to obey any summons issued by the Authority, the Authority may petition the court of First Instance of the Commonwealth, San Juan Part, to issue an order to compel such person to appear before the Authority to testify, produce evidence, or both, in connection with the issue under its consideration, which petitions shall be notified in the same manner as they would be notified under the applicable rules of civil procedure;

viii.     To promulgate rules to protect the confidentiality of the information and documents it receives in accordance with the laws and case law in effect in the Government of Puerto Rico in matters related thereto, which act of furnishing information or documents as requested by the Authority shall not be construed as a waiver to the right to file a confidentiality claim by any natural or juridical person with respect to the information or the document thus furnished;

ix.     To adopt the regulations deemed pertinent to comply with the faculties and responsibilities conferred under this Act, taking into consideration the purposes thereof and the declaration of Public Policy;

x.    To delegate to any Board committee or to the Executive Director any of the powers and faculties granted to the Board under this this Act; and

xi.    To take all those actions deemed convenient or necessary to achieve the purposes of the Authority in accordance with the provisions of this Act.

### Section 7.- Executive Director.-

(a)    The Authority shall operate under the direction of an Executive Director, who shall be appointed by the Governor; provided, that if the Board is constituted by a sole member, said member shall also serve as Executive Director of the Authority. At any time during which the Executive Director is the sole member of the Board of the Authority, the Governor shall establish the duties and powers of the Executive Director in accordance with the provisions of this Act and fix his compensation.

(b)    Without it being understood as a limitation, the duties of the Executive Director shall be the following:

i.    To be the chief executive officer of the Authority;

ii.    To draft and submit to the Board the Authority's work plan and annual budget;

iii.    To authorize and supervise any contract necessary for the operations of the Authority subject to the rules established by the Board;

iv.    To establish, organize, direct, and supervise the Authority's administrative structure;

v.    To hire personnel and professionals, including legal advisors, financial advisors, and economists, on reasonable terms and as determined by the Authority, to assist the Executive Director in the discharge of the Authority's duties;

vi.     To establish the functional levels of the Authority's operations, including the power to hire and contract any of the officials and employees under his supervision, subject to the rules established by the Board; and

vii.     To discharge any other functions as assigned thereto by the Board.

**Section 8.- Authority To Oversee Compliance with the Certified Budget and the Fiscal Plan Approved Pursuant to PROMESA**

For the purpose of ensuring compliance with, and the enforcement of, the Fiscal Plan approved, and the Budget certified, pursuant to PROMESA, there is hereby conferred upon the Authority, and the Authority may have and may exercise all the rights and powers that are necessary and convenient to achieve such purposes, including, but not limited to the generality of the provisions of this Act, the following:

(a)     To require that, not later than thirty (30) days, after the last day of each quarter of a fiscal year, every head of the entities of the Government of Puerto Rico, shall submit to the Authority a report, in the manner prescribed by the Authority, describing the following:

i.     The current revenues, expenses, and cash flow for the quarter in question, compared to the projected revenues, expenses, and cash flow in the Budget certified for the quarter in question; and

ii.     Any other information requested by the Authority that it may deem necessary to discharge its duties of ensuring compliance with the Fiscal Plan approved pursuant to PROMESA.

(b)     If the Authority determines, based on the reports submitted by any entity of the Government of Puerto Rico, that current revenues, expenses, and cash flow of the entities for the quarter in question are not consistent with the revenues, expenses, and cash flow projected and established in the certified Budget for said

quarter, the Authority shall request additional information to explain the inconsistency within a term to be prescribed by regulations. If a reasonable explanation for the inconsistency is not received, the Authority may take corrective actions for the corresponding entities of the Government of Puerto Rico including, but not limited to the following:

      i.    To implement the freezing of contracts;

      ii.    To reduce expenditures that are not designated for debt, in order to ensure that quarterly revenues and expenses comply with the Fiscal Plan;

      iii.    To prohibit the execution of contracts or performance of any other financial transaction, including bids, unless the contract or transaction is approved by the Authority; and/or

      iv.    To direct and perform banking transactions on behalf of the appropriate entities of the Government of Puerto Rico to make debt service payments, among others.

    (c)    The Authority shall cancel the reductions, freezing of contracts or the prohibition on the execution of contracts or performance of financial transactions if the Authority determines that the entity of the Government of Puerto Rico in question has begun taking the appropriate measures to reduce spending or increase revenues in order to guarantee that the entity complies with the Budget certified, or Fiscal Plan approved, pursuant to PROMESA.

    (d)    The Authority may require, at its discretion, the entities of the Government of Puerto Rico to appoint a person, within their respective organizations, who shall be in charge of furnishing all the information required by the Authority to said entity. Said person shall furnish all the information required by the Authority along with a sworn certification attesting to the reliability and accuracy of the information furnished.

(e)    The Authority may require, at its discretion, the entities of the Government of Puerto Rico to appoint a person, within their respective organizations, who shall report to the Authority, and be in charge of overseeing such entities' compliance with, and execution of the Fiscal Plan approved and the Budget certified pursuant to PROMESA.

(f)    The Authority may, at its discretion, appoint a trustee to any entity of the Government of Puerto Rico, who shall be in charge of overseeing that any entity found to be noncompliant with (i) the certified Budget; (ii) the approved Fiscal Plan; and/or (iii) any provision of this Act, complies with the orders or corrective measures established by the Authority.

(g)    To require any entity of the Government of Puerto Rico to file periodic reports of the status of its operations, showing disbursements, obligations, balances available in bank accounts or other funds, and projections of expenses or any other information that the Authority deems necessary. In addition, the Authority may require any entity of the Government of Puerto Rico to allow the Authority's access to information directly from the financial entity where said entity keeps its bank accounts in order to monitor balances, obligations, disbursements, and any other information that the Authority deems necessary.

(h)    To continuously monitor the organization of the entities comprising the Government of Puerto Rico to advise the Governor regarding the creation or elimination of government entities, the merger thereof, transfer of duties among entities and any other measures deemed necessary to improve the direction, coordination and operations of the Government of Puerto Rico and its subdivisions, for which purpose, the Authority shall be authorized to appoint trustees to assist in said processes.

(i)     To report findings and make recommendations to the heads of the entities of the Government of Puerto Rico and the Governor as a result of the studies, evaluations, and examinations conducted.

(j)     To require any entity of the Government of Puerto Rico to furnish reports, materials, data, and any information about the organization, objectives, functions, activities, legal basis, regulations, resources, strategies, priorities, action plans, and any other managerial or administrative aspects deemed relevant to ensure compliance with and the execution of the Fiscal Plan approved pursuant to PROMESA by all government bodies of the Government of Puerto Rico.

(k)     To conduct hearings, examine documents, make observations, and conduct investigations, inspections, or verifications as deemed necessary to perform any managerial study, evaluation or audit to ensure compliance with and the execution of the Fiscal Plan approved pursuant to PROMESA by all government bodies.

(l)     To conduct administrative or operational audits of any entity of the Government of Puerto Rico to ascertain compliance thereof with the Fiscal Plan approved pursuant to PROMESA. If any government entity is under the jurisdiction of the Puerto Rico Inspector General, the Authority may require the collaboration of the Inspector General to conduct the audits identified in this Section. The Authority and the Inspector General are hereby authorized to draft regulations to make the coordination of this process feasible.

(m)    To direct any entity of the Government of Puerto Rico that is noncompliant with the Fiscal Plan approved pursuant to PROMESA to correct any deficiencies, restructure the internal organization of the entities within the framework of their enabling acts, revise internal procedures and bylaws, and the use and allocation of their resources (human, space, equipment, etc.);

(n)     To take any actions or measures as are necessary or convenient to discharge its authority to oversee any entity of the Government of Puerto Rico that is noncompliant with the Fiscal Plan approved pursuant to PROMESA.

(o)     To take any steps or actions as the Authority may deem necessary to ensure that all entities of the Government of Puerto Rico comply with the calendar imposed by the Fiscal Oversight Board by virtue of Section 201 of PROMESA. If the Authority, at its discretion, determines that any entity of the Government of Puerto Rico is not complying or shall not comply with the terms imposed by the Fiscal Oversight Board by virtue of Section 201 of PROMESA, the Authority is hereby empowered to take any action on behalf of the entity of the Government of Puerto Rico to comply with the provisions of PROMESA.

(p)     The Authority may—upon a declaration of emergency by the Governor to such purposes—repeal, in whole or in part, regulations, administrative orders and guidelines of any entity of the Government of Puerto Rico in order to comply with the public policy set forth in this Act and to ensure compliance with, and execution of the Fiscal Plan approved pursuant to PROMESA. For purposes of this provision, the Authority shall be excluded from the provisions of the Uniform Administrative Procedures Act, Act No. 170 of August 12, 1988, as amended.

(q)     To be the only entity of the Government of Puerto Rico authorized to, on behalf of the Government of Puerto Rico or any component thereof, negotiate, restructure, and/or enter into Creditors' Agreements in connection with any debt of the Government, the public debt, debt instruments, any other present or future debt and/or agreement with the creditors of any of the components thereof.

(r)     The Authority may prescribe by regulations or administrative order, the requirements for: (i) the timely filing of financial statements or audits of any entity of the Government of Puerto Rico; and (ii) the timely filing of the Budgets of any entity of the Government of Puerto Rico. The Authority may provide any

entity of the Government of Puerto Rico with assistance in the drafting of the reports required by this Act and that any of such entities has failed to file as required.

(s)     The Authority, in conjunction with the Department of the Treasury and the Office of Management and Budget, may establish by regulations or administrative order its position or establish a commission to coordinate the policies and processes relating to liquidity and cash management for any entity of the Government of Puerto Rico. To such effect, the Authority may establish by administrative order which of the unused Budget items of any entity of the Government of Puerto Rico, at the end of each fiscal year, shall be credited to the Budget of the corresponding entity of the Government of Puerto Rico for a subsequent fiscal year or years or shall be allocated as the Authority, at its discretion, deems necessary.

(t)     The Authority may require and/or direct any entity of the Government of Puerto Rico to create trusts and appoint the Authority as the trustee thereof for purposes of making debt service payments and take any necessary measures to comply with the Fiscal Plan approved pursuant to PROMESA.

(u)     The Authority may, at any time, direct the opening, closing, and/or consolidation of any bank account of the entities of the Government of Puerto Rico. If a bank account cannot be closed and/or consolidated by provision of estate or federal law, the Authority may require any disbursement to be made from such account to be previously authorized by the Authority.

(v)     The Authority may adopt regulations in relation to the provisions of this Section.

**Section 9.-  Authority to Revise Contracts and Transactions.-**

(a)    The Authority is hereby empowered to approve regulations for certain proposed contracts and transactions to be executed and carried out, respectively, by any entity of the Government of Puerto Rico that require the approval of the Authority, in order to guarantee that such contracts and transactions are not inconsistent with the Fiscal Plan approved pursuant to PROMESA.

(b)    If a contract is inconsistent with the Fiscal Plan approved pursuant to PROMESA, the Authority shall take any actions it deems necessary to guarantee that said contract does not adversely affect the Government of Puerto Rico's compliance with the Fiscal Plan including, to suspend, cancel or prohibit the execution thereof.

(c)    The Authority may adopt regulations in relation to the provisions of this Section.

**Section 10.-  Officials and Employees.-**

(a)    The Authority's personnel is hereby exempt from the provisions of Act No. 184-2004, as amended, known as the "Public Service Human Resources Administration Act of the Commonwealth of Puerto Rico," or any other successor law thereof. Appointments, dismissals, promotions, transfers, layoffs, replacements, suspensions, leaves, and changes in classification, remuneration, or title of the officials and employees of the Authority shall be made and authorized pursuant to the standards and regulations prescribed by the Board, which shall be consistent with the merit principles established in the Puerto Rico Public Service Personnel Act.

(b)    The Executive Director and the officials and employees of the Authority shall be entitled to reimbursement for all necessary travel expenses that are authorized or approved in accordance with the regulations adopted by the Board for the Authority.

**Section 11.- Immunities.-**

Unless it is shown that a person has committed gross negligence involving reckless disregard of his duties, no person shall be subject to civil or criminal liability or otherwise to any entity or person and without the need for additional notice or order, and shall be held harmless for acts or omissions in his capacity and within his authority in connection with, in relation to, arising from, or allowed under this Act. The Members of the Board as well as the officials and employees of the Authority shall be defended and indemnified by the Authority and held harmless from civil liability for acts or omissions in good faith, in their capacity and within their authority.

**Section 12.-  Collaboration Among Government Entities.-**

The Authority may request any of the following entities or any successor thereof to provide administrative support and such statistical and professional services reasonably necessary for the Authority to fulfill its responsibilities under this Act, to wit: the Bank, the Department of the Treasury, the Office of Management and Budget, the Puerto Rico Department of Economic Development and Commerce, the Institute of Statistics, the Inspector General and any other instrumentality of the Government of Puerto Rico. To the extent possible, the Authority shall reimburse these entities for such services.

**Section 13.- Exemption from other Laws.-**

In order to preserve its administrative independence, which is critical to carry out the duties entrusted thereto under this Act, the Authority shall be excluded from the application of the provisions and laws listed below:

i.      Act No. 184-2004, as amended, known as the "Public Service Human Resources Administration Act of the Commonwealth of Puerto Rico," as well as any other law succeeding Act No. 184;

ii.        Act No. 197-2002, as amended, known as the "Government Transition Process Act";

iii.         Sections 6 through 11 of Act No. 66-2014, as amended, known as the "Government of the Commonwealth of Puerto Rico Special Fiscal and Operational Sustainability Act";

iv.        Act No. 103-2006, as amended, known as the "Commonwealth of Puerto Rico Government Fiscal Reform Act of 2006";

v.        Plan No. 3-2011, as amended, "General Services Administration Reorganization Plan of 2011"; and

vi.        Act No. 78-2011, as amended, known as the "Puerto Rico Election Code for the 21st Century."

Likewise, the Authority shall be excluded from the application of the provisions and laws from which the Bank is currently exempt.

**Section 14.-  Employees of the Authority and the Bank.-**

Permanent, temporary, and/or non-unionized employees of the Bank shall become employees of the Authority, to the extent determined by the Board, whether in whole or in part. Likewise, in order to comply with the duties of the Authority under this Act as well as to discharge its functions of overseeing compliance with the Fiscal Plan approved pursuant to PROMESA, the Executive Director of the Authority may, in his sole discretion, designate and transfer employees from the Authority to the Bank, and said employees shall become automatically employees of the Bank.

**Section 15.- Continuation of the Effectiveness of Prior Approvals of the Bank Relating to Bonds or Similar Obligations or Transactions.**

Any resolution adopted by the Bank prior to the date of creation of the Authority, approving the terms or the issue of bonds or other similar obligation or transaction of the Government of Puerto Rico or any "Unit" of the Government of

Puerto Rico (as such term is defined in Act No. 272 of May 15, 1945, as amended) and of any municipality, shall be valid and continue in full force and effect notwithstanding the approval of this Act or the Authority's assumption of the powers and responsibilities conferred thereto by virtue of this Act, and shall not require the Authority to adopt a resolution approving once again the terms or the issue of said bonds or similar obligations or transaction, even if said bonds or similar obligations are issued, or said transaction is completed, after the date of creation of the Authority.

Section 16.- Boards, Committees, Commissions or Councils.-

On the effective date of this Act, the Director of the Authority or his representative shall thereafter substitute the President of the Government Bank in every Board, Committee, Commission or Council of which the President of the Bank is a member by law, Executive Order or Regulations. The Director of the Authority shall automatically become the legal successor of the President of the Bank. Moreover, any Law, Executive Order, or Regulations designating the President of the Bank as member, shall be deemed to be tacitly amended to substitute the President of the Bank for the Director of the Authority. Notwithstanding the foregoing, the Executive Director of the Authority may assign his position in any Board, Committee, Commission or Council of the entities of the Government of Puerto Rico to the President of the Bank, or to his representative.

Furthermore, the Executive Director of the Authority, or his representative, shall be a member of every Board, Committee, Commission or Council of the entities of the Government of Puerto Rico that are considered "covered territorial instrumentalities" under PROMESA. However, the Executive Director of the Authority may assign his position in said Board, Committee, Commission or Council of the entities of the Government of Puerto Rico that are considered

"covered territorial instrumentalities" under PROMESA to the President of the Bank, or to his representative.

**Section 17.- Relation to Constitutional Provisions; Supremacy over other Laws.-**

This Act has been promulgated pursuant to, and in accordance with, the police powers of the Government of Puerto Rico. In the event that the provisions of this Act are in conflict with the provisions of any other state law, the provisions of this Act shall prevail.

**Section 18.- Budget.-**

For the remainder of Fiscal Year 2016-2017, the Authority shall have the available balance of the budget in effect approved for the Fiscal Agency and Financial Advisory Authority created in Chapter VI of the Puerto Rico Emergency Moratorium and Rehabilitation Act, Act No. 21-2016, for 2016-2017. Subsequently, the budget of the Authority shall be that appropriated by the Legislative Assembly from the General Fund, Special Appropriations, and/or any other income received.

**Section 19.- Repeal of Chapter 6 of Act No. 21-2016.-**

Chapter 6 of Act No. 21-2016, as amended, known as the "Puerto Rico Emergency Moratorium and Rehabilitation Act," is hereby repealed.

**Section 20.- Repeal of Act No. 208-2015.-**

Act No. 208-2015, known as the "Puerto Rico Fiscal Oversight and Economic Recovery Organic Act," is hereby repealed.

**Section 21.- Transitory Clause.-**

For all intents and purposes, the property or any interest thereon, records, files, and documents; funds already appropriated or to be made available in the future, including, surplus, assets, and liabilities of any kind; obligations and contracts of any kind; licenses, permits, and other authorizations; and the personnel

of the Puerto Rico Fiscal Agency and Financial Advisory Authority created in Act No. 21 are hereby transferred to the Authority. The personnel transferred to the Authority shall keep all their vested rights as of the effective date of this Act, as well as the rights, privileges and obligations and status with respect to any existing pension or retirement system, or savings and loans fund, in which they are enrolled.

Without construing the foregoing provisions as a limitation, it is hereby provided that:

(1)   this Act shall not invalidate any agreement duly executed by the Puerto Rico Fiscal Agency and Financial Advisory Authority created by virtue of Chapter VI of Act No. 21-2016 or any agreement executed by the Bank and assumed by said Authority by virtue of Act No. 21, which shall continue in effect until the date agreed for their termination, unless the terms thereof are inconsistent with the provisions of this Act or are cancelled on a prior date if the agreement in question so allows; and

(2)   any regulations, orders, approvals, resolutions, circular letters, and other administrative documents of the Puerto Rico Fiscal Agency and Financial Advisory Authority by virtue of Chapter VI of Act No. 21, shall become regulations, orders, resolutions, circular letters, or administrative documents of the Authority, and shall continue in effect until they are amended, supplemented, repealed, or rendered ineffective by the Authority.

**Section 22.-  Severability Clause.-**

If any clause, paragraph, subparagraph, sentence, word, letter, article, provision, section, subsection, title, chapter, subchapter, heading, or part of this Act were held to be null or unconstitutional, the ruling, holding, or judgment to such effect shall not affect, impair, or invalidate the remainder of this Act. The effect of said holding shall be limited to the clause, paragraph, subparagraph,

sentence, word, letter, article, provision, section, subsection, title, chapter, subchapter, heading, or part of this Act thus held to be null or unconstitutional. If the application to a person or a circumstance of any clause, paragraph, subparagraph, sentence, word, letter, article, provision, section, subsection, title, chapter, subchapter, heading, or part of this Act were held to be null or unconstitutional, the ruling, holding, or judgment to such effect shall not affect or invalidate the application of the remainder of this Act to such persons or circumstances where it may be validly applied. It is the express and unequivocal will of this Legislative Assembly that the courts enforce the provisions and application thereof to the greatest extent possible, even if it renders ineffective, nullifies, invalidates, impairs, or holds to be unconstitutional any part thereof, or even if it renders ineffective, invalidates, or holds to be unconstitutional the application thereof to any person or circumstance. This Legislative Assembly would have approved this Act regardless of any determination of severability that the Court may make.

**Section 23.-  Effectiveness.-**

This Act shall take effect immediately after its approval.

# CERTIFICATION

I hereby certify to the Secretary of State that the following **Act No. 2-2017 (S. B. 211)** of the **1st Regular Session** of the **18th Legislative Assembly of Puerto Rico:**

**AN ACT**     to create the Puerto Rico Fiscal Agency and Financial Advisory Authority (FAFAA) in order to empower the Authority to oversee compliance with the certified budget and fiscal plan approved pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act of 2016; delegate to the Authority the power to revise matters including, but not limited to, agreements, transactions, and regulations of the agencies and instrumentalities of the Government of Puerto Rico;[…]

has been translated from Spanish to English and that the English version is correct.

In San Juan, Puerto Rico, on this 19th day of July, 2017.

Orlando Pagán Ramírez
Acting Director