# <u>EXHIBIT R</u>

# GOBIERNO DE PUERTO RICO

# COMITÉ DE EVALUACIÓN Y DISPOSICIÓN DE BIENES INMUEBLES

NUMERO: 9133

Fecha: 9 de diciembre de 2019

*Aprobado:* Lcda. María Marcano de León
Subsecretaria de Estado

Lcdo. Samuel Wiscovitch Coral
Secretario Auxiliar de Servicio
Departamento de Estado
Gobierno de Puerto Rico

# REGLAMENTO ÚNICO PARA LA EVALUACIÓN Y DISPOSICIÓN DE BIENES INMUEBLES DE LA RAMA EJECUTIVA DEL GOBIERNO DE PUERTO RICO

ASSETS_2004_0000361

# ÍNDICE

|  | Págs. |
|---|---|
| ARTÍCULO 1. - BASE LEGAL; PROPÓSITO DEL REGLAMENTO ALCANCE .................................................................................... | 1 |
| ARTÍCULO 2.- DEFINICIONES ................................................................ | 1-5 |
| ARTÍCULO 3.- COMITÉ DE EVALUACIÓN Y DISPOSICIÓN DE BIENES INMUEBLES................................................................ | 5-7 |
| ARTÍCULO 4.-INVENTARIO DE BIENES INMUEBLES ................... | 7-8 |
| ARTÍCULO 5.- REGLA GENERAL ......................................................... | 9 |
| ARTÍCULO 6.- SOLICITUDES DE DISPENSA...................................... | 9-10 |
| ARTÍCULO 7.- VENTA DIRECTA........................................................... | 10-13 |
| ARTÍCULO 8.- PROCEDIMIENTO PARA SUBASTA EN SOBRE SELLADO ................................................................................... | 13-20 |
| ARTÍCULO 9.- PROCEDIMIENTO PARA SUBASTA A VIVA VOZ | 20-22 |
| ARTÍCULO 10.- CANCELACIÓN DE SUBASTAS.............................. | 22-23 |
| ARTÍCULO 11.- USO DE MECANISMOS COMPETITIVOS DE SUBASTA PARA SOLICITUDES DE ARRENDAMIENTOS, USUFRUCTOS Y TRANSFERENCIAS DE POSESIÓN ..................... | 23-24 |
| ARTÍCULO 12.- CRITERIOS DE ELEGIBILIDAD PARA ADQUIRIR MEDIANTE VENTA DIRECTA UN PLANTEL ESCOLAR EN DESUSO ............................................................. | 24-25 |
| ARTÍCULO 13. - VENTA DIRECTA DE PLANTELES ESCOLARES EN DESUSO...................................................................................... | 26-27 |
| ARTÍCULO 14.- EVALUACIÓN DE SOLICITUDES DE COMPRA PARA LA VENTA DIRECTA DE PLANTELES ESCOLARES EN DESUSO ...................................................................................... | 27-29 |
| ARTÍCULO 15.- APROBACIÓN DE PROPUESTAS PARA LA VENTA DIRECTA DE UN PLANTEL ESCOLAR EN DESUSO......... | 29 |
| ARTÍCULO 16.- ARRENDAMIENTO DE PLANTELES ESCOLARES EN DESUSO........................................................................................ | 29 |

ASSETS_2004_0000362

**ARTÍCULO 17. – REQUERIMIENTOS** .................................................. 29-30

**ARTÍCULO 18.- CONDICIONES Y GARANTÍAS DEL ARRENDAMIENTO** ................................................................................ 30

**ARTÍCULO 19- EVALUACIÓN DE PROPUESTAS DE ARRENDAMIENTO** ................................................................................ 30-31

**ARTÍCULO 20- CANON Y TÉRMINO DEL ARRENDAMIENTO** .... 31-34

**ARTÍCULO 21– NOTIFICACIÓN DEL COMITÉ** ................................ 34

**ARTÍCULO 22- SUPERVISIÓN** ................................................................ 34-35

**ARTÍCULO 23. - RENOVACIÓN O ENMIENDA DE CONTRATO** ... 35

**ARTÍCULO 24. - FACTURACIÓN, COBROS DEL CONTRATO Y DESAHUCIO** ............................................................................................ 35

**ARTÍCULO 25.- ACUERDO DEFINITIVO** ........................................... 35-36

**ARTÍCULO 26.- CERTIFICACIONES** ................................................... 36-37

**ARTÍCULO 27.- GASTOS** ......................................................................... 37

**ARTÍCULO 28.- INHABILIDAD DEL(A) DIRECTOR(A) EJECUTIVO(A)** ........................................................................................ 37

**ARTÍCULO 29.- RECONSIDERACIÓN Y REVISIÓN JUDICIAL** .... 37

**ARTÍCULO 30.- MISCELÁNEAS** ........................................................... 38-39

ASSETS_2004_0000363

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico*

## PARTE I. DISPOSICIONES GENERALES

### ARTÍCULO 1. - BASE LEGAL; PROPÓSITO DEL REGLAMENTO; ALCANCE

1.     **Base Legal.** El Comité de Evaluación y Disposición de Bienes Inmuebles adopta este Reglamento a tenor con las facultades y poderes que le confiere los Artículos 5.05 y 5.06 de la Ley Núm. 26 - 2017, conocida como la Ley Cumplimiento con el Plan Fiscal. También se promulga conforme a la Ley Núm. 38 - 2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.

2.     **Propósito del Reglamento.** El propósito de este Reglamento es establecer un procedimiento eficiente y efectivo, con parámetros uniformes para las disposiciones y transferencias de los bienes inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico.

3.     **Alcance del Reglamento.** El alcance aplicará a todas las propiedades inmuebles que al presente o en el futuro puedan pertenecer a la Rama Ejecutiva del Gobierno de Puerto Rico, salvo que el Comité, o algún grupo de trabajo creado por el Comité, adopte un reglamento especial para ciertas propiedades inmuebles que pertenezcan a la Rama Ejecutiva del Gobierno de Puerto Rico, en cuyo caso no les aplicará este Reglamento.

### ARTÍCULO 2.- DEFINICIONES

Las definiciones que aparecen en este artículo aplican a todo el Reglamento y a los procedimientos y formularios que por virtud del mismo se adopten. Los términos utilizados en este Reglamento tienen el significado establecido a continuación, excepto cuando el contexto claramente indique un significado diferente.

1.     **AAFAF:** Significa la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico.

2.     **Acuerdo Definitivo:** Significa la escritura de compraventa, contrato o escritura de arrendamiento o usufructo u otro instrumento mediante el cual el Titular de un Bien Inmueble transfiere la titularidad o posesión del mismo a un Licitador agraciado, oferente u otra persona con derecho a adquirir dicho Bien Inmueble conforme a los términos y condiciones de la Resolución adoptada por el Comité o el (la) Director(a) Ejecutivo(a), según sea el caso.

3.     **Arrendamiento:** Significa la acción del Titular, en su capacidad de Arrendador, de ceder al Arrendatario la ocupación y posesión de un Bien Inmueble en desuso o parte de ellos por un tiempo definido y mediante el pago de determinado canon de arrendamiento, prestación de fianza, según aplicable, y validación de ciertas pólizas de seguro, entre otros términos y condiciones, según sean requeridas y evidenciado en el Contrato de Arrendamiento suscrito entre el Arrendador y el Arrendatario.

4.     **Arrendador:** Significa el Titular que suscribe un Contrato de Arrendamiento con el Arrendatario para permitir la posesión, uso y ocupación de determinado Bien Inmueble en desuso mediante Arrendamiento, según autorizado en este Reglamento.

-1-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

5.    **Arrendatario**: Significa la persona natural o jurídica que mediante Arrendamiento, entra en la posesión, uso y ocupación legal de determinado Bien Inmueble en desuso, según los términos y condiciones del Contrato de Arrendamiento autorizado y formalizado, conforme las disposiciones de este Reglamento.

6.    **Bienes Inmuebles**: Significa aquellos bienes en desuso o parte de ellos, que no puedan moverse por sí mismos ni ser trasladados de un lugar a otro como la tierra, los edificios, planteles escolares, etcétera; así como todos los que estén unidos a un inmueble de manera fija, de suerte que no pueda separarse de éste sin quebrantamiento de la materia o deterioro del objeto, que pertenezcan a las Entidades de la Rama Ejecutiva, y que no sean bienes de dominio público.

7.    **Canon:** Significa la renta determinada que debe pagar el Arrendatario, conforme los términos y condiciones del Contrato de Arrendamiento.

8.    **Comité:** Significa el Comité de Evaluación y Disposición de Bienes Inmuebles creado al amparo de la Ley.

9.    **Contrato de Arrendamiento:** Significa el acuerdo escrito entre el Titular, en su carácter de Arrendador, y el Arrendatario, que dispone el canon, vigencia y demás términos y condiciones aplicables para la posesión, uso y ocupación de determinado Bien Inmueble en desuso. El Titular será responsable de tramitar su registro en la Oficina del Contralor de Puerto Rico.

10.    **Determinación:** Significa una decisión final adoptada por el (la) Director(a) Ejecutivo(a) la cual contendrá las razones y fundamentos que llevaron a aprobar o denegar una venta directa de un Bien Inmueble o Plantel Escolar en Desuso. Además, se refiere a la designación del (de la) Director(a) Ejecutivo(a) para la creación de un(os) grupo(s) de trabajo.

11.    **Día laborable:** Significa un día que no sea sábado, domingo o un día en que las instituciones bancarias en Puerto Rico estén autorizadas o permitidas bajo la ley aplicable a cerrar al público.

12.    **Director(a) Ejecutivo(a):** Se refiere al (a la) Director(a) Ejecutivo(a) del Comité nombrado por el Comité conforme al Artículo 5.04 de la Ley.

13.    **Disposición:** Significa todo proceso mediante el cual el Gobierno cede el título de propiedad, derecho de posesión, uso, ocupación o disfrute de Bienes Inmuebles.

14.    **Entidad Gubernamental:** Significa cualquier Entidad de la Rama Ejecutiva, Entidad Municipal, entidad de la Rama Legislativa, entidad de la Rama Judicial o la Universidad de Puerto Rico.

15.    **Entidad Municipal:** Significa cualquier municipio de Puerto Rico, al igual que cualquier corporación municipal o consorcio municipal.

16.    **Entidad de la Rama Ejecutiva:** Significa cualquier agencia, instrumentalidad o corporación pública de la Rama Ejecutiva del Gobierno actualmente existente o que en el futuro se

ASSETS_2004_0000365

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

creare, sin importar el grado de autonomía fiscal o presupuestaria que de otra forma le confiere su ley orgánica u otra legislación aplicable, excluyendo expresamente a la Rama Judicial, la Rama Legislativa y la Universidad de Puerto Rico.

**17.** **Escrito o por escrito:** Se refiere a cualquier expresión que consista de palabras o cifras que se pueda leer, reproducir y que se pueda comunicar posteriormente, y puede incluir información transmitida y almacenada por medios electrónicos.

**18.** **Fianza** - Significa la garantía que provee el Arrendatario para el cumplimiento del Contrato de Arrendamiento, la cual debe ser suficiente para asegurar el canon pactado, además, de los costos asociados con el mantenimiento, contribuciones territoriales (CRIM), si alguna, y seguros apropiados según el uso autorizado para poseer, ocupar y utilizar Plantel Escolar en Desuso objeto del Arrendamiento.

**19.** **Gobernador(a):** significa el (la) Gobernador(a) de Puerto Rico o el oficial ejecutivo designado y autorizado por el (la) Gobernador(a) para actuar como su delegado.

**20.** **Gobierno:** Se refiere al Gobierno de Puerto Rico.

**21.** **Inventario de Planteles Escolares en Desuso:** Significa el inventario comprensivo preparado por el Departamento de Educación, el Departamento de Transportación y Obras Públicas y la Autoridad de Edificios Públicos, que desglosa los Planteles Escolares en Desuso disponibles para su Disposición, conforme se establece en este Reglamento. El inventario se publicará en el portal de Internet de la AAFAF o del Comité y se actualizará de tiempo en tiempo, según sea necesario.

**22.** **Inventario de Propiedad Inmueble del Gobierno de Puerto Rico:** Significa el inventario oficial y/o mapa de activos de todos los Bienes Inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico a publicarse en el portal de la AAFAF y se actualizará de tiempo en tiempo, según sea necesario.

**23.** **Junta Revisora de Propiedad Inmueble:** significa la Junta Revisora de Propiedad Inmueble creada al amparo de la Ley Núm. 235 - 2014.

**24.** **Ley:** significa la Ley de Cumplimiento con el Plan Fiscal, Ley Núm. 26 - 2017, según sea enmendada.

**25.** **Licitador:** se trata de aquella Persona que puja o presenta una Oferta como parte del proceso de Disposición mediante Subasta de determinado Bien Inmueble o Plantel Escolar en Desuso.

**26.** **Oferta:** Toda propuesta de adquisición de Bienes Inmuebles o de Planteles Escolares en Desuso, incluyendo, pero sin limitarse a, oferta de compraventa, arrendamiento y/o usufructo. La misma debe contener los términos económicos que ofrece el oferente para tal adquisición.

**27.** **Ofertas Idénticas:** significa dos o más Ofertas presentadas por dos o más Personas para el mismo Bien Inmueble o Plantel Escolar en Desuso, que sean iguales en cuanto a la cuantía

ASSETS_2004_0000366

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

ofrecida como precio de compraventa o canon de arrendamiento.

**28.** **Persona:** significa cualquier persona natural o cualquier entidad jurídica organizada bajo las leyes de Puerto Rico, de Estados Unidos de América, de cualquiera de sus estados o territorios, o de cualquier país extranjero, cualquier agencia federal o cualquier combinación de las anteriores, autorizada a hacer negocios en Puerto Rico. El término incluirá cualquier Entidad Gubernamental, cualquier individuo, firma, corporación, compañía, sociedad, compañía por acciones, asociación, corporación pública o privada, cooperativa o entidad sin fines de lucro que esté debidamente constituida y autorizada bajo las leyes de Puerto Rico, o de Estados Unidos de América, o cualquiera de sus estados o territorios o de cualquier país extranjero debidamente autorizada a hacer negocios en Puerto Rico.

**29.** **Plan de Desarrollo y Rehabilitación de Estructuras Públicas:** significa el Plan de Desarrollo y Rehabilitación de Estructuras Públicas creado, aprobado y recomendado por la Junta Revisora de Propiedad Inmueble al amparo del Artículo 10 de la Ley Núm. 235 – 2014.

**30.** **Planteles Escolares en Desuso:** Se refiere a aquellos Bienes Inmuebles construidos y habilitados en su origen como escuelas o centros docentes que el Gobierno determinó clausurar y no operar o utilizar, por lo que están disponibles para su Disposición conforme los términos de este Reglamento y la política pública dispuesta en la Ley.

**31.** **Propuestas:** se refiere al documento escrito que presenta un Proponente, Solicitante u Oferente que detalla el uso propuesto y/o proyecto de desarrollo económico, social o comunitario que propone para el Bien Inmueble o Plantel Escolar en Desuso que interesa adquirir u ocupar por cualquier medio legal, incluyendo la oferta económica.

**32.** **Resolución:** Significa la determinación final adoptada por el Comité autorizando al Titular la Disposición del Bien Inmueble de que se trate, la cual contendrá los términos y condiciones particulares que regirán la Disposición y que se plasmarán en el Acuerdo Definitivo.

**33.** **Sistema de Búsqueda:** Significa el Sistema de Búsqueda creado por la Junta Revisora de Propiedad Inmueble, en virtud de la Ley Núm. 235 - 2014, disponible a través de http://www2.pr.gov/propiedadesinmuebles, según sea actualizado.

**34.** **Solicitante:** Se refiere a aquella Persona que presenta una Propuesta u Oferta para adquirir, arrendar, ocupar, usar, o de cualquier otra forma legal, poseer y utilizar un Bien Inmueble o Plantel Escolar en Desuso, conforme las disposiciones de este Reglamento. También podrá referirse como '**Oferente**' o '**Proponente**'.

**35.** **Solicitud de Compra:** Significa el formulario oficial adoptado por el Comité para que cualquier persona interesada peticione la compra de un Plantel Escolar en Desuso de conformidad se establece en este Reglamento.

**36.** **Subasta:** Significa una Subasta en Sobre Sellado o una Subasta a Viva Voz, conforme se describe en este Reglamento.

-4-

ASSETS_2004_0000367

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

**37.** <u>Subasta a Viva Voz:</u> Es todo proceso donde se reúnen físicamente varios Licitadores en un lugar y hora previamente determinado por el (la) Director(a) Ejecutivo(a), a hacer Oferta directa para determinado Bien Inmueble o Plantel Escolar en Desuso anunciado con antelación a dicho proceso por el (la) Director(a) Ejecutivo(a). La Oferta se hace a viva voz, donde los restantes Licitadores escuchan y conocen las Ofertas conforme a las disposiciones de este Reglamento.

**38.** <u>Subasta Desierta:</u> Significa una Subasta en Sobre Sellado o una Subasta a Viva Voz para un determinado Bien Inmueble o Plantel Escolar en Desuso, que sea debidamente convocada conforme a las disposiciones de este Reglamento, a la cual no comparezca Licitador o en la cual los Licitadores comparecientes incumplan con los requisitos de este Reglamento o del aviso de Subasta, de manera que no sea posible adjudicar favorablemente una Subasta.

**39.** <u>Subasta en Sobre Sellado:</u> Significa el proceso de Subasta donde los Licitadores hacen su oferta secreta en sobre sellado conforme a las disposiciones de este Reglamento.

**40.** <u>Titular:</u> significa la Entidad de la Rama Ejecutiva que posee la titularidad en pleno dominio de determinado Bien Inmueble o Plantel Escolar en Desuso y que se acoge a las disposiciones de este Reglamento con el propósito de disponer de dicho Bien Inmueble o Plantel Escolar en Desuso.

**41.** <u>Usufructo</u>: significa la transferencia del uso y disfrute de una propiedad inmueble por el titular a un proponente. Para propósitos de esta disposición se incorpora el concepto de usufructo según aplicables a bienes inmuebles según surge del Código Civil de Puerto Rico, en todo y en cuanto no sea incompatible con este reglamento.

**42.** <u>Venta Directa:</u> Significa el proceso para disponer de un Bien Inmueble o de un Plantel Escolar en Desuso, en cumplimiento con los requisitos provistos en este Reglamento en aquellos casos en los cuales el Titular o el Comité recibe una oferta no solicitada.

## ARTÍCULO 3.- COMITÉ DE EVALUACIÓN Y DISPOSICIÓN DE BIENES INMUEBLES

### 1. <u>Composición del Comité y Oficiales</u>

De conformidad con las disposiciones de la Ley, el Comité estará compuesto por los funcionarios públicos siguientes:

a. El (la) Director(a) Ejecutivo(a) de AAFAF.

b. El Director de la Oficina de Gerencia y Presupuesto.

c. El Secretario del Departamento de Desarrollo Económico y Comercio.

Los integrantes del Comité podrán delegar sus poderes y atribuciones bajo la Ley y este Reglamento en un oficial de su agencia quien fungirá como su representante ante el Comité. Toda delegación de poderes y atribuciones deberá constar para su eficacia en una directriz escrita bajo la

ASSETS_2004_0000368

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

firma del integrante del Comité. Mediante la delegación de poderes y atribuciones, el delegado del miembro del Comité contará con plena facultad y poder para participar en todo trámite del Comité por lo cual podrá emitir el voto del integrante del Comité en todos los trabajos del Comité como si fuera el propio miembro del Comité.

El Director de Ejecutivo de la AAFAF será el Presidente del Comité y presidirá las reuniones y procedimientos que celebre el Comité. El Comité designará un(a) Director(a) Ejecutivo(a), y podrá designar uno o más Secretarios(a) y Secretarias(a) Auxiliares, así como aquellos otros oficiales que estime necesarios y quienes realizarán aquellas funciones y deberes que le sean encomendadas por el Comité mediante resolución a esos efectos para procurar el buen funcionamiento de los trabajos del Comité. Los miembros del Comité no devengarán salario ni compensación alguna por concepto de dietas por el ejercicio de los deberes y facultades que le impone la Ley y este Reglamento.

2. **Reuniones**. El Comité se reunirá, al menos, una vez al mes, y cuando sea necesario de tiempo en tiempo para agilizar los trabajos, en el lugar y la hora que el presidente del Comité estime conveniente. Los miembros del Comité o sus delegados debidamente designados podrán participar en cualquier reunión mediante conferencia telefónica o cualquier otro medio de comunicación a través del cual todos los participantes puedan escucharse simultáneamente. Disponiéndose, además, que cualquier acción permitida en reunión del Comité podrá ser autorizada mediante el mecanismo de consentimiento escrito por el voto afirmativo de la mayoría de sus miembros o sus representantes autorizados, lo cual tendrá el mismo efecto, validez y equivalencia a la celebración de una reunión del Comité. La participación de los miembros del Comité o sus respectivos delegados en cualquiera de las formas antes descritas, constituirá la asistencia del miembro del Comité a dicha reunión. Se deberá preparar una minuta, la cual deberá contener un resumen de los asuntos atendidos y las determinaciones que se adopten en toda reunión del Comité, excepto cuando sea mediante consentimiento escrito, donde la Secretaria o Secretaria Auxiliar, preparará una certificación con los resultados obtenidos y firmará como correcta.

3. **Director(a) Ejecutivo(a)**

    a.  El (la) Director(a) Ejecutivo(a) será responsable ante el Comité por la ejecución de la política pública establecida en la Ley, ejercerá la supervisión y administración general de los asuntos y actividades del Comité, así como cualesquiera otras funciones o tareas delegadas por el Comité según lo autoriza el Artículo 5.04 de la Ley. Además, tendrá los poderes y deberes siguientes: Nombrar aquellos oficiales, agentes y empleados que sean necesarios para el adecuado cumplimiento de los fines y propósitos para los cuales se ha creado el Comité y para fijar sus poderes, facultades y deberes y los términos y condiciones de trabajo que establece este Reglamento. Disponiéndose que los nombramientos deberán realizarse de conformidad con lo dispuesto en la Ley Núm. 8 - 2017.

    b.  Evaluar las Propuestas y/o las Ofertas, así como cualquier solicitud de reconsideración que le sea sometida por cualquier Persona al amparo de este Reglamento, y asegurarse que cumpla con la Ley y este Reglamento.

ASSETS_2004_0000369

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

c. Presentar recomendaciones al Comité en relación con la Disposición de Bienes Inmuebles de las Entidades de la Rama Ejecutiva, incluyendo los Planteles Escolares en Desuso, incluyendo el método de Disposición.

d. Crear y mantener un expediente del Bien Inmueble que le sea referido al Comité.

e. Cualquier otra función que, de tiempo en tiempo, le sea delegada por el Comité.

**4. Asesores del Comité.** El (la) Director(a) Ejecutivo(a) podrá nombrar empleados del Comité o contratar consultores, asesores o agentes para asistir al Comité en la evaluación de las solicitudes de Venta Directa, Solicitudes de Compra, las Ofertas o Propuestas que reciba o se refieran al Comité, al igual que en el proceso de selección de Licitadores y negociación de los contratos para la Disposición, incluyendo el Acuerdo Definitivo, o proveer cualquier otra asistencia que se estime necesaria o apropiada en relación con la formalización del Acuerdo Definitivo o en relación con cualquiera de los poderes y deberes del(de la) Director(a) Ejecutivo(a) bajo este Reglamento, y podrán participar o asistir en el proceso de evaluación y recomendaciones que efectúe el (la) Director(a) Ejecutivo(a), según este lo estime necesario. Los individuos o entidades que provean dicha asistencia deberán cumplir con la Ley Núm. 1 - 2012, conocida como la "Ley de la Oficina de Ética Gubernamental de Puerto Rico", según enmendada, la Ley Núm. 2 - 2018, conocida como el "Código Anti-Corrupción para el Nuevo Puerto Rico", según enmendada, así como aquellas guías, códigos, reglamentos, normas o procedimientos de ética y/o de conflictos de intereses adoptados de tiempo en tiempo por el Comité, si alguno, así como cualquier otra ley, código, reglamento, norma o procedimiento aplicable.

**5. Otros funcionarios del Comité.** El Comité podrá designar cualesquiera funcionarios que entienda necesarios para procurar el buen funcionamiento de los trabajos, esto en aras de lograr la consecución de los propósitos para los cuales fue creado, de conformidad con la Ley.

**6. Subcomités o Grupos de Trabajo.** El Comité o el (la) Director(a) Ejecutivo(a) podrá, mediante Resolución aprobada por la mayoría de sus miembros o Determinación, crear subcomités o grupos de trabajo especiales o permanentes según sean necesarios para cumplir con los deberes, propósitos y objetivos del Comité. Dichos subcomités o grupos de trabajo podrán estar compuestos por miembros del Comité o por funcionarios u oficiales designados por estos, así como aquellos funcionarios públicos y/o personas privadas (*ad honorem*) con el conocimiento técnico y/o especializado que sea requerido para cumplir con los propósitos para los cuales haya sido creado dicho subcomité o grupo de trabajo. El Comité o el (la) Director(a) Ejecutivo(a) otorgará a los subcomités o grupos de trabajo, respectivamente, las facultades y poderes que estime necesarios y adecuados, disponiéndose, sin embargo, que el Comité o el (la) Director(a) Ejecutivo(a) no podrá conferirle a éstos facultad o poder alguno que no le haya sido conferida al Comité bajo la Ley.

## ARTÍCULO 4.-INVENTARIO DE BIENES INMUEBLES

El (la) Director(a) Ejecutivo(a) coordinará con la Junta Revisora de Propiedad Inmueble para la administración y actualización del Inventario de Propiedad Inmueble del Gobierno de Puerto Rico.

ASSETS_2004_0000370

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

Será responsabilidad de cada Entidad de la Rama Ejecutiva preparar y actualizar su respectivo inventario de Bienes Inmuebles bajo su tenencia y notificar el mismo al Comité y a la Junta Revisora de Propiedad Inmueble para que se mantenga actualizado el Inventario de Propiedad Inmueble del Gobierno de Puerto Rico. Cada vez que ocurra algún cambio con alguno de los Bienes Inmuebles de su propiedad, ya sea que el mismo es ocupado o desocupado, vendido, arrendado o de otra forma transferido a, u ocupado por, otra Entidad Gubernamental o cualquier otra Persona, la Entidad de la Rama Ejecutiva, como Titular del Bien Inmueble notificará tal incidencia al Comité y a la Junta Revisora de Propiedad Inmueble, esta última procederá a actualizar el Inventario de Propiedad Inmueble del Gobierno de Puerto Rico.

A petición del Comité, todo Titular proveerá al Comité por conducto del Director(a) Ejecutivo(a) los siguientes documentos en relación con determinado Bien Inmueble:

a. Certificación del Titular confirmando que el Bien Inmueble no es utilizado por las diferentes divisiones u oficinas del Titular o que es utilizado pero se han identificado alternativas viables y la Disposición del Bien Inmueble beneficiará el interés público;

b. Certificación de la Junta Revisora de Propiedad Inmueble confirmando que: (i) ninguna Entidad Gubernamental propone ocupar el Bien Inmueble como parte del Plan de Desarrollo y Rehabilitación de Estructuras Públicas; o (ii) determinada Entidad Gubernamental propone ocupar el Bien Inmueble como parte del Plan de Desarrollo y Rehabilitación de Estructuras Públicas pero se han identificado alternativas viables y la Disposición del Bien Inmueble beneficiará el interés público;

c. En la medida en que esté disponible, se entregará la mensura del Bien Inmueble en Plano NAD-83 certificada por un agrimensor autorizado al ejercicio de dicha práctica en Puerto Rico;

d. Certificación registral o estudio de título reciente para el Bien Inmueble (no más de 180 días); y

e. Tasación u opinión de valor para el Bien Inmueble, de estar disponibles, la cual no debe tener más de dos años.

Hasta tanto el Titular haya presentado los documentos antes mencionados ante el Comité, este último o el Director(a) Ejecutivo(a) no comenzarán un proceso de Subasta en Sobre Sellado, Subasta a Viva Voz o Venta Directa en relación con algún Bien Inmueble, salvo en aquellos casos en que el Comité o el Director(a) Ejecutivo(a) determine que comenzar el proceso de Subasta en Sobre Sellado, Subasta a Viva Voz o Venta Directa previo a la presentación de dichos documentos redundará en los mejores intereses del Titular o el Gobierno.

-8-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

## PARTE II.    TRÁMITE DE DISPENSA

### ARTÍCULO 5.- REGLA GENERAL

Conforme a lo dispuesto en el Artículo 1.02 y 10.04 de la Ley, a partir de la fecha de efectividad de este Reglamento se dejan sin efecto los reglamentos enumerados de las agencias, instrumentalidades gubernamentales y/o corporaciones públicas con relación a la disposición de Bienes Inmuebles, por ser estos inconsistentes con las disposiciones del Capítulo 5 de la Ley y este Reglamento. Salvo lo dispuesto más adelante, todas las agencias, instrumentalidades gubernamentales y/o las corporaciones públicas deberán cumplir con las disposiciones de este Reglamento para la Disposición de sus Bienes Inmuebles.

### ARTÍCULO 6.- SOLICITUDES DE DISPENSA

i.    Las corporaciones públicas que adopten normativas o reglamentos para la Disposición de Bienes Inmuebles de conformidad con la Ley podrán solicitar al Comité una dispensa del cumplimiento con este Reglamento enviando una copia digital de la norma o reglamento propuesto al Comité a la dirección de correo electrónico: CEDBI@aafaf.pr.gov. El Comité o su Director(a) Ejecutivo(a), según corresponda, evaluará las disposiciones de la norma o reglamento propuesto para: (a) evaluar si establece un proceso expedito y eficiente para la Disposición de los Bienes Inmuebles; y, (b) verificar si cumple o es consistente con la política pública promulgada en la Ley. El Comité o su Director(a) Ejecutivo(a), según corresponda, a su discreción, aprobará o denegará la norma o reglamento propuesto o podrá requerir enmiendas o modificaciones como condición para su aprobación. El (la) Director(a) Ejecutivo(a) o la persona que éste(a) designe notificará su determinación a la corporación pública solicitante. En caso de que el Comité o su Director(a) Ejecutivo(a), según corresponda, no haya provisto aprobación por escrito de la norma o reglamento propuesto dentro de treinta (30) días luego de remitir al Comité la solicitud de aprobación de la norma o reglamento, la misma se considerará denegada y la corporación pública solicitante se regirá conforme las disposiciones de este Reglamento.

ii.    Cuando se trate de la Disposición de un Bien Inmueble de una corporación pública que haya comenzado con anterioridad a promulgarse la Ley, dicha Disposición podrá continuar si recibe el consentimiento del Comité o su Director(a) Ejecutivo(a), disponiéndose que dicha corporación pública deberá proveer al Comité lo siguiente:

a. Informar al Comité del proceso de Disposición y el Bien Inmueble que se trate, con los detalles de la transacción, incluyendo sin limitarse, propósito de la transacción, precio o canon pactado, uso propuesto, valor de tasación del Bien Inmueble y fecha de la tasación, fecha en que se aprobó la transacción, certificación de su Junta de Directores o Junta de Gobierno o Comité de Propiedades o cualquier otro con capacidad para aprobar la transacción, y el reglamento o normativa bajo el cual se haya aprobado. Además, incluirá documentación que avale lo anterior (aviso de Subasta, adjudicación, carta de intención, contrato, informe de valor, sentencia, procedimiento o reglamento, entre otros); y,

b. Una Certificación de la corporación pública donde establezca que la Disposición del

ASSETS_2004_0000372

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

Bien Inmueble se realiza de conformidad con sus procedimientos y reglamentos.

El Comité o su Director(a) Ejecutivo(a) tendrá facultad de solicitar información adicional. Luego de evaluar la información presentada por la corporación pública, a satisfacción del Comité, este o el (la) Director(a) Ejecutivo(a) le notificará su determinación favorable o negativa. En caso de una determinación negativa, le corresponde a la corporación pública paralizar el proceso de Disposición y será el Comité o su Director(a) Ejecutivo(a), quien continúe el proceso de Disposición del Bien Inmueble.

Ninguna corporación pública sujeta a las disposiciones de este Reglamento podrá firmar un Acuerdo Definitivo para la Disposición de un Bien Inmueble, a menos que haya obtenido el consentimiento previo del Comité mediante una Resolución a esos efectos.

### PARTE III.   PROCESOS DE DISPOSICIÓN DE BIENES INMUEBLES

### ARTÍCULO 7.- VENTA DIRECTA

#### 1.   Presentación de Solicitud

Toda persona interesada en adquirir un Bien Inmueble de una Entidad de la Rama Ejecutiva mediante Venta Directa deberá presentar una solicitud ante la Entidad de la Rama Ejecutiva que sea Titular. Las solicitudes se entregarán por correo o personalmente al Titular, disponiéndose que deberá diligenciar una copia de la solicitud a la atención del (de la) Director(a) Ejecutivo(a) del Comité, mediante entrega personal o al correo electrónico a [CEDBI@aafaf.pr.gov](mailto:CEDBI@aafaf.pr.gov). La entrega de las solicitudes deberá cumplir con los requisitos siguientes:

a. Se requiere que todo Solicitante someta una (1) solicitud original debidamente firmada por este o su representante autorizado. Deberá además presentar una (1) copia electrónica en formato de documento portátil ("pdf").

b. Para propósitos de este Reglamento, una solicitud se considerará sometida al Titular en la hora y fecha en que se haya marcado como recibida por el Titular o el oficial designado por este;

c. Los Solicitantes entregarán sus solicitudes en sobres sellados con el nombre y dirección del Solicitante, y la descripción del Bien Inmueble en el sobre. El Titular proveerá al Solicitante un recibo confirmando que ha recibido la solicitud.

d. La página de presentación deberá incluir la descripción del Bien Inmueble, el nombre y la dirección del Solicitante, nombre, dirección de correo electrónico y teléfono de la persona autorizada para actuar en nombre del Solicitante. No se aceptarán sobres o paquetes que no estén sellados;

-10-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

    c. Todas las solicitudes sometidas al Titular al amparo de este Artículo se convertirán en propiedad del Titular;

    f. El Titular sólo considerará solicitudes completas. Una solicitud bajo este Artículo se considerará completa sólo si está acompañada de lo siguiente:

        (i) Una descripción del Bien Inmueble suficiente para identificar el mismo;

        (ii) Un memorando explicativo indicando las razones por las cuales el Solicitante entiende que tiene derecho a adquirir el Bien Inmueble mediante una Venta Directa, sin que sea requerido un proceso de Subasta bajo el Artículo 8 o el Artículo 9 de este Reglamento;

        (iii) La cantidad ofrecida por el Solicitante como precio de compraventa;

        (iv) Una declaración jurada en la que se certifique que el Solicitante, ni sus directores, oficiales, agentes, administradores, subsidiarias, compañías matrices, han sido convictos o se han declarado culpables de los delitos a los que hace referencia la Ley Núm. 2 - 2018, según sea enmendada;

        (v) Un depósito equivalente al diez por ciento (10%) de la cantidad ofrecida hasta un máximo de trescientos mil dólares ($300,000.00). El depósito podrá ser pagado en cheque de gerente, cheque certificado o giro postal;

        (vi) En aquellos casos en que todo o una porción del precio de compraventa vaya a ser financiado, se deberá acompañar la solicitud con una carta emitida por una institución financiera confirmando que el Solicitante ha sido pre-cualificado para el financiamiento solicitado; y

        (vii) La firma del Solicitante o un representante debidamente autorizado. En caso de que la solicitud sea firmada por un representante autorizado, se deberá acompañar la misma con una resolución corporativa u otro documento que demuestre la facultad de dicho representante autorizado a comparecer ante la Titular y el Comité en representación del Solicitante.

        (viii) Cualquier otro criterio o requisito que deba satisfacer el Solicitante según le sea requerido por el Titular, el Comité o su Director(a) Ejecutivo(a), en virtud de sus normas y procedimientos aplicables.

## 2. Criterios para Determinar si Procede una Venta Directa

El Comité podrá autorizar la Disposición de Bienes Inmuebles mediante Venta Directa en cualquiera de los casos siguientes:

ASSETS_2004_0000374

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

a. cuando el Titular del Bien Inmueble es una Entidad de la Rama Ejecutiva y no es una corporación pública exenta de las disposiciones de este Reglamento conforme al Artículo 6 de este Reglamento.

b. cuando la persona interesada en adquirir el Bien Inmueble es una persona con derecho preferente conforme a lo dispuesto en el Artículo 30 de este Reglamento;

c. cuando la persona interesada proponga utilizar el Bien Inmueble para algún uso que propenda al desarrollo económico, ya sea por las mejoras de capital que habrán de efectuarse en el Bien Inmueble y/o los empleos que habrán de generarse tanto en la fase de construcción o restauración del Bien Inmueble como en la operación del proyecto al cual habrá destinarse el Bien Inmueble, según debe estar contenido en la Propuesta;

d. cuando la persona interesada en adquirir el Bien Inmueble presente una Oferta que iguala o excede el precio de tasación del Bien Inmueble; o

e. cuando el Bien Inmueble ha sido ofrecido en al menos dos (2) ocasiones previas a través del proceso de Subasta a Viva Voz o Subasta en Sobre Sellado, y en ambas ocasiones se ha declarado una Subasta Desierta.

### 3. Notificación de Denegación o Aprobación Preliminar de Venta Directa

El Titular notificará su determinación preliminar al Comité, incluyendo las razones que justifican tal determinación en un término de quince (15) días laborables luego de la presentación de una solicitud para Venta Directa de un Bien Inmueble al amparo de este Artículo.

Del Titular no recomendar favorablemente la solicitud de Venta Directa, el Comité tendrá discreción de pasar juicio sobre la misma avalando o rechazando la recomendación del Titular.

### 4. Evaluación y Consultas

El Comité o su Director(a) Ejecutivo(a) será responsable de analizar la solicitud y corroborar que cumpla con todos los requisitos establecidos en la Ley y este Reglamento. El Comité o su Director(a) Ejecutivo(a) evaluará la solicitud de Venta Directa del Bien Inmueble de que se trate utilizando como base el justo valor en el mercado a ser determinado mediante el correspondiente procedimiento de evaluación y tasación comisionada por el Comité o su Director(a) Ejecutivo(a), de ser necesario. En la evaluación, el Comité o su Director(a) Ejecutivo(a) determinará si la Disposición requiere la celebración de una Subasta en protección del principio de libre competencia enmarcado en la Ley y si la Venta Directa tendrá el resultado de allegar los mayores recursos posibles al erario sin tener que celebrar una Subasta. Las razones para la aprobación o denegación de una Venta Directa sin tener que celebrar una Subasta quedarán plasmadas en la Resolución o Determinación, según sea el caso, en protección del principio de transparencia enmarcado en el Capítulo 5 de la Ley.

La aprobación final para la Disposición de un Bien Inmueble mediante Venta Directa estará igualmente condicionada a lo siguiente:

ASSETS_2004_0000375

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

a. la Junta Revisora de Propiedad Inmueble deberá confirmar que (i) el Plan de Desarrollo y Rehabilitación de Estructuras Públicas no provee para la ocupación futura del Bien Inmueble por ninguna Entidad Gubernamental o (ii) el Plan de Desarrollo y Rehabilitación de Estructuras Públicas provee para la ocupación futura del Bien Inmueble por alguna Entidad Gubernamental, pero se han identificado alternativas viables y la Disposición del Bien Inmueble beneficiará el interés público;

b. el Titular deberá certificar al Comité que el Bien Inmueble que se propone disponer no es utilizado por las diferentes divisiones u oficinas de dicho Titular o que de ser utilizado, se han identificado alternativas viables y la Disposición del Bien Inmueble beneficiará el interés público; y

c. el Titular velará por el cumplimiento de los requisitos impuestos por la Junta de Planificación de Puerto Rico plasmados en su Resolución JPE-2018-069 que dispensa al Titular del trámite de una Consulta de Transacción de Terreno a tenor con el Reglamento Conjunto, así como cualquier otra norma sucesora que adopte la Junta de Planificación de Puerto Rico.

### 5. Notificación de Aprobación o Denegación Final de Venta Directa

El Comité o su Director(a) Ejecutivo(a) notificará al Titular y al Solicitante la Resolución, esto es la determinación final, incluyendo las razones que justifican la misma. Esta notificación de aprobación o denegación se efectuará mediante correo certificado con acuse de recibo.

De no aprobarse la Venta Directa por el Comité o su Director(a) Ejecutivo(a), el Titular devolverá al Solicitante el depósito entregado como parte de su solicitud. En casos en que el Comité apruebe favorablemente la Venta Directa, el depósito será aplicado al precio de compraventa.

## ARTÍCULO 8.- PROCEDIMIENTO PARA SUBASTA EN SOBRE SELLADO

### 1. Requisito de Subasta en Sobre Sellado

Será requerido un proceso de Subasta en Sobre Sellado para la Disposición de Bienes Inmuebles cuando, el Titular tenga conocimiento que dos o más Personas están interesados en comprar el Bien Inmueble o, a discreción del Comité, o su Director(a) Ejecutivo(a), se requiera un proceso de Subasta en Sobre Sellado para proteger los mejores intereses del Gobierno.

El Comité o su Director(a) Ejecutivo(a) podrá determinar si el proceso de Subasta en Sobre Sellado deberá efectuarse mediante invitación o aviso público.

### 2. Aviso de Subasta En Sobre Sellado

Cuando la Subasta en Sobre Sellado sea mediante aviso público, se anunciará en el portal de Internet de la AAFAF con al menos treinta (30) días calendario de anticipación a la fecha de la apertura de la Subasta en Sobre Sellado y deberá estar disponible hasta la fecha en que se notifique la adjudicación de la Subasta en Sobre Sellado.

ASSETS_2004_0000376

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

El aviso público o invitación de Subasta en Sobre Sellado deberá incluir la siguiente información:

a.  Una descripción del Bien Inmueble que se propone disponer que sea suficiente para identificar el mismo;

b.  Una descripción de los gravámenes que afectan el Bien Inmueble y las nuevas condiciones restrictivas que se habrán de imponer como parte de la Disposición del Bien Inmueble;

c.  Las fechas y horas en las cuales los Licitadores interesados podrán visitar el Bien Inmueble para efectuar inspecciones. Las mismas deberán ser señaladas dentro de los diez (10) días luego de la publicación del aviso de Subasta en Sobre Sellado;

d.  La transacción propuesta;

e.  Las condiciones bajo las cuales el Titular del Bien Inmueble acuerda disponer del mismo (incluyendo cualquier tipo mínimo);

f.  La dirección física en la cual se deben entregar las Ofertas;

g.  La fecha límite para la entrega de las Ofertas;

h.  El lugar, hora y fecha de la apertura de la Subasta en Sobre Sellado, y

i.  Cualesquiera otros criterios de selección que el Comité tomará en consideración al momento de evaluar las Ofertas.

### 3.  Inspección de Bienes Inmuebles

Será responsabilidad de los Licitadores visitar e inspeccionar los Bienes Inmuebles antes de la fecha indicada para la apertura de la Subasta en Sobre Sellado. El aviso público o invitación señalará las fechas y horas en las cuales los Bienes Inmuebles podrán ser inspeccionados por los Licitadores interesados. El Titular deberá procurar que uno o más funcionarios se encuentren en los predios del Bien Inmueble y estén disponibles para contestar las preguntas de los Licitadores en las fechas y horas indicadas en el aviso de Subasta en Sobre Sellado. La persona designada por el (la) Director(a) Ejecutivo(a) mantendrá un registro de toda Persona que visite el Bien Inmueble en la fecha y hora estipulada y deberá anotar el nombre, dirección de correo electrónico y teléfono de cada Persona y en los casos de entidades, el nombre, dirección de correo electrónico y teléfono de su representante autorizado que llevó a cabo la inspección (en adelante, el "Registro").

### 4.  Solicitudes de Información Adicional

Los Licitadores podrán someter al Comité o a su Director(a) Ejecutivo(a) preguntas adicionales por escrito en relación con un Bien Inmueble durante el término establecido en el aviso público o invitación a Subasta en Sobre Sellado. El Comité o su Director(a) Ejecutivo(a), luego de consultar con el Titular, Entidades Gubernamentales y otras personas pertinentes, someterá sus

-14-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

respuestas por correo electrónico a todas las Personas que hayan visitado el Bien Inmueble, según surja del Registro.

### 5. Modificación y Correcciones

El Comité o su Director(a) Ejecutivo(a) podrá hacer correcciones y modificaciones relacionadas con el proceso de Subasta en Sobre Sellado en cualquier momento antes de la adjudicación de la Subasta en Sobre Sellado. De existir algún error en el aviso público o invitación de Subasta en Sobre Sellado, el Comité o a su Director(a) Ejecutivo(a) será responsable de corregirlo a través del portal de Internet de la AAFAF o mediante notificación a los invitados.

Cuando sea necesario cancelar o enmendar el aviso público o invitación de Subasta en Sobre Sellado, el Comité o su Director(a) Ejecutivo(a) notificará mediante correo electrónico a las Personas que hayan presentado Ofertas. Cualquier enmienda al aviso público se anunciará en el portal de Internet de la AAFAF.

El (la) Director(a) Ejecutivo(a) mantendrá evidencia de dichas notificaciones en el expediente de la Subasta en Sobre Sellado. Toda persona que haya entregado una Oferta tendrá derecho a retirarla y presentar una Oferta enmendada en o antes de la fecha límite establecida en el aviso público o invitación enmendada.

### 6. Entrega de las Ofertas

Las Ofertas se entregarán al Comité en o antes de la fecha límite para recibir propuestas establecida en el aviso público o invitación de Subasta en Sobre Sellado, de acuerdo con las instrucciones que se dispongan o establezcan. El (la) Director(a) Ejecutivo(a) nombrará a la persona responsable de registrar la fecha y hora en que cada una de las Ofertas sea recibida. En ausencia de tal designación, las Ofertas serán dirigidas al (a la) Director(a) Ejecutivo(a). El (la) Director(a) Ejecutivo(a) o su delegado será el custodio de las Ofertas hasta la apertura de la Subasta en Sobre Sellado. A menos que se dispongan expresamente otras instrucciones en el aviso público o invitación de Subasta en Sobre Sellado, la entrega de las Ofertas deberá cumplir con los siguientes requisitos:

a. para propósitos de este Reglamento, una Oferta se considerará sometida al Comité en la hora y fecha en que se haya marcado como recibida por el (la) Director(a) Ejecutivo(a) o la persona designada por este(a);

b. los Licitadores entregarán sus Ofertas en sobres sellados con el nombre y dirección del Licitador, y cualquier identificación que pueda especificarse en el aviso público o invitación de Subasta en Sobre Sellado y que sea suficiente para identificar el Bien Inmueble objeto de disposición. El Comité o su Director(a) Ejecutivo(a) proveerá al Licitador un recibo confirmando que ha recibido el sobre o paquete que contiene su Oferta. La página de presentación de la Oferta deberá incluir una descripción del Bien Inmueble que sea suficiente para identificar el mismo, el nombre y la dirección del Licitador, y el nombre, dirección de correo electrónico y teléfono de la persona autorizada para actuar en nombre del Licitador. No se aceptarán sobres que no estén sellados.

-15-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

Disponiéndose, además, que cada Licitador deberá presentar una (1) copia electrónica de la página de presentación en formato de documento portátil ("pdf") a la dirección electrónica: CEDBI@aafaf.pr.gov. Adviértase que de la página de presentación no podrán surgir los términos de la Oferta y solamente deberá contener la información expresamente requerida en este inciso;

c. cualquier Oferta sometida por correo o entregada personalmente por el Licitador o su representante autorizado que se reciba después de la hora y día de la fecha límite para la presentación de Ofertas establecida en el aviso público o invitación de Subasta en Sobre Sellado será rechazada y devuelta al Licitador sin abrir;

d. las Ofertas recibidas en o antes de la fecha límite para la presentación de Ofertas establecida en el aviso público o invitación de Subasta en Sobre Sellado, serán marcadas con la fecha y hora en que fueron presentadas y permanecerán bajo la custodia del (de la) Director(a) Ejecutivo(a) o su delegado, hasta la fecha de apertura de la Subasta en Sobre Sellado, conforme a lo dispuesto en este Artículo;

e. Todas las Ofertas sometidas serán propiedad del Comité;

f. El Comité sólo considerará Ofertas completas. El hecho que un Licitador deje de entregar, dentro del período establecido en el aviso público o invitación de Subasta en Sobre Sellado, una Oferta que cumpla con los requisitos allí establecidos, impedirá que la misma sea considerada por el Comité. Una Oferta se entenderá completa sólo si está acompañada de lo siguiente:

    (i)    Una Descripción del Bien Inmueble que sea suficiente para identificarlo;

    (ii)   La cantidad ofrecida por el Licitador como precio de compraventa;

    (iii)  El uso propuesto para el Bien Inmueble;

    (iv)  Una declaración jurada certificando que el Licitador, sus directores, oficiales, agentes, administradores, subsidiarias ni compañías matrices no han sido convictos ni se han declarado culpables de los delitos que surgen o a los que hace referencia la Ley Núm. 2 - 2018, según sea enmendada;

    (v)   Un depósito equivalente al diez por ciento (10%) de la cantidad ofrecida hasta un máximo de trescientos mil dólares ($300,000). El depósito podrá ser pagado en cheque de gerente, cheque certificado o giro postal;

    (vi)  En aquellos casos en que todo o una porción del precio de compraventa vaya a ser financiado, se deberá acompañar la solicitud con una carta emitida por una institución financiera confirmado que el Licitador ha sido pre-cualificado para el financiamiento solicitado.

-16-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

(vii)    La firma del Licitador o un representante debidamente autorizado. En caso de que la solicitud sea firmada por un representante autorizado, se deberá acompañar la misma con una resolución corporativa u otro documento que demuestre la facultad de dicho representante autorizado a comparecer ante el Comité en representación del Licitador, y

(viii)    Cualesquiera otros requisitos según lo establezca el Comité o su Director(a) Ejecutivo(a) en el aviso público o invitación de Subasta en Sobre Sellado.

Cuando para un proceso de Subasta en Sobre Sellado un Licitador someta más de una Oferta, ninguna se considerará válida. Además, las Ofertas no podrán ser condicionadas. Cualquier Oferta condicionada tendrá como efecto la descalificación del Licitador.

En los casos en que se reciba por correo una Oferta en sobre sellado sin identificar, la misma quedará descalificada automáticamente.

### 7.   Apertura de Subasta en Sobre Sellado

La apertura de una Subasta en Sobre Sellado será el acto público mediante el cual se dará lectura en voz alta a las Ofertas. La lectura se hará conforme al orden en el cual se recibieron las Ofertas en el Comité. Omitir la lectura de uno o varios de los datos incluidos en la Oferta no será causa suficiente para impugnar los procesos de Subasta en Sobre Sellado o para invalidar la misma.

La apertura de Subasta en Sobre Sellado se llevará a cabo en el lugar, hora y fecha indicada en el aviso público o invitación de Subasta en Sobre Sellado. Por vía de excepción, el (la) Director(a) Ejecutivo(a) tendrá la discreción de aplazar la apertura de una Subasta en Sobre Sellado. La apertura de Subasta en Sobre Sellado se podrá llevar a cabo utilizando métodos electrónicos, siempre y cuando los Licitadores tengan la oportunidad de ver y escuchar a las personas encargadas de la apertura de Subasta en Sobre Sellado y tengan la oportunidad de proveer comentarios en tiempo real ("real-time").

Durante la apertura de una Subasta en Sobre Sellado, el (la) Director(a) Ejecutivo(a) o la persona en quien este delegue, verificará que:

a.    Todas las Ofertas se hayan presentado en o antes de la fecha y hora dispuesta en el aviso público o invitación. Cualquier Oferta presentada tardíamente será rechazada, descalificada y devuelta a su emisor, en sobre sellado, según fue recibida en el Comité, y será acompañada de una carta suscrita por el (la) Director(a) Ejecutivo(a).

b.    Los sobres que contengan las Ofertas estén debidamente identificados con la dirección del remitente, el número y descripción de la Subasta, así como con la fecha y hora de la apertura de Subasta.

c.    Las Ofertas estén completas, conforme a los requisitos establecidos en los incisos 6(b) y 6(f) de este Artículo y en el aviso público o invitación de Subasta en Sobre Sellado.

-17-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

Cualquier Oferta que el Comité, el (la) Director(a) Ejecutivo(a) o la persona en quien este(a) delegue considere incompleta será rechazada, descalificada y devuelta a su emisor, acompañada de una carta suscrita por el (la) Director(a) Ejecutivo(a) señalando las deficiencias que provocaron su rechazo.

Previo al acto de apertura de Subasta en Sobre Sellado, cualquier Licitador podrá presentar ante el Comité o ante su Director(a) Ejecutivo(a) un planteamiento sobre cualquier asunto que entienda podría viciar el proceso de Subasta en Sobre Sellado. El planteamiento se deberá hacer constar en el Acta de apertura de Subasta en Sobre Sellado, cuando la misma se celebre.

El Comité no permitirá, bajo circunstancia alguna, el retiro de una Oferta una vez se inicie la apertura de Subasta en Sobre Sellado.

Los Licitadores que así lo soliciten, podrán examinar las Ofertas presentadas por los otros Licitadores.

Una vez se efectué la apertura de Subasta en Sobre Sellado, las Ofertas quedarán bajo la consideración del Comité o del (de la) Director(a) Ejecutivo(a), hasta que se envíe a los Licitadores la notificación de adjudicación o cancelación de Subasta. Luego de la apertura, y previo a la notificación de la adjudicación de la Subasta en Sobre Sellado, cualquier Licitador, representante autorizado o cualquier otra parte interesada, deberá abstenerse de comunicarse, por cualquier medio, con el Comité, (la) el Director(a) Ejecutivo(a) o cualquier empleado o funcionario del Comité, del (de la) Director(a) Ejecutivo(a) o del Titular, para solicitar información relacionada con el proceso de Subasta en Sobre Sellado. Cualquier comunicación con el Comité, el (la) Director(a) Ejecutivo(a) o cualquier empleado o funcionario del Comité o del Titular podrá ser causa para la descalificación del Licitador.

Ningún funcionario o empleado del Titular, o familiar de estos, podrá comunicarse con los Licitadores o con personas ajenas al Comité, con el propósito de ofrecer información relacionada con el proceso de Subasta en Sobre Sellado, salvo que medie autorización escrita del Comité.

El Comité o su Director(a) Ejecutivo(a) podrá rechazar todas o cualesquiera Ofertas cuando entienda que durante el proceso de Subasta en Sobre Sellado se violó alguna disposición de este Reglamento o cuando entienda que durante el proceso de Subasta en Sobre Sellado medió presión indebida. De igual forma el Comité o el (la) Director(a) Ejecutivo(a) podrá rechazar todas o cualesquiera Ofertas cuando el Comité o su Director(a) Ejecutivo(a) reciba una notificación de la Junta Revisora de Propiedad Inmueble indicando que el Gobierno utilizará el Bien Inmueble conforme al Plan de Desarrollo y Rehabilitación de Estructuras Públicas.

### 8. Adjudicación de la Subasta Mediante Sobre Sellado

El Comité con el apoyo del (de la) Director(a) Ejecutivo(a) adjudicará la Subasta en Sobre Sellado luego de considerar las Ofertas de cada uno de los Licitadores y cómo estas cumplen con las necesidades del Titular y el uso deseado para el Bien Inmueble, según sea requerido. La adjudicación de la Subasta en Sobre Sellado requerirá el voto afirmativo de una mayoría de los miembros del Comité. Cuando las Ofertas sometidas por los Licitadores resulten inaceptables y cuando se entienda

-18-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

que los intereses del Titular y/o el Gobierno puedan verse afectados, el Comité o su Director(a) Ejecutivo(a) podrá cancelar la Subasta en Sobre Sellado, para que se tramite una nueva segunda Subasta en Sobre Sellado, y de esta no resultar aceptable para el Comité se podrá recomendar y el Comité determinar, que se proceda con la disposición del Bien Inmueble por Venta Directa.

En aras de procurar una sana administración pública, las decisiones del Comité en cuanto a la adjudicación de Subastas en Sobre Sellado estarán fundamentadas. Los procedimientos de Subasta en Sobre Sellado se conducirán libre de favoritismo, influencia, preferencia o parcialidad hacia cualquier Licitador.

Cuando el Comité adjudique una Subasta en Sobre Sellado a favor de un Licitador cuya Oferta no es la más favorable económicamente para el Titular, el Comité deberá documentar y justificar por escrito los fundamentos por los cuales tomó su determinación. Esta determinación deberá estar fundamentada por alguna de las razones siguientes:

a. La oferta más favorable económicamente no cumple con las especificaciones, términos y condiciones de la Subasta en Sobre Sellado; o

b. La Oferta favorecida presenta elementos que, a juicio del Comité, redundarán en los mejores intereses del Gobierno y del pueblo de Puerto Rico.

**9. Ofertas Idénticas**

En la eventualidad que dos o más Licitadores presenten Ofertas Idénticas y dichas ofertas sean favorecidas por el Comité adjudicará la Subasta en Sobre Sellado tomando en consideración:

a. la reputación comercial, experiencia y condición económica del Licitador;

b. el uso propuesto para el Bien Inmueble y el impacto económico que dicho uso pueda tener, y

c. cualquier otro criterio que garantice el fiel cumplimiento de los términos y condiciones establecidos en el aviso de Subasta en Sobre Sellado.

El Comité o su Director(a) Ejecutivo(a) podrá reunirse por separado con cada uno de los Licitadores que haya presentado una de las Ofertas Idénticas durante el proceso de evaluación de Ofertas Idénticas dentro del contexto de una Subasta en Sobre Sellado para darle la oportunidad a los Licitadores de defender sus Ofertas, disponiéndose, sin embargo, que si el Comité o el (la) Director(a) Ejecutivo(a) optara por reunirse con los Licitadores deberá darle la oportunidad a cada uno de los Licitadores que haya presentado una de las Ofertas Idénticas. El Comité o el (la) Director(a) Ejecutivo(a) notificará a los Licitadores mediante correo electrónico la fecha y hora en que se reunirá con cada Licitador al menos dos (2) días laborables antes de la fecha de dicha reunión.

Cuando el Comité no pueda establecer distinciones para adjudicar la Subasta en Sobre Sellado podrá solicitar a los Licitadores de Ofertas Idénticas que revisen y presenten su mejor Oferta, de lo contrario, el proceso de Subasta en Sobre Sellado quedará cancelado.

ASSETS_2004_0000382

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

### 10. Notificación de Adjudicación de Subasta Mediante Sobre Sellado

Una vez el Comité adjudique la Subasta en Sobre Sellado y se verifique que todos los documentos relacionados con la adjudicación están en orden, se procederá a notificar por correo certificado con acuse de recibo al Titular y a los Licitadores el resultado de la adjudicación. El (la) Director(a) Ejecutivo(a) o la persona que designe, conservará para el expediente de Subasta en Sobre Sellado las copias de la notificación de adjudicación enviadas a los Licitadores.

El depósito entregado por cada Licitador no agraciado junto con su Oferta será reembolsado dentro de quince (15) días laborables luego de la adjudicación de una Subasta en Sobre Sellado. El depósito entregado por el Licitador agraciado junto con su oferta será aplicado al precio de compraventa o a los cánones de arrendamiento, con excepción del cargo de tres por ciento (3%) por gastos administrativos del Comité.

## ARTÍCULO 9.- PROCEDIMIENTO PARA SUBASTA A VIVA VOZ

### 1. Requisito de Subasta a Viva Voz

Se podrán llevar a cabo procesos de Subasta a Viva Voz para la disposición de Bienes Inmuebles cuando, a discreción del (de la) Director(a) Ejecutivo(a), no se requiera un proceso de Subasta en Sobre Sellado y cuando no se hayan presentado solicitudes meritorias para adquisición mediante Venta Directa.

### 2. Aviso de Subasta A Viva Voz

El aviso de Subasta a Viva Voz deberá ser publicado en el portal de Internet de la AAFAF o del Comité al menos quince (15) días calendario antes de la fecha en que se celebrará la Subasta a Viva Voz, y deberá estar disponible hasta la fecha en que se notifique la adjudicación de la Subasta a Viva Voz.

El aviso de Subasta a Viva Voz deberá incluir la información siguiente:

    a. Una descripción del Bien Inmueble que se propone disponer que sea suficiente para identificar el mismo;

    b. La dirección física del Bien Inmueble;

    c. Una descripción de los gravámenes que afectan el Bien Inmueble y las nuevas condiciones restrictivas que se habrán de imponer como parte de la Disposición del Bien Inmueble;

    d. Las fechas y horas en las cuales los Licitadores interesados podrán visitar el Bien Inmueble para inspecciones;

    e. El lugar, hora y fecha de la Subasta a Viva Voz;

ASSETS_2004_0000383

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

    f. Las condiciones bajo las cuales el Titular del Bien Inmueble acuerda disponer del mismo (incluyendo cualquier tipo mínimo);

    g. El requerimiento para que el Licitador provea una declaración jurada certificando que él, sus directores, oficiales, agentes, administradores, subsidiarias o compañías matrices no han sido convictos ni se han declarado culpables de los delitos que surgen o a los que hace referencia la Ley Núm. 2 - 2018, según sea enmendada, y

    h. Cualesquiera otros datos relacionados con el Bien Inmueble que el Comité o que su Director(a) Ejecutivo(a) determine pertinente divulgar en el aviso de Subasta.

### 3. Inspección de Bienes Inmuebles

    Será responsabilidad de los Licitadores visitar e inspeccionar el Bien Inmueble antes de la celebración de la Subasta a Viva Voz. El aviso de Subasta a Viva Voz dispondrá las fechas y horas en las cuales el Bien Inmueble podrá ser inspeccionado por los Licitadores interesados. El Titular deberá procurar que uno o más funcionarios se encuentren en los predios del Bien Inmueble y estén disponibles para contestar las preguntas de los Licitadores en las fechas y horas indicadas en el aviso de Subasta a Viva Voz. El Comité, el (la) Director(a) Ejecutivo(a) o el oficial delegado, mantendrá un registro con datos e información de contacto de la persona natural o jurídica que visite el Bien Inmueble, incluyendo el nombre, teléfono y dirección de correo electrónico de cada persona y la entidad que representa.

### 4. Adjudicación de la Subasta A Viva Voz

    El Director(a) Ejecutivo(a) adjudicará la Subasta a Viva Voz al Licitador que ofrezca la cantidad mayor como precio de compraventa o canon de arrendamiento, según sea el caso. La adjudicación de la Subasta a Viva Voz será final únicamente luego que el Licitador agraciado entregue un depósito equivalente al diez por ciento (10%) de la cantidad ofrecida hasta un máximo de trescientos mil dólares ($300,000). El depósito podrá ser pagado en cheque de gerente, cheque certificado o giro postal. Si el Licitador agraciado no presenta el depósito en el día de la Subasta a Viva Voz, la misma será adjudicada al Licitador que haya ofrecido la segunda cantidad más alta, siempre que provea el depósito correspondiente. El depósito será aplicado al precio de compraventa si se trata de una venta y en el caso de un arrendamiento se aplicará al depósito de garantía (*security deposit*), el cual será equivalente a dos plazos del canon mensual, devolviendo al Solicitante que obtuvo la buena pro el balance de su depósito, luego de dicha retención.

### 5. Acta de Subasta a Viva Voz

    Luego de celebrada la Subasta a Viva Voz, el (la) Director(a) Ejecutivo(a) preparará un Acta para cada Bien Inmueble subastado que incluya la información siguiente:

    a. el nombre del Licitador agraciado para cada Bien Inmueble subastado;

    b. la descripción registral del Bien Inmueble subastado;

    c. el número de catastro del Bien Inmueble subastado;

ASSETS_2004_0000384

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

    d. el precio por el cual fue adjudicado el Bien Inmueble subastado;

    e. la cantidad del depósito entregada por el Licitador agraciado; y

    f. las condiciones bajo las cuales el Titular del Bien Inmueble acuerda disponer del mismo.

## ARTÍCULO 10.- CANCELACIÓN DE SUBASTAS

### 1. Cancelación de Subastas

El Comité podrá cancelar una Subasta, ya sea una Subasta Mediante Sobre Sellado o una Subasta a Viva Voz, cuando:

    a. el Comité concluya que hubo vicio durante alguna de las etapas del procedimiento;

    b. el Comité concluya que hubo colusión entre dos o más Licitadores;

    c. el Comité reciba una notificación de la Junta Revisora de Propiedad Inmueble indicando que el Gobierno utilizará el Bien Inmueble conforme al Plan de Desarrollo y Rehabilitación de Estructuras Públicas;

    d. el precio de compraventa o el canon de arrendamiento ofrecido por los Licitadores es al menos quince por ciento (15%) menos que el valor de tasación del Bien Inmueble o el canon de arrendamiento proyectado;

    e. exista evidencia de que el Licitador agraciado no ha sido responsable en el cumplimiento de las relaciones contractuales que ha sostenido previamente con el Gobierno;

    f. el Licitador agraciado haya sido convicto por fraude;

    g. exista evidencia de que el Licitador agraciado ha sido convicto de delitos graves o menos graves que impliquen depravación moral;

    h. el Licitador agraciado provea información falsa o se niegue a proveer información requerida por el Comité, su Director(a) Ejecutivo(a) o cualquier representante autorizado del Comité o de su Director(a) Ejecutivo(a);

    i. el Licitador agraciado impida de alguna manera que el Comité, su Director(a) Ejecutivo(a) o su representante autorizado realice cualquier investigación pertinente e indispensable para completar el proceso de Subasta a Viva Voz.

La cancelación de una Subasta a Viva Voz podrá ser realizada por el Comité o su Director(a) Ejecutivo(a) en cualquier momento antes del otorgamiento del Acuerdo Definitivo por cualquiera de las causas enumeradas en este Artículo sin que ello conlleve penalidad o responsabilidad alguna para

-22-

ASSETS_2004_0000385

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

el Comité, su Director(a) Ejecutivo(a) o representante autorizado, el Titular o el Gobierno.

Cuando el Comité cancele una Subasta porque atenta contra los mejores intereses del Titular o el Gobierno, el Comité o su Director(a) Ejecutivo(a) celebrará una segunda Subasta. Si por segunda ocasión las Ofertas sometidas no son aceptables, el Bien Inmueble podrá ser vendido a través del proceso de Venta Directa conforme al Artículo 7 de este Reglamento.

Cuando el (la) Director(a) Ejecutivo(a) declare una Subasta Desierta, este tendrá la facultad para recomendar la celebración una segunda Subasta. Si la segunda Subasta vuelve a declararse Subasta Desierta, el Comité podrá autorizar que se tramite a través de una Venta Directa conforme al Artículo 7 de este Reglamento.

El Comité reembolsará al Licitador que haya entregado el depósito como parte de su Oferta quince (15) días laborables luego de una determinación del Comité o su Director(a) Ejecutivo(a) de cancelar una Subasta cuando la cancelación de la Subasta esté fundamentada en alguna de las causas descritas en los incisos (a) y (b) de este Artículo, cuando el Comité concluya que hubo vicio durante alguna de las etapas del procedimiento y el Licitador agraciado no participó de las actividades que resultaron en el vicio o cuando el Comité concluya que hubo colusión entre dos o más Licitadores y el Licitador agraciado no participó de dicha colusión. El depósito del Licitador agraciado será confiscado cuando la cancelación de la Subasta esté fundamentada en alguna de las causas descritas en los incisos (e), (f), (g), (h) y (i) de este Artículo, cuando el Comité o el (la) Director(a) Ejecutivo(a) concluya que hubo vicio durante alguna de las etapas del procedimiento y el Licitador agraciado tuvo participación en las actividades que resultaron en el vicio o cuando el Comité o el (la) Director(a) Ejecutivo(a) concluya que hubo colusión entre dos o más Licitadores y el Licitador agraciado tuvo participación en dicha colusión.

## 2. Penalidades

El Comité confiscará el depósito entregado por todo Licitador o Solicitante agraciado que se niegue a adquirir un Bien Inmueble adjudicado a su favor (ya sea una Subasta a Viva Voz, una Subasta Mediante Sobre Sellado o una Venta Directa), que no cumpla con los requisitos de este Reglamento o que no se encuentre en posición para otorgar el Acuerdo Definitivo en el término de sesenta (60) días luego de la notificación de adjudicación de la Subasta o la aprobación final de Venta Directa. Ante la negativa de un Licitador agraciado de adquirir el Bien Inmueble adjudicado, el Comité podrá cancelar la Subasta y disponer del Bien Inmueble de conformidad con las disposiciones de este Reglamento.

## ARTÍCULO 11.- USO DE MECANISMOS COMPETITIVOS DE SUBASTA PARA SOLICITUDES DE ARRENDAMIENTOS, USUFRUCTOS Y TRANSFERENCIAS DE POSESIÓN.

De ordinario, los arrendamientos de bienes inmuebles en desuso -que no constituyen Planteles Escolares en Desuso- corresponden a las entidades titulares de los mismos, sin intervención del Comité. Ahora bien, el Comité podrá, a su discreción, disponer mediante Resolución que los mecanismos competitivos de Subasta que se establecen en los Artículos 8 y 9 de este Reglamento

ASSETS_2004_0000386

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

serán aplicables para la consideración de solicitudes de arrendamientos, usufructos, así como cualquier otro tipo de transferencia de posesión, según permita la Ley. Disponiéndose que, en caso de requerirse depósito para arrendamientos, el diez por ciento (10%) que se exija se determinará a base de la suma de los cánones de arrendamiento correspondientes a un (1) año calendario hasta un máximo de trescientos mil dólares ($300,000.00).

## PARTE IV. DISPOSICIÓN DE LOS PLANTELES ESCOLARES EN DESUSO

Los Planteles Escolares en Desuso deben dedicarse a actividades para el bien común, ya sea para usos sin fines de lucro, comerciales y/o que promuevan la activación del mercado de bienes inmuebles y/o la economía en general.

Las disposiciones que se describen a continuación corresponden exclusivamente a la Disposición de Planteles Escolares en Desuso.

## ARTÍCULO 12.- CRITERIOS DE ELEGIBILIDAD PARA ADQUIRIR MEDIANTE VENTA DIRECTA UN PLANTEL ESCOLAR EN DESUSO.

A. Será elegible para adquirir mediante Venta Directa un Plantel Escolar en Desuso, aquella persona natural o jurídica que:

1.  Evidencie capacidad financiera suficiente para satisfacer las condiciones de la transacción, mediante la presentación de estados financieros, estados bancarios, planillas de contribución sobre ingresos, entre otros, y evidencia de disponibilidad de fondos. En el caso de la compraventa ser mediante financiamiento, deberá entregar una carta compromiso de la institución financiera que otorgará el financiamiento.

2.  Si se trata de una persona jurídica, esta deberá estar debidamente incorporada o constituida y autorizada a hacer negocios en Puerto Rico, cumpliendo con todas las leyes y disposiciones aplicables al tipo de entidad de que se trate. Además, deberá proveer copia certificada de la Resolución de su Junta de Directores u organismo rector, según aplique, que autoriza la participación en el proceso de compraventa y el nombre de su representante autorizado en el proceso de la compraventa.

3.  Si al momento de solicitar se trata de una persona natural o jurídica, y esta posteriormente notifica al Comité una petición de que se le sustituya en las negociaciones y trámites por una corporación, sociedad u otra persona jurídica, el Comité o su Director(a) Ejecutivo(a) podrá autorizar la sustitución, siempre que este determine que no es perjudicial al interés público, ni indebidamente onerosa o dilatoria de los procedimientos de transferencia, y que el esquema bajo el cual el solicitante interesa continuar las negociaciones ha sido incorporado o constituido para todos los efectos legales. El Comité o su Director(a) Ejecutivo(a) podrá requerir la información necesaria para evaluar la sustitución y establecer las condiciones apropiadas para

-24-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

> autorizar la misma.

4. Acredite satisfactoriamente haber obtenido una dispensa en aquellos casos en que la Ley de la Oficina de Ética Gubernamental lo requiera para una contratación gubernamental.

5. Provea una declaración jurada en cumplimiento con el Art. 3.3 de la Ley Núm. 2- 2018, según se le requiere a toda Persona que desee contratar con Entidades Gubernamentales para la realización de servicios o la venta o entrega de bienes. La declaración jurada debe proveer información de si la Persona o cualquier presidente, vicepresidente, director, director ejecutivo, o miembro de una junta de oficiales o junta de directores, o personas que desempeñen funciones equivalentes para la persona jurídica, ha sido convicta o se ha declarado culpable de cualquiera de los delitos enumerados en la Sección 6.8 de la Ley 8-2017, según enmendada, conocida como "Ley Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico", o por cualquiera de los delitos contenidos en la Ley Núm. 2-2018.

B. El (la) Director(a) Ejecutivo(a) podrá establecer cualquier proceso que entienda necesario para, de tiempo en tiempo, dar publicidad y solicitar propuestas en cuanto a los Plantes Escolares en Desuso existentes. Además, podrá requerir cualquier información, documentos o certificación adicional, según sea necesario para evidenciar la legitimidad de la Persona o para cumplir con las leyes y reglamentos aplicables a la disposición de propiedad del Gobierno.

C. No será elegible para adquirir mediante Venta Directa de un Plantel Escolar en Desuso, aquella Persona que:

1. Sea funcionario o empleado del Comité o familiar inmediato o agente de estos, o que presenta la solicitud bajo la dirección y para beneficio del funcionario o empleado en cuestión, excepto que este cumpla con el Artículo 12(A)(4) de este Reglamento previo a llevar a cabo cualquier transacción.

2. Esté impedido por alguna prohibición de la Ley de la Oficina de Ética Gubernamental vigente, o de alguna otra ley, incluyendo leyes que establezcan requisitos para la contratación gubernamental.

3. No evidencie satisfactoriamente su capacidad financiera para llevar a cabo la transacción, conforme al Artículo 12(A)(1) de este Reglamento.

4. Omita suplir información, o presente información falsa al Comité, su Director(a) Ejecutivo(a) o cualquier representante autorizado del Comité.

ASSETS_2004_0000388

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

### ARTÍCULO 13. - VENTA DIRECTA DE PLANTELES ESCOLARES EN DESUSO.

a. El Comité podrá autorizar la Disposición de un Plantel Escolar en Desuso, así como los términos y condiciones a los cuales estará sujeta la Disposición.

b. El proceso para la Venta Directa de los Planteles Escolares en Desuso comenzará mediante la presentación de una Solicitud de Compra y una Propuesta, la cual remitirá al correo electrónico CEDBI@aafaf.pr.gov. No se aceptarán Solicitudes de Compra ni Propuestas que no hayan sido remitidas a este correo electrónico.

c. Toda transacción de Venta Directa de un Plantel Escolar en Desuso deberá ser aprobada por el (la) Director(a) Ejecutivo(a) o por el Comité, según sea el caso.

d. El Titular o el Comité dispondrá de los Planteles Escolares en Desuso mediante la formalización del Acuerdo Definitivo. El Comité o el (la) Director(a) Ejecutivo(a) evaluará la solicitud de Venta Directa del Plantel Escolar en Desuso utilizando como base el justo valor en el mercado a ser determinado mediante el correspondiente procedimiento de evaluación y tasación comisionada por el Solicitante, o por el Comité o su Director(a) Ejecutivo(a), de ser necesario, velando por la utilización de la propiedad para el beneficio del interés público. Por tanto, no se requerirá como condición indispensable para la aprobación de una Venta Directa un precio igual al justo valor en el mercado, según determinado mediante una tasación formal comisionada por el Comité o por el (la) Director(a) Ejecutivo(a), o por el Solicitante, en este último caso, según avalada por un tasador revisor designado por el Comité o el (la) Director(a) Ejecutivo(a). El Comité o su Director(a) Ejecutivo(a) aprobará o denegará la Venta Directa tras el balance de estos dos (2) intereses esbozados por la Ley regido por el siguiente criterio: Menor beneficio para el interés público mayor aproximación del precio al justo valor en el mercado.

En la evaluación, el Comité o su Director(a) Ejecutivo(a) determinará si la Disposición requiere la celebración de una Subasta en protección del principio de libre competencia enmarcado en la Ley y si la Venta Directa tendrá el resultado de allegar los mayores recursos posibles al erario sin tener que celebrar una Subasta. Las razones para la aprobación o denegación de una Venta Directa sin tener que celebrar una Subasta quedarán plasmadas en la Resolución o Determinación, según sea el caso, en protección del principio de transparencia enmarcado en el Capítulo 5 de la Ley. En el ejercicio de alcanzar un equilibrio entre los dos (2) intereses aquí expuestos y enunciados en la Ley, el Comité o el (la) Director(a) Ejecutivo(a) deberá tomar en cuenta el efecto que la Disposición tendrá en la promoción del desarrollo económico de Puerto Rico procurando así el bienestar social del pueblo de Puerto Rico. Específicamente, el Comité o el (la) Director(a) Ejecutivo(a) deberá tomar en cuenta el nivel de inversión que en efecto se efectuará en mejoras capitales que habrá de realizar el Solicitante y el número de empleos que habrá de generar la Disposición en la fase de construcción o reconstrucción del Plantel Escolar en Desuso y el número de empleos permanentes que generará la operación que se llevará a cabo en el Plantel Escolar en Desuso. Por lo anterior, una Disposición por debajo de tasación estará justificada si la misma es en beneficio del bienestar e interés público y si la Venta Directa tendrá el efecto de reactivar el mercado de bienes raíces en Puerto Rico. En todas las transacciones con particulares, el Comité cobrará gastos administrativos a base de un tres por ciento (3%) del precio

-26-

ASSETS_2004_0000389

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

establecido para la Disposición.

e.  La Disposición de un Plantel Escolar en Desuso podrá ser realizada mediante Venta Directa en los casos siguientes:

i.    A las personas que hayan ocupado legalmente el Plantel Escolar en Desuso por al menos un (1) año, y que estén en cumplimiento con los términos y condiciones para dicha ocupación.

ii.   Planteles que colindan con el Proponente, y cuya venta viabilizaría un proyecto en beneficio del predio transferido y del predio del colindante.

iii.  Planteles que vayan a ser utilizados en beneficio del bien común, ya sean usos sin fines de lucro, comerciales, residenciales, que promuevan la activación del mercado de bienes inmuebles y la economía en general.

iv.   Planteles que solamente cuenten con un sólo Proponente elegible, conforme al Artículo 12(A) de este Reglamento, para realizar la compra del mismo.

f.   En aquellos casos en que existan dos o más personas o entidades interesadas en la compra de un mismo Plantel Escolar en Desuso, se escogerá el candidato que cumpla con los criterios siguientes:

i.   Tenga capacidad económica suficiente para adquirir el Plantel Escolar en Desuso.

ii.  Tenga una propuesta de desarrollo económico que sea cónsona con el mejor y más provechoso uso de la propiedad.

iii. Experiencia del Proponente para poder ejecutar la propuesta presentada.

g.  De darse el caso en que más de una entidad o persona, solicite la compra de un mismo Plantel Escolar en Desuso y que todas las propuestas cumplan con todos los criterios señalados en la sección anterior, se recomendará la Disposición del Plantel Escolar en Desuso mediante un proceso de Subasta a ser celebrado por el Titular o el Comité, conforme las disposiciones de este Reglamento, o cualquiera que le suceda.

## ARTÍCULO 14.- EVALUACIÓN DE SOLICITUDES DE COMPRA PARA LA VENTA DIRECTA DE PLANTELES ESCOLARES EN DESUSO

A. Toda persona natural o jurídica o Entidad Gubernamental que interese adquirir un Plantel Escolar en Desuso, deberá presentar una Solicitud de Compra, así como una Propuesta que detalle el uso que se le propone dar al mismo. El Comité proveerá un formulario de Solicitud de Compra, en el que se requerirá la información que se considere necesaria para tramitar la solicitud. Esta solicitud deberá ser cumplimentada en todas sus partes; de recibirse incompleta se devolverá al Solicitante. El (la) Director(a) Ejecutivo(a) del Comité podrá requerir del Solicitante, y será deber de este proveer, los

ASSETS_2004_0000390

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

documentos e información adicional que a juicio del Comité o su Director(a) Ejecutivo(a), sean necesarios para la evaluación de la solicitud o para llevar a cabo la transacción propuesta. En caso que un Solicitante sea empleado de una Entidad Gubernamental, deberá presentar junto a su solicitud la dispensa requerida por la Ley de la Oficina de Ética Gubernamental.

B. El (La) Director(a) Ejecutivo(a) deberá evaluar, recomendar y someter para aprobación del Comité toda Solicitud de Compra y efectuará aquellas otras gestiones que le sean encomendadas por el Comité.

C. No obstante lo anterior, si una Solicitud de Compra y Propuesta no cumple con los requisitos legales y reglamentarios, el (la) Director(a) Ejecutivo(a) así lo notificará a la persona que haya presentado la Solicitud de Compra y Propuesta en un término no mayor de quince (15) días.

D. Una vez recibida una Solicitud de Compra debidamente cumplimentada, el (la) Director(a) Ejecutivo(a) procederá de acuerdo con lo siguiente:

1. Evaluará si la Solicitud requiere de un proceso de Subasta o si procede que se disponga de la misma mediante venta directa.

2. Determinará si el Solicitante cuenta con capacidad económica suficiente para llevar a cabo la transacción de compraventa y sobre su experiencia para la ejecución o realización de su Propuesta.

3. Determinará si existen circunstancias que sugieran no dar curso a la solicitud, tales como:

   a. Políticas públicas aprobadas por el Comité o el Gobierno.

   b. Acuerdos adoptados u obligaciones contractuales contraídas con terceras personas que afecten el Plantel Escolar en Desuso.

   c. Restricciones naturales o impuestas por agencias reguladoras que impidan o limiten su aprovechamiento.

   d. Determinaciones o planes internos del Gobierno sobre el Plantel Escolar en Desuso.

   e. Cualquier otra razón que establezca la no deseabilidad de la venta del Plantel Escolar en Desuso.

4. En caso que una Solicitud no cumpla con los requisitos legales y reglamentarios para ser considerada, el (la) Director(a) Ejecutivo(a) notificará a la persona que presentó la Solicitud y Propuesta de tal hecho en no más de quince (15) días.

5. El (La) Director(a) Ejecutivo(a) preparará un acta con sus recomendaciones, las que incluirán, si así procede, los términos para la venta y lo enviará al Comité para su aprobación en caso de que dicho poder de aprobación no haya sido delegado por el Comité en el (la) Director(a) Ejecutivo(a) en cuyo caso será el (la) Director(a)

ASSETS_2004_0000391

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

Ejecutivo(a) el (la) que tendrá el poder de aprobar o denegar la Propuesta.

## ARTÍCULO 15.- APROBACIÓN DE PROPUESTAS PARA LA VENTA DIRECTA DE UN PLANTEL ESCOLAR EN DESUSO

El (la) Director(a) Ejecutivo(a) podrá autorizar la Venta Directa de un Plantel Escolar en Desuso, en casos en que solo exista una Solicitud de Compra y Propuesta para un Plantel Escolar en Desuso en Particular, siempre y cuando se cumpla con el Artículo 12(A) de este Reglamento. Una vez el (la) Director(a) Ejecutivo(a) emita su Determinación final, la misma se notificará al solicitante y al Titular para el trámite correspondiente.

## ARTÍCULO 16.- ARRENDAMIENTO DE PLANTELES ESCOLARES EN DESUSO

A. Toda propuesta de arrendamiento de un Plantel Escolar en Desuso debe propender a actividades para el bien común, sea para usos sin fines de lucro, comerciales y/o que promuevan la activación del mercado de bienes raíces y/o la economía en general, incluyendo, sin que se entienda una lista taxativa a: actividades de desarrollo comunitario, centros de atención de deambulantes, albergues para personas sin hogar; albergues para animales abandonados; centros de seguridad y rescate; centros de entrenamiento y supervivencia; centros de entrenamiento físico o deportivos; centros de bellas artes; centros de entrenamiento emocional y atención al ser interior; centro de tratamiento para drogodependientes; centro de talleres de terapias educativas o tutorías para niño, jóvenes y adultos; centros para víctimas de maltrato o violencia doméstica; incubadora de microempresas comunitarias o cooperativas; entre otros.

B. Toda Propuesta de Arrendamiento será remitida al correo electrónico CEDBI@aafaf.pr.gov. No se aceptarán Solicitudes de Arrendamientos ni Propuestas que no hayan sido remitidas a este correo electrónico.

## ARTÍCULO 17. - REQUERIMIENTOS

A. Toda Propuesta de Arrendamiento deberá contener la información siguiente, según aplique:

    a) Nombre con dos apellidos, razón social o nombre corporativo;

    b) Cualquier otro nombre o seudónimo por el cual sea conocido;

    c) Consentimiento de Socios o Resolución Corporativa;

    d) Documentos corporativos (Artículos de Incorporación y Estatutos) o documentos constitutivos de la razón social;

    e) Desglose de accionistas, socios o integrantes de la entidad;

    f) Estado civil;

ASSETS_2004_0000392

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

g) Si casado, nombre con dos apellidos del cónyuge;

h) Dirección residencial/física;

i) Dirección postal;

j) Número de seguro social personal o patronal;

k) Número de licencia de conducir;

l) Tres referencias (en caso de entidades sin fines de lucro, una de estas deberá ser de ODSEC, según detallado en el inciso "n");

m) Descripción específica del uso que se propone darle al plantel escolar en desuso; y,

n) Descripción específica sobre la procedencia de fondos para el uso que propone darle al plantel escolar en desuso. Deberá someter copia de los estados financieros, planillas, o acreditar de cualquier otra forma al Comité o a su Director(a) Ejecutivo (a), la capacidad económica razonable para cumplir con sus obligaciones, incluyendo, sin que se entienda como una limitación, los costos de mantenimiento, las contribuciones territoriales (CRIM) y los seguros aplicables. De ser una entidad sin fines de lucro, deberá evidenciar el flujo de fondos suficientes para sufragar la operación, y deberá proveer certificación de la Oficina para el Desarrollo Socioeconómico y Comunitario (ODSEC) acreditando su estado bona fide y opinión sobre la viabilidad para cumplir con sus obligaciones.

## ARTÍCULO 18.- CONDICIONES Y GARANTÍAS DEL ARRENDAMIENTO

Todo Contrato de Arrendamiento incluirá aquellas condiciones de uso del Plantel Escolar en Desuso que el Arrendador haya negociado con el Arrendatario, incluyendo la Fianza; las pólizas de seguro que debe tener vigente conforme al uso, en las cuales deberá incluir como asegurado adicional al Gobierno de Puerto Rico; mantenimiento; entre otros. Además, el Comité podrá requerir la inclusión de ciertos términos y condiciones para salvaguardar los mejores intereses del Gobierno.

Todo Contrato de Arrendamiento conllevará la prestación de una Fianza. Disponiéndose que se eximirá del requerimiento de prestación de Fianza a Entidades Gubernamentales y Entidades Municipales.

## ARTÍCULO 19- EVALUACIÓN DE PROPUESTAS DE ARRENDAMIENTO

El Comité recibirá las Propuestas de Arrendamiento y verificará que contenga la información requerida en la Hoja de Cotejo que adopte mediante Resolución. De no cumplir con los documentos o certificaciones que dispone la Hoja de Cotejo, no se recibirá la Propuesta de Arrendamiento. Si por inadvertencia de cumplimiento con algún requisito o certificación se recibiera la Propuesta de Arrendamiento, la misma será descartada, previa notificación al Proponente. Además, el Comité o

-30-

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

su Director(a) Ejecutivo(a), se asegurará que para dicho trámite se observe estrictamente un registro de orden de llegada de las Propuestas de Arrendamiento. Una vez recibida una Propuesta de Arrendamiento debidamente cumplimentada, se procederá de acuerdo con lo siguiente:

a) Determinará si existen otras circunstancias que sugieran no dar curso a la Propuesta de Arrendamiento, tales como:

    a. Política pública;

    b. Acuerdos u obligaciones con terceras personas que afecten el uso propuesto para el Plantel Escolar en Desuso;

    c. Restricciones naturales o impuestas que impidan o limiten el uso propuesto del Plantel Escolar en Desuso;

    d. Determinaciones del Arrendador que establezcan la deseabilidad de no utilizar el Plantel Escolar en Desuso para los fines propuestos;

    e. Cualquier otra razón del Comité que establezca la no deseabilidad del Arrendamiento del Plantel Escolar en Desuso para los fines propuestos.

b) Podrá evaluar la Propuesta de Arrendamiento de acuerdo con los requisitos siguientes:

    a. Que los fines propuestos sean cónsonos con el Artículo 15 de este Reglamento;

    b. Que el Arrendatario tenga la capacidad demostrada de cumplir a cabalidad con el Arrendamiento;

    c. Capacidad económica y/o historial de cumplimiento (referencia) del Arrendatario.

d) Cualquier otro requerimiento o condición que establezca el Comité en el descargo de sus funciones.

## ARTÍCULO 20- CANON Y TÉRMINO DEL ARRENDAMIENTO

El Canon se calculará e impondrá por el Comité conforme a los siguientes:

i. Cuando se trate de entidades sin fines de lucro debidamente acreditadas y/o Entidades Gubernamentales y Entidades Municipales, serán por el término mínimo de (1) un año y podrán ser objeto de un canon mensual mínimo de un dólar ($1.00), a discreción del Comité;

    a. El (La) Director(a) Ejecutivo(a) notificará de la autorización del Contrato

ASSETS_2004_0000394

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

de Arrendamiento al Arrendador y al Proponente. Además, ordenará al Arrendador que efectúe el correspondiente Contrato de Arrendamiento.

b. No más tarde de treinta (30) días siguientes al registro del Contrato de Arrendamiento en la Oficina del Contralor, el Arrendador deberá remitir copia digital del Contrato de Arrendamiento suscrito por ambas partes al correo electrónico: CEDBI@aafaf.pr.gov.

c. El Comité podrá, a su discreción, determinar el canon de arrendamiento aplicable utilizando como referencia cualquier tipo de estudio o guía de renta por zonas que se adopte posteriormente, así como referirse a los parámetros aplicables a las entidades con fines de lucro sobre el justo valor en el mercado. Por otro lado, a la hora de fijar el canon de arrendamiento aplicable, el Comité deberá considerar si el inmueble, o los ingresos que genera, sirve de garantía de cualquier obligación contraída previamente.

ii. Cuando se trate de Arrendamientos con entidades con fines de lucro, el canon de arrendamiento se determinará a base de lo siguiente:

a. Dentro de los parámetros del uno al ocho por ciento (1-8%) del justo valor en el mercado del Plantel Escolar en Desuso a ser determinado mediante el proceso correspondiente de tasación, según descrito en este Reglamento, o a través de un estudio renta por zonas que se adopte posteriormente.

b. Los Contratos de Arrendamiento por un término mayor de tres (3) años, serán permisibles siempre y cuando la inversión o mejora que se efectúe en el Plantel Escolar en Desuso sobrepase Cincuenta Mil Dólares ($50,000), para lo cual tienen que proveer evidencia mediante certificación y/o desglose detallado de las mejoras o inversión efectuadas o a efectuarse, a satisfacción del Comité o su Director(a) Ejecutivo(a). Disponiéndose que no realizar las inversiones o mejoras anticipadas constituirá justa causa para resolver el contrato de arrendamiento por el Titular.

iii. Renovaciones de Contratos de Arrendamiento vigentes con entidades sin fines de lucro, Entidades Gubernamentales y Entidades Municipales:

A discreción del Comité, se podrá mantener el canon mensual mínimo de un dólar ($1.00) y el término mínimo de un (1) año, o aquellos cánones y términos, según aplicables. La renovación solo procederá, si el Arrendatario notifica al Arrendador su interés en continuar en el Plantel en Desuso, con al menos sesenta (60) días antes del vencimiento del Contrato de Arrendamiento. En su solicitud de renovación o enmienda al Contrato de Arrendamiento incluirá un informe de logros con ilustraciones, según el uso o proyecto empleado, incluyendo

ASSETS_2004_0000395

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

información de las mejoras o inversión efectuada en el Plantel Escolar en Desuso. Copia de la solicitud de nuevo Contrato de Arrendamiento o enmienda, deberá remitirse al Comité a través de CEDBI@aafaf.pr.gov.

iv. Renovaciones de Contratos de Arrendamiento vigentes con entidades con fines de lucro:

Del Arrendatario interesar continuar con el Contrato de Arrendamiento, tendrá la responsabilidad de notificar al Arrendador mediante solicitud escrita con sesenta (60) días de antelación a la fecha de vencimiento del Contrato de Arrendamiento, de lo cual deberá remitir copia al (a la) Director(a) Ejecutivo(a) del Comité al correo electrónico CEDBI@aafaf.pr.gov.

1. Previo a autorizar la renovación del Arrendamiento, el Arrendador y/o algún representante del Comité, deberán inspeccionar el Plantel Escolar en Desuso para determinar la adecuada utilización del Plantel Escolar en Desuso conforme a los términos y condiciones del Contrato de Arrendamiento.

   a. El canon de Arrendamiento será revisado y se determinará a base de lo siguiente:

      • Dentro de los parámetros del uno al ocho por ciento (1-8%) del justo valor en el mercado del Plantel Escolar en Desuso a ser determinado mediante el proceso correspondiente de tasación, según descrito en este Reglamento, o a través de un estudio de renta por zonas.

   b. El (La) Director(a) Ejecutivo(a) notificará de la autorización de la Renovación del Contrato de Arrendamiento al Arrendador y al Arrendatario, incluyendo el canon revisado aplicable. Además, ordenará al Arrendador que efectúe la correspondiente enmienda al Contrato de Arrendamiento o nuevo Contrato, conforme a sus procedimientos internos. El Arrendador deberá remitir copia de la enmienda o nuevo Contrato de Arrendamiento suscrito por ambas partes a la dirección de correo electrónico: CEDBI@aafaf.pr.gov, no más tarde de treinta (30) días siguientes al registro del Contrato de Arrendamiento o su enmienda en la Oficina del Contralor.

v. Las Propuestas de Arrendamientos o Renovaciones de Contratos de Arrendamiento vigentes serán evaluadas por el Comité. Disponiéndose que el (la) Director(a) Ejecutivo(a) podrá notificar cualquier determinación del Comité. Cualquier cambio o variación de los fines y propósitos acordados en el contrato podrá conllevar la revisión e imposición de un nuevo canon por el Comité.

-33-

ASSETS_2004_0000396

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

      vi.    El Comité podrá adoptar cualquier norma de aplicación general que establezca, regule o limite el término de un arrendamiento concedido al amparo de este Reglamento.

## ARTÍCULO 21– NOTIFICACIÓN DEL COMITÉ

Una vez el Comité haga su determinación se notificará al Arrendador y al Solicitante. El Arrendador procederá con la preparación y firma del Contrato de Arrendamiento, conforme las normas y procedimientos aplicables al Arrendador.

Los Arrendamientos aprobados serán referidos al Administrador de Propiedades y/o la División Legal del Arrendador para la redacción del Contrato de Arrendamiento. Luego de otorgado el Contrato de Arrendamiento por ambas partes, el Arrendador remitirá copia digital, incluyendo evidencia de pago de la Fianza, a la dirección de correo electrónico CEDBI@aafaf.pr.gov. El Arrendador será responsable de la entrada del Arrendatario para posesión del Plantel Escolar en Desuso, conforme los términos y condiciones del Contrato de Arrendamiento.

## ARTÍCULO 22- SUPERVISIÓN

De encontrarse por el funcionario del Arrendador o del Comité que el Plantel Escolar en Desuso no se está utilizando por el Arrendatario para los fines y propósitos acordados, o que no se le ha dado el mantenimiento adecuado al mismo, se referirá de inmediato a la división legal del Arrendador quien procederá a notificar al Arrendatario del incumplimiento y proveerle un término de diez (10) días laborables para curar el defecto o incumplimiento. Del Arrendatario no corregir el defecto o incumplimiento, el Arrendador procederá a ordenar el trámite de resolución del Contrato de Arrendamiento.

El Arrendador llevará un registro de los Planteles Escolares en Desuso arrendados, a manera que se facilite conocer con ciento veinte (120) días de anticipación el vencimiento de cada Contrato de Arrendamiento. Utilizando dicho calendario, se notificará a todos aquellos Arrendatarios cuyo Contrato esté por vencer, como recordatorio que deberá solicitar por escrito su interés de arrendar el Plantel Escolar en Desuso por un término adicional. Se les indicará a los Arrendatarios en dicha notificación que si interesan arrendar nuevamente el Plantel Escolar en Desuso deberán gestionar, renovar y someter una nueva fianza, y que el Comité se reserva el derecho y la facultad para modificar cualesquiera términos y condiciones del Arrendamiento. Además, se les apercibirá a los Arrendatarios en la notificación que, de no recibirse una solicitud escrita previo al vencimiento, el Arrendador estará en la libertad de ofrecer o ceder en Arrendamiento dicho Plantel Escolar en Desuso a otras personas interesadas.

No más tarde de diez (10) días laborables de haber concluido el Contrato de Arrendamiento, sin haberse renovado el mismo, un funcionario del Arrendador visitará el Plantel Escolar en Desuso y solicitará su entrega voluntaria.    Si el Arrendatario se negara, el funcionario notificará a la división legal del Arrendador para que inicie los procedimientos judiciales de desahucio. Disponiéndose que lo dispuesto en este párrafo no afectará la posesión de aquellos arrendatarios que demuestren fehacientemente que realizaron los trámites correspondientes para promover la

-34-

ASSETS_2004_0000397

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la
Rama Ejecutiva del Gobierno de Puerto Rico*

renovación del arrendamiento y que no se pactó su renovación por causas imputables a la parte arrendadora. En esos casos, se seguirá el trámite correspondiente a una renovación de contrato de arrendamiento, aunque se requiera la otorgación de un nuevo acuerdo de arrendamiento.

## ARTÍCULO 23. - RENOVACIÓN O ENMIENDA DE CONTRATO

Toda renovación o enmienda de contrato se hará por escrito y ante notario público, según requerido, previa la aprobación del Comité. En todos los casos de renovación de contrato se requerirá la renovación de la fianza y seguros correspondientes, según aplicable.

## ARTÍCULO 24. - FACTURACIÓN, COBROS DEL CONTRATO Y DESAHUCIO

La división de finanzas del Arrendador tendrá un expediente por cada arrendamiento, con copia de la Propuesta de Arrendamiento, evaluación y determinación del Comité, según aplique, contrato, fianza y cualquier otro documento pertinente. La división de finanzas del Arrendador será responsable por la facturación y cobro mensual del canon, de conformidad con lo establecido en el Contrato de Arrendamiento.

## PARTE V REQUISITOS APLICABLES A TODA DISPOSICIÓN

## ARTÍCULO 25.- ACUERDO DEFINITIVO

Luego de adjudicada una Subasta o aprobada una Venta Directa de un Bien Inmueble o Plantel Escolar en Desuso, y luego de transcurridos los términos de reconsideración dispuestos en este Reglamento, según sean aplicables, el Titular y la parte compradora firmarán el Acuerdo Definitivo dentro de cuarenta y cinco (45) días luego de la notificación de adjudicación de la Subasta o la aprobación final de la Venta Directa u otra Disposición del Bien Inmueble o Plantel Escolar en Desuso, conforme al proceso de Disposición correspondiente dispuesto en este Reglamento. Dicho Acuerdo Definitivo será preparado de conformidad con todas las leyes aplicables y estará sujeto a todos los términos y condiciones dispuestos por el Comité o su Director(a) Ejecutivo(a).

Los Bienes Inmuebles y Planteles Escolares en Desuso serán transferidos o puestos en posesión del Solicitante agraciado, según sea el caso, libre de cargas y gravámenes, salvo aquellas cargas y gravámenes de índole no monetaria que surjan o pudieren surgir de una inspección del Bien Inmueble o el Plantel Escolar en Desuso o del Registro de la Propiedad, o que se hayan divulgado mediante los avisos de Subasta o aquellas que el Comité o su Director(a) Ejecutivo(a) y el Solicitante agraciado hayan acordado continuarán afectando el Bien Inmueble o Plantel Escolar en Desuso. Todo Bien Inmueble y Plantel Escolar en Desuso se ofrecerá en toda instancia como está, donde está, con todas sus faltas ("*as is, where is, with all faults*") y sin garantía alguna en cuanto a condición ambiental, por lo tanto, no se aceptarán reclamaciones luego de adjudicadas las Subastas o aprobadas las Ventas Directas. Como parte del Acuerdo Definitivo, la parte adquirente renunciará al saneamiento por vicios ocultos.

De ser necesario, el (la) Director(a) Ejecutivo(a) podrá designar el abogado-notario que redactará el Acuerdo Definitivo y citará al Solicitante agraciado para su firma. Luego de otorgado el Acuerdo Definitivo por el representante autorizado del Titular, la División Legal del Titular

ASSETS_2004_0000398

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

notificará copia simple del Acuerdo Definitivo otorgado a la División de Finanzas del Titular y a la Oficina del Contralor y remitirá copia digital a la siguiente dirección de correo electrónico: CEDBI@aafaf.pr.gov. Además, el abogado-notario designado será responsable de entregar al Solicitante agraciado una primera copia certificada de la Escritura donde quedará plasmada la transacción de optarse por su inscripción en el Registro de la Propiedad correspondiente y la Solicitud de Cambio de Dueño ante el Centro de Recaudación de Ingresos Municipales (CRIM), en caso que la Disposición conlleve la transferencia del dominio. El abogado-notario designado procurará también que se dé cumplimiento a lo ordenado por la Junta de Planificación de Puerto Rico en su Resolución JPE-2018-069 de aprobada el 17 de julio de 2018, así como cualquier otra norma sucesora que adopte la Junta de Planificación de Puerto Rico.

El Solicitante agraciado, o su representante, deberá presentar copia certificada de la Escritura para inscripción en la sección correspondiente del Registro de la Propiedad. El Solicitante agraciado, o su representante, deberá proveer al (a la) Director(a) Ejecutivo(a) del Comité y a la División Legal del Titular, evidencia de presentación en el Registro y copia ponchada de la Solicitud de Cambio de Dueño ante el CRIM en caso de que la Disposición conlleve la transferencia del dominio. El notario que autorice el instrumento público o Escritura proveerá al (a la) Director(a) Ejecutivo(a) evidencia de cumplimiento con la presentación de la Planilla Informativa de Traslado de Bienes Inmuebles en el Departamento de Hacienda.

El (La) Director(a) Ejecutivo(a) podrá requerir al Titular del Bien Inmueble o del Plantel Escolar en Desuso objeto de la transacción o al solicitante agraciado, cualquier otro documento, trámite o certificación, según sea necesaria para mantener un récord completo de la transacción.

El depósito entregado por el Solicitante agraciado y el balance del precio de compraventa de tratarse de una venta, será entregado al Titular quien bajo el Acuerdo Definitivo extenderá la carta de pago al Solicitante agraciado. Se apercibe que el Comité le retendrá al Titular el cargo de tres por ciento (3%) del valor de la transacción para cubrir gastos administrativos del Comité incurridos en el proceso de Disposición. En caso de tratarse de un arrendamiento, el Comité luego de la referida retención del tres por ciento (3%), transferirá el depósito al Titular-arrendador quien luego de instaurado el depósito de garantía (*security deposit*) reembolsará su balance al Solicitante agraciado y por tanto, Arrendatario bajo el Acuerdo Definitivo.

## ARTÍCULO 26.- CERTIFICACIONES

El Comité no aprobará el otorgamiento del Acuerdo Definitivo hasta verificar que se cumplan con los siguientes requisitos:

1. El Solicitante agraciado presente al Comité una declaración jurada actualizada conforme a las disposiciones de la Ley Núm. 2-2018, según enmendada;

2. El Titular certifique al Comité que, a la fecha del cierre de la Disposición del Bien Inmueble, el Bien Inmueble objeto de la disposición no es utilizado por las diferentes divisiones u oficinas de dicho Titular;

ASSETS_2004_0000399

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

3. La Junta Revisora certifique que, a la fecha del cierre de la Disposición del Bien Inmueble, ninguna Entidad Gubernamental propone ocupar el Bien Inmueble como parte del Plan de Desarrollo y Rehabilitación de Estructuras Públicas, y

4. El Titular certifique que se ha cumplido con los requisitos impuestos por la Junta de Planificación en su Resolución JPE-2018-069 de fecha 17 de julio de 2018, así como cualquier otra norma sucesora que adopte la Junta de Planificación de Puerto Rico.

Se advierte que, con excepción de la declaración jurada descrita en el inciso 1, las certificaciones mencionadas en los incisos dos (2) y (3), no serán aplicables en los procesos de Disposición de Planteles Escolares en Desuso.

## ARTÍCULO 27.- GASTOS

Los gastos incidentales a la preparación, otorgamiento e inscripción de la escritura así como los honorarios notariales del notario designado por el (la) Director(a) Ejecutivo(a) del Comité, calculados a razón del medio del uno por ciento (1/2%), siendo este el mínimo que impone la Ley Notarial de Puerto Rico de 1987, según enmendada, serán por cuenta y cargo del Solicitante agraciado.

Cualquier otro gasto relacionado a la Disposición de un Bien Inmueble o Plantel Escolar en Desuso, se determinará por acuerdo entre las partes.

## ARTÍCULO 28.- INHABILIDAD DEL(A) DIRECTOR(A) EJECUTIVO(A)

En aquellos casos en los que el (la) Director(a) Ejecutivo(a) autorice la Venta Directa de un Bien Inmueble o un Plantel Escolar en Desuso, el (la) funcionario(a) no podrá fungir como agente autorizado para llevar a cabo una transacción relacionada a la transferencia del título del inmueble. En esos casos, se requerirá a la entidad con la titularidad llevar a cabo la transacción correspondiente.

## ARTÍCULO 29.- RECONSIDERACIÓN Y REVISIÓN JUDICIAL

Una parte adversamente afectada por la Disposición de un Bien Inmueble o Plantel Escolar en Desuso conforme a las disposiciones de la Ley o este Reglamento podrá presentar una solicitud de reconsideración ante el Comité dentro de un término de veinte (20) días contados a partir de la adjudicación de la Subasta y la Disposición final de una propuesta sobre Venta Directa. El Comité deberá considerar la solicitud de reconsideración dentro de los treinta (30) días de haberse presentado. El Comité podrá extender dicho término una sola vez, por un término adicional de quince (15) días calendario. Si el Comité no se expresa con relación a la solicitud de reconsideración dentro del término correspondiente, se entenderá que esta ha sido rechazada de plano. La parte adversamente afectada podrá presentar un recurso de revisión en el Tribunal de Apelaciones dentro de un término de veinte (20) días contados a partir de (i) la determinación del Comité con relación a la solicitud de reconsideración, si la parte adversamente afectada permanece inconforme con la determinación del Comité o (ii) desde el rechazo de plano de la petición de reconsideración por el Comité.

ASSETS_2004_0000400

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

## ARTÍCULO 30.- MISCELÁNEAS

**1. Cálculo de Períodos.** Donde este Reglamento requiera que se tome una acción: (i) dentro de un período determinado de tiempo después de que una acción es tomada, el día en que se tome la acción no se tomará en cuenta en el cálculo de ese período; (ii) dentro de un período determinado, ese período tiene que incluir por lo menos dos (2) días laborables; y (iii) dentro de un período determinado, cuando el último día de ese período no sea un día laborable, el período se extenderá para incluir el próximo día laborable.

**2. Derecho de Adquisición preferente para adquirir Bienes Inmuebles y Planteles Escolares en Desuso mediante Venta Directa**

En primer lugar, tendrán derecho preferente para adquirir Bienes Inmuebles de las Entidades de la Rama Ejecutiva mediante Venta Directa las personas naturales o sus herederos, así como las personas jurídicas, a quienes se les haya expropiado el Bien Inmueble o de quien se haya adquirido el Bien Inmueble por cualquier otra forma.

En segundo lugar, las personas que hayan estado ocupando legalmente el Bien Inmueble o Plantel Escolar en Desuso por al menos un (1) año, y que esté en cumplimiento con los términos y condiciones para dicha ocupación.

En tercer lugar, los dueños de los predios colindantes.

Cuando el Bien Inmueble es uno cuya cabida o forma no se ajuste a los requisitos de la Junta de Planificación o entidad sucesora o dicho predio no tuviese acceso a la vía pública, tendrán derecho preferente en primer lugar los dueños de los predios colindantes.

Si varios dueños de predios colindantes o integrantes de una sucesión o comunidad de bienes estuvieran interesados en adquirir el Bien Inmueble o el Plantel Escolar en Desuso, tendrá prioridad el colindante o integrante de la sucesión o comunidad de bienes que primero haya presentado su solicitud. De haberse presentado solicitudes simultáneamente por varios colindantes o integrantes de una sucesión o comunidad de bienes, la solicitud se adjudicará conforme a los reglamentos de la Junta de Planificación o la Entidad Gubernamental con jurisdicción en esta materia, y en igualdad de condiciones, mediante sorteo ante notario público.

Para las partes interesadas poder ejercer el derecho preferente de adquisición deberán notificar de su deseo de ejercitar su derecho al Comité, al (la) Director(a) Ejecutivo(a) o al Titular del Bien Inmueble o Plantel Escolar en Desuso dentro del término de treinta (30) días contados a partir de la última fecha señalada en el aviso público de Subasta para inspección del inmueble por Licitadores. Disponiéndose que nada en este Reglamento obliga al CEDBI ni al (la) Director(a) Ejecutivo(a) a realizar actos afirmativos para notificar o alertar a posibles tenedores del derecho preferente de adquisición de que determinado Bien Inmueble o Plantel Escolar en Desuso será dispuesto de conformidad con este Reglamento.

**3. Distribución, Notificación o Publicación.** A menos que este Reglamento disponga otra cosa, en aquellas instancias donde este Reglamento requiera la distribución, notificación o publicación de un

ASSETS_2004_0000401

Comité de Evaluación y Disposición de Bienes Inmuebles
*Reglamento Único para la Evaluación y Disposición de Bienes Inmuebles de la*
*Rama Ejecutiva del Gobierno de Puerto Rico*

documento o decisión del Comité o de su Director(a) Ejecutivo(a), podrá satisfacerse tal requisito con la publicación de dicho documento o decisión en el portal de Internet de AAFAF o del Comité, así como mediante cualquier otro mecanismo de notificación electrónica.

**4. Intención.** La intención de este Reglamento es proveer procedimientos expeditos y flexibles y, por consiguiente, se interpretará liberalmente a fin de efectuar esa intención y sus propósitos. Las desviaciones no materiales de los requisitos de este Reglamento no deberán, a la entera discreción del Comité, ser causa para descalificación de cualquier proceso de disposición de Bienes Inmuebles.

**5. Negociaciones y Discusiones.** Cualquier negociación, conversación o discusión requerida por cualquier disposición de este Reglamento podrá llevarse a cabo en persona, por conferencia telefónica o conferencia de vídeo.

**6. Separabilidad.** Si cualquier palabra, oración, sección, párrafo o Artículo de este Reglamento es declarado inconstitucional o nulo por cualquier tribunal de justicia, tal determinación no afectará, perjudicará o anulará ninguna de las disposiciones y partes restantes de este Reglamento, y su efecto se limitará a la palabra, oración, sección, párrafo o artículo específico declarado inconstitucional o nulo. La invalidez o nulidad de cualquier palabra, oración, sección, párrafo o Artículo en una instancia no se interpretará como que afecta o perjudica en modo alguno su aplicabilidad o validez en cualquier otra instancia.

**7. Derogación.** La adopción de este Reglamento deroga expresamente el Reglamento Núm. 8972 de 7 de julio de 2017, Reglamento para la Evaluación y Disposición de Bienes Inmuebles de la Rama Ejecutiva del Gobierno de Puerto Rico bajo la Ley Núm. 26-2017, y el Reglamento Núm. 8980 de 2 de agosto de 2017, Reglamento Especial para la Evaluación y Arrendamiento de Planteles Escolares en Desuso con Propuestas No Solicitadas, así como cualesquiera reglamentos o procedimientos internos establecidos al amparo de los reglamentos derogados y/o que resulten incompatibles con este Reglamento. Disponiéndose que nada en este Reglamento afecta la vigencia de la Resolución Núm. 2019-068 del 15 de septiembre de 2019, así como cualquier otra norma sucesora que adopte el Comité en el descargo de sus funciones.

**8. Efectividad.** Este Reglamento será efectivo treinta (30) días después de su presentación en el Departamento de Estado.

ASSETS_2004_0000402

# GOVERNMENT OF PUERTO RICO

# REAL ESTATE EVALUATION AND DISPOSITION COMMITTEE

**NUMBER: 9133**

**Date: December 9, 2019**

*Approved:* <u>Leda. María Marcano de León</u>
        **Undersecretary of State**

**[Signature]**

**Samuel Wiscovitch Coral**
**Assistant Secretary of Service**
**Department of State**
**Government of Puerto Rico**

# SINGLE REGULATION FOR THE EVALUATION AND DISPOSITION OF REAL ESTATE ASSETS OF THE EXECUTIVE BRANCH OF THE GOVERNMENT OF PUERTO RICO

# INDEX

| | Page |
|---|---|
| **ARTICLE 1. - LEGAL BASIS; PURPOSE OF THE REGULATION** | **1** |
| **SCOPE** | |
| **ARTICLE 2.- DEFINITIONS** | **1-5** |
| **ARTICLE 3.- REAL ESTATE APPRAISAL AND DISPOSAL COMMITTEE** | **5-7** |
| **ARTICLE 4.-INVENTORY OF REAL ESTATE ASSETS** | **7-8** |
| **ARTICLE 5.- GENERAL RULE** | |
| **ARTICLE 6.- WAIVER REQUESTS** | **9-10** |
| **ARTICLE 7.- DIRECT SALE** | **10-13** |
| **ARTICLE 8.- PROCEDURE FOR SEALED BID AUCTIONS** | **13-20** |
| **ARTICLE 9.- PROCEDURE FOR OPEN OUTCRY AUCTIONS** | **20-22** |
| **ARTICLE 10.- CANCELLATION OF AUCTIONS** | **22-23** |
| **ARTICLE 11.- USE OF COMPETITIVE AUCTION MECHANISMS FOR APPLICATIONS FOR LEASES, USUFRUCTS AND TRANSFERS OF POSSESSION.** | **23-24** |
| **ARTICLE 12.- ELIGIBILITY CRITERIA FOR THE ACQUISITION BY DIRECT SALE OF A DISUSED SCHOOL BUILDINGS** | **24-25** |
| **ARTICLE 13. - DIRECT SALE OF DISUSED SCHOOL BUILDINGS** | **26-27** |
| **ARTICLE 14.- EVALUATION OF PURCHASE APPLICATIONS FOR THE DIRECT SALE OF DISUSED SCHOOL BUILDINGS** | **27-29** |
| **ARTICLE 15.- APPROVAL OF PROPOSALS FOR THE OUTRIGHT SALE OF A DISUSED SCHOOL BUILDINGS** | **29** |
| **ARTICLE 16.- LEASING OF DISUSED SCHOOL BUILDINGS** | **29** |

ASSETS_2004_0000362

**ARTICLE 17. - REQUIREMENTS**                                    **29-30**

**ARTICLE 18.- LEASE CONDITIONS AND GUARANTEES**                  **30**

**ARTICLE 19- EVALUATION OF LEASE PROPOSALS**                     **30-31**

**ARTICLE 20- FEE AND LEASE TERM**                                **31-34**

**ARTICLE 21- NOTIFICATION OF THE COMMITTEE**

**ARTICLE 22- SUPERVISION**                                       **34-35**

**ARTICLE 23. - RENEWAL OR AMENDMENT OF CONTRACT**                **35**

**ARTICLE 24. - INVOICING, CONTRACT COLLECTION AND
EVICTION**                                                        **35**

**ARTICLE 25.- FINAL AGREEMENT**                                  **35-36**

**ARTICLE 26.- CERTIFICATIONS**                                   **36-37**

**ARTICLE 27.- EXPENSES**                                         **37**

**ARTICLE 28.- DISQUALIFICATION OF THE EXECUTIVE
DIRECTOR**                                                        **37**

**ARTICLE 29.- JUDICIAL REVIEW AND RECONSIDERATION**              **37**

**ARTICLE 30.- MISCELLANEOUS**                                    **38-39**

ASSETS_2004_0000363

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

# PART I. GENERAL PROVISIONS

## ARTICLE 1. - LEGAL BASIS; PURPOSE OF THE REGULATION; SCOPE

1.      **Legal Basis.** The Real Property Appraisal and Disposition Committee adopts these Regulations in accordance with the powers and authorities conferred upon it by Sections 5.05 and 5.06 of Act No. 26 - 2017, known as the Fiscal Plan Compliance Act. These Regulations are also enacted pursuant to Act No. 38 - 2017, as amended, known as the Uniform Administrative Procedure Act of the Government of Puerto Rico.

2.      **Purpose of the Regulations.** The purpose of these Regulations is to establish an efficient and effective procedure, with uniform parameters for the disposition and transfer of the real property of the Executive Branch of the Government of Puerto Rico.

3.      **Scope of the Regulations.** The scope shall apply to all real property that presently or in the future may belong to the Executive Branch of the Government of Puerto Rico, unless the Committee, or any working group created by the Committee, adopts special regulations for certain real property belonging to the Executive Branch of the Government of Puerto Rico, in which case these Regulations shall not apply to them.

## ARTICLE 2.- DEFINITIONS

The definitions in this Article apply to the entire Regulation and to the procedures and forms adopted thereunder. Terms used in these Rules have the meanings set forth below, except where the context clearly indicates a different meaning.

1.      **AAFAF:** Means the Puerto Rico Financial Advisory Authority and Fiscal Agency.

2.      **Final Agreement:** Means the deed of sale, lease or usufruct deed, or other instrument whereby the Holder of a Real Property transfers the title or possession thereof to a successful Bidder, other bidders, or another person entitled to acquire such Real Property pursuant to the terms and conditions of the Resolution adopted by the Committee or the Executive Director, as the case may be.

3.      **Lease:** Means the action of the Holder, in its capacity as Landlord, to assign to the Tenant the occupation and possession of a disused Real Property or part thereof for a defined period of time and upon payment of a certain lease fee, provision of a bond, as applicable, and validation of certain insurance policies, among other terms and conditions, as required and evidenced in the Lease Agreement entered into between the Landlord and the Tenant.

4.      **Landlord:** Means the Holder that enters into a Lease Agreement with the Tenant to allow the possession, use, and occupancy of certain disused Real Property by means of a Lease, as authorized in these Regulations.

- 1 -

ASSETS_2004_0000364

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

**5.** **Tenant:** Means the natural or juridical person who, by means of a Lease, enters into the possession, use and legal occupation of a certain disused Real Property, according to the terms and conditions of the Lease Contract authorized and formalized, in accordance with the provisions of these Regulations.

**6.** **Real Estate:** Means those assets in disuse, or part of said assets, which cannot move by themselves or be moved from one place to another, such as land, buildings, schools, etc., as well as all those that are inherently attached to real estate, in such a way that they cannot be separated from it without breaking the material or degrading the object, which belong to the entities of the Executive Branch, and which are not public domain assets.

**7.** **Fee:** Means the determined rent to be paid by the Tenant, according to the terms and conditions of the Lease Agreement.

**8.** **Committee:** Means the Real Estate Appraisal and Disposition Committee created under the Law.

**9.** **Lease Agreement:** Means the written agreement between the Holder, in its capacity as Landlord, and the Tenant, which sets forth the fee, term and other applicable terms and conditions for the possession, use and occupancy of certain unused Real Property. The Holder shall be responsible for processing its registration with the Office of the Comptroller of Puerto Rico.

**10.** **Determination:** Means a final decision adopted by the Executive Director, which shall contain the reasons and grounds for approving or denying an outright sale of a Disused Property or School Facility. In addition, it refers to the designation of the Executive Director(s) for the creation of a working group(s).

**11.** **Business Day:** Means a day that is not a Saturday, Sunday or a day on which banking institutions in Puerto Rico are authorized or permitted under applicable law to close to the public.

**12.** **Executive Director:** Refers to the Executive Director of the Committee appointed by the Committee pursuant to Article 5.04 of the Law.

**13.** **Disposition:** Means any process by which the Government transfers the title of ownership, right of possession, use, occupation or enjoyment of Real Estate.

**14.** **Governmental Entity:** Means any Executive Branch Entity, Municipal Entity, Legislative Branch Entity, Judicial Branch Entity or the University of Puerto Rico.

**15.** **Municipal Entity:** Means any municipality in Puerto Rico, as well as any municipal corporation or municipal consortium.

**16.** **Executive Branch Entity:** Means any agency, instrumentality or public corporation of the Executive Branch of the Government currently existing or that may be

ASSETS_2004_0000365

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

created in the future, regardless of the degree of fiscal or budgetary autonomy otherwise conferred by its organic law or other applicable legislation, expressly excluding the Judicial Branch, the Legislative Branch and the University of Puerto Rico.

17.     **Written or in writing:** Refers to any expression consisting of words or figures that can be read, reproduced and subsequently communicated, and may include information transmitted and stored by electronic means.

18.     **Bond** - Means the security provided by the Tenant for the performance of the Lease Agreement, which must be sufficient to secure the agreed upon fee, in addition to the costs associated with maintenance, property taxes (CRIM), if any, and insurance appropriate to the use authorized to own, occupy and use the Disused School Premises subject to the Lease.

19.     **Governor:** means the Governor of Puerto Rico or the executive officer designated and authorized by the Governor to act as his or her delegate.

20.     **Government:** Refers to the Government of Puerto Rico.

21.     **Inventory of Disused School Facilities:** Means the comprehensive inventory prepared by the Department of Education, the Department of Transportation and Public Works, and the Public Buildings Authority, which breaks down the Disused School Facilities available for Disposition, as established in these Regulations. The inventory shall be published in the Internet portal of the AAFAF or of the Committee, and shall be updated from time to time, as necessary.

22.     **Inventory of Real Property of the Government of Puerto Rico:** Means the official inventory and/or asset map of all Real Property of the Executive Branch of the Government of Puerto Rico to be published on the AAFAF website and updated from time to time, as necessary.

23.     **Real Property Review Board:** means the Real Property Review Board created pursuant to Act No. 235 - 2014.

24.     **Act:** means the Fiscal Plan Compliance Act, Act No. 26 - 2017, as amended.

25.     **Bidder:** means the Person who bids or submits a Bid as part of the process of Disposal by Auction of certain Disused Real Property or School Facilities.

26.     **Offer:** Any proposal for the acquisition of Real Estate or Disused School Premises, including, but not limited to, an offer of sale, lease and/or usufruct. The same must contain the economic terms offered by the bidder for such acquisition.

27.     **Identical Bids:** means two or more Bids submitted by two or more Persons for the same Real Property or Disused School Premises, which are equal as to the amount

ASSETS_2004_0000366

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

offered as purchase price or lease fee.

28.    **Person:** means any natural person or any legal entity organized under the laws of Puerto Rico, of the United States of America, of any of its states or territories, or of any foreign country, any federal agency or any combination of the foregoing, authorized to do business in Puerto Rico. The term shall include any Governmental Entity, any individual, firm, corporation, company, partnership, joint stock company, association, public or private corporation, cooperative or nonprofit entity that is duly organized and authorized under the laws of Puerto Rico, or of the United States of America, or any of its states or territories, or of any foreign country duly authorized to do business in Puerto Rico.

29.    **Public Structures Development and Rehabilitation Plan:** means the Public Structures Development and Rehabilitation Plan created, approved and recommended by the Real Property Review Board pursuant to Article 10 of Act No. 235 - 2014.

30.    **Disused Schools:** Refers to those Real Estate Assets built and originally used as schools or educational centers that the Government decided to close and not to operate or use, so they are available for disposal under the terms of these Regulations and the public policy set forth in the Law.

31.    **Proposals:** refers to the written document submitted by a Bidder, Applicant or Offeror detailing the proposed use and/or economic, social or community development project it proposes for the Disused Real Property or School Facility it is interested in acquiring or occupying by any legal means, including the financial offer.

32.    **Resolution:** Means the final determination adopted by the Committee authorizing that the Holder have Disposition of the Real Property in question, and which will contain the particular terms and conditions that will govern the Disposition, which will then be set forth in the Final Agreement.

33.    **Search System:** means the Search System created by the Real Property Review Board, pursuant to Act No. 235 - 2014, available through http://www2.pr.gov/propiedadesinmuebles, as updated.

34.    **Applicant:** Refers to the Person who submits a Proposal or Offer to acquire, lease, occupy, use, or in any other legal manner, own and use a Disused Property or School Facility, in accordance with the provisions of these Regulations. It may also be referred to as 'Bidder' or 'Proposer'.

35.    **Purchase Application:** Means the official form adopted by the Committee for any interested person to request the purchase of a Disused School Facility in accordance with the provisions of these Regulations.

36.    **Auction:** Means a Sealed Bid Auction or an Open Outcry Auction, as described in these Regulations.

ASSETS_2004_0000367

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

37. **Open Outcry Auction:** Any process whereby several Bidders physically meet at a place and time previously determined by the Executive Director, to make a direct Bid for a specific Real Property or Disused School Facility announced in advance of said process by the Executive Director. The Bid is made via open outcry, where the remaining Bidders hear and know the Bids in accordance with the provisions of these Regulations.

38. **Void Auction:** Means a Sealed Bid Auction or an Open Outcry Auction for a specific Real Property or Disused School Facility, duly called in accordance with the provisions of these Regulations, to which no Bidder appears or in which the Bidders appearing fail to comply with the requirements of these Regulations or the Auction notice, so that it is not possible to favorably award an Auction.

39. **Sealed Bid Auction:** Means the Auction process whereby Bidders place their bids secretly in sealed envelopes in accordance with the provisions of these Regulations.

40. **Holder:** means the Entity of the Executive Branch that holds full ownership of a certain Real Property or School Facility in Disuse and that avails itself of the provisions of these Regulations for the purpose of disposing of said Real Property or School Facility in Disuse.

41. **Usufruct:** means the transfer of the use and enjoyment of real property by the owner to a proponent. For purposes of this provision, the concept of usufruct is incorporated as applicable to real property as it arises from the Civil Code of Puerto Rico, insofar as it is not incompatible with these regulations.

42. **Direct Sale:** Means the process to dispose of a Real Property or a Disused School Facility, in compliance with the requirements provided in these Regulations in those cases in which the Owner or the Committee receives an unsolicited offer.

## ARTICLE 3.- REAL ESTATE APPRAISAL AND DISPOSAL COMMITTEE

1. **Composition of the Committee and Officers**

In accordance with the provisions of the Law, the Committee shall be composed of the following public officers:

   a.   The Executive Director of AAFAF.

   b.   The Director of the Office of Management and Budget.

   c.   The Secretary of the Department of Economic Development and Commerce.

The members of the Committee may delegate their powers and duties under the Law and these Regulations to an officer of their agency who shall act as their representative before the Committee. All delegations of powers and duties shall be recorded to be effective in a written directive under the

ASSETS_2004_0000368

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

signature of the member of the Committee. Through the delegation of powers and authority, the Committee member's delegate shall have full power and authority to participate in all proceedings of the Committee, and may cast the Committee member's vote in all Committee proceedings as if he/she were the Committee member himself/herself.

The Executive Director of AAFAF shall be the Chairman of the Committee and shall preside at meetings and proceedings of the Committee. The Committee shall appoint an Executive Director, and may appoint one or more Secretaries and Assistant Secretaries, as well as such other officers as it deems necessary, and who shall perform such functions and duties as may be entrusted by the Committee by resolution to that effect to ensure the proper functioning of the work of the Committee. The members of the Committee shall not accrue any salary or compensation for the exercise of the duties and powers imposed by the Law and these Regulations.

2. **Meetings.** The Committee shall meet at least once a month, and as necessary from time to time to expedite the work, at such time and place as the Chairman of the Committee may deem appropriate. The members of the Committee or their duly designated delegates may participate in any meeting by telephone conference or any other means of communication by which all participants may hear each other simultaneously. It is further provided that any action permitted to be taken at a meeting of the Committee may be authorized by written consent by the affirmative vote of a majority of its members or their authorized representatives, which shall have the same effect, validity and equivalence to the holding of a meeting of the Committee. The participation of the members of the Committee or their respective delegates in any of the forms described above shall constitute attendance of the Committee member at such a meeting. Minutes shall be prepared, which shall contain a summary of the business transacted and determinations made at any meeting of the Committee, except when by written consent, where the Secretary or Assistant Secretary shall prepare a certification of the results obtained, and sign off on as correct.

3. **Executive Director**

   a. The Executive Director shall be responsible to the Committee for the execution of the public policy established in the Act, shall exercise general supervision and administration of the affairs and activities of the Committee, as well as any other functions or duties delegated by the Committee as authorized by Article 5.04 of the Act. In addition, he/she shall have the following powers and duties: To appoint such officers, agents and employees as may be necessary for the proper fulfillment of the aims and purposes for which the Committee has been created and to define its powers, faculties and duties, as well as the terms and conditions of work established in these Regulations. It is further noted that these appointments shall be made in accordance with the provisions of Act No. 8 - 2017.

   b. Evaluate the Proposals and/or Bids, as well as any request for reconsideration submitted by any Person under these Regulations, and ensure that it complies with the Law and these Regulations.

ASSETS_2004_0000369

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

c. Submit recommendations to the Committee regarding the Disposal of Real Property of the Executive Branch Entities, including Disused School Facilities, including the method of Disposal.

d. Create and maintain a file of the Real Estate referred to the Committee.

e. Such other duties as may from time to time be delegated to it by the Committee.

**4. <u>Advisors to the Committee.</u>** The Executive Director may appoint employees of the Committee or retain consultants, advisors or agents to assist the Committee in evaluating Direct Sale requests, Purchase Requests, Bids or Proposals received by or referred to the Committee, as well as in the process of selecting Bidders and negotiating contracts for the Disposal, including the Final Agreement, or provide any other assistance deemed necessary or appropriate in connection with the execution of the Final Agreement, or in connection with any of the powers and duties of the Executive Director under these Regulations, and may participate or assist in the evaluation process and recommendations made by the Executive Director, as the Executive Director deems necessary. The individuals or entities providing such assistance shall comply with Act No. 1 - 2012, known as the "Puerto Rico Office of Government Ethics Act," as amended, Act No. 2 - 2018, known as the "Anti-Corruption Code for the New Puerto Rico," as amended, as well as those ethics and/or conflict of interest guidelines, codes, regulations, rules or procedures adopted from time to time by the Committee, if any, as well as any other applicable law, code, regulation, rule or procedure.

**5. <u>Other officers of the Committee.</u>** The Committee may appoint any officers it deems necessary to ensure the proper functioning of the work, for the purposes for which it was created, in accordance with the Law.

**6. <u>Subcommittees or Working Groups.</u>** The Committee or the Executive Director may, by Resolution approved by a majority of its members or by Determination, create special or permanent subcommittees or working groups as necessary to fulfill the duties, purposes and objectives of the Committee. Said subcommittees or working groups may be composed of members of the Committee or of officers or officials designated by them, as well as those public officials and/or private persons *(ad honorem)* with the technical and/or specialized knowledge required to fulfill the purposes for which said subcommittee or working group has been created. The Committee or the Executive Director shall grant to the subcommittees or working groups, respectively, such powers and authorities as he/she deems necessary and appropriate, provided, however, that the Committee or the Executive Director may not confer upon them any authority or power that has not been conferred upon the Committee under the Law.

## ARTICLE 4.-INVENTORY OF REAL ESTATE ASSETS

The Executive Director shall coordinate with the Real Property Review Board the administration and updating of the Real Property Inventory of the Government of Puerto Rico.

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

It shall be the responsibility of each Executive Branch Entity to prepare and update its respective inventory of Real Property owned by it and to notify the Committee and the Real Property Review Board thereof so that the Real Property Inventory of the Government of Puerto Rico may be kept up to date. Whenever any change occurs with any of the Real Property owned by it, whether said property is occupied or vacated, sold, leased or otherwise transferred to or occupied by another Governmental Entity or any other Person, the Executive Branch Entity, as Holder of the Real Property, shall notify the Committee and the Real Property Review Board of such occurrence, and the latter shall proceed to update the Real Property Inventory of the Government of Puerto Rico.

At the request of the Committee, each Holder shall provide the Committee, through the Executive Director, with the following documents in relation to a specific Real Property:

a. Certification of the Owner - confirming that the Property is not being used by the various divisions or offices of the Owner, or that it is being used, but that viable alternatives have been identified, and the Disposal of the Property is in the public interest.

b. Certification of the Real Property Review Board confirming that: (i) no Governmental Entity proposes to occupy the Real Property as part of the Public Structures Development and Rehabilitation Plan; or (ii) a particular Governmental Entity proposes to occupy the Real Property as part of the Public Structures Development and Rehabilitation Plan, but that viable alternatives have been identified, and the Disposition of the Real Property is in the public interest.

c. To the extent it is available, the survey of the Real Property on Plan NAD-83 certified by a surveyor authorized to practice in Puerto Rico will be delivered.

d. Certification of recent title records or survey for the Real Property (no more than 180 days old).

e. Appraisal or opinion of value for the Real Estate, if available, which must not be more than two years old.

Until such time as the Holder has filed the foregoing documents with the Committee, the Committee or the Executive Director shall not commence a Sealed Bid Auction, Live Auction or Direct Sale process with respect to any Real Property, except in those cases where the Committee or the Executive Director determines that commencing the Sealed Bid Auction, Live Auction or Direct Sale process prior to the filing of such documents would be in the best interests of the Holder or the Government.

ASSETS_2004_0000371

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

## PART II. DISPENSATION PROCEDURE

### ARTICLE 5.- GENERAL RULE

Pursuant to the provisions of Articles 1.02 and 10.04 of the Act, as of the effective date of these Regulations, the enumerated regulations of the agencies, government instrumentalities and/or public corporations regarding the disposition of Real Property are hereby rendered null and void, since they are inconsistent with the provisions of Chapter 5 of the Act and these Regulations. Except as provided below, all agencies, governmental instrumentalities and/or public corporations shall comply with the provisions of these Regulations for the Disposal of their Real Property.

### ARTICLE 6.- WAIVER REQUESTS

i.  Public corporations that adopt rules or regulations for the Disposal of Real Property pursuant to the Act may request of the Committee a waiver of compliance with these Regulations by sending a digital copy of the proposed rule or regulation to the Committee at the following e-mail address: CEDBI@aafaf.pr.gov. The Committee or its Executive Director, as appropriate, shall evaluate the provisions of the proposed rule or regulation to: (a) evaluate whether it establishes an expeditious and efficient process for the Disposition of Real Property; and, (b) verify whether it complies or is consistent with the public policy enacted in the Act. The Committee or its Executive Director, as appropriate shall, at its discretion, approve or deny the proposed rule or regulation, or may require amendments or modifications as a condition for its approval. The Executive Director or his/her designee shall notify the applying public corporation of his/her determination. In the event that neither the Committee nor its Executive Director have provided written approval of the proposed rule or regulation within thirty (30) days after submitting the request for approval of the rule or regulation to the Committee, the same shall be deemed denied, and the requesting public corporation shall be governed by the provisions of these Regulations.

ii.  In the case of a Disposition of Real Property of a public corporation that has begun prior to the enactment of the Law, said Disposition may continue if it receives the consent of the Committee or its Executive Director, provided that said public corporation shall provide the Committee with the following:

a. A report to the Committee of the Disposition process and the Real Property in question, with the details of the transaction, including, but not limited to the following details: the purpose of the transaction; price or fee agreed upon; proposed use; appraised value of the Real Property and date of the appraisal; date on which the transaction was approved; certification of its Board of Directors or Governing Board or Property Committee or any other entity with the capacity to approve the transaction; and the regulations or rules under which it was approved. In addition, said report shall include documentation corroborating the foregoing information (e.g., notice of Auction, award, letter of intent, contract, value report, judgment, procedure or regulation, etc.).

b. A Certification from the public corporation stating that the Disposition of the

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

Real Property is in accordance with its procedures and regulations.

The Committee or its Executive Director shall have the power to request additional information. After evaluating the information submitted by the public corporation, to the satisfaction of the Committee, the Committee or the Executive Director shall notify the public corporation of its favorable or negative determination. In the event of a negative determination, it is the responsibility of the public corporation to stop the Disposition process and it will be the Committee or its Executive Director who will continue the process of Disposition of the Real Property.

No public corporation subject to the provisions of these Regulations may enter into a Final Agreement for the Disposition of a Real Property, unless it has obtained the prior consent of the Committee by means of a Resolution to that effect.

### PART III. PROCESSES FOR THE DISPOSAL OF REAL PROPERTY

### ARTICLE 7.- DIRECT SALE

### 1. Application Submission

Any person interested in acquiring a Real Property of an Executive Branch Entity through a Direct Sale must submit an application to the Executive Branch Entity that is the Holder. Applications shall be submitted by mail or in person to the Holder, providing that a copy of the application also be submitted to the attention of the Executive Director of the Committee, by personal delivery or by sending an e-mail to CEDBI@aafaf.pr.gov. The delivery of the applications must comply with the following requirements:

a. Each Applicant is required to submit one (1) original application duly signed by the Applicant or its authorized representative. It must also submit one (1) electronic copy in portable document format ("pdf").

b. For the purposes of these Regulations, a request shall be deemed to have been submitted to the Holder at the time and date it is marked as received by the Holder or the Holder's designated officer;

c. Applicants shall submit their applications in sealed envelopes with the name and address of the Applicant, and the description of the Real Property on the envelope. The Holder will provide the Applicant with a receipt confirming submission of the application.

d. The cover page shall include a description of the Property; the name and address of the Applicant; and the name, email address and telephone number of the person authorized to act on behalf of the Applicant. Unsealed envelopes or packages will not be accepted.

ASSETS_2004_0000373

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

e.  All applications submitted to the Holder under this Article shall become the property of the Holder;

f.  The Holder will only consider complete applications. An application under this Article shall be considered complete only if it is accompanied by the following:

(i).   A description of the Property sufficient to identify it.

(ii).   An explanatory memorandum indicating the reasons why the Applicant understands that it is entitled to acquire the Real Property through a Direct Sale, without requiring an Auction process under Article 8 or Article 9 of these Regulations.

(iii).   The amount offered by the Applicant as the purchase price.

(iv).   An affidavit certifying that the Applicant, its directors, officers, agents, administrators, subsidiaries, parent companies, have not been convicted of or pled guilty to the crimes referred to in Act No. 2 - 2018, as amended.

(v).   A deposit equivalent to ten percent (10%) of the amount offered, up to a maximum of three hundred thousand dollars ($300,000.00). The deposit may be paid by cashier's check, certified check or money order.

(vi).   In those cases where all or a portion of the purchase price is to be financed, the application must be accompanied by a letter issued by a financial institution confirming that the Applicant has been pre-qualified for the financing requested.

(vii).   The signature of the Applicant or a duly authorized representative. In the event that the application is signed by an authorized representative, the application must be accompanied by a corporate resolution or other document evidencing the authority of that authorized representative to appear before the Holder and the Committee on behalf of the Applicant.

(viii).   Any other criteria or requirements to be satisfied by the Applicant as required by the Holder, the Committee or its Executive Director under its applicable rules and procedures.

## 2. **Criteria for Determining Whether a Direct Sale is Appropriate**

The Committee may authorize the Disposition of Real Estate by Direct Sale in any of the following cases:

- 11 -

ASSETS_2004_0000374

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

    a.   When the Holder of the Real Property is an Executive Branch Entity and is not a public corporation exempted from the provisions of these Regulations pursuant to Article 6 of these Regulations.

    b.   When the person interested in acquiring the Real Property is a person with a preferential right in accordance with the provisions of Article 30 of these Regulations.

    c.   When the interested person proposes to use the Real Property for a use that is conducive to economic development, either because of the capital improvements to be made to the Real Property and/or the jobs to be generated both in the construction or restoration phase of the Real Property and in the operation of the project for which the Real Property is to be used, as must be contained in the Proposal.

    d.   When the person interested in acquiring the Real Property submits an Offer that equals or exceeds the appraised price of the Real Property.

    e.   When the Real Estate has been offered on at least two (2) previous occasions through the Open Outcry Auction or Sealed Bid Auction process, and on both occasions a Void Auction has been declared.

### 3. Notification of Denial or Preliminary Approval of Direct Sale

The Holder shall notify the Committee of its preliminary determination, including the reasons justifying such determination within fifteen (15) working days after the filing of an application for Direct Sale of a Real Property, under this Article.

If the Holder does not favorably recommend the Direct Sale application, the Committee shall have discretion to pass judgment on it by endorsing or rejecting the Holder's recommendation.

### 4. Evaluation and Consultation

The Committee or its Executive Director shall be responsible for analyzing the request and verifying that it complies with all the requirements established in the Law and these Regulations. The Committee or its Executive Director shall evaluate the request for the Direct Sale of the Real Property in question using as a basis the fair market value to be determined through the corresponding evaluation and appraisal procedure commissioned by the Committee or its Executive Director, if necessary. In the evaluation, the Committee or its Executive Director shall determine whether the Provision requires the holding of an Auction for the purpose of protecting the principle of free competition framed in the Law, and whether the Direct Sale will generate the greatest possible resources to the treasury without having to hold an Auction. The reasons for the approval or denial of a Direct Sale without having to hold an Auction shall be set forth in the Resolution or Determination, as the case may be, for the purpose of protecting the principle of transparency reflected in Chapter 5 of the Law.

The final approval for the Disposition of a Real Estate Property by Direct Sale will also be conditional on all of the following:

ASSETS_2004_0000375

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

    a. The Real Property Review Board shall confirm that (i) the Public Structures Development and Rehabilitation Plan does not provide for future occupancy of the Real Property by any Governmental Entity or (ii) the Public Structures Development and Rehabilitation Plan provides for future occupancy of the Real Property by any Governmental Entity, but viable alternatives have been identified and the Disposition of the Real Property is in the public interest.

    b. The Holder shall certify to the Committee that the Property to be disposed of is not being used by the various divisions or offices of such Holder or that, if it is being used, viable alternatives have been identified, and the Disposal of the Property is in the public interest.

    c. The Holder shall ensure compliance with the requirements imposed by the Puerto Rico Planning Board as set forth in its Resolution JPE-2018-069, which exempts the Holder from the processing of a Land Transaction Consultation in accordance with the Joint Regulations, as well as any other successor regulation adopted by the Puerto Rico Planning Board.

### 5. <u>Notification of Final Approval or Denial of Direct Sales</u>

The Committee or its Executive Director shall notify the Holder and the Applicant of the Resolution (i.e. the final determination) including the reasons justifying said Resolution. This notification of approval or denial will be made via certified mail, with return receipt requested.

If the Direct Sale is not approved by the Committee or its Executive Director, the Holder shall return to the Applicant the deposit submitted as part of its application. In cases where the Committee has approved a Direct Sale, the deposit will be applied to the purchase price.

### ARTICLE 8.- PROCEDURE FOR SEALED BID AUCTIONS

### 1. <u>Sealed Bid Auction Requirement</u>

A Sealed Bid Auction process will be required for the Disposition of Real Property when, to the Holder's knowledge, two or more Persons are interested in purchasing the Real Property or, at the discretion of the Committee, or its Executive Director, a Sealed Bid Auction process is required to protect the best interests of the Government.

The Committee or its Executive Director may determine whether the Sealed Bid Auction process shall be conducted by invitation or by public notice.

### 2 <u>Auction Notice in Sealed Envelope</u>

When the Sealed Bid Auction is by public notice, it shall be posted on the AAFAF website at least thirty (30) calendar days prior to the date of the Sealed Bid Auction opening, and shall be available until the date of notice of the award of the Sealed Bid Auction.

ASSETS_2004_0000376

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

The public notice or invitation for a Sealed Bid Auction shall include all of the following information:

    a.   A description of the Property to be disposed of sufficient to identify the Property.

    b.   A description of the encumbrances affecting the Property, and the new restrictive conditions to be imposed as part of the Disposition of the Property.

    c. The dates and times on which interested Bidders may visit the Real Property to make inspections. These must be announced within ten (10) days after the publication of the Sealed Bid Auction.

    d.   The proposed transaction.

    e.   The conditions under which the Holder of the Real Property agrees to dispose of the Real Property (including any minimum rates).

    f.   The physical address to which the Bids must be delivered.

    g.   The deadline for the delivery of the Bids.

    h.   The place, time and date of the opening of the Sealed Bid Auction.

    i.   Any other selection criteria that the Committee will take into consideration at the time of evaluating the Bids.

### 3. <u>Real Estate Inspection</u>

It shall be the responsibility of the Bidders to visit and inspect the Real Property prior to the date indicated for the opening of the Sealed Bid Auction. The public notice or invitation will indicate the dates and times on which the Real Property may be inspected by interested Bidders. The Owner shall arrange for one or more officials to be on the Real Property premises and available to answer questions from Bidders on the dates and at the times indicated in the Sealed Auction notice. The Executive Director's designee shall maintain a record (henceforth, "the Record") of each Person who visits the Property on the date and time specified, and shall record the name, e-mail address and telephone number of each Person. In the case of Persons representing an entity, the following information shall be recorded: the name, e-mail address and telephone number of the entity's authorized representative who conducted the inspection.

### 4. <u>Requests for Additional Information</u>

Bidders may submit to the Committee or its Executive Director(s) additional written questions regarding a Property during the term set forth in the public notice or invitation to the Sealed Bid Auction. The Committee or its Executive Director, after consultation with the Owner, Governmental Entities and other relevant persons, will submit its

ASSETS_2004_0000377

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

answers via e-mail to all Persons who have visited the Real Property, as indicated in the Record.

### 5.   Modification and Corrections

The Committee or its Executive Director may make corrections and modifications related to the Sealed Bid Auction process at any time prior to the award of the Sealed Bid Auction. If there is an error in the Sealed Bid Auction public notice or invitation, the Committee or its Executive Director shall be responsible for correcting the error through the AAFAF website, or by notifying invitees.

When it is necessary to cancel or amend the public notice or invitation for a Sealed Bid Auction, the Committee or its Executive Director will notify by email the Persons who have submitted Bids. Any amendment to the public notice will be posted on the AAFAF website.

The Executive Director will maintain evidence of such notices in the Auction file in a sealed envelope. Any person who has submitted a Bid shall have the right to withdraw the Bid and submit an amended Bid on or before the deadline stated in the public notice or amended invitation.

### 6.   Delivery of Bids

The Bids shall be delivered to the Committee on or before the deadline for receiving proposals established in the public notice or invitation for the Sealed Bid Auction, in accordance with the instructions provided or established. The Executive Director will designate the person responsible for recording the date and time each Bid is received. In the absence of such designation, the Bids will be addressed to the Executive Director. The Executive Director or his delegate will be the custodian of the Bids until the opening of the Sealed Bid Auction. Unless other instructions are expressly provided in the public notice or invitation for the Sealed Bid Auction, the delivery of the Bids must comply with all of the following requirements:

a.   For purposes of these Rules, an Offer shall be deemed submitted to the Committee at the time and date marked as received by the Chief Executive Officer or his or her designee;

b.   Bidders shall deliver their Bids in sealed envelopes bearing the Bidder's name and address, and any identification that may be specified in the public notice or invitation to the Sealed Bid Auction and that is sufficient to identify the Property being disposed of. The Committee or its Executive Director will provide the Bidder with a receipt confirming submission of the envelope or package containing its Bid. The cover page of the Bid shall include a description of the Property sufficient to identify the Property, the name and address of the Bidder, and the name, e-mail address and telephone number of the person authorized to act on behalf of the Bidder. Unsealed

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

envelopes will not be accepted. Furthermore, that each Bidder shall submit one (1) electronic copy of the cover page in portable document format ("pdf") to the following e-mail address: CEDBI@aafaf.pr.gov. Please note that the cover page shall not contain the terms of the Bid and shall only contain the information expressly required in this subsection.

c. Any Bid submitted by mail or delivered personally by the Bidder or its authorized representative that is received after the time and day of the deadline for submission of Bids set forth in the public notice or invitation for the Sealed Bid Auction will be rejected and returned to the Bidder unopened.

d. Bids received on or before the deadline for the presentation of Bids established in the public notice or invitation for the Sealed Bid Auction, will be marked with the date and time in which they were presented, and will remain under the custody of the Executive Director(s) or his delegate, until the date of opening of the Sealed Bid Auction, as provided in this Article.

e. All submitted Bids shall become the property of the Committee.

f. The Committee will only consider complete Bids. The failure of a Bidder to submit, within the period established in the public notice or invitation to the Sealed Bid Auction, a Bid that complies with the requirements set forth therein, will result in that Bidder not receiving consideration from the Committee. A Bid will be considered complete only if it is accompanied by all of the following:

(i) A description of the Property sufficient to identify it.

(ii) The amount offered by the Bidder as the purchase price.

(iii) The proposed use of the Real Property.

(iv) An affidavit certifying that the Bidder, its directors, officers, agents, administrators, subsidiaries or parent companies have not been convicted of or pleaded guilty to the offenses arising under or referred to in Act No. 2 - 2018, as amended.

(v) A deposit equal to ten percent (10%) of the amount offered, up to a maximum of three hundred thousand dollars ($300,000). The deposit may be paid by cashier's check, certified check or money order.

(vi) In those cases where all or a portion of the purchase price is to be financed, the application must be accompanied by a letter issued by a financial institution confirming that the Bidder has been pre-qualified for the financing requested.

ASSETS_2004_0000379

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

(vii)    The signature of the Bidder - or of a duly authorized representative. If the application is signed by an authorized representative, the application must be accompanied by a corporate resolution or other document establishing that authorized representative's authority to appear before the Committee on behalf of the Bidder.

(viii)   Any other requirements as established by the Committee or its Executive Director(s) in the public notice of or invitation for the Sealed Bid Auction.

When a Bidder submits more than one Bid for a Sealed Bid Auction process, none of those bids will be considered valid. In addition, Bids may not be conditional. Any conditional Bid will result in disqualification of the Bidder.

In cases where a Bid is received by mail in an unidentified sealed envelope, it will be automatically disqualified.

### 7. Holding of Sealed Bid Auction

The holding of a Sealed Bid Auction will be the public act through which the Bids will be read aloud. The reading will be made according to the order in which the Bids were received by the Committee. Omitting the reading of one or more pieces of information included in the Bid shall not be sufficient cause to challenge the Sealed Bid Auction processes, or to invalidate those processes.

The holding of a Sealed Bid Auction shall be held at the place, time and date indicated in the public notice or invitation for a Sealed Bid Auction. By way of exception, the Executive Director shall have the discretion to postpone the opening of a Sealed Bid Auction. The Sealed Bid Auction may be conducted using electronic methods, provided that Bidders have the opportunity to see and hear the persons holding the Sealed Bid Auction, and have the opportunity to provide real-time feedback.

During the opening of a Sealed Bid Auction, the Executive Director, or the person delegated by him/her, shall verify that:

a.   All the Bids have been submitted on or before the date and time set forth in the public notice or invitation. Any Bid submitted late will be rejected, disqualified and returned to its issuer in a sealed envelope, as it had been received by the Committee, and will be accompanied by a letter signed by the Executive Director.

b.   The envelopes containing the Bids must be properly identified with the sender's address, the number and description of the Auction, as well as the date and time of the Auction.

c.   The Bids are complete, according to the requirements established in subsections 6(b) and 6(f) of this Article, and in the public notice or invitation for the Sealed Bid Auction.

ASSETS_2004_0000380

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

Any Bid that the Committee, the Executive Director or the person he/she delegates considers incomplete will be rejected, disqualified and returned to its issuer, accompanied by a letter signed by the Executive Director pointing out the deficiencies that caused its rejection.

Prior to the holding of the Sealed Bid Auction, any Bidder may submit to the Committee or to its Executive Director a statement on any matter that he/she believes might invalidate the Sealed Bid Auction process. The concern shall be recorded in the Minutes of the Sealed Auction, at such time that it is held.

The Committee will not allow, under any circumstances, the withdrawal of a Bid once the Sealed Bid Auction begins.

Bidders who so request may examine the Bids submitted by the other Bidders.

Once the Sealed Bid Auction has been held, the Bids will remain under the consideration of the Committee or the Executive Director(s), until the notification of the award or voiding of the Auction is sent to the Bidders. After the Auction begins, and prior to the notification of the award of the Sealed Bid Auction, any Bidder, authorized representative or any other interested party shall refrain from communicating, by any means, with the Committee, the Executive Director or any employee or officer of the Committee, the Executive Director or the Owner, for the purpose of requesting information related to the Sealed Bid Auction process. Any communication with the Committee, the Executive Director(s) or any employee or officer of the Committee or the Holder may be grounds for disqualification of the Bidder.

No officer or employee of the Holder, or relative thereof, may communicate with Bidders or persons outside the Committee, for the purpose of providing information related to the Sealed Bid Auction process, unless authorized in writing by the Committee.

The Committee or its Executive Director may reject any or all Bids if it has determined that, during the Sealed Bid Auction process, any provision of these Regulations was violated, or if it determines that undue pressure was exercised during the Sealed Bid Auction process. Likewise, the Committee or the Executive Director may reject any or all Bids when the Committee or its Executive Director receives a notice from the Real Property Review Board indicating that the Government will use the Real Property in accordance with the Public Structures Development and Rehabilitation Plan.

## 8. <u>Awarding of the Sealed Bid Auction</u>

The Committee with the support of the Executive Director(s) will award the Sealed Bid Auction after considering the Bids of each of the Bidders and how they meet the needs of the Owner and the intended use of the Real Property, as required. The award of the Sealed Bid Auction shall require the affirmative vote of a majority of the members of the Committee. When the Bids submitted by the Bidders are unacceptable, and when it is understood

- 18 -

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

that the interests of the Owner and/or the Government may be affected, the Committee or its Executive Director may cancel the Sealed Bid Auction, so that a new second Sealed Bid Auction may be held. If the Committee rejects this latter course of action, it may instead recommend and proceed with the disposal of the Real Property via Direct Sale.

In the interest of sound public administration, the Committee's decisions regarding the awarding of Sealed Bid Auctions shall be justified. Sealed Bid Auction procedures shall be conducted free of favoritism, influence, preference, or bias toward any Bidder.

When the Committee awards a Sealed Bid Auction to a Bidder whose Bid is not the most economically favorable to the Holder, the Committee shall document and justify in writing the basis for its determination. This determination must be substantiated for one of the following reasons:

    a.   The most economically favorable Bid does not comply with the specifications, terms and conditions of the Sealed Bid Auction.

    b.   The accepted Bid presents elements that, in the opinion of the Committee, will be in the best interests of the Government and the people of Puerto Rico.

### 9. **Identical Bids**

In the event that two or more Bidders submit Identical Bids, and such Bids receive favorable consideration, the Committee will award the Sealed Bid Auction taking into consideration all of the following:

    a.   The Bidder's business reputation, experience and financial condition.

    b.   The proposed use of the Property and the economic impact such use may have.

    c.   Any other criterion that ensures faithful compliance with the terms and conditions set forth in the Sealed Bid Auction notice.

The Committee or its Executive Director may meet separately with each Bidder that has submitted an Identical Bid during the Identical Bid evaluation process in the context of a Sealed Bid Auction. The purpose of such meetings would be to give Bidders the opportunity to defend their Bids. However, if the Committee or the Executive Director chooses to meet with Bidders, it shall give each Bidder that has submitted an Identical Bid the opportunity to do so. The Committee or the Executive Director(s) will notify Bidders by email of the date and time it will meet with each Bidder at least two (2) business days prior to the date of any such meeting.

When the Committee is unable to make distinctions to award the Sealed Bid Auction, it may request the Identical Bidders to revise and submit their best Bid. Otherwise, the Sealed Bid Auction process will be cancelled.

ASSETS_2004_0000382

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

### 10. <u>Notification of Award of Sealed Bid Auction</u>

Once the Committee awards the Sealed Bid Auction and it is verified that all the documents related to the award are in order, the result of the award shall be notified via certified mail with return receipt requested to the Holder and the Bidders. The Executive Director or his/her designee shall keep for the Sealed Bid Auction file the copies of the notice of award sent to the Bidders.

The deposit submitted by each unsuccessful Bidder with its Bid will be refunded within fifteen (15) business days after the award of a Sealed Bid Auction. The deposit submitted by the successful Bidder with its Bid will be applied to the purchase price or lease fees, except for the Committee's three percent (3%) administrative expense charge.

### ARTICLE 9.- PROCEDURE FOR OPEN OUTCRY AUCTIONS

#### 1. <u>Open Outcry Auction Requirement</u>

An Open Outcry Auction process may be conducted for the disposition of Real Estate when, at the discretion of the Executive Director(s), a Sealed Bid Auction process is not required and when no meritorious applications for acquisition by Direct Sale have been submitted.

#### 2. <u>An Open Outcry Auction Notice</u>

The Open Outcry Auction notice must be posted on the AAFAF or Committee website at least fifteen (15) calendar days prior to the date on which the Open outcry Auction is to be held, and must be available until the date of notification of award pf the Open Outcry Auction.

The Open Outcry Auction Notice shall include the following information:

a. A description of the Property to be disposed of sufficient to identify the Property.

b. The physical address of the Real Property.

c. A description of the encumbrances affecting the Real Property, and the new restrictive conditions to be imposed as part of the Disposition of the Real Property.

d. The dates and times on which interested Bidders may visit the Property for inspections.

e. The place, time and date of the Open Outcry Auction.

ASSETS_2004_0000383

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

    f.  The conditions under which the Holder of the Real Property agrees to dispose of the Real Property (including any minimum rates).

    g.  The requirement for the Bidder to provide an affidavit certifying that it, its directors, officers, agents, administrators, subsidiaries or parent companies have not been convicted of or pled guilty to the offenses arising under or referred to in Act No. 2 - 2015, as amended.

    h.  Any other data related to the Real Property that the Committee or its Executive Director might deem pertinent to disclose in the Auction notice.

**3.   Real Estate Inspection**

It shall be the Bidders' responsibility to visit and inspect the Real Property prior to the Open Outcry Auction. The Open Outcry Auction notice shall indicate the dates and times at which the Real Property may be inspected by interested Bidders. The Owner shall arrange for one or more officials to be on the premises of the Real Property and available to answer questions from Bidders on the dates and at the times indicated in the Open Outcry Auction notice. The Committee, the Executive Director or the delegated officer, shall keep a record with data and contact information of the natural or legal person who visits the Real Property, including the name, telephone number and e-mail address of each person, and the entity he/she represents.

**4.   Open Outcry Auction Award**

The Executive Director shall award the Open Outcry Auction to the Bidder offering the highest amount as purchase price or lease fee, as the case may be. The award of the Open Outcry Auction shall be final only after the successful Bidder delivers a deposit equivalent to ten percent (10%) of the amount offered, up to a maximum of three hundred thousand dollars ($300,000). The deposit may be paid by cashier's check, certified check or money order. If the successful Bidder fails to submit the deposit on the day of the Open Outcry Auction, the Auction will be awarded to the Bidder who has offered the second highest amount, provided he/she provides the corresponding deposit. The deposit will be applied to the purchase price in the case of a sale. In the case of a lease, the deposit will be applied to the *security deposit,* which will be equivalent to two installments of the monthly fee, returning the balance of the deposit to the successful Bidder after such retention.

**5.   Open Outcry Auction Minutes**

After the Open Outcry Auction has been held, the Executive Director shall prepare a Record for each Real Property auctioned, which shall include all of the following information:

    a.  The name of the successful Bidder for each auctioned Property.

    b.  The registry description of the auctioned Real Estate.

    c.  The land registry number of the auctioned property.

ASSETS_2004_0000384

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

    d.   The price at which the auctioned Real Estate was awarded.

    e.   The amount of the deposit provided by the successful Bidder.

    f.   The conditions under which the Holder of the Real Property agrees to dispose of the Real Property.

## ARTICLE 10.- CANCELLATION OF AUCTIONS

### Cancellation of Auctions

The Committee may cancel an Auction, either a Sealed Bid Auction or an Open Outcry Auction, when:

    a.   The Committee concludes that there was a defect during any of the stages of the procedure.

    b.   The Committee concludes that there was collusion between two or more Bidders.

    c.   The Committee receives a notice from the Real Property Review Board indicating that the Government will use the Real Property in accordance with the Public Structures Development and Rehabilitation Plan.

    d.   The purchase price or lease fee offered by the Bidders is at least fifteen percent (15%) less than the appraised value of the Property or the projected lease fee;

    e.   There is evidence that the successful Bidder has not been responsible for the performance of its previous contractual relationships with the Government.

    f.   The successful Bidder has been convicted of fraud.

    g.   There is evidence that the successful Bidder has been convicted of felonies or misdemeanors involving moral turpitude.

    h.   The successful Bidder provides false information or refuses to provide information requested by the Committee, its Executive Director or any authorized representative of the Committee or its Executive Director.

    i.   The successful Bidder in any way prevents the Committee, its Executive Director(s), or its authorized representative from conducting any relevant and indispensable investigation for the purpose of completing the Open Outcry Auction process.

The Committee or its Executive Director may decide to cancel an Open Outcry Auction at any time prior to authorization of the Final Agreement for any of the causes enumerated in this Article without penalty or liability to the

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

Committee, its Executive Director or authorized representative, the Holder, or the Government.

When the Committee cancels an Auction because it is against the best interests of the Holder or the Government, the Committee or its Executive Director shall hold a second Auction. If for the second time the Bids submitted are not acceptable, the Real Property may be sold through the Direct Sale process, pursuant to Article 7 of these Regulations.

When the Executive Director declares a Void Auction, he/she shall have the authority to recommend the holding of a second Auction. If the second Auction is again declared a Void Auction, the Committee may authorize that it be processed through a Direct Sale in accordance with Article 7 of these Regulations.

The Committee shall reimburse the Bidder that has submitted the deposit as part of its Bid fifteen (15) working days after a determination by the Committee or its Executive Director to cancel an Auction, when said cancellation is based on any of the causes described in subsections (a) and (b) of this Article, when the Committee concludes that: 1.) there was a defect during any of the stages of the procedure and the successful Bidder did not participate in the activities that resulted in the defect, or: 2.) when the Committee concludes that there was collusion between two or more Bidders, and the successful Bidder did not participate in such collusion. The deposit of the successful Bidder shall be forfeited when the cancellation of the Auction is based on any of the causes described in subsections (e), (f), (g), (h) and (i) of this Article, when the Committee or the Executive Director concludes that there was a defect during any of the stages of the procedure and the successful Bidder had participated in the activities that resulted in the defect, or when the Committee or the Executive Director concludes that there was collusion between two or more Bidders, and the successful Bidder had participated in such collusion.

## 2. **Penalties**

The Committee shall forfeit the deposit submitted by any successful Bidder or Applicant who refuses to purchase a Real Property awarded in its favor (whether in an Open Outcry Auction, a Sealed Bid Auction or a Direct Sale), who does not comply with the requirements of these Rules, or who is not in a position to authorize the Final Agreement within sixty (60) days after the notification of the award of the Auction or the final approval of the Direct Sale. Upon the refusal of a successful Bidder to purchase the awarded Real Property, the Committee may cancel the Auction and dispose of the Real Property in accordance with the provisions of these Rules and Regulations.

## ARTICLE 11.- USE OF COMPETITIVE AUCTION MECHANISMS FOR APPLICATIONS FOR LEASES, USUFRUCTS AND TRANSFERS OF POSSESSION.

Ordinarily, the leases of disused property -which do not include Disused School Facilities- are the responsibility of the entities owning such property, without the intervention of the Committee. However, the Committee may, at its discretion, provide by Resolution that the competitive Auction mechanisms set forth in Articles 8 and 9 of these Regulations

ASSETS_2004_0000386

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

shall be applicable for the consideration of requests for leases, usufructs, as well as any other type of transfer of possession, as permitted by Law. It is noted that, in case a deposit is required for leases, the ten percent (10%) required shall be determined on the basis of the sum of the lease payments corresponding to one (1) calendar year, up to a maximum of three hundred thousand dollars ($300,000.00).

## PART IV. DISPOSAL OF DISUSED SCHOOL BUILDINGS

Disused School Buildings should be dedicated to activities for the common good, whether non-profit, commercial, and/or uses that promote the activation of the real estate market and/or the economy in general.

The provisions described below pertain exclusively to the Disposal of Disused School Facilities.

### ARTICLE 12.- ELIGIBILITY CRITERIA FOR THE ACQUISITION BY DIRECT SALE OF A DISUSED SCHOOL BUILDINGS.

A. A natural person or legal entity shall be eligible to acquire a Disused School Facility through a Direct Sale if they:

1. Show evidence of sufficient financial capacity to satisfy the conditions of the transaction, through the presentation of financial statements, bank statements, income tax returns, among others, and evidence of availability of funds. In the case of the sale and purchase being financed, a letter of commitment from the financial institution that will provide financing must be submitted.

2. If it is a legal entity, it must be duly incorporated or constituted and authorized to do business in Puerto Rico, complying with all the laws and provisions applicable to the type of entity in question. In addition, it must provide a certified copy of the Resolution of its Board of Directors or governing body, as applicable, authorizing its participation in the sale and purchase process, and also must provide the name of its authorized representative in the sale and purchase process.

3. If, at the time of application, it is a natural person or legal entity, and such person or entity subsequently notifies the Committee of a request to be replaced in the negotiations and proceedings by a corporation, partnership or other juridical person, the Committee or its Executive Director may authorize the substitution, provided that it determines that it is not detrimental to the public interest, nor unduly burdensome or dilatory of the transfer proceedings, and also provided that the scheme under which the applicant is interested in continuing the negotiations has been incorporated or constituted for all legal purposes. The Committee or its Executive Director may require specific information to evaluate the replacement, and to establish the appropriate conditions for

ASSETS_2004_0000387

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

authorizing said substitution.

4. Satisfactorily attest to having obtained a waiver in those cases in which the Office of Government Ethics Act requires it for government contracting.

5. Provide an affidavit in compliance with Art. 3.3 of Law No. 2- 2018, as required of any Person wishing to contract with Government Entities, either for the performance of services or the sale or delivery of goods. The affidavit must provide information as to whether the Person or any president, vice president, director, executive director, or member of a board of officers or board of directors, or persons performing equivalent functions for the legal entity, has been convicted of or has pled guilty to any of the offenses listed in Section 6.8 of Act 8-2017, as amended, known as the "Puerto Rico Government Human Resources Administration and Transformation Act," or to any of the offenses contained in Act No. 2-2018.

B.  The Executive Director may establish any process he/she deems necessary in order to, from time to time, publicize and solicit proposals regarding existing Disused School Facilities. In addition, he/she may require any additional information, documents or certification, as may be necessary to establish the legitimacy of the Person, or to comply with the laws and regulations applicable to the disposition of Government property,

C.  The following Persons shall not be eligible to acquire by Direct Sale of a Disused School Facility:

1. Officers or employees of the Committee or immediate family members or agents thereof, or those who file the application at the direction of and for the benefit such officers or employees, except in those instances in which said officers or employees comply with Article 12(A)(4) of these Regulations prior to entering into any transaction.

2. Persons barred by any prohibition of the current Office of Government Ethics Act, or any other law, including laws establishing requirements for the government contracting.

3. Persons who do not provide satisfactory evidence of their financial capacity to carry out the transaction, in accordance with Article 12(A)(1) of these Regulations.

4. Persons who fail to supply information, or who submit false information to the Committee, its Executive Director or any authorized representative of the Committee.

ASSETS_2004_0000388

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

### ARTICLE 13.- DIRECT SALE OF DISUSED SCHOOL BUILDINGS.

a.    The Committee may authorize the Disposition of a Disused School Facility, as well as the terms and conditions to which the Disposition shall be subject.

b.    The process for the Direct Sale of Disused School Facilities will begin by submitting a Purchase Request and a Proposal, which will be sent to CEDBI@aafaf.pr.gov. Purchase Requests and Proposals that have not been sent to this email address will not be accepted.

c.    Any Direct Sale transaction of a Disused School Facility must be approved by the Executive Director or by the Committee, as the case may be.

d.    The Holder or the Committee shall dispose of the Disused School Facilities by signing the Final Agreement. The Committee or the Executive Director shall evaluate the request for the Direct Sale of the Disused School Premises, using as a basis the fair market value, which will be determined through the corresponding evaluation and appraisal procedure commissioned by the Applicant, or by the Committee or its Executive Director, if necessary, ensuring the use of the property for the public interest. Therefore, a price equal to fair market value, as determined by a formal appraisal commissioned by the Committee or the Executive Director, or by the Applicant, (in the latter case, as endorsed by a review appraiser appointed by the Committee or the Executive Director) shall not be required as a condition prior to the approval of a Direct Sale. The Committee or its Executive Director(s) shall approve or deny the Direct Sale upon balancing these two (2) interests outlined by the Act, as governed by the following criteria: Less benefit to the public interest, and highest degree of approximation of the price to fair market value.

In the evaluation, the Committee or its Executive Director shall determine whether the Provision requires the holding of an Auction in order to protect the principle of free competition reflected in the Law, and whether the Direct Sale will result in raising the greatest possible resources for the treasury without having to hold an Auction. The reasons for the approval or denial of a Direct Sale without having to hold an Auction shall be set forth in the Resolution or Determination, as the case may be, in order to protect the principle of transparency reflected in Chapter 5 of the Law. In the exercise of striking a balance between the two (2) interests set forth herein and set forth in the Act, the Committee or the Executive Director shall take into account the effect that the Provision will have on the promotion of the economic development of Puerto Rico, thus seeking the social welfare of the people of Puerto Rico. Specifically, the Committee or the Executive Director shall take into account the level of investment to be made in capital improvements to be made by the Applicant and the number of jobs to be generated by the Provision in the construction or reconstruction phase of the Disused School Facility, and the number of permanent jobs to be generated by the operation to be carried out at the Disused School Facility. Therefore, a "Below Appraisal" Disposition will be justified if it is in the public welfare and interest and if the Direct Sale will have the effect of reactivating the real estate market in Puerto Rico. In all transactions with private individuals, the Committee shall charge administrative expenses based on three percent (3%) of the price

- 26 -

ASSETS_2004_0000389

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

established for the Disposition.

e.    The Disposition of a Disused School Facility may be made by Direct Sale in the following cases:

i. To persons who have legally occupied the Disused School Facility for at least one (1) year, and who comply with the terms and conditions for such occupancy.

ii. The sale of the properties adjoining the Proponent would make a project feasible for the benefit of the transferred property and the adjoining property.

iii.    Facilities that will be used for the benefit of the common good, whether they are non-profit, commercial, or residential uses that promote the activation of the real estate market and the economy in general.

iv.    Campuses that have only one eligible Proposer, pursuant to Article 12(A) of these Regulations, to carry out the purchase of the same.

f.    In those cases in which there are two or more persons or entities interested in the purchase of the same Disused School Facility, the candidate that meets the following criteria will be chosen:

i.    Sufficient financial capacity to acquire the Disused School Facility.

ii.    Presentation of an economic development proposal that is consistent with the best and most profitable use of the property.

iii.  Demonstrated experience to be able to execute the proposal submitted.

g.    In the event that more than one entity or person requests the purchase of the same Disused School Facility, and if all the proposals meet all the criteria indicated in the previous section, the Disposition of the Disused School Facility shall be recommended through an Auction process to be held by the Holder or the Committee, in accordance with the provisions of these Regulations, or any successor thereto.

## ARTICLE 14.- EVALUATION OF PURCHASE APPLICATIONS FOR THE DIRECT SALE OF DISUSED SCHOOL BUILDINGS

A. Any natural person or legal entity or Governmental Entity interested in acquiring a Disused School Facility shall submit a Purchase Application, as well as a Proposal detailing the proposed use of the Facility. The Committee will provide a Purchase Request Form, which will require the information to process the request. This application must be completed in all its parts. If an incomplete application is submitted, it will be returned to the Applicant. The Executive Director of the Committee may request from the Applicant, and it shall be the duty of the Applicant to provide, such additional documents and information as,

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

in the judgment of the Committee or its Executive Director, may be necessary for the evaluation of the application, or to carry out the proposed transaction. In the event that an Applicant is an employee of a Governmental Entity, he/she shall submit with his/her application the waiver required by the Office of Governmental Ethics Act.

B. The Executive Director shall evaluate, recommend and submit for approval of the Committee any Purchase Request and shall perform such other actions as may be entrusted to him/her by the Committee.

C. Notwithstanding the foregoing, if a Request for Purchase and Proposal does not comply with the legal and regulatory requirements, the Executive Director shall so notify the person who submitted the Request for Purchase and Proposal within a term not to exceed fifteen (15) days.

D. Upon receipt of a duly completed Purchase Requisition, the Executive Director shall proceed as follows:

1. Evaluate whether the Request requires an Auction process, or whether it should be disposed of through direct sale.

2. Determine whether the Applicant has sufficient financial capacity to carry out the purchase and sale transaction, and evaluate their experience vis-à-vis their ability to execute their Proposal.

3. Determine whether there are circumstances that suggest that the request should not be granted, such as

   a. Public policies approved by the Committee or the Government.

   b. Agreements entered into or contractual obligations contracted with third parties affecting the Disused School Premises.

   c. Natural restrictions, or restrictions imposed by regulatory agencies that prevent or limit its use.

   d. Internal determinations or plans of the Government for the Disused School Campus.

   e. Any other reason that establishes the undesirability of the sale of the Disused School Facility.

4. In the event that an Application does not comply with the legal and regulatory requirements to be considered, the Executive Director shall notify the person who submitted the Request and Proposal of such fact within fifteen (15) days.

5. The Executive Director will prepare a record of his or her recommendations, which will include, if applicable, the terms for the sale and forward it to the Committee for approval, if such power of approval has not been delegated by the Committee to the Executive Director. If the latter is the case, the Executive Director

ASSETS_2004_0000391

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

shall have the power to approve or deny the Proposal.

## ARTICLE 15.- APPROVAL OF PROPOSALS FOR THE DIRECT SALE OF A DISUSED SCHOOL BUILDINGS

The Executive Director may authorize the Direct Sale of a Disused School Facility, in cases where there is only one Request for Purchase and Proposal for a Particular Disused School **Facility, provided** that Article 12(A) of these Regulations is complied with. Once the Executive Director issues his/her final Determination, notification thereof will be made to the applicant and the Holder for the corresponding procedure.

## ARTICLE 16.- LEASING OF DISUSED SCHOOL BUILDINGS

A. Any proposal to lease a Disused School Facility must be for activities for the common good, whether for non-profit, commercial, and/or uses that promote the activation of the real estate market and/or the economy in general, including, but not limited to, the following: community development activities; homeless shelters; shelters for abandoned animals; security and rescue centers; training and survival centers; physical training or sports centers; fine arts centers; emotional training and personal development centers; treatment centers for drug addicts; centers for educational therapy workshops or tutoring for children, youth and adults; centers for victims of abuse or domestic violence; incubators for community microenterprises or cooperatives; among others.

B. All Lease Proposals shall be sent to the e-mail address CEDBI@aafaf.pr.gov. Lease Applications or Proposals that are not sent to this e-mail address will not be accepted.

## ARTICLE 17. - REQUIREMENTS

A. All Lease Proposals shall contain all of the following information, as applicable:

   a) Name with two surnames, company name or corporate name.

   b) Any other name or pseudonym by which he/she is known.

   c) Consent of Members or Corporate Resolution.

   d) Corporate documents (Articles of Incorporation and Bylaws) or other documents establishing the corporate name.

   e) Breakdown of shareholders, partners or members of the entity.

   f) Marital status.

- 29 -

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

g)  If married, name with two surnames of spouse.

h)  Residential/physical address.

i)  Mailing address.

j)  Personal or employer's social security number.

k)  Driver's license number.

l)  Three references (in case of non-profit entities, one of them must be from ODSEC, as detailed in item "n").

m) Specific description of the proposed use of the disused school building.

n) Specific description of the source of funds for the proposed use of the disused school facility. Must submit copies of financial statements, tax returns, or otherwise provide evidence to the Committee or its Executive Director, of a reasonable economic capacity to comply with its obligations, including, but not limited to, maintenance costs, property taxes (CRIM) and applicable insurance. If it is a non-profit entity, it must provide evidence of sufficient cash flow to support the operation, and must provide certification from the Office of Socioeconomic and Community Development (ODSEC) attesting to its bona fide status and ODSEC's opinion on its viability vis-à-vis meeting its obligations.

## ARTICLE 18.- LEASE CONDITIONS AND GUARANTEES

All Lease Agreements shall include those conditions of use of the Disused School Premises that the Landlord has negotiated with the Tenant, including the Bond; the insurance policies that must be in force in accordance with the use (in which the Government of Puerto Rico must be included as an additional insured); maintenance; etc. In addition, the Committee may require the inclusion of certain terms and conditions in order to safeguard the best interests of the Government.

All Lease Agreements shall entail the posting of a Bond. It is noted that Governmental Entities and Municipal Entities shall be exempted from the requirement to provide a Bond.

## ARTICLE 19- EVALUATION OF LEASE PROPOSALS

The Committee shall receive the Lease Proposals and shall verify that they contain the information required in the Checklist adopted by Resolution. If the documents or certifications required in the Check Sheet are not complied with, the Lease Proposal will not be received. Any Lease Proposal that has been accepted due to non-compliance with any requirement or certification not having been noticed shall be discarded, after the Tenderer has been notified. In addition, the Committee or

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

its Executive Director shall ensure that a first-come, first-served order register of Lease Proposals is strictly observed for such processing. Once a duly completed Lease Proposal has been received, it shall be processed in accordance with the following criteria:

a) Determination if there are other circumstances that make it advisable not to proceed with the Lease Proposal, such as:

    a. Public policy.

    b. Agreements or obligations with third parties that affect the proposed use of the Disused School Facility.

    c. Natural or imposed restrictions that prevent or limit the proposed use of the Disused School Facility.

    d. Landlord's determinations establishing the desirability of not using the Disused School Facility for the proposed purposes.

    e. Any other reason of the Committee that establishes the undesirability of the Lease of the Disused School Facility for the proposed purposes.

b) May evaluate the Lease Proposal in accordance with the following requirements:

    a. That the proposed purposes are consistent with Article 15 of these Regulations.

    b. That the Tenant has the demonstrated ability to fully comply with the Lease.

    c. Tenant's financial capacity and/or compliance history (reference).

d) Any other requirement or condition established by the Committee in the discharge of its duties.

## ARTICLE 20- FEE AND LEASE TERM

The Fee shall be calculated and imposed by the Committee in accordance with the following criteria:

i. In the case of duly accredited non-profit entities and/or Governmental Entities and Municipal Entities, shall be for a minimum term of one (1) year and may be subject to a minimum monthly fee of one dollar ($1.00), at the discretion of the Committee;

    a. The Executive Director shall notify the Landlord and the Proposer of the authorization of the Lease Agreement.

ASSETS_2004_0000394

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

In addition, he/she shall order the Landlord to execute the corresponding Lease Agreement.

b. No later than thirty (30) days following the registration of the Lease Agreement with the Comptroller's Office, the Landlord shall send a digital copy of the Lease Agreement signed by both parties to the following e-mail address: CEDBI@aafaf.pr.gov.

c. The Committee may, at its discretion, determine the applicable rental rate by reference to any subsequently adopted zoning study or rent guide, as well as by reference to the parameters applicable to for-profit entities for fair market value. Furthermore, in setting the applicable rental fee, the Committee should consider whether the property, or the income it generates, serves as security for any previously incurred obligations.

ii. In the case of Leases with for-profit entities, the lease fee shall be determined on the basis of the following:

   a. Within the parameters of one to eight percent (1-8%) of the fair market value of the Disused School Facility, as determined through the corresponding appraisal process, as described in these Regulations, or through a zoning rent study to be adopted at a later date.

   b. Lease Agreements for a term longer than three (3) years shall be permissible provided that the investment or improvement to be made in the Disused School Premises exceeds Fifty Thousand Dollars ($50,000), for which evidence must be provided through certification and/or detailed breakdown of the improvements or investment made or to be made, to the satisfaction of the Committee or its Executive Director. It is stipulated that failure to make the anticipated investments or improvements shall constitute just cause for termination of the lease by the Holder.

iii. Renewals of Lease Agreements in force with non-profit entities, Governmental Entities and Municipal Entities:

At the discretion of the Committee, the minimum monthly fee of one dollar ($1.00) and the minimum term of one (1) year, - or, alternatively, other applicable fees and terms - may be maintained. The renewal shall only proceed if the Tenant notifies the Landlord of its interest in continuing to operate in the Disused Premises at least sixty (60) days prior to the expiration of the Lease. In its application for renewal or amendment to the Lease, it shall include a report of accomplishments with illustrations, depending on the use or project employed, including

ASSETS_2004_0000395

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

information on the improvements or investment made in the Disused School Premises. A copy of the request for a new Lease or amendment shall be sent to the Committee at CEDBI@aafaf.pr.gov.

iv.   Renewals of Lease Agreements in force with for-profit entities:

Should the Tenant be interested in continuing with the Lease Agreement, it shall be responsible for notifying the Landlord by means of a written request sixty (60) days prior to the expiration date of the Lease Agreement, a copy of which shall be sent to the Executive Director of the Committee to the e-mail address CEDBI@aafaf.pr.gov.

1.   Prior to authorizing the renewal of the Lease, the Landlord and/or a representative of the Committee shall inspect the Disused School Facility to determine the proper utilization of the Disused School Facility in accordance with the terms and conditions of the Lease.

a.   The Lease fee shall be revised and determined based on the following:

- Within the parameters of one to eight percent (1-8%) of the fair market value of the Disused School Facility, to be determined through the appropriate appraisal process, as described in these Regulations, or through a zoning rent study.

b.   The Executive Director shall notify the Landlord and the Tenant of the authorization of the Renewal of the Lease, including the applicable revised fee. In addition, he/she shall direct the Landlord to make the corresponding amendment to the Lease or new Lease, in accordance with its internal procedures. The Landlord shall send a copy of the amendment or new Lease executed by both parties to the e-mail address CEDBI@aafaf.pr.gov no later than thirty (30) days following the registration of the Lease or its amendment with the Comptroller's Office.

v.   Proposals for Leases or Renewals of existing Leases shall be evaluated by the Committee. The Executive Director may notify any determination of the Committee. Any change or variation of the aims and purposes agreed upon in the contract may entail the review and imposition of a new fee by the Committee.

- 33 -

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

vi.  The Committee may adopt any rule of general application establishing, regulating or limiting the term of a lease granted under these Regulations.

## ARTICLE 21- NOTIFICATION OF THE COMMITTEE

Once the Committee makes its determination, the Landlord and the Applicant will be notified. The Landlord shall proceed with the preparation and signing of the Lease Agreement, in accordance with the rules and procedures applicable to the Landlord.

Approved Leases will be referred to the Property Manager and/or the Landlords Legal Division for drafting of the Lease Agreement. Upon execution of the Lease Agreement by both parties, the Landlord shall forward a digital copy, including evidence of payment of the Bond, to the email address CEDBI@aafaf.pr.gov. The Landlord shall be responsible for the Tenant's entry into possession of the Disused School Premises, pursuant to the terms and conditions of the Lease Agreement.

## ARTICLE 22- SUPERVISION

If the officer of the Landlord or the Committee determine that the Disused School Premises is not being used by the Tenant for the purposes agreed upon, or that said premises has not been properly maintained, he shall immediately refer the matter to the Landlords Legal Division, which in turn shall proceed to notify the Tenant of the noncompliance, and provide the Tenant with a term of ten (10) working days to remedy the defect or noncompliance. If the Tenant fails to cure the defect or default, Landlord shall proceed to order the termination of the Lease.

The Landlord shall keep a record of the leased Disused School Premises so as to be able to provide one hundred and twenty (120) days advance notice of the expiration of each Lease. Using said calendar, all those Tenants whose Lease is about to expire shall be notified, as a reminder that they must request in writing their interest in leasing the Disused School Facility for an additional term. Tenants shall be advised in such notice that if they wish to lease the Disused School Premises again, they must arrange, renew and submit a new bond, and that the Committee reserves the right and power to modify any terms and conditions of the Lease. In addition, Tenants will be advised in the notice that, if no written request is received prior to expiration, the Landlord will be free to offer or assign the Lease of such Disused School Premises to other interested persons.

No later than ten (10) business days after the Lease has terminated without renewal, an officer of Landlord shall visit the Vacant School Facility and request its voluntary surrender.    If    the Tenant refuses, the officer shall notify the legal division of the Landlord to initiate eviction proceedings. Provided, however, that the provisions of this paragraph shall not affect the possession of those tenants who can prove that they have carried out the corresponding procedures to promote the

ASSETS_2004_0000397

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

renewal of the lease and that the renewal was not agreed upon due to causes attributable to the landlord. In such cases, the procedure corresponding to a lease renewal will be followed, even if the granting of a new lease agreement is required.

### ARTICLE 23. - RENEWAL OR AMENDMENT OF CONTRACT

All contract renewals or amendments shall be made in writing and before a notary public, as required, with the prior approval of the Committee. In all cases of contract renewal, the renewal of the corresponding bond and insurance, as applicable, shall be required.

### ARTICLE 24. - INVOICING, CONTRACT COLLECTION AND EVICTION

The Landlords Finance Division shall maintain a file for each lease, with a copy of the Lease Proposal, evaluation and determination of the Committee, as applicable, contract, bond and any other pertinent document. The Landlords Finance Division shall be responsible for the monthly billing and collection of the fee, in accordance with the provisions of the Lease Agreement.

### PART V REQUIREMENTS APPLICABLE TO ANY PROVISION

### ARTICLE 25.- FINAL AGREEMENT

After the awarding of an Auction or approval of a Direct Sale of a Disused Real Property or School Facility, and after the expiration of the reconsideration terms provided in these Regulations, as applicable, the Holder and the purchasing party shall sign the Final Agreement within forty-five (45) days after the notification of the awarding of the Auction or the final approval of the Direct Sale or other Disposition of the Disused Real Property or School Facility, pursuant to the corresponding Disposition process provided in these Regulations. Such Final Agreement shall be prepared in accordance with all applicable laws, and shall be subject to all terms and conditions set forth by the Committee or its Executive Director.

The Real Property and Disused School Premises shall be transferred or placed in the possession of the successful Applicant, as the case may be, free of liens and encumbrances, except for those liens and encumbrances of a non-monetary nature that arise or may arise from an inspection of the Real Property or the Disused School Premises or from the Property Registry, or that have been disclosed through the Auction notices, or those that the Committee or its Executive Director and the successful Applicant have agreed should continue to affect the Disused Real Property or School Premises. All Disused Real Property and School Premises shall be offered in all instances *"as is, where is, with all faults"* and without warranty as to environmental condition. Therefore, no claims will be accepted after the Auctions have been awarded or the Direct Sales have been approved. As part of the Final Agreement, the acquiring party will waive the warranty for hidden defects.

If necessary, the Executive Director may designate the attorney-notary who will draft the Final Agreement, and summon the successful Applicant to sign it. After the Final Agreement is executed by the authorized representative of the Holder, the Holders Legal Division

ASSETS_2004_0000398

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

will provide a simple copy of the executed Final Agreement to the Holders Financial Division of the Comptroller's Office, and will send a digital copy to the following e-mail address: CEDBI@aafaf.pr.gov. In addition, the appointed attorney-notary will be responsible for delivering to the successful Applicant the following items: 1) certified copy of the Deed on which the transaction will be recorded if it is registered in the corresponding Property Registry, and 2) the Request for Change of Ownership to the Municipal Revenue Collection Center (CRIM), in the event that the Disposition entails transfer of ownership. The appointed attorney-notary shall also seek compliance with what is ordered by the Puerto Rico Planning Board in its Resolution SPE-2018-069 of July 17, 2018, as well as any other successor rule adopted by the Puerto Rico Planning Board.

The successful Applicant, or its representative, must submit a certified copy of the Deed for registration to the proper section of the Land Registry. The successful Applicant, or its representative, must provide the Executive Director of the Committee and the Legal Division of the Holder evidence of filing with the Registry and a copy of the Change of Ownership Application with CRIM in case the Disposition involves the transfer of ownership. The notary who authorizes the public instrument or Deed shall provide the Executive Director with evidence of compliance with the filing of the Real Estate Transfer Information Form with the Treasury Department.

The Executive Director may request from the Owner of the Real Property or Disused School Facility subject to the transaction or from the successful applicant, any other document, process or certification, as may be necessary to maintain a complete record of the transaction.

The deposit submitted by the successful Applicant and the balance of the purchase price in the case of a sale, shall be delivered to the Holder who, under the Final Agreement, shall issue the payment letter to the successful Applicant. It should be noted that the Committee will retain from the Holder the charge of three percent (3%) of the value of the transaction in order to cover administrative expenses of the Committee incurred in the process of Disposition. In the case of a lease, the Committee, after the aforementioned three percent (3%) withholding, shall transfer the deposit to the Holder-landlord who, after the *security deposit,* shall reimburse its balance to the successful Applicant and, therefore, Tenant under the Final Agreement.

## ARTICLE 26.- CERTIFICATIONS

The Committee will not approve the authorization of the Final Agreement until the following requirements are met:

1. The approved Applicant submits to the Committee an updated affidavit in accordance with the provisions of Act No. 2-2018, as amended.

2. The Holder certifies to the Committee that, as of the date of closing of the Disposition of the Real Property, the Real Property being disposed of is not used by the various divisions or offices of said Holder.

ASSETS_2004_0000399

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

3. The Review Board certifies that, as of the date of closing of the Disposition of the Property, no Governmental Entity proposes to occupy the Property as part of the Public Facilities Development and Rehabilitation Plan, and

4. The Holder certifies that it has complied with the requirements imposed by the Planning Board in its Resolution JPE-2018-069 dated July 17, 2018, and with any other successor rule adopted by the Puerto Rico Planning Board.

It is noted that, with the exception of the affidavit described in item 1, the certifications mentioned in items two (2) and (3) shall not be applicable in the process of Disposition of Disused School Buildings.

## ARTICLE 27.- EXPENSES

The expenses incidental to the preparation, execution and registration of the deed, as well as the notary fees of the notary appointed by the Executive Director of the Committee, calculated at the rate of one-half of one percent (1/2%), being the minimum imposed by the Puerto Rico Notary Act of 1987, as amended, shall be borne by the successful Applicant.

Any other expenses related to the Disposition of a Disused Property or School Facility shall be determined by agreement between the parties.

## ARTICLE 28.- DISQUALIFICATION OF THE EXECUTIVE DIRECTOR

In those cases in which the Executive Director authorizes the Direct Sale of a Real Property or a Disused School Facility, he or she may not act as an authorized agent to carry out a transaction related to the transfer of title to the real property. In such cases, the entity holding title will be required to conduct the transaction.

## ARTICLE 29.- JUDICIAL REVIEW AND RECONSIDERATION

A party adversely affected by the Disposition of a Disused Real Property or School Facility pursuant to the provisions of the Act or these Regulations may file a request for reconsideration with the Committee within a term of twenty (20) days from the award of the Auction, and the final Disposition of a proposal on Direct Sale. The Committee shall consider the request for reconsideration within thirty (30) days of its submission. The Committee may extend this period once, for an additional fifteen (15) calendar days. If the Committee does not express its opinion regarding the request for reconsideration within the corresponding term, it shall be understood that the request for reconsideration has been rejected outright. The adversely affected party may file an appeal for review in the Court of Appeals within a term of twenty (20) days, counting from (i) the Committee's determination regarding the request for reconsideration, if the adversely affected party remains dissatisfied with the Committee's determination or (ii) the date of the Committee's flat rejection of the request for reconsideration.

ASSETS_2004_0000400

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

**ARTICLE 30.- MISCELLANEOUS**

**1. <u>Calculation of Periods</u>.** Where this Regulation requires action to be taken: (i) within a given period of time after an action is taken, the day on which the action is taken shall not be taken into account in the calculation of that period; (ii) within a given period, that period must include at least two (2) working days; and (iii) within a given period, when the last day of that period is not a working day, the period shall be extended to include the next working day.

**2. <u>Preferential acquisition right to acquire real estate and school buildings in disuse by direct sale</u>.**

In the first place, natural persons or their heirs, as well as legal entities, from whom the Real Property has been expropriated or from whom the Real Property has been acquired by any other means, will have a preferential right to acquire Real Property of the Executive Branch Entities by means of a Direct Sale.

Secondly, persons who have been legally occupying the Disused Real Property or School Facility for at least one (1) year, and who are in compliance with the terms and conditions for such occupancy.

Third, the owners of the adjoining properties.

When the Real Property is one whose size or shape does not conform to the requirements of the Planning Board or successor entity, or when such property does not have access to a public road, the owners of the adjoining properties shall have the right of first refusal.

If several owners of adjoining properties or members of an estate or community of property are interested in acquiring the Real Property or the Disused School Building, the adjoining owner or member of the estate or community of property that has first submitted its application shall have priority. In the event that simultaneous applications have been filed by several neighbors or members of an estate or community property, the application shall be adjudicated in accordance with the regulations of the Planning Board or the Governmental Entity with jurisdiction in this matter, and under equal conditions, by drawing lots before a notary public.

In order for interested parties to be able to exercise the preferential right of acquisition, they must notify the Committee, the Executive Director or the Owner of the Real Property or Disused School Facility of their desire to exercise their right within a term of thirty (30) days from the last date indicated in the public notice of the Auction for inspection of the property by Bidders. Provided, however, that nothing in these Regulations obligates CEDBI or the Executive Director to perform affirmative acts to notify or alert potential holders of the preferential right of acquisition that certain Real Property or Disused School Facilities will be disposed of pursuant to these Regulations.

**3. <u>Distribution, Notification or Publication</u>.** Unless otherwise provided in these Rules, in those instances where these Rules require the distribution, notification or publication of a

ASSETS_2004_0000401

Real Estate Appraisal and Disposition Committee
*Sole Regulation for the Evaluation and Disposal of Real Estate Assets of the.*
*Executive Branch of the Government of Puerto Rico*

document or decision of the Committee or its Executive Director, such requirement may be satisfied by posting such document or decision on the AAFAF or Committee website, as well as by any other electronic notification mechanism.

**4.   Intent.** These Regulations are intended to provide expeditious and flexible procedures and, accordingly, shall be liberally construed in order to effectuate that intent and purpose. Non-material deviations from the requirements of these Rules shall not necessarily, at the sole discretion of the Committee, constitute grounds for disqualification from any Real Property disposition process.

**5.   Negotiations and Discussions.** Any negotiation, conversation or discussion required by any provision of these Rules may be conducted in person, by telephone conference or video conference.

**6.   Severability.** If any word, sentence, section, paragraph or Article of these Regulations is declared unconstitutional or invalid by any court of law, such determination shall not affect, impair or nullify any of the remaining provisions and parts of these Regulations, and its effect shall be limited to the specific word, sentence, section, paragraph or Article declared unconstitutional or invalid. The invalidity or nullity of any word, sentence, section, paragraph or Article in one instance shall not be construed as affecting or impairing in any way its applicability or validity in any other instance.

**7.   Repeal.** The adoption of these Regulations expressly repeals Regulation No. 8972 of July 7, 2017, Regulations for the Evaluation and Disposition of Real Property of the Executive Branch of the Government of Puerto Rico under Act No. 26-2017, and Regulation No. 8980 of August 2, 2017, Special Regulations for the Evaluation and Leasing of Disused School Facilities with Unsolicited Proposals, as well as any internal regulations or procedures established under the repealed regulations and/or that are incompatible with these Regulations. It is noted that nothing in these Regulations shall affect the effectiveness of Resolution No. 2019-068 of September 15, 2019, as well as any other successor regulation adapted by the Committee in the discharge of its functions.

**8.   Effectiveness.** This Regulation shall be effective thirty (30) days after its filing with the Department of State.



Lango, Inc.
1460 Broadway | New York, NY 10036
213.444.5373 | Hello@lango.co | www.lango.co

#2020_03_MLBK-006

# CERTIFICATE OF TRANSLATION ACCURACY

Translation from <u>Spanish</u> to <u>English</u>

We, Lango, Inc, hereby certify the document(s) attached herewith are translated by experienced and qualified bilingual translators with comprehensive knowledge of their source and target languages, and that each translated document is prepared as an exact, accurate and true translation of the original document, following industry-wide accepted processes for producing a certified translation.

Lango and its partners are members of the following associations:



*This is to certify the correctness of only the translation. We do not guarantee the original (untranslated) document to be genuine or that the statements in the original document are true.*

Jeffrey Daniel Schmidt
Chief Revenue Officer – Lango, Inc

Date: March 9, 2020

