**Exhibit 1**

**Stipulation and [Proposed] Protective Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER IN CONNECTION WITH
NEGOTIATIONS BETWEEN FINANCIAL OVERSIGHT & MANAGEMENT BOARD
FOR PUERTO RICO AND FEDERALLY QUALIFIED HEALTH CENTERS**

WHEREAS, (i) the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole representative of the Commonwealth of Puerto Rico (the "Commonwealth")[2] pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     The Commonwealth shall include the Puerto Rico Department of Health (the "Department of Health"), the Puerto Rico Department of Justice (the "Department of Justice"), and the Prospective Payment System Office of the Puerto Rico Medicaid Program (the "PPS Office").

1

*Economic Stability Act* ("PROMESA");[3] (ii) the Fiscal Agency and Financial Advisory Authority ("AAFAF"); (iii) Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., Hospital General Castañer, Inc., and Rio Grande Community Health Center, Inc. (collectively, the "AMC Group"); (iv) Morovis Community Health Center, Inc., HPM Foundation, Inc., NeoMed Center (formerly Gurabo Community Health Center), Corporacion de Servicios de Salud y Medicina Avanzada ("COSSMA"), and Concilio de Salud Intergral de Loiza, Inc. ("CSILO") (collectively, the "Morovis Group"); (v) Migrant Health Center, Inc. ("Migrant"); (vi) Salud Integral en la Montaña, Inc. (SIM) (f/k/a Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis); and (vii) Med Centro, Inc. (f/k/a Consejo de Salud de la Comunidad de la Playa de Ponce, Inc.) ("Med Centro," together with the AMC Group, the Morovis Group, Migrant, and SIM, the "Federally Qualified Health Centers" or "FQHCs"), by and through their respective undersigned counsel, are engaged in ongoing discussions regarding potential resolution, settlement, or disposal of the

---

[3]      PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

Litigations,[4] Motions,[5] and/or Proofs of Claim[6] filed by the FQHCs against the Commonwealth and its instrumentalities (collectively, the "Outstanding FQHC Disputes"); and

WHEREAS, several of the Outstanding FQHC Disputes are currently pending before this Court; and

WHEREAS, in connection with discussions regarding potential resolution of the Outstanding FQHC Disputes, certain documents and information may facilitate and/or serve as a basis for resolution of some or all of the Outstanding FQHC Disputes; and

WHEREAS, such documents and information may constitute, contain, or relate to (i)

---

[4]     The term "Litigations" refers to: *Asociacion de Salud Primaria de Puerto Rico, Inc., et al. v. Estado Libre Asociado de Puerto Rico, et al.*, Civil No. KPEO2-1037 (2002), and pending appeals; *Rio Grande Cmty. Health Ctr., Inc., et al. v. Commonwealth of Puerto Rico, et al.*, D.P.R. Case No. 03-1640 (GAG), and pending appeals; *Atlantic Medical Center, Inc., et. al. v. The Commonwealth of Puerto Rico, et. al.*, D.P.R. Case No. 06-1291; *Consejo de Salud de la Comunidad de la Playa de Ponce, Inc., et al. v. Gonzalez-Feliciano*, D.P.R. Case No. 06-1260; *Asociacion de Salud Primaria de P.R., et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-00227 (D.P.R. Aug. 2, 2017); *Atlantic Med. Ctr., Inc. et al., v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 17-00278 (D.P.R.); *Corporación de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis v. Commonwealth of Puerto Rico*, Adv. Proc. No. 17-00292 (D.P.R.); and *Corporación de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis v. Commonwealth of Puerto Rico*, Adv. Proc. No. 17-00298 (D.P.R.).

[5]     The term "Motions" refers to motions filed by one or more FQHCs in connection with the Commonwealth's Title III case, including: *Motion of Salud Integral en la Montana, Coproracion de Servicios de Salud Y Medicina Avanzada, Neomed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Salud Integral de Loiza for Allowance and Payment of Administrative Expense Claim, or in the Alternative, Relief from the Automatic Stay* [ECF No. 13582] (filed 7/7/2020); *Motion of Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Medicos Primarios y Prevencion de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc. Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castaner, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief from the Automatic Stay* [ECF No. 12918] (filed 4/21/2020); and *Med Centro Inc.'s Motion for Relief From Stay* [ECF No. 13748] (filed 8/4/2020).

[6]     The term "Proofs of Claim" refers to proofs of claim filed by one or more FQHCs in the Title III Cases, as listed in Exhibit B hereto.

3

protected health information ("PHI") and individually identifiable health information protected from unauthorized disclosure under federal, state, or local privacy laws, or other applicable personal data protection laws or regulations, including but not limited to the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. § 1320d *et seq.*) ("HIPAA") and the privacy regulations promulgated thereunder, and/or the Puerto Rico Patient's Bill of Rights and Responsibilities of 2000, Act No. 194-2000, (P.R. Laws ann. tit. 3, § 3041 *et seq.*), the Puerto Rico Mental Health Code of 2000, Act No. 408-2000, (P.R. Laws ann. tit. 24, § 6152 *et seq.*), (ii) other personal identifying information ("PII"); and/or (iii) other similar confidential, proprietary, or private information belonging to the Parties and/or their agents, employees, representatives, clients, and/or patients;  and

WHEREAS, the Oversight Board, the Commonwealth and COSSMA (collectively, the "Parties" and each a "Party") recognize that it is necessary for them to produce and/or receive certain such documents and information containing PHI and/or PII to determine if such documents can facilitate or serve as a basis for resolution of some or all of the Outstanding FQHC Disputes; and

WHEREAS, COSSMA is prepared to provide the Oversight Board with certain such documents and information in connection with discussions regarding potential resolution of the Outstanding FQHC Disputes; and

WHEREAS, the Commonwealth is prepared to provide the Oversight Board with certain such documents and information in connection with discussions regarding potential resolution of the Outstanding FQHC Disputes; and

WHEREAS, HIPAA, the privacy regulations promulgated thereunder, and other applicable federal, state, and/or local privacy laws limit the dissemination of PHI and PII to certain defined circumstances and subject such dissemination to certain protections; and

WHEREAS, an order of a court of competent jurisdiction directing the production of PHI/PII

4

in a manner that safeguards the confidentiality of those materials meets the requirements of federal, state, and/or local privacy law; and

WHEREAS, the Parties, by and through their respective undersigned counsel, have stipulated to the entry of this protective order (the "Protective Order") pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable to the Commonwealth's Title III proceeding by Section 310 of PROMESA and Rule 7026 of the Federal Rules of Bankruptcy Procedure; and

WHEREAS, the Court therefore finds that good cause exists for this Court to enter this Protective Order to govern the dissemination and use of confidential, proprietary, or private documents and information, including but not limited to PHI and PII, produced in connection with the Parties' discussions regarding the Outstanding FQHC Disputes; therefore

IT IS HEREBY ORDERED as follows:

## DEFINITIONS

1.      "Confidential Health Information" shall mean documents and information including PHI and/or PII that is produced or made available by any Producing Party (as defined below) to this Protective Order.  For the avoidance of doubt, and without excluding any other documents or information provided by a Producing Party that is considered Confidential Health Information for the purpose of facilitating a resolution for some or all of the Outstanding FQHC Disputes, "Confidential Health Information" shall include historical healthcare utilization data that COSSMA is prepared to provide to the Oversight Board from its electronic records for calendar year 2016.  The specific data fields that COSSMA is to supply (to the extent they are maintained in its electronic records) are the following: (a) unique patient identifier; (b) patient name; (c) patient date of birth; (d) date of service; (e) procedure code; (f) procedure description; (g) provider name; (h) provider specialty code; (i) number of services provided; and (j) claim number, if any.

Some or all of these fields may contain PHI and/or PII, as defined by applicable federal, state, and/or local law.  For the further avoidance of doubt, and without excluding any other documents or information provided by a Producing Party that is considered Confidential Health Information for the purpose of facilitating a resolution for some or all of the Outstanding FQHC Disputes, Confidential Health Information shall also include information provided by the Commonwealth regarding Medicaid enrollees in Puerto Rico during calendar year 2016.

2.       "Qualified Persons" shall mean and refer to:

(a)       Employees of COSSMA, the Commonwealth, and/or the Oversight Board, House Counsel, Outside Counsel of Record for each Party and their paralegals and other professional personnel including support and IT staff to whom disclosure of information is necessary for the resolution, settlement, or disposal of the Outstanding FQHC Disputes;

(b)       testifying or consulting experts retained by COSSMA, the Commonwealth, and/or the Oversight Board and their associates or other professional personnel including support and IT staff, and consultants to whom disclosure of information is necessary for the resolution, settlement, or disposal of the Outstanding FQHC Disputes;

(c)       any mediator retained or appointed by the Court in connection with the Outstanding FQHC Disputes and employees of such mediator who are assisting in the conduct of the mediation;

(d)       deposition, hearing and trial witnesses testifying in connection with the Outstanding FQHC Disputes and to whom disclosure of information is necessary for resolution, settlement, or disposal of the Outstanding FQHC Disputes;

(e)       the Court and all persons assisting the Court in the Outstanding FQHC Disputes, including law clerks, court reporters, translators, and clerical personnel;

(f)       translators and outside litigation support vendors (including commercial copying and imaging services, vendors assisting with electronic discovery matters, and trial consultants) retained by COSSMA, the Commonwealth, and/or the Oversight Board in connection with the Outstanding FQHC Disputes;

      (g)    persons who are authors, addressees, and recipients of documents containing Confidential Health Information to the extent they have previously had lawful access to such documents; and

      (h)    professional court reporters and their staff engaged to transcribe testimony in connection with the Outstanding FQHC Disputes.

3.    "House Counsel" shall mean and refer to attorneys who are employees of either COSSMA, the Commonwealth, or the Oversight Board.

4.    "Outside Counsel of Record" shall mean and refer to attorneys who are not employees of either COSSMA, the Commonwealth, or the Oversight Board but are retained to represent or advise either COSSMA, the Commonwealth, or the Oversight Board and have appeared in connection with the Outstanding FQHC Disputes on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or contract or temporary attorneys who have been retained, through an agency or directly, by a law firm which has appeared on behalf of either COSSMA, the Commonwealth, or the Oversight Board.

5.    "Producing Party" shall mean (1) the Commonwealth, and/or anyone acting as an agent or representative on its behalf; and/or (2) COSSMA, and/or anyone acting as an agent or representative on its behalf.  Said term shall also include any affiliated entity and/or company and the agents, directors, officers, owners, employees, attorneys, representatives, and anyone acting or purporting to act on its behalf.

## SCOPE AND INTERPRETATION OF THIS ORDER

6.    This Protective Order shall be applicable to, and shall govern, all material produced and disclosed by a Producing Party in connection with discussions regarding potential resolution of the Outstanding FQHC Disputes and shall remain in effect until further order of the Court.  The protections conferred by this Protective Order cover not only Confidential Health Information, but also (1) any information copied or extracted from Confidential Health

7

Information; (2) all copies, excerpts, summaries, or compilations of Confidential Health Information; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Health Information.  Issues relating to the use of Confidential Health Information may be revisited by the Parties and the Court in advance of any evidentiary hearing or trial in connection with the Outstanding FQHC Disputes.

7.     All material, including, but not limited to, Confidential Health Information produced in connection with discussions regarding potential resolution of the Outstanding FQHC Disputes, shall be used only in connection with resolution of the Outstanding FQHC Disputes, and not for any other personal, private, public, or other purpose whatsoever.  This Protective Order shall be binding on the Parties and their successors, parents, subsidiaries, divisions, affiliates, employees, officials, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**DESIGNATION OF CONFIDENTIAL HEALTH INFORMATION**

8.     To the extent that any material produced by a Producing Party to this Protective Order contains Confidential Health Information, the Producing Party shall affix a legend or similar insignia to such material stating "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS" to the cover of such material and any page therein containing Confidential Health Information.  For the avoidance of doubt, any material disclosed in connection with the Parties' discussions related to the potential resolution, settlement, or disposal of the Outstanding FQHC Disputes, including but not limited to material containing Confidential Health Information, is subject to Rule 408 of the Federal Rules of Evidence.

9.     If a Producing Party to this Protective Order elects to make material containing Confidential Health Information available for inspection, the Producing Party need not mark the

8

material in advance of any such inspection, but instead, if items are selected for copying, may affix the label to the selected items at that time.  All material made available for inspection, but not copied, shall be deemed "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS."

10.     Where a Producing Party produces electronic files in native electronic format, such electronic files and documents may be designated for protection under this Protective Order by appending to the file names or designators information indicating whether the files contain Confidential Health Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential Health Information is produced in electronic format on a disk or other medium that contains Confidential Health Information, the "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS" designation must be placed on the disk or other medium.  Should electronic files or documents in native form be printed for use at deposition, in a court proceeding, or for provision to any Qualified Person in accordance with the terms of this Protective Order, the Producing Party printing the electronic files or documents shall affix the appropriate legend to the printed documents and include the production number and designation associated with the native file.

11.     In the case of deposition testimony and related exhibits, any Party may designate portions of the transcript, or exhibits thereto, as containing Confidential Health Information by making a statement to that effect on the record during the course of the deposition, or by written notice to the other Party within thirty (30) days after receipt of the transcript; provided that the entire deposition transcript shall be treated as Confidential Health Information prior to each Party's designation or the expiration of the 30-day period, whichever comes first.  If the

designation is made during the course of the deposition, or if a witness believes an answer will require him to divulge Confidential Health Information, or if the attorney taking the deposition believes that the question will divulge Confidential Health Information, all persons not permitted access to such Confidential Health Information under the terms of this Protective Order shall be excluded from the deposition room and the designating party shall instruct the court reporter to place the legend "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS" on the pages containing that information and to place on the cover of the transcript the legend "CONTAINS CONFIDENTAL HEALTH INFORMATION – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS."  Where the designation is made after receipt of the transcript, each Party shall be responsible for marking the designated transcripts with the appropriate legend, as instructed by the designating Party.

12.     The failure to designate material as containing Confidential Health Information, including but not limited to by failing to affix stamps or labels marking the material as "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS," as appropriate, shall not be deemed a waiver in whole or in part of the claim of confidentiality.  Upon prompt notice from the Producing Party who produced such material of its failure to designate, the receiving Party shall cooperate to restore the confidentiality of the Confidential Health Information.  A Party receiving a request for the return of inadvertently produced documents shall promptly return the inadvertently produced documents to the Producing Party or destroy such documents within three (3) days of receiving such request, and destroy all remaining copies of the identified documents, including electronic, paper, and other copies.

13.     This Protective Order shall not foreclose any Party from seeking a ruling from the Court that a Producing Party has improperly designated material as containing

Confidential Health Information.   If a Producing Party believes documents have been inappropriately labeled as "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS," it shall identify with particularity the document(s) or information that it contends should be designated differently and state the grounds for each objection with particularity.   Thereafter, the Parties shall meet and confer in an attempt to resolve the dispute without Court intervention within five (5) days of receipt of the written list of challenged documents.   If the dispute cannot be resolved, the objecting Party may file with the Court a "Motion to Remove Confidential Designation."   The Producing Party who designated the documents shall have the burden of establishing that the information should be protected from disclosure.  Except as otherwise permitted under this Protective Order, no Party shall disclose any material labeled "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY PROTECTIONS" unless and until there is an order from the Court ordering the designation to be removed.

### TREATMENT OF CONFIDENTIAL HEALTH INFORMATION

14.    The Parties shall take all reasonable efforts to limit the use, disclosure of, and requests for Confidential Health Information between and among the Parties to the *minimum amount necessary* to accomplish the resolution, settlement, and/or disposal of the Outstanding FQHC Disputes.   The Parties shall segregate and store Confidential Health Information in a manner reasonably calculated to ensure against unauthorized access.  In the case of electronic data, the Parties shall store such information in encrypted format and shall only share passwords/other credentials with Qualified Persons identified in paragraph 2(a) – (h).

15.    The substance or content of Confidential Health Information, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone

other than Qualified Persons identified in paragraph 2(a) – (h), and no person shall disclose such information to those Qualified Persons identified in paragraph 2(b), (d), (f), or (h) herein without furnishing to such person a copy of this Protective Order and obtaining from that person an executed Confidentiality Agreement, the form of which is set forth in Exhibit A.

16.     If any Qualified Person permitted access to Confidential Health Information receives a subpoena or documentary demand that encompasses any Confidential Health Information produced pursuant to this Protective Order, that Qualified Person shall object thereto and provide prompt written notice to the Parties.  If any material designated as containing Confidential Health Information is disclosed, through inadvertence or otherwise, to anyone not authorized under the terms of this Protective Order, then the person inadvertently disclosing the Confidential Health Information shall use his or her best efforts to bind the recipient to the terms of this Protective Order.  Such person shall be informed promptly of all the provisions of this Protective Order (including the provisions that relate to Confidential Health Information), identified to the Parties, and requested to execute a Confidentiality Agreement the form of which is set forth as Exhibit A.

17.     In connection with the Outstanding FQHC Disputes and pursuant to this Protective Order, the Parties shall request leave to submit Confidential Health Information under seal consistent with the local rules for the relevant Courts, and any case management procedures governing the Title III Cases.  If any Confidential Health Information is used in any court proceeding, it shall not lose its designation through such use, and the Parties shall take all steps required to protect the confidentiality of the Confidential Health Information during such use, including but not limited to designating the portions of the hearing transcript concerning such material as "CONFIDENTIAL – SUBJECT TO HIPAA AND STATE PRIVACY

PROTECTIONS."

18.     The restrictions imposed by this Protective Order may be modified or terminated only by written stipulation of the Parties or by order of the Court.   This Protective Order shall not prevent any Party or non-party from seeking additional protective orders, or from seeking relief, including injunctive and/or other equitable remedies, or from asserting evidentiary objections, in a court of competent jurisdiction to prevent the disclosure or use of Confidential Health Information.  This Court shall retain full and exclusive jurisdiction to enforce this Protective Order and to grant relief for any violation thereof.  All Parties to this agreement and all signatories of Exhibit A hereto explicitly consent to the jurisdiction of this Court for such purposes.

19.     Nothing herein shall be construed as (a) preventing any Party from continuing to use any material in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of this Protective Order; (b) limiting a Party's use or disclosure of its own information designated as confidential; or (c) preventing a Party from continuing to use any information or material that it had the right to use and which was obtained independently of disclosure in connection with the Outstanding FQHC Disputes.  For purposes of this Protective Order, documents and information provided by the Parties to law enforcement, public or private regulatory agencies, or other governmental authorities shall not be considered publicly available solely because they were produced to law enforcement, public or private regulatory agencies, or other governmental authorities.  Nothing contained herein shall be construed to abrogate any confidentiality protection to which a Party or non-party would otherwise be entitled with regard to documents that were previously produced to law enforcement, public or private regulatory agencies, or other governmental authorities.

20.    Nothing herein shall be deemed to be a limitation upon, or a waiver of, the rights of the Parties or any objections the Parties may have, under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Evidence.

## RETURN OF CONFIDENTIAL HEALTH INFORMATION

21.    Unless otherwise ordered or agreed in writing by the Producing Party producing the Confidential Health Information, within sixty (60) days after final termination, resolution, settlement, or disposal of the Outstanding FQHC Disputes, including all appeals of any of the Outstanding FQHC Disputes, or at the request of the Producing Party, each Party must destroy or return all Confidential Health Information received pursuant to this Protective Order in connection with the Parties' discussions regarding the Outstanding FQHC Disputes.  Such Parties must submit a written certification to the Producing Party by the sixty-day deadline of such destruction or return.  If any Party is unable to destroy or return the Confidential Health Information upon reasonable effort, or is prevented from destroying or returning such material due to operation of law, this requirement shall be excused; however, all other duties with respect to the confidentiality of this Confidential Health Information shall remain in effect.  Even after termination of the Outstanding FQHC Disputes, regardless of the basis for termination, the obligations imposed by this Protective Order shall remain in effect.

SO STIPULATED:

_/s/ Brian S. Rosen_

**PROSKAUER ROSE LLP**
Brian S. Rosen (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight
and Management Board as Representative
for the Debtors*

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice Designated

**SUSANA I. PEÑAGARICANO BROWN**
USDC 219907
Deputy Secretary in Charge of Litigation
spenagaricano@justicia.pr.gov

**IDZA DIAZ RIVERA**
Director
Federal Litigation and Bankruptcy Division

*/s/ Michel Mir-Martínez*
**MICHEL MIR MARTÍNEZ**
USDC No. 305904
Federal Litigation Division
Email: mmir@justicia.pr.gov

Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404; 1415

*Attorneys for the Department of Justice, Puerto
Rico*

_/s/ Thomas Pennington_

**RENO & CAVANAUGH, PLLC**
Iyen Acosta (_pro hac vice_)
455 Massachusetts Avenue, N.W.
Suite 400
Washington, DC 20001
Tel: (202) 349-2470
E-mail: iacosta@renocavanaugh.com

Thomas Pennington (_pro hac vice_)
24 Church Street, Suite 2910
Nashville, TN 37219
Tel: (615) 866-2322
E-mail: tpennington@renocavanaugh.com

_Attorneys for COSSMA_

SO ORDERED.


Date: _____, 2021                    _____
                                              Judith Gail Dein
                                      United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**CONFIDENTIALITY AGREEMENT**

The undersigned, _____ , acknowledges that he/she/it has received and read a copy of the Protective Order, understands the contents therein, and agrees to be bound by its terms. The undersigned acknowledges that violation of the terms of this Protective Order could subject the undersigned to sanctions or damages as provided by law. The undersigned expressly submits to the jurisdiction of this court for the purpose of enforcement of the Protective Order.

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Dated:

_____
Name

_____
Affiliation

Business Address:

_____

_____

A.2

**EXHIBIT B**

As of the filing date of the Protective Order, the following proofs of claim have been filed in the Title III Cases by (1) the AMC Group, (2) the Morovis Group, and (3) Migrant (all as defined in the Protective Order).

1. **AMC Group**

| **Claimant** | **Proof of Claim** |
|---|---|
| Atlantic Medical Center (Salud Primarios de Barceloneta, Inc.) | 158091 (ECF Claim 2700)<br>30433<br>27713 (ECF Claim 1847) |
| Camuy Health Services, Inc. | 167114 (ECF Claim 2698)<br>34305 (ECF Claim 1859)<br>32196 |
| Centro de Salud de Lares, Inc. | 166254 (ECF Claim 1862-2)<br>37401 (ECF Claim 1862)<br>26928 |
| Centro de Salud de Lares, Inc. | 8163 |
| Centro de Servicios Primarios de Salud de Patillas, Inc. | 158138 (ECF Claim 2702)<br>34303<br>26207 (ECF Claim 1846) |
| Ciales Primary Health Care Services, Inc. / Prymed, Inc. | 137070 (ECF Claim 1860-1)<br>36042<br>27469 (ECF Claim 1860) |
| Ciales Primary Health Care Services, Inc. / Prymed, Inc. | 22194 |
| Hospital General Castañer, Inc. | 146462 (ECF Claim 2699)<br>32164<br>27465 (ECF Claim 1848-1) |
| Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc. | 166265 (ECF Claim 1840-2)<br>30530<br>27630 (ECF Claim 1840) |
| Costa Salud, Inc.<br>Costa Salud Community Health Centers, Inc. | 157161 (ECF Claim 2703)<br>32172<br>23834 (ECF Claim 1844) |
| Corporacion de Servicios Medicos de Hatillo | 167361 (ECF Claim 2695)<br>41718 (ECF Claim 1861)<br>30461 |
| Rio Grande Community Health Center | 93971 (ECF Claim 2730) |

2. **Morovis Group**

| **Claimant** | **Proof of Claim** |
|---|---|
| Morovis Community Health Center | 34431 |
| Morovis Community Health Center | 110999 |
| Morovis Community Health Center | 36124 |
| Morovis Community Health Center | 34410 |

| Claimant | Proof of Claim |
|---|---|
| HPM Foundation, Inc. (HealthproMed and Centro de Salud Comunal Dr. Jose S. Belaval) | 108527 |
| HPM Foundation, Inc. (HealthproMed and Centro de Salud Comunal Dr. Jose S. Belaval) | 98437 |
| HPM Foundation, Inc. (HealthproMed and Centro de Salud Comunal Dr. Jose S. Belaval) | 22275 |
| NeoMed (Gurabo Community Health Center, Inc.) | 111373 |
| NeoMed (Gurabo Community Health Center, Inc.) | 52387 (amends 20184) 20184 |
| NeoMed (Gurabo Community Health Center, Inc.) | 20392 |
| NeoMed (Gurabo Community Health Center, Inc.) | 20301 |
| NeoMed (Gurabo Community Health Center, Inc.) | 20254 |
| COSSMA (Corporacion de Servicios de Salud y Medicina de Avanzada) | 122862 |
| COSSMA (Corporacion de Servicios de Salud y Medicina de Avanzada) | 39192 |
| COSSMA (Corporacion de Servicios de Salud y Medicina de Avanzada) | 34436 |
| Salud Integral en la Montaña (SIM) / Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis, Inc. (CSI) | 139655 |
| Salud Integral en la Montaña (SIM) / Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis, Inc. (CSI) | 101569 |
| Salud Integral en la Montaña (SIM) / Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis, Inc. (CSI) | 109469 |
| Salud Integral en la Montaña (SIM) / Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis, Inc. (CSI) | 115027 |

B.2

| Claimant | Proof of Claim |
|---|---|
| Salud Integral en la Montaña (SIM) / Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis, Inc. (CSI) | 111786 |
| Salud Integral en la Montaña (SIM) / Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis, Inc. (CSI) | 108464 |
| Salud Integral en la Montaña (SIM) / Corporacion de Servicios Integrales de Salud del Area de Barranquitas, Comerio, Corozal, Naranjito y Orocovis, Inc. (CSI) | 174289<br>30144<br>24101 |
| Concilio de Salud Integral de Loiza, Inc. | 130107 |
| Concilio de Salud Integral de Loiza, Inc. | 39401 (amending 20772)<br>20772 |
| Concilio de Salud Integral de Loiza, Inc. | 20794 |
| Concilio de Salud Integral de Loiza, Inc. | 20756 |

3. **Migrant**

| Claimant | Proof of Claim |
|---|---|
| Migrant Health Center, Inc. | 114996 |
| Migrant Health Center, Inc. | 112178 |
| Migrant Health Center, Inc. | 89406 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF

System, which will send notification of such filing to all parties of record in the captioned case.


By: _____

119737512v3