UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING TWO HUNDRED TWENTY-EIGHTH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS
ASSERTED BY HOLDERS OF CERTAIN PRASA BONDS AND HTA BRIDGE BONDS

Upon the *Two Hundred Twenty-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by Holders of Certain PRASA Bonds and HTA Bridge Bonds* (Docket Entry No. 13912, the "Two Hundred Twenty-Eighth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico ("Commonwealth," or "Debtor"), dated

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Twenty-Eighth Omnibus Objection.

July 31, 2020, for entry of an order partially disallowing portions of certain claims filed against the Commonwealth, as more fully set forth in the Two Hundred Twenty-Eighth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Two Hundred Twenty-Eighth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Two Hundred Twenty-Eighth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order (A) Granting in Part the Two Hundred Twenty-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims Asserted by Holders of Certain PRASA Bonds and HTA Bridge Bonds, (B) Approving Form of Notice for Claims to be Set for Hearing, and (C) Granting Related Relief* (Docket Entry No. 14891, the "Notice"), dated October 23, 2020, for entry of an order partially disallowing the Remaining No Liability Bond Claim and the No Liability Bond Claims to Be Modified via Notice of Presentment (as defined below), as more fully set forth in the Notice; and, upon the record of the hearing held on the Two Hundred Twenty-Eighth Omnibus Objection on January 14, 2021, and the rulings made therein, Proof of Claim No. 12827 having been found to seek, in part, recovery for amounts for which the Commonwealth is not liable; and the Court having determined that the relief sought in the Two Hundred Twenty-Eighth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Two Hundred Twenty-Eighth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Two Hundred Twenty-Eighth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that Proof of Claim No. 12827, identified on Exhibit A hereto (the "Remaining No Liability Bond Claim") and the claims identified on Exhibit B hereto (the "No Liability Bond Claims to Be Modified via Notice of Presentment") are hereby partially disallowed; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the portions of the Remaining No Liability Bond Claim and the No Liability Bond Claims to Be Modified via Notice of Presentment as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 13912 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 18, 2021

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge