**Estimated Hearing Date**: April 28, 2021 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: April 8, 2021 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET TO TENTH INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF PUERTO RICO, FOR THE PERIOD JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020 AND NOTICE OF ANNUAL RATE ADJUSTMENT PROVIDED IN ORIGINAL ENGAGEMENT LETTER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | June 1, 2020 through September 30, 2020 (the "Compensation Period") |
| Amount of Fees Sought excluding Gross-Up Amount: | $14,735,103.90 |
| Gross-Up Amount:[2] | $1,473,510.39 |
| Amount of Expense Reimbursement Sought: | $556,621.24 |
| Total Fees and Expenses Sought for Compensation Period including Gross-Up Amount: | $16,765,235.53 |
| Proskauer's Incremental Fees for Compensation Period that Accrued, But Whose Payment Is Not Immediately Requested:[3] | $577,582.60 |

---

[2] Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding"). But Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. As of the date hereof, Proskauer has not yet requested payment of the Gross-Up Amount, but has recently received information indicating it may need to do so.

[3] Pursuant to the Engagement Letter dated November 25, 2016 between the Oversight Board and Proskauer (as defined below at footnote 7), Proskauer's rates under the Engagement Letter increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). Effective January 1, 2020, the rate increase was 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour. Pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678], Proskauer gave notice of this rate increase by filing a sworn certification, attached to Proskauer's Eighth Interim Application as Exhibit A [Case No. 17-3283, ECF No. 12831]. Billed at these rates pursuant to the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $577,582.60, as detailed in the attached **Exhibit E**. The Oversight Board had requested, however, and Proskauer agreed not to request currently the allowance and payment of these incremental fees, along with the incremental fees under the Engagement Letter for the eighth and ninth compensation periods of $155,142.10 and $646,439.90, respectively. Proskauer intends to request payment of these incremental fees at a later date. Pursuant to the Engagement Letter, Proskauer's rates increased by an additional 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per

This is a(n) ____ Monthly __X__ Interim ___ Final Fee Application

This is the tenth interim fee application filed by Proskauer in the Debtor's Title III Case. The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

hour, and for paraprofessionals of $291 per hour. For fees accrued January 1, 2021 and afterwards, the Oversight Board has terminated its request that Proskauer not request current payment of its full fees inclusive of rate increases under its Engagement Letter, and Proskauer again provides notice of such automatic rate adjustment under its Engagement Letter pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678].

**Tenth Interim Compensation Period**
**June 1, 2020 – September 30, 2020**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Thirty–Ninth** 7/23/2020 | 6/1/20 to 6/30/20 | $3,788,376.90 | $3,409,539.21 | $175,759.48 | $3,409,539.21 | $175,759.48 |
| **Fortieth** 8/21/2020 | 7/1/20 to 7/31/20 | $3,970,642.20 | $3,573,577.98 | $86,191.53 | $3,573,577.98 | $86,191.53 |
| **Forty– First** 9/10/2020 | 8/1/20 to 8/31/20 | $4,401,617.10 | $3,961,455.39 | $75,843.25 | $3,961,455.39 | $75,843.25 |
| **Forty– Second** 10/5/2020 | 9/1/20 to 9/30/20 | $2,574,467.70 | $2,317,020.93 | $218,826.98 | $2,317,020.93 | $218,826.98 |
| **Totals:** | | **$14,735,103.90** | **$13,261,593.51** | **$556,621.24** | **$13,261,593.51** | **$556,621.24** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $783.72[4] |
| Blended Rate in This Application for All Timekeepers: | $729.93 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $13,261,593.51 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $556,621.24 |
| Number of Professionals Included in this Application:[5] | 120 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 28 |
| Any Rates Higher than Those Approved or Disclosed when Retained? If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No. Proskauer's Engagement Letter with the Oversight Board provides Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). As of January 1, 2020, the rate increase was 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of |

---

[4] This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5] As used herein, the term "professionals" includes all timekeepers. The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6] As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 127, and thus the actual number of timekeepers was 7 fewer than anticipated.

$405 per hour, and for paraprofessionals of $280 per hour. Billed at these rates, as negotiated in the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $577,582.60, as detailed in the attached **Exhibit E**. Pursuant to the Oversight Board's request, Proskauer has not included a request for current payment of the amount attributable to the increase in its hourly rates provided for in its Engagement Letter with the Oversight Board. Instead, Proskauer is currently requesting the allowance and payment of the amount attributable to the preexisting prevailing rates detailed in the Fifth Interim Application: $789 per hour for attorneys, $390 per hour for e-discovery attorneys, and $270 per hour for paraprofessionals. For the eighth and ninth compensation periods, Proskauer similarly deferred payment of the incremental amounts of $155,142.10 and $646,439.90 respectively. Proskauer intends to request payment of these incremental fees at a later date.

The Oversight Board has terminated its request that Proskauer defer collection of incremental fees for fees accruing on and after January 1, 2021.

In addition, Proskauer again provides notice of Proskauer's automatic 2021 rate adjustment, pursuant to the Engagement Letter, equal to the lesser of Proskauer's actual percentage rate increase and 4%, pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678]. Although this Application does not cover fees accrued in 2021, pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period June 1, 2020 through September 30, 2020**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Ashton, Ann M. | Litigation – 1980 | $789 | 1.00 | $789.00 |
| Barak, Ehud | BSGR&B[8] – 2010 | $789 | 577.80 | $455,884.20 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $789 | 625.10 | $493,203.90 |
| Blaney, Ryan P. | Health Care – 2006 | $789 | 25.40 | $20,040.60 |
| Brenner, Guy | Labor & Employment – 2002 | $789 | 321.10 | $253,347.90 |

---

[7] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent (a copy of the Engagement Letter is attached to the Application as **Exhibit F**).

Furthermore, the Engagement Letter provides Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). As of January 1, 2020, the rate increase was 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour. Billed at these rates as negotiated in the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $577,582.60, as detailed in the attached **Exhibit E**. Pursuant to the Oversight Board's request, however, Proskauer has not included a request for current payment of the amount attributable to the increase in its hourly rates provided for in its Engagement Letter with the Oversight Board, or the incremental amounts for the eighth and ninth compensation periods of $155,142.10 and $646,439.90, respectively. Instead, Proskauer is currently requesting the allowance and payment of fees calculated at the preexisting rates detailed in the Fifth Interim Application: $789 per hour for attorneys, $390 per hour for e-discovery attorneys, and $270 per hour for paraprofessionals. Proskauer intends to request payment of these incremental fees at a later date.

Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Proskauer again provides notice of the automatic rate adjustment, pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678]. Pursuant to the Engagement Letter, the rate increase equals the lesser of Proskauer's actual percentage rate increase and 4%, pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678]. Although this Application does not cover fees accrued in 2021, pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.

[8] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Casazza, Kyle A. | Litigation – 2007 | $789 | 77.70 | $61,305.30 |
| Cooper, Scott P. | Litigation – 1981 | $789 | 106.40 | $83,949.60 |
| Dale, Margaret A. | Litigation – 1990 | $789 | 78.60 | $62,015.40 |
| Faust, Scott A. | Labor & Employment – 1985 | $789 | 0.80 | $631.20 |
| Febus, Chantel L. | Litigation – 2003 | $789 | 14.60 | $11,519.40 |
| Ferrara, Ralph C. | Litigation – 1970 | $789 | 322.20 | $254,215.80 |
| Firestein, Michael A. | Litigation – 1983 | $789 | 687.70 | $542,595.30 |
| Hackett, Michael R. | Litigation – 2009 | $789 | 75.00 | $59,175.00 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $789 | 52.10 | $41,106.90 |
| Harris, Mark D. | Litigation – 1992 | $789 | 164.20 | $129,553.80 |
| Horwitz, Jeffrey A. | Corporate – 1985 | $789 | 0.50 | $394.50 |
| Kass, Colin R. | Litigation – 1996 | $789 | 185.60 | $146,438.40 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $789 | 330.10 | $260,448.90 |
| Mervis, Michael T. | Litigation – 1990 | $789 | 85.60 | $67,538.40 |
| Mungovan, Timothy W. | Litigation – 1994 | $789 | 796.90 | $628,754.10 |
| Perra, Kevin J. | Litigation – 1995 | $789 | 8.70 | $6,864.30 |
| Possinger, Paul V. | BSGR&B – 1993 | $789 | 242.40 | $191,253.60 |
| Ramachandran, Seetha | Litigation – 2001 | $789 | 10.30 | $8,126.70 |
| Rappaport, Lary Alan | Litigation – 1979 | $789 | 785.30 | $619,601.70 |
| Ratner, Stephen L. | Litigation – 1975 | $789 | 204.70 | $161,508.30 |
| Richman, Jonathan E. | Litigation – 1984 | $789 | 116.70 | $92,076.30 |
| Roberts, John E. | Litigation – 2009 | $789 | 287.60 | $226,916.40 |
| Rosen, Brian S. | BSGR&B – 1983 | $789 | 528.20 | $416,749.80 |
| Rosenthal, Marc E. | Litigation – 1990 | $789 | 10.30 | $8,126.70 |
| Tal, Yuval | Corporate – 1994 | $789 | 11.30 | $8,915.70 |
| Triggs, Matthew | Litigation – 1990 | $789 | 614.10 | $484,524.90 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Waxman, Hadassa R. | Litigation – 2001 | $789 | 453.90 | $358,127.10 |
| Weise, Steven O. | Corporate – 1974 | $789 | 154.40 | $121,821.60 |
| Zall, Richard J. | Health Care – 1981 | $789 | 14.40 | $11,361.60 |
| Zerjal, Maja | BSGR&B – 2012 | $789 | 179.50 | $141,625.50 |
| **Total for Partners:** | | | **8,150.20** | **$6,430,507.80** |
| *SENIOR COUNSEL* | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $789 | 266.10 | $209,952.90 |
| Lander, Nathan R. | Litigation – 2004 | $789 | 14.90 | $11,756.10 |
| Roche, Jennifer L. | Litigation – 2007 | $789 | 317.50 | $250,507.50 |
| **Total for Senior Counsel:** | | | **598.50** | **$472,216.50** |
| *ASSOCIATES* | | | | |
| Anderson, James | Litigation – 2015 | $789 | 158.70 | $125,214.30 |
| Assi, Christina | Litigation – 2016 | $789 | 27.90 | $22,013.10 |
| Bargoot, Alexandra V. | Litigation – 2016 | $789 | 329.60 | $260,054.40 |
| Blackwell, Brooke H. | BSGR&B – 2018 | $789 | 85.40 | $67,380.60 |
| Bloch, Aliza H. | Litigation – 2019 | $789 | 26.90 | $21,224.10 |
| Carino, Elisa M. | Litigation – 2019 | $789 | 171.20 | $135,076.80 |
| Choy, Wai L. | Corporate – 2013 | $789 | 1.70 | $1,341.30 |
| Curtis, Kelly M. | Litigation – 2016 | $789 | 43.20 | $34,084.80 |
| Dalsen, William D. | Litigation – 2011 | $789 | 7.60 | $5,996.40 |
| Deming, Adam L. | Litigation – 2018 | $789 | 75.50 | $59,569.50 |
| Desai, Rucha | Litigation – 2017 | $789 | 140.00 | $110,460.00 |
| Desatnik, Daniel S. | BSGR&B – 2016 | $789 | 493.90 | $389,687.10 |
| Eggers, Peter J. | Health Care – 2015 | $789 | 23.10 | $18,225.90 |
| Esses, Joshua A. | BSGR&B – 2017 | $789 | 77.50 | $61,147.50 |
| Fassuliotis, William G. | Litigation – 2020 | $789 | 178.00 | $140,442.00 |

9

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Fishkind, Peter | Litigation – 2018 | $789 | 293.60 | $231,650.40 |
| Gottlieb, Brooke G. | Litigation – 2020 | $789 | 181.90 | $143,519.10 |
| Guensberg, Caroline L. | Labor & Employment – 2019 | $789 | 188.10 | $148,410.90 |
| Hong, Yena | Litigation – 2020 | $789 | 262.40 | $207,033.60 |
| Jones, Erica T. | Litigation – 2018 | $789 | 298.90 | $235,832.10 |
| Jones, Jennifer L. | Litigation – 2005 | $789 | 57.90 | $45,683.10 |
| Kim, Mee R. | Litigation – 2016 | $789 | 172.00 | $135,708.00 |
| Kline, Emily H. | Litigation – 2019 | $789 | 114.60 | $90,419.40 |
| Kowalczyk, Lucas | Litigation – 2017 | $789 | 356.50 | $281,278.50 |
| Ma, Steve | BSGR&B – 2014 | $789 | 170.10 | $134,208.90 |
| Markofsky, Lisa B. | Litigation – 2005 | $789 | 1.00 | $789.00 |
| Mazurek, Carl A. | Litigation – 2018 | $789 | 4.20 | $3,313.80 |
| Miller, Nathaniel J. | Litigation – 2018 | $789 | 155.50 | $122,689.50 |
| Morris, Matthew J. | Litigation – 2000 | $789 | 10.90 | $8,600.10 |
| Moser, Nicollette R. | Litigation – 2020 | $789 | 223.90 | $176,657.10 |
| Muller, Ariella E. | Litigation – 2019 | $789 | 34.60 | $27,299.40 |
| Munkittrick, David A. | Litigation – 2011 | $789 | 206.30 | $162,770.70 |
| Palmer, Marc C. | Litigation – 2018 | $789 | 422.10 | $333,036.90 |
| Presant, Bradley M. | Litigation – 2019 | $789 | 47.60 | $37,556.40 |
| Rainwater, Shiloh A. | Litigation – 2017 | $789 | 263.60 | $207,980.40 |
| Robinson, Christina A. | Corporate – 2017 | $789 | 2.80 | $2,209.20 |
| Rochman, Matthew I. | Litigation – 2010 | $789 | 566.50 | $446,968.50 |
| Rogoff, Corey I. | Litigation – 2019 | $789 | 565.40 | $446,100.60 |
| Shelton, Jordan M. | Corporate – 2018 | $789 | 1.70 | $1,341.30 |
| Skrzynski, Matthew A. | BSGR&B – 2017 | $789 | 164.00 | $129,396.00 |
| Sosa, Javier F. | Litigation – 2019 | $789 | 305.30 | $240,881.70 |
| Stafford, Laura | Litigation – 2012 | $789 | 625.20 | $493,282.80 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Stevens, Elliot R. | BSGR&B – 2018 | $789 | 362.60 | $286,091.40 |
| Theodoridis, Chris | BSGR&B – 2011 | $789 | 86.50 | $68,248.50 |
| Victor, Seth H. | Litigation – 2019 | $789 | 252.70 | $199,380.30 |
| Volin, Megan R. | BSGR&B – 2020 | $789 | 84.50 | $66,670.50 |
| Vora, Hena M. | Litigation – 2018 | $789 | 91.90 | $72,509.10 |
| Wertheim, Eric R. | Litigation – 2019 | $789 | 145.70 | $114,957.30 |
| Wheat, Michael K. | Litigation – 2019 | $789 | 71.00 | $56,019.00 |
| Wolf, Lucy C. | Litigation – 2017 | $789 | 348.90 | $275,282.10 |
| Wright, Bryant D. | Litigation – 2020 | $789 | 104.80 | $82,687.20 |
| **Total for Associates:** | | | **9,085.40** | **$7,168,380.60** |
| ***E-DISCOVERY ATTORNEYS*** | | | | |
| Friedman, Olga | Professional Resources – 2008 | $390 | 6.90 | $2,691.00 |
| Ike, Yvonne O. | Professional Resources – 2009 | $390 | 141.80 | $55,302.00 |
| Kay, James | Professional Resources – 1978 | $390 | 88.00 | $34,320.00 |
| Peterson, Cathleen P. | Professional Resources – 1991 | $390 | 2.60 | $1,014.00 |
| **Total for e-Discovery Attorneys:** | | | **239.30** | **$93,327.00** |
| ***PARAPROFESSIONALS*** | | | | |
| Adejobi, Olaide M. | Litigation Paralegal – N/A | $270 | 108.10 | $29,187.00 |
| Antoon, Isaac L. | Professional Resources – N/A | $270 | 0.30 | $81.00 |
| Chernus, Eric R. | Professional Resources – N/A | $270 | 110.40 | $29,808.00 |
| Cody, Sara E. | Litigation Paralegal – N/A | $270 | 41.90 | $11,313.00 |
| Cook, Alexander N. | Corporate Paralegal – N/A | $270 | 1.80 | $486.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Cooper, David C. | Corporate Paralegal – N/A | $270 | 1.10 | $297.00 |
| Cordova-Pedroza, Christian | Labor & Employment Paralegal – N/A | $270 | 14.80 | $3,996.00 |
| Dillon, Emma K. | Litigation Paralegal – N/A | $270 | 0.40 | $108.00 |
| Elsner, Rebecca R. | Litigation Paralegal – N/A | $270 | 2.50 | $675.00 |
| Geary, Laura M. | Litigation Paralegal – N/A | $270 | 95.80 | $25,866.00 |
| Henderson, Laurie A. | Professional Resources – N/A | $270 | 0.30 | $81.00 |
| Hoffman, Joan K. | Litigation Paralegal – N/A | $270 | 62.30 | $16,821.00 |
| King, Charles H. | Litigation Paralegal – N/A | $270 | 99.00 | $26,730.00 |
| Klevan, Victoria L. | Litigation Paralegal – N/A | $270 | 1.00 | $270.00 |
| Klock, Joseph | Professional Resources – N/A | $270 | 19.30 | $5,211.00 |
| Lerner, Lela A. | Litigation Paralegal – N/A | $270 | 186.10 | $50,247.00 |
| Linton, Robert A. | Labor & Employment Paralegal – N/A | $270 | 5.80 | $1,566.00 |
| McPeck, Dennis T. | Litigation Paralegal – N/A | $270 | 269.30 | $72,711.00 |
| Monforte, Angelo | Litigation Paralegal – N/A | $270 | 503.90 | $136,053.00 |
| Orr, Lisa P. | Litigation Paralegal – N/A | $270 | 32.80 | $8,856.00 |
| Pantoja, Karina | Labor & Employment Paralegal – N/A | $270 | 50.90 | $13,743.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $270 | 201.20 | $54,324.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $270 | 15.70 | $4,239.00 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $270 | 22.00 | $5,940.00 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $270 | 162.50 | $43,875.00 |
| Sutherland, Julia L. | Litigation Paralegal – N/A | $270 | 68.50 | $18,495.00 |
| Tarrant, Christopher M. | BSGR&B Paralegal – N/A | $270 | 35.90 | $9,693.00 |
| **Totals for Paraprofessionals:** | | | **2,113.60** | **$570,672.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **20,187.00** | **$14,735,103.90** |

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period June 1, 2020 through September 30, 2020**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 273.50 | $215,791.50 |
| 202 | Legal Research | 805.60 | $633,750.00 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 221.80 | $175,000.20 |
| 204 | Communications with Claimholders | 281.80 | $209,832.30 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 366.10 | $288,852.90 |
| 206 | Documents Filed on Behalf of the Board | 6,281.00 | $4,955,709.00 |
| 207 | Non-Board Court Filings | 331.70 | $261,711.30 |
| 208 | Stay Matters | 739.40 | $563,758.50 |
| 210 | Analysis and Strategy | 7,220.30 | $5,696,337.90 |
| 212 | General Administration | 2,191.90 | $614,529.00 |
| 213 | Labor, Pension Matters | 113.50 | $89,551.50 |
| 215 | Plan of Adjustment and Disclosure Statement | 794.50 | $625,623.60 |
| 216 | Confirmation | 36.00 | $27,566.10 |
| 217 | Tax | 1.90 | $1,499.10 |
| 218 | Employment and Fee Applications | 120.40 | $53,994.60 |
| 219 | Appeal | 406.70 | $320,886.30 |
| 220 | Fee Applications for Other Parties | 0.90 | $710.10 |
| | **Total for All Project Categories:** | **20,187.00** | **$14,735,103.90** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period June 1, 2020 through September 30, 2020**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---|
| Data Base Search Services | $143.97 |
| Filing and Court Costs | $1,467.96 |
| Food Service/Conference Dining/Local Meals | $7,710.68 |
| Lexis/Westlaw | $238,004.00 |
| Messenger/Delivery | $965.30 |
| Outside Reproduction | $1,783.15 |
| Practice Support Vendors | $274,648.54 |
| Reproduction | $3,550.10 |
| Telephone | $2,100.00 |
| Translation Service | $22,543.69 |
| Transcripts & Depositions | $3,703.85 |
| **Total:** | **$556,621.24** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br>In this fee application[9] |
| Partners | $1,206 | $789 |
| Senior Counsel | $1,041 | $789 |
| Associates (7 or more years since first admission) | $956 | $789 |
| Associates (4–6 years since first admission) | $904 | $789 |
| Associates (1–3 years since first admission) | $751 | $789 |
| e-Discovery Attorneys | $735 | $390 |
| Paraprofessionals | $351 | $270 |
| **All Timekeepers Aggregated:** | **$929** | **$729.93** |

---

[9]  *See supra* note 7.

**Estimated Hearing Date**: April 28, 2021 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: April 8, 2021 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## TENTH INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF PUERTO RICO, FOR THE PERIOD JUNE 1, 2020 THROUGH SEPTEMBER 30, 2020 AND NOTICE OF ANNUAL RATE ADJUSTMENT PROVIDED IN ORIGINAL ENGAGEMENT LETTER

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board" or "FOMB") as representative of the Commonwealth

of Puerto Rico (the "Debtor" or "Commonwealth") pursuant to section 315(b) of the *Puerto Rico*

*Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this tenth

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016–1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local

Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation

and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11

Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B

(the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 3269][5] (the

"Interim Compensation Order"), for (a) allowance of interim compensation for professional

services performed by Proskauer for the period commencing June 1, 2020 through and including

September 30, 2020 (the "Compensation Period") in the amount of **$16,208,614.29**, which is

comprised of (i) fees for professional services rendered in the amount of $14,735,103.90, and (ii)

the Gross-Up Amount in the amount of $1,473,510.39;[6] and (b) reimbursement of its actual and

necessary expenses in the amount of **$556,621.24** incurred during the Compensation Period.  In

support of the Application, Proskauer respectfully avers as follows:

---

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case No. 17-BK-3283-LTS.

[6]  Proskauer requests approval now, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding").  But Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date hereof, Proskauer has not yet requested payment of the Gross-Up Amount, but has recently received information indicating it may need to do so.

**Jurisdiction**

1.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

3.     The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

**Background**

4.     On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5.     Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.     On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.     On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof

(the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.      On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period May 3, 2017 through September 30, 2017* [ECF No. 2068] (the "First Interim Application").

10.     On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2868] (the "Second Interim Application").

11.     On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3588] (the "Third Interim Application").

12.     On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4280] (the "Fourth Interim Application").

13.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7045] (the "Fifth Interim Application").

14.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8734] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2019 through September 30, 2019* [ECF No. 9624] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12831] (the "Eighth Interim Application").

17.     On September 18, 2020, Proskauer filed the *Ninth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2020 through May 31, 2020* [ECF No. 14348] (the "Ninth Interim Application").

18.     On July 23, 2020, Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its thirty-ninth monthly fee statement for the period June 1, 2020 through June 30, 2020.  On August 21, 2020, Proskauer served on the Notice Parties its fortieth monthly fee statement for the period July 1, 2020 through July 31, 2020.  On September 10, 2020, Proskauer served on the Notice Parties its forty-first monthly fee statement for the period August 1, 2020 through August 31, 2020.  On October 5, 2020, Proskauer served on the Notice Parties its forty-second monthly fee statement for the period September 1, 2020 through September 30, 2020.

19.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$13,818,214.75** (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$13,818,214.75** with respect to fee statements filed during the Compensation Period.

**Summary of Services Rendered by Proskauer During the Compensation Period**

20.     The instant Application is Proskauer's tenth application for interim compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications in all the pending Title III cases more efficient for the Court and other readers, paragraphs 21 through 24 of the instant Application, the corresponding paragraphs in each of Proskauer's tenth interim fee applications in the pending ERS, HTA, and PREPA Title III cases, and paragraphs 15 through 18 in the third interim fee application in the pending PBA Title III case, are identical and cover the principal activities in all the Title III cases.

21.     Since the commencement of these Title III cases, Proskauer has achieved significant progress on behalf of the Oversight Board.[7]  Due to the global coronavirus outbreak and its spread throughout the United States and Puerto Rico, this Compensation Period presented unexpected and fundamental economic and administrative challenges to the Commonwealth and its covered instrumentalities.   During this challenging time, the Oversight Board has been focused on preserving and improving the physical and financial well-being of the people of Puerto Rico, assessing the impact of the COVID-19 pandemic, developing strategies to get the Commonwealth through this unprecedented crisis, and working collaboratively with the Puerto Rico Government and its agencies toward these ends.  Proskauer continued to provide legal and strategic advice to the Oversight Board, considering as its main priority the health, safety, and economic welfare of the people of Puerto Rico.   Among others, Proskauer's notable undertakings during this Compensation Period included:

- Development of the Amended Joint Plan and Disclosure Statement.  On March 27, 2020, in response to the spread of the COVID-19 pandemic, the Title III Court granted the Oversight Board's request to adjourn the Disclosure Statement Hearing to an undetermined date to properly assess the ramifications of the pandemic, the measures being implemented by the Government, and their effect on the Debtors' Title III cases [ECF No. 12549].  During the Compensation Period, at the Court's direction, Proskauer, on behalf of the Oversight Board, provided the Court with three status reports in connection with omnibus hearings, summarizing the Oversight Board's activities and the status of the Debtors' Title III Cases [ECF Nos. 13337, 13874, and 14315], and with two status reports specifically addressing the effects of the Government's response to the pandemic, the fiscal year 2021 fiscal plans and budgets, and the timeline for the Debtors' Plan of Adjustment and Disclosure Statement [ECF Nos. 13660 and 14195].   On behalf of the Oversight Board, Proskauer, under the guidance of the Mediation Team led by the Honorable Judge Barbara J. Houser, resumed discussions with AAFAF, the Debtors' creditors, and other parties in interest regarding the existing terms of the Amended Plan of Adjustment and any proposed modifications or amendments.   On July 7, 2020, Ambac Assurance Corporation ("Ambac") filed its *Motion to Strike Certain*

---

[7]  The Seventh, Eighth and Ninth Interim Applications contain an overview of Proskauer's progress on behalf of the Oversight Board from the commencement of the case until the end of the time period covered by the Ninth Interim Application.  *See* ECF Nos. 9624, 12831, and 14348.

*Provisions of the Amended Plan Support Agreement by and among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* [ECF No. 13573], which was later joined by Assured Guaranty Corporation and Assured Guaranty Municipal Corporation (together, "Assured") [ECF No. 14091]. While the Court denied the motion, it required the Oversight Board to develop and disclose the contours of its proposed amended plan and propose a schedule for the path to confirmation by February 10, 2021 [ECF No. 14987]. This deadline was further extended to March 8, 2021 [ECF No. 15849]. On March 8, 2021, Proskauer filed the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15976] and related disclosure statement [ECF No. 15988].

- New Fiscal Plans and Budgets. With the continuing global pandemic, the main focus of the Oversight Board remained on protecting and improving the physical and financial wellbeing of the people of Puerto Rico, providing ongoing reasonable, comprehensive, and sustainable solutions, and prudently and safely reopening critical businesses. In addition to the $160 million of Puerto Rico's Emergency Reserve Fund, which the Oversight Board had previously authorized, the Oversight Board created a $787 million emergency measure support package. These emergency reserve financings were available because the Oversight Board had imposed and pursued sound budgeting practices and fiscal plans for the last three years. Proskauer attorneys advised the Oversight Board in its close work with the Puerto Rico Government on the most efficient ways of allocating these funds to ensure that the support reached as expeditiously as possible those who needed the funds most. To ensure the Government had the necessary funds to help the people of Puerto Rico, the Oversight Board proposed to increase the Emergency Reserve by $536 million, and granted access to Emergency Reserve funding for expenses in response to tropical storms Isaiah and Laura and the drought Puerto Rico experienced. In late May and June of 2020, Proskauer advised the Oversight Board on developing and certifying the latest Fiscal Plan for the Commonwealth, with a key focus on changes in the fiscal projections as a result of the pandemic and numerous earthquakes that occurred in the preceding months, allowing for a one year delay in the implementation of certain structural reforms and budgetary matters to permit the Government of Puerto Rico to concentrate on managing COVID-19 and its effects on the Puerto Rico economy. During the Compensation Period, Proskauer worked diligently with the Oversight Board on reviewing and evaluating fiscal plans and budgets for eighteen additional entities, addressing the Government's outstanding obligations and granting certain extensions and requests for additional financing.

- LUMA Energy Contract. Proskauer professionals, along with other Oversight Board advisors, devoted significant time and effort to negotiating a contract with LUMA Energy, LLC and LUMA Energy ServCo, LLC (collectively, "LUMA Energy"), for transitioning the maintenance and operation of the Puerto Rico Transmission and Distribution System (the "T&D System") to LUMA Energy, with the goal of providing safe, reliable, and affordable energy service to the island. The Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement was

approved by the Oversight Board and Governor Vazquez, and entered into by PREPA, the Puerto Rico Public-Private Partnerships Authority, and LUMA Energy on June, 22, 2020. On July 7, 2020, Proskauer, on behalf of the Oversight Board, joined other Government Parties in *PREPA's Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement With LUMA Energy* (the "LUMA Administrative Expense Motion") [ECF No. 13583], requesting that the Title III Court allow an administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the T&D Contract. Upon an urgent motion by the Official Committee of Unsecured Creditors (the "UCC"), Fuel Line Lenders (as defined in the motion) and Unión de Trabajadores de la Industria Eléctrica y Riego ("UTIER") [ECF No. 13602], the Court allowed the related discovery to proceed and scheduled the hearing on the LUMA Administrative Expense Motion for September 16, 2020. On August 12, 2020, the UCC, Cobra Acquisitions LLC, Whitefish Energy Holdings, LLC, Fuel Line Lenders, UTIER, and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") filed their objections to the LUMA Administrative Expense Motion. Proskauer filed an omnibus reply to the objections on behalf of the Government Parties [ECF No. 14170], and defended the Oversight Board and PREPA's position at oral argument on September 16, 2020.  The LUMA Administrative Expense Motion was granted on October 14, 2020 [ECF No. 14609]. On October 26, 2020, UTIER and SREAEE appealed the Title III Court decision, *UTIER v. PREPA*, Case No. 20-2041 (1st Cir.).

22.     Throughout the Compensation Period, Proskauer continued its defense of the Title III Debtors' interests in numerous adversary proceedings and other contested matters brought by the Debtor's bondholders and monoline insurers, the Puerto Rico Government and its agencies, creditors, and other parties, analyzing and objecting to duplicative, incorrectly filed and otherwise deficient claims against the Debtors, negotiating and participating in a Court-ordered mediation process with creditors, bondholders, statutory committees, unions, and other parties to achieve the best possible outcome for the Debtors.  Among the major litigation matters in which Proskauer represented the Title III Debtors' interests during the Compensation Period are the following:

- Lift Stay Motions.  Certain insurers and holders of bonds issued by various Puerto Rico entities (Assured Guaranty Corporation, Assured Guaranty Municipal Corporation (both together, "Assured"), Ambac Assurance Corporation ("Ambac"), and Financial Guaranty Insurance Company ("FGIC"), collectively, the "Monolines"), filed several motions seeking relief from the automatic stay to allow them to seize certain Commonwealth revenues conditionally allocated under Puerto Rico law to HTA, PRIFA, and CCDA, in order to pay their prepetition bond claims

(collectively, the "Lift Stay Motions").   Proskauer professionals defended the
Oversight Board's position at the preliminary hearing on Lift Stay Motions on June
4, 2020, which concerned whether the movants had standing.  On July 2, 2020, the
Title III Court issued its orders with respect to the Lift Stay Motions, holding that (i)
in connection with HTA and PRIFA, the Monolines lacked even colorable claims to
the liens and other property interests asserted in their Lift Stay Motions (other than in
connection with revenues in certain specified bank accounts), and (ii) in connection
with CCDA, the CCDA revenues were subject to the automatic stay and the
Monolines had a colorable claim to a security interest in certain bank accounts
containing CCDA revenues.  The Court entered a scheduling order setting a further
hearing on the Lift Stay Motions to resolve outstanding issues.[8] On July 20, 2020, the
Monolines filed their *Consolidated Supplemental Brief Regarding Revenue Bond Lift
Stay Motions* [ECF No. 13744], claiming that only a relief from stay could achieve a
complete resolution of the issues and that such relief would not interfere with the
Debtors' Title III Cases and would not prejudice other creditors, and additionally, that
the CCDA movants lacked adequate protection. On behalf of the Oversight Board,
Proskauer filed the *FOMB and AAFAF Consolidated Response to Movants'
Consolidated Supplemental Brief Regarding Revenue Bond Lift Stay Motions* [ECF
No. 13905], arguing that the Monolines had been and will be afforded due process in
the Title III Court and the CCDA stay should remain in place because the movants
alleged collateral was adequately protected and the stay should be maintained pending
the resolution of the related CCDA adversary proceeding. On September 9, 2020,
upon considering the supplemental briefing and other related submissions, including
the Monolines' consolidated supplemental reply, the Court denied the HTA and
PRIFA Stay Relief Motions [ECF No. 14186, Case No. 17-3567, ECF No. 921], and
concluded that compelling circumstances existed to maintain the automatic stay as it
applied to the CCDA, pending the resolution of the CCDA Adversary Proceeding
[ECF No. 14187]. On September 23, 2020, the Monolines appealed the Title III Court
decisions to the First Circuit Court of Appeals. *Assured Guaranty Corp. v.
Commonwealth*, Case No. 20-1930 (1st Cir.); *Ambac Assurance Corp. v.
Commonwealth*, Case No. 20-1931 (1st Cir.).  On February 4, 2021, the First Circuit
heard oral argument on the HTA and PRIFA lift stay motions, and on March 3, 2021
affirmed the Title III Court's decisions.

- Claim Objections.  In connection with proofs of claim filed against the Debtors,[9]
  Proskauer filed a total of 260 omnibus objections between October 1, 2019 and
  September 11, 2020.  Proskauer professionals dedicated a significant amount of time
  and effort to the careful review and analysis of the filed claims and preparing omnibus
  objections to those claims, as well as reviewing multiple responses and preparing
  replies in support of the objections.   Due to the COVID-19 pandemic-related
  restrictions, including the inability of the Court to hold in-person hearings, the

---

[8] See *Order Scheduling Further Proceedings in Connection with the Revenue Bond Stay Relief Motions* [ECF No.
13607].

[9] Pursuant to the Bar Date Orders [Case No. 17-BK-3283-LTS, ECF Nos. 2521, 3160, 12260, and 13403], approximately
179,018 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.

Debtors were unable to prosecute certain pending omnibus objections to claims and Proskauer worked with the Title III Court to adjourn hearings on omnibus claim objections. Accordingly, over 177 omnibus objections to claims, affecting over 60,000 claimants, remained pending before the Court at the end of the Compensation Period. Proskauer worked diligently with the Court to establish a satellite hearing location at the Prime Clerk collection center in San Juan, where claimants would be able to appear and speak at a hearing, following strict public health and safety measures. The hearings on omnibus objections resumed on October 29, 2020, with remote access for attorneys and the Satellite Site available to those claimants who chose to appear in person.

- Alternative Dispute Resolution (ADR). To promote the timely and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, requested that the Title III Court approve amended procedures for alternative dispute resolution (the "ADR Procedures"). On April 1, 2020, the final ADR Procedures were approved by the Court.[10] On July 10, 2020, Proskauer submitted to the Court the *First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609], and on August 24, 2020, the *Second Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14090]. On September 8, 2020, Proskauer filed the *First Alternative Dispute Resolution Status Notice* [ECF No. 14185], which provided an update to the Court regarding the status of the claims transferred into the ADR Procedures pursuant to the two notices, indicating that the First ADR Notice claims were in the offer-exchange phase (as defined in the ADR Order), and Proskauer professionals on behalf of the Debtors were preparing offer letters to the claimants listed in the Second ADR Notice.

- Administrative Reconciliation of Claims (ACR). To further facilitate the efficient and cost-effective resolution of the claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances, should remain within the auspices of the Debtors' administrative processes. The Court approved proposed ACR Procedures on March 12, 2020.[11] On July 10, 2020, Proskauer filed the *First Notice of Transfer of Claims to Administrative Claim Reconciliation* [ECF No. 13603], and on September 8, 2020, the *Second Notice of Transfer of Claims to Administrative Claim Reconciliation* [ECF No. 14182]. The First ACR Notice and the Second ACR Notice transferred 3,500 claims into Administrative Claims Reconciliation. On October 8, 2020, Proskauer filed the *Notice of Filing of First Administrative Claim Resolution Status Notice* [ECF No. 14515], which provided an update to the Court regarding the status of the claims transferred into the ACR Procedures pursuant to the two notices, and reported that 838 claims out of 1000 in the First ACR notice had been successfully resolved.

---

[10] See *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

[11] See *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274].

- <u>Mandatory Court-Ordered Mediation.</u>  During the Compensation Period, Proskauer professionals diligently and actively participated in mandatory mediation sessions involving the Oversight Board, AAFAF, the UCC, the Puerto Rico Government, and other key stakeholders in these Title III Cases, competently and efficiently resolving multiple issues and disputes and facilitating the confirmability of the Amended Plan. Several stay orders entered by the Title III Court put on hold over twenty contested matters and adversary proceedings and simultaneously directed parties to such proceedings and matters to engage in mandatory mediation under the direction of Judge Barbara Houser.[12]  On March 10, 2020, at the suggestion of the Amended Report of the Mediation Team, the Court added certain matters and adversary proceedings to the list of stayed matters.[13]  Proskauer's efforts advocating for the Debtors' best interests in Court-ordered mediation process remain ongoing.

23.    <u>First Circuit and Supreme Court Appeals</u>. During this Compensation Period, Proskauer defended a number of significant matters before the appellate courts, obtaining several critical judgments on behalf of the Oversight Board as Title III representative of the Debtors.  Some of the appellate matters where Proskauer attorneys represented the interests of the Oversight Board included:

- <u>U.S. Supreme Court Appeals</u>:

    (1) <u>Vázquez Garced v. FOMB, Case No. 19-1305 (U.S.)</u>:  On December 18, 2019, the First Circuit, affirming the Title III Court's decision, held (i) that the Oversight Board had the power to adopt a recommendation as a mandatory measure in a Fiscal Plan, even if it had been previously rejected by the Governor and (ii) that the bar on reprogramming the Oversight Board had included in its fiscal plan and budget was valid and consistent with PROMESA.  The Governor and AAFAF appealed to the U.S. Supreme Court, and on May 15, 2020, filed their petition for a writ of certiorari. Proskauer professionals devoted significant time and effort to thoroughly research the issues raised in the writ, and on July 20, 2020, Proskauer submitted its opposition on behalf of the Oversight Board.  The U.S. Supreme Court denied the Governor's petition on October 5, 2020.

    (2) <u>Employees Retirement System v. Andalusian Global Designated, Case No. 20-126 (U.S.)</u>: On January 30, 2020, the First Circuit affirmed the Title III Court's decision that under section 552 any security interest resulting from liens granted to the ERS

---

[12] *See Order Regarding Stay Period and Mandatory Mediation* [ECF No. 8244], further extended by subsequent orders [ECF Nos. 9016, 9661 and 12189], (collectively, the "<u>Stay Orders</u>").  For a complete listing of the stayed contested matters and adversary proceedings *see* ECF No. 8244, Appendix I, ECF No. 9618, n. 3, and ECF No. 12189, Appendix A.

[13] See *Final Order Regarding (A) Stay Period, (B)Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [ECF No. 12189].

bondholders prior to the commencement of the ERS Title III case do not attach to revenue received by ERS following the petition date.[14] After their petition to the First Circuit for rehearing was denied, the bondholder parties appealed the First Circuit judgment to the U.S. Supreme Court on July 31, 2020. On October 8, 2020, Proskauer filed its opposition to the Andalusian petition for writ of certiorari, and the petition was denied on November 16, 2020.

- First Circuit Appeals:

    (1) Rene Pinto-Lugo v. Commonwealth, Case No. 19-1181; Elliott v. Commonwealth, Case No. 19-1182; and Cooperativas v. COFINA, Case No. 19-1391:[15]  On February 14, 2020, on behalf of the Oversight Board, Proskauer joined with AAFAF in its responsive appellate brief.   The consolidated matters were fully briefed and Proskauer attorneys defended the Oversight Board's position, as a representative of the Commonwealth and COFINA, during oral argument on July 31, 2020. Subsequently, in response to the questions posed by the Court at the oral argument, Proskauer submitted relevant citations of supplemental authorities pursuant to Fed. R. App. P. 28(j) on August 2, 2020, August 4, 2020, and December 31, 2020. On February 8, 2021, the First Circuit affirmed the Title III Court's orders and dismissed the challenges to the Title III Court's confirmation of the Plan. The *Cooperativas* matter was remanded to the district court.

    (2) UECFSE v. FOMB, Case No. 19-2028:[16]  Appellants submitted their opening brief on December 16, 2019.  On February 24, 2020, Proskauer tendered the Oversight Board's response brief, and on March 10, 2020, the appellants replied.  Proskauer attorneys defended the Oversight Board's position, as a representative of the Commonwealth, during oral argument on July 27, 2020. On October 28, 2020, the First Circuit issued an opinion affirming the Title III Court dismissal of the appellant's complaint. On November 11, 2020, appellants filed their petition for rehearing, which was denied on December 11, 2020.

    (3) UTIER v. Ortiz Vázquez, Case No. 20-1332:[17] On March 23, 2020, UTIER appealed the Title III Court order dismissing UTIER's petition for a writ of mandamus compelling PREPA to comply with certain provisions of health benefits-related Law

---

[14] *See* January 30, 2020, *Judgment* and *Opinion,* Case Nos. 19-1699, 19-1700 (1st Cir.).

[15] On February 22, 2019, three sets of appellants filed appeals of the order confirming the COFINA Plan of Adjustment including: (i) Rene Pinto-Lugo and Manuel Natal-Albelo (Pinto-Lugo v. Commonwealth, Case No. 19-1181 (1st Cir.)) ("Pinto-Lugo"), (ii) Mark Elliott, Lawrence B. Dvores, and Peter C. Hein (Elliott v. Commonwealth, Case No. 19-1182 (1st Cir.)) ("Elliott"), and (iii) Cooperativa de Ahorro y Credito Dr. Manuel Zeno Gandia, Cooperativa de Ahorro y Credito de Juana Diaz, and Cooperativa de Ahorro y Credito de Rincon (Cooperativas v. COFINA, Case No. 19-1391 (1st Cir.) (the "Cooperativas").

[16] On October 4, 2019, plaintiffs appealed the order entered by the Title III Court dismissing plaintiffs' first amended complaint challenging certain Puerto Rico labor related legislation and Fiscal Plan Compliance Act which affected the unions' collective bargaining agreements [Adv. Proc. No. 18-091, ECF No. 39].

[17] See *Memorandum Opinion and Order Granting Respondent Puerto Rico Electric Power Authority's Motion to Dismiss Plaintiff's Mandamus Petition Pursuant to Fed. R. Civ. P. 12 (b)(1) and 12(b)(6)* [Adv. Proc. No. 19-00298].

No. 26-2017 and preventing PREPA from implementing a new contract with a healthcare manager to provide healthcare to PREPA's employees according to the provisions of the newly certified PREPA budget. On August 4, 2020, UTIER filed its opening brief. Proskauer, on behalf of the Oversight Board, responded on October 21, 2020. The case is fully briefed.  On December 30, 2020, in accordance with the First Circuit's order, the case was submitted for a decision on the briefs and removed from the oral argument calendar. On January 15, 2021, the First Circuit affirmed the Title III Court's dismissal of the mandamus petition.

(4) <u>Ambac Assurance Corp. v. Commonwealth, Case No. 20-1657</u>: On February 20, 2020, Ambac filed in the District Court of Puerto Rico an action styled *Ambac Assurance Corporation v. Autopistas Metropolitanas de Puerto Rico, LLC*, Civil No. 20-cv-01094, seeking to rescind a certain concession extension agreement between the defendant and HTA. The Oversight Board filed a motion asking the Court to order Ambac to withdraw its complaint, arguing that Ambac's action of filing suit to rescind one of HTA's contracts violated the automatic stay imposed by 11 U.S.C. § 362(a).  On June 16, 2020, the Title III Court granted the Oversight Board's motion and ordered Ambac to withdraw the complaint.[18] Ambac appealed the order on June 30, 2020. On October 19, 2020, Ambac filed its opening brief. Proskauer filed the response on behalf of the Oversight Board on December 18, 2020. After been granted several extensions, Ambac filed its reply brief on February 12, 2021 and the matter was argued on March 8, 2021.

(5) <u>Campamento Contra las Cenizas en Peñuelas, Inc. v. FOMB, Case No. 20-1685; UTIER v. FOMB, Case No. 20-1709; and Windmar Renewable Energy, Inc. v. FOMB, Case No. 20-1710</u>: On June 22, 2020, the Title III Court  granted PREPA's urgent motion for an order authorizing PREPA to assume its power purchase and fuel supply agreements with two energy providers on new, renegotiated terms, which were approved by PREPA's Governing Board, the Puerto Rico Energy Bureau, and the Oversight Board. [19] On July 3, 2020, UTIER and Widmar Renewable Energy, Inc. ("<u>Windmar</u>") appealed the Court's decision, and on July 10, 2020, certain environmental groups[20] filed their own appeal.   The cases were consolidated for the purposes of briefing on November 2, 2020. On December 14, 2020, UTIER filed its appellant's brief, which was joined by the Environmental

---

[18] *See Memorandum Order Granting Motion of Financial Oversight and Management Board Pursuant to Bankruptcy Code Sections 105(a) and 362 for Order Directing Ambac to Withdraw Complaint* [ECF No. 13447].

[19] *See Order Authorizing PREPA to Assume Certain Contracts with Ecoeléctrica, L.P. and Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 13470; Case No. 17-04780, ECF No. 2038] and *Memorandum Opinion Regarding PREPA's Urgent Motion For Entry On An Order Authorizing PREPA to Assume Certain Contracts With Ecoléctrica, L.P. And Gas Natural Aprovisionamientos SDG, S.A.* [ECF No. 13471; Case No. 17-04780, ECF No. 2039].

[20] Comité Diálogo Ambiental, Inc., El Puente de Williamsburg, Inc. - Enlace Latino de Acción Climática, Comité Yabucoeño Pro-Calidad de Vida, Inc., Alianza Comunitaria Ambientalista del Sureste, Inc., Sierra Club and its Puerto Rico chapter, Mayagüezanos por la Salud y el Ambiente, Inc., Coalición de Organizaciones Anti-Incineración, Inc., Amigos del Río Guaynabo, Inc., Campamento Contra las Cenizas en Peñuelas, Inc., CAMBIO P.R., (collectively, the " Environmental Groups").

Groups on the same date. Windmar filed its opening brief on December 15, 2020. Proskauer filed the responsive brief on behalf of the Oversight Board on February 16, 2021, and on March 8, 2021, UTIER filed its reply brief.

(6) <u>PRIFA & HTA Revenue Bonds Lift Stay Appeals: Assured Guaranty Corp. v. Commonwealth, Case No. 20-1930 (HTA Lift Stay Appeal); Ambac Assurance Corp. v. Commonwealth, Case No. 20-1931 (PRIFA Lift Stay Appeal)</u>:  Following the Title III Court denial of the Lift Stay Motions on September 9, 2020, two appeals were filed by the Monolines on September 23, 2020.[21] Appellants' briefs in both matters were submitted on October 28, 2020. Proskauer filed responsive briefs on behalf of the Oversight Board in both matters on December 7, 2020. On December 21, 2020, the Monolines filed their reply briefs. The matters have been fully briefed and oral argument was held on February 4, 2021. On March 3, 2021, the First Circuit affirmed the Title III court's denial of the petitions for relief from the automatic stay.

24.    In addition to the above, Proskauer has defended the Oversight Board's and Title III Debtors' interests in numerous hearings and trials.  The following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during this Compensation Period:

- <u>PREPA 9019 Motion</u>.[22]  During the Compensation Period, Proskauer continued extensive communications with various parties to further the progress made towards the resolution of the 9019 Motion and related disputes, as well as strengthen the Oversight Board and PREPA's positon in the proposed restructuring process. Proskauer held multiple conferences with the Board's other advisors, Government Parties, and creditors.  Proskauer professionals continued analyzing PREPA's finances and evaluating and assessing the impact of the COVID-19 pandemic and recent natural disasters on PREPA and its facilities. In response to Proskauer and other Government Parties' request to the Title III Court to further adjourn the PREPA 9019 Motion deadlines due to the COVID-19 pandemic, on May 22, 2020, the Court confirmed the indefinite adjournment of the 9019 Motion deadlines and the motions to dismiss [Case No. 17-04780, ECF No. 2006]. At the Title III Court's

---

[21] *See Opinion and Order in Connection with Preliminary Hearing Regarding Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection (Docket Entry No. 10102)* [ECF No. 13541; Case No. 17-3567, ECF No. 853] (the "Preliminary HTA Order"), *Opinion and Order in Connection with Preliminary Hearing Regarding Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank National Trust Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 13542] (the "Preliminary PRIFA Order"), and *Memorandum Opinion and Order Denying HTA and PRIFA Revenue Bond Stay Relief Motions* [ECF No. 14186, Case No. 17-3567, ECF No. 921] (the "Final HTA & PRIFA Order").

[22] A brief overview of Proskauer's progress on the PREPA 9019 Motion in the prior interim compensation periods can be found in the Eighth Fee Application at 8 n.13.

15

direction, the Government Parties' provided the Court with four joint status reports apprising the Court of PREPA's financial condition and proposing next steps with respect to the 9019 Motion and its pending motions to dismiss in certain PREPA adversary proceedings [Case No. 17-04780, ECF Nos. 1992, 2002, 2111, and 2220]. On August 18, 2020, the UCC filed a motion to terminate the 9019 Motion and on August 28, 2020, the related urgent motion to compel discovery to determine whether the PREPA Restructuring Support Agreement (the "RSA") remained viable and could be renegotiated by the parties.[23]  The Government Parties opposed both motions on September 1, 2020. The Title III Court denied the UCC's motion to compel on September 5, 2020, and denied the UCC's motion to terminate the PREPA 9019 Motion on November 4, 2020.  On December 4, 2020, the UCC appealed the Court's decisions related to the 9019 Motion.[24] *UCC v. FOMB*, Case No. 20-2162 (1st Cir.).

- FOMB v. Ambac Assurance Corp., Adv. Proc. Nos. 20-0003, 20-0004, and 20-0005:[25]  On March 10, 2020, the Title III Court entered its *Final Case Management Order for Revenue Bonds* [ECF No. 12186; Adv. Proc. No. 20-003, ECF No. 31], staying all revenue bond-related litigation and allowing only submission of motions for summary judgement on certain complaints' counts designated by the Court. After diligent legal research and analysis, on April 28, 2020, Proskauer submitted three motions for partial summary judgment on behalf of the Oversight Board. On July 16, 2020, the Monolines filed their opposition to the motions, and on August 31, 2020, Proskauer submitted the Oversight Board's replies to the opposition. The Court allowed the Monolines to file sur-replies, which they did on September 13, 2020, along with their responses to the Oversight Board's Rule 56(d) opposition. On the same date, the Monolines filed their informative motion requesting that the motions for summary judgment be considered and determined on the papers without oral argument. On July 15, 2020, Proskauer filed their opposition on the docket. The same day the Monolines request to forego oral argument was denied.  After careful preparation, Proskauer defended the motions for partial summary judgment at the

---

[23] *See Motion of Official Committee of Unsecured Creditors to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-04780, ECF No. 2144] and *Official Committee of Unsecured Creditors' Urgent Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [Case No. 17-04780, ECF No. 2155].

[24] *See Order Denying the Official Committee of Unsecured Creditors' Motion to Terminate Rule 9019 Motion* [ECF No. 15020; Case No. 17-4780, ECF No. 2287], *Memorandum Order Regarding Official Committee of Unsecured Creditors' Urgent Objection to Magistrate Judge's September 5, 2020 Order on Motion to Compel Discovery in Connection with Motion to Terminate Bankruptcy Rule 9019 Motion* [ECF No. 14586; Case No. 17-4780, ECF No. 2252], and *Order on Motion to Compel* [ECF No. 14181; Case No. 17-4780, ECF No. 2177]

[25] On January 16, 2020, Plaintiff, the Oversight Board, acting in its capacity as representative of the Commonwealth and HTA, filed three actions in connection with bonds respectively issued by CCDA, PRIFA and HTA. In Adv. Proc. No. 20-0003, the Board challenged the proofs of claim filed against the Commonwealth and other lien claims by the holders and/or insurers of certain bonds issued by PRIFA. In Adv. Proc. No. 20-0004, the Board challenged proofs of claim filed against the Commonwealth and other lien claims asserted by the holders and/or insurers of certain bonds issued by CCDA. In Adv. Proc. No. 20-0005, the Board challenged the proofs of claim filed against the Commonwealth and other lien claims by the insurers and/or holders of HTA Bonds.

September 23, 2020 hearing. The motions were taken under advisement by the Title III Court.

- UCC GO Priority Motion. On July 19, 2020, the UCC filed the *Urgent Motion of Official Committee of Unsecured Creditors to Lift Stay to Allow Committee to Pursue Objection to GO Priority* [ECF No. 13726]. Proskauer carefully analyzed the issues raised in the motion and filed the Oversight Board's objection on September 1, 2020. The UCC replied on September 11, 2020. Proskauer further defended the Board's position at the omnibus hearing on September 16, 2020. The Court denied the GO Priority Motion on September 17, 2020. On October 1, 2020, the UCC filed its motion for reconsideration of the Court order, which was also denied on October 5, 2020. On October 16, 2020, UCC appealed both Title III Court orders.[26] *UCC v. FOMB*, Case No. 20-2014 (1st Cir.). On November 9, 2020, the First Circuit issued an order noting the issue of jurisdiction over this appeal, and on November 23, 2020 the UCC filed its response supporting the First Circuit's jurisdiction. Proskauer stated the Oversight Board's position that the challenged orders were not final and appealable on December 10, 2020. On December 14, 2020, the UCC replied in support of their brief. On February 22, 2021, the First Circuit dismissed the appeal for lack of jurisdiction.

- ERS Bondholders' Claims and Administrative Expense Motions:[27] On March 17, 2020, the parties to this matter filed their joint motion requesting the Court set a briefing schedule with respect to the ERS Bondholders' Claims and Administrative Expense Motions. Pursuant to the subsequently entered schedule, on May 6, 2020, Proskauer filed ERS and the Commonwealth's motion requesting the Court to disallow and dismiss all claims asserted against the ERS and Commonwealth by the ERS Bondholder Claimants, except for their nonrecourse claims against ERS for

---

[26] *See Order Denying Urgent Motion of Official Committee of Unsecured Creditors to Lift Stay to Allow Committee to Pursue Objection to GO Priority* [ECF No. 14331] and *Order Denying Motion, Under Federal Rule of Bankruptcy Procedure 9023, of Official Committee of Unsecured Creditors for Reconsideration of September 17, 2020 Order Denying Motion to Lift Stay to Allow Committee to Pursue Priority Objection to GO Bond Claims* [ECF No. 14452].

[27] The Claims include those asserted by (a) certain ERS Bondholders in the (i) *ERS Bondholders' Motion and Request for Allowance and Payment of Post-Petition and Administrative Expense Claims* [ECF No. 9285 in Case No. 17-bk-3283 and ECF No. 707 in Case No. 17-bk-3566] and (ii) *ERS Bondholders' Motion and Request for Allowance and Payment of Post- Petition and Administrative Expense Claims* [ECF No. 9294 in Case No. 17-bk-3283 and ECF No. 710 in Case No. 17-bk-3566] (collectively, the "Bondholder Administrative Expense Motions"), (b) the Fiscal Agent in the *Joinder in ERS Bondholders' Motion for Allowance of Administrative Expense Claim* [ECF No. 9298 in Case No. 17-bk-3283 and ECF No. 712 in Case No. 17-bk-3566] (the "Fiscal Agent Joinder" and, together with the Bondholder Administrative Expense Motions, the "Administrative Expense Motions"), (c) the Claimants in the *ERS Bondholders' Supplement to Proofs of Claim and Motions for Allowance of Administrative Expense Claims* [ECF No. 12536 in Case No. 17-bk-3283 and ECF No. 848 in Case No. 17-bk-3566] (the "Supplement"), (d) the Fiscal Agent in proofs of claim numbers 16775, 16777, and 32004 (the "Fiscal Agent Proofs of Claim"), and (e) the ERS Bondholder Groups in the proofs of claim listed in Appendix 2 to the *Order Granting Urgent Joint Motion for Entry of a Schedule for Resolution of the ERS Bondholder Claims and Administrative Expense Motions* [ECF No. 12446 in Case No. 17-bk-3283 and ECF No. 838 in Case No. 17-bk-3566] (the "ERS Bondholder Groups Proofs of Claim" and, together with the Fiscal Agent Proofs of Claim, the "Proofs of Claim").

unpaid principal and interest on the ERS Bonds.[28] The motion was supported by AAFAF and joined by the UCC. Proskauer tendered its reply in support of the motion on July 22, 2020. On June 10, 2020, certain beneficial owners of bonds issued by ERS represented by Jones Day, certain beneficial owners of bonds issued by ERS and The Bank of New York Mellon as fiscal agent for the bonds issued by ERS (collectively, "ERS Bondholder Claimants") filed their *Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)* [ECF No. 13400; Case No. 17-3566, ECF No. 917], arguing that they were entitled to the recourse claims against the ERS and Commonwealth under Section 1111(b) of the Bankruptcy Code. Proskauer opposed the motion on July 8, 2020, and the ERS Bondholder Claimants replied on August 6, 2020. On September 11, 2020, Proskauer, together with counsel for the UCC, filed two motions for summary judgment certain ERS bondholders with respect to certain counts included in ERS's adversary complaints related to the scope of the bondholders' security interests in ERS.[29] On the same day, the bondholders filed their own motions for partial summary judgment on the lien scope issues.[30] The motions are now fully briefed.

- Monolines' Section 926 Motion. On July 17, 2020, the Monolines filed their urgent motion requesting that the Title III Court appoint them as trustees under section 926 of the Bankruptcy Code to pursue their claims on behalf of HTA against the Commonwealth (the "Section 926 Motion").[31] In the same motion, the Monolines requested that the Court enter a bridge order, preliminarily appointing them as trustees and allowing them to file an avoidance action on behalf of HTA against the Commonwealth. On July 22, 2020, Proskauer filed the Oversight Board's opposition to the proposed bridge order, and on July 31, 2020, its opposition to the Section 926 Motion. The Title III Court denied the bridge order request on July 24, 2020, and the motion for appointment of a section 926 trustee on August 11, 2020.[32] The Monolines appealed on August 25, 2020. *Assured v. FOMB*, Case No. 20-1847 (1st Cir.) (the "Section 926 Appeal"). On September 30, 2020, the Monolines filed a motion to hold the appeal in abeyance pending resolution of their appeal of the Title III Court opinion denying their Lift Stay Motion. On October 13, 2020, Proskauer,

---

[28] *See Motion of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Disallow and Dismiss Claims Asserted or Filed by ERS Bondholders and the ERS Fiscal Agent Pursuant to Bankruptcy Rules 3007(b) & 7012(b)* [ECF No. 13054; Case No. 17-3566, ECF No. 891].

[29] *See* Case No. 19-366, ECF No. 91,  and Case No. 19-367, ECF No. 107.

[30] *See* Case No. 19-366, ECF No. 95,  and Case No. 19-367, ECF No. 111.

[31] See *Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 13708; Case No. 17-3567, ECF No. 871].

[32] *See Order Denying Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 13825; Case No. 17-3567, ECF No. 889] and *Memorandum Opinion and Order Denying Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 14012; Case No. 17-3567, ECF No. 912].

on behalf of the Oversight Board, filed an opposition to the appellants' motion to hold appeal in abeyance and cross-motion to dismiss the appeal as moot. The Monolines' motion was denied on December 22, 2020, and on January 8, 2021 the briefing schedule was set.   On February 17, 2021, the monolines filed their appellants' brief, which was joined by the DRA Parties.

- <u>PREPA Omnibus PPOA Rejection Motion</u>. On July 7, 2020, Proskauer filed a motion for an order authorizing PREPA to reject certain non-operational power purchase and operating agreements ("<u>PPOAs</u>") for renewable energy projects to avoid overpaying for power and imposing additional burdens on Puerto Rico ratepayers.[33] The motion was objected to by certain energy providers,[34] and Proskauer filed PREPA's omnibus reply in support of the motion. Proskauer defended the Oversight Board and PREPA's position at the omnibus hearing on September 16, 2020, and the motion was granted on September 16, 2020.[35] On September 18, 2020, one of the energy providers, EIF PR Resource Recovery, LLC, filed its motion for reconsideration. Proskauer objected on October 5, 2020, and the reconsideration was denied on November 4, 2020.

- <u>Lift Stay Motions by Medical Centers</u>. Proskauer professionals worked diligently to resolve motions for relief from the automatic stay filed by certain Puerto Rico medical and health centers seeking to liquidate their claims related to payment for providing medical services to the citizens of Puerto Rico.[36] Proskauer attorneys

---

[33] *See Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 13579; Case No. 17-4780, ECF No. 2050].

[34] *See Limited Objection and Reservation of Rights of Tradewinds Energy to Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [Case No. 17-4780, ECF No. 2067]*, Objection of GS Fajardo Solar LLC to Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [Case No. 17-4780, ECF No. 2100]*, and   Limited Objection and Reservation of Rights of GG Alternative Energy Corp to Omnibus Motion of Puerto Rico Electric Power Authority For Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief (Dockets Entry #2050, #2055)* [Case No. 17-4780, ECF No. 2117].

[35] *See Order Granting Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief* [ECF No. 14334; Case No. 17-4780, ECF No. 2198] and *Memorandum Opinion Regarding Omnibus Motion of Puerto Rico Electric Power Authority for Entry of an Order (A) Authorizing PREPA to Reject Certain Power Purchase and Operating Agreements, and (B) Granting Related Relief (Docket Entry No. 13579)* [ECF No. 14335; Case No. 17-4780, ECF No. 2199].

[36] *See Motion of Atlantic Medical Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc., Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de Salud de Patillas, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's Prior Order and (II) Relief From The Automatic Stay* [ECF No. 12918] and *Motion of Salud Integral en la Montaña, Corporación de Servicios de Salud y Medicina Avanzada, NeoMed Center, Migrant Health Center, HPM Foundation, Morovis Community Health Center, and Concilio de Saludad Integral de Loiza for Allowance and Payment of Administrative Expense Claim, or, in the Alternative, Relief from the Automatic Stay* [ECF No. 13582].

conferred with the Oversight Board, its other advisors, AAFAF, and the Puerto Rico Department of Justice, evaluated the medical centers' claims, reviewed settlement proposals from opposing counsel, and negotiated and drafted a joint stipulation consensually resolving Salud Integral en la Montaña's Lift Stay Motion [ECF No. 14093]. The negotiations with the Atlantic Medical Center parties are ongoing and Proskauer expects to resolve that motion consensually.

- Six Laws Complaints. Vázquez Garced v. FOMB, Adv. Proc. Nos. 20-0080 – 20-0085. On June 17, 2020, the Governor of Puerto Rico filed six complaints against the Oversight Board related to the Oversight Board's challenge to six Commonwealth laws enacted in 2019 and 2020. Proskauer, on behalf of the Oversight Board, sought to work with the Government to resolve issues related to those laws prior to the Government's filing of the complaints, but was not able to reach a resolution. After the Oversight Board notified the Government that it no longer intended to challenge the implementation of Act 90, the Government voluntarily withdrew the sixth complaint on July 16, 2020.[37] On July 17, 2020, the Oversight Board filed its answers and counterclaims to the Government's complaints, maintaining that the five laws were inconsistent with the Commonwealth fiscal plan and PROMESA. On July 30, 2020, pursuant to the unopposed motion by the Oversight Board, the five cases were consolidated. On August 3, 2020, the Government answered the counterclaims, and on October 5, 2020, the Oversight Board filed its motion for summary judgment. The motion was fully briefed, and on November 24, 2020 Proskauer attorneys defended the Oversight Board's position at oral argument. On December 23, 2020, the Court denied the Government's motions for summary judgment and granted in part the Oversight Board's motion, enjoining the Government from implementing and enforcing Acts 82, 138, 176, 181, and 47. The Court also issued an order to show cause why the remaining counts and counterclaims could not be dismissed as moot or for lack of subject matter jurisdiction. On January 4, 2021, in response to the order, the parties stipulated that the cases could be dismissed without prejudice, and on January 7, 2021 the Court issued the order dismissing the remaining counts and counterclaims and entered a judgment closing the cases. On January 21, 2021, the Government appealed the Title III Court's decisions. Pierluisi v. FOMB, Case No. 21-1071 (1st Cir.).

- Ambac Bankruptcy Clause Challenge. Ambac Assurance Corp. v. FOMB, Adv. Proc. No. 20-00068: On May 26, 2020, Ambac Insurance Corporation filed an action against the Oversight Board seeking to declare Titles I, II, and III of PROMESA unconstitutional and unenforceable, to enjoin the Oversight Board from taking any further action under Titles I, II, and III, and to dismiss the Debtors' pending Title III petitions. On the same date, Ambac filed a notice of constitutional challenge to a federal statute. On August 17, 2020, Proskauer filed a motion to dismiss on behalf of the Oversight Board and its individual members [Adv. Proc. No. 20-00068; ECF

---

[37] See Notice of Voluntary Dismissal of Adversary Complaint for Declaratory Relief Related to Act 90 [Case No. 20-0081, ECF No. 5].

No. 37], which was subsequently joined and supported by the Retiree Committee and AAFAF. The United States also filed its memorandum in support of constitutionality of PROMESA. Proskauer argued the Oversight Board's position on January 12, 2020. The matter is currently *sub judice* before the Title III Court.

25.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

26.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$16,208,614.29**, as (i) compensation for professional services rendered in the amount of $14,735,103.90, and (ii) the Gross-Up Amount of $1,473,510.39;[38] and (b) **$556,621.24** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services. Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $80,920.20 and $16,829.17, respectively, on top of the sizeable discount embedded in its Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

27.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor. Subject to redaction where necessary to preserve mediation

---

[38] Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. As of the date hereof, Proskauer has not yet requested payment of the Gross-Up Amount, but has recently received information indicating it may need to do so.

confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

28.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

29.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 8,748.70 recorded hours by Proskauer's partners and senior counsel; 9,085.40 recorded hours by associates; 239.30 recorded hours by e-discovery attorneys; and 2,113.60 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other

professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case (or a Title III case).

30.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.  In addition, only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized in the Application.  Project Categories for which Proskauer billed less than 10 hours are included in **Exhibit B**.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

31.     The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> **Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Response:   As explained on page 5 and in footnotes 3 and 7 of the Summary above, Proskauer agreed not to request currently the allowance and payment of the amount attributable to the 4% rate increase as of January 1, 2020 provided in its Engagement Letter.  For fees accrued as of January 1, 2021, however, the Oversight Board terminated its request that Proskauer defer requesting collection of its full fees pursuant to the Engagement Letter.
>
> **Question**:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:   The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 13.3% below the budgeted fees).

**Question**:   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:   No.

**Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Response:   No, the Application does not include time or fees related to reviewing time records or preparing, reviewing, or revising invoices in connection with the preparation of monthly fee statements.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:   No time was spent redacting time records on account of privilege concerns. However, the Application does include time related to reviewing time records to redact certain time entries pursuant to Court-ordered mediation confidentiality. Proskauer paraprofessionals expended 5.90 hours and billed $1,593.00 for redacting mediation related entries in Proskauer's monthly fee statements related to Proskauer's ninth interim fee application.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:   Yes. Proskauer's Engagement Letter with the Oversight Board provides Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). As of January 1, 2020, the rate increase was 4%, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $820 per hour, for e-discovery attorneys of $405 per hour, and for paraprofessionals of $280 per hour. Billed at these rates, as negotiated in the Engagement Letter, Proskauer's incremental fees for the Compensation Period total $577,582.60, as detailed in the attached **Exhibit E**. Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Proskauer again provides notice of the automatic rate adjustment, pursuant to paragraph 2.c.2 of the Court's

24

order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678]. Pursuant to the Engagement Letter, the rate increase equals the lesser of Proskauer's actual percentage rate increase and 4%, pursuant to paragraph 2.c.2 of the Court's order dated June 26, 2019 [Case No. 17-3283, ECF No. 7678]. Although this Application does not cover fees accrued in 2021, pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.

Proskauer, however, agreed for fees accrued prior to January 1, 2021, at the request of the Oversight Board, not to request currently the allowance and payment of the incremental fees based on the new rates. Instead, Proskauer is currently requesting payment of fees at the rates detailed in the Fifth Interim Application: $789 per hour for attorneys, $390 per hour for e-discovery attorneys, and $270 per hour for paraprofessionals. The Engagement Letter is not otherwise amended.

### Gross-Up Amount

32.    Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island. Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

33.    On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed. Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

34.    Proskauer requests approval now, as part of its fees and expenses, of Gross-Up Amount, in the amount of **$1,473,510.39** for the current Application, and additional amounts for prior Applications as set forth in the prior Applications, for a total of approximately $6.3 million. But Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the

Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date hereof, Proskauer has not yet requested payment of the Gross-Up Amount, but has received information it may have to do so in the near term.

35.    Proskauer will also be entitled to an additional payment to offset the amount of Puerto Rico tax payable on net income earned for services rendered outside of the United States to the extent the United States objects to or determines negatively Proskauer's request for a foreign tax credit for the taxes paid to Puerto Rico on such income for the benefit of its partners.  The amount of the additional payment will be determined after taking into account all taxes payable in Puerto Rico and the United States on such additional payment, so Proskauer and its partners receive a net amount equal to the Puerto Rico taxes for which there was no credit.

## **Professionals Billing Fewer Than Five Hours per Month**

36.    The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.  Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the

urgency of certain briefing schedules required pulling in professionals from different work streams
to assist on time-sensitive matters.[39]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Antoon, Isaac L. | July | Mr. Antoon is an e-discovery project coordinator at Proskauer who assisted with various document review and production related issues. |
| Ashton, Ann M. | September | Ms. Ashton is a partner in Proskauer's litigation department who advised on Rule 2004 discovery related issues. |
| Assi, Christina | September | Ms. Assi is an associate in Proskauer's litigation department who assisted with drafting stipulations dismissing certain individual defendants in connection with the GO & Guaranteed Bonds Lien Avoidance and Secured Status Complaints. |
| Blaney, Ryan P. | June, August | Mr. Blaney is a partner in Proskauer's health care department who advised on discovery strategy regarding protected health information and on drafting a memorandum of understanding between the Oversight Board and ASES. |
| Carino, Elisa | September | Ms. Carino is an associate in Proskauer's litigation department who participated in meet-and-confer sessions with individual claimholders about adjournment of the September 2020 hearing on omnibus objections to claims. |
| Choy, Wai L. | July | Mr. Choy is an associate in Proskauer's corporate department who assisted with drafting the Oversight Board's agreement with an economic expert. |
| Cody, Sara E. | September | Ms. Cody is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Cook, Alexander N. | September | Mr. Cook is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |

---

[39] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III. Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Cooper, David C. | June, July, September | Mr. Cooper is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Cooper, Scott P. | June | Mr. Cooper is a partner in Proskauer's litigation department who advised on developing the Debtor's litigation strategy in connection with multiple adversary proceedings. |
| Curtis, Kelly M. | August, September | Ms. Curtis is an associate in Proskauer's litigation department who assisted with review of pleadings and other materials in connection with the Consul-Tech Administrative Claim Motion. |
| Dalsen, William D. | June – September | Mr. Dalsen is an associate in Proskauer's litigation department who assisted with Rule 2004 discovery related issues and participated in discovery-related meet-and-confer communications. |
| Desai, Rucha | June | Ms. Desai is an associate in Proskauer's litigation department who assisted with drafting the Oversight Board's reply in support of its motion for partial summary judgment in the CCDA Bonds Adversary Proceeding. |
| Dillon, Emma K. | September | Ms. Dillon is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Eggers, Peter J. | July, August | Mr. Eggers is an associate in Proskauer's health care department who assisted with analysis of various materials related to Medicaid wraparound payments in connection with the Health Centers' Lift Stay Motion. |
| Elsner, Rebecca R. | June, July | Ms. Elsner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Faust, Scott A. | July | Mr. Faust is a partner in Proskauer's labor & employment department who advised on further developing the Debtor's appellate strategy in in preparation for oral argument in the UECFSE Appeal. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Febus, Chantel | July, September | Ms. Febus is a partner in Proskauer's litigation department who analyzed the report and recommendation of the magistrate judge denying leave to amend in the Pinto Lugo Adversary Proceeding and advised on the Debtor's litigation strategy in multiple adversary proceedings. |
| Friedman, Olga | June, July, September | Ms. Friedman is an e-discovery staff attorney at Proskauer who advised on a variety of document review and production related issues. |
| Geary, Laura M. | August | Ms. Geary is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Hackett, Michael R. | July | Mr. Hackett is a partner in Proskauer's litigation department who reviewed and analyzed information related to potential amendments to the Puerto Rico Pharmacy Law and Insurance Code. |
| Hamburger, Paul M. | July | Mr. Hamburger is a partner in Proskauer's labor & employment department who participated in negotiations with certain unions on social security issues and analyzed related proposals and draft agreements. |
| Henderson, Laurie A. | July | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Hoffman, Joan K. | June | Ms. Hoffman is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Horwitz, Jeffrey A. | August | Mr. Horwitz is an partner in Proskauer's corporate department who advised on the application of the CARES Act to certain Puerto Rico laws. |
| Jones, Jennifer L. | September | Ms. Jones is an associate in Proskauer's litigation department who assisted with research and analysis on a variety of issues related to the GO & Guaranteed Bonds Lien Avoidance and Secured Status litigation strategy. |
| Klevan, Victoria L. | August | Ms. Klevan is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Lerner, Lela | June | Ms. Lerner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Markofsky, Lisa | June | Ms. Markofsky is an associate in Proskauer's litigation department who assisted with legal research and analysis in connection with the Oversight Board's efforts to enjoin the Puerto Rico legislature from enacting and implementing HJR 719. |
| Mazurek, Carl | June | Mr. Mazurek is an associate in Proskauer's litigation department who assisted with review of pleadings and managing deadlines. |
| Pantoja, Karina | July | Ms. Pantoja is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |
| Perra, Kevin J. | June – September | Mr. Perra is a partner in Proskauer's litigation department who advised on further developing the Debtor's litigation and appellate strategy. |
| Peterson, Cathleen P. | June, August | Ms. Peterson is a senior consultant of e-discovery services at Proskauer who assisted with document review and production related matters and in connection with setting up the plan confirmation data repository. |
| Presant, Bradley M. | August | Mr. Presant is an associate in Proskauer's litigation department who assisted with a variety of Rule 2004 discovery related issues. |
| Ramachandran, Seetha | June – September | Ms. Ramachandran is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Debtor's litigation strategy. |
| Robinson, Christina A. | August | Ms. Robinson is an associate in Proskauer's corporate department who assisted with legal research in connection with certain Puerto Rico laws. |
| Rosenthal, Marc E. | June – September | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on insurance related issues in connection with further developing the Debtor's litigation and appellate strategy. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Schaefer, Shealeen E. | July – September | Ms. Schaefer is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |
| Shelton, Jordan M. | September | Mr. Shelton is an associate in Proskauer's corporate department who assisted with legal research in connection with certain Puerto Rico laws. |
| Silvestro, Lawrence T. | June, July, September | Mr. Silvestro is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Tal, Yuval | June, August | Mr. Tal is a partner in Proskauer's corporate department who advised on the impact of the CARES Act on the Debtor's Title III case. |
| Zall, Richard J. | August, September | Mr. Zall is a partner in Proskauer's health care department who advised on review and analysis of various materials related to Medicaid wraparound payments in connection with the Health Centers' Lift Stay Motion. |

### Summary Description of Professional Services

37.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.  Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.  Project Categories for which Proskauer billed less than 10 hours during the Compensation Period are listed in **Exhibit B**.

**I.     Matter No. 33260.0002 (PROMESA Title III: Commonwealth)**

38.     This matter number covers time spent relating to the core Commonwealth Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.

    (a) <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants</u>
       <u>(Project Category 201)</u>
       (Fees:  <u>$145,491.60</u>; Hours:  <u>184.40</u>)

39.     This Project Category includes time spent communicating with the Oversight Board

and its representatives, agents, and consultants, as well as preparing for and advising on fiscal plans,

public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time:

- Communicating with the Oversight Board and its other advisors regarding the continuing COVID-19 pandemic and its impact on the Commonwealth and its instrumentalities, and evaluating the measures undertaken by the Government in response to the crisis;

- Communicating with the Oversight Board and its other advisors and experts regarding proposed budgets, revisions and changes to fiscal plans, plan adjustments and plan proposals by various parties, Commonwealth restructuring options, retention of additional Oversight Board consultants and experts; and attending Oversight Board calls on the plan of adjustment, budgets, and fiscal plans;

- Communicating with the Oversight Board and its other advisors and experts regarding pending legislation, analyzing recent court decisions challenging the federal government's policy of denying certain benefits to residents of Puerto Rico[40] and their potential impact, and reviewing and advising the Oversight Board on its letters to Puerto Rico Government opposing certain proposals;

- Assisting the Oversight Board's Executive Director Natalie A. Jaresko in preparing for her testimony before the U.S. House Committee on Natural Resources related to PROMESA amendments proposed by the Committee's Chairman Raúl M. Grijalva, and attending the related National Resources Committee hearing;

- Drafting and revising the Oversight Board's memorandum of understanding with Administración de Seguros de Salud de Puerto Rico ("<u>ASES</u>") concerning the Board's request for healthcare data to evaluate the state of implementation of the healthcare reform across the Puerto Rico Government, and drafting an internal protocol for the Board;

- Preparing for and attending the Oversight Board's public meetings; and

- Preparing for and participating in weekly strategy calls with the Oversight Board and its other advisors regarding the status of the Debtor's Title III Case, discussing the need for adjournment of certain hearings and extension of certain deadlines in light of the COVID-19 related protocols and procedures, preparing daily litigation updates for the Oversight Board, and developing further litigation and mediation strategy in the Debtor's Title III Case.

---

[40] *See United States v. Vaello-Madero*, 956 F.3d 12 (1st Cir. 2020); *Pena-Martinez v. Azar,* No. 18-01206 (D.P.R. Aug. 3, 2020), ECF No. 97.

     (b) <u>Legal Research (Project Category 202)</u>
        (Fees:  <u>$48,286.80</u>; Hours:  <u>61.20</u>)

40.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Analyzing and researching a variety of legal issues in connection with the Debtor's Title III Case, including, among others, PROMESA governance issues, burden of proof in stay proceedings, post-petition amendments to prepetition agreements, summary judgment standards, and intervention and standing related issues;

- Researching issues related to the Debtor's proposed plan of adjustment, including, among others, classification and dischargeability of claims for potential claim objections, treatment of undersecured claims, estimation of claims for solicitation and voting purposes, and standing to challenge plan support agreements; and

- Researching and analyzing a wide variety of issues in connection with Court-ordered mediation.

     (c) <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
        (Fees:  <u>$156,143.10</u>; Hours:  <u>197.90</u>)

41.     This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys spent time:

- Communicating with the Court regarding applicable rules and requirements, scheduling, and procedure related matters;

- Communicating with the Court regarding omnibus hearing dates and omnibus hearing agendas and informative motions;

- Preparing for and participating in omnibus hearings and hearings in adversary proceedings; and

- Reviewing and analyzing transcripts of court hearings.

     (d) <u>Communications with Claimholders (Project Category 204)</u>
        (Fees:<u>$132,194.70</u>; Hours: <u>183.40</u>)

42.     This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing responses to the Debtors' objections to claims, and reports and data from the Oversight Board's claims management and reconciliation consultant Alvarez & Marsal North America, LLC ("A&M"), communicating with claimholders and their respective advisors on a variety of legal issues related to the claims reconciliation, claims support, ACR, and ADR processes and proposals, and drafting and revising ADR settlement letters;

- Preparing for and participating in Court-ordered meet-and-confer sessions with various claimholders.

(e) Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
(Fees: $31,165.50; Hours: 39.50)

43.     This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Communicating with counsel for AAFAF and the Puerto Rico Government regarding the Debtor's Title III case strategy, further development and modification of the Debtor's plan of adjustment and disclosure statement, and the impact of the COVID-19 pandemic on the Debtor's restructuring efforts;

- Reviewing and advising the Oversight Board on its communications with AAFAF concerning certified budgets;

- Reviewing and advising the Oversight Board on its communications with Puerto Rico's Governor concerning constitutional amendments related to pensions;

- Reviewing and advising the Oversight Board on its communications with the mayor of San Sebastian, Puerto Rico concerning the municipality's compliance with the fiscal plan's budget and financial reporting requirements; and

- Advising the Oversight Board on PROMESA section 203(a) letters to the Puerto Rico Government, UPR Governing Board, Commonwealth, and HTA providing feedback on their respective section 203(a) reports and on implementation of the measures set forth in their certified fiscal plans and budgets.

(f) Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $725,880.00; Hours: 920.00)

44.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Conducting research and analysis, evaluating the impact of the COVID-19 pandemic, and drafting the Oversight Board's status reports on the condition of the Commonwealth and its instrumentalities, activities of the Oversight Board, and on the proposed plan of adjustment and disclosure statement issues;

- Conducting further analysis of claims filed against the Debtors, drafting additional omnibus objections to claims and replies in support of the previously filed ones, and drafting notices of presentment of omnibus objections for satellite hearings;

- Reviewing and analyzing claimants' responses to the Debtors' omnibus objections to claims and designating certain claims for the administrative claims reconciliation ("ACR") process and alternative dispute resolution ("ADR") process, and drafting related ACR and ADR notices to Court;

- Conducting research and analysis, participating in strategy conferences, and drafting strategy memoranda for opposition to motions for partial summary judgment in CCDA, HTA and PRIFA revenue bond adversary proceedings;

- Conducting research and analysis and drafting the Oversight Board's opposition to Ambac's motion to strike certain provisions of the amended plan support agreement between the Oversight Board, certain GO holders, and certain PBA holders;

- Conducting research and analysis and drafting the Oversight Board's opposition to the bondholders' urgent motion for court order adjourning indefinitely the deadlines to file certain conflict motions regarding plan voting issues, plan objections relating to HTA's clawback claims, or the resolution of such claims

- Conducting research and analysis and drafting the Oversight Board's opposition to the urgent motion by the UCC to lift the automatic stay to allow the UCC to pursue its objection to the GO bonds' priority;

- Drafting a third amended stipulation between the Commonwealth and HTA tolling certain statutory deadlines, and related documents;

- Negotiating and drafting multiple protective orders related to discovery disputes in the Debtor's Tile III Case and in adversary cases; and

- Drafting omnibus hearing agendas and informative motions as directed by the Court, and multiple pleadings related to scheduling and extension of deadlines, including the twelfth and thirteenth case management procedures orders.

(g)   Non-Board Court Filings (Project Category 207)
      (Fees: $86,079.90; Hours: 109.10)

45.   This Project Category includes time spent reviewing and commenting on proposed Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing various filings by other parties and related Court orders entered in the

Debtor's Title III Case, including among others, multiple case management orders, joint standing orders on sealing and redacting filings, and protective orders related to discovery; evaluating newly filed complaints against the Debtors for impact on the ongoing litigation; analyzing Ambac's motion to strike certain provisions of the amended PSA, analyzing a related joinder by Assured Guaranty Corporation and Assured Guaranty Municipal Corporation and AAFAF's statement of position; analyzing the urgent motion by the UCC to lift the stay to pursue its objection to the GO bonds' priority, the joinder by Ambac, and the UCC's reply in support; reviewing and tracking multiple claimholders' responses to the Debtors' omnibus objections to claims; and reviewing status reports and informative motions filed by various parties in preparation for omnibus hearings.

      (h) <u>Stay Matters (Project Category 208)</u>
          (Fees:  <u>$248,496.60</u>; Hours: <u>337.00</u>)

    46.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys spent time:

- Conducting legal research and analysis, reviewing related briefing, further developing the oral argument strategy, and otherwise preparing for oral argument on the monolines' Lift Stay Motions at the preliminary hearing, participating in the preliminary hearing on Lift Stay Motions;

- Reviewing, analyzing, and drafting high-level summaries of documents produced by various parties in connection with lift-stay related discovery;

- Analyzing the Preliminary Orders on the CCDA, HTA, and PRIFA lift stay motions and drafting relating memoranda for the Oversight Board advising on further strategy and next steps;

- Communicating with counsel for the Monolines, preparing for meet and confer sessions in advance of filing joint status reports on the parties' positions on remaining claims in Lift Stay Motions mandated by the Preliminary Orders, evaluating and responding to the monolines' proposals and drafts, and drafting joint status reports;

- Conducting further research, reviewing, analyzing the Monolines' consolidated supplemental brief in support of the Lift Stay Motions, and drafting related opposition;

- Reviewing and analyzing creditor Suiza Dairy Corporation's motion for a comfort order related to automatic stay, Industria Lechera de Puerto Rico, Inc.'s ("Indulac") request for leave to appear and be heard in the matter, and drafting the Oversight Board's opposition to Indulac's intervention;

- Conducting legal research and analysis and drafting opposition to the UCC's urgent motion requesting lift of stay to pursue its objection to GO bonds priority, reviewing the UCC's reply and Ambac's joinder, and preparing for and participating in the oral argument on the motion; and

- Drafting the Debtors' sixteenth, seventeenth, and eighteenth omnibus motions for approval of modifications to the automatic stay, identifying each modification to the stay agreed to by the Debtors during the relevant period, and seeking retroactive Title III Court approval of such modifications.

(i)  Analysis and Strategy (Project Category 210)
     (Fees: $2,505,980.10; Hours: 3,176.40)

47.    This Project Category includes time spent related to legal analysis on, and strategic approach to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps; (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category; and (c) preparing for and participating in discovery, and preparing for and attending depositions. Specifically, Proskauer attorneys spent time reviewing and analyzing a wide variety of reports, memoranda, financial analyses, press releases, pleadings, and court orders, drafting and updating tasks and issues lists, preparing for and participating in weekly Proskauer internal litigation calls on further developing litigation, appellate, and discovery strategy and on litigation and appellate issues pending in these complex and time sensitive Title III cases, preparing for and participating in weekly Proskauer internal restructuring calls on further development of the Debtors' plan of adjustment, and drafting internal memoranda to Proskauer litigation and restructuring teams.

(j)  General Administration (Project Category 212)
     (Fees: $419,274.00; Hours: 1,504.20)

48.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities, including maintaining the case

calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest. Specifically, Proskauer attorneys and paraprofessionals spent time, at the request of the client, reviewing and analyzing a wide variety of pleadings, court orders, and litigation and appellate dockets, drafting and updating charts of litigation and discovery deadlines, reviewing, analyzing, and compiling materials for court hearings and Proskauer internal meetings, analyzing written discovery materials and maintaining document production indexes, and communicating with e-discovery vendors on a wide variety of document collection, processing, and related issues.

    (k)   <u>Labor, Pension Matters (Project Category 213)</u>
          (Fees: <u>$38,345.40</u>; Hours: <u>48.60</u>)

49.    This Project Category includes time spent reviewing employee and retiree benefits issues. Specifically, Proskauer attorneys spent time:

- Conferring with the Oversight Board and its other advisors on pension and benefits related issues in connection with the COVID-19 pandemic, as well as analyzing and evaluating ongoing Puerto Rico legislative efforts related to pensions and Social Security benefits, their sustainability and their impact of the Debtors' proposed plan of adjustment, and advising the Board on further strategy and next steps; and

- Communicating with the counsel for teachers' unions regarding collective bargaining agreements and Social Security related issues, reviewing and analyzing the unions' proposals, preparing the Oversight Board's counter-proposals concerning the Debtors' pension and retirement benefits obligations, and participating in settlement discussions.

    (l)   <u>Plan of Adjustment and Disclosure Statement (Project Category 215)</u>
          (Fees: <u>$491,256.90</u>; Hours: <u>624.20</u>)

50.    This Project Category includes time spent on issues related to the terms of the proposed Title III plan. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board and its other advisors and experts, reviewing and analyzing the Debtors' financial documents, comparing certified fiscal plans and budgets to the proposed plan of adjustment, evaluating existing plan of adjustment

strategy, and drafting the revised plan of adjustment proposal to make the Debtors'
plan more affordable and sustainable given the negative effect of the pandemic and
resultant economic shutdown;

- Analyzing the Commonwealth's current financials, drafting memoranda to the
Oversight Board, and participating in weekly discussions with the Board's advisors
of the cash restriction and best interests analyses;

- Continuing the plan support agreement ("PSA") related negotiations with certain
Commonwealth bondholders to address the new reality created by the COVID-19
pandemic, participating in related mediation sessions, conferring with the Mediation
Team, and evaluating and discussing with the Oversight Board the third amendment
to the PSA proposed by the PSA creditors;

- Daily monitoring litigation developments and drafting summaries and updates to the
disclosure statement reflecting current status of litigation; and

- Drafting status reports to the Court on the proposed plan of adjustment process and
developments in light of the COVID-19 pandemic and resultant economic
challenges.

(m)   Confirmation (Project Category 216)
      (Fees: $25,120.20; Hours: 32.90)

51.    This Project Category includes time spent relating to plan confirmation.
Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal and
procedural issues related to confirmation of the Debtors' plan of adjustment, including plan
confirmation requirements and confirmation hearing procedures, participating in planning
communications with Prime Clerk LLC and Liquid Litigation Management related to confirmation
data hosting repository, reviewing and revising dataroom work plan, proposed work flow and Prime
Clerk process integration, and preparing plan confirmation related documents for uploading to the
repository.

(n)   Employment and Fee Applications (Project Category 218)
      (Fees: $53,994.60; Hours: 120.40)

52.    This Project Category includes time spent on issues related to the compensation of
Proskauer, and the retention and compensation of other Oversight Board professionals, including

the preparation of interim fee applications.  Specifically, Proskauer attorneys and paraprofessionals

spent time:

- Drafting Proskauer's ninth and tenth interim fee applications; and
- Reviewing the Fee Examiner's correspondence and reports relating to Proskauer's pending interim fee applications, and preparing for and participating in conferences with the Fee Examiner on issues relevant to the same.

(o)  Appeal (Project Category 219)
(Fees: $20,119.50; Hours: 25.50)

53.    This Project Category includes time spent preparing appeals and participating in

appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Conducting legal research and analysis and drafting a memorandum for the Oversight Board evaluating the implications of the U.S. Supreme Court decision in the Appointments Clause appeal on various adversary cases, specifically assessing issues of stay and dismissal; and
- Conferring with Proskauer appeal team in preparation for oral argument in the UECSFE, COFINA, and Western Surety appeals.

## II.    Matter No. 33260.0034 (Commonwealth Title III – Healthcare)

54.    This matter number covers time spent working on the *Motion of Atlantic Medical

Center, Inc., Camuy Health Services, Inc., Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc.,

Ciales Primary Health Care Services, Inc., Corp. de Serv. Médicos Primarios y Prevención de

Hatillo, Inc., Costa Salud, Inc., Centro de Salud de Lares, Inc., Centro de Servicios Primarios de

Salud de Patillas, Inc., and Hospital General Castañer, Inc. Seeking (I) Enforcement of the Court's

Prior Order and (II) Relief From The Automatic Stay* [ECF No. 12918] (the "Health Centers' Lift

Stay Motion"), the *Motion of Salud Integral en la Montaña, Corporación de Servicios de Salud y

Medicina Avanzada, NeoMed Center, Migrant Health Center, HPM Foundation, Morovis

Community Health Center, and Concilio de Saludad Integral de Loiza for Allowance and Payment

of Administrative Expense Claim, or, in the Alternative, Relief from the Automatic Stay* [ECF No.

13582] (the "Community Health Centers' Lift Stay Motion"), and on adversary proceedings involving healthcare and Medicaid claims in the Debtor's Title III Case, including *Atlantic Medical Center v. Commonwealth,* Adv. Proc. No. 17-00278 and *CSI v. Commonwealth*, Adv. Proc. Nos. 17-00292 and 17-00298, and any appeals related thereto.

(a) Legal Research (Project Category 202)
(Fees: $27,141.60; Hours: 34.40)

55. This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing a variety of issues related to the Puerto Rico Medicaid program, including the statutory requirements for providing wraparound payments, in drafting the Oversight Board opposition to the Community Health Centers' Lift Stay Motion and second motion to dismiss certain consolidated complaints.

(b) Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $104,700.30; Hours: 132.70)

56. This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Conducting research and analysis and drafting opposition to the Community Health Centers' Lift Stay Motion and joint stipulation and proposed order consensually resolving the motion;

- Conducting research and analysis and drafting the joint status report on the status of the health care related adversary proceedings in response to a Court order, and the Oversight Board's second motion to dismiss consolidated complaints by the AMC and CSI plaintiffs and reply in support.

(c) Stay Matters (Project Category 208)
(Fees: $33,374.70; Hours: 42.30)

41

57.     This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys spent time reviewing the Community Health Centers' Lift Stay Motion, conducting legal and factual research and analysis, conferring with the Oversight Board, its other advisors, AAFAF and the Puerto Rico Department of Justice, evaluating the Community Health Centers' claims, reviewing settlement proposals, and drafting a joint stipulation and proposed order consensually resolving the Community Health Centers' Lift Stay Motion.

    (d)   <u>Analysis and Strategy (Project Category 210)</u>
        (Fees: <u>$101,938.80</u>; Hours: <u>129.20</u>)

58.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (e)   <u>General Administration (Project Category 212)</u>
        (Fees: <u>$6,048.00</u>; Hours: <u>22.40</u>)

59.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## III.   **Matter No. 33260/035 (Commonwealth Title III – Appointments Clause)**

60.     This matter number covers time spent working on the Appointments Clause motions and adversary proceedings filed in the Debtor's Title III Case, including *Assured v. FOMB*,

Case No. 18–AP–087, and *Hernandez-Montañez v. FOMB,* Case No. 18–AP–090, and any appeals related thereto (the "Appointments Clause Appeals").

   (a)   Analysis and Strategy (Project Category 210)
           (Fees: $26,273.70; Hours: 33.30)

   61.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings.

## IV.   Matter No. 33260.0039 (Commonwealth Title III – Rule 2004)

   62.   This matter number covers time spent working on Rule 2004 motions filed in the Debtor's Title III Case and any appeals related thereto.

   (a)   Legal Research (Project Category 202)
           (Fees: $9,231.30; Hours: 11.70)

   63.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing a variety of issues related to the Rule 2004 discovery propounded by the Monolines concerning the Debtors' prioritized assets, cash restriction analysis, and pension liability issues.

   (b)   Communications with Claimholders (Project Category 204)
           (Fees: $64,382.40; Hours: 81.60)

   64.   This Project Category includes time spent communicating with the Debtor's various claimholders. Specifically, Proskauer attorneys spent time communicating with the Monolines on a variety of legal issues related to their Rule 2004 motions and informal document requests, developing strategy, reviewing and responding to the meet-and-confer communications, and

preparing for and participating in numerous meet-and-confer conferences with the Monolines and other parties related to the discovery propounded by the Monolines concerning the Debtors' prioritized assets, cash restriction analysis, and pension liability issues, and to Ambac's Rule 2004 motions.

(c)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees:  $8,600.10; Hours:  10.90)

65.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time drafting responses and objections to the discovery requests propounded by the Monolines and, as mandated by the Court, joint status reports with respect to the Rule 2004 Motions and status of discovery.

(d)   Analysis and Strategy (Project Category 210)
      (Fees: $484,640.10; Hours:  614.60)

66.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(e)   General Administration (Project Category 212)
      (Fees: $53,664.00; Hours:  166.00)

67.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**V.      Matter No. 33260.0040 (Commonwealth Title III – Cooperativas)**

68.    This matter number covers time spent working on challenges and adversary proceedings brought by the Cooperativas in the Debtor's Title III Case, including *Cooperativa de Ahorro y Credito Abraham Rosa v. Commonwealth*, Adv. Proc. No. 18-00028, and any appeals related thereto.

(a)    Legal Research (Project Category 202)
       (Fees: $30,692.10; Hours: 38.90)

69.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing a variety of issues for the reply brief in support of Oversight Board's motion to dismiss plaintiffs' second amended complaint.

(b)    Documents Filed on Behalf of the Board (Project Category 206)
       (Fees: $110,538.90; Hours:  140.10)

70.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing the second amended complaint filed by the Cooperativas, plaintiffs' opposition to the Oversight Board's motion to dismiss the second amended complaint, and drafting the reply brief in support of motion to dismiss.

**VI.      Matter No. 33260.0041 (Commonwealth Title III – Miscellaneous)**

71.    This matter number covers time spent working on miscellaneous motions and adversary proceedings, including motions for relief from the Title III stay and any appeals related thereto.  In this Compensation Period, items billed to this matter included, among other things, work on (i) *Pinto Lugo v. United States*, Adv. Proc. No. 18-00041 (the "Pinto Lugo Adversary Proceeding"); (ii) *Hernandez-Montanez v. FOMB*, Adv. Proc. No. 18-00090 (the "Hernandez-

Montanez Adversary Proceeding"); (iii) motion for relief from automatic stay based on alleged civil rights violations filed by Yashei Rosario and Development Socioeconomic Sustainable Fideicomiso of Vieques, CODESU, Inc. [ECF No. 13597] (the "Rosario Lift Stay Motion"); (iv) motion for payment of administrative claim for post-petition services filed by Consul-Tech Caribe Inc. [ECF No. 9845] (the "Consul-Tech Administrative Claim Motion"); (v) *UMCFSE v. Commonwealth*, Case No. 19-2028 (1st Cir.) (the "UMCFSE Appeal"); (vi) *UECFSE v. Commonwealth*, Case No. 19-2243 (1st Cir.) (the "UECFSE Appeal"); and *Diaz Mayoral v. Commonwealth*, Case No. 20-1279 (1st Cir.) (consolidated with Case No. 19-2231) (the "Diaz Mayoral Appeal").

(a)   Legal Research (Project Category 202)
      (Fees: $10,497.90; Hours: 13.70)

72.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time conducting research in support of motion to dismiss the Hernandez-Montanez Adversary Proceeding and for opposition to Consul-Tech Administrative Claim Motion, analyzing the relevant standard of review for objection to the report and recommendation of a magistrate judge in the Pinto Lugo Adversary Proceeding, and researching various issues in preparation for oral argument in the UECFSE Appeal.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees: $103,595.70; Hours:  131.30)

73.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Conducting research and analysis and conferring with counsel for AAFAF on AAFAF's opposition to the Consul-Tech Administrative Claim Motion;

46

- Conducting research and analysis and drafting the Oversight Board's statement of no opposition to plaintiffs' lift stay motion and subsequent motion to dismiss the Hernandez-Montanez Adversary Proceeding; and

- Conducting research and analysis and drafting the Oversight Board's supplemental response to the plaintiffs' motion for leave to file an amended complaint and opposition to the plaintiffs' objection to the report and recommendation of the magistrate judge denying the leave to amend in the Pinto Lugo Adversary Proceeding.

(c)   Non-Board Court Filings (Project Category 207)
      (Fees: $15,306.60; Hours: 19.40)

74.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing the Rosario Lift Stay Motion;

- Reviewing and the lift stay motion and complaint in the Hernandez-Montanez Adversary Proceeding; and

- Reviewing and analyzing various pleadings in the Pinto Lugo Adversary Proceeding.

(d)   Stay Matters (Project Category 208)
      (Fees: $154,463.70; Hours: 198.60)

75.   This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing newly filed requests to lift the automatic stay involving the Commonwealth;

- Communicating with AAFAF, claimholders, and their respective counsel regarding a variety of issues related to lift-stay requests;

- Drafting responses to requests to lift the automatic stay and stipulations permitting modifications of the stay; and

- Reviewing and analyzing the Rosario Lift Stay Motion and related litigation history, developing litigation strategy, and drafting the Oversight Board's opposition.

(e)  Analysis and Strategy (Project Category 210)
     (Fees: $33,769.20; Hours: 42.80)

76.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)  General Administration (Project Category 212)
     (Fees: $8,262.00; Hours:  30.60)

77.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(g)  Appeal (Project Category 219)
     (Fees: $178,787.40; Hours: 226.60)

78.   This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Reviewing and analyzing appellate briefs and Rule 28(j) submissions, conducting research and analysis, further developing oral argument strategy, and preparing for and participating in oral argument in the First Circuit Court of Appeals on two appellate matters filed by unions;

- Reviewing and analyzing multiple motions for extension of time filed by the appellants, the related order to show cause, and the order consolidating cases in connection with the Diaz Mayoral Appeal of the Title III Court order sustaining the Debtors' sixty-fourth omnibus objection to claims.

48

**VII.   Matter No. 33260.0061 (Commonwealth Title III –  Fiscal Plan/Budget Litigation)**

79.     This matter number covers time spent related to challenges by the Commonwealth Government to fiscal plans and budgets certified by the Oversight Board, including *Rossello Nevares/Vásquez Garced v. FOMB*, Adv. Proc. No. 18–00080, and *Rivera-Schatz v. FOMB*, Adv. Proc. No. 18–00081, and any appeals related thereto, including *Vásquez Garced, Governor of Puerto Rico v. FOMB*, Case No. 19-1305 (U.S.).

(a)    Appeal (Project Category 219)
      (Fees: $120,085.80; Hours:  152.20)

80.     This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing the Governor's petition for writ of certiorari to the U.S. Supreme Court questioning the Oversight Board's right to override the Government's ability to request reprogramming of funds under PROMESA, conducting legal research and analysis, conferring with the Oversight Board and its other advisors, further developing the appellate strategy, drafting the Oversight Board's opposition, and reviewing and analyzing the Governor's reply in support of the petition.

**VIII.   Matter No. 33260/069 (Commonwealth –  APPU v. University of Puerto Rico)**

81.     This matter number covers time spent related to the challenge by the Asociación Puertorriqueña de Profesores Universitarios to the modifications made to the Retirement System of the University of Puerto Rico pursuant to the Oversight Board's recommendations, including

*Asociación Puertorriqueña de Profesores Universitarios v. University of Puerto Rico*, Case No.

19–AP–0034 (the "<u>APPU Adversary Proceeding</u>"), and any appeals related thereto.

(a)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
      (Fees: <u>$48,207.90</u>; Hours: <u>61.10</u>)

82.   This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's

opposition to  the plaintiffs' objection to the report and recommendation of the magistrate judge

granting the Oversight Board's motion to dismiss plaintiffs' amended complaint and plaintiffs'

subsequent motion for leave to file second amended complaint.

(b)   <u>Non-Board Court Filings (Project Category 207)</u>
      (Fees: <u>$11,282.70</u>; Hours:  <u>14.30</u>)

83.   This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and

analyzing the report and recommendation of the magistrate judge granting the Oversight Board's

motion to dismiss plaintiffs' amended complaint, plaintiffs' objection to the report and

recommendation and subsequent motion for leave to file second amended complaint, University of

Puerto Rico's opposition to plaintiffs' objection, and plaintiffs' reply to defendants' responses.

(c)   <u>Analysis and Strategy (Project Category 210)</u>
      (Fees: <u>$31,244.40</u>; Hours: <u>39.60</u>)

84.   This Project Category includes time spent related to (a) legal analysis in, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work

streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

    (d)   <u>General Administration (Project Category 212)</u>
          (Fees: <u>$3,699.00</u>; Hours: <u>13.70</u>)

85.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## IX.   <u>Matter No. 33260.0072 (Commonwealth – GO & Guaranteed Bonds Lien Avoidance and Secured Status Complaints)</u>

86.    This matter number covers time spent relating to the Commonwealth Title III avoidance actions challenging the validity, enforceability, and extent of certain prepetition liens of the Commonwealth general obligation and guaranteed bonds, including *Commonwealth v. Autonomy Master Fund Limited*, Adv. Proc. No. 19-00291, *Commonwealth v. Cooperativa de Ahorro y Credito de Rincon*, Adv. Proc. No. 19-00292, *Commonwealth v. Ortiz de la Renta,* Adv. Proc. No. 19-00293, *Commonwealth v. Martinez Sanchez*, Adv. Proc. No. 19-00294, *Commonwealth v. Valdivieso*, Adv. Proc. No. 19-00295, *Commonwealth v. Friedman*, Adv. Proc. No. 19-00296, *Commonwealth v. Blackrock Financial Management, Inc.*, Adv. Proc. No. 19-00297, and any appeals related thereto.

    (a)   <u>Analysis and Strategy (Project Category 210)</u>
          (Fees: <u>$29,271.90</u>; Hours: <u>37.10</u>)

87.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with

an issue covered by another Project Category.

**X.**     **Matter No. 33260.0073 (Commonwealth – AMBAC/PRIFA Stay Relief Motion)**

88.     This matter number covers time spent relating to opposition to *Ambac Assurance*

*Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing*

*PRIFA Rum Tax Bonds* [ECF No. 7176] (the "PRIFA Stay Relief Motion") and the *Amended*

*Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured*

*Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association,*

*Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*

[ECF No. 10602] (the "Amended PRIFA Stay Relief Motion"), seeking a court order lifting the

automatic stay on certain actions related to the PRIFA bonds and allowing the PRIFA bondholders

to pursue those actions, or, in the alternative, providing adequate protection to the bondholders' lien

on the PRIFA rum taxes, and any appeals related thereto.

    (a)    Hearings and Other Non-Filed Communications with the Court (Project Category 203)
        (Fees: $8,442.30; Hours: 10.70)

87.     This Project Category includes time spent communicating with the Court and

reviewing the Court's communications and procedures. Specifically, Proskauer attorneys spent

time preparing for and participating in the preliminary hearing on the PRIFA Stay Relief Motion.

    (b)    Documents Filed on Behalf of the Board (Project Category 206)
        (Fees: $80,714.70; Hours: 102.30)

88.     This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category. Specifically,

Proskauer attorneys spent time drafting multiple informative motions in connection with the

preliminary hearing on the PRIFA Stay Relief Motion, and conducting legal and factual research,

conferring with counsel for AAFAF, and drafting the Oversight Board and AAFAF's consolidated response to the Monolines' supplemental brief regarding the revenue bonds lift stay motions.

    (c)   <u>Stay Matters (Project Category 208)</u>
            (Fees: <u>$15,069.90</u>; Hours: <u>19.10</u>)

       89.     This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys spent time preparing demonstrative exhibits, developing the oral argument strategy, drafting related informative motions, and otherwise preparing for the preliminary hearing on the PRIFA Stay Relief Motion, and reviewing and analyzing the Title III Court orders in connection with the hearing.

    (d)   <u>Analysis and Strategy (Project Category 210)</u>
            (Fees: <u>$29,271.90</u>; Hours: <u>37.10</u>)

       90.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (e)   <u>General Administration (Project Category 212)</u>
            (Fees: <u>$9,666.00</u>; Hours: <u>35.80</u>)

       91.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## XI.    Matter No. 33260/077 (Commonwealth –  Cooperativas v. COSSEC)

92.     This matter number covers time spent relating to the declaratory judgment action by the Commonwealth cooperativas challenging the COSSEC's fiscal plans, *Cooperativa de Ahorro y Crédito Abraham Rosa v. Public Corporation for the Supervision & Insurance of Cooperatives of Puerto Rico (COSSEC)*, Case No. 19–AP–389 (the "COSSEC Adversary Proceeding"), and any appeals related thereto.

(a)   Analysis and Strategy (Project Category 210)
       (Fees: $8,442.30; Hours: 10.70)

93.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## XII.   Matter No. 33260.0089 (Commonwealth – Action Objecting to Proofs of Claims filed by PRIFA Bondholders)

94.     This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by the PRIFA Defendants as holders and/or insurers of certain bonds issued by PRIFA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00003 (the "PRIFA Rum Tax Bonds Adversary Proceeding"), and any appeals related thereto.

(a)   Legal Research (Project Category 202)
       (Fees: $81,267.00; Hours: 103.00)

95.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal issues in connection

with drafting the Oversight Board's opposition to the Monolines' motion for leave to file oversized opposition to the Board's motion for partial summary judgment, opposition to the Monolines' Rule 56(d) declaration requesting that the Court deny or stay the summary judgment motion to allow defendants' discovery to proceed, and Oversight Board's reply in support of its motion for partial summary judgment disallowing claims described in certain counts of the adversary complaint.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
           (Fees: <u>$542,674.20</u>; Hours: <u>687.80</u>)

96.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Drafting the Oversight Board's opposition to the Monolines' motion for leave to file oversized opposition to the Board's motion for partial summary judgment;

- Conducting factual background analysis and legal research, conferring with the Oversight Board and its other advisors, further developing the litigation strategy, and drafting the Oversight Board's reply in support of its motion for partial summary judgment and objection to the Monolines request to stay or deny the summary judgment motion pursuant to Fed. R. Civ. P. 56(d); and

- Drafting the Oversight Board's opposition to the Monolines' motion requesting that the motions for partial summary judgment be decided on the papers and without oral argument and the hearing be cancelled, and drafting demonstrative exhibits and informative motions in connection with the hearing on the motions for summary judgment.

    (c)   <u>Non-Board Court Filings (Project Category 207)</u>
           (Fees: <u>$15,858.90</u>; Hours: <u>20.10</u>)

97.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time spent time reviewing and analyzing the Monolines' response to the Oversight Board's motion for partial summary judgment and their Rule 56(d) declaration requesting that the Court deny or stay the

summary judgment motion, the Monolines' sur-replies in opposition to summary judgment, and related joinders and Court orders.

    (d)   Analysis and Strategy (Project Category 210)
           (Fees: $157,721.10; Hours: 199.90)

    98.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (e)   General Administration (Project Category 212)
           (Fees: $35,937.00; Hours: 133.10)

    99.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**XIII.**   **Matter No. 33260.0090 (Commonwealth – Action Objecting to Proofs of Claims filed by CCDA Bondholders)**

    100.    This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claim filed against the Commonwealth and other lien claims asserted by the CCDA Defendants as holders and/or insurers of certain bonds issued by CCDA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00004 (the "CCDA Bonds Adversary Proceeding"), and any appeals related thereto.

    (a)   Legal Research (Project Category 202)
           (Fees: $110,538.90; Hours: 140.10)

101.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal issues in connection with drafting the Oversight Board's opposition to the Monolines' motion for leave to file oversized opposition to the Board's motion for partial summary judgment, opposition to the Monolines' Rule 56(d) declaration requesting that the Court deny or stay the summary judgment motion to allow defendants' discovery to proceed, and Oversight Board's reply in support of its motion for partial summary judgment disallowing claims described in the certain counts of the adversary complaint.

(b)  <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  <u>$691,953.00</u>; Hours:  <u>877.00</u>)

102.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time:

- Drafting the Oversight Board's opposition to the Monolines' motion for leave to file oversized opposition to the Board's motion for partial summary judgment;

- Conducting factual background analysis and legal research, conferring with the Oversight Board and its other advisors, further developing the litigation strategy, and drafting the Oversight Board's reply in support of its motion for partial summary judgment and objection to the Monolines request to stay or deny the summary judgment motion pursuant to Fed. R. Civ. P. 56(d); and

- Drafting the Oversight Board's opposition to the Monolines' motion requesting that the motions for partial summary judgment be decided on the papers and without oral argument and the hearing be cancelled, and drafting demonstrative exhibits and informative motions in connection with the hearing on the motions for summary judgment.

(c)  <u>Non-Board Court Filings (Project Category 207)</u>
(Fees:  <u>$26,510.40</u>; Hours:  <u>33.60</u>)

103.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category. Specifically, Proskauer attorneys spent time spent time reviewing and analyzing the Monolines' response to the Oversight Board's motion for partial summary judgment and their Rule 56(d) declaration requesting that the Court deny or stay the summary judgment motion, the Monolines' sur-replies in opposition to summary judgment, and related joinders and Court orders.

    (d)   <u>Stay Matters (Project Category 208)</u>
            (Fees: <u>$103,832.40</u>; Hours: <u>131.60</u>)

104.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys spent time reviewing the transcript of the preliminary hearing on Lift Stay Motions and related Title III Court order on the CCDA Lift Stay Motion, conducting additional factual background analysis and legal research, developing further litigation strategy, and drafting the Oversight Board's opposition to the Monolines' consolidated supplemental brief in support of the Lift Stay Motions.

    (e)   <u>Analysis and Strategy (Project Category 210)</u>
            (Fees: <u>$117,639.90</u>; Hours: <u>149.10</u>)

105.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (f)   <u>General Administration (Project Category 212)</u>
            (Fees: <u>$13,959.00</u>; Hours: <u>51.70</u>)

106.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**XIV.   Matter No. 33260.0093 (Commonwealth – Action Objecting to Proofs of Claims filed by HTA Bondholders against Commonwealth)**

107.   This matter number covers time spent relating to the action by the Oversight Board challenging the proofs of claims filed against Commonwealth and other lien claims asserted by the HTA Defendants as insurers and/or holders of certain bonds issued by HTA, *FOMB v. Ambac Assurance Corp.*, Adv. Proc. No. 20-00005 (the "HTA-Commonwealth Bonds Adversary Proceeding"), and any appeals related thereto.

(a)   Legal Research (Project Category 202)
(Fees: $179,377.20; Hours: 228.40)

108.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues in connection with drafting the Oversight Board's opposition to the Monolines' motion for leave to file oversized opposition to the Board's motion for partial summary judgment, opposition to the Monolines' Rule 56(d) declaration requesting that the Court deny or stay the summary judgment motion to allow defendants' discovery to proceed, and Oversight Board's reply in support of its motion for partial summary judgment disallowing claims described in the certain counts of the HTA Bonds adversary complaint.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
        (Fees:  <u>$802,018.50</u>; Hours:  <u>1,016.50</u>)

109.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Drafting the Oversight Board's opposition to the Monolines' motion for leave to file oversized opposition to the Board's motion for partial summary judgment;

- Conducting factual background analysis and legal research, conferring with the Oversight Board and its other advisors, further developing the litigation strategy, and drafting the Oversight Board's reply in support of its motion for partial summary judgment and objection to the Monolines request to stay or deny the summary judgment motion pursuant to Fed. R. Civ. P. 56(d); and

- Drafting the Oversight Board's opposition to the Monolines' motion requesting that the motions for partial summary judgment be decided on the papers and without oral argument and the hearing be cancelled, and drafting demonstrative exhibits and informative motions in connection with the hearing on the motions for summary judgment.

    (c)   <u>Non-Board Court Filings (Project Category 207)</u>
        (Fees:  <u>$27,141.60</u>; Hours:  <u>34.40</u>)

110.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time spent time reviewing and analyzing the Monolines' response to the Oversight Board's motion for partial summary judgment and their Rule 56(d) declaration requesting that the Court deny or stay the summary judgment motion, the Monolines' sur-replies in opposition to summary judgment, and related joinders and Court orders.

    (d)   <u>Analysis and Strategy (Project Category 210)</u>
        (Fees: <u>$626,150.40</u>; Hours: <u>793.60</u>)

111.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(e) <u>General Administration (Project Category 212)</u>
(Fees: <u>$27,135.00</u>; Hours: <u>100.50</u>)

112.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

## XV.   **Matter No. 33260.0094 (Commonwealth – Challenges Regarding Certain Laws and Orders)**

113.    This matter number covers time spent relating to the actions by the Governor of Puerto Rico and AAFAF seeking declaratory and injunctive relief and challenging the Board's efforts to nullify certain executive orders and laws passed by the Puerto Rico Legislature deemed inconsistent with PROMESA, or challenging fiscal plans certified by the Oversight Board, including *Vásquez Garced v. FOMB*, Adv. Proc. Nos. 20–00080 - 20–00085, and any appeals related thereto.

(a) <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)</u>
(Fees: <u>$11,046.00</u>; Hours: <u>14.00</u>)

114.    This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time communicating with the Oversight Board and its other advisors and experts regarding six

complaints filed by the Puerto Rico Governor and AAFAF against the Oversight Board, obtaining additional background on the Oversight Board's concerns, and discussing litigation strategy.

> (b) Legal Research (Project Category 202)
> (Fees: $17,910.30; Hours: 22.70)

115.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal issues in connection with responding to the six complaints and drafting the Oversight Board's counterclaims and motion for summary judgment, related to, among other things, PROMESA provisions and its legislative history, and the CARES Act.

> (c) Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
> (Fees: $190,227.90; Hours: 241.10)

116.    This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time communicating with counsel to AAFAF and with representatives of the Governor concerning legislative acts at issue in the six complaints, and drafting and revising letters on behalf of the Oversight Board to the Governor, Puerto Rico Government and AAFAF concerning various legislative acts and joint resolutions already adopted and proposed, their implementation by the Government, and their impact on the Commonwealth and its reorganization.

> (d) Documents Filed on Behalf of the Board (Project Category 206)
> (Fees: $831,369.30; Hours: 1,053.70)

117.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, obtaining additional background on the Oversight Board's concerns, drafting the Oversight Board's answers to the six adversary complaints and respective Board's counterclaims, corresponding with the Governor and AAFAF on behalf of the Oversight Board regarding dismissal of the Act 90 complaint, and drafting an unopposed motion to consolidate the five remaining adversary proceedings,[41] a joint urgent motion setting an expedited schedule, five motions for summary judgment on all claims and certain counterclaims, and related declarations in support.

(e)   Non-Board Court Filings (Project Category 207)
(Fees:  $23,354.40; Hours:  29.60)

118.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing the six complaints filed by AAFAF and the Governor, Cooperativa de Farmacias Puertorriqueñas' motion for leave to file an amicus brief related to Act 82, plaintiffs' answers to the Oversight Board's counterclaims, and plaintiffs' motions for summary judgment on Acts 138 and 176.

(f)   Analysis and Strategy (Project Category 210)
(Fees: $777,401.70; Hours: 985.30)

119.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work

---

[41] *Vásquez Garced v. FOMB*, Adv. Proc. No. 20–00081, was voluntary dismissed on July 16, 2020.

streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (g)   <u>General Administration (Project Category 212)</u>
          (Fees: <u>$16,794.00</u>; Hours: <u>62.20</u>)

      120.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

    (h)   <u>Labor, Pension Matters (Project Category 213)</u>
          (Fees: <u>$10,967.10</u>; Hours: <u>13.90</u>)

      121.    This Project Category includes time spent reviewing employee and retiree benefits issues.  Specifically, Proskauer attorneys spent time reviewing Puerto Rico legislation concerning police officers' and teachers' pensions, conferring with the Oversight Board and its other advisors and experts, and drafting related correspondence to the labor unions and the Puerto Rico Government on behalf of the Oversight Board.

**XVI.**   **<u>Matter No. 33260.0096 (Commonwealth – COVID-19 Contract Dispute)</u>**

      122.    This matter number covers time spent relating to the action by the Oversight Board to compel the Puerto Rico Government to provide documents regarding the procurement and negotiation of the contracts for purchase of COVID-19 related testing equipment and other medical supplies, *FOMB v. Vásquez Garced*, Adv. Proc. No. 20-00078 (the "<u>COVID-19 Contract Dispute</u>"), and any appeals related thereto.

    (a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
(Project Category 201)
(Fees:  $10,493.70; Hours:  13.30)

123.    This Project Category includes time spent communicating with the Oversight Board

and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal

plans, public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time

communicating with the Oversight Board and its other advisors regarding the Oversight Board's

complaint seeking to compel the Puerto Rico Government and AAFAF to provide information and

documentation concerning the procurement of COVID-19 related contracts, obtaining additional

background on the Oversight Board's concerns and its negotiations with the Government, and

discussing litigation strategy and a related press release.

    (b)   Legal Research (Project Category 202)
(Fees:  $14,991.00; Hours:  19.00)

124.    This Project Category includes time spent researching and analyzing legal issues, as

well as time spent drafting internal memoranda and/or draft briefs related to such research and

analysis, to the extent that such is not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time researching and analyzing a variety of legal issues in connection

with remedies available to the Oversight Board in connection with litigation relating to COVID-19

contract procurement, including the Oversight Board's jurisdiction and investigative powers under

PROMESA.

    (c)   Communications with the Commonwealth, its Instrumentalities, or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)
(Fees:  $11,835.00; Hours:  15.00)

125.    This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.  Specifically, Proskauer attorneys spent time preparing for and participating in

meet and confer communications with counsel to the Governor and to AAFAF regarding their production of documents and information in response to the Oversight Board's requests for information concerning COVID-19 related procurements and contracts, as well as litigation scheduling issues.

(d)  Documents Filed on Behalf of the Board (Project Category 206)
        (Fees: $240,329.40; Hours: 304.60)

126.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's complaint seeking to compel the Puerto Rico Government and AAFAF to provide information and documentation concerning procurement of the COVID-19 related contracts, an urgent motion to set a briefing schedule, the Oversight Board's response to the defendants' informative motion concerning the status of document production, and a notice of voluntary dismissal of the adversary proceeding in light of receipt of information from the defendants.

(e)  Analysis and Strategy (Project Category 210)
        (Fees: $192,516.00; Hours: 244.00)

127.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)  General Administration (Project Category 212)
        (Fees: $9,642.00; Hours: 33.00)

128.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

### XVII.  Matter No. 33260.0097 (Commonwealth – Ambac Bankruptcy Clause Challenge)

129.    This matter number covers time spent relating to the action by Ambac Insurance Corporation against the Oversight Board seeking to declare Titles I, II, and III of PROMESA unconstitutional and unenforceable, to enjoin the Oversight Board from taking any further action under Titles I, II, and III, and to dismiss the Debtors' pending Title III petitions, *Ambac Assurance Corp. v. FOMB*, Adv. Proc. No. 20-00068 (the "Ambac Bankruptcy Clause Challenge"), and any appeals related thereto.

(a)   Legal Research (Project Category 202)
       (Fees:  $66,433.80; Hours:  84.20)

130.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time researching and analyzing a wide variety of legal issues in connection with the Oversight Board's motion to dismiss Ambac's complaint alleging that PROMESA violates the uniformity requirement of the Bankruptcy Clause.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
       (Fees:  $440,893.20; Hours:  558.80)

131.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight

Board and its other advisors, and drafting the Oversight Board's motion to dismiss Ambac's complaint.

    (c)   <u>Non-Board Court Filings (Project Category 207)</u>
           (Fees: <u>$22,170.90</u>; Hours: <u>28.10</u>)

132.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing Ambac's complaint, motions for leave to intervene, joinders, and briefs by the Retiree Committee, AAFAF, and the United States supporting the constitutionality of PROMESA.

    (d)   <u>Analysis and Strategy (Project Category 210)</u>
           (Fees: <u>$147,700.80</u>; Hours: <u>187.20</u>)

133.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

    (e)   <u>General Administration (Project Category 212)</u>
           (Fees: <u>$7,992.00</u>; Hours: <u>29.60</u>)

134.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**XVIII.**    **<u>Matter No. 33260.0098 (Commonwealth – House Joint Resolution 719)</u>**

135.    This matter number covers time spent relating to Oversight Board's efforts to prevent the Puerto Rico Government from enacting Puerto Rico House Joint Resolution 719 ("HJR 719") proposing to assign $185 million from the Emergency Fund of the Government of Puerto Rico to the Municipal Revenues Collection Center ("CRIM").

(a)    Legal Research (Project Category 202)
       (Fees:  $19,093.80; Hours:  24.20)

136.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis in preparation for the potential filing of the Oversight Board's complaint and motion for injunctive relief seeking to enjoin the Puerto Rico legislature from enacting and implementing HJR 719.

(b)    Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
       (Fees:  $8,994.60; Hours:  11.40)

137.    This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time communicating with counsel to the Governor and drafting a related letter to the Government with respect to the proposed HJR 719 and its potential impact on the Commonwealth and its restructuring.

(c)    Documents Filed on Behalf of the Board (Project Category 206)
       (Fees:  $108,250.80; Hours:  137.20)

138.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's complaint and motion for

injunctive relief enjoining the Puerto Rico legislature from enacting and implementing the HJR
719.

    (d)    <u>Analysis and Strategy (Project Category 210)</u>
        (Fees:  <u>$118,271.10</u>; Hours: <u>149.90</u>)

139.    This Project Category includes time spent related to legal analysis on, and
brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,
including engaging in meetings to discuss strategic case considerations, the status of various work
streams and next steps, and all Proskauer internal meetings, except those specifically dealing with
an issue covered by another Project Category.

**XIX.**    **<u>Matter No. 33260.0099 (Commonwealth – Review of Fiscal Plans for Instrumentalities)</u>**

140.    This matter number covers time spent relating to review and analysis of fiscal plans
for various Commonwealth instrumentalities for compliance with PROMESA provisions.

    (a)    <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants</u>
        <u>(Project Category 201)</u>
        (Fees:  <u>$22,486.50</u>; Hours:  <u>28.50</u>)

141.    This Project Category includes time spent communicating with the Oversight Board
and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal
plans, public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time
communicating with the Oversight Board and its other advisors and experts regarding review and
analysis of the draft fiscal plans for instrumentalities, further developing the Oversight Board's
economic strategy, and attending the Oversight Board's strategy sessions regarding budgets and
fiscal plans.

    (b)    <u>Analysis and Strategy (Project Category 210)</u>
        (Fees: <u>$31,717.80</u>; Hours: <u>40.20</u>)

142.    This Project Category includes time spent related to legal analysis on, and
brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(c)   Plan of Adjustment and Disclosure Statement (Project Category 215)
      (Fees: $132,157.50; Hours: 167.50)

143.   This Project Category includes time spent on issues related to the terms of the proposed Title III plan.  Specifically, Proskauer attorneys spent time reviewing and analyzing fiscal plans for various instrumentalities, including, among others, CRIM, COSSEC, UPR, PRIDCO, PRASA, PREPA, HTA, and multiple Puerto Rico municipalities, and proposing multiple revisions to the fiscal plans to ensure compliance with PROMESA.

## XX.   Matter No. 33260.0100 (Commonwealth – Challenge to Pension Laws)

144.   This matter number covers time spent relating to Oversight Board's efforts to nullify and prevent from implementation three statutes enacted by the Puerto Rico Legislature designated as Acts 80-2020, 81-2020, and 82-2020.

(a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
      (Project Category 201)
      (Fees: $14,438.70; Hours: 18.30)

145.   This Project Category includes time spent communicating with the Oversight Board and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time communicating with the Oversight Board and its other advisors regarding the impact of the three pension laws on the Commonwealth's fiscal plan and proposed plan of adjustment, assessing related data provided by Puerto Rico Government, obtaining additional background on the Board's concerns, and discussing related press releases, outreach from public employees, and litigation strategy.

    (b)   Legal Research (Project Category 202)
         (Fees: $12,308.40; Hours: 15.60)

146.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time researching and analyzing a variety of legal issues in connection with drafting proposed Oversight Board's complaint and motion for injunctive relief enjoining the Puerto Rico Government from implementing the three pension related Acts.

    (c)   Communications with the Commonwealth, its Instrumentalities, or Representatives of
         the Commonwealth or its Instrumentalities (Project Category 205)
         (Fees: $35,741.70; Hours: 45.30)

147.    This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing, analyzing, and discussing with the Oversight Board the Governor's request for an extension of the 204(a) certification period concerning three pension laws, drafting letters to AAFAF and the Governor concerning section 204(a) time requirements, the Oversight Board's analysis of the potential economic impact of the three pension related Acts, requesting additional information, and analyzing the Governor's and AAFAF's responses to the Oversight Board's communications.

    (d)   Documents Filed on Behalf of the Board (Project Category 206)
         (Fees: $112,511.40; Hours: 142.60)

148.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting research and analysis, conferring with the Oversight Board and its other advisors, and drafting the Oversight Board's proposed complaint and motion

for injunctive relief seeking to enjoin the Puerto Rico Government from implementing the three pension related Acts.

   (e)  <u>Analysis and Strategy (Project Category 210)</u>
         (Fees: <u>$260,527.80</u>; Hours: <u>330.20</u>)

149.   This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

   (f)  <u>Labor, Pension Matters (Project Category 213)</u>
         (Fees: <u>$39,686.70</u>; Hours: <u>50.30</u>)

150.   This Project Category includes time spent reviewing employee and retiree benefits issues.  Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors and experts on pension and benefits related issues, analyzing Puerto Rico Social Security and retirement benefits related legislation, preparing a presentation for the Oversight Board regarding the fiscal impact of the three pension laws, preparing for and participating in multiple strategy sessions with the Oversight Board and Ernst and Young concerning the Board's next steps, evaluating the Governor's and AAFAF's responses to the Oversight Board's communications, and considering potential litigation related to the three pension related laws.

*    *    *    *

151.   The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's

creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

152.    In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Proskauer

153.    Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

154.    In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers, (d) conference services, (e) transcription and translation services, (f) litigation support, (g) court fees, and (h) professional services.  All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory.  In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

155.    Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses.  The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.   The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

156.    During the Compensation Period, Proskauer has disbursed **$556,621.24** as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services).  Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

### **Compensation Paid and Its Source**

157.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

158.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

159.    As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the

Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

### Reservations

160.   To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### Notice

161.   Pursuant to the Interim Compensation Order and the *Fourteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 15894-1],  notice of this Application has been filed in the Debtor's Title III Case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC,  250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Peter Friedman, Esq. (pfriedman@omm.com), Nancy A. Mitchell, Esq. (mitchelln@omm.com), and Maria J. DiConza, Esq. (mdiconza@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, 250 Ponce de León Ave., Suite 900, San Juan, PR 00918, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com), Carolina

Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com), and Iván Garau-González, Esq. (igarau@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com), James Bliss, Esq. (jamesbliss@paulhastings.com), James Worthington, Esq. (jamesworthington@paulhastings.com), and G. Alexander Bongartz, Esq. (alexbongartz@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com), Diana M. Batlle-Barasorda, Esq. (dbatlle@cstlawpr.com), Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com), and Ericka C. Montull-Novoa, Esq. (emontull@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine L. Steege, Esq. (csteege@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A piso 18, Ave. Ponce de León #416, Hato Rey, San Juan, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$16,208,614.29**, which is comprised of (i) fees for professional services rendered in the amount of $14,735,103.90 and (ii) the Gross-Up Amount to equal the amount to be submitted on electronic notice with a calculation by Proskauer,[42] and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$556,621.24**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

---

[42] Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date hereof, Proskauer has not yet requested payment of the Gross-Up Amount, but has recently received information indicating it may need to do so.

Dated: March 19, 2021
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M. Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*