UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER (I) DENYING WITHOUT PREJUDICE MOTION
REQUESTING TURNOVER OF MOTOR VEHICLE AND (II) PARTIALLY LIFTING AUTOMATIC STAY

    Before the Court is the *Motion Requesting Turnover of Motor Vehicle* (Docket Entry No. 15356 in Case No. 17-3283, the "Motion")[2] filed by Frederic Chardon Dubos (the "Movant"). Movant, who claims to be the registered owner of a 2000 Oldsmobile Intrigue GX Oro (the "Motor Vehicle") that the Puerto Rico Police Department allegedly seized sometime in 2014 or 2015, seeks declaratory relief and either injunctive or monetary relief in connection with

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references herein are to entries in Case No. 17-3283.

the Motor Vehicle's alleged seizure. (Mot. at 3.) The Court has subject matter jurisdiction of this matter pursuant to 48 U.S.C. § 2166 and has considered carefully the submissions of the parties.[3]

For the following reasons, the Motion is denied without prejudice to Movant's pursuit of his claims with respect to the Motor Vehicle in a forum of competent jurisdiction, under the Uniform Forfeiture Act of 2011, 34 L.P.R.A. § 1724 et. seq. (the "UFA"), and any other applicable laws. The automatic stay under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")[4] is lifted only (i) to the extent necessary to permit Movant to take such action and allow any future litigation commenced in connection with the Motor Vehicle to proceed to final judgment, including all appeals; and (ii) if judgment is entered in favor of Movant, to allow for the return of the Motor Vehicle to the extent the same is in the custody or control of the Commonwealth. The automatic stay shall continue to apply in all other respects to any proceedings arising from or relating to the issues raised in the instant motion practice including, without limitation, the payment of any money damages.

BACKGROUND

Movant alleges that the Puerto Rico Police Department seized the Motor Vehicle "sometime in 2014-2015" while it was in his son's possession. (Mot. ¶¶ 3-4.) Movant asserts

---

[3] In addition to the Motion, the Court has reviewed the *Objection of the Financial Oversight and Management Board for Puerto Rico to Motion Requesting Turnover of Motor Vehicle* (Docket Entry No. 15782, the "Objection") and the *Reply to Objection ECF No. 15782 of the Financial Oversight and Management Board for Puerto Rico to Motion Requesting Turnover of Motor Vehicle ECF No. 15356* (Docket Entry No. 15866, the "Reply").

[4] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" in the remainder of this opinion are to the uncodified version of the legislation.

that, following the seizure, he located the Motor Vehicle at a police facility but "was not given any information about [the Motor Vehicle's] fate." (Id. ¶ 5.)

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced the above-captioned debt adjustment proceeding on behalf of the Commonwealth by filing a petition in this Court under Title III of PROMESA. (See Docket Entry No. 1.) Movant filed the Motion on December 7, 2020, seeking a declaration that the Motor Vehicle is "not part of the [Commonwealth]'s estate" and an order directing the Commonwealth to "return Movant the Motor Vehicle or [its] cash equivalent." (Mot. at 3.)

On January 29, 2021, the Oversight Board filed its Objection to the Motion. (See Docket Entry No. 15782.) In the Objection, the Oversight Board states that Movant's property interest in the Motor Vehicle, if any, should be determined by the Puerto Rico Court of First Instance and, to that end, suggests that this Court should modify the automatic stay on a limited basis:

> The Oversight Board believes the appropriate 'vehicle' to determine Movant's asserted property interest in the Motor Vehicle would be a modification of the Title III stay solely to allow (i) Movant, to the extent he deems proper, to commence an action (the 'Litigation') in connection with the return of the Motor Vehicle, before the Puerto Rico Court of First Instance (the 'State Court'); (ii) the Litigation to proceed to final judgment before the State Court, the Puerto Rico Court of Appeals, and the Supreme Court of Puerto Rico, and (iii) for the return of the Motor Vehicle, to the extent the same is available and in possession of the Commonwealth, if a judgment were to be entered in favor of Movant, with the Title III Stay continuing to apply in all other respects to the Litigation, including, without limitation, the payment of any monetary damages.

(Id. ¶ 1 (footnotes omitted).) Additionally, the Oversight Board objects to the Motion on the bases that (i) the Motion is procedurally improper under Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (ii) Movant has not established a legal

or factual basis for his assertion that the Motor Vehicle was improperly seized or retained under the UFA, and (iii) the relief requested in the Motion would, if granted, violate section 305 of PROMESA. (See id. ¶¶ 9-17.)

In his Reply, Movant includes an excerpt from a January 7, 2021, email from Movant to the Oversight Board in which Movant stated, inter alia, that (i) he could not agree to the Oversight Board's stay modification proposal because the Motor Vehicle belongs to Movant and therefore is not property of the estate, and (ii) he was willing to stipulate "that this issue is a strict bankruptcy issue which the bankruptcy judge can resolve without the need to lift the stay" or, alternatively, that "the debtor will first send notice of the confiscation and [Movant] will contest it pursuant to the UFA in state court." (Reply ¶ 9.) Movant states in his Reply that he remains willing to stipulate to such terms. (Id. ¶ 10.)

## DISCUSSION

The Motion is Procedurally Improper Under Bankruptcy Rules 7001 and 7003

Bankruptcy Rule 7001 provides, in relevant part, that the following are adversary proceedings: "(1) a proceeding to recover money or property . . . ; (2) a proceeding to determine the validity . . . or extent of a lien or other interest in property . . . ; [or] (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing[.]" Fed. R. Bankr. P. 7001.[5] Unlike contested matters governed by Bankruptcy Rule 9014, which are initiated by motion, adversary proceedings must be commenced by the filing of a complaint, pursuant to Bankruptcy Rule 7003. Fed. R. Bankr. P. 7003 (making applicable in adversary proceedings Rule 3 of the Federal Rules

---

[5] The Bankruptcy Rules are made applicable in these Title III cases by section 310 of PROMESA.

of Civil Procedure, which states that "[a] civil action is commenced by filing a complaint with the court").

Through the Motion, Movant seeks a declaration that the Motor Vehicle is not property of the Commonwealth's estate,[6] as well as an order directing the Commonwealth to either return the Motor Vehicle to Movant or remit to Movant the Motor Vehicle's cash equivalent. All such relief falls within the purview of the above-referenced provisions of Bankruptcy Rule 7001. Movant's request for declaratory relief concerns the extent of his interest in property, namely, the Motor Vehicle (Bankruptcy Rule 7001(2) and (9)), and his request for return of the Motor Vehicle or its cash equivalent is a proceeding to recover money or property (Bankruptcy Rule 7001(1)). Movant's argument that Bankruptcy Rule 7001(1) and (9) do not apply here because they "refer to the recovery of money or property belonging to the estate" and the Motor Vehicle belongs to Movant (Reply ¶¶ 14-15 (emphasis removed)) is misplaced, as Bankruptcy Rule 7001(1) contains no such limitation in scope. Rather, it states that any "proceeding to recover money or property," with exceptions not relevant here, is an adversary proceeding. Accordingly, the Motion is denied as procedurally improper because Movant has failed to properly initiate an adversary proceeding by filing a complaint in accordance with Bankruptcy Rule 7003. See In re DBSI, Inc., 432 B.R. 126, 134-35 (Bankr. D. Del. 2010) (denying, as procedurally defective under Bankruptcy Rules 7001 and 7003, bank's motion in

---

[6] The Motion and the Reply refer to "property of the estate" and section 541 of the Bankruptcy Code (see, e.g., Mot. ¶ 8 (citing 11 U.S.C. § 541)), even though PROMESA does not incorporate that provision of the Bankruptcy Code, see 48 U.S.C. § 2161(a), and section 301(c)(5) of PROMESA provides that the term "property of the estate," when used in incorporated provisions of the Bankruptcy Code—such as section 362, which governs the scope and application of the automatic stay—means property of a Title III debtor, id. § 2161(c)(5). Because the estate/debtor distinction has no bearing on whether the Motion is procedurally deficient under Bankruptcy Rules 7001 and 7003, however, the Court does not discuss it further in this context.

bankruptcy court seeking declaratory judgment regarding its entitlement to monies in certain accounts).  Nevertheless, subject to the continued application of the automatic stay as set forth below, the Court's denial of the Motion is without prejudice to Movant taking the appropriate action in a forum of competent jurisdiction to pursue his claims with respect to the Motor Vehicle under the UFA and any other applicable laws.

The Automatic Stay Applies and Is Hereby Lifted Partially

Pursuant to section 362(a) of the Bankruptcy Code, made applicable in these proceedings by Section 301 of PROMESA, the filing of a Title III petition operates as a stay of "(1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [Title III], or to recover a claim against the debtor that arose before the commencement of the case" and of "(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C.A. § 362(a) (Westlaw through P.L. 116-259).  As noted above, section 301(c)(5) of PROMESA provides that the term "property of the estate," when used in incorporated provisions of the Bankruptcy Code, means property of a Title III debtor.  48 U.S.C. § 2161(c)(5); see Gracia-Gracia v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 340, 349 (1st Cir. 2019) ("PROMESA and the municipal bankruptcy code instruct that we replace all instances of 'property of the estate' that appear in the incorporated provisions of the bankruptcy code with 'property of the debtor.'" (citation omitted)).  This Court has also held that "[s]ection 301(c)(5) of PROMESA is . . . properly read as applying not only to incorporated provisions of the Bankruptcy Code that use the specific term 'property of the

Case:17-03283-LTS Doc#:16153 Filed:03/22/21 Entered:03/22/21 09:18:01 Desc: Main
Document Page 7 of 10

estate,' but also to provisions . . . that perform relevant functions and contain the term 'estate,'" such as section 362(a)(3). In re Fin. Oversight & Mgmt. Bd. for P.R., 621 B.R. 289, 299-300 (D.P.R. 2020).

Here, even assuming arguendo that an action under the UFA seeking return of the Motor Vehicle would not qualify as "a judicial, administrative, or other action or proceeding against the debtor" under section 362(a)(1) of the Bankruptcy Code (see Reply ¶ 21 ("If under UFA the return is ordered that would be an In rem action." (errors in original))), and that the Motor Vehicle is not "property of the debtor" under section 362(a)(3) of the Bankruptcy Code (see Reply ¶ 12 ("The motor vehicle in question belongs to movant and is not part of the debtor's bankruptcy estate." (emphasis and citation omitted))), the automatic stay would still apply. Section 362(a)(3) renders the automatic stay applicable to "any act to obtain possession of property . . . from the [debtor]." 11 U.S.C.A. § 362(a)(3) (Westlaw through P.L. 116-259) (emphasis added). Based on Movant's allegations, the Motor Vehicle is currently in the possession of the Puerto Rico Police Department, an agency of the Commonwealth. Thus, any action seeking return of the Motor Vehicle or its cash equivalent from the Commonwealth would qualify as an "act to obtain possession of property . . . from the [debtor]" within the meaning of section 362(a)(3). See 3 Alan N. Resnick & Henry J. Sommer, COLLIER ON BANKRUPTCY ¶ 362.03[5] (16th ed. 2020) (noting that section 362(a)(3) "requires that no entity grab non-estate property *from* the estate without the court supervision that comes from a stay relief proceeding"). The automatic stay therefore applies to the relief sought in the Motion and would likewise apply to any future proceedings seeking similar relief if such proceedings are commenced during the pendency of the Commonwealth's Title III case.

Section 362(d)(1) of the Bankruptcy Code, however, permits a court to grant relief from the automatic stay on request of a party in interest "for cause." 11 U.S.C. § 362(d)(1). To determine whether cause exists to lift the automatic stay, courts in this circuit examine the factors enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., 907 F.2d 1280, 1286 (2d Cir. 1990). See Autonomous Municipality of Ponce v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 939 F.3d 356, 362 (1st Cir. 2019). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues"; "lack of any connection with or interference with the bankruptcy case"; "the interests of judicial economy and the expeditious and economical resolution of litigation"; and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Many of the Sonnax criteria weigh in favor of lifting the automatic stay solely to permit Movant to take the appropriate steps to determine his entitlement to the Motor Vehicle, and to allow return of the Motor Vehicle if warranted. Allowing litigation to proceed regarding Movant's rights in relation to the Motor Vehicle, while maintaining the stay as to any monetary claims against the Commonwealth, would not interfere materially with the administration of the Commonwealth's Title III case and would permit efficient resolution of the central issues raised in the Motion. Nor would the return of the Motor Vehicle to Movant, to the extent appropriate and feasible, have a material effect on the Commonwealth's Title III case. The fact that the Oversight Board and the Movant largely agree that this limited relief from the automatic stay is appropriate (compare Obj. ¶ 1, with Reply ¶¶ 9, 10), demonstrates that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting Movant to seek adjudication of his rights in the appropriate forum. Accordingly, the automatic stay is lifted

only (i) to the extent necessary to permit Movant to take such action and allow any future litigation in connection with the Motor Vehicle to proceed to final judgment, including appeals; and (ii) if judgment is entered in favor of Movant, to allow for the return of the Motor Vehicle to the extent the same is in the custody or control of the Commonwealth. Cf. In re Fin. Oversight & Mgmt. Bd. for P.R., 2017 WL 7135380, at *2 (D.P.R. Sept. 13, 2017) (lifting Title III automatic stay, on consent of the Commonwealth, to permit continuation of forfeiture proceedings prior to entry and enforcement of any judgment for monetary damages).

## CONCLUSION

For the foregoing reasons, the Motion is denied without prejudice to Movant's pursuit of his claims with respect to the Motor Vehicle in a forum of competent jurisdiction, under the UFA and any other applicable laws. The automatic stay is lifted only (i) to the extent necessary to permit Movant to take such action and allow any future litigation commenced in connection with the Motor Vehicle to proceed to final judgment, including all appeals; and (ii) if judgment is entered in favor of Movant, to allow for the return of the Motor Vehicle to the extent the same is in the custody or control of the Commonwealth. The automatic stay shall continue to apply in all other respects to any proceedings arising from or relating to the issues raised in the instant motion practice including, without limitation, the payment of any money damages.

The parties are directed to promptly meet and confer regarding the location and status of the Motor Vehicle and the appropriate predicate for the commencement of any further judicial proceedings that may be necessary.

This Memorandum Order resolves Docket Entry No. 15356.

SO ORDERED.

Dated: March 22, 2021

                                                                                   /s/ Laura Taylor Swain
                                                                               LAURA TAYLOR SWAIN
                                                                               United States District Judge