# **EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>    Plaintiff,<br>v.<br>AMBAC ASSURANCE CORPORATION, *et al.*,<br>    Defendants. | Adv. Proc. No. 20-00003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00005-LTS |

**[PROPOSED] ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO COMPEL DOCUMENT DISCOVERY FROM THE GOVERNMENT <u>IN THE REVENUE BOND ADVERSARY PROCEEDINGS</u>**

THIS MATTER is before the Court on the *Defendants' Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings* (Dkt. No. 15914 in 17-BK-3283; Dkt. No. 126 in 20-AP-03; Dkt. No. 117 in 20-AP-04; and Dkt. No. 138 in 20-AP-05) ("Motion to Compel"), filed by Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, The Bank of New York Mellon, and U.S. Bank Trust National Association (collectively, the "Defendants") in Adv. Proc. No. 20-00003 ("PRIFA Adversary Proceeding"), Adv. Proc. No. 20-00004 ("CCDA Adversary Proceeding"), and Adv. Proc. No. 20-00005 ("HTA Adversary Proceeding," and collectively with the PRIFA Adversary Proceeding and the CCDA Adversary Proceeding, the "Revenue Bond Adversary Proceedings"). The Court has also received and reviewed the *Response of the Government Entities and the Oversight Board to Defendants' Motion to Compel in Connection with the PRIFA, CCDA, and HTA Revenue Bond Adversary Proceedings* (Dkt. No. 16007 in 17-BK-3283; Dkt. No. 129 in 20-AP-03; Dkt. No. 120 in 20-AP-04; and Dkt. No. 141 in 20-AP-05), filed by the Financial Oversight and Management Board for Puerto Rico (the "Board"), the sole representative of the Commonwealth in these Title III proceedings ("Plaintiff") and certain Commonwealth instrumentalities[2] (together, with Plaintiff, the "Government"). The Motion to Compel sought to compel certain disclosures regarding bonds issued by the Puerto Rico Infrastructure Finance Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Puerto Rico Highways and Transportation Authority ("HTA"), in connection with discovery authorized under the *Order Regarding Discovery in*

---

[2] "PRIFA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, and PRIFA; "CCDA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, CCDA, and the Tourism Company; and "HTA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, and HTA.

- 3 -

*Connection with Motions of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Dkt. No. 15656 in 17-BK-3283; Dkt. No. 115 in 20-AP-03; Dkt. No. 108 in 20-AP-04; and Dkt. No. 129 in 20-AP-05). Capitalized terms not defined herein shall have the meanings given to them in the Motion to Compel.

The Court heard oral argument on the Motion to Compel on March 17, 2021, and thereafter, the Parties submitted proposed orders. For the reasons discussed in open court, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion to Compel in accordance with the following:

1. **Disclosures Regarding Scope of Search.** The Government shall provide to Defendants more detailed information regarding the searches it is undertaking in response to Defendants' discovery requests, including the identity of any individuals from whom the Government has collected documents (and the parameters used to determine what was collected from those individuals) and of other individuals identified as having information relevant to the topics in the Rule 56(d) Order. The Government shall consider in good faith requests from Defendants to conduct additional searches for responsive information.

2. **PRIFA Adversary Proceeding.** The Government shall search for and produce documents in its possession, custody or control (including documents in audit files or work papers, documents provided to auditors by the Commonwealth or PRIFA, and any communications between the Commonwealth or PRIFA and their auditors located in audit files and work papers) concerning the statements in the Commonwealth and PRIFA audited financial statements describing PRIFA's

- 4 -

Special Revenue Fund or Debt Service Fund, or the first $117 million in Rum Tax Remittances. The production shall include documents not previously produced sufficient to describe and explain the nature and content of these funds, any restrictions placed on the monies therein, and explanation of any changes over time in the descriptions in the audited financial statements. In addition to the statements in PRIFA's audited financial statements concerning these funds, the following statements in the Commonwealth's audited financial statements shall be included in the scope of the production:

i. That certain "Note" to the Commonwealth Financial Statements concerning "Blended Component Units" that discloses that PRIFA's "Special Tax Revenue Bonds" are "payable from federal excise taxes levied on the rum and other articles produced in Puerto Rico and sold in the United States," Note (1)(b) (FY2014, FY2015), and Note (1)(b)(i) (FY2015, FY2016, FY2017).

ii. That certain "Note" to the Commonwealth Financial Statements labeled "Pledges of Receivables and Future Revenues" and changed to "Conditionally Allocated Receivables and Future Revenue" that states that Commonwealth law requires that "the first $117 million of certain federal excise taxes received by the Commonwealth be transferred to" PRIFA, and describes the revenues as "pledged," "assigned," or "conditionally allocated," Note (8) (FY2013), Note (8(b)) (FY2014, FY2015, and FY2016), and Note (9(b)) (FY2017).

iii. Those certain disclosures in the Commonwealth's Financial Statements under a section entitled "Special Revenue Funds" that describe PRIFA's "Special

   Revenue Fund" as the fund to which the Commonwealth "transfers" or "conditionally allocates" the first $117 million of rum excise taxes, on pages 256 (FY2013), 323 (FY2014), 357 (FY2015), 347 (FY2016), and 294 (FY2017).

 iv. Those certain disclosures in the Commonwealth's Financial Statements under a section entitled "Special Revenue Funds" that describe PRIFA's "Debt Service Fund" as the fund that "accounts for the financial resources that are restricted to expenditure for the payment of interest and principal on its special tax revenue bonds," on pages 257 (FY2013), 324 (FY2014), 358 (FY2015), 348 (FY2016), and 295 (FY2017).

3. **CCDA Adversary Proceeding.** With respect to the accounts identified in the CCDA flow of funds, the Government agreed that its search for and production of account opening documents would include communications with banks relating to the opening of such accounts, and documents showing which account was considered to be the Transfer Account. As provided in paragraph 1 *supra*, the Government shall disclose information regarding the nature of searches the Government is undertaking and meet-and-confer in good faith with Defendants about additional searches.

4. **HTA Adversary Proceeding.** The Government shall search for and produce documents, instructions, and explanations in its possession, custody or control (including documents in audit files or work papers, or other documents provided to auditors by HTA or the Commonwealth) in regards to the specific statements identified below:

i. The portion of that certain "Note" to the Commonwealth Financial Statements, labeled as "Pledges of Receivables and Future Revenues" and changed to "Conditionally Allocated Receivables and Future Revenue," that identifies the HTA Excise Taxes as "pledged," "assigned," or "conditionally allocated,": specifically, the third paragraph of Note (8) in FY2013, Note (8)(c) in FY2014-15, and Note (9)(c) in FY2015-17. FY2013 Commonwealth Financial Statements at 122-123; FY2014 Commonwealth Financial Statement at 156-57; FY2015 Commonwealth Financial Statement at 158, FY2016 Commonwealth Financial Statement at 161-62; FY2017 Commonwealth at 148-49.

ii. The "Restricted Assets: Cash and cash equivalents" and the "net position: Debt Service" presented for HTA in that certain "Combining Statement of Net Position − Major Component Units" (FY2013-014) or "Combining Statement of Net Position − Discretely Presented Component Units" (FY2015-016) in the Commonwealth Financial Statements for FY2013-17, which is replicated in the HTA Financial Statements, that presents HTA as a "Discretely Presented Component Unit" with "Restricted Assets: Cash and cash equivalents . . ." and a "Net position: Restricted for Debt Service." *See, e.g.*, FY2013 Commonwealth Financial Statements at pp. 35-36, replicated at FY2013-14 HTA Financial Statements at 24-25.

iii. That certain "Note 2" to the HTA Financial Statements for FY2013-17, labeled "Revenue Recognition," that states in FY2013-16: "Non-operating revenues consist principally of gasoline, diesel, petroleum and cigarettes taxes

and vehicle license fees which are allocated to the Authority by the Commonwealth of Puerto Rico as approved by law to finance the acquisition and construction of capital assets and for the payment of the related debt. These taxes and fees are recorded as non-operating revenues when the Puerto Rico Treasury Department collects such taxes and informs the Authority[,]" but is changed in FY2017 to state: "Non-operating revenues consist principally of operating transfers allocated to the Authority by the Commonwealth and United States federal government to finance the Authority's operations." *Compare*, *e.g.*, FY2013-14 HTA Financial Statements at 35 to FY2017 HTA Financial Statements at 26.

iv. That certain "Statement of Revenues, Expenses and Changes in Net Position" in the HTA Financial Statements for FY2013-16, that presents HTA as having its own "Non-operating revenues (expenses)" related to "Gasoline, diesel, oil and petroleum tax revenues," "Cigarettes taxes," and "Vehicle license fee" for FY2013-16 but changes to present "Non-operating revenues" as "Operating transfers from the Commonwealth of Puerto Rico" in FY 2017. *Compare*, *e.g.*, FY2013-14 HTA Financial Statements at 26, FY2015 HTA Financial Statement at 27, FY2016 HTA Financial Statement at 16 to FY2017 HTA Financial Statements at 18.

v. The certain statement of HTA Excise Taxes as "Restricted assets" in the "General" fund and "Other governmental" fund of the "Balance Sheet – Governmental Funds" in the Commonwealth Financial Statements for FY2013-17, including stating that the "General" fund and the "Other

governmental" fund have "Restricted" "Fund balances." *See*, *e.g.*, FY2013 Commonwealth Financial Statements at 25.

The production shall also include instructions, explanations, or other documents sufficient to describe and explain the policies and procedures for the flow of HTA Excise Taxes into and out of Fund 278 or any other fund or account receiving the HTA Excise Taxes, any restrictions placed on such monies, and any changes over time in the descriptions of such monies in the audited financial statements.

5. **Accounting Data.** In connection with both the PRIFA Adversary Proceeding and the HTA Adversary Proceeding:

   i. The Government has agreed to produce (i) documents sufficient to show the flow of Rum Tax Remittances and HTA Excise Taxes through accounting designations recorded in PRIFAS (including fund, fund account, fund sub-account, and Dept ID designations), in addition to account statements showing the flow of revenues through bank accounts, (ii) documents sufficient to show the description of the accounting designations recorded in PRIFAS, (iii) fund accounting documents, in accordance with Governmental Accounting Standard Board Statement Nos. 34 and 54, for PRIFA and HTA substantiating the reporting of the Rum Tax Remittances and HTA Excise Taxes, and (iv) policies, procedures, manuals, charts of accounts, or instructions regarding the accounting treatment of all Rum Tax Remittances and HTA Excise Taxes and HTA Pledged Revenues.

   ii. The Government shall meet-and-confer with Defendants regarding the specific parameters that the Government is using to search PRIFAS and

- 9 -

provide information about other reports and data that can be generated using PRIFAS. The Government shall consider in good faith requests from Defendants to query PRIFAS for additional available reports or using different or additional search parameters.

6. **Other Discovery Requests.** This order does not address discovery requests under the Rule 56(d) Order as to which the Parties have not presented a ripe dispute to the Court. This Order does not limit the scope of any discovery the Government has agreed to provide. The Parties shall continue to meet-and-confer regarding any other outstanding discovery requests.

7. **Reservation of Rights.** Defendants' submission of a revised proposed order reflecting the Court's rulings on the record is without prejudice to Defendants' contention that the discovery provided is insufficient to enable them to present facts essential to their opposition to the summary judgment motions in the Revenue Bond Adversary Proceedings.

Dated: March ___, 2020

SO ORDERED:

_____
Honorable Judith G. Dein
United States Magistrate Judge