# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et al.<br><br>    Defendants. | Adv. Proc. No. 20-0003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff, | Adv. Proc. No. 20-0004-LTS |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| v.<br><br>AMBAC ASSURANCE CORPORATION, et al.<br><br>Defendants.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et al.<br><br>Defendants. | Adv. Proc. No. 20-0005-LTS |

**[PROPOSED] ORDER ON MOTION TO COMPEL**

This matter is before the Court on *Defendants' Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings* (the "Motion") (ECF No. 126).[2] The Court has also received and reviewed the *Response of the Government Entities and the Oversight Board to Defendants' Motion to Compel in Connection with the PRIFA, CCFA, and HTA Revenue Bond Adversary Proceedings* (ECF No. 129), and the *Defendants' Reply in Support of Their Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings* (ECF No. 132) and heard oral argument on the Motion on March 17, 2021. For the reasons discussed in open court the Court hereby grants the Motions to Compel, in part, as follows:

---

[2] References to "ECF No. __" refer to Electronic Case Filing numbers in Case No. 20-00003 unless stated otherwise. Further, unless indicated otherwise, the documents in Case No. 20-00003 that are cited in this Opposition have also been filed in Case Nos. 20-00004 and 20-00005.

2

1. Regarding PRIFA, the Government shall search for and produce documents in its possession, custody or control concerning the statements in the Commonwealth and PRIFA audited financial statements describing PRIFA's Special Revenue Fund or Debt Service Fund. The production shall consist of documents not previously produced, if any, sufficient to describe and explain the following disclosures from the Commonwealth's Financial Statements:

    a. Those certain disclosures in the Commonwealth's Financial Statements under a section entitled "Special Revenue Funds" that describe PRIFA's "Special Revenue Fund" as the fund to which the Commonwealth "transfers" or "conditionally allocates" the first $117 million of rum excise taxes, on pages 256 (FY2013), 323 (FY2014), 357 (FY2015), 347 (FY2016), and 294 (FY2017).

    b. Those certain disclosures in the Commonwealth's Financial Statements under a section entitled "Special Revenue Funds" that describe PRIFA's "Debt Service Fund" as the fund that "accounts for the financial resources that are restricted to expenditure for the payment of interest and principal on its special tax revenue bonds," on pages 257 (FY2013), 324 (FY2014), 358 (FY2015), 348 (FY2016), and 295 (FY2017).

2. Regarding HTA, the Government shall search for and produce documents in its possession, custody or control sufficient to substantiate the following four statements:

    a. The portion of that certain "Note" to the Commonwealth Financial Statements, labeled as "Pledges of Receivables and Future Revenues" and changed to "Conditionally Allocated Receivables and Future Revenue," that identifies the HTA Excise Taxes as "pledged," "assigned," or "conditionally allocated,": specifically, the third paragraph of Note (8) in FY2013, Note (8)(c) in FY2014-

3

15, and Note (9)(c) in FY2015-17. FY2013 Commonwealth Financial Statements at 122-123; FY2014 Commonwealth Financial Statement at 156-57; FY2015 Commonwealth Financial Statement at 158, FY2016 Commonwealth Financial Statement at 161-62; FY2017 Commonwealth at 148-49.

b. The "Restricted Assets: Cash and cash equivalents" and the "net position: Debt Service" presented for HTA in that certain "Combining Statement of Net Position − Major Component Units" (FY2013-014) or "Combining Statement of Net Position − Discretely Presented Component Units" (FY2015-016) in the Commonwealth Financial Statements for FY2013-17, that presents HTA as a "Discretely Presented Component Unit" with "Restricted Assets: Cash and cash equivalents . . ." and a "Net position: Restricted for Debt Service." *See*, *e.g.*, FY2013 Commonwealth Financial Statements at pp. 35-36.

c. That certain "Note 2" to the HTA Financial Statements for FY2013-17, labeled "Revenue Recognition," that states in FY2013-16: "Non-operating revenues consist principally of gasoline, diesel, petroleum and cigarettes taxes and vehicle license fees which are allocated to the Authority by the Commonwealth of Puerto Rico as approved by law to finance the acquisition and construction of capital assets and for the payment of the related debt. These taxes and fees are recorded as non-operating revenues when the Puerto Rico Treasury Department collects such taxes and informs the Authority[,]" but is changed in FY2017 to state: "Non-operating revenues consist principally of operating transfers allocated to the Authority by the Commonwealth and United States federal government to finance

the Authority's operations." *Compare*, *e.g.*, FY2013-14 HTA Financial

Statements at 35 to FY2017 HTA Financial Statements at 26.

    d. That certain "Statement of Revenues, Expenses and Changes in Net Position" in the HTA Financial Statements for FY2013-16, that presents HTA as having its own "Non-operating revenues (expenses)" related to "Gasoline, diesel, oil and petroleum tax revenues," "Cigarettes taxes," and "Vehicle license fee" for FY2013-16 but changes to present "Non-operating revenues" as "Operating transfers from the Commonwealth of Puerto Rico" in FY 2017. *Compare*, *e.g.*, FY2013-14 HTA Financial Statements at 26, FY2015 HTA Financial Statement at 27, FY2016 HTA Financial Statement at 16 to FY2017 HTA Financial Statements at 18.

3.     The Motion with respect to CCDA is denied as moot and without prejudice, with all parties reserving their rights.

4.     The Government shall provide to Defendants information regarding the locations it has searched or will search in response to Defendants' discovery requests, including the identity of any individuals from whom the Government has collected documents. The Government shall consider in good faith requests from Defendants to conduct additional searches for responsive information.

5.     The Government shall consider in good faith requests from Defendants to query PRIFAS for additional available reports or using different or additional search parameters.

6.     Except as otherwise provided herein, the Motion is DENIED.

5

Dated: _____, 2021   SO ORDERED: _____
                                           The Honorable Judith Gail Dein
                                           United States Magistrate Judge