UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE ONE HUNDRED EIGHTIETH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO
BONDHOLDER CLAIMS ASSERTING AMOUNTS FOR WHICH THE COMMONWEALTH IS NOT LIABLE

Upon the *One Hundred Eightieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Bondholder Claims Asserting Amounts for Which the Commonwealth is Not Liable* (Docket Entry No. 12149, the "One Hundred Eightieth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth," or the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

"Debtor"), dated March 6, 2020, for entry of an order partially disallowing certain claims filed against the Debtor, as more fully set forth in the One Hundred Eightieth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the One Hundred Eightieth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the One Hundred Eightieth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order (A) Granting in Part the One Hundred Eightieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Bondholder Claims Asserting Amounts for Which the Commonwealth is Not Liable, (B) Approving Form of Notice for Claims to be Set for Hearing, and (C) Granting Related Relief*, dated October 23, 2020 (Docket Entry No. 14818, the "Notice"), for entry of an order partially disallowing the Bond Claims to Be Partially Modified via Notice of Presentment (as defined below), as more fully set forth in the Notice; and the Court having determined that the relief sought in the One Hundred Eightieth Omnibus Objection is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the One Hundred Eightieth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the One Hundred Eightieth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that, to the extent the claims identified on Exhibit B hereto (the "Bond Claims to Be Partially Modified via Notice of Presentment") identify as obligor the Commonwealth, when such claims are properly asserted, if at all, against PREPA, a portion of

each of such Bond Claims to Be Partially Modified via Notice of Presentment is hereby reclassified in part to be a claim asserted against PREPA, as set forth in the column titled "Corrected" in Exhibit B hereto (collectively, the "Reclassified Claims"); and it is further

ORDERED that the Debtors' right to object to the Reclassified Claims is reserved; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed, in the official claims register in the Title III Cases, to move certain portions of some of the Bond Claims to Be Partially Modified via Notice of Presentment from the Commonwealth Title III case, to the Title III case(s) for PREPA (Bankruptcy Case No. 17 BK 4780-LTS), in accordance with the column titled "Corrected" in Exhibit B hereto; and it is further

ORDERED that, to the extent the Bond Claims to Be Partially Modified via Notice of Presentment seek recovery of amounts for which the Commonwealth is not liable and are duplicative of one or more Master Claims, as identified in Exhibit B hereto, such portions of the Bond Claims to Be Partially Modified via Notice of Presentment are hereby disallowed; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the disallowed portions of the Bond Claims to Be Partially Modified via Notice of Presentment as expunged in the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that, to the extent the Bond Claims to Be Partially Modified via Notice of Presentment purport to assert liability based on the ownership of bonds issued by the Commonwealth, the claimants will retain a remaining claim in the Commonwealth Title III Case, as identified in the column titled "Corrected" in Exhibit B hereto (collectively, the "Remaining Claims"); and it is further

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that this Order resolves Docket Entry No. 12149 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 25, 2021

                                                      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge