UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO <u>et</u><br><u>al.</u>,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE TWO HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO BONDHOLDER
<u>CLAIMS ASSERTING AMOUNTS FOR WHICH THE COMMONWEALTH IS NOT LIABLE</u>

Upon the *Two Hundred Fifty-Sixth Omnibus Objection (Substantive) of the*

*Commonwealth of Puerto Rico to Bondholder Claims Asserting Amounts for Which the*

*Commonwealth is Not Liable* (Docket Entry No. 14231, the "Two Hundred Fifty-Sixth Omnibus

Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth," or the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

"Debtor"), dated September 11, 2020, for entry of an order disallowing in their entirety certain claims filed against the Debtor, as more fully set forth in the Two Hundred Fifty-Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Two Hundred Fifty-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Two Hundred Fifty-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order (A) Granting in Part the Two Hundred Fifty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Bondholder Claims Asserting Amounts for Which the Commonwealth is Not Liable, (B) Approving Form of Notice for Claims to be Set for Hearing, and (C) Granting Related Relief*, dated October 23, 2020 (Docket Entry No. 14857, the "Notice"), for entry of an order disallowing in their entirety the No Liability Claims to Be Disallowed via Notice of Presentment (as defined below), as more fully set forth in the Notice; and the Court having determined that the relief sought in the Two Hundred Fifty-Sixth Omnibus Objection is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Two Hundred Fifty-Sixth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Two Hundred Fifty-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the each of the claims identified on Exhibit B hereto (the "No Liability Claims to Be Disallowed via Notice of Presentment") are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the No Liability Claims to Be Disallowed via Notice of Presentment as expunged in the official claims registry in the Title III Cases; and it is further

ORDERED that this Order resolves Docket Entry No. 14231 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated:  March 26, 2021

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge