# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.,* <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, *et al.,* <br><br> Defendants. | Adv. Proc. No. 20-0003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-0004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-0005-LTS |

**ORDER ON DEFENDANTS' MOTION TO COMPEL DOCUMENT DISCOVERY FROM
THE GOVERNMENT IN THE REVENUE BOND ADVERSARY PROCEEDINGS**

THIS MATTER is before the Court on the *Defendants' Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings* (Dkt. No. 15914 in 17-BK-3283; Dkt. No. 126 in 20-AP-03; Dkt. No. 117 in 20-AP-04; and Dkt. No. 138 in 20-AP-05) (the "Motion to Compel"), filed by Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, The Bank of New York Mellon, and U.S. Bank Trust National Association (collectively, the "Defendants") in Adv. Proc. No. 20-00003 ("PRIFA Adversary Proceeding"), Adv. Proc. No. 20-00004 ("CCDA Adversary Proceeding"), and Adv. Proc. No. 20-00005 ("HTA Adversary Proceeding," and collectively with the PRIFA Adversary Proceeding and the CCDA Adversary Proceeding, the "Revenue Bond Adversary Proceedings"). The Court has also received and reviewed the *Response of the Government Entities and the Oversight Board to Defendants' Motion to Compel in Connection with the PRIFA, CCDA, and HTA Revenue Bond Adversary Proceedings* (Dkt. No. 16007 in 17-BK-3283; Dkt. No. 129 in 20-AP-03; Dkt. No. 120 in 20-AP-04; and Dkt. No. 141 in 20-AP-05), filed by the Financial Oversight and Management Board for Puerto Rico (the "Board"), the sole representative of the Commonwealth in these Title III proceedings ("Plaintiff") and certain Commonwealth instrumentalities[2] (together, with Plaintiff, the "Government"). The Motion to Compel sought to compel certain disclosures regarding bonds issued by the Puerto Rico Infrastructure Finance Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Puerto Rico Highways and

---

[2] "PRIFA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, and PRIFA; "CCDA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, CCDA, and the Tourism Company; and "HTA-Related Instrumentalities" refers to AAFAF, the Commonwealth Treasury, GDB, and HTA.

3

Transportation Authority ("HTA"), in connection with discovery authorized under the *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Dkt. No. 15656 in 17-BK-3283; Dkt. No. 115 in 20-AP-03; Dkt. No. 108 in 20-AP-04; and Dkt. No. 129 in 20-AP-05) (the "Rule 56(d) Order").

The Court heard oral argument on the Motion to Compel on March 17, 2021, and the Parties were ordered to, and did submit proposed orders for the Court's consideration, without waiver of their objections to the Court's order. For the reasons discussed in open court, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion to Compel in accordance with the following:

1. **Disclosures Regarding Scope of Search.** The Government shall provide to Defendants more detailed information regarding the searches it is undertaking in response to Defendants' discovery requests, including the identity of any individuals from whom the Government has collected documents and the general parameters used to determine what was collected from those individuals. The Government shall consider in good faith requests from Defendants to conduct additional searches for responsive information.

2. **Government's Agreed Production**. In fashioning this order, the Court accepted the Government's representations at the hearing as to the documents it was searching for and had agreed to produce. Nothing herein shall limit the Government's agreement to produce in any way.

3. **PRIFA Adversary Proceeding.** The Government shall search for and produce documents in its possession, custody or control (including documents in audit files or work papers, documents provided to auditors by the Commonwealth or PRIFA, and any communications between the Commonwealth or PRIFA and their auditors located in audit files and work papers) concerning the statements in the Commonwealth and PRIFA audited financial statements describing PRIFA's Special Revenue Fund or Debt Service Fund. The production shall include documents not previously produced sufficient to describe and explain the nature and content of these funds, any restrictions placed on the monies therein, and explanation of any changes over time in the descriptions in the audited financial statements. In addition to the statements in PRIFA's audited financial statements concerning these funds, the following statements in the Commonwealth's audited financial statements shall be included in the scope of the production:

  i. That certain "Note" to the Commonwealth Financial Statements concerning "Blended Component Units" that discloses that PRIFA's "Special Tax Revenue Bonds" are "payable from federal excise taxes levied on the rum and other articles produced in Puerto Rico and sold in the United States," Note (1)(b) (FY2014, FY2015), and Note (1)(b)(i) (FY2015, FY2016, FY2017).[3]

  ii. That certain "Note" to the Commonwealth Financial Statements labeled "Pledges of Receivables and Future Revenues" and changed to

---

[3] While this Note and the next were not specifically addressed at the hearing, they are consistent with the disclosures for which discovery has been authorized herein.

5

       "Conditionally Allocated Receivables and Future Revenue" that states that Commonwealth law requires that "the first $117 million of certain federal excise taxes received by the Commonwealth be transferred to" PRIFA, and describes the revenues as "pledged," "assigned," or "conditionally allocated," Note (8) (FY2013), Note (8(b)) (FY2014, FY2015, and FY2016), and Note (9(b)) (FY2017).

   iii. Those certain disclosures in the Commonwealth's Financial Statements under a section entitled "Special Revenue Funds" that describe PRIFA's "Special Revenue Fund" as the fund to which the Commonwealth "transfers" or "conditionally allocates" the first $117 million of rum excise taxes, on pages 256 (FY2013), 323 (FY2014), 357 (FY2015), 347 (FY2016), and 294 (FY2017).

   iv. Those certain disclosures in the Commonwealth's Financial Statements under a section entitled "Special Revenue Funds" that describe PRIFA's "Debt Service Fund" as the fund that "accounts for the financial resources that are restricted to expenditure for the payment of interest and principal on its special tax revenue bonds," on pages 257 (FY2013), 324 (FY2014), 358 (FY2015), 348 (FY2016), and 295 (FY2017).

4. **CCDA Adversary Proceeding.** With respect to the accounts identified in the CCDA flow of funds, the Government represented at the hearing that it would search for and produce account opening documents and would include, if available, communications with banks relating to the opening of such accounts, and

documents showing which account was considered to be the Transfer Account. As provided in paragraph 1 *supra*, the Government shall disclose information regarding the nature of searches the Government is undertaking and meet-and-confer in good faith with Defendants about additional searches. In light of all these representations the Motion to Compel as to CCDA is denied as moot and without prejudice.

5. **HTA Adversary Proceeding.**

a. The Government shall search for and produce documents, instructions, and explanations in its possession, custody or control (including documents in audit files or work papers, or other documents provided to auditors by HTA or the Commonwealth and any communications between the Commonwealth or HTA and their auditors located in audit files and work papers) concerning the specific statements identified below:

   i. The portion of that certain "Note" to the Commonwealth Financial Statements, labeled as "Pledges of Receivables and Future Revenues" and changed to "Conditionally Allocated Receivables and Future Revenue," that identifies the HTA Excise Taxes as "pledged," "assigned," or "conditionally allocated,": specifically, the third paragraph of Note (8) in FY2013, Note (8)(c) in FY2014-15, and Note (9)(c) in FY2015-17. FY2013 Commonwealth Financial Statements at 122-123; FY2014 Commonwealth Financial Statement at 156-57; FY2015 Commonwealth Financial Statement at 158,

7

FY2016 Commonwealth Financial Statement at 161-62; FY2017 Commonwealth at 148-49.

ii. The "Restricted Assets: Cash and cash equivalents" and the "net position: Debt Service" presented for HTA in that certain "Combining Statement of Net Position – Major Component Units" (FY2013-014) or "Combining Statement of Net Position – Discretely Presented Component Units" (FY2015-016) in the Commonwealth Financial Statements for FY2013-17, which is replicated in the HTA Financial Statements, that presents HTA as a "Discretely Presented Component Unit" with "Restricted Assets: Cash and cash equivalents . . ." and a "Net position: Restricted for Debt Service." *See*, *e.g.*, FY2013 Commonwealth Financial Statements at pp. 35-36, replicated at FY2013-14 HTA Financial Statements at 24-25.

iii. That certain "Note 2" to the HTA Financial Statements for FY2013-17, labeled "Revenue Recognition," that states in FY2013-16: "Non-operating revenues consist principally of gasoline, diesel, petroleum and cigarettes taxes and vehicle license fees which are allocated to the Authority by the Commonwealth of Puerto Rico as approved by law to finance the acquisition and construction of capital assets and for the payment of the related debt. These taxes and fees are recorded as non-operating revenues when the Puerto Rico Treasury Department collects such taxes and informs the Authority[,]" but is changed in FY2017 to state: "Non-operating revenues consist principally of operating transfers allocated to the Authority by the

8

  Commonwealth and United States federal government to finance the Authority's operations." *Compare*, *e.g.*, FY2013-14 HTA Financial Statements at 35 to FY2017 HTA Financial Statements at 26.

 iv. That certain "Statement of Revenues, Expenses and Changes in Net Position" in the HTA Financial Statements for FY2013-16, that presents HTA as having its own "Non-operating revenues (expenses)" related to "Gasoline, diesel, oil and petroleum tax revenues," "Cigarettes taxes," and "Vehicle license fee" for FY2013-16 but changes to present "Non-operating revenues" as "Operating transfers from the Commonwealth of Puerto Rico" in FY 2017. *Compare*, *e.g.*, FY2013-14 HTA Financial Statements at 26, FY2015 HTA Financial Statement at 27, FY2016 HTA Financial Statement at 16 to FY2017 HTA Financial Statements at 18.

b. The Commonwealth shall produce documents sufficient to show whether the following statement in the Commonwealth Financial Statements for FY 2013-17 concerns HTA Excise Taxes, and, if it does concern HTA Excise Taxes, shall produce documents, instructions, and explanations in its possession, custody or control (including documents in audit files or work papers, or other documents provided to auditors by HTA or the Commonwealth and any communications between the Commonwealth or HTA and their auditors located in audit files and work papers)) concerning that statement:

 i. The certain statement of HTA Excise Taxes as "Restricted assets" in the "General" fund and "Other governmental" fund of the "Balance Sheet –

9

Governmental Funds" in the Commonwealth Financial Statements for FY2013-17, including stating that the "General" fund and the "Other governmental" fund have "Restricted" "Fund balances." *See*, *e.g.*, FY2013 Commonwealth Financial Statements at 25.

6. **Accounting Data.** In connection with both the PRIFA Adversary Proceeding and the HTA Adversary Proceeding the Government shall meet-and-confer with Defendants regarding the specific parameters that the Government is using to search PRIFAS and provide information about other reports and data that can be generated using PRIFAS. The Government shall consider in good faith requests from Defendants to query PRIFAS for additional available reports or using different or additional search parameters.

7. **Other Discovery Requests.** This order does not address discovery requests under the Rule 56(d) Order as to which the Parties have not presented a ripe dispute to the Court. The Parties shall continue to meet-and-confer regarding any other outstanding discovery requests.

This Order resolves Dkt. No. 15914 in 17-BK-3283, Dkt. No. 126 in 20-AP-03, Dkt. No. 117 in 20-AP-04, and Dkt. No. 138 in 20-AP-05.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: March 26, 2021