UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:                                                          PROMESA
                                                               Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of                                    No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO                                (Jointly Administered)
et al.,

              Debtors.[1]

-----------------------------------------------------------x

MEMORANDUM ORDER DENYING MOTION OF
SUIZA DIARY CORP. REQUESTING A RULING OR ENTRY OF COMFORT ORDER

       Before the Court is the *Urgent Motion Requesting a Ruling or Entry of Comfort*

*Order as to the Non-Applicability of the Automatic Stay to a Limited Controversy with the*

*Commonwealth of Puerto Rico Arising Post-Petition and Having Post-Petition Effects but*

*Partially Based on a Pre-Petition Judgment Incorporating Milk Regulations Established by the*

*United States District Court for the District of Puerto Rico and Not Involving Property of the*

*Debtor or its Estate* (Docket Entry No. 13938 in Case No. 17-3283, the "Motion for Comfort

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
        number and the last four (4) digits of each Debtor's federal tax identification number, as
        applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-
        3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
        Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four
        Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
        Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of
        Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
        Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
        Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority
        ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax
        ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
        No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case
        numbers are listed as Bankruptcy Case numbers due to software limitations).

Order") filed by Suiza Dairy Corp. ("Suiza").  The Court has also received and reviewed the opposition to the Motion for Comfort Order filed by the Commonwealth of Puerto Rico (Docket Entry No. 14118 in Case No. 17-3283, the "Opposition"), Suiza's reply (Docket Entry No. 14198 in Case No. 17-3283, the "Reply"), and the parties' joint status report (Docket Entry No. 15862 in Case No. 17-3283, the "Joint Status Report").  In the Motion for Comfort Order, Suiza argues that the Commonwealth breached a pre-petition settlement agreement, which was incorporated into a pre-petition judgment issued by the United States District Court for the District of Puerto Rico, when the Commonwealth's Office of Regulation of the Milk Industry ("ORIL") enacted Administrative Order 2020-22.  Suiza seeks a comfort order from this Court that it may pursue an action in federal court to enforce the pre-petition settlement agreement and judgment without violating the automatic stay under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2161-2177.  After careful consideration of the parties' submissions, and for the reasons provided herein, the Motion for Comfort Order is denied as moot, without prejudice to requests for relief in connection with ongoing conduct.

BACKGROUND

The following facts are drawn from both parties' submissions and are undisputed unless otherwise noted.  Suiza is one of two fresh milk processors in Puerto Rico.  (Motion for Comfort Order at 1.)  As a fresh milk processor, Suiza purchases raw milk from dairy farmers in Puerto Rico, and turns the raw milk into fresh milk through a pasteurization and homogenization process.  (See id. at 1-3; Opp. ¶¶ 1, 9.)  Industria Lechera de Puerto Rico Inc. ("Indulac") currently runs a "balance plant" which "us[es] milk for derivative products."[2]  (Motion for

---

[2]     It appears that, prior to the Pre-Petition Settlement Agreement (defined infra), Indulac

Comfort Order at 1; Opp. ¶ 2.)  The milk industry in Puerto Rico is regulated by ORIL.  (Opp. ¶ 1.)

The Pre-Petition Action

   In 2004, Suiza commenced a lawsuit in the United States District Court for the District of Puerto Rico (the "District Court") against the Secretary of the Department of Agriculture of the Commonwealth of Puerto Rico and the Administrator of ORIL (Case No. 04-1840, the "Pre-Petition Action") in which it alleged that "as implemented, the laws and regulations that govern the milk industry in Puerto Rico, particularly the Milk Industry Regulation Act . . . and Regulation No. 1 [violated] the Takings Clause of the Constitution of the United States."  (Motion for Comfort Order at 1; Amended Complaint, Docket Entry No. 1494 in Pre-Petition Action.)  The Pre-Petition Action further alleged that the regulatory scheme implemented by ORIL "impermissibly favored milk produced by a third processor, Indulac, in violation of the Takings, Due Process, Equal Protection, and Commerce Clauses of the United States Constitution."  (Opp. ¶ 6; Amended Complaint against Indulac, Docket Entry No. 143 in Pre-Petition Action.)  On October 29, 2013, the parties to the Pre-Petition Action entered into a settlement agreement (the "Pre-Petition Settlement Agreement") which was incorporated into the District Court's judgment (as amended on November 7, 2013, the "Pre-Petition Judgment").  (See Motion for Comfort Order at 1; Opp. ¶¶ 7, 8; Order and Judgment, Docket Entry No. 2347 in Pre-Petition Action.)

   The Pre-Petition Settlement Agreement incorporated "a set of regulations to cover many aspects of the milk industry which the court found at the time to be in disarray."  (Motion

---

operated as a milk processor rather than a balance plant.

for Comfort Order at 1.)  As relevant here, the Pre-Petition Settlement Agreement included definitions for certain key milk industry terms, including "raw milk," "fresh milk," "fluid milk," and "surplus milk."  Raw milk is "'whole milk secretion, excluding the colostrum, which is obtained by milking one or more healthy cows, which have not yet been subjected to any processes.'"  (Opp. ¶ 9 (quoting Pre-Petition Settlement Agreement, Docket Entry No. 2322 in Pre-Petition Action).)  Fresh milk is "milk that has been 'pasteurized and homogenized by the processors and is classified within the fluid milk category.'" (Id.)  Fluid milk is "milk that has been subject to 'homogenization and pasteurization or ultra-pasteurization and homogenization processing or aseptic processing.'"  (Id.)  Finally, "surplus milk" is "milk exceeding the demands for fresh milk . . . and used to produce derivative products." (Motion for Comfort Order at 3.) The regulatory scheme created by defining surplus milk in this manner ensured that "no milk goes to the balance plant until the demand for it by the fresh milk processors is satisfied." (Id. at 1.)  In other words, "Indulac had no access to milk until such milk became lawfully surplus, that is, until the fresh [milk] processors' demand was satisfied."  (Id. at 4.)

Administrative Order 2020-22

On July 10, 2020, the administrator of ORIL, Jorge A. Campos Merced, issued Administrative Order 2020-22, which changed the definition of surplus milk to "milk exceeding the demand for **fluid milk**" and, according to Suiza, "order[ed] delivery of raw milk to the balance plant Indulac that is needed by Suiza[.]"  (Id. at 3 (emphasis in original).)  By changing the definition of surplus milk in this manner, Movant asserts, Administrative Order 2020-22 "places Indulac in square competition with Suiza by receiving raw milk that Suiza could use, and moreover at a lesser price than that paid by Suiza."  (Id. at 3-4.)  Suiza contends that

Administrative Order 2020-22 "unlawfully altered the established and accepted distribution order [and t]he actions by ORIL were undertaken in violation of the [Pre-Petition] Judgment." (Id. at 4.)

<u>The Motion for Comfort Order</u>

Suiza filed the Motion for Comfort Order on August 3, 2020. The Motion for Comfort Order seeks a ruling from this Court that Suiza may pursue an action in the District Court to enforce the Pre-Petition Settlement Agreement and Pre-Petition Judgment (the "Enforcement Action") without violating the automatic stay provisions of the Bankruptcy Code. (See id. at 2-4.) Specifically, Suiza argues that ORIL's issuance of Administrative Order 2020-22 "is contrary to certain terms and conditions set forth [in] the [Pre-Petition] Settlement Agreement" (Joint Status Report ¶ 9) and seeks "a ruling setting aside Administrative Order 2020-22 [to the extent it] chang[ed] the [Pre-Petition] Judgment's definition of surplus milk from milk produced in excess of the needs for the market for **fresh** milk to milk exceeding the demand for **fluid** milk." (Reply at 4 (emphasis in original).) Suiza represents that it would not seek monetary relief in the Enforcement Action, and would only seek a ruling "setting aside Administrative Order 2020-22." (Id.) Suiza also contends that the Enforcement Action would "merely seek[]to preserve the *status quo* on its pre-petition non-dischargeable Takings Clause claim against the Commonwealth." (Id. at 3.)

Suiza asserts that the Title III automatic stay does not apply to its contemplated Enforcement Action in District Court because Suiza does not seek to assert control over property of the Debtor, and because Suiza would only seek equitable relief through the Enforcement Action, which does not give rise to a right to payment and is therefore not a "claim" as defined

by Section 101(5) of the Bankruptcy Code.  (Id. at 4-6.)  The Commonwealth disputes these
assertions and argues that the automatic stay applies and should not be lifted.  (Opp. at ¶¶ 4-5.)

The Administrative Proceedings

Following the promulgation of Administrative Order 2020-22, Suiza pursued two
administrative avenues for relief concerning its objections to Administrative Order 2020-22: (i) a
Petition for Judicial Review before the Puerto Rico Court of Appeals, and (ii) a motion for
reconsideration of Administrative Order 2020-22 at ORIL (together, the "Administrative
Proceedings").  (See Motion for Comfort Order, Exhibits II and III; Opp. ¶¶ 11-13.)  On October
22, 2020, the Puerto Rico Court of Appeals declared Administrative Order 2020-22 null and
void, finding that the manner in which it was issued "failed to comply with the procedures and
requirements set forth in the Puerto Rico Uniform Administrative Procedures Act."  (Joint Status
Report ¶ 13.)  On January 22, 2021, the Supreme Court of Puerto Rico denied ORIL's writ of
certiorari and the Court of Appeals' judgment nullifying Administrative Order 2020-22 became
final. (See id. ¶ 14.)

Administrative Order 2020-34

On September 30, 2020, ORIL issued Administrative Order 2020-34 which,
according to Suiza, has the same practical effect as Administrative Order 2020-22.
Administrative Order 2020-34 "order[s] delivery of raw milk to the balance plant Indulac that is
needed by Suiza," and requires the "transfer[ of] eight raw milk producing farms to Indulac, five
of which were originally under contract with Suiza."  (Id. ¶ 17.)  Thus, Suiza contends,
Administrative Order 2020-34 "illegally change[s] the 'balance plant' nature of Indulac

contemplated in the [P]re-[P]etition [J]udgment [and] places Indulac in square competition with
Suiza by receiving raw milk that Suiza could use, and moreover at a lesser price than that paid by
Suiza." (Id. ¶ 18.)  On October 30, 2020, Suiza filed a Petition for Review of Administrative
Order 2020-34 before the Puerto Rico Court of Appeals, which remains pending.  (Id.)

On February 8, 2021, ORIL held a public hearing to address Administrative Order
2020-34.  During the hearing, ORIL disclosed a "Report of Findings" upon which the new
administrative order was based.  (See id. ¶ 20.)  Suiza contends that the Report of Findings
reveals further violations of the Pre-Petition Settlement Agreement and Pre-Petition Judgment.
(See id.)

The Joint Status Report

Upon review of the parties' respective submissions in connection with the Motion
for Comfort Order, the Court entered an order on January 25, 2021, requiring the parties to
submit a joint status report "addressing the status of [Suiza's Petition for Judicial Review before
the Puerto Rico Court of Appeals and motion for reconsideration of Administrative Order 2020-
22], and any other administrative or regulatory review process Suiza has pursued with respect to
Administrative Order 2020-22." (*Order Requiring Status Report in Connection with Urgent
Motion of Suiza Dairy Corp. Requesting a Ruling or Entry of Comfort Order*, Docket Entry No.
15728 in Case No. 17-3283, at 2.)  The Court further ordered the parties to "address whether all
or some of the issues raised in the Motion for Comfort Order have been resolved through any
such review process, and, if so, which issues remain for this Court's consideration in the Motion
for Comfort Order." (Id.)  The parties filed their Joint Status Report on February 18, 2021.

<u>D<span style="font-variant:small-caps">ISCUSSION</span></u>

Because "federal courts lack jurisdiction to decide moot cases," the Court must

first determine whether Suiza's Motion for Comfort Order has been rendered moot as a result of

the nullification of Administrative Order 2020-22.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S.

67, 70, 104 S. Ct. 373, 78 L.Ed.2d 58 (1983).  "'The doctrine of mootness enforces the mandate

that an actual controversy must be extant at all stages of the review, not merely at the time the

complaint is filed.'"  <u>ACLU of Massachusetts v. U.S. Conf. of Cath. Bishops</u>, 705 F.3d 44, 52

(1st Cir. 2013) (quoting <u>Mangual v. Rotger–Sabat</u>, 317 F.3d 45, 60 (1st Cir. 2003)).  In other

words, "a case is moot when the court cannot give any effectual relief to the potentially

prevailing party."  <u>Town of Portsmouth, R.I. v. Lewis</u>, 813 F.3d 54, 58 (1st Cir. 2016) (internal

quotation omitted).  Accordingly, "'[i]f events have transpired to render a court opinion merely

advisory, Article III considerations require dismissal of the case.'"  <u>ACLU of Massachusetts</u>, 705

F.3d at 52–53 (quoting <u>Mangual</u>, 317 F.3d at 60).  Where the only relief sought is injunctive and

declaratory relief based on a statute that has been repealed, no live case or controversy exists,

and any opinion issued by the court would be advisory.  See <u>D.H.L. Assocs. v. O'Gorman</u>, 199

F.3d 50, 55 (1st Cir. 1999) ("The [Supreme] Court has also stated that when a challenged federal

statute is amended after review by courts of appeals, the issues presented to the Supreme Court

on appeal are rendered moot.") (and cases cited)); <u>Town of Portsmouth, R.I.</u>, 813 F.3d at 59

(holding Town's claim for declaratory relief that state's attempt to collect tolls on highway

violated the Federal-Aid Highway Act was moot because the state had repealed the tolls and

there was therefore no conduct to enjoin, but noting that "[n]othing prevents the Town from

seeking an injunction if and when the state should begin to collect tolls anew"); <u>Soto v. City of</u>

Cambridge, 193 F. Supp. 3d 61, 69 (D. Mass. 2016) (holding activist's claims for declaratory

and injunctive relief based on repealed city ordinance were moot).

Here, the Commonwealth argues that the Motion for Comfort Order is moot based

on the Puerto Rico Court of Appeals' determination that Administrative Order 2020-22 is null

and void.  (Joint Status Report ¶ 26.)  The Court agrees.

Through the Motion for Comfort Order, Suiza seeks a ruling from this Court that

Suiza's commencement of an action in the District Court, the purpose of which would be to set

aside a regulation which is no longer in effect, would not violate the automatic stay.  (See Reply

at 4 (stating that the relief Suiza seeks through the Enforcement Action is "a ruling setting aside

Administrative Order 2020-22 [to the extent it] chang[ed] the [Pre-Petition] Judgment's

definition of surplus milk from milk produced in excess of the needs for the market for **fresh**

milk to milk exceeding the demand for **fluid** milk." (emphasis in original)).)  Because

Administrative Order 2020-22 was nullified by the Puerto Rico Court of Appeals, Suiza's

argument that ORIL engaged in conduct in violation of the Pre-Petition Settlement Agreement

and Pre-Petition Judgment by issuing Administrative Order 2020-22 no longer presents a live

controversy, and, thus, any order from this Court regarding the applicability of the automatic stay

to the Enforcement Action would be an impermissible advisory opinion.  See D.H.L. Assocs.,

199 F.3d at 54 ("Simply stated, a case is moot when the issues presented are no longer 'live' or

the parties lack a legally cognizable interest in the outcome." (internal quotation omitted)).

Accordingly, the Court lacks jurisdiction of the Motion for Comfort Order on the current record,

and the Motion for Comfort Order must be denied.

Suiza argues in the Joint Status Report that its Motion for Comfort Order is not

moot because Administrative Order 2020-34 has the same practical implications as

Administrative Order 2020-22.  (See Joint Status Report ¶ 16.)  Suiza also represents in the Joint

Status Report that it is continuing to analyze ORIL's Report of Findings and that there is

additional evidence of ORIL's violations of the Pre-Petition Settlement Agreement and Pre-

Petition Judgment.  (See id. ¶ 20.)  While the Court acknowledges Suiza's argument that it has

suffered a continuing harm from action taken by ORIL in addition to the issuance of

Administrative Order 2020-22, Suiza did not describe such conduct in the Motion for Comfort

Order, nor did Suiza assert in the Motion for Comfort Order that such conduct provides a basis

for the relief sought.  Moreover, Suiza is pursuing an administrative challenge to Administrative

Order 2020-34 which remains pending and may affect the scope of Suiza's proposed claims.

The Court cannot assess the viability of a motion seeking a comfort order based on

Administrative Order 2020-34 and the Report of Findings on the current, undeveloped record.


### Conclusion

For the reasons detailed above, the Motion for Comfort Order is denied as moot,

without prejudice to requests for relief in connection with ongoing conduct.

This Memorandum Order resolves Docket Entry Nos. 13938 and 15862 in Case

No 17-3283.


SO ORDERED.

Dated: March 26, 2021


  /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN
United States District Judge