**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO THE COURT'S MARCH 8 AND MARCH 10, 2021 ORDERS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation ("Ambac"), the Financial Oversight and Management Board for Puerto Rico (the "Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"),[2] respectfully submit this Joint Status Report pursuant to the Court's orders dated March 8, 2021 (ECF No. 15969) and March 10, 2021 (ECF No 16004).[3]

## I. PROCEDURAL BACKGROUND

1. On October 28, 2019, Ambac filed *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 9022) (the "Assets Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9023) (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions").

2. On November 8, 2019, the Government Parties filed the *Urgent Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*

---

[2] Ambac and the Government Parties are collectively referred to as the "Parties."

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's February 16, 2021 Order* (ECF No. 15930) (the "March 4 Joint Status Report").

- 1 -

*Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (ECF No. 9131) (the "<u>Motion to Strike</u>").

3. On January 23, 2020, the Court (Swain, J.) issued a memorandum order denying the Motion to Strike (ECF No. 10332) (the "<u>Memorandum Order</u>"). The Memorandum Order directed the Parties to meet and confer by February 3, 2020 concerning the scope and mechanics of discovery responsive to the Original Rule 2004 Motions. (*Id.* at 9.)

4. On November 12, 2020, following the filing of numerous joint status reports discussing the Parties' meet-and-confer efforts, the Court (Dein, M.J.) denied without prejudice the Original Rule 2004 Motions, stating that "[i]n light of the substantial work the [P]arties have done narrowing the issues and resolving the disputes initially presented in the [Original] Rule 2004 Motions[,] . . . and to avoid confusion of the record," Ambac should file "a new Rule 2004 motion limited to the issues in dispute." (*Order* (ECF No. 15093) at 2.)

5. On November 20, 2020, Ambac filed its New Cash Rule 2004 Motion,[4] which seeks an order directing the Board to produce certain documents related to the Commonwealth's and the Board's publicly available cash restriction analysis. The New Cash Rule 2004 Motion has been fully briefed and remains *sub judice*.

6. On February 4, 2021, Ambac filed its New Assets Rule 2004 Motion,[5] which requests authorization under Bankruptcy Rule 2004 to seek discovery directly from six "prioritized" Commonwealth entities regarding their assets. The New Assets Rule 2004 Motion has now been fully briefed and remains *sub judice*.

---

[4] "<u>New Cash Rule 2004 Motion</u>" refers to *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 15220).

[5] "<u>New Assets Rule 2004 Motion</u>" refers to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 15802).

7. On March 4, 2021, the Parties filed the March 4 Joint Status Report. On March 8, 2021, the Court ordered the Parties to file a further joint status report by March 26, 2021. (*Order* (ECF No. 15969).) On March 10, 2021, the Court further ordered the Parties to address in that status report any changes to the status of the discovery requests that are the subject of the New Cash Rule 2004 Motion. (*Order* (ECF No. 16004).)

## II. THE PARTIES' PROGRESS SINCE THE PREVIOUS UPDATE TO THE COURT

8. Since the filing of the March 4 Joint Status Report, the Parties have continued to exchange correspondence [6] and met-and-conferred telephonically on March 23, 2021 (the "March 23 Meet-and-Confer"). The status of the Parties' discussions relating to Ambac's assets- and cash-related requests is as follows:

### A. Status of Assets Requests (Directed Principally to AAFAF)

9. As noted in the March 4 Joint Status Report, the Parties have reached an impasse with regard to certain of Ambac's requests that are unrelated to the New Assets Rule 2004 Motion, including the following requests relating to CRIM: (i) requests related to statements made in CRIM's fiscal plan and information regarding tax arrears and liens; (ii) requests for documents and communications related to a 2017 third-party offer to purchase CRIM's tax arrears portfolio for $400 million; (iii) requests for information and documents concerning CRIM's ongoing effort to value and monetize its tax arrears and liens portfolio in connection with a RFP issued by AAFAF and CRIM, including (without limitation) responses submitted by external parties in response to the RFP; and (iv) requests for documents and communications regarding how the $400 million estimated value of CRIM's accounts receivable portfolio set forth in CRIM's most recent fiscal

---

[6] The Parties' positions with regard to each of Ambac's requests since the filing of the March 4 Joint Status Report are memorialized in the following correspondence: (i) Ambac's letter to the Government Parties dated March 19, 2021 (attached hereto as Exhibit A).

plan was determined. The Parties also remain at an impasse with regard to Ambac's request for documents related to the terms of any leases for the Prioritized Commonwealth Assets,[7] as well as Ambac's request for deposition testimony on the foregoing issues.

10. The Parties' positions with regard to the foregoing requests remain unchanged since the filing of the March 4 Joint Status Report, and Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

11. Additionally, at the March 23 Meet-and-Confer, Ambac requested that the Board advise whether it or any of its advisors are or have been involved in any efforts to identify, value, and/or potentially monetize Commonwealth properties, and if so, to explain those efforts. The Board advised that it would consider Ambac's request.

    **B.**    **Status of Cash Requests (Directed Principally to the Board)**

        **1.**    *Update Regarding Requests as to Which the Parties Continue to Make Progress.*

12. The Parties continue to negotiate in good faith regarding Ambac's cash-related requests that are unrelated to the New Cash Rule 2004 Motion.[8] The Board has advised Ambac that, with the March 8, 2021 filing of the Second Amended Plan[9] and forthcoming motions to, among other things, approve the Disclosure Statement for the Plan and set a confirmation schedule, the Board believes further or additional Rule 2004 discovery would be inappropriate. Rather,

---

[7] "Prioritized Commonwealth Assets" refers to the assets identified by Ambac in its March 16, 2020 email (ECF No. 12484-2).

[8] As noted in the joint status report dated February 15, 2021 (ECF No. 15846) (the "February 15 Joint Status Report") and the March 4 Joint Status Report, Ambac and the Board have reached an impasse regarding Ambac's request that the Board produce notations that the Board's advisors had applied to certain factual source materials and raw data underlying the Duff & Phelps Report and the October 2019 Presentations, which were removed from the documents by the Board prior to production. The Parties have no further updates on that issue at this time.

[9] "Second Amended Plan" refers to the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 15976).

discovery going forward should, in the Board's view, be in accordance with a plan confirmation schedule and conducted in coordination with all parties-in-interest. The Board believes such coordinated discovery will be most efficient and will focus both party and judicial resources. Ambac disagrees and believes that the Board's attempt to cut off Rule 2004 discovery is baseless. Indeed, as discussed in Ambac's reply in support of the New Assets Rule 2004 Motion (ECF No. 16085), the Court has already rejected an identical argument with respect to a previous plan of adjustment. (*See id.* ¶¶ 34-37 (citing Memorandum Order at 8).) Ambac believes that halting Rule 2004 discovery now would only delay it to a time when the Parties will be knee-deep in plan confirmation discovery on a multitude of significant issues, likely under a compressed schedule. (*Id.* ¶ 37.) In Ambac's view, it would be far more efficient for Rule 2004 discovery to continue. In any event, Ambac notes that the Court is not being asked to order any relief on this issue at this time. The Board disagrees with Ambac's position, in particular its assertion that the Court has already rejected an identical argument, given the procedural posture of the current Second Amended Plan.

13. Since the filing of the March 4 Joint Status Report, the Board has produced: (i) factual source materials and raw data underlying the December 2020 Presentation;[10] (ii) an updated version of the "Inventory of Central Government's Bank Accounts" referenced in the February 2020 Amended Disclosure Statement;[11] (iii) Calculation Back-Up [12] for the

---

[10] "December 2020 Presentation" refers to the Board's December 19, 2020 presentation, which was disclosed publicly as part of a periodic release of "cleansing materials" related to the ongoing mediation efforts. The presentation is available at https://emma.msrb.org/P11450397-P11124337-P11535399.pdf.

[11] "February 2020 Amended Disclosure Statement" refers to the *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 11947).

[12] "Calculation Back-Up" refers to back-up materials containing calculations made to create various iterations of the Board's cash restriction analysis, including Microsoft Excel or other dynamic versions of summary charts and tables contained in the various iterations of the cash restriction analysis showing the

- 5 -

February 2020 Amended Disclosure Statement; (iv) Calculation Back-Up for the March 2021 Disclosure Statement;[13] and (v) a "key" identifying the Ernst & Young identifier assigned to each account reviewed in connection with the cash restriction analysis, as well as an attempt to identify the corresponding identifier assigned to that particular account by Duff & Phelps, based on the information presently available to the Board. Ambac's review and analysis of these materials is ongoing.

14. During the March 23 Meet-and-Confer, the Board advised that it will provide a written response shortly that addresses: (i) Ambac's requests related to the December 2020 Presentation; (ii) Ambac's questions regarding the relationship between the December 2020 Presentation and the presentation titled *Section 209 Requirements for Termination of the Oversight Board*, distributed in connection with the Board's October 30, 2020 public meeting; and (iii) Ambac's questions regarding the March 2021 Disclosure Statement.

15. During the March 23 Meet-and-Confer, the Board also agreed to: (i) produce any back-up materials related to the March 2021 Disclosure Statement (to the extent not already produced), including any factual source materials and raw data related thereto; and (ii) produce any such materials categorized by account.

### 2. *Update Regarding Requests for Which the Parties Have Reached an Impasse.*

16. Since the filing of the March 4 Joint Status Report, the Parties have reached an impasse regarding Ambac's request that the Board review the documents it has produced to Ambac

---

mathematical tabulations and calculations that were performed to generate the summary charts and tables presented therein.

[13] "March 2021 Disclosure Statement" refers to the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (Corrected)* (ECF No. 15988).

and identify from those materials documents underlying the Duff & Phelps Report[14] that relate to nine categories of bank accounts previously identified by Ambac that, per the February 2020 Amended Disclosure Statement and/or the December 2020 Presentation, purportedly contain restricted funds. Additionally, the Parties have reached an impasse regarding Ambac's request for documents regarding any previous, ongoing, completed, or contemplated efforts to obtain external financing for the PREPA/LUMA transaction discussed in the December 2020 Presentation and the March 2021 Disclosure Statement.

17. Ambac reserves all rights to seek judicial intervention to compel discovery with respect to the foregoing requests.

### III. RESPONSE TO THE COURT'S MARCH 10, 2021 ORDER

18. In its March 10, 2021 Order, the Court directed the Parties to address in this status report any changes to the status of the discovery requests that are the subject of the New Cash Rule 2004 Motion, "including without limitation, whether based on its review of the documents produced in the midst of briefing of the New Cash Rule 2004 Motion, Ambac's request for Calculation Back-Up documents remains outstanding, and whether the parties have narrowed the scope of their dispute concerning the Process Documents." (ECF No. 16004.)

19. In response to the Court's March 10, 2021 Order, the Parties hereby confirm that they reached an impasse on the issue of Process Documents before the New Cash Rule 2004 Motion was filed. The Parties have not held any further discussions regarding Ambac's request for Process Documents, and no Process Documents have been produced. Accordingly, the Parties' positions on Process Documents remain unchanged and the dispute in the New Cash Rule 2004 Motion regarding Process Documents is ripe for resolution by the Court.

---

[14] "Duff & Phelps Report" refers to the *IFAT Report on Title III Bank Accounts* prepared by Duff & Phelps.

20. With respect to Calculation Back-Up documents, to date, the Board has produced Calculation Back-Up related to each of the six iterations of the cash restriction analysis that have been performed by its advisors and legal counsel. On February 10, the Board also voluntarily undertook to create the "key" Ambac requested, even though no such document existed, the Board does not believe the key is necessary in light of the Calculation Back-Up materials already produced by the Board, and preparation of the key imposes substantial burdens on the Board and its advisors. Ambac's suggestion that the timing of the Board's production of the key is the result of anything other than good faith is baseless and unwarranted. In light of its productions, the Board believes that Ambac's request for Calculation Back-Up has been resolved.

21. Ambac disagrees that its request for Calculation Back-Up has been resolved. The Calculation Back-Up for the March 2021 Disclosure Statement and the "key" in which the Board "attempt[ed]" to map the identifiers to each account reviewed in connection with the cash restriction analysis were only produced this morning. Ambac's review and analysis of these materials has only just begun, and Ambac is not yet in a position to determine whether these materials are sufficient to satisfy the requests it has made for Calculation Back-Up to date. Moreover, Ambac requested the mapping "key" on January 11, 2021. The fact that the Board only produced it this morning, shortly before the Parties were required to update the Court regarding their dispute concerning Calculation Back-Up, aptly demonstrates that Ambac's concern (as indicated in the briefing) that production of Calculation Back-Up would not be completed in a timely manner absent a court order is well founded. In any event, Ambac intends to request Calculation Back-Up for any future iterations of the cash restriction analysis, and respectfully requests that the Court rule on the portion of the New Cash Rule 2004 Motion seeking Calculation Back-Up documents.

## IV. PROPOSED NEXT STEPS

22. The Parties have agreed to continue to meet and confer regarding Ambac's assets- and cash-related requests that are unrelated to the New Rule 2004 Motions,[15] and would propose to have an additional meet-and-confer no later than April 14, 2021 and to submit a further status report to the Court no later than April 16, 2021.

---

[15] "New Rule 2004 Motions" refers, collectively, to the New Cash Rule 2004 Motion and the New Assets Rule 2004 Motion.

Dated: March 26, 2021
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com
           johring@milbank.com

***Attorneys for Ambac Assurance Corporation***

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **O'MELVENY & MYERS LLP** |
| By: /s/ *Martin J. Bienenstock* | By: /s/ *Peter Friedman* |
| Martin J. Bienenstock | John J. Rapisardi |
| Margaret A. Dale | Times Square |
| Michael T. Mervis | New York, NY 10036 |
| Julia D. Alonzo | Tel: (212) 326-2000 |
| Laura Stafford | Fax: (212) 326-2061 |
| (Admitted *Pro Hac Vice*) | Email: jrapisardi@omm.com |
| Eleven Times Square | |
| New York, NY 10036 | -and- |
| Tel: (212) 969-3000 | |
| Fax: (212) 969-2900 | Peter Friedman |
| | 1625 Eye Street, NW |
| **O'NEILL & BORGES LLC** | Washington, DC 20006 |
| | Tel: (202) 383-5300 |
| By: /s/ *Hermann D. Bauer* | Fax: (202) 383-5414 |
| Hermann D. Bauer (USDC No. 215205) | Email: pfriedman@omm.com |
| 250 Muñoz Rivera Ave., Suite 800 | |
| San Juan, PR 00918-1813 | -and- |
| Tel: (787) 764-8181 | |
| Fax: (787) 753-8944 | Elizabeth L. McKeen |
| | Ashley M. Pavel |
| ***Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth*** | 610 Newport Center Drive |
| | 17th Floor |
| | Newport Beach, California 92660 |
| | Tel: (949) 823-6900 |
| | Fax: (949) 823-6994 |
| | Email: emckeen@omm.com |
| | apavel@omm.com |
| | |
| | **MARINI PIETRANTONI MUÑIZ LLC** |
| | |
| | By: /s/ *Luis C. Marini-Biaggi* |
| | Luis C. Marini-Biaggi |
| | USDC No. 222301 |
| | Email: lmarini@mpmlawpr.com |
| | Carolina Velaz-Rivero |
| | USDC No. 300913 |
| | 250 Ponce de León Ave. |
| | Suite 900 |
| | San Juan, Puerto Rico 00918 |
| | Tel: (787) 705-2173 |
| | Fax: (787) 936-7494 |
| | lmarini@mpmlawpr.com |
| | cvelaz@mpmlawpr.com |

- 12 -

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com

- 13 -