UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE ONE HUNDRED NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS ASSERTING INTERESTS BASED UPON UNSPECIFIED PUERTO RICO STATUTES

Upon the *One Hundred Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based Upon Unspecified*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Puerto Rico Statutes* (Docket Entry No. 9559, the "One Hundred Ninth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), dated December 12, 2019, for entry of an order disallowing certain claims filed against the Debtors, as more fully set forth in the One Hundred Ninth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the One Hundred Ninth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the One Hundred Ninth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and upon the *Notice of Presentment of Proposed Order (A) Granting in Part the One Hundred Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based Upon Unspecified Puerto Rico Statutes, (B) Approving Form of Notice for Claims to be Set for Hearing, and (C) Granting Related Relief*, dated October 20, 2020 (Docket Entry No. 14646, the "Notice"), for entry of an order disallowing the Claims to Be Disallowed via Notice of Presentment and the Claims with Undeliverable Addresses (as defined below), as more fully set forth in the Notice; and the Court having determined that the relief sought in the One Hundred Ninth Omnibus Objection is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the One Hundred Ninth Omnibus

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Notice.

Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the One Hundred Ninth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the each of the claims identified on Exhibit C hereto (the "Deficient Claims to Be Disallowed via Notice of Presentment") and on Exhibit D hereto (the "Deficient Claims with Undeliverable Addresses") are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the Deficient Claims to Be Disallowed via Notice of Presentment and the Deficient Claims with Undeliverable Addresses as expunged in the official claims registry in the Title III Cases; and it is further

ORDERED that this order resolves Docket Entry No. 9559 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 31, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge