# LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of June 30, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

# W I T N E S S E T H

**WHEREAS**, the Authority has previously issued its $253,670,000 Revenue Refunding Bonds ("Series AA"), according to Resolution No. 68-18 adopted by the Authority on June 13, 1968, as amended (1968 Bond Resolution) and a supplemental resolution of the Authority adopted on April 10, 2003 ("Resolution 2003-23"), and its $44,275,000 Revenue Refunding Bonds ("Series H", and collectively with Series AA, the "Reoffered Bonds"), pursuant to Resolution No. 98-06, adopted by the Authority on February 26, 1998, as amended ("1998 Bond Resolution", and together with the 1968 Bond Resolution, the "Bond Resolutions"), and a supplemental resolution of the Authority adopted on April 10, 2003 ("Resolution 2003-24", and together with Resolution 2003-23, the "Supplemental Resolutions");

**WHEREAS**, pursuant to the Supplemental Resolutions the Reoffered Bonds are subject to mandatory tender for purchase on July 1, 2010;

**WHEREAS**, the Authority has authorized the issuance, remarketing, and conversion of the Reoffered Bonds from the Term Rate Mode to a Fixed Rate Mode in accordance with the applicable Supplemental Resolutions and a resolution duly adopted by the Authority on June 17, 2010 ("Conversion Resolution") in order to avoid such bonds from converting to an 8% fixed interest rate bonds;

**WHEREAS**, the Authority needs an interim financing to pay the costs of issuance and other related expenses in connection with the Reoffered Bonds pursuant to the applicable terms and conditions adopted for the conversion and remarketing of the Reoffered Bonds;

**WHEREAS**, the Bank is willing to provide such interim financing in an amount not to exceed **THREE MILLION DOLLARS ($3,000,000)** in accordance with the terms and conditions herein below set forth; and

**WHEREAS**, the Authority proposed to repay this interim financing from any available funds of the Authority;



26318

**NOW, THEREFORE,** in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower a non-revolving line of credit in an aggregate principal amount not to exceed **THREE MILLION DOLLARS ($3,000,000)** to pay the costs of issuance and other related expenses in connection with the proceeds of the Reoffered Bonds pursuant to the Conversion Resolution and the Firm Remarketing Agreement dated June 17, 2010 by and between the Authority and Jeffries and Company, Inc., as representative of itself and the underwriters named therein ("Firm Remarketing Agreement"), who will remarket the Reoffered Bonds on behalf of the Authority. The line of credit shall be evidenced by a Promissory Note for the principal amount of **THREE MILLION DOLLARS ($3,000,000)**, subscribed on this same date by the Borrower and payable to the order of the Lender.

2. The Borrower will request the funds in one or more drawings ("Drawings") only for the purpose above mentioned and as approved by Resolution EC 2010-18 duly adopted by the Executive Committee of the Bank's Board of Directors on June 17, 2010. The Borrower shall request each Drawing by written notice to the Lender and signed by any authorized officer of the Borrower. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico.

3. The principal amount of the Loan shall mature and be due and payable on December 31, 2011. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from any available moneys of the Authority.

Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest per annum equal to Prime Rate plus 150 basis points, as




26318

determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. Interest shall be calculated on the basis of a 360-day year of twelve 30-day months. Interest for any period of less than one calendar month shall be calculated on the basis of the actual number of days elapsed during that month. Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on the Loan for the preceding month.

The Authority may prepay the Loan at any time without premium or penalty. The Loan shall be junior and subordinate to outstanding bonds of the Borrower.

The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market.

4. If the line of credit comes due and payable, the Borrower hereby agrees to pay a default interest rate on the principal outstanding amount calculated on the basis of Prime Rate plus four hundred (400) basis points.

5. This Agreement will be subject to a renewal fee equal to 1/16 of the 1% of the principal amount outstanding plus the moneys available and not disbursed under the line of credit.

6. Payment of principal of and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

7. If there is no disbursement activity on this Loan for a period of six months after its approval by the Executive Committee of the

26318

Board of Directors of the Bank, the Loan will be cancelled automatically.

8. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

9. If the Borrower defaults in making any payment when due under this Loan Agreement, the Lender may declare the Loan to be immediately due and payable. In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

10. No amendment or waiver of any provisions of this Loan Agreement, or consent to any departure herefrom by the Borrower shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

11. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sánchez Vilella Government Center, De Diego Avenue, San Juan, Puerto Rico  00940, Attn: Executive Vice President of Financing, or to such other address or person as the Lender may hereafter notify the Borrower in writing; and if addressed to the Borrower, sent to the offices of the Borrower, located at Roberto Sánchez Vilella Government Center, South Building, San Juan, Puerto Rico  00940, Attn: Executive Director, or to such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally, by facsimile or electronic mail, shall be effective three Banking Days after posting.

12. The Borrower shall, from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request.

26318

13. This Loan Agreement is intended to be a declaration of official intent under U.S. Treasury Department Regulation Section 1.150-2.

14. This Loan Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns.  The Lender may assign to any other financial institution all or any part of or any interest in, the Lender's rights hereunder and in the Loan, and to the extent of such assignment such assignee shall have the same rights against the Borrower hereunder as does the Lender.  The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent.  This Loan Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

By: _____
   Fernando L. Batlle Hernaíz
   Executive Vice President

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
   Rubén A. Hernández Gregorat
   Executive Director

Affidavit No. -254 -

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, and Fernando L. Batlle Hernaíz, as Executive Vice President of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on June 30, 2010.

_____
   Notary Public

26318

**EXHIBIT I**

## Notice of Drawing

_____, ____

Government Development Bank
for Puerto Rico
Roberto Sánchez Vilella Government Center
De Diego Avenue
San Juan, Puerto Rico 00940

Attention:

Gentlemen:

     I refer to the Loan Agreement between you and the Puerto Rico Highway and Transportation Authority, dated as of June 30, 2010.  All terms not otherwise defined herein shall have the respective meanings given to them in the Loan Agreement.

     I hereby request that on _____ you make a disbursement in the amount of $_____ which amount does not exceed the Loan.

     I hereby certify to you that:

    (1)  the proceeds of the Loan are being spent in accordance with the purposes set forth in the Loan Agreement; and

    (2)  the amount of the disbursement does not exceed the total amount of the Loan and will be sufficient for such purposes.

                    Sincerely,

                    By: _____

26318

## FIRST AMENDMENT TO LOAN AGREEMENT

This **FIRST AMENDMENT TO LOAN AGREEMENT** (the "First Amendment"), dated as of June 29, 2012 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

**WHEREAS**, on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS**, the Loan was evidenced by a Promissory Note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000)**;

**WHEREAS**, pursuant to the terms of Resolution Number 9725, adopted by the Board of Directors of the Bank on February 22, 2012, the Bank approved the extension of the maturity of the Loan up to January 31, 2013, the increase of the maximum amount of the Loan Agreement by **Two Hundred Thirty-Four Thousand Three Hundred Ninety-One Dollars and Twenty-Seven Cents ($234,391.27)**, and established the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS**, the aforementioned increase in the Loan amount has been approved to cover the capitalization of accrued interest up to January 31, 2013 ($233,074.07), and the corresponding financial advisory fees ($1,317.20);

**WHEREAS**, pursuant to Resolution Number 2012-26 issued by the Secretary of Transportation and Public Works on June 22, 2012, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan, increase the maximum amount permitted to be outstanding under the Loan Agreement, and establish the payment of interest at the maturity of the Loan, subject to certain conditions;



28616

**NOW, THEREFORE,** in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Section 1 of the Loan Agreement is amended to read as follows:

   "Subject to the terms and conditions contained herein, the Lender hereby agrees to provide the Borrower a non-revolving line of credit in an aggregate principal amount not to exceed **THREE MILLION TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($3,234,391.27)**, including the capitalization of accrued interest up to January 31, 2013 ($233,074.07), and the corresponding financial advisory fees ($1,317.20), to pay the costs of issuance and other related expenses in connection with the proceeds of the Reoffered Bonds pursuant to the Conversion Resolution and the Firm Remarketing Agreement dated June 17, 2010 by and between the Authority and Jeffries and Company, Inc., as representative of itself and the underwriters named therein ("Firm Remarketing Agreement"), who will remarket the Reoffered Bonds on behalf of the Authority.   The line of credit shall be evidenced by a Promissory Note for the principal amount of **THREE MILLION TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($3,234,391.27)**, subscribed on this same date by the Borrower and payable to the order of the Lender."

2. Section 2 of the Loan Agreement is hereby amended by deleting said Section 2 in its entirety and replacing it with the following:

   "The Borrower will request the funds in one or more drawings ("Drawings") only for the purposes above mentioned. The Borrower shall request each Drawing by written notice to the Lender and signed by any authorized officer of the Borrower with at least three (3) Banking Days before such Drawing. Borrower shall use the Notice of Drawing Form included as Exhibit I to request each Drawing. Notice of Drawing from the Borrower, once received by the Lender, shall be irrevocable. For the purposes of this Loan Agreement, "Banking Day" means a day on which commercial banks are open for business in San Juan, Puerto Rico."



28616

3. Prior to any disbursement from the Loan, Borrower will provide Lender a duly executed Notice of Drawing, as established in Section 2 of the Loan Agreement, as amended herein, and made part of this First Amendment as *Exhibit I*. This *Exhibit I* substitutes the Notice of Drawing Form attached as *Exhibit I* of the Loan Agreement.

4. Section 3 of the Loan Agreement is amended by deleting said Section 3 in its entirety and replacing it with the following:

> "The principal amount of the Loan shall mature and be due and payable on January 31, 2013. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from a future bond issuance of the Authority or any available moneys of the Authority.
>
> Each Drawing shall bear interest daily from the date such Drawing is made until its repayment at a variable rate of interest per annum equal to Prime Rate plus 150 basis points, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest per annum, which interest rate may be revised periodically, equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Loan. For purposes of this Loan Agreement, such interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent. Interest shall be calculated on the basis of a 360-day year of twelve 30-day months. Interest for any period of less than one calendar month shall be calculated on the basis of the actual number of days elapsed during that month. Interest shall be payable at maturity.
>
> The Authority may prepay the Loan at any time without premium or penalty. The Loan shall be junior and subordinate to outstanding bonds of the Borrower.
>
> The President of the Bank or the duly authorized Executive Vice President of the Bank may modify the interest rate at anytime at their full discretion, depending on the interest rate market."

5. Pursuant to this First Amendment to Loan Agreement, a First *Allonge* to Promissory Note shall be executed by the Authority on this date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.



28616

6.  If the Borrower fails to pay the principal amount of the Loan when it becomes due and payable, or does not pay interest when due, the Lender may, at its sole option, without notice to Borrower and to the fullest extent allowed by law, set off and apply against the Loan any other available moneys (including deposits of any kind) of the Borrower held by the Lender against any such unpaid principal amount or unpaid accrued interest.

7.  The parties furthermore agree that the Lender reserves the right to request any additional information needed prior to processing any disbursements from the Loan including, but not limited to, copies of invoices.

8.  The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Three Hundred Seventeen Dollars and Twenty Cents ($1,317.20).

9.  This First Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, and all provisions of the Loan Agreement, not inconsistent with this First Amendment, shall remain in full force and effect.

10. This First Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

11. In the event that any provision of this First Amendment is declared to be void of unenforceable, the remainder of this First Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

12. The President of the Bank, the Executive Vice President of Financing or any duly designated Vice President, are authorized to negotiate any other term or condition necessary in relation to the extension or renewal of this Loan, in order to safeguard the best interests of the Bank

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT IN BLANK. SIGNATURE PAGE FOLLOWS.]**



28616

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

_____
José R. Otero Freiría
Executive Vice President
of Financing

_____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public Works
Executive Director PRHTA

Affidavit No. _698_

Recognized and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on June _29_, 2012.

_____
Notary Public

Affidavit No. _700_

Recognized and subscribed before me by José R. Otero Freiría, as Executive Vice President of Financing of the Government Development Bank for Puerto Rico, of legal age, married and resident of Dorado, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on June _29_, 2012.

_____
Notary Public

28616

## SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT** (the "Second Amendment"), dated as of May *6*, 2013 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

## W I T N E S S E T H

**WHEREAS**, on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS**, the Loan was evidenced by a Promissory Note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000)**;

**WHEREAS,** on June 29, 2012 the Authority and the Bank executed a First Amendment Loan Agreement to extend of the maturity of the Loan up to January 31, 2013, increase the maximum amount of the Loan Agreement by **Two Hundred Thirty-Four Thousand Three Hundred Ninety-One Dollars and Twenty-Seven Cents ($234,391.27)** to cover capitalized accumulated interest up to January 31, 2013 ($233,074.07) and the corresponding financial advisory fees ($1,317.20), for an amended aggregate principal amount of **Three Million Two Hundred Thirty Four Thousand Three Hundred Ninety One Dollars and Twenty Seven Cents ($3,234,391.27)**, and to establish the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS**, pursuant to the terms of Resolution Number 9951, adopted by the Board of Directors of the Bank on January 17, 2013, the Bank approved the extension of the maturity date of the Loan up to January 31, 2014, subject to certain conditions;

**WHEREAS,** pursuant to Resolution Number 2013-17B issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on January 31, 2013, the Borrower was authorized to agree to the extension of the maturity date of the Loan, under the conditions required by the Bank;

2

**NOW, THEREFORE**, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  The first sentence of Section 3 of the Loan Agreement, as amended, is hereby amended to read as follows:

    "The principal amount of the Loan shall mature and be due and payable on January 31, 2014."

2.  Pursuant to this Second Amendment, a Second Amendment to Promissory Note (Allonge) shall be executed by the Authority on this same date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

3.  The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Two Hundred Ninety Three Dollars and Seventy Six Cents ($1,293.76).

4.  This Second Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and all provisions of the Loan Agreement, as amended, not inconsistent with this Second Amendment, shall remain in full force and effect.

5.  This Second Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

6.  In the event that any provision of this Second Amendment is declared to be void of unenforceable, the remainder of this Second Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

**[SIGNATURE PAGE FOLLOWS]**

29408

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

_____

_____

Ian J. Figueroa Toro
Executive Vice President
  and Director of Financing

Javier E. Ramos Hernández
Executive Director

Affidavit No. 496

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on May 6, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Affidavit No. 497

Recognized and subscribed before me by Ian J. Figueroa Toro, as Executive Vice President and Director of Financing of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on May 6, 2013.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

29408

ESTADO LIBRE ASOCIADO DE

# PUERTO RICO

Banco Gubernamental de Fomento
para Puerto Rico

RECEIVED
DEPTO. PREINTERVENCION
14 FEB -3 PM 3: 58

3 de febrero de 2014

Sra. Jessica Ortiz
Preintervención

P/C:  Lcda. María de Lourdes Rodríguez
       Oficina de Asesoramiento Legal

**AUTORIDAD DE CARRETERAS Y TRANSPORACIÓN**
**LÍNEA DE CRÉDITO POR $3,234,391.27**

Le hacemos llegar los documentos legales de la tercera enmienda a la línea de crédito en referencia para ser guardados en la bóveda junto con los demás documentos relacionados a este financiamiento:

1. Original del *Third Amendment to Loan Agreement*, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico ("ACT") el 31 de enero de 2014 y por Jorge A. Clivillés Díaz, Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico ("BGF") el 31 de enero de 2014, Affidávit Núm. 579 y 580 respectivamente.

2. Original del *Third Amendment to Promissory Note (Allonge)*, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 578.

3. Copia de la Certificación de la Resolución 10197 suscrita el 21 de enero de 2014 por Zoraya Betancourt Calzada en su capacidad de Secretaria Auxiliar de la Junta de Directores del BGF, adoptada en reunión celebrada el 20 de noviembre de 2013. La Certificación original se encuentra junto con los documentos legales relacionados a la sexta enmienda a la línea de crédito de $147,011,799.88 de la ACT.

4. Certificación de la Resolución Núm. 2014-04 suscrita el 30 de enero de 2014 por Miguel A. Torres Díaz, Secretario del Departamento de Transportación y Obras Públicas y certificada por Giovanna Matos De Juan en su capacidad de Secretaria Interina de la ACT, el 30 de enero de 2014.

5. Copia de la carta compromiso firmada por Jesús M. García Rivera, Vicepresidente y Director de Financiamiento de la División de Obligaciones de Renta del BGF y aceptada por Javier E. Ramos Hernández, Director Ejecutivo de la ACT el 31 de enero de 2014.

Agradeceremos que estos documentos se incorporen al contrato original y que se aseguren de engrapar el documento titulado *Third Amendment to Promissory Note (Allonge)* al original del Pagaré custodiado en la bóveda.

Belén Fornaris
Asesora Legal

Anejos

c   Myriam Pascual (con anejos)
    Jorge A. Clivillés Díaz (con anejos)
    Damaris Salom (con anejos)

DIV. OBLIGACIONES DE RENTA
BGF
14 FEB -3 PM 4: 07
30338

## THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT** (the "Third Amendment"), dated as of January 3L, 2014 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS**, on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS**, the Loan was evidenced by a Promissory Note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000)**;

**WHEREAS**, on June 29, 2012 the Authority and the Bank executed a First Amendment Loan Agreement to extend of the maturity of the Loan up to January 31, 2013, increase the maximum amount of the Loan Agreement by **TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($234,391.27)** to cover capitalized accumulated interest up to January 31, 2013 ($233,074.07) and the corresponding financial advisory fees ($1,317.20), for an amended aggregate principal amount of **THREE MILLION TWO HUNDRED THIRTY FOUR THOUSAND THREE HUNDRED NINETY ONE DOLLARS AND TWENTY SEVEN CENTS ($3,234,391.27)**, and to establish the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS**, on May 6, 2013 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan up to January 31, 2014, subject to certain conditions;

**WHEREAS**, by October 31, 2013, the Loan had an outstanding principal balance of $ 2,686,850.02, and accrued interests for the amount of $ 215,817.05;

**WHEREAS**, the Authority has requested, and the management of the Bank has recommended, to amend de Loan Agreement, as amended, with the purpose of extending the maturity date;

30271

**WHEREAS**, on November 20, 2013, the Board of Directors of the Bank adopted Resolution 10197, authorizing to extend the maturity date of the Loan up to January 31, 2015, subject to certain terms and conditions; and

**WHEREAS**, pursuant to Resolution Number 2014-04, adopted by the Secretary of Transportation and Public Works on January 30, 2014, the Authority accepted the terms and conditions established by the Bank as set forth in above referenced Resolution 10197.

**NOW, THEREFORE**, in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The first sentence of Section 3 of the Loan Agreement, as amended, is hereby amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2015."

2. Pursuant to this Third Amendment, a Third Amendment to Promissory Note (Allonge) shall be executed by the Authority on this same date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

3. The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Two Hundred Ninety Three Dollars and Seventy Six Cents ($1,293.76).

4. This Third Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and all provisions of the Loan Agreement, as amended, not inconsistent with this Third Amendment, shall remain in full force and effect.

5. This Third Amendment may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement.

6. In the event that any provision of this Third Amendment is declared to be void of unenforceable, the remainder of this Third Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

29408

7. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to negotiate any other term or condition necessary in order to safeguard the best interests of the Bank.

8. Pursuant to Resolution 10197, adopted by the Board of Directors of the Bank on November 20, 2013, this Third Amendment is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURE PAGE FOLLOWS]**

29408

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT**          **PUERTO RICO HIGHWAY AND**
**BANK FOR PUERTO RICO**            **TRANSPORTATION AUTHORITY**

_____     _____
Jorge A. Clivillés Díaz             Javier E. Ramos Hernández
Fiscal Agent                        Executive Director

Affidavit No. 579

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January 31, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Affidavit No. 580

Recognized and subscribed before me by Jorge A. Clivillés Díaz as Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married and resident of San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January 31, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

29408

## THIRD AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$3,234,391.27**                                       **Due Date: January 31, 2015**

The terms of the Promissory Note executed by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, for the principal sum of **THREE MILLION DOLLARS ($3,000,000)**, to the order of the Government Development Bank for Puerto Rico on December 31, 2011, before Notary Public Zoraya Betancourt Calzada (the "Note"), as amended by First Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority on June 29, 2012 before Notary Public Marguileán Rivera Amill, as amended by Second Amendment to Promissory Note (Allonge) executed by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority on May 6, 2013 before Notary Public Belén Fornaris Alfaro, is hereby amended to extend the maturity date to January 31, 2015.

This Third Amendment to Promissory Note (Allonge) is executed in connection with the Third Amendment to Loan Agreement between the Puerto Rico Highway and Transportation Authority and the Government Development Bank for Puerto Rico, executed by the parties on this same date. All other provisions of the Note, as amended, not inconsistent with this Third Amendment to Promissory Note (Allonge), shall remain in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority has caused this Third Amendment to Promissory Note (Allonge) to be signed by its Executive Director in San Juan, Puerto Rico, this _3/_ day of January, 2014.

**PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY**

Javier E. Ramos Hernández
Executive Director

Affidavit No. _578_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on January _31_, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

Notary Public

30271

**P U E R T O   R I C O**

Banco Gubernamental de Fomento
para Puerto Rico

## CERTIFICACIÓN

Yo, **ZORAYA BETANCOURT CALZADA**, Secretaria Auxiliar de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 10197** es una copia fiel y exacta de la original que se encuentra bajo mi custodia. La misma fue adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión debidamente convocada y celebrada el 20 de noviembre de 2013.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 10197

**APRUEBA UNA EXTENSIÓN HASTA EL 31 DE ENERO DE 2015 EN EL VENCIMIENTO DE LOS FINANCIAMIENTOS QUE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN MANTIENE VIGENTES CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**POR CUANTO**, al 31 de octubre de 2013, la Autoridad de Carreteras y Transportación ("ACT") tiene varias líneas de crédito vigentes con el Banco Gubernamental de Fomento para Puerto Rico ("BGF") por un total máximo autorizado ascendente a $2,045,665,389.14, y un balance total adeudado de $1,714,847.803.36. Algunas de esas líneas de crédito vencen en enero y febrero de 2014 por un máximo autorizado de $1,444,621,622.14 y un balance adeudado de $1,143,565,004.01, que incluyen el financiamiento por $61,800,000 otorgado el pasado agosto;

**POR CUANTO**, la ACT afirma que su situación financiera no provee la oportunidad del repago de las líneas de crédito mencionadas y, por lo tanto, solicitó una extensión de 12 meses al vencimiento éstas;



**POR CUANTO**, la Asamblea Legislativa de Puerto Rico identificó nuevas fuentes de ingresos con el fin de que la ACT pueda refinanciar su deuda vigente con el BGF, para lo cual se aprobaron las Leyes Núm. 30 y 31, ambas adoptadas el 25 de junio de 2013;

**POR CUANTO**, según los estimados de la ACT, el total agregado de estas nuevas fuentes de ingresos podría ascender a alrededor de $260,000,000 ó $270,000,000 anuales, flujo de efectivo con el cual podrían efectuarse futuras emisiones de bonos para el repago de sus obligaciones, tanto con el BGF como con *RBC Capital Markets* (en adelante "RBC");

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525



BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

Junta de Directores del BGF
Certificación de la Resolución 10197
Página 2 de 3
Aprobada el 20 de noviembre de 2013

**POR CUANTO**, la Gerencia del Área de Financiamiento del BGF recomienda que, mientras se espera por la estabilización de los mercados de bonos para realizar las emisiones de bonos de la ACT, el BGF pueda tener el control para determinar mensualmente la disposición de los nuevos ingresos de la ACT bajo las Leyes 30 y 31 de 2013 (luego de computados los mismos por la ACT y/o el Departamento de Hacienda). De ese modo, el BGF podrá redirigir y utilizar dichos ingresos en el pago mensual de intereses y, en la medida que sea posible, el repago parcial de los financiamientos de la ACT con el BGF, luego de los pagos correspondientes a RBC, en lo que se materializan las emisiones de bonos;

**POR CUANTO**, mediante contrato de gravamen mobiliario otorgado en conexión al préstamo por $61,830,000 concedido por el BGF a la ACT el 28 de agosto de 2013 (el "Contrato de Gravamen Mobiliario"), la ACT le asignó y le otorgó como colateral al BGF los ingresos producto de las Leyes 30 y 31 de 2013, con el fin de que la ACT pueda refinanciar y repagar su deuda vigente con el BGF;

**POR TANTO, RESUÉLVASE** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico aprobar a la Autoridad de Carreteras y Transportación la extensión **hasta el 31 de enero de 2015** en el vencimiento de las líneas de crédito que mantiene vigentes con el Banco Gubernamental de Fomento para Puerto Rico (BGF) y que vencen en enero y febrero de 2014 (se incluye tabla como Anejo a esta Resolución que detalla las líneas de crédito a enmendar conforme a lo aquí aprobado).

**RESUÉLVASE, ADEMÁS**, requerir a la ACT que, en coordinación con el Departamento de Hacienda, establezca un proceso para redirigir al BGF los nuevos ingresos de la ACT bajo la Leyes Núm. 30 y 31 - 2013 (luego de computados los mismos por la ACT y/o el Departamento de Hacienda), los cuales fueron asignados y otorgados como colateral al BGF bajo el Contrato de Gravamen Mobiliario para el pago mensual de los financiamientos de la ACT con el BGF (intereses y, de ser posible, pagos de principal), luego de los pagos correspondientes a *RBC Capital Markets*, en lo que se emiten los bonos de la ACT. Esta función se canalizará a través del *Fiscal Oversight Agreement* (FOA), que administra el Área de Agencia Fiscal del BGF, para que al finalizar cada mes se evalúen los datos financieros de la ACT para determinar la distribución de los ingresos provenientes de las Leyes Núm. 30 y 31 - 2013, según mencionadas.

Esta enmienda está sujeta a los siguientes términos y condiciones:

1. El Presidente del Banco Gubernamental de Fomento para Puerto Rico, el Vicepresidente Ejecutivo de Financiamiento o cualquier otro Vicepresidente Ejecutivo podrá negociar y suscribir términos adicionales para efectuar esta enmienda e incluir aquellas condiciones adicionales que sean necesarias para proteger los mejores intereses del BGF, incluyendo, pero sin limitarse a, las gestiones correspondientes para que se canalicen directamente al BGF los

37452

Junta de Directores del BGF
Certificación de la Resolución 10197
Página 3 de 3
Aprobada el 20 de noviembre de 2013

recursos e ingresos correspondientes de la ACT (Leyes Núm. 30 y 31 - 2013) para el repago de los financiamientos con el BGF, y cualesquiera otras cantidades que el BGF cobre por concepto de obligaciones pendientes de la ACT con el BGF. Además, quedan autorizados a otorgar y suscribir los documentos necesarios para evidenciar la enmienda en los contratos de préstamos y pagarés.

2. El Director Ejecutivo de la ACT y el Secretario del Departamento de Transportación y Obras Públicas deberán efectuar una presentación a esta Junta de Directores sobre las finanzas de la ACT y el progreso de la implementación de sus planes a mediano y largo plazo para atender de manera expedita y efectiva la situación fiscal de la ACT, más allá de los nuevos ingresos legislados.

3. La ACT deberá pagar al BGF los honorarios de asesoría financiera correspondientes por esta transacción, de acuerdo con la política vigente del Banco.

4. Esta Resolución se aprueba, además, como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.

Esta resolución tendrá vigencia inmediata luego de su aprobación.

**Y PARA QUE ASÍ CONSTE,** suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy, martes, 21 de enero de 2014.

ZORAYA BETANCOURT CALZADA
SECRETARIA AUXILIAR

(SELLO)

37452

BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO

DIVISIÓN DE OBLIGACIONES DE RENTAS

Préstamos de la Autoridad de Carreteras y Transportación con vencimiento en enero y febrero de 2014,
a los que se les extiende el vencimiento hasta el 31 de enero de 2015

Junta de Directores del BGF
Anejo a la Resolución 10197
Aprobada el 20 de noviembre de 2013

| Número de Préstamo | Fecha de Obligación | Vencimiento | Propósito | Máximo Autorizado | Balance a 10/31/2013 | Intereses | GDB total |
|---|---|---|---|---|---|---|---|
| 200079 215 001 004 02 | 19-Mar-08 | 31-Jan-14 | PMC | 151231,756.83 | 140052,282.55 | 11269,812.91 | 57,070.25 |
| 200079 215 001 004 03 | 6-Aug-08 | 31-Jan-14 | PMC | 151907,923.71 | 122158,601.79 | 11380,879.12 | 58,998.31 |
| 200079 215 001 004 04 | 30-Sep-08 | 31-Jan-14 | Operacional | 25000,000.00 | 0.00 | 0.00 | 28.01 |
| 200079 215 001 004 06 | 6-Jul-09 | 31-Jan-14 | Fiscal Emergency Loan | 93752,401.10 | 78359,946.20 | 10027,613.17 | 37,549.96 |
| 200079 215 001 004 07 | 30-Oct-09 | 31-Jan-14 | Pay PRHTA Series 2008 A | 477624,333.50 | 400000,000.00 | 50134,801.97 | 165,874.78 |
| 200079 215 001 004 08 | 9-Nov-09 | 31-Jan-14 | To pay supplirers PMC | | | | |
| 200079 215 001 004 09 | 9-Nov-09 | 31-Jan-14 | To pay supplirers | | | | |
| | 30-Oct-09 | 31-Jan-14 | Fondo ARRA | | | | |
| 200079 215 001 004 11 | 30-Jun-10 | 31-Jan-14 | To pay costs of issuance PRHTA 2003 Series AA & H | 21505,982.71 | 16422,151.84 | 1319,069.69 | 8,693.29 |
| 200079 215 001 004 12 | 13-Jul-10 | 31-Jan-14 | To pay settlement agreements of Consortium and Acciona | 3234,391.27 | 2686,350.02 | 215,817.05 | 1,292.76 |
| 200079 215 001 004 13 | 27-Aug-10 | 31-Jan-14 | To pay Collateral PRHTA Swap Serie N | 67119,594.40 | 62027,259.80 | 4972,806.82 | 26,877.84 |
| 200079 215 001 004 24 | 29-Nov-11 | 31-Jan-14 | PMC | 147011,799.88 | 33902,726.62 | 115,915.28 | 55,678.60 |
| 200079 215 001 004 26 | 12-Sep-12 | 31-Jan-14 | PMC | 49325,000.00 | 49325,000.00 | 3806,291.42 | 117,380.00 |
| 200079 215 001 004 27 | 28-Feb-13 | 31-Jan-14 | Operacional | 10536,362.50 | 7898,217.35 | 213,557.40 | 11,726.55 |
| 200079 215 001 004 28 | 28-Aug-13 | 28-Feb-14 | Operacional | 33189,996.00 | 3224,244.47 | 564,387.93 | 12,716.00 |
| | | | | 61830,000.00 | 49628,623.37 | 475,569.98 | 24,732.00 |
| ACT Total | | | | $ 1446197,984.64 | $ 1143565,004.01 | $ 111830,996.03 | $ 539,098.91 |

$ 156207,923.71  Total del máximo autorizado para ambos financiamientos

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACION Y OBRAS PÚBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

**RESOLUCION NÚM. 2014-_04_**

**PARA EXTENDER LA FECHA DE VENCIMIENTO DE LOS FINANCIAMIENTOS QUE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION MANTIENE VIGENTES CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

Yo, Miguel A. Torres Díaz, Secretario del Departamento de Transportación y Obras Públicas, en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973 y las reglas, reglamentos y resoluciones adoptadas,

**EXPONGO**

**POR CUANTO:** Al 31 de octubre de 2013 la Autoridad de Carreteras y Transportación (ACT) tenía varias líneas de crédito vigentes con el Banco Gubernamental de Fomento para Puerto Rico (BGF) por un total máximo autorizado ascendente a $2,045,665,389.14, y un balance adeudado de $1,714,847,803.36. Algunas de esas líneas de crédito vencen en enero y febrero de 2014 por un máximo autorizado de $1,444,621,622.14 y un balance adeudado de $1,143,565,004.01, que incluyen el financiamiento por $61,830,000.00 otorgado en agosto de 2013.

**POR CUANTO:** La situación financiera de la ACT no provee la oportunidad del repago de las líneas de crédito antes mencionadas y, por lo tanto, solicitamos al BGF una extensión de doce (12) meses al vencimiento de las mismas.

**POR CUANTO:** La Asamblea Legislativa de Puerto Rico identificó nuevas fuentes de ingresos con el fin de que la ACT pueda refinanciar su deuda vigente con el BGF, para lo cual se aprobaron las Leyes Núm. 30 y 31, ambas adoptadas el 25 de junio de 2013.

**POR CUANTO:** Según los estimados de la ACT, el total agregado de estas nuevas fuentes de ingresos podría ascender a alrededor de $260,000,000.00 o $270,000,000.00 anuales, flujo de efectivo con el cual podrían efectuarse futuras emisiones de bonos para el repago de sus obligaciones, tanto con el BGF como con *RBC Capital Markets* (en adelante "RBC").

**POR CUANTO:** El Área de Financiamiento del BGF recomendó que mientras se espera por la estabilización de los mercados de bonos para realizar las emisiones de bonos de la ACT, el BGF tenga el control para determinar mensualmente la disposición de

los nuevos ingresos de la ACT bajo las Leyes 30 y 31 de 2013 (luego de computados los mismos por la ACT y/o el Departamento de Hacienda). De ese modo, el BGF puede redirigir y utilizar dichos ingresos en el pago mensual de intereses y, en la medida que sea posible, el repago parcial de los financiamientos de la ACT con el BGF, luego de los pagos correspondientes a RBC, en lo que se materializan las emisiones de bonos de la ACT.

**POR CUANTO:** Mediante contrato de gravamen mobiliario otorgado en conexión al préstamo por $61,830,000.00 concedido por el BGF a la ACT el 28 de agosto de 2013 (el "Contrato de Gravamen Mobiliario"), la ACT le asignó y le otorgó como colateral al BGF los ingresos producto de las Leyes 30 y 31 de 2013, con el fin de que la ACT pueda refinanciar y repagar su deuda vigente con el BGF.

**POR CUANTO:** La Junta de Directores del BGF, mediante la Resolución Núm. 10197 adoptada en reunión celebrada el 20 de noviembre de 2013, aprobó a la ACT la extensión hasta el 31 de enero de 2015 en el vencimiento de las líneas de crédito que mantiene vigentes con el BGF y que vencen en enero y febrero de 2014. Se acompaña como anejo a esta resolución copia de la Resolución Núm. 10197 de la Junta de Directores del BGF la cual a su vez contiene una tabla como anejo que detalla las líneas de crédito a enmendar conforme lo aprobado por el BGF.

**POR CUANTO:** El BGF también ha requerido a la ACT que, en coordinación con el Departamento de Hacienda, establezca un proceso para redirigir al BGF los nuevos ingresos de la ACT bajo las Leyes Núm. 30 y 31 de 2013 (luego de computados los mismos por la ACT y/o el Departamento de Hacienda), los cuales fueron asignados y otorgados como colateral al BGF bajo el Contrato de Gravamen Mobiliario para el pago mensual de los financiamientos de la ACT con el BGF (intereses y, de ser posible, pagos de principal), luego de los pagos correspondientes a RBC, en lo que se emiten los bonos de la ACT. Esta función será canalizada a través del *Fiscal Oversight Agreement (FOA)*, que administra el Área de Agencia Fiscal del BGF, para que al finalizar cada mes se evalúen los datos financieros de la ACT para determinar la distribución de los ingresos provenientes de las Leyes Núm. 30 y 31 de 2013.

**POR TANTO:** Yo, **MIGUEL A. TORRES DIAZ**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1) Extender hasta el 31 de enero de 2015 la fecha de vencimiento de los financiamientos que la Autoridad de Carreteras y Transportación mantiene vigentes con el

Banco Gubernamental de Fomento para Puerto Rico, según detalle contenido en el anejo de esta resolución.

2)      Autorizar a la Autoridad de Carreteras y Transportación a aceptar los términos y condiciones establecidos por el Banco Gubernamental de Fomento de Puerto Rico como condición para la extensión de la fecha de vencimiento de la línea de crédito antes aludida y a que se firmen los acuerdos necesarios para su ejecución.

3)      La Autoridad de Carreteras y Transportación pagará al Banco Gubernamental de Fomento para Puerto Rico los honorarios correspondientes por esta transacción, según la política vigente del Banco a esos efectos.

4)      Autorizar a la Autoridad de Carreteras y Transportación a aceptar los términos y condiciones establecidos por el Banco Gubernamental de Fomento de Puerto Rico como condición para la extensión de la fecha de vencimiento de las líneas de crédito objeto de esta resolución y a que se firmen los acuerdos necesarios para su ejecución.

5)      Autorizamos al Ing. Javier E. Ramos Hernández, Director Ejecutivo de la Autoridad de Carreteras y Transportación, a firmar los documentos legales correspondientes a las enmiendas a estas líneas de crédito.

6)      Esta Resolución tendrá vigencia inmediata después de su aprobación.

En San Juan, Puerto Rico, a __30__ de enero de 2014.

Miguel A. Torres Díaz
Secretario
Departamento de Transportación y
Obras Públicas

CERTIFICADO POR:

Giovanna Matos de Juan
Secretaria Interina de la Corporación

ESTADO LIBRE ASOCIADO DE

# P U E R T O   R I C O

Banco Gubernamental de Fomento
para Puerto Rico

29 de enero de 2014

Ing. Javier E. Ramos Hernández
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR   00940-2007

Estimado ingeniero Ramos:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico ("BGF"),
mediante su Resolución 10197 aprobó a la Autoridad de Carreteras y Transportación ("ACT") la
extensión hasta el 31 de enero de 2015 en el vencimiento de varias líneas de crédito que
mantiene vigentes con el BGF y que vencen en enero y febrero de 2014.  Además, requerir a la
ACT que, en coordinación con el Departamento de Hacienda, establezca un proceso para
redirigir al BGF los nuevos ingresos de la ACT bajo la Leyes Núm. 30 y 31 - 2013 (luego de
computados los mismos por la ACT y/o el Departamento de Hacienda), los cuales fueron
asignados y otorgados como colateral al BGF bajo el Contrato de Gravamen Mobiliario para el
pago mensual de los financiamientos de la ACT con el BGF (intereses y, de ser posible, pagos de
principal), luego de los pagos correspondientes a *RBC Capital Markets*, en lo que se emiten los
bonos de la ACT.  Esta función se canalizará a través del *Fiscal Oversight Agreement (FOA)*,
que administra el Área de Agencia Fiscal del BGF, para que al finalizar cada mes se evalúen los
datos financieros de la ACT para determinar la distribución de los ingresos provenientes de las
Leyes Núm. 30 y 31 – 2013, según mencionadas.

Esta enmienda está sujeta a los siguientes términos y condiciones:

1. El Presidente del Banco Gubernamental de Fomento para Puerto Rico, el
   Vicepresidente Ejecutivo de Financiamiento o cualquier otro Vicepresidente
   Ejecutivo podrá negociar y suscribir términos adicionales para efectuar esta
   enmienda e incluir aquellas condiciones adicionales que sean necesarias para
   proteger los mejores intereses del BGF, incluyendo, pero sin limitarse a, las
   gestiones correspondientes para que se canalicen directamente al BGF los
   recursos e ingresos correspondientes de la ACT (Leyes Núm. 30 y 31 - 2013)
   para el repago de los financiamientos con el BGF, y cualesquiera otras
   cantidades que el BGF cobre por concepto de obligaciones pendientes de la
   ACT con el BGF. Además, quedan autorizados a otorgar y suscribir
   los documentos necesarios para evidenciar la enmienda en los contratos de
   préstamos y pagarés.



PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

BGF

BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

ACT Enmienda a las Líneas de Crédito
Carta de Compromiso
29 de enero de 2014
Página 2

Case:17-03283-LTS Doc#:16276-3 Filed:03/31/21 Entered:03/31/21 22:38:21 Desc:
Exhibit A-3 Page 29 of 37

2. El Director Ejecutivo de la ACT y el Secretario del Departamento de Transportación y Obras Públicas deberán efectuar una presentación a esta Junta de Directores sobre las finanzas de la ACT y el progreso de la implementación de sus planes a mediano y largo plazo para atender de manera expedita y efectiva la situación fiscal de la ACT, más allá de los nuevos ingresos legislados.

3. La ACT deberá pagar al BGF los honorarios de asesoría financiera correspondientes por esta transacción, de acuerdo con la política vigente del Banco.

4. La Resolución 10197 fue aprobada, además, como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.

Se incluye la Resolución 10197 como parte de esta carta, la cual manifiesta el compromiso del BGF en otorgar la enmienda para la extensión de la fecha de vencimiento de los financiamientos de las líneas de crédito que la ACT mantiene vigentes con el BGF.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia adjunta y devolverla a nuestras oficinas con la mayor brevedad posible.

Atentamente,

Jesús M. García Rivera
Vicepresidente y Director
Financiamiento de Obligaciones de Renta

lsb

c: José V. Pagán
   Arnaldo Maestre
   Miriam Pascual

Firma: _Jaue CR_

Fecha: _31/enero/2014_

# PUERTO RICO

Banco Gubernamental de Fomento
para Puerto Rico

## CERTIFICACIÓN

Yo, **ZORAYA BETANCOURT CALZADA**, Secretaria Auxiliar de la Junta de

Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la

**Resolución 10197** es una copia fiel y exacta de la original que se encuentra bajo mi custodia.

La misma fue adoptada por la Junta de Directores del Banco Gubernamental de Fomento para

Puerto Rico, en reunión debidamente convocada y celebrada el 20 de noviembre de 2013.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o

anulada y se encuentra en toda su fuerza y vigor.

## RESOLUCIÓN 10197

**APRUEBA UNA EXTENSIÓN HASTA EL 31 DE ENERO DE 2015 EN EL
VENCIMIENTO DE LOS FINANCIAMIENTOS QUE LA AUTORIDAD
DE CARRETERAS Y TRANSPORTACIÓN MANTIENE VIGENTES CON
EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**POR CUANTO**, al 31 de octubre de 2013, la Autoridad de Carreteras y Transportación ("ACT") tiene varias líneas de crédito vigentes con el Banco Gubernamental de Fomento para Puerto Rico ("BGF") por un total máximo autorizado ascendente a $2,045,665,389.14, y un balance total adeudado de $1,714,847.803.36. Algunas de esas líneas de crédito vencen en enero y febrero de 2014 por un máximo autorizado de $1,444,621,622.14 y un balance adeudado de $1,143,565,004.01, que incluyen el financiamiento por $61,800,000 otorgado el pasado agosto;

**POR CUANTO**, la ACT afirma que su situación financiera no provee la oportunidad del repago de las líneas de crédito mencionadas y, por lo tanto, solicitó una extensión de 12 meses al vencimiento éstas;

**POR CUANTO**, la Asamblea Legislativa de Puerto Rico identificó nuevas fuentes de ingresos con el fin de que la ACT pueda refinanciar su deuda vigente con el BGF, para lo cual se aprobaron las Leyes Núm. 30 y 31, ambas adoptadas el 25 de junio de 2013;

**POR CUANTO**, según los estimados de la ACT, el total agregado de estas nuevas fuentes de ingresos podría ascender a alrededor de $260,000,000 ó $270,000,000 anuales, flujo de efectivo con el cual podrían efectuarse futuras emisiones de bonos para el repago de sus obligaciones, tanto con el BGF como con *RBC Capital Markets* (en adelante "RBC");

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525



BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

Junta de Directores del BGF
Certificación de la Resolución 10197
Página 2 de 3
Aprobada el 20 de noviembre de 2013

**POR CUANTO**, la Gerencia del Área de Financiamiento del BGF recomienda que, mientras se espera por la estabilización de los mercados de bonos para realizar las emisiones de bonos de la ACT, el BGF pueda tener el control para determinar mensualmente la disposición de los nuevos ingresos de la ACT bajo las Leyes 30 y 31 de 2013 (luego de computados los mismos por la ACT y/o el Departamento de Hacienda). De ese modo, el BGF podrá redirigir y utilizar dichos ingresos en el pago mensual de intereses y, en la medida que sea posible, el repago parcial de los financiamientos de la ACT con el BGF, luego de los pagos correspondientes a RBC, en lo que se materializan las emisiones de bonos;

**POR CUANTO**, mediante contrato de gravamen mobiliario otorgado en conexión al préstamo por $61,830,000 concedido por el BGF a la ACT el 28 de agosto de 2013 (el "Contrato de Gravamen Mobiliario"), la ACT le asignó y le otorgó como colateral al BGF los ingresos producto de las Leyes 30 y 31 de 2013, con el fin de que la ACT pueda refinanciar y repagar su deuda vigente con el BGF;

**POR TANTO, RESUÉLVASE** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico aprobar a la Autoridad de Carreteras y Transportación la extensión **hasta el 31 de enero de 2015** en el vencimiento de las líneas de crédito que mantiene vigentes con el Banco Gubernamental de Fomento para Puerto Rico (BGF) y que vencen en enero y febrero de 2014 (se incluye tabla como Anejo a esta Resolución que detalla las líneas de crédito a enmendar conforme a lo aquí aprobado).

**RESUÉLVASE, ADEMÁS**, requerir a la ACT que, en coordinación con el Departamento de Hacienda, establezca un proceso para redirigir al BGF los nuevos ingresos de la ACT bajo la Leyes Núm. 30 y 31 - 2013 (luego de computados los mismos por la ACT y/o el Departamento de Hacienda), los cuales fueron asignados y otorgados como colateral al BGF bajo el Contrato de Gravamen Mobiliario para el pago mensual de los financiamientos de la ACT con el BGF (intereses y, de ser posible, pagos de principal), luego de los pagos correspondientes a *RBC Capital Markets*, en lo que se emiten los bonos de la ACT. Esta función se canalizará a través del *Fiscal Oversight Agreement* (FOA), que administra el Área de Agencia Fiscal del BGF, para que al finalizar cada mes se evalúen los datos financieros de la ACT para determinar la distribución de los ingresos provenientes de las Leyes Núm. 30 y 31 - 2013, según mencionadas.

Esta enmienda está sujeta a los siguientes términos y condiciones:

1. El Presidente del Banco Gubernamental de Fomento para Puerto Rico, el Vicepresidente Ejecutivo de Financiamiento o cualquier otro Vicepresidente Ejecutivo podrá negociar y suscribir términos adicionales para efectuar esta enmienda e incluir aquellas condiciones adicionales que sean necesarias para proteger los mejores intereses del BGF, incluyendo, pero sin limitarse a, las gestiones correspondientes para que se canalicen directamente al BGF los

37452

Junta de Directores del BGF
Certificación de la Resolución 10197
Página 3 de 3
Aprobada el 20 de noviembre de 2013

recursos e ingresos correspondientes de la ACT (Leyes Núm. 30 y 31 - 2013) para el repago de los financiamientos con el BGF, y cualesquiera otras cantidades que el BGF cobre por concepto de obligaciones pendientes de la ACT con el BGF.   Además, quedan autorizados a otorgar y suscribir los documentos necesarios para evidenciar la enmienda en los contratos de préstamos y pagarés.

2. El Director Ejecutivo de la ACT y el Secretario del Departamento de Transportación y Obras Públicas deberán efectuar una presentación a esta Junta de Directores sobre las finanzas de la ACT y el progreso de la implementación de sus planes a mediano y largo plazo para atender de manera expedita y efectiva la situación fiscal de la ACT, más allá de los nuevos ingresos legislados.

3. La ACT deberá pagar al BGF los honorarios de asesoría financiera correspondientes por esta transacción, de acuerdo con la política vigente del Banco.

4. Esta Resolución se aprueba, además, como una declaración oficial de intención bajo la regulación del Departamento del Tesoro de los Estados Unidos, Sección 1.150-2.

Esta resolución tendrá vigencia inmediata luego de su aprobación.

**Y PARA QUE ASÍ CONSTE**, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.   En San Juan, Puerto Rico, hoy, martes, 21 de enero de 2014.

**(SELLO)**

**ZORAYA BETANCOURT CALZADA**
**SECRETARIA AUXILIAR**

37452

# BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO

### DIVISIÓN DE OBLIGACIONES DE RENTAS

**Préstamos de la Autoridad de Carreteras y Transportación con vencimiento en enero y febrero de 2014,
a los que se les extiende el vencimiento hasta el 31 de enero de 2015**

Junta de Directores del BGF
Anejo a la Resolución 10197
Aprobada el 20 de noviembre de 2013

| Número de Préstamo | Fecha Originación | Vencimiento | Propósito | Máxima Autorizado | Balance al 31/10/2013 | Intereses | Cartera/Balance |
|---|---|---|---|---|---|---|---|
| 200079 215 001 004 02 | 19-Mar-08 | 31-Jan-14 | PMC | 151231,756.83 | 140052,282.55 | 11249,812.31 | 579,872.2 |
| 200079 215 001 004 03 | 6-Aug-08 | 31-Jan-14 | PMC | 131907,923.71 | 122158,601.79 | 11380,879.17 | 583,983.3 |
| 200079 215 001 004 04 | 30-Sep-08 | 31-Jan-14 | Operacional | 25000,000.00 | 0.00 | 0.00 | 0.00 |
| 200079 215 001 004 06 | 6-Jul-09 | 31-Jan-14 | Fiscal Emergency Loan | 93050,401.10 | 78359,046.20 | 10027,613.17 | 3750,50.9 |
| 200079 215 001 004 07 | 30-Oct-09 | 31-Jan-14 | Pay PRHTA Series 2008 A | 477604,333.50 | 400000,000.00 | 50134,801.97 | 165,74.71 |
| 200079 215 001 004 08 | 9-Nov-09 | 31-Jan-14 | To pay suppliers PMC | | | | |
| 200079 215 001 004 09 | 9-Nov-09 | 31-Jan-14 | To pay suppliers | | | | |
| | 30-Oct-09 | 31-Jan-14 | Fondo ARRA | 21505,982.71 | 16422,151.84 | 1319,069.69 | 8393.7 |
| 200079 215 001 004 11 | 30-Jun-10 | 31-Jan-14 | To pay costs of issuance PRHTA 2003 Series AA & H | 3234,391.27 | 2686,850.02 | 215,817.05 | 1303.7 |
| 200079 215 001 004 12 | 13-Jul-10 | 31-Jan-14 | To pay settlement agreements of Consortium and Acciona | 67119,594.40 | 62027,259.80 | 4972,806.82 | 26737.8 |
| 200079 215 001 004 13 | 27-Aug-10 | 31-Jan-14 | To pay Collateral PRHTA Swap Serie N | 147011,799.88 | 33902,726.62 | 115,915.28 | 5950.64 |
| 200079 215 001 004 24 | 29-Nov-11 | 31-Jan-14 | PMC | 49325,000.00 | 49325,000.00 | 3806,291.42 | 59276.06 |
| 200079 215 001 004 26 | 12-Sep-12 | 31-Jan-14 | PMC | 10536,562.50 | 7898,217.35 | 213,557.40 | 7,624.55 |
| 200079 215 001 004 27 | 28-Feb-13 | 31-Jan-14 | Operacional | 33189,996.00 | 32224,244.47 | 564,387.93 | 33,276.00 |
| 200079 215 001 004 28 | 28-Aug-13 | 28-Feb-14 | Operacional | 61830,000.00 | 49628,623.37 | 475,569.98 | 94,232.00 |
| ACT Total | | | | $ 1446197,984.64 | $ 1143565,004.01 | $ 111830,996.03 | $ 539,66.91 |

$ 156207,923.71 Total del máximo autorizado para ambos financiamientos

## FOURTH AMENDMENT TO LOAN AGREEMENT

This **FOURTH AMENDMENT TO LOAN AGREEMENT** (the "Fourth Amendment"), dated as of May 20, 2015 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender").

### W I T N E S S E T H

**WHEREAS**, on June 30, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total non revolving principal amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Loan"), in order to provide an interim financing to pay the costs of issuance and other related expenses in connection with the Revenue Refunding Bonds "Series AA" and the Revenue Refunding Bonds "Series H" (as defined in the Loan Agreement, and collectively, the "Reoffered Bonds"), pursuant to the terms of the applicable Supplemental Resolutions and Conversion Resolution (both as defined in the Loan Agreement);

**WHEREAS**, the Loan was evidenced by a promissory note payable to the order of the Bank on December 31, 2011, issued on the same date as the Loan Agreement, for the amount of **THREE MILLION DOLLARS ($3,000,000)** (the "Promissory Note");

**WHEREAS**, on June 29, 2012 the Authority and the Bank executed a First Amendment Loan Agreement to extend of the maturity of the Loan up to January 31, 2013, increase the maximum amount of the Loan Agreement by **TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED NINETY-ONE DOLLARS AND TWENTY-SEVEN CENTS ($234,391.27)** to cover capitalized accumulated interest up to January 31, 2013 ($233,074.07) and the corresponding financial advisory fees ($1,317.20), for an amended aggregate principal amount of **THREE MILLION TWO HUNDRED THIRTY FOUR THOUSAND THREE HUNDRED NINETY ONE DOLLARS AND TWENTY SEVEN CENTS ($3,234,391.27)**, and to establish the payment of interest at the maturity of the Loan, among other terms and conditions;

**WHEREAS**, on May 6, 2013 the Authority and the Bank executed a Second Amendment to Loan Agreement to extend the maturity date of the Loan up to January 31, 2014, subject to certain conditions;

**WHEREAS**, on January 31, 2014 the Authority and the Bank executed a Third Amendment to Loan Agreement to extend the maturity date of the Loan up to January 31, 2015, subject to certain conditions;

2

**WHEREAS,** by December 31, 2014, the Loan had an outstanding principal balance of $ 2,686,850.02, and accrued interests for the amount of $403,896.54;

**WHEREAS,** the management of the Bank has recommended to further amend the Loan Agreement, as amended, with the purpose of extending the maturity date;

**WHEREAS,** on December 17, 2014, the Board of Directors of the Bank adopted Resolution 10554, authorizing to extend the maturity date of the Loan up to January 31, 2016, subject to certain terms and conditions; and

**WHEREAS,** pursuant to Resolution Number 2015-07, adopted by the Board of Directors of the Authority on January 15, 2015, the Authority accepted the terms and conditions established by the Bank as set forth in above referenced Resolution 10554.

**NOW, THEREFORE,** in consideration to the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The parties agree to extend the maturity date of the Loan and include as an additional source of repayment the revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013. Therefore, Section 3 of the Loan Agreement, as amended, is hereby amended to read as follows:

   "The principal amount of the Loan shall mature and be due and payable on January 31, 2016. The Borrower hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico. Said principal amount shall be payable from a future bond issuance of the Authority or any available moneys of the Authority, including the revenues allocated by Act No. 30 and Act No. 31 of June 25, 2013, pledged and granted in favor of the Bank pursuant to that certain Assignment and Security Agreement between the Authority and the Bank dated as of August 28, 2013."

2. The Executive Director of the Authority and the Secretary of the Department of Transportation and Public Works shall make a presentation to Lender's Board of Directors about the Authority's finances and the progress in implementation of their medium and long term plans to take care of the fiscal situation of the Authority in an expeditious and effective manner, in addition to the new income already enacted. This presentation shall take place prior to the disbursement by the Bank of any amount under the Loan Agreement, as amended, if there are still Loan funds available for disbursement.

31269

3

3. Pursuant to this Fourth Amendment, a Fourth Amendment to Promissory Note (Allonge) shall be executed by the Authority on this same date, and will be attached to the Promissory Note with the purposes of incorporating to said Promissory Note the agreements and amendments herein contained.

4. The Borrower agrees to pay to the Lender for this transaction a financial advisory fee in the amount of One Thousand Two Hundred Ninety Three Dollars and Seventy Six Cents ($1,293.76).

5. This Fourth Amendment does not constitute a novation of the obligations set forth in the Loan Agreement, as amended, and all provisions of the Loan Agreement, as amended, not inconsistent with this Fourth Amendment, shall remain in full force and effect.

6. In the event that any provision of this Fourth Amendment is declared to be void of unenforceable, the remainder of this Fourth Amendment shall not be affected thereby and shall remain in full force and effect to the extent feasible in the absence of the void and unenforceable declaration.

7. The President, the Executive Vice President of Financing or any Executive Vice President of the Bank, are authorized to direct the resources and revenues of the Authority allocated under Act No. 30 and Act No. 31 of June 25, 2013 for the repayment of existing loans and any other amounts that the Bank charges regarding the outstanding obligations of the Authority.

8. Pursuant to Resolution 10554, adopted by the Board of Directors of the Bank on December 17, 2014, this Fourth Amendment is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURE PAGE FOLLOWS]**



31269

4

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
|---|---|

Jorge A. Clivillés Díaz
Executive Vice President and
   Fiscal Agent

Carmen A. Villar-Prados
Executive Director

Affidavit No. 729

Recognized and subscribed before me by Carmen A. Villar-Prados, as Executive Director of Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Guaynabo, Puerto Rico and by Jorge A. Clivillés Díaz as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, both personally known to me.

In San Juan, Puerto Rico, on ~~January~~ May 20 , 2015.

Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

31269