Jorge A. Rivera
Vicepresidente Ejecutivo y
Asesor Legal General



**BANCO
GUBERNAMENTAL
DE FOMENTO PAR.
PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

30 de agosto de 2010

**Sr. José A. Cotto López**
Gerente
Preintervención

**Autoridad de Carreteras y Transportación (ACT) – $118MM**

Le hacemos llegar los documentos legales originales de esta línea de crédito otorgada el 27 de agosto para su resguardo en la bóveda:

1. *Loan Agreement*, Testimonios 176 y 472.
2. *Outstanding Bond Issues* al 31 de julio de 2010.
3. *Outstanding Debt* al 31 de julio de 2010.
4. *Promissory Note* por $70,937,649.25, Testimonio 174.
5. *Promissory Note* por $47,362,350.75, Testimonio 175.
6. Certificación de la Resolución 9319 de la Junta de Directores del BGF aprobada en reunión celebrada el 21 de julio de 2010.
7. Certificación de la Resolución 2010-25 de la Junta de Directores de la ACT aprobada el 24 de agosto de 2010.
8. Carta Compromiso aceptada por el Sr. Rubén A. Hernández Gregorat el 27 de agosto de 2010.
9. Correo electrónico de la Sra. Maribel Rivera aprobando los documentos del financiamiento.

Anejos

c  Arnaldo Maestre (con anejos)



26533

## LOAN AGREEMENT

This **LOAN AGREEMENT**, dated as of August 27, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

**WHEREAS**, the Authority is in need of obtaining financing to satisfy its obligations to (i) pay certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain capital improvements to the Authority's facilities including those in its Construction Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS**, the Authority has requested that the Bank provide such financing on an interim basis;

**WHEREAS**, on July 29, 2010 the Bank issued its $151,259,000 Senior Notes, 2010 Series B (Issuer Subsidy Build America Bonds) (the "GDB Notes") to, among other things, fund a portion of this interim financing to be used to finance capital expenditures of the Authority;

**WHEREAS**, the Authority intends to repay this interim financing with the proceeds of a future bond issuance of the Authority, any proceeds available after the concession pursuant to the provisions of Act 29 of June 8, 2009, the Public Private Partnerships Act, of certain of its assets, or any other available resources of the Authority;



**WHEREAS**, the Bank is willing to provide such financing, but in an amount not to exceed $118,300,000 in accordance with the terms and conditions herein below set forth, which the Bank understands will be enough to cover the immediate and urgent need of funds of the Authority;

**WHEREAS**, the Borrower and the Lender intend that this Loan Agreement and the Loan be subject to the terms of the Fiscal Oversight Agreement, dated as of July 6, 2009, as may be amended from time to time, between the Lender and the Borrower (the "Fiscal Oversight Agreement");

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Subject to the terms and conditions contained herein, the Lender hereby agrees to make non-revolving advances to the Borrower (each, an "Advance") under a non-revolving line of credit in an aggregate principal amount not to exceed **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the

"Loan") for the purpose of (i) paying certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain capital improvements to the Authority's facilities, which shall not exceed $14,435,604.25 and $30,402,045 for fiscal years 2010 and 2011, respectively; and paying certain costs associated with the automatization of the Authority's toll collection systems, which shall not exceed $26,100,000 (collectively, the "Capital Expenditures"); and (ii) paying certain other operating expenses of the Authority, as authorized by the Lender, up to $47,362,350.75 (the "Operating Expenses" and, together with the Capital Expenditures, the "Permitted Expenses").

2. The Borrower shall use each Advance only for the payment or reimbursement of Permitted Expenses (as defined herein), as such Permitted Expenses are incurred by the Borrower and within the maximum limits established in the Borrower's Fiscal Improvement Plan (as defined in the Fiscal Oversight Agreement) and the 2010-2013 Plan (collectively, the "Borrower's Plan"). Permitted Expenses shall be deemed to have been "incurred" by the Borrower (i) when the labor has been performed or the materials have been supplied to the Borrower, (ii) payment therefor has been requested by the supplier thereof, and (iii) such supplier is entitled to the payment.

3. The Loan shall be evidenced by two Promissory Notes in an aggregate principal amount of not to exceed **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000).** One shall be used to fund the Capital Expenditures (the "HTA BAB Note") and the other to fund the Operating Expenses (the "HTA Operating Note") mentioned in Section 1 above. Both Promissory Notes shall be substantially in the form attached hereto as <u>Exhibit A</u>, subscribed on this same date by the Borrower and payable to the order of the Lender. Each borrowing made by the Borrower under Section 1 above (a "Borrowing") shall reduce the amount of the Loan ratably by the principal amount of such Borrowing.



4. Unless otherwise agreed to by the Lender, the Borrower may request an Advance in writing by not later than 11:00 a.m. (Puerto Rico time) at least three (3) Banking Days prior to the date of the proposed Advance by an authorized representative of the Borrower and shall specify the (i) requested date of such Advance, (ii) aggregate amount of such Advance, and (iii) a list of suppliers or service providers to be paid with the proceeds of such Advance, the address of each such supplier or service provider, the number or other method of identification of the invoices being paid and the amount being paid with respect to each such invoice, and shall include a copy of all such invoices. The Lender shall fund the requested Advance on the date requested in such notice (which must be a Banking Day) and indicate under which Note the Advance is been funded. Each request for an Advance given by the Borrower to the Lender shall be in the form attached hereto as <u>Exhibit B</u>. A request for an Advance from the Borrower, once received by the Lender, shall be irrevocable and binding on the Borrower. For the purposes of this Loan Agreement, "Banking Day" means any day on which commercial banks are open for business in San Juan, Puerto Rico.

5. The principal amount of the Loan shall mature and be due and payable on August 27, 2013. Said principal amount shall be payable solely from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions; proceeds

from the concession of any of the Authority's assets pursuant to the provisions of Act 29 of June 8, 2009, the Public Private Partnerships Act, or from any available resources of the Authority. Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance. For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost. Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs. For purposes of this Loan Agreement, the applicable interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent.

Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, the interest rate applicable to the outstanding principal amount of each Advance during any period when an Event of Default shall have occurred and be continuing shall be four percent (4.0%) over the otherwise applicable interest rate (the "Default Rate").



Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Bank of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, as set forth in this Loan Agreement. Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

6. The Borrower will pay a fee equal to .25% of the principal amount of the Loan on or prior the closing date.

7. Notwithstanding anything else in this Loan Agreement, drawings under the Loan shall be conditioned on the retention by the Authority, at the Authority's expense, of (i) a financial consultant, (ii) an engineer consultant; (iii) a corporate reorganization consultant; and (iv) any other consultants deemed necessary and convenient by GDB, all reasonably acceptable to, and approved by, the Lender, to provide to the Bank a Fiscal Stabilization Plan for the Borrower, in form and substance acceptable to the Bank, not later than 90 days following the date of this Loan Agreement.

25563

8. If there is no disbursement activity on this Loan for a period of six months after its approval by the Board of Director of the Bank, the loan shall be cancelled automatically.

9. If the Borrower (i) issues and sells bonds, notes or other evidences of indebtedness; or (ii) enters into a concession agreement or other form of public-private partnership with respect to any of its assets pursuant to the provisions of Act 29 of June 8, 2009, the Public Private Partnerships Act; in each case in one or more transactions yielding aggregate net proceeds in an amount equal to or greater than the amount of then outstanding Advances, the Borrower shall on the day of such sale (or if a series of sales, on the day of each such sale), prepay all then outstanding advances; provided, however, that no prepayment shall be required in connection with the refunding of indebtedness existing on the date hereof and set forth in <u>Schedule 9</u> and extensions, renewals or replacement of such indebtedness that do not increase the outstanding principal amount thereof.

The Borrower shall use reasonable commercial efforts to issue and sell bonds, notes or other evidences of Indebtedness in one or more transactions yielding aggregate net proceeds sufficient to require the Borrower to prepay the outstanding principal amount of Loan as set forth above, as soon as practical but no later than the Maturity Date without the Lender's consent.



10. The Borrower shall have the right at any time and from time to time to prepay any Borrowing in whole or in part, without penalty or premium, subject to prior notice in accordance with the next sentence. The Borrower shall notify the Lender by telephone (confirmed by fax) of any prepayment hereunder not later than 11:00 a.m., Puerto Rico time, five (5) Business Days before the date of prepayment. Each such notice shall be irrevocable and shall specify the prepayment date and the principal amount of each Borrowing or portion thereof to be prepaid.   .   Each prepayment of a Borrowing shall be made to the Lender and applied ratably to the Advances included in the prepaid Borrowing. Prepayments shall be applied first to interest due and payable if any, and then to principal of the Loan.

11. This Loan Agreement and the Loan are subject to the terms of the Fiscal Oversight Agreement. The Lender and the Borrower agree to execute any required amendments to the Fiscal Oversight Agreement to evidence their agreement. The Borrower shall from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request pursuant to the terms of the Fiscal Oversight Agreement.

12. No amendment or waiver of any provisions of this Agreement or consent to any departure by the Borrower herefrom shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

13. The representations and warranties made by the Borrower to the Lender under that certain Credit Agreement, dated as of July 6, 2009 (the "Credit Agreement"), by and between the Borrower and the Lender, as lender and administrative agent are hereby incorporated into this Loan Agreement as made on the date hereof.

25563

14. If any of the following events ("Events of Default") shall occur:

(a) the Borrower shall fail to pay any principal of any Advance or any interest on any Advance when and as the same shall become due and payable, whether at the due date thereof or otherwise;

(b) the Borrower shall fail to pay any fee or any other amount (other than an amount referred to in clause (a) of this Article) payable under this Loan Agreement when and as the same shall become due and payable, and such failure shall continue unremedied for a period of three (3) Business Days;

(c) the Borrower shall become unable, admit in writing its inability or fail generally to pay its debts as they become due;

(d) the Borrower shall have defaulted in its obligations under the Fiscal Oversight Agreement, but only for so long as the Bank continues to be a lender hereunder; or

(e) the occurrence of an event of default under the Credit Agreement, the Indenture or any Bond Resolution (as defined in the Credit Agreement); or any other financing provided by the Lender



then, and in every such event, and at any time thereafter during the continuance of such event, the Lender shall, by notice to the Borrower, take either or both of the following actions, at the same or different times: (i) terminate the Loan immediately, and (ii) declare the Advances then outstanding to be due and payable in whole (or in part, in which case any principal not so declared to be due and payable may thereafter be declared to be due and payable) and thereupon the principal of the Advances and other amounts so declared to be due and payable, together with accrued interest thereon and all fees and other obligations of the Borrower accrued hereunder, shall become due and payable immediately, without presentment, demand, protest or other notice of any kind, all of which are hereby waived by the Borrower.

In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

15. The following tax covenants shall apply to HTA BAB Note funded with the proceeds of the GDB Notes:

(a) The Bank and the Borrower understand that it is the intention hereof that the GDB Notes shall maintain their status as Build America Bonds under Section 54AA(g) of the U.S. Internal Revenue Code (the "Code") and that the Bank will be entitled to apply for and receive the interest subsidy provided under Section 6431 of the Code. In furtherance thereof, the Borrower agrees that it will take all action within its control

which is necessary in order for the GDB Notes to retain their status as Build America Bonds and shall refrain from taking any action which results in the GDB Notes failing to continue to qualify as Build America Bonds.

(b) The Bank and Borrower understand that it is the intention hereof that the HTA BAB Note shall be a tax-exempt obligation the interest on which is excluded from gross income for federal income tax purposes under Section 103 of the Code. In furtherance thereof, the Borrower agrees that it will take all action within its control which is necessary in order for the interest on the HTA BAB Note to remain excluded from federal gross income and shall refrain from taking any action which results in such interest becoming included in federal gross income.

(c) The Borrower will coordinate with the Bank the execution and filing of an IRS Form 8038-G evidencing the issuance of the HTA BAB Note on the closing date of the HTA BAB Note. The Borrower agrees to file any additional reports that are required to be filed by the Borrower with the IRS with regard to the HTA BAB Note or the GDB Notes. The Borrower agrees to provide the Bank with all material and information necessary for the Bank to file all reports required under the Code to assure that the GDB Notes retain their status as Build America Bonds and that interest paid by the Borrower on the HTA BAB Note shall be excluded from federal gross income.

(d) The Borrower agrees that all proceeds derived from the HTA BAB Note, including any investment earnings thereon, shall be used only to pay costs of a type that are properly chargeable to the capital account of the Borrower (or would be so chargeable with a proper election or with the application of the definition of placed in service under Treas. Reg. Section 1.150-2(c)) under general Federal income tax principles.

(e) The Borrower will not use proceeds of the Loan to pay working capital expenditures, pay fees associated with the HTA BAB Note, pay principal or interest on any debt obligation or lease payment on any lease obligation, to make any grant, to make or finance any loan to any person or entity, or to establish a debt service reserve fund.

(f) The Borrower intends to use the proceeds of the Loan to obtain reimbursement for capital expenditures paid prior to the date of closing hereof. The Borrower will not use proceeds of the Loan to reimburse capital expenditures with respect to the Project unless: (i) the reimbursements are for capital expenditures paid after the date that is 60 days before the Borrower adopted a valid reimbursement resolution, or the capital expenditure qualifies as a "preliminary expenditure" or "de minimis expenditure" under Treas. Reg. Section 1.150-2, and (ii) the reimbursement allocation is made not later than 18 months after the later of the date the original capital expenditure was paid or the date the Project is placed in service or abandoned, but in no event more than 3 years after the original capital expenditure was paid.

(g) The Borrower is the owner of the Project for federal income tax purposes and expects to be the owner of the Project for the entire term of the Loan.

25563

(h) The Borrower reasonably expects that the HTA BAB Note will meet neither the private business tests of Section 141(b) of the Code, nor the private loan financing test of Section 141(c) of the Code, for the entire term of the HTA BAB Note. Except as otherwise advised by bond counsel, the Borrower will not enter into any lease with or otherwise grant special legal entitlements to any entity other than a governmental entity or any management or service contract with any entity other than a governmental entity for the operation of any portion of the Project unless the management or service contract complies with the requirements of Revenue Procedure 97-13 or such other authority as may control at the time.

(i) The Borrower agrees to calculate and pay any rebate or yield reduction payments at the times and in the amounts that are required to be made to the Internal Revenue Service under Section 148 of the Code and the Treasury Regulations thereunder with respect to gross proceeds of the HTA BAB Note.

(j) The Borrower will not take or omit to take any action which will adversely affect the exclusion from gross income of the interest on the HTA BAB Note under the Code, including any action or omission which will cause the HTA BAB Note to be an "arbitrage bond" within the meaning of Section 148 of the Code.

(k) The Borrower has entered into, or will enter into within six (6) months after the closing date, substantial binding obligations to a third party to expend an amount equal to at least five percent (5%) of the net proceeds of the Loan on the Project.



(l) The acquisition and construction of the Project and the allocation of the net proceeds of the Loan to expenditures will commence and will proceed with due diligence to completion.

(m) It is estimated that the Project will be acquired or constructed and ready for use by a date not later than three years from the closing date. All of the proceeds of the Loan are expected to be allocated to expenditures on the Project within three (3) years of the closing date.

(n) Any amounts deposited to accounts held or used by the Borrower for the payment of debt service on the HTA BAB Note will be used within 13 months of the date of deposit and any amounts received from the investment of such amounts will be used within one year from the date of receipt to pay debt service on or redeem the HTA BAB Note. Amounts so deposited will be used primarily to achieve a proper matching of revenue and debt service on the HTA BAB Note within each year. Amounts so deposited will be depleted at least once a year except for a reasonable carry over amount not to exceed the greater of (i) one year's earnings on such fund for the immediately preceding HTA BAB Note year or (ii) one-twelfth of annual debt service on the HTA BAB Note for the immediately preceding HTA BAB Note year.

(o) The Borrower does not expect to create or establish any sinking fund or similar fund with respect to the HTA BAB Note. No amounts in the accounts or funds of the Borrower are reserved or pledged for HTA BAB Note payments and it is not expected

that any accounts or funds will be used, nor is there any reasonable assurance that any portion of any accounts or funds will be available for HTA BAB Note payments if the Borrower encounters financial difficulty.

(p) No amount of the proceeds of the Loan will be invested in nonpurpose investments having a substantially guaranteed yield for four years or more.

(q) The Borrower reasonably expects that the average maturity of the HTA BAB Note will not exceed one hundred and twenty percent (120%) of the average reasonably expected economic life of the Project based on when such Project is in fact acquired or constructed.

(r) The payment of principal and interest with respect to the HTA BAB Note will not be guaranteed (in whole or in part) by the United States or any agency or instrumentality of the United States. The proceeds of the HTA BAB Note, or amounts treated as proceeds of the HTA BAB Note, will not be invested (directly or indirectly) in federally insured deposits or accounts, except to the extent such proceeds (i) may be so invested for an initial temporary period until needed for the purpose for which the HTA BAB Note is being issued, (ii) may be so used in making investments of a bona fide debt service fund, or (iii) may be invested in obligations issued by the United States Treasury.

(s) The Borrower agrees to maintain all records and documents relating to the HTA BAB Note, including but not limited to, all records of expenditure and investment of proceeds, rebate exception analyses, rebate calculations, Forms 8038-T, rebate and yield reduction payments and any other records relevant to compliance with the requirements of the Code, for the period that the HTA BAB Note is outstanding and for the three year period following the final maturity or redemption date of any obligations issued to refund the HTA BAB Note.



16. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

17. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sánchez Vilella Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Executive Vice President of Financing and Treasury, or to such other address or person as the Lender may hereafter notify the Borrower in writing, and if addressed to the Borrower, sent to the address of the Borrower: Puerto Rico Highway and Transportation Authority, Roberto Sánchez Vilella Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Executive Director, or such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally or by facsimile transmission, shall be effective on the date when given, and if sent by mail, shall be effective three (3) Banking Days after posting.

18. This Loan Agreement, together with the Note, the authorizing resolutions and the other documents delivered by the parties in connection with the closing of the Loan, expresses the entire agreement of the parties with respect to the transactions contemplated hereby.

28563

19. This Loan Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of, or any interest in, the Lender's right hereunder and in the Advances, and to the extent of such assignment, such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Loan Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with, the laws of the Commonwealth of Puerto Rico.

*[Remainder of Page Intentionally Left Blank; Signature Page Follows]*

25563

IN WITNESS THEREOF, the Borrower and the Lender have caused this Agreement to be executed and delivered by their respective officers thereunto duly authorized, as of the date first above written.

| | |
|---|---|
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
| By: ~~Fernando L. Batlle~~ Juan C. Pavia | By: |
| Executive Vice-President of ~~Financing and Treasury~~ Fiscal Agency | Rubén A. Hernández Gregorat Secretary of Transportation and Public Works and Executive Director |

Affidavit No. 176

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 27, 2010.

_____
Notary Public

Affidavit No. 172

Acknowledged and subscribed before me by ~~Fernando L. Batlle Hernaiz~~ Juan C. Pavia Vidal, as Executive Vice President of ~~Financing and Treasury~~ of Government Development Bank for Puerto Rico, of legal age, married and resident of ~~San Juan~~ Guaynabo, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 27, 2010.

_____
Notary Public

25563

Exhibit A

## PROMISSORY NOTE

$                                              **Due date:  August 27, 2013**

The **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (hereinafter called the "Authority"), a public corporation and autonomous instrumentality of the Commonwealth of Puerto Rico, for value received hereby promises to pay, solely from the sources described in the Loan Agreement mentioned herein, to the order of Government Development Bank for Puerto Rico (the "Lender") at its principal office in San Juan, Puerto Rico, on August 27, 2011,   subject to prepayment as set forth below, the principal sum of _____ **DOLLARS ($_____ )** to the extent that such amount or any portion thereof disbursed under the Loan Agreement executed on this same date remains unpaid.  Such payment shall be made in any coin or currency of the United States of America which at the time of payment is legal tender for the payment of public and private debts. The Authority hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico, from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions or from any available moneys of the Authority.

Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Authority, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance.  For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost.  Initially, this required margin cost will be equal to 150 basis points.  The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs.  For purposes of this Note, the applicable interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent.

Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, the interest rate applicable to the outstanding principal amount of each Advance during any period when an Event of Default shall have occurred and be continuing shall be four percent (4.0%) over the otherwise applicable interest rate (the "Default Rate").

Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to below, from any available moneys of the Authority.  Each month the Lender shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding

month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, as set forth in the Loan Agreement (as defined below). Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

This Note is under and pursuant to the Loan Agreement dated as of August 27, 2010 (as modified and supplemented and in effect from time to time, the "Loan Agreement") between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences the Advances made by the Lender thereunder, and is subject to the terms thereof. Terms used but not defined in this Note have the respective meanings assigned to them in the Loan Agreement.

The Authority waives the requirement of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

If the Authority defaults in making any payment when due under this Note, the Lender may declare this Note to be immediately due and payable.

In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due under this Note, the Administration agrees to pay a liquidated sum equal to 10% of the principal sum of this Note to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

All acts, conditions and things required by the Puerto Rico Federal Relations Act and the Constitution and Laws of the Commonwealth of Puerto Rico to happen, exist, and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required. This Note shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

Exh. A-2

**IN WITNESS WHEREOF,** the Authority has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, this 27th day of August, 2010.

**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

By: _____

Name: Rubén A. Hernández Gregorat

Title:   Secretary of Transportation and Public Works
and Executive Director

Affidavit No. _____

Acknowledged and subscribed before me in San Juan, Puerto Rico, on this 27th day of August, 2010, by the following person who is personally known to me: Rubén A. Hernández Gregorat, of legal age, married, executive and resident of Guaynabo, Puerto Rico, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority.

_____
Notary Public

Exh. A-3

Exhibit B

## REQUEST FOR ADVANCE

[date]

Government Development Bank
for Puerto Rico
Roberto Sánchez Vilella Government Center
De Diego Avenue, Stop 22
San Juan, Puerto Rico

Gentlemen:

The undersigned, Puerto Rico Highway and Transportation Authority (the "Borrower") refers to the Loan Agreement, dated as of August 27, 2010 (the "Loan Agreement") between the undersigned and Government Development Bank for Puerto Rico ("GDB"), as lender, and hereby requests, irrevocably, pursuant to Section 4 of the Loan Agreement a Borrowing under the Loan Agreement, and in that connection sets forth below the information relating to such Borrowing (the "Proposed Borrowing") as required by Section 4 of the Loan Agreement:

(a)   The Business Day of the Proposed Borrowing is _____, 200__.

(b)   The aggregate amount of the Proposed Borrowing is $_____.

(c)   The proceeds of the Proposed Borrowing shall be used exclusively for the purposes specified in Section 2 of the Loan Agreement, in accordance with the invoices attached hereto:

| Supplier | Invoice No. | Amount due and payable |
|----------|-------------|------------------------|

The undersigned hereby certifies, as of the day of the Proposed Borrowing, that the following statements are true on and as of the date hereof, and will be true on the date of the Proposed Borrowing:

(1)   all of the representations and warranties contained in the Loan Agreement are true and correct in all material respects on and as of the date of the Proposed Borrowing, before and after giving effect to the Proposed Borrowing and to the application of the proceeds therefrom, as though made on and as of such date;

(2)   at the date of the Proposed Borrowing and immediately after giving effect thereto, no event has occurred and is continuing, or would result from such Proposed Borrowing or from the application of the proceeds therefrom, which constitutes a Default;

Exh. B-1

(3)   the Borrower acknowledges that it is responsible for complying with all applicable tax laws and regulations covering the persons and corporations with whom it has a contractual relationship and for whom payment is being made;

(4) the Borrower will maintain in a secured place all records used for the processing and approval of this payment for a period to be not less than 5 years or until the final payment of the financing is made;

(5) the Borrower certifies under penalty of perjury that no public servant of the GDB, or its subsidiaries and affiliates, will derive or obtain any benefit or profit of any kind from a contractual arrangement, which is the basis of this payment.  If such benefit or profit exists, then a special authorization or waiver must have been granted prior to the inception of the agreement in question;

(6)  the Borrower certifies that the payments requested are true and correct; that all products and/or services being paid were delivered and/or provided, and payment for them is still pending; and

(7)  the Proposed Borrowing is being funded under the HTA BAB Note: ☐ yes  ☐ no. If answered yes, the Borrower acknowledges that it will comply with all the covenants of Section 13 of the Loan Agreement.



**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

By:      _____
Name:   _____
Title:    _____

Date:    _____

Exh. B-2

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO
PUERTO RICO HIGHWAY & TRANSPORTATION AUTHORITY
OUTSTANDING BOND ISSUES
As of July 31, 2010

| Dated Date | Bond Description | | Original Amount | Outstanding Principal | Maturity Date |
|---|---|---|---|---|---|
| 01/27/81 | Farmers Home Administration | a | 4,510,000.00 | 2,060,000.00 | 7/1/2020 |
| 07/01/93 | Revenue Bonds, Series W | a | 410,290,000.00 | 134,435,000.00 | 7/1/2015 |
| 07/01/93 | Revenue Refunding Bonds, Series X | a | 751,290,000.00 | 79,435,000.00 | 7/1/2022 |
| 03/01/96 | Revenue Bonds, Series Y | a | 890,235,000.00 | 111,535,000.00 | 7/1/2036 |
| 03/01/96 | Revenue Refunding Bonds, Series Z | a | 185,040,000.00 | 112,635,000.00 | 7/1/2018 |
| 04/29/03 | Revenue Refunding Bonds, Series AA | a | 717,365,000.00 | 529,330,000.00 | 7/1/2035 |
| 10/04/05 | Revenue Refunding Bonds, Series BB | a | 101,625,000.00 | 101,625,000.00 | 7/1/2022 |
| 03/06/07 | Revenue Refunding Bonds, Series CC | a | 431,955,609.05 | 431,955,609.05 | 7/1/2036 |
| | Sub-total | | $3,492,310,609.05 | $1,503,010,609.05 | |
| | | | | | |
| 02/15/98 | Transportation Revenue Bonds, Series A | a | 1,129,643,740.00 | 562,998,740.00 | 7/1/2038 |
| 05/15/00 | Transportation Revenue Bonds, Series B | a | 560,805,000.00 | - | 7/1/2035 |
| 02/07/02 | Transportation Revenue Bonds, Series D | a | 700,855,000.00 | 152,280,000.00 | 7/1/2041 |
| 02/07/02 | Transportation Revenue Refunding Bonds, Series E | a | 284,405,000.00 | 284,405,000.00 | 7/1/2024 |
| 04/03/02 | Transportation Revenue Refunding Bonds, Series F | a | 118,615,000.00 | 9,570,000.00 | 7/1/2011 |
| 04/29/03 | Transportation Revenue Refunding Bonds, Series G | a | 563,650,000.00 | 272,880,000.00 | 7/1/2042 |
| 04/29/03 | Transportation Revenue Bonds, Series H | a | 72,035,000.00 | 59,575,000.00 | 7/1/2035 |
| 04/20/04 | Transportation Revenue Refunding Bonds, Series I | a | 82,340,000.00 | 80,535,000.00 | 7/1/2026 |
| 04/20/04 | Transportation Revenue Bonds, Series J | a | 405,895,000.00 | 115,685,000.00 | 7/1/2043 |
| 10/04/05 | Transportation Revenue Bonds, Series K | a | 800,000,000.00 | 283,500,000.00 | 7/1/2045 |
| 10/04/05 | Transportation Revenue Refunding Bonds, Series L | a | 598,285,000.00 | 598,285,000.00 | 7/1/2041 |
| 03/06/07 | Transportation Revenue Bonds, Series M | a | 250,000,000.00 | 242,555,000.00 | 7/1/2046 |
| 03/06/07 | Transportation Revenue Refunding Bonds, Series N | a | 1,502,904,943.95 | 1,502,904,943.95 | 7/1/2045 |
| | Sub-total | | 7,069,433,683.95 | 4,165,173,683.95 | |
| | | | | | |
| 07/15/98 | Subordinated Transportation Revenue Bonds 1998 | a | 75,050,000.00 | 68,505,000.00 | 7/1/2028 |
| 04/29/03 | Subordinated Transportation Revenue Bonds 2003 | a | 320,545,000.00 | 282,380,000.00 | 7/1/2028 |
| | Sub-total | | 395,595,000.00 | 350,885,000.00 | |
| | | | | | |
| | Subtotal | | 10,957,339,293.00 | 6,019,069,293.00 | |
| | | | | | |
| 04/20/04 | Grant Anticipation Revenue Bonds Series 2004 | b | 139,875,000.00 | 107,815,000.00 | 7/1/2021 |
| | | | | | |
| | Subtotal | | 11,097,214,293.00 | 6,126,884,293.00 | |
| | | | | | |
| 10/22/03 | Special Facility Revenue Refunding Bonds, 2003 Series A (Teodoro Moscoso Bridge) | a | 153,222,270.45 | 150,967,270.45 | 3/1/2027 |
| | | | | | |
| | Total | | $11,250,436,563.45 | $6,277,851,563.45 | |

a) Principal payment date July 1.
b) Principal payment date September 15.

## GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

### PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY
Outstanding Debt as of July 31, 2010

| Approval Date | Closing Date | Due Date | Description | Interest Rate | Original Amount | Outstanding Balance | Undisbursed Amount | Accrued Interest | Source of Payment | Lender |
|---|---|---|---|---|---|---|---|---|---|---|
| 20-Feb-08 | 19-Mar-08 | 30-Sep-10 | CIP | P + 150 | $140,000,000.00 | 140,000,000.00 | $0.00 | 9,578,333.36 | Revenues/Bonds | BGF |
| 9-Jun-08 | 6-Aug-08 | 30-Sep-10 | CIP | P + 150 | 122,113,000.00 | 122,113,000.00 | 0.00 | 8,340,194.89 | Revenues/Bonds | BGF |
| 20-Aug-08 | 30-Sep-08 | 30-Sep-10 | Operational | P + 150 | 25,000,000.00 | 25,000,000.00 | 0.00 | 1,408,711.19 | Revenues/Bonds | BGF |
| 17-Dec-08 | 3-Feb-09 | 30-Sep-10 | Operational | P + 150 | 15,000,000.00 | 15,000,000.00 | 0.00 | 747,597.05 | Revenues/Bonds | BGF |
| 22-Apr-09 | 6-Jul-09 | 30-Jun-11 | Fiscal Emergency Loan | P + 150 | 78,300,000.00 | 78,300,000.00 | 0.00 | 4,396,045.83 | Revenues/Bonds | BGF |
| 28-Aug-09 | 28-Aug-09 | 30-Jun-11 | Pay 7EHTA series 2008 A | P + 150 | 400,000,000.00 | 400,000,000.00 | 0.00 | 16,463,888.92 | Revenues/Bonds | BGF |
| 15-Aug-09 | 9-Nov-09 | 30-Aug-11 | Pay suplies and PMC | P + 150 | 111,000,000.00 | 111,000,000.00 | 0.00 | 3,193,082.91 | Revenues/Bonds | BGF |
| 19-Aug-09 | 9-Nov-09 | 30-Aug-11 | Pay suplies and PMC | P + 150 | 37,900,000.00 | 37,900,000.00 | 0.00 | 573,048.47 | Revenues/Bonds | BGF |
| 26-Sep-09 | 30-Oct-09 | 31-Aug-10 | ARRA Funds | P + 150 | 20,000,000.00 | 0.00 | 20,000,000.00 | 6,438.22 | Fed funds/Revenues | BGF |
| 17-Jun-10 | 30-Jun-10 | 31-Dec-11 | CC3-Bonds 2005 Series AA & H | P + 150 | 3,000,000.00 | 2,599,934.12 | 400,065.88 | 12,811.22 | Revenues/Bonds | BGF |
| 19-May-10 | 13-Jul-10 | 30-Aug-22 | Settlement Agreements | P + 150 | 63,000,000.00 | 20,000,000.00 | 43,000,000.00 | 55,666.67 | Revenues/Bonds | BGF |
| | | | | | $1,015,313,000.00 | $951,912,934.12 | $63,400,065.88 | $44,776,813.73 | | |

| Description | Original Amount | Outstanding Balance | Construction Fund Balance |
|---|---|---|---|
| BONDS | $11,097,214,293.00 | $6,126,884,293.00 | $0.00 |

Total Debt (excluding Teodoro Moscoso Bridge)--> $ 7,078,797,227.12

Total Debt (including Teodoro Moscoso Bridge)--> $ 7,229,764,497.57

# PROMISSORY NOTE

**$47,362,350.75**                                   **Due date: August 27, 2013**

The **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (hereinafter called the "Authority"), a public corporation and autonomous instrumentality of the Commonwealth of Puerto Rico, for value received hereby promises to pay, solely from the sources described in the Loan Agreement mentioned herein, to the order of Government Development Bank for Puerto Rico (the "Lender") at its principal office in San Juan, Puerto Rico, on August 27, 2011, subject to prepayment as set forth below, the principal sum of **FORTY SEVEN MILLION THREE HUNDRED SIXTY TWO THOUSAND THREE HUNDRED FIFTY DOLLARS WITH SEVENTY FIVE CENTS ($47,362,350.75)** to the extent that such amount or any portion thereof disbursed under the Loan Agreement executed on this same date remains unpaid. Such payment shall be made in any coin or currency of the United States of America which at the time of payment is legal tender for the payment of public and private debts. The Authority hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico, from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions or from any available moneys of the Authority.

Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Authority, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance. For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost. Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs. For purposes of this Note, the applicable interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent.

Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, the interest rate applicable to the outstanding principal amount of each Advance during any period when an Event of Default shall have occurred and be continuing shall be four percent (4.0%) over the otherwise applicable interest rate (the "Default Rate").

Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to below, from any available moneys of the Authority. Each month the Lender shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, as set forth in the Loan Agreement (as defined below). Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

This Note is under and pursuant to the Loan Agreement dated as of August 27, 2010 (as modified and supplemented and in effect from time to time, the "Loan Agreement") between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences the Advances made by the Lender thereunder, and is subject to the terms thereof. Terms used but not defined in this Note have the respective meanings assigned to them in the Loan Agreement.

The Authority waives the requirement of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

If the Authority defaults in making any payment when due under this Note, the Lender may declare this Note to be immediately due and payable.

In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due under this Note, the Administration agrees to pay a liquidated sum equal to 10% of the principal sum of this Note to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

All acts, conditions and things required by the Puerto Rico Federal Relations Act and the Constitution and Laws of the Commonwealth of Puerto Rico to happen, exist, and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.  This Note shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

**IN WITNESS WHEREOF**, the Authority has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, this 27th day of August, 2010.

**PUERTO RICO HIGHWAYS AND TRANSPORTATION
AUTHORITY**

By:_____

Name:  Rubén A. Hernández Gregorat

Title:  Secretary of Transportation and Public Works
and Executive Director

Affidavit No. 175

Acknowledged and subscribed before me in San Juan, Puerto Rico, on this 27th day of August, 2010, by the following person who is personally known to me: Rubén A. Hernández Gregorat, of legal age, married, executive and resident of Guaynabo, Puerto Rico, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority.

_____
Notary Public

## PROMISSORY NOTE

**$70,937,649.25**

**Due date: August 27, 2013**

The **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (hereinafter called the "Authority"), a public corporation and autonomous instrumentality of the Commonwealth of Puerto Rico, for value received hereby promises to pay, solely from the sources described in the Loan Agreement mentioned herein, to the order of Government Development Bank for Puerto Rico (the "Lender") at its principal office in San Juan, Puerto Rico, on August 27, 2011, subject to prepayment as set forth below, the principal sum of **SEVENTY MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SIX HUNDRED FORTY NINE DOLLARS WITH TWENTY FIVE CENTS ($70,937,649.25)** to the extent that such amount or any portion thereof disbursed under the Loan Agreement executed on this same date remains unpaid. Such payment shall be made in any coin or currency of the United States of America which at the time of payment is legal tender for the payment of public and private debts. The Authority hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico, from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions or from any available moneys of the Authority.

Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Authority, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance. For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost. Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs. For purposes of this Note, the applicable interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent.

Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, the interest rate applicable to the outstanding principal amount of each Advance during any period when an Event of Default shall have occurred and be continuing shall be four percent (4.0%) over the otherwise applicable interest rate (the "Default Rate").

Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to below, from any available moneys of the Authority. Each month the Lender shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, as set forth in the Loan Agreement (as defined below). Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

This Note is under and pursuant to the Loan Agreement dated as of August 27, 2010 (as modified and supplemented and in effect from time to time, the "Loan Agreement") between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences the Advances made by the Lender thereunder, and is subject to the terms thereof. Terms used but not defined in this Note have the respective meanings assigned to them in the Loan Agreement.

The Authority waives the requirement of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

If the Authority defaults in making any payment when due under this Note, the Lender may declare this Note to be immediately due and payable.

In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due under this Note, the Administration agrees to pay a liquidated sum equal to 10% of the principal sum of this Note to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

All acts, conditions and things required by the Puerto Rico Federal Relations Act and the Constitution and Laws of the Commonwealth of Puerto Rico to happen, exist, and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required.  This Note shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

**IN WITNESS WHEREOF**, the Authority has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, this 27th day of August, 2010.

**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

By:_____

Name:  Rubén A. Hernández Gregorat
Title:   Secretary of Transportation and Public Works
          and Executive Director

Affidavit No. 174

Acknowledged and subscribed before me in San Juan, Puerto Rico, on this 27th day of August, 2010, by the following person who is personally known to me: Rubén A. Hernández Gregorat, of legal age, married, executive and resident of Guaynabo, Puerto Rico, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority.

_____
Notary Public

Junta de Directores

**BGF** BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787)721-3360
Facsímil (787)726-6001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del Banco

Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9319** fue adoptada

por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, mediante

reunión convocada y celebrada el 21 de julio de 2010.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada y se

encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 9319

**PARA AUTORIZAR UN FINANCIAMIENTO A LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACIÓN (ACT) HASTA UN MÁXIMO DE
$118,300,000 PARA SUFRAGAR GASTOS INCURRIDOS BAJO EL PROGRAMA
DE MEJORAS CAPITAL DE LA ACT PARA LOS AÑOS FISCALES 2010 Y 2011,
PARA SUFRAGAR GASTOS RELACIONADOS CON LA AUTOMATIZACIÓN
DE PEAJES, Y PARA CIERTOS GASTOS OPERACIONALES.**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó una línea de
crédito de hasta un máximo de $118,300,000 para financiar el programa de mejoras de capital y
sufragar gastos administrativos del año fiscal 2010 y el primer trimestre del año fiscal 2011;

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto de futuras
emisiones de bonos y las Alianzas Público-Privadas, u otros recursos disponibles de la ACT;

**POR CUANTO,** para poder asistir financieramente a la ACT el BGF está en disposición de
proveer el financiamiento, sujeto a ciertas condiciones, tales como requerir que la ACT contrate a un
consultor de ingeniería y a un consultor en reorganizaciones corporativas
para presentar al BGF en o antes de 90 días un plan de estabilización fiscal;

**POR CUANTO,** parte de los fondos para proveer el referido financiamiento serán obtenidos
por el BGF a través de la emisión de GDB Senior Notes (Issuer Subsidy Build America Bonds);

26945 v3

**POR TANTO, RESUÉLVASE**, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar una línea de crédito no rotativa hasta un máximo de $118,300,000, sujeto, entre otros, a los siguientes términos y condiciones:

1. Cantidad: $118,300,000

2. Propósito: Financiar el programa de mejoras de capital y sufragar gastos operacionales.

3. Vencimiento: 36 meses luego del cierre.

4. Fuente de Pago: Futuras emisiones de bonos y producto de alianzas público-privadas, así como cualesquiera otros recursos disponibles de la ACT.

5. Tipo de Interés: Los desembolsos bajo esta línea de crédito devengarán un interés basado en *PRIME RATE* más 150 puntos base, con un *floor* de 6%. Los intereses serán pagaderos dentro de los primeros 15 días de cada mes con los ingresos propios de la ACT.

6. Otras:

   a. El Presidente del BGF, el Vicepresidente Ejecutivo de Financiamiento y Tesorería, o cualquier Vicepresidente por él designado, podrá negociar términos adicionales para este financiamiento e incluir aquellas condiciones adicionales que sean necesarias para proteger los intereses del BGF.

   b. Si al término de los 36 meses la ACT no ha repagado en su totalidad el principal de la línea de crédito, la tasa de interés será revisada automáticamente a *PRIME RATE* más 400 puntos base.

   c. La ACT pagará al BGF por servicios de asesoría financiera a base de 1/16 del 1% del balance principal del financiamiento.

   d. Los desembolsos bajo este financiamiento estarán sujeto a la contratación por ACT de un consultor financiero, a un consultor de ingeniería y a un consultor en reorganizaciones corporativas, así como cualquier otro recurso que BGF estime necesario y conveniente, para presentar al BGF un plan de estabilización fiscal para la ACT, en o antes de 90 días a partir del otorgamiento del financiamiento.

   e. El financiamiento estará sujeto al cumplimiento por la ACT con cualesquiera otros requisitos que sean impuestos por el BGF para asegurar el cumplimiento con la reglamentación federal sobre Build America Bonds, en cuanto a aquellas porciones del financiamiento a las que sea aplicable.

Y PARA QUE ASÍ CONSTE, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy, 24 de agosto de 2010.

WANDA I. MARCIAL-TORRES
SECRETARIA AUXILIAR

(SELLO)

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**

### RESOLUCIÓN NÚM. 2010-25

**APROBACIÓN DE FINANCIAMIENTO HASTA UN MÁXIMO DE $118,300,000 PARA SUFRAGAR GASTOS INCURRIDOS BAJO EL PROGRAMA DE MEJORAS CAPITALES PARA LOS AÑOS FISCALES 2010 Y 2011, PARA SUFRAGAR GASTOS RELACIONADOS CON LA AUTOMATIZACIÓN DE PEAJES, Y PARA CIERTOS GASTOS OPERACIONALES**

Yo, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas, en el ejercicio de las facultades y poderes que me confiere la Ley Núm. 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973 y las reglas, reglamentos y resoluciones adoptadas, y como Director Ejecutivo de la Autoridad de Carreteras y Transportación por designación del Gobernador de Puerto Rico, Hon. Luis Fortuño, **EXPONGO:**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (la "Autoridad"), necesita una línea de crédito de hasta un máximo de $118,300,000 para financiar el programa de mejoras de capital y sufragar gastos administrativos del año fiscal 2010 y el primer trimestre del año fiscal 2011.

**POR CUANTO,** la Autoridad ha solicitado y el Banco Gubernamental de Fomento (BGF) le ha concedido la línea de crédito, sujeto a los siguientes términos:

| | | |
|---|---|---|
| a. | Cantidad: | $118,300,000 |
| b. | Propósito: | Financiar el programa de mejoras de capital y sufragar gastos operacionales. |
| c. | Vencimiento: | 36 meses luego del cierre. |
| d. | Fuente de Pago: | Futuras emisiones de bonos y productos de alianzas público privadas, al igual que ingresos propios. |
| e. | Tipo de Interés: | Los desembolsos bajo esta línea de crédito devengarán un interés basado en *PRIME RATE* más 150 puntos base, con un *floor* de 6%. Los intereses serán pagaderos dentro de los primeros 15 días de cada mes con los ingresos propios de la Autoridad. |
| f. | Otras: | El Presidente del BGF, el Vicepresidente Ejecutivo de Financiamiento y Tesorería, o cualquier Vicepresidente por él designado, podrá negociar términos adicionales para este financiamiento e incluir aquellas condiciones adicionales que sean necesarias para proteger los intereses del BGF. |

Si al término de los 36 meses la Autoridad no ha repagado en su totalidad el principal de la línea de crédito, la tasa de interés será revisada automáticamente a *PRIME RATE* más 400 puntos base.

La Autoridad pagará al BGF por servicios de asesoría financiera a base de 1/4 del 1% del balance principal del financiamiento.

Los desembolsos bajo este financiamiento estarán sujeto a la contratación por Autoridad de un consultor financiero, a un consultor de ingeniería y a un consultor en reorganizaciones corporativas, así como cualquier otro recurso que BGF estime necesario y conveniente, para presentar al BGF un plan de estabilización fiscal para la Autoridad, en o antes de 90 días a partir del otorgamiento del financiamiento. El repago de la deuda se llevará a cabo del producto de futuras emisiones de bonos y las Alianzas Publico Privadas, así como cualesquiera otros recursos disponibles de la Autoridad;

La Autoridad deberá contratar a un consultor financiero, a un consultor de ingeniería y a un consultor en reorganizaciones corporativas para presentar un plan de estabilización fiscal al BGF en o antes de noventa (90) días de otorgado el financiamiento;

El financiamiento estará sujeto al cumplimiento por la Autoridad con cualesquiera otros requisitos que sean impuestos por el BGF para asegurar el cumplimiento con la reglamentación federal sobre Build America Bonds, en cuanto a aquellas porciones del financiamiento a las que sea aplicable.

**POR TANTO:** Yo, **RUBÉN A. HERNÁNDEZ GREGORAT,** como Secretario del Departamento de Transportación y Obras Públicas, y Director Ejecutivo de la Autoridad de Carreteras y Transportación, **RESUELVO:**

1. Autorizar el financiamiento de $118,300,000 para el programa de mejoras de capital y sufragar gastos administrativos del año fiscal 2010 y el primer trimestre del año fiscal 2011, sujeto a los términos y condiciones establecidos por el BGF.

2. Negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF como requisito para su validez;



3. Las disposiciones de esta resolución son efectivas a la fecha de su aprobación.

En San Juan, Puerto Rico, hoy 24 de agosto de 2010.

**RUBÉN A. HERNÁNDEZ GREGORAT**
Secretario
Departamento de Transportación y Obras Públicas

**LIC. REBECA F. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2010-25** aprobada por el Secretario de Transportación y Obras Públicas el **24 de agosto de 2010**.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **26 de agosto de 2010**.

Rebeca F. Rojas Colón
Secretaria de la Corporación

**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

BGF

ESTADO LIBRE ASOCIADO DE PUERTO RICO

27 de agosto de 2010

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Ing. Rubén Hernández Gregorat
Secretario y Director Ejecutivo
Departamento de Transportación y Obras Públicas
Autoridad de Carreteras
Edificio Sur – Piso 7 – Centro Gubernamental Minillas
Santurce, Puerto Rico  00907

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante la Resolución 9319, aprobó una línea de crédito no rotatoria a la Autoridad de Carreteras y Transportación (ACT), por $118,300,000.00 para sufragar gastos incurridos bajo el programa de mejoras capitales de la ACT para los años fiscales 2010 y 2011, para sufragar gastos relacionados con la automatización de peajes, y para ciertos gastos operacionales, estará sujeto a los siguientes términos y condiciones:

1. Cantidad:            $118,300,000

2. Propósito:           Financiar el programa de mejoras de capital y sufragar gastos operacionales.

3. Vencimiento:         36 meses luego del cierre.

4. Fuente de Pago:      Futuras emisiones de bonos y producto de alianzas público-privadas, así como cualesquiera otros recursos disponibles de la ACT.

5. Tipo de Interés:     Los desembolsos bajo esta línea de crédito devengarán un interés basado en *PRIME RATE* más 150 puntos base, con un *floor* de 6%. Los intereses serán pagaderos dentro de los primeros 15 días de cada mes con los ingresos propios de la ACT.

6. Otras:               a. El Presidente del BGF, el Vicepresidente Ejecutivo de Financiamiento y Tesorería, o cualquier Vicepresidente por él designado, podrá negociar términos adicionales para este financiamiento e incluir aquellas condiciones adicionales que sean necesarias para proteger los intereses del BGF.

b. Si al término de los 36 meses la ACT no ha repagado en su totalidad el principal de la línea de crédito, la tasa de interés será revisada automáticamente a *PRIME RATE* más 400 puntos base.

c. La ACT pagará al BGF por servicios de asesoría financiera a base de .25% del balance principal del financiamiento.

d. Los desembolsos bajo este financiamiento estarán sujeto a la contratación por ACT de un consultor financiero, a un consultor de ingeniería y a un consultor en reorganizaciones corporativas, así como cualquier otro recurso que BGF estime necesario y conveniente, para presentar al BGF un plan de estabilización fiscal para la ACT, en o antes de 90 días a partir del otorgamiento del financiamiento.

e. El financiamiento estará sujeto al cumplimiento por la ACT con cualesquiera otros requisitos que sean impuestos por el BGF para asegurar el cumplimiento con la reglamentación federal sobre Build America Bonds, en cuanto a aquellas porciones del financiamiento a las que sea aplicable.

De estar de acuerdo con los términos y condiciones estipulados en esta carta favor firmar la copia incluida y devolverla a nuestras oficinas a la brevedad.

Cordialmente,

Javier Ramos Luiña
Principal de Financiamiento

Aceptado por:

Fecha: 8/27/10

c  Sr. Jesús M. García
   Sr. Arnaldo Maestre
   Sra. Dafne Santiago

File:ACT-CC-$118.3MM-27-agosto-2010-orr

# DOCUMENTOS LEGALES

## AUTORIDAD DE CARRETERAS Y TRANSPORTACION (ACT)

## LINEA DE CREDITO POR:

## $202,162,215

## 8 DE NOVIEMBRE DE 2010

# TABLA DE CONTENIDO

- Original *First Amendment to Loan Agreement* suscrito por Javier Hernández Scimeca, como representante de Autoridad de Carreteras y Transportación ("ACT"), y Juan Carlos Pavía, como representante del BGF, testimonios 526 y 527, respectivamente.

- Original *Promissory Note* ($7,350,00) suscrito por Javier Hernández Scimeca, como representante de ACT, testimonio 528.

- Original *First Amendment to Promissory Note* ("Allonge") ($89,752,969.25) suscrito por Javier Hernández Scimeca, como representante de ACT, testimonio 529.

- Original *First Amendment to Promissory Note* ("Allonge") ($105,059,245.75) suscrito por Javier Hernández Scimeca, testimonio 530.

- Original de la Certificación de la Resolución 9379 de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico aprobada en reunión celebrada el 20 de octubre de 2010.

- Copia certificada de la Resolución Núm. ACT-2010-37 firmada el 3 de noviembre de 2010 por Rubén A. Hernández Gregorat, como Secretario de Transportación y Obras Públicas, y la Lic. Rebeca F. Rojas Colón.

□   Copia de la carta de compromiso suscrita por el Sr. Javier Ramos Luiña el 4 de noviembre de 2010 y aceptada y firmada en original por el Sr. Javier Hernández Scimeca, como representante de ACT, el 8 de noviembre de 2010.

□   Copia del mensaje electrónico de la Sra. Maribel Rivera con la aprobación por Preintervención de los documentos legales para llevar a cabo el cierre.



**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

9 de noviembre de 2010

RECEIVED

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Sr. José A. Cotto
Gerente de Preintervención

**First Amendment to Loan Agreement with the Puerto Rico Highway and Transportation Authority ($202,162,215)**

Acompañamos los siguientes documentos de la línea de crédito en referencia otorgados el 8 de noviembre de 2010 para su custodia en la bóveda principal del BGF.

- Original *First Amendment to Loan Agreement* suscrito por Javier Hernández Scimeca, como representante de Autoridad de Carreteras y Transportación ("ACT"), y Juan Carlos Pavía, como representante del BGF, testimonios 526 y 527, respectivamente.
- Original *Promissory Note* ($7,350,00) suscrito por Javier Hernández Scimeca, como representante de ACT, testimonio 528.
- Original *First Amendment to Promissory Note ("Allonge")* ($89,752,969.25) suscrito por Javier Hernández Scimeca, como representante de ACT, testimonio 529.
- Original *First Amendment to Promissory Note ("Allonge")* ($105,059,245.75) suscrito por Javier Hernández Scimeca, como representante de ACT, testimonio 530.
- Original de la Certificación de la Resolución 9379 de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico aprobada en reunión celebrada el 20 de octubre de 2010.
- Copia certificada de la Resolución Núm. ACT-2010-37 firmada el 3 de noviembre de 2010 por Rubén A. Hernández Gregorat, como Secretario de Transportación y Obras Públicas, y la Lic. Rebeca F. Rojas Colón.
- Copia de la carta de compromiso suscrita por el Sr. Javier Ramos Luiña el 4 de noviembre de 2010 y aceptada y firmada en original por el Sr. Javier Hernández Scimeca, como representante de ACT, el 8 de noviembre de 2010.
- Copia del mensaje electrónico de la Sra. Maribel Rivera con la aprobación por Preintervención de los documentos legales para llevar a cabo el cierre.

Agradeceré que estos documentos se incorporen al *Loan Agreement* otorgado por las partes 27 de agosto de 2010 ($118,300,000) y que se aseguren de engrapar cada *Allonge* al original de cada Pagaré otorgado respecto a esta línea de crédito y custodiado en bóveda.

María de Lourdes Rodríguez
Directora Auxiliar
Asesoramiento Legal

Anejos

c   Sr. Arnaldo Maestre
    Sr. Juan Carlos Pavía
    Lic. Rubén Méndez

PUERTO RICO VERDE

26764

## FIRST AMENDMENT TO LOAN AGREEMENT

THIS **FIRST AMENDMENT TO LOAN AGREEMENT**, dated November ____, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### WITNESSETH

WHEREAS, on August 27, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDERED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain capital improvements to the Authority's facilities including those in its Construction Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

WHEREAS, the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

WHEREAS, the Authority and the Bank have agreed to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SYXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215),** to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the June 12, 2010 Memorandum of Understanding with the Bank, the Puerto Rico Electric Power Authority, and the Municipality of Bayamón;

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:



1. The parties agree to increase the maximum amount of the Loan from ONE HUNDRED EIGHTEEN MILLION THREE HUNDERED THOUSAND DOLLARS ($118,300,000) to TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215).

2. The Authority agrees that the $83,862,215 Loan increase, will be used to provide the additional sums of $8,231,424 for the Capital Improvement Program for fiscal year 2010; $10,583,896 for the Capital Improvement Program for fiscal year 2011; $57,696,895 for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the June 12, 2010 Memorandum of Understanding with the Bank, the Puerto Rico Electric Power Authority, and the Municipality of Bayamón, all of which will be considered Permitted Expenses under the Loan Agreement.

3. The Loan increase shall be evidenced by a First Amendment (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of  $7,350,000.

4. The Borrower will pay the Bank a fee equal to 1/20 of 1% of the Loan increase.

5. The second paragraph of numbered Paragraph 5 of the Loan Agreement is hereby amended to read as follows:

"Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, if Borrower fails to pay the principal amount of the Loan, or any part thereof, on the date of maturity of the Loan, the interest rate applicable to any such outstanding principal amount shall be four percent (4.0%) over the Prime Rate ".

6. The parties agree that this First Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and that all provisions of the Loan Agreement, not inconsistent with this First Amendment to Loan Agreement, shall remain in full force and effect.

[SIGNATURE PAGE FOLLOWS]



IN WITNESS WHEREOF, the Borrower and the Lender have caused this First Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
|---|---|
| By: _____ | By: _____ |
| Juan Carlos Pavia | Javier Hernández Scimeca, CPA |
| Executive Vice President | Acting Executive Subdirector |
| Fiscal Agent | |

Affidavit No. 526 —

Recognized and subscribed before me by Javier Hernández Scimeca as Acting Executive Subdirector of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of ~~Bayamón~~ San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on November 8, 2010.

_____
Notary Public

Affidavit No. 527

Recognized and subscribed before me by Juan Carlos Pavia, as Executive Vice President, Fiscal Agent at the Government Development Bank for Puerto Rico, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on November 8, 2010.

_____
Notary Public

PROMISSORY NOTE

$7,350,000                                                    Due date: August 27, 2013

The PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (hereinafter called the "Authority"), a public corporation and autonomous instrumentality of the Commonwealth of Puerto Rico, for value received hereby promises to pay, solely from the sources described in the Loan Agreement mentioned herein, to the order of Government Development Bank for Puerto Rico (the "Lender") at its principal office in San Juan, Puerto Rico, on August 27, 2011, subject to prepayment as set forth below, the principal sum of SEVEN MILLION THREE HUNDRED FIFTY THOUSAND DOLLARS ($7,350,000) to the extent that such amount or any portion thereof disbursed under the Loan Agreement executed on this same date remains unpaid. Such payment shall be made in any coin or currency of the United States of America which at the time of payment is legal tender for the payment of public and private debts. The Authority hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico, as set forth in the Loan Agreement mentioned herein.

Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Authority, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance. For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost. Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs. For purposes of this Note, the applicable interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent.

Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, if Borrower fails to pay the principal amount of the Loan, or any part thereof on the date of maturity of the Loan, the interest rate applicable to any such outstanding principal amount shall be as set forth in the Loan Agreement.

Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to below, from any available moneys of the Authority. Each month the Lender shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, as set forth in the Loan Agreement (as defined below). Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

This Note is under and pursuant to the Loan Agreement dated as of August 7, 2010, as amended on the date hereof, (as modified and supplemented and in effect from time to time, the "Loan Agreement") between the Borrower and the Government Development Bank for Puerto Rico, as Lender and evidences the Advances made by the Lender thereunder, and is subject to the terms thereof. Terms

FIRST AMENDMENT TO PROMISSORY NOTE
(ALLONGE)

$89,752,969.25                                      Due:      August 27, 2013

The terms of the PROMISSORY NOTE in the principal amount of SEVENTY MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SIX HUNDRED FORTY NINE DOLLARS AND SEVENTY FIVE CENTS ($70,937,649.75) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, to the order of the GOVERNMENT DEVELOPMENT BANK on August 27, 2010, before Notary Public María de los Angeles Irizarry Lalo, are hereby amended and modified as of the date hereof to: (i) increase the principal amount to EIGHTY NINE MILLION SEVEN HUNDRED FIFTY TWO THOUSAND NINE HUNDRED SIXTY NINE DOLLARS AND TWENTY FIVE CENTS ($89,752,969.25), and (ii) provide that if Borrower fails to pay the principal amount of the Loan, or any part thereof, on the date of maturity of the Loan, the interest rate applicable to any such outstanding principal amount, shall be as set forth in the Loan Agreement, as amended on the date hereof.

This Allonge reflects the execution on the date hereof of the First Amendment to Loan Agreement, by and between Borrower and Lender. Except as expressly amended hereby, all other terms and conditions of the referenced PROMISSORY NOTE, shall remain unchanged and in full force and effect, and this Allonge shall not affect any of the existing obligations of the Borrower under the PROMISSORY NOTE.

Executed in San Juan, Puerto Rico, on November  8, 2010.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By:_____
Name: Javier Hernández Scimeca, CPA
Title:   Acting Executive Subdirector

Testimony No. 529—

Acknowledged and subscribed before me by Javier Hernández Scimeca, as Acting Executive Subdirector of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of ~~Bayamón~~ San Juan, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on November  8, 2010.



## FIRST AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

$105,059,245.75                                    Due:        August 27, 2013

     The terms of the PROMISSORY NOTE in the principal amount of FORTY SEVEN MILLION THREE HUNDRED AND SIXTY TWO THOUSAND THREE HUNDRED FIFTY DOLLARS AND SEVENTY FIVE CENTS ($47,362,350.75) executed by Rubén A. Hernández Gregorat, in his capacity as Executive President of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, to the order of the GOVERNMENT DEVELOPMENT BANK, on August 27, 2010, before Notary Public  María de los Ángeles Irizarry Lalo,  are hereby amended and modified as of the date hereof to increase the principal amount to ONE HUNDRED FIVE MILLION FIFTY NINE THOUSAND TWO HUNDRED AND FORTY FIVE DOLLARS AND SEVENTY FIVE CENTS ($105,059,245.75), and (ii) provide that if Borrower fails to pay the principal amount of the Loan, or any part thereof, on the date of maturity of the Loan,  the interest rate applicable to any such outstanding principal amount, shall be as set forth in the Loan Agreement, as amended on the date hereof.

     This Allonge reflects the execution on the date hereof of the First Amendment to Loan Agreement, by and between Borrower and Lender.  Except as expressly amended hereby, all other terms and conditions of the referenced PROMISSORY NOTE, shall remain unchanged and in full force and effect, and this Allonge shall not affect any of the existing obligations of the Borrower under the PROMISSORY NOTE.

     Executed in San Juan, Puerto Rico, on November _8_, 2010.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Name: Javier Hernández Scimeca, CPA
Title:  Acting Executive Subdirector

Testimony No. _530_

     Acknowledged and subscribed before me by Javier Hernández Scimeca, as Acting Executive Subdirector of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of Bayamón, Puerto Rico, who is personally known to me.

     In San Juan, Puerto Rico, on November _8_, 2010.

Junta de Directores



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787)721-3360
Facsímil (787)726-6001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9379** fue

adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en

la reunión convocada y celebrada el 20 de octubre de 2010.

**CERTIFICO, ADEMÁS,** que dicha Resolución no ha sido derogada, revocada o anulada

y se encuentra en toda su fuerza y vigor.

## RESOLUCIÓN 9379

**PARA AUTORIZAR UN INCREMENTO DE $83,862,215 AL FINANCIAMIENTO
POR $118,300,000 A LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN
(ACT) CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA
PUERTO RICO (BGF) HASTA UN MÁXIMO DE $202,162,215.**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó un
incremento de $76,512,215 a la línea de crédito por $118,300,000 que mantiene con el BGF para
(i) cubrir su necesidad de recursos para el programa de mejoras capitales y cerrar el año fiscal
2010; y (ii) cubrir su necesidad de recursos para el programa de mejoras capitales y gastos
operacionales proyectados para el trimestre de octubre a diciembre de 2010;

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto de futuras
emisiones de bonos y de las Alianzas Público-Privadas, u otros recursos disponibles de la ACT;

**POR CUANTO,** el 12 de julio de 2010 se firmó un Acuerdo Interagencial (Acuerdo) para
el desarrollo del Proyecto de Mejoras Viales en la Intersección de las Carreteras PR-177 y PR-174
(Proyecto) entre la ACT, el BGF, la Autoridad de Energía Eléctrica (AEE) y el
Municipio de Bayamón;

27514

Resolución 9379
Página 2

POR CUANTO, el Acuerdo indica que según las disposiciones de la Ley Núm. 9 de 9 de marzo de 2009, según enmendada, los fondos para financiar el ensanche de la PR-177 provendrán de aportaciones de la ACT, la AEE, el Municipio de Bayamón, y el Programa de Estímulo Económico Criollo;

POR CUANTO, el costo estimado del Proyecto asciende a $14.0 millones, del cual la aportación de la ACT será de $7.35 millones;

POR CUANTO, para facilitar el desarrollo del Proyecto de Ensanche de la Carretera PR-177, es necesario un incremento adicional de $7.35 millones a esta línea de crédito, la cual será pagadera de las aportaciones mencionadas, según la Ley Núm. 9 de 9 de marzo de 2009, según enmendada;

POR CUANTO, el BGF está en disposición de proveer el incremento solicitado y el incremento adicional;

POR CUANTO, parte de los fondos para proveer el referido financiamiento serán obtenidos por el BGF a través de la emisión de *GDB Senior Notes (Issuer Subsidy Build America Bonds)*;

POR TANTO, RESUÉLVASE, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar una enmienda a la línea de crédito no rotativa por $118,300,000 de la ACT para incrementarla en $83,862,215 hasta un máximo de $202,162,215. Este aumento se utilizará de la siguiente manera: (*i*) las sumas de $8,231,424 y $10,583,896 se utilizarán, respectivamente, para proveer fondos adicionales para el Programa de Mejoras Capitales de la ACT correspondiente a los años fiscales 2010 y 2011; (*ii*) la suma de $57,696,895 se utilizará para cubrir costos operacionales correspondientes al año fiscal 2011; y (*iii*) la suma de $7,350,000 se utilizará para pagar la aportación de la ACT para las mejoras a la Carretera PR-177, según Acuerdo Interagencial con la Autoridad de Energía Eléctrica y el Municipio de Bayamón firmado el 12 de julio de 2010.

RESUÉLVASE, ADEMÁS, el que la ACT pague al BGF por servicios de asesoría financiera acorde con la política vigente a los efectos.

Esta resolución tendrá vigencia inmediata luego de su aprobación.

Y PARA QUE ASÍ CONSTE, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.   En San Juan, Puerto Rico, hoy, 2 de noviembre de 2010.

WANDA I. MARCIAL TORRES
SECRETARIA AUXILIAR

(SELLO)

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**

**RESOLUCIÓN NUM. ACT-2010-____37**



**PARA AUTORIZAR UN INCREMENTO DE $83,862,215 AL
FINANCIAMIENTO POR $118,300,000 DE LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACION CON EL BANCO
GUBERNAMENTAL DE FOMENTO HASTA UN MÁXIMO DE
$202,162,215**

**YO, RUBEN A. HERNANDEZ GREGORAT,** Secretario del Departamento
de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico,
en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del
23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6
de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y
resoluciones adoptados a su amparo, **EXPONGO:**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT)
necesita y por tanto solicitó un incremento de $76,512,215 a la línea de crédito
por $118,300,000 que mantiene con el Banco Gubernamental de Fomento
(BGF) para (i) cubrir su necesidad de recursos para el programa de mejoras
capitales y cerrar el año fiscal 2010; y, (ii) cubrir su necesidad de recursos para
el programa de mejoras capitales y gastos operacionales proyectados para el
trimestre de octubre a diciembre de 2010;



**POR CUANTO,** la ACT propone repagar la línea de crédito del producto
de futuras emisiones de bonos y de las Alianzas Público-Privadas, u o otros
recursos disponibles de la ACT;

**POR CUANTO,** el 12 de julio de 2010 se firmó un Acuerdo Interagencial
(Acuerdo) para el desarrollo del Proyecto de Mejoras Viales en la Intersección de
las Carreteras PR-177 y PR-174 (Proyecto) entre la ACT, el BGF, la Autoridad
de Energía Eléctrica (AEE) y el Municipio de Bayamón;

**POR CUANTO,** el Acuerdo indica que según las disposiciones de la Ley
Núm. 9 de 9 de marzo de 2009, según enmendada, los fondos para financiar el
ensanche de la PR-177 provendrán de aportaciones de la ACT, la AEE, el
Municipio de Bayamón, y el Programa de Estímulo Económico Criollo;

**POR CUANTO,** el costo estimado del Proyecto asciende a $14.0 millones,
del cual la aportación de la ACT será de $7.35 millones;

**POR CUANTO,** para facilitar el desarrollo del Proyecto de Ensanche de la
Carretera PR-177, es necesario un incremento adicional de $7.35 millones a
esta línea de crédito, la cual será pagadera de las aportaciones mencionadas,
según la Ley Núm. 9 de 9 de marzo de 2009, según enmendada;

**POR CUANTO,** el BGF está en disposición de proveer el incremento
solicitado y el incremento adicional;

**POR CUANTO,** parte de los fondos para proveer el referido
financiamiento serán obtenidos por el BGF a través de la emisión de *GDB
Senior Notes* (*Issuer Subsidy Build America Bonds*);

**POR CUANTO,** el BGF ha aprobado una enmienda a la línea de crédito no
rotativa por $118,300,000 de la ACT para incrementarla en $83,862,215
hasta un máximo de $202,162,215 para utilizarse de la siguiente manera: (i)

las sumas de $8,231,424 y $10,583,896 se utilizarán, respectivamente, para proveer fondos adicionales para el Programa de Mejoras Capitales de la ACT correspondiente a los años fiscales 2010 y 2011; (ii) la suma de $57,696,895 se utilizará para cubrir costos operacionales correspondientes al año fiscal 2011; y, (iii) la suma de $7,350,000 se utilizará para pagar la aportación de la ACT para las mejoras a la Carretera PR-177, según Acuerdo Interagencial con la AEE y el Municipio de Bayamón firmado el 12 de julio de 2010.

**POR TANTO:** Yo, **RUBEN A. HERNANDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1. Autorizar a la ACT a enmendar la línea de crédito no rotativa que tiene con el BGF por la suma de $118,300,000 para incrementarla en $83,862,215 hasta un máximo de $202,162,215, sujeto a los términos establecidos por el BGF, para utilizarse de la siguiente manera: (i) las sumas de $8,231,424 y $10,583,896 se utilizarán, respectivamente, para proveer fondos adicionales para el Programa de Mejoras Capitales de la ACT correspondiente a los años fiscales 2010 y 2011; (ii) la suma de $57,696,895 se utilizará para cubrir costos operacionales correspondientes al año fiscal 2011; y, (iii) la suma de $7,350,000 se utilizará para pagar la aportación de la ACT para las mejoras a la Carretera PR-177, según Acuerdo Interagencial con la AEE y el Municipio de Bayamón firmado el 12 de julio de 2010.

2. Autoriza a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF como requisito para su validez;

3. Se delega en el Subdirector Ejecutivo Interino, Javier Hernández Scimeca, Contador Público Autorizado, mayor de edad, casado y vecino de Bayamón, la firma de todo documento que sea necesario ejecutar para obtener el financiamiento aquí autorizado.

4. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy 3 de noviembre de 2010.

**RUBEN A. HERNÁNDEZ GREGORAT**
Secretario
Departamento de Transportación y Obras Públicas

LIC. REBECA F. ROJAS COLÓN
Secretaria de la Corporación
Autoridad de Carreteras y Transportación



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

4 de noviembre de 2010

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Ing. Rubén Hernández Gregorat
Secretario y Director Ejecutivo
Departamento de Transportación y Obras Públicas
Autoridad de Carreteras
Edificio Sur – Piso 7 – Centro Gubernamental Minillas
Santurce, Puerto Rico  00907

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante la Resolución 9379, aprobó una enmienda a la línea de crédito no rotativa de $118,300,000.00 a la Autoridad de Carreteras y Transportación (ACT), para incrementarla en $83,862,215 hasta un máximo de $202,162,215.

Este aumento se utilizará de la siguiente manera:

1.  Las sumas de $8,231,424 y $10,583,896 se utilizarán, respectivamente, para proveer fondos adicionales para el Programa de Mejoras Capitales de la ACT correspondiente a los años fiscales 2010 y 2011.

2.  La suma de $57,696,895 se utilizará para cubrir costos operacionales correspondientes al año fiscal 2011.

3.  La suma de $7,350,000 se utilizará para pagar la aportación de la ACT para las Mejoras a la Carretera PR-177, según Acuerdo Interagencial con la Autoridad de Energía Eléctrica y el Municipio de Bayamón firmado el 12 de julio de 2010.

La ACT debe pagar honorarios al BGF por servicios de asesoría financiera, acorde con la política vigente a los efectos.

De estar de acuerdo con los términos y condiciones estipulados en esta carta favor firmar la copia incluida y devolverla a nuestras oficinas a la brevedad.

Cordialmente,

Javier Ramos Luiña
Principal de Financiamiento

Aceptado por: _____

Fecha: 8 noviembre 2010

c    Sr. Jesús M. García
     Sr. Arnaldo Maestre
     Sra. Dafne Santiago

*File:ACT-CC-$118.3MM-4-noviembre-2010-orr*

Junta de Directores



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

BGF

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787)721-3380
Facsímil (787)726-6001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9379** fue

adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en

la reunión convocada y celebrada el 20 de octubre de 2010.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada

y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 9379

**PARA AUTORIZAR UN INCREMENTO DE $83,862,215 AL FINANCIAMIENTO
POR $118,300,000 A LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN
(ACT) CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA
PUERTO RICO (BGF) HASTA UN MÁXIMO DE $202,162,215.**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó un
incremento de $76,512,215 a la línea de crédito por $118,300,000 que mantiene con el BGF para
(i) cubrir su necesidad de recursos para el programa de mejoras capitales y cerrar el año fiscal
2010; y (ii) cubrir su necesidad de recursos para el programa de mejoras capitales y gastos
operacionales proyectados para el trimestre de octubre a diciembre de 2010;

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto de futuras
emisiones de bonos y de las Alianzas Público-Privadas, u otros recursos disponibles de la ACT;

**POR CUANTO,** el 12 de julio de 2010 se firmó un Acuerdo Interagencial (Acuerdo) para
el desarrollo del Proyecto de Mejoras Viales en la Intersección de las Carreteras PR-177 y PR-174
(Proyecto) entre la ACT, el BGF, la Autoridad de Energía Eléctrica (AEE) y el
Municipio de Bayamón;

27514

Resolución 9379
Página 2

POR CUANTO, el Acuerdo indica que según las disposiciones de la Ley Núm. 9 de 9 de marzo de 2009, según enmendada, los fondos para financiar el ensanche de la PR-177 provendrán de aportaciones de la ACT, la AEE, el Municipio de Bayamón, y el Programa de Estímulo Económico Criollo;

POR CUANTO, el costo estimado del Proyecto asciende a $14.0 millones, del cual la aportación de la ACT será de $7.35 millones;

POR CUANTO, para facilitar el desarrollo del Proyecto de Ensanche de la Carretera PR-177, es necesario un incremento adicional de $7.35 millones a esta línea de crédito, la cual será pagadera de las aportaciones mencionadas, según la Ley Núm. 9 de 9 de marzo de 2009, según enmendada;

POR CUANTO, el BGF está en disposición de proveer el incremento solicitado y el incremento adicional;

POR CUANTO, parte de los fondos para proveer el referido financiamiento serán obtenidos por el BGF a través de la emisión de GDB *Senior Notes* (*Issuer Subsidy Build America Bonds*);

POR TANTO, RESUÉLVASE, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar una enmienda a la línea de crédito no rotativa por $118,300,000 de la ACT para incrementarla en $83,862,215 hasta un máximo de $202,162,215. Este aumento se utilizará de la siguiente manera: (*i*) las sumas de $8,231,424 y $10,583,896 se utilizarán, respectivamente, para proveer fondos adicionales para el Programa de Mejoras Capitales de la ACT correspondiente a los años fiscales 2010 y 2011; (*ii*) la suma de $57,696,895 se utilizará para cubrir costos operacionales correspondientes al año fiscal 2011; y (*iii*) la suma de $7,350,000 se utilizará para pagar la aportación de la ACT para las mejoras a la Carretera PR-177, según Acuerdo Interagencial con la Autoridad de Energía Eléctrica y el Municipio de Bayamón firmado el 12 de julio de 2010.

RESUÉLVASE, ADEMÁS, el que la ACT pague al BGF por servicios de asesoría financiera acorde con la política vigente a los efectos.

Esta resolución tendrá vigencia inmediata luego de su aprobación.

Y PARA QUE ASÍ CONSTE, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.   En San Juan, Puerto Rico, hoy, 2 de noviembre de 2010.

WANDA I. MARCIAL TORRES
SECRETARIA AUXILIAR

(SELLO)

PUBLIC FINANCE DEPT.
CONTROL & DISBURS. UNIT
RECEIVED

11 FEB 15 AM11:41

**BANCO**
**GUBERNAMENTAL**
**DE FOMENTO PARA**
**PUERTO RICO**
BGF
ESTADO LIBRE ASOCIADO DE PUERTO RICO

14 de febrero de 2011

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Jessica Ortiz
Gerente de Preintervención

P/C María de Lourdes Rodríguez
Gerente

**Segunda Enmienda a Contrato de Préstamo**
**ACT $118.3MM para aumento cuantía a $271,912,341**

Acompaño los siguientes documentos originales de esta línea de crédito otorgada el día de hoy para resguardo en la bóveda.

1. Segunda Enmienda a Contrato de Préstamo por $271,912,341 suscrito por Fernando L. Batlle y Javier Hernández Scimeca, testimonios 313 y 317.
2. Segunda enmienda a Pagaré por $124,592,410.25 suscrito por Javier Hernández Scimeca, testimonio 314.
3. Segunda enmienda a Pagaré por $139,969,930.75 suscrito por Javier Hernández Scimeca, testimonio 315.
4. Certificación de Resolución 9431 de la Junta de Directores del Banco Gubernamental de Fomento aprobada el 26 de enero de 2011.
5. Resolución ACT 2011-02 del Departamento de Transportación y Obras Públicas aprobada el 11 de febrero de 2011.
6. Carta Compromiso de 14 de febrero de 2011.
7. Mensaje electrónico de su área con la aprobación de los documentos legales para el financiamiento.

Zoraya Betancourt Calzada
Asesora Legal

Anejos

rrb

c   Miriam Pascual (con anejos)


PUERTO RICO
VERDE

BGF
OFICINA RECIBIDO
FINANCIAMIENTO PÚBLICO
DIRECTOR
2011 FEB 15 AM11:43

Documento 27059

### SECOND AMENDMENT TO LOAN AGREEMENT

This **SECOND AMENDMENT TO LOAN AGREEMENT**, dated February 14, 2011 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### WITNESSETH

**WHEREAS**, on August 27, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain capital improvements to the Authority's facilities including those in its Construction Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS**, the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

**WHEREAS**, on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215)**, to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on June 12, 2010 between the Bank, the Authority, Puerto Rico Electric Power Authority and the Municipality of Bayamón;

**WHEREAS**, the First Amendment was evidenced by a First Amendment (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of $7,350,000;

27049

WHEREAS, the Authority and the Bank have agreed to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FOURTY ONE DOLLARS ($271,912,341)**, to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree as follows:

1. The parties agree to increase the maximum amount of the Loan from **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215)** to **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FOURTY ONE DOLLARS ($271,912,341).**

2. The Authority agrees that the $69,750,126 Loan increase will be used to provide the additional sums of $5,720,168 and $29,119,273 for the Capital Improvement Program for fiscal year 2010 and 2011, respectively; and $7,310,091 and $27,600,594 for operational expenses attributable to fiscal year 2010 and 2011, correspondingly, all of which will be considered Permitted Expenses under the Loan Agreement.

3. The Loan increase shall be evidenced by a Second Amendment (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; and a Second Amendment (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75.

4. On or before the date of execution and delivery of this Second Amendment to Loan Agreement, the Borrower covenants and agrees to pay to the Lender a financial services fee of $34,875.06.

5. The second paragraph of clause number 5 of the Loan Agreement, as amended, is hereby reinstated as stipulated originally in the Loan Agreement dated as of August 27, 2010.

6. The clause number 14 of the Loan Agreement is hereby amended to add the following paragraph:

"Upon the occurrence and during the continuance of an Event of Default (as defined in the Loan Agreement), the Lender at its sole option may, without notice to Borrower and to the fullest extent

27049

allowed by law, set off and apply any other available moneys (including deposits of any kind) of the Borrower against the Loan (including interests accrued). The Lender agrees to promptly notify Borrower after any such set-off and application; provided that the failure to give such notice shall not affect the validity of such set-off and application."

6.  The parties agree that this Second Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement and its related Notes, both as amended, and that all provisions not inconsistent with this Second Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

7. The rights and obligations of the Parties to this Second Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

8. In the event that any provision of this Second Amendment to Loan Agreement shall be held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

9. This Second Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

**[SIGNATURE PAGE FOLLOWS]**



27049

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Second Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
Fernando L. Batlle Hernáiz
Executive Vice President

By: _____
Javier Hernández Scimeca, CPA
Acting Executive Subdirector

Affidavit No. 315-

Recognized and subscribed before me by Javier Hernández Scimeca as Acting Executive Subdirector of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on February 14th, 2011.



_____
Notary Public

Affidavit No. -317-

Recognized and subscribed before me by Fernando L. Batlle, of legal age, married, and resident of San Juan, Puerto Rico, as Executive Vice President of Financing and Treasury, personally known to me.

In San Juan, Puerto Rico, on February 14th, 2011.



_____
Notary Public

27049

## SECOND AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

$124,592,410.25          Due:     August 27, 2013

The terms of the Promissory Note in the principal amount of SEVENTY MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SIX HUNDRED FORTY NINE DOLLARS AND SEVENTY FIVE CENTS ($70,937,649.75) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, to the order of the GOVERNMENT DEVELOPMENT BANK on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lalo, as amended by a First Amendment to Loan Agreement on November 8, 2010 to: (i) increase the principal amount to EIGHTY NINE MILLION SEVEN HUNDRED FIFTY TWO THOUSAND NINE HUNDRED SIXTY NINE DOLLARS AND TWENTY FIVE CENTS ($89,752,969.25), and (ii) provide the interest rate applicable if Borrower fails to pay the principal amount of the Loan, or any part thereof, on the date of maturity of the Loan, as set forth in the Loan Agreement, as amended, are hereby modified and amended as of the date hereof to: (i) increase the principal amount to ONE HUNDRED TWENTY FOUR MILLION FIVE HUNDRED NINETY TWO THOUSAND FOUR HUNDRED TEN DOLLARS AND TWENTY FIVE CENTS ($124,592,410.25), (ii) reinstate the second paragraph of clause number 5 of the Loan Agreement, as amended, as stipulated originally in the Loan Agreement dated as of August 27, 2010, and (iii) to incorporate a set off clause if an Event of Default occurs (as defined in the Loan Agreement) to apply any available moneys of the Authority against the Loan, in accordance with the Loan Agreement.

This Second Amendment to Promissory Note is executed in connection with the Second Amendment to Loan Agreement between the Authority and the Bank, executed on this same date. All other provisions of the referenced Promissory Note not inconsistent with this Second Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

IN WITNESS WHEREOF, the Puerto Rico Highway and Transportation Authority have caused this Second Amendment to Promissory Note to be signed by its Acting Executive Subdirector, in San Juan, Puerto Rico, this 14ᵗʰ day of February, 2011.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Name: Javier Hernández Scimeca, CPA
Title: ~~Acting~~ Executive Subdirector

Testimony No. -314-

Acknowledged and subscribed before me by Javier Hernández Scimeca, as ~~Acting~~ Executive Subdirector of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of San Juan, Puerto Rico, who is personally known to me. In San Juan, Puerto Rico, on February 14ᵗʰ, 2011.

_____
Notary Public

27049

## SECOND AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

$139,969,930.75                                    Due:      August 27, 2013

The terms of the Promissory Note in the principal amount of **FORTY SEVEN MILLION THREE HUNDRED AND SIXTY TWO THOUSAND THREE HUNDRED FIFTY DOLLARS AND SEVENTY FIVE CENTS** ($47,362,350.75) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, to the order of the GOVERNMENT DEVELOPMENT BANK, on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lalo, as amended by a First Amendment to Loan Agreement on November 8, 2010 to: (i) increase the principal amount to ONE HUNDRED FIVE MILLION FIFTY NINE THOUSAND TWO HUNDRED AND FORTY FIVE DOLLARS AND SEVENTY FIVE CENTS ($105,059,245.75), and (ii) provide the interest rate applicable if Borrower fails to pay the principal amount of the Loan, or any part thereof, on the date of maturity of the Loan as set forth in the Loan Agreement, as amended, are hereby modified and amended as of the date hereof to: (i) increase the principal amount to **ONE HUNDRED THIRTY NINE MILLION NINE HUNDRED SIXTY NINE THOUSAND NINE HUNDRED THIRTY DOLLARS AND SEVENTY FIVE CENTS ($139,969,930.75)** (ii) reinstate the second paragraph of clause number 5 of the Loan Agreement, as amended, as stipulated originally in the Loan Agreement dated as of August 27, 2010, and (iii) to incorporate a set off clause if an Event of Default occurs (as defined in the Loan Agreement) to apply any available moneys of the Authority against the Loan, in accordance with the Loan Agreement.

This Second Amendment to Promissory Note is executed in connection with the Second Amendment to Loan Agreement between the Authority and the Bank, executed on this same date. All other provisions of the referenced Promissory Note not inconsistent with this Second Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Second Amendment to Promissory Note to be signed by its Acting Executive Subdirector, in San Juan, Puerto Rico, this ___ day of February, 2011.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Name: Javier Hernández Scimeca, CPA
Title: ~~Acting~~ Executive Subdirector

Testimony No.: 315

Acknowledged and subscribed before me by Javier Hernández Scimeca, as Acting Executive Subdirector of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of San Juan, Puerto Rico, who is personally known to me. In San Juan, Puerto Rico, on February 14th, 2011.

_____
Notary Public

27049

Junta de Directores

OFICINA DIRECTOR
FINAN., AGTE PUBLICO

2011 FEB 10 PM 2: 15



BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 721-3380
Facsímil (787) 728-6001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9431** fue

adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en

la reunión convocada y celebrada el 26 de enero de 2011.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada

y se encuentra en toda su fuerza y vigor.

## RESOLUCIÓN 9431

**AUTORIZAR UN INCREMENTO DE $69,750,126 AL FINANCIAMIENTO POR $202,162,215 A LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO HASTA UN MÁXIMO DE $271,912,341.**

**POR CUANTO**, la Autoridad de Carreteras y Transportación (ACT) solicitó un incremento de $69,750,126 a la línea de crédito por $202,162,215 que la ACT mantiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF) para (i) cubrir su necesidad de recursos para el Programa de Mejoras Capitales y cerrar el año fiscal 2010, y (ii) cubrir su necesidad de recursos para el Programa de Mejoras Capitales y gastos operacionales proyectados para el trimestre de enero a marzo de 2011;

**POR CUANTO**, la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y las Alianzas Público-Privadas, u otros recursos disponibles de la ACT;

**POR CUANTO**, el BGF está en disposición de proveer el incremento solicitado;

**POR CUANTO**, parte de los fondos para proveer el referido financiamiento han sido obtenidos por el BGF a través de la emisión de *GDB Senior Notes (Issuer Subsidy Build America Bonds)*;

28161

POR TANTO, RESUÉLVASE, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar una enmienda a la línea de crédito no rotativa de $202,162,215 para incrementarla por $69,750,126 hasta un máximo de $271,912,341.  La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a esos efectos.

Esta Resolución tendrá vigencia inmediata luego de su aprobación.

Esta Resolución se aprueba como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departaménto del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

Y PARA QUE ASÍ CONSTE, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.  En San Juan, Puerto Rico, hoy, 10 de febrero de 2011.

WANDA I. MARCIAL-TORRES
SECRETARIA AUXILIAR

(SELLO)

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**

**RESOLUCIÓN NUM. ACT-2011-_02_**

**PARA AUTORIZAR UN INCREMENTO DE $69,750,126 AL FINANCIAMIENTO POR $202,162,215 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION CON EL BANCO GUBERNAMENTAL DE FOMENTO HASTA UN MÁXIMO DE $271,912,341**

**YO, RUBEN A. HERNANDEZ GREGORAT,** Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones adoptados a su amparo, **EXPONGO:**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) necesita y por tanto solicitó un incremento de $69,750,126 al financiamiento por $202,162,215 que mantiene con el Banco Gubernamental de Fomento (BGF) para (i) cubrir su necesidad de recursos para el Programa de Mejoras Capitales y cerrar el año fiscal 2010 y, (ii) cubrir su necesidad de recursos para el Programa de Mejoras Capitales y gastos operacionales proyectados para el trimestre de enero a marzo de 2011;

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y de las Alianzas Público-Privadas, u o otros recursos disponibles de la ACT;

**POR CUANTO,** el BGF está en disposición de proveer el incremento solicitado;

**POR CUANTO,** parte de los fondos para proveer el referido financiamiento serán obtenidos por el BGF a través de la emisión de *GDB Senior Notes* (*Issuer Subsidy Build America Bonds*);

**POR CUANTO,** el BGF ha aprobado una enmienda a la línea de crédito no rotativa por $202,162,215 para incrementarla por $69,750,341 hasta un máximo de $271,912,341 disponiendo que la Autoridad pagará por servicios de asesoría financiera acorde con la política vigente a esos efectos.

**POR TANTO:** Yo, **RUBEN A. HERNANDEZ GREGORAT,** Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**



1. Autorizar a la ACT a enmendar la línea de crédito no rotativa que tiene con el BGF por la suma de $202,162,215 para incrementarla por $69,750,341 hasta un máximo de $271,912,341 sujeto a los términos establecidos por el BGF, que incluye el cargo correspondiente por asesoría financiera;

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el

contrato de préstamo con las condiciones que tenga a bien establecer el BGF como requisito para su validez;

3. Delegar en el Subdirector Ejecutivo de la ACT, Javier Hernández Scimeca, Contador Público Autorizado, mayor de edad, casado y vecino de San Juan, la firma de todo documento que sea necesario ejecutar para obtener el financiamiento aquí autorizado.

4. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy ⟩⟩ de febrero de 2011.


**RUBEN A. HERNÁNDEZ GREGORAT**
Secretario
Departamento de Transportación y Obras Públicas


**LIC. REBECA F. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-02** aprobada por el Secretario de Transportación y Obras Públicas el **11 de febrero de 2011**.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **11 de febrero de 2011**.

Rebeca P. Rojas Colón
Secretaria de la Corporación

**BGF** BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

14 de febrero de 2011

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Ing. Rubén Hernández
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR 00940-2007

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución 9431, aprobó una enmienda a la línea de crédito no rotatoria de $202,162,215 de la Autoridad de Carreteras y Transportación (ACT), para incrementarla por $69,750,126 millones hasta un máximo de $271,912,341.

Esta enmienda está sujeta a los siguientes términos y condiciones:

1. La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a esos efectos.

2. Establecer una tasa mínima (floor) de 6% en la tasa de interés.

3. Una tasa de interés por incumplimiento de 200 puntos base sobre la tasa de interés correspondiente, al vencimiento.

Se incluye la Resolución 9431 como parte de esta carta, la cual manifiesta el compromiso del BGF en otorgar la enmienda al financiamiento antes mencionado.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Atentamente,

Javier Ramos Luiña
Principal de Financiamiento

Aceptada por: _____

Fecha: 2/14/2011

c: Sr. Jesús M. García
   Sr. Arnaldo Maestre
   Sra. Míriam Pascual

RECEIVED
PUBLIC FINANCE DEPT.
CONTROL & DISBURS. UNIT

11 APR 29  PM 1: 16



**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**
ESTADO LIBRE ASOCIADO DE PUERTO RICO

29 de abril de 2011

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Sra. Jessica Ortiz
Pre intervención

( l l in der

P/C   Rubén Méndez Benabe


## TERCERA ENMIENDA - LÍNEA DE CRÉDITO POR AUTORIDAD DE CARRETERAS

Acompaño los originales de los documentos de la línea de crédito de referencia otorgados el 28 de abril de 2011 para su resguardo en la bóveda principal.

1. *Third Amendment to Loan Agreement,* Testimonios 341 y 342.
2. *Promissory Note* (ATM $24,000), Testimonio 343.
3. *Promissory Note* (ACT $4,700), Testimonio 344.
4. Original de la Resolución CE-2011-24 y CE-2011-25 aprobada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico en reunión convocada y celebrada el 5 de abril de 2011.
5. Original de la Resolución Núm. ACT-2011-22 y ACT-2011-23 aprobada por el Secretario del Departamento de Transportación y Obras Públicas el 19 de abril de 2011.
6. Cartas compromisos aceptadas por Rubén A. Hernández Gregorat, Secretario del Departamento de Transportación y Obras Públicas (ATM $24,000 y AMA $4,700).
7. Copia del correo electrónico de la Sra. María Vázquez aprobando los documentos para este financiamiento.


Zoraya Betancourt Calzada
Asesora Legal

Anejos

c    Sra. Miriam Pascual (con anejos)

2011 APR 29 PM 1: 0
FINAN...
OFICINA DIRECTOR
RECIBIDO
BGF

27287


PUERTO RICO VERDE

## THIRD AMENDMENT TO LOAN AGREEMENT

This **THIRD AMENDMENT TO LOAN AGREEMENT**, dated April 28th 2011 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

**WHEREAS**, on August 27, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain capital improvements to the Authority's facilities including those in its Construction Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS**, the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

**WHEREAS**, on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215)**, to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on June 12, 2010 between the Bank, the Authority, Puerto Rico Electric Power Authority and the Municipality of Bayamón;

**WHEREAS**, the First Amendment was evidenced by a First Amendment (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of $7,350,000;

27224

2

WHEREAS, on February 14, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement (the "Second Amendment") to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($271,912,341)**, to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

WHEREAS, the Second Amendment was evidenced by a Second Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; a Second Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75, and an additional Promissory Note for the amount of $7,350,000;

WHEREAS, the Authority has requested an increase of $28,700,000 in the amount of the Loan, to increase the total amount of the Loan to **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341)**;

WHEREAS, the Authority proposes the use of $4,700,000 from the $28,700,000 increase in the amount of the Loan to provide financial assistance to the Metropolitan Bus Authority for operational expenses; and the use of the remaining $24,000,000 to provide financial assistance to the Maritime Transportation Authority, given Resolution Number 2011-001 that declares the Maritime Transportation Authority in a state of financial and operational emergency, and the expected execution of a contractual agreement with a private entity for the operation of transportation service to the Island Municipalities of Vieques and Culebra;

WHEREAS, the Bank has consented to the Authority's request, subject to certain conditions, set forth in Resolution Numbers CE-2011-24 and CE-2011-25, adopted by the Board of Directors of the Bank on April 5, 2011.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree to this THIRD AMENDMENT TO LOAN AGREEMENT, as follows:

1. The parties agree to increase the maximum amount of the Loan from **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($271,912,341)** to **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341)**.



3

2. The Authority agrees that the $28,700,000 Loan increase will be used as follows: the amount of $4,700,000 will be used to partially cover projected resources needed by the Metropolitan Bus Authority ("MBA") during the month of April 2011; and the amount of $24,000,000 will be used to assist the Marine Transportation Authority ("MTA") during the time period it needs for reaching a contractual agreement with a private entity for the operation of the Fajardo to Vieques and Culebra system, after declaring the State of Emergency of the transportation service to the Island Municipalities of Vieques and Culebra, and a State of Fiscal Emergency for the Marine Transportation Authority.

3. The Loan increase shall be evidenced by a Promissory Note in the amount of $4,700,000 (the "MBA Note") and a Promissory Note in the amount $24,000,000 (the "MTA Note"), both executed by the Authority on this same date.

4. On or before the date of execution and delivery of this Third Amendment to Loan Agreement, the Borrower covenants and agrees to pay to the Lender a financial services fee of $14,350.00.

5. In connection with the MBA Note, the Bank's Fiscal Agency Department will require the Borrower to execute a Fiscal Oversight Agreement, containing an operational fiscal oversight plan, and a financial plan to implement operational initiatives to increase income and decrease operational expenses, for the Metropolitan Bus Authority.



6. In connection with the MTA Note, the following disbursement procedures will apply:

(a) Prior to the first disbursement of the funds and for each quarterly disbursement thereafter, Borrower will provide Lender an original certification signed by the Secretary of the Department of Transportation and Public Works or any official designated by the Secretary, evidencing that the disbursement petition complies with the purposes for which this increase in the Loan was authorized.

(b) The funds will be disbursed quarterly upon receipt of the corresponding certification by the Lender to the effect that the use of funds is as authorized.

(c) Lender will require whatever administrative mechanisms it deems necessary to ensure that the funds are used exclusively for the authorized purposes, without unreasonable delays in the disbursement of funds.

4

7. Additionally, in connection with the MTA Note, the Authority will submit an implementation plan to the Board of Directors of the Bank, for consideration in the next meeting of the Board, that specifies: 1) mechanism for identifying an certifying users as residents or non residents of the Island Municipalities; 2) determination of the rate structure for residents and non residents of the Island Municipalities; 3) determination of the rate structure that will be implemented with the flexibility for rate adjustments and procedures for rate revisions; and 4) establishes the cost for "dockage fee".

8. Additionally, in connection with the MTA Note, the Bank's Fiscal Agency Department will require the Borrower to execute a Fiscal Oversight Agreement containing an operational fiscal oversight plan and a financial plan to implement operational initiatives to increase income and decrease operational expenses, for the Maritime Transportation Authority. The Bank's Fiscal Agency Department will also require Borrower to present the Bank a plan, to be provided by the Maritime Transportation Authority, setting forth the manner in which it will implement the transition to private operation to reduce the financial burden of the Maritime Transportation Authority associated with the operation of the vessels.

9. The parties agree that this Third Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Notes, all as amended, and that all provisions therein not inconsistent with this Third Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.



10. The rights and obligations of the parties to this Third Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

11. Pursuant to Resolution Numbers CE-2011-24 and CE-2011-25 adopted by the Board of Directors of the Bank on April 5, 2011 in connection with this Third Amendment to Loan Agreement, this Third Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

12. In the event that any provision of this Third Amendment to Loan Agreement is held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

13. This Third Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

5

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Third Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____
José R. Otero-Freiría
Executive Vice President

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and
Public Works and Executive
Director of PRHTA

Testimony No. 341

Recognized and subscribed before me by Rubén A. Hernández Gregorat Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on April 28th, 2011.



_____
Notary Public

Testimony No. 342

Recognized and subscribed before me by José R. Otero Freiría, of legal age, married, and resident of Dorado, Puerto Rico, as Executive Vice President of Financing and Treasury, personally known to me.

In San Juan, Puerto Rico, on April 28th, 2011.



_____
Notary Public

## PROMISSORY NOTE

$24,000,000                                    Due date: August 27, 2013

FOR VALUE RECEIVED, PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (hereinafter called the "Authority"), AUTHORITY, a public corporation and governmental instrumentality of the Commonwealth of Puerto Rico (the "Borrower"), hereby promises to pay to Government Development Bank for Puerto Rico (the "Lender"), for account of its applicable lending office provided for by the Third Amendment to Loan Agreement referred to below, at the offices of Government Development Bank for Puerto Rico, San Juan, Puerto Rico, the principal sum of TWENTY FOUR MILLION DOLLARS ($24,000,000) (or such lesser amount as shall equal the aggregate unpaid principal amount of the Advances made by the Lender to the Borrower under the Third Amendment to Loan Agreement), in lawful money of the United States of America and in immediately available funds, on the date and in the principal amounts provided in the Third Amendment to Loan Agreement, and to pay interest on the unpaid principal amount of each Advance, at such offices, in like money and funds, for the period commencing on the date of such Advance until such Advance shall be paid in full, at the rates per annum and on the dates provided in the Third Amendment to Loan Agreement.

This Note is under and pursuant to the Third Amendment to Loan Agreement executed on this same date between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences Advances made by the Lender thereunder, and is subject to the terms thereof. Terms used but not defined in this Note have the respective meanings assigned to them in the Third Amendment to Loan Agreement.

This Note shall be governed by, and construed in accordance with, the laws of the Commonwealth of Puerto Rico.

IN WITNESS WHEREOF, the AUTHORITY has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, on April 2__, 2011.

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat,
Secretary of Transportation and Public Works
and Executive Director of PRHTA

Testimony No. 843

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on April 28th, 2011.

_____
Notary Public

27224

## PROMISSORY NOTE

$4,700,000                                              Due date: August 27, 2013

    **FOR VALUE RECEIVED, PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (hereinafter called the "Authority"), **AUTHORITY,** a public corporation and governmental instrumentality of the Commonwealth of Puerto Rico (the "Borrower"), hereby promises to pay to **Government Development Bank for Puerto Rico** (the "Lender"), for account of its applicable lending office provided for by the Third Amendment to Loan Agreement referred to below, at the offices of Government Development Bank for Puerto Rico, San Juan, Puerto Rico, the principal sum of **FOUR MILLION SEVEN HUNDRED THOUSAND DOLLARS ($4,700,000)** (or such lesser amount as shall equal the aggregate unpaid principal amount of the Advances made by the Lender to the Borrower under the Third Amendment to Loan Agreement), in lawful money of the United States of America and in immediately available funds, on the date and in the principal amounts provided in the Third Amendment to Loan Agreement, and to pay interest on the unpaid principal amount of each Advance, at such offices, in like money and funds, for the period commencing on the date of such Advance until such Advance shall be paid in full, at the rates per annum and on the dates provided in the Third Amendment to Loan Agreement.

    This Note is under and pursuant to the Third Amendment to Loan Agreement executed on this same date between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences Advances made by the Lender thereunder, and is subject to the terms thereof. Terms used but not defined in this Note have the respective meanings assigned to them in the Third Amendment to Loan Agreement.

    This Note shall be governed by, and construed in accordance with, the laws of the Commonwealth of Puerto Rico.

    **IN WITNESS WHEREOF,** the AUTHORITY has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, on April 28, 2011.

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

By: _____
    Rubén A. Hernández Gregorat,
    Secretary of Transportation and Public Works
    and Executive Director of PRHTA

Testimony No. 844

    Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, and resident of Guaynabo, Puerto Rico, personally known to me.

    In San Juan, Puerto Rico, on April 28th, 2011.

_____
Notary Public

27224

Junta de Directores



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787)721-3360
Facsímil (787)726-6001

## CERTIFICACIÓN

Yo, **RUBÉN MÉNDEZ BENABE**, Secretario de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución CE 2011-24** fue adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión convocada y celebrada el 5 de abril de 2011.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN CE-2011-24

**PARA AUTORIZAR UN INCREMENTO DE $4,700,000 AL FINANCIAMIENTO POR $271,912,341 A LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO HASTA UN MÁXIMO DE $276,612,341, PARA CUBRIR PARCIALMENTE GASTOS OPERACIONALES DE LA AUTORIDAD METROPOLITANA DE AUTOBUSES.**

**POR CUANTO**, la Autoridad de Carreteras y Transportación (ACT) solicitó enmendar el Contrato de Préstamo vigente para incrementar por $4,700,000 la línea de crédito no rotativa de $271,912,341 que la ACT mantiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF), para cubrir parcialmente la necesidad de recursos proyectada de la Autoridad Metropolitana de Autobuses (AMA) para abril 2011;

**POR CUANTO**, la ACT se propone subsidiar por $16.3 millones el déficit financiero de la AMA para el Año Fiscal 2010-2011, de los cuales el incremento solicitado de $4.7 millones será para cubrir el pago de nómina y otros gastos operacionales de abril 2011;

**POR CUANTO**, la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y de las Alianzas Público-Privadas que se logren u otros recursos disponibles de la ACT, incluyendo ingresos propios;

28710

Resolución CE-2011-24
Página 2

**POR CUANTO,** para asistir financieramente a la ACT, el BGF como agente fiscal y asesor financiero de esta corporación pública, está en disposición de proveer el incremento solicitado sujeto a ciertas condiciones tales como requerir un plan de supervisión fiscal de las operaciones de la AMA, así como presentar un plan financiero en el que se identifique e implemente medidas para subsanar el déficit acumulado con el propósito de mejorar sus finanzas;

**POR TANTO, RESUÉLVASE,** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, autorizar una enmienda a la línea de crédito no rotativa por $271,912,341 a la Autoridad de Carreteras y Transportación, para incrementarla en $4,700,000 hasta un máximo de $276,612,341, para cubrir el pago de nómina y otros gastos operacionales en abril 2011 de la Autoridad Metropolitana de Autobuses.

La aprobación de este incremento en el financiamiento estará condicionada a lo siguiente:

1. El Departamento de Agencia Fiscal del BGF le requerirá a la ACT un plan de supervisión fiscal de las operaciones de la AMA y un plan financiero con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la AMA sujeto a la ejecución de un "Fiscal Oversight Agreement".

2. La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a esos efectos.

3. La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción

Esta resolución tendrá vigencia inmediata luego de su aprobación.

Esta resolución se aprueba como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

**Y PARA QUE ASÍ CONSTE,** suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.   En San Juan, Puerto Rico, hoy 11 de abril de 2011.

**RUBÉN MÉNDEZ BENABE**
**SECRETARIO**

(SELLO)

Junta de Directores



**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787)721-3360
Facsímil (787)726-6001

### CERTIFICACIÓN

Yo, **RUBÉN MÉNDEZ BENABE**, Secretario de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución CE-2011-25** fue adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión convocada y celebrada el 5 de abril de 2011.

**CERTIFICO, ADEMÁS,** que dicha Resolución no ha sido derogada, revocada o anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN CE-2011-25

**PARA AUTORIZAR UN INCREMENTO DE $24,000,000 AL FINANCIAMIENTO POR $276,612,341 A LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, HASTA UN MÁXIMO DE $300,612,341, PARA QUE LA AUTORIDAD DE TRANSPORTE MARÍTIMO CONTRATE SERVICIOS CON UNA ENTIDAD PRIVADA PARA EL TRANSPORTE MARÍTIMO.**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó enmendar el Contrato de Préstamo vigente para incrementar por $24,000,000 la línea de crédito no rotativa de $276,612,341 que la ACT mantiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF), para que la Autoridad de Transporte Marítimo (ATM) pueda formalizar el Contrato con una entidad privada para operar el sistema de Fajardo a Vieques y Culebra, luego de declarar en Estado de Emergencia el servicio de transportación marítima para las Islas Municipios de Vieques y Culebra (Islas Municipios), y un Estado de Emergencia Fiscal para la ATM;

**POR CUANTO,** la ACT estudia la posibilidad de integrar los sistemas de transportación masiva en Puerto Rico; a saber: Autoridad Metropolitana de Autobuses (AMA), ATM, Metrobús y Tren Urbano, bajo una sola entidad gubernamental denominada "Alternativa de Transporte Integrado" (ATI);

28711

Resolución CE-2011-25
Página 2

**POR CUANTO,** la Resolución Núm. 2011-001 declara en estado de emergencia la situación financiera y operacional de la ATM y delega poder al Secretario de Transportación y Obras Públicas para actuar y contratar la operación privada con la recomendación de un Comité Asesor creado a esos efectos;

**POR CUANTO,** la ACT ante la situación de emergencia, se propone subsidiar a la ATM por $24,000,000 con el propósito de financiar el contrato de privatización de los servicios de transporte marítimo entre las Islas Municipios, por lo que la ACT solicita el incremento al préstamo vigente que permita subsidiar a la ATM y esta pueda formalizar el contrato con "Fast Ferries", entidad privada seleccionada;

**POR CUANTO,** la ACT propone que el contrato sea por un término de dos (2) años a un costo anual para ambas entidades de hasta un máximo de $24.0 millones por año;

**POR CUANTO,** la solicitud inmediata de la ACT de incrementar el préstamo vigente es para cubrir los costos del primer año; y la necesidad inmediata para formalizar el contrato es para que los servicios nuevos comiencen a finales de mayo de 2011. Para cumplir con este objetivo, la ACT proyecta que durante este período de dos (2) años, se comience un proceso de *Request for Proposal* ("RFP"), para seleccionar un operador a contratarse a largo plazo;

**POR CUANTO,** la ACT sostiene que esta transacción representará, a largo plazo, un ahorro en el presupuesto del Gobierno y para la ACT en el gasto operacional, tales como en la compra de combustible (diésel) y en nómina, incluyendo una reducción en el pago de tiempo extra a los empleados en el servicio de transporte marítimo de Fajardo a las Islas Municipios. Además, los ingresos que genere la operación en la estructura tarifaria serán para beneficio de la ATM y de la ACT;

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y de las Alianzas Público-Privadas que se logren u otros recursos disponibles de la ACT incluyendo ingresos propios y los ingresos que genere las operaciones de esta transacción;

**POR CUANTO,** para asistir financieramente a la ACT, el BGF como agente fiscal y asesor financiero de esta corporación pública, está en disposición de proveer el incremento solicitado sujeto a ciertas condiciones de desembolsos y otros requerimientos adicionales;

**POR TANTO, RESUÉLVASE,** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar una enmienda a la línea de crédito no rotativa por $276,612,341 para incrementarla en $24,000,000 hasta un máximo de $300,612,341 a la Autoridad de Carreteras y Transportación, para subsidiar a la Autoridad de Transporte Marítimo para que pueda formalizar un contrato con la entidad privada "Fast Ferries" para proveer servicios de transporte marítimo entre las Islas Municipios, sujeto a las siguientes condiciones:

Resolución CE-2011-25
Página 3

**Desembolsos:**

    a) Previo al primer desembolso de los fondos provenientes de este incremento y para cada desembolso trimestral, la ACT entregará al BGF una certificación original firmada por el Secretario de Transportación y Obras Públicas o cualquier funcionario por él designado, que evidencie que la petición de desembolso cumple con los propósitos para los cuales fue solicitado el incremento de la línea de crédito.

    b) Los fondos provenientes se desembolsaran trimestralmente una vez recibida la correspondiente certificación al BGF de que los usos son los autorizados.

    c) El BGF dispondrá de aquellos mecanismos administrativos que estime necesario para asegurar que los fondos se utilicen exclusivamente para los propósitos dispuestos, pero sin dilatar irrazonablemente el desembolso de los fondos.

**Plan de Implementación:**

Se requerirá a la ACT que presente en la próxima reunión de esta Junta y al Banco, un plan de implementación que detalle lo siguiente:

    1) Mecanismos para identificar y certificar usuarios como residentes o no residentes de las Islas Municipios.
    2) Determinación de la estructura tarifaria para los residentes y no residentes de las Islas Municipios.
    3) Determinación de la estructura que se implementará con la flexibilidad necesaria para hacer ajustes tarifarios y procedimientos para revisión de tarifas.
    4) Establecer el costo por "dockage fee".

**Otros:**

1) Se delega en el Departamento de Agencia Fiscal del BGF requerir a la ACT lo siguiente:

    a. Un plan de supervisión fiscal de las operaciones de la ATM y un plan financiero con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la ATM sujeto a la ejecución de un "Fiscal Oversight Agreement".

    b. Presentar un plan provisto por la ATM mediante el cual establezca cómo se implementará la transición con el operador privado de tal manera que vaya reduciendo la carga económica que actualmente recae en la ATM por la operación de las embarcaciones.

2) La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a los efectos.

Resolución CE-2011-25
Página 4

3) La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

Esta resolución tendrá vigencia inmediata luego de su aprobación.

Esta resolución se aprueba como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal ("U.S. Treasury Department Regulation Section 1.150-2").

**Y PARA QUE ASÍ CONSTE,** suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy 11 de abril de 2011.

**RUBÉN MÉNDEZ BENABE**
**SECRETARIO**

(SELLO)

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**

**RESOLUCIÓN NUM. ACT-2011-_22_**

**PARA AUTORIZAR UN INCREMENTO DE $4,700,000 AL FINANCIAMIENTO POR $271,912,431 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION CON EL BANCO GUBERNAMENTAL DE FOMENTO HASTA UN MÁXIMO DE $276,612,341, PARA CUBRIR PARCIALMENTE GASTOS OPERACIONALES DE LA AUTORIDAD METROPOLITANA DE AUTOBUSES.**

**YO, RUBEN A. HERNANDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones adoptados a su amparo, **EXPONGO:**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó un incremento de $4,700,000 al financiamiento por $271,912,431 por concepto de la línea de crédito no rotativa que mantiene con el Banco Gubernamental de Fomento (BGF) para cubrir parcialmente la necesidad de recursos proyectada de la Autoridad Metropolitana de Autobuses para abril de 2011;

**POR CUANTO,** la ACT se propone subsidiar por $16.3 millones el déficit financiero de la AMA para el Año Fiscal 2010-2011, de los cuales el incremento solicitado de $4.7 millones será para cubrir el pago de nómina y otros gastos operacionales de abril de 2011;

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y de las Alianzas Público-Privadas que se logren, u o otros recursos disponibles de la ACT, incluyendo ingresos propios;

**POR CUANTO,** para asistir financieramente a la ACT, el BGF en su rol de agente fiscal y asesor financiero de la corporación, ha concedido el incremento solicitado conforme Resolución CE-2011-24 aprobada el 11 de abril de 2011, sujeto al cumplimiento con las siguientes condiciones:

1. El Departamento de Agencia Fiscal del BGF le requerirá a la ACT un plan de supervisión fiscal de las operaciones de la AMA y un plan financiero con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la AMA sujeto a la ejecución de un "Fiscal Oversight Agreement".

2. La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a esos efectos.

3. La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción

**POR TANTO:** Yo, **RUBEN A. HERNANDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1. Autorizar a la ACT a enmendar la línea de crédito no rotativa que tiene con el BGF por la suma de 271,912,341 para incrementarla por

292

$4,700,000 un máximo de $276,612,341 sujeto a los términos establecidos por el BGF;

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, enmienda a contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF como requisito para su validez;

3. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy 19 de abril de 2011.

_____
**RUBÉN A. HERNÁNDEZ GREGORAT**
Secretario
Departamento de Transportación y Obras
Públicas

_____
**LIC. REBECA F. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

150

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-22** aprobada por el Secretario de Transportación y Obras Públicas el **19 de abril de 2011**.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **19 de abril de 2011**.

Rebeca F. Rojas Colón
Secretaria de la Corporación

.GOBIERNO DE PUERTO RICO
**DEPARTAMENTO DE TRANSPORTACION Y OBRAS PUBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACION**

RESOLUCIÓN NUM. ACT-2011-_23_

**PARA AUTORIZAR UN INCREMENTO DE $24,000,000 AL
FINANCIAMIENTO POR $276,612,341 DE LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACION CON EL BANCO
GUBERNAMENTAL DE FOMENTO HASTA UN MÁXIMO DE
$300,612,341, PARA QUE LA AUTORIDAD DE TRANSPORTE
MARÍTIMO CONTRATE SERVICIOS CON UNA ENTIDAD PRIVADA
PARA EL TRANSPORTE MARÍTIMO.**

**YO, RUBEN A. HERNANDEZ GREGORAT,** Secretario del Departamento
de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico,
en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del
23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6
de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y
resoluciones adoptados a su amparo, **EXPONGO:**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó
un incremento de $24,000,000 al financiamiento por $276,612,431 por
concepto de la línea de crédito no rotativa que mantiene con el Banco
Gubernamental de Fomento (BGF) para cubrir que la Autoridad de Transporte
Marítimo (ATM) pueda formalizar el Contrato con una entidad privada para
operar el sistema de Fajardo a Vieques y Culebra, luego de declarar en Estado
de Emergencia el servicio de transportación marítima para las Islas Municipio
de Vieques y Culebra (Islas Municipio), y un Estado de Emergencia Fiscal para
la ATM;

**POR CUANTO,** la ACT estudia la posibilidad de integrar los sistemas de
transportación masiva en Puerto Rico; a saber: Autoridad Metropolitana de
Autobuses (AMA), ATM, Metrobús y Tren Urbano, bajo una sola entidad
gubernamental denominada "Alternativa de Transporte Integrado" (ATI);

**POR CUANTO,** la Resolución Núm. 2011-001 declara en estado de
emergencia la situación financiera y operacional de la ATM y delega poder al
Secretario de Transportación y Obras Públicas para actuar y contratar la
operación privada con la recomendación de un Comité Asesor creado a esos
efectos;

**POR CUANTO,** la ACT ante la situación de emergencia, se propone
subsidiar a la ACT por $24,000,000 con el propósito de financiar el contrato de
privatización de los servicios de transporte marítimo entre las Islas Municipios,
por lo que la ACT solicita el incremento al préstamo vigente que permita
subsidiar a la ATM y esta pueda formalizar el contrato con la entidad privada
seleccionada;

**POR CUANTO,** la ACT propone que el contrato sea por un término de dos
(2) años a un costo anual para ambas entidades de hasta un máximo de $24.0
millones por año;

**POR CUANTO,** la solicitud inmediata de la ACT de incrementar el
préstamo vigente es para cubrir los costos del primer año; y la necesidad
inmediata para formalizar el contrato es para que los servicios nuevos
comiencen a finales de mayo de 2011. Para cumplir con este objetivo, la ACT
proyecta que durante este periodo de dos (2) años, se comience un proceso de

**POR CUANTO,** la ACT sostiene que esta transacción representará, a largo plazo, un ahorro en el presupuesto del Gobierno y para la ACT en el gasto operacional, tales como en la compra de combustible (Diesel) y en nómina, incluyendo una reducción en el pago de tiempo extra a los empleados en el servicio de transporte marítimo de Fajardo a las Islas Municipios. Además, los ingresos que genere la operación en la estructura tarifaria serán para beneficio de la ATM y de la ACT;

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y de las Alianzas Público-Privadas que se logren u otros recursos disponibles de la ACT incluyendo ingresos propios y los ingresos que genere las operaciones de esta transacción;

**POR CUANTO,** para asistir financieramente a la ACT, el BGF en su rol de agente fiscal y asesor financiero de la corporación, ha concedido el incremento solicitado conforme Resolución CE-2011-25 aprobada el 11 de abril de 2011, sujeto al cumplimiento con las siguientes condiciones de desembolsos y otros requerimientos adicionales como sigue:

**Desembolsos:**

1. Previo al primer desembolso de los fondos provenientes de este incremento y para cada desembolso trimestral, la ACT entregará al BGF una certificación original firmada por el Secretario de Transportación y Obras Públicas o cualquier funcionario por él designado, que evidencie que la petición de desembolso cumple con los propósitos para los cuales fue solicitado el incremento de la línea de crédito.

2. Los Fondos provenientes se desembolsarán trimestralmente una vez recibida la correspondiente certificación al BGF de que los usos son los autorizados.

3. El BGF dispondrá de aquellos mecanismos administrativos que estime necesario para asegurar que los fondos se utilicen exclusivamente para los propósitos dispuestos, pero sin dilatar irrazonablemente el desembolso de los fondos.

**Plan de Implementación:**

Se requerirá a la ACT que presente en la próxima reunión de esta Junta y al Banco, un plan de implementación que detalle lo siguiente:

1. Mecanismos para identificar y certificar usuarios como residentes o no residentes de las Islas Municipios.

2. Determinación de la estructura tarifaria para los residentes y no residentes de las Islas Municipios.

3. Determinación de la estructura que se implementará con la flexibilidad necesaria para hacer ajustes tarifarios y procedimientos para revisión de tarifas.

4. Establecer el costo por "dockage fee".

**Otros:**

1. Se delega en el Departamento de Agencia Fiscal del BGF requerir a la ACT lo siguiente:

a. Un plan de supervisión fiscal de las operaciones de la ATM y un plan financiero con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la ATM sujeto a la ejecución de un "Fiscal Oversight Agreement".

b. Presentar un plan provisto por la ATM mediante el cual establezca cómo se implementará la transición con el operador privado de tal manera que vaya reduciendo la carta económica que actualmente recae en la ATM por la operación de las embarcaciones.

2. La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a los efectos.

**POR TANTO:** Yo, **RUBEN A. HERNANDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1. Autorizar a la ACT a enmendar la línea de crédito no rotativa que tiene con el BGF por la suma de 276,612,341 para incrementarla por $24,000,000 un máximo de $300,612,341 sujeto a los términos establecidos por el BGF;

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, enmienda a contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF como requisito para su validez;

3. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy _19_ de abril de 2011.


**RUBEN A. HERNÁNDEZ GREGORAT**
Secretario
Departamento de Transportación y Obras Públicas


**LIC. REBECA F. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-23** aprobada por el Secretario de Transportación y Obras Públicas el **19 de abril de 2011**.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **28 de abril de 2011**.

Rebeca F. Rojas Colón
Secretaria de la Corporación



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

GOBIERNO DE PUERTO RICO

26 de abril de 2011

Ing. Rubén Hernández
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR   00940-2007

Estimado señor Hernández:

El Comité Ejecutivo del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución CE-2011-24, aprobó una enmienda a la línea de crédito no rotativa por un incremento de $4,700,000 al financiamiento por $271,912,341 a la Autoridad de Carreteras y Transportación (ACT), que mantienen con el BGF hasta un máximo de $276,612,341 para cubrir parcialmente los gastos operacionales de la Autoridad Metropolitana de Autobuses.

La aprobación de este incremento en el financiamiento estará condicionada a los siguientes términos y condiciones:

1. El Departamento de Agencia Fiscal del BGF le requerirá a la ACT un plan de supervisión fiscal de las operaciones de la AMA y un plan financiero con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la AMA sujeto a la ejecución de un "Fiscal Oversight Agreement".

2. La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a esos efectos.

3. La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

Se le incluye la Resolución CE-2011-24 como parte de esta carta, la cual manifiesta el compromiso del BGF en otorgar este financiamiento por $4,700,000.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar loa copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Cordialmente,

Javier Ramos Luiña
Vicepresidente Senior

*Anejos*

ACEPTADO POR:

FIRMA:

NOMBRE: Rubén A. Llaneria (e post)
(Escribir en letra de molde)

FECHA: 4/28/11

**BANCO**
**GUBERNAMENTAL**
**DE FOMENTO PARA**
**PUERTO RICO**

**BGF**

GOBIERNO DE PUERTO RICO

26 de abril de 2011

Ing. Rubén Hernández
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR   00940-2007

Estimado señor:

El Comité Ejecutivo del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución CE-2011-25, aprobó una enmienda a la línea de crédito no rotativa por $276,612,341 para un incremento de $24,000,000 hasta un máximo de $300,612,341, a la Autoridad de Carreteras y Transportación (ACT), para subsidiar a la Autoridad de Transporte Marítimo para que pueda formalizar un contrato con la entidad privada "Fast Ferries" para proveer servicios de transporte marítimo entre las Islas Municipios, sujeto a las siguientes condiciones:

**Desembolsos:**

a. Previo al primer desembolso de los fondos provenientes de este incremento y para cada desembolso trimestral, la ACT entregará al BGF una certificación original firmada por el Secretario de Transportación y Obras Públicas o cualquier funcionario por él designado, que evidencie que la petición de desembolso cumple con los propósitos para los cuales fue solicitado el incremento de la línea de crédito.

b. Los fondos provenientes se desembolsarán trimestralmente una vez recibida la correspondiente certificación al BGF de que los usos son los autorizados.

c. El BGF dispondrá de aquellos mecanismos administrativos que estime necesario para asegurar que los fondos se utilicen exclusivamente para los propósitos dispuestos, pero sin dilatar irrazonablemente el desembolso de los fondos.

**Plan de Implementación:**

Se requerirá a la ACT que presente en la próxima reunión de esta Junta y al Banco, un plan de implementación que detalle lo siguiente:

1. Mecanismos para identificar y certificar usuarios como residentes o no residentes de las Islas Municipios.
2. Determinación de la estructura tarifaria para los residentes y no residentes de las Islas Municipios.

*Carta Compromiso AP & ATM $24MM*
*26 de abril de 2011*
*Página 2*

3. Determinación de la estructura que se implementará con la flexibilidad necesaria para hacer ajustes tarifarios y procedimientos para revisión de tarifas.
4. Establecer el costo por "dockage fee".

**Otros:**

(1) Se delega en el Departamento de Agencia Fiscal del BGF requerir a la ACT lo siguiente:

a. Un plan de supervisión fiscal de las operaciones de la ATM y un plan financiero con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la ATM sujeto a la ejecución de un "Fiscal Oversight Agreement".

b. Presentar un plan provisto por la ATM mediante el cual establezca cómo se implementará la transición con el operador privado de tal manera que vaya reduciendo la carga económica que actualmente recae en la ATM por la operación de las embarcaciones.

(2) La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a los efectos.

(3) La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

Se le incluye la Resolución CE-2011-25 como parte de esta carta, la cual manifiesta el compromiso del BGF en otorgar este financiamiento por $24,000,000.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar loa copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Cordialmente,

Javier Ramos Luiña
Vicepresidente Senior

*Anejos*

ACEPTADO POR:

FIRMA: _____

NOMBRE: _____
(Escribir en letra de molde)

FECHA: 4/28/11





**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**
ESTADO LIBRE ASOCIADO DE PUERTO RICO

18 de mayo de 2011

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Jessica Ortiz

*Fourth Amendment to Loan Agreement with PRHTA ($403,321,952)*

Acompaño los siguientes documentos originales de esta línea de crédito para resguardo en la bóveda.

1. *Fourth Amendment to Loan Agreement* otorgado el 17 de mayo de 2011.
2. *Third Amendment to Promissory Note (Allonge)* por $127,714,461.25 otorgado el 17 de mayo de 2011.
3. *Third Amendment to Promissory Note (Allonge)* por $206,213,756.75 otorgado el 17 de mayo de 2011.
4. *First Amendment to Promissory Note (Allonge)* por $16,252,489 otorgado el 17 de mayo de 2011.
5. *Promissory Note ($21,791,245)* otorgado el 17 de mayo de 2011.
6. Certificaciones de las Resoluciones 9493, 9494, 9495 y 9496 de la Junta de Directores del BGF que aprueban los términos para este financiamiento.
7. Certificaciones de las Resoluciones ACT-2011-29, ACT-2011-30, ACT-2011-31 y ACT-2011-32 de la ACT que aprueban los términos para este financiamiento.
8. Cartas Compromisos firmadas por el Secretario del Departamento de Transportación y Obras Públicas el 17 de mayo aceptando los términos de las enmiendas por $11,552,489; $69,365,887; $21,791,245; y $2,700,000.
9. Mensaje electrónico de su área con la aprobación de los documentos legales para el financiamiento.



María de Lourdes Rodríguez
Gerente
Oficina de Asesoramiento Legal

rrb

Anejos

c  ✓ Miriam Pascual (con anejos)
     Lic. Rubén Méndez Benabe (sin anejos)



### FOURTH AMENDMENT TO LOAN AGREEMENT

This FOURTH AMENDMENT TO LOAN AGREEMENT, dated May 17, 2011 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### WITNESSETH

**WHEREAS,** on August 27, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs of certain capital improvements to the Authority's facilities including those incurred or to be incurred in the acquisition, construction, equipping, installation and development of the Capital Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS,** the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

**WHEREAS,** on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215),** to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on July 12, 2010 between the Bank, the Authority, Puerto Rico Electric Power Authority and the Municipality of Bayamón;

**WHEREAS,** the First Amendment was evidenced by a First Amendment (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of $7,350,000;

**WHEREAS,** on February 14, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement (the "Second Amendment") to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO**



2

HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($271,912,341), to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

WHEREAS, the Second Amendment was evidenced by a Second Amendment Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; a Second Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75, and an additional Promissory Note for the amount of $7,350,000;

WHEREAS, on April 28, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement (the "Third Amendment") to increase the total principal amount of the Loan by $28,700,000 for a total maximum amount of **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341).**

WHEREAS, the Third Amendment was evidenced by a Promissory Note in the amount of $4,700,000 (the "MBA Note") and a Promissory Note in the amount of $24,000,000 (the "MTA Note").

WHEREAS, the Authority has requested an increase of $102,709,611 in the amount of the Loan, to increase the total amount of the Loan to **FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952),** to provide additional resources for the Authority's operational and Capital Improvement Program expenses, to pay a judgment due by the Authority to Redondo Construction Company; and to provide additional operational funds to the Metropolitan Bus Authority for Fiscal Year 2011;

WHEREAS, the Authority has also requested authorization to use the maximum amount of $2,700,000, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment to Loan Agreement executed on April 28, 2011 (Lender Resolution No. CE-2011-25 of April 5, 2011) to provide financial assistance to the Maritime Transportation Authority, to pay insurance coverage for the vessels used by the Maritime Transportation Authority to provide transportation to the Island Municipalities of Vieques and Culebra;

WHEREAS, the Bank has consented to the Authority's requests, subject to conditions, set forth in Resolution Numbers 9493, 9494, 9495, and 9496, adopted by the Board of Directors of the Bank on April 20, 2011.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby



27294 v2

3

acknowledged, subject to the terms and conditions contained herein, the parties hereto agree to this FOURTH AMENDMENT TO LOAN AGREEMENT, as follows:

1. The parties agree to increase the maximum amount of the Loan from **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341)** to **FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952)**.

2. The Authority agrees that the $102,709,611 Loan increase will be used as follows: $4,188,958 for Borrower's operational expenses corresponding to Fiscal Year 2010; $62,054,868 for Borrower's projected operational expenses for the April to June semester of Fiscal Year 2011; $3,122,051 for Borrower's Capital Improvement Program corresponding to Fiscal Year 2011; $21,791,245 for Borrower's payment of a judgment in favor of Redondo Construction Company; $11,552,489 to provide the Metropolitan Bus Authority funds for payroll and other operational expenditures corresponding to May and June 2011.

3. The Loan increase shall be evidenced by a Third Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount by $3,122,051 to $127,714,461.25; and a Third Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount by $66,243,826 to $206,213,756.75. The Bank's Fiscal Agency Department will require the following from the Authority:

(a)   Provide the Bank's Fiscal Agency Department a Plan within the next 30 days detailing the PG Engineering progress reports and the process for speeding up the Authority's capital improvement projects.

(b)   Provide a detailed report on how critical areas of the Authority will continue providing services considering the decrease of 343 employees in payroll.

(c)   Comply with the conditions set forth in Resolution No. CE-2011-25 of April 5, 2011 by the Executive Committee of the Board of Directors of the Bank.

(d)   Review Borrower's accounts payable systems to reconcile the records of the Authority with the Bank's, so that they correctly reflect accumulated interest owed the Authority to the Bank, which amount to $72.8 million, not $30.1 million as reflected in the records of the Authority.

(e)   Provide the Bank a report on progress made during Fiscal Year 2011 as part of its stabilization plan, and provide, in addition, its plan for Fiscal Year 2012, including how it will manage the precarious situation of Metropolitan Bus Authority.

27294 v2

4



(f)  Recommend that the Bank's engineering consultant and the Fiscal Agent of the Bank work hand in hand to evaluate opportunities to secure more federal funds to the Authority, to optimize its plan for capital improvements and to review and implement effectively and without delay the Authority's fiscal stabilization plan.

The Loan increase shall be evidenced by a First Amendment to Promissory Note (Allonge) to the MBA Note to increase the amount by $11,552,489 to $16,252,489, executed by the Authority on this same date.  In connection with the foregoing, Lender's Fiscal Agency Department will require Borrower a fiscal stabilization plan of the operations of the Metropolitan Bus Authority and a financial plan to be provided within the next thirty (30) days, with the aim of implementing operational initiatives to increase income and reduce the operational expenses of the Metropolitan Bus Authority, subject to the execution of a Fiscal Oversight Agreement; and a presentation to the Lender, within the stabilization plan corresponding to Fiscal Year 2011-2012, of how the precarious situation of the Metropolitan Bus Authority will be addressed.

5.  The Loan increase shall also be evidenced by a new additional Promissory Note for the amount of $21,791,245 (the "Redondo Note"), executed on this same date, for payment of the judgment to Redondo Construction.  The approval of the disbursement of these funds will be conditioned as follows:  Borrower will provide evidence acceptable to Lender of claims made to insurance companies in connection with the judgment payable to Redondo Construction, and that such claims are not partially or completely covered by the insurance policies of Borrower;  and Borrower will provide the Bank specific details of complaints by Redondo Construction against Borrower, with the purpose of evaluating possible risks, additional to the economic and fiscal situation of such public corporation.

6.  Lender consents to and authorizes the use of the maximum amount of $2,700,000 from the $24,000,000 borrowed by the Authority pursuant to the Third Amendment to Loan Agreement executed on April 28, 2011 to assist the Maritime Transportation Authority, to pay insurance coverage for the existing vessels of the Maritime Transportation Authority. Accordingly, Lender consents to amending Lender Resolution No. CB-2011-25, adopted on April 5, 2011, to permit the use of funds as set forth in this numbered paragraph 4.

In connection with the foregoing, the Authority agrees to provide Lender analyses of the statement of value of the referenced vessel insurance policies and the conditions of the referenced existing vessels, to evaluate the possible reduction of insurance premiums.

. In addition, the Authority agrees to provide a detailed memorandum about the insurance policies budgeted by the Maritime Transportation Authority and how these

27294 v2

5

policies have moved within the budget. If the policies were not budgeted, the Authority will explain the reason for such non inclusion in the budget.

7.   On or before the date of execution and delivery of this Fourth Amendment to Loan Agreement, the Borrower covenants and agrees to pay to the Lender a financial services fee of $41,083.84, equivalent to 1/25 of 1% of the $102,709,611 increase in the maximum amount of the Loan.

8.   The parties agree that this Fourth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Notes, all as amended, and that all provisions therein not inconsistent with this Fourth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

9.   The rights and obligations of the parties to this Fourth Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

10.   Pursuant to Resolution Numbers 9493, 9494, 9495, and 9496, adopted by the Board of Directors of the Bank on April 20, 2011 in connection with this Fourth Amendment to Loan Agreement, this Fourth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

11.   In the event that any provision of this Fourth Amendment to Loan Agreement is held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

12.   This Fourth Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

[ SIGNATURE PAGE FOLLOWS]





27294 v2

6

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Fourth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

By: _____
José R. Otero-Freiría
Executive Vice President

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and
Public Works and Executive
Director of the Puerto Rico
Highway and Transportation
Authority

Testimony No. 574

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on May 17, 2011.

_____
Notary Public

Testimony No. 281

Recognized and subscribed before me by José R. Otero Freiría, of legal age, married, and resident of Dorado, Puerto Rico, as Executive Vice President of Financing and Treasury, personally known to me.

In San Juan, Puerto Rico, on May 17, 2011.

_____
Notary Public

27294 v2

## THIRD AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$127,714,461.25**                                          **Due: August 27, 2013**

The terms of the Promissory Note in the principal amount of **SEVENTY MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SIX HUNDRED FORTY NINE DOLLARS AND SEVENTY FIVE CENTS ($70,937,649.75)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, to the order of the GOVERNMENT DEVELOPMENT BANK on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lalo, as amended by a First Amendment to Promissory Note (Allonge) executed by the AUTHORITY on November 8, 2010 before Notary Public María de Lourdes Rodríguez; and as amended by a Second Amendment to Promissory Note (Allonge) executed by the AUTHORITY on February 14, 2011 before Notary Public Zoraya Betancourt Calzada; is hereby further amended on the date hereof to increase the maximum amount to **ONE HUNDRED TWENTY SEVEN MILLION SEVEN HUNDRED FOURTEEN THOUSAND FOUR HUNDRED SIXTY ONE DOLLARS AND TWENTY FIVE CENTS ($127,714,461.25).**

This Third Amendment to Promissory Note is executed in connection with the Fourth Amendment to Loan Agreement between the Authority and the Bank, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Third Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Third Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _12_ day of May, 2011.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public Works
   and Executive Director of the Puerto Rico
   Highway and Transportation Authority

Testimony No. 575

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on May _17_, 2011.

_____
Notary Public

## THIRD AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$206,213,756.75**                                      **Due:**     **August 27, 2013**

The terms of the Promissory Note in the principal amount of **FORTY SEVEN MILLION THREE HUNDRED AND SIXTY TWO THOUSAND THREE HUNDRED FIFTY DOLLARS AND SEVENTY FIVE CENTS ($47,362,350.75)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, to the order of the GOVERNMENT DEVELOPMENT BANK, on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lalo, as amended by a First Amendment to Promissory Note (Allonge) executed by the AUTHORITY on November 8, 2010 before Notary Public María de Lourdes Rodríguez; and as amended by a Second Amendment to Promissory Note (Allonge) executed by the AUTHORITY on February 14, 2011 before Notary Public Zoraya Betancourt Calzada; is hereby further amended on the date hereof to increase the maximum amount to **TWO HUNDRED SIX MILLION TWO HUNDRED THIRTEEN THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND SEVENTY FIVE CENTS ($206,213,756.75).**

This Third Amendment to Promissory Note is executed in connection with the Fourth Amendment to Loan Agreement between the Authority and the Bank, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Third Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Third Amendment to Promissory Note to be signed by its Acting Executive Subdirector, in San Juan, Puerto Rico, this 17 day of May, 2011.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public Works
and Executive Director of the Puerto Rico
Highway and Transportation Authority

Testimony No. 576

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on May 17, 2011.

_____
Notary Public

## FIRST AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$16,252,489**                                     **Due: August 27, 2013**

The terms of the Promissory Note in the principal amount of **FOUR MILLION SEVEN HUNDRED THOUSAND DOLLARS ($4,700,000)** executed by Rubén A. Hernández Gregorat in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY to the order of the GOVERNMENT DEVELOPMENT BANK on April 28, 2011 before Notary Public Zoraya Betancourt Calzada, is hereby amended on the date hereof to increase the maximum amount to **SIXTEEN MILLION TWO HUNDRED FIFTY TWO THOUSAND FOUR HUNDRED EIGHTY NINE DOLLARS ($16,252,489)**.

This First Amendment to Promissory Note is executed in connection with the Fourth Amendment to Loan Agreement between the Authority and the Bank, executed on this same date. All other provisions of the referenced Promissory Note not inconsistent with this First Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF**, the Puerto Rico Highway and Transportation Authority have caused this First Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this __/__ day of May, 2011.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public Works
and Executive Director of the Puerto Rico
Highway and Transportation Authority

Testimony No. 577 —

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and a resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on May _17_, 2011.

_____
Notary Public

**PROMISSORY NOTE**

$21,791,245                                                    Due date: August 27, 2013

     **FOR VALUE RECEIVED, PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (hereinafter called the "Authority"), **AUTHORITY**, a public corporation and governmental instrumentality of the Commonwealth of Puerto Rico (the "Borrower"), hereby promises to pay to **Government Development Bank for Puerto Rico** (the "Lender"), for account of its applicable lending office provided for by the Fourth Amendment to Loan Agreement referred to below, at the offices of Government Development Bank for Puerto Rico, San Juan, Puerto Rico, the principal sum of **TWENTY ONE MILLION SEVEN HUNDRED NINETY ONE THOUSAND TWO HUNDRED FORTY FIVE DOLLARS ($21,791,245)** (or such lesser amount as shall equal the aggregate unpaid principal amount of the Advances made by the Lender to the Borrower under the Fourth Amendment to Loan Agreement), in lawful money of the United States of America and in immediately available funds, on the date and in the principal amounts provided in the Fourth Amendment to Loan Agreement, and to pay interest on the unpaid principal amount of each Advance, at such offices, in like money and funds, for the period commencing on the date of such Advance until such Advance shall be paid in full, at the rates per annum and on the dates provided in the Fourth Amendment to Loan Agreement.

     This Note is under and pursuant to the Fourth Amendment to Loan Agreement executed on this same date between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences Advances made by the Lender thereunder, and is subject to the terms thereof, as it may be amended from time to time. Terms used but not defined in this Note have the respective meanings assigned to them in the Third Amendment to Loan Agreement.

     This Note shall be governed by, and construed in accordance with, the laws of the Commonwealth of Puerto Rico.

     **IN WITNESS WHEREOF**, the AUTHORITY has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, on May 17, 2011.

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

By: _____

Rubén A. Hernández Gregorat,
Secretary of Transportation and Public Works
and Executive Director of the Puerto Rico
Highway and Transportation Authority

Testimony No. 578

     Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, and resident of Guaynabo, Puerto Rico, personally known to me.

     In San Juan, Puerto Rico, on May 17, 2011.

_____
Notary Public

Junta de Directores

**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

**BGF**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 721-3300
Facsímil (787) 726-8001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9493** fue

adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en

reunión convocada y celebrada el 20 de abril de 2011.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada

y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 9493

**PARA AUTORIZAR UN INCREMENTO DE $11,552,489 AL
FINANCIAMIENTO POR $300,612,341 A LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACIÓN CON EL BANCO
GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO HASTA UN
MÁXIMO DE $312,164,830.**

**POR CUANTO**, la Autoridad de Carreteras y Transportación (ACT) solicitó enmendar
el contrato de préstamo vigente para incrementar en $11,552,489 la línea de crédito por
$300,612,341 que la ACT mantiene con el BGF para cubrir la necesidad de recursos proyectada
de la Autoridad Metropolitana de Autobuses (AMA) para el Año Fiscal 2011;

**POR CUANTO**, la ACT planifica y considera integrar los sistemas de transportación
masiva en Puerto Rico bajo una sola entidad gubernamental;

**POR CUANTO**, la ACT se propone subsidiar por $11,552,489, el déficit financiero de la
AMA para el Año Fiscal 2010-2011; de los cuales este incremento será para cubrir la nómina y
gastos relacionados ha incurrirse durante mayo y junio, entre otros gastos operacionales;

**POR CUANTO**, la ACT propone repagar la línea de crédito del producto de futuras
emisiones de bonos y de las Alianzas Público-Privadas que se logren u otros recursos
disponibles de la ACT, incluyendo ingresos propios;

28797-v2

Resolución 9493
Página 2

POR CUANTO, para asistir financieramente a la ACT, el BGF como Agente Fiscal y Asesor Financiero de esta corporación pública, está en disposición de proveer el incremento solicitado sujeto a ciertas condiciones tales como requerir un plan de estabilización fiscal de las operaciones de la AMA, así como presentar un plan financiero en el que se identifique e implemente medidas para subsanar el déficit acumulado con el propósito de mejorar sus finanzas;

POR TANTO, RESUÉLVASE, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, autorizar una enmienda a la línea de crédito no rotativa por $300,612,341 de la Autoridad de Carreteras y Transportación para incrementarla en $11,552,489 hasta un máximo de $312,164,830, para cubrir el pago de nómina y otros gastos operacionales de la AMA ha incurrirse durante mayo y junio de 2011.

RESUÉLVASE, ADEMÁS, delegar en el Departamento de Agencia Fiscal del BGF requerir a la ACT lo siguiente:

1. Un plan de estabilización fiscal de las operaciones de la AMA y un plan financiero a ser provistos en los próximos 30 días, con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la AMA sujeto a la ejecución de un "Fiscal Oversight Agreement".

2. Presentar al Banco, dentro de su plan de estabilización para el Año Fiscal 2011-2012, cómo atenderán la precaria situación de la AMA.

RESUÉLVASE, ADEMÁS, el que la ACT pague al BGF por los servicios de asesoría financiera acorde con la política vigente a los efectos.

La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

Esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

Y PARA QUE ASÍ CONSTE, suscribo y estampo el sello corporativo del

Banco Gubernamental de Fomento para Puerto Rico.   En San Juan, Puerto Rico, hoy

13 de mayo de 2011.

WANDA I. MARCIAL-TORRES
SECRETARIA AUXILIAR

(SELLO)

Junta de Directores



BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787)721-3360
Facsímil (787)726-6001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9494** fue

adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en

reunión convocada y celebrada el 20 de abril de 2011.

**CERTIFICO, ADEMÁS,** que dicha Resolución no ha sido derogada, revocada o anulada y se

encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 9494

**PARA AUTORIZAR UN INCREMENTO DE $69,365,877 AL FINANCIAMIENTO POR $300,612,341 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO.**

**POR CUANTO**, la Autoridad de Carreteras y Transportación (ACT) solicitó un incremento de $69,365,877 a la línea de crédito no rotativa por $300,612,341 que la ACT mantiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF), para (i) cubrir su necesidad de recursos para gastos operacionales y cerrar el Año Fiscal 2010, y (ii) cubrir su necesidad de recursos para el Programa de Mejoras Capitales (PMC) y para los gastos operacionales proyectados para el trimestre de abril a junio de 2011;

**POR CUANTO**, la ACT distribuyó la necesidad de financiamiento entre las siguientes partidas: $4,188,958 para cubrir su necesidad de recursos para los gastos operacionales del Año Fiscal 2010; $3,122,051 para cubrir su necesidad de recursos para el PMC del Año Fiscal 2011 y $62,054,868 para cubrir los gastos operacionales proyectados para el trimestre de abril a junio de 2011 (Año Fiscal 2011);

28798-v2

Resolución 9494
Página 2

**POR CUANTO**, la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y las Alianzas Público-Privadas que se logren u otros recursos disponibles de la ACT incluyendo ingresos propios;

**POR CUANTO**, para asistir financieramente a la ACT, el BGF como Agente Fiscal y Asesor Financiero de esta corporación pública, está en disposición de proveer el incremento solicitado sujeto a ciertas condiciones tales como requerir un plan de estabilización fiscal de las operaciones de la ACT, así como presentar un plan financiero en el que se identifique e implemente medidas para subsanar el déficit acumulado con el propósito de mejorar sus finanzas.

**POR TANTO, RESUÉLVASE**, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, autorizar una enmienda a la línea de crédito no rotativa por $300,612,341 de la Autoridad de Carreteras y Transportación para incrementarla en $69,365,877, a distribuirse como sigue: $4,188,958 para cubrir su necesidad de recursos para los gastos operacionales del Año Fiscal 2010; $3,122,051 para cubrir su necesidad de recursos para el PMC del Año Fiscal 2011 y $62,054,868 para cubrir su necesidad de recursos para los gastos operacionales proyectados para el trimestre de abril a junio de 2011 (Año Fiscal 2011).

El balance máximo de esta línea de crédito no rotativa será de $381,530,707.00 que recoge el aumento autorizado mediante la Resolución 9493 y esta Resolución 9494, adoptadas a la misma fecha.

**RESUÉLVASE, ADEMÁS**, delegar en el Departamento de Agencia Fiscal del BGF requerir a la ACT lo siguiente:

a) Proveer un plan, en los próximos 30 días, que detalle los informes de PG Engineering sobre progreso y el proceso para agilizar los proyectos de mejoras capitales de la ACT.

b) Proveer un detalle de cómo las áreas críticas de la ACT se mantendrán proveyendo servicios considerando la reducción de 343 empleados de la nómina.

c) Cumplir con las condiciones que el Comité Ejecutivo de la Junta de Directores del BGF estableció mediante la Resolución Núm. CE-2011-25 del 5 de abril de 2011.

d) Revisar sus sistemas de cuentas por pagar para reconciliar los registros de la ACT con los del BGF para que reflejen correctamente los intereses acumulados por los financiamientos que tiene la ACT con el Banco los cuales ascienden a $72.8 millones y no a $30.1 millones como se refleja en los registros de la ACT.

e) Presentar al Banco un informe del progreso obtenido durante el Año Fiscal 2011 como parte de su plan de estabilización y proveer, además, su plan para el Año Fiscal 2012 incluyendo cómo atenderán la situación precaria de la AMA.

f) Recomendar que el Consultor de Ingeniería del Banco y el Agente Fiscal del Banco trabajen de la mano para evaluar oportunidades para allegar más fondos federales a la ACT, para optimizar su plan de mejoras de capital y para revisar e implantar efectivamente y sin retrasos el plan de estabilización fiscal de la ACT.

**RESUÉVASE, ADEMÁS**, el que la ACT pague al BGF por los servicios de asesoría financiera acorde con la política vigente a esos efectos.

Resolución 9494
Página 3

La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

Esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

Y PARA QUE ASI CONSTE, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.   En San Juan, Puerto Rico, hoy 13 de mayo de 2011.

WANDA L. MARCIAL TORRES
SECRETARIA AUXILIAR

(SELLO)

Junta de Directores

**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

**BGF**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 721-3380
Facsímil (787) 728-6001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9495** fue

adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en

reunión convocada y celebrada el 20 de abril de 2011.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada

y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 9495

**PARA AUTORIZAR UN INCREMENTO DE $21,791,245 AL
FINANCIAMIENTO POR $300,612,341 DE LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACIÓN CON EL BANCO
GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO.**

**POR CUANTO**, la Autoridad de Carreteras y Transportación (ACT) solicitó un
incremento de $21,791,245 a la línea de crédito no rotativa por $300,612,341 que la ACT
mantiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF), para cubrir su
necesidad de recursos para el pago de una sentencia judicial a favor de Redondo Construction
(RC);

**POR CUANTO**, RC radicó una reclamación legal por $38.1 millones por daños,
compensación adicional, reclamaciones no pagadas y otras causas de acción relacionadas a
varios contratos de construcción contra la ACT;

**POR CUANTO**, el 31 de agosto de 2009 el Tribunal de Quiebras falló a favor de RC por
$21,791,245 más intereses en perjuicio a razón de 6% a 6.5%;

**POR CUANTO**, la ACT radicó varias mociones luego de la sentencia oponiéndose al
pago de los intereses previamente mencionados;

**POR CUANTO**, la ACT propone repagar la línea de crédito del producto de futuras
emisiones de bonos y las Alianzas Público-Privadas que se logren u otros recursos disponibles
de la ACT incluyendo ingresos propios;

28799 v2

Resolución 9495
Página 2

**POR CUANTO,** para asistir financieramente a la ACT, el BGF como Agente Fiscal y Asesor Financiero de esta corporación pública, está en disposición de proveer el incremento solicitado sujeto a ciertas condiciones tales como requerir un plan de estabilización fiscal de las operaciones de la ACT, así como presentar un plan financiero en el que se identifique e implemente medidas para subsanar el déficit acumulado con el propósito de mejorar sus finanzas;

**POR TANTO, RESUÉLVASE,** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, autorizar una enmienda a la línea de crédito no rotativa por $300,612,341 a la Autoridad de Carreteras y Transportación para incrementarla en $21,791,245, para cubrir su necesidad de recursos para el pago de una sentencia judicial a favor de Redondo Construction (RC).

El balance máximo de esta línea de crédito no rotativa será de $403,321,952.00 que recoge los aumentos autorizados mediante la Resolución 9493, Resolución 9494 y esta Resolución 9495, adoptadas a la misma fecha.

**RESUÉLVASE, ADEMÁS,** condicionar la aprobación de los desembolsos del financiamiento a lo siguiente:

1. La ACT deberá proveer evidencia aceptable al BGF de las reclamaciones efectuadas a las compañías de seguro con relación a este caso y de que las mismas no están parcial o completamente cubiertas en las pólizas de la ACT.
2. La ACT debera proveer al Banco de los detalles específicos de los pleitos de RC contra la ACT, con el fin de evaluar posibles riesgos adicionales a la situación económica y fiscal de esta corporación pública.
3. La ACT pagará al BGF por los servicios de asesoría financiera acorde con la política vigente a esos efectos.
4. La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

Esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

**Y PARA QUE ASI CONSTE,** suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.   En San Juan, Puerto Rico, hoy 13 de mayo de 2011.

WANDA I. MARCIAL TORRES
SECRETARIA AUXILIAR

(SELLO)

**Junta de Directores**

**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

**BGF**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787)721-3350
Facsímil (787)726-6001

## CERTIFICACIÓN

Yo, **WANDA I. MARCIAL-TORRES**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9496** fue

adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en

reunión convocada y celebrada el 20 de abril de 2011.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada

y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 9496

**PARA AUTORIZAR UNA ENMIENDA AL FINANCIAMIENTO POR
$300,612,341 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN
CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO,
PARA AÑADIR EL PROPÓSITO DE ASEGURAR LAS EMBARCACIONES
EXISTENTES DE LA AUTORIDAD DE TRANSPORTE MARÍTIMO, HASTA
UN MÁXIMO DE $2,700,000**

**POR CUANTO**, el Banco Gubernamental de Fomento para Puerto Rico (BGF), autorizó
el 5 de abril de 2011, en su Resolución CE-2011-25, enmendar el contrato de préstamo vigente
para incrementar por $24,000,000 la línea de crédito de $276,612,341, hasta un máximo de
$300,612,341, que la Autoridad de Carreteras y Transportación (ACT) tiene con el BGF para que
la Autoridad de Transporte Marítimo (ATM) pueda formalizar el contrato con una entidad
privada para operar el sistema de Fajardo a Vieques y Culebra, luego de declarar en Estado de
Emergencia el servicio de transportación marítima para las Islas Municipios de Vieques y
Culebra y un Estado de Emergencia Fiscal para la ATM;

**POR CUANTO**, la ACT solicitó enmendar la Resolución CE-2011-25 para añadir a los
usos del incremento, el propósito de asegurar las embarcaciones existentes de la ATM, hasta un
máximo de $2,700,000;

**POR CUANTO**, la gerencia del BGF recomienda la enmienda de esta línea de crédito
con el propósito de ampliar los usos del incremento y revisar otros términos;

Resolución 9496
Página 2

**POR CUANTO,** el BGF está en disposición de proveer la enmienda solicitada.

**POR TANTO, RESUÉLVASE,** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar una enmienda a la Resolución CE-2011-25 para añadir el propósito de asegurar las embarcaciones existentes de la ATM, hasta un máximo de $2,700,000.

**RESUÉLVASE, ADEMÁS,** requerir a la ACT el presentar lo siguiente:

1. Un análisis de los estados de valores de las pólizas de seguro de las embarcaciones existentes de la ATM y las condiciones de las embarcaciones existentes de la ATM, con el fin de evaluar la posibilidad de una reducción en la prima.

2. Un memorando detallado sobre las pólizas de seguro presupuestadas de la ATM y cómo éstas pólizas se han movido dentro del presupuesto. Si estas pólizas no fueron presupuestadas, la ACT deberá explicar las razones por la que no fueron incluidas dentro del presupuesto.

3. Una resolución de su Junta de Directores aceptando los términos y condiciones establecidos en esta Resolución de la línea de crédito.

4. La ACT pagará al BGF por los servicios de asesoría financiera acorde con la política vigente a los efectos.

Los demás términos y condiciones del financiamiento aprobados mediante la Resolución Núm. CE-2011-25 de 5 de abril de 2011 y que no estén en contravención con esta Resolución, se mantendrán inalterados.

Esta Resolución tendrá vigencia inmediata después de su aprobación.

Esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

**Y PARA QUE ASI CONSTE,** suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico.  En San Juan, Puerto Rico, hoy 13 de mayo de 2011.

WANDA I. MARCIAL-TORRES
SECRETARIA AUXILIAR

(SELLO)

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

RESOLUCIÓN NÚM. ACT-2011- 29

**PARA AUTORIZAR UN INCREMENTO DE $11,552,489 AL
FINANCIAMIENTO POR $300,612,341 DE LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACIÓN CON EL BANCO
GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO HASTA UN
MÁXIMO DE $312,164,830.**

**YO, RUBÉN A. HERNÁNDEZ GREGORAT,** Secretario del Departamento
de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico,
en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del
23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de
1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones
adoptados a su amparo, **EXPONGO:**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó
al Banco Gubernamental de Fomento (BGF) enmendar el contrato de préstamo
vigente para incrementar en $11,552,489 la línea de crédito por $300,612,341
que la ACT mantiene con el BGF para cubrir la necesidad de recursos
proyectada de la Autoridad Metropolitana de Autobuses (AMA) para el año fiscal
2011.

**POR CUANTO,** la ACT planifica y considera integrar los sistemas de
transportación masiva en Puerto Rico bajo una sola entidad gubernamental.

**POR CUANTO,** la ACT se propone subsidiar por $11,552,489, el déficit
financiero de la AMA para el año fiscal 2010-11; de los cuales este incremento
será para cubrir la nómina y gastos relacionadas a ésta incurridos durante los
meses de mayo y junio entre otros gastos operacionales.

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto
de futuras emisiones de bonos y de las Alianzas Público-Privadas que se logren
u otros recursos disponibles de la ACT, incluyendo ingresos propios.

**POR CUANTO,** para asistir financieramente a la ACT, el BGF como
agente fiscal y asesor financiero de esta corporación pública, ha aprobado la
solicitud de la ACT de proveer el incremento solicitado mediante Resolución de
su Junta de Directores Núm. 9493 de 20 de abril de 2011, la cual, además, le
delega al Departamento de Agencia Fiscal del BGF requerir a la ACT lo
siguiente:

1. Un plan de estabilización fiscal de las operaciones de la AMA y un
   plan financiero a ser provistos en los próximos 30 días, con el objetivo
   de implementar iniciativas operacionales para incrementar los ingresos
   y reducir los gastos operacionales de la AMA sujeto a la ejecución de
   un "Fiscal Oversight Agreement".

2. Presentar al BGF, dentro de su plan de estabilización para el Año
   Fiscal 2011-2012, como atenderán la precaria situación de la AMA.

3. La ACT pagará al BGF por servicios de asesoría financiera acorde con
   la política vigente a esos efectos.

4. La ACT deberá presentar una Resolución de su Junta de Directores
   autorizando la transacción.

**POR CUANTO,** la referida Resolución Núm. 9493 de 20 de abril de 2011
del BGF fue aprobada como una declaración de intención bajo la Sección 1.150-



**POR TANTO:** Yo, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1. Autorizar a la ACT a enmendar la línea de crédito no rotativa que tiene con el BGF por $300,612,341 para incrementarla en $11,552,489 hasta un máximo de $312,164,830, para cubrir el pago de nómina y otros gastos operacionales de la AMA incurridos durante el mes de abril de 2011, sujeto a los términos establecidos por el BGF en su Resolución 9493 de 20 de abril de 2011;

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, enmienda a contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF.

3. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy /6 de mayo de 2011.

_____
**RUBÉN A. HERNÁNDEZ GREGORAT, MEM, PE**
Secretario de Transportación y Obras Públicas

_____
**LIC. REBECA F. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

961

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-29** aprobada por el Secretario de Transportación y Obras Públicas el **16 de mayo de 2011.**

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **16 de mayo de 2011.**

Rebeca E. Rojas Colón
Secretaria de la Corporación

Case:17-03283-LTS Doc#:16276-12 Filed:03/31/21 Entered:03/31/21 22:38:21 Desc:
Exhibit 12 Part 3 Page 109 of 228

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

## RESOLUCIÓN NÚM. ACT-2011-_30_____

**PARA AUTORIZAR UN INCREMENTO DE $69,365,877 AL FINANCIAMIENTO POR $300,612,341 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO (BGF)**

YO, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones adoptados a su amparo, **EXPONGO:**

**POR CUANTO**, la Autoridad de Carreteras y Transportación (ACT) solicitó al Banco Gubernamental de Fomento (BGF) enmendar el contrato de préstamo vigente para incrementar en $69,365,877 la línea de crédito no rotativa por $300,612,341 que la ACT mantiene con el BGF para (i) cubrir su necesidad de recursos para gastos operacionales y cerrar el año fiscal 2010, y (ii) cubrir su necesidad de recursos para el Programa de Mejoras Capitales (PMC) y gastos operacionales proyectados para el trimestre de abril a junio de 2011.

**POR CUANTO**, la ACT distribuyó la necesidad de financiamiento entre las siguientes partidas: $4,188,958 para cubrir su necesidad de recursos para los gastos operacionales del año fiscal 2010; $3,122,051 para cubrir su necesidad de recursos para el PMC del año fiscal 2011 y $62,054,868 para cubrir los gastos operacionales proyectados para el trimestre de abril a junio de 2011 (año fiscal 2011).

**POR CUANTO**, la ACT propone repagar la línea de crédito del producto de futuras emisiones de bonos y las Alianzas Público-Privadas que se logren u otros recursos disponibles de la ACT incluyendo ingresos propios.

**POR CUANTO**, para asistir financieramente a la ACT, el BGF como agente fiscal y asesor financiero de esta corporación pública, ha aprobado el incremento solicitado mediante Resolución de la Junta de Directores Núm. 9494 de 20 de abril de 2011, sujeto a las siguientes condiciones:

a) La ACT deberá proveer un plan al Departamento de Agencia Fiscal del BGF en los próximos 30 días que detalle los informes de PG Engineering sobre progreso y el proceso para agilizar los proyectos de mejoras capitales de la ACT.

b) La ACT deberá proveer un detalle de cómo las áreas críticas de la ACT se mantendrán proveyendo servicios considerando la reducción de 343 empleados de la nómina.

c) La ACT deberá cumplir con las condiciones que el Comité Ejecutivo de la Junta de Directores del BGF estableció mediante la Resolución Núm. CE-2011-25 del 5 de abril de 2011.

d) La ACT deberá revisar sus sistemas de cuentas por pagar para reconciliar los registros de la ACT con los del BGF para que reflejen correctamente los intereses acumulados por los financiamientos que tiene la ACT con el Banco los cuales ascienden a $72.8 millones y no a $30.1 millones como se refleja en los registros de la ACT.

durante el año fiscal 2011 como parte del plan de estabilización y proveer, además, su plan para el año fiscal 2012 incluyendo cómo atenderán la situación precaria de la AMA.

f) El consultor de ingeniería del Banco y el Agente Fiscal del Banco deberán trabajar de la mano para evaluar oportunidades para allegar más fondos federales a la ACT para optimizar su plan de mejoras de capital y para revisar e implantar efectivamente y sin retrasos el plan de estabilización fiscal de la ACT.

g) La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a esos efectos.

h) La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

**POR CUANTO**, la referida Resolución Núm. 9494 de 20 de abril de 2011 del BGF fue aprobada como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

**POR TANTO:** Yo, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1. Autorizar a la ACT a enmendar la línea de crédito no rotativa por $300,612,341 para incrementarla en $69,365,877 hasta un máximo de $369,978,218, a distribuirse como sigue: $4,188,958 para cubrir su necesidad de recursos para los gastos operacionales del año fiscal 2010; $3,122,051 para cubrir su necesidad de recursos para el PMC del año fiscal 2011 y $62,054,868 para cubrir su necesidad de recursos para los gastos operacionales proyectados para el trimestre de abril a junio de 2011 (año fiscal 2011), sujeto a los términos establecidos por el BGF en su Resolución 9494 de 20 de abril de 2011;

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, enmienda a contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF;

3. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy 16 de mayo de 2011.

**RUBÉN A. HERNÁNDEZ GREGORAT, MEM, PE**
Secretario de Transportación y Obras Públicas

**LIC. REBECA E. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-30** aprobada por el Secretario de Transportación y Obras Públicas el **16 de mayo de 2011**.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **16 de mayo de 2011**.


Rebeca F. Rojas Colón
Secretaria de la Corporación

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN

RESOLUCIÓN NÚM. ACT-2011-_31___

**PARA AUTORIZAR UN INCREMENTO DE $21,791,245 AL
FINANCIAMIENTO POR $300,612,341 DE LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACIÓN CON EL BANCO
GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

YO, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario del Departamento
de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico,
en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del
23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de
1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones
adoptados a su amparo, **EXPONGO:**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó
enmendar el contrato de préstamo que mantiene con el Banco Gubernamental
de Fomento (BGF) para incrementar en $21,791,245 la línea de crédito no
rotativa por $300,612,341 para cubrir su necesidad de recursos para el pago de
una sentencia judicial a favor de Redondo Construction (RC).

**POR CUANTO,** RC radicó una reclamación legal por $38.1 millones por
daños, compensación adicional, reclamaciones no pagadas y otras causas de
acción relacionadas a varios contratos de construcción contra la ACT.

**POR CUANTO,** el 31 de agosto de 2009 el Tribunal de Quiebras falló a
favor de RC por $21,791,245 más intereses en perjuicio a razón de 6% a 6.5%.

**POR CUANTO,** la ACT radicó varias mociones luego de la sentencia
oponiéndose al pago de los intereses previamente mencionados.

**POR CUANTO,** la ACT propone repagar la línea de crédito del producto
de futuras emisiones de bonos y las Alianzas Público-Privadas que se logren u
otros recursos disponibles de la ACT incluyendo ingresos propios.



**POR CUANTO,** para asistir financieramente a la ACT, el BGF como
agente fiscal y asesor financiero de esta corporación pública, ha aprobado el
incremento solicitado mediante Resolución de su Junta de Directores Núm.9495
de 20 de abril de 2011, cuyo desembolso está sujeto al cumplimiento de las
siguientes condiciones:

1. La ACT deberá proveer evidencia aceptable al BGF de las
   reclamaciones efectuadas a las compañías de seguro con relación a
   este caso y de que las mismas no están parcial o completamente
   cubiertas en las pólizas de la ACT.

2. La ACT deberá proveer al BGF los detalles específicos de los pleitos
   de RC contra la ACT, con el fin de evaluar posibles riesgos adicionales
   a la situación económica y fiscal de esta corporación pública.

3. La ACT pagará al BGF por servicios de asesoría financiera acorde con
   la política vigente a esos efectos.

4. La ACT deberá presentar una Resolución de su Junta de Directores
   autorizando la transacción.

**POR CUANTO,** la referida Resolución Núm. 9495 de 20 de abril de 2011
del BGF fue aprobada como una declaración de intención bajo la Sección 1.150-
2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury
Department Regulation Section 1.150-2).

**POR TANTO,** yo, RUBÉN A. HERNÁNDEZ GREGORAT, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1. Autorizar a la ACT a enmendar la línea de crédito no rotativa por $300,612,341 para incrementarla en $21,791,245 hasta un máximo de $322,403,586, para cubrir su necesidad de recursos para el pago de una sentencia judicial a favor de Redondo Construction (RC) sujeto a los términos establecidos por el BGF,    en su Resolución 9495 de 20 de abril 2011;

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, enmienda a contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF;

3. El balance máximo de esta línea de crédito no rotativa será de $403,321,952, que recoge los aumentos autorizados mediante las Resoluciones del BGF Números 9493, 9494 y 9495, adoptadas el 20 de abril de 2011.

4. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy _16_ de mayo de 2011.


_____
**RUBÉN A. HERNÁNDEZ GREGORAT, MEM, PE**
Secretario de Transportación y Obras Públicas


**LIC. REBECA F. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-31** aprobada por el Secretario de Transportación y Obras Públicas el **16 de mayo de 2011.**

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **16 de mayo de 2011.**

Rebeca F. Rojas Colón
Secretaria de la Corporación

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

## RESOLUCIÓN NÚM. ACT-2011-<u>32</u>

**PARA AUTORIZAR UNA ENMIENDA AL FINANCIAMIENTO POR $300,612,341 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN (ACT) CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO (BGF), PARA AÑADIR EL PROPÓSITO DE ASEGURAR LAS EMBARCACIONES EXISTENTES DE LA AUTORIDAD DE TRANSPORTE MARÍTIMO (ATM), HASTA UN MÁXIMO DE $2,700,000**

**YO, RUBÉN A. HERNÁNDEZ GREGORAT,** Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones adoptados a su amparo, **EXPONGO:**

**POR CUANTO,** el Banco Gubernamental de Fomento (BGF) autorizó el 5 de abril de 2011, en su Resolución CE-2011-25, enmendar el contrato de préstamo vigente para incrementar por $24,000,000 la línea de crédito de $276,612,341 hasta un máximo de $300,612,341 que la Autoridad de Carreteras y Transportación (ACT) tiene con el BGF para que la Autoridad de Transporte Marítimo (ATM) pueda formalizar el contrato con una entidad privada para operar el sistema de Fajardo a Vieques y Culebra, luego de declarar en Estado de Emergencia el servicio de transportación marítima para las Islas Municipios de Vieques y Culebra y un Estado de Emergencia Fiscal para la ATM.

**POR CUANTO,** la ACT solicitó enmendar la Resolución CE-2011-25 para añadir a los usos del incremento, el propósito de asegurar las embarcaciones existentes de la ATM, hasta un máximo de $2,700,000.

**POR CUANTO,** la referida Resolución Núm. 9496 de 20 de abril de 2011 del BGF fue aprobada como una declaración de intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

**POR CUANTO,** el BGF ha aprobado la enmienda solicitada mediante Resolución de su Junta de Directores Núm. 9496 de 20 de abril de 2011 y por consiguiente ha enmendado la Resolución CE-2011-25 para añadir el propósito de asegurar las embarcaciones existentes de la ATM, hasta un máximo de $2,700,000, y revisar otros términos, sujeto al cumplimiento con las siguientes condiciones:

1. La ACT deberá presentar análisis de los estados de valores de las pólizas de seguro de las embarcaciones existentes de la ATM y las condiciones esas embarcaciones existentes de la ATM para evaluar posibilidad de una reducción de prima.

2. La ACT deberá presentar un memorando detallado sobre las pólizas de seguro presupuestadas de ATM y cómo estas pólizas se ha movido dentro del presupuesto y si estas pólizas no fueron presupuestadas, deberá explicar las razones para no incluirlas en el presupuesto.

3. La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a los efectos.

4. La ACT deberá presentar una resolución de su Junta de Directores aceptando los términos y condiciones establecidos en esta resolución de la línea de crédito.

8. Los demás términos y condiciones del financiamiento, que no estén en contravención con esta resolución, se mantendrán inalterados.

**POR TANTO:** Yo, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1. Autorizar a la ACT a enmendar la línea de crédito no rotativa por $300,612,341 con el BGF para añadir el propósito de asegurar las embarcaciones existentes de la autoridad de transporte marítimo (atm), hasta un máximo de $2,700,000, sujeto a los términos establecidos por el BGF, en su Resolución 9496 de 20 de abril 2011;

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para llevar a cabo la enmienda concedida a la línea de crédito, incluyendo cualquier contrato, enmienda a contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y, ratificar y/u otorgar el contrato de préstamo con las condiciones que tenga a bien establecer el BGF;

3. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan, Puerto Rico, hoy 16 de mayo de 2011.

**RUBÉN A. HERNÁNDEZ GREGORAT, MEM, PE**
Secretario de Transportación y Obras Públicas

**LIC. REBECA F. ROJAS COLÓN**
Secretaria de la Corporación
Autoridad de Carreteras y Transportación

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-32** aprobada por el Secretario de Transportación y Obras Públicas el **16 de mayo de 2011**.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **16 de mayo de 2011**.

Rebeca F. Rojas Colón
Secretaria de la Corporación



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

GOBIERNO DE PUERTO RICO

16 de mayo de 2011

Ing. Rubén A. Hernández Gregorat
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR  00940-2007

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución 9493, autorizó una enmienda a la línea de crédito no rotativa por $300,612,341 de la Autoridad de Carreteras y Transportación (ACT), para incrementarla en $11,552,489 para cubrir el pago de nómina y otros gastos operacionales de la AMA incurridos durante los meses de mayo y junio de 2011.

La aprobación de los desembolsos de financiamiento estará condicionada a los siguientes términos y condiciones:

1. Someter un plan de estabilización fiscal de las operaciones de la AMA y un plan financiero a ser provistos en los próximos 30 días, con el objetivo de implementar iniciativas operacionales para incrementar los ingresos y reducir los gastos operacionales de la AMA sujeto a la ejecución de un "Fiscal Oversight Agreement".

2. Presentar al BGF, dentro de su plan de estabilización para el Año Fiscal 2011-2012, cómo atenderán la precaria situación de la AMA.

3. La ACT deberá presentar al BGF una Resolución de su Junta de Directores autorizando la transacción.

4. La ACT pagará al BGF por los servicios de asesoría financiera acorde con la política vigente a los efectos.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Atentamente,

Javier Ramos Luiña
Vicepresidente Senior

Aceptado por: _____

Fecha: _____

C:   Jesús M. García
     Arnaldo Maestre
     Miriam Pascual

ACT: Carta Compromiso- Aumento de $11,552,489



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

GOBIERNO DE PUERTO RICO

16 de mayo de 2011

Ing. Rubén A. Hernández Gregorat
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR  00940-2007

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución 9494, autorizó una enmienda a la línea de crédito no rotativa por $300,612,341 de la Autoridad de Carreteras y Transportación (ACT), para incrementarla en $69,365,877, a distribuirse como sigue: $4,188,958 para cubrir su necesidad de recursos para los gastos operacionales del año fiscal 2010; $3,122,051 para cubrir su necesidad de recursos para el Programa de Mejoras Capitales (PMC) del año fiscal 2011 y $62,054,868 para cubrir su necesidad de recursos para los gastos operacionales y proyectados para el trimestre de abril a junio de 2011 (año fiscal 2011).

La aprobación de los desembolso del financiamiento estarán condicionados a lo siguiente:

1. Someter al Departamento de Agencia Fiscal del BGF, y cumplir con referente a los siguientes requisitos:

   a) Proveer un plan, en los próximos 30 días, que detalle los informes de PG Engineering sobre el progreso y proceso para agilizar los proyectos de mejoras capitales de la ACT.
   b) Proveer un detalle de cómo las áreas críticas de la ACT se mantendrán proveyendo servicios considerando la reducción de 343 empleados de la nómina.
   c) Cumplir con las condiciones que el Comité Ejecutivo de la Junta de Directores del BGF estableció mediante la Resolución Núm. CE-2011-25 del 5 de abril de 2011.
   d) Revisar sus sistemas de cuentas por pagar para reconciliar los registros de la ACT con los del BGF para que reflejen correctamente los intereses acumulados por los financiamientos que tiene la ACT con el BGF los cuales ascienden a $72.8 millones y no a $30.1 millones como se refleja en los registros de la ACT.
   e) Presentar al BGF un informe del progreso obtenido durante el Año Fiscal 2011 como parte de su plan de estabilización y proveer, además, su plan para el Año Fiscal 2012 incluyendo cómo atenderán la situación precaria de la AMA.
   f) Recomendar que el Consultor de Ingeniería del Banco y el Agente Fiscal del BGF trabajen de la mano para evaluar oportunidades para allegar más fondos federales a la ACT, para optimizar su plan de mejoras de capital y para revisar e implantar efectivamente y sin retrasos el plan de estabilización fiscal de la ACT.



*Carta Compromiso ACT incremento$69,365,877*
*16 de mayo de 2011*
*Página 2*

1. La ACT pagará al BGF por servicios de asesoría financiera acorde con la política vigente a esos efectos.

2. La ACT deberá presentar una Resolución de su Junta de Directores autorizando la transacción.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Atentamente,

Javier Ramos Luiña
Vicepresidente Senior

C:        Jesús García
          Arnaldo Maestre
          Miriam Pascual

Aceptado por: _____

Fecha: _____

**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

**BGF**

GOBIERNO DE PUERTO RICO

16 de mayo de 2011

Ing. Rubén A. Hernández Gregorat
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR  00940-2007

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución 9495,  autorizó una enmienda a la línea de crédito no rotativa por $300,612,341 de la Autoridad de Carreteras y Transportación (ACT), para incrementarla en $21,791,245 hasta un máximo de $403,321,952, según enmendada, para cubrir su necesidad de recursos para el pago de una sentencia judicial a favor de Redondo Construction, (RC).

La aprobación de los desembolsos del financiamiento estarán condicionados a lo siguiente:

1. La ACT deberá proveer evidencia aceptable al BGF de las reclamaciones efectuadas a las compañías de seguro con relación a este caso y de que las mismas no están parcial o completamente cubiertas en las pólizas de la ACT.

2. La ACT deberá proveer al BGF de los detalles específicos de los pleitos de RC contra la ACT, con el fin de evaluar posibles riesgos adicionales a la situación económica y fiscal de esta corporación pública.

3. La ACT pagará al BGF por los servicios de asesoría financiera acorde con la política vigente a esos efectos.

4. La ACT deberá presentar al BGF una Resolución de su Junta de Directores autorizando la transacción.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Atentamente,

Javier Ramos Luiña
Vicepresidente Senior

Aceptado por: _____

Fecha: _____

C:      Jesús M. García
        Arnaldo Maestre
        Miriam Pascual

**BGF** BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO
GOBIERNO DE PUERTO RICO

16 de mayo de 2011

Ing. Rubén A. Hernández Gregorat
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR   00940-2007

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución 9496, aprobó una enmienda a la línea de crédito no rotativa por $300,612,341 de la Autoridad de Carreteras y Transportación (ACT), con el Banco Gubernamental de Fomento para Puerto Rico (BGF), para añadir a los usos del incremento, el propósito de asegurar las embarcaciones existentes de la Autoridad de Transporte Marítimo (ATM), hasta un máximo de $2,700,000.

La aprobación está sujeta a que la ACT presente al BGF lo siguiente:

1.  Un análisis de los estados de valores de las pólizas de seguro de las embarcaciones existentes de la ATM y las condiciones de las embarcaciones existentes de la ATM, con el fin de evaluar la posibilidad de una reducción en la prima.

2.  Un memorando detallado sobre las pólizas de seguro presupuestadas de la ATM y cómo éstas pólizas se han movido dentro del presupuesto. Si estas pólizas no fueron presupuestadas, la ACT deberá explicar las razones por la que no fueron incluidas dentro del presupuesto.

3.  Una resolución de su Junta de Directores aceptando los términos y condiciones establecidos en esta Resolución de la línea de crédito.

4.  La ACT pagará al BGF por los servicios de asesoría financiera acorde con la política vigente a los efectos.

Los demás términos y condiciones del financiamiento aprobados mediante la Resolución Núm. CE-2011-25 de 5 de abril de 2011 y que no estén en contravención con la Resolución 9496, se mantendrán inalterados.

*Carta Compromiso ACT incremento $2,700,000*
*16 de mayo de 2011*
*Página 2*

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia
adjunta y devolverla a nuestras oficinas a la brevedad posible.

Atentamente,

Javier Ramos Luiña
Vicepresidente Senior

C:       *Jesús M. García*
         *Arnaldo Maestre*
         *Miriam Pascual*

Aceptado por

Fecha:



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

BGF
DIV. OBLIGACIONES DE RENTA

2012 JAN 24   PM 2: 47

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2626

20 de enero de 2012

Sra. Jessica Ortiz
Preintervención

P/C Zulema E. Martínez Álvarez
Asesora Legal General

**ACT - Quinta Enmienda a Contrato de Préstamo por $403,321,952**

Le acompaño los siguientes documentos de la línea de crédito en referencia para la custodia en la bóveda principal:

1. *Fifth Amendment to Loan Agreement,* testimonios 623 ante la notaria pública María de Lourdes Rodríguez y 424 ante la notaria pública Zoraya Betancourt Calzada.
2. Certificación de Resolución 9586 de la Junta de Directores del Banco aprobando los términos del financiamiento.
3. Certificación de Resolución 2011-65 de la Autoridad de Carreteras aprobando los términos del financiamiento.
4. Carta Compromiso aceptada por Rubén Hernández Gregorat el 27 de octubre de 2011.

Zoraya Betancourt Calzada
Asesora Legal

rrb

Anejos

c      Miriam Pascual (con anejos)



27841

**FIFTH AMENDMENT TO LOAN AGREEMENT** by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender")

## WITNESSETH

WHEREAS, on August 27, 2010 the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs of certain capital improvements to the Authority's facilities including those incurred or to be incurred in the acquisition, construction, equipping, installation and development of the Capital Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

WHEREAS, the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

WHEREAS, on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215)**, to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on July 12, 2010 between the Bank, the Authority, Puerto Rico Electric Power Authority and the Municipality of Bayamón;

WHEREAS, the First Amendment was evidenced by a First Amendment (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of $7,350,000;

WHEREAS, on February 14, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement (the "Second Amendment") to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND**

**THREE HUNDRED FORTY ONE DOLLARS ($271,912,341),** to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

**WHEREAS,** the Second Amendment was evidenced by a Second Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; a Second Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75, and an additional Promissory Note for the amount of $7,350,000;

**WHEREAS,** on April 28, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement (the "Third Amendment") to increase the total principal amount of the Loan by $28,700,000 for a total maximum amount of **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341).**

**WHEREAS,** the Third Amendment was evidenced by a Promissory Note in the amount of $4,700,000 (the "MBA Note") and a Promissory Note in the amount of $24,000,000 (the "MTA Note").

**WHEREAS,** on May 17, 2011 the Authority and the Bank executed a Fourth Amendment to Loan Agreement (the "Fourth Amendment") to increase the total amount of the Loan to **FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952),** to provide additional resources for the Authority's operational and Capital Improvement Program expenses, to pay a judgment due by the Authority to Redondo Construction Company; to provide additional operational funds to the Metropolitan Bus Authority for Fiscal Year 2011; and to provide authorization to use the maximum amount of $2,700,000, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment to provide financial assistance to the Maritime Transportation Authority, to pay insurance coverage for the vessels used by the Maritime Transportation Authority to provide transportation to the Island Municipalities of Vieques and Culebra;

**WHEREAS,** the Authority has requested that the Loan Agreement be further amended to include additional uses for the $24,000,000 it borrowed from Lender pursuant to the Third Amendment (for financial assistance to the Maritime Transportation Authority), given that the Board of Directors of the Maritime Transportation Authority decided it was not interested in pursuing the concession process of the maritime transportation service presently offered by the Maritime Transportation Authority, as had been planned.

**WHEREAS,** the Bank has consented to the Authority's request, subject to conditions, set forth in Resolution Number 9586, adopted by the Board of Directors of the Bank on August 17, 2011. In Resolution Number 2011-65 issued on October 20, 2011 by the Secretary of Transportation and Public Works, the Authority was authorized to execute the transaction subject to the Bank's conditions.

**NOW, THEREFORE,** in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree to this FIFTH AMENDMENT TO LOAN AGREEMENT, as follows:

1.  Lender consents to and authorizes the inclusion of the following uses among the uses of the amount of $24,000,000 borrowed by the Authority pursuant to the Third Amendment (for financial assistance to the Maritime Transportation Authority):

> (a)  Drafting of a document for "Invitation for Bidding "("IFB") of Operational Support;

> (b)  Support to the Maritime Transportation Authority for analyzing, documenting and solving the issues communicated by the various regulatory agencies that provide federal funds, among others, and which caused the state of emergency in the agency;

> (c)  Support to the Maritime Transportation Authority in making permanent improvements to the internal processes within the agency that result in effective and efficient service, and include the negotiation of the collective agreements to obtain economic and operational efficiencies necessary for the process; and

> (d)  Contracting of one or various suppliers to assist the Maritime Transportation Authority to cover the deficiencies in its services to the citizens of Fajardo, Vieques and Culebra.

2.  The approval of this Fifth Amendment to the Loan Agreement and the disbursement of the funds shall be subject to the following:

> (a)  The Authority will provide the Bank a budget detailing by entry the proposed uses for the $24,000,000 assigned to subsidize the Maritime Transportation Authority; and

> The President of the Bank, or his designee, will review the budget submitted and the disbursements will be made after approval thereof.

(c)    All other terms and conditions of the financing not inconsistent with the Resolution 9586 issued by the Bank's Board of Directors, will remain unaltered.

3.   The parties agree that this Fifth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Notes, all as amended, and that all provisions therein not inconsistent with this Fifth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

4.   The rights and obligations of the parties to this Fifth Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

5.   Pursuant to Resolution Number and 9586, adopted by the Board of Directors of the Bank on August 17, 2011 in connection with this Fifth Amendment to Loan Agreement, this Fifth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

6.   In the event that any provision of this Fifth Amendment to Loan Agreement is held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

7.   This Fifth Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

## [PAGE LEFT BLANK INTENTIONALLY]





27768

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Fifth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
José R. Otero-Freiría
Executive Vice President

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority

Testimony No. 623

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Executive Director of the Puerto Rico Highway and Transportation Authority and Secretary of Transportation and Public Works, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on October 27, 2011.

_____
Notary Public

Testimony No. 424

Recognized and subscribed before me by José R. Otero Freiría, of legal age, married, and resident of Dorado, Puerto Rico, as Executive Vice President of Financing of the Government Development Bank for Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on October 20, 2011.

_____
Notary Public

27768

**Junta de Directores**



**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 721-3360
Facsímil (787) 728-6001

## CERTIFICACIÓN

Yo, **ZULEMA E. MARTÍNEZ ALVAREZ**, Secretaria de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 9586** fue adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión convocada y celebrada el 17 de agosto de 2011.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 9586

**AUTORIZAR UNA ENMIENDA AL FINANCIAMIENTO POR $403,321,952 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, PARA AÑADIR VARIOS PROPÓSITOS EN LA PARTIDA ASIGNADA AL SUBSIDIO DE LA AUTORIDAD DE TRANSPORTE MARÍTIMO HASTA UN MÁXIMO DE $24,000,000.**

**POR CUANTO**, el Banco Gubernamental de Fomento para Puerto Rico (BGF), autorizó el 5 de abril de 2011 en su Resolución Núm. CE-2011-25, enmendar el Contrato de Préstamo vigente, para incrementar por $24,000,000 la línea de crédito de $276,612,341, hasta un máximo de $300,612,341, y cuyo balance actual es de $403,321,952, que la Autoridad de Carreteras y Transportación (ACT) tiene con el BGF, para que la Autoridad de Transporte Marítimo (ATM) pueda formalizar el Contrato con una entidad privada para operar el sistema de Fajardo a Vieques y Culebra, luego de declarar en Estado de Emergencia el servicio de transportación marítima para las Islas Municipios de Vieques y Culebra y un Estado de Emergencia Fiscal para la ATM;

**POR CUANTO**, el BGF aprobó enmendar la Resolución Núm. CE-2011-25 mediante la Resolución 9496, para añadir a los usos del incremento el propósito de asegurar las embarcaciones existentes de la ATM hasta un máximo de $2,700,000;

30000

Resolución 9586
Página 2

POR CUANTO, la ACT le solicita al BGF enmendar el financiamiento vigente por $403,321,952, para que los fondos asignados al subsidio de la Autoridad de Transporte Marítimo (ATM) se puedan utilizar para otros propósitos, tales como:

- Redacción de un documento de "Invitation for Bidding"("IFB") de Apoyo Operacional.

- Apoyo a ATM para analizar, documentar y solucionar los señalamientos planteados por las diferentes autoridades reguladoras que proveen fondos federales, entre otros, y que ocasionaron el Estado de Emergencia en la Agencia.

- Apoyo a ATM para realizar mejoras permanentes en los procesos internos de la Agencia que redunden en un servicio eficaz y eficiente, que incluye asistencia en la negociación de los Convenios Colectivos para obtener eficiencias económicas y operacionales necesarias para el proceso.

- Contratación de uno o varios suplidores que ayuden a la ATM a cubrir las deficiencias en sus servicios a los ciudadanos de Fajardo, Vieques y Culebra.

POR CUANTO, la Junta de Directores de la ATM decidió que no interesaba continuar con el proceso de concesionar el servicio de transporte marítimo que actualmente ofrece la ATM, según se había planeado;

POR CUANTO, el BGF está en disposición de proveer la enmienda solicitada, sujeto a ciertos términos y condiciones.

POR TANTO, RESUÉLVASE, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar una enmienda al financiamiento por $403,321,952 de la Autoridad de Carreteras y Transportación con el Banco Gubernamental de Fomento para Puerto Rico, para añadir los siguientes propósitos en la partida asignada al subsidio de la Autoridad de Transporte Marítimo, hasta un máximo de $24,000,000:

1. Redacción de un documento de "Invitation for Bidding"("IFB") de Apoyo Operacional.

2. Apoyo a ATM para analizar, documentar y solucionar los señalamientos planteados por las diferentes autoridades reguladoras que proveen fondos federales, entre otros, y que ocasionaron el Estado de Emergencia en la Agencia.

3. Apoyo a ATM para realizar mejoras permanentes en los procesos internos de la Agencia que redunden en un servicio eficaz y eficiente, que incluye asistencia en la negociación de los Convenios Colectivos para obtener eficiencias económicas y operacionales necesarias para el proceso.

4. Contratación de uno o varios suplidores que ayuden a la ATM a cubrir las deficiencias en sus servicios a los ciudadanos de Fajardo, Vieques y Culebra.

Resolución 9586
Página 3

**RESUÉLVASE, ADEMÁS,** que la aprobación de la enmienda y desembolso de esta partida estarán sujetas a lo siguiente:

1. La ACT someterá al BGF un presupuesto detallando por partida de los usos propuestos correspondientes a los $24,000,000 asignados para subsidiar la ATM.

2. El Presidente del BGF, o a quién éste delegue, revisará el presupuesto sometido y luego de aprobados se podrá proceder a tramitar los desembolsos correspondientes.

3. Los demás términos y condiciones del financiamiento, y que no estén en contravención con esta Resolución, se mantendrán inalterados.

4. Se requerirá a la ACT una resolución conjunta de su Junta de Directores aceptando los términos y condiciones establecidos por el BGF.

Esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la Regulación del Departamento del Tesoro Federal (U.S. Treasury Department Regulation Section 1.150-2).

**Y PARA QUE ASI CONSTE,** suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy 20 de septiembre de 2011.

**ZULEMA E. MARTÍNEZ ALVAREZ
SECRETARIA**

(SELLO)

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN

RESOLUCIÓN NÚM. 2011-65

**PARA ENMENDAR LA RESOLUCIÓN 2011-23 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN Y AUTORIZAR UNA ENMIENDA AL FINANCIAMIENTO POR $403,321,952 CON EL BANCO GUBERNAMENTAL DE FOMENTO, PARA AÑADIR VARIOS PROPOSITOS EN LA PARTRIDA ASIGNADA AL SUBSIDIO DE LA AUTORIDAD DE TRANSPORTE MARÍTIMO HASTA UN MÁXIMO DE $24,000,000**

Yo, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, en el ejercicio de facultades y poderes que me confiere la Ley Numero 74 de 23 junio de 1965, según enmendada, el Plan de Reorganización Numero 6 de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones adoptadas a su amparo, EXPONGO:

POR CUANTO: El 19 de abril de 2011 emití la Resolución Núm. 2011-23 de la Autoridad de Carreteras y Transportación mediante la cual autoricé un incremento de $24,000,000 al Contrato de Préstamo de la Autoridad de Carreteras y Transportación con el Banco Gubernamental de Fomento, otorgado originalmente el 27 de enero de 2010, según enmendado, a utilizarse para que la Autoridad de Transporte Marítimo (ATM) formalizara un contrato con una entidad privada para operar el sistema de Fajardo a Vieques y Culebra.

POR CUANTO: El aumento antes mencionado fue aprobado por la Junta de Directores del BGF el 5 de abril de 2011, mediante la Resolución Núm. CE-2011-25, mediante la cual el BGF autorizó enmendar el referido Contrato de Préstamo, según enmendado, para incrementar por $24,000,000 la suma del principal.

POR CUANTO: Actualmente, el principal de la línea de crédito objeto del referido Contrato de Préstamo, según enmendado, asciende a $403,321,952.

POR CUANTO: La ACT necesita y por tanto le solicitó al BGF enmendar el Contrato de Préstamo, según enmendado, para que los fondos asignados al subsidio de la ATM ($24,000,000) puedan ser utilizados para otros propósitos, tales como, redacción del "Invitation for Bidding ("IFB")" de Apoyo Operacional, apoyo a la ATM para analizar, documentar y solucionar los señalamientos planteados por las diferentes autoridades reguladoras que proveen fondos federales, apoyo a la ATM para realizar mejoras permanentes en los procesos internos de la Agencia y contratación de uno o varios suplidores que ayuden a la ATM a cubrir las deficiencias en sus servicios a los ciudadanos de Fajardo, Vieques y Culebra.

POR CUANTO: El BGF autorizó la enmienda en la Resolución 9586 de 17 de agosto de 2011, sujeto a ciertas condiciones, entre las cuales, que la ACT le someta un presupuesto detallando por partida los usos propuestos correspondientes a los $24,000,000 asignados para subsidiar a la ATM, el presupuesto será revisado por el Presidente del BGF o su representante autorizado quien luego de aprobar el mismo autorizará el trámite de los desembolsos correspondientes.

POR TANTO: Yo, **RUBÉN A. HERNÁNDEZ GREGORAT**, Secretario de Transportación y Obras Públicas, en virtud de los poderes inherentes a mi cargo, RESUELVO:



1. Enmendar la Resolución 2011-23 para que los fondos asignados al subsidio de la ATM ($24,000,000) puedan ser utilizados para otros propósitos, tales como, redacción del "Invitation for Bidding ("IFB")" de Apoyo Operacional, apoyo a la ATM para analizar, documentar y solucionar los señalamientos planteados por las diferentes autoridades reguladoras que proveen fondos federales, apoyo a la ATM para realizar mejoras permanentes en los procesos internos de la Agencia y contratación de uno o varios suplidores que ayuden a la ATM a cubrir las deficiencias en sus servicios a los ciudadanos de Fajardo, Vieques y Culebra.

2. Autorizar a la ACT a negociar y ejecutar cualquier documento que sea necesario y requerido por el BGF para enmendar el antes mencionado Contrato de Préstamo, según enmendado, incluyendo cualquier contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos; y otorgar la enmienda al Contrato de Préstamo, según enmendado, con las condiciones que tenga a bien establecer el BGF como requisito para su validez, y con las

condiciones dispuestas por el BGF en la Resolución 9586 emitida por su Junta de Directores el 17 de agosto de 2011.

3.  Los demás términos y condiciones de la Resolución 2011-23 se mantendrán inalterados.

4.  Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan de Puerto Rico, a 20 de Octubre de 2011.

RUBÉN A. HERNÁNDEZ GREGORAT, MEM, PE
Secretario de Transportación y Obras Públicas

Certifico:

REBECA F. ROJAS COLÓN
Secretaria de la Corporación

**CERTIFICACIÓN**

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2011-65** aprobada por el Secretario de Transportación y Obras Públicas el **20 de octubre de 2011**.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **21 de octubre de 2011**.

Rebeca Rojas Colón
Secretaria de la Corporación



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

27 de octubre de 2011

PO Box 42001
San Juan, PR 00940-2001
Teléfono (767) 722-2525

Ing. Rubén Hernández
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR  00940-2007

Estimado ingeniero Hernández:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), mediante su Resolución 9586, aprobó una enmienda al financiamiento por $403,321,952 de la Autoridad de Carreteras y Transportación (ACT), para añadir varios propósitos en la partida asignada al subsidio de la Autoridad de Transporte Marítimo hasta un máximo de $24,000,000.

Esta enmienda está sujeta a los siguientes términos y condiciones:

1. Redacción de un documento de "Invitation for Bidding" ("IFB") de Apoyo Operacional.

2. Apoyo a ATM para analizar, documentar y solucionar los señalamientos planteados por las diferentes autoridades reguladoras que proveen fondos federales, entre otros, y que ocasionaron el Estado de Emergencia en la Agencia.

3. Apoyo a la ATM para realizar mejoras permanentes en los procesos internos de la Agencia que redunden en un servicio eficaz y eficiente, que incluye asistencia en la negociación de los Convenios Colectivos para obtener eficiencias económicas y operacionales necesarias para el proceso.

4. Contratación de uno o varios suplidores que ayuden a la ATM a cubrir las deficiencias en sus servicios a los ciudadanos de Fajardo, Vieques y Culebra.

Además, la aprobación de la enmienda y desembolso de esta partida estarán sujetas a lo siguiente:

1. La ACT someterá al BGF un presupuesto detallando por partida de los usos propuestos correspondientes a los $24,000,000 asignados para subsidiar la ATM.

2. El Presidente del BGF, o a quien éste delegue, revisará el presupuesto sometido y luego de aprobados se podrá proceder a tramitar los desembolsos correspondientes.

*Carta Compromiso ACT $403,321,952 (enmendar)*
*27 de octubre de 2011*
*Página 2*

3. Los demás términos y condiciones del financiamiento, y que no estén en contravención con esta Resolución, se mantendrán inalterados.

4. Se requerirá a la ACT una resolución conjunta de su Junta de Directores aceptando los términos y condiciones establecidas por el BGF.

Se incluye la Resolución 9586 como parte de esta carta, la cual manifiesta el compromiso del BGF en otorgar la enmienda al financiamiento antes mencionado.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Atentamente,

Arnaldo Maestre Pujals
Ejecutivo de Cuenta Senior

*Anejo*

c: *Sr. Javier Ramos Luiña*
   *Sr. Jesús M. García*
   *Sra. Miriam Pascual*

ACEPTADO:

FIRMA: _____

FECHA: 10/27/11

**BANCO**
**GUBERNAMENTAL**
**DE FOMENTO PARA**
**PUERTO RICO**

BGF
DIV. OBLIGACIONES **BGF**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

20 de marzo de 2012

2012 MAR 20 AM 11: 24

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

Sra. Jessica Ortiz
Pre intervención

P/C   Lcda. María de Lourdes Rodríguez
Oficina de Asesoramiento Legal

**Enmienda a la Línea de Crédito de la Autoridad de Carreteras y Transportación por $403,321,952 – correspondiente a la partida asignada a la Autoridad de Transportación Marítima hasta un máximo de $24,000,000**

Se acompañan los siguientes documentos legales de la línea de crédito en asunto otorgada el 19 de marzo de 2012 para su resguardo en la bóveda:

1. *Sixth Amendment to Loan Agreement* suscrito por Rubén A. Hernández Gregorat, Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico (DTOP) y Director Ejecutivo de la Autoridad de Carreteras y Transportación (ACT) y por José R. Otero Freiría, Vicepresidente Ejecutivo y Director del Área de Financiamiento del Banco Gubernamental de Fomento para Puerto Rico (BGF), Testimonio 656 y 657.

2. Certificación de la Resolución CE-2012-25 del Comité Ejecutivo de la Junta de Directores del BGF aprobada en reunión convocada y celebrada el 16 de marzo de 2012.

3. Certificación de la Resolución 2012-13 aprobada por Rubén A. Hernández Gregorat, Secretario del DTOP y Director Ejecutivo de la ACT el 19 de marzo de 2012.

4. Carta compromiso aceptada por Rubén A. Hernández Gregorat, Secretario del DTOP y Director Ejecutivo de la ACT.

Marguileán Rivera Amill
Asesora Legal

Anejos

c   ~~████████████~~
Sr. Héctor Betancourt (con Anejos)
Sr. Javier Ramos (con Anejos)

## SIXTH AMENDMENT TO LOAN AGREEMENT

**SIXTH AMENDMENT TO LOAN AGREEMENT** by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

**WHEREAS,** on August 27, 2010, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs  of certain capital improvements to the Authority's facilities including those incurred or to be incurred in the acquisition, construction, equipping, installation and development of the Capital Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS,** the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

**WHEREAS,** on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215),** to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on July 12, 2010 between the Bank, the Authority, Puerto Rico Electric Power Authority and the Municipality of Bayamón;

**WHEREAS,** the First Amendment was evidenced by a First Amendment (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of  $7,350,000;

**WHEREAS,** on February 14, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement (the "Second Amendment") to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($271,912,341),** to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

**WHEREAS,** the Second Amendment was evidenced by a Second Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; a Second Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75, and an additional Promissory Note for the amount of $7,350,000;

**WHEREAS,** on April 28, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement (the "Third Amendment") to increase the total principal amount of the Loan by $28,700,000 for a total maximum amount of **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341).**

**WHEREAS,** the Third Amendment was evidenced by a Promissory Note in the amount of $4,700,000 (the "MBA Note") and a Promissory Note in the amount of $24,000,000 (the "MTA Note").

**WHEREAS,** on May 17, 2011 the Authority and the Bank executed a Fourth Amendment to Loan Agreement (the "Fourth Amendment") to increase the total amount of the Loan to **FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952),** to provide additional resources for the Authority's operational and Capital Improvement Program expenses, to pay a judgment due by the Authority to Redondo Construction Company; to provide additional operational funds to the Metropolitan Bus Authority for Fiscal Year 2011; and to provide authorization to use the maximum amount of $2,700,000, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment to provide financial assistance to the Maritime Transportation Authority, to pay insurance coverage for the vessels used by the Maritime Transportation Authority to provide transportation to the Island Municipalities of Vieques and Culebra;



**WHEREAS,** on January 20, 2012, the Authority and the Bank executed a Fifth Amendment to Loan Agreement (the "Fifth Amendment") to include the following additional uses for the $24,000,000 it borrowed from Lender pursuant to the Third Amendment: (a) drafting of a document for "Invitation for Bidding "("IFB") of Operational Support; (b) support to the Maritime Transportation Authority for analyzing, documenting and solving the issues communicated by the various

28261

regulatory agencies that provide federal funds, among others, and which caused the state of emergency in the agency; (c) support to the Maritime Transportation Authority in making permanent improvements to the internal processes within the agency  that result in effective and efficient service, and include the negotiation of the collective agreements to obtain economic and operational efficiencies necessary for the process; and, (d) contracting of one or various suppliers to assist the Maritime Transportation Authority to cover the deficiencies in its services to the citizens of Fajardo, Vieques  and Culebra.

**WHEREAS,** the Authority has furthermore requested to use the maximum amount of $2,680,518.62  from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment, to pay the current insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra, and for the payment of the endorsement of the National Guard vessels for the year 2011.

**WHEREAS,** the Bank has consented to the Authority's requests, subject to conditions, set forth in Resolution Number CE-2012-25, adopted by the Board of Directors of the Bank on March 16, 2012.

**NOW, THEREFORE,** in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree to this SIXTH AMENDMENT TO LOAN AGREEMENT, as follows:

1.   Lender consents to and authorizes the use of the maximum amount of $2,680,518.62 from the $24,000,000 borrowed by the Authority pursuant to the Third Amendment to Loan Agreement, in order to assist the MTA to pay the current insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra, and for the payment of the endorsement of the National Guard vessels for the year 2011. Accordingly, Lender consents to amending Lender Resolution Number 9586, adopted by the Board of Directors of the Bank on August 17, 2011, to permit the use of funds as set forth in this numbered paragraph 1.

2.   The Authority must establish a reserve in the amount of $160,000 within this line of credit for the cancellation of an expired credit line of the MTA with the Bank, which may be released in the event that funds are allocated for cancellation through the General Fund of the Government of Puerto Rico for the Fiscal Year 2012-2013.

3.   In the eventuality that MTA regains interest in continuing with the concession of the maritime transportation service that it currently provides, the remaining funds may be reprogrammed for this purpose.

28261

4.   The parties agree that this Sixth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Notes, all as amended, and that all provisions therein not inconsistent with this Sixth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

5.   The rights and obligations of the parties to this Sixth Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

6.   Pursuant to Resolution Number CE-2012-25, adopted by the Board of Directors of the Bank on March 16, 2012 in connection with this amendment, this Sixth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

7.   In the event that any provision of this Sixth Amendment to Loan Agreement is held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

8.   This Sixth Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

[ SIGNATURE PAGE FOLLOWS]



28261

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Sixth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
|---|---|
| By: _____ <br> José R. Otero-Freiría <br> Executive Vice President | By: _____ <br> Rubén A. Hernández Gregorat <br> Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority |

Testimony No. 656

Recognized and subscribed before me by Rubén A. Hernández Gregorat, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on March 19, 2012.



_____
Notary Public

Testimony No. 657

Recognized and subscribed before me by José R. Otero Freiría, of legal age, married, and resident of Dorado, Puerto Rico, as Executive Vice President of Financing, personally known to me.

In San Juan, Puerto Rico, on March 19, 2012.

_____
Notary Public

28261

Junta de Directores

**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
BGF   PUERTO RICO**

ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 721-3360
Facsímil (787) 726-5001

## CERTIFICACIÓN

Yo, **ZULEMA E. MARTÍNEZ ÁLVAREZ**, Secretaria del Comité Ejecutivo de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución CE-2012-25** fue adoptada por el Comité Ejecutivo de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión convocada y celebrada el 16 de marzo de 2012.

**CERTIFICO, ADEMÁS,** que dicha Resolución no ha sido derogada, revocada o anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN CE-2012-25

**AUTORIZAR UNA ENMIENDA AL FINANCIAMIENTO POR $403,321,952 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, PARA ENMENDAR LOS PROPÓSITOS EN LA PARTIDA ASIGNADA AL SUBSIDIO DE LA AUTORIDAD DE TRANSPORTE MARÍTIMO, HASTA UN MÁXIMO DE $24,000,000.**

**POR CUANTO,** el Banco Gubernamental de Fomento para Puerto Rico (BGF), autorizó el 5 de abril de 2011, en su Resolución Núm. CE-2011-25, enmendar el contrato de préstamo vigente para incrementar por $24,000,000 la línea de crédito de $276,612,341, hasta un máximo de $300,612,341 y cuyo balance actual es de $403,321,952, que la Autoridad de Carreteras y Transportación (ACT) tiene con el BGF para que la Autoridad de Transporte Marítimo (ATM) pueda formalizar el contrato con una entidad privada para operar el sistema de Fajardo a Vieques y Culebra, luego de declarar en Estado de Emergencia el servicio de transportación marítima para las Islas Municipios de Vieques y Culebra y un Estado de Emergencia Fiscal para la ATM;

**POR CUANTO,** el BGF aprobó enmendar la Resolución CE-2011-25, mediante la Resolución Núm. 9496, para añadir a los usos del incremento, el propósito de asegurar las embarcaciones existentes de la ATM para el año 2011, hasta un máximo de $2,700,000;

32026

POR CUANTO, el BGF aprobó enmendar el financiamiento vigente por $403,321,952 de la ACT, mediante la Resolución Núm. 9586, para que los fondos asignados al subsidio de la ATM se puedan utilizar para otros propósitos, tales como:

- Redacción de un documento de *Invitation for Bidding* (IFB) de Apoyo Operacional.

- Apoyo a ATM para analizar, documentar y solucionar los señalamientos planteados por las diferentes autoridades reguladoras que proveen fondos federales, entre otros, y que ocasionaron el "estado de emergencia" en la agencia.

- Apoyo a ATM para realizar mejoras permanentes en los procesos internos de la agencia que redunden en un servicio eficaz y eficiente, que incluye asistencia en la negociación de los Convenios Colectivos para obtener eficiencias económicas y operacionales necesarias para el proceso.

- Contratación de uno o varios suplidores que ayuden a la ATM a cubrir las deficiencias en sus servicios a los ciudadanos de Fajardo, Vieques y Culebra;

POR CUANTO, la ATM no cuenta con los recursos económicos para cumplir con el pago de las pólizas de seguro de las embarcaciones correspondientes al año 2012 más el endoso de las embarcaciones a la Guardia Nacional del año 2011 que ascienden a $2,680,518.62;

POR CUANTO, el BGF está en disposición de proveer la enmienda solicitada, sujeto a ciertos términos y condiciones.

POR TANTO, RESUÉLVASE, por el Comité Ejecutivo de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, aprobar las siguientes enmiendas al financiamiento por $403,321,952 de la Autoridad de Carreteras y Transportación con el Banco Gubernamental de Fomento para Puerto Rico, correspondientes a la partida asignada al subsidio de la Autoridad de Transporte Marítimo, hasta un máximo de $24,000,000:

1. Aprobar el presupuesto enmendado y sometido al BGF correspondiente al subsidio de $24 millones a la ATM.

2. Autorizar el cambio de uso de los fondos remanentes de esta partida en el préstamo de ACT por $403,321,952, para que de los fondos asignados al subsidio de la ATM se puedan desembolsar $2,680,518.62 para pagar la póliza de seguro del año 2012 de las embarcaciones de ATM más el endoso de las embarcaciones de la Guardia Nacional del año 2011, según solicitado.

3. El Presidente del BGF, o a quien éste delegue, podrá revisar y enmendar el presupuesto sometido correspondiente a la partida del subsidio a la ATM y luego de aprobado se podrá proceder a tramitar cualquier desembolso correspondiente.

4. La ACT deberá establecer una reserva por $160,000 para la cancelación de una línea de crédito vencida de la ATM con el BGF. La misma se podrá liberar en el caso de que se asignen los fondos para su cancelación a través del Presupuesto del

Fondo General 2012-2013 del Gobierno de Puerto Rico para el pago de servicio de la deuda.

5. En la eventualidad de que la ATM interese nuevamente continuar con el proceso de concesionar el servicio de transporte marítimo que actualmente ofrece, los fondos remanentes se podrán reprogramar para este propósito.

Los demás términos y condiciones del financiamiento y que no estén en contravención con esta Resolución, se mantendrán inalterados.

Se requerirá a la ACT la firma de una resolución aceptando los términos y condiciones establecidos por el BGF.

Esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

**PARA QUE ASÍ CONSTE,** suscribo y estampo el sello corporativo del

Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy

19 de marzo de 2012.

ZULEMA E. MARTÍNEZ ÁLVAREZ
SECRETARIA

(SELLO)

**BGF**
BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO
ESTADO LIBRE ASOCIADO DE PUERTO RICO

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2526

19 de marzo de 2012

Ing. Rubén A. Hernández Gregorat
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR  00940-2007

Estimado ingeniero Hernández:

El Comité Ejecutivo del Banco Gubernamental de Fomento para Puerto Rico (BGF),  mediante su Resolución CE-2012-25, aprobó su solicitud de enmienda al financiamiento por $403,321,952 que la Autoridad de Carreteras y Transportación (ACT) mantiene con el Banco Gubernamental de Fomento para Puerto Rico, correspondiente a la partida asignada al subsidio a la Autoridad de Transporte Marítimo, hasta un máximo de $24,000,000.

Se le incluye la Resolución CE-2012-25 como parte de esta carta, la cual manifiesta los términos y condiciones de aprobación bajo los cuales el BGF se compromete otorgar la enmienda de este financiamiento por $24,000,000.  Los demás términos y condiciones del financiamiento, que no estén en contravención con esta Resolución, se mantendrán inalterados.  Se requerirá a la ACT la firma de una resolución del Secretario del Departamento de Transportación y Obras Publicas aceptando los términos y condiciones establecidos por el BGF.

De estar de acuerdo con los términos y condiciones establecidos en la Resolución CE-2012-25,  favor de firmar la copia adjunta y devolverla a nuestras oficinas a la brevedad posible.

Cordialmente,

Jesus M. García
Vicepresidente
Financiamiento Público

*Anejos*

*Recibido y aceptado*

*3/19/12*

Case:17-03283-LTS Doc#:16276 Entered:03/31/21 22:38:21 Desc:

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN

### RESOLUCIÓN NÚM. 2012-13

PARA AUTORIZAR UNA ENMIENDA AL FINANCIAMIENTO POR $403,321,952 DE LA
AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL
DE FOMENTO PARA PUERTO RICO, PARA ENMENDAR LOS PROPÓSITOS EN LA PARTIDA
ASIGNADA AL SUBSIDIO DE LA AUTORIDAD DE TRANSPORTE MARÍTIMO, HASTA UN
MÁXIMO DE $24,000,000.

Yo, RUBÉN A. HERNÁNDEZ GREGORAT, Secretario del Departamento de Transportación y Obras
Públicas del Estado Libre Asociado de Puerto Rico, en el ejercicio de facultades y poderes que me confiere la Ley
Numero 74 de 23 junio de 1965, según enmendada, el Plan de Reorganización Numero 6 de 1971, efectivo el 2 de
enero de 1973, y las reglas, reglamentos y resoluciones adoptadas a su amparo, EXPONGO:

POR CUANTO, la Autoridad de Carreteras y Transportación (ACT) solicitó y el Banco Gubernamental de
Fomento para Puerto Rico (BGF), autorizó, el 5 de abril de 2011, en su Resolución Núm. CE-2011-25, enmendar el
contrato de préstamo vigente para incrementar por $24,000,000 la línea de crédito de $276,612,341, hasta un
máximo de $300,612,341 y cuyo balance actual es de $403,321,952, que la ACT tiene con el BGF para que la
Autoridad de Transporte Marítimo (ATM) pueda formalizar el contrato con una entidad privada para operar el sistema
de Fajardo a Vieques y Culebra, luego de declarar en Estado de Emergencia el servicio de transportación marítima
para las Islas Municipios de Vieques y Culebra y un Estado de Emergencia Fiscal para la ATM;

POR CUANTO, la ACT solicitó y el BGF aprobó, enmendar la Resolución CE-2011-25, mediante la
Resolución Núm. 9496, para añadir a los usos del incremento, el propósito de asegurar las embarcaciones
existentes de la ATM para el año 2011, hasta un máximo de $2,700,000;

POR CUANTO, la ACT solicitó y el BGF aprobó, enmendar el financiamiento vigente por $403,321,952 de
la ACT, mediante la Resolución Núm. 9586, para que los fondos asignados al subsidio de la ATM se puedan utilizar
para otros propósitos, tales como:

- Redacción de un documento de *Invitation for Bidding* (IFB) de Apoyo Operacional.

- Apoyo a ATM para analizar, documentar y solucionar los señalamientos planteados por las diferentes
  autoridades reguladoras que proveen fondos federales, entre otros, y que ocasionaron el "estado de
  emergencia" en la agencia.

- Apoyo a ATM para realizar mejoras permanentes en los procesos internos de la agencia que redunden en
  un servicio eficaz y eficiente, que incluye asistencia en la negociación de los Convenios Colectivos para
  obtener eficiencias económicas y operacionales necesarias para el proceso.

- Contratación de uno o varios suplidores que ayuden a la ATM a cubrir las deficiencias en sus servicios a
  los ciudadanos de Fajardo, Vieques y Culebra;

POR CUANTO, la ATM no cuenta con los recursos económicos para cumplir con el pago de las pólizas de
seguro de las embarcaciones correspondientes al año 2012 más el endoso de las embarcaciones de la Guardia
Nacional del año 2011, que ascienden a $2,680,518.62, por lo que ACT solicitó y el BGF autorizó, mediante la
Resolución CE-2012-25 de 16 de marzo de 2012, el pago de las pólizas de los seguros de las embarcaciones de la
línea de crédito para apoyo operacional a ATM, bajo los siguientes términos y condiciones:



1. Se aprueba el presupuesto enmendado y sometido al BGF correspondiente al subsidio de $24 millones
   a la ATM.

2. Se autoriza el cambio de uso de los fondos remanentes de esta partida en el préstamo de ACT por
   $403,321,952, para que de los fondos asignados al subsidio de la ATM se puedan desembolsar
   $2,680,518.62 para pagar la póliza de seguro del año 2012 de las embarcaciones de ATM más el
   endoso de las embarcaciones de la Guardia Nacional del año 2011, según solicitado.

3. El Presidente del BGF, o a quien éste delegue, podrá revisar y enmendar el presupuesto sometido
   correspondiente a la partida del subsidio a la ATM y luego de aprobado se podrá proceder a tramitar
   cualesquier desembolso correspondiente.

4. La ACT deberá establecer una reserva por $160,000 para la cancelación de una línea de crédito
   vencida de la ATM con el BGF. La misma se podrá liberar en el caso de que se asignen los fondos
   para su cancelación a través del Presupuesto del
   Fondo General 2012-2013 del Gobierno de Puerto Rico para el pago de servicio de la deuda.

Case:17-03283-LTS   Doc#:16276-12   Filed:03/31/21   Entered:03/31/21 22:38:21   Desc:
Exhibit A7-12 Page 149 of 228

5. En la eventualidad de que la ATM interese nuevamente continuar con el proceso de concesionar el servicio de transporte marítimo que actualmente ofrece, los fondos remanentes se podrán reprogramar para este propósito.

6. Se mantienen inalterados los demás términos y condiciones del financiamiento y que no estén en contravención con la Resolución CE-2012-25.

7. La ACT debe emitir una resolución aceptando los términos y condiciones establecidos por el BGF.

**POR TANTO:** Yo, RUBÉN A. HERNÁNDEZ GREGORAT, Secretario de Transportación y Obras Públicas, en virtud de los poderes inherentes a mi cargo, RESUELVO:

1. Aceptar y autorizar los términos y condiciones establecidos por el BGF mediante la Resolución CE-2012-25 aprobada por su Junta de Directores el 16 de marzo de 2012.

2. Aprobar las enmiendas al financiamiento por $403,321,952 de la ACT con el BGF, correspondientes a la partida asignada al subsidio de la ATM, hasta un máximo de $24,000,000, para autorizar el cambio de uso de los fondos remanentes de esta partida en el préstamo de ACT por $403,321,952, para que de los fondos asignados al subsidio de la ATM se puedan desembolsar $2,680,518.62 para pagar la póliza de seguro del año 2012 de las embarcaciones de ATM más el endoso de las embarcaciones de la Guardia Nacional del año 2011, según solicitado.

3. Se autoriza a la ACT a establecer una reserva por $160,000 para la cancelación de una línea de crédito vencida de la ATM con el BGF. La misma se podrá liberar en el caso de que se asignen los fondos para su cancelación a través del Presupuesto del Fondo General 2012-2013 del Gobierno de Puerto Rico para el pago de servicio de la deuda.

4. Autorizar a la ACT a negociar y ejecutar cualquier documento que pueda ser necesario y requerido por el BGF para el financiamiento concedido de la línea de crédito, incluyendo cualquier contrato, pagaré, instrumento público o escritura, cuyo otorgamiento por el suscribiente será evidencia irrevocable de su aprobación a los términos y condiciones finales allí incluidos;

5. Autorizar a que en la eventualidad de que la ATM interese nuevamente continuar con el proceso de concesionar el servicio de transporte marítimo que actualmente ofrece, los fondos remanentes se podrán reprogramar para este propósito.

6. Esta resolución tendrá vigencia inmediata luego de su aprobación.

En San Juan de Puerto Rico, a 19 de marzo de 2012.

RUBÉN A. HERNÁNDEZ GREGORAT, MEM, PE
Secretario de Transportación y Obras Públicas

Certifico:

Lcda. Rebeca F. Rojas Colón
Secretaria de la Corporación

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Secretaria de la Autoridad de Carreteras y Transportación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2012-13** aprobada por el Secretario de Transportación y Obras Públicas el **19 de marzo de 2012.**

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy **19 de marzo de 2012.**

Rebeca Rojas Colón
Secretaria de la Corporación

PUERTO RICO

Banco Gubernamental de Fomento
para Puerto Rico

BGF
DIV. OBLIGACIONES DE RENTA.

RECEIVED
DEPTO. PREINTERVENCION

13 AUG 29 PM 4:00        13 AUG 29 PM 3:58

29 de agosto de 2013

Sra. Jessica Ortiz
Gerente
Preintervención

P/C:   Lcda. María de Lourdes Rodríguez
       Oficina de Asesoramiento Legal

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO**
**LÍNEA DE CRÉDITO POR $403,321,952**

Le hacemos llegar los documentos legales de la séptima enmienda a la línea de crédito en referencia para ser guardados en la bóveda junto con los demás documentos relacionados a este financiamiento:

1. Original del *Seventh Amendment to Loan Agreement,* suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico (ACT) y por Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico (BGF), Affidávit Núm. 550 y 551, respectivamente.

2. Original del *Fourth Amendment to Promissory Note (Allonge)* por $127,714,461.25, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 544.

3. Original del *Fourth Amendment to Promissory Note (Allonge)* por $206,213,756.75, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 545.

4. Original del *First Amendment to Promissory Note (Allonge)* por $7,350,00.00, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 546.

5. Original del *Second Amendment to Promissory Note (Allonge)* por $16,252,489.00, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 547.

6. Original del *First Amendment to Promissory Note (Allonge)* por $24,000,000.00, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 548.

**BGF**   BANCO
          GUBERNAMENTAL
          DE FOMENTO PARA
          PUERTO RICO

- 2 -

7. Original del *First Amendment to Promissory Note (Allonge)* por $21,791,245.00, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 549.

8. Certificación de la Resolución 10001 suscrita el 24 de julio de 2013 por Zoraya Betancourt Calzada en su capacidad de Secretaria Auxiliar de la Junta de Directores del BGF, adoptada en reunión convocada y celebrada el 17 de julio de 2013.

9. Certificación de la Resolución Núm. 2013-37 suscrita el 16 de agosto de 2013 por por Miguel A. Torres Díaz, Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico y certificada por Antonio Adrover Robles en su capacidad de Secretario de la ACT, el 20 de agosto de 2013.

10. Copia de la carta compromiso firmada por Jesús M. García Rivera, Vicepresidente de la División de Obligaciones de Renta del BGF y aceptada por Javier E. Ramos Hernández, Director Ejecutivo de la ACT el 28 de agosto de 2013.

Agradeceremos que estos documentos se incorporen al contrato original y que se aseguren de engrapar las enmiendas a los pagarés originales custodiados en la bóveda.

Belén Fornáris
Asesora Legal

Anejos

c       Miriam Pascual (con anejos)
        Jorge A. Clivillés Díaz (con anejos)
        Damaris Salom (con anejos)

29928

SEVENTH AMENDMENT TO LOAN AGREEMENT

SEVENTH AMENDMENT TO LOAN AGREEMENT by and between the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "Authority" or the "Borrower") and the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "Bank" or the "Lender"),

WITNESSETH

WHEREAS, on August 27, 2010, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000) (the "Loan"), to provide interim financing to (i) pay certain costs of certain capital improvements to the Authority's facilities including those incurred or to be incurred in the acquisition, construction, equipping, installation and development of the Capital Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

WHEREAS, the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

WHEREAS, on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215), to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on July 12, 2010 between the Bank, the Authority, Puerto Rico Electric Power Authority and the Municipality of Bayamón;

WHEREAS, the First Amendment was evidenced by a First Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of $7,350,000 (the "PR Road 177 Note");

WHEREAS, on February 14, 2008 the Authority and the Bank executed a Second Amendment to Loan Agreement (the "Second Amendment") to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($271,912,341)**, to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

WHEREAS, the Second Amendment was evidenced by a Second Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; a Second Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75;

WHEREAS, on April 28, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement (the "Third Amendment") to increase the total principal amount of the Loan by $28,700,000 for a total maximum amount of **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341)** to provide operational funds to the Metropolitan Bus Authority ("MBA"); and to provide financial assistance to the Maritime Transportation Authority ("MTA") in the execution of a contractual agreement with a private entity for the operation of the Fajardo to Vieques and Culebra system, after declaring the State of Emergency of the transportation service to the Island Municipalities of Vieques and Culebra and a State of Fiscal Emergency for the MTA;

WHEREAS, the Third Amendment was evidenced by a Promissory Note in the amount of $4,700,000 (the "MBA Note") and a Promissory Note in the amount of $24,000,000 (the "MTA Note");

WHEREAS, on May 17, 2011 the Authority and the Bank executed a Fourth Amendment to Loan Agreement (the "Fourth Amendment") to increase the total amount of the Loan by $102,709,611 for a total maximum amount of **FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952)**, to provide additional resources for the Authority's operational and Capital Improvement Program expenses, to pay a judgment due by the Authority to Redondo Construction Company; to provide additional operational funds to the MBA for Fiscal Year 2011; and to provide authorization to use the maximum amount of $2,700,000, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment to provide financial assistance to the MTA, to pay insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra;

WHEREAS, the Fourth Amendment was evidenced by a Third Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $127,714,461.25; a Third Amendment to Promissory Note (Allonge) to the HTA

29890

Operating Note to increase the amount to $206,213,756.75; a First Amendment to Promissory Note (Allonge) to the MBA Note to increase the amount to $16,252,489; and a Promissory Note in the amount of $21,791,245 (the "Redondo Note");

WHEREAS, on January 20, 2012, the Authority and the Bank executed a Fifth Amendment to Loan Agreement (the "Fifth Amendment") to include the following additional uses for the $24,000,000 it borrowed from Lender pursuant to the Third Amendment: (a) drafting of a document for "Invitation for Bidding "("IFB") of Operational Support; (b) support to the MTA for analyzing, documenting and solving the issues communicated by the various regulatory agencies that provide federal funds, among others, and which caused the state of emergency in the agency; (c) support to the MTA in making permanent improvements to the internal processes within the agency that result in effective and efficient service, and include the negotiation of the collective agreements to obtain economic and operational efficiencies necessary for the process; and, (d) contracting of one or various suppliers to assist the MTA to cover the deficiencies in its services to the citizens of Fajardo, Vieques and Culebra;

WHEREAS, on March 19, 2012, the Authority and the Bank executed a Sixth Amendment to Loan Agreement (the "Sixth Amendment") to use the maximum amount of $2,680,518.62, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment, to pay the current insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra, and for the payment of the endorsement of the National Guard vessels for the year 2011;

WHEREAS, the Loan matures on August 27, 2013 and is payable from the proceeds of bonds to be issued by the Authority, proceeds from the concession of any of the Authority's assets pursuant to the Public Private Partnerships Act, or from any available resources of the Authority;

WHEREAS, pursuant to the terms of Resolution 10101 adopted by the Board of Directors of the Bank on July 17, 2013, the Bank approved an extension to the maturity date of the Loan to August 31, 2014, subject to certain terms and conditions; and

WHEREAS, pursuant to Resolution Number 2013-37 issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on August 16, 2013, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree to this Seventh Amendment to Loan Agreement, as follows:

29890

1.   The first sentence of numbered Paragraph 5 of the Loan Agreement, as amended, is hereby amended to read as follows:

"The principal amount of the Loan shall mature and be due and payable on August 31, 2014."

2.   The extension of the maturity date of the Loan to August 31, 2014 shall be evidenced by a Fourth Amendment to the HTA BAB Note (Allonge); a Fourth Amendment to the HTA Operating Note (Allonge); a First Amendment to the PR Road 177 Note (Allonge); a Second Amendment to the MBA Note (Allonge); a First Amendment to the MTA Note (Allonge); and a First Amendment to the Redondo Note (Allonge).

3.   The Borrower covenants and agrees to pay to the Lender an amount equal to $141,107.32 as financial services fee in connection with this Seventh Amendment to Loan Agreement.

4.   The parties agree that this Seventh Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement and its related Notes, all as amended, and that all provisions therein not inconsistent with this Seventh Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

5.   The rights and obligations of the parties to this Seventh Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

6.   In the event that any provision of this Seventh Amendment to Loan Agreement is held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

7.   This Seventh Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

**[SIGNATURE PAGE FOLLOWS]**

29890

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Seventh Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY

By: _____
Jorge A. Clivillés Díaz
Executive Vice President and
Fiscal Agent

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No. _550_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August _28_, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. _551_

Recognized and subscribed before me by Jorge A. Clivillés Díaz, as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on August _28_, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

29890

## FOURTH AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$127,714,461.25**                                        **Due: August 31, 2014**

The terms of the Promissory Note in the principal amount of SEVENTY MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SIX HUNDRED FORTY NINE DOLLARS AND SEVENTY FIVE CENTS ($70,937,649.75) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY"), to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lado, as amended by a First Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Acting Executive Subdirector of the AUTHORITY on November 8, 2010, before Notary Public María de Lourdes Rodríguez; as amended by a Second Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Executive Subdirector of the AUTHORITY on February 14, 2011, before Notary Public Zoraya Betancourt Calzada; and as amended by a Third Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the AUTHORITY on May 17, 2011 to increase the maximum amount to ONE HUNDRED TWENTY SEVEN MILLION SEVEN HUNDRED FOURTEEN THOUSAND FOUR HUNDRED SIXTY ONE DOLLARS AND TWENTY FIVE CENTS ($127,714,461.25), before Notary Public María de Lourdes Rodríguez; is hereby further amended to extend the maturity date to August 31, 2014.

This Fourth Amendment to Promissory Note is executed in connection with the Seventh Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Fourth Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Fourth Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _28_ day of August, 2013.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No._544_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August _28_, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

## FOURTH AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$206,213,756.75**                               **Due:**      **August 31, 2014**

      The terms of the Promissory Note in the principal amount of FORTY SEVEN MILLION THREE HUNDRED SIXTY TWO THOUSAND THREE HUNDRED FIFTY DOLLARS AND SEVENTY FIVE CENTS ($47,362,350.75) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY"), to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK"), on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lado, as amended by a First Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Acting Executive Subdirector of the AUTHORITY on November 8, 2010, before Notary Public María de Lourdes Rodríguez; as amended by a Second Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Executive Subdirector of the AUTHORITY on February 14, 2011, before Notary Public Zoraya Betancourt Calzada; and as amended by a Third Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the AUTHORITY on May 17, 2011 to increase the maximum amount to TWO HUNDRED SIX MILLION TWO HUNDRED THIRTEEN THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND SEVENTY FIVE CENTS ($206,213,756.75), before Notary Public María de Lourdes Rodríguez; is hereby further amended to extend the maturity date to August 31, 2014.

      This Fourth Amendment to Promissory Note is executed in connection with the Seventh Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Fourth Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

      **IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Fourth Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this 28 day of August, 2013.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY


By: _____
    Javier E. Ramos Hernández
    Executive Director


Testimony No. 545

      Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 28, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

## FIRST AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$7,350,000**                                          **Due:**     **August 31, 2014**

The terms of the Promissory Note in the principal amount of **SEVEN MILLION THREE HUNDRED FIFTY THOUSAND DOLLARS ($7,350,000)** executed by Javier Hernández Scimeca, in his capacity as Acting Executive Subdirector of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY"), to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK"), on November 8, 2010, before Notary Public María de Lourdes Rodríguez, is hereby amended to extend the maturity date to August 31, 2014.

This First Amendment to Promissory Note is executed in connection with the Seventh Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this First Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this First Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this 2̸8̸ day of August, 2013.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No. 546

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 28, 2013.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

## SECOND AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$16,252,489**                                                    **Due: August 31, 2014**

The terms of the Promissory Note in the principal amount of **FOUR MILLION SEVEN HUNDRED THOUSAND DOLLARS ($4,700,000)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "**AUTHORITY**") to the order of the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "**BANK**") on April 28, 2011, before Notary Public Zoraya Betancourt Calzada, as amended by a First Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the AUTHORITY on May 17, 2011 to increase the maximum amount to **SIXTEEN MILLION TWO HUNDRED FIFTY TWO THOUSAND FOUR HUNDRED EIGHTY NINE DOLLARS ($16,252,489)**, before Notary Public María de Lourdes Rodríguez, is hereby further amended to extend the maturity date to August 31, 2014.

This Second Amendment to Promissory Note is executed in connection with the Seventh Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Second Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF**, the Puerto Rico Highway and Transportation Authority have caused this Second Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this 28 day of August, 2013.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No. 547

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 28, 2013.

_____
Notary Public

**EXENTO DEL PAGO DE ARANCEL.
LEY 47 DE 4 DE JUNIO DE 1982**

## FIRST AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$24,000,000**                                                    **Due: August 31, 2014**

The terms of the Promissory Note in the principal amount of **TWENTY FOUR MILLION DOLLARS ($24,000,000)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY") to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on April 28, 2011, before Notary Public Zoraya Betancourt Calzada, is hereby amended to extend the maturity date to August 31, 2014.

This First Amendment to Promissory Note is executed in connection with the Seventh Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this First Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this First Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this 28 day of August, 2013.

**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No. 548

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 28, 2013.

_____
Notary Public

**EXENTO DEL PAGO DE ARANCEL**
**LEY 47 DE 4 DE JUNIO 1982**

### FIRST AMENDMENT TO PROMISSORY NOTE
### (ALLONGE)

**$21,791,245**                                              **Due: August 31, 2014**

The terms of the Promissory Note in the principal amount of TWENTY ONE MILLION SEVEN HUNDRED NINETY ONE THOUSAND TWO HUNDRED FORTY FIVE DOLLARS ($21,791,245) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY") to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on May 17, 2011, before Notary Public María de Lourdes Rodríguez, is hereby amended to extend the maturity date to August 31, 2014.

This First Amendment to Promissory Note is executed in connection with the Seventh Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this First Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this First Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this 28 day of August, 2013.

**PUERTO RICO HIGHWAYS AND**
**TRANSPORTATION AUTHORITY**

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No. 549

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 28, 2013.

_____
Notary Public

**EXENTO DEL PAGO DE ARANCEL**
**LEY 47 DE 4 DE JUNIO DE 1982**

ESTADO LIBRE ASOCIADO DE
PUERTO RICO

Banco Gubernamental de Fomento
para Puerto Rico

## CERTIFICACIÓN

Yo, **ZORAYA BETANCOURT CALZADA**, Secretaria Auxiliar de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 10101** fue adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión debidamente convocada y celebrada el 17 de julio de 2013.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 10101

**ENMIENDA AL FINANCIAMIENTO POR $403,321,952 QUE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION MANTIENE CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**POR CUANTO**, la Autoridad de Carreteras y Transportación (ACT) tiene un financiamiento por $403,321,952 con el Banco Gubernamental de Fomento para Puerto Rico (BGF) para proyectos de mejoras capitales, cubrir gastos operacionales, mejoras a la Carretera PR-177, pago de una sentencia judicial a favor de *Redondo Construction*, cubrir el pago de nómina y otros gastos operacionales de la Autoridad Metropolitana de Autobuses (AMA) y para el subsidio a la Autoridad de Transporte Marítimo (ATM);

**POR CUANTO**, mediante la Resolución 9319 de 21 de julio de 2010, el BGF aprobó el financiamiento hasta un máximo de $118,300,000, el cual fue posteriormente enmendado en varias ocasiones por la Junta de Directores del BGF y su Comité Ejecutivo a través de las siguientes resoluciones: 9379 de 20 de octubre de 2010, 9431 de 26 de enero de 2011, CE-2011-24, CE-2011-25 de 5 de abril de 2011, 9493, 9494, 9495 y 9496 de 20 de abril de 2011, 9586 de 17 de agosto de 2011, CE-2012-25 de 16 de marzo de 2012 y la 10038 de 15 de mayo de 2013, según enmendada. Esta última resolución autoriza un incremento de $2,852,936 a la partida de $24,000,000 asignada al subsidio de la ATM, por lo que el monto total del financiamiento es $406,174,788, no obstante, aún no se ha efectuado este cierre;

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525



Junta de Directores del BGF
Enmienda a la Resolución 10101
Página 2 de 3
Aprobada el 17 de julio de 2013

Case:17-03283-LTS Doc#:16276-12 Filed:03/31/21 Entered:03/31/21 22:38:21 Desc:
Exhibit A-12 Page 165 of 228

**POR CUANTO,** la fuente de pago de este financiamiento son futuras emisiones de bonos y producto de alianzas público-privadas, así como cualquier otro recurso disponible de la ACT;

**POR CUANTO,** a finales de junio de 2013 la Legislatura de Puerto Rico aprobó medidas para incrementar los ingresos de la ACT por aproximadamente $276 millones anuales para que la ACT pueda continuar con su programa de emisiones de bonos y para pagar las líneas de crédito con el BGF;

**POR CUANTO,** al 30 de junio de 2013, este financiamiento tiene un balance de principal ascendente a $398,617,843.58 e intereses acumulados por $23,822,929.66;

**POR CUANTO,** la Gerencia del BGF recomienda la enmienda de este financiamiento con el propósito de extender su vencimiento hasta el 31 de agosto de 2014;

**POR TANTO, RESUÉLVASE** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico autorizar lo siguiente:

1. Enmendar el financiamiento de $403,321,952[1] otorgado por el Banco Gubernamental de Fomento para Puerto Rico (BGF) a la Autoridad de Carreteras y Transportación (ACT) para extender la fecha de vencimiento al 31 de agosto de 2014.

2. Requerir a la ACT una resolución de su Junta de Directores, en la que acepten los términos y condiciones establecidos en esta Resolución para extender la fecha de vencimiento del financiamiento y donde se autorice al Director Ejecutivo de la ACT u otro oficial autorizado a firmar los documentos legales de esta enmienda.

3. La ACT pagará al BGF los honorarios por asesoría financiera correspondientes a esta transacción, según la política vigente a esos efectos.

4. Autorizar al Presidente del BGF, al Vicepresidente Ejecutivo de Financiamiento o a cualquier vicepresidente ejecutivo a otorgar los documentos necesarios para evidenciar esta enmienda, incluyendo además, la negociación de cualquier término o condición existente que sea necesario para salvaguardar los mejores intereses del BGF, siempre y cuando sea consistente con lo adoptado en esta Resolución.

5. Los demás términos y condiciones de las Resoluciones aquí mencionadas, que no estén en contravención con esta Resolución se mantendrán inalterados y en pleno vigor.



---

[1] De conformidad con la Resolución 10038 de 15 de mayo de 2013, según enmendada, la Junta de Directores autorizó un incremento de $2,852,936 en la partida de $24,000,000 asignada al subsidio de la Autoridad de Transporte Marítimo, lo cual conlleva enmendar el financiamiento para incrementar el total autorizado a $406,174,788. A la fecha de adopción de esta Resolución 10101 no se han otorgado los documentos legales que evidencien esta enmienda al financiamiento.

36511

Case:17-03566 Junta de Directores del BGF Doc#:16276-12   Filed:03/31/21   Entered:03/31/21 22:38:21   Desc:
Certificación de la Resolución 10101
Página 3 de 3
Aprobada el 17 de julio de 2013
Exhibit A-12   Page 166 of 228

6. Para todos los efectos aplicables, esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la Regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*).

Esta Resolución tendrá vigencia inmediata después de su aprobación.

**Y PARA QUE ASÍ CONSTE,** suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy, miércoles, 24 de julio de 2013.

ZORAYA BETANCOURT CALZADA
SECRETARIA AUXILIAR

(SELLO)

36511

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**DEPARTAMENTO DE TRANSPORTACION Y OBRAS PÚBLICAS**
**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN**

**RESOLUCION NÚM. 2013-37**

**PARA EXTENDER LA FECHA DE VENCIMIENTO AL FINANCIAMIENTO POR $403,321,952 QUE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION MANTIENE CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

Yo, Miguel A. Torres Díaz, Secretario del Departamento de Transportación y Obras Públicas, en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973 y las reglas, reglamentos y resoluciones adoptadas,

**EXPONGO**

**POR CUANTO:** La Autoridad de Carreteras y Transportación (ACT) tiene un financiamiento por $403,321,952 con el Banco Gubernamental de Fomento para Puerto Rico (BGF), que se utilizó para proyectos de mejoras capitales, para cubrir gastos operacionales, para mejoras a la Carretera PR-177, para el pago de una sentencia judicial a favor de Redondo Construction, para cubrir el pago de nómina y otros gastos operacionales de la Autoridad Metropolitana de Autobuses (AMA) y para el subsidio de la Autoridad de Transporte Marítimo (ATM).

**POR CUANTO:** Este financiamiento fue aprobado por la Junta de Directores del BGF el 21 de julio de 2010, mediante la Resolución 9319, hasta un máximo de $118,300,000 y, posteriormente, enmendado en varias ocasiones por la Junta de Directores y el Comité Ejecutivo de la Junta de Directores del BGF, mediante la Resolución 9379 de 20 de octubre de 2010, la Resolución 9431 de 26 de enero de 2011, las Resoluciones CE-2011-24 y CE-2011-25 de 5 de abril de 2011, las Resoluciones 9493, 9494, 9495 y 9496 de 20 de abril de 2011, la Resolución 9586 de 17 de agosto de 2011, la Resolución CE-2012-25 de 16 de marzo de 2012 y la Resolución 10038 de 15 de mayo de 2013 (esta última Resolución del BGF autoriza un incremento de $2,852,936 a la partida de $24,000,000 asignada al subsidio de la ATM para llevar el financiamiento a un máximo de $406,174,788, sin embargo, aún no se ha efectuado el cierre).

**POR CUANTO:** La Legislatura de Puerto Rico aprobó medidas que incrementan los ingresos de la ACT por aproximadamente $276 millones anuales para que pueda continuar con su programa de emisiones de bonos y para pagar las líneas de crédito con el BGF.

**POR CUANTO:** La línea de crédito tiene una vigencia hasta el 27 de agosto de 2013 y su fuente de pago son futuras emisiones de bonos y producto de alianzas público-privadas, así como cualquier otro recurso disponible de la ACT.

**POR CUANTO:** Al 30 de junio de 2013, este financiamiento tiene un balance de principal ascendente a $398,617,843.58 e intereses acumulados por $23,822,929.66;

**POR CUANTO:** La gerencia del BGF recomendó la enmienda de este financiamiento con el propósito de extender su vencimiento hasta el 31 de agosto de 2014 y así se aprobó en reunión debidamente convocada y celebrada el 17 de julio de 2013 mediante la Resolución Número 10101.

**POR TANTO:** Yo, **MIGUEL A. TORRES DIAZ**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**

1) Extender la fecha de vencimiento de la línea de crédito por $403,321,952 que la Autoridad de Carreteras y Transportación mantiene con el Banco Gubernamental de Fomento para Puerto Rico, hasta el 31 de agosto de 2014.

2) La ACT pagará al BGF los honorarios correspondientes por esta transacción, según la política vigente a los efectos.

3) Autorizar a la Autoridad de Carreteras y Transportación a aceptar los términos y condiciones establecidos por el Banco Gubernamental de Fomento de Puerto Rico como condición para la extensión de la fecha de vencimiento de la línea de crédito antes aludida y a que se firmen los acuerdos necesarios para su ejecución.

4) Autorizamos al Ing. Javier E. Ramos Hernández, Director Ejecutivo de la Autoridad de Carreteras y Transportación, a firmar los documentos legales correspondientes a la enmienda de esta línea de crédito.

5) Esta Resolución tendrá vigencia inmediata después de su aprobación.

En San Juan, Puerto Rico, a __16__ de agosto de 2013.

Miguel A. Torres Díaz, PE
Secretario
Departamento de Transportación y
Obras Públicas

CERTIFICADO POR:

Antonio Adrover Robles
Secretario de la Corporación

## CERTIFICACIÓN

Yo, Antonio Adrover Robles, Secretario de la Corporación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2013-37 aprobada** por el Secretario de Transportación y Obras Públicas el 16 de agosto de 2013.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy 20 de agosto de 2013.


Antonio Adrover Robles
Secretario de la Corporación



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Banco Gubernamental de Fomento
para Puerto Rico

2 de agosto de 2013

Ing. Javier E. Ramos Hernández
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR 00940

Estimado ingeniero Ramos:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico ("BGF"), mediante su Resolución 10101, aprobó una enmienda a la línea de crédito por $403,321,952 con la Autoridad de Carreteras y Transportación ("ACT"). Este financiamiento tiene varios propósitos, a saber: proyectos de mejoras capitales, cubrir pagos operacionales, mejoras a la Carretera PR-177, el pago de una sentencia judicial a favor de Redondo Construction, cubrir el pago de nómina y otros gastos operacionales de la Autoridad Metropolitana de Autobuses (AMA) y el subsidio de la Autoridad de Trasporte Marítimo (ATM).

En su Resolución 10101, la Junta de Directores resolvió lo siguiente:

1) Enmendar el financiamiento de $403,321,952 otorgado por el BGF a la ACT para extender la fecha de vencimiento al 31 de agosto de 2014.

2) Requerir a la ACT una resolución de su Junta de directores, en la que acepten los términos y condiciones establecidos en la Resolución 10101 para extender la fecha de vencimiento del financiamiento y donde se autorice al Director Ejecutivo de la ACT u otro oficial autorizado a firmar los documentos legales de esta enmienda.

3) La ACT pagará al BGF los honorarios por asesoría financiera correspondientes a esta transacción, según la política vigente a esos efectos.

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

**BGF**   **BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

ACT-L/C $403,321,952
Carta de Compromiso
2 de agosto de 2013
Página 2

4) Autorizar al Presidente del BGF, al Vicepresidente Ejecutivo de Financiamiento o a cualquier vicepresidente ejecutivo a otorgar los documentos necesarios para evidenciar esta enmienda, incluyendo además, la negociación de cualquier término o condición existente que sea necesario para salvaguardar los mejores intereses del BGF, siempre y cuando sea consistente con lo adoptado en la Resolución 10101.

5) Los demás términos y condiciones del financiamiento, que no estén en contravención con la Resolución 10101 se mantendrán inalterados y en pleno vigor.

Se incluye la Resolución 10101 como parte de esta carta, la cual manifiesta el compromiso del BGF en otorgar la enmienda al financiamiento por $403,321,952.

De estar de acuerdo con los términos y condiciones de esta carta, favor de firmar la copia adjunta y devolverla a nuestras oficinas con la mayor brevedad posible.

Atentamente,

Jesús M. Garcia Rivera
Vicepresidente
División de Obligaciones de Renta

lsb

c: José V. Pagán
   Arnaldo Maestre
   Miriam Pascual

Anejo

ACEPTADO:

FIRMA: _____

FECHA: _____8/28/13_____

P U E R T O   R I C O

Banco Gubernamental de Fomento
para Puerto Rico

RECEIVED
DEPTO. PREINTERVENCION

13 OCT 17  PM 3: 53

17 de octubre de 2013

Sra. Jessica Ortiz
Gerente
Preintervención

P/C:   Lcda. María de Lourdes Rodríguez
        Oficina de Asesoramiento Legal

13 OCT 17  PM 3: 50    BGF DIV. OBLIGACIONES DE RENTA

**AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO
LÍNEA DE CRÉDITO POR $403,321,952 INCREMENTADA A $406,174,788**

Le hacemos llegar los documentos legales de la octava enmienda a la línea de crédito en referencia para ser guardados en la bóveda junto con los demás documentos relacionados a este financiamiento:

1. Original del *Eighth Amendment to Loan Agreement*, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la Autoridad de Carreteras y Transportación de Puerto Rico (ACT) y por Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico (BGF), Affidávit Núm. 558 y 559, respectivamente.

2. Original del *Second Amendment to Promissory Note (Allonge)* por $26,852,836, suscrito por Javier E. Ramos Hernández, Director Ejecutivo de la ACT, Affidávit Núm. 557.

3. Certificación de la Resolución 10038 suscrita el 9 de octubre de 2013 por Zoraya Betancourt Calzada, en su capacidad de Secretaria Auxiliar de la Junta de Directores del BGF, adoptada en reunión convocada y celebrada el 15 de mayo de 2013.

4. Certificación de la Resolución 10104 suscrita el 9 de octubre de 2013 por Zoraya Betancourt Calzada, en su capacidad de Secretaria Auxiliar de la Junta de Directores del BGF, adoptada en reunión convocada y celebrada el 17 de julio de 2013.

5. Certificación de la Resolución Núm. 2013-47 suscrita el 8 de octubre de 2013 por por Miguel A. Torres Díaz, Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico y certificada por Ivette M. Cancel en su capacidad de Secretaria de la ACT, el 9 de octubre de 2013.



BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

2

6.  Copia de la carta compromiso firmada por Jesús M. García Rivera, Vicepresidente de la División de Obligaciones de Renta del BGF y aceptada por Javier E. Ramos Hernández, Director Ejecutivo de la ACT el 17 de octubre de 2013.

Agradeceremos que estos documentos se incorporen al contrato original y que se aseguren de engrapar las enmiendas a los pagarés originales custodiados en la bóveda.

Belén Forñaris
Asesora Legal

Anejos

c       Miriam Pascual (con anejos)
        Jorge A. Clivillés Díaz (con anejos)
        Damaris Salom (con anejos)

30084

## EIGHTH AMENDMENT TO LOAN AGREEMENT

**EIGHTH AMENDMENT TO LOAN AGREEMENT** by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

## WITNESSETH

**WHEREAS,** on August 27, 2010, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs of certain capital improvements to the Authority's facilities including those incurred or to be incurred in the acquisition, construction, equipping, installation and development of the Capital Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS,** the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

**WHEREAS,** on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215),** to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on July 12, 2010 between the Bank, the Authority, Puerto Rico Electric Power Authority and the Municipality of Bayamón;

**WHEREAS,** the First Amendment was evidenced by a First Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of $7,350,000 (the "PR Road 177 Note");

29637

**WHEREAS**, on February 14, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement (the "Second Amendment") to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($271,912,341)**, to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

**WHEREAS**, the Second Amendment was evidenced by a Second Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; a Second Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75;

**WHEREAS**, on April 28, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement (the "Third Amendment") to increase the total principal amount of the Loan by $28,700,000 for a total maximum amount of **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341)** to provide operational funds to the Metropolitan Bus Authority ("MBA"); and to provide financial assistance to the Maritime Transportation Authority ("MTA") in the execution of a contractual agreement with a private entity for the operation of the Fajardo to Vieques and Culebra system, after declaring the State of Emergency of the transportation service to the Island Municipalities of Vieques and Culebra and a State of Fiscal Emergency for the MTA;

**WHEREAS**, the Third Amendment was evidenced by a Promissory Note in the amount of $4,700,000 (the "MBA Note") and a Promissory Note in the amount of $24,000,000 (the "MTA Note");

**WHEREAS**, on May 17, 2011 the Authority and the Bank executed a Fourth Amendment to Loan Agreement (the "Fourth Amendment") to increase the total amount of the Loan by $102,709,611 for a total maximum amount of **FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952)**, to provide additional resources for the Authority's operational and Capital Improvement Program expenses, to pay a judgment due by the Authority to Redondo Construction Company; to provide additional operational funds to the MBA for Fiscal Year 2011; and to provide authorization to use the maximum amount of $2,700,000, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment to provide financial assistance to the MTA, to pay insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra;  ·

**WHEREAS**, the Fourth Amendment was evidenced by a Third Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $127,714,461.25; a Third Amendment to Promissory Note (Allonge) to the HTA

29637

Operating Note to increase the amount to $206,213,756.75; a First Amendment to Promissory Note (Allonge) to the MBA Note to increase the amount to $16,252,489; and a Promissory Note in the amount of $21,791,245 (the "Redondo Note");

WHEREAS, on January 20, 2012, the Authority and the Bank executed a Fifth Amendment to Loan Agreement (the "Fifth Amendment") to include the following additional uses for the $24,000,000 it borrowed from Lender pursuant to the Third Amendment: (a) drafting of a document for "Invitation for Bidding"("IFB") of Operational Support; (b) support to the MTA for analyzing, documenting and solving the issues communicated by the various regulatory agencies that provide federal funds, among others, and which caused the state of emergency in the agency; (c) support to the MTA in making permanent improvements to the internal processes within the agency that result in effective and efficient service, and include the negotiation of the collective agreements to obtain economic and operational efficiencies necessary for the process; and, (d) contracting of one or various suppliers to assist the MTA to cover the deficiencies in its services to the citizens of Fajardo, Vieques and Culebra;

WHEREAS, on March 19, 2012, the Authority and the Bank executed a Sixth Amendment to Loan Agreement (the "Sixth Amendment") to use the maximum amount of $2,680,518.62, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment, to pay the current insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra, and for the payment of the endorsement of the National Guard vessels for the year 2011;

WHEREAS, on August 28, 2013, the Authority and the Bank executed a Seventh Amendment to Loan Agreement (the "Seventh Amendment") in order to extend the maturity date of the Loan to August 31, 2014;

WHEREAS the Seventh Amendment was evidenced by a Fourth Amendment to Promissory Note (Allonge) to the HTA BAB Note; a Fourth Amendment to Promissory Note (Allonge) to the HTA Operating Note; a First Amendment to Promissory Note (Allonge) to the PR Road 177 Note; a Second Amendment to Promissory Note (Allonge) to the MBA Note; a First Amendment to Promissory Note (Allonge) to the MTA Note; and a First Amendment to Promissory Note (Allonge) to the Redondo Note;

WHEREAS, the Authority has requested an increase to the $24,000,000 portion of the Loan that the Authority currently subsidizes to the MTA. The Authority has represented to the Bank that if such increase is not granted, the transportation services between the Island Municipalities of Vieques and Culebra would have to be suspended indefinitely;

WHEREAS, the parties have agreed to increase by $2,852,836 the $24,000,000 that the Authority borrowed from the Bank pursuant to the Third Amendment to

29637

provide additional financial assistance to the MTA, thereby increasing the maximum amount of the Loan to FOUR HUNDRED SIX MILLION ONE HUNDRED SEVENTY FOUR THOUSAND SEVEN HUNDRED EIGHTY EIGHT DOLLARS ($406,174,788);

WHEREAS, pursuant to the terms of Resolution 10038 adopted by the Bank's Board of Directors on May 15, 2013, as amended by Resolution 10104 adopted on July 17, 2013, and due to the MTA's precarious financial situation, the Bank approved the increase of the Loan as an emergency financing, subject to certain terms and conditions, in consideration with the residents of Vieques and Culebra, regular users of the maritime transportation services, and in order to avoid an economic and social catastrophe in said Island Municipalities; and

WHEREAS, pursuant to Resolution Number 2013-47 issued by Miguel A. Torres Díaz, Secretary of the Puerto Rico Department of Transportation and Public Works on October 8, 2013, the Authority accepted the conditions required by the Bank to increase the Loan.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree to this Eighth Amendment to Loan Agreement, as follows:

1.  The parties agree to increase the maximum amount of the Loan from FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952) to FOUR HUNDRED SIX MILLION ONE HUNDRED SEVENTY FOUR THOUSAND SEVEN HUNDRED EIGHTY EIGHT DOLLARS ($406,174,788).

2.  The Authority agrees that the $2,852,836 increase to the $24,000,000 portion of the Loan will be used to provide financial assistance to the MTA in order to attend the State of Emergency of the transportation service to the Island Municipalities of Vieques and Culebra.

3.  The Loan increase shall be evidenced by a Second Amendment to Promissory Note (Allonge) to the MTA Note to increase the amount from $24,000,000 to $26,852,836, executed by the Authority on this same date.

4.  In connection with the MTA Note, as increased herein, the following disbursement procedure will apply:

> a.  Prior to any disbursement, Borrower will provide Lender a duly executed Notice of Drawing made part of this Eighth Amendment to Loan Agreement as Exhibit I.

29637

b. The parties agree that the Lender reserves the right to request additional information needed prior to processing any disbursements from the Loan, including, but not limited to, copies of invoices.

c. Lender will require whatever administrative mechanisms it deems necessary to ensure that the funds are used exclusively for the authorized purposes, without unreasonable delays in the disbursement of funds.

5. Additionally, the Authority shall submit to the Board of Directors of the Bank a fiscal stabilization plan, as required in Section 2.2 of that certain Fiscal Oversight Agreement dated January 10, 2012 ("FOA"), for its consideration in the next Board meeting, setting forth MTA's specific long term measures to reduce its operating deficit.

6. Prior to any disbursement of the amount increased hereby, the Authority shall execute an amendment to the FOA in order to include those certain terms and conditions negotiated among the Bank, the Authority and the MTA.

7. The Borrower covenants and agrees to pay to the Lender for this transaction a financial service fee of One Thousand Four Hundred Twenty Six Dollars and Forty Two Cents ($1,426.42) which is equal to 1/20 of 1% of the Loan increase.

8. The parties agree that this Eighth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Notes, all as amended, and that all provisions therein not inconsistent with this Eighth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

9. The rights and obligations of the parties to this Eighth Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

10. In the event that any provision of this Eighth Amendment to Loan Agreement is held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

11. This Eighth Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

**[SIGNATURE PAGE FOLLOWS]**

29637

**IN WITNESS WHEREOF,** the Borrower and the Lender have caused this Eighth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO | PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY |
|---|---|
| By: _____ | By: _____ |
| Jorge A. Clivillés Díaz | Javier E. Ramos Hernández |
| Executive Vice President and Fiscal Agent | Executive Director |

Testimony No. _558_

    Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

    In San Juan, Puerto Rico, on October _17_, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. _559_

    Recognized and subscribed before me by Jorge A. Clivillés Díaz, as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

    In San Juan, Puerto Rico, on October _17_, 2013.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

. 29637

Exhibit I

## Notice of Drawing

[date]

Government Development Bank
for Puerto Rico
Roberto Sánchez Vilella Government Center
De Diego Avenue, Stop 22
San Juan, Puerto Rico

Gentlemen:

The undersigned, _____ (the "Borrower") refers to the Loan Agreement, dated as of _____, as amended (the "Loan Agreement"), between the undersigned and Government Development Bank for Puerto Rico ("GDB"), as lender, and hereby requests, irrevocably, pursuant to the Loan Agreement a Disbursement/Drawing under the Loan Agreement, and in that connection sets forth below the information relating to such Disbursement/Drawing (the "Proposed Disbursement//Drawing") as required by the Loan Agreement:

    (a)    The Business Day of the Proposed Disbursement Request is _____, 20__.

    (b)    The aggregate amount of the Proposed Disbursement Request is $_____.

    (c)    The proceeds of the Proposed Disbursement Request shall be used exclusively for the purposes specified in the Loan Agreement, for payment to the following suppliers in accordance with the notified list attached hereto:

| Supplier | Invoice No. | Amount due and payable or Refund |
|---|---|---|

The undersigned hereby certifies, as of the day of the Proposed Disbursement Request, that the following statements are true on and as of the date hereof, and will be true on the date of the Proposed Disbursement Request:

(1) all of the representations and warranties contained in the Loan Agreement are true and correct in all material respects on and as of the date of the Proposed Disbursement Request, before and after giving effect to the Proposed Disbursement Request and to the application of the proceeds therefrom, as though made on and as of such date;

(2) at the date of the Proposed Disbursement Request and immediately after giving effect thereto, no event has occurred and is continuing, or would result from such Proposed Disbursement Request or from the application of the proceeds therefrom, which constitutes a Default;

29637

(3)   the Borrower acknowledges that it is responsible for complying with all applicable tax laws and regulations covering the persons and corporations with whom it has a contractual relationship and for whom payment is being made;

(4)   the Borrower will maintain in a secured place all records used for the processing and approval of this payment for a period to be not less than 5 years or until the final payment of the financing is made;

(5)   the Borrower certifies under penalty of perjury that no public servant of the GDB, or its subsidiaries and affiliates, will derive or obtain any benefit or profit of any kind from a contractual arrangement, which is the basis of this payment. If such benefit or profit exists, then a special authorization or waiver must have been granted prior to the inception of the agreement in question; and

(6)   the Borrower certifies that the payments requested are true and correct; that all products and/or services being paid were delivered and/or provided, and payment for them is still pending.

(7)   the amount of the disbursement does not exceed the total amount of the portion assigned for such purposes under the Loan.



_____ Authority

By:_____

Name:_____

Title:_____


Date:_____

## SECOND AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

$26,852,836                                                      Due: August 31, 2014

The terms of the Promissory Note in the principal amount of **TWENTY FOUR MILLION DOLLARS ($24,000,000)** executed by Rubén A. Hernández Gregorat in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY") to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on April 28, 2011 before Notary Public Zoraya Betancourt Calzada, as amended by a First Amendment to Promissory Note (Allonge) executed by Javier E. Ramos Hernández, in his capacity as Executive Director of the AUTHORITY on August 28, 2013 to extend the maturity date to August 31, 2014, before notary public Belén Fornaris Alfaro, is hereby further amended to increase the maximum amount to **TWENTY SIX MILLION EIGHT HUNDRED FIFTY TWO THOUSAND EIGHT HUNDRED THIRTY SIX DOLLARS ($26,852,836).**

This Second Amendment to Promissory Note is executed in connection with the Eighth Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Second Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Second Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _17_ day of October, 2013.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY


By: _____
Javier E. Ramos Hernández
Executive Director


Testimony No. **557**

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on October _17_, 2013.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

**ESTADO LIBRE ASOCIADO DE**
**PUERTO RICO**

Banco Gubernamental de Fomento
para Puerto Rico

## CERTIFICACIÓN

Yo, **ZORAYA BETANCOURT CALZADA**, Secretaria Auxiliar de la Junta de Directoresdel Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 10038** fue adoptada por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión convocada y celebrada el 15 de mayo de 2013.

**CERTIFICO, ADEMÁS,** que dicha Resolución no ha sido derogada, revocada o anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 10038

**AUTORIZA UN INCREMENTO DE $2,852,836 AL FINANCIAMIENTO VIGENTE POR $403,321,952 DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, PARA ASIGNARLO A LA PARTIDA DE $24,000,000 CORRESPONDIENTE AL SUBSIDIO DE LA AUTORIDAD DE TRANSPORTE MARÍTIMO (ATM) PARA SER UTILIZADOS POR LA ATM EN SERVICIOS PARA EL TRANSPORTE MARÍTIMO A LAS ISLAS MUNICIPIOS DE VIEQUES Y CULEBRA.**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT), por medio del Secretario de Transportación y Obras Públicas, solicitó enmendar el Contrato de Préstamo vigente de la línea de crédito no rotativa de $403,321,952 que la ACT mantiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF) para incrementarla por $3,852,836.48 y asignar ese monto a la partida de $24,000,000, correspondiente al subsidio de la Autoridad de Transporte Marítimo (ATM);

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) solicitó este préstamo poder continuar apoyando el sistema de transporte marítimo de Fajardo a las islas municipios de Vieques y Culebra, dado a que el pobre estado actual de las embarcaciones de la ATM impide poder cumplir con los requisitos de transportación marítima de los residentes de Vieques y Culebra;

**POR CUANTO,** la ATM se encuentra en un precario estado de situación fiscal y no tiene los fondos necesarios para poner en servicio las embarcaciones de su flota para cubrir las necesidades de transportación apremiantes de los residentes de Vieques y Culebra;

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525



**BGF** BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

Junta de Directores del BGF
Certificación de la Resolución 10083
Página 2 de 4
Aprobada el 15 de mayo de 2013

**POR CUANTO**, ante la delicada situación fiscal de la ATM, la Oficina de Gerencia y Presupuesto transfirió $1,000,000 a la ATM para cubrir el costo del combustible de las lanchas que utiliza la ATM bajo el contrato que tiene con *Puerto Rico Fast Ferries*; mientras que la ACT se propone otorgar a la ATM $2,852,836 en subsidios adicionales con el propósito de financiar el contrato de servicios de transporte marítimo y otros costos relacionados al sistema de transportación colectiva entre las Islas Municipios;

**POR CUANTO**, la ACT propone que el subsidio de $2,852,836 se utilice para mantener, hasta el 30 de junio de 2013, la operación de dos (2) embarcaciones alquiladas y costos asociados al manejo de dicho alquiler, tales como los costos de seguros, servicios profesionales y otros costos misceláneos;

**POR CUANTO**, el BGF entiende la necesidad crítica de transporte marítimo de los residentes de Vieques y Culebra y, de igual forma, la importancia de fomentar el desarrollo económico de ambas Islas Municipios;

**POR CUANTO**, la ACT representó al BGF que, de no otorgar este préstamo a la ACT, el servicio de transporte colectivo entre la isla de Puerto Rico y las islas municipios de Vieques y Culebra podría suspenderse indefinidamente;

**POR CUANTO**, el servicio de transporte marítimo provisto por la ATM es el único método de transporte colectivo con que cuentan Vieques y Culebra, por lo que el BGF entiende la necesidad crítica de transporte marítimo entre la isla de Puerto Rico y las islas municipios de Vieques y Culebra;

**POR CUANTO**, la suspensión del servicio de lanchas entre la isla de Puerto Rico y las islas municipios de Vieques y Culebra, particularmente durante la época de verano en que las Islas Municipios dependen de la industria del turismo y reciben a miles de visitantes a través del transporte marítimo provisto por la ATM, causaría una catástrofe económica y social sin precedentes en las Islas Municipios;

**POR CUANTO**, la posible suspensión indefinida del servicio de lanchas entre la isla de Puerto Rico y las islas municipios de Vieques y Culebra es una emergencia real e inmediata que amenaza con afectar a miles de nuestros conciudadanos;

**POR CUANTO**, para atender el estado de emergencia aquí descrito, el BGF está dispuesto a proveer el incremento solicitado en la línea de crédito de la ACT, sujeto a que se enmiende el Acuerdo de Fiscalización y Supervisión ("FOA" por sus siglas en inglés) entre la ATM, la ACT y el BGF para permitir al BGF realizar de manera más efectiva y eficaz su rol como agente fiscal de la ACT y la ATM, y lograr que la ATM produzca un plan a largo plazo, avalado por la ACT, para atender y corregir el déficit que por años ha afectado esta corporación pública;

35953

Junta de Directores del BGF
Certificación de la Resolución 10038
Página 3 de 4
Aprobada el 15 de mayo do 2013

**POR TANTO, RESUÉLVASE,** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF), de manera excepcional y en atención a la emergencia real e inmediata que enfrenta el sistema colectivo de transporte marítimo de las islas municipios, Vieques y Culebra, aprobar una enmienda en la línea de crédito no rotativa de $403,321,952 de la Autoridad de Carreteras y Transportación (ACT) con el BGF para incrementar por $2,852,836 la partida de $24,000,000 asignada al subsidio de la Autoridad de Transporte Marítimo (ATM), lo que aumenta dicha partida hasta un máximo de $26,852,836, para que la ATM pueda atender el estado de emergencia que enfrenta el sistema de transporte marítimo entre las Islas Municipios, sujeto a las siguientes condiciones:

1. **Desembolsos:**

   a) Se le solicitará a la ACT un formulario de certificación ("Notice of Drawing") para los desembolsos, el cual formará parte de la enmienda al contrato de préstamo vigente.   El BGF se reserva el derecho de solicitar cualquier información adicional previo a efectuar los desembolsos bajo este financiamiento, incluyendo, pero sin limitarse a, copias de facturas, entre otros.

   b) La ACT pagará al BGF los honorarios correspondientes por servicios de asesoría financiera, de acuerdo con la política vigente a esos efectos.

   c) La ACT deberá presentar una Resolución de su Junta de Directores en la que autorice la transacción, según lo dispuesto en esta Resolución.

   d) El BGF dispondrá de aquellos mecanismos administrativos que estime necesarios para asegurar que los fondos se utilicen exclusivamente para los propósitos dispuestos en esta Resolución.

2. **Plan de Implementación:**

   Se requerirá a la ACT que presente en la próxima reunión de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico y a sus oficiales, un plan de estabilización fiscal, según requerido en la sección 2.2 del *Fiscal Oversight Agreement*, donde se establezca claramente una estrategia a largo plazo de cómo reducir significativamente el déficit con el cual opera la ATM.

3. **Enmiendas al *Fiscal Oversight Agreement* o Acuerdo de Fiscalización y Supervisión:**

   En la misma fecha en que se otorgue la enmienda al financiamiento, según autorizado en esta Resolución, la ACT acuerda y acepta incorporar las siguientes enmiendas al *Fiscal Oversight Agreement* o Acuerdo de Fiscalización y Supervisión vigente, las cuales se incluyen en el idioma inglés dado a que el acuerdo fue redactado en dicho idioma:

35953

Junta de Directores del BGF
Certificación de la Resolución 10038
Página 4 de 4
Aprobada el 15 de mayo de 2013

*The Authority will require prior written consent from the GDB for the following:*

- *Prior to entering into any material contract in excess of $10,000 or into a series of contracts with the same supplier that, in the aggregate, exceed said amount, including any renewals and extensions of such contract or contracts. If said individual contract or series of contracts with the same supplier exceeds $10,000,000, it will require approval from GDB's Board of Directors.*
- *Appointment of external auditors (approval by GDB's Fiscal Agency Division).*
- *Agreement with respect to any clause in a collective bargaining agreement to be entered into by ACT that could have an economic impact (approval by GDB's Board of Directors).*
- *Appointment or any personnel transactions, which could have any economic impact on the entity, as well as any reclassification or reorganization plans (approval by GDB's Fiscal Agency Division).*

Esta Resolución se adopta por tratarse de un financiamiento de emergencia ante la situación precaria de la ATM y en consideración a los residentes de Vieques y Culebra, usuarios habituales del transporte marítimo, y para no afectar la industria del turismo, principal eje económico de estas Islas Municipios.

Esta Resolución tendrá vigencia inmediata luego de su aprobación.

**Y PARA QUE ASÍ CONSTE**, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy, miércoles, 9 de octubre de 2013.

ZORAYA BETANCOURT CALZADA
SECRETARIA AUXILIAR

(SELLO)

35953

ESTADO LIBRE ASOCIADO DE
**PUERTO RICO**

Banco Gubernamental de Fomento
para Puerto Rico

## CERTIFICACIÓN

Yo, **ZORAYA BETANCOURT CALZADA**, Secretaria Auxiliar de la Junta de
Directores del Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la
**Resolución 10104** fue adoptada por la Junta de Directores del Banco Gubernamental de
Fomento para Puerto Rico, en reunión debidamente convocada y celebrada el 17 de julio de 2013.

**CERTIFICO, ADEMÁS,** que dicha Resolución no ha sido derogada, revocada o
anulada y se encuentra en toda su fuerza y vigor.

### RESOLUCIÓN 10104

**ENMIENDA LA RESOLUCIÓN 10038 DE 15 DE MAYO DE 2013 QUE
AUTORIZÓ UN INCREMENTO DE $2,852,836 AL FINANCIAMIENTO
VIGENTE POR $403,321,952 DE LA AUTORIDAD DE CARRETERAS Y
TRANSPORTACIÓN CON EL BANCO GUBERNAMENTAL DE
FOMENTO PARA PUERTO RICO PARA ASIGNARLO A LA PARTIDA
DE $24,000,000 CORRESPONDIENTE AL SUBSIDIO DE LA
AUTORIDAD DE TRANSPORTE MARÍTIMO (ATM) PARA SER
UTILIZADOS POR LA ATM EN SERVICIOS PARA EL TRANSPORTE
MARÍTIMO A LAS ISLAS MUNICIPIOS DE VIEQUES Y CULEBRA**

**POR CUANTO,** la Junta de Directores del Banco Gubernamental de Fomento para
Puerto Rico, mediante la Resolución 10038 de 15 de mayo de 2013 (la "Resolución 10038"),
aprobó una enmienda en la línea de crédito no rotativa de $403,321,952 de la Autoridad de
Carreteras y Transportación (ACT) con el BGF para incrementar por $2,852,836 la partida
de $24,000,000 correspondiente al subsidio de la Autoridad de Transporte Marítimo (ATM), lo
que aumenta dicha partida hasta un máximo de $26,852,836, para que la ATM pueda
atender el estado de emergencia que enfrenta el sistema de transporte marítimo entre las Islas
Municipio y así evitar la suspensión del servicio de lanchas de Fajardo a Vieques y Culebra;

**POR CUANTO,** la aprobación del incremento en la línea de crédito de la ACT se
condicionó a que en la misma fecha del otorgamiento de la enmienda al Contrato de Préstamo
se adoptaran ciertas enmiendas al Acuerdo de Fiscalización y Supervisión ("FOA", por sus siglas
en inglés) suscrito entre el BGF, la ATM, la ACT y la Autoridad de los Puertos de Puerto Rico;

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

37144



BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

Junta de Directores del BGF
Certificación de la Resolución 10038
Página 2 de 2
Aprobada el 17 de julio de 2013

**POR CUANTO**, la Gerencia del BGF solicitó a esta Junta de Directores que se enmiende la Resolución 10038 para que se permita otorgar la enmienda al Contrato de Préstamo sin sujeción a la condición de adoptar las enmiendas al FOA que allí se establecen. No obstante, el desembolso del incremento autorizado en la Resolución 10038, se condiciona a que se adopten las enmiendas al FOA para incluir aquellos términos y condiciones que sean negociados entre la ATM, la ACT y el BGF que permitan al BGF realizar su rol como agente fiscal de la ACT y de la ATM de manera más efectiva;

**POR TANTO, RESUÉLVASE**, por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF) enmendar la Resolución 10038 de 15 de mayo de 2013 (la "Resolución 10038") para permitir que se otorgue la enmienda al Contrato de Préstamo vigente por $403,321,952 que la Autoridad de Carreteras y Transportación (ACT) tiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF) para incrementar por $2,852,836 la partida de $24,000,000 correspondiente al subsidio de la Autoridad de Transporte Marítimo (ATM) sin sujeción a la condición de adoptar las enmiendas que allí se establecen en el *Fiscal Oversight Agreement* o Acuerdo de Fiscalización y Supervisión ("FOA", por sus siglas en inglés) entre el BGF, la Autoridad de Carreteras y Transportación (ACT), la Autoridad de Transporte Marítimo (ATM) y la Autoridad de los Puertos de Puerto Rico (AP). Disponiéndose, que los desembolsos del incremento autorizado, se condicionan a la adopción y otorgamiento de las enmiendas al FOA, según negociadas entre el BGF, la ACT, la ATM y la AP, para permitir al BGF realizar su rol como agente fiscal de la ACT y de la ATM de manera más efectiva.

Se autoriza al Presidente del BGF, al Vicepresidente Ejecutivo de Financiamiento o a cualquier Vicepresidente Ejecutivo a otorgar los documentos necesarios para evidenciar dicha enmienda, así como la enmienda al FOA, incluyendo, además, la negociación de cualquier término o condición existente que sea necesario para salvaguardar los mejores intereses del BGF.

Los demás términos y condiciones de la Resolución 10038 de 15 de mayo de 2013 que no estén en contravención con lo aquí dispuesto permanecerán en pleno vigor y efecto.

Esta Resolución tendrá vigencia inmediata luego de su aprobación.

**Y PARA QUE ASÍ CONSTE**, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy, miércoles, 9 de octubre de 2013.

ZORAYA BETANCOURT CALZADA
SECRETARIA AUXILIAR

(SELLO)

37144

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACION Y OBRAS PÚBLICAS
AUTORIDAD DE CARRETERAS Y TRANSPORTACION

RESOLUCIÓN NÚM. 2013-47

**PARA AUTORIZAR UN INCREMENTO DE $2,852,836.00 A LA LINEA DE CREDITO NO ROTATIVA DE $403,321,952.00 QUE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN MANTIENE CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO, A FIN DE ASIGNARLO A LA PARTIDA DE $24,000,000.00 CORRESPONDIENTE AL SUBSIDIO DE LA AUTORIDAD DE TRANSPORTE MARITIMO (ATM) PARA SER UTILIZADOS POR LA ATM EN SERVICIOS PARA EL TRANSPORTE MARITIMO A LAS ISLAS MUNICIPIOS DE VIEQUES Y CULEBRA**

**YO, MIGUEL A. TORRES DIAZ,** Secretario del Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, en el ejercicio de las facultades y poderes que me confiere la Ley Número 74 del 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973, y las reglas, reglamentos y resoluciones adoptados a su amparo, **EXPONGO:**

**POR CUANTO:** La Autoridad de Carreteras y Transportación (ACT) mantiene vigente un Acuerdo Interagencial con la Autoridad de Transporte Marítimo (ATM), mediante el cual le brinda apoyo en diferentes áreas, inclusive financiero, dado el pobre estado actual de las embarcaciones de la ATM y para que se pueda cumplir con el servicio de transportación marítima de los residentes de Vieques y Culebra.

**POR CUANTO:** Como parte del subsidio a la ATM, la ACT obtuvo una línea de crédito del Banco Gubernamental de Fomento para Puerto Rico (BGF) en la suma de $24,000,000.000, correspondiente al subsidio a dicha corporación pública. Dicha línea de crédito forma parte de una línea de crédito no rotativa con el BGF que en este momento asciende a $403,321,952.00 (Resoluciones Números 2010-25, 2010-37, 2011-02, 2011-22, 2011-23, 2011-29, 2011-30, 2011-31, 2011-32, 2011-65, 2012-13, 2013-37).

**POR CUANTO:** La ACT solicitó al BGF enmendar el Contrato de Préstamo vigente de la línea de crédito no rotativa de $403,321,952, para incrementarla por $3,852,836.48 y asignar ese monto a la partida de $24,000,000 correspondiente al subsidio a la ATM.

**POR CUANTO:** La ACT solicitó este préstamo para poder continuar apoyando el sistema de transporte marítimo de Fajardo a las Islas Municipios de Vieques y Culebra, dado a que el pobre estado actual de las embarcaciones de la ATM le impide cumplir con los requisitos de transportación marítima de los residentes de Vieques y Culebra.

**POR CUANTO:** La ATM se encuentra en un precario estado de situación fiscal y no tiene los fondos necesarios para poner en servicio las embarcaciones de su flota para cubrir las necesidades de transportación apremiantes de los residentes de Vieques y Culebra.

**POR CUANTO:** La Oficina de Gerencia y Presupuesto (OGP) transfirió $1,000,000 recientemente a la ATM para cubrir el costo del combustible de las lanchas que utiliza la ATM bajo el contrato que la ACT tiene con la compañía *Puerto Rico Fast Ferries*. Para cubrir la diferencia, la ACT se propone otorgar a la ATM $2,852,836 en subsidios adicionales con el propósito de financiar el contrato de servicios de transporte marítimo y otros costos relacionados al sistema de transportación colectiva entre Fajardo y las Islas Municipios de Vieques y Culebra.

**POR CUANTO:** El subsidio de $2,852,836 antes indicado será utilizado para mantener la operación de dos (2) embarcaciones alquiladas y costos asociados al manejo de dicho alquiler, tales como los costos de seguros, servicios profesionales y otros costos misceláneos.

**POR CUANTO:** El BGF entiende la necesidad crítica de transporte marítimo de los residentes de Vieques y Culebra y, de igual forma, la importancia de fomentar el desarrollo económico de ambas Islas Municipios.

**POR CUANTO:** La ACT entiende que de no otorgarse este préstamo de parte del BGF, el servicio de transporte colectivo entre la Isla de Puerto Rico y las Islas Municipios de Vieques y Culebra podrá suspenderse indefinidamente. El servicio de transporte marítimo provisto por la ATM es el único método de transporte colectivo con que cuentan Vieques y Culebra, por lo que el BGF entiende la necesidad crítica de este transporte marítimo. La suspensión del servicio de lanchas entre la Isla de Puerto Rico y las Islas Municipios de Vieques y Culebra, particularmente durante la época de verano en que dichas islas dependen de la industria del turismo y reciben a miles de visitantes a través del transporte marítimo provisto por la ATM, causaría una catástrofe económica y social sin precedentes en las Islas Municipios.

**POR CUANTO:** La posible suspensión indefinida del servicio de lanchas entre la Isla de Puerto Rico y las Islas Municipios de Vieques y Culebra es una emergencia real e inmediata que amenaza con afectar a miles de nuestros conciudadanos.



**POR CUANTO:** Para atender este estado de emergencia el BGF está dispuesto a proveer el incremento solicitado de $2,852,836 a la línea de crédito de la ACT, sujeto a que, entre otras condiciones, en su momento se enmiende el Acuerdo de Fiscalización y Supervisión ("FOA" por sus siglas en inglés) entre la ATM, la ACT y el BGF para permitir al BGF realizar de manera más efectiva su rol como agente fiscal de la ACT y de la ATM, y lograr que la ATM produzca un plan a largo plazo, avalado por la ACT, para atender y corregir el déficit que por años ha afectado a la ATM.

**POR CUANTO:** La Junta de Directores del BGF, de manera excepcional y en atención a la emergencia real e inmediata que enfrenta el sistema colectivo de transporte marítimo de las Islas Municipios de Vieques y Culebra, mediante la Resolución 10038 aprobada el 15 de mayo de 2013 (la "Resolución 10038"), según enmendada por la Resolución 10104 aprobada el 17 de julio de 2013, aprobó una enmienda a la línea de crédito no rotativa de $403,321,952 de la ACT con el BGF, para incrementar por $2,852,836 la partida de $24,000,000 asignada al subsidio de

la ATM, lo que aumenta dicha partida hasta un máximo de $26,852,836, para que la ATM pueda atender el estado de emergencia que enfrenta el sistema de transporte marítimo entre las Islas Municipios, sujeto a las siguientes condiciones:

1. **Desembolsos:**
   a) Se le solicitará a la ACT un formulario de certificación ("Notice of Drawing") para los desembolsos, el cual formará parte de la enmienda al contrato de préstamo vigente. El BGF se reserva el derecho de solicitar cualquier información adicional previo a efectuar los desembolsos bajo este financiamiento, incluyendo, pero sin limitarse a, copias de facturas, entre otros.
   b) La ACT pagará al BGF los honorarios correspondientes por servicios de asesoría financiera, de acuerdo con la política vigente a esos efectos.
   c) La ACT deberá presentar una Resolución de su Junta de Directores en la que autorice la transacción, según lo dispuesto por el BGF.
   d) El BGF dispondrá de aquellos mecanismos administrativos que estime necesarios para asegurar que los fondos se utilicen exclusivamente para los propósitos dispuestos.

2. **Plan de Implementación:**
   La ACT deberá presentar en la próxima reunión de la Junta de Directores del BGF y a sus oficiales, un plan de estabilización fiscal, según requerido en la Sección 2.2 del *Fiscal Oversight Agreement*, donde se establezca claramente una estrategia a largo plazo de cómo reducir significativamente el déficit con el cual opera la ATM.

**POR TANTO:** Yo, **MIGUEL A. TORRES DIAZ**, Secretario del Departamento de Transportación y Obras Públicas, **RESUELVO:**



1) Autorizar un incremento de $2,852,836.00 a la línea de crédito no rotativa por $403,321,952.00 que la Autoridad de Carreteras y Transportación mantiene con el Banco Gubernamental de Fomento para Puerto Rico a fin de asignarlo a la partida de $24,000,000.00 correspondiente al subsidio de la Autoridad de Transporte Marítimo (ATM) para ser utilizados por la ATM en servicios para el transporte marítimo a las Islas Municipios de Vieques y Culebra

2) Autorizar la enmienda al *Fiscal Oversight Agreement* para incluir aquellos términos y condiciones que sean negociados por el Banco Gubernamental de Fomento para Puerto Rico, la Autoridad de Carreteras y Transportación y la ATM.

3) La Autoridad de Carreteras y Transportación pagará al Banco Gubernamental de Fomento para Puerto Rico los correspondientes

honorarios por asesoría financiera, según la política vigente del Banco Gubernamental de Fomento para Puerto Rico.

4) Autorizar a la Autoridad de Carreteras y Transportación a aceptar los términos y condiciones establecidos en la Resolución 10038, según enmendada, del Banco Gubernamental de Fomento para Puerto Rico como condición para el incremento de la línea de crédito antes aludida y a que se firmen los acuerdos necesarios para su ejecución.

5) Autorizar al Ing. Javier E. Ramos Hernández, Director Ejecutivo de la Autoridad de Carreteras y Transportación, a firmar los documentos legales correspondientes a la enmienda de esta línea de crédito, así como la enmienda al *Fiscal Oversight Agreement*.

6) Esta resolución tendrá vigencia inmediata.

En San Juan, Puerto Rico, a 8 de octubre de 2013.

MIGUEL A. TORRES DÍAZ, PE
Secretario de Transportación y Obras Públicas

LCDA. IVETTE M. CANCEL ORSINI
Secretaria Interina de la Corporación

# PUERTO RICO

Banco Gubernamental de Fomento
para Puerto Rico

10 de octubre de 2013

Ing. Javier E. Ramos Hernández
Director Ejecutivo
Autoridad de Carreteras
y Transportación
Apartado 42007
San Juan, PR  00940-2007

Estimado ingeniero Ramos:

El 15 de mayo de 2013 y el 17 de julio de 2013 la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF) aprobó a la Autoridad de Carreteras y Transportación, mediante las Resoluciones 10038 y 10104 un incremento por $2,852,836 al financiamiento vigente de hasta un máximo de $403,321,952 de la Autoridad de Carreteras y Transportación con el BGF, para asignarlo a la partida de $24,000,000 correspondiente al subsidio de la Autoridad de Transporte Marítimo (ATM) para ser utilizados por la ATM en servicios para el transporte marítimo a las islas municipios de Vieques y Culebra, sujeto a los siguientes términos y condiciones:

1. **Desembolsos:**

   a) La ACT deberá someter un formulario de certificación ("Notice of Drawing") para los desembolsos, el cual formará parte de la enmienda al contrato de préstamo vigente.  El BGF se reserva el derecho de solicitar cualquier información adicional previo a efectuar los desembolsos bajo este financiamiento, incluyendo, pero sin limitarse a, copias de facturas, entre otros.

   b) La ACT pagará al BGF los honorarios correspondientes por servicios de asesoría financiera, de acuerdo con la política vigente a estos efectos.

   c) La ACT deberá presentar una Resolución de su Junta de Directores en la que autorice la transacción, según lo dispuesto en la Resolución del BGF.

   d) El BGF dispondrá de aquellos mecanismos administrativos que estime necesarios para asegurar que los fondos se utilicen exclusivamente para los propósitos dispuestos en su Resolución.

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

BGF

BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

Case:17-03283-LTS Hernandez Doc#:16276-12   Filed:03/31/21   Entered:03/31/21 22:38:21   Desc:
Autoridad de Carreteras y Transportación
Carta Compromiso LC por $2,852,836   Exhibit A-12   Page 194 of 228
Página 2

## 2. Plan de Implementación:

Se requiere a la ACT presentar en la próxima reunión de la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico y a sus oficiales, un plan de estabilización fiscal, según requerido en la Sección 2.2 del Fiscal Oversight Agreement, donde establezcan claramente una estrategia a largo plazo para reducir significativamente el déficit con el cual opera la ATM.

## 3. Enmiendas al Fiscal *Oversight Agreement* o Acuerdo de Fiscalización y Supervisión:

Disponiéndose que los desembolsos del incremento autorizado se condicionan a la adopción y al otorgamiento de las siguientes enmiendas del *Fiscal Oversight Agreement* o Acuerdo de Fiscalización y Supervisión, según negociadas entre el BGF, la ACT, la ATM y la AP, para permitir al BGF realizar su rol como agente fiscal de la ACT y de la ATM de manera más efectiva. Las enmiendas se incluyen en el idioma inglés debido a que el acuerdo fue redactado en dicho idioma:

*The Authority will require prior written consent from the GDB for the following:*

- *Prior to entering into any material contract in excess of $10,000 or into a series of contracts with the same supplier that, in the aggregate, exceed said amount, including any renewals and extensions of such contract or contracts. If said individual contract or series of contracts with the same supplier exceeds $10,000,000, it will require approval from GDB's Board of Directors.*

- *Appointment of external auditors (approval by GDB's Fiscal Agency Division).*

- *Agreement with respect to any clause in a collective bargaining agreement to be entered into by ACT that could have an economic impact (approval by GDB's Board of Directors).*

- *Appointment or any personnel transactions, which could have any economic impact on the entity, as well as any reclassification or reorganization plans (approval by GDB's Fiscal Agency Division).*

Se incluye las Resoluciones 10038 y 10104 como parte de esta carta, la cual manifiesta el compromiso del BGF en otorgar este incremento por $2,852,836 al financiamiento vigente de hasta un máximo de $403,321,952.



El BGF aprueba este incremento al financiamiento en calidad de emergencia para atender la situación precaria de la ATM y en consideración a los residentes de Vieques y Culebra, usuarios habituales del transporte marítimo y para no afectar adversamente la industria del turismo,

principal eje económico de las Islas Municipios. De estar de acuerdo con los términos y condiciones antes indicados, agradeceremos firme y devuelva la copia de esta carta que se incluye para proceder a preparar la documentación legal necesaria para evidenciar el financiamiento.

Cordialmente,

Jesús M. García Rivera
Vicepresidente Financiamiento Público
División de Obligaciones de Renta

Anejo

c: Sr. Arnaldo Maestre
   Sra. Miriam Pascual

ACEPTADO:

FIRMA: _____

FECHA: 17/x/13

ESTADO LIBRE ASOCIADO DE
# PUERTO RICO
Banco Gubernamental de Fomento
para Puerto Rico

10 de diciembre de 2014

Sra. Jessica Ortiz
Preintervención

P/C:  Alejandro Febres Jorge
       Asesor en Asuntos Legales

***Ninth Amendment to Loan Agreement*** Autoridad de Carreteras y Transportación ("ACT")
**por $406,174,788**

Le acompaño los siguientes documentos originales de la línea de crédito en referencia
suscritos el 9 de diciembre de 2014, para su custodia en la bóveda principal:

1. *Ninth Amendment to Loan Agreement* suscrita por Javier E. Ramos Hernández,
   Director Ejecutivo de la ACT y Jorge A. Clivillés Díaz, Vicepresidente Ejecutivo y
   Agente Fiscal del Banco Gubernamental de Fomento para Puerto Rico ("Banco")
   ante la Notario Público Marguileán Rivera Amill, testimonios 1,003 y 1,004
   respectivamente.

2. *Fifth Amendment to Promissory Note (Allonge)* por $127,714,461.25 suscrita por
   Javier E. Ramos Hernández, Director Ejecutivo de la ACT ante la Notario Público
   Marguileán Rivera Amill, testimonio 1,005.

3. *Fifth Amendment to Promissory Note (Allonge)* por $206,213,756.75 suscrita por
   Javier E. Ramos Hernández, Director Ejecutivo de la ACT ante la Notario Público
   Marguileán Rivera Amill, testimonio 1,006.

4. *Second Amendment to Promissory Note (Allonge)* por $7,350,000 suscrita por
   Javier E. Ramos Hernández, Director Ejecutivo de la ACT ante la Notario Público
   Marguileán Rivera Amill, testimonio 1,007.

5. *Third Amendment to Promissory Note (Allonge)* por $16,252,489 suscrita por
   Javier E. Ramos Hernández, Director Ejecutivo de la ACT ante la Notario Público
   Marguileán Rivera Amill, testimonio 1,008.

6. *Third Amendment to Promissory Note (Allonge)* por $26,852,836 suscrita por
   Javier E. Ramos Hernández, Director Ejecutivo de la ACT ante la Notario Público
   Marguileán Rivera Amill, testimonio 1,009.

7. *Second Amendment to Promissory Note (Allonge)* por $21,791,245 suscrita por
   Javier E. Ramos Hernández, Director Ejecutivo de la ACT ante la Notario Público
   Marguileán Rivera Amill, testimonio 1,010.



**BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO**

ACT $406,174,788
Página 2
10 de diciembre de 2014

8.  Certificación de la Resolución 10367 de la Junta de Directores del Banco aprobada en reunión convocada y celebrada el 27 de junio de 2014.

9.  Certificación de la Resolución 2014-74 de la Junta de Directores de la ACT aprobada en reunión convocada y celebrada el 22 de septiembre de 2014.

10. Copia de la carta de compromiso con fecha del 3 de noviembre de 2014 aceptada el 9 de diciembre de 2014 por Javier E. Ramos Hernández, Director Ejecutivo de la ACT.

Agradeceré que incorporen estos documentos a los originales custodiados en dicha bóveda.

Marguileán Rivera Amill
Asesora Legal

Anejos

c   Arnaldo Maestre (con anejos)

31208

## NINTH AMENDMENT TO LOAN AGREEMENT

**NINTH AMENDMENT TO LOAN AGREEMENT** by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and the **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

**WHEREAS**, on August 27, 2010, the Authority and the Bank executed a Loan Agreement (the "Loan Agreement") for the total principal non revolving amount of **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the "Loan"), to provide interim financing to (i) pay certain costs of certain capital improvements to the Authority's facilities including those incurred or to be incurred in the acquisition, construction, equipping, installation and development of the Capital Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS**, the Loan was evidenced by two Promissory Notes payable to the Bank, issued on the same date as the Loan Agreement, one for the amount of $70,937,649.25 associated with the Capital Expenditures (the "HTA BAB Note"), and the other for the amount of $47,362,350.75 associated with the Operating Expenses (the "HTA Operating Note");

**WHEREAS**, on November 8, 2010 the Authority and the Bank executed a First Amendment to Loan Agreement (the "First Amendment") to increase the total principal amount of the Loan by $83,862,215 for a total maximum amount of **TWO HUNDRED TWO MILLION ONE HUNDRED SIXTY TWO THOUSAND TWO HUNDRED FIFTEEN DOLLARS ($202,162,215)**, to provide additional funds for the Capital Improvement Program for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; for operational expenses attributable to fiscal year 2011; and $7,350,000 for the Authority's contribution to improvements to PR Road 177 pursuant to the Memorandum of Understanding dated on July 12, 2010 between the Bank, the Authority, the Puerto Rico Electric Power Authority and the Municipality of Bayamón;

**WHEREAS**, the First Amendment was evidenced by a First Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $89,752,969.25; a First Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $105,059,245.75, and an additional Promissory Note for the amount of $7,350,000 (the "PR Road 177 Note");

30903

2

**WHEREAS,** on February 14, 2011 the Authority and the Bank executed a Second Amendment to Loan Agreement (the "Second Amendment") to increase the total principal amount of the Loan by $69,750,126 for a total maximum amount of **TWO HUNDRED SEVENTY ONE MILLION NINE HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($271,912,341),** to provide additional funds for the Capital Improvement Program and operational expenses for fiscal year 2010; for the Capital Improvement Program for fiscal year 2011; and for operational expenses attributable to fiscal year 2011;

**WHEREAS,** the Second Amendment was evidenced by a Second Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $124,592,410.25; a Second Amendment to Promissory Note (Allonge) to the HTA Operating Note to increase the amount to $139,969,930.75;

**WHEREAS,** on April 28, 2011 the Authority and the Bank executed a Third Amendment to Loan Agreement (the "Third Amendment") to increase the total principal amount of the Loan by $28,700,000 for a total maximum amount of **THREE HUNDRED MILLION SIX HUNDRED TWELVE THOUSAND THREE HUNDRED FORTY ONE DOLLARS ($300,612,341)** to provide operational funds to the Metropolitan Bus Authority ("MBA"); and to provide financial assistance to the Maritime Transportation Authority ("MTA") in the execution of a contractual agreement with a private entity for the operation of the Fajardo to Vieques and Culebra system, after declaring the State of Emergency of the transportation service to the Island Municipalities of Vieques and Culebra and a State of Fiscal Emergency for the MTA;

**WHEREAS,** the Third Amendment was evidenced by a Promissory Note in the amount of $4,700,000 (the "MBA Note") and a Promissory Note in the amount of $24,000,000 (the "MTA Note");

**WHEREAS,** on May 17, 2011 the Authority and the Bank executed a Fourth Amendment to Loan Agreement (the "Fourth Amendment") to increase the total amount of the Loan by $102,709,611 for a total maximum amount of **FOUR HUNDRED THREE MILLION THREE HUNDRED TWENTY ONE THOUSAND NINE HUNDRED FIFTY TWO DOLLARS ($403,321,952),** to provide additional resources for the Authority's operational and Capital Improvement Program expenses, to pay a judgment due by the Authority to Redondo Construction Company; to provide additional operational funds to the MBA for Fiscal Year 2011; and to provide authorization to use the maximum amount of $2,700,000, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment to provide financial assistance to the MTA, to pay insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra;

**WHEREAS,** the Fourth Amendment was evidenced by a Third Amendment to Promissory Note (Allonge) to the HTA BAB Note to increase the amount to $127,714,461.25; a Third Amendment to Promissory Note (Allonge) to the HTA

30903

Operating Note to increase the amount to $206,213,756.75; a First Amendment to Promissory Note (Allonge) to the MBA Note to increase the amount to $16,252,489; and a Promissory Note in the amount of $21,791,245 (the "Redondo Note");

WHEREAS, on January 20, 2012, the Authority and the Bank executed a Fifth Amendment to Loan Agreement (the "Fifth Amendment") to include the following additional uses for the $24,000,000 borrowed from the Lender pursuant to the Third Amendment: (a) drafting of a document for "Invitation for Bidding"("IFB") of Operational Support; (b) support to the MTA for analyzing, documenting and solving the issues communicated by the various regulatory agencies that provide federal funds, among others, and which caused the state of emergency in the agency; (c) support to the MTA in making permanent improvements to the internal processes within the agency that result in effective and efficient service, and include the negotiation of the collective agreements to obtain economic and operational efficiencies necessary for the process; and, (d) contracting of one or various suppliers to assist the MTA to cover the deficiencies in its services to the citizens of Fajardo, Vieques and Culebra;

WHEREAS, on March 19, 2012, the Authority and the Bank executed a Sixth Amendment to Loan Agreement (the "Sixth Amendment") to use the maximum amount of $2,680,518.62, from the $24,000,000 it borrowed from Lender pursuant to the Third Amendment, to pay the current insurance coverage for the vessels used by the MTA to provide transportation to the Island Municipalities of Vieques and Culebra, and for the payment of the endorsement of the National Guard vessels for the year 2011;

WHEREAS, on August 28, 2013, the Authority and the Bank executed a Seventh Amendment to Loan Agreement (the "Seventh Amendment") in order to extend the maturity date of the Loan to August 31, 2014;

WHEREAS the Seventh Amendment was evidenced by a Fourth Amendment to Promissory Note (Allonge) to the HTA BAB Note; a Fourth Amendment to Promissory Note (Allonge) to the HTA Operating Note; a First Amendment to Promissory Note (Allonge) to the PR Road 177 Note; a Second Amendment to Promissory Note (Allonge) to the MBA Note; a First Amendment to Promissory Note (Allonge) to the MTA Note; and a First Amendment to Promissory Note (Allonge) to the Redondo Note;

WHEREAS, on October 17, 2013, the Authority and the Bank executed an Eighth Amendment to Loan Agreement (the "Eighth Amendment") in order to increase the $24,000,000 portion of the Loan that the Authority currently subsidizes to the MTA by $2,852,836 to provide additional financial assistance to the MTA, thereby increasing the maximum amount of the Loan to **FOUR HUNDRED SIX MILLION ONE HUNDRED SEVENTY FOUR THOUSAND SEVEN HUNDRED EIGHTY EIGHT DOLLARS ($406,174,788);**

30903

**WHEREAS**, the Eighth Amendment was evidenced by a Second Amendment to Promissory Note (Allonge) to the MTA Note to increase the amount to $26,852,836.

**WHEREAS**, the Loan matures on August 31, 2014, and it is payable from the proceeds of bonds to be issued by the Authority, proceeds from the concession of any of the Authority's assets pursuant to the Public Private Partnerships Act, or from any available resources of the Authority;

**WHEREAS**, pursuant to the terms of Resolution 10367 adopted by the Board of Directors of the Bank on June 27, 2014, the Bank approved an extension to the maturity date of the Loan to August 31, 2015, subject to certain terms and conditions; and

**WHEREAS**, pursuant to Resolution Number 2014-74 adopted by the Board of Directors of the Authority on September 22, 2014, the Borrower accepted the conditions required by the Lender to extend the maturity date of the Loan.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, subject to the terms and conditions contained herein, the parties hereto agree to this Ninth Amendment to Loan Agreement, as follows:

1.   The first sentence of numbered Paragraph 5 of the Loan Agreement, as amended, is hereby amended to read as follows:

"The principal amount of the Loan shall mature and be due and payable on August 31, 2015."

2.   The extension of the maturity date of the Loan to August 31, 2015 shall be evidenced by a Fifth Amendment to the HTA BAB Note (Allonge); a Fifth Amendment to the HTA Operating Note (Allonge); a Second Amendment to the PR Road 177 Note (Allonge); a Third Amendment to the MBA Note (Allonge); a Third Amendment to the MTA Note (Allonge); and a Second Amendment to the Redondo Note (Allonge).

3.   The Borrower covenants and agrees to pay to the Lender for this transaction a financial service fee of One Hundred Forty Two Thousand Fifty Eight Dollars and Twenty Six Cents ($142,058.26), which is equal to 1/25 of 1% of the Loan up to $100,000,000 and 1/30 of 1% of the Loan over $100,000,00.

4.   The parties agree that this Ninth Amendment to Loan Agreement does not constitute a novation of the obligations set forth in the Loan Agreement, and its related Notes, all as amended, and that all provisions therein not inconsistent with this Ninth Amendment to Loan Agreement, shall remain unchanged, binding and in full force and effect.

30903

5.    The rights and obligations of the parties to this Ninth Amendment to Loan Agreement are not intended for the benefit of and shall not be construed to create rights in parties other than the Borrower and the Lender.

6.    In the event that any provision of this Ninth Amendment to Loan Agreement is held to be invalid in any circumstance, such invalidity shall not affect any other provisions or circumstances.

7.    This Ninth Amendment to Loan Agreement shall be governed by the laws of the Commonwealth of Puerto Rico.

8.    Pursuant to Resolution 10367, adopted by the Board of Directors of the Bank on June 27, 2014, this Ninth Amendment to Loan Agreement is intended as a declaration of intent under U.S. Treasury Department Regulation Section 1.150-2.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF**, the Borrower and the Lender have caused this Ninth Amendment to Loan Agreement to be executed and delivered by their respective officers thereunto duly authorized, in San Juan, Puerto Rico.

**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO**

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____

Jorge A. Clivillés Díaz
Executive Vice President and
Fiscal Agent

By: _____

Javier E. Ramos Hernández
Executive Director

Testimony No. 1,003

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on December 9, 2014.

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

_____
Notary Public

Testimony No. 1,004

Recognized and subscribed before me by Jorge A. Clivillés Díaz, as Executive Vice President and Fiscal Agent of the Government Development Bank for Puerto Rico, of legal age, married, executive and resident of San Juan, Puerto Rico, personally known to me.

In San Juan, Puerto Rico, on December 9, 2014.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

30903

## FIFTH AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$127,714,461.25**                               **Due: August 31, 2015**

The terms of the Promissory Note in the principal amount of **SEVENTY MILLION NINE HUNDRED THIRTY SEVEN THOUSAND SIX HUNDRED FORTY NINE DOLLARS AND SEVENTY FIVE CENTS ($70,937,649.75)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY"), to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lado, as amended by a First Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Acting Executive Subdirector of the AUTHORITY on November 8, 2010, before Notary Public María de Lourdes Rodríguez; as amended by a Second Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Executive Subdirector of the AUTHORITY on February 14, 2011, before Notary Public Zoraya Betancourt Calzada; as amended by a Third Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the AUTHORITY on May 17, 2011 to increase the maximum amount to **ONE HUNDRED TWENTY SEVEN MILLION SEVEN HUNDRED FOURTEEN THOUSAND FOUR HUNDRED SIXTY ONE DOLLARS AND TWENTY FIVE CENTS ($127,714,461.25)**, before Notary Public María de Lourdes Rodríguez; as amended by a Fourth Amendment to Promissory Note (Allonge) executed by Javier E. Ramos Hernández in his capacity as Executive Director of the AUTHORITY on August 28, 2013, before Notary Public Belén Fornaris Alfaro; is hereby further amended to extend the maturity date to August 31, 2015.



This Fifth Amendment to Promissory Note is executed in connection with the Ninth Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Fifth Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF**, the Puerto Rico Highway and Transportation Authority have caused this Fifth Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _7_ day of December, 2014.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No._1,005_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

San Juan, Puerto Rico, on December _9_, 2014.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

30903

## FIFTH AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$206,213,756.75**                                       **Due:**      **August 31, 2015**

The terms of the Promissory Note in the principal amount of **FORTY SEVEN MILLION THREE HUNDRED SIXTY TWO THOUSAND THREE HUNDRED FIFTY DOLLARS AND SEVENTY FIVE CENTS ($47,362,350.75)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY"), to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK"), on August 27, 2010, before Notary Public María de los Ángeles Irizarry Lado; as amended by a First Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Acting Executive Subdirector of the AUTHORITY on November 8, 2010, before Notary Public María de Lourdes Rodríguez; as amended by a Second Amendment to Promissory Note (Allonge) executed by Javier Hernández Scimeca, in his capacity as Executive Subdirector of the AUTHORITY on February 14, 2011, before Notary Public Zoraya Betancourt Calzada; as amended by a Third Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the AUTHORITY on May 17, 2011 to increase the maximum amount to **TWO HUNDRED SIX MILLION TWO HUNDRED THIRTEEN THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND SEVENTY FIVE CENTS ($206,213,756.75)**, before Notary Public María de Lourdes Rodríguez; as amended by a Fourth Amendment to Promissory Note (Allonge) executed by Javier E Ramos Hernández in his capacity as Executive Director of the AUTHORITY on August 28, 2013, before Notary Public Belén Fornaris Alfaro; is hereby further amended to extend the maturity date to August 31, 2015.

This Fifth Amendment to Promissory Note is executed in connection with the Ninth Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Fifth Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Fifth Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _7_ day of December, 2014.

**PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY**

By: _____

Javier E. Ramos Hernández
Executive Director

Testimony No._1,006_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on December _9_, 2014.

_____
Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 198~

## SECOND AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$7,350,000**                                    **Due:**     **August 31, 2015**


The terms of the Promissory Note in the principal amount of **SEVEN MILLION THREE HUNDRED FIFTY THOUSAND DOLLARS ($7,350,000)** executed by Javier Hernández Scimeca, in his capacity as Acting Executive Subdirector of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY"), to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on November 8, 2010, before Notary Public María de Lourdes Rodríguez; as amended by a First Amendment to Promissory Note (Allonge) executed by Javier E. Ramos Hernández in his capacity as Executive Director of the AUTHORITY on August 28, 2013, before Notary Public Belén Fornaris Alfaro; is hereby amended to extend the maturity date to August 31, 2015.

This Second Amendment to Promissory Note is executed in connection with the Ninth Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Second First Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF**, the Puerto Rico Highway and Transportation Authority have caused this Second Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _9_ day of December, 2014.

**PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY**


By: _Jaue CN_
Javier E. Ramos Hernández
Executive Director


Testimony No. _4,007_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on December _9_, 2014.


_Marguilean Rivera Amill_
Notary Public

**EXENTO DEL PAGO DE ARANCEL**
**LEY 47 DE 4 DE JUNIO DE 1982**

## THIRD AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$16,252,489**                                   **Due: August 31, 2015**

The terms of the Promissory Note in the principal amount of **FOUR MILLION SEVEN HUNDRED THOUSAND DOLLARS ($4,700,000)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY") to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on April 28, 2011, before Notary Public Zoraya Betancourt Calzada; as amended by a First Amendment to Promissory Note (Allonge) executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the AUTHORITY on May 17, 2011 to increase the maximum amount to **SIXTEEN MILLION TWO HUNDRED FIFTY TWO THOUSAND FOUR HUNDRED EIGHTY NINE DOLLARS ($16,252,489)**, before Notary Public María de Lourdes Rodríguez; as amended by a Second Amendment to Promissory Note (Allonge) executed by Javier E. Ramos Hernández in his capacity as Executive Director of the AUTHORITY on August 28, 2013, before Notary Public Belén Fornaris Alfaro, is hereby further amended to extend the maturity date to August 31, 2015.

This Third Amendment to Promissory Note is executed in connection with the Ninth Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Third Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF**, the Puerto Rico Highway and Transportation Authority have caused this Third Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _9_ day of December, 2014.

**PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY**

By: _____
Javier E. Ramos Hernández
Executive Director

Testimony No. _1,008_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on December _9_, 2014.

_____
Notary Public

**EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982**

## THIRD AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$26,852,836**                                        **Due: August 31, 2015**

The terms of the Promissory Note in the principal amount of **TWENTY FOUR MILLION DOLLARS ($24,000,000)** executed by Rubén A. Hernández Gregorat in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY") to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on April 28, 2011 before Notary Public Zoraya Betancourt Calzada, as amended by a (i) First Amendment to Promissory Note (Allonge) executed on August 28, 2013 by Javier E. Ramos Hernández, in his capacity as Executive Director of the AUTHORITY, before Notary Public Belén Fornaris Alfaro, to extend the maturity date to August 31, 2014, and by a (ii) Second Amendment to Promissory Note (Allonge) executed on October 17, 2013 by Javier E. Ramos Hernández, in his capacity as Executive Director of the AUTHORITY, before Notary Public Belén Fornaris Alfaro, to increase the maximum amount to **TWENTY SIX MILLION EIGHT HUNDRED FIFTY TWO THOUSAND EIGHT HUNDRED THIRTY SIX DOLLARS ($26,852,836),** is hereby further amended to extend its maturity date to August 31, 2015.

This Third Amendment to Promissory Note is executed in connection with the Ninth Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Third Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF**, the Puerto Rico Highway and Transportation Authority have caused this Third Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _9_ day of December, 2014.

                              **PUERTO RICO HIGHWAYS AND**
                              **TRANSPORTATION AUTHORITY**


                              By: _____
                                  Javier E. Ramos Hernández
                                  Executive Director


Testimony No. _1,009_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on December _9_, 2014.


                              _____
                                  Notary Public

**EXENTO DEL PAGO DE ARANCEL**
**LEY 47 DE 4 DE JUNIO DE 1982**

## SECOND AMENDMENT TO PROMISSORY NOTE
## (ALLONGE)

**$21,791,245**                                                    **Due: August 31, 2015**

The terms of the Promissory Note in the principal amount of **TWENTY ONE MILLION SEVEN HUNDRED NINETY ONE THOUSAND TWO HUNDRED FORTY FIVE DOLLARS ($21,791,245)** executed by Rubén A. Hernández Gregorat, in his capacity as Executive Director of the PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY (the "AUTHORITY") to the order of the GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO (the "BANK") on May 17, 2011, before Notary Public María de Lourdes Rodríguez; as amended by a First Amendment to Promissory Note (Allonge) executed by Javier E. Ramos Hernández in his capacity as Executive Director of the AUHTORITY on August 28, 2013; is hereby amended to extend the maturity date to August 31, 2015.

This Second Amendment to Promissory Note is executed in connection with the Ninth Amendment to Loan Agreement between the AUTHORITY and the BANK, executed on this same date. All other provisions of the referenced Promissory Note, as amended, not inconsistent with this Second Amendment to Promissory Note, shall remain unchanged, binding and in full force and effect.

**IN WITNESS WHEREOF,** the Puerto Rico Highway and Transportation Authority have caused this Second Amendment to Promissory Note to be signed by its Executive Director, in San Juan, Puerto Rico, this _7_ day of December, 2014.

**PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY**


By: _____
    Javier E. Ramos Hernández
    Executive Director

Testimony No._1,010_

Recognized and subscribed before me by Javier E. Ramos Hernández, as Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married, engineer and resident of Bayamón, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on December _9_, 2014.


_____
            Notary Public

EXENTO DEL PAGO DE ARANCEL
LEY 47 DE 4 DE JUNIO DE 1982

ESTADO LIBRE ASOCIADO DE

# PUERTO RICO

Banco Gubernamental de Fomento
para Puerto Rico

## CERTIFICACIÓN

Yo, **OLGA L. ORTIZ GUADALUPE**, Secretaria Auxiliar de la Junta de Directores del

Banco Gubernamental de Fomento para Puerto Rico, **CERTIFICO** que la **Resolución 10367**

es una copia fiel y exacta de la original que se encuentra bajo mi custodia.  La misma fue adoptada

por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico, en reunión

debidamente convocada y celebrada el 27 de junio de 2014.

**CERTIFICO, ADEMÁS**, que dicha Resolución no ha sido derogada, revocada o

anulada y se encuentra con toda su fuerza y vigor.

## RESOLUCIÓN 10367

**AUTORIZA EXTENDER EL VENCIMIENTO DEL FINANCIAMIENTO
POR $406,174,788 QUE LA AUTORIDAD DE CARRETERAS Y
TRANSPORTACIÓN MANTIENE CON EL BANCO GUBERNAMENTAL
DE FOMENTO PARA PUERTO RICO HASTA EL 31 DE AGOSTO DE 2015**

**POR CUANTO,** la Autoridad de Carreteras y Transportación (ACT) tiene un
financiamiento por $406,174,788 con el Banco Gubernamental de Fomento para Puerto Rico
(BGF), que se utilizó para proyectos de mejoras capitales, cubrir gastos operacionales, mejoras a
la Carretera PR-177, pagar una sentencia judicial a favor de Redondo Construction, cubrir el
pago de nómina y otros gastos operacionales de la Autoridad Metropolitana de Autobuses
(AMA) y para el subsidio de la Autoridad de Transporte Marítimo (ATM);

**POR CUANTO,** este financiamiento fue autorizado por la Junta de Directores del BGF,
originalmente, por hasta un máximo de $118,300,000, mediante la Resolución 9319 de 21 de
julio de 2010.  Posteriormente, en varias ocasiones, fue enmendado, tanto por la Junta de
Directores del BGF como por su Comité Ejecutivo, mediante las Resoluciones
9379 de 20 de octubre de 2010, 9431 de 26 de enero de 2011, CE-2011-24 y CE-2011-25
de 5 de abril de 2011, 9493, 9494, 9495 y 9496 de 20 de abril de 2011, 9586 de 17 de agosto
de 2011, CE-2012-25 de 16 de marzo de 2012, 10038 de 15 de mayo de 2013 y 10101
de 17 de julio de 2013, por lo que la cuantía máxima autorizada en el financiamiento alcanzó los
$406,174,788 con vencimiento al 31 de agosto de 2014;

**POR CUANTO,** el balance disponible para desembolso de este financiamiento es de
$2,578,394.37 para el proyecto de la carretera PR-177 y $49,083.48 para subsidiar los gastos de
la Autoridad de Transporte Marítimo;

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525



BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

Junta de Directores del BGF
Certificación de la Resolución 10367
Página 2 de 2
Aprobada el 27 de junio de 2014

**POR CUANTO**, la Legislatura de Puerto Rico aprobó medidas que incrementan los ingresos de la ACT por aproximadamente $276,000,000 anuales para que pueda continuar con su programa de emisiones de bonos y paguen las líneas de crédito con el BGF;

**POR CUANTO**, la fuente de pago de este financiamiento son futuras emisiones de bonos y el producto de las alianzas público-privadas, así como cualquier otro recurso disponible de la ACT;

**POR CUANTO**, al 31 de mayo de 2014, este financiamiento tiene un balance de principal ascendente a $403,397,637 e intereses acumulados por $6,132,083;

**POR CUANTO,** la gerencia del BGF recomendó a la Junta de Directores enmendar este financiamiento con el propósito de extender su vencimiento hasta el 31 de agosto de 2015;

**POR TANTO, RESUÉLVASE** por la Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico aprobar a la Autoridad de Carreteras y Transportación (ACT) una extensión en la fecha de vencimiento del financiamiento por $406,174,788 vigente con el Banco Gubernamental de Fomento para Puerto Rico (BGF) hasta el 31 de agosto de 2015, bajo las condiciones siguientes:

1. La ACT presentará una resolución de su Junta de Directores en la que acepten los términos y condiciones establecidos en esta Resolución para la extensión a la fecha de vencimiento del financiamiento y autoricen al Director Ejecutivo de la ACT o cualquier otro oficial a firmar los documentos legales de esta enmienda.

2. La ACT pagará al BGF los honorarios correspondientes por esta transacción, según la política vigente a los efectos.

**RESUÉLVASE, ADEMÁS,** autorizar al Presidente del BGF o el Vicepresidente Ejecutivo de Financiamiento o cualquier vicepresidente designado por el Presidente a negociar cualquier término o condición existente, siempre y cuando sea para cumplir con lo autorizado en esta Resolución, salvaguardando los mejores intereses del BGF.

Los demás términos y condiciones de las Resoluciones aquí mencionadas, que no estén en contravención con esta Resolución se mantendrán inalterados.

Esta Resolución se aprueba como una Declaración de Intención bajo la Sección 1.150-2 de la Regulación del Departamento del Tesoro Federal (*U.S. Treasury Department Regulation Section 1.150-2*) y tendrá vigencia inmediata después de su aprobación.

**Y PARA QUE ASÍ CONSTE**, suscribo y estampo el sello corporativo del Banco Gubernamental de Fomento para Puerto Rico. En San Juan, Puerto Rico, hoy, viernes, 22 de agosto de 2014.

OLGA L. ORTIZ GUADALUPE
SECRETARIA AUXILIAR

**(SELLO)**

39180

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS



**RESOLUCION NUM. 2014-74**

**PARA AUTORIZAR LA EXTENSION DE LA FECHA DE VENCIMIENTO DE LAS LINEAS DE CREDITO POR $406,174,788 Y $197,721,815 QUE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACION MANTIENE CON EL BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**

**POR CUANTO**: Mediante la Ley Núm. 41-2014 se creó una Junta de Directores en la Autoridad de Carreteras y Transportación (en adelante la "Autoridad") y se dispuso que los poderes y deberes de la Autoridad serán ejercidos por dicha Junta.

**POR CUANTO**: La Ley Núm. 41-2014, supra, dispone que para fines de la primera Junta de Directores de la Autoridad que corresponda crearse luego de la aprobación de dicha ley, se faculta a que la misma se constituya, y que actúe en el pleno ejercicio de sus poderes, con los cuatro (4) miembros *ex officio* llamados a integrarla, mientras se designa por el Gobernador y se confirma por el Senado a los restantes tres (3) miembros de esta Junta.

**POR CUANTO**: En Reunión Ordinaria de la Junta, celebrada el 22 de septiembre de 2014, el Director Ejecutivo de la Autoridad sometió a la Junta una solicitud para la autorización de la extensión de la fecha de vencimiento de dos (2) líneas de crédito que esta Autoridad mantiene con el Banco Gubernamental de Fomento para Puerto Rico (BGF) por las cantidades de $406,174,788 y $197,721,815. Al 31 de mayo de 2014, la línea de crédito por $197,721,815 tiene un balance de principal ascendente a $171,604,829 e intereses acumulados por $20,846,634. Al 31 de mayo de 2014, la línea de crédito por $406,174,788 tiene un balance de principal ascendente a $403,397,637 e intereses acumulados por $6,132,083.

**POR CUANTO**: La fecha de vencimiento de ambas líneas de crédito fue el 31 de agosto de 2014.

**POR CUANTO**: Mediante las Resoluciones 10367 y 10368, adoptadas el 27 de junio de 2014, la Junta de Directores del BGF aprobó la extensión de la fecha de vigencia de ambas líneas de crédito hasta el 31 de agosto de 2015.

Resolución Número 2014-74
Página **2** de **2**

**POR CUANTO**: Luego de discutido extensamente el asunto, la Junta aprobó que la Autoridad de Carreteras y Transportación extienda la fecha de vencimiento de estas líneas de crédito con el BGF hasta el 31 de agosto de 2015.

**POR TANTO: RESUÉLVASE POR ESTA JUNTA DE DIRECTORES:**

1) Autorizar la extensión de la fecha de vencimiento de las líneas de crédito por $406,174,788 y $197,721,815 que la Autoridad de Carreteras y Transportación mantiene con el Banco Gubernamental de Fomento para Puerto Rico hasta el 31 de agosto de 2015.

2) La Autoridad pagará al Banco Gubernamental de Fomento para Puerto Rico los honorarios correspondientes por esta transacción, según la política vigente a estos efectos.

3) Autorizar al Director Ejecutivo de la Autoridad, Ing. Javier E. Ramos Hernández, a aceptar los términos y condiciones establecidos por el Banco Gubernamental de Fomento de Puerto Rico como condición para estas extensiones y a que se firmen los acuerdos necesarios para su ejecución.

4) Autorizar al Director Ejecutivo de la Autoridad, Ing. Javier E. Ramos Hernández, a firmar los documentos legales correspondientes a estas extensiones de fechas de vencimiento.

5) Esta resolución tendrá vigencia inmediata.

**NOSOTROS, HON. MIGUEL A. TORRES DÍAZ**, Presidente de la Junta de Directores, y **LCDA. YASMÍN M. SANTIAGO ZAYAS**, Secretaria de la Junta de Directores de la Autoridad de Carreteras y Transportación, **CERTIFICAMOS** que la que antecede es una Resolución fiel y exacta aprobada por la Junta de Directores en Reunión Ordinaria celebrada en San Juan, Puerto Rico, a 22 de septiembre de 2014.

**HON. MIGUEL A. TORRES DIAZ**
Presidente de la Junta
Secretario, Departamento de Transportación y Obras Públicas

**LCDA. YASMIN M. SANTIAGO ZAYAS**
Secretaria de la Corporación

## CERTIFICACIÓN

Yo, Yasmín M. Santiago Zayas, Secretaria de la Corporación, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2014-74** aprobada por la Junta de Directores de la Autoridad de Carreteras y Transportación el 22 de septiembre de 2014.

En testimonio de lo cual, firmo y estampo el Sello Oficial de la Autoridad de Carreteras y Transportación, hoy 28 de octubre de 2014.


Yasmín M. Santiago Zayas
Secretaria de la Corporación



ESTADO LIBRE ASOCIADO DE
PUERTO RICO
Banco Gubernamental de Fomento
para Puerto Rico

3 de noviembre de 2014

Ing. Javier E. Ramos Hernández
Director Ejecutivo
Autoridad de Carreteras y Transportación
Apartado 42007
San Juan, PR   00940-2007

Estimado ingeniero Ramos:

La Junta de Directores del Banco Gubernamental de Fomento para Puerto Rico (BGF)
mediante la Resolución 10367 autorizó a extender el vencimiento del financiamiento por
$406,174,788 que la Autoridad de Carreteras y Transportación mantiene con el Banco
Gubernamental de Fomento para Puerto Rico hasta el 31 de agosto de 2015.

Para poder formalizar esta enmienda, la ACT se compromete a pagar al BGF los
honorarios por servicios de asesoría financiera, de conformidad con la política vigente a
estos efectos.

Le incluimos la Resolución 10367 con todos los términos y condiciones establecidos para
esta enmienda.

De estar de acuerdo con los términos de este financiamiento, favor de firmar la copia de
esta carta que se acompaña. De tener cualquier pregunta se puede comunicar con el que
suscribe al (787)722-2525 extensión 15250.

Cordialmente,

Jesús M. García
Vicepresidente y Director
Departamento de Financiamiento
   de Obligaciones de Rentas

c  Sr. José V. Pagán - VPE Financiamiento – BGF
    Sr. Arnaldo Maestre – Ejecutivo de Cuentas Senior
    Sra. Brenda González – Analista de Obligaciones de Renta

Anejo

Firma: _____

Fecha: 9/Dic/2014

PO Box 42001
San Juan, PR 00940-2001
Teléfono (787) 722-2525

BGF   BANCO
GUBERNAMENTAL
DE FOMENTO PARA
PUERTO RICO

**LOAN AGREEMENT**

This **LOAN AGREEMENT**, dated as of August 27, 2010 by and between the **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (the "Authority" or the "Borrower") and **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO** (the "Bank" or the "Lender"),

### W I T N E S S E T H

**WHEREAS**, the Authority is in need of obtaining financing to satisfy its obligations to (i) pay certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain capital improvements to the Authority's facilities including those in its Construction Improvement Program for fiscal year 2010 and 2011, and paying certain costs associated with the automatization of the Authority's toll collection systems (collectively, the "Project"), and (ii) pay certain other suppliers of the Authority;

**WHEREAS**, the Authority has requested that the Bank provide such financing on an interim basis;

**WHEREAS**, on July 29, 2010 the Bank issued its $151,259,000 Senior Notes, 2010 Series B (Issuer Subsidy Build America Bonds) (the "GDB Notes") to, among other things, fund a portion of this interim financing to be used to finance capital expenditures of the Authority;

**WHEREAS**, the Authority intends to repay this interim financing with the proceeds of a future bond issuance of the Authority, any proceeds available after the concession pursuant to the provisions of Act 29 of June 8, 2009, the Public Private Partnerships Act, of certain of its assets, or any other available resources of the Authority;



**WHEREAS**, the Bank is willing to provide such financing, but in an amount not to exceed $118,300,000 in accordance with the terms and conditions herein below set forth, which the Bank understands will be enough to cover the immediate and urgent need of funds of the Authority;

**WHEREAS**, the Borrower and the Lender intend that this Loan Agreement and the Loan be subject to the terms of the Fiscal Oversight Agreement, dated as of July 6, 2009, as may be amended from time to time, between the Lender and the Borrower (the "Fiscal Oversight Agreement");

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  Subject to the terms and conditions contained herein, the Lender hereby agrees to make non-revolving advances to the Borrower (each, an "Advance") under a non-revolving line of credit in an aggregate principal amount not to exceed **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)** (the

"Loan") for the purpose of (i) paying certain costs incurred or to be incurred in the acquisition, construction, equipping, installation and development of certain capital improvements to the Authority's facilities, which shall not exceed $14,435,604.25 and $30,402,045 for fiscal years 2010 and 2011, respectively; and paying certain costs associated with the automatization of the Authority's toll collection systems, which shall not exceed $26,100,000 (collectively, the "Capital Expenditures"); and (iii) paying certain other operating expenses of the Authority, as authorized by the Lender, up to $47,362,350.75 (the "Operating Expenses" and, together with the Capital Expenditures, the "Permitted Expenses").

2. The Borrower shall use each Advance only for the payment or reimbursement of Permitted Expenses (as defined herein), as such Permitted Expenses are incurred by the Borrower and within the maximum limits established in the Borrower's Fiscal Improvement Plan (as defined in the Fiscal Oversight Agreement) and the 2010-2013 Plan (collectively, the "Borrower's Plan"). Permitted Expenses shall be deemed to have been "incurred" by the Borrower (i) when the labor has been performed or the materials have been supplied to the Borrower, (ii) payment therefor has been requested by the supplier thereof, and (iii) such supplier is entitled to the payment.

3. The Loan shall be evidenced by two Promissory Notes in an aggregate principal amount of not to exceed **ONE HUNDRED EIGHTEEN MILLION THREE HUNDRED THOUSAND DOLLARS ($118,300,000)**. One shall be used to fund the Capital Expenditures (the "HTA BAB Note") and the other to fund the Operating Expenses (the "HTA Operating Note") mentioned in Section 1 above. Both Promissory Notes shall be substantially in the form attached hereto as <u>Exhibit A</u>, subscribed on this same date by the Borrower and payable to the order of the Lender. Each borrowing made by the Borrower under Section 1 above (a "Borrowing") shall reduce the amount of the Loan ratably by the principal amount of such Borrowing.



4. Unless otherwise agreed to by the Lender, the Borrower may request an Advance in writing by not later than 11:00 a.m. (Puerto Rico time) at least three (3) Banking Days prior to the date of the proposed Advance by an authorized representative of the Borrower and shall specify the (i) requested date of such Advance, (ii) aggregate amount of such Advance, and (iii) a list of suppliers or service providers to be paid with the proceeds of such Advance, the address of each such supplier or service provider, the number or other method of identification of the invoices being paid and the amount being paid with respect to each such invoice, and shall include a copy of all such invoices. The Lender shall fund the requested Advance on the date requested in such notice (which must be a Banking Day) and indicate under which Note the Advance is been funded. Each request for an Advance given by the Borrower to the Lender shall be in the form attached hereto as <u>Exhibit B</u>. A request for an Advance from the Borrower, once received by the Lender, shall be irrevocable and binding on the Borrower. For the purposes of this Loan Agreement, "Banking Day" means any day on which commercial banks are open for business in San Juan, Puerto Rico.

5. The principal amount of the Loan shall mature and be due and payable on August 27, 2013. Said principal amount shall be payable solely from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions; proceeds

from the concession of any of the Authority's assets pursuant to the provisions of Act 29 of June 8, 2009, the Public Private Partnerships Act, or from any available resources of the Authority. Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Borrower, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance. For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost. Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs. For purposes of this Loan Agreement, the applicable interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent.

Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, the interest rate applicable to the outstanding principal amount of each Advance during any period when an Event of Default shall have occurred and be continuing shall be four percent (4.0%) over the otherwise applicable interest rate (the "Default Rate").



Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Bank of the statement referred to in the next sentence of this paragraph, from any available moneys of the Authority. Each month the Bank shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, as set forth in this Loan Agreement. Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

6. The Borrower will pay a fee equal to .25% of the principal amount of the Loan on or prior the closing date.

7. Notwithstanding anything else in this Loan Agreement, drawings under the Loan shall be conditioned on the retention by the Authority, at the Authority's expense, of (i) a financial consultant, (ii) an engineer consultant; (iii) a corporate reorganization consultant; and (iv) any other consultants deemed necessary and convenient by GDB, all reasonably acceptable to, and approved by, the Lender, to provide to the Bank a Fiscal Stabilization Plan for the Borrower, in form and substance acceptable to the Bank, not later than 90 days following the date of this Loan Agreement.

25563

8. If there is no disbursement activity on this Loan for a period of six months after its approval by the Board of Director of the Bank, the loan shall be cancelled automatically.

9. If the Borrower (i) issues and sells bonds, notes or other evidences of indebtedness; or (ii) enters into a concession agreement or other form of public-private partnership with respect to any of its assets pursuant to the provisions of Act 29 of June 8, 2009, the Public Private Partnerships Act; in each case in one or more transactions yielding aggregate net proceeds in an amount equal to or greater than the amount of then outstanding Advances, the Borrower shall on the day of such sale (or if a series of sales, on the day of each such sale), prepay all then outstanding advances; provided, however, that no prepayment shall be required in connection with the refunding of indebtedness existing on the date hereof and set forth in <u>Schedule 9</u> and extensions, renewals or replacement of such indebtedness that do not increase the outstanding principal amount thereof.

The Borrower shall use reasonable commercial efforts to issue and sell bonds, notes or other evidences of Indebtedness in one or more transactions yielding aggregate net proceeds sufficient to require the Borrower to prepay the outstanding principal amount of Loan as set forth above, as soon as practical but no later than the Maturity Date without the Lender's consent.



10. The Borrower shall have the right at any time and from time to time to prepay any Borrowing in whole or in part, without penalty or premium, subject to prior notice in accordance with the next sentence. The Borrower shall notify the Lender by telephone (confirmed by fax) of any prepayment hereunder not later than 11:00 a.m., Puerto Rico time, five (5) Business Days before the date of prepayment. Each such notice shall be irrevocable and shall specify the prepayment date and the principal amount of each Borrowing or portion thereof to be prepaid. . Each prepayment of a Borrowing shall be made to the Lender and applied ratably to the Advances included in the prepaid Borrowing. Prepayments shall be applied first to interest due and payable if any, and then to principal of the Loan.

11. This Loan Agreement and the Loan are subject to the terms of the Fiscal Oversight Agreement. The Lender and the Borrower agree to execute any required amendments to the Fiscal Oversight Agreement to evidence their agreement. The Borrower shall from time to time, upon request by the Lender, promptly provide the Lender with such information as to its finances and operations as the Lender shall reasonably request pursuant to the terms of the Fiscal Oversight Agreement.

12. No amendment or waiver of any provisions of this Agreement or consent to any departure by the Borrower herefrom shall be effective unless the same shall be in writing and signed by the Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

13. The representations and warranties made by the Borrower to the Lender under that certain Credit Agreement, dated as of July 6, 2009 (the "Credit Agreement"), by and between the Borrower and the Lender, as lender and administrative agent are hereby incorporated into this Loan Agreement as made on the date hereof.

25563

14. If any of the following events ("Events of Default") shall occur:

(a) the Borrower shall fail to pay any principal of any Advance or any interest on any Advance when and as the same shall become due and payable, whether at the due date thereof or otherwise;

(b) the Borrower shall fail to pay any fee or any other amount (other than an amount referred to in clause (a) of this Article) payable under this Loan Agreement when and as the same shall become due and payable, and such failure shall continue unremedied for a period of three (3) Business Days;

(c) the Borrower shall become unable, admit in writing its inability or fail generally to pay its debts as they become due;

(d) the Borrower shall have defaulted in its obligations under the Fiscal Oversight Agreement, but only for so long as the Bank continues to be a lender hereunder; or

(e) the occurrence of an event of default under the Credit Agreement, the Indenture or any Bond Resolution (as defined in the Credit Agreement); or any other financing provided by the Lender



then, and in every such event, and at any time thereafter during the continuance of such event, the Lender shall, by notice to the Borrower, take either or both of the following actions, at the same or different times: (i) terminate the Loan immediately, and (ii) declare the Advances then outstanding to be due and payable in whole (or in part, in which case any principal not so declared to be due and payable may thereafter be declared to be due and payable) and thereupon the principal of the Advances and other amounts so declared to be due and payable, together with accrued interest thereon and all fees and other obligations of the Borrower accrued hereunder, shall become due and payable immediately, without presentment, demand, protest or other notice of any kind, all of which are hereby waived by the Borrower.

In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due, the Borrower agrees to pay a liquidated sum equal to 10% of the amount of the Loan to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

15. The following tax covenants shall apply to HTA BAB Note funded with the proceeds of the GDB Notes:

(a) The Bank and the Borrower understand that it is the intention hereof that the GDB Notes shall maintain their status as Build America Bonds under Section 54AA(g) of the U.S. Internal Revenue Code (the "Code") and that the Bank will be entitled to apply for and receive the interest subsidy provided under Section 6431 of the Code. In furtherance thereof, the Borrower agrees that it will take all action within its control

which is necessary in order for the GDB Notes to retain their status as Build America Bonds and shall refrain from taking any action which results in the GDB Notes failing to continue to qualify as Build America Bonds.

(b) The Bank and Borrower understand that it is the intention hereof that the HTA BAB Note shall be a tax-exempt obligation the interest on which is excluded from gross income for federal income tax purposes under Section 103 of the Code. In furtherance thereof, the Borrower agrees that it will take all action within its control which is necessary in order for the interest on the HTA BAB Note to remain excluded from federal gross income and shall refrain from taking any action which results in such interest becoming included in federal gross income.

(c) The Borrower will coordinate with the Bank the execution and filing of an IRS Form 8038-G evidencing the issuance of the HTA BAB Note on the closing date of the HTA BAB Note. The Borrower agrees to file any additional reports that are required to be filed by the Borrower with the IRS with regard to the HTA BAB Note or the GDB Notes. The Borrower agrees to provide the Bank with all material and information necessary for the Bank to file all reports required under the Code to assure that the GDB Notes retain their status as Build America Bonds and that interest paid by the Borrower on the HTA BAB Note shall be excluded from federal gross income.

(d) The Borrower agrees that all proceeds derived from the HTA BAB Note, including any investment earnings thereon, shall be used only to pay costs of a type that are properly chargeable to the capital account of the Borrower (or would be so chargeable with a proper election or with the application of the definition of placed in service under Treas. Reg. Section 1.150-2(c)) under general Federal income tax principles.

(e) The Borrower will not use proceeds of the Loan to pay working capital expenditures, pay fees associated with the HTA BAB Note, pay principal or interest on any debt obligation or lease payment on any lease obligation, to make any grant, to make or finance any loan to any person or entity, or to establish a debt service reserve fund.

(f) The Borrower intends to use the proceeds of the Loan to obtain reimbursement for capital expenditures paid prior to the date of closing hereof. The Borrower will not use proceeds of the Loan to reimburse capital expenditures with respect to the Project unless: (i) the reimbursements are for capital expenditures paid after the date that is 60 days before the Borrower adopted a valid reimbursement resolution, or the capital expenditure qualifies as a "preliminary expenditure" or "de minimis expenditure" under Treas. Reg. Section 1.150-2, and (ii) the reimbursement allocation is made not later than 18 months after the later of the date the original capital expenditure was paid or the date the Project is placed in service or abandoned, but in no event more than 3 years after the original capital expenditure was paid.

(g) The Borrower is the owner of the Project for federal income tax purposes and expects to be the owner of the Project for the entire term of the Loan.

25563

(h) The Borrower reasonably expects that the HTA BAB Note will meet neither the private business tests of Section 141(b) of the Code, nor the private loan financing test of Section 141(c) of the Code, for the entire term of the HTA BAB Note. Except as otherwise advised by bond counsel, the Borrower will not enter into any lease with or otherwise grant special legal entitlements to any entity other than a governmental entity or any management or service contract with any entity other than a governmental entity for the operation of any portion of the Project unless the management or service contract complies with the requirements of Revenue Procedure 97-13 or such other authority as may control at the time.

(i) The Borrower agrees to calculate and pay any rebate or yield reduction payments at the times and in the amounts that are required to be made to the Internal Revenue Service under Section 148 of the Code and the Treasury Regulations thereunder with respect to gross proceeds of the HTA BAB Note.

(j) The Borrower will not take or omit to take any action which will adversely affect the exclusion from gross income of the interest on the HTA BAB Note under the Code, including any action or omission which will cause the HTA BAB Note to be an "arbitrage bond" within the meaning of Section 148 of the Code.

(k) The Borrower has entered into, or will enter into within six (6) months after the closing date, substantial binding obligations to a third party to expend an amount equal to at least five percent (5%) of the net proceeds of the Loan on the Project.



(l) The acquisition and construction of the Project and the allocation of the net proceeds of the Loan to expenditures will commence and will proceed with due diligence to completion.

(m) It is estimated that the Project will be acquired or constructed and ready for use by a date not later than three years from the closing date. All of the proceeds of the Loan are expected to be allocated to expenditures on the Project within three (3) years of the closing date.

(n) Any amounts deposited to accounts held or used by the Borrower for the payment of debt service on the HTA BAB Note will be used within 13 months of the date of deposit and any amounts received from the investment of such amounts will be used within one year from the date of receipt to pay debt service on or redeem the HTA BAB Note. Amounts so deposited will be used primarily to achieve a proper matching of revenue and debt service on the HTA BAB Note within each year. Amounts so deposited will be depleted at least once a year except for a reasonable carry over amount not to exceed the greater of (i) one year's earnings on such fund for the immediately preceding HTA BAB Note year or (ii) one-twelfth of annual debt service on the HTA BAB Note for the immediately preceding HTA BAB Note year.

(o) The Borrower does not expect to create or establish any sinking fund or similar fund with respect to the HTA BAB Note. No amounts in the accounts or funds of the Borrower are reserved or pledged for HTA BAB Note payments and it is not expected

that any accounts or funds will be used, nor is there any reasonable assurance that any portion of any accounts or funds will be available for HTA BAB Note payments if the Borrower encounters financial difficulty.

(p) No amount of the proceeds of the Loan will be invested in nonpurpose investments having a substantially guaranteed yield for four years or more.

(q) The Borrower reasonably expects that the average maturity of the HTA BAB Note will not exceed one hundred and twenty percent (120%) of the average reasonably expected economic life of the Project based on when such Project is in fact acquired or constructed.

(r) The payment of principal and interest with respect to the HTA BAB Note will not be guaranteed (in whole or in part) by the United States or any agency or instrumentality of the United States. The proceeds of the HTA BAB Note, or amounts treated as proceeds of the HTA BAB Note, will not be invested (directly or indirectly) in federally insured deposits or accounts, except to the extent such proceeds (i) may be so invested for an initial temporary period until needed for the purpose for which the HTA BAB Note is being issued, (ii) may be so used in making investments of a bona fide debt service fund, or (iii) may be invested in obligations issued by the United States Treasury.

(s) The Borrower agrees to maintain all records and documents relating to the HTA BAB Note, including but not limited to, all records of expenditure and investment of proceeds, rebate exception analyses, rebate calculations, Forms 8038-T, rebate and yield reduction payments and any other records relevant to compliance with the requirements of the Code, for the period that the HTA BAB Note is outstanding and for the three year period following the final maturity or redemption date of any obligations issued to refund the HTA BAB Note.



16. The Borrower waives the requirements of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

17. Any notices which may be given to either party hereunder shall be in writing, and if addressed to the Lender, sent to the offices of the Lender located at Roberto Sánchez Vilella Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Executive Vice President of Financing and Treasury, or to such other address or person as the Lender may hereafter notify the Borrower in writing, and if addressed to the Borrower, sent to the address of the Borrower: Puerto Rico Highway and Transportation Authority, Roberto Sánchez Vilella Government Center, de Diego Avenue, San Juan, Puerto Rico, 00940, Attention: Executive Director, or such other address or person as the Borrower may hereafter notify the Lender in writing. Any such notice, if delivered personally or by facsimile transmission, shall be effective on the date when given, and if sent by mail, shall be effective three (3) Banking Days after posting.

18. This Loan Agreement, together with the Note, the authorizing resolutions and the other documents delivered by the parties in connection with the closing of the Loan, expresses the entire agreement of the parties with respect to the transactions contemplated hereby.

26563

19. This Loan Agreement shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns. The Lender may assign to any other financial institution all or any part of, or any interest in, the Lender's right hereunder and in the Advances, and to the extent of such assignment, such assignee shall have the same rights against the Borrower hereunder as does the Lender. The Borrower may not assign any of its rights nor delegate any of its obligations hereunder without the Lender's prior written consent. This Loan Agreement shall be governed by, and the rights and obligations of the parties hereunder shall be construed in accordance with, the laws of the Commonwealth of Puerto Rico.

*[Remainder of Page Intentionally Left Blank; Signature Page Follows]*

25563

**IN WITNESS THEREOF,** the Borrower and the Lender have caused this Agreement to be executed and delivered by their respective officers thereunto duly authorized, as of the date first above written.

GOVERNMENT DEVELOPMENT BANK
FOR PUERTO RICO

By: _____
~~Fernando L. Batlle~~ Juan C. Pavia
Executive Vice ~~President~~ of ~~Financing
and Treasury~~ Fiscal Agency

PUERTO RICO HIGHWAY AND
TRANSPORTATION AUTHORITY

By: _____
Rubén A. Hernández Gregorat
Secretary of Transportation and Public
Works and Executive Director

Affidavit No. 176

Acknowledged and subscribed before me by Rubén A. Hernández Gregorat as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority, of legal age, married and resident of Guaynabo, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 27, 2010.

_____
Notary Public

Affidavit No. 172

Acknowledged and subscribed before me by ~~Fernando L. Batlle Homain~~ Juan C. Pavia Vidal, as Executive Vice President of ~~Financing and Treasury~~ of Government Development Bank for Puerto Rico, of legal age, married and resident of ~~San Juan~~ Guaynabo, Puerto Rico, who is personally known to me.

In San Juan, Puerto Rico, on August 27, 2010.

_____
Notary Public

25563

Exhibit A

## PROMISSORY NOTE

$                                           **Due date:  August 27, 2013**

The **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** (hereinafter called the "Authority"), a public corporation and autonomous instrumentality of the Commonwealth of Puerto Rico, for value received hereby promises to pay, solely from the sources described in the Loan Agreement mentioned herein, to the order of Government Development Bank for Puerto Rico (the "Lender") at its principal office in San Juan, Puerto Rico, on August 27, 2011,   subject to prepayment as set forth below, the principal sum of _____ **DOLLARS ($_____)** to the extent that such amount or any portion thereof disbursed under the Loan Agreement executed on this same date remains unpaid.  Such payment shall be made in any coin or currency of the United States of America which at the time of payment is legal tender for the payment of public and private debts. The Authority hereby agrees to repay the outstanding aggregate principal amount of the Loan at the principal office of the Lender in San Juan, Puerto Rico, from proceeds of bonds to be issued by the Authority pursuant to the provisions of the respective sections of the Resolutions or from any available moneys of the Authority.

Each Advance shall bear interest daily from the date of disbursement until paid in full at a fluctuating annual rate of interest equal to one and one half percent (1.5%) over and above the Prime Rate, as determined from time to time in good faith by the Lender, or, upon written notice to the Authority, at a variable rate of interest, which interest rate may be revised quarterly, per annum equal to the Lender's cost of funding for variable rate loan transactions or the cost of any other obligations or source of funds used to fund the Advance.  For purposes of the preceding sentence, the cost of funding shall mean the applicable cost of any source of funds used to fund the Loan, plus in either case, a required margin cost.  Initially, this required margin cost will be equal to 150 basis points. The required margin cost may be revised from time to time by the Lender to such an extent that when added to the applicable cost of funds, the interest rate so determined and applicable to an Advance will provide for a total coverage of what the Lender determines to be its "all-inclusive" funding costs.  For purposes of this Note, the applicable interest rate shall not exceed twelve (12) percent and shall not be less than six (6) percent.

Anything hereunder to the contrary notwithstanding, and without prejudice to any remedies of the Lender provided hereunder or at law or in equity, the interest rate applicable to the outstanding principal amount of each Advance during any period when an Event of Default shall have occurred and be continuing shall be four percent (4.0%) over the otherwise applicable interest rate (the "Default Rate").

Interest shall be payable monthly in arrears not later than the tenth Banking Day following receipt from the Lender of the statement referred to below, from any available moneys of the Authority.  Each month the Lender shall furnish to the Authority a written statement showing the amount of interest due and payable by the Authority on all outstanding Advances for the preceding

month. The Loan shall be junior and subordinate to outstanding bonds of the Authority and shall be subject to certain other terms and conditions, as set forth in the Loan Agreement (as defined below). Payment of principal and interest on the Loan shall be made in any coin or currency of the United States of America, which at the time of payment shall be legal tender for the payment of public and private debts.

This Note is under and pursuant to the Loan Agreement dated as of August 27, 2010 (as modified and supplemented and in effect from time to time, the "Loan Agreement") between the Borrower and Government Development Bank for Puerto Rico, as Lender and evidences the Advances made by the Lender thereunder, and is subject to the terms thereof. Terms used but not defined in this Note have the respective meanings assigned to them in the Loan Agreement.

The Authority waives the requirement of demand, presentment, protest, notice of dishonor, and, in general, any other legal formality.

If the Authority defaults in making any payment when due under this Note, the Lender may declare this Note to be immediately due and payable.



In case of recourse to the courts by the Lender in order to collect the whole or any portion of the principal or interest due under this Note, the Administration agrees to pay a liquidated sum equal to 10% of the principal sum of this Note to cover expenses of such proceedings, court costs, disbursements and attorney's fees, which amount will become immediately due and payable upon the filing of such judicial proceedings.

All acts, conditions and things required by the Puerto Rico Federal Relations Act and the Constitution and Laws of the Commonwealth of Puerto Rico to happen, exist, and be performed precedent to and in the issuance of this Note have happened, exist and have been performed as so required. This Note shall be construed in accordance with the laws of the Commonwealth of Puerto Rico.

Exh. A-2

**IN WITNESS WHEREOF,** the Authority has caused this note to be signed by its Executive Director and its corporate seal to be affixed hereto, in San Juan, Puerto Rico, this 27th day of August, 2010.

**PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**

By: _____

Name: Rubén A. Hernández Gregorat

Title:   Secretary of Transportation and Public Works
and Executive Director

Affidavit No. _____

Acknowledged and subscribed before me in San Juan, Puerto Rico, on this 27th day of August, 2010, by the following person who is personally known to me: Rubén A. Hernández Gregorat, of legal age, married, executive and resident of Guaynabo, Puerto Rico, as Secretary of Transportation and Public Works and Executive Director of the Puerto Rico Highway and Transportation Authority.

_____
Notary Public

Exh. A-3