Objection deadline: April 13, 2021 at 4:00 pm AST
Hearing date:  April 28, 2021 at 9:30 am AST

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>     Plaintiff,<br>         v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>     Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |

---

[1] The Debtors in these jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

THE COMMONWEALTH OF PUERTO RICO, by
and through THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      Movant,

          v.

AMBAC ASSURANCE CORPORATION,
ASSURED GUARANTY CORP., FINANCIAL
GUARANTY INSURANCE COMPANY, and U.S.
BANK TRUST NATIONAL ASSOCIATION, as
Trustee,

      Respondents.

---

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO,

      Plaintiff,

v.

AMBAC ASSURANCE CORPORATION, *et al*.,

      Defendants.

Adv. Proc. No. 20-00004-LTS

PROMESA
Title III

---

THE COMMONWEALTH OF PUERTO RICO, by
and through THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      Movant,

v.

AMBAC ASSURANCE CORPORATION,
ASSURED GUARANTY CORPORATION,
FINANCIAL GUARANTY INSURANCE
COMPANY, and THE BANK OF NEW YORK
MELLON, as Fiscal Agent,

      Respondents.

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al*.,<br><br>    Defendants. | Adv. Proc. No. 20-00005-LTS<br><br>PROMESA<br>Title III |
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    Movant,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Respondents. | |

**NOTICE OF MOTION AND MOTION OF THE COMMONWEALTH OF PUERTO
RICO, BY AND THROUGH THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD, FOR STAY RELIEF GRANTING LEAVE TO
PROSECUTE FURTHER
<u>MOTIONS FOR PARTIAL SUMMARY JUDGMENT</u>**

**PLEASE TAKE NOTICE THAT** the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] will request this Court, before the Honorable Laura Taylor Swain, United States District Judge, United States District Court for the Southern District of New York, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico, on **April 28, 2021 at 9:30 a.m. (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, pursuant to the annexed *Motion for Stay Relief Granting Leave to Prosecute further Motions for Partial Summary Judgment* (the "Motion") and sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code") made applicable to these cases pursuant to PROMESA section 301(a), to issue an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), modifying the March 10, 2020 *Final Case Management Order for Revenue Bonds* [Case No. 17-3283, ECF No. 12186] (the "Revenue Bonds CMO") to grant stay relief in respect of the litigation stay currently imposed on certain counts, as specified below, of the *Complaint Objecting to Defendants' Claims and Seeking Related Relief* [Case Nos. 20-AP-003, ECF No. 1; 20-AP-004, ECF No. 1; and 20-AP-005, ECF No. 1] (the "Revenue Bond Complaints"), filed in each of the respective adversary proceedings ("Revenue Bond Adversary Proceedings"), and granting the Commonwealth leave to file partial summary judgment motions with respect to those counts. The litigation stay imposed by the Revenue Bonds CMO otherwise would remain in effect. The Motion is supported by a Memorandum of Law concurrently submitted herewith (the "Memorandum of Law").

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

Pursuant to the *Fourteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-03283, ECF No. 15894-1] (the "Case Management Procedures"), any Objection to the Motion shall be filed and served by **April 13, 2020, at 4:00 p.m. (Atlantic Standard Time)**.  The relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Court's Case Management Procedures.

Dated: April 6, 2021

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla Garcia Benitez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com
         carla.garcia@oneillborges.com
         gabriel.miranda@oneillborges.com


*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Jeffrey Levitan
Timothy W. Mungovan
Ehud Barak
(Admitted Pro Hac Vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email:  mbienenstock@proskauer.com
         jlevitan@proskauer.com
         tmungovan@proskauer.com
         ebarak@proskauer.com

Michael A. Firestein
Lary Alan Rappaport
(Admitted pro hac vice)
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel:     (310) 557-2900
Fax:     (310) 557-2193
Email: mfirestein@proskauer.com
        lrappaport@proskauer.com


*Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
Representative of the Commonwealth of
Puerto Rico*

**MOTION FOR STAY RELIEF GRANTING LEAVE TO PROSECUTE FURTHER
MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth by and through the Oversight Board, as the sole representative of the Commonwealth pursuant to PROMSA section 315(b), respectfully submits this Motion, pursuant to section 105(a) and 502 of the Bankruptcy Code made applicable to these cases pursuant to PROMESA section 301(a), for entry of an order modifying the Revenue Bonds CMO to lift the litigation stay currently imposed on specific counts of the Revenue Bond Complaints filed in each of the respective Revenue Bond Adversary Proceedings, and granting the Commonwealth leave to file partial summary judgment motions with respect to those counts.  The litigation stay imposed by the Revenue Bonds CMO otherwise would remain in effect.

In support of the Motion, the Commonwealth respectfully represents as follows:

1.      As discussed in more detail below, the parties briefed motions for partial summary judgment on certain counts of the Revenue Bond Complaints, in accordance with the Revenue Bonds CMO. The prior motions for partial summary judgment addressed gating issues affecting the treatment of Relevant Revenues (as defined below) retained by the Commonwealth, and against which defendants in the Revenue Bond Adversary Proceedings ("Defendants") asserted claims.  The pending motions for partial summary judgment will resolve, among other things, whether Defendants have a secured or other protected property interest in the Relevant Revenues retained by the Commonwealth.

2.      By this Motion, the Commonwealth seeks leave to file an additional motion for summary judgment on certain of the remaining counts of each of the Revenue Bond Complaints, which counts seek disallowance of unsecured or other claims against the Commonwealth regarding the Relevant Revenues.  A merits-based determination regarding whether Defendants' remaining

unsecured claims are allowable will (i) identify the order of magnitude of unsecured claims against the Commonwealth arising from the clawback entities (HTA, PRIFA, and CCDA), and (ii) facilitate the plan confirmation process.

## JURISDICTION AND VENUE

3.    The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

4.    Venue of this contested matter is proper pursuant to PROMESA section 307(a).

5.    The statutory basis for the relief requested herein is Bankruptcy Code sections 105(a) and 502, made applicable to these Title III cases by PROMESA section 301(a).

## BACKGROUND

6.    Certain financial guaranty insurers and fiduciaries, acting on behalf of various bondholders, filed proofs of claims in the Commonwealth Title III Case regarding revenue bonds issued by the Puerto Rico Infrastructure Finance Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Puerto Rico Highways and Transportation Authority ("HTA"), as summarized in the chart below (collectively, the "Proofs of Claim").

| Defendant | Proof of Claim | CCDA Bonds | PRIFA Bonds | HTA Bonds |
|---|---|---|---|---|
| Ambac Assurance Corporation | Nos. 50420, 83010, and 122277 (filed June 26, 27, and 28, 2018) | X | X | X |
| Assured Guaranty Corp. | 33081 and 57622 (filed May 25, 2018) | X | X | X |
| Assured Guaranty Municipal Corp. | No. 27427 (filed May 25, 2018) | | | X |
| National Public Finance Guarantee Corporation | No. 30114 (filed May 25, 2018) | | | X |
| Financial Guaranty Insurance Company | No. 101243 (filed June 28, 2018) | X | X | X |
| Peaje Investments LLC | Nos. 92706 and 101312 (filed June 26, 2018) | | | X |

2

| Bank of New York Mellon, as Fiscal Agent under the CCDA Trust Agreement | No. 37319 (filed May 24, 2018) | X | | |
|---|---|---|---|---|
| Bank of New York Mellon, as Fiscal Agent under the HTA bond resolutions | Nos. 21286 and 26541 (filed May 24, 2018) | | | X |
| U.S. Bank, as successor trustee for the bonds under the PRIFA Trust Agreement | No. 13386 (filed May 18, 2018) | | X | |

7.      The Proofs of Claim assert the Commonwealth is liable to Defendants for (i) not appropriating and transferring certain taxes and fees levied and collected by the Commonwealth, which historically were appropriated and transferred to CCDA and HTA, and (ii) not appropriating and transferring certain rum taxes covered into the Commonwealth Treasury by the United States Treasury, which historically were appropriated and transferred to PRIFA (collectively the "Relevant Revenues").   The Proofs of Claim allege various theories purporting to render Defendants' claims allowable, including alleged statutory, contractual and equitable liens, purported violations of PROMESA, alleged violations of the Contract Clause, Due Process Clause and Takings Clause of the United States and Puerto Rico Constitutions, and common law breach of contract and torts.

8.      On July 24, 2019, the Court entered the *Order Regarding Stay Period and Mandatory Mediation* [Case No. 17-3283, ECF No. 8244], which was extended by successive orders [Case No. 17-3283, ECF Nos. 9016 and 9661] (collectively, the "Stay Order").  The Stay Order stayed certain adversary proceedings and contested matters and directed parties to those proceedings to engage in mandatory mediation pursuant to the direction of the Mediation Team Leader, former Chief Bankruptcy Judge Barbara Houser.

9.      On November 27, 2019, the Mediation Team filed the *Interim Report and Recommendation of the Mediation Team* proposing interim scheduling orders to address issues in the Title III cases and explaining why it was not able to address scheduling for all of the issues in the Stay Order [Case No. 17-3283, ECF No. 9365] (the "Interim Report"). After notice and a hearing on the Interim Report, the Court entered an order lifting the litigation stay, and providing interim schedules for, among other things, the filing of certain adversary proceedings seeking to disallow the Proofs of Claim against the Commonwealth with respect to the CCDA, HTA and PRIFA revenue bonds [Case No. 17-3283, ECF No. 9620] (the "Original Interim Revenue Bonds Order").[3]

10.     On January 16, 2020, pursuant to the Original Interim Revenue Bonds Order, the Oversight Board, on behalf of the Commonwealth, filed the Revenue Bond Complaints.  The Revenue Bond Complaints objected to the Proofs of Claim and certain priorities asserted therein, objected to the validity and priority of certain liens asserted therein regarding the Commonwealth's retention of the Relevant Revenues, and sought to disallow the claims asserted against the Commonwealth in their entirety.

11.     On February 10, 2020, the Mediation Team filed its *Amended Report and Recommendation of the Mediation Team* [Case No. 17-3283, ECF No. 10756] (the "Amended Report"). The Amended Report detailed revised scheduling recommendations for the Court. Among other things, the Amended Report recommended permitting the filing of narrowly tailored partial summary judgment motions with respect to specific counts in the Revenue Bond Adversary Proceedings to address threshold gating issues of whether Defendants have a security or other

---

[3] The Original Interim Revenue Bonds Order also authorized the filing of a complaint seeking to disallow the Proofs of Claim filed against HTA in its Title III case.  That complaint is not the subject of this Motion.

4

protected property interest in the Relevant Revenues retained by the Commonwealth (commonly referred to as the "clawback" revenues), as well as other discrete counts of the Revenue Bond Complaints seeking to disallow Defendants' claims predicated on a purported Contract Clause violation and violation of PROMESA § 407. The Amended Report recognized a merits-based ruling on these gating issues in each of Revenue Bond Adversary Proceedings could impact the treatment of the Relevant Revenues under a Commonwealth plan of adjustment. The Amended Report noted further that the Court's ruling on the specified gating issues would streamline the plan confirmation process by resolving the issues and facilitating amendment to the contemplated Commonwealth plan of adjustment, if necessary, before proceeding to confirmation.

12.     Following a hearing on the Amended Report and the parties' responses thereto, on March 10, 2020, the Court entered the Revenue Bonds CMO, which among other things, permitted the filing of partial summary judgment motions to address the counts identified by the Mediation Team in the Amended Report. The Revenue Bonds CMO otherwise continued the stay in the Revenue Bond Adversary Proceedings, as well as other litigation proceedings.

13.     On April 28, 2020 in accordance with the Revenue Bonds CMO, the Oversight Board filed three motions for partial summary judgment in the Revenue Bond Adversary Proceedings. *See* Adv. Proc. No. 20-003, ECF No. 44; Adv. Proc. No. 20-004, ECF No. 41; Adv. Proc. No. 20-005, ECF No. 56 (collectively, the "2020 Partial Summary Judgment Motions"). The 2020 Partial Summary Judgment Motions seek summary judgment on the counts of the Revenue Bond Complaints disallowing the following claims by Defendants:

- Claims for unlawful retention of Relevant Revenues;

- Alleged secured claims against the Commonwealth based on a purported security interest or statutory lien in the Relevant Revenues;

- Claims of an ownership interest in the Relevant Revenues;

- Claims asserting perfected security interests, and avoiding security interests, if any existed, in the Retained Revenues;

- Claims predicated on PROMESA § 407; and

- Claims predicated on purported violations of the Contract Clause.[4]

14.     The 2020 Partial Summary Judgment Motions, however, were not intended to, and do not address the remaining counts in the Revenue Bond Complaints seeking to disallow any other alleged claims, including certain unsecured claims, against the Commonwealth presented in the Proofs of Claim with respect to the bonds issued by CCDA, PRIFA and HTA and the Commonwealth's retention of the Relevant Revenues.  Those remaining counts remain stayed pursuant to the Revenue Bonds CMO.

15.     On July 16, 2020, Defendants in the Revenue Bond Adversary Proceedings opposed the 2020 Partial Summary Judgment Motions, arguing, among other grounds, discovery was needed before the Court could adjudicate the Commonwealth's claims.[5] *See* Adv. Proc. No. 20-003, ECF No. 80; Adv. Proc. No. 20-004, ECF No. 78; Adv. Proc. No. 20-005, ECF No. 56. The Oversight Board replied on August 31, 2020 [Adv. Proc. No. 20-003, ECF No. 84; Adv. Proc. No. 20-004, ECF No. 88; Adv. Proc. No. 20-005, ECF No. 102].  On September 23, 2020, the

---

[4] On March 20, 2020, upon the joint motion of the Commonwealth and Peaje Investments LLC ("Peaje") (a defendant in one of the Revenue Bond Adversary Proceedings), the Court entered an Order [Case No. 20-AP-005, ECF No. 46] (the "Peaje Stay Order"): (i) staying the Counts alleged against Peaje in their entirety; (ii) relieving the Commonwealth and Peaje from the deadline for the parties to file motions for partial summary judgment with respect to the counts identified in the Revenue Bonds CMO; and (iii) deeming the Court's adjudication of legal issues by the 2020 Partial Summary Judgment Motion filed in that adversary proceeding binding on the Commonwealth and Peaje with respect to the same legal issues presented in the corresponding Counts alleged against Peaje.  To the extent relief is granted to the Commonwealth as requested in the Motion, the Commonwealth also seeks leave to file a further motion for partial summary judgment regarding the counts alleged against Peaje specified herein that are like counts alleged against the other Defendants currently stayed by the Revenue Bonds CMO and the Peaje Stay Order.  The Commonwealth will discuss with Peaje the possibility of entry of a similar order (like the Peaje Stay Order), to further streamline these proceedings.

[5] Defendants other than Peaje responded to the 2020 Partial Summary Judgment Motions. *See infra* n.4.

Court held argument on the 2020 Partial Summary Judgment Motions and took them under submission.

16.     On January 20, 2021, the Court issued the *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* [Case No. 17-3283, ECF No. 15656] (the "Rule 56(d) Order").  The Rule 56(d) Order authorized limited discovery into particular topics.  On February 5, 2021, the Court issued the *Order Setting Discovery Schedule* [Case No. 17-3283, ECF No. 15809] (the "Discovery Order") setting forth certain deadlines for the limited discovery permitted in connection with the 2020 Partial Summary Judgment Motions.  The issues presented in the 2020 Partial Summary Judgment Motions will be ripe for adjudication following the discovery permitted by the Rule 56(d) Order and supplemental briefing and oral argument, if any, permitted by the Court.

17.     With the guidance of the Mediation Team, the Oversight Board has continued to participate in informational and negotiation mediation sessions, and informal sessions with the Commonwealth and many other parties, to establish a framework and a timeline for a consensual restructuring.  As the Oversight Board recently reported, by February 9, 2021, the Oversight Board and the principal parties to the then-existing plan support agreement reached an agreement in principle regarding the terms of an amended plan of adjustment, subject to the execution of definitive documentation.  *Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Deadlines for Submission of Plan of Adjustment or Term Sheet with Respect Thereto,* [Case No. 17-3283, ECF No. 15821] ¶ 9.  The Oversight Board requested an extension until March 8, 2021, to conduct additional sessions with parties in interest

to further mediation discussions and increase the foundational support for a plan of adjustment, including, among others, Defendants.  *Id.* ¶ 10.  On February 16, 2021, the Court granted the extension [ECF No. 15849].

18.     On March 8, 2021, the Oversight Board filed an amended proposed plan of adjustment and corresponding proposed disclosure statement [ECF Nos. 15976, 15977] (the "Amended Commonwealth Plan").   The Amended Commonwealth Plan is supported by claimholders party to a new plan support agreement, dated as of February 22, 2021 (the "PSA"), which includes defendants Assured Guaranty Corp. ("AGC"), Assured Guaranty Municipal Corp. ("AGMC") and National Public Finance Guarantee Corporation ("National"), although they may withdraw from the PSA under certain conditions and within a certain time.[6]   The remaining defendants named in the Revenue Bond Adversary Proceedings—Ambac Assurance Corporation ("Ambac"), Federal Guaranty Insurance Company ("FGIC"), Peaje, U.S. Bank (as Trustee) and BNYM (as Fiscal Agent) (the "Non-PSA Party Defendants")—are not parties to the PSA.  As a result, the Non-PSA Party Defendants' claims asserted in their Proofs of Claim against the Commonwealth concerning the Relevant Revenues (and potentially those of AGC, AGMC and National) that are not addressed by the 2020 Partial Summary Judgment Motions will need to be resolved either before or as part of the confirmation process for the Amended Commonwealth Plan.  While the Oversight Board desires to settle with each party and will continue negotiating, it believes it must proceed on the dual tracks of negotiation and litigation, so a plan of adjustment can be confirmed by the end of 2021.

---

[6] Pursuant to an April 2, 2021 stipulation between certain ERS bondholder groups and the Oversight Board ("ERS Stipulation"), the Oversight Board shall file an amended plan of adjustment and corresponding disclosure statement as described in the ERS Stipulation that resolves the claims filed against the Commonwealth or ERS with respect to the ERS Bonds, and the ERS bondholder groups agree to vote to accept such amended plan.   *See* https://emma.msrb.org/P11482818-P11149316-P11563573.pdf.   The ERS Stipulation is noted here to inform the Court of the potentially increasing support for a global resolution of the Commonwealth's Title III case.

## **RELIEF REQUESTED**

19.     By this Motion, the Commonwealth, through the Oversight Board requests entry of
an order pursuant to Bankruptcy Code sections 105(a) and 502 modifying the Revenue Bonds
CMO and the Peaje Stay Order to permit litigation of the remaining counts of the Revenue Bond
Complaints, as specified below, and granting the Commonwealth leave to file a further partial
summary judgment motion in each of the Revenue Bond Adversary Proceedings with respect to
those counts.   The counts for which the Commonwealth seeks leave to file a further partial
summary judgment motion are:

**Adversary Proceeding No. 20-003 (Regarding PRIFA)**:

- Ambac Counts: 8 (Retained Revenues are Special Revenues), 11
  (Preemption), 12 (Breach of non-impairment provision), 13 (Breach of
  contract), 14 (Common law torts), 19 (Takings Clause), 21 (Due Process
  Clause), 23 (Post-petition interest), 25 (Priority claims) and 26 (Security
  interest in post-petition revenues).

- AGC Counts:  34 (Retained Revenues are Special Revenues), 37
  (Preemption), 38 (Breach of non-impairment provision), 39 (Breach of
  contract), 40 (Common law torts), 45 (Takings Clause), 47 (Due Process
  Clause), 49 (Post-petition interest), 51 (Priority claims) and 52 (Security
  interest in post-petition revenues).

- FGIC Counts:  60 (Retained Revenues are Special Revenues), 63
  (Preemption), 64 (Breach of non-impairment provision), 65 (Breach of
  contract), 66 (Common law torts), 71 (Takings Clause), 73 (Due Process

Clause), 75 (Post-petition interest), 77 (Priority claims) and 78 (Security interest in post-petition revenues).

- US Bank Trust N.A. Counts: 85 (Retained Revenues are Special Revenues), 87 (Preemption), 88 (Breach of non-impairment provision), 89 (Breach of contract), 90 (Common law torts), 95 (Takings Clause), 97 (Due Process Clause), 99 (Post-petition interest), 101 (Priority claims) and 102 (Security interest in post-petition revenues).

**Adversary Proceeding No. 20-004 (Regarding CCDA):**

- Ambac Counts: 2 (Claims precluded by bond documents), 5 (Preemption), 6 (Breach of contract), 7 (Common law torts), 12 (Takings Clause), 14 (Due Process Clause), 16 (Post-petition interest), 19 (Priority claims) and 20 (Security interest in post-petition revenues).

- AGC Counts: Counts: 23 (Claims precluded by bond documents), 26 (Preemption), 27 (Breach of contract), 28 (Common law torts), 33 (Takings Clause), 35 (Due Process Clause), 37 (Post-petition interest), 40 (Priority claims) and 41 (Security interest in post-petition revenues).

- FGIC Counts: 44 (Claims precluded by bond documents), 47 (Preemption), 48 (Breach of contract), 49 (Common law torts), 54 (Takings Clause), 56 (Due Process Clause), 58 (Post-petition interest), 61 (Priority claims) and 62 (Security interest in post-petition revenues).

- BNYM, as fiscal agent, Counts: 64 (Claims precluded by bond documents), 66 (Preemption), 67 (Breach of contract), 68 (Common law torts), 73 (Takings Clause), 75 (Due Process Clause), 77 (Post-petition

interest), 80 (Priority claims) and 81 (Security interest in post-petition
revenues).

**Adversary Proceeding No. 20-005 (Regarding HTA)**:

- Ambac Counts: 5 (Preemption), 6 (Breach of Contract), 7 (Common law
torts), 12 (Takings Clause), 14 (Due Process Clause), 16 (Post-petition
interest), 19 (Priority claims), 20 (Security interest in post-petition
revenues), 21 (Retained revenues are Special Revenues) and 23 (Breach of
non-impairment provision).

- AGC Counts: 28 (Preemption), 29 (Breach of Contract), 30 (Common law
torts), 35 (Takings Clause), 37 (Due Process Clause), 39 (Post-petition
interest), 42 (Priority claims), 43 (Security interest in post-petition
revenues), 44 (Retained revenues are Special Revenues) and 46 (Breach of
non-impairment provision).

- AGMC Counts: 51 (Preemption), 52 (Breach of Contract), 53 (Common
law torts), 58 (Takings Clause), 60 (Due Process Clause), 62 (Post-petition
interest), 65 (Priority claims), 66 (Security interest in post-petition
revenues), 67 (Retained revenues are Special Revenues) and 69 (Breach of
non-impairment provision).

- National Counts: 74 (Preemption), 75 (Breach of Contract), 76 (Common
law torts), 81 (Takings Clause), 83 (Due Process Clause), 85 (Post-petition
interest), 88 (Priority claims), 89 (Security interest in post-petition
revenues), 90 (Retained revenues are Special Revenues) and 92 (Breach of
non-impairment provision).

11

- FGIC Counts: 97 (Preemption), 98 (Breach of Contract), 99 (Common law torts), 104 (Takings Clause), 106 (Due Process Clause), 108 (Post-petition interest), 111 (Priority claims), 112 (Security interest in post-petition revenues), 113 (Retained revenues are Special Revenues) and 115 (Breach of non-impairment provision).

- Peaje Counts: [1968] 119 (Preemption), 120 (Breach of Contract), 121 (Common law torts), 126 (Takings Clause), 128 (Due Process Clause), 130 (Post-petition interest), 133 (Priority claims), 134 (Security interest in post-petition revenues), 135 (Retained revenues are Special Revenues), and 137 (Breach of non-impairment provision); [1998] 141 (Preemption), 142 (Breach of Contract), 143 (Common law torts), 148 (Takings Clause), 150 (Due Process Clause), 152 (Post-petition interest), 155 (Priority claims), 156 (Security interest in post-petition revenues), 157 (Retained revenues are Special Revenues) and 159 (Breach of non-impairment provision).

- BNYM, as fiscal agent, Counts: [1968] 162 (Preemption), 163 (Breach of Contract), 164 (Common law torts), 169 (Takings Clause), 171 (Due Process Clause), 173 (Post-petition interest), 176 (Priority claims), 177 (Security interest in post-petition revenues), 178 (Retained revenues are Special Revenues) and 180 (Breach of non-impairment provision); [1998] 183 (Preemption), 184 (Breach of Contract), 185 (Common law torts), 190 (Takings Clause), 192 (Due Process Clause), 194 (Post-petition interest), 197 (Priority claims), 198 (Security interest in post-petition revenues), 199

(Retained revenues are Special Revenues) and 201 (Breach of non-impairment provision).

20.     Resolution of the specified counts will resolve the magnitude of allowable unsecured claims, if any, arising from the clawback entities against the Commonwealth relating to the Relevant Revenues retained by the Commonwealth.  The Revenue Bond Complaints were filed in response to Defendants' Proofs of Claim, and seek to disallow the claims asserted against the Commonwealth.  Resolution of the specified and currently-stayed counts, therefore, will determine whether Defendants have *any allowable* claims against the Commonwealth and their magnitudes.

21.     The Commonwealth submits the Counts identified herein can be resolved as a matter of law, based on undisputed material facts, and thus, are subject to disposition on summary judgment.

22.     The relief requested herein will enable the Court to resolve issues at confirmation without guessing at the existence and magnitude of clawback claims against the Commonwealth.

23.     The Oversight Board further submits that, if this Motion is granted, the Court should direct the parties to promptly meet and confer regarding a proposed schedule for briefing on the further permitted partial motions for summary judgment.

## **CERTIFICATION**

24.     In accordance with section 1(c) of the Court's Second Amended Standing Order, the undersigned certify Movant made a bona fide, reasonable, and good faith effort to resolve the issues addressed in the Motion prior to filing.  The parties met and conferred and Defendants advised they are not in a position at this time to consent to the relief requested and will set forth their position in response to the Motion.

## NO PRIOR REQUEST

25.    No prior request for the relief requested herein has been made by the
Commonwealth to this or to any other court.

WHEREFORE the Commonwealth respectfully requests the Court enter the Proposed
Order granting the Motion and grant Movant such other relief as is just and proper.

Dated: April 6, 2021

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla Garcia Benitez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944
Email: hermann.bauer@oneillborges.com
         carla.garcia@oneillborges.com
         gabriel.miranda@oneillborges.com


/s/ Martin J. Bienenstock
Martin J. Bienenstock
Jeffrey Levitan
Timothy W. Mungovan
Ehud Barak
(Admitted Pro Hac Vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email:  mbienenstock@proskauer.com
         jlevitan@proskauer.com
         tmungovan@proskauer.com
         ebarak@proskauer.com

14

Michael A. Firestein
Lary Alan Rappaport
(Admitted pro hac vice)
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel:    (310) 557-2900
Fax:    (310) 557-2193
Email: mfirestein@proskauer.com
        lrappaport@proskauer.com

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico as
Representative of the Commonwealth of
Puerto Rico*

**EXHIBIT A**

**<u>PROPOSED ORDER</u>**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>     Debtors.[7] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>     Plaintiff,<br>          v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.,*<br><br>Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |

---

[7] The Debtors in these jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

17

THE COMMONWEALTH OF PUERTO RICO, by
and through THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      Movant,

          v.

AMBAC ASSURANCE CORPORATION,
ASSURED GUARANTY CORP., FINANCIAL
GUARANTY INSURANCE COMPANY, and U.S.
BANK TRUST NATIONAL ASSOCIATION, as
Trustee,

      Respondents.

---

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO,

      Plaintiff,

v.

AMBAC ASSURANCE CORPORATION, *et al*.,

      Defendants.

Adv. Proc. No. 20-00004-LTS

PROMESA
Title III

---

THE COMMONWEALTH OF PUERTO RICO, by
and through THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      Movant,

v.

AMBAC ASSURANCE CORPORATION,
ASSURED GUARANTY CORPORATION,
FINANCIAL GUARANTY INSURANCE
COMPANY, and THE BANK OF NEW YORK
MELLON, as Fiscal Agent,

      Respondents.

18

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO,

     Plaintiff,

v.

AMBAC ASSURANCE CORPORATION, *et al.*,

     Defendants.

---

THE COMMONWEALTH OF PUERTO RICO, by
and through THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     Movant,

v.

AMBAC ASSURANCE CORPORATION,
ASSURED GUARANTY CORP., ASSURED
GUARANTY MUNICIPAL CORP., NATIONAL
PUBLIC FINANCE GUARANTEE
CORPORATION, FINANCIAL GUARANTY
INSURANCE COMPANY, PEAJE INVESTMENTS
LLC, and THE BANK OF NEW YORK MELLON,
as Fiscal Agent,

     Respondents.

Adv. Proc. No. 20-00005-LTS

PROMESA
Title III

**[PROPOSED] ORDER GRANTING MOTION OF THE COMMONWEALTH OF
PUERTO RICO, BY AND THROUGH THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD, FOR ORDER GRANTING STAY RELIEF TO PERMIT
PROSECUTION OF
<u>FURTHER MOTIONS FOR PARTIAL SUMMARY JUDGMENT</u>**

Upon consideration of the Motion of the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the Court determining that (i) the Court has subject matter jurisdiction over the Motion pursuant to 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Motion is proper under 48 U.S.C. § 2167(a); (iii) notice of the Motion was adequate and proper under the circumstances and that no further or other notice need be given; and (iv) good cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is granted.  The *Final Case Management Order for Revenue Bonds* [Case No. 17-3283, ECF No. 12186] is amended to terminate the stay of prosecution of certain of the remaining counts of the Commonwealth's Complaints in each of the Revenue Bond Adversary Proceedings [Case Nos. 20-AP-003, ECF No. 1; 20-AP-004, ECF No. 1; and 20-AP-005, ECF No. 1].  The Commonwealth is granted leave to file a motion for partial summary judgment in each of the Revenue Bond Adversary Proceedings regarding specified counts in the Complaints filed in each of those cases that were not the subject of the Commonwealth's Motions for Partial Summary Judgment filed in April 2020.  Specifically, the Commonwealth may file a further motion for partial summary judgment regarding the following counts:

Adversary Proceeding No. 20-003:

- Ambac Counts: 8, 11, 12, 13, 14, 19, 21, 23, 25 and 26

- AGC Counts: 34, 37, 38, 39, 40, 45, 47, 49, 51 and 52

- FGIC Counts: 60, 63, 64, 65, 66, 71, 73, 75, 77 and 78

- US Bank Trust N.A. Counts: 85, 87, 88, 89, 90, 95, 97, 99, 101 and 102

Adversary Proceeding No. 20-004:

- Ambac Counts: 2, 5, 6, 7, 12, 14, 16, 19 and 20

- AGC Counts: 23, 26, 27, 28, 33, 35, 37, 40 and 41

- FGIC Counts: 44, 47, 48, 49, 54, 56, 58, 61 and 62

- BNYM, as fiscal agent, Counts: 64, 66, 67, 68, 73, 75, 77, 80 and 81

Adversary Proceeding No. 20-005:

- Ambac Counts: 5, 6, 7, 12, 14, 16, 19, 20, 21 and 23

- AGC Counts: 28, 29, 30, 35, 37, 39, 42, 43, 44, 46

- AGMC Counts: 51, 52, 53, 58, 60, 62, 65, 66, 67, 69

- National Counts: 74, 75, 76, 81, 83, 85, 88, 89, 90, 92

- FGIC Counts: 97, 98, 99, 104, 106, 108, 111, 112, 113, 115

- Peaje Counts: 119, 120, 121, 126, 128, 130, 133, 134, 135, 137, 141, 142, 143, 148, 150, 152, 155, 156, 157, 159

- BNYM, as fiscal agent, Counts: 162, 163, 164, 169, 171, 173, 176, 177, 178, 180, 183, 184, 185, 190, 192, 194, 197, 198, 199, 201

2.      The parties shall meet and confer and file a joint informative motion within seven (7) days of entry of this Order proposing a briefing schedule on the further partial motions for summary judgment.  If the parties cannot agree on such a schedule, the Commonwealth and Defendants shall each submit their respective proposed schedule and the Court will issue an order thereafter setting the schedule.

3.      The Court retains subject matter jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated:  _____, 2021          _____
                                    LAURA TAYLOR SWAIN
                                    UNITED STATES DISTRICT JUDGE

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: April 6, 2021

*/s/ Hermann D. Bauer*
Hermann D. Bauer
