**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---

### MOTION OF FIR TREE CAPITAL MANAGEMENT, LP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Fir Tree Capital Management, LP, on behalf of itself and funds for which it serves as investment manager or advisor (collectively, "**Fir Tree**"), by and through the undersigned counsel, moves this Title III Court for an order substantially in the form submitted herewith as **Exhibit A** (the "**Proposed Order**"), pursuant to 11 U.S.C. § 503(b)(1), made applicable to the above-captioned cases by Section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016 ("**PROMESA**"), 48 U.S.C. § 2161, (a) allowing Fir Tree an administrative claim in the amount of $1,553,000 (the "**Administrative Claim**") against the Commonwealth of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("**PBA**") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Disclosure Statement in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

Puerto Rico (the "**Commonwealth**") and (b) directing the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") to provide for payment in full of the Administrative Claim through any plan of adjustment for the Commonwealth. In support of this motion, Fir Tree respectfully states as follows:

## PRELIMINARY STATEMENT

1.  On February 22, 2021, contemporaneously with their entry into a new *Plan Support Agreement* (the "**2021 PSA**"), the Oversight Board and certain other parties to the 2020 PSA (collectively with the Oversight Board, the "**Terminating Parties**"),[2] not including Fir Tree, executed a *Joint Notice of Termination of Plan Support Agreement* (the "**Termination Notice**")[3] terminating the *Plan Support Agreement* dated as of February 9, 2020 (the "**2020 PSA**"),[4] to which Fir Tree was a party.

2.  In the event of a termination of the 2020 PSA by the Oversight Board, such as the termination effectuated by the Termination Notice, the "Initial PSA Parties" (as defined in the 2020 PSA), including Fir Tree, are entitled to their pro rata share of a $100,000,000 liquidated amount as compensation for becoming restricted in their trading of Puerto Rico bonds at the time the Initial PSA Parties entered into the 2020 PSA and for costs the Initial PSA Parties incurred in connection with the 2020 PSA (the "**Termination Amount**"). The 2020 PSA provides for the Termination Amount to be payable as an administrative expense claim under a plan of adjustment of the Commonwealth.

---

[2] The other Terminating Parties included the Puerto Rico Public Buildings Authority ("**PBA**"), the Employee Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**"), and certain holders of claims arising from the Commonwealth's general obligation bonds ("**GO Bond Claims**"), bonds issued by PBA ("**PBA Bond Claims**"), and certain bond guarantees by the Commonwealth ("**CW Guarantee Bond Claims**"). Fir Tree is not a Terminating Party.

[3] The Termination Notice is attached as **Exhibit B**.

[4] The 2020 PSA is attached as **Exhibit C**.

3. Due to the Oversight Board's termination of the 2020 PSA through the Termination Notice, the Oversight Board has triggered the obligation to pay the Termination Amount.[5] As discussed more fully below, Fir Tree held a total of $124,245,000 of the $8 billion (1.553%) of Puerto Rico bonds held by the Initial PSA Creditors at the inception of the 2020 PSA.[6] As a result, Fir Tree's portion of the Termination Amount is $1,553,000 (1.553% of $100,000,000), payable as an administrative expense claim under a plan of adjustment of the Commonwealth. Through this Motion, Fir Tree seeks entry of an order allowing its Administrative Claim against the Commonwealth in that amount and directing the Oversight Board to provide for payment of the Administrative Claim in any plan of adjustment of the Commonwealth.[7]

## FACTUAL AND PROCEDURAL BACKGROUND

4. Fir Tree is a party to the 2020 PSA by and among (a) the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth (the "**Oversight Board**"), the PBA, and ERS, on the one hand, and (b) certain holders of GO Bond Claims, PBA Bond Claims, and CW Guarantee Bond Claims and Fir Tree (collectively, the "**Initial PSA Creditors**"), on the other hand. Any modification to the 2020 PSA that has an adverse economic or legal impact on parties to the PSA required the consent of, among others, Fir Tree.

---

[5] Because they agreed to terminate the 2020 PSA, the Terminating Parties are not entitled to receive a portion of the Termination Amount. *See* 2020 PSA, § 6.1(b). However, upon information and belief, other parties to the 2020 PSA who were not Terminating Parties may be similarly entitled to their respective pro rata shares of the Termination Amount.

[6] *See* Financial Oversight and Management Board for Puerto Rico, *Media Release*, Feb. 9, 2020, *available at* https://oversightboard.pr.gov/press/ ("Holders of $8 billion of bonds support the [2020 PSA] . . . ."). No data regarding the exact holdings of the Initial PSA Creditors are publicly available. Accordingly, Fir Tree acknowledges that its pro rata share of the Termination Amount may be slightly more or less than 1.553% once the actual holdings of the Initial PSA Creditors at the time of execution of the 2020 PSA become known through discovery or otherwise.

[7] A declaration of Mr. Clinton Biondo, Managing Partner of Fir Tree Capital Partners, L.P. in support of the Motion for Allowance and Payment of Administrative Expense Claim is attached as **Exhibit D**.

5. In furtherance of the 2020 PSA, on February 28, 2020, the Oversight Board filed a *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth Of Puerto Rico, et al.* [ECF No. 11947] (the "**Amended Disclosure Statement**"), an *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 11946] (the "**Amended Plan**") and the *Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 11950].

6. On March 10, 2020, the Court entered the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Spanish Translation of the Disclosure Statement, (III) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (IV) Granting Related Relief* [ECF No. 12187] establishing June 3-4, 2020 as the dates for the hearing to consider the adequacy of the information contained in the Amended Disclosure Statement and related deadlines (the "**Disclosure Statement Hearing**").

7. On March 23, 2020, purportedly due to the COVID-19 pandemic, the Oversight Board requested [ECF No. 12485] to adjourn the Disclosure Statement Hearing, subject to further status reports to be provided to the Court. The Court granted the Oversight Board's request by order dated March 27, 2020 [ECF No. 12549].

8. On October 29, 2020, the Court entered the *Order on Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* [ECF No. 14987] (the "**Plan Scheduling Order**"), which directed the Oversight Board to file on or before February 10, 2021 the proposed terms of a plan of adjustment and a motion for approval of a proposed timetable for filing an amended plan and proposed disclosure statement, among other things.

9. Over the last year, the Oversight Board resumed discussions, under the guidance of the Mediation Team,[8] with the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") and certain creditors, including certain parties to the 2020 PSA, concerning the terms of a new plan of adjustment.[9] Despite its consent right with respect to amendments of the 2020 PSA, Fir Tree was not a party to those negotiations.

10. On February 9, 2021, the Oversight Board announced that, as a result of discussions led by the Mediation Team, the Oversight Board and certain parties to the 2020 PSA reached an agreement in principle regarding the terms of an amended plan of adjustment, subject to the execution of definitive documentation.[10] Fir Tree was not a party to these negotiations and was excluded from the ensuing agreement in principle.

11. On February 16, 2021, the Court entered the *Order Granting Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Deadline for Submission of Plan of Adjustment or Term Sheet with Respect Thereto* [ECF No. 15849] (the "**Amended Plan Scheduling Order**"), which directed the Oversight Board to file on or before

---

[8] The "**Mediation Team**" is the mediation team led by Judge Barbara J. Houser of the United States Bankruptcy Court for the Northern District of Texas (the "**Mediation Team Leader**") as established by the Title III Court under its *Order Appointing Mediation Team*, dated June 23, 2017 [ECF No. 430].

[9] *See Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth if Puerto Rico, et al.* [ECF No. 15988], Preface.

[10] *Id.*

March 8, 2021 the proposed terms of a plan of adjustment and a motion for approval of a proposed timetable for filing an amended plan and proposed disclosure statement, among other things.

12. On February 23, 2021, the Oversight Board announced the termination of the 2020 PSA by the Terminating Parties and the execution of the 2021 PSA among the Oversight Board, as representative of the Commonwealth, ERS, and PBA, certain holders of GO Bonds, certain holders of PBA Bonds, Assured Guaranty Corp. and Assured Guaranty Municipal Corp., solely in their capacities as insurers, and asserted holders, deemed holders, or subrogees with respect to GO Bonds and PBA Bonds, Syncora Guarantee Inc., as holder of, subrogee with respect to, or insurer of GO Bond Claims and PBA Bond Claims, and National Public Finance Guarantee Corporation, solely in its capacity as insurer and asserted holder, deemed holder, or subrogee with respect to GO Bonds and PBA Bonds.[11] Fir Tree was excluded from the 2021 PSA and was not a party to the Termination Notice.

13. In a press release the day after the Oversight Board's announcement, the Government of Puerto Rico (the "**Government**") expressed concerns about the 2021 PSA because the Government does not believe a plan of adjustment for the Commonwealth should contemplate pension cuts for public employees. The Government noted that although "[t]he economic terms of the agreement announced by the [Oversight Board] and the Creditor Group have many positive aspects for Puerto Rico" the Government could not join the 2021 PSA because the "Plan of Adjustment should not be structured in a way that affects even more our pensioners." [AAFAF Press Release, February 23, 2021]. Upon information and belief, the Oversight Board and the other parties to the 2021 PSA do not intend to involve Fir Tree in the 2021 PSA.

---

[11] *Id.*

14. On March 8, 2021, the Oversight Board filed a *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth Of Puerto Rico, et al.* [ECF No.15977][12] and a *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15976] (the "**Second Amended Plan**"). The Second Amended Plan does not provide for Fir Tree or any other Initial PSA Creditor to receive its pro rata share of the Termination Amount pursuant to the 2020 PSA.

## ARGUMENT

15. As a result of the Oversight Board's termination of the 2020 PSA, Fir Tree, as an Initial PSA Creditor, is entitled to the Administrative Claim, an allowed administrative expense claim against the Commonwealth in the amount of $1,553,000, its 1.553% pro rata share of the $100,000,000 Termination Amount, payable through a plan of adjustment of the Commonwealth.

16. The 2020 PSA entitled the Initial PSA Creditors to two forms of compensation for their entry into the PSA: Consummation Costs and the PSA Restriction Fee. *See* 2020 PSA, §§ 6.1(a), (b).

17. Consummation Costs were payable to the Initial PSA Creditors in the form of an administrative expense claim against the Commonwealth in an amount equal to 1.25% of the aggregate amount of PBS Bond Claims, GO Bond Claims, and CW Guarantee Bond Claims committed to the 2020 PSA, "[i]n consideration for the fees and expense incurred by Initial PSA Creditors in connection with the negotiation and execution of this Agreement and the prosecution of approval of the Disclosure Statement and confirmation of the [Amended] Plan." 2020 PSA, § 6.1(a).

---

[12] Corrective version filed on March 9, 2021 [ECF No. 15988] pursuant to a *Notice of Errata Regarding Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth Of Puerto Rico, et al.* [ECF No. 15987] (the "**Second Amended Disclosure Statement**")

-7-

18. The PSA Restriction Fee was payable to the Initial PSA Creditors in the form of an administrative expense claim against the Commonwealth in an amount equal to $350,000,000 less the Consummation Costs "[i]n exchange for executing this [2020 PSA], and agreeing to all of its terms and conditions, ***including the agreement to 'lock-up' their bonds in accordance with the terms of this Agreement* . . . .**" 2020 PSA, § 6.1(b) (emphasis added).

19. If the Amended Plan were confirmed and consummated, the Initial PSA Creditors would have received Consummation Costs and the PSA Restriction Fee in the aggregate amount of up to $350,000,000. 2020 PSA, § 6.1(a), (b).

20. However, expressly recognizing the possibility that the Oversight Board might elect to terminate the 2020 PSA at some point in the future, section 6.1(b) also provides for the Initial PSA Creditors to receive the Termination Amount – a PSA Restriction Fee and Consummation Costs in the fixed, aggregate amount of $100,000,000 – in the event of a termination by the Oversight Board such as the termination effectuated by the Termination Notice, as follows (emphasis added):

> *. . . **provided**, **further**, **that, in the event** this Agreement is terminated pursuant to the terms of Section 7.1(c)(i) thereof **or the Oversight Board terminates this Agreement for any reason other than (i) a breach of this Agreement by a non-Governmental Party, (ii) the denial of confirmation of the [Amended] Plan by the Title III Court, the aggregate PSA Restriction Fee and Consummation Costs, in the amount of One Hundred Million Dollars ($100,000,000.00), shall be paid, ratably, in cash, as an administrative expense claim under a plan of adjustment for the Commonwealth to the Initial PSA Creditors as of the date of termination* . . . .**

21. The 2020 PSA was not terminated pursuant to section 7.1(c)(i), nor did the Oversight Board terminate the 2020 PSA due to a breach by a non-Governmental Party (as defined in the 2020 PSA) or denial of confirmation. As a result, section 6.1(b) unequivocally entitles the

Initial PSA Creditors who did not consent to the termination of the 2020 PSA, such as Fir Tree, to their pro rata share of the $100,000,000 Termination Amount as a result of the termination of the 2020 PSA pursuant to the Termination Notice.

22. In fact, Fir Tree was given certain consent rights to avoid a scenario where other parties could unilaterally amend the 2020 PSA in a manner that adversely impacted the treatment of Fir Tree under the Amended Plan. *See* 2020 PSA, § 8.1. Rather than negotiating with Fir Tree to consensually amend the 2020 PSA, the Oversight Board elected to terminate the 2020 PSA and enter into the new 2021 PSA. That is precisely the type of termination for which the Termination Amount exists. As a result, Fir Tree is entitled to allowance and payment of the Administrative Claim against the Commonwealth in the amount of $1,553,000, its pro rata share of the Termination Amount.

## **CONCLUSION**

23. For the reasons set forth herein, the Court should enter an order allowing the Administrative Claim against the Commonwealth in the amount of $1,553,000 and directing the Oversight Board, as required by the 2020 PSA, to provide for payment of the Administrative Claim in full in cash through any plan of adjustment for the Commonwealth.

[ *signature page follows* ]

**WHEREFORE**, for the reasons set forth above, Fir Tree respectfully requests that the Court (i) schedules this matter for the Omnibus Hearing set for the 28th day of April 2021 at 9:30 a.m., (ii) grant this Motion and (iii) enter the Proposed Order.

**RESPECTFULLY SUBMITTED,**

San Juan, Puerto Rico, this 6th day of April 2021

        /s/ *Javier Vilariño*
JAVIER VILARIÑO
USDC NO. 223503
E-mail: jvilarino@vilarinolaw.com

**VILARIÑO & ASSOCIATES, LLC**
PO BOX 9022515
San Juan, Puerto Rico 00902-2515
Tel: (787) 565-9894

*Counsel to Fir Tree*

**CERTIFICATE OF SERVICE**

We hereby certify that on today's date, a copy of this Motion was served upon all CM/ECF participants including the below mentioned parties in interest to their email and/or to their address of record.

Chambers of the Honorable Laura Taylor Swain:
United States District Court for the Southern District of New York Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

Office of the United States Trustee for Region 21
Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):
Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn: Carlos Saavedra, Esq. Rocío Valentin, Esq.
E-Mail: Carlos.Saavedra@aafaf.pr.gov

Rocio.Valentin@aafaf.pr.gov

Counsel for AAFAF:
O Melveny & Myers LLP
7 Times Square
New York, New York 10036
Attn: John J. Rapisardi, Esq.
Suzzanne Uhland, Esq.
Peter Friedman, Esq.
Nancy A. Mitchell, Esq.
Maria J. DiConza, Esq.
E-Mail: jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com
mitchelln@omm.com
mdiconza@omm.com

Marini Pietrantoni Muñiz LLC 250 Ponce de Leon Ave.
Suite 900
San Juan, PR 00918
Attn: Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero, Esq.
Iván Garau-González, Esq.
E-Mail: lmarini@mpmlawpr.com
cvelaz@mpmlawpr.com
igarau@mpmlawpr.com

Counsel for the Oversight Board:
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299 Attn: Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Maja Zerjal
E-Mail:mbienenstock@proskauer.com
brosen@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com

O Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800 San Juan, PR 00918-1813
Attn: Hermann D. Bauer, Esq.
E-Mail: hermann.bauer@oneillborges.com

Counsel for the Creditors Committee:
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc. A. Despins
James Bliss
James Worthington
G. Alexander Bongartz
E-Mail: lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

Casillas, Santiago & Torres LLC El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419 Attn: Juan J. Casillas Ayala
Diana M. Batlle-Barasorda
Alberto J. E. Añeses Negrón
Ericka C. Montull-Novoa
E-Mail: jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

Counsel for the Retiree Committee:
Jenner & Block LLP
919 Third Avenue
New York, New York 10022
Attn: Robert Gordon
Richard Levin
Catherine Steege
E-Mail: rgordon@jenner.com
rlevin@jenner.com
csteege@jenner.com

Bennazar, García & Milián, C.S.P.
Edificio Union Plaza PH-A piso 18 Avenida Ponce de León #416
Hato Rey, San Juan, Puerto Rico 00918
Attn: A.J. Bennazar-Zequeira
E-Mail: ajb@bennazar.org

> */s/Javier Vilariño*
> JAVIER VILARIÑO
> E-mail: jvilarino@vilarinolaw.com