Hearing Date:  April 28, 2021 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: April 13, 2021 at 4:00 p.m. (Atlantic Standard Time)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF DEBTORS' JOINT MOTION FOR AN ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA,"

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and, together with the Commonwealth and ERS, the "<u>Debtors</u>," and each individually a "<u>Debtor</u>"),

pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("<u>PROMESA</u>"),[2] has filed with the Court the attached *Joint Motion for an Order (I) Scheduling a*

*Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II)*

*Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto,*

*(III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in*

*Connection Therewith, and (V) Granting Related Relief* (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the relief

requested in the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure,

and the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1] (the "<u>Case</u>

<u>Management Procedures</u>"), and must be filed with the Court (i) by registered users of the Court's

case filing system, electronically in accordance with Rule 5 of the Local Rules for the District of

Puerto Rico, and (ii) by all other parties in interest, on a CDROM, in text-searchable portable

document format (PDF), and served on (a) counsel for the Oversight Board, Proskauer Rose LLP,

Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq. and

Brian S. Rosen, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan,

PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (b) counsel for the Puerto Rico Fiscal Agency

and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New

York 10036 (Attn: John J. Rapisardi, Esq., Peter Friedman, Esq., and Maria J. DiConza, Esq.) and

Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR

00917 (Attn: Luis C. Marini-Biaggi, Esq. and Carolina Velaz-Rivero, Esq.); and (c) the Office of

the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan,

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

PR 00901-1922, so as to be received no later than **April 13, 2021 at 4:00 p.m. (Atlantic Standard Time)**.

> **PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge (the "Court"), telephonically via CourtSolutions on **April 28, 2021 at 9:30 a.m. (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, to consider the relief sought by the Debtors in the Motion.

> **PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

> **PLEASE TAKE FURTHER NOTICE** that copies of the Motion including all exhibits, and all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: April 6, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ Brian S. Rosen

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205

**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

**Hearing Date:  April 28, 2021 at 9:30 a.m. (Atlantic Standard Time)**
**Objection Deadline: April 13, 2021 at 4:00 p.m. (Atlantic Standard Time)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**DEBTORS' JOINT MOTION FOR AN ORDER (I) SCHEDULING A HEARING TO
CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE
DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING
OBJECTIONS TO THE DISCLOSURE STATEMENT AND
REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF,
(IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES
IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

**To the Honorable United States District Court Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico

Public Buildings Authority ("PBA" and, together with the Commonwealth and ERS, the

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales
Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal
Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-
3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of
the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal
Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS)
(Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy
Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

"Debtors," and each individually a "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), and Rule 7026, *et seq.*, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases by PROMESA section 310, for an order (i) scheduling a hearing (the "Disclosure Statement Hearing") to consider the adequacy of the information contained in the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [ECF No. 15977] (as amended or modified from time to time and including all exhibits thereto, the "Disclosure Statement"),[3] (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) establishing document depository procedures in connection therewith, (iv) approving the form of notice of the Disclosure Statement Hearing and related deadlines, and (v) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## **Preliminary Statement[4]**

1.      On February 9, 2020, after almost three years since entering Title III proceedings, following the Commonwealth's proposal of a plan and disclosure statement in September 2019,

---

2    PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

3    The Disclosure Statement is related to the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 15976] (as amended or modified from time to time, and including all exhibits thereto, the "Plan").  The Debtors anticipate filing a Spanish translation of the Disclosure Statement and the Plan prior to the April 28, 2021 hearing to consider the relief in the Motion.

4    Capitalized terms in the Preliminary Statement not previously defined are defined below.

and with the assistance of the Court-appointed Mediation Team, the Oversight Board entered into the 2020 PSA. The 2020 PSA provided the framework for a plan of adjustment that would have allowed the Debtors to emerge from their Title III Cases by the end of 2020. However, after the Debtors filed the 2020 Plan, the 2020 Disclosure Statement, and the 2020 Disclosure Statement Motion on February 28, 2020 (all of which incorporated the terms of the 2020 PSA), and after the Court entered the 2020 DS Scheduling Order and set a disclosure statement hearing for June 2020, the world was afflicted by the global COVID-19 pandemic.

2. In response to the effects of the COVID-19 pandemic on the people and economy of Puerto Rico, the Oversight Board sought to adjourn the schedule set forth in the 2020 DS Scheduling Order, which the Court granted pursuant to the Adjournment Order on March 27, 2020, to allow the Oversight Board and the Commonwealth to focus on addressing the pandemic and to assess the new reality for the Island.

3. During the year since the entry of the Adjournment Order, the Oversight Board, with the aid of the Mediation Team, continued discussions with various creditor groups and parties to the 2020 PSA to address the new COVID-19 reality. Significant progress has been made. On February 22, 2021, the Oversight Board entered into a new plan support agreement with certain holders of GO Bonds, certain holders of PBA Bonds, Assured Guaranty Corp. and Assured Guaranty Municipal Corp., solely in their capacities as insurers and asserted holders, deemed holders, or subrogees with respect to GO Bonds and PBA Bonds, Syncora Guarantee Inc., as holder of, subrogee with respect to, or insurer of GO Bond Claims and PBA Bond Claims, and National Public Finance Guarantee Corporation, solely in its capacity as insurer and asserted holder, deemed holder, or subrogee with respect to GO Bonds and PBA Bonds. The PSA provides a framework for the treatment of GO Bonds and PBA Bonds pursuant to a plan of adjustment that settles all

3

outstanding disputes in connection with such bonds, including their validity, priority, and asserted secured status, and represents a significant step towards resuming the successful confirmation of a plan of adjustment for the Debtors and their exit from these Title III Cases.

4. Furthermore, the Oversight Board entered into the ERS Stipulation on April 2, 2021, which stipulation provides the framework for the treatment of ERS Bonds pursuant to a plan of adjustment and settles all outstanding disputes in connection with ERS Bonds..[5]  On April 5, 2021, the Oversight Board, the ERS Bondholder Groups, the SCC and the Retiree Committee filed the ERS Stay Motion, seeking to stay actions concerning the ERS Bonds that are currently pending before the Title III Court.

5. The PSA and ERS Stipulation further contemplate that the effective date of the Plan occur on or before December 15, 2021.  Failure to meet this milestone would allow the parties to terminate the PSA and the ERS Stipulation, thereby undoing the significant progress the Debtors, with the Mediation Team's invaluable assistance, have made to gain consensus for a joint plan of adjustment for the Commonwealth, ERS, and PBA.

6. To ensure that the Debtors conclude these Title III Cases before the end of this year and to allow sufficient time during the solicitation process for parties to review the Plan and Disclosure Statement, the Debtors seek to set the following dates for a hearing to consider the adequacy of the Disclosure Statement, as well as for related objection and reply deadlines:

- **Disclosure Statement Hearing**:  9:30 a.m., Atlantic Standard Time, on June 16, 2021.

- **Disclosure Statement Objection Deadline**:  5:00 p.m., Atlantic Standard Time, on May 14, 2021.

---

[5]   The Debtors will file an amended Plan and Disclosure Statement incorporating the terms of the ERS Stipulation and other minor modifications, together with the Disclosure Statement Motion and Confirmation Discovery Procedures Motion, prior to the hearing to consider the relief in this Motion.  To the extent that other agreements are reached as a result of the Mediation Team's efforts, such understandings will also be included.

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on May 28, 2021.

7.      Contemporaneous with the anticipated filing of an amended Plan and Disclosure Statement that incorporates the terms of the ERS Stipulation, the Debtors intend to file (i) a motion (the "Disclosure Statement Motion") seeking entry of an order to, among other things, (a) approve the Disclosure Statement, solicitation procedures, and form of ballots and notices, and (b) authorize the Debtors to commence solicitation of acceptances to the Plan, and (ii) a motion (the "Confirmation Discovery Procedures Motion") seeking entry of an order to, among other things, establish procedures and deadlines concerning objections to confirmation of the Plan and discovery in connection therewith.

8.      The Debtors respectfully submit that setting these dates and deadlines will ensure that all parties in interest receive adequate notice and opportunity to participate in the Disclosure Statement approval process while ensuring the Debtors can conclude these Title III Cases before the end of this year.

9.      The Debtors anticipate various parties in these Title III Cases may seek additional information in connection with their consideration of the adequacy of the Disclosure Statement. Given the complexity of these Title III Cases, the number of interested parties, and the potential objections to proceeding with the approval of the Disclosure Statement, the Debtors anticipate that information requests may be duplicative and/or may go beyond what is necessary or appropriate to evaluate the adequacy of the information contained in the Disclosure Statement.

10.     To that end, to promote an orderly and thorough Disclosure Statement approval process, conserve resources, and streamline the issues necessary for the Court's adjudication, the Debtors propose to implement the information collection procedures described herein and the

establishment of a centralized depository for such information.  These procedures are designed to: (i) enable these Title III Cases to proceed under an expeditious and efficient process; (ii) reduce the duplicative or unnecessary requests that would be contrary to those goals; and (iii) permit access to documents to those who have a legitimate interest, and to allow for use consistent with that interest, and help safeguard confidential information.

11.     For the reasons stated herein, the Debtors respectfully request the Court grant the Motion.

### **Background**

12.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under Title III thereof (the "Commonwealth's Title III Case").

13.     On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case").

14.     On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PBA Title III Case" and collectively with the Commonwealth's Title III Case and ERS Title III Case, the "Title III Cases").

15.     On February 28, 2020, the Oversight Board filed (i) the *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 11946] (the "2020 Plan"), which incorporated, among other things, the proposed treatment of bonds issued by PBA

and guaranteed by the full faith credit and taxing power of the Commonwealth ("PBA Bonds")
and general obligation bonds issued by the Commonwealth ("GO Bonds"), and proposed
settlement of all challenges to the validity, priority, and secured status of such bonds memorialized
in that certain Plan Support Agreement, dated February 9, 2020 (the "2020 PSA"), among the
Oversight Board, as representative of the Commonwealth, ERS, and PBA, certain holders of GO
Bonds, and certain holders of PBA Bonds, (ii) the *Disclosure Statement for the Amended Title III
Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [ECF No. 11947] (the "2020
Disclosure Statement"), and (iii) the *Joint Motion of the Commonwealth of Puerto Rico, the
Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the
Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement,
(II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation
Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving
Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting
Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote
Tabulation Procedures* [ECF No. 11950] (the "2020 Disclosure Statement Motion").

16.     On March 10, 2020, the Title III Court entered the *Order (I) Scheduling a Hearing
to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing
the Deadline for Filing Spanish Translation of the Disclosure Statement, (III) Establishing the
Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (IV) Granting
Related Relief* [ECF No. 12187] (the "2020 DS Scheduling Order").

17.     In response to the spread of COVID-19 globally and throughout Puerto Rico, and
its effects on the people and economy of Puerto Rico, the Oversight Board requested an
adjournment of the schedule set forth in the 2020 DS Scheduling Order, subject to further status

reports to be provided to the Court [ECF No. 12485], which the Title III Court granted by order dated March 27, 2020 [ECF No. 12549] (the "Adjournment Order").

18.     Over the last year, the Oversight Board resumed discussions, under the guidance of the Mediation Team,[6] with the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and creditors that were party to the 2020 PSA concerning the terms of a plan of adjustment and what, if any, modifications or amendments need to be proposed in light of the uncertainty created by COVID-19.

19.     On February 9, 2021, the Oversight Board announced that, as a result of discussions led by the Mediation Team, the Oversight Board and the principal parties to the 2020 PSA reached an agreement in principle regarding the terms of an amended plan of adjustment, subject to the execution of definitive documentation.

20.     On February 23, 2021, the Oversight Board announced the termination of the 2020 PSA and the execution of a new Plan Support Agreement, dated as of February 22, 2021 (the "PSA"), among the following parties: the Oversight Board, as representative of the Commonwealth, ERS, and PBA; certain holders of GO Bonds; certain holders of PBA Bonds; Assured Guaranty Corp., and Assured Guaranty Municipal Corp., solely in their capacities as insurers, and asserted holders, deemed holders, or subrogees with respect to GO Bonds and PBA Bonds; Syncora Guarantee Inc., as holder of, subrogee with respect to, or insurer of GO Bond Claims and PBA Bond Claims; and National Public Finance Guarantee Corporation, solely in its capacity as insurer and asserted holder, deemed holder, or subrogee with respect to GO Bonds and PBA Bonds.

---

[6]  The "Mediation Team" is the mediation team led by Judge Barbara J. Houser of the United States Bankruptcy Court for the Northern District of Texas as established by the Title III Court under its *Order Appointing Mediation Team*, dated June 23, 2017 [ECF No. 430].

21.     On March 8, 2021, the Debtors filed the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 15988] and the *Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 15976], consistent with the terms of the PSA.

22.     On April 2, 2021, the Oversight Board entered into that certain *Amended and Restated Stipulation (A) Allowing Claims of ERS Bondholders, (B) Staying Pending Litigation, and (C) Providing for Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment* (the "ERS Stipulation"). The ERS Stipulation incorporates, among other things, the proposed treatment for ERS Bonds.  In accordance with the ERS Stipulation, on April 5, 2021, the ERS Parties filed an *Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 16321] (the "ERS Stay Motion").  As noted above, the Debtors will incorporate the terms of the ERS Stipulation in an amended Plan and Disclosure Statement.

23.     If the relief in this Motion is granted, the Debtors intend to seek approval of the Disclosure Statement and related procedures and deadlines at the June 16, 2021 omnibus hearing.

### Jurisdiction and Venue

24.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

25.     Venue is proper in this district pursuant to PROMESA section 307(a).

**Relief Requested**

26.     By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), setting the Disclosure Statement Hearing for

**June 16, 2021**, or as soon thereafter as the Court's schedule permits.  The Debtors also request the

establishment of the following deadlines and procedures in connection with the Debtors'

Disclosure Statement approval process (the "Disclosure Statement Scheduling Procedures"):

- **Disclosure Statement Objection Deadline**:  5:00 p.m., Atlantic Standard Time, on May 14, 2021 as the deadline to file final (and not preliminary) objections to (i) the adequacy of the Disclosure Statement, and (ii) the relief requested in the Disclosure Statement Motion (each, an "Objection").  Objections to the adequacy of the Disclosure Statement must (i) state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtors' cases, and (ii) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; and

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on May 28, 2021 as the deadline for the Debtors or other parties in interest to file replies or responses to the Objections and a revised Disclosure Statement, if necessary.

27.     In addition, the Debtors respectfully request the establishment of procedures

governing provision of documents in connection with the Debtors' Disclosure Statement approval

process, attached to the Proposed Order as Exhibit 1 (the "Disclosure Statement Depository

Procedures"), including the centralized electronic document depository (the "Disclosure Statement

Depository"):[7]

- **Disclosure Statement Depository Procedures**: The proposed procedures include provisions concerning: (i) the establishment of the Disclosure Statement Depository and procedures for access to pertinent materials relating to the Disclosure Statement contained therein; (ii) confidentiality protections and limitations on access to the foregoing materials, as appropriate; and (iii) protections

---

[7] For the avoidance of doubt, the website on which the Disclosure Statement Depository is accessible will be the same website as the depository established to review documents and information related to the Plan, titleiiiplandataroom.com.

against the inadvertent waiver of privileges, attorney work-product, and other immunities from disclosure as necessary to foster access to the pertinent materials without undue delay.

28.     Pursuant to the Disclosure Statement Depository Procedures, eligible creditors of the Debtors and their representatives will be permitted to access public, non-confidential information after completing an electronic application certifying that they, or the person they represent, is a creditor of the Commonwealth, PBA, or ERS.  The Debtors will also make relevant confidential information available to eligible creditors of the Debtors and their representatives if, in addition to the eligibility certification, such creditors agree to the terms of a protective order (the "Protective Order") attached as Exhibit 2 to the Proposed Order, which the Debtors respectfully request the Court approve.  The Protective Order governs obligations concerning access to and sharing of confidential information and is designed to ensure that creditors of the Debtors do not share confidential information with parties who do not have a legitimate interest in it.  If a creditor of the Debtors wishes to access confidential information in addition to public documents, they will be required to sign an acknowledgement that they have read the Protective Order and agree to abide by its terms, substantially in the form attached to the Proposed Order as Exhibit 3 (the "Protective Order Subscription").  The Disclosure Statement Depository website shall be made available to creditors in English and Spanish, but the Debtors shall not be obligated to provide English- or Spanish-language of any documents placed in the Disclosure Statement Depository.

29.     These uniform procedures will allow creditors access to information in an orderly, expeditious, and efficient fashion on a consistent timeline, without the need for wasteful motion practice on an individual basis, or for other motions seeking expedited relief before this Court. They will also help ensure that confidential information is appropriately safeguarded.

30.     If the Debtors are unable to establish and implement a uniform set of deadlines and procedures, parties in interest may face unnecessary confusion and the Debtors may face improper and unnecessary requests that may delay the most critical aspects of their Title III process.  Such a result could unnecessarily impede and delay the approval of the Disclosure Statement and ultimately the confirmation of the Plan.  The proposed deadlines and procedures will streamline the process and assist the Debtors in focusing on their constituencies, operations, and restructuring efforts, while not prejudicing any party's rights.

<u>**Basis for Relief**</u>

**A.     Establishment of the Disclosure Statement Scheduling Procedures is Appropriate.**

31.     This Court has authority to approve the Disclosure Statement Scheduling Procedures pursuant to its inherent power to manage its docket.  *See*, *e.g.*, *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) (district courts retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner); *In re Kitts*, 442 B.R. 818, 829 (D. Utah 2010) (noting that the "bankruptcy court had the inherent authority to manage its case load and calendar").  Section 105(a) of the Bankruptcy Code, made applicable to these Title III Cases pursuant to PROMESA section 301(a), codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

32.     Absent the establishment of the Disclosure Statement Scheduling Procedures, as requested herein, the Disclosure Statement approval process would be covered by the *Fourteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 15894-1] (the "Case Management Procedures").  The Case Management Procedures would require parties in interest to file objections to the Disclosure Statement and Disclosure Statement Motion fifteen (15) calendar days before the proposed Disclosure Statement Hearing, and replies by the Debtors to

any objections seven (7) calendar days before the Disclosure Statement Hearing, which, given the scope and complexity of issues contained in the Disclosure Statement, would limit the ability of the Debtors to resolve any objections consensually and narrow the issues before the Court at the Disclosure Statement Hearing.

33.     Parties in interest will not be prejudiced by the Debtors' proposed timeline.  The Debtors are requesting that the Disclosure Statement Hearing be held approximately fourteen (14) weeks after the filing of the Disclosure Statement on March 8, 2021, and seven (7) weeks after the hearing to consider the relief in this Motion, pursuant to a proposed schedule that would provide parties in interest ample time to review the Plan and Disclosure Statement,[8] as well as any modifications or supplements.  While the Debtors shall be filing an amended Disclosure Statement to incorporate the terms of the ERS Stipulation, such information has been publicly available for several weeks and will not represent a significant modification to the Disclosure Statement.  Parties also will have approximately nine (9) weeks from the filing of the Disclosure Statement to consider their objections, if any, to the Disclosure Statement.  This timing will provide parties in interest appropriate opportunity to work with the Debtors to resolve objections, if any, they may have with respect to the Disclosure Statement.

34.     Further, the Debtors' proposed Disclosure Statement Objection Deadline is thirty-three (33) days before the Disclosure Statement Hearing.  This deadline will give the Debtors the opportunity to resolve (and to the extent necessary, respond to) any objections, and will provide this Court additional time to consider the objections in advance of the Disclosure Statement

---

[8]   A substantial portion of the Disclosure Statement has been available since the filing of the 2020 Disclosure Statement over a year ago on February 28, 2020 [ECF No. 11947].

Hearing. Thus, the Debtors' proposed Disclosure Statement Scheduling Procedures will streamline the Disclosure Statement Hearing for the benefit of the Court and all parties in interest.

35.     In sum, the Debtors believe the approval of the Disclosure Statement Scheduling Procedures is an appropriate use of this Court's equitable and inherent powers because the proposed schedule allows the Debtors to preserve important creditor support for the Plan, maintains a reasonable trajectory for these Title III Cases, and provides parties in interest with a full and fair opportunity to consider the proposed Plan and Disclosure Statement. The Debtors therefore respectfully request that the Court approve the Disclosure Statement Scheduling Procedures.

**B.     The Disclosure Statement Hearing Notice Should Be Approved**

36.     Bankruptcy Rules 3017(a) and 2002, made applicable pursuant to PROMESA section 310, require that twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objection and the hearing to approve a disclosure statement, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1). The Debtors propose to serve as soon as practicably following the entry of the Proposed Order the notice of the hearing on the Disclosure Statement Motion substantially in the form attached hereto as **Exhibit B** (the "Disclosure Statement Notice"), by electronic transmission, by overnight mail, or by first-class mail upon all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017 (the "Notice Parties"). As noted above, the Disclosure Statement was filed on March 8, 2021, and parties will have more than nine (9) weeks from the filing of the Disclosure Statement to consider their objections. The Disclosure Statement Notice will provide parties at least twenty-eight (28) days' notice of the Disclosure Statement Hearing and the proper procedures and content of any responses and objections to the Disclosure Statement, including the time, date, and place for filing objections to the Disclosure Statement. Accordingly, the Debtors believe that the proposed

14

Disclosure Statement Notice provides parties in interest with sufficient notice of the Disclosure Statement Hearing and the deadline to object to the Disclosure Statement and request the Court approve such notice as adequate.

C.     **The Disclosure Statement Depository Procedures Should Be Approved**

37.     Section 105(a) of the Bankruptcy Code, made applicable by PROMESA section 301(a), provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Under Bankruptcy Code section 105(a), the court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the restructuring process.  *See, e.g.*, *In re Energy Res. Co., Inc.*, 871 F.2d 223, 230 (1st Cir. 1989), *aff'd sub nom. United States v. Energy Res. Co.*, 495 U.S. 545, 110 S. Ct. 2139, 109 L. Ed. 2d 580 (1990) (noting the bankruptcy court's "broad equitable powers" including those under Bankruptcy Code section 105(a)); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

38.     The Debtors anticipate various parties in these Title III Cases may seek additional information from the Debtors in connection with their consideration of the adequacy of the Disclosure Statement.  Given the complexity of these Title III Cases, the number of interested parties, and the potential objections to proceeding with the approval of the Disclosure Statement, the Debtors anticipate that information requests may be duplicative and/or may go beyond what is necessary or appropriate to evaluate the adequacy of the information contained in the Disclosure Statement.  The Disclosure Statement Depository Procedures will provide creditors with access to

15

relevant documents in the Disclosure Statement Depository, and will obviate the need for duplicative and unnecessary information requests.

39.     The Disclosure Statement Depository Procedures will assist in providing creditors access to relevant documents (including creating a single location for access to documents that are publicly available on different websites and at numerous locations), while also appropriately safeguarding confidential information.  The form of the Protective Order attached as <u>Exhibit 2</u> to the Proposed Order is designed to ensure that eligible creditors of the Debtors have access to documents not otherwise publicly available only for purposes consistent with their interest in the Title III process and to evaluate the Disclosure Statement, and not for any other purpose, and prohibits such creditors who are granted access to these documents from disseminating or sharing such materials with third-parties.

40.     Although the Debtors do not seek by this Motion to establish procedures for Disclosure Statement approval or confirmation, confirmation procedures approved by courts in this and other districts do offer a model for streamlining creditor access to documents for the benefit of all parties in interest—goals that are present here.  Relief similar to that requested in this Motion has been granted in other large, complex bankruptcy cases in connection with confirmation.  *See In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017) [Docket No. 148]; *In re Maxus Energy Corp., et al.*, Case No. 16-11501(CSS) (Bankr. D. Del. Feb. 17, 2017) [Docket No. 907]; *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), [Docket No. 16233].

41.     The Disclosure Statement Depository Procedures are designed to enable these Title III Cases to proceed under an expeditious and efficient process, to reduce the duplicative or unnecessary requests that would be contrary to those goals, and to permit access to documents to

those who have a legitimate interest while also protecting confidential information. The Debtors believe providing materials pursuant to uniform global procedures will assist in the efficient administration of the Debtors' Title III Cases without unnecessary litigation expense, and, ultimately, the maximization of value for the Debtors and their stakeholders. Accordingly, the Debtors submit that the relief requested in this Motion is in the best interests of these Title III cases and stakeholders, and should be granted in all respects.

## **Notice**

42.     Notice of this Motion will be provided by facsimile, electronic mail transmission, regular mail and/or hand delivery to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the bonds issued by the Debtors; (c) the entities on the list of creditors holding the 20 largest unsecured claims against the Debtors; (d) the statutory committees appointed in any of the Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department of Justice; (h) the United States Securities and Exchange Commission; and (h) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

43.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Left Intentionally Blank*]

17

**WHEREFORE** the Debtors respectfully request the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 6, 2021
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF
INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II)
ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS
TO THE DISCLOSURE STATEMENT AND REPLIES
THERETO, (III) APPROVING FORM OF NOTICE THEREOF,
(IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES
IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] dated April 6, 2021, of the Commonwealth of Puerto

Rico (the "Commonwealth"), the Employees Retirement System of the Government of the

Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales
Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal
Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-
3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of
the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal
Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS)
(Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy
Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

Board") and in its capacity as sole representative of the Commonwealth, ERS, and PBA (the "Debtors" under PROMESA section 315(b)), requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtors, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS FOLLOWS:

1.    The Motion is granted as modified herein.

2.    The Disclosure Statement Notice is approved.

**Disclosure Statement Scheduling Procedures**

3.    The following Disclosure Statement Scheduling Procedures are approved:

- **Disclosure Statement Hearing**: 9:30 a.m., Atlantic Standard Time, on June 16, 2021, as the time and date for the Disclosure Statement Hearing, as such date may be adjourned by the Court or the Debtors pursuant to a notice filed on the docket maintained in these Title III Cases;

- **Disclosure Statement Objection Deadline**: 5:00 p.m., Atlantic Standard Time, on May 14, 2021 as the deadline to file final (and not preliminary) objections to (i) the adequacy of the Disclosure Statement, and (ii) the relief requested in the Disclosure Statement Motion.  Objections of the adequacy of the Disclosure Statement must (i) state the name and address of the objector or entity proposing a

modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtors' cases, and (ii) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; and

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on May 28, 2021 as the deadline for the Debtors or other parties in interest to file replies or responses to the Objections.

## Disclosure Statement Depository

4.      The Disclosure Statement Depository Procedures set forth on **Exhibit 1** hereto are approved.  The Debtors are authorized to establish and maintain the Disclosure Statement Depository in accordance with the Disclosure Statement Depository Procedures.

## Confidentiality[3]

5.      The Debtors have established good cause for entry of an order, attached hereto as **Exhibit 2**, governing Confidential Information in connection with the Disclosure Statement Depository.  The Protective Order set forth on **Exhibit 2** hereto is approved in all respects.  The Debtors are authorized to implement the procedures and requirements set forth in the Protective Order, including execution of the Protective Order Subscription attached hereto as **Exhibit 3**.

6.      Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information (as defined in the Protective Order) by the Debtors in connection with the Disclosure Statement Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

7.      No Warranty of Accuracy.  Each Eligible Creditor understands that the Producing Parties (as defined in **Exhibit 2** to this Order) will endeavor to include in the Confidential Information materials relevant for the purpose of evaluation of the Disclosure Statement, but each

---

[3]   Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in **Exhibit 2** hereto.

Eligible Creditor acknowledges that the Producing Parties do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Producing Parties shall have any liability to any Eligible Creditor or its representatives resulting from the use of such information by an Eligible Creditor or its representatives.

8.      <u>No Waiver</u>.   No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

9.      Upon entry hereof, the Debtors shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**<u>Miscellaneous</u>**

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

13.     This Order resolves Docket Entry No. _____ in Case No. 17-3283


Dated: _____, 2021
      San Juan, Puerto Rico          _____

                                                Laura Taylor Swain
                                              United States District Court Judge

## **Exhibit 1**

### **Disclosure Statement Depository Procedures**

1.      On or after April 28, 2021, the Debtors are authorized to establish and populate an electronic document depository (the "Disclosure Statement Depository") which shall include factual source materials underlying the Disclosure Statement (including but not limited to factual source materials underlying the cash restriction analysis, the best interest tests reports, and the Section 211 report attached to the Disclosure Statement), as well as documents relating to the nature of claims and classification under the Plan (collectively, the "Documents").

2.      Creditors may request access to the Disclosure Statement Depository by visiting titleiiiplandataroom.com.

3.      The Disclosure Statement Depository will be made available only to the following parties or their representatives (collectively, "Eligible Creditors"): (*i*) current and former employees of the Commonwealth (also known as "public employees"); (*ii*) creditors of the Debtors for which a master proof of claim has been filed on such creditor's behalf that has not otherwise been disallowed or expunged, (*iii*) creditors of the Debtors who have filed a proof of claim against one or more of the Debtors that has not been disallowed or expunged, (*iv*) creditors who were not required to file a proof of claim pursuant to the Bar Date Orders, or (*v*) creditors who are listed on the Debtors' creditor matrix [ECF Nos. 10709, 1817, 830, as may be modified], in an amount greater than $0.00.[1]

4.      All Eligible Creditors wishing to access the Disclosure Statement Depository must first navigate to titleiiiplandataroom.com; request access to the site; designate whether they wish

---

[1]   "Bar Date Orders" refers to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] and the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160].

to have access to public documents only or to confidential documents as well; affirm they are or represent a creditor of the Debtors; provide certain biographical information, including their name, address, telephone number, email address, proof of claim number (if available), and identify their creditor type, and if they are not the creditor, the name of the creditor and, if applicable, the representative institution they are associated with; and certify that they are eligible for access to the Disclosure Statement Depository pursuant to categories (*i*)-(*iv*) in paragraph 3 above.  Access requests will be processed as promptly as reasonably practicable.

5.      Eligible Creditors granted access to the Disclosure Statement Depository will receive access to all non-confidential materials posted in the Disclosure Statement Depository.  To the extent Eligible Creditors also wish to access Confidential Information, such parties must agree to comply with the Protective Order annexed as Exhibit 2 to the Order, and execute the Protective Order Subscription annexed as Exhibit 3 to the Order.  The Protective Order Subscription will be available to creditors by visiting titleiiiplandataroom.com and requesting access to confidential documents.  Creditors will then be directed to OnTask, a secure signing service, in order to review the Protective Order and collect an Eligible Creditor's electronic signature on the Protective Order Subscription.  Any Eligible Creditor who executes the Protective Order Subscription shall be provided access to the Confidential portion of the Disclosure Statement Depository within one (1) business day of execution and submission thereof, or as soon as reasonably practicable thereafter.

6.      The Disclosure Statement Depository shall contain electronic indices of all documents in the Disclosure Statement Depository.  One such index will include the publicly available Documents in the Disclosure Statement Depository and shall be made available to all Eligible Creditors once they are granted access to the Disclosure Statement Depository.  The second such index will include Documents in the Data Room containing Confidential Information,

and will be made available only to Eligible Creditors who successfully request and receive access to Confidential Information by reviewing the Protective Order and signing the Protective Order Subscription.  The Debtors shall use their reasonable best efforts to place Documents in the Disclosure Statement Depository to categorize Documents by topic; provided, however, that the Disclosure Statement Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtors shall not be responsible for the mis-categorization of any particular Document and (ii) each Eligible Creditor should not rely upon the categorization of the Documents and should review all categories of Documents in their entirety.

7.       Notwithstanding the placement of any document in the Disclosure Statement Depository and the review of any such document by an Eligible Creditor, the Oversight Board and the Debtors shall maintain the right to object to the use or introduction of any document in the Disclosure Statement Depository in any matter or proceeding on relevance grounds or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a Document contained in the Disclosure Statement Depository has been created by the Debtors, such party shall have waived the right to object to the use or introduction of such document on the basis of authenticity.  Additionally, to the extent that the Debtors inadvertently include privileged materials in the Disclosure Statement Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such protective measures are necessary to provide the requesting parties access to relevant materials in a timely and efficient manner.

8.       In order to streamline access to the Disclosure Statement Depository and prevent overloading the Disclosure Statement Depository's website, the Oversight Board may make some or all Documents included in the Disclosure Statement Depository available to some or all Eligible

Creditors by other means, including but not limited to transmitting such Documents via a secure

file transfer protocol.  The Oversight Board shall make the determination to provide Documents

in such fashion in its own discretion, and all other terms of use and access to the Documents

included in the Disclosure Statement Depository, whether provided via the depository or via secure

file transfer protocol (including relating to the use of Confidential Information), shall be identical.

*[Remainder of Page Intentionally Left Blank]*

**Exhibit 2**

**Protective Order**

1.      <u>Definitions</u>:

   a.      "<u>Document</u>" means all documents and information in the Disclosure Statement Depository (the "<u>Data Room</u>").

   b.      "<u>Confidential Information</u>" means all Documents in the Data Room that the Debtors consider in good faith to contain personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtors or other third parties if it was publicly disclosed.

2.      <u>Permissible Use of Confidential Information</u>.  All parties to this Protective Order, including their agents and representatives, agree to maintain the confidentiality and avoid improper disclosure of any Confidential Information in the Data Room.  This includes any information derived from the Confidential Information, such as summaries, copies, or presentations containing or referencing Confidential Information.  All Documents made available in the Depository shall be used only in connection with evaluating the adequacy of the Disclosure Statement and not for any other purpose.  Each Eligible Creditor will safeguard Confidential Information from unauthorized disclosure with the same standard of care each Eligible Creditor uses in maintaining the confidentiality of its own confidential information of a similar nature.

3.      <u>Confidentiality Subscription</u>.  Eligible Creditors who are interested in obtaining access to Confidential Information will be directed to sign a Protective Order Subscription utilizing OnTask, a secure signing service.  Before an Eligible Creditor or any of its agents or representatives may access Confidential Information, they must read this Protective Order and execute the Protective Order Subscription in the form attached as <u>Exhibit 3</u> via OnTask's secure signing service.

4.      <u>Disclosure of Confidential Information</u>.   Without obtaining the Debtors'
prior written consent, Confidential Information may be disclosed only to the following persons:

a.      any mediator or court (or their representatives) taking part in the
administration or adjudication of the Disclosure Statement (collectively, the "<u>Courts</u>"), in
compliance with the procedures listed in paragraph 6 below;

b.      persons who are the authors, addressees, or recipients of documents
containing Confidential Information if they have previously had lawful access to those documents;

c.      professional court reporters and their staff; and

d.      any Eligible Creditor's agents or representatives, including in house
and outside counsel, professional personnel (including but not limited to IT staff), testifying or
consulting experts, anticipated or actual witnesses testifying in connection with the Disclosure
Statement, and translators or other outside litigation support vendors (collectively,
"<u>Representatives</u>").  Eligible Creditors shall be responsible for ensuring their Representatives read
this Protective Order and comply with its terms, and each Eligible Creditor shall be responsible
for any breach of this Protective Order by any of their Representatives.   Attorneys for Eligible
Creditors may only provide Confidential Information to their clients after their clients visit
OnTask's secure signing service and execute the Protective Order Subscription on the OnTask site.

5.      <u>Demand for Confidential Information</u>.   If an Eligible Creditor or its
Representatives are requested or required by court process or law to disclose Confidential
Information, the Eligible Creditor will promptly give the Oversight Board written notice (to the
attention of Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq., Proskauer Rose LLP, Eleven
Times Square, New York, New York 10036) of such request or requirement as far in advance of

any disclosure as is practicable so the parties may seek an appropriate protective order or waiver in compliance with provisions of this Protective Order.

6.    <u>Submission of Confidential Information to the Court</u>.  Any Confidential Information filed with or otherwise submitted to the Court shall be filed or submitted under seal consistent with the local rules for the United States District Court for the District of Puerto Rico, and any applicable case management procedures.  If any Confidential Information is used in any court proceeding, it shall not lose its designation through such use.  Confidential Information shall not be copied or reproduced in an Eligible Creditor's objection to the Disclosure Statement, unless it is reasonably necessary to include Confidential Information in such an objection.  If so, the Eligible Creditor's objection must be filed under seal in accordance with the requirements of the United States District Court for the District of Puerto Rico, all copies shall be subject to this Protective Order and must include a "CONFIDENTIAL" designation.

7.    <u>Challenges to Designations of Confidentiality</u>.  If an Eligible Creditor believes any documents contained in the Depository have been improperly designated by the Debtors as containing Confidential Information, the Eligible Creditor may, after attempting to resolve the matter by agreement, apply to the Court for a ruling that certain documents or testimony designated as Confidential Information, or the information therein, is not entitled to confidential status or protection.  The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.  The Debtors' failure to designate Documents as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of the claim of confidentiality.  Upon prompt notice from the Oversight Board of a failure to designate, Eligible Creditors and their Representatives shall cooperate to restore the confidentiality of the Confidential Information.

8.      <u>Nonwaiver of Privileges</u>.  Disclosure of documents (including documents containing Confidential Information) pursuant to the terms of this Protective Order shall not be deemed to waive attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information.  If an Eligible Creditor or their Representative reviews any information in the Data Room that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appear to be subject to a legally recognized privilege, the Eligible Creditor or their Representative shall provide immediate notice to the Debtors and shall not review the information.  Upon notification by the Debtors that any of the Debtors has inadvertently included information in the Depository that should not have been included (whether because of applicable privilege or otherwise), each Eligible Creditor shall certify that they have deleted or destroyed any downloaded or printed copies of such documents within twenty-four (24) hours of notification.

9.      <u>Return or Destruction of Confidential Information Upon Plan Confirmation</u>. Within sixty (60) days after the entry of a final order (or orders) approving the Disclosure Statement, Confidential Information and all copies of same, and all documents containing or referring to Confidential Information, and copies of any pleading or paper filed of record with the Court, shall either be returned to the Debtors or destroyed.

10.      <u>Application of Securities Laws</u>.  Any Eligible Creditor who signs a Protective Order Subscription understands that, as a result of the receipt of Confidential Information, he, she, or it may be deemed to be in possession of material, nonpublic information relating to the Debtors, and that the United States securities laws apply to such person.  If an Eligible Creditor or its Representative who signs a Protective Order Subscription also trades

securities, such person represents that it will ensure such trades do not violate any federal or state securities laws.

           11.    <u>Remedies, Jurisdiction and Governing Law</u>.   Specific performance and injunctive relief are available as nonexclusive remedies upon proof of any breach of this Protective Order.   Each Eligible Creditor and the Debtors shall confer in good faith over any disagreement in connection with this Protective Order before claiming noncompliance to any third party or this Court, <u>provided</u> that the Debtors shall have the right to refuse continued access to the Data Room to such Eligible Creditor and its Representatives if the Debtors determine that such Eligible Creditor has breached its obligations.

*[Remainder of page intentionally left blank]*

**Exhibit 3**

**Protective Order Subscription**

I hereby certify to the Oversight Board,[1] the Commonwealth of Puerto Rico, the Employees

Retirement System of the Government of the Commonwealth of Puerto Rico, Puerto Rico Public

Buildings Authority, the PSA Parties,[2] and the ERS Parties[3], that I have read the *Order (I)*

*Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure*

*Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and*

*Replies Thereto, (III) Approving Form of Notice Thereof (IV) Establishing Document Depository*

*Procedures in Connection Therewith, and (V) Granting Related Relief*, dated ___, 2021 (the

"Order") and the Protective Order attached as Exhibit 2 thereto, and that I understand that I may

not disclose any Confidential Information (as defined in the Protective Order) except as provided

in the Protective Order.  I further recognize that I am bound by the terms of the Protective Order

and I agree to comply with those terms and submit to the jurisdiction of the United States

Bankruptcy Court for the District of Puerto Rico for purposes of enforcement of the Order, the

Protective Order, and this Protective Order Subscription.

Dated: _____

                                               _____
                                               Signature

                                                 Name:   _____

                                                 Address:   _____

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Debtors
for an Order Establishing Discovery Procedures in Connection with Approval of Disclosure Statement and
Granting Related Relief.*

[2]   The "PSA Parties" shall mean the parties to the Plan Support Agreements, other than the Debtors.

[3]   The "ERS Parties" shall mean the Official Committee of Retired Employees of the Commonwealth of Puerto Rico;
certain groups of holders of bonds issued by ERS; and The Bank of New York Mellon, as fiscal agent for the ERS
Bonds.

## Exhibit B

**Disclosure Statement Notice**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF FILING DISCLOSURE STATEMENT FOR THE THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, *ET AL.* AND HEARING THEREON

**PLEASE TAKE NOTICE** that, on April ____, 2021, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as sole representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), filed with the United States District Court for the District of Puerto Rico (the "Court"):

    (i)    the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No. ___] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Plan"),

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(ii)   the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No. ___] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"),

(iii)  the *Amended Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. _____] (the "Disclosure Statement Motion"), and

(iv)   the *Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. ___] (the "Discovery Procedures Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the Disclosure Statement, and any amendments, supplements, changes, or modifications thereto, for approval at a hearing before the Honorable Laura Taylor Swain on **June 16, 2021 at 9:30 a.m. (Atlantic Standard Time)** convened by telephonic hearing through CourtSolutions (the "Disclosure Statement Hearing"). The Disclosure Statement may be amended at any time prior to or at the Disclosure Statement Hearing. The Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) through the agenda for the Disclosure Statement Hearing and/or at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE** that information relating to the adequacy of the information contained in the Disclosure Statement is available online in the Disclosure Statement Depository at titleiiiplandataroom.com.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the approval of the Disclosure Statement must:

(i)    be in writing,

(ii)   conform to the Federal Rules of Bankruptcy Procedures and the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1] (the "Case Management Procedures"),

(iii)  state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtors' cases,

2

(iv)  specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language,

(v)  be filed with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007 together with proof of service, **on or before May 14, 2021 at 5:00 p.m. (Atlantic Standard Time)** (the "Objection Deadline"), and

(vi)  be served upon the following parties so as to be received on or before the Objection Deadline:

- the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

- the attorneys for the Oversight Board as representative of the Debtors, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., and Brian Rosen, Esq.;

- the co-attorneys for the Oversight Board as representative of the Debtors, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq.;

- the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Peter Friedman, Esq., and Maria J. DiConza, Esq.;

- the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan PR 00917, Attn: Luis C. Marini-Biaggi, Esq. and Carolina Velaz-Rivero, Esq.;

- those creditors holding the 20 largest unsecured claims against the Debtors (on a consolidated basis);

- the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.;

- the attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.;

- the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.;

- the attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq.;

- the attorneys for the LCDC, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, Attn: Susheel Kirpalani, Esq., and Eric Kay, Esq.;

- the attorneys for the QTCB Group, Morgan, Lewis & Bockius LLP, One State Street, Hartford, CT 06103, Attn: Kurt A. Mayr, Esq., David L. Lawton, Esq., and Shannon B. Wolf;

- the attorneys for the Ad Hoc Group of Constitutional Debtholders, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Gary S. Lee, Esq., James A. Newton, Esq., and Andrew Kissner, Esq.;

- the attorneys for the GO Group, (i) Paul, Weiss, Rifkind, Wharton & Garrison, LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew Rosenberg, Esq. and Karen Zeituni, Esq.; (ii) Willkie, Farr & Gallagher LLP, 1875 K Street, NW, Washington, DC 20006, Attn: Mark Stancil, Esq.; and (iii) Robbins, Russell, Englert, Orseck, Untereiner & Sauber, LLP, 2000 K Street, NW, Washington, DC 20006, Attn: Donald Burke, Esq.;

- the PRIFA BANs Owner Representative, Silver Point Capital, L.P., 2 Greenwich Plaza, Greenwich, CT 06830, Attn: Derek Staples;

- the attorneys for AFSCME, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Kenneth Pasquale, Esq., and Sherry J. Millman, Esq.;

- the attorneys for Assured, Cadwalader, Wickersham & Taft, 20 Liberty Street, New York, NY 10281, Attn: Mark Ellenberg, Esq. and Casey Servais, Esq.;

- the attorneys for National, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Kelly DiBlasi, Esq., and Kirsten Erichsen, Esq.;

- the attorneys for Syncora, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Eric Daucher, Esq.;

- the attorneys for the Andalusian Funds, Jones Day, 250 Vesey Street, New York, NY 10281, Attn: Benjamin Rosenblum, Esq.;

- the attorneys for the Puerto Rico Funds, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10036, Attn: John K. Cunningham, Esq.;

- the attorneys for Whitehaven Credit Opportunities Master Fund, Ltd., Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Douglas S. Mintz; and

- all parties that have requested notice pursuant to Rule 2002 of the Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan and the Disclosure Statement may be obtained by visiting the website maintained by the Debtors' claims and noticing agent in the PROMESA Title III cases, https://cases.primeclerk.com/puertorico/; by sending a request to Prime Clerk LLC, at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or, for a fee, from the Court's website, https://www.prd.uscourts.gov/. A PACER login and password are required to access documents on the Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

Dated: April ____, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ _____

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ _____

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*