# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>     Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA and Shall Only Be Filed in Case No. 17 BK 4780-LTS** |

**STIPULATION AND ORDER IN CONNECTION WITH DISCOVERY REGARDING PREPA'S MOTION FOR ENTRY OF AN ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIM FOR COMPENSATION FOR FRONT-END TRANSITION SERVICES UNDER PUERTO RICO TRANSMISSION AND DISTRIBUTION SYSTEM OPERATION AND MAINTENANCE AGREEMENT WITH LUMA ENERGY**

---

[1]     The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5532-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

WHEREAS, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"); the Puerto Rico Electric Power Authority ("PREPA"), by and through the Oversight Board as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA");[2] the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"); the Puerto Rico Public-Private Partnerships Authority ("P3"); the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA); Unión de Trabajadores de la Industria Eléctrica y Riego Inc.; Cortland Capital Market Services LLC; SOLA LTD; Solus Opportunities Fund 5 LP; Ultra Master LTD; Ultra NB LLC; and Whitefish Energy Holdings ("WEH") (collectively, the "Protective Order Parties" and each a "Protective Order Party") have issued discovery requests, have been served with discovery requests or both in connection with *PREPA's Motion for Entry of an Order Allowing Administrative Expense Claim for Compensation for Front-End Transition Services Under Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement with LUMA Energy* (ECF No. 2053)[3] (the "Motion").

WHEREAS, the Protective Order Parties either possess confidential, proprietary, and commercially sensitive information that may be produced in connection with discovery regarding the Motion ("Discovery"), or may receive such confidential, proprietary, and commercially sensitive information in connection with Discovery, or both.

WHEREAS, to facilitate Discovery while protecting such confidential information from improper disclosure and use, the Protective Order Parties, through their respective undersigned counsel, have agreed that the *Stipulation and Protective Order in Connection with the*

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] "ECF No." refers to documents filed in Case No. 17-BK-4780-LTS, unless otherwise noted.

*Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce their Statutory Right to Have a Receiver Appointed* (ECF No. 1052) ("Receivership Protective Order"), attached hereto as Exhibit 1, shall apply to the Protective Order Parties in connection with Discovery, including to all "Material" as defined in paragraph 1 of the Receivership Protective Order produced, deemed produced or received in connection with Discovery.

WHEREAS, the Protective Order Parties have established good cause for entry of this stipulation to the Receivership Protective Order (the "Stipulated Order").

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      For purposes of the Stipulated Order, "Motion" as defined in the Receivership Protective Order shall mean the Motion as defined above.

2.      For purposes of the Stipulated Order, "Parties" or "Party" as defined in the Receivership Protective Order shall mean the Protective Order Parties or Protective Order Party, both as defined above.

3.      For purposes of the Stipulated Order, "Protective Order" as defined in the Receivership Protective Order shall mean the Receivership Protective Order as modified by this Stipulated Order as set forth herein.

4.      For purposes of the Stipulated Order, paragraph 3 of the Protective Order shall be replaced with ""Professional Eyes Only" or "Professional Eyes Only Material" shall mean Confidential Material that a Producing Party considers in good faith to (a) contain or reflect highly confidential and sensitive proprietary information related to the Producing Party's previous, existing or ongoing operations for which restricted access is necessary to prevent a risk of

- 3 -

competitive or financial harm to the Producing Party in the ongoing operation of its business; (b) contain or reflect the Producing Party's analyses regarding the treatment or valuation of the debt, assets or securities of PREPA, other Title III debtors and other public corporations of the Commonwealth of Puerto Rico, to the extent restricted access to such analyses is reasonably necessary to prevent a risk of competitive or financial harm to the Producing Party or harm to PREPA's proposed privatization transaction; (c) contain or reflect an individual's financial or personal information; or (d) be documents or information that are otherwise subject to confidentiality agreements with third parties that require such documents to be designated Professional Eyes Only."

5.      For purposes of the Stipulated Order, the first sentence of paragraph 12 of the Receivership Protective Order shall be replaced with the following sentence: "Whenever discovery is sought from a non-party, a copy of this Protective Order shall accompany the discovery request or subpoena or be provided as soon as reasonably possible."

6.      For purposes of the Stipulated Order, the first sentence of paragraph 13 of the Receivership Protective Order shall be replaced with the following sentence: "In the case of deposition testimony and related exhibits, any Party may designate portions of the transcript (including exhibits) Confidential or Professional Eyes Only by making a statement to that effect on the record during the course of the deposition, or by written notice to the other Party within five days of receipt of the transcript (the "Review Period"); provided that the entire deposition transcript shall be treated as Confidential Material or Professional Eyes Only Material prior to each Party's designation or the expiration of the Review Period, whichever comes first."

7.      For purposes of the Stipulated Order, paragraph 20 of the Receivership Protective Order shall be replaced with the following: "Any Confidential Material or Professional

Eyes Only Material filed with or otherwise submitted to the Court shall be filed or submitted under seal consistent with the local rules for the United States Bankruptcy Court for the District of Puerto Rico, and any applicable case management procedures. Any motion to file material under seal must include information sufficient to demonstrate that the sealed filing is warranted despite the First Amendment and common law rights of access to judicial documents. If any Confidential Material or Professional Eyes Only Material is used in any court proceeding, it shall not lose its designation through such use, and the Parties shall take all steps required to protect the confidentiality of the Confidential Material or Professional Eyes Only Material during such use, including but not limited to designating the portions of the hearing transcript concerning such Material as Confidential or Professional Eyes Only."

8.      All other paragraphs, provisions and terms of the Receivership Protective Order shall apply with the same force and effect to the Protective Order Parties in connection with Discovery as they apply to the parties who stipulated to the Receivership Protective Order or otherwise agreed to adhere to the terms of the Receivership Protective Order.

9.      For the avoidance of doubt, nothing herein shall be deemed to waive or modify the Receivership Protective Order except that this Stipulated Order is applicable to, and shall govern, all Material produced and disclosed in connection with the Motion.

10.     This Court shall retain full and exclusive jurisdiction during the pendency of this case and thereafter to enforce this Stipulated Order and to grant relief for any violation thereof. All Protective Order Parties hereto and all signatories of Exhibit A to the Receivership Protective Order explicitly consent to the jurisdiction of this Court for the purpose of enforcement of this Stipulated Order. The Stipulated Order may be modified or terminated only by written stipulation of the Protective Order Parties or by order of the Court.

**IT IS HEREBY STIPULATED:**

Dated: July 31, 2020
      San Juan, Puerto Rico

Respectfully submitted,

**PROSKAUER ROSE LLP**

*/s/ Paul V. Possinger*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Daniel S. Desatnik (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

Jennifer L. Jones (*pro hac vice*)
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 284-4509
Fax: (310) 557-2193

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
*Attorneys for the Financial Oversight and
Management Board as representative for the
Commonwealth of Puerto Rico and the Puerto
Rico Electric Power Authority*

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Luis Marini*
Luis C. Marini-Biaggi
USDC No. 222301

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax: (787) 753-8944
*Co-Attorney for the Financial Oversight and
Management Board as representative of the
Debtor*

**O'MELVENY & MYERS LLP**

*/s/ Elizabeth L. McKeen*

John J. Rapisardi (*pro hac vice*)
Nancy A. Mitchell (*pro hac vice*)
Maria J. DiConza (*pro hac vice*)
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman (*pro hac vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

-and-

Elizabeth L. McKeen (*pro hac vice*)
Ashley M. Pavel (*pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900

250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-counsel for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

Fax: (949) 823-6994

*Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority and Puerto
Rico Electric Power Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C**

*/s/ Katiuska Bolaños*
Katiuska Bolaños
USDC-PR No. 231812
290 Jesús T. Piñero Ave.
Oriental Tower, Suite 1105
San Juan, PR 00918
Tel.: (787) 395-7133
Fax: (787) 497-9664

*Counsel for Puerto Rico Electric Power
Authority*

*/s/ Juan J. Casillas Ayala*
Juan J. Casillas Ayala
USDC-PR No. 218312
Israel Fernández Rodríguez
USDC-PR No. 225004
Juan C. Nieves González
USDC-PR No. 231707
Cristina B. Fernández Niggemann
USDC-PR No. 306008
**CASILLAS, SANTIAGO & TORRES LLC**
PO Box 195075
San Juan, PR 00919-5075
Telephone: (787) 523-3434
Facsimile: (787) 523-3433
Email: jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC-PR No. 226411
**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918

*/s/ Luc A. Despins*
Luc A. Despins (admitted *pro hac vice*)
Nicholas A. Bassett (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: lucdespins@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

*/s/ Emil A. Kleinhaus*
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**

P.O. Box 364225  
San Juan, Puerto Rico 00936-4225  
Telephone: (787) 250-5604  
Facsimile: (787) 759-9225  
Email: nzt@mcvpr.com

51 West 52nd Street  
New York, New York 10019  
Telephone: (212) 403-1000  
Facsimile: (212) 403-2000  
Email: rgmason@wlrk.com  
arwolf@wlrk.com  
eakleinhaus@wlrk.com  
mhcassel@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

/s/ *Jessica E. Méndez-Colberg*  
Rolando Emmanuelli-Jiménez  
USDC-PR No. 214105  
Jessica E. Méndez-Colberg  
USDC-PR No. 302108  
**BUFETE EMMANUELLI, C.S.P.**  
472 Tito Castro Ave.,  
Marvesa Building Suite 106  
Ponce, PR 00716  
Telephone: (787) 848-0666  
Facsimile: (787) 977-0323  
Email: rolando@bufete-emmanuelli.com  
jessica@bufete-emmanuelli.com  
*Attorneys for Unión de Trabajadores de la Industria Eléctrica y Riego and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica*

/s/ Ann Marie Uetz  
Ann Marie Uetz (*pro hac vice*)  
**FOLEY & LARDNER LLP**  
500 Woodward Ave., Suite 2700  
Detroit, MI 48226  
Telephone (313) 234-7100  
Facsimile (313) 234-2800  
auetz@foley.com  
*Counsel for WEH*

and

**C. CONDE & ASSOC.**  
/s/*Carmen D. Conde Torres*  
Carmen D. Conde Torres, Esq.  
USDC 207312

- 8 -

*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: condecarmen@condelaw.com
ls.valle@condelaw.com
*Counsel for WEH*

*/s/ Luke A. Barefoot*

Luke A. Barefoot (*admitted pro hac vice*)
(lbarefoot@cgsh.com)
CLEARY      GOTTLIEB      STEEN      &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2829
F: 212-225-3999
*Attorney for the Puerto Rico Public-Private Partnerships Authority*

This Order resolves Dkt. No. 2110.

**SO ORDERED.**

Dated: August 3, 2020

/s/ Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

By: /s/ Hermann D. Bauer

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS<br><br>**Court Filing Relates Only to PREPA** |

## STIPULATION AND PROTECTIVE ORDER IN CONNECTION WITH THE MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND SYNCORA GUARANTEE INC. FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW MOVANTS TO ENFORCE THEIR STATUTORY RIGHT TO HAVE A RECEIVER APPOINTED

---

[1]     The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

WHEREAS, (i) the Financial Oversight and Management Board for Puerto Rico ("<u>FOMB</u>"), the Puerto Rico Electric Power Authority, by and through the FOMB as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>") ("<u>PREPA</u>" and together with the FOMB, the "<u>Respondents</u>"),[2] (ii) the Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>") and (iii) National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. (collectively, the "<u>Movants</u>" and together with Respondents and AAFAF, the "<u>Parties</u>" and each a "<u>Party</u>") possess confidential, proprietary, and commercially sensitive information that will be produced in connection with the *Motion of National Public Finance Guarantee Corporation, Assured Guarantee Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed* (Case No. 17 BK 4780-LTS, ECF No. 975) (the "<u>Motion</u>");

WHEREAS, the Parties have, through counsel, stipulated to the entry of this protective order ("<u>Protective Order</u>") pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable to this Title III proceeding by Section 310 of PROMESA and Rule 7026 of the Federal Rules of Bankruptcy Procedure, to facilitate discovery in connection with the Motion while protecting such confidential information from improper disclosure and use; and

WHEREAS, the Parties have established good cause for entry of this Protective Order,

IT IS HEREBY ORDERED as follows:

---

[2]     PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

## **DEFINITIONS**

1.     "<u>Material</u>" shall mean and refer to all documents and electronically stored information, within the meaning of Rule 34 of the Federal Rules of Civil Procedure, made applicable to this Title III proceeding by Section 301 of PROMESA and Rule 7034 of the Federal Rules of Bankruptcy Procedure, as well as any deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, responses to production requests, responses to deposition on written questions and other written, recorded, electronic, or graphic materials produced or made available by any Party or non-party, as well as any information contained in any of above items.

2.     "<u>Confidential</u>" or "<u>Confidential Material</u>" shall mean and refer to any Material produced by any Party or non-party (each referred to herein as a "<u>Producing Party</u>") that the Producing Party considers in good faith to contain commercial, financial, trade secret, research and development, or personal information of a proprietary nature that is not known to, or has not generally been made available to, the public or other information the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of the Producing Party's business or official functions.

3.     "<u>Professional Eyes Only</u>" or "<u>Professional Eyes Only Material</u>" shall mean Confidential Material that a Producing Party considers in good faith to (a) contain or reflect highly confidential and sensitive proprietary information related to the Producing Party's previous, existing or ongoing operations for which restricted access is necessary to prevent a risk of competitive or financial harm to the Producing Party in the ongoing operation of its business; (b) contain or reflect the Producing Party's analyses regarding the treatment or valuation of the debt, assets or securities of PREPA, other Title III debtors and other public corporations of the Commonwealth of Puerto Rico; (c) contain or reflect an individual's financial or personal

information; or (d) be documents or information that are otherwise subject to confidentiality

agreements with third parties.

4.    "<u>Qualified Persons</u>" shall mean and refer to:

(a)    personnel of the Parties and their respective affiliates, including but not limited to employees, officers and directors, to whom disclosure of information is necessary for the litigation of the Motion;

(b)    House Counsel and Outside Counsel of Record for each Party and their paralegals and other professional personnel including support and IT staff to whom disclosure of information is necessary for the litigation of the Motion;

(c)    testifying or consulting experts retained by any Party and their associates or other professional personnel including support and IT staff, and consultants to the Parties and their affiliates to whom disclosure of information is necessary for the litigation of the Motion;

(d)    any mediator retained by the Parties or appointed by the Court in connection with the Motion and related Title III proceeding and employees of such mediator who are assisting in the conduct of the mediation;

(e)    deposition, hearing and trial witnesses testifying in connection with the Motion and to whom disclosure of information is necessary for the litigation of the Motion;

(f)    the Court and all persons assisting the Court in the Motion and related Title III proceeding, including law clerks, court reporters, translators, and clerical personnel;

(g)    translators and outside litigation support vendors (including commercial copying and imaging services, vendors assisting with electronic discovery matters, and trial consultants) retained by a Party in connection with the Motion;

(h)    persons who are authors, addressees, and recipients of documents containing Confidential Material or Professional Eyes Only Material to the extent they have previously had lawful access to such documents;

(i)    professional court reporters and their staff engaged to transcribe testimony in the Motion; and

(j)       any other person agreed to by the Producing Party, with such agreement at the Producing Party's sole discretion. The Producing Party may impose conditions to the receipt of its Material, including requiring any person to execute the Confidential Agreement attached as Exhibit A.

5.       "House Counsel" shall mean and refer to attorneys who are employees of a Party or an affiliate of a Party.

6.       "Outside Counsel of Record" shall mean and refer to attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this matter on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or contract or temporary attorneys who have been retained, through an agency or directly, by a law firm which has appeared on behalf of a Party.

## SCOPE AND INTERPRETATION OF THIS PROTECTIVE ORDER

7.       This Protective Order shall be applicable to, and shall govern, all Material produced and disclosed in connection with the Motion, and shall remain in effect until further order of the Court.[3] The protections conferred by this Protective Order cover not only Confidential Material and Professional Eyes Only Material, but also (a) any information copied or extracted from Confidential Material or Professional Eyes Only Material; (b) all copies, excerpts, summaries, or compilations of Confidential Material or Professional Eyes Only Material; and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material or Professional Eyes Only Material. The Parties agree that issues relating to the use of Confidential Material and Professional Eyes Only Material will be revisited in advance of any evidentiary hearing or trial in connection with the Motion.

---

[3]       For the avoidance of doubt, nothing herein shall be deemed to waive or modify the *Stipulated Protective Order* (Case No. 17-04780-LTS, ECF No. 708) entered by the Court on February 14, 2018, except that this Protective Order is applicable to, and shall govern, all Material produced and disclosed in connection with the Motion.

8. All Material, including, but not limited to, Confidential Material and Professional Eyes Only Material produced in connection with the Motion, shall be used only in connection with the Motion, and not for any other business, competitive, personal, private, public, or other purpose whatsoever. This Protective Order shall be binding on the Parties and their successors, parents, subsidiaries, divisions, affiliates, employees, officials, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## DESIGNATION OF CONFIDENTIAL
## <u>MATERIAL AND PROFESSIONAL EYES ONLY MATERIAL</u>

9. Any Producing Party may designate any Material as (a) Confidential Material by affixing the legend "CONFIDENTIAL" to each item satisfying the definitions set forth above and (b) Professional Eyes Only Material by affixing the legend "PROFESSIONAL EYES ONLY" to each item satisfying the definitions set forth above. For the avoidance of doubt, Material that Respondents and AAFAF have uploaded to the Intralinks Data Room is subject to Nondisclosure Agreements and, in the case of Material provided in connection with mediation, Rule 408 of the Federal Rules of Evidence and the mediation agreements. Respondents and AAFAF may designate any Material in the data room as Confidential Material subject to this Protective Order by written notice to the Movants without the need to affix any additional marking or designation.

10. If a Producing Party elects to make Confidential Material or Professional Eyes Only Material available for inspection, the Producing Party need not mark the Material in advance of any such inspection, but instead, if items are selected for copying, may affix the labels to the selected items at that time. All Confidential Material and Professional Eyes Only Material inspected, but not copied, is to be treated as Confidential or Professional Eyes Only, as applicable.

11. Where a Producing Party produces electronic files in native electronic format, such electronic files and documents may be designated for protection under this Protective Order by appending to the file names or designators information indicating whether the files contain Confidential Material or Professional Eyes Only Material, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Confidential Material or Professional Eyes Only Material is produced in electronic format on a disk or other medium that contains exclusively Confidential Material or Professional Eyes Only Material, the "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" designation, as applicable, may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision to any Qualified Person in accordance with the terms of this Protective Order, the Party printing the electronic files or documents shall affix a legend to the printed documents saying "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY" and include the production number and designation associated with the native file.

12. Whenever discovery is sought from a non-party, a copy of this Protective Order shall accompany the discovery request or subpoena. Any non-party producing Material pursuant to a subpoena or otherwise ("Third-Party Material") may also designate items as being Confidential or Professional Eyes Only at the time of production, and such designation will have the full effect given to such labels by this Protective Order. If any Party chooses to challenge a non-party's designation of Third-Party Material as "Confidential" or "Professional Eyes Only Material" under the procedures set forth in paragraph 16, the producing non-party, or the other Party, may oppose that challenge. However, nothing herein shall be deemed to permit non-parties

- 7 -

to review or obtain any documents or things designated as Confidential or Professional Eyes Only by any Party other than in accordance with paragraphs 17-19.

13. In the case of deposition testimony and related exhibits, any Party may designate portions of the transcript (including exhibits) Confidential or Professional Eyes Only by making a statement to that effect on the record during the course of the deposition, or by written notice to the other Party within fifteen (15) days after receipt of the transcript; provided that the entire deposition transcript shall be treated as Confidential Material or Professional Eyes Only Material prior to each Party's designation or the expiration of the 15-day period, whichever comes first. If the designation is made during the course of the deposition, or if a witness believes an answer will require him to divulge Confidential Material or Professional Eyes Only Material, or if the attorney taking the deposition believes that the question will divulge Confidential Material or Professional Eyes Only Material, all persons not permitted access to such Confidential Material or Professional Eyes Only Material, as applicable, under the terms of this Protective Order shall be excluded from the deposition room and the designating party shall instruct the court reporter to place the legend "CONFIDENTIAL" or "PROFESSIONAL EYES ONLY," as applicable, on the pages containing that information and to place on the cover of the transcript the legend "CONTAINS CONFIDENTIAL MATERIAL" or "PROFESSIONAL EYES ONLY MATERIAL." Where the designation is made after receipt of the transcript, each Party shall be responsible for marking the designated transcripts with the appropriate legend, as instructed by the designating Party.

14. The failure to designate Material as Confidential or Professional Eyes Only shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon prompt notice from the Producing Party of such failure to designate, the receiving Party shall cooperate

to restore the confidentiality of the Confidential Material or Professional Eyes Only Material. No Party shall be held in breach of this Protective Order if, prior to notification of such later designation, such Confidential Material or Professional Eyes Only Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The receiving Party shall return or certify the destruction of the previously undesignated Material.

15.     The Parties agree that production of information that is subject to the attorney-client privilege, deliberative process privilege, work-product immunity or other privileges and immunities does not waive any privilege or immunity protecting such information from production. A Party receiving a request for the return of such produced documents shall return to the Producing Party or destroy such documents within three (3) days of receiving such request and destroy all remaining copies of the identified documents, including electronic, paper, and other copies.

16.     This Protective Order shall not foreclose any Party from seeking a ruling from the Court that a Party (or non-party) has improperly designated Material (or Third-Party Material) as Confidential Material or Professional Eyes Only Material. If a Party believes documents have been inappropriately labeled as Confidential or Professional Eyes Only, it shall identify with particularity the document(s) or information that it contends should be designated differently and state the grounds for each objection with particularity. Thereafter, the Parties (or Party and non-party) shall meet and confer in an attempt to resolve the dispute without Court intervention within five (5) days of receipt of the written list of challenged documents. If the dispute cannot be resolved, the objecting Party may file with the Court a "Motion to Remove Confidential Designation" or "Motion to Remove Professional Eyes Only Designation." The

Party (or non-party) asserting confidentiality shall have the burden of establishing that the information should be protected from disclosure. Except as otherwise permitted under this Protective Order, no Party shall disclose any Material labeled Confidential or Professional Eyes Only unless and until there is an order from the Court ordering the designation to be removed.

## TREATMENT OF CONFIDENTIAL
## <u>MATERIAL AND PROFESSIONAL EYES ONLY MATERIAL</u>

17. The substance or content of Confidential Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 4(a) – (j), and no person shall disclose such information to those Qualified Persons identified in paragraph 4(c), (e), (g), or (i) herein without furnishing to such person a copy of this Protective Order and obtaining from that person an executed Confidentiality Agreement the form of which is set forth in Exhibit A. Notwithstanding the foregoing, prior to the entry of this Protective Order by the Court, Confidential Material may be shown to a Qualified Person identified in paragraph 4(c), (e), (g), or (i) if such person is shown a draft of this Protective Order and agrees to be bound by its terms. Such person must promptly execute a Confidentiality Agreement once this Protective Order is entered by the Court.

18. The substance or content of Professional Eyes Only Material, as well as copies, notes and memoranda relating thereto, shall not be disclosed or made available to anyone other than Qualified Persons identified in paragraph 4(b) – (j), and no person shall disclose such information to those Qualified Persons identified in paragraph 4(c), (e), (g), or (i) herein without furnishing to such person a copy of this Protective Order and obtaining from that person an executed Confidentiality Agreement the form of which is set forth in Exhibit A. Notwithstanding the foregoing, prior to the entry of this Protective Order by the Court, Professional Eyes Only Material may be shown to a Qualified Person identified in paragraph 4(c), (e), (g), or (i) if such

person is shown a draft of this Protective Order and agrees to be bound by its terms. Such person must promptly execute a Confidentiality Agreement once this Protective Order is entered by the Court.

19.     If any Qualified Person permitted access to Confidential Material or Professional Eyes Only Material receives a subpoena or documentary demand that encompasses any Confidential Material or Professional Eyes Only Material produced pursuant to this Protective Order, that Qualified Person shall object thereto and provide prompt written notice to the Party or non-party who originally produced the Confidential Material or Professional Eyes Only Material. In no event will any such Confidential Material or Professional Eyes Only Material be produced absent such prompt notice and objection to the Party or non-party who originally produced the Confidential Material or Professional Eyes Only Material. If any Material designated as Confidential or Professional Eyes Only is disclosed, through inadvertence or otherwise, to anyone not authorized under the terms of this Protective Order, then the person inadvertently disclosing the Confidential Material or Professional Eyes Only Material shall use his or her best efforts to bind the recipient to the terms of this Protective Order.  Such person shall be informed promptly of all the provisions of this Protective Order, identified to the non-disclosing Party, and requested to execute a Confidentiality Agreement the form of which is set forth as Exhibit A.

20.     In connection with the Motion and pursuant to this Protective Order, the Parties are authorized to redact Confidential Material or Professional Eyes Only Material in public filings and are not required to file a separate motion to file under seal such Confidential Material or Professional Eyes Only Material. The Parties are further authorized to file under seal full, unredacted copies of such Confidential Material or Professional Eyes Only Material; provided

that Outside Counsel of Record for the Parties are concurrently served with such full, unredacted copies. Any Confidential Material or Professional Eyes Only Material filed with or submitted to the Court shall otherwise be filed or submitted under seal consistent with the local rules for the United States Bankruptcy Court for the District of Puerto Rico, and any case management procedures governing the Motion and related Title III proceeding. If any Confidential Material or Professional Eyes Only Material is used in any court proceeding, it shall not lose its designation through such use, and the Parties shall take all steps required to protect the confidentiality of the Confidential Material or Professional Eyes Only Material during such use, including but not limited to designating the portions of the hearing transcript concerning such Material as Confidential or Professional Eyes Only.

21.     The restrictions imposed by this Protective Order may be modified or terminated only by written stipulation of the Parties or by order of the Court. This Protective Order shall not prevent any Party or non-party from seeking additional protective orders, or from seeking relief, including injunctive and/or other equitable remedies, or from asserting evidentiary objections, in a court of competent jurisdiction to prevent the disclosure or use of Confidential Material or Professional Eyes Only Material. This Court shall retain full and exclusive jurisdiction during the pendency of this case and thereafter to enforce this Protective Order and to grant relief for any violation thereof. All Parties to this agreement and all signatories of Exhibit A hereto explicitly consent to the jurisdiction of this Court for such purposes.

22.     Nothing herein shall be construed as (a) preventing any Party from continuing to use any Material in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of this Protective Order; (b) limiting a Party's use or disclosure of its own information designated as

Confidential or Professional Eyes Only; (c) preventing the disclosure of Confidential Material or Professional Eyes Only Material with the consent of the designating Party or non-party; or (d) preventing a Party from continuing to use any information or Material that it had the right to use and which was obtained independently of disclosure in connection with the Motion. For purposes of this Protective Order, documents and information provided by a Producing Party to law enforcement, public or private regulatory agencies, or other governmental authorities shall not be considered publicly available solely because they were produced to law enforcement, public or private regulatory agencies, or other governmental authorities. Nothing contained herein shall be construed to abrogate any confidentiality protection to which a Party or non-party would otherwise be entitled with regard to documents that were previously produced to law enforcement, public or private regulatory agencies, or other governmental authorities.

23.     Nothing herein shall be deemed to be a limitation upon, or a waiver of, the rights of the Parties or any objections the Parties may have, under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Evidence.

## **RETURN OF MATERIAL**

24.     At the conclusion of this Title III proceeding, by way of final judgment, settlement or otherwise, including all appeals, all Material produced by the Parties or non-parties, along with all copies, summaries and compilations thereof (except documents filed with the Court, depositions transcripts, and work product) shall be (a) returned to counsel for the Producing Party or non-party; or (b) destroyed (and certified by affidavit as having been destroyed) by counsel for the Party in possession thereof. If any person is unable to destroy or return the Material upon reasonable effort, or is prevented from destroying or returning such Material due to applicable law, regulation or existing internal compliance policies, this requirement shall be excused; however, all other duties with respect to the confidentiality of this Material shall remain

in effect. At the conclusion of this Title III proceeding, the provisions of this Protective Order shall continue to be binding upon all persons subject to this Protective Order.

**IT IS HEREBY STIPULATED:**

Dated: New York, New York
        December 21, 2018

CASELLAS ALCOVER & BURGOS P.S.C.

CADWALADER, WICKERSHAM & TAFT LLP

By: /s/ *Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    USDC-PR 204,809
    Ricardo F. Casellas-Sánchez
    USDC-PR 203,114
    Diana Pérez-Seda
    USDC-PR 232,014
    Email:    hburgos@cabprlaw.com
              rcasellas@cabprlaw.com
              dperez@cabprlaw.com

    P.O. Box 364924
    San Juan, PR 00936-4924
    Telephone: (787) 756-1400
    Facsimile: (787) 756-1401

*Counsel for Assured Guaranty Corp. and*
*Assured Guaranty Municipal Corp.*

By: /s/ *Howard R. Hawkins, Jr.*
    Howard R. Hawkins, Jr.*
    Mark C. Ellenberg*
    Ellen V. Holloman*
    William J. Natbony*
    Ellen M. Halstead*
    Thomas J. Curtin*
    Casey J. Servais*
    200 Liberty Street
    New York, NY 10281
    Telephone:   (212) 504-6000
    Facsimile:   (212) 406-6666
    Email:    howard.hawkins@cwt.com
              mark.ellenberg@cwt.com
              ellen.holloman@cwt.com
              bill.natbony@cwt.com
              ellen.halstead@cwt.com
              thomas.curtin@cwt.com
              casey.servais@cwt.com

    * admitted *pro hac vice*

    *Counsel for Assured Guaranty Corp. and*
    *Assured Guaranty Municipal Corp.*

- 14 -

ADSUDAR MUÑOZ GOYCO SEDA &
PÉREZ-OCHOA, PSC, P.S.C.

By: /s/ Eric Pérez-Ochoa
    Eric Pérez-Ochoa
    USDC-PR No. 206,314
    Email:    epo@amgprlaw.com

    /s/ Luis A. Oliver-Fraticelli
    Luis A. Oliver-Fraticelli
    USDC-PR NO. 209,204
    Email:    loliver@amgprlaw.com

    208 Ponce de Leon Ave., Suite 1600
    San Juan, PR 00936
    Telephone:  (787) 756-9000
    Facsimile:  (787) 756-9010

*Counsel for National Public Finance
Guarantee Corporation*

WEIL, GOTSHAL & MANGES LLP

By: /s/ Robert Berezin
    Marcia Goldstein*
    Jonathan Polkes*
    Gregory Silbert*
    Robert Berezin*
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Email:    marcia.goldstein@weil.com
              jonathan.polkes@weil.com
              gregory.silbert@weil.com
              robert.berezin@weil.com

* admitted *pro hac vice*

*Counsel for National Public Finance
Guarantee Corporation*

GOLDMAN ANTONETTI & CORDOVA, LLC

/s/ *Carlos A. Rodríguez-Vidal*
Carlos A. Rodríguez-Vidal
USDC-PR No. 201,213
E-mail: crodriguez-vidal@gaclaw.com

/s/ *Solymar Castillo-Morales*
Solymar Castillo-Morales
USDC-PR NO. 218,310
E-mail: scastillo@gaclaw.com

P.O. Box 70364
San Juan, PR 00936-8364
Tel.: (787) 759-4117
Fax: (787) 767-9177

*Counsel for Syncora Guarantee Inc.*

DEBEVOISE & PLIMPTON LLP

/s/ *My Chi To*
My Chi To*
Craig A. Bruens*
Elie J. Worenklein*
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836
Email: mcto@debevoise.com
        cabruens@debevoise.com
        eworenklein@debevoise.com

*admitted *pro hac vice*

*Counsel for Syncora Guarantee Inc.*

O'NEILL & BORGES LLC

By: /s/ *Hermann D. Bauer*
    Hermann D. Bauer
    USDC No. 215205
    250 Muñoz Rivera Ave., Suite 800
    San Juan, PR 00918-1813
    Telephone: (787) 764-8181
    Facsimile: (787) 753-8944
    Email: hermann.bauer@oneillborges.com

PROSKAUER ROSE LLP

By: /s/ *Margaret A. Dale*
    Martin J. Bienenstock*
    Stephen L. Ratner*
    Timothy W. Mungovan*
    Paul V. Possinger*
    Margaret A. Dale*
    Eleven Times Square
    New York, NY 10036
    Telephone: (212) 969-3000
    Facsimile: (212) 969-2900
    Email:    mbienenstock@proskauer.com
           sratner@proskauer.com
           tmungovan@proskauer.com
           ppossinger@proskauer.com
           mdale@proskauer.com

    * admitted *pro hac vice*

*Attorneys for the Financial Oversight and
Management Board and as representative of
the Puerto Rico Electric Power Authority*

MARINI PIETRANTONI MUNIZ, LLC

By: /s/ *Luis C. Marini-Biaggi*
    Luis C. Marini-Biaggi
    USDC No. 222301
    MCS Plaza, Suite 500
    255 Ponce de León Ave.
    San Juan, PR 00917
    Telephone: (787) 705-2171
    Facsimile: (787) 936-7494
    Email:    lmarini@mpmlawpr.com

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

CANCIO, NADAL, RIVERA & DIAZ, PSC

By: /s/ *Arturo Diaz-Angueira*
    Arturo Diaz-Angueira
    USDC-PR 117907
    adiaz@cnrd.com

    /s/ *Katiuska Bolaños-Lugo*
    Katiuska Bolaños-Lugo
    USDC-PR 231812
    kbolanos@cnrd.com

    403 Muñoz Rivera Ave.
    San Juan, PR 00918-3345
    Tel: (787) 767-9625
    Fax: (787) 622-2230

*Attorneys for the Puerto Rico Electric Power
Authority*

O'MELVENY & MYERS LLP

By: /s/ *Elizabeth L. McKeen*
    John J. Rapisardi*
    Nancy A. Mitchell*
    7 Times Square
    New York, NY 10036
    Telephone: (212) 326-2000
    Facsimile: (212) 326-2061
    Email:      jrapisardi@omm.com

    Peter Friedman*
    1625 Eye Street, NW
    Washington, DC 20006
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414
    Email:      pfriedman@omm.com

    Elizabeth L. McKeen*
    610 Newport Center Drive, 17th Floor
    Newport Beach, CA 92660
    Telephone: (949) 823-6900
    Facsimile: (949) 823-6994
    Email:      emckeen@omm.com

    * admitted *pro hac vice*

    *Attorneys for the Puerto Rico Fiscal*
    *Agency and Financial Advisory Authority and*
    *Puerto Rico Electric Power Authority*

This order resolves Dkt. No. 1051 in 17-BK-04780 and Dkt. No. 4566 in 17-BK-03283.


SO ORDERED.


/ s / Judith Gail Dein

Judith Gail Dein
United States Magistrate Judge

Dated: December 27, 2018

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
| Debtors.[4] | (Jointly Administered) |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | **Order Relates Only to PREPA<br>and Shall Only be Filed in Case<br>No. 17 BK 4780-LTS** |
| Debtor. | |

## CONFIDENTIALITY AGREEMENT

I, _____, state that:

1.    My address is_____.

2.    My present employer is_____.

3.    My present occupation or job description is _____

---

[4]    The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

_____

_____.

4.      I have received a copy of the Protective Order entered in the above-entitled action

on_____.

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the

Protective Order, and will use only for purposes of this action, any Confidential Material and

Professional Eyes Only Material that is disclosed to me.

8.      I will return all Confidential Material and Professional Eyes Only Material that

comes into my possession, and documents or things that I have prepared relating thereto, to

counsel for the party by whom I am employed or retained, or to counsel from whom I received

the Confidential Material and Professional Eyes Only Material.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Protective Order.


Dated: _____              _____

# CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court

using the CM/ECF System, which will send notification of such filing to all parties of record in

the captioned case.  Further, I directed that the following counsel of record be served by U.S. Mail:

| | |
|---|---|
| Office of the United States Trustee for Region 21<br>Edificio Ochoa<br>500 Tanca Street, Suite 301<br>San Juan, PR 00901-1922 | Mohammad Yassin<br>Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)<br>De Diego Ave. Stop 22<br>San Juan, Puerto Rico 00907 |
| John J. Rapisardi, Esq.<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, New York 10036 | Luis C. Marini-Biaggi, Esq.<br>Marini Pietrantoni Muniz, LLC<br>MCS Plaza, Suite 500<br>255 Ponce de León Ave.<br>San Juan, PR 00917 |
| Martin J. Bienenstock, Esq.<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, New York 10036-8299 | Hermann D. Bauer, Esq.<br>O'Neill & Borges LLC<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813 |
| David D. Cleary, Esq.<br>Greenberg Traurig LLP<br>200 Park Avenue<br>New York, New York 10166 | Arturo Diaz-Angueira, Esq.<br>Cancio, Nadal, Rivera & Diaz, P.S.C.<br>403 Muñoz Rivera Ave.<br>San Juan (Hato Rey), PR 00918-3345 |
| Luc A. Despins, Esq.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | Juan. J. Casillas Ayala<br>Casillas, Santiago & Torres LLC<br>El Caribe Office Building<br>53 Palmeras Street, Suite 1601<br>San Juan, PR 00901-2419 |
| Robert Gordon, Esq.<br>Jenner & Block LLP<br>919 Third Avenue<br>New York, New York 10022 | A.J. Bennazar-Zequeira<br>Bennazar, Garcia & Milian, C.S.P.<br>Edificio Union Plaza PH-A piso 18 Avenida<br>Ponce de Leon #416<br>Hato Rey, PR 00918 |

At New York, New York, this 26th day of December, 2018.

By: */s/ Howard R. Hawkins, Jr.*

Howard R. Hawkins, Jr.*

* Admitted *pro hac vice*