**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS)<br><br>**Re: ECF No. 16321** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-03566 (LTS)<br><br>**Re: ECF No. 1122** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**REPLY IN SUPPORT OF URGENT JOINT MOTION TO STAY CERTAIN
CONTESTED MATTERS AND ADVERSARY PROCEEDINGS RELATED TO THE
BONDS ISSUED BY THE EMPLOYEES RETIREMENT SYSTEM OF THE
<u>GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>")
as the sole representative of Debtor Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("<u>ERS</u>"), pursuant to Section 315(b) of PROMESA, respectfully
submits this reply in support of the *Urgent Joint Motion to Stay Certain Contested Matters and
Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the
Government of the Commonwealth of Puerto Rico* (ECF No. 1122 in Case No. 17-bk-3566) (as
supplemented by ECF No. 1125 in Case No. 17-bk-3566, the "<u>Motion</u>"),[2] and in response to the
*Official Committee of Unsecured Creditors' Response to Motion to Stay Contested Matters and
Adversary Proceedings Relating to ERS Bonds* (ECF No. 1128 in Case No. 17-bk-3566) (the
"<u>Response</u>").

<u>**REPLY**</u>

1.     Because the Creditors Committee does not "at this time" support the proposed
treatment of the ERS Bonds in a third amended plan of adjustment to be filed by the Oversight
Board, it opposes a stay of its objections seeking disallowance of the ERS Bondholders' claims.
Response at 2.  And, because the Court has already rejected the same argument in the PREPA Title
III case, *see* ECF No. 1855 in Case No. 17-bk-4780 ("<u>PREPA Order</u>"), the Committee objects here
only to preserve the issues for any possible appeal.  Response at 3 ("The Committee understands
that the rationale of the Court's ruling in the PREPA case would compel the same outcome here

---

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

with respect to the Committee's position that the Objections must be adjudicated prior to consideration of the Oversight Board's proposed plan of adjustment.  The Committee respectfully disagrees with that ruling, however, and raises the issue again here to ensure it is preserved for any possible appeal.").  As such, the relief requested in the Motion should be granted.

2.      As the Court found in the PREPA Order, requiring resolution of claim objections prior to approving a settlement would undermine public policy promoting settlements by forcing litigation of the issues to be settled.  PREPA Order at 6 (quoting *In re Kaiser Aluminum Corp.*, 339 B.R. 91, 94 (D. Del. 2006)).  The result would be to permit a party in interest to "'derail a compromise just by filing its own objection to a claim and demanding control over the disposition of its own objection,'" in effect giving such party in interest power over resolution of claims reserved to the Oversight Board.[3] *Id.* (quoting *In re Futterman*, Case No. 17-12899 (MEW), 2019 WL 2553614, at *4 (Bankr. S.D.N.Y. June 20, 2019)).  Such a result would be contrary not only to PROMESA § 305, but to the "substantial deference to the strategy and tactics of the Oversight Board" in PROMESA.  PREPA Order at 6.

3.      As the Creditors Committee recognizes, Response at 3, the same reasoning holds here and supports a stay of the Pending Actions—including the Creditors Committee's objections seeking disallowance of the ERS Bondholders' claims—pending confirmation of a plan of adjustment that includes treatment of the ERS Bonds as provided in the ERS Stipulation.  Further, the stay should be granted for the reasons identified in the Oversight Board's briefing on this issue in the PREPA Title III case (which is hereby incorporated by reference herein).[4]

---

[3] PROMESA expressly provides that the "term 'trustee', when used in a section of Title 11 made applicable in a case under this subchapter by subsection (a), means the Oversight Board, except as provided in section 926 of Title 11." 48 U.S.C.A. § 2161(c)(7).

[4] The briefing the Oversight Board incorporates by reference includes (i) *Supplemental Brief of Government Parties in Connection with Objection of Official Committee of Unsecured Creditors*

4.      For those reasons and for the reasons stated in the Motion, the Court should stay
the Pending Actions.

*[Remainder of Page Intentionally Left Blank]*

---

*to Proof of Claim Number 18449 Filed by U.S. Bank N.A., in its Capacity as Trustee for Non-Recourse PREPA Bonds*, ECF No. 1769 in Case No. 17-bk-4780; and (ii) *Supplemental Reply Brief of Government parties in Connection with Objection of Official Committee of Unsecured Creditors to Proof of Claim Number 18449 Filed by U.S. Bank N.A., in its Capacity as Trustee for Non-Recourse PREPA Bonds*, ECF No. 1800 in Case No. 17-bk-4780.

Dated: April 9, 2021
New York, NY

Respectfully submitted,


*/s/  Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: mdale@proskauer.com

*/s/  Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF

participants in this case.

Dated:  April 9, 2021                          *Luis F. del Valle-Emmanuelli*
                                               Luis F. del Valle-Emmanuelli