**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. | ) PROMESA<br>) Title III<br>)<br>) No. 17 BK 3283-LTS<br>)<br>) (Jointly Administered)<br>)<br>)<br>)<br>)<br>) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA")<br><br>Debtor.[1] | ) PROMESA<br>) Title III<br>)<br>) No. 17 BK 4780-LTS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COBRA ACQUISITIONS LLC'S OBJECTION TO GOVERNMENT PARTIES'
MOTION FOR ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIM FOR
AMOUNTS TO BE PAID TO LUMA ENERGY BY PREPA DURING INTERIM PERIOD
UNDER SUPPLEMENTAL AGREEMENT AND THE T&D CONTRACT**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Cobra Acquisitions LLC ("Cobra"), by and through its counsel, respectfully submits this objection ("Objection") regarding the *Government Parties' Motion for Order Allowing Administrative Expense Claim for Amounts To Be Paid to LUMA Energy by PREPA During Interim Period Under Supplemental Agreement and the T&D Contract* [Case No. 17-BK-4780-LTS, ECF No. 2417] (the "Motion").[1] In support of this Objection, Cobra respectfully states as follows:

### OBJECTION

1. Cobra objects to the Motion because it will result in unequal treatment for similarly situated creditors. Cobra has asserted administrative expense claims in excess of $200 million relating to unreimbursed invoices for extensive work completed over two years ago. *See Motion for Allowance and Payment of Administrative Expense Claims* [Case No. 17-BK-3283-LTS, ECF No. 8789] (the "Administrative Expense Motion"). Any progress toward resolving Cobra's unpaid claims, however, has been stayed at the Government Parties' request for over 18 months.[2] This stay has caused substantial harm to Cobra, subjecting it to burdens far above what other similarly situated administrative creditors, like LUMA Energy, have faced. Indeed, the Motion, which seeks *pre*-allowance of an administrative expense claim in favor of LUMA Energy, freely exhibits this different and unfair treatment.

2. In the Government Parties' words, LUMA Energy "cannot be expected to enter into and perform a contract of this magnitude, which is the subject of ongoing litigation, if doing what is required by the contract will not qualify as an administrative expense and constitute a necessary cost or expense of preserving PREPA's property." Mot. ¶ 4. The Government Parties continue: an allowed administrative expense claim is "eminently reasonable for a transaction and commitment

---

[1] Capitalized terms used herein but not defined have the same meaning as in the Motion.

[2] On April 6, 2021, Cobra moved to lift the stay applicable to the Administrative Expense Motion, which motion is scheduled to be heard at the April 28, 2021 omnibus hearing. *See Cobra Acquisitions LLC's Motion to Lift the Stay Order* [Case No. 17-3283, ECF No. 16328] ("Motion to Lift the Stay").

of this size and complexity[,]" *id.* ¶ 5, because, *inter alia*, LUMA Energy "doing what the debtor has asked pursuant to an approved contract must be deemed to benefit the debtor," *id.* ¶ 43. These same arguments apply with equal force to Cobra. Cobra successfully performed complex, difficult work in the wake of Hurricane Maria by restoring Puerto Rico's power grid. Cobra completed this work at PREPA's direction under two contracts, which, like the T&D Contract and the Supplemental Agreement, were subject to multiple levels of review. That this work inured to the benefit of PREPA and its stakeholders would appear indisputable.

3.  Yet relief the Government Parties characterize as "eminently reasonable" as to LUMA Energy, they deride as entirely premature as to Cobra—not only by seeking a now 18-month stay that has prevented even beginning the process of resolving Cobra's claims, but also by questioning whether Cobra's claims even are entitled to administrative expense priority.[3] *See, e.g.*, *Reply in Support of Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* [Case No. 17-4780, ECF No. 1662] ¶ 20 (urging a stay because, *inter alia*, "PREPA disputes the majority of Cobra's asserted rights to payment, including sums Cobra asserts are 'undisputed,' in large measure due to complex factual issues that will require discovery before PREPA can fully respond to the Administrative Expense Motion."); *Joint Urgent Motion of the Oversight Board, PREPA, and AAFAF to Extend All Applicable Deadlines to Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* [Case No. 17-3283, ECF No. 8838] ¶ 28 n.5 ("[The Government Parties] reserve the right to challenge Cobra's alleged administrative expense claim on any basis, including, without limitation, on the

---

[3] For its part, Cobra has continually sought to engage with PREPA to resolve these disputes and ensure that PREPA has all the information it needs to evaluate Cobra's claims (often providing information in excess of what is required under Cobra's contracts).

2

basis that chapter 9 does not recognize services such as Cobra's as giving rise to administrative expense claims."). The Motion lays bare the Government Parties' unequal standards for different creditors.

4. As a favored creditor, LUMA Energy is readily given the assurance from the Government Parties that it will have an allowed administrative expense claim before it even begins the work in question. Mot. ¶ 4 (stating that the Government Parties have agreed to seek approval of an administrative expense claim in favor of LUMA Energy because LUMA Energy "cannot be expected" to perform absent that assurance). Even as to certain rights, such as LUMA Energy's consent right over PREPA's plan of adjustment or its $115 million termination fee, which other creditors (including the official creditors' committee) objected to previously, the Government Parties simply defend these terms by arguing, effectively, they should be approved because "that's what we agreed to." *See* Mot. ¶ 48 (stating that "the parties negotiated [the plan of adjustment consent right and the termination fee] at arms' length and on which they agreed, *and are thus* 'necessary' costs of the overall deal[.]") (emphasis added). Of course, PREPA also negotiated at arm's length and agreed to the services Cobra provided under two contracts, but Cobra is given no such assurances of payment. Instead, Cobra, as a disfavored creditor, has been pushed to the side repeatedly and subjected to a burden far in excess of the minimal burden faced by LUMA Energy.

5. As a court of equity, the Court should not permit this double-standard among administrative creditors to continue. Instead, Cobra respectfully submits that basic fairness demands that Cobra be treated similarly and be permitted to proceed with demonstrating that its services are "actual [and] necessary costs and expenses of preserving" PREPA under section 503(b) of the Bankruptcy Code. 11 U.S.C. § 503(b); *see also* 11 U.S.C. § 105 ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

3

title."). Simply put, the inequitable treatment faced by Cobra is contrary to the fundamental principle of equal treatment for similarly situated creditors, and the very existence of the Motion contradicts the Government Parties' refrain that Cobra has suffered no prejudice because the Court cannot order the immediate payment of Cobra's claims. *See* Mot. ¶ 47 ("Here, to carry out Title III, it follows that the Court must have the power to provide assurances of payment to entities doing business with the debtor.") (citing *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976). An allowed administrative expense claim provides immense and valuable certainty; every day of delay in resolving its administrative expense claim deprives Cobra of that certainty. As Cobra argues in its Motion to Lift the Stay, the Government Parties should no longer be permitted to impose these indefinite delays on resolving the Administrative Expense Motion or hide behind generic conjectures of how it may potentially avoid its liabilities to Cobra. Accordingly, Cobra respectfully requests that the Court condition approval of the Motion on allowing Cobra to proceed with resolving its administrative expense claims.

[*Remainder of page left blank intentionally.*]

**WHEREFORE**, for all the above reasons, Cobra respectfully requests that this Court (i) deny the Motion unless Cobra is permitted to proceed with prosecuting the Administrative Expense Motion and (ii) grant Cobra such other relief that the Court deems just, proper and equitable.

Dated: April 12, 2021

REICHARD & ESCALERA, LLC

*/s/ Rafael Escalera Rodríguez*
Rafael Escalera Rodríguez
USDC-PR No. 122609
escalera@reichardescalera.com

*/s/Sylvia M. Arizmendi*
Sylvia M. Arizmendi
USDC-PR No. 210714
arizmendis@reichardescalera.com

*/s/ Alana Vizcarrondo-Santana*
Alana Vizcarrondo-Santana
USDC-PR No. 301614
vizcarrondo@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888

Ira S. Dizengoff (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
Philip C. Dublin (*pro hac vice*)
Steven M. Baldini (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Fax: (214) 872-1002
Email: idizengoff@akingump.com
   aqureshi@akingump.com
   pdublin@akingump.com
   sbaldini@akingump.com

--and--

Thomas P. McLish (*pro hac vice*)
Scott M. Heimberg (*pro hac vice*)
Allison Thornton (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Tel: (202) 887-4000
Fax: (202) 887-4288
Email: tmclish@akingump.com
   sheimberg@akingump.com
   athornton@akingump.com

*Attorneys for Cobra Acquisitions LLC*

**CERTIFICATE OF SERVICE**

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.

*/s/Alana M. Vizcarrondo-Santana*
USDC-PR 301614