IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Jointly Administered |

**LIMITED OPPOSITION TO JOINT MOTION FOR AN ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

**TO THE HONORABLE COURT:**

COME NOW, Salud Integral de la Montaña, Inc. (SIM), through its undersigned attorney and respectfully states as follows:

**I. INTRODUCTION**

1. The Financial Oversight and Management Board for Puerto Rico filed on behalf of the Commonwealth of Puerto Rico, the Retirement System of the Government of Puerto Rico and the Puerto Rico Public Buildings Authority, seeking an order (i) scheduling a hearing (the "Disclosure Statement Hearing") to consider the adequacy of the information contained in the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [ECF No. 15977] (as amended or modified from time to time and including all exhibits thereto, the "Disclosure Statement"), (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) establishing document depository procedures in connection therewith, (iv) approving the form of notice of the Disclosure Statement Hearing and related deadlines, and (v) granting related relief. SIM opposes the relief requested for several reasons.

**II. ARGUMENT**

2. On September 27, 2019, the Board filed the Disclosure Statement in the instant case. The document has 1,869 pages, albeit including 173 pages of the Plan of Adjustment. On February 14, 2020, the Board announced and placed in its website a Plan Support Agreement (PSA) with several bondholder groups, both of GO's and PBA bonds. The PSA requires that the Disclosure Statement be approved by August 31 and the Plan to be confirmed by December 15, 2021.

3. The aforesaid motion requires that creditors such as SIM, analyze and file any opposition to the Disclosure Statement within 47 days of the filing of the document. SIM suggests this is too short a period to perform said tasks on such and important document.

2

4. Congress made clear as to Chapter 11 that "[t]he key to the consolidated chapter is the disclosure statement.[1]" Moreover, Collier's states that the Court should consider, in addition to the elements of 11 U.S.C. § 1125, the complexity of the case[2]. Also, the Fifth Circuit, in *In Re Cajun Electric Power Co-op, Inc.*, 150 F.3d 503, 518 (5th Cir. 1998), also opined that the legislative history of section 1125 indicates that the information required by the disclosure statement will be governed by the circumstances of the case.

5. The Board wishes to adjust billions of dollars in claims, much more than previous municipal bankruptcies. Detroit's disclosure statement was only 440 pages, see: shrtm.nu/wbYW The City of Stockton disclosure statement was 134 pages in length. San Bernardino's was 143 pages, see: shrtm.nu/uAbV Jefferson County 247, see: shrtm.nu/xgs5 and Central Falls 42 pages, see: shrtm.nu/f8zG .

6. The disclosure statement and plan have over 2,000 pages of information and and amendment could come soon. Although it is important that the Commonwealth's Title III end as soon as possible, it is also important that the stake holders understand the plan. This requires careful examination of the disclosure statement and the schedule presented by the Board is too short. Movant believes that the deadlines should be moved 45-days to accommodate this need of careful examination. .

WHEREFORE: SIM requests from the Honorable Court that it take notice of this motion and move the Board's proposed timetable by 45 days.

Respectfully submitted on this 13th day of April, 2021.

---

[1] H.R. Rep. No. 95-545, 95th Cong. 1st Sess., 226 (1977).
[2] Collier's On Bankruptcy, ¶ 1125.01[3], page 1125-5 (16th Edition).

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

4