# **EXHIBIT H**

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF PUERTO
RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF
INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II)
ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS
TO THE DISCLOSURE STATEMENT AND REPLIES
THERETO, (III) APPROVING FORM OF NOTICE THEREOF,
(IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES
IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] dated April 6, 2021, of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and in its capacity as sole representative of the Commonwealth, ERS, and PBA (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

"Debtors" under PROMESA section 315(b)), requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtors, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS FOLLOWS:

1. The Motion is granted as modified herein.

2. The Disclosure Statement Notice is approved.

**Disclosure Statement Scheduling Procedures**

3. The following Disclosure Statement Scheduling Procedures are approved:

- **Disclosure Statement Hearing**: 9:30 a.m., Atlantic Standard Time, on ~~June 16~~July 2, 2021, as the time and date for the Disclosure Statement Hearing, as such date may be adjourned by the Court or the Debtors pursuant to a notice filed on the docket maintained in these Title III Cases. **The use of the term "Disclosure Statement Hearing" herein shall not be construed to limit the issues that may be raised at the hearing**;

- **Expedited Disclosure Statement Discovery: Expedited discovery on issues relating to the Disclosure Statement may be sought and obtained from the period of April 28, 2021 through June 4, 2021. The parties are directed to meet and confer within two business days of the date of this Order to discuss a plan and schedule for expedited discovery.**

2

- **Disclosure Statement Objection Deadline**: ~~5:00 p.m., Atlantic Standard Time, on May 14~~**June 11**, 2021 as the deadline to file final (and not preliminary) objections to (i) the adequacy of the Disclosure Statement, and (ii) the relief requested in the Disclosure Statement Motion. Objections ~~of~~**to** the adequacy of the Disclosure Statement must (i) state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtors' cases, and (ii) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language**, if appropriate**; and

- **Disclosure Statement Reply Deadline:** ~~5:00 p.m., Atlantic Standard Time, on May 28~~**June 25**, 2021 as the deadline for the Debtors or other parties in interest to file replies or responses to the Objections.

**Disclosure Statement Depository**

4. The Disclosure Statement Depository Procedures set forth on **Exhibit 1** hereto are approved. The Debtors are authorized to establish and maintain the Disclosure Statement Depository in accordance with the Disclosure Statement Depository Procedures.

**Confidentiality**[3]

5. The Debtors have established good cause for entry of an order, attached hereto as **Exhibit 2**, governing Confidential Information in connection with the Disclosure Statement Depository. The Protective Order set forth on **Exhibit 2** hereto is approved in all respects. The Debtors are authorized to implement the procedures and requirements set forth in the Protective Order, including execution of the Protective Order Subscription attached hereto as **Exhibit 3**.

6. Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information (as defined in the Protective Order) by the Debtors in connection with the Disclosure Statement Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

~~7. No Warranty of Accuracy. Each Eligible Creditor understands that the Producing Parties (as defined in **Exhibit 2** to this Order) will endeavor to include in the Confidential~~

---

[3] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in **Exhibit 2** hereto.

3

~~Information materials relevant for the purpose of evaluation of the Disclosure Statement, but each Eligible Creditor acknowledges that the Producing Parties do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Producing Parties shall have any liability to any Eligible Creditor or its representatives resulting from the use of such information by an Eligible Creditor or its representatives.~~

**7.** ~~8.~~ **No Waiver.** No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

**8.** ~~9.~~ Upon entry hereof, the Debtors shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**Miscellaneous**

**9.** ~~10.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~11. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.~~

**10.** ~~12.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**11.** ~~13.~~ This Order resolves Docket Entry No.____ in Case No. 17-3283.

Dated:_____, 2021
San Juan, Puerto Rico

_____
Laura Taylor Swain
United States District Court Judge

4