# **EXHIBIT J**

## Exhibit 2

## Protective Order

1. <u>Definitions</u>:

    a. "<u>Document</u>" means all documents and information in the Disclosure Statement Depository (the "<u>Data Room</u>").

    b. "<u>Confidential Information</u>" means all Documents in the Data Room that the Debtors consider in good faith to contain personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtors or other third parties if it was publicly disclosed.

    c. **"<u>Producing Party</u>" means any party producing Documents to the Data Room.**

2. <u>Permissible Use of Confidential Information</u>. All parties to this Protective Order, including their agents and representatives, agree to maintain the confidentiality and avoid improper disclosure of any Confidential Information in the Data Room. This includes any information derived from the Confidential Information, such as summaries, copies, or presentations containing or referencing Confidential Information. All Documents made available in the Depository shall be used only in connection with ~~evaluating the adequacy of the Disclosure Statement~~**the Title III proceedings (except as otherwise agreed to by the Producing Party),** and not for any other purpose. Each Eligible Creditor will safeguard Confidential Information from unauthorized disclosure with the same standard of care each Eligible Creditor uses in maintaining the confidentiality of its own confidential information of a similar nature.

3. <u>Confidentiality Subscription</u>. Eligible Creditors who are interested in

obtaining access to Confidential Information will be directed to sign a Protective Order Subscription utilizing OnTask, a secure signing service. Before an Eligible Creditor or any of its agents or representatives may access Confidential Information, they must read this Protective Order and execute the Protective Order Subscription in the form attached as Exhibit 3 via OnTask's secure signing service.

    4.    Disclosure of Confidential Information. Without obtaining the Debtors' prior written consent, Confidential Information may be disclosed only to the following persons:

    a.    any mediator or court (or their representatives) ~~taking part in the administration or adjudication of the Disclosure Statement~~ (collectively, the "Courts"), in compliance with the procedures listed in paragraph 6 below;

    b.    persons who are the authors, addressees, or recipients of documents containing Confidential Information if they have previously had lawful access to those documents;

    c.    professional court reporters and their staff; and

    d.    **personnel of** any Eligible ~~Creditor's~~**Creditor and their respective affiliates, including but not limited to employees, officers, and directors, and their respective** agents or representatives, including **but not limited to** in house and outside counsel, professional personnel (including but not limited to IT staff), testifying or consulting experts, anticipated or actual witnesses testifying in connection with the ~~Disclosure Statement~~**Title III proceedings**, and translators or other outside litigation support vendors (collectively, "Representatives")**, and, in the case of a monoline insurer, to its insurance regulators, to the extent such disclosure is requested or required by them or is determined by the monoline insurer to be advisable**. Eligible Creditors shall be responsible for ensuring

their Representatives read this Protective Order and comply with its terms, and each Eligible Creditor shall be responsible for any breach of this Protective Order by any of their Representatives. Attorneys for Eligible Creditors may only provide Confidential Information to their clients after their clients visit OnTask's secure signing service and execute the Protective Order Subscription on the OnTask site.

5. <u>Demand for Confidential Information</u>. If an Eligible Creditor or its Representatives are requested or required by court process or law to disclose Confidential Information, the Eligible Creditor will promptly give the Oversight Board written notice (to the attention of Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq., Proskauer Rose LLP, Eleven Times Square, New York, New York 10036) of such request or requirement as far in advance of any disclosure as is practicable so the parties may seek an appropriate protective order or waiver in compliance with provisions of this Protective Order.

6. <u>Submission of Confidential Information to the Court</u>. Any Confidential Information filed with or otherwise submitted to the Court shall be filed or submitted under seal consistent with the local rules for the United States District Court for the District of Puerto Rico, and any applicable case management procedures. If any Confidential Information is used in any court proceeding, it shall not lose its designation through such use. ~~Confidential Information shall not be copied or reproduced in an Eligible Creditor's objection to the Disclosure Statement, unless it is reasonably necessary to include Confidential Information in such an objection. If so, the Eligible Creditor's objection must be filed under seal in accordance with the requirements of the United States District Court for the District of Puerto Rico, all copies shall be subject to this Protective Order and must include a "CONFIDENTIAL" designation.~~

7. <u>Challenges to Designations of Confidentiality</u>. If an Eligible Creditor

believes any documents contained in the Depository have been improperly designated by the Debtors as containing Confidential Information, the Eligible Creditor may, after attempting to resolve the matter by agreement, apply to the Court for a ruling that certain documents or testimony designated as Confidential Information, or the information therein, is not entitled to confidential status or protection. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom. The Debtors' failure to designate Documents as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon prompt notice from the Oversight Board of a failure to designate, Eligible Creditors and their Representatives shall cooperate to restore the confidentiality of the Confidential Information.

8. <u>Nonwaiver of Privileges</u>. Disclosure of documents (including documents containing Confidential Information) pursuant to the terms of this Protective Order shall not be deemed to waive attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information. If an Eligible Creditor or their Representative reviews any information in the Data Room that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appear to be subject to a legally recognized privilege, the Eligible Creditor or their Representative shall provide immediate notice to the Debtors and shall not review the information. Upon notification by the Debtors that any of the Debtors has inadvertently included information in the Depository that should not have been included (whether because of applicable privilege or otherwise), each Eligible Creditor shall certify that they have deleted or destroyed any downloaded or printed copies of such documents within twenty-four (24) hours of notification.

9. Return or Destruction of Confidential Information Upon Plan Confirmation. ~~Within sixty (60) days after the entry of a final order (or orders) approving the Disclosure Statement~~**At the conclusion of the Title III proceedings, by way of final judgment, settlement or otherwise, including all appeals, and upon request by the Producing Party**, Confidential Information and all copies of same, and all documents containing or referring to Confidential Information~~, and copies of any pleading or paper filed of record with the Court~~ **(except documents filed with the Courts or exchanged by parties in the Title III proceedings, deposition transcripts, and work product)**, shall either be returned to the Debtors or destroyed.

10. Application of Securities Laws. Any Eligible Creditor who signs a Protective Order Subscription understands that, as a result of the receipt of Confidential Information, he, she, or it may be deemed to be in possession of material, nonpublic information relating to the Debtors, and that the United States securities laws apply to such person. If an Eligible Creditor or its Representative who signs a Protective Order Subscription also trades securities, such person represents that it will ensure such trades do not violate any federal or state securities laws.

11. Remedies, Jurisdiction and Governing Law. Specific performance and injunctive relief are available as nonexclusive remedies upon proof of any breach of this Protective Order. Each Eligible Creditor and the Debtors shall confer in good faith over any disagreement in connection with this Protective Order before claiming noncompliance to any third party or this Court, <u>provided</u> that the Debtors shall have the right to refuse continued access to the Data Room to such Eligible Creditor and its Representatives if the Debtors determine that such Eligible Creditor has breached its obligations.

[Remainder of page intentionally left blank]