# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
        as representative of                        :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,            :   (Jointly Administered)
                                                    :
        Debtors.¹                                   :
------------------------------------------------------------------------ x
```

### URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SCHEDULE HEARING ON RENEWED MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3013 FOR ENTRY OF ORDER RECLASSIFYING CLASS 48A AND CLASS 55 CLAIMS UNDER OVERSIGHT BOARD'S PLAN OF ADJUSTMENT DATED MARCH 8, 2021

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee"),² respectfully files

this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order") setting a hearing on the *Renewed Motion of*

*Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure*

---

1   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

*3013 for Entry of an Order Reclassifying Class 48A and Class 55 Claims Under Oversight Board's Plan of Adjustment Dated March 8, 2021* (the "Renewed Rule 3013 Motion"),[3] filed contemporaneously herewith.  In support of this Urgent Motion, the Committee respectfully states as follows:

### RELIEF REQUESTED

1.       By this Urgent Motion, the Committee respectfully requests entry of the Proposed Order scheduling a hearing on the Renewed Rule 3013 Motion during the week of May 10, 2021. *For the avoidance of doubt, the Committee is **not** seeking to shorten notice for such a hearing and the related objection deadline, i.e., the hearing would be set for no less than 22 days after the filing of the Renewed Rule 3013 Motion and the objection deadline would be 15 days prior to such hearing, as provided for in the Case Management Procedures (as defined herein).* Rather, the Committee is compelled to file this Urgent Motion because no hearing is scheduled during the interval between the April 28, 2021 omnibus hearing and the proposed May 14, 2021 disclosure statement objection deadline, and the Case Management Procedures require a party to file a request by separate motion in order for a matter to be heard outside of a scheduled omnibus hearing.

### JURISDICTION, VENUE, AND STATUTORY BASES

2.       The Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.  Venue is proper pursuant to section 307(a) of PROMESA.

3.       The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Renewed Rule 3013 Motion.

Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these Title III cases by

sections 301(a) and 310 of PROMESA, Rule 9013-1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the

*Fourteenth Amended Notice, Case Management and Administrative Procedures* [Docket No.

15894-1] (the "Case Management Procedures").

## RELEVANT BACKGROUND

4.      As discussed more fully in the Renewed Rule 3013 Motion, in March 2020 the

Committee filed the Original Rule 3013 Motion, which sought a ruling that the classification

scheme embodied in the then-current proposed plan of adjustment was invalid as a matter of law.

Specifically, the Original Rule 3013 Motion asserted that the general unsecured claims in Class

41 of the First Amended Plan should be classified together with the legally indistinguishable

unsecured pension and retirement related claims.  The Original Rule 3013 Motion further argued

that proceeding with briefing and consideration of the fundamentally flawed First Amended Plan

and its accompanying disclosure statement would be inefficient and a waste of the Court's

resources until after the Court had ruled on the Original Rule 3013 Motion.

5.      At hearing on April 22, 2020, the Court dismissed the Original Rule 3013 Motion

without prejudice to the Committee's right to renew its arguments at the appropriate time.  In

particular, the Court announced that its "intention is to take up, at the disclosure statement stage,

the classification arguments" raised in the Original Rule 3013 Motion, while leaving for later

determination of other, factual and evidentiary, classification issues (such as gerrymandering,

unfair discrimination, and any alleged economic or business justification for separate

classification).[4]

---

[4]      A copy of the April 22 hearing transcript is attached as **Exhibit B** to the Renewed Rule 3013 Motion.

6.     The Court's oral ruling was embodied in its related order, entered on April 23, 2020, directing that "prior to the filing of any motion to reset deadlines in connection with the disclosure statement hearing, the parties are directed to meet and confer regarding whether it is necessary and appropriate for *the classification issues raised in the [Original Rule 3013] Motion and related briefing to be addressed separately from, and in advance of, the disclosure statement hearing*."[5]

7.     On March 8, 2021, the Oversight Board filed its Second Amended Plan and related Second Amended Disclosure Statement.[6]  Subsequently, the Oversight Board filed a motion to set briefing deadlines and schedule a hearing on approval of the disclosure statement (the "Disclosure Statement Scheduling Motion").[7]  The Disclosure Statement Scheduling Motion requests, among other things, (i) a May 14, 2021 deadline for final objections to the Second Amended Disclosure Statement and (ii) a June 16, 2021 hearing on the Second Amended Disclosure Statement.[8]

8.     As addressed in the Renewed Rule 3013 Motion, the Second Amended Plan mirrors the First Amended Plan's impermissible classification of unsecured claims.  However,

---

[5]     See *Order Denying Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020* [Docket No. 12952] (the "Meet and Confer Order") (emphasis added).

[6]     Docket No. 15976 and Docket No. 15977, respectively.

[7]     *Debtors' Joint Motion for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [Docket No. 16332].

[8]     Concurrently with the filing of this Urgent Motion and the Renewed Rule 3013 Motion, the Committee has also filed a limited objection to the Disclosure Statement Scheduling Motion, including on the basis that the Oversight Board's proposed objection deadline of May 14, 2021 is not in compliance with Rule 2002 of the Bankruptcy Rules.  Nonetheless, for purposes of this Urgent Motion, and given that the Scheduling Motion will not be heard until April 28, 2021, the Committee assumes that the disclosure statement objection deadline will be May 14, 2021.

4

the briefing deadlines and hearing date contemplated by the Disclosure Statement Scheduling

Motion do not allow for the Court to address the classification issue prior to the deadline to

object to the Second Amended Disclosure Statement.  Nor is there a scheduled omnibus hearing

in the interval between the April 28, 2021 Omnibus Hearing (at which the Court will consider

the Disclosure Statement Scheduling Motion) and the proposed May 14, 2021 objection deadline

at which the Court could address the classification issues raised in the Renewed Rule 3013

Motion.

## BASIS FOR RELIEF REQUESTED

9.     The Renewed Rule 3013 Motion highlights serious structural issues with the

Second Amended Plan.  Specifically, the Second Amended Plan continues to separately classify

unsecured pension and retirement related claims (Class 48A) from general unsecured claims

(Class 55).  This separate classification of legally indistinguishable claims is in direct

contravention of binding First Circuit precedent.  *See e.g.*, *Granada Wines, Inc. v. New England*

*Teamsters & Trucking Indus. Pension Fund*, 748 F.2d 42, 46 (1st Cir. 1984).

10.     It would be a tremendous waste of time and resources for all parties involved if

parties were required to consider the myriad of issues raised by the lengthy Second Amended

Disclosure Statement, and prepare and file any related objections, prior to the resolution of the

threshold, and narrow, legal issues raised in the Renewed Rule 3013 Motion should the Court

determine (as the Committee believes it should) that the classification scheme set forth in the

Second Amended Plan is fundamentally flawed.

11.     Accordingly, the Committee submits that interests of efficiency and conserving

the resources and time of the Court and all parties in interest are best served by scheduling a

hearing on the Renewed Rule 3013 Motion prior to the deadline to object to the Second

Amended Disclosure Statement.[9]  This sequencing is also consistent with the Meet and Confer

Order, which recognized that resolution of the classification issues raised in the Original Rule

3013 Motion (and now the Renewed Rule 3013 Motion) may be the most logical course of action

and directed the parties to meet and confer to determine precisely that question.[10]

12.      Pursuant to Section I.H. of the Case Management Procedures, the undersigned

counsel certifies that it has engaged in reasonable, good-faith communications with counsel to

the Oversight Board regarding the relief requested herein.  As of the filing of this Urgent Motion,

counsel to the Oversight Board has not informed the Committee whether it opposes the relief

requested herein.  Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2),

undersigned counsel certifies that counsel has carefully examined the matter and concluded that

there is a true need for urgent relief because the Case Management Procedures require that a

party seeking to have a matter heard outside of a scheduled omnibus hearing seek such relief by

separate motion.  The movant has not created the urgency through lack of due diligence on its

part.  The undersigned further certifies that movant made a bona fide and good faith effort to

resolve the matter without a hearing.

**NOTICE**

13.      Notice of this Urgent Motion has been provided to the following entities, or their

counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the

District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and

---

[9]      The Committee acknowledges that it has previously expressed a willingness to have the narrow classification issues raised in the Renewed 3013 Motion resolved concurrently with a disclosure statement hearing, and not necessarily at an earlier hearing.  While this remains true, the Committee also continues to believe—for all the reasons articulated herein and in its papers in connection with the Original Rule 3013 Motion and the Renewed 3013 Motion—that the most logical and most efficient path is to resolve the narrow legal issues presented by the Renewed 3013 Motion prior to the disclosure statement objection deadline.

[10]     Despite the Court's clear directive in the Meet and Confer Order, the Oversight Board did not seriously engage with the Committee to schedule a hearing on the classification issues.

6

Financial Advisory Authority; (v) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vi) all parties that have filed a notice of appearance in the Title III Cases.

<u>**NO PRIOR REQUEST**</u>

14.     No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Urgent Motion and granting such other relief as the Court deems just and proper.

Dated: April 13, 2021                     By:  _/s/ Luc A. Despins_

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By:   _/s/ Juan J. Casillas Ayala_

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*