UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

Debtors.[1]

---

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' JOINT MOTION FOR ORDER (I) SCHEDULING A HEARING TO CONSIDER ADEQUACY OF INFORMATION CONTAINED IN DISCLOSURE STATEMENT, (II) ESTABLISHING DEADLINE FOR FILING OBJECTIONS TO DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee"),[2] respectfully files this limited objection (the "Limited Objection") to the *Debtors' Joint Motion for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (the "Disclosure Statement Scheduling Motion") [Docket No. 16332]. In support of this Limited Objection, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Committee does not object to the Oversight Board's proposed June 16, 2021 Disclosure Statement Hearing[3] to determine the adequacy of the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [Docket No. 15977] (the "Second Amended Disclosure Statement"). However, the Committee does object to (i) the expedited and prejudicial briefing schedule the Oversight Board seeks to impose on the parties opposing approval of the Second Amended Disclosure Statement, (ii) the Oversight Board's proposed unduly burdensome document production protocols, and (iii) the Oversight Board's unilateral filing of the Disclosure Statement Scheduling Motion without any discussion with the Committee regarding a proposed disclosure statement litigation schedule and its related failure—in contravention of this Court's prior rulings—to account for litigation of a threshold classification issue.

---

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Disclosure Statement Scheduling Motion.

1

2. The Oversight Board contends that its proposed schedule will not prejudice parties in interest because they will have ample time to review the Second Amended Disclosure Statement and "any modifications or supplements" before the proposed June 16, 2021 Disclosure Statement Hearing to be held "approximately fourteen weeks after the filing of the [Second Amended] Disclosure Statement on March 8, 2021."[4]

3. This statement is misleading. First and foremost, the Oversight Board will only serve the proposed notice of the disclosure statement hearing "as soon as reasonably practicable" *after* the April 28, 2021 hearing on the Disclosure Statement Scheduling Motion. Yet, as the Oversight Board recognizes, Bankruptcy Rules 3017(a) and 2002 require at least 28 days' notice "be given by mail to all creditors of the time fixed for filing objection[s] and the hearing to approve a disclosure statement."[5] This proposed schedule provides creditors only 17 days before the proposed Disclosure Statement Objection Deadline, as opposed to the 28 days required by Bankruptcy Rule 2002(b).

4. Moreover, as set forth below, much of the most important information that would ordinarily be contained in the body of a disclosure statement (*e.g.*, the size of the general unsecured claims pool and expected recoveries, and the best interest test) is not included in the Second Amended Disclosure Statement, but will (presumably) be provided at some future date. To the extent this information will be uploaded to the Discovery Statement Depository, the Debtors have only committed to establish and populate that electronic dataroom "***on or after***

---

[4] Disclosure Statement Scheduling Mot. ¶ 33.
[5] Disclosure Statement Scheduling Mot. ¶ 36.

2

April 28, 2021" (again, only 17 days before the proposed Disclosure Statement Objection Deadline).[6]

5. Moreover, the Oversight Board appears to seek to limit the rights of the Committee and other parties in interest to take discovery by self-selecting the documents to be contained in the Disclosure Statement Depository, and reserving for itself the authority to determine which requests for additional information should be honored and which should be rejected. The Committee does not disagree that utilizing the Disclosure Statement Depository is a cost efficient manner in which to produce documents, but it should not replace the rights of the Committee and other parties in interest to propound discovery requests.

6. Further, given the time and expense that will be incurred by all parties involved in preparing for a contested hearing on the adequacy of the Second Amended Disclosure Statement, the narrow and purely legal issues presented by the Committee's Renewed 3013 Motion (as defined herein) should be heard before the deadline to object to approval of the Second Amended Disclosure Statement to ensure that any disclosure statement and plan of adjustment proposed by the Oversight Board conforms to this Court's decision on the Renewed Rule 3013 Motion (as defined herein).[7]

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA. Venue is proper pursuant to section 307(a) of PROMESA.

---

[6] Disclosure Statement Depository Procedures, attached as Exhibit 1 to proposed order granting Disclosure Statement Scheduling Mot. ¶1 (emphasis added).

[7] Contemporaneously herewith, the Committee has filed, on an urgent basis, a motion requesting that the Court set a hearing date to consider the Renewed Rule 3013 Motion prior to the deadline to object to the Second Amended Disclosure Statement.

**LIMITED OBJECTION**

### I. Proposed Disclosure Statement Objection Deadline Does Not Comply With Bankruptcy Rule 2002(b)

8. Bankruptcy Rule 2002(b), made applicable to PROMESA, requires that creditors receive "not less than 28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement." The Oversight Board requests that the Disclosure Statement Objection Deadline be set for May 14, 2021, and that such deadline be for final objections.[8] While that date is more than 28 days from the date of the Disclosure Statement Scheduling Motion, it is only 17 days after April 28, 2021, which is the earliest date[9] on which the Debtors propose to serve the disclosure statement notice and post information to the Disclosure Statement Depository. Nor is there any need for shortening the statutory notice period, as the Oversight Board's proposed schedule leaves plenty of time for the full 28 days' notice between April 28, 2021 and the proposed June 16, 2021 hearing date.[10]

9. The lack of proper notice is exacerbated by the deficiencies of the Second Amended Disclosure Statement and by the Oversight Board's proposed procedures governing the Disclosure Statement Depository.

10. The Second Amended Disclosure Statement currently available on the public docket contains only half the story. Among other deficiencies, it contains no best interest analysis, no information on the size of the Debtors' unsecured creditor claim pool or the

---

[8] Disclosure Statement Scheduling Mot. ¶ 26.

[9] As set forth above, the Debtors are vague on when they will post the information. Regardless, the earliest they plan on posting information to the Disclosure Statement Depository is April 28, 2021. Disclosure Statement Depository Procedures, ¶ 1. Further, creditors have to request access to the Disclosure Statement Depository, and the Debtors only commit that "[a]ccess requests will be processed as promptly as reasonably practicable." *Id.* ¶ 4. In other words, creditors will certainly have less than 17-days' notice of information critical to determining whether the Second Amended Disclosure Statement contains adequate information.

[10] Even if this requires pushing back the Debtors' proposed reply deadline of May 28, 2021, which is (i) 14 days after their proposed objection deadline and (ii) 19 days prior to the proposed hearing date.

4

expected percentage distribution to general unsecured creditors. Without such information, the Second Amended Disclosure Statement does not contain adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code. *See In re Acemla de Puerto Rico Inc.*, 2019 Bankr. Lexis 182, *47 (Bankr. D. P.R. 2019) ("Creditors rely on the disclosure statement to determine what distribution or other assets they will receive and also what risks they will face.") (citations omitted); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D. N.H. 1991) (disclosure statement should include a "total dollar amount projected for the undisputed claims, and a total dollar amount projected for the disputed claims should they be allowed over objections."); *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 570 (Bank. N.D. Ga. 1984) (denying approval of disclosure statement because, among other reasons, debtors failed to set forth "amount of unsecured claims so that some calculation can be made as to the percentage at which such claims shall be paid").

11.   The Disclosure Statement Scheduling Motion does not specify when the Oversight Board intends to provide this critical information, or whether it intends to do so (i) in connection with the further amended disclosure statement it will be filing at some unspecified time, (ii) by uploading the documents to the Disclosure Statement Depository, or (iii) by filing supplements to the Second Amended Disclosure Statement. Regardless, in order to properly review the documents and formulate any objections or requests for additional information, parties in interest should have at least 28 days from receiving these documents before any objection deadline.

12.   For the same reason, the objection deadline should be at least 28 days from the date on which documents are deposited into Disclosure Statement Depository. And, as noted, even if that date is, in fact, April 28, that will still leave creditors insufficient time to properly

review the documents and formulate any objections or requests for additional information prior to the proposed objection deadline. Making matters worse, the protocols the Debtors have proposed include a burdensome multi-step process by which creditors must request access to the Disclosure Statement Depository.

13. The Committee (and, indeed, all notice parties) should be granted immediate access to the Disclosure Statement Depository and have at least 28 days to analyze the information in the Disclosure Statement Depository before having to prepare "final" objections to the approval of the Second Amended Disclosure Statement. Anything less would violate Bankruptcy Rule 2002(b) and creditors' rights to due process.[11]

## II. Discovery Rights Should Be Reserved

14. The Disclosure Statement Scheduling Motion states that "the Debtors anticipate that information requests may be duplicative and/or may go beyond what is necessary or appropriate to evaluate the adequacy of the information contained in the Disclosure Statement."[12] The Committee agrees that it will be more efficient to use a single depository for the Oversight Board's responses to creditor inquiries, as opposed to sending the same information to multiple parties. However, it is the Court, and not the Oversight Board, that should decide whether any request "goes beyond what is necessary or appropriate."

---

[11] The Committee also objects to the overly onerous requirement that any party that objects to the Second Amended Disclosure Statement serve its objection on 23 separate groups of creditors and parties in interests, totaling hundreds of notice parties (one of such 23 groups listed by the Debtors is the list of top 20 unsecured creditors, and another is all parties that have requested notice pursuant to Bankruptcy Rule 2002). The Master Service List in these cases is 26 pages long. *See* Exhibit A to the *Certificate of Service* filed on April 9, 2021 [Docket No. 16375]. Particularly for small creditors, this requirement creates a significant expense, and may even prevent some creditors from exercising their right to object. Moreover, any objection will be publicly available on the Prime Clerk website.

[12] Disclosure Statement Scheduling Mot. ¶ 38.

15. Therefore, it should be made clear that approval of the Disclosure Statement Depositary does not excuse the Oversight Board from responding to discovery requests. Indeed, the cases cited by the Oversight Board illustrate that use of a centralized dataroom does not excuse a debtor from discovery. In each of those cases, the courts authorized the debtors to deposit documents into an electronic document depository, but the documents so deposited were in response to discovery requests.[13]

16. The Committee intends to serve discovery on the Debtors in connection with the Second Amended Disclosure Statement. Responses to the discovery served by the Committee and other parties in interest, along with the information posted by the Debtors, should also be included in the Disclosure Statement Depositary.

### III. Oversight Board's Proposed Schedule Ignores Classification Issues

17. Responding to the Oversight Board's first amended plan of adjustment and related disclosure statement, on March 3, 2020 the Committee filed a motion for reclassification pursuant to Bankruptcy Rule 3013 (the "Original Rule 3013 Motion").[14] On April 22, 2020 the Court issued its oral ruling order denying, without prejudice to renewal at the appropriate time, the Committee's motion.[15] The Court's oral ruling was embodied in its related order, entered on April 23, 2020, directing that "prior to the filing of any motion to reset deadlines in connection

---

[13] *See Order Establishing Discovery Schedule and Procedures in Connection with Plan Confirmation, In re Cumulus Media Inc., et al.*, Case No. 17-1381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017) [Docket No. 148]; *Order Establishing Discovery Procedures in Connection with the Settlement Motion and Plan Confirmation, In re Maxus Energy Corp.,* et al., Case No. 16-11501 (CSS) (Bankr. D. Del. Fe. 17, 2017) [Docket No. 907]; *In re Enron Corp.*, *et al.,* Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004) [Docket No. 16233].

[14] *Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020* [Docket No. 11989].

[15] Contemporaneously herewith, the Committee has filed the *Renewed Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 48A and 55 Claims Under Oversight Board's Plan of Adjustment Dated March 8, 2021* (the "Renewed 3013 Motion").

7

with the disclosure statement hearing, the parties are directed to meet and confer regarding whether it is necessary and appropriate for *the classification issues raised in the [Original Rule 3013] Motion and related briefing to be addressed separately from, and in advance of, the disclosure statement hearing*."[16]

18. On February 4, 2021, the Committee reached out to counsel for the Oversight Board pursuant to the Court's instruction that the Committee and the Oversight Board meet and confer regarding the litigation of classification issues. The Committee, therefore, noted that to the extent the Oversight Board intended to file a proposed disclosure statement litigation schedule, the Meet and Confer Order required that the parties meet and confer prior to such a filing.

19. In its March 11, 2021 response, counsel to the Oversight Board advised the Committee that it continued to take the position that classification issues should be resolved in connection with confirmation, and to ask if the Committee would agree to that sequencing, which the Committee obviously declined, as it believes this is both incorrect and inconsistent with this Court's prior rulings.[17] The Oversight Board did not, however, confer with the Committee regarding any other aspect of the Disclosure Statement Scheduling Motion, including appropriate and practical briefing deadlines or access to documents—had the Oversight Board done so prior to unilaterally filing the Disclosure Statement Scheduling Motion, this limited

---

[16] See *Order Denying Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020* [Docket No. 12952] (the "Meet and Confer Order") (emphasis added).

[17] The Committee believes that this was, at best, a "meet and confer" in name only. The Meet and Confer Order was clear that the only scheduling issue to be decided, and upon which the parties were ordered to confer, is whether the classification issues raised in the Renewed Rule 3013 Motion should be heard at the disclosure stage or earlier. The order did not leave open the possibility of these issues being delayed until confirmation. Nonetheless, in its "meet and confer" with the Committee, and notwithstanding the Meet and Confer Order, the Oversight Board made clear that there was nothing to discuss if the Committee was not willing to leave these issues until confirmation.

8

objection likely could have been avoided, especially because the Committee does not object to the underlying requests for a June 16, 2021 hearing date or to establish a Disclosure Statement Depository.

20. More importantly, the Committee strongly disagrees with the Oversight Board's contention that the classification issues should be addressed after the Disclosure Statement Hearing. Indeed, and as Meet and Confer Order recognized may be the case, under these particular facts the best and most logical course is to determine the issues raised in the Renewed Rule 3013 Motion before (and not simply concurrent with) the disclosure statement hearing. The issues are narrow and purely legal, and all parties, including the Oversight Board, will save significant time and resources if the Renewed Rule 3013 Motion is granted now as opposed to after approval of a disclosure statement, obviating the need to prepare the myriad of other issues that will need to be resolved at a contested disclosure statement hearing.[18] This is especially true in light of the fact that the Disclosure Statement Objection Deadline should be rescheduled in any event to allow for adequate notice under Bankruptcy Rule 2002(b) as set forth above, to allow for formal discovery in connection with the Second Amended Disclosure Statement, and to ensure that parties in interest have the sufficient time to review and consider the further amended disclosure statement and any other critical information that the Debtors will (at some point) be filing.

---

[18] The Committee acknowledges that it has previously expressed a willingness to have the narrow classification issues raised in the Renewed 3013 Motion resolved concurrently with a disclosure statement hearing, and not necessarily at an earlier hearing. While this remains true, the Committee also continues to believe—for all the reasons articulated herein and in its papers in connection with the Original Rule 3013 Motion and the Renewed 3013 Motion—that the most logical and most efficient path is to resolve the narrow legal issues presented by the Renewed 3013 Motion prior to the Disclosure Statement Hearing, and even the Disclosure Statement Objection Deadline.

9

**CONCLUSION**

21. For all of the foregoing reasons, the Committee requests that the Court (i) approve a briefing schedule, including an objection deadline, for litigating the Second Amended Disclosure Statement consistent with the notice provisions of Bankruptcy Rule 2002(b), (ii) direct the Oversight Board to file any further amended disclosure statement and/or any supplements thereto and serve notice of such filings no less than 28 days prior to the deadline to object thereto, (iii) direct the Oversight Board to populate the Disclosure Statement Depository by a date certain, with immediate access granted to the Committee and other notice parties, (iv) confirm that approval of the Disclosure Statement Depository does not excuse the Oversight Board from responding to discovery requests, and (v) confirm that the Committee's Renewed 3013 Motion will be heard prior to the Disclosure Statement Objection Deadline and, in any event, no later than a hearing on the Second Amended Disclosure Statement.

**NOTICE**

22. Notice of this Objection has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vi) all parties that have filed a notice of appearance in the Title III Cases.

**NO PRIOR REQUEST**

23. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Committee respectfully requests that the relief granted by the Court be modified to reflect the issues raised herein.

Dated: April 13, 2021

By: /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*