UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THE DRA PARTIES' LIMITED OBJECTION TO DEBTORS' JOINT MOTION FOR AN ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

**COME NOW** AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

Document Page 2 of 6

No. 147-2018, and the approved Qualifying Modification for the Government Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), by and through the undersigned legal counsel, and respectfully submit this limited objection (the "Limited Objection") to *Debtors' Joint Motion for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to The Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (the "Disclosure Statement Scheduling Motion") [Dkt. No. 16332] filed by the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA" and, together with the Commonwealth and ERS, the "Debtors").[3]

## DISCUSSION

1.  The Disclosure Statement Scheduling Motion seeks, among other things, the entry of an order establishing the following proposed dates with respect to the approval of Debtors' Disclosure Statement[4]: (a) May 14, 2021 for objections to the Disclosure Statement; and (b) June 16, 2021 as the proposed Disclosure Statement hearing date. See Disclosure Statement Scheduling Motion, ¶ 6.

---

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS) (Nov. 7, 2018).
[3] Capitalized terms used in this Reservation of Rights that are not defined shall have meanings given to them in the Disclosure Statement Scheduling Motion.
[4] The Disclosure Statement Scheduling Motion defines the Disclosure Statement as "the Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al. [ECF No. 15977] (as amended or modified from time to time and including all exhibits thereto, the 'Disclosure Statement')." See Disclosure Statement Scheduling Motion, introductory paragraph.

2. The Debtors have requested a hearing on the Disclosure Statement Scheduling Motion at the upcoming April 28, 2021 omnibus hearing, with objections to the Disclosure Statement Scheduling Motion due April 13, 2021.

3. Rule 2002(b) of the Federal Rules of Bankruptcy Procedure, which is made applicable to the Debtors' Title III proceedings by Section 310 of PROMESA, provides that parties must receive "28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement or, under § 1125(f), to make a final determination whether the plan provides adequate information so that a separate disclosure statement is not necessary…". Fed. R. Bankr. P. 2002(b).

4. Further, Rule 3017(a) of the Federal Rules of Bankruptcy Procedure (which is also made applicable by section 310 of PROMESA) provides that "after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. P. 3017(a).

5. According to the Disclosure Statement Scheduling Motion, Debtors intend to file an amended Disclosure Statement and an amended Plan to (i) incorporate "the terms of the ERS Stipulation and other minor modifications"; and (ii) "[t]o the extent that other agreements are reached . . . such understandings will also be included." See Disclosure Statement Scheduling Motion, ¶ 4, n. 5. Debtors intend to file this amended Disclosure Statement and amended Plan "prior to the hearing to consider the relief in this [Disclosure Statement Scheduling] Motion." Id.

6. As of the date hereof, the amended Disclosure Statement and amended Plan have not been filed. In order for Debtors' proposed Disclosure Statement objection deadline to

comply with Rule 2002(b), the amended Disclosure Statement must be filed by no later than April 16, 2021. In order for Debtors' proposed Disclosure Statement approval hearing date to comply with Rule 3017(a), the amended Disclosure Statement must be filed by no later than May 19, 2021. Both of these dates fall *after* the deadline to file objections to the Disclosure Statement Scheduling Motion (which is today, April 13, 2021). Therefore, it is not known at this time whether the Debtors' proposed objection deadline and/or Disclosure Statement approval hearing date will comply with the Rules and provide sufficient due process and opportunity for parties in interest to review the amended Disclosure Statement and file objections thereto.

7. As recognized by the Debtors, the Disclosure Statement needs to be modified to incorporate changes such as the details of the settlement reached with certain ERS bondholders.[5] The Debtors have also provided notice that they reached an agreement in principle with Assured Guaranty and National Public Finance Guarantee with respect to their claims against the Commonwealth as well as HTA and the Convention Center District Authority[6], which settlement is still in development and will also need to be disclosed in the third amended Disclosure Statement. There could be other changes or additions to the Disclosure Statement, given that, upon information and belief, the Debtors are still working to build support for the Plan from other creditor contingencies and therefore, other settlements could be reached that would result in the need for new disclosures as agreed upon by the Debtors in footnote 5 of the Disclosure Statement Scheduling Motion. See Status Report of Financial Oversight and Management Board

---

[5] The parties to the ERS settlement entered into an *Amended and Restated Stipulation (A) Allowing Claims of ERS Bondholders, (B) Staying Pending Litigation, and (C) Providing for Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment* (the "ERS Stipulation"), which provides that the "third amended plan . . . and corresponding disclosure statement" shall be filed "[o]n or prior to thirty (30) calendar days from [April 2, 2021]". See ERS Stipulation, ¶ 5. Thus, under the terms of the ERS Stipulation, Debtors are not required to file the third amended Disclosure Statement until, at least, May 3, 2021.

[6] The Assured-National Agreement was filed on EMMA on April 13, 2021, and a copy can be obtained at https://emma.msrb.org/P21451809-P21127002-P21539010.pdf

in Connection with March 10-11, 2021 Omnibus Hearing [Dkt. No. 15991], ¶ 10 ("The Oversight Board is continuing to meet with parties in interest and the Court-appointed Mediation Team, with the goal of attaining further agreements with key stakeholders and reaching a fully consensual Plan of Adjustment.").

8. Therefore, the DRA Parties hereby object to the Disclosure Statement Scheduling Motion to the extent that it seeks to impose an objection deadline and/or a Disclosure Statement approval hearing that is less than 28 days after the filing of the amended Disclosure Statement. Given the uncertainty and complexity of these cases, and the current state of flux in the Disclosure Statement and the Plan, 28 days is the bare minimum that should be considered by this Court for approval of any amended Disclosure Statement. Anything less violates the Rules and unfairly prejudices creditors' rights.

**WHEREFORE**, the DRA Parties respectfully request this Court to DENY the Disclosure Statement Scheduling Motion to the extent that it fails to comply with the notice requirements of Rules 2002(b) and 3017(a) of the Federal Rules of Bankruptcy Procedure, and to grant such other relief as may be just and proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 13th day of April, 2021.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Fourteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. 15894-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |
|---|---|
| 270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918 | By: */s/ Carmen D. Conde Torres*<br>Carmen D. Conde Torres |

DOC ID - 36114545.2

5

P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5632
Fax: 787-759-9225

By: */s/ Arturo J. García-Solá*
Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

***Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority***

(USDC No. 207312)

*/s/ Luisa S. Valle Castro*
Luisa S. Valle Castro
(USDC No. 215611)

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel: 787-729-2900
Fax: 787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel: 202-729-7470
Fax: 202-730-4520
E-mail: douglas.mintz@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel: 212-756-2000
Fax: 212-593-5955

E-mail: douglas.koff@srz.com
abbey.walsh@srz.com
peter.amend@srz.com

***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority***