**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br>                v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |

---

[1]    The Debtors in these jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | Adv. Proc. No. 20-00004-LTS<br><br>PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | Adv. Proc. No. 20-00005-LTS<br><br>PROMESA<br>Title III |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
(I) RESPONSE TO MOTION OF COMMONWEALTH OF PUERTO RICO,
BY AND THROUGH FINANCIAL OVERSIGHT AND MANAGEMENT BOARD,
FOR STAY RELIEF GRANTING LEAVE TO PROSECUTE FURTHER
MOTIONS FOR PARTIAL SUMMARY JUDGMENT, AND (II) URGENT
CROSS-MOTION FOR STAY RELIEF FOR LEAVE TO FILE LIMITED
OBJECTION, OR IN ALTERNATIVE, TO INTERVENE**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee")[1] respectfully submits

this response and cross-motion (the "Cross-Motion") (i) in response to the *Motion of the*

*Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board,*

*for Stay Relief Granting Leave to Prosecute Further Motions for Partial Summary Judgment*

[Docket No. 16326] (the "Oversight Board's Motion"), filed on April 6, 2021, and (ii) pursuant

to section 105(a) and 502 of the Bankruptcy Code made applicable to these cases pursuant to

section 301(a) of PROMESA, for entry of an order modifying the Revenue Bonds CMO[2] to lift

the litigation stay to allow the Committee to file limited objections to disallow certain proofs of

claim filed in the Commonwealth Title III case on account of certain revenue bonds issued by

HTA, CCDA, and PRIFA, or in the alternative to intervene in certain counts in the Revenue

Bond Adversary Proceedings.

**PRELIMINARY STATEMENT**

1.      The Committee supports the Oversight Board's Motion to lift the stay to allow it

to file the proposed motions for partial summary judgment (the "Motions for Partial Summary

Judgment") to seek disallowance of the Defendants' unsecured claims against the

Commonwealth.  The Committee agrees with the Oversight Board that such litigation will

facilitate the plan confirmation process and the ultimate resolution of these Title III cases.

2.      The Committee files this narrow response and Cross-Motion to permit it to file its

own objections (the "Proposed Objections") under section 502 of the Bankruptcy Code to the

---

[1]    The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and
COFINA.

[2]    Capitalized terms not defined herein shall have the same meaning ascribed to them in the Oversight Board's
Motion.

same claims that will be addressed in the Motions for Partial Summary Judgment.  As this Court

will recall, when the Revenue Bond Adversary Proceedings were filed, the Committee filed

motions to intervene in some (but not all) of the counts in the Adversary Proceeding Complaints.

The Committee chose to not intervene in certain counts so that it could exercise its independent

statutory right to file an objection to the Defendants' claims on those grounds.  These counts

include, for example, the counts in the Adversary Proceeding Complaints seeking to disallow the

Defendants' claims based on purported breaches of the non-impairment provisions.  The

Proposed Objections would seek the same ultimate relief as these counts (*i.e.*, disallowance of

the Defendants' claims), but the Committee's specific arguments may differ from the Oversight

Board's.  For example, the Committee expects to argue, among other things, that the Defendants

have no claims against the Commonwealth because the Defendants' bonds are non-recourse, the

Commonwealth has not violated the non-impairment covenants, and a breach of those covenants

would not give rise to an unsecured claim against the Commonwealth in any event.

3.       Although the Committee has an absolute statutory right to file objections to

claims, the Committee has refrained from filing any such objections because of the litigation stay

imposed by the Revenue Bonds CMO.  But now that the Oversight Board has determined to

move forward with its efforts to disallow the Defendants' unsecured claims against the

Commonwealth, the Committee should be entitled to file its own objections.

4.       The Committee has no interest in duplicating the Oversight Board's efforts,

interfering with the timing or resolution of the Motions for Partial Summary Judgment, or

imposing any unnecessary burden on the parties or the Court.  As a result, this Cross-Motion

asks the Court to lift the stay and allow the Committee to file its Objections, but with certain

clear limitations.  These limitations include (a) litigating the Proposed Objections on the same

schedule as the Motions for Partial Summary Judgment, (b) limiting the scope of the Proposed

Objections to the matters at issue in the counts subject to the Motions for Partial Summary

Judgment, and (c) imposing the requirements of the Revenue Bonds CMO on the Proposed

Objections, including Section 9, which would require the Committee to use reasonable efforts to

ensure that its arguments are not duplicative or repetitious of those set forth in the Oversight

Board's Motions for Partial Summary Judgment.

5.      Such an approach would be consistent with the manner in which the Committee

has participated in the revenue bond lift stay and adversary proceeding litigation so far, *i.e.*,

providing comments to the Oversight Board's draft briefs prior to submission, and submitting

short joinders where appropriate that include additional arguments only if such arguments have

not been addressed by the Oversight Board.  The Committee's request to raise these arguments

through a separate procedural vehicle (a claim objection) should not be problematic, as the Court

has already sanctioned litigating claim objections and adversary proceedings in parallel in the

ERS context.

6.      Finally, if this Court does not permit the Committee to file the Proposed

Objections, the Committee requests that it be allowed to intervene in certain counts of the

Revenue Bond Adversary Proceedings that will be subject to the Motions for Partial Summary

Judgment, so that it can participate directly in the summary judgment briefing itself.

<strong><u>JURISDICTION, VENUE AND STATUTORY BASES</u></strong>

7.      The United States District Court for the District of Puerto Rico (the "<u>Court</u>") has

subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

8.      Venue of this contested matter is proper pursuant to PROMESA section 307(a).

9.      The statutory basis for the relief requested herein is Bankruptcy Code

sections 105(a) and 502, made applicable to these Title III cases by PROMESA section 301(a).

## BACKGROUND

10.     In addition to the background facts set forth in the Oversight Board's Motion, which are incorporated herein, the Committee sets forth the following.

11.     On February 11, 2020, the Committee filed substantially identical motions to intervene in the three Revenue Bond Adversary Proceedings.  *See, e.g.*, Docket No. 9 in Adv. Proc. 20-005.  In those motions, the Committee sought to intervene in the adversary proceedings with respect to certain specified counts (the "Intervenor Counts") of the three Revenue Bond Complaints.  The Committee explained at that time that it was "not seeking to intervene in any count to which an objection could be raised in a claim objection, and the Committee expressly reserves the right to do so in the future." *Id*. ¶ 13.  The three motions to intervene were granted on March 2, 2020.  Docket No. 37 in Adv. Proc. 20-005.

12.     Since the Committee was granted intervenor status, the Committee has worked closely with the Oversight Board to minimize duplication of effort, in line with the court's requirement under Section 9 of the Revenue Bonds CMO.  For example, the Committee has filed limited joinders to the 2020 Partial Summary Judgment Motions, which set forth the portions of the pleadings to which the Committee joins.  *See, e.g.*, Docket No. 64 in Adv. Proc. 20-005; Docket No. 106 Adv. Proc. in 20-005.  These joinders expressly reserved the Committee's "rights to adopt any arguments that it has not expressly joined in the future in this or other proceedings, as well as to raise additional arguments beyond those raised in the Motion."

## RELIEF REQUESTED

13.     By this response and Cross-Motion, the Committee requests that the Oversight Board's proposed order be modified or that the Court enter a separate order pursuant to Bankruptcy Code sections 105(a) and 502 modifying the Revenue Bonds CMO Order to permit the Committee to file objections to the Proofs of Claim in the Commonwealth's Title III case

regarding revenue bonds issued by HTA, CCDA, and PRIFA, limited in scope to the matters

addressed by the counts that would be subject to the Oversight Board's anticipated Motions for

Partial Summary Judgment.  Such objections would be subject to the requirements of the

Amended Revenue Bonds CMO, including Section 9, and would be litigated in parallel along the

same schedule governing the Motions for Partial Summary Judgment.

## **ARGUMENT**

14.　　The Court should grant the Committee's Motion because the Committee has a

statutory right to file the Proposed Objections, and because the Proposed Objections would not

interfere with or materially impact the Revenue Bond Adversary Proceedings or the Motions for

Partial Summary Judgment.

15.　　First, the Committee is entitled to file the Proposed Objections.  Statutory

committees have the right to object to unsecured claims, such as those that would be subject to

the Motions for Partial Summary Judgment.  *See* 7 Collier on Bankruptcy P 1103.05 (16th 2021)

("A committee may also object to the allowance of a nonpriority unsecured claim.") (citing *In re

National Liquidators, Inc.*, 182 B.R. 186 (S.D. Ohio 1995)).  Moreover, the counts that are at

issue in the Motions for Partial Summary Judgment—including the counts relating to the claims

based on the Takings Clause, the Due Process Clause, post-petition interest, priority and the non-

impairment provisions—are not covered by Federal Rule of Bankruptcy Procedure 7001(a),

which lists contested matters that must be resolved by adversary proceeding.

16.　　Second, the Proposed Objections would not interfere with the Revenue Bond

Adversary Proceedings or the Motions for Partial Summary Judgment.  The Proposed Objections

would be litigated on the same schedule as the Motions for Partial Summary Judgment, and

therefore would not affect the timing of the litigation or the timing of its resolution.  They would

incorporate by reference the arguments raised by the Oversight Board, and would only raise new

points if not covered by the Oversight Board itself. Moreover, any new points raised by the

Committee in the Objections would be limited to the matters addressed by the counts subject to

the Motions for Partial Summary Judgment. As a result, the Proposed Objections would permit

the Committee to exercise its right to object to the Defendants' unsecured claims, while at the

same time not expand the scope of the litigation of the Oversight Board's Motions for Partial

Summary Judgment or interfere with its progress.

17.     Indeed, a similar approach has already been adopted by this Court in the ERS

litigation. As this Court knows, the parties to the ERS litigation simultaneously briefed multiple

claim objections and adversary proceeding motions for summary judgment without any material

difficulties. *See, e.g.*, *Order Modifying Briefing Schedule with Respect to Certain Issues Raised*

*in Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the*

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico* (Docket

No. 14095).

18.     Finally, if the Court does not permit the Committee to file the Proposed

Objections, then the Committee respectfully requests that it be allowed to intervene in certain

counts in which the Committee has not already intervened and that the proposed order attached

to the Oversight Board's Motion be modified to clarify that the Committee, as intervenor, may

also move for partial summary judgment in the adversary proceedings.[3] As explained above, the

Committee chose not to intervene in certain counts so that it could object to these claims in its

---

[3]     There are certain counts that would be subject to the Oversight Board's proposed Motions for Partial Summary
Judgment (regarding security interests in post-petition revenue, and the status of the retained revenues as special
revenues) where the Committee has already intervened. The Committee believes that, without more, the relief
sought in the Oversight Board's Motion would at the very least permit the Committee to file joinders to the
Motions for Partial Summary Judgment on those counts. To the extent that this is not the case, and to the extent
that the other relief sought in this Cross-Motion is not granted, the Committee asks that any order issued arising
from the Oversight Board's Motion be clarified to permit the Committee to file joinders on those counts.

own objection. These counts are Counts 12, 14, 16, 19, and 23 of the HTA Adversary

Proceeding, Counts 12, 19, 21, 23, and 25 of the PRIFA Adversary Proceeding, and Counts 2,

12, 14, 16, and 19 of the CCDA Adversary Proceeding (and the corresponding Counts for each

Defendant in each Revenue Bond Adversary Proceeding). As this Court has repeatedly

recognized, the Committee has a statutory right to intervene in these Counts consistent with First

Circuit precedent. The Committee expects that the intervention order would mirror, and contain

all the same limitations as, the Court's prior intervention orders in the Revenue Bond Adversary

Proceedings.

## CERTIFICATION

19.     In accordance with section 1(c) of the Court's Second Amended Standing Order,

the undersigned certify the Committee made a bona fide, reasonable, and good faith effort to

resolve the issues addressed in the Cross-Motion prior to filing. Counsel for the Committee

spoke with counsel for the Oversight Board regarding the relief requested on April 5, 2021, and

sent counsel for the Oversight Board an email regarding the request on April 7, 2021. Counsel

for the Committee also sent an email to all parties to the Revenue Bond Adversary Proceedings

regarding the relief requested on April 12, 2021. Counsel for Assured, National, FGIC, and

Ambac indicated that they did not consent to the requested relief. At the time of filing, the

Committee did not receive responses from any other party, including the Oversight Board.

## NO PRIOR REQUEST

20.     No prior request for the relief requested herein has been made by the Committee to

this or to any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Committee respectfully requests the Court enter the Proposed Order

granting the Cross-Motion and grant the Committee such other relief as is just and proper.

Dated: April 13, 2021

/s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. (*Pro Hac Vice*)
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors*

– and –

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF

participants in this case.


Dated: April 13, 2021

*/s/ Luc A. Despins*
Luc A. Despins