# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.<br><br>WAL-MART PUERTO RICO, INC.<br>Proof of claim no. 160793<br><br>Respondent. | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br><br>THREE HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM (ERS) OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH AND ERS ARE NOT LIABLE. |

## WAL-MART'S OPPOSITION TO THE THREE HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE)

**TO THE HONORABLE COURT**:

COMES NOW respondent Wal-Mart Puerto Rico, Inc. ("Wal-Mart"), through the undersigned attorney, and respectfully prays and requests as follows:

## INTRODUCTION

On March 12, 2021, the Financial Oversight Board for Puerto Rico ("Fiscal Board"), as representative of the Commonwealth of Puerto Rico ("Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") filed the Three Hundred Third Omnibus Objection of the (SUBSTANTIVE) Commonwealth and ERS to claims for which the Commonwealth and ERS are not liable ("Omnibus Objection").

In entry no. 78 of Exhibit 1 to its Omnibus Objection, the Fiscal Board challenged proof of claim no. 160793 filed by Wal-Mart to recover $28,346,433 from the Commonwealth for overpayment of income taxes paid for the year ended on January 31, 2017. As grounds to object Wal-Mart's proof of claim, the Fiscal Board stated: "Proof of Claim asserts liability on the basis of a 2016[1] tax credit. The records of the Department of Treasury show such a credit of $28,346,433 has been applied to 2017 tax year liabilities."[2]

Wal-Mart respectfully requests to address the Omnibus Objection. We discuss the background of Wal-Mart's proof of claim, which will show that the Objection lacks any basis.

## BACKGROUND

### A. Puerto Rico's Alternative Minimum Tax and *Wal-Mart Puerto Rico, Inc. v. Juan C. Zaragoza-Gómez*, 174 F.Supp.3d 585 (D.P.R. 2016).

1. On December 4, 2015, Wal-Mart filed a complaint in the U.S. District Court for the District of Puerto Rico against the Puerto Rico Secretary of Treasury (the "Secretary"), challenging the legality of the alternative minimum tax ("AMT") as amended by the Commonwealth through Act No. 72 of May 29, 2015 ("Act 72").

2. The details of Act 72 are discussed in the Puerto Rico District Court's Opinion in *Wal-Mart Puerto Rico, Inc. v. Juan C. Zaragoza-Gómez*, 174 F.Supp.3d 585, 605-606 (2016). In essence, Act 72 increased the tax rate applicable to the AMT's component of the purchases of tangible property from a related party or

---

[1] Wal-Mart's has a fiscal taxable year ended on January 31. Therefore, references to year 2016 correspond to Wal-Mart's fiscal year ended on January 31, 2017.

[2] Corresponds to Wal-Mart's taxable year ended on January 31, 2018.

home office. Act 72 increased the maximum tax rate to 6.5% of the gross value of such purchases if the taxpayer's gross receipts derived from a trade or business in Puerto Rico were $2.75 billion or more. This augmented rate was applicable to a single taxpayer in Puerto Rico: Wal-Mart. As admitted by the Secretary of Treasury the "the top tax rate under the tangible property component of [the AMT] is a Wal-Mart tax only." See 174 F.Supp.3d at 609.3.

3. The amendments to the Puerto Rico Internal Code ("the Code") introduced by Act 72 were effective for taxable years commencing after December 31, 2014.[3] As required by the amendments incorporated by Act 72 to the Code, Wal-Mart paid the Commonwealth over $45,000,000 for ATM taxes during taxable year ended on January 31, 2016. These taxes were paid through estimated tax payments made by Wal-Mart for such taxable year. Wal-Mart then challenged the validity of Act 72 before the Puerto Rico District Court, as a violation of, *inter alia*, the Commerce Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and sought to enjoin the Puerto Rico Treasury Department from applying the ATM tax as amended by Act 72.

4. After an evidentiary hearing, the District Court granted the complaint and issued an injunction against the Secretary enjoining application of the AMT tax pursuant to the amendments incorporated to the Code by Act 72. *Wal-Mart,* 174 F.Supp.3d 585. In its opinion, the District Court concluded that it possessed subject-matter jurisdiction under the Butler Act, and that the AMT, as amended by Act 72,

---

[3] In Wal-Mart's situation the amendments applied for taxable year commencing on February 1, 2015 and ending on January 31, 2016.

violated the Dormant Commerce Clause, Federal Relations Act, and the Equal Protection Clause. See *Wal-Mart*, at pages 629-652. The Court ordered the Secretary and "all of his or her subordinates" to "stop all levying, collection and enforcement of the AMT under the enjoined subsections, including as an estimated payment under 13 L.P.R.A. §30263 and any other applicable sections."

5. The District Court's decision was affirmed by the United States Court of Appeals for the First Federal Circuit, *Wal-Mart Puerto Rico, Inc. v. Juan C. Zaragoza Gómez*, 834 F.3d 110 (1st Cir. 2016). By the time of the Appeal to the First Circuit, Congress had approved the Puerto Rico Oversight Management Act ("PROMESA"). In its decision, the Court of Appeals ruled that "PROMESA's stay provision does not apply to this case." 834 F.3d at 123.

### B. The Puerto Rico Treasury Department Administrative Determination 16-11 and Wal-Mart's credit for excess taxes paid claims

6. Act 72's amendments were effective for taxable years commencing after December 31, 2014. Wal-Mart's taxable year runs from February 1 to January 31. Accordingly, the unconstitutional AMT was imposed for the first time in Wal-Mart's Corporation Income Tax Return for the taxable year ended January 31, 2016. For year ended January 31, 2016, Walmart paid estimated income taxes considering the amendments to the Code under Act 72. This resulted in Wal-Mart incurring in a $32,199,321 income tax overpayment for such taxable year. Under the District Court's ruling, Wal-Mart could have demanded immediate reimbursement of the total amount it overpaid. Naturally, an immediate refund of Wal-Mart's

- 4 -

overpayment would have had an adverse effect on the finances of the Commonwealth of Puerto Rico, which were already strained at this time.

7. On September 30, 2016, after the First Circuit's decision affirming the injunction, the Secretary issued Administrative Determination 16-11 (the "AD 16-11") addressing the AMT for years taxable years 2015 and 2016, respectively. (Copy of AD 16-11 is enclosed as **Exhibit 1** to this Opposition).[4] AD 16-11 sought to "clarify the application of the AMT under Code sec. 1022.03 for taxable year 2016" and "establish the procedure for claiming as credit the excess taxes paid, if any, for taxable year 2015 in case of taxpayers that paid the AMT under subsection (b)(2) of Code sec. 1022.03." (Our translation) (See Statement of Motives).

8. Under AD 16-11, and pertinent to our discussion, taxpayers that paid the component of the AMT declared unconstitutional could elect to "use said excess as a payment in excess to be credited to the estimated tax for taxable year 2016." AD 16-11 also established that any excess income taxes paid through the amendments to the AMT, which were declared unconstitutional by the District Court, could not be claimed as a refund and that it could only be used "**for taxable year 2016 and subsequent taxable years until such excess is exhausted.**" (Our Translation) (Emphasis added).

9. As explained earlier, the amended AMT pursuant to Act 72 applied for the first time to Wal-Mart's taxable year commenced on February 1, 2015 and ending of January 31, 2016; therefore, the credit for excess income taxes paid by Wal-Mart

---

[4] This document is submitted in *Spanish*. On this same date, Wal-Mart is filing a motion requesting the Court to accept it in its original language and granting Wal-Mart the opportunity to submit an official translation.

applied for the taxable year commenced on February 1, 2016 and ending in January 31, 2017 in the amount of $32,199,92. As of January 31, 2017, the balance of the income tax overpayment was $28,346,433, as reported in Wal-Mart's proof of claim. Wal-Mart elected to have the income tax overpayment credited to the estimated tax for the year ended on January 31, 2017. On January 31, 2020, the balance of the income tax overpaid was $24,060,286 based on the Corporation Income Tax Returns of Wal-Mart filed with the Puerto Rico Treasury Department. Therefore, the conclusion of the Fiscal Board for the Omnibus Objection is incorrect because Wal-Mart's income tax overpayment was not completely used in 2017. The following table shows the balance of the excess income tax paid by Wal-Mart as of January 31, 2020.

| End | Beginning balance | Increase | Decrease | Balance end of taxable year | Credited to estimated tax for next year |
|---|---|---|---|---|---|
| 1/31/2016 | | | | $32,199,921 | $32,199,921 |
| 1/31/2017 | $32,199,921 | $3,020,453 | ($6,873,341) | 28,346,433 | 28,346,433 |
| 1/31/2018 | 28,346,433 | 3,178 | 0.00 | 28,349,611 | 28,349,611 |
| 1/31/2019 | 28,349,611 | 273 | (619,800) | 27,730,084 | 27,730,084 |
| 1/31/2020 | 27,730,084 | 44,684 | (3,714,482) | 24,060,286 | 24,060,286 |

10. Wal-Mart includes with this Opposition its tax returns for 2016-2020 as **Exhibits 2 (a)-(d)** of this Opposition, together with a declaration under Penalty of Perjury by Antonio Echevarría Villafañe, Wal-Mart's Senior Tax Manager, as **Exhibit 3**.

## CONCLUSION

11. The Fiscal Board's Omnibus Objection lacks merit. Wal-Mart's Proof of Claim no. 160793 should not be expunged from this proceeding. Wal-Mart accepted AD 16-11, which allowed Wal-Mart to credit the income tax overpayment resulting from the invalidation of the AMT as amended Act 72 to taxable years commencing after January 1, 2016 and thereafter "until such excess is exhausted."

WHEREFORE, Wal-Mart respectfully prays the Court to deny the Objection to its Proof of Claim.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 14th day of April 2021.

*/s/Antonio Bauzá-Santos*
ANTONIO BAUZÁ-SANTOS
USDC-PR NO. 229206
BAUZÁ BRAU IRIZARRY & SILVA
PO BOX 13669
SAN JUAN, PR 00908
TEL. (787) 710-8262/723-8758
FAX: (787) 282-3673
Email: antonio.bauza@bioslawpr.com

*Counsel for Respondent*
*Wal-Mart Puerto Rico, Inc.*