

CPA Juan C. Zaragoza Gómez
Secretario

30 de septiembre de 2016

**DETERMINACIÓN ADMINISTRATIVA NÚM. 16-11**

**ATENCIÓN:** CONTRIBUYENTES SUJETOS A LA CONTRIBUCIÓN ALTERNATIVA MÍNIMA

**ASUNTO:** CONTRIBUCIÓN ALTERNATIVA MÍNIMA PARA AÑOS CONTRIBUTIVOS 2015 Y 2016

I. **Exposición de Motivos**

La Sección 1022.03(a) del Código de Rentas Internas de Puerto Rico de 2011, según enmendado ("Código") impone a las corporaciones una contribución alternativa mínima ("CAM") equivalente al exceso, si alguno, de la Contribución Mínima Tentativa ("CMT") para el año contributivo sobre la contribución regular para dicho año contributivo.

Conforme a la Sección 1022.03(b) del Código, la CMT se computa a base del mayor de los dos (2) componentes estatuidos en los párrafos (1) y (2) de dicha Sección. En específico, la Sección 1022.03(b)(2) del Código establece que el segundo componente de la CMT consiste en la suma de las siguientes partidas:

- El veinte por ciento (20%) sobre aquella cantidad que represente gastos incurridos o pagados a una persona relacionada, si dichos gastos son atribuibles a la explotación de una industria o negocio en Puerto Rico y no están sujetos a contribución sobre ingresos o a retención en el origen bajo el Código en el año contributivo en el cual se incurren o pagan, y aquella cantidad que represente la transferencia de costos o la asignación de gastos de una oficina principal ("*Home Office*") localizada fuera de Puerto Rico a una sucursal ("*Branch*") si dicha partida no estuvo sujeta a contribución sobre ingresos bajo el Subtítulo A del Código (en adelante, "Partida de Gastos"); más,

- El monto que surja al aplicar el por ciento correspondiente, conforme a la Sección 1022.03(b)(2)(B)(i)(II) del Código, al valor de las compras de propiedad mueble de una persona relacionada y el monto que surja al aplicar el por ciento que se indica en la sección antes mencionada a la transferencia de propiedad mueble de una oficina principal ("*Home Office*") localizada fuera de Puerto Rico a una sucursal ("*Branch*") dedicada a industria o negocio en Puerto Rico (en adelante, "Partida de Propiedad Mueble").

Determinación Administrativa Núm. 16-11
30 de septiembre de 2016
Página 2

Finalmente, la Sección 1022.03(d) del Código provee una serie de excepciones a la aplicación de la CMT sobre la Partida de Propiedad Mueble de la Sección 1022.03(b)(2)(B) del Código.

El pasado 28 de marzo de 2016, el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico ("Tribunal de Distrito") emitió una Orden y Opinión ("Sentencia") adjudicando el caso *Wal-Mart Puerto Rico, Inc. v. Juan C. Zaragoza Gómez, Civil No. 3:15-cv-03018 (JAF)*. Como parte de la Sentencia, el Tribunal de Distrito declaró inválida la Sección 1022.03(b)(2) del Código e impuso un interdicto (el "Interdicto") contra el Secretario de Hacienda ("Secretario") prohibiendo el cobro de contribuciones bajo dicha sección. El Tribunal de Distrito también decretó inválido el apartado (d) de la Sección 1022.03 del Código. Conforme al Interdicto, el Secretario no podrá imponer o aplicar el segundo componente de la CMT dispuesto en la Sección 1022.03(b)(2) del Código como parte del cómputo de la CAM. Del mismo modo, el Interdicto sería extensivo al pago de las contribuciones estimadas por concepto de la CAM computado según la Sección 1022.03(b)(2) del Código. No obstante, el Tribunal de Distrito sostuvo la validez del primer componente de la CAM dispuesto en la Sección 1022.03(b)(1) del Código.

Posteriormente, el 24 de agosto de 2016, el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito ("Tribunal de Apelaciones") confirmó la Sentencia del Tribunal de Distrito sosteniendo el Interdicto y la invalidez de los apartados (b)(2) y (d) de la Sección 1022.03 del Código. El Secretario de Hacienda y el Secretario de Justicia han expresado públicamente que el gobierno no apelará la decisión.

A tenor con la Sentencia, el Departamento de Hacienda ("Departamento") emite esta Determinación Administrativa con el propósito de: (1) aclarar la aplicabilidad de la CAM bajo la Sección 1022.03 del Código para el año contributivo 2016; y (2) establecer el procedimiento para reclamar como crédito las contribuciones pagadas en exceso, si alguna, para el año contributivo 2015 en el caso de contribuyentes que pagaron la CAM bajo el apartado (b)(2) de la Sección 1022.03 del Código.

II. Determinación

### A. Contribución Alternativa Mínima computada a base de la Contribución Mínima Tentativa para años contributivos comenzados a partir del 1 de enero de 2016

El Departamento determina que ningún contribuyente sujeto a la CAM impuesta por la Sección 1022.03(a) del Código tendrá que computar el segundo componente de la CMT dispuesto en la Sección 1022.03(b)(2) del Código para los años contributivos comenzados a partir del 1 de enero de 2016. Es decir, el contribuyente no tendrá que computar la suma de la Partida de Gastos y la Partida de Propiedad Mueble, al momento de determinar la CMT para el año contributivo 2016.


Secretario de Hacienda

Determinación Administrativa Núm. 16-11
30 de septiembre de 2016
Página 3

No obstante, conforme a la Sección 1022.03(b)(1) del Código, para años contributivos comenzados a partir del 1 de enero de 2016, los contribuyentes sujetos a la CAM impuesta por la Sección 1022.03(a) del Código deberán determinar su CMT computando exclusivamente el treinta por ciento (30%) del monto por el cual el ingreso neto alternativo mínimo para el año contributivo exceda el monto exento, reducido por el crédito alternativo mínimo por contribuciones pagadas al extranjero para dicho año.

A tenor con lo anterior, el Anejo A Corporación, "Contribución Alternativa Mínima", aplicable al año contributivo 2016, será modificado de acuerdo al resultado de la decisión del Tribunal de Apelaciones. Cabe señalar que dicho anejo *no* podrá ser utilizado para años contributivos anteriores al año contributivo 2016.

### B. Contribución Estimada para el año contributivo 2016

La Sección 1061.23 del Código impone la obligación de pagar una contribución estimada para el año contributivo, incluyendo la CAM, a toda corporación dedicada a industria o negocio en Puerto Rico sujeta a las contribuciones impuestas por el Subtítulo A del Código.

Conforme a lo discutido en la Parte II, Sección (A) de esta Determinación Administrativa, los contribuyentes sujetos a la CAM cuyos plazos para el pago de la contribución estimada para el año contributivo 2016 aún no hayan vencido, no tendrán que incluir el segundo componente de la CMT establecido en la Sección 1022.03(b)(2) del Código en el cómputo de la contribución estimada. Por su parte, cualquier porción de los plazos de la contribución estimada que haya sido pagada para el año contributivo 2016 y sea atribuible al segundo componente de la CMT establecido en la Sección 1022.03(b)(2) del Código podrá ser aplicado completamente contra la contribución sobre ingreso del contribuyente para dicho año.

Por tanto, al momento de calcular la CMT para propósitos de la contribución estimada, los contribuyentes deberán determinar su CMT para el año contributivo comenzado a partir del 1 de enero de 2016 computando exclusivamente la suma de las partidas establecidas en la Sección 1022.03(b)(1) del Código. Aquellos contribuyentes cuyos plazos de contribución estimada ya transcurridos y depositados para el año contributivo 2016, sean igual o mayor a la cantidad de contribución estimada determinada sin incluir el computo establecido en la Sección 1022.03(b)(2) del Código, no estarán obligados a realizar los pagos de los plazos restantes de contribución estimada para dicho año contributivo.

### C. Contribución Alternativa Mínima computada a base de la Contribución Mínima Tentativa para el año contributivo 2015

El Departamento ha determinado que todo contribuyente que estuvo sujeto a la CAM impuesta por la Sección 1022.03(a) del Código por razón del segundo componente de la CMT de la Sección 1022.03(b)(2) del Código en la Planilla de Contribución sobre Ingresos del año contributivo 2015, tendrá derecho a determinar la CAM para dicho año sin considerar el segundo componente de la CMT establecido en la Sección 1022.03(b)(2) del Código. Si el monto del CAM pagado con la planilla original radicada para el año contributivo 2015 fuere



Secretario de Hacienda

mayor al CAM revisado, el contribuyente tendrá derecho a un crédito por la cantidad pagada en exceso para dicho año contributivo.

Para determinar si el contribuyente pagó contribuciones en exceso en el año contributivo 2015, el contribuyente deberá determinar la CAM revisada para dicho año computando la CMT exclusivamente según lo dispuesto en la Sección 1022.03(b)(1) del Código. Una vez determinada la CMT revisada para el año contributivo 2015, a tenor con lo establecido en esta Determinación Administrativa, de haber una reducción en el exceso entre la CMT y la contribución regular, o de eliminarse por completo dicho exceso, el contribuyente tendrá derecho a un crédito por la contribución pagada en exceso, si alguna.

Todo contribuyente que tenga derecho al crédito por concepto de la CAM pagada en exceso, basado en los cómputos establecidos en la Sección 1022.03(b)(2) del Código, podrá optar por:

(1) utilizar dicho exceso como un crédito de Contribución Alternativa Mínima en años subsiguientes, sujeto a las limitaciones dispuestas en la Sección 1051.02 del Código; o

(2) utilizar dicho exceso como un pago en exceso acreditable a la contribución estimada del año contributivo 2016.

Aquellos contribuyentes que deseen optar por tratar el exceso de la CAM pagado como un pago en exceso aplicable a la contribución estimada del año contributivo 2016, deberán presentar una Planilla de Contribución sobre Ingresos *enmendada* para el año contributivo 2015. Dicha planilla debe ser radicada junto con el nuevo Formulario 483.3, "Formulario de Trámite Anejo A Corporación – Parte V Año Contributivo 2015" debidamente completado y firmado por un oficial de la corporación y en los casos que aplique, por el Especialista en Planillas que haya preparado la planilla enmendada. El Formulario 483.3, está disponible a través de nuestra página de Internet: www.hacienda.pr.gov, bajo el área de Planillas, Formularios y Anejos.

Cabe señalar que la porción del pago en exceso que surja de la radicación de una planilla enmendada para el año contributivo 2015 atribuible a la CAM pagada en exceso por motivo del cómputo de la Sección 1022.03(b)(2) del Código, no podrá ser reclamada como reintegro. Dicho pago en exceso podrá ser reclamado únicamente como un crédito por pago en exceso de años anteriores en la Planilla de Contribución sobre Ingresos del año contributivo 2016, y años subsiguientes, hasta que dicho exceso sea agotado.

Por otro lado, aquellos contribuyentes cuya Planilla de Contribución sobre Ingresos para el año contributivo 2015 todavía no ha sido radicada, y a los cuales, previo a la Sentencia, les hubiera aplicado el cómputo establecido en la Sección 1022.03(b)(2) del Código, también deberán radicar dicha planilla junto con el nuevo Formulario 483.3 debidamente completado.

Asimismo, el nuevo Formulario 483.3 deberá ser completado y entregado en cualquiera de los Centros de Servicios al Contribuyente del Departamento en caso de que el contribuyente haya recibido alguna notificación de ajuste con relación a este particular.



Secretario de Hacienda

Determinación Administrativa Núm. 16-11
30 de septiembre de 2016
Página 5

### D. Correlación entre las Secciones 1022.03(b)(2)(A) y la Sección 1033.17(a)(17) del Código

El Departamento ha recibido varias consultas sobre la limitación dispuesta en la Sección 1033.17(a)(17) del Código relacionada con la deducción de gastos pagados o a ser pagados por un contribuyente a una persona relacionada que no lleva a cabo negocios en Puerto Rico o a la oficina principal ("*Home Office*") localizada fuera de Puerto Rico por la sucursal ("*Branch*") que está dedicada a industria o negocio en Puerto Rico. Dicha sección dispone que el cincuenta y un por ciento (51%) de dichos gastos no constituyen una partida deducible al determinar el ingreso neto sujeto a contribución sobre ingresos.

Cabe señalar que la Sentencia del Tribunal de Distrito y la confirmación del Tribunal de Apelaciones solamente inciden en el cómputo de la CAM y no en la limitación de la deducción dispuesta en la Sección 1033.17(a)(17) del Código. Por tanto, dicha limitación continúa vigente.

## III. Vigencia

Las disposiciones de esta Determinación Administrativa tienen vigencia inmediata. No obstante, las disposiciones respecto al cómputo de la Contribución Alternativa Mínima de la Sección 1022.03(b)(2) del Código tienen efecto retroactivo a los años contributivos comenzados a partir del 1 de enero de 2015.

Para información adicional sobre las disposiciones de esta Determinación Administrativa, puede comunicarse al (787) 722-0216, opción 8.

Cordialmente,

*Juan Zaragoza Gómez* (firma)
Juan Zaragoza Gómez

Anejo


Secretario de Hacienda