UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors. | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br><br>THREE HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM (ERS) OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS FOR WHICH THE COMMONWEALTH AND ERS ARE NOT LIABLE. |
| WAL-MART PUERTO RICO, INC.<br>Proof of claim no. 160793<br><br>Respondent. | |

**STATEMENT UNDER PENALTY OF PERJURY**

I, Antonio Echevarría Villafañe, of legal age, married, Senior Tax Manager, and resident of Carolina, Puerto Rico, under penalty of perjury as allowed by 28 U.S.C. §1746, declare:

1. My personal circumstances are as aforestated.

2. I am the Senior Tax Manager of Wal-Mart Puerto Rico, Inc. ("Wal-Mart").

3. I have personal knowledge of the claim informed to this Honorable Court on July 6, 2018, through Proof of Claim No. 160793. The asserted claim is in the amount of $28,346,433.

4. I have read and I am familiar with the Opposition to the Three Hundred Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico ("Commonwealth") and Employees Retirement System ("ERS") of the

Government of the Commonwealth to Claims for which the Commonwealth and ERS are Not Liable (the "Omnibus Objection") (the "Opposition") to which this statement is attached. The facts expressed by Wal-Mart in said Opposition are correct and true.

5. That the asserted claim results of the imposition of the Alternative Minimum Tax ("AMT") on Wal-Mart on amounts representing expenses incurred or paid to a related person, amounts representing the transfer of costs or the allocation of expenses of a home office located outside of Puerto Rico, and the value of the purchases of personal property from a related person under Section 1022.03(b)(2) (A) and (B) of the Puerto Rico Internal Revenue Code of 2011, as amended by Act No. 72 of May 29, 2015. That said provisions were declared unconstitutional by the United States Circuit Court for the District of Puerto Rico in the judgment of *Wal-Mart Puerto Rico, Inc. v. Juan C. Zaragoza Gómez*, 174 F.Supp.3d 585 (2016), and affirmed by the United States Court of Appeals for the First Circuit in *Wal-Mart Puerto Rico, Inc. v. Juan C. Zaragoza Gómez*, 834 F.3d 110 (2016).

6. That for the taxable year ended January 31, 2016, Wal-Mart made the payments of the AMT as required by Section 1022.03(b)(2) (A) and (B) of the Puerto Rico Internal Revenue Code of 2011, as amended by Act No. 72 of May 29, 2015.

7. As a result of the judgment, Wal-Mart made payments of income taxes in excess of its tax obligation in the amount of $32,199,921 as reflected in its Puerto Rico Corporation Income Tax Return for the taxable year ended

January 31, 2016. That Wal-Mart elected to have such excess income tax payments to the estimated income taxes for the taxable year ended January 31, 2017.

8. That the balance of such excess payment, as shown in Wal-Mart's Corporation Income Tax Return for the taxable year ended January 31, 2020, was $24,060,286.

9. The facts expressed herein are true and personally known to me.

EXECUTED ON THIS __14__ TH DAY OF APRIL 2021, in San Juan, Puerto Rico.

_____
Antonio Echevarría Villafañe
Senior Tax Manager
WAL-MART PUERTO RICO, INC.