**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>　　as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br>　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: Docket No. 73,613<br>THIS PLEADING RELATES ONLY TO THIS TITLE III CASE |

**Preliminary Response to Objection to Claim and Request for Additional Time**

COMES NOW, AstraZeneca Pharmaceuticals, LP ("APL"), through the undersigned counsel, and hereby submits the following response to the *Three Hundred and Three Omnibus Objection* (the "Objection") (Docket No. 16,030):

**I.     Identity of the Movant and its Contact Information.**

　　AstraZeneca Pharmaceuticals, LP
　　c/o McConnell Valdez, LLC
　　Attn. Nayuan Zouairabani, Esq.
　　P.O. Box 364225
　　San Juan, PR 00936-4225
　　Telephone: (787)250-5619
　　Facsimile: (787)759-8282

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("CMW") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801).

**II. Motion from which Movant Seeks Relief.**

APL is requesting additional time to respond. In the alternative, APL is requesting that the Objection filed by the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), against APL's Proof of Claim No. 73,613, filed on 6/29/2018 for $2,436,025.00 (the "APL Claim"), be denied or clarified for the reasons set forth below:

**III. Cause as to Why the *Three Hundred Three Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Asserting Amounts for which the Commonwealth and ERS is not Liable* (Docket No. 16,030) should be denied or clarified.**

> A proof of claim, filed pursuant to 11 U.S.C. § 501, is deemed allowed unless a party in interest objects. It is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. 3001(f). *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–4 (3d Cir.1992); *Raj Singh v. Mariner Post–Acute Network, Inc.* (*In re Mariner Post–Acute Network, Inc.*), 2005 U.S. Dist. LEXIS 13673, *4 (D.Del. July 8, 2005). If a party in interest wishes to object, the objector needs to overcome the presumption of validity through submission of evidence. *Id.* If the objecting party advances sufficient evidence to challenge the validity of the proof of claim, the burden shifts back to the claimant to prove the claim's validity by a preponderance of the evidence. *Id.*

*In re Rafter*, 2007 WL 1591880, at *2 (Bkrtcy.D.N.J. 2007).

Pursuant to Section 501 of the Bankruptcy Code, the Commonwealth is required to overcome the presumption of validity of APL's proof of claim through the submission of evidence. If such presumption is rebutted, then the burden of proof shifts to APL to prove the validity of the claim.

-2-

In Attachment A to the APL Claim, APL stated that the $2,436,025.00 income tax credit was to be applied against its *income tax* liability for taxable year 2017 (*see* Docket 16,030). Debtor's Objection states that the APL Claim should be disallowed because it was applied to a 2017 tax liability (*see* Docket 16,030-1); however, it does not specify to which type of tax liability it was applied and does not attach any evidence. Therefore, the Commonwealth has not met its burden to overcome the presumption of validity of the APL Claim in accordance with 11 U.S.C. § 501 and Fed. R. Bankr. P. 3001(f).

Moreover, APL clarifies that (if in fact the tax credit was applied against its *income tax* liability for taxable year 2017 by the Puerto Rico Department of the Treasury) then the claim has been paid *as of this date*; however, APL needs to clarify that the payment occurred post-petition. It did not occur before the filing of the Commonwealth's Title III Petition. Therefore, the APL Claim constituted a valid pre-petition debt as of the date the Title III Petition was filed and is not a claim for which the Commonwealth was not liable as of the date of filing of the Title III Petition, as creditor claims are generally determined as of date of filing. 11 U.S.C. § 502(b); *In re Camp*, 78 B.R. 58, 64 (Bankr.E.D.Pa. 1987), as supplemented, 80 B.R. 347; *In re Henry,* 183 B.R. 748 (Bkrtcy.N.D.Tex.1995); *In re Waterman*, 248 B.R. 567, 573, (8th Cir.BAP 1999); *In re Commercial Millwright Service Corp.*, 245 B.R. 585, 589, (Bkrtcy.N.D.Iowa, 1996),

Nevertheless, APL does not dispute that (once APL is provided confirmation that the tax credit has in fact been applied by the Puerto Rico Department of the Treasury to the estimated tax for the year 2017, as stated in Attachment A to the APL Claim) the claim has been paid *as of this date*; and of this date, (if the tax credit has been applied) then the Commonwealth is no longer liable for APL's claim. Therefore, once APL is provided confirmation by the Board that the tax credit has been applied, APL clarifies that payment

occurred post-petition and was a valid payment of a valid claim and is not opposed to the disallowance of the APL Claim on the basis that the Commonwealth is no longer liable for the aforementioned reasons.

Based on the above, APL contacted the Board to request the required information and/or request additional time to obtain the required information from the Commonwealth. However, at this time, APL does not know how much time it will take to obtain said information from the Board or the Commonwealth. Accordingly, APL needs additional time of not less than 14 days to obtain the required information from the Board or the Commonwealth and either supplement or withdraw this objection, subject to the clarification above. APL also needs this matter to be adjourned to the next Omnibus Hearing.

**WHEREFORE**, AstraZeneca Pharmaceuticals, LP, respectfully requests that this Honorable Court grant APL 14 days of additional time to obtain the required information and either supplement or withdraw this objection and that this matter be adjourned to the next Omnibus Hearing or, in the alternative, deny or clarify the *Three Hundred Three Omnibus Objection to Claims* (Docket No. 8960) with respect to the APL Claim and (1) determine that APL Claim was a valid pre-petition claim; (2) order the Commonwealth to clarify that the APL Claim was validly applied post-petition, and was a valid payment of a valid claim and, therefore, will not receive any disbursement under the Commonwealth's plan of adjustment; and (3) grant any other relief that may appropriate in law or equity.

-5-

**I HEREBY CERTIFY** that the foregoing has been filed with the Court's CM/ECF which will automatically send an exact copy to all parties so subscribed on this 14th day of April, 2021.

RESPECTFULLY SUBMITTED.

In San Juan, PR, this 14th day of April, 2021.

**MCCONNELL VALDÉS LLC**
*Attorneys for APL Indemnity Corporation*
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
Telephone: 787-250-5619/5675
Facsimile: 787-759-8282

By: *s/Monique Díaz-Mayoral*
Monique Díaz-Mayoral
USDC No. 225712
Email: mjd@mcvpr.com