# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |

---

[1] The Debtors in these jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00004-LTS<br><br>PROMESA<br>Title III |
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Movant,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00005-LTS<br><br>PROMESA<br>Title III |

**OBJECTION OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO URGENT MOTION REQUESTING ENTRY OF ORDER SETTING BRIEFING SCHEDULE AND HEARING ON OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT CROSS-MOTION FOR STAY RELIEF FOR LEAVE TO FILE LIMITED OBJECTION, OR IN THE ALTERNATIVE, TO INTERVENE (ECF NO. 16404)**

Assured Guaranty Corp. ("AGC"), Assured Guaranty Municipal Corp., ("AGM", and together with AGC, "Assured"), and National Public Finance Guarantee Corporation ("National"), solely in their capacities as defendants in the above-captioned adversary proceedings (in such capacity, the "Defendants"),[2] hereby submit this objection (the "Objection") to the *Urgent Motion Requesting Entry of Order Setting Briefing Schedule and Hearing on Official Committee of Unsecured Creditors' Urgent Cross-Motion for Stay Relief for Leave to File Limited Objection or, in the Alternative, to Intervene* (ECF No. 16404, the "Committee Scheduling Motion"), and respectfully state as follows:[3]

## PRELIMINARY STATEMENT

1. The Committee's request for a shortened notice period and an expedited hearing with respect to the Cross-Motion should be denied for several independent reasons.

2. First, the Committee has failed to show "cause" for its requested reduction of the notice period under Federal Rule of Bankruptcy Procedure Rule 9006(c)(1) ("Rule 9006(c)(1)"), because the purported emergency on which it bases its request for expedited relief was of its own making.

3. Second, the Committee Scheduling Motion fails even to address prejudice to Defendants and other parties in interest, as required to make a showing of "cause" under Rule

---

[2] On February 22, 2021, Assured and National conditionally joined a plan support agreement (the "PSA") "solely in their capacities as insurers, and asserted holders, deemed holders, or subrogees with respect to GO Bonds and PBA Bonds," each as defined in the PSA. For the avoidance of doubt, Assured and National do not file this Objection in their capacities as insurers, and asserted holders, deemed holders, or subrogees with respect to GO Bonds and PBA Bonds.

[3] Capitalized terms used in this Objection but not defined herein shall have the meanings ascribed to them in the Committee Scheduling Motion or the Cross-Motion, as applicable. Unless otherwise indicated, ECF numbers referenced in this Objection refer to the docket in Case Number 17-3283-LTS.

1

9006(c)(1), and Defendants and other parties would in fact be prejudiced by a reduction of time to prepare for a hearing on the Cross-Motion.

4. <u>Third</u>, the Cross-Motion is entirely dependent on FOMB's related motion seeking relief from the stay, and will become moot to the extent FOMB's motion is denied. As a result, the Cross-Motion is not currently ripe, and may never become ripe, and any consideration of the Cross-Motion should be denied or deferred pending a ruling on FOMB's related motion.

5. For all of these reasons and the additional reasons set forth below, the Committee Scheduling Motion should be denied.

## BACKGROUND

6. Defendants insure approximately $2.2 billion of revenue bonds (collectively, the "<u>Revenue Bonds</u>") issued by (i) HTA, (ii) the Puerto Rico Convention Center District Authority ("<u>CCDA</u>"), and (iii) the Puerto Rico Infrastructure Financing Authority ("<u>PRIFA</u>").[4]

7. On January 16, 2020, the Financial Oversight and Management Board for Puerto Rico ("<u>FOMB</u>") filed complaints (the "<u>Revenue Bond Complaints</u>") commencing the above-captioned adversary proceedings (the "<u>Revenue Bond Adversary Proceedings</u>"). The Revenue Bond Complaints seek disallowance of Defendants' claims against the Commonwealth related to the Revenue Bonds.

---

[4] Under the applicable insurance agreements and insurance policies, Defendants are deemed to be the sole holders of the bonds that they insure for purposes of, or otherwise have control rights over, consents and other bondholder actions. Under the applicable bond resolutions, trust agreements, insurance agreements, and/or insurance policies, Defendants are also recognized as third-party beneficiaries. In addition, Defendants have also collectively paid hundreds of millions of dollars in claims under their policies insuring the Revenue Bonds. Defendants are now fully subrogated to the rights of the insured holders of the Revenue Bonds for the claims they have paid.

8. On February 11, 2020, the Official Committee of Unsecured Creditors (the "Committee") filed a motion to intervene in the Revenue Bond Adversary Proceedings. See Adv. Proc. No. 20-3-LTS, ECF No. 9; Adv. Proc. No. 20-4-LTS, ECF No. 11; Adv. Proc. No. 20-5-LTS, ECF No. 9.

9. On March 2, 2020, the Court entered orders granting the Committee limited intervention rights in the Revenue Bond Adversary Proceedings. See Adv. Proc. No. 20-3-LTS, ECF No. 27; Adv. Proc. No. 20-4-LTS, ECF No. 25; Adv. Proc. No. 20-5-LTS, ECF No. 37.

10. On March 10, 2020, the Court entered its *Final Case Management Order for Revenue Bonds* (ECF No. 12186, the "Final Revenue Bonds Order"). The Final Revenue Bonds Order authorized FOMB to seek summary judgment with respect to certain, limited counts of the Revenue Bond Complaints, but otherwise generally stayed the Revenue Bond Adversary Proceedings. The Final Revenue Bonds Order provided that "Parties may seek relief from any stay imposed by this Order upon a showing of good cause." Id. ¶ 10. The Final Revenue Bonds Order further stated that "The Court reserves the right to deny any such application summarily." Id.

11. On April 6, 2021, FOMB filed the *Motion of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board, for Stay Relief Granting Leave to Prosecute Further Motions for Summary Judgment* (ECF No. 16326, the "FOMB Stay Relief Motion"). The FOMB Stay Relief Motion sought relief from the stay imposed by the Final Revenue Bonds Order to permit FOMB to file additional summary judgment motions with respect to additional counts of the Revenue Bond Complaints.

12. On April 13, 2021, the Committee filed the Cross-Motion (ECF No. 16403) and the Committee Scheduling Motion.

3

**OBJECTION**

**I.    The Committee Is Not Entitled To A Reduction Of The Notice Period, Because The Purported Emergency Is Of The Committee's Own Making.**

13.    Under this Court's *Fourteenth Amended Notice, Case Management, and Administrative Procedures* (ECF No. 15894-1, the "Case Management Procedures"), the general rule is that "Pleadings shall not be considered unless filed and served in accordance with the Case Management Procedures at least twenty-two (22) calendar days before the next applicable hearing date." Case Management Procedures § III.G. The Committee missed this 22-day deadline, instead filing the Cross-Motion only 15 days before the April 28 hearing at which the Committee now asks for the Cross-Motion to be heard.

14.    In the Committee Scheduling Motion, the Committee moves for an exception to the 22-day deadline pursuant to Rule 9006(c)(1). See Committee Scheduling Motion ¶ 5. Rule 9006(c)(1) authorizes a court, in its discretion, to reduce the notice period "for cause shown." In exercising its discretion under Bankruptcy Rule 9006(c), "a court must consider, primarily, the *prejudice* that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening the period." In re Grant Broad. of Philadelphia, Inc., 71 B.R. 390, 397 (Bankr. E.D. Pa. 1987); see also, e.g., In re Philadelphia Newspapers, LLC, 690 F.3d 161, 171 (3d Cir. 2012).

15.    Crucially, however, in order for a reduction of a notice period or an expedited hearing to be granted under Rule 9006(c)(1), "it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making." In re Villareal, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) (holding that movants failed to show cause for expedited relief because "cause is not shown when the cause for expedited hearing is of the movant's own making".); see also, e.g., In re Schindler, Case No. No. 09–71199–

4

ast, 2011 WL 1258531, at *2 (Bankr. E.D.N.Y. Mar. 31, 2011); In re Fort Wayne Assocs., Case No. 97-10378, 1998 WL 928419, *1 (Bankr. N.D.Ind. Dec.16, 1998). Accordingly, a reduction of the notice period and an expedited hearing should not be granted where, as here, a purported "emergency" was brought about "solely by the dalliance" of the movant's counsel. Off. Comm. of Disputed Litig. Creditors v. McDonald Inv., Inc., 42 B.R. 981, 987 (N.D. Tex. 1984)).

16. The Committee Scheduling Motion presents the classic case in which a purported emergency is the result of the movant's own "dalliance" or delay, and where relief under Rule 9006(c)(1) is therefore not appropriate. The Committee knew that FOMB planned to file the FOMB Stay Relief Motion in accordance with the 22-day deadline in the Case Management Procedures, and the Committee could have sought the same relief sought by the Cross-Motion at the same time and on the same schedule in accordance with the Case Management Procedures. The fact that the Committee chose not to act in a timely manner is not a reason to now prejudice Defendants and other parties by imposing a truncated schedule that provides them insufficient time to prepare for any hearing on the Cross-Motion.

17. Specifically, Committee counsel were included on an April 1, 2021 email from FOMB counsel (attached hereto as "Exhibit A") to which FOMB's counsel attached a detailed letter (attached hereto as "Exhibit B") setting forth FOMB's intent to seek stay relief in order to move for summary judgment on additional counts of the Revenue Bond Complaints. The Committee therefore had advance and particularized notice of FOMB's intended motion and its contents 5 days before the April 6 filing deadline, and could easily have prepared a motion seeking the relief it now seeks in the Cross-Motion in time for filing on April 6 in compliance with the Case Management Procedures.

5

18. Furthermore, on April 2, 2021, the day after FOMB sent its meet and confer letter, Committee counsel and other recipients of FOMB's letter participated in a meet and confer call with FOMB's attorneys during which FOMB's attorneys specifically confirmed that they intended to file the FOMB Stay Relief Motion in accordance with the normal deadlines under the Case Management Procedures in order to allow it to be heard at the April 28, 2021 omnibus hearing. This April 2 call provided Committee counsel with additional advance and particularized notice that FOMB intended for its motion to be heard at the April 28 hearing, and thereby put the Committee on notice that it should file its motion by April 6 if it wished for that motion to be heard together with FOMB's at the April 28 hearing. The Committee nonetheless made the affirmative choice not to do so.

19. Even if the Committee were to argue that it wanted to see the complete FOMB Stay Relief Motion, rather than only FOMB's meet and confer letter, before filing its Cross-Motion, it should be noted that the Committee waited an entire week after the FOMB Stay Relief Motion was filed to file the Cross-Motion, thereby needlessly compounding the prejudice to Defendants from the untimely filing. The Committee provides no excuse or justification for delaying in this manner, and as a result, the Committee Scheduling Motion should be denied.

II. **The Committee Scheduling Motion Should Be Denied, Because It Fails Even To Address The Resulting Prejudice To Defendants And Other Parties.**

20. In order for a movant to be entitled to a shortened notice period or an expedited hearing under Rule 9006, it is also necessary for the motion to "address the question of *prejudice* to other parties otherwise entitled to notice," because "the principal victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest." Villareal, 160 B.R. at 788; see also, e.g., In re A.H. Coombs, LLC, Case No. BR 16-25559, 2016 WL 7985367, at *3 (Bankr. D. Utah Dec. 22, 2016). Here, the Committee Scheduling

6

Motion fails even to address prejudice to Defendants or other parties. Therefore, the Committee has failed to carry its burden under Rule 9006(c)(1).

21. The Committee's delay in filing the Cross-Motion is prejudicial to Defendants and other parties in that (i) the Committee's requested schedule would reduce by at least a week Defendants' and other parties' time to prepare to respond to the Cross-Motion at the April 28 hearing, a hearing date already filled with other motions and other submission deadlines leading up to the hearing date, and (ii) it has forced Defendants to waste time, money, and other resources on briefing the Committee Scheduling Motion, including in preparing this Objection, which would have been unnecessary if the Committee had simply complied with the Case Management Procedures. Given this clear prejudice, and the Committee's failure even to address it in the Committee Scheduling Motion, the Committee Scheduling Motion should be denied.

### III. The Cross-Motion Is Not Ripe, And Will Never Become Ripe To The Extent The FOMB Stay Relief Motion Is Denied.

22. Importantly, the relief requested in the Cross-Motion is entirely dependent on the relief requested in the FOMB Stay Relief Motion. Specifically, the Cross-Motion requests only that the Committee be permitted to file claim objections and/or summary judgment briefing with respect to the "same claims that will be addressed in the Motions for Partial Summary Judgment" that FOMB proposes to bring in the FOMB Stay Relief Motion. See Cross-Motion ¶ 2. Therefore, to the extent the FOMB Stay Relief Motion is denied, the relief requested in the Cross-Motion will also become moot. Accordingly, consideration of the relief requested in the Cross-Motion will not even be ripe until it is first known whether the FOMB Stay Relief Motion will be denied or granted.

23. In the past, this Court has declined to consider issues that were not ripe. See, e.g., ACP Master Ltd. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd for P.R.), 300

7

F.Supp.3d 328 (D.P.R. 2018), aff'd 919 F.3d 638 (1st Cir. 2019) (declining to consider unripe claims and claims based upon a "hypothetical set of facts"); ECF No. 6891 at 6 (denying relief that was conditioned on "future events that may or may not occur"); In re Fin. Oversight & Mgmt. Bd. for P.R., 485 F.Supp.3d 351, 359 (D.P.R. 2020), aff'd 989 F.3d 170 (1st Cir. 2021) (declining a request for relief that was based on concerns that "do not currently exist and may never materialize."). The Court should apply the same principle here and decline to consider the Cross-Motion until such time as it is known whether the relief it requests is ripe or will ever become ripe. In the event the relief requested in the Cross-Motion becomes ripe at some point, the Court can hear the Cross-Motion at the next omnibus hearing, or set a separate hearing for that purpose. Putting off a hearing on the Cross-Motion in this manner, if a hearing is needed at all, will also reduce prejudice to Defendants and other parties in interest by obviating the need for them to brief the unripe Cross-Motion in the interim.

## CONCLUSION

24. WHEREFORE, the Committee Scheduling Motion should be denied.

Dated: April 14, 2021
New York, New York

| | |
|---|---|
| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |

*/s/ Heriberto Burgos Pérez*  
    Heriberto Burgos Pérez  
    USDC-PR No. 204,809  
    Ricardo F. Casellas-Sánchez  
    USDC-PR No. 203,114  
    Diana Pérez-Seda  
    USDC–PR No. 232,014  
    E-mail: hburgos@cabprlaw.com  
            rcasellas@cabprlaw.com  
            dperez@cabprlaw.com  

P.O. Box 364924  
San Juan, PR 00936-4924  
Tel.: (787) 756-1400  
Fax: (787) 756-1401  

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**  
By: */s/ Eric Pérez-Ochoa*  
    Eric Pérez-Ochoa  
    (USDC-PR No. 206314)  
    Email: epo@amgprlaw.com  

By: */s/ Luis A. Oliver-Fraticelli*  
    Luis A. Oliver-Fraticelli  
    (USDC-PR No. 209204)  
    Email: loliver@amgprlaw.com  

208 Ponce de Leon Ave., Suite 1600  
San Juan, PR 00936  
Telephone: (787) 756-9000  
Facsimile: (787) 756-9010  

***Attorneys for National Public Finance Guarantee Corp.***

*/s/ Howard R. Hawkins, Jr.*  
    Howard R. Hawkins, Jr.*  
    Mark C. Ellenberg*  
    William Natbony*  
    Thomas J. Curtin*  
    Casey J. Servais*  
    200 Liberty Street  
    New York, New York 10281  
    Tel.: (212) 504-6000  
    Fax: (212) 406-6666  
    Email:  
        howard.hawkins@cwt.com  
        mark.ellenberg@cwt.com  
        bill.natbony@cwt.com  
        thomas.curtin@cwt.com  
        casey.servais@cwt.com  

\* admitted pro hac vice  
*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**WEIL, GOTSHAL & MANGES LLP**  
By: */s/ Robert S. Berezin*  
    Jonathan D. Polkes (admitted *pro hac vice*)  
    Gregory Silbert (admitted *pro hac vice*)  
    Robert S. Berezin (admitted *pro hac vice*)  
    Kelly DiBlasi (admitted *pro hac vice*)  
    Gabriel A. Morgan (admitted *pro hac vice*)  
    767 Fifth Avenue  
    New York, NY 10153  
    Telephone: (212) 310-8000  
    Facsimile: (212) 310-8007  
    Email: jonathan.polkes@weil.com  
           gregory.silbert@weil.com  
           robert.berezin@weil.com  
           kelly.diblasi@weil.com  
           gabriel.morgan@weil.com  

***Attorneys for National Public Finance Guarantee Corp.***

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, this 14th day of April, 2021.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* admitted pro hac vice