# **EXHIBIT B**

 Proskauer Rose LLP  2029 Century Park East, 24th Floor  Los Angeles, CA 90067

Michael A. Firestein
Member of the Firm

d 310.284.5661
f 310.557.2193
mfirestein@proskauer.com
www.proskauer.com

April 1, 2021

**By Email**

Re: *Financial Oversight and Management Board for Puerto Rico et al. v. Ambac Assurance Corporation, et al.*, Adv. Proc. No. 20-003 (LTS), 20-004 (LTS) and 20-005 (LTS)

To the Counsel on the Annexed Distribution List:

Pursuant to the meet and confer provision in ¶ 1(c) of Judge Swain's Second Amended Standing Order, we write to inform you the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), pursuant to PROMESA § 315(b), intends to request stay relief in respect of the litigation stay imposed by the March 10, 2020 *Final Case Management Order for Revenue Bonds* [Case No. 17-3283, ECF No. 12186] (the "Revenue Bonds CMO") for the limited purpose of filing additional summary judgment motions on substantially all remaining counts in the *Complaint Objecting to Defendants' Claims and Seeking Related Relief* [Case Nos. 20-AP-003, ECF No. 1; 20-AP-004, ECF No. 1; and 20-AP-005, ECF No. 1] (the "Revenue Bond Complaints"), filed in each of the respective adversary proceedings ("Revenue Bond Adversary Proceedings"). For the reasons set forth below, good cause exists for the Court to permit such motions to be filed, which motions will seek disallowance of all the remaining claims against the Commonwealth, including unsecured claims of all asserted priorities, alleged by Defendants in their respective Proofs of Claim. The Oversight Board will also request the litigation stay imposed by the Revenue Bonds CMO otherwise remain in effect.

As you know, a Plan Support Agreement has been executed with certain creditors and monoline insurers with respect to the treatment of claims pursuant to an amended plan of adjustment that, in accordance with the Court's order, the Oversight Board filed on or about March 8, 2021. *See* Case No. 17-3283, ECF No. 15976. Based upon the Court's calendar, the Oversight Board anticipates that the Court will consider confirmation of such plan in the Fall of this year.

Accordingly, while the Oversight Board intends to continue the mediation with all your clients and hopes to reach settlements, it believes it must proceed on dual tracks. This letter does not signal any reduction in the Oversight Board's desire to settle.

As you are also aware, in an effort to resolve significant claim allowance issues in advance of confirmation, and upon the Mediation Team's recommendation, the Court permitted the filing of motions for partial summary judgment in the Revenue Bond Adversary Proceedings. The counts on which partial summary judgment motions were permitted address certain threshold gating

**Proskauer»**

April 1, 2021
Page 2

issues regarding whether Defendants have: (i) a secured claim or other ownership or protectable property interest in (a) certain taxes and fees levied and collected by the Commonwealth, which historically were appropriated and transferred to CCDA and HTA, and (b) certain rum taxes covered into the Commonwealth Treasury by the United States Treasury, which historically were appropriated and transferred to PRIFA (collectively the "Relevant Revenues"); (ii) any claims for purported violations of the Contract Clause; and (iii) a claim for violation of PROMESA Section 407. The motions for partial summary judgment also sought determinations that any Commonwealth law upon which Defendants based their secured or other protectable property claims was preempted by PROMESA, thus rendering any such claim unallowable. Those motions for partial summary judgment are briefed, and subject to the limited discovery permitted by the Court, and supplemental briefing, if any, will be determined by the Court.

Most of the remaining counts in the Revenue Bond Complaints (including the preemption counts) address the unsecured claims asserted in Defendants' Proofs of Claim. Good cause exists to lift the stay to adjudicate Defendants' remaining claims, including unsecured claims, against the Commonwealth in advance of plan confirmation. Among other things, adjudication of Defendants' remaining claims, including any unsecured claims, will undoubtedly factor into the Court's consideration of whether to confirm the proposed plan of adjustment. *See, e.g., In re WR Grace & Co.,* 729 F.3d 332, 346 (3d Cir. 2013) (finding among the objectives and purposes of the Bankruptcy Code are "the expeditious liquidation and distribution of the bankruptcy estate to its creditors"); *In re Financial Oversight and Management Board for Puerto Rico*, No. 17 BK 3283-LTS, 2019 WL 4735362, at *5 (D.P.R., June 28, 2019) (recognizing "broad public interest in efficient and expeditious progress of the Title III cases"). Accordingly, the Oversight Board will request relief from the stay imposed by the Revenue Bonds CMO to permit the Commonwealth to prosecute summary judgment motions with respect to substantially all the remaining counts in the Revenue Bond Complaints as described herein.

In accordance with Judge Swain's Standing Order, please let us know by 5 p.m. AST on April 5, 2021, whether you intend to oppose the Oversight Board's motion or would like to discuss further the issues raised in this letter. Thank you for your prompt attention and cooperation.

Very truly yours,

*/s/ Michael Firestein*

Michael Firestein

cc: Brian Rosen (brosen@proskauer.com)

**Proskauer**

**DISTRIBUTION LIST**

| | |
|---|---|
| Roberto Cámara-Fuertes<br>Sonia Colón<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917<br>rcamara@ferraiuoli.com | Dennis F. Dunne<br>Atara Miller<br>55 Hudson Yards<br>New York, NY 10001<br>ddunne@milbank.com<br>amiller@milbank.com<br><br>*Attorneys for Ambac Assurance Corporation* |
| Heriberto Burgos Pérez<br>Ricardo F. Casellas-Sánchez<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>hburgos@cabprlaw.com<br>rcasellas@cabprlaw.com | Howard R. Hawkins Jr.<br>Marc C. Ellenberg<br>William J. Natbony<br>Cadwalader, Wickersham & Taft LLP<br>200 Liberty Street<br>New York, New York 10281<br>howard.hawkins@cwt.com<br>marc.ellenberg@cwt.com<br>Bill.natbony@cwt.com<br><br>*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |
| Eric Pérez-Ochoa<br>E-mail: epo@amgprlaw.com<br><br>Luis A. Oliver-Fraticelli<br>208 Ponce de Leon Ave., Suite 1600<br>San Juan, PR 00936<br>loliver@amgprlaw.com | Jonathan Polkes<br>Gregory Silbert<br>767 Fifth Avenue<br>New York, New York 10153<br>jpolkes@weil.com<br>gregory.silbert@weil.com<br><br>*Attorneys for National Public Finance Guarantee Corp.* |
| María E. Picó<br>802 Ave. Fernández Juncos<br>San Juan PR 00907-4315<br>mpico@rexachpico.com | Martin A. Sosland (*pro hac vice*)<br>5430 LBJ Freeway, Suite 1200<br>Dallas, TX 75240<br>martin.sosland@butlersnow.com<br><br>James E. Bailey III<br>Adam M. Langley<br>6075 Poplar Ave., Suite 500<br>Memphis, TN 38119Nashville, TN 37201<br>jeb.bailey@butlersnow.com<br>adam.langley@butlersnow.com<br><br>*Attorneys for Financial Guaranty Insurance Company* |

**Proskauer**

| | |
|---|---|
| Dora L. Monserrate Peñagarícano<br>101 San Patricio Avenue<br>Maramar Plaza, Suite 1120<br>Guaynabo, Puerto Rico 00968 | Allan S. Brilliant<br>1095 Avenue of the Americas<br>New York, New York 10036<br>allan.brilliant@dechert.com<br><br>G. Eric Brunstad, Jr. (pro hac vice)<br>90 State House Square<br>Hartford, Connecticut 06103<br>eric.brunstad@dechert.com<br><br>*Attorneys for Peaje Investments LLC* |
| Albéniz Couret Fuentes<br>304 Ponce de León Ave. Suite 990<br>San Juan, PR 00918<br>acouret@smclawpr.com | Eric A. Schaffer<br>Luke A. Sizemore<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>eschaffer@reedsmith.com<br>lsizemore@reedsmith.com<br><br>*Attorneys for Bank of New York Mellon, in its Capacity as Fiscal Agent* |
| Eric A. Tulla<br>Iris J. Cabrera-Gomez<br>Rivera Tulla & Ferrrer Building<br>50 Quisqueya Street<br>San Juan, PR 00917-1212<br>etulla@riveratulla.com<br>icabrera@riveratulla.com | Robin E. Keller<br>Ronald Silverman<br>390 Madison Avenue<br>New York, NY 10017<br>robin.keller@hoganlovells.com<br>ronald.silverman@hoganlovells.com<br><br>*Attorneys for U.S. Bank N.A., in its Capacity as Trustee* |
| Juan J. Casillas Ayala<br>Israel Fernández Rodríguez<br>Juan C. Nieves González<br>Cristina B. Fernández Niggemann<br>Casillas, Santiago & Torres LLC<br>PO Box 195075<br>San Juan, PR 00919-5075<br>jcasillas@cstlawpr.com<br>ifernandez@cstlawpr.com<br>jnieves@cstlawpr.com<br>cfernandez@cstlawpr.com | Luc A. Despins<br>G. Alexander Bongartz<br>Paul Hastings<br>200 Park Avenue<br>New York, New York 10166<br>lucdespins@paulhastings.com<br>alexbongartz@paulhastings.com<br><br>*Attorneys for the Official Committee of Unsecured Creditors* |

**Proskauer**

**Proskauer»**

Arturo J. García-Solá
Alejandro J. Cepeda-Diaz
Nayuan Zouairabani
McConnell Valdés LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
ajg@mcvpr.com
ajc@mcvpr.com
nzt@mcvpr.com

Attorneys for AmeriNational Community Services, LLC
 as servicer for the GDB Debt Recovery Authority


Carmen D. Conde Torres
C. Conde & Assoc. Law Offices
254 San José Street, Suite 5
San Juan, PR 00901-1523
condecarmen@condelaw.com

Douglas S. Mintz
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
dmintz@orrick.com

Laura Metzger
Peter Amend
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, N.Y. 10019
lmetzger@orrick.com
pamend@orrick.com

Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt
 Recovery Authority

**Proskauer»**