IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OBJECTION OF
FINANCIAL GUARANTY INSURANCE
COMPANY TO THE DEBTORS' JOINT MOTION FOR
AN ORDER (I) SCHEDULING A HEARING TO CONSIDER
THE ADEQUACY OF INFORMATION CONTAINED IN THE
DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE
FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT
AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE
THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES
IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

Financial Guaranty Insurance Company ("**FGIC**") respectfully submits this objection

(the "**Objection**") to the *Debtors' Joint Motion for an Order (I) Scheduling a Hearing to*

*Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*the Deadline for Filing Objections to the Disclosure Statement and Replied Thereto, (III) Approving the Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16332] (the "**Procedures Motion**"). In support of this Objection, FGIC respectfully states as follows:

## Objection

### A. The Procedures Motion Should Not be Approved Because the Proposed Deadlines Violate the Bankruptcy Code and Fundamental Due Process

2. The Court should not approve the Disclosure Statement Scheduling Procedures outlined in the Procedures Motion because the proposed schedule violates the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").[2] Bankruptcy Rule 2002(b) requires that creditors receive *at least* twenty-eight (28) days' notice of the time fixed for filing objections to the adequacy of a disclosure statement. However, as drafted, the Debtors[3] propose to provide parities in interest *only sixteen (16) days' notice* of the time fixed for filing objections to a disclosure statement that has not yet been filed,[4] assuming that notice is served on the same day as the hearing for the Procedures Motion, while providing themselves a full fourteen (14) days to reply to any objection.[5] The proposed schedule simply does not provide parties in interest enough time to adequately consider the as yet unfiled Disclosure Statement and is especially egregious considering that the proposed objection deadline is a full thirty-three (33) days prior to

---

[2] The Bankruptcy Rules have been made applicable to this proceeding by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"). PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Procedures Motion.

[4] *See* Procedures Motion at n.7 (stating that the Debtors will file an amended Plan and Disclosure Statement prior to the hearing on the Procedures Motion).

[5] Pursuant to the *Fourteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 15894-1], the Debtors would only have 7 calendar days to reply to any objections.

the proposed hearing date meaning that the Debtors have enough room to adjust their schedule to comply with the minimum deadlines prescribed by PROMESA and the Bankruptcy Rules.

3. While this Court has the power to shorten the time for parties in interest to file objections to Disclosure Statement for cause shown pursuant to Bankruptcy Rule 9006(c), the Debtors have not shown cause to do so. Indeed, in large complex contested reorganization cases such as this, courts tend to fix deadlines for disclosure statement objections that exceed the minimum time under the rules. *See, e.g.*, *In re AMR Corporation, et al.,* Case No. 11-15463 (SHL) (Bankr. S. D. N.Y. April 18, 2013) [Docket No. 7704]; *In re Lehman Brothers Holdings Inc., et al,.* Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Apr. 21, 2011) [Docket No. 16180].[6] Moreover, this Court previously determined that additional notice was appropriate for objections to a disclosure statement filed in these Title III Cases. *See Order Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, II Establishing the Deadline for Filing Spanish Translation of the Discloser Statement, (III) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (IV) Granting Related Relief* [ECF 12187] (the "**2020 Procedures Order**"). Pursuant to the 2020 Procedures Order, parties in interest had approximately forty-six (46) days to object to the disclosure statement, not sixteen (16).

4. The Debtors state that no party in interest will be prejudiced by the shortened schedule because a substantial portion of the Disclosure Statement has been available since the filing of the 2020 Disclosure Statement on February 28, 2020 [ECF No. 11947], and parties in interest will have had nine weeks to consider their objections since the filing of the Disclosure

---

[6] While other Courts have shortened the timeline to object to a Disclosure Statement and even combined disclosure and confirmation hearings, such cases are generally consensual with prepackaged plans or less complex cases where the debtor needs to get out of chapter 11 quickly due to monetary constraints.

Statement. Procedures Motion ¶ 33. But the 2020 Disclosure Statement describes a plan of adjustment that is no longer being prosecuted by the Oversight Board. The Plan is being amended at a minimum to incorporate two material settlement agreements – (i) one with the ERS bondholder group which was posted on April 2, 2021,[7] and (ii) one with certain bondholders of HTA and the Puerto Rico Convention Center District Authority ("**CCDA**") purporting to settle the treatment of clawback claims against the Commonwealth which was announced on April 12, 2021, and which has not been fully documented as of the date of this objection.[8] The Oversight Board has announced that it intends to file the next amended plan and disclosure statement by April 27, 2021,[9] the day before the hearing on the Procedures Motion. And, since the 2020 Disclosure Statement was filed, the Commonwealth has certified a new fiscal plan and the world has grappled with a global pandemic, the economic consequences of which will need to be taken into account in the fiscal plan that the oversight board plans to certify at the end of April. As of the filing of this objection, no party in interest will have had a chance to consider the Disclosure Statement in conjunction with an updated certified fiscal plan. While it is common for Disclosure Statement to be amended shortly before the approval hearing, such amendments are usually minor and parties in interest usually have at least twenty-eight (28) day to consider them.

---

[7] Amended and Restated Stipulation (A) Allowing Claims of ERS Bondholders, (B) Staying Pending Litigation, and (C) Providing for Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment (dated April 2, 2021), published on the Electronic Municipal Market Access System (EMMA), *available at* https://emma.msrb.org/P11482818-P11149316-P11563573.pdf.

[8] Financial Oversight and Management Board for Puerto Rico, *Oversight Board Reaches Agreement in Principle with Assured Guaranty and National Public Finance Corp.* (April 12, 2021), published on the Oversight Board's website, *available at* https://app.reorg.com/documents/20210412/6074cf8aba392.pdf.

[9] *See* Procedures Motion at n.7.

5. The Debtors desire to consummate a plan of adjustment by December 15, 2021. This may be a worthwhile goal, but it should also not sway the Court to unnecessarily truncate statutorily prescribed deadlines in a case headed to a contested confirmation hearing. It is such cases, when parties' fundamental rights are at stake, where it is especially important that each party has a meaningful right to be heard. As the Supreme Court has noted "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Brock v. Roadway Exp., Inc.*, 481 U.S. 252, 261 (1987) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552(1965)). Even given the Debtors' year-end deadline for the effective date of the Plan, there is still enough time remaining in the year to give parties in interest *at least* 28 days' notice of the Disclosure Statement objection deadline without jeopardizing the Debtors' proposed timeline. While all parties would like to see the Debtors successfully exit these Title III Cases, it should not be at the expense of due process.

**B. The Disclosure Statement Depository Procedures are Inappropriate at this Juncture.**

6. Pursuant to the Procedures Motion, the Debtors also seek to establish Disclosure Statement Depository Procedures that would (i) create a central database for information that the Debtors deem pertinent to the Disclosure Statement and (ii) establish confidentiality and privilege protections for some subset of the materials. Perhaps it will be appropriate to construct such a depository to be used after a disclosure statement has been approved, but it is inappropriate at this juncture to place restrictions on the parties that are able to access material relevant to the consideration of the adequacy of the Disclosure Statement. *See In re Clamp-All Corp.*, 233 B.R. 198, 204 (Bankr. D. Mass. 1999) ("The purpose of requiring an approved disclosure statement is to ensure that all claim holders are provided with adequate information to

enable them to make an informed judgment regarding whether to vote for or against a reorganization plan."). The focus of the Disclosure Statement Hearing should be on adequate information publicly available to parties in interest, not on limiting access to allegedly confidential materials in a database. At this point in the Title IIII Cases, where relevant information should be freely available to all creditors in connection with the dissemination of the Disclosure Statement, the proposed procedure restricting access to information are wholly inappropriate.

## Conclusion

7. For the reasons set forth herein, FGIC asserts that due process requires (i) modifying the proposed Disclosure Statement Scheduling Procedures to comply with the Bankruptcy Rules and (ii) removing any restrictions from the Disclosure Statement Depository Procedures that would limit a party in interest's ability to access information relevant to considering the adequacy of the Disclosure Statement.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 14, 2021
      San Juan, Puerto Rico

.                    Respectfully submitted,

**REXACH & PICÓ, CSP**

By: */s/ María E. Picó*
    María E. Picó
    USDC-PR 123214
    802 Ave. Fernández Juncos
    San Juan PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    E-mail: mpico@rexachpico.com

**BUTLER SNOW LLP**

By: */s/ Martin A. Sosland*
    Martin A. Sosland (*pro hac vice*)
    2911 Turtle Creek, Suite 1400
    Dallas, TX 75219
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    E-mail: martin.sosland@butlersnow.com

    James E. Bailey III (*pro hac vice*)
    Adam M. Langley (*pro hac vice*)
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    Telephone: (901) 680-7347
    Facsimile: (615) 680-7201
    E-mail: jeb.bailey@butlersnow.com
    adam.langley@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify case participants.

Dated: April 14, 2021.

By: */s/ Martin A. Sosland*

Martin A. Sosland

*Attorney for Financial Guaranty Insurance Company*