# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br>        v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |

---

[1] The Debtors in these jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00004-LTS<br><br>PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00005-LTS<br><br>PROMESA<br>Title III |

**REPLY IN SUPPORT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT MOTION REQUESTING ENTRY OF ORDER SETTING BRIEFING SCHEDULE AND HEARING ON OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT CROSS-MOTION FOR STAY RELIEF FOR LEAVE TO FILE LIMITED OBJECTION, OR IN THE ALTERNATIVE, TO INTERVENE**

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors (the "Committee")[2] respectfully submits this reply in response to the *Objection of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation to Urgent Motion Requesting Entry*

---

[2]     The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

*of Order Setting Briefing Schedule and Hearing on Official Committee of Unsecured Creditors' Urgent Cross-Motion for the Stay of Relief For Leave to File Limited Objection, or in the Alternative, to Intervene* [Docket No. 16420] (the "Objection") and the *Response of the Financial Oversight and Management Board, as Representative of the Commonwealth of Puerto Rico, to Official Committee of Unsecured Creditors' Urgent Motion Requesting Entry of Order Setting Briefing Schedule and Hearing on Official Committee of Unsecured Creditors' Urgent Cross-Motion for Stay Relief for Leave to File Limited Objection, or in the Alternative, to Intervene* [Docket No. 16424] (the "Board's Response"), and respectfully states as follows:

## INTRODUCTION

1. The Committee's Cross-Motion[3] raises the same underlying issue as the Oversight Board's Motion: whether the stay should be lifted to allow litigation to proceed against the Defendants on certain limited issues. The Cross-Motion does not seek to expand the scope of the relief sought by the Oversight Board but merely asks that the Committee, consistent with its statutory rights, be permitted to makes its arguments for disallowance of the Defendants' claims in a claim objection instead of through summary judgment in the adversary proceedings. Because of this overlap in the relief sought, it would be highly inefficient for the Court to hold separate hearings on the Cross-Motion and the Oversight Board's Motion. The Committee therefore filed its *Urgent Motion Requesting Entry of Order Setting Briefing Schedule and Hearing on Official Committee of Unsecured Creditors' Urgent Cross-Motion for Stay Relief for Leave to File Limited Objection, or in the Alternative, to Intervene* [Docket No. 16404] (the "Scheduling Motion") to ensure that both motions would be heard together on April 28, 2021.

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Official Committee of Unsecured Creditors' Urgent Cross-Motion for Stay Relief for Leave to File Limited Objection, or in Alternative, to Intervene* [Docket No. 16403] (the "Cross-Motion").

3

2. Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation (the "Objectors") stand alone as the only parties objecting to the Committee's request that the Cross-Motion be heard at that time. The Objectors contend that they will be prejudiced by the proposed schedule, that the Committee could have filed the Cross-Motion sooner, and that the Cross-Motion is "not ripe." These arguments all lack merit.

3. Most importantly, the Objectors cannot possibly be prejudiced by the proposed schedule because it gives them ample time to respond to the Cross-Motion. Indeed, once the opposition deadline is extended by one day to April 21, 2021, as requested by the Oversight Board,[4] the Objectors will have *more time* (8 days) to respond to the Cross-Motion than they (and other parties, including the Committee) had to respond to the Oversight Board's Motion on regular notice (7 days). There is also no basis for the Objectors' assertion that the Committee should have filed the Cross-Motion sooner. As explained below, the Committee acted diligently in filing the Cross-Motion after it reviewed and considered the Oversight Board's Motion and attempted to meet and confer with the Oversight Board's counsel before filing the Cross-Motion.

4. Finally, the Objectors' ripeness argument goes to the merits of the Cross-Motion and is therefore not relevant to the Scheduling Motion. But even if the Court were to consider the argument at this time, the Cross-Motion is clearly ripe because it raises a case or controversy that is immediately justiciable regardless of the outcome on the Oversight Board's Motion.

---

[4] The Oversight Board made this request in the Board's Response. The Committee has no objection to the proposed changes to the schedule offered by the Oversight Board. As contemplated by the Board's Response, *id.* at 5 n.3, the Committee respectfully requests that its deadline for replies in support of the Cross-Motion be moved back by one day from April 23, 2021 to April 24, 2021.

4

**ARGUMENT**

I. **The Objectors Will Not Suffer Any Prejudice As A Result Of The Committee's Scheduling Motion**

5.  As noted above, the Objectors are being given more time (eight days) to respond to the Cross-Motion than they would have had under this Court's Case Management Procedures if the Committee had filed the Cross-Motion on regular notice on April 6, 2021, the same day the Oversight Board filed its motion. For this reason alone, any complaint of prejudice resulting from the Scheduling Motion rings hollow. The Objectors nevertheless contend they are prejudiced by the proposed schedule because they will now have less overall time to prepare for the hearing on the Cross Motion. This superficial argument should be rejected. The hearing on the Cross-Motion will not be an evidentiary one and, therefore, will require relatively little preparation by counsel after briefing has completed. Moreover, because the issues raised by the Cross-Motion overlap almost entirely with the Oversight Board's Motion, all efforts by parties to prepare to respond to the Oversight Board's Motion will also apply to the Cross-Motion.

6.  The Objectors also complain that the Scheduling Motion will force them to "waste time, money and other resources," including time spent preparing and filing the instant Objection. In reality, the opposite is true: the relief sought in the Scheduling Motion *saves* time, money, and resources by combining into one hearing two motions that for all relevant purposes seek essentially the same relief. It would make no practical sense, and be highly judicially inefficient, for the Court to hold one hearing on the Oversight Board's Motion and then hold another, separate hearing on the Cross-Motion. *See Foster v. Double R Ranch Assn. (In re Foster),* 435 B.R. 650, 656 (B.A.P. 9th Cir. 20210) (bankruptcy court did not abuse its discretion

5

when it departed from local rules and shortened time in "the interest of convenience and judicial economy," and no prejudice occurred).[5]

7. It is also telling that Assured and National are the only parties who have objected to the Scheduling Motion. Other parties who have the same, if not more, interest in the litigation, including Ambac and FGIC, have not objected. The reason for this anomaly is clear: there is no actual prejudice to the Objectors or any similarly situated parties. The Objectors, like these other parties, should have conserved their own resources (and the Committee's) by not filing the instant, meritless Objection to the Scheduling Motion.

## II. The Committee Acted Diligently at All Times in Filing the Cross-Motion

8. There is no basis for the Objectors' unsubstantiated assertion that the Committee manufactured urgency by unreasonably delaying its filing of the Cross-Motion. The Cross-Motion was filed together with a response to the Oversight Board's Motion on April 13, 2021, the deadline for such responses. The Committee did not file the Cross-Motion sooner because it had not determined prior to that time whether it would need to file the Cross-Motion.

9. As the Objectors note, on April 1, 2021, counsel to the Oversight Board sent the parties a letter alerting them to the Oversight Board's planned motion to lift the stay. After receiving that letter, the Committee began to evaluate its response and, on April 5, 2021, contacted counsel for the Oversight Board to see if the Oversight Board would be willing to modify its requested relief to permit the Committee to file claim objections. The Committee did not receive a response and, on April 6, 2020, the Oversight Board filed its Motion.

---

[5] Unsurprisingly, the Objectors themselves have sought essentially the same relief, on the same grounds, previously in these Title III Cases. *See, e.g.*, *Urgent Joint Motion to Expedite Consideration of Urgent Joint Motion of Proposed Intervenors Requesting Expedited Consideration of Motion to Intervene, and if Intervention Is Granted, Establishing Briefing and Hearing Schedule for Proposed Intervenors' Motion to Dismiss Amended Complaint* [Docket No. 29, Case No. 19-AP-405-LTS] (filed Nov. 5, 2019); *Procedural Order Regarding Proposed Briefing Schedule* [Docket No. 31, Case No. 19-AP-405-LTS].

10. After reviewing the Oversight Board's Motion, the Committee again reached out to counsel for the Oversight Board, this time by email, asking if the Oversight Board would consent to the further lifting of the litigation stay to permit the Committee to pursue its claim objections. After not receiving a response in the following days, the Committee decided it would need to both (i) respond to the Oversight Board's Motion to address the narrowness of its requested relief, and (ii) file the Cross-Motion to ensure that other parties would have the opportunity to object to the Committee's request for a broader lifting of the stay. The Committee also decided to file the Scheduling Motion for the sake of efficiency and to avoid burdening the Court with two hearings instead of one.

11. Because the Committee acted diligently and in consultation with other parties at all times, the argument that the Committee unreasonably delayed its filing of the Cross-Motion has no merit and should be rejected.[6]

### III. The Objectors' Ripeness Argument Is Irrelevant to the Scheduling Motion and Lacks Merit in Any Event

12. The Objectors' ripeness argument is of no relevance to the Scheduling Motion because it goes to the substance of the Committee's Cross-Motion, not to the issue of whether the Cross-Motion should be heard at the April 28 omnibus hearing. The argument should be raised, if at all, in response to the Cross-Motion at the appropriate time.

---

[6] The cases cited by the Objectors involve extreme instances of dilatory conduct that resulted in clear prejudice to other parties, and therefore such cases are inapposite. *See In re Villareal,* 160 B.R. 786 (Bankr. W.D. Tex. 1993) (debtors waited over a month from when a previous contract was executed to file their motion, and presented no grounds for expedited relief); *In re Schindler*, Case No. No. 09–71199–AST, 2011 WL 1258531 (Bankr. E.D.N.Y. Mar. 31, 2011) (debtor had nearly two years to have requested court approval, and received an additional warning from their bank over a month before it filed its motion); *In re Fort Wayne Assocs.*, Case No. 97-10378, 1998 WL 928419, *1 (Bankr. N.D. Ind. Dec.16, 1998) (debtor waited over two months to seek court approval of transaction without explanation); *Off. Comm. of Disputed Litig. Creditors v. McDonald Inv., Inc.*, 42 B.R. 981 (N.D. Tex. 1984) (court's shortening of 20 day notice period to 20 hours was an abuse of discretion). As can be seen, the above cases cited by the Objectors involve extreme conduct in which the requesting party had months of time in which to act but failed to do so. None are comparable to the Committee's request in this matter.

7

13. In any event, the Cross-Motion is clearly ripe for adjudication. The Objection contends that "the relief requested in the Cross-Motion is entirely dependent on the relief requested in the FOMB Stay Relief Motion." Objection ¶ 22. This is incorrect. The Committee is seeking to file claim objections addressing the same relief sought by the adversary proceeding counts on which the Oversight Board seeks to move for summary judgment. Even if the Court denies the Oversight Board stay relief to pursue the summary judgment motions, there is no reason why the Committee cannot still seek stay relief to file its claim objections on those issues. Thus, the Committee's Cross-Motion is not somehow "dependent" on the Court first granting the Oversight Board's Motion. Rather, it stands on its own two feet, because, among other things, the Committee has its own statutory right to object to claims, and the Cross-Motion may be granted regardless of how the Court rules on the Oversight Board's Motion.

14. The Cross-Motion is also ripe because the Court can decide it now, concurrently with the Oversight Board's Motion. The Cross-Motion is not derivative of a motion that the Oversight Board *may* file. The Cross-Motion is a separate request for relief related to a motion that the Oversight Board *did* file, and is pending before the Court.

15. The other decisions of this Court to which the Objectors cite are inapposite. In *ACP Master Ltd. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd for P.R.),* 300 F.Supp.3d 328 (D.P.R. 2018), *aff'd* 919 F.3d 638 (1st Cir. 2019), the Court held that the plaintiffs alleged a claim under the Takings Clause of the Fifth Amendment to the United States Constitution that was entirely hypothetical and unripe. The Committee's Cross-Motion does not seek declaratory relief based upon a hypothetical factual context, but rather affirmative relief based on a known set of facts. Similarly, the Conditional Claim Objection filed by the GO Group sought an advisory opinion based on arguments that were hypothetical and "entirely contingent on certain

outcomes of disputed issues" in pending litigation. *See* Docket No. 6891 at 6. As discussed above, the Cross-Motion is not contingent on this Court's adjudication of the Oversight Board's Motion. Finally, in *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 485 F.Supp.3d 351, 359 (D.P.R. 2020), *aff'd* 989 F.3d 170 (1st Cir. 2021), the movants' due process related concerns—unlike the Committee's arguments in support of stay relief—were preemptive because the Oversight Board had not "taken a definitive position" regarding section 305 of PROMESA.

16. In sum, there is no commonality between these other decisions of this Court and the Committee's present request to lift the litigation stay, which clearly presents a live controversy between those parties who want the stay to be lifted (the Committee and the Oversight Board) and those parties who do not (the Defendants and certain other parties). The Objectors' ripeness argument should therefore be rejected.

## **CONCLUSION**

Based upon the foregoing, the Committee respectfully requests that the Court find that good cause exists to grant the Scheduling Motion.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests the Court grant the Scheduling Motion, the relief requested therein, and such other relief as is just and proper.

Dated: April 15, 2021

/s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. (*Pro Hac Vice*)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors*

– and –

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors*