# **<u>EXHIBIT H</u>**

# Milbank

**JOHN J. HUGHES, III**

*Special Counsel*

55 Hudson Yards  |  New York, NY 10001-2163

T: 212.530.5127

Jhughes2@milbank.com  |  milbank.com

March 9, 2021

<u>VIA EMAIL</u>

| | |
|---|---|
| Michael A. Firestein, Esq. | Elizabeth L. McKeen, Esq. |
| Lary A. Rappaport, Esq. | Ashley Pavel, Esq |
| Proskauer Rose LLP | O'Melveny & Myers LLP |
| 2029 Century Park East, Suite 2400 | 610 Newport Center Drive, 17th Floor |
| Los Angeles, CA 90067 | Newport Beach, CA 92660 |

Re:   Discovery in Revenue Bond Adversary Proceedings, Nos. 20-00003, 20-00004, 20-00005.

Counsel:

I write on behalf of Defendants[1] in response to your letter dated March 4, 2021 (the "March 4 Letter"), concerning Defendants' Revenue Bond Discovery Requests and your responses and objections thereto.

## I.   THE GOVERNMENT'S OBJECTIONS TO DEFENDANTS' DOCUMENT REQUESTS

### A.   The Government's Written Responses and Objections

Defendants understand from the Government's response that Plaintiff acknowledges that it has an obligation to provide discovery, including an obligation to produce documents that it has the legal right to obtain under PROMESA § 104(c)(2), 48 U.S.C. § 2124(c)(2). Accordingly, the Parties do not appear to have a dispute on that point.

With respect to the Government's objections to Defendants' discovery requests (including general objections, and objections to specific definitions and instructions), the Government's letter appears to indicate that the Government is *not* planning to withhold documents on the basis of any of its objections—except that its search will be limited to central files, as described in greater detail in each of the specific objections the Government made to Defendants' document requests. In particular, (i) the Government asserts that its responses and objections comply with

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report Regarding Discovery in the Revenue Bond Adversary Proceedings*, dated February 25, 2021 [ECF No. 15889] (the "February 25 Joint Status Report").

Michael A. Firestein, Lary A. Rappaport  March 9, 2021
Elizabeth L. McKeen, Ashley Pavel

Rule 34(b)(2)(C) because they "delineate the scope of the Government's intended search"—which would be true only if the Government is not planning to withhold any documents it collects on the basis of the Government's general objections (or objections to specific definitions or instructions); (ii) the Government now characterizes its general objections as raising merely "academic disputes," by which the Government appears to mean that its general objections (and objections to specific definitions and instructions) are of no consequence to what is produced; and (iii) several of the Government's responses on specific points (in Appendix A to its letter) indicate that the Government does not intend to withhold documents responsive to Defendants' requests, as drafted, to the extent that those documents are collected within the context of the search the Government undertakes. On the last point, for example, while the Government objected to some of the time periods articulated in Defendants' document requests, it stated that, "[t]o the extent that materials are located in centralized files and predate January 1, 2014, we will not withhold them." The Government similarly objected to Defendants' interpretation of the term "governing," but also said that, "[t]o the extent the Government locates official statements or agreements *related to* the PRIFA, CCDA, or HTA bonds, it will produce them" (emphasis added)—which, in substance, is what Defendant had requested as to bond resolutions or agreements.

Defendants agree that the Parties need not discuss merely "academic" objections that the Government has interposed. Defendants note, however, that as the Parties discussed on March 1, 2021, there is a difference between (a) responsiveness criteria used once documents have been collected and (b) the scope of the search (or collection) that the Government will undertake to locate potentially responsive documents. Ordinarily, the purpose of objecting to specific instructions and definitions in document requests is to articulate the responsiveness criteria the producing party will use in determining which documents, once collected, must actually be produced. Defendants understand the March 4 Letter as indicating that the Government does not intend to withhold any documents it collects if those documents are responsive to Defendants' requests as written. Rather, the Government's objections pertain to the scope of the search the Government will undertake in collecting documents in the first place—an issue on which the Parties previously reached impasse and are in the process of briefing to the Court.

Obviously, to the extent that the Government is seeking to withhold any documents that are responsive to Defendants' requests *even if such documents are collected* within the context of any search the Government undertakes, the Government should inform Defendants as soon as possible so that the Parties can meet-and-confer regarding any disputes on responsiveness criteria and present them to the Court. Defendants reserve the right to object to any attempt to withhold documents on the basis of objections that were not clearly identified as such, consistent with Rule 34(b)(2)(C).

For the foregoing reasons, Defendants will not respond point-by-point to Appendix A to the March 4 Letter. One definitional issue warrants comment, however: With regard to the "flow of funds" definitions, Defendants believe the Court's Rule 56(d) Order is controlling, including to the extent that the Court adopted by reference specific definitions from Defendants' Rule 56(d) declarations. The Government's description of what it is planning to produce regarding the "flow of funds" suggests that the Parties do not have a dispute at this time regarding this issue—although there is some lack of clarity regarding exactly what accounts the Government expects to include within its document production. Unless the Government would like to have a more specific meet-and-confer on this issue at this time, Defendants would propose that the Government proceed with

Michael A. Firestein, Lary A. Rappaport  March 9, 2021
Elizabeth L. McKeen, Ashley Pavel

its production of "flow of funds" documents, with the understanding that Defendants will review the materials produced and then meet-and-confer with the Government regarding any specific disputes about scope that the Parties have at that time.

      **B.**      **Other Objections Raised in the Government's March 4 Letter**

*Defendants' Requests for Communications.* Defendants will not rehash arguments already made in briefing on the Motion to Compel and reserve all rights.

*Other Forms of Discovery as Alternatives.* In the March 4 Letter, the Government declined to identify discovery requests that the Government believes should be addressed through other forms of discovery. Defendants note that this is a reversal from the Government's position, articulated during the February 23, 2021, meet-and-confer, that some of Defendants' document requests could be resolved more efficiently through interrogatories or deposition questions. Obviously, the Government cannot complain that Defendants' document requests would be more efficiently handled in some other format while simultaneously refusing to identify which requests the Government proposes to handle in another format or which format it believes would be more efficient. Unless the Government would like to articulate this objection with some specificity, Defendants will assume the Government is no longer asserting it.

      **C.**      **Additional Open Issues Regarding Document Discovery**

*Other Transaction Record Systems.* Defendants understand from previously produced documents that the Government has used and may continue to use various systems other than PRIFAS—such as "Oracle Financial" and "PRTAS"—to record transactions. *See, e.g.*, CCDA_STAY0000001 (Column Q). Please confirm that the Government is searching these systems and any others that it has used and/or now uses for relevant transactions and related "flow of funds" information responsive to Defendants' PRIFA, CCDA, and HTA document requests.

*Accounting Requests Concerning Fund Balances.* In the March 4 Letter, the Government stated that it would investigate "whether Treasury has fund account statements (as distinct to deposit account statements) . . . pertaining to Fund 278 and the Rum Tax Remittances." (March 4 Letter at 3.) Defendants request an update on the Government's investigation.

**II.**      **INTERROGATORIES**

*Witnesses.* In its responses and objections to Defendants' first interrogatories, the Government refused to provide the names of any individuals likely to have discoverable information. Defendants sought basic initial disclosures, similarly to those ordinarily required, in all cases, under Federal Rule of Civil Procedure 26(a). *See* Fed. R. Civ. P. 26(a)(1); *see also Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998) (mandatory disclosures "make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent" (quoting *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958))).

The Government can and should identify the most knowledgeable people within the Commonwealth (*e.g.*, the Treasury) and the relevant Instrumentalities (e.g., PRIFA, HTA, CCDA) concerning the Topics and basic information about them as described in Rule 26(a). For example,

Michael A. Firestein, Lary A. Rappaport  March 9, 2021
Elizabeth L. McKeen, Ashley Pavel

with respect to HTA, Defendants expect the Government to identify the person (or people): (a) within the Treasury and HTA most knowledgeable about Fund 278 in the pre- and post-clawback period; (b) within HTA most knowledgeable about the decision to issue the 2002 Resolution and enter into the Security Agreement; (c) within the Treasury and HTA most knowledgeable about Treasury's role in the approval of transfers to HTA prior to the clawback period and after.

Identification of the most knowledgeable people concerning a handful of topics is not an unduly burdensome exercise, the requested information cannot be gleaned from a document production (as evidenced by its absence in the Lift Stay Production), and yet it is critical to enable Defendants to obtain meaningful deposition testimony, to which they are entitled, within the discovery period.

Such information should be readily available, as the Government plainly has had to identify such knowledgeable personnel. *See, e.g.* Testimony of Timothy H. Ahlberg ("CCDA Ahlberg Testimony"), as the Rule 30(b)(6) corporate representative of the Commonwealth and the Tourism Company, Adv. Proc. No. 20-00004, ECF No. 81-2, at 449:6-9 ("I consulted with him [Brett Howard] about the Flow of Funds presentation in collaboration with Gustavo from Tourism.").

The Government's assertion that "documents produced in connection with" the Lift Stay Motions and these Adversary Proceedings sufficiently "identify individuals with knowledge" is incorrect. (Responses & Objections to National's HTA Interrogatory 1 at 10; Responses & Objections to Ambac's CCDA Interrogatory 1 at 9; Responses & Objections to Ambac's PRIFA Interrogatory 1 at 7-8.) Merely citing generally to documents is not an adequate substitute for an interrogatory response. Rule 33(d) "provides an option for a party to produce business records in lieu of answering interrogatories," but the "producing party must affirm that the information sought by the interrogatory is in fact available in the specified records" and "specify the actual documents where information will be found." *Licensed 2 Thrill, LLC v. Rakuten, Inc.*, 2015 U.S. Dist. LEXIS 194402 at *7-*8 (D. Mass. Oct. 13, 2015). The Government has made no attempt to specify the documents providing its witness list.

Furthermore, even if some specific documents had been identified, there is no basis for the Government to affirm that the documents identify a full set of the most knowledgeable witnesses. Only a strictly limited set of documents were produced to Defendants in the Lift Stay proceedings—mostly consisting of financial records and bank statements that do not identify any knowledgeable individuals. The Government has never produced emails, memoranda, or other communications that would identify the specific individuals who worked on the issues Judge Swain identified in the Rule 56(d) Order—and it is impossible to identify the knowledgeable individuals from the limited set of materials the Government has produced. Indeed, during the lift-stay discovery period, questions directed at identifying individuals with relevant knowledge either were not answered—or the Government objected to them as outside the scope of permissible discovery. (*See, e.g.*, Testimony of Timothy H. Ahlberg, as the Rule 30(b)(6) corporate representative of the Commonwealth and the Highways and Transportation Authority, HTA AP, ECF No. 98-27, at 160:13-20, 168:25-169:3; CCDA Ahlberg Testimony at 478:15-22.) Having

Michael A. Firestein, Lary A. Rappaport    March 9, 2021
Elizabeth L. McKeen, Ashley Pavel

taken that position, the Government cannot now argue that this issue was in-scope and fully addressed by the lift-stay discovery.

Indeed, specific gaps in the documentary record illustrate why documents produced during lift-stay discovery were insufficient to address this issue. For instance, the corporate representative for the Commonwealth and the Tourism Company testified that someone named "Gustavo" spoke with him regarding the CCDA flow of funds. To Defendants' knowledge, the documents produced show only one person who could match that name, Gustavo González Serrano, CFO of the Tourism Company. But the corporate representative testified that the "Gustavo" he consulted with was not the CFO. *See* CCDA Ahlberg Testimony at 496:24-497:2 ("I know Gustavo is not the CFO of the company in his finance position. That would make him subordinate to the CFO at the Tourism Company."). Without interrogatory responses, Defendants cannot even clearly identify this one particular individual who was the subject of specific deposition testimony—let alone a complete set of individuals knowledgeable on the relevant issues.

The Government is best situated to identify which individuals have relevant knowledge of the issues Judge Swain identified in the Rule 56(d) Order. Accordingly, Defendants request the Government provide a list of each individual likely to have discoverable information relating to the topics listed in Defendants' Initial Document Requests.

***Documents.*** The Government also objected to Defendants' interrogatories seeking documents the Government will rely on. Defendants believe the Government should produce any documents it intends to rely on (to the extent not already produced) by the deadline the Government has agreed to (and which the Court has ordered) for completing the Government's document production. Please advise whether the Government can commit to doing so.

Very truly yours,

/s/ *John J. Hughes, III*
John J. Hughes, III

cc:   Atara Miller
      Martin A. Sosland
      Robert S. Berezin
      William Natbony