# **EXHIBIT I**

March 16, 2021

**VIA E-MAIL**

Robert S. Berezin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

John Hughes, III
Atara Miller
MILBANK LLP
55 Hudson Yards
New York, New York 10001

William Natbony
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, New York 10281

Martin Sosland
BUTLER SNOW LLP
5430 Lyndon B. Johnson Freeway, Suite 1200
Dallas, Texas 75240
1530 3rd Avenue South, Suite 1600
Nashville, Tennessee 37201

Re: *Discovery in Revenue Bond Adversary Proceeding, Nos. 20-00003, 20-00004, 20-00005*

Counsel:

We write in connection with the CCDA, PRIFA, and HTA revenue bond adversary proceedings to respond to your March 9, 2021 letter ("March 9 Letter"). The headings below repeat the headings in the March 9 Letter for reference and convenience, but the Government Parties do not adopt any characterizations embedded in them.

### I. THE GOVERNMENT'S OBJECTIONS TO DEFENDANTS' DOCUMENT REQUESTS

#### A. The Government's Written Responses And Objections

The Government Parties do not agree with Defendants' continued suggestion that the Government Parties' objections were improper or that their responses otherwise did not comply with Rule 34(b)(2)(C). Further, contrary to your assertion, our objections do have meaning: they delineate the scope of the agreed search and the documents we have agreed to provide pursuant to that search. Nevertheless, we understand your March 9, 2021 letter to acknowledge that the parties do not have a specific pending dispute on the scope of the search or production agreement apart from the pending motion to compel.

#### B. Other Objections Raised in the Government's March 4 Letter

***Defendants' Requests for Communications.*** The Government Parties continue to object to email discovery, as stated in their objection to the pending motion to compel.

***Other Forms of Discovery as Alternatives.*** The Government Parties disagree with Defendants' contention that the Government Parties have reversed their position on this issue. The Government Parties never agreed to re-write Defendants' vague, overbroad document requests as narrower interrogatories, as we explained on multiple occasions during the first meet and confer call we had regarding this discovery and in our edits to the Joint Status Report

we filed on February 26. In refusing to re-write Defendants' overbroad requests, the Government Parties did not withdraw their objections that the requests are overbroad.

### C. Additional Open Issues Regarding Discovery

***Other Transaction Record Systems.*** The Government Parties have confirmed that PRIFAS is the accounting system in which Treasury records data regarding collection and transfer of the rum and excise tax revenues at issue. Treasury does not use Oracle, PRTAS, or any other system to account for the relevant revenues (and nothing in the account inventory form produced from the Tourism Company's records referred to in your letter suggests otherwise). Treasury is preparing a data export from PRIFAS.

***Accounting Requests Concerning Fund Balances***. The Government Parties have already stated that they would search for fund account statements, to the extent they exist. The Government Parties will produce those statements if they are located, or notify Defendants if they are not, consistent with the timeline set in the Scheduling Order (Case No. 17-3283, ECF No. 15809).

## II. INTERROGATORIES

***Witnesses.*** Defendants' contention that the Government Parties must identify witnesses consistent with initial disclosure requirements under Rule 26(a)(1) ignores that the Court did not require the parties to exchange initial disclosures – and we rejected your suggestion that the parties do so. *See* Scheduling Order ¶ 13; Jan. 29, 2021 Email from M. Firestein (Government Parties do not agree to a Rule 26(f) conference, or its related requirements). Consistent with the Court's orders, after Defendants serve their 30(b)(6) deposition notice, the Government Parties will meet and confer to designate appropriate witnesses to testify on behalf of the relevant entities available. But demanding that the Government Parties identify "each individual likely to have discoverable information relating the topics listed in Defendants' Initial Document Requests" – which is the interrogatory Defendants actually posed (as opposed to the attempted rewriting of same in your letter) – is not limited, targeted, proportional, or efficient as the Rule 56(d) Order requires. Rule 56(d) Order at 6 (Case No. 17-3283, ECF No. 15656).

***Documents.*** The Government Parties will produce the documents they currently intend to rely on consistent with the Scheduling Order and the governing rules. However, the Government Parties reserve all rights to rely on or use additional material depending on what documents Defendants rely upon in any subsequent summary judgment briefing.

Sincerely,

/s/ *Elizabeth L. McKeen* /s/ *Michael A. Firestein*

Elizabeth L. McKeen Michael A. Firestein