# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 16314, 16287**<br><br>(Jointly Administered) |

## URGENT MOTION FOR EXTENSION OF DEADLINES

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Debtor"), respectfully submits this urgent motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadlines set forth in the *Order Scheduling Briefing of Motion to Compel Compliance with Stipulation* [ECF No. 16314] (the "Scheduling Order").[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized Department of Justice to file this Urgent Motion on behalf of the Debtor.

**Request for Relief**

1. On December 18, 2018, the Corporación Marcaribe Investment ("Movant") filed the *Motion to Determine the Applicability of the Automatic Stay and/or Relief from the Automatic Stay* [ECF No. 4493] (the "Motion for Relief from Stay"), requesting that the Court modify the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow the Movant to continue an inverse condemnation action filed in the Puerto Rico Court of First Instance, Civil No. AAC2015-0050 (the "Prepetition Action") or, in the alternative, a determination that the automatic stay does not apply to the Prepetition Action.

2. On January 11, 2019, the Debtor and Movant executed a stipulation to resolve the Motion for Relief from Stay (the "Stipulation"). Through the Stipulation, the Debtor agreed to modify the automatic stay in the Prepetition Action solely to the limited extent necessary to enable the Prepetition Action to proceed to final judgment before the Puerto Rico Court of First Instance; provided, however, that the automatic stay, shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth. *See Eighth Omnibus Order Granting Relief from the Automatic Stay* [ECF No. 5146-1].

3. On December 23, 2020, the Puerto Rico Court of First Instance entered a judgment in the Prepetition Action.

4. On February 2, 2021, Movant filed an appeal before the Puerto Rico Court of Appeals ("Appeal").

5. On March 30, 2021, the Debtor filed a motion before the Puerto Rico Court of Appeals, requesting the dismissal of the Appeal for lack of jurisdiction, predicated on the language

of the Stipulation (the "Motion to Dismiss"). On April 15, 2021, the Court of Appeals dismissed the Appeal.

6. On April 4, 2021, Movant filed a *Motion to Compel Compliance with Stipulation* (the "Motion to Compel"). In the Motion to Compel, Movant contends that the Debtor's Motion to Dismiss the Appeal is a violation of the Stipulation, and requests this Court enter an order to compel the Debtor to comply with the Stipulation to allow the Appeal to continue.

7. On April 5, 2021, the Court entered the Scheduling Order which provides that oppositions to the Motion to Compel must be filed by **April 19, 2021, at 5:00 p.m.** and Movant's reply by **April 26, 2021, at 5:00p.m**. [ECF No. 16314].

8. The Debtor and Movant have had multiple communications since the filing of the Motion to Compel to explore the possibility of a consensual resolution of the same. Nevertheless, the parties need additional time to continue conversations to determine whether a consensual resolution of the Motion to Compel is possible. The Debtor reached out to Movant to seek its consent for the present motion but has yet to receive a response. Accordingly, the Debtor proposes the following extensions of the deadlines.:

- The deadline to respond to the Motion to Compel shall be extended to **April 26, 2021**.
- The deadline for Movant to file a reply to an opposition, if any, shall be extended to **May 3, 2021.**

9. Pursuant to Paragraph I.H of the *Fourteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 15894-1] (the "Case Management Procedures"), the Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; it has not created the urgency through any lack of due diligence; has made a bona fide effort to resolve the matter without a hearing; has made reasonable, good-faith

communications in an effort to resolve or narrow the issues that are being brought to the Court, and no party opposes the relief requested herein.

### Notice

10. The Debtor has provided notice of this motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[3] (i) all parties filing a notice of appearance in these Title III cases; and (j) Movant. A copy of the motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

11. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor requests the Court enter the Proposed Order and grant such other relief as is just and proper.

*[Remainder of Page Left Intentionally Blank]*

---

[3] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

Dated: April 19, 2021
San Juan, Puerto Rico


Respectfully submitted,

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

*/s/Susana I. Peñagarícano-Brown*
**SUSANA I. PEÑAGARÍCANO-BROWN**
USDC-PR No. 219907
Deputy Secretary in Charge of Litigation
Department of Justice of Puerto Rico
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Email: spenagaricano@justicia.pr.gov Phone:
Phone: (787)721-2900, ext. 1404

Attorneys for the Commonwealth of Puerto Rico

**<u>Exhibit A</u>**

**Proposed Order**