# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br><br>The Commonwealth of Puerto Rico,<br><br>    Debtor. | PROMESA Title III<br><br>Civil Action No. 17 BK 3283-LTS<br><br>MILLIMAN'S OBJECTIONS TO SUBPOENA FOR DOCUMENTS |

## MILLIMAN'S RESPONSE & OBJECTIONS TO SUBPOENA FOR DOCUMENTS

Milliman, Inc. ("**Milliman**") hereby responds and objects to the requests for documents to Milliman contained in the subpoena from Ambac Assurance Corporation ("Ambac") served January 15, 2021.

## GENERAL OBJECTIONS

A. Milliman objects to all requests seeking documents already in any of the parties' possession, custody or control.

B. Milliman objects to all requests calling for trade secrets, confidential research, development, business or commercial information, or any confidential or proprietary information of Milliman.

C. Milliman objects to all requests seeking documents which are protected by the attorney-client privilege, accountant-client privilege, work product doctrine, or any other applicable privilege.

D. Milliman objects to the "Instructions" of the subpoena to the extent they impose obligations or burdens beyond those required by applicable substantive law.

E. Milliman's objections are made without waiver of, and with preservation of: (i) all questions as to competency, relevancy, materiality, privilege, and admissibility of these responses, the documents produced hereunder and the subject matter thereof, as evidence for any purpose in any further proceeding in this action and in any other action; (ii) the right to object to the use of any such responses, the documents produced hereunder, or the subject matter thereof, on any grounds in any further proceeding of this action and in any other action; (iii) the right to object on any grounds at any time to a demand or request for further discovery proceedings.

7327054.1

F. Milliman objects to all requests calling for documents that were not prepared in work for the Debtor; such documents are irrelevant to this dispute, disproportionate and unduly burdensome to produce, and such requests may unnecessarily and unduly invade and require the production of confidential and proprietary information of Milliman and its clients that are completely unrelated to this dispute.

G. Except as otherwise indicated herein, Milliman also objects that documents which were not provided to the Debtor would be irrelevant to this dispute, disproportionate and unduly burdensome for Milliman to produce, and entirely non-probative; Milliman's work product here is self-contained, such that another qualified actuary would and should not need anything other than the data set considered (from the Debtor) and the methodology and assumptions identified in Milliman's work product.

H. Milliman objects to requests calling for information which would not be necessary for an actuary to replicate Milliman's analysis, which is self-contained in what it has provided to Milliman's clients (excepting documents Milliman has agreed to produce related to edited census data). See generally Actuarial Standard of Practice #41.

I. Milliman objects to the time frame on the subpoena and will, except where otherwise stated, limit production to documents prepared or generated by Milliman between June 30, 2016 – December 31, 2017.

J. Milliman objects to requests seeking to discover information related to valuation reports that have not yet been finalized and published.

K. Milliman hereby incorporates these General Objections into the responses to each of the requests as if fully set forth therein. Milliman's references below to specific portions of these General Objections are for ease of reference and clarity only: they do not limit the applicability of these General Objections.

## SPECIFIC RESPONSES & OBJECTIONS

1. Documents (including, without limitation, Communications) concerning the pension liability of the Commonwealth's Pension Systems that the Commonwealth is projected to incur from fiscal year 2018 and thereafter, including:

   (a) Documents (including, without limitation, Communications) concerning the methodology applied by the Pension Systems to determine their unfunded accrued actuarial pension liability, and the reasons for selection of that methodology.

   (b) Documents (including, without limitation, Communications) concerning the amount and/or valuation of the Pension Systems' future annual required pay-as you-go contributions.

    (c) Documents (including, without limitation, Communications) concerning the effect of conversion to the pay-as-you-go system on the amount of the Pension Systems' liability for pension obligations.

    (d) Documents (including, without limitation, Communications) concerning the methodology applied by the Pension Systems to determine their future annual required pay-as-you-go contributions, and the reasons for selection of that methodology.

- **Response:** Milliman objects to this request as overbroad, vague, unduly burdensome, disproportionate, irrelevant, and seeking to discover information related to valuation reports that have not yet been finalized and published. Milliman further objects to this Request to the extent it seeks documents protected from discovery, including without limitation documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the common interest doctrine, or any other applicable privilege.

2. Documents concerning the Actuarial Valuation Reports (including, without limitation, the forthcoming 2018 Actuarial Valuation Report), including:

    (a) Documents considered and supporting the determinations contained therein.

    (b) Documents regarding the asset information used in the Actuarial Valuation Reports, including but not limited to 2017 and 2018 unaudited financial statements for ERS, TRS, and JRS.

    (c) Documents (including, without limitation, Communications) sufficient to identify the basis and reasons for any projections, conclusions, or opinions contained in the Actuarial Valuation Reports (including, without limitation, the calculation of total pension liability valuations based on basic system benefits and system administered benefits, net fiduciary position of ERS, TRS, and JRS, and the net pension liability of ERS, TRS, and JRS), and the facts and data considered in connection therewith.

    (d) Documents (including, without limitation, Communications) concerning the actuarial or other assumptions considered in connection with the Actuarial Valuation Reports, including, without limitation, assumptions concerning investment returns, municipal bond rates, discount rates, compensation increases, and rates of retirement. This request shall include, without limitation, documents concerning changes over time to the actuarial or other assumptions used in the Actuarial Valuation Reports.

- **Response:** Milliman objects to this request as overbroad, vague, unduly burdensome, disproportionate, irrelevant, and seeking to discover information related to valuation reports that have not yet been finalized and published   Subject to and without waiving the foregoing objections, Milliman will produce responsive, non-

-3-

7327054.1

privileged documents constituting the edited census data (subject to Ambac executing an appropriate third-party release) and documents discussing the assumptions related to that edited census data.

3. Documents (including, without limitation, Communications) provided by the Commonwealth (including, without limitation, by the Pension Systems), to You.

- **Response:** Milliman objects to this request as overbroad, unduly burdensome and disproportionate, seeking documents in the possession, custody, or control of a party from a non-party, without an appropriate predicate or specificity. Milliman also objects that this request is irrelevant for the reasons stated in General Objection H, as well as seeking to discover information related to valuation reports that have not yet been finalized and published. . Milliman further objects to this Request to the extent it seeks documents protected from discovery, including without limitation documents protected by the attorney-client privilege, work product doctrine, deliberative process privilege, the common interest doctrine, or any other applicable privilege.

4. Documents (including, without limitation, Communications between You, the Commonwealth, and/or the Oversight Board and internal Communications) concerning the Oversight Board's decision to utilize $55.6 billion as the Commonwealth's pension obligation amount in the Amended Plan of Adjustment and associated Disclosure Statement filed on February 28, 2020.

- **Response:** Milliman objects to this request as overbroad, vague, unduly burdensome, disproportionate, irrelevant, asking Milliman for documents related to matters outside its scope of work. Milliman has not been involved in any "decision to utilize" the number cited, or the filings cited. Subject to and without waiving the foregoing objections, none.

5. Documents (including, without limitation, Communications) considered and/or relied upon by You in connection with the Actuarial Valuation Reports, including:

  (a) Documents (including, without limitation, Communications) considered and/or relied upon by You to determine or calculate pension benefit obligations for all Pension Systems' members or their beneficiaries.

  (b) Documents (including, without limitation, Communications) considered and/or relied upon by You to determine or calculate projected pension benefit obligations for all Pension Systems' members or their beneficiaries.

  (c) Documents (including, without limitation, Communications) considered and/or relied upon by You concerning updated contribution and disbursement amounts for the Pension Systems for plan years 2013 to the present.

- **Response:** Milliman objects to this request as overbroad, vague, unduly burdensome, disproportionate, irrelevant, and seeking to discover information related

-4-

to valuation reports that have not yet been finalized and published. Subject to and without waiving the foregoing objections, Milliman will produce responsive, non-privileged documents constituting the edited census data (subject to Ambac executing an appropriate third-party release) and documents discussing the assumptions related to that edited census data.

6. Documents (including, without limitation, Communications) concerning any guidelines, policies, procedures, practices, rules, staff instructions, or standards applicable to the Pension Systems or used by the Pension Systems.

- **Response:** Milliman objects to this request as irrelevant, unduly burdensome and disproportionate, seeking documents in the possession, custody, or control of a party from a non-party, without an appropriate predicate or specificity.

7. Documents (including, without limitation, Communications) concerning the quality and sufficiency of the data provided to You to use in connection with the Actuarial Valuation Reports and how any deficiencies in or limitations of data were taken into account in producing the Actuairual [sic][1] Valuations.

- **Response:** Milliman objects to this request as overbroad, vague, and potentially unduly burdensome; Milliman also objects to the extent that this request seeks to discover information related to valuation reports that have not yet been finalized and published. Subject to and without waiving the foregoing objections, Milliman will produce responsive, non-privileged documents constituting the edited census data (subject to Ambac executing an appropriate third-party release) and documents discussing the assumptions related to that edited census data.

8. Documents (including, without limitation, Communications) concerning the amount and/or valuation of the Pension Systems' invested assets or the Pension Systems' investment strategy for its invested assets, including, without limitation, Documents concerning the Pension Systems' determination, calculation, estimation, or projection of future investment return on assets.

- **Response:** Milliman objects to this request as overbroad, vague, unduly burdensome, disproportionate, irrelevant, asking Milliman for documents related to matters outside its scope of work. Milliman has not been involved in investment strategy. Subject to and without waiving the foregoing objections, none.

9. Documents sufficient to identify the individuals and entities responsible for (i) contributing to the Actuarial Valuation Reports, (ii) determining and/or valuing the Pension Systems' current and projected pension liabilities, and (iii) determining and/or implementing the Pension Systems' investment strategy for its invested assets.

---

[1] As spelled in Ambac's subpoena.

-5-

7327054.1

- **Response:** Milliman objects to the second and third parts of this request as overbroad, vague, unduly burdensome, disproportionate, irrelevant, asking Milliman for documents related to matters outside its scope of work. Milliman has not been involved in investment strategy. Subject to and without waiving the foregoing objection, the Actuarial Valuation Reports identify the relevant individuals and entities contributing to them.

10. Documents (including, without limitation, Communications) concerning the impact of Hurricanes Irma and María and/or the COVID-19 pandemic on (i) the actuarial assumptions used to value the Pension Systems' unfunded accrued actuarial pension liability, and (ii) the amount and/or valuation of the Pension Systems' future annual required pay-as-you-go contributions.

- **Response:** Milliman objects to this request as overbroad, vague, unduly burdensome and disproportionate. While the data analyzed by Milliman reflect events in the world, Milliman's analysis is limited to that data. Subject to and without waiving the foregoing objections, none.

11. Documents (including, without limitation, Communications) concerning pension payments or claims determined or alleged to be fraudulent or investigated for fraud.

- **Response:** Milliman objects to this request as overbroad, vague, unduly burdensome, disproportionate, irrelevant, asking Milliman for documents related to matters outside its scope of work. Milliman has not been involved in administration of pension payments or claims. Subject to and without waiving the foregoing objections, none.

[END OF RESPONSES / OBJECTIONS]

Dated: January 29, 2021.

/s/ Frank S. Harrison
Frank S. Harrison, WSBA #53890, FL Bar #99438
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Email: Fharrison@williamskastner.com

*Attorneys for Milliman, Inc.*