# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO RESPONSE FILED BY HELVIA CAPARROS SANTOS [ECF NO. 15856] TO THE TWO HUNDRED NINETY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT BOND CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the *Response to Objection to Claim Number 17107* [ECF No. 15856] (the "Response"), filed by claimant Helvia S. Caparros Santos ("Caparros Santos"), to the *Two Hundred Ninety-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Highways and Transportation Authority to Deficient Bond Claims* [ECF No. 15716] (the "Two Hundred Ninety-Third Omnibus Objection"). In support of this Reply, the Debtors respectfully state as follows:

1. On January 22, 2021, the Oversight Board filed the Two Hundred Ninety-Third Omnibus Objection, seeking to disallow in their entirety certain claims which purport to assert liabilities associated with investments in government-issued bonds, but which fail to provide critical information needed to understand what liabilities, if any, the Commonwealth, ERS, HTA, or any other Title III Debtor may owe (the "Deficient Bond Claims"), each as set forth in Exhibit A thereto. As set forth in the Two Hundred Ninety-Third Omnibus Objection, each of the claimants subject thereto received a Mailing,[3] which was sent to claimants whose claims did not provide the information necessary to enable the Commonwealth, ERS, HTA, or any other Title III Debtor to understand what liabilities the Title III Debtors might owe. Each of the claimants

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Two Hundred Ninety-Third Omnibus Objection.

2

subject to the Two Hundred Ninety-Third Omnibus Objection either failed to respond or insufficiently responded to the Mailing.

2. Any party who disputed the Two Hundred Ninety-Third Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on February 24, 2021, in accordance with the Court-approved notice attached to the Two Hundred Ninety-Third Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Two Hundred Ninety-Third Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined by the *Thirteenth Amended Case Management Procedures* [ECF No. 13512-1]). *See Certificate of Service* [ECF No. 15788].

3. Caparros Santos filed a proof of claim against the Commonwealth on May 21, 2018, and it was logged by Prime Clerk as Proof of Claim No. 17107 (the "Caparros Santos Claim"). The Caparros Santos Claim asserts liabilities of $12,145.25 against the Commonwealth, purportedly based on the "Commonwealth of Puerto Rico's Bonds." The Caparros Santos Claim attached as supporting documentation the first page of Caparros Santos's UBS account statement. Because the UBS investment account statement was incomplete, the Debtors were unable to ascertain what bonds, if any, Caparros Santos held, let alone whether those bonds were issued by the Commonwealth or any of its instrumentalities. Accordingly, the Debtors sent Caparros Santos a Mailing requesting she provide information sufficient to enable the Debtors to reconcile the Caparros Santos Claim, such as an identification, by CUSIP number and amount claimed, of any bonds she purported to own.

4. Caparros Santos thereafter submitted a partially completed Mailing which purported to provide a CUSIP number associated with her bonds. The number provided, however, is in fact an account number associated with Caparros Santos's UBS investment account.

3

Based on a search of the Electronic Municipal Market Access system, the number provided by Caparros Santos does not correspond to any CUSIP number assigned to any bonds issued by the Commonwealth of Puerto Rico or any of its instrumentalities. Accordingly, neither the Caparros Santos Claim nor Caparros Santos's returned Mailing provided information sufficient to enable the Debtors to reconcile the Caparros Santos Claim.

5. Caparros Santos filed the Response on February 16, 2021. Therein, Caparros Santos stated the UBS investment account statement "is the supporting documentation in her possession for asserting her claim against the Commonwealth of Puerto Rico," and that the statement "shows . . . her investment account in Puerto Rico bonds had a value of $7,860.00." Resp. at 2, 3. Although the Response did not include any additional pages of the UBS investment account statement, Debtors' counsel contacted counsel for Caparros Santos to request a copy of the complete account statement, and on February 25, 2021, the Debtors received additional UBS account statement documents from Caparros Santos, which are attached hereto as "Exhibit A." Caparros Santos's UBS account statement indicates that Caparros Santos is a purported investor in one or more mutual funds that in turn may have invested in bonds issued by the Commonwealth. "A creditor, under the [Bankruptcy] Code, is one who has a claim *against the debtor* or the estate," rather than "a creditor of one of the debtor's creditors." *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997). Because, at most, the Caparros Santos claim was filed based on Caparros Santos's status as an alleged creditor of an alleged creditor of the Commonwealth, the Caparros Santos claim was not filed by an actual creditor of the Commonwealth. *See In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (holding receiver lacked standing to file a proof of claim because it was not a creditor or an authorized agent of a creditor). Instead, the Caparros Santos claim is derivative of claims that must be asserted by the mutual funds directly

4

for any claimed recovery to be considered by the Court.  *See Matter of Goldman*, 82 B.R. at 896 (finding party with "derivative" relationship has "no claim against the estate's asset" and "as a general rule has no standing in Debtor's bankruptcy proceedings").  Moreover, it is unknown whether the mutual fund still retains ownership of the suspect bonds.

6. Accordingly, because Caparros Santos is not a creditor of the Commonwealth and lacks standing to assert the derivative Caparros Santos claim, the Debtors respectfully request that the Court grant the Two Hundred Ninety-Third Omnibus Objection and disallow the Caparros Santos Claim, notwithstanding the Response.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 21, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and Puerto Rico Highways and Transportation Authority*