# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | Case No. 17 BK 3283-LTS |
|     as representative of | |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
|                 Debtors.[1] | |

---------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| | Case No. 17 BK 5523-LTS |
|     as representative of | |
| | (Jointly Administered) |
| PUERTO RICO PUBLIC BUILDINGS AUTHORITY, | |
|               Debtor. | |

---------------------------------------------------------------------x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**ORDER GRANTING MOTION OF PUBLIC BUILDINGS AUTHORITY PURSUANT TO BANKRUPTCY CODE SECTION 105, PROMESA SECTION 315(a), AND BANKRUPTCY RULE 9019 FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH TRIPLE-S PROPIEDAD, INC. AND GRANTING RELATED RELIEF**

Upon consideration of: (i) the motion [Case No. 17-bk-3283, ECF No. 16246; Case No. 19-bk-5523, ECF No. 113]  (the "Motion"),[2] filed by the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), as sole Title III representative of the Puerto Rico Public Buildings Authority ("PBA") in this Title III case pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101–2241; (ii) the objections to the Motion, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the hearing on the Motion or submitted in advance of the hearing on the Motion, if any; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is:

**FOUND AND DETERMINED THAT**:[3]

1.      This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

2.      Venue in this district is proper pursuant to section 307(a) of PROMESA.

3.      The relief requested in the Motion, the payment of an additional $46,481,937.00 to PBA by TSP in full and complete settlement of PBA's claims relating directly or indirectly to the claim for damage due to Hurricane Maria and to the Policies, and the other terms of the Settlement Agreement, are in the best interests of PBA, its creditors, TSP, and any other parties in interest.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

4.      Based upon the Certificates of Service filed in connection with the Motion, FOMB and PBA provided adequate and appropriate notice of the Motion under the circumstances to: (i) TSP; (ii) the Office of the United States Trustee for the District of Puerto Rico; (iii) the indenture trustees and/or agents, as applicable, for PBA's bonds; (iv) all claimholders in PBA's Title III case; (v) the statutory unsecured claimholders' committee appointed in this Title III Case; (vi) the Office of the United States Attorney for the District of Puerto Rico; (vii) counsel to AAFAF; (viii) the Puerto Rico Department of Justice; and (ix) all parties who have requested service in the Title III Cases of PBA and the Commonwealth.  No other or further notice of the Settlement Agreement or Motion is required.  Such parties served with notice of the Motion have been provided adequate and appropriate notice of the Settlement Agreement and Motion and afforded an opportunity to be heard with respect to the Motion, any potential claim to the Settlement Amount, and all other relief otherwise requested therein.

5.      As per the Settlement Agreement, payment of the Prior Payment of $35,518,063.00 and of the Settlement Payment of $46,481,937.00 (collectively, the "Settlement Amount") to PBA shall satisfy all of TSP's obligations under the Policies.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

I.      The Motion is GRANTED as set forth herein.

II.      The Settlement Agreement, in the form attached to the Motion as Exhibit B, is approved in its entirety.  The failure to specifically describe or include in this Order any particular provision of the Settlement Agreement shall not diminish or impair the effectiveness of any such provision.

III.      With the consent of the FOMB, to the extent, if any, required pursuant to PROMESA section 305, PBA is authorized (i) to execute, deliver, implement and fully perform any and all obligations, instruments, documents, and papers provided for by the Settlement

Agreement, and (ii) to take any and all actions reasonably necessary or appropriate to consummate, complete, execute and implement the Settlement Agreement.

IV.     This Order and the Settlement Agreement constitute and evidence the valid and binding obligations of the Parties thereto.

V.     TSP shall pay the Settlement Payment of $46,481,937.00 to PBA under the Policies within twenty (20) days of a final order granting the Motion and approving the Settlement Agreement becoming nonappealable.

VI.     Any lien, encumbrance, priority or other claims that any PBA Holder or GO Holder (each as defined in the Plan Support Agreement between the Oversight Board and certain holders of bonds issued by the Commonwealth and PBA, dated as of February 22, 2021, as amended from time to time in accordance with its terms (the "PSA")) may have, if any, against the Settlement Amount is not being adjudicated by the Court pursuant to the Motion or this Order.  No creditor of PBA or other party, in each case to the extent served with notice of and/or with the Motion, shall have any liens, encumbrances, priorities, or other claims against TSP or under the Policies in accordance with this Order; *provided*, *that*, in the event the Confirmation Order is not entered in accordance with the terms of the PSA, nothing in this Order shall be deemed, asserted, or construed to have prejudiced any rights the PBA Holders or the GO Holders may have, if any, with respect to the Settlement Amount, or the rights of the Commonwealth and PBA to challenge any such rights as asserted.  TSP shall not be subject to claims of any parties served with notice of and/or with the Motion with respect to the Policies or payment of the Settlement Amount in accordance with this Order.

VII.   No party served with notice of and/or with the Motion shall interfere with the transfer of the Settlement Payment to PBA or PBA's use of the full Settlement Amount at its discretion.

VIII.   Upon entry of this Order, PBA is authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted herein.

IX.   The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order or the Settlement Agreement.

Dated: _____

_____
HON. LAURA TAYLOR SWAIN
United States District Judge