# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>        v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |

---

[1] The Debtors in these jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    Movant,<br><br>        v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee,<br><br>    Respondents. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>        v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00004-LTS<br><br>PROMESA<br>Title III |
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    Movant,<br><br>        v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Respondents. | |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00005-LTS<br><br>PROMESA<br>Title III |
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Movant,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>Respondents. | |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS TITLE III REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, TO LIMITED OBJECTION OF PSA CREDITORS TO THE MOTION OF THE COMMONWEALTH OF PUERTO RICO, BY AND THROUGH THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, FOR STAY RELIEF TO PROSECUTE <u>FURTHER MOTIONS FOR PARTIAL SUMMARY JUDGMENT</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2], submits this Response to the *Limited Objection of the PSA Creditors to the Motion of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, for Stay Relief Granting Leave to Prosecute Further Motions for Partial Summary Judgment* [ECF No. 16401] (the "Limited Objection") filed by the PSA Creditors,[3] and respectfully requests the Court to issue an order granting the Stay Relief Motion (as defined below), substantially in the form attached hereto as **Exhibit A** (the "Revised Proposed Order").

1. The PSA Creditors' objection to the relief sought in the *Motion of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, for Stay Relief Granting Leave to Prosecute Further Motions for Partial Summary Judgment* [ECF No. 16326] (the "Stay Relief Motion") relates to lifting the litigation stay in the Revenue Bond Adversary Proceedings[4] to permit partial summary judgment motions to be filed with respect to *solely* the counts seeking disallowance of Defendants' purported priority claims. See Limited Objection ¶ 3. These counts, defined in the Limited Objection (¶ 5 n.5) as the "Subject Counts,"[5]

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3] The "PSA Creditors" are defined in the Limited Objection (at 1 n.2).

[4] The "Revenue Bond Adversary Proceedings" are Adversary Proceeding Numbers 20-00003, 20-00004, and 20-00005, and the complaints filed therein styled as *Complaint Objecting to Defendants' Claims and Seeking Related Relief* are collectively referred to as the "Revenue Bond Complaints."

[5] The Subject Counts are: Adv. Proc. No. 20-00003 Counts 25 (Ambac Assurance Corporation ("Ambac")), 51 (Assured Guaranty Corp. ("AGC"), 77 (Financial Guaranty Insurance Corporation ("FGIC"), 101 (U.S. Bank Trust National Association, as Trustee); Adv. Proc. No. 20-00004 Counts 19 (Ambac), 40 (AGC), 61 (FGIC), 80 (The Bank of New York Mellon as Fiscal Agent ("BNYM")); Adv. Proc. No. 20-00005 Counts 19 (Ambac), 42 (AGC), 65 (Assured Guaranty Municipal Corp. ("AGMC")), 88 (National Public Finance

are essentially identical other than the defendant against whom each is alleged. Specifically, the Subject Counts contend: (i) each Defendant's proof of claim against the Commonwealth alleges Defendants' claims are entitled to priority over other unsecured claims; (ii) each Defendant has no such priority under Commonwealth law, and even if it did, such priority would not be enforceable in PROMESA Title III; (iii) Defendants do not have any administrative expense pursuant to PROMESA section 507, because Defendants' claims are not for actual and necessary expenses of preserving the Commonwealth's property for purposes of Bankruptcy Code section 507(a)(2) and 503(b); and (iv) as a result, the Commonwealth is entitled to a judgment disallowing all alleged priority claims.

2. In the Limited Objection, the PSA Creditors argue the Court should maintain the litigation stay for the Subject Counts because a "key component" of the settlements embodied in the current plan support agreement, dated February 22, 2021 (the "2021 PSA"), is the "compromise" of the "issue of whether PROMESA preempts creditor priorities." Limited Objection ¶ 19. The PSA Creditors also argue "plan-related issues should not be separately litigated but should instead be addressed within the plan approval process," and the question of whether PROMESA preempts priorities "provides the foundation for the Amended Commonwealth Plan."[6] Limited Objection ¶ 19. Additionally, the PSA Creditors assert if the Court were to address the question of priority set forth in the Subject Counts, it should conclude that PROMESA does not preempt such priorities. *Id.* ¶¶ 24-32.

3. The Oversight Board respectfully disagrees with the PSA Creditors' (i) implication that the Puerto Rico Constitution's priority they are settling is subject to the same analysis as the

---

Guarantee Corporation ("National"), 111 (FGIC), 133 (Peaje Investments LLC ("Peaje"), 155 (Peaje), 176 (BNYM), 197 (BNYM).

[6] The "Amended Commonwealth Plan" refers to the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, Case No. 17-03283 [ECF No. 15976].

2

priorities Defendants assert, and (ii) contention that PROMESA does not preempt Defendants' asserted priorities. But, the Oversight Board submits that neither the Court nor the parties need engage in those legal debates at this time.

4. Specifically, in light of the Limited Objection, and with full understanding that the issues presented in the Subject Counts regarding "priority" will be addressed in detail, if necessary, in the context of confirmation objections at the latest, the Oversight Board is agreeable to withdrawing the Subject Counts from those upon which the request for lifting the stay is being pursued in the Stay Relief Motion. If, however, the Oversight Board is not granted stay relief on the remaining counts, including those concerning preemption,[7] the Oversight Board reserves its rights to seek stay relief on all counts, including the priority counts, whenever it is next appropriate.

5. Counsel for the Oversight Board has conferred with counsel for the PSA Creditors in connection with its proposed modification of the counts at issue in the Stay Relief Motion. The Oversight Board is authorized to report that, with the proposed modification, the PSA Creditors do not object to the relief sought in the Stay Relief Motion.

6. A Revised Proposed Order, with the Subject Counts excluded from the counts for which the Oversight Board is requesting leave to file partial summary judgment motions, is attached and marked as Exhibit A. A redline comparison of the Revised Proposed Order against the Proposed Order submitted with the Stay Relief Motion, reflecting the deletion of the Subject Counts, is attached and marked as Exhibit B.

*[Remainder of Page Intentionally Left Blank]*

---

[7] *See* Adv. Proc. No. 20-003 Counts 11, 37, 63, 87; Adv. Proc. No. 20-004 Counts 5, 26, 47, 66; Adv. Proc. No. 20-005 Counts 5, 28, 51, 74, 97, 119, 141, 162, 183.

Dated: April 21, 2021

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla Garcia Benitez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com
carla.garcia@oneillborges.com
gabriel.miranda@oneillborges.com

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Jeffrey Levitan
Timothy W. Mungovan
Ehud Barak
(Admitted *Pro Hac Vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
jlevitan@proskauer.com
tmungovan@proskauer.com
ebarak@proskauer.com

Michael A. Firestein
Lary Alan Rappaport
(Admitted *Pro Hac Vice*)
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as Representative of the Commonwealth of Puerto Rico*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: April 21, 2021

                                                            */s/ Hermann D. Bauer*
                                                            Hermann D. Bauer