# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br>        v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00003-LTS<br><br>PROMESA<br>Title III |

---

[1] The Debtors in these jointly-administered Title III cases, along with each Debtor's respective Title III case number (listed as a bankruptcy case number due to software limitations) and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    Movant, <br>        v. <br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., FINANCIAL GUARANTY INSURANCE COMPANY, and U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee, <br><br>    Respondents. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    as representative of <br><br>THE COMMONWEALTH OF PUERTO RICO, <br><br>    Plaintiff, <br>        v. <br><br>AMBAC ASSURANCE CORPORATION, *et al.*, <br><br>    Defendants. | Adv. Proc. No. 20-00004-LTS <br><br>PROMESA <br>Title III |
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    Movant, <br><br>        v. <br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, <br><br>    Respondents. | |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br>        v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00005-LTS<br><br>PROMESA<br>Title III |
| THE COMMONWEALTH OF PUERTO RICO, by and through THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    Movant,<br><br>        v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent,<br><br>    Respondents. | |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS TITLE III REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (I) RESPONSE TO MOTION FOR STAY RELIEF GRANTING LEAVE TO PROSECUTE FURTHER MOTIONS FOR PARTIAL SUMMARY JUDGMENT, AND (II) URGENT CROSS-MOTION FOR STAY RELIEF FOR LEAVE TO FILE LIMITED OBJECTION, OR IN <u>THE ALTERNATIVE, TO INTERVENE</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................................2

BACKGROUND .............................................................................................................................4

ARGUMENT...................................................................................................................................7

I.     There is No Basis for the Committee to Compel Adjudication of Their Proposed Objections..................................................................................................................7

II.    The Balance of Equities Favors Denying the Cross-Motion's Requested Relief of Allowing the Committee to File and Prosecute the Proposed Objections. ..........................9

CONCLUSION................................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Fin. Oversight & Mgmt. Bd. for P.R. v. P.R. Elec. Power Auth. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*,
No. 17 BK 3283-LTS, 2018 U.S. Dist. LEXIS 236732 (D.P.R. Sep. 26, 2018) ...................... 7

*In re Beebe*,
56 F.3d 1384 (5th Cir. 1995) ................................................................................................ 8

*In re Choquette*,
290 B.R. 183 (Bankr. D. Mass. 2003) .................................................................................. 8

*In re Dow Corning Corp.*,
244 B.R. 721 (Bankr. E.D. Mich. 1999), *rev'd on other grounds*, 255 B.R. 445
(E.D. Mich. 2000), *aff'd*, 280 F.3d 648 (6th Cir. 2002) ........................................................ 8

*Kowal v. Malkemus (In re Thompson)*,
965 F.2d 1136 (1st Cir. 1992) .......................................................................................... 2, 8

*Law Debenture Tr. Co. v. Kaiser Aluminum Corp. (In re Kaiser Aluminum Corp.)*,
399 B.R. 91 (D. Del. 2006) .................................................................................................. 6

*Moore v. Equitrans, L.P.*,
No. 12-cv-00123, 2016 WL 1239266 (N.D. W. Va. March 29, 2016) ................................. 9

*RWNIH-DL 112nd St. 1 LLC v. Futterman (In re Futterman)*,
No. 17-01223, 2019 WL 2553614 (Bankr. S.D.N.Y. June 20, 2019) ................................. 10

*Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)*,
423 F.3d 166 (2d Cir. 2005) ................................................................................................ 6

**STATUTES**

11 U.S.C. § 502 .............................................................................................................. 1, 6, 10

PROMESA § 301(c)(7) ..................................................................................................... 10

PROMESA § 312 ............................................................................................................. 7, 8

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[1], submits this Response to the *Official Committee of Unsecured Creditors' (I) Response to Motion of the Commonwealth of Puerto Rico, By and Through the Financial Oversight and Management Board, for Stay Relief Granting Leave to Prosecute Further Motions for Partial Summary Judgment, and (ii) Urgent Cross-Motion for Stay Relief for Leave to File Limited Objection, or in the Alternative, to Intervene* [ECF No. 16403] (the "Cross-Motion") filed by the Official Committee of Unsecured Creditors (the "Committee"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Cross-Motion expresses the Committee's support for (i) the *Motion of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, for Stay Relief Granting Leave to Prosecute Further Motions for Partial Summary Judgment* [ECF No. 16326] (the "Stay Relief Motion"), and (ii) the Oversight Board's request to file additional motions for partial summary judgment on further specified counts of the complaints (the "Specified Counts") in the Revenue Bond Adversary Proceedings.[2] Despite this support, however, the Committee seeks its own relief from the litigation stay and authority to file separate claim objections under Bankruptcy Code section 502 which, by the Committee's own admission, would be redundant of counts already asserted by the Oversight Board in the Revenue Bond Adversary

---

[1] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[2] The "Revenue Bond Adversary Proceedings" are Adversary Proceeding Numbers 20-00003, 20-00004, and 20-00005, and the complaints filed therein styled as *Complaint Objecting to Defendants' Claims and Seeking Related Relief* are collectively referred to as the "Revenue Bond Complaints."

2

Proceedings. *See* Cross-Motion ¶ 2 ("The Proposed Objections would seek the same ultimate relief as these counts (*i.e.*, disallowance of the Defendants' claims) . . . ."). Alternatively, the Committee seeks leave to intervene in the Specified Counts so the Committee "can participate directly in the summary judgment briefing itself [as it has done in the past]." *Id.* ¶ 6. For the reasons set forth below, while the Oversight Board does not object to the Committee's intervention (subject to the current limitations), the Cross-Motion's request to permit the Committee to file separate claim objections seeking disallowance of Defendants' proofs of claim should be denied.

2. As the Cross-Motion acknowledges (¶¶ 11-12), the Committee already has intervened in the Revenue Bond Adversary Proceedings. As an intervenor, the Committee is able to participate in the existing summary judgment motions filed by the Oversight Board. The Cross-Motion improperly seeks to allow the Committee an independent role in addressing the claims subject to the Revenue Bond Adversary Proceedings that could conflict with the Oversight Board. Simply put, the Committee appears, once again, to be trying to take control and use that leverage to help negotiate the plan of adjustment. The Committee wants to file new claim objections with the motive of impeding potential settlements to extract leverage in plan negotiation. There is no reasoned basis to modify the litigation stay in a manner calculated to deprive the Oversight Board of its exclusive right to propose a plan of adjustment by providing the Committee control over significant claim objections.

3. There also is no legal justification for the Committee's request. The simple fact that the Oversight Board seeks relief from the litigation stay does not provide the Committee with an independent basis to file claim objections. Moreover, First Circuit jurisprudence limits standing to prosecute claims objections. A party other than the trustee can only prosecute a claim objection if the trustee refuses to take any action and the creditor can show its objection would benefit the estate. *See Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1147 (1st Cir. 1992) ("[A]bsent

3

leave of court, [a] trustee alone may interpose objections to proofs of claim. Leave to object is not generally accorded an individual creditor unless the chapter 7 trustee refuses to object, notwithstanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead."). Here, the Oversight Board *is* prosecuting claims objections, so there is simply no basis for the Committee to be granted standing, let alone equal control.

4. As the Committee is well aware, the Oversight Board has reached an agreement in principle with two defendants and is negotiating final documentation. The relief requested in the Cross-Motion can only be designed to provide the Committee with improper leverage over existing or future settlements which the Oversight Board might reach with claimholders. Notably, the Committee would get its day in Court and can oppose a settlement when those are brought before the Court, but the Committee should not be able to use the tactic of a claim objection to block the parties from reaching a settlement in the first place. Indeed, the Committee has been unashamed about trying to exploit that strategy in other Title III cases. As an example, in the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") Title III case, the Committee unsuccessfully tried to use the existence of its pending claim objections in a wrong-headed attempt to scuttle the settlements the Oversight Board reached with creditors because the Committee is dissatisfied with the treatment provided for general unsecured claimholders in the Commonwealth's proposed plan of adjustment. Recognizing the Committee seems to be operating from the same playbook here, the Court should disallow the Committee's gambit at its inception and reject its request to file new claim objections.

## BACKGROUND

5. On January 16, 2020, the Oversight Board, on behalf of the Commonwealth, filed the Revenue Bond Complaints.

4

6. On February 11, 2020, the Committee moved to intervene in the Revenue Bond Adversary Proceedings, but only with respect to certain specified counts in the Revenue Bond Complaints. *See* Adv. Proc. No. 20-00003 [ECF No. 9]; Adv. Proc. No. 20-00004 [ECF No. 11]; Adv. Proc. No. 20-00005 [ECF No. 9] (collectively, the "Intervention Motions"). The Committee represented in the Intervention Motions it sought only to intervene in certain counts (as defined therein, the "Intervenor Counts") concerning Defendants' asserted liens and other property interests in the Relevant Revenues.[3] *See, e.g.*, Adv. Proc. No. 20-00003 [ECF No. 9] ¶ 13. Although there was no limitation on the counts to which the Committee could intervene, the Committee expressly noted in the Intervention Motions that it was "not seeking to intervene in any count to which an objection could be raised in a claim objection," and that it "expressly reserve[d] the right to do so in the future." *See, e.g.*, *id.*

7. On March 2, 2020, the Court entered an order (the "Intervention Order") granting in part and denying in part the Intervention Motions. *See* Adv. Proc. No. 20-00003 [ECF No. 27]; Adv. Proc. No. 20-00004 [ECF No. 25]; Adv. Proc. No. 20-00005 [ECF No. 37]. The Court allowed the Committee to participate in the litigation concerning the Intervenor Counts, subject to specified limitations. *Id.* at 4-6. For example, the Court rejected the Committee's request to submit briefs longer than seven pages and to have the authority to be heard at oral argument without prior authorization from the Oversight Board. *Id.* at 5-6. Further, the Court rejected the Committee's request to add language confirming the order would not limit its standing to file appeals relating to the settlement or disposition of the Revenue Bond Adversary Proceedings, noting "[i]n this Court's view, however, the proposed language adds confusion to the extent that it implies a grant

---

[3] As defined in the Stay Relief Motion (¶ 7), "Relevant Revenues" comprise (i) certain taxes and fees levied and collected by the Commonwealth which historically were appropriated and transferred to CCDA and HTA, and (ii) certain rum taxes covered into the Commonwealth Treasury by the United States Treasury, which historically were appropriated and transferred to PRIFA.

5

of authority to block a settlement by filing an appeal, where no such authority previously existed." Intervention Order at 7.

8. On March 10, 2020, the Court entered the *Final Case Management Order for Revenue Bonds*, Case No. 17-03283 [ECF No. 12186] (the "Revenue Bonds CMO"), which, among other things, stayed the Revenue Bond Adversary Proceedings except for summary judgment motion practice on certain identified counts. *See* Revenue Bonds CMO ¶ 2. As relevant here, the Court noted intervening parties in the Revenue Bond Adversary Proceedings—including the Committee—may file briefs of up to seven pages on issues not raised by the named parties, and "[t]his restriction is without prejudice to any party's, including intervenors', right to seek leave of the Court to file additional briefing in connection with such motions." *Id.* ¶ 2 n.3.

9. The Oversight Board and the Committee have complied with the terms of the Court's Intervention Order in connection with prosecution of the Intervenor Counts, as well as the general terms set forth in the Revenue Bonds CMO. For example, as noted in the Cross-Motion (¶ 12), the Committee filed limited joinders to the 2020 Partial Summary Judgment Motions (as defined in the Stay Relief Motion). To date, the Committee has not expressed any difficulty with participating in this fashion in the prosecution of the Revenue Bond Adversary Proceedings, nor has it been precluded from providing its views to the Court.[4]

---

[4] Not only has the Committee been granted intervention rights in all of the counts in which it requested to do so (*see* Intervention Order at 4), it also has been given the opportunity to review pleadings in advance of filings made by the Oversight Board. Additionally, the Committee has filed joinders (or limited joinders) in connection with the Oversight Board's 2020 Partial Summary Judgment Motions and briefing related thereto. *See, e.g.*, *Limited Joinder of Official Committee of Unsecured Creditors in Support of Memorandum of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, in Support of Motion Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims*, Adv. Proc. No. 20-00003 [ECF No. 52]; *Limited Joinder of Official Committee of Unsecured Creditors in Support of Reply Memorandum of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, in Support of Motion Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims*, Adv. Proc. No. 20-00003 [ECF No. 92].

## ARGUMENT

### I. There is No Basis for the Committee to Compel Adjudication of Their Proposed Objections.

10. There is no legal justification to lift the litigation stay so the Committee may file its Proposed Objections (as defined in the Cross-Motion ¶ 2). The Committee contends it has "an absolute statutory right" to file the Proposed Objections pursuant to section 502 of the Bankruptcy Code. However, even if the Committee has the independent right to file claims objections (as explained below, it does not), as this Court has held, "section 502 [of the Bankruptcy Code] does not compel the Court to schedule a hearing on the merits of a claim objection at any particular time." *See Memorandum Order Terminating Objection of Official Committee of Unsecured Creditors to Proof of Claim Number 18499 Filed by U.S. Bank National Association, in its Capacity as Trustee for Non-Recourse PREPA Bonds*, Case No. 17-04780 [ECF No. 1855] (the "PREPA Claim Objection Order") at 5; *see also Law Debenture Tr. Co. v. Kaiser Aluminum Corp. (In re Kaiser Aluminum Corp.)*, 399 B.R. 91, 94 (D. Del. 2006) (rejecting argument that claim objection must be heard before trustee's settlement). And creditors cannot displace the rights of a trustee to control claim objections or resulting settlements of such claims. *See Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)*, 423 F.3d 166, 182-83 (2d Cir. 2005) (Bankruptcy Code does not give creditors the "unilateral right to take control of the estate's legal causes").

11. The Committee has known the details of the Oversight Board's objections to Defendants' proofs of claim since the Revenue Bond Complaints were filed in January 2020. The Committee's current request to file its own objections is an unveiled attempt to prevent the Oversight Board from settling and adding consensual arrangements to its proposed plan of adjustment. The Committee again wants to litigate whatever the Oversight Board settles. *See* PREPA Claim Objection Order at 5-6 (terminating the Committee's objection to PREPA

7

bondholders' claims because it would interfere with settlement of those claims proposed by Oversight Board).

12. Nor does the mere fact the Oversight Board requested modification of the litigation stay provide a basis for the relief sought by the Committee in its Cross-Motion. The Stay Relief Motion seeks relief from the litigation stay for the *sole* purpose of allowing the Oversight Board to file targeted summary judgment motions to determine whether Defendants have allowable claims, including unsecured claims, against the Commonwealth—a determination that " will have a significant impact on the potential success or viability of the plan: rulings unfavorable to creditors will provide clarity regarding their rights, if any, against the Commonwealth; rulings unfavorable to the Commonwealth could require a material modification to the proposed plan for it to move forward." *Memorandum of Law in Support of Motion of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, for Order Granting Stay Relief to Permit Prosecution of Further Motions for Partial Summary Judgment* [ECF No. 16327] (the "Stay Motion Memorandum") ¶ 7. The litigation stay would otherwise remain in effect. Allowing the Committee to file *and prosecute* the new Proposed Objections now—simply because the Oversight Board has done so—is not rooted in the law and would sabotage the very limited nature of the Stay Relief Motion by allowing the raising of redundant issues and potentially undermining the prosecution of these cases.

13. The Oversight Board—not the Committee—is the only entity that can propose a plan of adjustment pursuant to PROMESA section 312, and the only entity entrusted with the duty to move these cases along and achieve the goals of PROMESA. The Court should not replace the Oversight Board's discretion as to what plan of adjustment is best for the Commonwealth with that of the Committee. *See Fin. Oversight & Mgmt. Bd. for P.R. v. P.R. Elec. Power Auth. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, No. 17 BK 3283-LTS, 2018 U.S. Dist. LEXIS 236732, at

8

\*22 (D.P.R. Sep. 26, 2018) ("PROMESA creates a statutory structure that is protective of the Oversight Board's authority under Section 312(a) of PROMESA, which grants the Oversight Board the exclusive right to propose a Title III plan of adjustment that must be consistent with the applicable certified fiscal plan to be eligible for confirmation. Together, these provisions underscore the central, discretionary role that Congress has assigned to the Oversight Board in the Title III debt adjustment process.")

14. In any event, the Committee lacks standing to file its proposed claims objections. First Circuit law is clear that "absent leave of court, the chapter 7 trustee alone may interpose objections to proofs of claim." *See Kowal*, 965 F.2d at 1147; *see also, e.g., In re Dow Corning Corp.*, 244 B.R. 721, 751 (Bankr. E.D. Mich. 1999), *rev'd on other grounds*, 255 B.R. 445 (E.D. Mich. 2000), *aff'd*, 280 F.3d 648 (6th Cir. 2002) (unsecured creditors' committee does not have standing to file claim objection, because once debtor-in-possession has filed objection to claim "no useful purpose would be served in allowing [another creditor] to pursue its own objections to these claims. Conversely, allowing such a course of action would waste judicial resources and delay administration of the bankruptcy estate to its and its creditors' detriment with no corresponding benefit to the estate. This would undermine the articulated policy concern of an orderly and efficacious administration of the bankruptcy estate."); *In re Choquette*, 290 B.R. 183, 188 n.9 (Bankr. D. Mass. 2003) ("a creditor may seek leave from the court to object to a proof of claim only if the trustee refuses to take any action.") (quoting *In re Simon*, 179 B.R. 1, 6-7 (Bankr. D. Mass 1995)) (emphasis in original). Because the Oversight Board is actively prosecuting a claims objection, First Circuit precedent precludes the relief requested by the Committee.

**II. The Balance of Equities Favors Denying the Cross-Motion's Requested Relief of Allowing the Committee to File and Prosecute the Proposed Objections.**

15. The Cross-Motion should be denied on the additional ground that the relevant equities weigh against it. *See In re Beebe*, 56 F.3d 1384, at \*3 (5th Cir. 1995) (when evaluating

9

Document Page 14 of 19

whether to lift or continue an existing stay, courts should consider any new developments to determine "whether the equities continue to justify a stay") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 258 (1936)); *see also Moore v. Equitrans, L.P.*, No. 12-cv-00123, 2016 WL 1239266, at *1 (N.D. W. Va. March 29, 2016) ("In making [the determination of whether to lift stay], a court must weigh the equities and consider the interests of judicial economy and the desire for the orderly and expedition disposition of cases.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

16. *First*, lifting the litigation stay to allow the Committee to file new claim objections would not be beneficial to the administration of the Commonwealth's Title III case. The Oversight Board has already filed the Revenue Bond Complaints seeking to disallow Defendants' proofs of claim in their entirety, filed initial motions for partial summary judgment and, in the Stay Relief Motion, seeks relief from the litigation stay to file further motions for summary judgment on the Specified Counts. The Committee admits its Proposed Objections "would seek the same ultimate relief as these counts," namely, "disallowance of the Defendants' claims." Cross-Motion ¶ 2. The Oversight Board does not object to the Committee participating in the contemplated summary judgment motions in the same role, and subject to the same terms and conditions, set forth in the Intervention Order. But filing *new* claim objections at this point of the litigation, when such arguments admittedly seek the same form of relief as the Oversight Board's existing objections, would provide no added benefit to the parties or to the Court. Indeed, it would only waste time and limited resources.

17. *Second*, permitting the Committee to proceed in the manner requested in the Cross-Motion would prejudice the Oversight Board's efforts to obtain additional support for the Commonwealth's pending plan of adjustment. As previously reported to the Court, the Oversight Board is actively negotiating with many parties under the guidance of the Mediation Team, in the hope of achieving as much consensus as possible on a plan for the Commonwealth. The

Committee's attempt to inject its own claim objections to Defendants' claims at this late stage is a transparent attempt to interfere with the Oversight Board's exclusive authority to settle these claims. *RWNIH-DL 112nd St. 1 LLC v. Futterman (In re Futterman)*, No. 17-01223, 2019 WL 2553614, at *3 (Bankr. S.D.N.Y. June 20, 2019) ("it is the Trustee who is the primary representative of the estate and who has the authority to take action on behalf of the estate," including "the right, on behalf of the estate, to settle any claims that are made against the estate").[5]

18. Indeed, the Committee appears to be using a tactic it has unsuccessfully employed on at least two previous occasions to interfere with settlements negotiated by the Oversight Board pursuant to its exclusive power to do so. In connection with PREPA's motion for an order approving settlements embodied in the Restructuring Support Agreement, *see* Case No. 17-04780 [ECF No. 1235] (the "9019 Motion"), the Committee unsuccessfully argued it had standing to object to the proof of claim filed by the trustee of certain PREPA bonds without leave of Court pursuant to the plain language of section 502 of the Bankruptcy Code. *See* Case No. 17-04780 [ECF No. 1767] ¶ 2. The Court rejected the Committee's argument, concluding the Committee's objection to the trustee's proof of claim "should be adjudicated, if at all, after resolution of the 9019 Motion." *See* PREPA Claim Objection Order at 4. The Court noted that although the Committee, as a party in interest, had the ability to object to a claim, the Oversight Board "'has the ability to compromise that objection, as long as the objectant is given notice and an opportunity to be heard with respect to the fairness and wisdom of the compromise.'" *Id.* at 5 (quoting *In re Heritage Org., LLC*, 375 B.R. 230, 285 (Bankr. N.D. Tex. 2007)).

19. More recently, the Court overruled the Committee's attempt to continue its litigation of its objection to the proof of claim filed by the fiscal agent of certain ERS bonds on the

---

[5] PROMESA section 301(c)(7) provides "[t]he term 'trustee', when used in a section of [the Bankruptcy Code] . . . means the Oversight Board . . . ."

11

same basis. *See Order (I) Granting Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and (II) Adjourning April 29, 2021 Oral Argument*, Case No. 17-03283 [ECF No. 16385] ¶ 2 (holding the Committee's motion "is overruled for substantially the reasons set forth in the [PREPA Claim Objection Order]").

20. The Cross-Motion is nothing more than the Committee's third attempt at this twice-rejected tactic. The Committee appears, once again, to be trying to file new claim objections with the motive of impeding potential settlements. As before, the Committee should not be permitted to "'derail a compromise just by filing its own objection to a claim and demanding control over the disposition of its own objection.'" PREPA Claim Objection Order at 6 (quoting *In re Futterman*, 2019 WL 2553614, at *4). Moreover, the Committee's requested order would displace the Oversight Board's exclusive right to control and compromise claim objections, as well as its ability to resolve claims without interference. *See* PREPA Claim Objection Order at 5-6. Simply put, the Court should reject the Committee's "ask" at its inception, knowing full well what the Committee's intended strategic path is. The Committee will have ample opportunity to raise any relevant or applicable objections through the confirmation process, and there is no reasoned basis to allow it to thwart progress on the current proposed plan of adjustment.

21. *Third*, the Committee will face no prejudice if the relief sought in the Cross-Motion is denied. As noted above, the Intervention Order and the Revenue Bonds CMO expressly provide (i) for the Committee to participate in the Revenue Bond Adversary Proceedings, and (ii) for intervening parties (including the Committee) to seek leave of the Court to file briefs beyond the terms set forth in the Intervention Order. *See* Revenue Bonds CMO ¶ 2 n.3. If the Motion for Stay Relief is granted, the Oversight Board does not object to the Committee being permitted to

12

intervene in the Specified Counts, subject to the terms and conditions set forth in the Intervention Order.

## **CONCLUSION**

22. For all the foregoing reasons, the Committee's new request to modify the Revenue Bonds CMO to permit the Committee to file the Proposed Objections should be denied.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: April 21, 2021 | */s/ Hermann D. Bauer* <br> Hermann D. Bauer <br> USDC No. 215205 <br> Carla Garcia Benitez <br> USDC No. 203708 <br> Gabriel A. Miranda <br> USDC No. 306704 <br> O'NEILL & BORGES LLC <br> 250 Muñoz Rivera Ave., Suite 800 <br> San Juan, PR 00918-1813 <br> Tel: (787) 764-8181 <br> Fax: (787) 753-8944 <br> Email: hermann.bauer@oneillborges.com <br> carla.garcia@oneillborges.com <br> gabriel.miranda@oneillborges.com <br><br> */s/ Martin J. Bienenstock* <br> Martin J. Bienenstock <br> Jeffrey Levitan <br> Timothy W. Mungovan <br> Ehud Barak <br> (Admitted *Pro Hac Vice*) <br> PROSKAUER ROSE LLP <br> Eleven Times Square <br> New York, NY 10036 <br> Tel: (212) 969-3000 <br> Fax: (212) 969-2900 <br> Email: mbienenstock@proskauer.com <br> jlevitan@proskauer.com <br> tmungovan@proskauer.com <br> ebarak@proskauer.com <br><br> Michael A. Firestein <br> Lary Alan Rappaport <br> (Admitted *Pro Hac Vice*) <br> PROSKAUER ROSE LLP <br> 2029 Century Park East <br> Suite 2400 <br> Los Angeles, CA 90067-3010 <br> Tel: (310) 557-2900 <br> Fax: (310) 557-2193 <br> Email: mfirestein@proskauer.com <br> lrappaport@proskauer.com <br><br> *Attorneys for the Financial Oversight and Management Board for Puerto Rico as Representative of the Commonwealth of Puerto Rico* |

14

Case:17-03283-LTS Doc#:16504 Filed:04/21/21 Entered:04/21/21 15:13:06 Desc: Main
Document Page 19 of 19

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: April 21, 2021

                                              */s/ Hermann D. Bauer*
                                              Hermann D. Bauer