# **EXHIBIT A**

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc: Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 2 of 13

1

```
 1                UNITED STATES BANKRUPTCY COURT

 2                   DISTRICT OF PUERTO RICO

 3
     In Re:                        )    Docket No. 3:17-BK-3283(LTS)
 4                                 )
                                   )    Title III
 5   The Financial Oversight and   )
     Management Board for          )
 6   Puerto Rico,                  )    (Jointly Administered)
                                   )
 7   as representative of          )
                                   )
 8   The Commonwealth of           )
     Puerto Rico, et al.,          )    July 24, 2019
 9                                 )
     and                           )
10                                 )
                                   )
11   Puerto Rico Electric          )
     Power Authority,              )
12                                 )
               Debtors.            )
13
     _____
14
     In Re:                        )    Docket No. 3:17-BK-3566(LTS)
15                                 )
                                   )    PROMESA Title III
16   The Financial Oversight and   )
     Management Board for          )
17   Puerto Rico,                  )    (Jointly Administered)
                                   )
18   as representative of          )
                                   )
19   Employees Retirement System   )
     of the Government of the      )
20   Commonwealth of               )
     Puerto Rico,                  )
21                                 )
               Debtor.             )
22
     _____
23

24

25
```

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc: Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 3 of 13

2

```
 1  _____

 2  The Financial Oversight     )    Docket No. 3:18-AP-149(LTS)
    and Management Board for    )
 3  Puerto Rico,                )    PROMESA Title III
                                )
 4           Plaintiff,          )
    v.                          )    (Jointly Administered)
 5                              )
    Puerto Rico Public          )
 6  Building Authority,         )
                                )
 7           Defendant.         )

 8  _____

 9                         OMNIBUS HEARING

10    BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

11              UNITED STATES DISTRICT COURT JUDGE,

12    AND THE HONORABLE U.S. MAGISTRATE JUDGE JUDITH GAIL DEIN

13              UNITED STATES DISTRICT COURT JUDGE

14  AND THE HONORABLE U.S. DISTRICT CHIEF JUDGE BARBARA J. HOUSER

15              UNITED STATES BANKRUPTCY COURT JUDGE

16  _____

17
    APPEARANCES:
18
    For The Commonwealth
19  of Puerto Rico, et al.:   Mr. Martin J. Bienenstock, PHV
                              Ms. Laura Stafford, PHV
20                            Mr. Brian S. Rosen, PHV
                              Mr. Michael Firestein, PHV
21
    For the U.S. Trustee
22  Region 21:                Ms. Monsita Lecaroz Arribas, AUST

23  For Official Committee
    of Unsecured Creditors:   Mr. Luc A. Despins, PHV
24
    For the Adversary
25  Defendants:               Ms. Julie E. Cohen, PHV
```

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc:
Exhibit A: Excerpted Transcript of July 24, 2019 Omnibus Hearing Page 4 of 13

54

1        Mr. Rosen.
2        MR. ROSEN: Yes, Your Honor. Just two points very
3   quickly. One, Your Honor, we talked briefly about the
4   certification that we did in connection with the June
5   Omnibus.
6        THE COURT: Yes.
7        MR. ROSEN: I checked. Those were filed under a
8   notice of certification. If the Court has difficulty in
9   locating those, we're happy to provide copies to chambers if
10  you'd just let us know.
11       THE COURT: We'll reach out if we need it.
12       MR. ROSEN: Secondly, Your Honor, if I could ask that
13  Ms. Hertzberg and Mr. Herriman can be relieved, as the claim
14  objection process is concluded?
15       THE COURT: Yes.
16       Thank you, Mr. Herriman and Ms. Hertzberg.
17       MR. ROSEN: Thank you, Your Honor.
18       THE COURT: All right. So this is the point at which
19  we have altered the Agenda, so I am now going to take up the
20  items beginning at Roman IV.13 in the Agenda. And those are
21  the various motions to stay contested matters and adversary
22  proceedings, pending the confirmation of the anticipated
23  proposed Commonwealth Plan of Adjustment, as well as motions
24  to establish claims objection procedures.
25       Before I hear from the parties, I will make some

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc: Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 5 of 13

55

1    extended remarks reflecting the Court's consideration of these
2    motions, the multiplicity of potentially interrelated bond-
3    and claim-related objections and adversary proceedings that
4    are currently pending, and how the Court believes we can best
5    move forward.
6              Many of these matters go to issues that could be key
7    or even gating issues in connection with the confirmation of a
8    plan.  As demonstrated by the Ad Hoc Group of General
9    Obligation Bondholders' efforts to press their conditional
10   objection relating to debt limit and balanced budget
11   implications for various tranches of bonds that are not yet
12   the subject of unequivocal claims objection motion practice or
13   adversaries, many of the issues raised in separate adversaries
14   or targeted claims objections implicate issues that could
15   affect other interests were they litigated or settled.
16             The Court's view is that putting all litigation of
17   such issues on hold pending successful efforts to confirm a
18   Commonwealth plan could unfairly and inefficiently hamper
19   potentially productive developments in the litigation and
20   mediation milieux.  On the other hand, litigation in
21   potentially dozens of separate silos, each of which is
22   jostling for the Court's attention and has numerous potential
23   intervenors concerned about collateral effects would be an
24   inefficient use of judicial and debtor resources.
25             The Court has come to the conclusion that with a plan

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc: Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 6 of 13

56

1   proposal on the horizon, the time has come for a pause of 120
2   days or so, during which the Oversight Board, AAFAF, the
3   official committees and other litigants must work with Judge
4   Houser, the mediation team leader, to identify key and
5   gating issues, assess their crosscutting and collateral
6   implications, seek to reach substantial consensus as to the
7   prioritization of matters for litigation or mediation, and
8   formulate a proposed schedule and appropriate notice and
9   participation mechanisms that are as standardized and
10  comprehensive as possible.
11          This short-term stay will apply to consideration of
12  the pending objections to claims of holders of bonds issued by
13  the Commonwealth, HTA, and ERS, as well as to litigation
14  regarding the PBA bonds, adversary proceedings concerning lien
15  priority, avoidance, and validity issues relating to such
16  bonds, the procedures motions, the motions to stay such
17  litigation pending confirmation, and Ambac's recently filed
18  motion to strike certain elements of the Plan Support
19  Agreement.
20          We will now display a list of these matters for the
21  reference of the parties present in court in San Juan and New
22  York, and this list will be made an appendix to the Order
23  imposing the stay that the Court intends to enter shortly
24  after today's hearing.
25          While the list is being displayed -- and we'll make

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc:
Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 7 of 13

57

| | |
|---|---|
| 1 | that full screen. I think we can. Yes. All right. Don't |
| 2 | worry about trying to copy this down. I will just read off |
| 3 | the relevant docket entry numbers and AP numbers at this |
| 4 | point, but it will be an appendix to an Order that I expect to |
| 5 | file, you know, unless you all cut my head off and scream at |
| 6 | me and change my mind. Yeah. Which is possible, but -- |
| 7 | Anyway, so the relevant docket entry numbers are as |
| 8 | follows: In case 3283, the Commonwealth case, docket entry |
| 9 | numbers 4784, 5580, 5586, 5589, 6482, 7057, 7137, 7640, 7747, |
| 10 | 7803, 7814, 7882, 8020 and 8141. In adversary proceeding |
| 11 | 18-149, docket entry 99. |
| 12 | In addition to those docket entry numbers, the stay |
| 13 | shall apply to the following adversary proceedings, which were |
| 14 | all filed in 2019. So starting with 19-AP-281, also 282, 283, |
| 15 | 284, 285, 286, 287, 288, 355, 356, 357, 358, 359, 360, 361, |
| 16 | also, 291, 292, 293, 294, 295, 296 and 297. |
| 17 | Now, the service of summons and complaints in the |
| 18 | enumerated adversary proceedings must, however, continue |
| 19 | during the stay. All of the time -- all of the defendants' |
| 20 | time to respond to those adversary complaints will be extended |
| 21 | until 30 days after the termination of this stay, including |
| 22 | any extensions of the stay. |
| 23 | And a copy of the Order imposing this stay, which |
| 24 | includes a footnote addressing the service issue, must be |
| 25 | served with each summons and complaint served after today's |

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc:
Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 8 of 13

58

1   date and while the stay is in effect.

2         Participation in the work with Judge Houser will be

3   mandatory for the Oversight Board, AAFAF, the official

4   committees, and as directed by Judge Houser, all plaintiffs,

5   movants, opponents, defendants, respondents and parties in

6   interest who have appeared in the stayed matters to date.

7         The issues to be taken up for consideration in the

8   manner directed by Judge Houser include addressing procedures

9   and mechanisms for the resolution of the following issues, and

10  any additional issues identified by Judge Houser.

11        First, issues including validity, secured status if

12  any, and priority relating to bonds issued by the

13  Commonwealth, the PBA, HTA and ERS, some or all of which have

14  been the subject of challenges or claims objections.

15        Second, whether and to what extent there are common

16  issues underlying or implicated by the objections and

17  challenges to the bonds, whether across series of bonds issued

18  by particular entities or across bonds issued by particular

19  entities that can be litigated in a coordinated fashion.

20        Third, the validity and impact of revenue clawbacks.

21        Fourth, claims against underwriters and other service

22  providers in connection with debt issuances.

23        Five, anticipated gerrymandering challenges to

24  classification, including as between issues of securities and

25  as between types of unsecured claims.  For instance, pensions

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc:
Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 9 of 13

59

1   versus general unsecured claims.
2           Six, identification and treatment of essential
3   services under a plan of adjustment.
4           Seven, treatment of claims based on alleged
5   violations of the Federal Constitution under a plan of
6   adjustment.
7           Eight, whether and to what extent cooperation of the
8   elected government is required to commence Title III or Title
9   VI proceedings that may be necessary to initiate and implement
10  a plan of adjustment.
11          And nine, mechanisms for efficient litigation of
12  issues, including, A, whether and how certain issues can be
13  litigated in advance of or in connection with consideration of
14  a disclosure statement; B, efficient mechanisms for
15  notification and participation of parties whose interests may
16  be affected by the determination of issues, including
17  identification of lead parties to act as proponents and
18  opponents of key propositions and coordinating of briefing and
19  argument; C, whether and when the creation of limited scope
20  committees might be necessary or advisable to address issues
21  unique to individual bondholders, such as the payment
22  structures of replacement bonds; and D, whether litigation of
23  certain issues can be left for confirmation hearing or post
24  confirmation proceedings.
25          The stay will expire on November 30th, 2019.  By

Case:17-03283-LTS  Doc#:16506-1  Filed:04/21/21  Entered:04/21/21 15:46:11  Desc:
Exhibit A: Excerpted Transcript of July 24   2019 Omnibus Hearing   Page 10 of 13

60

1   October 28, 2019, the mediation team leader, Judge Houser,
2   will either have, one, facilitated the filing of agreed or
3   substantially agreed scheduling orders with respect to the
4   stayed adversary proceedings and contested matters, and if a
5   plan of adjustment has been filed, the process for
6   consideration of an approval of a disclosure statement and/or
7   confirmation of such a plan; or, two, filed a report
8   identifying procedural issues upon which substantial consensus
9   has been achieved and any further recommendations by Judge
10  Houser, the mediation team leader.
11           In no event will the mediation team leader's report
12  disclose parties' positions on substantive matters without
13  that party's consent.  The report will in all other respects
14  be focused on procedural matters.
15           Any responses to the report must be filed by November
16  4th, 2019, and the Court will hold a hearing in New York on
17  November 14th, 2019, to consider any proposed schedule and any
18  report from the mediation team leader.  For calendar control
19  purposes, the stayed matters will be adjourned to the December
20  Omnibus Hearing date.
21           Judge Houser has graciously agreed to organize and
22  facilitate joint work on these key procedural matters.
23  Because I believe time is of the essence in getting to
24  resolution of key issues and confirmation of a plan, I have
25  also asked Judge Houser to determine whether mediation on any

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc:
Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 11 of 13

61

```
1   of the issues is appropriate at this time and to commence such
2   mediation work that she deems appropriate.
3            Therefore, my Order will also provide that if the
4   mediation team leader believes it appropriate to commence
5   substantive mediation on any of the issues, including issues
6   relating to the confirmation of a plan of adjustment for any
7   Title III debtor, parties to the mediation agreement
8   identified by the mediation team leader will be required to
9   participate in any mediation sessions that she schedules.
10           Judge Houser is joining us by telephone today.  She
11  couldn't be here in person.  And I'd now like to invite her to
12  speak.
13           Judge Houser.
14           HONORABLE CHIEF JUDGE HOUSER:  Thank you, Judge
15  Swain.  I and other members of the mediation team are happy to
16  be of assistance to the Court and the parties with respect to
17  the organization of the myriad of adversary proceeding issues
18  and contested matter issues that are currently pending before
19  you, as you have delineated them.
20           I harken back to over two years ago when I attended
21  my first hearing in Puerto Rico, and you asked me if I would
22  assist the parties and the Court on a process to attempt to
23  resolve the Commonwealth-COFINA dispute.  The parties and I
24  were substantially able to come to an agreement on a process
25  that you ultimately approved, and, importantly, that process
```

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc: Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 12 of 13

62

1  worked.  Then through extensive substantive mediation of the
2  legal issues, we were able to achieve confirmation of a
3  substantially consensual plan for COFINA.
4          My hope is that working with the parties now, we can
5  be equally successful in coming to agreed or substantially
6  agreed scheduling orders, and then, in addition, through
7  substantive mediation, a substantially consensual plan or
8  plans for the remaining Title III debtors in these cases.
9          I will say, however, that I am not naive.  I
10 recognize that the number of issues, the number of adversary
11 proceedings are substantially more voluminous and the issues
12 are arguably more complex.  But we have excellent lawyers.  We
13 have excellent members of the mediation team.  And my hope is,
14 and my sincere belief is, that working together we will be
15 able to present you with substantially agreed scheduling
16 orders and processes for wrestling these issues to the ground,
17 unless, through substantive mediation, I am able to resolve
18 them so that you don't have to do that through further
19 litigation.
20          With that said, once your Order is entered on the
21 docket, Judge Swain, the parties should expect to hear from me
22 by e-mail.  And we will get the process first of working on
23 the procedural issues you've identified moving forward, and
24 after discussions with the parties or representatives of
25 groups of parties, we will see if it's appropriate to begin

Case:17-03283-LTS Doc#:16506-1 Filed:04/21/21 Entered:04/21/21 15:46:11 Desc:
Exhibit A: Excerpted Transcript of July 24 2019 Omnibus Hearing Page 13 of 13

63

```
 1  substantive mediation promptly.
 2           Thank you for the opportunity to speak to you and the
 3  parties.
 4           THE COURT:  Thank you, Judge Houser.
 5           Now, Judge Houser and I have just delivered a lot
 6  that you probably didn't expect, so I would suggest -- well,
 7  what I'm going to do is give us a 15-minute break now so
 8  everybody can collect their thoughts, and then Judge Houser
 9  and I will hear remarks from counsel.
10           So we will reconvene at 11:30.  That's 15 minutes
11  from now.  Thank you all very much.
12           (At 11:14 AM, recess taken.)
13           (At 11:35 AM, proceedings reconvened.)
14           THE COURT:  Please be seated.
15           And Judge Houser, are you still there?
16           (No response.)
17           THE COURT:  Well, I imagine she'll be rejoining us
18  and we can proceed and she will be there.  So I propose that
19  --
20           HONORABLE CHIEF JUDGE HOUSER:  Judge Swain, I'm
21  sorry.  I am here.  I was muted and needed to unmute.
22           THE COURT:  All right.  Judge Houser is there, so
23  she'll be able to hear everything as well.
24           And so you had originally proposed, in relation to
25  the stay motion, to organize yourselves as proponents and then
```