

**FINANCIAL OVERSIGHT & MANAGEMENT BOARD FOR PUERTO RICO**

Exhibit 2



Members
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty E. Rosa

Natalie A. Jaresko
Executive Director

David A. Skeel, Jr.
Chair

**BY ELECTRONIC MAIL**

March 15, 2021

Mr. Omar Marrero Díaz
Executive Director
Fiscal Agency and Financial Advisory Authority

Dear Mr. Marrero Díaz:

I write in response to your letter of March 10, 2021 (attached hereto as Attachment 1), in which you request the Oversight Board reconsider its position on reprogramming request No. 2021-20376 (the "Reprogramming Request"), as communicated in the Oversight Board's letter of March 8, 2021. The Reprogramming Request seeks to reprogram funds from the FY20 Unallocated Capex to pay for a special election to select a delegation to the United States Congress to pursue statehood pursuant to Act 167-2020 ("Act 167") and to fund various related expenses.

On March 9, 2021, I received a similar letter from Office of Management and Budget Director Juan Carlos Blanco Urrutia, to which the Oversight Board responded on March 11, 2021. We refer you to that letter (attached hereto as Attachment 2), which responds to many of the issues raised in your letter.

Your letter mischaracterizes the Oversight Board's actions with regard to the Reprogramming Request. The Oversight Board has not "denied" the Reprogramming Request and it is not "enjoining" the Governor. Rather, the Oversight Board deferred action on the Reprogramming Request based on the statute. As you know, the Speaker of the House of Representatives Rafael Hernández Montañez in his letter of March 5, 2021, articulates the same statutory reason, namely the Governor has not submitted the Reprogramming Request to the Legislature as required by Puerto Rico law and PROMESA. In light of those concerns, we communicated "the Oversight Board is unable to act upon your request at this time," and "encourage[d] the Governor and the Legislature to work together collaboratively, if possible, concerning the funding of Act 167-2020 or any similar law."

Contrary to your assertion, the Oversight Board has not "aligned" itself with any particular politician, branch of government, political party, or political position. The Oversight Board and

Mr. Marrero Díaz
March 15, 2021
Page 2 of 3

all elected officials in both branches of government must consult the same statute. The Oversight Board takes no position on the dispute between the Governor and the Legislative Assembly regarding Act 167, and the Oversight Board totally respects Puerto Rico's right to determine its future political status. The Oversight Board's response to the Reprogramming Request reflects only our most earnest intention to adhere to PROMESA's requirements.

As detailed in its letter to Director Blanco Urrutia, the Oversight Board's position with regard to the Reprogramming Request reflects the unique circumstances presented here. Those circumstances mandate following the precise contours of PROMESA, including section 204(c) which in this specific instance requires the Governor to submit the Reprogramming Request to the Legislature before the Oversight Board analyzes it.[1]

Contrary to your letter, the Oversight Board does not contend, and it has not "concluded, that under PROMESA Section 204(c), *all* reprogramming requests must be approved by the Puerto Rico Legislative Assembly." There are reprogramming requests from the Governor that the Oversight Board may approve. Here, however, given the unique circumstances of Act 167 and the Reprogramming Request, the Oversight Board believes the Governor must submit the Reprogramming Request to the Legislative Assembly and the Oversight Board pursuant to PROMESA section 204(c). As we stated in our March 11 letter to the Director of the Office of Management and Budget, "Act 167 is a new law involving a new expenditure with no funding appropriation for its implementation provided in the law itself. In addition, the expenditure for the implementation of Act 167 is not included in either the Fiscal Plan or the Budget."

The language you cite in the Fiscal Plan and Budget does not counsel otherwise. Those provisions simply confirm that any reprogramming, including those the Governor may have had the authority to make without Legislative approval pre-PROMESA, must be approved by the Oversight Board. Indeed, your letter correctly observes "the certified Fiscal Plan suspended legal provisions that allowed the Executive Branch to authorize reprogramming requests."[2]

Finally, the Oversight Board fully supports the right of the people of Puerto Rico to determine Puerto Rico's future political status and has done nothing to restrict that right. Contrary to your assertion, the Board's decision to defer a decision on the Reprogramming Request does not restrict the right of the people of Puerto Rico to determine its future political status. PROMESA § 402 thus has no bearing here. Even if it did, Section 402 does not require the Oversight Board to certify

---

[1] In your letter, you contend the Oversight Board "conclud[ed] it is 'unable to act' on" the Reprogramming Request "until after the Legislative Assembly has acted on it." But the Oversight Board has never reached that conclusion, nor has it contended "it must first secure the Legislative Assembly's approval" of the Reprogramming Request" before acting. Section 204(c) does not require any action by the Legislature before the Oversight Board assesses the reprogramming, and the Oversight Board has never stated otherwise. Once the request is submitted to the Legislature, and then resubmitted to the Oversight Board, Section 204(c)(1) provides the Oversight Board will conduct its analysis and submit its analysis to the Legislature. Significantly, section 204(c) does not mandate that the Oversight Board approve or disapprove an amendment of the budget or a reprogramming. Section 204(c)(2) only requires the Oversight Board to provide an analysis that certifies whether a reprogramming will not be inconsistent with the Fiscal Plan and Budget and to submit that analysis to the Legislature. Budget amendments are another matter.

[2] This letter does not address the Legislature's role in reviewing reprogramming requests.

Mr. Marrero Díaz
March 15, 2021
Page 3 of 3

the Reprogramming Request as not inconsistent with the Fiscal Plan and Budget or to take any other action. Section 402 places no obligations on the Oversight Board; it merely instructs how PROMESA should be interpreted.

We believe that litigation can and should be avoided here. We encourage the Governor and the Legislature to work together collaboratively concerning the funding of Act 167.


Sincerely,

*David Skeel*

David A. Skeel, Jr.


CC: Governor Pedro Pierluisi Urrutia



March 10, 2021

**VIA ELECTRONIC MAIL**

Ms. Natalie Jaresko
Executive Director
The Financial Oversight and
Management Board for Puerto Rico
P.O. Box 192018
San Juan, PR 00919-2018

*Re:* *Denial of Budget Reprogramming Request to cover expenses of a special election to elect a delegation to the United States' Congress.*

Dear Ms. Jaresko:

This responds to your March 8, 2021 letter to the Executive Director of the Office of Management and Budget ("OMB"), through which, for all intents and purposes, the Oversight Board has denied the reprogramming request No. 2021-20376. We find it necessary to respond to your communication because the Oversight Board's denial of the reprogramming request is a flagrant violation of PROMESA and of the Oversight Board's prior practices concerning budgetary reprogramming.

On February 3, 2021, OMB, on behalf of the State Elections Commission ("SEC"), submitted this request for approval of a budget reprogramming to cover the costs of a special election to select delegates to the United States' Congress, as required by Act 167-2020. *More than a month after submission of the reprogramming request*, you informed OMB that the Oversight Board "is unable to act upon" that request. This response is legally flawed and a clear violation of PROMESA.

Your response rests heavily on a March 5, 2021 letter to you from the Speaker of the House of Representatives, Hon. Rafael Hernández-Montañez (the "Letter"). In the Letter, Speaker Hernández-Montañez requests a "financial impact" analysis of the implementation of Acts 165-2020 and 167-2020. He also requests that the Oversight Board "forward any reapportionment request made by the Governor" concerning Act 167-2020 to the Legislative Assembly. Finally, the Speaker asks the Oversight Board to enjoin the Status Acts as inconsistent with the certified Fiscal Plan—a power the Board undoubtedly lacks. Based on your March 8 communication, it appears the Oversight Board has aligned with most of the Speaker of the House's flawed requests. However, the Oversight Board is mistaken in denying reprogramming request No. 2021-20376 and has flagrantly violated PROMESA and the right of Puerto Rico's people to determine its future political status, acknowledged in PROMESA.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 I PO Box 42001, San Juan, PR 00940-2001

787.722.2525   contact@aafaf.pr.gov   aafaf.pr.gov

**GOVERNMENT OF PUERTO RICO**
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director I Omar J. Marrero, Esq. I omar.marrero@aafaf.pr.gov

As you know, on January 15, 2021, AAFAF provided the Oversight Board with two Section 204(a) certifications (the "Certifications") regarding Act 165-2020 and Act 167-2020 (the "Status Acts"). The Certifications complied with Section 204(a) by providing an estimate of the Status Acts' impact on expenditures and a well-founded determination that the acts are not significantly inconsistent with the certified Fiscal Plan. *See The Fin. Oversight & Mgmt. Bd. of Puerto Rico v. Vázquez Garced (In re The Fin. Oversight & Mgmt. Bd. for Puerto Rico)*, 616 B.R. 238, 248 (D.P.R. 2020) (concluding that "Section 204(a)(2) of PROMESA required the Governor to submit to the Oversight Board with [any newly enacted law] a formal estimate of the impact that [such law] would have on expenditures and revenues and a certification that [the new law] was not 'significantly inconsistent' with the [applicable fiscal plan]," as long as it covers the entire period covered by the fiscal plan).

In addition, and of particular importance, both Certifications explained that the Status Acts are an "exercise of self-determination of the people of Puerto Rico as permitted by Section 402 of PROMESA." Specifically, Act 167-2020, titled the *Act to Create the Congressional Delegation of Puerto Rico*, established the rules for holding a special election in which two (2) special delegates to the United States Senate and four (4) special delegates to the United States House of Representatives (collectively, the "Delegation") will represent Puerto Rico before the United States Congress to request that Puerto Rico be admitted as a State of the United States of America, as well as to provide the duties and powers of the Delegation. Act 167-2020 authorized a special election on May 16, 2021 and established the election process to be followed by the Puerto Rico State Elections Commission (the "Commission"). After the Commission's certification of election results, the Delegation will initiate its functions on July 1, 2021.  Act 167-2020 implements the will of Puerto Rico's people to determine its future political status, as expressed in their approval of the mandate in favor of statehood on November 3, 2020.[1]

Section 402 of PROMESA states: "Nothing in this Act shall be interpreted to restrict Puerto Rico's right to determine its future political status, including by conducting the plebiscite as authorized by Public Law 113-76."[2] As such, the Oversight Board is *statutorily prohibited* from restricting Puerto Rico's right to determine its future political status. As you know, in the November 3, 2020 plebiscite, a majority of Puerto Ricans, exercising their right of self-determination, voted in favor of statehood for Puerto Rico. The democratic will of Puerto Rico's people is to seek the Island's admission as a State of the Union, and the Government's public policy is aligned towards that

---

[1] See, https://elecciones2020.ceepur.org/Escrutinio_General_93/index.html#es/default/PLEBISCITO_Resumen.xml.

[2] 48 U.S.C. § 2192.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 I PO Box 42001, San Juan, PR 00940-2001

787.722.2525    contact@aafaf.pr.gov    aafaf.pr.gov



goal.[3] Any efforts by the Oversight Board to interfere with the Government's ability to conduct the referendum and elect the Delegation under the Status Acts—including, but not limited to, using its budgetary and/or reprogramming powers to thwart the allocation of funds necessary to implement the Status Acts—would directly violate Section 402's restriction on the Oversight Board's powers.

Because the Certifications comply with Section 204 of PROMESA, and given Section 402's unique nature, the Oversight Board cannot validly "enjoin" or otherwise interfere with the Status Acts' implementation. The Speaker of the House is mistaken in his argument that the Board should enjoin the Status Acts because they are "not objective, nonpartisan, voter-educated plebiscite, nor" are they "an inclusive or neutral democratic exercise." As explained above, the people of Puerto Rico already expressed their preference for a status option. An Oversight Board injunction would, in violation of PROMESA Section 402, impermissibly restrict Puerto Rico's right to determine its future political status. We urge the Oversight Board to avoid unnecessary litigation on this matter, which would not only interfere with the democratic will of the People of Puerto Rico, but also distract both the Government and the Oversight Board from the Title III restructuring proceedings at a critical juncture.

As a second matter, the Letter requests that the Oversight Board "forward" to the Legislative Assembly any reprogramming request concerning the Status Acts. Based on your March 8 communication, it appears the Oversight Board has concluded that, under PROMESA Section 204(c), *all* reprogramming requests must be approved by the Puerto Rico Legislative Assembly. This is a flawed reading of PROMESA, the certified Fiscal Plan, Puerto Rico Law and is inconsistent with prior Oversight Board practices.

To begin with, PROMESA Section 204(c)(1) states, in its pertinent part:

> SUBMISSION OF REQUEST TO OVERSIGHT BOARD. - *If* the Governor submits a request to the Legislature for the reprogramming of any amounts provided in a certified Budget, the Governor shall submit such request to the Oversight Board, which shall analyze whether the proposed reprogramming is significantly inconsistent with the Budget, and submit its analysis to the Legislature as soon as practicable after receiving the request.[4] (Emphasis added)

---

[3] In fact, the Puerto Rico Supreme Court has already ruled that a referendum providing citizens of Puerto Rico to express their preference of only one status option does not violate the Constitution of Puerto Rico. *See*, *Aponte Rosario v. Presidente CEE*, 2020 TSPR 119.

[4] 48 U.S.C. § 2144 (emphasis added).

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 I PO Box 42001, San Juan, PR 00940-2001

787.722.2525   contact@aafaf.pr.gov   aafaf.pr.gov



Section 204(c) presumes legislative action occur *only when the Governor submits a reprogramming request to the Legislature*. This process is completely separate from that established by the Oversight Board in the certified Fiscal Plan. Specifically, Section 20.4 of the certified Fiscal Plan, in its pertinent part, provides the following:

- Each power of OMB, AAFAF or the Department of the Treasury, including the authorities granted under Act 230-1974, as amended, known as the *Puerto Rico Government Accounting Act* ("Act 230"), to authorize the reprogramming or extension of appropriations of prior fiscal years is hereby suspended.

- The appropriations approved in this budget may only be reprogrammed with the prior approval of the Oversight Board. For the avoidance of doubt, this prohibition includes any reprogramming of any amount, line item or expenditure provided in this budget, regardless of whether it is an intra-agency reprogramming. Reprogramming also known as reapportionments may be made into spend concepts and/or objects not explicitly listed in the FY2021 certified budget resolution as long as such requests are submitted to and approved by the Oversight Board.[5]

Therefore, the certified Fiscal Plan suspended legal provisions that allowed the Executive Branch to authorize reprogramming requests. Instead, the certified Fiscal Plan and the certified Budget established a specific procedure for budget reprogramming that does not require any legislative action.[6] This has been the consistent practice for almost three years. It is therefore shocking that the Oversight Board has concluded that reprogramming request No. 2021-20376 is somehow different in that it must first secure the Legislative Assembly's approval. This is simply inconsistent with the certified Fiscal Plan, which envisions no role for the Legislative Assembly in approving this type of budgetary reprogramming. If this were the case, most if not all the reprogramming requests approved by the Oversight Board in the last three years could be called into question.

In the case of reprogramming request No. 2021-20376, OMB submitted its request according to the requirements established by the Oversight Board in the certified Fiscal Plan. Therefore, the PROMESA statutory requirement has not been triggered, as the Governor did not submit—nor is he required to submit—this reprogramming request to the Legislative Assembly.

By concluding it is "unable to act" on reprogramming request No. 2021-20376 until after the Legislative Assembly has acted on it, the Oversight Board has violated its own certified Fiscal

---

[5] Certified Fiscal Plan for the Commonwealth of Puerto Rico, at 250.

[6] Certified Budget for the Commonwealth of Puerto Rico, at 115.

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 I PO Box 42001, San Juan, PR 00940-2001

787.722.2525   contact@aafaf.pr.gov   aafaf.pr.gov

GOVERNMENT OF PUERTO RICO
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY
Executive Director | Omar J. Marrero, Esq. | omar.marrero@aafaf.pr.gov

Plan. In addition—and most importantly—by denying for all intent and purposes the reprogramming request, the Oversight Board has unlawfully interfered with Puerto Rico's right to determine its future political status, thus violating PROMESA Section 402.

Based on the above, I urge the Oversight Board to reconsider its flawed and unlawful functional denial of reprogramming request 2021-20376. The Government reserves its rights to pursue all available legal avenues in order to redress the Oversight Board's patent violation of PROMESA, the certified Fiscal Plan and any other applicable law, including any potential civil rights violations. Again, I urge to reconsider your decision to avoid any course of action that would trigger unnecessary litigation. We look forward to working with the Oversight Board to reach consensus where possible for the benefit of the people of Puerto Rico.

Very truly yours,

Omar J. Marrero Diaz
Executive Director

CC. Hon. Pedro R. Pierluisi, Governor of Puerto Rico
      Oversight Board Members

Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, PR 00907 | PO Box 42001, San Juan, PR 00940-2001
787.722.2525    contact@aafaf.pr.gov    aafaf.pr.gov



**FINANCIAL OVERSIGHT & MANAGEMENT BOARD
FOR PUERTO RICO**

David A. Skeel, Jr.
Chair

Members
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty E. Rosa

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

March 11, 2021

Mr. Juan Carlos Blanco Urrutia
Director
Office of Management and Budget

Dear Mr. Blanco Urrutia:

I write in response to your letter of March 9, 2021 ("Attachment1"), in which you request the Oversight Board reconsider its position on reprogramming request No. 2021-20376 (the "Reprogramming Request"), as communicated in the Oversight Board's letter of March 8, 2021. The Request seeks to reprogram funds from the FY20 Unallocated Capex to pay in FY 21 for a special election to select a delegation to the United States Congress to pursue statehood pursuant to Act 167-2020 ("Act 167") and to fund various related expenses.

Contrary to the characterization in your letter, the Oversight Board has not "denied" the Request. Rather, the Oversight Board deferred action on the Request given the concerns raised by Speaker of the House of Representatives Rafael Hernández Montañez in his letter of March 5, 2021, including that the Governor had not submitted the Request to the Legislature as required under Puerto Rico law and PROMESA. In light of those concerns, we communicated that "the Oversight Board is unable to act upon your request at this time," and "encourage[d] the Governor and the Legislature to work together collaboratively, if possible, concerning the funding of Act 167-2020 or any similar law."

In your letter, you ask the Oversight Board to reconsider its position and approve the Request. If the Oversight Board does not do so, you intend to "submit a new reallocation request of available funding under the certified budget for the current fiscal year."

PO Box 192018 San Juan, PR 00919-2018; www.oversightboard.pr.gov; comments@promesa.gov

Mr. Juan Carlos Blanco Urrutia
March 11, 2021
Page 2 of 3

Your letter seems to contend that PROMESA § 402 requires the Oversight Board to approve the Request. We disagree. PROMESA Section 402 states only that "nothing in [PROMESA] shall be interpreted to restrict Puerto Rico's right to determine its future political status . . . ." The Board's decision to defer action on the Request until the Governor submits the Request to the Legislature does not restrict Puerto Rico's right to determine its future political status. Section 402 therefore has no bearing here.

Even if Section 402 were applicable, it does not require the Oversight Board to certify the Request is not inconsistent with the Fiscal Plan and Budget or to take any other action. Nor does it excuse any non-compliance with any of the requirements set forth in PROMESA. For example, notwithstanding your position that Section 402 applies to Act 167, the Government acknowledges that it must obtain the Oversight Board's consent to the reprogramming before it may reprogram funds to implement the law. The purpose of Section 402 is to provide guidance with respect to the PROMESA statute to ensure none of its provisions are interpreted to interfere with Puerto Rico's right to determine its political status. The Oversight Board's determination to defer taking action on the Reprogramming Request is not interfering with Puerto Rico's right to determine its political status.

Your letter asserts the Oversight Board has the authority to approve the Governor's Reprogramming Request without the Legislative Assembly also reviewing the Request. In this instance, the Oversight Board respectfully disagrees with you. The Governor's Reprogramming Request presents a unique circumstance for the Oversight Board. Act 167 is a new law involving a new expenditure with no funding appropriation for its implementation provided in the law itself. In addition, the expenditure for the implementation of Act 167 is not included in either the Fiscal Plan or the Budget.

In this specific circumstance, the Oversight Board believes PROMESA Section 204(c) applies to the Governor's Reprogramming Request. As such, the Oversight Board must insist, respectfully, that the Governor follow the requirements of PROMESA Section 204(c)(1) and first submit the Request to the Legislature before submitting it to the Oversight Board for its analysis.

Your letter implies you believe the Governor has the power to impose a new budget appropriation (expenditures for the implementation of Act 167) without either the Legislature approving it or the Oversight Board imposing it as part of a new or amended Oversight Board budget. PROMESA Section 202(e) shows the Legislature and Governor must each approve any budget other than a budget imposed by the Oversight Board, which budget they are each deemed to approve.

If you believe the Governor has the power to impose a new budget appropriation (here, expenditures to implement Act 167) without following PROMESA section 204(c) or without an amendment to the budget under PROMESA section 202, please provide us promptly any and all authority you have supporting such power.

Mr. Juan Carlos Blanco Urrutia
March 11, 2021
Page 3 of 3

The Oversight Board recognizes the Reprogramming Request involves a unique set of circumstances and we are sensitive to the underlying political disagreement between the Governor and the Legislature with respect to this Request. As we have stated, the Oversight Board will not take a position on Puerto Rico's future political status. Accordingly, we again encourage the Governor and the Legislature to work together collaboratively concerning the funding of Act 167.

Sincerely,

*David Skeel*

David A. Skeel, Jr.

CC:  Mr. Omar Marrero Díaz