UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY UNIQUE BUILDERS, INC. [ECF NO. 16386] AND BAXTER SALES AND DISTRIBUTION PUERTO RICO CORP. [ECF NO. 16399] TO THE TWO HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO SUBSEQUENTLY AMENDED CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the responses filed by *Unique Builders, Inc. Response to Two Hundred Ninety-Eighth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Subsequently Amended Claims* [ECF No. 16386] (the "Unique Builders Response"), filed by claimant Unique Builders, Inc. ("Unique Builders"), and *Response and Reservation of Rights in Connection with Two Hundred Ninety-Eighth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Subsequently Amended Claims* [ECF No. 16399] (the "Baxter Sales Response"), filed by Baxter Sales and Distribution Puerto Rico Corp. ("Baxter Sales"), and in support of the *Two Hundred Ninety-Eighth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Subsequently Amended Claims* [ECF No. 16018] (the "Two Hundred Ninety-Eighth Omnibus Objection"). In support of this Reply, the Commonwealth respectfully represents as follows:

1. On March 12, 2021 the Commonwealth filed the Two Hundred Ninety-Eight Omnibus Objection seeking to disallow certain proofs of claim that were subsequently amended and superseded (collectively, the "Claims to Be Disallowed"), each as listed on Exhibit A thereto. As set forth in the Two Hundred Ninety-Eighth Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed have been amended and superseded by subsequently

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

filed proof(s) of claim. The Claims to Be Disallowed thus no longer represent valid claims against the Debtors.

2. Any party who disputed the Two Hundred Ninety-Eighth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on April 14, 2021 in accordance with the Court-approved notice attached to the Two Hundred Ninety-Eighth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1]). Two responses were filed to the Two Hundred Ninety-Eighth Omnibus Objection, the Unique Builders Response and the Baxter Sales Response.

### I. Unique Builders Response

3. On May 25, 2018, Unique Builders filed a proof of claim against HTA, which was logged by Prime Clerk as Proof of Claim No. 23832 (the "Unique Builders Claim"). The Claim was subsequently amended on May 29, 2018, when Unique Builders filed an amended proof of claim against HTA that was logged by Prime Clerk as Proof of Claim No. 29911 (the "Unique Builders Remaining Claim"). The Two Hundred Ninety-Eighth Omnibus Objection objected to the Claim as having been superseded by the Unique Builders Remaining Claim.

4. On April 12, 2021, Unique Builders filed the Response. Therein, Unique Builders does not dispute that the Unique Builders Claim was amended by the Unique Builders Remaining Claim. Indeed, Unique Builders acknowledged that the Unique Builders Remaining Claim "amended and superseded" the Unique Builders Claim. Unique Builders Resp. at 2 (emphasis original). Unique Builders also asserts it "consents to the entry of an order consistent with the

allegations that claim number 29911 amended and superseded claim number 23832 and that claims number 29911 as is deemed allowed as filed and that claim number 29911 as filed constitutes prima facie evidence under Bankruptcy Rule 3001 of the validity and the amount of claim; and that the presumption of validity remains until objector introduces evidence sufficient to rebut prima facie case." *Id.* at 3.

5. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), any proof of claim filed in accordance with the Bankruptcy Rules "constitutes prima facie evidence of the validity and amount of the claim." As set forth in the Two Hundred Ninety-Eighth Omnibus Objection, the Debtors reserve their rights to object to the Unique Builders Remaining Claim on any basis whatsoever, including an assertion that the Unique Builders Remaining Claim was not filed in accordance with the Bankruptcy Rules and, thus, is not entitled to be treated as prima facie valid.

6. Because Unique Builders admits that the Unique Builders Claim has been amended and superseded by the Unique Builders Remaining Claim, and does not otherwise dispute the relief sought in the Two Hundred Ninety-Eighth Omnibus Objection, the Debtors respectfully request that the Court grant the Two Hundred Ninety-Eighth Omnibus Objection and disallow the Unique Builders Claim in its entirety.

**II. Baxter Sales Response**

7. On June 29, 2018, Baxter Sales filed a proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 111825 (the "Baxter Sales Claim"). The Baxter Sales Claim was subsequently amended on January 21, 2021, when Baxter Sales filed an amended proof of claim against the Commonwealth that was logged by Prime Clerk as Proof of Claim No. 179024 (the "Baxter Sales Remaining Claim"). The Two Hundred Ninety-Eighth

4

Omnibus Objection objected to the Baxter Sales Claim as having been superseded by the Baxter Sales Remaining Claim.

8. On April 13, 2021, Baxter Sales filed the Baxter Sales Response. Therein, Baxter Sales does not dispute that the Baxter Sales Claim was amended by the Baxter Sales Remaining Claim. Indeed, Baxter Sales acknowledged that the Baxter Sales Remaining Claim was filed "in order to amend" the Baxter Sales Claim by removing claims against Centro Médico de Rio Piedras/Administración de Servicios Médicos, Hospital UPR de Trilla, Centro Cardiovascular, and Corporación Fondo del Seguro del Estado. Baxter Sales Resp. at 2. Baxter Sales further states it "does not have an objection to the disallowance of" the Baxter Sales Claim "as long as the Commonwealth . . . confirms to this Court" that neither Centro Médico de Rio Piedras/Administración de Servicio Médicos, Hospital UPR de Trilla, Centro Cardiovascular, and Corporación Fondo del Seguro del Estado are "debtors in any of the pending Title III cases." Baxter Sales Resp. at 3.

9. Neither Administración de Servicios Médicos, Hospital UPR de Trilla, Centro Cardiovascular, and Corporación Fondo del Seguro del Estado are, in fact, debtors in any Title III Case. Because Baxter Sales admits that the Baxter Sales Claim has been amended and superseded by the Baxter Sales Remaining Claim, and does not otherwise dispute the relief sought in the Two Hundred Ninety-Eighth Omnibus Objection, the Debtors respectfully request that the Court grant the Two Hundred Ninety-Eighth Omnibus Objection and disallow the Baxter Sales Claim in its entirety.

Dated: April 21, 2021
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employee Retirement System of the Government of the Commonwealth of Puerto Rico*