# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Re: ECF Nos. 11989 |
| Debtors.[1] | |

[*Caption Continued on Next Page*]

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE COMMONWEALTH OF PUERTO RICO | **Re: ECF Nos. 16396, 16397, 16408** |
|      Movant, | |
| v. | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
|      as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | |
|      Respondent. | |

**AMENDED OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SCHEDULE HEARING ON RENEWED MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3013 FOR ENTRY OF ORDER RECLASSIFYING CLASS 48A AND CLASS 55 CLAIMS UNDER <u>OVERSIGHT BOARD'S PLAN OF ADJUSTMENT DATED MARCH 8, 2021</u>**

To The Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")[2] (the Oversight Board, in its capacity as representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), respectfully submits this objection (the "Objection") to the *Urgent Motion of Official Committee of Unsecured Creditors to Schedule Hearing on Renewed Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 48A and Class 55 Claims Under Oversight Board's Plan of Adjustment Dated March 8, 2021* [ECF No. 16397] (the "Scheduling Motion"), filed by the Official Committee of Unsecured Creditors (the "Committee").[3]  In support of this Objection, the Oversight Board states as follows:

## PRELIMINARY STATEMENT

1.      The Oversight Board shares the concerns of the Court and the Committee that a proposed plan of adjustment should not be sent to creditors for voting if it contains a classification violation that would prevent confirmation regardless of any facts proven at the confirmation hearing.  Because the Committee has failed to allege any basis showing the ultimate relief it seeks is legally possible – an order requiring retiree claims to be classified in the same class as other unsecured claims – the Oversight Board currently objects to the Committee's Scheduling Motion.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2.      When the Court dismissed without prejudice the Committee's first Rule 3013 motion, the Court made clear it might hear prior to commencement of the confirmation hearing a Rule 3013 motion restricted to structural legal issues concerning whether under any set of facts it would be illegal to separately classify retiree claims and other unsecured claims comprising the Committee's constituency.   At the hearing on the Committee's first Rule 3013 motion, the Oversight Board explained why it was legally impossible to classify the two types of claims together, and the Court asked the Committee to respond when it renewed its motion.   The Committee has renewed its motion, but has not responded.

3.      The Oversight Board explained the Committee's demand that retiree claims be classified with other unsecured claims is legally impossible because Bankruptcy Code section 1123(a)(4) requires every claim in a class be treated the same.   Retiree claims are paid monthly during each retiree's life, while other unsecured claims receive payment untethered to anyone's life.   Therefore, they cannot be classified together.   Indeed, the Committee's main authority, *Granada Wines, Inc. v. New England Teamsters and Trucking Industry Pension Fund*, 748 F.2d 42 (1st Cir. 1984), held claims in the same class must be treated the same.   In *Granada*, the proposed plan put in the same class (a) general unsecured claims and (b) the claim against the debtor for withdrawing from a multi-employer pension fund, but tried to provide the withdrawal claim a lesser return.   The First Circuit ruled the withdrawal claim could not be treated differently or classified separately.   *Id*. at 46-47.   *Granada* did not opine on the facts here where retiree claims paid directly by the Commonwealth receive a different treatment than other general unsecured claims.

4.      Moreover, classifying different general unsecured claims separately, is normally only an issue when the separate classification is done to gerrymander an impaired accepting class

for purposes of Bankruptcy Code section 1129(a)(10). Here, the plan support agreement demonstrates the Commonwealth plan of adjustment already has one or more impaired accepting classes. Indeed, it has well over thirty impaired accepting classes. That eliminates gerrymandering objections. Whether retiree claims can be separately classified from other general unsecured claims will not be the issue. The issue will be whether their different treatments constitute unfair discrimination. That is a fact issue turning on the reasons for separate classification and treatment which is exactly what must wait to be adjudicated at the confirmation hearing.

5.      Therefore, the Committee's instant Scheduling Motion fails to articulate a basis on which it can prove retiree claims and other general unsecured claims must be classified together under any set of facts. Until the Committee does so, there is no basis on which the Committee can be entitled to the scheduling of an early hearing on classification.

6.      Rule 3013 is not a vehicle to enable the Committee to prioritize their objections to plan confirmation ahead of other parties-in-interests. Rule 3013 is technically not available to parties other than the Oversight Board as the rule is a tool for a plan proponent to obtain direction from the Court as to classification for a potential plan. *See* Fed. R. Bankr. P. 3013, Advisory Committee Note ("[Rule 3013] recognizes that it may be desirable or necessary to establish proper classification before a plan can be formulated."). Here a plan has already been filed. Also, under PROMESA, only the Oversight Board can propose or amend plans. PROMESA §§ 312(a), 313. While at confirmation the Court can decline to confirm a proposed plan based on improper classification, it is the Oversight Board who determines the appropriate classification to propose in a plan. Nevertheless, to avoid sending out a proposed plan whose classification is illegal as a matter of law, the Oversight Board is not opposed to a pre-confirmation hearing on the

Committee's classification issue if the Committee first demonstrates how separately classifying claims requiring different treatments can ever be illegal as a matter of law.

## **BACKGROUND**

7.     On February 28, 2020, the Oversight Board, pursuant to its powers under PROMESA section 312, filed the *Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, et al.* [ECF No. 11946].

8.     On March 3, 2020, the Committee filed the *Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020* [ECF No. 11989] (the "Original 3013 Motion").

9.     Multiple parties subsequently filed partial joinders to the Committee's Original 3013 Motion.  These filings asserted a broad range of objections to the then-proposed plan beyond the narrow legal issue of whether the two classes of claims identified by the Committee must be combined into a single class.  For example, the joinders asserted that the classification scheme in the plan was the result of gerrymandering in an improper attempt to manufacture an impaired accepting class.  *See Partial Joinder and Statement in Support of Assured Guaranty Corp., Assured Guaranty Municipal Corp.*, [together, "Assured"] *and Invesco Funds With Respect to Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39a and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020* [ECF No. 12687] (the "Assured Partial Joinder"); and *Partial Joinder of Ambac Assurance Corporation* ["Ambac" and together with Assured and Invesco Funds, the "Supporting Parties"] *to Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class*

*39a and Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020*
[ECF No. 12691] (the "Ambac Partial Joinder" and, together with the Assured Partial Joinder, the
"Partial Joinders").

10.     Additionally, these Partial Joinders were filed with only minutes remaining in the
original objection deadline, and after some objections to the Original 3013 Motion were filed.
[ECF No. 12684].

11.     On April 23, 2020, the Court entered an order denying the Original 3013 Motion
without prejudice and directing that, prior to the filing of any motion to reset deadlines in
connection with the disclosure statement hearing, the parties "meet and confer regarding whether
it is necessary and appropriate for the classification issues raised in the [Original 3013] Motion
and related briefing to be addressed separately from, and in advance of, the disclosure statement
hearing." *See Order Denying Motion of Official Committee of Unsecured Creditors Pursuant to
Federal Rule of Bankruptcy Procedure 3013 for Entry of an Order Reclassifying Class 39A and
Class 41 Claims Under Oversight Board's Plan of Adjustment Dated February 28, 2020* [ECF No.
12952] (the "Meet and Confer Order").[4]

12.     On April 6, 2021, the Oversight Board filed a motion to set briefing deadlines and
schedule a hearing on approval of the disclosure statement, requesting, among other things, (i) a
May 14, 2021 deadline for final objections to the Second Amended Disclosure Statement and (ii)

---

[4] The Committee wrongly implies that the Oversight Board did not follow the Court's Meet and Confer order. The Meet
and Confer Order directed the parties to determine "whether it is necessary and appropriate for the classification issues
raised in the [Original 3013 Motion] and related briefing to be addressed separately from, and in advance of, the
disclosure statement hearing." *See* Meet and Confer Order. As the Committee acknowledges, and for the reasons
expressed herein, the Oversight Board "advis[ed] the Committee that it continued to take the position that classification
issues should be resolved at confirmation." Renewed 3013 Motion ¶2. This is consistent with the Meet and Confer
Order, and the Court's remarks at the April 22, 2020 Omnibus Hearing, where it acknowledged that it was "hedg[ing]"
because "[t]here are arguments … that some things may be premature even after the disclosure statement stage. Those
are issues that I'll have to take up and hear and determine … I can't promise you that I won't be persuaded that there's
something that, either for factual or legal reasons, needs to be left open in some way, even going into the disclosure
statement hearing." *See* Apr. 22, 2020 Hr'g Tr. 13:8, 15-25.

a June 16, 2021 hearing on the Second Amended Disclosure Statement. *Debtors' Joint Motion for an Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16332] (the "Disclosure Statement Scheduling Motion").

13.     On April 8, 2021, the Committee filed the *Renewed Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 48A and Class 55 Claims Under Oversight Board's Plan of Adjustment Dated March 8, 2021* [ECF No. 16396], (the "Renewed 3013 Motion"), and the Scheduling Motion requesting the Court schedule a hearing on the Renewed 3013 Motion during the week of May 10, 2021.

14.     On April 14, 2021, the Court entered an order scheduling briefing on the Scheduling Motion. *See Order Scheduling Briefing and Hearing Concerning Urgent Motion of Official Committee of Unsecured Creditors to Schedule Hearing on Renewed Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 48A and Class 55 Claims Under Oversight Board's Plan of Adjustment Dated March 8, 2021* [ECF No. 16408].

## ARGUMENT

15.     As explained above, the Oversight Board submits the Committee is not entitled to a classification hearing prior to the confirmation hearing unless and until it shows how and why retiree claims requiring monthly payments for life and other unsecured claims requiring treatments untethered to life spans must be classified together as a matter of law regardless of any set of facts.

Additionally, Rule 3013 is for the plan proponent, not an objectant.  To the extent the Committee satisfies the Court's requirements for an early classification hearing, the Oversight Board submits the briefing and hearing should align with the disclosure statement schedule and should be confined to the discrete legal issue previously identified by the Committee.

## I.   THE RENEWED 3013 MOTION IS IMPROPER AS IT SEEKS TO IMPOSE CLASSIFICATIONS ON THE OVERSIGHT BOARD AND CONFLICTS WITH PROMESA SECTIONS 312(A), 313, AND 315

16.     It is clear the federal rules of bankruptcy procedure cannot alter any substantive right. 28 U.S.C. § 2075.  Accordingly, Rule 3013 should not be interpreted to alter the Oversight Board's exclusive right in PROMESA § 312(a) to propose a plan of adjustment.  Similarly, pursuant to PROMESA § 313, no one other than the Oversight Board should amend a proposed plan of adjustment.  And, for purposes of applying Bankruptcy Code section 1122(a) which provides substantially similar claims "may" be placed in the same class, PROMESA § 301(e) provides the *Oversight Board shall consider* whether the claims are secured or have priority.  So, while at the confirmation hearing the Court can deny confirmation on any valid ground including improper classification of claims, nothing in the statute allows another party like the Committee to dictate to the Oversight Board what classification to propose, as the Committee is urging the Court to do, at least until it shows the Oversight Board's classification cannot be legal under any set of facts.

17.     The Committee also wrongly invokes Rule 3013 by ignoring its wording and purpose as set forth in its Advisory Committee Note – "it recognizes that it may be desirable or necessary to establish proper classification before a plan can be formulated."  Fed. R. Bankr. P. 3013, Advisory Committee Note.   Here, the Oversight Board already proposed a plan.  Accordingly, there is no basis for the Court to put itself in the mix to determine what classification should be used, unless there is only one classification that could possibly be confirmable.  If there

are two or more, what is the Court supposed to do?  Should the Court identify all possible permutations of confirmable classification?  It is impossible for the Court to provide such guidance unless the plan proponent formulates a specific question for the Court.  Rule 3013 is certainly not intended to displace the statute requiring the Oversight Board to consider classification and to propose and amend its own proposed plan.  To square the Committee's request with the terms of Rule 3013, the Committee would have to show that as a matter of law, the retiree claims must be classified with other unsecured claims under any scenario and regardless of whether it makes any sense.

18.     The Renewed 3013 Motion cites numerous chapter 11 cases purporting to allow any party-in-interest to seek classification determinations, yet does not and cannot cite a single chapter 9 case.  *See, e.g.*, Renewed 3013 Motion ¶28.  Unlike chapter 11, where parties other than the debtor or trustee may file a plan if the debtor's exclusivity is terminated, debtors in chapter 9 and Title III cases have exclusivity to propose a plan for the duration of the case.  It follows that only the Oversight Board may invoke Bankruptcy Rule 3013 in Title III (or the debtor in chapter 9) to seek guidance as to the formulation of a plan of adjustment.  The Committee's attempted use of Rule 3013 is an impermissible vehicle to sidestep the Oversight Board's exclusive right and the Motion should be denied on that basis.  Such a denial, however, would not preclude the Court from controlling its own docket and determining to hear certain legal issues prior to the confirmation hearing.

## II.     THE RENEWED 3013 MOTION IS A DISGUISED CONFIRMATION OBJECTION APPROPRIATELY CONSIDERED AT A CONFIRMATION HEARING.

19.     While the Committee portrays the issue in the Renewed 3013 Motion as one of separate classification in accordance with Bankruptcy Code section 1122, its true objection is not to *classification*, but, rather, to the different *treatment* of the classes proposed by the Oversight

10

Board pursuant to the plan.  *See* Renewed 3013 Motion ¶5 (requesting GUCs be placed in the Retiree Class to "ensure… they receive no less than the Oversight Board proposes to pay to Retirees.").  The Committee does not allege any prejudice relating to *classification*, such as gerrymandering of votes to obtain an impaired accepting class.  As a motion premised entirely on the differing treatment between two purportedly equally ranking classes, the Renewed 3013 Motion is nothing more than a thinly disguised confirmation-based objection asserting "unfair discrimination".  Put simply, the committee would not be pursuing their Renewed 3013 Motion based on separate classification if the GUC class were receiving the same or better treatment than the Retirees' class.  Bankruptcy Rule 3013 cannot be invoked to litigate an unfair discrimination objection before the confirmation hearing.  Indeed, litigation of unfair discrimination requires facts and the Court has previously guided the parties that this factual dispute will not be heard prematurely.

20.    An objection to a plan based on the perceived unequal treatment of equally ranking or situated classes of claims is by nature an "unfair discrimination" objection under Bankruptcy Code section 1129(b).  The Oversight Board should be afforded the opportunity to present a plan and stakeholders should have the opportunity to assess and vote on the plan before the Oversight Board is required to, if necessary, defend confirmation objections.  Notably, the Committee does not have any claims that it could vote on the plan.  It may be that the class of general unsecured claimholders, which the Committee purports to represent, would vote to accept the plan and then there wouldn't even be an 'unfair discrimination' challenge because Bankruptcy Code section 1129(b)(1) only invokes unfair discrimination in the context of cramdown.

21.     Even if the Renewed 3013 Motion were properly lodged pursuant to Bankruptcy Rule 3013, the Court has wide discretion on whether to hear a 3013 motion[5] and thus the Court should stay any litigation of classification factual disputes until confirmation.  First, compliance with section 1122 is a confirmation requirement under PROMESA § 314(b)(1), and should thus be heard in conjunction with other confirmation issues at the confirmation hearing.  Second, allowing motions relating to confirmation objections to proceed would result in hardship to the Oversight Board, which would be compelled to carry its burden on section 1122 in numerous one-off litigations prior to confirmation (as evidenced by prior Partial Joinders to the Original 3013 Motion seeking classification determinations regarding different classes).  Third, there is no prejudice to the Committee by delaying consideration of the Renewed 3013 Motion until confirmation as all its rights to object to classification are preserved.

22.     Further, even if early adjudication of these arguments were properly accommodated by Bankruptcy Rule 3013, the rule provides the Court with full discretion ("the court may") over whether to hear them in advance of confirmation.  Because the Committees' motivation is, at best, an attempt to raise "unfair discrimination" confirmation objections, and, at worst, an attempt to leverage the Oversight Board to increase recoveries to its constituency at the retirees' expense, the Committees' confirmation objection should be deferred until the confirmation hearing.  Indeed, when the Court was first confronted with this issue at the March 4, 2020 omnibus hearing, the

---

[5] Rule 3013 states that the "[f]or the purposes of the plan and its acceptance, *the court may*, on motion after hearing on notice as the court may direct, determine classes of creditors and equity security holders pursuant to §§1122, 1222(b)(1), and 1322(b)(1) of the Code. (emphasis added).

Court indicated that, when this matter is considered, it would presumably be to set a timetable for

future determination.[6]

## III. IF THE COURT HEARS THE NARROW RULE 3013 CLASSIFICATION ISSUE EARLY IT SHOULD BE HEARD IN CONNECTION WITH THE DISCLOSURE STATEMENT AT THE DISCLOSURE STATEMENT HEARING

23.     As set forth in the Renewed 3013 Motion, there are two issues implicated by the

Renewed 3013 Motion.  Renewed 3013 Motion ¶19.  First, the Court may consider whether as a

matter of law the separate classification of claims with similar priority is legally permissible, and

second the Court may ask whether the specific facts of this case permit such classification.  If the

Court decides to overrule the Objection and to hear the Renewed 3013 Motion, the Oversight

Board agrees with the Committee that the only issue the Court should consider prior to

confirmation is the narrow and purely legal question of classification of claims (i.e. it should

strictly cabin the proceeding to whether the claims in classes 48A and 55 may be classified

separately), while "determination of other, factual and evidentiary, classification issues (such as

gerrymandering, unfair discrimination, and any alleged economic or business justification for

separate classification)" should be left to confirmation.  *See* Scheduling Motion ¶5.  The Court has

already voiced its agreement that all factual issues pertaining to confirmation objections are not

properly raised at this time.  *See* Apr. 22, 2020 Hr'g Tr. 42:5-7 ("I … expect to leave factual attacks

on the fairness of the classifications or other propriety issues as to the classifications for

confirmation.").

24.     The Committee offers no compelling reason why the Renewed 3013 Motion should

be heard on an urgent schedule prior to even the objection deadline for the disclosure statement

---

[6] "What I expected was that there may be argumentation in response to that motion, that it should be considered more
contemporaneously with other confirmation matters than considered prior to the Disclosure Statement hearing. I
thought it would be only fair to give you an opportunity to reply to such argumentation. And at the April Omni I'll
decide, at a minimum, when it will be decided, and we'll see where we are." Mar. 4, 2020 Hr'g Tr. 229:5-13.

hearing.  They err in arguing it would be "a tremendous waste of time and resources … if parties were required to consider the myriad of issues raised by the lengthy Second Amended Disclosure Statement, and prepare and file any related objections" without a separate and earlier hearing on the Renewed 3013 Motion.  *See* Renewed 3013 Motion ¶30.  If the hearing on the Renewed 3013 Motion is a day prior to the disclosure statement objection deadline, it would not spare parties any effort or resources because the Renewed 3013 Motion would not be resolved prior to when the parties would be required to prepare objections, and likely not prior to the disclosure statement hearing.  As a result, there is no need to have a special hearing on the Renewed 3013 Motion or for it to be briefed on its own schedule.  Counsel for the Committee already expressed agreement on this point at the April 22, 2020 omnibus hearing.  *See* Apr. 22, 2020 Hr'g Tr. 11:20-22 ("we are okay with having this decided as part of the disclosure statement hearing….").  To the extent the Court wishes for the narrow legal issue on classification to proceed, the Oversight Board respectfully submits it should be briefed and heard in conjunction with the disclosure statement. To that effect, the Oversight Board proposes the following briefing schedule, with a proposed order embodying this briefing schedule attached as **Exhibit A**:

- **Committee Prima Facie Case:**  4:00 pm Atlantic Standard Time April 25, 2121:  Committee to File Revised Motion demonstrating how retiree claims and other unsecured claims can and must be classified together under any set of facts.

- **Oversight Board Response:**  4:00 pm Atlantic Standard Time May 1, 2121: Court to Rule Whether UCC Renewed Motion Goes Forward

- **Joinder Deadline**: 4:00 p.m. Atlantic Standard Time on May 7, 2021.

14

- **Objections and Responses Due**: 5:00 p.m., Atlantic Standard Time, on May 21, 2021.

- **Reply Deadline**: 5:00 p.m., Atlantic Standard Time, on June 4, 2021.

- **Hearing on Renewed 3013 Motion**: 9:30 a.m., Atlantic Standard Time, on June 16, 2021.

[*The remainder of this page intentionally left blank*]

WHEREFORE the Debtors respectfully request the Court deny the Renewed 3013 Motion without prejudice to the Committee raising the classification issues in connection with confirmation or, in the alternative, enter an order, substantially in the form of **Exhibit A**, scheduling briefing and setting a hearing on the Renewed 3013 Motion, and granting the relief requested herein and all other relief as is just and proper.

Dated:  April 21, 2021
       San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Daniel S. Desatnik
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF

participants in this case.

*/s/   Hermann D. Bauer*
Hermann D. Bauer

## **Exhibit A**

Proposed Order

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[8] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 11989 |

[*Caption Continued on Next Page*]

---

[8] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

|  | Re: ECF No. 16396, 16397, 16408 |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE COMMONWEALTH OF PUERTO RICO<br><br>        Movant,<br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>         as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>        Respondent. |  |

**[PROPOSED] ORDER SCHEDULING BRIEFING AND HEARING CONCERNING
RENEWED MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3013 FOR
ENTRY OF ORDER RECLASSIFYING CLASS 48A AND CLASS 55 CLAIMS UNDER
OVERSIGHT BOARD'S PLAN OF ADJUSTMENT DATED MARCH 8, 2021**

Having considered the *Urgent Motion of Official Committee of Unsecured Creditors to Schedule Hearing on Renewed Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 48A and Class 55 Claims Under Oversight Board's Plan of Adjustment Dated March 8, 2021* [ECF No. 16397] (the "Scheduling Motion") and the *Objection to Urgent Motion of Official Committee of Unsecured Creditors to Schedule Hearing on Renewed Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 48A and Class 55 Claims Under Oversight Board's Plan of Adjustment Dated March 8, 2021* [ECF No. _____] (the "Objection"), [9] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having found that no other or further notice is required; and upon the record herein, after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

- The Scheduling Motion is **DENIED**.

- The following schedule is set for the Renewed 3013 Motion:

    i. **Committee Prima Facie Case:** 4:00 pm Atlantic Standard Time April 25, 2121: Committee to File Revised Motion demonstrating how retiree claims and other unsecured claims can and must be classified together under any set of facts.

    ii. **Oversight Board Response:** 4:00 pm Atlantic Standard Time May 1, 2121**:** Court to Rule Whether UCC Renewed Motion Goes Forward

    iii. **Joinder Deadline**: 4:00 p.m., Atlantic Standard Time, on May 7, 2021.

---

[9] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

iv. **Objections and Responses Due**: 5:00 p.m., Atlantic Standard Time, on

May 21, 2021.

v. **Reply Deadline**: 5:00 p.m. Atlantic Standard Time on June 4, 2021.

vi. **Hearing on Renewed 3013 Motion**: 9:30 a.m., Atlantic Standard Time, on

June 16, 2021.

The Court shall retain jurisdiction to hear and determine all matters arising from

implementation of this Order.

Dated: _____, 2021.                    SO ORDERED:

 

_____
HONORABLE LAURA TAYLOR SWAIN
United States District Judge