UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

              Debtors.

-------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

**RELATED TO DOCKET #16475 AND #16332**

**INFORMATIVE MOTION – APRIL 28, 2021 HEARING, AND REQUEST FOR CLARIFICATION OF THE DOCKET #16475 PROCEDURES ORDER**

Dated: April 22, 2021

**INFORMATIVE MOTION – APRIL 28, 2021 HEARING, AND REQUEST FOR CLARIFICATION OF THE DOCKET #16475 PROCEDURES ORDER**

Peter C. Hein, an individual bondholder participating *pro se*, filed a response to Docket #16332, which response is docketed at Docket #16387. Peter C. Hein continues to rely upon his written submission in Docket #16387 and continues to urge the positions set forth therein, and disputes contrary assertions in Debtors' reply (Docket #16507).

If feasible and permitted by the Court (*see* paragraphs 2-4 below), Peter C. Hein will seek to be heard at the April 28, 2021 hearing on Docket #16332 and on responses thereto filed by Peter C. Hein or by others, including Docket #16387, and on any other matters that may affect his interests.

1. If it is not feasible for me to be heard on April 28, I note here points I would make responsive to Debtors' reply (#16507):

    (a) Per Debtors, over 100,000 entities and individuals are entitled to access to the depository; Debtors' claim that access by analysts and media – whose analyses and reports would inform me and other individual bondholders – "could overload" the depository or impose added costs is conclusory and speculative (#16507-pages-11-to-12,67-of-69);

    (b) Debtors argue confidentiality may be necessary to protect the full account numbers of Debtors' bank accounts (#16507-page-12-to-13-of-69), but that concern can be addressed by partial redaction and does not justify broad confidentiality designations over entire records;

    (c) Debtors do not even attempt to justify why an index can properly be claimed as confidential;

-1-

  (d) Debtors' revised proposed notice removed 12 bulleted parties from those required to be served, but added an express requirement that individuals serve each of the 495 parties on the Master Service List on the Prime Clerk website (*see* #16507-page-56-of-69, referencing a link to an excel spreadsheet with 495 parties); Debtors' proposed requirements for service of objections by individual bondholders are unduly burdensome and would unfairly deter individuals from objecting; a simplified objection process should be used, as I proposed in #16387;

  (e) I have standing to raise all of my objections, since (among other things) (i) the analyses of depository data that analysts and media would conduct (if allowed access), and then publicly report, would benefit me as well as other individual bondholders, and (ii) Debtors propose a plan in which the amount of consideration I receive will be impacted by the votes and decisions of other individual bondholders (as I noted, *e.g.*, #16387-pages-4-to-9,16-to-17-of-22).

  2. This Court's Order Regarding Procedures for April 28-29, 2021, Omnibus Hearing (Docket #16475) provides that "[i]n light of the ongoing COVID-19 public health crisis, the Court will conduct the Hearing telephonically via CourtSolutions." The Order permits "[a]ttorneys who have entered an appearance in the Title III proceedings" to "register to participate as speakers." The Order also states that "listen-only mode" access lines will be provided for members of the public and the press. However, there is no means expressly specified for participation by individual bondholders who filed proofs of claim and/or notices of participation and who are proceeding *pro se* (as I am).

  3. Previously, this Court's Order Denying Motion of Peter Hein to Establish Certain Procedures Regarding Participation by Pro Se Parties (Docket #6534) allowed Peter C. Hein (only) to register for "listen-only telephonic participation on his own behalf in these Title III

-3-

cases via Court Solutions." Thereafter, in Docket #11920, this court granted my "request for permission to register as a filing user of the Court's …CM/ECF…system, as a *pro se* party."

4. It is respectfully requested that the Court clarify whether and how I may participate in the April 28, 2021 telephonic hearing as a *pro se* party, and (in future procedures orders) how individual bondholders participating pro se may participate in any future telephonic hearings relating to the disclosure statement and plan confirmation.

April 22, 2021

                                                Respectfully Submitted,

                                                /s/ Peter C. Hein
                                                Peter C. Hein, Pro Se
                                                101 Central Park West, Apt. 14E
                                                New York, NY  10023
                                                petercheinsr@gmail.com