# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 4493, 5146, 16287, and 16314**<br><br>(Jointly Administered) |
| CORPORACIÓN MARCARIBE INVESTMENT<br><br>Movant,<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Respondent. | PROMESA<br>Title III |

**RESPONSE OF THE COMMONWEALTH OF PUERTO RICO TO MOTION TO COMPEL COMPLIANCE WITH STIPULATION PRESENTED BY <u>CORPORACIÓN MARCARIBE INVESTMENT</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5223-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor"),[2] hereby files this response (the "Response") to the *Motion to Compel Compliance with Stipulation* [ECF No. 16287] (the "Motion"), filed by Corporación Marcaribe Investment ("Movant"). In support of this Response, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1. To resolve the Motion, the Debtor offered to Movant to modify the Title III Stay to allow the Appeal (each as defined below) to proceed to judgment before the Puerto Rico Court of Appeals and the Puerto Rico Supreme Court, provided, however, that the Title III Stay shall continue to apply in all other respects to the Appeal, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor. The Debtor believes the proposed modification to the Title III Stay provides Movant the relief it requests. However, Movant has refused to agree to the modification of the Title III Stay. The Debtor has made multiple attempts, to no avail, to understand why Movant desires to have the Court decide the Motion on the merits given the Commonwealth is willing to provide essentially the relief Movant seeks, and how the parties can reach a consensual resolution. The Commonwealth and Movant continued to exchange communications to reach language that would be acceptable to both parties. Nevertheless, as of today, the Commonwealth has not heard from Movant as to the Commonwealth's latest proposal to resolve the Motion.

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized Department of Justice to file this Response on behalf of the Debtor.

2. Given the Debtor is willing to modify the Title III Stay to provide the equivalent relief Movant requests, it is unnecessary for the Court to decide the Motion on the merits. If the Court determines to consider the Motion on the merits, the Debtor respectfully requests the Court deny the Motion because Movant's interpretation and construction of the Stipulation (as defined below) is unsupported and contrary to the plain language of the Stipulation, which limited stay relief to allow the Prepetition Action (as defined below) to proceed to final judgment before the *Puerto Rico Court of First Instance*.

## BACKGROUND

3. On December 18, 2018, Movant filed a *Motion to Determine the Applicability of the Automatic Stay and/or Relief from the Automatic Stay* [ECF No. 4493] (the "Motion for Relief from Stay"), requesting that the Court modify the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (the "Title III Stay") to allow Movant to continue an inverse condemnation action filed in the Puerto Rico Court of First Instance (the "Prepetition Court"), *Corporación Marcaribe Investment vs. DRNA*, Case No. AAC20215-0050 (the "Prepetition Action") or, in the alternative, a determination that the Title III Stay does not apply to the Prepetition Action. *See Motion for Relief from Stay ¶ 26.*

4. On January 11, 2019, the Debtor and Movant executed a stipulation to resolve the Motion for Relief from Stay (the "Stipulation"), which provided the Title III Stay be modified solely to the limited extent necessary to enable the Prepetition Action to proceed to final judgment before the Prepetition Court; provided, however, that the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth. *See* ECF No. 5146-1.

5. On February 15, 2019, the Court approved the Stipulation. *See Eighth Omnibus Order Granting Relief from the Automatic Stay* [ECF Nos. 5146 and 5146-1].

6. On December 23, 2020, the Prepetition Court entered a judgment in the Prepetition Action.

7. On February 2, 2021, Movant filed an appeal before the Puerto Rico Court of Appeals, Case No. KLAN202100069 (the "Appeal"), without first requesting from the Commonwealth a modification to the Stipulation and Title III Stay pursuant to the Lift Stay Protocol in the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"). ECF No. 15894-1.

8. On March 30, 2021, the Commonwealth requested the administrative closing of the Appeal based on the applicability of the Title III Stay.

9. On April 4, 2021, the Movant filed the Motion, arguing the Commonwealth's request for dismissal of the Appeal is a violation of the Stipulation, and requesting this Court enter an order to compel the Debtor to comply with the Stipulation to allow the Appeal to continue. *See Motion ¶ 3*. Movant further requests that this Court proceed to ratify the Stipulation and confirm that it does not prohibit Movant's constitutional right to appeal as provided by state and federal law. *Id.*

10. On April 15, 2021, the Puerto Rico Court of Appeals stayed the Appeal and ordered the administrative closing of the Appeal.

## ARGUMENT

11. First, the plain language of the Stipulation provides the Title III Stay is modified solely to allow the Prepetition Action to proceed to final judgment before the *Puerto Rico Court of First Instance*. The Stipulation provides the following:

> The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action ***to proceed to final judgment before the Prepetition Court***; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment, for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor.

*See* ECF No. 5146-1 (emphasis added).

12. The Stipulation defines "Prepetition Court" as the "Puerto Rico Court of First Instance." *See Motion,* Exhibit B at 2. It is clear from the language of the Stipulation that the modification of the Title III Stay agreed to by the Commonwealth did not contemplate appellate proceedings.

13. Second, Movant's request that this Court confirm the Stipulation does not prohibit its constitutional right to appeal is unwarranted and unnecessary as it is the *Title III Stay* that prevents Movant from proceeding with the Appeal, absent stay relief. 11 U.S.C. § 362(a)(2) (made applicable to the Title III case pursuant to PROMESA § 301(a)). Furthermore, the Stipulation explicitly provides that "[m]ovant expressly reserves the right to seek further relief from the Title III Stay after the Prepetition Court has rendered its determination in accordance with the Case Management Order and the Commonwealth reserves all rights and defenses with respect to such request." *Id.* at 2. Rather than seeking further relief from the Title III Stay and complying with the

Case Management Order, Movant instead proceeded with the filing of the Appeal once the Prepetition Court rendered its judgment, thereby ignoring the plain language of the Stipulation.

## CONCLUSION

14. Because the Debtor has agreed to modify the Title III Stay to provide Movant the relief it requests, it is unnecessary for the Court to decide the Motion on the merits. If the Court determines to consider the Motion on the merits, the Commonwealth respectfully requests the Court deny the Motion for the reasons stated above.

Dated April 26, 2021
San Juan, Puerto Rico

**DOMINGO EMANUELLI-HERNÁNDEZ**
Secretary of Justice

/s/ *Susana I. Peñagarícano-Brown*
**SUSANA I. PEÑAGARÍCANO-BROWN**
USDC No. 219907
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404
spenagaricano@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*