# **<u>EXHIBIT B</u>**

# Milbank

**JOHN J. HUGHES III**

*Special Counsel*

55 Hudson Yards | New York, NY 10001-2163

T: 212.530.5127

Jhughes2@milbank.com | milbank.com

April 19, 2021

**VIA EMAIL**

| | |
|---|---|
| Michael A. Firestein, Esq. | Elizabeth L. McKeen, Esq. |
| Lary A. Rappaport, Esq. | Ashley Pavel, Esq. |
| Proskauer Rose LLP | O'Melveny & Myers LLP |
| 2029 Century Park East, Suite 2400 | 610 Newport Center Drive, 17th Floor |
| Los Angeles, CA 90067 | Newport Beach, CA 92660 |

Re: Discovery in Revenue Bond Adversary Proceedings,
Nos. 20-00003, 20-00004, 20-00005

Counsel:

I write on behalf of Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Company ("FGIC") (collectively, the non-settling "Defendants") to follow-up on Defendants' letter dated April 14, 2021 ("the April 14 Letter") and the Parties' telephonic meet-and-confer held on April 15, 2021 (the "April 15 Meet-and-Confer").[1] Matters addressed in the *Joint Status Report Regarding Discovery in the Revenue Bond Adversary Proceedings* (ECF No. 16455) (the "Joint Status Report") are not repeated herein.

## *PRIFAS Data*

In the Motion to Compel Order, Judge Dein ordered the Government to "provide information about other reports and data that can be generated using PRIFAS." (Motion to Compel Order at 10.) At the April 15 Meet-and-Confer, the Government stated that it believed it was incumbent upon Defendants to come up with specific questions concerning what reports can possibly be produced by PRIFAS. Specific requests are set out below.

**User Manuals, Policies, Procedures, and Business-as-Usual Reporting.** Defendants request that the Government identify and produce any user manuals, or policies or procedures, explaining the types of data that is contained in and reports that can be run from PRIFAS. Defendants also request that the Government provide information regarding the types of PRIFAS reports or queries Treasury employees routinely run as part of their job responsibilities and information concerning the use and purposes of those reports or queries.

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the April 14 Letter.

Michael A. Firestein, Lary A. Rappaport  April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

    Additionally, Defendants request that the Government produce documentation—such as policies, procedures, or user manuals—sufficient to explain the flow of Rum Tax Remittances and Excise Taxes through the Commonwealth's funds and accounts in PRIFAS, including but not limited to PRIFAS fund code designations 111, 141, 278, and 793. Defendants likewise request policies and procedures associated with the R4220 account and the E6120 account.

    **Trial Balances and Journal Entries of the Relevant Self-Balancing Funds/Accounts.** As the Government has previously stated, governmental funds are "fiscal and accounting entities [that] segregate financial information for the purpose of carrying on specific activities and attaining certain objectives." (Ltr. from Elizabeth L. McKeen to Gaspard Rappoport, *et al.* (Mar. 13, 2020) at 4.) A fund is a "fiscal and accounting entity with a self-balancing set of accounts." (*Expert Report of William W. Holder*, Adv. Proc. No. 20-00003 [ECF No. 83-1] at 2 n.7.)

    The documents produced to date do not appear to reflect a full set of balancing entries. For instance, the document produced bearing Bates number CW_STAY0048546 appears to show accounting entries associated with receipt of Rum Tax Remittances starting on January 1, 2014, but this document only reflects credits to revenue accounts associated with those transactions, without the corresponding balance sheet entries (*e.g.*, debits to cash accounts that correspond to those credits to revenue accounts). Information produced to date suggests that balance sheet accounts may begin with an A, F, or L, followed by a four-digit number, whereas expense and revenue accounts begin with an E or R followed by a four-digit number.

    Defendants also are seeking trial balances for each fiscal year-end and quarter-end from the period January 1, 2014 to present regarding the same funds and the accounts within them, including, without limitation, the following funds: 278-0660000, 278-1610000, 793-0660000, 793-1610000, 141-06600000, 141-1610000, 111-0660000, 111-1610000, and 111-0250000, including, without limitation, trial balances provided to internal or external auditors.

    **Accounts for Which PRIFAS Data Is Needed.** The Government provided PRIFAS data for the Revenue and Expenses Accounts for Fund 278, Revenue Account R4220 and Expense Account E9760. Based on their review of CW_STAY0034228 and CW_STAY0048363, along with PRIFAS data identified in the prior sentence, Defendants request PRIFAS data—including journal entries and trial balances, as described above—for the funds and accounts identified in Appendix B. Furthermore, Defendants request that the Government identify and produce all journal entries (including balancing entries) and trial balances for funds 278-0660000, 278-1610000, 793-0660000, 793-1610000, 141-06600000, 141-1610000, 111-0660000, 111-1610000, and 111-0250000 (including all "accounts" in those funds). Finally, Defendants request all PRIFAS data, including journal entries and trial balances, for funds and accounts associated with Agencias 0660000 (HTA) and 1610000 (PRIFA).

    **Flow Through General Ledger.** Defendants also request that the Government provide PRIFAS reports and/or data sufficient to show the flow of Rum Tax Remittances and Excise Taxes through the Commonwealth's funds and accounts in PRIFAS, *i.e.*, its general ledger. For instance, as noted above, the Government produced PRIFAS records apparently showing accounting entries associated with receipts of Rum Tax Remittances starting on January 1, 2014; these entries are associated with fund code 111. A separate file, produced as Bates number CW_STAY0048544,

Michael A. Firestein, Lary A. Rappaport April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

appears to show accounting entries associated with transfers of Rum Tax Remittances to various Governmental Development Bank accounts starting on January 1, 2014, associated with fund code 141. However, there do not appear to be any accounting entries showing the transfer of funds between fund 111 and fund 141. Also, CW_STAY0048544 and CW_STAY0048545 identify Rum Tax Remittances recorded in accounts associated with fund codes 279, 295, and 793. Defendants request any documentation in support of the flow of Rum Tax Remittances and Excise Taxes through the Commonwealth's funds and accounts in PRIFAS.

Defendants' objective is to trace the flow of funds through the general ledger, and in the PRIFA case, given the relatively small number of transactions, Defendants would request a comprehensive production of these entries and supporting documentation. In the HTA case, Defendants would make the same request, but note that, in light of the volume of transactions at issue in HTA and the targeted nature of the Rule 56(d) discovery that has been authorized, Defendants would be amenable to meeting-and-conferring about alternatives, such as a "flow of funds" description or graphic that conceptually explains the movement of Excise Taxes through general ledger accounting entries, using exemplar transactions and journal entries, to explain the movement pre-default and post-default.

**Data Dictionary.** During the April 15 Meet-and-Confer the Government advised that it would confer and advise whether there was a "data dictionary" available to serve as a key for identifying different data variables within PRIFAS. In the Joint Status Report, the Government represented that it had already produced "a data dictionary for PRIFAS and manuals explaining the use and purpose of various fields in PRIFAS." (Joint Status Report ¶ 9.) Please send the Bates number of the document(s) the Government is referring to. Additionally, please advise whether the Government has identified additional PRIFAS-related materials responsive to Defendants' requests.

**Questions Regarding Specific Fields.** Defendants request that the Government advise whether PRIFAS contains any other data entry fields other than the fields reflected in the PRIFAS transaction data export the Government has provided for transactions coded with Fund 278 (CW_STAY0048545), Account R4220 (CW_STAY0048546), or Account E6120 (CW_STAY0048544) from the period January 1, 2014 to present. To the extent such data fields do exist, Defendants request documents sufficient to identify the use and purpose of such data fields. Defendants also request a list of any changes made to specific data fields in PRIFAS from January 1, 2014 to present. Additionally, as discussed at the April 15 Meet-and-Confer and reflected in the Joint Status Report, Defendants have requested that the Government provide the specific queries used to generate those reports.

Defendants have the following additional questions regarding specific fields:

- One column of data is entitled "Business_Unit." What is the meaning, purpose, and use of the "Business_Unit field? Please also advise why the "Business_Unit" field in the R4220 file is "PUERT" and why the "Business_Unit" field in the E6120 file is "00025" for the PRIFA-related transactions. Defendants note that the only documents Defendants have identified as potentially corresponding to the "data dictionary" that the Government referred to in the joint status report do not appear to use this term. Defendants would request that the Government produce a "data dictionary" for the

-3-

Michael A. Firestein, Lary A. Rappaport  April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

> Business_Unit field, or identify the terminology associated with that field in any existing data dictionary that has been produced.

- What is the meaning, purpose and use of the column entitled "Account_Descr," and in particular, what does the following "Account_Descr" field refer to: "Aport Mun/Empr Tes Ind Gas Fun"?

- Is "Accounting_DT" an automatically generated field or is it manually input by users? Defendants have the same question for "Invoice_Dt." Defendants request that the Government produce any instructions, policies, and/or procedures concerning those fields, or concerning any other date and time-related fields available in PRIFAS. To the extent that existing documents do not clearly show all date and time-related fields, how they are generated or assigned, and the Government's policies, procedures, custom, or practice with respect to those fields, Defendants would request that the Parties meet-and-confer regarding what information is available concerning date and time-related fields.

- What, if any, policies and procedures concern the assignation of an "Invoice_Dt" to any particular transaction.

- Please provide the documentation supporting and underlying the following "Invoice_Ids," which are referenced in accounting data for PRIFAS: JL16140365; OC15140428; OC24140099; DI11140212; DI16140446; DI17140263; DI18140224; EN26150204; AB070209; AG25150176; NO16150130; EN1920150003; MAYO 2016; RC60/16; RC60/16 2PAGO.

## *Parameters of the Government's Search*

At the April 15 Meet-and-Confer, the Parties discussed the additional proposed search terms and custodians the Defendants had requested that the Government search for in the April 14 Letter. The Government agreed to consider investigating the burden associated with searching the files of the potential additional custodians identified in the April 14 Letter. Defendants request an update on the Government's investigation.

With respect to the Defendants' proposed additional search terms, the Government stated that Defendants' proposed search terms were unreasonable and requested that the Defendants prepare a revised set of search terms. Defendants note that they do not believe their initial set of proposed search terms were unreasonable in light of the search terms that the Government has already used. For example, although the Government objected to proposed search terms of "HTA" or "toll w/3 revenue," the Government itself used, among other terms, "AFI" and "ron" to identify responsive documents in the PRIFA case. (*See* April 6 Letter at 4-5.)

Nevertheless, in the spirit of compromise and with a reservation of all rights, Defendants have attached a revised set of proposed search terms hereto as Appendix A. Defendants request that the Government run these search terms through their database of collected electronic files and advise of the "hit" count for each search. Defendants also request that the Government advise what subset of documents in those "hit" counts were not already identified by the Government's prior searches.

-4-

Michael A. Firestein, Lary A. Rappaport April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

### *Scope of Rule 30(b)(6) Depositions*

At the April 15 Meet-and-Confer, the Parties also discussed the Government's responses and objections to Defendants' notices of Rule 30(b)(6) depositions. The Parties' primary area of disagreement concerns the scope of allowable questioning. Specifically, the Government objects that any questioning pertaining to the time period from January 2014 to February 2020 on topics that were within the scope of lift stay discovery are now outside the scope of allowable discovery.

Defendants explained that the Government's position is unreasonable, given the Rule 56(d) Order granted discovery on issues coextensive, in time and substance, with the limited discovery authorized in the lift-stay proceedings, and the Government has produced (and will produce) new documents that relate to the issues within the scope of the lift stay discovery.

The Government stated that it would reconsider its objections and confer internally. Defendants ask that the Government provide an update on its position. With respect to the remainder of the Parties' disputes concerning the Rule 30(b)(6) notices, Defendants have attached hereto as Appendix C a chart that responds to the Government's objections.

### *Other Follow-Up Requests*

**Scope of Governments' Objections.** As reflected in the Parties' prior correspondence, the Government stated that it is not planning to withhold documents responsive to Defendants' requests as written to the extent that such documents are collected within the parameters of the search that the Government agreed to. In light of the issues raised in the Joint Status Report (¶¶ 36-37), Defendants ask the Government to confirm that it is complying with this agreement.

To the extent that any documents collected, received, or reviewed by the Government's counsel have not been produced (other than on the grounds that those documents are plainly non-responsive to Defendants' document requests as originally written), Defendants request that the Government identify the withheld documents and the basis on which they were withheld. Defendants reserve all rights in connection with any withheld documents, and note their position, as articulated in the Joint Status Report, that the Government waived its "scope" objections as to any documents that are actually collected, received, or reviewed by the Government's counsel. (Joint Status Report ¶¶ 36-38; Ltr. from John J. Hughes, III to Michael A. Firestein, *et al*. (Mar. 9, 2021) at 2.)

**Privilege Log.** The Parties previously agreed to meet-and-confer regarding the substance and form of any privilege log once the Government had a sense of the volume of its planned withholdings. (*See* Ltr. from Elizabeth L. McKeen & Michael A. Firestein to Robert S. Berezin, *et al*. (Mar. 4, 2021) at 10.) In light of the issues raised in the Joint Status Report, Defendants' position is that only a document-by-document privilege log, identifying any withheld documents, is appropriate. Please advise on the Government's position as soon as possible.

**PRIFA First Supplemental Trust Agreement.** Defendants have not identified in the Government's production the First Supplemental Agreement, dated as of February 1, 1989, to the

-5-

Michael A. Firestein, Lary A. Rappaport  April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

PRIFA Trust Agreement.  Please produce the First Supplemental Agreement, or confirm that the Government has searched and determined that this agreement could not be found at this time.

**Missing Bank Account Statements for GDB Accounts in the CCDA Flow of Funds.** In its productions pursuant to the Rule 56(d) Order, the Government has produced some statements for GDB -9758 and GDB -9947 for the time period prior to 2015 (See CCDA_STAY0014307 – CCDA_STAY0016907.)  However, with respect to the GDB -9758 account, the Government has not produced bank account statements for January 2006 through November 2007.  With respect to the GDB -9947 account, the Government has not produced bank account statements for January 2006 through November 2007, as well as for June and July 2009.  Defendants request that the Government promptly produce the missing statements for these accounts.

Very truly yours,


/s/ *John J. Hughes, III*
John J. Hughes, III


cc:    Atara Miller, Esq.
        Grant Mainland, Esq.
        Martin Sosland, Esq.
        Adam Langley, Esq.

Michael A. Firestein, Lary A. Rappaport April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

**Appendix A**

PRIFA

- "Infrastructure Fund" OR "Fondo de la Infraestructura w/5 ("special fund" OR "fondo especial" OR "special revenue fund" OR "special deposit")

- ("PRIFA" OR "Puerto Rico Infrastructure Financing Authority" OR "Autoridad Para El Financiamiento de la Infraestructura del Gobierno de Puerto Rico" OR "AFI") AND ((Rum w/3 Tax*) OR (Cover w/3 Rum) OR ("Cover" w/3 "Revenue") OR "COR" OR ("Cover" w/3 "Payment"))

- ("$117 million" OR "117,000,000" OR "one hundred seventeen million" OR "ciento diecisiete millones") AND (rum w/3 tax* OR revenue*) OR ((Cover* OR "Cover Over" OR "Cover-Over") w/5 (Rum OR Revenue* OR Tax* OR Payment* OR Proceeds)) OR ("Pledged Cover Over Requirement") OR ("PRIFA" OR "Puerto Rico Infrastructure Financing Authority" OR "Autoridad Para El Financiamiento de la Infraestructura del Gobierno de Puerto Rico" OR "AFI")

- ((Rum w/3 Tax*) OR (Cover w/3 Rum) OR (Cover w/3 "Revenue") OR "COR" OR ("Cover" w/3 "Payment") OR ("$117 million" OR "117,000,000" OR "one hundred seventeen million" OR "ciento diecisiete millones") OR "Pledged Cover Over Requirement") w/10 ("Special Revenue Fund" OR "Debt Service Fund" OR "Infrastructure Fund" OR "Fondo de la Infraestructura de Puerto Rico")

- ▮▮▮9028 AND "Citibank"

- ▮▮▮2004 AND "U.S. Bank"

- ▮▮▮0006 AND (GDB OR "Government Development Bank" OR "Banco Gubernamental de Fomento")

- (Deposit* OR transfer* OR credit*) AND (((Rum w/3 Tax*) OR (Cover w/3 Rum) OR (Cover w/3 "Revenue") OR "COR" OR ("Cover" w/3 "Payment") OR ("$117 million" OR "117,000,000" OR "one hundred seventeen million" OR "ciento diecisiete millones")) w/10 ("PRIFA" OR "Puerto Rico Infrastructure Financing Authority" OR "Autoridad Para El Financiamiento de la Infraestructura del Gobierno de Puerto Rico" OR "AFI")

- ("Infrastructure Fund" OR "Fondo de la Infraestructura de Puerto Rico" OR "Special Revenue Fund" OR "Debt Service Fund") w/5 ("PRIFA" OR "Puerto Rico Infrastructure Financing Authority" OR "Autoridad Para El Financiamiento de la Infraestructura del Gobierno de Puerto Rico" OR "AFI")

- "Sinking Fund" AND ("PRIFA" OR "Puerto Rico Infrastructure Financing Authority" OR "Autoridad Para El Financiamiento de la Infraestructura del Gobierno de Puerto Rico" OR "AFI")

- ▮▮▮0704 AND (GDB OR "Government Development Bank" OR "Banco Gubernamental de Fomento")

Michael A. Firestein, Lary A. Rappaport  April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

- ▮1891 AND (GDB OR "Government Development Bank" OR "Banco Gubernamental de Fomento")"R4220" AND ("PRIFA" OR "Puerto Rico Infrastructure Financing Authority" OR "Autoridad Para El Financiamiento de la Infraestructura del Gobierno de Puerto Rico" OR "AFI") OR (Treasury OR Hacienda)

- "R4220" AND ("Fund 111" or "Fondo 111" or "general fund" or "Fund 141" or "Fondo 141")

- ("Fund 141" or "Fund 111") AND ("PRIFA" OR "Puerto Rico Infrastructure Financing Authority" OR "Autoridad Para El Financiamiento de la Infraestructura del Gobierno de Puerto Rico" OR "AFI") OR (Treasury OR Hacienda)

HTA

- ("Fund 278" OR "fondo 278") AND ("Highways and Transportation Authority" OR "HTA") OR (Treasury OR Hacienda)

- ((Resolution OR Resolución) w/5 1968) OR ((Resolution OR Resolución) w/5 68-18)

- ((Resolution OR Resolución w/5 1998)) OR ((Resolution OR Resolución) w/5 98-06)

- "Fund 278" OR "fondo 278"

- "278-660000" OR "0660000" OR (Highways and Transportation Authority OR "HTA") OR (excise /3 tax*) AND ("Fund 278" OR "Fondo 278" OR "general fund")

- "2002 Security Agreement" AND ("Highways and Transportation Authority" OR "HTA")

- ("Bond Resolution*" or "Resolution No. 68-18" or "68-18" or "1968 Resolution") AND ("Highways and Transportation Authority" OR "HTA")

- ("Bond Resolution*" or "Resolution No. 98-06" or "98-06" or "1998 Resolution") AND ("Highways and Transportation Authority" OR "HTA")

- (BPPR or "Banco Popular") AND ("Highways and Transportation Authority" OR "HTA")"Sinking Fund"

- ("Highways and Transportation Authority" OR "HTA") w/5 ("special fund" OR "fondo especial" OR "special revenue fund" OR "special deposit")

- Fund w/3 designa*

- (excise w/3 tax* OR gasoline OR diesel OR oil OR petroleum OR hydrocarbon OR cigarette OR vehicle) AND ("Fund 278" OR "fondo 278")

- Tax* AND ("Highways and Transportation Authority" OR "HTA")

- toll* w/3 revenue*

-8-

Michael A. Firestein, Lary A. Rappaport  April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

- "SC-735 voucher*" OR "SC-735 transfer voucher*"
- ("Pass Throughs" OR "Pass-Throughs") AND ("Highways and Transportation Authority" OR "HTA")
- "TSA" OR "Treasury Single Account"
- (Act w/5 30-2013) OR "Act 30"
- (Act w/5 31-2013) OR "Act "1"
- 13 L.P.R.A. § 31751
- 9 L.P.R.A. § 2021
- 9 L.P.R.A. § 5681
- (5191 OR 9458 OR 9857 OR 0303 OR 6438 OR 6411 OR 5116 OR 9874 OR 0006 OR 4276 OR 3466 OR 6048 OR 9839) AND (("Highways and Transportation Authority" OR "HTA" OR "Fund 278" OR "Fondo 278" OR tax* OR deposit* OR transfer*)

CCDA

- (Hotel OR Room) w/2 Tax*
- "Assignment Agreement" OR "Pledge Agreement" OR "Trust Agreement"
- cuenta* w/3 (transfer* OR surpl* OR pledge)
- ((Hotel OR room) w/2 Tax*) /10 (transfer* OR deposit*)
- (6545 OR 9458 OR 2984 OR 3961 OR 5142 OR 5144 OR 5138) w/10 (((Hotel OR room) w/2 Tax*) OR transfer* OR "Debt Service")
- ("Holding Fund" OR "Computadora Suplidores" OR "Hacienda Operacional" OR "Sweep Concentration" OR "Public Funds Account") w/ 10 (((Hotel OR room) w/2 Tax*) OR transfer* OR deposit*)
- (polic* OR procedur*) w/10 ("Assignment Agreement" OR "Pledge Agreement" OR (Hotel Tax*) OR "Room Tax*" OR CCDA OR "Tourism Company"))
- ((Financ* w/4 Statement) AND RSM AND (Hotel Tax*))
- (Renew* /3 School)

-9-

Michael A. Firestein, Lary A. Rappaport  April [18], 2021
Elizabeth L. McKeen, Ashley Pavel

## Appendix B

| Fondo | Agencia | Cuenta |
|---|---|---|
| 278 | 0660000 | E6120 |
| 278 | 0660000 | E9760 |
| 278 | 0660000 | R0310 |
| 278 | 0660000 | R0330 |
| 278 | 0660000 | R0333 |
| 278 | 0660000 | R0334 |
| 278 | 0660000 | R0500 |
| 278 | 0660000 | R0700 |
| 278 | 0660000 | R0820 |
| 278 | 0660000 | R0823 |
| 278 | 0660000 | R0824 |
| 278 | 0660000 | R0827 |
| 278 | 0660000 | R2181 |
| 278 | 0660000 | R2190 |
| 278 | 0660000 | R2191 |
| 278 | 0660000 | R2192 |
| 278 | 0660000 | R2193 |
| 278 | 0660000 | R5176 |
| 111 | 1610000 | E6120 |
| 141 | 1610000 | E6120 |
| 278 | 1610000 | R0335 |
| 111 | 0250000 | R4220 |
| 295 | 0250000 | R4220 |
| 278 | 1660000 | R4220 |
| 793 | 0250000 | R4220 |
| 793 | 0270000 | R4220 |
| 278 | 1610000 | E9760 |
| 278 | 1610000 | R9760 |

-10-

Appendix C: Chart of Disputes Concerning Rule 30(b)(6) Notices

| Disputes Relating to PRIFA, HTA, and CCDA | | | |
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| Propriety of seeking testimony from the Board, AAFAF, PRIFA, CCDA, and/or the Commonwealth on certain topics | PRIFA General Objections ¶¶ 7, 8; Topics 5 and 6<br><br>CCDA General Objections ¶¶ 7, 8; Topics 1, 2, 5, 6, 7<br><br>HTA General Objections ¶¶ 7, 8; Topics 1, 2, 3, 4, and 5 | The Government objects that providing testimony from the Board, AAFAF, PRIFA, CCDA, and/or the Commonwealth would result in cumulative or duplicative testimony. | Defendants are entitled to explore the respective knowledge and understanding of each governmental entity. Moreover, Defendants should be entitled to seek testimony from the Board concerning sworn assertions made in their motion for summary judgment, such as the Ahlberg Declaration. To the extent that the Government's position is that the knowledge of each entity is functionally the same, then the corporate representatives can simply state as much on any topics to which it is applicable, and the same questions will not be asked multiple times. |
| Authentication stipulations | PRIFA Topics 1, 2, 3, 8<br><br>CCDA Topics 1, 2, 3, 4, 5<br><br>HTA Topic 2 | In lieu of testimony, the Government offers to stipulate to the authenticity of documents relevant to these topics. | Defendants appreciate the Government's offer and agree the Parties should stipulate to the authenticity of these documents. Defendants will consider addressing some authentication issues in writing but note that, for some issues, this is not possible. For example, there is a substantive question regarding whether the 1997 Trust Agreement submitted with the Government's motion for summary judgment is the legally operative Trust Agreement that governs the PRIFA bonds. There are also questions concerning the 2002 Security Agreement in HTA. Deposition testimony on those topics would be appropriate. |
| The Government's document collection efforts | PRIFA Topic 9<br><br>CCDA Topic 8 | The Government objects that it would be unduly burdensome to prepare a witness to testify | By virtue of the issues raised in the recently filed Joint Status Report, the Government's document collection efforts are at issue in the litigation, and any burden |

- 1 -

**Appendix C: Chart of Disputes Concerning Rule 30(b)(6) Notices**

| | | Disputes Relating to PRIFA, HTA, and CCDA | |
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| | HTA Topic 6 | regarding its document collection efforts. | involved in providing deposition testimony on this topic is not an undue burden. |
| Basis for interrogatory and RFA responses | PRIFA Topic 10<br><br>CCDA Topic 9<br><br>HTA Topic 7 | The Government objects to providing testimony regarding admissions in their RFA Responses. | Defendants intend to inquire into (i) admissions that are qualified with any factual assertions or representations, or (ii) the basis for admissions, in circumstances where, while admitting the RFA as drafted, the Government has taken another position in the litigation that is at odds with or in tension with the admission. Defendants agree that the parties will not spend time with questions about RFAs that were admitted without qualification, to the extent that the Government's positions have been fully consistent with the admission. |

| | | Disputes Relating to PRIFA | |
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| Definitions of "Flow of Rum Tax Remittances" and "Transmittal Information" | General Objections ¶¶ 21, 28 | The Government redefines "Rum Tax Remittances" to mean "First Proceeds" | The Government's redefinition is overly limiting in light of the scope of allowable discovery. Footnote 2 of the Rule 56(d) Order incorporated by reference the definitions used in the Hughes Rule 56(d) declaration. The Rule 56(d) Order allowed discovery into the flow of "Rum Tax Remittances," which was defined in footnote 14 of the PRIFA 56(d) Declaration as all Rum Tax Remittances received by the Commonwealth. |

**Appendix C: Chart of Disputes Concerning Rule 30(b)(6) Notices**

| Disputes Relating to PRIFA | | | |
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| Documents governing the flow of Rum Tax Remittances | Topic 2 | The Government objects that the Defendants' topic is vague and ambiguous with respect to what documents Defendants will seek testimony on. | Defendants will seek testimony concerning any document governing the flow of Rum Tax Remittances from January 1, 2014 to present. |
| Accounting treatment of the Rum Tax Remittances | Topic 6 | The Government objects that subtopics (a) & (c) are outside the scope of discovery. | Questions concerning the Commonwealth's accounting practices, internal financial reporting, and controls are within the scope of allowable discovery. The Rule 56(d) Order allows discovery into the Commonwealth's accounting treatment of the Rum Tax Remittances "in general." The Commonwealth's overarching accounting practices implicate and bear on the accounting treatment in general of the Rum Tax Remittances. |
| Transactions into and out of the Infrastructure Fund | Topic 8 | The Government objects that questions concerning the individuals responsible for overseeing or approving transactions into and out of the Infrastructure Fund is outside the scope of allowable discovery. | Questions concerning the nature and location of the Infrastructure Fund are plainly within the scope of allowable discovery. The individuals (or the titles of the individuals authorized under policies and procedures) to approve transactions into and out of the Infrastructure Fund plainly bear on this issue. |

**Appendix C: Chart of Disputes Concerning Rule 30(b)(6) Notices**

| Disputes Relating to CCDA ||||
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| Definition of "Flow of Funds" | General Objection ¶ 22 | The Government redefines "Flow of Funds" to mean the bank accounts previously identified in the CCDA Flow of Funds Summary, and, for the time periods from 2006-2015 and February 2020 to present, any equivalent bank accounts. | Defendants do not agree to the Government's definition because "any equivalent bank accounts" is vague and ambiguous. Defendants will agree to the Government's definition provided "any equivalent bank accounts" includes any accounts through which the Hotel Taxes flowed. |
| Documents governing the Transfer Account, Surplus Account, and any other Accounts | Topic 2 | The Government objects that the Defendants' topic is vague and ambiguous with respect to what documents Defendants will seek testimony on. | Defendants will seek testimony concerning any document governing the flow of Hotel Taxes from January 2006 to present. |
| Account Opening Documents | Topic 4 | The Government objects that the Defendants' topic is vague and ambiguous with respect to what documents Defendants will seek testimony on. | Defendants will seek testimony concerning any accounts through which Hotel Taxes flowed from January 2006 to present. |
| Policies and procedures related to the Flow of Hotel Taxes | Topic 5 | The Government objects that the Defendants' topic is vague and ambiguous with respect to what testimony Defendants will seek. | Defendants will seek testimony concerning any policies or procedures that explain how Hotel Taxes were expected to flow from January 2006 to present. |
| Recipient of unknown transfers | Topic 7 | The Government objects that it would be unduly burdensome to prepare a witness to testify regarding every transfer from | Defendants will identify transfers for which Defendants may seek testimony in advance of the deposition date. |

- 4 -

**Appendix C: Chart of Disputes Concerning Rule 30(b)(6) Notices**

| Disputes Relating to CCDA | | | |
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| | | each account and that the language "for which the transferee is not clear" is vague and ambiguous. | The Parties should discuss a timeframe for this once the Government provides dates for the deposition. |

| Disputes Relating to HTA | | | |
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| Definition of 2002 Resolutions | General Objection ¶ 16 | The Government objects to the definition of 2002 Resolutions as overbroad and in responding will construe references to 2002 Resolutions to mean resolutions executed in 2002 in connection with bonds issued pursuant to Resolution No. 98-06. | The Government's definition is overly limiting to the extent it excludes Bond issuances from 2002-2004. |
| Definition of Bond Documents | General Objection ¶ 19 | The Government objects to the definition of Bond Documents as vague and overbroad, particularly insofar as it includes documents "relating to" the HTA Bonds, and "statutes, executive orders, or official memoranda governing the Excise Taxes" and will construe Bond Documents | To address the Government's concern, Defendants propose revising the definition of Bond Documents to mean Bond Resolutions, any Agreements issued thereunder, any official statements issued in connection with the issuance of HTA bonds, and any other related Agreements, Resolutions, official statements, or other documents governing the HTA bonds. |

**Appendix C: Chart of Disputes Concerning Rule 30(b)(6) Notices**

| Disputes Relating to HTA | | | |
|---|---|---|---|
| **Dispute Category** | **Objection Numbers** | **Government's Objection** | **Defendants' Response** |
| | | to refer to the Bond Resolutions and official statements. | |
| The regulations, rules, instructions, accounting standards, controls, and policies and procedures governing or related to the Flow of Funds for the Excise Taxes and Pledged Revenues | Topic 2 | The Government objects to this Topic as broad and outside the scope of the HTA 56(d) Order and Motion to Compel Order. | Questions concerning the Commonwealth's accounting practices, internal financial reporting, and controls are within the scope of allowable discovery. The Rule 56(d) Order allows discovery into the all documents governing the flow of Excise Taxes and Pledged Revenues and the policies and procedures related to the flow of Excise Taxes. The Motion to Compel Order further set forth that Defendants were entitled to instructions and explanations regarding the Excise Taxes. |
| The manner in which the Flows of Excise Taxes and Pledged Revenues were recorded and described in HTA and Commonwealth financial statements and Documents | Topic 5 | The Government objects to this Topic on the grounds that it seeks testimony outside the scope of discovery. | The manner in which the flow of Excise Taxes and Pledged Revenues were recorded and described in the Commonwealth's financial statements is within the scope of the Rule 56(d) Order, which allowed for discovery into the "policies and procedures" related to the Flow of Excise Taxes and HTA Pledged Revenues and further allowed by the Motion to Compel Order ("The Government shall search for and produce documents, instructions, and explanations in its possession [concerning the Note in the Commonwealth Financial Statements] . . . that identifies the HTA Excise Taxes as pledged, assigned, or conditionally allocated."). |

- 6 -