# **EXHIBIT D**

# Milbank

**JOHN J. HUGHES, III**

*Special Counsel*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5127
Jhughes2@milbank.com | milbank.com

April 21, 2021

**VIA EMAIL**

| | |
|---|---|
| Michael A. Firestein, Esq. | Elizabeth L. McKeen, Esq. |
| Lary A. Rappaport, Esq. | Ashley Pavel, Esq |
| Proskauer Rose LLP | O'Melveny & Myers LLP |
| 2029 Century Park East, Suite 2400 | 610 Newport Center Drive, 17th Floor |
| Los Angeles, CA 90067 | Newport Beach, CA 92660 |

Re: Discovery in Revenue Bond Adversary Proceedings,
Nos. 20-00003, 20-00004, 20-00005

Counsel:

I write on behalf of Ambac[1] and FGIC to follow-up on the Parties' April 20, 2021 meet-and-confer ("April 20 Meet-and-Confer"), and in response to the Government's letter dated April 20, 2021 (the "April 20 Letter") regarding the Government's communications with subpoenaed third-party entities.

### I. The Government's Position Regarding Withholding Collected Documents

During the April 20 Meet-and-Confer, the Parties identified a new issue regarding the Government document production. Defendants asked the Government to explain its argument that Defendants' subpoenas were an effort to circumvent the Government's scope objections, given Defendants' understanding that the Government had agreed that it was not withholding any documents it collects on the basis of scope objections. The Government informed Defendants for the first time that it has been withholding documents based on scope objections. The Government indicated it did not have a comprehensive list available on the call of the objections on the basis of which the Government has withheld documents, but it agreed to provide a list after the call.

Defendants noted that, until the April 20 Meet-and-Confer, their understanding, as reflected in Defendants' March 9, 2021 Letter to the Government, is that the Government would not be "withhold[ing] any documents it collects if those documents are responsive to Defendants' requests as written," and that the Government's objections relate only "to the scope of the search

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report Regarding Discovery in the Revenue Bond Adversary Proceedings*, dated February 25, 2021 [ECF No. 15889] (the "February 25 Joint Status Report").

Michael A. Firestein, Lary A. Rappaport April 21, 2021
Elizabeth L. McKeen, Ashley Pavel

the Government will undertake in collecting documents in the first place." Defendants requested in the March 9 letter that the Government "inform Defendants as soon as possible" if "the Government is seeking to withhold *any* documents that are responsive to Defendants' requests." (Emphasis added.) The Government did not so inform Defendants. Quite the contrary, in its March 16, 2021, letter, the Government confirmed that "we understand your March 9, 2021 letter to acknowledge that the parties do not have a specific pending dispute on the scope of the search or production agreement apart from the pending motion to compel."

Relying on the correspondence the Parties exchanged, Defendants had understood there was no need to bring motions to compel regarding any scope objections the Government had interposed, because the only dispute between the Parties that would affect which documents the Government would produce was whether the Government would search e-mails and audit work papers. Had Defendants known that the Government was planning to withhold documents it collects on the basis of scope objections, Defendants would have included those issues in the motion to compel that Defendants filed with the Court at the outset of the discovery period.

As noted, during the April 20 Meet-and-Confer, the Government agreed to identify for Defendants any scope objections on the basis of which responsive materials have been withheld. Defendants note for the record that they requested that the Government identify any such objections on February 28, 2021, and again on March 9, 2021, in both cases, relying on Federal Rule of Civil Procedure 34(b)(2)(C). If the Government is standing firm on its decision to withhold documents based on scope objections, Defendants expect to move to compel production of all documents the Government has collected, without regard to scope objections, and would propose to include a schedule for that briefing in the status report due on Thursday, April 22, 2021.

## II. The Government's Position Regarding Files in the Custody of Subpoenaed Third-Parties

At the April 20 Meet-and-Confer, the Parties also discussed the Government's discussion with subpoenaed third-party entities, including law firms, auditors, and rum producers.

With respect to law firms, the Government stated that its position is that production of client files held at law firms should be no different than the Government's own document productions, meaning that regardless of privilege, client files held at law firms are controlled by the Government and should mirror the Government's own production. Defendants have identified no authority supporting the Government's position that clients can instruct their law firms to withhold nonprivileged documents that are subject to a subpoena, without giving notice to or meeting-and-conferring directly with the party that served the subpoena, and without seeking a protective order or filing a motion to quash or modify the subpoena. Although the Government may assert privilege over files in the custody of law firms, it does not follow, as the Government claims, that the Government exercises absolute control over the production or withholding even of nonprivileged documents—and may do so without notice, a meet-and-confer, or motion practice.

The Government suggested during the meet-and-confer that it was unpersuasive to think that documents that could not be discovered in AAFAF's hands could be discovered when held by a law firm. As Defendants noted during the meet-and-confer, federal appellate courts have held otherwise. A law firm's client files "are as susceptible to subpoena as those stored in a warehouse."

Michael A. Firestein, Lary A. Rappaport  April 21, 2021
Elizabeth L. McKeen, Ashley Pavel

*Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170–71 (2d Cir. 2003). Even documents that could not be obtained directly from a client (because the client is not subject to the personal jurisdiction of the court, or has data privacy protections under foreign law) can be obtained from a law firm that holds those documents. *Id.* Moreover, for the reasons addressed in the preceding section, the Government agreed not to withhold documents that are actually collected on the basis of scope objections—so extending this agreement to the Government's client files at third-party law firms, as the Government proposes, would mean that all the documents that those law firms collected should be produced.

The Government suggested on the April 20 Meet-and-Confer that Defendants could not have been prejudiced by the Government's communications with subpoenaed third parties, because third-party law firms disclosed that the Government's instructions were the basis of their refusal to produce documents. Defendants note that some subpoenaed entities were not forthcoming about whether their objections were based on communications with the Government. In at least one instance, information provided in the Government's April 20 Letter contradicts information provided by a subpoenaed entity, meaning the entity appears to have provided inaccurate information about whether it communicated with the Government regarding the subpoena. For this reason, Defendants do not believe it appropriate to rely entirely on the subpoenaed entities to disclose communications with the Government.

### III. Question Regarding the Government's and Subpoenaed Third-Parties' Withholding of Documents on the Basis of Scope

At the April 20 Meet-and-Confer, Defendants agreed to list follow-up questions regarding the Government's instructions to third-parties so that Defendants may understand what information the Government is willing to provide.

- Defendants understand that, to date, the Government has not instructed any third-party entities other than law firms to withhold documents (except that reviews of documents collected by the Government's accounting firms are ongoing). Please confirm.

- Defendants understand that the Government's April 20 Letter discloses all communications between the Government's counsel and the third-party entities, and that to the extent that no communications with an entity are explicitly mentioned in the April 20 Letter, there was no communication between Proskauer or O'Melveny and that subpoenaed entity. Please confirm.

- **Rum Producers.** Did the Government's communications with Bacardi concern any of the following (and if so, please identify which): (i) the Government's view of the scope of or categories of documents that should or should not be produced in response to the subpoena, (ii) potential objections that could be raised to Defendants' discovery requests, (iii) how to respond to the subpoenas. Did Proskauer or Bacardi initiate the communication? Why did Proskauer, as opposed to O'Melveny, communicate with Bacardi?

    o Same questions for Serallés.

- 3 -

Michael A. Firestein, Lary A. Rappaport         April 21, 2021
Elizabeth L. McKeen, Ashley Pavel

- **Auditors.** Did the Government's communication prior to the motion to compel heading involve discussion of any of the three topics identified above as to Bacardi (and if so, please identify which topic(s) and which auditor(s) each topic was discussed with)? Same question for post-motion to compel communications.

  - Defendants understand from the April 20 Meet-and-Confer that the Government is still in the process of reviewing documents from auditors. Will the Government prepare a privilege log for any documents withheld on the basis of privilege? Additionally, will the Government disclose any instances in which documents collected by auditors are being withheld on the basis of objections other than privilege assertions?

- **Law Firms.** Is the Government a current client of any of the subpoenaed law firms? If so, which? Will the Government prepare a privilege log for any documents withheld on the basis of privilege? Additionally, will the Government disclose the basis for any instructions to withhold documents on grounds other than privilege? Why did Proskauer, as opposed to just O'Melveny, participate in communications with law firms?

Very truly yours,

/s/ *John J. Hughes, III*
John J. Hughes, III

cc:    Atara Miller
        Martin A. Sosland
        Robert S. Berezin
        William Natbony