# **EXHIBIT M**

| | |
|---|---|
| **From:** | Christmas, Robert |
| **To:** | "Adam Langley" |
| **Cc:** | Hughes, John; Denker, Will; "Natbony, Bill"; Flanagan, Brian; "Friedman, Peter"; "pavel, Ashley"; Wong, Virginia |
| **Subject:** | [EXT] RE: Nixon Peabody LLP Subpoena |
| **Date:** | Thursday, April 15, 2021 12:41:11 PM |
| **Attachments:** | image001.png |

Good afternoon, Adam,

As set out in detail in our Objection, we believe certain aspects of the Subpoena requests to our firm ("NP") are excluded by the plain language of Judge Swain's Rule 56 Order. As discussed on the call, given that NP is only former counsel, OMM is reviewing for scope and privilege and thus we must defer to OMM as to what is being produced. Once OMM has completed that process, we can be more specific on the limitations of the production.

Robert



**Robert N. H. Christmas**
Partner
rchristmas@nixonpeabody.com
T 212-940-3103 | C 917-842-2036

---

**From:** Adam Langley <Adam.Langley@butlersnow.com>
**Sent:** Thursday, April 15, 2021 10:22 AM
**To:** Flanagan, Brian <BFlanagan@nixonpeabody.com>; Christmas, Robert <RChristmas@nixonpeabody.com>
**Cc:** Hughes, John <JHughes2@milbank.com>; 'Denker, Will' <WDenker@milbank.com>; 'Natbony, Bill' <Bill.Natbony@cwt.com>
**Subject:** Nixon Peabody LLP Subpoena

[EXTERNAL E-MAIL]

Good morning Brian and Robert,

I spoke with you at the meet and confer organized by Cadwallader/Assured on Tuesday. Butler Snow represents FGIC, as a co-defendant with Assured in the case and on the Nixon Peabody subpoena. Counsel for Assured forwarded the responses and objections you provided on Tuesday. Thank you for those, and we are reviewing them.

I am following-up from the meet and confer to educate myself on a matter that was discussed on Tuesday and appeared to have been discussed on prior meet and confers that I missed. Nixon Peabody indicated certain requests in the subpoena, especially those relating to post-closing documents and other documents outside any closing binders, had been identified by OMM as being outside scope of Judge Swain's discovery order. Assured and Defendants articulated that they disagreed with OMM. My understanding is that Nixon Peabody does not necessarily disagree with Assured/Defendants but is not taking a position on OMM's articulated scope and, therefore, will

withhold the documents that OMM instructed were outside scope to allow the parties to the litigation to resolve any dispute on scope. Is this correct? I'd welcome any clarification on any scope limitations and what is being withheld and whether any limitations are from Nixon Peabody or OMM.

Thanks,

Adam

**Adam M. Langley**
**Butler Snow LLP**

D: (901) 680-7316 | F: (901) 680-7201
6075 Poplar Avenue, Suite 500, Memphis, TN 38119
P.O. Box 171443, Memphis, TN 38187-1443
Adam.Langley@butlersnow.com | vCard | Bio



Twitter | LinkedIn | Facebook | YouTube

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.