# **EXHIBIT J**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>   v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>   Defendants. | Adv. Proc. No. 20-00003-LTS |

**FINANCIAL GUARANTY INSURANCE COMPANY'S NOTICE OF SUBPOENA DUCES TECUM TO SIDLEY AUSTIN LLP FOR THE <u>PRODUCTION OF DOCUMENTS OR THINGS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

PLEASE TAKE NOTICE THAT, pursuant to 48 U.S.C. § 2170, Federal Rule of Bankruptcy Procedure 9016, and Federal Rule of Civil Procedure 45, Financial Guaranty Insurance Company ("FGIC"), by and through their undersigned attorneys, will serve the enclosed subpoena for documents on Sidley Austin LLP on February 22, 2021.

This notice supersedes *Ambac Assurance Corporation's Notice of Subpoena Duces Tecum to Sidley Austin LLP for the Production of Documents or Things*, which was served via e-email on February 19, 2021. While the substance of the subpoena remains unchanged, as indicated below, FGIC is issuing and serving the subpoena through its counsel, not Ambac Assurance Corporation.

Dated: February 21, 2021
San Juan, PR

REXACH & PICÓ, CSP

By: */s/ María E. Picó*
María E. Picó
(USDC-PR No. 123214)
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
Email: mpico@rexachpico.com

*Attorneys for Financial Guaranty Insurance Company*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Puerto Rico

| | | |
|---|---|---|
| In re: <br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br> as representative of <br> THE COMMONWEALTH OF PUERTO RICO, et al., <br> Debtors. | ) ) ) ) ) ) ) | PROMESA <br> Title III <br> Civil Action No. 17 BK 3283-LTS, AP No. 20-00003 <br> (Jointly Administered) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Sidley Austin LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: TSG Reporting, Inc. <br> 228 E. 45th St. Suite 810 <br> New York, NY 10017 | Date and Time: <br> 03/05/2021 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/22/2021

*CLERK OF COURT*

_____       OR       _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Financial Guaranty Insurance Company , who issues or requests this subpoena, are:

Maria E. Pico, 802 Ave. Fernandez Juncos, San Juan, PR 00907, mpico@rexachpico.com, 787-723-8520

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17 BK 3283-LTS, AP No. 20-0000

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*, Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>    Plaintiff,<br>v.<br>AMBAC ASSURANCE CORPORATION, *et al.*, Defendants. | Adv. Proc. No. 20-00003-LTS |

**EXHIBIT A TO SUBPOENA**

**DEFINITIONS**

1. "<u>1988 Trust Agreement</u>" means the Document on pages 69 through 150 of Exhibit 1 to the *Declaration of Lary Alan Rappaport in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00003-LTS, ECF No. 47-1.

2. "<u>1997 Amended Trust Agreement</u>" means the Document on pages 1 through 69 of Exhibit 1 to the *Declaration of Lary Alan Rappaport in Respect of Commonwealth Motion for Partial Summary Judgment*, Adv. Proc. No. 20-00003-LTS, ECF No. 47-1.

3. "<u>Agreement</u>" or "<u>Agreements</u>" means any and all agreements, side agreements, contracts, grants of a security interest or similar right, supplements, account control agreements, deeds of trust on accounts, or other negotiated or otherwise binding instrument or arrangement between two or more parties, whether in the form of a Document or other Communication, or supplements thereto.

4. "<u>Bond Documents</u>" means the Trust Agreement, any resolutions issued thereunder, any official statements issued in connection with any issuance of PRIFA bonds, and any other related Agreements, Resolutions, official statements, or other documents governing the PRIFA bonds.

5. "<u>Commonwealth</u>" means the Commonwealth of Puerto Rico and its instrumentalities, its present and former officers, directors, employees, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

6. "<u>Communication</u>" or "<u>Communications</u>" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind

of oral or written exchange between two or more Persons that has been recorded or transcribed in any way including letters, facsimiles, transcriptions, sound recordings, or video recordings.

7. "Document" or "Documents" is used in the broadest sense permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the District of Puerto Rico, including tangible things, correspondence, communications, internal or external memoranda, letters, drafts, non-identical copies, notes including handwritten notes, minutes of meetings, computer records (e.g., email messages), any electronically stored information, recordings (e.g., voicemail recordings), diaries, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices.

8. "Including" or "includes" means "including but not limited to and without limitation," or "includes but is not limited to and without limitation."

9. "McConnell Valdés" means the law firm McConnell Valdés PLLC, and each of its present or former officers, directors, agents, representatives, employees, members, and associates.

10. "Person" means a natural person or any corporation, partnership, association, joint venture, firm, trust, or other business enterprise or legal entity, and includes both the singular and the plural.

11. "PRIFA" means the Puerto Rico Infrastructure Financing Authority and each of its present or former board members, agents, representatives, and employees.

12. "PRIFA Bonds" means any and all bonds issued by PRIFA under the PRIFA Bond Documents.

13. "Request(s)" refers to the Document Requests listed *infra*.

14. "Signatories" means any and all Persons, individuals, entities, corporations, agencies, instrumentalities, or representatives thereof, who have signed or otherwise manifested their consent to a Document as a party, or on behalf of a party, to that Document.

15. "Trust Agreement" refers collectively to the 1988 Trust Agreement, the 1997 Amended Trust Agreement, and any other related Agreement.

16. "You" or "Your" means the entity described on the first page of this subpoena and any of its affiliates, parents, subsidiaries, attorneys, accountants, officers, directors, agents, employees, representatives, partners, predecessors-in-interest, or successors-in-interest.

17. Each reference to a corporation, partnership, joint venture, unincorporated association, government agency, or other fictitious Person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors, and successors, and for each such entity, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys, trustees, and any other Person who acted on its behalf.

18. Each reference to a natural Person shall be deemed to include that Person's agents, attorneys, and any other Person who acted on that Person's behalf.

19. The use of any definition for the purposes of these Requests shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose.

20. In construing the Requests, the singular includes the plural and vice versa, except as the context may otherwise require; any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; and any reference to any gender includes the other gender.

21. The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of the request.

22. The words "all," "any," and "each" shall each be construed broadly, meaning "any and all."

23. The word "concerning" means relating to, referring to, describing, evidencing, or constituting.

## INSTRUCTIONS

1. In complying with the requests, You are required to produce all Documents and Communications described below which are in Your possession, custody, or control, including those Documents and Communications in the possession, custody, or control of Your instrumentalities, counsel or former attorneys, investment advisors, financial advisers, securities brokers or dealers, investigators, accountants, employees or other agents, regardless of location.

2. For the purpose of reading, interpreting, or construing the scope of these requests, the terms used should be given their most expansive and inclusive interpretation.

3. Unless instructed otherwise, each request should be construed independently and not by reference to any other request for the purpose of limitation.

4. If any portion of a Document or Communication is responsive to any request, the entire Document or Communication should be produced.

5. Documents responsive to these requests shall be labeled in such a way as to show their source, including, but not limited to, the files and offices where they were maintained.

6. If You withhold any Document or Communication, or any portion of any Document or Communication, under a claim of privilege, You shall produce, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of the United States District

Court for the District of Puerto Rico, a written privilege log that sets forth: (i) the author of the Document or Communication; (ii) the type of Document or Communication, *e.g.*, letter or memorandum; (iii) the date of the Document or Communication; (iv) all recipients, including CC recipients, of the Document or Communication; (v) such other information as is sufficient to identify the Document or Communication; and (vi) the nature of the privilege asserted.

7. If information is redacted from a Document or Communication produced in response to a request, You shall identify the redaction by stamping the word "Redacted" on the Document or Communication at each place where information has been redacted and separately log each redaction on the privilege log.

8. If any requested Document or Communication has been lost, destroyed, transferred voluntarily or involuntarily to others, or otherwise disposed of, You shall state the circumstances surrounding such disposition, including the identity of Person(s) having knowledge as to the circumstances of such disposition and the date or approximate date of such disposition.

9. If You cannot respond to these requests in full after exercising due diligence to secure the Documents or Communications requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

10. If there are no Documents or Communications responsive to a particular request in Your possession, custody, or control, provide a written response so stating.

11. Any ambiguity in a request shall be construed to bring within the scope of the Request all responses that otherwise could be construed to be outside of its scope. If You believe that any request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the request in order to frame Your response.

12. Documents produced pursuant to these requests should be produced as they are kept in the ordinary course of business, including electronically stored information. Electronic materials, information, and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

13. Documents and Communications in electronic form, including, but not limited to, e-mail, should be produced in single page tagged image file format ("TIFF"). Metadata associated with electronically stored information shall be produced in text format linked to the associated file. Extracted text files, if any, should be delivered in document level text files. Spreadsheets and database files should be provided in native format, with an accompanying placeholder Bates-numbered TIFF file. Each responsive spreadsheet should be clearly labeled to indicate the placeholder Bates number that corresponds to each spreadsheet.

14. Unless otherwise instructed or clear from the context of the request, these requests pertain to the period from October 1, 1987, to the present.

15. These requests are continuing in nature. If, after producing any materials in response to these requests, You obtain or become aware of additional responsive materials, You are required to provide such materials by way of a supplemental production.

16. These requests should not be construed as a waiver or an abridgment of, and are not intended to waive, any argument or defense, or any objection to discovery requests, nor shall they be construed as any admission of fact.

## REQUESTS

**Request No. 1:** All Documents governing the PRIFA Bonds, including all Agreements, all closing binders, any amendments and supplements thereto, and any other Documents concerning the PRIFA Bonds.

**Request No. 2**: All versions of the 1988 Trust Agreement, the 1997 Amended Trust Agreement, or any other versions of the Trust Agreement, including supplemental Agreements or amendments.

**Request No. 3**: Documents and Communications—including Communications between and among PRIFA, the Commonwealth, You, or McConnell Valdés—concerning: (i) the execution and notarization of the 1988 Trust Agreement and 1997 Amended Trust Agreement; (ii) the location or whereabouts of the 1988 Trust Agreement, the 1997 Amended Trust Agreement, and any other versions of the Trust Agreement, including supplemental Agreements or amendments; and (iii) the inclusion of "NY1 5690864v.2 45967/59" in the bottom-left corner of each page of the 1997 Amended Trust Agreement;

**Request No. 4**: Documents identifying the Signatories to or Persons bound by any Agreement referenced under Request 1, including the 1988 Trust Agreement, the 1997 Amended Trust Agreement, any other versions of the Trust Agreement, and any supplemental Agreements or amendments thereto.