# **EXHIBIT P**

April 20, 2021

**VIA E-MAIL**

| | |
|---|---|
| John Hughes, III | Martin Sosland |
| Atara Miller | BUTLER SNOW LLP |
| MILBANK LLP | 5430 Lyndon B. Johnson Freeway, Suite 1200 |
| 55 Hudson Yards | Dallas, Texas 75240 |
| New York, New York 10001 | 1530 3rd Avenue South, Suite 1600 |
| | Nashville, Tennessee 37201 |

Re:   **_Discovery in Revenue Bond Adversary Proceeding, Nos. 20-00003, 20-00004, 20-00005_**

Counsel:

We write regarding the issues raised in the Parties' April 15, 2021 meet and confer and in Ambac and FGIC's April 14, 2021 letter ("April 14 Letter"). We also are in receipt of your letter dated April 19, 2021 and will respond under separate cover.

**Ambac and FGIC's Suggestions for Additional Search Parameters**

Your April 14, 2021 Letter requests that the Government search the files of dozens of additional individuals for responsive information. The search the Government has already undertaken, as described in its April 6, 2021 letter, is more than sufficient to comply with its obligations to provide the discovery the Court allowed. Nevertheless, in the spirit of compromise, the Government has agreed to confer with the relevant government entities regarding the additional individual custodians you have identified. That process is ongoing.

Your April 14, 2021 Letter also proposed over 80 additional search strings. Defendants agreed on the April 15, 2021 call to narrow your proposal. On April 19, 2021, you sent a list of nearly 50 search terms. Defendants' custodian and search term proposal remains, incompatible with the limited, targeted, proportional, and efficient discovery Judge Swain allowed. Nevertheless, in the spirit of compromise, the Government will review the suggested additional search terms and advise as to whether it can agree to implement some of them.

**Additional Requests from April 14 Letter**

Your letter asks for an update on when the Government Parties will respond to Defendant's request for information regarding transfers it identified on March 31, 2021. AAFAF has been working to collect the information requested and expects to respond in the coming days.

Your letter also requests that the Government Parties "provide the name(s) of any outside counsel that represented PRIFA as an issuer in connection with the PRIFA bond issuances." It is not efficient for the Government Parties to catalogue for Ambac and FGIC every outside counsel that represented PRIFA in connection with each bond issuance, dating back more than three decades. The Government Entities' production of bound volumes include opinions from issuer's counsel. The Government Parties direct Defendants to those materials.

**Additional Information from PRIFAS**

On March 30, 2021, the Government produced extracts of all PRIFAS data associated with transactions involving Fund 278, revenue account code R4220 or expense account code E6120 from January 1, 2014 to the present. CW_STAY0048544 - CW_STAY0048546. On April 19, 2021, the Government produced an extract of all data associated with transactions involving Fund 793 from January 1, 2014 to the present. CW_STAY0048568. In addition, the Government produced a data dictionary for PRIFAS and manuals explaining the use and purpose of various PRIFAS data fields. CW_STAY0010548, CW_STAY0048305 - CW_STAY0048543.

During our April 15, 2021 conference, Defendants requested additional information regarding what reports or information it is possible for PRIFAS to create. The Government reiterated its request that Defendants provide some context regarding what information or reporting they are looking for beyond the information that the Government Parties have already provided. Defendants provided that information on April 19, 2021. The Government is reviewing those requests. The Government agreed to produce the text of the queries used to create the PRIFAS extracts and to confirm with Treasury that it has no additional documents identifying the data and fields available in PRIFAS beyond what the Government Parties have already produced. The text of the queries are attached hereto as Exhibit A.

**Communications with Subpoenaed Non-Governmental Entities**

On our April 15, 2021 call, Defendants for the first time sought disclosure of the Government Parties' communications with the entities upon which Defendants had served subpoenas. We stated we would confer regarding what disclosure, if any, is appropriate and follow up. The next day, Defendants improperly inserted into a status report a request for an order compelling disclosure as well as production of various materials. The court denied that request and directed the parties to meet and confer and submit another status report by April 22, 2021.

In an effort to avoid a dispute on these issues if possible, the Government Parties are willing to share information regarding their communications with the entities Defendants have subpoenaed, subject to Defendants' agreement that such disclosure does not constitute any sort of waiver of any otherwise applicable privileges.

*Law Firms (Greenberg Traurig, Hawkins, Nixon Peabody, Sidley Austin, Squire Patton Boggs, Winston & Strawn, McConnell Valdes)*

Defendants subpoenaed the Government Entities' current and former lawyers for client material in the lawyers' files. O'Melveny communicated the Government's (e.g. their mutual client's) legal position regarding privilege issues and the permissible scope of discovery to

2

Greenberg Traurig, Hawkins, Squire Patton Boggs, and Nixon Peabody. Proskauer participated in certain conversations regarding privilege issues. With respect to the Government's materials kept by Greenberg Traurig, Hawkins and Nixon Peabody, O'Melveny also reviewed these materials for responsiveness and privilege at the Government's direction.

Contrary to your suggestion, it is entirely proper for the lawyers representing the Government in this litigation to communicate direction to current and former lawyers for the Government regarding a subpoena for the Government's client files. It is equally proper for the Government's current lawyers to review potential productions of the Government's own documents and advise the subpoenaed parties of the Government's legal position as to those documents.

*Auditors (KPMG, EY, BDO, RSM)*

After Defendants subpoenaed the Government Entities' auditors, O'Melveny and Proskauer had brief conversations with counsel for the auditors regarding the status of the litigation and the pending motion to compel regarding similar documents that Defendants had sought from the Government Entities directly.

Once the Court issued its March 26, 2021 Order compelling the Government to produce certain materials underlying particular financial statements (and acknowledging that certain of these materials might be in the possession of third party auditors), Proskauer had one further brief conversation with counsel for EY about the terms of the March 26. 2021 Order. Relatedly, O'Melveny requested the auditors' assistance in compiling the documents the Court ordered produced from the Government. O'Melveny has reviewed or is in the process of reviewing proposed productions of documents from the auditors' files for privilege. To date, BDO and RSM have produced documents, including materials compiled at O'Melveny's request to comply with the Court's order. The Government did not assert privilege over any materials collected by BDO or RSM. To the extent the Government asserts any applicable privilege over any materials, the Government will request that the auditor prepare an appropriate privilege log. O'Melveny is conferring with EY regarding collection of the materials the Court ordered produced in its March 26, 2021 Order. To date the Government has not asserted privilege over any materials collected by EY. O'Melveny and Proskauer are in the process of reviewing materials KPMG collected for privilege. AAFAF has not yet made a final determination as to whether to assert privilege over any of the materials collected by KPMG.

*Rum Producers (Bacardi, Club Caribe, Destileria Serralles, Edmundo B. Fernanez)*

Defendants subpoenaed rum producers with which the Commonwealth has contractual agreements. Proskauer has had brief conversations with counsel for Bacardi and Destilieria Seralles regarding the status of litigation generally, Defendants' motion to compel and the status of their productions. The Government Parties did not instruct the Rum Producers as to how to respond to the subpoenas.

The Government Parties did not issue any directives to the rum producers regarding their response to Defendants' subpoenas and have not reviewed the rum producers' documents in advance of production.

3

*Banks (Banco Popular, Banco Santander, Citibank, FirstBank, JPMorgan, Oriental Bank, State Street)*

  Defendants subpoenaed depositary banks at which the Government Entities held accounts that are in the flow of funds, as well as banks that served as fiscal agents under the bonds.  Independent of Defendants' subpoenas, AAFAF requested account statements, to the extent they had not already been provided in connection with the Lift Stay Motions, from Banco Popular, FirstBank, and Oriental Bank.  In connection with the subpoenas, FirstBank sought guidance from its clients, Hacienda and the Tourism Company as to how to respond to the subpoena.  In-house counsel for AAFAF directed FirstBank to comply with the subpoena.

  Citibank is a current advisor to the Oversight Board.  To date, Proskauer has not had conversations with counsel for Citi regarding the subpoena or compliance therewith.  Proskauer has had two conversations with counsel for JPMorgan, but those conversations concerned the background of the case, and the public news of a possible settlement with Assured and National.

  The Government Parties did not issue any directives to the banks regarding their response to Defendants' subpoenas and have not reviewed the banks' documents in advance of production.

Sincerely,

/s/ *Elizabeth L. McKeen*              /s/ *Michael A. Firestein*

Elizabeth L. McKeen                Michael A. Firestein