# EXHIBIT R

# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

April 20, 2021

**VIA E-MAIL**

William B. Snyderwine
Kenneth Smurzynski
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Re:     In re the Financial Oversight and Management Board for Puerto Rico,
        Case No. 17-BK-3283-LTS, Adv. Proc. No. 20-00005-LTS (D.P.R.)

Counsel:

On behalf of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "**Assured**"), I write concerning the subpoena *duces tecum* (the "**Subpoena**") served on Greenberg Traurig LLP ("**Greenberg**") on March 8, 2021, in the above-captured Adversary Proceeding, as well as Greenberg's objections and responses to the Subpoena dated March 19, 2020 ("**R&Os**"), and its cover letter in connection with its production of documents on April 14, 2021 (the "**April 14 Letter**").

First, Assured appreciates Greenberg's cooperation in responding to the Subpoena and the documents that Greenberg has produced to date.  Assured recognizes that Greenberg has produced "hard copy documents relating to" certain Puerto Rico Highways and Transportation Authority ("**HTA**") bond issuances for which Greenberg served as bond counsel for HTA.[1]

However, in its April 14 Letter, Greenberg stated that it has identified "eleven [additional] documents found in the collected files" and is withholding them on the instruction of counsel for HTA, O'Melveny & Myers LLP ("**O'Melveny**"), "on the ground that they are not final documents 'governing' the HTA Bonds."[2]  Assured respectfully disagrees with Greenberg's (and O'Melveny's) purported justification for withholding these documents.

---

[1] These include the June 1992 issuance of HTA Highway Revenue Bonds (Series S), HTA Highway Revenue Bonds (Series T), HTA Highway Revenue Refunding Bonds (Series U), and HTA Revenue Refunding bonds (Series V).

[2] Referring to the Court's January 20, 2021, *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board,*

# C A D W A L A D E R

William B. Snyderwine
April 20, 2021

On March 17, 2021, the Court conducted a discovery hearing in this proceeding which made it clear that the Court believes that Defendants' requests for documents and communications directed to the topics listed in the Rule 56(d) Order fall squarely within the scope of discovery allowed by Judge Swain. While third party subpoenas, including the instant Subpoena, were not specifically before the Court at the March 17 discovery hearing, the Court's guidance is instructive. For example, the Court remarked that, "I don't see that there's a general prohibition against any specific type of discovery, so I don't think that there is a blanket prohibition against e-mails or . . . work materials." (Mar. 17 Hr'g Tr. 7:9-14.). The Court further stated that "it is significant for discovery purposes what HTA believed its rights and obligations were with respect to these funds" pledged to secure the HTA Bonds. (Mar. 17 Hr'g Tr. 125:02-04). These comments indicate that the Court is unlikely to agree with O'Melveny's assertion that only "final" documents are within the scope of discovery ordered by Judge Swain.

Furthermore, Greenberg indicates that it is withholding the documents because "they are not final" – and thus cannot be considered "governing." Defendants believe that "documents governing the . . . bonds" include any documents concerning rules (whether legally binding or otherwise) that control the parties' conduct with respect to the bonds; documents that "control, direct, or strongly influence the" conduct of the parties with respect to the bonds; or documents that "determine, guide, [or] regulate" the parties' conduct under the bonds. (*See* MERRIAM-WEBSTER'S UNABRIDGED DICTIONARY; *see also* OXFORD ENGLISH DICTIONARY ("To exert a defining or controlling influence over"; "to hold sway over; to rule, control, determine"; "To serve as a precedent or a determining principle, rule, or standard for").) Non-final documents – including, for example, communications and drafts exchanged during an arms-length negotiation – are highly probative of the parties' understanding of their obligations with relation to the HTA Bonds.

Even if the asserted definition of "governing" was availing (which it is not), it would still not follow that all "non-final" documents are outside the scope of the Rule 56(d) Order. The Court expressly authorized Defendants to propound discovery requests using broad language, *e.g.* "all versions of the Bond Resolutions"; "documents identifying the signatories to and/or those bound by the Bond Resolutions"; "[a]ll documents governing the flow of Excise Taxes and HTA Pledged Revenues following their collection by the Commonwealth"; and "[p]olicies and procedures related to the flow of Excise Taxes and HTA Pledged Revenues pursuant to the Bond Documents." (Rule 56(d) Order at 11.) Assured's Subpoena and its Requests were directed to these topics.

---

*Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims,* Case No. 17-03282-LTS (ECF No. 15656) (the "**Rule 56(d) Order**").

# C A D W A L A D E R

William B. Snyderwine
April 20, 2021

Assured requests that Greenberg produce a log providing details concerning these eleven documents and specifying all bases on which each document is being withheld.  Since Greenberg notes that some of these documents may be privileged (*see* April 14 Letter at 2), this information is needed to determine the scope of any disagreement.  Assured is also available to meet-and-confer in an effort to facilitate an efficient resolution of this issue and to avoid any motion practice.

Sincerely,


*/s/ William J. Natbony*
William J. Natbony

WJN/jah

Enclosures

cc:     Atara Miller
        John J. Hughes III
        Robert Berezin
        Martin Sosland