# **EXHIBIT S**

# C A D W A L A D E R

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

April 20, 2021

**VIA E-MAIL**

Andrew T. Hahn, Sr., Esq.
Hawkins Delafield & Wood LLP
7 World Trade Center, 41st Floor
250 Greenwich Street
New York, NY 10007

Re:     In re the Financial Oversight and Management Board for Puerto Rico,
        Case No. 17-BK-3283-LTS, Adv. Proc. No. 20-00005-LTS (D.P.R.)

Counsel:

On behalf of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "**Assured**"), I write concerning the subpoena *duces tecum* (the "**Subpoena**") served on Hawkins Delafield & Wood LLP ("**Hawkins**") on March 10, 2021, in the above-captioned Adversary Proceeding, as well as Hawkins' objections and responses to the Subpoena dated April 14, 2020 ("**R&Os**").

First, Assured acknowledges receipt of Hawkins' R&Os and initial production of a closing binder for the Puerto Rico Highways and Transportation Authority ("**HTA**") January 25, 2002 Series D, Series E and Series F bond issuances for which Hawkins served as bond counsel for HTA.

In its R&Os, Hawkins has raised objections to Assured's requests on the grounds that these requests are outside the scope of the Court's January 20, 2021, *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims,* Case No. 17-03282-LTS (ECF No. 15656) (the "**Rule 56(d) Order**") and the Court's March 26, 2021, *Order on Defendants' Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings* ¶ 5a, Case No. 17-03282-LTS (ECF No. 16236) (the "**Discovery Order**").   (*See* R&Os at 10-11.)   Assured respectfully disagrees with Hawkins' objections.

On March 17, 2021, the Court conducted a hearing that resulted in the Discovery Order. At this hearing, the Court held that Defendants' document requests directed to the topics listed in the Rule 56(d) Order fall squarely within the scope of discovery allowed by Judge Swain. While third party subpoenas, including the instant Subpoena, were not specifically before the

**Bill Natbony**   Tel +1 212 504-6351   Fax +1 212 504-6666   bill.natbony@cwt.com

# C A D W A L A D E R

Andrew T. Hahn, Sr., Esq.
April 20, 2021

Court at the March 17 hearing, the Court's guidance is instructive. For example, the Court remarked that, "I don't see that there's a general prohibition against any specific type of discovery, so I don't think that there is a blanket prohibition against e-mails or . . . work materials." (Mar. 17 Hr'g Tr. 7:09-14.). The Court further stated that "it is significant for discovery purposes what HTA believed its rights and obligations were with respect to these funds" pledged to secure the HTA Bonds (Mar. 17 Hr'g Tr. 125:02-04)—including the HTA issuances listed above for which Hawkins served as bond counsel.

Furthermore, the Discovery Order issued on March 26, 2021, rejected similar scope arguments made by Plaintiff, and compelled the Government to search for and produce "documents, instructions, and explanations," including "communications," detailing information sought by Defendants. While Assured recognizes that Hawkins is not subject to the Rule 56(d) Order and the Discovery Order, Assured submits that Hawkins should take into account the Court's understanding of the scope of permitted discovery when evaluating its obligations under the Subpoena.

Assured has requested that Hawkins search for and produce non-privileged documents and communications related to its work on the HTA Bond issuances to which it served as bond counsel for HTA (listed in Request No. 1), including:

1. Documents and Communications governing the terms of the HTA Bonds for which Hawkins served as bond counsel (Request No. 1) – these may include Communications with parties to the deals other than HTA, including the Fiscal Agent as an example;
2. "[R]esolutions, and any amendments or supplements thereto, issued in connection with any HTA Bonds to which [Hawkins] served as bond counsel" (Request No. 2) – some of these may have been issued subsequent to the initial closing;
3. "[T]he powers of the Executive Director of HTA from 2001 through 2003" (Request No. 3);
4. "[T]he 2002 HTA Security Agreement" (Request No. 4); and
5. The "Flow of Funds" for Excise Taxes and other monies pledged to pay HTA bondholders (Request No. 6).

Each of these requests falls squarely under the Rule 56(d) Order, which authorizes discovery into "[a]ll documents governing the HTA Bonds," "all versions of the Bond Resolutions," and "[a]ll documents governing the flow of Excise Taxes and HTA Pledged Revenues" including "security interest agreements." (Rule 56(d) Order at 11).

Of particular importance is Request No. 2 for documents and communications related to the 2002 Security Agreement. In its summary judgment papers, the Government has asserted that the Executive Director of HTA lacked authority to enter into certain agreements related to

# C A D W A L A D E R

Andrew T. Hahn, Sr., Esq.
April 20, 2021

the HTA Bonds, including the 2002 Security Agreement.  Assured's Subpoena seeks documents and communications necessary to respond to these arguments.[1]  Hawkins served as bond counsel for HTA in 2002, and therefore Hawkins is y likely to possess documents and communications relevant to this inquiry.

The further documents requested in Assured's Subpoena are needed to resolve material issues of fact raised by the Government's request for summary judgment, which the Court has already determined cannot be decided on the current record.  Hawkins has not identified what, if any, searches it has conducted to ascertain if Hawkins possesses documents or information relevant to Assured's requests beyond a single closing binder.  Assured seeks to understand the scope of Hawkins' search; what documents or information (whether hard copy or electronically stored) is in Hawkins' possession and control that may be responsive to Assured's requests; and whether and to what extent Hawkins has identified documents or information responsive to Assured's requests that it is withholding on the basis of their asserted objections, other than attorney-client privilege.

To the extent that any relevant electronically stored information "ESI" is stored on archival systems, Assured disagrees with Hawkins' assertion that such information is available from other sources and asserts that the information may be highly probative.  Assured is available to meet and confer on whether such materials exist, and on reasonable methods of searching any such materials that do exist.

 Assured notes that this is the first time that Hawkins has articulated their position on this subpoena, five weeks after it was served.  Assured believes that a conversation will be helpful to understand Hawkins' efforts to date.  Please advise when you are available within the next few days to meet-and-confer regarding the requested discovery, in an effort to facilitate an efficient production of further documents and to avoid any motion practice.

---

[1] Assured's request for documents is made without prejudice to Defendants' procedural objections to this argument, which was improperly raised by the Government for the first time on reply.

# C A D W A L A D E R

Andrew T. Hahn, Sr., Esq.
April 20, 2021

Sincerely,

*/s/ William J. Natbony*
William J. Natbony

WJN/jah

Enclosures

cc:    Atara Miller
       John J. Hughes III
       Robert Berezin
       Martin Sosland