# **EXHIBIT T**

# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

April 20, 2021

**VIA EMAIL**

Brian G. Flanagan
Robert N. H. Christmas
Nixon Peabody LLP
55 West 46th Street
New York, New York 10036

Re:  In re the Financial Oversight and Management Board for Puerto Rico,
     Case No. 17-BK-3283-LTS, Adv. Proc. No. 20-00005-LTS (D.P.R.)

Counsel:

On behalf of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (collectively, "**Assured**"), I write concerning concerning the subpoena *duces tecum* (the "**Subpoena**") served on Nixon Peabody LLP ("**Nixon**") on March 11, 2021, in the above-mentioned Adversary Proceeding, and Nixon's Responses and Objections to the Subpoena (the "**R&Os**").

Assured submits that Nixon's R&Os are untimely and have been waived.[1]   The Subpoena was properly served on Nixon in-person on March 11, 2021, with a response date of March 22, 2021.  Both the Government and HTA, through their representation at O'Melveny & Myers ("**OMM**"), were provided with notice of the Subpoena on March 8, 2021.  But it was not until April 14, 2021, that Nixon, at the direction of OMM, served its R&Os upon Assured—more than two weeks past the deadline to serve R&Os under both the return date stated on the Subpoena and under the Federal Rules of Civil Procedure.  (*See* Fed. R. Civ. P. 45(d)(2)(B)

---

[1] *See Santiago v. Lafferty*, 2015 WL 717945, at *4 (D. Mass. 2015) ("objections to a subpoena must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served") (internal quotations omitted); *In re Dep't of Just. Subpoenas to ABC*, 263 F.R.D. 66, 70 (D. Mass. 2009) ("A party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service[.]")

William J. Natbony   Tel: 212 504 6351   Fax: 212 504 6666   bill.natbony@cwt.com

**CADWALADER**

("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").) As such, Assured asserts that the non-privilege objections asserted in Nixon's R&Os were not timely raised and have therefore been waived.

Even if the R&Os were timely – which they were not – Nixon's scope objections contained therein are inconsistent with its obligations and the record. In prior meet and confers, you have represented that OMM had directed Nixon not to produce any documents beyond HTA closing binders. Nixon then stated in its R&Os that it will produce "closing binders or closing documents" and related Resolutions for HTA Bonds to which it served as bond counsel, as well as other documents that "govern the flow of Excise Taxes and HTA Pledged Revenues following their collection by the Commonwealth, including all documents governing Fund 278 and its sub-accounts." Assured looks forward to receiving these in a document production from Nixon.[2]

But Nixon has otherwise wholly objected – at the direction of OMM – to producing any other documents requested in the Subpoena on the grounds that Assured's Requests are outside the scope of the Court's January 20, 2021, Rule 56(d) Discovery Order (the "**Rule 56(d) Order**").[3] Nixon also articulated this new position for the first time on a meet-and-confer call with Assured on April 9, 2021, and confirmed this position on a second call on April 13, 2021.

Assured respectfully disagrees with Nixon's objections. Each of Assured's requests is authorized by and directed to the topics listed in the 56(d) Order. On March 17, 2021, the Court conducted a discovery hearing in this proceeding which made it clear that the Court believes that Defendants' requests for documents and communications directed to the topics listed in the Rule 56(d) Order fall squarely within the scope of discovery allowed by Judge Swain. While third party subpoenas, including the instant Subpoena, were not specifically before the Court at the March 17 discovery hearing, the Court's guidance is instructive. For example, the Court remarked that, "I don't see that there's a general prohibition against any specific type of discovery, so I don't think that there is a blanket prohibition against e-mails or . . . work materials." (Mar. 17 Hr'g Tr. 7:09-14.). The Court further stated that "it is significant for discovery purposes what HTA believed its rights and obligations were with respect to these funds" pledged to secure the HTA Bonds. (Mar. 17 Hr'g Tr. 125:02-04).

---

[2] Assured appreciates Nixon's representation that the closing binders it has identified will be produced shortly, and understands that OMM has requested an opportunity to review the closing binders before production which has resulted in an additional, multi-day delay.

[3] *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board, Pursuant to Bankruptcy Rule 7056 for Partial Summary Judgment Disallowing Claims* (Case No. 17-03282-LTS, ECF No. 15656).

C A D W A L A D E R

The Court has since issued an additional discovery order.[4] The Court ordered the Government Parties to produce "documents, instructions, and explanations . . . and any communications" detailing information sought by Assured. (Discovery Order ¶ 5a.) While Assured recognizes that Nixon is not directly subject to the Rule 56(d) Order and the Discovery Order, Assured submits that Nixon should take into account the Court's expansive understanding of the Rule 56(d) Order when evaluating its obligations under the Subpoena.

In its Specific Response to Document Request No. 4, Nixon further objects to the production of "Communications" as "beyond the limitations provided by the [Rule] 56(d) Order." (R&Os at 10-11.) But the Court found at the March 17, 2021, discovery hearing, that "communications" should not be excluded from the scope of production under the Rule 56(d) Order. The Court stated that a search for documents, and subsequent production, "may very well include e-mails. It may very well include communications." (Mar. 17 Hr'g Tr. 64:25-65:3.).

Nixon's burden argument is similarly unavailing. Nixon has represented to Assured that it has already identified a limited universe of documents, and that these documents have all or nearly all been sent to OMM for privilege review. Assured's understanding is that most of these documents had been previously collated and reviewed for privilege in response to a previous subpoena in a related matter,[5] although they were ultimately not produced in that matter. Assured wishes to reiterate that it is not seeking documents that fall under attorney-client privilege, and this disagreement is limited to those documents and communications which are not privileged. Based upon Nixon's representations, there should be minimal burden in reviewing the limited universe of documents that Nixon has already collated and scanned, most of which were *already screened for privilege* in a prior matter, and producing non-privileged documents responsive to Assured's requests.

Assured reiterates its request that Nixon produce non-privileged documents and communications related to its work on the HTA Bond issuances to which it served as bond counsel for HTA (listed in Request No. 1), including:

1. Amendments, or supplements issued in connection with any HTA Bonds to which Nixon served as bond counsel. (Request No. 2)
2. The HTA Bonds or Bond documents. (Request No. 3)

---

[4] *Order on Defendants' Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings* (Case No. 17-03282-LTS, ECF No. 16236) (the "**Discovery Order**").

[5] The Kobre & Kim Independent Investigation into the Commonwealth of Puerto Rico, commissioned by Plaintiff in September 2017. For further information, see https://www.documentcloud.org/documents/ 4777926-FOMB-Final-Investigative-Report-Kobre-amp-Kim.html.

**C A D W A L A D E R**

      3. The Flow of Funds or Excise Taxes, monies within Fund 278 (or any other "special deposit" in favor of HTA) and the HTA Pledged Revenues. (Request No. 4)

Assured is available to meet-and-confer regarding the requested discovery in an effort to facilitate an efficient production of documents and to avoid motion practice.

Sincerely,

/s/ *William J. Natbony*
William J. Natbony

cc:    Atara Miller
        John J. Hughes, III
        Martin A. Sosland
        Robert S. Berezin