Response Deadline: June 2, 2021, at 4:00 PM (Atlantic Standard Time)
Hearing Date: June 16, 2021, at 9:30 AM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

**THREE HUNDRED SIXTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO MISCLASSIFIED CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred sixteenth omnibus objection (the "Three Hundred Sixteenth Omnibus Objection") to the misclassified proofs of claim listed on **Exhibit A** hereto, and in support of the Three Hundred Sixteenth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.** **The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for HTA and ERS pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively, the "HTA Title III Case"

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

and the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537.[3]

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][4] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.    Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5. To date, approximately 179,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6. Of the proofs of claim filed, approximately 113,000 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. Approximately 52,900 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS. Over 2,250 proofs of

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

[4] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

claim have been filed in relation to, or reclassified to be asserted against, HTA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

7. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification. *Notice of Hearing*

with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), and/or ERS. Based upon rulings and orders of the Court to date, approximately 56,000 claims asserting $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

10. This Three Hundred Sixteenth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

**OBJECTIONS TO PROOFS OF CLAIM**

11. The Amended Omnibus Objection Procedures allow the Debtor to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12. The Three Hundred Sixteenth Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the Amended Omnibus Objection Procedures, claims that assert an incorrect or improper classification.

5

13. As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Reclassified" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) or other priority pursuant to 11 U.S.C. § 507(a). Upon a reasonable review of the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority, priority, or secured status, and should appropriately be classified as general unsecured claims.

14. Certain of the Claims to Be Reclassified assert entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) (the "Incorrect Administrative Expense Claims"), but the proof of claim and supporting documentation do not demonstrate claimant's entitlement to such priority. Only creditors who sold goods to the Debtors within twenty days of the commencement of the Debtors' Title III Cases are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). Based on the supporting documentation submitted with the proofs of claim, however, none of the Incorrect Administrative Expense Claims were filed by creditors who sold goods within the required statutory time frame of twenty days prior to commencement of the Debtors' Title III Cases. For example, certain of the Incorrect Administrative Expense Claims were filed by individual employees of the Commonwealth, its agencies, or its instrumentalities, or unions representing Commonwealth employees, asserting liabilities arising from the individual employees' employment by the Commonwealth. Other Incorrect Administrative Expense Claims assert liabilities associated with either pending litigations against the Debtors, or with allegedly unpaid judgments and settlements. Still other Incorrect Administrative Expense Claims assert (*i*) allegedly unpaid obligations arising from lease

agreements, (*ii*) liabilities associated with contracts to provide *services*, not goods, or (*iii*) alleged entitlement to certain tax credits for participation in the Green Energy Fund created by the *Puerto Rico Green Energy Incentives Act of 2010*.

15. Certain other Claims to Be Reclassified assert entitlement to priority pursuant to 11 U.S.C. § 507(a) ("Incorrect Priority Claims"), but the proof of claim and supporting documentation provide no basis for the asserted priority. For example, certain Incorrect Priority Claims assert entitlement to priority pursuant to 11 U.S.C. § 507(a)(7), but the proof of claim and supporting documentation do not demonstrate the creditor is owed for deposits towards purchases, leases, or rentals of property or services for personal, family or household use, as required by the statute. In addition, certain other Claims to Be Reclassified assert secured status (the "Incorrect Secured Status Claims"), but the proof of claim and supporting documentation provide no basis for the claimant's assertion that their claim is secured. For example, certain of the Incorrect Secured Status Claims were filed by individual employees of the Commonwealth, its agencies, or its instrumentalities, asserting liabilities arising from the individual employees' employment by the Commonwealth. Other Incorrect Secured Status Claims assert liabilities associated with either pending litigations against the Debtors, or with allegedly unpaid judgments and settlements. Still other Incorrect Secured Status Claims assert (*i*) allegedly unpaid obligations arising from lease agreements, or (*ii*) liabilities associated with contracts to provide *services*, not goods.

16. Accordingly, because the Claims to Be Reclassified do not provide a basis for either administrative expense priority, priority, or secured status, and the claims should be reclassified as general unsecured claims, each as set forth in **Exhibit A** hereto. Reclassification of the Claims to Be Reclassified is necessary to avoid prejudicing other holders of general unsecured claims. The holders of the Claims to Be Reclassified will retain a modified claim against the Debtors, as set

for the in the column entitled "Modified Claim" on **Exhibit A** hereto. Because this Three Hundred Sixteenth Omnibus Objection to the Claims to Be Reclassified does not constitute an objection to the validity or amount of the Claims to Be Reclassified, the Debtors reserve their right to object to the Claims to Be Reclassified on any other grounds whatsoever.

17. In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Three Hundred Sixteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Misclassified Claims*, dated April 30, 2021, attached hereto as **Exhibit B**.

## NOTICE

18. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtor has provided notice of this Three Hundred Sixteenth Omnibus Objection to (a) the individual creditors subject to this Three Hundred Sixteenth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1]), which is available on the Debtor's case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Three Hundred Sixteenth Omnibus Objection is attached hereto as Exhibit C. Spanish translations of the Three Hundred Sixteenth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Three Hundred Sixteenth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: April 30, 2021
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**Fecha límite para responder: 2 de junio de 2021, a las 04:00 p.m. (AST)**
**Fecha de la vista: 16 de junio de 2021, a las 09:30 a.m. (AST)**

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **El presente escrito guarda relación con el ELA, la ACT y el SRE.** |

**TRICENTÉSIMA DÉCIMOSEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE EMPLEADOS DE GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES CLASIFICADAS ERRÓNEAMENTE**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y denominados conjuntamente con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA y la ACT, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como único representante del Título III conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la presente tricentésima décimosexta objeción global (la "Tricentésima décimosexta objeción global") a evidencias de reclamaciones clasificadas erróneamente que se enumeran en el **Anexo A** del presente documento, y en apoyo de la Tricentésima décimosexta objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A. Órdenes de Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso de Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para la ACT y el SRE conforme a la sección 304(a) de PROMESA, iniciando los casos al amparo del Título III del referido cuerpo legal (respectivamente, el "Caso de Título III de la ACT" y el "Caso de Título III del SRE", denominados con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.  El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][4] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

---

[3] Salvo disposición en contrario contenida en el presente documento, todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

[4], Todas las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

(conjuntamente con la Orden Inicial de Fecha Límite, las "<u>Órdenes de Fecha Límite</u>"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

### B. Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

5. Hasta la fecha, se han radicado aproximadamente 179,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6. De las evidencias de reclamaciones radicadas, aproximadamente 113,000 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 52,900 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Aproximadamente 2,250 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

7. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "<u>Moción de Procedimientos</u>

4

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden A) que aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8. En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamación innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden A) que apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden A) que aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

5

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, hasta la fecha el Tribunal celebró más de 14 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico ("AEE") y/o SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

10. La presente Tricentésima décimosexta objeción global se radica de conformidad con los Procedimientos relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

11. Los Procedimientos Enmendados relativos a Objeciones Globales permiten al Deudor radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12. La Tricentésima décimosexta objeción global pretende que se reclasifiquen, de conformidad con la regla 3007(d)(8) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que afirman una clasificación incorrecta o inadecuada.

6

13. Como se indica en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser reclasificadas" (cada una de las cuales es una "Reclamación que ha de ser reclasificada" y colectivamente, las "Reclamaciones que han de ser reclasificadas") alegan incorrecta o indebidamente que están garantizadas y/o que tienen derecho a la prioridad de los gastos administrativos de conformidad con el Título 11. U.S.C. § 503(b)(9) o prioridad de conformidad con el Título 11 U.S.C. § 507(a). Tras una revisión razonable de los libros y registros de los Deudores, los Deudores han llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho a la prioridad de los gastos administrativos, prioridad, ni al estado garantizado, y deben ser clasificadas apropiadamente como reclamaciones generales no garantizadas.

14. Algunas de las Reclamaciones que han de ser reclasificadas alegan tener derecho a la prioridad de los gastos administrativos de acuerdo con el Título 11 U.S.C. § 503(b)(9) (las "Reclamaciones de gastos administrativos incorrectas", pero la evidencia de la reclamación y la documentación justificativa no demuestran el derecho del reclamante a dicha prioridad. Solo los acreedores que vendieron bienes a los Deudores dentro de los veinte días siguientes al inicio de los Casos de Título III de los Deudores tienen derecho a la prioridad de los gastos administrativos de acuerdo con el Título 11 U.S.C. § 503(b)(9). Sin embargo, conforme a la documentación de respaldo presentada junto a las evidencias de reclamaciones, ninguna de las Reclamaciones de gastos administrativos incorrectas fue radicada por acreedores que vendieron bienes dentro del plazo legal de veinte días antes del inicio de los Casos de Título III de los Deudores. Por ejemplo, algunas de las Reclamaciones de gastos administrativos incorrectas fueron radicadas por empleados individuales del ELA, sus agencias o sus instrumentalidades, o por sindicatos que representan a empleados del ELA, alegando responsabilidades derivadas del empleo de los

7

empleados individuales por el ELA. Otras Reclamaciones de gastos administrativos incorrectas alegan responsabilidades asociadas a litigios pendientes contra los Deudores, o a sentencias y acuerdos supuestamente no pagados. Otras Reclamaciones de gastos administrativos incorrectas alegan *(i)* supuestas obligaciones pendientes de pago derivadas de contratos de arrendamiento, *(ii)* pasivos asociados a contratos de prestación de *servicios*, no de bienes, o *(iii)* el supuesto derecho a determinados créditos fiscales por la participación en el Fondo de Energía Verde creado por la *Ley de Incentivos de Energía Verde de Puerto Rico de 2010*.

15. Ciertas otras Reclamaciones que han de ser reclasificadas afirman el derecho a prioridad de conformidad con el Título 11 U.S.C. § 507(a) ("Reclamaciones de prioridad incorrectas"), pero la prueba de la reclamación y la documentación de respaldo no proporcionan base alguna para la prioridad afirmada. Por ejemplo, ciertas Reclamaciones de prioridad incorrecta afirman el derecho a prioridad de conformidad con el Título 11 U.S.C. § 507(a)(7), pero la prueba de la reclamación y la documentación de respaldo no demuestran que se adeuden al acreedor para depósito para compras, arrendamientos o alquileres de propiedad o servicios para uso personal, familiar o doméstico, según lo exige el estatuto. Además, algunas otras Reclamaciones que han de ser reclasificadas alegan estar garantizadas (las "Reclamaciones de estado garantizado incorrectas"), pero la evidencia de la reclamación y la documentación justificativa no proporcionan ninguna base para la afirmación del reclamante de que su reclamación está garantizada. Por ejemplo, algunas de las Reclamaciones de estado garantizado incorrectas fueron radicadas por empleados individuales del ELA, sus agencias o sus instrumentalidades, alegando responsabilidades derivadas del empleo de los empleados individuales por el ELA. Otras Reclamaciones de estado garantizado incorrectas alegan pasivos asociados con litigios pendientes contra los Deudores, o con sentencias y acuerdos supuestamente no pagados. Otras Reclamaciones

8

de estado garantizado incorrectas alegan *(i)* obligaciones supuestamente no pagadas derivadas de contratos de arrendamiento, o *(ii)* pasivos asociados a contratos de prestación de *servicios*, no de bienes.

16. En consecuencia, debido a que las Reclamaciones que han de ser reclasificadas no proporcionan una base para la prioridad de los gastos administrativos, prioridad, o el estado garantizado, y las reclamaciones han de ser reclasificadas como reclamaciones generales no garantizadas, cada una de ellas como se establece en el **Anexo A** del presente documento. La reclasificación de las Reclamaciones que han de ser reclasificadas es necesaria para no perjudicar a otros tenedores de reclamaciones generales no garantizadas. Los tenedores de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación modificada contra los Deudores, tal y como se establece en la columna titulada "Corregidas" del **Anexo A** del presente documento. Dado que esta Tricentésima décimosexta objeción global a las "Reclamaciones que han de ser reclasificadas" no constituye una objeción a la validez o al monto de las Reclamaciones que han de ser reclasificadas, los Deudores se reservan su derecho a objetar las Reclamaciones que han de ser reclasificadas por cualquier otro motivo.

17. En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Tricentésima décimosexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones clasificadas erróneamente*, de fecha 30 de abril de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18. De conformidad con los Procedimientos relativos a Objeciones Globales y a la Orden de Notificación del Tribunal, el Deudor notifica la presente Tricentésima décimosexta objeción global a) a los acreedores individuales objeto de esta Tricentésima décimosexta objeción

9

global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF núm. 15894-1]), disponibles en el sitio web de casos del Deudor, en https://cases.primeclerk.com/puertorico. Una copia de la notificación relativa a esta Tricentésima décimosexta objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Tricentésima décimosexta objeción global y de la totalidad de los anexos se adjuntan al presente se radican con la presente objeción y se notificarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

19. No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima décimosexta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

10

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 30 de abril de 2021
San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico, la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico*

11