**EXHIBIT B**
**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED TWENTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE, DEFICIENT, AND NO LIABILITY BOND CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.     I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors").

3. I submit this declaration in support of the *Three Hundred Twenty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate, Deficient, and No Liability Bond Claims* (the "Three Hundred Twenty-Third Omnibus Objection").[3] I have personally reviewed the Three Hundred Twenty-Third Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Three Hundred Twenty-Third Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Twenty-

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Twenty-Third Omnibus Objection.

2

Third Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the Claims to Be Disallowed, as identified in **Exhibit A** to the Three Hundred Twenty-Third Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims identified on **Exhibit A** to the Three Hundred Twenty-Third Omnibus Objection purport to assert liabilities associated with investments in government-issued bonds, but did not provide sufficient information to enable the Debtors to reconcile the claims. In some instances, the Claims to Be Disallowed did not contain any supporting documentation indicating which bonds claimants asserted gave rise to liabilities owed by the Debtors. In other instances, the Claims to Be Disallowed provided as supporting documentation a copy of a brokerage statement, or other supporting documentation containing information regarding bonds purportedly held by the claimant, but the amounts of the bonds included in that supporting documentation did not match the amount on the claimant's proof of claim.

6. Each of the Claimants identified in **Exhibit A** were sent a Mailing, but either failed to respond, or submitted a response that still did not contain information necessary to enable the Debtors to reconcile the claim. Accordingly, the Debtors reviewed the documentation submitted with the proofs of claim or with the Mailings for assertions of investments related to government-issued bonds. Based on that review, the Debtors understand the Claims to Be Disallowed should be disallowed because they assert, in part, (*a*) bonds issued by COFINA, (*b*) bond claims that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds, (*c*) one or more investments in mutual funds, which in turn may have invested in

3

bonds issued by the Debtors, and/or (*d*) bonds issued by AFICA (as defined below), which is not a Title III debtor, and whose liabilities are not guaranteed by the Debtors. Further, to the extent the Claims to Be Disallowed assert claimants' investment losses, they should be disallowed for the additional reason that the Debtors are not liable for such investment losses.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Three Hundred Twenty-Third Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 30, 2021

By: /s/ Jay Herriman
Jay Herriman

**<u>ANEXO B</u>**
**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                                      Deudores.[1] | PROMESA<br>Título III<br>núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y el SRE.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA VIGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR BONOS DUPLICADAS, DEFICIENTES Y EN LAS QUE NO EXISTE RESPONSABILIDAD**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

Yo, Jay Herriman, de conformidad con el título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores").

3. Realizo esta declaración en apoyo de la *Tricentésima vigésima tercera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los*

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

*Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos duplicadas, deficientes y en las que no existe responsabilidad* (la "<u>Tricentésima vigésima tercera objeción global</u>").[3] He revisado personalmente la Tricentésima vigésima tercera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Tricentésima vigésima tercera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima vigésima tercera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las Reclamaciones que han de ser rechazadas, según se identifica en el **<u>Anexo A</u>** de la Tricentésima vigésima tercera objeción global.

5. A mi fiel saber y entender, cada una de dichas reclamaciones identificadas en el **<u>Anexo A</u>** de la Tricentésima vigésima tercera objeción global pretende alegar responsabilidades vinculadas con inversiones en bonos emitidos por el Gobierno, pero no ha proporcionado suficiente información que permita a los Deudores reconciliar las reclamaciones. En algunos casos, las Reclamaciones que han de ser rechazadas no contenían ninguna documentación justificativa que indicase cuáles eran los bonos alegados por los reclamantes que generaban responsabilidades de los Deudores. En otros casos, las Reclamaciones que han de ser rechazadas proporcionaban como documentación justificativa una copia de un extracto de corretaje u otra documentación justificativa que contenía información sobre bonos supuestamente en posesión del reclamante,

---

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima vigésima tercera objeción global.

pero los montos de los bonos incluidos en dicha documentación justificativa no correspondían con el monto que figuraba en la evidencia de reclamación del reclamante.

6. A cada uno de los Reclamantes identificados en el **Anexo A** se le realizó un Envío, pero los Reclamantes o bien no respondieron, o bien enviaron una respuesta que tampoco contenía la información necesaria que permita a los Deudores reconciliar la reclamación. En consecuencia, los Deudores analizaron la documentación sometida con la evidencia de reclamación o con los Envíos en relación con la alegación de inversiones relacionadas con bonos emitidos por el Gobierno. Sobre la base de dicho análisis, los Deudores consideran que las Reclamaciones que han de ser rechazadas deben rechazarse, ya que alegan, en parte, *a*) bonos emitidos por COFINA, *b*) reclamaciones por bonos que constituyen duplicados con respecto a una o más evidencias de reclamaciones principales radicadas contra los Deudores en nombre de determinados bonistas, *c*) una o más inversiones en fondos mutuos que a su vez pudieron haber invertido en bonos emitidos por los Deudores, y/o *d*) bonos emitidos por AFICA (según se define abajo) que no es un deudor de Título III y cuyas responsabilidades no están garantizadas por los Deudores. Además, en la medida en que las Reclamaciones que han de ser rechazadas aleguen pérdidas por inversiones de los reclamantes, deben ser rechazadas por el motivo adicional de que los Deudores no son responsables por dichas pérdidas por inversiones.

7. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Tricentésima vigésima tercera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

4

Fecha: 30 de abril de 2021

                                               Por: [*Firma en la versión en inglés*]
                                                      Jay Herriman