**EXHIBIT B**
**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                                           Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.  I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Commonwealth's (as

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Commonwealth's case filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3. I submit this declaration in support of the *Three Hundred Twenty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* (the "Three Hundred Twenty-Fifth Omnibus Objection").[3] I have personally reviewed the Three Hundred Twenty-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Three Hundred Twenty-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Twenty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the Claims to Be Disallowed

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Twenty-Fifth Omnibus Objection.

and Partially Reclassified, as identified in **Exhibit A** to the Three Hundred Twenty-Fifth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims identified on Exhibit A to the Three Hundred Twenty-Fifth Omnibus Objection, in part, purports to assert liabilities associated with investments in government-issued bonds, but did not provide sufficient information to enable the Debtors to reconcile the claims. Each of the Claims to Be Disallowed and Partially Reclassified provided as supporting documentation a copy of a brokerage statement, or other supporting documentation containing information regarding bonds purportedly held by the claimant, but the amounts of the bonds included in that supporting documentation did not match the amount on the claimant's proof of claim.

6. Each of the Claimants identified in **Exhibit A** were sent a Mailing, but either failed to respond, or submitted a response that still did not contain information necessary to enable the Debtors to reconcile the claim. Accordingly, the Debtors reviewed the documentation submitted with the proofs of claim or with the Mailings for assertions of investments related to government-issued bonds. Based on that review, the Claims to Be Disallowed and Partially Reclassified purport to assert liability based on (*a*) bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), (*b*) bond claims that are duplicative of one or more master proofs of claim filed against the Commonwealth on behalf of the holders of certain bonds, (*c*) an ownership interest in bonds issued by the Government Development Bank of Puerto Rico ("GDB"), and/or (*d*) one or more investments in mutual funds, which in turn may have invested in bonds issued by the Commonwealth. To the extent each of the Claims to Be Disallowed and Partially Reclassified purport to assert additional liabilities associated with government-issued bonds, the claims are deficient because they fail to provide sufficient information for the Commonwealth to reconcile

3

the claim, such as an identification of the amount or CUSIP numbers of the asserted bonds. Further, the remaining portions of each of the proofs of claim listed on **Exhibit A** hereto should be reclassified because such remaining portion identifies the Commonwealth as obligor, when that claim is properly asserted, if at all, against the Puerto Rico Electric Power Authority ("PREPA"). Accordingly, the Commonwealth requests that the Claims to Be Disallowed and Partially Reclassified be disallowed in their entirety.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Three Hundred Twenty-Fifth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and its creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 30, 2021

By: /s/ Jay Herriman
Jay Herriman

**<u>ANEXO B</u>**
**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                               Deudores.[1] | PROMESA<br>Título III<br>núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA VIGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR BONOS DUPLICADAS, DEFICIENTES, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO**

Yo, Jay Herriman, de conformidad con el título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de del ELA (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del ELA radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Tricentésima vigésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos duplicadas, deficientes, en las que no existe responsabilidad y radicadas contra el deudor incorrecto* (la "Tricentésima vigésima quinta objeción global").[3] He revisado personalmente la Tricentésima vigésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima vigésima quinta objeción global.

4. Durante el proceso de preparación para radicar la Tricentésima vigésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima vigésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las Reclamaciones que han de ser rechazadas y parcialmente reclasificadas, según se identifica en el **Anexo A** de la Tricentésima vigésima quinta objeción global.

5. A mi fiel saber y entender, cada una de dichas reclamaciones identificadas en el Anexo A de la Tricentésima vigésima quinta objeción global pretende alegar, en parte, responsabilidades vinculadas con inversiones en bonos emitidos por el Gobierno, pero no ha proporcionado suficiente información que permita a los Deudores reconciliar las reclamaciones. Cada una de las Reclamaciones que han de ser rechazadas y parcialmente reclasificadas proporcionaba como documentación justificativa una copia de un extracto de corretaje u otra documentación justificativa que contenía información sobre bonos supuestamente en posesión del reclamante, pero los montos de los bonos incluidos en dicha documentación justificativa no correspondían con el monto que figuraba en la evidencia de reclamación del reclamante.

6. A cada uno de los Reclamantes identificado en el **Anexo A** se le realizó un Envío, pero los Reclamantes o bien no respondieron, o bien enviaron una respuesta que tampoco contenía la información necesaria que permita a los Deudores reconciliar la reclamación. En consecuencia, los Deudores analizaron la documentación sometida con la evidencia de reclamación o con los Envíos en relación con la alegación de inversiones relacionadas con bonos emitidos por el Gobierno. Sobre la base de dicho análisis, las Reclamaciones que han de ser rechazadas y

3

parcialmente reclasificadas pretenden alegar responsabilidad sobre la base de *a*) bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico (COFINA), *b*) reclamaciones por bonos que constituyen duplicados con respecto a una o más evidencias de reclamaciones principales radicadas contra el ELA en nombre de determinados bonistas, *c*) una participación patrimonial en bonos emitidos por el Banco Gubernamental de Fomento para Puerto Rico (el "BGF") y/o d) una o más inversiones en fondos mutuos que a su vez pudieron haber invertido en bonos emitidos por el ELA. En la medida en que cada una de las Reclamaciones que han de ser rechazadas y parcialmente reclasificadas pretendan alegar responsabilidades adicionales vinculadas con bonos emitidos por el Gobierno, las reclamaciones son deficientes porque no proporcionan información suficiente para que el ELA pueda reconciliar las reclamaciones, como por ejemplo la identificación del monto o los números CUSIP de los bonos alegados. Además, las partes restantes de cada una de las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento deben reclasificarse, puesto que dicha parte restante identifica al ELA como deudor, cuando en todo caso lo correcto sería alegar dicha reclamación contra la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"). En consecuencia, el ELA solicita que las Reclamaciones que han de ser rechazadas y parcialmente reclasificadas sean rechazadas en su totalidad.

7. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Tricentésima vigésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

4

Fecha: 30 de abril de 2021

Por: [*Firma en la versión en inglés*]
Jay Herriman