**EXHIBIT D**
**Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the**<br>**Commonwealth.** |

ORDER GRANTING THREE HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE,
DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Three Hundred Twenty-Fifth Omnibus Objection (Substantive) of the*

*Commonwealth of Puerto Rico to Duplicate, Deficient, No Liability, and Incorrect Debtor Bond*

*Claims* (the "Three Hundred Twenty-Fifth Omnibus Objection"),[2] filed by the Commonwealth of

Puerto Rico ("Commonwealth," or the "Debtor"), dated April 30, 2021, for entry of an order

partially disallowing and partially reclassifying certain claims filed against the Commonwealth, as

more fully set forth in the Three Hundred Twenty-Fifth Omnibus Objection and supporting exhibits

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case
number and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy
Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS)
(Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation
Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal
Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA")
(Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and
(vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth,
COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-
LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such
terms in the Three Hundred Twenty-Fifth Omnibus Objection.

thereto; and the Court having jurisdiction to consider the Three Hundred Twenty-Fifth Omnibus

Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue

being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three

Hundred Twenty-Fifth Omnibus Objection having been provided to those parties identified therein,

and no other or further notice being required; and the Court having determined that the claims

identified in Exhibit A to the Three Hundred Twenty-Fifth Omnibus Objection (the "Claims to Be

Disallowed and Partially Reclassified") seek recovery, in part, of amounts for which the

Commonwealth is not liable; and the Court having determined that the Claims to Be Disallowed

and Partially Reclassified assert, in part, liabilities that are duplicative, in part, of one or more

Master Proofs of Claim filed in the Commonwealth's Title III Case; and the Court having

determined that the Claims to Be Disallowed and Partially Reclassified are deficient, in part, to the

extent they seek to assert additional liabilities associated with government-issued bonds, because

they fail to provide sufficient information for the Commonwealth to reconcile the claim, such as an

identification of the amount or CUSIP numbers of the asserted bonds.  ; and the Court having

determined that a portion of the Claims to Be Disallowed and Partially Reclassified should be

reclassified because a portion of the claim identifies the Commonwealth as obligor, when that claim

is properly asserted, if at all, against the Puerto Rico Electric Power Authority ("PREPA"); and the

Court having determined that the relief sought in the Three Hundred Twenty-Fifth Omnibus

Objection is in the best interests of the Commonwealth, their creditors, and all parties in interest;

and the Court having determined that the legal and factual bases set forth in the Three Hundred

Twenty-Fifth Omnibus Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Twenty-Fifth Omnibus Objection is

GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in **Exhibit A** to the Three

Hundred Twenty-Fifth Omnibus Objection are hereby partially disallowed (the "Claims to Be

Disallowed and Partially Reclassified"); and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the

disallowed portions of Claims to Be Partially Disallowed as expunged on the official claims registry

in the Title III Cases; and it is further

ORDERED that the portions of the claims identified in the column titled "Asserted"

in **Exhibit A** to the Three Hundred Twenty-Fifth Omnibus Objection are hereby reclassified to be

claims asserted against PREPA, as indicated in the column titled "Corrected" in Exhibit A; and it

is further

ORDERED that the Debtors' right to object to the Claims to Be Partially

Reclassified is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims

register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in

Exhibit A to the Three Hundred Twenty-Fifth Omnibus Objection from the Title III case for the

debtor(s) identified in the column titled "Asserted" in Exhibit A to the Three Hundred Twenty-

Fifth Omnibus Objection to PREPA's Title III Case (Bankruptcy Case No. 17 BK 4780-LTS) (Last

Four Digits of Federal Tax ID: 3747));

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

3

**<u>ANEXO D</u>**
**Orden propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>    como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                    Deudores.[1] | PROMESA <br> Título III <br> núm. 17 BK 3283-LTS <br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

ORDEN POR LA QUE SE CONCEDE LA TRICENTÉSIMA VIGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR BONOS DUPLICADAS, DEFICIENTES, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO

Vista la *Tricentésima vigésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos duplicadas, deficientes, en las que no existe responsabilidad y radicadas contra el deudor incorrecto* (la "Tricentésima vigésima quinta objeción global"),[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"),

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima vigésima quinta objeción global.

de fecha 30 de abril de 2021, en la que se solicita que se dicte una orden que rechace parcialmente y reclasifique parcialmente determinadas reclamaciones radicadas contra el ELA, como se expone con más detalle en la propia Tricentésima vigésima quinta objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Tricentésima vigésima quinta objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Tricentésima vigésima quinta objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiendo determinado el Tribunal que las reclamaciones identificadas en el <u>Anexo A</u> de la Tricentésima vigésima quinta objeción global (las "<u>Reclamaciones que han de ser rechazadas y parcialmente reclasificadas</u>") pretenden obtener la recuperación, en parte, de montos por los que el ELA no es responsable; y habiendo determinado el Tribunal que las Reclamaciones que han de ser rechazadas y parcialmente reclasificadas alegan, en parte, responsabilidades que constituyen parcialmente duplicados con respecto a una o más Evidencias de reclamaciones principales radicadas en el marco del Caso de Título III del ELA; y habiendo determinado el Tribunal que cada una de las Reclamaciones que han de ser rechazadas y parcialmente reclasificadas es deficiente, en parte, en la medida en que pretende alegar responsabilidades adicionales vinculadas con bonos emitidos por el Gobierno, porque no proporciona información suficiente para que el ELA pueda reconciliar las reclamaciones, como por ejemplo la identificación del monto o los números CUSIP de los bonos alegados; y habiendo determinado el Tribunal que una parte de las Reclamaciones que han de ser rechazadas y parcialmente reclasificadas debe reclasificarse, ya que parte de la reclamación identifica al ELA como deudor, cuando en todo caso lo correcto sería que dicha reclamación se alegara contra la Autoridad de Energía Eléctrica de

2

Puerto Rico la "AEE"); y habiendo determinado el Tribunal que el remedio solicitado en la Tricentésima vigésima quinta objeción global redunda en el mejor interés del ELA y de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Tricentésima vigésima quinta objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE CONCEDA la Tricentésima vigésima quinta objeción global, según se establece en el presente documento; además

SE ORDENA que las partes de las reclamaciones identificadas en el **Anexo A** de la Tricentésima vigésima quinta objeción global sean rechazadas parcialmente (las "Reclamaciones que han de ser rechazadas y parcialmente reclasificadas"); asimismo

SE ORDENA que Prime Clerk, LLC quede autorizada, y reciba instrucciones, para designar como suprimidas las partes rechazadas de las Reclamaciones que han de ser rechazadas parcialmente en el registro oficial de reclamaciones en el marco de los Casos de Título III; también

SE ORDENA que las partes de las reclamaciones identificadas en la columna titulada "Alegadas" en el **Anexo A** de la Tricentésima vigésima quinta objeción global queden reclasificadas como reclamaciones alegadas contra la AEE, conforme a lo identificado en la columna titulada "Corregidas" en el Anexo A; además

SE ORDENA que el derecho que asiste a los Deudores a objetar a las Reclamaciones que han de ser parcialmente reclasificadas quede reservado; y por último

SE ORDENA que Prime Clerk quede autorizada, y reciba instrucciones, para trasladar, en el registro oficial de reclamaciones relativo a los casos radicados conforme a PROMESA, las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de

3

la Tricentésima vigésima quinta objeción global del caso de Título III del/de los deudor(es) identificados en la columna titulada "Alegadas" en el Anexo A de la Tricentésima vigésima quinta objeción global al Caso de Título III de la AEE (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747));

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____

Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos (*United States District Judge*)

4