**Hearing Date: June 16, 2021 at 9:30AM (Atlantic Standard Time)**
**Response Deadline: June 2, 2021 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and HTA.** |

### THREE HUNDRED THIRTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO SUBSEQUENTLY AMENDED CLAIMS

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways

and Transportation Authority ("HTA," and together with the Commonwealth and HTA, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the

"Oversight Board"), as sole Title III representative of the Commonwealth and HTA pursuant to

section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[2] file this three hundred thirtieth omnibus objection (the "Three Hundred Thirtieth

Omnibus Objection") to the subsequently amended and superseded proofs of claim listed on

**Exhibit A** hereto, and in support of the Three Hundred Thirtieth Omnibus Objection, respectfully

represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders in the Title III Cases**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21,

2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to

PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA, pursuant to

PROMESA section 304(a), commencing a case under Title III thereof (the "HTA Title III Case,"

and together with the Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.       Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

5.       To date, approximately 179,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

6.       Of the proofs of claim filed, approximately 115,000 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 2,250 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

some other flaw, such as being subsequently amended, not putting forth a claim for which the
Debtors are liable, being duplicative of other proofs of claim, or failing to provide information
necessary for the Debtors to determine whether the claim is valid.

7.        In order to efficiently resolve as many of the unnecessary proofs of claim as
possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order
(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of
Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus
Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion
by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection
Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting
Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,
the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English
and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with
the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions
of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

8.        In the continued interest of resolving any unnecessary proofs of claim in an efficient
manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other
things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the
number of claims that may be included on an objection, and to approve additional forms of notice.
*Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection
Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional
Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court
granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

4

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

9.      Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), and/or the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). Based upon rulings and orders of the Court to date, approximately 56,000 claims asserting $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

10.     This Three Hundred Thirtieth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTION TO PROOFS OF CLAIM

11.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

12.     The Three Hundred Thirtieth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(3) and the Amended Omnibus Objection Procedures, claims that have been amended and superseded by a subsequent proof of claim filed in the Title III Cases.

13.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") have been amended and superseded by subsequently filed proof(s) of claim identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims").  The Claims to Be Disallowed thus no longer represent valid claims against the Commonwealth and/or HTA .  Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against the Commonwealth and/or HTA, to the detriment of other stakeholders in the Title III Cases.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against the Commonwealth and/or HTA, as set forth in **Exhibit A** hereto.  Because this Three Hundred Thirtieth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

14.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Three Hundred Thirtieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Subsequently Amended Claims*, dated April 30, 2021, attached hereto as **Exhibit B**.

## **NOTICE**

15.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Three Hundred Thirtieth Omnibus Objection to (a) the individual creditors subject to this Three Hundred Thirtieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Three Hundred Thirtieth

Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Three Hundred

Thirtieth Omnibus Objection and all of the exhibits attached hereto are being filed with this

objection and will be served on the parties.  The Debtors submit that, in light of the nature of the

relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

16.     This Three Hundred Thirtieth Omnibus Objection is limited to the grounds stated

herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Claims to

Be Disallowed or any other claims on any ground whatsoever.  The Debtors expressly reserve all

further substantive or procedural objections.  Nothing contained herein or any actions taken

pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of

any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any

grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume

any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or

(e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable

law.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Three Hundred Thirtieth Omnibus

Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and

(2) granting the Debtors such other and further relief as is just.

Dated: April 30, 2021                                        Respectfully submitted,
      San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative of
the Commonwealth of Puerto Rico
and the Puerto Rico Highways and
Transportation Authority*

8

**Fecha de la vista: 16 de junio de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 2 de junio de 2021, a las 4:00 p.m. (AST)**

---

> **REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y la ACT.** |

**TRICENTÉSIMA TRIGÉSIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES ENMENDADAS POSTERIORMENTE**

A la atención de su señoría, Juez de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del ELA y de la ACT conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta tricentésima trigésima objeción global (la "Tricentésima trigésima objeción global") a evidencias de reclamaciones enmendadas y sustituidas posteriormente que figuran en el **Anexo A** del presente documento, y en apoyo de la Tricentésima trigésima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite en los Casos de Título III**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la ACT", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255]  (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (junto con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

5.      Hasta la fecha, se han radicado aproximadamente 179,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

6.      De las evidencias de reclamaciones radicadas, aproximadamente 115,000 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 2,250 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

7.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. Véase la *Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los

4

"Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

8.      En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

9.      Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 14 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad

5

de Energía Eléctrica de Puerto Rico (la "AEE") y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban $43.0 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

10.    Esta Tricentésima trigésima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIÓN A EVIDENCIAS DE RECLAMACIONES

11.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

12.    La Tricentésima trigésima objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(3) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que han sido enmendadas y sustituidas por una evidencia de reclamación posterior radicada en el marco de los Casos de Título III.

13.    Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente, las "Reclamaciones que han de ser rechazadas") han sido enmendadas y sustituidas por evidencia(s) de reclamaciones radicada(s) posteriormente identificada(s) en la columna titulada "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente,

6

las "Reclamaciones Restantes"). En consecuencia, las Reclamaciones que han de ser rechazadas

ya no constituyen reclamaciones válidas contra el ELA y/o la ACT. Si las Reclamaciones que han

de ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes

obtuvieran potencialmente una recuperación duplicada no justificada contra el ELA y/o la ACT en

detrimento de otras partes interesadas de los Casos de Título III. Los titulares de las Reclamaciones

que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus

reclamaciones, puesto que cada uno de ellos mantendrá una Reclamación Restante contra el ELA

y/o la ACT, según se establece en el **Anexo A** del presente documento. Puesto que esta

Tricentésima trigésima objeción global a las Reclamaciones que han de ser rechazadas no

constituye una objeción a las Reclamaciones Restantes, los Deudores se reservan el derecho a

oponerse a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fuere.

14.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en*

*apoyo de la Tricentésima trigésima objeción global (no sustantiva) del Estado Libre Asociado de*

*Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones*

*Enmendadas Posteriormente*, de fecha 30 de abril de 2021, adjunta al presente como **Anexo B**.

**NOTIFICACIÓN**

15.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden

de Notificación del Tribunal, los Deudores notifican la presente Tricentésima trigésima objeción

global a) a los acreedores individuales objeto de esta Tricentésima trigésima objeción global, b) al

U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de*

*administración de casos enmendados núm. 14* [ECF núm. 15894-1]), disponibles en el sitio web

de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Una copia de la notificación

relativa a esta Tricentésima trigésima objeción global se adjunta al presente como **Anexo C**. Las

traducciones al español de la Tricentésima trigésima objeción global y de la totalidad de los anexos

7

adjuntos al presente se están radicando con esta objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

16. La presente Tricentésima trigésima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualesquiera reclamaciones sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

17. No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima trigésima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

8

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 30 de abril de 2021
      San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.*

9