**Hearing Date: June 16, 2021 at 9:30AM (Atlantic Time)**
**Response Deadline: June 2, 2021 at 4:00PM (Atlantic Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

## THREE HUNDRED THIRTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS THAT ARE PARTIALLY SATISFIED AND PARTIALLY FOR AMOUNTS FOR WHICH PREPA IS NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PREPA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred thirty-third omnibus objection (the "Three Hundred Thirty-Third Omnibus Objection") objecting to the amounts asserted in the proofs of claim listed on **Exhibit A** hereto, on the basis that each of these claims has been partially satisfied, and PREPA is not liable for a portion of the remaining amount.  For each of the claims identified in the column titled "Asserted" in **Exhibit A** hereto, the Three Hundred Thirty-Third Omnibus Objections seeks to reduce the amount asserted in the claims against PREPA.  PREPA reserves the right to object to any of the remaining amounts asserted in the claims, as identified in the column titled "Remaining Claim" in **Exhibit A** hereto, on any basis whatsoever.  In support of the Three Hundred Thirty-Third Omnibus Objection, PREPA respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A.      The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      PREPA**

5.      PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

### C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections

6.      To date, approximately 179,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.      Of the proofs of claim filed, approximately 4,500 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held over 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date, approximately 56,000 claims, asserting over $43.0 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

11.     This Three Hundred Thirty-Third Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.  Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1). Additionally, Federal Rule of Bankruptcy Procedure 3007(d)(5) provides for objections to claims on the basis that the claims have been satisfied.

13.     In accordance with the Amended Omnibus Objection Procedures, the Three Hundred Thirty-Third Omnibus Objection seeks to reduce the amount of the claims asserted against PREPA to the extent (i) they have been satisfied, and (ii) PREPA has no liability for a remaining portion of the claim.

14.     Each claim listed on **Exhibit A** hereto (collectively the "Claims to Be Partially Disallowed"), purports to assert liabilities based on a contract entered into by PREPA and/or an invoice issued by the claimant.  PREPA's records, however, show that (i) a portion of the liabilities associated with the Claims to Be Partially Disallowed have been paid by PREPA, and (ii) other portions of the Claims to Be Partially Disallowed assert amounts for which PREPA has no liability due to tax withholdings, tax contributions, or amounts not authorized by contract.  For example, portions of several Claims to Be Partially Disallowed assert liabilities arising from contracts which are subject to the 1.5% tax contribution mandated by Law 48-2013, which imposed a special contribution of 1.5% on the value of contracts for professional and consulting services.  Likewise, portions of several Claims to Be Partially Disallowed also reflect a 7% Professional Services Tax Withholding in accordance with Puerto Rico Internal Revenue Code Section 1143 as amended by Puerto Rico Act No. 81 of June 10, 2002, which imposes a 7% tax on payments for certain services.

6

In accordance with Act Nos. 48-2013 and 81, PREPA withholds these taxes at the point of payment for qualifying services and remits the proceeds to the Puerto Rico Treasury Department quarterly. Together, portions of these Claims to Be Partially Disallowed reflect 1.5%, 7%, and/or 10% reductions in the amounts owed to claimants pursuant to the special contribution authorized by Law 48-2013, by Puerto Rico Internal Revenue Code Section 1143, and by Law 257-2018, respectively.

15.      Additionally, after PREPA's partial satisfaction of liability is taken into account, a remaining portion of one of the Claims to Be Partially Disallowed, Claim No. 149209, asserts liabilities arising from two invoices for sub-contractor work that were adjusted because the required attendance punch record was not used by the sub-contractor.  PREPA requires that its punch system be used to verify that sub-contracted services were performed as listed on invoices, and disclaims liability for any work purportedly performed that is not recorded using the punch system.  Similarly, for another claim, Claim No. 38563, claimant's submitted documentation includes an invoice for more inventory units than PREPA's records indicate it received.  PREPA adjusted and paid this invoice for the products it did receive, and has no liability for the balance. In sum, PREPA is not liable for claim portions that are satisfied and for which PREPA has no liability, and the Claims to Be Partially Disallowed should be reduced accordingly.

16.      Any failure to reduce the amounts asserted in the Claims to Be Partially Disallowed to the extent they have been paid or satisfied, or the extent PREPA has no liability for certain remaining amounts, will result in the applicable claimants potentially receiving an unwarranted excess recovery against PREPA to the detriment of other stakeholders in the PREPA Title III Case. The Claims to Be Partially Disallowed, therefore, should be partially disallowed insofar as they have been satisfied in part, and PREPA is not liable for a portion of the remaining amount of the

claim. Otherwise, claimants will retain a remaining claim (collectively, the "Remaining Claims"),
as identified in the column titled "Remaining Claim" in **Exhibit A** hereto. The holders of the
Claims to Be Partially Disallowed will not be prejudiced as to the remaining amounts owed which
are not subject to this objection, as they will retain a Remaining Claim against PREPA in respect
of such amounts. PREPA reserves its rights to object to the Remaining Claims on any grounds
whatsoever.

17.  In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler
in Support of the Three Hundred Thirty-Third Omnibus Objection (Substantive) of the Puerto Rico
Electric Power Authority to Claims That Are Partially Satisfied and Partially for Amounts for
Which PREPA Is Not Liable*, dated April 30, 2021, attached hereto as **Exhibit B**.

## NOTICE

18.  In accordance with the Amended Omnibus Objection Procedures, PREPA is
providing notice of this Three Hundred Thirty-Third Omnibus Objection to (a) the individual
creditors subject to this Three Hundred Thirty-Third Omnibus Objection, (b) the U.S. Trustee, and
(c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures*
[ECF No. 15894-1]), which is available on the Debtors' case website at
https://cases.primeclerk.com/puertorico. The notice for this Three Hundred Thirty-Third Omnibus
Objection is attached hereto as **Exhibit C**. Spanish translations of the Three Hundred Thirty-Third
Omnibus Objection and all of the exhibits attached hereto are being filed and served with this
objection. PREPA submits that, in light of the nature of the relief requested, no other or further
notice need be given.

## RESERVATION OF RIGHTS

19.  This Three Hundred Thirty-Third Omnibus Objection is limited to the grounds
stated herein. Accordingly, it is without prejudice to the rights of the Debtors or the rights of any

other party in interest in the Title III Cases to object to the Claims to Be Partially Disallowed or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

20.     No prior request for the relief sought in this Three Hundred Thirty-Third Omnibus Objection has been made to this or any other court.

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 30, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
Puerto Rico Electric Power
Authority*

**Fecha de la vista: 16 de junio de 2021, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 2 de junio de 2021, a las 4:00 p.m. (AST)**

<div style="border:1px solid black">

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

</div>

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                                    Deudores.[1] | PROMESA<br>Título III<br><br>núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

**TRICENTÉSIMA TRIGÉSIMA TERCERA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES QUE ESTÁN PARCIALMENTE SATISFECHAS Y QUE EN PARTE SON POR UNOS MONTOS POR LOS QUE LA AEE NO ES RESPONSABLE**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta tricentésima trigésima tercera objeción global (la "Tricentésima trigésima tercera objeción global") por la que se opone a los montos alegados en las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, sobre la base de que cada una de dichas reclamaciones ha sido satisfecha parcialmente, y de que la AEE no es responsable por una parte del monto restante. En relación con cada una de las reclamaciones identificadas en la columna titulada "Alegadas" en el **Anexo A** del presente documento, la Tricentésima trigésima tercera objeción global pretende que se reduzcan los montos alegados en las reclamaciones contra la AEE. La AEE se reserva el derecho a oponerse a cualquiera de los montos restantes alegados en las reclamaciones, según se identifican en la columna titulada "Reclamación Restante" en el **Anexo A** del presente documento, sobre la base del motivo que fuere. En apoyo de la Tricentésima trigésima tercera objeción global, la AEE manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

2

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

**ANTECEDENTES**

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III del referido cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas

---

[3]      Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

### B.    AEE

5.    La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios aproximadamente a 1.5 millones de clientes.

### C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones

6.    Hasta la fecha, se han radicado aproximadamente 179,000 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.    De las evidencias de reclamaciones radicadas, aproximadamente 4,500 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables,

estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información

necesaria para que los Deudores determinen si la reclamación es válida.

8.     Para resolver eficazmente el mayor número posible de las evidencias de

reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su

*Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

*objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba*

*procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.

4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los

"Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el

Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a

las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales

relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y*

*en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la

"Orden de Notificación").

9.     En aras del interés constante de resolver eficazmente cualesquiera evidencias de

reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a

procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que

pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de*

*vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 14 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 56,000 reclamaciones que reivindicaban más de $43.0 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

11.     Esta Tricentésima trigésima tercera objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

6

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Además, la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*) permite oponerse a reclamaciones sobre la base de que las reclamaciones han sido satisfechas.

13.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, la Tricentésima trigésima tercera objeción global pretende que se reduzca el monto de las reclamaciones alegadas contra la AEE en la medida en que i) estas hayan sido satisfechas y ii) la AEE no tenga responsabilidad por una parte restante de la reclamación.

14.     Cada reclamación identificada en el **<u>Anexo A</u>** del presente (conjuntamente, las "<u>Reclamaciones que han de ser rechazadas parcialmente</u>") pretende alegar responsabilidad sobre la base de un contrato celebrado por la AEE y/o una factura emitida por el reclamante. Sin embargo, los datos de la AEE muestran que i) una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser rechazadas parcialmente ha sido pagada por la AEE y ii) las demás partes de las Reclamaciones que han de ser rechazadas parcialmente alegan montos por los que la AEE no tiene responsabilidad debido a retenciones de impuestos, contribuciones fiscales o montos que no están autorizados contractualmente. Por ejemplo, partes de varias Reclamaciones que han de ser rechazadas parcialmente alegan responsabilidades surgidas de contratos que quedan sujetos a una contribución fiscal del 1.5% dispuesta por la Ley 48-2013 que impuso una contribución especial del 1.5% sobre el valor de los contratos por servicios profesionales y de consultoría. Del mismo modo, partes de varias Reclamaciones que han de ser rechazadas

parcialmente también reflejan una Retención de Impuestos relativa a Servicios Profesionales del 7% de conformidad con el Código de Impuestos Internos de Puerto Rico, sección 1143, en su versión enmendada por la Ley de Puerto Rico núm. 81, de 10 de junio de 2002, que establece un 7% de impuestos sobre pagos por ciertos servicios. De conformidad con las Leyes núms. 48-2013 y 81, la AEE retiene dichos impuestos en el momento de realización del pago por servicios calificados y remite trimestralmente dichos fondos al Departamento de Hacienda de Puerto Rico. Todas juntas, las partes de estas Reclamaciones que han de ser rechazadas reflejan una reducción del 1.5%, del 7% y/o del 10% en los montos adeudados a los reclamantes conforme a la contribución especial autorizada por la Ley 48-2013, el Código de Impuestos Internos de Puerto Rico (sección 1143) y la Ley 257-2018, respectivamente.

15.     Además, si se toma en cuenta la satisfacción parcial de la responsabilidad por parte de la AEE, la parte restante de una de las Reclamaciones Parcialmente Satisfechas/ Parcialmente Sin Responsabilidad (la Reclamación núm. 149209) alega responsabilidades surgidas de dos facturas por un trabajo realizado por un subcontratista que fueron ajustadas porque el subcontratista no hizo uso del registro obligatorio de horas de entrada y salida (fichaje). La AEE exige que se utilice su sistema de fichaje para verificar que los servicios subcontratados se realizaron conforme a lo estipulado en la factura, por lo que se exime de toda responsabilidad por cualquier trabajo supuestamente realizado que no esté registrado por medio del sistema de fichaje. Del mismo modo, en cuanto a otra reclamación (la Reclamación núm. 38563) la documentación proporcionada por el reclamante incluye una factura por más unidades de inventario que las recibidas por la AEE según sus datos. La AEE ajustó y pagó esta factura por los productos que en realidad recibió, pero no tiene responsabilidad por el saldo. En resumidas cuentas, la AEE no es responsable por aquellas partes de las reclamaciones que ya están satisfechas y por las que la AEE

no tiene responsabilidad, por lo que las Reclamaciones que han de ser rechazadas parcialmente
deben reducirse en consecuencia.

16.     Si los montos alegados en las Reclamaciones que han de ser rechazadas
parcialmente no se redujeran en la medida en la que han sido pagados o satisfechos, o en la medida
en que la AEE no tenga responsabilidad por determinados montos restantes, ello resultaría en que
los correspondientes reclamantes obtuvieran potencialmente una recuperación excesiva no
justificada contra la AEE en detrimento de otras partes interesadas en el Caso de Título III de la
AEE. Por lo tanto, las Reclamaciones que han de ser rechazadas parcialmente deben rechazarse
parcialmente en la medida en que hayan sido satisfechas en parte y la AEE no tenga
responsabilidad por una parte de los montos restantes de la reclamación. De lo contrario, los
reclamantes conservarán sus reclamaciones restantes (conjuntamente, las "Reclamaciones
Restantes"), según lo identificado en la columna titulada "Reclamación Restante" en el **Anexo A**
del presente documento. Los titulares de las Reclamaciones que han de ser rechazadas
parcialmente no se verán perjudicados en cuanto a los montos restantes adeudados que no sean
objeto de la presente objeción, ya que conservarán una Reclamación Restante contra la AEE en
relación con tales montos. La AEE se reserva los derechos a oponerse a las Reclamaciones
Restantes sobre la base del motivo que fuere.

17.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en
apoyo de la Tricentésima trigésima tercera objeción global (sustantiva) de la Autoridad de
Energía Eléctrica de Puerto Rico a Reclamaciones que están parcialmente satisfechas y que en
parte son por unos montos por los que la AEE no es responsable*, de fecha 30 de abril de 2021,
adjunta al presente como **Anexo B**.

9

## NOTIFICACIÓN

18.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, la AEE notifica la presente Tricentésima trigésima tercera objeción global a) a los acreedores individuales objeto de esta Tricentésima trigésima tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF núm. 15894-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Tricentésima trigésima tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima trigésima tercera objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

19.    La presente Tricentésima trigésima tercera objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas en dichos Casos de Título III, a objetar a las Reclamaciones que han de ser rechazadas parcialmente o a cualesquiera otras reclamaciones sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objeto, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar a cualesquiera reclamaciones sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una

10

solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

20.   No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima trigésima tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

[*El resto de la página se deja en blanco intencionadamente*]

Fecha: 30 de abril de 2021
　　　　San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*