**<u>Exhibit B</u>**

**Redlines of Revised Proposed Order and Revised Notice**

## Exhibit A

### **Revised** Proposed Order

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REVISED ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] dated April 6, 2021, of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and in its capacity as sole representative of the Commonwealth, ERS, and

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

PBA (the "Debtors" under PROMESA section 315(b)), requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and objections to the Motion and the relief requested therein having been interposed (collectively, the "Objections"); and the Oversight Board having filed a reply in response to the Objections (the "Reply"); and the Court having held a hearing to consider the Motion, the Objections and the Reply (the "Hearing"); and the Court having determined the relief sought in the Motion, as modified on the record of the Hearing, is in the best interests of the Debtors, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS FOLLOWS:

1.      The Motion is granted as modified herein.

2.      The form of Disclosure Statement Notice, attached hereto as **Exhibit 4,** is approved.

**Disclosure Statement Scheduling Procedures**

3.      The following Disclosure Statement Scheduling Procedures are approved:

- **Disclosure Statement Hearing**:  9:30 a.m., Atlantic Standard Time, on June 16,July __, 2021, as the time and date for the Disclosure Statement Hearing, as

such date may be adjourned by the Court or the Debtors pursuant to a notice filed
on the docket maintained in these Title III Cases;

- **Disclosure Statement Objection Deadline**:  5:00 p.m., Atlantic Standard Time,
  on May 21, 2021the twenty-eighth (28th) day following completion of service of
  the Disclosure Statement Hearing Notice, which deadline shall be set forth in the
  Disclosure Statement Hearing Notice, as the deadline to file final (and not
  preliminary) objections to (i) the adequacy of the Disclosure Statement, and (ii)
  the relief requested in the Disclosure Statement Motion.   Objections of the
  adequacy of the Disclosure Statement (collectively, "DS Objections") must (i)
  state the name and address of the objector or entity proposing a modification
  to the Disclosure Statement, and the amount (if applicable) of its claim or nature of
  its interest in the Debtors' cases, and (ii) specify the basis and nature of any
  objection and set forth the proposed modification to the Disclosure Statement,
  together with suggested language; and

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on
  June 4, 2021the fourteen (14th) day following the Disclosure Statement
  Objection Deadline, but in no event later than fourteen (14) days before the
  Disclosure Statement Hearing, as the deadline for the Debtors or other parties in
  interest to file replies or responses to the DS Objections.

   4.     Only objectors that have filed a timely DS Objection shall be permitted to make
an oral presentation at the Disclosure Statement Hearing.

   5.     Service of DS Objections shall be made in accordance with the provisions set
forth in the *Fourteenth Amended Notice, Case Management and Administrative Procedures*,
Case No. 17-03283-LTS [ECF No. 15894-1].

**Disclosure Statement Depository**

   6.     4. The Disclosure Statement Depository Procedures set forth on **Exhibit 1** hereto
are approved.   The Debtors are authorized to establish and maintain the Disclosure Statement
Depository in accordance with the Disclosure Statement Depository Procedures. annexed hereto
as **Exhibit 1**.   The Oversight Board will make the Disclosure Statement Depository website
available the later of (i) 9:00 a.m. Atlantic Standard Time on the first business day following the
Court's entry of this Order and (ii) May 7, 2021 at 9:00 a.m. Atlantic Standard Time.

**Confidentiality**[3]

7. ~~5.~~ The Debtors have established good cause for entry of an order, attached hereto as **Exhibit 2**, governing Confidential Information in connection with the Disclosure Statement Depository.  The Protective Order set forth on **Exhibit 2** hereto is approved in all respects.  The Debtors are authorized to implement the procedures and requirements set forth in the Protective Order, including execution of the Protective Order Subscription attached hereto as **Exhibit 3**.

8. ~~6.~~ Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information (as defined in the Protective Order) by the Debtors in connection with the Disclosure Statement Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

9. ~~7.~~ No ~~Warranty of Accuracy.   Each Eligible Creditor understands that the Producing Parties (as defined in **Exhibit 2** to this Order) will endeavor to include in the Confidential Information materials relevant for the purpose of evaluation of the Disclosure Statement, but each Eligible Creditor acknowledges that the Producing Parties do not make any representation or warranty as~~ to the accuracy or completeness of any Confidential Information ~~so provided, and none of the Producing Parties shall~~ Liability.  The Debtors shall not have any liability to any Eligible Creditor or its representatives resulting from the use of ~~such information~~ Confidential Information materials by an Eligible Creditor or its representatives, including, without limitation, with respect to the accuracy or completeness of any Confidential Information provided.

---

[3]   Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in **Exhibit 2** hereto.

10.   8.  No Waiver.  No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

11.   9.  Upon entry hereof, the Debtors shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**Miscellaneous**

12.   10.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.   11.  The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

14.   12.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

15.   13.  This Order resolves Docket Entry No. _____ in Case No. 17-3283

Dated: _____, 2021
          San Juan, Puerto Rico

          _____
          Laura Taylor Swain
          United States District Court Judge

## Exhibit 1

### Disclosure Statement Depository Procedures

1.      On or after April 28, 2021, the Debtors are authorized to establish and populate an electronic document depository (the "Disclosure Statement Depository") which shall include factual source materials and raw data underlying the Disclosure Statement (including but not limited to factual source materials and raw data underlying the cash restriction analysis, the best interest tests reports, and the Section 211 report attached to the Disclosure Statement), as well as documents relating to the nature of claims and classification under the Plan (collectively, the "Documents").

2.      Creditors may request access to the Disclosure Statement Depository by visiting titleiiiplandataroom.com.

3.      The Disclosure Statement Depository will be made available only to the following parties or their representatives (collectively, "Eligible Creditors"): (*i*) current and former employees of the Commonwealth (also known as "public employees"); (*ii*) creditors of the Debtors for which a master proof of claim has been filed on such creditor's behalf that has not otherwise been disallowed or expunged, (*iii*) creditors of the Debtors who have filed a proof of claim against one or more of the Debtors that has not been disallowed or expunged, (*iv*) creditors who were not required to file a proof of claim pursuant to the Bar Date Orders, or (*v*) creditors who are listed on the Debtors' creditor matrix [ECF Nos. 10709, 1817, 830, as may be modified], in an amount greater than $0.00.[1]

4.      All Eligible Creditors wishing to access the Disclosure Statement Depository must first navigate to titleiiiplandataroom.com; request access to the site; designate whether they wish

---

[1]   "Bar Date Orders" refers to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] and the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160].

to have access to ~~public~~non-confidential documents only or to confidential documents as well; affirm they are or represent a creditor of the Debtors; provide certain biographical information, including their name, address, telephone number, email address, proof of claim number (if available), and identify their creditor type, and if they are not the creditor, the name of the creditor and, if applicable, the representative institution they are associated with; and certify that they are eligible for access to the Disclosure Statement Depository pursuant to categories (*i*)-(*iv*) in paragraph 3 above.  Access requests will be processed as promptly as reasonably practicable.

5.      Eligible Creditors granted access to the Disclosure Statement Depository will receive access to all non-confidential materials posted in the Disclosure Statement Depository. To the extent Eligible Creditors also wish to access Confidential Information, such parties must agree to comply with the Protective Order annexed as Exhibit 2 to the Order, and execute the Protective Order Subscription annexed as Exhibit 3 to the Order.   The Protective Order Subscription will be available to creditors by visiting titleiiiplandataroom.com and requesting access to confidential documents.  Creditors will then be directed to OnTask, a secure signing service, in order to review the Protective Order and collect an Eligible Creditor's electronic signature on the Protective Order Subscription.   Any Eligible Creditor who executes the Protective Order Subscription shall be provided access to the Confidential portion of the Disclosure Statement Depository within one (1) business day of execution and submission thereof, or as soon as reasonably practicable thereafter.

6.      The Disclosure Statement Depository shall contain an electronic ~~indices~~index of all ~~documents~~Documents in the Disclosure Statement Depository.  ~~One such~~This index will ~~include the publicly available~~contain information about both Documents in the Disclosure Statement Depository ~~and shall be made available to all Eligible Creditors once they are granted~~

2

~~access to the Disclosure Statement Depository.  The second such index will include Documents in the Data Room~~ containing Confidential Information, and ~~will be made available only to Eligible Creditors who successfully request and receive access to~~ Documents in the Disclosure Statement Depository that do not contain Confidential Information ~~by reviewing the Protective Order and signing the Protective Order Subscription~~.  The Debtors shall use their reasonable best efforts ~~to place Documents in the Disclosure Statement Depository~~ to categorize Documents by topic; provided, however, that the Disclosure Statement Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtors shall not be responsible for the mis-categorization of any particular Document ~~and,~~ (ii) each Eligible Creditor should not rely upon the categorization of the Documents and should review all categories of Documents in their entirety, and (iii) the Debtors shall not have any liability to any Eligible Creditor or its representatives resulting from the use of Confidential Information materials by an Eligible Creditor or its representatives, including, without limitation, with respect to the accuracy or completeness of any Confidential Information provided.

7.      Notwithstanding the placement of any document in the Disclosure Statement Depository and the review of any such document by an Eligible Creditor, the Oversight Board and the Debtors shall maintain the right to object to the use or introduction of any document in the Disclosure Statement Depository in any matter or proceeding on relevance grounds or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a Document contained in the Disclosure Statement Depository has been created by the Debtors, such party shall have waived the right to object to the use or introduction of such document on the basis of authenticity.  Additionally, to the extent that the Debtors inadvertently include privileged materials in the Disclosure Statement

Depository, it shall not be deemed to comprise any waiver of any applicable privilege.  Such protective measures are necessary to provide the requesting parties access to relevant materials in a timely and efficient manner.

8.      In order to streamline access to the Disclosure Statement Depository and prevent overloading the Disclosure Statement Depository's website, the Oversight Board may make some or all Documents included in the Disclosure Statement Depository available to some or all Eligible Creditors by other means, including but not limited to transmitting such Documents via a secure file transfer protocol.  The Oversight Board shall make the determination to provide Documents in such fashion in its own discretion, and all other terms of use and access to the Documents included in the Disclosure Statement Depository, whether provided via the depository or via secure file transfer protocol (including relating to the use of Confidential Information), shall be identical.

*[Remainder of Page Intentionally Left Blank]*

## Exhibit 2

### Protective Order

1. <u>Definitions</u>:

  a.  "<u>Document</u>" means all documents and information in the Disclosure Statement Depository (the "<u>Data Room</u>").

  b.  "<u>Confidential Information</u>" means all Documents in the Data Room that the Debtors consider in good faith to contain personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtors or other third parties if it was publicly disclosed.

2.  <u>Permissible Use of Confidential Information</u>.  All parties to this Protective Order, including their agents and representatives, agree to maintain the confidentiality and avoid improper disclosure of any Confidential Information in the Data Room.  This includes any information derived from the Confidential Information, such as summaries, copies, or presentations containing or referencing Confidential Information.  All Documents made available in the Depository shall be used only in connection with evaluating the adequacy of the Disclosure Statement and not for any other purpose.  Each Eligible Creditor will safeguard Confidential Information from unauthorized disclosure with the same standard of care each Eligible Creditor uses in maintaining the confidentiality of its own confidential information of a similar nature.

3.  <u>Confidentiality Subscription</u>.  Eligible Creditors who are interested in obtaining access to Confidential Information will be directed to sign a Protective Order Subscription utilizing OnTask, a secure signing service.  Before an Eligible Creditor or any of its agents or representatives may access Confidential Information, they must read this Protective Order and execute the Protective Order Subscription in the form attached as <u>Exhibit 3</u> via OnTask's secure signing service.

4.      <u>Disclosure of Confidential Information</u>.  Without obtaining the Debtors' prior written consent, Confidential Information may be disclosed only to the following persons:

a.      any mediator or court (or their representatives) taking part in the administration or adjudication of the Disclosure Statement (collectively, the "<u>Courts</u>"), in compliance with the procedures listed in paragraph 6 below;

b.      persons who are the authors, addressees, or recipients of documents containing Confidential Information if they have previously had lawful access to those documents;

c.      professional court reporters and their staff; and

d.      any Eligible Creditor's agents or representatives, including in house and outside counsel, professional personnel (including but not limited to IT staff), testifying or consulting experts, anticipated or actual witnesses testifying in connection with the Disclosure Statement, and translators or other outside litigation support vendors (collectively, "<u>Representatives</u>").  Eligible Creditors shall be responsible for ensuring their Representatives read this Protective Order and comply with its terms, and each Eligible Creditor shall be responsible for any breach of this Protective Order by any of their Representatives.  Attorneys for Eligible Creditors may only provide Confidential Information to their clients after their clients visit OnTask's secure signing service and execute the Protective Order Subscription on the OnTask site.

5.      <u>Demand for Confidential Information</u>.   If an Eligible Creditor or its Representatives are requested or required by court process or law to disclose Confidential Information, the Eligible Creditor will promptly give the Oversight Board written notice (to the attention of Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq., Proskauer Rose LLP, Eleven

Times Square, New York, New York 10036) of such request or requirement as far in advance of any disclosure as is practicable so the parties may seek an appropriate protective order or waiver in compliance with provisions of this Protective Order.

    6. <u>Submission of Confidential Information to the Court</u>.  Any Confidential Information filed with or otherwise submitted to the Court shall be filed or submitted under seal consistent with the local rules for the United States District Court for the District of Puerto Rico, and any applicable case management procedures.  If any Confidential Information is used in any court proceeding, it shall not lose its designation through such use.  Confidential Information shall not be copied or reproduced in an Eligible Creditor's objection to the Disclosure Statement, unless it is reasonably necessary to include Confidential Information in such an objection.  If so, the Eligible Creditor's objection must be filed under seal in accordance with the requirements of the United States District Court for the District of Puerto Rico, all copies shall be subject to this Protective Order and must include a "CONFIDENTIAL" designation.

    7. <u>Challenges to Designations of Confidentiality</u>.  If an Eligible Creditor believes any documents contained in the Depository have been improperly designated by the Debtors as containing Confidential Information, the Eligible Creditor may, after attempting to resolve the matter by agreement, apply to the Court for a ruling that certain documents or testimony designated as Confidential Information, or the information therein, is not entitled to confidential status or protection.  The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.  The Debtors' failure to designate Documents as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of the claim of confidentiality.  Upon prompt notice from the

Oversight Board of a failure to designate, Eligible Creditors and their Representatives shall cooperate to restore the confidentiality of the Confidential Information.

8.      <u>Nonwaiver of Privileges</u>.  Disclosure of documents (including documents containing Confidential Information) pursuant to the terms of this Protective Order shall not be deemed to waive attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information.   If an Eligible Creditor or their Representative reviews any information in the Data Room that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appear to be subject to a legally recognized privilege, the Eligible Creditor or their Representative shall provide immediate notice to the Debtors and shall not review the information.   Upon notification by the Debtors that any of the Debtors has inadvertently included information in the Depository that should not have been included (whether because of applicable privilege or otherwise), each Eligible Creditor shall certify that they have deleted or destroyed any downloaded or printed copies of such documents within twenty-four (24) hours of notification.

9.      <u>Return or Destruction of Confidential Information Upon Plan Confirmation</u>.  Within sixty (60) days after the entry of a final order (or orders) confirming the Plan, or the exhaustion of any appeals relating thereto, Confidential Information and all copies of same, and all documents containing or referring to Confidential Information, and copies of any pleading or paper filed of record with the Court, shall either be returned to the Debtors or destroyed.

10.      <u>Application of Securities Laws</u>.  Any Eligible Creditor who signs a Protective Order Subscription understands that, as a result of the receipt of Confidential

Information, he, she, or it may be deemed to be in possession of material, nonpublic information relating to the Debtors, and that the United States securities laws apply to such person.  If an Eligible Creditor or its Representative who signs a Protective Order Subscription also trades securities, such person represents that it will ensure such trades do not violate any federal or state securities laws.

      11.   <u>Remedies, Jurisdiction and Governing Law</u>.  Specific performance and injunctive relief are available as nonexclusive remedies upon proof of any breach of this Protective Order.  Each Eligible Creditor and the Debtors shall confer in good faith over any disagreement in connection with this Protective Order before claiming noncompliance to any third party or this Court, <u>provided</u> that the Debtors shall have the right to refuse continued access to the Data Room to such Eligible Creditor and its Representatives if the Debtors determine that such Eligible Creditor has breached its obligations.

*[Remainder of page intentionally left blank]*

**Exhibit 3**

**Protective Order Subscription**

I hereby certify to the Oversight Board,[1] the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Puerto Rico Public Buildings Authority, the PSA Parties,[2] and the ERS Parties[3], that I have read the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated ___, 2021 (the "Order") and the Protective Order attached as Exhibit 2 thereto, and that I understand that I may not disclose any Confidential Information (as defined in the Protective Order) except as provided in the Protective Order.  I further recognize that I am bound by the terms of the Protective Order and I agree to comply with those terms and submit to the jurisdiction of the United States District Court for the District of Puerto Rico for purposes of enforcement of the Order, the Protective Order, and this Protective Order Subscription.

Dated: _____

_____
Signature

Name: _____

Address: _____

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Debtors for an Order Establishing Discovery Procedures in Connection with Approval of Disclosure Statement and Granting Related Relief.*

[2]   The "PSA Parties" shall mean the parties to the Plan Support Agreements, other than the Debtors.

[3]   The "ERS Parties" shall mean the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; certain groups of holders of bonds issued by ERS; and The Bank of New York Mellon, as fiscal agent for the ERS Bonds.

**Exhibit 4**

**Disclosure Statement Notice**

Document comparison by Workshare 9.5 on Friday, April 30, 2021 11:41:41 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\10358\Documents\PR\Confirmation Procedures Motion\FILED\FOMB - DS Scheduling Order (as filed 4.21).docx |
| Description | FOMB - DS Scheduling Order (as filed 4.21) |
| Document 2 ID | interwovenSite://DMS/CURRENT/123288568/6 |
| Description | #123288568v6<CURRENT> - FOMB - DS Scheduling Order (revised 4.30) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 44 |
| Deletions | 30 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 78 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF FILING DISCLOSURE STATEMENT FOR THE THIRD
AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE
COMMONWEALTH OF PUERTO RICO, *ET AL.* AND HEARING THEREON**

     **PLEASE TAKE NOTICE** that, on ~~April~~May ____, 2021, the Financial Oversight and
Management Board for Puerto Rico (the "Oversight Board"), as sole representative of the
Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public
Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight,
Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity
as sole representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"),
filed with the United States District Court for the District of Puerto Rico (the "Court"):

     (i)   the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of
           Puerto Rico, et al.*, [ECF No. ____] (as the same may be amended or modified,
           including all exhibits and attachments thereto, the "Plan"),

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4)
digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico
(Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax
ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last
Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case
No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy
Case numbers due to software limitations).
[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(ii) the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No. ___] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"),

(iii) the *Amended Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. _____] (the "Disclosure Statement Motion"), and

(iv) the *Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. ___] (the "Discovery Procedures Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the Disclosure Statement, and any amendments, supplements, changes, or modifications thereto, for approval at a hearing before the Honorable Laura Taylor Swain on ~~June 16,~~July [___], **2021 at 9:30 a.m. (Atlantic Standard Time)** convened by telephonic hearing through CourtSolutions (the "Disclosure Statement Hearing"). The Disclosure Statement may be amended at any time prior to or at the Disclosure Statement Hearing. The Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) through the agenda for the Disclosure Statement Hearing and/or at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE** that information relating to the adequacy of the information contained in the Disclosure Statement is available online in the Disclosure Statement Depository at titleiiiplandataroom.com.

**PLEASE TAKE FURTHER NOTICE** that objections (an "Objection"), if any, to the approval of the Disclosure Statement must:

(i) be in writing,

(ii) conform to the Federal Rules of Bankruptcy Procedures and the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1] (the "Case Management Procedures"),

(iii) state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtors' cases,

(iv) specify the basis and nature of any ~~objection~~Objection and set forth the proposed modification to the Disclosure Statement, together with suggested language,

(v) be filed with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007 together with proof of service, **on or before ~~May 21,~~June [___], 2021 at 5:00 p.m. (Atlantic Standard Time)** (the "Objection Deadline"), and

(vi) be served upon the following parties so as to be received on or before the Objection Deadline:

- the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

- the attorneys for the Oversight Board as representative of the Debtors, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., and Brian Rosen, Esq.;

- the co-attorneys for the Oversight Board as representative of the Debtors, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq.;

- the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Peter Friedman, Esq., and Maria J. DiConza, Esq.;

- the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan PR 00917, Attn: Luis C. Marini-Biaggi, Esq. and Carolina Velaz-Rivero, Esq.;

- the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.;

- the attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.;

- the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.; and

- the attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq.; and

- all parties that have requested notice pursuant to Rule 2002 of the Bankruptcy Rules (available on the website maintained by the Debtors' claims and noticing agent (see "Master Service List"), https://cases.primeclerk.com/puertorico/).

**PLEASE TAKE FURTHER NOTICE** that only objectors that have filed a timely Objection will be permitted to make oral remarks at the Disclosure Statement Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan and the Disclosure Statement may be obtained by visiting the Debtors' website maintained by the Debtors' claims and noticing agent in the PROMESA Title III cases, https://cases.primeclerk.com/puertorico/; by sending a request to Prime Clerk LLC, at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoinfo@primeclerk.com, or, for a fee, from the Court's website, https://www.prd.uscourts.gov/. A PACER login and password are required to access documents on the Court's website, and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Hard copies of the Plan and the Disclosure Statement are available upon request to the Debtors' claims and noticing agent at the phone number or email address above.

Dated: April May ____, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ _____

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

/s/ _____

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and*

*Management Board as representative for the Debtors*

5

Document comparison by Workshare 9.5 on Wednesday, April 28, 2021 3:01:19 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\na.proskauer.com\firm\Home\CA3\2621\Desktop\Notice of Disclosure Statement Hearing (4.21.21).docx |
| Description | Notice of Disclosure Statement Hearing (4.21.21) |
| Document 2 ID | file://\\na.proskauer.com\firm\Home\CA3\2621\Desktop\Notice of Disclosure Statement Hearing.docx |
| Description | Notice of Disclosure Statement Hearing |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 9 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 17 |