# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al* <br><br> Debtors | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> Re: ECF No. 1065-1, 1512-1, 2839-1, 4493, 4499, 4500, 4595, 4720, 4723, 16,288, 16314, 16469, 16584 <br><br> (Jointly Administered) |
| In re: <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al* <br><br> Debtors | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS |

# REPLY TO RESPONSE OF THE COMMONWEALTH OF PUERTO RICO TO MOTION TO COMPEL
# DOCKET NO.16584

**TO THE HONORABLE COURT**:

Now Comes Corporación Marcaribe Investment ("Marcaribe") and through its attorney replies to Debtor's response to the Motion to Compel (the "Response") and states as follows:

1. Marcaribe denies paragraph No.1 of the Response as redacted. Marcaribe agrees that Debtor offered to modify the stipulation, but Marcaribe believes that by accepting to modify the stipulation as offered, Marcaribe will be admitting that Marcaribe recognizes that the stipulation does not authorize the filing of appeals. If Marcaribe would have agree to the signing of the

modified stipulation Marcaribe would be admitting that the appeal was filed **prematurely**; and that the Puerto Rico Appellate Court lacked jurisdiction to review the appeal.

2. Marcaribe denies paragraph No. 2 of the Response. Marcaribe believes that the controversy of related to the applicability of the automatic stay as alleged by Debtor is an infringement on substantive constitutional rights. Marcaribe also believes that the judgment, in order to be final, is after 30 days of notification or after the appellate proceedings concludes. **Marcaribe did not waive the right to file an appeal**.

3. Marcaribe admits paragraphs No. 3 of the Response, but it reaffirms that the right to file an appeal was not waived.

4. Marcaribe admits paragraphs No. 4 of the Response, but it reaffirms that the right to file an appeal was not waived.

5. Marcaribe admits paragraphs No. 5 of the Response, but it reaffirms that the right to file an appeal was not waived.

6. Marcaribe admits paragraph No. 6 of the Response.

7. Marcaribe admits paragraph No. 7 of the Response in part. That is, Marcaribe admits that an appeal was filed on February 2, 2021. The rest of the paragraph is denied. Marcaribe reaffirms that the right to file an appeal was not waived.

8. Marcaribe denies paragraph No. 8 of the Response. The statement in this paragraph lacks veracity. Debtor requested dismissal not an administrative closing of the appeal. The party that requested administrative closing was the appellant by motion dated April 5, 2021.

9. Marcaribe admits paragraph No. 9.

10. Marcaribe admits paragraph No. 10

11. Marcaribe admits s paragraph No. 11. Marcaribe reaffirms that the right to file an appeal was not waived and the judgment in order to be final is after 30 days of notification or after the appellate proceedings concludes.

12. Marcaribe denies paragraph No. 12. Marcaribe reaffirms that the right to file an appeal was not waived and that the judgment in order to be final is after 30 days of notification or after the appellate proceedings concludes.

13. Marcaribe denies paragraph No. 12. Marcaribe reaffirms that the right to file an appeal was not waived. The stipulation does not prohibit the fundamental right to file the appeal.

## ARGUMENT

14. The parties stipulated that "[*t*]*he Stipulation shall be constructed and interpreted with the laws of Puerto Rico...*" See Stipulation No. 8 at Page 5 of 6. A judgment issued by the Courts of Puerto Rico is final 30 days after the Secretary of the Court notified the judgment to all parties, but if an appeal is file before the expiration of the 30 days, the judgment is final after the appellate proceedings concludes. See Rule 52.2(a) of the Rules of Puerto Rico Civil Proceedings, 32 L.P.R.A. Ap. V. R. 52.2(a); Rule 13 of the Rules of the Puerto Rico Appellate Court. See also, *JMG Investment v. Departamento de Vivienda*, 2019 TSPR 231.

15. Debtor through the Department of Justice did not raise any claims regarding the applicability of the automatic stay after Marcaribe filed a motion for reconsideration on April 6, 2021. The aforementioned reconsideration is a post-judgment proceeding as well as the appeal, but instead of raising the issued during the reconsideration proceeding, Debtor opted to raise it at appellate level, which makes no legal sense.

16. If the applicability of the automatic stay applies as alleged by Debtor, the judgment in reality will never be final, since state law requires the 30 days to expire after notification or after

the ending the appellate proceedings. If this line of thought is correct, it implies that the appeal was filed prematurely, therefore, it is defective and the Puerto Rico Appellate Court lacked of jurisdiction to review the judgment, the appeal must be re-field, if and only if this Honorable Court allow it. See *Yumac Home Furniture, Inc. v. Caguas Lumber Yard*, 194 D.P.R. 96 (2015); See also, *Pueblo v. Arlequín Vélez*, 194 D.P.R. 871 (2016).

17. Marcaribe believes that by accepting to modify the stipulation as offered, Marcaribe will be recognizing that the stipulation prohibited the filing of the appeal. In other words, Debtor wants Marcaribe to admit and recognize that the fundamental right to appeal was waived by the Stipulation. Also, it is Marcaribe's belief that the inverse condemnation claim is a constitutional issue; therefore, the right to appeal does not end at the Puerto Rico Supreme Court; but at the United State Supreme Court.

18. Debtor argued that is not necessary from this Honorable Court to adjudicate Marcaribe's motion on the merits, because it was offered "… *to Movant to modify the Title III Stay to allow the Appeal (each as defines below) to proceed to judgment before the Puerto Rico Court of Appeal and the Puerto Rico Supreme Court…*". Debtor failed to inform to this Honorable Court that a counteroffer was submitted requesting that the appeal must be allow to proceed all the way to the United States Supreme Court, and that it was also requested the withdrawal from Puerto Rico Court of Appeal the allegation of the lack of jurisdiction due to the automatic stay. However, such requests were **rejected**.

19. The last sentence of the Puerto Rico Court of Appeal's judgment states in the Spanish language as the following:

"*Este Tribunal se reserva su jurisdicción para decretar la reapertura y continuación de los procedimientos hasta que el*

> *Tribunal de Distrito Federal, emita su dictamen y la parte interesada nos solicite la reapertura y nos certifique que ha dejado sin efecto la paralización automática.*"

Translated to into English language, the sentence states as follows:

> "*This Court reserves its jurisdiction to order the reopening and continuation of the proceedings until the Federal District Court issues its opinion and the interested party requests the reopening and certifies that the automatic stoppage has been rendered ineffective.*"

20. If the automatic stay prohibits the appeal, a modification to the stipulation cannot supersede state laws and jurisprudences in order to allow the appeal to proceed. As stated before, if the automatic stay prohibits the appeal, only an order from this Honorable Court can start appellative steps, because the appeal was file prematurely. But if the automatic stay does not apply a court order and certification must be issued in order for the Puerto Rico Appeals Court to reopen the proceedings. Either way, Marcaribe believes that a decision on the merits is necessary in order to resolve substantive constitutional rights controversy.

WHEREFORE, Marcaribe requests that this Honorable Court issues an order and certification ratifying that the Stipulation does not prohibit the constitutional right to file an appeal according to applicable state and federal law, in the alternative, issue an order and certification to allow the filing of a new appeal, and for any other request deemed necessary and proper.

Dated: May 3, 2021

RESPECTFULLY SUBMITTED by Debtor, through Counsel
/s/Carmenelisa Perez-Kudzma, Esq.
Perez-Kudzma Law Office, PC
35 Main Street, Wayland, MA 01778
carmenelisa@pklaw.law
978-505-3333

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*<br><br>    Debtors | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Re: ECF No. 1065-1, 1512-1, 2839-1, 4493, 4499, 4500, 4595, 4720, 4723<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*<br><br>    Debtors | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

## CERTIFICATE OF SERVICE

    I, Carmenelisa Perez-Kudzma, hereby state that a copy of the Reply to Response of the Commonwealth of Puerto Rico to Motion to Compel was served upon all ECF participants including the Commonwealth of Puerto Rico on May 3, 2021.

Attorney Susana I. Peñagarícano-Brown
Deputy Secretary in Litigation
Department of Justice
PO BOX 9020192
San Juan, PR 00902-0192
Email: spenagaricano@justicia.pr.gov

Chambers of the Honorable Laura Taylor Swain:
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):
Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn: Carlos Saavedra, Esq. Rocío Valentin, Esq.
E-Mail: Carlos.Saavedra@aafaf.pr.gov
  Rocio.Valentin@aafaf.pr.gov

Counsel for AAFAF:

| O'Melveny & Myers LLP | Marini Pietrantoni Muñiz LLC |
|---|---|
| 7 Times Square | 250 Ponce de Leon Ave. |
| New York, New York 10036 | Suite 900 |
| Attn: John J. Rapisardi, Esq. | San Juan, PR 00918 |
|   Suzzanne Uhland, Esq. | Attn: Luis C. Marini-Biaggi, Esq. |
|   Peter Friedman, Esq. |   Carolina Velaz-Rivero, Esq. |
|   Nancy A. Mitchell, Esq. |   Iván Garau-González, Esq. |
|   Maria J. DiConza, Esq. | E-Mail: lmarini@mpmlawpr.com |
| E-Mail: jrapisardi@omm.com |   cvelaz@mpmlawpr.com |
|   suhland@omm.com |   igarau@mpmlawpr.com |
|   pfriedman@omm.com | |
|   mitchelln@omm.com | |
|   mdiconza@omm.com | |

Counsel for the Oversight Board:

| Proskauer Rose LLP | O'Neill & Borges LLC |
|---|---|
| Eleven Times Square | 250 Muñoz Rivera Ave., Suite 800 |
| New York, New York 10036-8299 | San Juan, PR 00918-1813 |
| Attn: Martin J. Bienenstock | Attn: Hermann D. Bauer, Esq. |
|   Brian S. Rosen | E-Mail: hermann.bauer@oneillborges.com |
|   Paul V. Possinger | |
|   Ehud Barak | |
|   Maja Zerjal | |
| E-Mail: mbienenstock@proskauer.com | |
|   brosen@proskauer.com | |
|   ppossinger@proskauer.com | |
|   ebarak@proskauer.com | |
|   mzerjal@proskauer.com | |

Counsel for the Creditors' Committee:
Paul Hastings LLP                    Casillas, Santiago & Torres LLC

| | |
|---|---|
| 200 Park Avenue | El Caribe Office Building |
| New York, New York 10166 | 53 Palmeras Street, Ste. 1601 |
| Attn: Luc. A. Despins | San Juan, Puerto Rico 00901-2419 |
|     James Bliss | Attn: Juan J. Casillas Ayala |
|     James Worthington |     Diana M. Batlle-Barasorda |
|     G. Alexander Bongartz |     Alberto J. E. Añeses Negrón |
| E-Mail: lucdespins@paulhastings.com |     Ericka C. Montull-Novoa |
| jamesbliss@paulhastings.com | E-Mail: jcasillas@cstlawpr.com |
| jamesworthington@paulhastings.com | dbatlle@cstlawpr.com |
| alexbongartz@paulhastings.com | aaneses@cstlawpr.com |
| | emontull@cstlawpr.com |

Counsel for the Retiree Committee:

| | |
|---|---|
| Jenner & Block LLP | Bennazar, García & Milián, C.S.P. |
| 919 Third Avenue | Edificio Union Plaza PH-A piso 18 |
| New York, New York 10022 | Avenida Ponce de León #416 |
| Attn: Robert Gordon | Hato Rey, San Juan, Puerto Rico 00918 |
|     Richard Levin | Attn: A.J. Bennazar-Zequeira |
|     Catherine Steege | E-Mail: ajb@bennazar.org |
| E-Mail: rgordon@jenner.com | |
|     rlevin@jenner.com | |
|     csteege@jenner.com | |

spenagaricano@justicia.pr.gov

Dated: May 3, 2021

                                                    RESPECTFULLY SUBMITTED by Debtor, through Counsel
                                                                             /s/Carmenelisa Perez-Kudzma, Esq.
                                                                                   Perez-Kudzma Law Office, PC
                                                                        35 Main Street, Wayland, MA 01778
                                                                                     carmenelisa@pklaw.law
                                                                                             978-505-3333