IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER (I) SCHEDULING A HEARING TO CONSIDER THE ADEQUACY OF INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT, (II) ESTABLISHING THE DEADLINE FOR FILING OBJECTIONS TO THE DISCLOSURE STATEMENT AND REPLIES THERETO, (III) APPROVING FORM OF NOTICE THEREOF, (IV) ESTABLISHING DOCUMENT DEPOSITORY PROCEDURES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF

Upon the motion (Docket Entry No. 16332, the "Motion"),[2] dated April 6, 2021, of the

Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and in its capacity as sole representative of the Commonwealth, ERS, and PBA (the "Debtors" under PROMESA section 315(b)), requesting an order: (i) scheduling a Disclosure Statement Hearing to consider the adequacy of the information contained in the Disclosure Statement, (ii) establishing a deadline by which objections to the adequacy of the Disclosure Statement and replies thereto must be filed, (iii) approving the form of notice of the Disclosure Statement Hearing and related deadlines, (iv) establishing document depository procedures in connection therewith, and (v) granting related relief, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and objections to the Motion and the relief requested therein having been interposed (collectively, the "Objections"); and the Oversight Board having filed a reply in response to the Objections (the "Reply"); and the Court having held a hearing on April 28, 2021, to consider the Motion, the Objections and the Reply (the "Hearing"); and the Court having determined the relief sought in the Motion, as modified on the record of the Hearing, is in the best interests of the Debtors, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS FOLLOWS:

1. The Motion is granted as set forth herein.

2. The form of Disclosure Statement Notice, attached hereto as **Exhibit 4** and reflecting the redlined changes set forth therein, is approved.

**Disclosure Statement Scheduling Procedures**

3. The following Disclosure Statement Scheduling Procedures are approved:

- **Disclosure Statement Hearing**: 9:30 a.m., Atlantic Standard Time, on **July 13, 2021**, as the time and date for the Disclosure Statement Hearing, as such date may be adjourned by the Court;

- **Disclosure Statement Objection Deadline**: 5:00 p.m., Atlantic Standard Time, on a date no earlier than the twenty-eighth (28th) day following completion of service of the Disclosure Statement Hearing Notice, which deadline shall be set forth in the Disclosure Statement Hearing Notice, as the deadline to file objections to (i) the adequacy of the Disclosure Statement, and (ii) the relief requested in the Disclosure Statement Motion. Objections to the adequacy of the Disclosure Statement (collectively, "DS Objections") must (i) state the name and address of the objector or entity proposing a modification to the Disclosure Statement, and the amount (if applicable) of its claim or nature of its interest in the Debtors' cases, and (ii) specify the basis and nature of any objection and set forth the proposed modification to the Disclosure Statement, together with suggested language; and

- **Disclosure Statement Reply Deadline:** 5:00 p.m., Atlantic Standard Time, on the fourteenth (14th) day following the Disclosure Statement Objection Deadline, but in no event later than fourteen (14) days before the Disclosure Statement Hearing, as the deadline for the Debtors or other parties in interest to file replies or responses to the DS Objections.

4. Any objecting party that has not filed a timely DS Objection will not be permitted to make an oral presentation at the Disclosure Statement Hearing.

5. Service of DS Objections shall be made in accordance with the provisions set forth in the *Fourteenth Amended Notice, Case Management and Administrative Procedures*, Case No. 17-03283-LTS [ECF No. 15894-1].

**Disclosure Statement Depository**

6. The Disclosure Statement Depository Procedures set forth on **Exhibit 1** hereto are approved. The Debtors are authorized to establish and maintain the Disclosure Statement

Depository in accordance with the Disclosure Statement Depository Procedures annexed hereto as **Exhibit 1**. The Oversight Board will make the Disclosure Statement Depository website available the later of (i) 9:00 a.m. Atlantic Standard Time on the first business day following the Court's entry of this Order and (ii) May 7, 2021 at 9:00 a.m. Atlantic Standard Time.

**Confidentiality**[3]

7. The Debtors have established good cause for entry of an order, attached hereto as **Exhibit 2**, governing Confidential Information in connection with the Disclosure Statement Depository. The Protective Order set forth on **Exhibit 2** hereto is approved in all respects. The Debtors are authorized to implement the procedures and requirements set forth in the Protective Order, including execution of the Protective Order Subscription attached hereto as **Exhibit 3**.

8. Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information (as defined in the Protective Order) by the Debtors in connection with the Disclosure Statement Depository shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

9. <u>No Warranty</u>. The inclusion of material in the Disclosure Statement Depository does not constitute a warranty of its accuracy or completeness.

10. <u>No Waiver</u>. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

11. Upon entry hereof, the Debtors shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

---

[3] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in **Exhibit 2** hereto.

**Miscellaneous**

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, or enforcement of this Order.

14. This Order resolves Docket Entry No. 16332 in Case No. 17-3283

Dated: May 4, 2021

/s/ Laura Taylor Swain
Laura Taylor Swain
United States District Judge