UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO et al.,

                    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO
RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

           Plaintiff,

              -v-

AMBAC ASSURANCE CORPORATION et al.,

           Defendants.

Adv. Proc. No. 20-003-LTS

-------------------------------------------------------------x

THE FINANCIAL OVERSIGHT AND

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA"); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

    Plaintiff,

        -v-

AMBAC ASSURANCE CORPORATION et al.,

    Defendants.

Adv. Proc. No. 20-004-LTS

-------------------------------------------------------x

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

    Plaintiff,

        -v-

AMBAC ASSURANCE CORPORATION et al.,

    Defendants.

Adv. Proc. No. 20-005-LTS

-------------------------------------------------------x

ORDER DENYING MOTION OF THE COMMONWEALTH OF PUERTO RICO, BY AND THROUGH THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, FOR STAY RELIEF GRANTING LEAVE TO PROSECUTE FURTHER MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT CROSS-MOTION FOR STAY RELIEF GRANTING LEAVE TO FILE LIMITED OBJECTION, OR IN ALTERNATIVE, TO INTERVENE

Before the Court is the *Motion of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, for Stay Relief Granting Leave to Prosecute Further Motions for Partial Summary Judgment* (Docket Entry No. 16326 in Case No.

17-3283,² the "Motion"),³ filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the *Official Committee Of Unsecured Creditors' Urgent Cross-Motion for Stay Relief Granting Leave to File Limited Objection, or in Alternative, to Intervene* (Docket Entry No. 16403, the "Cross-Motion"),⁴ filed by the Official Committee Of Unsecured Creditors (the "Committee"). The Court has considered carefully the parties' submissions in connection with the Motion and the Cross-Motion. The Court has jurisdiction of the Motion and Cross-Motion pursuant to section 306(a) of PROMESA, 48 U.S.C. § 2166(a). During the April 28, 2020, omnibus hearing (the "Hearing"), the Court heard argument and rendered an oral decision denying the Motion and the Cross-Motion. This Order memorializes the Court's ruling.

The Motion requests partial relief from the litigation stay imposed by the Court on March 10, 2020 in three adversary proceedings (see *Final Case Management Order for Revenue Bonds*, Docket Entry No. 12186), so that the parties may brief summary judgment motions concerning certain counts pleaded by the Oversight Board through which the Oversight Board seeks disallowance of certain claims asserted in proofs of claim filed by the adversary proceeding defendants (the "Defendants"). The Cross-Motion supports the relief sought in the Motion, but additionally asks for permission to file claim objections concerning the same matters

---

² Unless otherwise indicated, references to docket numbers herein are to the docket of the Commonwealth of Puerto Rico's Title III case, Case No. 17-3283.

³ The Motion was also filed at Docket Entry No. 142 in Adv. Proc. No. 20-00003, Docket Entry No. 133 in Adv. Proc. No. 20-00004, and Docket Entry No. 154 in Adv. Proc. No. 20-00005.

⁴ The Cross-Motion was also filed at Docket Entry No. 147 in Adv. Proc. No. 20-00003, Docket Entry No. 138 in Adv. Proc. No. 20-00004, and Docket Entry No. 159 in Adv. Proc. No. 20-00005.

on which the Oversight Board seeks to commence summary judgment motion practice. In the alternative, the Cross-Motion requests authority to intervene in the summary judgment motion practice.

The litigation stay from which the Oversight Board seeks relief excepted only a relatively narrow set of issues, and it was imposed by the Court (with the support of the Oversight Board and over the objection of several parties) to aid in the orderly resolution of crucial issues concerning the Defendants' rights with respect to revenue bond holdings. The goal was to allow important issues of law to be resolved in anticipation of the confirmation process in connection with the Commonwealth's Amended Plan of Adjustment in 2020. Although the plan confirmation process was interrupted by the novel coronavirus pandemic and the summary judgment motion practice has taken a detour for limited discovery, the Court believes that the rationale underlying the litigation structure it imposed in 2020 still makes sense. The Oversight Board and the UCC have not provided a compelling reason to lift the litigation stay and expand the scope of litigation. They have not shown why resolution of the Defendants' claims will be material to the plan confirmation process.

As the Court explained at the beginning of the Hearing, its resources, and the parties' resources, are not unlimited. The Oversight Board has requested an expeditious schedule with respect to confirmation of its further amended Plan of Adjustment, in part due to deadlines set in plan support and settlement agreements that it negotiated. It is simply not possible to litigate every outstanding dispute while maintaining anything like the schedule recommended by the Oversight Board, and the Oversight Board and UCC have not demonstrated the necessity of cueing up briefing on their chosen disputes concerning the liquidation or disallowance of the claims that are the subject of the Motion and the Cross-Motion at this point.

The UCC's request to file and stay claim objections concerning the same issues is also denied at this juncture. Among other things, as the Oversight Board has pointed out, certain substantive issues underlying the described proposed claim objections can be litigated in connection with the Oversight Board's forthcoming request for confirmation of a further amended Plan of Adjustment. Additionally, there are controversies which the Court need not address at this juncture concerning whether the UCC has a right to file such claim objections in the first place.

The Court expects that, after the currently pending summary judgment motions in the revenue bond adversary proceedings have been resolved, it will be appropriate to look at what further litigation in what form is necessary in connection with the revenue bond issues.

This Order resolves Docket Entry Nos. 16326 and 16403 in Case No. 17-3283, Docket Entry Nos. 142 and 147 in Adv. Proc. No. 20-00003, Docket Entry Nos. 133 and 138 in Adv. Proc. No. 20-00004, and Docket Entry Nos. 154 and 159 in Adv. Proc. No. 20-00005.

SO ORDERED.

Dated: May 5, 2021

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge