# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY ("PREPA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

STIPULATION AND AGREED ORDER RESOLVING
PROOF OF CLAIM OF DOMINGO DE JESUS TORRES (CLAIM NO. 42755)
PURSUANT TO ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The Puerto Rico Electric Power Authority ("PREPA," or the "Debtor"), by and through

the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

sole Title III representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] on the one hand, and Domingo de Jesus Torres (the "Claimant," and together with PREPA, the "Parties"), on the other hand, hereby enter into this stipulation (the "Stipulation") as follows:

**RECITALS**

A. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of PROMESA and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

B. By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of PREPA as debtor in its Title III Case.

C. The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

D. On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things,

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Bar Date Order.

E. On May 26, 2018, Domingo de Jesus Torres filed Proof of Claim No. 42755, asserting pre-petition liabilities in the amount of $150,000.00 for treatment under a plan of reorganization, (the "Settled Claim").

F. On April 1, 2020, this Court entered the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"). The ADR Order authorized the Commonwealth, PREPA, the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, PREPA, HTA, and ERS, the "Debtors") to resolve general unsecured claims using the procedures approved by the court in the ADR Order [ECF No. 12576-1] ("ADR Procedures").

G. On October 8, 2020, pursuant to the ADR Order, the Debtors transferred the Claim into the ADR Procedures through the *Third Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14521].

H. Pursuant to section 2 of the ADR Order, the Parties have engaged in an Offer Exchange (as defined in the ADR Procedures) to settle the validity and amount of the Settled Claim, and have determined that the Settled Claim should be allowed in the amount and the terms described below.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

3

**AGREEMENT**

1. This Stipulation shall not become effective unless and until it is approved by order of the Court (the "Effective Date").

2. Upon the Effective Date, the Settled Claim shall be deemed and allowed in the amount of $30,000.00.

3. Other than with respect to the Settled Claim, the Claimant hereby irrevocably waives any and all claims (as defined in section 101(5) of the Bankruptcy Code) related to the Settled Claim, against any of the Debtors, their affiliates, and estates, and is hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, existing at any time.

4. The claim shall be deemed to be a general unsecured claim and will be treated as such under any plan of adjustment for PREPA.

5. The Title III Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the Debtor's claims register maintained in the Debtor's Title III Case to reflect the allowance of the Settled Claim.

6. The parties hereto each represent and warrant that they are duly authorized to enter into and be bound by this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that this Stipulation is legal, valid, and binding upon them.

7. Nothing in this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall (a) be deemed to be, or construed as, (i) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit, (ii) a waiver

of the Debtor's rights to setoff or recoup any claim, (iii) a waiver of Claimant's of the Debtor's rights to determine and/or contest the applicability of a discharge to the Settled Claim pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a), or (iv) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365; or (b) impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

8. This Stipulation contains the entire agreement by and between the parties hereto with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

9. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

10. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto.

11. This Court shall retain jurisdiction to hear and determine all matters or disputes arising from or related to this Stipulation or the Settled Claim.

12. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

Dated: 3/17/2021

_Domingo d Jesus Torres_
Domingo de Jesus Torres

Dated: March 3, 2021

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Puerto Rico Electric Power
Authority*

6