# **EXHIBIT T**

September 29, 2020

**VIA E-MAIL**

John J. Hughes, III, Esq.
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

**Re: Pensions Discovery Motions and Supplemental Pension Requests**

Counsel:

We write to respond to your September 14, 2020 letter (the "September 14 Letter"), and to address matters discussed during the parties' August 3, 2020 meet and confer call regarding *Ambac Assurance Corporation's Motion to Compel Pensions Discovery* [ECF No. 7505] (the "Motion to Compel") and *Ambac Assurance Corporation's Motion for Entry of an Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Pension Liabilities* [ECF No. 7507] (the "Pensions 2004 Motion," and together with the Motion to Compel, the "Pensions Discovery Motions"), which the Court denied without prejudice on May 29, 2020 [ECF No. 13265], as well as Ambac's additional requests related to the Commonwealth's pensions liabilities, originally served on October 23, 2019, and amended on May 15, 2020 (the "Supplemental Pension Requests").

   1. **Rule 2004 Request No. 13 and Supplemental Pension Request No. 5**

The September 14 Letter states that the Government Parties agreed "to consider production of email communications responsive to Rule 2004 Request No. 13 and Supplemental Pensions Request No. 5," and in relation to those two requests, lists 11 separate topics for an email review.

As an initial matter, the September 14 Letter misstates the parties' discussions. Neither AAFAF nor the Oversight Board agreed that it was willing to consider the production of emails in response to Rule 2004 Request No. 13 and Supplemental Pensions Request No. 5, let alone 11 other topics. The Government Parties advised that if Ambac had specific questions regarding specific topics, the Government Parties were willing to explore whether they could provide additional information or documents if necessary to address Ambac's questions. In addition, AAFAF offered to consider targeted requests for emails related to Milliman's actuarial reports if Ambac could first identify specific factual questions. The point of that offer was to make sure the parties would have an opportunity to see if the questions could be addressed more efficiently

Mr. John J. Hughes, Esq.
September 29, 2020
Page 2

through a conversation between Ambac's experts and Milliman (an offer that AAFAF first made over a year ago),[1] written answers,[2] or a targeted production of additional financial information.

The stated purpose of Ambac's Pensions Discovery Motions is to obtain information regarding the "size and scope of the Commonwealth's true pension liabilities." Pensions 2004 Motion at 1. It is not clear why email on the 11 topics identified in the September 14 Letter—which are much broader than the two requests from which they purport to be drawn—are relevant to this inquiry. Because evaluating pension liabilities is a financial exercise, the Government Parties have been producing the relevant financial information, including actuarial and valuation reports, census data, and pension modeling.[3] Additional such documents, like the 2018 actuarial reports, will be produced as soon as they are available. These are the financial materials on which the pension liabilities can be assessed.[4]

The Government Parties remain open to discussing whether there is specific information they can provide that would address remaining questions Ambac may have. But we ask that Ambac be as specific as possible in identifying the financial questions at issue so that we can target the discovery and minimize the cost and burden on Puerto Rico's government and people.

2. **Documents Produced in Connection with ERS Litigation**

In the September 14 Letter, Ambac states that it has not been able to locate certain documents identified on the exhibit list for the ERS hearing regarding the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [ECF No. 289 in Case No. 17-3566], and requests

---

[1] As we have discussed before, the assumptions underlying Milliman's actuarial work are stated in its reports. *See, e.g.*, Letter from M. Dale and E. McKeen (July 8, 2019). Nevertheless, as a courtesy to help resolve factual questions and minimize the expense of discovery, we offered to make Milliman available to Ambac's experts.

[2] *See, e.g.*, Email from A. Paslawsky (Oct. 1, 2019) (submitting written questions); Email from M. Pocha (Oct. 25, 2019) (submitting Milliman's written responses dated Oct. 23, 2019).

[3] *See, e.g.*, CW_RJM2004_0004608, CW_RJM2004_0006405 - CW_RJM2004_0006432, CW_RJM2004_0006617, CW_RJM2004_0013485, CW_RJM2004_0014835, CW_RJM2004_0016274 - CW_RJM2004_0018142, CW_RJM2004_0023261, CW_RJM2004_0033469, CW_RJM2004_0085558, CW_RJM2004_0087109, CW_RJM2004_0087152, CW_RJM2004_0089335, CW_RJM2004_0089369, CW_RJM2004_0096746, CW_RJM2004_0096913; ERS_LS0001867, ERS_LS0005556 - ERS_LS0005557, ERS_LS0006231, ERS_LS0006242 - ERS_LS0006243, ERS_LS0006427, ERS_LS0008464, ERS_LS0009175, ERS_LS0009366; ERS-CW_LS0000002, ERS-CW_LS0000189, ERS-CW_LS0000296, ERS-CW_LS0000322, ERS-CW_LS0000449; ERS-AAFAF_LS0001522; ERS_0068662, ERS_0119333, ERS_0122779, ERS_0120822; PR-INSURERS2004-0001913, PR-INSURERS2004-0002604 - PR-INSURERS2004-0002612; PR-INSURERS2004-0002682, PR-INSURERS2004-0002741 - PR-INSURERS2004-0002745.

[4] Judge Swain has held that Rule 2004 discovery should be limited to a "core body of information" that can be produced "in a manner that will not be unduly expensive or disruptive of operations." ECF 10332, at 9. Emails are not core financial information that are necessary to analyze the Commonwealth's pension liabilities. *See* ECF 14181 (Dein, J.) (denying motion to compel email discovery because communications would be only minimally relevant); ECF 12080 (Dein, J.) (same).

Mr. John J. Hughes, Esq.
September 29, 2020
Page 3

that AAFAF provide the missing documents.[5] Exhibit B to the September 14 Letter identifies the documents Ambac seeks.

The Government Parties are amenable to providing Ambac with copies of the documents identified, subject to any applicable confidentiality restrictions.

Sincerely,

/s/ *Margaret A. Dale*  /s/ *Madhu Pocha*

Margaret A. Dale, Esq.  Madhu Pocha, Esq.

---

[5] Note: not all the documents listed are documents that were produced by or originated from AAFAF.