UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO THE COURT'S APRIL 23, 2021 ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation ("Ambac"), the Financial Oversight and Management Board for Puerto Rico (the "Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"),[2] respectfully submit this Joint Status Report pursuant to the Court's order dated April 23, 2021 (ECF No. 16564).[3]

## I. PROCEDURAL BACKGROUND

1. On October 28, 2019, Ambac filed *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 9022) (the "Assets Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9023) (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions").

2. On November 8, 2019, the Government Parties filed the *Urgent Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets*

---

[2] Ambac and the Government Parties are collectively referred to as the "Parties."

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's March 29, 2021 Order* (ECF No. 16456) (the "April 16 Joint Status Report").

*[ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (ECF No. 9131) (the "Motion to Strike").

3.  On January 23, 2020, the Court (Swain, J.) issued a memorandum order denying the Motion to Strike (ECF No. 10332) (the "Memorandum Order"). The Memorandum Order directed the Parties to meet and confer by February 3, 2020 concerning the scope and mechanics of discovery responsive to the Original Rule 2004 Motions. (*Id.* at 9.)

4.  On November 12, 2020, following the filing of numerous joint status reports discussing the Parties' meet-and-confer efforts, the Court (Dein, M.J.) denied without prejudice the Original Rule 2004 Motions, stating that "[i]n light of the substantial work the [P]arties have done narrowing the issues and resolving the disputes initially presented in the [Original] Rule 2004 Motions[,] . . . and to avoid confusion of the record," Ambac should file "a new Rule 2004 motion limited to the issues in dispute." (*Order* (ECF No. 15093) at 2.)

5.  On November 20, 2020, Ambac filed its New Cash Rule 2004 Motion,[4] which seeks an order directing the Board to produce certain documents related to the Commonwealth's and the Board's publicly available cash restriction analysis. The New Cash Rule 2004 Motion has been fully briefed and remains *sub judice*.

6.  On February 4, 2021, Ambac filed its New Assets Rule 2004 Motion,[5] which requests authorization under Bankruptcy Rule 2004 to seek discovery directly from six

---

[4] "New Cash Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 15220).

[5] "New Assets Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 15802).

"prioritized" Commonwealth entities regarding their assets. The New Assets Rule 2004 Motion has been fully briefed and remains *sub judice*.

7. On April 16, 2021, the Parties filed the April 16 Joint Status Report. On April 23, 2021, the Court ordered the Parties to continue to meet and confer and to file a further joint status report by May 7, 2021. (*Order* (ECF No. 16564).)

## II. THE PARTIES' PROGRESS SINCE THE PREVIOUS UPDATE TO THE COURT

8. Since the filing of the April 16 Joint Status Report, the Parties have continued to exchange correspondence, and are scheduled to meet and confer next week.[6] The status of the Parties' discussions relating to Ambac's assets- and cash-related requests is as follows:

### A. Status of Assets Requests (Directed Principally to AAFAF)

#### 1. *Update Regarding Ambac's Requests.*

9. On May 4, 2021, Ambac propounded requests related to the recently certified FY 2022 CRIM Fiscal Plan,[7] including: (i) a request for two deeds of trust pursuant to which a "General Trust" account was created for the purpose of holding property taxes collected by CRIM; and (ii) requests related to statements made in the FY 2022 CRIM Fiscal Plan regarding CRIM's accounts receivable balance, and information regarding tax arrears and liens. The Parties intend to meet and confer regarding these requests on May 10, 2021, and will provide an update to the Court regarding these requests in the next joint status report.

---

[6] Since the filing of the April 16 Joint Status Report, the parties have exchanged the following correspondence: (i) Ambac's letter to the Government Parties, dated May 4, 2021 (the "May 4 Letter") (attached hereto as Exhibit A).

[7] "FY 2022 CRIM Fiscal Plan" refers to *Fiscal Plan for the Municipal Revenue Collection Center: Improving Property Tax Collections, Fiscal Years 2022 through 2026* (certified Apr. 23, 2021), *available at* https://oversightboardpr.gov/documents/.

- 3 -

### 2. Summary of Requests as to Which the Parties Previously Reached an Impasse.

10. As noted in the joint status reports dated March 4, 2021 (ECF No. 15930), March 26, 2021 (ECF No. 16244), and the April 16 Joint Status Report, the Parties previously reached an impasse with regard to certain of Ambac's requests that are unrelated to the New Assets Rule 2004 Motion, including the following requests relating to CRIM: (i) requests related to statements made in the FY 2021 CRIM Fiscal Plan[8] and information regarding tax arrears and liens; (ii) requests for documents and communications related to a 2017 third-party offer to purchase CRIM's tax arrears portfolio for $400 million; (iii) requests for information and documents concerning CRIM's ongoing effort to value and monetize its tax arrears and liens portfolio in connection with an RFP issued by AAFAF and CRIM, including (without limitation) responses submitted by external parties in response to the RFP; and (iv) requests for documents and communications regarding how the $400 million estimated value of CRIM's accounts receivable portfolio set forth in the FY 2021 CRIM Fiscal Plan was determined. The Parties also remain at an impasse with regard to Ambac's request for documents related to the terms of any leases for the Prioritized Commonwealth Assets, as well as Ambac's request for deposition testimony on the foregoing issues. The Parties' positions with regard to the foregoing requests remain unchanged since the filing of the April 16 Joint Status Report, and Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

---

[8] "FY 2021 CRIM Fiscal Plan" refers to *Fiscal Plan for the Municipal Revenue Collection Center: Improving Property Tax Collections, Fiscal Years 2021 to 2025* (certified June 26, 2020), *available at* https://oversightboard.pr.gov/documents/.

B. **Status of Cash Requests (Directed Principally to the Board)**

1. *Update Regarding Ambac's Requests.*

11. Since the filing of the April 16 Joint Status Report, the Board has produced factual source materials and raw data underlying the March 2021 Disclosure Statement.[9] Ambac's review and analysis of these materials is ongoing.

12. On May 4, 2021, Ambac propounded requests regarding: (i) any efforts by the Board and its advisors to update the portion of the March 2021 Disclosure Statement concerning the Board's cash restriction analysis; and (ii) any transfer of surplus funds from Commonwealth public corporations, agencies, and instrumentalities to the Commonwealth pursuant to Chapter 4 of Act 26-2017. The Parties intend to meet and confer regarding these requests on May 10, 2021, and will provide an update to the Court regarding these requests in the next joint status report.

2. *Summary of Requests as to Which the Parties Previously Reached an Impasse.*

13. As noted in the joint status reports dated February 15, 2021 (ECF No. 15846), March 4, 2021 (ECF No. 15930), March 26, 2021 (ECF No. 16244), and the April 16 Joint Status Report, Ambac and the Board previously reached an impasse regarding Ambac's request that the Board produce notations and/or notes that the Board's advisors had applied to certain factual source materials and raw data underlying the Duff & Phelps Report,[10] the October 2019

---

[9] "March 2021 Disclosure Statement" refers to the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (Corrected)* (ECF No. 15988).

[10] "Duff & Phelps Report" refers to the *IFAT Report on Title III Bank Accounts, on Behalf of the FOMB, as of June 30, 2018* (Mar. 12, 2019).

- 5 -

Presentations,[11] and the December 2020 Presentation.[12] In addition, as noted in the joint status report dated March 26, 2021 (ECF No. 16244) and the April 16 Joint Status Report, the Parties also previously reached an impasse regarding Ambac's requests: (i) that the Board review the documents it has produced to Ambac and identify from those materials documents underlying the Duff & Phelps Report that relate to nine categories of bank accounts previously identified by Ambac that, per the February 2020 Amended Disclosure Statement[13] and/or the December 2020 Presentation, purportedly contain restricted funds; (ii) for documents regarding any previous, ongoing, completed, or contemplated efforts to obtain external financing for the PREPA/LUMA transaction discussed in the December 2020 Presentation and the March 2021 Disclosure Statement; (iii) relating to monies classified as "potentially inaccessible[,]" "potentially unavailable[,]" or "unreviewed" in the December 2020 Presentation; (iv) relating to COVID-19 and disaster-related expenses incurred by the Commonwealth that could potentially be reimbursed using federal funds; and (v) relating to the Commonwealth's $750 million disaster aid revolver. The Parties' positions with regard to the foregoing requests remain unchanged since the filing of the April 16 Joint Status Report, and Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

---

[11] "October 2019 Presentations" refers, collectively, to (i) the "Summary of Cash Restriction Analysis" presentation, dated October 2, 2019, and (ii) the "Bank Account Analysis: Status Update – June 30, 2019 Balances" presentation, also dated October 2, 2019.

[12] "December 2020 Presentation" refers to the Board's December 19, 2020 presentation, which was disclosed publicly as part of a periodic release of "cleansing materials" related to the ongoing mediation efforts. The presentation is available at https://emma.msrb.org/P11450397-P11124337-P11535399.pdf.

[13] "February 2020 Amended Disclosure Statement" refers to the *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 11947).

**II.     PROPOSED NEXT STEPS**

14.     The Parties will meet and confer next week. Ambac proposes to submit a further status report to the Court no later than May 21, 2021. For the reasons set forth in the April 16 Joint Status Report, the Board continues to believe further or additional Rule 2004 discovery with a limited subset of the Commonwealth's creditors is not appropriate, and that further discovery should be conducted in accordance with a plan confirmation schedule and in coordination with all parties-in-interest.

15.     Ambac respectfully submits that, in light of the Parties reaching an impasse on many issues, the Court's forthcoming rulings on the pending New Cash Rule 2004 Motion and New Assets Rule 2004 Motion may inform the Parties' positions on those issues and whether further meet-and-confers could prove productive.

Dated: May 7, 2021
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com
           johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **O'MELVENY & MYERS LLP** |
| By: /s/ *Martin J. Bienenstock*<br>  Martin J. Bienenstock<br>  Margaret A. Dale<br>  Michael T. Mervis<br>  Julia D. Alonzo<br>  Laura Stafford<br>  (Admitted *Pro Hac Vice*)<br>  Eleven Times Square<br>  New York, NY 10036<br>  Tel: (212) 969-3000<br>  Fax: (212) 969-2900 | By: /s/ *Peter Friedman*<br>  John J. Rapisardi<br>  Times Square<br>  New York, NY 10036<br>  Tel: (212) 326-2000<br>  Fax: (212) 326-2061<br>  Email: jrapisardi@omm.com<br><br>  -and-<br><br>  Peter Friedman<br>  1625 Eye Street, NW<br>  Washington, DC 20006<br>  Tel: (202) 383-5300<br>  Fax: (202) 383-5414<br>  Email: pfriedman@omm.com |
| **O'NEILL & BORGES LLC** | |
| By: /s/ *Hermann D. Bauer*<br>  Hermann D. Bauer (USDC No. 215205)<br>  250 Muñoz Rivera Ave., Suite 800<br>  San Juan, PR 00918-1813<br>  Tel: (787) 764-8181<br>  Fax: (787) 753-8944 | -and-<br><br>  Elizabeth L. McKeen<br>  Ashley M. Pavel<br>  610 Newport Center Drive<br>  17th Floor<br>  Newport Beach, California 92660<br>  Tel: (949) 823-6900<br>  Fax: (949) 823-6994<br>  Email: emckeen@omm.com<br>       apavel@omm.com |
| ***Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth*** | |
| | **MARINI PIETRANTONI MUÑIZ LLC** |
| | By: /s/ *Luis C. Marini-Biaggi*<br>  Luis C. Marini-Biaggi<br>  USDC No. 222301<br>  Email: lmarini@mpmlawpr.com<br>  Carolina Velaz-Rivero<br>  USDC No. 300913<br>  250 Ponce de León Ave.<br>  Suite 900<br>  San Juan, Puerto Rico 00918<br>  Tel: (787) 705-2173<br>  Fax: (787) 936-7494<br>  lmarini@mpmlawpr.com<br>  cvelaz@mpmlawpr.com |

- 9 -

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com