# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-00003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-00005-LTS |

**JOINT STATUS REPORT REGARDING DISCOVERY
<u>IN THE REVENUE BOND ADVERSARY PROCEEDINGS</u>**

**To the Honorable United States Magistrate Judge Judith Gail Dein:**

Ambac Assurance Corporation ("Ambac"), Financial Guaranty Insurance Company ("FGIC"), The Bank of New York Mellon ("BNYM"), U.S. Bank Trust National Association ("U.S. Bank", and collectively with Ambac, FGIC, and BNYM, the "Defendants"), and the Financial Oversight and Management Board for Puerto Rico (the "Board"), as Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Government Entities[2] (together, with Plaintiff, the "Government Parties"), respectfully submit this Joint Status Report in response to the Court's Order dated February 5, 2021, concerning discovery in the adversary proceedings (the "Adversary Proceedings") regarding bonds issued by the Puerto Rico Infrastructure Finance Authority ("PRIFA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Puerto Rico Highways and Transportation Authority ("HTA").

## JOINT STATUS REPORT

1.  This Joint Status Report is submitted pursuant to the Court's May 3, 2021 Order, which ordered the Parties to "submit a joint status report by May 10, 2021." (ECF No. 16664). Pursuant to the deadlines set forth in the Court's *Order Modifying Discovery Schedule* (ECF No. 16365), the deadline for the Government Parties to complete their document production was April 26, 2021 and the deadline for the completion of fact discovery is May 19, 2021.

---

[2] "Government Entities" refers to the Commonwealth's agencies and instrumentalities on which Defendants served subpoenas in these Adversary Proceedings, including the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Puerto Rico Government Development Bank, the Puerto Rico Department of Treasury, HTA, PRIFA, CCDA, and the Puerto Rico Tourism Company. The Commonwealth, by and through the Board, as its Title III representative, in these cases is the "Plaintiff." Unless otherwise indicated, all ECF numbers referenced herein refer to the docket in Case No. 17 BK 3283-LTS.

**I.    STATUS OF THIRD-PARTY DISCOVERY**

2.     At this time, Defendants state that they have received responsive documents from many of the twenty-three subpoenaed third parties. Substantially all of the outstanding subpoenas and corresponding document productions are on track to be complete by May 19, 2021. There are a few instances where Defendants are waiting for further productions or final confirmation on the scope of production.

**II.   THE PARTIES' PROGRESS SINCE THE APRIL 29 JOINT STATUS REPORT**

3.     Since the April 29 Joint Status Report,[3] the Parties have continued to exchange correspondence and met-and-conferred telephonically on May 7, 2021 (the "May 7 Meet-and-Confer").

**A.    Depositions**

4.     On March 23, 2021, Defendants served notices of their intention to take certain Rule 30(b)(6) depositions of the Government Parties. The Government Parties served objections on April 5, 2021.

5.     Defendants noted in the Parties' April 16 Joint Status Report,[4] and again in the April 29 Joint Status Report, that Defendants planned to send the Government Parties a list of percipient witnesses after the Government Parties concluded the meet-and-confer process with Defendants concerning custodians, as required by the Court's Motion to Compel Order.[5]

---

[3] "April 29 Joint Status Report" refers to *Joint Status Report Regarding Discovery in the Revenue Bond Adversary Proceedings* (ECF No. 16631).

[4] "April 16 Joint Status Report" refers to *Joint Status Report Regarding Discovery in the Revenue Bond Adversary Proceedings* (ECF No. 16460).

[5] "Motion to Compel Order" refers to the Court's *Order on Defendants' Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings* (the "Motion to Compel Order," ECF No. 16236).

6. Mindful of concerns of timing, Defendants provided the Government Parties with a tentative list of up to nineteen potential deponents on April 30, 2021, subject to Defendants' objection that they still had not received a response from the Government Parties on Defendants' list of more than 50 individuals who might have relevant documents. Defendants noted that both of these lists were intended to facilitate a productive meet-and-confer, not to suggest that every person listed would be a document custodian or deponent. Defendants noted when serving the list of potential deponents that, once they received additional information from the Government Parties, Defendants expected to be able to "meaningfully" narrow the list of potential deponents. On May 5, 2021, the Government Parties responded to Defendants' April 14 and April 19 letters, including by providing custodian-specific information.

7. Additionally, on May 5, 2021, Defendants transmitted to the Government Parties notices for nine proposed percipient witness depositions, and notices of 30(b)(6) depositions of three auditing firms: KPMG, BDO, and RSM. At the Government Parties' request, Defendants have held off on serving subpoenas on the nine individuals. The Government Parties do not object to Defendants' 30(b)(6) subpoenas to the auditing firms.

8. The Parties discussed depositions at the May 7 Meet-and-Confer. The Government Parties advised that they would make two representatives of the Government Parties available to testify on May 19-20, 2021 (with the second representative's deposition continuing to May 21, 2021, if necessary).

9. With respect to individual depositions, the Government Parties informed Defendants that they dispute whether depositions of fact witnesses (other than Rule 30(b)(6) depositions) are necessary. The Government Parties asked Defendants to defer resolution of that dispute until after the Government's Rule 30(b)(6) depositions are completed. The Government

Parties noted that AAFAF would move on an emergency basis to quash the subpoenas and seek a protective order, if Defendants were to try to schedule any depositions with individual fact witnesses. To avoid unnecessary motion practice, Defendants agreed not to serve any individual witnesses with subpoenas until after the completion of the Government Parties' Rule 30(b)(6) depositions, but noted that Defendants' position remains that depositions of an appropriate set of fact witnesses should move forward promptly and without the need to first complete the Rule 30(b)(6) depositions.

10. The Government Parties' position is that, at this juncture, it appears that individual depositions would be cumulative of the 30(b)(6) depositions. To facilitate a productive meet-and-confer, the Government has requested Defendants to provide information regarding the subjects of the testimony, if any, they expect to elicit from individual witnesses that would not be cumulative of 30(b)(6) topics. Defendants have not provided that information, because Defendants contend nothing in the rules or Court orders limit depositions of fact witnesses solely to questions that could not possibly have been asked at a Rule 30(b)(6) deposition, particularly where, as here, both of the corporate representatives are outside consultants who had no personal exposure to the relevant events at the time. As the Court observed at the last discovery conference: "THE COURT: Well, I think a 30(b)(6) certainly has its role, but it is certainly a step removed from somebody who has the personal knowledge of having done it." (Mar. 17, 2021 Tr. 33:8-10.).

11. The Parties agreed that, once the Government Parties' Rule 30(b)(6) depositions are completed, the Parties will meet-and-confer by May 24, 2021. In the event that the meet-and-confer does not resolve the Parties' dispute over the need for additional depositions, the Government Parties will file a motion for a protective order, not to exceed 15 pages, on May 27,

- 4 -

2021.  Defendants will file an opposition brief, not to exceed 15 pages, on June 1, 2021.  The Government Parties will file a reply brief on June 4, 2021.

12. The Government Parties have agreed that they will not contend that fact witness depositions are untimely merely because Defendants agreed to the Government Parties' proposal to defer presenting this dispute to the Court until May 27, but have reserved all rights with respect to whether Defendants' waiting to give notice of intended subpoenas until May 5 was untimely or an unreasonable delay and that discovery should be deemed concluded.[6]  Defendants have noted that, while they are prepared to move forward now with all the depositions they believe are necessary, they are agreeing to the Government's proposal to defer the dispute over depositions merely to avoid unnecessary motion practice.  Defendants continue to believe that Rule 30(b)(6) testimony cannot obviate the need for fact witness depositions.  To the extent that the Government Parties reprise their argument (considered and rejected by Judge Swain) that all of these issues can be decided as a pure matter of law, Defendants believe the Rule 56(d) Order held otherwise.

13. The Government Parties believe deposition requests are inappropriate, unnecessary, and contrary to the 56(d) Order allowing only limited and targeted discovery, particularly in light of the undisputed facts that the deal documents and statutes provided the Commonwealth would have no liability for the debt at issue, and therefore contain no grants of security, trust or other property interests to secure debt the statutes provided did not exist.

---

[6] Defendants note that they told the Government (and indicated in two prior status reports) that Defendants planned to serve deposition notices as soon as the parties completed the meet-and-confer process on custodians, as required by the Court's Motion to Compel Order.  The Government Parties did not object to this proposal when Defendants first articulated it in the April 16 status report.  Although the meet-and-confer process on custodians still is not complete, Defendants elected to move forward with serving depositions notices on May 5, 2021, to ensure discovery remains on track.

    **B.**    **The Government Parties' Compliance with the Court's Motion to Compel Order**

14.    The Court entered the Motion to Compel Order on March 26, 2021. The status of the Government Parties' compliance therewith is discussed below.

15.    **Scope of Government Entities' Searches:**  The Court ordered the Government Parties to "provide to Defendants more detailed information regarding the searches it is undertaking" and to "consider in good faith requests from Defendants to conduct additional searches." (Motion to Compel Order at 4.) On April 6, 2021, the Government Entities provided Defendants with information concerning the searches undertaken by the Government Entities to locate responsive documents. On April 14, 2021, Defendants sent the Government Parties a letter suggesting potential additional document custodians and search terms. On April 19, 2021, following a meet-and-confer, Defendants sent the Government Parties a narrowed list of proposed search terms.

16.    On April 26, 2021, the Government Parties made an additional document production and stated that their document production efforts were now complete. In Defendants' view, the Parties had not completed the meet-and-confer process, or otherwise reached agreement, on the matters set forth in the preceding paragraph.

17.    On May 5, 2021, the Government Parties sent Defendants a 39-page letter, which provided detailed information explaining why the additional searches Defendants requested would be cumulative of search efforts the Government Entities had already taken, or were unlikely to result in the production of additional materials that are within the scope of the Rule 56(d) Order. The Government Entities therefore did not agree to search the files of any additional requested custodians or to check any of Defendants' search terms to provide a "hit" count. The Government Parties represented that they are willing to meet-and-confer to discuss more targeted searches.

18. Defendants responded to the Government Parties' letter earlier today, and Defendants do not agree that the Government Entities document production can be deemed complete until the Parties have completed the meet-and-confer process that the Court ordered. Defendants' position is that the meet-and-confer process is not complete, as even the Government's May 5 letter stated the Government is willing to "meet and confer with Defendants regarding" various disputes—an acknowledgement that the meet-and-confer process is not complete on these issues. The Government Parties contend their production is complete, and that Defendants cannot continue to delay these proceedings through inefficient meet and confer.

19. **Audit Workpapers**: The Court ordered the Government Parties to produce documents from audit files or work papers, including any communications therein, concerning certain disclosures in the Commonwealth's, PRIFA's, and HTA's audited financial statements. (Motion to Compel Order at 5-10.) On April 28, 2021, two days after the deadline for completing document discovery, KPMG, at the request of the Government Parties, produced to Defendants documents responsive to the Court's Order.

20. Defendants have identified gaps in the production and expect to raise those with the Government Parties and KPMG shortly. The Government Parties disagree with Defendants' characterization of KPMG's production. The Government Parties also contend that given Defendants have had the production for nearly two weeks, Defendants' failure to promptly meet-and-confer cannot justify delaying these proceedings. Defendants note that several of the gaps potentially could have been addressed by the Government Parties' response to Defendants' outstanding inquiries; Defendants ultimately received the Government Parties' response on May 5 and responded today.

21. **PRIFAS:** The Court ordered the Government Parties to "provide information about other reports and data that can be generated using PRIFAS," as well as to "consider in good faith requests from Defendants to query PRIFAS for additional available report or using different or additional search parameters." (Motion to Compel Order at 10.)

22. On April 15, 2021, the Government Parties asked Defendants to identify specific questions and inquiries regarding the PRIFAS data beyond what the Government Parties had already produced. On April 19, 2021, Defendants outlined specific inquiries and requests regarding the PRIFAS data and asked certain follow-up requests.

23. On May 5, 2021, the Government Parties informed Defendants that many of the items they requested were already contained within what the Government Parties already produced, and other items were beyond the scope of the Rule 56(d) Order. Defendants disagree with the Government Parties' position and note that, among other things, the Government Parties' production is missing balancing entries and sufficient information to recreate the journal entries relevant to the rum tax remittances and excise taxes at issue in the PRIFA and HTA cases, respectively. The Government Parties' position is that the Government Entities and their auditors have provided documents that are more than sufficient to satisfy their obligations under the Rule 56(d) Order. *See* Rule 56(d) Order at 8, 11 (allowing discovery "relating to the accounting treatment of Rum Tax Remittances in general" and "records reflecting the flow of funds into and out of Fund 278").

24. **The Government Parties' Agreed Production**: Disputes regarding the scope of the Government Parties' agreed-upon production have been presented in *Defendants' Motion to Compel Document Discovery from the Government in the Revenue Bond Adversary Proceedings*

(ECF No. 15914) and *Defendants' Motion to Compel Production of Withheld Documents in the Revenue Bond Adversary Proceedings* (ECF No. 16632).

25. **CCDA Production.** In response to Defendants' requests in their April 28, 2021 letter for bank account statements that post-dated the Government Parties' collection and information regarding certain transfers they had identified for the first time, the Government Entities produced eight additional documents concerning CCDA on May 5, 2021, or nine days after the deadline for the Government to have completed its document production (but only seven days after the requests were received).

### III. PROPOSED NEXT STEPS

26. The Parties will continue to meet-and-confer over the outstanding document discovery issues and file a joint status report advising the Court of the status of the Parties' discussions on May 25, 2021.

Dated: May 10, 2021
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
Dennis F. Dunne (admitted *pro hac vice*)
Atara Miller (admitted *pro hac vice*)
Grant R. Mainland (admitted *pro hac vice*)
John J. Hughes, III (admitted *pro hac vice*)
Jonathan Ohring (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com
johring@milbank.com

***Attorneys for Ambac Assurance Corporation***

**REXACH & PICÓ, CSP**

By: /s/ *María E. Picó*
María E. Picó
(USDC-PR No. 123214)
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By: /s/ *Martin A. Sosland*
Martin A. Sosland (admitted *pro hac vice*)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
Email: martin.sosland@butlersnow.com

James E. Bailey III (admitted *pro hac vice*)
Adam M. Langley (admitted *pro hac vice*)
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
Email: jeb.bailey@butlersnow.com
adam.langley@butlersnow.com

***Attorneys for Financial Guaranty Insurance Company***

Case:17-03283-LTS Doc#:16724 Filed:05/10/21 Entered:05/10/21 23:47:46 Desc: Main
Document Page 13 of 16

- 11 -

**RIVERA, TULLA AND FERRER, LLC**

By: /s/ *Eric A. Tulla*
    Eric A. Tulla
    (USDC-DPR No. 118313)
    Email: etulla@ riveratulla.com
    Iris J. Cabrera-Gómez
    (USDC-DPR No. 221101)
    Email: icabrera@ riveratulla.com
    Rivera Tulla & Ferrer Building
    50 Quisqueya Street
    San Juan, PR 00917-1212
    Telephone: (787) 753-0438
    Facsimile: (787) 767-5784

**HOGAN LOVELLS US LLP**

By: /s/ *Ronald Silverman*
    Ronald Silverman, Esq.
    Michael C. Hefter, Esq.
    390 Madison Avenue
    New York, NY 10017
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100
    ronald.silverman@hoganlovells.com
    michael.hefter@hoganlovells.com

***Attorneys for U.S. Bank Trust National Association, in its Capacity as Trustee to PRIFA Bondholders***

**SEPULVADO, MALDONADO & COURET**

By: /s/ *Albéniz Couret Fuentes*
    Albéniz Couret Fuentes
    (USDC-PR No. 222207)
    304 Ponce de León Ave. Suite 990
    San Juan, PR 00918
    Telephone: (787) 765-5656
    Facsimile: (787) 294-0073
    Email: acouret@smclawpr.com

**REED SMITH LLP**

By: /s/ *Jared S. Roach*
    Luke A. Sizemore (admitted *pro hac vice)*
    Jared S. Roach (admitted *pro hac vice*)
    225 Fifth Avenue, Suite 1200
    Pittsburgh, PA 15222
    Telephone: (412) 288-3131
    Facsimile: (412) 288-3063
    Email: lsizemore@reedsmith.com
          jroach@reedsmith.com

***Attorneys for The Bank of New York Mellon, in its Capacity as Trustee to CCDA Bondholders***

| | |
|---|---|
| **O'NEILL & BORGES LLC** | **O'MELVENY & MYERS LLP** |
| /s/ *Hermann D. Bauer* | /s/ *Peter Friedman* |
| Hermann D. Bauer | John J. Rapisardi |
| USDC No. 15205 | (Admitted *Pro Hac Vice*) |
| 250 Muñoz Rivera Ave., Suite 800 | 7 Times Square |
| San Juan, PR 00918-1813 | New York, NY 10036 |
| Tel: (787) 764-8181 | Tel: (212) 326-2000 |
| Fax: (787) 753-8944 | Fax: (212) 326-2061 |
| Email: hermann.bauer@oneillborges.com | Email: jrapisardi@omm.com |
| | |
| **PROSKAUER ROSE LLP** | Peter Friedman |
| | (Admitted *Pro Hac Vice*) |
| /s/ *Michael A. Firestein* | 1625 Eye Street, NW |
| Martin J. Bienenstock | Washington, DC 20006 |
| Jeffrey Levitan | Tel: (202) 383-5300 |
| Ehud Barak | Fax: (202) 383-5414 |
| (Admitted *Pro Hac Vice*) | Email: pfriedman@omm.com |
| | |
| Eleven Times Square | Elizabeth L. McKeen |
| New York, NY 10036 | Ashley M. Pavel |
| Tel: (212) 969-3000 | (Admitted *Pro Hac Vice*) |
| Fax: (212) 969-2900 | 610 Newport Center Drive, 17th Floor |
| Email: mbienenstock@proskauer.com | Newport Beach, CA 92660 |
| jlevitan@proskauer.com | Tel: (949) 823-6900 |
| ebarak@proskauer.com | Fax: (949) 823-6994 |
| | Email: emckeen@omm.com |
| Michael A. Firestein | apavel@omm.com |
| Lary Alan Rappaport | |
| (Admitted *Pro Hac Vice*) | **MARINI PIETRANTONI MUÑIZ LLC** |
| 2029 Century Park East | |
| Suite 2400 | /s/ *Luis C. Marini-Biaggi* |
| Los Angeles, CA 90067-3010 | Luis C. Marini-Biaggi |
| Tel: (310) 557-2900 | USDC No. 222301 |
| Fax: (310) 557-2193 | Email: lmarini@mpmlawpr.com |
| Email: mfirestein@proskauer.com | Carolina Velaz-Rivero |
| lrappaport@proskauer.com | USDC No. 300913 |
| | Email: cvelaz@mpmlawpr.com |
| | 250 Ponce de León Ave. |
| ***Attorneys for the Financial*** | Suite 900 |
| ***Oversight and Management Board,*** | San Juan, Puerto Rico 00918 |
| ***as Representative of the Commonwealth*** | Tel: (787) 705-2173 |
| | Fax: (787) 936-7494 |
| | |
| | ***Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, as representative of the Government Entities pursuant to Act 2-2017*** |

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com