UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico;<br><br>   as a representative of,<br><br>The Commonwealth of Puerto Rico,<br><br>   Debtor. | PROMESA Title III<br><br>Civil Action No. 17 BK 3283-LTS |

## DECLARATION OF GLENN BOWEN

I, Glenn Bowen, under 28 U.S.C. § 1746, declare the following:

1. I have personal knowledge of the information set forth herein. I am, and have been since 2008, the lead actuary for Milliman, Inc. ("Milliman") in connection with the Commonwealth. I have been an actuary for 25 years, focusing on public pension and other post-employment benefits (OPEB) plans for the last 20 years. I am a Fellow of the Society of Actuaries, an Enrolled Actuary under ERISA, and a member of the American Academy of Actuaries.

2. In my capacity as lead actuary for the Employees, Judiciary, and Teachers Retirement Systems, I manage the overall process of generating the annual valuation reports. I am the point of contact with the client and manage the client relationship. I also manage the Milliman team and determine the procedures to be used.

3. I manage other Milliman employees working for this client, and our team understands that I am to be copied on any and all communications with the client. I am not aware of any instances where that practice has not been followed here. To the best of my knowledge, I have been on all communications with the client.

4. I have reviewed various requests for information from Ambac over the last six months, including the subpoena, as well as the six groups of documents in Ambac's February 25, 2021 e-mail and March 18, 2021 letter.

5. I am familiar with the files Milliman maintains relative to this client because it is my client and I am involved in creating and maintaining those files. I have reviewed those files on multiple occasions here, in response to requests from Ambac.

   a. Milliman no longer has a copy of the 2009 and 2012 experience study reports referenced in its 2016 and 2017 valuation reports or anything else to produce in response to romanettes (i)-(ii) in Ambac's February 25, 2021 e-mail or March 18, 2021 letter. Milliman no longer maintains any documents from 2012 and earlier, except for copies of the annual valuation reports (which would <u>not</u> include experience study reports). The

-1-

7315562.1

2009 experience studies relate to a number of assumptions; the 2012 experience studies relate only to mortality assumptions. In any event, the assumptions, whether set in 2009 or 2012, are set forth each year in the annual valuation reports and have remained the same since those experience studies were performed, unless otherwise indicated in Milliman's valuation reports.

b. Milliman does not conduct death audits for the Commonwealth and, accordingly, has nothing to produce in response to item (iii) in Ambac's February 25, 2021 e-mail and March 18, 2021 letter. While Milliman may perform death audits for other clients where Milliman is administering benefits, Milliman is not administering benefits here. In any event, Milliman has not performed any death audits here.

c. Milliman used ProVal for the 2016-2017 valuation reports, with the exception of the 2016 valuation of the Employees Retirement System, which was conducted in Milliman's legacy valuation system, Val2000.

d. Milliman does not maintain copies of input screens for valuation software showing plan provisions valued or assumptions used. Input screens would not be needed by another actuary, or even an auditor, but would be burdensome (if even possible) for Milliman to create because there is not a simple set of input screens that displays all plan provisions and all assumptions used for all groups. Rather, ProVal and Val2000 are made up of a series of many input screens that are accessed in a click through fashion when operating the system.

6.      To understand and even replicate Milliman's valuation results, another actuary wouldn't need any of the documents sought by Ambac's motion or subpoena. All that actuary would need is the edited census data and Milliman's valuation report, which identifies the plan provisions, actuarial assumptions and actuarial methods used in the valuation.

7.      The assumptions related to editing the census data that Ambac has asked about are not like the actuarial assumptions that are developed by studying demographic behavior (like, for instance, an assumption about expected future rates of retirement) but a means of filling gaps or correcting issues in the census data that Milliman receives from the client. An example of such a gap filling assumption would be the use of the average age at hire for similarly situated members. I would not expect such data adjustments to have more than a *de minimus* impact on the analysis performed by Milliman.

8.      Ambac is asking for more than what someone auditing or replicating Milliman's work product would require, which would be only the deliverables (valuation reports) and edited census data used in them.

9.      Even if Milliman could provide them, the documents Ambac seeks in its motion and letter would not help Ambac understand the analysis any further beyond what is already included in Milliman's valuation reports.

7315562.1

5/11/21
_____
**Date**

*[signature]*
_____
**Glenn Bowen**

-3-

7315562.1