# EXHIBIT A

July 8, 2019

**By E-Mail**

| | |
|---|---|
| Dennis F. Dunne, Esq. | Roberto Cámara-Fuertes, Esq. |
| Andrew M. Leblanc, Esq. | Sonia Colón, Esq. |
| Atara Miller, Esq. | Ferraiuoli LLC |
| Grant R. Mainland, Esq. | 221 Ponce de León Avenue, 5th Floor |
| Milbank, Tweed, Hadley & McCloy LLP | San Juan, PR 00917 |
| 55 Hudson Yards | |
| New York, NY 10001 | |

**Re:** ***Ambac Assurance Corporation's Motion to Compel and Pension Motion, ECF Nos. 7505, 7507***

Counsel:

Respondents[1] are in receipt of your letter dated July 3, 2019 ("July 3 Letter"), responding to our June 21, 2019 and June 24, 2019 correspondence regarding Ambac's Motion to Compel and Pension Motion (together, the "Motions"). For the reasons discussed below, Ambac's motions are improper, and we again request that Ambac meaningfully confer with Respondents before asking the Court to intervene.

**I.      Ambac's Failure to Meet and Confer**

Respondents do not agree that Ambac has satisfied Judge Dein's pre-motion meet and confer requirements, and will state as much in their forthcoming opposition to Ambac's motions.

Ambac's communications in response to our letters dated June 21, 2019 and June 24, 2019 evidence a failure to assess the documents Respondents have already provided, or to meaningfully meet and confer. On June 24, 2019, Ambac requested that Respondents re-produce the bates-stamped materials referred to in their June 21, 2019 Letter, which suggests that Ambac has not been consistently downloading and reviewing our productions. With respect to the Pension Motion, on June 26, 2019, Atara Miller called Peter Friedman requesting that Respondents prioritize production of documents related to the investigation or audit of benefit payments. In the four intervening business days between Ms. Miller's telephone call and your July 3 Letter, we have worked diligently to locate and review what documents exist (a process that remains ongoing). Then, at 4:30 p.m. on July 3, 2019, Ambac sent a letter that was inconsistent with Ms. Miller's conversation with Mr. Friedman. By sending its letter at roughly close of business on the eve of a holiday weekend, and only one business day before Respondents' opposition to the Motions is

---

[1]   Capitalized terms not defined herein have the same meaning as in Respondents' June 21 and June 24, 2019 correspondence to Ambac.

1

due, Ambac has limited our opportunity to work cooperatively with you to resolve any issues in advance of the deadline to oppose the Motions.

Respondents again request that Ambac withdraw the Motions and engage in a meaningful meet and confer on these issues, as Judge Dein's standing order requires.

## II. Ambac's Motion to Compel

Your July 3 Letter acknowledges that Respondents have produced "the pension models, the Milliman analyses, and the fiscal plan models for the October 23, 2018 Commonwealth Fiscal Plan." July 3 Letter at 2. Nevertheless, Ambac asserts this production is not sufficient because Ambac would like "the underlying assumptions used as the basis for these figures [in the Milliman reports]" and "the underlying data . . . . that feeds into the information provided to Milliman by the Commonwealth or other parties." *Id.*

Respondents have produced the responsive information in their possession, custody, and control. The assumptions underlying Milliman's work have been disclosed in its reports, which have been produced to Ambac.[2] Accordingly, it is not clear what additional materials Ambac is seeking. To the extent Ambac is requesting Milliman's internal working papers, Milliman does not provide those documents to Respondents. Nor are such work papers necessary to evaluate Milliman's work. An outside actuary can evaluate Milliman's work by applying the assumptions and other information disclosed in Milliman's reports to the underlying census data.

With respect to the underlying data, Ambac's July 3 Letter also acknowledges that Ambac has received the 2015 census data on which Milliman relied. *See* July 3 Letter at 2. Respondents are also willing to produce ERS's 2016 and 2017 census data.

For these reasons, we request that Ambac withdraw the Motion to Compel.

## III. Ambac's Pension Motion

Respondents disagree with Ambac's contention that additional Rule 2004 discovery is appropriate because it "has failed to receive the types of documents that would allow for a thorough and comprehensive analysis" and that the documents that Ambac has received from Respondents "present just a snippet of the information sought, not the whole picture." July 3 Letter at 3. Respondents have produced voluminous data, actuarial analyses, and pension modeling, among other documents. Ambac asserts that "certain of the data provided to date were produced without identifying information or any indication of which documents are responsive to which requests." July 3 Letter at 3. However, the documents were produced as they are kept in the usual course of business, consistent with the Federal Rules. Federal Rules of Civil Procedure, Rule 34(b)(2)(E).

Nonetheless, we enclose a Pension Production Index that indexes certain documents produced in response to the requests Eric Weiss sent us on May 22, 2018. *See* Pension Motion,

---

[2] *See, e.g.*, CW_RJM_0018248, at 0018306 ("Summary of Actuarial Assumptions").

2

Exhibit A. This index is being provided as a courtesy to facilitate Ambac's review of the data produced in response to those requests.

Ambac's refusal to engage in any discussions regarding its "new set of much broader requests," July 3 Letter at 3, is disappointing and inconsistent with its obligation to meet and confer. Respondents remain open to working cooperatively with Ambac and request that it reconsider its position.

Sincerely,

/s/ *Margaret Dale*  /s/ *Elizabeth L. McKeen*

Margaret Dale  Elizabeth L. McKeen