# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtor.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>   Debtor. | PROMESA Title III<br><br>Case No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, *et al.*, <br><br> Defendants. | Adv. Proc. No. 20-00003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, *et al.*, <br><br> Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, <br><br> Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, *et al.*, <br><br> Defendants. | Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, <br><br>       Plaintiff, <br><br> v. <br><br> AMBAC ASSURANCE CORPORATION, et al., <br><br>       Defendants. | Adv. Proc. No. 20-00007-LTS |
| ASSURED GUARANTY CORP.; ASSURED GUARANTY MUNICIPAL CORP.; and FINANCIAL GUARANTY INSURANCE COMPANY, <br><br>       Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; HON. RICARDO ANTONIO ROSSELLÓ NEVARES; GERARDO PORTELA FRANCO; and HON. RAÚL MALDONADO GAUTIER, <br><br>       Defendants. | Adv. Proc. No. 18-00059-LTS |

**URGENT JOINT MOTION TO STAY CERTAIN CONTESTED MATTERS
AND ADVERSARY PROCEEDINGS RELATED TO BONDS ISSUED BY THE
PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),
THE PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY ("CCDA"),
AND THE PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY ("PRIFA")**

To the Honorable United States District Court Judge Laura Taylor Swain:

   Assured Guaranty Corp. ("**AGC**"), Assured Guaranty Municipal Corp. ("**AGM**"

and together with AGC, "**Assured**"), National Public Finance Guarantee Corporation ("**National**",

-3-

and along with Assured, each an "**Initial PSA Creditor**"), and the Financial Oversight and Management Board for Puerto Rico ("**Oversight Board**") on behalf of itself and as sole Title III representative for the Commonwealth of Puerto Rico and HTA (collectively, the "**Parties**") respectfully submit this urgent joint motion to stay or continue stays of certain actions and motions pending in the above-captioned proceedings with respect to Assured and National.

## BACKGROUND

1. At least one or more Initial PSA Creditors is a party to each of the following matters concerning bonds issued by HTA ("**HTA Bonds**"), CCDA ("**CCDA Bonds**"), and PRIFA ("**PRIFA Bonds**") filed with the Title III Court (collectively, the "**Matters**"):

    a. <u>Clawback Actions</u>. On January 16, 2020, the Oversight Board initiated the following four adversary proceedings seeking to disallow claims by holders of HTA Bonds, CCDA Bonds, and PRIFA Bonds: (i) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00005-LTS regarding HTA Bonds; (ii) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00004-LTS regarding CCDA Bonds; (iii) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00003-LTS regarding PRIFA Bonds; and (iv) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00007-LTS (the "**HTA Adversary**") regarding HTA Bonds, which are currently pending in the Title III Court (collectively, the "**Clawback Actions**"). The Clawback Actions are currently stayed in part pursuant to the Court's March 10, 2020 *Final Case Management Order For Revenue Bonds*, [Dkt. No. 12186].

b. <u>Lift Stay Motions</u>. At least one or more Initial PSA Creditors is a party to each of the following motions seeking to lift the automatic stays arising under sections 362 and 922 of the Bankruptcy Code (to the extent applicable) with respect to HTA, CCDA, and PRIFA Bonds: (i) *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., and National Public Finance Guarantee Corporation for Adequate Protection or, in the Alternative, for Relief from the Automatic Stay*, filed in the Commonwealth Title III Proceeding[2] [Dkt. No. 8536] and in the HTA Title III Proceeding [Dkt. No. 633] regarding HTA Bonds; (ii) *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection,* filed in the Commonwealth Title III Proceeding [Dkt. No. 10102] and in the HTA Title III Proceeding[3] [Dkt. No. 673] regarding HTA Bonds; (iii) *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds*, filed in the Commonwealth Title III Proceeding [Dkt. No. 10104] regarding CCDA Bonds; (iv) *Limited Joinder of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. with Respect to Ambac Assurance Corporation's Motion and Memorandum of Law in Support of*

---

[2] ECF numbers listed in connection with the Commonwealth Title III Proceeding refer to the docket in Case Number 17-3283-LTS.

[3] ECF numbers in connection with the HTA Title III Proceeding refer to the docket in case Number 17-3567-LTS.

*its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*, filed in the Commonwealth Title III Proceeding [Dkt. No. 8024] regarding PRIFA Bonds; and (v) *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds*, filed in the Commonwealth Title III Proceeding [Dkt. No. 10602] regarding PRIFA Bonds.

c. Section 926 Motion. On July 17, 2020, Assured, National and other HTA bondholders filed a motion seeking the appointment of a trustee for HTA in accordance with 11 U.S.C. § 926, the *Urgent Motion for Bridge Order, and Motion for Appointment as Trustee Under 11 U.S.C. §926 of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation*, filed in the HTA Title III Proceeding [Dkt. No. 871] and the Commonwealth Title III Proceeding [Dkt. No. 13708] (the "**Section 926 Motion**"). A related appeal, *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.*, Case No. 20-1847 is currently pending before the United States Court of Appeals for the First Circuit.

d. Fiscal Plan Adversary. On May 23, 2018, Assured and Financial Guaranty Insurance Company ("**FGIC**") filed an adversary complaint seeking, among other things, declaratory judgment that the Oversight Board's April 19, 2018 Certified Fiscal Plan for the Commonwealth of Puerto Rico violated the U.S. Constitution,

PROMESA, and the federal Bankruptcy Code, *Assured Guaranty Corp., et al. v. The Commonwealth of Puerto Rico, et al.*, Adv. Pro. No. 18-00059-LTS (the "**Fiscal Plan Adversary**"). The Fiscal Plan Adversary is currently stayed in its entirety pursuant to the Court's March 10, 2020 *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [Dkt. No. 12189].

e. Rule 2004 Joinders. In the Commonwealth Title III case, Assured and/or National filed several joinders to motions relating to Rule 2004 discovery issues: (i) on June 24, 2019, Assured filed a Joinder to Ambac Assurance Corporation's Requests for Rule 2004 Discovery [Dkt. No. 7588]; (ii) on January 31, 2020, Assured and National filed a Joinder to Ambac Assurance Corporation's Motions for Orders Directing Cash and Assets Rule 2004 Discovery [Dkt. No. 10593]; (iii) on November 23, 2020, Assured filed a Joinder to Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery [Dkt. No. 15225]; (iv) on November 24, 2020, National filed a Joinder to Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery [Dkt. No. 15268]; (v) on December 8, 2020, Assured and National filed a Joinder to Ambac Assurance Corporation's Urgent Motion Concerning Pension Liability Rule 2004 Discovery [Dkt. No. 15381]; and (vi) on February 18, 2021, Assured and National filed a Joinder to Ambac Assurance Corporation's Motion Authorizing Rule 2004 Discovery Concerning Commonwealth Assets [Dkt. No. 15859].

2. On February 22, 2021, Assured and National entered a Plan Support Agreement by and among the Oversight Board, as representative of the Commonwealth of Puerto Rico, the Puerto

Rico Public Buildings Authority, and the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, certain GO Bondholders and PBA Bondholders, Syncora Guarantee Inc., Assured, and National (the "**GO PSA**").

3. As a result of mediation, on May 5, 2021, the Oversight Board, on behalf of the Commonwealth and HTA, and Assured and National entered into the *HTA/CCDA Related Plan Support Agreement* (the "**HTA/CCDA PSA**") regarding the treatment of the CCDA Bonds and HTA Bonds in a third amended plan of adjustment to be filed by the Oversight Board in accordance with the terms and provisions of the HTA/CCDA PSA (the "**Third Amended Plan**") and a plan of adjustment to be filed by the Oversight Board in the HTA Title III case in accordance with the terms and provisions of the HTA/CCDA PSA (the "**HTA Plan**"). The HTA/CCDA PSA embodies an agreement to settle disputes related to: (a) certain HTA Bonds and CCDA Bonds and (b) related claims asserted and relief sought in the Matters. As a result of the HTA/CCDA PSA, the Parties thereto have agreed that the Matters should be stayed with respect to Assured and National pending confirmation of the Third Amended Plan and the HTA Plan.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this matter under PROMESA section 306(a), 48 U.S.C. § 2166(a), and venue is proper under PROMESA section 307(a), 48 U.S.C. § 2167(a).

## RELIEF REQUESTED

5. The Parties request that the Court stay and/or continue any existing stay of the Matters with respect to Assured and National (or their respective fiscal agents, trustees or paying agents, but only to the extent such parties are acting on behalf of Assured and National for HTA Bonds or CCDA Bonds insured or held by Assured or National), with all Parties preserving their

rights, claims, arguments and defenses as they currently exist in the Matters to the extent the underlying claims are not resolved by the confirmation of a plan of adjustment or other order.

6. The Parties further request that, in the event the Third Amended Plan, including any amendment, modification or supplement thereto (collectively, the "Plan"), is not confirmed and made effective, or if an HTA Plan is not confirmed and made effective, or if a plan is confirmed that breaches adversely to National and Assured the economic provisions of the GO PSA or the HTA/CCDA PSA, or if the GO PSA is terminated before the Plan is confirmed and made effective, or if the HTA/CCDA PSA is terminated prior to confirmation of the HTA Plan, then the Parties (or any of them) may seek relief from the stay requested herein by motion to the Court. Further, if an HTA Plan is confirmed but does not render moot one or more claims in the HTA Adversary, then the Parties (or any of them) may request that the Court grant relief from the stay on such claims with each party having the opportunity to argue the mootness issue and the propriety of stay relief.

7. The requested stays should be granted. To the extent the Third Amended Plan and HTA Plan are confirmed, the Oversight Board, National and Assured will have resolved the matters sought to be stayed herein. As a matter of judicial economy and Party resources, the Parties should not be required to move forward and actively litigate matters contemplated to be resolved under the HTA/CCDA PSA. No prejudice to non-movants exists, as the requested stays apply only to matters among the Parties.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 9013-1 AND THE FOURTEENTH AMENDED CASE MANAGEMENT PROCEDURES

Pursuant to Local Rule 9013-1 and I.H of the Fourteenth Amended Case Management Order, the undersigned hereby certify that counsel has carefully examined the matter and concluded there is a true need for expedited consideration of the Motion and the Parties have

not created the urgency through lack of due diligence on their part. The undersigned further certify the Parties made a bona fide, reasonable, and good faith effort to resolve the issues addressed in this Motion prior to filing. The Parties jointly seek the relief requested herein.

[*Remainder of Page Intentionally Blank*]

Dated: May 11, 2021
New York, New York

**CASELLAS ALCOVER & BURGOS P.S.C.**

*/s/ Heriberto Burgos Pérez*
Heriberto Burgos Pérez
USDC-PR No. 204,809
Ricardo F. Casellas-Sánchez
USDC-PR No. 203,114
Diana Pérez-Seda
USDC-PR No. 232,014
E-mail: hburgos@cabprlaw.com
rcasellas@cabprlaw.com
dperez@cabprlaw.com

P.O. Box 364924
San Juan, PR 00936-4924
Tel.: (787) 756-1400
Fax: (787) 756-1401

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

By: */s/ Eric Pérez-Ochoa*
Eric Pérez-Ochoa
(USDC-PR No. 206314)
Email: epo@amgprlaw.com

By: */s/ Luis A. Oliver-Fraticelli*
Luis A. Oliver-Fraticelli
(USDC-PR No. 209204)
Email: loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Telephone: (787) 756-9000
Facsimile: (787) 756-9010

*Attorneys for National Public Finance Guarantee Corp.*

**CADWALADER, WICKERSHAM & TAFT LLP**

*/s/ Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
William Natbony*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, New York 10281
Tel.: (212) 504-6000
Fax: (212) 406-6666
E-mail: howard.hawkins@cwt.com
mark.ellenberg@cwt.com
bill.natbony@cwt.com
thomas.curtin@cwt.com
casey.servais@cwt.com

\* admitted *pro hac vice*
*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**WEIL, GOTSHAL & MANGES LLP**

By: */s/ Robert S. Berezin*
Jonathan D. Polkes (admitted *pro hac vice*)
Gregory Silbert (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Kelly DiBlasi (admitted *pro hac vice*)
Gabriel A. Morgan (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com
kelly.diblasi@weil.com
gabriel.morgan@weil.com

*Attorneys for National Public Finance Guarantee Corp.*

/s/ *Hermann D. Bauer-*
Hermann D. Bauer
USDC No. 15205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

/s/ *Michael A. Firestein*

Martin J. Bienenstock
Brian Rosen
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
  jlevitan@proskauer.com
  ebarak@proskauer.com

Michael A. Firestein
Lary Alan Rappaport
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
  lrappaport@proskauer.com

*Attorneys for the Financial
Oversight and Management Board,
as Representative of the Commonwealth and HTA*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

At New York, New York, this 11th day of May, 2021.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* admitted *pro hac vice*