-1-

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtor.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA Title III<br><br>Case No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>　　Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>　　Defendants. | Adv. Proc. No. 20-00003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>　　Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>　　Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>　　Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>　　Defendants. | Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>    Defendants. | Adv. Proc. No. 20-00007-LTS |
| ASSURED GUARANTY CORP.; ASSURED GUARANTY MUNICIPAL CORP.; and FINANCIAL GUARANTY INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; HON. RICARDO ANTONIO ROSSELLÓ NEVARES; GERARDO PORTELA FRANCO; and HON. RAÚL MALDONADO GAUTIER,<br><br>    Defendants. | Adv. Proc. No. 18-00059-LTS |

**[PROPOSED] ORDER GRANTING
URGENT JOINT MOTION TO STAY CERTAIN CONTESTED MATTERS
AND ADVERSARY PROCEEDINGS RELATED TO BONDS ISSUED BY THE
PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"),
THE PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY ("CCDA"),
AND THE PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY ("PRIFA")**

Upon consideration of the *Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to Bonds Issued by the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Puerto Rico Infrastructure Financing Authority ("PRIFA")* (the "Motion"),[2] and the Court having reviewed the Motion and the relief requested; the Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and PROMESA § 306(a), 48 U.S.C. § 2166(a); venue being proper before this Court pursuant to 28 U.S.C. § 1391(b) and PROMESA § 307(a), 48 U.S.C. § 2167(a); notice of the Motion being adequate and proper under the circumstances; and after due deliberation and sufficient cause appearing; therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Court hereby stays and/or continues any existing stay of the following matters solely as related to Assured and National (or their respective fiscal agents, trustees or paying agents, but only to the extent such parties are acting on behalf of Assured and National for HTA Bonds or CCDA Bonds insured or held by Assured or National), subject to a further order of the Court and preserving all rights, arguments, claims and defenses of the Parties as they currently exist in such matters:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

  a. Commonwealth Title III, Case No. 17-3283-LTS: ECF Nos. 7588, 8024, 8536, 10102, 10104, 10593, 10602, 13708, 15225, 15268, 15381 and 15859.

  b. HTA Title III, Case No. 17-3567-LTS: ECF Nos. 633, 673 and 871.

  c. Adv. Proc. Nos. 18-00059, 20-00003, 20-00004, 20-00005, and 20-00007 in their entirety.

3. The terms and conditions of this Order shall take immediate effect and be enforceable upon its entry.

4. In the event the Third Amended Plan, including any amendment, modification or supplement thereto (collectively, the "Plan") is not confirmed and made effective, or if an HTA Plan is not confirmed and made effective, or if a plan is confirmed that breaches adversely to National and Assured the economic provisions of the GO PSA or the HTA/CCDA PSA, or if the GO PSA is terminated before the Plan is confirmed and made effective, or if the HTA/CCDA PSA is terminated prior to confirmation of the HTA Plan, then the Parties (or any of them) may seek relief from the stay requested herein by motion to the Court. Further, if an HTA Plan is confirmed but does not render moot one or more claims in the HTA Adversary, then the Parties (or any of them) may request that the Court grant relief from the stay on such claims with each party having the opportunity to argue the mootness issue and the propriety of stay relief.

5. This Court retains jurisdiction to resolve any dispute arising from or related to this Order and to interpret, implement, and enforce the provisions of this Order.

SO ORDERED.

Dated: _____

_____
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE