Hearing Date: July 13, 2021 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: June 15, 2021 at 5:00 p.m. (Atlantic Standard Time)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>     Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |

## MOTION OF DEBTORS FOR AN ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and ERS, the "Debtors," and each individually a "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), and Rule 7026, *et seq*., of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these cases by PROMESA section 310, for the establishment of procedures and deadlines concerning objections to plan confirmation and discovery in connection therewith.  In support of this Motion, the Debtors respectfully represent as follows:

## Preliminary Statement[3]

1.      Four years since entering Title III proceedings, and following over a year's delay caused by the COVID-19 pandemic, the Debtors have filed a Plan and Disclosure Statement incorporating, among other items, the terms of the PSA that compromises and settles all outstanding challenges to the validity, priority, and secured status of GO Bonds and PBA Bonds, the Amended ERS Stipulation that compromises and settles the outstanding disputes in connection with the ERS Bonds, and the terms of the HTA/CCDA PSA that compromises and settles the issues with respect to "clawback claims" against the Commonwealth.  The PSA, the Amended ERS Stipulation, and the HTA/CCDA PSA contemplate that the effective date of the Plan occur on or before December 15, 2021, subject to a limited permitted extension.  Failure to meet this milestone would allow the parties to terminate such agreements, thereby undoing the significant progress the Debtors, with the Mediation Team's invaluable assistance, have made to gain consensus for a joint plan of adjustment for the Commonwealth, ERS, and PBA.

---

[2]   PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3]   Capitalized terms in the Preliminary Statement not previously defined are defined below.

2.      In furtherance of proceeding towards a Plan confirmation within the timeline negotiated, the Debtors filed the DS Hearing Scheduling Motion on April 6, 2021.  On May 4, 2021, the Court granted the DS Hearing Scheduling Motion that, among other things, set the hearing to consider the adequacy of the Disclosure Statement for July 13, 2021. Contemporaneously with this Motion, the Debtors have filed the Disclosure Statement Motion, seeking, among other things, approval of the Disclosure Statement as containing adequate information and setting a hearing on confirmation of the Plan.  In connection with such motions and to assist in the efficient management of the confirmation process, the Debtors propose to establish procedures and deadlines regarding discovery in connection with confirmation of the Plan.  As noted at prior hearings, and despite the Oversight Board's launch of a virtual dataroom with relevant Plan and Disclosure Statement materials, the Debtors expect various parties in these Title III cases to serve discovery requests, both informal and formal, upon the Debtors and other parties to the Plan Support Agreements in connection with the Plan and Plan Support Agreements.[4]

---

[4]   Indeed, several parties interposed confirmation-related objections to the Debtors' proposed disclosure statement schedule.  Those parties include the Creditors' Committee, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, Ambac Assurance Corporation, Financial Guaranty Insurance Company, Invesco Funds, and other non-PSA Parties.  *See, e.g.*, *Limited Opposition* to the Scheduling Motion, filed by Salud Integral de la Montaña, Inc. [ECF No. 11059]; the *Objection and Reservation of Rights with Respect* to the Scheduling Motion filed by Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation, Ambac Assurance Corporation, Financial Guaranty Insurance Company, and Invesco Funds [ECF No. 11095]; *The Puerto Rico Fiscal Agency and Financial Advisory Authority's (I) Objection to the Financial Oversight and Management Board for Puerto Rico's (A) Motion to Schedule a Disclosure Statement Hearing [ECF No. 10808] and (B) Motion to Establish Pre-Solicitation Procedures [ECF No. 10839]; and (II) Response to the Amended Report and Recommendation of the Mediation Team [ECF No. 10756]* filed by the Puerto Rico Fiscal Agency and Financial Advisory Authority [ECF No. 11159]; *Response and Objection of Individual Bondholder to (1) Amended Report and Recommendation of Mediation Team and (2) Debtors' Proposed Schedule* filed by Peter C. Hein [ECF No. 11284]; *Omnibus Response of Official Committee of Unsecured Creditors to (A) Amended Report and Recommendation of Mediation Team and (B) Joint Motion for an Order (I) Scheduling a Hearing to Consider Adequacy of Information Contained in Disclosure Statement, (II) Establishing Deadline for Filing Spanish Translation of Disclosure Statement, (III) Establishing Deadline for Filing Objections to Disclosure Statement and Replies Thereto, and (IV) Granting Related Relief* filed by the Official Committee of Unsecured Creditors ("Creditors' Committee") [ECF No. 11482].  Assured has now agreed to support the proposed Plan pursuant to the PSA and HTA/CCDA PSA, and therefore their objections have been resolved pursuant to such agreements.

3.      The Debtors believe that, given the complexity of these Title III cases, the number of interested parties, various parties' objections to proceeding with the confirmation process, and the volume of issues that have been stayed pending confirmation, expected discovery requests could be duplicative or could go beyond what is necessary or appropriate to evaluate the reasonableness of the compromises and settlements set forth in the PSA, the Amended ERS Stipulation, and the HTA/CCDA PSA, or the merits of and the Court's ability to confirm the Plan.

4.      To promote an orderly and thorough confirmation process, conserve resources, and streamline the issues necessary for the Court's adjudication, the Debtors propose to implement global information discovery procedures described herein.  These procedures will enable these Title III cases to proceed under an expeditious and efficient confirmation process, reduce the duplicative or unnecessary requests that would be contrary to those goals, and allow the Debtors to set a timeline for the occurrence of the effective date of the Plan required in the PSA, the Amended ERS Stipulation, and the HTA/CCDA PSA.  The relief requested herein is authorized under the Court's equitable powers and is in the best interests of these Title III cases.  Accordingly, the Debtors respectfully request the Court approve the Motion.

## Jurisdiction

5.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

6.      Venue is proper pursuant to PROMESA section 307(a).

7.      The statutory predicates for the relief sought herein is Bankruptcy Code section 105(a), made applicable to these cases by PROMESA section 301(a), and Bankruptcy Rule 7026, *et seq.*, made applicable to these cases by PROMESA section 310.

## Background

### *Commencement of Title III Cases*

8.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under Title III thereof (the "Commonwealth's Title III Case").

9.      On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case").

10.      On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PBA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PBA Title III Case" and collectively with the Commonwealth's Title III Case and ERS Title III Case, the "Title III Cases").

### *Filing of the Plan and Disclosure Statement*

11.      On February 9, 2020, the Oversight Board and certain holders of in excess of $8 billion in Commonwealth general obligation ("GO") and PBA bond claims disclosed they had reached a global settlement in principle outlined in a Plan Support Agreement (the "2020 PSA").

12.      In furtherance of the 2020 PSA, on February 28, 2020, the Oversight Board filed the *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 11946] (the "2020 Plan"), the *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 11947] (the "2020 Disclosure Statement"), and the *Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement*

*System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 11950] (the "2020 Disclosure Statement Motion").

13.     On March 10, 2020, the Title III Court entered the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Spanish Translation of the Disclosure Statement, (III) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, and (IV) Granting Related Relief* [ECF No. 12187] (the "2020 DS Scheduling Order"), establishing June 3-4, 2020 as the dates for the hearing to consider the adequacy of the information contained in the 2020 Disclosure Statement and related deadlines.

14.     In response to the spread of COVID-19 globally and throughout Puerto Rico, and its effects on the people and economy of Puerto Rico, the Oversight Board requested an adjournment of the schedule set forth in the 2020 DS Scheduling Order, subject to further status reports to be provided to the Court [ECF No. 12485], which the Title III Court granted by order dated March 27, 2020 [ECF No. 12549].

15.     On October 29, 2020, the Court entered the *Order on Joint Motion of PSA Creditors Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to Impose Deadlines for Plan of Adjustment* [ECF No. 14987] (the "Plan Scheduling Order"), which directed the Oversight Board to file on or before February 10, 2021 the proposed terms of a plan of

adjustment and a motion for approval of a proposed timetable for filing an amended plan and proposed disclosure statement, among other things.  In accordance with the Plan Scheduling Order, and with the guidance of the Mediation Team, the Oversight Board participated in (a) group or individual informational and negotiation mediation sessions (as and when scheduled by the Mediation Team) or (b) informal sessions with the Commonwealth, the parties to the 2020 PSA, the monoline insurers, the Official Committee of Unsecured Creditors, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, and various unions, all designed to establish a framework and timeline for the development for a consensual debt restructuring.

16.     On February 9, 2021, the Oversight Board announced that, as a result of discussions led by the Mediation Team, the Oversight Board and the principal parties to the 2020 PSA reached an agreement in principle regarding the terms of an amended plan of adjustment, subject to the execution of definitive documentation.   On February 16, 2021, the Court entered the *Order Granting Urgent Motion of the Financial Oversight and Management Board for Puerto Rico Requesting Extension of Deadlines for Submission of Plan or Adjustment or Term Sheet with Respect Thereto* [ECF No. 15849], extending the February 10, 2021 deadline set forth in the Plan Scheduling Order to March 8, 2021.

17.     On February 23, 2021, the Oversight Board announced the termination of the 2020 PSA and the execution of that certain Plan Support Agreement, dated as of February 22, 2021 (the "PSA"), among the Oversight Board, as representative of the Commonwealth, ERS, and PBA, certain holders of GO Bonds, certain holders of PBA Bonds, Assured Guaranty Corp. and Assured Guaranty Municipal Corp., solely in their capacities as insurers, and asserted holders, deemed holders, or subrogees with respect to GO Bonds and PBA Bonds, Syncora Guarantee Inc., as holder of, subrogee with respect to, or insurer of GO Bonds and PBA Bonds, and National Public Finance

Guarantee Corporation, solely in its capacity as insurer and asserted holder, deemed holder, or subrogee with respect to GO Bonds and PBA Bonds.

18.     On March 8, 2021, the Debtors filed the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 15988] and the *Second Amended Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 15976], each consistent with the terms of the PSA.

19.     On March 9, 2021, the Oversight Board announced its entry into that certain *Stipulation (A) Providing for Due Diligence Period, (B) Allowing Claims of ERS Bondholders, (C) Staying Pending Litigation, and (D) Providing for Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment* (the "ERS Stipulation"), along with certain groups of holders (the "ERS Bondholders" and collectively with the Oversight Board, the "ERS Parties") of bonds issued by ERS (the "ERS Bonds").  The ERS Stipulation incorporates, among other things, the proposed treatment for ERS Bonds.

20.     On April 2, 2021, the ERS Parties entered into that certain *Amended and Restated Stipulation (A) Allowing Claims of ERS Bondholders, (B) Staying Pending Litigation, and (C) Providing for Treatment of Claims of ERS Bondholders and Dismissal of Pending Litigation Pursuant to a Plan of Adjustment* (the "Amended ERS Stipulation").  The Amended ERS Stipulation incorporates, among other things, the proposed treatment for ERS Bonds.

21.     On April 5, 2021, the ERS Parties filed an *Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to the Bonds Issued by the Employees*

*Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 16321] (the
"ERS Stay Motion").  On April 12, 2021, the Court entered an order [ECF No. 16385] granting
the ERS Stay Motion.

22.    On May 5, 2021 the Oversight Board announced its entry into that certain
*HTA/CCDA Related Plan Support Agreement*, dated as of May 5, 2021, by and among the
Oversight Board, as representative of the Commonwealth and HTA, certain holders of bonds
issued by HTA, certain holders of bonds issued by CCDA, Assured Guaranty Corp. and Assured
Guaranty Municipal Corp., and National Public Finance Guarantee Corp. (the "HTA/CCDA
PSA").

23.    On May 11, 2021, the Debtors filed the *Third Amended Title III Joint Plan of
Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740] (as may be amended or
modified, the "Plan"), and the *Disclosure Statement for the Third Amended Title III Joint Plan of
Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741] (as may be amended or
modified, the "Disclosure Statement").[5]

24.    The Plan incorporates, among other things, the terms for the settlement and
treatment of claims pursuant to several plan support agreements, including:

    (a)    the PSA,

    (b)    the Plan Support Agreement ("Retiree Committee PSA"), dated as of June
7, 2019, by and between the Oversight Board, as representative of the
Commonwealth, and the Official Committee of Retirees appointed in the
Commonwealth's Title III Case,

    (c)    the Plan Support Agreement ("AFSCME PSA"), dated as of June 7, 2019,
by and between the Oversight Board, as representative of the
Commonwealth, and the American Federation of State, County, and
Municipal Employees International Union, AFL-CIO,

---

[5]  All capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Plan.

(d)     the HTA/CCDA PSA, and

(e)     the Amended ERS Stipulation (together with the PSA, the Retiree
Committee PSA, the AFSCME PSA, and the HTA/CCDA PSA, the "Plan
Support Agreements").

***The Disclosure Statement Approval and Plan Confirmation Schedule***

25.     On April 6, 2021, the Debtors filed the *Debtors' Joint Motion for an Order
(I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure
Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and
Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository
Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16332] (the "DS
Hearing Scheduling Motion"), which requested, among other things, entry of an order (a) setting
the hearing to consider the adequacy of the information contained in the Disclosure Statement for
June 16, 2021, or as soon thereafter as the Court's schedule permits, and (b) establishing certain
procedures governing the provision and collection of documents in connection with the Debtors'
Disclosure Statement approval process.  At the omnibus hearing on April 28-29, 2021 (the "April
Omnibus Hearing") the Court made a preliminary ruling setting the Disclosure Statement Hearing
for a date after the July 4th holiday.

26.     On May 4, 2021, and consistent with its ruling at the April Omnibus Hearing, the
Court entered the *Order (I) Scheduling a Hearing to Consider the Adequacy of Information
Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the
Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV)
Establishing Document Depository Procedures in Connection Therewith, and (V) Granting
Related Relief* [ECF No. 16681] ("DS Hearing Scheduling Order") which, among other things,
(a) set the hearing to consider the adequacy of the information contained in the Disclosure
Statement for **July 13, 2021**, and (b) established certain procedures governing the provision,

collection, and access of documents in connection with the Debtors' Disclosure Statement approval process.

27.     Contemporaneously with the filing of this Motion, the Debtors filed the *Amended Joint Motion of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving the Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Form of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (the "Disclosure Statement Motion"), which, among other things, requests setting the hearing on confirmation of the Plan (the "Confirmation Hearing") to be scheduled on the following dates, or as soon thereafter as the Court's schedule permits:

- **November 8 through 10, 2021**,

- **November 12, 2021**,

- **November 15 through 18, 2021,** and

- **November 22 through 23, 2021**.[6]

### Relief Requested

28.     To facilitate an orderly and efficient discovery and confirmation process, by this Motion, the Debtors request entry of an order, in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) establishing certain objection and discovery deadlines in connection with

---

[6]  In proposing this schedule, the Oversight Board has taken into account the Court's closures on November 11, 2021 for Veterans Day and on November 19, 2021 for Discovery of Puerto Rico Day.

confirmation of the Plan, and (b) authorizing the Debtors to establish and implement exclusive global discovery procedures, pursuant to sections 105(a) and Bankruptcy Rules 7026, *et seq.*, relating to confirmation of the Plan.   The proposed global procedures include provisions concerning:

(i)     access to pertinent materials relating to the Plan Support Agreements themselves;

(ii)    access to non-privileged materials relied upon by Debtors in connection with the analysis of claims and the settlements;

(iii)   confidentiality protections and limitations on access to any of the foregoing materials, as is appropriate; and

(iv)    protecting against the inadvertent waiver of privileges, attorney work-product, and other immunities from disclosure as is necessary to foster access to the pertinent materials without undue delay.

29.     Similar procedures have been approved in other large, complex chapter 11 cases with many overlapping issues.  *See In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Docket No. 16233], attached hereto as **Exhibit B**.

30.     In particular, and similar to the Oversight Board's request in the DS Hearing Scheduling Motion, the Debtors propose to implement the information collection procedures described herein and supplement the existing centralized depository approved by the Court with such information related to the Plan.  These procedures will enable the Title III cases to proceed under an efficient process and to reduce the duplicative or unnecessary requests that would be contrary to those goals.  The relief requested herein may be authorized under the Court's equitable powers pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rules 7026 *et seq.* and is in the best interests of these Title III cases.

31.     These uniform global procedures combined with existing access infrastructure will provide needed clarity to the Eligible Creditors (as defined below), and allow them to obtain relevant documents in an orderly, expeditious, and efficient fashion, without wasteful discovery-based motion practice on an individual basis and other motions seeking expedited relief before this Court.   The proposed global discovery procedures will ensure that document discovery is conducted without needless duplication and expense.  Likewise, the global discovery procedures will ensure that there are not needless or duplicative depositions or undue burden of witnesses.

32.     In addition, if the Debtors are unable to establish and implement a uniform set of global discovery procedures, the Debtors will be faced with a logjam of discovery motion practice at a time when they need to focus on the most critical aspects of their Title III process.  Such a result could unnecessarily impede and delay the confirmation of the Plan and undermine the ability of the Debtors to focus on the ultimate implementation of the transactions contemplated by the Plan.  The proposed procedures will streamline the discovery process and assist the Debtors in focusing on their constituencies, operations, and restructuring efforts, while not prejudicing any parties' rights.

33.     A summary of the proposed discovery deadlines leading to the confirmation hearing follows:

| Summary of Proposed Discovery Deadlines | |
|---|---|
| **On or after July 13, 2021** | Conversion of Disclosure Statement depository to Plan Depository (as defined below) |
| **August 3, 2021** | Deadline to File Initial Objections to Confirmation |
| **August 6, 2021** | Deadline to Serve Requests for Admission (All Parties) |
| | Deadline for Eligible Creditors to Serve Requests for Production of Non-Depository Documents |
| | Deadline for the Debtors to Serve Requests for Production |
| **August 13, 2021** | Deadline to File Fact Witness List and Topics (All Parties) |

| | |
|---|---|
| **August 16, 2021** | Deadline to Serve Responses and Objections to Requests for Admission, and Requests for Production (All Parties) |
| **August 17, 2021** | Deadline to Serve Notices of Deposition, Topics, and Requested Times for Depositions (All Parties) |
| **August 23, 2021** | Status Conference on Deposition Notices |
| **August 25, 2021** | Filing of Deposition Schedule |
| **August 30, 2021** | Serve Opening Expert Disclosures (All Parties) |
| **September 3, 2021** | Opening Expert Reports Due (All Parties) |
| **September 24, 2021** | Serve Rebuttal Expert Disclosures (All Parties) |
| **October 1, 2021** | Serve Rebuttal Expert Reports (All Parties) |
| **September 13 – October 4, 2021** | Witness Depositions |
| **October 8, 2021** | Deadline to File Supplemental Objections to Confirmation |
| | Deadline to File Motions in Limine (limited to 5 pages) and Daubert Motions (All Parties) |
| **October 11, 2021** | Deadline to Serve Exhibit Lists and Deposition Designations (All Parties) |
| **October 15, 2021** | Deadline to File Objections to Motions in Limine (limited to 5 pages) and Daubert Motions (All Parties) |
| **October 18, 2021** | Deadline to Exchange Objections to Exhibit Lists, Counter-Designations, Objections to Deposition Designations, and Designation of Witnesses for Cross-Examination (All Parties) |
| **October 25, 2021** | Deadline to Exchange Objections to Counter-Designations |
| | Deadline to File Replies to Motions in Limine (limited to 3 pages) and Daubert Motions (All Parties) |
| | Deadline for the Debtors to File Affidavits, Replies to Objections to Confirmation of Plan of Adjustment, and Proposed Order and Findings of Fact |
| | Deadline for Objectors to File Witness Declarations |
| **October 29, 2021** | Hearing on Motions in Limine (if not on first day of trial) |
| **November 1, 2021** | Status Report on remaining objections to declarations, designations, witnesses, and exhibits |
| **November 8 – 10, 12, 15 – 18, 22 – 23** | Confirmation Hearing |

## **The Global Discovery Procedures**

34.     The Debtors respectfully request approval of the following global discovery procedures:

### **Debtors' Plan Document Depository**

35.     The Debtors are authorized to operate a Disclosure Statement Depository (as defined in the DS Hearing Scheduling Order) as of May 7, 2021.  On or after July 13, 2021, the Debtors intend to populate the existing depository (the "Plan Depository"),[7] with additional documents, relevant to Plan confirmation, which shall include at least the following documents (collectively, the "Documents"):

>      a.     Debtors' relevant non-privileged documents relied upon by Debtors in analyzing the various claims and causes of action being compromised and settled and/or assets referenced in Article II of the Plan; and

>      b.     Debtors' relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

36.     The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the DS Hearing Scheduling Order, shall remain in full force and effect and the Debtors shall be permitted to upload to the Plan Depository additional documents (collectively, the "Plan Depository Procedures").

37.     Access to the Plan Depository shall continue to be subject to such party's eligibility, and agreement to and compliance with the Protective Order (as defined in the DS Hearing Scheduling Order), and any amendments or modifications thereto approved by the Court from time to time.

---

[7]   For the avoidance of doubt, the website on which the Plan Depository is accessible will be the same website as the Disclosure Statement Depository, titleiiiplandataroom.com.

38.     The Debtors submit that the continuation of 1) a depository relating to Plan issues by repurposing the existing Disclosure Statement Depository and 2) the Plan Depository Procedures in advance of the period in which parties may file objections to the Plan will maximize efficiency and avoid unwarranted and potentially costly proceedings in connection with the Plan, including but not limited to discovery related to the Plan.

39.     Consistent with the Court's request at the April Omnibus Hearing, the Plan Depository shall contain an electronic index of all Documents in the Plan Depository. This index will contain information about both Documents in the Plan Depository containing Confidential Information, and Documents in the Plan Depository that do not contain Confidential Information. The Debtors shall use their reasonable best efforts to categorize Documents by topic; provided, however, that the Plan Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtors shall not be responsible for the mis-categorization of any particular Document; (ii) each Eligible Creditor should not rely upon the categorization of the Documents and should review all categories of Documents in their entirety; and (iii) the inclusion of material in the Plan Depository does not constitute a warranty of such material's accuracy or completeness.

**Discovery of the Debtors**

40.     The Debtors propose that only parties or parties in interest (an "Eligible Creditor") who file and serve an initial objection (an "Initial Objection") to confirmation of the Plan pursuant to the procedures detailed below shall be entitled to seek appropriate discovery of the Debtors for documents not already provided in the Plan Depository, in connection with confirmation of the Plan and the Plan Support Agreements, solely to the extent of the issues set forth in such Initial Objection, in accordance with the procedures set forth herein.  Such Initial Objection must:

(a)     set forth the legal and factual basis in support of such Eligible Creditor's objection to confirmation of the Plan; and

(b)      be filed with the Court and served in accordance with the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1] (the "Case Management Procedures") on or before August 3, 2021 (the "Initial Objection Deadline").

41.     Setting August 3, 2021 as the Initial Objection Deadline will provide the Debtors with adequate time to review the Initial Objections and provide a comprehensive fact witness list and topics by August 13, 2021.

42.     Nothing shall preclude (i) an Eligible Creditor from, on or prior to the proposed supplemental objection deadline of October 8, 2021 (the "Final Objection Deadline"), (a) filing a supplemental objection to confirmation to raise additional objections and provide legal and factual support therefor; provided, however, that, notwithstanding the filing of such supplemental objection, the discovery to be conducted by any such Eligible Creditor shall be limited to the issues set forth in the Initial Objection; (b) supplementing an Initial Objection by providing additional legal authorities and argument in support of the Initial Objection; and (c) supplementing an Initial Objection to include factual bases developed through the course of discovery provided herein or (ii) any party in interest from seeking discovery of any party, other than the Debtors, in connection with a properly filed objection to confirmation of the Plan and the party from whom discovery is sought objecting thereto.

43.     The Debtors submit that any party or party in interest who does not file an Initial Objection should not be permitted to seek discovery of the Debtors by any method in connection with confirmation of the Plan and the global compromise and settlements underlying the Plan, notwithstanding the filing of any objection other than an Initial Objection; provided, however, that nothing should inhibit the rights of any party or party in interest to object to confirmation of the Plan during the period from July 13, 2021 up to and including the Final Objection Deadline and, if any such objection is interposed and served on or prior to the Final Objection Deadline, to attend,

but not participate in, depositions taken pursuant to Deposition Notices (as defined below), and prosecute such objection during the Confirmation Hearing.

44.     To avoid confusion and duplicative notices, the Debtors propose to provide a consolidated notice of the Initial Objection Deadline, other discovery deadlines proposed below, establishment of the Plan Depository, and confirmation- and solicitation-related deadlines proposed in the Discovery Procedures Motion through service of the Confirmation Hearing Notice (as defined in the Disclosure Statement Motion) by the later of July 20, 2021 and five (5) business days after entry of the order granting the relief requested in the Disclosure Statement Motion. *See* Exhibit A of the Disclosure Statement Motion.

**<u>Designation of the Confirmation Hearing Fact Witnesses</u>**

45.     The Debtors propose that, on or before August 13, 2021, the Debtors and each Eligible Creditor shall file a list (the "<u>Fact Witness List</u>") setting forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period from September 13, 2021, through and including October 4, 2021, time(s), and location(s) each such witness will be available for deposition, and (c) the general area for which the testimony of any such witness shall be offered; <u>provided</u>, <u>however</u>, that, in the event that the Debtors determine to supplement the Debtors' Fact Witness List, for any reason, subsequent to the proposed Final Objection Deadline (October 8, 2021), the Debtors shall file a supplement to the Debtors' Fact Witness List, setting forth such additional witness(es) and the general areas of testimony to be offered.

46.     Notwithstanding the designation of a person on a Fact Witness List, as the same may be supplemented with respect to the Debtors' Fact Witness List, a party filing a Fact Witness List would not be (a) required to present any such person during the Confirmation Hearing or (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Fact

Witness List for the limited purpose of responding to any objections to confirmation that may be interposed or in rebuttal to testimony offered or adduced at the Confirmation Hearing in opposition to confirmation of the Plan.

47.     For purposes of the Confirmation Hearing, the Debtors may present the testimony of any designated person by direct examination, a proffer of such person's testimony, use of deposition testimony in accordance with Bankruptcy Rule 7032 or the submission of a declaration of such person, subject to (a) the rights of any party that has filed an objection to confirmation of the Plan on or before the Final Objection Deadline to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that the Debtors intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the provisions of the United States District Court for the District of Puerto Rico Local Rules (the "Local Rules") no later than October 25, 2021 and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination. Any Eligible Creditor who contends there is a disputed material factual issue and wish to cross-examine any declarant or to present live rebuttal testimony at the Confirmation Hearing must file an Informative Motion identifying the relevant matter, the witness or witnesses, the factual issue(s) to which the proposed cross-examination or testimony relates, the subject matter of the testimony and its relevance to the factual issue(s), and the time requested for such examination or testimony, no later than November 1, 2021, at 12:00 p.m. (Atlantic Standard Time).

48.     For purposes of the Confirmation Hearing, Eligible Creditors may present the testimony of any designated person through direct examination, a proffer of such person's testimony, use of deposition testimony or the submission of a declaration of such person, subject

to the rights of the Debtors to object to the presentation thereof and such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that the Eligible Creditors intend to introduce such testimony through the submission of one or more declarations, (a) such declarations shall be filed with the Court and served in accordance with the provisions of the Case Management Procedures no later than October 25, 2021, and (b) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.  If the Debtors contend there is a disputed material factual issue and wishes to cross-examine any declarant or to present live rebuttal testimony at the Confirmation Hearing, the Debtors must file an Informative Motion identifying the relevant matter, the witness or witnesses, the factual issue(s) to which the proposed cross-examination or testimony relates, the subject matter of the testimony and its relevance to the factual issue(s), and the time requested for such examination or testimony, no later than November 1, 2021, at 12:00 p.m. (Atlantic Standard Time).

**Additional Discovery of the Debtors**

49.     In addition to being provided access to the Plan Depository, subject to the requirements outlined in Paragraphs 40 to 43 above, any of the Eligible Creditors may serve upon or notice the Debtors the following types of discovery requests in connection with the Confirmation Hearing and the Plan Support Agreements (collectively, the "Permitted Discovery") according to the following deadlines:

On or before August 6, 2021:

    a.    Requests for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014 (a "Production Request"); and

    b.    Requests for admissions pursuant to Rule 36, as incorporated by Rules 7036 and 9014, solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing (an "Admission Request").

<u>On or before August 17, 2021</u>:

        a.    Notices for depositions upon oral examination of the persons on the Debtors' Fact Witness List pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014 (a "<u>Deposition Notice</u>").

Notwithstanding the foregoing, in the event that an Eligible Creditor determines a need to depose someone other than a person listed on the Debtors' Fact Witness List, (i) on or before August 17, 2021, such Eligible Creditor shall provide the Debtors, with a copy to the Court, a list of such additional persons and stating the relationship of such additional person to the Initial Objection interposed by such Eligible Creditor and setting forth why the additional person's testimony is reasonably necessary, and not duplicative, given the availability of testimony from persons listed on the Debtors' Fact Witness List and (ii) the Court shall conduct a status conference on August 23, 2021, at 9:30 a.m. A.S.T., or as soon thereafter as counsel may be heard, to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith.

50.    In the event that a Production Request is timely and properly served, such Production Request must be accompanied by a certification, executed by counsel for the Eligible Creditor or, if the Eligible Creditor is not represented by counsel, by the Eligible Creditor, stating the relationship of such Production Request to the Initial Objection interposed by such Eligible Creditor and setting forth why the additional Production Request is reasonably necessary given the availability of information in the Plan Depository.  Any Production Request must be served on or before August 6, 2021.

51.    The Debtors shall serve responses and objections to a Production Request on or before August 16, 2021 if served in accordance with the Local Rules and the Disclosure Statement Order.

52.     Nothing shall inhibit the rights of a recipient of a Permitted Discovery request to object or respond to a Production Request, a Deposition Notice or an Admission Request as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA section 310.  In the event that an Eligible Creditor receives documents in response to a Production Request and such documents provide factual support for the Initial Objection or any supplement thereto previously interposed by such Eligible Creditor, such Eligible Creditor may, on or prior to October 8, 2021, supplement such Initial Objection or any supplement thereto, as the case may be, to the extent of such additional factual information or legal issues arising therefrom.

53.     In the event that a Deposition Notice is timely and properly served, on or prior to August 25, 2021, the Debtors shall file a schedule in accordance with the Local Rules of the date, time and place at which depositions shall be held between September 13 and October 4, 2021; provided, however, that, in the event that the Debtors supplement the Debtors' Fact Witness List in accordance with the provisions of paragraph 2 of the Proposed Order, each Eligible Creditor shall be entitled to serve a Deposition Notice with respect to any such supplemental witness up to the close of business on the third (3rd) business day following the filing of such supplemental Debtors' Fact Witness List and, within two (2) business days thereof, the Debtors shall inform such Eligible Creditor serving such supplemental Deposition Notice of the date, time and place at which such supplemental depositions shall be held; and, provided, further, that any deposition may be conducted by remote means, through videoconference and/or by telephone, and any Eligible Creditor may participate at any such deposition by such remote means.  Any party in interest, other than an Eligible Creditor, that files an objection to confirmation of the Plan during the period from August 3, 2021 up to and including the Final Objection Deadline, shall be entitled to attend

(telephonically or in-person) the deposition of the deponent designated in a Deposition Notice solely as an observer.

54.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties. However, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate.  Additionally, to the extent that the Debtors seek to examine the deponent, such examination shall not be included in the proscribed seven (7) hour limitation.

55.     Pursuant to Rule 16(c)(2)(F) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7016, no party in interest, Eligible Creditor or otherwise, shall serve any discovery request in connection with the Confirmation Hearing and the Plan Support Agreements that is outside the scope of Permitted Discovery herein.  In the event that the Debtors receive or have received a discovery request that is not designated as Permitted Discovery, the Debtors shall be relieved from responding to any such request pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7016 and 7026.

**Discovery of Eligible Creditors and Other Parties**

56.     Nothing shall be construed to limit the rights of the Debtors or any other party in interest from taking discovery of any Eligible Creditor or any other party which interposes an objection to confirmation of the Plan on or prior to the Final Objection Deadline (collectively, the "Objecting Parties") by serving upon an Objecting Party, (1) on or before August 6, 2021, a Production Request or an Admission Request; or (2) on or before August 17, 2021, a Deposition

Notice with regard to a person set forth on the Eligible Creditor's Fact Witness List; provided, however, that, in the event that the Debtors determine a need to depose someone other than a person listed on the Eligible Creditor's Fact Witness List, the Debtors shall provide the appropriate Eligible Creditor, with a copy to the Court, a list of such additional persons and the Court shall conduct a status conference as soon as practicable to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith.  In the event that a Production Request or an Admission Request is served upon an Objecting Party, such party shall respond to such Production Request or Admission Request, as the case may be, so as to be actually received on or before August 16, 2021.

**Discovery Disputes**

57.     In the event that a dispute arises concerning any request for discovery in connection with confirmation of the Plan, propounded by any of the Debtors or an Eligible Creditor, the party alleging non-compliance with any such request shall inform the non-responsive party of such dispute (a "Non-Compliance Notice"), with a copy to the Debtors in accordance with the notice provision set forth in paragraph 14 of the Proposed Order, and, (a) within one (1) Business Day of the Non-Compliance Notice, the Debtors shall inform the Court of the existence of any such dispute via telephone and the Court shall schedule a chambers conference, telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues involved in such dispute and (b) within three (3) Business Days of the Non-Compliance Notice, each of the parties to such dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party.  Pending resolution of any such dispute, the parties to such dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

**Expert Witnesses and Reports**

58.    On or before August 30, 2021, the Debtors and each Eligible Creditor shall file a

list (the "Initial Expert Witness List") setting forth (a) the names of the initial expert witnesses that

such party anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period

from September 13, 2021 through and including October 4, 2021, time(s), and location(s) each

such witness will be available for deposition, and (c) the general area for which the testimony of

any such witness shall be offered.  Notwithstanding the requirement under Rule 26(a)(2)(B) of the

Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert

report at the time of disclosure of the identity of an expert witnesses, each Eligible Creditor who

has timely disclosed the identity of an expert witness on the Debtors' Witness List or Eligible

Creditor's Witness List, as applicable, shall disclose to the Debtors and other Eligible Creditors,

with a copy to the Court, the accompanying expert report on or before September 3, 2021.  On or

before September 24, 2021, the Debtors and each Eligible Creditor shall file a list (the "Rebuttal

Expert Witness List," and together with the Fact Witness List and the Initial Expert Witness List,

the "Witness Lists") setting forth (x) the names of the rebuttal expert witnesses that such party

anticipates presenting at the Confirmation Hearing, (y) the date(s) during the period from

September 13, 2021 through and including October 4, 2021, time(s), and location(s) each such

witness will be available for deposition, and (z) the general area for which the testimony of any

such witness shall be offered.  Each Debtor and Eligible Creditor who has timely disclosed the

identity of an expert witness on the Rebuttal Expert Witness List shall disclose to the other Debtors

and Eligible Creditors, with a copy to the Court, the accompanying rebuttal expert report on or

before October 1, 2021.  Nothing in paragraph 21 of the Proposed Order is intended to modify any

other requirement of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedures.

**Pre-Confirmation Hearing Conference**

59.     The Debtors request the Court conduct a pre-Confirmation Hearing conference to discuss motions in limine, the presentation of testimony, in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Debtors' Witness Lists and the Eligible Creditor's Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

**Confidentiality[8]**

60.     The Debtors request the Court reaffirm the provisions governing Confidential Information in the Protective Order attached as **Exhibit 2** to the DS Hearing Scheduling Order.[9]

61.     In addition, the Debtors request that, pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of Confidential Information by the Debtors in connection with these Title III cases shall not be deemed to comprise any waiver of any applicable privilege, and that the Proposed Order will be enforceable in any and all other federal and state court proceedings.

## Basis for Relief

62.     Section 105(a) of the Bankruptcy Code, made applicable by PROMESA section 301(a), provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a). Under Bankruptcy Code section 105(a), the court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the restructuring process.  *See, e.g.*, *In re*

---

[8]   Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

[9]   The Debtors reserve the right to seek modifications to this Protective Order in the event that any documents or materials to be disclosed in discovery require other or additional confidentiality protections.

*Energy Res. Co., Inc.*, 871 F.2d 223, 230 (1st Cir. 1989), *aff'd sub nom. United States v. Energy Res. Co.*, 495 U.S. 545, 110 S. Ct. 2139, 109 L. Ed. 2d 580 (1990) (noting the bankruptcy court's "broad equitable powers" including those under Bankruptcy Code section 105(a)); *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

63.     Bankruptcy Rules 7026, *et seq.*, made applicable by PROMESA section 310, set forth the requirements for the gathering of information in Title III cases, with provisions governing, among other items, discovery, depositions, the production of documents, interrogatories, and admissions.  Nothing in the proposed global discovery procedures is inconsistent with or alters the rights of parties under any of these rules.  On the contrary, the proposed global discovery procedures are "necessary and appropriate to carry out the provisions" of Bankruptcy Rules 7026, *et seq.*, as they would allow parties in interest to obtain the documents they seek in an orderly, expeditious, and efficient fashion, without prejudicing the rights of such parties. 11 U.S.C. § 105(a).

64.     Relief similar to that requested in this Motion has been granted in other large, complex bankruptcy cases.  *See* DS Hearing Scheduling Order; *In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2017) [Docket No. 148]; *In re Maxus Energy Corp., et al.*, Case No. 16-11501(CSS) (Bankr. D. Del. Feb. 17, 2017) [Docket No. 907]; *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to*

*Confirmation and Discovery in Connection Therewith* [Docket No. 16233]; *see also City of*

*Detroit, Michigan*, Case No. 13-53846 (SWR) (Bankr. E.D. Mich. Feb. 24, 2014) [Docket No.

2727] (establishing dates and deadlines for confirmation discovery).  In fact, the proposed global

discovery procedures are in large part similar to the procedures approved by the bankruptcy court

in *Enron*, a case in which the plan at issue incorporated a significant global settlement and

compromise.

65.    The Debtors believe their ability to respond to discovery requests pursuant to

uniform global discovery procedures will assist in the efficient administration of the Debtors' Title

III cases without unnecessary litigation expense, and, ultimately, the maximization of value for the

Debtors and their stakeholders.   Therefore, the Debtors submit that the relief requested in this

Motion is in the best interests of these Title III cases and stakeholders, and should be granted in

all respects.

## Notice

66.    Notice of this Motion will be provided by facsimile, electronic mail transmission,

regular mail and/or hand delivery to the following parties: (a) the Office of the United States

Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for

the bonds issued by the Debtors; (c) the entities on the list of creditors holding the 20 largest

unsecured claims against the Debtors; (d) the statutory committees appointed in any of the Title

III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to

the Puerto Rico Fiscal Agency and Financial Advisory Authority; (g) the Puerto Rico Department

of Justice; (h) the United States Securities and Exchange Commission; and (h) all parties

requesting notice pursuant to Bankruptcy Rule 2002.   The Debtors submit that, in light of the

nature of the relief requested, no other or further notice need be given.

28

## **No Prior Request**

67.     No prior request for the relief sought in this Motion has been made to this or any

other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE** the Debtors respectfully request the Court enter an order, substantially in
the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such
other relief as is just and proper.

Dated: May 13, 2021
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*as representative for the Debtors*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE<br>EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO, AND THE PUERTO RICO PUBLIC<br>BUILDINGS AUTHORITY,<br><br>    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)[1] |

**ORDER ESTABLISHING, AMONG OTHER**
**THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS**
<u>**TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH**</u>

Upon the motion (the "<u>Motion</u>"),[2] dated May 13, 2021, of the Commonwealth of Puerto

Rico (the "<u>Commonwealth</u>"), the Employees Retirement System of the Government of the

Commonwealth of Puerto Rico ("<u>ERS</u>"), and the Puerto Rico Public Buildings Authority ("<u>PBA</u>"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight</u>

<u>Board</u>" and in its capacity as representative of the Commonwealth, ERS, and PBA, the "<u>Debtors</u>"),

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).  The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

as sole Title III representative of the debtor under PROMESA section 315(b), requesting entry of an order establishing, among other things, procedures and deadlines concerning objections to confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS FOLLOWS:

1.      The Motion is GRANTED as set forth herein.

**<u>Designation of the Confirmation Hearing Fact Witnesses</u>**

2.      On or before August 13, 2021, the Debtors and each Eligible Creditor (as defined below) shall file a list (the "<u>Fact Witness List</u>") setting forth (a) the names of the fact witnesses that such party anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period from September 13, 2021 through and including October 4, 2021, time(s), and location(s) each such witness will be available for deposition, and (c) the general area for which the testimony of any such witness shall be offered; <u>provided</u>, <u>however</u>, that, in the event that the Debtors determine to supplement the Debtors' Fact Witness List, for any reason, subsequent to October 8, 2021, the proposed deadline to object to confirmation of the Plan (the "<u>Final Objection Deadline</u>"), the Debtors shall file a supplement to the Debtors' Fact Witness List, setting forth such additional witness(es) and the general areas of testimony to be offered.

3.      Notwithstanding the designation of a person on a Fact Witness List, as the same may be supplemented with respect to the Debtors' Fact Witness List, the party filing the Fact Witness List would not be (a) required to present any such person during the Confirmation Hearing or (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Fact Witness List for the limited purpose of responding to any objections to confirmation that may be interposed or in rebuttal to testimony offered or adduced at the Confirmation Hearing in opposition to confirmation of the Plan.

4.      For purposes of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), scheduled to commence on November ___, 2021, at ____ a.m. (prevailing Atlantic Time), the Debtors may present the testimony of any designated person by direct examination, a proffer of such person's testimony, use of deposition testimony in accordance with Bankruptcy Rule 7032 or the submission of a declaration of such person, subject to (a) the rights of any party that has filed an objection to confirmation of the Plan on or before the Final Objection Deadline to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that the Debtors intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the provisions of the United States Bankruptcy Court for the District of Puerto Rico Local Bankruptcy Rules (the "Local Rules") no later than October 25, 2021 and (ii) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination. Any Eligible Creditor who contends there is a disputed material factual issue and wishes to cross-examine any declarant or to present live rebuttal testimony at the Confirmation Hearing must file an Informative Motion identifying the relevant matter, the witness or witnesses, the factual issue(s) to which the proposed cross-examination or testimony relates, the subject

matter of the testimony and its relevance to the factual issue(s), and the time requested for such examination or testimony, no later than November 1, 2021, at 12:00 p.m. (Atlantic Standard Time).

5.    For purposes of the Confirmation Hearing, the Eligible Creditors may present the testimony of any designated person through direct examination, a proffer of such person's testimony, use of deposition testimony or the submission of a declaration of such person, subject to the rights of the Debtors to object to the presentation thereof and such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that the Eligible Creditors intend to introduce such testimony through the submission of one or more declarations, (a) such declarations shall be filed with the Court and served in accordance with the provisions of the Fourteenth Amended Case Management Order no later than October 25, 2021, and (b) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination.  If the Debtors contend there is a disputed material factual issue and wishes to cross-examine any declarant or to present live rebuttal testimony at the Confirmation Hearing, the Debtors must file an Informative Motion identifying the relevant matter, the witness or witnesses, the factual issue(s) to which the proposed cross-examination or testimony relates, the subject matter of the testimony and its relevance to the factual issue(s), and the time requested for such examination or testimony, no later than November 1, 2021, at 12:00 p.m. (Atlantic Standard Time).

**Discovery of the Debtors**

6.    Any party or party in interest (an "Eligible Creditor") who files an initial objection (an "Initial Objection") to confirmation of the Plan on or prior to August 3, 2021 (the "Initial Objection Deadline"), setting forth the legal and factual basis in support thereof, and serves such objection in accordance with the order approving the Disclosure Statement (the "Disclosure Statement Order"), shall be entitled to seek appropriate discovery of the Debtors for documents not contained in the Plan Depository in connection with confirmation of the Plan and the Plan

Support Agreements, solely to the extent of the issues set forth in such Initial Objection, in accordance with the procedures set forth herein; provided, however, that nothing contained herein shall preclude (i) an Eligible Creditor from, on or prior to the Final Objection Deadline, (a) filing a supplemental objection to confirmation to raise additional objections and provide legal and factual support therefor; provided, however, that, notwithstanding the filing of such supplemental objection, the discovery to be conducted by any such Eligible Creditor shall be limited to the issues set forth in the Initial Objection; (b) supplementing an Initial Objection by providing additional legal authorities and argument in support of the Initial Objection; and (c) supplementing an Initial Objection to include factual bases developed through the course of discovery provided herein or (ii) any party in interest from seeking discovery of any party, other than the Debtors, in connection with a properly filed objection to confirmation of the Plan and the party from whom discovery is sought objecting thereto.

7.      Any party or party in interest who does not file an Initial Objection shall not be permitted to seek discovery of the Debtors or any other entity/individual by any method in connection with confirmation of the Plan and the global compromise and settlements underlying the Plan, notwithstanding the filing of any objection other than an Initial Objection; provided, however, that, notwithstanding the foregoing, nothing contained in this Order shall inhibit the rights of any party or party in interest to object to confirmation of the Plan during the period from August 3, 2021 up to and including the Final Objection Deadline and, if any such objection is interposed and served on or prior to the Final Objection Deadline, to attend, but not participate in, depositions taken pursuant to Deposition Notices (as defined below) and prosecute such objection during the Confirmation Hearing.

**Plan Depository**

Case:17-03283-LTS   Doc#:16757   Filed:05/13/21   Entered:05/13/21 21:44:14   Desc: Main
Document   Page 37 of 70

8.      The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the DS Hearing Scheduling Order, shall remain in full force and effect and are unmodified except to the extent set forth herein (collectively, the "Plan Depository Procedures"):

a.      Every instance of "Disclosure Statement Depository" shall be replaced with "Plan Depository".[3]

b.      On or after July 13, 2021, the Debtors shall populate Plan Depository to include, in addition to the documents previously residing in the Plan Depository, at least the following documents (collectively, the "Documents"):

i.      Debtors' relevant non-privileged documents relied upon by Debtors in analyzing the various claims and causes of action being compromised and settled and/or assets referenced in Article II of the Plan; and

ii.     Debtors' relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

c.      Paragraph 2 of the Protective Order (as defined in the DS Hearing Scheduling Order) is amended as follows:

"Permissible Use of Confidential Information. All parties to this Protective Order, including their agents and representatives, agree to maintain the confidentiality and avoid improper disclosure of any Confidential Information in the Data Room. This includes any information derived from the Confidential Information, such as summaries, copies, or presentations containing or referencing Confidential Information. All Documents made

---

[3]  For the avoidance of doubt, the website on which the Plan Depository is accessible will be the same website as the depository established to review documents and information related to the Disclosure Statement, titleiiiplandataroom.com.

available in the Depository shall be used only in connection with evaluating confirmation of the Plan and not for any other purpose. Each Eligible Creditor will safeguard Confidential Information from unauthorized disclosure with the same standard of care each Eligible Creditor uses in maintaining the confidentiality of its own confidential information of a similar nature."

d.    Every instance of "Disclosure Statement" (other than in the titles of documents referenced therein) shall be replaced with "Plan and Plan Support Agreements".

9.    Any Eligible Creditor who provides the information requested on the Plan Depository website and attests to the truth of such information shall be provided access to the Plan Depository.  Further, any Eligible Creditor who executes the Protective Order by submitting an electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order Subscription") on the Plan Depository website shall be provided access to documents in the Plan Depository that have been designated as Confidential.  In addition, any representative of an Eligible Creditor who executes a Protective Order Subscription shall receive access to documents in the Plan Depository that have been designated as Confidential.

10.    Notwithstanding the placement of any document in the Plan Depository and the review of any such document by an Eligible Creditor, the Debtors shall maintain the right to object to the use or introduction of any document in the Plan Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a document contained in the Plan Depository has been created by the Debtors, such party shall have waived

the right to object to the use or introduction of such document on the basis of authenticity.
Additionally, to the extent that the Debtors inadvertently include privileged materials in the Plan
Depository, it shall not be deemed to comprise any waiver of any applicable privilege. Such
protective measures are necessary in order to provide the requesting parties access to relevant
materials in a timely and efficient manner.

11.     The Debtors are authorized to take any action necessary to implement this Order.

**Additional Discovery of the Debtors**

12.     In addition to being provided access to the Plan Depository, any of the Eligible
Creditor may serve upon or notice the Debtors only the following types of discovery requests in
connection with the Confirmation Hearing and the Plan Support Agreements in accordance with
the terms of this Order (collectively, the "Permitted Discovery") according to the following
deadlines:

On or before August 6, 2021:

    a.    Requests for production pursuant to Rule 34 of the Federal Rules
of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and
9014 (a "Production Request"); and

    b.    Requests for admissions pursuant to Rule 36, as incorporated by
Rules 7036 and 9014, solely with respect to the authentication of
documents intended to be offered as exhibits at the Confirmation
Hearing (an "Admission Request").

On or before August 17, 2021:

    a.    Notices for depositions upon oral examination of the persons on
the Debtors' Witness List pursuant to Rule 30 of the Federal Rules
of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and
9014 (a "Deposition Notice").

Notwithstanding the foregoing, in the event that an Eligible Creditor determines a need to depose
someone other than a person listed on the Debtors' Fact Witness List, (i) on or before August 17,
2021, such Eligible Creditor shall provide the Debtors, with a copy to the Court, a list of such

additional persons and stating the relationship of such additional person to the Initial Objection interposed by such Eligible Creditor and setting forth why the additional person's testimony is reasonably necessary, and not duplicative, given the availability of testimony from persons listed on the Debtors' Witness List and (ii) the Court shall conduct a status conference on August 23, 2021, at 9:30 a.m. A.S.T., or as soon thereafter as counsel may be heard, to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith.

13.     In the event that a Production Request is timely and properly served in accordance with the provisions of this Order, such Production Request must be accompanied by a certification, executed by counsel for the Eligible Creditor or, if the Eligible Creditor is not represented by counsel, by the Eligible Creditor, stating the relationship of such Production Request to the Initial Objection interposed by such Eligible Creditor and setting forth why the additional Production Request is reasonably necessary given the availability of information in the Depository.  Any Production Request must be served on or before August 6, 2021.

14.     The Debtors shall respond to a Production Request on or before August 16, 2021 if served in accordance with the Local Rules and the Disclosure Statement Order.

15.     Nothing contained herein shall inhibit the rights of a recipient of a Permitted Discovery request to object or respond to a Production Request, a Deposition Notice or an Admission Request as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA section 310.  In the event that an Eligible Creditor receives documents in response to a Production Request and such documents provide factual support for the Initial Objection or any supplement thereto previously interposed by such Eligible Creditor, such Eligible Creditor may, on or prior to October 8, 2021,

supplement such Initial Objection or any supplement thereto, as the case may be, to the extent of such additional factual information or legal issues arising therefrom.

16.     In the event that a Deposition Notice is timely and properly served in accordance with this Order, on or prior to August 25, 2021, the Debtors shall file a schedule of the date, time and place at which depositions shall be held between September 13 and October 4, 2021; provided, however, that, in the event that the Debtors supplement the Debtors' Fact Witness List in accordance with the provisions of decretal paragraph 2 hereof, each Eligible Creditor shall be entitled to serve a Deposition Notice with respect to any such supplemental witness up to the close of business on the third (3rd) business day following the filing of such supplemental Debtors' Fact Witness List and, within two (2) business days thereof, the Debtors shall inform such Eligible Creditor serving such supplemental Deposition Notice of the date, time and place at which such supplemental depositions shall be held; and, provided, further, that an Eligible Creditor may participate at any such deposition telephonically or in-person.  Any party in interest, other than an Eligible Creditor, that files an objection to confirmation of the Plan during the period from August 3, 2021, up to and including the Final Objection Deadline, shall be entitled to attend (telephonically or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.

17.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties. However, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026,

shall consider and grant additional time if appropriate.  Additionally, to the extent that the Debtors

seek to examine the deponent, such examination shall not be included in the prescribed seven (7)

hour limitation.

18.     Pursuant to Rule 16(c)(2)(F) of the Federal Rules of Civil Procedure, as

incorporated by Bankruptcy Rule 7016, no party in interest, Eligible Creditor or otherwise, shall

serve any discovery request in connection with the Confirmation Hearing and the Plan Support

Agreements that is outside the scope of Permitted Discovery herein.  In the event that the Debtors

receive or have received a discovery request that is not designated as Permitted Discovery, the

Court hereby relieves the Debtors from responding to any such request pursuant to Rules 16 and

26 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7016 and 7026.

**Discovery of Eligible Creditor and Other Parties**

19.     Nothing contained in this Order shall, nor shall it be construed to, limit the rights

of the Debtors or any other party in interest from taking discovery of any Eligible Creditor or any

other party which interposes an objection to confirmation of the Plan on or prior to the Final

Objection Deadline (collectively, the "Objecting Parties") by serving upon an Objecting Party, (1)

on or before August 6, 2021, a Production Request or an Admission Request; or (2) on or before

August 17, 2021, a Deposition Notice with regard to a person set forth on the Eligible Creditor's

Fact Witness List; provided, however, that, in the event that the Debtors determine a need to depose

someone other than a person listed on the Eligible Creditor's Witness List, the Debtors shall

provide the appropriate Eligible Creditor, with a copy to the Court, a list of such additional persons

and the Court shall conduct a status conference as soon as practicable to determine whether such

persons should be deposed and a Deposition Notice issued in connection therewith.  In the event

that a Production Request or an Admission Request is served upon an Objecting Party, such party

shall respond to such Production Request or Admission Request, as the case may be, so as to be actually received on or before August 16, 2021.

**Discovery Disputes**

20.     In the event that a dispute arises concerning any request for discovery in connection with confirmation of the Plan propounded by any of the Debtors or an Eligible Creditor, the party alleging non-compliance with any such request shall inform the non-responsive party of such dispute (a "Non-Compliance Notice"), with a copy to the Debtors in accordance with the notice provision set forth in decretal paragraph 14 hereof, and, (a) within one (1) Business Day of the Non-Compliance Notice, the Debtors shall inform the Court of the existence of any such dispute via telephone and the Court shall schedule a chambers conference, telephonic, virtual or in-person, as soon as possible to resolve or rule upon any such issues involved in such dispute and (b) within three (3) Business Days of the Non-Compliance Notice, each of the parties to such dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party.  Pending resolution of any such dispute, the parties to such dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

**Expert Witnesses and Reports**

21.     On or before August 30, 2021, the Debtors and each Eligible Creditor shall file a list (the "Initial Expert Witness List") setting forth (a) the names of the initial expert witnesses that such party anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period from September 13, 2021, through and including October 4, 2021, time(s), and location(s) each such witness will be available for deposition, and (c) the general area for which the testimony of any such witness shall be offered.  Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert

report at the time of disclosure of the identity of expert witnesses, each Debtor and Eligible Creditor who has timely disclosed the identity of an expert witness on the Debtors' Witness List or Eligible Creditor's Witness List, as applicable, shall disclose to the other Debtors and Eligible Creditors, with a copy to the Court, the accompanying expert report on or before September 3, 2021. On or before September 24, 2021, the Debtors and each Eligible Creditor (as defined below) shall file a list (the "Rebuttal Expert Witness List," and together with the Fact Witness List and the Initial Expert Witness List, the "Witness Lists") setting forth (a) the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period from September 13, 2021, through and including October 4, 2021, time(s), and location(s) each such witness will be available for deposition, and (c) the general area for which the testimony of any such witness shall be offered. Each Debtor and Eligible Creditor who has timely disclosed the identity of an expert witness on the Rebuttal Expert Witness List shall disclose to the other Debtors and Eligible Creditors, with a copy to the Court, the accompanying rebuttal expert report on or before October 1, 2021. Nothing in this paragraph is intended to modify any other requirement of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedures.

**Pre-Confirmation Hearing Conference**

22.    The Court shall conduct a pre-Confirmation Hearing conference to discuss motions in limine, the presentation of testimony, in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Debtors' Witness List and the Eligible Creditors' Witness List, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

**Confidentiality[4]**

23.     The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order remains in full force and effect.

24.     In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtors in connection with these Title III cases shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

25.     No Warranty of Accuracy.  Each Eligible Creditor understands that the Debtors will endeavor to include in the Confidential materials relevant for the purpose of evaluation of the Plan, but each Eligible Creditor acknowledges that the Debtors do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Debtors shall have any liability to any Eligible Creditor or its Representatives resulting from the use of such information by an Eligible Creditor or its Representatives.

26.     No Waiver.   No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

**Notice**

27.     Upon entry hereof, the Debtors shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**Jurisdiction**

28.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

---

[4]  Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

29.     This Order resolves Docket Entry No. _____ in Case No. 17-3283.

Dated: _____, 2021


_____
Hon. Laura Taylor Swain
United States District Court Judge

**Exhibit B**

**Enron Order**

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------- x
                                           :
In re                                      :        Chapter 11
                                           :
ENRON CORP., et al.,                       :        Case No. 01-16034 (AJG)
                                           :
                                           :        Jointly Administered
                    Debtors.               :
----------------------------------------------------------- x
```

### ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

By orders, dated January 9, 2004 (the "Disclosure Statement/Allowance Orders"),

the Court (a) approved, among other things, the adequacy of the information contained in the

disclosure statement (the "Disclosure Statement") related to that certain Fifth Amended Joint

Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated

January 9, 2004 (the "Plan"), filed by Enron Corp. and its affiliated Debtor entities, as debtors

and debtors in possession (collectively, the "Debtors") and (b) established, among other things,

(i) April 20, 2004 as the date for commencement of the hearing to consider confirmation of the

Plan (the "Confirmation Hearing") in accordance with section 1129 of title 11 of the United

States Code (the "Bankruptcy Code"), (ii) March 24, 2004 (the "Objection Deadline") as the last

date for the filing of objections to confirmation of the Plan, (iii) procedures in connection with

the temporary allowance of claims for voting purposes, and (iv) such other dates and procedures

as the Court deemed appropriate to facilitate an orderly consideration of confirmation of the

Plan; and the Court having entered that certain Second Amended Case Management Order

Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent

Website and Alternative Methods of Participation at Hearings, dated December 17, 2002 (the

"Case Management Order"), to facilitate the administration of the Debtors' chapter 11 cases; and the Court being cognizant of (a) the complexity of the issues attendant to the global compromise and settlement underlying the Plan and set forth in detail in the Disclosure Statement, (b) the need to establish additional procedures to facilitate the conduct of the Confirmation Hearing and (c) the need to establish additional procedures to facilitate discovery requests that may be made in connection with such global compromise and settlement and other issues attendant to confirmation of the Plan[1]; and the Debtors having served by notice of presentment a proposed order incorporating the suggestions of the Debtors, the statutory committee of unsecured creditors appointed in the Debtors' chapter 11 cases (the "Creditors' Committee"), the examiner appointed by the Court in connection with the chapter 11 case of Enron North America Corp. (the "ENA Examiner") and the Office of the United States Trustee (the "U.S. Trustee") to address such issues (the "Proposed Order"); and objections and responses having been interposed to the Proposed Order (collectively, the "Objections"); and the Court having held a hearing on February 11, 2004, to consider the Proposed Order and the Objections; and the Debtors having announced at the hearing modifications to the Proposed Order to address the Objections; and upon review, the Court has determined to supplement the procedures set forth in the Disclosure Statement/Allowance Orders to the limited extent provided herein; upon due consideration, good and sufficient cause appearing therefor, it is hereby ORDERED AS FOLLOWS:

1.     To the extent not otherwise resolved or withdrawn, each of the Objections is hereby overruled.

---

[1] In the event that the Debtors seek approval of the global compromise and settlement underlying the Plan by motion, rather than pursuant to the Plan, this Order and the discovery procedures outlined herein shall be equally applicable to such motion.

## Designation of the Debtors' Confirmation Hearing Witnesses

2.      On or before March 3, 2004, the Debtors shall publish a list (the "Debtors'
Witness List") setting forth (a) the names of the witnesses that the Debtors anticipate presenting
at the Confirmation Hearing, including, without limitation, any professionals retained by the
Creditors' Committee and (b) the general area for which the testimony of any such witness shall
be offered; provided, however, that, in the event that the Debtors determine to supplement the
Debtors' Witness List, for any reason, subsequent to the Objection Deadline, the Debtors shall
publish a supplement to the Debtors' Witness List on or before April 12, 2004 setting forth such
additional witness(es) and the general areas of testimony to be offered.  Notwithstanding the
designation of a person on the Debtors' Witness List, as the same may be supplemented, the
Debtors shall not be (a) required to present any such person during the Confirmation Hearing or
(b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the
Debtors' Witness List for the limited purpose of responding to any objections to confirmation
that may be interposed or in rebuttal to testimony offered or adduced at the Confirmation
Hearing in opposition to confirmation of the Plan.

3.      For purposes of the Confirmation Hearing, the Debtors may present the
testimony of any designated person by direct examination, a proffer of such person's testimony,
use of deposition testimony in accordance with Bankruptcy Rule 7032 or the submission of an
affidavit of such person, subject to (a) the rights of any party that has filed an objection to
confirmation of the Plan on or before the Objection Deadline to object to the presentation thereof
and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the
event that the Debtors intend to introduce such testimony by the submission of one or more
affidavits, (i) such affidavits shall be filed with the Court and served in accordance with the

provisions of the Case Management Order no later than two (2) Business Days[2] prior to the

commencement of the Confirmation Hearing and (ii) any such affiant shall be present at the

Confirmation Hearing and be available for cross-examination.

### Discovery of the Debtors,
### the Creditors' Committee or the ENA Examiner

4.      Notwithstanding the Objection Deadline, any party or party in interest

who, on or before March 3, 2004, files an objection to confirmation of the Plan, setting forth the

legal and factual basis in support thereof, and serves such objection upon the parties set forth in

paragraph 37 of the Disclosure Statement/Allowance Orders and in accordance with the Case

Management Order (collectively, an "Eligible Objectant"), shall be entitled to seek discovery of

the Debtors, the Creditors' Committee or the ENA Examiner in connection with confirmation of

the Plan and the global compromise and settlement underlying the Plan, solely to the extent of

the issues set forth in such objection, in accordance with the procedures set forth herein;

provided, however, that nothing contained herein shall preclude (i) an Eligible Objectant from,

on or prior to the Objection Deadline,( a) filing a supplemental objection to confirmation to raise

additional objections and provide legal and factual support therefor; provided, however, that,

notwithstanding the filing of such supplemental objection, the discovery to be conducted by any

such Eligible Objectant shall be limited to the issues set forth in the objection filed by such

Eligible Objectant on or prior to March 3, 2004 (the "Initial Objection"); (b) supplementing an

Initial Objection by providing additional legal authorities and argument in support of the Initial

Objection; and (c) supplementing an Initial Objection to include factual bases developed through

the course of discovery provided herein or (ii) any party in interest from seeking discovery of

---

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto
in the Plan.

any party, other than the Debtors, the Debtors' affiliates, the Creditors' Committee or the ENA

Examiner, in connection with a properly filed objection to confirmation of the Plan and such

party objecting thereto.

       5.     Any party or party in interest who does not file an objection to

confirmation of the Plan on or before March 3, 2004 shall not be permitted to seek discovery of

the Debtors, the Creditors' Committee or the ENA Examiner by any method in connection with

confirmation of the Plan and the global compromise and settlement underlying the Plan;

provided, however, that, notwithstanding the foregoing, nothing contained in this Order shall

inhibit the rights of any party or party in interest to object to confirmation of the Plan during the

period from March 4, 2004 up to and including the Objection Deadline and, if any such objection

is interposed and served on or prior to the Objection Deadline, to attend, but not participate in,

depositions taken pursuant to Deposition Notices, as defined below, and prosecute such objection

during the Confirmation Hearing.

### Establishment of Debtors' Document Depository

       6.     On or before March 3, 2004, the Debtors shall establish and staff an

electronic document depository (the "Depository") which shall include the following documents

(collectively, the "Depository Documents"):

      a.     Relevant non-privileged documents concerning issues associated with the
             global compromise and settlement underlying the Plan, including
             documents supporting Appendices C and M to the Disclosure Statement;

      b.     Relevant non-privileged documents concerning the ownership of certain
             assets and set forth in Section 2.1(b)(iii) of the Plan;

      c.     Relevant non-privileged documents concerning the Debtors' and the
             Creditors' Committee's substantive consolidation investigations,
             including, without limitation, the documents contained in the substantive
             consolidation document depository maintained by the Creditors'
             Committee, which document depository shall, upon inclusion of its

<blockquote>
documents in the Depository, shall be dismantled and discontinued by the Creditors' Committee;
</blockquote>

d.     Relevant non-privileged documents supporting the output of the Blackstone Model; and

e.     Relevant non-privileged documents concerning the valuation of CrossCountry, P GE and Prisma.

The Depository shall contain an electronic index of all documents in the Depository.  The Debtors shall use their reasonable best efforts to place Depository Documents in the Depository in accordance with the categories set forth in subsections (a) through (e) of this decretal paragraph 6; provided, h owever, that the Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtors shall not be responsible for the mis-categorization of any particular Depository Document and (ii) each Eligible Objectant should not rely upon the categorization of the Depository Documents and should review all categories of Depository Documents in their entirety.

7.     The Debtors, the Creditors' Committee and the ENA Examiner shall prepare a privilege log of all documents responsive to the categories set forth in decretal paragraphs 6(a) through (e) hereof to which any of the Debtors, the Creditors' Committee or the ENA Examiner asserts an available privilege (the "Privilege Log"), including a general description of any such document, and, in the event that a significant number of documents are listed on the Privilege Log, the Debtors shall use their reasonable best efforts to categorize such documents in accordance with the categories set forth in decretal paragraphs 6(a) through (e) hereof.  The Privilege Log shall be posted in the Document Depository on or prior to March 12, 2004.  In the event that an Eligible Objectant objects to the designation of a document as "privileged," such objection shall be resolved in accordance with the procedures set forth in decretal paragraph 17 hereof.

8.      The Creditors' Committee, the ENA Examiner and any Eligible Objectant who executes an acknowledgement in the form annexed hereto as Exhibit "A" (an "Acknowledgement Form") shall be provided access to the Document Depository within one (1) Business Day of execution and delivery thereof.

9.      Notwithstanding the placement of any document in the Document Depository and the review of any such document by an Eligible Objectant, t he Debtors, the Creditors' Committee and the ENA Examiner shall maintain the right to object to the use or introduction of any document in the Document Depository in any matter or proceeding on relevance grounds or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, h owever, t hat, to the extent that a document contained in the Document Depository has been created by the Debtors, the Creditors' Committee or the ENA Examiner, such party shall have waived the right to object to the use or introduction of such document on the basis of authenticity.

### Additional Discovery of the Debtors, the Creditors' Committee and the ENA Examiner

10.      In addition to being provided access to the Document Depository, on or before March 15, 2004, a ny of the Eligible Objectants may serve upon or notice the Debtors, the Creditors' Committee and the ENA Examiner only the following types of discovery requests in connection with the Confirmation Hearing and the global compromise and settlement underlying the Plan in accordance with the terms of this Order (collectively, the "Permitted Discovery"):

a.      Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (a "Production Request");

b.      Notices for Depositions upon Oral Examination of the persons on the Debtors' Witness List pursuant to Rule 30 of the Federal Rules of Civil

Procedure, as incorporated by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (a "Deposition Notice"); and

c.     Requests for Admissions pursuant to Rule 36, as incorporated by Rules 7036 and 9014, solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing (an "Admission Request").

Notwithstanding the foregoing, in the event that an Eligible Objectant determines a need to depose someone other than a person listed on the Debtors' Witness List,( i) on or before March 15, 2004, such Eligible Objectant shall provide the Debtors, the Creditors' Committee and the ENA Examiner, with a copy to the Court, a list of such additional persons and stating the relationship of such additional person to the objection interposed by such Eligible Objectant and (ii) the Court shall conduct a status conference on March 18, 2004, at 2:00 p.m., or as soon thereafter as counsel may be heard, to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith.

11.     In the event that a Production Request is timely and properly served in accordance with the provisions of this Order, such Production Request must be accompanied by a certification, executed by counsel for the Eligible Objectant, stating the relationship of such Production Request to the objection interposed by such Eligible Objectant.

12.     The Debtors, the Creditors' Committee and the ENA Examiner, as the case may be, shall respond to a Production Request on or before March 30, 2004 if served in accordance with the Case Management Order and actual receipt by counsel as follows:

*Via Facsimile and/or Hand Delivery to:*
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

- and -

John B. Strasburger, Esq.
Stephen T. Loden, Esq
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

- and –

Luc Despins, Esq.
Susheel Kirpalani, Esq.
MILBANK, TWEED, HADLEY & MCCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5660

- and –

Arthur Steinberg, Esq.
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8564
Facsimile: (212) 836-7157

Nothing contained herein shall inhibit the rights of a recipient of a Permitted Discovery request to object or respond to a Production Request, a Deposition Notice or an Admission Request as permitted by the Federal Rules of Civil Procedure governing discovery,a s incorporated by the Federal Rules of Bankruptcy Procedure.  In the event that, subsequent to March 24, 2004, an Eligible Objectant receives documents in response to a Production Request and such documents provide factual support for the Initial Objection or any supplement thereto previously interposed by such Eligible Objectant, such Eligible Objectant may, on or prior to April 9, 2004, supplement such Initial Objection or any supplement thereto, as the case may be, to the extent of such additional factual information or legal issues arising therefrom.

13.     In the event that a Deposition Notice is timely and properly served in accordance with this Order, on or prior to March 24, 2004, the Debtors shall publish a schedule in accordance with the Case Management Order of the date, time and place at which depositions shall be held; provided, however, that, in the event that the Debtors supplement the Debtors' Witness List in accordance with the provisions of decretal paragraph 2 hereof, each Eligible Objectant shall be entitled to serve a Deposition Notice with respect to any such supplemental witness up to the close of business on the third (3rd) Business Day following the publishing of such supplemental Debtors' Witness List and, within two (2) Business Days thereof, the Debtors shall inform such Eligible Objectant serving such supplemental Deposition Notice of the date, time and place at which such supplemental despositions shall be held; and, provided, further, that an Eligible Objectant may participate at any such deposition telephonically or in-person. Any party in interest, other than an Eligible Objectant, that files an objection to confirmation of the Plan during the period from March 4, 2004 up to and including the Objection Deadline, shall be entitled to attend (telephonically or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.

14.     Pursuant to Rule 16(c)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7016 of the Federal Rules of Bankruptcy Procedure, no party in interest, Eligible Objectant or otherwise, shall serve any discovery request in connection with the Confirmation Hearing and the global compromise and settlement underlying the Plan  that is outside the scope of Permitted Discovery herein.  In the event that the Debtors, an affiliate of the Debtors, the Creditors' Committee or the ENA Examiner receive a discovery request that is not designated as Permitted Discovery, the Court hereby grants the Debtors, such affiliate of the Debtors, the Creditors' Committee and the ENA Examiner protection from responding to any

such request pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, as

incorporated by Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

### Designation of Witnesses and Discovery
### of Eligible Objectants and Other Parties

15.    Nothing contained in this Order shall, nor shall it be construed to, limit the

rights of the Debtors, the Creditors' Committee or any other party in interest from taking

discovery of any Eligible Objectant or any other party which interposes an objection to

confirmation of the Plan on or prior to the Objection Deadline (collectively, the "Objecting

Parties") through the use of: (i) a Production Request; (2) a Deposition Notice with regard to a

person set forth on the Objecting Parties' Witness List, as defined below; provided,h owever,

that, in the event that the Debtors, the Creditors' Committee or the ENA Examiner determines a

need to depose someone other than a person listed on the Objecting Parties' Witness List, the

Debtors, the Creditors' Committee or the ENA Examiner, as the case may be, shall provide the

appropriate Eligible Objectant, with a copy to the Court, a list of such additional persons and the

Court shall conduct a status conference as soon as practicable to determine whether such persons

should be deposed and a Deposition Notice issued in connection therewith; or (3) an Admission

Request.  Without limiting the foregoing, (a) on or before March 31, 2004, the Objecting Parties

shall file in accordance with the Case Management Order, a list of the witnesses such parties

anticipate presenting at the Confirmation Hearing, including the date(s) during the period from

March 31, 2004 up to and including April 15, 2004, time(s), and location(s) each such witness

will be available for deposition by Debtors, the Creditors' Committee, the ENA Examiner or any

other party in interest ("Objecting Parties' Witness List") and (b) in the event that a Production

Request or an Admission Request is served upon an Objecting Party, such party shall respond to

such Production Request or Admission Request, as the case may be, within fifteen (15) days of service thereof.

16.  Notwithstanding the designation of a person on the Objecting Parties' Witness List, the Objecting Parties shall not be required to present any such person during the Confirmation Hearing.  For purposes of the Confirmation Hearing, the Objecting Parties may present the testimony of any designated person through direct examination, a proffer of such person's testimony, use of deposition testimony or the submission of an affidavit of such person, subject to the rights of the Debtors, the Creditors' Committee and the ENA Examiner to object to the presentation thereof and such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that the Objecting Parties intend to introduce such testimony through the submission of one or more affidavits, (a) such affidavits shall be filed with the Court and served in accordance with the provisions of the Case Management Order no later than two (2) Business Days prior to the commencement of the Confirmation Hearing and (b) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination.

## Discovery Disputes

17.  In the event that a dispute arises concerning any request for discovery in connection with confirmation of the Plan, propounded by any of the Debtors, the Creditors' Committee, the ENA Examiner or an Eligible Objectant, the party alleging non-compliance with any such request shall inform the non-responsive party of such dispute, with a copy to the Debtors in accordance with the notice provision set forth in decretal paragraph 12 hereof, and, within one (1) Business Day thereof,( a) the Debtors shall inform the Court of the existence of any such dispute via telephone and the Court shall schedule a chambers conference, telephonic or in-person, as soon as possible to resolve or rule upon any such issues involved in such dispute

12

and (b) each of the parties to such dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such dispute, the parties to such dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

### Pre-Confirmation Hearing Conference

18.    The Court shall conduct a pre-Confirmation Hearing conference on April 15, 2004 in Room 523 of the United States Customs House, One Bowling Green, New York, New York 10004, at 10:00 a.m., or as soon thereafter as counsel may be heard, to discuss motions in limine, the presentation of testimony, in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Debtors' Witness List and the Objecting Parties' Witness List, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

### Governmental Exception

19.    Notwithstanding any provision of this Order to the contrary, nothing contained herein shall preclude (a) any governmental entity, in the exercise of its police and regulatory power, and not with respect to issues raised by the Plan, the Confirmation Hearing or the global compromise and settlement underlying the Plan, from (i) requiring the attendance and testimony under oath of any person at a deposition, hearing, or trial or (ii) requiring any Debtor or other person to produce or allow inspection, copying, photographs, tests or samples of any documents in any Debtor's possession, custody or control pursuant to subpoena, deposition notice, or request for production from any court or administrative body of competent jurisdiction except with respect to any individuals appointed pursuant to section 1104 of the Bankruptcy

Code and their agents or representatives and (b) the Debtors from asserting any privileges or other defenses to such subpoenas or administrative requests for production.

### Confidentiality

20.  Nondisclosure of Confidential Information.  Each Eligible Objectant shall use Confidential Information, as defined below, **solely** in connection with the prosecution of its objection to confirmation of the Plan, including, without limitation, in furtherance of any of the Permitted Discovery, as the same may be authorized by this Order or such other order as may be entered by the Court (the "Confirmation Matter").  Except as may otherwise be permitted in accordance with the provisions of this Order, each Eligible Objectant shall not disclose the Confidential Information provided by the Debtors, the Creditors' Committee or the ENA Examiner and contained in the Depository Documents without the Debtors' prior written consent to any person not bound by the provisions of this Order, other than your agents, representatives, or other professional representatives (collectively, the "Representatives") who need to know the Confidential Information for the Confirmation Matter.  Representatives shall (i) be informed by each Eligible Objectant of the confidential nature of the Confidential Information and the requirement that such Confidential Information not be used other than for the purposes described above, (ii) be required to be bound to maintain the confidentiality of Confidential Information pursuant to the terms of this Order as a condition of receiving the Confidential Information, and (iii) be required to sign the Acknowledgement Form; provided, however, that a non-testifying consultant shall (1) be obligated to execute an Acknowledgement Form and the Eligible Objectant shall retain such executed Acknowledgement Form pending the designation of such person on the Objecting Parties' Witness List, at which time, the executed Acknowledgement Form shall be provided to the Debtors, and (2) in the event not designated on the Objecting

Parties' Witness List, upon conclusion of the Confirmation Hearing, return to the Debtors all

Confidential Information received by such non-testifying consultant.  Each Eligible Objectant

shall be responsible for any breach of this Order by any of their Representatives; provided,

however, that so long as each Eligible Objectant has complied with clauses (i) through (iii)

above, the providing of Confidential Information to its Representatives shall not constitute a

breach of this Order.  Each Eligible Objectant will safeguard Confidential Information from

unauthorized disclosure with the same standard of care each Eligible Objectant uses in

maintaining the confidentiality of its own confidential information of a similar nature, which

shall, under no circumstances, be less than a reasonable standard of care.  If the person signing

an Acknowledgement Form is an attorney, he or she is authorized to provide the Confidential

Information to his or her client(s) only if such client(s) execute(s) the Acknowledgement Form

prior to the dissemination of Confidential Information by such attorney to such client(s) and

returns such executed Acknowledgement Form to the Debtors (to the attention of Brian S. Rosen,

Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153) and a copy

to (i) the Creditors' Committee (to the attention of Luc A. Despins, Esq., Milbank, Tweed,

Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, New York 10005) and (2) the

ENA Examiner (to the attention of Arthur Steinberg, Esq., Kaye Scholer LLP, 425 Park Avenue,

New York, New York 10022).  The term "person" as used in decretal paragraphs 20 through 28

hereof shall be broadly interpreted to include, without limitation, any corporation, company,

partnership, individual or other entity.  To the extent that Confidential Information is to be

shared by an Eligible Objectant with any of its Representatives, and such person has not

previously executed a confidentiality agreement with the Debtors specifically covering the

Confidential Information, such person shall execute the Acknowledgement Form prior to the

dissemination of Confidential Information, or such other form of confidentiality arrangement as

may be acceptable to the Debtors, the Creditors' Committee and the ENA Examiner, and return

such executed Acknowledgement Form to the Debtors (to the attention of Brian S. Rosen, Esq.,

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153) and a copy to

(1) the Creditors' Committee (to the attention of Luc A. Despins, Esq., Milbank, Tweed, Hadley

& McCloy LLP, One Chase Manhattan Plaza, New York, New York 10005) and (2) the ENA

Examiner (to the attention of Arthur Steinberg, Esq., Kaye Scholer LLP, 425 Park Avenue, New

York, New York 10022).

   21. <u>Notice Preceding Compelled Disclosure</u>.  Except with respect to a request

of Congress or any committee, joint committee or subcommittee thereof or request of the

Comptroller General, if an Eligible Objectant or its Representatives are requested or required (by

oral question, interrogatories, requests for information or documents, subpoena, civil

investigative demand or request,o r similar process or pursuant to applicable law, including any

request made pursuant to the Freedom of Information Act ("FOIA"), or similar state or local law,

litigation based on FOIA or such state or local law, to the extent applicable) to disclose any

Confidential Information, such Eligible Objectant will promptly give the Debtors (to the

attention of Brian S. Rosen, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York,

New York 10153), the Creditors' Committee (to the attention of Luc A. Despins, Esq., Milbank,

Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005) and the

ENA Examiner (to the attention of Arthur Steinberg, Esq., Kaye Scholer LLP, 425 Park Avenue,

New York, New York 10022) written notice of such request or requirement as far in advance of

any disclosure as is practicable so the parties may seek an appropriate protective order or waiver

in compliance with provisions of this Order.  If, in the absence of a protective order or the receipt

of a waiver hereunder, an Eligible Objectant or its Representatives are required or requested to
disclose the Confidential Information, such Eligible Objectant may disclose only such of the
Confidential Information to the party compelling disclosure that it is required or requested to
disclose.  Each Eligible Objectant shall not be liable for the disclosure of Confidential
Information pursuant to the preceding sentence.  Each Eligible Objectant will reasonably
cooperate with the parties to obtain a protective order or other reliable assurance that confidential
treatment will be accorded the Confidential Information.

      22.    <u>Application of Securities Laws</u>.  Each person signing an
Acknowledgement Form understands that, as a result of its receipt of the Confidential
Information and participation in discussions with respect to the Confirmation Matter, such
person may be deemed to be in possession of material, nonpublic information relating to the
Debtors.  Each such person acknowledges that it is aware (and that the Representatives,
directors, officers, employees, and representatives who are apprised of this matter have been
advised) that the United States securities laws apply to such person.  If a person signing an
Acknowledgement Form trades securities, such person represents that it has implemented and
will comply with one or a combination of policies and procedures, reasonable and appropriate
under the circumstances, taking into consideration the nature of its business, to ensure
individuals making investment decisions with respect to the securities of the Debtors, whether
for the individuals or clients or customers, do not violate the Securities Exchange Act of 1934, as
amended (the "1934 Act") or related rules and similar state laws.

      23.    <u>Definition of "Confidential Information"</u>.  "Confidential Information"
means all information that is furnished to an Eligible Objectant or its Representatives by the
Debtors, the Creditors' Committee or the ENA Examiner or their directors, officers, employees,

attorneys, Representatives or other representatives (collectively, the "Plan Representatives")

through the Depository or Permitted Discovery in connection with the Confirmation Matter, and

is designated in writing (on the document itself, in the case of a document that is Confidential

Information) either as confidential, proprietary or otherwise not generally available to the public.

Notwithstanding the foregoing, the following will not constitute Confidential Information: (i)

information that is or becomes generally available to the public other than as a result of a breach

of this Order by such Eligible Objectant or its Representatives or through discovery; provided,

however, any such information obtained through discovery which is subject to a confidentiality

agreement or other restrictions will remain subject to such agreement or restrictions, (ii)

information that was already in its files on a nonconfidential basis prior to being furnished to

such Eligible Objectant by the Debtors, (iii) information that becomes available to such Eligible

Objectant on a nonconfidential basis from a source other than the Debtors, the ENA Examiner or

the Creditors' Committee if such source was not, to the best of its knowledge, subject to any

prohibition against transmitting the information to such Eligible Objectant, or (iv) information

independently developed by such Eligible Objectant without use of Confidential Information.

Derivations, summaries and analyses of Confidential Information prepared by an Eligible

Objectant or on its behalf shall be "Confidential Information"; provided, however, that

conclusions, recommendations and positions asserted by, or on behalf of, an Eligible Objectant

shall not be deemed "Confidential Information" if such conclusions, recommendations or

positions do not include or set forth Confidential Information. Notwithstanding the foregoing,

upon notification by the Debtors that any of the Debtors, the Creditors' Committee or the ENA

Examiner has inadvertently included information in the Depository or produced pursuant to a

Production Request that should not have been included (whether because of applicable privilege

or otherwise), each Eligible Objectant shall return or destroy any copies of such information

retained within twenty-four (24) hours of notification and each Eligible Objectant shall not to

contest the Debtors' recall of such information until after its return or destruction.

24.    <u>Special Rules for Filings and Submissions</u>.  If an Eligible Objectant or its

Representatives determine to file or otherwise submit to the Court any documents or exhibits

containing or making references to the content of Confidential Information, including, but not

limited to, pleadings, memoranda, transcripts and discovery responses, such documents or

exhibits shall be filed under seal in a sealed envelope marked with the caption of the

Confirmation Hearing and bearing the following statement:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY
AGREEMENT DATED _____.  THIS ENVELOPE IS
NOT TO BE OPENED NOR THE CONTENTS THEREOF
DISPLAYED OR REVEALED EXCEPT BY OR AS DIRECTED
BY THE COURT.

; unless (i) at least two (2) business days (but in no event less than 48 hours) prior to the

commencement of Confirmation Hearing, an Eligible Objectant designates to the Debtors (a)

such documents or exhibits it determines to file or otherwise submit to the Bankruptcy Court

and/or (b) the Confidential Information an Eligible Objectant determines to reference or

otherwise use at the Confirmation Hearing, and (ii) such Eligible Objectant either (1) obtains

from the Debtors, with respect to Confidential Information provided by the Debtors, the

Creditors' Committee or the ENA Examiner, a waiver of the prohibition against (y) filing such

designated documents or exhibits (except under seal) and/or (z) using such designated

Confidential Information at the Confirmation Hearing, or (2) obtains an order of the Court, upon

prior written notice to the Debtors, the Creditors' Committee and the ENA Examiner, modifying
or eliminating such prohibition.

    25. <u>Return of Information</u>.  The written Confidential Information, except for
that portion of the Confidential Information that may be found in analyses, compilations, studies
or other documents prepared by or for an Eligible Objectant, shall promptly, upon request, be
returned to the Debtors.  Upon such request, that portion of the Confidential Information that
may be found in analyses, compilations, studies or other documents prepared by or for an
Eligible Objectant (including all written material, memoranda, notes and other writings or
recordings whatsoever), oral Confidential Information and written Confidential Information not
so requested or returned will be promptly destroyed and a certificate of destruction shall be
delivered to the Debtors by each Eligible Objectant or one of its Representatives who shall have
supervised such destruction.  Nothing set forth in this decretal paragraph 25 shall require the
destruction of work product.  The return and/or destruction of Confidential Information
referenced in this decretal paragraph 25 shall not be required prior to the entry of a Final Order
(or orders) confirming the Plan, as the same may be amended, modified or supplemented.

    26. <u>No Warranty of Accuracy</u>.  Each Eligible Objectant understands that Plan
Representatives will endeavor to include in the Confidential Information materials relevant for
the purpose of evaluation of the Confirmation Matter, but each Eligible Objectant acknowledges
that the Plan Representatives do not make any representation or warranty as to the accuracy or
completeness of any Confidential Information so provided, and none of the Plan Representatives
shall have any liability to any Eligible Objectant or its Representatives resulting from the use of
such information by an Eligible Objectant or its Representatives.

27.     <u>No Waiver</u>.  No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

28.     <u>Remedies, Jurisdiction and Governing Law</u>.  Without determining the effect of any breach, money damages may not be a sufficient remedy for any breach of this Order by an Eligible Objectant or its Representatives, and specific performance and injunctive relief are available as remedies upon proof of any such breach.  Such remedies shall not be deemed to be the exclusive remedies for a breach of this Order by an Eligible Objectant or any of its Representatives but shall be in addition to all other remedies available at law or in equity.  Each Eligible Objectant and the Debtors shall confer in good faith over any disagreement in connection with this Order before claiming noncompliance to any third party or this Court; <u>provided,</u>h owever, that the Debtors shall have the right to refuse continued access to the Depository to such Eligible Objectant and its Representatives if the Debtors determine that such Eligible Objectant has breached its obligations hereunder.  The parties hereto shall have the right to immediately apply to the Court to resolve any issue in connection with this Order or alleged breach thereof, including, without limitation, the assessment of damages as a result thereof, and, in the event that an Eligible Objectant's access to the Depository has been terminated by the Debtors, the Court shall conduct a chambers conference with respect thereto, in accordance with the provisions of decretal paragraph 17 hereof, no later than 12:00 noon of the following Business Day.

## Notice

29.    Upon entry hereof, the Debtors shall serve a copy of this Order upon all

parties entitled to service in accordance with the provisions of the Case Management Order.

Dated: New York, New York
       February 13, 2004

                                          s/Arthur J. Gonzalez
                                          HONORABLE ARTHUR J. GONZALEZ
                                          UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT "A"

### ACKNOWLEDGEMENT

I hereby certify to Enron Corp. and its subsidiaries, the Official Committee of Unsecured Creditors and the ENA Examiner that I have read the attached Order Establishing, Among Other Things, Procedures And Deadlines Concerning Objections To Confirmation And Discovery In Connection Therewith, d ated February ___, 2004 (the "Order"), and that I understand that I may not disclose any Confidential Information (as defined therein) except as provided in the Order.  I further recognize that I am bound by the terms of the Order and I agree to comply with those terms.

Dated: _____

_____

Signature

Name: _____

Address: _____