# United States Court of Appeals
# For the First Circuit

## In Re: Enrique Vázquez Quintana

Petitioner
Before
Howard, Chief Justice,
Lynch and Kayatta, Circuit Judges

May 14, 2021

**CIVIL CASE NUM. 20-1752**
**MANDAMUS**
**CASE NUM. 20-1859 BOSTON APPEALS COURT**
**CASE NUM. 20-1914 BOSTON APPEALS COURT**

### MOTION INFORMING THE COURT

Now comes, Dr. Enrique Vázquez Quintana, Pro Se and respectfully informs this honorable court that on April 15, 2021 I signed a Stipulation with the Department of Justice and myself to the effect of lifting the Stay under PROMESA Act. (Copy included) Your communication undated received by me on May10, 2021 claiming that I failed to comply with the required case procedures. You are citing a document emitted prior to the April 1, 20221 Stipulation.

I include copy of the Stipulation and a letter from the Department of Justice of Puerto Rico indicating that I have nothing else to do, that this honorable court will proceed with the case.

Respectfully submitted,

Enrique Vázquez Quintana, MD
Pro Se
May 14, 2021

IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF PUERTO RICO

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD

FOR PUERTO RICO                                             PROMESA TITLE III

As representative of                                        Num. 17BK3283-LTS

THE COMMONWEALTH OF PUERTO RICO, ET AL

Debtors


Enrique Vázquez Quintana, MD
Plaintiff Pro Se

To the Hon. Diana M. Pérez Counsel to AAFAF

                Case # 3:19-cv-1491-JAG
                No. 20-1859 Boston Appeals Court
                No. 20-1914 Boston Appeals Court
                No. 20-1752 Mandamus

MOTION TO EXTEND THE LIFTING OF STAY UNTIL THE CASE ENDS IN THE APPEALS COURT OR THE SUPREME COURT OF THE UNITED STATES OF AMERICA

Now comes Dr. Enrique Vázquez Quintana, Pro Se and respectfully request the extension of the lift of stay in the above cases until they are completely solved in the United States courts.

On September 10, 2019 a stipulation was reached between the government of Puerto Rico represented by the Secretary of Justice, Hon. Dennise Longo-Quiñones, the Hon. Wandymar Burgos Vargas, Deputy Secretary in Litigation at the Department of Justice and myself, following the approval of the lifting of the stay by the Hon. Judge Laura Taylor Swain.
Following that stipulation the case continued in the District Court of San Juan, Puerto Rico. The case was stalled, going nowhere, so I placed a Mandamus to the Boston Appeals Court asking for the recusal of the Hon. Judge Jay García Gregory and the assignment of a judge from the United States. The local federal judges

know the judges of the local system. One week later the Hon. Judge García Gregory during an episode of rage placed five motions in my docket, all of them against me, dismissing the case with prejudice in favor of the seven judges of the local judiciary system. It is evident that the Hon. Judge Jay García Gregory is prejudiced against me.

The judges of the three local courts sentenced that I caused a dementia to one of my patients after an operation of the thyroid and parathyroid glands who developed low calcium (hypocalcemia). The Supreme Court by a 5 to 4 vote emitted a Sentence, not an Opinion. They wanted to punish me because I dare to suit and win a case against a lawyer who presented a frivolous lawsuit against me. The Sentence is an aberrant decision, it is against all scientific knowledge, similar to prevarication, a sentence that cannot be corroborated by any other means. This case has no scientific or judicial precedent, it neither creates jurisprudence, so it is a fiction or fantasy.

The seven local judges violated my civil and human rights. I am already 83 years old with multiple diseases, some of them resulting from Agent Orange exposure while in Vietnam. On March 2, 2018 I had coronary by-pass surgery. My case have to be decided and the injustice corrected before I die. The case is taking too long. The last obstacle is the Appeals Court of Boston bringing up the issue of the stay under PROMESA.

The Appeals Court is delaying the case to favor the local judges and the Hon. Judge Jay García Gregory who favored a wrong Sentence emitted by the Supreme Court of Puerto Rico. In fact, those seven judges confabulated to punish me for having won a frivolous suit against me, this can be interpreted as a transgression of the law.

How hard is to correct an injustice in our judicial system.

I beg you to reevaluate this petition and recommend to extend the lifting of stay so that the case can be finished as soon as possible in the Appeals Boston Court or the Supreme Court if needed.

I will send a copy of your decision to the Hon. Judge Laura Taylor Swain

Respectfully,

Enrique Vázquez-Quintana, MD
Pro Se
March 24, 2021

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

No. 20-1752

IN RE: ENRIQUE VAZQUEZ-QUINTANA,

Petitioner.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

## INFORMATIVE MOTION

**COME NOW,** Respondents, Hon. Liana Fiol-Matta; Hon. Anabelle Rodríguez-Rodríguez; Hon. Maite D. Oronoz-Rodriguez; Hon. Erick V. Kolthoff-Caraballo; Hon. Roberto Feliberti-Cintrón; and Hon. Gloria M. Soto-Burgos, through the undersigned attorney and respectfully state and pray as follows:

1. On March 1, 2021, this Honorable Court stayed the appeals in related cases Nos. 20-1859 and 20-1914, in light of the filing by the Commonwealth of Puerto Rico of a petition for reorganization, pursuant to Title III of PROMESA. At that time, the present case had been dismissed by this Honorable Court, but Petitioner had filed a motion requesting rehearing, which is pending.

1

2. On April 15, 2021, the parties entered into a "Stipulation Further Modifying the Automatic Stay between the Commonwealth of Puerto Rico and Enrique Vázquez Quintana", modifying the automatic stay solely to the limited extent necessary to allow the appeal in this case, and those in cases Nos. 20-1859 and 20-1914, to proceed to final judgment before this Honorable Court and the Supreme Court of the United States; provided, however, that the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment for money damages and provisional remedies against the Commonwealth or any other Title III debtor. *See* Exhibit I.

3. In view of the foregoing, Defendants respectfully request that this Honorable Court take notice of the stipulation to modify the automatic stay and reopen the instant case so that the parties can continue with the litigation.

**WHEREFORE**, Defendants very respectfully request that this Honorable Court take notice of the stipulation to modify the automatic stay and reopen the instant case, so that the parties can continue with the litigation.

**RESPECTFULLY SUBMITTED.**

3

## CERTIFICATE OF FILING AND SERVICE

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Additionally, I am sending copy of this motion to Dr. Enrique Vázquez-Quintana, evazquezmd@gmail.com.

In San Juan, Puerto Rico this 25th day of April, 2021.

**FERNANDO FIGUEROA-SANTIAGO**
Solicitor General of Puerto Rico

*s/Carlos Lugo-Fiol*
**CARLOS LUGO-FIOL**
USCA No. 41677
P.O. Box 260150
San Juan, P.R. 00926
Tel. (787) 645-4211
E-mail: clugofiol@gmail.com

3

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |

## STIPULATION FURTHER MODIFYING THE AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND ENRIQUE VÁZQUEZ QUINTANA

This stipulation (the "Stipulation") is made as of April 15, 2021, by and between the Commonwealth of Puerto Rico (the "Commonwealth") and Enrique Vázquez-Quintana

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5223-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("Movant"), plaintiff-appellant in the cases captioned *In Re Enrique Vázquez-Quintana*, No. 20-1752; *Dr. Enrique Vázquez-Quintana v. Hon. José A. Morales-Rodríguez*, Case No. 20-1859; and *Dr. Enrique Vázquez-Quintana v. Hon. Liana Fiol-Matta, et al.*, Case No. 20-1914 (collectively, the "Appeals"), pending before the United States Court of Appeals for the First Circuit (the "First Circuit").[2]

## RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "Title III Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, the District Court entered the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF No. 15894-1];

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Commonwealth to enter into this Stipulation.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

2

WHEREAS, under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

WHEREAS, on September 10, 2019, Movant and the Commonwealth entered into that certain *Stipulation Modifying the Automatic Stay Between the Commonwealth of Puerto Rico and Enrique Vázquez Quintana* (the "2019 Stipulation") to modify the Title III Stay solely to the limited extent necessary to allow the case captioned *Dr. Enrique Vázquez-Quintana v. Hon. Liana Fiol- Matta, et al.*, Case No. 19-491 (the "Prepetition Action"), which is the subject of one of the Appeals, to proceed to final judgment before the United States District Court for the District of Puerto Rico. The Title III Court approved the 2019 Stipulation pursuant to the *Twelfth Omnibus Order Granting Relief from the Automatic Stay* [ECF No. 8877-1]:[4]

WHEREAS, on March 24, 2021, Movant sent his Lift Stay Notice to the Oversight Board and AAFAF seeking further relief from the Title III Stay to allow Movant to proceed with the Appeals;

WHEREAS, during the Lift Stay Notice Period, the Parties have resolved Movant's request for modification of the Title III Stay.

---

[4] Following entry into the 2019 Stipulation, on August 14, 2020, the District Court entered judgment dismissing the Prepetition Action with prejudice. Movant filed two direct appeals of the judgment and a mandamus action, which are the subject of the Appeals.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Commonwealth, through its counsel, and Movant, appearing *pro se*, each of whom represent and warrant they possess the requisite authority to bind the respective Parties hereto, as follows:

1. The Title III Stay is hereby modified solely to the limited extent necessary to allow the Appeals to proceed to final judgment before the First Circuit and the United States Supreme Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Appeals, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages, backpay and provisional remedies against the Commonwealth or any other Title III Debtor.

2. Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movant as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any and all matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action or the Appeals under a plan of adjustment or otherwise in the Title III Case.

3. The Commonwealth and Movant each represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

4. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver

4

of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action or the Appeals, or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movant's or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Prepetition Action or the Appeals pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the Parties under Bankruptcy Code section 365.

5. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

6. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

7. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

8. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

9. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto.

10. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

11. This Stipulation shall be immediately effective and enforceable upon execution by the Parties hereto.

*Remainder of Page Intentionally Left Blank*

IN WITNESS WHEREOF and in agreement herewith, the Commonwealth, by and through its counsel, and Movant have executed and delivered this Stipulation as of the date first set forth above.

DOMINGO EMANUELLI HERNÁNDEZ
Secretary of Justice

/s/ *[signature]*
SUSANA I. PEÑAGARICANO BROWN
USDC No. 219907
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404
spenagaricano@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

/s/ *[signature]*
ENRIQUE VÁZQUEZ-QUINTANA, MD
*PRO SE*
evazquezmd@gmail.com

*Movant*