# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE | PROMESA<br>Title III<br><br>Adv. Proc. No. 20-00005-LTS |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

| |
|---|
| GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, |
| Defendants. |

**THE DRA PARTIES' RESERVATION OF RIGHTS AND STATEMENT IN RESPONSE TO THE URGENT JOINT MOTION TO STAY CERTAIN CONTESTED MATTERS AND ADVERSARY PROCEEDINGS RELATED TO BONDS ISSUED BY THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY ("HTA"), THE PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY ("CCDA"), AND THE PUERTO RICO INFRASTRUCTURE FINANCING AUTHORITY ("PRIFA")**

To the Honorable United States District Court Judge Laura Taylor Swain:

**COME NOW** AmeriNational Community Services, LLC (the "AmeriNat" or "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor," and together with the Servicer, collectively, the "DRA Parties"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds that the DRA issued pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 (the "GDB Restructuring Act"), and the approved Qualifying Modification for the Government Development Bank for Puerto Rico (the "GDB")[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), by and through the undersigned legal counsel, and respectfully submit this Statement (the "Statement") to *The Urgent Joint Motion to Stay Certain Contested Matters and Adversary Proceedings Related to Bonds Issued by the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Convention Center District Authority ("CCDA"), and the Puerto Rico Infrastructure*

---

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS) (Nov. 7, 2018).

*Financing Authority ("PRIFA")* [Dkt. No. 16739[3]] (the "Stay Motion"). Capitalized terms used herein that are not defined shall have the meanings set forth in the Stay Motion.

## STATEMENT

The Stay Motion seeks this Court's approval to stay an array of litigation among Assured, National, (the "Initial PSA Creditors") and the Oversight Board (and jointly with the Initial PSA Creditors, the "Parties"), who are signatories to the May 5, 2021 *HTA/CCDA Related Plan Support Agreement* (the "HTA PSA") [Dkt. No. 16741-3], as adopted and incorporated into the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Third Amended Plan"). *See* Dkt. No. 16740. In particular, the Parties seek a stay of the Clawback Actions, the Lift Stay Motions, the Section 926 Motion, the Fiscal Plan Adversary, and the Rule 2004 Joinders.

While the DRA Parties do not object to the proposed stay of the relevant litigation, they note that (i) the settlement between the Parties, as described in the HTA PSA, is largely based on a settlement of claims at HTA – where the DRA is the largest creditor and (ii) the Parties reached the settlement without the involvement or inclusion of the DRA Parties. The DRA, as successor to the GDB, is the holder of more than $1.7 billion in principal amount of loans to HTA and of more than $200 million of principal in Series 1998 HTA bonds. As collateral to secure the obligations owed to the DRA, HTA pledged excise certain tax revenues to DRA, including an assortment of revenue streams such as gasoline taxes, gas, oil and diesel oil taxes, motor vehicle and license fees, toll revenues, petroleum products taxes, and cigarette taxes (the Act 30-31 Revenues). *See* Dkt. No. 16276. The Oversight Board has not, and cannot contest the DRA's

---

[3] Unless otherwise specifically identified in this Response, the term "Dkt. No." shall refer to Case No. 17-03283 (LTS).

liens at HTA. *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS) at ¶¶ 25-26, 31, and 35; 7 P.R. Laws Ann. § 3212; 11 U.S.C. § 546(a)(1)(A) (providing a trustee with "2 years after the entry of the order for relief" to commence an action to avoid a lien under the trustee's avoidance powers).

The proposed settlement in the HTA PSA is based on the flawed presumption that DRA's loan claims are subordinate (or at most *pari passu*) to the settling HTA bondholders' claims. However, to date no court has found the DRA's loan claims subordinate to the HTA bondholders' claims – and indeed, at oral argument on the monolines' appeal of the order denying their lift stay motion, Judge Lipez of the First Circuit Court of Appeals suggested the DRA has stronger liens in the Act 30-31 Revenues than the HTA bondholders because its lien on the excise tax revenues is not dependent on the location of such revenues. *See* Tr. At 47:2-47:9 (1st Cir. Feb. 4, 2021) ("Do you agree that if the bond resolution contained the kind of language that I just quoted from the [DRA] brief that [the Monolines] would be in a much stronger position to argue that the pledged revenues were not contingent on what HTA or the Commonwealth happened to deposit into the sinking fund"). This should raise questions for the Court as to what exactly the Parties to the HTA PSA have agreed, and what the effects of the HTA PSA really are. Specifically, the HTA PSA – and the since-filed Third Amended Plan – propose to definitively establish the priority of claims against HTA, and to place the DRA's claims junior to the HTA bondholder claims. *See* Dkt. No. 16740 at p. J-12. The Parties are further seeking to consummate this settlement – and make distributions to the HTA bondholders in reliance thereon - in connection with the Commonwealth's Third Amended Plan. This construct seems designed to deprive other HTA creditors, including the DRA, of their right to vote on the treatment and the priority of their claims as part of an HTA plan of adjustment,

which is not intended to be filed prior to January 2022, possibly after the confirmation and consummation of the Third Amended Plan.

By entering into the HTA PSA with potentially subordinate bondholders, the Oversight Board appears intent to "settle" the DRA's recoveries despite ignoring the DRA's potentially senior claims to the HTA bondholders. While the Parties may, of course, agree to settle as between themselves, their determination of the priority of claims at HTA is not binding on this Court or any other party, including the DRA. These are issues the Court will need to resolve prior to confirmation of Third Amended Plan – as well as any plan to be filed at HTA.

The DRA Parties reserve all rights to challenge the proposed settlement in the HTA PSA and Third Amended Plan, contest any issues that have been raised in the stayed litigation, and challenge confirmation of the Third Amended Plan on those lines, as well as any other grounds that are available and appropriate under the law or at equity.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 18th day of May, 2021.

**WE HEREBY CERTIFY** that, in accordance with the Court's *Fourteenth Amended Notice, Case Management and Administrative Procedures Order* (the "CMP Order") [Dkt. 15894-1] on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the CMP Order, as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

| **MCCONNELL VALDÉS LLC** | **C. CONDE & ASSOC. LAW OFFICES** |
|---|---|
| 270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>P.O. Box 364225<br>San Juan, PR 00936-4225<br>Tel: 787-250-5632<br>Fax: 787-759-9225<br><br>By: */s/ Arturo J. García-Solá* | By: */s/ Carmen D. Conde Torres*<br>Carmen D. Conde Torres<br>(USDC No. 207312)<br><br>*/s/ Luisa S. Valle Castro*<br>Luisa S. Valle Castro<br>(USDC No. 215611) |

Arturo J. García-Solá
(USDC No. 201903)
E-mail: ajg@mcvpr.com

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
(USDC No. 226411)
E-mail: nzt@mcvpr.com

**Attorneys for AmeriNational Community Services, LLC, as Servicer for the GDB Debt Recovery Authority**

254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel:   787-729-2900
Fax:   787-729-2203
E-mail: condecarmen@condelaw.com

-and-

**SCHULTE ROTH & ZABEL LLP**

By:   */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted *pro hac vice*)
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Tel:   202-729-7470
Fax:   202-730-4520
E-mail: douglas.mintz@srz.com

-and-

Douglas Koff (admitted *pro hac vice*)
Abbey Walsh (admitted *pro hac vice*)
Peter J. Amend (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Tel:   212-756-2000
Fax:   212-593-5955

E-mail:       douglas.koff@srz.com
              abbey.walsh@srz.com
              peter.amend@srz.com

**Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for the GDB Debt Recovery Authority**