18 ASAMBLEA 3 SESION
LEGISLATIVA    ORDINARIA
Ley Núm. _____ 147
(Aprobada en 3 de julio de 2018)

# (P. del S. 908)

## LEY

Para enmendar los Artículos 103, 201, 203 204, 205, 206, añadir un nuevo Artículo 207, renumerar los Artículos 207 al 209 como Artículos 208 al 210, respectivamente, enmendar los Artículos 208 y 210, según renumerados, derogar el Artículo 302 y añadir un nuevo Artículo 302, enmendar los Artículos 305, 401, 403, 404, 405, 406 y 407, añadir un nuevo Artículo 408, enmendar el título del Capítulo 5, enmendar los Artículos 501, 502 y 504, renumerar los Artículos 705 al 708 como Artículos 707 al 710, respectivamente, y añadir nuevos Artículos 705 y 706 a la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", a los fines de incorporar ciertas enmiendas técnicas necesarias para viabilizar la transacción de la reestructuración de la deuda del Banco Gubernamental de Fomento para Puerto Rico conforme al nuevo acuerdo con los acreedores, aclarar los derechos, poderes y limitaciones aplicables a la administración de la Propiedad de Reestructuración; otorgar un interés propietario residual en la Autoridad de Recuperación al Fideicomiso de Entidad Pública; reflejar los nuevos términos de la Reclamación Residual de Bonos Participantes; prohibir al Banco Gubernamental de Fomento para Puerto Rico incurrir en deuda financiera a partir de la fecha del cierre de la transacción de reestructuración; permitir la compensación de ciertas obligaciones del Banco Gubernamental de Fomento para Puerto Rico y otras entidades gubernamentales; permitir el desembolso anticipado de ciertos fondos a los municipios; permitir la creación de un fideicomiso en beneficio de empleados retirados del Banco Gubernamental de Fomento para Puerto Rico; autorizar al Gobernador a nombrar otros directores a las Juntas de Directores de ciertas entidades gubernamentales; establecer que el texto en inglés prevalecerá sobre el español; y para otros fines relacionados.

## EXPOSICIÓN DE MOTIVOS

El Banco Gubernamental de Fomento para Puerto Rico (el "BGF" o el "Banco") jugó un papel importante en la historia moderna de nuestra Isla como el agente fiscal y asesor financiero del Gobierno, principal depositario de fondos públicos e importante fuente de financiamiento para las entidades gubernamentales. Sin embargo, la situación económica y fiscal de Puerto Rico y las decisiones erradas de administraciones pasadas llevaron al BGF a la insolvencia. Al asumir las riendas del Gobierno de Puerto Rico el año pasado, encontramos un BGF en una situación económica precaria y, tras un análisis detenido de todas las alternativas disponibles, concluimos que la mejor alternativa para proteger los intereses de todas las partes interesadas era reestructurar la deuda del BGF mediante un acuerdo consensual con los acreedores y proceder con un cierre ordenado del Banco.

A esos fines, desde principios del año pasado, el Gobernador Ricardo Rosselló Nevares encomendó a su equipo de trabajo en BGF y la Autoridad de Agencia Fiscal y Asesoría Financiera de Puerto Rico ("AAFAF") trabajar en una solución consensual con todas las partes afectadas por la grave situación financiera del BGF. Desde entonces, el equipo del Gobernador Rosselló Nevares ha trabajado incansablemente en buscar una solución sensible y consensual. El fruto de este trabajo y del liderazgo del Gobernador resultó en un acuerdo consensual entre el BGF y la mayoría de sus acreedores financieros para reestructurar las obligaciones financieras

del BGF a través del Título VI de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico ("PROMESA", por sus siglas en inglés).

En agosto del año pasado, esta Asamblea Legislativa aprobó la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", mediante la cual se creó el marco legal para la reestructuración de las obligaciones financieras del Banco conforme al acuerdo con los acreedores. Sin embargo, a menos de un mes de la aprobación de dicha ley, nuestra isla sufrió el embate del huracán María, uno de los más devastadores de la historia. El paso del huracán María por Puerto Rico supuso cambios significativos a la situación fiscal y económica del Gobierno de Puerto Rico, sus corporaciones públicas, instrumentalidades y municipios. A raíz de esto, nos vimos compelidos a regresar a la mesa de negociación para renegociar el acuerdo para la reestructuración de la deuda del BGF con el fin de obtener términos más favorables para las entidades gubernamentales, quienes son, a la vez, deudores del BGF bajo su cartera de préstamos y acreedores del BGF por virtud de los depósitos de éstas en BGF.

Luego de meses de negociación, hemos llegado a un nuevo acuerdo con una mayoría de los acreedores financieros del BGF, el cual es más favorable para el Gobierno de Puerto Rico. En particular, el nuevo acuerdo permite proveer un alivio financiero significativo a los municipios, ya que autoriza la compensación de los depósitos y préstamos de los municipios con el BGF. Esto resulta en una reducción significativa de las deudas de los municipios con el BGF y proveerá un alivio en el flujo de caja de los municipios a corto plazo. Además, reconociendo la difícil situación que enfrentan algunos municipios tras el paso del huracán María, el nuevo acuerdo permite el desembolso, antes de la fecha del cierre de la transacción para la reestructuración de la deuda del BGF, de un 55% del exceso de la contribución adicional especial (el "Exceso CAE") a aquellos municipios que tienen Exceso CAE en el BGF que aún no ha sido desembolsado. De tal manera, dichos municipios no tendrán que esperar hasta la fecha del cierre de la transacción para obtener dichos fondos.

Los cambios al acuerdo de reestructuración negociados por BGF y AAFAF beneficiarán significativamente a las entidades gubernamentales y, en particular, a los municipios. Sin embargo, los mismos no son posibles bajo el esquema legal actual, ya que requieren enmiendas a la Ley 109-2017. Por lo tanto, esta pieza legislativa introduce las enmiendas técnicas necesarias para permitir la implementación del nuevo acuerdo para la reestructuración de la deuda del BGF.

## DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:

Artículo 1.- Se enmienda el Artículo 103 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 103.- Definiciones.

Los siguientes términos tienen los significados que se expresan a continuación:

…

(c) "Préstamo Adicional de la Autoridad".- significa cualquier Préstamo Retenido por BGF que BGF está obligado a transferir a la Autoridad después de la Fecha de Cierre conforme a los términos de la Modificación Cualificada.

3

(d) "Acuerdos Complementarios".- significa el Contrato de Bonos, el Acuerdo de Transferencia, el Acuerdo de Servicios y cualquier otro acuerdo o instrumento otorgado por la Autoridad, el BGF o el Fiduciario del Contrato de Bonos relacionado a, o en apoyo de, la Transacción de Reestructuración y acorde con, o en apoyo de, la Modificación Cualificada.

(e) "Comprador Aprobado". significa una Persona que (i) es un banco privado o público con operaciones en Puerto Rico que tiene, o que tuvo en algún momento desde la Fecha de Efectividad de esta Ley, bonos, notas o préstamos emitidos por municipios de Puerto Rico o (ii) sea aprobada por AAFAF o por otro agente designado por el Gobierno de Puerto Rico, cuya entidad podrá tomar en consideración los objetivos de política pública del Gobierno de Puerto Rico, cuya aprobación, si se solicita, no podrá negarse irrazonablemente (tomando en consideración dichos objetivos de política pública).

(f) ...

(g) ...

(h) "Interés Beneficiario".- significa, con respecto a cualquier activo o causa de acción, el interés beneficiario, y el derecho a recibir los ingresos (neto de los gastos relacionados con la generación de dichos ingresos), en cada caso, después de dar efecto a los derechos de BGF aquí establecidos, disponiéndose que BGF no tendrá obligación de perseguir una causa de acción por virtud de cualquier interés beneficiario con respecto a la misma y tendrá discreción absoluta para transar, compensar contra reclamaciones de BGF o liberar dicha causa de acción.

(i) ...

(j) ...

(k) "Contrato de Bonos".- significa uno o más contratos de fideicomiso, contratos de bonos y cualquier suplemento a dicho contrato o acuerdo, o contratos o acuerdos similares, otorgados por la Autoridad y el Fiduciario del Contrato de Bonos mediante los cuales se emiten los Bonos de Reestructuración, estableciendo los derechos y responsabilidades de la Autoridad y los tenedores de Bonos de Reestructuración emitidos bajo, y asegurados por, dichos acuerdos y confirmando el gravamen estatutario constituido por el Artículo 402 de esta Ley sobre la Propiedad de Reestructuración a favor de los Bonos de Reestructuración.

(l) "Presupuesto".- tendrá el significado provisto en la Sección 5(4) de PROMESA.

(m) ...

(n) ...

(o) "Monitor de Colateral".- significa la Persona contratada por el Fiduciario del Contrato de Bonos para actuar como monitor de colateral de acuerdo y conforme a los Acuerdos Complementarios.

(p) "Depositantes Designados".- significa Entidades Gubernamentales No-Municipales que tienen una reclamación relacionada a fondos depositados en el BGF a la Fecha de Cierre (incluyendo fondos federales, según determinado por AAFAF), después de darle efecto a las transacciones provistas por el Artículo 501 de esta Ley y los municipios que

tienen reclamaciones con respecto a fondos federales depositados en BGF, según determinado por AAFAF.

(q) ...

(r) ...

(s) ...

(t) ...

(u) ...

(v) ...

(w) "Costos de Financiamiento".- significa todos los costos asociados con la Transacción de Reestructuración, incluyendo, pero sin limitarse a, los costos, honorarios y gastos de: (i) emitir, dar servicios a, repagar o refinanciar los Bonos de Reestructuración, independientemente de si dichos costos se incurren en la emisión de dichos Bonos de Reestructuración o a través del término de los Bonos de Reestructuración, incluyendo, pero sin limitarse a, cualquier interés pagado en especie; (ii) hacer pagos conforme a los Acuerdos Complementarios; (iii) pagar cualquier sello, impuesto de emisión, impuesto similar u otros cargos relacionados a la Transacción de Reestructuración, disponiéndose que esta cláusula no limita de manera alguna la exención de impuestos incluida en los Artículos 209 y 306 de esta Ley; (iv) prepararse para y completar la Transacción de Reestructuración; (v) proteger la Propiedad de Reestructuración, incluyendo, sin que se entienda como una limitación, cualquier recaudo, ejecución, venta, supervisión, protección o acuerdos relacionados a la Propiedad de Reestructuración; (vi) confirmar y proteger el gravamen estatutario sobre la Propiedad de Reestructuración a favor de los Bonos de Reestructuración, conforme el Artículo 402 de esta Ley; y (vii) llevar a cabo todas las actividades relacionadas a la Transacción de Reestructuración. A modo de aclaración, Costos de Financiamiento también incluye honorarios y gastos administrativos incurridos antes o después del cierre relacionados a los Acuerdos Complementarios.

(x) "Plan Fiscal" .- tendrá el significado provisto en la Sección 5(10) de PROMESA.

(y) ...

(z) ...

(aa) "Plan Fiscal del BGF".- significa el Plan Fiscal del BGF certificado por la Junta de Supervisión el 12 de julio de 2017, según sea enmendado o revisado de tiempo en tiempo.

(bb) "Préstamo Retenido por BGF".- significa cualquier Préstamo-No Municipal que BGF retendrá y no transferirá a la Autoridad o al Fideicomiso de Entidad Pública en la Fecha de Cierre conforme a la Modificación Cualificada.

(cc) ...

(dd) ...

(ee) ...

(ff) "Acuerdo de Resarcimiento".- significa el acuerdo que otorguen el BGF y la Autoridad conforme al Artículo 406 de esta Ley.

(gg) …

(hh) "Préstamo Municipal".- significa cualquier préstamo de BGF a un municipio evidenciado por bonos, notas, recibos interinos o cualquier otra evidencia de deuda, y adelantos hechos a un municipio conforme a cualquier ley aplicable que, en cada caso, esté pendiente a la Fecha de Cierre.

(ii) …

(jj) "Préstamo No-Municipal".- significa cualquier préstamo de BGF a una Entidad Gubernamental No-Municipal evidenciado por bonos, notas, recibos interinos o cualquier otra evidencia de deuda que, en cada caso, esté pendiente a la Fecha de Cierre.

(kk) …

(ll) …

(mm) …

(nn) …

(oo) …

(pp) …

(qq) …

(rr) "Modificación Cualificada".- significa el Acuerdo de Apoyo de Reestructuración con fecha de 15 de mayo de 2017 y certificado por la Junta de Supervisión como una Modificación Cualificada bajo la Sección 601(g)(2)(A) de PROMESA, según sea enmendada de tiempo en tiempo de acuerdo a sus términos.

(ss) …

(tt) "Activos de la Autoridad".- significa todo derecho, título e interés legal y equitativo en o a: (i) todos los activos del BGF que existen a la Fecha de Cierre (excepto los Activos Excluidos), incluyendo cualquier activo de BGF (excepto los Activos Excluidos) que existe a la Fecha de Cierre pero que se identifique después de la Fecha de Cierre; (ii) el Interés Beneficiario, y el producto de, los Préstamos Retenidos por BGF; (iii) a partir de la fecha en la que se requiera conforme a la Modificación Cualificada, o que BGF elija a su opción, transferir cualquier Préstamo Retenido por BGF, el préstamo a ser transferido; (iv) el Interés Beneficiario y el producto, si alguno, de las causas de acción de BGF (excepto por causas de acción para exigir el cumplimiento de préstamos que constituyan Activos del Fideicomiso de Entidad Pública), incluyendo causas de acción contingentes o desconocidas; y (v) cualquier producto de los anteriores.

(uu) "Reclamaciones Residuales de Bonos Participantes"– significa las reclamaciones contingentes hacia el BGF que se dispongan conforme al Acuerdo de Resarcimiento, según establecido en el Artículo 406 de esta Ley.

(vv) …

(ww) "Propiedad de Reestructuración".- significa todo derecho, título e interés legal y equitativo en y a los Activos de la Autoridad (incluyendo, sin limitarse a, el Interés Beneficiario en la propiedad de BGF, los fondos que se tienen que transferir a la Autoridad con relación a la Transacción de Reestructuración bajo los términos de la

Modificación Cualificada) y todos los activos, recaudos, honorarios, cuotas, cargos, ingresos, rentas, pagos de seguros, u otros fondos generados o recibidos por la Autoridad, cualquier Administrador de Activos o BGF relacionado a los Activos de la Autoridad, incluyendo con relación a la administración o reinversión de los mismos.

(xx) …

(yy) …

(zz) …

(aaa) "Acuerdo de Transferencia".- significa uno o más acuerdos de transferencia o acuerdos similares otorgados por el BGF y la Autoridad documentando la transferencia irrevocable, conforme al Artículo 404 de esta Ley y la Modificación Cualificada, por BGF a la Autoridad de todo título e interés legal y equitativo sobre los Activos de la Autoridad."

Artículo 2.- Se enmienda el Artículo 201 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 201.- Creación de la Autoridad de Recuperación de la Deuda del BGF.

Por la presente se crea la Autoridad de Recuperación de la Deuda del BGF como un fideicomiso público estatutario e instrumentalidad gubernamental del Estado Libre Asociado de Puerto Rico, independiente y separado de cualquier otra Entidad Gubernamental (incluyendo, sin limitarse a, el BGF). La Autoridad y su existencia continuará hasta un año y un día después de que todos los Bonos de Reestructuración, Costos de Financiamiento y otra deuda de la Autoridad hayan sido pagados totalmente en efectivo o de otra manera descargada conforme a sus términos. A la disolución de la Autoridad, y sólo luego del pago total en efectivo o el descargue de otra manera según sus términos, el remanente de cualquier Propiedad de Reestructuración será distribuido al Fideicomiso de Entidad Pública como el interés propietario residual en la Autoridad otorgado al Fideicomiso de Entidad Pública bajo el Artículo 302 de esta Ley. Tras la disolución del Fideicomiso de Entidad Pública y una vez se hayan pagado en su totalidad o de alguna otra manera se hayan descargado las obligaciones del Fidecomiso de Entidad Pública, cualquier activo remanente del Fideicomiso de Entidad Pública se transferirá al Estado Libre Asociado de Puerto Rico, como el último beneficiario de la Autoridad y el Fideicomiso de Entidad Pública."

Artículo 3.- Se enmienda el Artículo 203 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 203.- Propósito de la Autoridad de Recuperación.

Se crea la Autoridad con el propósito de (1) emitir los Bonos de Reestructuración para: (a) implantar la Transacción de Reestructuración; (b) facilitar el cumplimiento del Plan Fiscal del BGF; y (c) facilitar el financiamiento de servicios esenciales gubernamentales o públicos por el Gobierno de Puerto Rico, (2) poseer y administrar la Propiedad de Reestructuración y (3) otorgar al Fideicomiso de Entidad Pública el interés propietario residual en la Autoridad. La Autoridad es creada y constituida para ejercer funciones esenciales gubernamentales y públicas y el cumplimiento por la Autoridad de las actividades y poderes otorgados por esta Ley serán

considerados y constituirán un servicio esencial del Estado Libre Asociado de Puerto Rico para el beneficio y el bien del pueblo de Puerto Rico. La Autoridad no es creada u organizada, y sus operaciones no serán llevadas a cabo, para propósitos pecuniarios, y ninguna parte de los ingresos o activos de la Autoridad serán para el beneficio de, o serán distribuidos a cualquier persona o entidad privada, excepto para proveer servicios y pagar los Bonos de Reestructuración y honorarios y costos para servicios prestados según dispuesto en esta Ley o según sea requisito para ejecutar el propósito de esta Ley."

Artículo 4.- Se enmienda el Artículo 204 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 204.- Actividades de la Autoridad de Recuperación.

Las actividades de la Autoridad se limitarán a las siguientes Actividades Autorizadas:

…

(f) sujeto al Artículo 207 de esta Ley, recaudar, recibir, ser dueño de, fiscalizar, supervisar, vender y proteger la Propiedad de Reestructuración o de otra manera autorizar cualquiera de las anteriores conforme a los Acuerdos Complementarios para el único propósito de realizar o preservar el valor de la Propiedad de Reestructuración y los ingresos generados por la misma, incluyendo, sin limitarse a, al comienzo de las acciones legales necesarias;

(g) …

(h) contratar y tomar cualquier otra acción necesaria o conveniente respecto a maximizar el valor de la Propiedad de Reestructuración, sujeto al Artículo 207 de esta Ley, incluyendo aquellos relacionados al recaudo, fiscalización, venta, supervisión, protección, moratoria o acuerdo consistente con los términos de los Acuerdos Complementarios;

(i) …

…"

Artículo 5.- Se enmienda el Artículo 205 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 205.- Poderes Adicionales.

…

(a) Demandar y ser demandado en cualquier tribunal estatal o federal (incluyendo con respecto a cualquier asunto relacionado a la Transacción de Reestructuración).

(b) …

…

(f) tener completo dominio sobre todas sus propiedades (incluyendo la Propiedad de Reestructuración), sujeto al Artículo 207 de esta Ley;

(g) …

…

(h) nombrar o destituir oficiales, agentes, empleados y contratistas, establecer sus compensaciones, poderes y facultades, en cada caso, conforme a los Acuerdos Complementarios;

(i) …

…

(k) invertir fondos y establecer y mantener reservas y aplicar la Propiedad de Reestructuración según requerido por, y conforme a los estándares establecidos en, los Acuerdos Complementarios;

(l) …

(m)…

(n) ejercer todos aquellos otros poderes no incompatibles con los aquí expresados que sean necesarios para llevar a cabo las Actividades Autorizadas;

(o) …

(p) delegar a sus oficiales, agentes, empleados o contratistas (incluyendo, pero sin limitarse a, el Administrador de Activos y cualquier Monitor de Colateral) autoridad para tomar acciones para cumplir con esta Ley; y

(q) …"

Artículo 6.- Se enmienda el Artículo 206 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 206.- Actividades Prohibidas.

…

(e) disolver, liquidar, transferir o vender toda o una parte de la Propiedad de Reestructuración, excepto según permitido por esta Ley y los Acuerdos Complementarios; y

(f) …"

Artículo 7.- Se renumeran los actuales Artículos 207 al 209 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", como Artículos 208 al 210 respectivamente, y se añade un nuevo Artículo 207, que leerá como sigue:

Artículo 207.- Administración de la Propiedad de Reestructuración.

(a)     La Autoridad y el Administrador de Activos (a nombre de la Autoridad) tendrán todos los derechos y poderes que tenía BGF inmediatamente antes de la Fecha de Cierre con respecto a los Préstamos Municipales, excepto (i) que la Autoridad y el Administrador de Activos podrán transferir, ceder o vender los Préstamos Municipales sólo a un Comprador Aprobado y (ii) según se dispone en el inciso (g) abajo.

(b)     La Autoridad y el Administrador de Activos (a nombre de la Autoridad) tendrán derecho a ejercer remedios con respecto a los Préstamos No-Municipales, pero sólo en la medida en que sea necesario para asegurar que los fondos que están disponibles para el pago del servicio de la deuda de los deudores bajo dichos Préstamos No-Municipales, de acuerdo y conforme a los documentos de préstamo, Planes Fiscales, si alguno, y Presupuestos, si alguno, aplicables, se apliquen a dicho Préstamo No-Municipal de

acuerdo a la prioridad legal, gravámenes u otros derechos de prenda que correspondan a dicho Préstamo No-Municipal. Además, la Autoridad y el Administrador de Activos (a nombre de la Autoridad) tendrán todos los derechos y poderes para ejercer los remedios que sean necesarios para preservar, proteger o defender cualquier gravamen u otro derecho de prenda que corresponda a dicho Préstamo No-Municipal. Con fin de lograr lo anterior, para cualquier Préstamo No-Municipal donde el deudor esté en un procedimiento bajo el Título III o el Título VI de PROMESA y dicho deudor tenga otros acreedores con la misma prioridad legal, gravamen o derecho de prenda que la Autoridad, la Autoridad y el Manejador de Activos (a nombre de la Autoridad) tendrán todos los derechos y poderes para ejercer los remedios necesarios para garantizar que la Autoridad reciba un tratamiento en dicho procedimiento igual al provisto a los otros acreedores con la misma prioridad legal, gravamen o garantía.

(c) La Autoridad y el Administrador de Activos (a nombre de la Autoridad) podrán transferir, ceder, vender o de otra manera disponer de los Préstamos No-Municipales y de los bienes inmuebles que sean parte de la Propiedad de Reestructuración, o de intereses en dichos activos, sin el consentimiento de AAFAF o cualquier otro agente del Gobierno de Puerto Rico siempre y cuando dicha venta sea consistente con los estándares establecidos en el Acuerdo de Servicios.

(d) Ni la Autoridad ni el Manejador de Activos podrán entrar en una transacción para modificar, extender o acomodar materialmente o disponer de cualquier Propiedad de Reestructuración a menos que el Manejador de Colateral haya sido notificado de dicha transacción y no haya objetado a la misma de conformidad con los Acuerdos Complementarios.

(e) Cualquier modificación por BGF de los Préstamos Adicionales de la Autoridad deberá ser consistente con, y ser aprobada conforme a, los términos de la Modificación Cualificada.

(f) Ni la Autoridad, el Manejador de Activos, ni cualquier otra Persona (que no sea BGF) tendrá derecho a iniciar o dirigir cualquier litigio u otra acción con respecto a, o vender, transferir o disponer cualquiera de las causas de acción a las cuales se hace referencia en el inciso (iv) de la definición de "Activos de la Autoridad".

(g) Ni la Autoridad, el Manejador de Activos, ni cualquier otra Persona tendrá derecho a unilateralmente aumentar las tasas de intereses en los Préstamos Municipales y Préstamos No-Municipales que son parte de la Propiedad de Reestructuración, y dichos préstamos continuarán devengando intereses a las tasas fijas o variables aplicables que estén en efecto en la Fecha de Cierre, según dichas tasas sean certificadas por BGF y AAFAF.

(h) El Fiduciario del Contrato de Bonos (tras la ocurrencia y durante la continuación de un evento de incumplimiento bajo el Contrato de Bonos o según se disponga en el mismo) y cualquier dueño subsiguiente de cualquier Propiedad de Reestructuración (tras la venta o transferencia de dicha Propiedad de Reestructuración conforme al Acuerdo de Servicios) estará sujeto a todas las limitaciones (incluyendo las limitaciones al ejercicio de remedios establecidas en este Artículo 207) aplicables a la Autoridad y el Manejador de Activos y, a menos que se limite contractualmente de otra manera, tendrá todos los derechos y remedios con respecto a la Propiedad de Reestructuración en la misma medida que la Autoridad y el Manejador de Activos, excepto que ni el Fiduciario del Contrato de Bonos ni cualquier dueño subsiguiente de Propiedad de Reestructuración estará obligado

por los estándares establecidos en el Acuerdo de Servicios ni tendrá que obtener el consentimiento del Monitor de Colateral para vender la Propiedad de Reestructuración o cualquier interés en dichos activos.

(i)     (i) Por la presente se eximen todas las transferencias, cesiones, ventas y otras disposiciones de Propiedad de Reestructuración o cualquier interés en dichos activos que sean consistentes con las disposiciones de este Artículo 207 del requisito de radicación en la Oficina del Contralor de Puerto Rico y de todos los otros requisitos aplicables a una Entidad Gubernamental con respecto a la autoridad de vender sus bienes inmuebles y otros activos."

Artículo 8.- Se enmienda el Artículo 208 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", según renumerado por esta Ley, para que lea como sigue:

"Artículo 208.- Junta de Síndicos.

…

(a)     Composición de la Junta de Síndicos.

La Junta de Síndicos estará compuesta por tres (3) miembros, que cumplirán los requisitos establecidos en el Artículo 208(b)(iii) de esta Ley y quienes serán nombrados por el Gobernador de Puerto Rico y servirán a la voluntad de este.

(b)     Disposiciones Generales con respecto a la Junta de Síndicos.
   (i)     …
   (ii)    …
   (iii)   cada miembro de la Junta de Síndicos deberá satisfacer los requisitos de independencia y cualificación (incluyendo que ningún miembro de la Junta de Síndicos puede ser un oficial, empleado o director de cualquier Entidad Gubernamental) esbozados en la Modificación Cualificada y los Acuerdos Complementarios;
   (iv)    …
   (v)     …
(c) Vacantes.
   En la medida que surja una vacante en el puesto de un miembro de la Junta de Síndicos por muerte, remoción, renuncia o de cualquier otra manera, un síndico sucesor que cumpla con los requisitos establecidos en el Artículo 208(b)(iii) de esta Ley será nombrado por, y servirá a la voluntad del Gobernador de Puerto Rico.
(d) …
…"

Artículo 9.- Se enmienda el Artículo 210 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", según renumerado por esta Ley, para que lea como sigue:

"Artículo 210.- Inaplicabilidad de Ciertas Leyes.

…

(a)     Capítulos 4 y 5 de la Ley 26-2017, según enmendada, conocida como "Ley para el Cumplimiento del Plan Fiscal";

(b)    …
          …

(e)    Ley 8-2017, según enmendada, conocida como la "Ley para la Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico";

(f) …
          …

(h)    Ley 78-2011, según enmendada, conocida como el "Código Electoral de Puerto Rico para el Siglo XXI ";

          …

(j) Plan 3-2011, según enmendado, "Plan de Reorganización de la Administración de Servicios Generales de 2011";

(k) Ley Núm. 230 de 23 de julio de 1974, según enmendada, conocida como la "Ley de Contabilidad del Gobierno";

(l) Ley 3-2017, conocida como la "Ley para Atender la Crisis Económica, Fiscal y Presupuestaria para Garantizar el Funcionamiento del Gobierno de Puerto Rico" ; y

(m) Ley Núm. 14 de 17 de abril de 1972, según enmendada."

Artículo 10.- Se deroga el Artículo 302 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", y se sustituye por un nuevo Artículo 302, para que lea en su totalidad como sigue:

Artículo 302.- Interés Propietario Residual en la Autoridad.

"Efectivo a la Fecha de Cierre, por la presente se le otorga al Fideicomiso de Entidad Pública un interés propietario residual en la Autoridad, conforme al cual recibirá una distribución de los activos remanentes de la Autoridad, si alguno, luego de que los Bonos de Reestructuración, Costos de Financiamiento y otras deudas de la Autoridad se paguen en efectivo en su totalidad o de otra manera se descarguen conforme a los términos de los Acuerdos Complementarios. El Fideicomiso de Entidad Pública no tendrá derechos o remedios con respecto a dicho interés propietario residual, excepto el derecho a una distribución, si alguna, tras la disolución de la Autoridad de conformidad con esta Ley y los Acuerdos Complementarios."

Artículo 11.- Se enmienda el Artículo 305 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 305.- Distribución de los Activos del Fideicomiso de Entidad Pública.

La Escritura de Fideicomiso dispondrá la manera en que los Activos de Fideicomiso y cualquier otro fondo o activo transferido o recibido por, o que sea transferido o recibido por, la Autoridad se distribuirán entre los Depositantes Designados y establecerá la prioridad de pago y repartición entre los Depositantes Designados (incluyendo con respecto a reclamaciones identificadas por AAFAF como que corresponden a fondos federales)."

Artículo 12.- Se enmienda el Artículo 401 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 401.- Emisión de los Bonos de Reestructuración.

(a) …

(b) Los Bonos de Reestructuración podrán ser emitidos de tiempo en tiempo conforme el Contrato de Bonos bajo los términos y condiciones autorizados por la Autoridad y provistos en la Resolución de Reestructuración.

(c) Los Bonos de Reestructuración tendrán fechas, devengarán interés a la tasa y vencerán en la fecha o fechas, que no sea menos de un (1) año y que no exceda veinticinco (25) años de la fecha o fechas de su emisión, según determine la Autoridad y autorizado en la Resolución de Reestructuración acorde y consistente con la Modificación Cualificada. La Autoridad determinará la forma de los Bonos de Reestructuración y la manera de otorgamiento de los Bonos de Reestructuración, y fijará la denominación o denominaciones de los Bonos de Reestructuración y el sitio o sitios de pago del principal de los mismos y los intereses sobre los mismos y cualquier otro término de los mismos, todo acorde y consistente con la Modificación Cualificada.

(d) …

…"

Artículo 13.- Se enmienda el Artículo 403 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 403.- Autorización de Acciones por BGF y la Autoridad de Recuperación.

Independientemente de cualquier disposición en la Ley Orgánica del BGF o de cualquier otra ley del Gobierno de Puerto Rico, en o después de la Fecha de Efectividad, el BGF o la Autoridad, según sea el caso, estará autorizada a: (i) transferir irrevocablemente los Activos de la Autoridad a la Autoridad, sujeto al gravamen estatutario creado bajo el Artículo 402 de esta Ley; (ii) emitir Bonos de Reestructuración a los tenedores de Reclamaciones de Bonos Participantes; (iii) disponer para la cancelación y extinción de las Reclamaciones de Bonos Participantes una vez se intercambien los Bonos de Reestructuración por las Reclamaciones de Bonos Participantes; (iv) transferir los Activos del Fideicomiso en consideración por la asunción por el Fideicomiso de los Depósitos Designados; (v) pagar los Costos de Financiamiento según los términos de la Modificación Cualificada; (vi) disponer para las Reclamaciones Residuales de Bonos Participantes; (vii) confirmar el gravamen estatutario sobre la Propiedad de Reestructuración creada bajo el Artículo 402 de esta Ley; (viii) ser parte en acuerdos que se rijan por las leyes de Puerto Rico o de cualquier otra jurisdicción de los Estados Unidos de América; y (ix) tomar cualquier acción necesaria o conveniente para llevar a cabo la Transacción de Reestructuración. Por la presente se autoriza y ordena también a BGF a transferir a la Autoridad fondos suficientes para cubrir sus gastos operacionales y organizacionales antes de la Fecha de Cierre."

Artículo 14.- Se enmienda el Artículo 404 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 404.- Transferencia de los Activos de la Autoridad de Recuperación.

(a) Los Activos de la Autoridad serán transferidos por el BGF a la Autoridad, en la Fecha de Cierre y de tiempo en tiempo después de dicha fecha, de acuerdo al Acuerdo de Transferencia, los otros Acuerdos Complementarios y la Modificación Cualificada. Cada transferencia de Activos de la Autoridad por el BGF a la Autoridad será una transferencia irrevocable, ineludible y absoluta de todo derecho, título e interés legal y equitativo del BGF (un "true sale") y no una prenda u otro financiamiento de los Activos de la Autoridad. En la Fecha de Cierre, los tenedores de las Reclamaciones de Bonos Participantes, estén o no en circulación a dicha fecha, y todos los otros acreedores del BGF (incluyendo depositantes), inmediatamente y para siempre, sin acción o documentación adicional, dejarán de tener cualquier derecho, interés o reclamación (excepto la Reclamación Residual de Bonos Participantes) contra el BGF o cualquiera de sus activos, o cualquier sucesor o cesionario del mismo (excepto por la Autoridad). A modo de aclaración, lo antes mencionado no afectará el gravamen estatutario creado bajo el Artículo 402 de esta Ley.

(b) La transferencia de los Activos de la Autoridad por el BGF a la Autoridad, según autorizado por la Modificación Cualificada, será válida, irrevocable, ineludible y vinculante. Dicha transferencia será de buena fe y a cambio de consideración adecuada y valor razonablemente equivalente, y en apoyo del propósito público de esta Ley, y no constituirá una transferencia en violación de la Ley Orgánica del BGF, la Ley de Financiamiento Municipal, los Artículos 1243, 1244 y 1249 del Código Civil de Puerto Rico o cualquier disposición análoga u otra teoría legal o de los términos de cualquier Activo de la Autoridad. A la Fecha de Cierre y al momento de cualquier transferencia posterior, respectivamente, los Activos de la Autoridad serán de la Autoridad libre de cualquier reclamación (excepto por gravámenes válidos y existentes a las fecha de efectividad de esta Ley o que surjan en el curso ordinario del negocio después de la fecha de efectividad de esta Ley y que existan a la Fecha de Cierre, en cada caso con relación a cualquier activo inmueble o mueble relacionados a los mismos que sean parte de la Propiedad de Reestructuración) excepto por reclamaciones por la Autoridad, el Fiduciario del Contrato de Bonos o los tenedores de los Bonos de Reestructuración.

(c)…
…"
…"

Artículo 15.- Se enmienda el Artículo 405 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 405.- Derecho de Solicitar la Designación de un Síndico.

Al ocurrir un evento de incumplimiento bajo los términos de los Acuerdos Complementarios y la continuación de dicho evento de incumplimiento por un periodo de treinta (30) días, o según se disponga en los Acuerdos Complementarios, cualquier tenedor o tenedores de Bonos de Reestructuración (sujeto a cualquier limitación contractual con relación al por ciento de dichos tenedores), o el Fiduciario el Contrato de Bonos, tendrá el derecho de solicitar a cualquier tribunal federal o del Estado Libre Asociado de jurisdicción competente en Puerto Rico para la designación de un síndico para la Autoridad. Sujeto a cualquier limitación provista en los Acuerdos Complementarios, el síndico designado tendrá, custodiará, usará, operará, administrará y controlará la propiedad de la Autoridad, incluyendo la Propiedad de Reestructuración, y ejercerá todos los derechos y poderes de la Autoridad con relación a dicha propiedad de la misma

manera que podría la Autoridad. El síndico actuará bajo la dirección y supervisión del tribunal y en todo momento estará sujeto a las órdenes y decretos del tribunal y podrá ser removido por dicho tribunal."

Artículo 16.- Se enmienda el Artículo 406 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 406.- Reclamación Residual de Bonos Participantes.

BGF y la Autoridad otorgarán un Acuerdo de Resarcimiento, efectivo a la Fecha de Cierre, estableciendo las obligaciones de BGF y los derechos y remedios de la Autoridad, el Fiduciario del Contrato de Bonos y los tenedores de Bonos de Reestructuración en circunstancias limitadas. En particular, bajo el Acuerdo de Resarcimiento, BGF acordará que, si se devuelve o entrega al BGF cualquier Propiedad de Reestructuración por cualquier razón después de la Fecha de Cierre, o si la transferencia de ésta a la Autoridad se declara inválida o nula por cualquier razón, BGF tomará todos los pasos necesarios para transferir o entregar nuevamente dicha Propiedad de Reestructuración al Fiduciario del Contrato de Bonos para beneficio de los tenedores de los Bonos de Reestructuración. Además, bajo el Acuerdo de Resarcimiento, si cualquier acción legislativa o determinación por una corte con jurisdicción causa que la Modificación Cualificada, los Bonos de Reestructuración o los derechos o gravámenes de la Autoridad, el Fiduciario del Contrato de Bonos o los tenedores de los Bonos de Reestructuración sobre la Propiedad de Reestructuración se limite, rescinda, anule o de otra manera se declare inefectivo de acuerdo a sus términos, los tenedores de los Bonos de Reestructuración tendrán una reclamación en contra de BGF por una cantidad que, después de dar efecto a dichas reclamaciones y cualquier distribución correspondiente, dichos tenedores de Bonos de Reestructuración serán compensados completamente por cualquier daño y pérdida resultante.

El Fiduciario del Contrato de Bonos, para beneficio de los tenedores de Bonos de Reestructuración, y los tenedores de los Bonos de Reestructuración (sujeto a las limitaciones establecidas en el Acuerdo de Resarcimiento) tendrán derecho a hacer valer las disposiciones del Acuerdo de Resarcimiento no obstante la recisión, anulación u otra invalidación de la Modificación Cualificada, los Bonos de Reestructuración o los derechos o gravámenes de la Autoridad, el Fiduciario del Contrato de Bonos o los tenedores de los Bonos de Reestructuración con respecto a la Propiedad de Reestructuración o los Bonos de Reestructuración."

Artículo 17.- Se enmienda el Artículo 407 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 407.- Compromiso de No Menoscabo del Gobierno de Puerto Rico.

Por este medio el Gobierno de Puerto Rico acuerda y se compromete con cualquier Persona que adquiera los Bonos de Reestructuración que no, y ninguna Entidad Gubernamental estará autorizada a, menoscabar, limitar, restringir, rescindir, aplazar o modificar los derechos o poderes de la Autoridad, el Fiduciario del Contrato de Bonos o los tenedores de los Bonos de Reestructuración bajo esta Ley o bajo o con relación a la Propiedad de Reestructuración, o la habilidad de la Autoridad de cumplir con sus obligaciones hacia sus bonistas hasta tanto los Bonos de Reestructuración, junto con los intereses sobre los mismos, y toda cantidad y obligación bajo los Acuerdos Complementarios, hayan sido totalmente pagados en efectivo o de

otra manera descargada de acuerdo con sus términos; disponiéndose, que cualquier acción u omisión por el Gobierno de Puerto Rico o por cualquier Entidad Gubernamental relacionada a apropiaciones o uso de fondos bajo un Plan Fiscal no será considerado una violación de este Artículo 407. El Gobierno de Puerto Rico además acuerda y se compromete a que ninguna enmienda a esta Ley menoscabará, restringirá, aplazará o modificará cualquier obligación o compromiso de (i) la Autoridad para con los tenedores de los Bonos de Reestructuración o (ii) el BGF para con los tenedores de las Reclamaciones Residuales de Bonos Participantes."

Artículo 18.- Se añade un nuevo Artículo 408 a la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 408.- Prohibición a Emisión de Deuda Financiera Adicional por BGF.

No obstante, el Artículo 2, Sección Tercera (I) de la Ley Orgánica del BGF, se prohíbe que el BGF incurra en deuda evidenciada por préstamos, notas, bonos u otros instrumentos similares a partir de la Fecha de Cierre."

Artículo 19.- Se enmienda el título del Capítulo 5 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"CAPÍTULO 5: DETERMINACIÓN DE CIERTAS OBLIGACIONES GUBERNAMENTALES Y PAGOS A MUNICIPIOS"

Artículo 20.- Se enmienda el Artículo 501 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 501.- Determinación de Ciertas Obligaciones Gubernamentales.

(a) Independientemente de cualquier otra ley del Gobierno de Puerto Rico (incluyendo, sin limitación, la Ley de Financiamiento Municipal, según enmendada por esta Ley), la cantidad de principal de cualquier bono, pagaré y/o préstamo de cualquier municipio del Gobierno de Puerto Rico en posesión del BGF será automáticamente reducido por operación de ley a la Fecha del Cierre por una cantidad igual al balance de cualquier producto de dicho bono, pagaré y/o préstamo que no se le desembolsó a dicho municipio y que está depositado en el BGF a la Fecha de Cierre según la Ley de Financiamiento Municipal, consistente con las condiciones de la Modificación Cualificada, sin necesidad de acción adicional. Dicha reducción se llevará a cabo reduciendo los plazos de principal restantes en orden inverso a su vencimiento y de ninguna otra manera afectará los términos de repago de dicho bono, pagaré o préstamo.

(b) Cualquier otro depósito de un municipio en BGF a la Fecha de Cierre (excepto por aquellos depósitos identificados por AAFAF como que corresponden a fondos federales) se reducirán automáticamente, efectivo a la fecha de cierre, dólar por dólar, del balance de principal de cualquier bono, nota y/o préstamo correspondiente de dicho municipio (excluyendo los préstamos que sean colateral para cuentas de depósito aseguradas), relativo al tipo de depósito correspondiente, según determinado por AAFAF, de manera consistente con la Modificación Cualificada. Dicha aplicación será efectuada en orden ascendente de balance de préstamos. En aquellos

casos cuando los depósitos no sean suficiente para pagar un el bono, nota o préstamo en su totalidad, la aplicación se realizará reduciendo los plazos de principal en orden inverso a su vencimiento sin afectar de otra manera los términos de repago de dicho bono, nota o préstamo.

(c) Independientemente de lo que disponga cualquier otra ley del Gobierno de Puerto Rico, efectivo a la Fecha del Cierre, el balance de los pasivos adeudados entre cualquier Entidad Gubernamental No-Municipal y el BGF será automáticamente determinado aplicando el balance pendiente de cualquier obligación del BGF a una Entidad Gubernamental No-Municipal (excepto por cualquier depósito identificado por AAFAF como que corresponde a fondos federales) contra el balance pendiente de cualquier préstamo de dicha Entidad Gubernamental No-Municipal adeudado al BGF o cualquier bono, nota o préstamo de dicha Entidad Gubernamental No-Municipal del cual el BGF sea tenedor a dicha fecha (excepto por aquellos bonos, notas o préstamos de una Entidad Gubernamental No-Municipal garantizados con una hipoteca sobre propiedad inmueble) de manera consistente con las condiciones de la Modificación Cualificada, sin la necesidad de tomar acción adicional alguna. Dicha aplicación se llevará a cabo reduciendo cualquier plazo restante de principal en orden inverso de vencimiento y de ninguna otra manera afectará el término de repago del bono, pagaré o préstamo correspondiente. Para propósitos de este Artículo, todas las agencias, departamentos, oficinas e instrumentalidades del gobierno central se considerarán la misma Entidad Gubernamental.

(d) Los balances restantes de los Préstamos Municipales y Préstamos No-Municipales después de dar efecto a las transacciones contempladas por este Artículo 501 serán certificados por la AAFAF. Todo pago futuro de intereses sobre dichos bonos, pagarés y/o préstamos luego de la fecha de efectividad de esta Ley será calculado basado en los balances restantes de los Préstamos Municipales y Préstamos No-Municipales conforme a este Artículo 501 y según certificados por la AAFAF.

(e) Nada de lo contenido en esta Ley será interpretado como una prohibición o limitación a que los municipios puedan refinanciar sus bonos, pagarés o préstamos actuales con otra institución financiera según la Ley de Financiamiento Municipal."

Artículo 21.- Se enmienda el Artículo 502 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 502.- Pago del Exceso CAE.

Independientemente de cualquier otra ley del Gobierno de Puerto Rico (incluyendo, sin limitación, la "Ley de Financiamiento Municipal", según enmendada por esta Ley), en o antes de la Fecha del Cierre, el BGF pagará, en efectivo, a cada municipio que tenga Exceso CAE una cantidad igual al 55% del Exceso CAE no desembolsado correspondiente a dicho municipio, consistente con las condiciones de la Modificación Cualificada. El remanente de dicho Exceso CAE no desembolsado será liquidado a la Fecha del Cierre, y ningún dicho municipio tendrá derechos o reclamaciones adicionales con relación a dicho Exceso CAE y el BGF no tendrá responsabilidad u obligación adicional al respecto."

Artículo 22.- Se enmienda el Artículo 504 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 504.- Limitación y Mediación de ciertas Reclamaciones contra municipios.

Desde la Fecha del Cierre hasta el 30 de junio de 2019, ninguna Persona que tenga una reclamación contra un municipio relacionada a un proyecto de mejora de capital financiado con un bono, pagaré o préstamo sujeto a ser determinado según dispone el Artículo 501(a) de esta Ley comenzará o continuará una acción o procedimiento judicial, administrativo o de cualquier otra índole contra dicho municipio con relación a dicha reclamación. Independientemente de lo anterior, cualquier persona podrá comenzar o continuar un litigio antes del 30 de junio de 2019 únicamente para requerir al municipio participar en mediación. El propósito de dicho proceso de mediación será llegar a un acuerdo mutuo que permita establecer un plan de repago alterno o cualquier otra alternativa satisfactoria a las partes, que se reflejará en el presupuesto para el año fiscal 2020 del municipio correspondiente. El proceso de mediación que aquí se autoriza se regirá, siempre y cuando no sea incompatible con las disposiciones de esta Ley, por las disposiciones de la Ley Núm. 19 de 22 de septiembre de 1983, según enmendada, al igual que por cualquier reglamento aprobado por el Tribunal Supremo de Puerto Rico relacionado a la mediación. En aquellos casos donde no se llegue a un acuerdo mediante el proceso de mediación y que luego de un proceso judicial se dicte una sentencia que advenga final y firme contra un municipio, al pago de dicha sentencia le aplicarán las disposiciones del Artículo 13 de la Ley 3-2017. Cada parte será responsable de sus propios gastos y los honorarios de abogado correspondientes a dicho proceso, al igual que con relación a cualquier litigio comenzado o continuado después del 30 de junio de 2019. Los honorarios del mediador y los costos relacionados serán sufragados por las partes en partes iguales, a menos se pacte en contrario. Nada de lo aquí dispuesto se interpretará como que prohíbe que un municipio haga cualquier pago relacionado a una reclamación sujeta a este Artículo 504. Finalmente, este Artículo 504 será siempre interpretado de la manera más favorable para los municipios del Gobierno de Puerto Rico."

Artículo 23.- Se renumeran los Artículos 705 al 708 de la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", como Artículos 707 al 710, respectivamente.

Artículo 24.- Se añade un nuevo Artículo 705 a la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 705.- Fideicomiso en Beneficio de Empleados Retirados.

En anticipación del cierre total del BGF conforme al Plan Fiscal del BGF, no obstante cualquier otra ley en contrario, por la presente se autoriza al BGF a otorgar una escritura de fideicomiso para crear y establecer un fideicomiso en beneficio de las personas que se retiraron del BGF conforme a los programas de pre-retiro aplicables (y cualquier otro beneficiario bajo dichos programas), a transferir a dicho fideicomiso fondos para satisfacer las obligaciones del BGF bajo dichos programas de pre-retiro (consistente con el Plan Fiscal del BGF), y a llevar a cabo cualquier y toda otra acción necesaria o conveniente para lograr lo anterior. Se aclara, sin embargo, que el BGF no podrá transferir a dicho fideicomiso un activo que no sea un Activo Excluido. Por la presente se autoriza también a la AAFAF a actuar como fiduciario de dicho fideicomiso (o a designar a cualquier otra entidad para actuar en dicha capacidad) y a tomar cualquier otra acción necesaria o conveniente para lograr lo anterior. El fideicomiso establecido conforme a este Artículo será una instrumentalidad gubernamental y estará totalmente exenta de,

y no tendrá que pagar, cualquier tipo de contribución, impuesto, licencia, sello, honorario u otro cargo similar impuesto por el Gobierno de Puerto Rico o cualquier Entidad Gubernamental sobre cualquiera de las propiedades de las cuales es titular, posee, custodia o usa, o sobre sus actividades o sobre cualquier ingreso, pago o ganancia derivada de lo antes mencionado. Las disposiciones de la Ley 219-2012, conocida como la "Ley de Fideicomisos", serán aplicables a cualquier fideicomiso creado bajo este Artículo, sujeto a lo establecido en la escritura de fideicomiso."

Artículo 25.- Se añade un nuevo Artículo 706 a la Ley 109-2017, conocida como la "Ley para la Reestructuración de la Deuda del Banco Gubernamental de Fomento para Puerto Rico", para que lea como sigue:

"Artículo 706.- Juntas de Directores de otras Entidades Gubernamentales.

En anticipación del cierre total del BGF conforme al Plan Fiscal del BGF, no obstante cualquier otra ley en contrario, en aquellos casos en donde la ley orgánica de una corporación pública o instrumentalidad establezca que la Junta de Directores de dicha entidad será la misma que la Junta de Directores del BGF o de otra manera requiera que cualquier miembro de la Junta de Directores del BGF también sea miembro de la Junta de Directores de dicha entidad gubernamental, el Gobernador estará autorizado a designar a la Junta de Directores de dicha otra entidad a otros individuos que no sean miembros de la Junta de Directores de BGF, los cuales servirán por el término que determine el Gobernador. Las Juntas de Directores de dichas entidades continuarán estando compuestas por el mismo número de directores."

Artículo 26.- Separabilidad.

Esta Ley se interpretará de tal manera para hacerla válida, en la medida que sea factible, de acuerdo a la Constitución de Puerto Rico y la Constitución de los Estados Unidos de América. Si cualquier cláusula, párrafo, subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de esta Ley fuera anulada o declarada inconstitucional, la resolución, dictamen o sentencia a tal efecto dictada no afectará, perjudicará, ni invalidará el remanente de esta Ley. El efecto de dicha sentencia quedará limitado a la cláusula, párrafo, subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de la misma que así hubiere sido anulada o declarada inconstitucional. Si la aplicación a una persona o a una circunstancia de cualquier cláusula, párrafo, subpárrafo, oración, palabra, letra, artículo, disposición, sección, subsección, título, capítulo, subcapítulo, acápite o parte de esta Ley fuera invalidada o declarada inconstitucional, la resolución, dictamen o sentencia a tal efecto dictada no afectará ni invalidará la aplicación del remanente de esta Ley a aquellas personas o circunstancias en que se pueda aplicar válidamente. Es la voluntad expresa e inequívoca de esta Asamblea Legislativa que los tribunales hagan cumplir las disposiciones y la aplicación de esta Ley en la mayor medida posible, aunque se deje sin efecto, anule, invalide, perjudique o declare inconstitucional alguna de sus partes, o aunque se deje sin efecto, invalide o declare inconstitucional su aplicación a alguna persona o circunstancia. Esta Asamblea Legislativa hubiera aprobado esta Ley sin importar la determinación de separabilidad que el Tribunal pueda hacer.

Artículo 27.- Idioma que Prevalece.

Esta Ley se adoptará en español y en inglés. Si en la interpretación o aplicación de esta Ley surgiere algún conflicto entre el texto en inglés y el texto en español, prevalecerá el texto en

inglés.

Artículo 28.- Vigencia.

Esta Ley comenzará a regir inmediatamente después de su aprobación.