CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

---

196 D.P.R. 289, 2016 WL 4722678 (P.R.), 2016 TSPR 188

JAIME LUIS RÍOS MARTÍNEZ, ALTERNATE ELECTORAL COMMISSIONER OF THE NEW PROGRESSIVE PARTY, LOCAL COMMISSION, VILLALBA VOTING PRECINCT 065, PUERTO RICO, appellee,
v.
VILLALBA LOCAL COMMISSION ON ELECTIONS, VOTING PRECINCT 065, appellant.

In the Supreme Court of Puerto Rico.
*Number:* AC-2016-0101
*Resolved:* August 24, 2016

Aug. 24, 2016.

1. COURTS — NATURE, EXTENT AND EXERCISE OF JURISDICTION — DETERMINATION OF THE JURISDICTION OR COURTS VENUE — MATTERS OF JURISDICTION.
*Jurisdiction* is defined as the power or authority that a court has to hear and adjudicate cases or controversies. The courts acquire jurisdiction by virtue of the law, therefore they cannot claimed it and the parties cannot grant it. *290

2. RULES OF CIVIL PROCEDURE — ALLEGATIONS AND MOTIONS — GENERAL RULES — DEFENSES.
Pursuant to Civil Procedure Rule 10.8(c), 32 LPRA App. V, the defense of lack of jurisdiction on the subject matter is a privileged one, therefore it can be alleged at any time by any of the parties or by the court *motu proprio*.

3. COURTS — NATURE, EXTENSION AND EXERCISE OF JURISDICTION — JURISDICTION OVER THE SUBJECT MATTER.
Controversies related to jurisdiction must be resolved in preference to any others. If the court determines that it does not have jurisdiction over the subject matter, it only has the authority to order the dismissal of the appeal. Otherwise, any judgment on the merits shall be null and void and, being *ultra vires*, cannot be executed.

4. STATUTES, CUSTOMS AND EQUITY — INTERPRETATION AND APPLICATION OF THE LAW — GENERAL RULES OF INTERPRETATION —

IN GENERAL — MEANING OF THE LAW, CLEAR.
Art. 14 of the Civil Code of Puerto Rico, 31 LPRA sec. 14, establishes that when the law is clear and free from any ambiguity, the letter thereof should not be underestimated under the pretext of complying with its spirit. However, when the text of the law is imprecise, courts must ensure that, when interpreting it, they do not achieve absurd results or contrary to the true intention or purpose of the legislator. In cases of imprecision and legal obscurity, courts have the inescapable duty of interpreting the statute in question, considering the social purpose that encouraged its creation, to provide a logical meaning to all its provisions.

5. ID. — ID. — ID. — COURTS OF JUSTICE POWERS AND DUTIES.
In their interpretive work, courts have a duty to fill in gaps in the law and seek to harmonize applicable statutes that are or appear to be in conflict. Thus, on occasions they are forced to make up for the inadvertence that the legislator may have incurred, always bearing in mind the respect that their intention deserves when promulgating laws.

6. ID. — ID. — ID. — ID.
Courts are authorized to interpret laws when, among other reasons, these are not clear or conclusive on a particular point; when the objective, when doing so, is to fill a gap in the statute, or when, with the purpose of mitigating the adverse effects of the application of a law to a particular situation, justice so requires it.

7. ELECTIONS AND REGISTRATIONS — STATE COMMISSION ON ELECTIONS — REVIEW OF COMMISSION DECISIONS BEFORE THE COURT OF FIRST INSTANCE.
Art. 4.001 of the Electoral Act, 16 LPRA sec. 4031, establishes that any party adversely affected by a resolution, determination or order of the State Commission on Elections, may, within ten days following its notification, appeal before *291 the Court of First Instance by filing a review brief. Within the thirty days prior to an election, the term to present a review brief shall be twenty-four hours. Likewise, it provides a term of one day in cases that arise within the five days prior to an election.

8. ID. — ELECTORAL BODIES — LOCAL

---



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

COMMISSION — CHALLENGE DUE TO DOMICILE — APPEAL.
Art. 5.005 of the Electoral Act, 16 LPRA sec. 4045, establishes that in cases of challenges due to domicile, both the challenged person and the person who challenges may appeal the determination of the local commission before the Court of First Instance within a period of ten days. Likewise, Section 3.5 of the Regulations for the Dispute Processing of the State Commission on Elections, approved on April 23, 2015, sets the term of ten days to appeal the decisions of the Local Commission or that of its President before the Court of First Instance. This term is jurisdictional in nature.

9. ID. — ELECTORAL ACT — TERMS.
Art. 2.004 of the Electoral Act, 16 LPRA sec. 4004, provides that the terms established in Art. 5.005 of said law, 16 LPRA sec. 4045, are restrictive and the Rules of Civil Procedure do not apply.

10. TIME — SUNDAYS AND HOLIDAYS — IN GENERAL.
Art. 387 of the Political Code, 1 LPRA sec. 71, establishes holidays. That text of this article is discussed in the Opinion.

11. ID. — IN GENERAL — DAYS — INCLUSION OR EXCLUSION OF THE FIRST OR LAST DAY.
Art. 388 of the Political Code, 1 LPRA sec. 72, establishes the time in which any act prescribed by law must be fulfilled, it shall be computed excluding the first day and including the last, unless it is a holiday, in which case it shall also be excluded.

12. ID. — SUNDAYS AND HOLIDAYS — ACTS OR CONTRACTS CARRIED OUT ON SUNDAYS OR HOLIDAYS.
Art. 389 of the Political Code, 1 LPRA sec. 73, provides that when an act has to be executed under the law or by virtue of a contract on a designated day, and such day occurs on a holiday, said act could be carried out on the next business day, having the same effect than if it had been done on the appointed day.

13. ID. — IN GENERAL — DAYS — INCLUSION OR EXCLUSION OF THE FIRST OR LAST DAY.
When a term to appeal expires on a Saturday and the courts are closed, the petitioner has until the next business day to submit their appeal, in accordance with the provisions of Art. 388 of the Political Code, 1 LPRA sec. 72. **\*292**

14. ELECTIONS AND REGISTRATIONS — VOTER REGISTRATION — ELECTION OR REGISTRATION LISTS — CHALLENGE AND ELIMINATION OR EXCLUSION OF REGISTERED VOTERS — PROCEDURE.
The fact that a challenge procedure is initiated by reason of domicile does not absolutely prevent the citizen subject to the challenge from exercising their right to vote. They could register to vote at their place of residence or their vote is limited to the ballots for governor and resident commissioner. As the right to vote is not impeded, there is no need to present and resolve this type of controversy within the expedited 24-hour term established in Art. 4.001.

15. ID. — ELECTORAL ACT — TERMS.
The word "restrictive" mentioned in Art. 2.004 of the Electoral Act, 16 LPRA sec. 4004, refers to the fact that the term to appeal is jurisdictional and cannot be substituted, by analogy or otherwise, by any other term.

16. TIME — SUNDAYS AND HOLIDAYS — IN GENERAL.
Although the jurisdictional terms are fatal, they are not therefore non-extendable. For reasons of due process of law, the right of judicial review cannot be curtailed or limited because the last day of the term coincides with one of the days in which the courts are not operating because it is a weekend, a holiday or for administrative reasons. Likewise, allowing the term to be reduced, subject to calendar fluctuations, could onerously affect the right of review of the party concerned.

17. ELECTIONS AND REGISTRATIONS — ELECTORAL BODIES — LOCAL COMMISSION — CHALLENGE DUE TO DOMICILE — APPEAL.
In our judicial system, if the 10-day term ends on a Saturday, Sunday or holiday, it extends until the next business day, as mandated by the Political Code. This is so, both in cases of strict compliance terms and of a jurisdictional nature. Thus, in accordance with the provisions of Art. 388 of the Political Code, 1 LPRA sec. 72, and in accordance with the requirements of the due process of law, the jurisdictional term to file an appeal of

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.   2

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

# CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

the Local Commission before the Court of First Instance is 10 days, subject to the provisions of Article 388 of the Political Code, *supra.*

**Synopsis**

APPEAL of a JUDGMENT of *Sol de B. Cintrón Cintrón, Grace M. Grana Martínez and Maritere Brignoni Mártir*, Js. of the Court of Appeals, which ruled that the term used by the primary forum as the basis for the dismissal did not apply to appeals from determinations of the Local Commission, but to those coming from the State Commission on Elections. The Court of Appeals concluded that, in the above captioned case, the term of ten days to appeal ended on Saturday, May 28, 2016, which is why it was extended until the next business day, that is, Tuesday, May 31 of 2016. Thus, it revoked the determination of the Court of First Instance, understanding that this forum had jurisdiction to hear the appeal initiated by the Electoral Commissioner of the New Progressive Party. *The writ of appeal presented, accepted as "certiorari", is issued and the Judgment of the Court of Appeals of August 5, 2016 is confirmed on other grounds. The case is remanded to the Court of First Instance for further proceedings.*

*Humberto Xavier Berríos Ortiz, of the firm Pedro Ortiz Álvarez, LCC,* attorney for the appellant*; Hamed G. Santaella Carlo,* attorney for the appellee.

ASSOCIATED JUDGE MISTER FELIBERTI CINTRÓN issued the Court's opinion.

There are terms and provisions in our legal system that, although detailed and elaborated in some aspects, are ambiguous or incompatible with other applicable provisions, thus leaving a legal vacuum that creates situations of uncertainty to the public in their application. In these cases, the courts are called upon to exercise our function of interpreting the law, in a comprehensive manner, to give logical meaning to its letter, in accordance with the legislative intention.

In the present case, we have the opportunity to clarify what is the term to request judicial review of determinations of the Local Commission on Elections

related to challenges due to domicile. In the same way, we will evaluate and discuss the nature and method of computing such a term. Let's see.

## I

By April 2016, the Local Commission on Elections of Villalba Precinct 065 (Local Commission) was asked to challenge 242 voters for reasons of domicile. On May 18, 2016, the Local Commission dismissed the challenges and notified its determination verbally. **\*294**

On May 31, 2016, dissatisfied attorney Jaime L. Ríos Martínez, alternate electoral commissioner of the New Progressive Party (PNP Electoral Commissioner), presented a Bill of Complaint [Escrito de Apelación] before the Court of First Instance. The primary forum accepted a Motion for Dismissal for Lack of Jurisdiction presented by Mrs. Marilyn López Torres, electoral commissioner of the Popular Democratic Party (Electoral Commissioner PPD), and dismissed the appeal for having been presented outside the 24-hour jurisdictional term, as provided in Art. 4.001 of Act No. 78-2011, Electoral Act of the Commonwealth of Puerto Rico (Electoral Act), 16 LPRA sec. 4031 (Art. 4.001), as it is a primary elections event.[1]

On July 20, 2016, the PNP Electoral Commissioner appealed to the Court of Appeals through a petition for writ of *certiorari*. He indicated that the primary court erred by determining that it had only 24 hours to appeal the decision of the Local Commission.[2] He argued that the term to present an appeal in the case of challenges due to domicile was 10 days, according to Art. 5.005 of the Electoral Act, 16 LPRA sec. 4045 (Art. 5.005). He also indicated that this term should be computed in accordance with the provisions Civil Procedure Rule 68.1.[3] Therefore, he concluded that his Appeal Brief was presented in a timely manner before the primary forum.

On August 5, 2016, the Court of Appeals issued a judgment by which it ruled that the term**\*295** used by the primary forum as the basis for the dismissal did not apply to appeals of determinations of the Local Commission (as in the above captioned case), but to those coming from the State Commission on Elections (CEE). It specified that, in this case, the petitioner had 10 days to present

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

their appeal before the primary forum, pursuant to Art. 5.005.

Similarly, the intermediate appellate forum explained that Art. 2.004 of the Electoral Act, 16 LPRA sec. 4004 (Art. 2.004), expressly excluded the application of the Rules of Civil Procedure to the procedures under Art. 5.005.[4] However, it considered that, as Article 5.005 requires the court to process this type of case (challenges due to domicile reasons) in accordance with the provisions of Article 4.001, the application of the Rules of Civil Procedure is allowed.[5]

Based on the foregoing, the Court of Appeals concluded that in the above captioned case the term of 10 days to appeal ended on *Saturday, May 28, 2016*, therefore, it was extended until the next business day, *Tuesday, May 31, 2016*.[6] Thus, it reversed the determination of the Court of First Instance on the grounds that this forum had jurisdiction to hear the appeal initiated by the PNP Electoral Commissioner.

On August 15, 2016, the dissatisfied Electoral Commissioner PPD came before us. She pointed out that the Court of Appeals erred when determining that the term of 10 days established in Art. 4.001, as well as Civil Procedure Rule 68.1, applied. **\*296**

After analyzing the applicable law, and counting on the benefit of the appearance of both parties, we accept the appeal presented as a writ of *certiorari* and we issue the order to confirm, although for different reasons, the determination of the Court of Appeals. We resolve that the term to appeal a determination regarding a challenge by reason of domicile of a Local Commission on Elections before the Court of First Instance is 10 days. In the event that the affected party is prevented from presenting their appeal on the tenth day of the term due to being a Saturday, Sunday or legal holiday, said term shall be extended until the next business day. Let's see.

**II**
A. *Jurisdiction over the subject matter*

**[1]** Jurisdiction is defined as the power or authority that a court has to hear and adjudicate cases or controversies.

*Rodríguez Rivera v. De León Otaño*, 191 DPR 700 (2014); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012). The courts acquire jurisdiction by virtue of the law, therefore they cannot claimed it nor can the parties grant it to them.. *Rodríguez Rivera v. De León Otaño*, supra. For this reason, we have repeatedly stated that the courts have the duty to be zealous guardians of their jurisdiction.. *Peerless Oil v. Hnos. Torres Pérez*, supra; *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

**[2]** In accordance with Civil Procedure Rule 10.8 (c), 32 LPRA App. V, the defense of lack of jurisdiction over the subject matter is a privileged one, therefore it can be argued at any time by either party or by the court *motu proprio. Vázquez v. A.R.P.E.*, 128 DPR 513 (1991). **\*297**

**[3]** Controversies related to jurisdiction must be resolved in preference to any others. *Peerless Oil v. Hnos. Torres Pérez*, supra; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra. If the court determines that it does not have jurisdiction over the subject matter, it only has the authority to order the dismissal of the appeal. *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009). Otherwise, any opinion on the merits shall be null and void and, being *ultra vires*, cannot be executed. *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

B. *Judicial interpretation of the laws*

**[4]** One of the main tasks of the courts, when resolving the controversies that are presented before them, consists of interpreting the legal provisions applicable to the particular factual situation. *Brau, Linares v. ELA et als.*, 190 DPR 315 (2014); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712 (2012). For this, in our legal system various hermeneutical norms have been established that serve us as a guidance and facilitate the exercise of our adjudicative function.. *Rosado Molina v. ELA y otros*, 195 DPR 581 (2016); *Const. José Carro v. Mun. Dorado*, 186 DPR 113 (2012). One of the cardinal principles of interpretation is codified in Art. 14 of our Civil Code, 31 LPRA sec. 14, which establishes that, when the law is clear and free from any ambiguity, the letter thereof should not be underestimated under the pretext of complying with its spirit.

However, when the text of the law is imprecise, we must


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

# CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

ensure that, when interpreting it, we do not achieve absurd results or contrary to the true intention or purpose of the legislator. *Rosado Molina v. ELA y otros*, supra.

Our interpretive function becomes more important in the face of confusing legal provisions, in which "the need to investigate what the legislator's true intention has been when approving it becomes even more latent." *IFCO Recycling v. Aut. Desp. Sólidos*, supra, p. 739. In such cases of imprecision and legal obscurity, we have the unavoidable task **\*298** of interpreting the statute in question, considering the social purpose that encouraged its creation, to provide a logical meaning to all its provisions. *IFCO Recycling v. Aut. Desp. Sólidos*, supra.

In achieving this goal, we must harmonize all the provisions of the law or the statutes involved in the solution of the controversy, in order to obtain a sensible, logical and reasonable outcome. *Rosado Molina v. ELA y otros*, supra; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923 (2010). That is why we have emphasized that

> "[b]efore the letter of an ambiguous or uncertain law, we have the obligation to lean towards the solution that best captures the impact of the statute in terms of the general welfare and that best perceives the legislative intention when adopting the norm aimed at promoting the public interest%7D". (Emphasis omitted). *IFCO Recycling v. Aut. Desp. Sólidos*, supra, p. 740. See also: *Sucn.*  *Alvarez v. Srio. de Justicia*, 150 DPR 252, 274 (2000); *Goss, Inc. v. Dycrex Const. & Co., S.E.*, 141 DPR 342 (1996).

In this effort, *we shall reject any literal and forced interpretation of a legal text that produces an absurd result* or contrary to the true intention of the legislator. *Brau, Linares v. ELA et als.*, supra; *Asoc. Fcias. v. Caribe Specialty et al. II*, supra; *Báez Rodríguez et al. v. E.L.A.*, 179 DPR 231 (2010).

**[5–6]** On the other hand, in our interpretive work, we have a duty to fill in the gaps in the law and seek to harmonize applicable statutes that are or appear to be in conflict. *PPD v. Gobernador*, 111 DPR 8 (1981). Thus, for the sake of fulfilling our imperative work, on occasions we have been forced to *make up for the inadvertencies that the legislator may have incurred*, always bearing in mind the respect that their intention deserves when promulgating the laws. *Pueblo v. Zayas*

*Rodríguez*, 147 DPR 530 (1999). **\*299**

In short, "the courts are authorized to interpret the laws when, among others, they are not clear or conclusive on a particular point; when the objective, when doing it, is to fill a gap in it; or when, with the purpose of mitigating the adverse effects of the application of a law to a particular situation, justice so requires it". (Brackets omitted) *Brau, Linares v. ELA et als.*, supra, p. 340, quoting  *Pueblo v. Ortega Santiago*, 125 DPR 203, 214 (1990).

C. *Appellate procedure in cases of challenging due to domicile*

By means of Art. 2.002 of the Electoral Act, 16 LPRA sec. 4002, the Legislative Assembly reaffirmed "the principle that the existence of an electoral system rests on guarantees of procedural purity capable of counting each vote in the form and manner in which it is cast." To safeguard these postulates, the legislator established adjudication and judicial review procedures in the Electoral Act.

**[7]** As part of these processes, Art. 4.001, *supra*, entitled Revisión Judicial de las Decisiones de la Comisión [Judicial Review of the Commission's Decisions],[7] in what is pertinent, establishes that "[a]ny party adversely affected by a resolution, determination and order of the Commission [that is, the CEE, in Spanish] may, within ten (10) days following the notification thereof, appeal before the Court of First Instance by submitting an appeal for review." Likewise, this provision establishes that, "within thirty (30) days prior to an election [,] the term to present a review brief shall be twenty-four (24) hours." Id. It also provides a term of one day in cases that arise within the five days prior to an election.

**[8]** For its part, Art. 5.005 of the Electoral Act addresses, in particular, the determinations of the Local Commission and, in the pertinent, establishes that **\*300**

> [i]n the cases of challenges due to domicile, both the challenged and the challenger may appeal within a term of ten (10) days the determination of the local commission in the Court of First Instance designated in accordance

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

to Chapter 403 of this subtitle.[8]

Along these lines, Section 3.5 of the CEE Regulations for the Processing of Challenges [Reglamento para el Trámite de Recusaciones de la CEE], approved on April 23, 2015, also establishes the term of 10 days to appeal before the Court of First Instance the decisions of the Local Commission or that of its President.[9] This term is jurisdictional in nature. Id. See also,  *Frente Unido Independentista v. C.E.E.*, 126 DPR 309 (1990).[10]

[9] For its part, Art. 2.004 of the Electoral Act provides that the terms stipulated in Art. 5.005 of said law are *restrictive* and the Rules of Civil Procedure do not apply. The Royal Spanish Academy defines *restrictive* as:

> 1. adj. Jur. That limits, circumscribes and reduces a case to certain circumstances.
> 2. adj. That does not admit discussion.[11]

D. *Computation of terms according to the Political Code*

[10] Art. 387 of the Political Code, 1 LPRA sec. 71, states that **\*301**

> [t]he holidays, in the sense of this Code, are: Sundays, the first of January, the sixth of January, the third Monday of January, the third Monday of February, the twenty-second day of March, Good Friday, *the last Monday in May*, the fourth of July, the twenty-fifth of July, the first Monday of September, which shall be known as "Labor Day", the eleventh of November, the nineteenth of November, which shall be known as the day of the Puerto Rican Culture and the Discovery of Puerto Rico, the fourth Thursday of November, the twenty-fifth of December, every day that general elections are held on the Island and every day fixed by the Governor of

Puerto Rico, or by the Legislative Assembly. Whenever any of these days occurs on a Sunday, the following Monday shall be a holiday. (Emphasis ours).

[11–12] Art. 388 of the Political Code, 1 LPRA sec. 72, establishes that "[t]he time in which any act prescribed by law must be fulfilled shall be computed excluding the first day and including the last, unless this is a holiday, in which case it shall also be excluded." For its part, Art. 389 of the Political Code, 1 LPRA sec. 73, provides that

> [w]hen any act is to be carried out under the law or by virtue of a contract on a designated day, and such day occurs on a holiday, said act may be carried out on the next business day, having the same effect as if it had been made on the appointed day.

[13] In accordance with the foregoing, in *Sosa v. Tribunal de Distrito*, 70 DPR 62 (1949), we reiterate that when a term to appeal expires on a Saturday and the courts are closed, the petitioner has until the next business day to present their appeal, pursuant to the provisions of Art. 388 of the Political Code, *supra.*

E. *Right to review an administrative decision*

The judicial review of administrative determinations has important implications. We cannot lose perspective that it is precisely through this mechanism that the court complies with the constitutional mandate to ensure the legality of the actions of the various government entities. **\*302** *Junta Dir. Portofino v. P.D.C.M.*, 173 DPR 455 (2008). See also: D. Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 3rd ed., Bogotá, Ed. Forum, 2013, Sec. 9.1, p. 669; J.A. Echevarría Vargas, *Derecho administrativo puertorriqueño*, San Juan, Ed. Situm, 2012, p. 281; D. Fernández Quiñones, *La revisión judicial de las decisiones administrativas*, 69 (Núm. 4) Rev. Jur. UPR

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

1129 (2000).

We have already stated that this process "is part of an appellative procedure whose design responds to the constitutional principle of greater access to the courts." *Méndez v. Corp. Quintas San Luis*, 127 DPR 635, 637 (1991).

### III

In order to resolve the controversy raised by means of this appeal, we must first consider whether the appeal of a decision of the Local Commission concerning *challenges for reasons of domicile* must be submitted within the term of 24 hours provided in Art. 4.001 of the Electoral Act or if, on the other hand, it is governed by the term of 10 days established in Art. 5.005 of said statute. If we determine that Art. 5.005 applies, we must then decide whether to calculate the term of 10 days based on the provisions of Civil Procedure Rule 68.1, 32 LPRA App. V.

To begin with, we must clarify and differentiate the scope of Arts. 4.001 and 5.005. Art. 4.001 is directed, as its title indicates, to establish the process of judicial review of the CEE decisions. Within the terms included in the aforementioned article, it is specified that the 30 days prior to an electoral event, the party that does not agree with a *determination of the CEE* has a period of 24 hours to present their appeal before the First instance Court. In other words, the term of 24 hours **\*303** established in Art. 4.001 applies only to the CEE.[12]

Therefore, due to their importance and the impact on the right to vote, the decisions of the CEE must be presented and resolved very quickly. That is why the aforementioned provision establishes short terms, sometimes one hour, for the primary forum to resolve appeals from the CEE. In consideration of the above, in the past, the Judicial Branch has taken the necessary and prudent measures to receive and resolve the appeals for review of an electoral nature in the days close to the elections.[13]

For its part, *Art. 5.005 of the Electoral Act expressly provides for the appeal mechanism of the Local Commission's decisions* and, specifically, those related to the challenge for reasons of domicile. According to the guiding principle on hermeneutics, when the law is clear, we must abide by the provisions of the legislator. That is

why, without a doubt, this postulate is the one that governs the process of review of the determination reached by the Villalba Local Commission in the present case. Thus, we conclude that in this type of case there is a 10-day term to file an appeal before the Court of First Instance, in accordance with Art. 5.005. [14]

[14] At this point, it is convenient to clarify the fact that even if a challenge procedure is initiated for reasons of domicile this does not absolutely prevent the citizen subject to the challenge from exercising their right to vote. They could register to vote at their place of residence or their **\*304** vote is limited to the ballots for governor and resident commissioner. As the right to vote is not impeded, there is no need to present and resolve this type of controversy within the expedited 24-hour term established in Art. 4.001. [15]

Finally, Art. 5.005 establishes that the judicial process shall be in accordance with Art. 4.001. This means that after filing the appeal, the court shall have to hold a hearing, receive evidence, formulate determinations of fact and conclusions of law and resolve within the terms established in Art. 4.001.

Once it has been established that Art. 5.005 is the one that governs the beginning of the judicial review procedure for challenges due to domicile, we proceed to discuss the nature and computation of the 10 days term.

By express mandate of Art. 2.004 of the Electoral Act, the 10 days term to appeal the decisions of the Local Commission is *restrictive* in nature and the Rules of Civil Procedure do not apply. However, there is no provision that excludes the supplementary application of the Political Code to assist the court in the process of clarifying the dispute before us.[16] For example, the legislator expressly excluded the application of the Political Code regarding the hiring of certain personnel by the CEE President,[17] but did not exclude it in the same way in regard to the provisions involved here.

In order to compute the terms, Art. 388 of the Political Code, *supra*, establishes that the first day shall be excluded and the last day shall be included, unless it is a holiday.[18] For its part **\*305**, Art. 389 of the Political Code, 1 LPRA sec. 73, provides that if the day on which any act is to be carried out is a holiday, it may be carried out on the next business day, having the same effect as if it had



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

been carried out on the appointed day.

Finally, Art. 387 of the Political Code, *supra*, and the interpretative jurisprudence establish that for purposes of computing the terms, Saturdays, Sundays and holidays are considered official holidays. Therefore, in situations like the present one, if the 10-day term to file the appeal expires on a Saturday, Sunday or a holiday, the petitioner shall have until the next business day to file their appeal.

[15] When interpreting the word "*restrictive*" mentioned in Art. 2.004, we resolve that it refers to the fact that the term to appeal is *jurisdictional*, and cannot be substituted, by analogy or otherwise, by any other term.[19] This interpretation is in accordance with what was previously established in *Frente Unido Independentista v. C.E.E.*, supra, and Section 3.5 of the Regulations for the Processing of Challenges, *supra*.

[16] However, although the jurisdictional terms are fatal, not for that reason they are non-extendable. For reasons of due process of law, we cannot restrict or limit the right to judicial review because the last day of the term coincides with one of the days in which our courts are not operating because it is a weekend, holiday or for administrative reasons.[20] Interpreting **\*306** Art. 5.005 of the Electoral Act in order to require appeals to be filed in the Court of First Instance when it is closed, would entail an absurd, unwise and unfair result.

Likewise, allowing the term to be reduced subject to calendar fluctuations could onerously affect the right of review of the party concerned. This, because on occasions it may coincide with several holidays contiguous to Saturdays, Sundays, as well as other days in which the courts are closed by administrative decree. Considering these days when it is not feasible to present appeals to the court, sometimes it could significantly reduce the term to appeal. We cannot restrict a citizen's right to appeal for reasons that are totally beyond their control.
On the other hand, as we warned previously, the Electoral Act has specifically granted the right to judicial review in cases of challenge due to domicile. This type of litigation represents a matter of high public interest, since it concerns the electoral lists correction and thus avoid possible fraud. In this context, reducing de facto short the period of 10 days provided to go to the Court of First Instance due to the fact that there is no forum available to

attend a claim established in the Electoral Act itself, could unduly interfere with the guarantees of due process of law in its procedural modality that shelter the appellee in this case.[21] Among the appropriate constitutional provisions the following protections are included, among others: the right to a trial before an impartial judge; the opportunity to be heard; confront witnesses and examine the evidence presented against them.[22] **\*307**

These requirements are particularly relevant in this case since the procedure before the Court of First Instance, as provided in Art. 4.001, does not constitute a judicial review in the traditional sense where the function of the review forum is limited to examining the administrative file. The procedure established by statute by means of the Electoral Act contemplates a hearing in its merits in which the parties shall have the right to present evidence, if they wish to do so. Likewise, the court shall be obliged in these cases to formulate determinations of fact and conclusions of law, which leads us to conclude that it is a trial *de novo*. See: *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31 (2009); *Miranda v. C.E.E.*, 141 DPR 775 (1996); *P.A.C. v. P.I.P.*, 169 DPR 775 (2006).

At the time of the events, there was not available in the Court of First Instance, Superior Court of Ponce, a procedure for the presentation of this type of appeal because the Court Secretariat is closed on Saturdays, Sundays and holidays. We cannot penalize the appellee for limitations in the filing procedure that are beyond their control. Basically, for the date in question, the law did not contemplate the presentation of appeals of challenges for reasons of domicile on Saturdays, Sundays or holidays.

[17] In our judicial system, if the 10-day term ends on a Saturday, Sunday or holiday, it extends until the next business day, as mandated by the Political Code. This is so both in cases of strict compliance terms and of a jurisdictional nature. This is because, as a general rule and for administrative reasons, the court clerks do not operate on Saturdays, Sundays or holidays and the appellant is unable to exercise their right of review. By applying the **\*308** same term and the same procedural guarantees to the instant case, uniformity and equity are promoted. In turn, the procedural purity required by Art. 2.002 of the Electoral Act is encouraged, *supra*.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

### IV

It is clear from the foregoing discussion that the Court of Appeals acted correctly in revoking the determination of the Court of First Instance and protecting the right of the appellee to judicial review. However, contrary to what is indicated in the opinion of the intermediate appellate forum, in the present case, Civil Procedure Rule 68.1 does not apply.

For the reasons indicated above, *we resolve that in accordance with the provisions of Article 388 of the Political Code, supra, and in accordance with the requirements of due process of law, the jurisdictional term to present an appeal of the Local Commission before the Court of First Instance is 10 days, subject to the provisions of Article 388 of the Political Code, supra. Consequently, in the present case the period for submitting the appeal is extended until the next business day. In short, due to the fact that the secretariat of the primary forum was closed on May 28, 29 and 30, 2016, the appeal filed before the Court of First Instance on May 31, 2016 was appropriate.*

### V

Based on the foregoing, *the order of the appeal presented is issued, accepted as "certiorari", and the Judgment of the Court of Appeals of August 5, 2016 is confirmed on other grounds. The case is remanded to the Court of First Instance for further proceedings.* **\*309** *To bring forward immediately by phone or email, and notified later by ordinary means.*

*A judgment of conformity shall be issued.*

Associate Justice Mr. Estrella Martínez issued a conformity opinion. Associate Justice Mr. Colón Pérez issued a concurring opinion, which was joined by Associate Justice Mrs. Rodríguez Rodríguez. Chief Justice Oronoz Rodríguez concurred without a written opinion.

**--O--**

Conformity opinion issued by Associate Justice Mr. Estrella Martínez.

I am in agreement with the course of action taken by this Court. The controversy before our consideration is specifically framed in the process of challenges due to domicile determined in a local commission and the access of citizens to challenge the relevant decisions before the Court of First Instance. That is why it was imperative to harmoniously interpret the applicable provisions contained in the Electoral Act of the Commonwealth of Puerto Rico (Electoral Act), 16 LPRA sec. 4001 *et seq.*, to address the subject matter raised and clarify how the terms to go before the Court of First Instance are computed, considering the administrative realities according to which the Judicial System operates.

### I

On May 18, 2016 the Villalba Local Commission on Elections (local commission) dismissed 242 challenges for reasons of domicile, as requested by the electoral commissioner of the Popular Democratic Party, Mrs. Marilyn López Torres (PPD Commissioner). On the 31st of that month and **\*310** year, the alternate commissioner of the New Progressive Party, Mr. Jaime Luis Ríos Martínez (Alternate Commissioner of the PNP), challenged the determination of the local commission before the Court of First Instance.

Following this, the PPD Commissioner filed a *motion to dismiss due to lack of jurisdiction*, in which she argued that the appeal filed before the primary forum did not comply with the jurisdictional term provided in the Electoral Act. She maintained that the process of challenge due to domicile should have been presented within 24 hours, as established in Art. 4.001 of the Electoral Act, 16 LPRA sec. 4031, because it is a matter with less than thirty days before a primary process. Therefore, she requested its dismissal due to lack of jurisdiction.

For his part, the NPP Alternate Commissioner objected, arguing that the challenge process was aimed at depriving those voters of the general elections process, therefore the appeal was timely filed on the last business day to do it.

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

The Court of First Instance heeded the positions of the parties through the judgment issued on July 8, 2016, filed in the court's record on July 14, 2016, in which it accepted the proposal of the PPD Commissioner.

Dissatisfied, the NPP Alternate Commissioner went before the Court of Appeals. He argued that the Court of First Instance erred by not applying the ten-day term to appear before that forum and contest the aforementioned challenges, and by not excluding Saturdays, Sundays and holidays from that computation. On her side, the PPD Commissioner opposed and reiterated her position; furthermore, she pointed out that even when the term invoked by the Alternate Commissioner of the PNP applied, the appeal filed before the primary forum was submitted late. In doing so, she pointed out that the Electoral Act excluded from the application of the procedural rules matters related to the agreements of the local commissions **\*311**. Accordingly, under the protection of her arguments, although the last day to file the appeal before the Court of First Instance culminated on a day in which the forum does not operate, it could not be extended to the next business day.

Once the proposals were addressed, the Court of Appeals issued and filed the Judgment of August 5, 2016, through which it revoked the Court of First Instance. The intermediate appellate forum concluded that the term to attend the primary forum was ten days and excluded Saturdays, Sundays and holidays. To support its opinion, the intermediate appellate court reasoned that although Art. 5.005 of the Electoral Act, 16 LPRA sec. 4045, contains restrictive terms to challenge the determinations of the local commissions, in those cases of challenges due to domicile it establishes that these shall be presented before the Court of First Instance and "[t]he court shall process these cases within the terms established in Article 4.001 of the Law." Addendum, p. 9. In this way, they continued their analysis in Art. 2.004 of the Electoral Act, 16 LPRA sec. 4004, which establishes the way in which the terms expressed in the statute are computed, and interpreted that matters related to challenges due to domicile were not excluded from the application of the civil procedural rules because they were governed by the provisions of Article 4.001, *supra.* Therefore, the Court of Appeals understood that the appeal was filed on time.

In disagreement, the Electoral Commissioner of the PPD goes before this Court and indicates that the Court of Appeals erred in that determination. She argues that Art. 5.005 of the Electoral Act, *supra,* governs the controversy and the terms provided in the civil procedure rules by express provision contained in Art. 2.004 of the Electoral Act do not apply to it, *supra.* **\*312**

## II

A. The Constitution of Puerto Rico establishes the right to vote for every citizen in all electoral processes.. Art. II, Sec. 2, Const. ELA, LPRA, Tomo 1. ELA, LPRA, Volume 1. Similarly, the Electoral Act strengthens the guarantee of electoral expression, which represents the most effective instrument of citizen expression and participation in a democratic system of government. Art. 2.002 of the Electoral Act, 16 LPRA sec. 4002. So much so that the right to vote cannot be denied to a male or female elector except for the provisions established in the statute or an order issued by a Court of Justice with jurisdiction. Specifically, the Electoral Act establishes that "the legal registration of a voter may not be rejected, canceled, invalidated or annulled or deprive a qualified voter of their right to vote through regulations, order, resolution, interpretation or any other way that prevent the above." Art. 6.006 of the Electoral Act, 16 LPRA sec. 4066.

In order to guarantee the purity of the electoral process, the Electoral Act establishes a challenge procedure in which the status of an elector is challenged in the General Register of Voters or their request for registration or transfer during the registration process, or when a elector's vote is objected in an election for believing that they are doing it illegally. See 16 LPRA sec. 4003 (85).

The procedure consists of presenting the petition for the exclusion of the voter before the local commission concerned with the grounds for it. Among the grounds is that the voter is not domiciled at the address indicated in their application on the date of registration or at the time of the challenge. See Art. 6.017 of the Electoral Act, 16 LPRA sec. 4077 (a) (2). If it is decided that the challenge proceeds, the president of the local commission orders the exclusion of the voter from the registry. The challenged person has five days to appeal the challenge before the State Commission on Elections **\*313** *"except as provided for challenges due to electoral domicile."* Id.[1]

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.                    10



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

The process to review a challenge due to electoral domicile is contained in Art. 5.005 of the Electoral Act, *supra*, which governs appeals from local commissions decisions. Where relevant, it provides that

> [i]n the cases of challenges due to domicile, both the challenged and the challenger may appeal within a ten (10) days term the local commission determination in the Court of First Instance designated in accordance with Chapter 403 of this subtitle. If there is a conflict due to the fact that the judge of the Court of First Instance is also President of the local commission, the appeal shall be heard by another judge of the Court of First Instance who is acting as President or Alternate President. The court shall process these cases within the terms established in sec. 4031 of this title. (Emphasis supplied)

From the foregoing it appears that the statute granted a longer term to appeal a local commission determination in relation to a challenge filed for reasons of domicile, that is, a term of ten days. Likewise, it was considered prudent that unlike other determinations of the local commissions, the challenge due to domicile was decided by the Court of First Instance and not by the State Commission on Elections. Therefore, Art. 5.005 of the Electoral Act, *supra*, redirects the processing of these cases to Art. 4.001 of the Electoral Act, *supra*, which governs the judicial review of the decisions of the State Commission on Elections before the Court of First Instance.[2] **\*314**

B. With respect to how the terms established in the Electoral Act are computed, Art. 2.004 of that statute, 16 LPRA sec. 4004, provides that "[i]n the calculation of the terms expressed in this subtitle, the Rules of Civil Procedure of Puerto Rico of 2009, App. V of Title 32, shall apply, *except for those established in secs. 4015 and 4045 [Art. 5.001] of this title, which shall be restrictive.*" (Emphasis supplied). For its part, Civil Procedure of Puerto Rico of 2009 (32 LPRA App. V) Rule 68.1

establishes how the terms granted are computed when decreeing as follows:

> In the computation of any term granted by these rules, or by order of the court or by any applicable statute, the day on which the act, event or breach is carried out shall not be counted, after which the fixed term begins to elapse. The last day of the term thus computed shall be included as long as it is not a Saturday, Sunday or a legal holiday, the term then being extended until the end of the next day that is not a Saturday, Sunday or a legal holiday. Any term may also be suspended or extended for just cause when the Supreme Court of Puerto Rico decrees it by resolution. When the term granted is less than seven (7) days, Saturdays, Sundays or intermediate legal holidays shall be excluded from the computation. A half a day holiday shall be considered a holiday in its entirety.

It is under this provision that the PPD Commissioner argues that the term to contest the challenges **\*315** before the Court of First Instance expired on Saturday, May 28, 2016. This, because she argues that the term was not extended to the next business day, Tuesday May 31, 2016, by express provision contained in Art. 2.004 of the Electoral Act, *supra.*[3]

In light of this, the arising controversy is whether the aforementioned language deprives a challenged voter or his/her challenger from going to the Court of First Instance the next business day to impugn the decision of a local commission regarding a challenge based on domicile, when the ten-day term to impugn the decision expires on a Saturday, Sunday, or holiday, when the Court of First Instance is not operating to receive the claim. The answer is in the negative.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

An analysis of the cited language provides that the Rules of Civil Procedure of 2009 for the calculation of the terms stated do not apply to Section 5.005 of the Election Law, *supra*, which governs the appeals process of matters determined by local commissions. However, this does not lead to the result of a citizen having to go to the Court of First Instance not being able to do so because their claim expires on a day in which such forum of instance is not accessible.

Given this situation, the next step is to resort to the supplemental legal text in order to examine how the aforementioned terms would be calculated. For this reason, we must refer to the Puerto Rico Political Code, whose Article 388 (1 LPRA sec. 72) decrees that "[t]he time in which any act prescribed by law must be complied with shall be calculated excluding the first day and including the last, *unless this is a holiday, in which case it will also be excluded*." (Emphasis supplied).[4] Likewise, the Political Code establishes **\*316** the effect of an act ending on a holiday. For these purposes, Article 389 of the Political Code establishes that: "[w]hen any act is to be executed under the law or by virtue of a contract on a designated day, and *such day falls on a holiday*, said act *may be carried out on the next business day, having the same effect as if it had been done on the appointed day*." (Emphasis supplied). 1 LPRA sec. 74. See also the dissenting opinions issued by Associate Justice Martínez Torres, joined by Associate Justice Feliberti Cintrón, and the dissenting opinion issued by Associate Justice Estrella Martínez in *Díaz Vanga v. CEE II*, 195 DPR 390 (2016).

Certainly, when outlining the challenge procedure in the Election Law, its application to the Political Code was not excluded. That is, there is no statement of the legislator that prevents its use. As it is known, both the Political Code and Rule 68.1 of Civil Procedure address how the calculations indicated in the statutes are carried out, which means both provisions regulate the same matter. Consequently, it is presumed that the legislator knows them, and in the absence of a statement regarding the inapplicability of the Political Code, such Code applies supplementarily. See: Art. 18 of the Civil Code, 31 LPRA sec. 18; *Cardona v. Recreation and Sports Dept.*, 129 DPR 557, 573 (1991).

We point out that when the legislator has wanted to exclude the application of the Political Code in the Election Law, he/she has done so expressly. He/she specifically did so in the case of hiring the services of certain officials, who were excluded from the provisions of Art. 177 of the Political Code, 3 LPRA sec. 551. See Art. 3.009(1)(g) of the Election Law, 16 LPRA sec. 4019(1)(g). **\*317**

### III

Based on the foregoing, I cannot endorse the position of the PPD Commissioner. Certainly, the term to impugn voter challenges ended on a Saturday and the appeal was filed before the Court of First Instance the next business day. In my opinion, it would be an abuse of the guarantees of accessibility to the courts to impose on a party the requirement to file an appeal to the Court of First Instance on a day when, ordinarily, the aforementioned forum is closed. Much less do I envision endorsing an interpretation in which the term provided by the legislator for a party to file a claim is shortened. That would be the result of requiring said citizen to file his/her claim before the deadline established by the legislator, since the term would end on a weekend or a holiday when the court is not in session. Such procedure is not in tune with the postulates of access to justice.

Consequently, I agree with the ruling handed down by this Court. In light of the fact that the review of a judgment is carried out against the decision and not against its grounds, I endorse confirming the Court of Appeals. See: *SLG Semidey Vázquez v. ASIFAL*, 177 DPR 657, 692 (2009); *Pérez v. VPH Motor Corp.*, 152 DPR 475, 487 (2000).

### -O-

Concurring opinion issued by Associate Justice Colón Pérez, joined by Associate Justice Rodríguez Rodríguez.

In the case before our consideration, we must determine how the term is calculated for a challenged voter or

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

his/her challenger to request - before the Court of First Instance - the review of a resolution, determination and order issued by the Local Elections Commission in cases of **\*318** challenges based on domicile, and which provisions of the Election Law regulate this matter. Since I consider that the controversy before our consideration affects the fundamental exercise of the right to vote of our citizens, and since I consider that the grounds on which the majority is based are misleading, I concur with the opinion and present my grounds for it.

## I

As it is well known, the judicial review process of judgements related to voter challenges based on domicile is very particular and is regulated by various provisions of the Election Law of the Commonwealth of Puerto Rico, 16 LPRA sec. 4001 *et seq*. (Election Law), to wit: Arts. 5.005 (16 LPRA sec. 4045), 4.001 (16 LPRA sec. 4031), and 2.004 (16 LPRA sec. 4004).

With regards to the controversy that concerns us, Art. 5.005 of the Election Law, *supra*, concerning the determinations of the Local Elections Commissions —as are those related to challenges based on domicile—, clearly establishes, as applicable, the following:

> The agreements of the local commissions must be approved by unanimous vote of the Local Commissioners who were present at the time of voting. Any matter submitted for the consideration of the local commission that did not receive such unanimity of votes will be decided, in favor or against, by the Chair of said Commission, this being the only occasion and circumstance in which the Chair may vote. His/her decision in these cases may be appealed to the Commission by any of the Local Commissioners, leaving the agreement or decision thus appealed without effect until it is resolved.

Any appeal to a decision of the Chair of a local commission, except in cases of challenge based on domicile, must be notified in the same session in which the appealed decision is made and before said session is adjourned. The appeal shall be made with notification to the Chair, who shall immediately communicate such notification to the Secretary of the **\*319** Commission. The Chair shall summon the Commission as soon as possible to resolve the issue as provided in this subtitle.

*In cases of challenges based on domicile, both the challenged voter and the challenger may appeal, within a term of ten (10) days, the determination of the local commission in the Court of First Instance designated pursuant to Chapter 403 of this subtitle.* If there is a conflict because the judge of the Court of First Instance is also the Chair of the local commission, the appeal will be heard by another judge of the Court of First Instance who is in office as Alternate Chair. *The court will process these cases within the terms established in sec. 4031 of this title.* (Emphasis supplied).

From the foregoing legal provision, we can infer that — contrary to what was indicated by the Court of Appeals, which disposed of the controversy before our consideration, erroneously applying the provisions of Arts. 4.001 and 5.005 of the Election Law, *supra*, and Rule 68.1 of Civil Procedure, 32 LPRA App. V — only Art. 5.005 of the Election Law expressly regulates matters related to the judicial review of resolutions, determinations or orders of the *Local* Elections Commission regarding challenges based on domicile. This legal provision establishes that, to request judicial review before the Court of First Instance in cases of challenges based on domicile, the challenged voter or challenger has a term of 10 days. This is also inferred from the Regulations for Challenge Procedure of the State Elections Commission, approved on April 23, 2015. In this regard, Section 3.5 of the aforementioned regulations states:

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

The challenges based on domicile will be governed by the provisions of Article 5.005 of the Election Law. Both the challenged voter, the challenger, and the Local Commissioners may appeal procedural or substantive aspects within ten (10) days following the notification of the decision of the Local Commission or that of its Chair, to the Court of First Instance. In case of conflict because the judge is also Chair of the Local Commission **\*320**, the appeal will be heard by another judge of the corresponding Court of First Instance. The aforementioned term is jurisdictional. Challenge Regulations, p. 22, at: http://ww2.ceepur.org /es-pr/Reglamentos/2 0150423%20%C20R EGLAMENTO%C20 PARA%20    EL% 20TR%    CC3% C81MITE% C20DE% ŘECUSACIONES.pd f

Finally, the aforementioned Art. 5.005 of the Election Law, *supra*, adds that the judicial procedures related to

the review of the resolutions, determinations or orders related to challenges based on domicile must be conducted in accordance with the terms contained in Art. 4.001 of the Election Law, *supra*.

Regarding the special procedure that a case of this nature must follow in the Court of First Instance, Art. 4.001 of the Election Law, *supra*, establishes, as applicable, that:

> Any party adversely affected by a resolution, determination and order of the Commission may, within ten (10) days following the notification thereof, appeal to the Court of First Instance by filing a petition for review. The petitioning party will have the responsibility for notifying, within said term, a copy of such petition for review through the Secretary of the Commission, as well as to notify any other adversely affected party, within the term to appeal to the court. Said term will be interrupted with the filing of a motion for reconsideration within the same term, provided that the Commission is notified through its Chair and any party adversely affected in the referred term is also notified. Parties will only have the right to one motion for reconsideration, which must be decided on by the Commission within a term of five (5) days. From the issuance of the decision deciding on the reconsideration, the party will have ten (10) days to request a review before the Court of First Instance.

> The Court of First Instance will hold a hearing on the merits, receive evidence, and formulate the corresponding findings of fact and conclusions of law. The court must decide on said review within a term not to exceed twenty (20) days from the date the case is submitted.

> Within thirty (30) days prior to an election, the term to file the petition for review will be twenty-four **\*321** (24) hours. The petitioning party will be responsible for notifying, within said term, a copy of the petition for review to the Commission and any other affected party. The court must decide on said review within a term

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.                    14

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

not to exceed five (5) days, counted from the filing of the case.

In other words, Art. 4.001 of the Election Law, *supra*, establishes the procedural rules that will guide the correct disposition of a case when a judicial review of the resolutions, determinations or orders related to challenges based on domicile is requested. This includes – but is not limited to – everything related to motions for reconsideration of the determinations of the Local Elections Commission, the holding of a hearing on the merits where evidence is received and determinations of fact and conclusions of law are formulated, and the short terms that the Court of First Instance has to hand down a decision. *In other words, with regard to challenges based on domicile, Art. 4.001 of the Election Law only regulates the procedural approach to the controversy before us; the substantive approach to the controversy, as we have already mentioned, is regulated by Art. 5.005 of the Election Law,* supra.

Finally, it is necessary to point out that – contrary to the decision handed down by the Court of Appeals – regarding the terms contained in Art. 5.005 of the Election Law, *supra*, and for purposes of its calculation – particularly regarding the term of 10 days that the challenged voter or the challenger has to request a judicial review of the resolutions, determinations or orders related to the challenges based on domicile—, the provisions of the Puerto Rico Rules of Civil Procedure will not apply because they are limited terms. This is clearly expressed in Art. 2.004 of the Election Law, *supra*, which states that:

> *In the calculation of the terms expressed in this subtitle, the Puerto Rico Rules of Civil Procedure of 2009, App. V of Title 32, shall apply, except for those established in secs. 4015 and 4045 [Articles 3.005 and 5.005 of the Election Law,* supra*,] of this title, which shall be limited.* (Emphasis supplied). *323

It is, therefore, in light of the aforementioned legal framework that we must address the controversy brought before our consideration by Mr. Ríos Martínez. We proceed to do so.

**II**

As is well stated in the Opinion of the Court, in this case the Alternate Election Commissioner of the New Progressive Party, Mr. Ríos Martínez, sought to appeal to the Court of First Instance a decision of the Local Elections Commission of the Municipality of Villalba which – on May 18, 2016 – dismissed 242 challenges based on domicile.

As has been clearly established, in accordance with the provisions of Article 5.005 of the Election Law, *supra*, Mr. Ríos Martínez had a limited term of 10 days to file the corresponding appeal for judicial review. *This term expired on Saturday, May 28, 2016, a non-business day, in which the offices of the clerks of the Island's courts were not operating.* This being the case, Mr. Ríos Martínez filed his appeal for judicial review on Tuesday, May 31, 2006, the next business day of the Judicial Branch, since Monday, May 30, was an official holiday in the Commonwealth of Puerto Rico. (Memorial Day). Mr. Ríos Martínez believes he could do it. The petitioner, Mrs. Marilyn López Torres, Election Commissioner of the Popular Democratic Party in Villalba, believes he could not.

This raises the following questions: in the case of a limited term that expired on a non-business day, could Mr. Ríos Martínez wait until the next business day to file his appeal for judicial review to impugn certain challenges based on domicile? *What happens when the day a limited term expires is a non-business day and the next day is a holiday?* What *323 is certain is that the aforementioned applicable provisions of the Election Law provide nothing on the matter. It is therefore appropriate to address this gap in the law.

Faced with the silence in the Election Law regarding this matter – and differently from the way a majority of this Court deals with the controversy – we find ourselves in the obligation to analyze complementary or *in pari materia* statutory provisions, so as to be able to properly dispose of the controversy before us. *Zambrana Maldonado v. E.L.A.*, 129 DPR 740 (1992); *Aponte v.*

WESTLAW  © 2021 Thomson Reuters. No claim to original U.S. Government Works.  15

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

*Srio. de Hacienda, E.L.A.*, 125 DPR 610 (1990); *Riley v. Rodríguez Pacheco*, 124 DPR 733 (1989). According to Art. 18 of the Civil Code, 31 LPRA sec. 18, *"[t]he laws that address the same matter or whose object is the same must be interpreted referring to one another, inasmuch as what is clear in one of its precepts may be taken to explain what is doubtful in another."*

First of all, it must be pointed out that, *regarding the non-business day*, we have found in the Election Law itself an article that —since it is a similar matter— we can use to clarify what is doubtful in the articles under study, namely: Art. 8.011 of the aforementioned legal provision (16 LPRA sec. 4121). This article regulates the treatment given to the "Dates to Open Nominations and Deadlines." In this regard, the aforementioned article, with regards to handling non-business days, clearly establishes that:

> The Commission and the political parties will open the nomination process on December 1 of the year before general elections will be held until December 30 of the same year. The deadlines that will apply to the processes and activities related to said primaries will be established through regulations by the Commission. The cutoff time in all cases will be 12:00 noon; *when any of these dates falls on a non-business day, it will roll over to the next business day*. Independent candidates will file their applications to run for office exclusively through this same process and during the same period. (Emphasis supplied). **\*324**

As pointed out by Associate Justice Rodríguez Rodríguez in her particular vote in accordance with *Díaz Vanga v. CEE II*, 195 DPR 390, 394 (2016), *"[t]his provisions clearly point out that the guiding criterion when* extending a deadline to which Article 8.011 applies is that it is a non-business day, and not on a holiday". (Emphasis supplied). This, in my opinion, is useful – in the *in pari materia* analysis that we are carrying out – and allows us to dispose of part the controversy before our consideration. On the other hand, *with regards to the holiday*, it is equally illustrative to refer to Art. 388 of the Political Code, 1 LPRA sec. 72, which deals with the treatment to be given to a term that expires on a holiday. The following is provided therein, as applicable:

> The time in which any act prescribed by law must be fulfilled will be calculated excluding the first day and including the last day, unless this is a holiday, in which case it will also be excluded.

On the other hand, Art. 389 of the aforementioned statute, 1 LPRA sec. 73, states that:

> [. \ u. \ u. \ u] *when any act is to be performed under the law or by virtue of a contract on a specified day, and such day falls on a holiday, said act may be performed the next business day, having the same effect as if it had been carried out on the appointed day.* (Emphasis supplied).

Having established the foregoing, and by virtue of the aforementioned statutory provisions, which serve as a guide on how the legislator deemed the terms should be calculated when they expire on non-business days or holidays, and also as a consequence of the aforementioned gap in the sections of the Election Law under study, we deem that Mr. Ríos Martínez, *by exception*, filed his appeal within the term established by law. This is because: *(1) since the limited term of 10 days that he had* **\*325** *to review the resolutions, determinations or orders related to challenges based on domicile had expired on a non-business day; (2) since the offices of the clerks of the courts of justice of the Island were closed*

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.   16

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

*that day, and (3) since the next business day was a holiday (in this case, Memorial Day),* it was appropriate that the filing was done the next business day.

Now, it is necessary to point out that the result would have been another if the day on which the limited term of 10 days expired, that is, a Saturday or a holiday, the offices of the clerks of the Island's courts had been open[1] or there had been another method of electronic filing or an alternate, and so the general public would have been informed. In that case, the limited term would have expired that day and could not have been extended. See, similarly, *Díaz Vanga v. CEE II,* supra.

For this reason, the automatic application of the terms provided in the Political Code, as established in the Opinion of the Court, should not be applied in these cases. Doing so would circumvent the legislator's intent that this term be *limited*.

**III**

Having established the foregoing, and since we understand that contrary to what is stated by the majority here, the Political Code does not directly apply, we agree with the result that is reached today.

**Footnotes**

[1]   As applicable, this postulate provides that "[w]ithin thirty (30) days prior to an election[,] the term to file a petition for review [of a decision of the State Elections Commission (CEE, Spanish acronym)] will be twenty-four (24) hours." Sec. 4.001 of Law No. 78-2011, Election Law of the Commonwealth of Puerto Rico (Election Law), 16 LPRA sec. 4031.

[2]   It was argued that the challenges were not intended to affect the primaries of May 6, 2016, but the general elections of November 2016.

[3]   Rule 68.1 of Civil Procedure, 32 LPRA App. V, as applicable, establishes that when calculating the terms, "[. \ U. \ U. \ U] the day on which the act, event or noncompliance takes place and after which the established term begins to elapse will not be counted. The last day of the term thus calculated will be included as long as it is not a Saturday, Sunday, or legal holiday, and thus the term will be extended until the end of the next day that is not a Saturday, Sunday or legal holiday."

[4]   Sec. 2.004 of the Election Law, 16 LPRA sec. 4004, establishes that "[i]n the calculation of the terms expressed in this subtitle, the Puerto Rico Rules of Civil Procedure of 2009, App. V of Title 32, shall apply, except for those established in secs. 4015 and 4045 of this title, which will be limited."

[5]   In particular, Sec. 5.005 of the Election Law, 16 LPRA sec. 4045, provides that "[t]he court shall process these cases within the terms established in sec. 4031 of this title." The referred section 4031 is equivalent to Sec. 4.001 of the Election Law, 16 LPRA sec. 4031.

[6]   Monday, May 30, 2016, was Memorial Day, which is a holiday.

[7]   Sec. 2.003 of the Election Law, 16 LPRA sec. 4003 (20), defines "Commission" as the "Puerto Rico State Elections Commission".

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.                                    17

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

8       This provision also requires the court to process these cases within the terms provided in Sec. 4.001 of the Election Law, 16 LPRA sec. 4031, which establishes short periods for the court to decide on appeals. On the other hand, the challenge procedure is codified in Sec. 6.017 of the Election Law, 16 LPRA sec. 4077.

9       http://ceepur.org/es-pr/Secretaria/Documents/REGLAMENTO%20PARA%20EL%   20TRÍAMITE%   C20DE% 20RECUSACIONES.pdf (last visited on August 22, 2016). See also Section J of the CEE's Procedures Manual for Processing       Challenges,       April       23,       2015,       p.       23,       available       at http://ceepur.org/es-pr/Secretaria/Documents/MANUAL%20DE% 20PROCEDIMIENTOS%20PARA%20EL%C20TR%C21AMITE%C20DE% 20RECUSACIONES.pdf (last visited on August 22, 2016).

10      Note that, according to Section 2.2(D) of the CEE's Regulations for Processing Challenges, approved on April 23, 2015, pp. 8–9, challenges based on domicile will only be available in the monthly challenge period or in the period between January 15 and April 30 of an election year.

11      *Diccionario de la lengua española*, tricentennial edition, available at http://dle.rae.es/?id=ZGdT4bK (last visit, August 22, 2016).

12      In consideration of the fact that we have decreed the inapplicability of the 24-hour term to the judicial reviews of the determinations of the Local Commission, it is unnecessary to clarify whether the challenges based on domicile in this recourse referred to primaries or the general election.

13      As an example, in the past, the offices of the clerks of court have been ordered to remain open and to have judges available to handle election disputes on election day.

14      Section 3.5 of the CEE's Regulations for Processing Challenges, *supra*, p. 22, restates the jurisdictional term of 10 days to appeal challenges based on domicile before the first instance forum. The aforementioned Regulations do not mention that there is a 24-hour term to appeal challenges based on domicile to the Court of First Instance.

15      We must restate that the Regulations for Processing Challenges establishes that challenges based on domicile cannot be filed at any time, but only in certain periods and until April 30 of the election year.

16      In this way, we comply with our obligation to fill the gaps in the legal system in order to decide on the controversy we must address.

17      See Art. 3.009 of the Election Code, 16 LPRA sec. 4019(1)(g).

18      Section 3.5 of the Regulations for Processing Challenges, *supra*, establishes that an appeal may be filed within 10 days following the notification of the decision of the Local Commission or that of its Chair.

19      Thus, the usual term of 30 days provided in our procedural law cannot be used to file appeals or *certiorari* in our courts. Likewise, the terms of judicial review of Act No. 170 of August 12, 1988, Uniform Administrative Procedure Act, 3 LPRA sec. 2101 *et seq*, do not apply.

20      Thus, we do not restrict the right to judicial review when, by administrative order of the Judicial Branch or due to some weather event, the courts are closed. For example, see our Administrative Order No. OAJP-2015-039 of March 11, 2015, and our resolution in *In re Extension Terms III*, 192 DPR 761 (2015), in which we extended the terms to file appeals to the courts in accordance with Arts. 388 and 389 of the Political Code, 1 LPRA secs. 72–73. In the aforementioned resolution, Associate Justice Pabón Charneco and Associate Justices Kolthoff Caraballo, Rivera

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

# CERTIFIED TRANSLATION

**Rios Martinez, Com. Alt. PNP v. CLE, 196 D.P.R. 289 (2016)**

2016 TSPR 188

García, and Estrella Martínez stated, among other things, that *"[o]pposing to this extension would lead to further limiting the services and the access of citizens to file their claims in a timely manner."* (Our emphasis). *In re Extension Terms III*, supra, p. 762.

[21]   See: Art. II, Sec. 7, Const. PR, LPRA, Volume 1, ed. 2008, p. 296, and Amendments V and XIV, Const. USA, LPRA, Volume 1, ed. 2008, pp. 189 and 206.

[22]   See: *Díaz Carrasquillo v. García Padilla*, 191 DPR 97 (2014); *González Segarra et al. v. CFSE*, 188 DPR 252 (2013); *Calderón Otero v. C.F.S.E.*, 181 DPR 386 (2011). See also: E. Chemerinsky, *Constitutional Law: Principles and Policies*, 3rd ed., New York, Ed. Aspen, 2006, Sec. 10.9, p. 908.

[1]   We must remember that every voter must vote in the precinct in which he/she has established his/her domicile. See Sec. 6.004 and 6.005 of the Election Law of the Commonwealth of Puerto Rico (Election Law), 16 LPRA secs. 4064-4065.

[2]   As for Sec. 4.001 of the Election Law, 16 LPRA sec. 4031, it establishes terms according to the stage of the elections process in which it is. As a general rule, the Court of First Instance has twenty days to hear appeals. Now, if the review is related to election matters within the thirty days prior to the holding of an election, the term to file a petition for review will be twenty-four hours and the court must hand down a decision within a term not to exceed five days from the filing. On the other hand, if the matter takes place only five days before the holding of an election, the court must issue its determination no later than the following day. From the outset, we deem that the term of twenty-four hours does not apply to the case before us, since we are facing a challenge to some voters based on domicile, which has an effect on the general elections to be held on November 8, 2016. As a matter of reality, the calendar that governs challenge procedures is prepared based on the general election. In this sense, Sec. 6.018 of the Election Law, 16 LPRA sec. 4078, expressly provides that the period is "three (3) months and fifteen (15) days between January 15 and April 30 of the year of the general election." The date of April 30 in itself sheds light on the impossibility that voter rolls could be cleaned by the June 5 primaries to a level that could include the result of the challenge process. The summons, notifications, holding of hearings, adjudications of the local commission, and the eventual review before the Court of First Instance led to the reality that the primary and the challenge process took place simultaneously, which is why intending to enclose the special procedure of challenges under a twenty-four-hour review term would constitute a departure from the plain text of the law and also from the legislative purpose.

[3]   Monday, May 30, 2016 was a holiday in which Memorial Day was observed. See: 4 LPRA App. XII, R. 28; 1 LPRA sec. 84.

[4]   Although the Political Code does not provide that Saturday is a holiday, as defined by law, this provision has been interpreted as excluding Saturdays and Sundays when the last day to file a document falls in any in them. See also Op. Sec. Just. No. 5 of 1983. Also, see: 1 LPRA sec. 71; *Sosa v. District Court*, 70 DPR 62 (1949), in which it was stated that, when interpreting the Political Code, Saturday has been excluded when the last day to file a recourse falls on that day, and that exclusion was applied despite a certification that stated that the court did operate that Saturday.

[1]   This is usually the case – as an extraordinary measure – when the date of an election event in the Island approaches.

**WESTLAW**   © 2021 Thomson Reuters. No claim to original U.S. Government Works.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.