UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO THE COURT'S MAY 10, 2021 ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation ("Ambac"), the Financial Oversight and Management Board for Puerto Rico (the "Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"),[2] respectfully submit this Joint Status Report pursuant to the Court's order dated May 10, 2021 (ECF No. 16718).[3]

### I. PROCEDURAL BACKGROUND

1. On October 28, 2019, Ambac filed *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 9022) (the "Assets Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9023) (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions").

2. On November 8, 2019, the Government Parties filed the *Urgent Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*

---

[2] Ambac and the Government Parties are collectively referred to as the "Parties."

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's April 23, 2021 Order* (ECF No. 16716) (the "May 7 Joint Status Report").

- 1 -

*Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (ECF No. 9131) (the "Motion to Strike").

3. On January 23, 2020, the Court (Swain, J.) issued a memorandum order denying the Motion to Strike (ECF No. 10332) (the "Memorandum Order"). The Memorandum Order directed the Parties to meet and confer by February 3, 2020 concerning the scope and mechanics of discovery responsive to the Original Rule 2004 Motions. (*Id.* at 9.)

4. On November 12, 2020, following the filing of numerous joint status reports discussing the Parties' meet-and-confer efforts, the Court (Dein, M.J.) denied without prejudice the Original Rule 2004 Motions, stating that "[i]n light of the substantial work the [P]arties have done narrowing the issues and resolving the disputes initially presented in the [Original] Rule 2004 Motions[,] . . . and to avoid confusion of the record," Ambac should file "a new Rule 2004 motion limited to the issues in dispute." (*Order* (ECF No. 15093) at 2.)

5. On November 20, 2020, Ambac filed its New Cash Rule 2004 Motion[4] seeking an order directing the Board to produce certain documents related to the Commonwealth's and the Board's publicly available cash restriction analysis. On May 17, 2021, the Court entered an order allowing in part and denying in part the New Cash Rule 2004 Motion.[5]

6. On February 4, 2021, Ambac filed its New Assets Rule 2004 Motion[6] requesting authorization under Bankruptcy Rule 2004 to seek discovery directly from six "prioritized"

---

[4] "New Cash Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 15220).

[5] (*Memorandum of Decision and Order on Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 16760) (the "New Cash Rule 2004 Motion Order").)

[6] "New Assets Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 15802).

Commonwealth entities regarding their assets. On May 17, 2021, the Court entered an order denying the New Assets Rule 2004 Motion.[7]

7. On May 7, 2021, the Parties filed the May 7 Joint Status Report. On May 10, 2021, the Court ordered the Parties to file a further joint status report by May 21, 2021. (*Order* (ECF No. 16718).)

## II. THE PARTIES' PROGRESS SINCE THE PREVIOUS UPDATE TO THE COURT

8. Since the filing of the May 7 Joint Status Report, the Parties have continued to exchange correspondence and met-and-conferred telephonically on May 10, 2021 (the "May 10 Meet-and-Confer"), and are scheduled to meet-and-confer next week.[8] The status of the Parties' discussions relating to Ambac's assets- and cash-related requests is as follows:

### A. Status of Assets Requests (Directed Principally to AAFAF)

#### 1. *Update Regarding Ambac's Requests*.

9. As noted in the May 7 Joint Status Report, Ambac propounded requests on May 4, 2021 related to the recently certified FY 2022 CRIM Fiscal Plan, including: (i) a request for two deeds of trust pursuant to which a "General Trust" account was created for the purpose of holding property taxes collected by CRIM; and (ii) requests related to statements made in the FY 2022 CRIM Fiscal Plan regarding CRIM's accounts receivable balance, and information regarding tax arrears and liens. The Parties discussed these requests during the May 10 Meet-and-Confer and have reached an impasse with regard to each of them. Ambac reserves all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

---

[7] (*Memorandum of Decision and Order on Ambac Assurance Corporation's Motion for an Order Authorizing Discovery Under Rule 2004 Concerning Commonwealth Assets* (ECF No. 16759) (the "New Assets Rule 2004 Motion Order").)

[8] Since the filing of the May 7 Joint Status Report, the Parties have exchanged the following correspondence: (i) Ambac's letter to the Government Parties, dated May 18, 2021 (attached hereto as Exhibit A).

- 3 -

10. On May 18, 2021, pursuant to the New Assets Rule 2004 Motion Order, Ambac requested that AAFAF advise whether it or the Real Property Evaluation and Disposal Committee have located or received any responses to the Assets Memorandum [9] that have not yet been produced and, if so, to produce those additional responses. AAFAF is aware of its obligations under the New Assets Rule 2004 Motion Order. To the extent CEDBI receives additional responses to the Assets Memorandum, AAFAF will produce them.

### 2. *Summary of Requests as to Which the Parties Previously Reached an Impasse.*

11. As noted in previous joint status reports (*see* ECF Nos. 15930, 16244, 16456, 16716), Ambac and AAFAF previously reached an impasse with regard to certain of Ambac's requests, including the following requests relating to CRIM: (i) requests related to statements made in the FY 2021 CRIM Fiscal Plan and information regarding tax arrears and liens; (ii) requests for documents and communications related to a 2017 third-party offer to purchase CRIM's tax arrears portfolio for $400 million; (iii) requests for information and documents concerning CRIM's ongoing effort to value and monetize its tax arrears and liens portfolio in connection with an RFP issued by AAFAF and CRIM, including (without limitation) responses submitted by external parties in response to the RFP; and (iv) requests for documents and communications regarding how the $400 million estimated value of CRIM's accounts receivable portfolio set forth in the FY 2021 CRIM Fiscal Plan was determined. Ambac and AAFAF also remain at an impasse with regard to Ambac's request for documents related to the terms of any leases for the Prioritized Commonwealth Assets,[10] as well as Ambac's request for deposition

---

[9] "Assets Memorandum" refers to a memorandum dated November 25, 2019, from the Executive Director of AAFAF to the heads of all Commonwealth agencies, instrumentalities, and public corporations, regarding such entities' real property assets.

[10] "Prioritized Commonwealth Assets" refers to the assets identified by Ambac in its March 16, 2020 email (ECF No. 12484-2).

- 4 -

testimony on the foregoing issues. Ambac and AAFAF's positions with regard to the foregoing requests remain largely unchanged since the filing of the May 7 Joint Status Report. However, during the May 10 Meet-and-Confer, AAFAF agreed to consider Ambac's request that it provide a statement regarding the status of its and CRIM's ongoing efforts to retain a third party to value and sell CRIM's accounts receivable portfolio. Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

  **B.**  **Status of Cash Requests (Directed Principally to the Board)**

    **1.**  *Update Regarding Ambac's Requests*.

  12.  As noted in the May 7 Joint Status Report, Ambac propounded requests on May 4, 2021 regarding: (i) any efforts by the Board and its advisors to update the portion of the March 2021 Disclosure Statement concerning the Board's cash restriction analysis; and (ii) any transfer of surplus funds from Commonwealth public corporations, agencies, and instrumentalities to the Commonwealth pursuant to Chapter 4 of Act 26-2017.[11] During the May 10 Meet-and-Confer, the Board advised that the portion of the March 2021 Disclosure Statement concerning the Board's cash restriction analysis would be updated in the May 2021 Disclosure Statement,[12] and that it would confer internally regarding Ambac's request related to Act 26-2017 surplus transfers.

  13.  On May 18, 2021, Ambac sent a letter to the Government Parties requesting, *inter alia*: (i) back-up materials related to the portion of the May 2021 Disclosure Statement, including Exhibit L thereto, concerning the Board's cash restriction analysis, including (without limitation) factual source materials and raw data underlying pages 133-43 of the May 2021 Disclosure

---

[11] Ambac's request related to transfers of surplus funds pursuant to Chapter 4 of Act 26-2017 is directed to both the Board and AAFAF.

[12] "May 2021 Disclosure Statement" refers to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 16741).

Statement and Exhibit L thereto; (ii) that such materials be categorized by account when produced; and (iii) Calculation Back-Up for the portion of the May 2021 Disclosure Statement, including Exhibit L thereto, concerning the Board's cash restriction analysis. The Parties intend to meet and confer regarding these requests next week.

14. It is the Board's position that *Ambac Assurance Corporation and Financial Guaranty Insurance Corporation's First Set of Document Requests to the Government Parties and their Advisors in Connection with the Disclosure Statement for the Third Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Disclosure Statement RFPs"), served by Ambac and Financial Guaranty Insurance Corporation on May 12, 2021, seeks, *inter alia*, factual source materials and raw data underlying the May 2021 Disclosure Statement, and information regarding transfers of surplus funds from Commonwealth public corporations, agencies, and instrumentalities to the Commonwealth pursuant to Chapter 4 of Act 26-2017. Given the overlapping nature of these requests with the Disclosure Statement RFPs, and the Board's position regarding the need to complete Rule 2004 discovery in order to focus on confirmation issues, the Board will respond to these requests in the context of Plan-related discovery, a schedule for which the Board has already proposed to this Court. Ambac disagrees with the Board's position and believes the Board should respond to these requests in the context of the currently ongoing Rule 2004 discovery concerning Commonwealth cash, rather than at some later, unspecified date in connection with Plan-related discovery for which no schedule has even been set. Ambac further notes that the Board's position is inconsistent with the Court's rejection of the Board's argument "that no Rule 2004 discovery should be taken, and that all future discovery should be coordinated as part of discovery relating to [the Board's] proposed Plan of Adjustment." (New Cash Rule 2004 Motion Order at 6.)

    **2.**  ***Summary of Requests as to Which the Parties Previously Reached an Impasse.***

  15.  As noted in previous joint status reports (*see* ECF Nos 15846, 15930, 16244, 16456, 16716), Ambac and the Board previously reached an impasse regarding Ambac's request that the Board produce notations and/or notes that the Board's advisors had applied to certain factual source materials and raw data underlying the Duff & Phelps Report, the October 2019 Presentations, and the December 2020 Presentation. In addition, as noted in the joint status reports dated March 26, 2021 (ECF No. 16244) and April 16, 2021 (ECF No. 16456), the Parties also previously reached an impasse regarding Ambac's requests: (i) that the Board review the documents it has produced to Ambac and identify from those materials documents underlying the Duff & Phelps Report that relate to nine categories of bank accounts previously identified by Ambac that, per the February 2020 Amended Disclosure Statement and/or the December 2020 Presentation, purportedly contain restricted monies; (ii) for documents regarding any previous, ongoing, completed, or contemplated efforts to obtain external financing for the PREPA/LUMA transaction discussed in the December 2020 Presentation, the March 2021 Disclosure Statement, and the May 2021 Disclosure Statement; (iii) relating to monies classified as "potentially inaccessible[,]" "potentially unavailable[,]" or "unreviewed[;]" (iv) relating to COVID-19 and disaster-related expenses incurred by the Commonwealth that could potentially be reimbursed using federal funds; and (v) relating to the Commonwealth's $750 million disaster aid revolver. The Parties' positions with regard to the foregoing requests remain unchanged since the filing of the May 7 Joint Status Report, and Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

### III. PROPOSED NEXT STEPS

16. The Parties will meet and confer next week. Ambac proposes to submit a further status report to the Court no later than June 4, 2021. For the reasons set forth in the April 16 Joint Status Report, the Board continues to believe further or additional Rule 2004 discovery with a limited subset of the Commonwealth's creditors is not appropriate, and that further discovery should be conducted in accordance with a plan confirmation schedule and in coordination with all parties-in-interest, and the Board believes this position is consistent with the Court's statement in the New Cash Rule 2004 Motion and the New Assets Rule 2004 Motion Order. For the reasons set forth in the April 16 Joint Status Report, and consistent with the Court's New Assets Rule 2004 Motion Order and New Cash Rule 2004 Motion Order, Ambac disagrees with the Board's position and believes the Parties should be making every effort to further these proceedings as much as possible, and there is nothing to be gained by halting Rule 2004 discovery only so that similar discovery can recommence in a different form months down the line when the Parties are jammed on confirmation-related issues.

Dated: May 21, 2021
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com
           johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **O'MELVENY & MYERS LLP** |
| By: /s/ *Martin J. Bienenstock*  <br>    Martin J. Bienenstock  <br>    Margaret A. Dale  <br>    Michael T. Mervis  <br>    Julia D. Alonzo  <br>    Laura Stafford  <br>    (Admitted *Pro Hac Vice*)  <br>    Eleven Times Square  <br>    New York, NY 10036  <br>    Tel: (212) 969-3000  <br>    Fax: (212) 969-2900 | By: /s/ *Peter Friedman*  <br>    John J. Rapisardi  <br>    Times Square  <br>    New York, NY 10036  <br>    Tel: (212) 326-2000  <br>    Fax: (212) 326-2061  <br>    Email: jrapisardi@omm.com  <br><br>    -and-  <br><br>    Peter Friedman  <br>    1625 Eye Street, NW  <br>    Washington, DC 20006  <br>    Tel: (202) 383-5300  <br>    Fax: (202) 383-5414  <br>    Email: pfriedman@omm.com |
| **O'NEILL & BORGES LLC** | |
| By: /s/ *Hermann D. Bauer*  <br>    Hermann D. Bauer (USDC No. 215205)  <br>    250 Muñoz Rivera Ave., Suite 800  <br>    San Juan, PR 00918-1813  <br>    Tel: (787) 764-8181  <br>    Fax: (787) 753-8944 | -and-  <br><br>    Elizabeth L. McKeen  <br>    Ashley M. Pavel  <br>    610 Newport Center Drive  <br>    17th Floor  <br>    Newport Beach, California 92660  <br>    Tel: (949) 823-6900  <br>    Fax: (949) 823-6994  <br>    Email: emckeen@omm.com  <br>           apavel@omm.com |
| ***Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth*** | |
| | **MARINI PIETRANTONI MUÑIZ LLC** |
| | By: /s/ *Luis C. Marini-Biaggi*  <br>    Luis C. Marini-Biaggi  <br>    USDC No. 222301  <br>    Email: lmarini@mpmlawpr.com  <br>    Carolina Velaz-Rivero  <br>    USDC No. 300913  <br>    250 Ponce de León Ave.  <br>    Suite 900  <br>    San Juan, Puerto Rico 00918  <br>    Tel: (787) 705-2173  <br>    Fax: (787) 936-7494  <br>    lmarini@mpmlawpr.com  <br>    cvelaz@mpmlawpr.com |

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com