**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA |
|  | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| In re: | PROMESA |
|  | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| In re: | PROMESA |
|  | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

_____

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE PUERTO RICO ELECTRIC POWER AUTHORITY,

    Debtor.
_____

PROMESA
Title III

Case No. 17 BK 4780-LTS

**ORDER GRANTING MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND
THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE,
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO ESTABLISH PROCEDURES FOR THE APPROVAL OF SETTLEMENTS**

Upon the motion dated April 9, 2021 (the "Motion") of the Oversight Board, acting by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and no opposition having been received; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1. The relief requested in the Motion is granted as provided herein.

2

2. For purposes of this Order, the term "Non-Vendor" shall mean any entity that provided either (a) financial services, (b) fuel oil, or (c) goods or laboratory or professional services related to the foregoing.

3. This order shall govern resolution of all claims subject of tolling agreements between the Oversight Board, Committee, and any entity that received payments purportedly in exchange for goods and services provided to a Title III Debtor, other than a Non-Vendor (any such entity, a "Tolled Party" to a "Tolling Agreement" regarding "Tolled Claims").

4. The Resolution Protocol is adopted as below and shall govern the Tolled Claims subject of the Tolling Agreements, as amended or supplemented.

5. The Oversight Board and the Committee are hereby granted authority to enter into Settlement Agreements[2] with the Tolled Parties, and to grant releases to such defendants in connection therewith without further Court approval, subject to the following Resolution Protocol:

    i. *Authority*

        a. Subject to the standards and procedures set forth below, the Oversight Board and the Committee may enter into written settlement agreements (the "Settlement Agreements") with Tolled Parties,[3] which agreements shall be enforceable and effective as provided below.

---

[2] Capitalized terms used herein and not otherwise defined shall have the definitions ascribed to them in the Motion.

[3] All rights and obligations of, and as between, the Oversight Board and the Committee set forth herein shall be subject to the (i) Stipulation And Agreed Order Between Special Claims Committee Of Financial Oversight And Management Board And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Causes Of Action Of Puerto Rico Electric Power Authority, Case No. 17-3283, ECF No. 7749; (ii) Stipulation And Agreed Order By And Among Financial Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Causes Of Action Of Puerto Rico Highways And Transportation Authority And Employees Retirement System Of The Government Of The Commonwealth Of Puerto Rico, Case No. 17-3283, ECF No. 6990; and (iii) Stipulation And Agreed Order By And Among Financial

ii.   *Mandatory Settlement Standards*

b.  Any Settlement Agreements executed by the Oversight Board pursuant to the authority granted in the order approving and implementing the Resolution Protocol must contain the following provisions (the "Settlement Standards"):

a)   The Oversight Board and the Committee will provide general, mutual releases to each other relating to, or arising out of, the Tolled Claims.

b)   The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

c)   The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

d)   The Oversight Board and the Committee will have the authority to settle without further order of the Court any Tolled Claim which would, in the reasonable judgment of the Oversight Board and the Committee, as putative co-plaintiffs, have a face amount of ten million dollars ($10,000,000.00) or less if pursued through an adversary proceeding.

e)   Where such face amount of the Tolled Claim, in the reasonable judgment of the Oversight Board and the Committee, would be greater than ten million dollars ($10,000,000.00), the Oversight Board and the Committee will file with this Court in the Commonwealth docket (Case No. 17-03283) a notice of settlement (the "Notice of Settlement") that will disclose the identity of the Tolled Party, the aforementioned face amount of the Tolled Claim, the dollar amount of the settlement, and the deadline for objection to the Notice of Settlement.[4]  If no objection to the Notice of Settlement is filed and served upon the Oversight Board and the Committee within fourteen (14) days after the filing, the Settlement Agreement will automatically become effective and binding on the parties.  If an objection is filed pursuant to the preceding sentence, the Oversight Board and the Committee shall file a response to the objection within fourteen (14) of filing the objection.  Thereafter,

---

Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Debtor Causes Of Action, Case No. 17-3283, ECF No. 6524.

[4] To the extent there are any confidentiality concerns about a particular Settlement Agreement and applicable Notice of Settlement, the Court will address such concerns in due course.

4

        the Court shall in its discretion determine if a hearing on the objection is necessary.

    f)     To the extent the Oversight Board, Committee, and defendant, by agreement, choose to mediate a Tolled Claim, they shall be permitted to do so and section C.ii and C.iii.a-b of the Avoidance Actions Procedures Order shall apply to such Tolled Claim with regard to the selection of mediators and conduct of mediation.

6. The Tolled Parties who enter into Settlement Agreements shall remain subject to this Court's jurisdiction with respect to enforcement of the Settlement Agreement.

7. This Court shall retain jurisdiction with respect to all matters relating to this the interpretation and implementation of this Order.

This Order Resolves Dkt. No. 16372.

Dated: May 24, 2021

                                      <u>/s/ Judith Gail Dein</u>
                                      Honorable Judith G. Dein
                                      United States Magistrate Judge