# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>Defendants. | Adv. Proc. No. 20-00003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK- 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | Adv. Proc. No. 20-00005-LTS |

**URGENT JOINT MOTION TO: (I) MODIFY PROTECTIVE ORDER MOTION BRIEFING SCHEDULE; (II) CONTINUE DISCOVERY COMPLETION DATE; AND (III) EXTEND DEADLINE TO SUBMIT POST-DISCOVERY SUPPLEMENTAL BRIEFING SCHEDULE**

**To the Honorable United States Magistrate Judge Judith Gail Dein:**

Ambac Assurance Corporation ("Ambac"), Financial Guaranty Insurance Company ("FGIC"), The Bank of New York Mellon ("BNYM"), and U.S. Bank Trust National Association (collectively with Ambac, FGIC and BNYM, the "Defendants"), and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico

Oversight, Management, and Economic Stability Act ("PROMESA"), and the Government Entities[1] (together with the Oversight Board, the "Government Parties"), respectfully submit this urgent joint motion requesting the entry of an order, substantially in the form annexed hereto as Exhibit A to: (i) modify the Parties' agreed briefing schedule for a potential protective order motion regarding individual witness depositions; (ii) continue the discovery completion date; and (iii) extend the deadline to submit a proposed schedule for post-discovery supplemental briefing on the Oversight Board's pending motions for partial summary judgment.

## BACKGROUND

1. On January 20, 2021, the Court entered the *Order Regarding Discovery in Connection with Motions of the Commonwealth of Puerto Rico, by and Through the Financial Oversight and Management Board, pursuant to Bankruptcy Rule 7056, for Partial Summary Judgment Disallowing Claims* (ECF No. 15656)[2] ("Rule 56(d) Order"), permitting certain discovery in connection with the Oversight Board's motions for partial summary judgment in the above-captioned proceedings. The Rule 56(d) Order also directed the parties to file a joint informative motion proposing a supplemental summary judgment briefing schedule within seven (7) days of the completion of the permitted discovery.

2. An initial schedule for the permitted discovery was set by the Court. *Order Setting Discovery Schedule* (ECF No. 15809). Pursuant to the Court's *Order Modifying Discovery Schedule* (ECF No. 16365), the deadline for the Government Parties to complete their document production was extended to April 26, 2021, and the deadline for the completion of depositions and all fact discovery was extended to May 19, 2021.

---

[1] "Government Entities" refers to the Commonwealth's agencies and instrumentalities on which Defendants served subpoenas in these Adversary Proceedings. Defendants and the Oversight Board are collectively referred to as the "Parties."
[2] Unless otherwise indicated, all ECF numbers referenced herein refer to the docket in Case No. 17 BK 3283-LTS.

2

3. On May 10, 2021, the Parties submitted the *Joint Status Report Regarding Discovery in the Revenue Bond Adversary Proceedings* (ECF No. 16718) ("Joint Status Report"), reporting on, among other things, the status of depositions. The Parties reported the Government Parties had agreed to make two representatives of the Government Parties available to testify on May 19-20, 2021 (with the second representative's deposition continuing to May 21, 2021, if necessary).

4. The Parties also reported their disagreement regarding whether individual depositions of fact witnesses (other than Rule 30(b)(6) depositions) are necessary.[3] The Parties reported they planned to meet and confer regarding Defendants' request for individual witness depositions after the anticipated completion of the Rule 30(b)(6) depositions. The Government Parties also reported their intent to file a motion for a protective order if no agreement regarding individual witness depositions could be reached. The Parties had agreed the Government Parties would file any protective order motion, on May 27, 2021; Defendants would file an opposition brief on June 1, 2021; and the Government Parties would file a reply brief on June 4, 2021.

5. Following submission of the Joint Status Report, Defendants took the deposition of one of the Government Parties' representatives on May 20, 2021, and agreed to continue the deposition to be completed on May 26, 2021. The Parties expect the deposition of the second of the Government Parties' representatives to be completed by May 25, 2021.

6. In light of the Parties' agreement to complete the Government Parties' Rule 30(b)(6) depositions by May 26, 2021 (with a deadline of May 28, 2021, for all but one third-party accounting 30(b)(6) depositions, as noted below), and to permit the Parties time to meet and confer regarding possible individual witness depositions, the Parties have agreed to modify the briefing schedule for the protective order motion, if one is filed, such that the Government Parties' motion will be filed by June

---

[3] The Parties' respective positions are described more fully in the Joint Status Report (¶¶ 5-13), and the Parties' respective objections and positions set forth therein are preserved and incorporated here by reference.

1, 2021; Defendants' opposition brief will be filed by June 4, 2021, and the Government Parties' reply brief will be filed by June 8, 2021 at 12 p.m. AST.

7. Considering the schedule of the Rule 30(b)(6) depositions and the present disagreement regarding the propriety of depositions of individual witnesses, the Parties agreed to extend the discovery completion date to: (a) if the parties agree no individual depositions need to be taken, May 28, 2021 (subject to the limited exception described in this paragraph); (b) if the parties agree one or more individual depositions may be taken, June 11, 2021; or (c) if the Government Parties make a motion for a protective order and it is not granted, the date set by the Court for the completion of discovery. As noted in (a) above, the Parties have also agreed that, notwithstanding the above noted deadlines, the Rule 30(b)(6) deposition of Ernst & Young LLP ("EY") may be taken by Defendants by no later than June 8, 2021 (or such later date as may be agreed to by the Oversight Board or directed by the Court).

8. In light of the foregoing, the Parties also seek to extend the date by which they will submit a proposed schedule for post-discovery supplemental briefing on the partial summary judgment motions to seven (7) calendar days after: (a) if the parties agree no individual depositions need to be taken, June 1, 2021; (b) if the parties agree one or more individual depositions may be taken, June 11, 2021; (c) the date on which the Government Parties' protective order motion (if made) is granted; or (d) if the protective order motion (if made) is not granted, the date set by the Court for the completion of any deposition of any individuals.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this matter under PROMESA section 306(a), 48 U.S.C. § 2166(a), and venue is proper under PROMESA section 307(a), 48 U.S.C. § 2167(a).

**RELIEF REQUESTED**

10.     The Parties request, in the event no agreement regarding individual witness depositions is reached, the Court adopt the following briefing schedule for the Government Parties' protective order motion: the Government Parties' motion will be filed by June 1, 2021; Defendants' opposition brief will be filed by June 4, 2021, and the Government Parties' reply brief will be filed by June 8, 2021 at 12 p.m. AST.

11.     The Parties further request the deadline for completion of all depositions be extended to whichever is applicable: (a) if the parties agree no individual depositions need to be taken, May 28, 2021[4]; (b) if the parties agree one or more individual depositions may be taken, June 11, 2021; or (c) if the Government Parties make a motion for a protective order and it is not granted, the date set by the Court for the completion of discovery.

12.     The Parties further request the date by which they must submit a proposed schedule for post-discovery supplemental briefing regarding the motions for partial summary judgment be extended to seven (7) calendar days after whichever is applicable: (a) if the parties agree no individual depositions need to be taken, June 1, 2021; (b) if the parties agree one or more individual depositions may be taken, June 11, 2021; (c) the date on which the Government Parties' protective order motion (if made) is granted; or (d) if the protective order motion (if made) is not granted, the date set by the Court for the completion of any deposition of any individuals.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 9013-1
AND THE FOURTEENTH AMENDED CASE MANAGEMENT PROCEDURES**

13.     Pursuant to Local Rule 9013-1 and I.H of the Fourteenth Amended Case Management Order, the undersigned hereby certify that counsel has carefully examined the matter and concluded there is a true need for expedited consideration of the Motion and the Parties have not created the

---

[4] The sole exception will be the deposition of EY, which may be taken by Defendants no later than June 8, 2021 or at a later date if agreed to by the Oversight Board or directed by the Court.

urgency through lack of due diligence on their part. The undersigned further certify the Parties made a bona fide, reasonable, and good faith effort to resolve the issues addressed in this Motion prior to filing. The Parties jointly seek the relief requested herein.

[*Remainder of Page Intentionally Blank*]

Dated: May 24, 2021
     San Juan, Puerto Rico


*/s/ Hermann D. Bauer*
Hermann D. Bauer USDC No. 15205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800 San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock
Jeffrey Levitan
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
     jlevitan@proskauer.com
     ebarak@proskauer.com

Michael A. Firestein Lary Alan Rappaport
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
     lrappaport@proskauer.com

***Attorneys for the Financial Oversight and Management Board, as Representative of the Commonwealth***

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: */s/ Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com
           johring@milbank.com

***Attorneys for Ambac Assurance Corporation***

**REXACH & PICÓ, CSP**

By: */s/ María E. Picó*
    María E. Picó
    (USDC-PR No. 123214)
    802 Ave. Fernández Juncos
    San Juan, PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By: */s/ Martin A. Sosland*
    Martin A. Sosland (admitted *pro hac vice*)
    2911 Turtle Creek Blvd., Suite 1400
    Dallas, TX 75219
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    Email: martin.sosland@butlersnow.com

    James E. Bailey III (admitted *pro hac vice*)
    Adam M. Langley (admitted *pro hac vice*)
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    Telephone: (901) 680-7200
    Facsimile: (901) 680-7201
    Email: jeb.bailey@butlersnow.com
           adam.langley@butlersnow.cow

***Attorneys for Financial Guaranty Insurance Company***

| | |
|---|---|
| **RIVERA, TULLA AND FERRER, LLC** | **SEPULVADO, MALDONADO & COURET** |
| By: */s/ Eric A. Tulla* <br> Eric A. Tulla <br> (USDC-DPR No. 118313) <br> Email: etulla@ riveratulla.com <br> Iris J. Cabrera-Gómez <br> (USDC-DPR No. 221101) <br> Email: icabrera@ riveratulla.com <br> Rivera Tulla & Ferrer Building <br> 50 Quisqueya Street <br> San Juan, PR 00917-1212 <br> Telephone: (787) 753-0438 <br> Facsimile: (787) 767-5784 | By: */s/ Albéniz Couret Fuentes* <br> Albéniz Couret Fuentes <br> (USDC-PR No. 222207) <br> 304 Ponce de León Ave. Suite 990 <br> San Juan, PR 00918 <br> Telephone: (787) 765-5656 <br> Facsimile: (787) 294-0073 <br> Email: acouret@smclawpr.com |
| **HOGAN LOVELLS US LLP** | **REED SMITH LLP** |
| By: */s/ Ronald J. Silverman* <br> Ronald J. Silverman, Esq. <br> Michael C. Hefter, Esq. <br> 390 Madison Avenue <br> New York, NY 10017 <br> Telephone: (212) 918-3000 <br> Facsimile: (212) 918-3100 <br> ronald.silverman@hoganlovells.com <br> michael.hefter@hoganlovells.com | By: */s/ Jared S. Roach* <br> Luke A. Sizemore (admitted *pro hac vice)* <br> Jared S. Roach (admitted *pro hac vice*) <br> 225 Fifth Avenue, Suite 1200 <br> Pittsburgh, PA 15222 <br> Telephone: (412) 288-3131 <br> Facsimile: (412) 288-3063 <br> Email: lsizemore@reedsmith.com <br> jroach@reedsmith.com |
| ***Attorneys for U.S. Bank Trust National Association, in its Capacity as Trustee to PRIFA Bondholders*** | ***Attorneys for The Bank of New York Mellon, in its Capacity as Trustee to CCDA Bondholders*** |

9

# EXHIBIT A

# **PROPOSED ORDER**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtor.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA Title III<br><br>Case No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>   Defendants. | Adv. Proc. No. 20-00003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>   Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>   Defendants. | Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>     Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>     Defendants. | Adv. Proc. No. 20-00007-LTS |
| ASSURED GUARANTY CORP.; ASSURED GUARANTY MUNICIPAL CORP.; and FINANCIAL GUARANTY INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; HON. RICARDO ANTONIO ROSSELLÓ NEVARES; GERARDO PORTELA FRANCO; and HON. RAÚL MALDONADO GAUTIER,<br><br>     Defendants. | Adv. Proc. No. 18-00059-LTS |

**[PROPOSED] ORDER GRANTING MOTION TO: I) MODIFY PROTECTIVE ORDER MOTION BRIEFING SCHEDULE; (II) CONTINUE DISCOVERY COMPLETION DATE; AND (III) EXTEND DEADLINE TO SUBMIT POST-DISCOVERY SUPPLEMENTAL BRIEFING SCHEDULE**

Upon consideration of the *Urgent Joint Motion to: (i) Modify Protective Order Briefing Schedule; (ii) Continue Discovery Completion Date; and (iii) Extend Deadline to Submit Post-Discovery Supplemental Briefing Schedule* (the "Motion"),[1] and the Court having reviewed the Motion and the relief requested; the Court having subject matter jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and PROMESA § 306(a), 48 U.S.C. § 2166(a); venue being proper before this Court pursuant to 28 U.S.C. § 1391(b) and PROMESA § 307(a), 48 U.S.C. § 2167(a); notice of the Motion being adequate and proper under the circumstances; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. If, after meeting and conferring with Defendants, the Government Parties make a motion for protective order concerning individual witness depositions, the motion will be filed by June 1, 2021; Defendants' opposition brief will be filed by June 4, 2021, and the Government Parties' reply brief will be filed by June 8, 2021 at 12 p.m. AST.

3. The deadline for completion of all depositions is extended to whichever of the following is applicable: (a) if the parties agree no individual depositions need to be taken, May 28, 2021[2]; (b) if the parties agree one or more individual depositions may be taken, June 11, 2021; or (c) if the Government Parties make a motion for a protective order and it is not granted, the date set by the Court for the completion of discovery.

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] The sole exception will be the deposition of EY, which may be taken by Defendants no later than June 8, 2021 or at such later date as may be agreed to by the Oversight Board or directed by the Court.

1

4. The parties are directed to submit a proposed schedule for post-discovery supplemental briefing regarding the motions for partial summary judgment within seven (7) calendar days after whichever of the following is applicable: (a) if the parties agree no individual depositions need to be taken, June 1, 2021; (b) if the parties agree one or more individual depositions may be taken, June 11, 2021; (c) the date on which the Government Parties' protective order motion (if made) is granted; or (d) if the protective order motion (if made) is not granted, the date set by the Court for the completion of any deposition of any individuals.

5. The terms and conditions of this Order shall take immediate effect and be enforceable upon its entry.

6. This Court retains jurisdiction to resolve any dispute arising from or related to this Order and to interpret, implement, and enforce the provisions of this Order.

SO ORDERED.

Dated: _____

_____
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

>*/s/ Hermann D. Bauer*
> Hermann D. Bauer

3