UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

MEMORANDUM ORDER CONCERNING CORPORACIÓN MARCARIBE INVESTMENT'S
MOTION TO COMPEL COMPLIANCE WITH STIPULATION (DOCKET ENTRY NO. 16287)

Before the Court is the *Motion to Compel Compliance with Stipulation* (Docket Entry No. 16287 in Case No. 17-3283,[2] the "Motion"), filed by Corporación Marcaribe Investment ("Marcaribe"). The Motion requests entry of an order clarifying that the January 11, 2019, *Stipulation Modifying the Automatic Stay Between the Commonwealth of Puerto Rico and Corporación Marcaribe Investment* (Docket Entry No. 16287 at 7-12, the "2019 Stipulation")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

modified the automatic stay[3] such that Marcaribe was permitted to appeal the judgment entered in Case No. AAC2015-0050 (the "Commonwealth Action") in the Commonwealth of Puerto Rico Court of First Instance (the "Commonwealth Court"). The Motion is opposed by the Commonwealth of Puerto Rico (the "Commonwealth" or "Puerto Rico") (Docket Entry No. 16584, the "Objection").

The Court has considered carefully all of the parties' submissions.[4] The Court has subject matter jurisdiction of this matter pursuant to 48 U.S.C. § 2166. For the following reasons, and as set forth in more detail herein, the Court hereby modifies the automatic stay so as to allow the Marcaribe's appeal of the judgment entered in the Commonwealth Action to proceed to judgment, but not the execution of any judgment, before the Puerto Rico Court of Appeals and the Puerto Rico Supreme Court.

BACKGROUND

On May 4, 2015, Marcaribe commenced the Commonwealth Action, an inverse condemnation suit, seeking compensation from the Commonwealth for the alleged taking of certain real property. On May 3, 2017, the Commonwealth commenced its Title III case, and litigation of the Commonwealth Action was thereupon halted by the automatic stay.

On December 18, 2018, Marcaribe filed its *Motion to Determine the Applicability of the Automatic Stay and/or for Relief from the Automatic Stay* (Docket Entry No. 4493, the

---

[3] The automatic stay is imposed by section 362 of the Bankruptcy Code, 11 U.S.C. § 362, and is made applicable in the above-captioned Title III cases by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161.

[4] In addition to the Motion and the Objection, the Court reviewed the *Reply to Response of the Commonwealth of Puerto Rico to Motion to Compel* (Docket Entry No. 16676, the "Reply").

"Stay Relief Motion"). The Stay Relief Motion asked the Court to either determine that Marcaribe's claim for compensation from the Commonwealth was not subject to the automatic stay, or, in the alternative, to grant relief from the automatic stay so that Marcaribe could continue to prosecute the Commonwealth Action. (See Stay Relief Motion ¶ 26.) On January 11, 2019, Marcaribe and the Commonwealth executed a stipulation agreeing to modify the automatic stay "solely to the limited extent necessary to enable the [Commonwealth] Action to proceed to final judgment before the [Commonwealth] Court," (2019 Stipulation ¶ 1), and Marcaribe withdrew the Stay Relief Motion. (See Docket Entry No. 4720.) On February 12, 2019, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") requested retroactive Court approval of the 2019 Stipulation. (Docket Entry No. 5107.) The Court approved the 2019 Stipulation on February 15, 2019. (Docket Entry No. 5146.)

Litigation of the Commonwealth Action continued, and, on December 23, 2020, the Commonwealth Court entered a judgment in the Commonwealth Action. (Mot. ¶ 3; Obj. ¶ 6.) The Commonwealth Court denied two subsequent motions for reconsideration filed by Marcaribe. (Mot. ¶ 4.)

On February 2, 2021, Marcaribe filed a notice of appeal to the Puerto Rico Court of Appeals (the "Appeal"). On March 30, 2021, the Commonwealth sought either dismissal or administrative closure of the Appeal,[5] asserting that the Appeal is outside of the scope of the stay modification effectuated by the 2019 Stipulation. On April 15, 2021, the Puerto Rico Court of Appeals stayed and administratively closed the Appeal. (Obj. ¶ 10; Reply ¶ 10.)

---

[5] Marcaribe alleges that the Commonwealth sought dismissal of the Appeal. (Mot. ¶ 6.) The Commonwealth asserts that it merely requested that the Appeal be administratively closed. (Obj. ¶ 8.) In any event, the parties agree that the Puerto Rico Court of Appeals ultimately stayed and administratively closed the Appeal. (Obj. ¶ 10; Reply ¶ 10.)

DISCUSSION

The Motion, filed before the administrative closure of the Appeal, argues that the judgment in the Commonwealth Action is only final "after 30 days of notification or after appellate proceedings conclude." (Mot. ¶ 8.a.) Marcaribe contends that the Commonwealth's request to the Puerto Rico Court of Appeals asked the Puerto Rico Court of Appeals to interpret or modify the 2019 Stipulation, and that the Commonwealth's request was therefore inconsistent with this Court's retention of jurisdiction to "hear any matters or disputes arising from or relating to" the 2019 Stipulation, and with the requirement that modifications to the 2019 Stipulation be in writing and signed by both the Commonwealth and Marcaribe. (Mot. ¶¶ 7-8 (quoting 2019 Stipulation ¶¶ 8, 10, 11).) In response, the Commonwealth argues that the 2019 Stipulation did not modify the automatic stay to allow appellate proceedings in connection with the Commonwealth Action. (Obj. ¶¶ 11-12.) However, the Commonwealth also maintains that it is not necessary for the Court to interpret the scope of the 2019 Stipulation, because the Commonwealth now consents to modification of the automatic stay to allow the Appeal to proceed before the Puerto Rico Court of Appeals and the Supreme Court of Puerto Rico. (Obj. ¶¶ 2, 14 ("Given the Debtor is willing to modify the Title III Stay to provide the equivalent relief Movant requests, it is unnecessary for the Court to decide the Motion on the merits.").) Marcaribe, however, insists that the Commonwealth's offer is insufficient to moot the Motion and avoid the need to interpret the 2019 Stipulation. Marcaribe argues that its acceptance of the Commonwealth's offer to further modify the stay relief provided by the 2019 Stipulation would tacitly recognize that the 2019 Stipulation did not permit the Appeal, and Marcaribe would thereby "admit and recognize that the fundamental right to appeal was waived by the [2019] Stipulation." (Reply ¶ 17.) Marcaribe also contends that it should have the right to pursue the

Appeal to the United States Supreme Court, if necessary. (Reply ¶ 17 ("[I[t is Marcaribe's belief that the inverse condemnation claim is a constitutional issue; therefore, the right to appeal does not end at the Puerto Rico Supreme Court; but at the United State[s] Supreme Court.").)

The most efficient and fair outcome of the present dispute is for the Court to modify the automatic stay in the manner proposed by the Commonwealth, without prejudice to the parties' positions concerning the scope of the 2019 Stipulation and without prejudice to future requests for additional stay relief. Modifying the stay in the manner requested by the Commonwealth will provide Marcaribe with leave to pursue the Appeal through two levels of appellate review. The Court need not determine at this juncture whether the 2019 Stipulation permits pursuit of the Appeal to the United States Supreme Court, and it is possible that that issue may never ripen into a concrete controversy requiring judicial intervention if, for example, the automatic stay ends before that point, the Appeal is resolved in a manner satisfactory to Marcaribe, or the parties resolve their differences consensually.

Marcaribe has not demonstrated that it would suffer any prejudice from the Commonwealth's proposed modification of the automatic stay. If Marcaribe is correct that the automatic stay did not prohibit the Appeal because of the 2019 Stipulation, then its commencement of the Appeal was timely to the extent it complied with applicable Commonwealth law and rules. If the Commonwealth is correct that the Appeal was premature, then section 108(c)(2) of the Bankruptcy Code, 11 U.S.C. § 108(c)(2),[6] effectively provides

---

[6] Section 108(c), which is made applicable to these Title III cases by section 301(a) of PROMESA, provides as follows:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on

Marcaribe with thirty days from the date of this Memorandum Order to pursue an Appeal of the Commonwealth Court's judgment. See Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 329 F.3d 948, 953 (8th Cir. 2003) (holding that commencing an appeal in state court "is encompassed within the plain meaning of § 108(c), and therefore . . . the deadline to file the notice of appeal is extended by § 108(c)(2) until at least thirty days after notice of the stay's termination or expiration"); see also Barraford v. T & N Ltd., 778 F.3d 258, 260 (1st Cir. 2015) (explaining that section 108(c)(2) "delays the expiration of any limitations period that would otherwise end during the duration of the automatic stay until thirty days have passed after notice of termination of the stay").

## CONCLUSION

For the foregoing reasons, the Court hereby modifies the automatic stay in these Title III cases so as to allow Marcaribe's Appeal to proceed to judgment before the Puerto Rico Court of Appeals and the Supreme Court of Puerto Rico, provided, however, that the automatic stay will continue to apply in all other respects to the Appeal, including, but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional

---

a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of--
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C.A. § 108(c) (Westlaw through PL 117-12).

remedies against the Commonwealth or any other Title III debtor.

        This Memorandum Order resolves Docket Entry No. 16287 in Case No. 17-3283.

SO ORDERED.

Dated: May 25, 2021

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 United States District Judge