**Exhibit 1**



1(202) 551-1902
nicholasbassett@paulhastings.com

April 23, 2021

**VIA E-MAIL**

Brian Rosen, Esq.
Proskauer Rose, LLP
Eleven Times Square
New York, NY 10036-8299

Re: *In re: Commonwealth of Puerto Rico, et al.* (D.P.R. Case No. 17-3283) Discovery Relating to Disclosure Statement for Second Amended Title III Plan

Dear Brian:

Please find enclosed the Official Committee of Unsecured Creditors' (the "Committee") first set of discovery requests directed to the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and its advisors in connection with the *Disclosure Statement for the Second Amended Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico*, [Docket No. 15977], filed on March 8, 2021 (the "Disclosure Statement"). The enclosed discovery requests consist of a set of requests for production, a Rule 30(b)(6) deposition notice, and two individual deposition notices. These requests are without prejudice to the Committee's rights to seek additional discovery, either in connection with the Disclosure Statement or confirmation of the second amended title III joint plan of adjustment (the "Proposed Plan").

While the Committee anticipates the Oversight Board will object to this discovery (as it did when the Committee served similar discovery a year ago in connection with the previous disclosure statement), we believe the discovery is not only appropriate, but necessary, under the circumstances.

*First*, there can be no doubt that discovery is appropriate in connection with a motion to approve a disclosure statement, particularly one as voluminous and complex as the one at issue here. Indeed, courts have authorized disclosure statement discovery in a variety of cases of smaller scope and complexity. *See, e.g.*, *In re Vega*, No. 09-08785 BKT, 2010 WL 3282656, at *1-2 (Bankr. D.P.R. Aug. 17, 2010) (discovery permissible as to whether claimant is an "insider"); *In re 3DFX Interactive, Inc.*, No. 02-55795 JRG, 2006 WL 2010786, at *4 (Bankr. N.D. Cal. June 29, 2006) (discovery permitted as to whether plan proponent had conflict of interest (and thus, whether plan was proposed in good faith) as well as whether the disclosure statement provided

Brian Rosen, Esq.
April 23, 2021
Page 2

"adequate information").  Moreover, as the Committee has explained elsewhere,[1] the Oversight Board's proposed creation of a self-populated document depository does not supplant the need for formal discovery in connection with the Disclosure Statement.

*Second*, the class under the Proposed Plan for general unsecured creditors—whose interests the Committee represents but whose votes it does not control—contains thousands of creditors whose votes are undecided. Many of these creditors are individuals or local small business owners who are ill-equipped to self-identify information that may be unclear in and/or missing from the Disclosure Statement. These creditors need the additional information sought by our discovery requests to fully understand the Proposed Plan and evaluate its impact on their rights and claims.

*Third*, although in other circumstances it may be possible for a creditors' committee to simply tell the debtor the precise additional disclosures it would like to add to the disclosure statement, this is not possible here, because, although the Committee knows that information is missing from the Disclosure Statement, it does not have access to that information. For example, the Proposed Plan embodies settlements that the Oversight Board reached with certain bondholder constituencies following mediation sessions with either no or limited involvement of the Committee.  Indeed, the Committee was excluded from virtually all negotiations concerning the Proposed Plan. The Committee therefore lacks the information it needs to meaningfully engage with the Oversight Board on potential suggested changes to the Disclosure Statement.

*Fourth*, the proposed discovery is narrowly tailored to identify specific information that creditors need on issues material to their evaluation of the Proposed Plan. The discovery requests seek information concerning fundamental aspects of the Disclosure Statement, such as the Oversight Board's estimate of general unsecured claims, the nature and extent of the assets that will be transferred to the avoidance action trust for the benefit of general unsecured creditors, and the terms of and basis for the Oversight Board's settlements with other constituencies. General unsecured creditors cannot adequately evaluate the Disclosure Statement without this additional information.

We have requested responses to the discovery requests on a timeline sufficient for the Committee to meet the Oversight Board's proposed schedule for the Court's consideration of the Disclosure Statement. Specifically, we have requested the production of documents by May 7, 2021 and for depositions to occur shortly thereafter, which is necessary in light of the current disclosure statement objection deadline of May 14, 2021. To the extent you have questions or concerns regarding the breadth or timing of the discovery requests (or any other issues), we are of course happy to meet and confer.  We are also willing to consider changes to the proposed response deadlines should the Disclosure Statement litigation schedule be modified.[2]

---

[1]    *See Limited objection of Official Committee of Unsecured Creditors to Debtors' Joint Motion for Order (i) Scheduling a Hearing to Consider Adequacy of Information Contained in Disclosure Statement, (ii) Establishing Deadline for Filing Objections to Disclosure Statement and Replies Thereto, (iii) Approving Form of Notice Thereof, (iv) Establishing Document Depository Procedures in Connection Therewith,  and (v) Granting Related Relief* [Docket No. 16398], ¶¶ 14-16.

[2]    Earlier this afternoon, before sending this letter and serving the discovery requests, we received responses from the Oversight Board's advisors to certain of the Committee's outstanding informal diligence requests.  We are reviewing the information received and reserve the right to modify our

Brian Rosen, Esq.
April 23, 2021
Page 3

Finally, please confirm that you or the Oversight Board will accept service of and respond to the document requests on behalf of the board's advisors, including Proskauer, A&M, PJT Partners, Citigroup, EY, and McKinsey, and that you or the Oversight Board will also accept service of the individual deposition notices to David Skeel and Justin Peterson. If not, the Committee will serve separate subpoenas on such parties.

Very truly yours,

Nicholas A. Bassett
for PAUL HASTING LLP

Enclosures

---

discovery requests following such review.  If the information is responsive to our discovery requests, we may be able to limit or withdraw certain requests accordingly.