**Exhibit 7**

Case:17-03283-LTS Doc#:16811-8 Filed:05/26/21 Entered:05/26/21 21:19:12 Desc:
Exhibit 7 Page 1 of 3



1(202) 551-1902
nicholasbassett@paulhastings.com

**VIA EMAIL**

Brian Rosen, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
brosen@proskauer.com

Re:   *In re: Commonwealth of Puerto Rico, et al.* (D.P.R. Case No. 17-3283) - Discovery Relating to Disclosure Statement for Second Amended Title III Plan

Dear Brian:

I write in response to your letter dated May 7, 2021, which responded to my letter dated April 23, 2021, which attached the Committee's discovery requests relating to the Oversight Board's *Disclosure Statement for the Second Amended Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico* (the "Disclosure Statement").  I understand from your letter that, although the Oversight Board believes that no discovery is "necessary or appropriate" in connection with the Disclosure Statement, it will not be objecting to the Committee's discovery requests wholesale.  The Committee therefore looks forward to receiving the Oversight Board's formal responses and objections and meeting and conferring in good faith thereafter.  In the meantime, I wanted to respond to a few of the points raised in your letter.

First, the Committee does not believe the Oversight Board should wait a full 30 days (or until May 24, 2021) to formally respond to the discovery requests.[1]  As you well know from other litigation in these cases, the ordinary 30-day response deadline under Federal Rule of Civil Procedure 34 is not controlling in contested matters involving circumstances that require more expedited discovery.  Here, although the Disclosure Statement litigation schedule has been revised from what was contemplated when the Committee served its requests on April 23, the Committee and other parties still have limited time—likely until the second week of June—to prepare and file objections.  If the Oversight Board does not serve formal responses and objections to discovery until May 24, little time will remain for the parties to meet and confer in good faith thereafter and bring issues to the Court as necessary.  The Committee requests that the Oversight Board serve formal responses and objections by no later than May 14, 2021 and be available to meet and confer promptly thereafter.  In addition, if the Oversight Board is taking the position that it will not comply with *any* of the Committee's deposition notices, please let me know that now so the Committee can seek relief from the Court as necessary.

Second, the Committee rejects your assertion that its discovery requests somehow seek to violate mediation confidentiality.  You are correct that the Committee and its advisors have sought, and in some cases obtained, limited information from the Oversight Board and its advisors as part of the mediation process. But the fact that the Oversight Board has provided this information does not obviate the need for formal discovery.  Formal discovery is required both to ensure that the responses the Committee has received to date are full and complete and to ensure the Committee can disclose the underlying information in litigation.  Your suggestion that the Committee can "simply" use mediation materials to "request[] changes" to the Disclosure Statement is perplexing—if those materials are subject to mediation

---

[1] In your letter, you state that the Oversight Board will respond to the requests within the time allotted by "Federal Rule of Civil Procedure 30(b)(2)."   I assume that is a typographical error and you meant to reference the 30-day response period set forth in Federal Rule 34(b)(2).



Brian Rosen, Esq.
Page 2

confidentiality, then they cannot be disclosed in the manner you suggest. To be clear, the Committee is not seeking production of confidential mediation communications but rather the underlying data, information, and documents, which are not shielded from disclosure.

Third, although the Committee has no objection to the Oversight Board responding to its discovery requests by posting responsive materials to the Disclosure Statement Depository, the Committee expects the Oversight Board to clearly indicate in its responses and objections whether or not the Oversight Board has additional responsive information in its possession, custody, or control that it is not posting to the depository. If such additional information exists and is being withheld from production, the Committee may seek relief from the Court.

Very truly yours,

Nicholas A. Bassett
of PAUL HASTINGS LLP