## **Exhibit 11**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------------------- X
                                                                          :
In re:                                                                    :
                                                                          :
THE FINANCIAL OVERSIGHT AND                          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :   Title III
                                                                          :
         as representative of                        :   Case No. 17-BK-3283 (LTS)
                                                                          :
THE COMMONWEALTH OF PUERTO RICO *et al.,*            :   (Jointly Administered)
                                                                          :
         Debtors.[1]                                 :
------------------------------------------------------------------------- X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SET OF
DOCUMENT REQUESTS TO PUERTO RICO FISCAL AGENCY AND FINANCIAL
ADVISORY AUTHORITY AND ITS ADVISORS IN CONNECTION WITH
DISCLOSURE STATEMENT FOR THIRD AMENDED TITLE III JOINT PLAN
OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.**

Pursuant to Federal Rules of Civil Procedure 26 and 34 (applicable here under Rule 9014

of the Federal Rules of Bankruptcy Procedure), the Official Committee of Unsecured Creditors[2]

(the "Committee"), by its counsel, hereby propounds to the Puerto Rico Fiscal Agency and

Financial Advisory Authority ("AAFAF") and its advisors this First Set of Document Requests

(the "Requests"). These Requests are to be responded to fully and in accordance with the

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case
No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations); and (vi) Puerto Rico Public Buildings Authority
("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case
numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and
COFINA.

1

definitions and instructions set out below, and the Documents and Communications identified

herein are to be produced to the offices of Paul Hastings LLP, Attn: Zachary Zwillinger, 200 Park

Avenue, New York, NY on or before May 26, 2021, or as otherwise agreed to by the parties or

ordered by the Court. These requests are without waiver of the Committee's rights to serve further

discovery requests upon the AAFAF or any third party based on the information that may be

disclosed in response to these requests or other developments in this litigation, and the Committee

expressly reserves all such rights.

## INSTRUCTIONS

1.      Each Request must be responded to separately and specifically. Each Request shall

be answered fully unless it is in good faith objected to, in which event the reason for Your objection

shall be stated in detail, as set forth below. If an objection pertains only to a portion of a request,

or a word, phrase or clause contained within it, You are required to state Your objection to that

portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the

following instructions:

   a) <u>Images</u>. Black and white images must be 300 DPI Group IV single-page TIFF
   files. Color images must be produced in JPEG format. File names cannot
   contain embedded spaces or special characters (including the comma). Folder
   names cannot contain embedded spaces or special characters (including the
   comma). All TIFF image files must have a unique file name, *i.e.*, Bates number.
   Images must be endorsed with sequential Bates numbers in the lower right
   corner of each image. The number of TIFF files per folder should not exceed
   1000 files. Excel spreadsheets should have a placeholder image named by the
   Bates number of the file.

   b) <u>Image Load File</u>.

      a. Concordance® Data File. The data file (.DAT) contains all of the
      fielded information that will be loaded into the Concordance® database.
      The first line of the .DAT file must be a header row identifying the field
      names. The .DAT file must use the following Concordance® default
      delimiters: Comma   ASCII character (020) Quote þ ASCII character

(254). Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES. Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCoun.

c) Document Text. Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d) Native Production for Certain File Types. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e) De-duplication. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f) Metadata. Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be

3

a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254) Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/TIME ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |

4

| FILE_EXTEN | MSG | The file type extension representing the Email or native file |
|---|---|---|
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |
| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |

5

LEGAL_US_E # 155702471.4

| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
|---|---|---|
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives or advisors. A Document is to be deemed in Your possession, custody or control if: (a) it is in Your physical custody; or (b) it is in the physical custody of any other Person and You (i) own such Document in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must state: (a) whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (b) the reason for, and the facts and circumstances surrounding,

6

LEGAL_US_E # 155702471.4

such disposition; (c) the Persons who authorized such disposition; (d) the date or approximate date of such disposition; (e) when the Document was most recently in Your possession, custody or control; and (f) the identity of the Person, if any, presently in possession, custody, or control of such Document.

7. If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8. If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

LEGAL_US_E # 155702471.4

9.      If You cannot provide a requested Document (after exercising due diligence to secure it) that was formerly in Your possession, custody, or control, then: (a) Your response must (i) describe in detail the nature of the document and its contents, identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent), and the date of which the document was prepared or transmitted, (ii) state that You cannot produce the requested Document, (iii) specify the reasons for Your inability to produce the requested Document (e.g., lost, destroyed or otherwise disposed of), (iv) declare that You have exercised due diligence to secure the requested Document, and (v) state all information or knowledge that You have concerning the requested Documents; and (b) You must produce all other requested Documents.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the Requests.

## RULES OF CONSTRUCTION

1.      The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

2.      The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

LEGAL_US_E # 155702471.4

## DEFINITIONS

1.    "AAFAF", "You" or "Your" means and refers to the Puerto Rico Fiscal Agency and Financial Advisory Authority and any of its advisors, affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on the AAFAF's behalf.

2.    "Class" shall have the meaning ascribed to it in the Third Amended Plan.

3.    "Clawback Claim" means a CW/Convention Center Claim, CW/HTA Claim, CW/MBA Claim, CW/MBA Claim, or CW/PRIFA Rume Tax Claim (each as defined in the Third Amended Plan).

4.    "Clawback CVIs" shall have the meaning ascribed to it in the Third Amended Plan.

5.    "Commonwealth" means and refers to the Commonwealth of Puerto Rico.

6.    "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, text message, web messaging, or any other form of instant messaging, or a copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

7.    "Comprehensive Cap" shall have the meaning ascribed to it in the Third Amended Plan.

8.    "Concerning" and/or "relating to" means, without limitation:   describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

9

9.      "CW Bond Claims" shall have the meaning ascribed to it in the Third Amended

Plan.

10.     "CW General Unsecured Claim" shall have the meaning ascribed to it in the Third

Amended Plan.

11.     "CW Guarantee Bond Claims" shall have the meaning ascribed to it in the Third

Amended Plan.

12.     "Debtors" means and refers to the Commonwealth,  ERS, and PBA.

13.     "Document" is used in the broadest sense contemplated by Federal Rules of Civil

Procedure, including all materials, documents, electronically stored information and tangible

things within the scope of Rule 34(a). Document means and refers to any writing, thing, record of

any type, or description that is or has been in Your possession, control, or custody, or of which

You have knowledge, including  but not limited to:   agreements; drafts; communications;

correspondence; e-mails; text messages; instant messages; web messages; WhatsApp messages;

social media messages; telegrams; cables; facsimiles; memoranda; records; books; financial

statements; summaries of records or notes of personal conversations or interview; diaries;

calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps;

diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm;  charge clips;

accounts; analytical records; minutes or records of meetings or conferences; reports and/or

summaries of investigations;  opinions or reports of consultants; appraisals; reports and/or

summaries of negotiations;  brochures; pamphlets; circulars; trade letters; press releases; contracts;

stenographic,  handwritten or any other notes; projections;  working papers; federal and state

income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests;

invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data

10

processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.  Document also means any electronic copy which is not identical to the original, including metadata and other electronically stored information.  The term "Document" includes all Communications.

14.    "ERS" means and refers to the Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

15.    "Fiscal Plan" means and refers to the most recent Commonwealth Fiscal Plan.

16.    "HTA" means and refers to the Puerto Rico Highways and Transportation Authority.

17.    "Including" means "including, but not limited to" and "including, without limitation."

18.    "Initial Disclosure Statement" means and refers to *Disclosure Statement for the Title III Joint Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*, Docket No. 8766, filed on September 27, 2019.

19.    "Initial PSA Creditors" shall have the meaning ascribed to it in the Third Amended Plan.

20.    "PBA" means and refers to the Puerto Rico Public Buildings Authority.

21.    "PBA Litigation" shall have the meaning ascribed to it in the Plan Support Agreement.

22.    "PBA Settlement" means and refers to the settlement of the PBA Litigation.

23.    "Person" or "Persons" means any natural or artificial person, business entity or other legal entity, including, but not limited to, individuals, sole proprietorships, associations,

LEGAL_US_E # 155702471.4

companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

24. "Plan Support Agreement" means and refers to the agreement, dated as of February 22, 2021, by and among the FOMB and the Initial PSA Creditors (as that term is defined in the Plan Support Agreement), attached as Exhibit B to the Third Amended Disclosure Statement.

25. "Retiree Claim" shall have the meaning ascribed to it in the Third Amended Plan.

26. "Settlements" means and refers to the settlements embodied in the Plan Support Agreement, including the settlements of all issues related to bond priority issues and debt limit violations, including specifically the Debt Related Objections, the Invalidity Actions, the Lien Challenge Actions, the PBA Litigation, or the PRIFA BANs Litigation (as each is defined in the Plan Support Agreement).

27. "Third Amended Disclosure Statement" means and refers to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, Docket No. 16741, filed on May 11, 2021.

28. "Third Amended Plan" means and refers to the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, Docket No. 16740, filed on May 11, 2021.

## DOCUMENTS TO BE PRODUCED

1. All Documents, Communications, and other information or materials requested by: (i) Ambac Assurance Corporation and Financial Guaranty Insurance Company in the *Ambac Assurance Corporation and Financial Guaranty Insurance Company's First Set of Document Requests to the Government Parties and Their Advisors in Connection with the Disclosure*

12

*Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated May 12, 2021 (attached hereto as **Exhibit A**); or (ii) any other party or third party in connection with the proceedings relating to the Third Amended Disclosure Statement.

2.      All Documents concerning any estimate, by AAFAF or any other party, of the CW General Unsecured Claims in Class 55 of the Third Amended Plan, including all documents concerning the number and amount of such claims, the estimate in the Initial Disclosure Statement of approximately $5.5 billion in general unsecured claims, all spreadsheets, charts, and analyses created by AAFAF advisors relating to such estimate, and all drafts of and supporting data and sources for such spreadsheets, charts, and analyses.

3.      Documents sufficient to show all payments made by the Commonwealth since its Title III petition date (*i.e.,* May 3, 2017) to creditors on account of prepetition unsecured claims, to the extent that any such payment or payments to a particular creditor exceeds $1 million[3] (whether a single payment or the aggregate amount of a series of payments to a particular creditor), including (i) the identity of the recipient of each such payment, (ii) the amount of each such payment and the aggregate amount of all such payments, and (iii) the nature of the services or goods provided or other basis for each such payment.

4.      All Documents concerning the basis for the Commonwealth paying certain prepetition unsecured claims but not other prepetition unsecured claims following the Commonwealth's Title III petition date (*i.e.,* May 3, 2017), including Documents relating to (i) whether or not the FOMB approved of such payments and (ii) the policy considerations underlying the decisions to make such payments.

---

[3]      The Committee reserves the right to adjust this amount based on the number of responsive documents provided to the Committee as a result of Request No. 3.

LEGAL_US_E # 155702471.4

5.      Documents sufficient to identify the total amount of PBA administrative "rent" claims that PBA would hold against the Commonwealth from the petition date through February 28, 2021, as well as the monthly amount of such claims that will accrue going forward, if PBA were to prevail in the PBA Litigation.

6.      Documents sufficient to identify all properties to be transferred by PBA to the Commonwealth or other entities as part of the PBA Settlement or the Third Amended Plan.

7.      All Documents concerning any analysis of (i) whether the properties (if any) identified in response to Request No. 6 are in fact properties owned by PBA and (ii) the value of such properties (if any).

8.      All Documents concerning any assessment of the maximum amount the Debtors are capable of paying unsecured creditors under the Third Amended Plan, including the extent to which additional bonds could be issued to unsecured creditors under the Comprehensive Cap. *See* Third Amended Plan § 70.4.

9.      All Documents concerning any calculation of the Comprehensive Cap, including Documents sufficient to show whether excess capacity remains under the Comprehensive Cap. *See* Third Amended Plan § 1.131.

10.     All Documents concerning any calculation of the Tax Supported Debt. *See* Third Amended Plan § 1.420.

11.     All Documents concerning any calculation of likely payments under the GO CVIs, including any analysis of the value attributable to the GO CVIs.

12.     All Documents concerning any calculation of likely payments under the Clawback CVIs, including any analysis of the value attributable to the Clawback CVIs.

14

13.     All Documents concerning any estimates of the total retiree benefit claims in Classes 48A to 48E of the Third Amended Plan.

14.     All Documents concerning any analysis of whether the accounts set forth in Exhibit L to the Third Amended Disclosure Statement are restricted or unrestricted.

15.     Documents sufficient to show the sources and uses of the Debtors' cash and investments rolled forward from the December 31, 2020 account balances to June 30, 2021 and adjusted for settlements reached in connection with the Third Amended Plan.

16.     Documents sufficient to show all unencumbered assets of the Debtors that are currently being marketed or being evaluated for sale, including the value of such assets, the current listed sales price for each asset and whether or not such value is being made available for creditor recoveries.

17.     Documents sufficient to show all Commonwealth, PBA and ERS unencumbered real property that is currently vacant, including the value of such assets.

18.     Documents sufficient to identify all unrestricted Commonwealth investments not included in Exhibit L to the Third Amended Disclosure Statement, including their value and whether or not each such investment is being liquidated for creditor recoveries.

19.     Documents sufficient to show the December 31, 2020 balances and/or value of the ERS assets that the Commonwealth will purchase on the effective date of the Third Amended Plan, as described on page 354 of the Third Amended Disclosure Statement.

20.     All Documents concerning any analyses or lists identifying which government services constitute "essential services."

21.     All Documents concerning any analysis of whether the Third Amended Plan will allow the Commonwealth to obtain access to capital markets.

15

22.     All Documents concerning any estimate of general unsecured claims against ERS in Class 63 of the Third Amended Plan, including the number and amount of such claims.

23.     Fully executed copies of the GSA Helicopter Loan, the Hacienda loans (ID Nos. 200017-215-001-003-47, 200017-215-001-003-48, 200017-215-001-003-53 and 200017-215-001-003-56), and Notas de Ahorro. *See* Third Amended Plan § 1.24.

24.     Fully executed agreements evidencing all 2011 CW Guarantee Bond Claims on account of the Commonwealth's full faith, credit and taxing power guarantee of "(a) an affiliate, agency or instrumentality, which guarantee was executed, delivered or enacted during the period from January 1, 2014 up to, but not including, the Commonwealth Petition Date," and documents sufficient to quantify such 2011 CW Guarantee Bond Claims. *See* Third Amended Plan § 1.37.

25.     Fully executed copies of the GDB HTA Loans. *See* Third Amended Disclosure Statement at 411.

26.     All Documents related to the $70.75 million valuation of the ERS private equity portfolio. *See* Third Amended Disclosure Statement at 36.

27.     All Documents concerning any analysis, based on the projections in the certified 2021 Fiscal Plan and the economic terms associated with the various plan support agreements, of whether the Commonwealth will be able to pay its debts under the Third Amended Plan when they come due.

28.     Documents sufficient to show any inventory of real properties compiled by AAFAF and/or the Real Estate Evaluation and Disposal Committee.

*[Remainder of page intentionally left blank.]*

16

Dated:  May 14, 2021
      New York, New York

                             */s/ Nicholas A. Bassett*

                             PAUL HASTINGS LLP
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
875 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 551-1700
nicholasbassett@paulhastings.com

Luc A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and –

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434  Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

17