**<u>Exhibit 13</u>**

# F UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SET OF DOCUMENT REQUESTS IN CONNECTION WITH DISCLOSURE STATEMENT FOR SECOND AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, the Local Rules of the United States District Court for the District of Puerto Rico, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and/or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

hereby responds and objects to the *First Set of Document Requests of Official Committee of Unsecured Creditors to Financial Oversight and Management Board for Puerto Rico and its Advisors in Connection with Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Requests," and each individual request for production of documents a "Request"), served by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) (the "Committee"), dated April 23, 2021, as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses") to the Requests are made without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Requests, to the extent it has not objected thereto, as the Oversight Board understands and interprets the Requests. If the Committee subsequently asserts an interpretation of the Requests that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses. By making the Responses below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Requests, and to each and every Request, as irrelevant, overbroad, and unduly burdensome because they seek information neither necessary nor proportionate to the Committee's evaluation of the adequacy of the Third Amended Disclosure

Statement,[2] which is the only issue before the Court in connection with the upcoming Disclosure Statement Hearing.[3]

2.      The Oversight Board objects to the Requests, and to each and every Request, because (i) they exceed the legitimate scope of discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement; or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3.      The production of any document pursuant to the Requests does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board is producing documents that are irrelevant and inadmissible, but is doing so solely to expedite the process without any concession the Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests, and to each and every Request, because they seek documents without restrictions as to date.  The Oversight Board will not produce documents or communications that pre-date execution of the relevant plan support agreement incorporated into the Third Amended Plan,[4] or otherwise seek documents outside the timeframe relevant to the evaluation of the adequacy of the Third Amended Disclosure Statement.

---

[2] "Third Amended Disclosure Statement" refers to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741], dated May 11, 2021.  Although the Requests are dated April 23, 2021, per Nicholas Bassett's May 14, 2021 letter to Brian Rosen, all references to the "Second Amended Disclosure Statement" in the Requests shall be construed as references to the Third Amended Disclosure Statement.

[3] "Disclosure Statement Hearing" refers to the hearing to consider the adequacy of the Disclosure Statement, currently set for July 13, 2021 pursuant to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated May 4, 2021 [ECF No. 16681] (the "Disclosure Statement Hearing Order").

[4] "Third Amended Plan" refers to the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740], dated May 11, 2021.

5.      The Oversight Board objects to the Definitions, the Instructions, and the Requests, and to each and every Request, because they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules. In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and respond to the Requests and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.      The Oversight Board objects to the Requests, and to each and every Request, because some or all of the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.      The Oversight Board objects to the Requests, and to each and every Request, as unduly burdensome because they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control, or in the possession, custody or control of its counsel, representatives, and advisors. The Oversight Board will respond to the Requests solely on its own behalf. The Oversight Board further objects to the Requests to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another

source more convenient, less burdensome, or less expensive, including documents in the possession of the Committee.

8.      The Oversight Board objects to the Requests, and to each and every Request, because they seek documents containing information that is confidential or proprietary in nature, or that otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors. The Oversight Board will produce such documents only pursuant to the Protective Order, Exhibit 2 [ECF No. 16681-2], approved by the Court pursuant to the Disclosure Statement Hearing Order, and only after the Committee has executed the corresponding Protective Order Subscription [ECF No. 16681-3].

9.      The Oversight Board objects to the Requests, and to each and every Request, because they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Requests.

10.      The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome because they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address.

11.      The Oversight Board objects to the Requests, and to each and every Request, because they seek documents already made available to the Committee via the Data Room for the Disclosure Statement for the Plan of Adjustment for the Commonwealth, ERS, and PBA (the "Disclosure Statement Data Room"), further described in the Disclosure Statement Hearing Order and the exhibits attached thereto. In addition, the same documents available to the Committee in

the Disclosure Statement Data Room have been made available to counsel and other professionals for the Committee through a separate access point (the "SFTP"). Instructions to access the SFTP were sent to counsel for the Committee on May 5, 2021.

12. Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to or already provided to the Committee.

13. The Oversight Board objects to the definition of the term "AFT" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement. In responding to these Requests, the Oversight Board will construe "AFT" to mean the American Federation of Teachers, AFL-CIO, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

14. The Oversight Board objects to the definition of the term "A&M" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement. In responding to these Requests, the Oversight Board will construe "A&M" to mean Alvarez & Marsal and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the said subjects.

15. The Oversight Board objects to the definition of the term "Citigroup" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement. In responding to these Requests, the

Oversight Board will construe "Citigroup" to mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

16.     The Oversight Board objects to the definition of the term "EY" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement.  In responding to these Requests, the Oversight Board will construe "EY" to mean Ernst & Young LLP and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

17.     The Oversight Board objects to the definition of the term "FOMB," "You," and "Your" as overbroad because they include individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement.  In responding to these Requests, the Oversight Board will construe "FOMB" to mean the Oversight Board and its employees, officers, directors, members, and known agents reasonably likely to possess information relevant to said subjects.

18.     The Oversight Board objects to the definition of the term "McKinsey" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement.  In responding to these Requests, the Oversight Board will construe "McKinsey" to mean McKinsey & Company, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

19.     The Oversight Board objects to the definition of the term "O&B" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement.  In responding to these Requests, the

Oversight Board will construe "O&B" to mean O'Neill & Borges LLC and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the said subjects.

20.     The Oversight Board objects to the definition of the term "PJT Partners" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement.  In responding to these Requests, the Oversight Board will construe "PJT Partners" to mean PJT Partners, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

21.     The Oversight Board objects to the definition of the term "Proskauer" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan.  In responding to these Requests, the Oversight Board will construe "Proskauer" to mean Proskauer Rose LLP and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

22.     The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the matter.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate documents in those files in which it reasonably expects to find responsive documents.

23.     The Oversight Board objects to the definitions of "Concerning" and/or "relating to" to the extent they are overly broad, vague, and ambiguous.

24.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, diaries, calendars, forecasts, statistical statements, accountants work papers, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, minutes or records of meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, reports and/or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, contracts, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

25.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the term FOMB. In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, members, and known agents

reasonably likely to possess information relevant to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan.

26.     The above General Objections are incorporated into each of the following specific Objections and Responses.

*[Remainder of page intentionally left blank]*

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Documents concerning any estimate, by the FOMB or any other party, of the CW General Unsecured Claims in Class 55 of the Second Amended Plan, including all documents concerning the number and amount of such claims, the estimate in the Initial Disclosure Statement of approximately $5.5 billion in general unsecured claims, all spreadsheets, charts, and analyses created by FOMB advisors, including PJT Partners, relating to such estimate, and all drafts of and supporting data and sources for such spreadsheets, charts, and analyses.

### RESPONSE TO REQUEST NO. 1:

The Oversight Board objects to this Request because it is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing. Discovery regarding "[a]ll Documents concerning any estimate" is not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks documents in the possession, custody and control of its advisors, including PJT Partners. The Oversight Board further objects to this Request because it seeks documents or analyses protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686. The Oversight Board further objects to this Request to the extent it seeks information that is publicly available, that was already provided to the Committee in other contexts, or that is otherwise already in the possession of the Committee.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 17, 20, and, 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 2:

Documents sufficient to show the number and amount of CW General Unsecured Claims in Class 55 that are (i) claims held by suppliers of goods and services, (ii) unliquidated litigation claims, (iii) claims resulting from judgments and settlements, (iv) claims eligible to be resolved through the proposed ACR Procedures, (v) tax refund claims, (vi) eminent domain claims, (vii) grievance claims, (viii) retiree benefit claims, (ix) claims owed to public employees for salary and benefits, and (x) claims held by governmental units or instrumentalities, including Documents sufficient to show which governmental units or instrumentalities hold such claims.

## RESPONSE TO REQUEST NO. 2:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks documents in the possession, custody and control of its advisors. The Oversight Board further objects to this Request to the extent it seeks information that is publicly available, that was already provided to the Committee in other contexts, or that is otherwise already in the possession of the Committee. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 3:

All Documents concerning the FOMB's decisions as to which types of unsecured claims, including those types of claims set forth in Request No. 2, to include in or exclude from Class 55.

## RESPONSE TO REQUEST NO. 3:

The Oversight Board objects to this Request because it is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing. Discovery regarding "[a]ll Documents concerning the FOMB's decisions" is not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks documents in the possession, custody and control of its advisors. The Oversight Board further objects to this Request because it seeks documents regarding the FOMB's "decisions," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686. The Oversight Board further objects to this Request because it seeks information that is already known to the Committee.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 4:

Documents sufficient to show the estimated cost of solicitation of creditors' votes in connection with the Third Amended Disclosure Statement and Third Amended Plan.

### RESPONSE TO REQUEST NO. 4:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

In light of the General Objections identified in paragraphs 1, 2, 5, 6, 7, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 5:

Documents sufficient to show all payments made by the Commonwealth since its Title III petition date (*i.e.*, May 3, 2017) to creditors on account of prepetition unsecured claims, to the extent that any such payment or payments to a particular creditor exceeds $1 million [The Committee reserves the right to adjust this amount based on the number of responsive documents provided to the Committee as a result of Request No. 5.] (whether a single payment or the aggregate amount of a series of payments to a particular creditor), including (i) the identity of the recipient of each such payment, (ii) the amount of each such payment and the aggregate amount of all such payments, and (iii) the nature of the services or goods provided or other basis for each such payment.

### RESPONSE TO REQUEST NO. 5:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Bankruptcy Code section 363 has not been incorporated into PROMESA. Further, the Oversight Board objects to this Request because discovery regarding "all payments [exceeding $1 million in the aggregate] made . . . to creditors on account of prepetition unsecured claims" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other

things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 9, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 6:

All Documents concerning the basis for the Commonwealth paying certain prepetition unsecured claims but not other prepetition unsecured claims following the Commonwealth's Title III petition date (*i.e.*, May 3, 2017), including Documents relating to (i) whether or not the FOMB approved of such payments and (ii) the policy considerations underlying the decisions to make such payments.

## RESPONSE TO REQUEST NO. 6:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Bankruptcy Code section 363 has not been incorporated into PROMESA. Further, the Oversight Board objects to this Request because discovery of "all Documents concerning the basis for the Commonwealth paying certain prepetition unsecured claims but not other prepetition unsecured claims" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks "[a]ll Documents" regarding "the basis for . . . paying" certain claims, as well as "policy considerations," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege,

the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 9, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 7:

Documents sufficient to show the specific litigations and claims that will be transferred to the Avoidance Actions Trust, and all Documents concerning the basis for the FOMB's decisions as to which litigations and claims to include in or exclude from the Avoidance Actions Trust, including (i) the "garden variety" avoidance actions that the FOMB and Committee have commenced against third parties, including those actions listed in Appendix I to the *Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee, and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements* [Docket No. 7941], (ii) the litigation against certain underwriters pending in Adv. Pro. No. 19-280, and (iii) the affirmative recovery actions to be identified on Exhibit B to the Second Amended Plan.

## RESPONSE TO REQUEST NO. 7:

The Oversight Board objects to this Request because discovery of "all Documents concerning the basis for the [Oversight Board's] decisions as to which litigations and claims to include in or exclude from the Avoidance Action Trust" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request as vague and ambiguous insofar as it refers to "garden variety" avoidance actions without defining the term "garden variety." The Oversight Board further objects to this Request because it seeks "all documents" regarding "the basis for" certain Oversight Board decisions, which may be protected

- 16 -

by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality.   ECF Nos. 430, 8686.   In addition, the Oversight Board further objects to this Request because it seeks information that is available publicly.

Subject to the General Objections identified in paragraphs 1, 2, 6, 10, 17, and 24, and the specific objections above, the Oversight Board directs the Committee to Exhibit A to the Third Amended Plan, and any updates thereto, for information responsive to this Request.

## REQUEST NO. 8:

All Documents concerning the basis for classifying (i) Retiree Claims (Class 48A), (ii) Dairy Producer Claims (Class 50), (iii) Eminent Domain Claims (Class 51), (iv) Energy Incentive Claims (Class 52), (v) Med Center Claims (Class 53), and (vi) Gracia Gracia Claims (Class 65) separately from CW General Unsecured Claims (Class 55).

## RESPONSE TO REQUEST NO. 8:

The Oversight Board objects to this Request because discovery of "[a]ll Documents concerning the basis for classifying" certain claims is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks "[a]ll Documents" concerning "the basis for" certain classification determinations, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the

deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In addition, the Oversight Board further objects to this Request because it seeks information that has already been made available to the Committee through the Disclosure Statement Depository.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 10, 11, and 24, and the specific objections above, the Oversight Board directs the Committee to the folders labeled "Certain Public Employee Collective Bargaining Agreements," "Dairy Producers," "Federally Qualified Health Centers," and "Gracia-Gracia Litigation" in the Disclosure Statement Depository or the SFTP for information responsive to this Request.

## REQUEST NO. 9:

All Documents, if any, showing the Committee's involvement in the negotiation of the Settlements reached with the Initial PSA Creditors, including Documents regarding the FOMB's decision as to whether or not to involve the Committee in such negotiations, including in light of the Cooperation Agreement.

## RESPONSE TO REQUEST NO. 9:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks documents which are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the

deliberative process privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 10:

All Documents, if any, showing the Committee's involvement in the negotiation of the treatment of general unsecured creditors under the Second Amended Plan (including (i) Retiree Claims (Class 48A), (ii) Dairy Producer Claims (Class 50), (iii) Eminent Domain Claims (Class 51), (iv) Energy Incentive Claims (Class 52), (v) Med Center Claims (Class 53), (vi) CW General Unsecured Claims (Class 55), (vii) Gracia Gracia Claims (Class 65), and (viii) Convenience Claims (Class 66)), including Documents regarding the FOMB's decision as to whether or not to involve the Committee in such negotiations.

## RESPONSE TO REQUEST NO. 10:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks documents which are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the

deliberative process privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 11:

All Documents concerning the consideration to be received by the Initial PSA Creditors under the Settlements, including the extent to which (i) such Settlements allegedly reduce the Commonwealth's existing liabilities and (ii) different bonds (by year of issuance) receive different treatment under such Settlements.

## RESPONSE TO REQUEST NO. 11:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, the common interest privilege, the deliberative process privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In addition, the Oversight Board further objects to this Request because it seeks information that is available publicly, including in the plan support agreement attached as Exhibit B to the Third Amended Disclosure Statement.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request. To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 12:

All Documents concerning the rationale for the Settlements, including the basis for the different treatment of CW Bond Claims and PBA Bond Claims based on different vintages, *i.e.*, the date of issuance.

## RESPONSE TO REQUEST NO. 12:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request

because it seeks "all documents" regarding "the rationale for" certain Oversight Board decisions, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 13:

All Documents concerning the decision to include original issue discount in the GO and PBA bondholders' claim amounts and the extent to which doing so affects such bondholders' recovery rates. *See* Second Amended Disclosure Statement at 30.

## RESPONSE TO REQUEST NO. 13:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request

- 22 -

because it seeks "[a]ll Documents" regarding Oversight Board "decisions," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 8, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 14:

All Documents concerning the basis for releasing "clawback" claims against former GO and PBA bondholders for recovery of principal and interest payments (*see* Second Amended Disclosure Statement at 311-12), including Documents sufficient to show (i) the total amount of principal and interest paid to such bondholders and (ii) the consideration (if any) that such bondholders are providing in exchange for the release of such claims.

## RESPONSE TO REQUEST NO. 14:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the

- 23 -

Third Amended Disclosure Statement.  In addition, the Oversight Board objects to this Request because it seeks "all documents" regarding "the basis for releasing 'clawback' claims," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality.  ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 8, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.  To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 15:

Documents sufficient to identify the total amount of PBA administrative "rent" claims that PBA would hold against the Commonwealth from the petition date through February 28, 2021, as well as the monthly amount of such claims that will accrue going forward, if PBA were to prevail in the PBA Litigation.

## RESPONSE TO REQUEST NO. 15:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.  Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all).  The Oversight Board further objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure

- 24 -

Statement and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

In light of the General Objections identified in paragraphs 1, 2, 4, 8, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request. To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 16:

Documents sufficient to identify all terms of the PBA Settlement, including Documents sufficient to explain the FOMB's decision to no longer seek approval of such settlement through a Rule 9019 motion, as contemplated by the prior plan support agreement dated as of May 31, 2019.

## RESPONSE TO REQUEST NO. 16:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents "sufficient to explain the [Oversight Board's] decision to no longer seek approval of such settlement through a Rule 9019 motion," which may be

protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 9, 17, and 24, and the specific objections above, the Oversight Board directs the Committee to Section 1.340 and Section 2.1 of the Third Amended Plan. To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 17:

Documents sufficient to identify all properties to be transferred by PBA to the Commonwealth or other entities as part of the PBA Settlement or the Second Amended Plan.

## RESPONSE TO REQUEST NO. 17:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, 4, 7, 9, 10, and 24, and the specific objections above, to the extent the Committee believes the Third Amended Disclosure

Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 18:

All Documents concerning any analysis of (i) whether the properties (if any) identified in response to Request No. 17 are in fact properties owned by PBA and (ii) the value of such properties (if any).

## RESPONSE TO REQUEST NO. 18:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "all documents" regarding "any analys[e]s," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 9, 10, and 24, and the specific objections above, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 19:

All Documents concerning the decision to allow interest on CW Guarantee Bond Claims arising from the PBA Bonds through the date of PBA's Title III filing. *See* Plan Support Agreement at 6.

## RESPONSE TO REQUEST NO. 19:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "all documents" regarding "the decision to allow interest" on certain claims, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 20:

All Documents concerning the decision not to have PBA file a Title III case at the same time as (or shortly after) the filing of the Commonwealth's Title III case.

### RESPONSE TO REQUEST NO. 20:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "all documents" regarding "the decision not to have PBA file a Title III case" at a certain time, which are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 21:

All Documents concerning the decision to establish a Debt Service Reserve Fund for the New GO Bonds to be issued under the Second Amended Plan. *See* Second Amended Plan at 71.1(h).

### RESPONSE TO REQUEST NO. 21:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board

further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents" regarding "the decision to establish a Debt Service Reserve Fund," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 22:

All Documents concerning the Debtors' assessment, if any, of the maximum amount they are capable of paying unsecured creditors under the Second Amended Plan, including the extent to which additional bonds could be issued to unsecured creditors under the Comprehensive Cap. *See* Second Amended Plan § 71.4.

## RESPONSE TO REQUEST NO. 22:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the

Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents" regarding "the Debtors' assessment, if any, of the maximum amount they are capable of paying," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 5, 6, 8, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 23:

All Documents concerning the FOMB's calculation of the Comprehensive Cap, including Documents sufficient to show (i) whether excess capacity remains under the Comprehensive Cap and (ii) if so, how such excess capacity will be used. *See* Second Amended Plan § 1.123.

## RESPONSE TO REQUEST NO. 23:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the

Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents" "concerning the [Oversight Board's] calculation of the Comprehensive Cap," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request. To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 24:

All Documents concerning the FOMB's calculation of the Tax Supported Debt. *See* Second Amended Plan § 1.310.

## RESPONSE TO REQUEST NO. 24:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request

because it seeks "[a]ll Documents concerning the [Oversight Board's] calculation of the Tax-Supported Debt," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request. To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

### REQUEST NO. 25:

All Documents concerning the decision under the Second Amended Plan to have a deemed issuance date for the New GO Bonds of July 1, 2021, including any calculations or estimates of the interest that will accrue on such bonds prior to the effective date of the Second Amended Plan. *See* Second Amended Plan § 71.1(c).

### RESPONSE TO REQUEST NO. 25:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request

because it seeks "[a]ll Documents concerning the decision" to have a certain deemed issuance date, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 26:

All Documents concerning the FOMB's calculation of likely payments under the GO CVIs.

## RESPONSE TO REQUEST NO. 26:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request

because it seeks "[a]ll Documents concerning the [Oversight Board's] calculation of likely payments," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request. To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 27:

All Documents concerning the FOMB's rationale for providing holders of GO Bond Claims and PBA Bond Claims with the GO CVIs, including the rationale for the 22-year term of GO CVIs and the annual and lifetime caps (as set forth in the Second Amended Plan).

## RESPONSE TO REQUEST NO. 27:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents" regarding "the [Oversight Board's] rationale for providing

holders of GO Bonds Claims and PBA Bond Claims with the GO CVIs," which may be protected

by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the

common interest privilege, the deliberative process privilege, or any other applicable privileges,

doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 10, 17, and 24, and

the specific objections above, the Oversight Board will not produce documents responsive to this

Request.

### REQUEST NO. 28:

All Documents concerning the FOMB's rationale for providing $7.024 billion in cash to
holders of GO Bonds and PBA Bonds.

### RESPONSE TO REQUEST NO. 28:

The Oversight Board objects to this Request on the grounds it does not seek information

relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure

Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan

(to the extent the information sought by this Request is relevant at all). The Oversight Board

further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly

burdensome, beyond the scope of legitimate or necessary discovery in connection with the

Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not

proportional to the Committee's legitimate discovery needs given, among other things, the nature

of appropriate discovery in connection with the Committee's evaluation of the adequacy of the

Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request

because it seeks "[a]ll Documents concerning the [Oversight Board's] rationale for providing

$7.024 billion in cash," which may be protected by the attorney-client privilege, the attorney work

product doctrine, the common interest privilege, the mediation privilege, the deliberative process

privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 29:

All Documents concerning the FOMB's rationale for excluding from the Comprehensive Cap the debt service payments on New GO 5.0% CABs and New GO 5.375% CABs issued pursuant to the Second Amended Plan.

## RESPONSE TO REQUEST NO. 29:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents regarding the [Oversight Board's] rationale for excluding from the Comprehensive Cap" certain payments, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation

privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 30:

All Documents concerning the FOMB's rationale for providing holders of GO Bonds with New GO 5.0% CABs with installment payments on July 1 of 2022, 2023, and 2024 as opposed to making those funds available for other creditors.

## RESPONSE TO REQUEST NO. 30:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] rationale for providing holders of GO Bonds" with certain recoveries, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 31:

All Documents concerning the FOMB's rationale for providing holders of GO Bonds with New GO 5.375% CABs with installment payments on July 1 of 2029, 2030, 2031, 2032, and 2033 as opposed to making those funds available for other creditors.

## RESPONSE TO REQUEST NO. 31:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] rationale for providing holders of GO Bonds" with certain recoveries, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 32:

All Documents concerning the calculation of and justification for the Consummation Costs, the PSA Restriction Fees, the Retail Support Fee, and the $100 million termination fee set forth in sections 3.5 and 3.6 of the Second Amended Plan.

## RESPONSE TO REQUEST NO. 32:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the calculation of and justification for" certain terms in the Plan, which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 33:

All Documents concerning the ability of the FOMB to terminate the Plan Support Agreement, including whether or not and to what extent the FOMB considered including a provision in the Plan Support Agreement that would have permitted termination by the FOMB without payment of any fee or penalty.

## RESPONSE TO REQUEST NO. 33:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning . . . whether or not and to what extent the [Oversight Board] considered including" certain provisions in the Plan Support Agreement, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 9, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 34:

All Documents concerning the FOMB's estimates of the total retiree benefit claims in Classes 48A to 48E of the Second Amended Plan.

## RESPONSE TO REQUEST NO. 34:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] estimates of the total retiree benefit claims," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified at 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 35:

Documents sufficient to show the current status and estimated date of completion of the FOMB's bank account analysis (see Second Amended Disclosure Statement at 129-38),

including Documents sufficient to show (i) which bank accounts the FOMB is reviewing, (ii) whether the accounts are restricted or unrestricted, and (iii) if the accounts are unrestricted, whether the funds in such accounts will be made available for creditor recoveries and, if not, why not.

### RESPONSE TO REQUEST NO. 35:

The Oversight Board objects to this Request because, to the extent it seeks documents regarding "whether the funds in [certain] accounts will be made available for creditor recoveries, and if not, why not," it is not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request because it seeks information that is available publicly, including in the Third Amended Disclosure Statement and in Exhibit L to the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 11, 17, and 24, and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 36:

All Documents concerning the FOMB's decision to label certain accounts set forth in Exhibit J to the Second Amended Disclosure Statement "restricted," including Documents sufficient to explain what the FOMB means in designating such accounts "restricted."

## RESPONSE TO REQUEST NO. 36:

The Oversight Board objects to this Request because discovery of "[a]ll Documents" is not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents" regarding "the [Oversight Board's] decision to label certain accounts . . . 'restricted'" and "what the [Oversight Board means in designating such accounts 'restricted,'" which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request because it seeks information that is available publicly, including in the Third Amended Disclosure Statement and in Exhibit L to the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 10, 11, 17, and 24, and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent the Committee believes the

Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

### REQUEST NO. 37:

All Documents concerning the FOMB's decision to label certain accounts set forth in Exhibit J to the Second Amended Disclosure Statement "asserted to be restricted," including Documents sufficient to explain (i) what the FOMB means in designating such accounts "asserted to be restricted," (ii) why a definitive determination as to whether these accounts are restricted or unrestricted has not yet been made, and (iii) whether and to what extent such designations will change in light of the Oversight Board's recently-announced settlements with other constituencies.

### RESPONSE TO REQUEST NO. 37:

The Oversight Board objects to this Request because discovery of "[a]ll Documents" is not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request because it seeks information that is available publicly, including in the Third Amended Disclosure Statement and in Exhibit L to the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 11, 17, and 24, and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will

be uploaded onto the Data Room and SFTP. Further, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 38:

All Documents concerning the FOMB's decision to label certain accounts set forth in Exhibit J to the Second Amended Disclosure Statement "inconclusive," including Documents sufficient to explain what the FOMB means in designating such accounts "inconclusive" and Documents sufficient to explain why a definitive determination as to whether these accounts are restricted or unrestricted hasn't yet been made.

## RESPONSE TO REQUEST NO. 38:

The Oversight Board objects to this Request because discovery of "[a]ll Documents" is not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents regarding "what the [Oversight Board] means in designating" certain accounts "inconclusive" and "why a definitive determination . . . hasn't yet been made," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request because it seeks information that is available publicly, including in the Third Amended Disclosure Statement and in Exhibit L to the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 10, 11, 17, and 24, and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data

regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 39:

Documents providing the December 31, 2020 account balances for those accounts set forth in Exhibit J to the Second Amended Disclosure Statement with a "pending" designation.

## RESPONSE TO REQUEST NO. 39:

Subject to the General Objections identified in paragraphs 1, 2, 8, 7, 11, and 24, the Oversight Board directs the Committee to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 40:

Documents sufficient to explain whether each of the accounts on Exhibit J to the Second Amended Disclosure Statement with a "pending" designation is restricted or unrestricted.

## RESPONSE TO REQUEST NO. 40:

Subject to the General Objections identified in paragraphs 1, 2, 8, 7, 11, and 24, the Oversight Board directs the Committee to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-

duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 41:

Documents sufficient to show the sources and uses of the Debtors' cash and investments rolled forward from the December 31, 2020 account balances to June 30, 2021 and adjusted for settlements reached in connection with the Second Amended Plan.

## RESPONSE TO REQUEST NO. 41:

The Oversight Board objects to this Request because it seeks information regarding account balances as of June 30, 2021; as of the date of these Responses, such documents do not exist.

Subject to the General Objections identified in paragraphs 1, 2, 7, 8, 9, 11, and 24, the Oversight Board directs the Committee to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 42:

Documents sufficient to show whether any excess funds identified in response to Request No. 41 will be made available for creditors and, if not, why not.

## RESPONSE TO REQUEST NO. 42:

The Oversight Board objects to this Request because it seeks documents regarding information provided in response to Request No. 41. As noted in the Oversight Board's Response to Request No. 41, which is hereby incorporated by reference, as of the date of these Responses, documents responsive to Request No. 41 do not exist.

Further, the Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents regarding "whether any excess funds . . . will be made available to creditors," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 43:

All Documents describing the rationale that FOMB policy (as opposed to a legal determination) should determine whether certain funds in accounts held by the Debtors, Commonwealth agencies, or public corporations receiving general fund appropriations should not be made available for creditor recoveries.

## RESPONSE TO REQUEST NO. 43:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery regarding "[a]ll Documents" is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents regarding "the rationale that [Oversight Board] policy . . . should determine whether certain funds . . . should not be made available for creditor recoveries," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 9, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 44:

Documents sufficient to show all unencumbered assets of the Debtors that are currently being marketed or being evaluated for sale, including the value of such assets, the current listed sales price for each asset and whether or not such value is being made available for creditor recoveries.

### RESPONSE TO REQUEST NO. 44:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery regarding "all unencumbered assets" is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request as vague and ambiguous because it seeks information regarding "all unencumbered assets of the Debtors" without specifying the "unencumbered assets" at issue.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 9, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 45:

Documents sufficient to identify all unrestricted Commonwealth investments not included in Exhibit J to the Second Amended Disclosure Statement, including their value and whether or not each such investment is being liquidated for creditor recoveries.

### RESPONSE TO REQUEST NO. 45:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure

- 51 -

Statement. The Oversight Board further objects to this Request because discovery regarding "all unrestricted Commonwealth investments not included in Exhibit J to the Third Amended Disclosure Statement" is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request as vague and ambiguous because it seeks information regarding "all unrestricted Commonwealth investments not included in Exhibit J to the Third Amended Disclosure Statement" without specifying the unrestricted Commonwealth investments at issue.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 9, 10, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 46:

Documents sufficient to show (i) the December 31, 2020 balances and/or value of the ERS assets that the Commonwealth will purchase on the effective date of the Second Amended Plan, as described on page 339 of the Second Amended Disclosure Statement, (ii) whether or not such value will be available for ERS and/or Commonwealth general unsecured creditors after payment is made to ERS bondholders, and (iii) if such value is not so available, why not.

### RESPONSE TO REQUEST NO. 46:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery regarding "whether or not such value will be available" for ERS or Commonwealth general unsecured creditors and "if such value is not so

available, why not" is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents regarding "whether or not such value will be available" for ERS or Commonwealth general unsecured creditors and "if such value is not so available, why not," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 6, 7, 8, 11, and 24, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

### REQUEST NO. 47:

All Documents concerning the FOMB's conclusion, as described on pages 157-58 of the Second Amended Disclosure Statement, that "essential services" need not be defined for purposes of the Second Amended Plan.

### RESPONSE TO REQUEST NO. 47:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the

Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] conclusion" regarding essential services, which is protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at 1, 2, 4, 6, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 48:

All Documents concerning any analyses or lists identifying which services constitute "essential services."

## RESPONSE TO REQUEST NO. 48:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request

because it seeks "[a]ll Documents concerning any analyses or lists" regarding essential services, which is protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at 1, 2, 4, 6, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 49:

All Documents concerning the FOMB's analysis, if any, of whether the Second Amended Plan will allow the Commonwealth to obtain access to capital markets.

### RESPONSE TO REQUEST NO. 49:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] analysis" regarding access to capital markets, which is protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 9, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

**REQUEST NO. 50:**

All Documents concerning the FOMB's assessment of whether or not the Second Amended Plan unfairly discriminates against holders of CW General Unsecured Claims, including any review or analysis the FOMB performed of the recovery rate differentials between different types of unsecured creditors (such as general unsecured creditors, retiree claimants, and bondholders) in other bankruptcy cases.

**RESPONSE TO REQUEST NO. 50:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] assessment of whether or not the [Plan] unfairly discriminates" against holders of general unsecured claims, which is protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 9, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 51:

Documents sufficient to show the value of the tax benefits resulting from a favorable ruling concerning the tax exempt status of the New GO Bonds to be issued under the Second Amended Plan.

## RESPONSE TO REQUEST NO. 51:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery regarding the tax exempt status of certain bonds is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request as vague and ambiguous to the extent it seeks documents describing the "value of the tax benefits" and a "favorable ruling," without defining those terms.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 52:

All Documents concerning the FOMB's estimate of general unsecured claims against ERS in Class 64 of the Second Amended Plan, including the number and amount of such claims.

## RESPONSE TO REQUEST NO. 52:

The Oversight Board objects to this Request because it is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing. Discovery regarding "[a]ll Documents concerning any estimate" is not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request to the extent it seeks documents not within the Board's possession, custody and control. The Oversight Board further objects to this Request because it seeks documents or analyses protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information that is publicly available, that was already provided to the Committee in other contexts, or that is otherwise already in the possession of the Committee.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 53:

All Documents concerning the basis for capping the amount in the ERS GUC Pool at $5 million. See Second Amended Plan §1.160.

## RESPONSE TO REQUEST NO. 53:

The Oversight Board objects to this Request because it is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing. Discovery regarding "[a]ll Documents" is not proportional to the

Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks documents in the possession, custody and control of its advisors.  The Oversight Board further objects to this Request because it seeks documents "concerning the basis" for the ERS GUC Pool, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request to the extent it seeks information that is publicly available, that was already provided to the Committee in other contexts, or that is otherwise already in the possession of the Committee.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 54:

All Documents concerning the FOMB's analysis, if any, of what Commonwealth funds or other resources will be needed to implement and/or fund a restructuring of and/or plan of adjustment for HTA, including the amount of such funds or resources and whether they have been set aside for such purpose.

### RESPONSE TO REQUEST NO. 54:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended

Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] analysis" regarding a restructuring and/or plan of adjustment for HTA, which is protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 5, 6, 8, 9, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 55:

Provide the Best Interests Test Report (Exhibit L to the Second Amended Disclosure Statement).

### RESPONSE TO REQUEST NO. 55:

The Oversight Board will provide the Best Interest Test Report when it is available.

### REQUEST NO. 56:

All Documents concerning the FOMB's calculation of likely payments under the Clawback CVIs.

### RESPONSE TO REQUEST NO. 56:

The Oversight Board objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the

adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight Board's] calculation of likely payments," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified at paragraphs 1, 2, 4, 6, 7, 8, 10, 17, and 24, each of which is specifically incorporated into this Response, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

<b>REQUEST NO. 57:</b>

All Documents concerning the FOMB's rationale for providing holders of Clawback Claims with the Clawback CVIs, notwithstanding the terms of the settlement of alleged GO priority pursuant to the Second Amended Plan, including the rationale for the 30-year term of Clawback CVIs and the annual caps (as set forth in the Second Amended Plan).

<b>RESPONSE TO REQUEST NO. 57:</b>

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "[a]ll Documents concerning the [Oversight

Board's] rationale" for providing certain holders with CVIs, which is protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

**REQUEST NO. 58:**

Documents sufficient to show the FOMB's rationale for settling the ERS Litigation pursuant to the ERS Settlement.

**RESPONSE TO REQUEST NO. 58:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all). The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks documents regarding the Oversight Board's "rationale for settling the ERS Litigation," which is protected by the attorney-client privilege, the attorney work product doctrine,

the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 59:

Documents sufficient to show the status of the settlement summarized in the term sheet dated May 14, 2019, between the FOMB and the AFT.

## RESPONSE TO REQUEST NO. 59:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Further, the Oversight Board objects to this Request as vague and ambiguous insofar as it seeks documents regarding "the status of the settlement summarized in the term sheet dated May 14, 2019, between the FOMB and the AFT." In addition, the Oversight Board objects to this Request because it seeks documents which are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 10, 13, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 60:

Documents sufficient to show the basis and rationale for not assuming or rejecting the Debtors' collective bargaining agreements, as set forth in Section 73.10 of the Second Amended Plan.

## RESPONSE TO REQUEST NO. 60:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.  The Oversight Board further objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.  In addition, the Oversight Board objects to this Request because it seeks documents regarding the Oversight Board's "basis and rationale for not assuming or rejecting the Debtors' collective bargaining agreements," which is protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified at paragraphs 1, 2, 4, 6, 8, 9, 10, 17, and 24, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

Dated: May 21, 2021

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Brian Rosen
Margaret A. Dale
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
brosen@proskauer.com
mdale@proskauer.com

-and-

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:     (787) 764-8181
Fax:    (787) 753-8944
hermann.bauer@oneillborges.com

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served

on the following counsel of record.

PAUL HASTINGS LLP

Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
nicholasbassett@paulhastings.com

Luc A. Despins, Esq.
200 Park Ave.
New York, NY 10166
lucdespins@paulhastings.com

*Counsel for the Official Committee of
Unsecured Creditors*

CASILLAS, SANTIAGO & TORRES LLC

Juan J. Casillas Ayala, Esq.
Israel Fernández Rodríguez, Esq.
Juan C. Nieves González, Esq.
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, Puerto Rico 00919-5075
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*

Date: May 21, 2021

/s/ *Laura Stafford*
Laura Stafford