# **EXHIBIT I**

# Milbank

**JONATHAN OHRING**
*Associate*
55 Hudson Yards  |  New York, NY 10001-2163
T: 212.530.5147
JOhring@milbank.com  |  milbank.com

May 12, 2021

**VIA EMAIL**

| | |
|---|---|
| Brian S. Rosen, Esq. | Elizabeth L. McKeen, Esq. |
| Proskauer Rose LLP | O'Melveny & Myers LLP |
| Eleven Times Square | 610 Newport Center Drive, 17th Floor |
| New York, NY 10036 | Newport Beach, CA 92660 |

Re:   Discovery Regarding Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.

Counsel:

Please find enclosed Ambac Assurance Corporation's ("Ambac") and Financial Guaranty Insurance Company's ("FGIC") first set of document requests directed to the Financial Oversight and Management Board for Puerto Rico (the "Board"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"), and their respective advisors, in connection with the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 16741), filed on May 11, 2021 (the "Disclosure Statement").

In connection with service of these document requests, Ambac and FGIC wish to address certain matters regarding discovery relating to the Disclosure Statement. We note that Ambac and FGIC are in receipt of the Official Committee of Unsecured Creditors' (the "UCC's") Document Requests [1] and the UCC's Deposition Notices [2] seeking discovery relating to the Disclosure Statement. Ambac and FGIC are also in receipt of the UCC's April 23, 2021 letter to the Board transmitting the UCC's Document Requests and the UCC's Deposition Notices (attached hereto as Exhibit E), the Board's May 7, 2021 letter responding to the UCC's April 23, 2021 letter

---

[1] "UCC's Document Requests" refers to the *Official Committee of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico and Its Advisors in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated April 23, 2021 (attached hereto as Exhibit A).

[2] "UCC's Deposition Notices" refers, collectively, to the: (i) *Official Committee of Unsecured Creditors' Notice of Deposition to Financial Oversight and Management Board for Puerto Rico in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Fed. R. Civ. P. 30(b)(6)*, dated April 23, 2021 (attached hereto as Exhibit B); (ii) *Official Committee of Unsecured Creditors' Notice of Deposition to David Skeel Pursuant to Fed. R. Civ. P. 30*, dated April 23, 2021 (attached hereto as Exhibit C); and (iii) *Official Committee of Unsecured Creditors' Notice of Deposition to Justin M. Peterson Pursuant to Fed. R. Civ. P. 30*, dated April 23, 2021 (attached hereto as Exhibit D).

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Brian S. Rosen, Elizabeth L. McKeen
May 12, 2021

(attached hereto as Exhibit F), and the UCC's May 11, 2021 letter in response (attached hereto as Exhibit G). As indicated in Nicholas Bassett's May 4, 2021 email to Mr. Rosen, Ambac and FGIC have been in touch with the UCC regarding discovery relating to the Disclosure Statement and agree that it would be most efficient for such discovery to proceed in a coordinated fashion. Accordingly, rather than issuing document requests duplicative of the UCC's Document Requests, Request No. 1 of Ambac and FGIC's first set of document requests simply seeks those documents sought by the UCC, and Ambac and FGIC's other requests seek documents relating to other issues. In addition, to further ensure coordination, Ambac and FGIC intend to issue cross-notices to the UCC's Deposition Notices. Ambac and FGIC also request that any meet-and-confers relating to the UCC's Document Requests, the UCC's Deposition Notices, and Ambac and FGIC's discovery requests be conducted contemporaneously and in a coordinated fashion. Ambac and FGIC believe that these efforts will help streamline the Disclosure Statement discovery process.

Please note that Ambac and FGIC disagree strongly with the Board's assertion in its May 7, 2021 letter to the UCC that discovery relating to the Disclosure Statement is neither "necessary or appropriate." Indeed, that statement contravenes the assertion by Mr. Rosen at the April 28, 2021 omnibus hearing that the Board is "not looking to stop [creditors] from serving [the Board] with any additional discovery requests" to seek information beyond that disclosed in the Board's Disclosure Statement Document Depository. Nevertheless, Ambac and FGIC understand from the Board's letter that the Board intends to respond to the UCC's requests individually, and Ambac and FGIC expect that the Government Parties will take a similar approach with respect to Ambac and FGIC's requests and will give fair consideration to the requests rather than asserting blanket objections.

However, Ambac and FGIC are concerned by the Board's statement in its letter that it intends to wait until 30 days from the date on which the UCC's Document Requests were served to formally respond to those requests. As the UCC noted in its May 11, 2021 letter, the 30-day response deadline under Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure is often significantly shortened in contested matters that require more expedited discovery. If the Board were to take 30 days to respond to Ambac and FGIC's document requests (*i.e.*, until June 11, 2021), the parties would plainly have insufficient time to meaningfully meet and confer and present any disputed issues to the Court for resolution, and Ambac and FGIC would not have sufficient time to review any produced documents, before objections to the Disclosure Statement are due on June 15, 2021. Significantly more time is needed, and there is simply no reason that the Government Parties need 30 days to respond to the requests, particularly when the Government Parties have indicated at every turn that they intend to wholly object to any disclosure statement discovery.

In light of these concerns, Ambac and FGIC request that the Government Parties confirm by 5pm ET this Friday, May 14, 2021, that they will serve any responses and objections to Ambac and FGIC's documents requests by Wednesday, May 19, 2021.[3] This will allow for proper coordination of the discovery sought by the UCC, Ambac, and FGIC, and ensure that there is sufficient time for the parties to resolve any disputes and for creditors to obtain and review relevant

---

[3] As you know, the UCC's May 11, 2021 letter requested that the Board serve responses and objections by May 14, 2021. Ambac and FGIC's proposed schedule contemplates that the Government Parties will have another five days to respond to Ambac and FGIC's requests, given that the UCC served its requests earlier.

- 2 -

Brian S. Rosen, Elizabeth L. McKeen
May 12, 2021

discovery prior to the disclosure statement objections deadline. If the Government Parties are not willing to confirm their agreement to this proposal by 5pm ET on May 14, 2021, Ambac and FGIC intend to file an urgent motion on an expedited schedule seeking an order directing the Government Parties to serve responses and objections to Ambac and FGIC's document requests by May 19, 2021, and Ambac and FGIC request the Government Parties' position on whether they would oppose such a motion and whether they would oppose an urgent motion seeking expedited briefing and consideration of that motion.

Lastly, the Disclosure Statement, unlike the one filed last year, does not provide the Board's analysis of how the Third Amended Plan of Adjustment[4] satisfies the "best interests of creditors" test set forth in PROMESA § 314(b)(6), despite the Board's representations in its submissions to the Court that this analysis would be included in the Disclosure Statement.[5] Consideration of the Disclosure Statement cannot be complete without this analysis. Please confirm when the Board will make this analysis available. Ambac and FGIC reserve all rights in this respect.

Ambac and FGIC are available to meet and confer tomorrow or Friday should you wish to discuss further.

Very truly yours,

/s/ *Jonathan Ohring*
Jonathan Ohring

cc: Atara Miller
Grant R. Mainland
John J. Hughes, III
Martin A. Sosland
James E. Bailey III
Nicholas A. Bassett
Luc A. Despins
Margaret A. Dale
Michael T. Mervis
Laura Stafford
Ashley Pavel

---

[4] "Third Amended Plan of Adjustment" refers to the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 16740).

[5] *Omnibus Reply of the Financial Oversight and Management Board for Puerto Rico in Support of Debtors' Joint Motion for an Order (i) Scheduling Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (ii) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (iii) Approving Form of Notice Thereof, (iv) Establishing Document Depository Procedures in Connection Therewith, and (v) Granting Related Relief* (ECF No. 16507) at 5 ("The forthcoming Disclosure Statement to be distributed to creditors will include . . . the Debtors' best interest test analysis, and parties will have sufficient time ahead of the confirmation hearing to review such documents.").