# **EXHIBIT J**

 Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

May 14, 2021

**VIA EMAIL**

Jonathan Ohring, Esq.
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163

Margaret A. Dale
Member of the Firm
d +1.212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

Re: Discovery Regarding Disclosure Statement for the Third Amended Title III John Plan of Adjustment of the Commonwealth of Puerto Rico, et al.

Counsel:

On behalf of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), we write in response to your May 12, 2021 letter (the "May 12 Letter"), enclosing Ambac Assurance Corporation's ("Ambac") and Financial Guaranty Insurance Company's ("FGIC") first set of document requests (the "Ambac/FGIC Document Requests"), purportedly directed to the Oversight Board, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and their respective advisors, in connection with the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, Case No. 17-03283-LTS [ECF No. 16741] (the "Disclosure Statement").

Having reviewed the Ambac/FGIC Document Requests, and consistent with the Oversight Board's position in its May 7, 2021 letter to the Official Committee of Unsecured Creditors (the "UCC") in connection with the UCC Document Requests,[1] the Ambac/FGIC Document Requests are neither necessary nor appropriate. Contrary to the assertion in the May 12 Letter, this does not "contravene[]" what was said by Brian Rosen during the April 28 hearing. Although some discovery can, in rare instances, be appropriate in connection with a contested motion to approve a disclosure statement, substantially all of the Ambac/FGIC Document Requests are, on their face, unwarranted. Like the UCC Document Requests, the Ambac/FGIC Document Requests seek information that does not pertain to the adequacy of the Disclosure Statement or to any potential objection thereto. Indeed, most of the Ambac/FGIC Document Requests seek discovery on what are, at best, plan issues (although the Oversight Board does not concede any would even be appropriate as plan discovery). Such requests are premature, especially in light of the Oversight Board's filing of the *Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 16757], providing a schedule for confirmation-related discovery. Additionally, the May 12 Letter does not explain why any of

---

[1] The "UCC Document Requests" refers to the *Official Committee of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico and Its Advisors in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated April 23, 2021, and attached as Exhibit A to the May 21 Letter.

**Proskauer»**

Jonathan Ohring, Esq.
May 13, 2021
Page 2

the Ambac/FGIC Document Requests have anything to do with the adequacy of the disclosures in the Disclosure Statement or any cognizable objection to it. Nor does the May 12 Letter include any request for additional or different disclosures. This alone causes the Oversight Board to question the motivations behind the decision to serve the Ambac/FGIC Document Requests.

With respect to timing, although the Oversight Board has no obligation to accelerate the 30-day response period for requests for the production of documents, the Oversight Board will serve its responses and objections to the Ambac/FGIC Document Requests by no later than Friday, May 21, 2021. The Oversight Board will also serve any responses and objections to the UCC Document Requests by the same date. The Oversight Board reserves all rights regarding the Ambac/FGIC Document Requests and the UCC Document Requests, including in connection with its forthcoming responses and objections thereto.

With respect to your request that counsel for Ambac and FGIC be included in meet and confer discussions with the UCC, we are amenable to that but reserve the right to conduct separate meet and confers should it appear doing so will be more efficient. Relatedly, the Oversight Board does not intend to produce deposition witnesses in response to the UCC's deposition notices and will take the same position on any cross-notices Ambac and FGIC may serve.

Sincerely,

*/s/ Margaret A. Dale*

Margaret A. Dale

cc: Elizabeth L. McKeen, Esq.
Martin A. Sosland, Esq.
Luc A. Despins, Esq.