# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO TO AMBAC ASSURANCE
CORPORATION AND FINANCIAL GUARANTY INSURANCE COMPANY'S FIRST
SET OF DOCUMENT REQUESTS TO THE GOVERNMENT PARTIES AND THEIR
ADVISORS IN CONNECTION WITH THE DISCLOSURE STATEMENT FOR THE
THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE
COMMONWEALTH OF PUERTO RICO, ET AL.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to

this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability*

*Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7034,

and 9014, the Local Rules of the United States District Court for the District of Puerto Rico, the

Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and/or the

presiding Court's chambers practices and case management orders (collectively, the "Governing

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") hereby responds and objects to *Ambac Assurance Corporation and Financial Guaranty Insurance Company's First Set of Document Requests to the Government Parties and Their Advisors in Connection with the Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Requests," and each individual request for production of documents a "Request"), served by Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Company ("FGIC"), dated May 12, 2021, as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses") to the Requests are made without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Requests, to the extent it has not objected thereto, as the Oversight Board understands and interprets the Requests. If Ambac/FGIC subsequently asserts an interpretation of the Requests that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses. By making the Responses below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Requests, and to each and every Request, as irrelevant, overbroad, and unduly burdensome because they seek information neither necessary nor proportionate to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement,[2] which is the only issue before the Court in connection with the upcoming Disclosure

---

[2] "May 2021 Disclosure Statement" refers to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741], dated May 11, 2021.

Statement Hearing.[3]  Ambac/FGIC already have announced their unequivocal intention to vote against the Plan.  Accordingly, they have no basis to object to the adequacy of the disclosures in the May 2021 Disclosure Statement.  Furthermore, discovery is not necessary for an objection that the Plan is patently unconfirmable (which objection would have no merit in any case).

2.      The Oversight Board objects to the Requests, and to each and every Request, because (i) they exceed the legitimate scope of discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement; or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3.      The production of any document pursuant to the Requests does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board is producing documents that are irrelevant and inadmissible, but is doing so solely to expedite the process without any concession the Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests, and to each and every Request, to the extent they seek documents without restrictions as to date.  The Oversight Board will not produce documents or communications that pre-date execution of the relevant plan support agreement incorporated into the Third Amended Plan,[4] or otherwise seek documents outside the timeframe relevant to the evaluation of the adequacy of the May 2021 Disclosure Statement.

---

[3] "Disclosure Statement Hearing" refers to the hearing to consider the adequacy of the May 2021 Disclosure Statement, currently set for July 13, 2021 pursuant to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated May 4, 2021 [ECF No. 16681] (the "Disclosure Statement Hearing Order").

[4] "Third Amended Plan" refers to the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740], dated May 11, 2021.

5.      The Oversight Board objects to the Definitions, the Instructions, and the Requests, and to each and every Request, because they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules. In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and respond to the Requests and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.      The Oversight Board objects to the Requests, and to each and every Request, because some or all of the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.      The Oversight Board objects to the Requests, and to each and every Request, as unduly burdensome because they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control, or in the possession, custody or control of its counsel, representatives, and advisors. The Oversight Board will respond to the Requests solely on its own behalf. The Oversight Board further objects to the Requests to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another

source more convenient, less burdensome, or less expensive, including documents in the possession of Ambac/FGIC.

8.      The Oversight Board objects to the Requests, and to each and every Request, because they seek documents containing information that is confidential or proprietary in nature, or that otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors. The Oversight Board will produce such documents only pursuant to the Protective Order, Exhibit 2 [ECF No. 16681-2], approved by the Court pursuant to the Disclosure Statement Hearing Order, and only after Ambac/FGIC has executed the corresponding Protective Order Subscription [ECF No. 16681-3].

9.      The Oversight Board objects to the Requests, and to each and every Request, because they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Requests.

10.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome because they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address.

11.     The Oversight Board objects to the Requests, and to each and every Request, to the extent that they seek documents already made available to Ambac/FGIC via the Data Room for the Disclosure Statement for the Plan of Adjustment for the Commonwealth, ERS, and PBA (the "Disclosure Statement Data Room"), further described in the Disclosure Statement Hearing Order and the exhibits attached thereto. In addition, the same documents available to Ambac/FGIC in

the Disclosure Statement Data Room have been made available to counsel and other professionals for Ambac/FGIC through a separate access point (the "SFTP"). Instructions to access the SFTP were sent to counsel for Ambac/FGIC on May 7, 2021.

12.     Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to or already provided to Ambac/FGIC.

13.     The Oversight Board objects to paragraph 1 of the definitions as overbroad because it purports to include within the definition of "a corporation, partnership, joint venture, unincorporated association, government agency, or fictitious Person" individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe the terms corporation, partnership, joint venture, unincorporated association, government agency, or fictitious Person to include employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

14.     The Oversight Board objects to paragraph 2 of the definitions as overbroad because it purports to include within the definition of "a natural Person" individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe the term "a natural Person" to include employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

15.     The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe "AAFAF" to mean the Puerto Rico Fiscal Agency and Financial Advisory Authority, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

16.     The Oversight Board objects to the definition of the term "Board" as overbroad because it includes individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe "Board" to mean the Oversight Board and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

17.     The Oversight Board objects to the definition of the term "Commonwealth" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its instrumentalities, its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

18.     The Oversight Board objects to the definition of the term "Commonwealth Entities" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe "Commonwealth Entities" to mean the agencies, instrumentalities, and public corporations of the Commonwealth, and their present and former

officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

19. The Oversight Board objects to the definition of the term "ERS" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe "ERS" to mean the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

20. The Oversight Board objects to the definition of the term "PBA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to these Requests, the Oversight Board will construe "PBA" to mean the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

21. The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "face-to-face conversations," "meetings," "visits," "conferences," "internal and external discussions," and "any other kind of oral . . . exchange," which would be unduly burdensome and not proportionate to the needs of the matter. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate documents in those files in which it reasonably expects to find responsive documents.

22.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any tangible things, recordings, text messages, instant messages, diaries, minutes of meetings, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

23.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the terms Board and AAFAF. In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the approval of the May 2021 Disclosure Statement or to confirmation of the Third Amended Plan.

24.     The above General Objections are incorporated into each of the following specific Responses.

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Documents, Communications, and other information or materials requested by: (i) the Official Committee of Unsecured Creditors in the Official Committee of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico and Its Advisors in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated April 23, 2021 (attached hereto as Exhibit A); or (ii) any other party or third party in connection with the proceedings relating to the May 2021 Disclosure Statement.

### RESPONSE TO REQUEST NO. 1:

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 11, 16, 21, and 22, as well as its general and specific objections to the discovery requests served by the Official Committee of Unsecured Creditors (the "Committee") or to any other discovery requests served by any other party in connection with the Disclosure Statement Hearing, the Oversight Board will produce to Ambac/FGIC all documents it produces to any other party in response to a discovery request in connection with the Disclosure Statement Hearing.

### REQUEST NO. 2:

All Documents and Communications sufficient to allow Creditors to review and reconcile sources and uses of existing cash balances with the inflows and outflows included in the Fiscal Plan, including (without limitation) a three-statement financial model or the equivalent thereof.

### RESPONSE TO REQUEST NO. 2:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs

given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information that may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 16, 21 and 22, and the specific objections above, the Oversight Board directs Ambac/FGIC to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent Ambac/FGIC believes the May 2021 Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures Ambac/FGIC believes are necessary.

<u>**REQUEST NO. 3:**</u>

The Fiscal Plan Model.

<u>**RESPONSE TO REQUEST NO. 3:**</u>

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because it seeks documents that are beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's

legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, and 8, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 4:

All Documents, Communications, studies, and analyses, including any scientific, technical, or economic analyses, considered or relied upon in preparing the macroeconomic forecast model(s) and/or the baseline economic outlook model(s) within the Fiscal Plan, see Fiscal Plan at 28 n.14, and/or the Historical Fiscal Plans, including materials considered or relied upon in determining whether and how to revise, adjust, modify, or otherwise alter those models in response to the events described in Chapters 3 and 4 of the Fiscal Plan.

## RESPONSE TO REQUEST NO. 4:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information that may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 16, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 5:

All Documents, Communications, studies, and analyses, including any scientific, technical, or economic analyses, considered or relied upon in preparing analyses contained in Chapter 6 of the Fiscal Plan.

## RESPONSE TO REQUEST NO. 5:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information that may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 16, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

**REQUEST NO. 6:**

All Documents and Communications analyzing whether the Third Amended Plan of Adjustment is in the best interests of creditors, including whether available remedies under nonbankruptcy laws and the Commonwealth Constitution would result in a greater recovery for creditors than is provided by the Third Amended Plan of Adjustment.

**RESPONSE TO REQUEST NO. 6:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information that may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 11, 16, 21, and 22, the Oversight Board directs Ambac/FGIC to the folder labeled "Best Interests Test" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data underlying the Debtors' best interests test reports to be submitted in connection with the May 2021 Disclosure Statement become available, those documents will be uploaded onto the Data Room and SFTP.

## REQUEST NO. 7:

All Documents and Communications considered or relied upon in preparing the "Best Interests Test Reports" attached as Exhibit L to the February 2020 Disclosure Statement or any forthcoming similar report for the May 2021 Disclosure Statement.

## RESPONSE TO REQUEST NO. 7:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information that may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 11, and 16, the Oversight Board directs Ambac/FGIC to the folder labeled "Best Interests Test" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data underlying the Debtors' best interests test reports to be submitted in connection with the May 2021 Disclosure Statement become available, those documents will be uploaded onto the Data Room and SFTP.

## REQUEST NO. 8:

Between February 9, 2020 and February 22, 2021, all Documents and Communications reflecting negotiations between or among any parties to the February 2021 Plan Support Agreement, and all drafts of the February 2021 Plan Support Agreement.

## RESPONSE TO REQUEST NO. 8:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications reflecting negotiations" between or among parties to the February 2021 Plan Support Agreement and "all drafts of the February 2021 Plan Support Agreement," which are protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 10, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 9:

Between February 9, 2020 and the present, all Documents and Communications between or among any parties to the February 2021 Plan Support Agreement reflecting negotiations of the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, or the Third Amended Plan of Adjustment, and all drafts of the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment.

## RESPONSE TO REQUEST NO. 9:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The March 2021 Disclosure Statement and the Second Amended Plan of Adjustment are not relevant to the narrow issues to be considered at the Disclosure Statement Hearing. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications" between or among parties to the February 2021 Plan Support Agreement "reflecting negotiations of the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, or the Third Amended Plan of Adjustment, and all drafts of the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment," which are protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities

protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 10, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 10:

Between February 9, 2020 and the present, all Documents and Communications reflecting negotiations between or among any parties to the HTA/CCDA Plan Support Agreement, and all drafts of the HTA/CCDA Plan Support Agreement.

## RESPONSE TO REQUEST NO. 10:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications reflecting negotiations" between or among parties to the HTA/CCDA Plan Support Agreement and "all drafts of the HTA/CCDA Plan Support Agreement," which are protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks

information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality.  ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 10, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 11:

All Documents, Communications, studies, and analyses prepared, considered, or relied upon in connection with the development of the September 2019 Disclosure Statement, the Plan of Adjustment, the February 2020 Disclosure Statement, the Amended Plan of Adjustment, the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment, including factual source materials and raw data underlying the September 2019 Disclosure Statement, the Plan of Adjustment, the February 2020 Disclosure Statement, the Amended Plan of Adjustment, the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment.

## RESPONSE TO REQUEST NO. 11:

The Oversight Board also objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Request because it seeks information that has already been made available to Ambac/FGIC and directs Ambac/FGIC to the Data Room and/or the SFTP for documents relating to whether the May 2021 Plan of Adjustment is in the best interests of creditors.  The September

2019 Disclosure Statement, the Plan of Adjustment, the February 2020 Disclosure Statement, the

Amended Plan of Adjustment, the March 2021 Disclosure Statement, the Second Amended Plan

of Adjustment are not relevant to the narrow issues to be considered at the Disclosure Statement

Hearing.  In addition, the Oversight Board objects to this Request on the grounds it seeks "all

Documents and Communications" regarding "the development of the September 2019 Disclosure

Statement, the Plan of Adjustment, the February 2020 Disclosure Statement, the Amended Plan of

Adjustment, the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the

May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment," which are protected

by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the

common interest privilege, the deliberative process privilege, or any other applicable privileges,

doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 7, 10, 11, 21, and 22,

and the specific objections above, the Oversight Board will not produce documents responsive to

this Request.

### REQUEST NO. 12:

All Documents and Communications concerning the Pension Reserve Trust, including its
establishment, funding, management, terms for the deposit and withdrawal of monies, projected
investment guidelines and investment returns, and its Non-Impairment Covenant.

### RESPONSE TO REQUEST NO. 12:

The Oversight Board objects to this Request on the grounds it does not seek information

relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement.  The

Oversight Board further objects to this Request because discovery of "[a]ll Documents [and]

Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or

necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May

2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs

given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications concerning the Pension Reserve Trust," which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 13:

All Documents and Communications concerning proposed contributions to the Pension Reserve Trust, including Base Contributions, actual primary surplus contributions, projected Fiscal Plan primary surplus contributions, and any discretionary contributions by the Commonwealth permitted under the Plan of Adjustment, the Amended Plan of Adjustment, the Second Amended Plan of Adjustment, and/or the Third Amended Plan of Adjustment.

## RESPONSE TO REQUEST NO. 13:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications

concerning proposed contributions to the Pension Reserve Trust," which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 14:

All Documents and Communications concerning the Pension Reserve Fund described in the Retiree Committee Plan Support Agreement, including its establishment, funding, management, terms for the deposit and withdrawal of monies, and projected investment guidelines and investment returns.

## RESPONSE TO REQUEST NO. 14:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications concerning the Pension Reserve Fund," which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the

deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 15:

All Agreements concerning management of the Pension Reserve Trust and/or the Pension Reserve Fund, including Agreements between or among pension plans, plan participants, or their managers, trustees, or fiduciaries.

## RESPONSE TO REQUEST NO. 15:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Agreements" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement.

In light of the General Objections identified in paragraphs 1, 2, 4, 7, 8, 9, and 10, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 16:

All Documents and Communications regarding Assets held by the Commonwealth and/or the Commonwealth Entities that are in disuse, including Documents and Communications concerning: (i) previous, ongoing, contemplated, or completed efforts to sell any such Assets; (ii) the value of any such Assets; and (iii) the use or intended use of any proceeds derived from the sale of any such Assets.

## RESPONSE TO REQUEST NO. 16:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board also objects to this Request because the term "Assets," as incorporated into this Request, renders it overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs. Further, the Oversight Board objects to this Request as overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery, and not proportional to Ambac/FGIC's legitimate discovery needs insofar as it seeks discovery of "Commonwealth Entities," which is defined to include public corporations that are legally separate and independent from the Commonwealth. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications regarding Assets held by the Commonwealth and/or Commonwealth Entities," which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 9, 10, 17, 18, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 17:

All Documents and Communications concerning the Commonwealth's and/or the Commonwealth Entities' illiquid investments, including (without limitation) Documents and Communications sufficient to identify any such illiquid investments and any Restrictions on the use of such illiquid investments.

## RESPONSE TO REQUEST NO. 17:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Further, the Oversight Board objects to this Request as overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery, and not proportional to Ambac/FGIC's legitimate discovery needs insofar as it seeks discovery of "Commonwealth Entities," which is defined to include public corporations that are legally separate and independent from the Commonwealth. In addition, the Oversight Board objects to this Request on the grounds it seeks "all Documents and Communications concerning the Commonwealth's and/or the Commonwealth Entities' illiquid investments," which may be protected by the attorney-client privilege, the attorney work product doctrine, the

mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 9, 10, 17, 18, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 18:

All Documents and Communications related to the assessment of the Commonwealth's necessary operating expenses or costs of providing essential public services, including any analyses of whether unrestricted cash exceeds necessary operating expenses and/or the costs of providing essential public services.

## RESPONSE TO REQUEST NO. 18:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Neither necessary operating expenses nor essential public services are relevant to the narrow issues before the Court at the Disclosure Statement Hearing. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Topic because it seeks

information regarding the Oversight Board's certification determinations. The Court lacks jurisdiction to consider the Oversight Board's certification determinations pursuant to PROMESA section 106(e).

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 9, 10, 17, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 19:

All Documents and Communications regarding "potentially inaccessible" monies, as described in the December 2020 Presentation, including (without limitation) documents concerning: (i) why the Board, AAFAF, and/or their advisors contend that monies held by public corporations are "potentially inaccessible[;]" (ii) any legislation considered, proposed, or enacted for the purpose of enabling the Commonwealth to access monies held by public corporations; and (iii) why Commonwealth monies appropriated or transferred to public corporations have not been clawed back by, or otherwise transferred back to, the Commonwealth.

## RESPONSE TO REQUEST NO. 19:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 11, 15, 16, 17, 21, and 22, and the specific objections above, the Oversight Board directs Ambac/FGIC to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent Ambac/FGIC believes the May 2021 Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures Ambac/FGIC believes are necessary.

### REQUEST NO. 20:

All Documents and Communications regarding any transfer of surplus funds from a Commonwealth Entity to the Commonwealth pursuant to Chapter 4 of Act 26-2017, and Documents and Communications relating or responding to any requests by the Act 26-2017 Committee for transfers pursuant to Chapter 4 of Act 26-2017, whether or not such transfers were effected.

### RESPONSE TO REQUEST NO. 20:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the

- 28 -

deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 9, 10, 17, 18, 21, and 22, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

### REQUEST NO. 21:

All Documents and Communications regarding "potentially unavailable" monies, as described in the December 2020 Presentation, including (without limitation) documents concerning: (i) why the Board, AAFAF, and/or their advisors contend that, as of December 17, 2020, $540 million in Commonwealth monies and $151 million in monies held by public corporations are "potentially unavailable[;]" and (ii) the operational or other cash needs of Commonwealth Entities holding "potentially unavailable" monies.

### RESPONSE TO REQUEST NO. 21:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 11, 15, 16, 17, 21, and 22, and the specific objections above, the Oversight Board directs Ambac/FGIC to the folder labeled "Cash and Cash Restrictions" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request. To the extent additional responsive, non-privileged, non-duplicative factual source materials and raw data regarding the Commonwealth's cash and cash restrictions become available, those documents will be uploaded onto the Data Room and SFTP. Further, to the extent Ambac/FGIC believes the May 2021 Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures Ambac/FGIC believes are necessary.

## REQUEST NO. 22:

All Documents and Communications regarding any analysis prepared, considered, or relied upon in connection with the Board's determination that the Commonwealth should maintain an unrestricted liquidity balance of no less than $2.5 billion, including (without limitation) all Documents and Communications regarding any previous, ongoing, completed, or contemplated efforts to obtain external financing: (i) for the Disaster Aid Revolving Fund, including any analysis comparing the costs associated with funding the Disaster Aid Revolving Fund using external financing and Commonwealth monies; and (ii) to satisfy the LUMA Funding Requirement, including any analysis regarding the costs associated with satisfying the LUMA Funding Requirement using external financing.

## RESPONSE TO REQUEST NO. 22:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight

Board objects to this Request on the grounds it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 9, 10, 11, 16, 17, 21, and 22, and the specific objections above, the Oversight Board directs Ambac/FGIC to the folder labeled "Working Capital" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request.

### REQUEST NO. 23:

All Documents and Communications regarding any analysis prepared, considered, or relied upon in connection with the Board's determination that the Commonwealth should maintain an emergency reserve in the amount of $1.3 billion.

### RESPONSE TO REQUEST NO. 23:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 16, 17, 21, and 22, and the specific objections above, the Oversight Board directs Ambac/FGIC to the folder labeled "Working Capital" in the Disclosure Statement Depository and the SFTP, which contains non-privileged, non-duplicative documents responsive to this Request.

## REQUEST NO. 24:

All Documents and Communications sufficient to show the factual and/or legal characteristics of each class of creditors in the Third Amended Plan of Adjustment, including, but not limited, to any Documents or Communications the Board considered or relied upon in evaluating the factual and/or legal grounds for the classification of each class of creditors in the Third Amended Plan of Adjustment.

## RESPONSE TO REQUEST NO. 24:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents [and] Communications" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. In addition, the Oversight Board objects to this Request on the grounds it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 9, 10, 16, 21, and 22, and the specific objections above, the Oversight Board directs Ambac/FGIC to the folders labeled "Certain Public Employee Collective Bargaining Agreements," "Dairy Producers,"

"Federally Qualified Health Centers," and "Gracia-Gracia Litigation" in the Disclosure Statement Depository and the SFTP, which contain non-privileged, non-duplicative documents responsive to this Request.

*[Remainder of page intentionally left blank]*

Dated: May 21, 2021

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Brian Rosen
Margaret A. Dale
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
brosen@proskauer.com
mdale@proskauer.com

-and-

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:     (787) 764-8181
Fax:     (787) 753-8944
hermann.bauer@oneillborges.com

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record.

MILBANK LLP

Dennis F. Dunne, Esq.
Atara Miller, Esq.
Grant R. Mainland, Esq.
John J. Hughes, III, Esq.
Jonathan Ohring, Esq.
55 Hudson Yards
New York, NY 10001
ddune@milbank.com
amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com
johring@milbank.com

*Counsel for Ambac Assurance Corporation*

FERRAIUOLI LLC

Roberto Cámara-Fuertes
Sonia Colón
221 Ponce de León Ave., 5th Floor
San Juan, Puerto Rico 00917
rcamara@ferraiuoli.com
scolon@ferraiuoli.com

*Local Counsel for Ambac Assurance Corporation*

BUTLER SNOW LLP

Martin A. Sosland, Esq.
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Martin.sosland@butlersnow.com

James E. Bailey III, Esq.
Adam M. Langley, Esq.
6075 Poplar Ave., Suite 500
Memphis, TN 38119
jeb.bailey@butlersnow.com
adam.langley@butlersnow.com

*Counsel for Financial Guaranty Insurance Company*

REXACH & PICÓ, CSP

María E. Picó
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
mpico@rexachpico.com

*Local Counsel for Financial Guaranty Insurance Company*

Date: May 21, 2021

*/s/ Laura Stafford*
Laura Stafford