# EXHIBIT L

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtor.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

## RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO CROSS-NOTICE OF DEPOSITION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO PURSUANT TO RULE 30(b)(6)

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7030, and 9014, the Local Rules of the United States District Court for the District of Puerto Rico, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and/or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), by and through undersigned counsel, hereby responds and objects to the *Cross-Notice of Deposition of the Financial Oversight and Management Board for Puerto Rico Pursuant to Rule 30(b)(6)*, served by Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Company ("FGIC"), and dated May 14, 2021, (the "Deposition Notice," and each individual deposition topic a "Topic"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Deposition Notice (the "Responses") are made without prejudice to the Oversight Board's right to amend or supplement the Responses herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Deposition Notice as the Oversight Board understands and interprets the Deposition Notice. If Ambac/FGIC subsequently asserts an interpretation of the Deposition Notice that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses. By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent it does not seek information that is relevant and proportional to the narrow question of whether the May 2021 Disclosure Statement[2] contains adequate

---

[2] "May 2021 Disclosure Statement" refers to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741], dated May 11, 2021.

information, which is the only issue before the Court in connection with the upcoming Disclosure Statement Hearing.[3] Ambac/FGIC has not articulated any basis on which to seek deposition testimony of the Oversight Board regarding the adequacy of the May 2021 Disclosure Statement. Ambac/FGIC also already have announced their unequivocal intention to vote against the Plan. Accordingly, they have no basis to object to the adequacy of the disclosures in the May 2021 Disclosure Statement. Furthermore, discovery is not necessary for an objection that the Plan is patently unconfirmable (which objection would have no merit in any case).

2.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, because (i) they exceed the legitimate scope of discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement; or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, because it purports to impose burdens on the Oversight Board that are inconsistent with, or not otherwise authorized by, or seeks to impose obligations that exceed those imposed by the Governing Rules. In responding to this Deposition Notice, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and respond to the Deposition Notice and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

---

[3] "Disclosure Statement Hearing" refers to the hearing to consider the adequacy of the Disclosure Statement, currently set for July 13, 2021 pursuant to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated May 4, 2021 [ECF No. 16681] (the "Disclosure Statement Hearing Order").

4.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information.

5.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

6.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it requests the Oversight Board give testimony on topics that are beyond its knowledge.

7.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it seeks testimony about information that is confidential or proprietary in nature.

8.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it (i) implies the existence of facts or circumstances that do not or did not exist, or (ii) states or assumes legal or factual conclusions. By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Deposition Notice.

9.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, as overbroad and unduly burdensome to the extent that it purports to require the Oversight Board to provide testimony concerning "any" information concerning a topic, so as to make it impossible

4

to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

10.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is cumulative or duplicative of other discovery requests. The Oversight Board further objects to the Deposition Notice in its entirety, and to each and every Topic, to the extent that the Ambac/FGIC may obtain the information sought through less burdensome means.

11.     The Oversight Board objects to paragraph 1 of the definitions and instructions as overbroad because it purports to include within the definition of "a corporation, partnership, joint venture, unincorporated association, government agency, or fictitious Person" individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to this Deposition Notice, the Oversight Board will construe the terms corporation, partnership, joint venture, unincorporated association, government agency, or fictitious Person to include employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

12.     The Oversight Board objects to paragraph 2 of the definitions and instructions as overbroad because it purports to include within the definition of "a natural Person" individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to this Deposition Notice, the Oversight Board will construe the term "a natural Person" to include employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

13.     The Oversight Board objects to paragraph 9 of the definition and instructions as overbroad because it purports to require the Oversight Board to construe "[a]ny ambiguity in a

5

Topic" so as "to bring within the scope of the Topic all responses that otherwise could be construed to be outside of its scope," which would make it impossible to identify the limits of the inquiry, and would make the topics so overbroad as to be impossible to address by deposition testimony.

14.     The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to this Deposition Notice, the Oversight Board will construe "AAFAF" to mean the Puerto Rico Fiscal Agency and Financial Advisory Authority, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

15.     The Oversight Board objects to the definition of the term "Board" as overbroad because it includes individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to this Deposition Notice, the Oversight Board will construe "Board" to mean the Oversight Board and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

16.     The Oversight Board objects to the definition of the term "Commonwealth" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement. In responding to this Deposition Notice, the Oversight Board will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its instrumentalities, its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

17.     The Oversight Board objects to the definition of the term "Commonwealth Entities" as overbroad because it includes individuals and entities without regard to their connection or

6

relevance to the approval of the May 2021 Disclosure Statement.  In responding to this Deposition Notice, the Oversight Board will construe "Commonwealth Entities" to mean the agencies, instrumentalities, and public corporations of the Commonwealth, and their present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

18.     The Oversight Board objects to the definition of the term "ERS" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement.  In responding to this Deposition Notice, the Oversight Board will construe "ERS" to mean the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

19.     The Oversight Board objects to the definition of the term "PBA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the May 2021 Disclosure Statement.  In responding to this Deposition Notice, the Oversight Board will construe "PBA" to mean the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

20.     The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "face-to-face conversations," "meetings," "visits," "conferences," "internal and external discussions," and "any other kind of oral . . . exchange," which would be unduly burdensome and not

7

proportionate to the needs of the matter. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate documents in those files in which it reasonably expects to find responsive documents.

21. The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any tangible things, recordings, text messages, instant messages, diaries, minutes of meetings, exhibits, sketches, designs, catalogs, newspapers, magazines, appointment or telephone records, banking records, and notices; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

22. The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the terms Board and AAFAF. In responding to this Deposition Notice, the Oversight Board will construe "You" and "Your" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the approval of the May 2021 Disclosure Statement or to confirmation of the Third Amended Plan.[4]

23. The above General Objections are incorporated into each of the following specific Responses.

---

[4] "Third Amended Plan" refers to the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740].

8

## RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

**DEPOSITION TOPIC NO. 1:**

All topics of examination propounded by: (i) the Official Committee of Unsecured Creditors in the *Official Committee of Unsecured Creditors' Notice of Deposition to Financial Oversight and Management Board for Puerto Rico in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Fed. R. Civ. P. 30(b)(6),* dated April 23, 2021; or (ii) any other party or third party in connection with the proceedings relating to the May 2021 Disclosure Statement

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Topic on each and every ground set forth in its *Responses and Objections of the Financial Oversight and Management Board to Notice of Deposition in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated May 21, 2021, and served concurrently herewith.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 9, 10, and 15, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer

9

a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 2:

The Documents and Communications produced in response to: (i) *Ambac Assurance Corporation and Financial Guaranty Insurance Company's First Set of Document Requests to the Government Parties and Their Advisors in Connection with the Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated May 12, 2021; (ii) *Official Committee of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico and Its Advisors in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated April 23, 2021; or (iii) document requests propounded by any other party or third party in connection with the proceedings relating to the May 2021 Disclosure Statement.

## RESPONSE TO DEPOSITION TOPIC NO. 2:

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic as vague, ambiguous, and overbroad in that it purports to require the preparation of a witness knowledgeable with respect to each and every document the Oversight Board may produce to Ambac/FGIC in connection with the Disclosure Statement Hearing. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 9, 10, 15, 20, and 21, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 3:

The Board's efforts to search for and collect Documents in response to any document requests issued in connection with the proceedings relating to the May 2021 Disclosure Statement.

## RESPONSE TO DEPOSITION TOPIC NO. 3:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 9, 10, 15, and 21, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 4:

The processes by which the Fiscal Plan and the Fiscal Plan Model were and are developed, and facts and analyses considered or relied upon by the Board in preparing or revising the Fiscal Plan Model, the macroeconomic forecast model(s) and/or the baseline economic outlook model(s) contained within the Fiscal Plan and/or the Historical Fiscal Plans, and any debt sustainability analyses contained within the Fiscal Plan and/or the Historical Fiscal Plans.

## RESPONSE TO DEPOSITION TOPIC NO. 4:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects that having to prepare a witness on this Topic

11

would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's certification determinations. The Court lacks jurisdiction to consider the Oversight Board's certification determinations pursuant to PROMESA section 106(e).

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 7, 9, 10, and 15, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 5:**

The Board's analysis of whether the Third Amended Plan of Adjustment is in the best interests of Creditors, including whether available remedies under non-bankruptcy laws and the Commonwealth Constitution would result in a greater recovery for Creditors than is provided by the Third Amended Plan of Adjustment.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further

objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

In light of the General Objections identified in paragraphs 1, 2, 4, 7, 10, and 15, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 6:

Negotiations leading to or regarding the HTA/CCDA Plan Support Agreement, the February 2021 Plan Support Agreement, the February 2020 Plan Support Agreement, the Retiree Committee Plan Support Agreement, and the May 2019 Plan Support Agreement, including the evolution of the agreements and consideration of which parties would be included in such negotiations.

## RESPONSE TO DEPOSITION TOPIC NO. 6:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged

in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 7, 10, and 15, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 7:**

Negotiations regarding the Plans of Adjustment and the Disclosure Statements, including the negotiations that led to changes from previous versions.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board further objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board also objects to this Topic as vague and ambiguous because it seeks testimony regarding "changes from previous versions," without specifying the "changes" and "versions" referenced. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks

14

information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 7, 8, 10, and 15, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 8:**

The Pension Reserve Trust, including: (i) its establishment, funding, management, terms for the deposit and withdrawal of monies, projected investment guidelines and investment returns, and its Non-Impairment Covenant; (ii) all Agreements concerning the management thereof between or among pension plans, plan participants, or their managers, trustees, or fiduciaries; and (iii) any proposed contributions thereto, including Base Contributions, actual primary surplus contributions, projected Fiscal Plan primary surplus contributions, and any discretionary contributions by the Commonwealth permitted under the Plans of Adjustment.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege,

the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 7, 8, and 10, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 9:

The Pension Reserve Fund described in the Retiree Committee Plan Support Agreement, including: (i) its establishment, funding, management, terms for the deposit and withdrawal of monies, and projected investment guidelines and investment returns; and (ii) all Agreements concerning the management thereof between or among pension plans, plan participants, or their managers, trustees, or fiduciaries.

## RESPONSE TO DEPOSITION TOPIC NO. 9:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 7, 8, and 10, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 10:

Assets held by the Commonwealth and/or the Commonwealth Entities that are in disuse, including: (i) previous, ongoing, contemplated, or completed efforts to sell any such Assets; (ii) the value of any such Assets; and (iii) the use or intended use of any proceeds derived from the sale of any such Assets.

## RESPONSE TO DEPOSITION TOPIC NO. 10:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement.  The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC.  The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board also objects to this Request because the term "Assets," as incorporated into this Request, renders it overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement, and not proportional to Ambac/FGIC's legitimate discovery needs.  Further, the Oversight Board objects to this Request as overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery, and not proportional to Ambac/FGIC's legitimate discovery needs insofar as it seeks discovery of "Commonwealth Entities," which is defined to include public corporations that are legally separate and independent from the Commonwealth.  In addition, the Oversight Board further objects to this

Topic because it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 11:**

The Commonwealth's and/or the Commonwealth Entities' illiquid investments, including the identification of any such illiquid investments and any Restrictions on the use of such illiquid investments.

**RESPONSE TO DEPOSITION TOPIC NO. 11:**

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. Further, the Oversight Board objects to this Topic as overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery, and not proportional to Ambac/FGIC's legitimate discovery needs insofar as it seeks discovery of "Commonwealth Entities," which is defined to include public corporations that are legally separate and independent from the Commonwealth. In addition, the Oversight Board further objects to this

Topic because it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 16, and 17, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 12:**

The Commonwealth's necessary operating expenses or costs of providing essential public services, including any analyses of whether unrestricted monies exceed necessary operating expenses and/or the costs of providing essential public services.

**RESPONSE TO DEPOSITION TOPIC NO. 12:**

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Neither necessary operating expenses nor essential public services are relevant to the narrow issues before the Court at the Disclosure Statement Hearing. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans and budgets, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative

process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's certification determinations. The Court lacks jurisdiction to consider the Oversight Board's certification determinations pursuant to PROMESA section 106(e).

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 13:

The Cash Restriction Analyses, including (without limitation) monies classified as restricted, unrestricted, asserted to be restricted, unreviewed, inconclusive, pending, potentially inaccessible, or potentially unavailable.

## RESPONSE TO DEPOSITION TOPIC NO. 13:

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege,

the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 7, and 10, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 14:

Transfers of surplus funds from a Commonwealth Entity to the Commonwealth pursuant to Chapter 4 of Act 26-2017, including any requests by the Act 26-2017 Committee for transfers pursuant to Chapter 4 of Act 26-2017, whether or not such transfers were effected.

## RESPONSE TO DEPOSITION TOPIC NO. 14:

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 6, 7, 8, 9, 10, 16, and 17, and the specific objections above, the Oversight Board responds that it is not presently willing to

proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 15:

The Board's determination that the Commonwealth should maintain an unrestricted liquidity balance of no less than $2.5 billion, including (without limitation) any previous, ongoing, completed, or contemplated efforts to obtain external financing: (i) for the Disaster Aid Revolving Fund, including any analysis comparing the costs associated with funding the Disaster Aid Revolving Fund using external financing and Commonwealth monies; and (ii) to satisfy the LUMA Funding Requirement, including any analysis regarding the costs associated with satisfying the LUMA Funding Requirement using external financing.

## RESPONSE TO DEPOSITION TOPIC NO. 15:

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the development of the Oversight Board's fiscal plans, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 15, and 16, and the specific objections above, the Oversight Board responds that it is not presently

willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 16:

The Board's determination that the Commonwealth should maintain an emergency reserve in the amount of $1.3 billion.

## RESPONSE TO DEPOSITION TOPIC NO. 16:

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's determination regarding the emergency reserve, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 7, 8, 10, 15, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 17:

The factual and/or legal characteristics of each class of creditors in the Third Amended Plan of Adjustment, including, but not limited to, the bases upon which the Board developed

each class The factual and/or legal characteristics of each class of creditors in the Third Amended Plan of Adjustment, including, but not limited to, the bases upon which the Board developed each class.

**RESPONSE TO DEPOSITION TOPIC NO. 17:**

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's bases for classifying claims, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 7, 8, 10, and 15, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 18:**

The treatment of Classes 4, 24, 56, 57, and 58 in the Third Amended Plan of Adjustment, including, but not limited to, the bases upon which the Board developed such treatment.

24

**RESPONSE TO DEPOSITION TOPIC NO. 18:**

The Oversight Board objects to this Topic because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by Ambac/FGIC. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's bases for classifying claims, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 7, 8, 10, and 15, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

*[Remainder of page intentionally left blank]*

Dated: May 21, 2021

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Brian Rosen
Margaret A. Dale
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
brosen@proskauer.com
mdale@proskauer.com

-and-

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:    (787) 764-8181
Fax:    (787) 753-8944
hermann.bauer@oneillborges.com

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served on the following counsel of record.

MILBANK LLP

Dennis F. Dunne, Esq.
Atara Miller, Esq.
Grant R. Mainland, Esq.
John J. Hughes, III, Esq.
Jonathan Ohring, Esq.
55 Hudson Yards
New York, NY 10001
ddune@milbank.com
amiller@milbank.com
gmainland@milbank.com
jhughes2@milbank.com
johring@milbank.com

*Counsel for Ambac Assurance Corporation*

FERRAIUOLI LLC

Roberto Cámara-Fuertes
Sonia Colón
221 Ponce de León Ave., 5th Floor
San Juan, Puerto Rico 00917
rcamara@ferraiuoli.com
scolon@ferraiuoli.com

*Local Counsel for Ambac Assurance Corporation*

BUTLER SNOW LLP

Martin A. Sosland, Esq.
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Martin.sosland@butlersnow.com

James E. Bailey III, Esq.
Adam M. Langley, Esq.
6075 Poplar Ave., Suite 500
Memphis, TN 38119
jeb.bailey@butlersnow.com
adam.langley@butlersnow.com

*Counsel for Financial Guaranty Insurance Company*

REXACH & PICÓ, CSP

María E. Picó
802 Ave. Fernández Juncos
San Juan, PR 00907-4315
mpico@rexachpico.com

*Local Counsel for Financial Guaranty Insurance Company*

Date: May 21, 2021

/s/ *Laura Stafford*
Laura Stafford