# <u>EXHIBIT M</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtor.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

### RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO NOTICE OF DEPOSITION IN CONNECTION WITH DISCLOSURE STATEMENT FOR SECOND AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7030, and 9014, the Local Rules of the United States District Court for the District of Puerto Rico, the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and/or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), by and through undersigned counsel, hereby responds and objects to the *Notice of Deposition to the Financial Oversight and Management Board for Puerto Rico Pursuant to Federal Rule of Civil Procedure 30(b)(6) in Connection with Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, served by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) (the "Committee"), and dated April 23, 2021, (the "Deposition Notice," and each individual deposition topic a "Topic"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Deposition Notice (the "Responses") are made without prejudice to the Oversight Board's right to amend or supplement the Responses herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Deposition Notice as the Oversight Board understands and interprets the Deposition Notice. If the Committee subsequently asserts an interpretation of the Deposition Notice that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses. By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent it does not seek information that is relevant and proportional

to the narrow question of whether the Third Amended Disclosure Statement[2] contains adequate information, which is the only issue before the Court in connection with the upcoming Disclosure Statement Hearing.[3] The Committee has not articulated any basis on which to seek deposition testimony of the Oversight Board regarding the adequacy of the Third Amended Disclosure Statement.

2.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, because (i) they exceed the legitimate scope of discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement; or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3.      The Oversight Board objects to the Deposition Notices, and to each and every Topic, to the extent they seek information without restrictions as to date.

4.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, because it purports to impose burdens on the Oversight Board that are inconsistent with, or not otherwise authorized by, or seeks to impose obligations that exceed those imposed by the Governing Rules. In responding to this Deposition Notice, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as

---

[2] "Third Amended Disclosure Statement" refers to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741], dated May 11, 2021. Although the Requests are dated April 23, 2021, per Nicholas Bassett's May 14, 2021 letter to Brian Rosen, all references to the "Second Amended Disclosure Statement" in the Requests shall be construed as references to the Third Amended Disclosure Statement.

[3] "Disclosure Statement Hearing" refers to the hearing to consider the adequacy of the Disclosure Statement, currently set for July 13, 2021 pursuant to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated May 4, 2021 [ECF No. 16681] (the "Disclosure Statement Hearing Order").

informed by the Governing Rules. The Oversight Board will construe and respond to the Deposition Notice and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

5.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information.

6.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

7.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it requests the Oversight Board give testimony on topics that are beyond its knowledge.

8.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it seeks testimony about information that is confidential or proprietary in nature.

9.      The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it (i) implies the existence of facts or circumstances that do not or did not exist, or (ii) states or assumes legal or factual conclusions. By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Deposition Notice.

10.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, as overbroad and unduly burdensome to the extent that it purports to require the Oversight Board to provide testimony concerning "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

11.     The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is cumulative or duplicative of other discovery requests. The Oversight Board further objects to the Deposition Notice in its entirety, and to each and every Topic, to the extent that the Committee may obtain the information sought through less burdensome means.

12.     The Oversight Board objects to the definition of the term "AFT" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "AFT" to mean the American Federation of Teachers, AFL-CIO, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

13.     The Oversight Board objects to the definition of the term "A&M" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "A&M" to mean Alvarez & Marsal and its employees reasonably likely to possess information relevant to said subjects.

14.     The Oversight Board objects to the definition of the term "Citigroup" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "Citigroup" to mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

15.     The Oversight Board objects to the definition of the term "EY" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "EY" to mean Ernst & Young LLP and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

16.     The Oversight Board objects to the definition of the terms "FOMB," "You," and "Your" as overbroad because they include individuals and entities not components of the Oversight Board, and without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "FOMB" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to said subjects.

17.     The Oversight Board objects to the definition of the term "McKinsey" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "McKinsey" to

6

mean McKinsey & Company, Inc. Washington D.C. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

18.     The Oversight Board objects to the definition of the term "O&B" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "O&B" to mean O'Neill & Borges LLC and its employees, members, and known agents reasonably likely to possess information relevant to said subjects.

19.     The Oversight Board objects to the definition of the term "PJT Partners" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "PJT Partners" to mean PJT Partners, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

20.     The Oversight Board objects to the definition of the term "Proskauer" as overbroad because it includes individuals and entities without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan. In responding to this Deposition Notice, the Oversight Board will construe "Proskauer" to mean Proskauer Rose LLP and its employees, members, and known agents reasonably likely to possess information relevant to said subjects.

21.     The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching

7

and preparing its designated witnesses to testify with respect to any text messages, web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case.

22.     The Oversight Board objects to the definitions of "Concerning" and/or "relating to" to the extent they are overly broad, vague, and ambiguous.

23.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching and preparing any designated witnesses to testify with respect to any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, memoranda, records, books, financial statements, summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, minutes or records of meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, reports and/or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, contracts, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.

24.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the term FOMB. In responding to this Deposition Notice, the Oversight Board will construe "You" and "Your" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, members, and known agents reasonably likely to possess information relevant to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan.

25.     The above General Objections are incorporated into each of the following specific Responses.

## **RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS**

### **DEPOSITION TOPIC NO. 1:**

The Documents produced by the FOMB in response to the Committee's requests for production of documents.

### **RESPONSE TO DEPOSITION TOPIC NO. 1:**

The Oversight Board objects to this Topic as vague, ambiguous, and overbroad in that it purports to require the preparation of a witness knowledgeable with respect to each and every document the Oversight Board may produce to the Committee in connection with the Disclosure Statement Hearing. In addition, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 6, 8, 11, 16, and 23, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 2:**

The sufficiency of the contents of the Second Amended Disclosure Statement and the basis for the FOMB's position that it contains adequate information.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 6, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 3:**

The calculation of the CW General Unsecured Claims in Class 55 of the Second Amended Plan of the Amended Plan, including (i) the estimated number and amount of such claims and (ii) the FOMB's decisions as to which claims to include in Class 55.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

The Oversight Board objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board further objects to this Topic because it seeks information that is publicly available, that was already provided to the Committee in other contexts, or that is otherwise already in the possession of the Committee. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product

doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 8, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 4:

The estimated cost of solicitation of creditors' votes in connection with the Second Amended Disclosure Statement and Second Amended Plan.

## RESPONSE TO DEPOSITION TOPIC NO. 4:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 5:

The payments the Commonwealth has made to creditors on account of prepetition unsecured claims since its Title III petition date, including the basis for paying some but not all such claims.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.   The Oversight Board further objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 7, 9, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 6:**

The litigations and claims that will be transferred to the Avoidance Actions Trust, and the basis for the FOMB's decisions as to which litigations and claims to include in or exclude from the Avoidance Actions Trust.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee.   Further, the Oversight Board objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board further objects to this Topic because it seeks information regarding the Oversight Board's "decisions," which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 11, and 16 and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 7:**

The basis for classifying (i) Retiree Claims (Class 48A), (ii) Dairy Producer Claims (Class 50), (iii) Eminent Domain Claims (Class 51), (iv) Energy Incentive Claims (Class 52), (v) Med Center Claims (Class 53), and (vi) Gracia Gracia Claims (Class 65) separately from CW General Unsecured Claims (Class 55).

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. Further, the Oversight Board objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board further objects to this Topic because it seeks information that is publicly available, that was already provided to the Committee in other contexts, or that is otherwise already in the possession of the Committee. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's "basis," which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 8, 9, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

13

**DEPOSITION TOPIC NO. 8:**

The FOMB's negotiation of the treatment of general unsecured creditors under the Amended Plan, including the involvement of the Committee or other representatives of general unsecured creditors in such negotiations.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.    Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality.   ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 8, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 9:**

The rationale for and the terms and negotiation of the Settlements, including consideration to be received by the settling parties, the potential litigation outcomes in the absence of the Settlements, and the terms of the Second Amended Plan implementing such Settlements.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 7, 8, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 10:

The basis for releasing "clawback" claims against former GO and PBA bondholders for recovery of principal and interest payments (*see* Second Amended Disclosure Statement at 311-12), including (i) the total amount of principal and interest paid to such bondholders, and (ii) the consideration (if any) that such bondholders are providing in exchange for such release.

## RESPONSE TO DEPOSITION TOPIC NO. 10:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's "basis for releasing 'clawback' claims," which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 11:

The calculation of the Comprehensive Cap and any analysis of the maximum amount capable of being paid to unsecured creditors under the Amended Plan, including the extent to which additional bonds could be issued to unsecured creditors under the Comprehensive Cap. *See* Second Amended Plan §§ 1.123, 71.4.

## RESPONSE TO DEPOSITION TOPIC NO. 11:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek

information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's calculations, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 8, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 12:

The calculation of the Tax Supported Debt. *See* Second Amended Plan § 1.310.

## RESPONSE TO DEPOSITION TOPIC NO. 12:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic

would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's calculations, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 8, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 13:

The calculation of and justification for the Consummation Costs, the PSA Restriction Fees, the Retail Support Fee, and the $100 million termination fee set forth in sections 3.5 and 3.6 of the Second Amended Plan.

## RESPONSE TO DEPOSITION TOPIC NO. 13:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's calculations and "justifications" regarding certain terms in the Third Amended Plan, which may be protected

from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 8, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 14:**

Your estimates of the total retiree benefit claims in Classes 48A to 48E of the Second Amended Plan.

**RESPONSE TO DEPOSITION TOPIC NO. 14:**

The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's estimates, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 2, 3, 5, 7, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 15:**

The current status and estimated date of completion of the FOMB's bank account analysis (*see* Second Amended Disclosure Statement at 129-38), and (i) which bank accounts the FOMB is reviewing, (ii) whether the accounts are restricted or unrestricted, and (iii) if the accounts are unrestricted, whether the funds in such accounts will be made available for creditor recoveries and, if not, why not.

**RESPONSE TO DEPOSITION TOPIC NO. 15:**

The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's analysis, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 2, 3, 5, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 16:**

The basis for and consequences of the FOMB's decision to label certain accounts set forth in Exhibit J to the Second Amended Disclosure Statement (i) " restricted," (ii) " asserted to be restricted," (iii) " inconclusive," or (iv) " pending" designation.

**RESPONSE TO DEPOSITION TOPIC NO. 16:**

The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also

objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the "basis for and consequences of" the Oversight Board's decisions, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 2, 3, 5, 11 and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 17:**

The sources and uses of the Debtors' cash and investments rolled forward from the December 31, 2020 account balances to June 30, 2021 and adjusted for settlements reached in connection with the Second Amended Plan, and whether excess funds (if any) will be made available for creditors and, if not, why not.

**RESPONSE TO DEPOSITION TOPIC NO. 17:**

The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board also objects to this Request because it seeks information regarding account balances as of June 30, 2021; as of the date of these Responses, such information is not available. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's analysis, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine,

the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 2, 3, 4, 5, 6, 7, 9, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 18:

The value and nature of any (i) unencumbered assets of the Debtors that are currently being marketed or evaluated for sale and (ii) unrestricted Commonwealth investments not included in Exhibit J to the Second Amended Disclosure Statement, and whether any such assets or investments will be made available for creditor recoveries and, if not, why not.

## RESPONSE TO DEPOSITION TOPIC NO. 18:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 19:

The December 31, 2020 balances and/or value of the ERS assets that the Commonwealth will purchase on the effective date of the Second Amended Plan, as described on page 339 of the Second Amended Disclosure Statement, and (i) whether or not such value will be available for ERS and/or Commonwealth general unsecured creditors after payment is made to ERS bondholders, and (ii) if such value is not so available, why not.

## RESPONSE TO DEPOSITION TOPIC NO. 19:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. In addition, the Oversight Board objects to this Topic because it seeks information which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 7, 8, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer

a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 20:

The FOMB's analysis of which services constitute "essential services" and its conclusion, as described on pages 157-58 of the Second Amended Disclosure Statement, that "essential services" need not be defined for purposes of the Second Amended Plan.

## RESPONSE TO DEPOSITION TOPIC NO. 20:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's analyses regarding essential services, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 9, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 21:

The FOMB's analysis, if any, of whether the Second Amended Plan will allow the Commonwealth to obtain access to capital markets.

## RESPONSE TO DEPOSITION TOPIC NO. 21:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's analyses regarding access to the capital markets, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 6, 9, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 22:

The FOMB's assessment of whether or not the Second Amended Plan unfairly discriminates against holders of CW General Unsecured Claims, including any review or analysis the FOMB performed of the recovery rate differentials between different types of unsecured creditors (such as general unsecured creditors, retiree claimants, and bondholders) in other bankruptcy cases.

**RESPONSE TO DEPOSITION TOPIC NO. 22:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's analyses regarding whether the Third Amended Plan unfairly discriminates, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 6, 9, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 23:**

The value of the tax benefits resulting from a favorable ruling concerning the tax exempt status of the New GO Bonds to be issued under the Second Amended Plan.

**RESPONSE TO DEPOSITION TOPIC NO. 23:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare

a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. In addition, the Oversight Board objects to this Request as vague and ambiguous to the extent it seeks information describing the "value of the tax benefits" and a "favorable ruling," without defining those terms.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 6, 7, 9, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 24:**

The FOMB's estimate of general unsecured claims against ERS in Class 64 of the Second Amended Plan, including the number and amount of such claims.

**RESPONSE TO DEPOSITION TOPIC NO. 24:**

The Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board further objects to this Topic because it seeks information that is publicly available, that was already provided to the Committee in other contexts, or that is otherwise already in the possession of the Committee. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's estimates, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the

mediation  privilege,  or any other applicable  privileges,  doctrines,  or immunities  protecting  information  from disclosure.

In light  of the General  Objections  identified  in paragraphs  2, 3, 5, 11, and 16, and the  specific  objections  above, the Oversight  Board  responds  that it is not presently  willing  to proffer  a witness  from  the Oversight  Board  to testify  at a deposition  in connection  with this  contested  matter.

**DEPOSITION TOPIC NO. 25:**

The basis  for capping  the amount  in  the  ERS GUC Pool at $5 million.  *See* Amended  Plan §1.160.

**RESPONSE TO DEPOSITION TOPIC NO. 25:**

The Oversight  Board  objects  to this  Topic  because  it is unreasonably  cumulative  and  duplicative  of other  discovery  requests  served  by the Committee.  The Oversight  Board also  objects  to this  Topic  because  having  to prepare  a witness  on this  Topic  would  be unduly  burdensome  and disproportionate  to the needs  of the case.  Further, the Oversight  Board  objects  to  this Topic  because  it is unreasonably  cumulative  and duplicative  of other  discovery  requests  served  by the Committee.  In addition,  the Oversight  Board  objects  to this  Topic  because  it seeks  information  regarding  the Oversight  Board's  basis  for the ERS GUC Pool $5 million,  which may  be protected  from  disclosure  by the attorney-client  privilege,  the attorney  work-product  doctrine,  the executive  and deliberative  process  privileges,  the common  interest  privilege,  the mediation  privilege,  or any other  applicable  privileges,  doctrines,  or immunities  protecting  information  from  disclosure.

In light  of the General  Objections  identified  in paragraphs  2, 3, 5, 11, and 16, and the  specific  objections  above, the Oversight  Board  responds  that it is not presently  willing  to proffer

a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 26:

The FOMB's analysis, if any, of what Commonwealth funds or other resources will be needed to implement and/or fund a restructuring of and/or plan of adjustment for HTA, including the amount of such funds or resources and whether they have been set aside for such purpose.

## RESPONSE TO DEPOSITION TOPIC NO. 26:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's analyses, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 5, 6, 7, 9, 10, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 27:**

The FOMB's rationale for providing holders of Clawback Claims with the Clawback CVIs, including the rationale for the 30-year term of Clawback CVIs and the annual caps (as set forth in the Second Amended Plan).

**RESPONSE TO DEPOSITION TOPIC NO. 27:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's rationale, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 8, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 28:**

The FOMB's calculation of likely payments under the Clawback CVIs.

**RESPONSE TO DEPOSITION TOPIC NO. 28:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended

Disclosure Statement.   Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's calculations regarding likely payments under the Clawback CVIs, which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 8, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 29:**

The FOMB's rationale for settling the ERS Litigation pursuant to the ERS Settlement.

**RESPONSE TO DEPOSITION TOPIC NO. 29:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.   Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the

31

Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's rationale for settling the ERS Litigation, which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 11, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

**DEPOSITION TOPIC NO. 30:**

The status of the settlement and settlement negotiations summarized in the term sheet dated May 14, 2019, between the FOMB and the AFT.

**RESPONSE TO DEPOSITION TOPIC NO. 30:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. Further, the Oversight Board objects to this Request as vague and ambiguous insofar as it seeks information regarding "the status of the settlement summarized in the term sheet dated May 14, 2019, between the FOMB and the AFT." In addition, the Oversight Board objects to this Topic because it seeks information which may be protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges,

the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, and 16, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer a witness from the Oversight Board to testify at a deposition in connection with this contested matter.

## DEPOSITION TOPIC NO. 31:

The basis and rationale for not assuming or rejecting the Debtors' collective bargaining agreements, as set forth in Section 73.10 of the Second Amended Plan.

## RESPONSE TO DEPOSITION TOPIC NO. 31:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. Further, the Oversight Board objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee. The Oversight Board also objects to this Topic because having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic because it seeks information regarding the Oversight Board's "basis and rationale," which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, and 11, and the specific objections above, the Oversight Board responds that it is not presently willing to proffer

a witness from the Oversight Board to testify at a deposition in connection with this contested

matter.

*[Remainder of page intentionally left blank]*

Dated: May 21, 2021

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Brian Rosen
Margaret A. Dale
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
brosen@proskauer.com
mdale@proskauer.com

-and-

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
hermann.bauer@oneillborges.com

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served

on the following counsel of record.

PAUL HASTINGS LLP

Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
nicholasbassett@paulhastings.com

Luc A. Despins, Esq.
200 Park Ave.
New York, NY 10166
lucdespins@paulhastings.com

*Counsel for the Official Committee of
Unsecured Creditors*

CASILLAS, SANTIAGO & TORRES LLC

Juan J. Casillas Ayala, Esq.
Israel Fernández Rodríguez, Esq.
Juan C. Nieves González, Esq.
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, Puerto Rico 00919-5075
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*

Date: May 21, 2021

/s/ *Laura Stafford*
Laura Stafford