# **EXHIBIT P**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION,<br><br>Proponent<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Objectant | |

**RESPONSES AND OBJECTIONS OF THE**
**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS**
**TITLE III REPRESENTATIVE OF THE COMMONWEALTH, TO AMBAC ASSURANCE**
**CORPORATION'S FIRST SET OF INTERROGATORIES RELATING TO RULE 2004**
**DISCOVERY ON CASH**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this Title III case by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico, as Title III representative of the Commonwealth ("Oversight Board"), hereby responds and objects to *Ambac Assurance Corporation's First Set of Interrogatories to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Relating to Cash Rule 2004 Discovery*, served by Ambac Assurance Corporation ("Ambac"), dated August 4, 2020 (the "Interrogatories," and each individual interrogatory an "Interrogatory"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections to the Interrogatories (these "Responses and Objections") are without prejudice to the Oversight Board's right to amend or supplement the responses herein as necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Interrogatories, to the extent not objected to, as the Oversight Board understands and interprets the Interrogatories. If Ambac subsequently asserts an interpretation of the Interrogatories that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its objections. By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as irrelevant, overbroad, and unduly burdensome because they seek information irrelevant, unnecessary and/or disproportionate to the stated purpose of Ambac's Rule 2004

2

examination. *See Motion For Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9022) (the "Cash Motion"). Further, the Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as premature and improper because they seek information regarding the Oversight Board's positions with respect to confirmation of any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court for the benefit of all parties in interest.

2. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, because they are (i) improper for a Rule 2004 examination, (ii) not relevant to the instant Rule 2004 examination, and (iii) seek discovery that is aimed at confirmation-related issues.

3. The response to any Interrogatory does not constitute an admission by the Oversight Board that the information requested by the Interrogatory or the information contained in the Oversight Board's response is relevant to any issues pending before the Court or is admissible.

4. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, because they seek documents and information from July 1, 2014 through the present. The Oversight Board will not provide responses to Interrogatories seeking information that pre-dates January 31, 2018, or otherwise seeking information outside the timeframe relevant to the Rule 2004 examination.

5. The Oversight Board objects to the Definitions, the Instructions, and the Interrogatories, and to each and every Interrogatory, because they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations exceeding those imposed by the Governing Rules. In responding to these Interrogatories, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and

3

respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, because the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome because they request the Oversight Board respond to topics beyond the Commonwealth's knowledge provided to the Oversight Board. Ambac has also propounded the same Interrogatories to AAFAF. The Oversight Board further objects to the Interrogatories, and to each and every Interrogatory, because they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to Ambac.

8. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, because they seek information confidential or proprietary in nature, or otherwise constituting protected commercial, strategic, financial or competitively sensitive or trade secret information.

9. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, because they (i) imply the existence of facts or circumstances that do not or did not

4

exist, or (ii) state or assume legal or factual conclusions. By providing these Responses and Objections, the Oversight Board does not admit any factual or legal premise in the Interrogatories.

10. The Oversight Board objects to the Interrogatories, and to each and every Interrogatory, as overbroad and unduly burdensome because they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address reasonably.

11. The Oversight Board objects to the definition of the term "Commonwealth" as overbroad because it includes individuals and entities without regard to their connection or relevance to the subject matter of the Cash Motion. In responding to these Interrogatories, the Oversight Board will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its employees, officers, directors, known agents, instrumentalities, departments, public corporations, and other political subdivisions reasonably likely to possess information relevant to the subject matter of the Cash Motion.

12. The Oversight Board objects to the definition of the term "Government" as overbroad because it includes individuals and entities without regard to their connection or relevance to the subject matter of the Cash Motion. In responding to these Interrogatories, and because Ambac has propounded its Interrogatories to AAFAF, the Oversight Board construes "Government" to mean the Commonwealth and the Oversight Board, and their employees, officers, directors, and known agents reasonably likely to have information relevant to the subject matter of the Cash Motion.

13. The Oversight Board objects to the definition of the term "You" as overbroad because it includes individuals and entities without regard to their connection or relevance to the subject matter of the Cash Motion. In responding to these Interrogatories, the Oversight Board construes

5

"You" to mean the Oversight Board and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the subject matter of the Cash Motion.

14. The Oversight Board objects to the definition of the term "Identify" as vague, overly broad, and unduly burdensome.

15. The Oversight Board objects to the definition of the term "Independent Accounting Process" because it differs from the description set forth in the *Informative Motion Regarding the Disclosure of Cash Balances of Puerto Rico Government Entities*, No. 17 BK 3283-LTS (Dec. 20, 2017), ECF No. 2120. In addition, the Oversight Board objects to the definition of the term "Independent Accounting Process" because it implies AAFAF established such a process.

16. The Oversight Board objects to the Instructions because they impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.

17. The Oversight Board objects to the Interrogatories because they exceed the permissible limit of 25 written interrogatories when all subparts are included in the tally.

18. The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any analysis the Government has undertaken or expects to undertake to determine the "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth, and/or the operating costs or expenses of the Commonwealth associated with such services, including (without limitation) any analysis conducted pursuant to Steps 3 and 4 of the Independent Accounting Process.

**RESPONSE TO INTERROGATORY NO. 1:**

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "essential public services" and "operating costs or expenses" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of cash available

6

to repay creditors of the Commonwealth and its instrumentalities. That cash exists now and is independent of decisions regarding future essential services. Potential increases and decreases in that cash based on future operations are speculative. Discovery regarding analyses undertaken "to determine 'essential public services'" is not relevant to Ambac's requests for information regarding available cash.

The Oversight Board also objects to this Interrogatory because in seeking analyses performed by "the Government," it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor.

Further, the Oversight Board objects to this Interrogatory because it seeks discovery regarding essential services whose funding is provided for in certified fiscal plans and budgets and is not subject to review. PROMESA section 106(e) deprives the Court of subject matter jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.

In addition, the Oversight Board objects to this Interrogatory as speculative because it seeks information regarding "any analysis the Government . . . expects to undertake."

The Oversight Board further objects to this Interrogatory as improper and untimely because it seeks discovery regarding positions the Oversight Board anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.

The Oversight Board further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 10, 11, 12, 14, and 15,

7

each of which are specifically incorporated into this Response, and the specific objections above, the Oversight Board directs Ambac to the *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico* at 129–30 [ECF No. 11947] (the "Amended Disclosure Statement") for its analysis regarding essential services. The Oversight Board further directs Ambac to Exhibit J to the Amended Disclosure Statement for its current analysis of restricted and unrestricted cash, which remains subject to further ongoing review. In addition, the Oversight Board notes that the term "Independent Accounting Process" refers to an informative motion filed by AAFAF with the Title III Court in 2017 in which AAFAF (and not the Oversight Board) stated that it was considering developing an independent review process. The Oversight Board never represented that it would undertake the Independent Accounting Process contemplated by AAFAF.

**INTERROGATORY NO. 2:**

Identify any analysis the Government has undertaken or expects to undertake to determine what operating costs or expenses of the Commonwealth may be necessary to maintain in good condition the operations of the Commonwealth, including (without limitation) any analysis conducted pursuant to Steps 3 and 4 of the Independent Accounting Process.

**RESPONSE TO INTERROGATORY NO. 2:**

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "operating costs or expenses" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of cash available to repay creditors of the Commonwealth and its instrumentalities. That cash exists now and is independent of decisions regarding future operating costs or expenses. Potential increases and decreases in that cash based on future operations are speculative. Discovery regarding analyses undertaken "to determine" "necessary" "operating costs or expenses" is not relevant to Ambac's requests for information regarding available cash.

The Oversight Board also objects to this Interrogatory as overbroad, unduly burdensome, and

8

disproportionate to the needs of the matter because Ambac has not meaningfully narrowed the scope of its Rule 2004 requests, as required by the Court in its *Memorandum Order Denying Motion to Strike Certain Rule 2004 Applications* [ECF No. 10332] (the "Strike Order").

The Oversight Board also objects to this Interrogatory because in seeking analyses performed by "the Government," it seeks information regarding analyses performed by entities other than the Oversight Board, on its own behalf or in its capacity as representative of a Title III debtor.

Further, the Oversight Board objects to this Interrogatory because it seeks discovery regarding operating costs and expenses whose funding is provided for in certified fiscal plans and budgets and is not subject to review. PROMESA section 106(e) deprives the Court of subject matter jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.

In addition, the Oversight Board objects to this Interrogatory as speculative because it seeks information regarding "any analysis the Government . . . expects to undertake."

The Oversight Board further objects to this Interrogatory as improper and untimely because it seeks discovery regarding positions the Oversight Board anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.

The Oversight Board further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified above at paragraphs 1, 2, 5, 6, 7, 8, 10, 11, 12, and 14, each of which are specifically incorporated into this Response, and the specific objections above, every item in the Commonwealth's certified budgets are necessary operating expenses.

9

Further, the Oversight Board directs Ambac to the Amended Disclosure Statement, at pages 129–30, for its position regarding essential services. The Oversight Board also directs Ambac to Exhibit J to the Amended Disclosure Statement for its current analysis of restricted and unrestricted cash, which remains subject to further ongoing review. In addition, the Oversight Board notes that the term "Independent Accounting Process" refers to an informative motion filed by AAFAF with the Title III Court in 2017 in which AAFAF (and not the Oversight Board) stated that it was considering developing an independent review process. The Oversight Board never represented that it would undertake the Independent Accounting Process contemplated by AAFAF.

**INTERROGATORY NO. 3:**

Identify all facts and data supporting Your contention that the expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth associated with "essential public services," under PROMESA § 201(b)(1)(B), 48 U.S.C. § 2141(b)(1)(B), of the Commonwealth.

**RESPONSE TO INTERROGATORY NO. 3:**

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "essential public services" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of cash available to repay creditors of the Commonwealth and its instrumentalities. That cash exists now and is independent of decisions regarding future essential services. The Oversight Board objects to discovery regarding potential increases and decreases in that cash based on future operations as speculative. Discovery regarding determinations made by the Oversight Board about "essential public services" is not relevant to Ambac's requests for information regarding available cash.

The Oversight Board also objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the matter because Ambac has not meaningfully narrowed the scope of its Rule 2004 requests, as required by the Court in the Strike Order.

10

Further, the Oversight Board objects to this Interrogatory because it seeks discovery regarding provisions of certified fiscal plans and budgets for the Commonwealth and its instrumentalities. PROMESA section 106(e) deprives the Court of jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper. The Oversight Board further objects to this Interrogatory as improper and untimely because it seeks discovery regarding positions the Oversight Board anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.

The Oversight Board further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified at paragraphs 1, 2, 6, 8, 10, 11, 13, and 14, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board directs Ambac to the Amended Disclosure Statement, at pages 129–30, for its position regarding essential services. In addition, every item in the Commonwealth's certified budgets are necessary operating expenses.

**INTERROGATORY NO. 4:**

Identify all facts and data supporting Your contention that the expenditures authorized in the Board's certified fiscal plans and budgets constitute operating costs or expenses of the Commonwealth that are necessary to maintain in good condition the operations of the Commonwealth.

**RESPONSE TO INTERROGATORY NO. 4:**

The Oversight Board objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information regarding "necessary" "operating costs or expenses" that is beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion. The Cash Motion purports to seek discovery regarding the amount of cash available to repay creditors

11

of the Commonwealth and its instrumentalities. That cash exists now and is independent of decisions regarding future essential services. Potential increases and decreases in that cash based on future operations are speculative.

The Oversight Board also objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the matter because Ambac has not meaningfully narrowed the scope of its Rule 2004 requests, as required by the Court in the Strike Order.

Further, the Oversight Board objects to this Interrogatory because operating costs and expenses whose funding is provided for in certified fiscal plans and budgets and is not subject to review. PROMESA section 106(e) deprives the Court of subject matter jurisdiction to consider challenges to the Oversight Board's certification decisions, and accordingly, discovery regarding those decisions is improper.

The Oversight Board further objects to this Interrogatory as improper and untimely because it seeks discovery regarding positions the Oversight Board anticipates taking at a hearing to confirm any plan of adjustment proposed by the Oversight Board. Discovery regarding confirmation of any proposed plan of adjustment will occur on a timetable to be established by the Court.

The Oversight Board further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 6, 8, 10, 11, 13, and 14, each of which are specifically incorporated into this Response, and the specific objections above, the Oversight Board directs Ambac to the February 28, 2020 disclosure statement, at pages 129–30, for its position regarding essential services. Further, the Oversight Board directs Ambac to the Commonwealth's certified budgets and fiscal plans, including the FY2021 budget certified on June

30, 2020, and the May 27, 2020 certified fiscal plan.

**INTERROGATORY NO. 5:**

With respect to any of Ambac's requests for admission relating to Cash Rule 2004 Discovery that You do not admit in full, identify any facts and documents that You contend supports Your response to the request for admission.

**RESPONSE TO INTERROGATORY NO. 5:**

The Oversight Board objects to this Interrogatory because it seeks information with respect to *Ambac Assurance Corporation's First Set of Requests for Admission to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Relating to Cash Rule 2004 Discovery* (the "RFAs"), which were improper in the first instance. Those RFAs were improper because the Cash Motion is a motion for an examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, and there is therefore no "pending action" in which requests for admissions are allowed. The Oversight Board further objects to this Interrogatory as overbroad and unduly burdensome in that it seeks irrelevant information beyond the scope of legitimate or necessary discovery in connection with Ambac's Cash Motion.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 10, 13, 14, and 15, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board directs Ambac to its respective responses and objections to *Ambac Assurance Corporation's First Set of Requests for Admission to the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Relating to Cash Rule 2004 Discovery* (the "RFAs"). Because the Oversight Board was not required to respond to the unauthorized RFAs, the Oversight Board also declines to respond to this Interrogatory.

13

Dated: September 16, 2020

**PROSKAUER ROSE LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
Michael T. Mervis (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
mbienenstock@proskauer.com
mdale@proskauer.com
mmervis@proskauer.com
jalonzo@proskauer.com

Laura E. Stafford (*pro hac vice*)
1 International Place
Boston, MA 02130
Tel: (617) 526-9714
Fax: (617) 526-9899
lstafford@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority*

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative of the Debtor*

14

**VERIFICATION**

I am the Executive Director for the Financial Oversight and Management Board for Puerto Rico. I have read the foregoing *Responses and Objection of the Financial Oversight and Management Board for Puerto Rico to Ambac Assurance Corporation's First Set of Interrogatories relating to Cash Rule 2004 Discovery* and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on September 16, 2020.  _____

Natalie Jaresko

# CERTIFICATE OF SERVICE

I hereby certify that, on September 17, 2020, I caused copies of the foregoing documents to be served on the following counsel of record:

**REXACH & PICÓ, CSP**

María E. Picó
USDC-PR 123214
802 Ave. Fernández Juncos
San Juan PR 00907-4315
Telephone: (787) 723-8520
Facsimile: (787) 724-7844
E-mail: mpico@rexachpico.com

*Attorneys for Financial Guaranty Insurance Company*

**JONES DAY**

Bruce Bennett (*pro hac vice*)
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
51 Louisiana Ave. N.W. Washington, DC 20001
Tel. (202) 879-3435
Fax: (202) 626-1700

**BUTLER SNOW LLP**

Martin A. Sosland (*pro hac vice*)
5430 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (469) 680-5502
Facsimile: (469) 680-5501
E-mail: martin.sosland@butlersnow.com
Jason W. Callen (*pro hac vice*)
150 3rd Avenue, South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

**DELGADO & FERNANDEZ, LLC**
Alfredo Fernández-Martínez
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750 Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree*

16

gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

Sarah Podmaniczky McGonigle (*pro hac vice*)
David R. Fox (*pro hac vice*)
100 High Street, 21st Floor
Boston, MA 02110
Tel. (617) 449-6943
Fax: (617) 449-6999
smcgonigle@jonesday.com
drfox@jonesday.com

*Counsel for Altair Global Credit Opportunities Fund (A), LLC, Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit, L.P.*

*Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund Holdings, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Redwood Master Fund, Ltd, and SV Credit, L.P.*

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

Eric Pérez-Ochoa
USDC-PR No. 206,314
Email: epo@amgprlaw.com
Luis A. Oliver-Fraticelli
USDC-PR No. 209,204
Email: loliver@amgprlaw.com
208 Ponce de León Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

**WEIL, GOTSHAL & MANGES LLP**

Jonathan D. Polkes*
Gregory Silbert*
Robert S. Berezin*
Kelly DiBlasi*
Gabriel A. Morgan*
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: jonathan.polkes@weil.com
gregory.silbert@weil.com

17

*Attorneys for National Public Finance Guarantee Corp.*

**CASELLAS ALCOVER & BURGOS P.S.C.**

Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, PR 00936-4924
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
rcasellas@cabprlaw.com
dperez@cabprlaw.com

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**PAUL HASTINGS LLP**

Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

robert.berezin@weil.com
kelly.diblasi@weil.com
gabriel.morgan@weil.com
\* admitted *pro hac vice*

*Attorneys for National Public Finance Guarantee Corp.*

**CADWALADER, WICKERSHAM & TAFT LLP**

Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
William J. Natbony*
Ellen M. Halstead*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Email: howard.hawkins@cwt.com
mark.ellenberg@cwt.com
bill.natbony@cwt.com
ellen.halstead@cwt.com
thomas.curtin@cwt.com
casey.servais@cwt.com
\* Admitted *pro hac vice*

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

18

        *Local Counsel to the Official Committee of Unsecured Creditors*

John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
**LAW OFFICES JOHN E. MUDD**
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

*Counsel for Corporación de Servicios Integrales de Salud del Area de Barranquitas, Comerío, Corozal, Naranjito y Orocovis (Corporación de Servicios Intergrales)*

        */s/ Laura E. Stafford*
        Laura E. Stafford

19