UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING THE TWO HUNDRED SIXTY-NINTH OMNIBUS
OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO
AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF
THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTING DUPLICATE LIABILITIES

Upon the *Two Hundred Sixty-Ninth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Asserting Duplicate Liabilities* (Docket Entry No. 14916, the "Two Hundred Sixty-Ninth Omnibus Objection"),[2] filed by the Commonwealth of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Two Hundred Sixty-Ninth Omnibus Objection.

Puerto Rico ("Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), dated October 23, 2020, for entry of an order disallowing in their entirety certain claims filed against the Commonwealth or ERS, as more fully set forth in the Two Hundred Sixty-Ninth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Two Hundred Sixty-Ninth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Two Hundred Sixty-Ninth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Claims to be Disallowed" in Exhibit A to the Two Hundred Sixty-Ninth Omnibus Objection (collectively, the "Claims to Be Disallowed") being duplicative of the claims identified in the column titled "Remaining Claims" in Exhibit A (collectively, the "Remaining Claims"); and the Court having determined that the relief sought in the Two Hundred Sixty-Ninth Omnibus Objection is in the best interests of the Commonwealth, ERS, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Two Hundred Sixty-Ninth Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Two Hundred Sixty-Ninth Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

        ORDERED that the Two Hundred Sixty-Ninth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the Claims to Be Disallowed as expunged in the official claims registry in the Title III Cases; and it is further

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that this Order resolves Docket Entry No. 14916 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: June 1, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge