UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. 16788 |

TWENTY-SECOND OMNIBUS ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the *Debtors' Twenty-Second Omnibus Motion for Approval of Modifications to the Automatic Stay* (Docket Entry No. 16788 in Case No. 17-3283, the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Title III Stay is modified as set forth in the attached Exhibit 1 for matters subject to prior stipulations among or between the applicable Debtor and counterparty(ies), *nunc pro tunc* to the dates specified therein.

3. All rights, defenses, and protections of each of the Debtors with respect to any matters pending or that may arise in their respective Title III Cases, including the treatment of any claim arising from the matters set forth on Exhibit 1 hereof under a plan of adjustment or otherwise in the Title III Case are hereby reserved. Nothing in this Order or the Debtors' consent to stay modification as set forth in the Motion shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Debtors' rights to dispute, contest, setoff, or recoup any claim, including any claims asserted in the subject actions, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

4. Notwithstanding any applicability of any Federal Rule of Bankruptcy

Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

        5.      The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this Order and (b) concerning the execution or enforcement in the Title III cases of any judgment entered in a prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

        6.      This Order resolves Docket Entry No. 16788 in Case No. 17-3283.

Dated: June 1, 2021

                                          /s/ Laura Taylor Swain
                                          HONORABLE LAURA TAYLOR SWAIN
                                          UNITED STATES DISTRICT JUDGE