# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO * * * | |
| As representative of * | PROMESA TITLE III |
| * | |
| THE COMMONWEALTH OF PUERTO RICO * * | No. 17 BK 3283-LTS (Jointly Administered) |
| Debtors * | |
| * * | This filing relates to the Commonwealth |

## MOTION REQUESTING LEAVE TO WITHDRAW LEGAL REPRESENTATION AND OBJECTION TO FILING NO. 16638

TO THE HONORABLE COURT:

COME NOW Jeanetta Pirtle and Humberto Medina-Torres ("Claimants"), by the undersigned attorneys, and respectfully set forth and pray, as follows:

1. On May 29, 2018, the Law Offices Benjamin Acosta, Jr., through the undersigned attorney, filed a Proof of Claim on behalf of Claimants, regarding case number 17 BK 03283-LTS, the Commonwealth of Puerto Rico as Debtor (Claim Number 27635).

2. On May 4, 2021, the undersigned received a copy of the document titled *Three Hundred Fourteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System for the Government of the Commonwealth of Puerto Rico to Claims for Which the Debtors Are Not Liable* (hereinafter referred to as "Three Hundred Fourteenth Omnibus Objection") filed on April 30, 2021. (Docket 16638).

3. In the Schedule of Claims Subject to the Three Hundred Fourteenth Omnibus Objection attached as Exhibit A to the Three Hundred Fourteenth Omnibus Objection, the

Commonwealth of Puerto Rico requests the disallowance of the claims asserted by Claimants, stating as a reason that "the Proof of Claim asserts liability on the basis of a complaint filed against a municipality for personal injuries allegedly suffered on land owned by the municipality, but the Commonwealth of Puerto Rico has no jurisdiction in the area in question. In addition, the litigation has been dismissed with prejudice."

4. The reason stated by the Debtor Commonwealth of Puerto Rico is incorrect because pursuant to a certification produced by the defendant Municipality of Isabela, which is hereby attached as **Exhibits 1 and 2** (English Translation), it represented that the access to the beach where the claimant Jeanetta Pirtle fell is not owned nor is it under the care, custody, or control of the Municipality of Isabela. Moreover, the Municipality of Isabela represented that the access to the beach belongs to the Commonwealth of Puerto Rico, specifically to the Department of Natural and Environmental Resources. See **Exhibit 3** (Interrogatories, question #22) and **Exhibit 4** (Answers to Interrogatories, answer #22).

5. Pursuant to these two representations by the Municipality of Isabela, on July 2, 2020, Claimants filed a Motion for Voluntary Dismissal in the underlying case before the United States District Court for the District of Puerto Rico, Civil No. 18-1200 (JAG-BJM) and Judgment was issued dismissing the case against the Municipality of Isabela. See **Exhibits 5 and 6**.

6. Therefore, for the reasons stated above and the supporting evidence attached herein, the claims filed by Claimants before this Honorable Court are valid and should not be disallowed, as Debtor Commonwealth of Puerto Rico is and/or may be liable for the damages suffered by them.

7. After the Judgment dismissing their case was issued in Civil No. 18-1200 (JAG-BJM), the undersigned attorneys advised Claimants that they would be taking no further action on their behalf to assert or otherwise prosecute their claims against in that case nor against the Commonwealth of Puerto Rico herein.

8. Local Rule 83D states that no attorney may withdraw an appearance in any action except by leave of the Court.

9. In addition, Rule 1.16 of the Model Rules of Professional Conduct states that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client and if good cause exists for withdrawal.

10. There is good cause for the withdrawal of legal representation, there is no adverse effect on the interest of the client, and the clients have been informed of this motion and of all pending matters and due dates related to their claim.

11. The undersigned attorneys request that claimants Jeanetta Pirtle and Humberto Medina-Torres be granted thirty (30) days to be able to search, retain and announce new legal representation.

12. We hereby provide Claimants Jeanetta Pirtle and Humberto Medina-Torres' contact information for the purpose of directly notifying them of any future communications:

Jeanetta Pirtle –
Mailing Address: 1323 West Barker Ave., Peoria Illinois 61606
E-mail Address: tikiya3@hotmail.com, nettaj1023@gmail.com

Humberto Medina-Torres –
Mailing Address: 716 Arenz St, Beardstown, Illinois 62618
E-mail Address: humbertomedina533@gmail.com, heribertomedina533@gmail.com

**WHEREFORE**, it is respectfully requested that leave be granted to the undersigned to withdraw their legal representation and 30 additional days be granted Claimants to retain new legal representation and that the Three Hundred Fourteenth Omnibus Objection be denied in relation to the appearing Claimants as they have valid claims against the Commonwealth of Puerto Rico.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record, Jeanetta Pirtle (tikiya3@hotmail.com, nettaj1023@gmail.com) and Humberto Medina-Torres (humbertomedina533@gmail.com, heribertomedina533@gmail.com).

In San Juan, Puerto Rico, this 2nd day of June 2021.

s/ David Fernandez Esteves
DAVID FERNÁNDEZ-ESTEVES
Bar No. 218404

LAW OFFICES BENJAMIN ACOSTA, JR.
P.O. Box 9023518
San Juan, P.R. 00902-3518
Tel 787-722-2363
Fax 787-724-5970
davidfernandez@lobajr.com