**Appendix A**

**Summary of Ambac/FGIC Document Requests and Oversight Board Responses**

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
| 1 | All Documents, Communications, and other information or materials requested by: (i) the Official Committee of Unsecured Creditors in the Official Committee of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico and Its Advisors in Connection with Disclosure Statement for Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated April 23, 2021 (attached hereto as Exhibit A); or (ii) any other party or third party in connection with the proceedings relating to the May 2021 Disclosure Statement.[1] | The Oversight Board agreed to provide documents responsive to this request. |
| 2 | All Documents and Communications sufficient to allow Creditors to review and reconcile sources and uses of existing cash balances with the inflows and outflows included in the Fiscal Plan, including (without limitation) a three-statement financial model or the equivalent thereof. | The requested materials relate solely to Plan confirmability, and are therefore irrelevant to the adequacy of the Disclosure Statement. |
| 3 | The Fiscal Plan Model. | The Commonwealth Fiscal Plan is not on trial and its certification cannot be reviewed pursuant to PROMESA § 106(e). PROMESA § 314(b)(7) requires that the plan of adjustment be consistent with the fiscal plan which is largely, if not entirely, a function of whether the plan of adjustment provides for more or less debt than the fiscal plan's debt sustainability analysis provides is appropriate, |

---

[1] Unless otherwise noted, capitalized terms are defined as set forth in Ambac/FGIC's Requests for Production. *See Urgent Motion of Ambac Assurance Corporation and Financial Guaranty Insurance Corporation to Compel Discovery from the Government Parties in connection with the Disclosure Statement* [ECF No. 16812], Ex. B.

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
| | | or otherwise requires actions or fails to require actions inconsistently with the fiscal plan. In any event, the Commonwealth Fiscal Plan is public. |
| 4 | All Documents, Communications, studies, and analyses, including any scientific, technical, or economic analyses, considered or relied upon in preparing the macroeconomic forecast model(s) and/or the baseline economic outlook model(s) within the Fiscal Plan, *see* Fiscal Plan at 28 n.14, and/or the Historical Fiscal Plans, including materials considered or relied upon in determining whether and how to revise, adjust, modify, or otherwise alter those models in response to the events described in Chapters 3 and 4 of the Fiscal Plan. | The requested materials are irrelevant to the adequacy of the disclosure statement and cannot be challenged under PROMESA § 106(e). Congress wrote in PROMESA § 314(b)(7) that the plan of adjustment must be consistent with certified fiscal plans, and insulated certified fiscal plans from review. Congress did not provide that a plan of adjustment must be consistent with creditors' attacks on the fiscal plans. |
| 5 | All Documents, Communications, studies, and analyses, including any scientific, technical, or economic analyses, considered or relied upon in preparing analyses contained in Chapter 6 of the Fiscal Plan. | Same as Response #4. |
| 6 | All Documents and Communications analyzing whether the Third Amended Plan of Adjustment is in the best interests of creditors, including whether available remedies under non-bankruptcy laws and the Commonwealth Constitution would result in a greater recovery for creditors than is provided by the Third Amended Plan of Adjustment. | The Oversight Board already has provided factual source materials and raw data responsive to this request, and has agreed to continue to provide factual source materials and raw data as they become available, which will include lists of all legal assumptions and calculations of outcomes based on different scenarios and different legal outcomes in the forthcoming best interest test analyses. Furthermore, the best interest analyses to be added to the May 2021 Disclosure Statement show the base assumption under which outside Title III all expenses in the certified budget are paid before money is paid to satisfy GO debt. Other scenarios show the outcomes if less than all expenses are paid before paying GO debt. |

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
| 7 | All Documents and Communications considered or relied upon in preparing the "Best Interests Test Reports" attached as Exhibit L to the February 2020 Disclosure Statement or any forthcoming similar report for the May 2021 Disclosure Statement. | The Oversight Board already has provided factual source materials and raw data responsive to this request, and has agreed to continue to provide factual source materials and raw data as they become available. |
| 8 | Between February 9, 2020 and February 22, 2021, all Documents and Communications reflecting negotiations between or among any parties to the February 2021 Plan Support Agreement, and all drafts of the February 2021 Plan Support Agreement. | The requested materials are irrelevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Confirmation of the May 2021 Plan is based on its terms, not on the negotiations that led to it in the mediation process. Further, the requested materials are overwhelmingly privileged because it seeks information exchanged in the course of mediation led by the Title III mediation team. Such information is protected by the Court's orders regarding mediation confidentiality. Case No. 17-3283 [ECF Nos. 430, 8686]. |
| 9 | Between February 9, 2020 and the present, all Documents and Communications between or among any parties to the February 2021 Plan Support Agreement reflecting negotiations of the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, or the Third Amended Plan of Adjustment, and all drafts of the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment. | Same as Response to # 8. |
| 10 | Between February 9, 2020 and the present, all Documents and Communications reflecting negotiations between or among any parties to the HTA/CCDA Plan Support Agreement, and all drafts of the HTA/CCDA Plan Support Agreement. | Same as Response to # 8. |
| 11 | All Documents, Communications, studies, and analyses prepared, considered, or relied upon in connection with the | The Oversight Board already has provided factual source materials and raw data underlying the May 2021 |

3

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
|  | development of the September 2019 Disclosure Statement, the Plan of Adjustment, the February 2020 Disclosure Statement, the Amended Plan of Adjustment, the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment, including factual source materials and raw data underlying the September 2019 Disclosure Statement, the Plan of Adjustment, the February 2020 Disclosure Statement, the Amended Plan of Adjustment, the March 2021 Disclosure Statement, the Second Amended Plan of Adjustment, the May 2021 Disclosure Statement, and the Third Amended Plan of Adjustment. | Disclosure Statement that are responsive to this request. Documents relating to the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740] (the "May 2021 Plan") are overwhelmingly privileged.<br><br>Documents relating to prior disclosure statements are irrelevant because the Oversight Board is not seeking approval of prior disclosure statement, and documents relating to prior plans of adjustment are both irrelevant and overwhelmingly privileged. |
| 12 | All Documents and Communications concerning the Pension Reserve Trust, including its establishment, funding, management, terms for the deposit and withdrawal of monies, projected investment guidelines and investment returns, and its Non-Impairment Covenant. | The requested materials are irrelevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Ambac/FGIC are not pensioners and do not represent pensioners, and therefore, information regarding the Pension Reserve Trust has no bearing on their evaluation of the adequacy of the May 2021 Disclosure Statement. In any event, the folders labeled "Pension Liabilities" and "Section 211 Report" in the Disclosure Statement Depository and the SFTP contains numerous documents relating to the Commonwealth's pension liabilities, including Milliman's actuarial analyses and factual source materials under the Section 211 Report. |
| 13 | All Documents and Communications concerning proposed contributions to the Pension Reserve Trust, including Base Contributions, actual primary surplus contributions, projected Fiscal Plan primary surplus contributions, and any discretionary | The requested materials are irrelevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Ambac/FGIC are not pensioners and do not represent pensioners, and therefore, information regarding |

4

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
| | contributions by the Commonwealth permitted under the Plan of Adjustment, the Amended Plan of Adjustment, the Second Amended Plan of Adjustment, and/or the Third Amended Plan of Adjustment. | the Pension Reserve Trust has no bearing on their evaluation of the adequacy of the May 2021 Disclosure Statement.<br><br>At most, Ambac/FGIC may attack the amount of allowed pension claims as part of confirmation. |
| 14 | All Documents and Communications concerning the Pension Reserve Fund described in the Retiree Committee Plan Support Agreement, including its establishment, funding, management, terms for the deposit and withdrawal of monies, and projected investment guidelines and investment returns. | The requested materials are irrelevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Ambac/FGIC are not pensioners and do not represent pensioners, and therefore, information regarding the Pension Reserve Trust has no bearing on their evaluation of the adequacy of the May 2021 Disclosure Statement.<br><br>Further, the only issue relevant to Ambac/FGIC as to which these documents could possibly relate is the Commonwealth's ability to meet its future financial obligations pursuant to the May 2021 Plan, but issues relating to the feasibility of the May 2021 Plan are not relevant to the disclosure statement hearing and should be resolved in connection with confirmation of the May 2021 Plan. |
| 15 | All Agreements concerning management of the Pension Reserve Trust and/or the Pension Reserve Fund, including Agreements between or among pension plans, plan participants, or their managers, trustees, or fiduciaries. | The requested materials are irrelevant to Ambac/FGIC's evaluation of the adequacy of the May 2021 Disclosure Statement. Ambac/FGIC are not pensioners and do not represent pensioners, and therefore, information regarding the Pension Reserve Trust has no bearing on their evaluation of the adequacy of the May 2021 Disclosure Statement. |

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
| | | Further, the only issue relevant to Ambac/FGIC as to which these documents could possibly relate is the Commonwealth's ability to meet its future financial obligations pursuant to the May 2021 Plan, but issues relating to the feasibility of the May 2021 Plan are not relevant to the disclosure statement hearing and should be resolved in connection with confirmation of the May 2021 Plan. |
| 16 | All Documents and Communications regarding Assets held by the Commonwealth and/or the Commonwealth Entities that are in disuse, including Documents and Communications concerning: (i) previous, ongoing, contemplated, or completed efforts to sell any such Assets; (ii) the value of any such Assets; and (iii) the use or intended use of any proceeds derived from the sale of any such Assets. | Unlike corporate reorganizations, liquidation is not an option for municipalities. Creditors having claims against New York City are not allowed to levy on Central Park and sell it. Similarly, Puerto Rico's beaches and other assets are not for sale. Creditors are paid from Puerto Rico's accumulated cash and future revenues. The requested materials are irrelevant. In any event, Ambac/FGIC already have access to substantial information regarding the assets of the Commonwealth and certain of its public corporations via the documents produced to Ambac/FGIC in connection with Ambac's *Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [ECF No. 9022] (the "Assets 2004 Motion"), which documents have also been made available to Ambac/FGIC via the electronic document depository (the "Disclosure Statement Depository") and secure file transfer network access point (the "SFTP") established in connection with the May 2021 Disclosure Statement. Any additional information is too attenuated to be relevant to Ambac's evaluation of the adequacy of the May 2021 Disclosure Statement. If some assets are sold their proceeds can be used to buy replacement assets. |

6

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
| 17 | All Documents and Communications concerning the Commonwealth's and/or the Commonwealth Entities' illiquid investments, including (without limitation) Documents and Communications sufficient to identify any such illiquid investments and any Restrictions on the use of such illiquid investments. | See Response to # 16. The requested materials are irrelevant. Ambac/FGIC already have access to substantial information regarding the assets of the Commonwealth and certain of its public corporations via the documents produced to Ambac/FGIC in connection with the Assets 2004 Motion, which documents have also been made available to Ambac/FGIC via the Disclosure Statement Depository and SFTP. Any additional information is too attenuated to be relevant to Ambac's evaluation of the adequacy of the May 2021 Disclosure Statement. |
| 18 | All Documents and Communications related to the assessment of the Commonwealth's necessary operating expenses or costs of providing essential public services, including any analyses of whether unrestricted cash exceeds necessary operating expenses and/or the costs of providing essential public services. | The request is another effort to litigate the certified Fiscal Plans, which cannot be reviewed. Additionally, the requested materials are irrelevant to the adequacy of the May 2021 Disclosure Statement. |
| 19 | All Documents and Communications regarding "potentially inaccessible" monies, as described in the December 2020 Presentation, including (without limitation) documents concerning: (i) why the Board, AAFAF, and/or their advisors contend that monies held by public corporations are "potentially inaccessible[;]" (ii) any legislation considered, proposed, or enacted for the purpose of enabling the Commonwealth to access monies held by public corporations; and (iii) why Commonwealth monies appropriated or transferred to public corporations have not been clawed back by, or otherwise transferred back to, the Commonwealth. | There are no responsive non-privileged, non-duplicative materials beyond those that have been provided in connection with Ambac's *Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [ECF No. 9023] (the "Cash 2004 Motion"), all of which have been made available to all creditors via the Disclosure Statement Depository and SFTP. |
| 20 | All Documents and Communications regarding any transfer of surplus funds from a Commonwealth Entity to the Commonwealth pursuant to Chapter 4 of Act 26-2017, and Documents and Communications relating or responding to any | The Oversight Board has agreed to make the requested materials available on the Disclosure Statement Depository, to the extent it has any non-privileged, non-duplicative documents that are identified. |

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
|  | requests by the Act 26-2017 Committee for transfers pursuant to Chapter 4 of Act 26-2017, whether or not such transfers were effected. |  |
| 21 | All Documents and Communications regarding "potentially unavailable" monies, as described in the December 2020 Presentation, including (without limitation) documents concerning: (i) why the Board, AAFAF, and/or their advisors contend that, as of December 17, 2020, $540 million in Commonwealth monies and $151 million in monies held by public corporations are "potentially unavailable[;]" and (ii) the operational or other cash needs of Commonwealth Entities holding "potentially unavailable" monies. | There are no responsive, non-privileged, non-duplicative materials beyond those that have been provided in connection with Ambac's Cash 2004 Motion, all of which have been made available to all creditors via the Disclosure Statement Depository and SFTP. |
| 22 | All Documents and Communications regarding any analysis prepared, considered, or relied upon in connection with the Board's determination that the Commonwealth should maintain an unrestricted liquidity balance of no less than $2.5 billion, including (without limitation) all Documents and Communications regarding any previous, ongoing, completed, or contemplated efforts to obtain external financing: (i) for the Disaster Aid Revolving Fund, including any analysis comparing the costs associated with funding the Disaster Aid Revolving Fund using external financing and Commonwealth monies; and (ii) to satisfy the LUMA Funding Requirement, including any analysis regarding the costs associated with satisfying the LUMA Funding Requirement using external financing. | The Oversight Board already has provided factual source materials and raw data utilized by the Oversight Board and its advisors to determine the Commonwealth's minimum unrestricted liquidity balance. Ambac/FGIC have not explained what additional documents and information they believe they need, beyond the materials already provided.<br><br>The requested materials relating to external financing are irrelevant, and overwhelmingly privileged in any event. |
| 23 | All Documents and Communications regarding any analysis prepared, considered, or relied upon in connection with the Board's determination that the Commonwealth should maintain an emergency reserve in the amount of $1.3 billion. | The Oversight Board already has provided factual source materials and raw data utilized by the Oversight Board and its advisors to determine the Commonwealth's minimum unrestricted liquidity balance. Ambac/FGIC have not |

| # | Ambac/FGIC Request | Oversight Board Response |
|---|---|---|
| | | explained what additional documents and information they believe they need, beyond the materials already provided. |
| 24 | All Documents and Communications sufficient to show the factual and/or legal characteristics of each class of creditors in the Third Amended Plan of Adjustment, including, but not limited, to any Documents or Communications the Board considered or relied upon in evaluating the factual and/or legal grounds for the classification of each class of creditors in the Third Amended Plan of Adjustment. | There are no responsive non-privileged, non-duplicative materials beyond those that have been provided have been made available to all creditors via Disclosure Statement Depository and SFTP. Documents regarding why the Oversight Board proposed one classification as opposed to others are not relevant to the adequacy of the Disclosure Statement. Bankruptcy Code section 1125(a) expressly provides adequate information does not include information about any other possible plan. |