**Appendix A**

**Summary of Committee Document Requests and Oversight Board Responses**

| # | Request | General Topic of Request | Oversight Board Response |
|---|---|---|---|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| 1. | All Documents concerning any estimate, by the FOMB or any other party, of the CW General Unsecured Claims in Class 55 of the Second Amended Plan, including all documents concerning the number and amount of such claims, the estimate in the Initial Disclosure Statement of approximately $5.5 billion in general unsecured claims, all spreadsheets, charts, and analyses created by FOMB advisors, including PJT Partners, relating to such estimate, and all drafts of and supporting data and sources for such spreadsheets, charts, and analyses. | Number, amount, and expected rate of recovery for Commonwealth general unsecured claims (*see* Objection § II.A.i) | Documents already have been provided. The Oversight Board will produce additional responsive, non-privileged materials (*see* May 26, 2021 Letter).[1] |
| 2. | Documents sufficient to show the number and amount of CW General Unsecured Claims in Class 55 that are (i) claims held by suppliers of goods and services, (ii) unliquidated litigation claims, (iii) claims resulting from judgments and settlements, (iv) claims eligible to be resolved through the proposed ACR Procedures, (v) tax refund claims, (vi) eminent domain claims, (vii) grievance claims, (viii) retiree benefit claims, (ix) claims owed to public employees for salary and | Number, amount, and expected rate of recovery for Commonwealth general unsecured claims (*see* Objection § II.A.i) | Documents already have been provided. The Oversight Board will produce additional responsive, non-privileged materials (*see* May 26, 2021 Letter). |

---

[1] A copy of the May 26, 2021 letter is attached as Exhibit 1 to the *Objection of the Financial Oversight and Management Board for Puerto Rico to Urgent Motion of the Official Committee of Unsecured Creditors to Compel Discovery in Connection with the Third Amended Disclosure Statement* (the "Objection").

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| | *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | |
| | benefits, and (x) claims held by governmental units or instrumentalities, including Documents sufficient to show which governmental units or instrumentalities hold such claims. | | |
| 3. | All Documents concerning the FOMB's decisions as to which types of unsecured claims, including those types of claims set forth in Request No. 2, to include in or exclude from Class 55. | Classification of Commonwealth and ERS unsecured claims and information concerning other classes (*see* Objection § II.A.ii) | Documents regarding why the Oversight Board proposed one classification as opposed to others are not relevant to the adequacy of the Disclosure Statement. Bankruptcy Code section 1125(a) expressly provides adequate information does not include information about any other possible plan. |
| 4. | Documents sufficient to show the estimated cost of solicitation of creditors' votes in connection with the Second Amended Disclosure Statement and Second Amended Plan. | Cost of solicitation (*see* Objection § II.C) | Cost of solicitation is not voted on. Therefore, documents regarding the Oversight Board's decisions are not relevant to the adequacy of the Disclosure Statement. |
| 5. | Documents sufficient to show all payments made by the Commonwealth since its Title III petition date (*i.e.,* May 3, 2017) to creditors on account of prepetition unsecured claims, to the extent that any such payment or payments to a particular creditor exceeds $1 million3? (whether a single payment or the aggregate amount of a series of payments to a particular creditor), including (i) the identity of the recipient of each such payment, (ii) the amount of each such payment and the aggregate amount of all such | Commonwealth's payments of certain prepetition unsecured claims (*see* Objection § II.C) | Congress did not make Bankruptcy Code section 363 governing the use, sale, and lease of a debtor's property applicable to Title III. Therefore, documents regarding the Government's pre-plan use are not relevant to the adequacy of the Disclosure Statement. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | payments, and (iii) the nature of the services or goods provided or other basis for each such payment. | | |
| 6. | All Documents concerning the basis for the Commonwealth paying certain prepetition unsecured claims but not other prepetition unsecured claims following the Commonwealth's Title III petition date (*i.e.,* May 3, 2017), including Documents relating to (i) whether or not the FOMB approved of such payments and (ii) the policy considerations underlying the decisions to make such payments. | Commonwealth's payments of certain prepetition unsecured claims (*see* Objection § II.C) | Congress did not make Bankruptcy Code section 363 governing the use, sale, and lease of a debtor's property applicable to Title III.  Therefore, documents regarding the Government's pre-plan use are not relevant to the adequacy of the Disclosure Statement. |
| 7. | Documents sufficient to show the specific litigations and claims that will be transferred to the Avoidance Actions Trust, and all Documents concerning the basis for the FOMB's decisions as to which litigations and claims to include in or exclude from the Avoidance Actions Trust, including (i) the "garden variety" avoidance actions that the FOMB and Committee have commenced against third parties, including those actions listed in Appendix I to the *Order Granting Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee, and the Official Committee of Unsecured Creditors to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for Approval of Settlements* [Docket No. 7941], (ii) the litigation against certain underwriters pending in Adv. Pro. No. 19-280, and (iii) the affirmative recovery | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The May 2021 Plan already provides information responsive to this Request (*see* May 26, 2021 Letter).  The Oversight Board will facilitate a discussion with counsel for the Special Claims Committee, who prepared the lists of litigations and claims to be included in the Avoidance Actions Trust, to answer any remaining questions the Committee may have (*see id.*). |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | actions to be identified on Exhibit B to the Second Amended Plan. | | |
| 8. | All Documents concerning the basis for classifying (i) Retiree Claims (Class 48A), (ii) Dairy Producer Claims (Class 50), (iii) Eminent Domain Claims (Class 51), (iv) Energy Incentive Claims (Class 52), (v) Med Center Claims (Class 53), and (vi) Gracia Gracia Claims (Class 65) separately from CW General Unsecured Claims (Class 55). | Classification of Commonwealth and ERS unsecured claims and information concerning other classes (*see* Objection § II.A.iii) | The Oversight Board has already produced documents providing the Committee with information regarding its bases for separately classifying these claims (*see* May 26, 2021 Letter).  It has also agreed to answer any remaining questions the Committee may have regarding these classifications after review of the documents produced. Further, documents regarding why the Oversight Board classified certain claims are not relevant to the adequacy of the Disclosure Statement. Bankruptcy Code section 1125(a) expressly provides adequate information does not include information about any other possible plan. |
| 9. | All Documents, if any, showing the Committee's involvement in the negotiation of the Settlements reached with the Initial PSA Creditors, including Documents regarding the FOMB's decision as to whether or not to involve the Committee in such negotiations, including in light of the Cooperation Agreement. | Committee's involvement in negotiations surrounding the development of the May 2021 Plan (*see* Objection § II.C) | The Committee's involvement in the negotiation of the settlement with GO/PBA bondholders is not relevant to the adequacy of the Disclosure Statement.  Confirmation of the Third Amended Proposed Plan of Adjustment is based on its terms, not on the parties who the mediators involved in the |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|-------------------------|-------------------------|
| | **First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)** | | |
| | | | negotiations that led to it in the mediation process. Further, the requested materials are overwhelmingly privileged to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team. Such information is protected by the Court's orders regarding mediation confidentiality.  ECF Nos. 430, 8686. |
| 10. | All Documents, if any, showing the Committee's involvement in the negotiation of the treatment of general unsecured creditors under the Second Amended Plan (including (i) Retiree Claims (Class 48A), (ii) Dairy Producer Claims (Class 50), (iii) Eminent Domain Claims (Class 51), (iv) Energy Incentive Claims (Class 52), (v) Med Center Claims (Class 53), (vi) CW General Unsecured Claims (Class 55), (vii) Gracia Gracia Claims (Class 65), and (viii) Convenience Claims (Class 66)), including Documents regarding the FOMB's decision as to whether or not to involve the Committee in such negotiations. | Committee's involvement in negotiations surrounding the development of the May 2021 Plan (*see* Objection § II.C) | The Committee's involvement in the negotiation of the treatment of the classes referenced in these Requests is not relevant to the adequacy of the Disclosure Statement.  Confirmation of the Third Amended Proposed Plan of Adjustment is based on its terms, not on the parties who the mediators involved in the negotiations that led to it in the mediation process.  In any event, the Committee has chosen not to move to compel with respect to this Request at this time (*see* Mot. ¶ 36 n.15). Further, the requested materials are overwhelmingly privileged to the extent this Request seeks information |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | | | exchanged in the course of mediations led by the Title III mediation team. Such information is protected by the Court's orders regarding mediation confidentiality.  ECF Nos. 430, 8686. |
| 11. | All Documents concerning the consideration to be received by the Initial PSA Creditors under the Settlements, including the extent to which (i) such Settlements allegedly reduce the Commonwealth's existing liabilities and (ii) different bonds (by year of issuance) receive different treatment under such Settlements. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | Under the May 2021 Plan, Initial PSA Creditors will receive a Restriction Fee and Consummation Costs.  The May 2021 Disclosure Statement already includes information regarding the Restriction Fee, and the Oversight Board has agreed to provide additional information that will allow the Committee to calculate Consummation Costs (*see* May 26, 2021 Letter). |
| 12. | All Documents concerning the rationale for the Settlements, including the basis for the different treatment of CW Bond Claims and PBA Bond Claims based on different vintages, *i.e.*, the date of issuance. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 13. | All Documents concerning the decision to include original issue discount in the GO and PBA bondholders' claim amounts and the extent to which doing so affects such bondholders' recovery rates. *See* Second Amended Disclosure Statement at 30. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 14. | All Documents concerning the basis for releasing "clawback" claims against former GO and PBA | Consideration provided to other creditors, claim | All parties to the settlements likely have different rationales for why they settled, |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| | *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | |
| | bondholders for recovery of principal and interest payments (*see* Second Amended Disclosure Statement at 311-12), including Documents sufficient to show (i) the total amount of principal and interest paid to such bondholders and (ii) the consideration (if any) that such bondholders are providing in exchange for the release of such claims. | amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | and their respective reasons for agreeing to a settlement term are not relevant to the adequacy of the May 2021 Disclosure Statement.<br><br>Nevertheless, the Oversight Board has agreed to facilitate a discussion with lead counsel for the Special Claims Committee, which filed litigations seeking recovery of principal and interest payments to GO bondholders, to provide information regarding the total principal and interest paid to former GO and PBA bondholders. |
| 15. | Documents sufficient to identify the total amount of PBA administrative "rent" claims that PBA would hold against the Commonwealth from the petition date through February 28, 2021, as well as the monthly amount of such claims that will accrue going forward, if PBA were to prevail in the PBA Litigation. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Committee is a co-plaintiff in the PBA Litigation, and therefore has the information necessary to determine the total amount of PBA administrative "rent" claims (*see* May 26, 2021 Letter).<br><br>Nevertheless, the Oversight Board is willing to provide additional information the Committee reasonably believes is necessary to calculate an updated amount. |
| 16. | Documents sufficient to identify all terms of the PBA Settlement, including Documents sufficient to explain | Consideration provided to other creditors, claim | The Oversight Board has directed the Committee to provisions of the May |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| | *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | |
| | the FOMB's decision to no longer seek approval of such settlement through a Rule 9019 motion, as contemplated by the prior plan support agreement dated as of May 31, 2019. | amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | 2021 Plan that comprise the terms of the PBA Settlement. Further, the Oversight Board has agreed to meet and confer with the Committee to the extent it believes additional information regarding the PBA Settlement should be disclosed in the May 2021 Disclosure Statement.  The Oversight Board's decision regarding whether to pursue a Rule 9019 motion is not relevant to the adequacy of the Disclosure Statement. |
| 17. | Documents sufficient to identify all properties to be transferred by PBA to the Commonwealth or other entities as part of the PBA Settlement or the Second Amended Plan. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*See* Objection § II.A.iii). | The Oversight Board has agreed to provide a list of PBA properties to be transferred to the Commonwealth. |
| 18. | All Documents concerning any analysis of (i) whether the properties (if any) identified in response to Request No. 17 are in fact properties owned by PBA and (ii) the value of such properties (if any). | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*See* Objection § II.A.iii). | The Oversight Board has agreed to provide a list of PBA properties to be transferred to the Commonwealth. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|-------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| 19. | All Documents concerning the decision to allow interest on CW Guarantee Bond Claims arising from the PBA Bonds through the date of PBA's Title III filing. *See* Plan Support Agreement at 6. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | The Oversight Board's decisions are not relevant to the adequacy of the Disclosure Statement. |
| 20. | All Documents concerning the decision not to have PBA file a Title III case at the same time as (or shortly after) the filing of the Commonwealth's Title III case. | Documents regarding the Oversight Board's decisions (*see* Objection § II.C) | The Oversight Board's decisions are not relevant to the adequacy of the Disclosure Statement. |
| 21. | All Documents concerning the decision to establish a Debt Service Reserve Fund for the New GO Bonds to be issued under the Second Amended Plan. *See* Second Amended Plan at 71.1(h). | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the Settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 22. | All Documents concerning the Debtors' assessment, if any, of the maximum amount they are capable of paying unsecured creditors under the Second Amended Plan, including the extent to which additional bonds could be issued to unsecured creditors under the Comprehensive Cap. *See* Second Amended Plan § 71.4. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | Documents regarding whether any additional consideration could have been provided to unsecured creditors are not relevant to the adequacy of the Disclosure Statement.  Bankruptcy Code section 1125(a) expressly provides adequate information does not include information about any other possible plan. |
| 23. | All Documents concerning the FOMB's calculation of the Comprehensive Cap, including Documents sufficient to show (i) whether excess capacity remains | Consideration provided to other creditors, claim amounts, terms of | The Oversight Board has already informed the Committee that the Comprehensive Cap is a prospective |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | under the Comprehensive Cap and (ii) if so, how such excess capacity will be used. *See* Second Amended Plan § 1.123. | settlements and other agreements (*see* Objection § II.A.iii) | calculation based on future economic inputs (*See* May 26, 2021 Letter). Further, the Oversight Board has agreed to confer further with the Committee regarding any additional questions it has regarding this Request. |
| 24. | All Documents concerning the FOMB's calculation of the Tax Supported Debt. *See* Second Amended Plan § 1.310. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has already informed the Committee that the Tax-Supported Debt is a prospective calculation based on future economic inputs (*See* May 26, 2021 Letter). Further, the Oversight Board has agreed to confer further with the Committee regarding any additional questions it has regarding this Request. |
| 25. | All Documents concerning the decision under the Second Amended Plan to have a deemed issuance date for the New GO Bonds of July 1, 2021, including any calculations or estimates of the interest that will accrue on such bonds prior to the effective date of the Second Amended Plan. *See* Second Amended Plan § 71.1(c). | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 26. | All Documents concerning the FOMB's calculation of likely payments under the GO CVIs. | Consideration provided to other creditors, claim amounts, terms of | The Oversight Board already has directed the Committee to publicly available information that should allow |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | | settlements and other agreements (*see* Objection § II.A.iii) | the Committee to understand likely payments to holders of GO CVIs (*see* May 26, 2021 Letter).  Further, the Oversight Board has agreed to confer with the Committee to the extent it believes additional disclosures should be added to the May 2021 Disclosure Statement. |
| 27. | All Documents concerning the FOMB's rationale for providing holders of GO Bond Claims and PBA Bond Claims with the GO CVIs, including the rationale for the 22-year term of GO CVIs and the annual and lifetime caps (as set forth in the Second Amended Plan). | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 28. | All Documents concerning the FOMB's rationale for providing $7.024 billion in cash to holders of GO Bonds and PBA Bonds. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 29. | All Documents concerning the FOMB's rationale for excluding from the Comprehensive Cap the debt service payments on New GO 5.0% CABs and New GO 5.375% CABs issued pursuant to the Second Amended Plan. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| 30. | All Documents concerning the FOMB's rationale for providing holders of GO Bonds with New GO 5.0% CABs with installment payments on July 1 of 2022, 2023, and 2024 as opposed to making those funds available for other creditors. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 31. | All Documents concerning the FOMB's rationale for providing holders of GO Bonds with New GO 5.375% CABs with installment payments on July 1 of 2029, 2030, 2031, 2032, and 2033 as opposed to making those funds available for other creditors. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 32. | All Documents concerning the calculation of and justification for the Consummation Costs, the PSA Restriction Fees, the Retail Support Fee, and the $100 million termination fee set forth in sections 3.5 and 3.6 of the Second Amended Plan. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 33. | All Documents concerning the ability of the FOMB to terminate the Plan Support Agreement, including whether or not and to what extent the FOMB considered including a provision in the Plan Support Agreement that would have permitted termination by the FOMB without payment of any fee or penalty. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| 34. | All Documents concerning the FOMB's estimates of the total retiree benefit claims in Classes 48A to 48E of the Second Amended Plan. | Classification of Commonwealth and ERS unsecured claims and Information concerning other classes (*see* Objection § II.A.ii) | The Oversight Board has agreed to confer with the Committee regarding information it can provide responsive to this Request. |
| 35. | Documents sufficient to show the current status and estimated date of completion of the FOMB's bank account analysis (*see* Second Amended Disclosure Statement at 129-38), including Documents sufficient to show (i) which bank accounts the FOMB is reviewing, (ii) whether the accounts are restricted or unrestricted, and (iii) if the accounts are unrestricted, whether the funds in such accounts will be made available for creditor recoveries and, if not, why not. | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Oversight Board already has produced documents showing the current status of its cash restriction analysis, and has agreed to continue to produce additional responsive, non-privileged materials when they become available. |
| 36. | All Documents concerning the FOMB's decision to label certain accounts set forth in Exhibit J to the Second Amended Disclosure Statement "restricted," including Documents sufficient to explain what the FOMB means in designating such accounts "restricted." | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Oversight Board already has produced documents showing the current status of its cash restriction analysis, including the documents it relied on in designating certain accounts as "restricted," and has agreed to continue to produce additional responsive, non-privileged materials when they become available. Further, the May 2021 Disclosure Statement already provides information regarding the bases on which accounts are |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| **First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)** | | | |
| | | | designated "restricted," and the Oversight Board has agreed to meet and confer with the Committee to the extent it has questions regarding any specific account designation. |
| 37. | All Documents concerning the FOMB's decision to label certain accounts set forth in Exhibit J to the Second Amended Disclosure Statement "asserted to be restricted," including Documents sufficient to explain (i) what the FOMB means in designating such accounts "asserted to be restricted," (ii) why a definitive determination as to whether these accounts are restricted or unrestricted has not yet been made, and (iii) whether and to what extent such designations will change in light of the Oversight Board's recently-announced settlements with other constituencies. | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Oversight Board has already produced documents showing the current status of its cash restriction analysis, including the documents it relied on in designating certain accounts as "asserted to be restricted," and has agreed to continue to produce additional responsive, non-privileged materials when they become available.  Further, the May 2021 Disclosure Statement already provides information regarding the bases on which accounts are designated "asserted to be restricted," and the Oversight Board has agreed to meet and confer with the Committee to the extent it has questions regarding any specific account designation. |
| 38. | All Documents concerning the FOMB's decision to label certain accounts set forth in Exhibit J to the Second Amended Disclosure Statement "inconclusive," including Documents sufficient to explain what the FOMB means in designating such accounts "inconclusive" and Documents sufficient to | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Oversight Board has already produced documents showing the current status of its cash restriction analysis, including the documents it relied on in designating certain accounts as "inconclusive," and has agreed to |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | explain why a definitive determination as to whether these accounts are restricted or unrestricted hasn't yet been made. | | continue to produce additional responsive, non-privileged materials when they become available.  Further, the May 2021 Disclosure Statement already provides information regarding the bases on which accounts are designated "inconclusive," and the Oversight Board has agreed to meet and confer with the Committee to the extent it has questions regarding any specific account designation. |
| 39. | Documents providing the December 31, 2020 account balances for those accounts set forth in Exhibit J to the Second Amended Disclosure Statement with a "pending" designation. | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Oversight Board has already produced documents showing the current status of its cash restriction analysis, and has agreed to continue to produce additional responsive, non-privileged materials when they become available.  Further, the May 2021 Disclosure Statement already provides information regarding the bases on which accounts are designated "pending," and the Oversight Board has agreed to meet and confer with the Committee to the extent it has questions regarding any specific account designation. |
| 40. | Documents sufficient to explain whether each of the accounts on Exhibit J to the Second Amended | Commonwealth's available cash and other | The Oversight Board has already produced documents showing the |

15

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | Disclosure Statement with a "pending" designation is restricted or unrestricted. | Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | current status of its cash restriction analysis, and has agreed to continue to produce additional responsive, non-privileged materials when they become available.  Further, the Oversight Board has agreed to meet and confer with the Committee to the extent it has questions regarding any specific account designation. |
| 41. | Documents sufficient to show the sources and uses of the Debtors' cash and investments rolled forward from the December 31, 2020 account balances to June 30, 2021 and adjusted for settlements reached in connection with the Second Amended Plan. | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Oversight Board cannot fully respond to this Request, as it seeks documents as of a date nearly a month into the future.  However, the Oversight Board has already produced documents showing the current status of its cash restriction analysis, and has agreed to continue to produce additional responsive, non-privileged materials when they become available.  Further, the Oversight Board has agreed to meet and confer with the Committee with respect to its request for updated information on the Debtors' cash and investments. |
| 42. | Documents sufficient to show whether any excess funds identified in response to Request No. 41 will be made available for creditors and, if not, why not. | Documents regarding the value of Commonwealth (and other public entity) assets | The proposed plan of adjustment provides exactly what will be paid to creditors.  The debtors have many sources of projected revenues and some |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| | First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2) | | |
| | | | actual future revenues will exceed projections and some will be less than projections.  Therefore, excess funds from one source do not show the debtors will have any excess funds when all sources are considered.  The proposed plan provides CVI's to provide creditors a share of any upside on an aggregate basis. |
| 43. | All Documents describing the rationale that FOMB policy (as opposed to a legal determination) should determine whether certain funds in accounts held by the Debtors, Commonwealth agencies, or public corporations receiving general fund appropriations should not be made available for creditor recoveries. | Documents regarding the value of Commonwealth (and other public entity) assets (*see* Objection § II.C) | The Oversight Board's rationale for deciding certain funds are available to sustain the debtors and not available for creditor recoveries is not relevant to the adequacy of the May 2021 Disclosure Statement. |
| 44. | Documents sufficient to show all unencumbered assets of the Debtors that are currently being marketed or being evaluated for sale, including the value of such assets, the current listed sales price for each asset and whether or not such value is being made available for creditor recoveries. | Documents regarding the value of Commonwealth (and other public entity) assets (*see* Objection § II.C) | The Debtors are not required to liquidate themselves in a municipal bankruptcy context.  Unlike corporate reorganizations, liquidation is not an option for municipalities.  Creditors having claims against New York City are not allowed to levy on Central Park and sell it.  Similarly, Puerto Rico's beaches and other assets are not for sale.  Creditors are paid from Puerto Rico's accumulated cash and future revenues.  Accordingly, the Debtors' other assets |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|-------------------------|-------------------------|
| | **First Set of Requests, Dated April 23, 2021 (*Mot. Ex. 2*)** | | |
| | | | are not relevant to the adequacy of the May 2021 Disclosure Statement. If some assets are sold their proceeds can be used to buy replacement assets. |
| 45. | Documents sufficient to identify all unrestricted Commonwealth investments not included in Exhibit J to the Second Amended Disclosure Statement, including their value and whether or not each such investment is being liquidated for creditor recoveries. | Documents regarding the value of Commonwealth (and other public entity) assets (*see* Objection § II.C) | The Debtors are not required to liquidate themselves in a municipal bankruptcy context.  Accordingly, the Debtors' "unrestricted Commonwealth investments" are not relevant to the adequacy of the May 2021 Disclosure Statement. |
| 46. | Documents sufficient to show (i) the December 31, 2020 balances and/or value of the ERS assets that the Commonwealth will purchase on the effective date of the Second Amended Plan, as described on page 339 of the Second Amended Disclosure Statement, (ii) whether or not such value will be available for ERS and/or Commonwealth general unsecured creditors after payment is made to ERS bondholders, and (iii) if such value is not so available, why not. | Documents regarding the value of Commonwealth (and other public entity) assets (*see* Objection § II.C) | The Oversight Board has agreed to include a sentence in the May 2021 Disclosure Statement explaining that the excess value of the ERS assets has been taken into accounts in reaching the compromise and settlement with GO/PBA bondholders (*see* May 26, 2021 Letter).  Further, the Oversight Board has agreed to meet and confer with the Committee to the extent it has additional questions or believes additional disclosure is necessary regarding the value of the ERS assets. |
| 47. | All Documents concerning the FOMB's conclusion, as described on pages 157-58 of the Second Amended Disclosure Statement, that "essential services" need | The Oversight Board's determinations regarding "essential services" (*see* Objection § II.C) | Information regarding "essential services" is not relevant to the adequacy of the May 2021 Disclosure Statement. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| | *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | |
| | not be defined for purposes of the Second Amended Plan. | | |
| 48. | All Documents concerning any analyses or lists identifying which services constitute "essential services." | The Oversight Board's determinations regarding "essential services" (*see* Objection § II.C) | The Request is another effort to litigate the certified fiscal plans, which cannot be reviewed. Additionally, information regarding "essential services" is not relevant to the adequacy of the May 2021 Disclosure Statement. The best interest analyses to be added to the May 2021 Disclosure Statement show the base assumption under which outside Title III all expenses in the certified budget are paid before money is paid to satisfy GO debt. Other scenarios show the outcomes if less than all expenses are paid before paying GO debt. |
| 49. | All Documents concerning the FOMB's analysis, if any, of whether the Second Amended Plan will allow the Commonwealth to obtain access to capital markets. | The Oversight Board's determinations regarding analyses regarding access to capital markets (*see* Objection § II.C) | Whether the May 2021 Plan for three debtors will allow the Commonwealth to access the capital markets is not relevant to the adequacy of the May 2021 Disclosure Statement. As a practical matter, however, the bonds issued in the COFINA Title III case have been trading at high prices for more than a year, and the bonds to be issued under the instant proposed plan of adjustment were negotiated by sophisticated creditors and investors. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| | | | Moreover, the Disclosure Statement already shows how much the instant proposed plan of adjustment reduces Puerto Rico's debt and debt service obligations. |
| 50. | All Documents concerning the FOMB's assessment of whether or not the Second Amended Plan unfairly discriminates against holders of CW General Unsecured Claims, including any review or analysis the FOMB performed of the recovery rate differentials between different types of unsecured creditors (such as general unsecured creditors, retiree claimants, and bondholders) in other bankruptcy cases. | Documents regarding the Oversight Board's decisions (*see* Objection § II.C) | This request is for legal opinion work product in anticipation of litigation which is clearly not discoverable. The Oversight Board's assessment of whether the May 2021 Plan unfairly discriminates against holders of Commonwealth general unsecured claims is not relevant to the adequacy of the May 2021 Disclosure Statement because if there is unfair discrimination the plan of adjustment will not be confirmed. |
| 51. | Documents sufficient to show the value of the tax benefits resulting from a favorable ruling concerning the tax exempt status of the New GO Bonds to be issued under the Second Amended Plan. | Documents regarding the Oversight Board's decisions (*see* Objection § II.C) | The May 2021 Disclosure Statement already provides the only information the Oversight Board currently has regarding the value of the tax benefits resulting from a favorable ruling concerning the tax exempt status of the New GO Bonds. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | | | |
| 52. | All Documents concerning the FOMB's estimate of general unsecured claims against ERS in Class 64 of the Second Amended Plan, including the number and amount of such claims. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | Documents already have been provided. The Oversight Board will produce additional responsive, non-privileged materials (*see* May 26, 2021 Letter). |
| 53. | All Documents concerning the basis for capping the amount in the ERS GUC Pool at $5 million. *See* Second Amended Plan §1.160. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board's basis for capping the amount in the ERS GUC Pool at $5 million is not relevant to the adequacy of the May 2021 Disclosure Statement. Bankruptcy Code section 1125(a) expressly provides adequate information does not include information about any other possible plan. |
| 54. | All Documents concerning the FOMB's analysis, if any, of what Commonwealth funds or other resources will be needed to implement and/or fund a restructuring of and/or plan of adjustment for HTA, including the amount of such funds or resources and whether they have been set aside for such purpose. | Documents regarding the Oversight Board's decisions (*see* Objection § II.C) | The Oversight Board's analysis is not relevant to the adequacy of the May 2021 Disclosure Statement for debtors other than HTA. Moreover, this request is for documents, if they exist at all, of a highly speculative nature, concerning guesses about the treatment of claims against HTA, toll levels, capex, and other factors. |
| 55. | Provide the Best Interests Test Report (Exhibit L to the Second Amended Disclosure Statement). | Consideration provided to other creditors, terms of | The Oversight Board will provide the Best Interests Test Report when it becomes available. Additionally, the best |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| | | *First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)* | |
| | | settlements and other agreements (*see* Objection § II.A.iii) | interest analyses include lists of all legal assumptions and calculations of outcomes based on different scenarios and different legal outcomes. |
| 56. | All Documents concerning the FOMB's calculation of likely payments under the Clawback CVIs. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board already has directed the Committee to publicly available information that should allow the Committee to understand likely payments to holders of GO CVIs (*see* May 26, 2021 Letter).  Further, the Oversight Board has agreed to confer with the Committee to the extent it believes additional disclosures should be added to the May 2021 Disclosure Statement. |
| 57. | All Documents concerning the FOMB's rationale for providing holders of Clawback Claims with the Clawback CVIs, notwithstanding the terms of the settlement of alleged GO priority pursuant to the Second Amended Plan, including the rationale for the 30-year term of Clawback CVIs and the annual caps (as set forth in the Second Amended Plan). | Documents regarding the Oversight Board's decisions (*see* Objection § II.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 58. | Documents sufficient to show the FOMB's rationale for settling the ERS Litigation pursuant to the ERS Settlement. | Documents regarding the Oversight Board's decision to enter into settlements | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |

| # | Request | General Topic of Request | Oversight Board Response |
|---|---------|--------------------------|--------------------------|
| **First Set of Requests, Dated April 23, 2021 (Mot. Ex. 2)** | | | |
| 59. | Documents sufficient to show the status of the settlement summarized in the term sheet dated May 14, 2019, between the FOMB and the AFT. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § III.C) | The status of settlements not incorporated into the May 2021 Plan is not relevant to the adequacy of the May 2021 Disclosure Statement. |
| 60. | Documents sufficient to show the basis and rationale for not assuming or rejecting the Debtors' collective bargaining agreements, as set forth in Section 73.10 of the Second Amended Plan. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § III.C) | The Oversight Board's basis and rationale for not assuming or rejecting collective bargaining agreements is not relevant to the adequacy of the May 2021 Disclosure Statement. |

| # | Request | Topic | Oversight Board Response |
|---|---------|-------|--------------------------|
| *Second Set of Requests, Dated May 14, 2021 (Mot. Ex. 10)* | | | |
| 1. | All Documents, Communications, and other information or materials requested by: (i) Ambac Assurance Corporation and Financial Guaranty Insurance Company in the *Ambac Assurance Corporation and Financial Guaranty Insurance Company's First Set of Document Requests to the Government Parties and Their Advisors in Connection with the Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated May 12, 2021 (attached hereto as **Exhibit A**); or (ii) any other party or third party in connection with the proceedings relating to the Third Amended Disclosure Statement. | n/a | The Oversight Board has agreed to produce documents responsive to this Request. |
| 2. | Documents sufficient to show whether all Retiree Claims under the Third Amended Plan will be paid on the same payment schedule, including whether or not any Retiree Claims will receive a lump sum payment instead of a series of payments. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has provided information responsive to this Request. |
| 3. | Documents sufficient to show, as of the date of the Third Amended Disclosure Statement, the claim amounts broken down by CUSIP number and/or loan, including for each the outstanding principal amount and accrued and unpaid interest (including applicable interest rate) and unmatured original issue discount, through the Commonwealth petition date, for claims in Classes 1 through 47, 56 through 59, and 62 of the Third Amended Plan. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has agreed to provide information responsive to this Request. |

| # | Request | Topic | Oversight Board Response |
|---|---------|-------|--------------------------|
| *Second Set of Requests, Dated May 14, 2021 (Mot. Ex. 10)* | | | |
| 4. | Fully executed copies of the GSA Helicopter Loan, the Hacienda loans (ID Nos. 200017-215-001-003-47, 200017-215-001-003-48, 200017-215-001-003-53 and 200017-215-001-003-56), and Notas de Ahorro. *See* Third Amended Plan § 1.24. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has agreed to produce documents responsive to this Request. |
| 5. | Fully executed agreements evidencing all 2011 CW Guarantee Bond Claims on account of the Commonwealth's full faith, credit and taxing power guarantee of "(a) an affiliate, agency or instrumentality, which guarantee was executed, delivered or enacted during the period from January 1, 2014 up to, but not including, the Commonwealth Petition Date," and documents sufficient to quantify such 2011 CW Guarantee Bond Claims. *See* Third Amended Plan § 1.37. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has agreed to produce documents responsive to this Request. |
| 6. | Fully executed copies of the GDB HTA Loans. *See* Third Amended Disclosure Statement, at 411. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has agreed to produce documents responsive to this Request. |
| 7. | All Documents concerning the rationale for the Commonwealth paying Assured $39.3 million and National $19.3 million as consideration for the structuring of payments to be made to holders of clawback claims. *See* Third Amended Disclosure Statement Ex. C, at 21. | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § III.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |

| # | Request | Topic | Oversight Board Response |
|---|---------|-------|--------------------------|
| *Second Set of Requests, Dated May 14, 2021 (Mot. Ex. 10)* | | | |
| 8. | Documents sufficient to identify the name of the entity that will pay the HTA Restriction Fee, the CCDA Restriction Fee and the CCDA cash settlement amount, along with identify of the bank accounts that will make such payments. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has agreed to provide information responsive to this Request, and to consider making revisions to the May 2021 Disclosure Statement. |
| 9. | All Documents concerning the $70.75 million valuation of the ERS private equity portfolio. *See* Third Amended Disclosure Statement, at 36. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board has agreed to provide information responsive to this Request. |
| 10. | All Documents concerning the FOMB's calculation, based on the certified 2021 Fiscal Plan, of likely payments under the GO CVIs, including by claims class, and any analysis regarding the value attributable to the GO CVIs given the projected payments and resulting increase in recovery for each respective class receiving GO CVIs. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | The Oversight Board already has directed the Committee to publicly available information that should allow the Committee to understand likely payments to holders of GO CVIs (*see* Second RFP Responses).  Further, the Oversight Board has agreed to confer with the Committee to the extent it believes additional disclosures should be added to the May 2021 Disclosure Statement. |
| 11. | All Documents concerning the FOMB's calculation, based on the certified 2021 Fiscal Plan, of likely payments under the Clawback CVIs, and any analysis regarding value attributable to the Clawback CVIs | Consideration provided to other creditors, claim amounts, terms of settlements and other | The Oversight Board already has directed the Committee to publicly available information that should allow the Committee to understand likely |

| # | Request | Topic | Oversight Board Response |
|---|---------|-------|--------------------------|
| | *Second Set of Requests, Dated May 14, 2021 (Mot. Ex. 10)* | | |
|  | given the projected payments and resulting increase to recovery for each respective class receiving Clawback CVIs. | agreements (*see* Objection § II.A.iii) | payments to holders of GO CVIs (*see* Second RFP Responses).  Further, the Oversight Board has agreed to confer with the Committee to the extent it believes additional disclosures should be added to the May 2021 Disclosure Statement. |
| 12. | Documents sufficient to show all Commonwealth, PBA and ERS unencumbered real property that is currently vacant, including the value of such assets. | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Debtors are not required to liquidate themselves in a municipal bankruptcy context.  Unlike corporate reorganizations, liquidation is not an option for municipalities.  Creditors having claims against New York City are not allowed to levy on Central Park and sell it.  Similarly, Puerto Rico's beaches and other assets are not for sale.  Creditors are paid from Puerto Rico's accumulated cash and future revenues.  Accordingly, the Debtors' other assets are not relevant to the adequacy of the May 2021 Disclosure Statement. |
| 13. | Documents sufficient to identify the 7% of governmental entities that have not provided a response to requests for information relating to account balances and restriction classifications and steps being taken by the FOMB to obtain such information as well as an estimate of unprovided | Commonwealth's available cash and other Commonwealth and non-Commonwealth assets (*see* Objection § II.A.iv) | The Oversight Board has agreed to provide information responsive to this Request. |

| # | Request | Topic | Oversight Board Response |
|---|---------|-------|--------------------------|
| | *Second Set of Requests, Dated May 14, 2021 (Mot. Ex. 10)* | | |
|  | amounts. *See* Third Amended Disclosure Statement, at 142. | | |
| 14. | All Documents concerning the rationale for increasing recovery percentages to Dairy Producers (Class 50) and Med Centers (Class 53) from 40% under the Second Amended Disclosure Statement to 50% under the Third Amended Disclosure Statement while not increasing recoveries to CW General Unsecured Claims (Class 55). | Documents regarding the Oversight Board's decision to enter into settlements (*see* Objection § III.C) | All parties to the settlements likely have different rationales for why they settled, and their respective reasons are not relevant to the adequacy of the Disclosure Statement. |
| 15. | All Documents concerning any analysis, based on the projections in the certified 2021 Fiscal Plan and the economic terms associated with the various plan support agreements, of whether the Commonwealth will be able to pay its debts under the Third Amended Plan when they come due. | Documents relevant only to plan confirmation, not adequacy of Disclosure Statement (*see* Objection § III.B) | The proposed plan of adjustment will not be confirmed if it is not feasible. Analyses regarding whether the Commonwealth will be able to pay its debts when they come due is not relevant to the adequacy of the May 2021 Disclosure Statement. |
| 16. | All Documents concerning any analysis of whether the New GO Bonds will trade at par. | Consideration provided to other creditors, claim amounts, terms of settlements and other agreements (*see* Objection § II.A.iii) | Analyses of whether the New GO Bonds will trade at par would be at best, guesses, and are not relevant to the adequacy of the Disclosure Statement |