**<u>Exhibit 2</u>**

**F UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SECOND SET OF DOCUMENT REQUESTS IN CONNECTION WITH DISCLOSURE STATEMENT FOR THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, the Local Rules of the United States District Court for the District of Puerto Rico, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, and/or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

hereby responds and objects to the *Second Set of Document Requests of Official Committee of Unsecured Creditors to Financial Oversight and Management Board for Puerto Rico and its Advisors in Connection with Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Requests," and each individual request for production of documents a "Request"), served by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA and PBA) (the "Committee"), dated May 14, 2021, as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses") to the Requests are made without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Requests, to the extent it has not objected thereto, as the Oversight Board understands and interprets the Requests. If the Committee subsequently asserts an interpretation of the Requests that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses. By making the Responses below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

1.       The Oversight Board objects to the Requests, and to each and every Request, as irrelevant, overbroad, and unduly burdensome because they seek information neither necessary nor proportionate to the Committee's evaluation of the adequacy of the Third Amended Disclosure

Statement,[2] which is the only issue before the Court in connection with the upcoming Disclosure Statement Hearing.[3]

2.      The Oversight Board objects to the Requests, and to each and every Request, because (i) they exceed the legitimate scope of discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement; or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3.      The production of any document pursuant to the Requests does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board is producing documents that are irrelevant and inadmissible, but is doing so solely to expedite the process without any concession the Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests, and to each and every Request, because they seek documents without restrictions as to date. The Oversight Board will not produce documents or communications that pre-date execution of the relevant plan support agreement incorporated into the Third Amended Plan,[4] or otherwise seek documents outside the timeframe relevant to the evaluation of the adequacy of the Third Amended Disclosure Statement.

---

[2] "Third Amended Disclosure Statement" refers to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741], dated May 11, 2021.

[3] "Disclosure Statement Hearing" refers to the hearing to consider the adequacy of the Disclosure Statement, currently set for July 13, 2021 pursuant to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief*, dated May 4, 2021 [ECF No. 16681] (the "Disclosure Statement Hearing Order").

[4] "Third Amended Plan" refers to the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16740], dated May 11, 2021.

5. The Oversight Board objects to the Definitions, the Instructions, and the Requests, and to each and every Request, because they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules. In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will construe and respond to the Requests and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6. The Oversight Board objects to the Requests, and to each and every Request, because some or all of the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7. The Oversight Board objects to the Requests, and to each and every Request, as unduly burdensome because they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control, or in the possession, custody or control of its counsel, representatives, and advisors. The Oversight Board will respond to the Requests solely on its own behalf. The Oversight Board further objects to the Requests to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another

source more convenient, less burdensome, or less expensive, including documents in the possession of the Committee.

8.      The Oversight Board objects to the Requests, and to each and every Request, because they seek documents containing information that is confidential or proprietary in nature, or that otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors. The Oversight Board will produce such documents only pursuant to the Protective Order, Exhibit 2 [ECF No. 16681-2], approved by the Court pursuant to the Disclosure Statement Hearing Order, and only after the Committee has executed the corresponding Protective Order Subscription [ECF No. 16681-3].

9.      The Oversight Board objects to the Requests, and to each and every Request, because they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Requests.

10.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome because they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address.

11.     The Oversight Board objects to the Requests, and to each and every Request, because they seek documents already made available to the Committee via the Data Room for the Disclosure Statement for the Plan of Adjustment for the Commonwealth, ERS, and PBA (the "Disclosure Statement Data Room"), further described in the Disclosure Statement Hearing Order and the exhibits attached thereto. In addition, the same documents available to the Committee in

the Disclosure Statement Data Room have been made available to counsel and other professionals for the Committee through a separate access point (the "SFTP").  Instructions to access the SFTP were sent to counsel for the Committee on May 5, 2021.

12.     Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to or already provided to the Committee.

13.     The Oversight Board objects to the definition of the term "FOMB," "You," and "Your" as overbroad because they include individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the approval of the Third Amended Disclosure Statement.  In responding to these Requests, the Oversight Board will construe "FOMB" to mean the Oversight Board and its employees, officers, directors, members, and known agents reasonably likely to possess information relevant to said subjects.

14.     The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the matter. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate documents in those files in which it reasonably expects to find responsive documents.

15.     The Oversight Board objects to the definitions of "Concerning" and/or "relating to" to the extent they are overly broad, vague, and ambiguous.

16.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, diaries, calendars, forecasts, statistical statements, accountants work papers, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, minutes or records of meetings or conferences, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, reports and/or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, contracts, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

17.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the term FOMB. In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, members, and known agents

reasonably likely to possess information relevant to the approval of the Third Amended Disclosure Statement or to confirmation of the Third Amended Plan.

18.     The above General Objections are incorporated into each of the following specific Objections and Responses.

*[Remainder of page intentionally left blank]*

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Documents, Communications, and other information or materials requested by: (i) Ambac Assurance Corporation and Financial Guaranty Insurance Company in the Ambac Assurance Corporation and Financial Guaranty Insurance Company's First Set of Document Requests to the Government Parties and Their Advisors in Connection with the Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated May 12, 2021 (attached hereto as Exhibit A); or (ii) any other party or third party in connection with the proceedings relating to the Third Amended Disclosure Statement.

### RESPONSE TO REQUEST NO. 1:

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 14, 16, and 17, as well as its general and specific objections to the discovery requests served by Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Corporation ("FGIC," and together with Ambac, "Ambac/FGIC"), or to any other discovery requests served by any other party in connection with the Disclosure Statement Hearing, the Oversight Board will produce to the Committee all documents it produces to any other party in response to a discovery request in connection with the Disclosure Statement Hearing.

### REQUEST NO. 2:

Documents sufficient to show whether all Retiree Claims under the Third Amended Plan will be paid on the same payment schedule, including whether or not any Retiree Claims will receive a lump payment instead of a series of payments.

### RESPONSE TO REQUEST NO. 2:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks information which may be

protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 9, and 16, and the specific objections above, the Oversight Board states that holders of Retiree Claims will not receive lump payments, but will continue to receive monthly pension payments pursuant to the Third Amended Plan. To the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

## REQUEST NO. 3:

Documents sufficient to show, as of the date of the Third Amended Disclosure Statement, the claim amounts broken down by CUSIP number and/or loan, including for each the outstanding principal amount and accrued and unpaid interest (including applicable interest rate) and unmatured original issue discount, through the Commonwealth petition date, for claims in Classes 1 through 47, 56 through 59, and 62 of the Third Amended Plan.

## RESPONSE TO REQUEST NO. 3:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 6, 7, 9, and 16, and the specific objections above, the Oversight Board will produce a document providing, by CUSIP

number, the amount of principal and interest outstanding as of the relevant petition date for claims in Classes 1 through 47, 56 through 59, and 62 of the Third Amended Plan.

## REQUEST NO. 4:

Fully executed copies of the GSA Helicopter Loan, the Hacienda loans (ID Nos. 200017-215-001-003-47, 200017-215-001-003-48, 200017-215-001-003-53 and 200017-215-001-003-56), and Notas de Ahorro. *See* Third Amended Plan § 1.24.

## RESPONSE TO REQUEST NO. 4:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, and 7, and the specific objections above, the Oversight Board will produce non-privileged, non-duplicative documents responsive to this Request.

## REQUEST NO. 5:

Fully executed agreements evidencing all 2011 CW Guarantee Bond Claims on account of the Commonwealth's full faith, credit and taxing power guarantee of "(a) an affiliate, agency or instrumentality, which guarantee was executed, delivered or enacted during the period from January 1, 2014 up to, but not including, the Commonwealth Petition Date," and documents sufficient to quantify such 2011 CW Guarantee Bond Claims. *See* Third Amended Plan § 1.37.

## RESPONSE TO REQUEST NO. 5:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, and 7, and the specific objections above, the Oversight Board will produce non-privileged, non-duplicative documents responsive to this Request.

**REQUEST NO. 6:**

Fully executed copies of the GDB HTA Loans. *See* Third Amended Disclosure Statement, at 411.

**RESPONSE TO REQUEST NO. 6:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, and 7, and the specific objections above, the Oversight Board will produce non-privileged, non-duplicative documents responsive to this Request.

**REQUEST NO. 7:**

All Documents concerning the rationale for the Commonwealth paying Assured $39.3 million and National $19.3 million as consideration for the structuring of payments to be made to holders of clawback claims. *See* Third Amended Disclosure Statement Ex. C, at 21.

**RESPONSE TO REQUEST NO. 7:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "all Documents concerning the rationale for the Commonwealth paying" certain amounts is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and

not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because it seeks "all Documents" regarding "the rationale for" certain Oversight Board decisions, which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 8, 9, 10, 15, and 16, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 8:

Documents sufficient to identify the name of the entity that will pay the HTA Restriction Fee, the CCDA Restriction Fee and the CCDA cash settlement amount, along with identify [*sic*] of the bank accounts that will make such payments.

## RESPONSE TO REQUEST NO. 8:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing and does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, and 7, and the specific objections above, the Oversight Board directs the Committee to the HTA/CCDA PSA, attached as Exhibit C to the Third Amended Disclosure Statement, and section 3.9 of the Third Amended Plan.

- 13 -

## REQUEST NO. 9:

All Documents concerning the $70.75 million valuation of the ERS private equity portfolio.  *See* Third Amended Disclosure Statement, at 36.

## RESPONSE TO REQUEST NO. 9:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.  Rather, this Request seeks information that is only relevant to confirmation of the Plan (to the extent the information sought by this Request is relevant at all).  The Oversight Board further objects to this Request because discovery of "all Documents concerning the $70.75 million valuation of the ERS private equity portfolio" certain amounts is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement.  The Oversight Board further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 10, 15, and 16, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 10:

All Documents concerning the FOMB's calculation, based on the certified 2021 Fiscal Plan, of likely payments under the GO CVIs, including by claims class, and any analysis regarding the value attributable to the GO CVIs given the projected payments and resulting increase in recovery for each respective class receiving GO CVIs.

## RESPONSE TO REQUEST NO. 10:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request as duplicative of other discovery served by the Committee. In addition, the Oversight Board objects to this Request on the grounds it may seek documents which are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 13, 15, and 16, and the specific objections above, the Oversight Board refers the Committee to Chapters 5 and 6 of the Fiscal Plan for the Commonwealth of Puerto Rico, dated April 23, 2021 (the "Commonwealth Fiscal Plan"), and Chapter 4 of the Fiscal Plan for COFINA, dated June 19, 2020 (the "COFINA Fiscal Plan").

**REQUEST NO. 11:**

All Documents concerning the FOMB's calculation, based on the certified 2021 Fiscal Plan, of likely payments under the Clawback CVIs, and any analysis regarding value attributable to the Clawback CVIs given the projected payments and resulting increase to recovery for each respective class receiving Clawback CVIs.

**RESPONSE TO REQUEST NO. 11:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request as duplicative of other discovery served by the Committee. In addition, the Oversight Board objects to this Request on the grounds it may seek documents which are protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 13, 15, and 16, and the specific objections above, the Oversight Board refers the Committee to Chapters 5 and 6 of the Commonwealth Fiscal Plan and Chapter 4 of the COFINA Fiscal Plan.

## REQUEST NO. 12:

Documents sufficient to show all Commonwealth, PBA and ERS unencumbered real property that is currently vacant, including the value of such assets.

## RESPONSE TO REQUEST NO. 12:

The Oversight Board objects to this Request on the grounds it does not seek information relevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery regarding "all Commonwealth, PBA and ERS unencumbered real property that is currently vacant" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks information that may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, and 16, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 13:

Documents sufficient to identify the 7% of governmental entities that have not provided a response to requests for information relating to account balances and restriction classifications and steps being taken by the FOMB to obtain such information as well as an estimate of unprovided amounts. *See* Third Amended Disclosure Statement, at 142.

**RESPONSE TO REQUEST NO. 13:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. The Oversight Board also objects to this request because discovery regarding "steps being taken by the FOMB to obtain such information as well as an estimate of unprovided amounts" is irrelevant to the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 13, and 16, and the specific objections above, to the extent the Committee believes the Third Amended Disclosure Statement is insufficient, the Oversight Board is willing to meet and confer regarding additional disclosures the Committee believes are necessary.

**REQUEST NO. 14:**

All Documents concerning the rationale for increasing recovery percentages to Dairy Producers (Class 50) and Med Centers (Class 53) from 40% under the Second Amended Disclosure Statement to 50% under the Third Amended Disclosure Statement while not increasing recoveries to CW General Unsecured Claims (Class 55).

**RESPONSE TO REQUEST NO. 14:**

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing, and not proportional

to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "all documents" regarding "the rationale for increasing recovery percentages," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 8, 10, 15, and 16, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 15:

All Documents concerning any analysis, based on the projections in the certified 2021 Fiscal Plan and the economic terms associated with the various plan support agreements, of whether the Commonwealth will be able to pay its debts under the Third Amended Plan when they come due.

## RESPONSE TO REQUEST NO. 15:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement.

The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks information which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 8, 10, 15, and 16, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

## REQUEST NO. 16:

All Documents concerning any analysis of whether the New GO Bonds will trade at par.

## RESPONSE TO REQUEST NO. 16:

The Oversight Board objects to this Request because it is beyond the scope of legitimate or necessary discovery in connection with the Disclosure Statement Hearing, and not proportional to the Committee's legitimate discovery needs given, among other things, the nature of appropriate discovery in connection with evaluating the adequacy of the Third Amended Disclosure Statement. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, beyond the scope of legitimate or necessary discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement, and not proportional to the Committee's legitimate discovery needs given, among other

things, the nature of appropriate discovery in connection with the Committee's evaluation of the adequacy of the Third Amended Disclosure Statement. In addition, the Oversight Board objects to this Request because it seeks "all Documents" regarding the Oversight Board's "analysis," which may be protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the mediation privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. In particular, to the extent this Request seeks information exchanged in the course of mediations led by the Title III mediation team, such information is protected by the Court's orders regarding mediation confidentiality. ECF Nos. 430, 8686.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 8, 10, 15, and 16, and the specific objections above, the Oversight Board will not produce documents responsive to this Request.

Dated: May 28, 2021

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Brian Rosen
Margaret A. Dale
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
brosen@proskauer.com
mdale@proskauer.com

-and-

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:    (787) 764-8181
Fax:    (787) 753-8944
hermann.bauer@oneillborges.com

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served

on the following counsel of record.

PAUL HASTINGS LLP

Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
nicholasbassett@paulhastings.com

Luc A. Despins, Esq.
200 Park Ave.
New York, NY 10166
lucdespins@paulhastings.com

*Counsel for the Official Committee of Unsecured Creditors*

CASILLAS, SANTIAGO & TORRES LLC

Juan J. Casillas Ayala, Esq.
Israel Fernández Rodríguez, Esq.
Juan C. Nieves González, Esq.
Cristina B. Fernández Niggemann, Esq.
PO Box 195075
San Juan, Puerto Rico 00919-5075
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

Date: May 28, 2021

/s/ *Laura Stafford*
Laura Stafford