UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO THE COURT'S MAY 25, 2021 ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation ("Ambac"), the Financial Oversight and Management Board for Puerto Rico (the "Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"),[2] respectfully submit this Joint Status Report pursuant to the Court's order dated May 25, 2021 (ECF No. 16800).[3]

## I. PROCEDURAL BACKGROUND

1. On October 28, 2019, Ambac filed *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 9022) (the "Assets Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9023) (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions").

2. On November 8, 2019, the Government Parties filed the *Urgent Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*

---

[2] Ambac and the Government Parties are collectively referred to as the "Parties."

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's May 10, 2021 Order* (ECF No. 16789) (the "May 21 Joint Status Report").

- 1 -

*Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (ECF No. 9131) (the "Motion to Strike").

3. On January 23, 2020, the Court (Swain, J.) issued a memorandum order denying the Motion to Strike (ECF No. 10332) (the "Memorandum Order"). The Memorandum Order directed the Parties to meet and confer by February 3, 2020 concerning the scope and mechanics of discovery responsive to the Original Rule 2004 Motions. (*Id.* at 9.)

4. On November 12, 2020, following the filing of numerous joint status reports discussing the Parties' meet-and-confer efforts, the Court (Dein, M.J.) denied without prejudice the Original Rule 2004 Motions, stating that "[i]n light of the substantial work the [P]arties have done narrowing the issues and resolving the disputes initially presented in the [Original] Rule 2004 Motions[,] . . . and to avoid confusion of the record," Ambac should file "a new Rule 2004 motion limited to the issues in dispute." (*Order* (ECF No. 15093) at 2.)

5. On November 20, 2020, Ambac filed its New Cash Rule 2004 Motion[4] seeking an order directing the Board to produce certain documents related to the Commonwealth's and the Board's publicly available cash restriction analysis. On May 17, 2021, the Court entered an order allowing in part and denying in part the New Cash Rule 2004 Motion.[5]

6. On February 4, 2021, Ambac filed its New Assets Rule 2004 Motion[6] requesting authorization under Bankruptcy Rule 2004 to seek discovery directly from six "prioritized"

---

[4] "New Cash Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 15220).

[5] (*Memorandum of Decision and Order on Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 16760) (the "New Cash Rule 2004 Motion Order").)

[6] "New Assets Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 15802).

Commonwealth entities regarding their assets. On May 17, 2021, the Court entered an order denying the New Assets Rule 2004 Motion.[7]

7. On May 21, 2021, the Parties filed the May 21 Joint Status Report. On May 25, 2021, the Court ordered the Parties to file a further joint status report by June 4, 2021. (*Order* (ECF No. 16800).)

## II. THE PARTIES' PROGRESS SINCE THE PREVIOUS UPDATE TO THE COURT

8. Since the filing of the May 21 Joint Status Report, the Parties have continued to exchange correspondence and met-and-conferred telephonically on May 24, 2021 (the "May 24 Meet-and-Confer").[8] The status of the Parties' discussions relating to Ambac's assets- and cash-related requests is as follows:

### A. Status of Assets Requests (Directed Principally to AAFAF)

#### 1. *Update Regarding Ambac's Requests.*

9. As noted in the May 21 Joint Status Report, on May 18, 2021, pursuant to the New Assets Rule 2004 Motion Order, Ambac requested that AAFAF advise whether it or the Real Property Evaluation and Disposal Committee ("CEDBI") have located or received any responses to the Assets Memorandum that have not yet been produced and, if so, to produce those additional responses. AAFAF advised that it is aware of its obligations under the New Assets Rule 2004 Motion Order and, to the extent CEDBI receives additional responses to the Assets Memorandum, AAFAF will produce them. During the May 24 Meet-and-Confer, AAFAF advised that it was not

---

[7] (*Memorandum of Decision and Order on Ambac Assurance Corporation's Motion for an Order Authorizing Discovery Under Rule 2004 Concerning Commonwealth Assets* (ECF No. 16759) (the "New Assets Rule 2004 Motion Order").)

[8] Since the filing of the May 24 Joint Status Report, the Parties have exchanged the following correspondence: (i) the Board's Supplemental Privilege Log of Documents Withheld in Connection with Ambac's Cash Rule 2004 Motion (attached hereto as Exhibit A); and (ii) AAFAF's letter to Ambac, dated June 4, 2021 (attached hereto as Exhibit B).

in a position to provide an update regarding any additional responses to the Assets Memorandum that it or CEDBI have located or received, and would provide an update when one is available. AAFAF now provides an update that, as of the date of the joint status report, CEDBI has not received additional responses to the Assets Memorandum.

### 2. *Summary of Requests as to Which the Parties Previously Reached an Impasse.*

10. As noted in previous joint status reports (ECF Nos. 15930, 16244, 16456, 16716, 16789), Ambac and AAFAF previously reached an impasse with regard to certain of Ambac's requests, including the following requests relating to CRIM: (i) a request for two deeds of trust pursuant to which a "General Trust" account was created for the purpose of holding property taxes collected by CRIM; (ii) requests related to statements made in the FY 2021 CRIM Fiscal Plan and FY 2022 CRIM Fiscal Plan and information regarding tax arrears and liens; (iii) requests for documents and communications related to a 2017 third-party offer to purchase CRIM's tax arrears portfolio for $400 million; (iv) requests for information and documents concerning CRIM's ongoing effort to value and monetize its tax arrears and liens portfolio in connection with an RFP issued by AAFAF and CRIM, including (without limitation) responses submitted by external parties in response to the RFP; and (v) requests for documents and communications regarding how the $400 million estimated value of CRIM's accounts receivable portfolio set forth in the FY 2021 CRIM Fiscal Plan was determined. Ambac and AAFAF also remain at an impasse with regard to Ambac's request for documents related to the terms of any leases for the Prioritized Commonwealth Assets, as well as Ambac's request for deposition testimony on the foregoing issues.

11. Ambac and AAFAF's positions with regard to the foregoing requests remain unchanged since the filing of the May 21 Joint Status Report. However, as previously noted,

AAFAF agreed during the Parties' May 10, 2021 telephonic meet-and-confer to consider Ambac's request that it provide a statement regarding the status of its and CRIM's ongoing efforts to retain a third party to value and sell CRIM's accounts receivable portfolio. AAFAF has not yet provided an update on this request and is in the process of conferring with CRIM about it. Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

  **B.**  **Status of Cash Requests**

    **1.**  *Update Regarding Ambac's Requests.*

  12.  Since the filing of the May 21 Joint Status Report, the Board has produced factual source materials and raw data underlying the portion of the May 2021 Disclosure Statement concerning the Board's and its advisors' cash restriction analysis, as well as a Calculation Back-Up document related thereto. Ambac's review and analysis of these materials is ongoing.

  13.  As noted in previous joint status reports (ECF Nos. 16716, 16789), Ambac propounded requests on May 4, 2021 regarding, *inter alia*, any transfer of surplus funds from Commonwealth public corporations, agencies, and instrumentalities to the Commonwealth pursuant to Chapter 4 of Act 26-2017. During the May 24 Meet and Confer, the Government Parties advised that they will investigate whether documents responsive to this request are available and would provide an update to Ambac upon the completion of that investigation. AAFAF is in the process of identifying transfers of surplus funds that have been made pursuant to Chapter 4 of Act 26-2017.

  14.  On May 18, 2021, Ambac requested that, pursuant to the New Cash Rule 2004 Motion Order, the Board identify previously produced factual source materials and raw data underlying the Duff & Phelps Report related to the "10 critical accounts" identified by Ambac in connection with briefing on the New Cash Rule 2004 Motion. The Board notes that Ambac never

- 5 -

identified these "10 critical accounts" to the Board prior to filing the New Cash Rule 2004 Motion, and did not identify the "10 critical accounts" in the briefing on the New Cash Rule 2004 Motion. The "10 critical accounts" Ambac has now identified are all accounts of public corporations—including the Puerto Rico Infrastructure Financing Authority, the Puerto Rico Convention Center District Authority, and the Puerto Rico Tourism Company—and are not accounts held by the Commonwealth, ERS, or PBA. Ambac did not indicate in the New Cash Rule 2004 Motion that *any* of the "10 critical accounts" were held by legally separate public corporations, much less all of them.

15. In response, Ambac notes that the Court was presumably aware that the "10 critical accounts" were not identified in the briefing on the New Cash Rule 2004 Motion, but nevertheless ordered the Board to identify previously produced documents relating to these accounts. In any event, accounts held by public corporations are clearly relevant to the Board's cash restriction analysis, as the December 2020 Presentation (the fifth iteration of the analysis) examined monies in such accounts and classified them as "potentially inaccessible." Ambac and the Board discussed this request during the May 24 Meet-and-Confer, and the Board advised that it would take Ambac's request under advisement. Ambac believes that the information should be produced.

**2. *Summary of Requests as to Which the Parties Previously Reached an Impasse.***

16. As noted in previous joint status reports (*see* ECF Nos 15846, 15930, 16244, 16456, 16716, 16789), Ambac and the Board previously reached an impasse regarding Ambac's requests that: (i) the Board produce notations and/or notes that the Board's advisors had applied to certain factual source materials and raw data underlying the Duff & Phelps Report, the October 2019 Presentations, and the December 2020 Presentation; (ii) the Board review the documents it has produced to Ambac and identify from those materials documents underlying the Duff & Phelps

Report that relate to nine categories of bank accounts previously identified by Ambac that, per the February 2020 Amended Disclosure Statement and/or the December 2020 Presentation, purportedly contain restricted monies; (iii) the Board produce documents regarding any previous, ongoing, completed, or contemplated efforts to obtain external financing for the PREPA/LUMA transaction discussed in the December 2020 Presentation, the March 2021 Disclosure Statement, and the May 2021 Disclosure Statement; (iv) the Board produce documents relating to monies classified as "potentially inaccessible[,]" "potentially unavailable[,]" or "unreviewed[;]" (v) the Board produce documents relating to COVID-19 and disaster-related expenses incurred by the Commonwealth that could potentially be reimbursed using federal funds; and (vi) the Board produce documents relating to the Commonwealth's $750 million disaster aid revolver.

17. The Parties' positions with regard to the foregoing requests remain unchanged since the filing of the May 21 Joint Status Report, and Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

### III. PROPOSED NEXT STEPS

18. Ambac proposes to submit a further status report to the Court no later than June 18, 2021. For the reasons set forth in the joint status report dated April 16, 2021 (ECF No. 16456), the Board continues to believe further or additional Rule 2004 discovery with a limited subset of the Commonwealth's creditors is not appropriate, and that further discovery should be conducted in accordance with a plan confirmation schedule and in coordination with all parties-in-interest. For the reasons set forth in the joint status report dated April 16, 2021 (ECF No. 16456), and consistent with the Court's New Assets Rule 2004 Motion Order and New Cash Rule 2004 Motion Order, Ambac disagrees with the Board's position and believes the Parties should be making every effort to further these proceedings as much as possible, and there is nothing to be gained by halting

- 8 -

Rule 2004 discovery only so that similar discovery can recommence in a different form months down the line when the Parties are jammed on confirmation-related issues.

Dated: June 4, 2021
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
           amiller@milbank.com
           gmainland@milbank.com
           jhughes2@milbank.com
           johring@milbank.com

***Attorneys for Ambac Assurance Corporation***

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **O'MELVENY & MYERS LLP** |
| By: /s/ *Martin J. Bienenstock* | By: /s/ *Peter Friedman* |
|     Martin J. Bienenstock |     John J. Rapisardi |
|     Margaret A. Dale |     Times Square |
|     Michael T. Mervis |     New York, NY 10036 |
|     Julia D. Alonzo |     Tel: (212) 326-2000 |
|     Laura Stafford |     Fax: (212) 326-2061 |
|     (Admitted *Pro Hac Vice*) |     Email: jrapisardi@omm.com |
|     Eleven Times Square | |
|     New York, NY 10036 | -and- |
|     Tel: (212) 969-3000 | |
|     Fax: (212) 969-2900 | Peter Friedman |
| | 1625 Eye Street, NW |
| **O'NEILL & BORGES LLC** | Washington, DC 20006 |
| | Tel: (202) 383-5300 |
| By: /s/ *Hermann D. Bauer* | Fax: (202) 383-5414 |
|     Hermann D. Bauer (USDC No. 215205) | Email: pfriedman@omm.com |
|     250 Muñoz Rivera Ave., Suite 800 | |
|     San Juan, PR 00918-1813 | -and- |
|     Tel: (787) 764-8181 | |
|     Fax: (787) 753-8944 | Elizabeth L. McKeen |
| | Ashley M. Pavel |
| ***Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth*** | 610 Newport Center Drive |
| | 17th Floor |
| | Newport Beach, California 92660 |
| | Tel: (949) 823-6900 |
| | Fax: (949) 823-6994 |
| | Email: emckeen@omm.com |
| |        apavel@omm.com |
| | |
| | **MARINI PIETRANTONI MUÑIZ LLC** |
| | |
| | By: /s/ *Luis C. Marini-Biaggi* |
| |     Luis C. Marini-Biaggi |
| |     USDC No. 222301 |
| |     Email: lmarini@mpmlawpr.com |
| |     Carolina Velaz-Rivero |
| |     USDC No. 300913 |
| |     250 Ponce de León Ave. |
| |     Suite 900 |
| |     San Juan, Puerto Rico 00918 |
| |     Tel: (787) 705-2173 |
| |     Fax: (787) 936-7494 |
| |     lmarini@mpmlawpr.com |
| |     cvelaz@mpmlawpr.com |

***Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority***

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com