# **EXHIBIT B**

O'Melveny

O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660-6429

T: +1 949 823 6900
F: +1 949 823 6994
omm.com

June 4, 2021

<u>VIA E-MAIL</u>

Jonathan Ohring
MILBANK LLP
55 Hudson Yards
New York, New York 10001

Re:   <u>*In re Fin. Oversight & Mgmt. Bd.,* No. 17-BK-3283-LTS –Commonwealth Assets and Cash Rule 2004 Requests</u>

Counsel:

I write in response to your May 4, 2021 and May 18, 2021 letters, and the parties' May 10, 2021 and May 24, 2021 meet and confers.  By repeating Ambac's headings, AAFAF does not reflect any acceptance or agreement by AAFAF that the materials sought are within the scope of Ambac's original requests or within the acceptable bounds of Rule 2004 discovery.

Assets Rule 2004 Requests

**Category No. 1: Assets (current and transferred/encumbered)**

- *Documents sufficient to show, from January 1, 2015 to the present, the alienation or encumbrance of any assets held by the Commonwealth or its instrumentalities.*

- *A list of the Commonwealth's current assets.*

**AAFAF Assets Review**.  Your May 18, 2021 letter requests whether AAFAF and/or CEDBI have located or reviewed any certifications or similar documents in response to the CEDBI November 2019 memorandum that have not been produced to date.  AAFAF is aware of its obligations under the Court's May 17, 2021 order. To the extent CEDBI receives additional responses to the memorandum, AAFAF will produce them.  As of the date of this letter, CEDBI has not received further responses to the memorandum.

**Ad Valorem Taxes / Tax Arrears**.  Your May 4, 2021 letter sets forth seven new categories of document requests in connection with the Oversight Board's certification of the 2021 CRIM Fiscal Plan.  As we explained on the parties' May 10, 2021 telephone call and in our March 3, 2021 letter, discovery into CRIM is beyond the scope of Rule 2004 discovery the Court articulated.  As Judge Dein reiterated in her May 17, 2021 order denying your request for discovery into other Commonwealth entities, you are entitled only to "core information sufficient to obtain a basic understanding of major aspects of the Commonwealth's financial condition that will be relevant to a plan of adjustment."  ECF No. 16759, at 3.  The information you request is "very attenuated from [the] goal of evaluating the Commonwealth's financial condition and the proposed plan of adjustment," and would involve "numerous steps . . . [in] establishing that there would be . . . funds available for Commonwealth creditors."  *Id.* at 10.

O'Melveny

Regarding your request for a statement regarding the status of CRIM's ongoing efforts to retain a third party to value CRIM's accounts receivable portfolio, AAFAF is conferring with CRIM.

<u>Cash Rule 2004 Requests</u>

**Category Nos. 1 and 2: Presentation and Investigation Documents**

- *All documents relied upon in connection with the "Summary of Cash Restriction Analysis" presentation, dated October 2, 2019 and the "Bank Account Analysis: Status Update – June 30, 2019 Balances" presentation, dated as of October 2, 2019, including documents sufficient to identify the processes and assumptions underlying the Cash Restriction Analysis and any iterative changes in the analysis over time.*

- *All documents relied upon in connection with Duff & Phelps' and/or Ernst & Young's investigation into the cash at government and fiscal plan entities, certain other Title III debtors, and UPR, including but not limited to instructions provided to Duff & Phelps and/or Ernst & Young regarding categorization and restrictions.*

***Act 26-2017 Surplus Transfers***. Your May 4, 2021 and May 18, 2021 letters request documents and communications "regarding any transfer of surplus funds" and "relating or responding to any requests by the Act 26-2017 Committee for transfers" pursuant to Chapter 4 of Act 26-2017. On the parties' May 10, 2021 meet and confer, you acknowledged that part of your intention in making this request was your desire to investigate whether the Act 26-2017 Committee is fulfilling its statutory mandate.

We are working to identify transfers of surplus funds that have been made pursuant to Chapter 4 of Act 26-2017. Your additional request for documents and communications "relating or responding to any requests by the Act 26-2017 Committee for transfers" is outside the scope of Rule 2004 discovery. Until such transfers are consummated, they may never occur, rendering their relevance speculative and beyond the scope of Rule 2004 discovery. *See In re SunEdison, Inc.*, 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) (Rule 2004 requests "premature," where requests turned on events "unlikely" to occur or turned on actions that the debtor "may" decide to take). Your apparent desire to police whether the Act 26-2017 Committee is fulfilling its mandate is improper and does not warrant the expansive discovery you seek.

Sincerely,

/s/ *Elizabeth L. McKeen*

Elizabeth L. McKeen