UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | PROMESA |
| | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | No. 17 BK 3283-LTS |
| | ) | |
| as representative of | ) | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, | ) | |
| *et al.* | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| In re: | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | No. 17 BK 4780-LTS |
| as representative of | ) | |
| PUERTO RICO ELECTRIC POWER | ) | |
| AUTHORITY ("PREPA") | ) | |
| | ) | |
| Debtor.[1] | ) | **Re: 17-BK-3283-LTS, ECF Nos.** |
| | ) | **8789, 8838, 8850, 8886, 10307,** |
| | ) | **10607, 13253, 13373, 15308, 15396** |

**STATUS REPORT PURSUANT TO DECEMBER 9, 2020
ORDER SETTING DEADLINE FOR FURTHER STATUS
REPORT REGARDING COBRA ACQUISITION LLC'S MOTION FOR
<u>ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura T. Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF," and together with PREPA and the Oversight Board, the "Government Parties"), respectfully submit this Status Report pursuant to the Court's *Order Setting Deadline for Further Status Report Regarding Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims*, dated December 9, 2020 (Case No. 17-4780, ECF No. 2329), which directed the Government Parties to file an informative motion as to the status of the criminal proceedings in *United States v. Tribble et al.*, Case No. 19-CR-541-FAB (D.P.R.) (the "Criminal Case") and the pending audit and investigation of the Federal Emergency Management Agency (FEMA).[2]

The Government Parties respectfully submit that the stay should stay in place and state as follows:[3]

---

[2] On January 22, 2020, the Government Parties and Cobra Acquisitions LLC ("Cobra") filed a *Joint Informative Motion Pursuant to Order of October 17, 2019 regarding Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims* (Case No. 17-3283, ECF No. 10307) (the "January 2020 Status Report"). On May 27, 2020, the Government Parties and Cobra filed a *Joint Status Report Pursuant to February 3, 2020 Order Scheduling Further Status Conference in Connection With Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* (Case No. 17-4780, ECF No. 2011) ("May 2020 Status Report"). On December 2, 2020, the Government Parties filed the *Status Report Pursuant to June 5, 2020 Order Regarding Cobra Acquisition LLC's Motion for Allowance and Payment of Administrative Expense Claims* (Case No. 17-4780, ECF No. 2314) (the "December Status Report"). Terms capitalized but not defined herein shall have the meaning ascribed to them in the December Status Report.

[3] The Government Parties incorporate by reference the *Opposition of the Oversight Board, AAFAF, and PREPA to Cobra Acquisitions LLC's Motion to Lift the Stay Order* (Case No. 17-4780, ECF. No. 2507) (the "Lift Stay Opposition") that was filed with the Court on June 4, 2021, which provides a further explanation of the reasons the stay should continue.

I.  **Status of the Pending Criminal Matter**

With respect to the Criminal Case, on March 23, 2021, the United States and the two remaining defendants, Ahsha Tribble and Keith Ellison, appeared before the Honorable Francisco A. Besosa (U.S.D.J., D.P.R.) for a pretrial conference. Currently, the parties to the Criminal Case are continuing to engage in discovery and other motion practice. A trial date has not yet been set.

II.  **Status of FEMA's Review of Cobra's Contracts with PREPA**

On July 27, 2020 the Office of the Inspector General, Department of Homeland Security ("OIG") issued a report entitled "FEMA's Public Assistance Grant to PREPA and PREPA's Contracts with Whitefish and Cobra Did Not Fully Comply with Federal Laws and Program Guidelines" (OIG-20-57) (the "July OIG Report").[4] The July OIG Report contended that PREPA had not monitored Cobra's performance adequately and as a result FEMA may have reimbursed PREPA for Cobra contract costs ineligible for FEMA funds. The July OIG Report stated that FEMA, in its last update to the OIG regarding the reasonableness analysis, estimated "resolution and closure of the recommendation will not occur until May 2021." July OIG Report at 14 n.4.

In line with the July OIG Report and as anticipated in the Government Parties' December Status Report, FEMA has now provided PREPA its "Cost Analysis" of the invoiced costs under the first of two contracts between PREPA and Cobra—a sole-sourced emergency power restoration contract totaling $945 million (the "First Contract"). Further, on May 26, 2021, FEMA's Joint Recovery Office in San Juan issued a "Determination Memorandum" ("DM") formally implementing the results of FEMA's Cost Analysis. The Cost Analysis and Determination Memorandum found, among other things, that:

---

[4] The July OIG Report is available at https://www.oig.dhs.gov/sites/default/files/assets/2020-07/OIG-20-57-Jul20.pdf.

3

- contract costs invoiced by Cobra under the First Contract in the aggregate amount of $898,702,595.95 are eligible for FEMA reimbursement; and
- contract costs in the aggregate amount of $46,024,883 under the First Contract were not supported by the terms of the contract with Cobra and/or could not be tied to the performance of eligible work.

The Determination Memorandum addressed neither the amounts claimed by Cobra to be due to it under its second contract with PREPA (the "Second Contract") nor the criminal proceedings. Accordingly, FEMA stated that it will de-obligate $46,024,883 of the $945 million that it had obligated in 2017 and 2018 for funding of Cobra costs under the First Contract. PREPA is evaluating whether to pursue an administrative appeal of FEMA's decision.

In addition, FEMA noted that Cobra had invoiced PREPA $76,717,644.43 for Cobra's payments of taxes on revenue earned from the First Contract pursuant to a "tax gross-up" provision in which PREPA agreed to cover any tax payments by Cobra to any governmental authority of Puerto Rico in excess of 8.5% of the amounts invoiced by Cobra under the contract. FEMA stated that PREPA must provide documentation of the taxes paid by Cobra to the Government of Puerto Rico in excess of the 8.5% threshold at closeout, and that FEMA would then "deduct the amount of the taxes included in the actual amount of taxes paid that are associated with the ineligible work/costs addressed in this DM." Determination Memorandum at 5.

The Cost Analysis and Determination Memorandum relate solely to the First Contract, for which Cobra has already been paid approximately $893 million. FEMA has not yet released any report with respect to the Second Contract.

The Government Parties have also been informed by Puerto Rico's Central Office for Recovery, Reconstruction and Resiliency ("COR3"), the entity holding FEMA-obligated funds for

ultimate disbursement, that FEMA had directed it some time ago to make no more disbursements of funds to PREPA for Cobra contract costs due to the pending criminal proceeding. The Government Parties understand COR3 is inquiring of FEMA whether this "hold" should continue now that the Determination Memorandum has been issued on the First Contract.

### III. The Stay Should Remain Unmodified

The Government Parties submit that the stay in this matter should remain in effect. The reasons for continuing the stay have been addressed in detail in the Government Parties' prior briefing,[5] most recently in the Government Parties' opposition to Cobra's renewed motion to lift the Title III stay.[6] In short, FEMA's investigation has revealed issues with certain of Cobra's invoiced amounts under the First Contract resulting in de-obligation of over $46 million previously obligated under that contract, and could reveal more under the Second Contract, all of which remain subject to appeal by PREPA. FEMA's final conclusions on both contracts will inform PREPA's objection to certain components of the asserted administrative claim, without the need for costly discovery that would otherwise need to start from scratch. As the Government Parties indicated in the December Status Report, "FEMA's review of the reasonableness of the amounts charged by Cobra . . . might significantly impact the merits and outcome of Cobra's Motion . . . ." *See* December Status Report at 4. Putting aside issues of alleged bribery and the outcome of the criminal proceedings, the final determination of FEMA's in-depth analysis in the Determination Memorandum and Cost Analysis will resolve countless potential factual disputes between Cobra and PREPA, which otherwise would require duplicative, expensive discovery and litigation efforts.

---

[5] *See e.g.*, January 2020 Status Report at 9–11, 13–14; *Opposition of the Oversight Board, AAFAF, and PREPA to Cobra Acquisition LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* [Case No. 17-4780, ECF No. 1959].

[6] *See* Lift Stay Opposition, (Case No. 17-4780, ECF. No. 2507).

The strategy of letting the experts do their work instead of rushing to litigate these issues with respect to the First Contract has been proven to be efficient and correct. PREPA will request FEMA to do the same with respect to the Second Contract.

The Criminal Case also remains ongoing. A final determination of the amounts FEMA is willing to reimburse PREPA on account of outstanding Cobra invoices (including the reasons for disallowance of any such amounts) and resolution of the Criminal Case might significantly impact the merits and outcome of Cobra's Motion for Allowance and Payment of Administrative Expense Claims.[7] In addition, as explained previously, the upcoming criminal proceedings could hinder discovery relating to issues at the heart of PREPA's defenses to liability.[8] Moreover, litigation of Cobra's Administrative Expense Motion now could prejudice PREPA's administrative appeal of the Determination Memorandum with respect to the First Contract if PREPA decides to pursue such an appeal, to the potential detriment of both PREPA and Cobra. Thus the updates described in this report, although reflecting material progress with respect to FEMA, do not constitute a material change warranting any modification of the stay in this matter.[9]

[*Remainder of page intentionally left blank*]

---

[7] See for example (i) the "anti-bribery and fair dealing certification" that Cobra's agent signed subject to "penalty of absolute nullity" pursuant to 3 L.P.R.A. § 1756(d) (repealed 2018) and amended by Act 2-2018 § 3.2(e) (replacing 3 L.P.R.A. § 1756) and (ii) the result of the criminal proceedings may trigger additional contract defenses or FEMA cost disallowances under 2 C.F.R. § 200.339, which in turn directly affect PREPA's liability to Cobra.

[8] *See* May 2020 Status Report at 8.

[9] *See Memorandum Order Denying Cobra Acquisitions LLC's Urgent Motion to Modify the Stay Order and Allow the Undisputed Tax Claims* [Case No. 17-4780, ECF No. 2004] at 11.

New York, New York
June 7, 2020

                    Respectfully submitted,
**O'NEILL & BORGES LLC**

By: /s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Email: hermann.bauer@oneillborges.com


**PROSKAUER ROSE LLP**

By: /s/ *Paul V. Possinger*
Martin J. Bienenstock*
Paul V. Possinger*
Ehud Barak*

Eleven Times Square New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: mbienenstock@proskauer.com
       ppossinger@proskauer.com
       ebarak@proskauer.com
* admitted *pro hac vice*

*Attorneys for the Financial Oversight and Management Board as representative of the Puerto Rico Electric Power Authority*

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.**

By: /s/ *Katiuska Bolaños*
Katiuska Bolaños
kbolanos@diazvaz.com
USDC-PR 231812

290 Jesús T. Piñero Ave.
Oriental Tower, Suite 803
San Juan, PR 00918
Tel. (787) 395-7133

Fax. (787) 497-9664

*Co-Attorneys for Puerto Rico Electric Power Authority*

**O'MELVENY & MYERS LLP**

By: /s/ *Maria J. DiConza*
John J. Rapisardi*
Maria J. DiConza*
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
          mdiconza@omm.com
-and-
Peter Friedman*
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
pfriedman@omm.com
-and-
Elizabeth L. McKeen*
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (949) 823-6900
Fax: (949) 823-6994
emckeen@omm.com

* admitted pro hac vice

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority and Puerto Rico Electric Power Authority*