UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

JOINDER OF GROUP CREDITORS HOLDING GOVERNMENT EMPLOYEES WAGE CLAIMS TO (I) OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT MOTION TO COMPEL DISCLOSURE STATEMENT DISCOVERY FROM OVERSIGHT BOARD AND AAFAF, AND (II) URGENT MOTION OF AMBAC ASSURANCE CORPORATION AND FINANCIAL GUARANTY INSURANCE COMPANY (III) AMERINATIONAL COMMUNITY SERVICES, LLC (the "Servicer"), AS SERVICER FOR THE GDB DEBT RECOVERY AUTHORITY (the "DRA"), TO COMPEL DISCOVERY FROM THE GOVERNMENT PARTIES IN CONNECTION WITH THE DISCLOSURE STATEMENT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

**Now comes** the following active or former government employees as group creditors holding back pay awards pursuant of final judgements entered by Commonwealth courts, in the following cases: Juan Pérez-Colón et al (324 Plaintiffs} collectively (the "Perez-Colon Plaintiffs Group); Jeannette Abrams-Diaz et al (1084 Plaintiffs) collectively (the Abrams- Diaz plaintiffs Group) Agosto-Maldonado, Plaintiffs Group; collectively (729 plaintiff's),; Cruz-Hernandez, Carmen Socorro Plaintiff Group (334 plaintiffs)TPI K AC1991-0665;(Docket 13535) and Group of creditors of the Consolidated CFI Judgments dated April 22,2016 (Norberto Tomassini et al & Ivan Ayala; Plaintiff, A MI 2003-0243 y A PE 2005-0049)(87 Plaintiffs). **Also** join this Motion, the following group wage creditors included in the following pending cases before the Commonwealth Appeal Board (CASP): <u>Abraham-Gimenez, et al (1,046 Plaintiffs) collectively (the Abraham Gimenez Plaintiffs Group; CASP no 2021-01-0346; Alejo Cruz – Santos, et al (262 Plaintiffs') collectively (the Cruz Santos Plaintiff Group) CASP 2002-06-1493. </u>; Delfina Lopez-Rosario, <u>et al Collectively The Lopez-Rosario Plaintiffs Group); (1,345 plaintiffs) CASP 01-10-372; Beltran-Cintron, Plaintiff Group collectively (the Beltran-Cintron Plaintiff Group (4,593 Plaintiffs); CASP no. 2021-01-0345 and Madeline Acevedo-Camacho et al (2,819 Plaintiffs) CASP no 2016-05-1340, and Prudencio Acevedo-Arocho, et al (1,601 Plaintiffs)TPI KAC 2005-5022,( currently pending at the TPI and TSPR).</u> and, together, collectively, the Group wage Claimants, by and through their undersigned legal counsel, hereby submit this Joinder (this "Joinder") to (I) Official Committee of Unsecured Creditors' Urgent Motion to Compel Disclosure Statement Discovery from Oversight Board and AAFAF, and (II) Urgent Motion of AMBAC Assurance Corporation and Financial Guaranty Insurance Company to Compel Discovery from the Government Parties in Connection with the Disclosure Statement (ECF 16811, 16812) (collectively, the "Disclosure Statement Motions to Compel" or "Motions"), and respectfully request as follows

1. The Group wage Creditors are entitled to any discovery related to the Disclosure Statement (and Plan confirmation) that the movants are entitled to under the Motions. As likely objectors to the Disclosure Statement (and the Plan), the Group wage creditors should be permitted to serve and participate in any discovery process. Accordingly, the Group creditors join the Disclosure Statement Motions to Compel and request that any

Order the Court grants ensure that the Group wage Creditors receive the same discovery rights as other Disclosure Statement objectors

2. Disclosure Statement (and the Plan), the Group wage Creditors should be permitted to serve and participate in any discovery process. Accordingly, the Group wage Creditors join the Disclosure Statement Motions to Compel and request that any order the Court grants ensure that the Group wage Creditors receive the same discovery rights as other Disclosure Statement objectors.

3. As the Court is aware, the Group wage creditors, collectively is composed by a group of 14,224 active or former government low pay employees, who have wage claims against the Commonwealth, for violations of the state and federal minimum wage laws, since did not received the correct rate of pay, for work performed.

4. In that regards, the Group wage Creditors intend, at their earliest opportunity, to seek discovery related to the proposed Plan—including (i) the documents sufficient to show the Commonwealth's basis or justification for splitting or gerrymandering in two classes the unsecured employee wage claims, and creating an impaired class 49 for purpose of voting, but solely including the pre-petition claims arising from grievances or collective bargaining agreements of AFSCME employees affiliates, (ii) documents sufficient to show the justification for providing substantially different treatment and recovery to Movant's group creditor's claims, as compared with class 49, (iii) documents sufficient to show the number of AFSCME claims holders that are entitled to vote for approval or rejection of the Third Amended Title III Joint Plant of Adjustment, to include name of claimants, claim number and respective claim amounts.(iv) documents sufficient to show the Oversight Board Guidelines for transferring employees wage claims to the ACR or to the ADR process, and the reason why Group wage creditors have been excluded from the structured settlement of the ACR procedure (v) the number and amounts of the employees wage claims transferred to the ACR or ADR procedures, broken down by categories (v) the documents regarding the present and estimated amounts of the total cost of the settlement negotiations concerning the ACR and the ADR procedures; the claim estimated percentage of recovery and terms of payment, in each of mentioned procedures (vi) the documents, including the pertinent financial analysis were are identified the surplus cash, and bank accounts and other pertinent

source, to support the independent liquidations of employees pre-petition wages, under the ACR and ADR procedures and (viii) the documents that support the distributions and payments already made to employees pre-petition wages, as unsecured creditors.

5. This information is critical to both confirmation of the Third Amended Plan and the adequacy of the Disclosure Statement, and to determine whether the ACR and ADR procedures are being unduly used to modify, aid or substitute the plan confirmation or to relocate reorganization surplus to debtors key creditors and/or supporters, without meaningful review, and therefore, ought to be careful scrutinized to police distortion concerning structured dismissal in view of the Supreme Court concerns about procedural end-runs, in *Czyzewski v Jevic Holdings Corp.* 580 U.S. 973, (2017), since the consequences could be potentially serious.

6. Also, because in the present case the Debtor is misleading this Court, as to the relevance of the discovery sought by the Official Unsecure Creditors Committee. As an example of the multiple misrepresentations, is pertinent to state for the record, that the Group wage creditors object the argument presented in paragraph 59 of the Oversight Board Motion in Opposition to the Urgent Motion of the Official Committee of Unsecured Creditors to Compel Discovery in Connection with the Third Amended Disclosure Statement (Docket no. 16883). Particularly, because the argument to object discovery, as to the Post- petition payments to unsecured creditors, represent a subjective opinion of the Oversight Board, since does not identify the particular Title III or Bankruptcy Code disposition that support the assertion regarding the Commonwealth unrestricted right or discretion to pay pre- petition unsecured claims.[1]

7. To the contrary, this is an unreasonable attempt to obstruct or circumvent the discovery process and should be rejected. The Commonwealth does not have an absolute right or unlimited discretion to continue paying certain of its prepetition unsecured creditors, without obtaining the Court's prior authorization and the consent of affected creditors. See §§1129(a) (7), 1129(b) (2) bankruptcy Code.

8. The Group Wage Creditors therefore respectfully request that any order the Court enters with respect to the Disclosure Statement Motions to Compel expressly provide that

---

[1] Here is pertinent to clarify that with the exception provided in the Global Notes, included as EXHIBIT A of the Title III Petition, (Docket 1215 -1) filed on 08/30/2017, were the Commonwealth articulated its payroll policy, as to continue to honor and pay, all accrued obligations for wages and salaries, including earned vacation, severance and sick-leave pay, and contributions to employee benefit plans in the ordinary course, there is no other identifiable provision that support Debtor's argument..

the Group wage Creditors shall (a) have the right to propound their own discovery, including document requests, deposition notices, and any other discovery device, (b) receive all documents produced as a result of the Disclosure Statement Motions to Compel, (c) be entitled to attend and participate in any depositions that arise out of the Disclosure Statement Motions to Compel, and (d) be included in any meet and confer process or hearing related to the Disclosure Statement Motions to Compel, as reflected in the proposed order attached to this Joinder as Exhibit A (the "Proposed Order").

9. Nothing herein shall prejudice the Group claim Creditor's rights to independently seek any discovery, in connection with the Disclosure Statement or otherwise, from the Oversight Board, AAFAF, the Commonwealth, or any other entity as permitted by law.

10. WHEREFORE, the Group wage creditors respectfully request that the Court GRANT this Joinder, enter the proposed order attached hereto as Exhibit A, and issue any further relief appropriate at law or in equity.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 7th day of June 2021

WE HEREBY CERTIFY, in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's Fourteenth Amended Notice, Case Management and Administrative Procedures Order [ECF 15894-1] (the "CMP Order"), that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system including the US Trustee in addition, to all those parties registered to receive notice within the electronic notification service, as well as sent a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order

By: /s/ IVONNE GONZALEZ-MORALES
IVONNE GONZALEZ-MORALES
USDC NUM: 202701
E-mail: ivonnegm@prw.net

IVONNE GONZALEZ MORALES
PO BOX 9021828
SAN JUAN, PR 00902-1828
Tel. (787) 410-0119

Attorney for Group Wage Creditors

# EXHIBIT A

Proposed Order

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING THE GROUP WAGE CREDITOR'S JOINDER TO THE MOTIONS COMPELLING DISCLOSURE STATEMENT DISCOVERY FROM THE GOVERNMENT PARTIES**

Upon consideration of the Motion for Joinder of the Group Wage Creditors' to (I) Official Committee of Unsecured Creditors' Urgent Motion to Compel Disclosure Statement Discovery from Oversight Board and AAFAF and (II) Urgent Motion of Ambac Assurance Corporation And Financial Guaranty Insurance Company to Compel Discovery from the Government Parties in Connection with the Disclosure Statement (the "Joinder"), and the Court having reviewed the Joinder and the relief requested; the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167 (a); notice of the Joinder being adequate and proper

---

1 The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566- LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

under the circumstances; and after due deliberation and sufficient cause Appearing;

therefore, it is

**HEREBY ORDERED THAT:**

1. The Joinder is GRANTED to the extent set forth herein.

2. The Group Wage Creditors Parties are permitted to seek discovery from the Commonwealth, the Oversight Board, AAFAF, and any other Debtor or Government Party related to the Disclosure Statement or its adequacy, including, but not limited, to documents, studies, and any data regarding the justification for splitting wage employee claims in class 55 and class 49 and for giving a different recovery and treatment to the wage claims; the documents sufficient to show the number of AFSCME claims holders that are entitled to vote for approval or rejection of the Third Amended Title III Joint Plant of Adjustment, to include name of claimants, claim number and respective claim amounts. Also, the guidelines regarding to the ACR and ADR, transfer and settlement procedures. The number of the estimated employees claims to be transferred to the ACR procedure broken down by categories and studies made to estimate the value of the settlements obligations; the estimated percentage of recovery under such procedure and the pertinent financial analysis in which Debtor's identified the surplus cash in Bank accounts and other funds available, in the Commonwealth general budget to support said independent settlements and liquidations.

3. The Group wage Creditors shall be entitled to receive all discovery produced to any other parties in connection with the Disclosure Statement Motions to Compel.

4. The Group Wage Creditors shall be entitled to attend and participate in any deposition conducted by or in association with any other party arising out of the Disclosure Statement Motions to Compel.

5. The Group wage Creditors shall be entitled to participate in all meet and confers regarding discovery or depositions in any way related to the Disclosure Statement Motions to Compel.

SO ORDERED.

Dated: _____

_____
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE