# U.S. Bankruptcy Court

## District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 6/2/2020 at 9:38 AM AST and filed on 6/2/2020
Case Name:     COMMONWEALTH OF PUERTO RICO and PUERTO RICO ELECTRIC POWER AUTHORITY
Case Number:   17-03283-LTS9
Document Number: 13316

Docket Text:
MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E. JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 12772). Related document: [12772] MOTION to be excluded from PROMESA filed by Obe E. Johnson Signed by Judge Laura Taylor Swain on 6/2/2020.(mr) s/c sent to Obe E. Johnson.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART OBE E.
JOHNSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 12772)

Before the Court is the *Motion to Be Exclude from Law PROMESA* (Docket Entry No. 12772 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"), which the Court construes as seeking relief from the automatic stay imposed by the filing of the above-captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the "Appeal"), which is currently pending before the United States Court of Appeals for the First

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

Circuit, on appeal from Case No. 09-01172 (the "Habeas Corpus Action") in the United States District Court for the District of Puerto Rico, and (ii) a case captioned Johnson v. Porrate-Doria, Case No. 14-1841 (the "Damages Action"), which Movant filed in the District of Puerto Rico in November 2014.

The Court has considered carefully all of the parties' submissions.[3] For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

*Habeas Corpus Action and Appeal*

On February 20, 2009, Movant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the District of Puerto Rico, alleging that his criminal conviction in Commonwealth court and the prison sentence that was imposed on him as a result were unlawful. (See *Response of the Commonwealth of Puerto Rico to Motion to Be Excluded from Law PROMESA Filed by Obe E. Johnson* (Docket Entry No. 12968, the "Response"), ¶ 1.) On June 24, 2009, the District Court denied Movant's petition. (Id.) Thereafter, the First Circuit denied both Movant's request to file a successive petition for a writ of habeas corpus with the District Court, and Movant's successive petition to the First Circuit seeking a writ of habeas corpus. (Id. ¶ 2.) On June 3, 2019, Movant appealed the District Court's order denying his petition for a writ of habeas corpus. (Id. ¶ 3.) That appeal currently remains pending before the First Circuit. (Id.)

---

[3] Pursuant to the Court's *Order Scheduling Briefing of Motion Filed by Obe E. Johnson* (Docket Entry No. 12824), Movant's reply papers were due on May 6, 2020. No reply papers have been filed to date.

*Damages Action*

On November 18, 2014, Movant commenced a civil action against the Commonwealth, among other defendants, seeking damages in connection with his allegedly wrongful criminal conviction in Commonwealth court.[4] (Id. ¶ 4.) On October 23, 2015, the District Court granted the Commonwealth's motion to dismiss the Damages Action for failure to state a claim, thereby dismissing all of Movant's claims, with prejudice. (Id. ¶¶ 5-6.) On January 11, 2016, the District Court denied Movant's motion seeking reconsideration of the order dismissing Movant's claims. (Id. ¶ 7.) No appeal of either decision was timely filed. (Id.)

*Lift Stay Motion*

Movant, who apparently remains incarcerated, filed the instant Motion on April 7, 2020. The Motion asserts that Movant "was illegally admitted into the Puerto Rico Correction Prison on February 19, 2005," and seems to contend that, because Movant's incarceration began before the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") was enacted, the automatic stay now in effect pursuant to PROMESA should not apply to an action seeking compensation for the time he has spent incarcerated. (Mot. at 1.) To that end, the Motion asserts that this Court should "hear this matter . . . according to the time" Movant was first incarcerated, that "PROMESA should not be referred to" Movant, and that Movant should be compensated by the Commonwealth government because he "was illegally incarcerated before . . . PROMESA come into exist[ence]." (Id. at 2.) Although the Motion does not explicitly seek stay relief with respect to any particular action, the Motion references a "case [that] is currently pending before the United States Court of Appeals for the First Circuit" arising

---

[4] The Damages Action was originally filed in the United States District Court for the Eastern District of Pennsylvania, and was transferred to the District of Puerto Rico on November 21, 2014. (See Resp. ¶ 4 n.4.)

from "an original proceeding successive habeas corpus," and attaches as exhibits a letter from the Clerk of Court for the First Circuit concerning Case No. 19-1534 as well as the District Court's *Memorandum and Order* dismissing Movant's claims in the Damages Action. (See id. at 1; Docket Entry No. 12772-1.)

In its Response, the Commonwealth indicates that, with respect to the Appeal and the Habeas Corpus Action, it agrees to a limited modification of the automatic stay solely to allow the case to proceed to final judgment, and to permit the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief. (Resp. ¶ 11.) The Commonwealth contends that the automatic stay should otherwise continue to apply to the Appeal and the Habeas Corpus Action. (Id.) As to the Damages Action, the Commonwealth argues that relief from the automatic stay is unwarranted because that action was dismissed years ago and no timely appeal was filed, and because Movant has failed to demonstrate cause to lift or modify the stay under section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 362(d). (See Resp. ¶¶ 13-19.)

As noted above, the Court construes the Motion as a request for relief from the automatic stay as it applies to the Appeal, the Habeas Corpus Action, and the Damages Action.

DISCUSSION

Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the automatic stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").

See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

In light of the Commonwealth's consent to a limited modification of the automatic stay in connection with the Appeal and the Habeas Corpus Action, the Court finds cause to modify the automatic stay solely to the extent necessary to allow (i) the Appeal and the Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief. It appears that the interests of judicial economy and expeditious resolution of the Appeal and the Habeas Corpus Action are best served by permitting the litigation to proceed in this fashion. Nevertheless, Movant has identified no basis, and thus has failed to demonstrate cause, to further modify the automatic stay as it applies to the Appeal and the Habeas Corpus Action. Therefore, the automatic stay shall continue to apply in all other respects to the Appeal and the Habeas Corpus Action, including to the pursuit, execution, and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

Further, Movant has failed to demonstrate cause to lift or modify the automatic stay as it applies to the Damages Action. As indicated above, the Damages Action was dismissed, with prejudice, in 2015, and Movant failed to timely file an appeal of the District Court's decision. Movant also failed to appeal the 2016 denial of his motion for reconsideration

of the dismissal decision. Because the dismissal of his Damages Action was final and with prejudice, Movant could receive no benefit from an order lifting the stay of that action. Accordingly, the hardship to the Commonwealth of devoting its legal resources to litigation relating to the Damages Action significantly outweighs any possible burden on Movant caused by the automatic stay, and Movant's request for an order lifting or otherwise modifying the automatic stay with respect to the Damages Action is denied.

## CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part, and the automatic stay is modified only to the extent expressly set forth herein. This Memorandum Order resolves Docket Entry No. 12772.

SO ORDERED.

Dated: June 2, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------x

ORDER DENYING OBE E. JOHNSON'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 13510)

Before the Court is the *Motion for Relief from Stay Under 362(e)* (Docket Entry No. 13510 in Case No. 17-3283,[2] the "Motion"), filed by Obe E. Johnson (the "Movant"). The Motion, which was originally filed in the case captioned Johnson v. Muñiz, Case No. 14-1867 (D.P.R.) (the "Second Damages Action") and subsequently referred to this Court (see Docket Entry No. 60 in Case No. 14-1867), seeks relief from the automatic stay imposed by the filing of the above-captioned Title III case on (i) a case captioned Johnson v. Morel, Case No. 19-1534 (the "Appeal"), which is currently pending before the United States Court of Appeals for the First Circuit, on appeal from Case No. 09-1172 (D.P.R.) (the "Habeas Corpus Action"), (ii) a case captioned Johnson v. Porrate-Doria, Case No. 14-1841 (D.P.R.) (the "First Damages Action"), and (iii) the Second Damages Action.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

On April 7, 2020, Movant filed the *Motion to Be Exclude from Law PROMESA* (Docket Entry No. 12772, "Initial Motion"), which the Court construed as a motion seeking relief from the automatic stay with respect to the Habeas Corpus Action, the Appeal, and the First Damages Action. (See *Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 12772)*, Docket Entry No. 13316, the "Memorandum Order," at 1-2.) In the Memorandum Order, this Court granted in part and denied in part the Initial Motion, concluding that Movant had established cause to modify the automatic stay to a limited extent with respect the Appeal and the Habeas Corpus Action only.[3] The Court otherwise denied the Initial Motion. Less than a month later, Movant filed the instant Motion.

Movant fails to establish cause to further modify the automatic stay with respect to the Appeal and the Habeas Corpus Action, or for the Court to alter its ruling in the Memorandum Order with respect the First Damages Action. Nor has Movant demonstrated cause to lift or modify the automatic stay as it applies to the Second Damages Action. That action was dismissed with prejudice by Judge Francisco A. Besosa on September 25, 2015 (see Docket Entry No. 48 in Case No. 14-1867), and Judge Besosa's ruling was affirmed by the United States Court of Appeals for the First Circuit on July 1, 2016 (see Docket Entry No. 58 in Case No. 14-1867). Because the dismissal of the Second Damages Action was, like the dismissal of the First Damages Action, final and with prejudice, Movant could receive no benefit from an order lifting the stay of the Second Damages Action. (See Mem. Ord. at 5-6.) Therefore, the hardship to the Commonwealth of devoting its legal resources to litigation relating to the Second Damages Action significantly outweighs any possible burden on Movant caused by the automatic stay, and Movant's request for an order lifting or otherwise modifying the automatic stay with respect to the Second Damages Action is denied. (See id.)

Accordingly, the Motion is denied in its entirety. This Order resolves Docket Entry No. 13510.

SO ORDERED.

Dated: July 9, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[3] On the same day that this Court entered the Memorandum Order, the United States Court of Appeals for the First Circuit denied Movant's application for leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b) as well as Movant's subsequent motions and requests for relief, which it construed as supplements to Movant's original application. (See Docket Entry No. 16 in Case No. 09-1172.)