No. 20-1698

---

## UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

---

OBE E. JOHNSON,

Plaintiff - Appellant,

v.

LCDA. FABIOLA ACARON PORRATA-DORIA; ESTADO LIBRE
ASOCIADO DE PUERTO RICO; ADMINISTRACION DE CORRECCION
DE PUERTO RICO,

Defendants - Appellees.

---

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

## MOTION IN COMPLIANCE WITH ORDER AND TO DISMISS APPEAL

COME NOW, Defendants-Appellees the Commonwealth of Puerto Rico,
and the Puerto Rico Department of Corrections and Rehabilitation, through the
undersigned attorney and respectfully state and pray as follows:

1.     On September 24, 2020, this Honorable Court ordered the parties to
show cause as to whether the automatic stay provided for in Title III of PROMESA
stays this appeal. In its order, this Honorable Court noted that the notice of appeal
appeared to have been filed late. For the reasons that follow, appearing Defendants

assert that (1) this Honorable Court lacks jurisdiction to resolve this appeal because it was filed late; and (2), in the alternative, the Title III stay applies to this appeal.

2.     This appeal originates in consolidated cases No. 14-1481 (JAG) and No. 15-1571 (JAG), filed before the United States District court for the District of Puerto Rico.  Plaintiff brought these cases against the Commonwealth of Puerto Rico, the Puerto Rico Department of Corrections and Rehabilitation[1], and his former attorney, Fabiola Acarón Porrata-Doria.  He alleged that he was wrongly convicted of various felonies before the Puerto Rico courts, which caused him to lose his carpet cleaning company.  He sued the Commonwealth defendants under 42 U.S.C. §1983, requesting an award of $25 million in damages.  In these cases, the district court entered a Memorandum and Order and a Judgment dismissing the complaints with prejudice on October 23, 2015 (Dkt. ## 28 and 29).  On January 11, 2016, the district court entered an Order (Dkt. # 32), in which it denied a motion requesting order filed by Plaintiff (Dkt # 30).  On June 29, 2020, Plaintiff filed a Notice of Appeal before this court, which referred it to the district court.

3.     From the above, Plaintiff's Notice of Appeal is clearly untimely. Fed. R. App. 4(a) requires that a notice of appeal be filed within thirty (30) days after the district court has entered the judgment appealed from.  The district court entered its

---

[1] The Department of Corrections and Rehabilitation is a department of the Commonwealth of Puerto Rico and may not be sued separately from the Commonwealth. The undersigned attorney does not represent Mrs. Acarón.

judgment on October 23, 2015. On January 11, 2016, the district court denied a motion requesting order filed by Plaintiff. Even assuming that this motion served to toll Plaintiff's time to appeal, it would have ended on February 10, 2016. Since Plaintiff filed his Notice of Appeal from this judgment on June 29, 2020, it is more than four years late.

4.      Because Plaintiff's Notice of Appeal is untimely, this Honorable Court has no jurisdiction to hear it. Vaquería Tres Monjitas, Inc. v. Comas-Pagán, 772 F. 3d 956, 960 (1st Cir. 2014). Compliance with Fed. R. App. 4(a) is "mandatory and jurisdictional". García-Velázquez v. Frito Lay Snacks Caribbean, 358 F. 3d 6, 8 (1st Cir. 2004), quoting Browder v. Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978). Therefore, this Honorable Court should dismiss this appeal without entering on any other questions.

5.      In the alternative, this appeal would be stayed by the Commonwealth of Puerto Rico's filing of a petition for reorganization of its debts under title III of PROMESA, because it is a pre-petition claim for money damages against the Commonwealth.

6.      On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), on behalf of the Commonwealth of Puerto Rico ("the Commonwealth"), filed a petition for relief under Title III of PROMESA, 48 U.S.C. § 2161, et seq., in the United States District Court for the District of Puerto Rico.

7.    Pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of PROMESA, the commencement or continuation "of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the petition under Title III, or "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" a Title III proceeding is automatically stayed without further action. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a) (emphasis provided).  The Commonwealth of Puerto Rico is the debtor in the Petition pursuant to 48 U.S.C. § 2161(c)(2).

8.    The section 362(a) stay applies to all actions brought directly against the debtor, including requests for injunctive relief.  Municipality of San Juan v. Commonwealth of Puerto Rico, 919 F. 3d 565, 576-577 (1st Cir. 2029), citing 3 Collier on Bankruptcy par. 362.03 (16th ed. 2018)); Newberry v. City of San Bernardino (In re City of San Bernardino), 558 B.R. 321, 329 (C.D. Cal. 2016). "The automatic stay is 'extremely broad in scope' and, 'applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" Assured Guaranty Corp. v. The Financial Oversight and Management Board for Puerto Rico (In re Financial Management Board of Puerto Rico), 919 F. 3d 121, 129 (1st Cir. 2019), quoting In re Slabicki, 466 B.R. 572, 580 (1st Cir. B.A.P. 2012) (quoting Patton v Bearden, 8 F. 3d 393, 399 (6th Cir. 1993)); Montalvo v. Autoridad

4

de Acueductos y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R. 2015).

9.     The automatic stay is among the most basic of debtor protections under bankruptcy law and is intended to give the debtor breathing room by stopping all collection efforts against the debtor. In re Soares, 107 F. 3d 939, 975 (1st Cir. 1997). The stay springs into being immediately upon the filing of a bankruptcy petition, operates without the need for judicial intervention, and remains in force until the bankruptcy court either disposes of the case or lifts the stay. Id. This respite enables debtors to resolve their debts in a more orderly fashion, and also safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Id., citing Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 114 (1st Cir.1994).

10.     Plaintiff's cause of action against the Commonwealth clearly seeks to collect damages from the Commonwealth's resources, and litigation of this appeal has forced the Commonwealth to spend funds. Further, his claims do not fall under any of the exceptions to the bankruptcy stay set forth in Section 362 (b). Accordingly, this appeal is stayed by Section 362 of the Bankruptcy code, as incorporated by reference under Section 301(a) of PROMESA. Municipality of San Juan, supra; Assured Guaranty Corp., supra.

11. In light of the above, the Commonwealth asserts, in the alternative that this appeal is not dismissed for being untimely, that it is stayed pursuant to Title III of PROMESA. In such a case, Plaintiff would have the alternative to seek from the Title III court a lift of the stay, pursuant to the Eleventh Amended Case Management Procedures established for such purpose in the Title III proceedings. Bkr. No. 17-03283 (LTS), Docket No. 11855.

13. The Commonwealth does not waive any right or defense arising from Title III of PROMESA and the Commonwealth's Petition under Title III, or from the filing of that notice. The Commonwealth reserves its right to plead or address any pending matter or claim in this case.

WHEREFORE, appearing Defendants respectfully request that this Honorable Court take notice of the above and dismiss the present appeal for being untimely, or, in the alternative, stay all proceedings in this appeal.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 8th day of October, 2020.

ISAÍAS SÁNCHEZ-BÁEZ
Solicitor General of Puerto Rico

s/Carlos Lugo-Fiol
CARLOS LUGO-FIOL

## CERTIFICATE OF FILING AND SERVICE

I **HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. Additionally, I am sending a true and exact copy of this motion by electronic mail to Mr. Obe E. Johnson, Guayama Correctional Complex, AB-033, P.O. Box 10005, Guayama, PR 00785-0000.

In San Juan, Puerto Rico this 8th day of October, 2020.

*s/ Carlos Lugo-Fiol*
CARLOS LUGO-FIOL
USCA No. 41677
P.O. Box 260150
San Juan, PR 00926
Tel. (787) 645-4211
E-mail: clugofiol@gmail.com

7