# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et. al<br><br>Defendants. | Adv. Proc. No. 20-0003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et. al<br><br>Defendants. | Adv. Proc. No. 20-0004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et. al<br><br>    Defendants. | Adv. Proc. No. 20-0005-LTS |

## ORDER ON JOINT STATUS REPORT

On May 24, 2021 the parties filed an "Urgent Joint Motion to: (I) Modify Protective Order Motion Briefing Schedule; (II) Continue Discovery Complete Date; and (III) Extend Deadline to Submit Post-Discovery Supplemental Briefing Schedule" (Dkt. No 16972)[2]. Therein the parties proposed that if they "agree one or more individual depositions may be taken" that

---

[2] Unless otherwise specified, docket entry references herein shall be to Case No. 17-BK-3283. The PRIFA, CCDA and HTA Revenue Bond Adversary Proceedings are Adv. Proc. Nos. 20-03, 20-04 and 20-05 respectively.

the completion date for discovery in connection with the pending motions for partial summary judgment be extended to June 11, 2021. The Court adopted the proposed schedule on May 25, 2021 (Dkt. 16799). On June 11, 2021 the parties filed a Joint Status Report (Dkt. 16932) which indicates that there are several disagreements relating to whether discovery should be deemed to be completed. The parties detail their positions in the Joint Status Report. Based on that Report, it is hereby ORDERED as follows:

    1. Recognizing that Ambac[3] has indicated a desire to take a number of additional depositions, this Court nevertheless orders that discovery be completed by the agreed upon date of June 11, 2021. Limited, targeted discovery was allowed by the Court on January 20, 2021 (Dkt. No. 15656). It was originally to be completed by May 7, 2021 (see Dkt. No. 15809), and has been extended by agreement (and with Court approval) to June 11, 2021 (see Dkt. No. 16365, extending deadline to May 19, 2021 and Dkt. No. 16799, extending deadline to June 11, 2021). Given the active discovery which has been taking place since January, there is no reason why the parties' jointly proposed date of June 11, 2021 should not have been realistic. Nor is there any reason why the list of deponents should be expanded so greatly after May 24th and just days before the June 11, 2021 deadline.

    2. The deposition of Timothy Ahlberg as the Government Parties' 30(b)(6) witness shall be deemed completed. It has already extended well beyond the allotted/agreed upon time. Given the number of days Mr. Alhberg has already been deposed, and the very little time Ambac claims it needs to complete the deposition (30 minutes), it is clear that the questions

---

[3] Capitalized terms not defined herein shall have the meanings given to them in the Joint Status Report.

remaining to be answered, if any, are not critical to Ambac's ability to address the summary judgment issues pending before the Court.

3. This Court confirms the procedures established for the exchange of communications with third parties set out in the Second Motion to Compel Order, which is limited to law firm communications. To the extent a clarification is needed, nothing in the Order precludes a party from redacting privileged communications not related to the subpoenas and the appropriate scope of the production in response to the subpoenas. If there is any dispute about the scope of redactions in a specific document, any party may file an appropriate motion. The Order was not intended to require the disclosure of privileged substantive strategy-related or work-product communications.

4. The parties shall file their proposed post-discovery briefing schedule for the motions for summary judgment within seven days of June 11, 2021 as previous proposed by the parties and ordered by the Court.

SO ORDERED.

                                      / s / Judith Gail Dein
                                      JUDITH GAIL DEIN
                                      UNITED STATES MAGISTRATE JUDGE

DATED: June 11, 2021