**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, The Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority,<br><br>Debtors | PROMESA Title III<br><br>No. 17 BK 3283 (LTS)<br><br>(Jointly Administered) |

**OBJECTION TO "DISCLOSURE STATEMENT FOR THE THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO ET AL." BY CREDITORS WHO ARE PLAINTIFFS IN CERTAIN CASES UNDER 42 U.S.C. §1983**

To the Honorable Court:

Comes now the undersigned attorney in representation of the creditors listed in Exhibit A 1,2,3 pertaining to USDCPR cases 17-1770, 17-2835 and 18-1081 (The creditors").

These creditors filed complaints against Defendants identified in Exhibit B (in their personal capacity) for violation to the First, Fifth and Fourteen Clauses of the Constitution of the United

1

States of America, 42 U.S.C. §1983 and violation to certain clauses of the Constitution of the Commonwealth of Puerto Rico.

Even though the Commonwealth of Puerto Rico (hereinafter the "Commonwealth" or "Debtor") is not a party to any of the above-mentioned actions, the Commonwealth's attorneys made appearances and requested that the cases be stayed due to the PROMESA dispositions and the filing of case 17-3283. Subsequently, attorneys for defendants moved to modify the Automatic Stay and the Court granted the modification (Docket #3795). The Commonwealth assumed the cost of representation and the payment of any adverse judgment.

The creditors filed proof of claims in this case, to insure that the Commonwealth, having assumed the indemnity obligation, will pay any judgment in their favor.

**A. Name and address of the objector or entity proposing a modification of the Disclosure Statement, the amount of its claim and the nature of its interest in the Debtor's case.**

The objectors in this case are the individuals identified in Exhibit A-1, A-2 and A-3. Their proof of claim numbers are shown next to the name of each individual creditor. The interest against the Debtor is a result of the dispositions of Law 104 of June 29, 1955, as amended by Law 9 of November 26, 1975 (32 L.P.R.A. §3085). There are 86 plaintiffs in the above-mentioned cases, each claiming $1,500,000.00 for a total of $129,000,000.00

2

**B. Basis and nature of any Objection and proposed modification to the Disclosure Statement, with the suggested language.**

The creditors filed three actions in the United States District Court for the District of Puerto Rico for compensatory and punitive damages, injunctive and equitable relief under the First and Fourteenth amendments to the Constitution of the United States of America, and Sections 1983 and 1988 of title 42 United States Code for the deprivation of Plaintiffs' property rights without due process of law, the retaliatory termination of their employment based on their political beliefs, damages to their professional reputation and mental anguish and emotional damages caused to plaintiffs by the defendants. The Commonwealth was not included as a defendant.

The defendants in those cases, sued in their personal capacity, requested the benefits of Puerto Rico Law 104, as amended by Law 9. Pursuant to Law 9 and the Regulation Regarding Legal Representation and Payment of Judgment (Regulation 8405 of 2013), the Commonwealth's Department of Justice granted said benefits. Specifically, defendants were provided legal representation and the Commonwealth assumed the cost of said legal representation, including, but not limited to, the costs of depositions,

3

transcripts, and translations. Several attorneys were retained to represent the defendants.

Likewise, pursuant to Law 104, as amended by Law 9, and its Regulation 8405, the Commonwealth assumed the payment of a subsequent adverse judgment against every defendant in said cases.

Initially, the Commonwealth's attorneys proceeded to file Notice of Automatic Stay in the cases mentioned above. At the request of the attorneys for the defendants, the Automatic Stay was modified, and the cases continued to complete discovery and to the Summary Judgment stage.

In case 17-2385, cross motions for summary judgment are pending before the Court. In cases 17-1770 and 18-1081, after the District Court denied defendant's motions for summary judgment, the Commonwealth took the case to the appellate level. In recent days, the First Circuit Court issued orders to show cause why the appeals should not be dismissed for lack of jurisdiction. If the appeals are dismissed, the cases will be remanded and will be ready for trial. A further modification of the stay will be requested to finalize the cases.

As the Commonwealth assumed the cost of litigation and payment of any adverse judgment, the herein appearing creditors filed their proof of claim.

OBJECTION

The creditors object to the Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico et al. because it lacks transparency regarding the cost of litigation and payment of adverse judgments in §1983 cases. More specifically, they object the Disclosure Statement as follows: a) it does not make a disclosure of the number of claims (and their monetary value) for violation, by officers, agents or employees of the Commonwealth, of constitutional rights under the Constitution of the United States of America and the Civil Rights Act; b) it does not make clear whether Debtor will continue to provide Law 9 benefits to its agents for claims filed pre- or post-petition. They request that the language of the Disclosure Statement be amended as proposed below. It will be consistent with the precedent set in In Re City of Detroit, 528 BR 147.

PROPOSED LANGUAGE

The Disclosure Statement should include the following language:

"LITIGATION

A number of Commonwealth officers, employees or agents are defendants in numerous legal proceedings pertaining to matters incidental to the performance of governmental operations.

Debtor has a strong interest in the efficient and effective functioning of the government and believes that protecting its

5

employees or agents from personal liability for § 1983 claims is necessary to accomplish their mission.

Under certain circumstances, as provided in Act 9 of November 26, 1975, as amended, the Commonwealth may provide its officers and employees, including directors of public corporations and government instrumentalities and mayors of the municipalities of the Commonwealth, with legal representation, as well as assume the payment of any judgment that may be entered against them. There is no limitation on the amount of the judgment that may be paid under Act 9 in cases before federal court.

With respect to pending and threatened litigation (_____ cases), as of June 30, 2019, the Commonwealth included in its financial statements reported liabilities of approximately $_____ , for awarded and anticipated unfavorable judgments. Such amount represents the amount estimated at the time as a probable liability or a liability with a fixed or expected due date, which would require future available financial resources for its payment. The amounts claimed as of such date exceed $_____; however, the ultimate specific liability cannot be presently determined, especially because of the nature of some claims, where the awards for unpaid salaries are calculated by the agencies and continue to accrue as time passes.

These claims against Commonwealth's officers or employees in

6

their individual capacity are not a claim against the Commonwealth for bankruptcy purposes. Accordingly, such claims are neither discharged nor subject to impairment by the Plan of Adjustment. Under the plan, the Commonwealth assumes the indemnity obligation for these claims."

PRAYER

The creditors request that their objection to Debtor's Disclosure Statement be granted by this Honorable Court. They also request from the Court to declare that the creditors' constitutional claims may not be discharged, impaired, reduced or adjusted by the Plan, and that whatever award is determined by judgement or settlement in the cases be paid in its entirety.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of June 2021.

/s/ DAVID CARRION BARALT
USDC PR 207214
Attorney for the creditors
P.O. Box 364463
San Juan, P.R. 00936-4463
Tel. (787) 758-5050
E-mail: davidcarrionb@aol.com