**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-03283 (LTS)<br><br>(Jointly Administered) |

**OBJECTION OF U.S. BANK AS FISCAL AGENT FOR THE PUERTO RICO PUBLIC BUILDING AUTHORITY BONDS TO THE AMENDED JOINT MOTION OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR AN ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE AND CONFIRMATION SCHEDULE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS, AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING, ELECTION, AND CONFIRMATION DEADLINES, AND <u>(VIII) APPROVING VOTE TABULATION PROCEDURES</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

JURISDICTION AND VENUE ....................................................................................................2

BACKGROUND ............................................................................................................................2

OBJECTION ..................................................................................................................................4

    I.    The Proposed Disclosure Statement Does Not Provide Adequate Information as Required by Section 1125 of the Bankruptcy Code ........................4

        a.    The Proposed Disclosure Statement Lacks Information Regarding the Role of Fiscal Agent In Implementing the Proposed Plan of Adjustment ..........................................................................6

            i.    Noticing and Distribution Obligations .............................................7

            ii.    Cancellation of Documents Pursuant to the Plan .............................9

            iii.    Payment of Fees ................................................................................9

        b.    The Plan's Releases and Exculpations are Overly Broad and Do Not Provide Adequate Information on Parties to be Released/Exculpated .................................................................................10

CONCLUSION ............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re ACEMLA De Puerto Rico Inc.*,
  2019 WL311008 (Bankr. D.P.R. Jan. 22, 2019) ....................................................................4

*Century Glove, Inc. v. First American Bank of New York*,
  860 F.2d 94 (3d Cir. 1988) .....................................................................................................5

*In re Clamp-All Corp.*,
  233 B.R. 198 (Bankr. D. Mass. 1999) ................................................................................4, 5

*In re E. Maine Elec. Co-op., Inc.*,
  125 B.R. 329 (Bankr. D. Me. 1991) .......................................................................................5

*In re Ferguson*,
  474 B.R. 466 (Bankr. D.S.C. 2012) .......................................................................................5

*In re Ferretti*,
  128 B.R. 16 (Bankr. D.N.H. 1991) ........................................................................................5

*In re Lower Bucks Hosp.*,
  471 B.R. ...............................................................................................................................10

*In re M.J.H. Leasing, Inc.*,
  328 B.R. 363 (Bankr. D. Mass. 2005) .................................................................................10

*In re Oxford Homes, Inc.*,
  204 B.R. 264 (Bankr. D. Me. 1997) .......................................................................................5

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
  81 F.3d 355 (3d Cir. 1996) .....................................................................................................5

**Statutes**

11 U.S.C. § 365 ............................................................................................................................4

11 U.S.C. § 1125(a)(1) .................................................................................................................5

11 U.S.C. § 1125(b) .....................................................................................................................5

11 U.S.C. § 105(a) .....................................................................................................................11

**Other Authorities**

Fed. R. Bankr. P. 3016(c) .....................................................................................................11,12

U.S. Bank National Association ("USBNA") and U.S. Bank Trust National Association ("USBTNA", and collectively with USBNA, "U.S. Bank") ("U.S. Bank" or the "Fiscal Agent") as fiscal agent for certain bonds issued by the Puerto Rico Public Buildings Authority ("PBA) hereby submits this objection (the "Objection") to the *Amended Joint Motion of The Commonwealth of Puerto Rico, the Employees Retirement System of the Government Of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (Dkt. No. 16756) (the "Solicitation Procedures Motion")[2] and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Solely in its capacity as Fiscal Agent for the PBA Bonds, the Fiscal Agent submits that the Disclosure Statement (as defined below) fails to adequately address the role of the Fiscal Agent in the process for providing notices, voting solicitations and distributions to PBA bondholders, and the role of and compensation of the Fiscal Agent, its agents and outside counsel both in terms of current fees and costs, and future fees and costs incurred in connection with implementing those matters, and documenting the termination of the PBA Bonds.[3] Further the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Disclosure Statement and Solicitation Procedures Motion.

[3] Counsel for the Fiscal Agent reached out to counsel for the Financial Oversight and Management Board to discuss these objections in April 2021. While counsel for the FOMB acknowledged receipt of the outreach, no response or discussion occurred. The Fiscal Agent is happy to coordinate with the FOMB to address the issues raised and incorporate appropriate language in an Amended Disclosure Statement and revised Solicitation Procedures.

disclosure is inadequate as to whether the Fiscal Agent is included in the scope of release and exculpations provided by the Plan. Lastly, further clarification is required regarding the overly broad release provisions of the Plan, such as by specifying what claims by or against the Commonwealth, other non-debtor governmental entities, or third parties -- which could impact the rights of PBA, the Fiscal Agent and the PBA bondholders -- are purportedly released under the Plan. Until the Disclosure Statement and the Solicitation Procedures Motion adequately address these aspects as they relate to the Fiscal Agent, the Disclosure Statement is inadequate and should not be approved.

## JURISDICTION AND VENUE

2. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

3. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

4. Pursuant to Resolution 468 dated as of June 22, 1995 and various related supplements, amendments and other documents, U.S. Bank serves as fiscal agent for the PBA Government Facilities Revenue Refunding Bonds, Series 2002 C, Government Facilities Revenue Bonds, Series 2002 D, PBA Government Facilities Revenue Refunding Bonds, Series 2002 F, Government Facilities Revenue Bonds, Series 2002 G, Government Facilities Revenue Bonds, Series 2002 H, PBA Government Facilities Revenue Bonds, Series 2004 I, PBA Government Facilities Revenue Refunding Bonds, Series 2004 K, Government Facilities Revenue Bonds, Series 1993 L, PBA Government Facilities Revenue Refunding Bonds, Series 2007 M, Government Facilities Revenue Bonds, Series 2007 N, PBA Government Facilities Revenue Refunding Bonds, Series 2009 P, PBA Government Facilities Revenue Refunding Bonds, Series 2009 Q, PBA Government Facilities Revenue Bonds, Series 2011R (Qualified

2

School Construction Bonds - Issuer Subsidy), PBA Government Facilities Revenue Bonds, Series 2011 S, PBA Government Facilities Revenue Bonds, Series 2011 T (Qualified Zone Academy Bonds - Direct Payment), PBA Government Facilities Revenue Refunding Bonds, Series 2012 U, and PBA Authority Series L Revenue Refunding Bonds 4.20% 7/1/1997 (collectively, the "PBA Bonds").

5. On May 3, 2017, the Financial Oversight Management Board of Puerto Rico (the "FOMB") filed a petition commencing a proceeding on behalf of the Commonwealth of Puerto Rico (the "Commonwealth") under Title III of PROMESA. On May 21, 2017, the FOMB filed a petition commencing a proceeding on behalf of the Employees Retirement System ("ERS") under Title III of PROMESA. On September 27, 2019, the FOMB filed a petition commencing a proceeding on behalf of PBA under Title III of PROMESA (together with the Commonwealth's Title III Case and ERS's Title III Case, the "Title III Cases").

6. On June 27, 2018, U.S. Bank, as Fiscal Agent for the PBA Bonds, filed a Master Proof of Claim against the Commonwealth for all outstanding amounts related to the PBA Bonds under the bond resolutions, whether contingent or non-contingent, due or owing, currently or in the future, including, but no limited to, principal, interest, premiums, default interest, charges, fees, expenses, disbursements, indemnifications and any other claim arising under the bond documents, all outstanding rental payments and all other prepetition amounts due to PBA under or in connection with the PBA leases, all outstanding administrative priority claims for all outstanding post-petition rental payments and other post-petition amounts due under or in connection with the PBA leases and any claim, secured or unsecured for any PBA lease that was rejected by the Commonwealth pursuant to 11 U.S.C. § 365 or deemed to be a secured financing

3

or otherwise recharacterized as something other than al ease in any way in connection with the Title III Cases or for any other reason. [Claim No. 62833].

7. On May 11, 2021 the FOMB filed the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* [ECF No. 16740] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Plan") and the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* [ECF No. 16741] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement").

8. On May 13, 2021, the FOMB filed the Solicitation Procedures Motion. U.S. Bank submits this objection in accordance with the procedures established in that motion.

## OBJECTION

### I. The Proposed Disclosure Statement Does Not Provide Adequate Information as Required by Section 1125 of the Bankruptcy Code

9. Section 1125(b) of the Bankruptcy Code conditions the solicitation of votes on a proposed plan upon the proponent's disclosure of "adequate information," which is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a)(1). The statutory obligation to provide adequate information in a disclosure statement to parties in interest "is a key feature of the reorganization provisions of Chapter 11."

4

*In re Clamp-All Corp.*, 233 B.R. 198, 208 (Bankr. D. Mass. 1999). Therefore, a disclosure statement cannot be approved if it does not contain adequate information. *In re ACEMLA De Puerto Rico Inc.*, 2019 WL311008 *17-18 (Bankr. D.P.R. Jan. 22, 2019) (denying approval of disclosure statement because statement failed to meet adequate information requirement).

10. The purpose of the disclosure statement is to provide creditors with sufficient information to cast an informed vote on the proposed plan of reorganization. *In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991). For this reason, it is crucial that the debtor provide a disclosure statement that is truthful and comprehensive in its scope. *In re Ferguson*, 474 B.R. 466, 471 (Bankr. D.S.C. 2012) (internal citations omitted). Additionally, it is of the utmost importance that the debtor's disclosures be clear and understandable to the average creditor. *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). "Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996). If a disclosure statement is not honest or provided in good faith, or "displays factual facial deficiencies," it should not be approved. *In re E. Maine Elec. Co-op., Inc.*, 125 B.R. 329, 333 (Bankr. D. Me. 1991).

11. The standard for what constitutes adequate disclosure is flexible and determined on a case-by-case basis of the bankruptcy court, *In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997), however the disclosure must provide sufficient information that enables all claim holders to make "an informed judgment regarding whether to vote for or against a reorganization plan." *In re Clamp-All Corp.*, 233 B.R. 198, 204 (Bankr. D. Mass. 1999). At a minimum, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to

getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). Additionally, such disclosures often facilitate the negotiation process between the debtor and its creditors. *See Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988).

12. As described below, the Disclosure Statement as it currently exists cannot be approved by this court, as it lacks crucial information concerning the implementation of the Plan with respect to the rights and role of the Fiscal Agent, and thus fails to meet the requirements of section 1125.

      a. **The Proposed Disclosure Statement Lacks Information Regarding the Role of Fiscal Agent In Implementing the Proposed Plan of Adjustment**

13. The Solicitation Procedures Motion provides that "[t]he Debtors intend to obtain from DTC a listing of the Nominees and . . . cause the mailing of Solicitation Packages (as applicable) to the Nominees with instructions to cause the Solicitation Packages to be forwarded immediately to the Beneficial Owners of the Bonds." *See* Solicitation Procedures Motion, p. 17. It further provides that "[t]o make a valid election or vote (as applicable), holders of Claims in the Bond Classes will have to instruct their broker or nominee (each, a "Nominee") to electronically deliver their bonds via ATOP at DTC in accordance with their desire to either make an election and/or vote on the Plan. Once the Nominee has received an instruction from a holder of a Claim in the Bond Classes either to vote or to make an election (as applicable), the Nominee will tender the holders' bonds through the ATOP system to indicate that the holder has made the applicable choice." *See id*. at p. 38. Section VI.J of the Disclosure Statement provides that "…initial distributions for holders of the following claims may be made to the trustee or fiscal agent, as applicable, for such obligation in accordance with the applicable governing documents for Allowed Bond Claims."

6

14. Multiple series of bonds issued by the Commonwealth are being treated under the Plan, and bondholders will receive distributions through their respective trustees and/or fiscal agents. However, neither the Disclosure Statement nor the Solicitation Procedures Motion provide guidance on the expectations of the Fiscal Agent for distribution of notices, solicitation packages or distributions throughout the confirmation process to holders of PBA bonds. The Disclosure Statement and Plan also provide for the cancellation of instruments and documents related to those bonds, but provide no guidance to the Fiscal Agent regarding its role in the process of these cancellations.

15. Additionally, the Disclosure Statement provides that the Commonwealth, or entities designated by the FOMB, will act as the disbursing agent under the Plan, but does not give any information as to how these agents, including trustees and fiscal agents are designated. The Disclosure Statement and Plan also lack information on how the Fiscal Agent will receive payment for currently outstanding and future incurred fees and costs. Finally, the Disclosure Statement does not provide sufficient information regarding how the releases affect PBA, the Trustee and the Holders of PBA Bonds. Until sufficient information is provided to the holders of the PBA Bonds and the Fiscal Agent to address these deficiencies, the Disclosure Statement and the Solicitation Procedures Motion cannot be approved.

### i. Noticing and Distribution Obligations

16. The Disclosure Statement and the Solicitation Procedures Motion do not provide guidance on the noticing and distribution obligations of the Fiscal Agent for the PBA bonds whose holders will receive distributions under the Plan. The Solicitation Procedures Motion states that publicly traded securities that are not issued to a specific party are generally held in the name of Cede & Company, which holds the Bonds on behalf of the Nominees of Depository Trust and Clearing Corporation ("DTC") and those nominees hold the securities in "street name" on

7

behalf of the Beneficial Owners and other brokerage institutions. *See* Solicitation Procedures Motion, p. 17. It further states that the Debtors intend to obtain from DTC a listing of the Nominees and cause the mailing of Solicitation Packages to the Nominees with instructions to cause the Solicitation Packages to be forwarded immediately to the Beneficial Owners of the Bonds. The Fiscal Agent is not aware of any communications with DTC regarding the Debtors delivering such Notices to DTC and whether such delivery will require the participation of the Fiscal Agent. Without further guidance to the Fiscal Agent on the noticing obligations with respect to the Disclosure Statement, Voting, and Confirmation process, the Disclosure Statement and Solicitation Procedures disclosure is inadequate and should not be approved.

17. Section VI.J of the Disclosure Statement provides that "…initial distributions for holders of the following claims may be made to the trustee or fiscal agent, as applicable, for such obligation in accordance with the applicable governing documents for Allowed Bond Claims." "Allowed Bond Claims," while not specifically defined in the Disclosure Statement or the Plan, appears to apply to an allowed Claim on account of a GO Bond, a PBA Bond, a CW Guarantee Bond Claim, or an ERS Bond. Neither the Disclosure Statement nor the Plan provide additional detail regarding the Fiscal Agent's role in furthering distributions under the Plan. The Disclosure Statement and the Plan lack information on how such distributions will be made to a trustees and fiscal agents, and how the trustees and fiscal agents should then proceed to make the necessary distributions to their respective bondholders. The Disclosure Statement also does not provide sufficient information regarding the effect of the releases on PBA, the Fiscal Agent and the Holders of PBA Bonds. Until this information is provided, the Disclosure Statement and Solicitation Procedures lack sufficient information and should not be approved.

8

### ii. Cancellation of Documents Pursuant to the Plan

18. The Disclosure Statement describes the final termination of the liabilities of the Commonwealth relating to bonds issued by the Debtors. Section VI.J of the Disclosure Statement provides for the cancellation of all instruments and documents of the PBA Bonds,. Specifically, the Disclosure Statement states "[t]he Debtors and the applicable trustee, paying agent, or fiscal agent will have no continuing obligations or duties and responsibilities under the PBA Bonds." Disclosure Statement Section VI.J. The Disclosure Statement and the Plan do not provide further detail on the Fiscal Agent's duties and obligations related to the process of cancellation of instruments related to the PBA Bonds. Without this information, the Disclosure Statement is incomplete and cannot be approved.

### iii. Payment of Fees

19. Section VI.J provides for the payment of trustee and fiscal agent fees, stating:

> The distributions to be made pursuant to the Plan are intended to be inclusive of any and all trustee and paying agent fees and expenses which may be allegedly due and owing by the Commonwealth, ERS, and PBA with respect to amounts discharged pursuant to the Plan. The Plan does not, nor shall it be construed to, limit the rights of such trustees and paying agents to payment of such amounts from the distributions to be made pursuant to the Plan, including the imposition of any trustee or paying agent lien upon such distributions.

This version of the Disclosure Statement does not provide instructions by which the trustee or fiscal agent can assert the amount of outstanding fees and costs to be paid pursuant to the Plan. While the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF 15976], also lacked sufficient detail related to the payment of trustee and fiscal agent fees, it did provide a methodology by which trustees and fiscals agents could submit invoices for outstanding costs and fees to the Commonwealth for payment. That methodology has been completely removed from the current Plan and Disclosure Statement without

9

explanation. Additionally, neither the Disclosure Statement nor the Solicitation Procedures Motion discuss the implementation and payment of costs associated with the distribution and noticing procedures in the Plan confirmation process. Furthermore, the Disclosure Statement and Plan do not discuss whether and how the Fiscal Agent can assert outstanding amounts of future fees and costs. The Disclosure Statement also fails to mention whether outstanding fees and costs of outside counsel to the Fiscal Agent will be paid, and if so, the manner in which those fees and costs must be asserted to the Commonwealth. This information should be included in a revised disclosure statement before a disclosure statement may be approved. Without this information, the disclosure statement is inadequate.

      b.     **The Plan's Releases and Exculpations are Overly Broad and Do Not Provide Adequate Information on Parties to be Released/Exculpated**

20. A third party release, which discharges non-debtors from liability is not an act expressly provided for in the Bankruptcy Code or PROMESA. Section § 105(a) of the Bankruptcy Code does provide the bankruptcy court the power to issue any order that is appropriate or necessary to carry out the Plan, however using this section to grant releases must "involve an extraordinary exercise of discretion" by the court. *In re M.J.H. Leasing, Inc.*, 328 B.R. 363, 371 (Bankr. D. Mass. 2005).

21. Bankruptcy Rule 3016(c) states that "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the [Bankruptcy] Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c). These requirements are meant "to alert parties in interest that the plan proposes to restrict their rights in ways that ordinarily would not result from confirmation of a plan." *In re Lower Bucks Hosp.*, 471 B.R. at 460, n.62 (citing Advisory Committee Note to Bankruptcy Rule 3016).

22. Section IV.W of the Disclosure Statement discusses the releases and exculpations of certain parties pursuant to the confirmation of the Plan. The Plan provides for extremely broad releases, including releases of "all instrumentalities, municipalities, public corporations and public agencies of the Commonwealth." *See* Plan, Art. I 1.248. The Disclosure Statement does not provide sufficient information regarding how the releases affect PBA, the Fiscal Agent and the Holders of PBA Bonds.

23. In addition to being overly-broad and non-specific, the releases are difficult to understand and do not meet the requirements of Rule 3016. The release provisions are not bolded, underlined, italicized, or emphasized in any manner. There is also no reference to the releases in the table of contents in either the Disclosure Statement or the Plan. Instead, the release is included in the "Miscellaneous Provisions" section of the Disclosure Statement. Also, to fully understand the substance of the release provisions, a reader must also consult numerous defined terms of the Plan, not the Disclosure Statement, making the provisions difficult to parse.

24. Finally, before the Disclosure Statement can be approved, it must make clear whether the Fiscal Agent for the PBA Bonds is included in the parties to be released and exculpated under the Plan.

25. This Objection is submitted without prejudice to, and with a full reservation of rights by the Trustee to supplement or amend the Objection, and to submit further relevant information if necessary in connection with prosecution of the Objection, and all rights are reserved with respect to the assertion of any objections to confirmation of the Plan on any basis whatsoever, whether or not set forth herein.

## CONCLUSION

WHEREFORE, the Fiscal Agent for the PBA Bonds respectfully requests that this Court deny approval of the Disclosure Statement and deny approval of the Solicitation Procedures Motion until the objections raised above are adequately addressed.

Respectfully submitted,

Dated:  June 15, 2021

By: *Eric A. Tulla*

**RIVERA, TULLA AND FERRER, LLC**
Eric A. Tulla
USDC-DPR No. 118313
Iris J. Cabrera-Gómez
[USDC-DPR No. 221101](#)
Rivera Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Tel: (787)753-0438
Fax:(787)767-5784/(787)766-0409
etulla@ riveratulla.com
icabrera@riveratulla.com

and

**HOGAN LOVELLS US LLP**
Robin E. Keller, Esq.
Ronald J. Silverman, Esq.
Pieter Van Tol, Esq.
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
robin.keller@hoganlovells.com
ronald.silverman@hoganlovells.com
pieter.vantol@hoganlovells.com

*Counsel to U.S. Bank Trust National Association*

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this motion was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, a copy of this document will be: (i) served via electronic mail or U.S. mail to all case participants; (ii) filed with the United States District Court, Clerk's Office, 150 Ave. Carlos Chardon Ste. 150, San Juan, P.R. 00918-1767; and (iii) served upon the Office of the United States Trustee, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, P.R. 00901, and a further Certificate of Service will be filed with the Court.

San Juan, Puerto Rico

By: *Iris J. Cabrera-Gomez*
Iris J. Cabrera-Gomez