**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-03283 (LTS)<br><br>(Jointly Administered) |

**OBJECTION OF U.S. BANK AS TRUSTEE FOR BONDS ISSUED BY UPR, PRIDCO, CHILDREN'S TRUST, MUNICIPAL FINANCE AGENCY AND AFICA (UNIVERSITY PLAZA AND ANA G. MENDEZ)TO AMENDED JOINT MOTION OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY FOR AN ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE AND CONFIRMATION SCHEDULE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS, AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING, ELECTION, AND CONFIRMATION DEADLINES, AND (VIII) <u>APPROVING VOTE TABULATION PROCEDURES</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Document Page 2 of 14

## TABLE OF CONTENTS

**Page**
PRELIMINARY STATEMENT ..........................................................................................................1

JURISDICTION AND VENUE .......................................................................................................2

BACKGROUND ..............................................................................................................................2

OBJECTION......................................................................................................................................5

    I.    The Proposed Disclosure Statement Does Not Provide Adequate Information as Required by Section 1125 of the Bankruptcy Code ........................5

        (a)    The Plan's Releases and Exculpations are Overly Broad and Do Not Provide Adequate Information on Parties to be Released/Exculpated ..................................................................................7

CONCLUSION..................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re ACEMLA De Puerto Rico Inc.*,
  2019 WL311008 (Bankr. D.P.R. Jan. 22, 2019)...........................................................................6

*In re Clamp-All Corp.*,
  233 B.R. 198 (Bankr. D. Mass. 1999) .........................................................................................6

*In re E. Maine Elec. Co-op., Inc.*,
  125 B.R. 329 (Bankr. D. Me. 1991).............................................................................................6

*In re Ferguson*,
  474 B.R. 466 (Bankr. D.S.C. 2012) .............................................................................................6

*In re Ferretti*,
  128 B.R. 16 (Bankr. D.N.H. 1991) ...........................................................................................6,7

*In re Lower Bucks Hosp.*,
  471 B.R. 419 (E.D. Pa. 2012) ......................................................................................................7

*In re M.J.H. Leasing, Inc.*,
  328 B.R. 363 (Bankr. D. Mass. 2005) .........................................................................................7

*In re Oxford Homes, Inc.*,
  204 B.R. 264 (Bankr. D. Me. 1997).............................................................................................6

**Statutes**

11 U.S.C. § 1125(a)(1)...................................................................................................................6

11 U.S.C. § 1125(b) .......................................................................................................................5

11 U.S.C. § 105(a) .........................................................................................................................7

**Other Authorities**

Fed. R. Bankr. P. 3016(c) ............................................................................................................7,9

U.S. Bank National Association ("USBNA") and U.S. Bank Trust National Association ("USBTNA", and collectively with USBNA, "U.S. Bank") ("U.S. Bank" or the "Trustee") as trustee for certain bonds issued by University of Puerto Rico ("UPR"), Puerto Rico Industrial Development Company ("PRIDCO"), Puerto Rico Municipal Finance Agency ("MFA"), Children's Trust ("CT"), and Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Authority ("AFICA") (University Plaza and Ana G. Mendez bonds), hereby submits this limited objection (the "Objection") to the *Amended Joint Motion of The Commonwealth of Puerto Rico, the Employees Retirement System of the Government Of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (Dkt. No. 16756) (the "Solicitation Procedures Motion")[2] and respectfully states as follows:

## PRELIMINARY STATEMENT

1. U.S. Bank as trustee for certain bonds issued by the above-referenced entities, objects to the Disclosure Statement (as defined below) on the limited basis that the Disclosure Statement fails to adequately describe the scope of releases and exculpations provided by the Plan.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Disclosure Statement and Solicitation Procedures Motion.

## JURISDICTION AND VENUE

2. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

3. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

4. U.S. Bank serves as trustee to the following bonds:

   i. Puerto Rico Municipal Finance Agency 2005 Series C Refunding Bonds (the "MFA Bonds");

   ii. Puerto Rico Industrial Development Company General Purpose Revenue Bonds, Series 1997A; and Puerto Rico Industrial Development Company - General Purpose Revenue Bonds, Series 2003 and Refunding Revenue Bonds, Series 2003 (the "PRIDCO Bonds").

   iii. University of Puerto Rico University System Revenue Refunding Bonds, Series P and University System Revenue Bonds, Series Q (the "UPR Bonds").

   iv. Children's Trust Tobacco Settlement Asset-Backed Bonds, Series 2005 consisting of Series 2005A and Series 2005B - and Children's Trust Tobacco Settlement Asset-Backed Bonds, Series 2002; and Children's Trust Tobacco Settlement Asset-Backed Bonds, Series 2008 consisting of Series 2008A and Series 2008B (the "CT Bonds").

   v. Puerto Rico Industrial, Tourist, Educational Medical and Environmental Control Facilities Financing Authority (AFICA) Educational Facilities Revenue Bonds, 2000 Sr.A (University Plaza Project) (Master Trustee); Puerto Rico Industrial, Tourist, Educational Medical and Environmental Control Facilities Financing Authority (AFICA) Higher Education Refunding Revenue Bonds, Sr 2002 (Ana G. Mendez University System Project); Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Auth. (AFICA) Higher Education Revenue Bonds, Series 2006 (Ana G. Mendez University System Project); and Puerto Rico Industrial, Tourist, Educational Medical and Environmental Control Facilities Financing Authority (AFICA) Higher Education Revenue and Revenue Refunding Bonds, Sr 2012 (Ana G. Mendez University System Project) (the "AFICA Bonds").

2

5. On May 3, 2017, the Financial Oversight Management Board of Puerto Rico (the "FOMB") filed a petition commencing a proceeding on behalf of the Commonwealth of Puerto Rico (the "Commonwealth") under Title III of PROMESA. On May 21, 2017, the FOMB filed a petition commencing a proceeding on behalf of the Employees Retirement System ("ERS") under Title III of PROMESA. On September 27, 2019, the FOMB filed a petition commencing a proceeding on behalf of PBA under Title III of PROMESA (together with the Commonwealth's Title III Case and ERS's Title III Case, the "Title III Cases"). No Title III case or other proceeding under PROMESA has been commenced for UPR, CT, MFA, PRIDCO or the AFICA Bonds.

6. On May 18, 2018:

(a) U.S. Bank, as trustee for the UPR Bonds, filed a Master Proof of Claim against the Commonwealth, and asserted claims for any and all amounts owed on account of any and all claims the Trustee has or may have relating to the outstanding bond obligations, including without limitation claims for or based upon the breach or violation of the trust agreement or any covenants or other contractual obligations contained in the trust agreement or claims arising from the improper diversion of the Pledged Revenues or any other property securing the payment of the bonds as a matter of relevant state or federal law. [Claim No. 13382].

(b) U.S. Bank, as trustee for the MFA Bonds, filed a Master Proof of Claim against the Commonwealth, and asserted claims for any and all amounts owed on account of any and all claims the Trustee has or may have relating to the outstanding bond obligations, including without limitation claims for or based upon the breach or violation of the bond documents or any covenants or other contractual obligations contained in the bond

3

documents or claims arising from the improper diversion of the MFA's revenues or any other property securing the payment of the bonds as a matter of relevant state or federal law. [Claim No. 13364].

(c) U.S. Bank, as trustee for the AFICA Bonds, filed a Master Proof of Claim against the Commonwealth, and asserted claims for any and all amounts owed on account of any and all claims the Trustee has or may have relating to the outstanding bond obligations, including without limitation claims for or based upon the breach or violation of the trust agreement or any covenants or other contractual obligations contained in the trust agreement or claims arising from the improper diversion of the AFICA's revenues or any other property securing the payment of the bonds as a matter of relevant state or federal law. [Claim No. 13391].

(d) U.S. Bank, as trustee for the PRIDCO Bonds, filed a Master Proof of Claim against the Commonwealth, and asserted claims for any and all amounts owed on account of any and all claims the Trustee has or may have relating to the outstanding bond obligations, including without limitation claims for or based upon the breach or violation of the bond documents or any covenants or other contractual obligations contained in the bond documents or claims arising from the improper diversion of the PRIDCO's revenues or any other property securing the payment of the bonds as a matter of relevant state or federal law. [Claim No. 13445].

(e) U.S. Bank, as trustee for the CT Bonds, filed a Master Proof of Claim against the Commonwealth, and asserted claims for any and all amounts owed on account of any and all claims the Trustee has or may have relating to the outstanding bond obligations, including without limitation claims for or based upon the breach or violation of the

indenture or any covenants or other contractual obligations contained in the indenture or claims arising from the improper diversion of the revenues or any other property securing the payment of the bonds as a matter of relevant state or federal law. [Claim No. 13354].

7. On May 11, 2021 the FOMB filed the *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* [ECF No. 16740] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Plan") and the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.,* [ECF No. 16741] (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement").

8. On its face, and except as described below with respect to releases and exculpations, the Plan appears not to address or seek to impair the bonds issued by UPR, PRIDCO, CT, MFA, or the AFICA Bonds. The Claims filed by the Trustee have not been objected to and have not been quantified.

9. On May 13, 2021, the FOMB filed the Solicitation Procedures Motion. U.S. Bank submits this objection in accordance with the procedures established in that motion.

## **OBJECTION**

### I. The Proposed Disclosure Statement Does Not Provide Adequate Information as Required by Section 1125 of the Bankruptcy Code

10. Section 1125(b) of the Bankruptcy Code conditions the solicitation of votes on a proposed plan upon the proponent's disclosure of "adequate information," which is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan

5

> . . . in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a)(1). The statutory obligation to provide adequate information in a disclosure statement to parties in interest "is a key feature of the reorganization provisions of Chapter 11." *In re Clamp-All Corp.*, 233 B.R. 198, 208 (Bankr. D. Mass. 1999). Therefore, a disclosure statement cannot be approved if it does not contain adequate information. *In re ACEMLA De Puerto Rico Inc.*, 2019 WL311008 *17-18 (Bankr. D.P.R. Jan. 22, 2019) (denying approval of disclosure statement because statement failed to meet adequate information requirement).

11. The purpose of the disclosure statement is to provide creditors with sufficient information to cast an informed vote on the proposed plan of reorganization. *In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991). For this reason, it is crucial that the debtor provide a disclosure statement that is truthful and comprehensive in its scope. *In re Ferguson*, 474 B.R. 466, 471 (Bankr. D.S.C. 2012) (internal citations omitted). Additionally, it is of the utmost importance that the debtor's disclosures be clear and understandable to the average creditor. *In re Ferretti*, 128 B.R. at 19. If a disclosure statement is not honest or provided in good faith, or "displays factual facial deficiencies," it should not be approved. *In re E. Maine Elec. Co-op., Inc.*, 125 B.R. 329, 333 (Bankr. D. Me. 1991).

12. The standard for what constitutes adequate disclosure is flexible and determined on a case-by-case basis of the bankruptcy court, *In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997), however the disclosure must provide sufficient information that enables all claim holders to make "an informed judgment regarding whether to vote for or against a reorganization plan." *In re Clamp-All Corp.*, 233 B.R. 198, 204 (Bankr. D. Mass. 1999). At a

6

minimum, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. at 19.

13. As described below, the Disclosure Statement as it currently exists cannot be approved by this court, as it lacks crucial information concerning third-party releases and exculpations. At a minimum, the Disclosure Statement must be amended to make the existence and scope of these releases clear, such that creditors can understand their full scope and substance to meet the requirements of section 1125.

**(a) The Plan's Releases and Exculpations are Overly Broad and Do Not Provide Adequate Information on Parties to be Released/Exculpated**

14. A third party release, which discharges non-debtors from liability is not an act expressly provided for in the Bankruptcy Code or PROMESA. Section § 105(a) of the Bankruptcy Code provides the bankruptcy court the power to issue any order that is appropriate or necessary to carry out the Plan, however using this section to grant releases must "involve an extraordinary exercise of discretion" by the court. *In re M.J.H. Leasing, Inc.*, 328 B.R. 363, 371 (Bankr. D. Mass. 2005).

15. Bankruptcy Rule 3016(c) states that "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the [Bankruptcy] Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c). These requirements are meant "to alert parties in interest that the plan proposes to restrict their rights in ways that ordinarily would not result from confirmation of a plan." *In re Lower Bucks Hosp.*, 471 B.R. 419, 460, n.62 (E.D. Pa. 2012) (citing Advisory Committee Note to Bankruptcy Rule 3016).

7

16. Section IV.W of the Disclosure Statement discusses the releases and exculpations of certain parties pursuant to the confirmation of the Plan. The Plan provides for extremely broad releases, including releases of "all instrumentalities, municipalities, public corporations and public agencies of the Commonwealth." *See* Plan, Art. I 1.248. This definition appears to include Commonwealth entities that have issued bonds for which U.S. Bank, in its capacity as trustee , has filed claims on behalf of bondholders. The Disclosure Statement does not provide sufficient information regarding the releases of claims by or against UPR, PRIDCO, MFA, CT or AFICA, by the Debtors, the Trustee, or any other governmental entities or third parties.

17. As currently written, the scope of these releases is unclear. The provisions do not provide specific information as to which entities are subject to the release, or the claims against these entities that are being released. In fact, the Plan and Disclosure Statement do not state clearly whether third-parties and non-debtors are included in these releases. Without this crucial information, it is impossible for bondholders to understand how their rights are impacted by the releases, which is the whole purpose of a Disclosure Statement. While bondholders of these entities will not receive any distribution under the Plan, as interested parties they are entitled to know the scope of the releases that the Commonwealth is proposing, as it affects their rights. The Disclosure Statement and Plan are similarly unclear regarding the release of the Commonwealth and the discharge of the Commonwealth's obligations with respect to the claims and bond series which are otherwise not affected by or receiving treatment under the Plan. If the Commonwealth is seeking to be released of its obligations, or to release or discharge obligations of UPR, PRIDCO, MFA, CT, or AFICA, or other third parties with respect to the rights of the Trustee and the bondholders of those entities, it should say so explicitly and clearly in the Disclosure Statement and Plan.

18. In addition to being overly-broad and non-specific, the releases are difficult to understand and do not meet the requirements of Rule 3016. The release provisions are not bolded, underlined, italicized, or emphasized in any manner. There is also no reference to the releases in the table of contents in either the Disclosure Statement or the Plan. Instead, the release is included in the "Miscellaneous Provisions" section of the Disclosure Statement. Also, to fully understand the substance of the release provisions, a reader must consult numerous defined terms of the Plan, not the Disclosure Statement, making the provisions difficult to parse.

19. As currently presented, these releases are overly broad, convoluted, and fail to provide adequate information regarding the treatment of the claims against these entities. Therefore, the Disclosure Statement does not provide adequate disclosure as required by section 1125 with respect to the releases, and must be amended.

20. This Objection is submitted without prejudice to, and with a full reservation of rights by the Trustee to supplement or amend the Objection, and to submit further relevant information if necessary in connection with prosecution of the Objection, and all rights are reserved with respect to the assertion of any objections to confirmation of the Plan on any basis whatsoever, whether or not set forth herein.

## **CONCLUSION**

WHEREFORE, the Trustee for the UPR Bonds, PRIDCO Bonds, MFA Bonds, CT Bonds, and AFICA Bonds respectfully requests that this Court deny approval of the adequacy of the Disclosure Statement, and deny approval of the Solicitation Procedures Motion, until the objections raised above are adequately addressed.

Respectfully submitted,

Dated: June 15, 2021

By: *Eric A. Tulla*
**RIVERA, TULLA AND FERRER, LLC**
Eric A. Tulla
USDC-DPR No. 118313
Iris J. Cabrera-Gómez
[USDC-DPR No. 221101](#)
Rivera Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Tel: (787)753-0438
Fax: (787)767-5784 (787)766-0409
etulla@ riveratulla.com
icabrera@riveratulla.com

and

**HOGAN LOVELLS US LLP**
Robin E. Keller, Esq.
Ronald J. Silverman, Esq.
Pieter Van Tol, Esq.
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
robin.keller@hoganlovells.com
ronald.silverman@hoganlovells.com
pieter.vantol@hoganlovells.com

*Counsel to U.S. Bank Trust National Association*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this motion was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, a copy of this document will be: (i) served via electronic mail or U.S. mail to all case participants; (ii) filed with the United States District Court, Clerk's Office, 150 Ave. Carlos Chardon Ste. 150, San Juan, P.R. 00918-1767; and (iii) served upon the Office of the United States Trustee, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, P.R. 00901, and a further Certificate of Service will be filed with the Court.

San Juan, Puerto Rico

By: *Iris J. Cabrera-Gomez*
Iris J. Cabrera-Gomez