UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,
Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## STATUS REPORT OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD IN CONNECTION WITH JUNE 16–17, 2021 OMNIBUS HEARING

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, HTA, ERS, and PREPA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), respectfully submit this Status Report in connection with

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the June 16–17, 2021 omnibus hearing and in response to this Court's order, dated June 8, 2021 [ECF No. 16898].

**I. General Status and Activities of the Oversight Board, Including Measures Taken in Response to the COVID-19 Pandemic**

1. The Oversight Board and the Government of Puerto Rico (the "Government") continue to collaborate to protect the health and welfare of the people of Puerto Rico from the COVID-19 virus, while facilitating the reopening of businesses. The Oversight Board is continuing to work with the Government to effectively utilize federal funding intended to cover expenses related to COVID-19.

2. On May 10, 2021, the U.S. Treasury Department announced the allocation of the Coronavirus State Fiscal Recovery Fund ("CSFRF"), which was established by the American Rescue Plan Act. The CSFRF provides Puerto Rico with approximately $2.5 billion. These funds may be used for a variety of purposes, including among others, responding to COVID-19 or its negative economic impacts.

3. The Oversight Board remains focused on achieving its mandates under PROMESA so that fiscal responsibility, access to capital markets, and economic prosperity and growth can return to Puerto Rico. To those ends, the Oversight Board (a) in consultation with the Governor and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), certified several fiscal plans, including PREPA, HTA, the University of Puerto Rico ("UPR"), the Puerto Rico Industrial Company ("PRIDCO"), and the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), and the Public Corporation for Supervision and Insurance of Cooperatives of Puerto Rico ("COSSEC") at a public meeting on May 27, 2021, completing the 2021 fiscal plan process and representing further progress towards Puerto Rico's recovery, stability, and growth, (b) in consultation with the

Governor and AAFAF, developed and drafted the General Fund Budget for the Commonwealth of Puerto Rico's fiscal year 2022, approved it on May 11, 2021, and submitted it to the Legislature for its consideration, and (c) continued negotiating restructuring plans for the Commonwealth and certain instrumentalities in efforts to reach consensus with more creditors.

## II. General Status of Relations Among the Oversight Board and Commonwealth and Federal Governments

4. The Oversight Board's relationship with the Government continues to be collaborative and, notwithstanding differences on several issues, the Oversight Board is working closely with Puerto Rico Governor Pedro Pierluisi and the rest of the Commonwealth administration. The Oversight Board and Government remain in agreement that the health, safety, and economic welfare of the people of Puerto Rico must be the priority. Governor Pierluisi is serving as his own *ex officio* representative on the Oversight Board which affords more opportunity for direct interactions and sharing of viewpoints and insights on important issues.

5. The Oversight Board remains focused on developing and certifying budgets for fiscal year 2022. On May 11, 2021, the Oversight Board approved the General Fund Budget for the Commonwealth's fiscal year 2022 ("FY2022 Budget") and submitted it to the Legislature for its consideration. The proposed FY2022 Budget prioritizes education, public safety, health, economic development, and pension payments—seventy-two percent (72%) of funding is allocated to these priority areas. The Legislature intends to submit its proposed budget to the Oversight Board on June 18, 2021. The Oversight Board will continue to work with the Legislature to certify the completed FY2022 Budget by June 30, 2021 for the new fiscal year starting on July 1, 2021.

6. The Oversight Board is also committed to ensuring the Government's compliance with PROMESA in proposing and enacting legislation. Specifically, the Government recently

3

enacted House Bill 120 ("HB 120"), which PROMESA § 108(b) barred because the Government was advised by the Oversight Board in February 2021 that HB 120 impairs or defeats PROMESA's purposes. In short, HB 120 bars the Government from using any money or other resources to "enable" or "achieve" any plan of adjustment that is not the plan of adjustment HB 120 requires. That plan, among other things, (a) requires treatment of pension claims to provide more than the ninety-five percent payments in the Oversight Board's proposed plan of adjustment and (b) disregards the bond claim settlements in the Oversight Board's proposed plan of adjustment. Governor Pierluisi has acknowledged HB 120 is inconsistent with the Commonwealth fiscal plan, but nevertheless signed it. The Oversight Board is evaluating its next steps with respect to HB 120 and is committed to ensuring that the Government complies with PROMESA and preventing inconsistent legislation from derailing the plan of adjustment process.

### III. General Status of Work Toward Substantially Consensual Plans of Adjustment

7. On May 11, 2021, the Oversight Board filed its proposed *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as may be amended, supplemented, or modified, the "Plan of Adjustment") [ECF No. 16740], and its proposed *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 16741] (as may be amended, supplemented, or modified, the "Disclosure Statement"), following the Oversight Board's announcement on May 5, 2021 of the terms of a new plan support agreement (the "HTA/CCDA PSA") with Assured Guaranty Corp. and National Public Finance Corporation that provides a framework to restructure the bond debt of HTA and the Puerto Rico Convention Center District Authority ("CCDA"). The Plan of Adjustment remains premised on the plan support agreement initially entered into on February 22, 2021 with key stakeholders of the Commonwealth, ERS, and PBA (the "PSA"), and

4

also incorporates the terms of the HTA/CCDA PSA and a settlement reached with ERS bondholders. On May 25, 2021 the parties entered into an amendment to the HTA/CCDA PSA. Since that time, the Oversight Board has continued to meet with parties in interest, with the goal of attaining further agreements with key stakeholders and reaching a fully consensual Plan of Adjustment.

8. On May 4, 2021, the Court entered an *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* [ECF No. 16681] (the "Scheduling Order"), scheduling, among other things, the hearing to consider the adequacy of the information contained in the Disclosure Statement on July 13, 2021 (the "Disclosure Statement Hearing").

9. On May 13, 2021, the Oversight Board filed an amended disclosure statement motion [ECF No. 16756] (the "Disclosure Statement Motion") requesting, among other things, that the Court approve the Disclosure Statement and set a confirmation hearing schedule. The Disclosure Statement Motion will be heard at the Disclosure Statement Hearing. The Oversight Board intends to file an amended Plan of Adjustment and Disclosure Statement reflecting further discussion with various stakeholders prior to the Disclosure Statement Hearing.

**IV.  General Status of ADR and ACR Processes, Anticipated Number of Matters Directed into ADR, and Anticipated Timetable for Initiation of ADR Procedures with Respect to Such Matters**

10. Pursuant to the *Order (A) Authorizing Administrative Resolution of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order"), the Debtors have filed thirteen notices transferring claims into Administrative

Claims Reconciliation (as defined in the ACR Order), see *First Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 13603] (the "First ACR Transfer Notice"), *Second Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 14182] (the "Second ACR Transfer Notice"), *Third Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 14785] (the "Third ACR Transfer Notice"), *Fourth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15027] (the "Fourth ACR Transfer Notice"), *Fifth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15086] (the "Fifth ACR Transfer Notice"), *Sixth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15116] (the "Sixth ACR Transfer Notice"), *Seventh Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15534] (the "Seventh ACR Transfer Notice"), *Eighth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15721] (the "Eighth ACR Transfer Notice"), *Ninth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 15948] (the "Ninth ACR Transfer Notice"), *Tenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16259] (the "Tenth ACR Transfer Notice"), *Eleventh Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16514] (the "Eleventh ACR Transfer Notice"), *Twelfth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16677] (the "Twelfth ACR Transfer Notice"), and *Thirteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 16926] (the "Thirteenth ACR Notice," and collectively, the "ACR Transfer Notices"), and have transferred approximately 32,000 claims (collectively, the "ACR Designated Claims"), into Administrative Claims Reconciliation. The ACR Designated Claims will be resolved utilizing the Pension/Retiree Procedures, the Tax Refund Procedures, the Public

Employee Procedures, and/or the Grievance Procedures (each as defined in the ACR Order), as set forth in the ACR Transfer Notices.

11. Subsequent thereto, the Debtors have filed notices, see *Notice of Filing of First Administrative Claims Resolution Status Notice* [ECF No. 14515] and accompanying *First Administrative Claims Resolution Status Notice* [ECF No. 14515-1] (the "First ACR Status Notice"), *Notice of Filing of Second Administrative Claims Resolution Status Notice* [ECF No. 15367] and accompanying *Second Administrative Claims Resolution Status Notice* [ECF No. 15367-1] (the "Second ACR Status Notice"), *Notice of Filing of Third Administrative Claims Resolution Status Notice* [ECF No. 15812] and accompanying *Third Administrative Claims Resolution Status Notice* [ECF No. 15812-1] (the "Third ACR Status Notice"), *Fourth Administrative Claims Reconciliation Notice* [ECF No. 16322] (the "Fourth ACR Status Notice"), and *Fifth Administrative Claims Reconciliation Notice* [ECF No. 16888], wherein the Debtors reported the successful resolution of over 23,000 ACR Designated Claims. The Debtors' next ACR Status Notice (as defined in the ACR Order) is scheduled to be filed on August 3, 2021, and the Debtors anticipate reporting the successful resolution of hundreds of additional ACR Designated Claims.

12. With respect to certain ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants that the administrative files for their claims are incomplete, and requesting additional information in order to enable the Debtors to reconcile their claims. Certain claimants have provided responses to these mailings, and the Debtors are evaluating the additional information received and determining whether the information received is sufficient to complete the claimants' administrative file; the Debtors continue to await responses from additional claimants. In some instances, the Debtors have re-sent mailings to claimants who

did not respond to the Debtors' initial letter, reiterating their request for information sufficient to complete the claimants' administrative file. With respect to the remaining ACR Designated Claims, mailings have been made, or are in the process of distribution, informing claimants of the initiation of the ACR process and the timetable for the resolution of their ACR-related claims. The Debtors' next ACR Transfer Notice (as defined in the ACR Order) is scheduled to be filed on July 2, 2021. The Debtors anticipate transferring additional claims into Administrative Claims Reconciliation on or before that date.

13. Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576] (the "ADR Order"), the Debtors have filed thirteen notices transferring claims into the ADR Procedures (as defined in the ADR Order), see *First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 13609] (the "First ADR Notice"), *Second Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14090] (the "Second ADR Notice"), *Third Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14521] (the "Third ADR Notice"), *Fourth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 14786] (the "Fourth ADR Notice"), *Fifth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15085] (the "Fifth ADR Notice"), *Sixth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15113] (the "Sixth ADR Notice"), *Seventh Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15217] (the "Seventh ADR Notice"), *Eighth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15533] (the "Eighth ADR Notice"), *Ninth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15720] (the "Ninth ADR Notice"), *Tenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 15861] (the "Tenth ADR Notice"), *Amended Eleventh Notice of Transfer of Claims to*

Case:17-03283-LTS Doc#:16990 Filed:06/15/21 Entered:06/15/21 14:47:46 Desc: Main
Document Page 9 of 11

*Alternative Dispute Resolution* [ECF No. 16540] (the "Eleventh ADR Notice"), *Twelfth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16517] (the "Twelfth ADR Notice"), and *Thirteenth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 16767] (the "Thirteenth ADR Notice," and collectively, the "ADR Notices"), and have transferred approximately 327 claims into the ADR Procedures.

14. Subsequent thereto, the Debtors have filed notices, see *First Alternative Dispute Resolution Status Notice* [ECF No. 14185] (the "First ADR Status Notice"), *Second Alternative Dispute Resolution Status Notice* [ECF No. 15028-1] (the "Second ADR Status Notice"), *Third Alternative Dispute Resolution Status Notice* [ECF No. 15551-1] (the "Third ADR Status Notice"), *Fourth Alternative Dispute Resolution Status Notice* [ECF No.15958-1] (the "Fourth ADR Status Notice"), and *Fifth Alternative Dispute Resolution Status Notice* [ECF No. 16684] (the "Fifth ADR Status Notice"), indicating one (1) claim was settled in Evaluative Mediation (as defined in the ADR Order), eight (8) claims have been resolved, well over one hundred claims are currently in the Offer-Exchange (as defined in the ADR Order) phase of the ADR Procedures and have received either an Offer or an Information Request (as defined in the ADR Order), and approximately twelve (12) claimants have accepted the Debtors' offers. The Debtors are in the process of documenting the resolution of claims as to which offers have been accepted.

15. Since the filing of the Fifth ADR Status Notice, the Debtors have sent additional offers or Information Requests and are awaiting responses, or are in the process of preparing offers or making Information Requests to additional ADR Designated Claimants. In addition, the Debtors are evaluating all responses received and attempting to engage claimants in the hopes of achieving a consensual resolution of the remaining claims currently in the Offer-Exchange procedures. The Debtors' next ADR Transfer Notice (as defined in the ADR Order) is due July 1,

2021, and the Debtors anticipate transferring additional claims into the ADR Procedures on or before that date.

16. The Debtors' review and analysis of the claims filed to date remains ongoing. At present, the Debtors continue to estimate conservatively that the maximum number of claims that might be transferred into the ADR Procedures is 7,000, while the actual number transferred might be as low as 1,000 claims. At this time, the Debtors cannot predict with certainty the timing for the initiation of ADR Procedures with respect to this population of claims, but anticipate additional accounts payable and litigation-related claims will be transferred into the ADR Procedures in the near term.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: June 15, 2021<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>brosen@proskauer.com<br>ppossinger@proskauer.com<br>ebarak@proskauer.com<br><br>-and-<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Attorneys for the Financial Oversight and Management Board as Representative of the Debtor* |