**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS)<br><br>(Jointly Administered)<br><br>**Re: ECF No. 16757** |

**LIMITED RESPONSE AND REQUEST FOR CLARIFICATION OF THE OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES TO THE MOTION OF DEBTORS FOR
AN ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES
AND DEADLINES CONCERNING OBJECTIONS TO
<u>CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Retired Employees (the "**Retiree Committee**") hereby files this limited response to the *Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Dkt. 16757] (the "**Plan Procedures Motion**" filed by the "**Oversight Board**") and states:

1. The Retiree Committee represents the largest creditor group in this case, consisting of approximately 167,000 retirees, who, along with active employees, hold approximately $58 billion in claims on a present value basis for unfunded accrued pension benefits. As a statutory committee, one of its most fundamental and important duties is to participate in the formulation of aPlan for the Commonwealth. *See* 48 U.S.C. §2161(a) (incorporating 11 U.S.C §1103(c)); *Assured Guaranty Corp. v. Fin. Oversight & Mgt. Bd. for Puerto Rico (In re Fin. Oversight & Mgt. Bd. for Puerto Rico)*, 872 F.3d 57, 60 (1st Cir. 2017) (official committees serve as "'the primary negotiating bod[ies] for the formulation of the plan of reorganization'") (quoting H.R. Rep. No. 95-595, at 401 (1977)).

2. Consistent with its statutory duties, the Bankruptcy Code deems the Retiree Committee a "party in interest" and grants it the right to "appear and be heard on *any issue* in a case...." 11 U.S.C. §1109(b) (emphasis added). That right is automatic as there is no need for a "party in interest" to intervene in the "case" itself. *See In re Caldor Corp.*, 303 F.3d 161, 172 (2d Cir. 2002) (a party in interest, such as an official committee, is "'given the right to be heard under §1109'" and "'need not seek leave ... to intervene in a *case*'") (quoting *In re Addison Comm. Hosp. Auth.*, 175 B.R. 646, 650 (Bankr. E.D. Mich. 1994)) (emphasis added). Without this absolute

participation right, no committee could do what PROMESA and the Bankruptcy Code require of it.

3. The Plan Procedures Motion, however, suggests that as a supporter of the Plan (having been the first creditor group to enter into a plan support agreement with the Oversight Board), the Retiree Committee may not be able to participate in the confirmation process. That Motion requests that this Court limit the participation of "any party or party in interest" in any confirmation discovery and hearing to only those parties that are deemed "Eligible Creditor(s)" and defines "Eligible Creditor(s)" to be only those creditors that file an "Initial Objection" to the Plan. (Plan Procedures Motion, ¶¶40, 43, 45-48.) Moreover, the participation of an Eligible Creditor appears to be limited to the specific issues raised by that Eligible Creditor in their objection to the Plan. (*Id.* ¶¶40, 42.)

4. Because the Retiree Committee generally supports the Plan, it does not anticipate filing any broad objection to the Plan. However, given the motions and discovery requests filed by others, the Retiree Committee does anticipate that its agreement with the Oversight Board and the treatment afforded retirees under the Plan may be the subject of discovery and evidence and argument at the confirmation hearing. (*See* Dkt. 16396 (*Renewed Motion of Official Committee of Unsecured Creditors Pursuant to Federal Rule of Bankruptcy Procedure 3013 for Entry of Order Reclassifying Class 48A and Class 55 Claims Under Oversight Board's Plan of Adjustment dated March 8, 2021*); Dkt. 16884 (*Objection of Ambac Assurance Corporation, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claim Asserted By the Official Committee of Retired Employees of the Commonwealth of Puerto Rico Appointed in the Commonwealth's Title III Case*).)

5. The Retiree Committee intends to participate in any such discovery and in the Plan confirmation process at the confirmation hearing. While the Plan Procedures Motion could be read to apply only to creditors and not to committees, the Retiree Committee seeks clarification of this point, given the importance of a successful reorganization to the Retiree Committee's constituency. The Retiree Committee therefore requests that, in the event that the Court grants the Plan Procedures Motion, that the Court clarify the order by including the following provision:

> The definition of Eligible Creditor includes any statutory committee, whether the statutory committee has filed an Initial Objection to the Plan or not and nothing in this Order should be read to restrict the right of any statutory committee to participate fully in all discovery related to the confirmation of the Plan or in the Confirmation Hearing.

In addition, the Retiree Committee proposes a handful of other conforming changes to the order that make clear that statutory committees, like the Retiree Committee, may fully participate in the Plan confirmation process. The Retiree Committee's revised order is attached as Exhibit A and a redline to the order submitted by the Oversight Board is attached as Exhibit B.

6. Such clarification is consistent with the precedent from the Enron chapter 11 case that the Oversight Board attaches to its Plan Procedures Motion, which recognized the statutory committee's right to full participation in that confirmation process. (*See* Plan Procedures Motion, at Ex. B). It also is consistent with the fact that the Retiree Committee has found no case that prohibits a committee from participating in a confirmation hearing or limiting its participation and the Oversight Board has not cited any in its Plan Procedures Motion. To the contrary, both the Bankruptcy Code as incorporated by PROMESA and the Federal Rules of Bankruptcy Procedure establish the Retiree Committee's right to participate in the confirmation process. *See, e.g.*, 11 U.S.C. §1103(c)(3) (a committee's duties include participating in the formulation of a plan); Fed. R. Bankr. P. 3020(b)(1) (specifically requiring all objections to a plan to be served on committees);

3

2002(i) (requiring notice of plan confirmation be served on committees); *see also Southern Pacific Trans. Co. v. Voluntary Purchasing Grps., Inc.*, 227 B.R. 788, 791 n.3 (E.D. Tex. 1998) ("the Committee had a right to be notified of and to participate in the confirmation hearing under the Bankruptcy Code") (citing Fed. R. Bankr. P. 2002(b)(1), 2002(i), & 3020(b)(1)). Further, as the seminal treatise on bankruptcy explains: "[t]here appears to be no requirement that a party otherwise entitled to be heard file an objection to confirmation in order to examine witnesses and speak to evidence at the confirmation hearing" and a court need "not require an objection to confirmation before allowing discovery prior to a confirmation hearing." 9 COLLIER ON BANKRUPTCY ¶3020.02[1] n.9 (16th ed. 2021).

7. On May 17, 2021, counsel for the Retiree Committee requested that the Oversight Board make this proposed change to its proposed order. Having not received an answer from the Oversight Board, counsel for the Retiree Committee renewed the request on May 25, 2021, and then again on June 5, and June 14, 2021. Having received no definitive answer from the Oversight Board on these inquiries, the Retiree Committee files this limited response and request for clarification of the relief sought in the Plan Procedures Motion and will continue to attempt to discuss this matter with the Oversight Board.

8. But to the extent that the Oversight Board fails to address the Retiree Committee's concerns, the relief the Retiree Committee seeks is justified for the reasons set forth herein. Nothing in the Code nor PROMESA justifies excluding the Retiree Committee from this process. Indeed, it is just the opposite—blocking the Retiree Committee from full participation in the confirmation process would defeat the very purpose for which the Retiree Committee exists and would be contrary to the commands of sections 1109(b) and 1103. It also would send a message to those on the island that the participation of the one, truly public creditor group that by definition

4

consists only of those who lived and worked on the island is not welcome. Nothing in the Code nor PROMESA justifies such an outcome. The Retiree Committee supports a plan that provides for a brighter Puerto Rico for all constituents, and it should be permitted to participate fully on behalf of Puerto Rico's retirees in the culminating moment of this important case.

WHEREFORE the Retiree Committee respectfully requests that the Court clarify in any order granting the Plan Procedures Motion that any limitation imposed in that order on the participation of creditors does not apply to the Retiree Committee and state that the definition of "Eligible Creditor" includes any statutory committee, whether the statutory committee has filed an Initial Objection to the Plan or not, and to make the other edits to the proposed order set forth in the attached Exhibits A and B.

Dated: June 15, 2021

| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
|---|---|
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*) | A.J. Bennazar-Zequeira |
| Richard Levin (admitted *pro hac vice*) | Héctor M. Mayol Kauffmann |
| 919 Third Ave | Francisco del Castillo Orozco |
| New York, NY 10022-3908 | Edificio Union Plaza, |
| rgordon@jenner.com | 1701 Avenida Ponce de León #416 |
| rlevin@jenner.com | Hato Rey, San Juan |
| 212-891-1600 (telephone) | Puerto Rico 00918 |
| 212-891-1699 (facsimile) | ajb@bennazar.org |
| | hector.mayol@bennazar.com |
| Catherine Steege (admitted *pro hac vice*) | 787-754-9191 (telephone) |
| Melissa Root (admitted *pro hac vice*) | 787-764-3101 (facsimile) |
| Landon Raiford (admitted *pro hac vice*) | |
| 353 N. Clark Street | *Counsel for The Official Committee of Retired Employees of Puerto Rico* |
| Chicago, IL 60654 | |
| csteege@jenner.com | |
| mroot@jenner.com | |
| lraiford@jenner.com | |
| 312-222-9350 (telephone) | |