# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | ) PROMESA |
| | ) Title III |
| THE FINANCIAL OVERSIGHT AND | ) |
| MANAGEMENT BOARD FOR PUERTO | ) No. 17 BK 3283-LTS |
| RICO, | ) |
|     as representative of | ) |
| | ) (Jointly Administered)[1] |
| THE COMMONWEALTH OF PUERTO RICO, | ) |
| THE EMPLOYEES RETIREMENT SYSTEM | ) |
| OF THE GOVERNMENT OF THE | ) |
| COMMONWEALTH OF PUERTO RICO, | |
| AND THE PUERTO RICO PUBLIC | |
| BUILDINGS AUTHORITY, | |
| | |
|     Debtors. | |

**ORDER ESTABLISHING, AMONG OTHER THINGS,
PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO
CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH**

Upon the motion (the "Motion"),[2] dated May 13, 2021, of the Commonwealth of Puerto

Rico (the "Commonwealth"), the Employees Retirement System of the Government of the

Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"),

by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board" and in its capacity as representative of the Commonwealth, ERS, and PBA, the "Debtors"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Oversight Board submits this Motion in Cases No. 17 BK-1283-LTS (Commonwealth), 17 BK-3566-LTS (ERS), and 17 BK-5523-LTS (PBA).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

as sole Title III representative of the debtor under PROMESA section 315(b), requesting entry of

an order establishing, among other things, procedures and deadlines concerning objections to

confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and

the Court having subject matter jurisdiction to consider the Motion and the relief requested therein

pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper

pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been

provided and it appearing that no other or further notice need be provided; and the Court having

determined the relief sought in the Motion is in the best interests of the Debtors, their creditors,

and all parties in interest; and the Court having determined the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein, it is hereby ORDERED AS

FOLLOWS:

    1.      The Motion is GRANTED as set forth herein.

**Designation of the Confirmation Hearing Fact Witnesses**

    2.      On or before August 13, 2021, the Debtors, the Official Committee of Retired

Employees (the "Retiree Committee"), and each Eligible Creditor (as defined below) shall file a

list (the "Fact Witness List") setting forth (a) the names of the fact witnesses that such party

anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period from

September 13, 2021 through and including October 4, 2021, time(s), and location(s) each such

witness will be available for deposition, and (c) the general area for which the testimony of any

such witness shall be offered; provided, however, that, in the event that the Debtors or the Retiree

Committee determine to supplement ~~the Debtors'~~their respective Fact Witness List, for any reason,

subsequent to October 8, 2021, the proposed deadline to object to confirmation of the Plan (the

"Final Objection Deadline"), the Debtors or the Retiree Committee shall file a supplement to ~~the~~

~~Debtors'~~their respective Fact Witness List, setting forth such additional witness(es) and the general areas of testimony to be offered.

3. Notwithstanding the designation of a person on a Fact Witness List, as the same may be supplemented with respect to the Debtors' or Retiree Committee's Fact Witness List, the party filing the Fact Witness List would not be (a) required to present any such person during the Confirmation Hearing or (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Fact Witness List for the limited purpose of responding to any objections to confirmation that may be interposed or in rebuttal to testimony offered or adduced at the Confirmation Hearing in opposition to confirmation of the Plan.

4. For purposes of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), scheduled to commence on November __, 2021, at ____ a.m. (prevailing Atlantic Time), the Debtors and the Retiree Committee may present the testimony of any designated person by direct examination, a proffer of such person's testimony, use of deposition testimony in accordance with Bankruptcy Rule 7032, or the submission of a declaration of such person, subject to (a) the rights of any party that has filed an objection to confirmation of the Plan on or before the Final Objection Deadline to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. In the event that the Debtors or the Retiree Committee intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the provisions of the ~~United States Bankruptcy Court for the District of Puerto Rico Local Bankruptcy Rules (the "Local Rules")~~Case Management Procedures no later than October 25, 2021 and (ii) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination. Any Eligible Creditor who contends there is a disputed material factual issue and wishes to cross-examine any

declarant or to present live rebuttal testimony at the Confirmation Hearing must file an Informative

Motion identifying the relevant matter, the witness or witnesses, the factual issue(s) to which the

proposed cross-examination or testimony relates, the subject matter of the testimony and its

relevance to the factual issue(s), and the time requested for such examination or testimony, no later

than November 1, 2021, at 12:00 p.m. (Atlantic Standard Time).

5.　　For purposes of the Confirmation Hearing, the Eligible Creditors may present the

testimony of any designated person ~~through~~by direct examination, a proffer of such person's

testimony, use of deposition testimony in accordance with Bankruptcy Rule 7032, or the

submission of a declaration of such person, subject to (a) the rights of the Debtors and the Retiree

Committee to object to the presentation thereof and (b) such other rights afforded by the Federal

Rules of Evidence and applicable law.  In the event that the Eligible Creditors intend to introduce

such testimony through the submission of one or more declarations, (~~a~~i) such declarations shall be

filed with the Court and served in accordance with the provisions of the ~~Fourteenth Amended~~ Case

Management ~~Order~~Procedures no later than October 25, 2021, and (~~b~~ii) any such affiant shall be

present at the Confirmation Hearing and be available for cross-examination.  If the Debtors or the

Retiree Committee contend there is a disputed material factual issue and wishes to cross-examine

any declarant or to present live rebuttal testimony at the Confirmation Hearing, the Debtors or the

Retiree Committee, as applicable, must file an Informative Motion identifying the relevant matter,

the witness or witnesses, the factual issue(s) to which the proposed cross-examination or testimony

relates, the subject matter of the testimony and its relevance to the factual issue(s), and the time

requested for such examination or testimony, no later than November 1, 2021, at 12:00 p.m.

(Atlantic Standard Time).

**Discovery of the Debtors**

6.      ~~Any~~The definition of Eligible Creditor includes any party or party in interest (an "Eligible Creditor"~~)~~")[3] who files an initial objection (an "Initial Objection") to confirmation of the Plan on or prior to August 3, 2021 (the "Initial Objection Deadline"), setting forth the legal and factual basis in support thereof, and serves such objection in accordance with the order approving the Disclosure Statement (the "Disclosure Statement Order"~~),~~"). Eligible Creditors shall be entitled to seek appropriate discovery of the Debtors for documents not contained in the Plan Depository in connection with confirmation of the Plan and the Plan Support Agreements, solely to the extent of the issues set forth in such Initial Objection, in accordance with the procedures set forth herein; provided, however, that nothing contained herein shall preclude (i) an Eligible Creditor from, on or prior to the Final Objection Deadline, (a) filing a supplemental objection to confirmation to raise additional objections and provide legal and factual support therefor; provided, however, that, notwithstanding the filing of such supplemental objection, the discovery to be conducted by any such Eligible Creditor shall be limited to the issues set forth in the Initial Objection; (b) supplementing an Initial Objection by providing additional legal authorities and argument in support of the Initial Objection; and (c) supplementing an Initial Objection to include factual bases developed through the course of discovery provided herein or (ii) any party in interest from seeking discovery of any party, other than the Debtors, in connection with a properly filed objection to confirmation of the Plan and the party from whom discovery is sought objecting thereto.

---

[3]     For the avoidance of doubt, the definition of Eligible Creditor includes any statutory committee, whether the statutory committee has filed an Initial Objection to the Plan or not and nothing in this Order should be read to restrict the right of any statutory committee to participate fully in all discovery related to the confirmation of the Plan or in the Confirmation Hearing.

7.       Any party or party in interest, other than a statutory committee, who does not file

an Initial Objection shall not be permitted to seek discovery of the Debtors or any other

entity/individual by any method in connection with confirmation of the Plan and the global

compromise and settlements underlying the Plan, notwithstanding the filing of any objection other

than an Initial Objection; provided, however, that, notwithstanding the foregoing, nothing

contained in this Order shall inhibit the rights of any party or party in interest to object to

confirmation of the Plan during the period from August 3, 2021 up to and including the Final

Objection Deadline and, if any such objection is interposed and served on or prior to the Final

Objection Deadline, to attend, but not participate in, depositions taken pursuant to Deposition

Notices (as defined below) and prosecute such objection during the Confirmation Hearing.

**Plan Depository**

8.       The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the DS

Hearing Scheduling Order, shall remain in full force and effect and are unmodified except to the

extent set forth herein (collectively, the "Plan Depository Procedures"):

a.       Every instance of "Disclosure Statement Depository" shall be replaced with

"Plan Depository".[4]

b.       On or after July 13, 2021, the Debtors shall populate the Plan Depository to

include, in addition to the documents previously residing in the Plan

Depository, at least the following documents (collectively, the

"Documents"):

i.       Debtors' relevant non-privileged documents relied upon by Debtors

in analyzing the various claims and causes of action being

---

[4]       For the avoidance of doubt, the website on which the Plan Depository is accessible will be the same website as
the depository established to review documents and information related to the Disclosure Statement,
titleiiiplandataroom.com.

compromised and settled and/or assets referenced in Article II of the Plan; and

ii.     Debtors' relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement.

c.     Paragraph 2 of the Protective Order (as defined in the DS Hearing Scheduling Order) is amended as follows:

"Permissible Use of Confidential Information. All parties to this Protective Order, including their agents and representatives, agree to maintain the confidentiality and avoid improper disclosure of any Confidential Information in the Data Room. This includes any information derived from the Confidential Information, such as summaries, copies, or presentations containing or referencing Confidential Information. All Documents made available in the Depository shall be used only in connection with evaluating confirmation of the Plan and not for any other purpose. Each Eligible Creditor will safeguard Confidential Information from unauthorized disclosure with the same standard of care each Eligible Creditor uses in maintaining the confidentiality of its own confidential information of a similar nature."

d.     Every instance of "Disclosure Statement" (other than in the titles of documents referenced therein) shall be replaced with "Plan and Plan Support Agreements".

9.     Any Eligible Creditor who provides the information requested on the Plan Depository website and attests to the truth of such information shall be provided access to the Plan Depository. Further, any Eligible Creditor who executes the Protective Order by submitting an electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as

**Exhibit 3** (a "Protective Order Subscription") on the Plan Depository website shall be provided access to documents in the Plan Depository that have been designated as Confidential. In addition, any representative of an Eligible Creditor who executes a Protective Order Subscription shall receive access to documents in the Plan Depository that have been designated as Confidential. Subject to any Protective Order requirement, the Retiree Committee and its representatives will be given access to the Plan Depository.

10.     Notwithstanding the placement of any document in the Plan Depository and the review of any such document by an Eligible Creditor, the Debtors and the Retiree Committee shall maintain the right to object to the use or introduction of any document in the Plan Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a document contained in the Plan Depository has been created by the Debtors, such party shall have waived the right to object to the use or introduction of such document on the basis of authenticity. Additionally, to the extent that the Debtors inadvertently include privileged materials in the Plan Depository, it shall not be deemed to comprise any waiver of any applicable privilege. Such protective measures are necessary in order to provide the requesting parties access to relevant materials in a timely and efficient manner.

11.     The Debtors are authorized to take any action necessary to implement this Order.

**Additional Discovery of the Debtors**

12.     In addition to being provided access to the Plan Depository, any of the Eligible CreditorCreditors may serve upon or notice the Debtors only the following types of discovery requests in connection with the Confirmation Hearing and the Plan Support Agreements in accordance with the terms of this Order (collectively, the "Permitted Discovery") according to the following deadlines:

8

On or before August 6, 2021:

    a.    Requests for production pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014 (a "Production Request"); and

    b.    Requests for admissions pursuant to Rule 36, as incorporated by Rules 7036 and 9014, solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing (an "Admission Request").

On or before August 17, 2021:

    a.    Notices for depositions upon oral examination of the persons on the Debtors' or the Retiree Committee's Fact Witness List pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014 (a "Deposition Notice").

Notwithstanding the foregoing, in the event that an Eligible Creditor determines a need to depose someone other than a person listed on the Debtors' or the Retiree Committee's Fact Witness ListLists, (i) on or before August 17, 2021, such Eligible Creditor shall provide the Debtors and the Retiree Committee, with a copy to the Court, a list of such additional persons and stating the relationship of such additional person to the Initial Objection interposed by such Eligible Creditor and setting forth why the additional person's testimony is reasonably necessary, and not duplicative, given the availability of testimony from persons listed on the Debtors' and the Retiree Committee's Fact Witness ListLists and (ii) the Court shall conduct a status conference on August 23, 2021, at 9:30 a.m. A.S.T., or as soon thereafter as counsel may be heard, to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith.

13.    In the event that a Production Request is timely and properly served in accordance with the provisions of this Order, such Production Request must be accompanied by a certification, executed by counsel for the Eligible Creditor or, if the Eligible Creditor is not represented by counsel, by the Eligible Creditor, stating the relationship of such Production Request to the Initial Objection interposed by such Eligible Creditor and setting forth why the additional Production

9

Request is reasonably necessary given the availability of information in the Depository. Any

Production Request must be served on or before August 6, 2021.

14.     The Debtors shall respond to a Production Request on or before August 16, 2021 if

served in accordance with the Local Rules and the Disclosure Statement Order.

15.     Nothing contained herein shall inhibit the rights of a recipient of a Permitted

Discovery request to object or respond to a Production Request, a Deposition Notice or an

Admission Request as permitted by the Federal Rules of Civil Procedure governing discovery, as

incorporated by the Bankruptcy Rules, as made applicable by PROMESA section 310.  In the event

that an Eligible Creditor receives documents in response to a Production Request and such

documents provide factual support for the Initial Objection or any supplement thereto previously

interposed by such Eligible Creditor, such Eligible Creditor may, on or prior to October 8, 2021,

supplement such Initial Objection or any supplement thereto, as the case may be, to the extent of

such additional factual information or legal issues arising therefrom.

16.     In the event that a Deposition Notice is timely and properly served in accordance

with this Order, which shall include notice to the Retiree Committee, on or prior to August 25,

2021, the Debtors or the Retiree Committee (as applicable) shall file a schedule of the date, time

and place at which depositions shall be held between September 13 and October 4, 2021; provided,

however, that, in the event that the Debtors or the Retiree Committee supplement the Debtors'their

respective Fact Witness List in accordance with the provisions of decretal paragraph 2 hereof, each

Eligible Creditor shall be entitled to serve a Deposition Notice with respect to any such

supplemental witness up to the close of business on the third (3rd) business day following the filing

of such supplemental Debtors' Fact Witness List or Retiree Committee's Fact Witness List and,

within two (2) business days thereof, the Debtors or the Retiree Committee shall inform such

Eligible Creditor serving such supplemental Deposition Notice of the date, time and place at which

such supplemental depositions shall be held; and, <u>provided</u>, <u>further</u>, that an Eligible Creditor may

participate at any such deposition telephonically or in-person. Any party in interest, other than an

Eligible Creditor, that files an objection to confirmation of the Plan during the period from August

3, 2021, up to and including the Final Objection Deadline, shall be entitled to attend (telephonically

or in-person), solely as an observer, the deposition of the deponent designated in a Deposition

Notice.

17.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated

by Bankruptcy Rule 7030, depositions shall be limited to one (1) day of seven (7) hours, and parties

permitted to take any such depositions shall be required to allocate such time among such parties.

However, if additional time is needed to fairly examine the deponent or if the deponent, another

person, or any other circumstance impedes or delays the deposition, then the Court, consistent with

Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026,

shall consider and grant additional time if appropriate.  Additionally, to the extent that the Debtors

<u>or the Retiree Committee</u> seek to examine the deponent, such examination shall not be included in

the prescribed seven (7) hour limitation.

18.     Pursuant to Rule 16(c)(2)(F) of the Federal Rules of Civil Procedure, as

incorporated by Bankruptcy Rule 7016, no party in interest, Eligible Creditor or otherwise, shall

serve any discovery request in connection with the Confirmation Hearing and the Plan Support

Agreements that is outside the scope of Permitted Discovery herein.  In the event that the Debtors

<u>or the Retiree Committee</u> receive or have received a discovery request that is not designated as

Permitted Discovery, the Court hereby relieves the Debtors <u>or the Retiree Committee </u>from

11

responding to any such request pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure,

as incorporated by Bankruptcy Rules 7016 and 7026.

19.     Any Documents delivered to or from any Eligible Creditor, in addition to the Plan

Depository, shall be made contemporaneously available to the Retiree Committee.

**Discovery of Eligible Creditor and Other Parties**

~~19.~~20.  Nothing contained in this Order shall, nor shall it be construed to, limit the rights

of the Debtors, the Retiree Committee, or any other party in interest from taking discovery of any

Eligible Creditor or any other party which interposes an objection to confirmation of the Plan on

or prior to the Final Objection Deadline (collectively, the "Objecting Parties") by serving upon an

Objecting Party, (1) on or before August 6, 2021, a Production Request or an Admission Request;

or (2) on or before August 17, 2021, a Deposition Notice with regard to a person set forth on the

Eligible Creditor's Fact Witness List; provided, however, that, in the event that the Debtors or the

Retiree Committee determine a need to depose someone other than a person listed on the Eligible

Creditor's Fact Witness List, the Debtors or the Retiree Committee, as applicable, shall provide

the appropriate Eligible Creditor, with a copy to the Court, a list of such additional persons and the

Court shall conduct a status conference as soon as practicable to determine whether such persons

should be deposed and a Deposition Notice issued in connection therewith. In the event that a

Production Request or an Admission Request is served upon an Objecting Party, such party shall

respond to such Production Request or Admission Request, as the case may be, so as to be actually

received on or before August 16, 2021.

**Discovery Disputes**

~~20.~~21.  In the event that a dispute arises concerning any request for discovery in connection

with confirmation of the Plan propounded by any of the Debtors, the Retiree Committee, or an

Eligible Creditor, the party alleging non-compliance with any such request shall inform the non-

responsive party of such dispute (a "Non-Compliance Notice"), with a copy to the Debtors and the Retiree Committee in accordance with the notice provision set forth in decretal paragraph ~~14~~13 hereof, and, (a) within one (1) Business Day of the Non-Compliance Notice, the Debtors or the Retiree Committee, as applicable, shall inform the Court of the existence of any such dispute via telephone and the Court shall schedule a ~~chambers conference,~~ telephonic, virtual or in-person~~,~~ chambers conference as soon as possible to resolve or rule upon any such issues involved in such dispute and (b) within three (3) Business Days of the Non-Compliance Notice, each of the parties to such dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such dispute, the parties to such dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

**Expert Witnesses and Reports**

~~21.~~22. On or before August 30, 2021, the Debtors, the Retiree Committee, and each Eligible Creditor shall file a list (the "Initial Expert Witness List") setting forth (a) the names of the initial expert witnesses that such party anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period from September 13, 2021, through and including October 4, 2021, time(s), and location(s) each such witness will be available for deposition, and (c) the general area for which the testimony of any such witness shall be offered. Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, each Debtor, the Retiree Committee, and Eligible Creditor who has timely disclosed the identity of an expert witness on the Debtors' Initial Expert Witness List, the Retiree Committee's Initial Expert Witness List, or Eligible Creditor's Initial Expert Witness List, as applicable, shall disclose to the other Debtors, the Retiree Committee, and Eligible Creditors, with a copy to the Court, the

accompanying expert report on or before September 3, 2021. On or before September 24, 2021, the Debtors, the Retiree Committee, and each Eligible Creditor (as defined below) shall file a list (the "Rebuttal Expert Witness List," and together with the Fact Witness List and the Initial Expert Witness List, the "Witness Lists") setting forth (a) the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing, (b) the date(s) during the period from September 13, 2021, through and including October 4, 2021, time(s), and location(s) each such witness will be available for deposition, and (c) the general area for which the testimony of any such witness shall be offered. Each Debtor, the Retiree Committee, and Eligible Creditor who has timely disclosed the identity of an expert witness on the Rebuttal Expert Witness List shall disclose to the other Debtors, the Retiree Committee, and Eligible Creditors, with a copy to the Court, the accompanying rebuttal expert report on or before October 1, 2021.  Nothing in this paragraph is intended to modify any other requirement of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedures.

**Pre-Confirmation Hearing Conference**

22.23.  The Court shall conduct a pre-Confirmation Hearing conference to discuss motions in limine, the presentation of testimony, in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Debtors' Witness List, the Retiree Committee's Witness List, and the Eligible Creditors' Witness List, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

**Confidentiality**[5]

23.24. The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order remains in full force and effect.

24.25. In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtors in connection with these Title III cases shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

25.26. No Warranty of Accuracy. Each Eligible Creditor understands that the Debtors will endeavor to include in the Confidential materials relevant for the purpose of evaluation of the Plan, but each Eligible Creditor acknowledges that the Debtors do not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and none of the Debtors shall have any liability to any Eligible Creditor or its Representatives resulting from the use of such information by an Eligible Creditor or its Representatives.

26.27. No Waiver. No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

**Notice**

27.28. Upon entry hereof, the Debtors shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

**Jurisdiction**

28.29. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

---

[5] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

30.     This Order resolves Docket Entry No. ――――16757 in Case No. 17-3283.

Dated: _____, 2021

_____
Hon. Laura Taylor Swain
United States District Court Judge