# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtors,[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as a representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-03567 (LTS) |

---

[1] The Debtors in the various Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**LIMITED OBJECTION OF THE AD HOC GROUP OF FGIC NOTEHOLDERS TO THE (I) DISCLOSURE STATEMENT FOR THE THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL., AND (II) THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, ET AL.**

Taconic Capital Advisors LP, Aurelius Capital Management, LP, Canyon Capital Advisors LLC, First Ballantyne LLC, and Moore Capital Management, LP (collectively, the "Ad Hoc Group of FGIC Noteholders")[2], holders, or investment advisors or managers of beneficial holders, of certain series of insured notes in total principal amount in excess of $499 million issued by the Commonwealth of Puerto Rico and/or its various instrumentalities, agencies and authorities, insured by the Financial Guaranty Insurance Company ("FGIC")[3] and issued pursuant to Resolution 98-06 by the HTA (the "HTA Bonds"), those series of insured Notes guaranteed by FGIC and issued in accordance with the terms of the Trust Agreement, dated as of March 24, 2006, between the Puerto Rico Convention Center Authority (the "CCDA") and JPMorgan Chase Bank, NA, as trustee, as amended (the "CCDA Bonds"), and those series of insured Notes guaranteed by FGIC and issued in accordance with the terms of the Trust Agreement, dated as of October 1, 1988, between the Puerto Rico Infrastructure Financing Authority ("PRIFA") and U. S. Bank Trust National Association, as successor Trustee (the "PRIFA Bonds"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the (i) *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, *et al.* (Dkt. No. 16741) (the "Disclosure Statement"), and (ii) *Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Dkt. No.

---

[2] Each member of the Ad Hoc Group of FGIC Noteholders files this limited objection exclusively on its own behalf and does not assume any fiduciary or other duties to any other member or to any other entity or individual.

[3] FGIC is a New York domiciled monoline insurer operating pursuant to a Plan of Rehabilitation under the supervision of the Superintendent of Financial Services of the State of New York, and is currently paying only 44.5 cents on the dollar of its insured claims and has publicly stated it may not be able to pay its insured claims in full.

16740, and filed as Exhibit A to the Disclosure Statement) (the "Plan"). In support of the Limited Objection, the Ad Hoc Group of FGIC Noteholders respectfully states and represents to the Court as follows:

**Background**

On May 9, 2017, the Financial Oversight and Management Board for Puerto Rico, on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), filed a petition for relief under Title III of PROMESA (the "Title III Case").

On May 21, 2017, the Financial Oversight and Management Board for Puerto Rico, on behalf of the HTA, filed a petition for relief under Title III of PROMESA (the "HTA Title III Case").

On September 27, 2019, the Commonwealth filed the *Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Dkt. No. 6).

On February 28, 2020, the Commonwealth filed the *Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Dkt. No. 11946),and the *Disclosure Statement for the Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Dkt. No. 11947).

On March 8, 2021, the Commonwealth filed the *Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Dkt. No. 15976),

On March 9, 2021, the Commonwealth filed the *Disclosure Statement for the Second Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Dkt. No. 15988).

On May 11, 2021, the Commonwealth filed the Plan and the Disclosure Statement.

**Limited Objection**

As an initial matter, the Ad Hoc Group of FGIC Noteholders does not object to the fundamental economic terms for distributions under the Plan and as described in the Disclosure Statement, and indeed supports such economic terms. The Ad Hoc Group of FGIC Noteholders is filing this Limited Objection solely to bring to the Court's attention certain technical issues it has identified in the Disclosure Statement and the Plan (which is Exhibit A to the Disclosure Statement) that, if not corrected, could impact recovery for the holders of HTA Bonds, CCDA Bonds and PRIFA Bonds that are guaranteed by insurance policies issued by FGIC.

First, Section 71.4 of the Plan provides, and Page 435 of the Disclosure Statement describes, that distributions on GO Bonds[4], including CVIs, will be placed into a trust for the benefit of the holders of GO Bonds. *See* Plan Art. LXXI, § 71.4. Such trust will, among other things, distribute cash as and when received to beneficiaries, with such cash distributions credited against the amounts due under the insurance policies issued by FGIC. *See id.* Any shortfalls on cash payments will then be claimed under the FGIC insurance policies as and when those payments come due under the GO Bonds. The Ad Hoc Group of FGIC Noteholders believes that such a trust structure is intended to and will preserve the value of claims on the insurance policies issued by FGIC. Similar trusts have been used to preserve the value of claims on insurance policies in other major municipal insolvency cases, including recently in COFINA.

Further, Articles LX, LXI and LXII of the Plan, described on Pages 411, 412 and 413 of the Disclosure Statement, provide that the CVIs to be distributed on account of HTA Bonds, CCDA Bonds and PRIFA Bonds insured by FGIC will be distributed to holders of such Bonds rather than into a trust as provided for GO Bonds. In the Ad Hoc Group of FGIC

---

[4] All capitalized terms used but not defined in this Limited Objection shall have the meanings ascribed to such terms in the Plan.

Noteholders' view, the treatment of all distributions on FGIC insured claims under the Plan should be, and is intended to be, consistent with preserving the value of claims on the insurance policies issued by FGIC.

Accordingly, the Ad Hoc Group of FGIC Noteholders proposes that the Commonwealth make the following underlined technical changes to the language in the Plan with respect to the HTA Bonds:

- Section 60.1 should read: "On the Effective Date, and subject to the satisfaction of the Distribution Conditions, each holder of an Allowed CW/HTA Claim shall be entitled to receive, in full consideration, satisfaction, release and exchange of such holder's Allowed CW/HTA Claim, such holder's Pro Rata Share of the CW/HTA Clawback Recovery; provided, however, that, upon satisfaction of the Distribution Conditions, Assured and National shall receive their respective shares of the CW/HTA Clawback Recovery on account of the Assured CW/HTA Bond Claims and National CW/HTA Bond Claims, respectively, **and provided, further, that, upon satisfaction of the Distribution Conditions, the CW/HTA Clawback Recovery allocable to the FGIC CW/HTA Bond Claims shall be held in a trust solely for the benefit of holders of FGIC CW/HTA Bond Claims until the Effective Date of the HTA Plan**."

- Add the following definition in Article I: "**FGIC CW/HTA Bond Claims: Collectively, the CW/HTA Claims arising from HTA Bonds insured by FGIC**."

- Section 1.142 should read: "Custodial Trust Documents: Collectively, the trust agreements and other documents and instruments attendant to the custodial trusts to be created as of the HTA/Effective Date and relating to **(a) the HTA Bonds insured by Assured and the HTA Bonds insured by National**, if applicable, and the distributions to be made in accordance with the HTA Plan and the Plan, which trust agreements shall be in form and substance reasonably satisfactory to the Oversight Board, Assured, and National, as the case may be **and (b) the HTA Bonds insured by FGIC and the distributions to be made thereon in accordance with the HTA Plan and the Plan**."

- Section 1.270 should read: "HTA Plan: The plan of adjustment to be filed by the Oversight Board, as representative of HTA in the HTA Title III Case, in form and substance reasonably acceptable to Assured and National, and consistent with the terms of the Settlement Summary annexed to the HTA/CCDA Plan Support Agreement as Exhibit 'J' **and containing provisions regarding insured HTA Bonds consistent with the treatment of Insured Bond Claims in Article LXXI hereof**."

Moreover, the Ad Hoc Group of FGIC Noteholders proposes that the Commonwealth make the following underlined technical changes to the language in the Plan with respect to the CCDA and PRIFA Bonds:

- Section 1.216 should read: "FGIC Insured Bonds: Collectively, the GO Bonds, **CCDA Bonds and PRIFA Bonds** that have been insured by FGIC, including, without limitation, pursuant to a secondary market insurance policy."

- Section 61.1 should read: "Subject to the terms and provisions of Section 71.1 **and Section 71.4** hereof, on the Effective Date, each holder of an Allowed CW/Convention Center Claim shall be entitled to receive, in full consideration, satisfaction, release and exchange of such holder's Allowed CW/Convention Center Claim, such holder's Pro Rata Share of the CW/Convention Center Clawback Recovery."

- Section 62.1 should read: "**Subject to the terms and conditions of Section 71.4 hereof**, on the Effective Date each holder of an Allowed CW/PRIFA Rum Tax Claim shall be entitled to receive, in full consideration, satisfaction, release and exchange of such holder's Allowed CW/PRIFA Rum Tax Claim, such holder's Pro Rata Share of the CW/PRIFA Clawback Recovery; provided, however that, subject to the terms and provisions of Section 71.1 hereof, Assured shall receive its share of the CW/PRIFA Clawback Recovery on account of Allowed CW/PRIFA Rum Tax Claims arising from bonds insured by Assured.

Additionally, the Ad Hoc Group of FGIC Noteholders proposes that the Commonwealth make conforming changes in the body of the Disclosure Statement adequately describing the Clawback CVIs and the above described Plan provisions, particularly in Section VI. G. thereof.

### Reservation of Rights

The Ad Hoc Group of FGIC Noteholders, through its undersigned counsel, reserves the right to amend and/or supplement this Limited Objection and respond to any other objections to the Plan and/or Disclosure Statement or amendments and/or supplements thereto filed in these cases at any time in the future.

| | |
|---|---|
| Dated: June 15, 2021 | Respectfully submitted, |

CÓRDOVA & DICK, LLC

*/s/Brian M. Dick Biascoechea*
Brian M. Dick Biascoechea
#403 Calle 12 de Octubre
Urb. El Vedado
San Juan, PR 00918

P.O. Box 194021
San Juan, PR 00919-4021

Telephone: (787) 452-6425
USDC No.: 230,903
bmd@bmdcounselors.com

*Local Counsel to the Ad Hoc Group of FGIC Noteholders*

- and -

SHEPPARD MULLIN RICHTER & HAMPTON LLP

/s/
Lawrence A. Larose (admitted pro hac vice)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 896-0627
Facsimile: (917) 438-6197

*Counsel to the Ad Hoc Group of FGIC Noteholders*