UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**In re:**

| | |
|---|---|
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** **as representative of** | **PROMESA** **TITLE III** **Case No. 17-BK-3283 (LTS)** |

**THE COMMONWEALTH OF PUERTO RICO, et al.,**
**THE EMPLOYEES' RETIREMENT SYSTEM**
**OF THE GOVERNMENT OF**
**THE COMMONWEALTH OF PUERTO RICO,**
**AND THE PUERTO RICO**
**PUBLIC BUILDINGS AUTHORITY**

      **Debtors**[1]

---

**JOINDER OF CREDITOR DEMETRIO AMADOR INC./DEMETRIO AMADOR ROBERTS TO CREDITOR PFZ PROPERTIES, INC.'S OBJECTION TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO ET AL.**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**
**JUDGE LAURA TAYLOR SWAIN:**

    **COME NOW, CREDITOR DEMETRIO AMADOR INC. / DEMETRIO AMADOR ROBERTS, ("AMADOR"),** through the undersigned counsel to submit this Joinder (the "Joinder") to the Objection to The Disclosure Statement for the Third Amended Title III

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Joint Plan of Adjustment of The Commonwealth of Puerto Rico et al dated May 11, 2021, filed by creditor PFZ PROPERTIES, INC., ("PFZ") at dockets 16969 and 16969-1, and to respectfully prays:

1. The appearing creditor, AMADOR files this Joinder to avoid double filings and repetitions.

2. AMADOR joins the legal arguments discussed by PFZ in its Objection at docket 16969 and 16969-1 because AMADOR is also a creditor involved in eminent domain and/or inverse condemnation proceedings in the Commonwealth Courts. AMADOR is in the same position as PFZ, where as an instrumentality of the Commonwealth pursues taking their property without the payment of just compensation as mandated under the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico.

3. This Joinder also includes the legal grounds included by PFZ in its Memorandum of Law in Support of the Objection to the May 11, 2021, Disclosure Statement as filed at docket 16969-1.

4. In compliance with the Court's order on the requirements for an Objection to the Disclosure Statement dated May 11, 2021, AMADOR includes the details of the proof of claim filed in the Commonwealth case and also joins the proposed language included by PFZ to describe the suggested wording for the eminent domain claims.

AMADOR's factual background is herein included.

**Factual Background**

5. The representative of Amador is Jose Hidalgo, Esq., PO Box 19079, San Juan, PR 00919. The proof of claim filed on behalf of AMADOR is number 25984 filed on June 15, 2018, in the amount of $1,600,000.00, in the Commonwealth Title III PROMESA proceeding. The proof of claim stands as a valid claim and has not been objected by the Title III Debtor.

6. The claim demands payment in full under the Takings Clause under the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico.

7. The AMADOR eminent domain case is the case of the Commonwealth of Puerto Rico vs Demetrio Amador Inc. et als and is related to the inverse condemnation and the Judgment regarding the inverse condemnation issued by the Arecibo Court of First Instance. Both cases involve the same real property in the Municipality of Camuy and the same parties. The case was filed by the Commonwealth at the request of the Department of Transportation and Public Works as plaintiff in an eminent domain proceeding in the Superior Court of San Juan, under case number K EF 2010-0121. The proceedings before the Court of First Instance were stayed after the Title III Commonwealth case was filed under PROMESA. The pending matter before the San Juan Superior Court is to determine the final just compensation amount for the taking and eminent domain proceedings.

8. The AMADOR inverse condemnation proceeding is the case of Demetrio Amador Roberts vs Commonwealth of Puerto Rico filed in the Superior Court of Arecibo against

3

the Commonwealth of Puerto Rico and the Department of Transportation and Public Works under case number C AC2005-5859 regarding the same real property as in the eminent domain proceeding located in the Municipality of Camuy. Judgment was entered by the Arecibo Court on October 7, 2016, stating that Defendant, the Commonwealth, is bound to acquire the remainder of the property belonging to the plaintiffs for the unit value to be set by the Condemnations courtroom, the Court with expertise, in the Superior Court of San Juan.

9. Both proceedings seek just compensation for the takings by the Department of Transportation and Public Works, an instrumentality of the Title III Debtor Commonwealth of Puerto Rico. The taking contravenes Article II, section 9, of the Constitution of the Commonwealth of Puerto Rico, and the Takings Clause of the Fifth Amendment of the Constitution of the United States.

10. AMADOR's vested constitutional rights warrant the payment in full of the just compensation.

## Arguments by AMADOR

11. However, the Title III Disclosure Statement dated May 11, 2021, in Support of the Title III Readjustment Plan details that the AMADOR will not be paid the full amount included in claim 25984 as just compensation. Under class 51, the Commonwealth asserts none of the eminent domain or inverse condemnation claims will be paid the full just compensation.

12. As included in the Disclosure Statement, AMADOR, PFZ and other eminent domain and inverse condemnation creditors with a constitutional rank, will be treated as

4

general unsecured creditors, paid a pro-rata portion of their claims, these claims are impaired, will not be paid in full and will be subjected to the discharge provisions.

13. The disclosure on the proposed treatment for the AMADOR claim, PFZ claim, and all other eminent domain and inverse condemnation claims require the Court to deny the approval of the Title III Disclosure Statement. The Court should not approve a disclosure statement that includes plan provisions that are flawed and blatantly unconfirmable. *In re Mahoney Hawkes, LLP, 289 B.R. 285, 294 (Bankr.D.Mass. 2002)*. Where the plan's inadequacies are patent, they may, and should be addressed at the disclosure statement stage. *In re Eastern Maine Elec. Co-op., Inc., 125 BR 329 (Bkrtcy.D.Me 1991)*.

14. Under the terms and grounds of the Takings Clauses under the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico, Amador holds a constitutional claim against the Commonwealth. Amador's claim is a non-dischargeable claim, that cannot be impaired in the Disclosure Statement and Plan of Readjustment and should be promptly paid in full under its constitutional rank under both Federal and Commonwealth Constitutions.

## Legal Arguments

15. In addition to the legal arguments included in the previous section of this Joinder, AMADOR reinstates it joins the legal arguments expounded by PFZ in the Objection to the Disclosure Statement filed on June 14, 2021, at docket 16969 and the Memorandum of Law at docket 16969-1.

16. AMADOR also joins the **PROPOSED LANGUAGE** included by PFZ offering the following language to describe the treatment of Eminent Domain claims:

"The eminent domain creditors that do not have a Final Order will be allowed to proceed to Final Judgment or Order in the Commonwealth Courts to liquidate their claims, and the Automatic Stay will be modified accordingly. Such liquidated claims, and those that already have a Final Judgement or Order will be paid in full and will not be discharged, impaired, reduced or otherwise adjusted."

**WHEREFORE**, AMADOR, respectfully requests that the Court GRANT this Joinder, and enter the proposed order attached as Exhibit A and issue any further relief appropriate in law or in equity.

**I HEREBY CERTIFY**, under the Fourteenth Amended Notice, Case Management and Administrative Procedures Order [ECF 15894-1], this Joinder was electronically filed with the Clerk of the Court using the CM/ECF System, that will send notification of such filing to the US Trustee and to all parties registered to receive notice within the electronic notification service. A Certificate of Service certifying that a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the Fourteenth Amended Notice, Case Management and Administrative Procedures Order CMP Order will timely be filed.

6

**RESPECTFULLY SUBMITTED.**

**In San Juan, Puerto Rico, this 15th day of June 2021.**

                **COUNSEL FOR AMADOR**
                ***/S/ Mª Mercedes Figueroa y Morgade***
                MªMERCEDES FIGUEROA Y MORGADE
                USDC-PR #207108
                3415 Alejandrino Ave.,
                Apt. 703,
                Guaynabo, PR 00969-4856
                Tel: 787-234-3981
                **figueroaymorgadelaw@yahoo.com**

**EXHIBIT A**
**PROPOSED ORDER**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**In re:**

| | |
|---|---|
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** **as representative of** | **PROMESA** **TITLE III** **Case No. 17-BK-3283 (LTS)** |

**THE COMMONWEALTH OF PUERTO RICO, et al.,**
**THE EMPLOYEES' RETIREMENT SYSTEM**
**OF THE GOVERNMENT OF**
**THE COMMONWEALTH OF PUERTO RICO,**
**AND THE PUERTO RICO**
**PUBLIC BUILDINGS AUTHORITY**

      **Debtors[2]**

**[PROPOSED] ORDER GRANTING JOINDER OF CREDITOR DEMETRIO AMADOR INC./ DEMETRIO AMADOR ROBERTS TO CREDITOR PFZ PROPERTIES, INC.'S OBJECTION TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO ET AL. FILED AT DOCKET 16969 and 16969-1**

Upon consideration of the Joinder filed by **Creditor Demetrio Amador Inc./Demetrio Amador Roberts,("AMADOR")** To The Objection to The Disclosure Statement for the Third Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico Et Al dated May 11, 2021 and filed by creditor PFZ PROPERTIES, INC., ("PFZ") at docket

---

[2] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

16969 and 16969-1 and the Court having reviewed the Joinder and the relief requested; the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of the Joinder being adequate and proper under the circumstances; and after due deliberation and sufficient cause appearing; **THEREFORE**,

**IT IS HEREBY ORDERED THAT**:

The Joinder filed by CREDITOR DEMETRIO AMADOR INC./DEMETRIO AMADOR ROBERTS ("AMADOR") is **GRANTED**.

**SO ORDERED**.

Dated:

**LAURA TAYLOR SWAIN**
**UNITED STATES DISTRICT COURT JUDGE**