# **EXHIBIT B**

## AGREEMENT REGARDING BOND INSURANCE

THIS AGREEMENT REGARDING BOND INSURANCE, dated as of April 29, 2003, by and between Puerto Rico Highways and Transportation Authority (the "Authority") and JPMorgan Chase Bank, as Fiscal Agent (the "Fiscal Agent"), under Resolution No. 68-13, adopted by the Authority on June 13, 1968, as amended, and as supplemented by Resolution No. 2003-_, adopted by the Authority on April 10, 2003 (collectively, the "Resolution"),

W I T N E S S E T H:

WHEREAS, the Authority has determined to issue its Puerto Rico Highways and Transportation Authority Highway Revenue Refunding Bonds (Series AA) (the "Series AA Bonds") and to obtain a municipal bond insurance policy (the "Ambac Bond Insurance Policy") to be issued by Ambac Assurance Corporation ("Ambac") to secure the payment of the principal of and interest on the Series AA Bonds in the principal amount of $65,275,000 maturing July 1, 2035 and bearing interest at the rate of 5% per annum (the "Ambac Insured Bonds"), subject to the terms of the Ambac Bond Insurance Policy; and

WHEREAS, as a condition to the issuance of the Ambac Bond Insurance Policy, Ambac has requested that the Authority and the Fiscal Agent agree to certain provisions; and

WHEREAS, the Authority and the Fiscal Agent have agreed to said provisions for the benefit of Ambac to induce Ambac to issue the Ambac Bond Insurance Policy;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants herein set forth, the Authority and the Fiscal Agent hereby agree as follows:

Section 1. Any provision of the Resolution expressly recognizing or granting rights in or to Ambac may not be amended in any manner which affects the rights of Ambac thereunder without the prior written consent of Ambac. Ambac reserves the right to charge the Authority a fee for any consent or amendment to the Resolution while the Ambac Bond Insurance Policy is outstanding.

Section 2. Unless otherwise provided in this Section, Ambac's consent shall be required in lieu of the consent of the holders of the Insured Bonds, when required, for the following purposes: (i) adoption by the Authority of any resolution amending, supplementing or changing the Resolution or (ii) the initiation or approval of any action not described in (i) above which requires such holder consent.

Section 3. Any reorganization or liquidation plan with respect to the Authority must be acceptable to Ambac. In the event of any such reorganization or liquidation, Ambac shall have the right to vote on behalf and in lieu of all holders of the Insured Bonds absent a default by Ambac under the Ambac Bond Insurance Policy insuring such Obligations.

Section 4. While the Ambac Bond Insurance Policy is in effect, the Authority shall furnish to Ambac, upon request, attention Surveillance Department, the following :

NY1 5358755v4

(1) copy of any financial statement, audit and/or annual report of the Authority

(2) a copy of any notice to be given to the registered owners of the Insured Bonds, including, without limitation, notice of any redemption of or defeasance of Insured Bonds, and any certificate rendered pursuant to the Resolution relating to the security for the Insured Bonds.

(3) a copy of each annual filing and material event filing made by the Authority in accordance with its covenant under Rule 15c2-12 of the Securities Exchange Act of 1934 in respect of the Series AA Bonds;

(4) such additional information it may reasonably request.

Section 5. While the Ambac Bond Insurance Policy is in effect, the Authority shall furnish to Ambac, upon request (attention General Counsel's office), the following:

(i) Notification of any failure by the Authority to provide relevant notices, certificates, etc. under the Resolution; and

(ii) Notification of there being insufficient moneys to make any payments of principal of or interest on the Insured Bonds when required.

Section 6. The Authority will permit Ambac to discuss the affairs, finances and accounts of the Authority or any information Ambac may reasonably request regarding the security for the Insured Bonds with appropriate officers of the Authority and to have access to and to make copies of all books and records relating to the Insured Bonds at any reasonable time.

Ambac shall have the right to direct an accounting at the Authority's expense, and the Authority's failure to comply with such direction within thirty (30) days after receipt of written notice of the direction from Ambac shall be deemed a default hereunder; provided, however, that if compliance cannot occur within such period, then such period will be extended so long as compliance is begun within such period and diligently pursued, but only if such extension would not materially adversely affect the interests of any registered owner of the Insured Bonds.

Section 7.

(i) Ambac will allow the following obligations to be used (as and to the extent the same are included within the definition of "Investment Obligations" under the Resolution) for all purposes under the Resolution:

(1) Cash (insured at all times by the Federal Deposit Insurance Corporation),

(2) Direct obligations of the United States of America (including obligations issued or held in book entry form on the books of the Department of the Treasury), or

(3) Senior debt obligations of other Government Sponsored Agencies approved by Ambac.

(ii) Ambac will allow the following Obligations to be used as Permitted Investments for all purposes other than defeasance investments in refunding escrow accounts.

(1) Obligations of any of the following federal agencies which obligations represent the full faith and credit of the United States of America, including:

    a. Export-Import Bank
    b. Rural Economic Community Development Administration
    c. U.S. Maritime Administration
    d. Small Business Administration
    e. U.S. Department of Housing & Urban Development (PHAs)
    f. Federal Housing Administration
    g. Federal Financing Bank

(2) Direct obligations of any of the following federal agencies which obligations are not fully guaranteed by the full faith and credit of the United States of America:

    a. Senior debt obligations issued by the Federal National Mortgage Association (FNMA) or Federal Home Loan Mortgage Corporation (FHLMC).

    b. Obligations of the Resolution Funding Corporation (REFCORP).

    c. Senior debt obligations of the Federal Home Loan Bank System.

    d. Senior debt obligations of other Government Sponsored Agencies approved by Ambac.

(3) U.S. dollar denominated deposit accounts, federal funds and bankers' acceptances with domestic commercial banks which have a rating on their short term certificates of deposit on the date of purchase of "P-1" by Moody's and "A-1" or "A-1+" by S&P and maturing not more than 360 calendar days after the date of purchase. (Ratings on holding companies are not considered as the rating of the bank);

(4) Commercial paper which is rated at the time of purchase in the single highest classification, "P-1" by Moody's and "A-1+" by S&P and which matures not more than 270 calendar days after the date of purchase;

NYI 5358755v4

(5) Investments in a money market fund rated "AAAm" or "AAAm-G" or better by S&P;

(6) Pre-refunded Municipal Obligations defined as follows: any bonds or other obligations of any state of the United States of America or of any agency, instrumentality or local governmental unit of any such state which are not callable at the option of the fiscal agent prior to maturity or as to which irrevocable instructions have been given by the fiscal agent to call on the date specified in the notice; and

a. which are rated, based on an irrevocable escrow account or fund (the "escrow"), in the highest rating category of Moody's or S&P or any successors thereto; or

b. (i) which are fully secured as to principal and interest and redemption premium, if any, by an escrow consisting only of cash or obligations described in paragraph A(2) above, which escrow may be applied only to the payment of such principal of and interest and redemption premium, if any, on such bonds or other obligations on the maturity date or dates thereof or the specified redemption date or dates pursuant to such irrevocable instructions, as appropriate, and (ii) which escrow is sufficient, as verified by a nationally recognized independent certified public accountant, to pay principal of and interest and redemption premium, if any, on the bonds or other obligations described in this paragraph on the maturity date or dates specified in the irrevocable instructions referred to above, as appropriate;

(7) Municipal obligations rated "Aaa/AAA" or general obligations of States with a rating of "A2/A" or higher by both Moody's and S&P;

(8) Investment agreements approved in writing by Ambac Corporation (supported by appropriate opinions of counsel); and

(iii) The value of the above investments shall be determined in such manner consistent with the terms of the Resolution as Ambac shall agree to.

Section 8. Notwithstanding anything herein or in the Resolution to the contrary, in the event that the principal of or interest on the Insured Bonds shall be paid by Ambac pursuant to the Ambac Bond Insurance Policy, the Insured Bonds shall remain outstanding for all purpose under the Resolution, not be defeased or otherwise satisfied and not be considered paid by the Authority, and the assignment and pledge of revenues and other moneys and all covenants, agreements and other obligations of the Authority to the registered owners under the Resolution shall continue to exist and shall run to the benefit of Ambac, and Ambac shall be subrogated to the rights of such registered owners.

Section 9. As long as the Ambac Bond Insurance Policy shall be in full force and effect, the Authority and the Fiscal Agnet shall comply with the following provisions:

(i) At least one (1) day prior to each Interest Payment Date, the Fiscal Agent will determine whether there will be sufficient moneys in the Sinking Fund to pay the principal of or interest on the Insured Bonds on such Interest Payment Date. If the Fiscal Agent determines that there will be insufficient moneys, it shall so notify Ambac. Such notice shall specify the amount of the anticipated deficiency, the Insured Bonds to which such deficiency is applicable and whether such Insured Bonds will be deficient as to principal or interest, or both. If the Fiscal Agent has not so notified Ambac at least one (1) day prior to an Interest Payment Date, Ambac will make payments of principal or interest due on the Insured Bonds on or before the first (1st) day next following the date on which Ambac shall have received notice of nonpayment from the Fiscal Agent.

(ii) the Fiscal Agent shall, after giving notice to Ambac as provided in (a) above, make available to Ambac and, at Ambac's direction, to The Bank of New York, in New York, New York, as insurance trustee for Ambac or any successor insurance trustee (the "Insurance Trustee"), the registration books of the Authority maintained by the Fiscal Agent and all records relating to the moneys in the Sinking Fund.

(iii) the Fiscal Agent shall provide Ambac and the Insurance Trustee with a list of registered owners of the Insured Bonds entitled to receive principal or interest payments from Ambac under the terms of the Ambac Bond Insurance Policy, and shall make arrangements with the Insurance Trustee (i) to mail checks to such registered owners entitled to receive full or partial interest payments from Ambac and (ii) to pay principal of the Insured Bonds surrendered to the Insurance Trustee by their registered owners entitled to receive full or partial principal payments from Ambac.

(iv) the Fiscal Agent shall, at the time it provides notice to Ambac pursuant to (a) above, notify registered owners of the Insured Bonds entitled to receive the payment of principal or interest thereon from Ambac (i) as to the fact of such entitlement, (ii) that Ambac will remit to them all or a part of the interest payments next coming due upon proof of such owners' entitlement to interest payments and delivery to the Insurance Trustee, in form satisfactory to the Insurance Trustee, of an appropriate assignment of such owners' right to payment, (iii) that should they be entitled to receive full payment of principal from Ambac, they must surrender their Insured Bonds (along with an appropriate instrument of assignment in form satisfactory to the Insurance Trustee to permit ownership thereof to be registered in the name of Ambac) for payment to the Insurance Trustee, and not the Fiscal Agent and (iv) that should they be entitled to receive partial payment of principal from Ambac, they must surrender their Insured Bonds for payment thereon first to the Fiscal Agent who shall note on such Obligations the portion of the principal paid by the Fiscal Agent and then, along with an appropriate instrument of assignment in form satisfactory to the Insurance Trustee, to the Insurance Trustee, which will then pay the unpaid portion of principal.

(v) in the event that the Fiscal Agent has notice that any payment of principal of or interest on an Insured Bonds which has become Due for Payment and which is

made to its holder by or on behalf of the Authority has been deemed a preferential transfer and theretofore recovered from its registered owner pursuant to the United States Bankruptcy Code by a trustee in bankruptcy in accordance with the final, nonappealable order of a court having competent jurisdiction, the Fiscal Agent shall, at the time Ambac is notified pursuant to (a) above, notify all registered owners of Insured Bonds that in the event that any registered owner's payment is so recovered, such registered owner will be entitled to payment from Ambac to the extent of such recovery if sufficient funds are not otherwise available, and the Fiscal Agent shall furnish to Ambac its records evidencing the payments of principal of and interest on the Insured Bonds which have been made by the Fiscal Agent and subsequently recovered from registered owners and the dates on which such payments were made.

(vi) in addition to those rights granted Ambac under this Agreement, Ambac shall, to the extent it makes payment of principal of or interest on Insured Bonds, become subrogated to the rights of the recipients of such payments in accordance with the terms of the Ambac Bond Insurance Policy, and to evidence such subrogation (i) in the case of subrogation as to claims for past due interest, the Fiscal Agent shall note Ambac's rights as subrogee on the registration books of the Authority maintained by the Fiscal Agent upon receipt from Ambac of proof of the payment of interest thereon to the registered owners of the Insured Bonds, and (ii) in the case of subrogation as to claims for past due principal, the Fiscal Agent shall note Ambac's rights as subrogee on the registration books of the Authority maintained by the Fiscal Agent upon surrender of the Insured Bonds by the registered owners thereof together with proof of the payment of principal thereof.

(vii) Ambac shall receive prior written notice of any resignation by the Fiscal Agent.

(viii) Notwithstanding any other provision of this Agreement or the Resolution, in determining whether the rights of the holders of Insured Bonds will be adversely affected by any action taken pursuant to the terms and provisions of this Agreement or the Resolution, the Fiscal Agent shall consider the effect on such Holders as if there were no Ambac Bond Insurance Policy.

Section 10. To the extent that this Agreement confers upon or gives or grants to Ambac any right, remedy or claim under or by reason of the Resolution, Ambac is hereby explicitly recognized as being a third-party beneficiary (hereunder and may enforce any such right remedy or claim conferred, given or granted) hereunder.

NYI 5358755v4

IN WITNESS WHEREOF, Puerto Rico Highways and Transportation Authority and JPMorgan Chase Bank, as Fiscal Agent, have caused this Agreement Regarding Bond Insurance to be executed by their authorized officers, all as of the day and year first above written.

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY

By: _____
Executive Director

JPMORGAN CHASE BANK,
as Fiscal Agent,

By: _____
Vice President

NY1 5358755v4