# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF<br>THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY<br><br>    Debtors | PROMESA TITLE III<br><br>Case No. 17-BK-3283 (LTS) |

## MARUZ REAL ESTATE CORP.'S MOTION FOR JOINDER TO CREDITOR PFZ PROPERTIES, INC.'S OBJECTION TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO ET AL. FILED AT DOCKET NO. 16969

TO THE HONORABLE COURT:

    COMES NOW, MARUZ REAL ESTATE CORP., ("Maruz"), through the undersigned counsel to hereby submit this Joinder (this "Joinder") to the Objection to The Disclosure Statement for the Third Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico Et Al dated May 11, 2021 and filed by creditor PFZ PROPERTIES, INC., ("PFZ") at Docket No. 16969, and respectfully prays as follows:

Case:17-03283-LTS Doc#:17016 Filed:06/15/21 Entered:06/15/21 16:53:31 Desc: Main
Document Page 2 of 6

**PROMESA CASE**
*Motion For Joinder* Page 2
================================================================================

1. Maruz joins the objection filed by PFZ because both creditors have claims that stem from eminent domain and inverse condemnation proceedings by taking their property without just compensation as mandated under the provisions of the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico.

2. Maruz joins the legal grounds and arguments discussed by PFZ in its Memorandum of Law in Support of the Objection to the Disclosure Statement as filed at Docket No. 16969-1.

3. However, there are factual particularities in Maruz's background that are herein explained and that also comply with the Courts Order on the requirements for an Objection to the Disclosure Statement dated May 21, 2021.

**Factual Background**

4. Maruz is an entity authorized to do business within the Commonwealth of Puerto Rico. On May 22, 2018, in the Commonwealth Title III PROMESA proceeding, it filed Proof of Claim No. 18296 in the amount of $2,244,000.00 as a claim protected by the provisions of the Takings Clause under the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico. The proof of claim stands as a valid claim and has not been objected by the Title III Debtor.

5. The claim stems back to September 3rd, 2007, when Maruz filed a complaint against the Commonwealth for "inverse condemnation" at the Puerto Rico Court of First Instance, San Juan division, Case No. K AC 2007-2202. The

Complaint originated after Maruz was informed that the Commonwealth through its instrumentality, the Department of Natural Resources, was pursuing the expropriation of its property without just compensation

6. The Court of First Instance entered a judgment in favor of Maruz on March 9th, 2016. The Judgment orders the Commonwealth to pay Maruz just compensation in the amount of $2,244,000.00. Under the terms of the Judgment, the amount was payable to Maruz sixty (60) days from the date it was issued. Hence, on the date the Title III proceeding was filed, the Judgment was enforceable, but the filing of the Commonwealth's case stayed all collection efforts and forced Maruz to wait for this Third Disclosure Statement and Plan of Readjustment, dated May 11, 2021.

7. From the face of the Disclosure Statement and Reorganization Plan, it can be ascertained that Maruz will not be paid the full amount claimed as just compensation, and like PFZ and other eminent domain and inverse condemnation constitutional rank creditors, it will be an impaired claim, will not be paid in full, and its claim will be subject to the discharge provisions.

8. Under the terms and grounds of the Takings Clauses under the Constitution of the United States and the Constitution of the Commonwealth of Puerto Rico, Maruz's claim is a constitutional claim against the Commonwealth, and therefore, it is a non-dischargeable claim, that cannot be impaired in the Disclosure Statement and Plan of Readjustment and should be promptly paid in full in compliance with the terms of the Judgement entered by the Court of First

Case:17-03283-LTS Doc#:17016 Filed:06/15/21 Entered:06/15/21 16:53:31 Desc: Main
Document Page 4 of 6

**PROMESA CASE**
*Motion For Joinder* Page 4
================================================================================

Instance of Puerto Rico and its rank under both Federal and Commonwealth Constitutions.

## Legal Arguments

9. As previously states, Maruz hereby joins the legal arguments expounded by PFZ in its Objection to Disclosure Statement filed at Docket No. 16969 and the Memorandum of Law at Docket No. 16969-1. However, Maruz would like to underscore that Bankruptcy Courts have consistently held that "at the hearing on the approval of a disclosure statement, the court may consider issues pertaining to the plan, and may rule upon such issues, when the plan defects will make it unconfirmable." *In re El Comandante Mgmt. Co., LLC*, 359 B.R. 410, 415 (Bankr. D.P.R. 2006) (citing *In re Felicity Associates, Inc.,* 197 B.R. 12, 14 (Bankr.D.R.I.1996)). A disclosure statement may not be approved when the "plan is so fatally, and obviously flawed that confirmation is impossible." *Id.* (citing *In re Mahoney Hawkes, LLP,* 289 B.R. 285, 294 (Bankr.D.Mass. 2002)). *See also*, *In re Bjolmes Realty Trust*, 134 BR 1000 (Bkrtcy.D.Mass 1991); *In re O'Leary,* 183 B.R. 338, 338–39 (Bankr.D.Mass.1995). Courts may disapprove a disclosure statement that contains adequate information, when the proposed plan "cannot possibly be confirmed." *Id.* (citing, *In re CRIIMI MAE, Inc.,* 251 B.R. 796, 799 (Bankr.D.Md.2000)). Where the plan's inadequacies are patent, they may, and should be addressed at the disclosure statement stage. *In re Eastern Maine Elec. Co-op., Inc.*, 125 BR 329 (Bkrtcy.D.Me 1991). "Submitting the debtor to the attendant expense of soliciting votes and seeking court approval

Case:17-03283-LTS Doc#:17016 Filed:06/15/21 Entered:06/15/21 16:53:31 Desc: Main
Document Page 5 of 6

**PROMESA CASE**
*Motion For Joinder* Page 5
================================================================================

on a clearly fruitless venture would be costly and it would unduly delay any possibility of a successful reorganization". *In re Pecht*, 53 B.R. 768, 769-70 (Bankr. E.D. Va. 1985).

10. Lastly, Marux also joins the "PROPOSED LANGUAGE" for the requested modification of the Disclosure Statement submitted by PFZ, but clarifying that the same shall apply to eminent domain **and** inverse condemnation claims.

**WHEREFORE**, Maruz Real Estate Corp**.,** respectfully requests that the Court GRANT this Joinder, enter the proposed order attached hereto as Exhibit A, and issue any further relief appropriate at law or in equity.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of June 2021.

**I HEREBY CERTIFY**, in accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's *Fourteenth Amended Notice, Case Management and Administrative Procedures Order* [ECF 15894-1] (the "CMP Order"), that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties appearing in said system including the US Trustee and to all those parties registered to receive notice within the electronic notification service, as well as sent a true and exact copy of the foregoing was sent by electronic mail upon all

Case:17-03283-LTS Doc#:17016 Filed:06/15/21 Entered:06/15/21 16:53:31 Desc: Main
Document Page 6 of 6

**PROMESA CASE**
*Motion For Joinder* Page 6
================================================================================

the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

**COUNSEL FOR MARUZ REAL ESTATE CORP.**

*s/ Alexis Fuentes-Hernández, Esq.*
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201

**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215, 5216
Fax. (787) 483-6048
E-Mail: fuenteslaw@icloud.com