# Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### ORDER GRANTING THREE HUNDRED TWENTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRED DEBTOR BOND CLAIMS

Upon the *Three Hundred Twenty-Eighth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Partially Duplicate, Deficient, No Liability and Incorrect Debtor* [ECF No. 16654] (the "Three Hundred Twenty-Eighth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico ("Commonwealth"), dated April 30, 2021, for entry of an order

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Twenty-Eighth Omnibus Objection.

1

partially disallowing and partially reclassifying certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Twenty-Eighth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Three Hundred Twenty-Eighth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Twenty-Eighth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Three Hundred Twenty-Eighth Omnibus Objection (the "Claims to Be Partially Disallowed and Partially Reclassified") seek recovery, in part, of amounts for which the Commonwealth is not liable; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified seek recovery, in part, of amounts that are duplicative of one or more Master Proofs of Claim filed in the Commonwealth's Title III Case; and to the extent the Claims to Be Partially Disallowed and Partially Reclassified seek recovery of amounts greater than reflected in the proof of claim, the supporting documentation, and any Mailing response, the Court having determined that such portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient; and the Court having determined that a portion of the Claims to Be Partially Disallowed and Partially Reclassified should be reclassified because a portion of the claim identifies the Commonwealth as obligor, when that claim is properly asserted, if at all, against the Puerto Rico Electric Power Authority ("PREPA"), and the Court having determined that the remaining portions of the Claims to Be Partially Disallowed and Partially Reclassified will remain asserted against the Commonwealth; and the Court having determined that the relief sought in the Three Hundred Twenty-Eighth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court

having determined that the legal and factual bases set forth in the Three Hundred Twenty-Eighth Omnibus Objection establish just cause for the relief granted herein; and the Court having deemed a hearing is not necessary as no objection, responsive pleading, or request for a hearing with respect to the Three Hundred Twenty-Eighth Omnibus Objection has been submitted, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Twenty-Eighth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in **Exhibit A** to the Three Hundred Twenty-Eighth Omnibus Objection are hereby partially disallowed (the "Claims to Be Partially Disallowed"); and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to designate the portions of the Claims to Be Partially Disallowed and Partially Reclassified as expunged on the official claims registry in the Title III Cases; and it is further

ORDERED that the portions of the Claims to Be Partially Disallowed and Partially Reclassified identified in the column titled "Asserted" in **Exhibit A** to the Three Hundred Twenty-Eighth Omnibus Objection are hereby reclassified to be claims asserted against PREPA, as indicated in the column titled "Corrected" in Exhibit A (the "Claims to Be Partially Reclassified"); and it is further

ORDERED that the Debtors' right to object to the Claims to Be Partially Reclassified is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Twenty-Eighth Omnibus Objection from the Title III case for the

debtor(s) identified in the column titled "Asserted" in Exhibit A to the Three Hundred Twenty-Eighth Omnibus Objection to PREPA's Title III Case (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747));

ORDERED that the Claims to Be Partially Disallowed and Partially Reclassified are hereby reduced and disallowed, such that the Claims to Be Partially Disallowed and Partially Reclassified shall now only be considered claims asserting the amount set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Twenty-Eighth Omnibus Objection, respectively; and it is further

ORDERED that the Commonwealth's right to object to portions of the remaining portions of these claims, as set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Twenty-Eighth Omnibus Objection, is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to delete and reduce the amount asserted in the Claims to Be Partially Disallowed and Partially Reclassified by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Twenty-Eighth Omnibus Objection) from the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that this Order resolves Docket Entry No. 16654 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

4

**EXHIBIT A**
**Schedule of Claims Subject to the Three Hundred Twenty-Eighth Omnibus Objection**

### Three Hundred and Twenty-Eighth Omnibus Objection
### Exhibit A - Claims to Be Partially Disallowed and Partially Reclassified

| | NAME | CLAIM# | ASSERTED DEBTOR | ASSERTED PRIORITY STATUS | ASSERTED AMOUNT | CORRECTED DEBTOR | CORRECTED PRIORITY STATUS | CORRECTED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | HECTOR R GONZALEZ ROMANACE & FAMILY (WIFE &3 ADULT CHILDREN) 47 HARBOUR LIGHTS DR PALMAS DEL MAR HUMACAO, PR 00791-6053 | 47721 | Commonwealth of Puerto Rico | Unsecured | $26,033,998.00 | Commonwealth of Puerto Rico | Unsecured | $873,837.00 |
| | | | | | | Puerto Rico Electric Power Authority | Unsecured | $1,103,660.00 |
| | | | | | | Subtotal | | $1,977,497.00 |

Reason: Claimant appears to assert, per best effort reviewing proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information the following bonds. Claim purports to assert, in part, liability based on an alleged ownership of COFINA Bonds, and thus seeks recovery for amounts for which the Commonwealth of Puerto Rico is not liable because the claims were (1) compromised and settled pursuant to the Settlement Order, and (2) released and discharged in accordance with the Plan and Amended Confirmation Order. Claimant purports to assert, in part, liability associated with bond(s) issued by the Puerto Rico Aqueduct and Sewer Authority which are duplicative of the master proof(s) of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also purports to assert, in part, liability associated with bond(s) issued by ERS, which is duplicative of the master proof of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also asserts, in part, liability based on an alleged ownership of GDB Bonds that were subject to the Qualifying Modification, which provided for the issuance of new securities in exchange for the cancellation of the GDB Bonds and the extinguishment of the Commonwealth's guarantee of certain GDB Bonds, and thus the Commonwealth is no longer liable for these claims. Claimant also identifies, in part, obligor as the Commonwealth of Puerto Rico when the proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information show that any liability would reside, if at all, under Puerto Rico Electric Power Authority. To the extent Claimant seeks to assert any additional liabilities, the Claim is deficient, because it does not provide information sufficient to enable the Debtors to reconcile the Claim. Further, to the extent Claimant seeks to assert liabilities arising out of investment losses, the claim does not provide a basis for asserting such claims against the Commonwealth. Another portion will remain at the Commonwealth.

| | NAME | CLAIM# | ASSERTED DEBTOR | ASSERTED PRIORITY STATUS | ASSERTED AMOUNT | CORRECTED DEBTOR | CORRECTED PRIORITY STATUS | CORRECTED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | POLLARD, JULITA 5 SW 52ND ST DES MOINES, IA 50312 | 6814 | Commonwealth of Puerto Rico | Unsecured | $2,500.00* | Commonwealth of Puerto Rico | Unsecured | $2,500.00* |
| | | | | | | Puerto Rico Electric Power Authority | Unsecured | Undetermined* |
| | | | | | | Subtotal | | $2,500.00* |

Reason: Claimant appears to assert, per best effort reviewing proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information the following bonds. Claim purports to assert, in part, liability based on an alleged ownership of COFINA Bonds, and thus seeks recovery for amounts for which the Commonwealth of Puerto Rico is not liable because the claims were (1) compromised and settled pursuant to the Settlement Order, and (2) released and discharged in accordance with the Plan and Amended Confirmation Order. Claimant also purports to assert, in part, liability associated with bond(s) issued by HTA, which is duplicative of one or more master proofs of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also purports to assert, in part, liability associated with bond(s) issued by the University of Puerto Rico which are duplicative of the master proof(s) of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also asserts, in part, liability associated with bond(s) issued by the Puerto Rico Infrastructure Financing Authority which is duplicative of one or more master proofs of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also identifies, in part, obligor as the Commonwealth of Puerto Rico when the proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information show that any liability would reside, if at all, under Puerto Rico Electric Power Authority. To the extent Claimant seeks to assert any additional liabilities, the Claim is deficient, because it does not provide information sufficient to enable the Debtors to reconcile the Claim. Further, to the extent Claimant seeks to assert liabilities arising out of investment losses, the claim does not provide a basis for asserting such claims against the Commonwealth. Another portion will remain at the Commonwealth.

\* Indicates claim contains unliquidated and/or undetermined amounts

Three Hundred and Twenty-Eighth Omnibus Objection
Exhibit A - Claims to Be Partially Disallowed and Partially Reclassified

| | NAME | CLAIM# | ASSERTED | | | CORRECTED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 3 | POLLARD, THOMAS<br>5 SW 52ND STREET<br>DES MOINES, IA 50312 | 6627 | Commonwealth of Puerto Rico | Unsecured | $2,500.00* | Commonwealth of Puerto Rico | Unsecured | $2,500.00* |
| | | | | | | Puerto Rico Electric Power Authority | Unsecured | Undetermined* |
| | | | | | | | Subtotal | $2,500.00* |

Reason: Claimant appears to assert, per best effort reviewing proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information the following bonds. Claim purports to assert, in part, liability based on an alleged ownership of COFINA Bonds, and thus seeks recovery for amounts for which the Commonwealth of Puerto Rico is not liable because the claims were (1) compromised and settled pursuant to the Settlement Order, and (2) released and discharged in accordance with the Plan and Amended Confirmation Order. Claimant also purports to assert, in part, liability associated with bond(s) issued by HTA, which is duplicative of one or more master proofs of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also purports to assert, in part, liability associated with bond(s) issued by the University of Puerto Rico which are duplicative of the master proof(s) of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also asserts, in part, liability associated with bond(s) issued by the Puerto Rico Infrastructure Financing Authority which is duplicative of one or more master proofs of claim filed by the trustee of these bond(s) in the Commonwealth case. Claimant also identifies, in part, obligor as the Commonwealth of Puerto Rico when the proof of claim, supporting documentation, bond name(s) at issue, and/or the CUSIP information show that any liability would reside, if at all, under Puerto Rico Electric Power Authority. To the extent Claimant seeks to assert any additional liabilities, the Claim is deficient, because it does not provide information sufficient to enable the Debtors to reconcile the Claim. Another portion will remain at the Commonwealth.

| | | | TOTAL | | $ 26,038,998.00* | TOTAL | | $ 1,982,497.00* |

\* Indicates claim contains unliquidated and/or undetermined amounts