# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS)<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 16963, 16965** |

## OBJECTION OF THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES TO AMBAC ASSURANCE CORPORATION'S URGENT MOTION FOR BRIEFING SCHEDULE WITH RESPECT TO THE OBJECTION OF AMBAC ASSURANCE CORPORATION, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIM ASSERTED BY THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO APPOINTED IN THE COMMONWEALTH'S TITLE III CASE

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Retired Employees (the "**Retiree Committee**") hereby files this Objection to *Ambac Assurance Corporation's Urgent Motion For Briefing Schedule With Respect To The Objection Of Ambac Assurance Corporation, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claim Asserted By The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico Appointed In The Commonwealth's Title III Case* [Dkt. 16963] (the "**Scheduling Motion**" filed by "**Ambac**"), and states:

## INTRODUCTION

1. The Scheduling Motion should be denied for three reasons.

2. ***First***, the *Objection Of Ambac Assurance Corporation, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claim Asserted By The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico Appointed In The Commonwealth's Title III Case* [Dkt. 16884] (the "**Claim Objection**" or "**Cl.Obj**.") and the accompanying Scheduling Motion violate this Court's March 10, 2020 Order staying all contested matters related to claims that are the subject of a plan support agreement. (Dkt. 12189, ¶4.) In its March 10, 2020 Order, this Court ruled that: "[c]ontested matters ... other than contested matters initiated via timely objections to the Amended Plan or Amended Disclosure Statement ... that address issues ... being settled under the Amended Plan ... shall also be stayed pending such a decision, unless otherwise ordered by the Court." (*Id.*) Ambac's Claim Objection is a contested matter and there is no dispute that it addresses a claim that is the subject of a plan support agreement with the Oversight Board. (*See* Cl.Obj. ¶59 (acknowledging the Retiree Committee's Claim is the subject of a "proposed POA")); *see also Disclosure Statement For The Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [Dkt.16741], at Ex. E and the *Third Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico, et al.* [Dkt.16740] (the "**Plan**").)

Accordingly, Ambac's Claim Objection is subject to the March 10, 2020 stay Order. Because Ambac filed its Claim Objection without leave of Court, its Scheduling Motion should be denied.

3. ***Second,*** even if the Court treats Ambac's Scheduling Motion as a request for relief from the March 10, 2020 Order, it should still deny the Scheduling Motion. Ambac's Claim Objection is in reality *not* an objection to the Retiree Committee's Claim at all, but an objection to confirmation of the Plan. As Ambac admits, the Claim Objection neither challenges the fact that the Commonwealth owes the retirees their pensions nor the amount that any individual retiree receives on a monthly basis. (Cl.Obj. ¶¶1, 59.) Instead, the sole focus of the Claim Objection is to demonstrate that there are supposedly additional available resources that the Commonwealth could tap to pay more to Ambac. (*Id.* ¶59.) That is an objection to the Plan under the best interests test; it is not a claim objection under section 502. As such, any consideration of the issues raised in the Claim Objection should be heard in conjunction with the confirmation hearing and the Claim Objection should be treated as a premature objection to the Plan.

4. ***Third,*** if the Court sets an independent schedule for the Claim Objection that is not tied to the confirmation schedule, the schedule Ambac proposes is too abbreviated. The proposed schedule does not allow sufficient time for the necessary expert discovery that would be required to address Ambac's erroneous conclusions about the value of the Retiree Committee's Claim. The schedule also does not allow sufficient time for the Court to address motion practice related to the Claim Objection. The Retiree Committee intends to move to dismiss or terminate the Claim Objection because the Claim Objection is not moored to any actual relief that matters, making the request for a ruling on the Claim Objection a request for an advisory opinion. *See Aurelius Cap. Master, Ltd. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 919 F.3d 638, 645-46 (1st Cir. 2019).

5. Accordingly, if the Court elects to consider the Claim Objection now, rather than in connection with the confirmation hearing, the Retiree Committee proposes that the Court set the following schedule:

| PROPOSED SCHEDULE | |
|---|---|
| Motions To Dismiss Related to the Claim Objection | July 13, 2021 |
| Responses to Motions To Dismiss the Claim Objection | July 20, 2021 |
| Replies to Motions To Dismiss the Claim Objection | July 27, 2021 |
| Hearing on Motions | August 4, 2021 |
| Disclosures of Fact Witnesses (if necessary) | August 13, 2021 |
| Expert Disclosures/Reports (if necessary) | August 30, 2021 |
| Witness Depositions (if necessary) | September 13 – October 4, 2021 |
| Hearing (if necessary) | November 8, 2021 |

## BACKGROUND

6. On June 3, 2021, Ambac filed its Claim Objection. Ambac states in its Claim Objection that it "does not challenge the proposed payments to pensioners or their treatment under the proposed POA—in fact, it does not concern the terms of the Retiree Committee PSA at all." (Cl.Obj. ¶58.) Ambac also does not challenge the fact that the Commonwealth has a contractual obligation to pay pensions, stating that it "is not seeking to challenge the amount being proposed to be paid to pensioners under the plan of adjustment *or pensioners' relative rights or priorities*...." (*Id*. ¶5 (emphasis added); *see also id*. ¶1.) Instead, Ambac states that it "seeks only to determine the overall amount of the Commonwealth's pension liability" (*id.* at ¶5), even though, as it acknowledges, the Retiree Committee and the Board have reached a proposed settlement of the amounts to be paid to Retirees on account of their pensions and other benefits (*id.* ¶¶30-31, 58).

7. Ambac states that this "overall amount" must be determined because, according to Ambac, it relates directly to the amount available to pay debt service to Ambac and others. (*Id*.

3

¶¶5, 59.) Ambac directly ties this point to its objections to the Oversight Board's Plan, stating in its *Objection Of Ambac Assurance Corporation To The Disclosure Statement For The Third Amended Title III Joint Plan Of Adjustment Of The Commonwealth Of Puerto Rico, et al.* [Dkt. 17008] ("**Disclosure Statement Objection**" or "**DS Obj**.") that pension liabilities are "likely overstat[ed]" (DS Obj. ¶11) and directly referencing the Claim Objection (*id*. ¶114). Ambac also proceeds in its Disclosure Statement Objection to advance all of the same arguments it makes in its Claim Objection about why the Retiree Committee's Claim is overstated, leaving less funds available for Ambac. (*Id*. ¶¶114-18.)

8. Ambac contends that the "overall amount" of pension liabilities is overstated in the Retiree Committee's Claim because (i) the Retiree Committee's Claim was filed in 2018 and is now based on "stale" data; (ii) the mortality assumptions are "outdated"; (iii) there is no evidence that the Commonwealth has performed a death audit to determine if any retirees receiving pensions have in fact passed; and (iv) the Retiree Committee's Claim uses an improper discount rate. (Cl.Obj. ¶¶5, 37-57.) Ambac's arguments are all premised on valuing the present value of the retirement benefits as of today using data that was unavailable on the Commonwealth's petition date, rather than determining the petition date value of such benefits. (*Id*. ¶¶37-57.) Ambac does not attach a declaration of an actuary or other expert to support the arguments it makes in its Claim Objection, although it must have employed one because it references a "death audit" it "commissioned" "at its own expense." (*Id*. ¶¶48-49; *see also id.* ¶48 n.9.)[2]

---

[2] The Claim Objection is riddled with errors and misstatements. In addition to those pointed out by the Oversight Board (*see* Dkt. 17043), Ambac incorrectly contends that this Court has already rejected one of the Retiree Committee's claims (Claim No. 73241) on the basis that the Retiree Committee could not support it (Cl.Obj. ¶29, n. 6). But had Ambac examined the claim in question—Claim No. 73241—it would have realized that it was actually filed by Gloria Margarita Vega Sanchez, who is *not* a member of the Retiree Committee, but who purported to file her claim on the Retiree Committee's behalf. (*See* Exhibit A, attached hereto.) When the Oversight Board objected to Ms. Sanchez's claim, the Retiree Committee asked the Oversight Board to add clarifying language in any order expunging Ms. Sanchez's claim to the effect

4

9. Although Ambac did not provide evidentiary support for the arguments it makes in its Claim Objection, in its Scheduling Motion it asks the Court to order the Retiree Committee to respond by July 6, 2021 and to conduct a hearing on the Claim Objection on August 4 or 5, 2021. (Scheduling Motion ¶3.) In an email exchange before the filing of the Scheduling Motion, counsel for Ambac stated that Ambac intended the August 4th or 5th hearing to be an evidentiary hearing. (*See* Exhibit B hereto.)

## ARGUMENT

### I. Ambac's Claim Objection And Scheduling Motion Violate The Court's March 10, 2020 Stay Order.

10. The Claim Objection and Ambac's request for an immediate hearing violate this Court's March 10, 2020 stay Order and the well-established principle that once the estate fiduciary resolves a claim, the court should not proceed with objections to that same claim made by other creditors. *See, e.g., In re Kaiser Aluminum Corp.*, 339 B.R. 91, 94-95 (D. Del. 2006) (holding creditor's objection to a claim is subject to a debtor's or trustee's right to settle the claim); *In re DVR, LLC*, 582 B.R. 507, 522-23 (Bankr. D. Colo. 2018) (same); *In re Heritage Org., L.L.C.*, 375 B.R. 230, 285 (Bankr. N.D. Tex. 2007) (Houser, J.) (same); *cf. In re Salander*, 472 B.R. 213, 217-18 (Bankr. S.D.N.Y. 2012) (creditor could not prosecute estate cause of action after trustee settled the claim).[3] Instead, creditors with objections to a resolved claim can voice their objections to the

---

that "disallowance of claim number 73241 does not affect the pending claims that were filed by the Retiree Committee, Claim Nos. 21532, 21533, 21534." Although the Oversight Board agreed to add this language to any such order, it appears the Oversight Board inadvertently omitted it when it tendered the order to the Court for execution. In any event, Ambac's failure to review the claim before making assumptions about it in a filing to this Court is reflective of its general disregard for fact-checking.

[3] Whether Ambac even has standing to object to the Retiree Committee's Claim is a question in the First Circuit. In *Thompson*, the First Circuit suggested in *dicta* that a chapter 7 debtor did not have standing to object to a claim absent following the procedures for derivative standing and held that the debtor's objection to the claim after the trustee had settled the claim did not confer appellate standing on the debtor to challenge the trustee's settlement. *In re Thompson*, 965 F.2d 1136, 1147-48 (1st Cir. 1992). Whether the *dicta* in

5

settlement at the hearing to approve the settlement, which in this case will be the confirmation hearing.

11. Consistent with this principle, the Court has on at least three prior occasions blocked exactly what Ambac attempts to do here: separately litigating a claim that is subject to settlement reflected in a plan support agreement.[4] In an Order the Court entered on March 10, 2020, the Court held that "[c]ontested matters ... other than contested matters initiated via timely objections to the Amended Plan or Amended Disclosure Statement ... that address issues ... being settled under the Amended Plan ... shall also be stayed pending such a decision, unless otherwise ordered by the Court." (Dkt. 12189 ¶4.) The Court concluded that staying litigation related to settled claims "appropriately channels issues related to the Amended Plan and Amended Disclosure Statement into coordinated litigation pathways and avoids the inefficiency of uncoordinated parallel litigation." (*Id*.) That same reasoning applies with equal force to Ambac's Claim Objection, as set forth below. Therefore, because Ambac did not seek relief from the March 10, 2020 stay Order before it filed its Claim Objection, the Court should deny its Scheduling Motion.

---

*Thompson* survives the Supreme Court's statement in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 7 (2000), about the broad standing granted under section 502, the proposition that the estate fiduciary, which here is the Oversight Board, controls settlement of claims subject to another creditor's right to object to the settlement is established in *Thompson* and the other decisions cited above. *See also In re Magnesium Corp. of Am.*, 583 B.R. 637, 653 (Bankr. S.D.N.Y. 2018) (noting the "majority" rule that a "trustee alone may interpose objections to individual proofs of claim").

[4] *See, e.g.*, May 25, 2021, *Order Granting Urgent Joint Motion To Stay Certain Contested Matters And Adversary Proceedings Related To Bonds Issued By The Puerto Rico Highways And Transportation Authority ("HTA"), The Puerto Rico Convention Center District Authority ("CCDA"), And The Puerto Rico Infrastructure Financing Authority ("PRIFA")* [Dkt. 16796]; April 12, 2021, *Order (I) Granting Urgent Joint Motion To Stay Certain Contested Matters And Adversary Proceedings Related To The Bonds Issued By The Employees Retirement System Of The Government Of The Commonwealth Of Puerto Rico And (II) Adjourning April 29, 2021, Oral Argument* [Dkt. 16385]; March 10, 2020, *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [Dkt. 12189].

### II. Ambac's Claim Objection Should Be Set On The Same Schedule As The Confirmation Hearing Schedule.

12. But to the extent the Court treats Ambac's Scheduling Motion as a request for leave of Court to proceed with its Claim Objection, the Court should still deny the Scheduling Motion. Ambac's Claim Objection is a disguised objection to confirmation of the Plan and should be heard, if it is heard at all, at the confirmation hearing. As Ambac concedes, its Claim Objection has nothing to do with the inquiry that courts undertake under section 502(b): whether there is a legal basis for Puerto Rico's 167,000 retirees to claim they are owed a pension or what those 167,000 retirees will receive under the Plan. *See* 48 U.S.C. §2161(a) (incorporating 11 U.S.C. §502)). Ambac even acknowledges that it is not challenging whether Retirees have a contractual right to receive their pensions and other benefits or what any individual retiree's monthly benefit payment should be. (Cl.Obj. ¶¶5, 58.) Instead, it admits that the sole purpose of its Claim Objection is to determine whether there are more funds available to pay Ambac. (*Id.* ¶59.)

13. Indeed, by objecting to the Retiree Committee's Claim on the basis that the Retiree Committee did not use post-filing census data and other post-filing information to value its Claim (*id.* ¶¶37-57), Ambac is asking the Court to value pensions as of today. Claims, however, are valued under section 502(b) as of the petition date. *See, e.g.*, *See, e.g., Matter of Brints Cotton Mktg., Inc.*, 737 F.2d 1338, 1342 (5th Cir. 1984) (affirming order valuing "claims as of the date of the filing of the petition in bankruptcy"); *Owens Corning v. Credit Suisse First Boston*, 322 B.R. 719, 722 (D. Del. 2005) ("claims are to be valued as of the petition date"); 11 U.S.C. § 502(b) (claims are to be valued "as of the date of the filing of the petition"); *cf. In re Sears*, 863 F.3d 973, 978 (8th Cir. 2017) (because of section 502(b), "[p]ost-petition conduct" does not "justify disallowing a proof of claim"). Thus, if the valuation that Ambac wants performed has any relevance (and the Retiree Committee submits it has little to no relevance), its relevance is only to

7

whether the Commonwealth can pay more to other creditors. That determination might be pertinent under the best interests test at the time of the confirmation hearing, but it is not relevant to a claim objection. *See* 48 U.S.C. §2174(b)(6) (providing that a proposed Plan of Adjustment must be "feasible and in the best interest of creditors, which shall require the court to consider whether available remedies under the non-bankruptcy laws and constitution of the territory would result in a greater recovery for the creditors than is provided by such plan."). In short, Ambac's so-called Claim Objection has nothing to do with determining the Retiree Committee's Claim. Instead it is a premature objection to the Plan and whether the Plan meets the best interests test. Underscoring that this is the purpose of the Claim Objection is the fact that Ambac references the same arguments that it makes in its Claim Objection in its Disclosure Statement Objection. (DS Obj. ¶¶114-18.)

14. Because the question raised by the Claim Objection is unmoored to any relief that is available under section 502(b) of the Code, considering the Claim Objection outside of the confirmation hearing is asking for an impermissible advisory decision. *See, e.g.*, *Aurelius Cap. Master, Ltd. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 919 F.3d 638, 645-46 (1st Cir. 2019) (affirming dismissal of complaint as advisory on the basis that certain requests for declaratory relief would be advisory prior to confirmation of a plan). Determining what the present value of the amount due to all retirees and active employees who hold vested benefits under the three former pension systems (assuming the Commonwealth would be required to pay that amount in a single lump sum) has no relevance (as Ambac admits) to what the Commonwealth's 167,000 retirees (as the holders of the Retiree Committee's Claim) will be receiving under the Plan. Ambac argues this question has relevance to what is available to pay other creditors (a point which is contested), but even if that were true, the question of whether there are other funds available to pay Ambac is a Plan issue. Plainly, the Objection is just the inappropriate procedural hook Ambac

8

wants to use to litigate its main point—that Ambac should be getting more under the Plan.

15. Accordingly, to the extent that the Court considers the Claim Objection, it should do so on the same schedule it sets for the hearing on confirmation of the Plan and treat the Claim Objection as a Plan objection. *See, e.g.*, *In re Keisler*, No. 08-34321, 2009 WL 1851413, at *5 (Bankr. E.D. Tenn. June 29, 2009) (refusing to consider best interests objection at disclosure statement stage and deferring to confirmation hearing); *In re Monroe Well Serv.*, 80 B.R. 324, 333 (Bankr. E.D. Pa. 1987) ("Virtually all of the objections raised cannot be considered at this juncture in the case … [T]here is no need at this point to address the absolute priority rule or the best interest of creditors test, other than to hold that these concepts are properly explained in the disclosure statement").

### III. Ambac's Schedule Is Too Abbreviated And Does Not Allow For Discovery Or Motion Practice.

16. Assuming the Court considers the Claim Objection on the merits and does not treat it as an objection to confirmation of the Plan, Ambac's schedule is unduly abbreviated for two reasons. *First*, it does not account for the fact that all of Ambac's arguments are factual and will depend on expert testimony. Nonetheless, Ambac has not attached an expert declaration to support its arguments or provided in its proposed schedule any opportunity for the Retiree Committee to discover the factual predicates for Ambac's argument. Any schedule the Court sets should allow time for fact and expert discovery.

17. *Second*, Ambac's proposed schedule provides no opportunity for the Retiree Committee to file a motion to dismiss the Claim Objection, which, for the reasons set forth above, it intends to do.

18. Therefore, if the Court sets a separate schedule for the Claim Objection, the Retiree Committee submits that the following schedule would be more appropriate:

9

| PROPOSED SCHEDULE | |
|---|---|
| Motions To Dismiss Related to the Claim Objection | July 13, 2021 |
| Responses to Motions To Dismiss the Claim Objection | July 20, 2021 |
| Replies to Motions To Dismiss the Claim Objection | July 27, 2021 |
| Hearing on Motions | August 4, 2021 |
| Disclosures of Fact Witnesses (if necessary) | August 13, 2021 |
| Expert Disclosures/Reports (if necessary) | August 30, 2021 |
| Witness Depositions (if necessary) | September 13 – October 4, 2021 |
| Hearing (if necessary) | November 8 |

## CONCLUSION

19. For all of the foregoing reasons, the Retiree Committee requests that the Court deny Ambac's Scheduling Motion and grant such other relief as may be just.

Dated: June 17, 2021

| JENNER & BLOCK LLP | BENNAZAR, GARCÍA & MILIÁN, C.S.P. |
|---|---|
| By: | By: |
| */s/ Robert Gordon* | */s/ A.J. Bennazar-Zequeira* |
| Robert Gordon (admitted *pro hac vice*) | A.J. Bennazar-Zequeira |
| Richard Levin (admitted *pro hac vice*) | Héctor M. Mayol Kauffmann |
| 919 Third Ave | Francisco del Castillo Orozco |
| New York, NY 10022-3908 | Edificio Union Plaza, |
| rgordon@jenner.com | 1701 Avenida Ponce de León #416 |
| 212-891-1600 (telephone) | Hato Rey, San Juan |
| 212-891-1699 (facsimile) | Puerto Rico 00918 |
| | ajb@bennazar.org |
| Catherine Steege (admitted *pro hac vice*) | hector.mayol@bennazar.com |
| Melissa Root (admitted *pro hac vice*) | 787-754-9191 (telephone) |
| Landon Raiford (admitted *pro hac vice*) | 787-764-3101 (facsimile) |
| 353 N. Clark Street | |
| Chicago, IL 60654 | *Counsel for The Official Committee of Retired* |
| csteege@jenner.com | *Employees of Puerto Rico* |
| mroot@jenner.com | |
| lraiford@jenner.com | |
| 312-222-9350 (telephone) | |

10