Response Deadline: July 19, 2021, at 4:00 PM (Atlantic Standard Time)
Hearing Date: August 4, 2021, at 9:30 AM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS.** |

### THREE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PENSION-RELATED CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ( "ERS," or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred thirty-seventh omnibus objection (the "Three Hundred Thirty-Seventh Omnibus Objection") seeking to reclassify the pension-related proofs of claim listed on **Exhibit A** hereto, each of which identifies ERS as obligor, when that claim is properly asserted, if at all, against the Commonwealth of Puerto Rico (the "Commonwealth"). In support of the Three Hundred Thirty-Seventh Omnibus Objection, the Commonwealth respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a
voluntary petition for relief for ERS pursuant to PROMESA section 304(a), commencing a case
under Title III thereof (the "ERS Title III Case," and together with the Commonwealth Title III
Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint
administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief
requested in the Bar Date Motion and established deadlines and procedures for filing proofs of
claim in the Commonwealth Title III Case.  Upon the informative motion of certain creditors, and
the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for
Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160]
(together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June
29, 2018 at 4:00 pm (Atlantic Time).

**B.  ERS**

5.     ERS is a trust established by the Commonwealth in 1951 for the economic
wellbeing of public employees. ERS is an agency of the government, separate and apart from the
Commonwealth government and its other instrumentalities.  *See* 3 L.P.R.A. § 775.  ERS was
established to administer the payment of pensions and other benefits to officers and employees of

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No.
17 BK 3283-LTS.

the Commonwealth government, members and employees of Puerto Rico's Legislative Assembly
(the "Legislature"), and officers and employees of public corporations and municipalities.  *See*
3 L.P.R.A. § 761.

6.      More than 260,000 active retirees and employees participated in ERS and relied on
it for retirement and other benefits.  Many of these beneficiaries relied on payments from ERS as
their primary source of income.

7.      Under Act 447 of May 15, 1951 (codified, as amended, at 3 L.P.R.A. §§ 761–788)
(the "Enabling Act"), all government employees whose retirement benefits were administered by
ERS were to receive defined benefits calculated based on a statutory formula that considered
factors including the employee's salary and years of service.  *See* 3 L.P.R.A. § 761, et seq.

8.      ERS was funded primarily by contributions from employers ("Employers'
Contributions"), the amount of which was determined by statute pursuant to a formula based on
the amount of active employee payroll of participating public employers from time to time (and
not based on payments made or to be made to retirees).  Employers covered by ERS included the
Commonwealth, its instrumentalities, and municipalities, excluding, among others, the school
system and the judiciary.

9.      ERS was underfunded from its inception, and, after many attempts at its reform
failed to return ERS to solvency, ERS filed a petition under Title III of PROMESA on May 21,
2017.  *See supra* ¶ 3.

10.     After ERS filed for Title III, on June 25, 2017 and August 23, 2017, the Legislature
passed the Joint Resolution for Other Allocations for Fiscal Year 2017-2018 ("Joint Resolution
188"), and Governor Rosselló signed Act 106-2017 ("Act 106") into law.  Together, Act 106 and
Joint Resolution 188 (collectively, the "Legislation") reformed Puerto Rico's retirement systems

4

by (a) having the Commonwealth assume ERS's obligations to pay pensioners, (b) having
employers reimburse the Commonwealth (the "Paygo Payments") for payments actually made by
the Commonwealth to the employers' current pensioners, and (c) because ERS would no longer
be responsible for paying benefits, eliminating employers' obligations to contribute to ERS. *See*
Act 106, §§ 2.1(b), 2.4(e); J.R. 188, § 4.

11.     As a result of the Legislation, ERS stopped receiving Employers' Contributions as
of July 1, 2017, and was relieved of the obligation to pay retiree benefits.

12.     As part of these reforms, and in partial exchange for the Commonwealth's
assumption of ERS's obligation to pay retirement benefits, ERS was required to sell its assets and
transfer the proceeds, in addition to any existing available funds, to the Puerto Rico Department
of Treasury's general fund to offset a portion of the Commonwealth's assumed pension liabilities.
*See* Act 106, § 1.4; J.R. 188, § 2.

### C. Proofs of Claim Filed Against the Commonwealth, the Omnibus Objection Procedures, and Claim Objections

13.     To date, approximately 179,420 proofs of claim have been filed against the Debtors
and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.59 trillion in
asserted claims against the Debtors, in addition to unliquidated amounts asserted.

14.     Of the proofs of claim filed, approximately 116,160 have been filed in relation to,
or reclassified to be asserted against, the Commonwealth.  Approximately 53,022 have been filed
in relation to, or reclassified to be asserted against, ERS.  In accordance with the terms of the Bar
Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw,
such as being subsequently amended, not putting forth a claim for which the Debtors are liable,
being duplicative of other proofs of claim, or failing to provide information necessary for the
Debtors to determine whether the claim is valid.

5

15.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

16.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

17.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA") and/or ERS.  Based upon rulings and orders of the Court to date, approximately 101,019 claims asserting $43.59 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

18.     This Three Hundred Thirty-Seventh Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

19.     The Amended Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

20.     The Three Hundred Thirty-Seventh Omnibus Objection seeks to reclassify the pension-related proofs of claim listed on **Exhibit A** hereto (collectively, the "Claims to Be Reclassified"), each of which identify ERS as obligor when they are properly asserted, if at all, against the Commonwealth.

## BASIS FOR OBJECTION

21.     Pursuant to the Legislation, the Commonwealth assumed any obligation to makes payments to pensioners or other beneficiaries of ERS.  Specifically, Act 106 provides "the disbursement of the benefits of all Pensioners and Beneficiaries are guaranteed by the General

Fund [of the Commonwealth] through the 'pay as you go' scheme . . .".  Act 106, § 2.1(b); *see also id.* § 2.4(a) ("When this Law enters into effect, the benefits of the Accumulated Pensions of the Retirement System Participants who began working before the Law took effect will be preserved and guaranteed by the Government [of the Commonwealth]").  Act 106 also specified that all benefit obligations of ERS were to be transferred to the Commonwealth, and paid in accordance with ERS's obligations to such beneficiary as of the time of Act 106's enactment, including "disability pensions, death benefits, payments to beneficiaries, reimbursement of contributions, and any sums owed or benefits of a similar nature".  *Id.* § 2.3.  Accordingly, any claims asserting an entitlement to pension or other benefits by individuals previously participating in ERS properly lie against the Commonwealth.

22.     The Claims to Be Reclassified fall into one or more of the following categories, each of which—if otherwise legally valid and factually accurate—may provide such claimholders an allowed claim against the Commonwealth, but not ERS.

     a.   Class action wages and benefits claims.  Certain claims refer to class action lawsuits commenced by employees of the Commonwealth or its instrumentalities, and assert that in addition to the back wages and other compensation owed by their employers, ERS also owes such employees additional pension benefits based on the higher compensation paid to them pursuant to the pending or resolved class action lawsuits.

     b.   Pension benefits claims.  Certain claims assert an entitlement to pension benefits to be paid by ERS.

23.     Each of the categories of claims set forth above asserts a right to pension or other benefits to be paid by ERS.  As explained above, however, the Legislation transferred any

8

obligation to make such payments to the Commonwealth.  Therefore, the amounts allegedly owed to the claimants who filed the Claims to Be Reclassified—if any—are owed by the Commonwealth, and not ERS.   Accordingly, such claims should be reclassified to the Commonwealth Title III Case.

24.     In addition to pension and other benefits claims against ERS, certain of the Claims to Be Reclassified allege claims unrelated to pension benefits, including claims against the Commonwealth or other public employers for salaries or wage benefits, and employment discrimination claims.  Each of these claims also is improperly asserted against ERS, and should be reclassified in the Commonwealth Title III Case.

**RELIEF REQUESTED**

25.     ERS respectfully requests that the Claims to Be Reclassified be reclassified to the Commonwealth Title III Case.  In support of the foregoing, ERS relies on the *Declaration of Jay Herriman in Support of the Three Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Pension-Related Claims Asserted Against the Incorrect Debtor*, dated June 18, 2021, attached hereto as **Exhibit B**.

**NOTICE**

26.     In accordance with the Amended Omnibus Objection Procedures, ERS is providing notice of this Three Hundred Thirty-Seventh Omnibus Objection to (a) the individual creditors subject to this Three Hundred Thirty-Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures* [ECF No.   15894-1]),   which   is   available   on   the   Debtors'   case   website   at https://cases.primeclerk.com/puertorico.   The notice for this Three Hundred Thirty-Seventh Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations are being filed and served with this Three Hundred Thirty-Seventh Omnibus Objection and supporting exhibits attached

hereto.  The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **RESERVATION OF RIGHTS**

27.     This Three Hundred Thirty-Seventh Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in these Title III proceedings to object to the Claims to Be Reclassified or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in these Title III proceedings to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in these Title III proceedings under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

28.     No prior request for the relief sought in this Three Hundred Thirty-Seventh Omnibus Objection has been made to this or any other court.

WHEREFORE ERS respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

*[Remainder of the page intentionally left blank]*

Dated: June 18, 2021

San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Employees Retirement System of
the Government of the
Commonwealth of Puerto Rico*

**Fecha límite para responder: 19 de julio de 2021, a las 4:00 p.m. (AST)**
**Fecha de la vista: 4 de agosto de 2021, a las 9:30 a.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el SRE**. |

### TRICENTÉSIMA TRIGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES RELACIONADAS CON PENSIONES ALEGADAS CONTRA EL DEUDOR INCORRECTO

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE" o el "Deudor"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III del SRE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta tricentésima trigésima séptima objeción global (la "Tricentésima trigésima séptima objeción global") en la que se pretende que se reclasifiquen las evidencias de reclamaciones relacionadas con pensiones que figuran en el **Anexo A** del presente documento, cada una de las cuales identifica al SRE como deudor, cuando en todo caso lo correcto sería alegar la reclamación contra el Estado Libre Asociado de Puerto Rico (el "ELA"). En apoyo de la Tricentésima trigésima séptima objeción global, el ELA manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.  Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

2

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 29 de junio de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF núm. 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para presentar evidencias de reclamaciones en el marco del Caso de Título II del ELA. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

---

[3]    Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

## B. SRE

5.      El SRE es un *trust* establecido por el ELA en 1951 para fomentar el bienestar económico de los empleados públicos. El SRE es una agencia gubernamental, aparte e independiente del Gobierno del ELA y de otras de sus instrumentalidades. *Véase* 3 L.P.R.A. § 775. El SRE fue creado para administrar el pago de las pensiones y otros beneficios a funcionarios y empleados del Gobierno del ELA, miembros y empleados de la Asamblea Legislativa de Puerto Rico (la "Legislatura") y funcionarios y empleados de corporaciones públicas y municipios. *Véase* 3 L.P.R.A. § 761.

6.      Más de 260,000 retirados y empleados activos han participado en el SRE y dependido de él en cuanto a sus beneficios de retiro y otros beneficios. Muchos de esos beneficiarios han dependido de los pagos del SRE como su principal fuente de ingresos.

7.      Conforme a la Ley 447 del 15 de mayo de 1951 (codificada, según enmienda, en 3 L.P.R.A. §§ 761–788) (la "Ley Habilitante"), todos los empleados públicos cuyos beneficios de retiro fueran administrados por el SRE debían recibir beneficios definidos calculados sobre la base de una fórmula legal que tomaba en consideración factores que incluían el salario y los años de servicio del empleado. *Véase* 3 L.P.R.A. § 761 y siguientes.

8.      El SRE estuvo financiado principalmente por aportaciones patronales (las "Aportaciones Patronales"), cuyo monto se determinaba por ley conforme a una fórmula basada sobre el monto de la nómina de empleados activos que los patronos públicos participantes pagaran a lo largo de cierto período de tiempo (y no sobre la base de pagos realizados, o por realizar, a los retirados). Los patronos cubiertos por el SRE incluían al ELA, sus instrumentalidades y municipios, pero excluían, entre otros, al sistema escolar y la judicatura.

9.       Desde un principio, el SRE estuvo infrafinanciado y, tras muchos intentos fallidos de reforma, el SRE no ha vuelto a ser solvente, por lo que el 21 de mayo de 2017 radicó una petición conforme al Título III de PROMESA. *Véase supra* ¶ 3.

10.      Tras la radicación por el SRE conforme al Título III, el 25 de junio de 2017 y el 23 de agosto de ese mismo año, la Legislatura adoptó la Resolución conjunta relativa a otras asignaciones para el año fiscal 2017-2018 (la "Resolución Conjunta 188") y el Gobernador Rosselló autorizó la promulgación de la Ley 106-2017 (la "Ley 106"). Juntas, la Ley 106 y la Resolución Conjunta 188 (conjuntamente, la "Legislación") reformaron el sistema de retiro de Puerto Rico al a) hacer que el ELA asumiera las obligaciones del SRE en cuanto al pago de pensiones, b) hacer que los patronos reembolsaran al ELA (los "Pagos PayGo") los pagos efectivamente realizados por el ELA a los pensionados actuales de los patronos, y c) eliminar las obligaciones de los patronos de realizar aportaciones al SRE (ya que el SRE ya no sería responsable de pagar beneficios). *Véase* la Ley 106, §§ 2.1(b), 2.4(e); J.R. 188, § 4.

11.      Como consecuencia de la Legislación, a partir del 1 de julio de 2017 el SRE dejó de recibir Aportaciones Patronales y fue liberado de la obligación de pagar beneficios de retiro.

12.      Como parte de dichas reformas, y a modo de un intercambio parcial por la asunción por parte del ELA de las obligaciones del SRE consistentes en pagar los beneficios de retiro, el SRE tenía la obligación de vender sus activos y transferir los ingresos obtenidos, además de cualquier fondo disponible ya existente, al fondo general del Departamento de Hacienda de Puerto Rico para compensar por una parte de las responsabilidades relativas a pensiones asumidas por el ELA. *Véase* la Ley 106, § 1.4; J.R. 188, § 2.

5

**C. Evidencias de reclamaciones radicadas contra el ELA, los procedimientos relativos a objeciones globales y las objeciones a reclamaciones**

13.     Hasta la fecha, se han radicado aproximadamente 179,420 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.59 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

14.     De las evidencias de reclamaciones radicadas, aproximadamente 116,160 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,022 han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

15.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que a) apruebe procedimientos limitados relativos a objeciones globales, b) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y c) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm.

4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

16.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

17.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 14 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la

7

Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 101,019 reclamaciones que reivindicaban $43.59 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

18.     Esta Tricentésima trigésima séptima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

19.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al ELA radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

20.     La Tricentésima trigésima séptima objeción global pretende reclasificar las evidencias de reclamaciones relacionadas con pensiones mencionadas en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser reclasificadas"), cada una de las cuales identifica al SRE como deudor, cuando en todo caso lo correcto sería que estas se alegaran contra el ELA.

## FUNDAMENTO DE LA OBJECIÓN

21.     Conforme a la Legislación, el ELA asumió todas las obligaciones de realizar pagos a los pensionados u otros beneficiarios del SRE. Más concretamente, la Ley 106 dispone

8

que "el desembolso de los beneficios de todos los Pensionados y Beneficiarios están garantizados por el Fondo General [del ELA] a través del esquema "*pay as you go*" (pago por uso)…".  Ley 106, § 2.1(b); *véase también id*. § 2.4(a) ("Al entrar en vigor esta Ley, se preservarán y garantizarán por el Gobierno [del ELA] los beneficios de las Pensiones Acumuladas de los Participantes en el Sistema de Retiro que comenzaron a trabajar antes de entrar en vigor la presente Ley"). La Ley 106 también especificó que todas las obligaciones de beneficios del SRE tenían que transferirse al ELA y pagarse de acuerdo con las obligaciones del SRE frente a dichos beneficiarios a la fecha de la promulgación de la Ley 106, lo que incluye "pensiones por discapacidad, beneficios por fallecimiento, pagos a beneficiarios, reembolso de aportaciones y cualquier cantidad adeudada o beneficio de naturaleza ". *Id*. § 2.3. En consecuencia, lo correcto sería alegar cualquier reclamación, que reivindique un derecho a beneficios de pensiones o a otros beneficios a favor de personas físicas que hayan participado anteriormente en el SRE, contra el ELA.

22.   Las Reclamaciones que han de ser reclasificadas corresponden a una o más de las siguientes categorías, cada una de las cuales (siempre que sean válidas desde el punto de vista legal y efectivamente correctas) podría proporcionar a tales titulares de reclamaciones la posibilidad de radicar una reclamación contra el ELA, pero no contra el SRE.

a.   <u>Reclamaciones de salarios y beneficios relacionadas con una acción colectiva</u>. Determinadas reclamaciones se refieren a demandas de acción colectiva iniciadas por empleados del ELA o sus instrumentalidades, y alegan que además de salarios atrasados y otras remuneraciones adeudadas por sus patronos, el SRE también les adeuda beneficios adicionales de pensiones sobre

la base de una remuneración más alta que cobraban conforme a las demandas de acción colectiva pendientes o resueltas.

b. <u>Reclamaciones por beneficios de pensiones</u>. Determinadas reclamaciones alegan un derecho a beneficios de pensiones adeudados por el SRE.

23.     Cada una de las categorías de reclamaciones arriba identificadas alega un derecho a beneficios de pensiones o a otros beneficios adeudados por el SRE. Sin embargo, como se explicó anteriormente, la Legislación transfirió al ELA todas las obligaciones de realizar dichos pagos. En consecuencia, los montos supuestamente adeudados a los reclamantes que radicaron las Reclamaciones que han de ser reclasificadas los debe pagar en todo caso el ELA, no el SRE. Por lo tanto, dichas reclamaciones deben reclasificarse en el Caso de Título III del ELA.

24.     Además de las reclamaciones por beneficios de pensiones u otros beneficios radicadas contra el SRE, algunas Reclamaciones que han de ser reclasificadas alegan reclamaciones no relacionadas con beneficios de pensiones, lo que incluye reclamaciones contra el ELA u otros patronos públicos por beneficios de salarios o sueldos, así como reclamaciones por discriminación laboral. Cada una de dichas reclamaciones también está alegada indebidamente contra el SRE, por lo que debe reclasificarse en el Caso de Título III del ELA.

## REPARACIÓN SOLICITADA

25.     El SRE solicita respetuosamente que las Reclamaciones que han de ser reclasificadas sean reclasificadas para incorporarse al Caso de Título III del ELA. En apoyo de lo anterior, el SRE invoca la *Declaración de Jay Herriman en apoyo de la Tricentésima trigésima séptima objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones relacionadas con pensiones alegadas contra el deudor incorrecto*, de fecha 18 de junio de 2021, adjunta al presente como **Anexo B**.

10

## NOTIFICACIÓN

26.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, el SRE notifica la presente Tricentésima trigésima séptima objeción global a) a los acreedores individuales objeto de esta Tricentésima trigésima séptima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF núm. 15894-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Tricentésima trigésima séptima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español se radican y envían con esta Tricentésima trigésima séptima objeción global y la totalidad de los anexos justificativos que se adjuntan al presente. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

27.     La presente Tricentésima trigésima séptima objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de dichos procedimientos radicados conforme al Título III, a objetar a las Reclamaciones que han de ser reclasificadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en dichos procedimientos radicados conforme Título III, a impugnar cualquier

11

reclamación sobre la base de los motivos que fueren; c) constituyan una promesa o requisito para

pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier

acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código

de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores, o a

cualesquiera otras partes interesadas en estos procedimientos radicados conforme Título III,

conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## **AUSENCIA DE SOLICITUDES PREVIAS**

28.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima

trigésima séptima objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE el SRE solicita respetuosamente que se dicte una orden, esencialmente en

la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el

remedio solicitado en el presente documento, y 2) que conceda al ELA cualesquiera otros

remedios que se consideren justos.

Fecha: 18 de junio de 2021                                    Respetuosamente sometida,
         San Juan (Puerto Rico)

                                                             [*Firma en la versión en inglés*]
                                                             Hermann D. Bauer
                                                             USDC núm. 215205
                                                             Carla García-Benítez
                                                             USDC núm. 203708
                                                             Gabriel A. Miranda
                                                             USDC núm. 306704
                                                             **O'NEILL & BORGES LLC**
                                                             250 Avenida Muñoz Rivera, local
                                                             800
                                                             San Juan, PR 00918-1813
                                                             Tel.:  (787) 764-8181
                                                             Fax:  (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera para
Puerto Rico, como representante del
Sistema de Retiro de los Empleados
del Gobierno del Estado Libre
Asociado de Puerto Rico.*