Response Deadline: July 19, 2021 at 4:00PM (Atlantic Standard Time)
Hearing Date: August 4, 2021 at 9:30AM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

## THREE HUNDRED FORTY-SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO SUBSEQUENTLY AMENDED CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] files this three hundred forty-sixth omnibus objection (the "Three Hundred Forty-Sixth Omnibus Objection") to the subsequently amended and superseded proofs of claim listed on **Exhibit A** hereto, and in support of the Three Hundred Forty-Sixth Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.  The Bar Date Orders**

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. Case No. 17 BK 4780, ECF No. 340.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] [3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     PREPA**

5. PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended (the "Authority Act") § 3. PREPA generates and distributes substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6. To date, approximately 179,420 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.59 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

7. Of the proofs of claim filed, approximately 4,490 have been filed in relation to, or reclassified to be asserted against, PREPA. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8. To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9. In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus*

4

*Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"). Based upon rulings and orders of the Court to date, approximately 101,019 claims asserting over $43.59 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS, have been disallowed and expunged from the claims registry in the Title III proceedings.

11. This Three Hundred Forty-Sixth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12. The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

13. The Three Hundred Forty-Sixth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(3) and the Amended Omnibus

Objection Procedures, claims that have been amended and, therefore, superseded by a subsequent proof of claim filed in the PREPA Title III Case.

14. As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "<u>Claims to Be Disallowed</u>") have been amended and superseded by subsequently filed proof(s) of claim identified in the column titled "Remaining Amended Claims" (each a "<u>Remaining Amended Claim</u>" and collectively, the "<u>Remaining Amended Claims</u>"). The Claims to Be Disallowed thus no longer represent valid claims against PREPA. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted excess recovery against PREPA, to the detriment of other stakeholders in the Title III Cases. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Amended Claim against PREPA, as set forth in **Exhibit A** hereto. Because this Three Hundred Forty-Sixth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Amended Claims, the Debtors reserve their right to object to the Remaining Amended Claims on any other grounds whatsoever.

15. In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Three Hundred Forty-Sixth Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Subsequently Amended Claims*, dated June 18, 2021, attached hereto as **Exhibit B**.

## NOTICE

16. In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Three Hundred Forty-Sixth Omnibus Objection to (a) the individual creditors subject to this Three Hundred Forty-Sixth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case*

*Management Procedures* [ECF No. 15894-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. The notice for this Three Hundred Forty-Sixth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Three Hundred Forty-Sixth Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection. PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

17. This Three Hundred Forty-Sixth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Remaining Amended Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Three Hundred Forty-Sixth Omnibus Objection has been made to this or any other court.

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

Dated: June 18, 2021
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for Puerto Rico Electric Power Authority*

8

**Fecha límite para responder: 19 de julio de 2021, a las 4:00 p.m. (AST)**
**Fecha de la vista: 4 de agosto de 2021, a las 9:30 a.m. (AST)**

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

**TRICENTÉSIMA CUADRAGÉSIMA SEXTA OBJECIÓN GLOBAL (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES ENMENDADAS POSTERIORMENTE**

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta tricentésima cuadragésima sexta objeción global (la "Tricentésima cuadragésima sexta objeción global") a las evidencias de reclamaciones enmendadas y sustituidas posteriormente que se mencionan en el **Anexo A** del presente documento, y en apoyo de la Tricentésima cuadragésima sexta objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1. El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2. La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A. Órdenes de Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio

---

[2] PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

2

para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4. El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255]³ (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B. AEE**

5. La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17

---

³ Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

3

BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.    Hasta la fecha, se han radicado aproximadamente 179,420 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.59 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.    De las evidencias de reclamaciones radicadas, aproximadamente 4,490 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.    Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

4

*regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9. En aras del interés constante por resolver eficazmente cualquier evidencia de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la

5

fecha 14 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 101,019 reclamaciones que reivindicaban más de $43.59 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

11. Esta Tricentésima cuadragésima sexta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**OBJECIONES A EVIDENCIAS DE RECLAMACIONES**

12. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13. La Tricentésima cuadragésima sexta objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(3) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que han sido enmendadas y, en consecuencia, sustituidas por evidencias de reclamaciones posteriores radicadas en el marco del Caso de Título III de la AEE.

14. Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente, las "Reclamaciones que han de ser rechazadas") han sido enmendadas y sustituidas por

6

evidencia(s) de reclamaciones radicada(s) posteriormente identificada(s) en la columna titulada "Reclamaciones Enmendadas Restantes" (cada una denominada una "<u>Reclamación Enmendada Restante</u>" y conjuntamente, las "<u>Reclamaciones Enmendadas Restantes</u>"). En consecuencia, las Reclamaciones que han de ser rechazadas ya no constituyen reclamaciones válidas contra la AEE. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que los reclamantes en cuestión obtuvieran potencialmente una recuperación excesiva no justificada contra la AEE en detrimento de otras partes interesadas en los Casos de Título III. Los titulares de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que cada uno de ellos mantendrá una Reclamación Enmendada Restante contra la AEE, según se establece en el **Anexo A** del presente documento. Puesto que esta Tricentésima cuadragésima sexta objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Enmendadas Restantes, los Deudores se reservan el derecho a oponerse a las Reclamaciones Enmendadas Restantes sobre la base de cualesquiera otros motivos que fuere.

15. En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Tricentésima cuadragésima sexta objeción global (no sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones Enmendadas Posteriormente*, de fecha 18 de junio de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16. De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Tricentésima cuadragésima sexta objeción global a) a los acreedores individuales objeto de esta Tricentésima cuadragésima sexta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF

núm. 15894-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a esta Tricentésima cuadragésima sexta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima cuadragésima sexta objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y trasladan con esta objeción. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

17. La presente Tricentésima cuadragésima sexta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones Enmendadas Restantes o a cualesquiera otras reclamaciones sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a oponerse a cualesquiera reclamaciones sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

18. No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima cuadragésima sexta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 18 de junio de 2021
      San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*

9