Response Deadline: July 19, 2021, at 4:00 PM (Atlantic Standard Time)
Hearing Date: August 4, 2021, at 9:30 AM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

---

### THREE HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO MISCLASSIFIED AND OVERSTATED CLAIMS

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III

---

[1] The Debtors in these Title III Cases (the "Debtors"), along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this three hundred forty-eighth omnibus objection (the "Three Hundred Forty-Eighth Omnibus Objection") to the misclassified and overstated proofs of claim listed on **Exhibit A** hereto, and in support of the Three Hundred Forty-Eighth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.       The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.       Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.       The Bar Date Orders**

3.       On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] [3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      PREPA**

5.      PREPA is a government-owned corporation founded in 1941. *See* Act No. 83-1941, as amended (the "Authority Act") § 3. PREPA generates and distributes substantially all the electric power used in the Commonwealth. [Case No. 17 BK 4780, ECF No. 1 at 7]. PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.      To date, approximately 179,420 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.59 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

---

[3]   Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

7.      Of the proofs of claim filed, approximately 4,490 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), PREPA, and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS").  Based upon rulings and orders of the Court to date, approximately 101,019 claims asserting over $43.59 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS, have been disallowed and expunged from the claims registry in the Title III proceedings.

11.     This Three Hundred Forty-Eighth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The Three Hundred Forty-Eighth Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the Amended Omnibus Objection Procedures, claims that assert an incorrect or improper classification and that, as a result

of the manner in which Prime Clerk, LLC, records and logs proof of claim, are overstated on the claims registry in the Title III Cases.

14.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Reclassified" (each a "Claim to Be Reclassified," and collectively, the "Claims to Be Reclassified") incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).  Upon a reasonable review of PREPA's books and records, PREPA has concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority or secured status, and should appropriately be classified as general unsecured claims.

15.     Certain of the Claims to Be Reclassified assert entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) (the "Incorrect Administrative Expense Claims"), but the proof of claim and supporting documentation do not demonstrate claimant's entitlement to such priority.  Only creditors who sold goods to PREPA within twenty days of the commencement of PREPA's Title III Case are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).   Based on the supporting documentation submitted with the proofs of claim, however, none of the Incorrect Administrative Expense Claims were filed by creditors who sold goods within the required statutory time frame of twenty days prior to commencement of PREPA's Title III Case.  Instead, two of the Incorrect Administrative Expense Claims were filed by PREPA customers asserting liabilities arising from purportedly unpaid reimbursements or billing credits.  The other Incorrect Administrative Expense Claim asserts liability associated with litigation against PREPA in connection with alleged property damage.

16.     Two Claims to Be Reclassified assert secured status (the "Incorrect Secured Status Claims"), but the proof of claim and supporting documentation provide no basis for the claimant's

assertion that their claim is secured. One of the Incorrect Secured Status Claims was filed by a PREPA customer asserting liability arising from a billing credit. The other Incorrect Secured Status Claim asserts liability associated with litigation against PREPA in connection with alleged property damage.

17.     In addition, because of the manner in which Prime Clerk, LLC records and logs proofs of claim, each of the Claims to Be Reclassified is overstated on the claims registry. Box 8 of the proof of claim form requests claimants provide the total amount of the claim. Other portions of the claim form allow claimants to indicate whether they believe all or a portion of their claims are entitled to secured status or priority. For example, Box 7 of the proof of claim form allows claimants to indicate whether they supply goods and/or services to the government, and if so, whether any amounts were due to claimant; Box 10 allows claimants to indicate whether they believe all or a part of their claim is secured, and if so, the amount of the claim that is secured and the amount that is unsecured; and Box 13 allows claimants to indicate whether all or part of the claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9), and if so, the amount of the claim entitled to administrative priority treatment. In each instance of the Claims to Be Reclassified, the claimant entered the total amount they believe is owed in Box 8, but also entered the total amount owed in Boxes 7, 10, and/or 13. When Prime Clerk, LLC logged the Claims to Be Reclassified on the Title III claims registry, it interpreted each amount entered in Boxes 7, 8, 10, and/or 13 as a separate assertion of liability. As a result, the claims registry reflects that each of the Claims to Be Reclassified assert an amount that is double the actual liabilities asserted in the proof of claim, as demonstrated by the total amount identified by the applicable claimant in Box 8. Accordingly, PREPA requests the Court reduce the Claims to Be Reclassified such that they assert only the total liabilities identified by the applicable claimant, as set forth in **Exhibit A**

hereto. Failure to reduce the Claims to Be Reclassified will prejudice other claimants in PREPA's Title III Case, as holders of the Claims to Be Reclassified may receive an unwarranted excess recovery above the liabilities actually asserted. Further, holders of the Claims to Be Reclassified will not be prejudiced by the requested relief, because they will retain a claim against PREPA in the total amount indicated by claimants on their proofs of claim.

18.     Accordingly, because the Claims to Be Reclassified do not provide a basis for either administrative expense priority, or secured status, the claims should be reclassified as general unsecured claims, and the amounts of the Claims to Be Reclassified should be reduced to reflect the actual total liabilities asserted on the proof of claim, each as set forth in **<u>Exhibit A</u>** hereto. Reclassification of the Claims to Be Reclassified is necessary to avoid prejudicing other holders of general unsecured claims. The holders of the Claims to Be Reclassified will retain a modified reduced claim against PREPA, as set forth in the column entitled "<u>Modified Reduced Claim</u>" on **<u>Exhibit A</u>** hereto. Because this Three Hundred Forty-Eighth Omnibus Objection to the Claims to Be Reclassified does not constitute an objection to the validity or amount of the Claims to Be Reclassified, the Debtors reserve their right to object to the Claims to Be Reclassified on any other grounds whatsoever.

19.     In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Three Hundred Forty-Eighth Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Misclassified and Overstated Claims*, dated June 18, 2021, attached hereto as **<u>Exhibit B</u>**.

### <u>NOTICE</u>

20.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Three Hundred Forty-Eighth Omnibus Objection to (a) the individual creditors subject to this Three Hundred Forty-Eighth Omnibus Objection, (b)

the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.   The notice for this Three Hundred Forty-Eighth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Three Hundred Forty-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection.  PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

21.     This Three Hundred Forty-Eighth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Modified Reduced Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

22.     No prior request for the relief sought in this Three Hundred Forty-Eighth Omnibus Objection has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: June 18, 2021                                    Respectfully submitted,
       San Juan, Puerto Rico


                                                        /s/ *Hermann D. Bauer*
                                                        Hermann D. Bauer
                                                        USDC No. 215205
                                                        Carla García-Benítez
                                                        USDC No. 203708
                                                        Gabriel A. Miranda
                                                        USDC No. 306704
                                                        **O'NEILL & BORGES LLC**
                                                        250 Muñoz Rivera Ave., Suite 800
                                                        San Juan, PR 00918-1813
                                                        Tel:  (787) 764-8181
                                                        Fax:  (787) 753-8944


                                                        /s/ *Martin J. Bienenstock*
                                                        Martin J. Bienenstock (*pro hac vice*)
                                                        Ehud Barak (*pro hac vice*)
                                                        Paul V. Possinger (*pro hac vice*)
                                                        **PROSKAUER ROSE LLP**
                                                        Eleven Times Square
                                                        New York, NY 10036
                                                        Tel:  (212) 969-3000
                                                        Fax:  (212) 969-2900

                                                        *Attorneys for the Financial*
                                                        *Oversight and Management Board*
                                                        *for Puerto Rico, as representative for*
                                                        *the Puerto Rico Electric Power*
                                                        *Authority*

**Fecha límite para responder: 19 de julio de 2021, a las 4:00 p.m. (AST)**
**Fecha de la vista: 4 de agosto de 2021, a las 9:30 a.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

**TRICENTÉSIMA CUADRAGÉSIMA OCTAVA OBJECIÓN GLOBAL (SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS Y SOBREESTIMADAS**

---

[1] Los Deudores en los presentes Casos de Título III (los "Deudores"), junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de la AEE conforme a la sección 315(b) de la *Ley de Supervisión y Administración Financiera para Puerto Rico* ("PROMESA"),[2] radica esta tricentésima cuadragésima octava objeción global (la "Tricentésima cuadragésima octava objeción global") a las evidencias de reclamaciones erróneamente clasificadas y sobreestimadas que aparecen en el **Anexo A** del presente documento, y en apoyo de la Tricentésima cuadragésima octava objeción global manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.     El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.     La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A.     **Órdenes de Fecha Límite**

3.     El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el

---

[2]  PROMESA ha sido codificada en el título 48 U.S.C., §§ 2101 a 2241.

"Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm. 17 BK 4780, ECF núm. 340.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255][3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.    AEE**

---

[3]    Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Núm. 17 BK 3283-LTS.

5.      La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.      Hasta la fecha, se han radicado aproximadamente 179,420 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.59 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 4,490 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.      En aras del interés constante por resolver eficazmente cualquier evidencia de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

de notificación adicionales y D) concede el remedio relacionado [ECF núm. 7440] (los
"Procedimientos Enmendados relativos a Objeciones Globales").

10.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los
Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la
fecha 14 vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la
Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de
Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE y/o el Sistema de Retiro de los
Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de
las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 101,019
reclamaciones que reivindicaban más de $43.59 billones en responsabilidad contra el ELA,
COFINA, la ACT, la AEE y el SRE fueron rechazadas y retiradas del registro de reclamaciones
en el marco de los procedimientos radicados conforme al Título III.

11.     Esta Tricentésima cuadragésima octava objeción global se radica de conformidad
con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la
AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las
bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de
Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas
establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13.     La Tricentésima cuadragésima octava objeción global pretende que se reclasifiquen
reclamaciones que afirman una clasificación incorrecta o indebida, de conformidad con la regla
3007(d)(8) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos
Enmendados relativos a Objeciones Globales, y que, como resultado de la forma en la que Prime

Clerk, LLC anota y registra las evidencias de reclamaciones, están sobreestimadas en el registro de reclamaciones en el marco de los Casos de Título III.

14.    Como se indica en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser reclasificadas" (cada una denominada una "Reclamación que ha de ser reclasificada" y conjuntamente, las "Reclamaciones que han de ser reclasificadas") alegan incorrecta o indebidamente que están garantizadas y/o que tienen derecho a la prioridad de los gastos administrativos de conformidad con el Título 11. U.S.C., § 503(b)(9). Tras una revisión razonable de los libros y registros de la AEE, esta última ha llegado a la conclusión de que las Reclamaciones que han de ser reclasificadas no tienen derecho ni a la prioridad de gastos administrativos ni al estatus garantizado, y deben ser clasificadas apropiadamente como reclamaciones generales no garantizadas.

15.    Algunas de las Reclamaciones que han de ser reclasificadas alegan tener derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9) (las "Reclamaciones incorrectas de gastos administrativos"), pero la evidencia de reclamación y la documentación justificativa no demuestran el derecho del reclamante a dicha prioridad. Solo los acreedores que vendieron bienes a la AEE dentro de un plazo de 20 días antes del inicio del Caso de Título III de la AEE tienen derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). Sin embargo, según la documentación justificativa sometida con la evidencia de reclamación, ninguna de las Reclamaciones incorrectas de gastos administrativos fue radicada por acreedores que vendieron bienes dentro del plazo legalmente establecido de 20 días antes del inicio del Caso de Título III de la AEE. En su lugar, dos de las Reclamaciones incorrectas de gastos administrativos fueron radicadas por clientes de la AEE alegando responsabilidades surgidas de reembolsos o créditos de facturación supuestamente no pagados. La otra Reclamación

7

incorrecta de gastos administrativos alega responsabilidad vinculada con un litigio contra la AEE en relación con supuestos daños a la propiedad.

16.    Dos Reclamaciones que han de ser reclasificadas alegan estar garantizadas (las "Reclamaciones incorrectas de status garantizado"), pero la evidencia de reclamación y la documentación justificativa no proporcionan fundamento alguno para la afirmación del reclamante de que su reclamación está garantizada. Una de las Reclamaciones incorrectas de estatus garantizado fue radicada por un cliente de la AEE alegando responsabilidad surgida de un crédito de facturación. La otra Reclamación incorrecta de estatus garantizado alega responsabilidad vinculada con un litigio contra la AEE en relación con supuestos daños a la propiedad.

17.    Además, debido a la forma en la que Prime Clerk, LLC anota y registra las evidencias de reclamaciones, cada una de las Reclamaciones que han de ser reclasificadas está sobreestimada en el registro de reclamaciones. La Casilla 8 del formulario de la evidencia de reclamación pide que los reclamantes proporcionen el monto total de la reclamación. Otras partes del formulario de reclamación permiten a los reclamantes indicar si consideran que toda o parte de sus reclamaciones tienen derecho al estatus garantizado o a la prioridad. Por ejemplo, la Casilla 7 del formulario de la evidencia de reclamación permite a los reclamantes indicar si proveen productos y/o servicios al Gobierno, y de ser así, si se adeudaba algún monto al reclamante; la Casilla 10 permite a los reclamantes indicar si consideran que toda o parte de su reclamación está garantizada, y de ser así, el monto de la reclamación que está garantizado y el monto que no lo está; y la Casilla 13 permite a los reclamantes indicar si toda o parte de la reclamación tiene derecho a prioridad administrativa conforme al Título 11 U.S.C., § 503(b)(9), y de ser así, el monto de la reclamación que tiene derecho al tratamiento de prioridad administrativa. En cada caso de las Reclamaciones que han de ser reclasificadas, el reclamante introdujo en la Casilla 8 el monto total

8

que consideraba que se le adeudaba, pero también introdujo el monto total adeudado en las Casillas 7, 10 y/o 13. Cuando Prime Clerk, LLC registró las Reclamaciones que han de ser reclasificadas en el registro de reclamaciones de Título III, interpretó cada monto introducido en las Casillas 7, 8, 10 y/o 13 como alegaciones de responsabilidad apartes. En consecuencia, el registro de reclamaciones refleja que cada una de las Reclamaciones que han de ser reclasificadas alega un monto que está duplicado con respecto a las responsabilidades reales alegadas en la evidencia de reclamación, según se demuestra por el monto total que el reclamante en cuestión identifica en la Casilla 8. Por lo tanto, la AEE solicita que el Tribunal reduzca las Reclamaciones que han de ser reclasificadas de tal manera que solo aleguen las responsabilidades totales identificadas por el reclamante en cuestión, según se establece en el **Anexo A** del presente documento. Si las Reclamaciones que han de ser reclasificadas no se reducen, ello perjudicaría a otros reclamantes en el marco del Caso de Título III de la AEE, puesto que los titulares de las Reclamaciones que han de ser reclasificadas podrían recibir una recuperación excesiva no justificada por encima de las responsabilidades realmente alegadas. Además, los titulares de las Reclamaciones que han de ser reclasificadas no se verán perjudicados por el remedio solicitado, ya que mantendrán una reclamación contra la AEE por el monto total indicado por los reclamantes en sus evidencias de reclamaciones.

18.     En consecuencia, puesto que las Reclamaciones que han de ser reclasificadas no proporcionan fundamento alguno para la prioridad de gastos administrativos o el estatus garantizado, las reclamaciones deben ser reclasificadas como reclamaciones generales no garantizadas, y los montos de las Reclamaciones que han de ser reclasificadas deben reducirse para que reflejen las responsabilidades totales reales alegadas en la evidencia de reclamación, cada una de ellas como se establece en el **Anexo A** del presente documento. La reclasificación de las

Reclamaciones que han de ser reclasificadas es necesaria para no perjudicar a otros titulares de reclamaciones generales no garantizadas. Los titulares de las Reclamaciones que han de ser reclasificadas mantendrán una reclamación modificada reducida contra la AEE, tal y como se establece en la columna titulada "Reclamación Modificada Reducida" del **Anexo A** del presente documento. Puesto que esta Tricentésima cuadragésima octava objeción global a las Reclamaciones que han de ser reclasificadas no constituye una objeción a la validez o al monto de las Reclamaciones que han de ser reclasificadas, los Deudores se reservan el derecho a oponerse a las Reclamaciones que han de ser reclasificadas sobre la base de cualesquiera otros motivos que fuere.

19.     En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Tricentésima cuadragésima octava objeción global (sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones erróneamente clasificadas y sobreestimadas*, de fecha 18 de junio de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

20.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Tricentésima cuadragésima octava objeción global a) a los acreedores individuales objeto de esta Tricentésima cuadragésima octava objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF núm. 15894-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación relativa a esta Tricentésima cuadragésima octava objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima cuadragésima octava objeción global y de la totalidad de los anexos que se adjuntan

al presente se radican y envían con esta objeción. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

21.     Esta Tricentésima cuadragésima octava objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones Modificadas Reducidas o a cualesquiera otras reclamaciones sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualesquiera reclamaciones sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

22.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima cuadragésima octava objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha:  18 de junio de 2021
        San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera para
Puerto Rico como representante de
la Autoridad de Energía Eléctrica de
Puerto Rico.*

12