# **EXHIBIT B**

**Declaration of Jay Herriman**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THREE HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Commonwealth's (as defined below) case filed pursuant to the *Puerto Rico Oversight, Management, and Economic*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Commonwealth's case filed pursuant to PROMESA. The Commonwealth's ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor").

3. I submit this declaration in support of the *Three Hundred Fifty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* (the "Three Hundred Fifty-Sixth Omnibus Objection").[3] I have personally reviewed the Three Hundred Fifty-Sixth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Three Hundred Fifty-Sixth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Fifty-Sixth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the Claims to Be Partially Disallowed and Partially Reclassified, as identified in **Exhibit A** to the Three Hundred Fifty-Sixth Omnibus Objection.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Fifty-Sixth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims identified on Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection, in part, purport to assert liability based on (*a*) bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), (*b*) bond claims that are duplicative of one or more master proofs of claim filed against the Commonwealth on behalf of the holders of certain bonds, (*c*) claims that assert liabilities for certain bonds issued by the Puerto Rico Highways and Transportation Authority ("HTA") for which the Commonwealth is not liable, (*d*) an ownership interest in bonds issued by the Government Development Bank of Puerto Rico ("GDB"), and/or (e) an ownership interest in bonds issued by the Puerto Rico Aqueducts and Sewers Authority ("PRASA"), which is not a Title III Debtor, for amounts for which the Commonwealth has not guaranteed repayment. In addition, certain portions of each of the proofs of claim listed on **Exhibit A** hereto are deficient because they fail to provide sufficient information to enable the Commonwealth to reconcile the proofs of claim. Moreover, to the best of my knowledge, information, and belief, a letter was sent to each of the claimants who filed Claims to Be Partially Disallowed and Partially Reclassified requesting additional information and supporting documentation, but the claimants either did not respond, or their response still failed to provide information necessary to enable the Commonwealth to reconcile their claim, such as the specific CUSIP numbers and amounts of the bonds claimants seek to assert. Other portions of the proofs of claim listed on **Exhibit A** hereto are deficient because they assert liabilities for purported investment losses, but fail to provide a basis for asserting a claim in respect of investment losses. Accordingly, the Commonwealth requests that the Claims to Be Partially Disallowed and Partially Reclassified be partially disallowed and partially reclassified.

6. Because each of the Claims to Be Partially Disallowed and Partially Reclassified purport to assert liabilities associated with bonds that are not subject to this objection, the claimant will retain a remaining claim for the amount identified in the column titled "Corrected" in **Exhibit A** to the Three Hundred Fifty-Sixth Omnibus Objection.

7. Additionally, each of the claims listed on **Exhibit A** hereto should be partially reclassified because a portion of the claim identifies either the Commonwealth as obligor, when that portion of the claim is properly asserted, if at all, against the Puerto Rico Electric Power Authority ("PREPA").

8. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Three Hundred Fifty-Sixth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Commonwealth and is creditors.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 18, 2021

By: /s/ Jay Herriman<br>Jay Herriman

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>     como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>     Deudores.[1] | PROMESA<br>Título III<br>Núm. 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA QUINCUAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR BONOS PARCIALMENTE DUPLICADAS, DEFICIENTES, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1

en relación con el caso del ELA (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del ELA radicado conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones del ELA implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Tricentésima quincuagésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos parcialmente duplicadas, deficientes, en las que no existe responsabilidad y radicadas contra el deudor incorrecto* (la "Tricentésima quincuagésima sexta objeción global").[3] He revisado personalmente la Tricentésima quincuagésima sexta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Tricentésima quincuagésima sexta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima quincuagésima sexta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima quincuagésima sexta objeción global.

Dichos esfuerzos resultaron en la identificación de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente, según se identifica en el **Anexo A** de la Tricentésima quincuagésima sexta objeción global.

5. A mi fiel saber y entender, cada una de las reclamaciones identificadas en el Anexo A de la Tricentésima quincuagésima sexta objeción global pretende alegar, en parte, responsabilidad basada en *a*) bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico (COFINA), *b*) reclamaciones por bonos que constituyen duplicados con respecto a una o más evidencias de reclamaciones principales radicadas contra el ELA en nombre de determinados bonistas, *c*) reclamaciones que alegan responsabilidades por determinados bonos emitidos por la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") por los que el ELA no es responsable, *d*) una participación patrimonial en bonos emitidos por el Banco Gubernamental de Fomento para Puerto Rico (el "BGF"), y/o *e*) una participación patrimonial en bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico (la "AAA"), que no es un Deudor de Título III, por unos montos por los que el ELA no ha garantizado el reembolso. Además, algunas partes de cada una de las evidencias de reclamaciones contenidas en el **Anexo A** del presente documento son deficientes, puesto que no brindan información suficiente para que el ELA pueda reconciliar las evidencias de reclamaciones. Es más, a mi fiel saber y entender, se ha enviado una carta a cada uno de los reclamantes que radicaron Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente, en la que se le solicita información adicional y documentación justificativa, pero los reclamantes o bien no respondieron, o bien sus respuestas tampoco aportaron la información necesaria para que el ELA pueda reconciliar sus reclamaciones; como por ejemplo, los números CUSIP y los montos concretos correspondientes a los bonos que los reclamantes tratar de alegar. Otras partes de las evidencias de reclamaciones

3

contenidas en el **Anexo A** del presente documento son deficientes, puesto que alegan responsabilidades por supuestas pérdidas por inversiones pero no brindan fundamento alguno para alegar una reclamación en relación de las pérdidas por inversiones. En consecuencia, el ELA solicita que las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente se rechacen parcialmente y se reclasifiquen parcialmente.

6. Puesto que cada una de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente pretende alegar responsabilidades vinculadas con bonos que no guardan relación con esta objeción, el reclamante conservará una reclamación restante por el monto identificado en la columna titulada "Corregidas" en el **Anexo A** de la Tricentésima quincuagésima sexta objeción global.

7. Además, cada una de las reclamaciones que figuran en el **Anexo A** del presente documento debe reclasificarse parcialmente, ya que parte de la reclamación identifica al ELA como deudor, cuando en todo caso lo correcto sería que dichas partes de la reclamación se alegaran contra la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE").

8. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Tricentésima quincuagésima sexta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA y de sus acreedores.

9. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 18 de junio de 2021

                                                    Por: [*Firma en la versión en inglés*]
                                                          Jay Herriman