## EXHIBIT D

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the<br>Commonwealth.** |

ORDER GRANTING THREE HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION
(SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL
DUPLICATE, DEFICIENT, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Three Hundred Fifty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Partial Duplicate, Deficient, No Liability, and Incorrect Debtor Bond Claims* (the "Three Hundred Fifty-Sixth Omnibus Objection"),[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth," or the "Debtor"), dated June 18, 2021, for entry of an order partially disallowing and partially reclassifying certain claims filed against the Commonwealth, as more fully set forth in the Three Hundred Fifty-Sixth Omnibus Objection and supporting exhibits

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Three Hundred Fifty-Sixth Omnibus Objection.

thereto; and the Court having jurisdiction to consider the Three Hundred Fifty-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA section 306(a); and venue being proper pursuant to PROMESA section 307(a); and due and proper notice of the Three Hundred Fifty-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Claims to Be Partially Disallowed and Partially Reclassified") seek recovery, in part, of amounts for which the Commonwealth is not liable; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified seek recovery, in part, of amounts that are duplicative of one or more Master Proofs of Claim filed in the Commonwealth's Title III Case; and to the extent the Claims to Be Partially Disallowed and Partially Reclassified seek recovery of amounts greater than reflected in the proof of claim, the supporting documentation, and any Mailing response, the Court having determined that such portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient; and the Court having determined that certain portions of the Claims to Be Partially Disallowed and Partially Reclassified are deficient insofar as they seek recovery for investment losses, but fail to state a claim as to why the Commonwealth is liable for such investment losses; and the Court having determined that the remaining portions of the Claims to Be Partially Disallowed and Partially Reclassified will remain asserted against the Commonwealth; and the Court having determined that the relief sought in the Three Hundred Fifty-Sixth Omnibus Objection is in the best interests of the Commonwealth, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Three Hundred Fifty-Sixth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Three Hundred Fifty-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Claims to Be Partially Disallowed") are hereby reduced and disallowed, such that the Claims to Be Partially Disallowed shall now only be considered claims asserting the amount set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection, respectively; and it is further

ORDERED that the Commonwealth's right to object to portions of the remaining portions of these claims, as set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection, is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to designate as expunged and reduce the amount asserted in the Claims to Be Partially Disallowed by the disallowed portions (i.e., reducing the amount of the claims to the amounts set forth in the column titled "Corrected" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection) from the official claims register in the Commonwealth Title III Case; and it is further

ORDERED that the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection (the "Partially Reclassified Bond Claims") are hereby reclassified to be claims asserted against PREPA, as indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Commonwealth's right to object to the Partially Reclassified Bond Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection from the Title III case for the debtor(s) identified in the column titled "Asserted" in Exhibit A to the Three Hundred Fifty-Sixth Omnibus Objection to PREPA's Title III Case (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747)); and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge

## **ANEXO D**

**Orden propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>     como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                 Deudores.[1] | PROMESA <br> Título III <br> Núm. 17 BK 3283-LTS <br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

ORDEN POR LA QUE SE CONCEDE LA TRICENTÉSIMA QUINCUAGÉSIMA SEXTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES POR BONOS PARCIALMENTE DUPLICADAS, DEFICIENTES, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO

Vista la *Tricentésima quincuagésima sexta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones por bonos parcialmente duplicadas, deficientes, en las que no existe responsabilidad y radicadas contra el deudor incorrecto* (la "Tricentésima quincuagésima sexta objeción global"),[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), de fecha 18 de junio de 2021, en la que se solicita que se dicte una orden que rechace parcialmente y reclasifique parcialmente determinadas reclamaciones radicadas contra

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima quincuagésima sexta objeción global.

el ELA, según se expone con más detalle en la propia Tricentésima quincuagésima sexta objeción global y en los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Tricentésima quincuagésima sexta objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Tricentésima quincuagésima sexta objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiendo determinado el Tribunal que las reclamaciones identificadas en el Anexo A de la Tricentésima quincuagésima sexta objeción global (las "Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente") pretenden obtener la recuperación, en parte, de montos por los que el ELA no es responsable; y habiendo determinado el Tribunal que las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente pretenden recuperar, en parte, montos que constituyen duplicados con respecto a una o más Evidencias de reclamaciones principales radicadas en el marco del Caso de Título III del ELA; y habiendo determinado el Tribunal que, en la medida en que las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente pretendan recuperar montos superiores a los reflejados en la evidencia de reclamación, en la documentación justificativa y en cualquiera de los Envíos de réplica, dichas partes de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente son deficientes; y habiendo determinado el Tribunal que determinadas partes de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente son deficientes en la medida en que pretendan recuperar pérdidas por inversión, pero que no expliquen por qué el ELA es responsable de dichas pérdidas por inversión; y habiendo determinado el Tribunal que las partes restantes de las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente seguirán estando alegadas contra el ELA; y habiendo determinado el Tribunal que el remedio solicitado en la Tricentésima quincuagésima sexta objeción global redunda en el mejor interés del ELA y de sus acreedores, así como de la totalidad de las

partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Tricentésima quincuagésima sexta objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE CONCEDA la Tricentésima quincuagésima sexta objeción global, según se establece en el presente documento; asimismo

SE ORDENA que las partes de las reclamaciones identificadas en el Anexo A de la Tricentésima quincuagésima sexta objeción global (las "Reclamaciones que han de ser rechazadas parcialmente") se reduzcan y rechacen, de tal manera que de aquí en adelante las Reclamaciones que han de ser rechazadas parcialmente solo se consideren reclamaciones que alegan el monto que figura en la columna titulada "Corregidas" en el Anexo A de la Tricentésima quincuagésima sexta objeción global, respectivamente; también

SE ORDENA que el derecho del ELA a objetar a partes de las porciones restantes de dichas reclamaciones, conforme a lo estipulado en la columna titulada "Corregidas" en el Anexo A de la Tricentésima quincuagésima sexta objeción global, quede reservado; además

SE ORDENA que Prime Clerk quede autorizada, y reciba instrucciones, para designar como suprimidas y reducir el monto alegado en las Reclamaciones que han de ser rechazadas parcialmente tomando en cuenta las partes rechazadas (esto es, reducir el monto de las reclamaciones a los montos que se estipulan en la columna titulada "Corregidas" en el Anexo A de la Tricentésima quincuagésima sexta objeción global) del registro oficial de reclamaciones en el marco del Caso de Título III del ELA; asimismo

SE ORDENA que las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de la Tricentésima quincuagésima sexta objeción global (las "Reclamaciones por Bonos Parcialmente Reclasificadas") queden reclasificadas como reclamaciones alegadas contra la AEE, conforme a lo identificado en la columna titulada "Corregidas" en el Anexo A; también

3

SE ORDENA que el derecho que asiste al ELA a objetar a las Reclamaciones por Bonos Parcialmente Reclasificadas quede reservado; además

SE ORDENA que Prime Clerk quede autorizada, y reciba instrucciones, para trasladar, en el registro oficial de reclamaciones relativo a los casos radicados conforme a PROMESA, las reclamaciones identificadas en la columna titulada "Alegadas" en el <u>Anexo A</u> de la Tricentésima quincuagésima sexta objeción global del caso de Título III del/de los deudor(es) identificadas en la columna titulada "Alegadas" en el <u>Anexo A</u> de la Tricentésima quincuagésima sexta objeción global al Caso de Título III de la AEE (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747)); y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos (*United States District Judge*)