Response Deadline: July 19, 2021 at 4:00PM (Atlantic Standard Time)
Hearing Date:  August 4, 2021, at 9:30AM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO
> TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

## THREE HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO DEFICIENT CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III

representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employee Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("<u>PROMESA</u>"),[2] files this three hundred fifty-eighth omnibus objection (the "<u>Three Hundred Fifty-Eighth Omnibus Objection</u>") to the deficient claims listed on **<u>Exhibit A</u>** hereto, and in support of the Three Hundred Fifty-Eighth Omnibus Objection, respectfully represents as follows:

**<u>JURISDICTION</u>**

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

**<u>BACKGROUND</u>**

A.      **The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "<u>Commonwealth Title III Case</u>").  On July 3, 2017 (the "<u>Petition Date</u>"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "<u>PREPA Title III Case</u>," and together with the Commonwealth Title III Case, the "<u>Title III Cases</u>"). On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF No. 340.[3]

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Unless otherwise noted, all ECF numbers refers to Case No. 17-bk-3283.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

## B.      PREPA

5.      PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

## C.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections

6.      To date, approximately 179,420 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.59 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.      Of the proofs of claim filed, approximately 4,490 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being

subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").   On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), and PREPA.  Based upon rulings and orders of the Court to date, approximately 101,019 claims asserting \$43.59 trillion in liability against the Commonwealth, COFINA, HTA, ERS, and PREPA have been disallowed and expunged from the claims registry in the Title III proceedings.

11.     This Three Hundred Fifty-Eighth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

<u>**OBJECTIONS TO PROOFS OF CLAIM**</u>

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The Three Hundred Fifty-Eighth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on **<u>Exhibit A</u>** hereto (collectively, the "<u>Deficient Claims</u>").  Each of the Deficient Claims failed to comply with the applicable rules for filing a claim by not providing a basis for asserting the claim against PREPA or any other Title III Debtor.

14.     Each of the Deficient Claims purports to be based on obligations owed to the

applicable claimant by PREPA, but either (i) fails to provide any information identifying the nature

or source of the obligations or explaining why PREPA or any other Title III Debtor is liable to the

claimant, or (ii) identifies the nature or source of the obligation, but fails to explain how PREPA

or any other Title III Debtor is liable to the claimant.  Because of this failure to comply with the

applicable rules, neither the Debtors nor the Court are able to determine the validity of the

Deficient Claims.

15.     On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning

in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution

Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D)

Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the

Debtors to send mailings "to any claimant who has not provided sufficient information to enable

Debtors to process their claim."  Authorized Mailings Order, ¶ 3.

16.     Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed

Mailing to a claimant, and the claimant either does not respond or responds but fails to provide

sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to

object to the claim as deficient." *Id*.

17.     In accordance with the Authorized Mailings Order, the Debtors sent on or around

September 9, 2020 at least one letter, substantially in the form of Exhibit 1 to the Authorized

Mailings Order, to each claimant subject to this Three Hundred Fifty-Eighth Omnibus Objection

(the "Mailing").  Each Mailing provided, in relevant part:

> Additional information is required in order for the Debtors to
> continue with assessing your claim. The Debtors are unable to
> determine from the information you provided the basis for the claim
> you are attempting to assert against one or more of the Debtors.  In

>responding to this letter, please ensure that you provide all of the
>information requested and as much detail as possible about your
>claim.  The descriptions you put on your proof of claim were too
>vague for the Debtors to understand the claim you are trying to
>assert, so please provide more detail and do not simply copy over
>the same information.

*See* ECF No. 8453-1 at 2, 7.

18.     The Mailings received by the claimants subject to this Three Hundred Fifty-Eighth

Omnibus Objection directed the claimants to respond within thirty days.  *See id.*  Furthermore, the

Mailings cautioned the Claimants that "[i]f you do not respond to this request and do not provide

the requested information and documentation in support of your claim, the Debtors may be forced

to object to your claim."  *Id.*

19.     All of the Claimants identified in **Exhibit A** either (a) failed to respond to the

Mailings, or (b) in two instances, responded to the Mailings, but their responses (collectively, the

"Returned Deficient Mailings") still failed to provide PREPA with the information necessary to

reconcile the Deficient Claims.  In each instance, the Returned Deficient Mailings were not fully

completed by the Claimant, and both omitted information necessary to ascertain the basis of their

claims.  For example, one of the Returned Deficient Mailings asserts that the claim is based on a

pending or resolved legal action, but the only case numbers identified are the case number for

ERS's and PREPA's Title III cases (respectively, 17-bk-3566 and 17-bk-4780).  The other

Returned Deficient Mailing also asserts that the claim is based on a pending or resolved legal

action, but the only case number it identifies is the case number for PREPA's Title III case.

20.      Accordingly, PREPA is unable to reconcile or determine the validity of the Deficient Claims.[4]  The Deficient Claims should therefore be disallowed in their entirety.

21.      In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Three Hundred Fifty-Eighth Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Deficient Claims*, dated June 18, 2021, attached hereto as **Exhibit B**.

## NOTICE

22.      In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, PREPA is providing notice of this Three Hundred Fifty-Eighth Omnibus Objection to (a) the individual creditors subject to this Three Hundred Fifty-Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case Management Procedures* [ECF No. 15894-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  The notice for this Three Hundred Fifty-Eighth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Three Hundred Fifty-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

23.      This Three Hundred Fifty-Eighth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors or the rights of any other party in interest in the Title III Cases to object to the Deficient Claims or any other claims

---

[4] At the January 29, 2020 omnibus hearing, the Court asked the Debtors to provide a simplified response form that Claimants could use to provide the Debtors with the information needed to process their claims.  That form has been created and is attached hereto as **Exhibit E**.

on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the rights of the Debtors or any other party in interest in the Title III Cases under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

24.     No prior request for the relief sought in this Three Hundred Fifty-Eight Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting PREPA such other and further relief as is just.

Dated: June 18, 2021
    San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board for
Puerto Rico, as representative for the
Puerto Rico Electric Power Authority*

**Fecha límite para responder: 19 de julio de 2021, a las 4:00 p.m. (AST)**
**Fecha de la vista: 4 de agosto de 2021, a las 9:30 a.m. (AST)**

---

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con la AEE.** |

### TRICENTÉSIMA QUINCUAGÉSIMA OCTAVA OBJECIÓN GLOBAL (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES DEFICIENTES

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor
Swain:

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de
Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el
único representante de Título III de la AEE conforme a la sección 315(b) de la *Ley para la
Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la
presente tricentésima quincuagésima octava objeción global (la "Tricentésima quincuagésima
octava objeción global") a las reclamaciones deficientes que figuran en el **Anexo A** del presente
documento, y en apoyo de la Tricentésima quincuagésima octava objeción global manifiesta
respetuosamente lo siguiente:

**JURISDICCIÓN**

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de
PROMESA.

**ANTECEDENTES**

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de
reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición
voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso
conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración

conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio

para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III

de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA,

los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió

la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm.

17 BK 4780, ECF núm. 340.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije
fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y
la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la
*Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B)
aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha
Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas
límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de
Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los
Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar
evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]
(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo
dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      AEE**

---

[3] Salvo indicación en contrario contenida en el presente documento, todas las citas ECF harán
referencia al Caso núm. 17-BK-3283.

5.      La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17 BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios aproximadamente a 1.5 millones de clientes.

**C.     Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.      Hasta la fecha, se han radicado aproximadamente 179,420 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.59 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 4,490 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.      En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas*

*de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los

"Procedimientos Enmendados relativos a Objeciones Globales").

10.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los

Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado 14 vistas

vinculadas con más de 140 objeciones globales radicadas por el ELA, la Corporación del Fondo

de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación

de Puerto Rico (la "ACT"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre

Asociado de Puerto Rico (el "SRE") y la AEE. Sobre la base de las resoluciones y órdenes del

Tribunal dictadas hasta la fecha, aproximadamente 101,019 reclamaciones que reivindicaban

$43.59 billones en responsabilidad contra el ELA, COFINA, la ACT, el SRE y la AEE fueron

rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados

conforme al Título III.

11.     La Tricentésima quincuagésima octava objeción global se radica de conformidad

con los procedimientos enmendados relativos a objeciones globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la

AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas

establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13.     La Tricentésima quincuagésima octava objeción global pretende que se rechace, de

conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los

Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de

reclamaciones que figura en el **Anexo A** del presente documento (conjuntamente, las

"Reclamaciones Deficientes"). Ninguna de las Reclamaciones Deficientes cumplió con las normas aplicables a la radicación de reclamaciones al no proporcionar una base para alegar la reclamación contra la AEE o cualquier otro Deudor de Título III.

14. Cada una de las Reclamaciones Deficientes alega estar basada en obligaciones de la AEE ante el correspondiente reclamante, pero, o bien i) no ha proporcionado ninguna información que identifique la naturaleza o fuente de las obligaciones o que explique por qué la AEE o cualquier otro Deudor de Título III son responsables ante el reclamante, o bien ii) ha identificado la naturaleza o fuente de la obligación, pero no ha explicado por qué la AEE o cualquier otro Deudor de Título III son responsables ante el reclamante. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes.

15. El 13 de agosto de 2019, el Tribunal dictó la Orden que concedió parcialmente y levantó parcialmente la *Moción de los Deudores para dictar una orden que A) autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF núm. 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores procesar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

16. Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán derecho a oponerse a la reclamación como deficiente". *Id.*

17.     De conformidad con la Orden de Envío Autorizado, los Deudores enviaron, aproximadamente el 9 de septiembre de 2020, al menos una carta a cada reclamante objeto de la presente Tricentésima quincuagésima octava objeción global esencialmente en el formato que se adjunta a la Orden de Envío Autorizado como Anexo 1 (el "Envío"). Cada Envío, en la parte pertinente, rezaba lo siguiente:

> Se requiere información adicional para que los Deudores sigan examinando su reclamación. Los Deudores no pueden determinar a partir de la información que usted proporcionó cuál es la base de la reclamación que trata de alegar contra uno o más Deudores. Al responder a esta carta, rogamos se asegure de proporcionar toda la información solicitada, así como tantos detalles como sea posible aportar sobre su reclamación. Las descripciones que incorporó en su evidencia de reclamación eran demasiado vagas para que los Deudores comprendieran la reclamación que usted trata de alegar, de manera que rogamos proporcione más detalles y no se limite simplemente a copiar la misma información.

*Véase* ECF núm. 8453-1 en 2, 7.

18.     Los Envíos recibidos por los reclamantes objeto de la presente Tricentésima quincuagésima octava objeción global exigían a los reclamantes responder en un plazo de 30 días. *Véase id.* Además, en los Envíos se advertía a los Reclamantes de que "[s]i no responde a esta solicitud y no proporciona la información y la documentación requeridas para justificar su reclamación, es posible que los Deudores se vean en la obligación de oponerse a su reclamación". *Id.*

19.     Todos los Reclamantes identificados en el **Anexo A** o bien a) no han respondido a los Envíos, o bien b) en dos ocasiones, respondieron a los Envíos pero sus réplicas (conjuntamente, los "Envíos Deficientes Devueltos") aun no han proporcionado a la AEE la información necesaria para reconciliar las Reclamaciones Deficientes. En cada caso, los Envíos Deficientes Devueltos no habían sido cumplimentados en su totalidad por los Reclamantes, y ambos omitían información

8

necesaria para establecer el fundamento de sus reclamaciones. Por ejemplo, uno de los Envíos
Deficientes Devueltos alega que la reclamación se basa en una acción judicial pendiente o resuelta,
pero los únicos números de caso que identifica son los de los casos de Título III del SRE y de la
AEE (17-BK-3566 y 17-BK-4780, respectivamente). El otro de los Envíos Deficientes Devueltos
también alega que la reclamación se basa en una acción judicial pendiente o resuelta, pero el único
número de caso que identifica es el del caso de Título III de la AEE.

20.      En consecuencia, la AEE no puede determinar ni reconciliar la validez de las
Reclamaciones Deficientes.[4] Por lo tanto, las Reclamaciones Deficientes deben ser rechazadas en
su totalidad.

21.      En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en
apoyo de la Tricentésima quincuagésima octava objeción global (no sustantiva) de la Autoridad
de Energía Eléctrica de Puerto Rico a Reclamaciones Deficientes, de fecha* 18 de junio de 2021,
adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

22.      De conformidad con los Procedimientos Enmendados relativos a Objeciones
Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Tricentésima
quincuagésima octava objeción global a) a los acreedores individuales objeto de esta Tricentésima
quincuagésima octava objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones
(según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF
núm. 15894-1]), disponibles en el sitio web de casos de los Deudores, en

---

[4] Durante la vista global celebrada el 29 de enero de 2020, el Tribunal solicitó a los Deudores que
proveyeran un formulario de respuesta simplificado que los Reclamantes pudieran utilizar para
proporcionar a los Deudores la información necesaria para procesar sus reclamaciones. El
formulario ha sido creado y se adjunta al presente documento como **Anexo E**.

https://cases.primeclerk.com/puertorico. La notificación relativa a esta Tricentésima quincuagésima octava objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima quincuagésima octava objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con esta objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## **RESERVA DE DERECHOS**

23.      Esta Tricentésima quincuagésima octava objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores, o de los derechos de cualesquiera otras partes interesadas de los Casos de Título III, a objetar a las Reclamaciones Deficientes o a cualesquiera otras reclamaciones que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, a impugnar cualquier reclamación sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos de los Deudores, o de cualesquiera otras partes interesadas en los Casos de Título III, conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

10

**<u>AUSENCIA DE SOLICITUDES PREVIAS</u>**

24.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima

quincuagésima octava objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha: 18 de junio de 2021
     San Juan (Puerto Rico)

Respetuosamente sometida,

[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante de la Autoridad de Energía Eléctrica de Puerto Rico.*