Response Deadline: July 19, 2021 at 4:00PM (Atlantic Standard Time)
Hearing Date: August 4, 2021 at 9:30AM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to PREPA.** |

## THREE HUNDRED FIFTY-NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO CLAIMS ASSERTING DUPLICATE LIABILITIES

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of PREPA pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] files this three hundred fifty-ninth omnibus objection
(the "Three Hundred Fifty-Ninth Omnibus Objection") to the substantively duplicative proofs of
claim listed on **Exhibit A** hereto.  In support of the Three Hundred Fifty-Ninth Omnibus Objection,
PREPA respectfully represents as follows:

<div align="center">

**JURISDICTION**

</div>

1.      The United States District Court for the District of Puerto Rico has subject matter
jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section
306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

<div align="center">

**BACKGROUND**

</div>

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant
to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the
Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof
(the "Commonwealth Title III Case").  On July 3, 2017 (the "Petition Date"), the Oversight Board
issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a
voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case
under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III
Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint
administration of the Title III Cases for procedural purposes only.  Case No. 17 BK 4780, ECF
No. 340.[3]

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3]  Unless otherwise indicated, all ECF numbers refer to the Commonwealth's Title III Case, Case
    No. 17-bk-4780.

4.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PREPA Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     PREPA**

5.     PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

6.     To date, approximately 179,420 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.59 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

7.     Of the proofs of claim filed, approximately 4,490 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being

subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

8.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9.      In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures,*

4

*(B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

10.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held over 14 hearings related to over 140 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), PREPA, and/or the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>").  Based upon rulings and orders of the Court to date, approximately 101,019 claims, asserting over $43.59 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, and ERS, have been disallowed and expunged from the claims registry in the Title III proceedings.

11.     This Three Hundred Fifty-Ninth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

<div align="center">

**<u>OBJECTIONS TO PROOFS OF CLAIM</u>**

</div>

12.     The Amended Omnibus Objection Procedures allow PREPA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

13.     The Three Hundred Fifty-Ninth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, claims that are substantively duplicative of other proofs of claim filed in the PREPA Title III Case.

14.     As set forth in **<u>Exhibit A</u>** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "<u>Claims to Be Disallowed</u>") assert the same liabilities against

PREPA as the claims identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims").  In most instances, either the Claims to Be Disallowed or the Remaining Claims were transferred to PREPA's Title III case by prior order of the Court, but assert the same liabilities against PREPA as another claim already asserted against PREPA by the same claimant.  In other instances, the Claims to Be Disallowed were filed on behalf of the same claimant as the Remaining Claims, set forth the same basis for the claim (*e.g.*, ownership of the same bond, the same allegedly unpaid invoices, or the same pending litigation, etc.), attach the same or substantially similar documentation, and/or assert an equal or lesser amount than the Remaining Claims.

15.    Accordingly, the Claims to Be Disallowed are duplicative of one or more Remaining Claims, and thus no longer represent valid claims against PREPA.  Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against PREPA to the detriment of other stakeholders in the Title III Cases.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against PREPA, as set forth in **Exhibit A** hereto.  Because this Three Hundred Fifty-Ninth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

16.    In support of the foregoing, PREPA relies on the *Declaration of Mark Shankweiler in Support of the Three Hundred Fifty-Ninth Omnibus Objection (Non-Substantive) of the Puerto Rico Electric Power Authority to Claims Asserting Duplicate Liabilities*, dated June 18, 2021, attached hereto as **Exhibit B**.

## **NOTICE**

17.     In accordance with the Amended Omnibus Objection Procedures and the Court's

Notice Order, PREPA is providing notice of this Three Hundred Fifty-Ninth Omnibus Objection

to (a) the individual creditors subject to this Three Hundred Fifty-Ninth Omnibus Objection, (b)

the U.S. Trustee, and (c) the Master Service List (as defined by the *Fourteenth Amended Case*

*Management Procedures* [ECF No. 15894-1]), which is available on the Debtors' case website at

https://cases.primeclerk.com/puertorico.  The notice for this Three Hundred Fifty-Ninth Omnibus

Objection is attached hereto as **Exhibit C**.  Spanish translations of the Three Hundred Fifty-Ninth

Omnibus Objection and all of the exhibits attached hereto are being filed and served with this

objection.  PREPA submits that, in light of the nature of the relief requested, no other or further

notice need be given.

## **RESERVATION OF RIGHTS**

18.     This Three Hundred Fifty-Ninth Omnibus Objection is limited to the grounds stated

herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to the Claims to

be Disallowed or any other claims on any ground whatsoever.  The Debtors expressly reserve all

further substantive or procedural objections.   Nothing contained herein or any actions taken

pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of

any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any

grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume

any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or

(e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable

law.

## NO PRIOR REQUEST

19.     No prior request for the relief sought in this Three Hundred Fifty-Ninth Omnibus

Objection has been made to this or any other court.

WHEREFORE PREPA respectfully requests entry of an order, substantially in the form of

the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)

granting PREPA such other and further relief as is just.


Dated: June 18, 2021                                    Respectfully submitted,
        San Juan, Puerto Rico

                                                        */s/ Hermann D. Bauer*
                                                        Hermann D. Bauer
                                                        USDC No. 215205
                                                        Carla García-Benítez
                                                        USDC No. 203708
                                                        Gabriel A. Miranda
                                                        USDC No. 306704
                                                        **O'NEILL & BORGES LLC**
                                                        250 Muñoz Rivera Ave., Suite 800
                                                        San Juan, PR 00918-1813
                                                        Tel:  (787) 764-8181
                                                        Fax:  (787) 753-8944

                                                        */s/ Martin J. Bienenstock*
                                                        Martin J. Bienenstock (*pro hac vice*)
                                                        Ehud Barak (*pro hac vice*)
                                                        Paul V. Possinger (*pro hac vice*)
                                                        **PROSKAUER ROSE LLP**
                                                        Eleven Times Square
                                                        New York, NY 10036
                                                        Tel:  (212) 969-3000
                                                        Fax:  (212) 969-2900

                                                        *Attorneys for the Financial
                                                        Oversight and Management Board
                                                        for Puerto Rico, as representative for
                                                        Puerto Rico Electric Power
                                                        Authority*

**Fecha límite para responder: 19 de julio de 2021, a las 4:00 p.m. (AST)**
**Fecha de la vista: 4 de agosto de 2021, a las 9:30 a.m. (AST)**

<div style="border:1px solid black">

**REVISE DETENIDAMENTE LA PRESENTE OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS
PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

</div>

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA<br>Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN<br>FINANCIERA PARA PUERTO RICO, | Núm. 17 BK 3283-LTS |
| como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., | **La presente radicación guarda<br>relación con la AEE.** |
| Deudores.[1] | |

### TRICENTÉSIMA QUINCUAGÉSIMA NOVENA OBJECIÓN GLOBAL
### (NO SUSTANTIVA) DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO
### RICO A RECLAMACIONES EN LAS QUE SE ALEGAN RESPONSABILIDADES
### DUPLICADAS

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

La Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de la AEE conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta tricentésima quincuagésima novena objeción global (la "Tricentésima quincuagésima novena objeción global") a las evidencias de reclamaciones sustancialmente duplicadas que aparecen en el **Anexo A** del presente documento. En apoyo de la Tricentésima quincuagésima novena objeción global, la AEE manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 3 de julio de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III

de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA,

los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió

la administración conjunta de los Casos de Título III únicamente con fines procesales. Caso núm.

17 BK 4780, ECF núm. 340.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije*

*fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y*

*la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite"). Conforme a la

*Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B)*

*aprueba la forma y la manera de su notificación* [ECF. núm. 2521] (la "Orden Inicial de Fecha

Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas

límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título

III de la AEE. Luego de la moción informativa de determinados acreedores, y del apoyo de los

Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar*

*evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160]

(conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo

dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      AEE**

5.      La AEE es una corporación titularidad del Gobierno creada en 1941. *Véase* la Ley

núm. 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3.  La AEE genera y

distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso núm. 17

---

[3] Salvo indicación en contrario, todos los números ECF hacen referencia al Caso de Título III del
   ELA, Caso núm. 17-BK-4780.

BK 4780, ECF núm. 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos, y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.** **Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

6.      Hasta la fecha, se han radicado aproximadamente 179,420 evidencias de reclamaciones contra los Deudores, que han sido registradas por Prime Clerk, LLC. Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.59 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

7.      De las evidencias de reclamaciones radicadas, aproximadamente 4,490 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

8.      Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la*

regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

9.        En aras del interés constante de resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

10.       Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 14

vistas vinculadas con más de 140 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la AEE y/o el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"). Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 101,019 reclamaciones que reivindicaban más de $43.59 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

11.     Esta Tricentésima quincuagésima novena objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a la AEE radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

13.     La Tricentésima quincuagésima novena objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos relativos a Objeciones Globales, reclamaciones que estén sustancialmente duplicadas con respecto a otras evidencias de reclamaciones radicadas en el marco del Caso de Título III de la AEE.

14.     Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Reclamaciones que han de ser rechazadas" (conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades contra la

AEE que las reclamaciones identificadas en la columna titulada "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente, las "Reclamaciones Restantes"). En la mayoría de los casos, las Reclamaciones que han de ser rechazadas o las Reclamaciones Restantes fueron transferidas al caso de Título III de la AEE mediante una orden anterior del Tribunal, pero alegan las mismas responsabilidades contra la AEE que otra reclamación ya radicada contra la AEE por el mismo reclamante. En otros casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de los mismos reclamantes que en las Reclamaciones Restantes, establecen los mismos fundamentos para las reclamaciones (por ejemplo, propiedad de los mismos bonos, las mismas facturas supuestamente impagadas o el mismo litigio pendiente, etc.), adjuntan la misma documentación o documentación sustancialmente similar y/o reclaman un mismo o un menor monto que las Reclamaciones Restantes.

15.    En consecuencia, las Reclamaciones que han de ser rechazadas constituyen duplicados de una o más Reclamaciones Restantes, por lo que ya no representan reclamaciones válidas contra la AEE. Si las Reclamaciones que han de ser rechazadas no son rechazados, ello resultaría en que los reclamantes en cuestión obtuvieran potencialmente una recuperación duplicada no justificada contra la AEE en detrimento de otras partes interesadas en los Casos de Título III. Los titulares de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que cada uno de ellos mantendrá una Reclamación Restante contra la AEE, según se establece en el **Anexo A** del presente documento. Puesto que esta Tricentésima quincuagésima novena objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Restantes, los Deudores se reservan el derecho a oponerse a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fuere.

16.    En apoyo de lo anterior, la AEE invoca la *Declaración de Mark Shankweiler en apoyo de la Tricentésima quincuagésima novena objeción global (no sustantiva) de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones en las que se alegan responsabilidades duplicadas*, de fecha 18 de junio de 2021, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

17.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, la AEE notifica la presente Tricentésima quincuagésima novena objeción global a) a los acreedores individuales objeto de esta Tricentésima quincuagésima novena objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 14* [ECF núm. 15894-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. La notificación de esta Tricentésima quincuagésima novena objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Tricentésima quincuagésima novena objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con esta objeción y se trasladarán a las partes. La AEE sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

18.    Esta Tricentésima quincuagésima novena objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fuere. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objeto, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de

cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que asisten a los Deudores a impugnar cualesquiera reclamaciones sobre la base de los motivos que fuere; c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier otra normativa legal aplicable.

## AUSENCIA DE SOLICITUDES PREVIAS

19.     No se ha radicado ninguna solicitud de remedio previa a la presente Tricentésima quincuagésima novena objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE la AEE solicita respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a la AEE cualesquiera otros remedios que se consideren justos.

Fecha:  18 de junio de 2021
        San Juan (Puerto Rico)

Respetuosamente sometida,


[*Firma en la versión en inglés*]
Hermann D. Bauer
USDC núm. 215205
Carla García-Benítez
USDC núm. 203708
Gabriel A. Miranda
USDC núm. 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.:  (787) 764-8181
Fax:  (787) 753-8944

9

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera para
Puerto Rico como representante de
la Autoridad de Energía Eléctrica de
Puerto Rico.*