UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY PURSUANT TO THE COURT'S JUNE 7, 2021 ORDER**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

To the Honorable United States Magistrate Judge Judith Gail Dein:

Ambac Assurance Corporation ("Ambac"), the Financial Oversight and Management Board for Puerto Rico (the "Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Board, the "Government Parties"),[2] respectfully submit this Joint Status Report pursuant to the Court's order dated June 7, 2021 (ECF No. 16891).[3]

## I. PROCEDURAL BACKGROUND

1. On October 28, 2019, Ambac filed *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 9022) (the "Assets Motion"), and *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* (ECF No. 9023) (the "Cash Motion" and, together with the Assets Motion, the "Original Rule 2004 Motions").

2. On November 8, 2019, the Government Parties filed the *Urgent Motion of Financial Oversight and Management Board for Puerto Rico and Puerto Rico Fiscal Agency and Financial Advisory Authority to Strike (A) Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets [ECF No. 9022] and (B) Ambac Assurance Corporation's Motion for Entry of Order Authorizing*

---

[2] Ambac and the Government Parties are collectively referred to as the "Parties."

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's May 25, 2021 Order* (ECF No. 16890) (the "June 4 Joint Status Report").

- 1 -

*Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis [ECF No. 9023] and for Sanctions* (ECF No. 9131) (the "Motion to Strike").

3. On January 23, 2020, the Court (Swain, J.) issued a memorandum order denying the Motion to Strike (ECF No. 10332) (the "Memorandum Order"). The Memorandum Order directed the Parties to meet and confer by February 3, 2020 concerning the scope and mechanics of discovery responsive to the Original Rule 2004 Motions. (*Id.* at 9.)

4. On November 12, 2020, following the filing of numerous joint status reports discussing the Parties' meet-and-confer efforts, the Court (Dein, M.J.) denied without prejudice the Original Rule 2004 Motions, stating that "[i]n light of the substantial work the [P]arties have done narrowing the issues and resolving the disputes initially presented in the [Original] Rule 2004 Motions[,] . . . and to avoid confusion of the record," Ambac should file "a new Rule 2004 motion limited to the issues in dispute." (*Order* (ECF No. 15093) at 2.)

5. On November 20, 2020, Ambac filed its New Cash Rule 2004 Motion[4] seeking an order directing the Board to produce certain documents related to the Commonwealth's and the Board's publicly available cash restriction analysis. On May 17, 2021, the Court entered an order allowing in part and denying in part the New Cash Rule 2004 Motion.[5]

6. On February 4, 2021, Ambac filed its New Assets Rule 2004 Motion[6] requesting authorization under Bankruptcy Rule 2004 to seek discovery directly from six "prioritized"

---

[4] "New Cash Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 15220).

[5] (*Memorandum of Decision and Order on Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* (ECF No. 16760) (the "New Cash Rule 2004 Motion Order").)

[6] "New Assets Rule 2004 Motion" refers to *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* (ECF No. 15802).

- 2 -

Commonwealth entities regarding their assets. On May 17, 2021, the Court entered an order denying the New Assets Rule 2004 Motion.[7]

7. On June 4, 2021, the Parties filed the June 4 Joint Status Report. On June 7, 2021, the Court ordered the Parties to file a further joint status report by June 18, 2021. (*Order* (ECF No. 16891).)

## II. THE PARTIES' PROGRESS SINCE THE PREVIOUS UPDATE TO THE COURT

8. Since the filing of the June 4 Joint Status Report, the Parties have continued to exchange correspondence.[8] The status of the Parties' discussions relating to Ambac's assets- and cash-related requests is as follows:

### A. Status of Assets Requests (Directed Principally to AAFAF)

9. As noted in previous joint status reports, Ambac and AAFAF previously reached an impasse with regard to certain of Ambac's requests, including the following requests relating to CRIM: (i) a request for two deeds of trust pursuant to which a "General Trust" account was created for the purpose of holding property taxes collected by CRIM; (ii) requests related to statements made in the FY 2021 CRIM Fiscal Plan and FY 2022 CRIM Fiscal Plan and information regarding tax arrears and liens; (iii) requests for documents and communications related to a 2017 third-party offer to purchase CRIM's tax arrears portfolio for $400 million; (iv) requests for information and documents concerning CRIM's ongoing effort to value and monetize its tax arrears and liens portfolio in connection with an RFP issued by AAFAF and CRIM, including

---

[7] (*Memorandum of Decision and Order on Ambac Assurance Corporation's Motion for an Order Authorizing Discovery Under Rule 2004 Concerning Commonwealth Assets* (ECF No. 16759) (the "New Assets Rule 2004 Motion Order").)

[8] Since the filing of the June 4 Joint Status Report, the Parties have exchanged the following correspondence: (i) Ambac's letter to the Government Parties, dated June 17, 2021 (attached hereto as Exhibit A) ("Ambac's June 17 Letter"); (ii) AAFAF's letter to Ambac, dated June 17, 2021 (attached hereto as Exhibit B) ("AAFAF's June 17 Letter").

(without limitation) responses submitted by external parties in response to the RFP; and (v) requests for documents and communications regarding how the $400 million estimated value of CRIM's accounts receivable portfolio set forth in the FY 2021 CRIM Fiscal Plan was determined. Ambac and AAFAF also remain at an impasse with regard to Ambac's request for documents related to the terms of any leases for the Prioritized Commonwealth Assets, as well as Ambac's request for deposition testimony on the foregoing issues.

10. Ambac and AAFAF's positions with regard to the foregoing requests remain unchanged since the filing of the June 4 Joint Status Report. However, as previously noted, AAFAF agreed during the Parties' May 10, 2021 telephonic meet-and-confer to consider Ambac's request that AAFAF provide a statement regarding the status of its and CRIM's ongoing efforts to retain a third party to value and sell CRIM's accounts receivable portfolio. Ambac requested an update on AAFAF's efforts in its June 17 Letter. AAFAF's June 17 Letter provided the update. Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

  **B. Status of Cash Requests**

    **1. *Update Regarding Ambac's Requests*.**

11. On June 17, 2021, Ambac requested an update from the Board regarding any efforts by it and its advisors to update the portion of the May 2021 Disclosure Statement concerning the Board's cash restriction analysis. Ambac also requested, to the extent an updated or subsequent iteration of the cash restriction analysis is available, that the Board: (i) produce that analysis; (ii) produce back-up materials related thereto, including (without limitation) factual source materials and raw data underlying the analysis; (iii) that such back-up materials be categorized by account when produced, consistent with the categorization done in connection with the factual source materials and raw data underlying previous iterations of the cash restriction analysis; and

(iv) produce Calculation Back-Up[9] documents related to that analysis. Ambac believes that the Parties should discuss these requests during the next meet-and-confer and provide an update to the Court regarding these requests in the next joint status report.

12. As noted in previous joint status reports, Ambac propounded requests on May 4, 2021 regarding, *inter alia*, any transfer of surplus funds from Commonwealth public corporations, agencies, and instrumentalities to the Commonwealth pursuant to Chapter 4 of Act 26-2017. On June 16, 2021, the Court entered its *Memorandum of Decision and Order on Urgent Motion of Ambac Assurance Corporation and Financial Guaranty Insurance Company to Compel Discovery from the Government Parties in Connection with the Disclosure Statement* (ECF No. 17058), which resolved Ambac and the Financial Guaranty Insurance Company's ("FGIC") motion to compel discovery in connection with the Board's motion for approval of the May 2021 Disclosure Statement. Therein, the Court ordered the Board to produce by June 23, 2021 the documents it has agreed to produce in response to Ambac's request for production of these materials in connection with the May 2021 Disclosure Statement. (*Id.* at 12.) In AAFAF's June 17 Letter, AAFAF identified for Ambac the transfer that took place under Act 26-2017 and directed Ambac to the bates numbers where the resolution directing the transfer and the bank account statements reflecting the transfer had already been produced to Ambac.

13. As noted in the June 4 Joint Status Report, on May 18, 2021, Ambac requested that, pursuant to the New Cash Rule 2004 Motion Order, the Board identify previously produced factual source materials and raw data underlying the Duff & Phelps Report related to the "10 critical accounts" identified by Ambac in connection with briefing on the New Cash Rule 2004 Motion.

---

[9] "Calculation Back-Up" means back-up materials containing, among other things, calculations made to create the cash restriction analysis, including Microsoft Excel or other dynamic versions of summary charts and tables contained in the analysis showing the mathematical tabulations and calculations that were performed to generate the summary charts and tables presented therein.

- 5 -

During the Parties' May 24, 2021 telephonic meet-and-confer, the Board advised that it would take Ambac's request under advisement. Ambac followed up on this request via its June 17 Letter.

### 2. *Summary of Requests as to Which the Parties Previously Reached an Impasse.*

14. As noted in previous joint status reports, Ambac and the Board previously reached an impasse regarding Ambac's requests that: (i) the Board produce notations and/or notes that the Board's advisors had applied to certain factual source materials and raw data underlying the Duff & Phelps Report, the October 2019 Presentations, and the December 2020 Presentation; (ii) the Board review the documents it has produced to Ambac and identify from those materials documents underlying the Duff & Phelps Report that relate to nine categories of bank accounts previously identified by Ambac that, per the February 2020 Amended Disclosure Statement and/or the December 2020 Presentation, purportedly contain restricted monies; (iii) the Board produce documents regarding any previous, ongoing, completed, or contemplated efforts to obtain external financing for the PREPA/LUMA transaction discussed in the December 2020 Presentation, the March 2021 Disclosure Statement, and the May 2021 Disclosure Statement; (iv) the Board produce documents relating to monies classified as "potentially inaccessible[,]" "potentially unavailable[,]" or "unreviewed[;]" (v) the Board produce documents relating to COVID-19 and disaster-related expenses incurred by the Commonwealth that could potentially be reimbursed using federal funds; and (vi) the Board produce documents relating to the Commonwealth's $750 million disaster aid revolver.

15. The Parties' positions with regard to the foregoing requests remain unchanged since the filing of the June 4 Joint Status Report, and Ambac continues to reserve all rights to seek judicial intervention to compel discovery with respect to the foregoing issues.

### III. PROPOSED NEXT STEPS

16. Ambac proposes to submit a further status report to the Court no later than July 9, 2021. For the reasons set forth in the joint status report dated April 16, 2021 (ECF No. 16456), the Board continues to believe further or additional Rule 2004 discovery with a limited subset of the Commonwealth's creditors is not appropriate, and that further discovery should be conducted in accordance with a plan confirmation schedule and in coordination with all parties-in-interest. Indeed, the Board proposed a schedule for confirmation discovery in its May 13, 2021 *Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (ECF No. 16757), and the Court will consider that schedule at the July 13, 2021 hearing. For the reasons set forth in the joint status report dated April 16, 2021 (ECF No. 16456), and consistent with the Court's New Assets Rule 2004 Motion Order and New Cash Rule 2004 Motion Order, Ambac disagrees with the Board's position and believes the Parties should be making every effort to further these proceedings as much as possible, and there is nothing to be gained by halting Rule 2004 discovery only so that similar discovery can recommence in a different form months down the line when the Parties are jammed on confirmation-related issues. Indeed, it is not at all clear when confirmation discovery will begin, and Ambac and FGIC have objected to the Board's proposed confirmation schedule and procedures. (*Objection of Ambac Assurance Corporation and Financial Guaranty Insurance Company to the Board's Disclosure Statement Approval Motion and Confirmation Procedures Motion* (ECF No. 16998).)

| | |
|---|---|
| Dated: June 18, 2021<br>San Juan, Puerto Rico | **FERRAIUOLI LLC**<br><br>By: /s/ *Roberto Cámara-Fuertes*<br>Roberto Cámara-Fuertes (USDC-PR No. 219002)<br>Sonia Colón (USDC-PR No. 213809)<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917<br>Telephone: (787) 766-7000<br>Facsimile: (787) 766-7001<br>Email: rcamara@ferraiuoli.com<br>         scolon@ferraiuoli.com<br><br>**MILBANK LLP**<br><br>By: /s/ *Atara Miller*<br>Dennis F. Dunne (admitted *pro hac vice*)<br>Atara Miller (admitted *pro hac vice*)<br>Grant R. Mainland (admitted *pro hac vice*)<br>John J. Hughes, III (admitted *pro hac vice*)<br>Jonathan Ohring (admitted *pro hac vice*)<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>Email: ddunne@milbank.com<br>         amiller@milbank.com<br>         gmainland@milbank.com<br>         jhughes2@milbank.com<br>         johring@milbank.com<br><br>***Attorneys for Ambac Assurance Corporation*** |

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **O'MELVENY & MYERS LLP** |
| By: /s/ *Martin J. Bienenstock*<br>    Martin J. Bienenstock<br>    Margaret A. Dale<br>    Michael T. Mervis<br>    Julia D. Alonzo<br>    Laura Stafford<br>    (Admitted *Pro Hac Vice*)<br>    Eleven Times Square<br>    New York, NY 10036<br>    Tel: (212) 969-3000<br>    Fax: (212) 969-2900 | By: /s/ *Peter Friedman*<br>    John J. Rapisardi<br>    Times Square<br>    New York, NY 10036<br>    Tel: (212) 326-2000<br>    Fax: (212) 326-2061<br>    Email: jrapisardi@omm.com<br><br>    -and-<br><br>    Peter Friedman<br>    1625 Eye Street, NW<br>    Washington, DC 20006<br>    Tel: (202) 383-5300<br>    Fax: (202) 383-5414<br>    Email: pfriedman@omm.com |
| **O'NEILL & BORGES LLC** | |
| By: /s/ *Hermann D. Bauer*<br>    Hermann D. Bauer (USDC No. 215205)<br>    250 Muñoz Rivera Ave., Suite 800<br>    San Juan, PR 00918-1813<br>    Tel: (787) 764-8181<br>    Fax: (787) 753-8944 | -and-<br><br>    Elizabeth L. McKeen<br>    Ashley M. Pavel<br>    610 Newport Center Drive<br>    17th Floor<br>    Newport Beach, California 92660<br>    Tel: (949) 823-6900<br>    Fax: (949) 823-6994<br>    Email: emckeen@omm.com<br>          apavel@omm.com |
| ***Attorneys for the Financial Oversight and Management Board as representative of the Commonwealth*** | |
| | **MARINI PIETRANTONI MUÑIZ LLC** |
| | By: /s/ *Luis C. Marini-Biaggi*<br>    Luis C. Marini-Biaggi<br>    USDC No. 222301<br>    Email: lmarini@mpmlawpr.com<br>    Carolina Velaz-Rivero<br>    USDC No. 300913<br>    250 Ponce de León Ave.<br>    Suite 900<br>    San Juan, Puerto Rico 00918<br>    Tel: (787) 705-2173<br>    Fax: (787) 936-7494<br>    lmarini@mpmlawpr.com<br>    cvelaz@mpmlawpr.com |

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

- 10 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com