# **EXHIBIT A**

# Milbank

**JONATHAN OHRING**
*Associate*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5147
JOhring@milbank.com | milbank.com

June 17, 2021

**VIA EMAIL**

| | |
|---|---|
| Margaret A. Dale, Esq. | Elizabeth L. McKeen, Esq. |
| Julia D. Alonzo, Esq. | Ashley Pavel, Esq. |
| Laura Stafford, Esq. | O'Melveny & Myers LLP |
| Proskauer Rose LLP | 610 Newport Center Drive, 17th Floor |
| Eleven Times Square | Newport Beach, CA 92660 |
| New York, NY 10036 | |

      Re:      <u>Commonwealth Assets & Cash Rule 2004 Requests</u>

Counsel:

      I write on behalf of Ambac[1] in connection with its Assets and Cash Rule 2004 Requests, and as a follow-up to the Parties' May 24, 2021 telephonic meet-and-confer (the "<u>May 24 Meet-and-Confer</u>").

<u>Assets Rule 2004 Requests</u>

      *(1) Category No. 1: Assets (current and transferred/encumbered)*

- *Documents sufficient to show, from January 1, 2015 to the present, the alienation or encumbrance of any assets held by the Commonwealth or its instrumentalities.*
- *A list of the Commonwealth's current assets.*

      *Ad Valorem Taxes / Tax Arrears.* During the Parties' May 10, 2021 telephonic meet-and-confer, Ambac asked AAFAF if it was willing to provide a statement regarding the status of its and CRIM's ongoing efforts to retain a third party to value and sell CRIM's accounts receivable portfolio. AAFAF agreed to consider Ambac's request, and advised in its letter to Ambac, dated June 4, 2021, that it is in the process of conferring with CRIM regarding Ambac's request. Ambac requests an update regarding this request.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's May 25, 2021 Order* (ECF No. 16890) (the "<u>June 4 Joint Status Report</u>").

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Margaret A. Dale, Julia D. Alonzo, Laura Stafford, Elizabeth L. McKeen, Ashley Pavel
June 17, 2021

Cash Rule 2004 Requests

> ***(1) Category Nos. 1 and 2: Presentation and Investigation Documents***
>
> - *All documents relied upon in connection with the "Summary of Cash Restriction Analysis" presentation, dated October 2, 2019 and the "Bank Account Analysis: Status Update – June 30, 2019 Balances" presentation, dated as of October 2, 2019, including documents sufficient to identify the processes and assumptions underlying the Cash Restriction Analysis and any iterative changes in the analysis over time.*
> - *All documents relied upon in connection with Duff & Phelps' and/or Ernst & Young's investigation into the cash at government and fiscal plan entities, certain other Title III debtors, and UPR, including but not limited to instructions provided to Duff & Phelps and/or Ernst & Young regarding categorization and restrictions.*

***New Cash Rule 2004 Motion Order.*** In its letter to the Government Parties dated May 18, 2021, Ambac requested that the Board identify the factual source materials and raw data underlying the Duff & Phelps Report related to the following accounts: BONY -6334; BPPR -2882; BPPR -2306; BPPR -6545; FirstBank -3961; FirstBank -2984; Scotiabank -5138; Scotiabank -5142; Scotiabank -5144; and US Bank -0002. Ambac also requested that, to the extent any of these accounts did not exist at the time the Duff & Phelps Report was prepared, the Board identify any such account. During the May 24 Meet-and-Confer, the Board agreed to take Ambac's request under advisement. Ambac requests an update regarding the Board's position.

***May 2021 Disclosure Statement.***[2] Ambac requests an update regarding any efforts by the Board or its advisors to update the portion of the May 2021 Disclosure Statement concerning the Board's cash restriction analysis. To the extent an updated or subsequent iteration of the cash restriction analysis is available, Ambac requests: (i) production of the analysis; (ii) production of back-up materials related thereto, including (without limitation) factual source materials and raw data underlying the analysis; (iii) that such back-up materials be categorized by account when produced, consistent with the categorization done in connection with the factual source materials and raw data underlying previous iterations of the cash restriction analysis; and (iv) production of Calculation Back-Up documents related to the analysis.

***Act 26-2017 Surplus Transfers.*** During the May 24 Meet-and-Confer, the Government Parties agreed to investigate whether documents responsive to Ambac's request regarding any transfer of surplus funds from any Commonwealth public corporation, agency, or instrumentality to the Commonwealth pursuant to Chapter 4 of Act 26-2017, as well as documents and communications relating or responding to any requests by the Act 26-2017 Committee[3] for transfers pursuant to Chapter 4 of Act 26-2017, whether or not such transfers were effected, are available. The Government Parties also noted that, if they determine that documents responsive

---

[2] "May 2021 Disclosure Statement" means the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 16741).

[3] "Act 26-2017 Committee" means the committee established pursuant to Act 26-2017 that is composed of the Executive Director of AAFAF, the Secretary of the Treasury, and the Executive Director of the Puerto Rico Office of Management and Budget.

Margaret A. Dale, Julia D. Alonzo, Laura Stafford, Elizabeth L. McKeen, Ashley Pavel
June 17, 2021

to Ambac's request are available, the Government Parties would make those documents available through the document depository the Board established in connection with disclosure statement discovery. On June 16, 2021, the Court ordered the Board to produce the documents it has agreed to produce in response to this request by June 23, 2021.[4] Ambac requests an update in connection with this request.

Additionally, in its June 4, 2021 letter to Ambac, AAFAF stated that, while it is working to identify transfers of surplus funds pursuant to Chapter 4 of Act 26-2017, it objects to Ambac's request for documents and communications relating or responding to any requests by the Act 26-2017 Committee for transfers of such funds as speculative and beyond the scope of Rule 2004 discovery. Ambac disagrees with AAFAF's position and reserves all rights to seek judicial intervention to compel discovery in connection with this request.

Very truly yours,

/s/ *Jonathan Ohring*
Jonathan Ohring

cc: Atara Miller
Grant R. Mainland
John J. Hughes, III
Martin A. Sosland
Nicholas A. Bassett
John E. Mudd
Geoffrey S. Stewart

---

[4] (*Memorandum of Decision and Order on Urgent Motion of Ambac Assurance Corporation and Financial Guaranty Insurance Company to Compel Discovery from the Government Parties in Connection with the Disclosure Statement* (ECF No. 17058), at 12.)