# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THREE HUNDRED FIFTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO PARTIAL DUPLICATE LITIGATION CLAIMS**

        I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

        1.    I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' (as defined below) cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth and HTA, the "Debtors").

3. I submit this declaration in support of the *Three Hundred Fifty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Partial Duplicate Litigation Claims* (the "Three Hundred Fifty-First Omnibus Objection").[2] I have personally reviewed the Three Hundred Fifty-First Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Three Hundred Fifty-First Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Three Hundred Fifty-First

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Three Hundred Fifty-First Omnibus Objection.

Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be partially disallowed, as identified in Exhibit A to the Three Hundred Fifty-First Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Three Hundred Fifty-First Omnibus Objection in the column titled "Claims to Be Partially Disallowed" (each a "Claim to Be Partially Disallowed," and collectively, the "Claims to Be Partially Disallowed") assert the same liabilities, in part, as those asserted in: (1) the master claims filed on behalf of all plaintiffs in the litigation captioned *Jeannete Abrams Diaz et al. v. Department of Transportation & Public Works*, No. KAC2005-5021 (the "Abrams Diaz Master Claims"); (2) the master claims filed on behalf of all plaintiffs in the litigation captioned *Delfina Lopez Rosario et al. v. Puerto Rico Police Department*, No. T-01-10-372 (the "Lopez Rosario Master Claims"); (3) the master claim filed on behalf of all plaintiffs in the litigation captioned *Acevedo Arocho et al. v. Puerto Rico Department of Treasury*, No. KAC2005-5022 (the "Acevedo Arocho Master Claims"); (4) the master claim filed on behalf of all plaintiffs in the litigation captioned *Madeline Acevedo Camacho et al. v. Puerto Rico Department of Family Affairs*, No. 2016-05-1340 (the "Acevedo Camacho Master Claim"); (5) the master claim filed on behalf of all plaintiffs in the litigation captioned *Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs*, No. KAC2009-0809 (the "Beltrán Cintrón Master Claim"); (6) the master claim filed on behalf of all plaintiffs in the litigation captioned *Abraham Gimenez et al. v. Puerto Rico Department of Transportation & Public Works*, No. KAC2013-1019 (the "Abraham Gimenez Master Claim"); (7) the master claim filed on behalf of all plaintiffs in the litigation captioned *Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works*, No. KAC1990-0487 (the "Pérez Colón Master Claim"); (8) the master claim filed on behalf of all

plaintiffs in the litigation captioned *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, No. KAC2007-4170 (the "FUPO Master Claim"); (9) the master claim filed on behalf of all plaintiffs in the litigation captioned *Alfredo Maldonado Colón et al. v. Puerto Rico Department of Corrections & Rehabilitation*, No. KAC96-1381 (the "Maldonado Colón Master Claim"); or (10) the master claim filed on behalf of all plaintiffs in the litigation captioned *Rosa Lydia Velez v. Puerto Rico Department of Education*, KPE1980-1738, who have agreed to be represented by José E. Torres Valentín ("Torres Valentín") of Torres Valentín Estudio Legal, LLC (the "Velez Master Claim"), (collectively, the "Litigation Master Claims").

6.  Each of the Claims to Be Partially Disallowed was filed by one of the individual plaintiffs in the litigations asserted by the Litigation Master Claims, as identified in the supporting documentation provided with the Litigation Master Claims. Each of the Claims to Be Partially Disallowed also purports to assert additional liabilities not associated with the Litigation Master Claims, such as additional bases for back pay that are not subsumed within the Litigation Master Claims.

7.  Because the Claims to Be Partially Disallowed are partially duplicative of the Litigation Master Claims, the Debtor requests that the claims be partially disallowed to prevent multiple recoveries. The holders of the Claims to Be Partially Disallowed will not be prejudiced by the partial disallowance of their claims, because the liabilities associated with each of the Claims to Be Partially Disallowed are subsumed within the liabilities asserted by the relevant Litigation Master Claim(s), as set forth in **Exhibit A** hereto. In addition, the holders of the Claims to Be Partially Disallowed will also not be prejudiced as to the remaining amounts allegedly owed because they will each retain a Remaining Claim against the Debtors in respect of such amounts.

8. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Three Hundred Fifty-First Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtor and its creditors.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 18, 2021

By:   /s/ Jay Herriman
      Jay Herriman

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>   como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br>                                   Deudores.[1] | PROMESA <br> Título III <br><br> Núm. 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA, la ACT y el SRE.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA TRICENTÉSIMA QUINCUAGÉSIMA PRIMERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES PARCIALMENTE DUPLICADAS POR LITIGIOS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Núm. 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Núm. 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Núm. 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Núm. 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Núm. 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Núm. 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático)

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi fiel saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores (según se define abajo) radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA y la ACT, los "Deudores").

3. Realizo esta declaración en apoyo de la *Tricentésima quincuagésima primera objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Parcialmente Duplicadas*

2

*por Litigios* (la "Tricentésima quincuagésima primera objeción global").[2] He revisado personalmente la Tricentésima quincuagésima primera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Tricentésima quincuagésima primera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Tricentésima quincuagésima primera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas parcialmente, según se identifica en el Anexo A de la Tricentésima quincuagésima primera objeción global.

5. A mi fiel saber y entender, las reclamaciones identificadas en el Anexo A de la Tricentésima quincuagésima primera objeción global en la columna titulada "Reclamaciones que han de ser rechazadas parcialmente" (cada una denominada una "Reclamación que ha de ser rechazada parcialmente" y conjuntamente, las "Reclamaciones que han de ser rechazadas parcialmente") alegan las mismas responsabilidades, en parte, que aquellas que se alegan en: 1) las reclamaciones principales radicadas en nombre de todos los demandantes en el litigio con epígrafe *Jeannete Abrams Diaz et al. c. el Departamento de Transportación y Obras Públicas,* núm. KAC2005-5021 (las "Reclamaciones Principales Abrams Diaz"); 2) las reclamaciones principales radicadas en nombre de todos los demandantes en el litigio con epígrafe *Delfina López Rosario et al. c. el Departamento de Policía de Puerto Rico,* núm. T-01-10-372 (las "Reclamaciones Principales López Rosario"); 3) la reclamación principal radicada en nombre de

---

[2] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Tricentésima quincuagésima primera objeción global.

3

todos los demandantes en el litigio con epígrafe *Acevedo Arocho et al. c. el Departamento de Hacienda de Puerto Rico,* núm. KAC2005-5022 (las "Reclamaciones Principales Acevedo Arocho"); 4) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Madeline Acevedo Camacho et al. c. el Departamento de la Familia de Puerto Rico,* núm. 2016-05-1340 (la "Reclamación Principal Acevedo Camacho"); 5) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Francisco Beltrán Cintrón et al. c. el Departamento de la Familia de Puerto Rico,* núm. KAC2009-0809 (la "Reclamación Principal Beltrán Cintrón"); 6) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Abraham Giménez et al. c. el Departamento de Transportación y Obras Públicas de Puerto Rico,* núm. KAC2013-1019 (la "Reclamación Principal Abraham Giménez"); 7) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Juan Pérez Colón et al. c. el Departamento de Transportación y Obras Públicas de Puerto Rico,* núm. KAC1990-0487 (la "Reclamación Principal Pérez Colón"); 8) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Frente Unido de Policías Organizados et al. c. el Departamento de Policía de Puerto Rico,* núm. KAC2007-4170 (la "Reclamación Principal FUPO"); 9) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Alfredo Maldonado Colón et al. c. el Departamento de Corrección y Rehabilitación de Puerto Rico,* núm. KAC96-1381 (la "Reclamación Principal Maldonado Colón"); o 10) la reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Rosa Lydia Velez c. el Departamento de Educación de Puerto Rico*, KPE1980-1738, quienes han aceptado ser representados por José E. Torres Valentín ("Torres Valentín") de Torres Valentín Estudio Legal,

LLC (la "Reclamación Principal Velez") (conjuntamente, las "Reclamaciones Principales de Litigios").

6. Cada una de las Reclamaciones que han de ser rechazadas parcialmente fue radicada por uno de los demandantes individuales en los litigios planteados por las Reclamaciones Principales de Litigios, según se identifica en la documentación justificativa proporcionada con las Reclamaciones Principales de Litigios. Cada una de las Reclamaciones que han de ser rechazadas parcialmente también pretende alegar responsabilidades adicionales no asociadas con las Reclamaciones Principales de Litigios, tales como bases adicionales para pagos de salarios atrasados que no están incluidas en las Reclamaciones Principales de Litigios.

7. Dado que las Reclamaciones que han de ser rechazadas parcialmente están duplicadas parcialmente con respecto a las Reclamaciones Principales de Litigios, los Deudores solicitan que las reclamaciones sean rechazadas parcialmente para evitar recuperaciones múltiples. Los titulares de las Reclamaciones que han de ser rechazadas parcialmente no se verán perjudicados por el hecho de que se rechacen parcialmente sus reclamaciones, puesto que las responsabilidades vinculadas con cada una de las Reclamaciones que han de ser rechazadas parcialmente se incluyen en las responsabilidades alegadas en la(s) Reclamación(es) Principal(es) de Litigios pertinente(s), según se establece en el **Anexo A** del presente documento. Además, los titulares de las Reclamaciones que han de ser rechazadas parcialmente tampoco se verán perjudicados en cuanto a los montos restantes supuestamente adeudados, ya que cada uno de ellos conservará una Reclamación Restante contra los Deudores en relación con tales montos.

8. Sobre la base de lo que antecede, y a mi fiel saber y entender, la información contenida en la Tricentésima quincuagésima primera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y sus acreedores.

5

6

9. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi fiel saber y entender.

Fecha: 18 de junio de 2021

Por: [*Firma en la versión en inglés*]
Jay Herriman