# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>　　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**URGENT MOTION OF AMBAC ASSURANCE CORPORATION FOR LEAVE TO FILE SUPPLEMENTAL OBJECTION TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED TITLE III JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH OF PUERTO RICO, *ET AL.*__**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

Ambac Assurance Corporation ("Ambac") respectfully submits this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A**, granting Ambac leave to file a supplemental objection (the "Supplemental Objection") to the *Disclosure Statement for the Third Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 16741) ("Disclosure Statement" or "DS").[2] In support of its Urgent Motion, Ambac respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject-matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA. Venue is proper pursuant to Section 307(a) of PROMESA.

## BACKGROUND

2. On May 11, 2021, the Board filed the Disclosure Statement and the Plan.

3. On June 3, 2021, Ambac filed the *Objection of Ambac Assurance Corporation, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claim Asserted by the Official Committee of Retired Employees of the Commonwealth of Puerto Rico Appointed in the Commonwealth's Title III Case* (ECF No. 16884) (the "Pension Claim Objection"). The Pension Claim Objection (1) challenges the amount of the claim filed by the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee") against the Commonwealth (the "Retiree Committee Claim"), which asserts pension liabilities of at least $58.5 billion; and (2) seeks disallowance of the Retiree Committee Claim to the extent the Commonwealth's overall pension liability is overstated. On June 14, 2021, the Court ordered that

---

[2] Unless otherwise specified, ECF numbers refer to filings in No. 17-bk-03283-LTS. Capitalized terms not otherwise defined herein shall have the meanings given in the Disclosure Statement.

responses to Ambac's proposed briefing schedule for the Pension Claim Objection be filed by June 17, 2021 (ECF No. 16965) (the "Scheduling Order").

4. On June 15, 2021, per the operative schedule governing Disclosure Statement proceedings, Ambac filed an objection to the Disclosure Statement (ECF No. 17008) (the "DS Objection"), arguing that the Disclosure Statement should not be approved because, *inter alia*, it presented a patently unconfirmable plan and contained a number of deficiencies in necessary disclosures. Among the deficiencies Ambac identified is the failure to disclose the likely overstatement of the pension liability figure used in the Disclosure Statement and Fiscal Plan, as well as the lack of disclosures regarding the unreliability of the data on which the pension liability estimate relies.

5. On June 17, 2021, the Board filed a response to the Scheduling Order indicating its intent to move to terminate the Pension Claim Objection. (*See* ECF No. 17069 (the "Board Response")).

## BASIS FOR RELIEF REQUESTED

6. The Board Response makes three novel assertions regarding the Board's "contemplated treatment of pension claims" that are discernible nowhere in either the Disclosure Statement or Plan. Specifically, the Board Response (¶ 3) states that:

- the Board's "contemplated treatment of pension claims already takes into account the $8.2 billion reduction in claims" that Ambac argued should be reflected in the Commonwealth's pension liability estimate (*see* Pension Claim Objection ¶¶ 37, 41; DS Objection ¶¶ 114-115);

- the Board's "contemplated treatment of pension claims . . . is independent of the discount rate used to compute a present value of future pension payments," which discount rate Ambac has taken issue with (*see* Pension Claim Objection ¶¶ 51-57; DS Objection ¶ 118 n.83); and

- "the treatment of pension claims under the [Plan] is not based on the Retiree Committee Claim."

- 2 -

7. This information regarding the amount, method of calculation, and basis for the pension claims and the treatment thereof in the Plan is presented for the first time to creditors only *after* the deadline by which creditors were required to submit objections to the Disclosure Statement, and in procedural briefing on a separate matter rather than in a fulsome creditor disclosure.

8. The cavalier manner in which the Board makes these statements might suggest that this information is easily obtainable, or that it may readily be determined from materials already provided to creditors. But this is not the case. In fact, the Disclosure Statement leads creditors to understand something quite different than what the Board Response alleges. Far from "already tak[ing] into account the $8.2 billion reduction in [pension liability] claims" (Board Response ¶ 3) that Ambac has identified in the Pension Claim Objection and the DS Objection, the Disclosure Statement states that the Commonwealth's pension liabilities are "***over $50 billion***." (DS at 8, 10.)[3] This makes it unlikely that Board has "already" reduced its pension liability estimate—quoted at approximately $55 billion in various places throughout the Disclosure Statement[4]—by over $8 billion. (Board Response ¶ 3.) At the very least, this highlights just how little clarity the Board has provided creditors regarding the actual size of the Commonwealth's estimated pension liability.[5]

---

[3] (*See also id.* Ex. G (Certified Fiscal Plan) at 22 (disclosing "over $50 billion in pension liabilities"), 273 (providing a summary of actuarial accrued liability for ERS ($36.43 billion), TRS ($18.17 billion), and JRS ($0.65 billion)).)

[4] (*See* DS at 3, 152 (the Commonwealth had "approximately $55.6 billion" in "net" or "estimated" pension liability as of mid-2016).)

[5] Ambac's understanding is that the difference between the pension liability amount cited in the Board's disclosures ($55.6 billion) and the Retiree Committee Claim ($58.5 billion) appears to be a result of the Retiree Committee's use of a different discount rate. (*See* Pension Claim Objection at 18.)

9. Ambac respectfully requests leave to file a Supplemental Objection to address deficiencies in the Disclosure Statement that are only now apparent from the revelations in the Board Response. The Supplemental Objection will argue that the Disclosure Statement should not be approved without amendments that (a) state clearly the amount of the pension liability claim being allowed under the Plan; (b) clarify whether the Retiree Committee Claim is being allowed or disallowed, and if allowed, in what amount; and (c) identify the bases on which, and methodology by which, the allowed pension liability amount was determined and calculated, including what discount rate was used (and how that determination was made), and from which data, reports, and analyses the allowed amount was derived.

## COMPLIANCE WITH AMENDED CASE MANAGEMENT ORDER

10. In accordance with Paragraph I.H of the *Fourteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 15894-1] (the "Amended Case Management Order"), on June 21, 2021, Ambac informed counsel for the Board of its intent to seek leave to file a Supplemental Objection, which Supplemental Objection shall be no more than five (5) pages in length and submitted by 5:00 p.m. AST on June 25, 2021.

11. As of the time of this filing, the Board has not yet advised whether it consents to the relief requested herein.

12. Pursuant to Paragraph 1.H of the Amended Case Management Order, the undersigned counsel hereby certify that they have (a) carefully examined the matter and concluded that there is a true need for an urgent decision; (b) not created the urgency through any lack of due diligence; and (c) made reasonable, good-faith communications in an effort to resolve or narrow the issues before the Court.

## **CONCLUSION**

WHEREFORE, Ambac respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting Ambac such other relief as the Court deems just and proper.

Dated: June 21, 2021
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
          amiller@milbank.com
          gmainland@milbank.com
          jhughes2@milbank.com
          johring@milbank.com

*Attorneys for Ambac Assurance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com