# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et. al.,*<br><br>Defendants. | Adv. Proc. No. 20-0003-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>     Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et. al.,*<br><br>     Defendants. | Adv. Proc. No. 20-0004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>     Plaintiff,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, *et al.*,<br><br>     Defendants. | Adv. Proc. No. 20-0005-LTS |

## **ORDER**

Upon consideration of the *Joint Informative Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, The Bank of New York Mellon, U.S. Bank Trust National Association, and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, Pursuant to the Court's Order Dated January 20, 2021* (the "Motion")[2], the relevant portions of the docket, and being otherwise

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

2

fully advised in the matter; and the Court having jurisdiction over this matter under 28 U.S.C. § 1331 and PROMESA § 306(a), 48 U.S.C. § 2166(a); and venue being proper under 28 U.S.C. § 1391(b) and PROMESA § 307(a), 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, the Court hereby ORDERS that:

1. The Motion is GRANTED as set forth herein;

2. Defendants' supplemental briefs opposing the Board's summary judgment motions and amended counter-statements of undisputed material fact and statements of additional material facts must be filed no later than **July 16, 2021;**

3. The Board's responses to Defendants' submissions, including responses to any amended counter-statements of undisputed material fact and statements of additional material facts, must be filed no later than **August 13, 2021;**

4. The Defendants' supplemental briefs and the Board's supplemental briefs shall not exceed 55 pages per side in the HTA Adversary Proceeding, 35 pages per side in the PRIFA Adversary Proceeding, and 25 pages per side in the CCDA Adversary Proceeding. Defendants and the Board shall endeavor to file single consolidated briefs in each Adversary Proceeding. Any substantive separate brief filed by any Defendant will count against Defendants' page limits, and any substantive separate brief filed by AAFAF or the UCC will count against the Board's page limits. Joinders filed by any party that merely specify which paragraphs of a

principal brief that party adopts shall not count against page limits. These page limits shall cover only memoranda of law, not declarations or exhibits. Any declarations filed pursuant to Federal Rule of Civil Procedure 56(d) will be limited to factual contentions, not pure legal argument which shall be addressed in the memoranda of law;

5. Consistent with the intervention order in the HTA Adversary Proceeding (*See Order*, Adv. Proc. 20-00005-LTS (ECF No. 41) at 6-7), the DRA Parties shall file a separate brief in that proceeding of up to 7 pages by no later than **July 30, 2021**. The DRA Parties reserve the right to seek additional pages and also reserve the right to seek leave to respond to the Board's supplemental brief. The Parties likewise reserve the right to oppose such requests;

6. The Court will hold a hearing on the Parties' supplemental summary judgment submissions beginning at **9:30am (Atlantic Standard Time) on September 15, 2021.** A procedures order will follow.

This Order resolves Dkt. No. 17110 in 17-BK-3283, Dkt. No. 202 in 20-AP-00003, Dkt. No. 190 in 20-AP-00004, and Dkt. No. 215 in 20-AP-00005.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: June 22, 2021

4