# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 16942** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

## RESPONSE OF THE COMMONWEALTH OF PUERTO RICO TO MOTION FOR RELIEF FROM STAY UNDER 362(e) FILED BY OBE E. JOHNSON

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") respectfully submits this response (the "Response") to the *Motion for Relief From Stay Under 362(e)* [ECF No. 16942] (the "Third Lift Stay Motion") filed by Obe E. Johnson, *pro se* ("Movant"), the plaintiff in the cases captioned *Johnson v. Morel et al.,* Case No. 19-1534 (the "Appeal"), pending before the United States Court of Appeals for the First Circuit (the "First Circuit") on appeal from Case No. 09-1172 (the "First Habeas Corpus Action") before the United States District Court for the District of Puerto Rico (the "District Court"), and *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (the "Prepetition Damages Action"), before the District Court.[2]

## BACKGROUND

### The First Habeas Corpus Petition

1. On February 20, 2009, Movant filed an application of habeas corpus under 28 U.S.C. § 2254 with the District Court, claiming that "his sentence was unlawful and that the evidence was insufficient and that three consecutive terms totaling thirty-five (35) years in prison was unjust." Opinion and Order, *Johnson v. Morel*, Case No. 09-1172 (D.P.R. entered Jun. 24, 2009), ECF No. 9. The District court denied Movant's petition for habeas corpus on June 24, 2009. *Id.*

2. On October 31, 2011, the District Court denied Movant's request to file a successive petition for habeas corpus under 28 U.S.C. § 2254. Judgment, *Johnson v. Morel*, Case No. 09-1172 (D.P.R. filed Nov. 1, 2011), ECF No. 15.[3]

---

[2] The Financial Oversight and Management Board for Puerto Rico, as the Commonwealth's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to file this Response on behalf of the Commonwealth.

[3] Movant also filed a successive petition with the First Circuit, which was denied. Judgment, *Johnson v. The Village of Puerto Rico*, Case No. 16-8052 (1st Cir. entered Aug. 11, 2017).

3. On June 3, 2019, Movant filed an appeal of the District Court's decision denying Movant's petition for habeas corpus in the First Habeas Corpus Action, which remains pending before the First Circuit. *Johnson v. Morel, et al.*, Case No. 19-1534 (1st Cir. filed Jun. 3, 2019).

**The Prepetition Damages Action**

4. On November 18, 2014, Movant commenced an action captioned *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. Nov. 18, 2014),[4] alleging that he had lost his company because he was wrongfully convicted of several crimes in the Puerto Rico court, and was sentenced and imprisoned. Movant seeks monetary compensation for twenty-five million dollars ($25,000,000.00).

5. On July 10, 2015, the Commonwealth filed its *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6)*. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed July 10, 2015), ECF No. 19.

6. On October 23, 2015, the District Court dismissed, with prejudice, the Prepetition Damages Action, holding that Movant failed to state a claim on which relief may be granted because he cannot show that his conviction has been invalidated. *Id.*, ECF Nos. 28 & 29.

7. On January 11, 2016, the District Court denied Movant's *Motion Requesting Order*, to the extent that Movant seeks reconsideration of the District Court's decision dismissing, with prejudice, all of Movant's claims in the Prepetition Damages Action. *Id.*, ECF No. 32. No appeal of the District Court's decision was filed.

---

[4] Movant filed his complaint in the U.S. District Court for the Eastern District of Pennsylvania, which was transferred to the District Court on November 21, 2014. *Johnson v. Porrate-Doria, et al.*, Case No. 14-1841 (D.P.R. filed Nov. 21, 2014), ECF No. 6.

3

**The Second Habeas Corpus Action**

8. On May 8, 2020, Movant filed an application of habeas corpus under 28 U.S.C. § 2254 with the District Court, claiming that his sentence was incorrectly calculated and had already expired in the case captioned *Johnson v. Ocasio-Montañez et al*, (3:20-cv-01222-JAG) (the "Second Habeas Corpus Action"). ECF No. 3.

9. On October 13, 2020, Movant filed a *Motion Requesting Relief* before the District Court, in the Second Habeas Corpus Action, seeking relief from the automatic stay under PROMESA and requesting to "be compensated for time illegally spent incarcerated also for a wrongful conviction". ECF No. 11.

10. On October 20, 2020, Movant filed a *Motion to Lift Stay* before the District Court, in the Second Habeas Corpus Action, seeking again "to be excluded from the PROMESA Law" and to be awarded millions in damages. ECF No. 13.

11. On May 19, 2021, the District Court denied Movant's *Motion Requesting Relief [ECF No. 11]*, holding that "[a]ny request to lift or vacate the PROMESA stay must be filed in the bankruptcy court in Bankruptcy Case No. 17-bk-03283 (LTS)." ECF No. 16.

12. On June 4, 2021, the District Court found as moot, among other things, Movant's Motion to Lift Stay filed On October 20, 2020 [ECF No. 13]. ECF No. 18.

**The Lift Stay Motions**

13. On June 11, 2021, Movant filed the Third Lift Stay Motion in which he once again alleges to be illegally incarcerated and appears to be seeking relief on appeal before the First Circuit through a writ of habeas corpus. The Commonwealth interprets the Third Lift Stay Motion to be a request for relief from the automatic stay under Bankruptcy Code section 362(a), made applicable to the Commonwealth's Title III case by PROMESA section 301(a) (the "Title III

4

Stay") in connection with the First Habeas Corpus Action and the Prepetition Damages Action. [ECF No. 16942].

14. However, this is not the first time Movant seeks such relief from this Court. On April 7, 2020, Movant filed the *Motion to Be Exclude from Law PROMESA* (the "First Lift Stay Motion"), also requesting relief from the Title III Stay in the aforemention actions. [ECF No. 12772].

15. On April 29, 2020, the Commonwealth filed its response to the First Lift Stay Motion (the "Response"). [ECF No. 12968]. In its Reponse, the Commonwealth agreed to a limited modification of the Title III Stay with regards to the First Habeas Corpus Action and the Prepetition Damages Action. Response ¶ 11.

16. On June 2, 2020, this Court, consistent with the Commonwealth's proposed modification of the Title III Stay as detailed in its Response, entered an order granting in part and denying in part the First Lift Stay Motion (the "First Lift Stay Order"), modifying the Title III Stay solely to "the extent necessary to allow: (i) the Appeal and the First Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief."[ECF No. 13316].

17. On June 26, 2020, Movant filed a *Motion for Relief from Stay Under 362(e)* ("Second Lift Stay Motion") requesting the same relief granted to him through the First Lift Stay Order. [ECF No. 13510]

18. On July 9, 2020, this Court denied the Second Lift Stay Motion stating that Movant had failed to establish cause "to further modify the automatic stay with respect to the Appeal and the Habeas Corpus Action, or for the Court to alter its ruling in the Memorandum Order with respect the First Damages Action." [ECF No. 13599].

5

## THE COMMONWEALTH'S RESPONSE

### The Appeal and the First Habeas Corpus Action

19. Since the Third Lift Stay Motion requests almost identical remedies to those included in the Second Lift Stay Motion which was already denied by this District Court, the Commonwealth submits that the Third Lift Stay Motion should also be denied as Movant has failed, once again, to establish cause for further modification of the stay as to the Appeal and the First Habeas Corpus Action.

20. Moreover, Movant's request that this Court order his release from custody or prison should also be denied. Third Lift Stay Motion ¶ 4. Movant has failed to provide any legal basis regarding this Court's jurisdiction to provide such remedy and the Commonwealths submits that this Court has no such jurisdiction.

### The Second Habeas Corpus Action

21. Although the Second Habeas Corpus is not specifically addressed by Movant in the Third Lift Stay Motion, a document relating to the Second Habeas Corpus Action was included among the attachments to the Third Lift Stay Motion. To the extent that Movant is requesting remedies regarding a modification of the Title III Stay in connection with the Second Habeas Corpus Action, the Commonwealth consents to a limited modification consistent with the modification previously agreed for the Appeal and First Habeas Corpus Action. Specifically, the Commonwealth consents, in connection with the Second Habeas Corpus, to a limited modification of the the Title III Stay to allow (i) the Second Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Second Habeas Corpus Action, as well as the Appeal and the First Habeas Corpus

6

Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

22. Nothing contained in this Response should be construed as a waiver or modification of the Title III Stay to allow the prosecution against the Commonwealth of any claim by anyone other than Movant as provided for herein, and the Commonwealth reserves all rights, defenses, and protections with respect to any other motions for relief of stay or any other matters pending in the Commonwealth's Title III case.

**WHEREFORE**, the Commonwealth respectfully requests that the Court grant, if so requested, a partial modification of the Title III Stay as to the Second Habeas Corpus Action, as detailed herein, deny the Third Lift Stay Motion in all other respects, and enter the Proposed Order attached hereto as **Exhibit A**.

Dated: June 24, 2021
San Juan, Puerto Rico

Respectfully submitted,

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

**/s/** *Susana I. Peñagarícano-Brown*
**SUSANA I. PEÑAGARICANO BROWN**
USDC No. 219907
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2900 Ext. 1404
spenagaricano@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

# EXHIBIT A

# PROPOSED ORDER

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[5] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 16942**<br><br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>                Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF FROM STAY UNDER 362(E) FILED BY OBE E. JOHNSON

---

[5] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Motion for Relief From the Stay Under 362(e)* (the "Motion")[6] [ECF No. 16942] filed by Obe E. Johnson, *pro se* (the "Movant"), and the *Response of the Commonwealth of Puerto Rico to Motion for Relief From the Stay Under 362(e)* (the "Response") [ECF No. _____] filed by the Commonwealth of Puerto Rico (the "Commonwealth"):

**IT IS HEREBY ORDERED THAT:**

1. The automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a), as made applicable to this case by PROMESA section 301(a) (the "Title III Stay"), is hereby modified solely to the limited extent necessary to allow: (i) the Second Habeas Corpus Action to proceed to final judgment, and (ii) for the execution and enforcement of any judgment solely with respect to Movant's request for equitable relief; provided, however, that the Title III Stay shall continue to apply in all other respects to the Second Habeas Corpus Action, as well as the Appeal and the Habeas Corpus Action, including, without limitation, the execution and enforcement of any judgment for any claims for money damages and provisional remedies against the Commonwealth or any other Title III debtor.

2. The Motion is denied in all other respects, and the Title III Stay remains in place, except as expressly provided in Paragraph 1 of this Order.

3. Nothing contained in this Order shall operate as modification of the Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III debtors of any claim or claims by anyone other than Movant as provided for herein.

4. Nothing contained in this Order shall operate as waiver of the respective rights, defenses, and protections of the Commonwealth and Movant with respect to any matters pending

---

[6] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Response.

2

or that may arise in this case, including the treatment of any claim arising from the Appeal or the Prepetition Action under a plan of adjustment or otherwise.

5. Further requests to modify the Title III Stay must be made in accordance with the *Order Amending Case Management Procedures* (as amended from time to time, the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") (Docket Entry No. 17127-1). Nothing contained in this Order shall preclude Movant from seeking further relief from the Title III Stay in accordance with the Lift Stay Protocol.

6. This Order shall not be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Appeal, the First Habeas Corpus Action, the Prepetition Damages Action, the Second Habeas Corpus Action or assert any related rights, claims, or defenses and all such rights are reserved; (c) a waiver of Movant's or the Commonwealth's rights to determine and/or contest the applicability of a discharge to any judgment that may be issued in the Appeal, the First Habeas Corpus Action, the Second Habeas Corpus Action or the Prepetition Damages Action pursuant to 11 U.S.C. § 944, as made applicable to these proceedings by virtue of PROMESA section 301(a); or (d) an approval or assumption of any agreement or contract between the Commonwealth and Movant under Bankruptcy Code section 365.

7. This Order shall not be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Order), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

8. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Order.

9. This Order resolves docket entry no. 16942 in case no. 17-3283.

SO ORDERED.

Dated: _____, 2021

_____
THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE

4