IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER APPROVING ASSUMPTION OF
SETTLEMENT AGREEMENTS WITH GARCÍA RUBIERA CLASS PLAINTIFFS

Upon the *Motion of the Commonwealth of Puerto Rico Pursuant to Bankruptcy Code Section 365 for Entry of an Order Approving Assumption of Settlement Agreements with García Rubiera Class Plaintiffs* (Docket Entry No. 15171 in Case No. 17-3283, the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

section 306; and it appearing venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein as set forth in the *Memorandum Opinion Regarding Motion of the Commonwealth of Puerto Rico Pursuant to Bankruptcy Code Section 365 for Entry of an Order Approving Assumption of Settlement Agreements with García Rubiera Class Plaintiffs*; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Commonwealth's assumption of the Settlement Agreements is approved, pursuant to Bankruptcy Code section 365, made applicable to the Commonwealth's Title III case pursuant to PROMESA section 301(a).

3. The Commonwealth is authorized to cure existing defaults, if any, under the Settlement Agreements pursuant to Bankruptcy Code section 365(b)(1)(A), made applicable to the Commonwealth's Title III case pursuant to PROMESA section 301(a).

4. Pursuant to the *Stipulation Resolving Motion Requesting Relief of Stay Under 362(d)(1) of the Bankruptcy Code [ECF No. 2434]* (Docket Entry No. 14588-1), the Commonwealth shall have 120 days following receipt of a reimbursement claim pursuant to the Settlement Agreements, or following entry of this Order, whichever is later, to review and send

notice of any objection to a claim. If no objection to a claim is sent in accordance with the terms of the Settlement Agreements within the 120-day period, such claim shall be deemed valid.

5. Notwithstanding any applicability of any Bankruptcy Rule staying this order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

7. This Order resolves Docket Entry No. 15171 in Case No. 17-3283.

Dated: June 29, 2021

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          UNITED STATES DISTRICT JUDGE