## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------------------------------------- x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :    Title III
                                                    :
          as representative of                      :    Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,            :    (Jointly Administered)
                                                    :
          Debtors.¹                                 :
----------------------------------------------------------------------- x
```

## URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO FILE LIMITED SUR-REPLY WITH RESPECT TO BANKRUPTCY RULE 3013 ISSUES AND IN RESPONSE TO OVERSIGHT BOARD'S OMNIBUS REPLY IN SUPPORT OF DISCLOSURE STATEMENT MOTION

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233 (LTS)) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors (the "Committee"),[2] respectfully files this urgent motion ("Motion for Leave"), requesting entry of an order, substantially in the form of the proposed order attached as **Exhibit A** hereto, pursuant to Section III.L of the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [Docket No. 17127-1] (the "Case Management Procedures"), granting the Committee leave to file a sur-reply (i) in support of the *Omnibus Objection of Official Committee of Unsecured Creditors to (I) Disclosure Statement for Third Amended Title III Joint Plan of Adjustment of Commonwealth of Puerto Rico, Et Al. and (II) Related Motions* [Docket No. 17017] (the "Disclosure Statement Objection") and (ii) in response to the Oversight Board's reply to the Disclosure Statement Objection [Docket No. 17187] (the "Reply").[3]  In support of its Motion for Leave, the Committee respectfully states as follows:

## **MOTION FOR LEAVE**

1.      Pursuant to the Court's direction at the April 28, 2021 hearing, the Committee addressed in its Disclosure Statement Objection, rather than through a motion, the issue of whether the Proposed Plan improperly classifies certain claims in violation of the Bankruptcy Code.  The Committee had initially raised these issues by motion pursuant to Bankruptcy Rule 3013, but, at the April 28, 2021 hearing on the Committee's scheduling motion regarding the Renewed Rule 3013 Motion, the Court dismissed without prejudice the Committee's Renewed Rule 3013 Motion and instructed the Committee to instead brief these issues in its disclosure statement objection.

---

[2]    The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Disclosure Statement Objection or the Reply, as applicable.

2.      Following this ruling, the Committee expressed its concern during the hearing that, by raising the classification issue via objection, it would lose the opportunity to reply to the Oversight Board's response brief, which could raise new arguments.  This was especially likely because, as the Committee explained in its Scheduling Reply, this would force the Committee to "respond" to the Oversight Board's "timing of payments" arguments even before the Oversight Board had briefed those arguments.

3.      Indeed, the Committee's concerns were well founded, as the Reply, for the first time, actually articulates the Oversight Board's position regarding the alleged need to separately classify retiree benefit claims from other general unsecured claims, and the Committee should have an opportunity to respond to these arguments.  Moreover, the Reply's extensive discussion, spanning dozens of pages of argument, of the Rule 3013 classification issues also raises a host of new arguments while mischaracterizing the Committee's arguments.

4.      For example, the Reply includes a lengthy discussion attempting to discredit *Granada Wines* based on legislative history and the evolution of the Bankruptcy Act to the Bankruptcy Code.  The Oversight Board also raises new arguments regarding PROMESA's classification scheme and also argues, for the first time (and incorrectly) that chapter 9 cases decided in other circuits adopt a more permissive approach to classification than does *Granada Wines* because of the difference between chapter 9 and chapter 11.  The Committee should have an opportunity to respond to the specific arguments raised in the Reply, and should not be required to respond to these arguments for the first time at the hearing.  *See, e.g.*, *Adams v. Applied Bus. Servs.*, No. 2:18CV559, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019) ("surreply is appropriate where 'a party brings forth new material or deploys new arguments in a reply brief'") (internal citations omitted).

2

5.     The Committee did not anticipate—nor could it have anticipated—each of these arguments at the time it filed its Disclosure Statement Objection.  Moreover, the Committee had a limit of 75 pages to address the numerous issues presented by the voluminous Disclosure Statement and thus could not have addressed all of the Oversight Board board's classification arguments, even if it had anticipated such arguments.

6.     The Committee therefore requests leave to file a sur-reply of 15 pages by no later than July 7, 2021 addressing the classification issues the Oversight Board raised in its reply.  It is particularly important for the Committee to have an opportunity to file its sur-reply here given the monumental importance of the classification issues to the recoveries of unsecured creditors and the outcome of these title III cases more generally.

7.     Finally, the relief requested herein is equitable, as the Committee—as the original movant under the Renewed Rule 3013 Motion—would normally be entitled to file a reply in response to any objection to such motion, and should not be prejudiced by the unusual procedural posture of this matter.  *See, e.g.*, *Gorokhovsky v. State Pub. Def. Off.*, No. 20-CV-1098-PP, 2021 WL 39544, at *5 (E.D. Wis. Jan. 5, 2021) (noting that "court should, in fairness, strike" unauthorized brief filed by plaintiff because "movant gets the last word on the movant's own motion—in this case, the defendants should have the last word on their motion to dismiss").

8.     The relief requested herein, therefore, does not prejudice any other party, while failure to grant that relief would mean that the dismissal without prejudice of the Committee's Renewed Rule 3013 Motion was, in fact, prejudicial to the Committee's procedural rights. Finally, the relief requested herein is narrow, as the Committee seeks only to respond to the arguments set forth in sections I.A through I.E of the Reply.

## **COMPLIANCE WITH CASE MANAGEMENT PROCEDURES**

9.      Pursuant to Section I.H of the Case Management Procedures, on June 30, 2021 the Committee informed counsel to the Oversight Board of its intent to file the instant Motion for Leave.  **The Oversight Board has advised the Committee that it does <u>not</u> object to the relief requested herein.**

[*Remainder of page left intentionally blank.*]

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A** hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: June 30, 2021        By: _/s/ Luc A. Despins_

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: _/s/ Juan J. Casillas Ayala_

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*