# Exhibit 6



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
## FOR PUERTO RICO

David A. Skeel, Jr.
Chair

**Members**
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty E. Rosa

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

January 29, 2021

The Honorable Pedro Pierluisi Urrutia
Governor of Puerto Rico

Honorable José Luis Dalmau
President of the Senate of Puerto Rico

Honorable Rafael Hernández
Speaker of the House of Representatives of Puerto Rico

Dear Governor Pierluisi, President Dalmau, and Speaker Hernández:

The Oversight Board has become aware that House Bill 120 ("HB 120") was recently introduced at the Legislature. Among other things, HB 120, like its predecessor HB 2434 from 2020, proposes to consolidate all public pension systems under one new entity, reinstate and preserve retirement benefits as defined benefit plans not subject to any reduction or freeze, and dictate the terms of a plan of adjustment for the Commonwealth. HB 120 is inconsistent with the Commonwealth's Certified Fiscal Plan and multiple provisions of PROMESA, as it attempts to interfere with the exclusive powers granted to the Oversight Board to serve as the sole representative of Title III debtors and to formulate, propose, and prosecute their respective Plans of Adjustment.

Specifically, HB 120 includes provisions that purport to eliminate all pension measures contemplated by the Commonwealth Certified Fiscal Plan. Further, HB 120 purports to eliminate the PayGo system for accrued defined benefits under the three pension systems, terminate the Act 106-2017 defined contribution plan, and create a pension trust ("FACSiR") that would in effect reinstate the failed defined benefit plans of the past with retirement benefits that cannot be adjusted in Title III. In practice, these provisions would also limit Government agency rightsizing measures, such as reductions to payroll or number of public servants with right to be participants in Retirement Systems. In addition, HB 120 purports to require an alternative Plan of Adjustment to the Oversight Board's current amended Plan of Adjustment, that must: (i) comply with HB 120's classification of bonds; (ii) provide no recovery for what HB 120 defines as "Contested Bonds"; (iii) cap recoveries for uncontested bonds, with an aggregate maximum recovery of 58%; and (iv)

Governor Pierluisi Urrutia
President Dalmau
President Hernandez
January 29, 2021
Page **2** of **5**

leave retirement claims unimpaired. HB 120 would further amend Act 2-2017 to assign to AAFAF the duty and authority to develop a Plan of Adjustment consistent with its terms.

HB 120 also prohibits Governmental cooperation with any Plan of Adjustment that does not meet its requirements, including providing any legislative, regulatory, or electoral approval necessary. It also mandates the Government's rejection of any Plan of Adjustment that restructures bonds in a manner inconsistent with its calculation of debt sustainability or cuts specifically enumerated essential services. Most of HB 120's substantive provisions, particularly those that relate to the restructuring of the retirement systems under FACSiR, the restoration of prepetition retirement benefits, and the alleged protection of these benefits from impairment under any Plan of Adjustment, are entirely inconsistent with the Certified Fiscal Plan and PROMESA.

The Oversight Board has the following additional specific concerns with the provisions of HB 120:

- The proposed approach for the implementation of the new defined benefit system repeats past mistakes including setting employer contribution levels that are disconnected from any actuarial assessments of the needs of the plan;

- Employee contributions will no longer be segregated and protected in individual accounts but once again utilized to pay benefits of current retirees;

- Prospectively, police officers who are now benefitting from their service through the accrual of credit in U.S. Social Security will no longer be able to participate if their pension accruals are reinstated;

- HB 120 makes promises to individuals that may never be realized by claiming benefits will be restored, including reinstatement of accrual rights, reinstatement of bonuses, and expansion of defined benefit pension participation. These benefits will only be provided if the proposed new pension system can be shown to maintain a 120% funded level and may not even be implemented for 15 years. The Government has yet to provide modeling to demonstrate the ability to achieve these levels and the impact that it will have on the fiscal plan. Additionally, HB 120 does not demonstrate how benefits will be paid in the transition period from its enactment to the point at which the new pension system can sufficiently meet the PayGo payments; and

- The Fiscal Plan provides for each agency of the central government, each public corporation and each municipality to pay for its corresponding share of PayGo payments. HB 120 alters the sources of funding for retirement benefits. For example, savings from any discharge, cancellation, or reduction of contested or uncontested Commonwealth bonds should not reduce the PayGo funding requirements from municipalities.

Governor Pierluisi Urrutia
President Dalmau
President Hernandez
January 29, 2021
Page **3** of **5**

The Oversight Board is aware of the difficult economic situation Puerto Rico's retirees face, primarily because each of the three Commonwealth pensions systems – ERS, TRS, and JRS – were woefully underfunded by the time of the Oversight Board's appointment (and in the case of ERS, almost completely unfunded). Accordingly, measures to address this extreme situation have been approved by the Oversight Board and either have been or are in the process of being implemented by the Government, which pays over $2 billion annually to public employer retirees. Moreover, the Oversight Board has taken a number of actions to promote the wellbeing of Puerto Rico's retirees, including:

- Agreeing to a pension reduction more favorable to retirees than the reduction originally proposed, as outlined in the Plan Support Agreement reached between the Oversight Board and Committee of Retired Persons on June 7, 2019 that preserves at least 91.5% of pension benefits to all participants notwithstanding that ERS was virtually asset-less in 2017;

- Agreeing to return all employee contributions made under System 2000 without reduction, plus interest;

- Implementation of Social Security for police and providing funding in the fiscal plan to fund these costs prospectively;

- Facilitating the formation of and participating in discussions with a Social Security working group, including members of the Department of Education, the Retirement Board, the Department of Treasury, and the Office of Court Administration, as well as representation from the teachers' union, to focus on the implementation of Social Security for all Commonwealth employees with sufficient time remaining until retirement;

- Identifying Government agencies that had withheld employee contributions intended for participant Defined Contribution accounts but had failed to transfer these dollars to the Retirement System and referring these matters to Commonwealth and federal authorities to ensure that all outstanding balances are collected;

- Constant oversight of the Government regarding its delays in the implementation of the Defined Contribution plan and expressing concerns regarding the inadequacy of the current Defined Contribution plan default investment option as defined under Act 106-2017;

- Monitoring the status of entity compliance with paying the PayGo fee under Act 106-2017, as well as working with delinquent agencies to enter into payment plans to resolve historic PayGo debt and continuing to discuss with AAFAF possible further remedies;

Governor Pierluisi Urrutia
President Dalmau
President Hernandez
January 29, 2021
Page **4** of **5**

- Providing resources for education about Social Security and Medicare benefits and allocating resources to advise those agencies who request services;

- Working with CRIM, the Retirement Administration, and municipalities to enter into payment plans for debts to the Commonwealth for PayGo obligations resulting from the Title III Court's decision nullifying Act 29-2019;

- Taking necessary steps to ensure funds for PayGo payments to retirees are properly segregated, accounted for, and available;

- Constant communication with the Retirement Administration on best practices and cost saving measures for retirees and active participants; and

- Coordinating with DSP (police) to make funds available to increase disability benefits for the Police.

Through these and other actions, the Oversight Board has worked tirelessly to address the needs of Puerto Rico's retirees and to achieve financial well-being for all active Government employees. To continue facilitating these goals, the Oversight Board is always willing to meet with Government representatives as many times as required. However, the provisions in HB 120 go beyond the Government's authority, intrude on the policies implemented by PROMESA and the powers of the Oversight Board, and defeat the purposes of PROMESA.[1]

HB 120 is patently unenforceable as it is inconsistent with PROMESA.  Enacting HB 120 would accomplish nothing other than to spawn litigation to have it declared a nullity.  Moreover, by, among other things, prohibiting Governmental cooperation with any Plan of Adjustment that does not meet the requirements of the law, HB 120 overtly impairs and defeats the purposes of PROMESA. Pursuant to Section 108(a)(2), the Governor and Legislature are each prohibited from implementing any statute, resolution, policy, or rule that impairs or defeats the purposes of PROMESA as determined by the Oversight Board. This letter notifies the Governor and Legislature of the Oversight Board's determination that HB 120 impairs and defeats PROMESA's purposes such as by usurping powers to treat preexisting debt, and you are statutorily enjoined from passing and implementing HB 120. Please be advised the Oversight Board will take any and all legal actions necessary to enforce the enjoining of HB 120, and any other resolution, legislation, or measure that would adversely affect Government compliance with the Commonwealth Certified Fiscal Plan or the purposes of PROMESA.

---

[1] The Oversight Board's determination not to dignify the factual allegations in HB 120 with any response is not an admission of any of them.  HB 120 is replete with false statements.

Governor Pierluisi Urrutia
President Dalmau
President Hernandez
January 29, 2021
Page **5** of **5**

As you know, the Oversight Board raised similar concerns with respect to Acts 80, 81, and 82 (the "Retirement Acts") and was prepared, if necessary, to initiate litigation to enjoin implementation of those Acts. We are pleased that we can avoid litigation based on the Government's confirming in its letters dated November 20, 2020 and January 15, 2021 that it will not implement the Retirement Acts until it reaches an agreement with the Oversight Board. We are hopeful that the Government will adopt a similarly cooperative approach with respect to HB 120 and will not enact or implement HB 120 because it violates PROMESA.

We look forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

*Natalie A. Jaresko*

Natalie A. Jaresko

CC: Mr. Omar Marrero Díaz
Mr. Luis Collazo
Ms. Juan Carlos Blanco
Mr. Francisco Parés
Rep. Domingo Torres
Rep. Lourdes Ramos