# Exhibit 10



# FINANCIAL OVERSIGHT & MANAGEMENT BOARD
# FOR PUERTO RICO

**Members**
Andrew G. Biggs
Arthur J. González
Antonio L. Medina
John E. Nixon
Justin M. Peterson
Betty E. Rosa

David A. Skeel, Jr.
Chair

Natalie A. Jaresko
Executive Director

**BY ELECTRONIC MAIL**

February 20, 2021

The Honorable Pedro Pierluisi Urrutia
Governor of Puerto Rico

The Honorable José Luis Dalmau
President of the Senate of Puerto Rico

The Honorable Rafael Hernández
Speaker of the House of Representatives of Puerto Rico

Dear Governor Pierluisi, President Dalmau, and Speaker Hernández:

We write to you regarding House Bill 120 ("HB 120" or the "Bill") and our concerns regarding its impact on the Commonwealth and its future and the 2020 Commonwealth Fiscal Plan (the "Fiscal Plan") in addition to its violations of PROMESA.

As noted previously, HB 120 purports to dictate the terms of a plan of adjustment ("POA") for the Commonwealth that the Government would be willing to accept as a condition to cooperating to restructure the Island's enormous debt. The Bill would eliminate all pension reforms contemplated by the Fiscal Plan (including the freeze of benefit accruals under TRS and JRS and moderate cuts to benefits), along with essential reforms implemented under Act 106-2017 ("Act 106"), and would reinstate all public pension systems as they existed prior to Act 106, and consolidate the source of funding of these unsustainable benefit obligations into one new entity. The Legislature never responded to the Oversight Board's letter of January 29, 2021 covering these topics. Notwithstanding that the Oversight Board rendered governmental retirees the most favored classes of claimants under each of its proposed POAs while financial creditors suffer substantial discounts, HB 120 attempts to impose further huge obligations in favor of retirees while effectively defying the Title III court's ruling nullifying Law 29. These further obligations undermine fiscal responsibility, economic sustainability of the Commonwealth, and market access while further impairing treatment of all other creditors including creditors who are businesses and residents in the Commonwealth.

Governor Pierluisi
President Dalmau
Speaker Hernández
February 20, 2021
Page 2 of 5

In a letter dated February 4, 2021 to Representative Domingo J. Torres García, AAFAF refused to endorse HB 120 as the law would "face irredeemable challenges if it is challenged by the FOMB." To date, the Legislature has ignored the concerns of the Oversight Board and AAFAF and continues its march towards enacting this Bill that, if implemented, would be disastrous for the Commonwealth's employees and gravely impair the financial recovery and future of Puerto Rico.

Despite the Legislature's failure to engage with the Oversight Board about these concerns, we have conducted a further analysis of HB 120. The Oversight Board's analysis shows, in summary, that HB 120 is directly contrary to PROMESA; it is based on economic assumptions that lack foundation; it creates an insufficiently funded pension trust that violates PROMESA and will be empty by the time many current employees retire; it is inconsistent with the Fiscal Plan; and it makes false promises to participants.

1) **HB 120 Violates PROMESA**: Without Oversight Board approval, HB 120 purports to modify tens of billions of dollars of debt to retirees and thereby violates PROMESA section 207.

2) **HB 120 Rests on False Economic Assumptions**: The Bill assumes without foundation that the Commonwealth can afford to pay 100% of the pre-petition debt service and simply redirect a substantial portion of those debt service payments to fund pensions. The Bill similarly assumes incorrectly that the Government can simply repurpose payments from debt service on "contested bonds" to funding pensions. The Bill fails to recognize the "contested bonds," if litigated, could turn out to be valid, in which case their debt service claims must be fairly treated. The Oversight Board's proposed POA settles that litigation by imposing a large discount on all bonds, partly to settle the validity issues and partly to settle their claims to enforceable priorities in Title III. HB 120 assumes total victory over the bonds on all issues and there is no prudent basis to take the risk of being wrong.

3) **HB 120 Creates an Insufficiently Funded Pension Trust**: HB 120 contemplates an insufficiently funded pension trust ("FACSiR"), which will not and cannot cover HB 120's increased benefit payments. In this respect alone, HB 120 violates PROMESA section 201(b)(1)(c), which requires a certified fiscal plan "provide adequate funding for public pension services." Indeed, based on the Oversight Board's analysis, FACSiR's balance will never cover more than 20% of the Commonwealth's pension obligation under the Bill, and would be completely depleted by 2053.[1] Equally troublingly, HB 120 fails to specify what would happen when FACSiR runs out of money.

---

[1] Depletion timing is highly variable as FACSiR's projected low funding levels will offer the trust little in flexibility to operate at levels contemplated in the Fiscal Plan under adverse conditions. Our current estimate assumes (i) the ability to fund the trust at planned levels, (ii) benefits return to pre-petition levels, (iii) the trust experiences a 4.5% return, and (iv) all demographic assumptions are realized. Depletion of FACSiR assets may occur much sooner if any of the assumptions used in the analysis are not fully realized or if there are changes to benefit levels under the plan,

Governor Pierluisi
President Dalmau
Speaker Hernández
February 20, 2021
Page 3 of 5

4) **HB 120 Contradicts the Fiscal Plan By Purporting to Reinstate a Defined Benefit Plan**:  HB 120 purports to eliminate the PayGo system, terminate the Act 106 defined contribution plan, and create a pension trust that would, in effect, reinstate the failed defined benefit plans of the past with retirement benefits that will not be subject to adjustment in the Commonwealth's Title III case.   These provisions are directly inconsistent with the Fiscal Plan, in that they would effectively eliminate the means by which the Commonwealth would maintain an adequately funded pension system, as required by PROMESA, and will inevitably return the Commonwealth to structural deficits.

5) **HB 120 Mortgages the Future by Establishing a Vastly Underfunded Defined Benefit Plan**: HB 120 contemplates using contributions from current employees to fund the Government's obligations to current retirees.   This policy eschews segregated and individually controlled accounts in favor of a pension trust that will be woefully underfunded and, like its predecessor ERS, become completely unfunded when today's employees eventually retire.   The Bill would thus reinstate a failed policy that was a principal cause for the island's deep financial distress, and a critical problem PROMESA was enacted to fix.   Additionally, the Bill reverses the proposed System 2000 settlement reflected in the POA to fix these past mistakes and instead deposits that money into FACSiR.

6) **HB 120 Makes False Promises to Participants**: HB 120 falsely promises participants an "honorable retirement" via increased benefits which are highly unlikely to be paid.   Our analysis indicates the fund balance will never exceed 20% of the aggregate actuarial pension obligation the Bill will establish, let alone the 120% funded status threshold necessary to trigger further increased benefits.

On February 12, 2021, the Oversight Board reviewed a detailed analysis of HB 120 and determined that its enactment would impair and defeat the purposes of PROMESA pursuant to section 108(a)(2).   Based on the Oversight Board's determination that HB 120 impairs and defeats the purposes of PROMESA, PROMESA section 108(a)(2) enjoins the Legislature and Governor from enacting, implementing, or enforcing HB 120 or any law based on HB 120.

**The Oversight Board's Remedies**.  If the Legislature passes HB 120 and/or the Government attempts to enact or implement it, despite PROMESA's injunction set forth in the preceding paragraph, the Oversight Board can file suit against the Government for all appropriate remedies and sanctions arising out of such intentional violations of PROMESA, including under its sections 108(a)(2), 204(a), 204(c), and 207.   To avoid any misunderstandings:

---

e.g., in connection with any proposed implementation of Act 80-2020 (which remains conditioned on the Oversight Board's consent).

Governor Pierluisi
President Dalmau
Speaker Hernández
February 20, 2021
Page 4 of 5

- Enactment, implementation, or enforcement of the Bill will violate section 108(a)(2) as you have been advised the Oversight Board has determined it would impair and defeat the purposes of PROMESA.

- The Bill, if enacted, will certainly violate section 204(a), because the Governor could not accurately certify HB 120 is not significantly inconsistent with the Fiscal Plan.

- HB 120 would violate section 204(c) because its new pension system requires initial expenses not provided for in the Fiscal Plan or Budget.  These initial expenses would substantially increase expected pension payments beyond the costs envisioned in the Fiscal Plan or certified Budget.  Spending funds in a manner not provided for in the certified Budget constitutes a reprogramming for which prior Oversight Board approval is required pursuant to PROMESA section 204(c).  The Oversight Board has not received such a request and will not approve any such reprogramming.

- The Bill will violate section 207 because it improperly purports to modify and redeem Commonwealth debt (i.e., its tens of billions of dollars in pension obligations) without Oversight Board review and approval.

- The Bill defies the Title III court's prior ruling nullifying Law 29 which would have relieved municipalities of their obligations to compensate the Commonwealth for paying their retirees' pensions.  The Bill would reduce municipalities' obligations to the Commonwealth by requiring only a formulaic employer contribution to the trust as opposed to reimbursement of the Commonwealth's actual payments of benefits to their retirees.  Defying prior rulings would make enactment and implementation of HB 120 especially appropriate for sanctions against the responsible persons.

As noted by AAFAF in its February 4 letter to the Legislature, the Oversight Board's available causes of action are each well founded.  Among other reasons, these pension amendments will foist billions of dollars of additional pension obligations onto the Commonwealth, similar to Act 29-2019, which the Title III Court barred.  *See In re Fin. Oversight and Mgmt. Brd. for P.R.*, 616 B.R. 238 (D.P.R. 2020) (nullifying and enjoining Law 29 for violations of PROMESA sections 108(a)(2), 204(a), and 204(c)).

* * *

The Oversight Board believes the passage and enactment of HB 120 would only lead to its nullification by the Title III court and subsequent administrative headaches to unwind the law.  In addition to directing you not to enact or implement the Bill, we urge you to work with us to reach a better outcome for the people of Puerto Rico.  The Oversight Board nevertheless reserves the right to take such actions as it deems necessary, consistent with PROMESA sections 104(k), 108, 204, and 207, including seeking remedies to enforce PROMESA's bar against the implementation and enforcement of HB 120.  We hope that such action will be unnecessary.

Governor Pierluisi
President Dalmau
Speaker Hernández
February 20, 2021
Page 5 of 5


We look forward to continuing to work together for the benefit of the people of Puerto Rico.

Sincerely,

*Natalie A. Jaresko*

Natalie A. Jaresko

CC:     Mr. Omar Marrero Díaz