# Exhibit 11

**VÍA CORREO ELECTRÓNICO**

9 de marzo de 2021

Natalie Jaresko
Directora Ejecutiva
Junta de Supervisión y Administración
Financiera para Puerto Rico

Estimada Sra. Jaresko:

Nosotros, los abajo firmantes, acusamos recibo de su carta con fecha del 29 de enero de 2021, dirigida al gobernador Pedro Pierluisi Urrutia, al presidente del Senado José Luis Dalmau Santiago, y al presidente de la Cámara de Representantes, Rafael Hernández Montañez, que pretende prohibir a la Legislatura que apruebe el Proyecto de Ley 120 de la Cámara de Representantes por ser incompatible con el plan fiscal certificado del 27 de mayo de 2020, de conformidad con el Artículo 108(a)(2) de PROMESA. Continuaremos tomando medidas para defender a los miembros más vulnerables de nuestra sociedad y utilizar los poderes que PROMESA reserva a la Legislatura.

La posición de la Junta de Supervisión es simplemente incorrecta y se basa en una clara interpretación errónea del poder de la Junta bajo PROMESA. Bajo la ley federal y la Constitución de Puerto Rico, sólo la Legislatura de Puerto Rico tiene la capacidad de aprobar legislación. El Congreso no le dio a la Junta de Supervisión el poder de legislar. Como declaró la jueza Swain, el Congreso creó una *Junta de Supervisión*, no una junta de control con el poder de ocupar el lugar del gobierno electo.

La jueza Swain ha declarado explícitamente que la Sección 108 no otorga a la Junta autoridad para hacer lo que crea necesario para avanzar en su función bajo PROMESA. Véase 583 B.R. 626, 633-34. En su decisión del 27 de agosto de 2018, la jueza Swain escribió que PROMESA no otorga a la Junta de Supervisión el poder afirmativo de legislar, y describió la ley como la creación de un "arreglo incómodo de poderes compartidos" entre la Junta de Supervisión y los funcionarios electos de Puerto Rico. Véase 330 F.Supp.3d 685, 701-02, *ratificado* en 945 F.3d 3 (1er Cir. 2019).

En ninguna parte de PROMESA es más claro ese "arreglo incómodo de poderes compartidos" que cuando se trata del poder de esta Legislatura de aprobar o bloquear un plan de ajuste propuesto por la Junta de Supervisión. La Sección 314(b)(5) de PROMESA sólo

permite al tribunal confirmar un plan de ajuste si "cualquier aprobación legislativa, reglamentaria o electoral necesaria, bajo la ley aplicable para cumplir con cualquier disposición del plan se ha obtenido, o dicha disposición está expresamente condicionada a dicha aprobación." Funcionalmente, el texto citado anteriormente significa que esta Legislatura, de la cual los abajo firmantes son miembros, tiene que aprobar el plan de ajuste de la Junta para que entre en vigor. La Junta de Supervisión no puede obligar a la Legislatura a promulgar legislación para aprobar leyes. Estos son simplemente los hechos.

Su carta pretende prohibir la aprobación del P. de la C. 120, pero hacerlo es similar a coaccionar a esta Legislatura para legislar un plan de ajuste que ustedes favorezcan en contravención de PROMESA. Exigimos que usted aborde a esta Legislatura con la misma atención con que ha involucrado a los acreedores. En su más reciente misiva, fechada 20 de febrero de 2021, nos "insta a que colaboremos con ustedes para lograr un mejor resultado para el pueblo de Puerto Rico". Le damos la bienvenida a eso y deseamos hacerlo utilizando las disposiciones contenidas en el P. de la C. 120 como punto de partida. Ese proyecto de ley establece los puntos que nos gustaría que se abordaran en cualquier plan de ajuste. Le indica a la Junta lo que necesita para obtener nuestra aprobación legislativa tal como nos la ha otorgado el Congreso en virtud de la Sección 314(b)(5).

Esta legislatura se niega a servir como un sello de goma. Le exhortamos a ver nuestras declaraciones en ese proyecto de ley como una invitación para involucrar a esta legislatura y llegar a un acuerdo con ella, y por extensión, con el pueblo de Puerto Rico, a quien fuimos elegidos para representar. De esta manera, la Junta de Supervisión puede evitar cualquier posible bochorno o costos de litigio que pudieran resultar de la falta de apoyo legislativo para el plan de ajuste propuesto.

Esperamos recibir su respuesta en breve, y esperamos que comience a colaborar con este cuerpo.

Atentamente,

| CÁMARA DE REPRESENTANTES | SENADO DE PUERTO RICO |
|---|---|
| *[signature]* <br> Hon. Domingo Torres García <br> Presidente, Comisión de Asuntos Laborales y Transformación para un Sistema de Retiro Digno | *[signature]* <br> Hon. José Vargas Vidot |
| *[signature]* <br> Hon. María de L. Ramos Rivera | *[signature]* <br> Hon. Ana Irma Rivera Lassen <br> Portavoz, Movimiento Victoria Ciudadana |
| *[signature]* <br> Hon. Carlos J. Méndez Nuñez <br> Portavoz, Partido Nuevo Progresista | |
| *[signature]* <br> Hon. Mariana Nogales Molinelli <br> Portavoz, Movimiento Victoria Ciudadana | |
| *[signature]* <br> Hon. Lisie Janet Burgos Muñiz <br> Portavoz, Proyecto Dignidad | |

_____
Hon. Edgardo Feliciano Sánchez
Representante Dist. #12

_____
Hon. Víctor L. Parés-Otero
Representante Distrito 4

_____
Hon. Luis Pérez
Representante Distrito 7

_____
Hon. Yashira Lebrón Rodz
Representante Distrito 8

_____
Hon. Juan Oscar Morales
Distrito 3

_____
Hon. Er Yazzer Morales Díaz
Distrito 9

_____
Hon. Juan J. Santiago Nieves
#28

_____
Hon. Estrella Martínez Soto
Dist. 27

_____
Hon. Eladio J. Cardona Quiles
Distrito 16

_____
Hon. Jesús M. Ortiz González
Acumulación

_____
Hon. Deborah Soto Arroyo
Distro 10 - Toa Baja

_____
Hon. Sol Y. Higgins Cuadrado
Representante Distrito #35

Hon. _Jesus F. Santa Rodriguez_
_Distrito 31_

Hon. _Gregorio MATIAS Rosario_

Hon. _Jocelyne M. Rodriguez Negron_
_Distrito 19_

Hon. _____

Hon. _Wanda del Valle_
_Distrito 38_

Hon. _____

Hon. _José E. Meléndez_
_Rep. Acumulación_

Hon. _____

Hon. _José B. Márquez_
_Rep. Acumulación_

Hon. _____

Hon. _Angel Fourquet_
_Dist 24 Ponce_

Hon. _____

**VIA ELECTRONIC MAIL**

March 9, 2021

Natalie Jaresko
Executive Director
Fiscal Oversight & Management
Board for Puerto Rico

Dear Ms. Jaresko:

We, the undersigned, are in receipt of your letter dated January 29, 2021 addressed to Governor Pedro Pierluisi Urrutia, Senate President José Luis Dalmau Santiago, and House President Rafael Hernandez Montañez purporting to enjoin the Legislature from passing House Bill 120 for being inconsistent with the May 27, 2020 certified fiscal plan pursuant to Section 108(a)(2) of PROMESA. We will continue to take steps to defend the most vulnerable members of our society and use the powers that PROMESA reserves to the Legislature.

The position of the Oversight Board is simply wrong and based on a clear misunderstanding of the Board's power under PROMESA. Under federal law and the Constitution of Puerto Rico, only the Legislature of Puerto Rico has the ability to pass legislation. Congress did not give the Oversight Board the power to legislate. As stated by Judge Swain, Congress created an *Oversight Board*, not a control board with the power to step into the elected government's place.

Judge Swain has explicitly stated that Section 108 does not give the Board authority to do whatever it believes necessary to advance its role under PROMESA. *See* 583 B.R. 626, 633-34. In her August 27, 2018 decision, Judge Swain wrote that PROMESA does not give the Oversight Board the affirmative power to legislate, and she described the statute as creating an "awkward power-sharing arrangement" between the Oversight Board and Puerto Rico's elected officials. *See* 330 F.Supp.3d 685, 701-02, *aff'd*, 945 F.3d 3 (1st Cir. 2019).

Nowhere in PROMESA is that "awkward power-sharing arrangement" more clear than when it comes to this Legislature's power to approve or obstruct a plan of adjustment proposed by the Oversight Board. Section 314(b)(5) of PROMESA only allows the court to confirm a plan of adjustment if "any legislative, regulatory, or electoral approval necessary, under applicable law in order to carry out any provision, of the plan has been obtained, or such provision is expressly, conditioned on such approval." Functionally, the above cited language

means that this Legislature, of whom the undersigned serve as members, has to approve the Board's plan of adjustment for it to go into effect. The Oversight Board cannot coerce the Legislature into enacting legislation to pass laws. These simply are the facts.

Your letter purports to enjoin passage of H.B. 120, but doing so is akin to coercing this Legislature to legislate a plan of adjustment that you favor in contravention of PROMESA. We demand that you engage with this Legislature with the same care that you have engaged creditors. In your most recent letter dated February 20, 2021, you "urge us to work with you to arrive at a better outcome for the people of Puerto Rico." We would welcome that and want to do so using the terms that we are setting out in H.B. 120 as the point of departure. That bill sets out the items that we would like to see addressed in any plan of adjustment. It declares to the Board what it needs to obtain our legislative approval as granted to us by Congress under Sec. 314(b)(5).

This legislature refuses to serve as a rubber stamp. We encourage you to view our statements in that bill as an invitation to engage this legislature and arrive in an agreement with it, and by extension, the people of Puerto Rico whom we were elected to represent. That way, the Oversight Board can avoid any potential embarrassment or litigation costs that could result from a lack of legislative support for the proposed plan of adjustment.

We look forward to receiving your reply shortly, and hope you begin to engage with this body.

Sincerely,


HOUSE OF REPRESENTATIVES                                    SENATE