# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: Financial Oversight & Management Board for Puerto Rico | 3:17-BK-3283 (LTS) |
| | PROMESA Title III |
| *as representative of* | |
| | (Jointly Administrated) |
| The Commonwealth of Puerto Rico, *et al.* | |
| Debtors | |

## NOTICE OF DEFECTIVE PLEADING
*(Notificación de Documento Defectuoso)*

The Clerk of Court has received your pleading on June 17, 2021. However, the deficiencies listed below have prevented us from filing the same in the case docket. You must submit a corrected pleading if you want it to form part of the record.

La Secretaría del Tribunal recibió su escrito el 17 de junio del 2021. No obstante, las deficiencias que abajo se señalan nos impiden aceptarlo y entrarlo en el sumario del caso. Debe usted someter un escrito debidamente corregido si quiere que el mismo forme parte del expediente.

NOTICE OF DEFECTIVE PLEADING
*(Notificación de Documento Defectuoso)*
3:17-BK-3283 (LTS)

| 1 | | Pleading is illegible. L.Civ.R. 10 *(El escrito radicado es ilegible o no cumple con la R.L.Civ. 10)* |
|---|---|---|
| 2 | | Lacks proper signature. Documents presented to the court in paper require a handwritten signature. L.Civ.R. 11 *(Documento no está firmado adecuadamente. Los documentos sometidos en papel tienen que estar firmados a mano. R.L.Civ. 11)* |
| 3 | | PROMESA Cover Sheet for Adversary Proceedings (DPR Modified PROMESA B1040) was not included. L.Bkcy.R. 7003-1 http://www.prd.uscourts.gov/promesa/forms-attorneys *(No se incluyó la Hoja de Trámite para Casos Adversarios (DPR Modified PROMESA B1040).* |
| 4 | | Failure to pay the filing fee in the amount of $402.00. See, L.Cv.R. 3(a). Payment shall be made within 24 hours in person at the Clerk's Office U.S. District Court with copy of the complaint /notice of removal. *(Incumplimiento con el pago de la cuota de radicación por la cantidad de $400.00. El pago debe hacerse personalmente dentro de 24 horas en la Secretaría del Tribunal Federal de Distrito adjuntando una copia de la demanda / notificación de remoción.)* |
| 5 | X | The attached document is non-compliant with Fed. R. Civ. P. 5(d)(3)(A) and L. Cv. R. 5(a). Counsel is required to file the document electronically via CM/ECF. |
| 6 | X | Other: Wrong case caption format. Please refer to the Order filed on October 16, 2017 as Docket Entry No. 1417 in Case No. 3:17-BK-3283 (LTS). *(Incumplimiento con el formato del título del caso. Favor referirse a la Orden radicada el 16 de octubre de 2017, entrada número 1417 en el Caso No. 3:17-BK-3283 (LTS).* |

Date: June 21, 2021
MARIA ANTONGIORGI-JORDAN, ESQ.
Clerk of Court

By: s/ Marian B. Ramirez Rivera
Marian B. Ramirez Rivera
Deputy Clerk

sc: to filer with original filing attached

# U.S. Bankruptcy Court

## District of Puerto Rico

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 6/21/2021 at 11:05 AM AST and filed on 6/21/2021

| | |
|---|---|
| **Case Name:** | COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority (PBA) |
| **Case Number:** | 17-03283-LTS9 |
| **Document Number:** | 17118 |

**Docket Text:**
Notice of Defective Pleading (Signed by Clerk on 6/21/2021 ) (Attachments: # (1) Defective filing re: Doris Arroyo Velez claim No. 63576) [mr]

# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In Re:
**Doris Arroyo Vélez**

Claim Num. **63576**

## REPLY TO OBJECTION PRESENTED BY DEBTOR

**TO THE HONORABLE COURT:**

Comes now Doris Arroyo Vélez, through the undersigned attorney and respectfully assert, alleges, and plays as follow:

1. On this case the Debtor Commonwealth of Puerto Rico has presented an objection seeking to disallow the pending case.

2. Here'in is attached a copy of the judgment filed on March 3 of 2016 by the Superior Court of Puerto Rico in San Juan, Case Number KPE2005-3780. In this judgment there are included the legal foundations and referred supported documents that justify the valid claim presented in this case regarding the illegal dismissal of Doris Arroyo Vélez. (Exhibit 1)

3. This case was modified by the Puerto Rico Court of Appeal, Case Number KLAN201600386, eliminating the imposed Attorney Fees. (Exhibit 2)

Wherefore, Doris Arroyo respectfully request to this Court Deny the objection presented by the Commonwealths of Puerto Rico to disallow the pending case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15 day of June, 2021.

**VÍCTOR M. BERMÚDEZ PÉREZ ESQ.**
**USDC-P.R. NO. 219510**
Urb. Villa Andalucía, A-22 Calle Ronda
San Juan, PR 00926
Tel.: (939) 599-1891
bermudezperez_law@yahoo.com

PAG. 02

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

Exhibit 1

ARROYO VELEZ, DORIS
DEMANDANTE
VS.
DEPARTAMENTO DE LA FAMILIA
DEMANDADO

CASO: K PE2005-3780
SALON: 0505

PROCEDIMIENTOS ESPECIALES
DESPIDO INJUSTIFICADO
CAUSAL/DELITO

LIC. RODRÍGUEZ GONZÁLEZ LIMARY (Lob)
PO BOX 9020192
SAN JUAN, PR 00902-0192

NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 23 DE FEBRERO DE 2015, QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA DE 03 DE MARZO DE 2015.

BERMUDEZ PEREZ VICTOR M
URB VILLA ANDALUCIA
A22 CALLE RONDA
SAN JUAN, PR 00926

EN SAN JUAN, PUERTO RICO, A 03 DE MARZO DE 2015.

GRISELDA RODRIGUEZ COLLADO   Por: [signature]
----------------------------------------
SECRETARIO
POR: JESSICA MORALES FIGUEROA
----------------------------------------
SECRETARIO AUXILIAR

O.A.T.704-NOTIFICACION DE SENTENCIA

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

| | |
|---|---|
| DORIS ARROYO VÉLEZ<br><br>Demandante<br><br>Vs.<br><br>DEPARTAMENTO DE LA FAMILIA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Demandado | Civil Núm.:<br><br>K PE2005-3780 (505)<br><br>Sobre:<br><br>DAÑOS Y PERJUICIOS |

## DETERMINACIONES DE HECHOS, CONCLUSIONES DE DERECHO Y SENTENCIA

I. INTRODUCCIÓN

   a. El 14 de junio del 2004 la demandante recibió una comunicación de la parte demandada, mediante la cual se le notificaba sobre su destitución de su empleo como Supervisora de Trabajadora Social IV.

   b. El 14 de octubre del 2005 la demandante presentó una Demanda ante este Tribunal, solicitando la restitución a su empleo, su sueldo retroactivo y beneficios marginales desde su despido hasta su restitución y reclamó, además, los Daños y Perjuicios que le fueran ocasionados por la demandada, el pago de salarios y haberes adeudados.

   c. El 15 de noviembre del 2004 la demandante presentó ante la Honorable Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CSARH) una Apelación.

   d. El 31 de enero del 2007 este Honorable Tribunal emitió una Sentencia desestimando, con perjuicio, todas las causas de acción pendientes en este caso.

   e. Mediante Sentencia emitida el pasado 31 de octubre del 2007, notificada el 2 de noviembre de ese mismo año, el Honorable Tribunal de Apelaciones emitió una Sentencia en el caso KLAN2007-00748, mediante

la cual se modificó la Sentencia Apelada, ordenándose comenzar la acción judicial una vez adviniera a ser final y firme el dictamen administrativo.

f. De otra parte, habiendo finalizado el trámite administrativo y siendo final y firme la determinación del Honorable Tribunal de Apelaciones en el caso Número KLRA2013-00394, mediante la cual se determinó que el despido de la demandante fue ilegal, la única controversia pendiente de adjudicarse por este Tribunal es la relativa a la cuantía de la indemnización a la cual tiene derecho la demandante por concepto de los daños y perjuicios sufridos.

g. La vista de Daños se celebró el día 15 de agosto del 2014. Por la parte demandante testificó la propia demandante y su hija, la Srta. Susan M. Pimentel Arroyo. La parte demandada no presentó testigos.

h. Como parte de la prueba documental presentada por la demandante, se presentó el expediente de tratamiento psiquiátrico de la demandante en APS Clinic, cuya autenticidad fue estipulada por la parte demandada.

i. Luego de este Tribunal haber evaluado detenidamente la totalidad de la prueba testifical y documental presentada, a continuación emitimos las siguientes:

## II. DETERMINACIONES DE HECHOS

1. Mediante comunicación con fecha del 14 de octubre, entregada el 15 de octubre del 2004, la demandante fue destituida de su empleo como empleada de carrera de la parte demandada.

2. A la fecha de su destitución, la demandante llevaba cinco (5) años y medio (1/2) como empleada de carrera del Departamento de La Familia. A esa fecha la demandante ocupaba la posición de Supervisora de Trabajadora Social IV.

3. A la fecha de su destitución la demandante devengaba un salario mensual de $2,980.00 mensuales, además de una aportación a su plan médico, vacaciones, bono especial no recurrente y bono de navidad.

2

4. La destitución de la demandante fue realizada en contravención al Manual de Procedimiento Internos sobre Acciones Administrativas de la agencia, vigente a la fecha de los hechos.

5. Las actuaciones de la demandante, por las cuales fue destituida, se realizaron luego de haber sido consultadas y autorizadas por su Supervisora inmediata, la Supervisora Regional, Sra. Nitza Medina.

6. De otra parte, a la fecha de los hechos de este caso el Departamento de la Familia no había aprobado un Manual de Procedimientos para trabajar con menores extranjeros retenidos en Puerto Rico, por lo que no existía un protocolo aplicable al caso atendido por la demandante.

7. Según determinara el Honorable Tribunal de Apelaciones de Puerto Rico en el caso Núm. KLAN2007-00748, la demandada no pudo probar que la parte demandante realizara actos de negligencia que justificaran su despido, por lo que se ordenó su reinstalación.

8. La demandante estuvo separada ilegalmente de su empleo con la parte demandada desde el 15 de octubre del 2004 hasta el 15 de enero del 2014, fecha en que fue reinstalada en su empleo como Trabajadora Social IV de la parte demandada.

9. La demandante fue referida en primera instancia ante la Corporación de Fondo del Seguro del Estado, caso número 04-15-07186-6.

10. Durante el periodo en que estuvo destituida, la demandante recibió tratamiento psiquiátrico con el Dr. Luis A. Ramírez Ruiz y el Dr. Marcos Gómez por condiciones de trastorno depresivo mayor con un cuadro clínico mostrando un estado emocional de tristeza, irritabilidad, coraje, llanto, pérdida de apetito y pérdida de sueño.

11. Durante el periodo en que la demandante estuvo destituida de su empleo con la parte demandada, ésta se separó de sus hijas, las cuales se fueron a vivir con una tía materna.

12. Luego de ésta haber sido destituida, la demandante sufrió largos y angustiosos periodos de depresión y confusión, lo que le provocó que no

3

pudiera descansar de manera adecuada, así como tampoco relacionarse con su familia y amistades.

A base de las anteriores Determinaciones de Hechos, emitimos las siguientes:

### III. CONCLUSIONES DE DERECHO

A) Según quedara evidenciado y adjudicado por el Honorable Tribunal de Apelaciones en el caso Número KLRA2013-00394, la destitución de la demandante fue realizada en contravención al Manual de Procedimiento Internos sobre Acciones Administrativas de la agencia, vigente a la fecha de los hechos.

B) Las actuaciones de la demandante por las cuales fuera destituida se realizaron por ésta, luego de haber sido consultadas y autorizadas por su Supervisora inmediata, la Supervisora Regional, Sra. Nitza Medina.

C) A la fecha de los hechos de este caso el Departamento de la Familia no había aprobado un Manual de Procedimientos para trabajar con menores extranjeros retenidos en Puerto Rico, por lo que no existía un protocolo aplicable. Siendo esta la situación, la demandante no violentó Ley o Reglamento alguno, por lo que su destitución era improcedente. De hecho, estas alegaciones fueron esclarecidas y resueltas a favor de la parte demandante por el Honorable Tribunal de Apelaciones en el caso número KLRA2013-00394. Habiéndose resuelto la ilegalidad de su destitución, la única controversia restante es que este Honorable Tribunal determine la indemnización que le corresponde a la demandante por los daños y perjuicios alegados y sufridos.

D) Procede el análisis de los remedios a los cuales entendemos tiene derecho la parte demandante. A base de un examen racional de la prueba presentada, se configuró la causa de acción de despido ilegal, especificada en el Informe de Conferencia con Antelación al Juicio, radicado y aprobado por este Tribunal.

E) El Tribunal Supremo ha resuelto que el proceso de estimación y valoración de daños es difícil y angustioso. No existe sistema mecánico que permita llegar a un resultado exacto y satisfactorio para todas las partes. *Blas Toledo vs. Hospital Nuestra Señora de Guadalupe*, 146 D.P.R. 267 (1998). De otra parte, la

4

responsabilidad civil en daños y perjuicios es resarcir al damnificado, otorgándole un valor económico al daño sufrido. Este consiste en atribuir al perjudicado dinero suficiente para compensar su interés perjudicado. Es una especie de subrogación real en que el dinero ocupa el lugar de los daños y perjuicios sufridos, y una atribución pecuniaria que crea una situación patrimonial equivalente a la destruida por el daño causado. *Rivera Rodríguez, et al vs. Tiendas Pitusa*, Inc., 148 D.P.R. 695 (1999).

Bajo el Artículo 1802 del Código Civil de Puerto Rico, la demandante también tiene derecho a la reparación del daño causado. Daño es todo aquel menoscabo material o moral que sufre una persona ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en infracción a una norma jurídica y por lo cual ha de responder otra. *Santini Rivera, et al Vs. Ser. Air, Inc.*, 137 DPR 1 (1994).

En el caso de autos, para la valoración de los daños por angustias mentales sufridos por la demandante se requiere que se tome en cuenta la intensidad y duración de los daños. Sobre la duración de los daños, ya hemos determinado que, luego de ésta haber sido destituida, la demandante sufrió largos y angustiosos periodos de depresión y confusión, lo que le provocó que no pudiera descansar de manera adecuada, así como tampoco relacionarse con su familia y amistades. Sobre esas condiciones la demandante recibió tratamiento psiquiátrico con el Dr. Luis A. Ramírez Ruiz y el Dr. Marcos Gómez por condiciones de trastorno depresivo mayor con un cuadro clínico mostrando un estado emocional de tristeza, irritabilidad, coraje, llanto, pérdida de apetito y perdida de sueño. Además, durante el periodo en que la demandante estuvo destituida de su empleo con la parte demandada, ésta se separó de sus hijas, las cuales se fueron a vivir con una tía materna.

Procede, además, la imposición de una suma equivalente a un 25% de las sumas concedidas por concepto de honorarios de abogados, además de las costas del proceso.

Por lo antes expuesto condenamos al demandado al pago de $15,000.00 por los daños sufridos por la demandante. Así también se concede el 25% de la referida indemnización por concepto de honorarios de abogados y las costas del proceso.

**REGÍSTRESE Y NOTIFÍQUESE.**

En San Juan, Puerto Rico, hoy 23 de febrero de 2015.

MELBA D. AYALA ORTIZ
**JUEZA SUPERIOR**

CERTIFICO
SECRETARIA GENERAL
GRISELDA RODRIGUEZ COLLADO
POR: *Jessica Morales Figueroa*
Secretaria Auxiliar

6

Case:17-03283-LTS Doc#:17216 Filed:07/02/21 Entered:07/02/21 16:06:15 Desc: Main Document Page 13 of 20

Exhibit 2

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
REGION JUDICIAL DE SAN JUAN

CASO NUM. KLAN201600386

SOBRE: APELACION CIVIL

ARROYO VELEZ, DORIS

VS

DEPARTAMENTO DE LA FAMILIA
* * * * * * * * * * * * * * * * *

LIC. VICTOR M BERMUDEZ PEREZ
URB VILLA ANDALUCIA
A22 CALLE RONDA
SAN JUAN PR 00926

NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA DE 14 DE JUNIO DE 2016, QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA 20 DE JUNIO DE 2016.

DEPARTAMENTO DE LA FAMILIA - DIVISION LEGAL
PO BOX 11398 SAN JUAN PR 00910
LIC. CARMEN A RIERA CINTRON - PO BOX 9020192
SAN JUAN PR 00902-0192
HONORABLE PROCURADOR GENERAL -
PO BOX 9020192 SAN JUAN PR 00902-0192
SECRETARIO GENERAL SAN JUAN (SUP) -
PO BOX 190887 SAN JUAN PR 00919
LIC. LIMARY RODRÍGUEZ GONZÁLEZ - PO BOX 9020192
SAN JUAN PR 00902-0192

SAN JUAN, PUERTO RICO, A 20 DE JUNIO DE 2016.

DIMARIE ALICEA LOZADA
_____
SECRETARIO

POR: SUHEIL TORRES SANTIAGO
_____
SECR. AUX. TRIB. I
CONT. CASO NUM. KLAN201600386

OAT 704-1 - NOTIFICACION DE SENTENCIA-TA

OAT 704-1 - NOTIFICACION DE SENTENCIA-TA

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN-CAGUAS
PANEL II

| DORIS ARROYO VÉLEZ  Apelado  v.  DEPARTAMENTO DE LA FAMILIA, ESTADO LIBRE ASOCIADO DE PUERTO RICO  Apelante | KLAN201600386 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan  Caso Núm.: K PE2005-3780  Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Juez Fraticelli Torres, la Juez Ortiz Flores y el Juez Ramos Torres.

Ramos Torres, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a |4| de junio de 2016.

Comparece ante nos el Estado Libre Asociado de Puerto Rico (ELA) por sí y en representación del Departamento de la Familia, y nos solicita que se le exima del cumplimiento de la sentencia dictada el 23 de febrero de 2015 por el Tribunal de Primera Instancia, Sala de San Juan (TPI), mediante la cual se le impuso el pago de $3,750.00 por concepto de honorarios de abogado por temeridad.

Veamos de manera sucinta el tracto procesal pertinente a la controversia ante nuestra consideración.

I.

El 14 de octubre de 2015, la parte demandante presentó una demanda[1] ante el TPI, bajo el título "Despido Ilegal, Daños y Perjuicios. Conforme a sus alegaciones, el 15 de octubre de 2004 fue despedida de su empleo en el Departamento de la Familia.[2] Se adujo para su despido el no haber realizado "eficientemente y con diligencia las tareas y funciones

---

[1] Apéndice del Recurso, págs. 3-6.
[2] Al momento de su despido ocupaba el puesto de Supervisora de Trabajo Social I en la Oficina Local de Carolina II para la Administración de Familias y Niños del Departamento de la Familia. Id, pág. 4.

asignadas a su puesto y otras asignadas a su puesto y otros compatibles con estas que se le asignen".[3]

Luego de los trámites de rigor, el que incluye dos recursos de apelación (KLAN201500989 y KLAN200700748), más un recurso de revisión administrativa (KLRA201300394), el TPI dictó sentencia a favor de la parte demandante (apelada).

Mediante el recurso de revisión administrativa KLRA201300394, un panel hermano ordenó la restitución de empleo a la apelada más los haberes dejados de percibir y de modo retroactivo. Una vez este dictamen advino final y firme, el 15 de agosto de 2014 el TPI celebró una vista para adjudicar la única controversia pendiente, es decir, la fijación de los daños.

El 23 de febrero de 2015, el TPI dictó sentencia condenando al ELA al pago de $15,000 por los daños sufridos por la demandante, más el pago del 25% de la referida compensación por concepto de honorarios de abogado ($3,750), así como el pago de las costas del proceso.

Es de esta determinación que recurre ante nos el ELA y le imputa al foro de instancia el siguiente error:

> Incidió el Tribunal de Primera Instancia al condenar a la parte demandada-apelante al pago de $3,750.00 por concepto de honorarios de abogado, computados a base del 25% de la compensación en daños otorgada a la parte demandante.

II.

Es la contención del ELA, que independientemente de que el TPI no haya hecho determinación de frivolidad o temeridad no procede la imposición de honorarios al ELA en el presente caso.

III.

La Regla 44.1 de las de Procedimiento Civil dispone en lo pertinente:

---
[3] Id.

(d) *Honorarios de abogado*. En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, <u>excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado</u>.

32 L.P.R.A. Ap. V, R. 41.4. (Énfasis nuestro.)

La "temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia . . ." H. Sánchez, Rebelde Sin Costas, 4 (2) Boletín Judicial 14 (1982). Véase <u>Fernández v. San Juan Cement Co., Inc.</u>, 118 D.P.R. 713, 718 (1987).

El propósito principal de autorizar la imposición de honorarios de abogado en casos de temeridad es la de establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en un actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir molestias, gastos, trabajo e inconveniencias de un pleito. <u>Fernández v. San Juan Cement Co., Inc., supra.</u> (citas omitidas).

Por otro lado, la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 L.P.R.A. secs. 3077 a *et al.*, contempla las demandas contra el ELA en busca de resarcimiento de daños y perjuicios causados por las acciones u omisiones negligentes de sus funcionarios y empleados. No obstante, la jurisprudencia ha sostenido que esta ley no autoriza que se imponga en una sentencia honorarios de abogados al ELA por temeridad. Nuestro más alto Foro ha señalado que la imposición de honorarios de abogado al ELA y sus instrumentalidades está limitada por la doctrina de Inmunidad

Soberana. Colondres Vélez v. Bayrón Vélez, 114 D.P.R. 833 (1983), citado en Ortiz y otros v. Mun. de Lajas, 153 D.P.R. 744, 755 (2001).

Así pues, la doctrina de la obligatoriedad del precedente *(stare decisis)* nos obliga en el presente caso. Mientras el Tribunal Supremo no revoque o modifique una doctrina establecida en sus decisiones, los tribunales de menor jerarquía están obligados a seguirla en la resolución de los casos. Ronald D. Swanson Cerna y otros v. Juan Carlos Méndez, Secretario de Hacienda y el E.L.A. de Puerto Rico, resuelto el 22 de octubre de 2015, 2015 TSPR 142, 193 D.P.R. ___; Capestrany v. Capestrany, 66 D.P.R. 764, 767 (1946).

Por lo dicho, aunque la Regla 44.1 autoriza la imposición de honorarios por temeridad al Estado, la Ley 104 los exime de esa sanción. No procede la imposición en este caso.

IV.

Por los fundamentos antes expuestos, se modifica la sentencia recurrida a los únicos fines de eliminar la disposición que le impone al ELA el pago de honorarios de abogado por temeridad.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

Victor M. Bermudez GSS
#A-22 Ronda St
Villa Andalucia, San Juan, P.R.,
00926


7020 1810 0000 9759 7475



U.S. POSTAGE PAID
FCM LG ENV
SAN JUAN, PR
00918
JUN 15, 21
AMOUNT
**$5.00**
R2304M112151-12

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR
2021 JUN 17 PM 4:04

U.S. District Court
Clerk's Office
United States District Court
Room 150 - Federal Bldg.
150 Carlos Chardon Ave.
San Juan, P.R., 00918-1767

**CLERK'S OFFICE**
UNITED STATES DISTRICT COURT
ROOM 150 FEDERAL BLDG
SAN JUAN PR 00918-1767

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300



Hasler
06/21/2021
US POSTAGE $01.80
FIRST-CLASS MAIL
ZIP 00918
011D11607543



-R-T-S- 009262012-1N 06/28/21
RETURN TO SENDER
VACANT
UNABLE TO FORWARD
RETURN TO SENDER

Victor M. Bermudez Perez, Esq.
#A-22 Ronda St.
Urb. Villa Andalucia
San Juan, PR 00926