UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

ORDER DENYING MOTIONS OF YASHEI ROSARIO FOR
RECONSIDERATION OF MEMORANDUM ORDER DENYING MOTION OF
YASHEI ROSARIO FOR RELIEF FROM THE AUTOMATIC STAY (DOCKET ENTRY NO. 13597)

Before the Court are two motions (Docket Entry Nos. 17224 and 17226 in Case No. 17-3283,[2] the "Motions") filed by Yashei Rosario (the "Movant"),[3] which the Court construes as moving for reconsideration of this Court's *Memorandum Order Denying Motion of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283.

[3] It is unclear whether the Development Socioeconomic and Conservation Fideicomiso of Vieques DESCO, Inc. is a movant with respect to the Motions. For the avoidance of doubt, the Motions are denied in their entirety.

*Yashei Rosario for Relief from the Automatic Stay (Docket Entry No. 13597)* (Docket Entry No. 13990, the "Memorandum Order"). The Court has carefully considered the Motions. For the following reasons, the Motions are denied insofar as they seek reconsideration of this Court's earlier determination to deny Movant relief from the automatic stay.

Although the Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration, a motion seeking the reconsideration of a judgment or order is considered either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[4] See Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 322-24 (D.P.R. 2005); In re Pabon Rodriguez, 233 B.R. 212, 219 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. at 220; see also Villanueva-Mendez, 360 F. Supp. at 324 ("[I]n interest of finality, at least at the district court level, motions for reconsideration should be granted sparingly because parties should not be free to relitigate issues a court has already decided."). A district court may, however, grant a party's motion for reconsideration in three situations: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Villanueva-Mendez, 360 F. Supp. at 324.

---

[4]   Rules 59 and 60 of the Federal Rules of Civil Procedure are made applicable in these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2170, by way of Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, respectively.

Here, Movant has not demonstrated that any of the above factors warrant the relief requested in the Motions. Movant does not proffer any newly discovered, relevant evidence justifying reconsideration, nor does Movant cite to any changes in controlling law. Moreover, Movant has not identified any facts overlooked by this Court, nor identified any law that was not previously examined by this Court. Nor were the Motions asserted "within a reasonable time," as required by Rule 60(c) of the Federal Rules of Civil Procedure, given that the Memorandum Order was entered on August 5, 2020. The Motions are therefore denied.

This Order resolves Docket Entry Nos. 17224 and 17226 in Case No. 17-3283.

SO ORDERED.

Dated: July 9, 2021

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge