# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF Nos. 16756, 17187, & 17229** |

**SUPPLEMENT TO OMNIBUS REPLY OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO OBJECTIONS TO AMENDED JOINT MOTION FOR ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE AND CONFIRMATION SCHEDULE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS, AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING, ELECTION, AND CONFIRMATION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Court Judge Laura Taylor Swain**:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as Title III representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), respectfully submits this supplemental brief (this "Supplement") in compliance with the *Order to Supplement Omnibus Reply of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Objections to Amended Joint Motion for Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 17229] (the "Order"). In support of this Supplement, the Debtors respectfully state as follows:

## Supplement[3]

1. Pursuant to the Order, the Court directed the Oversight Board to:

(a) more fully identify the provisions within the *Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17194] (the "Plan")

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Omnibus Reply of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Objections to Amended Joint Motion for Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving*

2

or the *Disclosure Statement for the Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 17192] (the "Disclosure Statement") that the Oversight Board believes resolve or address the objections identified under the category of "Releases" on pages 12 to 17 of the reply chart to the Omnibus Reply (the "Reply Chart"); and

(b) explain how, and to what extent, sections 1.255 and 1.256[4] of the Plan resolve the objections filed by Ambac, the DRA Parties, and the US Bank, as those parties and their objections are identified and defined in the Omnibus Reply and in the Reply Chart.

*Claims Against Non-Debtor Instrumentalities*

2. Various parties[5] objected to the Disclosure Statement's description of the releases and exculpation proposed to be granted pursuant to the Plan. In particular, Ambac's, the DRA's, and U.S. Bank's objections relate to whether the Plan releases non-Debtor instrumentalities that issued their own bonds—HTA, CCDA, PRIFA, UPR, and PFC, among others. Ambac Obj. at 27-33; DRA Obj. at 34-35; U.S. Bank (PREPA) Obj. at 5-8; U.S. Bank (PRIFA) Obj. at 11-13; U.S. Bank (UPR) Obj. at 7-9; U.S. Bank (PFC) Obj. at 22-23. The Plan has been revised to clarify that it does not release the non-Debtor instrumentalities from Claims against or bonds issued by these instrumentalities, except to the extent such Claims are CW/Convention Center Claims, CW/HTA Claims, CW/MBA Claims, CW/PRIFA Rum Tax Claims, and CW Appropriations Claims. Section 1.262 of the Plan provides:

> . . . "Government Released Claims" shall not include any and all rights, privileges, Claims, demands, liabilities, or Causes of Action of any and every kind, character or nature whatsoever . . . (c) arising from or related to claims or bonds issued, or contracts or leases entered into, by CCDA, HTA, MBA, PFC, PRASA, PRIFA, UPR

---

*Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 17187] (the "Omnibus Reply").

[4] The Reply Chart inadvertently referenced sections related to an interim and not filed version of the Plan. The correct references are Sections 1.262 and 1.263, respectively. The Oversight Board regrets the error.

[5] The UCC also asserts the Disclosure Statement does not explain how much value is being "left on the table" in connection with the Debtors' release of the Invalidity Actions. Reply Chart at 15. The release of such claims is justified in light of the global settlement contemplated by the Plan, which settlement is appropriately considered at confirmation.

3

> and PREPA, other than CW/Convention Center Claims, CW/HTA Claims, CW/MBA Claims, CW/PRIFA Rum Tax Claims, and the CW Appropriations Claims.

Section 1.263 of the Plan provides:

> . . . "Government Releasees" shall not include CCDA, HTA, MBA, PFC, PRASA, PRIFA, UPR and PREPA solely with respect to any Claims against or bonds issued by such Entities, other than CW/Convention Center Claims, CW/HTA Claims, CW/MBA Claims, CW/PRIFA Rum Tax Claims, and related to the CW Appropriations Claims.

Section 1.391 of the Plan provides:

> . . . "Released Claims" shall not include claims against CCDA, HTA, MBA, PFC, PRASA, PRIFA, UPR, and PREPA.

3. In addition, while the definition of "Released Parties" set forth in Section 1.392 of the Plan includes "Related Persons" of the Government Parties, the definition of "Related Persons" was revised as set forth below to remove reference to "Affiliates" that U.S. Bank[6] asserted would extend the Plan releases to non-Debtor instrumentalities (*see* Plan § 1.390):

> **Related Persons**: With respect to any Entity (including for the avoidance of doubt, the Commonwealth and the Government Parties), its predecessors, successors and assigns (whether by operation of law or otherwise) and their respective ~~current and former Affiliates and such Entity's and its current and former Affiliate's~~ current and former employees, managers, elected or appointed officials, directors, officers, board members, principals, members, equity holders . . . .

Accordingly, the Plan does not, and the Debtors do not intend to, release claims against non-Debtor instrumentalities.

4. Similarly, the UCC raises various objections with respect to the Disclosure Statement's description of the injunction provided pursuant to the Plan §§ 88.3, 88.6, and 88.11

---

[6] *See* U.S. Bank (PREPA) Obj. ¶ 9.

("Injunction on Claims," Injunction Related to Releases," and "Supplemental Injunction."). UCC Obj. at 47-48. These injunctions apply to only Claims and Causes of Action proposed to be released pursuant to the Plan, which do not include claims against non-Debtor instrumentalities, except as described in paragraphs 2 and 3 above. The UCC also argues the exculpation set forth in Section 88.8 of the Plan should not apply to non-fiduciaries. The Oversight Board believes the exculpation provisions of the Plan are reasonable and appropriate given the circumstances, which determination is appropriately resolved at plan confirmation.

*Underwriter Actions*

5. The Underwriter Defendants assert the Plan is patently unconfirmable because it could extinguish the Underwriter Defendants' defenses in certain litigations. Underwriter Obj. at 11-19. To address this concern, the Debtors added Section 88.2(e) to the Plan, which clarifies that the Plan does not limit the rights of the Underwriter Defendants in such litigations. Section 88.2(e) provides:

> **Underwriter Action**. Notwithstanding anything contained herein or in the Confirmation Order to the contrary, except as may be precluded pursuant to the provisions of PROMESA, nothing herein is intended, nor shall it be construed, to limit the rights of the plaintiffs and defendants, including, without limitation, the Underwriter Defendants, from asserting their rights, claims, causes of action and defenses in the Underwriter Actions.

Accordingly, the Plan does not, and the Debtors do not intend to, limit the rights and defenses of the Underwriter Defendants in the Underwriter Actions.

**WHEREFORE** the Debtors respectfully request entry of an order substantially in the form of the Revised Disclosure Statement Order.

5

Dated: July 9, 2021
    San Juan, Puerto Rico

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*