ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE BAYAMON

VAZQUEZ RODRIGUEZ, GISELA
DEMANDANTE
VS.
POLICIA DE PR
DEMANDADO

CASO:D AC2014-0647
SALON:0401

ACCION CIVIL
IMPUGNACION DE CONFISCACION
CAUSAL/DELITO

LIC. LEÓN CAMACHO CARLOS I.
JARDINES DE TOA ALTA #47
TOA ALTA, PR 00953

NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 08 DE SEPTIEMBRE DE 2015, QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA DE 10 DE SEPTIEMBRE DE 2015.

CRUZ RUIZ ALBERTO
APARTADO 9020192
SAN JUAN, PR 00902-0192

EN BAYAMON, PUERTO RICO, A 10 DE SEPTIEMBRE DE 2015.

RUTH APONTE COTTO
---------------------------------------
SECRETARIO

POR: LUZ E. AMADOR RUIZ
---------------------------------------
SECRETARIO AUXILIAR

O.A.T.704-NOTIFICACION DE SENTENCIA

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE BAYAMON

| | |
|---|---|
| GISELA VÁZQUEZ RODRÍGUEZ<br><br>DEMANDANTE<br><br>V.<br><br>POLICÍA DE PUERTO RICO; ESTADO LIBRE ASOCIADO<br><br>DEMANDADO | CIVIL NÚM.: D AC2014-0647 (401)<br><br>SOBRE:<br><br>IMPUGNACIÓN DECONFISCACIÓN |

# SENTENCIA

La parte demandante Gisela Vázquez Rodríguez radicó demanda el 10 de marzo de 2014, contra las partes codemandadas Policía de Puerto Rico y el Estado Libre Asociado de Puerto Rico, en adelante ELA, impugnando la confiscación del vehículo de motor marca Mitsubishi modelo Outlander, año 2004, tablilla FXC075. En su demanda, la parte demandante alegó que el 30 de marzo de 2013, la Policía de Puerto Rico y el ELA confiscaron el vehículo antes descrito, cuando el Sr. Raúl Vázquez Rodríguez, hermano de la demandante, lo sustrajo de su residencia sin su autorización ni conocimiento, y alegadamente lo operaba mientras poseía sustancias controladas. Incluso alegó la demandante que el Sr. Raúl Vázquez Rodríguez actuó de forma independiente y en contra de sus instrucciones a los efectos de que el vehículo no debía ser utilizado sin su autorización. Alegó además, que cuando ocurren los hechos que motivaron la confiscación del vehículo, ésta se encontraba en su trabajo totalmente ajena de lo que sucedía.

Finalmente aduce la demandante, que a pesar de que a la fecha de radicación de la Demanda había transcurrido el término jurisdiccional de 30 días dispuesto en ley para ello, el ELA no le notificó la confiscación conforme a Derecho.

Oportunamente, compareció la parte demandada ELA mediante moción solicitando la desestimación del pleito. En síntesis alegó que cumpliendo con su



deber ministerial, la Junta de Confiscaciones del Departamento de Justicia notificó la confiscación del vehículo relacionado con este caso el 29 de abril de 2013, a Gisela Vázquez Rodríguez a su dirección postal y la misma fue devuelta el 3 de junio de 2013 al no ser reclamada. También se le notificó a la dirección residencial la que fue devuelta en las mismas condiciones. Además, se le notificó al hermano de la demandante, a su dirección residencial, también con el mismo resultado. Argumentó el ELA que todas las notificaciones se realizaron mediante correo certificado y a la dirección que surge del expediente de confiscación. Continúa la demandada arguyendo, que la demandante contaba con 30 días a partir del recibo de las notificaciones sobre confiscación para radicar la impugnación de la misma. Este término es de carácter jurisdiccional. Que el término de la demandante para radicar su impugnación vencía el 3 de julio de 2013 y que habiendo presentado su demanda el 10 de marzo de 2014, dicho término jurisdiccional de 30 días venció por lo que procede la desestimación de la demanda.

La parte demandante oportunamente, presentó su oposición a la moción de desestimación diciendo que en este caso el ELA, nunca notificó la confiscación al dueño registral del vehículo relacionado con este caso.

Ambas partes presentaron prueba documental en apoyo a sus alegaciones. Así quedó trabada la controversia entre las partes en cuanto a cómo argumenta el ELA, si procede la desestimación del pleito por haberse radicado la demanda luego de transcurrido el término jurisdiccional de 30 días para ello, luego de notificada la confiscación del vehículo de motor, o si por el contrario como argumenta la demandante, procede declarar Ha Lugar la demanda por falta de notificación adecuada de dicha confiscación.

No obstante y previa la resolución de esta controversia, el ELA nos solicitó resolver si la parte demandante tenia legitimación activa para comparecer como demandante y a tales efectos solicitó además, la celebración de una vista en sus méritos que atendiera tal contención.

El 19 de febrero de 2015 se celebró la vista y luego de examinada detenidamente la prueba testifical y documental presentada por ambas partes, expedimos Resolución y Orden del 21 de mayo de 2015. Por las determinaciones de hechos y fundamentos en Derecho contenidos en dicha resolución, determinamos que la demandante posee legitimación activa para comparecer como demandante en el pleito.

Habiéndose resuelto la controversia sobre legitimación activa y habiendo quedado sometidas la moción de desestimación presentada por el ELA y la oposición presentada por la demandante, estamos en posición de resolver sumariamente si procede la desestimación del pleito por haberse radicado la demanda luego de transcurrido el término jurisdiccional de 30 días para ello, luego de notificada la confiscación del vehículo de motor, o si por el contrario, procede declarar Ha Lugar la demanda por falta de notificación adecuada de dicha confiscación.

Luego de examinar detenidamente la totalidad del expediente judicial el tribunal admite como prueba documental los siguientes Exhibits:

*Exhibit* 1. Licencia del vehículo confiscado

*Exhibit* 2. Título de propiedad del vehículo

*Exhibit* 3. Sobre y tarjeta de la oficina postal dirigidas a Gisela Vázquez Rodríguez PO Box 998, Toa Baja, PR 00954,

*Exhibit* 4. Sobre y tarjeta de la oficina postal, dirigidas a Gisela Vázquez Rodríguez Parcela 113 Calle 13, Bo. San José, Toa Baja, PR 00949.

*Exhibit* 5. Sobre y tarjeta de la oficina postal, dirigida a Raúl Vázquez Rodríguez, Parcela 113 Calle 13, Bo. San José, Toa Baja, PR 00949.

*Exhibit* 6. Carta del 29 de abril de 2013 dirigida a Gisela Vázquez Rodríguez, PO Box 998, Toa Baja, PR 00949 de Junta de Confiscaciones del Departamento de Justicia del ELA suscrita por José M. Tous Cardona.

*Exhibit* 7. Carta del 29 de abril de 2013 dirigida a Gisela Vázquez Rodríguez, Parcela 113 Calle 13 Bo. San José, Toa Baja, PR 00949 de Junta de Confiscaciones del Departamento de Justicia del ELA suscrita por José M. Tous Cardona.

*Exhibit* 8. Carta del 29 de abril de 2013 dirigida a Raúl Vázquez Rodríguez, Parcela 113 Calle 13 Bo. San José, Toa Baja, PR 00949 de Junta de



Confiscaciones del Departamento de Justicia del ELA suscrita por José M. Tous Cardona.

La REGLA 36. SENTENCIA DICTADA SUMARIAMENTE, de las de Procedimientos Civil dispone en lo pertinente:

**Regla 36.2. A favor de la parte contra quien se reclama**

Una parte contra la cual se haya formulado una reclamación podrá, a partir de la fecha en que fue emplazada pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.

**Regla 36.3. Moción y procedimiento**

(a) La moción de sentencia sumaria será notificada a la parte contraria y deberá contener lo siguiente:

(1) una exposición breve de las alegaciones de las partes;
(2) los asuntos litigiosos o en controversia;
(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
(6) el remedio que debe ser concedido.

(b) La contestación a la moción de sentencia sumaria deberá ser presentada dentro del término de veinte (20) días de su notificación y deberá contener lo siguiente:

(1) lo indicado en los subincisos (1), (2) y (3) del inciso anterior;
(2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal, y

> (4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.
> (c) Cuando se presente una moción de sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede.
> (d) Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone esta regla. El tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos.
> (e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente. El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito. Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal.

La figura jurídica de la sentencia sumaria según contenida en la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 36, ha sido ampliamente discutida por nuestro Tribunal Supremo y en resumen se ha resuelto que esta regla autoriza a un tribunal a dictar sentencia sumaria en un caso, cuando de los documentos y declaraciones sometidas en apoyo del escrito quedare demostrado que no existe controversia real sustancial en cuando a ningún hecho material y que solo resta aplicar el derecho. La sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito. Consejo de Tit. C. Parkside v. MAGIC financial Corporation, 128 D.P.R. 538.



También se ha resuelto que el propósito de la sentencia sumaria es "aligerar la conclusión de los pleitos eliminando el juicio en su fondo, pero siempre y cuando no exista una legítima disputa de hecho a ser dirimida, de modo que lo restante sea aplicar el derecho solamente." Jusino Figueroa v. Walgreens de San Patricio Inc., 155 D.P.R. 560.

Además, sobre esta Regla 36 " establece que se podrá dictar sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostrasen que no hay controversia real sustancial en cuanto a ningún hecho medular y que, como cuestión de derecho, debe dictarse sentencia sumaria a favor de la parte promovente." Jusino Figueroa v. Walgreens de San Patricio Inc., supra.

Una vez que el escrito de sentencia sumaria ha sido presentado y se sostenga en la forma provista por la Regla 36 de las de Procedimiento Civil, supra, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma detallada y especifica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que en efecto existe una controversia real que debe ser dilucidada en un juicio. Regla 36.5 de las de Procedimiento Civil, supra; P.F.Z. Properties v. General Accidente Insurance Corp., 136 D.P.R. 881.

En este caso la parte contra la cual se reclamó, o sea, el ELA radicó una Moción de Desestimación en la cual enumeró los hechos sobre los cuales no hay controversias. La parte demandante igualmente en su moción en oposición enumeró aquellos hechos sobre los cuales no hay controversia. También ambas partes acompañaron con sus mociones aquella evidencia que demuestra la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente sobre la totalidad de la reclamación. Por lo que acogemos la Moción de Desestimación radicada por el ELA como una solicitando se dicte sentencia sumariamente.

Por otro lado, la Ley Uniforme de Confiscaciones número 119 del 12 de julio de 2011 dispone en el Artículo 13.- Bienes confiscados – Notificación de la confiscación de la Ley Uniforme de Confiscaciones de 2011:

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
>
> a) …
>
> b) …
>
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
>
> d) …
>
> Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.

En el caso *Banco Bilbao Vizcaya vs. Estado Libre Asociado de Puerto Rico* CC-2010-100 nuestro Tribunal Supremo se expresó en cuanto al requisito de notificación

> Cuando la propiedad confiscada es un vehículo de motor, hemos expresado que el funcionario de la agencia del orden público, bajo cuya autoridad se efectúa la ocupación, está obligado a notificar este hecho al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación haya presentado su contrato para ser archivado en dicho Registro. First Bank v. E.L.A., 164 D.P.R. 835, pág. 844 (2005). A tales efectos, el Art. 4

También en el caso *Aida L. López Rivas, vs. Anabelle Rodríguez* 2004 TSPR 109 se resolvió:

> El requisito estatutario de notificación a cada una de estas personas persigue el propósito de salvaguardar los derechos constitucionales de una parte que tenga interés en la propiedad confiscada y brindarle la oportunidad de levantar y probar las defensas válidas que pueda tener.

En virtud de la prueba admitida el Tribunal establece las siguientes:

DETERMINACIONES DE HECHOS

El 30 de marzo de 2013, el ELA a través de la Policía de Puerto Rico ocupó para fines confiscatorios el vehículo de motor marca Mitsubishi, modelo Outlander,



tablilla FXC075, del año 2004. El 29 de abril de 2013, el ELA remitió dos cartas en las que notificaba la confiscación del vehículo de motor descrito dirigidas a la demandante, Gisela Vázquez Rodríguez, a las siguientes direcciones: PO Box 998, Toa Baja, PR 00949 y Parcela 113 Calle 13, Bo. San José, Toa Baja, PR 00949 y una tercera dirigida al hermano de la demandante, Raúl Vázquez Rodríguez Parcela 113 Calle 13, Bo. San José, Toa Baja, PR 00949. Todas las comunicaciones emitidas por el ELA le fueron devueltas por la oficina postal con la indicación "no such address" y/o "unclaimed".

Según el Registro de Vehículos de Motor del Departamento de Transportación y Obras Públicas de Puerto Rico, la dueña registral del vehículo confiscado es Gisela Vázquez Rodríguez y su postal es PO Box 998, Toa Alta, PR 00954 y su dirección residencial es Bo. San José, 113 Calle 13, Toa Baja, Puerto Rico 00951. La demandante y dueña registral no recibe correspondencia en esta última dirección, debido a que no es dirección postal y no cuentan con facilidades para la entrega de correspondencia, entiéndase un buzón. El hermano de la demandante Raúl Vázquez Rodríguez, no figuraba para la fecha de los hechos que dan lugar a la confiscación del vehículo, ni para la fecha de la radicación de la demanda como dueño registral del susodicho vehículo. No surgen acreedores condicionales del registro de vehículos de motor para el auto descrito.

En este caso y como ya expresáramos la ley y la jurisprudencia establecen que en los casos de confiscaciones de un vehículo de motor, se requiere como requisito que se notifique al dueño registral del vehículo y a su acreedor condicional de existir alguno. Dicha notificación de confiscación deberá hacerse mediante correo certificado con acuse de recibo a la dirección que del dueño surja del registro de vehículos de motor del Departamento de Transportación y Obras Públicas. El ELA notificó la confiscación del vehículo a una dirección que no figuraba como la dirección postal de la demandante y dueña, según tal registro. Dicha notificación así defectuosa es contraria a Derecho e impidió o pudo impedir que la demandante interpusiera su demanda en tiempo afectando su derecho a así hacerlo.

En su consecuencia se declara Ha Lugar la Demanda por no haber el ELA notificado la confiscación del vehículo conforme a Derecho. En su consecuencia se condena y ordena al ELA a devolver el vehículo confiscado, o el pago a la demandante del precio de tasación del vehículo Mitsubishi modelo Outlander, año 2004, tablilla FXC075, a la fecha de su confiscación, mas el interés legal prevaleciente, de conformidad con las Reglas de Procedimiento Civil, tomando como base el valor de tasación, a partir de la fecha de ocupación.

DADA en Bayamón, Puerto Rico hoy 8 de septiembre de 2015.

REGISTRESE Y NOTIFIQUESE

**EDUARDO R. REBOLLO CASALDUC**
**JUEZ SUPERIOR**