**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 17306** |

**NOTICE OF FILING OF FIFTH AMENDED TITLE III
JOINT PLAN OF ADJUSTMENT OF THE COMMONWEALTH
OF PUERTO RICO, *ET AL.* AND CORRESPONDING DISCLOSURE
STATEMENT AND EXECUTIVE SUMMARY OF CHANGES THERETO**

**PLEASE TAKE NOTICE** that, on June 29, 2021, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA")[2] (the Oversight Board, in its capacity as representative of the Commonwealth, ERS, and PBA, is referred to as the "Debtors"), filed the *Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. *(Corrected Version)* [ECF No. 17194] (the "Fourth Amended Plan") and corresponding *Disclosure Statement for the Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. [ECF No. 17192].

**PLEASE TAKE FURTHER NOTICE** that, on July 12, 2021, the Debtors filed the *Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 17306] (the "Fifth Amended Plan") and corresponding *Disclosure Statement for the Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico*, et al. [ECF No. _____].

**PLEASE TAKE FURTHER NOTICE** that a summary of the material changes between the Fourth Amended Plan and the Fifth Amended Plan are as follows:[3][4]

*Changes Affecting Releases*

1. Clarification that "Government Parties" shall not include CCDA, HTA, MBA, PFC, PRASA, PRIFA, UPR, and PREPA solely with respect to any Claims against or bonds issued by such Entities, which limits, among other things, the scope of the releases being granted pursuant to the Fifth Amended Plan. Fifth Amended Plan § 1.263.

2. Clarification that "Releases Claims" is not intended to release, nor shall it have the effect of releasing, any Entity in its capacity as a defendant in any Avoidance Action, including a party to a tolling agreement with the Commonwealth and/or ERS related to such Cause of Action. Fifth Amended Plan § 1.402.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] All capitalized terms not defined herein shall have the meaning ascribed to them in the Fourth Amended Plan or the Fifth Amended Plan, as appropriate.

[4] The executive summary provided herein is qualified entirely by the Fifth Amended Plan, the terms of which shall govern in the case of inconsistency.

2

3. Clarification that claims and causes of action against PREPA arising from or related to PREPA-issued bonds are unaffected the by the Fifth Amended Plan. Fifth Amended Plan § 89.2(a).

4. The Fifth Amended Plan was amended to add a customary carve-out of the United States to enforce its regulatory powers with respect to the environment and the health and safety of the people of Puerto Rico. Fifth Amended Plan § 89.2(e).

*Incorporation of Agreement with the UCC and Prospective Agreement with AMPR*

1. The Fifth Amended Plan contemplates that, in the event that American Federation of Teachers, Asociacion de Maestros de Puerto Rico, and Asociacion de Maestros de Puerto Rico – Local Sindical (collectively, "AMPR") notify the Oversight Board that the Active TRS Participants have ratified the terms set forth in the term sheet annexed to the Fifth Amended Plan as Exhibit F-2 and (B) execute a plan support agreement that incorporates such terms, then on or prior to September 30, 2021:

   a. AMPR shall have its professional fees and expenses reimbursed (Fifth Amended Plan § 3.4); and

   b. Each holder of an Allowed Active TRS Participant Claim shall be entitled to receive on account of such Allowed Active TRS Participant Claim (1) his or her benefits that accrued as of May 3, 2017, as modified pursuant to the Monthly Benefit Modification and the terms set forth on Exhibit F-2 to the Fifth Amended Plan, including, without limitation, the elimination of any cost of living adjustments from and after the Effective Date, and subject to the Benefit Restoration, (2) such additional benefits for service during the period from and after May 4, 2017, in respect of a freeze of pension benefits to be imposed as of the six (6) month anniversary of the Effective Date as set forth on Exhibit F-2 to the Fifth Amended Plan, as applicable, to such holder of an Allowed Active TRS Participant Claim, including the social security benefits defined therein, and (3) the benefits of the terms of a new collective bargaining agreement and all other terms as set forth on Exhibit F-2, in which case any existing collective bargaining agreement(s) with AMPR shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code. Without limiting the foregoing, on or as soon as reasonably practicable from and after the Effective Date, the Active TRS Participants shall receive the additional payments and distributions as set forth on Appendix II to Exhibit F-2. Notwithstanding the forgoing, retirement benefits of teachers hired on or after August 1, 2014 under Act 160-2013 and later transferred to individual segregated accounts under Act 106-2017 shall not be subject to freeze or reduction in accordance with the terms and provisions of the Plan. Fifth Amended Plan § 52.9(a)(ii).

2. The Fifth Amended Plan provides for the treatment of certain individuals who formerly participated in ERS while employed by the Commonwealth or other

3

applicable public employers and have retired under certain voluntary termination programs such that their benefits are currently paid through payroll, as opposed to PayGo, by including the addition of two new Classes: the VTP Payroll Participant Below-Threshold Claims; and the VTP Payroll Participant Above-Threshold Claims. Fifth Amended Plan §§ 1.499, 1.500, 1.501, 1.502, 52.11 & 52.12.

3. The Fifth Amended Plan incorporates the terms of an Amended and Restated Plan Support Agreement by and among the Oversight Board and the GO/PBA PSA Creditors, including updating the definition of "GO/PBA Restriction Fee Percentage" to 1.321%, and eliminating the "GO/PBA PSA Threshold Attainment." Fifth Amended Plan §§ 1.256, 1.259; Fourth Amended Plan § 1.259 (deletion of section).

4. The Fifth Amended Plan incorporates the terms of a settlement with the Creditors' Committee, including:

    a. Increasing the guaranteed aggregate recovery to holders of Allowed CW General Unsecured Claims (the CW GUC Recovery; Fifth Amended Plan § 1.171) to (a) the New CW Cash Consideration (defined below), plus (b) he net recoveries by the Avoidance Actions Trust allocable to the Avoidance Actions CW Interests (Fifth Amended Plan § 59.1), up to the GUC Recovery Cap;

        i. The Net CW Cash Consideration means:

        The amount of Cash equal to Five Hundred Seventy-Five Million Dollars ($575,000,000.00) in Cash, minus (a) up to Fifteen Million Dollars ($15,000,000.00), as determined by the Creditors' Committee at or prior to the Confirmation Hearing in its sole and absolute discretion, as necessary to fund the administration and operation of the Avoidance Actions Trust, (b) such amounts paid to compensate the Creditors' Committee appointees to the Avoidance Actions Trust Board and their counsel in connection with their review and analysis of the claims reconciliation process in accordance with Article LXXIX of the Fifth Amended Plan, which under all circumstances shall not exceed, on an annual basis, Three Million Dollars ($3,000,000.00), and (c) such amount of Cash as is necessary to satisfy the payment of Allowed Convenience Claims in accordance with Article LXIX of the Plan. Fifth Amended Plan § 1.344.

    b. The institution of a "Convenience Cap", establishing $65,000,000 as the amount of consideration available to holders of Allowed Convenience Claims (Fifth Amended Plan § 1.153);

4

  c. Increasing the maximum amount of a "Convenience Claim" from $10,000 to $20,000 (Fifth Amended Plan § 1.154);

  d. Establishing a "GUC Recovery Cap" of 40%, excluding any net recoveries by the Avoidance Actions Trust (Fifth Amended Plan § 1.271);

  e. Establishing a "GUC Reserve" to provide for payments to holders of Allowed CW General Unsecured Claims (Fifth Amended Plan §§ 1.272 & 59.3); and

  f. Any other terms provided for by the Committee Letter. Fifth Amended Plan § 1.138.

5. Clarifies the definition of "CW General Unsecured Claims," to include such portion of an Eminent Domain Claim in excess of accounts on deposit with the Clerk of the Court of First Instance, and expressly carves out from the definition the additional categories of any PBA Bond Claim, Federal Claims, and any Claims by and through the GDB asserted by or through the GDB Debt Recovery Authority, among other carve-outs. Fifth Amended Plan § 1.168.

6. Increases the funding for the Avoidance Actions Trust from $10,000,000 to $15,000,000. Fifth Amended Plan § 75.11.

7. Provides an exculpation for the Creditors' Committee and its Related Persons. Fifth Amended Plan § 89.8(d).

*__Modifications to Classes & Treatment__*

1. The Fifth Amended Plan changes the treatment of the following Classes:

  a. Class 11. The holders of Allowed PBA/DRA Secured Claims are to receive 10% of such Claims in Cash; the Fourth Amended Plan provided for no recovery on such Claims. Fifth Amended Plan § 15.1.

  b. Class 12. The holders of Allowed PBA General Unsecured Claims are to receive 10% of such Claims in Cash; the Fourth Amended Plan provided such Claims were deemed unimpaired and either paid in full or reinstated. Fifth Amended Plan § 16.1.

  c. Class 13. The holders of Allowed PBA/DRA Unsecured Claims are to receive 10% of such Claims in Cash; the Fourth Amended Plan provided for no recovery on such Claims. Fifth Amended Plan § 17.1.

2. The Fifth Amended Plan adds a new class of "Federal Claims," which Claims shall be unimpaired by the Fifth Amended Plan. Fifth Amended Plan §§ 1.228 & 70.1.

3. The Fifth Amended Plan eliminates the Debt Services Reserve Fund and the corresponding Debt Service Reserve Fund Requirement, previously proposed for the benefit of holders of New GO Bonds.  Fourth Amended Plan § 1.186, 1.187 & 70.1(h) (deletion of sections).

4. The Fifth Amended Plan adds a provision that the Confirmation Order must contain to resolve concerns about the tax treatment of CVIs, which provision reads as follows:

> [The Confirmation Order shall p]rovide that payments or redemptions made with respect to the CVIs shall not be subject to any Commonwealth tax or withholding obligation imposed by the Commonwealth now or in the future regardless of whether such payments or redemptions with respect to the CVIs may be exempt from the payment of federal or state taxes, including, without limitation, the twenty-nine percent (29%) Puerto Rico income tax withholding at source that may otherwise be applicable to such payments or redemptions.  Fifth Amended Plan § 83.1(b)(xix).

**PLEASE TAKE FURTHER NOTICE** that a redline comparison showing the changes from the Fourth Amended Plan to the Fifth Amended Plan is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: July 12, 2021<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Brian S. Rosen*<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>*/s/ Hermann D. Bauer*<br><br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors* |

7

# **EXHIBIT A**

Redline