**<u>Exhibit C</u>**

2002 GO Refunding Bond Insurance Policy

Financial Guaranty Insurance
Company
125 Park Avenue
New York, NY 10017
(212) 312-3000
(800) 352-0001

*A GE Capital Company*



# Municipal Bond Partial Maturity
# Secondary Market Insurance Policy

| | |
|---|---|
| **Issuer:  Each of the Issuers described in Schedule I hereto** | **Policy Number:**     03020060 |
| | **Control Number:**    0010001 |
| **Bonds:  Each of the Bonds described in Schedule I hereto** | **Premium:  The premiums listed in Schedule I hereto** |

Financial Guaranty Insurance Company ("Financial Guaranty"), a New York stock insurance company, in consideration of the payment of the premium and subject to the terms of this Policy, hereby unconditionally and irrevocably agrees to pay to U.S. Bank Trust National Association or its successor, as its agent (the "Fiscal Agent"), for the benefit of U.S. Bank Trust National Association, as custodian of Bonds covered by Transferable Custodial Receipt for Insured Bonds and of the records pertaining to insurance beneficiaries under the Custody Agreement (the "Custodian"), that portion of the principal and interest on the above-described debt obligations (the "Bonds") which shall become Due for Payment but shall be unpaid by reason of Nonpayment by the Issuer.

Financial Guaranty will make such payments to the Fiscal Agent on the date such principal or interest becomes Due for Payment or on the Business Day next following the day on which Financial Guaranty shall have received Notice of Nonpayment, whichever is later.  The Fiscal Agent will disburse to the Custodian the face amount of principal and interest which is then Due for Payment, but is unpaid by reason of Nonpayment by the Issuer but only upon receipt by the Fiscal Agent, in form reasonably satisfactory to it, of (i) evidence of the Custodian's right to receive payment of the principal or interest Due for Payment and (ii) evidence, including any appropriate instruments of assignment, that all of the Custodian's rights and the rights of the owner of the Transferable Custodial Receipt for Insured Bonds or the Holder of Insured Bonds, as the case may be, to payment of such principal or interest Due for Payment shall thereupon vest in Financial Guaranty.  Upon such disbursement, Financial Guaranty shall become the owner of the Bond, appurtenant coupon or right to payment of principal or interest on such Bond and shall be full subrogated to all of the Custodian's rights and the rights of the owner of the Transferable Custodial Receipt for Insured Bonds or the Holder of Insured Bonds, as the case may be, thereunder, including the right to payment thereof.

This Policy is non-cancellable for any reason.  The premium on this Policy is not refundable for any reason, including the payment of the Bonds prior to maturity.  This Policy does not insure against loss of any prepayment premium which may at the time be payable with respect to any Bond or the failure of the Custodian to remit amounts received hereunder to the owner of a Transferable Custodial Receipt for Insured Bonds or the Holder of Insured Bonds, as the case may be.  No payment shall be made under this Policy with respect to a Bond if the owner of the Transferable Custodial Receipt for Insured Bonds evidencing ownership of such Bonds or if the holder or owner of such Bond is the Issuer of such Bond.

As used herein, the term "Custody Agreement" means that certain Custody Agreement relating to the Bonds.

FGIC is a registered service mark used by Financial Guaranty Insurance Company under license from its parent company, FGIC Corporation.



Financial Guaranty Insurance
Company
125 Park Avenue
New York, NY 10017
(212) 312-3000
(800) 352-0001

*A GE Capital Company*

## Municipal Bond Partial Maturity
## Secondary Market Insurance Policy

"Due for Payment" means, when referring to the principal of a Bond, the stated maturity date thereof, or the date on which the same shall have been duly called for mandatory sinking fund redemption, and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by mandatory sinking fund redemption), acceleration or other advancement of maturity and means, when referring to interest on a Bond, the stated date for payment of interest. "Holder of Insured Bonds" means the holder or owner, as the case may be, of Bonds insured under this Policy which are not being held by, or for the account of, the Custodian, but as to which the Custodian has the duty under the Custody Agreement of recording the insurance beneficiaries; provided however that the name of such holder or owner is recorded on the books of the Custodian as the insurance beneficiary of said Bonds. "Nonpayment" in respect of a Bond means the failure of the Issuer to have provided sufficient funds to the paying agent of such Bond for payment in full of all principal and interest Due for Payment on such Bond. "Notice" means telephonic or telegraphic notice, subsequently confirmed in writing, or written notice by registered or certified mail, from the Custodian to Financial Guaranty. "Business Day" means any day other than a Saturday, Sunday or a day on which the Fiscal Agent is authorized by law to remain closed. "Transferable Custodial Receipt for Insured Bonds" means Transferable Custodial Receipt for Insured Bonds issued pursuant to the Custody Agreement.

In Witness Whereof, Financial Guaranty has caused this Policy to be affixed with its corporate seal and to be signed by its duly authorized officer in facsimile to become effective and binding upon Financial Guaranty by virtue of the countersignature of its duly authorized representative.

**President**

**Effective Date:** July 29, 2003

Authorized Representative

U.S. Bank Trust National Association acknowledges that it has agreed to perform the duties of Fiscal Agent under this Policy.

**Authorized Officer**

FGIC is a registered service mark used by Financial Guaranty Insurance Company under license from its parent company, FGIC Corporation.

Form 9114 (4/99)                                                                 Page 2 of 2

Case 17-03283-LTS  Doc#17315-3  Filed 07/13/21  Entered 07/13/21 09:29:52  Desc:
Exhibit C  Page 4 of 5

Financial Guaranty Insurance
Company
125 Park Avenue
New York, NY 10017
(212) 312-3000
(800) 352-0001



*A GE Capital Company*

# Endorsement
## To Financial Guaranty Insurance Company
## Insurance Policy

| Policy Number:  03020060 | Control Number:  0010001 |
|---|---|

Notwithstanding the terms and conditions contained in this Policy, it is further understood that the term "Due for Payment" shall also include, when referring to the principal of a Bond, any date on which the same shall have been duly called for mandatory redemption as a result of the interest on such Bond having been determined, as provided in the Bond documentation, to have become subject to Federal income taxation, and shall also include, when referring to interest on a Bond, the accrued interest at the rate provided in the Bond documentation, to the date on which such Bond shall have been duly called for such mandatory redemption, together with any applicable redemption premium.

It is further understood that the term "Nonpayment" in respect of a Bond includes any payment of principal or interest made to the Custodian by or on behalf of the Issuer which has been recovered from the Custodian or an owner of a Transferable Custodial Receipt for Insured Bonds or a Holder of Insured Bonds, as the case may be, to which such payment was remitted by the Custodian, pursuant to the United States Bankruptcy Code by a trustee in bankruptcy in accordance with a final, nonappealable order of a court having competent jurisdiction.

The insurance provided by this Policy is not covered by the New York Property/Casualty Insurance Security Fund (New York Insurance Code, Article 76).

Notwithstanding the terms and provisions contained in this Policy, it is further understood that the Custodian shall have the right to request that Financial Guaranty cancel all coverage under this Policy by issuing a Cancellation Schedule listing those insured bonds for which coverage has been terminated ("Deleted Bonds"). Such Cancellation Schedule shall be issued by Financial Guaranty only upon satisfaction of its written criteria governing such cancellation, and upon the surrender and cancellation by the Custodian of the Transferable Custodial Receipt, if any, for the Deleted Bonds.

Notwithstanding any other provision of this Policy, Financial Guaranty shall have no obligation to make payments to the Fiscal Agent hereunder as to any portion of the principal and interest which becomes Due for Payment on the Deleted Bonds on or after the effective date of cancellation of coverage set forth in the Cancellation Schedule but shall be unpaid by reason of Nonpayment by the Issuer.

Notwithstanding any other provision of this Policy, in connection with the cancellation described above, Financial Guaranty may make a payment to the Custodian consisting of a percentage of unearned premium outstanding on the effective date of cancellation of coverage, as determined by Financial Guaranty pursuant to

FGIC is a registered service mark used by Financial Guaranty Insurance Company under license from its parent company, FGIC Corporation.

Form E-0085 (3/97)                                                                                     Page 1 of 2

Financial Guaranty Insurance
Company
125 Park Avenue
New York, NY 10017
(212) 312-3000
(800) 352-0001

*A GE Capital Company*



# Endorsement
## To Financial Guaranty Insurance Company
## Insurance Policy

its written criteria for establishing such cancellation payment. The amount of such cancellation payment will vary based upon the face amount and the market characteristics of the Deleted Bonds in question, but will be identical for Deleted Bonds with identical amounts and characteristics offered for cancellation at the same point in time.

This Endorsement shall not be construed to permit total or partial cancellation of coverage under this Policy other than at the request of the Custodian or to permit a payment of unearned premium under this Policy, other than as specifically set forth above.

Notwithstanding the terms and conditions in this Policy, it is further understood that there shall be no acceleration of payment due under such Policy unless such acceleration is at the sole option of Financial Guaranty.

NOTHING HEREIN SHALL BE CONSTRUED TO WAIVE, ALTER, REDUCE OR AMEND COVERAGE IN ANY OTHER SECTION OF THE POLICY. IF FOUND CONTRARY TO THE POLICY LANGUAGE, THE TERMS OF THIS ENDORSEMENT SUPERSEDE THE POLICY LANGUAGE.

In Witness Whereof, Financial Guaranty has caused this Endorsement to be affixed with its corporate seal and to be signed by its duly authorized officer in facsimile to become effective and binding upon Financial Guaranty by virtue of the countersignature of its duly authorized representative.

**President**

**Effective Date:** July 29, 2003

**Authorized Representative**

**Acknowledged as of the Effective Date written above:**

**Authorized Officer**
**U.S. Bank Trust National Association, as Fiscal Agent**

FGIC is a registered service mark used by Financial Guaranty Insurance Company under license from its parent company, FGIC Corporation.

Form E-0085 (3/97)                                                                 Page 2 of 2