UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) PROMESA<br>) Title III<br>) |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | ) No. 17 BK 3283-LTS<br>)<br>) |
| as representative of | ) **(Jointly Administered)**<br>)<br>) |
| THE COMMONWEALTH OF PUERTO RICO<br>*et al.*,<br>Debtors.[1] | ) Hearing date: August 4, 2021 at 9:30 a.m.<br>) (Atlantic Standard Time) or such other hearing<br>) date as ordered by the Court<br>)<br>) |

## FEE EXAMINER'S STATUS REPORT AND NOTICE REGARDING THE APPLICATION OF PRESUMPTIVE STANDARDS TO PLAN CONFIRMATION HEARING ATTENDANCE

TO:  THE HONORABLE LAURA TAYLOR SWAIN
 UNITED STATES DISTRICT JUDGE:

The Fee Examiner in these proceedings, pursuant to the Court's *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* (the "**Fee Examiner Order**") [Dkt. No. 1416] and the *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 3324] (the "**Amended Fee Examiner Order**"), presents this status report and notice regarding the application of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

existing presumptive (but rebuttable) standards of reasonableness and necessity for the plan confirmation hearings anticipated November 8-23 of this year. In support of the notice, the Fee Examiner and his counsel represent that:

1. As these proceedings' conclusion comes into view, the professional fees reported incurred approach $1 billion. The Fee Examiner offers this guidance because the professional fee expenses associated with a ten-day confirmation proceeding, if not carefully controlled, have the potential to add significantly to the already notable professional fee and expense burden on the Commonwealth.

2. The Court entered the Fee Examiner Order on October 6, 2017 and the Amended Fee Examiner Order on June 20, 2018. In the 45 months since the initial order, the Court has continued to review and approve professional fees on an interim basis—largely without the need for a hearing and, save one exception, without objection. That process has involved more than 375 interim applications for compensation from more than 50 Title III professional firms and 13 final applications in connection with the successfully-completed COFINA matters.

3. To date, with the eleventh interim fee period (October 1, 2020-January 31, 2021) process well under way, the Fee Examiner has received applications that total approximately $943 million.[2]

4. On November 8, 2017, on the motion of the Fee Examiner, the Court entered the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 1715] (the "**First Amended Interim Compensation Order**"). On June 6, 2018, the Court entered the *Second Amended Order Setting Procedures for*

---

[2] This figure does not precisely reflect the total fees and expenses requested for Title III services because it includes some non-Title III services provided to some Debtors, reviewed at the specific request of those Debtors. In addition, for some professional services, the distinction between Title III and non-Title III work has never been a bright line.

2

*Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 3269] (the "**Second Amended Interim Compensation Order**").

5. On August 21, 2018, the Fee Examiner filed the *Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3790].

6. After a colloquy at the September 13, 2018 omnibus hearing, the Court entered the *Order Granting 3790 Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932] (the "**Presumptive Standards Order**").

7. On November 27, 2018, the Fee Examiner filed the Fee Examiner's *Motion to Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or Other Sub-Retained Professionals* [Dkt. No. 4370].

8. After colloquies at the December 19, 2018 and March 13 and April 24, 2019 omnibus hearings, the Court entered the *Order Imposing Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or Other Sub-Retained Professionals* [Dkt. No. 7678].

9. The Fee Examiner periodically has submitted reports (or supplemental reports) on professional fees and expenses [Dkt. Nos. 2645, 2909, 3193, 3613, 3865, 4126, 4868, 5409, 6374, 7233, 8081, 8745, 8934, 9428, 9652, 11785, 13254, 13810, 14756, 15316, 15666, 15913, 15932, and 16515], and the Court has accepted the Fee Examiner's recommendations through its entry of a series interim compensation orders, most recently on March 8 and April 27, 2021. *See*, *e.g.*, Dkt. Nos. 15971 and 16592.

10. In response to the presumptive standards orders, the professionals subject to review generally have conformed—almost without exception—their application practices and post-application discussions to the standards and guidelines. This compliance has yielded

3

significant savings for the Commonwealth and its residents, including savings through an application and review process that has reduced uncertainty, disagreement, the use of judicial resources, and the associated professional fees.

11. Based on the first ten interim fee period applications—including extensive discussions with professionals—prospective guidance on the approach to confirmation hearing-related fees may be useful for both the professionals and the Court.

12. The Presumptive Standards Order states generally:

> b. For attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable. In addition, the local rules require *pro hac vice* sponsors to appear with their co-counsel and, accordingly, each party participating in a hearing will be compensated for the attendance of Puerto Rico counsel, whether or not the latter speaks at the hearing.
>
> c. For monitoring hearings (whether in person or by telephone) in which the professional has no meaningful speaking role, fees and expenses incurred by any more than one timekeeper per professional are not compensable.

Dkt. No. 3932 at 2, ¶ 2(b)-(c).

13. The Fee Examiner has endeavored to apply these presumptive standards uniformly, considering the unique circumstances of each professional's role at each hearing. The scope and duration of the upcoming confirmation hearings, however, suggest re-emphasis of the standards.

14. In addition, the number and scope of Disclosure Statement objections, informative notices and related pleadings suggest the continued need for both restraint and diligence. In written submissions filed in connection with plan confirmation, for example, parties subject to the Title III review process need not restate or recreate the procedural history of these

4

proceedings except where directly relevant—in light of the Disclosure Statement now pending before the Court, now supported by the Official Committee of Unsecured Creditors. *See* Dkt. No. 17312.

15. The reasonableness and necessity of in person attendance at the confirmation hearing, telephonically or wherever it takes place, remains subject to the practices and guidelines in effect throughout these proceedings—enhanced by the demonstrated availability and usefulness of remote appearances and monitoring. While the Fee Examiner cannot pre-determine the compensability of any timekeeper's participation at the confirmation hearings, a "meaningful speaking role" generally will include:

> a. Counsel for each of the FOMB and AAFAF primarily responsible for addressing each of the plan confirmation elements set forth in PROMESA § 316 on the day or days the Court addresses that confirmation issue.
>
> b. A single non-speaking support person for each of the speakers identified in § 15(a), above on the day or days the Court addresses that confirmation issue, whether or not the primary speaker on each element is the same person.
>
> c. Counsel responsible for presenting either direct testimony or cross-examination of a witness, plus one non-speaking support person, for each day of that witness's testimony. Parties should coordinate their interests and approval such that, whenever possible, a single party conducts the cross-examination of each witness.
>
> d. One attorney for each of the FOMB and AAFAF presenting opening statements or closing arguments. Openings and closings by counsel for the official committees shall be compensable on a case-by-case basis, but in no event should parties essentially duplicate the substance of a prior speaker's presentation.

16. The Fee Examiner will evaluate the attendance of counsel for the FOMB, AAFAF, and the official committees to respond to objections on an issue-by-issue basis. For example, if more than one party in interest files an objection on the basis that available remedies under the non-bankruptcy laws and constitution of the territory would result in a greater recovery

for creditors, *see* PROMESA § 314(b)(6), each responding party may be compensated for the attendance of one speaker and one support person for each day the Court hears such objection.

17. Professionals may, of course, attend the confirmation hearing in any number and for any purpose. The review standards address only the attendance the Fee Examiner views as reasonable and necessary and, accordingly, the services he will recommend that the Court approve for payment by the Commonwealth and its residents.

18. As always, the Fee Examiner's presumptions are rebuttable, but the burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses in light of the facts and circumstances presented, including the overall financial burden and financial value of the professional services.

19. The Fee Examiner recognizes that professionals and interested parties are not all similarly situated. He retains the ability to elect *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

**WE HEREBY CERTIFY**: that on this date, we electronically filed the foregoing Status Report with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

Dated: July 13, 2021.

        EDGE Legal Strategies, PSC

        *s/Eyck O. Lugo*
        Eyck O. Lugo
        252 Ponce de León Avenue
        Citibank Tower, 12th Floor
        San Juan, PR 00918
        Telephone: (787) 522-2000
        Facsimile: (787) 522-2010
        *Puerto Rico Counsel*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
Katherine Stadler (*Pro Hac Vice*)
*Counsel for the Fee Examiner*

25602540.1