UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

   Debtors.[1]

------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER DIRECTING THE OVERSIGHT BOARD TO FILE
AN AMENDED CONFIRMATION PROCEDURES ORDER

On July 13 and 14, 2021, this Court heard oral argument on the *Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (Docket Entry No. 16757, the "Procedures Motion"). For the reasons stated on the record, the Court directs the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") to file an amended

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Confirmation Procedures Order that incorporates the Court's oral rulings, which are itemized below, and the following timetable.

With respect to the structure of the confirmation and discovery procedures, the Court hereby ORDERS as follows:

1. The Confirmation Hearing Notice[2] must be mailed five business days after entry of an order approving the Disclosure Statement. The Confirmation Hearing Notice must include a copy of the confirmation and discovery schedule entered by the Court.

2. The Debtors must upload all documents which they have agreed to upload to the Plan Depository within seven days of converting the Disclosure Statement Depository to the Plan Depository, which conversion must take place immediately.

3. The Court declines to adopt the Oversight Board's initial objection provision and declines to limit the scope of discovery in connection with plan confirmation to any such initial objection. Rather, any creditor or party in interest who wishes to take discovery in connection with plan confirmation need only file a notice of intent to object to the plan. The failure to file a notice of intent to object will not prevent anyone from filing an objection to the confirmation of the plan – it will just exclude them from participating in discovery. It is expected that parties taking discovery will use their best efforts to avoid duplicative discovery requests.

4. The Debtors must file an opening summary brief explaining what they expect to prove at confirmation, and their initial witness list, including the topics about which each witness is expected to testify, at the outset of the discovery period. The Debtors will have an opportunity to amend their witness list at the close of discovery. Creditors will file their initial witness list, including the topics about which each witness is expected to testify, after document production but before depositions, and will also have the opportunity to amend their witness list. Creditors will file their objections to plan confirmation at the close of the discovery period.

5. The Debtors will not have the right to veto discovery requests, and parties entitled to take discovery do not need to certify that any discovery request is reasonably

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

necessary. If the Debtors believe any information requested is already in the Plan Depository, they can direct the requesting party to such documents, with specificity.

6. Responses and objections to document requests will presumptively be due ten days after the request is served, unless the parties agree to an extension, or an extension is allowed by the Court. Follow-up document requests will be permitted, provided they are served in time to be answered within the fact discovery period. Discovery requests directed to third parties will also be permissible, provided that such discovery shall be completed within the fact discovery period as well.

7. Parties who have filed a notice of intent to object to the plan may serve up to fifteen interrogatories, including subparts, provided such interrogatories are served with sufficient time to respond before the close of the discovery period. Unless otherwise agreed, answers to interrogatories are due ten days after service of the interrogatories.

8. Parties who have filed a notice of intent to object to the proposed plan may serve requests for admissions, but such requests for admissions are limited to authentication of documents and can be served towards the conclusion of discovery.

9. All depositions are to be limited to a seven-hour time frame unless otherwise agreed or an exception is ordered by the Court.

10. In the event of any discovery dispute, the Debtors and the creditor(s) involved in the dispute shall (1) meet and confer in an attempt to resolve the dispute, and (2) if not resolved, within one business day of such meet and confer, the Debtors and the relevant creditor(s) shall inform the Court (Magistrate Judge Dein) of the existence of such dispute via telephone and the Court shall schedule a chambers conference, telephonic, virtual, or in-person, as soon as possible to resolve the dispute. Each party to the dispute shall provide the Court with a letter within three business days of the meet and confer, describing the issues and their position. Pending resolution of such dispute, the parties shall cooperate and provide discovery which is not the subject of the dispute.

11. The Court agrees with the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") that the Proposed Confirmation Order should be filed with sufficient time for the Creditors to analyze it and to respond, and all briefing shall be completed so the Court has sufficient time to analyze it prior to the hearing. Filing deadlines in this regard are set forth in the timetable below.

12. Direct testimony at the confirmation hearing must be made through a declaration or deposition testimony. Live testimony for direct examination will not be permitted. All witnesses must be available for cross-examination and re-direct.

13. With respect to the Debtors' obligation to prepare a privilege log, the Court declines to address this issue at this time and will rule on whether a privilege log is necessary in connection with specific discovery disputes.

14. The Court will issue a trial procedures order prior to the confirmation hearing that resolves the remaining issues in the Confirmation Procedures Motion, including, without limitation, whether a party who seeks to cross examine a witness must file an informative motion, page limits for motions in limine, and scheduling of any pre-trial status conferences.

15. Unless otherwise ordered, the confirmation hearing will begin on November 8, 2021, and it shall continue on November 9th through 10th, 12th, 15th through 18th, and 22nd through 23rd.

16. The parties are free to adjust the specific dates set by the Court for any discovery matter without leave of court, except for those dates relating to the filing of matters with the Court and hearing dates.

17. Management of confirmation scheduling and discovery shall be referred to Magistrate Judge Dein. Judge Dein will periodically check in with the parties to ensure that discovery is progressing and will be completed on time for the hearing to begin on November 8th.

The Oversight Board shall include the following suggested timetable in its revised proposed order, making it clear that these dates are premised on the Disclosure Statement Order being issued by the end of July, and may be adjusted depending on when the Disclosure Statement is approved:

| DATE | EVENT |
| --- | --- |
| 07/14/21 | Conversion of Disclosure Statement Depository to Plan Depository. |
| No later than 5 business days after the entry of the Disclosure | Serve Confirmation Hearing Notice along with discovery schedule. |

| DATE | EVENT |
|---|---|
| Statement Order | |
| 7 days after conversion of the Disclosure Statement Depository to the Plan Depository | FOMB must upload all documents it has agreed to upload to the Plan Depository, including the following categories of documents: (i) Debtors' relevant non-privileged documents relied upon by Debtors in analyzing the various claims and causes of action being compromised and settled and/or assets referenced in Art. II of the Plan ; and (ii) Debtors' relevant non-privileged documents concerning the Best Interests Test Reports set forth in the Disclosure Statement. |
| 08/3/21 or 7 days after notice to creditors of discovery schedule, whichever is later. | Deadline to file Notice of Intent to Object to Plan Confirmation. Only parties who file a timely Notice of Intent can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| 8/3/21 | Deadline for Debtors to file preliminary fact witness list and topics about which each witness will testify, and an opening summary brief explaining what the Debtors expect to prove at confirmation. |
| 8/6/21 | Deadline for all parties to serve initial requests for production of non-depository documents (but no certification is required). Presumptively documents shall be produced within 10 days of request. Parties may file up to 15 interrogatories, including sub-parts, at any time through the discovery period provided that there is sufficient time to answer the interrogatories during fact discovery. Parties shall have 10 days to answer interrogatories. Parties may file follow-up document requests, provided responses are due before the close of fact discovery. Third party discovery is permitted consistent with this timeline and the Federal Rules of Civil Procedure. Parties shall use their best efforts to avoid seeking duplicative discovery. The issue of whether a privilege log is necessary, and its format, is deferred and shall be considered in connection with specific disputes if necessary. |
| 8/16/21 | Deadline for parties to serve responses and objections to requests for production, unless otherwise agreed or the court extends the deadline. |
| 9/6/21 | Substantial completion of document production by all parties. |
| 9/6/21 | Deadline for creditors to file preliminary fact witness list and topics about which each witness is expected to testify. |
| 9/6/21 | Deadline for serving opening expert disclosures (all parties). |

| DATE | EVENT |
|---|---|
| 9/13/21 | Deadline to serve initial notices of deposition, topics and requested times for depositions (all parties, and all parties limited to 7-hour time limit for depositions). Subsequent notices are allowed provided discovery is completed within time allowed. |
| 9/13/21 | Deadline for serving opening expert reports (all parties). |
| 9/30/21 | Deadline to file Daubert motions and motions in limine (all parties). |
| 10/4/21 | Deadline to serve rebuttal expert disclosures (all parties). |
| 10/8/21 | Deadline for Debtors to file Proposed Confirmation Order. |
| 10/11/21 | Completion of fact discovery.<br><br>In the event of any discovery dispute, the Debtors and the creditor(s) involved in shall (1) meet and confer in an attempt to resolve the dispute, and (2) if not resolves, within one business day of such meet and confer, the Debtors and the relevant creditor(s) shall inform the Court of the existence of such dispute via telephone and the Court shall schedule a chambers conference, telephonic, virtual or in-person as soon as possible to resolve the dispute. Each party to the dispute shall provide the Court with a letter within three (3) business days of the meet and confer, describing the issues and their position. Pending resolution of such dispute, the parties shall cooperate and provide discovery which is not the subject of the dispute. |
| 10/11/21 | Deadline to serve requests for admission, limited to authentication of documents. Responses must be served within four (4) business days (all parties). |
| 10/15/21 | Oppositions to Daubert motions and motions in limine. |
| 10/18/21 | Completion of expert discovery. |
| 10/19/21 | Deadline to file objections to confirmation of the Plan. |
| 10/22/21 | Deadline for objections to Proposed Confirmation Order. |
| 10/22/21 | Deadline to file finalized witness list, exhibit lists and deposition designations (all parties). |
| 10/22/21 | Deadline for replies to Daubert Motions and motions in limine. |
| 10/25/21 | Deadline to file Witness Declarations (all parties). All direct testimony at the Confirmation Hearing shall be by declaration or deposition transcript. Witnesses must be available for cross-examination. |
| 10/25/21 | Deadline to file replies to objections to Confirmation of the Plan.<br><br>Deadline to file initial Findings of Fact and Conclusions of Law. A final Proposed Confirmation Order and final Findings of Fact and Conclusions |

| DATE | EVENT |
|---|---|
| | of Law will be due shortly after the conclusion of the Confirmation Hearing, annotated to the transcript. |
| 10/29/21 | Replies to objections to Proposed Confirmation Order. |
| 11/1/21 | Hearing on motions in limine, to be held virtually. |
| 11/8-10, 12, 15-18, 22-23/21 | Confirmation Hearing. |

The Oversight Board is directed to file its revised proposed order within twenty-four hours of the docketing of this Order. The Court will decide whether the proposed order is acceptable on submission.

SO ORDERED.

Dated: July 15, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge