## **EXHIBIT A**

**Certification of Kim Nicholl**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**VERIFIED CERTIFICATION
OF KIM NICHOLL IN SUPPORT OF THE TWELFTH APPLICATION
OF SEGAL CONSULTING FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ACTUARIES AND CONSULTANTS TO THE OFFICIAL
COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH
OF PUERTO RICO FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2021**

I, Kim Nicholl, have the responsibility for ensuring that the Application complies with the

UST Guidelines, and I hereby certify the following:

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

1.      I am a Senior Vice President in the firm of Segal Consulting ("**Segal**"), and meet the qualification standards of the American Academy of Actuaries to provide retirement related actuarial consulting services.

2.      I am the lead actuary from Segal providing actuarial consulting services to the Retiree Committee in connection with the above-captioned Title III Cases. I am authorized to submit this certification in support of the *Twelfth Application of Segal Consulting for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred As Actuaries and Consultants to The Official Committee of Retired Employees of the Commonwealth of Puerto Rico From February 1, 2021 through May 31, 2021* (the "**Application**"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      I have read the Application. The statements contained in the Application are true and correct according to the best of my knowledge, information, and belief.

4.      To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under PROMESA, the Federal Rules of Bankruptcy Procedure, the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), 48 U.S.C. §§ 2101–2241, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"), orders of this Court, and the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**").

(a) The fees and disbursements sought in the Application are billed at rates Segal customarily employs and Segal clients generally accept in matters of this nature.

2

(b)  None of the professionals seeking compensation varied their hourly rate based on their geographic location.

(c)  Segal is not seeking compensation for this Interim Period for time spent reviewing or revising time records or preparing, reviewing, or revising invoices.

(d)  Segal does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by Segal in-house or through a third party.

(e)  In accordance with Rule 2016(a) of the Bankruptcy Rules and 11 U.S.C. § 504, no agreement or understanding exists between Segal and any other person for the sharing of compensation to be received in connection with the above cases except as authorized by PROMESA, the Bankruptcy Rules, and the Local Rules.

(f)  All services for which compensation is sought were professional services rendered to the Retiree Committee and not on behalf of any other person.

5.      Consistent with its typical practice, on January 1, 2021, Segal raised its hourly rates. Segal notified the Retiree Committee on December 28, 2020 of the hourly rate changes that took effect on January 1, 2021.

6.      In accordance with the *Order Imposing Additional Presumptive Standards: Rate Increases and the Retentions of Expert Witnesses or Other Sub-Retained Professionals* ("**Additional Presumptive Standards Order**"), I certify that the Retiree Committee authorized the rate increase, both with respect to effective date and specific amount, on a timekeeper-by-timekeeper basis.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief formed after reasonable inquiry.

Executed on July 15, 2021

*/s/ Kim Nicholl*
Kim Nicholl

3