**Hearing Date**: October 6, 2021 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 4, 2021 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors.[1]

------------------------------------------------------------------------ x

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

## NOTICE OF HEARING ON TWELFTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2021

**PLEASE TAKE NOTICE** that a hearing on the annexed *Twelfth Interim Fee Application of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from February 1, 2021 through May 31, 2021* (the "Application") filed by Paul Hastings LLP, pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura Taylor Swain, United States District Judge, at the United States

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **October 6, 2021 at 9:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

 **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building, San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court, 150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served in accordance with the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the Interim Compensation Order) no later than **August 4, 2021 at 4:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

*[Remainder of page intentionally left blank.]*

2

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  July 15, 2021                    */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

**Hearing Date**: October 6, 2021 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: August 4, 2021 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
| | : | |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

------------------------------------------------------------------------ x

## TWELFTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2021

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "Committee")[2] |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | February 1, 2021 through and including May 31, 2021 (the "Application Period") |

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| Amount of interim compensation sought as actual, reasonable, and necessary: | $1,916,538.50 / $1,533,230.80[3] |
|---|---|
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $78,760.38[4] |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $62,571,219.52 |
| Total expenses approved by interim order to date: | $2,231,102.11 |
| Total allowed compensation paid to date: | $50,900,645.11 |
| Total allowed expenses paid to date: | $2,231,102.11 |
| Blended rate in this Application for all attorneys: | (a) $1,129/hour; (b) $904/hour[4] |
| Blended rate in this Application for all timekeepers: | (a) $1,052 /hour; (b) $842/hour[5] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $978,890.15[6] |

---

[3]   While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of fees in the amount of $1,340,554.58 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of $1,675,693.22 (i.e., Paul Hastings' fees of $1,916,538.50 minus a credit of $240,845.28 for fee reductions pursuant to the orders approving Paul Hastings' Ninth and Tenth Interim Fee Applications).  By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[4]   While Paul Hastings seeks allowance of all of its expenses incurred during the Application Period, the firm only seeks payment of fees in the amount of $78,589.61 (to the extent such amount has not been paid before the hearing scheduled on this Application), which amount reflects a credit of $170.77 for expense reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

[5]   The calculation of the blended hourly rates reflected in (a) does not take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time.  However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

[6]   The Commonwealth has withheld $9,288.83 on account of a "Contribucion Especial 1.5%" from Paul Hastings April 2021 fee statement.  Paul Hastings does not believe that this withholding is appropriate, as it understands that the tax at issue only applies to services provided by entities that have contracts with the Commonwealth government (which Paul Hastings does not).  Paul Hastings is continuing to analyze this issue and reserves all rights in this regard.

| | |
|---|---|
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $68,638.80 |
| The total time expended for fee application preparation during the Application Period: | Approximately 35.3 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $35,377.50 |
| Number of professionals included in this Application: | 18 |
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | Not applicable. |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | Not applicable. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 4 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | Yes.[7]  When calculated at the rates in effect during the initial fee period (June 26, 2017 through September 30, 2017), total fees for the Application Period would have been $1,533,931.50 (compared to $1,916,538.50 under the current rates).  The rate adjustments reflect not only Paul Hastings' across-the-board increases in its rate scale, but also step increases due to advancing seniority.  While $382,607.00 of Paul Hastings' fees for the Application Period are attributable to periodic changes in rates, $89,929.00 of this amount is attributable to step increases due to advancing seniority.[8]  Thus, only $292,678.00 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention. |

---

[7]   As is customary, and as permitted pursuant to paragraph 2 of Paul Hastings' retention order [Docket No. 999], every year Paul Hastings reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  As detailed in the notice filed on January 15, 2021 [Docket No. 15637], Paul Hastings raised its rates for certain timekeepers working on the Puerto Rico matter as of February 1, 2021, which adjustments apply across-the-board to all Paul Hastings clients.  The Committee approved the rate adjustment on a timekeeper-by-timekeeper basis.  As a courtesy to the Committee, Paul Hastings

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20[9] | $30,631.53[10] | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,357,280.60 | $408,763.80 | $1,357,280.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |

---

voluntarily agreed to reduce the hourly rate of Luc A. Despins (from $1,340 to $1,280 per hour) and John F. Hilson (from $1,280 to $1,120 per hour) for the Application Period in the Puerto Rico matter (in each case, adjusted to reflect, on a *pro forma* basis, the 20% end-of-case reduction).

[8]   Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion."

[9]   This amount reflects a credit of $13,507.00 for fee reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

[10]   This amount reflects a credit of $21,926.16 for expense reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Total** | | **$6,940,890.20** | **$586,993.66** | **$6,940,890.20** | **$586,993.66** | **$1,735,222.55** |
| | | | | | | |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $983,056.20 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |
| 10/8/18 | 7/1/18 - 7/31/18 | $1,061,831.60 | $77,376.40 | $1,061,831.60 | $77,376.40 | $265,457.90 |
| 11/2/18 | 8/1/18 - 8/31/18 | $1,288,866.00 | $39,833.17 | $1,288,866.00 | $39,833.17 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,302,462.40 | $39,196.98 | $1,302,462.40 | $39,196.98 | $325,615.60 |
| **Total** | | **$4,636,216.20** | **$201,725.65** | **$4,636,216.20** | **$201,725.65** | **$1,159,054.05** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/19/18 | 10/1/18 – 10/31/18 | $968,238.40 | $17,300.41 | $968,238.40 | $17,300.41 | $242,059.60 |
| 01/07/19 | 11/1/18 – 11/30/18 | $695,795.40 | $9,071.96 | $695,795.40 | $9,071.96 | $173,948.85 |
| 02/20/19 | 12/1/18 – 12/31/18 | $932,751.60 | $24,110.50 | $932,751.60 | $24,110.50 | $233,187.90 |
| 03/15/10 | 1/1/19 – 1/31/19 | $1,040,883.79[11] | $38,921.42[12] | $1,040,883.79 | $38,921.42 | $260,220.95 |
| **Total** | | **$3,637,669.19** | **$89,404.29** | **$3,637,669.19** | **$89,404.29** | **$909,417.30** |
| | | | | | | |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | |
| 06/13/19 | 2/1/19 – 2/28/19 | $1,098,711.60 | $30,746.31 | $1,098,711.60 | $30,746.31 | $274,677.90 |
| 06/13/19 | 3/1/19 – 3/31/19 | $1,453,006.40 | 25,745.44 | $1,453,006.40 | $25,745.44 | $363,251.60 |
| 07/03/19 | 4/1/19 – 4/30/19 | $1,852,132.00 | $64,731.53 | $1,852,132.00 | $64,731.53 | $463,033.00 |
| 07/15/19 | 5/1/19 – 5/31/19 | $2,143,294.80 | $61,317.34 | $2,143,294.80 | $61,317.34 | $535,823.70 |
| **Total** | | **$6,547,144.80** | **$182,540.62** | **$6,547,144.80** | **$182,312.69** | **$1,636,786.20** |

---

[11]   This amount reflects a credit of $158,129.01 for fee reductions pursuant to the order approving Paul Hastings'
Third and Fourth Interim Fee Applications.

[12]   This amount reflects a credit of $6,033.82 for expense reductions pursuant to the order approving Paul
Hastings' Third and Fourth Interim Fee Applications.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Seventh Interim Fee Period (June 1, 2019 through September 30, 2019)** | | | | | | |
| 08/21/19 | 6/1/19 – 6/30/19 | $1,841,416.66[13] | $300,689.64 | $1,841,416.66 | $300,689.64 | $478,122.60 |
| 09/27/19 | 7/1/19 – 7/31/19 | $1,955,942.80 | $380,030.21 | $1,955,942.80 | $380,030.21 | $488,985.70 |
| 10/31/19 | 8/1/19 – 8/31/19 | $1,051,966.00 | $127,240.87 | $1,051,966.00 | $127,240.87 | $262,991.50 |
| 11/14/19 | 9/1/19 – 9/30/19 | $1,052,167.20 | $92,968.55[14] | $1,052,167.20 | $92,968.55 | $263,041.80 |
| **Total** | | **$5,901,492.71** | **$900,929.27** | **$5,901,492.66** | **$900,929.27** | **$1,493,141.60** |
| **Eighth Interim Fee Period (October 1, 2019 through January 31, 2020)** | | | | | | |
| 12/19/20 | 10/1/19 – 10/31/19 | $1,911,593.40 | $113,178.50 | $1,911,593.40 | $113,178.50 | $477,898.35 |
| 01/09/20 | 11/1/19 – 11/30/19 | $830,350.40 | $68,843.54 | $830,350.40 | $68,843.54 | $207,587.60 |
| 02/28/20 | 12/1/19 – 12/31/19 | $811,470.37[15] | $54,148.03[16] | $811,470.37 | $54,148.0$3 | $202,867.59 |
| 03/13/20 | 1/1/20 – 1/31/20 | $961,055.40 | $44,734.48 | $961,055.40 | $44,734.48 | $240,263.85 |
| **Total** | | **$4,514,469.57** | **$280,904.55** | **$4,514,469.57** | **$280,904.55** | **$1,128,617.39** |
| **Ninth Interim Fee Period (February 1, 2020 through May 31, 2020)** | | | | | | |
| 04/27/20 | 2/1/19 – 2/29/20 | $1,537,133.80 | $64,790.53 | $1,537,133.80 | $64,790.53 | $384,283.45 |
| 05/15/20 | 3/1/20 – 3/31/20 | $1,230,017.80 | $26,061.77 | $1,230,017.80 | $26,061.77 | $307,504.45 |
| 06/05/20 | 4/1/20 – 4/30/20 | $665,122.80 | $30,205.99 | $665,122.80 | $30,205.99 | $166,280.70 |
| 07/10/20 | 5/1/20 – 5/31/20 | $398,858.80 | $18,014.66 | $398,858.80 | $18,014.66 | $99,714.70 |

---

[13]    This amount reflects a credit of $88,842.17 for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[14]    This amount reflects a credit of $606.96 for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[15]    This amount reflects a credit of $145,627.04 for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[16]    This amount reflects a credit of $227.93 for expense reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Total** | | **$3,831,133.20** | **$139,072.95** | **$3,831,133.20** | **$139,072.95** | **$957,783.30** |
| | | | | | | |
| **Tenth Interim Fee Period (June 1, 2020 through September 30, 2020)** | | | | | | |
| 08/6/20 | 6/1/20 – 6/30/20 | $331,160.82[17] | $8,379.46[18] | $331,160.82 | $8,379.46 | $82,790.20 |
| 09/14/20 | 7/1/20 – 7/31/20 | $487,330.80 | $66,532.00 | $487,330.80 | $66,532.00 | $121,832.70 |
| 10/10/20 | 8/1/20 – 8/31/20 | $516,247.20 | $34,799.52 | $516,247.20 | $34,799.52 | $129,061.80 |
| 11/2/20 | 9/1/20 – 9/30/20 | $499,875.60 | $39,927.12 | $499,875.60 | $39,927.12 | $124,968.90 |
| **Total** | | **$1,834,614.42** | **$149,638.10** | **$1,834,614.42** | **$149,638.10** | **$458,653.60** |
| | | | | | | |
| **Eleventh Interim Fee Period (October 1, 2020 through January 31, 2021)** | | | | | | |
| 12/12/20 | 10/1/20 – 10/31/20 | $579,022.80 | $9,489.60 | $579,022.80 | $9,489.60 | $144,755.40 |
| 01/8/21 | 11/1/20 – 11/30/20 | $290,754.00 | $22,036.54 | $290,754.00 | $22,036.54 | $72,688.50 |
| 02/12/21 | 12/1/20 – 12/31/20 | $417,523.60 | $14,383.76 | $417,523.60 | $14,383.76 | $104,380.90 |
| 03/11/21 | 1/1/21 – 1/31/21 | $202,174.00 | $14,267.47 | $202,174.00 | $14,267.47 | $50,543.50 |
| **Total** | | **$1,489,474.40** | **$60,177.37** | **$1,489,474.40** | **$60,177.37** | **$372,368.60** |
| | | | | | | |
| **Twelfth Interim Fee Period (February 1, 2021 through May 31, 2021)** | | | | | | |
| 4/9/21 | 2/1/21 – 2/28/21 | $216,458.14 | $24,926.47 | $216,458.14 | $24,926.47 | $54,114.53 |
| 5/7/21 | 3/1/21 – 3/31/21 | $152,465.24 | $8,252.75 | $152,465.24 | $8,252.75 | $38,116.31 |
| 6/25/21 | 4/1/21 - 4/30/21 | $619,255.60 | $35,459.58 | $609,966.77[19] | $35,459.58 | $154,813.90 |

---

[17]   This amount reflects a credit of (a) $99,027.94 for fee reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $73,343.54 for fee reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[18]   This amount reflects a credit of (a) $548.31 for expense reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $99.18 for expense reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[19]   The Commonwealth has withheld $9,288.83 on account of a "Contribucion Especial 1.5%" from Paul Hastings April 2021 fee statement.  Paul Hastings does not believe that this withholding is appropriate, as it understands that the tax at issue only applies to services provided by entities that have contracts with the Commonwealth government (which Paul Hastings does not).  Paul Hastings is continuing to analyze this issue and reserves all rights in this regard.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 7/9/21 | 5/1/21 – 5/31/21 | $352,375.60 | $9,950.81 | $0.00 | $0.00 | $88,092.90 |
| **Total** | | **$1,340,554.58[20]** | **$78,589.61[21]** | **$978,890.15** | **$68,638.80** | **$335,137.64** |

---

[20] This amount reflects (a) a credit of 78,764.83 for fee reductions pursuant to the order approving Paul Hastings' Ninth Interim Fee Application and (b) a credit of $162,080.45 for fee reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

[21] This amount reflects a credit of $170.77 for cost reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[22] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[23] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed: $6,960,689.25 Paid: $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $104,666.09[24] Paid: $82,739.90 Authorized to be paid: $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | Docket No. 5654 | Allowed: $8,576,523.01 Paid: $6,940,890.20 Authorized to be paid: $6,861,218.41[25] | Allowed: $583,256.46 Paid: $586,993.66 Authorized to be paid: $583,256.46[26] |
| 11/16/18 Docket No. 4325 | 6/1/18 – 9/30/18 | $5,795,270.25 | $201,725.65 | Docket No. 5654 | Allowed: $5,736,730.98 Paid: $4,636,216.20 Authorized to be paid: $4,589,384.78[27] | Allowed: $199,429.03 Paid: $201,725.65 Authorized to be paid: $199,429.03[28] |

---

[22]   Reflects fee reductions in the amount of 80% of $13,507.00 (or $10,806.40), which was credited against amounts payable under the January 2018 fee statement.

[23]   Reflects expense reductions in the amount of $21,926.16, which was credited against amounts payable under the January 2018 fee statement.

[24]   Prior to application of a $21,926.16 credit for expense reductions pursuant to order approving Paul Hastings' First Interim Fee Application.

[25]   Reflects fee reductions in the amount of 80% of $99,589.74 (or $79,671.79), which was credited against amounts payable under the January 2019 fee statement.

[26]   Reflects expense reductions in the amount of $3,737.20, which was credited against amounts payable under the January 2019 fee statement.

[27]   Reflects fee reductions in the amount of 80% of $58,539.27 (or $46,831.42), which was credited against amounts payable under the January 2019 fee statement.

[28]   Reflects expense reductions in the amount of $2,296.62, which was credited against amounts payable under the January 2019 fee statement.

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 4/18/2019 Docket No. 5822 | 10/1/18 – 1/31/19 | $4,705,215.50 | $95,438.11 | Docket No. 8189 | Allowed: $4,509,478.17 Paid: $3,637,669.19[29] Authorized to be paid: $3,566,595.46[30] | Allowed: $94,831.15 Paid: $89,404.29[31] Authorized to be paid: $88,797.33[32] |
| 7/15/19 Docket No. 8004 | 2/1/19 – 5/31/19 | $8,183,931.00 | $182,540.62 | Docket No. 9687 | Allowed: $7,842,124.12 Paid: $6,547,144.80 Authorized to be paid: $6,430,643.17[33] | Allowed: $182,312.69 Paid: $182,312.69 Authorized to be paid: $182,084.76[34] |
| 11/15/19 Docket No. 9219 | 6/1/19 – 9/30/19 | $7,465,708.00 | $901,536.23 | Docket No. 12861 | Allowed: $7,135,691.63 Paid: $5,901,492.66[35] Authorized to be paid: $5,733,012.71[36] | Allowed: $384,942.38 Paid: $900,929.27[37] Authorized to be paid: $385,549.34[38] |

[29]   After giving effect to credits for fee reductions in the aggregate amount of 80% of $158,129.01 (or $126,503.21) pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[30]   Reflects fee reductions in the amount of 80% of $88,842.16 (or $71,073.73), which was credited against amounts payable under the June 2019 fee statement.  Also, amount authorized to be paid is net of $126,503.21 in credits for fee reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[31]   After giving effect to credits for expense reductions in the aggregate amount of $6,033.82 pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[32]   Reflects expense reductions in the amount of $606.96, which was credited against amounts payable under the September 2019 fee statement.  Also, amount authorized to be paid is net of $6,033.82 in credits for expense reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[33]   Reflects fee reductions in the amount of 80% of $145,627.04 (or $116,501.63), which was credited against amounts payable under the December 2019 fee statement.

[34]   Reflects expense reductions in the amount of $227.93, which was credited against amounts payable under the December 2019 fee statement.

[35]   After giving effect to credits for fee reductions in the amount of $88,842.17 (or $71,073.74 after 20% reduction) pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[36]   Reflects (a) fee reductions in the amount of 80% of $99,027.94 (or $79,222.35), which will be credited against the amounts payable under the June 2020 fee statement and (b) deferral of fees in the amount of 80% of $111,572.00 (or $89,257.60), as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $71,073.73 in credits for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 3/16/20 Docket No. 12395 | 10/1/19 – 1/31/20 | $5,788,714.00 | $281,132.48 | Docket No. 13824 | Allowed: $5,641,450.42 Paid: $4,514,469.57[39] Authorized to be paid: $4,455,794.74[40] | Allowed: $281,132.48 Paid: $280,904.55[41] Authorized to be paid: $281,033.30[42] |
| 7/15/20 Docket No. 13682 | 2/1/20 – 5/31/20 | $4,788,916.50 | $139,072.95 | Docket No. 15355 | Allowed: $4,633,541.85 Paid: $3,831,133.20 Authorized to be paid: $3,768,121.34[43] | Allowed: $139,072.95 Paid: $139,072.95 Authorized to be paid: $139,072.95 |
| 11/16/20 Docket No. 15160 | 6/1/20 – 9/30/20 | $2,465,639.50 | $150,285.59 | Docket No. 16592 | Allowed: $2,270,277.60 Paid: $1,834,614.42 Authorized to be paid: $1,704,950.06[44] | Allowed: $150,114.82 Paid: $149,638.10 Authorized to be paid: $149,467.33[45] |

---

[37] After giving effect to credits for expense reductions in the amount of $606.96 pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[38] Reflects (a) expense reductions in the amount of $548.31, which will be credited against amounts payable under the June 2020 fee statement and (b) deferral of expenses in the amount of $515,438.58, as agreed between Paul Hastings and the Fee Examiner. Also, amount authorized to be paid is net of $606.96 in credits for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[39] After giving effect to credits for fee reductions in the amount of $145,627.04 (or $116,501.63 after 20% reduction) pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[40] Reflects fee reductions in the amount of 80% of $73,343.54 (or $58,674.83), which was credited against amounts payable under the June 2020 fee statement. Also, amount authorized to be paid is net of $116,501.63 in credits for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[41] After giving effect to credits for expense reductions in the amount of $227.93 pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[42] Reflects expense reductions in the amount of $99.18, which was credited against amounts payable under the June 2020 fee statement.

[43] Reflects fee reductions in the amount of 80% of $78,764.83 (or $63,011.86), which was credited against amounts payable under the February 2021 fee statement.

[44] Reflects fee reductions in the amount of 80% of $162,080.45 (or $129,664.36), which was credited against amounts payable under the March 2021 fee statement. Also, amount authorized to be paid is net of $172,371.48 in credits for fee reductions pursuant to the orders approving Paul Hastings' Seventh and Eight Interim Fee Application.

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 3/15/21 Docket No. 16067 | 10/1/20 – 1/31/21 | $1,861,843.00 | $60,177.37 | Not applicable | Allowed: TBD | Allowed: TBD |

---

[45] Reflects expense reductions in the amount of $170.77, which was credited against amounts payable under the March 2021 fee statement.  Also, amount authorized to be paid is net of $647.49 in credits for expense reductions pursuant to the orders approving Paul Hastings' Seventh and Eight Interim Fee Application.

**Hearing Date**: October 6, 2021 at 9:30 a.m. (ET) / 9:30_a.m. (AST)
**Objection Deadline**: August 4, 2021 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
                                :

In re:                         :

                        :

THE FINANCIAL OVERSIGHT AND    :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :   Title III

                        :

       as representative of        :   Case No. 17-BK-3283 (LTS)

                        :

THE COMMONWEALTH OF PUERTO RICO, *et al.*,   :   (Jointly Administered)

                        :

       Debtors.[1]               :
------------------------------------------------------------------------- x

# TWELFTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>FEBRUARY 1, 2021 THROUGH MAY 31, 2021</u>

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 9

COMPENSATION AND REIMBURSEMENT REQUEST ....................................................... 16

SUMMARY OF SERVICES .................................................................................................. 20

    I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
          (Matter ID 00002) ........................................................................................... 21

    II.    PREPA (Matter ID 00006) ............................................................................... 26

    III.   ERS (Matter ID 00008)..................................................................................... 27

    IV.   Other Adversary Proceedings (Matter ID 00009)............................................ 28

    V.    Creditors Committee Meetings (Matter ID 00012) ............................................ 29

ATTENDANCE AT HEARINGS ............................................................................................ 30

REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND
COMMITTEE ...................................................................................................................... 31

ACTUAL AND NECESSARY DISBURSEMENTS .................................................................. 32

REQUESTED COMPENSATION SHOULD BE ALLOWED .................................................... 34

CONCLUSION .................................................................................................................... 37

## SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A              CUSTOMARY AND COMPARABLE COMPENSATION
                       DISCLOSURES

EXHIBIT B              SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C              BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD

   EXHIBIT C-1           BUDGETS

   EXHIBIT C-2           STAFFING PLANS

EXHIBIT D              SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                       CATEGORY

   EXHIBIT D-1           SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                       CATEGORY AS COMPARED TO BUDGET

                       FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY
                       PROJECT CATEGORY AND BY MATTER

   EXHIBIT D-2           SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
                       CATEGORY

EXHIBIT E              BREAKDOWN OF COMPENSATION AND EXPENSE
                       REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER
                       SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
                       PUERTO RICO

SCHEDULE 1             LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2             MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3             PROPOSED ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors (the "Committee"),[1] for its twelfth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from February 1, 2021 through and including May 31, 2021 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1.     During the Application Period, Paul Hastings continued to handle numerous matters that were of critical importance to the interests of the Debtors and their creditors.  The Application Period marked a critical juncture in these Title III cases, because during that period the Oversight Board restarted the process of seeking approval of its proposed disclosure statement (as amended, the "Disclosure Statement") for a plan of adjustment for the Commonwealth, *et al.* (as amended, the "Plan")[3] that had been on hold since the outbreak of the COVID-19 pandemic in early 2020.  In particular, in March 2021, the Oversight Board filed a

---

[1]     Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]     References to PROMESA are references to 48 U.S.C. §§ 2101 *et seq.*

[3]     Capitalized terms used but not defined in this paragraph shall have the meanings ascribed to them in the Plan.

second amended Plan [Docket No. 15976] and related Disclosure Statement [Docket No. 15977],
followed in April 2021 by a motion to schedule the hearing on the Disclosure Statement [Docket
No. 16332], and in May 2021 by a third amended Plan [Docket No. 16740] and related
Disclosure Statement [Docket No. 16741].

2.      These developments required the Committee (and Paul Hastings as its counsel) to
take action to seek to improve the extremely low recovery for the Commonwealths' general
unsecured creditors under the second and third amended Plans.  Moreover, the related Disclosure
Statements did not provided adequate information on numerous issues of critical importance to
general unsecured creditors, including an estimate of the aggregate amount of general unsecured
claims and an estimate of their recovery percentage under the Plan.

3.      Under these circumstances, Paul Hastings devoted significant time addressing
these issues, including (a) analyzing the Plan and Disclosure Statement, related documents,
including plan support agreements, and numerous related legal and factual issues, (b) preparing
several pleadings related to the Disclosure Statement and Plan process, including the
Committee's renewed Rule 3013 classification motion (the "Renewed Rule 3013 Motion"), the
motion to schedule the Renewed Rule 3013 Motion and reply in support of same, and the
objection to the Oversight Board's motion to schedule the hearing on the Disclosure Statement,
and (c) leading the Committee's efforts to obtain discovery in connection with the motion to
approve the Disclosure Statement, including analyzing discovery issues, preparing document
requests, and drafting the Committee's motion to compel discovery.[4]

---

[4]   Paul Hastings also prepared the Committee's objection to the approval of the Disclosure Statement, which was
filed on June 15, 2021, *i.e.*, after the end of the Application Period.

4.       Moreover, at the same time, Paul Hastings represented the Committee in mediation discussions with the Oversight Board in an effort to arrive at a consensual resolution with respect to the Plan.  As the Court is aware, these efforts were successful.  In early July, the Committee reached a global settlement with the Oversight Board, which settlement is reflected in the amended Plan and related documents.   Pursuant to the settlement, the Plan now provides, among other things, an aggregate consideration to or for the benefit of allowed CW General Unsecured Claims, allowed Eminent Domain Claims, and allowed Convenience Claims consisting of (a) cash in the amount of $575 million[5] and (b) the net recoveries from certain avoidance and recovery actions to be pursued by the Avoidance Action Trust.[6]  This represents an **increase of approximately $414 million (or more than 250%) in the aggregate cash consideration** compared to earlier versions of the plans of adjustment (which provided an aggregate cash consideration of approximately $161 million).[7]  Based on the Oversight Board's estimate of the aggregate amount of allowed CW General Unsecured Claims and allowed Eminent Domain Claims (*i.e.*, approximately $3.1 billion), the aggregate cash consideration to be

---

[5]     The $575 million cash consideration will be made available to fund (a) distributions to holders of allowed CW General Unsecured Claims and allowed Eminent Domain Claims, (b) up to $15 million to fund the Avoidance Action Trust (which will pursue avoidance actions and other recovery actions for the benefit of CW General Unsecured Claims and Eminent Domain Claims), (c) expenses for claims-related work by the Avoidance Action Trust Board, and (d) cash required to satisfy allowed Convenience Claims.

[6]     Eminent Domain Claims are also entitled to a distribution of monies on deposit with the Court of First Instance with respect to the condemned property.

[7]     Under the earlier versions of the Plan, the aggregate cash consideration made available to or for the benefit of holders of allowed CW General Unsecured Claims, allowed Eminent Domain Claims, and allowed Convenience Claims consisted of (a) $125 million in cash distributions, (b) the Committee's estimate of approximately $26 million in distributions to Convenience Claims, and (c) $10 million of funding for the Avoidance Action Trust.

made available under the Plan represents an effective recovery rate of approximately 18.3%.[8]
Under the prior Plan, the corresponding recovery percentage had been only 5.1%.

5.     Separately, during the Application Period, Paul Hastings also continued to
represent the Committee in connection with the litigation related to the claims of certain holders
of revenue bonds issued by HTA and other instrumentalities (the "Revenue Bonds," and such
litigation, the "Revenue Bond Litigation").  Among other things, Paul Hastings (a) prepared the
Committee's pleadings in response to the Oversight Board's motion for relief from the litigation
stay to prosecute further motions for partial summary judgment[9] and (b) participated in the
discovery process in connection with the Revenue Bond Litigation.

6.     Paul Hastings also continued to lead the Committee's efforts in the Title III cases
of PREPA and ERS.  For example, Paul Hastings handled the Committee's response to the
March 2021 motion of the Oversight Board and AAFAF (the "Government Parties") seeking
allowance of an administrative claim against PREPA in favor of LUMA Energy, LLC and
LUMA Energy ServCo, LLC (together, "LUMA Energy").  In addition, Paul Hastings prepared
the Committee's objection to the April 2021 motion to stay litigation related to the Committee's
challenges to $3 billion of ERS bondholder claims (the "ERS Bond Litigation").

7.     All the while, Paul Hastings has continued to advise the Committee on all issues
bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to
protect their rights, including by:

---

[8]    The estimated recovery percentage does not account for (a) net recoveries of the Avoidance Action Trust and
(b) in the case of Eminent Domain Claims, distribution of monies on deposit with the Court of First Instance
with respect to the condemned property.

[9]    The Court ultimately denied the Oversight Board's motion to lift the stay, and the Committee's related cross-
motion.

a.    reviewing information provided by the Oversight Board's advisors regarding the ongoing claims reconciliation process;

b.    reviewing the Oversight Board's reports regarding the designation and status of claims in connection with the alternative dispute resolution ("ADR") process and administrative claims reconciliation ("ACR") process;

c.    holding regular Committee meetings and communicating regularly with Committee members regarding ongoing matters in the Title III cases; and

d.    monitoring hearings, pleadings filed, and orders entered in the Title III cases and related adversary proceedings (including, where appropriate, filing objections), and representing the Committee in hearings before the Court.

8.    Paul Hastings has continued to perform these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by Paul Hastings was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the extent practicable, questions of Puerto Rico law to local counsel.

9.    In addition, a small core group of Paul Hastings attorneys was utilized for the vast majority of the work in these Title III cases to minimize the costs of intra-Paul Hastings communication and education about the cases.  Notably, as a general matter, no more than two Paul Hastings attorneys telephonically attended the various hearings held during the Application Period, thereby minimizing not only the time billed on these hearings but also the cost of travel and lodging.  This is to be contrasted with other firms that have several partners attending such hearings.

10.     Moreover, to the extent appropriate, Paul Hastings sought to work closely with counsel to the Oversight Board, counsel to the Oversight Board's Special Claims Committee (the "Special Claims Committee"), counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and counsel for the official committee of retirees (the "Retiree Committee") in order to eliminate unnecessary duplication and allocate tasks in an efficient manner.  For example, with limited exceptions, the Committee did not become involved in addressing stay relief requests and, instead, deferred these matters to representatives of the Debtors.  In addition, to the extent appropriate, the Committee joined in the relief sought by other parties (as opposed to incurring the cost of preparing its own standalone motions) or concluded that no pleading was necessary at all.  The Committee has also continued to be very judicious in determining in which adversary proceedings to intervene, despite the First Circuit's ruling affirming the Committee's unconditional right to intervene in adversary proceedings.[10]

11.     Finally, we note that the blended attorney hourly rate ($904 after 20% reduction) for the Application Period is not comparable to the average hourly rate of other professionals in these Title III cases.  Importantly, the Firm's blended attorney hourly rate does not reflect the numerous cost-saving measures that were put in place, including deferring a variety of matters to the Committee's local counsel, Casillas, Santiago & Torres LLC ("CST"), and the Committee's special litigation counsel, Genovese, Joblove & Battista, P.A. ("GJB"), which have significantly lower rates than Paul Hastings.  For example, Paul Hastings determined (with Committee approval) that all garden-variety avoidance actions should be handled by CST.  Moreover,

---

[10]   Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks allowance of $1,916,539.50 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of fees in the amount of $1,340,554.58 (to the extent such amount has not been paid before the hearing scheduled on this Application).

certain other adversary proceedings (such as the complaint against certain PREPA fuel suppliers)
are being handled by GJB, even where Paul Hastings does not have a conflict.  Furthermore,
Paul Hastings submits that concentrating work in small teams (that naturally involve more senior
attorneys at higher rates) is more cost-efficient than spreading work out across large teams with
numerous junior attorneys (which would have the effect of artificially lowering the blended
hourly rate).  By comparison, on average, the Paul Hastings core teams are half the size of other
firms' core team.

12.      In sum, Paul Hastings respectfully submits that the services for which it seeks
compensation in this Application were necessary for and beneficial to the Committee, the
Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value
for unsecured creditors during the pendency of these Title III cases.  The results obtained to date
have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in
light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional
services performed and expenses incurred are reasonable under applicable standards.  For all
these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow
interim compensation for professional services performed and reimbursement for expenses as
requested.

13.      This Application is consistent with the Interim Compensation Order (as defined
below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11
U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the

extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met

by this Application.[11]

14.    In accordance with the U.S. Trustee Guidelines, at the end of this Application are

the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this Application.

- Exhibit C-1 contains the budgets for Paul Hastings' services during the Application Period.

- Exhibit C-2 contains the staffing plans for Paul Hastings' services during the Application Period.

- Exhibit D-1 contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period, and (b) a further breakdown of the compensation requested by project category and matter number.

- Exhibit D-2 contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- Exhibit E contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- Schedule 1 contains a list of the professionals providing services during the Application Period by matter.

- Schedule 2 includes the monthly fee statements covered in this Application.

- Schedule 3 includes the proposed order approving this Application.

---

[11]    The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

## BACKGROUND

15.     On May 3, 2017, the Oversight Board commenced a Title III case for the

Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a)

of PROMESA (the "Commonwealth Title III Case").  Thereafter, the Oversight Board

commenced a Title III case for each of COFINA, the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico (the "ERS Title III Case"), the Puerto Rico

Highways and Transportation Authority (the "HTA Title III Case"), and the Puerto Rico Electric

Power Authority (the "PREPA Title III Case," and, together with the Commonwealth Title III

Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").[12]  By orders

dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court

approved the joint administration of the Title III Cases.

16.     On June 15, 2017, the Office of the United States Trustee for the District of

Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured

Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel

to the Committee.

17.     On July 10, 2017, the Committee filed an application to retain and employ Paul

Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application").

By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"),

incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was

approved effective as of June 26, 2017.

---

[12]    Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III
Case.

18.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").[13]

19.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order."

20.     The Retention Order authorized Paul Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.[14]  The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul Hastings under this Order shall be an administrative expense."  In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings' allowed fees and expenses.

---

[13]   The Interim Compensation Order was most recently amended on June 6, 2018.

[14]   Paragraph 2 of the Retention Order provides, among other things, that "Paul Hastings will charge its regular hourly rates in effected from time to time; as such rates may be increased periodically, annually or otherwise."

21.     Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total

case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul

Hastings (in its sole discretion) in connection with the final fee application process.  For that

reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the

Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction

in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would

be governed by Court orders which contained strict procedures and deadlines, and that such

order would be complied with.

22.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA*

*Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and*

*Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady

Williamson as the Fee Examiner in the Title III Cases.

23.     On December 15, 2017, Paul Hastings filed its first interim fee application with

respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the

"First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul

Hastings received a preliminary report from the Fee Examiner with respect to the First Interim

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in

its requested fees and expenses.[15]  On March 7, 2018, the Court approved the First Interim Fee

Application, with the agreed-upon adjustments.

---

[15]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $67,259.01 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $13,507.00 (which amount was credited against Paul
Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $21,926.16 (which amount
also was credited against Paul Hastings' January 2018 fee statement).

24.    On March 19, 2018, Paul Hastings filed its second interim fee application with respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the "Second Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[16]  On June 8, 2018, the Court approved the Second Interim Fee Application, with the agreed-upon adjustments.

25.    On July 16, 2018, Paul Hastings filed its third interim fee application with respect to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[17]  On March 14, 2019, the Court approved the Third Interim Fee Application, with the agreed-upon adjustments.

26.    On November 16, 2018, Paul Hastings filed its fourth interim fee application with respect to the period from June 1, 2018 through September 30, 2018 [Docket No. 4325] (the "Fourth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fourth Interim

---

[16]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $103,943.50 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $1,385.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $12,722.50 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[17]    These agreed-upon adjustments consisted of (a) fee reductions in the amount of $125,338.14 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,589.74 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $3,737.20 (which amount also was credited against Paul Hastings' January 2019 fee statement).

Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[18]  On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

27.     On March 18, 2019, Paul Hastings filed its fifth interim fee application with respect to the period from October 1, 2018 through January 31, 2019 [Docket No. 5822] (the "Fifth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Fifth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[19]  On July 23, 2019, the Court approved the Fifth Interim Fee Application, with the agreed-upon adjustments.

28.     On July 15, 2019, Paul Hastings filed its sixth interim fee application with respect to the period from February 1, 2019 through May 31, 2019 [Docket No. 8004] (the "Sixth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Sixth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[20]  On January 2, 2020, the Court approved the Sixth Interim Fee Application, with the agreed-upon adjustments.

---

[18]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $69,137.26 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $58,539.27 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $2,296.62 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[19]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $106,895.16 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $88,842.17 (which amount was credited against Paul Hastings' June 2019 fee statement), and (c) expense reductions in the amount of $606.96 (which amount also was credited against Paul Hastings' September 2019 fee statement).

[20]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $196,179.84 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee

29.     On November 15, 2019, Paul Hastings filed its seventh interim fee application
with respect to the period from June 1, 2019 through September 30, 2019 [Docket No. 9219] (the
"Seventh Interim Fee Application").  In accordance with the Interim Compensation Order, Paul
Hastings received a preliminary report from the Fee Examiner with respect to the Seventh
Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain
adjustments in its requested fees and expenses.[21]  On April 17, 2020, the Court approved the
Seventh Interim Fee Application, with the agreed-upon adjustments.

30.     On March 16, 2020, Paul Hastings filed its eighth interim fee application with
respect to the period from October 1, 2019 through January 31, 2020 [Docket No. 12395] (the
"Eighth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul
Hastings received a preliminary report from the Fee Examiner with respect to the Eighth Interim
Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in
its requested fees and expenses.[22]  On July 24, 2020, the Court approved the Eighth Interim Fee
Application, with the agreed-upon adjustments.

---

application, (b) additional fee reductions in the amount of $145,627.04 (which amount was credited against Paul
Hastings' December 2019 fee statement), and (c) expense reductions in the amount of $227.93 (which amount
also was credited against Paul Hastings' December 2019 fee statement).

[21]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $119,416.43 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $99,027.94 (which amount was credited against Paul
Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $548.31 (which amount also
will be credited against Paul Hastings' June 2020 fee statement).  In addition, Paul Hastings and the fee
examiner agreed to provisionally defer (a) $111,572.00 in Paul Hastings' fees related to the expert report
prepared by London Economics International, LLC ("LEI") and (b) $515,438.58 in expenses related to the
expert report prepared by LEI.

[22]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $73,920.04 to be included
within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee
application, (b) additional fee reductions in the amount of $73,343.54 (which amount was credited against Paul
Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $99.18 (which amount also
was credited against Paul Hastings' June 2020 fee statement).

14

31.     On July 15, 2020, Paul Hastings filed its ninth interim fee application with respect to the period from February 1, 2020 through May 31, 2020 [Docket No. 13682] (the "Ninth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Ninth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[23]  On December 7, 2020, the Court approved the Ninth Interim Fee Application, with the agreed-upon adjustments.

32.     On November 16, 2020, Paul Hastings filed its tenth interim fee application with respect to the period from June 1, 2020 through September 30, 2020 [Docket No. 15160] (the "Tenth Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Tenth Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[24]  On April 27, 2021, the Court approved the Tenth Interim Fee Application, with the agreed-upon adjustments.

33.     On March 15, 2021, Paul Hastings filed its eleventh interim fee application with respect to the period from October 1, 2020 through January 31, 2021 [Docket No. 16067] (the "Eleventh Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Eleventh

---

[23]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $76,609.82 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $78,764.83 (which amount were credited against Paul Hastings' March 2021 fee statement).

[24]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $33,281.45 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $162,080.45 (which amount was credited against Paul Hastings' March 2021 fee statement), and (c) expense reductions in the amount of $170.77 (which amount also was credited against Paul Hastings' March 2021 fee statement).

Interim Fee Application.  The Fee Examiner and Paul Hastings are in discussions to resolve the

Fee Examiner's concerns with respect to the Eleventh Interim Application.

## COMPENSATION AND REIMBURSEMENT REQUEST

34.     By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $1,916,538.50[25] and expense reimbursements in the aggregate amount of

$78,760.38.[26]  These amounts are allocated among the Commonwealth Title III Case, the HTA

Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $1,681,540.50 | $75,421.74 | **$1,756,962.24** |
| HTA Title III Case | $2,565.00 | $0.00 | **$2,565.00** |
| ERS Title III Case | $85,224.00 | $1,391.14 | **$86,615.14** |
| PREPA Title III Case | $147,209.00 | $1,947.50 | **$149,156.50** |
| **Total** | **$1,916,538.50** | **$78,760.38** | **$1,995,298.88** |

35.     The Committee has approved the amounts requested by Paul Hastings for services

performed and expenses incurred in each of the monthly statements submitted to, among others,

the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application

Period.  All services for which compensation is requested herein were performed for or on behalf

of the Committee.  Moreover, as detailed on Exhibit D hereto, the aggregate amount of fees

incurred by Paul Hastings during the Application Period was well below the fees budgeted.

---

[25]  As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process. Accordingly, the firm only seeks payment, at this time, of
fees in the amount of $1,340,554.58 (to the extent such amount has not been paid before the hearing scheduled
on this Application), which is 80% of $1,675,693.22 (i.e., Paul Hastings' fees of $1,916,538.50 minus a credit
of $240,845.28 for fee reductions pursuant to the orders approving Paul Hastings' Ninth and Tenth Interim Fee
Applications).

[26]  As noted, Paul Hastings only seeks payment of fees in the amount of $78,589.61 (to the extent such amount has
not been paid before the hearing scheduled on this Application), which amount reflects a credit of $170.77 for
expense reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

36.     To date, Paul Hastings has received payments totaling $1,047,528.95 for services

rendered during the Application Period, which amount consists of (a) $988,178.98 (representing

80% of the fees for services invoiced during the period from February 1, 2021 through April 30,

2021) and (b) $68,638.80 (representing 100% of expenses invoiced for the same period) *minus*

(c) $9,288.83 on account of a "Contribucion Especial 1.5%" (which the Commonwealth has

withheld from Paul Hastings April 2021 fee statement).[27]  As of the date of this Application, the

amount of $371,615.24 remains unpaid, which amount consists of (a) $362,326.41 (reflecting

80% of fees and 100% of expenses for services rendered during the period from May 1, 2021

through May 31, 2021) and (b) $9,288.83 (*i.e.*, the "Contribucion Especial 1.5%") remains

unpaid.[28]

37.     Other than payments made in accordance with the Interim Compensation Order,

Paul Hastings has received no payment and no promises of payment from any source for services

rendered during the Application Period.  By this Application, Paul Hastings requests allowance

of all fees and expenses incurred for services rendered during the Application Period.  At this

time, however, Paul Hastings seeks payment of only (a) 80% of the fees for services invoiced

during the Application Period and (b) 100% of expenses invoiced during the Application Period.

38.     In addition, as a courtesy to the Committee and based on circumstances unique to

the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling

$10,455.00.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves

the right to seek allowance and payment of these fees based on the facts and circumstances of

---

[27]   Paul Hastings does not believe that this withholding is appropriate, as it understands that the tax at issue only
applies to services provided by entities that have contracts with the Commonwealth government (which Paul
Hastings does not).  Paul Hastings is continuing to analyze this issue and reserves all rights in this regard

[28]   The deadline to object to Paul Hastings' May 2021 fee statement will expire on July 19, 2021.  As of the filing
of this Application, no objections have been received with respect to the May 2021 fee statement.

these cases, including, without limitation, if objections are interposed to the allowance or
payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses
totaling $259.73 as a courtesy to the Committee during the Application Period.  For details
regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed
concurrently herewith.

39.    There is no agreement or understanding between Paul Hastings and any other
person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of
compensation to be received for services rendered in these cases.

40.    Paul Hastings maintains computerized records, in the form of monthly statements,
of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its
representation of the Committee.  The monthly statements are in the same form regularly used by
Paul Hastings to bill its clients for services rendered and include the date that the services were
rendered, a detailed, contemporaneous narrative description of the services provided, the amount
of time spent for each service, and the designation of the professional who performed the service.

41.    The fees charged by Paul Hastings in the Title III Cases are billed in accordance
with its existing billing rates and procedures in effect during the Application Period with certain
exceptions.  As a courtesy to the Committee and based on circumstances unique to the Title III
Cases, Paul Hastings agreed to continue to charge reduced rates for the services of the following
attorneys during the Application Period (in each case, adjusted to reflect, on a *pro forma* basis,
the 20% end-of-case reduction):

| Attorney | Standard 2021 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2021 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,340 | $1,280 |
| John F. Hilson | $1,280 | $1,120 |

18

Subject to the foregoing exceptions, the rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

42.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

43.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 1,821.00 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (366.80 hours), counsel (282.70 hours), associates (988.20 hours), and paraprofessionals (183.30 hours).  During the Application Period,

Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $700 to

$1,600 per hour (before the application of any fee reductions).

44.     To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Application Period, but were not processed before the

preparation of this Application, or Paul Hastings has for any other reason not sought

compensation or reimbursement with respect to such services or expenses, Paul Hastings

reserves the right to request additional compensation for such services, and reimbursement of

such expenses, in a supplemental or future application.

### SUMMARY OF SERVICES

45.     During the Application Period, Paul Hastings assisted and advised the Committee

on a regular basis regarding legal matters relating to the restructuring of the Debtors, including

related adversary proceedings, and all other matters arising in the performance of the

Committee's duties.  In addition, Paul Hastings has prepared various motions, applications,

orders, and other pleadings submitted to the Court for consideration, and has performed the

necessary professional services that are described below and in the monthly statements attached

hereto as Schedule 2.[29]  For ease of reference and transparency purposes, Paul Hastings created

several matter numbers for its representation of the Committee.  The matter numbers are divided

by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|-----------|-------------|
| 00002 | Official Committee of Unsecured Creditors |
| 00004 | Communications with Creditors (other than Committee Members) |

---

[29]   The description of services in this Application is limited to those matters in which Paul Hastings provided
five (5) or more hours of service during the Application Period.

| 00006 | PREPA |
|-------|-------|
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00012 | Creditors' Committee Meetings |

**I.   Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

   (a)   Case Administration (Task Code B110)
         Fees:   $32,879.50          Total Hours:   45.30

46.     During the Application Period, Paul Hastings continued to advise the Committee on general case administration.  In order to efficiently track deadlines, organize documents, and manage work streams, Paul Hastings maintained a global task list and case calendar.  Further, Paul Hastings coordinated internally and with the Committee's financial advisor, Zolfo Cooper LLP ("Zolfo Cooper") regarding Committee communications, case strategy, and work streams.

47.     In addition, during the Application Period, Paul Hastings continued to implement interim and long-term strategies to maximize recoveries for general unsecured creditors.  Paul Hastings also communicated with certain Committee members and others in connection with the administration of the Title III Cases.

48.     Furthermore, Paul Hastings undertook a variety of other tasks related to case administration, such as analyzing issues in connection therewith including proposed legislation relevant to unsecured creditors, preparing Rule 2019 disclosures, handling administrative matters

in connection with the filing and service of pleadings, and monitoring Oversight Board public

meetings in February and March 2021.[30]

(b)   Pleadings Review (Task Code B113)
       Fees:   $24,552.50        Total Hours:   55.80

49.   During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered in the Title III Cases for internal review and

review by the Committee.

(c)   Relief from Stay / Adequate Protection Proceedings (Task Code B140)
       Fees:   $44,935.50        Total Hours:   36.40

50.   During the Application Period, Paul Hastings reviewed pleadings and analyzed

issues in preparation for the hearing before the First Circuit on the Revenue Bond stay relief

appeal.  In addition, Paul Hastings prepared the Committee's joinder in support of the Oversight

Board's brief in opposition to the motion for relief from stay filed by AmeriNational Community

Services, LLC and Cantor-Katz Collateral Monitor LLC (the "DRA Parties").  As in other

instances, the Committee filed a joinder in the interest of minimizing fees and to avoid the

duplication of work.

(d)   Meetings of and Communications with Creditors (Task Code B150)
       Fees:   $202,563.50        Total Hours:   197.20

51.   During the Application Period, Paul Hastings continued to prepare reports and

summaries to keep the Committee apprised of relevant developments in the Title III Cases and

related adversary proceedings.[31]

---

[30]   Monitoring of Oversight Board public meetings in April and May 2021 was recorded separately under Task
       Code B155 (Court Hearings).

[31]   Meetings and calls with the Creditors' Committee were recorded separately under Matter ID 00012 (Creditors'
       Committee Meetings).

(e)    Court Hearings (Task Code B155)
         Fees:   $82,358.00           Total Hours:   72.30

52.       During the Application Period, Paul Hastings attended, among other hearings, (a)

the February 1, 2021 claim objection hearing, at which hearing Paul Hastings observed the

proceedings but did not address the Court, (b) the March 10, 2021, omnibus hearing, at which

hearing Paul Hastings addressed the Oversight Board's status report in connection with Plan

process, (c) the March 17, 2021 hearing on Revenue Bond Litigation discovery issues, at which

hearing Paul Hastings observed the proceedings but did not address the Court , (d) the April 28-

29, 2021, omnibus hearing, at which hearing Paul Hastings addressed (i) the motion of the

Oversight Board and AAFAF seeking allowance of an administrative expense claim in favor of

LUMA Energy, (ii) the motion of the Oversight Board seeking relief from the litigation stay to

prosecute motions for summary judgment related to the Revenue Bond Litigation and the related

cross-motion of the Committee for relief from the litigation stay to file a limited objection or

intervene in such litigation, (iii) the motion of the Oversight Board to schedule a hearing with

respect to its Disclosure Statement, and (iv) the Committee's motion to schedule a hearing with

respect its Renewed Rule 3013 Motion.

53.       In preparation for these hearings, Paul Hastings also reviewed relevant issues

raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite

informative motions to be heard.  In addition, Paul Hastings observed the Oversight Board's

public meetings in April and May 2021,[32] and Paul Hastings participated in the February 4, 2021

oral arguments before the First Circuit Court of Appeals with respect to the appeals of the orders

denying stay relief in connection with the Revenue Bond Litigation.

---

[32]    Monitoring of Oversight Board public meetings in February and March 2021 was recorded separately under
         Task Code B110 (Case Administration).

    (f)    <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
           Fees:   $81,312.50           Total Hours:   85.00

54.     During the Application Period, Paul Hastings prepared, among other things, four monthly fee statements for services provided during the months of December 2020 through March 2021, as well as the Eleventh Interim Fee Application and portions of this Application.  In addition, Paul Hastings continued to identify possible connections between the firm and parties in interest in the Title III Cases and prepared portions of a supplemental declaration of Luc A. Despins regarding the firm's retention as Committee counsel.  Paul Hastings also reviewed reports and correspondence from the Fee Examiner and engaged in discussions with the Fee Examiner and his counsel to address questions regarding Paul Hastings' interim fee applications.

    (g)    <u>Fee/Employment Applications for Other Professionals (Task Code B165)</u>
           Fees: $ 14,896.50           Total Hours: 19.30

55.     During the Application Period, Paul Hastings assisted the Committee's other professionals, including the Committee financial advisor, Zolfo Cooper, and the Committee's communications advisor, Kroma Advertising, Inc. ("<u>Kroma</u>"), with their fee applications.  Paul Hastings also handled other matters related to the employment of other professionals, including reviewing the fee statements of certain professionals compensated by the Commonwealth.

    (h)    <u>Other Contested Matters (Task Code B190)</u>
           Fees:   $8,469.00           Total Hours:   7.50

56.     During the Application Period, Paul Hastings participated in the meet and confer process related to Ambac Assurance Corporation's motions under Bankruptcy Rule 2004 for discovery related to the Commonwealth cash position and pension issues and filed a limited joinder in such motions.

(i)   Claims Administration and Objections (Task Code B310)
        Fees:   $303,282.50          Total Hours:   284.80

57.      During the Application Period, Paul Hastings continued to review and track claim

objections filed by the Oversight Board (as well as responses thereto).  In that regard, Paul

Hastings also reviewed the Oversight Board's filings related to the designation of claims for the

ADR process and the ACR process.

58.      In addition, Paul Hastings undertook a number of other tasks related to the

resolution of claims against the Commonwealth.  In particular, Paul Hastings continued to

represent the Committee in connection with the Revenue Bond Litigation and related issues, by,

among other things, (a) preparing (i) the Committee's response to the Oversight Board's motion

for relief from the litigation stay to prosecute further motions for partial summary judgment in

connection with the Revenue Bond Litigation, (ii) the cross-motion of the Committee for relief

from the litigation stay to file a limited objection or intervene in the Revenue Bond Litigation,

along with a related reply brief and scheduling motion, (iii) claim objections related to PRIFA

and CCDA Revenue Bonds, and (b) participating in the discovery process related to the Revenue

Bond Litigation by, among other things, analyzing discovery issues, reviewing document

production, and attending depositions remotely.

(j)   Plan and Disclosure Statement (including Business Plan) (Task Code B320)
        Fees: $ 558,863.50          Total Hours:   544.40

59.      During the Application Period, Paul Hastings handled numerous tasks related to

the Plan process.  Among other things, Paul Hastings scrutinized the various Plan-related

documents filed by the Oversight Board during the Application Period, including the second

amended Plan and Disclosure Statement, the third amended Plan and Disclosure Statement, and

the plan support agreements between the Oversight Board and certain creditor groups.  Paul

Hastings also prepared numerous pleadings related to the Disclosure Statement and Plan process,

including the Committee's Renewed Rule 3013 Motion, the motion to schedule the Renewed

Rule 3013 Motion and reply in support of same, and the Committee's objection to the Oversight

Board's motion to schedule the Disclosure Statement hearing.  At the same time, Paul Hastings

also led the Committee's efforts to obtain discovery in connection with the Disclosure Statement,

including by analyzing discovery issues, preparing document requests, communicating with the

Oversight Board and other parties in interest regarding same, and preparing the Committee's

motion to compel discovery.  As part of preparing for a contested hearing on the Disclosure

Statement, Paul Hastings also spent significant time researching numerous and complex issues

related to the Disclosure Statement and Plan, including issues related to classification of claims,

precedent in municipal cases, and the adequate information standard in connection with the

approval of disclosure statements.[33]

## II.    Communications with Creditors (Other Than Committee Members) (Matter ID 00004)

   (a)    Meetings of and Communications with Creditors (Task Code B150)
          Fees: $ 21,396.50          Total Hours: 16.80

   60.    During the application period, Paul Hastings drafted communications to creditors

regarding recent case events, worked to update the Committee's website, and collaborated with

other Committee professionals on creditor outreach issues.  This work is crucial to keeping

unsecured creditors aware of recent developments and facilitating their ability to vindicate their

interests.

---

[33]   Paul Hastings also prepared the Committee's objection to the approval of the Disclosure Statement, which was
filed on June 15, *i.e.*, after the end of the Application Period.

### III.   PREPA (Matter ID 00006)

(a)   <u>Claims Administration and Objections (Task Code B310)</u>
Fees:   $100,901.50          Total Hours: 104.20

61.   During the Application Period, Paul Hastings handled the Committee's response

to the Government Parties' March 2021 motion seeking allowance of an administrative claim in

favor of LUMA Energy, including by preparing the Committee's reservation of rights in

connection with the scheduling of such motion and the Committee's limited objection thereto,

and analyzing related legal issues.

(b)   <u>Restructuring (Task Code B420)</u>
Fees:   $38,478.50          Total Hours: 33.10

62.   During the Application Period, Paul Hastings continued to represent the

Committee in connection with the PREPA RSA Motion.  Among other things, following the

Committee's appeal of the Court's denial of the Committee's request to dismiss the PREPA RSA

Motion, Paul Hastings prepared the Committee's response to the First Circuit's order to show

cause with respect to jurisdictional issues related to such appeal.

### IV.   ERS (Matter ID 00008)

(a)   <u>Court Hearings (Task Code B155)</u>
Fees:   $65,091.00          Total Hours:   48.70

63.   During the Application Period, Paul Hastings continued to represent the

Committee in connection with the litigation of the ERS Claim Objections and related adversary

proceedings, in which the Committee, the Oversight Board, the Special Claims Committee, and

the Retiree Committee (together, the "<u>Objectors</u>") challenged over $3 billion of ERS bonds both

as invalid based on the theory that they were issued *ultra vires* and, to the extent they are not

invalid, as having limited liens.  In connection with this litigation, Paul Hastings prepared for the

oral argument scheduled for April 8, 2021 (prior to the adjournment of such hearing in the wake

of the filing by the other Objectors and ERS bondholders of the motion, dated April 5, 2021, to

stay the ERS Claim Objection litigation (the "ERS Stay Motion")).

      (b)      Claims Administration and Objections (Task Code B310)
                    Fees:   $17,132.00        Total Hours:   14.10

      64.      Paul Hastings prepared the Committee's objection to the ERS Stay Motion, which

was ultimately denied.

## V.      Other Adversary Proceedings (Matter ID 00009)[34]

      (a)      General Litigation (Task Code B191)
                    Fees:   $86,860.00        Total Hours:   74.50

      65.      During the Application Period, Paul Hastings monitored the progress of a

number of adversary proceedings and related matters, advising the Committee as appropriate.  In

order to track deadlines, organize documents, and notify the Committee of upcoming matters,

Paul Hastings reviewed these dockets to maintain its litigation tracking charts.

      66.      In addition, Paul Hastings also continued to handle other litigation matters,

including, among other things, analyzing issues in connection with ongoing avoidance actions

and the potential settlement of certain such actions.  Specifically, Paul Hastings reviewed and

analyzed proposed settlement recommendations for preference and fraudulent transfer actions

and participated in the settlement of such issues.

---

[34]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under
Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary
proceedings under Matter ID 00008.

## VI.   Mediation (Matter ID 00010)[35]

(a)   Claims Administration and Objections (Task Code B310)
Fees:   $21,400.00         Total Hours:   15.00

67.   During the Application Period, Paul Hastings worked closely with Zolfo Cooper

to analyze claim issues in connection with Plan mediation.

(b)   Plan and Disclosure Statement (Including Business Plan) (Task Code B320)
Fees: $ 90,815.50         Total Hours:  61.00

68.   During the Application Period, Paul Hastings analyzed materials related to the

Plan and Disclosure Statement, attended mediation sessions, and prepared the Committee's

presentations and proposals related to same.  In this regard, Paul Hastings communicated with

the mediation counterparties, the lead mediator, and the Committee.

## VII.   Creditors Committee Meetings (Matter ID 00012)

(a)   Meetings of and Communications with Creditors (Task Code B150)
Fees:   $95,176.00         Total Hours:   81.10

69.   During the Application Period, Paul Hastings continued to hold regular telephonic

conferences with the Committee to provide the Committee with updates on the progress of the

Title III Cases as well as to discuss case strategy and next steps.  In preparation for these

telephonic conferences, Paul Hastings (a) reviewed relevant pleadings filed in the Title III Cases

and related adversary proceedings, (b) prepared presentations for these meetings, and (c)

prepared proposed agenda letters for the Committee's consideration.

---

[35]   Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues addressed in mediation. Moreover, at the request of the mediation team, Paul Hastings has redacted all references to specific mediation issues in its monthly fee statements attached to this Application. Paul Hastings will submit unredacted versions of such statements for the Court's review, if the Court so requests.  The Fee Examiner has received unredacted versions of such statements.

     (c)     <u>Plan and Disclosure Statement (Including Business Plan) (Task Code B320)</u>
              Fees: $6,105.00          Total Hours: 6.60

70.     During the Application Period, Paul Hastings prepared presentation materials for the Committee with respect to the Disclosure Statement and Plan.

\* \* \*

71.     The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

<h3 style="text-align:center"><u>ATTENDANCE AT HEARINGS</u></h3>

72.     In accordance with the presumptions set forth in the *Order on Fee Examiner's Motion* to *Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Docket No. 3932] (the "<u>Presumptive Standards Order</u>"), Paul Hastings provides the following summary regarding the attendance of Paul Hastings professionals at Court hearings:[36]

- <u>February 1, 2021</u>:  The February 1, 2021 claim objection hearing, which was held remotely, was attended telephonically by Ms. Naulo.

- <u>March 10, 2021</u>:  The March 10, 2021 omnibus hearing, which was held remotely, was attended telephonically by Mr. Despins (speaking role) and Mr. Bongartz.

- <u>March 17, 2021</u>:  The March 17, 2021 hearing on discovery issues, which was held remotely, was attended telephonically by Mr. Bassett and Mr. Zwillinger.

- <u>April 28-29, 2021</u>:  The April 28-29, 2021 omnibus hearing, which was held remotely, was attended telephonically by Mr. Despins (speaking role) on April 28 and Mr. Bongartz on both days.  In addition, Mr. Bassett and Mr. Zwillinger attended portions of the hearing on April 28, which Paul Hastings submits was

---

[36]    Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

reasonable given that both Mr. Bassett and Mr. Zwillinger were heavily involved in preparing the Committee's cross-motion regarding participation in the Revenue Bond Litigation.

## REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND COMMITTEE

73.      As requested by the Fee Examiner, we set forth below the status of the various

proceedings and motions jointly commenced by the Oversight Board or its Special Claims

Committee, on the one hand, and the Committee, on the other hand, pursuant to stipulations for

the joint prosecution of causes of action or claims objections.

- GO Bond Claim Objections: Pursuant to the Court's stay order dated March 10, 2020 [Docket No. 12189] (the "Final Stay Order"), the GO Bond Claim Objections remain stayed pending the Court's decision regarding confirmation of the Plan.

- Adversary Proceeding Against Underwriters, etc.:  GJB, the Committee's special litigation counsel, represents the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280].  Paul Hastings has no involvement in this adversary proceeding.  Moreover, pursuant to the Final Stay Order, the underwriter litigation is stayed pending the Court's decision regarding confirmation of the Plan.

- Garden-Variety Avoidance Actions:  CST, the Committee's local counsel, represents the Committee with respect to the "garden-variety" avoidance actions [Adv. Proc. Nos. 19-041 to 19-279, and Adv. Proc. Nos. 19-347 to 19-354].  Paul Hastings' involvement in these avoidance actions is limited to reviewing and commenting on draft forms of pleadings or "case management" pleadings, and providing high-level oversight and direction with respect to these adversary proceedings.[37]

- Other Stayed Co-Plaintiff Adversary Proceedings: Pursuant to the Final Stay Order, the following co-plaintiff adversary proceedings are stayed pending the Court's decision regarding confirmation of the Plan:

---

[37]   We also note that, on July 12, 2019, the Court approved certain procedures establishing a framework for streamlined execution of settlement agreements and procedures and guidelines for resolving the avoidance actions through a voluntary mediation process.

- o Eight adversary proceedings seeking to recover fraudulent transfers made on account of GO bonds that were not validly issued [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288]; and

- o Seven adversary proceedings challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297].

- o Four adversary proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].

- ERS-Related Co-Plaintiff Adversary Proceedings: Pursuant to the Court's stay order dated April 12, 2021 [Docket No. 16385] (the "ERS Stay Order"), the following co-plaintiff adversary proceedings are stayed pending the Court's decision regarding confirmation of the Plan:

- o Six adversary proceeding related to ERS bond issues [Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-359, Adv. Proc. No. 19-361, Adv. Proc. No. 19-366, and Adv. Proc. No. 19-367].

- Currently Stayed HTA Revenue Bond Co-Plaintiff Adversary Proceeding: Pursuant to the Court's *Final Case Management Order for Revenue Bonds* [Docket No. 12186], Adv. Proc. No. 20-007 is currently stayed.

74.     The sub-budgets and staffing plans with respect to the jointly pursued matters described above are included as part of Exhibit C-1 and Exhibit C-2 hereto, respectively.  As shown on Exhibit D-1, actual hours incurred on the above matters were well below budget.

## **ACTUAL AND NECESSARY DISBURSEMENTS**

75.     As set forth in Exhibit D-2 hereto, Paul Hastings disbursed $78,760.38 as expenses incurred in providing professional services during the Application Period.  This amount includes $38,215.58 in expenses payable to Trustpoint International, LLC, which provided e-discovery services, including maintaining a database of discovery documents that were critical to

Paul Hastings' discovery tasks in connection with the litigation related to the PREPA RSA Motion.

76.     Paul Hastings also disbursed additional amounts in connection with other minor expenses such as the translation of documents and the use of CourtSolutions.

77.     Further, because Paul Hastings believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

78.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy.  Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

79.     Further, Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

80.    Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

    (a)    In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

        (i)    the time spent on such services;

        (ii)    the rates charged for such services;

        (iii)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

        (iv)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

        (v)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

        (vi)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

81.    PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

82.      In the instant case, Paul Hastings respectfully submits that the services for which
it seeks compensation in this Application were, at the time rendered, believed to be necessary for
and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to
protect, preserve, and maximize value for unsecured creditors during the pendency of the
Title III Cases.  The services rendered to the Committee were performed in an economic,
effective, and efficient manner commensurate with the complexity and importance of the issues
involved.  The results obtained to date have benefited not only the Committee but also the
Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation
requested herein is reasonable in light of the nature, extent, and value of such services to the
Committee, the Debtors, and all parties in interest.

83.      The work conducted was carefully assigned to appropriate professionals or
paraprofessionals according to the experience and level of expertise required for each particular
task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services
to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more
routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was
utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings
communication and education about the Title III Cases.  As demonstrated by this Application,
Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly,
approval of the compensation sought herein is warranted.

## NOTICE

84.      In accordance with the Interim Compensation Order, Paul Hastings will provide
notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and
O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial

Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the

Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the

Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián,

C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson;

and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.

In addition, the notice of hearing with respect to this Application will be served on all parties that

have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the

form attached hereto as Schedule 3, (i) allowing interim compensation for professional services

rendered during the Application Period in the amount of $1,916,538.50, representing 100% of

the fees billed during the Application Period, and reimbursement of $78,760.38, representing

100% of the actual and necessary expenses incurred during the Application Period,

(ii) authorizing and directing the Debtors' payment of the difference between (a) the sum of 80%

of the fees allowed (after taking into account any credits) and 100% of the expenses allowed and

(b) the amounts previously paid by the Debtors pursuant to the Interim Compensation Order, (iii)

allowing such compensation and payment for professional services rendered and reimbursement

of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek

such further compensation and/or payment for the full value of services performed and expenses

incurred, and (iv) granting Paul Hastings such other and further relief as is just.

Dated:  July 15, 2021

    _/s/ Luc A. Despins_

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------------- x

In re:                                                    :
                                                          :
THE FINANCIAL OVERSIGHT AND                               :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                         :   Title III
                                                          :
     as representative of                                  :   Case No. 17-BK-3283 (LTS)
                                                          :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                :   (Jointly Administered)
                                                          :
     Debtors.[1]                                           :

-------------------------------------------------------------------------- x

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF TWELFTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2021

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.     I am an attorney admitted and in good standing to practice in the State of New York. I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings. I make this Declaration in

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

support of the *Twelfth Interim Application of Paul Hastings LLP, Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from February 1, 2021 through May 31, 2021* (the "Application").[2]

2.     The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.     I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4.     Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

Question:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?

Response:     Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings agreed to the following voluntary fee reductions and expense write-offs:

For services rendered during the Application Period, Paul Hastings reduced the rates charged for the following attorneys:

---

[2]     Capitalized terms used but not defined herein have the meanings set forth in the Application.

2

| Attorney | Standard 2021 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2021 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,340 | $1,280 |
| John F. Hilson | $1,280 | $1,120 |

In addition, Paul Hastings waived expenses totaling $259.73, as follows:

(i)     The firm waived all charges with respect to late-work, in-office meals (even though the Fee Examiner guidelines permit in-office meal charges of up to $20.00 per meal).  At a $20.00 cap per meal, this translates into a total write-off of $0.00;

(ii)    The firm capped car service charges at $100.00 resulting in a write-off of $19.48 and

(iii)   To comply with Local Rule 2016-1(b)(1), the firm reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $240.25.

The aggregate amount of the foregoing reductions/write-offs is $10,714.73

Question:    If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

Question:    Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

Question:    Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:    The Application does not include time for preparing, reviewing, or revising time records.  However, in the interest of full disclosure, the Application includes approximately 8.9 hours and associated fees of

approximately $12,015.00 related to preparing, reviewing, and revising Paul Hastings' fee statements, including related summary tables, correspondence with notice parties, and ensuring time entries are properly categorized by matter number and task code. On average, less than 2.5 hours were spent on each of the four monthly fee statements prepared during the Application Period.

Question:   Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:   No.

Question:   If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:   As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms. Effective February 1, 2021, with the Committee's approval, Paul Hastings adjusted its hourly rates in accordance with the Retention Order, the Retention Application, and the *Declaration of Mark Richard* in support of the Retention Application. The Retention Order provides that Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise. As detailed in the *Declaration of Mark Richard* [Docket No. 610-3], the Committee was advised of the foregoing.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 15th day of July 2021

*/s/ Luc A. Despins*
Luc A. Despins