UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO (ERS),

    Debtor.

PROMESA
Title III

No. 17 BK 3566-LTS

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND

PROMESA
Title III

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| | |
|---|---|
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| -------------------------------------------------------------x | |
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | No. 19 BK 5523-LTS |
| PUERTO RICO PUBLIC BULDINGS AUTHORITY, | |
| Debtor. | |
| -------------------------------------------------------------x | |
| AMERINATIONAL COMMUNITY SERVICES, LLC, as Servicer for the GDB Debt Recovery Authority and CANTOR-KATZ COLLATERAL MONITOR LLC, | |
| Plaintiffs, | Adv. Proc. No. 21-068-LTS |
| v. | |
| AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, FINANCIAL GUARANTY INSURANCE COMPANY, PEAJE INVESTMENTS LLC, and THE BANK OF NEW YORK MELLON, as Fiscal Agent, | |
| Defendants. | |
| -------------------------------------------------------------x | |

ORDER REGARDING RULINGS MADE ON THE RECORD AT THE JULY 13-14, 2021, HEARING
CONCERNING THE PROPOSED DISCLOSURE STATEMENT AND PLAN OF ADJUSTMENT

For the reasons stated in this Court's oral rulings at the July 13-14, 2021, hearing

(the "Disclosure Statement Hearing") in connection with the *Amended Joint Motion of the*

*Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the*

*Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority for an Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* (Docket Entry No. 16756, the "Disclosure Statement Motion") and the *Motion of Debtors for an Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (Docket Entry No. 16757, the "Confirmation Procedures Motion"), the Court directs the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") to amend the *Disclosure Statement for the Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (Docket Entry No. 17308, the "Disclosure Statement") as follows:

1. Disclose in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to injunction, as required by Rule 3016(c) of the Federal Rules of Bankruptcy Procedure, and revise the release and exculpation provisions in the same manner.

2. Disclose the Oversight Board's reliance on data provided by the government of the Commonwealth of Puerto Rico and that neither the Oversight Board nor the government of the Commonwealth of Puerto Rico will vouch for the accuracy of that data.

3. Disclose that creditors are conducting independent investigations into cash available to the Commonwealth and may challenge whether the Oversight Board's cash restrictions are correct. Additionally, the disclosure shall state that the Court may be asked to determine whether available cash should have been considered in formulating the plan of adjustment, and that, if the Court finds that additional cash should have been considered and available for distribution under the plan of adjustment, there is a risk that the Debtors may not be able to

    demonstrate satisfaction of confirmation standards. Further, the Oversight Board shall update and clarify, as necessary, its disclosures concerning cash.

4. Disclose the existence of real properties owned by the Commonwealth of Puerto Rico and its entities, and that creditors intend to raise the issue at plan confirmation of whether such properties should be monetized pursuant to the Fiscal Plan Compliance Act and, if they are monetized, whether the proceeds from the sale of such properties should be made available to pay creditors.

5. Disclose the positions of the Governor of the Commonwealth of Puerto Rico, the House of Representatives of Puerto Rico, and the Senate of Puerto Rico (collectively, the "Government") concerning the proposed plan of adjustment.

6. Disclose the barriers to the Government's support of the proposed plan of adjustment.

7. Disclose the risks associated with the Oversight Board's failure to obtain legislative approval for each legislative measure contemplated by the proposed plan of adjustment.

8. Disclose the risks associated with implementation of the proposed plan of adjustment should the Oversight Board proceed without the enactment of legislation contemplated in the plan of adjustment.

9. Disclose the basis for the Oversight Board's treatment of the value of the collateral allegedly securing any loan claim asserted by AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority and Cantor-Katz Collateral Monitor LLC (collectively, the "DRA Parties") against the Puerto Rico Public Buildings Authority.

10. Disclose the potential risks and costs associated with the issuance under the proposed plan of adjustment of multiple kinds and maturities of bonds to each holder of bond claims in respect of their current holdings, including any effect on marketability of such bonds, as well as the rationale for structuring distributions in that manner. Advise holders of such bonds that they will need to consult their tax advisors as to the tax implications of the distribution. Illustrate in plain language the different maturities and other relevant features of the bonds to be issued to creditors in a manner that would be comprehensible to hypothetical creditors of the relevant classes.

11. Disclose the tax characteristics and tax consequences of the bonds to be issued under the plan of adjustment, to the extent such information is available. To the extent such information is unavailable, the Disclosure Statement shall be

supplemented to disclose that unavailability and explain why such information cannot be provided.

The Oversight Board is directed to file an amended Disclosure Statement and redline showing changes from the prior version of the Disclosure Statement by **July 25, 2021, at 9:00 a.m. (Atlantic Standard Time)**. The deadline for parties to file objections, if any, to the Disclosure Statement revisions made in response to this order is **July 26, 2021, at 9:00 a.m. (Atlantic Standard Time)**. The Court will thereafter take the matter on submission.

### Continuance of Disclosure Statement Hearing

For the reasons stated in this Court's oral ruling at the Disclosure Statement Hearing, the Oversight Board's oral application for a continuance of the Disclosure Statement Hearing with respect to the objections of Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Company ("FGIC") to the Motion and to the Confirmation Procedures Motion is GRANTED. The Disclosure Statement Hearing to consider the objections of Ambac and FGIC will resume telephonically on **July 27, 2021, at 9:30 a.m. (Atlantic Standard Time)**; dial-in and other further instructions will be provided in a subsequent procedures order.

### Solicitation Procedures

For the reasons stated in this Court's oral rulings at the Disclosure Statement Hearing in connection with the Disclosure Statement Motion, the Oversight Board is directed to amend the proposed order granting the Disclosure Statement Motion in the following manner:

1. Re-configure the discovery deadlines in the Solicitation Procedures, Confirmation Hearing Notice, and any other relevant schedules to conform to the Court's revised schedule for confirmation and discovery detailed in the Court's July 15, 2021, Order on the Confirmation Procedures Motion, including the elimination of the Oversight Board's proposed requirement for creditors to file an initial objection in order to propound discovery requests in connection with plan confirmation.

2. Amend the proposed Confirmation Hearing Notice as follows:

   a. Add to paragraph 10(a) an instruction that that objections and responses to confirmation must be filed in English; and

   b. Revise Paragraph 10(d) to state more clearly that objections to confirmation are to be filed electronically or, if an individual objector is not represented by counsel, with the Clerk's Office at the address provided.

3. Amend Paragraph 17 of the proposed Confirmation Hearing Notice to include a website address to access a form Rule 3018(a) Motion posted on Prime Clerk's website. The Form Rule 3018(a) Motion shall instruct the creditor to identify itself and provide the relevant claim number, and leave space to set forth the grounds for the creditor's request for temporary allowance of its claim, and include instructions for filing and serving the motion.

4. Amend the deadline for filing objections to claims or requests for estimation so that it is forty days prior to the Voting Deadline.

5. Clarify who will receive a Notice of Non-Voting Status.

6. The Solicitation Package shall include a hard copy of the Unsecured Creditors Committee's recommendation letter, and instructions for how and where creditors can obtain and review hard copies of the Disclosure Statement and Proposed Plan. The Disclosure Statement and Proposed Plan shall be available at the ballot drop centers that the Debtors have established for submitting Ballots.

7. Amend the Confirmation Hearing Notice to include a provision that creditors who are not entitled to vote on the Plan will still receive any distribution they are entitled to under a confirmed Plan.

8. To the extent that the Debtors need to clarify which parties have the right to vote on the Plan, the clarifications should be included in the revised proposed order.

IT IS FURTHER ORDERED:

Upon receipt of a request for a paper copy of the Disclosure Statement and/or Plan of Adjustment, Prime Clerk shall, within one business day of receiving the request, deposit the

requested documents with a postal or shipping service to deliver to the requester by service no slower than second-day delivery.

Status Report from Parties to DRA Contested Matter and Adversary Proceeding

With respect to the *DRA Parties' Motion for Allowance of an Administrative Expense Claim* (Docket Entry No. 17009, the "Administrative Expense Claim Motion") and the adversary proceeding captioned AmeriNational Community Services, LLC, et al. v. Ambac Assurance Corporation, et al., Adv. Proc. No. 21-00068 (the "DRA Adversary Proceeding"), the DRA Parties are directed to meet and confer with the Oversight Board and the defendants in the DRA Adversary Proceeding concerning when and in what procedural context, be it at confirmation or otherwise, the DRA Parties' Administrative Expense Claim Motion and DRA Adversary Proceeding should be presented to the Court, and to file a joint status report by **July 23, 2021, at 5:00 p.m. (Atlantic Standard Time)**. The joint status report should include, to the extent possible, a joint proposed order or stipulation setting forth a litigation schedule for the Administrative Expense Claim Motion and the DRA Adversary Proceeding.

SO ORDERED.

Dated: July 16, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge