# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## FOURTH AMENDED STIPULATION AND CONSENT ORDER BETWEEN TITLE III DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE GOVERNMENTAL ENTITIES LISTED ON EXHIBIT "B" REGARDING THE TOLLING OF STATUTE OF LIMITATIONS

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico

Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority

("PREPA"), each in its capacity as a Title III debtor (the Commonwealth, ERS, HTA, and

PREPA together the "Title III Debtors"), and each by and through the Financial Oversight and

Management Board for Puerto Rico (the "Oversight Board"), as the representative of Title III

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801).

Debtors and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") on behalf of the entities set forth on **Exhibit B** (the "Governmental Entities") to this stipulation hereby stipulate as follows:

RECITALS

A.    In accordance with Section 302(2) of PROMESA, the Oversight Board has filed a petition for relief on behalf of each of the Title III Debtors, thereby commencing a case under Title III for each Title III Debtor (the "Title III Cases").

B.    On May 2, 2019, the Court entered an order approving the *Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* (the "Stipulation") [ECF No. 6812].

C.    On February 3, 2020, the Court entered an order approving the *First Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 10606].

D.    On August 6, 2020, the Court entered an order approving the *Second Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Appendix "A" Regarding the Tolling of Statute of Limitations* [ECF No. 13997].

E.      On February 2, 2021, the Court entered an order approving the *Third Amended Stipulation and Consent Order Between Title III Debtors (Other Than COFINA) and the Puerto Rico Fiscal Agency and Financial Advisory Authority Acting on Behalf of the Governmental Entities Listed on Exhibit "B" Regarding the Tolling of Statute of Limitations* [ECF No. 15795].

F.      Commencement of the Title III Cases triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable to the Title III Cases pursuant to Section 301(a) of PROMESA, to protect Title III Debtors' property wherever located.

G.      Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between any of the Title III Debtors, on the one hand and the Governmental Entities, on the other hand, are hereby defined as the "Avoidance Actions."

H.      Other claims of the Title III Debtors against any of the Governmental Entities may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such other actions together with Avoidance Actions, the "Causes of Action").

I.      In order to protect the Title III Debtors' rights and interests, the Oversight Board on behalf of the Title III Debtors and AAFAF on behalf of the Governmental Entities (collectively, the "Parties") have agreed to toll the statute of limitations in connection with the Causes of Action.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1.      The period in which Causes of Action of the Title III Debtors must be

commenced against any of the Governmental Entities pursuant to sections 546(a), 549(d) and

108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the

Statutory Deadlines shall expire one hundred and eighty (180) days after the date on which the

Statutory Deadlines would have expired in the absence of this Fourth Amended Stipulation (and

991 days after the date on which the Statutory Deadlines would have expired in the absence of

the Stipulation) unless the Commonwealth or AAFAF provides written notice of early

termination (the "Termination Notice") to (a) the Court, through the filing of an informative

motion, and (b) counsel to the statutory committee of unsecured creditors appointed in the cases

other than COFINA (the "Creditors' Committee"), by serving a copy of such Termination Notice

upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq.,

by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines

shall expire on the date that is one hundred fifty (150) days from the delivery of such

Termination Notice plus the number of days between the Stipulation Effective Date (as defined

below), and the date on which the Statutory Deadlines would have expired in the absence of this

Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the

rights, interests, and defenses that may be raised by AAFAF or any of the Governmental Entities

in connection with any such Causes of Action, other than the applicable statute of limitations,

laches, or any other time-related defense, except that AAFAF and the Governmental Entities

expressly reserve the right to argue that (i) any applicable statute of limitation or statute of repose

applicable to a Cause of Action expired prior to the date of execution of the Stipulation; (ii) that

Section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of

Action to which a statute of repose applies; and (iii) a statute of repose may not be extended by

an agreement of the parties; provided, however, that any party reserves the right to oppose any

such argument; and, provided, further, that, if a statute of repose may be extended by an

agreement of the parties, this Stipulation shall serve as such an agreement, and (z) the treatment

of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for

any of the Title III Debtors, subject to the approval, effectiveness, and consummation of any

such plan of adjustment, provided, however, that any such plan of adjustment may not

retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action

which was timely asserted.

2.       The Parties hereto shall have the right to extend the period set forth in Paragraph

1 above for a period specified in writing upon thirty (30) days' prior written notice and service of

such notice upon the Court and counsel for the Creditors' Committee; provided, however, that, in

the event that the Creditors' Committee opposes such extension or any of the terms thereof, the

Creditors' Committee may seek upon notice and a hearing, to terminate the existing tolled statute

of limitations period prior to the applicable expiration date, or to preclude the contemplated

extension thereof.

3.       The persons signing this Stipulation on behalf of the Oversight Board, the Title III

Debtors, and AAFAF (on behalf of the Governmental Entities) have the authority to bind such

parties. AAFAF's authority exists under Act 2-2017, the Enabling Act of the Fiscal Agency and

Financial Advisory Authority.

4.       This Stipulation shall apply to and be binding upon the Title III Debtors, AAFAF,

and the Governmental Entities together with their successor and assigns, including, without

limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code

in  the Title III Cases, or any other party or person granted authority to pursue a Cause of Action

(all rights to object to any application to appoint a trustee pursuant to section 926 of the Bankruptcy Code or to otherwise seek authority to pursue a Cause of Action are expressly preserved).

5.     This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "Stipulation Effective Date").

6.     Notwithstanding anything contained in this Stipulation to the contrary, it is the intent of the Title III Debtors and the effect of this Stipulation to extend the Statutory Deadlines as to Causes of Actions of the type described in recitals G and H hereof as among all Title III Debtors other than COFINA. For the avoidance of doubt, nothing in this Fourth Amended Stipulation shall affect the Statutory Deadlines set forth in the (i) *Supplemental Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [ECF No. 10293]; and (ii) *Fourth Amended Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations and Consent Order* [ECF No. 15854] (as may be amended, modified, or supplemented).

[*Remainder of page intentionally left blank.*]

Dated: June 22, 2021
    San Juan, Puerto Rico


/s/ Brian S. Rosen
Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as Representative for the Debtors*


/s/ Peter Friedman
John J. Rapisardi
Nancy Mitchell
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Tel:  (212) 326-2000
Fax:  (212) 326-2061

-and-

Peter M. Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel:  (202) 383-5300
Fax:  202) 383-5414

*Attorneys for the Puerto Rico
Fiscal Agency and Financial
Advisory Authority*


/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board
as Representative for the Debtors*


/s/ Luis C. Marini-Biaggi
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce De León Ave., Suite 900
San Juan, Puerto Rico 00917
Tel:  (787) 705-2171
Fax:  (787) 936-7494

*Co-Attorneys for the Puerto Rico
Fiscal Agency and Financial
Advisory Authority*


SO ORDERED.

Dated:  July 16, 2021

/s/ Laura Taylor Swain
Laura Taylor Swain
United States District Judge


210716 O*RD RE* 4*TH* T*OLLING* S*TIP*                    V*ERSION* J*ULY* 16, 2021                    7

**Exhibit B**

1. Additional (Electronic) Lottery
2. Agricultural Enterprises Development Administration
3. Automobile Accidents Compensation Administration
4. Cardiovascular Center Corporation of Puerto Rico and the Caribbean
5. Commonwealth of Puerto Rico Regional Center Corporation
6. Company for the Integral Development of the "Península de Cantera"
7. Corporation for the "Caño Martín Peña" Project (ENLACE)
8. Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of Puerto Rico
9. Culebra Conservation and Development Authority
10. Economic Development Bank for Puerto Rico
11. Employment and Training Enterprises Corporation
12. Farm Insurance Corporation of Puerto Rico
13. Fine Arts Center Corporation
14. Institute of Puerto Rican Culture
15. Judiciary Retirement System (JRS)
16. Land Authority of Puerto Rico
17. Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads
18. Model Forest
19. Municipal Revenue Collection Center (CRIM)
20. Musical Arts Corporation
21. Port of the Americas Authority
22. PR Aqueduct and Sewer Authority (PRASA)
23. PR Infrastructure Finance Authority (PRIFA)
24. PR Maritime Shipping Authority
25. PR Medical Services Administration (ASEM)
26. Public Building Authority (PBA)
27. Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives (COSSEC)
28. Puerto Rico and Municipal Islands Transport Authority
29. Puerto Rico Conservatory of Music Corporation
30. Puerto Rico Convention Center District Authority (PRCCDA)
31. Puerto Rico Health Insurance Administration (HIA / ASES)
32. Puerto Rico Industrial Development Company (PRIDCO)
33. Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities Financing Authority (AFICA)
34. Puerto Rico Integrated Transit Authority (PRITA)
35. Puerto Rico Land Administration
36. Puerto Rico Metropolitan Bus Authority (AMA)
37. Puerto Rico Municipal Finance Agency (MFA)
38. Puerto Rico Ports Authority
39. Puerto Rico Public Broadcasting Corporation
40. Puerto Rico Public Private Partnerships Authority (PPP)

41. Puerto Rico School of Plastic Arts
42. Puerto Rico Telephone Authority
43. Puerto Rico Tourism Company
44. Puerto Rico Trade and Export Company
45. Solid Waste Authority
46. Special Communities Perpetual Trust
47. State Insurance Fund Corporation (SIF)
48. Teachers' Retirement System (TRS)
49. The Children's Trust Fund (CTF)
50. Traditional Lottery
51. Unemployment Insurance Fund
52. University of Puerto Rico (UPR)
53. University of Puerto Rico Comprehensive Cancer Center