TES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
PUERTO RICO

n this information to identify the case (Select only one Debtor per claim form). /
Llena esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).

| | | |
|---|---|---|
| ☐ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

## Modified Official Form 410 / Formulario Oficial 410 Modificado
# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

| | |
|---|---|
| 1. Who is the current creditor?<br><br>¿Quién es el acreedor actual? | _Ana S. Vargas Pagán vda de William Biglen_<br>Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre del acreedor actual (la persona o la entidad a la que se le pagará la reclamación)<br><br>_Ana S Vargas Pagán_<br>Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor |

TES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
‹ PUERTO RICO

**in this information to identify the case (Select only one Debtor per claim form). /**
**Llena esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación).**

| | | |
|---|---|---|
| ❏ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ❏ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ❏ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ❏ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ❏ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

## Modified Official Form 410 / Formulario Oficial 410 Modificado
# Proof of Claim / Evidencia de reclamación
04/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**Lea las instrucciones antes de completar este formulario.** Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

**Quienes presenten la documentación deben omitir o editar** información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

**Fill in all the information about the claim as of the Petition Date.**

**Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

| **Part 1 / Parte 1** | **Identify the Claim / Identificar la reclamación** |
|---|---|

**1. Who is the current creditor?**

**¿Quién es el acreedor actual?**

_[handwritten]_

Name of the current creditor (the person or entity to be paid for this claim)
Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor
Otros nombres que el acreedor usó con el deudor _[handwritten]_

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Vásquez Pagán, Ana Z. | 122933 | 6/27/2018 | Commonwealth of Puerto Rico | $163,124.00 |
| Reason: | | Claimant asserted administrative priority under 11 U.S.C. § 503(b)(9), but proof of claim is not for goods sold and as such claimant is not entitled to administrative priority. Additionally, the claimant also failed to provide prima facie evidence to support a secured claim. Accordingly, claim has been reclassified in whole as a general unsecured claim. | | |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Vásquez Pagán, Ana Z. | 122933 | 6/27/2018 | Commonwealth of Puerto Rico | $163,124.00 |
| Base para: | | El Demandante reclamó una prioridad administrativa en virtud del título 11 del Código de los Estados Unidos, sección 503(b)(9), pero la evidencia de reclamo no corresponde a bienes vendidos y, por lo tanto, el demandante no tiene derecho ella. Además, el demandante omitió proporcionar pruebas evidentes para apoyar un reclamo asegurado. En consecuencia, el reclamo se reclasificó en su totalidad como un reclamo no asegurado general. | | |

favor firmar y devolver: _____

19 de julio de 2021

Case:17-03283-LTS   Doc#:17409-1   Filed:07/19/21   Entered:07/19/21 11:08:54   Desc:
Exhibit   Page 4 of 30

# Sale cara jubilación

■ Ex escolta de CRB cobrará casi cuarto de millón de dólares.

**Miguel Rivera Puig**
EL VOCERO

Un oficial de la Policía que se acogerá a la jubilación en los próximos días, recibirá al irse por años de servicio una jugosa compensación estimada en unos $230 mil, de los que $211 mil son por horas extras que trabajó mientras prestaba servicios en la escolta del ex gobernador Carlos Romero Barceló.

El oficial, que recientemente fue ascendido al rango de comandante, había reclamado 9,300 horas, según confirmó Leandro Peña, superintendente auxiliar en Asuntos Gerenciales.

Aunque Peña no identificó al oficial, fuentes de EL VOCERO indicaron que se trata de Héctor Cotto, quien trabajó por largos años en la escolta de Romero Barceló y ahora es comandante auxiliar en la Región de Bayamón.

Peña dijo que el pago que se le hará al oficial responde a una intervención que realizó el Departamento del Trabajo de Estados Unidos, a raíz de la cual, 518 miembros de la Fuerza serían beneficiados por el pago en exceso a las 480 horas extraordinarias acumuladas.

El pleito se venía arrastrando desde pasadas administraciones, y —según Peña— a partir del 31 de julio del 2010 si la Policía no pagaba, la agencia federal acudiría al tribunal pidiendo que la compensación fuera triple.

Según Peña, siguiendo instrucciones del superintendente José Figueroa Sancha se han estado utilizando $3.3 millones de una partida de fondos englobados que asignó la Legislatura el año pasado. Todos los cheques se hicieron y se depositaron en la Oficina de Horas Extras, de donde se han ido pagando tras recibirse las certificaciones de las horas reclamadas.

Muchos de los 518 agentes que cualificaron bajo el pleito administrativo, han recibido sumas de $5 mil, $7 mil y otras mayores. Sin embargo, el caso del oficial es una excepción, acotó.

El Departamento del Trabajo de Estados Unidos concluyó que aunque Cotto era oficial cuando trabajó para el ex gobernador Romero Barceló, en realidad hacía trabajo de escolta como si se tratara de un agente.

Otros miembros de la escolta de Romero Barceló ya cobraron por las horas extras, sumas menores a la que recibirá Cotto, quien supuestamente no las había reclamado hasta que surgió la intervención federal.

De acuerdo a Peña, los agentes de nueve de las 13 Regiones Policíacas ya cobraron y se aguarda por la certificación de las horas de las restantes cuatro.

**MILLONES**
**EN COMPENSACIÓN**

10 de septiembre de 2004

Agustín Cartagena Díaz
Superintendente de la Policía

Señor Cartagena Díaz:

Que tenga un buen día al recibir este escrito y que Dios colme de bendiciones a su familia.

Atendiendo su comunicación NRH-2-4-10-234, con fecha del 22 de julio de 2004, cuyo sobre de correspondencia (copia incluida) presenta fecha del 20 de agosto de 2004 y fue recibida en mi dirección el 21 de agosto de 2004, procedo a solicitar una ponderada **RECONSIDERACION** sobre su determinación de que "no cualifico para el privilegio solicitado".

Fundamento la petición expresada en el párrafo anterior en lo establecido en la ley de la Policía de Puerto Rico, número 53 del 10 de junio de 1996, según enmendada; específicamente en su Artículo 10, letra c, donde el miembro de la Fuerza está obligado a trabajar en exceso de la jornada legal de trabajo que establece la ley.

El tiempo extra que estoy reclamando fue en funciones operacionales y de investigación, atendiendo casos de fuerza mayor y por necesidad o beneficio del servicio, siguiendo en todo momento órdenes superiores.  Esa es la realidad.

Como oficial de la Policía, trabajé un promedio de más de diez (10) horas diarias en funciones administrativas, no ejecutivas ni profesionales, pero ese exceso de horas para el servicio del Pueblo no son las que estoy reclamando.

Aprovecho la ocasión para solicitar que se me paguen dos días feriados que me debe la Agencia, así como un día de licencia regular, ya que me liquidaron 59 días y mi licencia acumulada totalizaba 60 días.  Igualmente solicito que me sean reembolsados nueve días de licencia por enfermedad, ya que me liquidaron 103.50 días y esta licencia al 30 de septiembre de 2003 tenía acumulados 112.50 días.

Estoy dispuesto al diálogo para aclarar lo anteriormente expuesto, si usted así lo cree pertinente, y presentar documentos.

Gracias por su atención,

William Ruiz Díaz
Ex -Tnte. Cor. de la Policía (2-5846)

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
COMISION APELATIVA DEL SISTEMA DE ADMINISTRACIÓN
DE RECURSOS HUMANOS DEL SERVICIO PÚBLICO
PO BOX 9023990, SAN JUAN, PR 00902-3990
787-721-5739**

WILLIAM RUIZ DIAZ

APELANTE

VS.                                              CASO NUM. T-04-09-0479

POLICIA DE PUERTO RICO

APELADA

### ESCRITO EN CUMPLIMIENTO DE ORDEN

A LA HONORABLE COMISION:

Comparece la parte APELANTE, por su propio derecho y respetuosamente
ALEGA, EXPONE Y SOLICITA:

1. Que el día 12 de septiembre de 2008, hora 1:25pm., recibí a través del correo la
   orden emitida por esta Honorable Comisión, en la que se establece el termino de 20
   días calendarios para que replique a la Contestación a Apelación radicada por la
   parte Apelada el 12 de agosto de 2008.
2. Me remito, en el presente, al escrito en cumplimiento de orden, con fecha del 8 de
   noviembre de 2004, al cual se anexaron los Exhibits I y II.
3. Los argumentos allí expuestos los integro a la exposición presente, ya que en ellos se
   demuestra que cumplí con los términos para presentar la apelación.
4. Que allí se certifica el cumplimiento de notificación a la parte apelada el 8 de
   noviembre de 2004.  Véanse copias del correo certificado enviado. (Exhibit 1)
5. Se incluye copias del correo certificado con acuse de recibo dirigida al
   Superintendente de la Policía, donde aparece firmada como recibida el 22 de
   septiembre de 2004, lo cual evidencia que, como Apelante ejercité el derecho de
   apelación dentro del término prescrito por ley. (Exhibit 2)
6. La parte Apelada expone desconocer las alegaciones en el presente caso, pero mas
   adelante entra en contradicción al señalar que el Apelante reclama una cantidad de
   horas extras trabajadas, lo cual establece claramente que conoce las alegaciones del
   Apelante.
7. El 10 de septiembre de 2004 solicité al Superintendente de la Policía (Exhibit 3) una
   reconsideración a su decisión emitida en la comunicación NRH-2-4-10-234 con fecha
   del 22 de Julio de 2004 y recibida por correo el 21 de agosto de 2004, en un sobre
   timbrado con fecha del 20 de agosto de 2004.
                                           continúa…

Página  * 2 *

8.  Que con mucha paciencia y mucha esperanza esperé la contestación de la Policía,
     pero no llegó.
9.  Que el 19 de septiembre de 2004 preparé una solicitud de apelación a J.A.S.A.P. por
     derecho propio (Exhibit 4) donde expresé que no estaba de acuerdo con la decisión
     del Superintendente, solicitándole a la Honorable Junta que asumiera jurisdicción.
10.  Esperé un día adicional para enviar la citada Apelación, pero como no recibí
     respuesta de la Policía (parte Apelada), el día que se cumplían los 30 días de tiempo,
     o sea, dentro del término de treinta (30) días consecutivos de que tuve conocimiento
     de la decisión del Superintendente, por lo que el 20 de septiembre de 2004 envié a la
     Junta (J.A.S.A.P.) la Apelación por correo certificado con acuse de recibo; y, de
     igual manera al Señor Superintendente de la Policía (véase Exhibits 5 y 6).  En
     conclusión, le di oportunidad a la Policía hasta el último momento de que
     respondiera a mi solicitud de reconsideración, pero no fue así, no lo hizo.  Bien
     pudieron hacerlo por correo, o bien con el recurso de enviar  un compañero con la
     respuesta a mi residencia, donde prácticamente todos me conocen, especialmente en
     la Policía del Área de Ponce.
11.  El Apelante entiende que la parte Apelada en su argumento 9, por vía de la
     licenciada Brendairin Cruz Santiago, no se ajusta a lo que en realidad ocurrió; que
     cumplí con el término de jurisdicción, según lo antes expuesto.  Aún así, y además,
     someto copia del papel donde me anotaron la dirección de J.A.S.A.P. (Exhibit 7), el
     cual tiene una nota de este Apelante, mediante el cual se sustenta el argumento 3 del
     escrito enviado por el Apelante con fecha del 8 de noviembre de 2004.
12.  El caso que cita la parte Apelada en su ponencia o alegación 12, valida la posición
     del Apelante, especialmente el caso citado: "Tahir Erk v. Glen L. Martin Co."
13.  A la luz de los argumentos de este Apelante y de los Exhibits presentados (en copias)
     esta apelación cuenta con el cumplimiento de las normas establecidas y la
     jurisdicción de esta Honorable Comisión es asumible porque afirmativamente la hay
     y no está sujeta a discreción, así como que los meritos de la Apelación son
     sostenibles.
14.  El Apelante está convencido de que actuó correctamente al radicar su apelación en
     ausencia de la respuesta de la Policía, la parte Apelada, que nunca se consumó y por
     la cual el Apelante esperó el tiempo que ya he acotado en este escrito, el cual fue
     jurisdiccional, como se ha citado.  Si se diera el caso de que la parte Apelada
     estableciese el argumento de no localización postal, eso se derrumba ante el hecho de
     que ésta tiene los recursos para conseguirme, sin lugar a dudas, en mi residencia,
     como ya ha explicado este Apelante.  Por otro lado, aunque la Apelada exprese que
     los tribunales tienen la obligación de respetar la voluntad del legislador expresada
     en un estatuto, lo cierto es que el momento dado en que se evalúa un caso, la política
     pública actúa  como una medida importante a tomar en consideración.

continúa...

Página * 3 *

A mí me enseñaron a respetar las leyes y las leyes no son, ni serán, una génesis
exclusiva de la voluntad del legislador.  Para eso están las vistas públicas, la
Constitución, la opinión pública, las conferencias legislativas, el estudio del
Gobernador(a) para firmar una ley.  Las leyes también tienden a ser enmendadas
por distintos motivos, entre ellos que al legislador algo se le quedó y hay que subsa-
narlo.

15. Sostiene el Apelante que actuó siguiendo las sanas normas establecidas para la
Apelación, según su mejor conocimiento.  Nótese que la apelación fue dirigida a
J.A.S.A.P. en su momento y no fue obviada ninguna norma conocida, al contrario.

16. Las exposiciones de la parte Apelada, son elementos o mecanismos legales que no
desdicen la honrada apelación del Apelante, quien en forma sencilla expuso su caso,
que le dio tiempo suficiente a la parte Apelada y ésta no tuvo la delicadeza o la
altura oficial de contestar, que la radicación la hizo dentro de los 30 días que
estaban dispuestos por ley en ese momento, que explicó en forma simple el motivo
de la acción tomada.  Que la comunicación del Apelante a J.A.S,A.P. no habla de
violación de derechos y sí (afirmativo) de que no está de acuerdo con la decisión  de
la parte Apelada de que este Apelante no cualifica para que la parte Apelada le
pague al Apelante el tiempo de horas extras acumuladas y los dos días feriados no
disfrutados.

Mi reclamo en ese entonces y en el momento presente es el mismo y no objeta el
Apelante los términos legales que se utilicen para identificar mi reclamación.  Al
contrario, los acepto como los declara esta Honorable Comisión.

17. El apelante considera importante mencionar que lo relacionado a la reclamación de
las horas extras acumuladas y los dos días feriados no disfrutados, no es del
momento, ni  en el que surge la apelación.  Este Apelante solicitó horas extras a
compensar durante el periodo de tiempo en que trabajé en la Superintendencia
Auxiliar de Inspectoría y en la Superintendencia Auxiliar en Integridad Pública.  En
ambas ocasiones me fueron denegadas por mis superiores.  Dado el periodo de
tiempo trascurrido, no he podido conseguir las comunicaciones sobre este
particular, lo que me coloca en desventaja de presentarlas como Exhibits, pero estas
peticiones son totalmente ciertas, así me ayude Dios.

18. La razón que se ha utilizado por parte de la Apelada para denegar lo que he
reclamado, se pretende justificar mediante el mecanismo de la Orden General 86-7
y en su argumento 4,  la parte Apelada aduce que el Apelante reclama horas extras
trabajadas, a pesar de que el Apelante  ostentaba el rango de Teniente Coronel para
esa fecha.

continúa...

Página * 4 *

La Ley 53 de 10 de junio de 1996, Ley de la Policía de Puerto Rico, según enmenda-
da, en el Art. 10, letra c, no establece diferencias de rango para la acumulación de
horas extras, sólo establece y citamos: "donde el miembro de la Fuerza está obliga-
do...", termina la cita.  Estas dos características son, indudablemente, lo que el
legislador llevó a la ley: 1ra., la obligación de trabajar tiempo extra en situaciones
de emergencia o en beneficio y para bien del Pueblo y la segunda; no establece dis-
tingos por niveles de rango.

19. Sobre el particular, el Apelante se hace eco del caso de José A. Rodríguez Rosado vs.
ELA, etc., Civil número JPE1998-0104, donde en las conclusiones de derecho se
expone y citamos: "El presente caso plantea un asunto de arraigo Constitucional.
Nuestra Carta de Derechos en su Art. II, Sección 16, en lo concerniente dispone":
"Se reconoce el derecho de todo trabajador a escoger libremente su ocupación y
renunciar a ella, a recibir igual paga por igual trabajo, a un salario mínimo
razonable, a protección contra riesgos para su salud o integridad personal en su
trabajo o empleo, y a una jornada ordinaria que no exceda de ocho horas de
trabajo.  Sólo podrá trabajarse en exceso de ese límite diario, mediante
compensación extraordinaria que nunca será menor de una vez y media el tipo de
salario ordinario, según se disponga en ley"
"Tal disposición le es aplicable a todo trabajador, no establece distinciones.  Excluir
al demandante de ese derecho constitucional, no solamente es contrario a nuestro
estado de derecho sino que propiciaría la inequidad", concluyen las citas del caso.
En la sentencia el Honorable Tribunal ordena la concesión de las horas trabajadas
en exceso de la jornada legal.

20. También el Apelante se hace eco del caso de Emilio Roldán Serrano vs. Estado
Libre Asociado, etc., Civil Número GPE-93-0055, relacionado con una solicitud de
tiempo compensatorio, donde las partes acordaron transigir y el Tribunal ordenó a
la parte demandada permitir a la parte demandante disfrutar las horas
compensatorias.  A raíz de ello, y mediante la comunicación ASJ-1-9-673, fechada el
14 de julio de 1994, a los efectos de la orden del tribunal, se autorizó al Comandante
Emilio Roldán tiempo compensatorio desde el 18 de julio de 1995 hasta el 31 de
diciembre de 1998.

21. El  Apelante, igualmente, se hace eco del caso de Clemente Marrero Reyes vs. el
Superintendente y el Estado Libre Asociado, donde el Honorable Tribunal declara
con lugar la demanda, ordenando se paguen las horas extras acumuladas, así como
los días feriados no disfrutados.

continúa...

Página * 5 *

22. En el número 2 del <u>Resumen Normativo</u> del caso 102DPR231 del de mayo de 1974 se
expresa y se cita: "El propósito del Derecho Administrativo es establecer un sistema
justo, práctico y flexible para la adjudicación de derechos en las Agencias del Poder
Ejecutivo", cierra la cita.

23. Que el Apelante confía que esta Honorable Comisión, paralelamente aplique en mi
caso las decisiones emitidas en los casos de que el Apelante se ha hecho eco y que
actuando en forma justa, a la luz de todo lo vertido en esta apelación, me conceda la
reclamación que estoy haciendo y que se justifica en todos sus méritos.

24. En mi petición de reconsideración (véase el número 7 de esta comunicación) al
Señor Superintendente le explico que las 455.5 horas extras y los dos días feriados
no disfrutados que estoy reclamando se me paguen, fueron producto de funciones
oficiales operacionales y de investigación, atendiendo casos de fuerza mayor y por
necesidad o para beneficio del servicio (público), siguiendo en todo momento
órdenes superiores. Esa es la realidad. (ver Exhibit 8).

25. Que ese tiempo y todo lo trabajado fue asentado en el INFORME DE ASISTENCIA
que provee la Apelada para tales efectos (y que aún está vigente)

En este informe hay un espacio que firma el Jefe de la Unidad. <u>Certificando</u> que la
información contenida es correcta, que las horas extras fueron autorizadas y que
las mismas no han sido pagadas o ni compensadas. Mis superiores siempre
firmaron ese certifico y si en algún momento alguno no lo hizo, nunca me lo
comunicó, por lo que entraría en omisión en el cumplimiento del deber.

26. El Apelante está <u>convencido</u> que la moción de la parte Apelada de desestimación y/o
archivo total de la apelación, cuyo documento en la parte superior de la página 2 y
siguientes contiene el fundamento de su exposición; Desestimación por Falta de
Jurisdicción, <u>NO PROCEDE.</u>

En <u>MERITO</u> de lo que el Apelante ha expuesto, con mucho respeto, se solicita se
declare <u>CON LUGAR</u> nuestra apelación y se ordene a la parte Apelada (Policía de
Puerto Rico) el pago de las horas y días feriados reclamados.

En Ponce, Puerto Rico, al 30 de septiembre de 2008.

Certifico que hoy, 1ro. de octubre de 2008, envié copia fiel y exacta del presente
escrito a la División Legal de la Policía de Puerto Rico, a la dirección: Estado Libre
Asociado, Policía de Puerto Rico, PO Box 70166, San Juan, P.R.. 00936-8166

William Ruiz Díaz
Apelante
Calle Santa Luisa 4403
Ext. Santa Teresita
Ponce, P.R. 00730-4640

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**COMISION APELATIVA DEL SISTEMA DE ADMINISTRACIÓN**
**DE RECURSOS HUMANOS DEL SERVICIO PUBLICO**
**PO BOX 9023990, SAN JUAN, PR 00902-3990**
**787-721-5739**

**WILLIAM RUIZ DIAZ**

APELANTE

VS.                                                      **CASO NUM. T-04-09-0479**

**POLICIA DE PUERTO RICO**

APELADA

**ESCRITO EN CUMPLIMIENTO DE ORDEN**

**A LA COMISION APELATIVA DEL SISTEMA DE ADMINISTRACIÓN DE RECURSOS
HUMANOS DEL SERVICIO PUBLICO:**

Comparece la parte **APELANTE**, por su propio derecho y respetuosamente
**ALEGA, EXPONE Y SOLICITA:**

1.  Que el día 27 de octubre de 2004 recibí ORDEN emitida por esta
    Honorable Comisión en la que se especifica término para comparecer y
    mostrar causa para que no se me desestime mi recurso por falta de
    jurisdicción, por haber radicado fuera del término de treinta dias según lo
    establece la Ley de Administración de Recursos Humanos.

2.  Se me Ordenó además, dentro del mismo término, fundamentar las
    alegaciones y exponer en qué forma se me han violado los derechos que
    me brinda la Ley para la Administración de los Recursos Humanos en el
    Servicio Público, Ley 184 del 3 de agosto de 2004.

3.  Que el recurso apelativo radicado se remitió dentro del término
    establecido por ley, o sea, el 20 de septiembre de 2004.  No obstante, el
    mismo fue remitido a la dirección que nos suministró el personal de la
    Oficina de Vistas Administrativas en el Area de Ponce, dirección que
    resultó incorrecta, razón por la cual el servicio postal devolvió el
    documento enviado a mi dirección.  Se acompaña copia del sobre de



*Estado Libre Asociado de Puerto Rico*
*Comisión Apelativa del Sistema de Administración de*
*Recursos Humanos del Servicio Público*
PO Box 9023990, San Juan, PR 00902-3990
787-721-5739

**WILLIAM RUIZ DIAZ**

Apelante

vs.

**POLICIA DE PUERTO RICO**

Apelada

CASO NUM. **T-04-09-0479**

## - O R D E N -

A LA PARTE APELANTE:

La Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público, tuvo ante su consideración la apelación de epígrafe y acordó:

Se le ordena que en el término de diez (10) laborables a partir del archivo de autos de la presente, fundamente las alegaciones y exponga en que forma se han violado los derechos que le brinda la Ley para la Administración de los Recursos Humanos en el Servicio Público, Ley 184 del 3 de agosto de 2004.

Se le ordena además que en el término de (10) diez días muestre causa por las cuales no debamos desestimar o archivar su apelación por falta de jurisdicción, por haber radicado fuera del término de treinta (30) días Para apelar establecido en la sección de la ley de Administración de Recursos Humanos del Servicio Público.

Se le apercibe que su incumplimiento con lo ordenado dentro del término concedido, constituirá un allanamiento para que procedamos con lo antes expuesto.

**NOTIFIQUESE.**

En San Juan, Puerto Rico, a 25 de octubre de 2004.

**CERTIFICO** que hoy,       2 6 OCT 2004       , archivé en los autos de la apelación el original de esta Orden y que envié copia fiel y exacta de la misma a las partes, a sus direcciones en récord.

POR: *Gianira Una Xuxxx*

**WANDA FONTANEZ RUIZ**
Secretaria

NOTIFICADA A:

**Policía de Puerto Rico**
**División legal**
**PO Box 71200**
**San Juan PR00936**

**Sr. William Ortiz**
**Urb. Santa Teresita**
**BM 33 calle E**
**Ponce, PR 00731**
/jjg

envió, evidencia de la certificación de envio y del pago de franqueo como Exhibit I del presente escrito.

4.    Que como se puede colegir de la evidencia que se acompaña, este apelante ejercitó su derecho de apelación dentro del término prescrito por ley, no obstante, por un error involuntario del personal de la Oficina de Vistas Administrativas de la Región Sur, el documento enviado no llegó dentro del término deseado, hecho que no puede ser imputado a dejadez o falta de interés del apelante en ejercitar su derecho conforme a los reglamentos de esta Comisión.

5.    Que en cuanto a lo pertinente a los dias feriados acumulados pendientes de pago, (2 dias) y un dia de licencia regular y nueve dias de licencia por enfermedad, se solicitó una Certificación (Exhibit II) de los mismos a la Oficina de la Superintendencia Auxiliar En Integridad Pública el 28 de septiembre de 2003 y hasta la fecha de hoy, la misma no nos ha sido remitida, razón por la que no puedo ejercitar plenamente mi derecho de apelación.

6.    Que en cuanto a lo pertinente a las horas extra que reclamo, que asciende a la cantidad de 455.5 horas, reclamo las mismas conforme a lo establecido en la Ley de la Policía de Puerto Rico, 25 LPRA §3101, donde se reconoce el derecho de los miembros de la Policía a que se les pague o compense en tiempo las horas trabajadas en exceso a la jornada regular.  En mi caso en particular, las horas extras trabajadas corresponden a labores operacionales e investigativas por lo que tengo derecho a que se me compensen las mismas.

En **MÉRITO** de los expuesto, se solicita respetuosamente, se declare **CON LUGAR** nuestra apelación y se **ORDENE** a la Policía de Puerto Rico el pago de los beneficios reclamados, inclusive las horas extras trabajadas en labores operacionales e investigativas.

En San Juan, Puerto Rico, a 8 de noviembre de 2004.

CERTIFICO que hoy, 8 de noviembre de 2004 envié copia del presente escrito a la División Legal de la Policía de Puerto Rico, PO Box 71200, San Juan, PR 00936.

**WILLIAM RUIZ DIAZ
APELANTE
URB. SANTA TERESITA
BM 33 CALLE E
PONCE, PR 00731**

GOBIERNO DE PUERTO RICO
POLICIA DE PUERTO RICO
**SUPERINTENDENCIA AUXILIAR EN INSPECTORIA GENERAL**

**INFORME DE ASISTENCIA**

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

SAIG-1-6-17                                                            11 de enero del 2000

Referido al Tnte. Cor. William Ruiz Diaz, Inspector General Auxiliar, Areas Ponce y Guayama, Superintendencia Auxiliar en Inspectoria General.

Incluimos Formulario SC-1511, correspondientes a los periodos del 1 al 28 de noviembre y del 29 al 26 de diciembre de 1999, para que sean incluidas en la carpeta para esos fines.

**Cor. Pablo Santiago González**
Superintendente Auxiliar en
Inspectoria General

ESTADO LIBRE ASOCIADO DE PUERTO RICO
POLICIA DE PUERTO RICO

**INFORME DE ASISTENCIA**

FECHA
DESDE 29 Nov 1999
HASTA 26 Dic 1999

UNIDAD DE TRABAJO / AREA: Inspectoria General Ponce y Guayama SJ16

NOMBRE DEL EMPLEADO: Ruiz Diaz, William
PLACA: 2-5148
PUESTO: Coronel

HORAS ACUMULADAS MES ANTERIOR NO PAGADAS: 539.75

TOTALES DEL MES
TOTAL HORAS EXTRAS MULTIPLICADAS POR 1.5: 24

TOTAL HORAS ACUMULADAS DURANTE EL MES MAS HORAS ACUMULADAS MES ANTERIOR: 539.75   TOTAL 547.75
MENOS LAS HORAS COMPENSADAS: 0
HORAS ACUMULADAS PARA EL PROXIMO MES: 547.75

CERTIFICO QUE:
1. TRABAJE LA JORNADA LEGAL Y HORAS EXTRAS ARRIBA INDICADAS
2. DISFRUTE EN TIEMPO COMPENSATORIO LAS HORAS ARRIBA INDICADAS
FECHA 27 dic 99

CERTIFICO QUE:
LA INFORMACION INDICADA ES CORRECTA, QUE LAS HORAS EXTRAS TRABAJADAS FUERON AUTORIZADAS Y QUE LAS MISMAS NO HAN SIDO COMPENSADAS NI PAGADAS
FECHA 30 dic 99   JEFE DE LA UNIDAD 1-33

ESTADO LIBRE ASOCIADO DE PUERTO RICO
POLICIA DE PUERTO RICO

**INFORME DE ASISTENCIA**

TC 1017 (POLICIA)
REV. 20 FEB. 83

| FECHA | | |
|---|---|---|
| DESDE 1°. | NOV. 1999 | |
| HASTA 28 | | |

Inspectoria General
Ponce y Guayama
SAIG

| NOMBRE DEL EMPLEADO | PLACA | SEGURO SOCIAL | PUESTO |
|---|---|---|---|
| Ruiz Diaz, William | 2-5846 | 412 | Tnte. Coronel |

| SUELDO BRUTO | PERSONAL EXENTO | SI ✓ / NO | CIVIL / POLICIA ✓ | HORAS ACUMULADAS MES ANTERIOR NO PAGADAS 532.75 |
|---|---|---|---|---|

PRIMERA SEMANA

| FECHA | JORNADA LEGAL | | | | HORAS EXTRAS | | | HORAS ACUM. | LIC. COMP. | NOMBRE SUPERVISOR | JUSTIFICACION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 Nov 99 | 9am | 12m | 1pm | 4 10am | 8 | | | | | | |
| 2 Nov 99 | 7:30am | 12m | 1pm | 6:10am | 8 | | | | | | |
| 3 Nov 99 | 7am | 12m | 1pm | 5 pm | 8 | | | | | | |
| 4 Nov 99 | 8am | 12m | 1pm | 5 pm | 8 | | | | | | |
| 5 Nov 99 | 7:30am | 12m | 1pm | 5 pm | 8 | | | | | | |
| 6 Nov 99 | | | | | DL | | | | | | |
| 7 Nov 99 | | | | | DL | | | | | | |
| TOTAL 8 Nov 99 | | | | | 40 | | | | | | |

FECHA _____   FIRMA _____   FECHA _____   FIRMA _____   JEFE DE LA UNIDAD

SEGUNDA SEMANA

| FECHA | JORNADA LEGAL | | | | HORAS EXTRAS | | | HORAS ACUM. | LIC. COMP. | NOMBRE SUPERVISOR | JUSTIFICACION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 Nov 99 | 8:15am | 3:40pm | | | | LR | | 7LR | | Gen. Santiago | Contuir invest. adm. |
| 9 Nov 99 | | | | | | LR | | | | | |
| 10 Nov 99 | | | | | | | | | | | |
| 11 Nov 99 | | | | | | | | | | | |
| 12 Nov 99 | | | | | | | | | | | |
| 13 Nov 99 | | | | | | | | | | | |
| 14 Nov 99 | | | | | | LR | | | | | |
| TOTAL | | | | | | LR | | | | | |

FECHA 23 dic 99   FIRMA _____   FECHA _____   FIRMA _____   JEFE DE LA UNIDAD

TERCERA SEMANA

| FECHA | JORNADA LEGAL | | | | HORAS EXTRAS | | | HORAS ACUM. | LIC. COMP. | NOMBRE SUPERVISOR | JUSTIFICACION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 Nov 99 | | | | | | | | | | | |
| 16 Nov 99 | | | | | | LR | | | | | |
| 17 Nov 99 | | | | | | | | | | | |
| 18 Nov 99 | | | | | | | | | | | |
| 19 Nov 99 | | | | | | | | | | | |
| 20 Nov 99 | | | | | | | | | | | |
| 21 Nov 99 | | | | | | LR | | | | | |
| TOTAL | | | | | | LR | | | | | |

FECHA 23 dic 99   FIRMA _____   FECHA _____   FIRMA _____   JEFE DE LA UNIDAD

CUARTA SEMANA

| FECHA | JORNADA LEGAL | | | | HORAS EXTRAS | | | HORAS ACUM. | LIC. COMP. | NOMBRE SUPERVISOR | JUSTIFICACION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 Nov 99 | | | | | | LR | | | | | |
| 23 Nov 99 | | | | | | | | | | | |
| 24 Nov 99 | | | | | | | | | | | |
| 25 Nov 99 | | | | | | | | | | | |
| 26 Nov 99 | | | | | | | | | | | |
| 27 Nov 99 | | | | | | | | | | | |
| 28 Nov 99 | | | | | | LR | | | | | |
| TOTAL | | | | | | | | | | | |

FECHA 23 dic 99   FIRMA _____   FECHA _____   FIRMA _____   JEFE DE LA UNIDAD

QUINTA SEMANA

| FECHA | JORNADA LEGAL | | | | HORAS EXTRAS | | | HORAS ACUM. | LIC. COMP. | NOMBRE SUPERVISOR | JUSTIFICACION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| TOTAL | | | | | | | | | | | |

FECHA _____   FIRMA _____ EMPLEADO   FECHA _____   FIRMA _____   JEFE DE LA UNIDAD

TOTALES DEL MES

| JORNADA LEGAL 47 | | TOTAL HORAS ACUMULADAS DURANTE EL MES | | TOTAL |
|---|---|---|---|---|
| TOTAL HORAS EXTRAS MULTIPLICADAS POR 1.5 (SE UTILIZAN ) | | MAS HORAS ACUMULADAS MES ANTERIOR | 532.75 | 539.75 |
| TOTAL HORAS EXTRAS A PAGAR | | MENOS LAS HORAS COMPENSADAS 0 | | |
| | | HORAS ACUMULADAS PARA EL PROXIMO MES | | 539.75 |

CERTIFICO QUE:
1. TRABAJE LA JORNADA LEGAL Y HORAS EXTRAS HORAS INDICADAS
2. DISFRUTE EN TIEMPO COMPENSATORIO LAS HORAS EXTRAS INDICADAS
FECHA 23 dic 99   FIRMA _____ EMPLEADO

CERTIFICO QUE:
LA INFORMACION INDICADA ES CORRECTA Y QUE LAS HORAS EXTRAS TRABAJADAS FUERON AUTORIZADAS Y QUE LAS MISMAS NO HAN SIDO COMPENSADAS NI PAGADAS
FECHA 30 dic 99   FIRMA _____ JEFE DE LA UNIDAD





*Gobierno de Puerto R*
**POLICIA DE P**
*Lcdo. Pedro A. Toledo*
SUPERINTENDENTE

OS-1-1-003

10 de noviembre de 1997

COR. RUIZ :

FAVOR LEER COMUNICACION, OS-1-003, DEL 10 DE NOVIEMBRE DE 1997; DEL LICENCIADO PEDRO A. TOLEDO DAVILA, SUPERINTENDENTE DE LA POLICIA DE PUERTO RICO, RELACIONADO CON ENMIENDA A LA ORDEN GENERAL 86-7.

VEASE ARTICULO IV, INCISO "C" DE DICHO ESCRITO.

COR. PABLO SANTIAGO GONZALEZ 1-3322
SUP. AUX. EN INSPECTORIA GENERAL

*Nota: ver sello al dorso*

*Recibimos
las trajo el
Sgto. Dia*

*A TODOS LOS EMPLEADOS*
*Policía de Puerto Rico*

*Lcdo. Pedro A. Toledo Dávila*
*Superintendente*

*ENMIENDA ORDEN GENERAL NUM. 86-7 NORMAS Y PROCEDIMIENTOS PARA EL PAGO DE HORAS EXTRAS TRABAJADAS POR LOS MIEMBROS DE LA FUERZA*

*Mediante la comunicación OS-1-1-002 examinamos las directrices en torno al tiempo compensatorio y horas extras de los empleados de la Policía de Puerto Rico. En dicha comunicación se indicó que todo empleado exento no es elegible para horas extras o tiempo compensatorio.*

*Nos reiteramos en que conforme a la Ley y Reglamentos aplicables, todo oficial y empleado civil que ejerza funciones ejecutivas, administrativas o profesionales, según definido en la Orden General 86-7, no será elegible para el pago de horas extras. Tampoco es elegible para acumular tiempo compensatorio.*

*La Ley de la Policía, Ley Número 53 del 10 de junio de 1996, según enmendada, dispone que el rango de sargento constituye, la primera línea de supervisión en el sistema uniforme de rangos. En consecuencia, todo oficial con rango de Sargento en adelante está exento del pago de horas extras y tiempo compensatorio.*

*En vista de lo antes expresado se enmienda la sección IV de la referida Orden General, para que lea de la siguiente manera:*

*P. O. Box 70166, San Juan, P. R. 00936 8166  (787) 79*

10 de noviembre de 1997
Página -2-
OS-1-1-003



"IV.  Personal Excluído de las Disposiciones Sobre Pago por Horas Extras
Trabajadas:

A.  La legislación y reglamentación federal excluye del pago de horas
extras a todo empleado ejecutivo, administrativo o profesional.  Una
vez se cumplen todos los requisitos incluidos en la definición de
ejecutivo, administrativo o profesional se confirma la condición de
personal exento.

B.  Los miembros de la Policía que estén sometidos a cursos de entrena-
miento ofrecidos o auspiciados por la Policía, estarán excluídos de
las disposiciones de horas extras, corresponde al Superintendente
de la Policía la fijación de sus respectivos horarios de trabajo y la
concesión de días libres.

C.  Aquel personal exento tal como y sin limitarnos a Superintendentes
Auxiliares, Directores de Negociados, Comandantes de Area, Zona,
Distrito y Precinto y el Decano de la Academia, así como los auxilia-
res de éstos;  o Directores de Oficina, División, Sección y Unidades
de trabajo, no será elegible para el pago de horas extras.  Tampoco
acumulará tiempo compensatorio".

Queda derogada toda comunicación anterior que sea incompatible con la presente
determinación.

La Oficina de Planificación y Estudios incorporará esta enmienda a lá Orden General
Núm. 86-7 para la eventual distribución a todo el personal.

El estricto cumplimiento de esta directriz es ordenado.



**ESTADO LIBRE ASOCIADO DE PUERTO RICO**

**POLICIA DE PUERTO RICO**



NRH-2-4-1-4

DIRIJA TODA
LA CORRESPONDENCIA OFICIAL
AL SUPERINTENDENTE
P O BOX 70166
SAN JUAN, PUERTO RICO 00936 – 8166
Tel. 793-1234

30 de enero de 1996



Superintendentes Auxiliares,
Directores de Oficinas, Negociados,
Divisiones y Secciones, Comandantes
de Areas, Zonas, Distritos y
Precintos Policiales

Lcdo. Aníbal Torres Rivera
Superintendente Asociado

**ENMIENDA ORDEN GENERAL NUM. 86-7**
**NORMAS Y PROCEDIMIENTOS PARA EL**
**PAGO DE HORAS EXTRAS TRABAJADAS**
**POR LOS MIEMBROS DE LA FUERZA**

La Orden General Núm. 86-7 Normas y Procedimientos para el Pago
de Horas Extras Trabajadas por los Miembros de la Fuerza tiene el
propósito de establecer las normas y procedimientos que regirán
el proceso de acumulación y compensación de horas extras
trabajadas en exceso de la jornada legal.

Mediante esta comunicación se enmiendan las Secciones VI -
Registro de Asistencia y la VIII - Procedimiento para el Pago de
Horas Extras.

En la Sección VI Registro de Asistencia, se enmienda el Inciso B,
para que lea de la siguiente manera:

B. El comandante o director de la unidad de trabajo certificará
   mensualmente en el formulario SC-1511 (PPR) - Informe
   Mensual de Asistencia, el total de horas trabajadas por cada
   empleado. Corroborará la certeza de la información
   contenida en dicha certificación. El miembro de la Fuerza
   vendrá obligado a firmar el registro de asistencia. El
   original de este documento se enviará al Superintendente
   Auxiliar, Comandante de Area Policial, Director de Oficina o
   de Negociado, según corresponda, el cual retendrá el
   original durante un período de tiempo de un año natural.

- 2 -

Transcurrido el año, estos funcionarios serán responsables de enviar los referidos Informes (Mensual de Asistencia) a la División de Administración de Documentos del Negociado de Servicios Técnicos, la cual los custodiará por los dos años naturales subsiguientes.  Al enviar tales informes a Documentos, se hará en cartapacios identificados con el Número de Placa.  Transcurridos los dos años de estar archivados en la División de Administración de Documentos, su Director tramitará la disposición de los Informes SC-1511 al Archivo General de documentos inactivos, hasta completarse un total de seis años de archivo conforme al Reglamento Núm. 23 del Departamento de Hacienda.  Al cabo de este tiempo el Director de Documentos estará autorizado a decomizar dichos documentos, de no ser requeridos para auditoría por la Oficina del Contralor.

Cuando se contemple el pago de horas extras, el informe se tramitará de acuerdo a lo establecido en la Sección VIII, Inciso C, según se dispone más adelante.

Asímismo, en la misma Sección VI se crea el Inciso C, que dispone lo siguiente:

C. Por cada original del Informe SC-1511 preparado, se conservará una copia en el expediente personal del empleado en su unidad de trabajo (Expediente Operacional), por un término de seis años.  Este documento (SC-1511) estará separado de otros documentos personales en dicho expediente, en cartapacio individual identificado con el Número de Placa.  Al cumplirse dicho término de tiempo, la unidad de trabajo al que esté asignado el miembro de la Fuerza, enviará el mismo a la División de Administración de Documentos, para su posterior decomización conforme al Reglamento antes mencionado.

En la Sección VIII- Procedimiento para el Pago de Horas Extras, se enmienda el Inciso C, para que disponga lo siguiente:

C. Los documentos originales del Formulario SC-1511 (PPR) - Informe Mensual de Asistencia, que contemplan el pago de horas extras serán enviados mediante comunicación escrita, dentro de los próximos cinco días de cada mes al Superintendente Auxiliar, Comandante de Area Policial, Director de Oficina o de Negociado, según corresponda.  En ésta se desglosarán los nombres de las personas que tengan derecho al pago.  Dichos funcionarios corroborarán que los Informes SC-1511 estén complementados en su totalidad y que el personal policial de todas las unidades de trabajo bajo su supervisión hayan rendido los que correspondan. Enviarán los formularios al Negociado de Recursos Humanos, Sección

- 3 -

de Horas Extras, dentro de los próximos cinco días laborables certificando en su comunicación que efectuaron el cotejo de rigor.

Se le instruye a cumplir a cabalidad las disposiciones antes expuestas, las cuales tendrán vigencia inmediata.

La Oficina de Planificación y Estudios incorporará estas enmiendas a la Orden General Núm. 86-7 para su eventual distribución al personal.

Esta comunicación deroga el memorando SAIAD-2-1-657 del 3 de octubre de 1989, sobre el asunto.





FPR-145
Rév.8-78

ESTADO LIBRE ASOCIADO DE PUERTO RICO
POLICIA DE PUERTO RICO

REGISTRO INDIVIDUAL DIAS FERIADOS ACUMULADOS Y DISFRUTADOS
POR MIEMBROS DE LA FUERZA

Nombre _William Ruiz Díaz_          Rango _Sargento_     Placa _8-5846_

Unidad _Precinto 158 de Ponce_          Año Natural     _1986_

| Días Feriados Legales | Fecha de Conmemoración | Fecha que lo Disfrutó | Número de Folio |
|---|---|---|---|
| 1.  Día de Año Nuevo | 1 de enero | Licencia regular | |
| 2.  Día de Reyes | 6 de enero | Licencia regular | |
| 3.  Natalicio de Eugenio M. de Hostos | 11 de enero | 26 junio 86 | |
| 4.  Natalicio de Jorge Washington | 17 febrero | 27 mayo 86 | |
| 5.  Día de la Abolición de la Esclavitud | 22 de marzo | 1 enero 87 | Fol. 246 |
| 6.  Viernes Santo | 28 marzo | 6 enero 87 | Fol. 182 |
| 7.  Natalicio de José de Diego | 16 de abril | 7 septiembre | Fol.  24 |
| 8.  Día de la Recordación | 26 mayo | 13 octubre | Fol. 198 |
| 9.  Día de la Independencia de los Estados Unidos | 4 de julio | 12 enero 87 | Fol.  288 |
| 10. Natalicio de Luis Muñoz Rivera | 17 de julio | 25 julio 1986 | |
| 11. Día de la Constitución del Estado Libre Asociado de Puerto Rico | 25 de julio | 19 enero 89 | |
| 12. Natalicio de José C. Barbosa | 27 de julio | 17 abril 87 | |
| 13. Día del Trabajo | 1º septiembre | 25 mayo 87 | |
| 14. Descubrimiento de América | 12 de octubre | 13 octubre 86 | |
| 15. Día del Veterano | 11 noviembre | 2 noviembre 87 | |
| 16. Día de las Elecciones Generales | ------------- | ------------- | ------------- |
| 17. Día del Descubrimiento de Puerto Rico | 19 de noviembre | Licencia regular | |
| 18. Día de Acción de Gracias | 27 noviembre | Licencia regular | |
| 19. Día de Navidad | 25 de diciembre | Licencia regular | |

_Sgto. William Ruiz Díaz 8-5846_
Firma Miembro de la Fuerza

_Cap. Secial ___ ___ 5-7413_
_Tnte. Luis A. Perez_
Firma, Jefe Unidad

Fecha

Fecha

PPR-145
Rév.8-78

ESTADO LIBRE ASOCIADO DE PUERTO RICO
POLICIA DE PUERTO RICO

REGISTRO INDIVIDUAL DIAS FERIADOS ACUMULADOS Y DISFRUTADOS
POR MIEMBROS DE LA FUERZA

Nombre  _William Ruiz Díaz_____  Rango _Teniente II_  Placa _7-5846_

Unidad  _Precinto 158_____  Año Natural  ____1987____

| Días Feriados Legales | Fecha de Conmemoración | Fecha que lo Disfrutó | Número de Folio |
|---|---|---|---|
| 1. Día de Año Nuevo | 1 de enero | 11 enero  88 | Folio 176 |
| 2. Día de Reyes | 6 de enero | 3 enero 88 | |
| 3. Natalicio de Eugenio M. de Hostos | 11 de enero | 24 marzo 89 | 89 Rambla |
| 4. Natalicio de Jorge Washington | *Martín Luther King*  19 enero  16 febrero | 4 sept  89  9 octubre 89 | 231 Rambla  38 Rambla |
| 5. Día de la Abolición de la Esclavitud | 22 de marzo | 19 febrero 90 | 136 Invest. Admtva. |
| 6. Viernes Santo | 17 abril | 22 marzo 90 | 153 Invest. Admtva. |
| 7. Natalicio de José de Diego | 16 de abril | 13 abril 90 | 162  "  " |
| 8. Día de la Recordación | 26 mayo | 16 abril 90 | 162  "  " |
| 9. Día de la Independencia de los Estados Unidos | 4 de julio | 11 mayo 90 | 175  "  " |
| 10. Natalicio de Luis Muñoz Rivera | 17 de julio | 28 mayo 90 | 182  "  " |
| 11. Día de la Constitución del Estado Libre Asociado de Puerto Rico | 25 de julio | | |
| 12. Natalicio de José C. Barbosa | 27 de julio | | |
| 13. Día del Trabajo | 7 septiembre | | |
| 14. Descubrimiento de América | 12 de octubre | Licencia regular | |
| 15. Día del Veterano | 11 noviembre | | |
| 16. Día de las Elecciones Generales | ------------- | ------------- | ------------- |
| 17. Día del Descubrimiento de Puerto Rico | 19 de noviembre | | |
| 18. Día de Acción de Gracias | 26 noviembre | | |
| 19. Día de Navidad | 25 de diciembre | Día libre | |

Tnte. William Ruiz Díaz  7-5846
Firma Miembro de la Fuerza

Car. Secuel C (en' 5-7-13
Tnte. Luis A. Pérez
Firma, Jefe Unidad

_____
Fecha

_____
Fecha

PPR-231
5-69

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**POLICIA DE PUERTO RICO**

SAIG-1-1-1.380     **HOJA DE TRAMITE**

5 de octubre de 19 99 .

A: 1er. Tnte. Cor. William Ruiz Díaz
Inspector General Auxiliar

2do. Areas Ponce y Guayama

3er. Cor. Pablo Santiago González 1-3322
DE: Supte. Auxiliar en Inspectoría General

ASUNTO: RETRIBUCION MENSUAL

CORRES.
DE: NRH-2-2-14-365   CORRES. FECHADA: 20 de septiembre 199

☐ Contestar para firma
del Superintendente

☐ Contestar para firma del Teniente
Coronel

☐ Contestar para firma
del Coronel

☐ Someter recomendaciones

☐ Contestar directamente

☐ Firmar y devolver

☐ Acusar recibo

☐ Enterarse y enviar al archivo

☐ Tramitar

☐ Enterarse y devolver

☐ Discutir conmigo

OBSERVACIONES: Para su conocimiento.

2,821.00

125. enero 2000

2946.00

**GOBIERNO DE PUERTO RICO**

# POLICIA DE PUERTO RICO

NRH-2-2-14-365

DIRIJA TODA LA
CORRESPONDENCIA OFICIAL
AL SUPERINTENDENTE
P O BOX 70166
SAN JUAN , P.R. 00936-8166

CUARTEL GENERAL
TEL. (787) 793-1234

20 de septiembre de 1999

Sr. William Ruíz Díaz
Teniente Coronel Número 2-5846
P/C Superintendente Auxiliar
en Inspectoría General

Estimado señor Ruíz Díaz:

Efectivo el 1 de julio de 1999, su retribución mensual es de $2,821.00 por motivo de los pasos por año de servicio correspondientes al 1 de julio de 1998 y 1 de julio de 1999. Continuará recibiendo los $55.00 de compensación complementaria por dificultad de reclutamiento y retención.

Hemos enviado a la División de Nóminas el documento necesario para que ajusten correctamente su retribución mensual.

Cordialmente.

Pablo Rodríguez Guzmán
Director, Negociado
Recursos Humanos

"NEGOCIADO DE RECURSOS HUMANOS
SERVIRLE ES NUESTRO COMPROMISO"



**P0569858**

**Estado Libre Asociado de Puerto Rico**
530 - Retiro Central Pensionados

| | | |
|---|---|---|
| Grupo de Pago: | SM -Quincenal | # Cheque: 0345802 |
| Desde: | 02/16/2004 | |
| Hasta: | 02/29/2004 | Fecha: 02/27/20 |

| | | |
|---|---|---|
| WILLIAM RUIZ DIAZ | # Empleado: | DATA IMP:   Federal   PR |
| EXT SANTA TERESITA | Dept: 590100-Merito-Edad-Svc-Opcional-001 | Estado Civil:   Married   Married |
| BM33 CALLE E | Oficina: Ley 447 de 15 de mayo de 1951 | Concesiones:   0   0 |
| PONCE PR 00731 | Titulo: Pensionado | Pct. Adcl.: |
| SS: | Sueldo: $2,414.81 Monthly | Cant. Adcl.: |

### HORAS E INGRESOS / IMPUESTOS

| | | | Corriente | | Acumulado | | | |
|---|---|---|---|---|---|---|---|---|
| Descripcion | Sueldo | Horas | Ingresos | Horas | Ingresos | Descripcion | Corriente | Acumu |
| Pago de Salarios Regulares | | | 1,207.41 | 315.00 | 4,829.64 | | | |
| Total: | | | 1,207.41 | 315.00 | 4,829.64 | Total: | 0.00 | 0 |

### DEDUCCIONES / DEDUCCIONES GENERALES / BENEFICIOS PATRONALES PAGADOS

| Descripcion | Corriente | Acumulado | Descripcion | Corriente | Acumulado | Descripcion | Corriente | Acumula |
|---|---|---|---|---|---|---|---|---|
| Total: | 0.00 | 0.00 | Total: | 0.00 | 0.00 | * Tributable | | |

### TOTAL BRUTO / TOTAL IMPUESTOS / DEDUCCIONES TOTALES / PAGA N

| | | | | |
|---|---|---|---|---|
| Corriente: | 1,207.41 | 0.00 | 0.00 | 1,207. |
| Acumulado: | 4,829.64 | 0.00 | 0.00 | 4,829. |

| PTO HORAS | ACUM | | DISTRIBUCION PAGA NETA | |
|---|---|---|---|---|
| Balance Inicial: | 0.0 | | Cheque #03458024 | 1,207. |
| + Acumulado: | | | Total: | 1,207. |
| - Utilizado: | | | | |
| - Donada: | | | | |
| + Ajustes: | | | | |
| Balance Final: | 0.0 | | | |

**MENSAJE:**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**POLICIA DE PUERTO RICO**



DIRIJA TODA
LA CORRESPONDENCIA OFICIAL
AL SUPERINTENDENTE
P O BOX 70166
SAN JUAN, PUERTO RICO 00936 - 8166
Tel. 793-1234

PPR-152
(Rev 6-94)

_15 de febrero de 1995_
**Fecha**

A: Director, División de Nóminas
Policia de Puerto Rico

DE: Comdte. _William Ruiz Díaz 4-584?_

**ASUNTO: AUTORIZACION PARA DESCONTINUAR EL PAGO DE CUOTA
DE MEMBRESIA A LAS AGRUPACIONES QUE REPRESENTAN
A LOS EMPLEADOS DE LA POLICIA DE PUERTO RICO**

*Solicito se descontinúe el descuento de $ _13.00_ mensuales que se efectúa en mi cheque de salario, por concepto del pago de cuota o membresia como afiliado de _Asociación de Miembros de la Policía_
**(Agrupación)**

Estoy adscrito a la _Comandancia Area Ponce_
**(Unidad de Trabajo)**

_Superintendencia Auxiliar en Operaciones de Campo_
**(Superintendencia, Negociado o Area que corresponda)**

y mi dirección postal es _Calle E, BM-33, Ext. Santa Teresita, Ponce, P.R._

Mi número de (Placa) (Seguro Social) es _____.
Espero que esta solicitud sea tramitada a la brevedad posible.

_William Ruiz Díaz 4-584?_
**Firma**

**DISTRIBUCION**
**Original - Div. Nóminas**
**1ra. Copia - Div. Nóminas (Para ser sometido a la Agrupación)**
**2da. Copia - Empleado**
**3ra. Copia - Sección Archivo**
***Someter una solicitud por Agrupación**

PPK-092
(6-94)

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**POLICIA DE PUERTO RICO**

NP_____

*1 7 febrero 1995*
Fecha

### NOTIFICACION PARA CANCELACION PAGO DE CUOTA DE MEMBRESIA AGRUPACIONES

Señor Presidente:
_____ Asociación Academia Nacional del F.B.I.          _____ Confederación de Orden Público
_____ Asociación Criminólogos de Puerto Rico           _____ Cooperativa de Ahorro y Crédito de la Policia
__✓__ Asociación de Miembros de la Policía             _____ Cuerpo Organizado de la Policía de Puerto Rico
_____ Asociación Secretarias y Personal Clasificado     _____ Federación Puertorriqueña de Policías de Puerto Rico
_____ Asociación de Veteranos de la Policía            _____ Frente Unido de Policías Organizados
_____ Club de Oficiales de la Policía de Puerto Rico    _____ Otros _____
_____ Club Policía de Cayey

### SOBRE SOLICITUD DE REVOCACION DE AUTORIZACION PARA DESCUENTO DE PAGO DE:

__✓__ Cuotas de Membresía          _____ Ahorros          _____ Compra de Acciones
_____ Cancelación o Liberación de Acciones Pignoradas
_____ Amortización de Préstamos, por alegadamente haber satisfecho en su totalidad el principal e intereses, o
      que se canceló o condonó la deuda contraida.
Otros: _____

El _X_ Empleado     Pensionado *Comptr. William Luiz Ba2 4-5-94*
Seguro Social                    nos ha sometido el *17* de *Febrero*
de *1995,* la mencionada solicitud, de la cual le estamos enviando copia, para que nos informe si tiene cualquier objeción, a
que la revocación entre en vigor al transcurrir el término de sesenta (60) días, desde la fecha en que se nos sometió la misma.

Deberá notificar al Director de la División de Nóminas de la Policía de Puerto Rico, su contestación dentro de un término
de diez (10) días laborables, a los fines de que esta División tenga la oportunidad de poder realizar en tiempo los trámites que
correspondan, dentro del referido término de sesenta (60) días.  De no recibir su contestación dentro del término de diez (10)
días laborables, entenderemos que no tiene objeción alguna y procederemos a poner en vigor la mencionada revocación.

Agradeceremos su pronta atención sobre este asunto.

Coordialmente,
Director, División de Nóminas
Negociado de Personal
Policía de Puerto Rico

### Para uso exclusivo de la agrupación

A: _____          _____
    Director, División Nóminas                Fecha

                                     _____
                                     Nombre del Empleado

[ ] El socio lleva menos de un año en la agrupación creada bajo la Ley 134 del 19 de julio de 1960 por los que no podemos
    dejar sin efecto el descuento de cuota de membresía hasta _____(Fecha).  En el
    caso de la Asociación de Miembros de la Policía, Asociación de Veteranos de la Policía y Cooperativa de Ahorros y
    Crédito de la Policía, los cuales se rigen bajo la Ley 94 del 9 de julio de 1985, no aplica este inciso.

[ ] El socio tiene una deuda pendiente con esta Agrupación, por lo que no podemos dejar sin efecto el descuento de pago hasta
    _____(Fecha). Esto no aplica a cuotas de membresía.

[ ] Se Autoriza a dejar sin efecto el descuento de cuota de membresía desde _____(Fecha).

[ ] Otros _____

DISTRIBUCION
Original - Agrupación
1ra. Copia - División de Nóminas
2da. Copia - Empleado
3ra. Copia - Sección Archivo

_____
Nombre del Presidente de la Agrupación