Modelo SC 854
8 dic 03
CC 0300-17-04

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACIÓN DE REHABILITACIÓN VOCACIONAL
Agencia

Apartado 191118, San Juan, Puerto Rico 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
POR CINCO AÑOS O MENOS O HASTA DIEZ 10 AÑOS
EN LOCALES EN EL EXTERIOR

Num de Contrato de la Agencia
2012-000001

Num de Contrato de la
Oficina del Contralor

LA ADMINISTRACIÓN DE REHABILITACIÓN VOCACIONAL, representada por Nydia Colón Zayas, Administradora quien en adelante se denominará el Arrendatario, y BARRERAS, INC, representada por su Presidente José R Barreras quien en adelante se denominará el Arrendador, convienen de mutuo acuerdo en lo siguiente

1 Que el Arrendador certifica y garantiza que previo a la formalización de este contrato entregó las siguientes certificaciones ☒ Certificación Registral de la propiedad incluyendo cargas y gravámenes ☒ Certificación de deuda y Certificación de Radicación de planilla expedida por el Departamento de Hacienda ☒ Certificacion Negativa de Propiedad Inmueble del Centro de Recaudación de Ingreso Municipal

2 Que el Arrendatario certifica que realizó el Informe de Valoración y el mismo está firmado por el tasador y aprobado por el tasador revisor

3 Que el Arrendador y el Arrendatario certifican que los documentos antes mencionados no tienen más de seis meses de expedidos a la fecha de otorgarse el presente contrato

4 Que el Arrendatario certifica que realizó una inspección del bien inmueble objeto de arrendamiento y el mismo cumple con las expectativas, necesidades y especificaciones necesarias y rindió un informe escrito de dicha inspección

5 Que el arrendador cede en calidad de arrendamiento al Arrendatario la propiedad que se describe continuación
   a) Construcción ___Hormigón armado y Bloques___
   b) Area (1) Del Solar ___4.750___ Metros Cuadrados
            (2) Del Local ___Cuarta planta ver anejo "A"___ 25,800 Pies Cuadrados
            (3) Estacionamiento _____ Pies Cuadrados
   c) Localización y Certificación Registral del Inmueble (incluyendo cargas y gravámenes)

   Ave Barbosa #602, Hato Rey, Puerto Rico

6 Que la propiedad será usada por El Arrendatario como ___Oficina Central de la Región de San Juan___

7 Este contrato entrará en vigor el día _1ro_ de _julio_ de _2011_ sujeto a la aprobación de _las agencias gubernamentales pertinentes_ Regirá hasta el _30_ de _junio_ de _2016_ El Arrendatario podrá en cualquier momento resolver el contrato siempre que notifique por escrito su intención al Arrendador con treinta (30) días de antelación a la fecha deseada Ver otras estipulaciones modelo 854.2 (ADD "A").

8 Que El Arrendador posee la propiedad descrita en calidad de ___propietario___, la cual es propiedad de ___BARRERAS, INC___

9 Que luego de haber efectuado un estudio de mercadeo para determinar la tarifa vigente, el canon de arrendamiento fijado por las partes contratantes es de _cuarenta y seis mil doscientos cuarenta y un dólares_ mensuales ($46,241 00) pagaderos por el arrendatario de la siguiente forma _Mensualidades vencidas dentro de los quince (15) días del siguiente mes con cargo a la cifra de cuenta 272-126-03F-2012-H126A110080_

10 El Arrendador no podrá aumentar el canon de arrendamiento o modificarlo en un período menor de doce (12) meses

11 Que El Arrendador queda obligado en todo tiempo a efectuar los arreglos y reparaciones para conservar el inmueble en condiciones utilizables, y mantener en funcionamiento, todos los servicios, equipos y accesorios dentro de las normas de seguridad establecidas o que se establezcan Ver otras estipulaciones modelo 854.2 (ADD "A").

12 Se hace constar que ningún funcionario o empleado de _Administración de Rehabilitación Vocacional_ tiene directa o indirectamente interés pecuniario en este contrato

13 Descripción de los servicios, equipos y accesorios incluidos en el contrato por cuenta del arrendador
   ☒ Estacionamiento- Núm Espacios _45_  ☐ Agua  ☒ Aire Acondicionado  ☐ Instalación Eléctrica
   ☐ Vigilancia ☐ Luz ☐ Limpieza ☐ Facilidades Telefónicas ☒ Ascensor ☐ otros  Ver otras estipulaciones modelo 854.2 (ADD "A").

14 Que el pago de las pólizas para cubrir los riesgos tales como incendios, huracanes, terremotos, inundaciones o cualquier otro acto de la naturaleza, responsabilidad publica y cualesquiera otra necesaria, será por cuenta del _Ver otras estipulaciones en Modelo SC-854.2 (ADD "A")_

   Compañía Aseguradora ___Triple – "S"___  Num ___CP8-1041365___

15 Otras estipulaciones (utilice el Modelo SC 854 2, Contrato de Arrendamiento de Locales (Hoja de Continuación), el cual se hace formar parte integrante de este contrato)

16 Este contrato no será válido hasta tanto sea aprobado por los funcionarios correspondientes segun la legislación y reglamentación vigente

EN TESTIMONIO DE LO CUAL, y para que así conste, suscriben este documento las partes contratantes en San Juan Puerto Rico, hoy _1_ de _julio_ de 2011

___Nydia Colón Zayas___
Nombre y Firma del Jefe de la Agencia
o su Representante Autorizado

___José R Barreras___
Barreras, Inc
Nombre y Firma del Arrendador

PO Box 366348 San Juan, PR 00936-6348
Dirección

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
Seguro Social Patronal

Nota Aprobaciones al Dorso
Conservación Seis años o una intervencion del Contralor después de concedido o vencido el contrato lo que ocurra primero

Modelo SC 854.2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 2 de la 16

Núm Departamento

Núm Adm de Serv Gen

Num Radicación de la OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

OTRAS ESTIPULACIONES:   ADDENDUM "A"

Local Arrendado:

4.1. "El Arrendador" es dueño en pleno y absoluto dominio del inmueble que cita en la Avenida Barbosa número 602, en Hato Rey, San Juan, Puerto Rico, con una cabida superficial de aproximadamente 4,749.8144 metros cuadrados y una estructura que comprende de un total de aproximadamente 129,000 pies cuadrados construida de hormigón. Dicha propiedad, como tal, consta de cinco (5) plantas de aproximadamente 25,800 pies cuadrados cada una y fue construida en el año 1966.

Arrendamiento:

4.1.1. El 15 de noviembre del 1999 "El Arrendador" y "El Arrendatario" otorgaron un contrato de arrendamiento para dos (2) locales que comprenden de aproximadamente 27,589 pies cuadrados en la cuarta y primera planta del inmueble aquí antes descrito en el párrafo anterior. Dicho contrato, que entró en vigor el 1° de marzo de 2000, se mantendrá en pleno efecto y vigor hasta el 30 de junio de 2011, fecha en que el presente contrato entrara en vigor de acuerdo como se dispone más adelante en el párrafo 7.1.

4.1.2. "El Arrendador" y "El Arrendatario" tienen convenido continuar el arrendamiento de los pasados diez (10) años para el local reducido que comprende de un total de aproximadamente 25,800 pies cuadrados en la 4ta planta del edificio aquí antes descrito en el párrafo 4.1 anterior, objeto de este contrato y por la presente y sujeto estrictamente a las cláusulas y condiciones que más adelante se detallan. "El Arrendador" CEDE a "El Arrendatario" en arrendamiento el local que aparecen identificados mediante el ANEJO "A", conforme a los términos del presente contrato. "El Arrendatario", en tal concepto, recibe el local, (en adelante "el local"), en arrendamiento con todo lo que le es anejo y en tal virtud, las partes convienen el presente contrato.

Término del Arrendamiento:

7.1. Las partes acuerdan que el término de este contrato será de cinco (5) años, y entrará en vigor el día 1° de julio de 2011, sujeto a la aprobación de las dependencias gubernamentales concernidas y el mismo regirá y se mantendrá en pleno vigor hasta concluidos los sesenta (60) meses calendarios.

Canon Básico:

9.1. "El Arrendatario" pagará a "El Arrendador" por concepto de este contrato, en mensualidades vencidas, dentro de los quince (15) primeros días del mes siguiente, sin deducción alguna y en moneda de curso legal de los Estados Unidos de América, en las oficinas principales de "El Arrendador" o en algún otro lugar que por escrito designe subsiguientemente, el canon básico mensual que se detalla a continuación:

a) Durante los primeros Treinta (30) meses de vigencia de este contrato, a partir del 1° de julio del 2011, el canon mensual será a razón de Cuarenta y Seis Mil Doscientos Cuarenta y Un Dólares con .00/100 ($46,241.00)*********************************************

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy __1__ de __julio__ de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL   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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80)
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
**Dirección**

*CONTRATO DE ARRENDAMIENTO DE LOCALES*
*(Hoja de Continuación)*

Página Num __3__ de la __16__

| Núm Departamento |
| Num Adm de Serv Gen |
| Num Radicación de la OFICINA DEL CONTRALOR |

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

*OTRAS ESTIPULACIONES:*      **ADDENDUM "A"**

b) Durante los restantes Treinta (30) meses de vigencia de este contrato, a partir del 1ro de enero del 2014, el canon mensual será a razón de Cuarenta y Nueve Mil Seiscientos Cuarenta y Un Dólares con .00/100 ($49,641.00)***************************************************

9.2. "El Arrendatario" se compromete a pagar fielmente el canon mensual de arrendamiento aquí antes estipulado, y no dejará de pagar el mismo salvo en caso de déficit presupuestario Estatal de tal naturaleza y magnitud que impida al Gobierno de Puerto Rico pagar a su vencimiento el importe de cualquier plazo de principal o intereses en bono u obligaciones que envuelva el crédito general (full faith and credit) del Gobierno de Puerto Rico, y en tal caso. "El Arrendatario" incurrirá en incumplimiento en el presente contrato.

11.1. "El Arrendador" realizará las reparaciones necesarias para corregir faltas en la estructura, techos, plomería y electricidad del Local arrendado, siempre y cuando que los defectos o deficiencias que originen dicha necesidad ocurran en consecuencia de deterioro o desgaste natural por acción del tiempo y no por actos negligentes o maliciosos de "El Arrendatario", sus agentes, invitados o representantes y en tal caso serán efectuados por "El Arrendador" pero el costo de dicha reparación le será reembolsado por "El Arrendatario" previa autorización del trabajo y subsiguiente presentación de facturas. Las reparaciones menores tales como cambios de zapatillas, grifos de agua, cambios de tubos fluorescentes, lámparas, cerraduras de puertas, destapes de lavamanos, etc., y cuyo costo por unidad no exceda la cantidad de $600.00 serán efectuados por "El Arrendatario". Disponiéndose que de así requerirlo "El Arrendatario", "El Arrendador", por cuenta y cargo de "El Arrendatario", podrá realizar dichas reparaciones menores, previa autorización del trabajo y subsiguiente presentación de facturas. "El Arrendador" proveerá e instalará, según se necesario y requeridas por "El Arrendatario", hasta un máximo de dos (2) lámparas y veinticuatro (24) tubos fluorescentes por año; disponiéndose que estas cantidades no serán acumulables para años subsiguientes.

11.2. "El Arrendatario" no habrá de realizar mejoras permanentes al Local objeto de este contrato. No obstante, si durante la vigencia de este arrendamiento, surge alguna necesidad de realizar cambios a la distribución del espacio interior que se ameriten para el mejor funcionamiento de los programas que utilizan el local arrendado, "El Arrendatario" deberá obtener el previo consentimiento por escrito de "El Arrendador", y de éste consentir, las mismas serán realizadas por cuenta y cargo de "El Arrendatario", bajo las condiciones que imponga "El Arrendador", que son uniforme para todo el edificio, entendiéndose que no formarán parte del Local arrendado y que estas mejoras, a la sola discreción de "El Arrendatario", serán removidas por "El Arrendatario", al finalizar este contrato, por cuenta y cargo de "El Arrendatario".

11.3. Toda reparación que corresponda a "El Arrendador" realizar conforme a los términos y condiciones del presente contrato habrá de iniciarse dentro de un plazo no mayor de quince (15) días después del requerimiento o notificación de "El Arrendatario" y la misma se realizará de forma continua hasta su terminación. Las deficiencias en el sistema de acondicionadores de aire, plomería, baños y en el sistema eléctrico deberán ser atendidas inmediatamente advenga "El Arrendador" en conocimiento de tal deficiencia. "El arrendador" ejercerá sus mejores oficios para completar toda las reparaciones dentro del termino de tiempo más acelerado posible según permitan las circunstancias.

*Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy _____ de _____ de 201__.*

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL: 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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Ab1-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 4 de la 16

Núm Departamento

Num Adm de Serv Gen

Num Radicación de la
OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

**OTRAS ESTIPULACIONES:**     **ADDENDUM "A"**

Servicios y Facilidades:

13.1. "El Arrendador", proveerá los siguientes servicios:

13.1.1. Aire acondicionado: "El Arrendador" proveerá y dará mantenimiento a las tres (3) maquinas de aire acondicionado que suplirá servicio a todas las dependencias del Local arrendado, exceptuando los servicios sanitarios. Dicho equipo dará servicio los días laborales de lunes a viernes de 7:00 a.m. a 4:30 p.m., pero no prestará este servicio en días feriados oficiales. El sistema está diseñado para mantener una temperatura promedio de 72 grados F. "El Arrendatario" pagará a "El Arrendador" a razón de veinte dólares ($20.00) por solicitud de servicio en ocasiones adicionales a los días y horas arriba indicados. En ocasiones especiales y a requerimiento de "El Arrendatario", para solicitar este servicio fuera de las horas laborales indicadas, deberá mediar una comunicación por escrito por parte de la persona o personas que de cuando en cuando designe "El Arrendatario" para peticionar tales servicios.

13.1.2. Aire acondicionado para el cuarto de Data: En adición, al equipo referido en el párrafo 13.1.1. anterior, "El Arrendador" proveerá y dará mantenimiento a una máquina de aire acondicionado con capacidad de 14,000 BTU para enfriar el cuarto del equipo de data. Dicha máquina dará servicio los días laborales de lunes a viernes de 4:30 p.m. a 7:00 a.m., y veinticuatro (24) horas al día los sábados, domingos y días feriados.

13.1.3. Área de estacionamiento para vehículos: Acceso para cuarenta y cinco (45) autos de "El Arrendatario", sus agentes o representantes. Se aclara y se conviene que "El Arrendador" o sus agentes no son responsables a "El Arrendatario", sus agentes, empleados o visitantes en caso de surgir una pérdida o daño a los vehículos haciendo uso de las facilidades, bien sea, por robo, vandalismo, actos maliciosos de terceras personas o de cualquier índole. "El Arrendatario" se compromete a hacer constar esta condición a toda persona que tenga derecho a los accesos aquí concedidos.

13.1.4. A los fines de evitar accidentes o congestión, las partes acuerdan que la entrada de vehículos pesados al área general de aparcamiento, durante horas laborables, está totalmente prohibida. "El Arrendatario" se compromete y obliga a instruir a sus chóferes y suplidores para que toda entrega de mercancía, equipo o materiales se realice por la entrada de carga y descarga localizada en la parte posterior del edificio objeto de este contrato (lado Oeste).

13.1.5. "El Arrendador" se propone proveer un sistema de aparcamiento, para aumentar la capacidad del estacionamiento. Una vez disponibles los estacionamientos nuevos, todo aparcamiento será exclusivamente mediante el sistema que designe "El Arrendador", que, a sola opción de "El Arrendador" podrá ser mediante "Valet" o combinación de estacionamiento propio y "Valet".

13.2. Ascensores: Dos (2) elevadores de pasajeros de 7:00 a.m. a 8:00 p.m. los siete (7) días de la semana y uno (1) de carga de 7:00 a.m. a 4:30 p.m. los días laborales de lunes a viernes para uso común de todos los inquilinos del edificio; disponiéndose que el elevador de carga sólo podrá ser utilizado únicamente bajo la supervisión y aprobación de "El Arrendador". "El Arrendatario" se compromete y obliga a no

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy ___1___ de ___julio___ de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL: 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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 5 de la 16

Num Departamento

Num Adm de Sen Gen

Num Radicación de la
OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

**OTRAS ESTIPULACIONES:**     **ADDENDUM "A"**

permitir el uso de los elevadores de pasajeros para carga y el de carga para el transporte de pasajeros. Se aclara y se conviene que el mantenimiento de los elevadores será por cuenta y cargo de "El Arrendador". Disponiéndose que de surgir la necesidad de reparaciones por actos maliciosos de "El Arrendatario", sus agentes, visitantes y/o empleados, el costo de las mismas serán por cuenta y cargo de "El Arrendatario".

13.3. **Limpieza y mantenimiento:** De las áreas comunes tales como elevadores y sus vestíbulos, escaleras y área de estacionamiento. "El Arrendador" pintará el interior del local cada treinta (30) meses, a partir del inicio del presente contrato cuando así lo solicite "El Arrendatario". También se retocará la pintura de las áreas según las partes estimen sea necesario. "El Arrendatario" habrá de mantener limpias las superficies de pintura para minimizar la necesidad de retoque de pintura.

13.4. **Desperdicios sólidos:** Se proveerá, en el área de carga y descarga del edificio, un envase de ocho (8) yardas cúbicas con un máximo de tres (3) recogidos semanales, para uso común con los demás inquilinos del edificio. Dada la eventualidad que los recogidos anteriormente señalados no resulten suficiente para las necesidades de todos los inquilinos del edificio y de requerirse, de forma permanente, recogidos adicionales, el costo por recogidos adicionales será por cuenta y cargo de "El Arrendatario" a razón del veinte por ciento (20%) de la totalidad de dicho costo adicional, que es la proporción del área ocupada por "El Arrendatario" en relación al total del espacio rentable del edificio; disponiéndose, sin embargo, que de requerirse recogidos adicionales por causas atribuibles exclusivamente a "El Arrendatario", sus agentes o representantes, dicho costo, total, será por cuenta exclusiva de "El Arrendatario".

13.5 **Energía Eléctrica:** "El Arrendador" pagará por su cuenta y cargo el consumo de energía eléctrica para las áreas comunes de todos los inquilinos, tales como, las escaleras, los elevadores, sus vestíbulos y el área de aparcamiento. El consumo de energía eléctrica del interior del Local, el equipo de aire acondicionado y otros será por cuenta y cargo de "El Arrendatario".

13.6. **Equipo contra incendios:** "El Arrendador" proveerá tres (3) mangueras de incendio de cien pies (100) de largo para el local. En adición, proveerá los extintores que requiera el Cuerpo de Bomberos para el local. Disponiéndose por último que las mangueras de incendio y los extintores sólo podrán ser utilizadas cuando sean requeridos para combatir un incendio y que el servicio de mantenimiento de los extintores será por cuenta y cargo de "El Arrendatario".

13.7. "El Arrendador" se reserva el derecho de interrumpir los servicios de energía eléctrica, agua, aire acondicionado, etc., cuando, en momentos de emergencia, éste lo crea necesario, para proteger los intereses, tanto de "El Arrendatario" como de "El Arrendador" sin quedar responsable o tener que indemnizar a "El Arrendatario". "El Arrendador" consultara con "El Arrendatario", salvo en caso de emergencia, antes de ejercer este derecho.

13.8. **Preparación del local:** Con anterioridad al comienzo del convenio inmediatamente anterior al presente contrato, "El Arrendador" realizó a satisfacción de "El Arrendatario" los trabajos necesarios para adaptar y acomodar las divisiones y particiones del Local a los requerimientos de "El Arrendatario" en armonía con el plano que se hace formar parte de este contrato como ANEJOS "A".

Las partes controtantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy __1__ de __Julio__ de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia

_____
José R. Barreras
Barreras, Inc.
P.O Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL __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__

Modelo SC 854 2
6 mai 80
CC 1300-12-80 (19 feb 80)
J 9-49-03-211-160 B -M-Abi-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 6 de la 16

| Num Departamento |
| Num Adm de Serv Gen |
| Num Radicación de la OFICINA DEL CONTRALOR |

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

**OTRAS ESTIPULACIONES:**   ADDENDUM "A"

13.9. Las partes reconocen y acuerdan que los muebles, módulos y silla indicados en el Anejo "A" del presente contrato son de la exclusiva propiedad y responsabilidad del "El Arrendatario".

Seguros:

14.1. "El Arrendador" mantendrá un seguro de propiedad para cubrir sus intereses en el local arrendado contra fuego, huracán, terremoto, etc... También mantendrá un seguro de "todo riesgo", de responsabilidad pública (cubierta amplia) por una cuantía no menor de UN MILLÓN DE DOLARES ($1.000,000) por daños o lesiones corporales (incluso muerte) y daños a la propiedad ajena o de terceras personas para proteger su responsabilidad en la propiedad objeto de este contrato y a "El Arrendatario" en cuanto a las áreas comunes.

14.2. Las partes aquí comparecientes se suplirán recíprocamente certificados de dichas pólizas indicando que las mismas no podrán ser canceladas ni modificadas sin haber mediado acuerdo previo escrito por ambas partes.

14.3. "El Arrendatario" se obliga a cumplir, por su cuenta y cargo, en lo que respecta al local arrendado, con todas aquellas condiciones y requisitos que exigen o que en el futuro puedan exigir las compañías de seguro, tanto las que aseguran el riesgo de "El Arrendatario" como las que aseguran el riesgo de "El Arrendador".

14.4. En el caso de que el local se destruya total o parcialmente como resultado de un desastre natural u otra causa, "El Arrendador" hará los esfuerzos necesarios para reconstruir o reparar el mismo dentro de un término razonable, el cual las partes acuerdan que es no más de ciento ochenta (180) días. "El Arrendador" tratará dentro de ese término de poner el local en condiciones de ser total o parcialmente ocupado nuevamente por "El Arrendatario"; Sin embargo si, a juicio del ingeniero o arquitecto que las partes de común acuerdo seleccionen, dentro de los treinta (30) días siguientes a la destrucción, para estimar el tiempo que tomará en poner el local en condiciones de ser ocupado nuevamente por "El Arrendatario", las reparaciones a dicho local no pueden hacerse antes de ciento ochenta (180) días desde la fecha del suceso, "El Arrendatario" tendrá derecho a resolver este contrato efectivo a la fecha del suceso que motivó la destrucción total o parcial; disponiéndose, sin embargo, que el derecho que aquí se le concede a "El Arrendatario" a resolver el presente contrato deberá ser ejercitado dentro de los quince (15) días siguientes a haber transcurrido los ciento ochenta (180) días en el primer caso o, en el segundo caso, a los quince (15) días de saber la opinión del arquitecto o ingeniero; disponiéndose además, que, de transcurrir los referidos quince (15) días en cualquiera de los dos (2) casos sin que "El Arrendatario" ejercite su derecho a resolver el contrato, se entenderá que ésta ha renunciado voluntariamente a ejercitarlo y vendrá obligado a cumplir fielmente con los términos del mismo, excepto que quedará relevada de pagar la renta durante el término en que duren las reparaciones, salvo que, por acuerdo mutuo de "El Arrendador" y "El Arrendatario", el último acceda a ocupar el local mientras duren las reparaciones, en cuyo caso la renta, por mutuo acuerdo, será modificada mientras éstas duren; disponiéndose por último que nada de lo anterior será aplicable en cualquier caso en que la destrucción total o parcial se deba a la negligencia de "El Arrendatario", incluyendo el no haber tomado las

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy ___ de _____ de 2011

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc.
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL   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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num __7__ de la __16__

Num Departamento

Num Adm de Serv Gen

Num Radicacion de la
OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

**OTRAS ESTIPULACIONES:**      **ADDENDUM "A"**

precauciones normales y razonables en cualquier caso, inclusive cuando la causa original de la destrucción parcial o total sea una causa natural. En este último caso, "El Arrendador" podrá utilizar todos los derechos que en ley tenga para resarcirse los daños sufridos y podrá dar por terminado y resuelto el presente contrato.

### Uso y Disposición del Local:

15. Las partes acuerdan que el local aquí contratado, identificado mediante el ANEJO "A", será usado exclusivamente para aquellas labores y funciones inherentes a la Administración de Rehabilitación Vocacional.

15.1. "El Arrendatario" habrá de cuidar el local y todo lo que le es anejo de acuerdo con la ley y el presente contrato, con el cuidado que en derecho se le exige a un buen padre de familia. En tal sentido y con el propósito de que se entienda como una ampliación de lo anterior y no como una limitación a lo dicho, se compromete a:

(a) No ceder este contrato, en todo o en parte, ni a ofrecerlo en garantía por cualquier deuda.

(b) No subarrendar el local ni ningún otro bien objeto del presente contrato; disponiéndose, sin embargo, que "El Arrendatario" podrá subarrendar el local o ceder el arrendamiento con la previa autorización expresa y por escrito de "El Arrendador", la cual no será denegada irrazonablemente, y siempre y cuando "El Arrendatario" acredite de forma fehaciente que ha cumplido con los términos del presente contrato; disponiéndose, además, que, en el caso de cualquier subarrendamiento del local o cesión del presente contrato de arrendamiento, la razonabilidad o irrazonabilidad de cualquier negativa por parte de "El Arrendador" deberá interpretarse utilizando, entre otros factores, la capacidad económica del cesionario o subarrendatario para cumplir con los términos del presente contrato.

(c) No hacer, ni permitir que se hagan, dentro del local o en sus paredes externas, decoraciones, instalaciones, alteraciones, adiciones, mejoras o cambios estructurales ni de dimensiones, o paredes o de objetos que se encuentran fijados en la estructura; disponiéndose, sin embargo, que, previo el consentimiento expreso y por escrito de "El Arrendador" y bajo las condiciones que éste imponga, "El Arrendatario" podrá hacerlos; disponiéndose, además, que cualquier decoración, instalación, alteración, mejoras o cambio estructural o de paredes o de divisiones o de objetos que se encuentran fijados en las estructuras debidamente autorizado que se haga en el local, se entenderá de inmediato incorporado a la propiedad donde el local está ubicado y a la terminación del arrendamiento por cualquier causa pasará a ser de la exclusiva propiedad de "El Arrendador", sin que éste venga obligado a pagar a "El Arrendatario" indemnización o compensación alguna.

(d) No colocar letreros, rótulos, anuncios, marquesinas, toldos, banderas o voladizos en el exterior o áreas de uso común del edificio, excepto previo permiso por escrito de "El Arrendador", quien indicará el lugar seleccionado para cada uno de los mismos. Para el rótulo principal de "El Arrendatario", en el exterior del edificio, "El Arrendador" podrá instalarlo luego de acordar con "El Arrendatario" la confección y costo del mismo que le será reembolsado luego de terminado la instalación y la

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy __1__ de __julio__ de 2011

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL __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__

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 8 de la 16

Num Departamento

Num Adm de Serv Gen

Núm Radicación de la
OFICINA DEL CONTRALOR

☒ Cinco (5) Años o Menos o Hasta Diez (10)
Años en Locales en el Exterior

☐ Más de Cinco (5) Años Hasta
Treinta (30) Años

**OTRAS ESTIPULACIONES:**      **ADDENDUM "A"**

presentación de factura. Disponiéndose que de instalarse tal rotulo, el mantenimiento y reparaciones del mismo serán por cuanta y cargo de "El Arrendatario".

(e) No pintar las ventanas o sus cristales, así como intervenir en forma alguna con la pintura de las superficies exteriores o interiores del edificio y por otra parte barrenar, introducir clavos, tornillos, ganchos o piezas de metal o madera y pintar o utilizar pegas en cualesquiera de las paredes o pisos interiores o exteriores del local arrendado, sin el previo consentimiento escrito de "El Arrendador".

(f) A mantener el local fumigado contra sabandijas y la propiedad, incluyendo los bienes muebles arrendados, limpios y seguros para evitar deterioro innecesario a ésta y accidentes o lesiones a parroquianos o empleados.

(g) A mantener constante y completamente despejados y sin obstrucciones los pasillos que accesan el elevador de carga y escaleras de escape, las entradas al edificio y pasillos de uso común con otros inquilinos, de objetos o equipos que puedan afectar el libre tránsito por los mismos.

(h) A no permitir que en el local tengan lugar o se lleven a cabo actividades ruidosas o en violación a la ley o que lesionen la moral o el orden público o que impidan a otros inquilinos o a vecinos del local el goce pacífico de sus respectivas propiedades.

(i) No permitir que se lleven a cabo en el local arrendado actividades que puedan resultar en un aumento en las primas de seguro que al presente paga "El Arrendador" o que puedan resultar en la cancelación de dichas pólizas.

(j) No permitir que se utilicen, almacenen, mantengan en el local o se trafiquen a éste o desde éste, explosivos o materiales o artículos inflamables, ni que puedan poner en riesgo inusitado la vida o la salud de parroquianos o empleados o vecinos y propiedades circundantes, con excepción de aquel equipo y material que "El Arrendatario" utilice en el curso ordinario de sus operaciones.

(k) A obtener y cumplir, por su cuenta y cargo con todos los requisitos de licencia, permisos y de cualquier otra índole que por ley, reglamento u ordenanza, vigente al momento de este contrato o que de tiempo en tiempo sean puestos en vigor, por cualquier agencia ú organismo federal, estatal o municipal y que le sean aplicables al local por su naturaleza o la explotación que allí se lleve a cabo o se llevare a cabo conforme con los términos del presente contrato. Se aclara y se conviene que de requerirse cambio o mejora permanente al inmueble por lo aquí expuesto, éstos serán realizados por "El Arrendador"; disponiéndose que:

    (a) de requerirse los cambio o mejora permanente por causas atribuibles exclusivamente a "El Arrendatario", el costo total será por cuenta exclusiva de "El Arrendatario" y "El Arrendatario" se compromete y obliga a pagar a "El Arrendador", en adición a la renta básica pactada conforme al párrafo 9.1., una suma adicional que permita a "El Arrendador" recobrar dicho costo dentro de los meses que resten del termino del contrato.

    (b) de no requerirse por causas atribuibles exclusivamente a "El Arrendatario", "El Arrendatario" se compromete y obliga a pagar a "El Arrendador", en adición a la renta básica pactada conforme al

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy ___1___ de ___julio___ de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL. 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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
*Departamento o Dependencia*

APARTADO 19118, SAN JUAN, PR 00919-1118
*Dirección*

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 9 de la 16

Núm Departamento

Num Adm de Serv Gen

Num Radicación de la OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

OTRAS ESTIPULACIONES:   ADDENDUM "A"

párrafo 9.1., una suma adicional que permita a "El Arrendador" recobrar el veinte por ciento (20%) de la totalidad de dicho costo computado a razón de ciento veinte (120) plazos, inmaterial de los meses que restan del termino del contrato.

(l) A no colocar sobre el piso del local arrendado peso o carga que exceda ochenta y cinco (85) libras por pie cuadrado para el cual fue diseñado el mismo. "El Arrendador" se reserva el derecho de designar el peso y la localización de cajas fuertes, bóvedas y toda clase de equipo pesado el cual debe ser situado en tal forma que se distribuya el peso por pie cuadrado. Todo equipo instalado por "El Arrendatario" debe tener las medidas necesarias para absorber el ruido y las vibraciones.

(m) No usar, ni permitir que sus empleados o agentes utilicen el local para fines y propósitos distintos de aquellos para los cuales ha sido arrendado.

15.2. Todo daño, perdida o deterioro al área arrendada, sus facilidades o al edificio que cause "El Arrendatario" al mover propiedad hacia dentro o fuera del local o edificio o por la instalación o remoción de muebles, divisiones o equipos o que resulte por descuido u omisión, negligencia, uso indebido o por cualquier otra causa de "El Arrendatario", sus sirvientes, empleados, agentes, visitantes o cesionarios, habrá de ser reparado, restaurado y reemplazado prontamente por "El Arrendatario" a satisfacción de "El Arrendador", todo ello por cuenta y cargo de "El Arrendatario". Dichos trabajos y reparaciones habrán de ser de igual calidad y clase al trabajo original. En caso que "El Arrendatario" deje de realizar dichas restauraciones o reemplazos las mismas podrán ser realizadas por "El Arrendador" pero el costo de las mismas le será reembolsado por "El Arrendatario" dentro de los sesenta (60) días de la presentación de facturas.

15.3. "El Arrendatario" asume expresamente la obligación de prestar las fianzas requeridas y así mismo pagar y mantener al día el pago de electricidad, agua, gas y teléfono, así como todos los otros gastos por servicios necesarios no incluidos en la sección de Servicios y Facilidades de este contrato. Será responsabilidad de "El Arrendatario" la instalación, por cuenta y cargo propio, de los metros que sean necesarios para medir los servicios utilizados por "El Arrendatario", no incluidos en la sección de Servicios y Facilidades de este contrato.

## Contribuciones y Seguros

15.4. Las partes acuerdan que la renta fijada para el presente arrendamiento, según se dispone en el párrafo 9.1., fue acordada en atención a los costos fijos que "El Arrendador" tiene al presente en relación con la propiedad donde ubica el local, incluyendo los pagos de contribuciones sobre la propiedad inmueble, patentes municipales, seguros de propiedad, mantenimiento de elevadores, equipos de aire acondicionado y recogido de desperdicios.

## Disposiciones Generales

15.5. Las partes aquí contratantes no serán responsables entre sí, ni a terceras personas por daños causados a éstas o a propiedades de éstas como consecuencia de robo, fuego, fallas en el servicio eléctrico, huracán,

*Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy ___1___ de ___julio___ de 2011.*

_____
Nilia Coló Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL: 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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80)
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 10 de la 16

Num Departamento

Num Adm de Serv Gen

Num Radicación de la OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

**OTRAS ESTIPULACIONES:**     **ADDENDUM "A"**

terremoto, fallas o desperfectos en instalaciones eléctricas o de plomería, lluvia, filtraciones de paredes y techos, ni de ningún otro daño que no sea ocasionado por la crasa negligencia de "El Arrendador" o "El Arrendatario".

15.6. En caso de que cualquier agencia del gobierno estatal, federal o municipal expropie parcial o totalmente el local o la tierra donde éste ubica, el presente contrato quedará inmediatamente resuelto y "El Arrendador" será la única beneficiaria de la indemnización que se reciba de tal expropiación y no será responsable a "El Arrendatario" en ninguna forma por cualquier daño que tal resolución del contrato le pueda causar a ésta. No obstante lo anterior, "El Arrendador" le reembolsará a "El Arrendatario" aquella parte proporcional de la renta del mes, si alguna, pagada por adelantado durante el tiempo que "El Arrendatario" no ocupe el local.

15.7. "El Arrendatario" expresamente concede autorización a "El Arrendador" y sus agentes y empleados para entrar al local arrendado, con el propósito de inspeccionar el estado del mismo y dar mantenimiento a las unidades de aire acondicionado del local arrendado. En caso de juzgar "El Arrendatario" que haya necesidad de efectuar en el local arrendado reparaciones estructurales, a fin de preservarlo en el estado de servir para el uso pactado, deberá informar de ello inmediatamente por escrito a "El Arrendador", el cual procederá a llevar a cabo la misma dentro de un plazo razonable después de tal notificación.

15.8. "El Arrendatario" consentirá en todo momento a que "El Arrendador" instale, erija y dé mantenimiento apropiado a los conductos de agua, teléfono, electricidad o de cualquier otra índole que pasen por el local, siempre y cuando "El Arrendador" entienda que tales actos son necesarios. Así mismo, "El Arrendatario" permitirá instalar los conductos de agua, teléfono, electricidad o de cualquier otra índole que sean necesarios por cualquier causa. "El Arrendatario" también permitirá que "El Arrendador" haga cualquier ampliación que sea necesaria dentro del local, para lo cual permitirá acceso a "El Arrendador" al local bajo las condiciones menos onerosas posibles dentro de las circunstancias de cada caso. En cualquier caso, "El Arrendador" procurará avisar a "El Arrendatario", con la anticipación que permitan las circunstancias, su necesidad de entrar en el local, y "El Arrendatario" permitirá dicha entrada para los propósitos señalados, conjuntamente con el equipo que se necesite de acuerdo con la situación. En aquellos casos donde, estas acciones de alguna manera interrumpan las labores o servicios ofrecidos por "El Arrendatario", la notificación se realizará con por lo menos cinco (5) días de anticipación, salvo en caso de emergencia que requiera acción inmediata para proteger los intereses de "El Arrendatario" y "El Arrendador".

15.9. "El Arrendador" se reserva el derecho a dentro de los ciento ochenta (180) días precedentes a la expiración del contrato, colocar en el exterior del local arrendado, rótulos o letreros anunciando al público la disponibilidad del local para ser arrendado nuevamente y "El Arrendatario" se compromete a permitir que "El Arrendador" o sus agentes, lleven durante dicho término al local a personas que puedan estar interesados en arrendarlo.

15.10. Queda expresamente convenido que la omisión, voluntaria o involuntaria, por parte de "El Arrendador" o "El Arrendatario", de utilizar cualquier derecho que tenga bajo la ley o los términos del presente contrato, no podrá interpretarse como una renuncia por parte de "El Arrendador" o "El Arrendatario" al

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy 1 de Julio de 2017

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL 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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Núm 11 de la 16

Núm Departamento

Núm Adm de Serv Gen

Núm Radicación de la
OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

OTRAS ESTIPULACIONES: ADDENDUM "A"

ejercicio de tales derechos posteriormente. Queda expresamente convenido, además, que ninguna renuncia de cualquier derecho a que tenga "El Arrendador" o "El Arrendatario" bajo la ley o el presente contrato, será valida si no es por escrito y aún en ese caso dicha renuncia no impedirá a "El Arrendador" o "El Arrendatario" ejercitar derechos similares después de ésta.

15.11. A la terminación del contrato por cualquier causa, "El Arrendatario" hará entrega del local arrendado a "El Arrendador" y sufragará todas aquellas labores y trabajos que sean necesarios para entregarlo en condiciones similares al estado en que lo recibió, incluyendo, pero no limitándose a: la limpieza de los pisos y las paredes, salvo el desgaste natural por el uso normal en el transcurso del término del contrato.

15.12. "El Arrendatario" será responsable de satisfacer a "El Arrendador" cualquier gasto o desembolso que ésta venga obligada a incurrir o a hacer como resultado de cualquier incumplimiento por parte de "El Arrendatario" de alguna de las condiciones del presente contrato. Dicha obligación de pago incluye costas, gastos y honorarios de abogados por cualquier gestión o reclamación, judicial o extrajudicial, que "El Arrendador" venga obligado a iniciar como resultado de dicho incumplimiento o para recobrar la posesión física y legal del local.

15.13. Las partes comparecientes reconocen y aceptan que el plano, identificado como ANEJO "A", que se anexa y se hace formar parte de este contrato es meramente esquemático e informativo para fines de facilitar la identificación y localización de las áreas aquí contratadas, y que tanto los dibujos esquemáticos como las medidas no necesariamente se ajustan a la realidad física del local contratado. "El Arrendatario" confiesa que conoce el local y que encuentra sus dimensiones físicas reales, aceptables por encontrarse en la ocupación física del local desde el 1º de marzo del 2000, fecha que dio inicio el contrato que mediante el presente aquí se renueva.

15.14. Queda expresamente convenido que las cláusulas, estipulaciones y condiciones de este contrato se entenderán aplicables y afectarán en todo tiempo y obligarán a los cesionarios, sucesores en derechos, herederos o causahabientes de las partes que aquí contratan.

15.15. A los fines de cualquier comunicación, aviso o notificación que cualquier parte venga obligada a dar a otra conforme a los términos del presente contrato, dicha comunicación, aviso o notificación será por escrito enviada a dichas partes a las siguientes direcciones salvo que se haya notificado un cambio de las mismas por escrito con posterioridad al otorgamiento del presente contrato.

(a) "El Arrendador":
Barreras, Inc.
PO Box 366348
San Juan PR 00936 6348
e-mail: barreras@barrerasinc.com

(b) "El Arrendatario":
Administración de Rehabilitación Vocacional
PO Box 191118
San Juan PR 00919-1118

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy __1__ de __julio__ de 2011.

_____
Nydia Colón Zayas
Jefe de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL 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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Ab1-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 12 de la 16

Num Departamento

Num Adm de Serv Gen

Num Radicación de la
OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10)
Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta
Treinta (30) Años

**OTRAS ESTIPULACIONES:**      **ADDENDUM "A"**

15.16.  En la eventualidad de que durante la vigencia del arrendamiento, la mayoría de los inquilinos del edificio "Eduardo Barreras Martínez" donde está ubicado el local objeto de este contrato, soliciten por escrito, de "El Arrendador" servicios de vigilancia para protección contra robo o vandalismo.

15.16.1. Las partes convienen que el presente documento contiene la totalidad del acuerdo que existe entre ellas, dejando expresamente sin efecto cualquier acuerdo verbal o escrito de fecha anterior a la fecha de éste, y convienen además que el presente contrato solamente podrá ser enmendado por acuerdo de las partes mediante un nuevo contrato escrito o mediante "Addendums" adheridos a éste, con fecha posterior y suscritos por todas las partes.

15.17.  Excepto como se provee específicamente en el presente contrato, "El Arrendador", mediante el pago de la renta mensual aquí establecida y siempre que haya cumplido sus demás obligaciones bajo el presente contrato, tendrá derecho al uso y disfrute pacífico e ininterrumpido del local y equipo objeto de este contrato durante el término del mismo.

15.18.  "El Arrendador" y "El Arrendatario" se comprometen a cumplir cabalmente con los términos del presente contrato, disponiéndose, sin embargo, que de incumplir cualquiera de las partes con cualquiera de las condiciones del presente contrato, la parte con derecho a exigir el cumplimiento le notificará por escrito a la parte que haya incumplido de tal incumplimiento y ésta tendrá treinta (30) días, desde la fecha en que se deposite en el correo dicha notificación o que se le entregue la misma personalmente o mediante correo electonico. para curar dicho incumplimiento, cualquiera que fuere.

15.18.1 De transcurrir los treinta (30) días que se mencionan en el párrafo anterior sin que se haya curado el referido incumplimiento, cualquiera que fuere, el presente contrato podrá ser resuelto por la parte incumplida sin que ésta parte venga obligada a hacer gestión ulterior alguna, pudiendo desde esa fecha en adelante tomar todas las medidas e iniciar todos los procedimientos que tenga derecho a tomar o iniciar, conforme a las disposiciones del presente contrato y al derecho aplicable, a los fines de proteger sus intereses.

15.18.2 La parte culpable del incumplimiento será responsable de satisfacer a la otra parte cualquier gasto o desembolso que ésta venga obligada a incurrir o a hacer como resultado de cualquier incumplimiento de la otra parte. Dicha obligación de pago incluye costas, gastos y honorarios de abogados por cualquier gestión o reclamación, judicial o extrajudicial, que "El Arrendador" o "El Arrendatario" venga obligada a iniciar como resultado de dicho incumplimiento o para recobrar la posesión física y legal del local.

15.19.  En la eventualidad que durante la vigencia del presente contrato se eliminen o reduzcan sustancialmente los fondos Estatales o Federales para sostener los programas ubicados en el local, el personal asignado a la Oficina o la clientela de los programas, "El Arrendatario" se reserva el derecho de entregar a "El Arrendador", todo o parte del espacio contratado, con ciento ochenta (180) días de notificación previa por escrito a "El Arrendador". Conforme a lo anterior, "El Arrendatario" agotará todos los esfuerzos posibles para identificar programas que puedan continuar con el presente contrato sin modificación alguna. Disponiéndose que de no ser esto posible entonces; en el caso de reducción del espacio del local arrendado "El Arrendatario" y "El Arrendador" negociarán un nuevo contrato para establecer el nuevo

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy ___1___ de ___julio___ de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras Inc
P O. Box 36634
San Juan, Puerto Rico  00936-6348

SEGURO SOCIAL  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

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Num 13 de la 16

Num Departamento

Num Adm de Serv Gen

Num Radicación de la OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

**OTRAS ESTIPULACIONES:**     ADDENDUM "A"

término y canon de arrendamiento que recoja los costos de segregación para reducción de espacio. Las partes reconocen que el local aquí contratado solo puede ser segregado en locales independientes para diferentes inquilinos de aproximadamente 10,777 y 15,023 pies cuadrados.

## CERTIFICACIÓN:

15.20. A tono con lo dispuesto en la Ley Núm. 12 de 24 de julio de 1985, según enmendada, conocida como la "Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico", las partes hacen constar lo siguiente:

a. Que ningún funcionario de "El Arrendatario", empleado o algún miembro de su unidad familiar tiene, directa o indirectamente, interés pecuniario en las ganancias o beneficios producto de este contrato, compra o transacción y tampoco ha tenido en los últimos cuatro (4) años directa o indirectamente interés pecuniario en este negocio.

b. Ningún servidor público de "El Arrendatario" ha solicitado o aceptado, directa o indirectamente, para él, para algún miembro de su unidad familiar o para cualquier persona, regalos, gratificaciones, favores, servicios, donativos, préstamos o cualquier otra cosa de valor monetario.

c. Ningún servidor público de "El Arrendatario" ha solicitado o aceptado bien alguno de valor económico, vinculados a esta transacción, de persona alguna de "El Arrendador" como pago por realizar los deberes y responsabilidades de su empleo.

d. Ningún servidor público de "El Arrendatario" ha solicitado, directa o indirectamente, para él, para algún miembro de su unidad familiar, o para cualquier otra persona, negocio o entidad, bien alguno de valor económico, incluyendo regalos, préstamos, promesas, favores o servicios a cambio de que la actuación de dicho servidor público esté influenciada a favor de "El Arrendador".

e. "El Arrendador" ni sus empleados tienen relación de parentesco, dentro del cuarto grado de consanguinidad y segundo de afinidad, con ningún servidor público que tenga facultad para influenciar y participar en las decisiones institucionales de "El Arrendatario".

15.21. "El Arrendador" certifica conocer y cumplir con las disposiciones éticas establecidas en la Ley Núm. 84 de 18 de junio de 2002, conocida como el "Código de Ética para Contratistas, Suplidores y Solicitantes de Incentivos Económicos de las Agencias Ejecutivas del Estado Libre Asociado de Puerto Rico".

15.22. "El Arrendador" certifica y garantiza que al momento de suscribir este contrato ha rendido su planilla contributiva durante los últimos cinco (5) años previos, incluyendo la radicación de planillas de contribución sobre ingresos:

[X] Certifica, además, que no tiene al presente deuda alguna por dicho concepto, ni por contribuciones sobre la propiedad mueble o inmueble o de arbitrios al Gobierno de Puerto Rico.

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy ___ de _julio_ _____ de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL ___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___

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-JGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
*Departamento o Dependencia*

APARTADO 19118, SAN JUAN, PR 00919-1118
*Dirección*

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Núm 14 de la 16

Num Departamento

Num Adm de Serv Gen

Num Radicacion de la OFICINA DEL CONTRALOR

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Más de Cinco (5) Años Hasta Treinta (30) Años

OTRAS ESTIPULACIONES:    ADDENDUM "A"

[ ] Certifica que el presente tiene una deuda contributiva por concepto de ___N/A___ y que está pagando de acuerdo con los términos y condiciones del plan de pagos que le fue autorizado por el Departamento de Hacienda el ___N/A___.

[X] Certifica que al momento de suscribirse este contrato ha pagado las contribuciones de seguro por desempleo, de incapacidad temporal y de seguro social para chóferes (la que aplique).

Expresamente se reconoce que ésta es una condición esencial del presente contrato, y de no ser correcta en todo o en parte la anterior certificación, esto será causa suficiente para que "El Arrendatario" pueda dejar sin efecto el mismo y "El Arrendador" tendrá que reintegrar a "El Arrendatario" toda suma de dinero recibida bajo este contrato.

15.23. "El Arrendador" certifica y garantiza que al momento de suscribir este contrato:

[X] No tiene obligación de efectuar pagos de pensión alimentaria.

Expresamente se reconoce que ésta es una condición esencial del presente contrato, y de no ser correcta en todo o en parte la anterior certificación, esto será causa suficiente para que "El Arrendatario" pueda dejar sin efecto el mismo y "El Arrendador" tendrá que reintegrar a "El Arrendatario" toda suma de dinero recibida bajo este contrato.

15.24. La negligencia o incumplimiento de las disposiciones de este contrato por "El Arrendador", constituirá causa suficiente para dar por terminado el mismo inmediatamente.

15.25. En la prestación de los servicios, "El Arrendador" se obliga a no discriminar por motivos de raza, color, sexo, nacimiento, origen o condición social, impedimento ni por ideas políticas o religiosas, o cualquier otra causa discriminatoria.

15.26. "El Arrendador" certifica que no ha sido convicta de ningún delito contra el erario público, la fe y función pública o que envuelvan fondos o propiedad pública en el nivel estatal o federal. Así mismo, "El Arrendador" acepta que será causa justificada para la resolución de este contrato, si resultare culpable de los delitos antes mencionados a nivel estatal o federal.

15.27. "El Arrendatario" podrá resolver este contrato sin notificación previa en caso de que "El Arrendador" resulte convicto por los delitos contra el erario público, la fe y función pública o que envuelvan fondos o propiedad pública en el nivel estatal o federal.

15.28. "El Arrendador" hace constar que no es objeto de investigación o procedimiento civil o criminal por hechos relacionados con algunos de los delitos mencionados en la cláusula que precede. Además, hace constar que tiene claro su deber de informar a "El Arrendatario" cualesquier situación que ocurra durante todas las etapas de esta contratación y durante la ejecución de este contrato que tenga relación con los delitos antes mencionados.

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy ___1___ de ___julio___ de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL ___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___

Modelo SC 854 2
6 mar 80
CC 1300-12-80 (19 feb 80
J 9-49-03-211-160 B -M-Abr-94-IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Página Núm 15 de la 16

Num Departamento

Núm Adm de Serv Gen

Núm Radicación de la
OFICINA DEL CONTRALOR

☒ Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

☐ Más de Cinco (5) Años Hasta Treinta (30) Años

**OTRAS ESTIPULACIONES:** ADDENDUM "A"

15.29. "El Arrendador" certifica que no ha sido excluido por el Gobierno Federal.

15.30. Ambas partes aceptan y reconocen que los términos y condiciones suscritas en este contrato se regirán por las leyes del Gobierno de Puerto Rico, por la Ley Pública 93-112, según enmendada, conocida como la "Ley de Rehabilitación" y por los reglamentos vigentes y órdenes ejecutivas promulgadas por el Gobernador de Puerto Rico.

15.31. Ninguna prestación o contraprestación objeto de este contrato podrá exigirse hasta tanto el mismo se haya presentado para registro en la Oficina del Contralor a tenor con lo dispuesto en la Ley Núm. 18 de 30 de octubre de 1975, según enmendada.

15.32. La declaración de ilegalidad o falta de operación de cualquier cláusula o cláusulas de este contrato no tendrá como consecuencia el que el resto de los términos y condiciones sean declarados nulos.

15.33. Conforme a derecho y las normas que rigen la contratación de servicios, los comparecientes en este contrato toman conocimiento de que no se prestarán servicios de clase alguna bajo este contrato, hasta tanto sea firmado por ambas partes. De la misma forma, no se continuarán dando servicios bajo este contrato a partir de su fecha de expiración, excepto que a la fecha de expiración, exista ya una enmienda firmada por las partes. No se pagarán servicios prestados en violación de esta cláusula, ya que cualquier funcionario que solicite y acepte servicios de la otra parte en violación a esta disposición, lo está haciendo sin autoridad legal alguna.

------O------

HE REVISADO EL CONTRATO
Y NO EXISTE OBJECION
LEGAL AL OTORGAMIENTO Y
FIRMA DEL MISMO.

Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan, Puerto Rico, hoy 1 de julio de 2011.

_____
Nydia Colón Zayas
Jefe, de Departamento o Dependencia o

_____
José R. Barreras
Barreras, Inc
P.O. Box 36634
San Juan, Puerto Rico 00936-6348

SEGURO SOCIAL: 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

Modelo SC 854 2
6 mar 80
CC 1300 12 80 (19 feb 80
J 9 49 03 211 160 B M Abr 94 IGPR

ESTADO LIBRE ASOCIADO DE PUERTO RICO

ADMINISTRACION DE REHABILITACION VOCACIONAL
Departamento o Dependencia

APARTADO 19118, SAN JUAN, PR 00919-1118
Dirección

CONTRATO DE ARRENDAMIENTO DE LOCALES
(Hoja de Continuación)

Pagina Num __16__ de la __16__

| Num Departamento |
| Num Adm de Serv Gen |
| Num Radicacion de la OFICINA DI L CONTRALOR |

[X] Cinco (5) Años o Menos o Hasta Diez (10) Años en Locales en el Exterior

[ ] Mas de Cinco (5) Años Hasta Treinta (30) Años

OTRAS ESTIPULACIONES:          ADDENDUM "A"



Las partes contratantes acordamos que este documento formará parte integrante del Contrato original que se suscribe en San Juan Puerto Rico hoy _____ de _____ de 2011

__Nydia Colón Zayas__
Jefe, de Departamento o Dependencia o

__José R. Barreras__
Barreras, Inc
P O Box 36634
San Juan Puerto Rico 00936-6348

SEGURO SOCIAL __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__