**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>                                       Debtors.1 | PROMESA<br>Title III<br><br>No. 17 BK 3283<br><br>( Jointly Administered) |

Opposition to the "Three Hundred Forty-Seven Omnibus Objection"; the Three Hundred Forty-Ninth" and "Three Hundred Fifty-First Omnibus Objection" (Dockets 17092; 17109 and 17112), (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth filed by The Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, et al.

To the Honorable United States District Court Judge Laura Taylor Swain:

NOW COME all creditors listed in the litigation captioned **(1)** Juan Pérez Colón et al. v. Puerto Rico Department of Transportation & Public Works, Case No. KAC1990-0487 (the "Pérez Colón, Master Claim No. 30851"); **(2)** all creditors in the litigation captioned: Jannette Abrams Diaz et al. v. Department of Transportation & Public Works, Case No. KAC-2005-5021 (the "Abrams Diaz Master Claim No. 50221"); **(3)** all creditors in the litigation captioned Madeline Acevedo-Camacho v Family Department, ARV and NAJ, Case No. 2016-05-1340 (Master Claim No. 32044), **(4)** all creditors in the litigation captioned Francisco Beltrán Cintrón et al. v. Puerto Rico Department of Family Affairs,

1

are judgment claimants in the case of Nilda Agosto-Maldonado Plaintiffs Group, case no. K PE 2005-0608;[1] Caraballo –Maimy, Arminda, t/cp Caraballo- de Rivera, Arminda (claim No. 35710); Rodriguez Montalvo, Irvin (Claim No. 703), judgement claimants in the case of Jeanette Abrams- Diaz, Case No. K AC 2005-5021( Master Claim No, 50221 ) and Conchita E.Cox Schuck (claim no, 1845), who is accumulated in the Francisco Beltran Cintron et als. case no 2021-05-0345 (Master Claim No. 179140), through the undersigned attorney and respectfully states and prays:

1. On June 18, 2021 the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, in an attempt to arbitrarily limit its liability and override fundamental policies established under Bankruptcy Law and Title III of PROMESA and Commonwealth of Puerto Rico Public Service Wage laws, filed the Three Hundred Forty-Fifth Omnibus Objection to reclassify as "unsecured", 223 individual claims, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(8) and the Amended Omnibus Objection Procedures, claims that supposedly assert an incorrect or improper classification. (Docket No. 17108).

## PRELIMINATY STATEMENT

2. In the Omnibus Objection of reference, the Oversight Board does not dispute the validity of the amounts Movants has sought in their respective proof of claims, when expressly states that the "Claims to be Reclassified does not constitute an objection as to the validity or amount of the Claims to Be Reclassified, and express that " the holders of the Claims to Be Reclassified will retain a modified claim against the Debtors, as set forth in the column entitled "Modified Claim" on Exhibit A hereto".

---

[1] For the complete list of the names and amounts owed to the plaintiff accumulated in the reference judgment see FRBP 2019 ( Docket No. 13534).

2

3. Instead, and without making any reference of supporting case law, or submitting the corresponding individual evidentiary foundation and records for the allegations presented, arbitrarily argues, relaying on a general, ambiguous and inaccurate information provided in the Declaration of Jay Herriman, included as Exhibit B, that "upon a reasonable review of the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified are not entitled to either administrative expense priority, priority, or secured status, and that the identified claims should appropriately be classified as general unsecured claims".

4. The objections are grounded in three general arguments: (a) That the Claims should be reclassified as unsecure claims because "certain claims incorrectly or improperly assert that they are secured and/or that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b) (9) or other priority pursuant to 11 U.S.C. § 507(a)(b); (b). That certain of the Claims to Be Reclassified assert entitlement to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) (the "Incorrect Administrative Expense Claims"), but the proof of claim and supporting documentation do not demonstrate claimant's entitlement to such priority. Only creditors who sold goods to the Debtors within twenty days of the commencement of the Debtors' Title III Cases are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) and (c) Certain other Claims to Be Reclassified assert entitlement to priority pursuant to 11 U.S.C. § 507(a) ("Incorrect Priority Claims"), but the proof of claim and supporting documentation provide no basis for the asserted priority.

## ARGUMENT

5. Appearing creditors object the Oversight Board's attempt to charge their claim's priority status to unsecured, for the following reasons:

**FIRST**: The reclassification request is based upon inaccurate facts and lacking any evidence. Therefore, creditors contends that, by a mere verification of the proof of claims filed by the individual claimants, and the supporting documents, can be easily determined that they are not requesting priority under § 503(b) (9), since have not sold goods within the required statutory time frame of twenty days prior to commencement of the Debtors' Title III Cases.

However, here is important to bring to the consideration of the Honorable Court, that after a careful review of the Prime Clerk's Claims Register, to our surprise, we observed multiple errors, due to deficient record keeping. For example, the nature of the appearing creditors wage claims, and priority status are identified incorrectly in the register under § 503 (b) (9) of the bankruptcy Code, even though the correct priority designation is under section § 503(b) (1) (A) (ii).

Consequently, the Claims registry must be corrected, in order to adequately register the nature of claims filed by each of appearing creditors.

**SECOND:** For the same reason appearing creditors objects the argument presented in paragraph 15 of the referenced Omnibus objection, since claimants are not seeking priority payment under § 507(a) (8) (E), which is designed to obtain recovery of excise Taxes. Neither are claiming damages on confiscated vehicles.[2]

**THIRD:** As to the conclusory allegation included in paragraph 16, of the Omnibus Objection Motion, were the Oversight Board improperly argues that objected claims does not have priority status, claimants submits that said argument, is in direct

---

[2] For a complete list of creditors accumulated in the case of Nilda Agosto Maldonado, see Rule 2019 Motion ( Docket No.13534).

4

conflict with the literal language of 11 U.S.C. § 503(b) (1) (A) and §507 of the Bankruptcy Code.

Specifically, because said dispositions not only grants priority to certain administrative expenses, such as "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered by employees, prior and after the filing of a Bankrupcy case, but also, to wages and benefits awarded pursuant to a judicial proceeding, without regards to the time of the occurrence of unlawful conduct on which such award is based.

**FOURTH:** To the same effect, Movants also object the Oversight Board's theory as to that the reclassification of objected claims is necessary to avoid prejudicing other holders of general unsecured claims.

To the contrary, not only the Board misstated and/ or omits, to discuss in the Omnibus Objection Motion, the reason as to why appearing creditors should be excluded from the long-settled bankruptcy priority rule established under § 503(b) (1) (A), but also because its petition, is in direct conflict with Debtors prior acts and conduct. Specifically, because the Commonwealth adopted a firm policy, under the Puerto Rico Oversight Management and Economic Stability Act" PROMESA, 48 U.S.C. § 2101 et seq. to continue paying employees' wages and benefits, under regular conduct of business.[3]

In this context debtor's good faith is challenged, since although the Debtor voluntarily elected to continue honoring the payment of the salaries and benefits to its employees, and to other creditors, such as vendors, for services rendered, pretends to discriminate unfairly against

---

[3] See Global Notes included in Exhibit A of the Title III petition (docket 1215-1)

5

appearing creditors, in order to provide a substantial lower recovery regarding the employees back pay judgment.

Also, because under the specific facts of the present case, any determination changing Movants claims to an unsecure status, would constitute an "unfair discrimination" in the plan confirmation process, for purposes of a cram down under Bankruptcy code section 1129(b)(1), since technically seek to promote a class "impairment" within the meaning of Bankruptcy Code section 1124.[4]

## CONCLUSION

For the reasons above stated, and since the Oversight Board failed to provide the statutory basis and documentary evidence to validate the reclassification request of the individual claims of appearing creditors included in the Three Hundred Forty-Fifth Omnibus Objections, the petition should be DISMISSED with prejudice.

In light of the above, and the extraordinary volume of claims subjected to omnibus objections, group claimant's reserves all rights under PROMESA, the Bankruptcy Code or any other applicable law, to further supplement this Objection.

**WHEREFORE,** pursuant to governing law, it is respectfully requested that this Honorable Court dismiss with prejudice, the Three Hundred Forty-Fifth Omnibus Objection, as to appearing creditors.

Nonetheless, and for the reasons stated, is respectfully requested to the Honorable Court, to issue an order and direct the Prime Clerk to correct the priority designations on the employee claims register in the Title III case, regarding all judgment creditors included in the case of Nilda Agosto Agosto-Maldonado, Plaintiffs Group; collectively

---

[4] To supplement this argument, see Group Claimant's Objection to the Third Oversight Plan of Adjustment and seeking the entry of an order pursuant Rule 3013 (docket 17021)

6

Agosto Maldonado, Nilda A. y/o K PE 2005-0608; and in the case of Carmen Socorro Cruz Hernandez and Master Claim No. 50221, of the case of Jeanette Abrams – Diaz, in order to guarantee group claimant's priority in the payment and distribution of their claims,

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on July 19, 2021.

**IT IS HEREBY CERTIFIED**, that on this same date we have electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsels of record.

By /s/ Ivonne González Morales
Ivonne González - Morales
RUA 3725 USDC-PR 202701
P.O. BOX 9021828
San Juan, P.R. 00902-1828
Telephone: 787-724-5323 / 787-410-0119
Email- ivonnegm@prw.net

*Attorney for the Group Creditors*

7