ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| ALBERTO AGRON VALENTIN<br>ASTRID N. AGOSTO FERNANDEZ<br>LILLIAM ALMEYDA IBAEZ<br>LYDIA E. ALBERTORIO<br>RICARDO ALONSO FORTIER<br>JOSE H. ANTUNEZ QUILES<br>IRIS N. ARROYO MONJICA<br>PEDRO ALVES PIEIRO<br>NILDA I. BARRETO HERNANDEZ<br>MELVIN E. BERRIOS DAVID<br>EDWIN BORRERO ALAMO<br>JULIA I. BUENO<br>RAFAEL E. BOU PADILLA<br>KENNETH BURGOS CORA<br>NORMA M. CANCEL AYALA<br>DHALIA N. CANCEL NIEVES<br>ELVIN CASIANO BELLO<br>JESUS R. COLLAZO CLAS<br>MILAGROS COLON PEREZ<br>JOSE A. CARABALLO PADILLA<br>SONIA CARABALLO DELGADO<br>NEVADA E. CARRION DIAZ<br>ISMAEL CASTRO NEGRON<br>JULIO CINTRON ESPINELL<br>JAVIER CLAUDIO VELEZ<br>LESLIE CORTES SANCHEZ<br>JORGE IVAN CORA RIVERA<br>CELEDONIO CRESPO SEPULVEDA<br>JUAN R. CRUZ BERRIOS<br>NYDIA CRUZ MONTES<br>HECTOR CRUZ VELAZQUEZ<br>FELIX A. DIAZ BURGOS<br>EDNA L. DIAZ DIAZ<br>AUREA ENCARNACION RIVERA<br>FELIX A. FALCON RIVERA<br>RAYMOND FERGELEC CINTRON<br>ELIA J. FIGUEROA CARRILLO<br>MAXIMINO FIGUEROA RIVERA<br>MARIA DE LOS ANGELES FONTANEZ COSME<br>JOSE I. FONTANEZ ORTIZ<br>SONIA FUSTER GONZALEZ<br>RUBEN GARCIA ACEVEDO<br>JORGE L. GARCIA RIVERA<br>GERARDO GARCIA VARELA<br>RAFAEL GAZTAMBIDE VAZQUEZ<br>MARIO GIERBOLINI RODRIGUEZ<br>JOSE A. GOMEZ RIVERA<br>MARIO GONZALEZ GONZALEZ<br>ANDERSON GONZALEZ CONTRERAS<br>BRENDA L. GONZALEZ DIAZ<br>ROBERTO GONZALEZ<br>JOSE D. GONZALEZ RAMOS<br>DAMARIS GONZALEZ SANTIAGO<br>LUIS O. GONZALEZ SANTIAGO<br>MIRIAM GONZALEZ SANTIAGO<br>SANDRA GREGORY RIVERA | CIVIL NÚM.: K PE2007-4359 (803)<br><br><br>SOBRE:<br><br>RECLAMACIÓN DE SALARIOS, AUMENTO POR MÉRITO APROBADO POR LA JUNTA DE DIRECTORES PARA LOS AÑOS 2005, 2006, 2007, 2008, 2009 Y 2010; DÍA POR PROCLAMA A TIPO DOBLE Y SIN CARGO LICENCIA ALGUNA, Y RECLAMACIÓN DE HORAS EXTRAS. |

Civil Núm.: K PE2007-4359 (803)　　　　　　　　　　　　　　　　　　Página 2
**Segunda Querella Enmendada**

MARIA DE L. GOMEZ DE JESUS
PEDRO L. HERNANDEZ CONDE
ANTONIO HERNANDEZ MERCADO
LUZ M. HERNANDEZ GONZALEZ
MARIA DE L. IGLESIAS
ANGEL A. IRLANDA ALVARADO
EDWIN E. JIMENEZ BARRETO
MIGUEL A. JORDAN GONZALEZ
HECTOR L. LANDRUA MALDONADO
LUIS IVAN LEBRON ALVARADO
MIGUEL A. LEDESMA SOSA
EDUARDO LOPEZ RIVERA
CARLOS L. LORENZO NIEVES
NIXON LUGO FELICIANO
WILFREDO LOPEZ GONZALEZ
LUIS MIGUEL LOPEZ RODRIGUEZ
LIZETTE LOPEZ LOPEZ
ERMELINDO LUCIANO DEL VALLE
HECTOR I. MAESTRE GONZALEZ
ROSANA MEDINA PERAZA
NOE MARIN RESTO
LUZ E. MARTI CORREA
JOSE MARTIN BELLO
EFREN MOLINA RIVERA
WILNERIS MATEO AVILA
JORGE A. MARTINEZ GONZALEZ
HECTOR RAFAEL MARTINEZ SOLIS
AURELIO MARTINEZ REMEDIOS
MELISSA MARRERO DIAZ
IVONNE MAYSONET RUIZ
DANIEL MERCADO SOTO
DAISY MORALES MILLAN
GLADYS E. MORALES MONZON
LUIS R. MATOS ORTIZ
JUAN E. MERCED PEREZ
ERIC MONTALVO PEREZ
SYLVIANNE D. MORALES CRUZ
ALFREDO MORALES MALDONADO
JOAN MORALES NIEVES
JOSE E. MORALES RODRIGUEZ
JUAN R. MORALES RAMIREZ
SANTOS MORAN RUIZ
EDUARDO MUÑIZ ORENGO
LUIS A. MUÑOZ DE JESUS
JOSE A. NAVARRO MOYET
ALFREDO NAZAR TEJADA
CARMEN NIEVES FIGUEROA
CARLOS H. NIEVES PASTRANA
LUIS G. NIEVES RIOS
ELME J. NODAR GAUD CARMEN
ROSA OCASIO ROSARIO
JOSE M. OLIVO OJEDA
AIDA OLMEDA RODRIGUEZ
GASPAR ORENGO AVILES
CARMELO ORTIZ CLEMENTE
VICTOR M. ORTIZ DAVID
JUAN R. ORTIZ CINTRON
JUAN A. ORTIZ MEDERO
JUAN ORTIZ GONZALEZ
EGBERTO ORTIZ POMALES
MIGUEL A. PAGAN ORTIZ

Civil Núm.: K PE2007-4359 (803)            Página 3
**Segunda Querella Enmendada**

AURELIO PAGAN MARRERO
JOSE M. PADILLA MORALES
FELIPE PADILLA VAZQUEZ
ASDRUBAL PASCUAL RODRIGUEZ
DEXTER J. PASSALACQUA MATOS
JOSE PEDRAZA CAMACHO
PIERRE PELET BORDONADA
RICARDO PEREZ ORTEGA
ABRAHAM PORTALATIN RODRIGUEZ
ENID M. QUETELL DELGAGO
AIDA QUILES DE JESUS
RAMON E. RAMIREZ NUÑEZ
EDWIN RAMOS CARRASQUILLO
ANTONIO JUAN RAMOS TORRES
HELSONE RAMOS VALLES
MARITZA RESTO CRUZ
VILMA RIVERA COLON
GLORIA A. RIVERA FIGUEROA
ANDRES RIVERA MARTINEZ
AWILDA RIVERA ORTIZ
CARLOS J. RAMOS GONZALEZ
ROBERTO RIVERA BRAÑA
HAYDEE RIVERA GARCIA
ANGEL E. RAMOS GARAU
ALEA N. RIVERA LOPEZ
ALMA I. ROBLES ADORNO
PABLO E. RODRIGUEZ
CARMELO RODRIGUEZ OCASIO
GRISELLE RODRIGUEZ RODRIGUEZ
GERARDO RODRIGUEZ SANTIAGO
WILLIAM JOSE ROIG RODRIGUEZ
MARIA DE LOURDES ROLON RIVERA
HUMBERTO ROSA NUÑEZ
ILIANA ROSADO RODRIGUEZ
MARIA A. ROSADO SOTO
MARIA V. ROSARIO CUEVAS
VIVIAN ROSARIO GUZMAN
JOSE A. ROSARIO DIAZ
JOSE N. ROSARIO PIÑERO
ANTONIO SANTOS MARIN
EDWIN SANTOS ORTIZ
SONIA M. SALINAS
WANDA SALAZAR CARRASQUILLO
RAUL E. SANCHEZ SANTIAGO
LUIS O. SANJURJO NUEZ
ANTONIO R. SANTA RIVERA
MARIA J. SANTIAGO SILVA
RICARDO L. SANTIAGO MIRANDA
RAUL SERRANO MALDONADO
DAHLIA A. SELLES IGLESIAS
JESSICA SIERRA MORALES
MARGARITA SOSA BERRIOS
MEFTALI A. SOTO PADRO
ANA N. TORO LOPEZ
NORA E. TORRES BURGOS
AXEL L. TORRES SERRANO
ANGEL E. TORRES GARAU
==EDGAR FELIX TORRES==
FERNANDO VALLS FERRERO
SAMUEL VALENTIN VEGA
ANA C. VAZQUEZ MATOS

JOSE VICENTE VAZQUEZ PEÑA
JOSE D. VAZQUEZ RODRIGUEZ
JOSE A. VAZQUEEZ FUENTES
SAMUEL VELAZQUEZ ROSARIO
PABLO VELEZ SALDAÑA
JOSE S. VIRELLA ROJAS
ADRIAN E. ZAMOT ROJAS
ISMAEL ZAYAS GONZALEZ
DIANA ZAYAS RAMIREZ
JUAN ALVAREZ ROSA
ALEX A. ANDUJAR CARRERO
MARITZA APONTE MEDINA
FELIPE ARROYO MORET
JAIME BELGODERE MARIETTI
JOSE R. BERRIOS RIVERA
MONICA CARMONA COLON
GILDA CASTILLO SANTIAGO
ROSA G. COLON PANTOJA
LIRIO COLON SANCHEZ
LOURDES M. CUADRADO ARROYO
JOSE L. DAVILA ESTRADA
VICTOR A. DE LA CRUZ CASTELLANO
JORGE L. DIAZ DIAZ
JOSE L. GIRONA MARQUEZ
MIGUEL A. GONZALEZ VARGAS
KAREN E. LOPEZ PEREZ
JOSE A. MALDONADO ORTIZ
NILDA MARCHANY MORALES
IVELISSE MARTINEZ SOTO
RUPERTO MARTINEZ SOTOMAYOR
LUIS F. MATTA DAVILA
JEANNETTE MONTAÑEZ RAMOS
MARIA DEL C. NEGRON GARCIA
SANTOS NEGRON VARGAS
MAYRA NUÑEZ RIOS
CARMEN G. OCASIO FELICIANO
NELLY Y. ORTIZ CESARIO
ANTHONY OTERO SANTANA
SANDRA I. PAGAN RIVERA
IVELISSE PEREZ MIRANDA
HECTOR QUILES DE JESUS
ALBERTO I. QUIROS GOMEZ
NANCY RAMOS RAMIREZ
OLGA RAMPOLLA MARQUEZ
MELVIN N. RENOVALES CRUZ
ALEXA RIOS NEGRON
MARYMER RIVERA MARTINEZ
ANA V. RODRIGUEZ COLON
JORGE R. RODRIGUEZ VAZQUEZ
RAMON M. ROMAN MENDEZ
ANTONIO DIMAS SANCHEZ CRUZ
CARLOS A. SANTALIZ PORRATA
ILIA M. SANTOS LOPEZ
OSVALDO TIRADO NEGRON
DALIA TORRES BERRIOS
ISRAEL TORRES SANTIAGO
IVELISSE VAZQUEZ MERCED
JUAN E. VELEZ ARROYO
ROBERTO VELEZ CINTRON

Civil Núm.: K PE2007-4359 (803)  Página 5
**Segunda Querella Enmendada**

Querellantes

Vs.

AUTORIDAD DE EDIFICIOS PUBLICOS DE PUERTO RICO y LCDA. LEILA HERNÁNDEZ UMPIERRE, en su carácter oficial como Directora Ejecutiva de la Autoridad de Edificios Públicos

Querellados

*Original se file #1*

*junio 10, 2014*

### SEGUNDA QUERELLA ENMENDADA

AL HONORABLE TRIBUNAL:

Comparecen los querellantes, representados por los abogados que suscriben y muy respetuosamente ante este Honorable Tribunal exponen, alegan y solicitan:

1. La agencia querellada es una instrumentalidad corporativa del Estado Libre Asociado de Puerto Rico creada por la Ley Número 56 del 19 de junio de 1958. (3 LPRA 901 y ss). Las oficinas centrales de la parte querellada se encuentran en el Edificio Norte, Centro Gubernamental Roberto Sanchez Virella (antes Centro Gubernamental Minillas) Avenida De Diego, Parada 22 en Santurce, Puerto Rico 00940. La coquerellada Leila Hernández Umpierre es la Directora Ejecutiva de la Autoridad de Edificios Públicos y tiene su oficina principal en el piso 6. La pasada Directora Ejecutiva reconoció por escrito que la Junta de Directores aprobó para los querellantes efectivo el 1ro. de julio de 2004 en adelante, aumentos salariales anual por mérito. Véase comunicación del 13 de junio de 2004, que se acompaña. Anteriormente el Tribunal Supremo de Puerto Rico ha establecido que las normas, reglamentos, circulares de la Directora Ejecutiva o resoluciones de la Junta de Directores de una corporación pública forman parte del contrato de trabajo de los empleados. Santiago v. Kodak, 129 DPR 763, 775 (1992); Ada Iris Albino v. Martinez, 2007 JTS 117, pág. 1619 (2007).

2. La presente querella se tramita bajo el procedimiento sumario establecido en la Ley 2 del 17 de octubre de 1961 según enmendada, debido a que es una reclamación de salarios al amparo de decisiones de la Directora Ejecutiva y de la Junta de Directores de la Autoridad de Edificios Públicos, que forman parte del

contrato individual de empleo de los querellantes, el Artículo V, Sección 8 del Reglamento de Asistencia de la Autoridad de Edificios Públicos y la Sentencia que interpretó el mismo en el caso de Pablo Rodríguez vs. AEP, 96-4901(603), emitida por la Juez Tomasa del C. Vázquez del 8 de abril de 1997; la Constitución del Estado Libre Asociado de Puerto Rico; la Ley de Personal del Servicio Público, entre otros.

3.   La Autoridad de Edificios Públicos tiene poder para demandar y ser demandada, querellar y defenderse en el tribunal de justicia y organismos administrativos. (22 LPRA Sección 906).

4.   Los querellantes de epígrafe, quienes comparecen personalmente son empleados de carrera regulares de la Corporación Pública demandada y le aplican como parte del contrato individual de empleo las decisiones o circulares de la Directora Ejecutiva antes mencionadas o las aprobadas por la Junta de Directores de la Autoridad de Edificios Públicos y el Reglamento de Asistencia; la Constitución del Estado Libre Asociado de Puerto Rico; la Ley de Personal del Servicio Público, entre otros, por lo que reclaman lo que más adelante se expone.

5.   La Asociación de Empleados Gerenciales de la Autoridad de Edificios Públicos tiene capacidad jurídica también para representar a sus miembros, quienes comparecen personalmente en el caso de epígrafe. Asociación de Maestros v. Gobernador, 67 DPR 648; Pedro Solís v. Municipio de Caguas, 87 JTS 13; Asociación de Maestros v. José Arsenio Torres, 94 JTS 145.

6.   La cláusula constitucional del Artículo II, Sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico, que dispone de "recibir igual paga por igual trabajo" debe extender las resoluciones de la Junta de Directores antes mencionado al caso de marras. La desigualdad que pretende el querellado, relacionado con la controversia del caso de epígrafe, es negar el principio igualitario constitucional, sustancial y fundamental entre empleados no unionados y unionados. ¿Por qué este tratamiento es diferente y perjudicial? ¿Qué razón de peso sostiene la clasificación? Este trato desigual entre empleados no unionados ante unas mismas disposiciones de la Directora Ejecutiva o Resoluciones de la Junta de Directores es constitucionalmente impermisible. ¿Cómo se puede justificar que unos empleados de

carrera que también le aplican las Resoluciones de la Junta de Directores tengan derecho a un aumento extraordinario por mérito sin evaluación alguna y otros no?

7. La Autoridad de Edificios Públicos ya reconoció el derecho a la igualdad de beneficios entre los empleados unionados y no unionados en la resolución Número 337 *Para Revisar y Extender Ciertos Beneficios a los Empleados Regulares no Unionados de la Autoridad de Edificios Públicos* de 1985. En esta resolución tanto el Director Ejecutivo como la Junta de Directores de la Autoridad declaran que los beneficios que disfrutan los empleados unionados deben ser "extendidos en justicia y equidad a los empleados no unionados de la Autoridad". Entre estos beneficios se especifica el siguiente: "Un aumento por mérito consistente en un (1) paso dentro de la escala de aquellos empleados regulares que hubieren trabajado un (1) año consecutivo sin haber recibido aumento por este concepto". Por lo tanto la actuación de la Autoridad en el caso de marras va patentemente en contravención a sus propias normas.

8. Por otra parte, es claro que el Reglamento de Personal de la Autoridad de Edificios Públicos no establecen jurisdicción ante la Junta de Apelaciones en reclamaciones de salarios y por ende los querellantes no tienen que acudir a la Junta de Apelaciones en primera instancia, así coma tampoco tienen que agotar los remedios administrativos. Por lo tanto el Tribunal es el que tiene jurisdicción para atender las reclamaciones de salarios. Lo anterior es evidente y así lo resolvió expresamente la Juez Zadette Bajandas Vélez en el caso de <u>Eloy Santiago v. Autoridad de Edificios</u> Civil Núm. KAC 95-0496 (807), mediante decisión del 9 de enero de 1996 que se acompaña como Anejo 1 y se hace formar parte integral de la presente moción, con el propósito de facilitar el manejo del expediente. Lo anterior es notorio y por ende de conocimiento de los querellados.

9. El caso del título trata de reclamación de salarios y se fundamenta en Resoluciones aprobadas por la Junta de Directores de la Autoridad de Edificios Públicos, Memorandos y Cartas Circulares de la Directora Ejecutiva, la Ley de Personal de Servicio Público, la Constitución del Estado Libre Asociado de Puerto Rico en particular "el principio constitucional de igual paga por igual trabajo" con miras a: "establecer un sistema de retribución que propicie la uniformidad, la equidad, la

igual protección y la justicia en la fijación de aumentos extraordinarios por mérito, sueldos y otros beneficios de sus servidores públicos." <u>Ortiz Ortiz v. Departamento de Hacienda</u>, 120 DPR 216, 220 (1987).

10. Los querellantes solicitan trato igual que alcance a todos los empleados de la AEP conforme a la Regla 59 de Procedimiento Civil y a la doctrina legal de <u>Ortiz Angleró v. Barreto Pérez</u>, 110 DPR 84, 93 (1980). Los querellantes alegan que la Autoridad de Edificios Públicos, en adelante La Autoridad, ha violado las disposiciones antes mencionadas al conceder aumentos extraordinarios en violación de la cláusula constitucional de igual paga por igual trabajo, por lo que solicitan salarios adeudados por concepto de aumentos por mérito extraordinario equivalente a un paso retroactivo par cada año durante 2004-2005, 2005-2006, 2006-2007, 2007-2008, 2008-2009, 2009-2010 que fueran aprobados por la Junta de Directores en el año 2004, así como por la Directora Ejecutiva mediante memoranda del 13 de julio de 2004, que hace referencia a lo ordenado por la Junta de Directores, más la doble penalidad que establece la ley, así como honorarios de abogado no menor del 25% de la reclamación

11. Los querellantes no exentos solicitan el pago doble de los días decretados por proclama del Directora Ejecutiva, por el Presidente de los Estados Unidos o el Gobernador de Puerto Rico, que trabajaron sin menoscabo de sus balances acumulados y en particular el del 2 de enero de 2007, motivo de la muerte del ex-presidente de los Estados Unidos de América, Gerald Ford que la Directora Ejecutiva aprobó libre con paga sencilla y sin cargo a licencia alguna, más la doble penalidad que establece la ley, así como honorarios de abogado no menor del 25% de la reclamación. Esta reclamación es al amparo de la Ley 379 del 15 de mayo de 1948, 29 L.P.R.A. 271 y la Ley de Cierre, 29 L.P.R.A., Sec. 301.

12. Los querellantes son empleados regulares en el I servicio de carrera de la Autoridad de Edificios Públicos, quienes también han sufrido una lesión manifiesta de sus derechos y tienen derecho al mismo remedio que los demás empleados favorecidos con aumentos equivalentes a seis (6) pasos correspondientes estos a un paso retroactivo a julio de 2005, otro retroactivo a julio de 2006, otro retroactivo a julio de 2007, otro retroactivo a julio de 2008, otro retroactivo a julio de 2009 y otro retroactivo a julio de 2010. No puede seriamente sostenerse que los comparecientes

Civil Núm.: K PE2007-4359 (803)          Página 9
Segunda Querella Enmendada

no serán afectados de la resultancia de dicha acción arbitraria administrativa e inconstitucional en su aplicación.

13. Los querellantes alegan afirmativamente que la Autoridad de Edificios Públicos incumplió con los contratos individual de empleo de los querellantes, los Reglamentos y la Ley al conceder los aumentos de sueldos sin evaluación alguna y sin considerar el principio de merito, creando una clasificación inconstitucional entre sus empleados debido a que no existe base racional para misma y es discriminatoria y en violación a la cláusula constitucional "de igual paga por igual trabajo".

14. La Autoridad de Edificios Públicos ha alegado, a sabiendas de que es falso, que los aumentos concedidos a otros empleados de la Autoridad están sustentados por evaluaciones de productividad, eficiencia y cónsonos con el principio de mérito, por lo que están litigando temerariamente y deben ser condenados al pago no menor de un 25% de la reclamación en honorarios de abogado.

15. La parte querellada, según su ley habilitadora, Ley H 56 del 19 de junio de 1958, 22 LRPA 906 y siguientes, opera como un negocio privado y como tal le es de aplicación la Ley H 379 del 15 de mayo de 1948. Mediante Opinión emitida por el Procurador del Trabajo, el 3 de marzo de 1997 (consulta 14266) se determinó que el Decreto Mandatorio 44 le aplica a la Autoridad de Edificios Públicos. La penalidad que establece el mencionado decreto y la Ley 379 le aplica a parte querellada.

16. Ha surgido en otros pleitos similares que la parte querellada no ha llevado a cabo evaluación alguna conforme al principio de mérito para otorgar los aumentos que concedió arbitrariamente y discriminatoriamente efectivo el 2005. Véase Anejo I del cual se desprende que los aumentos se concedieron mediante una carta formato, que la parte demandada alega temerariamente e irracionalmente que es una evaluación. Posteriormente la demandada admitió judicialmente que no llevó evaluación alguna de conformidad con lo que establecen las resoluciones de la Junta de Directores antes citadas.

17. El conceder los aumentos por méritos no puede estar al arbitrio del patrono. Es responsabilidad indelegable de la Autoridad de Edificios Públicos el haber realizado evaluaciones por mérito.

Civil Núm.: K PE2007-4359 (803)
**Segunda Querella Enmendada**
Página 10

18. Además de la cantidad antes expresada, los querellantes reclaman otra suma igual par concepto de penalidad adicional bajo las disposiciones de la Ley 96 del 26 de junio de 1956, según enmendada.

19. Los querellantes en múltiples ocasiones han reclamado extra-judicialmente por escrito los aumentos salariales por mérito, lo que ha interrumpido el término prescriptivo.

**SEGUNDA CAUSA DE ACCION DE RECLAMACION DE SALARIOS**

1. La querella del caso de epígrafe trata de una reclamación de salarios. En la misma se reclaman los salarios adeudados para el día 2 de enero de 2007 que se decreto par proclama par el Presidente de los Estados Unidos y par el Gobernador de Puerto Rico, debe ser can paga doble a los que trabajaron que son empleados no exentos, tales coma Margarita Sosa Berrios, Iris Arroyo, Sylvianne Morales Cruz, Astrid d Agosto Fernandez, Félix A. Falcón Rivera y cualquier otro querellante no exento, y los demás querellantes exentos y no exentos sin pérdida de paga y sin cargo a licencia alguna dicho día, par motivo de la muerte del ex-presidente Gerald Ford, más la doble penalidad que establece la ley 379 del 15 de mayo de 1948. Deben pagar cualquier otro día por proclama.

2. Una controversia idéntica al caso de autos fue resuelta entre los querellantes y la parte querellada mediante sentencia que al día de hoy es final, firme y obligatoria en el caso de <u>Pablo Rodriguez vs. Autoridad de Edificios Públicos</u>, 96-4901. Se acompaña dicha sentencia que es clara y obligatoria para las partes. En dicha sentencia; se resuelve la controversia sencilla de que los días concedidos por proclama del Directora Ejecutiva del Gobernador o del Presidente de los Estados Unidos son con paga y sin cargo a licencia alguna.

3. La cláusula constitucional del Artículo II, Sección 16 de la Constitución del Estado Libre Asociado de Puerto Rico, que dispone de "recibir igual paga por igual trabajo" debe extender la sentencia antes mencionada al caso de marras. La desigualdad que pretende el querellado, relacionado con la controversia del caso de epígrafe, es negar el principio igualitario constitucional, sustancial y fundamental entre empleados gerenciales y unionados. ¿Por qué este tratamiento es diferente y perjudicial? ¿Qué razón de peso sostiene la clasificación? Este trato desigual entre

empleados gerenciales y unionados ante una misma disposición reglamentaria, estatutaria y las proclamas del Gobernador o del Presidente de los Estados Unidos es constitucionalmente impermisible. ¿Cómo se puede justificar que unos empleados de la Autoridad de Edificios Públicos tengan derecho a los días concedidos por Proclama con paga, sin cargo a licencia alguna, y los querellantes no? Véase la disposición mandatoria del Artículo V, Sección 8 del Reglamento de la Autoridad, que dispone lo siguiente:

> "Todo empleado tendrá derecho a disfrutar libre con paga sencilla de cualquier día o fracción de día laborable declarado por el Director Ejecutivo, por Proclama del Gobernador o del Presidente de los Estados Unidos, sin menoscabo de sus balances".

4. Por otra parte, es claro que el Reglamento de Personal no establece jurisdicción ante la Junta de Apelaciones en reclamaciones de salarios y por ende los querellantes no tienen que acudir a la Junta de Apelaciones en primera instancia, así como tampoco tienen que agotar los remedios administrativos. Lo anterior es evidente y así lo resolvió expresamente la Juez Zadette Bajandas Vélez en el caso de <u>Eloy Santiago vs. Autoridad de Edificios Públicos</u>, Civil #KAC 95-0496 (807), mediante decisión del 9 de enero de 1996 que se acompaña y se hace formar parte integral de la presente querella, con el propósito de facilitar el manejo del expediente. Lo anterior es notorio y por ende de conocimiento de los querellados, quienes pretenden continuar litigando temerariamente en este caso, ya que no tienen razón en sus planteamientos procesales y sustantivos.

### TERCERA CAUSA DE ACCION

1. Los querellantes son supervisores no exentos de la Ley 379, ya que sus tareas funciones reales son y en consecuencia son empleados no exentos de la ley de horas y salarios. La preparación académica de los querellantes es no profesional, no ejecutiva y no administrativa y no tienen discreción y juicio independiente real y sustancial sobre asuntos de consecuencia para la empresa querellada. Los querellantes reclaman el pago a tipo doble por horas extras diarias y la hora de tomar alimentos, así como el séptimo día de descanso y días libres por proclama, la cantidad de $50,000.00 cada uno más la penalidad que dispone la ley.

Véase <u>Malavé Serrano v. Oriental Bank</u>, 2006 JTS 72.

### SOLICITUD DE HONORARIOS DE ABOGADO

2. Por imperativo de la Ley 402 del 12 de mayo de 1950, según enmendada el 3 de junio de 1980, 32 LPRA 3114 et seq, se ordene al querellado a pagar al abogado de la parte querellante, una suma no menor del 25% de la indemnización por concepto de honorarios de abogado. <u>Lopez Vicil v. ITT Intermedia Inc.</u>, 92 JTS 42 (1997).

### RESERVA DE DERECHOS AL AMPARO
### DE LA CONSTITUCION Y LEGISLACION FEDERAL

La parte querellante hace expresa reserva de sus derechos, causa de acción y reclamaciones contra los querellados, sus subsidiarias o compañías afiliadas, incluyendo sus empleados, accionistas, directores, oficiales, agentes, representantes, sucesores y cesionarios, al amparo de las legislaciones federales, inclusive, sin limitación, violación de sus derechos civiles, así como violación de cualquier otra ley federal, y cualquier causa de acción por diversidad de ciudadanía.

### SÚPLICA

EN MERITO DE LO ANTERIORMENTE EXPRESADO, muy respetuosamente se solicita de este Honorable Tribunal se sirva a declarar Con Lugar la querella enmendada en todas sus partes, condenando en su consecuencia al querellado a pagarle a los querellantes la cantidad correspondiente a los salarios adeudados por concepto de aumentos por méritos extraordinarios equivalentes a un paso retroactivo por cada año durante 2004-2005, 2005-2006, 2006-2007, 2007-2008, 2008-2009, 2009-2010 que fueron aprobados por la Junta de Directores en el año 2004, que asciendan a la suma no menor de $10,000,000,00, así como por la Directora Ejecutiva mediante memorando del 13 de julio de 2004, que hace referencia a lo ordenado por la Junta de Directores, más la doble penalidad que establece la ley, así como honorarios de abogado no menor del 25% de la reclamación. <u>Lopez Vicil v. ITT Intermedia Inc.</u>, 97 JTS 542; <u>Colon Molinary v. A.A.A.</u>, 103 DPR 143, 159, 160 (1974); <u>Morales Torres v. J.R.T.</u>, 119 DPR 286; <u>Beauchamp v. Dorado Beach</u>, 98 DPR 633, 637 (1970). Además se sirva a declarar Con Lugar la querella en todas sus partes, condenando en su consecuencia a los querellados a pagarle a los querellantes la cantidad correspondiente a los salarios adeudados del día 2 de enero de 2007 y

cualquier otro día laborable declarado libre por proclama, sin menoscabo de sus balances acumulados en otras licencias que asciende a una suma no menor de $1,000,000.00 con la doble penalidad que establece la Ley 379, así como que paguen las costas, gastos y honorarios de abogado no menor de un 25% de la reclamación. Finalmente ordene a la querellada a pagarle a los querellantes que realmente son no exentos la cantidad correspondiente a los salarios devengados por horas extras a tiempo doble basado en la Ley 379 antes citada Rolón García v. Charlie Car, 99 JTS 89; Malavé v. Oriental Bank, 2006 JTS 62, con la penalidad que establece la ley que asciende a una suma no menor de $10,000,000.00 y que pague las costas, gastos y honorarios de abogados según antes solicitado.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, a 10 de junio de 2014.

**CERTIFICO:** Haber enviado copia de la presente querella enmendada a la **Lcda. Patricia Silva Musalem**, SIFRE & MUÑOZ NOYA, CSP, P O Box 364428, San Juan, PR 00936-4428; **Lcda. Esthermari Ortiz Rodríguez**, Colinas Metropolitanas V17, Guaynabo, PR 00969 y **Lcdo. Pedro Joel Landrau López**, P O Box 29407, San Juan, PR 00929-0407.

HARRY ANDUZE MONTAÑO  
Col. 4617 / RUA #3303  
JOSÉ A. MORALES BOSCIO  
Col. 15296 / RUA #13983  
1454 Avenida Fernández Juncos  
San Juan PR 00909  
Tel. (787) 723-7171  
Fax. (787) 723-7278

POR: _____  
HARRY ANDUZE MONTAÑO

POR: _____  
JOSÉ A. MORALES BOSCIO

Secretaría (Clerk's Office)
Tribunal de Distrito de los Estados Unidos
(United States District Court)
Sala 150 Edificio Federal (Federal Building)
San Juan (Puerto Rico) 00918-1767